# Exhibit 1

**From:** Ashley Keller <ack@kellerlenkner.com>
**Date:** Monday, January 18, 2021 at 9:54 PM
**To:** "Yetter, Paul" <pyetter@yettercoleman.com>
**Cc:** Zeke DeRose <Zeke.DeRose@lanierlawfirm.com>, "Callahan, Bryce" <bcallahan@yettercoleman.com>, "Chee, Heaven" <hchee@yettercoleman.com>
**Subject:** Re: Follow Up Meet and Confer

Paul:

First, I do not understand your inexplicable sense of urgency to file a motion to transfer venue, which is hardly an emergency. Regardless, I believe the local rules require you to actually hear Texas's position on the merits—which I am still investigating—during a live teleconference. That has not happened. I do not have Mark's availability for tomorrow, which is why I suggested a teleconference on Wednesday. That timing for a meet and confer is imminently reasonable considering when you first alerted us to Google's proposed motion. You can decide for yourself if you have satisfied the substantive component of the meet-and-confer requirement specified in the local rules. if you file without hearing Texas's position on the merits during a live discussion, Texas reserves all of its rights concerning your decision to short circuit the meet-and-confer process.

Second, as I told you expressly, Texas's willingness to accommodate Google with extra time to answer the complaint was conditioned on Google working expeditiously to receive an unredacted copy. It is now clear that you have deliberately delayed filing Google's non opposition to the PO. You do not dispute that you said on Friday that you would file your non-opposition on Friday even *after* I said I could not promise to get back to you that day regarding your proposed motion to transfer venue. Yet you did not file your non-opposition as you said you would. Counsels' oral assurances are just as important as our written correspondence, and taken together they confirm that there is no agreement. Texas of course encourages you to file your non-opposition to the PO and Rule 16 conference nevertheless.

Finally, Texas at present must obtain consent from other plaintiffs before we file motions or take positions on their behalf. As we have already been doing in this litigation, we will work to obtain the consent of our co-plaintiffs efficiently on an issue-by-issue basis. But we are in no position to make litigating decisions for separate sovereigns without their consent. You can once again decide for yourself if you can file your motion without conferring with the other states, assuming you have not done so.

Best regards,
Ashley

**Ashley Keller**
Partner

Keller | Lenkner
150 N. Riverside Plaza, Suite 4270 | Chicago, IL, 60606
312.741.5222 | Email | Bio | Website

**From:** "Yetter, Paul" <pyetter@yettercoleman.com>
**Date:** Monday, January 18, 2021 at 4:27 PM
**To:** Ashley Keller <ack@kellerlenkner.com>
**Cc:** Zeke DeRose <Zeke.DeRose@lanierlawfirm.com>, "Callahan, Bryce" <bcallahan@yettercoleman.com>, "Chee, Heaven" <hchee@yettercoleman.com>
**Subject:** RE: Follow Up Meet and Confer

Ashley:

We received your email on Saturday night, which we will address in substance and leave aside rhetoric.

With regard to venue, it is clear from your email that Google's motion will be contested by the State of Texas, the only plaintiff with any connection to this District. The State's opposition to a transfer to N.D. Cal. is confirmed by its desire for a quick Rule 16 conference here. A transfer would, of course, affect case scheduling and delay any conference for now. Indeed, plaintiffs raised venue—"the threat of Multi District Litigation"—as a reason for an early conference. Dkt. 17 at 3 (Jan. 5, 2021). You also talked with your client after our call on Friday, and your email states that you "do not believe Texas will consent to your motion to transfer venue." That is what we've expected, given that Texas chose where to file this action. In short, the State's position on a transfer is clear from your email.

In contrast, the parties amicably resolved the issues around plaintiffs' motion for an interim protective order, Dkt. 17. Google will abide by the parties' agreement reached over the past weeks. First, we will advise the Court that Google does not oppose entry of an interim protective order. We asked Texas at the outset that it provide an unredacted copy of its lawsuit to Google's outside counsel, which we need to prepare a full response for the company. Second, we will advise the Court that the parties agreed that Google has 50 days after receipt of an unredacted copy of the complaint by which to respond. Your email states that Texas now may refuse, for the second time, to abide by a written agreement of its counsel as to Google's response deadline. If so, Google will provide the Court with proof of the parties' agreement and ask that it be enforced. Third, we will advise the Court that Google does not oppose setting of a Rule 16 case management conference on January 28 or any other day that the Court considers appropriate. While we still think a later date would be more productive, we agreed not to oppose January 28 and will so state.

