# EXHIBIT B4



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Meet The Attorneys Helping Texas Take On Google

By **Jack Karp**

Law360 (February 1, 2021, 1:59 PM EST) -- The attorneys at Keller
Lenkner LLC and The Lanier Firm PC who are poised to play a unique role
in one of the government antitrust suits against Google have plenty of
experience going after web giants and monopolies, and one of them has
even appeared in a movie about his own antitrust case.

Texas Attorney General Ken Paxton turned to lawyers from the two firms
to represent the state when launching what "is perhaps the largest
antitrust case in history," said Mark Lanier of The Lanier Firm, one of
those lawyers who once appeared alongside a Hollywood superhero in a
film about a previous antitrust victory.

The **suit filed against Google** in the Eastern District of Texas in
December accuses the internet search behemoth of monopolizing the
products and services used by advertisers and publishers in online display
advertising and could potentially break the company up. It's the second of
three antitrust cases government enforcers have filed against Google in
recent months. The U.S. Department of Justice and 11 states — also
including Texas — **sued the company** in October, and 38 other attorneys
general hit Google with **a similar action** in December.



Mark Lanier

But those other two suits accuse Google of maintaining a monopoly
through contracts with device manufacturers, wireless carriers and
software developers that make Google the default search engine on their
devices. So those cases are largely based on Section 2 of the Sherman
Act, which makes it illegal to monopolize commerce between the states.

Texas' suit focuses instead on Google's monopolization of the market in
which companies buy and sell display ads, including through an
agreement with Facebook to manipulate advertising auctions, according to
the complaint. Texas' suit, thus, falls in large part under Section 1 of the Sherman Act, which
addresses "concerted" activity like contracts and conspiracies involving different participants.



Ashley Keller

"Google so thoroughly dominates this market that not a nanosecond goes by without a Google ad
being presented to a consumer," Keller Lenkner partner Ashley Keller explained to Law360 Pulse.
"Any anti-competitive behavior in such a large, pervasive market creates important and significant
negative effects."

Online publishers depend on Google as the middleman to sell their online ad display space on ad
exchanges, while businesses rely on the search giant to act as a middleman to buy that ad space,
according to the complaint. In addition to representing both the buyers and the sellers of online
display advertising, Google operates the largest ad exchange.

"Google believes it can be the pitcher, the batter, and the fielder and the umpire all at once, and the
game will be fair," Lanier said. "They monopolize search, content and ads. They then manipulate that
to their economic advantage, increasing cost and lowering innovation in the marketplace."

These costs are passed on to advertisers who then pass them on to consumers, according to the

complaint.

"The states in Texas' suit are the only ones pursuing these theories to vindicate the rights of flesh-and-blood, ordinary people," Keller said.

Attorneys at Keller Lenkner have not been shy about taking on online giants. The firm is manning another antitrust case against Facebook, "which of course will serve us well here," Keller said. In that suit, a proposed class of consumers has accused the social media company of deceiving them about its data privacy protections and exploiting consumers' data to identify budding competitors.

"Antitrust law — particularly when working with states like Texas — allows us to have the greatest possible impact when we succeed," Keller said about what drew him to antitrust law. "Undoing Google's monopolies will better the lives of tens of millions of people, with multitrillion-dollar ramifications over the next decade."

The firm is also representing thousands of delivery drivers who accuse Postmates Inc. of misclassifying them. The drivers are looking to force Postmates to individually arbitrate their claims — and to pay their attorney fees and costs for those arbitrations under a provision the drivers signed with the food delivery service.

Keller Lenkner is one of several firms using this so-called serial arbitration strategy to go after employers that make workers sign arbitration agreements that include class action waivers. The strategy uses these agreements against the companies by making them litigate — and pay for — thousands of simultaneous arbitrations.

In January, a California federal judge ruled that Postmates **had to arbitrate** with more than 5,000 drivers and pay their attorney fees and costs. The firm **won a similar victory** in February 2020 against DoorDash.

Lanier and his eponymous firm have also taken on antitrust cases. The most notable of these was a suit against the world's largest manufacturer of medical syringes, Becton Dickinson & Co., on behalf of small needle maker Retractable Technologies, Lanier said.

Retractable Technologies had alleged that Becton Dickinson inked contracts that barred hospitals from purchasing syringes from small suppliers. As a result, Retractable Technologies had been shut out of the market when trying to sell its own syringes, which the company claimed better protected health care workers from accidental needle sticks, according to the firm.

Becton Dickinson eventually agreed to pay $100 million to settle the suit in 2004.

More than being a large victory for the firm, the case was also the inspiration for the movie "Puncture," an exceedingly rare cinematic project based in antitrust litigation. Lanier even had a small role playing himself in the 2011 film, which starred Chris Evans of "Captain America" fame.

"I was shocked when I was contacted by the director to see if I'd play myself in the movie," Lanier said. "It seems they had auditioned some 20 to 30 people for the part but weren't happy that any of them were good at being me!"

Lanier and his firm also won $9.1 billion in one of the top three verdicts in tort history over the prescription diabetes medication Actos in 2014. And in 2016 they won jury verdicts of $1 billion and $502 million on behalf of patients who suffered injuries from metal-on-metal hip implants manufactured by a subsidiary of Johnson & Johnson, according to the firm.

The Google case will likely pose different challenges, the attorneys say.

"Simplifying the complex market dynamics in a way that ordinary people — or even ordinary lawyers! — can understand," will be a real hurdle Keller said.

Another large obstacle could be keeping Google from trying to delay the trial, Lanier said.

Google has already attempted to move the case to California, where advertisers have filed several

2/6/2021

2/6/2021    Meet The Attorneys Helping Texas Take On Google - Law360

Case 4:20-cv-00957-SDJ  Document 61-8  Filed 02/09/21  Page 4 of 4 PageID #:  936

proposed class actions with similar allegations targeting Google's display ads.

The Texas suit is seeking injunctive, monetary and structural relief. Lanier wouldn't say if the complaint's demand that the court "order structural relief to restore competitive conditions in the relevant markets affected by Google's unlawful conduct" means he and his colleagues are looking to break up Google.

"There are a number of ways that Google could restructure that would satisfy the monopolistic concerns," he said.

"We will pursue whatever equitable relief is appropriate to restore robust competition," Keller said.

Google declined to comment on the case beyond a Jan. 17 blog post in which the company's director of economic policy wrote that "AG Paxton tries to paint Google's involvement in this industry as nefarious. The opposite is true."

"Our ad tech rivals and large partners may not always like every decision we make — we're never going to be able to please everybody," the post went on. "But that's hardly evidence of wrongdoing and certainly not a credible basis for an antitrust lawsuit."

The Texas attorney general's office did not respond to a request for comment. Texas is joined in the suit by Arkansas, Idaho, Indiana, Mississippi, Missouri, North Dakota, South Dakota, Utah and Kentucky.

Attorneys from both firms pointed to the importance of the case those states are building against Google because of the size of the market and the breadth of its impact.

Google's monopolistic ad exchange creates the bulk of the company's revenue, Lanier said, adding, "Addressing that fact makes this the largest case in America."

--Editing by Orlando Lorenzo.

All Content © 2003-2021, Portfolio Media, Inc.