IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. 4:20-cv-957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § | |

## JOINT ADVISORY REGARDING THE OGP

Pursuant to the March 11, 2021 Order, Dkt. 74, regarding the forthcoming Order Governing Procedures (OGP), the parties respectfully submit this advisory as to issues listed in the Order.

**Agreed Items**. Google and the State of Texas, on behalf of Plaintiffs, conferred by phone on March 15, 2021 about the scheduling and substantive matters identified in the Order. The parties agree on the following issues:

- The parties will make reasonable and diligent efforts in serving their respective initial disclosures. To account for the breadth and complexity of this case, including relevant party and non-party information secured in discovery, the parties agree that they each have an ongoing right and obligation to timely and in good faith supplement their respective initial disclosures.

- The parties agree that supplementation of initial disclosures will not prejudice a producing party's ability to use the information or witness testimony at any courtroom proceeding or trial or in support of any motion, provided that the supplementation is timely and in good faith and occurs at least 90 days before the close of the non-expert discovery period.

- The parties jointly request modest changes to two proposed deadlines in the OGP, subject to the Court's approval: that the Rule 26(f) conference deadline be reset from April 2, 2021 to **April 5, 2021**; and that the Rule 16 case management conference be reset from April 30, 2021 until **May 3, 2021**.

Otherwise, the parties disagree on terms regarding the timing and sequence of initial disclosures. The parties submit their respective positions below for the Court's consideration.

**Google Position**. According to Plaintiffs, their investigation included securing production

of 3 million documents, interviews of 64 third-party witnesses, and depositions of ten Google employees. At the initial conference, Texas promised to "move with all expediency" to produce these materials "to get Google up to speed with documents that we may have gotten." Dkt. 57, Tr. 19:2-5 (Feb. 4, 2021). During the parties' March 15 meet and confer, Texas committed to provide these investigative materials along with Plaintiffs' initial disclosures. These materials will allow Google to better identify witnesses/documents relevant to Plaintiffs' claims, particularly those that rebut or clarify information provided by still-undisclosed third parties. Plaintiffs have not provided any of these materials to date.

Given the asymmetry of information underlying the Complaint, Plaintiffs should produce their investigative materials 30 days prior to Google's initial disclosures. Equal access to these materials will put the parties on parity with no more burden on Plaintiffs than what they already have committed to take on. It will allow Google to do a focused review to assess what documents and witnesses are relevant and need to be disclosed.

Plaintiffs say that the Complaint alone should govern initial disclosures, regardless of the investigative materials, since the Complaint is broader in scope than the investigation. In fact, the governmental investigative materials undoubtedly served as a starting point for the claims and should be instructive, especially given the still-evolving nature of the Complaint. Accordingly, Google should serve initial disclosures after Plaintiffs produce the investigative files. To give it time for review, Google asks that its deadline to provide initial disclosures be 30 days after it receives the investigative materials. And while Plaintiffs have had control over the investigation, Google has no objection to Plaintiffs' disclosures being exchanged on the same date.

**Plaintiffs' Position**.

The Plaintiff States believe the dates proposed by the Court, subject to the two modest scheduling changes discussed above, are sufficient and the parties should proceed with the dates the Court previously suggested in the Court's March 11, 2021 Order, Dkt. 74.

There is no need to deviate in this case and push deadlines for initial disclosures until after Google receives pre-suit investigative materials. During the Meet and Confer, lead counsel for Texas articulated its objection to any such delay. Once a Protective Order is entered in this case, the parties can proceed with production. Counsel for Texas is prepared to discuss this matter and any questions the Court may have during the March 18, 2021 hearing tomorrow.

Dated: March 17, 2021

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
(202) 777-4587 (Fax)
eric.mahr@freshfields.com
Julie.elmer@freshfields.com

John D. Harkrider (*pro hac vice*)
AXINN VELTROP & HARKRIDER, LLP
114 West 47th Street
New York, New York 10036
(212) 728-2210
jharkrider@axinn.com

Daniel S Bitton (*pro hac vice*)
AXINN VELTROP & HARKRIDER, LLP
560 Mission Street
San Francisco, California 94105
(415) 490-1486
dbitton@axinn.com

Respectfully submitted,

/s/ Paul Yetter

R. Paul Yetter
State Bar No. 22154200
Bryce L. Callahan
State Bar No. 24055248
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002 (Fax)
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

| | |
|---|---|
| /s/ Ashley Keller | /s/ Mark Lanier |
| Ashley Keller | Mark Lanier (lead counsel) |
| Admitted Pro Hac Vice | Texas Bar No. 11934600 |
| ack@kellerlenkner.com | Mark.Lanier@LanierLawFirm.com |
| Brooke Smith | Alex J. Brown |
| brooke.smith@kellerlenkner.com | Alex.Brown@LanierLawFirm.com |
| 150 N. Riverside Plaza, Suite 4270 | Zeke DeRose III |
| Chicago, Illinois 60606 | Zeke.DeRose@LanierLawFirm.com |
| (312) 741-5220 | 10940 W. Sam Houston Parkway N. Suite 100 |
| Warren Postman | Houston, Texas 77064 |
| wdp@kellerlenkner.com | Telephone: (713) 659-5200 |
| 1300 I Street, N.W., Suite 400E | Facsimile: (713) 659-2204 |
| Washington, D.C. 20005 | THE LANIER LAW FIRM, P.C. |
| (202) 749-8334 | |
| KELLER LENKNER LLC | |

### CERTIFICATE OF SERVICE

I certify that on this 17th day of March 2021, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Bryce L. Callahan*
Bryce L. Callahan