

**HOUSTON**
The Lanier Law Firm, PC
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
713.659.5200
Fax 713.659.2204

**NEW YORK**
The Lanier Law Firm, PLLC
Tower 56
126 East 56th Street
6th Floor
New York, NY 10022
212.421.2800
Fax 212.421.2878

**LOS ANGELES**
The Lanier Law Firm, PC
21550 Oxnard Street
3rd Floor
Woodland Hills, CA 91367
310.277.5100
310.277.5103

March 22, 2021

R. Paul Yetter
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002

Re:    Reproduction of Previously Produced Documents Related to Texas' Investigative Materials, and Third-Party Documents Subject to Protective Order; *Texas et. al. v. Google LLC*, 4-20-cv-00957-SDJ

Dear Paul:

I write to follow up regarding your request for Plaintiff State Texas (**Texas**) to immediately start producing its Investigative Materials and from my call to you on Friday, March 19, 2021. Specifically, on Friday we discussed: (a) whether Defendant Google (**Google** or **You**) wants Texas to reproduce to Google documents that Google has previously produced; (b) whether Google wants Texas to reproduce to Google third-party documents that the Department of Justice has already produced to Google; (c) Texas' position that confidential third-party documents not yet produced to Google require a protective order being entered in this case; and (d) that Texas will provide a draft of an ESI order so that documents can be produced with expediency and efficiency.

The categories of Investigative Materials are largely comprised of documents that Google has produced in response to various Civil Investigative Demand (**CID**) requests and third-party documents that have either already been produced by the Department of Justice or require a substantive protective order to be entered in this case before Texas can produce. Below we have listed the information You requested to guide us on next steps.

*Reproducing Google's Previously Produced Documents*

With regard to whether Google would like Texas to reproduce documents Google previously produced, You indicated that Google likely does not want those documents reproduced to Google. However, You asked that Texas provide a list of the documents previously produced by Google. Accordingly, these are the productions (from 9/19/19 to 8/26/20) in Texas' Investigative Materials that Google produced in response to State CIDs:

| Google's Productions | | | | | |
|---|---|---|---|---|---|
| **Produced to** | **Beginning Bates** | **End Bates** | **Number of Volumes** | **Number of Documents** | **Number of Pages** |
| Texas | GOOG-TEX-00000001 | GOOG-TEX-01279944 | 24 | 153,551 | 1,279,534 |
| Nebraska | GOOG-NE-00000001 | GOOG-NE-13890579 | 26 | 2,130,980 | 13,882,370 |
| Utah | GOOG-UT-00000001 | GOOG-UT-00005850 | 5 | 286 | 5,850 |

<u>Please confirm whether You would like Texas to reproduce the above-listed documents previously produced by Google.</u>

*Reproducing Third-Party Documents Already Produced to Google*

It is our understanding that third-party documents relevant to this litigation have been produced to Google by the Department of Justice. However, as You know, the Plaintiff States and outside counsel must navigate complex confidentiality issues related to other governmental investigations and governmental productions. Specifically, the Plaintiff States are restricted by the protective orders in other litigation from disclosing information about third-party documents produced by the Department of Justice. But Google, as the subject of that litigation, is privy to all such confidential information and productions. Accordingly, Google is the best source for information about the third-party documents the Department of Justice has already produced.

Nonetheless, Texas seeks a straightforward clarification from You. If the Department of Justice has already produced third-party documents from "Third-Party A," and those documents from Third-Party A" are part of Texas' Investigative Materials—does Google want Texas to reproduce to Google those same documents? If so, Texas will produce such documents once we have protective order in place in this case.

<u>Please confirm whether you would like Texas to reproduce any third-party documents that have been previously produced to Google.</u>

*Producing Third-Party Documents Not Yet Produced to Google*

With regard to third-party documents that are part of Texas' Investigative Materials, but have not yet been produced by the Department of Justice, I conveyed on the call that Texas cannot produce third-party documents without a protective order entered in this case. Mark Lanier, lead counsel, also conveyed this during the March 18, 2021 hearing. During the hearing and during our call, You requested that the third-party documents be produced subject to the Interim Protective Order under an Attorney Eyes' Only moniker. The Interim Protective Order, however, relates specifically to the Original Complaint and is not satisfactory to the third-parties to allow production of their documents.

Once a protective order is entered in this case, Texas will produce third-party documents not yet already produced.

*ESI Order*

As discussed on the call, an ESI order should be mutually agreed upon by the parties to promote swift, efficient, and thorough production of documents. Accordingly, the Plaintiff States are preparing an ESI order for use in this case.

In conclusion, please clarify the questions above so that Texas can expeditiously produce the requested documents to You: (1) whether You would like Texas to reproduce the above-listed documents previously produced by Google, and (2) whether You would like Texas to reproduce any third-party documents that have been previously produced to Google (in which case, Texas will produce once we have a protective order in place).

With much appreciation,

Zeke DeRose III

cc:   Hon. Sean D. Jordan
      Plaintiff States
      Eric Mahr
      W. Mark Lanier
      Ashley Keller