UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| GOOGLE LLC | § | |

## **PROTECTIVE ORDER**

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Court enters the following Protective Order. The Order largely reflects provisions proposed and stipulated to by all parties, with the exception of certain modifications to Paragraph 9 of the Order and Paragraphs 4 and 5 of Appendices A and B.

The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(l), ORDERS as follows:

**A.   Definitions**

1.   As used herein:

(a)   "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(b)   "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(l)(G), or any document, transcript, or other material

1

containing such information that has not been published or otherwise made publicly available.

(c)     "Competitive Decision-Making" means decision-making relating to a competitor, potential competitor, customer, or distribution partner including decisions regarding contracts, marketing, pricing, product or service development or design, product or service offerings, research and development, mergers and acquisitions, or licensing, acquisition, or enforcement of intellectual property rights.

(d)     "Defendant" means Google LLC, and its parents, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

(e)     "Designated In-House Counsel" means two (2) In-House Counsel designated by Defendant who are authorized to access Confidential Information pursuant to Paragraph 12(d) or may be authorized to access Highly Confidential Information pursuant to Paragraph 17 of this Order.

(f)     "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(g)     "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(h)     "Highly Confidential Information," as defined herein, shall only include Information that, if disclosed to Defendant, is likely to cause material and significant competitive or commercial harm.

Highly Confidential Information is defined as trade secrets, including algorithms and source code; non-public, commercially sensitive customer lists; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins; information relating to research, development testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of a Protected Person's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Defendant or competitors to Defendant; information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; sensitive personally identifiable information; and communications that disclose any Highly Confidential Information. If a Protected Person (i) has produced Investigation Materials or (ii) is required by subpoena or court order to produce information that would cause it material and significant competitive or commercial harm, but that information does not specifically fall into one of the categories of information listed in this paragraph, upon a compelling showing, it may seek a court order that such information is Highly Confidential and should be withheld from In-House Counsel, including Designated In-House Counsel. If a motion is made pursuant to this paragraph and is related to Investigation Materials, it must be filed concurrently with its Highly Confidential Designations under Paragraph 3(a). If a motion is made pursuant to this paragraph and is related to a subpoena or court order, it must be

filed no later than the due date to respond to the subpoena or court order. If a Protected Person seeks additional protection pursuant to this paragraph from the Court, the materials for which additional protection has been sought will not be provided to other Persons, aside from outside counsel, until the Court has ruled.

Material that is more than three (3) years old at the time of production is presumptively not entitled to protection as Highly Confidential Information but can be Confidential Information if non-public; provided, that such material may be considered Highly Confidential Information if it discloses current or future business practices or competitive strategies. All protections under this Order to Confidential Information apply as well to Highly Confidential Information.

(i)     "In-House Counsel" means any lawyer employed by Defendant.

(j)     "Investigation" means the pre-Complaint inquiry by Plaintiffs into potential anticompetitive conduct by Defendant.

(k)     "Investigation Materials" means non-privileged documents, testimony or other materials that (i) any Non-Party provided to any Party, either voluntarily or under compulsory process, relating to the Investigation; (ii) constitute any communication between any Party and any Non-Party in connection with and during the Investigation; (iii) any Party provided to any Non-Party relating to the Investigation; or (iv) Defendant, or affiliated person or entity, provided to Plaintiffs relating to the Investigation.

(l)     "Litigation Materials" means non-privileged documents, testimony, or other materials that (i) any Non-Party provides to any Party, either

voluntarily or under compulsory process, in connection with and during the pendency of this Action; (ii) constitute any communication between any Party and any Non-Party in connection with and during the pendency of this Action; (iii) Defendant provides to any Plaintiff in connection with and during the pendency of this Action; and/or (iv) any Plaintiff provides to Defendant in connection with and during the pendency of this Action.

(m)     "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(n)     "Outside Counsel of Record" means the attorneys employed by outside law firms representing Defendant in this proceeding.

(o)     "Party" means any Plaintiff or Defendant in this Action. "Parties" means collectively Plaintiffs and Defendant in this Action.

