IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**JOINT REPORT OF ATTORNEY CONFERENCE**

After conferring by telephone through their counsel of record pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order Governing Proceedings, Dkt. 92, Plaintiff States ("Plaintiffs") and Defendant Google LLC ("Google") submit the following joint report of attorney conference.

**1.  A brief factual and legal synopsis of the case.**

Plaintiffs' Position: This case arises out of Plaintiffs' claims that Google violated Section 2 of the Sherman Act (and applicable state antitrust laws) by unlawfully maintaining its monopoly, or attempting to acquire a monopoly, in markets associated with online display advertising or "ad tech." Plaintiffs allege Google engaged in anticompetitive conduct to force publishers and advertisers to use its ad tech products. Plaintiffs allege that when a disruptive technology called header bidding allowed publishers and advertisers to circumvent Google's ad tech products, it took unlawful steps to discourage and thwart the use of that technology. Further, Plaintiffs also allege that Google violated Section 1 of the Sherman Act through an unlawful agreement with Facebook. Plaintiffs also allege that Google's representations to publishers, advertisers and consumers violated state consumer protection and deceptive trade laws.

- 1 -

    <u>Google's Position</u>: Google denies the substantive factual and legal allegations in Plaintiffs' Amended Complaint.  Advertisers of all sizes choose Google technology to reach their intended audiences more affordably and effectively.  Publishers—content creators ranging from large newspapers to micro-blogs—choose Google technology to capture the greatest revenue from their advertising sales, enabling them to fund new and better content.  And consumers rely on Google technology not only to deliver highly relevant and safe advertising, but also to provide web searches, email, mapping, and other services, all of which are financed and supported by Google's earnings from its advertising business and are provided to users for free.  Importantly, none of these groups is forced to use Google technology—many alternatives are available.  They choose Google's products based on their quality and the value they deliver.

    Ignoring the value that Google generates for its customers and the American economy, Plaintiffs' Amended Complaint claims that Google has monopolized various alleged digital advertising markets.  There are two main problems with those claims.

    First, the digital advertising and ecommerce marketplace is vibrantly competitive, with competitors like Facebook and Amazon playing at least as important roles as Google, and a host of smaller firms offering viable alternatives.  In addition, advertisers' choices are not limited to digital advertising alone; they have other ways to reach their customers, including television, radio, and print media.  Publishers likewise have choices about how to monetize their content, such as selling their advertising inventory directly to advertisers and relying more heavily on subscription-based business models.

    Second, Google has not acted anticompetitively.  Setting aside the many factual inaccuracies in the Amended Complaint, Plaintiffs' theory depends on the flawed assumption that antitrust law requires companies to design their products in ways that help their rivals become

stronger competitors.  That is not the law.  Nor should it be.  America is home to some of the most innovative companies in the world precisely because our laws protect and encourage hard work, investment, and innovation.  Plaintiffs' theory also fails on the facts because the very conduct challenged by Plaintiffs has actually benefited the overall advertising ecosystem.

Plaintiffs' other claims fare no better.  In an attempt to evade their burden of proving relevant markets and anticompetitive effects, Plaintiffs mischaracterize the terms and misunderstand the impact of a procompetitive agreement between Google and Facebook.  Nor has Google made false or deceptive statements concerning the storage of WhatsApp data on Google Drive.  Finally, Google's planned Privacy Sandbox is designed to meet evolving consumer privacy expectations while supporting publishers that rely on advertising to make their content freely available.  In short, regardless of whether they are framed as antitrust claims or consumer protection claims, Plaintiffs' allegations fail.

## 2.  The jurisdictional basis for this suit.

Plaintiffs' Position: The Court has jurisdiction over this action under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2; Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15c & 26; and under 28 U.S.C. §§ 1331 and 1337.

This Court has jurisdiction over the non-federal claims under 28 U.S.C. § 1367(a), as well as under principles of pendent jurisdiction. Pendent jurisdiction will avoid unnecessary duplication and multiplicity of actions and should be exercised in the interests of judicial economy, convenience, and fairness.

This Court may exercise personal jurisdiction over Google because Google conducts business in this District. Google has established sufficient contacts in this District such that personal jurisdiction is appropriate. Google sells the products at issue throughout the United States

and across state lines. Google is engaged in, and its activities substantially affect, interstate trade and commerce. Google provides a range of products and services that are marketed, distributed, and offered to consumers throughout the United States, in the Plaintiff States, across state lines, and internationally.

Google's Position: Google admits that Plaintiffs' Amended Complaint seeks to assert various claims under federal and state laws, but denies that Plaintiffs have adequately stated a claim under any of those laws and denies that Google has violated any of those laws.

**3.  A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

Plaintiffs include the States of Texas, Alaska, Arkansas, Florida, Idaho, Indiana, Mississippi, Missouri, Montana, Nevada, North Dakota, South Dakota, and Utah and the Commonwealths of Kentucky and Puerto Rico. Plaintiffs do not anticipate any additional parties, although other government enforcement agencies may seek to join or intervene in this matter.

