IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**PROSPECTIVE PLAINITFF STATE OF SOUTH CAROLINA MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AS PLAINTIFF**

On March 15, 2021, the plaintiff states in the above-styled action filed their First Amended Complaint ("Amended Complaint") against Google LLC ("Google") under federal and state antitrust and deceptive trade practices laws. Prospective Plaintiff State of South Carolina ("South Carolina") now moves the Court for permission to intervene in the action as a plaintiff pursuant to Federal Rule of Civil Procedure 24.

The deadline to add parties according to the Scheduling Order entered on May 21, 2021, (Dkt. 123) was Thursday, June 17, 2021. Although South Carolina is not being added to the case by one of the parties in the case, it is interested in intervening in the underlying action as a plaintiff state, in the public interest and on behalf of the people of South Carolina. On Thursday, June 17, 2021, South Carolina notified the Court and Google of its intent to move to intervene in the underlying action after a

statutorily prescribed notice period.[1] The statutorily prescribed notice period has elapsed, and South Carolina now wishes to move to intervene. Google was provided notice on June 17, 2021, by South Carolina, and South Carolina does not believe the delay will cause undue burden or hardship to any of the parties, and intervention is in the best interest of judicial economy and resources, as well as the resources of all of the parties.

South Carolina is not proposing that any new facts or claims be added to the complaint at this time, and instead proposes that it be permitted to intervene as a plaintiff state and that any state specific claims be added to an amended complaint on or before the November 12, 2021 deadline for plaintiffs to file an amended pleading. *Id.*

Non-substantive changes to the Amended Complaint would include (1) adding South Carolina to the caption:

**STATE OF SOUTH CAROLINA**
**By Attorney General Alan Wilson**

(2) including South Carolina in the list of plaintiff states in paragraph 1 of the Amended Complaint; and (3) adding a signature block identical to the one submitted

---

[1] Under § 39-5-50(a) of the S.C. Code of Laws, the South Carolina Attorney General has given the defendant, Google LLC, notice that South Carolina is contemplating pursuing claims against it for violations of federal and state antitrust and consumer protection laws involving Google's acts and practices regarding its ad tech business. (See Notice under S.C. Code § 39-5-50(a), attached as Exhibit 1). These violations share a common question of law and fact with the case before Your Honor. See also South Carolina's June 17, 2021 notice to the Court, attached as Exhibit 2.

with this motion.

South Carolina seeks to intervene in this case under Federal Rule of Civil Procedure 24(b)(1)(b), permissive intervention. Intervention allows a nonparty to file a motion to enter a lawsuit to protect its interests when the underlying lawsuit contains common questions of law and fact. Federal Rule of Civil Procedure 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

*South Carolina's Motion to Intervene is Timely and Will not Cause Undue Delay or Prejudice*

South Carolina's motion to intervene is timely. As discussed above, the case Scheduling Order sets June 17, 2021, as the deadline to add parties. The Scheduling Order contemplated when parties could timely be added to the case without causing undue delay or prejudice to the adjudication of the original parties' rights. South Carolina gave notice of its intent to intervene to Google and the Court by June 17, 2021. South Carolina does not seek to add new facts into a pleading, and any claims added to a future amended pleading by the plaintiff states are related to the underlying claims already existing in the case (antitrust and consumer protection). Accordingly, adding South Carolina to the case at this time does not cause undue

delay and Google is not prejudiced.[2]

*In the Interest of Party Resources and Time, South Carolina Does Not Wish to Amend Pleadings*

As discussed, South Carolina is not seeking to add any new facts to the underlying Amended Complaint. Any pleading or amended complaint at this time would be identical to the live pleading, with the exception of adding South Carolina to the sections listed above and listing South Carolina's unfair trade practices statute.[3]

Making the parties go through the process of substantively drafting, filing, and responding to pleadings at this time would be an unnecessary use of resources. Although Rule 24(c) states that a motion for intervention be accompanied by a pleading, "[t]he circuits appear to be split in their approach to enforcement of Rule 24(c), with a majority favoring a permissive interpretation of the rule." *In re Toyota Hybrid Brake Litig.*, *4:20-CV-127, 2020 WL 6161495, at \*11 (E.D. Tex. Oct. 21, 2020)* (citing *Liberty Surplus Ins. Companies* v. *Slick Willies of Am., Inc.*, No. CIV.A. H-07-

---

[2] "In exercising discretion on a timely motion, the Court considers if the intervenor has a claim or defense that shares with the main action a common question of law or fact, and whether the intervention will cause undue delay or prejudice."24 *Nevada* v. *United States Dep't of Labor*, No. 4:16-CV-731, 2017 WL 3780085, at \*3 (E.D. Tex. Aug. 31, 2017) (citing FED. R. CIV. P. 24(b)(1)(B), (b)(3)); see *Graves* v. *Walton County Bd. of Educ.*, 686 F.2d 1135, 1140 n.3 (5th Cir. Unit B 1982) ("Under Rule 24(b), a district court may permit intervention if to do so will not unduly delay or prejudice adjudication of the rights of the original parties."). *In re Toyota Hybrid Brake Litig.*, 4:20-CV-127, 2020 WL 6161495, at \*19 (E.D. Tex. Oct. 21, 2020).

[3] South Carolina would be added to the underlying action in the public interest on behalf of the people of the State of South Carolina, by Alan Wilson, South Carolina Attorney General, against Google pursuant to South Carolina Code § 39-5-10 *et seq.*

0706, 2007 WL 2330294, at *1 (S.D. Tex. Aug. 15, 2007)). "For example, the Fifth Circuit has permitted intervention even in the absence of a motion to intervene." *Id.* at n. 15.

South Carolina requests that it be permitted to intervene in this case and that it include the amendments discussed above into an amended complaint with the other plaintiff states, that will be filed on or before the deadline to amend pleadings.

*Conclusion*

South Carolina's Motion to Intervene should be granted as it will allow South Carolina to resolve its disputes in a case that shares common questions of law and fact, is timely, and is permitted under the Federal Rules of Civil Procedure.

Dated this 29th day of June 2021.

Respectfully submitted,

**FOR STATE OF SOUTH CAROLINA**

ALAN WILSON
South Carolina Attorney General


 /s/ Rebecca M. Hartner

REBECCA M. HARTNER, Assistant Attorney General
W. JEFFREY YOUNG, Chief Deputy Attorney General
C. HAVIRD JONES, JR., Senior Assistant Deputy Attorney General
MARY FRANCES JOWERS, Assistant Deputy Attorney General
Office of the Attorney General, State of South Carolina
P.O.Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-3970
Email: rhartner@scag.gov

*Attorneys for the State of South Carolina*

## CERTIFICATE OF SERVICE

I certify that on this 29th day of June 2021, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/Rebecca M. Hartner*