IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § § | |
| Defendant. | § | |

**RESPONSE BY DEFENDANT GOOGLE LLC TO THE
MOTION TO INTERVENE BY THE STATE OF SOUTH CAROLINA**

Defendant Google LLC ("Google") submits this Response to the Motion to Intervene filed by the State of South Carolina on June 29, 2021. Dkt. No. 128. Both South Carolina and Louisiana seek permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), which requires that the would-be intervenors have a "claim or defense that shares with the main action a common question of law or fact." Rule 24(c) entitles Google to notice and disclosure of what that claim is, and it requires that the motion for intervention "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Accordingly, should the Court grant the intervenor-states' motions, Google respectfully requests that the Court direct Plaintiffs to file an amended complaint within 14 days that includes South Carolina and Louisiana as Plaintiffs, asserts any additional state law claims South Carolina and Louisiana intend to pursue, and pleads any facts needed to support those claims. Pursuant to Local Rule CV-7(h), counsel for Google conferred by telephone and email with counsel for Plaintiffs concerning this request. The parties were unable to reach agreement concerning the appropriate time for Plaintiffs to file an amended complaint.

In their motions, South Carolina and Louisiana propose that Plaintiffs not be required to file an amended complaint adding them and any new claims until the November 12, 2021 final

deadline for Plaintiffs to file any amended pleadings in this matter. Dkt. Nos. 123, 128-1 at 4, 126-1 at 1. Google disagrees.

*First*, Rule 24(c) requires that a motion to intervene be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." This rule exists to give the other party adequate notice at the time of the proposed intervention.

*Second*, Google should not be required to face four months of discovery without an up-to-date operative complaint that identifies all of the plaintiffs suing it, all of the claims those plaintiffs intend to pursue, and all facts necessary to support those claims. *See Purselley v. Lockheed Martin Corp.*, 2008 WL 11348326, at *2 (N.D. Tex. May 23, 2008) (denying leave to amend to add a fraud claim when plaintiff knew of underlying facts for ten months without amending complaint); *see also Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (affirming denial of leave to amend, because "at some point in time delay on the part of a plaintiff can be procedurally fatal"). Given that this case has been pending for nearly seven months (and that the operative complaint was filed nearly four months ago), Google proposes that 14 days should be ample time for Plaintiffs to amend the complaint.

*Third*, requiring an amended complaint within 14 days does not impose any undue burden upon Plaintiffs. Any new claims asserted by South Carolina and Louisiana either will be based on the same facts alleged in the current Amended Complaint, in which case amendment should be simple, or will be based on new or additional facts, in which case Google's need to be apprised of those facts is critical.

*Finally*, courts in the Fifth Circuit routinely instruct intervenors to file pleadings in 14 or fewer days. *See*, *e.g.*, *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 2017 WL 6059303, at *8 (E.D. Tex. Dec. 7, 2017) (14 days); *Stutts v. Texas Saltwater Fishing Mag., Inc.*, 2014 WL

12599344, at *2 (S.D. Tex. Jan. 8, 2014) (9 days); *City Bank v. Compass Bank*, 2010 WL 1424275, at *8 (W.D. Tex. Apr. 6, 2010) (14 days); *see also The Aransas Project v. Shaw*, 2010 WL 2522415, at *7 (S.D. Tex. June 17, 2010) (noting that a separate complaint-in-intervention was not required because, unlike here, the plaintiff-intervenor promised to "file all required documents promptly after entry of an order allowing its intervention").

Accordingly, should the Court grant the intervenor-states' motions, Google respectfully requests that the Court direct Plaintiffs to file an amended complaint within 14 days of the Order.

| | |
|---|---|
| Dated: July 13, 2021 | Respectfully submitted, |
| | */s/ R. Paul Yetter* |
| John D. Harkrider (*pro hac vice*)<br>AXINN VELTROP & HARKRIDER, LLP<br>114 West 47th Street<br>New York, New York 10036<br>(212) 728-2210<br>jharkrider@axinn.com | R. Paul Yetter<br>State Bar No. 22154200<br>Bryce L. Callahan<br>State Bar No. 24055248<br>YETTER COLEMAN LLP<br>811 Main Street, Suite 4100<br>Houston, Texas 77002<br>(713) 632-8000<br>pyetter@yettercoleman.com<br>bcallahan@yettercoleman.com |
| Daniel S Bitton (*pro hac vice*)<br>AXINN VELTROP & HARKRIDER, LLP<br>560 Mission Street<br>San Francisco, California 94105<br>(415) 490-1486<br>dbitton@axinn.com | Eric Mahr (*pro hac vice*)<br>Julie S. Elmer (*pro hac vice*)<br>FRESHFIELDS BRUCKHAUS DERINGER LLP<br>700 13th Street NW, 10th Floor<br>Washington, D.C. 20005<br>(202) 777-4545<br>eric.mahr@freshfields.com<br>julie.elmer@freshfields.com |
| | ATTORNEYS FOR DEFENDANTS GOOGLE LLC |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), I certify that on July 12-13, 2021, counsel for Defendant conferred by telephone and email with Zeke DeRose, counsel for Plaintiffs, regarding Plaintiffs' position on this response. According to Mr. DeRose, Plaintiffs intend to oppose this response.

                                                                */s/ Bryce L. Callahan*
                                                                Bryce L. Callahan

## CERTIFICATE OF SERVICE

I certify that on this 13th day of July 2021, this document was filed electronically in compliance with Local Rule CV-5(a) and served on counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                                                                */s/ Bryce L. Callahan*
                                                               Bryce L. Callahan