IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:20-cv-957-SDJ |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**REPLY TO GOOGLE'S RESPONSE TO PROSPECTIVE PLAINTIFF STATE
OF SOUTH CAROLINA'S MOTION TO INTERVENE**

On June 17, 2021, Prospective Plaintiff State of South Carolina ("South Carolina") notified the Court and Google of its intention to seek permission to intervene in the underlying action after its statutorily prescribed notice period. On the same day, prospective plaintiff Louisiana filed its motion to intervene. On June 29, 2021, South Carolina filed its motion to intervene (Dkt. No. 128). Both states confirmed that they did not intend to add any new facts to the case. Further, both states confirmed that the only changes to the live pleading would be adding South Carolina and Louisiana: (i) to the caption; (ii) to the list of plaintiff states; and (iii) to the signature block; and also adding the respective relevant state statutes. Both states identified the statutes, giving Google notice of the relevant state statutes to be added to the state law claims section and prayer for relief in the complaint—all centered around the same antitrust and consumer protection claims in the case since December 2020. Because an amended pleading impacts 16 other states, South Carolina and Louisiana offered to add their names and corresponding state statutes

to an amended pleading when the next substantive amended pleading is filed (before the November 2021 deadline to amend pleadings). It is South Carolina's understanding that the plaintiff states anticipate filing a substantive amended pleading to possibly winnow down and clarify points made in the complaint, and in the interest of party resources and time, South Carolina offered to wait until the plaintiff states were ready to make a substantive joint filing.

On July 13, 2021, Google filed its Response (Dkt. No. 131), and stated that it should not be required to wait until November for "an up-to-date operative complaint that identifies all of the plaintiffs suing it, all of the claims those plaintiffs intend to pursue, and all of the facts necessary to support those claims."

On July 12, 2021, the day before Google filed its Response, Google's counsel reached out about whether the plaintiff states would be amenable to filing an amended complaint 14 days after the Court rules on the motion to intervene. Counsel for Texas asked Google's counsel whether an amended complaint in mid-September, eight weeks from now and about two months before the amended pleadings deadline, would be sufficient timing for an amended complaint. Google instead filed its Response requesting 14 days from the Court's ruling for an amended complaint.

From the standpoint of judicial economy and party resources, it seems that filing a single amended complaint is more pragmatic than the parties dealing with two amended complaints—one 14 days after the Court rules on the motions to intervene and another just weeks later.

However, if the Court prefers that the plaintiff states file an amended

complaint sooner rather than later after the Court issues its ruling on South Carolina and Louisiana's Motions to Intervene, allowing the plaintiff states to have four weeks after the Court's ruling to file an amended complaint should allow the states sufficient time.

Dated this 20th day of July, 2021.

Respectfully submitted,

**FOR STATE OF SOUTH CAROLINA**

ALAN WILSON
South Carolina Attorney General


 /s/ Rebecca M. Hartner

REBECCA M. HARTNER, Assistant Attorney General
W. JEFFREY YOUNG, Chief Deputy Attorney General
C. HAVIRD JONES, JR., Senior Assistant Deputy Attorney General
MARY FRANCES JOWERS, Assistant Deputy Attorney General
Office of the Attorney General, State of South Carolina
P.O.Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-3970
Email: rhartner@scag.gov


*Attorneys for the State of South Carolina*

**CERTIFICATE OF SERVICE**

I certify that on this 20th day of July 2021, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Rebecca M. Hartner*