IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**PARTIALLY UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

The States of Texas, Alaska, Arkansas, Florida, Idaho, Indiana, Mississippi, Missouri, Montana, Nevada, North Dakota, South Dakota, and Utah, and the Commonwealths of Kentucky and Puerto Rico, by and through their Attorneys General (collectively, the "Plaintiff States"), in the above-styled action, respectfully submit this Motion for Leave To File Second Amended Complaint. Pursuant to Local Rule CV-7(k), the Plaintiff States will file a copy of the proposed Second Amended Complaint separately, immediately after the filing of this Motion.[1] Defendant Google LLC ("Google") is unopposed in part to this Motion.

**STATEMENT OF FACTS**

Ten of the Plaintiff States instituted this litigation on December 16, 2020 (Dkt. #1), and an additional five Plaintiff States joined with the filing of the Amended Complaint on March 15, 2021

[1] Pursuant to paragraph 22 of the Protective Order (Dkt. #101), the Plaintiff States hereby inform the Court that the proposed Second Amended Complaint contains information that Defendant Google LLC designated "Highly Confidential." Accordingly, the Plaintiff States will file their proposed Second Amended Complaint under seal in accordance with the Protective Order and Local Rule CV-5(a)(7). Also pursuant to the Protective Order and Local Rule CV-5(a)(7), the Plaintiff States will then file on the public record a duplicate copy of the proposed Second Amended Complaint that does not reveal information that has been designated as Highly Confidential.

(Dkt. #77). More recently, two additional states—Louisiana and South Carolina—filed motions to intervene as plaintiffs in this litigation (Dkts. ## 126, 128). The Court's July 23, 2021 Order directs those two states to "supplement their motions to intervene with a complaint that sets out the claim or claims for which intervention is sought" on or before August 6, 2021, and states that such "complaint may take the form of an amended complaint filed with the other Plaintiff States" (Dkt. 133). To that end, the Plaintiff States now seek leave to file their proposed Second Amended Complaint.

With the proposed Second Amended Complaint, the Plaintiff States will: (1) add the states of Louisiana and South Carolina as plaintiffs to both join the Plaintiff States' federal antitrust claims and add their state-law claims (subject to the Court's granting of their motions to intervene), (2) eliminate or clarify certain state-law claims, and (3) eliminate all claims for federal antitrust damages under Section 4C of the Clayton Act, 15 U.S.C. § 15c.

Counsel for Texas informed Google that the Plaintiff States intended to add South Carolina's and Louisiana's state-law claims in the form of an amended complaint (as contemplated by the Court's July 23, 2021 Order), and to eliminate certain claims against Google, including all federal antitrust damages under Section 4C of the Clayton Act, 15 U.S.C. § 15c.

Google informed counsel that it does not oppose the State of Louisiana and the State of South Carolina supplementing their motions to intervene with a complaint that sets out the claim or claims for which intervention is sought, as ordered by the Court on July 23, 2021. (Dkt. 133). But Google stated that it is unable to take a position on any other amendments until it has reviewed them and considered their impact.

Because the relief sought is in the interests of justice and will not cause undue delay or prejudice, the Plaintiff States respectfully request that the Court grant this motion.

## ARGUMENT AND AUTHORITIES

Under the Federal Rules, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Google partially consented in writing to the Plaintiff States' request for leave to amend and reserved its right to object to the elimination and clarification of claims against it. Out of an abundance of caution,[2] the Plaintiff States nevertheless seek leave to amend; the Court's Scheduling Order states that, although the Plaintiff States' deadline to file an amended pleading is not until November 12, 2021, "a motion for leave to amend is required." Dkt. #123;[3] *see also* Fed. R. Civ. P. 15(a)(2).

When deciding whether to grant leave to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Rule 15 "evinces a bias in favor of granting leave to amend," a district court's discretion "is not broad enough to permit denial" unless there is "a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citing, *e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Those exceptions do not apply; Google does not and cannot contend that the Plaintiff States have unduly delayed, acted in bad faith, acted with dilatory motive, or failed to cure any

[2] "A party may … amend its pleading without the court's leave if it obtains the written consent of the adverse party." *Thomas v. Sunbeam Products, Inc.*, 1:09-CV-477-TH, 2009 WL 10677589, at *1 (E.D. Tex. Sept. 30, 2009).

