IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § § | |
| Defendant. | § | |

**GOOGLE LLC'S RESPONSE TO PLAINTIFFS' REQUEST FOR STATUS CONFERENCE AND SETTING OF TRIAL**

Google LLC ("Google") respectfully submits the following response to Plaintiffs' request for a status conference and a trial date in 2024. *See* Dkt. 146. As discussed below, Plaintiffs' request is premature and fails to mention many of the key developments that have occurred since this case was transferred to the multidistrict litigation ("MDL") pending in the Southern District of New York in August 2021. *See* Dkt. 140; JPML Dkt. 126; MDL Dkt. 1[1].

**I.     No Status Conference Should Be Scheduled Before This Case Returns To This Court.**

Late last year, Congress amended 28 U.S.C. § 1407(g) to exempt antitrust actions brought by state attorneys general from inclusion in multidistrict litigations. *See* Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Div. GG, Title III, § 301, 136 Stat. 4459, 5970 (Dec. 29, 2022). Nothing in the amendment expressed Congress's intention to affect cases like this one that had already been included in an MDL before the law changed. Still, on June 5, 2023,

---

[1] "Dkt." refers to entries on this Court's docket for this case. "JPML Dkt." refers to docket entries in *In re Google Digital Advertising Antitrust Litig.*, MDL No. 3010 (J.P.M.L.). "MDL Dkt." refers to docket entries in *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y.). "EDVA Dkt." refers to docket entries in *United States et al. v. Google LLC*, No 1:23-cv-00108 (E.D. Va.).

in a first-of-its-kind ruling, the Judicial Panel on Multidistrict Litigation ("JPML") interpreted the amendment to apply retroactively to state antitrust enforcement actions already pending in MDLs and ordered that this case be remanded to this Court. *See* JPML Dkt. 250.

The case, however, has not yet been transferred. The Southern District of New York's local rules instruct the clerk of that court to effectuate a transfer order after the expiration of seven days from entry of the order, meaning that transfer could not occur until tomorrow[2]. For their part, despite entry of the remand order, Plaintiffs have continued to participate in the meet-and-confer process occurring as part of ongoing discovery in the MDL.

Google respectfully disagrees with the JPML's decision and intends to petition the Second Circuit on or before June 20, 2023, for a writ of mandamus reversing the remand order, along with a motion to expedite review. To ensure that the Second Circuit retains jurisdiction to grant this mandamus petition, earlier today, Google filed an emergency motion asking the JPML to stay its remand order, *see* JPML Dkt. 251, and also requested that Judge P. Kevin Castel, who is presiding over the MDL, enter an order staying transfer, *see* SDNY Dkt. 569.

In light of this procedural posture—with this case not even back before this Court—Plaintiffs' request for a status conference is premature. If either motion to stay is granted, this case may not return here for several weeks. And if the mandamus petition is granted, it may not return until pre-trial proceedings conclude in the Southern District of New York. When the case returns to this Court, Google will be prepared to appear for an in-person or telephonic status conference at the Court's convenience.

---

[2] Local Civil Rule 83.1 of S.D.N.Y. and E.D.N.Y., available at
https://www.nysd.uscourts.gov/sites/default/files/local_rules/2021-10-15%20Joint%20Local%20Rules.pdf.

**II.     A Trial Date Should Not Be Set Without Consideration of the Other Remaining Stages in This Case.**

As with their request for a scheduling conference, Plaintiffs' request to set a trial date is premature because this case has not even returned to this Court. And in pressing for a trial in 2024, Plaintiffs also ignore both this Court's previous scheduling order and the proceedings that have occurred in the Southern District of New York over the past two years.

After Google answered Plaintiffs' Amended Complaint, *see* Dkt. 96, but before the case was transferred, this Court entered a scheduling order laying out an accelerated timetable. *See* Dkt. 123. In that order, the Court provided about 13 months for fact discovery, followed by about 4 months for expert discovery, followed by about 7 months for summary judgment motions and other pre-trial preparations. *See id*. As discovery has been underway for less than 5 months, a trial date could not be set in 2024 without further compressing the already ambitious timeline that the Court previously set.

When the JPML transferred this case in August 2021, Plaintiffs' motion for leave to file a Second Amended Complaint was pending. *See* Dkt. 136. Judge Castel granted leave to file that complaint and, later, leave to file a Third Amended Complaint ("TAC"). *See* MDL Dkt. 144. Judge Castel also authorized Google to move to dismiss the federal antitrust claims in the TAC, while deferring consideration of Plaintiffs' state law claims. *See* MDL Dkt. 142, at 10:17-20 ("Google's time . . . to respond to Counts Five and Six, which are state law claims in the state complaint, are stayed pending further order.").

