IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**<u>GOOGLE LLC'S STATUS REPORT FOLLOWING MDL PROCEEDINGS</u>**

Pursuant to the Court's November 7, 2023 order, Defendant Google LLC ("Google") provides the following status report regarding proceedings in MDL No. 3010. EDTX Dkt. 153. Google's proposed schedule is set forth in Appendix A and the States' federal antitrust claims surviving dismissal are summarized at Appendix B.

Judge Castel made significant progress in the MDL. State Plaintiffs amended their complaint three times, most recently in May to revise their state law claims; Judge Castel ruled on a motion to dismiss State Plaintiffs' federal antitrust claims, trimming the complaint to a more focused set of issues; Google responded to 301 expansive requests for production by producing over 6 million documents from over 150 custodians, over 200 terabytes of data, and making available nearly 80 gigabytes of source code for inspection; Google engaged in third-party discovery; and Google made multiple current or former employees available for depositions. Even with that progress, however, there are several critical aspects of the Texas case that remain to be completed: Google intends to test the sufficiency of State Plaintiffs' state law claims, helping the parties focus continuing discovery efforts; State Plaintiffs have yet to respond to interrogatories that go to key questions such as who they represent and the relief that they seek (a gating issue to Google's ability to complete discovery on the States); depending on the results of Google's motion to dismiss, Google may need to take depositions related to each of the 17 sets of state law claims; the States have recently stated that they need additional discovery on their state law claims, with the State of Texas issuing 101 new requests for production on November 10; and depositions need to be completed.

Following consolidation, Judge Castel established a process for evaluating the sufficiency of all parties' claims: State Plaintiffs' federal antitrust claims were to be addressed first,

followed by private plaintiffs' federal antitrust claims, and then all plaintiffs' state law claims.[1] The process gave State Plaintiffs two chances to amend their complaint prior to facing a motion to dismiss.  Dkt. 4 ¶ 7.  Judge Castel explained that "[t]he idea is to get the strongest and best pleading in front of the Court so Google can make its motions and so that we don't have this tennis match of rulings on motions followed by amendments followed by further motions and further rulings."  *See* Dkt. 142 at 10:13-11:10.  Google then filed a motion to dismiss State Plaintiffs' federal antitrust claims.  Dkts. 217, 218.

In September 2022, Judge Castel issued a comprehensive ninety-two page opinion, dismissing State Plaintiffs' marquee claim of a conspiratorial agreement between Google and Facebook and narrowing the Section 2 claims, pruning many allegations as implausibly anticompetitive.[2]  Dkt. 308.  Judge Castel allowed the State Plaintiffs' remaining federal antitrust claims to proceed based on the allegations in the Third Amended Complaint, but noted "[e]xperience teaches that cases often look very different when evidence from both sides is considered."  *Id*. at 3.  Additional detail on the claims surviving dismissal is in Appendix B.

Google subsequently sought leave to file a motion to dismiss State Plaintiffs' state law claims.  Dkt. 357.  Judge Castel chose instead to extend his stay of motion practice related to State Plaintiffs' state law claims, which remains in place today.  Dkt. 392 ¶ 4.  Ninety days later, State Plaintiffs sought leave to amend their state law claims.  Dkt. 466.  Google opposed that motion given the court's prior admonishment that State Plaintiffs put forth their best and strongest complaint in their previous complaint.  Dkt. 473.  Judge Castel nevertheless granted

---

[1] Pre-Trial Order No. 1, *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y. Aug. 13, 2021) (hereinafter "MDL"), Dkt. 4.  Unless otherwise noted, all Dkt. cites refer to the MDL docket.

[2] Judge Castel entered two stipulations as to the effect of his motion to dismiss ruling on Plaintiffs' state law claims.  Dkts. 417, 493.

State Plaintiffs leave to file a Fourth Amended Complaint "only as it relates to the [state law] DTPA and remedies for violations of the DTPA," but continued the stay of Google's time to move to dismiss or answer. Dkt. 495. As a result, Google has not had the opportunity to test the legal sufficiency of the State Plaintiffs' state deceptive trade practices act ("DTPA") claims. Dkt. 541.

Discovery has also progressed. In September 2022, Judge Castel directed plaintiffs to designate a Discovery Steering Committee (the "DSC") whose responsibilities included drafting common discovery requests. Dkt. 311. Judge Castel ordered that State Plaintiffs hold two of the five seats on the DSC. *Id.* ¶ 2 n.1. The DSC took the position that "discovery [should] occur on all issues related to the pleadings as currently constituted," Dkt. 358 at 3, and that their initial requests would be "comprehensive" and cover "all aspects of the case," *see* Dkt. 371 at 8.

