IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendants. | Case No. 4:20-cv-00957-SDJ <br><br> Hon. Sean D. Jordan |

**PLAINTIFFS' CASE STATUS REPORT AND PROPOSED SCHEDULE**

Plaintiff States (the "States") respectfully submit the following report updating the Court and a proposed schedule in response to the Court's Order. *See* Dkt. 153.

Over four years ago, in September 2019, a multi-state coalition initiated an extensive pre-suit investigation into Google's alleged monopolistic and deceptive conduct in the web display advertising market. *See* Dkt. 108 at 7. We are now a month shy of three years since the States filed suit in this Court on December 16, 2020. In requesting a case schedule on May 6, 2021, the States argued that the allegations, harm, rapidly changing technology, and Google's tens of billions a month in ill-gotten gains warranted a rapid trial and that delay only continues to harm American consumers that the States seek to protect. The Court set a June 2023 trial date.

The Judicial Panel on Multidistrict Litigation ("JPML") centralized this case with others in the Southern District of New York in August 2021. Since then, more States have joined, 17 in all.[1] On June 5, 2023, the JPML remanded this action "to

---

[1] The States include the following sovereigns and the Commonwealth of Puerto Rico: Texas, Alaska, Arkansas, Florida, Idaho, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nevada,

its transferor court." *See In re: Google Digital Advertising Litig.*, MDL No. 3010, Dkt. 250 at 2 (J.P.M.L.). Google gained four months of delay by seeking a writ of mandamus and a series of emergency stays, but its mandamus petition was denied. The delay Google has caused at every turn warrants the expeditious schedule described below.

### *Developments Since Consolidation in SDNY*

While in SDNY, Google, the States, and the MDL Plaintiffs entered into an ESI Order, Confidentiality Order, and Expert Stipulation. These documents addressed among other things how to handle Source Code review and privilege challenges. Google and Texas have discussed that these documents, with minor changes, should govern this case going forward, subject to this Court's approval.

### *Motions Practice*

The parties briefed and argued Rule 12 motions with respect to the federal antitrust claims only, which Judge Castel resolved in an 88-page order (the "MTD Opinion"). *See* Dkt. 308 (attached as Ex. A). The MTD Opinion denied Google's motion as to Counts I–III and granted it as to Count IV:

- With respect to monopolization, the complaint "plausibly alleged that Google has monopoly power in and willfully engaged in anticompetitive conduct, i.e., conduct that harms competition in the markets for ad exchanges, ad-buying tools for small advertisers and publisher ad servers." *Id.* at 34–35.

- As for attempted monopolization claims, the complaint "plausibly alleged anticompetitive conduct, a specific intent to monopolize and a dangerous probability of achieving monopoly power in the markets for ad exchanges, ad-buying tools for small advertisers and ad-buying tools for large advertisers." *Id.* at 35.

---

North Dakota, Puerto Rico, South Carolina, South Dakota, and Utah.

- Regarding tying, the complaint "plausibly alleged that Google has used its market power in the ad-exchange market to coerce publishers to license its publisher ad server and thus stated a claim for an unlawful tying arrangement." *Id.* at 3.

The States filed a Fourth Amended Complaint on May 11, 2023, narrowing and adding factual detail to their Deceptive Trade Practices Act ("DTPA") claims. *See* Dkt. 541 ¶¶ 526-97. The States do not anticipate that either party will relitigate Judge Castel's MTD Opinion, but do expect that Google will file a Rule 12 motion as to the state-law claims (including the DTPA claims).

### *Discovery*

After using the States' Third Amended Complaint for a bellwether ruling on the federal antitrust claims, the discovery process started with initial requests for production related to surviving antitrust claims served by January 27, 2023, and substantial completion of production by May 27, 2023. *See* Dkt. 394, ¶ 6.1. The discovery process, however, has been unfortunately marred by delays and missing productions attributable to Google. On May 11, 2023, the States alerted the MDL Court to Google's deficient productions. *See* Dkt. 544 (Ex. B). Google later represented that it substantially completed production, which prompted the beginning of depositions in the Department of Justice ("DOJ") action.

