# EXHIBIT B

May 11, 2023

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11D
New York, New York 10007

      **Re: *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y.) (PKC)**

Dear Judge Castel:

      On behalf of all plaintiffs in this MDL, we write concerning paragraph 6.1 of the Court's Pre-Trial Order No. 5 Scheduling Order (*PTO 5*), which sets a May 30, 2023 deadline to complete the "production of documents, including data responsive" to the parties' initial requests for production of documents (*Substantial Completion Deadline*). We note that the Court has scheduled a conference for May 16 (Doc. 543) to address potential coordination with *United States v. Google LLC*, 23-cv-108 (E.D. Va.).

      Like all scheduling orders, PTO 5 reflects a carefully choreographed sequence of events, with later milestones predicated on the completion of prior ones. Most, if not all, of the discovery milestones that the Court established in PTO 5 largely follow, and are linked to, the Substantial Completion Deadline. Further, paragraph 6.1 of the Scheduling Order is unambiguous. It requires that four months following service of a parties' document requests, the receiving party must substantially complete production of documents *responsive to such document requests*. Nevertheless, during a May 4 meet and confer, when plaintiffs' counsel asked Google whether it would be able to comply with the Substantial Completion Deadline, Google informed plaintiffs for the first time that it had <u>no</u> intention of complying with the Substantial Completion Deadline. Instead, adopting its own subjective meaning of the Substantial Completion Deadline, Google claimed that it would substantially complete the production of documents responsive to plaintiffs' initial requests by unilaterally selecting certain documents without any input from the MDL plaintiffs and without connecting such documents to any of the plaintiffs' document requests in these cases.

      Specifically, and again without meeting and conferring with plaintiffs (as the ESI order and standard litigation practice requires), Google unilaterally declared that it would meet its substantial completion obligations by producing: (1) the approximately 2.35 million documents it has already

produced in the State Plaintiffs' investigation;[1] (2) the approximately 800,000 documents that were produced to the DOJ (which the Court ordered Google to produce to MDL plaintiffs by May 30, *see* Doc. 539); and (3) documents responsive to the search terms that were used in Texas's and the DOJ's ad tech investigations.[2] In Google's view, nothing more is required to meet the Substantial Completion Deadline.

To justify this unjustifiable position, Google makes the incredible claim that this Court has actually blessed it. Google points to paragraph 5 of PTO 5, which concerns the June 2024 discovery deadline generally and not the Substantial Completion Deadline, where the Court noted that in setting the discovery cut-off, it took into account "the substantial document production that has already been made in these actions."

Google's one-sided interpretation of the Substantial Completion Deadline is fallacious and would convert the discovery process into one where Google gets to decide what the facts of this case are by producing only what it wants. That interpretation also eschews standard discovery practice, which involves the parties negotiating in good faith the scope of a parties' document requests and appropriate search terms.

Moreover, the search terms Google intends to use to meet its baseless definition of the Substantial Completion Deadline, are ones that were largely (if not entirely) *unilaterally* selected by Google in the Texas investigation and the DOJ ad tech investigation.[3] Google also intends to run those self-selected terms against largely the exact same custodians that it selected in both investigations. Given that Google is intending to run the same self-serving search terms on largely the same set of custodians from both investigations, whatever documents emerge from such a process are bound to be largely the same ones the plaintiffs already have (or will soon have when Google produces the DOJ investigation documents by May 30). Of even further concern, Google has thus far refused to search centrally stored non-custodial sources of documents (let alone include those sources in substantially completing Google's production), where Plaintiffs believe substantial relevant and responsive documents critical to this case are housed by Google.

Even adopting Google's self-serving interpretation of the Substantial Completion Deadline, paragraph 6.1 also speaks to data, yet the only data Google has agreed to produce is a one-week sample of data that it previously produced to the DOJ, and which the plaintiffs here had no

---

[1] Plaintiffs understand that approximately two-thirds of these documents were produced in connection with a separate Google search investigation. Plaintiffs have sought to clarify this with Google for over a year, including recently, but Google has refused to answer.

[2] Google's unilateral declaration was contained in a letter to plaintiffs' counsel that plaintiffs are not permitted to attach to this letter because Google marked the letter "confidential." The letter itself, however, doesn't appear to contain any confidential information. On May 11, plaintiffs' counsel asked Google to identify which portions of the letter were confidential, and if there are none, to de-designate the confidentiality designation.

[3] Plaintiffs can unequivocally state that the ad tech search terms used in the Texas investigation, were unilaterally selected by Google. Although plaintiffs were not privy to the DOJ ad tech investigation, it is our understanding that those terms, too, were unilaterally selected by Google.

Case 4:20-cv-00957-SDJ Document 157-2 Filed 11/14/23 Page 3 of 4
Case 1:21-md-03010-PKC Document 544 Filed 05/11/23 Page 3 of 4 #: 2998

Letter to P. Kevin Castel
May 11, 2023
Page 3

involvement in selecting or negotiating. Beyond that temporally limited data set, Google—one of the world's largest data companies—has not committed to producing any other data, source code or algorithms.

In response, Google will surely adhere to its *modus operandi*: point fingers at everyone but itself. But once the smoke from Google's subterfuge clears, an inescapable truth emerges: Google never intended to comply with the Substantial Completion Deadline and never will, absent compulsion by this Court. In fact, Google never had any intention of producing documents in response to the MDL Plaintiffs' Rule 34 Requests before May 30—only to repackage what it has already selectively produced.

The plaintiffs respectfully request that this issue be included for discussion at the upcoming May 16 conference including to obtain guidance from the Court concerning the Substantial Completion Deadline. While the parties have meet-and-confer sessions scheduled for May 18 (in person) and May 25 (virtual), the MDL plaintiffs also respectfully propose that the Court set a separate status conference for early June to discuss discovery generally, with the parties to submit statements of issues for discussion one week before such conference.

Plaintiffs asked Google to join in this request for a status conference, but Google has declined to do so, claiming it is unnecessary. Plaintiffs share the Court's frustration with the snail's pace of discovery-related negotiations in the MDL. At this point, we believe an early June status conference with issues teed up for resolution will best advance discovery in this case.

We thank the Court in advance for its consideration.

Sincerely,

| | |
|---|---|
| /s/ W. Mark Lanier | /s/ Ashley Keller |
| W. Mark Lanier | Ashley Keller |
| New York Bar No.: 4327284 | ack@kellerpostman.com |
| Mark.Lanier@LanierLawFirm.com | Jason A. Zweig |
| Alex J. Brown | New York Bar No.: 2960326 |
| New York Bar No.: 4593604 | jaz@kellerpostman.com |
| Alex.Brown@LanierLawFirm.com | 150 N. Riverside Plaza, Suite 4100 |
| Zeke DeRose III | Chicago, Illinois 60606 |
| Zeke.DeRose@LanierLawFirm.com | (312) 741-5220 |
| Tower 56 | Zina Bash |
| 126 East 56th Street, 6th Floor | zina.bash@kellerpostman.com |
| New York, NY 10022 | 111 Congress Avenue, Suite 500 |
| (212) 421-2800 | Austin, TX 78701 |
| THE LANIER LAW FIRM, PLLC | (512) 690-0990 |
| | KELLER POSTMAN LLC |

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

3

Letter to P. Kevin Castel
May 11, 2023
Page 4

*Submitted on behalf of all Plaintiff States*

CC: Counsel of Record

4