IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

## STIPULATION AND ORDER REGARDING EXPERT DISCOVERY

Pursuant to Fed. R. Civ. P. 29, the Parties hereto, through their respective Counsel of record, hereby stipulate to the following regarding the scope of expert discovery and testimony in the Action.

1. **Definitions**

    1.1    "Action" means the action captioned "*The State Of Texas, et al v. Google, LLC*, 4:20-CV-957-SDJ (E.D.Tx.)," previously centralized by the Judicial Panel on Multidistrict Litigation under the caption *In re Google Digital Advertising Antitrust Litig.*, No. 21-MD-3010 (PKC) (S.D.N.Y.). For the avoidance of doubt, "Action" excludes pre-suit investigations by Plaintiffs.

    1.2    "Consultant" means a Person, retained by a Party or their Testifying Expert specifically for purposes of the Action or any Related Action, to assist that Party in the prosecution or defense of the Action, and who will <u>not</u> provide testimony pursuant to Fed.

1

R. Civ. P. 26(a)(2). For the avoidance of doubt, the term Consultant does not include employees of a Party.

1.3     "Counsel" shall mean, as applied to outside counsel, counsel retained by a Party or Parties in connection with the Action or any Related Action. As applied to in-house counsel, it shall mean any lawyer employed by Google acting primarily in a legal capacity for Google. As applied to the Plaintiffs, this includes, but is not limited to, any attorneys who are employed by the Attorney General's Office of a Plaintiff. Counsel also includes any paralegals, administrative assistants, and clerical and administrative personnel supervised by any of the aforementioned Counsel.

1.4     "Defendant" means Google LLC, including all of its employees, agents, and representatives.

1.5     "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

1.6     "Party" means any Plaintiff or Defendant in the Action. "Parties" collectively means Plaintiffs and Defendant in the Action.

1.7     "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

1.8     "Plaintiffs" means the Plaintiffs, including all of their employees, agents, and representatives.

2

1.9 "Related Action" means the Multi-District Litigation captioned *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010-PKC (S.D.N.Y.) (including any cases that may be consolidated or coordinating into that Multi-District Litigation after entry of this Stipulation), and/or *United States, et al. v. Google LLC*, No. 1:23-cv-108 (E.D.Va.).

1.10 "Staff" means any firm, employee, or other individual assisting or supporting a Testifying Expert or Consultant. For the avoidance of doubt, it does not include a Party or a Party's employee.

1.11 "Testifying Expert" means a Person, retained by a Party specifically for purposes of the Action or any Related Action, to assist that Party in the prosecution or defense of the Action or any Related Action, and who is required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2)(B). For the avoidance of doubt, the term Testifying Expert does not include employees of a Party.

2. **General provisions**

2.1 This Stipulation and Order applies to all Parties to the Action. This Stipulation and Order provides the protocols applicable to conducting discovery relating to Testifying Experts and Consultants. Nothing herein shall preclude any Party from seeking to modify it later for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation and Order.

2.2     The Parties shall not serve subpoenas or discovery requests (for depositions or Documents) on any Testifying Expert or Consultant. Instead, the Party proffering such Testifying Expert will: (a) be responsible for producing all materials and information required under this Stipulation or to the extent not addressed in this Stipulation, under the Federal Rules of Civil Procedure for the Testifying Expert, and (b) upon request, make the Testifying Expert available for deposition at a time mutually agreed to by the Parties and consistent with the Court's scheduling order(s).

2.3     The parties agree to comply with the terms of this Stipulation, pending the Court's approval and entry of this Stipulation and Order.

3.   **Governing law**

3.1     Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other order in this Action.

4.   **Expert materials to be disclosed**

4.1     In lieu of the disclosures required under Federal Rule of Civil Procedure 26(a)(2)(B)(ii)-(vi), within one calendar day of the service of any Testifying Expert's report or

declaration pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) or otherwise, the Party or Parties proffering the Testifying Expert shall produce[1]:

    4.1.1    A copy of the data or other information referred to in the Testifying Expert's report or declaration and/or relied on by the Testifying Expert in forming the Testifying Expert's opinions (to the extent not already produced in discovery), including, but not limited to, all data and programs underlying any calculations, including all programs and codes necessary to recreate the calculations from the initial ("raw") data files, and including the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the report.

