UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| GOOGLE LLC | § | |

## ORDER

Per the Court's previous order, (Dkt. #165), the parties submitted status reports on currently pending discovery issues and disputes in the above-captioned case, (Dkt. #176, #177). The Court also held a status conference on discovery on December 14, 2023. (Dkt. #185). Based on the parties' written submissions, discussion with counsel during the discovery conference, and the Court's review of the record in this case and the related proceedings in the United States District Court for the Southern District of New York in Case No. 1:21-md-3010 and Case No. 1:21-cv-6841, the Court believes a Special Master should be appointed under Rule 53 of the Federal Rules of Civil Procedure to handle discovery issues and disputes. The Court anticipates that the scope of a potential Special Master's authority will be limited to discovery issues only.

Rule 53 provides that the Court "must give the parties notice and an opportunity to be heard" before it can appoint a Special Master. FED. R. CIV. P. 53(b)(1). The parties may also suggest candidates for appointment. *Id.*

It is therefore **ORDERED** that, no later than **December 22, 2023**, each party must submit a brief of no more than seven (7) pages confirming whether they agree

to the appointment of a Special Master. Regardless of the parties' position(s) on the question of whether a Special Master should be appointed, each side should also outline their position on the scope and limitations of any potential Special Master's authority.

In addition, regardless of the parties' position(s) on the question of whether a Special Master should be appointed, the parties also must submit either (1) the names of one to three individuals that they jointly agree could serve as a Special Master on discovery issues, or if no such agreement can be reached, (2) the names of one to three individuals that each side independently believes could serve as a Special Master on discovery issues. As part of its consideration of this issue, the Court will also independently identify and consider potential candidates to serve as a Special Master. Any candidate for the position, whether identified by the parties or the Court, must not be subject to disqualification as provided in Rule 53(a)(2).

**So ORDERED and SIGNED this 15th day of December, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE