IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>    Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan |

**PLAINTIFFS' POSITION ON A SPECIAL MASTER**

Plaintiff States (the "States") respectfully submit the following in response to the Court's questions regarding the appointment of a Special Master. *See* Dkt. 187.

*First*, the States **agree** that a Special Master should be appointed to resolve discovery issues. Given the complex issues in this case, the Court would need to expend considerable time and effort to resolve all discovery issues in a timely and effective way. As an example, Google has listed nearly ***500,000 entries*** on 16 privilege logs, many of which the States intend to challenge. Appointing a Special Master would greatly assist the Court in resolving discovery issues effectively and timely. *See* Fed. R. Civ. Proc. 53(a)(1)(C). The States have outlined various issues they intend to raise with the Special Master in their Discovery Report. *See* Dkt. 176.[1]

*Second*, the States propose that the Special Master's authority be limited to

---

[1] These issues include: States' Document Requests and Google's Document Productions (including productions of relevant documents produced or provided as evidence/testimony in other cases, linked documents, production of internal chats, data production related to relevant auction and claim information, source code production/review); Google's Privilege Logs/Privilege Assertions (including preservation and production of chats, text messages, etc.); States' Discovery Responses and Productions; and other discovery issues that may arise during the discovery period that the Court believes is best suited for a Special Master.

1

resolving discovery disputes. The States request that the Special Master hold standing discovery hearings every two weeks on a set day; that each party submit discovery disputes three (3) days before the discovery hearing; that the parties' initial written submissions be limited to three (3) pages (not including any appendices or attachments), and that any response be limited to two (2) pages; that if no discovery issues are raised, the hearing be removed from the schedule. The Special Master will be able to expeditiously resolve the discovery issues that are expected to arise (and that have already arisen).

*Third*, the States propose that the Special Master's decisions governing the discovery issues submitted to the Special Master be final under Fed. R. Civ. Proc. 53(f)(3)(B) and not subject to objection, except for issues relating to privilege, privacy, constitutional challenges, and an individual State's statutory constraints/authority.[2] This process will limit delay tactics and ensure the case can proceed to trial promptly. Should the Court decline to order that discovery issues raised with the Special Master are final and not reviewable by the Court, the States propose in the alternative that discovery issues be reviewed only for clear error, and that any objection be lodged within seven (7) days. With respect to issues relating to privilege, privacy, and constitutional challenges, and Statutory authority, the states propose that the Court review the Special Master's determinations *de novo*, but that the parties must raise

---

[2] With regard to the interpretation of a State's statutory authority/constraints related to discovery, there are a handful of scenarios related to sovereign states that could warrant an appeal to Your Honor. For example, if a Special Master determines a State has to obtain discovery from an agency it does not represent or does not have custody or control over, resulting in a State needing institute litigation against that agency, such a scenario may justify input from Judge Jordan or a Magistrate.

any objection within seven (7) days.

*Fourth*, the States have not been able to agree with Google on a list of suitable Special Master candidates. The States propose that one of the following persons be appointed as Special Master:

> Hon. William Royal Furgeson Jr.[3], WDTX, NDTX
>
> Hon. Tomas B. Russell, WDKY
>
> Karl Bayer, Austin Texas

None of the candidates proposed above are subject to disqualification under Fed. R. Civ. Proc. 53(a)(2).

## CONCLUSION

Appointing a Special Master will greatly assist the parties in resolving discovery disputes. The States request that the Court appoint one of its proposed candidates or a qualified candidate of the Court's choosing.

Dated: December 22, 2023

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| 10940 W. Sam Houston Pkwy N, | Zina Bash |
| Suite 100 | zina.bash@kellerpostman.com |
| Houston, TX 77064 | 111 Congress Avenue, Suite 500 |
| (713) 659-5200 | Austin, TX 78701 |
| **THE LANIER LAW FIRM, PLLC** | (512) 690-0990 |

---

[3] Judge Furgeson is currently serving as a Master in Chancery for a Texas state court action in Austin, Texas and The Lanier Law Firm represents plaintiffs in that case. Also, counsel for the States, Mr. DeRose was a judicial law clerk for Judge Furgeson in the 2007-2008 session. Both of these points have been disclosed to Google's counsel and neither is grounds for disqualification.

                        Noah S. Heinz
                        noah.heinz@kellerpostman.com
                        1101 Connecticut, N.W., 11th Floor
                        Washington, DC 20005
                        (202) 918-1123
                        **KELLER POSTMAN LLC**

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
Grant Dorfman, Deputy First Assistant Attorney General
Grant.Dorfman@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## CERTIFICATE OF SERVICE

I certify that on December 22, 2023, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ W. Mark Lanier*
W. Mark Lanier
