UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| GOOGLE LLC | § | |

## SCHEDULING ORDER

This antitrust action was initially filed in this Court on December 16, 2020. The case was later transferred, on August 12, 2021, to the United States District Court for the Southern District of New York ("SDNY") by the Judicial Panel on Multidistrict Litigation ("JPML") for coordinated and consolidated pretrial proceedings in MDL 3010. While proceeding in the MDL, the parties began discovery, including the exchange of initial disclosures.

On June 5, 2023, the JPML remanded the case back to this Court. Defendant Google sought mandamus relief from the JPML remand order in the United States Court of Appeals for the Second Circuit. On October 4, 2023, the Second Circuit denied Google's mandamus petition and the SDNY transferred the case back to this Court shortly thereafter (Cause No. 1:21-cv-6841).

On November 7, 2023, the Court ordered the parties to submit, among other things, proposed case schedules for consideration. (Dkt. #153). The Court, after conferring with the parties and considering the complexity of the case, the parties' proposed schedules, (Dkt. #156, #157), and the Court's docket, enters this case-specific order which controls disposition of this action pending further order of the Court. The following actions shall be completed by the dates indicated.[1]

### DEADLINES

| | |
|---|---|
| 01/05/2024 | Deadline for Plaintiff to file amended pleadings. (A motion for leave to amend is required.) |
| 01/15/2024 | Deadline for motion to dismiss. |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Federal Rule of Civil Procedure 6, the effective date is the first business day following the deadline imposed.

| | |
|---|---|
| 02/05/2024 | Deadline for Defendant to file final amended pleadings.[2] (A motion for leave to amend is required.) |
| 02/15/2024 | Deadline to file opposition to motion to dismiss. |
| 02/29/2024 | Deadline to file reply in support of motion to dismiss. |
| 05/03/2024 | Close of fact discovery. |
| 05/17/2024 | Disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| 07/08/2024 | Disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof. |
| 08/05/2024 | Disclosure of rebuttal expert testimony. |
| 09/13/2024 | Close of expert discovery. |
| 10/18/2024 | Deadline for motions for summary judgment. |
| 10/18/2024 | Deadline to object to all expert testimony (i.e., deadline for *Daubert* motions). Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection. |
| 11/08/2024 | Deadline for responses to *Daubert* motions and responses to motions to dismiss, motions for summary judgment, or other dispositive motions. |
| 11/22/2024 | Deadline for replies to *Daubert* motions and replies to motions to dismiss, motions for summary judgment, or other dispositive motions. |
| 02/14/2025 | Notice of intent to offer certified records. |

---

[2] Except as otherwise provided by Federal Rule of Civil Procedure 12(a)(4).

| | |
|---|---|
| 02/14/2025 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial order, *see* (www.txed.uscourts.gov), and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| 02/21/2025 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and request cross-examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the Court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| 02/28/2025 | Motions in limine due. |
| 02/28/2025 | File Joint Final Pretrial Order. |
| 03/14/2025 | Response to motions in limine due.[3] |
| 03/14/2025 | File objections to witnesses, deposition extracts, and exhibits, listed in pretrial order.[4] (This does not extend the deadline to object to expert witnesses.) Provide the exhibit objected to in the motion or |

---

[3] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is a particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the Court of all the issues that are resolved.

[4] Within seven calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a ruling. The parties shall notify the Court of all issues that are resolved. The Court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

|                              |                                                                                                                                                                                                                                                                       |
|------------------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                              | response. If numerous objections are filed, the Court may set a hearing prior to docket call.                                                                                                                                                                          |
| 03/14/2025                   | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law).                                                                                                                                                                 |
| 03/14/2025                   | File Proposed Voir Dire Questions.                                                                                                                                                                                                                                     |
| Date will be set by Court, usually within 10 days prior to pretrial conf. | If numerous objections are filed, the Court may set a hearing to consider all pending motions and objections.                                                                                                                                      |
| 03/27–03/28/2025             | Final Pretrial Conference at 9:00 a.m. at the United States Courthouse located at 7940 Preston Road in Plano, Texas 75024. The Court will set aside two days for this conference, which will commence on March 27, 2025, and continue through March 28, 2025, as necessary. |
| 03/31/2025                   | **Jury selection and trial (or bench trial) at 10:00 a.m. at the United States Courthouse located at 7940 Preston Road in Plano, Texas 75024.**                                                                                                                       |
| 4 weeks                      | Expected length of trial.                                                                                                                                                                                                                                              |

## SCOPE OF DISCOVERY

<u>Modification</u>. Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects. *See* FED. R. CIV. P. 26(b)(2).

