UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| GOOGLE LLC | § | |

## ORDER

As the Court has previously advised the parties, it is considering the appointment of a Special Master under Rule 53 of the Federal Rules of Civil Procedure, solely for the purpose of assisting with discovery. Pursuant to Rule 53, the Court ordered the parties to inform the Court whether they agree to the appointment of a Special Master and to propose candidates that could serve as Special Master. (Dkt. #187). The Court has reviewed the parties' responsive filings and their proposed candidates to serve as Special Master. (Dkt. #190, #191).

The Court is considering the appointment of David T. Moran of Jackson Walker LLP to serve as Special Master. The Court attaches to this order Mr. Moran's affidavit pursuant to Rule 53(b)(3), wherein Mr. Moran attests that there is no ground for disqualification under 28 U.S.C. § 455.

It is hereby **ORDERED** that, by no later than **January 9, 2024**, each party may advise the Court of any concerns or objections to the potential appointment of Mr. Moran as Special Master in this case.

**So ORDERED and SIGNED this 3rd day of January, 2024.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § § § | |
| v. | § § | CIVIL NO. 4:20-CV-957-SDJ |
| GOOGLE LLC | § § § § | |

## AFFIDAVIT OF DAVID T. MORAN TENDERED
## PURSUANT TO FED. R. CIV.P. 53

David T. Moran, being first duly sworn according to law, states the following:

I am an attorney at law duly licensed to practice law in the States of Texas and Arkansas. I am also admitted to practice law in the United States District Court for the Eastern District of Texas. I am a partner in the law firm of Jackson Walker LLP.

I have familiarized myself with the parties, attorneys, action and court involved in the above-captioned case. As a result, I affirm that there are no grounds for disqualification of a judge under 28 U.S.C. § 455 that would prevent me from serving as a Special Master in this case.

I also attach Appendix A and B which contain disclosures as to myself and my law firm.

_____
David T. Moran

State of Texas

County of Dallas

Sworn before me and subscribed in my presence this 3rd day of January, 2024 by David T. Moran.

_____
NOTARY PUBLIC

Michelle Smale
Printed Name of Notary Public
My Commission Expires: 02-14-2027

MICHELLE SMALE
Notary Public, State of Texas
Comm. Expires 02-14-2027
Notary ID 7774303

Page 1

## Appendix A – Disclosures of David T. Moran

A.    Disclosures as to Plaintiffs

    1.    I am not representing any of the Plaintiffs in any current matter.

    2.    I have not represented any of the Plaintiffs, with one exception noted below.

    3.    I previously represented the Board of Trustees of the University of Arkansas (an instrumentality of the State of Arkansas) in an insurance claim brought in *Board of Trustees of the University of Arkansas v. The Travelers Indemnity Company,* Case No. 60-CV-20-4834, in the Circuit Court of Pulaski County, Arkansas Sixth Division. The case resolved in December 2022.

B.    Disclosures as to Plaintiffs' Counsel

    1.    I previously defended a client in a lawsuit in which the opposing counsel was The Lanier Firm. The Lanier Firm filed suit on an insurance claim for property damage arising from Hurricane Harvey for a school district in *Taft Independent School District v. Mitsui Sumitomo Insurance Company of America et al,* Case No. S-19-5852 CV-C, in the 343rd Judicial District, San Patricio County, Texas. I represented Mitsui Sumitomo Insurance Company, one of many Defendants. The case resolved as to my client in September 2022.

    2.    I referred a hospital system which had a potential property insurance claim to The Lanier Firm in 2021 for investigation. The Lanier Firm chose not to pursue the case. Neither I nor Jackson Walker received any payment or benefit from The Lanier Firm for that referral of the potential claim.

    3.    I have no professional or personal relationship with Plaintiffs' Counsel.

C.    Disclosures as to Google LLC

    1.    I am not representing Google in any current matter.

    2.    I, along with other attorneys at Jackson Walker, previously represented Google in the following now resolved lawsuits:

- *The Rodney A. Hamilton Living Trust and John Beck Amazing Profits, LLC v. Google Inc. et al.*, Case No. 2:09-cv-00151-TJW-CE, in the Eastern District of Texas. The suit was a putative class action asserting trademark claims. The case was dismissed in December 2011.

- *FPX, LLC d/b/a Firepond v. Google Inc., et al.*; Case No. 2:09-cv-142-TJW-CE, in the Eastern District of Texas. The suit was a putative class action asserting trademark claims. The case was dismissed in January 2012.

- *Dunbar v. Google Inc.*, Case No. 5:10-cv-00194-MHS, in the Eastern District of Texas. The suit was a putative class action asserting privacy claims and was later transferred to the Northern District of California, Case No. 5:12-cv-03305-LHK and consolidated into Case No. 5:13-md-02430-LHK. The case was closed in May 2014.

- *Google Inc., et al. v. Visa Inc., et al.*, Case No. 5:14-cv-162 in the Eastern District of Texas. The case was transferred to the Eastern District of New York, Case No. 1:15-cv-00197-MKB-JO. This "friendly suit" involved Google's claims as an opt-out of an antitrust class action settlement concerning interchange fees. The case settled in February 2015.

- *Michaels v. Google, Inc., Case No. 6:11-CV-107-LED, in the Eastern District of Texas.* The case was transferred to the Northern District of California, Case No. 3:12-cv-02034-JCS. The case settled in May 2012.

