IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**GOOGLE LLC'S BRIEF REGARDING PROPOSED COORDINATION ORDER**

Pursuant to the Court's Scheduling Order, ECF No. 194, Google submits its proposed Order Regarding Coordination of Discovery attached hereto as Appendix A ("Proposed Coordination Order"). Google's Proposed Coordination Order closely tracks the existing coordination orders entered by Judge Castel and by Magistrate Judge Anderson (collectively, the "Existing Coordination Orders").[1] *See* App'x. B (Existing Coordination Order entered in the MDL) and App'x. C (redline comparison).[2] Those Existing Coordination Orders reflect the result of intensive negotiations among Google, the U.S. Department of Justice, 17 Plaintiff States in the Virginia Case, as well as MDL co-defendant, Meta.[3] The Existing Coordination Orders govern coordination between the Virginia Case and the MDL. Before remand, the Existing Coordination Orders also governed coordination among the Texas Plaintiffs' case and the other MDL and Virginia Cases. By contrast, Plaintiffs' proposal contains the same one-sided provisions submitted by plaintiffs in the MDL that Judge Castel considered and rejected, describing it as a "non-coordination order."[4]

Plaintiffs in this case have already benefited from a massive amount of discovery conducted in the MDL and the Virginia Case, including over six million documents, over 200

---

[1] *See* Order, *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-0310 (the "MDL") (S.D.N.Y. June 2, 2023), ECF No. 564 (hereinafter "MDL ECF"); Order, *United States, et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (the "Virginia Case") (E.D. Va., June 5, 2023), ECF No. 251 (hereinafter "E.D. Va. ECF").

[2] Appendix B is the Existing Coordination Order entered by Judge Castel in the MDL, MDL ECF No. 564, which is substantively identical to the Order entered by Magistrate Judge Anderson in the Virginia Case, E.D. Va. ECF No. 251. Appendix C is a redline of Google's Proposed Coordination Order against the Order entered by Judge Castel in the MDL.

[3] Magistrate Judge Anderson "commended [the parties] for their efforts to coordinate the discovery" in the Virginia Case and the MDL. E.D. Va. ECF No. 201 at 1.

[4] May 16, 2023 Hr'g Tr. at 11:21-12:3, MDL ECF No. 560. At the time of preparing to file, Plaintiffs had not provided Google with a full proposal but have provided a summary of the main points they propose to include. Shortly before filing, Google received a copy of Plaintiffs' written proposal.

1

terabytes of data, and nearly 80 gigabytes of source code. Plaintiffs also have access to the transcripts of 34 Google ad tech depositions taken by the DOJ in their pre-suit investigation and another 10 Google depositions[5] taken by the DOJ in the Virginia Case under the Existing Coordination Orders. Plaintiffs additionally have access to third party discovery received from over 200 third parties subpoenaed by Google, as well as the 23 third party depositions taken by parties to the Virginia Case. Plaintiffs will also have 40 depositions available to them under this Court's Scheduling Order, ECF No. 194 at 6, and with coordination would have access to any additional depositions (up to 15) taken by the MDL Plaintiffs under Judge Castel's scheduling Order. MDL ECF No. 394, ¶ 6.5.

Against that backdrop, the need for efficient coordination—particularly of depositions—is acute. Even prior to remand, Plaintiffs had begun to shirk their responsibilities under the Existing Coordination Orders. While continuing to demand all discovery and participating in depositions in the MDL and the Virginia Case, Plaintiffs purported to reserve the right to reopen depositions at a later juncture, despite the provision in the Existing Coordination Orders requiring a showing of good cause to do so. App'x. B at 3(e).[6]

Since remand, Plaintiffs have continued to press for one-way discovery that benefits only themselves. Having petitioned to change the law to exit the MDL, they continue to demand all

---

[5] Of these 10 Google depositions, Plaintiffs contend that they only noticed and/or cross noticed four depositions and that a fifth deposition noticed by MDL plaintiffs on November 3, 2023 should not count against them because, they assert, this case was remanded as of November 1, 2023. But Plaintiffs filed a motion to compel in the MDL on November 1, attended a hearing before Judge Castel on November 2, 2023, and now assert entitlement to the resulting discovery.

[6] Plaintiffs cited amorphous issues with their own IT systems as the basis for their reservation of rights. In a letter dated November 30, 2023, Google made clear to Plaintiffs that their "unexplained and protracted delay in loading and reviewing documents is not a basis to reopen depositions that State Plaintiffs had ample opportunity to prepare for and join."

documents produced in the MDL and the Virginia Case, they continue to join Google's regular meet and confers with the MDL Plaintiffs, and just last week they asked that Google copy them as a matter of course on all of Google's discovery correspondence with the DOJ in the Virginia Case. Plaintiffs are also pressing discovery "deficiencies" that the DOJ briefly pursued but has since abandoned, and the MDL plaintiffs have told Google that they intend to intervene in the Virginia Case to obtain expert discovery—on behalf of themselves and Plaintiffs in this case—that cannot be shared under the Existing Coordination Orders absent further order from the Court.[7]

