# Appendix A

# Application of Fed. R. Civ. P. 9(b) to State DTPA Claims

| **Alaska** | *Van v. LLR, Inc.*, 500 F. Supp. 3d 927, 936-38 (D. Alaska 2020) (applying 9(b) because "[p]laintiff's UTPCPA claim [was] based on allegations that defendants' representations were 'deceptive and false.'"); *Quintillion Subsea Operations, LLC v. Maritech Project Servs., Ltd.*, No. 4:20-cv-02310, 2023 WL 138862, at *3 (S.D. Tex. Jan. 9, 2023), *report and recommendation adopted*, No. 4:20-cv-02310, 2023 WL 375688 (S.D. Tex. Jan. 24, 2023). |
|---|---|
| **Arkansas** | *Jarrett v. Panasonic Corp. of North America*, 8 F. Supp. 3d 1074, 1084 (E.D. Ark. 2013) ("Rule 9(b)'s pleading standard applies with equal force to state consumer fraud statutes as to common law fraud claims . . . The reason for requiring particularity in pleading for fraud claims, such as those established under the ADTPA is 'to enable the defendant to respond specifically and quickly to the potentially damaging allegations.'") (quoting *Perez v. Volkswagen Grp. of Am., Inc.*, No. 2:12-cv-02289, 2013 WL 1661434, at *6 (W.D. Ark. Apr. 17, 2013)); *id.* (determining plaintiff's allegations were conclusory and failed to satisfy Rule 9(b)). |
| **Florida** | *State Farm Mut. Automobile Insurance Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1327-28 (S.D. Fla. 2017) (recognizing split among district courts as to whether Rule 9(b) heightened pleading standard applies to the FDUTPA, but nonetheless concluding "where the gravamen of the claim sounds in fraud, as here, the heightened pleading standard of Rule 9(b) applies") (citing *Blair v. Wachovia Mortg. Corp.*, No. 5:11-CV-566-OC-37TBS, 2012 WL 868878, at *3-4 (M.D. Fla. Mar. 14, 2012)). *See also Llado-Carreno v. Guidant Corp.*, 09-cv-20971, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (finding that Rule 9(b) applies to FDUTPA claims); *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012); *Elson v. Black*, 56 F.4th 1002, 1008 (5th Cir. 2023) (applying Rule 9(b) to Louisiana, Florida, and Nevada DTPA statute). |
| **Idaho** | *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 957-58 (C.D. Cal. 2012) (concluding that claims under various DTPAs, including Idaho Code §§ 48-601, and Montana Code §§ 30-14-101 *et seq.*, are subject to heightened pleading requirement of Rule 9(b)) *Litster Frost Injury Laws., PLLC v. Idaho Inj. L. Grp.*, PLLC, 171 Idaho 1, 11-12, 518 P.3d 1 (2022), as amended (Sept. 2, 2022), reh'g denied (Oct. 14, 2022) (outlining three elements for heightened pleading standard under the Idaho Consumer Protection Act, that is construed in alignment with federal law). *Quemada v. Arizmendez,* |

| | |
|---|---|
| | 153 Idaho 609, 615, 288 P.2d 826 (2012) (declaring that the Idaho Consumer Protection Act imposes a heightened pleading standard for claims of fraud). |
| **Indiana** | *Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850, 874 (D. Minn. 2012) (recognizing that an Indiana Deceptive Consumer Sales Act claim "must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b)"; complaint failed to support a claim under the IDSCA and failed to meet Rule 9(b)'s heightened pleading requirements because complaint failed to provide "a sufficiently-supported allegation of either defect or fraud" and was "devoid of any specific references to who, what, when, where and why that is required"); *see also McKinney v. State*, 693 N.E.2d 65, 72–73 (Ind. 1998) (holding that lower court erred by not dismissing complaint where claim "grounded in fraud" was not pled with particularity). |
| **Kentucky** | *Hollon v. Consumer Plumbing Recovery Center*, No. 5:05-414-JMH, 2006 WL 1360805, at *4-5 (E.D. Ky. May 15, 2006) (because plaintiff's amended complaint did "not plead any fraudulent acts [under the KCPA] with particularity" as required under Rule 9(b), the court dismissed the complaint); *see also Munch v. Sears, Roebuck and Co.*, 2008 WL 4450307, at *6 n.9 (N.D. Ill. Sept. 30, 2008) (dismissing plaintiffs' claims under the Kentucky Consumer Fraud and Deceptive Business Practices Act and other state DTPAs because claims did not meet the pleading requirements of Rule 9(b)). |
| **Louisiana** | *Pinero v. Jackson Hewitt Tax Service, Inc.*, 594 F. Supp. 2d 710, 720-21 (E.D. La. 2009) ("Because plaintiff's LUTPA claim is based on defendants' allegedly fraudulent misrepresentation, plaintiff's LUTPA claim must meet the heightened pleading requirements of Rule 9(b)" and dismissing plaintiff's LUTPA claim); *Elson v. Black*, 56 F.4th 1002, 1008 (5th Cir. 2023)(applying Rule 9(b) to Louisiana, Florida, and Nevada DTPA statute). |
| **Mississippi** | *See In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, 1995 WL 491155, at *1, 9 (E.D. La. Aug. 15, 1995) (in consolidated MDL, plaintiffs brought claims under the Product Liability and Unfair Trade Practices Statutes of various states, including Mississippi; court concluded that "plaintiffs have failed to plead their Mississippi fraud and misrepresentation claims with particularity as is required by Rule 9(b)" and dismissed claims). |
| **Missouri** | *Goldman v. Tapestry, Inc.*, 501 F. Supp. 3d 662, 671 (E.D. Mo. 2020) (plaintiff failed to meet heightened pleading requirements under Rule 9(b) as is required under the MMPA because she did "not adequately explain[] 'how' the alleged fraud occurred"); *Johnson v. Gilead Sciences, Inc.*, 563 F. Supp. 3d 981, 990 (E.D. Mo. 2021) ("The United States District Courts in Missouri have consistently held that Rule 9(b) applies to MMPA cases" but finding that plaintiff's allegations met Rule 9(b)) (citing *Blake v. Career* |

