**Appendix B**

**Application of State Law DPTA Statutes of Limitation to Conduct Alleged by Plaintiffs (Based on December 16, 2020 Filing Date)[1]**

| **Allegations Concerning Reserve Price Optimization** | **Time-barred by DTPA Statute of Limitations?** | | | | |
|---|---|---|---|---|---|
| | **Indiana, Louisiana, Montana, Texas** | **Nevada, South Carolina, Utah** | **Florida, Idaho, North Dakota, Puerto Rico, South Dakota** | **Arkansas, Kentucky, Missouri** | **Alaska** |
| [I]n **2010, in an interview** . . . one of Google's Group Product Managers, stated that Google's second-price auction 'incentivizes buyers to bid the most they're willing to pay for a given piece of inventory and it minimizes the need to 'game' the system.'" FAC ¶ 531. | Time-barred (since 2012) | Time-barred (since 2013) | Time-barred (since 2014) | Time-barred (since 2015) | Time-barred (since 2016) |
| "[O]n **March 5, 2015, Digiday ran a story** based on a leak about Google's potential plans to launch 'dynamic price floors.' **Shortly after the article ran, [a] Google spokesperson . . . issued the following statement** in response: 'That description doesn't match anything in our current product suite or future roadmap.'" FAC ¶ 535. | Time-barred (since 3/5/2017) | Time-barred (since 3/5/2018) | Time-barred (since 3/5/2019) | Time-barred (since 3/5/2020) | As alleged, not time-barred under AK DTPA |
| "**On May 12, 2016, Google announced** it was launching something called 'optimized pricing' without disclosing that over one year earlier, Google had launched RPO.  Google also told advertisers that it would 'monitor . . . performance to ensure advertisers continue[d] to get ROI' and that it would 'give programmatic buyers greater access to premium inventory.'"  FAC ¶ 536. | Time-barred (since 5/12/2018) | Time-barred (since 5/12/2019) | Time-barred (since 5/12/2020) | As alleged, not time-barred under AR, KY and MO DTPA | As alleged, not time-barred under AK DTPA |

---

[1] **Louisiana** (La. Rev. Stat. 51:1409(E); La. Civ. Code Art. 3492) (1 year SOL); **Indiana** (Ind. Code § 24-5-0.5-5(b)) (2 year SOL); **Montana** (Mont. Code Ann. § 27-2-211) (2 year SOL); **Texas** (Tex. Bus. & Com. Code § 17.565) (2 year SOL); **Nevada** (Nev. Rev. Stat. § 11.190(3)) (3 year SOL); **South Carolina** (S.C. Code § 39-5-150) (3 year SOL); **Utah** (Utah Code § 78B-2-305) (3 year SOL); **Florida** (Fla. Stat. § 95.11(3)(i)) (4 year SOL); **Idaho** (Idaho Code § 5-224) (4 year SOL); **North Dakota** (N.D.C.C. § 51-15-12) (4 year SOL); **Puerto Rico** (10 L.P.R.A. § 268) (4 year SOL) **South Dakota** (SDCL § 37-24-33) (4 year SOL); **Arkansas** (Ark. Code Ann. § 4-75-217(a)) (5 year SOL); **Kentucky** (Ky. Rev. Stat. §§ 413.120(2)-(3),  413.150) (5 year SOL); **Missouri** (Mo. Ann. Stat.§ 516.120) (5 year SOL); **Alaska** (AS § 09.10.120) (6 year SOL); **Mississippi** (Miss. Code. § 75-24-19(b)) (conduct must be ongoing); *see State ex rel. Fitch v. Yazaki N. Am., Inc.*, 294 So. 3d 1178, 1186 (Miss. 2020).

1

| **Allegations Concerning Dynamic Revenue Share** | **Time-barred by DTPA Statute of Limitations?** | | | | |
|---|---|---|---|---|---|
| | **Indiana, Louisiana, Montana, Texas** | **Nevada, South Carolina, Utah** | **Florida, Idaho, North Dakota, Puerto Rico, South Dakota** | **Arkansas, Kentucky, Missouri** | **Alaska** |
| "**In the summer of 2016**, . . . Google told publishers that it was launching a 'revenue share-based optimization' that increased publisher's yield.  Google automatically opted publishers into DRS if they did not opt out and urged publishers to leave the program turned on. Publishers were led to believe that DRS would only lower Google's exchange fee, so impressions would clear their floor price resulting in additional revenue from lowered fees.  FAC ¶ 543. | Time-barred (summer 2018) | Time-barred (summer 2019) | Time-barred (summer 2020) | As alleged, not time-barred under AR, KY and MO DTPA | As alleged, not time-barred under AK DTPA |

| **Allegations Concerning Bernanke** | **Time-barred by DTPA Statute of Limitations?** |
|---|---|
|  | **Alaska, Arkansas, Florida, Idaho, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Nevada, North Dakota, Puerto Rico, South Carolina, South Dakota, Texas, Utah** |
| "Google led publishers and advertisers to believe that AdX was a second-price auction. For example, shortly after launching its AdX exchange in **2009**, Google executive Scott Spencer promoted the new product by discussing AdX's mechanics in an interview published on the popular industry website AdExchanger."  FAC ¶ 300. | Time-barred |
| Three Google senior researchers "promoted AdX's mechanics to the public **in a paper published in 2014** in American Economic Review entitled 'Yield Optimization of Display Advertising with AdExchange.'  In that paper, the authors said '[w]ith multiple bidders, AdX runs a sealed bid second-price auction.'"  FAC ¶ 551. | Time-barred |

| **Allegations Concerning Header Bidding** | **Time-barred by DTPA Statute of Limitations?** | | | | |
|---|---|---|---|---|---|
| | **Indiana, Louisiana, Montana, Texas** | **Nevada, South Carolina, Utah** | **Florida, Idaho, North Dakota, Puerto Rico, South Dakota** | **Arkansas, Kentucky, Missouri** | **Alaska** |
| "[I]n **October 2017**, Google's competitor, the OpenX ad exchange, noticed that their auction transactions and revenue for a particular major New York publisher in header bidding had plummeted. When, **in October 2017**, . . . OpenX reached out to the publisher to diagnose the problem, the publisher explained to OpenX that Google had advised this publisher to remove OpenX from header bidding, because if the publisher failed to remove OpenX, it would put a 'strain on its servers' and decrease the publisher's inventory yield. Internal OpenX communications following this communication stated that Google's misrepresentations represented a "major concern." FAC ¶ 568. | Time-barred (since 10/2019) | Time-barred (since 10/2020) | As alleged, not time-barred under FL, ID, ND, PR, SD DTPA | As alleged, not time-barred under AR, KY and MO DTPA | As alleged, not time-barred under AK DTPA |

4