# Appendix C

## Precedent Construing State Antitrust Law in Harmony with Federal Law

| | |
|---|---|
| **Florida** | Fla. Stat. § 542.32 ("[I]n construing this chapter, due consideration and great weight be given to the interpretations of the federal courts relating to comparable federal antitrust statutes."); *All Care Nursing Serv., Inc. v. High Tech Staffing Servs., Inc.*, 135 F.3d 740, 745 n.11 (11th Cir. 1998) ("Federal and Florida antitrust laws are analyzed under the same rules and case law." (citing Fla. Stat. § 542.32)). |
| **Idaho** | Idaho Code Ann. § 48-102(3) ("The provisions of this chapter shall be construed in harmony with federal judicial interpretations of comparable federal antitrust statutes."); *W. Power Sports, Inc. v. Polaris Indus. Partners L.P.*, 951 F.2d 365 (9th Cir. 1991) (recognizing that federal precedent offers "persuasive guidance" in interpreting Idaho antitrust claims and reversing summary judgment on both federal and state claims concurrently). |
| **Missouri** | Mo. Rev. Stat. § 416.141 ("Sections 416.011 to 416.161 shall be construed in harmony with ruling judicial interpretations of comparable federal antitrust statutes."); *Se. Missouri Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 612, n.3 (8th Cir. 2011) (analyzing and affirming summary judgment of Missouri state claims alongside federal claims because the Missouri antitrust statutes must be "construed 'in harmony with ruling judicial interpretations of comparable federal antitrust statutes'" (citing Mo. Rev. Stat. § 416.141)). |
| **Nevada** | Nev. Rev. Stat. § 598A.050 ("The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes."); *Boulware v. State of Nev., Dep't of Hum. Res.*, 960 F.2d 793, 800 (9th Cir. 1992) (noting "[t]he Nevada statute also adopts by reference the case law applicable to the federal antitrust laws"). |
| **South Dakota** | SDCL § 37-1-22 ("[I]n construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes"); *Assam Drug Co. v. Miller Brewing Co.*, 798 F.2d 311, 313 (8th Cir. 1986) (affirming summary judgment of South Dakota antitrust law claims and noting that the "analysis does not differ significantly from that applied to actions brought under the federal antitrust laws"). |
| **Texas** | Tex. Bus. & Com. Code Ann. § 15.04 ("The provisions of this Act shall be construed to accomplish this purpose and shall be construed in harmony with federal judicial interpretations of comparable federal antitrust statutes."); *Johnson v. Hosp. Corp. of Am.*, 95 F.3d 383, 391 n.7 (5th Cir. 1996) ("Because the Texas Act mandates that its provisions be interpreted in harmony with federal antitrust law, we do not separately analyze the plaintiffs' state law antitrust claims." (internal citation omitted)). |

| | |
|---|---|
| **Utah** | Utah Code Ann. § 76-10-3118 ("[C]ourts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes."); *Flying J Inc. v. TA Operating Corp.*, 2008 WL 4923041, at *2 (D. Utah Nov. 14, 2008) (citing Utah Code Ann. § 76-10-926 (since renumbered as § 76-10-3118) and declining to analyze claims brought under Utah state law separately from federal law because the state law claims "are so closely tied to" the federal claims). |
| **South Carolina** | S.C. Code § 39-5-20 ("It is the intent of the legislature that in construing paragraph (a) of this section the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to Section 5(a) (1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended."); *In re Wiring Device Antitrust Litig.*, 498 F. Supp. 79, 87 (E.D.N.Y. 1980) (citing *State v. Virginia-Carolina Chemical Co.*, 71 S.C. 544, 51 S.E. 455 (1905) and *South Carolina Cotton Growers' Co-Op Ass'n v. English*, 135 S.C. 19, 133 S.E. 542 (1926)). |
| **Montana** | Mont. Code Ann. § 30-14-104; *Smith v. Video Lottery Consultants*, 858 P.2d 11, 13 (Mont. 1993) (holding that the antimonopoly provisions of the Unfair Trade Practices Act and the antimonopoly section of the Sherman Act are very similar and due weight will be given by Montana courts in interpreting the state statute to federal courts' interpretation of the Sherman Act.); *see also Healow v. Anesthesia Partners, Inc.*, No. 95-35241, 1996 WL 442524 at *4-6 (9th Cir. 1996) (stating "[b]ecause Montana modeled its laws after the federal antitrust laws, the Supreme Court of Montana has stated that it gives 'due weight' to federal interpretation of antitrust violations" and evaluating allegations of illegal tying under federal case law. (citing *Smith v. Video Lottery Consultants, Inc.*, 858 P.2d 11, 13 (Mont. 1993))). |
| **Alaska** | *Odom v. Lee*, 999 P.2d 755, 761 (Alaska 2000) (Stating "[t]his court is guided by federal Sherman Act cases in construing the Alaska antitrust law," and noting "[c]laims brought under AS 45.50.562 are also referred to as Sherman Act § 1 claims; claims under AS 45.50.564 have been termed Sherman Act § 2 claims"). |
| **Indiana** | *Photovest Corp. v. Fotomat Corp.*, 606 F.2d 704, 725 n.31 & 726-27 (7th Cir. 1979) (disposing of state and federal antitrust claims concurrently and noting that "the Indiana statute does not extend beyond the bounds of federal antitrust law"). |
| **Kentucky** | *Kenney v. Hanger Prosthetics & Orthotics, Inc.*, 269 S.W.3d 866, 874 (Ky. Ct. App. 2007) (noting that Kentucky's antitrust statute, KRS 367.175, "is based upon Sections 1 and 2 of the Sherman Anti-Trust Act," and analyzing allegations under that statute as Sherman Act allegations); *Mendell v. Golden-Farley of Hopkinsville, Inc.*, 573 S.W.2d 346, 349 (Ky. Ct. App. 1978) (analyzing a Kentucky antitrust claim "in light of the cases construing sections 1 and 2 of the Sherman Anti-Trust Act," while admitting the court is not bound by federal precedent); *Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 235 F. Supp. 2d 708, 721 n.10 (E.D. Ky. 2002) ("As the antitrust law of the Commonwealth is so similar to its federal counterpart, the Sherman Antitrust Act, and may be interpreted where appropriate with regard to federal law, the Court shall dispatch with the claim under KY. REV. STAT. 367.175 |

