IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendant. | Case No. 4:20-cv-00957-SDJ <br><br> Hon. Sean D. Jordan |

**PLAINTIFFS' PROPOSED COORDINATION ORDER**

Plaintiff States (the "States") submit their proposed coordination order (Exhibit A) and a redline to the coordination order entered in the MDL (*In re Google Dig. Advert. Antitrust Litig., No. 1:21-md-0310*) (Exhibit B).

In an effort to promote coordination and a process that can be acceptable in the related cases (SDNY, EDVA, and EDTX), the States have worked with the MDL Plaintiffs and the Department of Justice (DOJ) to submit a proposed coordination order to Google and this Court that is acceptable to the various groups and makes limited changes to the previous coordination order in the MDL. The intent of this approach is to promote efficiency and equitableness in cases Google has claimed are essentially the same.

Google's brief appears to ignore these coordination attempts and refers to them as one-sided. The various plaintiff groups, including the States, are puzzled by the characterization, but stand by ready to discuss at the Status Conference.

During a meet and confer with Google this past Friday morning, the States

1

laid out the edits that would be acceptable to the various plaintiff groups. The main points of difference were that (i) Google wanted to use the coordination order the DOJ and Google negotiated in EDVA that was ultimately entered in the MDL; (ii) Google wanted to maintain the provision that required any deposition noticed by a party during the coordination period of a present or former Google employee or 30(b)(6) to be taken during the coordination period, regardless of whether the non-noticing plaintiff group was prepared to take the deposition—absent a showing of good cause; and (iii) Google did not want to provide expert reports and discovery related to Google advertising from the other cases.

On the third point (relevant discovery related to advertising produced by experts), the States asked Google if Google had a wholesale objection to sharing expert discovery or if in fact Google's objection was more of a "not right now." If Google's position was "not right now", the States asked Google to explain when it would be appropriate to share expert information produced in the related cases.

The parties agreed to be available over the week and holiday to discuss coordination efforts and to discuss the coordination orders on Monday, January 15, 2024.

*States' Coordination and Outstanding Differences*

The States worked with the MDL Plaintiffs and the DOJ to come to further agreement on a coordination order. As a result of those efforts, the States and MDL Plaintiffs agreed to two of Google's main requests and had a joint meet and confer with Google Tuesday (1/16/24) morning to find any further resolution. The States

agreed to (i) use Judge Castel's order as a template and to make conforming edits to that order; and (ii) the provision in Judge Castel's order about having to cross-notice Google witnesses when a party witness was noticed, or having to show good cause to take the deposition at a later date.

We believe the proposed order by the States (Exhibit A), provides for coordination with the MDL Plaintiffs and the DOJ in a broad, efficient, and helpful way rather than a closed off and limited approach that is ripe for continued gamesmanship. The States proposal is based on a presumption that relevant discovery will be shared between the various plaintiff groups (in a reasonable time).

There are still a few areas of difference between the versions being submitted by Google and the States, and the States are prepared to discuss those issues at the Status Conference, including:

- Sharing of deposition transcripts between the various plaintiff groups;
- Sharing of new discovery received by either the States, the MDL Plaintiffs, or the DOJ (including third-party discovery);
- Google's attempt to foreclose on third party discovery from Meta, even though Texas still has live claims related to Meta discovery;
- Production of relevant discovery related to advertising from DOJ and Google experts and the corresponding timing;
- A non-noticing party being permitted to listen in on a deposition (transcripts were exchanged under the SDNY and EDVA coordination orders);
- Google's ability to retake third-party depositions, but the States (and the MDL Plaintiffs) being bound by a good cause standard;
- The ability for a non-noticing party to have 1 hour of deposition time to ask questions, since the party will be bound by the non-noticed deposition.

The States look forward to discussing the foregoing and any other issues at the January 18, 2024 Status Conference.

Dated: January 16, 2024

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N, Suite 100 | 111 Congress Avenue, Suite 500 |
| Houston, TX 77064 | Austin, TX 78701 |
| (713) 659-5200 | (512) 690-0990 |
| **THE LANIER LAW FIRM, PLLC** | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | 1101 Connecticut, N.W., Suite 1100 |
| | Washington, DC 20036 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (Lanier Law Firm Only), Mississippi, North Dakota,*
*Mississippi, South Carolina, and South Dakota*

KEN PAXTON
Attorney General

*/s/ James R. Lloyd*
Brent Webster, First Assistant Attorney General
Brent.Webster@oag.texas.gov
Grant Dorfman, Deputy First Assistant Attorney General
Grant.Dorfman@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov

Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## **CERTIFICATE OF SERVICE**

I certify that on January 16, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ W. Mark Lanier*
W. Mark Lanier
