IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFFS' MOTION TO STRIKE GOOGLE'S SECOND MOTION TO DISMISS**

i

**PLAINTIFFS' MOTION TO STRIKE GOOGLE'S SECOND MOTION TO DISMISS**

The Court should strike Google's improper second motion to dismiss. The motion is barred under the federal rules, violates the local rule page limits, and was not contemplated under this Court's scheduling order.

Under the federal rules, a party can file just one motion to dismiss under Rule 12. Section g of the Rule reads as follows:

> (g) Joining Motions.
>
> (1) Right to Join. A motion under this rule may be joined with any other motion allowed by this rule.
>
> (2) Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed. R. Civ. Proc. 12(g) (emphasis added). This rule is eminently reasonable. Rule 12 motions are based on the pleadings, and every Rule 12(b) defense a party wishes to raise based on that pleading can, and should, be raised in one motion. The exceptions in Rule 12(h)(2) confirm the point. Rule 12(h)(2) provides that "failure to state a claim" "may be raised: in any pleading … under Rule 7(a); by motion under Rule 12(c); or at trial." That means that a defendant who fails to make a Rule 12(b)(6) argument in a motion raising another Rule 12(b) defense *must answer the complaint.* A motion for failure to state a claim under Rule 12(c) occurs "after the pleadings are closed." Fed. R. Civ. P. 12(c). Raising such a defense "at trial" obviously follows an answer, and raising the defense "in any pleading" first requires a defensive pleading.

Allowing multiple motions allows parties to evade page or timing limitations and taxes the litigants and the court with extra briefing. That is precisely what transpired here. This Court's local rules, for example, provide that any dispositive motion "shall not exceed thirty pages, excluding attachments, unless leave of court is first obtained." L.R. CV-7(a)(1). The local rule and the background federal rules work together. The local rule applies to each motion, and the background

1

rule specifies that only *one* motion to dismiss may be filed. Without the background rule, a party could evade the page limits by filing any number of motions to dismiss.

Google blatantly violated this bright line rule. On January 16, Google first filed its Motion to Dismiss Pursuant to Rule 12(b)(1), seeking to "dismiss the Complaint in its entirety." D.E. 200 at 15. This is a case-dispositive motion subject to the 30-page limitation and counts as Google's single Rule 12 motion. But after filing that motion, Google filed a *second* Rule 12 motion, this time under Rule 12(b)(6). *See* D.E. 202. This second Rule 12 motion was based on defenses that were obviously "available" to be included in the prior Rule 12 motion, filed hours earlier. Filing a second motion was improper and resulted in 45 pages of motion-to-dismiss briefing (even apart from the extensive use of appendices) rather than the 30 pages contemplated by the local rules.

Google was obligated to seek leave from this Court before filing multiple motions and exceeding the page limitations, but never did so. Its proposed trial schedule did not request multiple motions or a page extension. This Court's scheduling order provides the "Deadline for *motion* to dismiss," not multiple motions. D.E. 194 at 1 (emphasis added). Google never objected. It simply filed two motions exceeding the page limits.

To be clear, Plaintiffs do not argue that Google has waived the arguments in its Rule 12(b)(6) motion. Under Rule 12(h)(2), Google may raise failure to state a claim in its "pleading under Rule 7(a),"—that is, its answer—or "by motion under Rule 12(c)," or "at trial." But none of those exceptions justify filing a second motion in violation of the page limits. "[T]he exception in Rule 12(h)(2) does not apply because Defendant's [second] Motion to Dismiss does not qualify as a Rule 7(a) pleading and cannot be construed as a Rule 12(c) motion, as Defendant has yet to file an answer to Plaintiff's Complaint, which means that the pleadings are not closed." *Du Bois v. Martin Luther King Jr. Fam. Clinic, Inc.*, No. 3:17-cv-2668, 2018 WL 11430901, at *2 (N.D. Tex. May 29, 2018); *see also* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—

2

a party may move for judgment on the pleadings."). As the court did in *Du Bois*, this Court should "**strike**[] Defendant' [second] Motion to Dismiss." No. 3:17-cv-2668, 2018 WL 11430901, at *3; *see also LLE One, LLC v. Facebook Inc.*, No. 16-cv-06232, 2019 WL 13201973, at *2 (N.D. Cal. Apr. 25, 2019) (denying a 12(b)(6) motion on this ground); *Roma Concrete Corp. v. Pension Assocs.*, No. 19-cv-1123, 2019 WL 3683561, at *3 (E.D. Pa. Aug. 6, 2019) (same); *Hamman v. Cava Grp., Inc.*, No. 22-cv-593, 2023 WL 8374747, at *3 (S.D. Cal. Dec. 4, 2023).

Google may argue that it was free to file two Rule 12 motions because one addressed subject-matter jurisdiction. Because courts must always consider their own subject-matter jurisdiction, a party can, in theory, file any number of motions on subject-matter jurisdiction, unconstrained by scheduling orders or local rules. Google may argue that because it *could have* filed its Rule 12(b)(1) motion weeks later, the motion should not count toward the page limits. It is true that in practice, there would be little the Court could do to enforce its rules if Google had filed the motion later. But recognizing that a court must consider such motions does not give parties license to *plan* to evade the rules, relying on the Court's forbearance. This is not a situation in which Google belatedly spotted a jurisdictional argument. It planned its arguments in advance and had ample time to either condense them to 30 pages or move for more pages. Google simply predicted it could get away with violating the rule. It should not.

## CONCLUSION

Plaintiffs respectfully request that the Court strike Google's Motion to Dismiss filed at docket entry 202 as an improper second motion to dismiss.

3

DATED: January 19, 2024 | Respectfully submitted,

*/s/ W. Mark Lanier*
W. Mark Lanier
Alex J. Brown
Zeke DeRose III
**THE LANIER LAW FIRM, P.C.**
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-0024
Email: mark.lanier@lanierlawfirm.com
Email: alex.brown@lanierlawfirm.com
Email: zeke.derose@lanierlawfirm.com

*/s/ Ashley Keller*
Ashley Keller (*pro hac vice*)
Noah Heinz
**KELLER POSTMAN LLC**
150 N. Riverside Plaza
Suite 4100
Chicago, IL 60606
Telephone: (312) 741-5220
Facsimile: (312) 971-3502
Email: ack@kellerpostman.com

Zina Bash (Bar No. 24067505)
**KELLER POSTMAN LLC**
111 Congress Avenue
Suite 500
Austin, TX 78701
Telephone: (512) 690-0990
Facsimile: (312) 971-3502
Email: zina.bash@kellerpostman.com

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

4

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ James R. Lloyd*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
Grant Dorfman, Deputy First Assistant Attorney General
Grant.Dorfman@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

**CERTIFICATE OF CONFERENCE**

I certify that counsel has complied with the meet and confer requirement as required by Local Rule CV-7(h).  Counsel for Defendant Google LLC opposes this motion.  The personal conference required by Local Civil Rule CV-7(h) was conducted on January 19, 2024 via videoconference. Ashley Keller, Counsel for Plaintiffs met with Robert McCallum, Counsel for Defendant Google LLC.  Due to the parties continued disagreement regarding the propriety of filing two Rule 12 motions, the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ W. Mark Lanier*
W. Mark Lanier

**CERTIFICATE OF SERVICE**

I certify that on January 19, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ W. Mark Lanier*
W. Mark Lanier
