IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

## GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

### INTRODUCTION

On January 16, 2024, given Plaintiffs' recently unveiled and revised standing theories, Google filed a Rule 12(b)(1) motion to dismiss the Fourth Amended Complaint for lack of subject matter jurisdiction. Later in the day, Google filed a Rule 12(b)(6) motion to dismiss Plaintiffs' state law claims for failure to state a claim, a motion held in abeyance while the common federal law claims were being legally tested in the MDL. Plaintiffs now move to strike Google's Rule 12(b)(6) motion. In their desperation to keep this Court from considering Google's pending motions, Plaintiffs ignore binding Fifth Circuit precedent, the text of Rule 12, and the procedural history of this case in favor of empty rhetoric and nonsensical claims of gamesmanship. Their motion should be denied.

### ARGUMENT

Plaintiffs' argument that, under Rule 12(g)(2), Google should have consolidated its Rule 12(b)(1) and 12(b)(6) motions is wrong. Plaintiffs say Google cannot file a motion under Rule 12(b)(6) because, "hours earlier" Google filed a Rule 12(b)(1) motion identifying fatal jurisdictional issues in Plaintiffs' standing theories. According to the states, once Google filed its

1

12(b)(1) motion alerting the Court to these jurisdictional defects, it could no longer file a 12(b)(6) motion.  But the law is clear: Rule 12(g) does not require consolidation here.

The Fifth Circuit in *Nationwide Bi-Wkly. Admin., Inc. v. Belo Corp.*, 512 F.3d 137 (5th Cir. 2007) explained that Rule 12(b)(6) motions are excluded from the consolidation requirement set forth in Rule 12(g)(2).  Rule 12(g)(2) limits subsequent Rule 12 motions with explicit exceptions for motions addressing failure to state a claim upon which relief can be granted under Rule 12(h)(2), and for motions addressing subject matter jurisdiction under Rule 12(h)(3).  As the *Belo* court held: "Rule 12(g) did not require consolidation here because Rule 12(h)(2) explicitly excepts from the consolidation requirement motions based on the defense of failure to state a claim upon which relief can be granted." *Id*. at 141. Ten years after *Belo*, in *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees*, 855 F.3d 681, 686 (5th Cir. 2017), it reaffirmed the *Belo* rule,[1] squarely holding that Rule 12(g)'s consolidation requirement does not apply to Rule 12(b)(6) motions.  *Id.* (citing *Belo*, 512 F.3d at 141).  This controlling Fifth Circuit precedent—wholly ignored by Plaintiffs—"is binding and dispositive of [Plaintiffs'] objection." *Alexander v. City Police of Lafayette*, No. 6:11-CV-01749, 2021 WL 4396016, at *3 (W.D. La. Sept. 24, 2021) (holding that Rule 12(g)(2) did not preclude the Court from considering two Rule 12(b)(6) motions); *see also, e.g.*, *Liberty Bankers Life Ins. Co. v. Lenhard*, No. 3:16-CV-2417-N, 2019 WL 459646, at *1 n.1 (N.D. Tex. Feb. 6, 2019) ("As a preliminary matter, the Court rejects Plaintiffs' argument that Lenhard is precluded from moving under Rule 12(b)(6) per the consolidation

---

[1] Other circuits have held similarly.  *See, e.g.*, *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) ("Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion."); *cf. In re Apple Iphone Antitrust Litig.*, 846 F.3d 313, 318–19 (9th Cir. 2017) (distinguishing Seventh Circuit's approach but nevertheless concluding that reviewing court "should generally be forgiving of a district court's ruling on the merits of a late-filed Rule 12(b)(6) motion" because "relegating defendants to the procedural avenues specified in Rule 12(h)(2) can produce unnecessary and costly delays, contrary to the direction of Rule 1").

requirement in [Rule] 12(g)(2).").  As other courts have found and Plaintiffs stunningly omit, *Belo* and *Columbia-Brazoria* unambiguously foreclose Plaintiffs' argument.

