IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE GOOGLE'S
SECOND MOTION TO DISMISS**

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE GOOGLE'S SECOND MOTION TO DISMISS

Google's Opposition to Plaintiffs' Motion to Strike rests on misdirection.  It is undisputed that jurisdiction is a threshold issue; that "[c]ourts and litigants should not waste time" on the merits of cases where jurisdiction is lacking; or that Google has every right to raise recent (albeit irrelevant) authority from the Fifth Circuit that it claims bears on this Court's adjudicatory authority.  Opp. at 6.  None of that changes a simple point that should be similarly undisputed: Google, like most every other litigant, could and should have raised its jurisdictional and merits arguments in the same motion, as Rule 12 requires.  This Court has no doubt reviewed scores of motions that start by raising jurisdictional questions and then proceed to address the merits.

Following that ordinary course would have required Google to make strategic choices about how much space to dedicate to each argument without flouting this Court's page limits.  Google preferred instead to grant itself a never-filed motion for more briefing space.  Google pretends Plaintiffs' reading of Rule 12 would have required it "to *first* make a merits motion that the Court was obliged to then ignore," Opp. at 3, but all Rule 12 actually required was for Google to make all of its 12(b) defenses—subject matter jurisdiction and failure to state a claim—in a single filing.  It is hardly a "hypertechnical misreading" of Rule 12 to adhere to its plain text.  Opp. at 6.  *Cf. Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989) ("We give the Federal Rules of Civil Procedure their plain meaning, and generally with them as with a statute, '[w]hen we find the terms ... unambiguous, judicial inquiry is complete.'" (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981))).

The Rule plainly states: "Except *as provided* in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." (emphasis added). Google made a motion under "this rule" through its 12(b)(1) motion.  Its 12(b)(6) arguments—filed hours later—

1

for failure to state a claim plainly were "available" to Google at that earlier time.  That means Google should only be permitted to raise those arguments "as provided in Rule 12(h)(2)."  That Rule permits failure to state a claim through a Rule 12(c) motion, a responsive pleading, or a motion at trial, all of which require Google to first answer the complaint.  Google made a strategic choice to file separate 12(b) motions in hopes of obtaining extra pages for its litigation advantage.  Plaintiffs seek the strategic benefit of Google's answer before addressing its textually premature motion.  Rule 12 entitles them to this responsive pleading.

Fifth Circuit precedent does not require a different result.  Affirming that a district court did not *abuse its discretion* in considering successive Rule 12(b)(6) motions, *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees*, 855 F.3d 681, 687 (5th Cir. 2017), *Nationwide Bi-Wkly. Admin., Inc. v. Belo Corp.*, 512 F.3d 137 (5th Cir. 2007), is hardly an endorsement of Google's litigation tactics.  Plaintiffs have no issue with Google reraising its motion to dismiss arguments at the appropriate time and would not deny that the Court has discretion to consider them (as it always has discretion to allow exceptions from page limitations and other rules).  But Google should not be rewarded for defying the rules or effectively granting itself dispensations that should instead be requested.

## CONCLUSION

Plaintiffs respectfully request that the Court strike Google's Motion to Dismiss filed at docket entry 202 as an improper second motion to dismiss.

DATED: January 25, 2024

Respectfully submitted,

/s/ W. Mark Lanier
W. Mark Lanier
Alex J. Brown
Zeke DeRose III
**THE LANIER LAW FIRM, P.C.**
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-0024
Email: mark.lanier@lanierlawfirm.com
Email: alex.brown@lanierlawfirm.com
Email: zeke.derose@lanierlawfirm.com

/s/ Ashley Keller
Ashley Keller (*pro hac vice*)
Noah Heinz
**KELLER POSTMAN LLC**
150 N. Riverside Plaza
Suite 4100
Chicago, IL 60606
Telephone: (312) 741-5220
Facsimile: (312) 971-3502
Email: ack@kellerpostman.com

Zina Bash (Bar No. 24067505)
**KELLER POSTMAN LLC**
111 Congress Avenue
Suite 500
Austin, TX 78701
Telephone: (512) 690-0990
Facsimile: (312) 971-3502
Email: zina.bash@kellerpostman.com

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General


*/s/ James R. Lloyd*
Brent Webster, First Assistant Attorney General
Brent.Webster@oag.texas.gov
Grant Dorfman, Deputy First Assistant Attorney General
Grant.Dorfman@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov


**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 25, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ W. Mark Lanier*
W. Mark Lanier
