IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**<u>GOOGLE LLC'S BRIEF REGARDING PROPOSED COORDINATION ORDER</u>**

Pursuant to the Court's Orders, ECF Nos. 194 and 206, Google respectfully submits the order attached hereto as Appendix A ("Google's Proposal") reflecting proposed arrangements for coordination between this case (the "Texas Case") and the multidistrict litigation pending before Judge Castel (the "MDL").[1] The parties have met and conferred but were unable to reach agreement on all points. Attached hereto as Appendix B is a Joint Proposed Order reflecting the areas of agreement and disagreement.

At the November 20, 2023 Conference, Plaintiffs represented to this Court that adopting a further coordination order—similar to the Existing Coordination Orders put in place by Judge Castel in the MDL[2] and by Magistrate Judge Anderson in the Virginia Case[3]—would benefit this case.[4] The Court should adopt Google's Proposal because it closely tracks the Existing Coordination Orders, which have worked well for the last eight months. The Court should reject Plaintiffs' proposal because it seeks to materially revise those Orders and make unfair structural changes to them.

Plaintiffs' demands for further "coordination"—but only on their terms—should be viewed in light of the posture of this case. Following centralization, Plaintiffs petitioned Congress to change the law to escape the MDL and proceed on their own independent track. And Plaintiffs in the Virginia Case[5] sued Google in the Eastern District of Virginia specifically to avoid the MDL and to get an early trial date.

---

[1] *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010-PKC (S.D.N.Y.).

[2] *See* Order, *In re Google Dig. Advert. Antitrust Litig.*, No. 1:21-md-03010-PKC (S.D.N.Y. June 2, 2023), ECF No. 564 (hereinafter "MDL ECF").

[3] *See* Order, *United States, et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (the "Virginia Case") (E.D. Va., June 5, 2023), ECF No. 251 (hereinafter "EDVA ECF").

[4] Counsel for Texas represented that this Court should implement an order "along the lines of what Judge Castel did, but extending the time period." ECF No. 173 at 18:23-19:1.

[5] The U.S. Department of Justice (the "DOJ") and 17 State Attorneys General.

Now, Plaintiffs are demanding access to all documents, data, expert discovery, and discovery communications from the MDL it fought so hard to escape. *See* App'x. B ¶ 1(cc). They inexplicably seek to add "coordination" provisions designed to benefit the plaintiffs in the other cases they chose not to join. They also seek to obtain extra depositions for MDL Plaintiffs beyond their Deposition Limit in the MDL, *see* App'x. B ¶¶ 3(e), 4(a), 5(a)-(d), and to expand the time limits on MDL-only depositions without first consulting with Judge Castel or Meta. *See* App'x. B ¶ 4(d). And even more troubling, Plaintiffs are pressing for reciprocal sharing of discovery with the Virginia Plaintiffs, *see* App'x. B ¶¶ 1(cc), (2), and (6)—even though fact discovery in that case is closed, the Virginia Plaintiffs are not signatories to any proposal before this Court, and Plaintiffs do not seek Magistrate Judge Anderson's approval of their Proposal even though it would effectively reopen fact discovery in the Virginia Case. And that effective reopening of fact discovery would be one-sided against Google.

Plaintiffs seek consolidated sharing of fact and expert discovery across three cases without assuming any attendant responsibilities for meaningful coordination. There is and has been significant coordination of discovery, of which Plaintiffs here have already been the beneficiaries. But Plaintiffs ignore that and ignore Magistrate Judge Anderson's guidance that coordination orders are "intended to coordinate" discovery between cases but "not consolidate the discovery" across cases.[6] And just this morning, Magistrate Judge Anderson denied a request by MDL Plaintiffs to modify the Existing Coordination Orders and permit sharing of Virginia expert discovery for failure to show good cause. EDVA ECF No. 515.

## BACKGROUND

The Existing Coordination Orders are the product of extensive negotiations between

---

[6] EDVA ECF No. 201 at 2.

Google, all 18 of the Virginia Plaintiffs, and MDL co-Defendant Meta. Magistrate Judge Anderson stated that "the parties are to be commended for their efforts to coordinate the discovery in [the Virginia] case and the MDL proceeding in New York." EDVA ECF No. 201 at 1.

