**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

The State of Texas, et al.,

               Plaintiffs,

v.

Google LLC,

               Defendants.

Case No. 4:20-cv-00957-SDJ

Hon. Sean D. Jordan

**PLAINTIFF STATES' SUBMISSION ON THE COORDINATION ORDER**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................... 1

ARGUMENTS ....................................................................................................... 5

    I.     The States have worked in good faith and compromised to reach as much agreement as possible on the coordination order. ....................................... 5

    II.    The "good cause" requirement for re-deposing witnesses should be mutual and apply to all parties, *including Google*. ................................... 8

    III.   The States propose continued coordination with the DOJ and allowing all Plaintiffs to attend each other's depositions. ........................................ 9

    IV.   The States request open sharing of expert reports between the Texas and MDL Cases. ............................................................................................ 10

    V.    Immediate sharing of discovery correspondence and written discovery will promote efficient assessment and resolution of discovery disputes. ......... 14

    VI.   Google's proposal unfairly seeks to foreclose third-party discovery from Meta in a coordination order. ....................................................................... 16

    VII.  The States request reasonable revisions to the time periods for cross-noticing a deposition and obtaining shared discovery. ....................................... 17

    VIII. The States request an hour for non-noticing parties to examine the witness at a deposition. .............................................................................. 18

CONCLUSION ..................................................................................................... 20

Plaintiff States ("States") respectfully submit the following brief in support of the States' proposals in the coordination order submitted by the parties (Exhibit A).[1]

## **INTRODUCTION**

At the outset, if Google has relevant, non-privileged discovery, in any of the three Ad Tech litigations, it should produce it in this case.  And produce it timely.

Google should not be allowed to now argue that the Virginia litigation is different from the States' case in an effort to hide expert discovery.  Google should not have three versions of truth in three litigations.  Google should not withhold MDL discovery until after the States' fact discovery period ends.

Indeed, one of the central issues in the Ad Tech litigation is Google's lack of transparency in its advertising business. Here, one of the central issues in Google's proposals in the joint proposed coordination order is Google's lack of transparency with the sovereign states, the Department of Justice, and the private MDL plaintiffs. For example, Google insisted the parties work from the DOJ Coordination Order later entered in the MDL, the very order that the States and the MDL Plaintiffs were excluded from negotiating.

---

[1] The attached version was prepared in conjunction with Google and the MDL Plaintiffs. It provides the areas of dispute and a proposed insert from Google and a proposed insert from the States. Counsel for the States will provide the Court with a word version of the proposed order to aid the Court in entering a Coordination Order and will include Counsel for Google on that submission. Also, the States have included the MDL Plaintiffs in negotiations with Google and discussions regarding this Coordination Order. The States' goal in bringing the MDL Plaintiffs in discussions and seeking input from the DOJ, is to reduce the burden on the Courts and in the interest of efficiency. If the parties can reach common ground on 85% of the issues in the submission to this Court, the parties do not need to start over in SDNY because the MDL Plaintiffs were excluded from relevant conversations. Mr. Lanier was appointed to the Plaintiffs Lead Attorneys in the MDL, and we will continue to look for ways to reduce the burden on this Court and others when possible.

The States are interested in finding relevant, non-privileged information about Google's business practices pursuant to local and federal rules and prosecuting their claims to the fullest extent of the law. Google's approach to a coordination order, and its behavior in practice over the past two years with the aforementioned plaintiff groups, reveal that the very behavior complained about at the heart of the various complaints is apparently de rigueur at Google LLC in both business *and* litigation.

Not sharing and communicating thwarts efficiency and discovery. It also conflicts with this Court's directive.   In December 2023, when discussing coordination, this Court commented on looking for opportunities for efficiency and non-duplication:

> I'll state the obvious at the outset, which is the purpose of coordination is obviously in terms of efficiency so we're not duplicating discovery where it can be avoided.

