# Exhibit A

**PLAINTIFF STATES' SUBMISSION ON THE COORDINATION ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIG. | Civil Action No. 1:21-md-03010-PKC |

**[JOINT PROPOSED] ORDER REGARDING COORDINATION OF DISCOVERY**

1. <u>Definitions</u>.  For purposes of this Order, the following definitions will apply:

    a. "Confidential Information" means material that qualifies as "Confidential Information" as that term is defined in either paragraph 1(b) of the MDL Confidentiality Order or paragraph 1(b) of the Texas Confidentiality Order.

    b. "Coordinated Case" means the MDL or the Texas Case.

    c. "Coordinated Discovery Period" means the time period after May 30, 2023, and before [***Google's Proposal***: the Fact Discovery Cutoff in the Texas Case.] [***Plaintiffs'***

1

*Proposal*: the Expert Discovery Cutoff in the Texas Case or in the MDL, whichever is later.]

  d. "Counsel" means Outside Counsel, Texas Plaintiffs' Counsel, and MDL Plaintiffs' Counsel, provided that "Counsel" shall not include Counsel for any Party that ceases to be part of the MDL (unless and until a further order directs otherwise).

  e. "Cross Notice" means to send a notice of intent to take a deposition of a Party under Federal Rule of Civil Procedure 30(b)(1) or 30(b)(6) or to serve a subpoena for a Non-Party Deposition under Federal Rule of Civil Procedure 45(a)(1), after another Party has Noticed a deposition of the same witness.

  f. "Deposition Limit" means (i) for Parties in the MDL, the fact-deposition limit in the MDL referenced in paragraph 6.5 of Pre-Trial Order Number 5 in the MDL (Dkt. 394), and any changes to that limit that may be made after entry of this Order; and (ii) for Parties in the Texas Case, the fact-deposition limits in the Texas Case referenced on pages 6-7 of the Scheduling Order (Dkt. 194), and any changes to those limits that may be made after entry of this Order.

  g. "Deposition Notice" means a notice of intent to take a deposition of a Party under Federal Rule of Civil Procedure 30(b)(1) or 30(b)(6) or a subpoena for a Non-Party Deposition under Federal Rule of Civil Procedure 45(a)(1).

  h. "District Courts" means the U.S. District Court for the Eastern District of Texas and the U.S. District Court for the Southern District of New York.

  i. "Expert Discovery" means expert reports, backup materials and other information disclosed in connection with expert reports, and expert testimony (including

expert deposition testimony), in a Coordinated Case [*Google's Proposal*: or in the Virginia Case.]

j. [*Plaintiffs' Proposal*: "Expert Discovery Cutoff" means the date ordered by the Court for a Coordinated Case for the conclusion of Expert Discovery in that case, including any extension thereof.]

k. [*Google's Proposal*: "Fact Discovery Cutoff in the Texas Case" means the date ordered by the Court for the conclusion of fact discovery in the Texas Case.] [*Plaintiffs' Proposal*: "Fact Discovery Cutoff" means the date ordered by the Court for a Coordinated Case or the Virginia Case for the conclusion of fact discovery in that case, including any extension thereof.]

l. "Google" means Google LLC, as well as its parents, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

m. "Google Deposition" means any [*Plaintiffs' Proposal*: fact] deposition of a current or former employee of Google or of Google's corporate designee under Federal Rule of Civil Procedure 30(b)(6).

n. "Highly Confidential Information" means material that qualifies as "Highly Confidential Information" as that term is defined in either paragraph 1(h) of the MDL Confidentiality Order or paragraph 1(h) of the Texas Confidentiality Order.

o. "MDL" means the multidistrict litigation captioned as *In re Google Digital Advertising Antitrust Litigation* that is currently pending in the U.S. District Court for the Southern District of New York under docket number 21-md-03010-PKC, and all of the cases that are currently part of that multidistrict litigation or that become part of that

3

multidistrict litigation after entry of this Order, but only for such time as a case is part of the multidistrict litigation (unless and until a further order directs otherwise).

p. "MDL Confidentiality Order" means the Confidentiality Order entered as docket entry 685 in the MDL or any amended Confidentiality Order in the MDL.

