IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., § | |
| § | |
| Plaintiffs, § | |
| v. § | Civil Action No. 4:20-cv-00957-SDJ |
| § | |
| GOOGLE LLC, § | |
| § | |
| Defendant. § | |

# GOOGLE LLC'S RESPONSE TO PLAINTIFFS' BRIEF REGARDING PROPOSED COORDINATION ORDER

Google LLC respectfully submits this response to correct several factual inaccuracies and misstatements in Plaintiffs' January 26, 2024, submission in connection with a proposed Coordination Order, ECF No. 215.  As set forth below, many of Plaintiffs' positions and representations directly conflict with Magistrate Judge Anderson's recent ruling denying MDL Plaintiffs' request to obtain expert reports in the Virginia Case.  A copy of the transcript of that argument is attached for the Court's convenience as Appendix A.

*First*, Plaintiffs' repeated assertions that they "were excluded from negotiating" the Existing Coordination Orders and "were not part of the negotiations" are false. ECF No. 215 at 1, 6; *see also* ECF No. 176 at 3.  On April 14, 2023, Google circulated via email a draft coordination order to the DOJ, Meta, and to Plaintiffs in this case (on behalf of all MDL Plaintiffs).  *See* App'x. B.  As reflected in that email, Counsel for Texas volunteered to "help coordinate [] on behalf of all Plaintiffs in the MDL" in negotiating the Existing Coordination Orders.  *Id*.  Google proposed "a call early next week with representatives from Plaintiffs in the [Virginia] case and the MDL to discuss how to structure our negotiations over the next two weeks."  *Id*.  Plaintiffs and MDL Plaintiffs then met and conferred with Google and the DOJ and Meta on April 20, 2023.  In advance of the meet and confer, the DOJ emailed Plaintiffs, Meta, and Google, explaining that "on behalf of the United States, we thought it would be useful to lay out, . . . some general principles that we think are important for the Coordination Order."  And on April 26, 2023, the MDL Plaintiffs (including Plaintiffs here) wrote to the DOJ and Google "further [to those recent] conversations concerning the scope of potential coordination," and asked that, in connection with any submissions to the Virginia Court and the MDL Court, Google attach Plaintiffs' letter setting forth their position.  App'x. C at 1.  Google complied with that request.  EDVA ECF Nos. 166 at 7, 166-2; MDL ECF Nos. 536 at 6, 536-2.

*Second*, Plaintiffs' assertions that "Google refused to tell the States . . . what relevant and responsive information related to online advertising was in the Google Search case[1] (documents or testimony)" and "what efforts it did or did not take to fulfill its discovery obligations," ECF No. 215 at 2-3, are also false.  As to documents, Plaintiffs have already reviewed 1.2 million documents produced by Google from the DOJ's investigation related to Search and represented to this Court that those documents "are not responsive" to Plaintiffs' requests and so Google should not receive any credit for their production.  ECF No. 176 at 5-6 n.1.  As to testimony, Google told Plaintiffs that some of it was sealed by the judge presiding over the Search case (Judge Mehta) because it implicates third party confidential information and thus could not easily be produced to Plaintiffs.  In view of Plaintiffs' assertions of irrelevance, and the presence of third party confidential information, Google offered to conduct a line-by-line review of the testimony of any people who are both custodians in this case and who testified in the Search case and redact any third party confidential information.  While Plaintiffs may not be satisfied with that offer, it is misleading to suggest that Google has refused to engage with them about the transcripts from the Search trial.

*Third*, Plaintiffs' assertions that Google's Proposal "would put an end to the open sharing of deposition transcripts," and "remov[es] the DOJ from its proposed coordination provisions," ECF No. 215 at 9, are false.  Google's Proposal does not amend or supersede the Existing Coordination Orders, which remain in place[2] and permit Virginia Plaintiffs access to deposition transcripts in the MDL after the close of fact discovery in the Virginia Case.  MDL ECF No. 564

---

[1] *United States et al. v. Google LLC*, No:1:20-cv-03010-APM (D.D.C.).

[2] Magistrate Judge Anderson acknowledged just last week that the Existing Coordination Orders between the MDL and the Virginia Case remain in effect.  *See* App'x. A at 30:8-18 ("the coordination order I don't think limits the parties from talking about, throughout the fact discovery we found these documents to be significant on this issue.  You know, that's coordination").

