UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| GOOGLE LLC | § | |

## ORDER

Before the Court is Plaintiff States' Motion to Strike Google's Second Motion to Dismiss. (Dkt. #208). After full consideration, the Court determines that the motion is **GRANTED.**

## I.

On January 16, 2024, Google filed a fifteen-page Motion for Dismissal Pursuant to Rule 12(b)(1). (Dkt. #200). Later that same day, Google separately filed a thirty-page Motion for Dismissal Pursuant to Rule 12(b)(6). (Dkt. #202). In total, and exclusive of attachments, Google filed forty-five pages of dispositive motions with the Court. (Dkt. #200, #202). Plaintiff States filed the instant motion to strike in response. (Dkt. #208). They assert that Google's second-filed Rule 12(b)(6) motion is improper and must be stricken because it (1) violates Rule 12(g)'s mandate that Rule 12(b) defenses must be raised in the same motion, and (2) violates Local Rule CV-7(a)'s thirty-page limit for dispositive motions—absent leave of court to exceed the limit. (Dkt. #208).

Google opposes the motion to strike. (Dkt. #211). It avers that filing two Rule 12 motions is supported by Fifth Circuit precedent exempting 12(b)(6) motions

from Rule 12(g). In response to Plaintiff States' argument based on Local Rule CV-7, Google contends that the States' position lacks merit because "[c]ourts in this district do not strike dispositive motions on technicalities when there is no prejudice." (Dkt. #211 n.2).

## II.

Plaintiff States' first argument fails. They rely on a plain reading of the text of Federal Rule of Civil Procedure 12(g), which states in relevant part:

> (1) . . . A motion under this rule may be joined with any other motion allowed by this rule. (2) . . . Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Rule 12(h)(2), in turn, provides that "failure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Rule 7(a) allows the following pleadings: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Finally, Rule 12(c) allows motions for judgment on the pleadings.

Google's second Rule 12 motion cannot be classified as any of the allowed pleadings under Rule 7(a), nor is it a motion for judgment on the pleadings under Rule 12(c). Therefore, the Plaintiff States argue, the rules prohibit the filing of two

Rule 12 motions when both defenses were available at the time the first motion was filed.

As Google correctly notes, however, the Fifth Circuit has read Rule 12(g) and Rule 12(h)(2) to exempt Rule 12(b)(6) motions from this consolidation requirement. (Dkt. #211 at 2). *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) ("However, Rule 12(g) did not require consolidation here because Rule 12(h)(2) explicitly excepts from the consolidation requirement motions based on the defense of failure to state a claim upon which relief can be granted."); *Doe v. Columbia -Brazoria Indep. Sch. Dist. ex rel. Bd. of Trs.*, 855 F.3d 681, 686 (5th Cir. 2017) ("We have previously held that Rule 12(g) does not require consolidation of defenses raised in a second Rule 12(b)(6) motion.") (citing *Belo*, 512 F.3d at 141). Applying the Fifth Circuit's guidance, the Court concludes that Google's Rule 12(b)(6) motion does not run afoul of Rule 12(g)'s consolidation requirement.

## III.

Plaintiff States have also asserted that Google's second Rule 12(b) motion violates Local Rule CV-7(a)'s thirty-page limit for dispositive motions. The Court agrees.

Under Local Rule CV-7(a)(1), case dispositive motions "shall not exceed thirty pages, excluding attachments, unless leave of court is first obtained." Although Local Rule CV-7(a)(3) contemplates the filing of more than one motion for summary judgment and allows sixty total pages for any such motions, there is no similar provision for multiple Rule 12(b) motions. Accordingly, the local rule allows only

thirty pages for any such dismissal motion(s). Any party seeking to submit excess pages is required to ask for leave of court.

Litigants are expected to follow the Local Rules and are not permitted to ignore those rules that they may deem "technicalities." *See, e.g., Encore Wire Corp. v. Copperweld Bimetallics, LLC*, No. 4:22-CV-232-SDJ, 2023 WL 123506 (E.D. Tex. Jan. 6, 2023) (enforcing the "meet and confer" requirement of Local Rule CV–7(h)). As the Fifth Circuit has explained, "[l]ocal rules for the conduct of trial courts are desirable and necessary, and such rules should not be ignored or declared invalid except for impelling reasons." *Hunt v. Tex. Mut. Ins. Co.*, 54 F.App'x 799 at *1 (5th Cir. 2002) (quoting *Wirtz v. Hooper-Holmes Bureau, Inc.*, 327 F.2d 939, 943 (5th Cir. 1964)). Allowing a litigant to selectively evade local rules that the litigant has independently concluded are not sufficiently important to follow is neither efficient nor fair.  Google has filed two dismissal motions, totaling forty-five pages, without requesting leave from the Court in accordance with the local rules. Therefore, Google's second motion to dismiss, (Dkt. #202), must be stricken.

## IV.

It is therefore **ORDERED** that Plaintiff States' Motion to Strike Google's Second Motion to Dismiss, (Dkt. #208), is **GRANTED.**

It is further **ORDERED** that Google LLC's Motion for Dismissal Pursuant to Rule 12(b)(6), (Dkt. #202), is **STRICKEN.**

It is further **ORDERED** that, by no later than **February 8, 2024**, Google may either (1) refile its Rule 12(b)(6) motion to dismiss or (2) withdraw its Rule 12(b)(1)

motion to dismiss and refile a consolidated motion to dismiss. Whether Google chooses to refile a stand-alone Rule 12(b)(6) motion or to file a consolidated Rule 12(b) dismissal motion, it may request leave to exceed the page limit.

**So ORDERED and SIGNED this 2nd day of February, 2024.**

_____

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE