IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**DEFENDANT GOOGLE'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

Pursuant to Local Rule 7.1(a)(1), Google LLC ("Google") respectfully moves this Court for leave to exceed the 30-page limitation for its Rule 12 briefing. We appreciate the opportunity to submit this request in light of the Court's guidance of February 2. In support of its request, Google states as follows:

1. On January 16, 2024, Google filed a 15-page motion to dismiss for lack of standing pursuant to Rule 12(b)(1), ECF No. 200, and a 30-page motion to dismiss for failure to state cognizable claims pursuant to Rule 12(b)(6), ECF No. 202.

2. On January 19, 2024, Plaintiffs moved to strike the Rule 12(b)(6) motion. ECF No. 208. Google filed a response, ECF No. 211, and Plaintiffs filed a reply, ECF No. 212.

3. On February 2, 2024, the Court granted the motion to strike for failing to conform to Local Rule 7.1. It directed Google to either "(1) refile its Rule 12(b)(6) motion to dismiss or (2) withdraw its Rule 12(b)(1) motion to dismiss and refile a consolidated motion to dismiss." ECF 217. "Whether Google chooses to refile a stand-alone Rule 12(b)(6) motion or to file a consolidated Rule 12(b) dismissal motion, it may request leave to exceed the page limit." *Id.*

4. Based on the Court's ruling, the Rule 12(b)(1) motion filed on January 16, 2024 has not been struck and remains live.

5. Google respectfully seeks leave to file 45 total pages of Rule 12 motions to dismiss and 139 pages of attachments, with the briefing divided between the previously filed 15-page Rule 12(b)(1) brief, ECF No. 200, and a 30-page Rule 12(b)(6) brief that Google proposes to re-file. In the alternative, Google seeks leave to withdraw its pending Rule 12(b)(1) motion and file a 40-page consolidated brief combining both Rule 12 motions.

6. The additional 15 pages are necessary to fully and clearly address a complex array of thirty-four different state law claims. The motion addresses allegations by 17 different plaintiffs pursuing a 778-paragraph complaint that spans more than 230 pages and covers at least 34 state statutes. The breadth of the states' claims here, we submit, amounts to good cause for a limited number of extra pages for the motion. *See, e.g.*, *Greger v. C.R. Bard, Inc.*, 4:19-cv-675-SDJ (E.D. Tex. Jan. 21, 2021), ECF No. 123 (order granting motion to exceed 30-page limit on summary judgment response addressing six claims and at least 13 different arguments); *ESI/Employee Solutions v. City of Dallas*, 4:19-cv-570-SDJ (E.D. Tex.) (Aug. 21, 2019), ECF No. 26 (granting motion for leave to exceed page limit for reply brief addressing issues of municipal, federal, state, and constitutional law).

7. The complaint includes thirty-four claims under seventeen different state consumer protection statutes and seventeen different state antitrust laws. Moreover, each state seeks a unique array of remedies for their state law claims, raising different questions about what remedies are available under each state's law and for which claims. Where there are similarities between state statutes, the motion combines arguments as much as possible, including in summary charts. However, additional pages are necessary in order for Google to address issues unique to specific

state-law claims, rather than treating them all identically as the complaint does. In short, Google seeks to streamline a large and complex case. *See* ECF No. 209 (Jan. 18, 2024 Hr'g Tr.) at 14:3-6 (appointing a special master "given the size and complexity of this case").

8. While the motion strives to present the issues concisely and directly for the Court's consideration and decision, given the complexity and number of issues raised by the complaint, Google respectfully seeks leave of the Court to use 30 total pages for the Rule 12(b)(6) brief that it proposes to re-file.

9. Google understands that attachments are excluded from the page count. "Case dispositive motions shall not exceed thirty pages, *excluding attachments*, unless leave of court is first obtained." Local Rule CV-7(a)(1)(emphasis added). Here, certain appendices contain substantive information streamlining the presentation of the statutory frameworks. The 139 pages of attachments primarily include articles or documents referenced in the complaint and one translated decision from the Supreme Court of Puerto Rico (seven exhibits totaling 122 pages, with cover sheets). The remaining 17 pages of attachments (with cover sheets) consist of four charts that summarize Plaintiffs' allegations and arguments raised by Google in the motion.

10. Google has conferred with Plaintiffs who do not oppose this motion.

11. Lastly, Google's counsel reaffirm their commitment to adhere to the Local Rules and regret any inconvenience to the Court for the prior filings.

For these reasons, Google respectfully moves the Court for leave to file 45 total pages of motions to dismiss and 139 pages of attachments.

Dated: February 6, 2024                Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

**CERTIFICATE OF SERVICE**

I certify that on February 6, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

**CERTIFICATE OF CONFERENCE**

I hereby certify that the meet and confer requirements in Local Rule CV-7(h) have been met. This motion is consented to and not opposed by any party.

*/s/ R. Paul Yetter*
R. Paul Yetter