# YetterColeman LLP

February 7, 2024

David T. Moran
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6051
dmoran@jw.com

    Re:    *Texas, et al. v. Google LLC*, No. 4:20-cv-957-SDJ

Dear Mr. Moran:

    Defendant Google LLC respectfully submits this letter to outline a longstanding impasse with Plaintiffs on certain disclosure and discovery deficiencies, as well as a failure to engage with the conference process under the Local Rules. Google provides this information so that the Special Master can expeditiously resolve these disputes, given the imminent end of discovery, according to whatever procedures the Special Master adopts. Google is also submitting a separate letter to provide an overview of the discovery landscape in this case to date, in order to assist the Special Master in resolving these or similar disputes.

    First, although Plaintiffs filed suit over three years ago, they claim to need more time to disclose basic aspects of their claims—the who, what, and how much—required to be disclosed in this District under Rule 26. Second, Plaintiffs have claimed they have no obligation to log third-party interview memoranda from Texas's Investigative File over which they assert work product privilege, which has surfaced significant issues with Plaintiffs' Rule 26 disclosures and its privilege logging practices. Third, the manner in which Plaintiffs participate in the conference process for these and other discovery issues is causing substantial delays even as the close of fact discovery looms.

    As outlined below, Google seeks a recommendation from you as Special Master for an order requiring Plaintiffs to provide prompt, full disclosures and answers to Interrogatories 2, 4, 5, and 26; to produce a privilege log for materials over which Plaintiffs assert privilege; and to confer meaningfully under the Local Rules going forward.

## Deficient Disclosures and Discovery Responses

    Despite Google's efforts to seek clarity, Plaintiffs refuse to state fully what relief they seek, or on whose behalf, and their theory of damages. This information is foundational to their claims, and it should have been disclosed from the outset under Rule 26. By now, over *three years* after filing their first complaint, Plaintiffs should know and have to state the injuries that brought them to federal court. Indeed, they should have known this information *before* signing their first

YetterColeman LLP

Special Master Moran │ 2 │ February 7, 2024

complaint. After a lengthy conferral process, Plaintiffs said they will provide some sort of revised interrogatory responses by the "week of February 12," which may mean not until after the Court's next status conference, and won't commit to an earlier date. It appears that Plaintiffs intend to tailor their overdue responses to their anticipated opposition to Google's motion to dismiss for lack of jurisdiction. That would be improper under Rule 37. Furthermore, Plaintiffs' statements in recent conferences signal that their revisions will not disclose basic information that Rule 26 requires.

**Remedies sought and on whose behalf**: Google repeatedly has requested from Plaintiffs clear answers about the remedies they seek and in what capacity (Interrog. 2[1]) and the injured persons or class of persons for whom they seek relief (Interrog. 4[2]). Plaintiffs refuse to answer and give excuses with no merit. Contrary to Plaintiffs' assertions, for example, it is not "premature," or within Google's "datasets," or only part of expert discovery for a plaintiff—much less sovereign states—to describe the nature of the injury on which the case is based.

Last December, Plaintiffs purported to identify their theory of standing and applicable state statutes in amended discovery responses. But the responses have internal inconsistencies[3] and still do not state what remedies they seek or for what specific conduct or for which persons.

Plaintiffs now say they need more time to respond because their answers depend on a response brief they are drafting to Google's Rule 12(b)(1) motion. That is improper. *See* Fed. R. Civ. P. 37(c)(1) (courts may prohibit improperly withheld information from being used "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless"). But Plaintiffs have otherwise stated that their lengthy pre-suit investigation uncovered alleged harms for which they seek remedy. And now, rather than state why and on whose behalf they brought suit, Plaintiffs are now attempting to reverse engineer answers based on whatever standing theory might keep them in federal court.

---

[1] Interrogatory 2: Identify all remedies You seek in this Action, in what capacity (such as parens patriae or sovereign capacity) You seek each remedy, and the statutory or other legal basis for each such remedy.

