# EXHIBIT B

```
              UNITED STATES JUDICIAL PANEL
                ON MULTIDISTRICT LITIGATION


     _____

     IN RE:  DIGITAL ADVERTISING          MDL No. 3010
     ANTITRUST LITIGATION                 July 29, 2021
                                          10:43 a.m.

     _____



                   TRANSCRIPT OF ORAL ARGUMENT

     Chair:                       Honorable Karen K. Caldwell, Chair
                                  United States District Court
                                  Eastern District of Kentucky

     Members:                     Honorable Catherine D. Perry
                                  United States District Court
                                  Eastern District of Missouri

                                  Honorable Nathaniel M. Gorton
                                  United States District Court
                                  District of Massachusetts

                                  Honorable Matthew F. Kennelly
                                  United States District Court
                                  Northern District of Illinois

                                  Honorable David C. Norton
                                  United States District Court
                                  District of South Carolina

                                  Honorable Roger T. Benitez
                                  United States District Court
                                  Southern District of California

                                  Honorable Dale A. Kimball
                                  United States District Court
                                  District of Utah


               DEBRA M. JOYCE, RMR, CRR, FCRR
                  Official Court Reporter
               John J. Moakley U.S. Courthouse
                1 Courthouse Way, Room 5204
                    Boston, MA  02210
                  joycedebra@gmail.com
```

```
 1      APPEARANCES:

 2      Eric Mahr, Esq.
        Freshfields Bruckhaus Deringer, LLP
 3      For Google, LLC

 4      Kevin J. Orsini, Esq.
        Cravath, Swaine & Moore, LLP
 5      For Facebook, Inc.

 6      Kate M. Baxter-Kauf, Esq.
        Lockridge Grindal Nauen, P.L.L.P.
 7      For SPX Total Body Fitness, LLC

 8      Jordan Elias, Esq.
        Girard Sharp, LLP
 9      For Surefreight Global, LLC, et al.

10      Carol O'Keefe, Esq.
        Korein Tillery, LLC
11      For Genius Media Group, Inc., et al.

12      Serina M. Vash, Esq.
        Herman Jones, LLP
13      For AIM Media Indiana Operating, LLC, et al.

14      John Thorne, Esq.
        Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
15      For Associated Newspapers Ltd., et al.

16      Jonathan Rubin, Esq.
        MoginRubin, LLP
17      For Cliffy Care Landscaping, LLC

18      W. Mark Lanier, Esq.
        The Lanier Law Firm, P.C.
19      For States of Texas, et al.

20

21

22

23

24

25
```

1               We will turn to the next counsel, Mark Lanier.

2               MR. LANIER:  May it please the court, thank you, your

3       Honors.  My name is Mark Lanier.  I represent a number of

4       the -- well, I represent all of the states and the District of

5       Puerto Rico, Alaska, Arkansas, Florida, Idaho, Indiana,

6       Kentucky, Louisiana, Mississippi, Missouri, Montana, Nevada,

7       North and South Dakota, Texas, Utah, and Puerto Rico.

8               I oppose centralization of this case, and with that, I

9       will commence.  May it please the Court.

10              Judge Kennelly, I'm coming straight to you because

11      this is the first time in my entire life to argue for no

12      centralization in front of the JPML, and I will be using some

13      of the arguments that have been used so effectively against me

14      over the years as I try to do this.

15              There are three arguments to make in two quick

16      minutes.

17              Number one, urgency.  Speed really is important here.

18      It's important for a number of reasons, including the fact that

19      there's an inherent amount of immense power that we've seen

20      exercised in elections and other places as well in the hands of

21      Google.  And we believe that the legislators recognize the

22      importance of urgency here.  We have tried to do what we think

23      the JPML has urged us to do before, and that is, consolidate

24      all of these cases.  Even the two pending cases wanting to

25      intervene in Louisiana and South Carolina are seeking our

1      counsel as well, and that I'll represent Louisiana in that

2      intervention and ultimately South Carolina I expect as well.

3      So we're trying to consolidate as best as we can without

4      imposing on the JPML and all that it requires.

5              It's also important for the court to understand that

6      we've been intensely involved in this.  We've got two years

7      going now because of all of the pretrial work.  We took over 50

8      statements, equivalent to depositions, before filing the case.

9      We've got over two million documents.  We've got documents and

10     information from 25 third parties at this point.  We have won

11     the 1404 transfer motion because Google uses Texas as one of

12     its nexus points for all of its technology.

13             So within the framework of that argument, two,

14     substance.  The *parens patriae* not covered here.  We are

15     seeking to recover for individuals in a different sense.  For

16     example, we want to disgorge the private data that's been

17     secured wrongly by Facebook.

18             Final point, three, clarification.  Judge Jordan has

19     taken a strong look at this case, a strong active involvement.

20     He's issued a protective order, he's issued a 1404 motion.

21     We've got discovery under way, we've got -- documents have been

22     scheduled.

23             Thank you.

24             JUDGE CALDWELL:  Questions for Mr. Lanier?

25             Judge Kennelly.

1           JUDGE KENNELLY:  I have two, let me ask the first one,

2      and then I'll ask the other one.

3           The first one goes back to the questions I asked some

4      of the other folks, which are really more questions for you.

5           So I get that you're asking to break up and I get that

6      you're asking for disgorgement, but the complaint also says

7      you're asking for damages.  And as I understand the *parens*

8      *patriae* part of the claim which has been described by some of

9      the other counsel, you're suing on behalf of natural persons,

10     quote-unquote, that's what the statute says, and you have to

11     carve out any business entities or anything like that.

12          So am I right -- so who are the -- what's the damage

13     to the natural persons in the 14 or so states that you

14     represent?

15          MR. LANIER:  Your Honor, the damage falls by and large

16     into the civil protection actions that I'd emphasize to you

17     right now.  In Texas it's the deceptive Trade Practices Act.

18     It says that an entity, like Google, cannot falsely

19     misrepresent that they're destroying everybody's individual

20     data and not selling it when, in fact, they are selling it and

21     they're not destroying it.  And so we've got an action for

22     that.  That's not found in any of the class actions that have

23     been sought.  That is solely an individual distinct action.

24          Yes, sir.

25          JUDGE KENNELLY:  So my question was what about

1          JUDGE CALDWELL:  Hearing none, we have your argument,

2     and that concludes the matter MDL number 3010, and our

3     arguments for the day.

4               The panel will be in recess.

5               (Court adjourned at 11:20 a.m.)

6               - - - - - - - - - - - -

7                      CERTIFICATION

8               I certify that the foregoing is a correct transcript

9     of the record of proceedings in the above-entitled matter to

10    the best of my skill and ability.

11

12

13

14    /s/Debra M. Joyce              August 3, 2021
      Debra M. Joyce, RMR, CRR, FCRR    Date
15    Official Court Reporter

16

17

18

19

20

21

22

23

24

25