IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendants. | Case No. 4:20-cv-00957-SDJ <br><br> Hon. Sean D. Jordan |

**PLAINTIFF STATES' RESPONSE TO DEFENDANT GOOGLE'S FILINGS OF DISCOVERY "LETTERS" TO SPECIAL MASTER**

Plaintiff States ("States") respectfully submit the following brief response to Google's two discovery "letter" filings made late last night on the Court's docket, addressed to the Special Master (ECF Nos. 221, 222). Google then emailed those letters to the Special Master this morning, on February 8, 2024.

As context, the parties have their first conference with the Special Master today on February 8, 2024, at 10 a.m. That conference was set last week on January 30 by the Special Master with input from the parties. In advance of the February 8 conference, the Special Master asked only that the parties be prepared to discuss the submissions on the proposed Coordination Order and logistics. The Special Master did not invite any filings or submissions, on the Coordination Order or any other topic. The Special Master and the parties have yet to discuss the process that will govern submissions to the Special Master.

Google's eleventh-hour submissions on the Court's docket, addressed to the

1

Special Master, were improper for the following reasons, as well as full of inaccuracies, which the States reserve the right to address more fully in later submissions that comply with the orderly process to be set forth by the Special Master.

First, Google's two discovery letters, filed late at night ahead of a morning conference with the Special Master that has been set for over a week, leaves no time for the States (17 in total) to respond fully in writing. There is a reason orderly briefing deadlines are set for court submissions: to provide all parties with the opportunity to respond and to provide the Court or Special Master sufficient time to review the materials. Google's timing of its filings, instead, appears designed to "poison the well" with arguments and one-sided narratives that the States do not have the opportunity to respond to and to cloud the record before the Special Master and the Court ahead of the scheduled conference.

Second, Google's submissions violate and, at minimum, highly disrespect the Special Master process ordered by the Court. Under this Court's procedures generally, parties are not permitted to freely file and air their discovery disputes on the docket until proper conference between the parties and the Court. *See* ECF No. 194 at 8. Here, the Court has specifically appointed the Special Master to determine the process by which he will decide discovery disputes in the first instance. Google should have waited to discuss the proper process with the Special Master, at today's scheduled conference, before filling this Court's docket with purported discovery letters. By contrast, the States served their view of ripe discovery disputes for the

2

Special Master via letter to Google on February 7, 2024 after multiple correspondence over the last few weeks and a party conference, to make Google aware of issues the States may raise. The States did not improperly file with this Court or submit to the Special Master that letter.

Finally, Google's submissions mischaracterize, and do not accurately reflect, aspects of the state of discovery between the parties. The States will respond more fully to Google's two submissions pursuant to the orderly process to be ordered by the Special Master. The States quickly summarize their initial responses below:

With respect to Google's first filed letter (ECF No. 221), which purports to detail Google's narrative of a "longstanding impasse with Plaintiffs" on Plaintiffs' disclosures and discovery responses and productions:

Google's position that these "disputes" have been ripe for months for court intervention is directly contrary to Google's repeated representations to this Court in December 2023 and January 2024 that "there are currently no discovery disputes that otherwise require this Court's intervention" and "there are currently no pending discovery disputes" that Google made in trying to block the appointment of a special master (ECF Nos. 197 at 2, 191 at 2).

Moreover, the issues raised by Google are not ripe for court intervention. In January 2024, the States agreed to provide amended interrogatory responses as soon as possible (but no later than the week of February 12) to address the issues raised by Google. The States offered that reasonable timeline for amending their interrogatory responses in an effort to provide additional information that Google

seeks and to avoid piecemeal amendments and unnecessary intervention by the Court or Special Master. Given the States' agreement to provide amended interrogatory responses in the very near future, the parties are not at an impasse on those issues. Google continues to only take issue with the purported contents of the States' planned amendment, but Google anticipating that the States' amended interrogatory responses will not meet Google's expectations is not sufficient grounds to declare an impasse on a discovery dispute until those amended responses are actually served. On January 25, 2024, Google served 17 separate letters on the States regarding their discovery responses and productions. The States have preliminarily responded to Google and advised Google that they are working diligently to respond to those letters. Google's initial demand was to call the Court's chambers, despite the discovery disputes being assigned to the Special Master. Now, Google demands an order asking for the 17 States to respond on February 12, 2024 before the February 15, 2024 hearing with Judge Jordan. Again, any ripe issues (if any) will be decided as a result of the States' upcoming amendments and will only then be appropriate for the Special Master's consideration.

With respect to Google's second filed letter (ECF No. 222), which purports to provide "discovery background" of disputes that the States have raised with respect to Google's discovery actions, responses, and productions:

Google appears to be trying to paint a picture of no issues from Google's end. That is not accurate and will be clarified in future submissions. The reality is that Google has steadfastly refused to produce responsive and relevant documents and

4

data, until right before a Court conference. For that reason, the States see great benefits to the Special Master process in forcing Google to comply with its discovery obligations. Google's letter also makes clear that the parties are at impasse on the following issues with Google's discovery obligations that the States plan to raise as part of orderly submissions with the Special Master:

- Discovery correspondence from the Virginia case;
- Expert reports from the Virginia case;
- Search trial transcripts;
- Dashboards;
- Reproduction of word documents in native form;
- Links and document repositories; and
- APIs, programming guides, design documents, onboarding and training materials, and other technical documents.

The States look forward to working with the Special Master to resolve these issues in a timely and orderly process.

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | 1101 Connecticut, N.W., 11th Floor |
| | Washington, DC 20005 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

6

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas Brent.Webster@oag.texas.gov
Grant Dorfman, Deputy First Assistant Attorney General Grant.Dorfman@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## **CERTIFICATE OF SERVICE**

I certify that on February 8, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ W. Mark Lanier*
W. Mark Lanier
