**Appendix A: Application of Fed. R. Civ. P. 9(b) to State DTPA Claims**

| | |
|---|---|
| **Alaska** | *Van v. LLR, Inc.*, 500 F. Supp. 3d 927, 936-38 (D. Alaska 2020) (applying 9(b) because "[p]laintiff's UTPCPA claim [was] based on allegations that defendants' representations were 'deceptive and false.'"); *see also Quintillion Subsea Operations, LLC v. Maritech Project Servs., Ltd.*, No. 4:20-cv-02310, 2023 WL 138862, at *3 (S.D. Tex. Jan. 9, 2023). |
| **Arkansas** | *Jarrett v. Panasonic Corp. of North America*, 8 F. Supp. 3d 1074, 1084 (E.D. Ark. 2013) ("'Rule 9(b)'s pleading standard applies with equal force to state consumer fraud statutes as to common law fraud claims.'") (quoting *Perez v. Volkswagen Grp. of Am., Inc.*, No. 2:12-cv-02289, 2013 WL 1661434, at *6 (W.D. Ark. Apr. 17, 2013)). |
| **Florida** | *State Farm Mut. Automobile Insurance Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1327-28 (S.D. Fla. 2017) (concluding "where the gravamen of the claim sounds in fraud, as here, the heightened pleading standard of Rule 9(b) applies"); *see also Elson v. Black*, 56 F.4th 1002, 1008 (5th Cir. 2023) (applying Rule 9(b) to Louisiana, Florida, and Nevada DTPA statute). |
| **Idaho** | *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 957-58 (C.D. Cal. 2012) (concluding that claims under various DTPAs, including Idaho Code §§ 48-601, and Montana Code §§ 30-14-101 *et seq.*, are subject to heightened pleading requirement of Rule 9(b)); *see also Quemada v. Arizmendez,* 153 Idaho 609, 615, 288 P.2d 826 (2012) (declaring that the Idaho Consumer Protection Act imposes a heightened pleading standard for claims of fraud). |
| **Indiana** | *Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850, 874 (D. Minn. 2012) (recognizing that an Indiana Deceptive Consumer Sales Act claim "must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b)") *see also McKinney v. State*, 693 N.E.2d 65, 72–73 (Ind. 1998)(holding that lower court erred by not dismissing complaint where claim "grounded in fraud" was not pled with particularity). |
| **Kentucky** | *Hollon v. Consumer Plumbing Recovery Center*, No. 5:05-414-JMH, 2006 WL 1360805, at *4-5 (E.D. Ky. May 15, 2006) (because plaintiff's amended complaint did "not plead any fraudulent acts [under the KCPA] with particularity" as required under Rule 9(b), the court dismissed the complaint); *see also Munch v. Sears, Roebuck and Co.*, 2008 WL 4450307, at *6 n.9 (N.D. Ill. Sept. 30, 2008) (dismissing plaintiffs' claims under the Kentucky Consumer Fraud and Deceptive Business Practices Act and other state DTPAs because claims did not meet the pleading requirements of Rule 9(b)). |

