**Appendix C: Precedent Construing State Antitrust Law in Harmony with Federal Law**

| | |
|---|---|
| **Florida** | Fla. Stat. § 542.32 ("[I]n construing this chapter, due consideration and great weight be given to the interpretations of the federal courts relating to comparable federal antitrust statutes."); *All Care Nursing Serv., Inc. v. High Tech Staffing Servs., Inc.*, 135 F.3d 740, 745 n.11 (11th Cir. 1998). |
| **Idaho** | Idaho Code Ann. § 48-102(3) ("The provisions of this chapter shall be construed in harmony with federal judicial interpretations of comparable federal antitrust statutes."); *W. Power Sports, Inc. v. Polaris Indus. Partners L.P.*, 951 F.2d 365 (9th Cir. 1991) (recognizing that federal precedent as "persuasive guidance" in interpreting Idaho antitrust claims). |
| **Missouri** | Mo. Rev. Stat. § 416.141 ("Sections 416.011 to 416.161 shall be construed in harmony with ruling judicial interpretations of comparable federal antitrust statutes."); *Missouri Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 612, n.3 (8th Cir. 2011) (analyzing state antitrust claims alongside federal antitrust claims since Missouri antitrust statutes must be construed in harmony). |
| **Nevada** | Nev. Rev. Stat. § 598A.050 ("The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes."); *Boulware v. State of Nev., Dep't of Hum. Res.*, 960 F.2d 793, 800 (9th Cir. 1992) (noting "[t]he Nevada statute also adopts by reference the case law applicable to the federal antitrust laws"). |
| **South Dakota** | SDCL § 37-1-22 ("[I]n construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes"); *Assam Drug Co. v. Miller Brewing Co.*, 798 F.2d 311, 313 (8th Cir. 1986) (holding "analysis does not differ significantly from that applied to actions brought under the federal antitrust laws"). |
| **Texas** | Tex. Bus. & Com. Code Ann. § 15.04 ("The provisions of this Act shall be construed to accomplish this purpose and shall be construed in harmony with federal judicial interpretations of comparable federal antitrust statutes."); *Johnson v. Hosp. Corp. of Am.*, 95 F.3d 383, 391 n.7 (5th Cir. 1996) ("Because the Texas Act mandates that its provisions be interpreted in harmony with federal antitrust law, we do not separately analyze the plaintiffs' state law antitrust claims."). |
| **Utah** | Utah Code Ann. § 76-10-3118 ("[C]ourts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes."); *Flying J Inc. v. TA Operating Corp.*, 2008 WL 4923041, at *2 (D. Utah Nov. 14, 2008) (declining to analyze claims brought under Utah state law separately). |

| South Carolina | S.C. Code § 39-5-20 ("It is the intent of the legislature that in construing paragraph (a) of this section the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to Section 5(a) (1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1))); see In re Wiring Device Antitrust Litig., 498 F. Supp. 79, 87 (E.D.N.Y. 1980); see also South Carolina Cotton Growers' Co-Op Ass'n v. English, 135 S.C. 19, 133 S.E. 542 (1926)). |
|---|---|
| Montana | Mont. Code Ann. § 30-14-104; Smith v. Video Lottery Consultants, 858 P.2d 11, 13 (Mont. 1993) (giving due weight to Sherman Act when interpreting provisions of Unfair Trade Practices Act); see also Healow v. Anesthesia Partners, Inc., No. 95-35241, 1996 WL 442524 at *4-6 (9th Cir. 1996). |
| Alaska | Odom v. Lee, 999 P.2d 755, 761 (Alaska 2000) (Stating "[t]his court is guided by federal Sherman Act cases in construing the Alaska antitrust law"). |
| Indiana | Photovest Corp. v. Fotomat Corp., 606 F.2d 704, 725 n.31 & 726-27 (7th Cir. 1979) (disposing of state and federal antitrust claims concurrently and noting that "the Indiana statute does not extend beyond the bounds of federal antitrust law"). |
| Kentucky | Kenney v. Hanger Prosthetics & Orthotics, Inc., 269 S.W.3d 866, 874 (Ky. Ct. App. 2007) (noting that Kentucky's antitrust statute "is based upon Sections 1 and 2 of the Sherman Anti-Trust Act," and analyzing allegations under that statute as Sherman Act allegations); see also Fieldturf, Inc. v. Sw. Recreational Indus., Inc., 235 F. Supp. 2d 708, 721 n.10 (E.D. Ky. 2002). |
| Louisiana | S. Tool & Supply, Inc. v. Beerman Precision, Inc., 862 So. 2d 271, 278 (La. Ct. App. 2003) ("Because [the] provisions [of Louisiana's Antitrust Statute] track almost verbatim Sections 1 and 2 of the Sherman Act, Louisiana courts have turned to the federal jurisprudence analyzing those parallel federal provisions for guidance."); Big River Indus., Inc. v. Headwaters Res., Inc., 971 F. Supp. 2d 609, 623 (M.D. La. 2013) ("La. R.S. 51:122 and La. R.S. 51:123 … are the functional equivalents of §§ 1 and 2 of the Sherman Act."). |
| Mississippi | Walker v. U-Haul Co. of Miss., 734 F.2d 1068, 1070 n.5 (5th Cir.), on reh'g, 747 F.2d 1011 (5th Cir. 1984) (treating federal and Mississippi state antitrust claims as "analytically identical"). |
| North Dakota | Ag Acceptance Corp. v. Glinz, 684 N.W.2d 632, 639-41 (N.D. 2004) (granting summary judgment on claim brought under both federal and North Dakota law by analyzing federal precedent); In re Namenda Indirect Purchaser Antitrust Litig., 338 F.R.D. 527, 572 (S.D.N.Y. 2021) (finding state and federal statutes analogous). |
| Puerto Rico | Flovac, Inc. v. Airvac, Inc., 84 F. Supp. 3d 95, 105 (D.P.R. 2015) (dismissing Puerto Rico antitrust claims alongside federal claims because "Puerto Rico's antitrust statute has been deemed 'coextensive' with the Sherman Act" (citing Podiatrist Ass'n, Inc. v. La Cruz Azul De Puerto Rico, Inc., 332 F.3d 6, 16 (1st Cir. 2003))), aff'd, 817 F.3d 849 (1st Cir. 2016). |