IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. 4:20-cv-957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**GOOGLE'S RESPONSE TO PLAINTIFFS' FILING**

Defendant Google LLC ("Google") respectfully responds to Plaintiffs' filing yesterday, ECF No. 223, which accuses Google of violating Court orders by submitting pre-conference letters, ECF Nos. 221, 222, to the Special Master. Plaintiffs' complaints are unfounded. First, Google filed its letters pursuant to the Court's order directing that "all papers submitted . . . to the Special Master shall be filed with the Court." ECF No. 213. Second, in its cover email, Google asked whether the Special Master would accept the submissions or if there were another procedure he preferred. This hardly shows any "disrespect" that Plaintiffs claim for the Special Master or the Court's process. ECF No. 223 at 2. To the contrary, Google sought to facilitate the process by providing written materials to the Special Master ahead of the conference, just as Plaintiffs were able to do.

Google's letters set out, accurately and without undue argument, the parties' discovery history in a complex case, as well as ripe discovery disputes that need resolution and a proposed briefing process. As discussed in the first conference with the Special Master, Google intends to work with the Special Master and Plaintiffs to resolve discovery issues in a fair, timely, and orderly process. The Special Master took no issue with Google's filings and commended the lawyering on both sides at the conference.

Providing historical context in advance of the first conference was important, in Google's view, given the complexity of this litigation and end of fact discovery in three months. It furthered the Court's objective "to adjudicate this exceptional matter as efficiently as possible." ECF No. 213 (order appointing Special Master). Indeed, the two letters addressed two of the four points covered by the Special Master in the first conference – the status of discovery generally and each side's top priority discovery issues.

There is nothing new or surprising in the letters. The parties have discussed or litigated these issues for months, and Plaintiffs were free to respond orally at the conference or in writing, both of which they did. ECF No. 223. Google's first letter listed its priority discovery issues that need attention from the Special Master. By January 29, 2024, the parties were at an impasse after another failed conference on these issues. Google proposed to call the Court's discovery hotline, pursuant to the scheduling order (ECF No. 194 at 4), for guidance on how to raise this dispute, since the Special Master was appointed but regular meetings had not started. Plaintiffs opposed that approach, arguing that the issues should go directly to the Special Master, not to the Court. Now, Plaintiffs call out Google for doing exactly what they insisted on last week.

Google's second letter conveys the long and complicated background of prior discovery issues in this case, from filing, to centralization in the MDL, and since the remand, as well as proposes a briefing plan for disputes moving forward. Nothing about the letter was an effort to "poison the well," as Plaintiffs heatedly suggest. ECF No. 223 at 2. Rather, Google's letter sought to "ensure that all parties may share any relevant fact and law–and, as needed, any background and negotiating history as to specific discovery-related issues." ECF. No. 222 at 5. Moreover, the briefing plan that Google proposed turned out to be acceptable to Plaintiffs.

Nor was the timing of the letters strategic. Discussion over these disputed issues has been ongoing in earnest for weeks. Google filed its letters on February 7, serving them on Plaintiffs at

2

the same time, just an hour or so after receiving two separate discovery letters from Plaintiffs. Plaintiffs' letters listed topics that they intended to, and later did raise, with the Special Master and provided a response to some of the discovery deficiencies that Google had raised. At yesterday's conference, the Special Master made a point to have both sides give their views on the general status of prior discovery in the case and their current priority discovery issues. Both sides raised points in their respective letters and had a full opportunity to be heard.

In short, Plaintiffs' rhetoric is needless and off base. Google's letters were factual and helpful to the Special Master. Google provided the information to assist the Special Master's consideration of the best process for discovery issues to be raised, briefed, and timely resolved going forward. Plaintiffs provided background context on discovery negotiations, agreements, and developments and priority issues as they believed was appropriate, just as Google did.

Dated: February 9, 2024                     Respectfully submitted,

                                                                             /s/ R. Paul Yetter
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

**CERTIFICATE OF SERVICE**

    I certify that on this 9th day of February, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                                                              */s/ R. Paul Yetter*