Lastly, your email stresses that Texas is merely a plaintiff, not the lead plaintiff, in this action. The State did the same thing in response to the improper disclosures to the media of unredacted portions of the draft Texas complaint. On that issue, Texas denied having authority over other plaintiffs or knowing what they did or did not disclose to the media, while refusing to disclose who Texas had allowed to access its draft lawsuit. Conversely, in court, Texas has filed two motions itself but on behalf of all plaintiffs. *See* Dkt. 2 (Dec. 16, 2020) (Motion for Leave to File Unredacted Complaint Under Seal); Dkt. 17 (Urgent Motion for Interim PO). We ask that Texas either accept a lead plaintiff role, on behalf of all plaintiffs, or disclaim it, so that we must deal with each of the ten plaintiffs on every issue.

We are willing to confer further on these issues later today or early tomorrow before we file Google's response and motion. Thank you.

**R. Paul Yetter | Partner | Yetter Coleman LLP**
811 Main Street, Suite 4100, Houston, Texas 77002

(D) 713.632.8003 | (C) 713.320.5894
pyetter@yettercoleman.com | Bio | vCard

**From:** Ashley Keller <ack@kellerlenkner.com>
**Sent:** Saturday, January 16, 2021 7:50 PM
**To:** Yetter, Paul <pyetter@yettercoleman.com>
**Cc:** Zeke DeRose <Zeke.DeRose@lanierlawfirm.com>; Callahan, Bryce <bcallahan@yettercoleman.com>; Chee, Heaven <hchee@yettercoleman.com>
**Subject:** Re: Follow Up Meet and Confer

Paul:

Your email reflects a fundamental misunderstanding of the local rules and the meet and confer requirements they impose.  The plaintiffs filed in E.D. Texas because they believe that an appropriate venue for this action.  Nonetheless, when presented with your proposed motion to transfer venue, we were (and remain) *required* to engage in a discussion in an attempt to resolve our disputes.  That requirement impels both sides to "present the merits of their respective positions and meaningfully assess the relative strengths of each position."

You seem to think the meet-and-confer obligation is some perfunctory, check-the-box exercise.  Texas by contrast takes its obligations to meet and confer seriously.  Because you did not alert me to your proposed motion to transfer venue before our teleconference, I did not come to the call prepared to present Texas's position.  And because you were prepared to file your motion last night, you plainly knew much earlier about your proposed motion.  You could have raised the issue anytime during our multiple meet-and-confer discussions last week, which would have allowed an earlier determination of whether the parties are at a genuine impasse.  You chose instead to spring this on Texas 17 minutes before the close of business on the Friday of a holiday three-day weekend.  The email you sent inviting a meet and confer did not alert me that your transfer motion was the topic you wished to discuss.

Though I do not believe Texas will consent to your motion to transfer venue, I am still gathering Texas's position on the merits.  Mark Lanier and I will happily present Texas's arguments to you in a subsequent teleconference so that you can properly assess the state's position and make your own good-faith determination about whether the parties are at a genuine impasse.  Please let me know your availability for a discussion on Wednesday.   During our teleconference, I will of course listen to any counterarguments you raise and consider them in good faith to determine if we can resolve our dispute.  I also wish to reiterate a point I have shared with you before: my team and the Lanier firm represent Texas and Texas alone.  I do not know if you have met and conferred with other plaintiffs to obtain their positions on your proposed motion, but Mark and I will only be speaking for Texas on Wednesday.