(p)     "Plaintiffs" means the Plaintiff States and all of their employees, agents, and representatives.

(q)     "Plaintiff States" means the States of Texas, Arkansas, Idaho, Indiana, Kentucky, Mississippi, Missouri, North Dakota, South Dakota, Utah, and any other state that joins this Action.

(r)     "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

(s)     "Protected Person" means any Person (including a Party) that either voluntarily or under compulsory process, has provided or provides

(i) Investigation Materials in connection with the Investigation, or (ii) Litigation Materials.

**B.** **Designation of Highly Confidential Information and Confidential Information[1]**

2.      Within five business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each Non-Party Protected Person (or, if represented by counsel, the Non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3.      DESIGNATION OF INVESTIGATION MATERIALS AS HIGHLY CONFIDENTIAL BY PROTECTED PERSONS. A Protected Person may designate any Investigation Materials they produced as Highly Confidential pursuant to the following procedures:

(a)      A Protected Person shall have (60) sixty days after receiving a copy of this Order (the "Designation Period") to designate as Highly Confidential Information any Investigation Materials to the extent the Protected Person determines, in good faith, that the Investigation Materials include Highly Confidential Information, and that such designation is necessary to protect the interests of the Protected Person. Such Investigation Materials may be so designated, if they have not already been designated, by providing written notice by overnight mail or email to the party to which the Investigation Materials were produced that includes

---

[1] **Highly Sensitive Documents.** On January 19, 2021, the Eastern District of Texas entered General Order 21-02. The Parties are aware of and agree to abide by and comply with General Order 21-02, and any subsequent orders related to filing of Highly Sensitive Documents.

(i) copies of the Investigation Materials stamped with the legend "HIGHLY CONFIDENTIAL INFORMATION," in a manner that will not interfere with legibility, including page numbering, or audibility. Any document that contains Highly Confidential Information may be designated Highly Confidential Information in its entirety.

(b)     Until the expiration of this Designation Period, all Investigation Materials will be treated as Highly Confidential Information in their entirety.

Investigation Materials that are not designated as Highly Confidential by the end of the expiration of this Designation Period shall be treated as Confidential Information for purposes of this Order pursuant to the Antitrust Civil Process Act, or any other federal or state statute or regulation, or under any federal or state court precedent interpreting such statute or regulation, as well as any information that discloses the substance of the contents of any Confidential Information derived from a document subject to this Order, and any information taken from any portion of such material.

The identity of a third party submitting such Highly Confidential Information or Confidential Information shall also be treated as Highly Confidential Information or Confidential Information for the purposes of this Order where the submitter has requested such confidential treatment.

4.     If a Non-Party Protected Person believes that this Order does not adequately protect its Highly Confidential Information or Confidential Information, it may, within 10 days after receipt of a copy of this Order, seek additional protection

from the Court for the Non-Party Protected Person's Highly Confidential Information or Confidential Information. If a Non-Party Protected Person seeks additional protection from the Court, the Investigation Materials for which additional protection has been sought will not be provided to other Persons, aside from outside counsel, until the Court has ruled.

5. Any production of documents or testimony not designated as Confidential or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential or Highly Confidential Information. If at any time before trial of this Action, a Protected Person realizes that it should have designated as Confidential or Highly Confidential Information any Investigation Materials or Litigation Materials that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing. The Parties shall thereafter treat the Investigation Materials or Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order. However, the disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

6. DESIGNATION OF LITIGATION MATERIALS AS HIGHLY CONFIDENTIAL OR CONFIDENTIAL BY PROTECTED PERSONS. The following procedures govern the process for Protected Persons to designate as Highly Confidential or Confidential any information that they disclose in this Action after

this Order is entered, including but not limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36, and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

(a)    Testimony. All transcripts of depositions taken in this Action after entry of this Order will be treated as Highly Confidential Information in their entirety for 30 days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable). Within five business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent. Within 30 days following receipt of the final transcript, the deponent may designate as Highly Confidential Information any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer. To be effective, such designations must be provided in writing to Plaintiffs' and Defendant's counsel listed in Appendix C. Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 6(a) shall be treated as Confidential Information.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as Highly Confidential or Confidential, the Party that asked such questions shall designate as confidential the portion of the transcript relating to such Highly Confidential or Confidential document or information.