The only defendant is Google LLC; there are no anticipated additional or potential defendants.

**4.  A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

Agreed Position: As of April 23, 2021, the following related cases involve allegations of purportedly anticompetitive conduct by Google related to digital advertising:

*In re Google Digital Advertising Antitrust Litigation*, No. 5:20-cv-3556-BLF (N.D. Cal. filed May 27, 2020) is a class action suit in the Northern District of California. A motion to dismiss the amended consolidated complaint was filed on January 15, 2021, and the motion has been fully briefed. A hearing before Judge Freeman on the pending motion to dismiss was held on April 8, 2021. The case is a consolidation of two class action suits: *Grand Atlas Tours et al. v. Google LLC*,

No. 5:20-cv-03556 (N.D. Cal. filed May 27, 2020); and *Devaney et al. v. Google LLC*, No. 5:20-cv-04130 (N.D. Cal. filed June 22, 2020).

*In re Google Digital Publisher Antitrust Litigation*, No. 5:20-cv-08984-BLF (N.D. Cal. filed Dec. 15, 2020) is a class action suit in the Northern District of California and has been ordered as being related to *In re Google Digital Advertising Antitrust Litigation*. A consolidated complaint was filed on April 5, 2021, and the response to the complaint is due on June 4, 2021. A case management conference is scheduled for June 10, 2021. The case is a consolidation of six class action suits: *Sweepstakes Today, LLC v. Google LLC, et al.*, No. 5:20-cv-08984 (N.D. Cal. filed Dec. 15, 2020); *Genius Media Group, Inc., et al. v. Google LLC, et al.*, No. 5:20-cv-09092 (N.D. Cal. filed Dec. 16, 2020); *Sterling International Consulting Group v. Google LLC*, No. 5:20-cv-09321 (N.D. Cal. filed Dec. 23, 2020); *Astarita v. Google LLC, et al.*, No. 5:21-cv-00022 (N.D. Cal. filed Jan. 4, 2021); *JLaSalle Enterprises LLC v. Google LLC*, No. 5:21-cv-00748 (N.D. Cal. filed Jan. 29, 2021); and *Mikula Web Solutions, Inc. v. Google LLC*, No. 5:21-cv-00810 (N.D. Cal. filed Feb. 2, 2021).

*Negron v. Google LLC*, No. 4:21-cv-00801-HSG (N.D. Cal. filed Feb. 1, 2021) is a class action suit in the Northern District of California. The parties have stipulated that the response to the complaint is due on June 4, 2021.

*Organic Panaceas, LLC v. Google, LLC et al.*, 5:21-cv-2629 (N.D. Cal. filed Apr. 12, 2021) is a class action suit in the Northern District of California. The plaintiff there indicated that its case is related to *In re Google Digital Advertising Antitrust Litigation*, *Sweepstakes Today*, *Genius Media*, *Sterling*, and *Astarita*.

*Cliffy Care Landscaping LLC v. Facebook, Inc. et al.*, No. 21-cv-360 (D.D.C. filed Feb. 9, 2021); *Kinin, Inc. v. Facebook, Inc. et al.*, No. 21-cv-622 (D.D.C. filed Mar. 8, 2021); and *Raintree*

*Med. & Chiropractic Ctr., LLC et al. v. Facebook, Inc. et al.*, No. 21-cv-658 (D.D.C. filed Mar. 12, 2021), are class action suits pending in the District of Columbia. An unopposed motion to consolidate the three cases into a single action, with *Cliffy Care* as the lead case, was filed on April 2, 2021. The plaintiffs' consolidated amended complaint is due on May 19, 2021, and the response to the complaint is due on July 19, 2021.

*HD Media Company, LLC v. Google, LLC, et al.*, No. 21-cv-00077 (S.D.W.V. filed Jan. 29, 2021) is a lawsuit in the Southern District of West Virginia. Pursuant to a stipulation by the parties, defendants' responses to the complaint are due on May 18, 2021.