[3] Accordingly, the Plaintiff States do not seek to modify the Court's Scheduling Order. *Cf. Kovalchuk v. Wilmington Sav. Fund Soc'y, FSB a Tr. of Upland Mortgage Loan Tr. A*, 4:20-CV-186-SDJ, 2021 WL 1015950, at *2 (E.D. Tex. Mar. 16, 2021) (Jordan, J.) (noting that Federal Rule of Civil Procedure 16(b) applies when a party seeks to amend its pleading after the scheduling order's deadline). Rather, the Plaintiff States seek to comply with the Court's Scheduling Order by requesting leave to amend their live pleading well in advance of the November 12, 2021 deadline. The Plaintiff States reserve all rights with respect to filing any additional amended pleading before the Scheduling Order's November 12, 2021 deadline.

deficiencies (much less repeatedly so). Nor can Google claim any prejudice; indeed, the principal effect of the proposed Second Amended Complaint is to *eliminate* all claims for federal antitrust damages against Google, and Google does not oppose the addition of state-law claims by Louisiana and South Carolina (which are separately the subject of motions to intervene, Dkts. ## 126, 128).[4]

Justice requires that the Plaintiff States be granted leave to amend in good faith to winnow and clarify their claims and to add two new Plaintiff States.

## **CONCLUSION**

For these reasons, Plaintiff States respectfully request that the Court grant them leave to file their Second Amended Complaint.

[4] If leave is not granted, the states of Louisiana and South Carolina would need to file a new case and copy-cat complaint in this Court, accomplish service of process upon Google, and request consolidation with this case. This would unnecessarily burden those states, Google, and the Court, without any countervailing benefit.

Dated: August 4, 2021

Respectfully submitted,

*/s/Brent Webster*
Brent Webster
First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC001)
Austin, TX 78711-2548
(512) 936-0680

*/s/Grant Dorfman*
Grant Dorfman
Deputy First Assistant Attorney General
Grant.Dorfman@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC001)
Austin, TX 78711-2548
(512) 936-0680

*/s/Shawn E. Cowles*
Shawn E. Cowles
Deputy Attorney General for Civil Litigation
Shawn.Cowles@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC001)
Austin, TX 78711-2548
(512) 936-7947

*/s/James R. Lloyd*
James R. Lloyd
Chief, Antitrust Division
James.Lloyd@oag.texas.gov
Nicholas G. Grimmer
Assistant Attorney General, Antitrust Division
Nick.Grimmer@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC075)
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

*/s/Ashley Keller*
Ashley Keller
ack@kellerlenkner.com
Brooke Smith
brooke.smith@kellerlenkner.com
Jason A. Zweig
jaz@kellerlenkner.com
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220
Warren Postman
wdp@kellerlenkner.com
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334
**KELLER LENKNER LLC**

*/s/Mark Lanier*
Mark Lanier (*lead counsel*)
Texas Bar No. 11934600
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
10940 W. Sam Houston Parkway N. Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204
**THE LANIER LAW FIRM, P.C.**

*Attorneys for Plaintiff States of Texas, Idaho, Mississippi, North Dakota, and South Dakota*

*On behalf of all Plaintiff States*

**CERTIFICATE OF CONFERENCE**

I hereby certify that the meet and confer requirements in Local Rule CV-7(h) have been met. This motion is consented to and not opposed by any party. I conferred with Eric Mahr on Monday, August 2nd, Tuesday, August 3rd, and Wednesday, August 4th, regarding the underlying motion and the Plaintiff States' intent to remove certain claims against Google, including all federal antitrust damages under 15 U.S.C. § 15c. Mr. Mahr informed me that Google is not opposing the amendments ordered by Judge Jordan, but unable to take a position on any additional amendments until it can review the proposed amended complaint.

*/s/ Zeke DeRose III*
Zeke DeRose III

**CERTIFICATE OF SERVICE**

I certify that on this 4th day of August, 2021, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Zeke DeRose III*
Zeke DeRose III