On September 13, 2022, in a 92-page opinion, Judge Castel granted in part Google's motion to dismiss the federal antitrust claims in the TAC. *See* MDL Dkt. 308; *In re Google Digital Advert. Antitrust Litig.*, 2022 WL 4226932 (S.D.N.Y. Sept. 13, 2022). When Google sought to move to dismiss the state law claims as well, MDL Dkt. 357, Plaintiffs requested

permission to file yet another amended complaint, MDL Dkt. 362 at 3, and Judge Castel allowed them to do so, MDL Dkt. 495. Plaintiffs filed their Fourth Amended Complaint ("FAC") on May 5, 2023. *See* MDL Dkt. 541. Google's obligation to respond to the FAC has been stayed pending further order. *See* MDL Dkt. 495.

After ruling on the motion to dismiss, Judge Castel entered a scheduling order providing for fact discovery to be completed by June 28, 2024, and expert discovery to be completed by December 27, 2024. *See* MDL Dkt. 394 ¶¶ 4, 7. The parties began serving discovery requests in January 2023. Since then, Google has produced more than one million additional documents (on top of the roughly 2.25 million documents that Plaintiffs received during their pre-complaint investigation or earlier in the MDL) and more than 100 terabytes of data. By contrast, Plaintiffs collectively have produced approximately 8,500 documents in response to Google's party discovery requests. Plaintiffs have also taken the position that they have no obligation to respond to party discovery requests on behalf of state agencies other than their respective Offices of the Attorney General[3], which has required Google to send subpoenas to a total of 70 state agencies. While some state agencies have produced documents, others have not yet produced any and have indicated that they are still months away from doing so. Having already received voluminous productions from Google, Plaintiffs should not now be permitted to truncate the period for fact discovery before complying with their own discovery obligations.

In addition to seeking discovery from Plaintiffs and state agencies, Google has sent document subpoenas to 128 other third parties and has been negotiating those subpoenas in light of the June 28, 2024 fact-discovery deadline in the MDL. Cutting off fact discovery prematurely would deprive Google of meaningful access to this third-party discovery.

---

[3] The only exception, Alaska, has agreed to respond on behalf of its state agencies that used online advertising during the relevant time period.

Further, after weeks of negotiation, Judge Castel and Magistrate Judge John F. Anderson (who is supervising discovery in a parallel proceeding brought by the U.S. Department of Justice and another group of state attorneys general in the Eastern District of Virginia) recently entered orders to facilitate coordination of fact discovery in the two cases. *See* MDL Dkt. 564; EDVA Dkt. 251. If this Court were to enter a schedule that departed materially from the schedules in the MDL and the Virginia case, at least some of the hard-earned benefits of coordination would be lost, resulting in inefficient and duplicative discovery.

Plaintiffs wrongly assert that "the Department of Justice and several other states . . . are set to try their case against Google in March of 2024." Dkt. 146, at 2. In fact, the schedule entered in the Eastern District of Virginia provides for fact discovery to conclude by September 8, 2023, and expert discovery to conclude by January 12, 2024. *See* EDVA Dkt. 69. That court will hold a status conference on January 18, 2024, to discuss a summary judgment briefing schedule and perhaps set a trial date, but no trial date has yet been set.

Plaintiffs' request for a trial date in 2024 overlooks at least three important considerations relevant to entry of any new scheduling order. First, the prior scheduling order was not entered until after Google answered the then-operative complaint, and Google has not yet been allowed to respond to the state law claims in Plaintiffs' latest, Fourth Amended Complaint. Second, as noted above, it would be impossible to schedule a trial in 2024 without further accelerating the already compressed timetable embodied in the previous scheduling order, and reducing the time available for fact discovery could prejudice Google if its ability to complete discovery of Plaintiffs and third parties were cut off before they make substantial productions (and after Google has already produced vast quantities of documents and data). Third, Google and Plaintiffs have been engaging in coordinated fact discovery with the other parties in the MDL, and have just begun coordinated

discovery with plaintiffs in the Virginia case. The efficiencies from such coordination could be lost (or at least diminished significantly) without thoughtful consideration of how the schedule in this case will interact with the parallel proceedings in the other courts.

Dated: June 12, 2023

Respectfully submitted,

/s/ Paul Yetter

R. Paul Yetter
State Bar No. 22154200
Bryce L. Callahan
State Bar No. 24055248
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
(202) 777-4587
eric.mahr@freshfields.com
Julie.elmer@freshfields.com

ATTORNEYS FOR DEFENDANT
GOOGLE LLC

### CERTIFICATE OF SERVICE

I certify that this document was filed electronically in compliance with Local Rule CV-5(a) on June 12, 2023, and was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

*/s/ Bryce L. Callahan*
Bryce L. Callahan

6