On January 27, 2023, on the last possible day to serve their initial requests, the DSC served Google 301 requests for production ("RFPs") seeking documents going back to 2007. *See* Dkts. 394 ¶ 6.1, 441, 441-1 (copy of the RFPs, including requests related to DTPA claims). In response, and combined with materials produced during the State of Texas' 13-month presuit investigation, Google has produced over 6 million documents from over 150 custodians and over 200 search terms (more than 100 of which were proposed by the DSC), produced over 200 terabytes of data—much of which has necessitated the construction of bespoke pipelines created by Google engineers to provide to Plaintiffs data in ways outside of the ordinary course—and made available for inspection nearly 80 gigabytes of source code.

State Plaintiffs have also had the benefit of coordinated discovery from *United States, et al. v. Google LLC*, 1:23-cv-00108 (E.D. Va.) ("EDVA"), the U.S. Department of Justice's lawsuit based on substantially the same issues related to Google's ad tech business. Judge Castel entered

a coordination order between the MDL and EDVA case on June 2, 2023, which allowed State Plaintiffs to cross notice Google depositions occurring for the EDVA case during the EDVA fact discovery period. Dkt. 564. Thus far, State Plaintiffs have cross noticed three EDVA Google depositions,[3] in addition to the one Google deposition that MDL Plaintiffs noticed in the first instance. Unlike Plaintiffs, Google has not had the opportunity to begin its party depositions because Judge Castel stayed all depositions of MDL plaintiffs, including State Plaintiffs, until the conclusion of fact discovery in the EDVA case. Dkt. 551 ¶ 3.

State Plaintiffs' discovery responses, by contrast, have been meager.[4] Google issued roughly 75 requests for production and interrogatories on State Plaintiffs, including an interrogatory asking State Plaintiffs to identify all remedies they are seeking in this action. The States have unhelpfully responded that they are seeking "all available remedies." Likewise, almost a year into discovery, the State Plaintiffs are still unable to provide basic information concerning their claimed *parens patriae* status, such as on whose behalf State Plaintiffs are suing. Without these answers, Google lacks key information about State Plaintiffs' case that it needs to complete discovery. Although Google's discovery requests included requests related to Plaintiffs' DTPA claims, Google has not yet sought additional discovery based on State Plaintiffs' Fourth Amended Complaint, partially because of State Plaintiffs' refusal or inability to answer interrogatories as to whom they represent.

Despite previously telling Google that the 301 RFPs that they propounded were

---

[3] State Plaintiffs contend that they are not bound by the coordination order with respect to MDL Plaintiffs' recent cross notice of an additional Google deponent. Google disputes that contention.

[4] All 17 State Plaintiffs missed the deadline for service of Responses and Objections to Google's discovery requests and then sought a retroactive extension on the basis that they were "confused" about the deadline to respond. *See* Dkt. 550 at 2 n.1. Some States also explained that although The Lanier Law Firm was their "liaison," it was not authorized to accept service of discovery requests on their behalf.

"comprehensive," on October 20, 2023, State Plaintiffs asserted for the first time that the 301 requests for production were in fact just the "first swath" of discovery requests and State Plaintiffs intended to seek further discovery on their state law DTPA claims.  On November 1, the DSC (including State Plaintiffs) filed a motion to compel the addition of search terms and custodians.  Dkt. 660.  At a conference on November 2, Judge Castel granted the DSC's motion, but admonished Plaintiffs to "get on with the depositions, get on with the rest of discovery," and stated that "if I go down this path, this is essentially it."  Nov. 2, 2023 MDL Tr. at 11:3-18.  Eight days later, Plaintiff Texas served Google with an additional 101 RFPs.  That same day, State Plaintiffs informed Google that they would be seeking an end to fact discovery in January.

Google respectfully requests that the Court enter the proposed schedule described in Appendix A.  Google's proposed schedule relies on the work this Court and Judge Castel have already done in this matter, combining Judge Castel's coordinated fact discovery schedule with the post-fact discovery schedule Your Honor put in place prior to centralization by the JPML.  This proposal allows for the fair and efficient resolution of this case without squandering the benefits of coordination offered by Judge Castel's MDL schedule.  Specifically, coordinated discovery avoids the burdensome possibility of multiple depositions for deponents, including third-parties.

Dated: November 14, 2023                              Respectfully submitted,

   */s/ Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
Bryce L. Callahan
State Bar No. 24055248
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002 (Fax)
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
(202) 777-4587 (Fax)
eric.mahr@freshfields.com
Julie.elmer@freshfields.com

Daniel S Bitton (*pro hac vice*)
AXINN VELTROP & HARKRIDER, LLP
560 Mission Street
San Francisco, California 94105
(415) 490-1486
dbitton@axinn.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on November 14, 2023, the foregoing was served on all counsel of record via the Court's ECF system.

*/s/ Paul Yetter*