Then, on August 28, 2023, Google's counsel alerted the States "that certain custodial documents that were collected and that hit on search terms were inadvertently omitted from our document review." *See* Dkt. 631 at 3 (Letter from Discovery Steering Committee summarizing the issue) (Ex. C). Google disclosed the details of these issues on the eve of multiple scheduled depositions. Further

3

investigation revealed that Google ran search terms only on two out of seven "ingestion" sites housing relevant documents, omitting more than 10 million documents. *Id.* at 4. Google had only produced about 1 million documents when it certified substantial completion, making this omitted volume quite significant. Google ultimately identified 16.1 million documents were impacted and omitted from review.[2] While it attempted to remedy its production deficiencies with the DOJ, Google unilaterally declined to negotiate with the States on custodian and search terms. *Id.* at 5. As a result, disputes over the MDL Plaintiffs' very first set of Requests for Production remained unresolved.

In light of the problems with Google's productions, the States were not in a position to cross-notice and participate in all depositions taken in the parallel DOJ action. Those problems include the lack of produced documents, timing and volume of Google's production, and issues with accessing Google's productions, in addition to Google's collection failure discussed above. The States have nonetheless participated in 3 depositions (one was redone after the above-described document production issue), two took place last week, and a fourth deposition will take place this week. The States anticipate they will need 30 fact depositions in total in this case.

Google's continued intransigence led the MDL Plaintiffs, including the States, to file another letter motion on October 20, 2023 asking Judge Castel for relief. Dkt. 654 (Ex. D); 660 (Ex. E). Judge Castel granted the relief, requiring Google to

---

[2] Discovery violations appear disturbingly common for Google in defending antitrust cases. Just yesterday, press reports quoted Judge Donato, who oversees Epic Games' antitrust case against Google, stating on the record that "I am forming a deep concern that there is an ingrained systemic culture of suppression of relevant evidence within Google." *See* Bonnie Eslinger, *Google's CLO To Face Hot Seat As Judge Questions 'Culture'*, Law360 (Nov. 13, 2023), https://www.law360.com/articles/1766081/google-s-clo-to-face-hot-seat-as-judge-questions-culture.

4

designate three additional custodians and produce additional documents. Dkt. 664 (Ex. F).

Apart from the considerable deficiencies in Google's productions, Google's ten volumes of privilege logs have more than 250,000 entries, an astounding volume that has required the States to dedicate multiple attorneys to the privilege log alone.[3] On November 12, 2023, the States submitted a letter to Google regarding its privilege log deficiencies. A special master may be needed in this Court to streamline privilege log and other discovery challenges.[4]

After remand to this Court, the State of Texas also propounded Requests for Production focused on the DTPA claims, which have not yet been resolved.

## **CONCLUSION**

Counsel for the State of Texas is prepared to update the Court on any additional matters. In view of the proceedings and discovery already conducted in the MDL, the States believe this Court should set an expeditious trial date. The parties are represented by experienced counsel that can work together to navigate the trial schedule. Accordingly, the States submit the proposed trial schedule below.

Additional delay simply means allowing Google to abuse its market power for longer, at the expense of American consumers. The only interests served are Google's.

---

[3] Notably, this initial privilege log is *before* Google's ingestion site issue, and we anticipate the amount of documents withheld to be much larger than 250,000.
[4] Although Judge Castel resolved the additional custodian and search string issue, there are remaining issues regarding whether Google produced corresponding and responsive linked documents (similar to email attachments), chat preservation issues noted in footnote 2, and DTPA discovery questions.