    4.1.2    A list of all Documents referred to in the Testifying Expert's report or declaration and/or relied upon by the Testifying Expert in forming the Testifying Expert's opinions. For purposes of this list, identifying Documents by Bates number is sufficient. To the extent that any such Documents do not already have a Bates number, the documents may be produced with a Bates number, but Bates numbering is not required.

    4.1.3    A list of all publications authored, in whole or in part, by the Testifying Expert in the previous 10 years and copies of all such publications that are not readily available publicly, provided that such publications are accessible by the Testifying

---

[1] Paragraph 4.1 (including subparagraphs 4.1.1 through 4.1.6) applies to materials created or communications occurring after the initiation of the Action (i.e., post-Action Documents and communications) and to materials created or communications occurring prior to the initiation of the Action (i.e., pre-Action Documents and communications).

Expert. Publications which exist only behind a paywall shall be considered not readily available publicly.

   4.1.4 A list of all other case(s), wherever those cases took place, in which, during the previous 10 years, the Testifying Expert testified at trial or by deposition, including the tribunal and case number.

   4.1.5 Any exhibits that will be used to summarize or support the Testifying Expert's opinions.

   4.1.6 A statement of the compensation to be paid to the Testifying Expert for the Testifying Expert's study and testimony in the case.

  4.2 The information required by paragraphs 4.1.1 - 4.1.6 above shall be produced electronically (via email or FTP site) and, with respect to paragraph 4.1.1, in machine-readable format, where feasible.

  4.3 Paragraphs 4.1.1 - 4.1.6 above are not intended to limit the ability of any Party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to a Testifying Expert's testimony, during the course of any deposition, hearing, or trial. The admissibility of any such demonstrative exhibits shall be governed by the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules and Individual Practices, unless otherwise provided by order of the Court.

**5.** **Expert materials <u>not</u> requiring disclosure**

5.1 Notwithstanding the foregoing and the Federal Rules of Civil Procedure, and except as otherwise required by paragraph 5.2 below, the following materials[2] shall not be subject to discovery or disclosure by any method (including by deposition):

5.1.1 The content of communications, whether oral or written, among or between: (a) Counsel and a Testifying Expert, Consultant, and/or any Staff assisting the Testifying Expert or Consultant; (b) a Testifying Expert or Consultant and other Testifying Experts and Consultants, as well as any Staff assisting such Testifying Experts or Consultants; (c) a Testifying Expert or Consultant and any Staff assisting such Testifying Expert or Consultant; (d) Defendants' Counsel; and (e) Plaintiffs' Counsel.[3]

5.1.2 Drafts of Testifying Expert reports, affidavits, declarations, or other Testifying Expert materials, including, without limitation, (a) draft studies, analyses, opinions, or written expert testimony prepared in connection with the Action or any

---

[2] Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall apply to materials created or communications occurring after the initiation of the Action (i.e., post-Action Documents and communications). Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall also apply to materials created or communications occurring prior to the initiation of the Action (i.e., pre-Action Documents and communications) provided that (i) with respect to subparagraphs 5.1.1(a) and 5.1.1(b), all participants in the communication were retained by or on behalf of the same Party at the time of the communication, (ii) with respect to subparagraph 5.1.2, the Testifying Expert was retained by or on behalf of a Party in the Action the time the materials were prepared, and the materials were prepared on behalf of the same Party that retained the Testifying Expert in the Action, and (iii) subparagraphs 5.1.1(d) and 5.1.1(e) shall apply only to communications occurring after December 16, 2020 (though no party waives any attorney-client or other privilege it may have over pre-December 16, 2020 communications).

[3] Communication between or among counsel for different Plaintiffs, in the Action and any Related Action, are included within this provision. Additionally, notwithstanding paragraph 5.1.1, this expert stipulation does not, and is not intended to, abridge the attorney-client privilege.

Related Action; (b) draft Testifying Expert work papers prepared in connection with the Action or any Related Action; and (c) preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with the Action or any Related Action, except as described in paragraph 4.1.1.

   5.1.3  The notes of a Testifying Expert, Consultant, or Staff, except for notes of interviews of persons on any Party's preliminary or final witness list if the expert participated in or conducted the interview and relied upon the notes in forming any opinions in his or her final report.

   5.1.4  Any comments, whether oral or written, related to a final or draft report, affidavit, or declaration of a Testifying Expert prepared in connection with the Action or any Related Action by: (a) Counsel; (b) a Consultant; (c) Staff; (d) any other Testifying Expert; (e) any other Consultant; or (f) Staff of another Testifying Expert or Consultant.