<u>Disclosure</u>. The Court is aware that the parties have already exchanged initial disclosures. Nevertheless, the Court reminds them of their continuing obligation to disclose, without awaiting a discovery request, information in addition to that required by Federal Rule of Civil Procedure 26, including names of persons likely to have, and documents containing, information "relevant to the claim or defense of any party." This requirement is set out in the Court's initial Order Governing Proceedings, (Dkt. #88).

If there are any questions about whether information is "relevant to the claim or defense of any party," the parties are directed to Local Rule CV-26(d). A party that

fails to timely disclose any of the information required by order of this Court or by the Federal Rules of Civil Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, a hearing, or in support of a motion.

Coordinated Discovery. Both MDL 3010 and a case brought by the Department of Justice in the Eastern District of Virginia, *U.S. et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA, concern similar issues related to Google's display advertising business and offer opportunities for coordinated discovery going forward. The parties are directed to confer and make a joint proposal concerning a potential coordinated discovery order. If the parties are unable to agree on a joint proposal, they may make separate submissions. Any such proposals for a joint discovery order must be submitted by **January 16, 2024**.

Electronic Discovery. Electronic discovery will proceed in accordance with the Federal Rules of Civil Procedure and the Order Regarding Discovery Procedure, (Dkt. #183), and the Confidentiality Order, (Dkt. #182), entered in this case.

Discovery on Non-parties. Each party must serve upon all other parties a copy of any discovery request to any non-party at the same time it is served on the non-party. The requesting party must provide all other parties with any written communication concerning any discovery request to any non-party within seven days of the communication. Every discovery request to a non-party shall include a cover letter requesting that (a) the non-party stamp each document with a production number and any applicable confidentiality designation prior to producing it; (b) the non-party provide both to the requesting party and to the other side copies of all productions at the same time; and (c) the non-party provide to both the requesting party and the other side copies of all written correspondence with any party concerning the non-party's response to or compliance with any discovery request (including any extensions, modifications, or postponements). If the producing non-party fails to stamp each document with a production number, the requesting party must stamp each document with a production number prior to providing copies of the production to the other side.

Expert Witness Discovery. Expert discovery will proceed in accordance with the Federal Rules of Civil Procedure and the Stipulation and Order Regarding Expert Discovery, (Dkt. #184), entered in this case.

Expert Depositions. Each expert may be deposed for a total of ten hours, over two consecutive days, unless otherwise agreed by the parties. Depositions of each side's experts will be conducted only after disclosure of all expert reports and accompanying materials.

Calculating Response Times. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the

email was sent and received will be treated in the same manner as hand delivery at that time.

## DISCOVERY REQUESTS

<u>Interrogatories</u>. Each side is limited to forty-five interrogatories in total and an additional thirty contention interrogatories (defined as an interrogatory that asks for a contention that relates to fact or the application of law to fact). This limit on the number of interrogatories includes discrete sub-parts, except that individual Plaintiff States shall provide separate answers to Defendant's interrogatories specific to that State when applicable and requested.

<u>Requests for Admission</u>. Each side is limited to forty requests for admission in total. Requests for admission solely to authenticate documents do not count toward this number.

<u>Requests for Production</u>. At this time, limits will not be imposed on requests for production. However, as discovery proceeds, if any party wishes to make or renew a request that limitations be imposed on the allowed number of requests for production, the Court will consider the motion and it will be granted on a showing that such limitation is reasonable and supported by good cause.

## DEPOSITIONS

<u>Generally</u>. Each side is limited to forty depositions of fact witnesses. Fact-witness depositions shall be limited to seven hours. Each side may depose any and all witnesses produced to testify on each agreed upon Federal Rule of Civil Procedure 30(b)(6) topic, but (unless otherwise specified herein) each seven-hour period of 30(b)(6) deposition testimony shall count as one deposition for the purpose of the side's limit (e.g., the depositions of seven 30(b)(6) witnesses for two hours each (fourteen hours in total) count as two depositions). The parties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay. If a witness is a former employee of any party, that party shall, within twenty-one days of the deposition notice, provide the date of departure and last known address of the former employee, whether the party's counsel can accept service of the notice, whether the party's counsel will be representing that party in connection with the deposition and, if not, the name and contact information for the witness's counsel or that the witness is unrepresented. No party may notice a deposition of a party or a non-party for a date fewer than fourteen days from the date of the notice, except that a party may cross-notice a deposition of a previously noticed non-party up to seven days before the date of the deposition.