- *Felix v. Lyft, Inc., Google LLC, et al.*, Case No. 2020-CI-12509, in the 408th Judicial District, Bexar County, Texas. This personal injury suit arising from an automobile accident.  The case settled in September 2022.

- *Sheppard v. Google Inc., et al..,* Case No. CV 2012-11-2, in the Circuit Court of Little River County, Arkansas Civil Division. The case was removed to the Western District of Arkansas, Case No. 4:12-cv-04022-SOH and remanded back to the Circuit Court of Little River County, Arkansas. The case has been resolved for about a decade.

D.    Disclosures as to Google LLC's Counsel

    1.    I have no professional or personal relationship with Google's Counsel.

E.    None of the matters identified above is substantially related to the matters at issue in the above action.

## Appendix B – Disclosures of Jackson Walker LLP (apart from David Moran)

A.    Disclosures as to Plaintiffs

1.    Jackson Walker - through attorneys other than David Moran - has represented several of the Plaintiffs in various matters, including litigation, regulatory, and transactional matters. Similarly, Jackson Walker – through attorneys other than David Moran – has represented clients potentially adverse and adverse to several of the Plaintiffs in various matters, including litigation, regulatory, and transactional matters. Some of these matters are ongoing. I have had no involvement in any of these matters.

Additionally, as to the State of Texas, Jackson Walker regularly provides a Litigation Disclosure Statement to the State identifying matters in which a Jackson Walker client in litigation is directly adverse to the State of Texas. Based upon my review of our firm's conflicts, client records, Disclosure Statement and internal inquiry, none of these matters are or were substantially related to the issues in this action.

B.    Disclosure as to Plaintiffs' Counsel

1.    Kent C. Sullivan was previously a partner of Jackson Walker. I understand he is now of counsel at The Lanier Firm. From my review of the court's docket, I understand he has not made an appearance in this case. Mr. Sullivan and attorneys at Jackson Walker (other than David Moran) have jointly represented clients in four matters, none of whom are parties to this action. The first matter consists of health care advice and related litigation. The second matter involved general business advice to a private company. The third matter involved a trust dispute that is settled. The fourth matter involved a construction dispute. In short, none of these matters are or were substantially related to the issues in this action.

2.    The docket sheet reflects that several attorneys at Norton Rose Fulbright have appeared in this action for the State of Texas. Other attorneys at Norton Rose Fulbright currently represent Jackson Walker in litigation arising from bankruptcy matters. None of these matters are substantially related to the issues in this action.

C.    Disclosures as to Google LLC

1.    Jackson Walker - through attorneys other than David Moran - has represented Google LLC as local counsel in 2022 and 2023 in a variety of patent litigation defense matters in the United States District Court for the Western District of Texas, as follows:

- *ALD Social LLC v. Google LLC*, Case No. 6:22-cv-00972-FB, in the Western District of Texas. Case dismissed in March 2023.

- *CTD Networks LLC v. Google LLC,* Case No. 6:22-cv-01042-XR, in the Western District of Texas. Final judgment was signed in August 2023 and a motion for attorneys' fees is pending.
- *WirelessWerx IP, LLC v. Google, LLC,* Case No. 6:22-cv-01056-RP, in the Western District of Texas. Case transferred to Northern District of California in April 2023.
- *AttestWave, LLC v. Google, LLC,* Case No. 6:22-cv-01102-OLG, in the Western District of Texas. Case resolved in October 2022.
- *American Inventor Tech, LLC v. Google LLC,* Case No. 6:22-cv-01221-FB, in the Western District of Texas. Case resolved in November 2023.
- *USTA Technology, LLC v. Google LLC,* Case No. 6:22-cv-01214-XR, in the Western District of Texas. Case transferred to the Northern District of California July 2023.
- *Ask Sydney, LLC v. Google,* LLC, Case No. 6:23-cv-00111-XR in the Western District of Texas. Case transferred to Northern District of California August 2023.
- *Adnexus Incorporated v. Google LLC,* Case No. 6:23-cv-00150-JKP, in the Western District of Texas. Case settled in August 2023.
- *Koji IP, LLC v. Google, LLC,* Case No. 6:23-cv-00138-DC-DTG, in the Western District of Texas. Case resolved in May 2023.
- *Virtual Creative Artists, LLC v. Google LLC,* Case No. 6:23-cv-00197-XR, in the Western District of Texas. Case resolved in June 2023.
- *SmartWatch MobileConcepts, LLC v. Google, LLC,* Case No. 6:23-cv-00398-DC-DTG, in the Western District of Texas.
- *Cloud Systems HoldCo IP, LLC v. Google LLC,* Case No. 7:23-cv-00172-DC-DTG, in the Western District of Texas.
- *Cloud Systems HoldCo IP, LLC v. Google LLC,* Case No. 1:23-cv-00625-RP, in the Western District of Texas.
- *Stasit, LLC v. Google, LLC,* Case No. 6:23-cv-00525-OLG, in the Western District of Texas. Case resolved in October 2023.
- *WristDocs, LLC v. Google, LLC,* Case No. 6:23-cv-00533-JKP, in the Western District of Texas. Case resolved in August 2023.

2. Jackson Walker - through attorneys other than David Moran - represents or has represented Google in various transactional matters, including real estate, energy, environmental, land use, and various litigation matters. None of these matters is substantially related to the issues in the above action.

D. Disclosures as to Google LLC's Counsel

1. None.

E. None of these matters identified above is substantially related to the matters at issue in the above action.

Page 5

38486609