Plaintiffs' approach to this latest round of potential coordination continues that one-sided trend. When Google reached out to discuss coordination pursuant to the Court's Order, ECF No. 194, Plaintiffs suggested that the parties address coordination at a scheduled MDL meet and confer—one business day in advance of this filing deadline, despite Google's attempts to meet and confer sooner. During that meet and confer, Plaintiffs made clear that they intended to submit a proposal similar to the one that Judge Castel considered and rejected as being a "noncoordination order," but with additional changes to Plaintiffs' benefit and Google's detriment. And just yesterday—on a federal holiday, one day before the Court's deadline to file a proposed Coordination Order—Plaintiffs provided a summary of "key points" confirming that they plan to seek even more provisions that stack the deck in their favor. Plaintiffs' proposal conflicts with, and seeks to unwind, the Existing Coordination Orders in the MDL and the Virginia case (where

---

[7] Despite citing to and paraphrasing discovery correspondence between the DOJ and Google from December 2023 in their December 22, 2023 letter to Google (sent jointly with the MDL Plaintiffs' Discovery Steering Committee), Plaintiffs maintain that they have not been able to obtain this correspondence and have sought it from Google. *See also* Dec. 14, 2023 Hr'g Tr. at 15:20-16:3 ("The DOJ alerted [Plaintiffs] in the last few days that they have provided or will provide a letter to Google citing deficiencies in production.").

3

fact discovery is now closed).[8]

The Court should enter Google's Proposed Coordination Order and reject Plaintiffs' proposal. This brief summarizes the key features of Google's Proposed Coordination Order (section I) as well as the key flaws in Plaintiffs' proposal (in section II).

**I.   Key Provisions of the Proposed Coordination Order Regarding Shared Discovery, Depositions, and Expert Discovery**

Google's Proposed Coordination Order, like the Existing Coordination Orders, provides benefits and imposes attendant responsibilities on all Parties. Parties (and Plaintiffs in particular) benefit from the sharing of fact discovery, including productions and deposition testimony. On the other hand, Plaintiffs are required to coordinate on Google depositions across cases, and all Parties are required to coordinate on non-party depositions, so that witnesses are not compelled to be deposed more than once. The key provisions are summarized below.

**Facilitation of "Shared Discovery"**. Google's Proposed Coordination Order permits (but does not require) the sharing of documents and data produced in fact discovery across "Coordinated Cases" and in *United States, et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va). App'x. A ¶ 2. Any such "Shared Discovery" is subject to the operative Protective Orders in the Coordinated Cases but otherwise can be used for "for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure." The definition of "Shared Discovery" specifically excludes "Expert Discovery." App'x. A ¶ 1(bb); *see also id.* ¶ 1(j) (defining "Expert Discovery").

**Requirement to Coordinate Depositions.** Google's Proposed Coordination Order sets

---

[8] Earlier today, Plaintiffs reversed course and informed Google that Plaintiffs and MDL plaintiffs would in fact be amenable to using the Existing Coordination Orders as a template for a new Coordination Order. But in addition to conforming edits, Plaintiffs indicated that they would propose several other non-conforming edits including a provision that would require disclosure of expert reports submitted in the Virginia Case ahead of expert discovery in this case and the MDL.

4

forth the procedure for the Parties to Notice and Cross Notice depositions across the Coordinated Cases; how those deposition count against Deposition Limits pursuant to any pre-trial or scheduling order in the Coordinated Cases; and time allocations among the Parties at party and non-party depositions. App'x. A ¶ 3. Consistent with the structure of the Existing Coordination Orders, Google has proposed language to address the usage in this case of depositions taken in the Virginia Case. Specifically, Google's Proposed Coordination Order permits the sharing of "Transcripts and exhibits from depositions taken during the Coordinated Discovery Period, including those depositions taken in [the Virginia Case]" and the use of those depositions in "any Coordinated Case." App'x. A ¶ 3(f). But, absent good cause, Google or non-party witnesses who have been deposed in the Virginia Case cannot be "compelled to sit for a second deposition in any Coordinated Case." App'x. A ¶ 3(e); *see also* Pre-Trial Order No. 5, MDL ECF No. 394, ¶ 6.7 ("[A]bsent a finding of good cause by the Court, no fact witness may be examined more than once.").[9]

**Deferral of Requests for Sharing of Expert Discovery.** The Existing Coordination Orders provide that "Expert Discovery shall not be shared between the Coordinated Cases pending further order," but that, "[a]t least ninety (90) days before Google's expert reports are due in the the MDL [in September 2024], the Parties shall meet and confer over whether there are circumstances in which Expert Discovery may or should be shared between the Coordinated Cases." Existing Coordination Orders, ¶ 7. Google's Proposed Coordination Order tracks this provision with the clarification that it also defers the sharing of any Expert Discovery from the Virginia Case. App'x. A ¶ 7.

---

[9] This provision will not impact the Existing Coordination Orders because fact discovery has closed in the Virginia Case, meaning that any further depositions that take place would be in either the MDL or this case.

### II.     Plaintiffs' Proposal Only Benefits Themselves And Does Not Facilitate Coordination.

Plaintiffs' proposal remains one-sided and will only benefit themselves.  The Court should not countenance such gamesmanship.