|  |  |
|---|---|
|  | *Educ. Corp.*, 4:08-cv-00821-ERW, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009) (collecting cases)). |
| **Montana** | *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 957-58 (C.D. Cal. 2012) (concluding that claims under various DTPAs, including Idaho Code §§ 48-601 and Montana Code §§ 30-14-101 *et seq.*, are subject to heightened pleading requirement of Rule 9(b). |
| **Nevada** | *Partie v. Ethicon, Inc.*, 2022 WL 2390545, at *5 (D. Nev. July 1, 2022) ("Deceptive trade practices claims must also be plead with Rule 9(b) particularity") (citing *Sommers v. Cuddy*, No. 2:08-CV-78-RCJ-RJJ, 2012 WL 359339, at *4 (D. Nev. Feb. 2, 2012)); *Elson v. Black*, 56 F.4th 1002, 1008 (5th Cir. 2023) (applying Rule 9(b) to Louisiana, Florida, and Nevada DTPA statute). |
| **North Dakota** | *Olin v. Dakota Access, LLC*, 910 F.3d 1072, 1076 (8th Cir. 2018) (stating parties alleging claims under the North Dakota Consumer Protection Law must satisfy the requirements of Rule 9(b)); *see also Kraft v. Essentia Health*, 2022 WL 1719667, at *6 (D.N.D. May 27, 2022) ("North Dakota's Consumer Protection Law . . . sound in fraud and are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b)). |
| **Puerto Rico** | There appears to be no precedent applying Rule 9(b) to the South Dakota DTPA statute. However, "Federal Rule of Civil Procedure 9(b) requires particularity in pleading the 'circumstances constituting fraud.' Because Rule 9(b) is a pleading requirement, it concerns procedure in the federal courts and governs the pleading of claims in all civil actions, including all *state law claims* asserted in federal court based on diversity jurisdiction or supplemental jurisdiction" (emphasis added).[1] |
| **South Carolina** | *Adam Lee v. Samsung Electronics America, Inc.*, No. 4:21-cv-1321, 2022 WL 4243957, at *9 (S.D. Tex. Sept. 13, 2022) (despite finding plaintiffs' pleadings satisfied Rule 9(b), the court recognized that federal courts "have previously applied [Rule 9(b)'s] heightened pleading requirement to" DTPA claims, including South Carolina's DTPA)*; Kirby v. Red Bull N. Am., Inc.*, No. 3:19-CV-2701, 2020 WL 509139, at *2 (D.S.C. Jan. 31, 2020) (applying Rule 9(b) to South Carolina UTPA claims; denying defendant's motion to dismiss SCUTPA claim). |

---

[1] § 1297 Pleading Fraud With Particularity—In General, 5A Fed. Prac. & Proc. Civ. § 1297 (4th ed.) citing *Vess v. Ciba-Geigy Corp*. USA, 317 F.3d 1097, 1103 (9th Cir. 2003) (holding the particularity requirements of Rule 9(b) apply to state law causes of action); citing *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011) (applying Rule 9b to Illinois DTPA statute).

| **South Dakota** | There appears to be no precedent applying Rule 9(b) to the South Dakota DTPA statute. However, "Federal Rule of Civil Procedure 9(b) requires particularity in pleading the "circumstances constituting fraud." Because Rule 9(b) is a pleading requirement, it concerns procedure in the federal courts and governs the pleading of claims in all civil actions, including all *state law claims* asserted in federal court based on diversity jurisdiction or supplemental jurisdiction" (emphasis added).[2] |
|---|---|
| **Texas** | *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) ("It is well-established that claims alleging violations of the DTPA are subject to the requirements of Rule 9(b)). *Franklin v. Apple Inc.*, 569 F. Supp. 3d 465 (E.D. Tex. 2021)("claims made under the DTPA for misrepresentation are subject to the heightened pleading requirements of Rule 9(b)"); *Omni USA, Inc. v. Parker-Hannifin Corp*, 789 F. Supp. 2d 831, 836 (S.D. Tex. 2011) ("Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act … are subject to the requirements of Rule 9(b)"). |
| **Utah** | *Jackson v. Philip Morris Inc.*, 46 F. Supp. 2d 1217, 1222 (D. Utah 1998) (finding plaintiff's failed to state a claim under the USCPA, while noting that "allegations of deceptive practices under the USCPA "that sound in fraud "are governed by Rule 9(b)"; rejecting plaintiff's argument that because the USCPA "speaks in terms of deception…misleading statements and…deceit and not in terms of fraud, the particularity requirement of Rule 9(b) does not apply") (internal quotations omitted); *see also id.* (recognizing that the USCPA must "comply with the specific pleading requirements under Rule 9(b) of both the Utah Rules of Civil Procedure and the Federal Rules of Civil Procedure"). |

---

[2] *Id.*

4