|  | upon its analysis of the federal antitrust claim as stated in this order."), vacated in part on other grounds, 357 F.3d 1266 (Fed. Cir. 2004). |
|---|---|
| **Louisiana** | *S. Tool & Supply, Inc. v. Beerman Precision, Inc.*, 862 So. 2d 271, 278 (La. Ct. App. 2003) ("Because [the] provisions [of Louisiana's antitrust statute, La. R.S. 51:122, and anti-monopoly statute, La. R.S. 51:123] track almost verbatim Sections 1 and 2 of the Sherman Act, Louisiana courts have turned to the federal jurisprudence analyzing those parallel federal provisions for guidance."); *Big River Indus., Inc. v. Headwaters Res., Inc.*, 971 F. Supp. 2d 609, 623 (M.D. La. 2013) ("La. R.S. 51:122 and La. R.S. 51:123 … are the functional equivalents of §§ 1 and 2 of the Sherman Act."); *Par. Disposal Indus., LLC v. BFI Waste Servs., LLC*, 2014 WL 6886007, at *2 (W.D. La. Dec. 5, 2014) (Stating "[Louisiana's] antitrust statute is a counterpart to Section 1 of the Sherman Antitrust Act, and the United States Supreme Court's interpretation of the Sherman Act is therefore persuasive when analyzing the Louisiana statute," and "Louisiana's anti-monopoly statute is a counterpart to the Sherman Antitrust Act, and federal analysis of Section 2 of the Act is persuasive." (citing *La. Power & Light Co. v. United Gas Pipe Line Co.*, 493 So. 2d 1149, 1158 (La. 1986))). |
| **Mississippi** | *Walker v. U-Haul Co. of Miss.*, 734 F.2d 1068, 1070 n.5 (5th Cir.), on reh'g, 747 F.2d 1011 (5th Cir. 1984) (treating federal and Mississippi state antitrust claims as "analytically identical"). |
| **North Dakota** | *Ag Acceptance Corp. v. Glinz*, 684 N.W.2d 632, 639-41 (N.D. 2004) (granting summary judgment to defendant on a tying claim brought under both federal and North Dakota law by using analysis of federal precedent); *In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 572 (S.D.N.Y. 2021) (finding North Dakota and other states' antitrust analogues to Sherman Act sections 1 and 2 to be "effectively the same" as those provisions – including in "states that have statutes that do not closely track the language of the Sherman Act"). |
| **Puerto Rico** | *Flovac, Inc. v. Airvac, Inc.*, 84 F. Supp. 3d 95, 105 (D.P.R. 2015) (dismissing Puerto Rico antitrust claims alongside federal claims because "Puerto Rico's antitrust statute has been deemed 'coextensive' with the Sherman Act" (citing *Podiatrist Ass'n, Inc. v. La Cruz Azul De Puerto Rico, Inc.*, 332 F.3d 6, 16 (1st Cir. 2003))), aff'd, 817 F.3d 849 (1st Cir. 2016). |