Equally fatal to Plaintiffs' motion, Rule 12 *also* excludes Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction from normal consolidation requirements.  Rule 12(h)(3) provides that: "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action."  (Emph. added).  Plaintiffs do not grapple with 12(h)(3)'s carve out for subject matter jurisdiction, only acknowledging—without citation to the rule—that the Court would have to consider a subsequent Rule 12(b)(1) motion.  (Pls. Br. at 3 ("It is true that in practice, there would be little the Court could do to enforce its rules if Google had filed the [12(b)(1)] motion later.")).  In other words, Plaintiffs acknowledge that Google could file its 15-page subject matter jurisdiction motion at any time.  But, they say, Google could not raise the jurisdictional issue first without jeopardizing its Rule 12(b)(6) motion.

Plaintiffs' interpretation of Rule 12(h)(3) is illogical and in tension with Circuit law.  Fifth Circuit law obliges district courts to ensure their own jurisdiction and to consider jurisdiction *before* any motion on the merits.  *See, e.g.*, *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) ("[F]ederal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990))); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (instructing courts to "consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merit").  Under Plaintiffs' interpretation Rule 12(h)(3)'s exclusion, however, Google had to *first* make a merits motion that the Court was obliged to then ignore.

The States do not discuss or distinguish the controlling Fifth Circuit precedent or address the text of Rule 12. Instead, they cite *Du Bois v. Martin Luther King Jr. Fam. Clinic, Inc.*, No.

3

3:17-CV-2668-L, 2018 WL 11430901 (N.D. Tex. May 29, 2018) and fill out their motion with rhetoric that ignores or misrepresents the procedural history of this case. They say "[a]llowing multiple motions allows parties to evade page or timing limitations and taxes the litigants and the court with extra briefing," that "a party could evade the page limits by filing any number of motions to dismiss," and that Google "*plan[ned]* to evade the rules." (Pls. Br. at 1-3). Even on their own terms, these rhetorical attacks lack merit.

Start with their sole in-circuit authority. *Du Bois* is an unpublished district court decision that is readily distinguishable and did not address the controlling Fifth Circuit precedent cited above. 2018 WL 11430901, at *3. In *Du Bois*, the defendant sought to file *two* serial Rule 12(b)(6) motions that raised two variations of arguments all derived from the same unchanged complaint, seemingly converting what should have been a reply brief into a new "amended" motion that raised altogether different arguments. *Id.* at *1–2 ("Defendant did not file a reply in support of its original Motion to Dismiss[;] [...] it instead filed an Amended Motion to Dismiss"). The court held "under the circumstances" that this would be prohibited. *Du Bois* has been cited just once—and not for the proposition Plaintiffs seek.

Plaintiffs' *see also* citations are further afield, both geographically and procedurally. Each case is from outside the Fifth Circuit and had no reason to address *Belo* or *Columbia-Brazoria*. *See LLE One, LLC v. Facebook Inc.*, 2019 WL 13201973, at *1–2 (N.D. Cal. Apr. 25, 2019); *Roma Concrete Corp. v. Pension Assocs.*, 2019 WL 3683561, at *3 (E.D. Pa. Aug. 6, 2019); *Hamman v. Cava Grp., Inc.*, 2023 WL 8374747, at *3 (S.D. Cal. Dec. 4, 2023). Because these cases were decided by courts not subject to the Fifth Circuit's binding interpretation of Rule 12(g), they have no persuasive weight here.

4

They also arise in different postures.  Each involved a later motion to dismiss filed months after an earlier motion to dismiss had been filed *and ruled upon*. *See LLE One, LLC*, 2019 WL 13201973, at *1–2; *Roma Concrete Corp.*, 2019 WL 3683561, at *3; *Hamman*, 2023 WL 8374747, at *3.  In those cases, briefing and ruling on the later motion extended case schedules, potentially implicating concerns about "repetitive motion practice, delay and ambush tactic[s]." *In re Apple iPhone Antitrust Litig.*, 846 F.3d at 318 (quotes omitted).  Here, by contrast, Google filed its 12(b)(6) motion at the earliest opportunity and as directed by the Court, and similarly, filed its 12(b)(1) motion as soon as Plaintiffs made disclosures revealing their defective standing theories—information that Google had sought for months.