Plaintiffs in this case and the MDL Plaintiffs were invited to join those negotiations but declined to do so and, instead, submitted an independent proposal to Judge Castel. Much like the Plaintiffs' proposal before this Court, Plaintiffs' earlier proposal required prompt sharing of materials beyond fact discovery—"including expert reports and related materials"—across cases, MDL ECF No. 548-1 ¶ 2. Judge Castel rejected it as a "noncoordination order" reflecting "an antipathy to any kind of coordination beyond getting whatever the plaintiffs can get out of Virginia." MDL ECF No. 560 at 11:21-12:23.

Having declined to negotiate, and having had their own proposal rejected, Plaintiffs now seek a third bite at the apple. And having benefited from a *massive* amount of coordinated discovery,[7] they now want to dispense with attendant obligations under the Existing Coordination Orders that do not appeal to them.

Although not present at the negotiation table, the influence of the Virginia Plaintiffs has loomed large in negotiation of the instant order. That is notable because fact discovery in the Virginia Case is closed. And this Court has recognized that the opportunities for coordination with the Virginia Case are very limited.[8] But that has, apparently, not stopped the Virginia Plaintiffs

---

[7] Google has produced approximately 6 million documents, 200 terabytes of data, and made available for review 80 gigabytes of source code. Through coordination, Plaintiffs have also had access to transcripts of 34 pre-suit Google ad tech depositions taken by the DOJ and 10 depositions taken by the DOJ in the Virginia Case. Plaintiffs have also had access to Google's third party discovery taken in both this action and the Virginia Case, as well as the 23 third party depositions taken by parties to the Virginia Case.

[8] The Court stated that "for the E.D.V.A. [case], there's not really any potential for any kind of coordination at this point." ECF No. 189 at 19:1-4.

3

from providing Plaintiffs in this case with a wish-list of demands to incorporate into the instant coordination order. *See, e.g.*, App'x. B ¶¶ 1(jj)-(ll), 3(a)-(b), 3(g), and 6(a)-(c) (allowing Virginia Plaintiffs to continue to participate in party and non-party depositions and receiving deposition transcripts in both this case and the MDL even after the close of fact discovery in the Virginia Case). There is no need for this Court to expand Virginia Plaintiffs' discovery rights in this Order because they continue to be governed by the Existing Coordination Orders and are litigating before a different court in a case in which fact discovery is over.

Against that backdrop, Plaintiffs' proposal is part of a broader campaign to get early and expansive access to expert discovery in order to obtain an unfair tactical advantage. Just last week, MDL Plaintiffs inserted themselves in the Virginia Case seeking copies of Virginia expert reports—which Virginia Plaintiffs did not oppose.[9] Although Texas Plaintiffs did not file that request, the MDL Plaintiffs nonetheless sought the same sharing for this case as well. Earlier today, Magistrate Judge Anderson denied MDL Plaintiffs' Motion, finding that purported "efficiency" for the MDL Plaintiffs is not good cause to modify the Existing Coordination Order in the Virginia Case. *Cf.* EDVA ECF No. 515. Magistrate Judge Anderson also expressed confusion as to why the MDL Plaintiffs were seeking relief that is also applicable to Plaintiffs in the Texas Case. Now Plaintiffs seek to re-litigate (for the third time) that provision and materially revise the remaining provisions of the Existing Coordination Orders.

## ARGUMENT

Google has proposed no substantive changes to the Existing Coordination Orders.

---

[9] *See* EDVA ECF No. 510 at 1 ("MDL Plaintiffs respectfully request that the Court now enter such a further order to permit, but not compel, the parties here to share their own Expert Discovery with the MDL Plaintiffs and the Texas Plaintiffs led by Texas, whose action has been remanded to the Eastern District of Texas.").

Plaintiffs, on the other hand, proposed a litany of significant changes only to walk back a number of them in the days (and hours) before filing in a supposed display of their reasonableness. This is a familiar part of Plaintiffs' playbook: They make extensive and unreasonable demands at the outset, beyond what they really want, in the hope that they will receive credit for retracting some of them at the last minute.[10] Such a tactic frustrates rather than facilitates meaningful negotiation, and the Court should not reward that behavior.

The issues remaining in dispute—all of which were introduced by Plaintiffs—are summarized below.

**Mandatory sharing of Expert Discovery (App'x. B. ¶¶ 1(cc) and 2)**. Google proposes to maintain the existing definition of "Shared Discovery," which encompasses "documents and data produced during fact discovery" but specifically excludes "Expert Discovery."[11] App'x. B ¶ 1(cc). Plaintiffs propose expanding this definition to include expert discovery, *id.*, and then require that Shared Discovery be disclosed to all other Counsel within five days, *id.* ¶ 2. This proposal is engineered to give Plaintiffs copies of expert reports many months in advance of their own expert disclosure deadlines. But Magistrate Judge Anderson has already found that MDL Plaintiffs did not show good cause to even *permit*—let alone *require*—sharing of the Virginia Plaintiffs' expert reports under the Existing Coordination Orders. EDVA ECF No. 515.

Plaintiffs' inclusion of expert discovery in "Shared Discovery" is part of a broader concerted effort by Plaintiffs and MDL Plaintiffs to game three federal courts to gain early access

---

[10] This was on display just last month with Plaintiffs' scheduling proposals: Plaintiffs told the Court that their proposed schedule, as they briefed it, was merely a bargaining position and not a real proposal. *See* ECF No. 189 at 12:10-11 ("But if I had asked for that, then I would be negotiating from there, so I asked for February 14th.").

[11] Google's proposed change to the definition of "Shared Discovery"—adding "or in the Virginia Case"—is intended only to clarify what Google understood to be the effect of the Existing Coordination Orders, which is to ensure that fact discovery can be used across these cases.

to expert reports across cases.[12]  That is wrong:  Consistent with the Federal Rules, Plaintiffs—as "the party with the burden of proof"—must make their expert disclosures first, Google then responds, and plaintiffs serve rebuttal reports.[13]

Courts have rejected similar attempts at obtaining early disclosure of expert reports.  For example, in *Natixis Financial Products LLC v. Bank of America*, the Southern District of New York denied a request by plaintiff "to obtain advance copies of [defendant]'s expert reports before committing to an expert position on its own claims on the grounds that [defendant] has had the advantage of expert discovery in" certain "Related Actions." 2016 WL 7165981, *4 (S.D.N.Y. Dec. 7, 2016).  The court's ruling was grounded in the principle that "allowing one party to view the opposing party's expert reports before having to submit its own opening expert reports would afford that party an unfair advantage." *Id.* (collecting cases).  In reaching its conclusion, the court specifically recognized that opportunities for "tactical advantage can arise when one party is involved in parallel actions against multiple adversaries with staggered expert discovery [deadlines]" and an adversary in one of the parallel litigations gets early disclosure of expert reports.  *Id.*

Moreover, parties in all three cases have already stipulated to the scope of "[e]xpert materials to be disclosed," and those materials do not include expert reports from those experts'

---

[12] MDL Plaintiffs—which then included Plaintiffs—already unsuccessfully argued for this provision before Judge Castel last year.  *See* MDL ECF No. 548.  And just last week, MDL Plaintiffs moved for an order in the Virginia Case that, notwithstanding the Existing Coordination Orders, "[Virginia] Plaintiffs and Google may disclose their own expert materials to MDL Plaintiffs and plaintiffs in *Texas v. Google*." EDVA ECF No. 509. Magistrate Judge Anderson denied the Motion.

[13] *See* Advisory Comm. Notes to Fed. R. Civ. P. 26(a) (1993 Amendment); 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2031.1 (3d ed.) (quoting Advisory Comm. Notes); *see also Sierra Lione Stag Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 570 (5th Cir. 1996) ("The Advisory Committee Notes to Rule 26 recommend disclosure of these reports seriatim.").

6

previous cases. ECF No. 184 ¶¶ 4.1, 4.1.4; MDL ECF No. 428 ¶¶ 4.1, 4.1.4, EDVA ECF No. 106 ¶¶ 4.1, 4.1.4. Plaintiffs' proposal would undermine Judge Castel's scheduling order by requiring automatic and mandatory early disclosure of expert reports from this case to the MDL Plaintiffs but before Google's disclosures are due in the MDL (and almost three months before their own reports are due). *See* ECF 194 at 2; MDL ECF 394 ¶ 7.

**Mandatory Sharing of Discovery Correspondence (App'x. B. ¶¶ 1(cc) and 2).** Plaintiffs also propose to expand "Shared Discovery" to require the sharing of not only actual "written discovery (e.g., interrogatory responses)" but also "discovery correspondence" across three cases. App'x. B ¶ 1(cc). They articulate no valid reason that they should receive "discovery correspondence," and the request is calculated to multiply disputes. They have previewed where this leads: If made available to them, Plaintiffs intend to use Google's correspondence with the DOJ as a roadmap to relitigate discovery issues that Google was able to resolve with the DOJ. Indeed, Plaintiffs have explicitly acknowledged that they will comb through those letters looking for issues to reopen, including issues the DOJ has abandoned. Plaintiffs should do their own work and investigate and raise the issues important to them—not just draft off and Monday-morning quarterback the DOJ.

Plaintiffs' demand that all interrogatory responses be shared across cases is both improper and ironic given Plaintiffs' failure to provide even basic discovery in this case. Plaintiffs have yet to even provide the computation of damages required by Rule 26—now 34 months late—and have objected to a large number of Google's Interrogatories as "premature," while the close of fact discovery on May 3, 2024 looms. *See* ECF No. 177 at 4-6. But now they demand automatic sharing of Google's responses across cases, using Google's good-faith participation in discovery elsewhere to obtain what they themselves decline to provide. Moreover, Plaintiffs' efforts to force

7

automatic sharing of written discovery across all three cases would, in effect, afford MDL Plaintiffs extra interrogatories beyond the limits imposed by Judge Castel.[14] That is patently unfair.

**Expanding the Scope of Fact Discovery in The Virginia Case (App'x. B ¶ 3(b)).** Fact discovery in the Virginia Case is closed. But under Plaintiffs' proposal, the Parties to this case would be required to serve deposition notices on Virginia Plaintiffs so that they can attend depositions "regardless [of] whether the Fact Discovery Cutoff in [their] case has expired." App'x. B ¶ 3(b). There is simply no reason for this Court to invite the Virginia Plaintiffs to depositions when fact discovery in that case has closed and Virginia Plaintiffs used their deposition allotment. Past experience has shown that MDL Plaintiffs are prepared to notice depositions at the request of the Virginia Plaintiffs.[15] And so Plaintiffs' proposal, if entered, raises the prospect of a *de facto* reopening of one-sided fact discovery in the Virginia Case, providing Virginia Plaintiffs with additional depositions in excess of their limit, without input from Magistrate Judge Anderson and without Google being able to depose additional Virginia Plaintiffs.

**Lifting the Stay of Discovery Imposed By Judge Castel (App'x. B at 4 n.1).** Judge Castel dismissed Plaintiffs' claim of a conspiracy between Google and Meta and then imposed a stay of discovery on that issue. MDL ECF No. 394 ¶ 3 ("In view of the Opinion and Order of

---

[14] Plaintiffs in this case have up to "forty-five interrogatories in total and an additional thirty contention interrogatories," ECF No. 194 at 6, whereas MDL Plaintiffs are limited to interrogatories "in compliance with [SDNY] Local Rule 33.3(a)," which greatly restricts the types of interrogatories that can be served. MDL ECF No. 394 ¶ 6.2 at 2. Plaintiffs' proposed paragraph 2(e) would encourage Plaintiffs and MDL Plaintiffs to collaborate on interrogatories and use them across both cases, despite the limits imposed by both courts. *See* App'x. B ¶ 2(e) ("Shared Discovery that was produced in a Coordinated Case may be used in any Coordinated Case for any purpose permissible" under the federal rules).

[15] For example, in addition to all of Virginia Plaintiffs' allotted party depositions, MDL Plaintiffs negotiated to conduct a Google deposition in the MDL during the Virginia coordinated discovery period, ensuring that Virginia Plaintiffs would be able to use the transcript.

September 13, 2022, discovery relating to the Network Bidding Agreement is stayed pending further Order."). The Existing Coordination Orders, which were entered and took effect while Plaintiffs were still part of the MDL, require that Plaintiffs do not obtain access to any discovery of Meta, either as a Party to the MDL or as a non-party. *See* MDL ECF No. 564 at 7 n.1 ("Shared Discovery produced by Meta as a Non-Party in the Virginia Case shall not be made available to MDL Plaintiffs until seven (7) days after the NBA Stay is lifted."). Now, through a footnote in their Proposal,[16] Plaintiffs propose to lift the stay. But if that is their aim, they should do so by motion and not by footnote.

**Leveraging this Court's Scheduling Order to Obtain Extra MDL Depositions (App'x. B ¶¶ 3(e), 4(a), 5(a)-(d)).** Plaintiffs have pressed for a structural change to the Existing Coordination Orders that would allow the MDL Plaintiffs to circumvent Judge Castel's scheduling order by giving them an hour to ask questions at depositions noticed only in the Texas Case. This issue has already been litigated and the Court need not revisit it.

Plaintiffs' proposal is the exact same one that Magistrate Judge Anderson considered and rejected in connection with the Existing Coordination Orders. As Magistrate Judge Anderson explained, "Plaintiffs' proposal treats a deposition notice in *either* case as if it was noticed in *both* cases and therefore *all parties in both actions* would be able to participate in every deposition." EDVA ECF No. 201 at 2; *see* App'x B, ¶¶ 4(a), 5(a)-(d) ("any Non-Noticing Party or Parties *in [any] Coordinated Case,* will have an hour to cross examine a witness") (emphasis added). "On this issue," the court continued, "Google has the better argument" because "[t]he court has set

---

[16] *See* App'x. B at 5 n.1 (The "stay of discovery [on Meta] . . . applies only to Plaintiffs in the MDL and does not apply to the [Texas] Plaintiffs.").

9

limits on the number of depositions to be taken in this action, and Plaintiffs' proposal would in essence undermine those limits." EDVA ECF No. 201 at 2.

Plaintiffs' proposal is an end-run around the MDL Plaintiffs' 15-deposition limit. Their proposal would gift the MDL Plaintiffs upwards of 40 extra hours of deposition time (one hour per deposition alloted to Plaintiffs in this case)[17] or the equivalent of almost six additional depositions on top of the 15 that they have under Judge Castel's scheduling order. MDL ECF No. 394 ¶ 6.5. Judge Castel has made clear that requests for additional depositions in the MDL will only be granted on a showing of good cause. MDL ECF No. 291 at 57:18-58:8 (Apr. 19, 2022) ("[MDL Plaintiffs are] going to have to persuade [the court] why you need who you need when you're going above the [deposition] limits."). Plaintiffs should not be able to sidestep that ruling by having Plaintiffs in this case ask this Court to grant MDL Plaintiffs more deposition time.

Plaintiffs may complain that the Existing Coordination Order is unfair because Google, as a party in both actions, does not need to use a deposition cross-notice to participate in a deposition for up to one hour. But that argument is not persuasive because, as Magistrate Judge Anderson explained, "there is nothing unfair about a party to an action being able to participate in a deposition in that action." EDVA ECF No. 201 at 2.

In an effort to circumvent Magistrate Judge Anderson's ruling on this precise issue, Plaintiffs added an additional provision to their proposal that states "when a Non-Noticing Party examines a witness without a Cross Notice pursuant to paragraphs 4 and 5, that examination *will not count against any Deposition Limit applicable to that Party*." Appx'x. B ¶ 3(e) (emphasis

---

[17] Under Plaintiffs' proposal, MDL Plaintiffs would also be afforded an extra hour for each non-party deposition that Google notices as well. *See* App'x. B, ¶¶ 5(a)-(d).

added).[18]  The Court should adopt Google's Proposal, which tracks the Existing Coordination Orders and appropriately limits questioning by a Non-Noticing Party to depositions taken "in the Coordinated Case(s) to which the Deposition Notice(s) apply." App'x. B ¶¶ 4(a), 5(a)-(d).

**Unilaterally Revising Deposition Time Allocations for MDL Parties (App'x. B ¶ 4(d))**. Under the Existing Coordination Orders, if MDL Plaintiffs and MDL Defendant Meta are the only parties that notice or cross-notice a Google deposition, then they each get 3.5 hours on the record to examine the witness, for a total of seven hours.  MDL ECF No. 564 ¶ 4(d); *see* Fed. R. Civ. P 30(d)(1).  Plaintiffs propose to extend those MDL-specific time limits to "two (2) consecutive days" where MDL Plaintiffs get 7 hours, Meta gets 6 hours, and Texas Plaintiffs get 1 hour. App'x. B ¶ 4(d).  MDL Plaintiffs already argued for a similar provision before Judge Castel.[19]  If they would like to relitigate that MDL-specific allocation of time then they should first raise that issue with Judge Castel and with Meta.[20]

**Modifying Deposition Scheduling (App'x. B ¶ 3(c)-(e)).**  Plaintiffs' proposal will reduce the 21 day deposition notice period from the Existing Coordination Orders to 14 days, and extend the time for cross notices from the existing three business days to seven days.  App'x. B ¶¶ 3(c)-(e). That squeeze would prejudice Google.  It makes scheduling far more difficult because Google will not know if a witness needs to set aside one or two days.  And it would give Google only a few business days to prepare a witness for an extra seven hours of questioning by a second set of

---

[18] And to underscore the one-sided nature of the change, until 5:40 pm on the day of filing, Plaintiffs had proposed that the benefit of this provision—already rejected by Magistrate Judge Anderson—should extend to all litigants "excluding Google". App'x. B ¶¶ 4(a) and 5(a). Plaintiffs removed this phrase from their proposal at the last minute.

[19] *See* MDL ECF No. 542 at 7.

[20] Meta has not been involved in discussions regarding the Joint Proposed Order to date, and it is unclear whether Plaintiffs have shared their proposal with Meta.

11

plaintiffs with different claims in dispute.[21]  Moreover, scheduling under the Existing Coordination Orders has worked well, and there is no prejudice to Plaintiffs because the Existing Coordination Orders allow Plaintiffs to withdraw a cross-notice up to 48 hours in advance of a scheduled deposition.  *See* App'x. B ¶ 3(e).  Plaintiffs made use of that provision and can continue to do so.

**Multiple Depositions of the Same Deponent (App'x. B ¶ 3(f))**.  The Existing Coordination Orders protect Google and non-party witnesses from being deposed more than once without good cause.  This was a critical provision that Google sought in the Existing Coordination Orders because of the very real risk that MDL Plaintiffs would seek to redepose Google deponents previously deposed in the Virginia Case.[22]

Despite initiating this litigation, Plaintiffs now want to include a similar provision for themselves.  To be clear, Plaintiffs are not seeking protection against multiple depositions of the same party in this case.  Federal Rule 30(a)(2)(A)(ii) affords Plaintiffs protection from being deposed more than once.  *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) ("A party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case.").  Instead, they seek to bar Google from deposing a party in this case and again in the MDL.  This is unreasonable given Plaintiffs' refusal to identify the real parties in interest in this case and ever-shifting views as to whom they represent.  It invites Plaintiffs to make mischief over whether one entity (for example, a company located in a plaintiff state) is the same as another entity (for example, a plaintiff state) deposed in this case.

---

[21] For example, Plaintiffs in this case alleged DTPA claims not found in the MDL cases, whereas certain MDL cases alleged claims related to YouTube not found in this case.

[22] MDL Plaintiffs (then including Plaintiffs in this action) did indeed seek the ability to do so before Judge Castel.  *See* MDL ECF No. 548-001 ¶ 3(d)(i) ("With respect to a Google Deposition . . . MDL Plaintiffs shall be entitled in the MDL separately to depose the witness who was previously deposed in the Virginia Case, provided that MDL Plaintiffs did not previously cross-notice the deposition of such witness.").

12

\* \* \*

Plaintiffs continue to seek unilateral modification of the Existing Coordination Orders that benefits only themselves, and seek an end run around court orders issued in the MDL and Virginia Case. The Court should not countenance such gamesmanship. Google respectfully requests that, after appropriate consultation, the Court enter Google's Proposal at Appendix A.[23]

Dated: January 26, 2024

Respectfully submitted,

  /s/ R. Paul Yetter
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT
GOOGLE LLC

---

[23] If the Court agrees with Google's Proposed Coordination Order, Google will meet and confer with other relevant stakeholders before submitting a parallel Order to Judge Castel.

13

**CERTIFICATE OF SERVICE**

      I certify that on this 26th of January, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                                                          */s/ R. Paul Yetter*