Dec. 12, 2023 Tr. at 6. (page 6)  Google oft complains of how unfair it is that it has to litigate the same advertising case in three jurisdictions, yet it appears Google is trying to use the different cases as an opportunity to unnecessarily complicate every aspect of discovery for the plaintiff groups.

For example:

- Google objected to a definition of "Google" that included Google LLC, Alphabet Inc., and YouTube LLC, but provided no context other than it wanted to keep the definition what it was in the MDL.

  Google's counsel refused to confirm whether Alphabet Inc. was the parent of Google LLC and whether YouTube LLC was a subsidiary of Google LLC and instead stated that the definition says what it says.  This is unhelpful.

- As another example, Google refused to tell the States not only (i) what relevant and responsive information related to online advertising was in

the Google Search Case (documents or testimony), but also (ii) what efforts it did or did not take to fulfill its discovery obligations.

Instead, Google attempted to limit its obligations and agreed only to produce information related to online advertising from the Google Search case, if and only if, it came from one of the 7 custodians in the instant case. Google stated that anything else was burdensome and not proportionate. Counsel for the States and the MDL Plaintiffs indicated to Google that a search of the public record indicated that some 20+ witnesses appear to have provided testimony relevant and on point to online adverting. And asked Google to confirm whether there was responsive material by the other 13+ custodians. Google refused to take a position other than burden and proportionately and that Counsel for Google had not personally reviewed the transcripts.

If there is relevant information in Google's possession, it should coordinate with the parties to produce it. Google should not be able to take one position in the Google Search case about online advertising and another in the Ad Tech litigation.

The same holds true with any discovery disputes or positions Google takes with its experts in other cases.

- Google objected to the States's request of 7 days to cross notice rather than 3 days. With a mere three days, the parties were previously put in a position to preserve the right so, in practice, the plaintiffs issued cross-notices then often pulled them down on further review—creating an unnecessarily burdensome process and time crunch that could be alleviated with more time allowed for cross-noticing a deposition.

  Google has nonetheless refused any compromise, rejecting the States' compromise of 7 calendar days, lessened from the original proposal of 7 business days.

- Under Google's proposal, after fact discovery ends in the States' case on May 3, 2024, Google could on May 4, 2024, produce a million documents and links to the MDL that the States would have no right to discover.

  As Google put it, fact discovery will be over in Judge Jordan's court. And the States need to reap what they sowed by asking to come back to the Court in which the case was filed and not stick with the discovery period in the MDL with the private plaintiffs and classes. Running out the clock or other forms of non-compliance and non-coordination run afoul of efficiency. This type of non-coordination is ripe for chaos, burdening the Court as well as

Special Master Moran.

The States' coordination proposals seek to prevent games of hide-and-seek, prevent waste of the Court's and the States' resources, and prevent inconsistent statements and actions by Google across the three AdTech litigations.

The States' proposal also largely preserves the status quo. It adopts the framework entered by the Courts in the MDL and Virginia Cases; maintains the prohibition on successive depositions of the same witness; and permits continued coordination with both the MDL Plaintiffs and the DOJ. The States' few substantive changes are a product of common sense and experience.

If Google has relevant discovery related to advertising (including expert reports), it should disclose it. If there is relevant discovery produced and testimony provided in the DOJ's Search case, Google should disclose it. Google has taken the position that the three AdTech actions are all the same case, yet its coordination order attempts to silo off communication and cooperation and force the parties to fight over every issue that is produced or made available in the other related cases. What Google says in one case is indisputably relevant to the others. Yet Google proposes to stagger or obscure its litigating positions in the hope that, through gamesmanship, it can keep each Plaintiff in the dark, just enough, to eke out a triple bank shot victory. The result is that Google has a complete picture of Plaintiffs' cases, while Plaintiffs are left with Google's fragmented and potentially contradictory responses. That is not what discovery in a federal court looks like. The parties are entitled to relevant evidence, and through the adversarial process, the truth should prevail.

The States' coordination proposal is based on that fundamental principle.  The States' proposal clarifies that the parties should share discovery correspondence and written discovery in addition to document productions.   It specifies that all plaintiffs—States, MDL, and DOJ—can attend each other's depositions.  It would require the States, the MDL, and Google to share expert discovery.  And it proposes modest edits to the deposition protocol:  more time to issue a notice or cross notice, and any party can take an hour of deposition time without formally issuing a notice or cross-notice.  Google objects to all of this.

Respectfully, the Court should enter the States' proposal with provisions that promote efficiency and cooperation where possible and that prevent Google from saying and producing one thing in one venue and not making the same information available to the States in this Court.

## ARGUMENTS

### I.   The States have worked in good faith and compromised to reach as much agreement as possible on the coordination order.

Recognizing the importance of coordinating fact and expert discovery across the different Google AdTech actions while also maintaining the States' fundamental right to conduct essential discovery on their claims, the States have been working diligently over the last few weeks to confer on coordination proposals with (i) the MDL Plaintiffs,[2] as well as the Department of Justice, and (ii) Google.  Once this Court

---

[2] Notably, the MDL Plaintiffs are not monolithic.  Instead, there are multiple Plaintiff groups in the MDL: the Publisher Class Plaintiffs, the Advertiser Class Plaintiffs, the Daily Mail and Gannett Plaintiffs, the Direct Action Newspaper Plaintiffs, and Plaintiff Inform Inc.

enters a coordination order, the States understand that Google and the MDL Plaintiffs intend to seek entry of a parallel order in the MDL to fully effectuate coordination across the actions.

As a result of these efforts, the States and MDL Plaintiffs have compromised on several key issues, outlined below. On the other hand, based on the parties' conferences and exchanges, Google has not meaningfully considered the States and MDL Plaintiffs' positions, much less compromised on any of its own coordination demands. Instead, Google has agreed only to minor, conforming edits.

_First_, the States and MDL Plaintiffs have agreed to use the MDL Coordination Order as the starting template. It is important to note, at the outset, that the States and the MDL Plaintiffs <u>were not</u> part of the negotiations—between the DOJ, Google, and Meta—of the Coordination Order entered in the DOJ Virginia case that was, later, adopted in the MDL.[3] With the opportunity in this Court to refresh the terms of coordination, the States initially proposed a streamlined coordination order focused on the key points at issue, instead of the unnecessarily hard-to-follow coordination order entered in the MDL. When Google insisted on the more elaborate, prior order format, the States agreed despite the efficiency benefits of a more streamlined format.

However, the current MDL Coordination Order cannot simply be updated with a new caption and minor conforming edits and entered in this Court. For example, merely swapping "Texas Plaintiffs" for "Virginia Plaintiffs" has serious consequences

---

[3] _See_ May 16, 2023 Hr'g Tr. at 5:22-6:3, MDL ECF No. 560 ("I believe the first time the MDL plaintiffs had seen that order would have been when we made the filing yesterday."); _id._ at 6:22-7:3 ("Obviously it doesn't take into account the position of the MDL plaintiffs . . . .").

– it undermines coordination that is currently ongoing with the DOJ Virginia case. *See infra* Part III.  Further, pursuant to their statutory rights, the States are no longer in the MDL and have returned to this Court, where the free flow of discovery is not only regularly ordered but is expected of all parties.  Given the progression of the cases, revisions are necessary to account for the current state of the cases.

<u>Second</u>, despite differences in their discovery periods and deposition limits, the States and MDL Plaintiffs have agreed to be bound by a "good cause" requirement with respect to taking subsequent depositions of Google, party, and non-party witnesses who have already been deposed in the Virginia and MDL cases.  That is, no subsequent depositions of the same witnesses are permitted absent good cause shown.  As MDL Judge Castel recognized, "delays in production that impact the deposition of a witness" would be an example of "good cause" to "enable the plaintiffs to apply to the Court for additional time to examine the witness."[4]

This compromise by the States and MDL Plaintiffs resolves any purported "non-coordination" concerns.[5]  Despite different discovery periods and deposition limitations, the States and MDL Plaintiffs are committed to working together to

---

[4] *Id.* at 15:4-10; *see also id.* at 13:20-14:7.  Good cause, thus, exists for the depositions of individuals, such as Mr. Neal Mohan, who the DOJ has deposed but for whom document production was untimely.

[5] Google has continually mis-cited MDL Judge Castel's past comment for the broad proposition that Plaintiffs' entire proposal is a "non-coordination order."  *See* ECF 201 at 2. Judge Castel's comment, however, narrowly related to the sharing of discovery with no limitations on subsequent depositions.  May 16, 2023 Hr'g Tr. at 11:21-12:3, MDL ECF No. 560.  Thus, any "non-coordination" concern is resolved here with the good cause requirement. That concern did not involve, for example, the sharing of expert discovery, which clearly promotes coordination, not "non-coordination."

coordinate and streamline the depositions they take.  As addressed below, the States and MDL Plaintiffs simply request reciprocity, that Google also be bound by the same "good cause" requirement.  Under Google's proposal, while the States are required to show good cause, Google is free to inject inefficiency and re-depose any party witnesses.

Despite the parties' efforts, including the above-outlined compromises by the States, disputed coordination issues remain.  The States address each of these disputed issues below.

## II.   The "good cause" requirement for re-deposing witnesses should be mutual and apply to all parties, *including Google.*

This disputed issue is straightforward and appears in paragraph 3(f) of the proposed coordination order (Ex. A).  The States have agreed to Google's demand that, if the States do not notice or cross-notice a deposition in the first instance, the States cannot re-take a Google or non-party deposition absent a showing of good cause, essentially a "use it or lost it" provision.  Yet Google has refused to be similarly bound. Under Google's proposal, only the re-taking of Google and non-party witness depositions are subject to the good cause requirement, such that Google witnesses cannot be deposed twice but Google is free to re-take any party witnesses.  Google could depose MDL and State Plaintiffs twice – once in each case.

The States request that the Court reject Google's unfair, one-sided proposal, enter the States' proposed language in paragraph 3(f) of the proposed coordination order (Ex. A), and apply the "good cause" requirement to all depositions, including party depositions taken by Google.

**III.    The States propose continued coordination with the DOJ and allowing all Plaintiffs to attend each other's depositions.**

Under the current coordination order in the MDL and Virginia, the DOJ may request transcripts of depositions taken after the close of its fact discovery period.  It also may use those transcripts for impeachment.  At paragraphs 6(b) and 6(c) of the States' proposed coordination order (Ex. A), the States would continue to permit coordination with DOJ.  At paragraph 3(b) of the States' proposed coordination order (Ex. A), the States also propose to clarify that the DOJ can attend a deposition in the Texas Case or the MDL—and that the States can attend a deposition noticed in the MDL after the close of fact discovery—which should not be controversial given the existing practice of sharing transcripts.

Yet Google opposes the States' proposal across the board and demands to change the status quo.  In removing the DOJ from its proposed coordination provisions, Google would put an end to the open sharing of deposition transcripts with the DOJ.  It also opposes allowing the Plaintiffs even to attend and merely observe each other's depositions—even though all agree that parties cannot examine the witness if their fact discovery period already has closed.  Google has offered no justification for modifying the current coordination terms to exclude the DOJ from receiving this discovery, or to disallow silent attendance by any Plaintiff at a deposition after the close of fact discovery.  Google's obstinance defies common sense.

Proceeding as Google proposes also would interfere with the coordination between the MDL and Virginia cases, which the Courts in both cases already have ordered.  Presently, when the MDL Plaintiffs take a deposition of a Google witness,

that transcript is shared with the DOJ.  But, under Google's proposal, when MDL Plaintiffs cross-notice a deposition noticed by the States, what can and cannot be shared will become far more complicated and inefficient.  Recently, in negotiations, Google has indicated it could object to sharing any portion of an MDL cross-noticed deposition transcript that refers back to the first day of the States-noticed deposition. Google also reserved the right to object to the use of any such partial transcript as the basis for impeachment in the DOJ case.  That Google's coordination order invites these kinds of needless disputes—to the detriment of coordination already imposed in the MDL and Virginia cases—is reason enough to reject it.

In sum, the Court should reject Google's unreasonable demand for non-coordination and adopt the States' proposals in Paragraphs 3(b), 6(b), and 6(c), among others, which mirror what the MDL and Virginia Courts already have ordered.

## IV.   The States request open sharing of expert reports between the Texas and MDL Cases.

In addition to the sharing of fact discovery, in paragraph 1(cc) of the proposed coordination order (Ex. A), the States propose the open sharing of expert discovery across the MDL and Texas cases.  Accordingly, the States oppose Google's proposed paragraph 7.  Multiple reasons and case law support the free flow of this information.

*First*, the expert reports in the MDL are unquestionably relevant to this case and responsive to discovery requests served by the States.  Even from Google's perspective, as its counsel has represented, the cases are essentially "the same case, under the same legal theories, with the same allegations, concerning the same Google products and services, at the same time."  Mar. 10, 2023 Tr. at 9.  Indeed, under this

Court's procedures and Local Rule CV-26, which promote the free flow of relevant information in discovery, Google is required to automatically produce all of the AdTech expert reports to the States, without a discovery request.

_Second_, recognizing parties' entitlement to all relevant documents, courts regularly compel the production of expert reports across cases involving the same defendant or allegations bearing on relevant issues, without timing limitations. *See*, *e.g.*, *Infernal Tech., LLC v. Microsoft Corp.*, 2019 WL 5388442, at *1-3 (E.D. Tex. May 3, 2019) (Gilstrap, J.) (granting motion to compel documents from a related patent case, including "expert reports," because "prior litigation positions regarding the same claims asserted in this case are relevant to the claims and defenses in this case"); *Food Lion, LLC v. Dairy Farmers of America, Inc.*, 2020 WL 6947921, at *4-6 (W.D. N.C. Sept. 29, 2020) (compelling production of 32 documents, including expert reports, that the antitrust defendant produced to the DOJ because they were relevant to the alleged anticompetitive conduct in the instant case); *In re Hardieplank Fiber Cement Siding Litig.*, 2014 WL 5654318, *1-3 (D. Minn. Jan. 28, 2014) (upholding special master decision compelling production of all documents produced in other legal actions with similar allegations, including "all expert reports").

_Third_, there are no confidentiality concerns.  Protective orders exist in the MDL and this case, and Google, even in its coordination order, does not object to providing the States and MDL Plaintiffs access to Google's and third-party confidential document productions.

_Fourth_, the open sharing should be immediate, contrary to Google's proposal

to delay even the mere discussion of sharing expert discovery.  The current MDL and Virginia Coordination Orders do not foreclose the sharing of expert discovery; instead, they require a further court order for such sharing and direct the MDL Plaintiffs and Google to meet and confer at least 90 days before Google's expert reports are due in the MDL.  Applying those terms to this case, where initial expert reports are due on May 17, 2024,[6] would require that discussion between the States and Google occur by February 16, 2024—making this issue ripe for the Court to decide now.  Google, however, proposes that such discussions occur only 90 days before its *MDL* expert deadline in September 2024—*i.e.*, June 2024, which is more than a month after the States' opening expert deadline in this case.  When the parties could reach an actual agreement, or when this Court would resolve the dispute and order coordination, likely would not occur for many weeks later.

It makes little sense to hold party conferences and invite court orders on sharing of expert discovery only <u>after</u> expert discovery is well underway in this case. The States and MDL Plaintiffs are entitled to vet any inconsistencies across Google's expert reports before the expert deadlines in this case pass—including when Google files any opening and responsive reports.  *See*, *e.g.*, *Infernal Tech., LLC*, 2019 WL 5388442, at *2 (compelling production of expert reports from a related case because any contrary positions taken by a proffered expert on related claims is relevant).  For example, any challenge by Google to relevant market definitions in any case is

---

[6] The initial expert report deadline in this case applies to "issues for which the party bears the burden of proof," which could include Google if it bears the burden on any issues or affirmative defenses.  ECF 194 at 2.

unquestionably relevant in this case, and the States are entitled to discover now (rather than after the expert deadlines) any inconsistent positions taken by Google in the Virginia and MDL cases on the issue of market definition.

_Finally_, Google's sole-stated complaint is that coordination and sharing of expert discovery among the parties will give Plaintiffs a "sneak peek" at Google's defenses and somehow turn the States' expert reports into "rebuttal reports." That contention is meritless. There is no reason to forestall sharing expert materials among plaintiffs; indeed, the Federal Rules encourage it. Courts "have overwhelmingly and decisively endorsed the sharing of discovery information among different plaintiffs, in different cases, in different courts." _Burlington City Bd. Of Educ. V. U.S. Mineral Prods. Co., Inc._, 115 F.R.D. 188, 190 (M.D.N.C. 1987) (denying protective order that would prevent sharing of expert materials between related cases); _see also United States v. Hooker Chem. & Plastics Corp._, 90 F.R.D. 421, 426 (W.D.N.Y. 1981) ("[C]ollaboration among plaintiffs' attorneys . . . comes squarely within the purposes of the Federal Rules of Civil Procedure.").

As to Google's expert reports, its "sneak peek" argument merely obscures yet another Google tactical advantage. Google already has the benefit of DOJ's reports before responding to the States' expert reports; and Google will have the benefit of the States' and DOJ's reports before responding to the MDL Plaintiffs' reports. Google can use those reports to frame both its expert _and_ fact discovery—meanwhile, Plaintiffs are in the dark. The States simply ask for parity of information—in the form of timely disclosure of highly relevant expert reports—the discovery of which is

required under this Court's rules and has coordination and efficiency benefits that far outweigh any of Google's purported concerns.

In sum, the States request that the Court enter their proposed language in paragraph 1(cc) of the proposed coordination order (Ex. A), providing for the immediate sharing of expert discovery across this case and the MDL, and reject Google's proposed paragraph 7. The Court should reject Google's proposal to accede only to itself the advantage of surprise.

## V. Immediate sharing of discovery correspondence and written discovery will promote efficient assessment and resolution of discovery disputes.

Likewise, in paragraph 1(cc) of the proposed coordination order, the States request that "Shared Discovery" explicitly include the sharing of discovery correspondence and written discovery (e.g., interrogatory responses) across this case and the Virginia and MDL cases. As with expert discovery, written discovery and correspondence are indisputably relevant to all three AdTech cases.

Google's failure to coordinate across all three cases already has had real consequences. Last year, the States were informed about DOJ-Google discovery correspondence regarding discovery deficiencies and requested this correspondence from Google. The DOJ does not object to sharing this relevant correspondence. Yet, at the January 18, 2024 status conference before this Court, Google's counsel referred to and argued against the discovery of "disputes that the DOJ raised and got resolved" and of "the discovery discussions with the DOJ in Virginia, the back-and-forth on various issues where DOJ raised some concerns; Google addressed them; DOJ

14

dropped them."  Jan. 18, 2024 Status Conference Tr. at 10.

If true that discovery disputes were "resolved," as the States' counsel explained at the conference, the resolution of the DOJ's asserted deficiencies against Google would unquestionably help streamline and make discovery proceedings in this case more efficient and effective, by allowing the States to assess those resolutions and potentially bypass discovery disputes.  That is, sharing the discovery correspondence that, as Google claims, "resolved" discovery issues would save time and resources for the parties and the Court, Magistrate, and/or Special Master. With those clear efficiency benefits, Google does not appear to have any basis to continue objecting to the sharing of the DOJ's and Google's discovery correspondence in the Virginia case.

Google objects nonetheless because it again seeks to obtain a one-sided advantage.  It vigorously has pursued interrogatories, served discovery requests, and engaged in letter writing campaigns with all Plaintiffs.  It thus has the benefit of Plaintiffs' responses across all three AdTech cases and can structure its discovery accordingly.   Yet Plaintiffs know nothing of Google's varied positions in its correspondence in the individual cases.  That matters on more mundane issues—*i.e.*, how Google describes a certain production to one party but not another.  It also matters on merits questions—*i.e.*, how Google describes its core theories and defenses.  And it matters for the discovery process—*i.e.*, how Google purports to "resolve" a discovery lapse impacts all AdTech cases.  Yet Google insists there is "nothing to see here" and demands that the States and the MDL Plaintiffs simply move along.  Such an approach is antithetical to coordination.

The States thus request that the Court enter their proposed language in paragraph 1(cc) of the proposed order (Ex. A) and that discovery correspondence and written discovery from the Virginia and MDL cases be included in the discovery shared under the coordination order.  The open sharing of discovery makes particular sense here, where there is a common defendant (Google), where Google has represented that the three actions arise from essentially the same factual allegations, and protective orders are in place in all three cases to remove any confidentiality concerns.

## VI.   Google's proposal unfairly seeks to foreclose third-party discovery from Meta in a coordination order.

In paragraph 3(h) of the proposed coordination order, the parties dispute whether the States can "Cross Notice a deposition of a current or former Meta employee."  Google proposes to preclude the States from deposing Meta, formerly known as Facebook, until the MDl Judge Castel lifts the stay with respect to the "Network Bidding Agreement" that implicates Meta/Facebook.  However, that stay of discovery regarding the Network Bidding Agreement or "NBA" (MDL Dkt. 394 ¶ 3) applies only to the MDL Plaintiffs and does not apply to the States or their counsel.

In fact, the States still have live claims related to Facebook and Meta. Specifically, the States' claims under Section 2 of the Sherman Act, involving Facebook and Meta, remain in the case and were not ruled on at the motion to dismiss stage.  In any event, Meta remains a third party that has clearly relevant information and that should be subject to third-party discovery in this case.

Google's proposal to stay the States' ability to take discovery from Meta, based

on a stay entered in another case, effectively seeks to have this Court adjudicate and dispose of the relevance of Facebook/Meta without Google properly filing a dispositive motion on the subject.  The States request that the Court reject Google's proposed language in paragraph 3(h) of the proposed coordination order (Ex. A), and, given the approaching discovery deadlines in this case, permit the States to immediately conduct third-party discovery against Meta.

## VII. The States request reasonable revisions to the time periods for cross-noticing a deposition and obtaining shared discovery.

To facilitate effective coordination and sharing of discovery, the States request that the Court enter the following timelines in the coordination order:

*First*, in paragraph 2 of the proposed order (Ex. A), the States request that the Court order the shared discovery be disclosed to "all other Counsel no later than five (5) business days after disclosing Shared Discovery to any Counsel."  With the approaching discovery deadlines and tight deposition schedules needed in this case, such timeline ensures that discovery is shared on a timely basis.  Such timeline is also not burdensome considering the electronic format of document productions, whereby they can be easily forwarded.

*Second*, in paragraph 3(c) of the proposed order (Ex. A), to be consistent with this Court's other orders, the States propose that the period for noticing a deposition be at least fourteen days before the noticed date.  That period reflects the Court's own Scheduling Order in this case, which states that: "No party may notice a deposition of a party or a non-party for a date fewer than **fourteen days** from the date of the notice ...."  ECF 194 at 6 (emphasis added).  Google proposes that the period be

17

twenty-one days, which would create an irreconcilable conflict with, and require revision of, this Court's Scheduling Order.  The States, thus, request that the Court align the coordination order with the Scheduling Order and require that depositions be noticed no fewer than fourteen days from the noticed date.

*Third,* in paragraph 3(d) of the proposed order, the States propose that the period for cross-noticing a deposition be "within seven (7) days of receiving the Deposition Notice for that deposition."  That period is consistent with the Court's Scheduling Order in this case, which states that: "a party may cross-notice a deposition of a previously noticed non-party up to **seven days** before the date of the deposition," which need be initially noticed fourteen days in advance.  ECF 194 at 6 (emphasis added).  Google proposes that the period be three business days of receiving a deposition notice, which provides insufficient time for a party to evaluate a cross notice and is unnecessarily tight considering the number of depositions available to the parties in this case, and this Court's requirement that cross-notices need only be decided seven days before a deposition.  Google has not explained why providing seven calendar days causes it any prejudice.

## VIII.   The States request an hour for non-noticing parties to examine the witness at a deposition.

In light of the substantial burdens on the parties and deponents from coordinating 80 or more depositions in three months, the States also request a modest edit to the existing deposition protocol, in paragraphs 3, 4, and 5 of the proposed order (Ex. A):  a party can have an hour of deposition time—within the ordinary 7-hour allotment—to depose a witness noticed in another case without issuing a cross-notice.

The States' proposal reduces the burden on deponents where a party has a limited line of questioning and so does not want to issue a cross notice, which would require the deponent to sit for a second day of deposition.  It also reduces the burden on State and MDL Plaintiffs, who must coordinate dozens of depositions over the coming weeks and months.  And the "stub hour" benefits Google, which likewise can avail itself of the hour to examine witnesses, and potentially will defend fewer depositions of less considerable length.  The States' proposal naturally accommodates competing demands from coordinated discovery.

Google's only objection is that Plaintiffs are evading deposition limits.  That argument is meritless and seeks to secure yet another pro-Google advantage.  Under its proposal, Google would be permitted to have an hour of deposition time in either this case or the MDL without having to use a deposition notice.  Yet it would deny State Plaintiffs the right to participate in an MDL-noticed deposition absent cross notice, and vice versa.  That makes little sense given Google's concession of the substantial overlap between these cases.  And it is particularly unfair where all agree that the MDL and Texas cases will share depositions transcripts, many of which are likely admissible in both cases.  Google thus secures for itself an opportunity to develop a joint record while denying that opportunity both to the States and MDL Plaintiffs.  The Court should reject Google's gambit and adopt the States' proposal.

## CONCLUSION

For the foregoing reasons, the States request that the Court grant their requests and proposals as to the proposed coordination order (Ex. A).  The States' proposals fully facilitate coordination and efficiency across the three Google AdTech actions, without sacrificing any party's fundamental right to conduct and obtain relevant discovery on their claims and defenses.


*/s/ W. Mark Lanier*

W. Mark Lanier

Mark.Lanier@LanierLawFirm.com

Alex J. Brown

Alex.Brown@LanierLawFirm.com

Zeke DeRose III

Zeke.DeRose@LanierLawFirm.com

Jonathan P. Wilkerson

Jonathan.Wilkerson@LanierLawFirm.com

10940 W. Sam Houston Pkwy N

Suite 100

Houston, TX 77064

(713) 659-5200

**THE LANIER LAW FIRM, PLLC**


*/s/ Ashley Keller*

Ashley Keller

ack@kellerpostman.com

150 N. Riverside Plaza, Suite 4100

Chicago, Illinois 60606

(312) 741-5220

Zina Bash

zina.bash@kellerpostman.com

111 Congress Avenue, Suite 500

Austin, TX 78701

(512) 690-0990

Noah S. Heinz

noah.heinz@kellerpostman.com

1101 Connecticut, N.W., 11th Floor

Washington, DC 20005

(202) 918-1123

**KELLER POSTMAN LLC**


*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.co
m
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*
Brent Webster, First Assistant Attorney General
of Texas Brent.Webster@oag.texas.gov
Grant Dorfman, Deputy First Assistant Attorney
General Grant.Dorfman@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil
Litigation James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust
Division Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 26, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

<u>*/s/ W. Mark Lanier*</u>
W. Mark Lanier