q. "MDL Plaintiff" means a plaintiff in any case made part of the MDL, but only for such time as that plaintiff's case is part of the MDL (unless and until a further order directs otherwise).

r. "MDL Plaintiffs' Counsel" means any attorney retained to represent or advise an MDL Plaintiff, as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by that attorney, but only for such time as that MDL Plaintiff's case is part of the MDL (unless and until a further order directs otherwise).

s. "Meta" means Meta Platforms, Inc. as well as its parents, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

t. "NBA Stay" means the stay of discovery relating to the Network Bidding Agreement that was entered in paragraph 3 of Pre-Trial Order No. 5 in the MDL (Dkt. 394).[1]

u. "Non-Noticing Party" means, with respect to a particular deposition, any Party other than the Noticing Party.

v. "Non-Party Deposition" means a [*Plaintiffs' Proposal*: fact] deposition of an individual who is not a Party or a current or former employee of a Party; a [*Plaintiffs'*

---

[1] [*Plaintiffs' Proposal*: The "NBA Stay," or the stay of discovery regarding the Network Bidding Agreement that was entered in paragraph 3 of Pre-Trial Order No. 5 in the MDL (Dkt. 394), applies only to Plaintiffs in the MDL and does not apply to the State Plaintiffs or State Plaintiffs' Counsel.]

4

*Proposal*: fact] deposition of a current or former employee of an entity that is not a Party; and/or a deposition of a corporate designee under Federal Rule of Civil Procedure 30(b)(6) of an entity that is not a Party.

  w. "Notice" means to send a notice of intent to take a deposition of a Party under Federal Rule of Civil Procedure 30(b)(1) or 30(b)(6), or to serve a subpoena for a Non-Party Deposition under Federal Rule of Civil Procedure 45(a)(1).

  x. "Noticing Party" means, with respect to a particular deposition, the Party that sends a Deposition Notice for that deposition.

  y. "Outside Counsel" means the attorneys employed by outside law firms who are retained to represent or advise a Party in a Coordinated Case, as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by those attorneys.

  z. "Party" means any individual or entity that asserts a claim, or against which a claim has been asserted, in the MDL or the Texas Case, including the MDL Plaintiffs, the Texas Plaintiffs, Meta, and Google, provided that Meta shall not be considered a "Party" while the NBA Stay is in effect or until sixty (60) days after the NBA stay is lifted. For the avoidance of doubt, unless and until a further order directs otherwise, an individual or entity ceases to be a "Party" if all of the claims that it asserts or that have been asserted against it in the MDL or the Texas Case have been dismissed or otherwise adjudicated by a District Court or transferred to a court other than one of the District Courts.

  aa. [*Plaintiffs' Proposal*: "Party Deposition" means any fact deposition of a current or former employee of a Party or a Party's corporate designee under Federal Rule of Civil Procedure 30(b)(6).]

5

bb. "Protective Orders" means the MDL Confidentiality Order and the Texas Confidentiality Order.

cc. "Shared Discovery" means [*Google's Proposal*: documents and data produced during fact discovery in a Coordinated Case or in the Virginia Case, and does not include Expert Discovery.] [*Plaintiffs' Proposal*: (1) all documents, data, written discovery (e.g., interrogatory responses), and discovery correspondence produced to a Party, or served on a Party, by or from another Party or third party during fact discovery in the Virginia Case; and (2) all documents, data, written discovery (e.g., interrogatory responses), and discovery correspondence produced to a Party, or served on a Party, by or from another Party or third party in a Coordinated Case during the Coordinated Discovery Period, including Expert Discovery and all materials pertaining thereto.]

dd. "Texas Case" means the case captioned as *The State of Texas, et al. v. Google, LLC* that is pending in the U.S. District Court for the Eastern District of Texas under docket number 4:20-cv-00957-SDJ, including the time during which it was part of the MDL.

ee. "Texas Confidentiality Order" means the Confidentiality Order entered as docket entry 182 in the Texas Case or any amended Confidentiality Order in the Texas Case.

ff. "Texas Plaintiffs" means the States of Texas, Alaska, Arkansas, Idaho, Indiana, Florida, Louisiana, Mississippi, Montana, Missouri, Nevada, North Dakota, South Dakota, South Carolina, Utah, the Commonwealth of Kentucky, Puerto Rico, and any other state that joins the Texas Case, by and through their respective Attorneys General, but only

for such time as that state remains a Party in the Texas Case (unless and until further order directs otherwise).

gg.  "Texas Plaintiffs' Counsel" means any attorney retained to represent or advise a Plaintiff in the Texas Case, as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by that attorney, but only for such time as that state remains a Party in the Texas Case (unless and until further order directs otherwise).

hh.  "Transcript" means any recording of testimony, including recordings by stenographic means and by video.

ii.  "Virginia Case" means the case captioned as *United States, et al. v. Google, LLC* that is pending in the U.S. District Court for the Eastern District of Virginia under docket number 1:23-cv-00108-LMB-JFA.

jj.  [*Plaintiffs' Proposal*: "Virginia Plaintiffs" means the United States (including the "Federal Agency Advertisers" as defined in ¶ 6(A) of the Joint Discovery Plan in the Virginia Case, Dkt. 87), and the States of Arizona, California, Colorado, Connecticut, Illinois, Michigan, Minnesota, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Tennessee, Washington, and West Virginia and the Commonwealth of Virginia, and any other state that joins the Virginia Case, by and through their respective Attorneys General.]

kk.  [*Plaintiffs' Proposal*: "Virginia Plaintiffs' Counsel" means "Plaintiffs' Counsel" as that term is defined in ¶ 1(p) of the Virginia Protective Order.]

ll.  [*Plaintiffs' Proposal*: "Virginia Protective Order" means the Modified Protective Order entered as docket entry 98 in the Virginia Case.]

2. <u>Shared Discovery</u>. Notwithstanding the Protective Orders, Counsel [**Google's Proposal**: may disclose Shared Discovery to any other Counsel,] [**Plaintiffs' Proposal**: must disclose Shared Discovery to all other Counsel no later than five (5) business days after disclosing Shared Discovery to any Counsel,] provided that Shared Discovery may not be disclosed to either (i) any Counsel representing an MDL Plaintiff as to which discovery has been stayed or has not begun; or (ii) Counsel representing Meta while the NBA Stay is in effect.[2]

    a.    Shared Discovery that was produced and designated as Confidential Information in the Texas Case may be used in the MDL only to the extent that Confidential Information may be used under the MDL Confidentiality Order.

    b.    Shared Discovery that was produced and designated as Highly Confidential Information in the Texas Case may be used in the MDL only to the extent that Highly Confidential Information may be used under the MDL Confidentiality Order.

    c.    Shared Discovery that was produced and designated as Confidential Information in the MDL may be used in the Texas Case only to the extent that Confidential Information may be used under the Texas Confidentiality Order.

    d.    Shared Discovery that was produced and designated as Highly Confidential Information in the MDL may be used in the Texas Case only to the extent that Highly Confidential Information may be used under the Texas Confidentiality Order.

    e.    Subject to sub-paragraphs 2(a)-(d), Shared Discovery that was produced in a Coordinated Case may be used in any Coordinated Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial), as if the Shared Discovery had been produced in

---

[2] Shared Discovery produced by Meta as a Non-Party in the Texas Case (if any) shall not be made available to MDL Plaintiffs until seven (7) days after the NBA Stay is lifted.

both Coordinated Cases. Notwithstanding the previous sentence, absent an order of the Court in the Texas Case, Shared Discovery produced in the MDL case [*Google's Proposal*: after the Fact Discovery Cutoff in the Texas Case ] [*Plaintiffs' Proposal*: after the Fact or Expert Discovery Cutoffs in the Texas Case, as relevant,] may not be used by any Party in the Texas Case, unless (1) the Shared Discovery is produced in the Texas Case within 14 days of its receipt in the MDL, notwithstanding the close of fact discovery in the Texas Case; and (2) the Shared Discovery is used in the Texas Case only for impeachment purposes at trial and may not be admitted into evidence or used in any dispositive motion, pleading, or expert report.

    f.    [*Plaintiffs' Proposal*: Google shall notify Texas Plaintiffs at least twenty-four (24) hours in advance of serving an expert report in the MDL if Google serves such report before the due date in the MDL.]

    3.    [*Plaintiffs' Proposal*: Fact] Depositions Taken During Coordinated Discovery Period. During the Coordinated Discovery Period, the following provisions shall apply [*Plaintiffs' Proposal*: to depositions of fact witnesses]:

    a.    The Parties in the Coordinated Cases shall serve any Deposition Notice on all Parties in the Coordinated Cases [*Plaintiffs' Proposal*: and on the Virginia Plaintiffs].[3] No Party may Notice a deposition in a Coordinated Case in which it is not a plaintiff or a defendant. If a deposition has been Noticed in one of the Coordinated Cases, a Party in the other Coordinated Case may Cross Notice the deposition in the other Coordinated Case,

---

[3] For purposes of paragraphs 3, 4, and 5, MDL Plaintiffs collectively will be considered a "Noticing Party" or a "Non-Noticing Party," and the Discovery Steering Committee in the MDL shall act on behalf of all MDL Plaintiffs. In addition, Texas Plaintiffs collectively will be considered a "Noticing Party" or a "Non-Noticing Party," and the State of Texas shall act on behalf of all Texas Plaintiffs.

[*Plaintiffs' Proposal*: or, as permitted by paragraphs 4 and 5, examine the witness without a Cross Notice, provided that the Fact Discovery Cutoff in that Party's Coordinated Case has not expired.]

      b.      [*Plaintiffs' Proposal*: Notwithstanding the Protective Orders, the Virginia Plaintiffs and a Party in any Coordinated Case may attend a deposition regardless whether the Fact Discovery Cutoff in that Party's case has expired.]

      c.      No Party shall send a Deposition Notice for a deposition to be held fewer than [*Google's Proposal*: twenty-one (21)] [*Plaintiffs' Proposal*: fourteen (14)] days after the date on which the Deposition Notice is sent.

      d.      If a Non-Noticing Party wishes to Cross Notice a deposition, it must do so within [*Google's Proposal*: three (3) business days] [*Plaintiffs' Proposal*: seven (7) days] of receiving the Deposition Notice for that deposition.  A Non-Noticing Party may not Cross Notice a deposition if doing so would cause that Non-Noticing Party to exceed a Deposition Limit.

      e.      If a Non-Noticing Party Cross Notices the deposition within [*Google's Proposal*: three (3) business days] [*Plaintiffs' Proposal*: seven (7) days] of receiving the Deposition Notice, the deposition will count against any Deposition Limit applicable to that Non-Noticing Party (unless the deposition does not take place).  The deposition will also count against any Deposition Limit applicable to the Noticing Party (unless the deposition does not take place).  For the avoidance of doubt, if a Party withdraws a previously-served Notice or Cross Notice at least forty-eight (48) hours before the deposition takes place, then that deposition will not count against any Deposition Limit applicable to that Party.  [*Plaintiffs' Proposal*: Additionally, when a Non-Noticing Party

10

examines a witness without a Cross Notice pursuant to paragraphs 4 and 5, that examination will not count against any Deposition Limit applicable to that Party.]

      f.      Any witness appearing at a Google Deposition, [*Plaintiffs' Proposal*: a Party Deposition,] or a Non-Party Deposition Noticed or Cross Noticed by any Party or by any party in the Virginia Case during the Coordinated Discovery Period cannot be compelled to sit for a second deposition in any Coordinated Case (including a second Rule 30(b)(6) deposition of the same entity on the same or substantially similar topics), absent good cause shown to the Court in the Coordinated Case for which the subsequent deposition of the witness is noticed.

      g.      Notwithstanding the Protective Orders, Counsel may disclose Transcripts and exhibits from depositions taken during the Coordinated Discovery Period, including those depositions taken in the Virginia Case, to any other Counsel [*Plaintiffs' Proposal*: and Virginia Plaintiffs' Counsel], provided that such Transcripts and exhibits may not be disclosed to either (i) any Counsel representing an MDL Plaintiff as to which discovery has been stayed or has not begun; or (ii) Counsel representing Meta while the NBA Stay is in effect.  Subject to the Protective Orders, Transcripts and exhibits from depositions taken in a Coordinated Case or in the Virginia Case during the Coordinated Discovery Period may be used in any Coordinated Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

      h.      Notwithstanding any other provisions of this Order, while the NBA Stay is in effect, (i) Meta may not Notice or Cross Notice a deposition, and Meta may not question a witness at a Google Deposition, [*Plaintiffs' Proposal*: a Party Deposition,] or a Non-

Party Deposition (except at a Non-Party Deposition of a current or former Meta employee); (ii) MDL Plaintiffs [*Google's Proposal*: and Texas Plaintiffs] may not Cross Notice a deposition of a current or former Meta employee; and (iii) no Transcripts and exhibits from depositions of current and/or former Meta employees may be disclosed to or used by MDL Plaintiffs [*Google's Proposal*: or Texas Plaintiffs].

4. <u>Time Allocations at Google Depositions Taken During Coordinated Discovery Period</u>.  During the Coordinated Discovery Period, the following provisions shall apply:

a. If any Party Notices a Google Deposition, and no other Party Cross Notices the deposition, then the Noticing Party will have six (6) hours on the record to examine the witness, and any Non-Noticing Party or Parties [*Google's Proposal*: in the Coordinated Case to which the Deposition Notice applies] [*Plaintiffs' Proposal*: in any Coordinated Case,] will collectively have one (1) hour on the record to examine the witness. [*Plaintiffs' Proposal*: If no Non-Noticing Party requests to examine the witness, the Noticing Party will have seven (7) hours on the record to examine the witness.]

b. If Texas Plaintiffs and MDL Plaintiffs both Notice or Cross Notice a Google Deposition, and no other Party Notices or Cross Notices the deposition, then the deposition will be held for two (2) consecutive days.  Texas Plaintiffs will have seven (7) hours on the record to examine the witness, MDL Plaintiffs will have six (6) hours on the record to examine the witness, and Meta will have one (1) hour on the record to examine the witness, if Meta is deemed a Party (under paragraph 1(z)) at the time of the deposition.  [*Plaintiffs' Proposal*: Otherwise MDL Plaintiffs will have seven (7) hours on the record to examine the witness.]

c. If Texas Plaintiffs and Meta both Notice or Cross Notice a Google Deposition, and no other Party Cross Notices the deposition, then the deposition will be held for two (2) consecutive days. Texas Plaintiffs will have seven (7) hours on the record to examine the witness, Meta will have six (6) hours on the record to examine the witness, and MDL Plaintiffs will have one (1) hour on the record to examine the witness.

d. If MDL Plaintiffs and Meta both Notice or Cross Notice a Google Deposition, and no other Party Cross Notices the deposition, then [*Google's Proposal*: MDL Plaintiffs will have three and one-half (3.5) hours on the record to examine the witness, and Meta will have three and one-half (3.5) hours on the record to examine the witness.] [*Plaintiffs' Proposal*: depositions will be held for two (2) consecutive days. MDL Plaintiffs will have seven (7) hours on the record to examine the witness, Meta will have six (6) hours on the record to examine the witness, and Texas Plaintiffs will have one (1) hour on the record to examine the witness.]

e. If Texas Plaintiffs, MDL Plaintiffs, and Meta all Notice or Cross Notice a Google Deposition, then the deposition will be held for two (2) consecutive days. Texas Plaintiffs will have seven (7) hours on the record to examine the witness, and MDL Plaintiffs and Meta will collectively have seven (7) hours on the record to examine the witness, if Meta is deemed a Party (under paragraph 1(z)) at the time of the deposition.

5. <u>Time Allocations at Non-Party Depositions Taken During Coordinated Discovery Period</u>. During the Coordinated Discovery Period, the following provisions shall apply:

a. If a Party Notices a Non-Party Deposition, and no other Party Cross Notices the deposition, then the Noticing Party will have six (6) hours on the record to examine the witness, and any Non-Noticing Party or Parties [*Google's Proposal*: in the Coordinated

13

Case to which the Deposition Notice applies] [*Plaintiffs' Proposal*: in any Coordinated Case,] will collectively have one (1) hour on the record to examine the witness. [*Plaintiffs' Proposal*: If no Non-Noticing Party requests to examine the witness, the Noticing Party will have seven (7) hours on the record to examine the witness.]

      b.      If two Parties (one of which is Google) Notice or Cross Notice a Non-Party Deposition, and no other Party Cross Notices the deposition, then Google will have three (3) hours on the record to examine the witness, the other Party that Noticed or Cross Noticed the deposition will have three (3) hours on the record to examine the witness, and any Non-Noticing Party or Parties [*Google's Proposal*: in the Coordinated Case(s) to which the Deposition Notice(s) apply] [*Plaintiffs' Proposal*: in any Coordinated Case] will collectively have one (1) hour on the record to examine the witness. [*Plaintiffs' Proposal*: If no Non-Noticing Party requests to examine the witness, the Noticing Party will have three and one-half (3.5) hours on the record to examine the witness, and Google will have three and one-half (3.5) hours on the record to examine the witness.]

      c.      If two Parties (neither of which is Google) Notice or Cross Notice a Non-Party Deposition, and no other Party Cross Notices the deposition, then each of the Parties that Noticed or Cross Noticed the deposition will have two and one-half (2.5) hours on the record to examine the witness, Google will have one (1) hour on the record to examine the witness, and any Non-Noticing Party [*Google's Proposal*: in the Coordinated Case(s) to which the Deposition Notice(s) apply] [*Plaintiffs' Proposal*: in any Coordinated Case] will have one (1) hour on the record to examine the witness. [*Plaintiffs' Proposal*: If no Non-Noticing Party requests to examine the witness, each Party that Noticed or Cross Noticed the deposition will have three (3) hours on the record to examine the witness.]

      d.      If three Parties (one of which is Google) Notice or Cross Notice a Non-Party Deposition, and no other Party Cross Notices the deposition, then the deposition will be held for two (2) consecutive days.  Each of the Parties that Noticed or Cross Noticed the deposition will have three (3) hours on the record to examine the witness, and any Non-Noticing Party [*Google's Proposal*: in the Coordinated Case(s) to which the Deposition Notice(s) apply] [*Plaintiffs' Proposal*: in any Coordinated Case] will have one (1) hour on the record to examine the witness.  [*Plaintiffs' Proposal*: If no Non-Noticing Party requests to examine the witness, each Party that Noticed or Cross Noticed the deposition will have three hours and twenty minutes (3.3) hours on the record to examine the witness.]

      e.      If three Parties (none of which is Google) Notice or Cross Notice a Non-Party Deposition, and Google does not Cross Notice the deposition, then the deposition will be held for two (2) consecutive days.  Each of the Parties that Noticed or Cross Noticed the deposition will have four (4) hours on the record to examine the witness, and Google will have one (1) hour on the record to examine the witness.

      f.      If Google, Meta, Texas Plaintiffs, and MDL Plaintiffs all Notice or Cross Notice a Non-Party Deposition, then the deposition will be held for two (2) consecutive days.  Google will have three (3) hours on the record to examine the witness, Meta will have three (3) hours on the record to examine the witness, Texas Plaintiffs will have three (3) hours on the record to examine the witness, and MDL Plaintiffs will have three (3) hours on the record to examine the witness.

6.      [*Google's Proposal*: Depositions Taken Outside Coordinated Discovery Period. Outside the Coordinated Discovery Period,] [*Plaintiffs' Proposal*: Fact Depositions Taken

15

<u>Outside a Fact Discovery Cutoff</u>.  Outside a Fact Discovery Cutoff,] the following provisions shall apply:

    a.    [*Google's Proposal*: The Parties in the MDL shall serve any Deposition Notice on Texas Plaintiffs.] [*Plaintiffs' Proposal*: The Parties in the Texas Case and MDL shall serve any Deposition Notice on each other and on the Virginia Plaintiffs.]

    b.    Notwithstanding the Protective Orders, [*Google's Proposal*: Counsel for any Party may obtain Transcripts and exhibits of Google Depositions and Non-Party Depositions taken in the MDL after the Fact Discovery Cutoff in the Texas Case] [*Plaintiffs' Proposal*: Counsel for any Party and Virginia Plaintiffs' Counsel may obtain Transcripts and exhibits of Google Depositions, Party Depositions, and Non-Party Depositions in the Texas Case or the MDL after the Fact Discovery Cutoffs in the Virginia Case, the Texas Case, or the MDL] directly from the court reporters for those depositions.

    c.    Notwithstanding the Protective Orders, Counsel may disclose Transcripts and exhibits from depositions taken outside [*Google's Proposal*: the Coordinated Discovery Period to any other Counsel,] [*Plaintiffs' Proposal*: a Fact Discovery Cutoff to any other Counsel and Virginia Plaintiffs' Counsel,] provided that such Transcripts and exhibits may not be disclosed to either (i) any Counsel representing an MDL Plaintiff as to which discovery has been stayed or has not begun; or (ii) Counsel representing Meta while the NBA Stay is in effect.

    d.    Subject to the Protective Orders, absent an order of the Court in the Texas Case, Transcripts and exhibits from depositions taken outside [*Google's Proposal*: the Coordinated Discovery Period] [*Plaintiffs' Proposal*: the Fact Discovery Cutoff in the Texas Case] may not be used in the Texas Case for any purpose other than impeachment

at trial. For the avoidance of doubt, absent an order of the Court in the Texas Case, such Transcripts and exhibits may not be admitted into evidence at trial in the Texas Case or otherwise used affirmatively by any Party in any dispositive motion, pleading, or expert report in the Texas Case.

7. [***Google's Proposal***: <u>Expert Discovery</u>. Expert Discovery shall not be shared between the Coordinated Cases or between the Coordinated Cases and the Virginia Case pending further order. At least ninety (90) days before Google's expert reports are due in the MDL, the Parties shall meet and confer over whether there are circumstances in which Expert Discovery may or should be shared between the Coordinated Cases. Google shall notify Texas Plaintiffs at least twenty-four (24) hours in advance of serving an expert report in the MDL if Google serves such report before the due date in the MDL.]

8. <u>Notice to Non-Parties</u>. Any Party, in conducting discovery from a non-party in connection with a Coordinated Case, shall provide the non-party from which it seeks discovery with a copy of this Order so as to inform the non-party of his, her, or its rights herein. In addition, within three business days of this Order taking effect, the Parties shall give notice as described in the following sub-paragraphs:

    a. Texas Plaintiffs shall give notice of this Order to (i) all persons to whom Texas Plaintiffs provided notice of the Texas Confidentiality Order under paragraph 2 of that order; and (ii) all recipients of subpoenas that Texas Plaintiffs have served in the Texas Case before this Order took effect.

    b. MDL Plaintiffs shall give notice of this Order to (i) all persons to whom MDL Plaintiffs provided notice of the MDL Confidentiality Order under paragraph 2 of

that order; and (ii) all recipients of subpoenas that MDL Plaintiffs have served in the MDL before this Order took effect.

        c.        Google shall give notice of this Order to all recipients of subpoenas that Google has served in the Texas Case and/or the MDL before this Order took effect.

        9.        <u>Departure from MDL</u>.  If any case(s) currently part of the MDL are transferred to other venue(s), the Parties in the Coordinated Cases shall meet and confer with the parties to the transferred case(s) regarding whether, and on what conditions, the transferred case(s) should be coordinated with the MDL and the Texas Case.  If all claims brought by an MDL Plaintiff are dismissed, transferred, or remanded, then that MDL Plaintiff shall be treated as a Non-Party for purposes of this Order after such dismissal, transfer, or remand.  If all claims brought against Meta in the MDL are dismissed, then Meta shall be treated as a Non-Party for purposes of this Order after such dismissal.

        10.       <u>Effective Date</u>.  This Order shall not come into effect unless and until it has been entered in both the MDL and the Texas Case.

IT IS HEREBY SO ORDERED this _____ day of _____, 2024.