2

¶¶ 6(b)-(c). Plaintiffs propose a shift in the status quo that would allow Virginia Plaintiffs to attend depositions in this case and in the MDL. ECF No. 215 at 9. Virginia Plaintiffs do not have those rights under the Existing Coordination Orders and do not need them because, as Magistrate Judge Anderson put it, "[a]ll the fact discovery in [the Virginia] case is done." App'x. A at 7:17-18.[3]

*Fourth*, Plaintiffs' assertions that Local Rule 26 requires that Google "automatically produce all of the AdTech expert reports to the States," ECF No. 215 at 11, and that there is "[n]o reason to forestall sharing expert materials," *id*. at 13, are wrong. The Existing Coordination Orders provide that "Expert Discovery **shall not be shared** . . . pending further order." MDL ECF No. 564 ¶ 7 (emphasis added). On Friday morning, twelve hours before Plaintiffs filed their proposed coordination order in this Court, Magistrate Judge Anderson denied a Motion by MDL Plaintiffs seeking such "further order" that would, if granted, permit "the parties [to the Virginia Case] to share their own Expert Discovery with the MDL Plaintiffs and the State Plaintiffs." EDVA ECF No. 510 at 1; EDVA ECF No. 515 (denying motion); App'x. A at 30:19-22 ("But the idea that . . . [Texas and MDL Plaintiffs are] going to get [the DOJ's] expert reports . . . six months before you have to do your expert reports because you think [the DOJ's] would be helpful, [the Court] doesn't find is good cause."). Plaintiffs' asserted need for disclosure of expert reports in this case based on "parity of information," ECF No. 215 at 13, is the exact same rationale advanced by MDL Plaintiffs and rejected by Magistrate Judge Anderson on Friday. EDVA ECF No. 510 at 2 (asserting need for disclosure of expert reports to "correct [the] informational asymmetry" between the parties). Given that sharing expert reports would contravene existing court orders,

---

[3] *See also* Hr'g Tr. at 19:1-4 (Dec. 14, 2024) ("But it does certainly look to me like from -- for the E.D.V.A., there's not really any potential for any kind of coordination at this point.").

3

the Local Rules do not mandate automatic sharing.[4]

*Fifth*, Plaintiffs' assertion that "Google's sole-stated complaint is that . . . sharing of expert discovery among the parties will give Plaintiffs a 'sneak peek' at Google's defenses," ECF No. 215 at 13, is incorrect. Google also contested MDL Plaintiffs' recent Motion on the basis that permitting MDL Plaintiffs to get access to even just the DOJ's expert reports would likely result in MDL Plaintiffs "produc[ing] a superset of expert opinions," creating "an additional burden" on Google. App'x. A at 14:18-15:6. On Friday, Magistrate Judge Anderson ruled that such sharing would prejudice Google. *Id.* at 29:25.

*Sixth*, Plaintiffs' assertion that *Google* seeks to impose a "stay entered in *another* case," ECF No. 215 at 16-17 (emphasis added), is false. In view of the dismissal of Plaintiffs' claim related to the Network Bidding Agreement ("NBA"), Judge Castel entered an order staying discovery related to the NBA with Meta. MDL ECF No. 394 at ¶ 3 ("In view of the Opinion and Order of September 13, 2022, discovery relating to the Network Bidding Agreement is stayed pending further Order."); MDL ECF No. 308 at 20 ("Count IV does not plausibly allege a Section 1 claim based on Google's agreements with Facebook."). Plaintiffs in this case were the subject of that stay. And Plaintiffs then stipulated that their NBA claim had been dismissed. MDL ECF No. 493 ¶ 1.

*Seventh*, Plaintiffs' assertion that maintaining the requirement of twenty-one days to notice a deposition from the Existing Coordination Orders "would create an irreconcilable conflict with, and require revision of, this Court's Scheduling Order," ECF No. 215 at 17-18, is false. The

---

[4] *See Samuel v. Signal Int'l L.L.C.*, 2014 WL 12597395, at *2 (E.D. Tex. Oct. 15, 2014) (finding that there need be "proper limits on the dissemination and use of the information produced" in related cases when any "disclosure in this case would . . . [be in] conflict with other protective orders in the [r]elated [c]ases.").

4

Scheduling Order requires a notice period not "fewer than fourteen days," ECF No. 194 at 6, and so there is no conflict or amendment required. Plaintiffs' related assertion that "Google has not explained why providing seven calendar days causes it any prejudice," ECF No. 215 at 18, is also false. Google told Plaintiffs that the interaction between Plaintiffs' proposal to shorten the notice period (from 21 days to 14 days) while extending the cross notice period (from 3 business days to 7 days) was unworkable and unfair because Google would receive only a few days of advance notice whether witnesses would be deposed for one or two days. *See* ECF No. 214 at 11.

*Finally*, Plaintiffs' assertions that their proposal to allow MDL Plaintiffs one hour of time to question the witness despite not having noticed or cross-noticed the deposition is a "modest edit" that would not implicate "evading deposition limits," ECF No. 215 at 18-19, are false. Magistrate Judge Anderson rejected an identical proposal made by Virginia Plaintiffs on the basis that "[t]he court has set limits on the number of depositions to be taken in this action, and plaintiffs' proposal would in essence undermine those limits." EDVA ECF No. 201 at 2.

5

Dated: January 31, 2024                    Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT
GOOGLE LLC

6

**CERTIFICATE OF SERVICE**

  I certify that on this 31st of January, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*