[2] Interrogatory 4: Identify all injured persons or categories of persons on whose behalf You as *parens patriae* seek monetary relief (including, where applicable, restitution, disgorgement, civil penalties, civil fines, or damages) in this Action, and for each person or category state the following [. . .] the nature of the person's injury; and [. . .] the specific monetary relief You seek as a result of the person's injury."

[3] By email on December 13, 2023, Texas acknowledged inconsistencies between responses to Interrogatory 2 (reflected in Exh. B to the States' Third Amended Responses) and responses to Interrogatory 4. Texas suggested that three states would make corrections. "I have spoken with both South Dakota and Kentucky who have assured me that Exhibit B is an accurate reflection of the remedies that they presently intend to seek, and they look forward to an opportunity to amend Interrogatory No. 4 to reflect that. In the case of Missouri, they are seeking relief under both their parens authority and in their sovereign capacity and will need to edit Exhibit B in a future amendment to reflect that." Google still has not received corrections, and Texas now says the corrections will be provided with other changes to their responses in the "week of February 12."

YetterColeman LLP

Special Master Moran					3					February 7, 2024

**Theory/Calculation of Damages and other Monetary Relief**: Relatedly, Plaintiffs have not identified who or what was allegedly injured and for what they seek monetary damages or civil penalties (Interrog. 5[4]) or how they intend to calculate such damages or penalties (Interrog. 26[5]). Rule 26 requires a plaintiff to provide in initial disclosures a "computation of each category of damages claimed," without "awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(iii). A plaintiff is "not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E); *see also CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 279 (5th Cir. 2009) (affirming exclusion of damages evidence that was not included in Rule 26 disclosures).

As Magistrate Judge Anderson recognized in the DOJ matter in Virginia, a defendant "in any case is entitled to know what the plaintiff is asking for . . . [and] at least needs to know, in some respects, [] how damages are being calculated, what the elements are, what you intend to be going after." Ex. A (Sept. 15, 2023 Hr'g Tr. (E.D. Va.)) at 24:7-23. He ordered the DOJ to provide its damages calculation or risk preclusion of the evidence. Here, Plaintiffs' answers are particularly crucial where there are "multiple capacities" in which Plaintiffs, as states, could sue, *Harrison v. Jefferson Parish School Bd.*, 78 F.4th 765, 769 (5th Cir. 2023) (noting that states may "sue on behalf of themselves or in the interest of their residents in a *parens patriae* capacity") (cite omitted), and because they have disclosed so little about what they are seeking, for what claims, and on whose behalf. In the DOJ case, by contrast, Google at least knew that the DOJ's damages theory was linked to advertiser injury.

When Google noted Judge Anderson's ruling to Plaintiffs, Texas said that the States need to review the DOJ's response to craft their own. This approach is backwards. A plaintiff's theory of injury should *precede* litigation rather than arise as litigation progresses. Nor is it clear why Plaintiffs need to review responses in another case to know what claims they are bringing here.

Although Plaintiffs said they would provide *some* responses by the "week of February 12," they refused to commit to what they would be or when exactly. Under Rule 26 and the pending interrogatories, Plaintiffs are to provide: (1) a computation of each category of damage or monetary relief being sought for each count (and for each plaintiff); (2) a description of which persons in each State have been harmed and how they were harmed by Google's alleged conduct for each count and for each State; and (3) the model of damages itself or at least a description of the intended model and its inputs. Yet Plaintiffs refused to make any such commitment even after Google made clear that it was not requesting specific numbers but rather the model or a description of it. As Judge Anderson said in Virginia, "if the model isn't complete, the model isn't complete. But you need to explain to them that you're working on a model that's going to be doing X, Y and Z, and that when you get the information, this is going to be it, and you can supplement it at a later time." Ex. A at 24:7-23; *see also CQ, Inc.*, 565 F.3d at 279-80 (affirming exclusion of damages evidence

---

[4] Interrogatory 5: Identify and quantify all harm to the general welfare and the economy of Your state for which You seek monetary relief (including, where applicable, restitution, disgorgement, civil penalties, civil fines, or damages) in this Action, and specify the particular relief You seek for each such harm.

[5] Interrogatory 26: For each category of monetary relief (including where applicable restitution, disgorgement, civil penalties, civil fines, or damages) that You seek in this Action, provide a computation of the amount of each category of monetary relief sought for each count.

Special Master Moran	4	February 7, 2024

other than that supporting the one calculation that was properly disclosed); *M.D. Claims Grp., LLC v. Anchor Specialty Ins. Co.*, 2019 WL 2866838, at *2 (M.D. La. July 3, 2019) ("Rule 26(a) explicitly requires Plaintiffs to provide an initial computation of damages . . . . Plaintiffs cannot subvert their obligation by shifting the burden to Defendants to probe evidence of damages in discovery.").

For Google to prepare a timely defense, in a case Plaintiffs have pursued for three years, Google is entitled to know the basic contours of the theory of injury. Plaintiffs' delays undermine Google's ability to defend itself and conduct timely discovery on the claims—particularly where fact discovery is to conclude in just a few months. *See, e.g.*, *Macro Niche Software, Inc. v. 4 Imaging Sols., L.L.C.*, 2014 WL 12599512, at *1-2 (S.D. Tex. Jan. 15, 2014) (excluding damages evidence because calculations were not disclosed with sufficient time for defendants to prepare). These delays—over three years, and counting—show an unwillingness to provide the bases on which these claims rest, or suggest that Plaintiffs lack a basis for their claims.

For these reasons, Google respectfully requests that Plaintiffs be ordered to provide full disclosures, as well as proper responses to Interrogatories 2, 4-5, and 26, by no later than February 12, 2024, in advance of the next status conference with the Court on February 15.

**Privilege Issue**

The States have refused to identify or substantiate privilege over documents withheld from the Texas Investigative File, *years* after this logging should have occurred. Though Texas provided a limited log for a subset of withheld documents that Google learned of and then inquired about, it has refused to correct its deficient logging practices. This issue remains important, even after Texas's production of a limited log, because Google has no idea, and no way of learning about, what other documents from the Texas Investigative File have been similarly withheld from production without a log substantiating Plaintiffs' privilege assertions.

As background, in January, Google learned by chance that Texas's Investigative File omitted "over 50 [witness] statements" and only after coming across Plaintiffs' stray reference to these witness statements in a prior court proceeding and realizing they were absent from the production. *See* Ex. B (July 29, 2021 Tr. of Oral Arg. (J.P.M.L.)) at 25:7-8 (stating that Plaintiffs "took over 50 statements, equivalent to depositions"). The statements fall within Google's Request for Production 5: "all documents concerning any statements provided by any person related to an Investigation or the subject matter of this Action, including written statements, affidavits, declarations, depositions, transcripts, and notes of interviews and/or conversations."

After the parties conferred, Texas said that memoranda memorializing these statements had been withheld as work product but not logged. When Google requested authority for not logging the memoranda, Texas pointed to this Court's order regarding discovery procedure. The provisions Texas identified appear to cover communications between particular *attorneys*, however, not documentation of or commentary on witness interviews. *See* Dkt. 183 at 11 (subsection (e) "Documents sent solely between counsel for any State and counsel for any other State including State Agencies that are independent of the Office of Attorney General of any given State";

**YetterColeman LLP**

Special Master Moran                                  5                                  February 7, 2024

subsection (h) "Documents sent solely between or among (i) Defendants' counsel, or (ii) Plaintiffs' counsel" after December 16, 2020).

Texas agreed to produce a log for these 50 statements, but only, as Texas put it, in the "spirit of reaching agreement." In other words, Texas still asserts that this type of material need not be logged. That interpretation is incorrect and has allowed Texas to contort the order's privilege exemptions to categorically and unilaterally exempt itself from having to assert and explain its privilege assertions.[6] Of course, a party "asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). But without privilege log entries for documents withheld from the Texas Investigative File, Google is deprived of the mechanisms under the Rule that are intended to provide a party the ability to assess and challenge a claim of privilege. *See, e.g.*, *United States v. Planned Parenthood Fed'n of Am., Inc.*, 2022 WL 19021459, at *3-5 (N.D. Tex. Sept. 1, 2022), *opinion clarified*, 2022 WL 19010525 (N.D. Tex. Nov. 8, 2022) (ordering Texas to provide a privilege log for materials withheld under the Medicaid investigative privilege so that the court and defendants could probe its privilege assertions).

Google has no idea what other materials, as yet unmentioned on the record, have been withheld without Texas asserting and explaining the basis. Google requests a recommendation for an order requiring Plaintiffs to provide a privilege log, with a deadline to be set by the Special Master, for other documents among the investigative materials that are not communications and over which they are asserting privilege.

### Required Conferring Between the Parties

The States have used the meet-and-confer process to delay rather than resolve disputes. Google raised these deficiencies nearly ten months ago, and they remain unaddressed.

While the States were in the MDL and since the remand, Google has sought information about Plaintiffs' claims. Google actively participated in the conference process, staffing each conference with attorneys who know the facts and could make decisions. Plaintiffs did not. They alternated between not being available, and using an attorney for only a single state, and not including any counsel with authority. Moreover, the States often kicked the can down the road on key issues, like what remedies they seek or on whose behalf, saying they needed more time before disclosing specifics.

---

[6] Google is still reviewing the privilege log provided by Texas for the interview memoranda, and evaluating other means to obtain the facts otherwise encompassed within those memoranda. *See* Fed. R. Civ. P. 26(b)(3) (stating that work product should be disclosed "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means"). Texas's initial disclosures *never* mention ten companies and 15 witnesses whose interviews are listed in the log. Google has requested that the States revise their disclosures to correct these omissions and hopes that these deficiencies can be cured through the conference process and without involving the Special Master.

**YetterColeman LLP**

Special Master Moran                                6                                February 7, 2024

The parties conferred many times, starting on April 5, 2023, on the responses discussed in this letter. Time and again, Plaintiffs promised updates that never came through, postponed their responses, or gave inadequate responses. By such tactics, Plaintiffs avoided making clear statements about their claims and alleged injuries for *three years*. Now the parties are only months away from the end of fact discovery.

Skirting the conference process is improper, and it should not be allowed here, especially when fact discovery is nearing its end. Local Rule 7-h provides that the process for discovery disputes include lead counsel so that counsel cannot, as Texas has done, delay resolution by repeatedly invoking the need to consult with, or seek authorization from, nonparticipating parties. *See, e.g.*, *Encore Wire Corp. v. Copperweld Bimetallics, LLC*, 2023 WL 123506 (E.D. Tex. Jan. 6, 2023) (enforcing the "meet and confer" requirement of Local Rule CV-7(h)). To that end, Google seeks a recommendation for an order that, upon a request to confer, all States promptly participate by lead counsel or attorney authorized to speak on discovery topics.[7]

## Conclusion

Therefore, Google respectfully seeks the involvement of the Special Master on these ripe and unresolved discovery issues. The nature of Plaintiffs' claims, who they say is injured and how, are facts that implicate the viability of their claims. Google has already been prejudiced by Plaintiffs' three-year delay and cannot timely prepare its defenses unless Plaintiffs promptly and fully provide this basic information, as well as promptly log their alleged privileged materials, and meaningfully engage in the conference process.

By copy of this letter, we respectfully are apprising the Court of these matters as contemplated by its order appointing the Special Master.

                                                             Cordially yours,

                                                             *[signature]*

                                                             R. Paul Yetter

cc:      Hon. Sean D. Jordan, U.S.D.J. (by ECF)
          Counsel of Record (by ECF)

---

[7] In addition to the interrogatories addressed above, Google has raised deficiencies with Plaintiffs' responses to Interrogatories 6-7, 9, 11-12, 14, 22, and 29-31, as well as Appendix A of their Initial Disclosures. It hopes to get resolution through further conferences before seeking intervention from the Special Master.