| **Louisiana** | *Pinero v. Jackson Hewitt Tax Service, Inc.*, 594 F. Supp. 2d 710, 720-21 (E.D. La. 2009) ("Because plaintiff's LUTPA claim is based on defendants' allegedly fraudulent misrepresentation, plaintiff's LUTPA claim must meet the heightened pleading requirements of Rule 9(b)"); *see also Elson v. Black*, 56 F.4th 1002, 1008 (5th Cir. 2023)(applying Rule 9(b) to Louisiana, Florida, and Nevada DTPA statute). |
|---|---|
| **Mississippi** | *See In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, 1995 WL 491155, at *1, 9 (E.D. La. Aug. 15, 1995) (concluding "plaintiffs have failed to plead their Mississippi fraud and misrepresentation claims with particularity as is required by Rule 9(b)"). |
| **Missouri** | *Goldman v. Tapestry, Inc.*, 501 F. Supp. 3d 662, 671 (E.D. Mo. 2020) (plaintiff failed to meet heightened pleading requirements under Rule 9(b) as is required under the MMPA because she did "not adequately explain[] 'how' the alleged fraud occurred"); *Johnson v. Gilead Sciences, Inc.*, 563 F. Supp. 3d 981, 990 (E.D. Mo. 2021) ("The United States District Courts in Missouri have consistently held that Rule 9(b) applies to MMPA cases")(citing *Blake v. Career Educ. Corp.*, 4:08-cv-00821-ERW, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009) (collecting cases)). |
| **Montana** | *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 957-58 (C.D. Cal. 2012) (concluding that claims under various DTPAs, including Idaho Code §§ 48-601 and Montana Code §§ 30-14-101 *et seq.*, are subject to heightened pleading requirement of Rule 9(b)). |
| **Nevada** | *Partie v. Ethicon, Inc.*, 2022 WL 2390545, at *5 (D. Nev. July 1, 2022) ("Deceptive trade practices claims must also be plead with Rule 9(b) particularity") (citing *Sommers v. Cuddy*, 2012 WL 359339, at *4 (D. Nev. Feb. 2, 2012)); *see also Elson v. Black*, 56 F.4th 1002, 1008 (5th Cir. 2023) (applying Rule 9(b) to Louisiana, Florida, and Nevada DTPA statute). |
| **North Dakota** | *Olin v. Dakota Access, LLC*, 910 F.3d 1072, 1076 (8th Cir. 2018) (stating parties alleging claims under the North Dakota Consumer Protection Law must satisfy the requirements of Rule 9(b)); *see also Kraft v. Essentia Health*, 2022 WL 1719667, at *6 (D.N.D. May 27, 2022) ("North Dakota's Consumer Protection Law [is] subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b)."). |
| **Puerto Rico** | There appears to be no precedent applying Rule 9(b) to the Puerto Rico DTPA statute. However, "Federal Rule of Civil Procedure 9(b) requires particularity in pleading the 'circumstances constituting fraud.' Because Rule 9(b) is a pleading requirement, it concerns procedure in the federal courts and governs the pleading of claims in all civil |

2

|  | |
|---|---|
|  | actions, including all *state law claims* asserted in federal court based on diversity jurisdiction or supplemental jurisdiction" (emphasis added).[1] |
| **South Carolina** | *Adam Lee v. Samsung Electronics America, Inc.*, No. 4:21-cv-1321, 2022 WL 4243957, at *9 (S.D. Tex. Sept. 13, 2022) (despite finding plaintiffs' pleadings satisfied Rule 9(b), the court recognized that federal courts "have previously applied [Rule 9(b)'s] heightened pleading requirement to" DTPA claims, including South Carolina's DTPA); *see also Kirby v. Red Bull N. Am., Inc.*, No. 3:19-CV-2701, 2020 WL 509139, at *2 (D.S.C. Jan. 31, 2020) (applying Rule 9(b) to South Carolina UTPA claims; denying defendant's motion to dismiss SCUTPA claim). |
| **South Dakota** | There appears to be no precedent applying Rule 9(b) to the South Dakota DTPA statute. However, "Federal Rule of Civil Procedure 9(b) requires particularity in pleading the "circumstances constituting fraud." Because Rule 9(b) is a pleading requirement, it concerns procedure in the federal courts and governs the pleading of claims in all civil actions, including all *state law claims* asserted in federal court based on diversity jurisdiction or supplemental jurisdiction" (emphasis added).[2] |
| **Texas** | *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) ("It is well-established that claims alleging violations of the DTPA are subject to the requirements of Rule 9(b)); *see also Omni USA, Inc. v. Parker-Hannifin Corp*, 789 F. Supp. 2d 831, 836 (S.D. Tex. 2011) ("Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act … are subject to the requirements of Rule 9(b)"). |
| **Utah** | *Jackson v. Philip Morris Inc.*, 46 F. Supp. 2d 1217, 1222 (D. Utah 1998) noting that allegations of deceptive practices under the USCPA that sound in fraud are governed by Rule 9(b)). |

---

[1] § 1297 Pleading Fraud With Particularity—In General, 5A Fed. Prac. & Proc. Civ. § 1297 (4th ed.) citing *Vess v. Ciba-Geigy Corp*. USA, 317 F.3d 1097, 1103 (9th Cir. 2003) (holding the particularity requirements of Rule 9(b) apply to state law causes of action); citing *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011) (applying Rule 9b to Illinois DTPA statute).

[2]*Id*.