Finally, Texas no longer consents to give you 50 days to file your answer upon receipt of the unredacted complaint.  As my January 12 email made plain, Texas's willingness to provide this accommodation was predicated on Google moving with dispatch to receive the fully unredacted complaint.  Your motion to transfer venue has nothing to do with the interim PO or the Rule 16 conference.  Yet you have deliberately delayed filing your non opposition to the PO or scheduling conference because I could not get back to you on your unrelated motion within hours on a holiday Friday.  This despite the fact that you confirmed to me orally on Friday that you would file the non opposition that very day.  Your oral

==assurance was made *after* I expressly told you I could not promise to get back to you Friday on your motion to transfer venue.==

Nonetheless, if Google (a) does not oppose Texas's motion for a PO and (b) does not oppose Texas's request for a case management order setting a management conference for January 28, 2021 or at the Court's earliest convenience, we are willing to accommodate you by providing 21 days for you to answer upon receipt of the unredacted complaint.  That should be more than sufficient time to answer considering that you have had the partially redacted complaint for nearly a month. I am happy to discuss this offer further if you wish.

Best regards,

Ashley

**Ashley Keller**
Partner

Keller | Lenkner

150 N. Riverside Plaza, Suite 4270 | Chicago, IL, 60606
312.741.5222 | Email | Bio | Website


**From:** "Yetter, Paul" <pyetter@yettercoleman.com>
**Date:** Saturday, January 16, 2021 at 2:38 PM
**To:** Ashley Keller <ack@kellerlenkner.com>
**Cc:** Zeke DeRose <Zeke.DeRose@lanierlawfirm.com>, "Callahan, Bryce" <bcallahan@yettercoleman.com>, "Chee, Heaven" <hchee@yettercoleman.com>
**Subject:** RE: Follow Up Meet and Confer

Ashley:

We got your note, to which I'll respond.

It is encouraging to see you state that the parties are not at an "impasse" on Google's motion to transfer to N.D. California. When we called yesterday to confer about the motion, we expected the State of Texas to have a quick and firm position on venue. We had assumed that Texas, having just filed suit in E.D. Texas, would believe it to be the appropriate venue for this action. We were surprised that you said the State wanted time to consider the motion and asked for its grounds, which we explained. We must assume that the State, pursuant to local rules, is conferring in good faith with us and does indeed have a genuine belief that it might agree to a venue transfer. As such, we held off on filing the motion yesterday to give Texas more time to consider a transfer.

As for our response to the State's Urgent Motion, first, we appreciate the many calls and emails over the past two weeks that the parties spent in reaching agreement on response dates and the like. Nor do we assume that you are suggesting that Texas may refuse to abide by the written agreement of its counsel (as reflected in the emails below). We had expected to file both Google's motion and response yesterday. Given the State's serious consideration of a venue transfer, we realized that it is more appropriate to make the filings together. If Texas were to agree to a transfer, the parties would need to

revisit issues of scheduling. But if Texas opposes the motion, then the parties' written agreement remains as is.

Enjoy the long weekend, and we look forward to hearing from you on Tuesday.

**R. Paul Yetter | Partner | Yetter Coleman LLP**
811 Main Street, Suite 4100, Houston, Texas 77002
(D) 713.632.8003 | (C) 713.320.5894
pyetter@yettercoleman.com | Bio | vCard

**From:** Ashley Keller <ack@kellerlenkner.com>
**Sent:** Friday, January 15, 2021 10:41 PM
**To:** Callahan, Bryce <bcallahan@yettercoleman.com>; Yetter, Paul <pyetter@yettercoleman.com>
**Cc:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>; Chee, Heaven <hchee@yettercoleman.com>
**Subject:** Re: Follow Up Meet and Confer

Bryce,

Paul said this afternoon that you'd be filing your non opposition to the PO and the Rule 16 conference today regardless of whether I got back to you on your motion to transfer venue. There is no reason for you to wait until Tuesday to file your non opposition. You should file it now, and should have filed it hours ago.

Your delay in turn delays entry of the PO, which delays our ability to serve an unredacted complaint that would start your 50-day clock. And by failing to file today your non opposition to the Rule 16 conference, you have made it less likely that we will be able to have it on January 28. Those material changes will surely reduce Texas's willingness to extend your answer deadline. I will discuss this with Texas when I am able to do so, along with your proposed motion to transfer. But if you do not file your non opposition tonight, Texas may no longer be willing to extend your answer deadline.

I'd note that you still have not heard, by live teleconference, Texas's position on the motion to transfer, let alone determined whether the parties are genuinely at an impasse on the issue.

Enjoy your weekend as well.

Ashley

**Ashley Keller**
Partner

Keller | Lenkner
150 N. Riverside Plaza, Suite 4270 | Chicago, IL, 60606
312.741.5222 | Email | Bio | Website

**From:** "Callahan, Bryce" <bcallahan@yettercoleman.com>
**Date:** Friday, January 15, 2021 at 8:37 PM
**To:** Ashley Keller <ack@kellerlenkner.com>, "Yetter, Paul" <pyetter@yettercoleman.com>
**Cc:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>, "Chee, Heaven"

<hchee@yettercoleman.com>
**Subject:** RE: Follow Up Meet and Confer

Ashley: Following up on our meet-and-confer this afternoon, and having not heard back from you, we'll wait until Tuesday to file the venue motion, so that we have confirmation of Plaintiffs' position. We'll also go ahead and file the response to the motion for an interim protective order at that time. Thanks

Have a nice weekend –

Bryce Callahan
Yetter Coleman LLP
713.632.8067 (office)
832.528.6866 (mobile)

**From:** Ashley Keller <ack@kellerlenkner.com>
**Sent:** Friday, January 15, 2021 4:32 PM
**To:** Yetter, Paul <pyetter@yettercoleman.com>
**Cc:** Zeke DeRose <Zeke.DeRose@lanierlawfirm.com>; Callahan, Bryce <bcallahan@yettercoleman.com>; Chee, Heaven <hchee@yettercoleman.com>
**Subject:** Re: Follow Up Meet and Confer

I'm free for an hour.

**Ashley Keller**
Partner

Keller | Lenkner

150 N. Riverside Plaza, Suite 4270 | Chicago, IL, 60606
312.741.5222 | Email | Bio | Website

On Jan 15, 2021, at 4:28 PM, Yetter, Paul <pyetter@yettercoleman.com> wrote:

Have a minute to talk? We need to confer on an issue. Thank you.

**From:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>
**Sent:** Friday, January 15, 2021 2:05 PM
**To:** Yetter, Paul <pyetter@yettercoleman.com>; Ashley Keller <ack@kellerlenkner.com>
**Cc:** Callahan, Bryce <bcallahan@yettercoleman.com>; Chee, Heaven <hchee@yettercoleman.com>
**Subject:** Re: Follow Up Meet and Confer

Paul,

Thank you for removing the last five words "if the Court so wishes."

I can represent that we have approval from the State of Texas and all plaintiff states for you to file.

Have a great weekend.

Zeke

**From:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>
**Date:** Friday, January 15, 2021 at 11:28 AM
**To:** "Yetter, Paul" <pyetter@yettercoleman.com>, Ashley Keller <ack@kellerlenkner.com>
**Cc:** "Callahan, Bryce" <bcallahan@yettercoleman.com>, "Chee, Heaven" <hchee@yettercoleman.com>
**Subject:** Re: Follow Up Meet and Confer

Thanks Paul, that will help. We will get back to you shortly.

**From:** "Yetter, Paul" <pyetter@yettercoleman.com>
**Date:** Friday, January 15, 2021 at 11:23 AM
**To:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>, Ashley Keller <ack@kellerlenkner.com>
**Cc:** "Callahan, Bryce" <bcallahan@yettercoleman.com>, "Chee, Heaven" <hchee@yettercoleman.com>
**Subject:** RE: Follow Up Meet and Confer

==We can drop the last five words and file the response, once you confirm that all plaintiffs are on board.==

**From:** Yetter, Paul
**Sent:** Friday, January 15, 2021 7:34 AM
**To:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>; Ashley Keller <ack@kellerlenkner.com>
**Cc:** Callahan, Bryce <bcallahan@yettercoleman.com>; Chee, Heaven <hchee@yettercoleman.com>
**Subject:** RE: Follow Up Meet and Confer

For our discussion later this morning:

> **Rule 16 Management Conference**. The Motion requests that the Court set a management conference for January 28, 2021. *See* Dkt. 17 at 3. Google disagrees with the reasons given for this request but does not oppose the Court setting a management conference for January 28, 2021 or on any other date convenient to the Court and appropriate for this matter. Google will not have responded to the Complaint by January 28 and, depending on when it receives an unredacted copy, Google may not be in a position to tell the Court whether it will file an answer or motion to dismiss in response to the Complaint, in whole or part, which may impact scheduling. Google does not oppose a management conference before it has responded to the Complaint if the Court so wishes.

**From:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>
**Sent:** Thursday, January 14, 2021 3:45 PM
**To:** Yetter, Paul <pyetter@yettercoleman.com>; Ashley Keller <ack@kellerlenkner.com>
**Cc:** Callahan, Bryce <bcallahan@yettercoleman.com>; Chee, Heaven <hchee@yettercoleman.com>
**Subject:** Re: Follow Up Meet and Confer

Paul and team thanks for working through this as we all work to get sign off. I think we're close.

I think we can get sign off with the Clean Version listed below. That is, remove the new addition of "While the form of Google's response may impact scheduling" and "if the Court considers it warranted."

It seems like the sentence "Google notes that it will not have responded to the Complaint by January 28 . . . ." lets the Court know that your answer won't be if the Court holds a conference on January 28, which I think is your intent.

Here are the edits, followed by a clean version.

**Rule 16 Management Conference**. The Motion requests that the Court set a management conference for January 28, 2021. *See* Dkt. 17 at 3. Google disagrees with the reasons given for this request but does not oppose the Court setting a management conference for January 28, 2021 or on any other date convenient to the Court and appropriate for this matter. Google notes that it will not have responded to the Complaint by January 28 and, depending on when it receives the unredacted Complaint, Google may not be in a position to tell the Court whether it will file an answer or motion in response to the Complaint in whole or part**. ~~While~~ ~~the form of Google's response may impact scheduling,~~** Google does not object to a management conference before it has answered or filed a motion in response to the Complaint. ~~if the Court considers it warranted~~.

Clean Version (sent in previous email) would read:

**Rule 16 Management Conference**. The Motion requests that the Court set a management conference for January 28, 2021. *See* Dkt. 17 at 3. Google disagrees with the reasons given for this request but does not oppose the Court setting a management conference for January 28, 2021 or on any other date convenient to the Court and appropriate for this matter. Google notes that it will not have responded to the Complaint by January 28 and, depending on when it receives the unredacted Complaint, Google may not be in a position to tell the Court whether it will file an answer or motion in response to the Complaint in whole or part.  Google does not object to a management conference before it has answered or filed a motion in response to the Complaint.


**From:** "Yetter, Paul" <pyetter@yettercoleman.com>
**Date:** Thursday, January 14, 2021 at 2:08 PM
**To:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>, Ashley Keller <ack@kellerlenkner.com>
**Cc:** "Callahan, Bryce" <bcallahan@yettercoleman.com>, "Chee, Heaven" <hchee@yettercoleman.com>
**Subject:** RE: Follow Up Meet and Confer

We think the point is made in the first part, but we're willing to say it again at the end:

> **Rule 16 Management Conference**. The Motion requests that the Court set a management conference for January 28, 2021. *See* Dkt. 17 at 3. Google disagrees with the reasons given for this request but does not oppose the Court setting a management conference for January 28, 2021 or on any other date convenient to the Court and appropriate for this matter. Google notes that it will not have responded to the Complaint by January 28 and, depending on when it receives the

unredacted Complaint, Google may not be in a position to tell the Court whether it will file an answer or motion in response to the Complaint in whole or part. While the form of Google's response may impact scheduling, Google does not object to a management conference before it has answered or filed a motion in response to the Complaint if the Court considers it warranted.

Our position is that the Court is entitled to set the management conference on any date it thinks best, but it would be more productive if we had time to decide how we plan to respond to the Complaint.

**From:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>
**Sent:** Thursday, January 14, 2021 1:55 PM
**To:** Yetter, Paul <pyetter@yettercoleman.com>; Ashley Keller <ack@kellerlenkner.com>
**Cc:** Callahan, Bryce <bcallahan@yettercoleman.com>; Chee, Heaven <hchee@yettercoleman.com>
**Subject:** Re: Follow Up Meet and Confer

I think the first part is okay, but what we were looking for in exchange for the extra 50 days was telling the Court that you do not oppose a management conference before you have answered. I think the current last sentence makes that point possibly unclear. I changed the last sentence in red see if it makes sense.

> Google notes that it will not have responded to the Complaint by January 28 and, depending on when it receives the unredacted Complaint, Google may not be in a position to tell the Court whether it will file an answer or motion in response to the Complaint in whole or part. Google does not object to a management conference before it has answered or filed a motion in response to the Complaint.

Zeke DeRose - Attorney p: 713-659-5200 w: www.LanierLawFirm.com

**From:** "Yetter, Paul" <pyetter@yettercoleman.com>
**Date:** Thursday, January 14, 2021 at 12:48 PM
**To:** Ashley Keller <ack@kellerlenkner.com>
**Cc:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>, "Callahan, Bryce" <bcallahan@yettercoleman.com>, "Chee, Heaven" <hchee@yettercoleman.com>
**Subject:** RE: Follow Up Meet and Confer

Here is the current language in our filing:

> **Rule 16 Management Conference**. The Motion requests that the Court set a management conference for January 28, 2021. *See* Dkt. 17 at 3. Google disagrees with the reasons given for this request but does not oppose the Court setting a management conference for January 28, 2021 or on any other date convenient to the Court and appropriate for this matter. Google notes that it will not have responded to the Complaint by January 28 and, depending on when it receives the unredacted Complaint, Google may not be in a position to tell the Court whether it will file an answer or motion in response to the Complaint in whole or part. The form of Google's response may impact scheduling.

**From:** Ashley Keller <ack@kellerlenkner.com>
**Sent:** Thursday, January 14, 2021 1:32 PM
**To:** Yetter, Paul <pyetter@yettercoleman.com>
**Cc:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>; Callahan, Bryce <bcallahan@yettercoleman.com>; Chee, Heaven <hchee@yettercoleman.com>
**Subject:** Re: Follow Up Meet and Confer

Paul,

As I said yesterday, we need to see the language you are going to propose for the Rule 16 conference before agreeing to any extension.  If we can reach agreement on that language and your support of the interim PO, we can agree to 50 days.

Best,
Ashley

**Ashley Keller**
Partner

Keller | Lenkner
150 N. Riverside Plaza, Suite 4270 | Chicago, IL, 60606
312.741.5222 | Email | Bio | Website

**From:** "Yetter, Paul" <pyetter@yettercoleman.com>
**Date:** Thursday, January 14, 2021 at 1:26 PM
**To:** Ashley Keller <ack@kellerlenkner.com>
**Cc:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>, "Callahan, Bryce" <bcallahan@yettercoleman.com>, "Chee, Heaven" <hchee@yettercoleman.com>
**Subject:** RE: Follow Up Meet and Confer

Following up on the 50 days to respond. Is that agreed? We have a short draft response to the motion in the works. Thanks.

**From:** Ashley Keller <ack@kellerlenkner.com>
**Sent:** Wednesday, January 13, 2021 8:46 AM
**To:** Yetter, Paul <pyetter@yettercoleman.com>
**Cc:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>; Callahan, Bryce <bcallahan@yettercoleman.com>; Chee, Heaven <hchee@yettercoleman.com>; Beth DeCaluwe <bld@kellerlenkner.com>
**Subject:** Re: Follow Up Meet and Confer

Yes.  Looping Beth for calendars.

**Ashley Keller**
Partner

Keller | Lenkner
150 N. Riverside Plaza, Suite 4270 | Chicago, IL, 60606

312.741.5222 | Email | Bio | Website

**From:** "Yetter, Paul" <pyetter@yettercoleman.com>
**Date:** Wednesday, January 13, 2021 at 8:44 AM
**To:** Ashley Keller <ack@kellerlenkner.com>
**Cc:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>, "Callahan, Bryce" <bcallahan@yettercoleman.com>, "Chee, Heaven" <hchee@yettercoleman.com>
**Subject:** RE: Follow Up Meet and Confer

Ashley, do you have time for a call today, say 2pmCT?

**From:** Ashley Keller <ack@kellerlenkner.com>
**Sent:** Tuesday, January 12, 2021 9:56 PM
**To:** Yetter, Paul <pyetter@yettercoleman.com>
**Cc:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>; Callahan, Bryce <bcallahan@yettercoleman.com>; Chee, Heaven <hchee@yettercoleman.com>
**Subject:** Re: Follow Up Meet and Confer

Paul,

I am following up on our discussion from last week.  ==Had Google filed its support for the interim PO, we suspect you could have had a fully unredacted version of the complaint by now.  We are not prepared to give Google extra time to respond if it will not work with us expeditiously to ensure that outside counsel receives prompt access to the unredacted complaint.==  You have had a largely unredacted version of the complaint since December 19.  No doubt you have used that time to start preparing your answer or Rule 12 motions.

Please let us know your response to Texas's proposal by close of business Thursday.

Best regards,
Ashley

**Ashley Keller**
Partner

Keller | Lenkner
150 N. Riverside Plaza, Suite 4270 | Chicago, IL, 60606
312.741.5222 | Email | Bio | Website

**From:** "Yetter, Paul" <pyetter@yettercoleman.com>
**Date:** Thursday, January 7, 2021 at 6:03 PM
**To:** Ashley Keller <ack@kellerlenkner.com>
**Cc:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>, "Callahan, Bryce" <bcallahan@yettercoleman.com>, "Chee, Heaven" <hchee@yettercoleman.com>
**Subject:** RE: Follow Up Meet and Confer

Thank you, received.

**From:** Ashley Keller <ack@kellerlenkner.com>
**Sent:** Thursday, January 7, 2021 3:56 PM
**To:** Yetter, Paul <pyetter@yettercoleman.com>
**Cc:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>; Callahan, Bryce <bcallahan@yettercoleman.com>; Chee, Heaven <hchee@yettercoleman.com>
**Subject:** Re: Follow Up Meet and Confer

Paul,

It was good connecting with you just now.  Subject to the sentence that follows, Texas is willing to allow Google 40 days to answer or otherwise respond to the unredacted complaint, with the clock commencing on the day you receive a fully unredacted version.  In exchange, Google would agree to (i) support Texas's motion for an interim PO; and (ii) support Texas's request for a Rule 16 conference on January 28 (or as soon thereafter as the Court is available), even if Google has not yet answered the complaint on that date.  Your agreement on (ii) in no way limits your right to propose a schedule that you deem reasonable, even if it departs from the proposal Texas has shared with you.  We will engage in a good faith meet and confer with you on Texas's proposed schedule as soon as you are ready to discuss it in hopes of finding meaningful areas of common ground.

Let me know if you have any questions or if you'd like to discuss any of these points further.

Best,
Ashley

**Ashley Keller**
Partner

Keller | Lenkner
150 N. Riverside Plaza, Suite 4270 | Chicago, IL, 60606
312.741.5222 | Email | Bio | Website


**From:** "Yetter, Paul" <pyetter@yettercoleman.com>
**Date:** Thursday, January 7, 2021 at 12:57 PM
**To:** Ashley Keller <ack@kellerlenkner.com>
**Cc:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>, Beth DeCaluwe <bld@kellerlenkner.com>, "Callahan, Bryce" <bcallahan@yettercoleman.com>, "Chee, Heaven" <hchee@yettercoleman.com>
**Subject:** RE: Follow Up Meet and Confer

How about 3:30pmCT?

**From:** Ashley Keller <ack@kellerlenkner.com>
**Sent:** Thursday, January 7, 2021 11:53 AM
**To:** Yetter, Paul <pyetter@yettercoleman.com>
**Cc:** Zeke DeRose <Zeke.DeRose@LanierLawFirm.com>; Beth DeCaluwe <bld@kellerlenkner.com>
**Subject:** Follow Up Meet and Confer

Paul,

Do you have availability to circle up this afternoon around 3:00 Central?  We've connected with our client and have a compromise that we hope is agreeable.  Please feel free to add any colleagues on your side that you wish and I can send a dial in and invite.

Best,
Ashley

**Ashley Keller**
Partner

Keller | Lenkner
150 N. Riverside Plaza, Suite 4270 | Chicago, IL, 60606
312.741.5222 | Email | Bio | Website