(b) <u>Documents</u>. A Protected Person who designates as Highly Confidential Information any document that it produced in this Action must stamp or otherwise mark each document containing said information with the designation "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility.

A Protected Person who designates as Confidential Information any document that it produced in this Action must stamp or otherwise mark each document containing said information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility. Any document that contains Confidential Information may be designated Confidential Information in its entirety.

(c) <u>Electronic Documents and Data</u>. Where a Protected Person produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators' information indicating whether the file contains Highly Confidential Information or Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files. Where Highly Confidential Information or Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" designation may be placed on the disk or

other medium. When electronic files or documents in native form are printed for use at a deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 11(g), the Party printing the electronic files or documents shall affix a legend to the printed document saying "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" and include the production number and designation associated with the native file.

7. DESIGNATION OF LITIGATION MATERIALS FROM NON-PARTIES. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Highly Confidential Information or Confidential Information in its possession, then the Party shall:

(a) promptly notify in writing the Party seeking the Highly Confidential Information or Confidential Information that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly notify the Non-Party that its Highly Confidential Information or Confidential Information is being requested and make the information requested available for inspection by the Non-Party; and

(c) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

8. If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Non-Party's Highly Confidential Information or Confidential Information responsive to the

discovery request may be produced. If the Non-Party timely seeks a protective order, its Highly Confidential Information or Confidential Information that is subject to the confidentiality agreement shall not be produced before a determination by the Court.[2] Absent an order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Highly Confidential Information or Confidential Information. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Highly Confidential Information or Confidential Information. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.    UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION.

(a)    In the event of a disclosure of any Highly Confidential Information or Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the Party who discovers such unauthorized disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure. If it is readily discernible which Party is responsible for the disclosure, the disclosing Party shall also

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

(a) promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made; (b) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order, and (c) request such person or persons execute the Agreement Concerning Confidentiality in the form of Appendix A attached hereto. If it is not readily discernible which Party is responsible for the disclosure, the Parties shall work together to (a) promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made; (b) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order, and (c) request such person or persons execute the Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

(b)     Further, if the source of the disclosure is not readily identifiable or if the source of the disclosure is in dispute, any Party or several Parties jointly shall, upon request and approval of the Court, be permitted to conduct a forensic investigation to determine the source of the disclosure. If the Court approves such a forensic investigation, a separate order will be entered approving an investigator, the scope of the investigation, and how the results of the investigation will be communicated to the Court and the parties. Based on the results of the investigation, the Court will determine whether the investigative costs shall ultimately be borne jointly by all Parties or by a Party or Parties determined by the Court to be responsible for the unauthorized disclosure.

(c)     To facilitate any such potential forensic investigation(s) under Paragraph 9(b), any individuals who are provided Confidential or Highly Confidential information and/or materials must agree to the following: (i) that their documents and communications relating to this Action—and any electronic devices or accounts potentially containing such documents and communications—may be subject to a forensic investigation: (ii) that such forensic investigation shall include the collection, copying, and examination of their electronic devices and accounts including, but not limited to, mobile phones, tablets, laptops, desktops, email accounts, filesharing accounts, and server- or cloud-based storage accounts; and (iii) that they will provide a complete list of all electronic devices and accounts that they may use to communicate regarding this Action or to store documents or communications relating to this Action, and that they will not use any electronic devices or accounts not specifically identified for storing, sending, or receiving documents related to this Action without first amending the list and signing an amended confidentiality agreement to that effect.

(d)     Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Highly Confidential Information or Confidential Information.[3]

---

[3] Disclosures under Fed. R. Evid. 502 will be addressed in separate orders.

**C.**     <u>**Challenges to Highly Confidential or Confidential Designation**</u>

10.     Any Party who objects to any designation of confidentiality (the "Objecting Party") may at any time before the trial of this Action provide a written notice to the Protected Person who made such designation (the "Designating Party") and all Parties to this Action stating with particularity the grounds for the objection. All materials objected to shall continue to be treated as Confidential Information or Highly Confidential Information pending resolution of the dispute. Within ten (10) days of the Objecting Party's written notice, the Objecting Party and the Designating Party shall attempt to confer to discuss their respective positions. If the Objecting Party and Designating Party cannot reach an agreement on the objection within ten (10) days of the Objecting Party's written notice (or another deadline agreed to by the Objecting Party and the Designating Party), the Objecting Party may address the dispute to this Court by filing a letter motion and/or motion in accordance with the applicable rules. If the Court finds the designation of Highly Confidential Information or Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded and the Objecting Party may seek attorneys' fees and costs from the Designating Party as it relates to the resolution of any dispute if the Court determines that there was no good faith basis for the improper designation.

**D.**     <u>**Disclosure of Highly Confidential Information or Confidential Information**</u>

11.     Highly Confidential Information may be disclosed only to the following persons:

(a)    the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b)    counsel for Plaintiff States, paralegals and other professional personnel (including support and IT staff whose functions require access to the information;

(c)    Outside Counsel of Record for Defendant, including any attorneys (but not In-House Counsel, including Designated In-House Counsel, for the Defendant), paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action whose functions require access to the information (but not any employee of the Defendant);

(d)    outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, and document-management consultants) and agents or independent contractors retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Protective Order in the form of Appendix A attached hereto;

(e)    any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Protective Order in the form of Appendix A attached hereto;

(f)    any person whom the Highly Confidential Information itself indicates, or whom the receiving party has a good-faith basis to believe, was the

author, addressee, recipient, custodian, or source of the document, to the extent he or she has previously had lawful access to the document disclosed or to be disclosed;

(g)      any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Protective Order in the form of Appendix A attached hereto; and

(h)      outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Protective Order in the form of Appendix A attached hereto.

12.    Confidential Information may be disclosed only to the following persons:

(a)      the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b)      counsel for Plaintiff States, paralegals and other professional personnel (including support and IT staff) whose functions require access to the information;

(c)      Outside Counsel of Record for Defendant, including any attorneys (but not In-House Counsel for the Defendant except as provided in paragraph 12(d) and subject to the procedure in paragraphs 17 through 19), paralegals, and other professional personnel (including support and IT staff) that such outside counsel

assigns to this Action whose functions require access to the information (but not any employee of the Defendant);

(d)     Designated In-House Counsel of Defendant with responsibilities for the litigation of this Action who do not currently, and for a period of two years following the last occasion on which Confidential Information is disclosed to such Designated In-House Counsel shall not, (a) participate in or advise on Competitive Decision-Making at the Defendant, (b) participate in or advise on Competitive Decision-Making involving a Protected Person whose Confidential Information they accessed during the course of this Action at any employer, or (c) participate in or advise on litigation or other legal actions on behalf of Defendant or any other employer where a Protected Person is a party and whose Confidential Information Designated In-House Counsel accessed in the course of this Action for two years following the last occasion on which Confidential Information is disclosed to such Designated In-House Counsel (aside from litigation arising from or related to the allegations in the Complaint in this action); to qualify for access under this subpart, in-house litigation counsel shall first execute an Designated In-House Counsel Agreement Concerning Confidentiality in the form of Appendix B attached hereto (which executed versions shall be maintained by Outside Counsel for Defendant and available for inspection upon the request of the Court, any Party, or any non-Party Protected Person) and only access Confidential Information in person at the offices of Defendant's Outside Counsel of Record, or using a secure electronic data room or document review platform using an individual login identification and password.

Defendant shall promptly report any confirmed or suspected unauthorized use or disclosure of Confidential Information to the Court and Plaintiffs. Any counsel subject to this subsection who leaves the employment of Defendant to work in an industry unrelated to the decisions associated with Competitive Decision-Making shall be presumed to be exempt from the post-employment limits of this provision absent a showing by Plaintiffs or any interested Protected Person that such a person engaged in Competitive Decision- Making.

(e)     outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, and document-management consultants) and agents or independent contractors retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Protective Order in the form of Appendix A attached hereto;

(f)     any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Protective Order in the form of Appendix A attached hereto;

(g)     persons who the Confidential Information itself indicates, or who the receiving party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; any current employee of a Party whose statements or communications are quoted, recounted, or summarized

in said Party's document; or persons for whom counsel for Plaintiffs or Defendant believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(h)     any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Protective Order in the form of Appendix A attached hereto; and

(i)     outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Protective Order in the form of Appendix A attached hereto.

13.     Counsel for the Party making the disclosure must retain the original of the executed Agreement Concerning Confidentiality in the form of Appendix A attached hereto for a period of at least one year following the final resolution of this Action.

14.     The Parties shall have the right to seek redress from this Court to enforce the provisions of the Agreement Concerning Confidentiality with respect to any person or entity bound by this Protective Order.

15.     Each individual described in Paragraphs 11 and 12 of this Order to whom information designated as Highly Confidential Information or Confidential

Information is disclosed must not disclose that Highly Confidential Information or Confidential Information to any other individual, except as provided in this Order.

16.    Nothing in this Order prevents Plaintiffs, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing such information designated as Highly Confidential Information or Confidential Information (i) in the course of any other legal proceeding in which any of the Plaintiff States is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes. Such disclosures shall be limited to disclosures within the Plaintiff States or communications among the Plaintiff States.

17.    Nothing in this Order:

(a)    limits a Protected Person's use or disclosure of its own information designated as Highly Confidential Information or Confidential Information;

(b)    prevents disclosure of Highly Confidential Information or Confidential Information with the consent of the Protected Person that designated the material as confidential;

(c)    prevents disclosure by a Party of Highly Confidential Information or Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and

not by inadvertence or mistake; or (iv) pursuant to an order of a court or as may be required by regulation; or

(d)     prevents Plaintiffs' retention, use, or disclosure of Investigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing such pre-complaint discovery, or for law enforcement purposes, or as required by law, court order, or regulation. Any such disclosures shall be limited to those permitted by applicable law or regulation. Plaintiffs will not disclose any Litigation Material produced only during the pendency of this Action to any Non-Party, except as ordered by a court or as may be required by regulation and with seven (7) days written notice to Defendant or interested Protected Person. If Investigation Materials or Litigation Materials are requested for disclosure under a state's public information act or the equivalent, this Order prohibits disclosure to the extent the state's public information act or the equivalent provides an exception for disclosure of information protected by court order such as the Texas Public Information Act, Texas Government Code § 552.107(2).

## E.     <u>Disclosure of Highly Confidential Information to Designated In-House Counsel Based on Need</u>

18.     Defendant may at any time before the trial of this Action request disclosure of Highly Confidential Information to Designated In-House Counsel by consent of the Designating Party or motion with the Court. Defendant shall provide a written notice to the Designating Party and all Parties to this Action stating with particularity the need for such disclosure. Defendant must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) days of

the written notice. If no agreement is reached, Defendant may file a motion with the Court. Plaintiffs and/or the Designating Party will have seven (7) days to respond to such motion. Defendant will not disclose any Highly Confidential Information to its In-House Counsel, including Designated In-House Counsel, pending resolution of the dispute. If the Court finds that the Designated In-House Counsel has a particularized need for access to the Highly Confidential Information that outweighs the risk of harm to the Designating Party or the public interest, Defendant will be able to disclose the Highly Confidential Information to its Designated In-House Counsel notwithstanding paragraph 11.

**F.      Challenges to In-House Counsel**

19.      Unless otherwise ordered by the Court or agreed to in writing by the Protected Person, before disclosing any information designated as Confidential Information  to  the Defendant's Designated In-House Counsel, Defendant must submit in writing to Plaintiffs and the Protected Person a written statement that (1) sets forth the full name of the Designated In-House Counsel and the city and state of his or her residence, and (2) describes the Designated In-House Counsel's past, current, and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if Designated In-House Counsel is involved, or may become involved, in any Competitive Decision-Making. If at any time, Defendant decides to replace a Designated In-House Counsel, Defendant must submit a written statement regarding its proposed replacement Designated In-House Counsel pursuant to this paragraph and follow the procedures described in Paragraphs 19 and 20.

20.     Defendant may disclose Confidential Information to its Designated In-House Counsel unless the Defendant receives a written objection from Plaintiffs or any Protected Person within 10 days of entry of this Stipulated Protective Order. If Defendant replaces any of its Designated In-House Counsel pursuant to Paragraph 18, Defendant may disclose Confidential Information to its Designated In-House Counsel unless the Defendant receives a written objection from Plaintiffs or any Protected Person within 10 days of receiving the Defendant's written statement. Any objection to Designated In-House Counsel must set forth in detail the grounds on which it is based.

21.     If Defendant receives a timely written objection, it must meet and confer with the Plaintiffs or any Protected Person to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, Plaintiffs and any Protected Person will then have seven (7) days to file a motion with the Court, objecting to Designated In-House Counsel. Defendant will not disclose any Confidential Information (and at no point may disclose Highly Confidential Information) to its In-House Counsel, including Designated In-House Counsel, pending resolution of the dispute. If the Court finds the Designated In-House Counsel to not be engaged in Competitive Decision-Making, Defendant will be able to disclose Confidential Information to its Designated In-House Counsel in accordance with paragraph 12.

**G.** **Use of Information Designated Highly Confidential or Confidential in This Action**

22.    In the event that any Highly Confidential Information or Confidential Information is contained in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal, in accordance with Local Rule CV-5(a)(7). This Order hereby grants the Parties leave to file such properly designated Highly Confidential Information or Confidential Information under seal. To the extent that such material was originally submitted by a Non-Party, the Party including the materials in its papers shall immediately notify the submitter of such inclusion. Highly Confidential Information and Confidential Information contained in the papers shall continue to be maintained under seal until further order of the Court, provided, however, that such papers may be furnished to persons or entities who may receive Highly Confidential Information or Confidential Information pursuant to Paragraphs 11 and 12. Upon or after filing any paper containing Highly Confidential Information or Confidential Information, the filing Party shall file on the public record a duplicate copy of the paper that does not reveal Highly Confidential Information or Confidential Information. Further, if the protection for any such material expires, a Party may file on the public record a duplicate copy that also contains the formerly protected material. Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Highly Confidential Information or Confidential Information under seal.

23.     Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Highly Confidential Information or Confidential Information so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Highly Confidential Information or Confidential Information.

**H.     Use of Highly Confidential Information or Confidential Information at Trial**

24.     Disclosure at trial or at any evidentiary hearing of any document, testimony, or other material designated as Highly Confidential Information or Confidential Information will be governed pursuant to a separate court order. Unless otherwise directed by the Court, the Parties shall meet and confer and submit a recommended order outlining those procedures no later than thirty (30) calendar days before the first day of trial or any evidentiary hearing. Upon the filing of a proposed order governing the disclosure of Highly Confidential Information or Confidential Information at trial or any evidentiary hearing, the Parties shall provide notice of such order to third parties whose Highly Confidential Information or Confidential Information is expected to be used at trial or any evidentiary hearing.

25.     Unless otherwise provided for in this Order, all Highly Confidential Information and Confidential Information produced by a Party or a Non-Party as part of this Action shall be used solely for the conduct of this Action and shall not be used by a Party, Non-Party, or any person subject to this Order, including counsel for a Party or Non-Party, for any business, commercial, competitive, personal, or other

purpose. Such Highly Confidential and Confidential Information may only be disclosed under the conditions described in this Order.

## I.      Procedures upon Termination of This Action

26.      The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all persons having received information designated as Highly Confidential Information or Confidential Information must return all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it or destroy or delete all copies of such Highly Confidential Information or Confidential Information and certify that fact in writing to the Party or Protected Person.

27.      Counsel for the Parties will be entitled to retain court papers and exhibits, deposition transcripts and exhibits, trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers and exhibits, deposition transcripts and exhibits, trial transcripts and exhibits, or work product containing information designated as Highly Confidential Information or Confidential Information to any person, except pursuant to court order or agreement with the Protected Person that produced the Highly Confidential Information or Confidential Information or as otherwise permitted herein. All Highly Confidential Information and Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this

paragraph. Nothing in this paragraph, however, restricts the rights of the Parties under Paragraphs 15 and 16 of this Order.

**J.      Right to Seek Modification**

28.      Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking (1) further or additional protections of any of its materials, or (2) modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

**K.      The Privacy Act**

29.      Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

**L.      Persons Bound by This Order**

30.      This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

31.      All persons subject to this Order are reminded that this Order may be enforced by the Court's full powers of criminal and civil contempt.

**So ORDERED and SIGNED this 14th day of April, 2021.**

_____

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

**APPENDIX A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| GOOGLE LLC | § | |

**AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed by _____

as _____.

I hereby certify that:

1.      I have read the Protective Order entered in the above-captioned action (this "Action") and understand its terms.

2.      I agree to be bound by the terms of the Protective Order entered in this Action. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3.      I understand that my failure to abide by the terms of the Protective Order entered in this Action will subject me, without limitation, to civil and criminal penalties for contempt of court.

4.      In addition, I understand that, as described in paragraph 9 of the Protective Order, in the event of an unauthorized disclosure of Highly Confidential Information or Confidential Information, my documents and communications relating to this Action—and any electronic devices or accounts potentially containing

such documents and communications—may be subject to a forensic investigation. Such forensic investigation shall include the collection, copying, and examination of my electronic devices and accounts including, but not limited to, mobile phones, tablets, laptops, desktops, email accounts, filesharing accounts, and server- or cloud-based storage accounts.

5. To aid the Court, counsel, and any potential forensic investigators in the event of an unauthorized disclosure, I have provided below a complete list of all electronic devices and accounts which may contain documents or communications relating to this Action:

_____

_____

_____

_____

_____

_____

_____

I further agree that I will not use any electronic devices or accounts not specifically listed above for storing, sending, or receiving documents related to this Action without first amending the above list and signing an amended confidentiality agreement to that effect.

6. I submit to the jurisdiction of this Court, and specifically the United States District Court for the Eastern District of Texas, solely for the purpose of

enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said court.

_____

Signature

_____

Date

**APPENDIX B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| GOOGLE LLC | § | |

**<u>IN-HOUSE COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY</u>**

I, _____, am employed by _____

as _____.

I hereby certify that:

1.　　I have read the Protective Order entered in the above-captioned action (this "Action") and understand its terms.

2.　　I agree to be bound by the terms of the Protective Order entered in this Action and agree that, in my role as in-house litigation counsel for the above Defendant company, I meet the requirements of Paragraph 12(d) of this Protective Order, and agree to use the information provided to me only as explicitly provided in this Protective Order.

3.　　I understand that my failure to abide by the terms of the Protective Order entered in this Action will subject me, without limitation, to civil and criminal penalties for contempt of court.

4.　　In addition, I understand that, as described in paragraph 9 of the Protective Order, in the event of an unauthorized disclosure of Highly Confidential

Information or Confidential Information, my documents and communications relating to this Action—and any electronic devices or accounts potentially containing such documents and communications—may be subject to a forensic investigation. Such forensic investigation shall include the collection, copying, and examination of my electronic devices and accounts including, but not limited to, mobile phones, tablets, laptops, desktops, email accounts, filesharing accounts, and server- or cloud-based storage accounts.

5.      To aid the Court, counsel, and any potential forensic investigators in the event of an unauthorized disclosure, I have provided below a complete list of all electronic devices and accounts which may contain documents or communications relating to this Action:

_____

_____

_____

_____

_____

_____

_____

I further agree that I will not use any electronic devices or accounts not specifically listed above for storing, sending, or receiving documents related to this Action without first amending the above list and signing an amended confidentiality agreement to that effect.

6.     I submit to the jurisdiction of this Court, and specifically the United States District Court for the Eastern District of Texas, solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said court.

_____

Signature

_____

Date