On April 19, 2021, twelve lawsuits were filed by newspaper publishing companies in twelve different judicial districts. *See AIM Media Midwest Operating, LLC v. Google, LLC*, No. 2:21-cv-01915 (S.D. Ohio filed Apr. 19, 2021); *Gale Force Media, LLC v. Google LLC et al.*, 2:21-cv-09716 (D.N.J. filed Apr. 19, 2021); *Flag Publications Inc. v. Google LLC et al.*, 1-21-cv-00965 (D. Md. filed Apr. 19, 2021); *Journal Inc. v Google LLC et al.*, 1-21-cv-00072 (N.D. Miss. filed Apr. 19, 2021); *AIM Media Indiana Operating LLC v. Google LLC et al.*, 1-21-cv-00951 (S.D. Ind. filed Apr. 19, 2021); *AIM Media Texas Operating LLC v. Google LLC et al.*, 7-21-cv-00150 (S.D. Tex. filed Apr. 19, 2021); *ECENT Corporation v Google LLC*, 5-21-cv-00251 (S.D.W. Va. filed Apr. 19, 2021); *Clarksburg Publishing Company v. Google LLC et al.*, 1-21-cv-00051 (N.D.W. Va. filed Apr. 19, 2021); *Emmerich Newspapers Incorporated et al. v. Google LLC et al.*, 3-21-cv-00274 (S.D. Miss. filed Apr. 19, 2021); *Eagle Printing Company v Google LLC et al.*, 2-21-cv-00518 (W.D. Pa. filed Apr. 19, 2021); *Coastal Point LLC v Google LLC et al.*, 1-21-cv-00554 (D. Del. filed Apr. 19, 2021); and *Brown County Publishing Company Inc. et al. v. Google LLC et al.*, 2-21-cv-00498 (E.D. Wis. filed Apr. 19, 2021).

*Associated Newspapers Ltd. et al. v Google LLC et al.*, 1-21-cv-03446 (S.D.N.Y. filed Apr. 20, 2021), is a lawsuit filed in the Southern District of New York.

<u>Plaintiffs' Position</u>: Plaintiffs contend *Inform Inc. v. Google LLC et al.*, 1:19-cv-05362 (N.D. Ga. filed Nov. 24, 2019) is also a related case. Defendants Google LLC, Alphabet Inc., and YouTube, LLC filed a motion to dismiss the First Amended Complaint on November 13, 2020. Defendants' motion was fully briefed on January 15, 2021 and is awaiting a ruling from the Court.

<u>Google's Position</u>: Google's position is that *Inform Inc. v. Google LLC et al.* is not related to this case.

**5. Confirmation that the initial disclosures required by Rule 26(a)(l) and this Order have been completed.**

The Parties have completed and served initial disclosures and will continue to supplement disclosures as information becomes available, as required by Rule 26(a)(1) and the Order Governing Proceedings (Dkt. 92).

**6. Proposed scheduling order deadlines. Appendix 1 has the Court's standard deadlines. However, given the scope and complexity of the case, the Court anticipates that the parties will propose significant adjustments to these standard deadlines and prepare a proposed scheduling order that fits the needs of this case.**

<u>Plaintiffs' Position</u>: The Parties have discussed a discovery plan and scheduling order. Shortly after the Original Complaint was filed, Plaintiffs informed Google that it was seeking a February 2022 trial date, however, Plaintiffs have agreed to a scheduling order consistent with dates used in the Court's standard schedule. Plaintiffs do not wish to deviate much from the Court's standard schedule, which would set a trial month nearly 12 months after the May 3, 2021 Case Management Conference. Texas started its Ad Tech antitrust investigation into Google on September 9, 2019, and Google was aware of this fact as Texas publicly announced its investigation and issued Civil Investigative Demands on this same date. Accordingly, Texas and

Plaintiff States are seeking a trial date between April 25, 2022 to May 16, 2022, some 32 months after Texas began its Ad Tech antitrust investigation of Google. *See* Plaintiffs' proposed Scheduling Order attached as Appendix A1.

Google's Position: The Parties offer dramatically different views on the proper schedule for this case.  As described in Appendix A2, Google proposes that the trial commence 29 months after the Rule 16 conference, an aggressive timeline for a case as factually and legally complicated as this one, with as much party and third-party discovery as the Parties are contemplating.  As one point of reference, *United States et al. v. Google*, No. 20-cv-3010-APM (D.D.C. Oct. 20, 2020) (the "Search case") involves far fewer Google products than are at issue here, and the court in that case scheduled trial for 31 months after entry of an amended scheduling order.

Although Plaintiffs have embraced the Search case as a model in other respects, they have ignored it as a precedent for scheduling, and propose that trial begin a mere 12 months after the Rule 16 conference (though that would still be about 30 months after they began investigating Google).  The two principal factors driving the divergence in the Parties' proposed schedules are (1) the amount of time provided for fact discovery of the Parties and scores of non-Parties; and (2) whether experts are required to submit reports before the end of fact discovery.  On those two points and others, Google's proposed schedule is more reasonable, practical, and likely to lead to a just resolution of this important case.

The Parties will be prepared to further address the merits of their respective scheduling proposals at the May 3, 2021 hearing.

**7.  Description, in accordance with Rule 26(f), of the following:**

> **(i)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

<u>Plaintiffs' Position</u>: Plaintiffs expect discovery may be needed on the following topics: (i) Google Ad Tech services and hardware used to provide those services; (ii) Header Bidding, Exchange Bidding, Open Bidding, and Network Bidding; (iii) Dynamic Allocation; (iv) Google's Privacy Policies; (v) Google's Ad Auction Mechanics and Ad Servers; (vi) Google's representations made to publishers, advertisers, end users, consumers regulatory agencies, trade organizations, code contributors, and others concerning Google's Ad Tech products and services, including, but not limited to, representations regarding efficacy, privacy, interoperability, and profitability.

<u>Google's Position</u>: Google intends to take discovery on the factual bases of Plaintiffs' allegations, including (1) Plaintiffs' allegations of anticompetitive conduct; (2) Plaintiffs' allegations of violations(s) of state consumer protection or unfair and deceptive trade practices laws; (3) Plaintiffs' allegations relating to relevant markets and market power; (4) the individual competitors or consumers who allegedly have been harmed by Google's conduct or the scope of the harmed persons whom Plaintiffs purport to represent as *parens patriae*; and (5) Plaintiffs' theory of damages. As the case progresses, Google may identify additional subjects on which discovery is required and will timely propound its discovery requests.

Google proposes that discovery be conducted in phases, with fact discovery closing approximately 5.5 months before expert discovery closes. Specifically, as set forth in Appendix A2, Google proposes that fact discovery close on September 9, 2022 and expert discovery close on March 3, 2023.

(ii)     **Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the**

> **parties are unable to resolve during their conference must be identified in the report.**

The Parties have exchanged their preferred terms for ESI protocols on several occasions, and have met and conferred over the phone to discuss their respective positions. The Parties continue in good faith to negotiate a mutually agreeable protocol, and will notify the Court if they need the Court's assistance on any unresolved issues.

> **(iii)   Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including ESI and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

As part of the Parties' good faith negotiations on ESI protocols, the Parties are also negotiating privilege procedures.

> **(iv)   Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

Except where their positions are separately indicated, the Parties jointly propose that the Court enter an Order specifying the following changes to the limitations on discovery. For the avoidance of doubt, as referenced herein, the Plaintiff States, collectively, are one "side" and Google is one "side."

**Depositions.**

Agreed Position: Each side is limited to <u>60</u> depositions of fact witnesses. Fact witness depositions shall be limited to <u>7</u> hours. Each side may depose any and all witnesses produced to testify on each agreed upon Federal Rule of Civil Procedure 30(b)(6) topic, but (unless otherwise specified herein) each 7-hour period of 30(b)(6) deposition testimony shall count as one deposition

for the purpose of the side's limit (e.g., the depositions of seven 30(b)(6) witnesses for two hours each (14 hours in total) count as two depositions).

Parties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay. If a witness is a former employee of any Party, that Party shall, within twenty-one (21) days of the deposition notice, provide the date of departure and last known address of the former employee, whether the Party's counsel can accept service of the notice, whether the Party's counsel will be representing that Party in connection with the deposition and, if not, the name and contact information for the witness' counsel or that the witness is unrepresented.

No Party may notice a deposition of a Party or a non-Party for a date fewer than fourteen (14) days from the date of the notice, except that a Party may cross-notice a deposition of a previously noticed non-Party up to seven (7) days before the date of the deposition.

**Exceptions to Limit on Depositions.**

<u>Plaintiff's Position</u>:  The following depositions do not count against the deposition caps imposed by the preceding sentence: (a) depositions of the Parties' designated expert witnesses; (b) depositions previously taken in response to Civil Investigative Demands; (c) cross-examination of a witness by the non-noticing side in a non-Party deposition noticed by only one side; and (d) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-Party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

<u>Google's Position</u>:  The following depositions do not count against the deposition caps imposed by the preceding sentence: (a) depositions of the Parties' designated expert witnesses; (b) depositions previously taken in response to Civil Investigative Demands; (c) cross-examination of a witness by the non-noticing side in a non-Party deposition noticed by only one side; (d) depositions of individuals who are identified on a Party's witness list and have not previously been deposed in this case; and (e) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-Party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

**Extended-Time Depositions of Party Fact Witnesses.**

<u>Plaintiffs' Position</u>: Fact witness depositions are limited to 7 hours each, except that each side may choose to extend 10 depositions up to 14 hours. The noticing side shall indicate whether it intends to extend a party fact witness's deposition, including the proposed duration of the extended deposition, in the deposition notice for the relevant party fact witness.

<u>Google's Position</u>: Depositions of Party fact witnesses should be limited to 7 hours each. Federal Rule of Civil Procedure 30(d)(1) provides that a deposition is limited to 1 day of 7 hours, unless otherwise stipulated to by the parties or ordered by the Court.  Plaintiffs have not offered any reasonable explanation for why they should be permitted to take 2-day, 14-hour depositions of any 10 Google employees they choose.  Further, scheduling extended-time depositions over two days would exacerbate the difficulties that would be created by Plaintiffs' proposal for a compressed discovery timeline.

**Depositions of Non-Party Fact Witnesses Noticed By One Side.**

Plaintiffs' Position: During non-Party depositions noticed by only one side, the non-noticing side may cross-examine the witness for up to one hour at the conclusion of direct examination, and the side who conducted the direct examination shall be entitled to redirect examination of the witness for approximately the same amount of record time as the cross-examination regardless of whether the redirect examination extends past the 7-hour limit. If the total, on-record portion of the deposition goes beyond 7 hours, the Parties may, but are not required to, have the remaining portion of the deposition take place on a second day.

Google's Position:  Depositions of non-Party fact witnesses noticed by only one side are limited to 7 hours each. During non-Party depositions noticed by only one side, the non-noticing side may cross-examine the witness for up to one hour at the conclusion of direct examination, and the side who conducted the direct examination shall be entitled to redirect examination of the witness for any unused time within the 7-hour limit .

**Depositions of Non-Party Fact Witnesses Noticed by Both Sides.**

Agreed Position: If a non-Party deposition is noticed by both sides, then the deposition will be 11 hours and will be divided equally between the sides, and the deposition of the non-Party will count as one deposition for each side. Any time allotted to one side not used by that side in a non-Party deposition may not be used by the other side, unless the side that does not use all of its allotted time agrees to allow the other side to use the remaining time. For any deposition lasting longer than 7 hours, either Party or the witness may demand that the time remaining after the seventh hour be carried over to be completed on the next consecutive business day.

**Remote Depositions.**

Agreed Position:   The Parties agree that COVID-19 restrictions may make remote depositions necessary. The Parties agree to conduct depositions remotely when necessary. However, nothing in this paragraph or Order prevents a Party from seeking an in-person deposition. In the event that technical issues arise during a remote deposition, including problems with loading or accessing exhibits in the virtual deposition platform, the Parties agree that they will promptly go off the record in order to address such issues without counting against the examiner's time on the record. Absent consent of all Parties, the Parties agree to remain on camera while off the record for this purpose.

**Interrogatories.**

Agreed Position:  Each side is limited to 45 interrogatories in total and an additional 30 contention interrogatories (defined as an interrogatory that asks for a contention that relates to fact or the application of law to fact). This limit on the number of interrogatories includes discrete sub-parts, except that individual Plaintiff States shall provide separate answers to Defendant's interrogatories specific to that State when applicable and requested.

**Requests for Admission.**

Agreed Position:  Each side is limited to 40 requests for admission in total. Requests for admission solely to authenticate documents do not count toward this number.

**Requests for Production.**

Plaintiffs' Position: In accordance with the Federal Rules of Civil Procedure and practice in the Eastern District of Texas, there should be no limit on requests for production, allowing the parties to be more targeted and narrower with discovery requests.

Google's Position: Each side is limited to 50 requests for production to the opposing side. This limit applies to document requests to Parties only and does not apply to non-Party discovery.

> **(v)** **Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or Rule 16(b), (c).**

The Parties jointly propose that the Court enter an Order including the following provisions:

**Discovery on Non-Parties.** Each Party must serve upon all other Parties a copy of any discovery request to any non-Party at the same time it is served on the non-Party. The requesting Party must provide all other Parties with any written communication concerning any discovery request to any non-Party within 7 days of the communication. Every discovery request to a non-Party shall include a cover letter requesting that (a) the non-Party stamp each document with a production number and any applicable confidentiality designation prior to producing it; (b) the non-Party provide both to the requesting Party and to the other side copies of all productions at the same time; (c) the non-Party provide to both the requesting Party and the other side copies of all written correspondence with any Party concerning the non-Party's response to or compliance with any discovery request (including any extensions, modifications, or postponements). If the producing non-Party fails to stamp each document with a production number, the requesting Party must stamp each document with a production number prior to providing copies of the production to the other side.

**Expert Witness Disclosures—Materials Protected from Disclosure.** The following information, documents, and materials are not discoverable, and need not be preserved or disclosed for purposes of complying with Federal Rule of Civil Procedure 26(a)(2), Rule 26(b)(4), or any other rule, including in testimony at deposition, hearing, or trial: (a) any form of oral or written communications, correspondence, or work product—not relied upon by the expert in forming any opinions in his or her final report—shared between: (i) the expert and any persons assisting the expert; (ii) Plaintiffs' counsel and Plaintiffs' experts, or between any agent or employee of

- 15 -

Plaintiffs' counsel and Plaintiffs' experts; (iii) Google's counsel and Google's experts, or between any agent or employee of Google's counsel and Google's experts; (iv) testifying and non-testifying experts; (v) non-testifying experts; or (vi) testifying experts; (b) expert's notes, except for notes of interviews of persons on any Party's preliminary or final witness list if the expert participated in or conducted the interview and relied upon the notes in forming any opinions in his or her final report; (c) drafts of expert reports, affidavits, or declarations or comments, mark-ups, or edits prepared in connection with such drafts; and (d) data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

**Expert Witness Disclosures—Materials to Be Disclosed.** Subject to the limitations of the prior paragraph, and in addition to the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B)(i), (iii)-(vi), the Parties agree that the following materials will be disclosed concurrently at the time that each expert report is served: (a) a list of all documents relied upon by the expert in forming any opinions in his or her report, including Bates numbers of documents previously produced (and, for the avoidance of doubt, such list, along with the disclosure required in (c) below, will be deemed to satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B)(ii)); (b) a copy of all non-public documents relied upon by the expert in forming any opinions in his or her report that have not been previously produced; and (c) for all calculations appearing in the report, all data and programs underlying the calculations, including all programs and codes necessary to recreate the calculations from the initial ("raw") data files, and including the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the report.

The Parties further agree that the following materials will be disclosed within 5 business days of the time that each expert report is served: copies of all publications authored by the expert in the previous 10 years that are not readily available publicly.

**Expert Depositions.** Each expert may be deposed for a total of 10 hours, over two consecutive days, unless otherwise agreed by the Parties. Depositions of each side's experts will be conducted only after disclosure of all expert reports and accompanying materials.

**Calculating Response Times.** For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was sent and received will be treated in the same manner as hand delivery at that time.

8. **Statement of the progress made toward settlement and the present status of settlement negotiations, including whether a demand and/or an offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.**

The Parties have not engaged in settlement discussions or exchanged settlement offers. The Parties have not discussed or agreed upon a mediator. A deadline by which the Parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator is set forth in Appendices A1 (Plaintiffs' proposed scheduling order) and A2 (Google proposed scheduling order).

9. **The identity of persons expected to be deposed.**

<u>Plaintiffs' Position</u>: Plaintiffs expect to notice Google employees with information about the Google products relevant to this lawsuit for depositions. Plaintiffs reserve the right to notice additional dispositions as appropriate during the course of discovery.

<u>Google's Position</u>: Google has not finalized a list of persons it intends to depose, but anticipates taking a significant number of depositions.

Google contemplates deposing individuals and/or representatives of Parties or entities that Plaintiffs have identified in the Amended Complaint (Dkt. 77) and/or in Plaintiffs' Initial Disclosures. Google also anticipates that it may depose representatives of each of the Plaintiffs to this action and certain individuals and/or representatives of third parties. Further, Google may depose individuals identified as having knowledge in Google's Initial Disclosures.

Identification of a potential deponent (or category thereof) does not mean that the Party will necessarily depose that deponent (or deponents from that category), or that the Party is entitled to the deposition. The Parties reserve the right to object to a deposition under applicable rules. Additionally, discovery is ongoing, and the Parties reserve the right to supplement and identify additional persons that they may depose as discovery in this case develops in accordance with applicable rules and the Court's Amended Order Governing Proceedings dated March 23, 2021 (Dkt. 92) as amended from time to time.

**10. Estimated trial time and whether a jury demand has been timely made.**

The Parties estimate that trial will take 8-10 weeks. Plaintiffs have made a jury demand.

**11. The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

<u>For Plaintiffs</u>: Ashley Keller, Brooke Smith, and Warren Postman of Keller Lenkner LLC and Mark Lanier, Alex Brown, and Zeke DeRose III of The Lanier Law Firm, P.C. for Plaintiff States of Texas, Idaho, South Dakota, and North Dakota;

Jeff Pickett of the State of Alaska Department of Law for the Plaintiff State of Alaska;

Johnathan R. Carter of the Office of the Arkansas Attorney General for the Plaintiff State of Arkansas;

Lee Istrail of the Office of the Attorney General of Florida for the Plaintiff State of Florida;

Matthew Michaloski and Scott Barnhart of the Office of the Indiana Attorney General for the Plaintiff State of Indiana;

Philip R. Heleringer of the Office of the Attorney General of Kentucky for the Plaintiff Commonwealth of Kentucky;

Hart Martin of the Mississippi Attorney General's Office for the Plaintiff State of Mississippi;

Kimberley G. Biagioli and Stephen M. Hoeplinger of the Missouri Attorney General's Office for the Plaintiff State of Missouri;

Mark Mattioli of the Montana Department of Justice for the Plaintiff State of Montana; alternatively, if Brian Barnes and/or Harold Reeves of Cooper & Kirk, PLLC have appeared in this case for the Plaintiff State of Montana in advance of the management conference, then they shall have full authority to bind the Plaintiff State of Montana;

Marie W.L. Martin and Michelle C. Newman of the Office of the Nevada Attorney General for the Plaintiff State of Nevada;

Parrell D. Grossman and Elin S. Alm of the Office of the Attorney General for North Dakota for the Plaintiff State of North Dakota;

The counsel listed above as appearing on behalf of Texas shall have full authority to bind the Plaintiff Commonwealth of Puerto Rico at the management conference;

Yvette K. Lafrentz of the South Dakota Office of the Attorney General for the Plaintiff State of South Dakota; and

Tara W. Pincock of the Office of the Utah Attorney General for the Plaintiff State of Utah.

<u>For Google</u>: Paul Yetter of Yetter Coleman LLP and Eric Mahr of Freshfields Bruckhaus Deringer US LLP.

**12. Whether the parties jointly consent to trial before a magistrate judge.**

The Parties do not consent to trial before a magistrate judge.

**13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

<u>Plaintiffs' Position</u>: At this time, the Plaintiffs do not believe there are other matters that need to be brought to the court's attention.

<u>Google's Position</u>: Google notes that its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. 28) remains pending. In light of the many related cases recently filed in courts throughout the United States, Google expects to file a petition with the Judicial Panel on Multidistrict Litigation to have this case and the large number of related cases centralized before a single district judge, pursuant to 28 U.S.C. § 1407.

[Signature Block on Next Page]

Dated: April 27, 2021                   Respectfully submitted,

                                        /s/ R. Paul Yetter
                                        R. Paul Yetter
                                        State Bar No. 22154200
                                        Bryce L. Callahan
                                        State Bar No. 24055248
                                        YETTER COLEMAN LLP
                                        811 Main Street, Suite 4100
                                        Houston, Texas 77002
                                        (713) 632-8000
                                        (713) 632-8002 (Fax)
                                        pyetter@yettercoleman.com
                                        bcallahan@yettercoleman.com

                                        Eric Mahr (*pro hac vice*)
                                        Julie S. Elmer (*pro hac vice*)
                                        FRESHFIELDS BRUCKHAUS DERINGER LLP
                                        700 13th Street NW, 10th Floor
                                        Washington, D.C. 20005
                                        (202) 777-4545
                                        (202) 777-4587 (Fax)
                                        eric.mahr@freshfields.com
                                        Julie.elmer@freshfields.com

                                        John D. Harkrider (*pro hac vice*)
                                        AXINN VELTROP & HARKRIDER, LLP
                                        114 West 47th Street
                                        New York, New York 10036
                                        (212) 728-2210
                                        jharkrider@axinn.com

                                        Daniel S Bitton (*pro hac vice*)
                                        AXINN VELTROP & HARKRIDER, LLP
                                        560 Mission Street
                                        San Francisco, California 94105
                                        (415) 490-1486
                                        dbitton@axinn.com

                                        ATTORNEYS FOR DEFENDANT GOOGLE LLC

/s/Brent Webster_____
Brent Webster
First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC001)
Austin, TX 78711-2548
(512) 936-0680

/s/Shawn E. Cowles_____
Shawn E. Cowles
Deputy Attorney General for Civil Litigation
Shawn.Cowles@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC001)
Austin, TX 78711-2548
(512) 936-7947

*Attorneys for Plaintiff State of Texas*

/s/Ashley Keller_____
Ashley Keller
Admitted Pro Hac Vice
ack@kellerlenkner.com
Brooke Smith
brooke.smith@kellerlenkner.com
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220
Warren Postman
wdp@kellerlenkner.com
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334
**KELLER LENKNER LLC**

/s/Grant Dorfman_____
Grant Dorfman
Deputy First Assistant Attorney General
Grant.Dorfman@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC001)
Austin, TX 78711-2548
(512) 936-0680

/s/James R. Lloyd_____
James R. Lloyd
Chief, Antitrust Division
James.Lloyd@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC075)
Austin, TX 78711-2548
(512) 936-1674

/s/Mark Lanier_____
Mark Lanier (*lead counsel*)
Texas Bar No. 11934600
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
10940 W. Sam Houston Parkway N. Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204
**THE LANIER LAW FIRM, P.C.**

*Attorneys for Plaintiff States of Texas, Idaho, South Dakota, and North Dakota*

*On behalf of all Plaintiff States*

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of April, 2021, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/  Bryce L. Callahan*_____
Bryce L. Callahan

## **APPENDIX A1 (Plaintiffs)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

THE STATE OF TEXAS, et al.,          §
                                     §
        Plaintiffs,                  §
                                     §
v.                                   §
                                     §          Civil Action No. 4:20-CV-957-SDJ
                                     §
GOOGLE LLC,                          §
                                     §
        Defendant.                   §

PROPOSED SCHEDULING ORDER DEADLINES

The following actions shall be completed by the dates indicated.[1] (The times indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes).

| | |
|---|---|
| May 10, 2021 | Deadline for motions to transfer. |
| June 14, 2021 | Deadline to add parties. |
| July 12, 2021 | Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| July 26, 2021 | Deadline for Plaintiff to file amended pleading. (A motion for leave to amend is required.) |
| August 9, 2021 | Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof. |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in FED. R. CIV. P. 6, the effective date is the first federal court business day following the deadline imposed.

| August 9, 2021 | Deadline for Defendant's final amended pleadings. (A motion for leave to amend is required.) |
| --- | --- |
| August 23, 2021 | Deadline to object to expert testimony on issues for which the party seeking to introduce that testimony bears the burden of proof. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection. |
| September 6, 2021 | Deadline to object to expert testimony on issues for which the party seeking to introduce that testimony does not bear the burden of proof. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection. |
| November 15, , 2021 | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| November 15, 2021 | All discovery shall be commenced in time to be completed by this date. |
| November 27, 2021 **(but no later than 110 days prior to deadline for submission of Joint Final Pretrial Order)** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |

| | |
|---|---|
| <u>November 27, 2021</u> | Mediation must occur by this date. |
| <u>March 3, 2022</u><br>(6 weeks before final<br>pretrial conf.) | Notice of intent to offer certified records. |
| <u>March 3, 2022</u><br>(6 weeks before final<br>pretrial conf.) | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| <u>March 10, 2022</u><br>(5 weeks before<br>pretrial conf.) | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the Court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| <u>March 17, 2022</u><br>(30 days before final<br>pretrial conf.) | Motions in limine due<br>File Joint Final Pretrial Order. *See*<br>http://www.txed.uscourts.gov/?q=forms/misc |
| <u>March 31, 2022</u><br>(2 weeks before<br>pretrial conf.) | Response to motions in limine due. [2]<br><br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order. (This does not extend deadline to object to expert witnesses.) |

---

[2] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. However, if there is a particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space, respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the Court of all the issues which are resolved.

|  | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
|---|---|
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed, the Court may set a hearing to consider all pending motions and objections. |
| <u>April 14, 2022</u> | Final Pretrial Conference at 9:00 a.m. at the United States Courthouse located at 7940 Preston Road, Plano, Texas 75024. Parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| <u>TBD</u> | 10:00 a.m. jury selection and trial (or bench trial) at the United States Courthouse located at 7940 Preston Road, Plano, Texas 75024. Cases that remain for trial following the Court's Pretrial docket will be tried between April 25, 2022, and May 16, 2022. A specific trial date in this time frame will be selected at the Final Pretrial Conference. |
| <u>8-10 weeks</u> | EXPECTED LENGTH OF TRIAL |

**APPENDIX A2 (Google)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 4:20-CV-957-SDJ |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

PROPOSED SCHEDULING ORDER DEADLINES

May 10, 2021          Deadline for motions to transfer.

June 14, 2021          Deadline to add parties.

January 24, 2022          Deadline for Plaintiffs to file amended pleading.
(A motion for leave to amend is required.)

February 21, 2022          Deadline for Defendant's final amended pleadings. (A motion for
leave to amend is required.)

September 9, 2022          Close of fact discovery

September 16, 2022          Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2)
and Local Rule CV-26(b) on issues for which the party bears the
burden of proof.

| November 15, 2022 | Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof. |
|---|---|
| December 15, 2022 | Disclosure of rebuttal expert testimony. |
| March 3, 2023 | Close of expert discovery. All discovery shall be commenced in time to be completed by this date. |
| March 31, 2023 | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| April 3, 2023 | Deadline to object to all expert testimony (i.e., deadline for *Daubert* motions). Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection. |
| April 3, 2023 **(but no later than 110 days prior to deadline for submission of Joint Final Pretrial Order)** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| May 3, 2023 | Deadline for responses to *Daubert* motions and responses to motions to dismiss, motions for summary judgment, or other dispositive motions. |
| May 24, 2023 | Deadline for replies to *Daubert* motions. |

| | |
|---|---|
| May 31, 2023 | Deadline for replies to motions to dismiss, motions for summary judgment, or other dispositive motions |
| June 16, 2023 | Mediation must occur by this date. |
| August 4, 2023<br>6 weeks before final<br>pretrial conf. | Notice of intent to offer certified records. |
| August 4, 2023<br>6 weeks before final<br>pretrial conf. | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| August 11, 2023<br>5 weeks before final<br>pretrial conf. | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the Court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| August 16, 2023<br>30 days before final<br>pretrial conf. | Motions in limine due.<br>File Joint Final Pretrial Order. *See* http://www.txed.uscourts.gov/?q=forms/misc |
| September 1, 2023<br>2 weeks before final<br>pretrial conf. | Response to motions in limine due.[3] |

---

[3] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. However, if there is a particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space, respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any

|  | File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[4] (This does not extend the deadline to object to expert witnesses.)

File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
|---|---|
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed, the Court may set a hearing to consider all pending motions and objections. |
| <u>September 15, 2023</u> | Final Pretrial Conference at 9:00 a.m. at the United States Courthouse located at 7940 Preston Road, Plano, Texas 75024. |
| To be determined | 10:00 a.m. jury selection and trial (or bench trial) at the United States Courthouse located at 7940 Preston Road, Plano, Texas 75024. Cases that remain for trial following the Court's Pretrial docket will be tried between **October 1, 2023 and October 31, 2023**. A specific trial date in this time frame will be selected at the Final Pretrial Conference. |
| <u>8-10 weeks</u> | EXPECTED LENGTH OF TRIAL |

---

response. The parties shall notify the Court of all the issues which are resolved.

[4] Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.