Dated: November 14, 2023

| | |
|---|---|
| /s/ W. Mark Lanier<br>W. Mark Lanier<br>Mark.Lanier@LanierLawFirm.com<br>Alex J. Brown<br>Alex.Brown@LanierLawFirm.com<br>Zeke DeRose III<br>Zeke.DeRose@LanierLawFirm.com<br>10940 W. Sam Houston Pkwy N,<br>Suite 100<br>Houston, TX 77064<br>(713) 659-5200<br>**THE LANIER LAW FIRM, PLLC** | /s/ Ashley Keller<br>Ashley Keller<br>ack@kellerpostman.com<br>150 N. Riverside Plaza, Suite 4100<br>Chicago, Illinois 60606<br>(312) 741-5220<br><br>Zina Bash<br>zina.bash@kellerpostman.com<br>111 Congress Avenue, Suite 500<br>Austin, TX 78701<br>(512) 690-0990<br><br>Noah S. Heinz<br>noah.heinz@kellerpostman.com<br>1101 Connecticut, N.W., 11th Floor<br>Washington, DC 20005<br>(202) 918-1123<br>**KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151
Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201
***For the Plaintiff State of Texas***

6

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
Grant Dorfman, Deputy First Assistant Attorney General
Grant.Dorfman@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## CERTIFICATE OF SERVICE

I certify that on November 14, 2023, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ W. Mark Lanier*
W. Mark Lanier

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendants. | Case No. 4:20-cv-00957-SDJ <br><br> Hon. Sean D. Jordan |

## SCHEDULING ORDER

The Court, after reviewing the case management report required by Federal Rule of Civil Procedure 26(f) and conferring with the parties by scheduling conference, enters this case-specific order which controls disposition of this action pending further order of the Court. The following actions shall be completed by the dates indicated.[5]

### DEADLINES

| Date | Deadline |
|---|---|
| 11/20/2023 | Case Management Conference and Status Conference |
| 02/14/2024 | Close of fact discovery. |
| 02/28/2024 | Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| 03/20/2024 | Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof. |
| 04/10/2024 | Disclosure of rebuttal expert testimony. |
| 05/08/2024 | Close of expert testimony. |

---

[5] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in FED. R. CIV. P. 6, the effective date is the first federal court business day following the deadline imposed.

| | |
|---|---|
| 05/22/2024 | Deadline to object to all expert testimony (*i.e.*, deadline for *Daubert* motions). Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection. |
| 05/22/2024 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| 06/12/2024 | Deadline for responses to *Daubert* motions and responses to motions to dismiss, motions for summary judgment, or other dispositive motions. |
| 06/19/2024 | Deadline for replies to *Daubert* motions and replies to motions to dismiss, motions for summary judgment, or other dispositive motions. |
| 7/11/2024 | Notice of intent to offer certified records. |
| 7/11/2024 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial order, *see* (www.txed.uscourts.gov), and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| 7/18/2024 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross-examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the Court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designation and the Court's rulings on objections. |
| 7/31/2024 | Motions in limine due. |
| 7/31/2024 | File Joint Final Pretrial Order.<br>Response to motions in limine due.[6] |

---

[6] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. However, if there is a particularly difficult or novel issue, the

| | |
|---|---|
| 8/14/2024 | File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.3 (This does not extend deadline to object to expert witnesses.) |
| 8/14/2024 | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| 8/14/2024 | File Proposed Voir Dire Questions |
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed, the Court may set a hearing to consider all pending motions and objections. |
| 08/22–08/23/2024 | Final Pretrial Conference at 9:00 a.m. at the United States Courthouse located at 7940 Preston Road, Plano, Texas 75024. Parties should be prepared to try case. The Court will set aside two days for this conference, which will commence on August 22, 2024 and continue through August 23, 2024, as necessary. |
| 08/26/2024 | **Jury selection and trial (or bench trial) at 10:00 a.m. at the United States Courthouse located at 7940 Preston Road in Plano, Texas 75024.** |
| 4 weeks | Expected length of trial. |

---

Court needs some time to review the matter. To save time and space, respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the Court of all the issues which are resolved.