   5.1.5  Budgets, invoices, bills, receipts, or time records concerning Testifying Experts or Consultants, their staff, assistants, colleagues, or associates, or their companies or organizations. Notwithstanding this provision, any Party may inquire into a Testifying Expert's compensation in this matter, including the Testifying Expert's hourly rates, the total hours spent by the Testifying Expert and staff members in connection with this

Action, and any other payments or consideration received by the Testifying Expert relating to work in the Action.

      5.1.6    Programs, software, or instructions that are commercially available at a reasonable cost.

      5.1.7    Documents that are publicly available, provided that they are identified with sufficient specificity to allow the opposing side to locate and obtain the Document.

      5.1.8    Documents that have previously been produced during discovery in this Action or any Related Action, in the Multi-District Litigation captioned *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010-PKC (S.D.N.Y.), or in *United States, et al. v. Google LLC*, Case No. 1:23-cv-108 (E.D.Va.) provided that they are identified by Bates number in the Testifying Expert's report or declaration.

    5.2    Notwithstanding any provision in paragraph 5 (including all subparagraphs), the Parties must produce (according to paragraphs 4.1.1., 4.1.2, and 4.2 above) all materials that: (a) constitute facts or data that the Testifying Expert relied on in forming the opinions expressed in his or her report; or (b) constitute assumptions that the Testifying Expert relied on in forming the opinions to be expressed. Information, communications, or Documents upon which the Testifying Expert relies as a basis for their opinion are discoverable.  For the avoidance of doubt, nothing herein relieves a Testifying Expert or

Party of the duty to identify the facts, data, and assumptions that the Testifying Expert relied upon as a basis for their opinions.

5.3     Further, notwithstanding the limitations contained in paragraphs 5.1.1 - 5.1.8 above, an expert may be asked at a deposition or trial: (a) to identify and generally describe what data, facts, algorithms, modeling, regression analyses and source code the expert reviewed, investigated or considered but did not rely on or otherwise use, and (b) to describe the reasons for reviewing—but not using or relying on—any such data, facts, algorithms, modeling, analyses or source code.

5.4     The Parties are not required to produce or exchange logs reflecting any of the aforementioned items that are not subject to discovery or production pursuant to this Stipulation and Order.

**IT IS SO STIPULATED**, through Counsel of Record.

December _, 2023

**SO ORDERED:**

_____

Sean D. Jordan
United States District Judge

*/s/ W. Mark Lanier*            */s/ Ashley Keller*
W. Mark Lanier                  Ashley Keller
Mark.Lanier@LanierLawFirm.com   ack@kellerpostman.com
Alex J. Brown                   150 N. Riverside Plaza, Suite 4100
Alex.Brown@LanierLawFirm.com    Chicago, Illinois 60606
Zeke DeRose III                 (312) 741-5220

Zeke.DeRose@LanierLawFirm.com
10940 W. Sam Houston Pkwy N,
Suite 100
Houston, TX 77064
(713) 659-5200
**THE LANIER LAW FIRM, PLLC**

Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut, N.W., 11th Floor
Washington, DC 20005
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

2

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151
Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474‑5201

*For the Plaintiff State of Texas*

| | |
|---|---|
| */s/ Paul Yetter* | |
| R. Paul Yetter | Eric Mahr (*pro hac vice*) |
| State Bar No. 22154200 | Julie S. Elmer (*pro hac vice*) |
| Bryce L. Callahan | FRESHFIELDS BRUCKHAUS DERINGER US LLP |
| State Bar No. 24055248 | 700 13th Street NW, 10th Floor |
| YETTER COLEMAN LLP | Washington, D.C. 20005 |
| 811 Main Street, Suite 4100 | (202) 777-4545 |
| Houston, Texas 77002 | (202) 777-4587 (Fax) |
| (713) 632-8000 | eric.mahr@freshfields.com |
| (713) 632-8002 (Fax) | Julie.elmer@freshfields.com |
| pyetter@yettercoleman.com | |
| bcallahan@yettercoleman.com | Daniel S Bitton (*pro hac vice*) |
| | AXINN VELTROP & HARKRIDER, LLP |
| | 560 Mission Street |
| | San Francisco, California 94105 |
| | (415) 490-1486 |
| | dbitton@axinn.com |

ATTORNEYS FOR DEFENDANT GOOGLE LLC