<u>Exceptions to Limit on Depositions</u>. The following depositions do not count against the deposition caps imposed above: (a) depositions of the parties' designated expert witnesses; (b) depositions previously taken in response to Civil Investigative

6

Demands; (c) cross-examination of a witness by the non-noticing side in a non-party deposition noticed by only one side; (d) depositions of individuals who are identified on a party's witness list and have not previously been deposed in this case; and (e) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any party or non-party, provided that such depositions may be noticed only after the party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

Extended-Time Depositions of Party Fact Witnesses. All party fact witness depositions are limited to seven hours, except that each side may give the other party notice of depositions it proposes to extend up to fourteen hours based on good cause as to a specific person, and the parties will confer in good faith about the extension. This exception will not apply to executive-level employees of Google, the depositions of which shall be limited to seven hours. If the parties are unable to agree after negotiating in good faith, the parties may then seek the Court's intervention.

Depositions of Non-party Fact Witnesses Noticed by One Side. Depositions of non-party fact witnesses noticed by only one side are limited to seven hours total. During such a deposition, the non-noticing side may examine the witness for up to one hour after direct examination. The noticing side then will be entitled to conduct redirect examination of the witness for up to one hour.

Depositions of Non-party Fact Witnesses Noticed by Both Sides. Agreed Position: If a non-party deposition is noticed by both sides, then the deposition will be eleven hours and will be divided equally between the sides, and the deposition of the non-party will count as one deposition for each side. Any time allotted to one side not used by that side in a non-party deposition may not be used by the other side, unless the side that does not use all of its allotted time agrees to allow the other side to use the remaining time.

Lengthy Depositions. For any deposition of any witness lasting longer than seven hours, either party or the witness may demand that the time remaining after the seventh hour be carried over to be completed on the next consecutive business day.

Remote Depositions. The parties may conduct depositions remotely by agreement. In the event that technical issues arise during a remote deposition, including problems with loading or accessing exhibits in the virtual deposition platform, the parties must promptly go off the record in order to address such issues without counting against the examiner's time on the record. Absent consent of all parties, the parties should remain on camera while off the record for this purpose.

## DISCOVERY DISPUTES

In the event the parties encounter a discovery dispute, no motions to compel may be filed until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-7(h). If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

If a special master is appointed, the procedures for discovery disputes described in this order may be altered, and the specific provisions of any special master appointment order will control over the "discovery disputes" section of this order.

## RESOURCES

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains information about electronic filing, **which is mandatory,** Local Rules, telephone numbers, general orders, frequently requested cases, the Eastern District fee schedule, and other information. The electronic filing HelpLine is 1-866-251-7534.

## COMPLIANCE

A party is not excused from the requirements of this scheduling order because dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

## TRIAL

The deadlines for pretrial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for clearly admissible evidence.

Counsel should be familiar with the evidence display system available in the courtroom. Copies of exhibits that will be handed to witnesses should be placed in a three-ring binder, with an additional copy for the Court. (To make it easy to direct the witness to the correct exhibit while on the stand, Plaintiff should use a dark colored binder such as black or dark blue. Defendant should use a light-colored binder such as white, red, or light blue.) Alternatively, if exhibits have been scanned and will be presented via a computer projection system, be sure there is a way for the Court to view or read them separately so as to be able to understand motions and objections.

Counsel are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing pagers and phones and not chewing gum, reading newspapers, or eating.

## OTHER MATTERS

1. Please note the amendments to the Local Rules regarding motion practice. If a document filed electronically exceeds ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the undersigned's chambers in Plano. *See* Local Rule CV-5(a)(9). Courtesy copies over twenty pages long should be bound to the left, and voluminous exhibits should be separated by dividers.

2. Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f). The parties are reminded that "[t]he court need *not* wait for the reply or sur-reply before ruling on the motion." Local Rule CV-7(f) (emphasis added).

**So ORDERED and SIGNED this 2nd day of January, 2024.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

9