*First*, Plaintiffs' proposal is that they should receive all of the benefits of coordination but not be subject to any of the attendant responsibilities.  Plaintiffs' proposal imposes an obligation to share discovery between this case, the MDL, and the Virginia case, including expert discovery, while also providing that Plaintiffs in this case are "not be bound by the discovery decisions of the MDL Plaintiffs and their decisions on deposition preparedness," ECF No. 176 at 7.  Put another way, Plaintiffs are again exhibiting the kind of "antipathy to any kind of coordination," as Judge Castel put it, "beyond getting whatever [they] can get" from other cases.  MDL ECF No. 560 at 11:21-12:23.  And while Plaintiffs feign concern regarding the "deposition preparedness" of the MDL plaintiffs, it is Plaintiffs themselves that asserted they were not prepared to proceed with depositions when other MDL plaintiffs marched ahead.  *See supra* at 2, n.6.

*Second*, Plaintiffs' proposal would undermine and unwind the Existing Coordination Orders entered by Judge Castel and Magistrate Judge Anderson.  Specifically, Plaintiffs' proposal undermines the provision that, absent good cause, Google or non-party witnesses who have been deposed in the Virginia Case or in the MDL cannot be "compelled to sit for a second deposition." App'x. B ¶ 3(e); *see also* Pre-Trial Order No. 5, MDL ECF No. 394, ¶ 6.7 ("[A]bsent a finding of good cause by the Court, no fact witness may be examined more than once.").  Because there are no such limitations in Plaintiffs' proposal, Plaintiffs could circumvent the Existing Coordination Orders by seeking to depose Google and third party witnesses that they had ample opportunity to depose while operating under the auspices of (and receiving the benefits of) those Orders.[10]  And

---

[10] Earlier today, Plaintiffs indicated for the first time that they might be prepared to adopt such a limitation.

Plaintiffs would be doing so with the benefit of a prior transcript that they would not have had absent the Existing Coordination Orders.  Plaintiffs have already demonstrated a willingness to arbitrage depositions across cases and we expect that they will continue to do so here.[11]

Moreover, Plaintiffs also seek to preclude Google from examining a non-party witness unless Google has also noticed or cross-noticed that deposition.  But this provision conflicts with the Existing Coordination Orders which require that a party be given an opportunity to cross-examine a witness called for a deposition even if that party did not notice the deposition. *See* App'x. B ¶ 5(a)-(e).

*Third*, Plaintiffs' proposal would subvert the ordinary sequence of discovery set forth in the Federal Rules of Civil Procedure.  The Notes to the Federal Rules distinguish between "certain basic information" that should be disclosed "early in the case"—such as the "computation of each category of damages claimed" under Rule 26(a)(1)(iii)—and expert discovery, which should be disclosed "at an appropriate time during the discovery period." Advisory Committee Notes to Fed. R. Civ. P. 26(a) (1993 Amendment).  Despite foreshadowing their damages theory to the JPML more than two years ago,[12] Plaintiffs have yet to provide a computation of damages, now 33 months late, asserting that it would be "premature" to do so. *See* ECF No. 177 at 4-5.  But Plaintiffs seek access to Google's expert reports in the Virginia Case, even though "[t]he Advisory Committee Notes to Rule 26 recommend disclosure of these reports seriatim." *Sierra Lione Stag Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 570 (5th Cir. 1996).  Specifically, "in most cases

---

[11] For example, after Plaintiffs in the Virginia Case noticed all of their allotted party depositions, MDL Plaintiffs negotiated to conduct an MDL deposition during the Virginia coordinated discovery period, ensuring that Virginia Plaintiffs would be able to use the transcript.

[12] *See* ECF No. 177, App'x. B at 27:7-28:15 ("The [damages] theory would be the idea that you ultimately are paying more for products because of all those products have built within them advertising costs.").

7

the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." Advisory Committee Notes to Fed. R. Civ. P. 26(a) (1993 Amendment); *see also Smith v. Christus Health Ark-La-Tex*, 2011 WL 13217848, at *2 (E.D. Tex. July 25, 2011) (quoting Advisory Committee Notes).  The parties negotiated the scope of expert disclosures just six weeks ago and reached agreement on a stipulation—which the Court has since entered, ECF No. 184—which does not contemplate the disclosures Plaintiffs now seek.  This Court should not countenance Plaintiffs' attempts to avoid their own discovery obligations while circumventing the proper order of discovery set forth in the Federal Rules (and in this Court's Scheduling Order, ECF No. 194).

\* \* \*

Plaintiffs' proposed order rehashes the same arguments that have already been considered and rejected by Judge Castel.  Google respectfully requests that, after appropriate consultation, the Court enter Google's Proposed Coordination Order at Appendix A.[13]

---

[13] If the Court agrees with Google's Proposed Coordination Order, Google will meet and confer with other relevant stakeholders before submitting a parallel Order to Judge Castel.

8

| | |
|---|---|
| Dated: January 16, 2024 | Respectfully submitted, |

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT
GOOGLE LLC

**CERTIFICATE OF SERVICE**

I certify that on January 16, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

9