Moreover, Plaintiffs' rhetoric misrepresents the history of the case.  The states would have this Court believe that the near-simultaneous filings evinced a premeditated plan to circumvent page limit rules and burden this court with "extra briefing." (Pls. Br. at 1).  Such accusations are both needless and nonsensical.  Plaintiffs' argument ignores that Rule 12(b)(6) motion practice was bifurcated, on court order in the MDL, that discovery has proceeded in parallel, again upon court order, and, most important, the standing issue ripened only upon Plaintiffs' long delayed disclosures (and abrupt reversals) about their theories of standing.

The only gamesmanship at work here is not from Google.  The States have been consistently evasive about the nature of the claims they are bringing and their standing.  After years of declining to tell Google whom they represented or their theories of liability, the States made disclosures in December of last year for the first time clarifying, narrowing, and in certain respects abandoning their prior standing theories.  *Compare* Nov. 20, 2023 Tr. at 31:20–22 (Mr. Lanier: "Google complains that they don't know the who, what, and how much.  Parens patriae.  Yes, they knew the who.  We claim to represent all of them.  All of the above.") *and* Dec. 14, 2023

5

Hr'g Tr. 49:19–25 (Mr. Lanier: "Mr. Mahr complains because of the parens patriae issue and the way we have narrowed and ferreted that down. And we have. We have been very careful. Now, Texas at this point has a policy in the AG's office where they are not pursuing things under parens patriae like this. And so we've made that adjustment and made that clear, and we have informed them of that."). Google asked the Court to examine the jurisdictional issue in a 12(b)(1) motion as soon as Plaintiffs settled on their defective Article III theories of injuries. Moreover, Plaintiffs' claim that the timing of the filings shows a premeditated plan to circumvent page-limit rules is meritless. By their own admission, a Rule 12(b)(1) motion filed only *minutes* later would be entirely within the rules. (Pls. Br. at 3).

Plaintiffs' argument advances a hypertechnical misreading of Rule 12(g)(2) and ignores that this case, at Plaintiffs' urging, has proceeded with dispositive briefing on the adequacy of Plaintiffs' pleading *in parallel* with discovery that revealed still other foundational deficiencies in Plaintiffs' case. Indeed, given this posture, Google could have just as easily raised the same standing issue as an early motion for summary judgment.[2] Courts and litigants should not waste time and resources with claims and cases over which there is no subject matter jurisdiction. For this reason, Google raised the jurisdictional issue as soon as it could, given Plaintiffs' late disclosures, in a Rule 12 motion.

At bottom, Plaintiffs urge this Court to penalize Google for notifying the Court that, based on clear (and recent) Fifth Circuit authority, Plaintiffs' claims do not belong here. And, the rule

---

[2] Even assuming Plaintiffs' page limit critique had merit (it does not), Plaintiffs state no prejudice. Nor could they, because they can easily file two responses up to 30 pages. Without wading deeper, the Court could deny the Motion because it fails to state any prejudice. Courts in this District do not strike dispositive motions on technicalities when there is no prejudice. *See, e.g.*, *Lone Star Tech. Innovations, LLC v. ASUSTEK Comput. Inc.*, 2022 WL 1498784, at *20 (E.D. Tex. Mar. 18, 2022), *appeals docketed*, Nos. 22-1769 (Fed. Cir. May 11, 2022) *and* 22-2261 (Fed. Cir. Sept. 27, 2022) (denying motion to strike oversized motion for judgment as a matter of law because party had an adequate opportunity to respond).

they ask the Court to adopt has nothing to do with promoting the "just, speedy, and inexpensive" determination of actions. Fed. R. Civ. P. 1.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to strike should be denied.

Dated: January 23, 2024

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on January 23, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter