IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| | § | |
| GOOGLE LLC | § | |

REPORT AND RECOMMENDATION OF SPECIAL MASTER

By Orders of the Court dated January 26, 2024 (Dkt. #213) and February 2, 2024 (Dkt. #218), the undersigned was appointed Special Master to address discovery issues and disputes, including disputes between Plaintiff States ("States") and Defendant Google LLC ("Google") regarding the entry of a proposed coordination order.

The Court's Scheduling Order (Dkt. #194) directed the parties to file proposals for an order coordinating discovery with MDL 3010, pending in the Southern District of New York (the "MDL Action"), and *U.S. et al. v. Google LLC*, No. 1:23-cv-108-LMB-JFA, pending in the Eastern District of Virginia (the "Virginia Action"), which have similar issues with this action. On January 16, 2024, the parties submitted an initial round of proposals on the issue (Dkt. #201, #203). Thereafter, the Court ordered that the parties continue to confer and, if necessary, submit further proposals (Dkt. #206). The parties were unable to reach complete agreement on a proposed coordination order and submitted competing proposals. (Dkt. #214, #215, #216).

Under the provisions of the Orders of the Court, and after written notice to the parties, the Special Master held a hearing with the parties via remote

teleconferencing means on February 8, 2024 (the "February 8 Hearing") and addressed the discovery coordination order issue.

Having considered the parties' submissions and the arguments of counsel, the Special Master recommends the entry of the discovery coordination order attached hereto (the "Coordination Order"). The Special Master's reasons for the report and recommended disposition are discussed herein.

1.      Re-deposing Witnesses and "Good Cause"

The parties present competing proposals as to the language of Paragraph 3(f) of the Coordination Order. The parties agree that, if the States do not notice or cross-notice a deposition of a particular Google or third-party witness, they cannot re-take the deposition of that witness absent a showing of good cause. (*See* Dkt. #215 at 8, #214 at 12). However, Google takes the position that the protection against re-deposing witnesses should not be mutual, and that it should be permitted to re-depose the same plaintiff witnesses in this action and the MDL Action.[1] (Dkt. #214 at 12). Google argues that the States have refused to "identify the real parties in interest in this case" and have "ever-shifting views as to whom they represent," and that the States could cause confusion over whether certain entities (*e.g.*, a Plaintiff state) are the same as others (*e.g.*, companies located in Plaintiff states). (*Id.*).

The Special Master agrees with the States that the protection against re-noticing depositions of the same witnesses should be mutually applicable to the States, Google, and third party witnesses. If it is unclear whether a witness to be

---

[1] Fact discovery in the Virginia Action is now closed. (*See* Virginia Action, Dkt. #94, #440).

**REPORT AND RECOMMENDATION OF SPECIAL MASTER – Page 2**

deposed is a plaintiff in this action or the MDL Action, Google may notice or cross-notice their deposition in both cases. Further, Google's concerns as to alleged "mischief" may be appropriately addressed by a re-deposition request and upon a showing of "good cause." The Special Master therefore recommends that the Court adopt the States' proposal with respect to Paragraph 3(f).

2.      Attendance at Depositions

The parties present differing proposals for the language of Paragraphs 3(b), 6(b), and 6(c) of the coordination order regarding (i) the U.S. Department of Justice's ("DOJ") continued coordination in fact discovery generally[2] and (ii) the States, MDL Plaintiffs, and DOJ's ability to attend depositions noticed in this action or the MDL Action. The States propose sharing of deposition transcripts with DOJ and permission for all plaintiffs across the three cases to attend depositions in this action and the MDL Action. (Dkt. #215 at 9). Google argues that DOJ and other Virginia Plaintiffs should not be permitted to attend depositions because fact discovery has closed in the Virginia Action. (Dkt. #214 at 8).

The Special Master agrees with Google that DOJ and other Virginia Plaintiffs should not be permitted to attend fact depositions in this action or the MDL Action. The Special Master is unpersuaded as to the benefits of allowing the DOJ and other Virginia Plaintiffs to attend fact depositions in this action or the MDL action and remain "silent" or "merely observe" the depositions. The fact discovery period in the Virginia Action has ended. Since fact discovery is still ongoing in this action and the

---

[2] DOJ is a plaintiff in the Virginia Action.

REPORT AND RECOMMENDATION OF SPECIAL MASTER – Page 3

MDL Action, the Special Master sees no issue with permitting the States and MDL Plaintiffs to attend depositions in those two actions—as the parties appear to agree. Further, the parties in this action, the MDL Action, and the Virginia Action should be permitted to continue to share deposition transcripts, as has been done in the MDL and Virginia Actions already.

3.    **Sharing of Expert Reports**

The parties present competing positions regarding the sharing of expert discovery in Paragraphs 1(cc), 2, and 7 of their proposed Coordination Order.

First, the States argue that, given the extensive overlap between this action and the MDL Action, expert reports are relevant. (Dkt. #215 at 10). The States cite Local Rule CV-26, which they contend promotes "the free flow of relevant information in discovery." (*Id.* at 11). Second, the States argue that courts—including one in this District—regularly order expert reports produced in cases involving overlapping parties and allegations. (*Id.*) (citing *Infernal Tech., LLC v. Microsoft Corp.*, Civ. A. No. 2:18-CV-144-JRG, 2019 WL 5388442, at *1–3 (E.D. Tex. May 3, 2019); *Food Lion, LLC v. Dairy Farmers of America, Inc.*, No. 1:20-CV-442, 2020 WL 6947921, at *4–6 (W.D. N.C. Sept. 29, 2020); *In re Hardieplank Fiber Cement Siding Lit.*, No. 12-MD-2359, 2014 WL 5654318, at *1–3 (D. Minn. Jan. 28, 2014)).

Third, the States note that protective orders have been entered in the MDL Action and this action, obviating confidentiality concerns. (*Id.*). Fourth, the States argue that sharing should be immediate, contrary to Google's proposal incorporating language from orders entered in the MDL and Virginia Actions requiring a "further order" and a meet-and-confer 90 days before Google's expert report deadline in the

MDL Action. (*Id.* at 11–12). Finally, the States dispute Google's argument that permitting the States a "sneak peek" into Google's defenses would be prejudicial, noting that other courts have allowed the sharing of expert materials across related cases. (*Id.* at 13) (citing *Burlington City Bd. of Educ. v. Mineral Prods. Co., Inc.*, 115 F.R.D. 188, 190 (M.D. N.C. 1987); *United States v. Hooker Chem. & Plastics Corp.*, 90 F.R.D. 421, 426 (W.D.N.Y. 1981)). Further, the States note that Google has or will have the benefit of all Plaintiffs' expert reports, while the various Plaintiffs cannot share with each other. (*Id.*).

Google argues that this Court should do what the MDL and Virginia Courts have done—that is, exclude expert discovery from shared discovery pending further order and order the parties to meet and confer regarding the sharing of expert reports at least 90 days before Google's expert reports are due in the MDL Action. (Dkt. #214 at 5). Google further points to a recent ruling on January 26, 2024, in which the Virginia Court specifically denied a motion by MDL Plaintiffs for a "further order" permitting sharing of expert discovery among the DOJ and MDL Plaintiffs. (Dkt. #216 at 3) (*see also* Dkt. #216-1 at 30:19–23) ("But the idea that, you know, you're going to get [DOJ's] expert reports, you know, six months before you have to do your expert reports because you think it would be helpful, I don't find is good cause. I'm going to deny the motion.").

Having considered the parties' arguments, the Special Master recommends generally adopting Google's proposal (*i.e.*, language similar to the Coordination Orders entered in the MDL and Virginia Actions). To be clear, the States' position has merit. The Special Master agrees with the States that this District's Local Rules are

**REPORT AND RECOMMENDATION OF SPECIAL MASTER – Page 5**

designed to promote sharing relevant information in discovery, and the parties' expert reports are unquestionably relevant information. Further, several Courts, including a Court in this District, have ordered the production of expert reports in cases with common defendants or allegations.

However, this is not a standalone action in which the States seek expert reports from another, uncoordinated action involving the same defendant or similar issues. This specific issue has been raised by the parties and addressed by the MDL and Virginia Courts, both Courts rejected mandatory sharing of expert discovery, and in their Coordination Orders included language identical to Google's proposal here. (*See* MDL Action, Dkt. #564; Virginia Action, Dkt. #251). The MDL Plaintiffs sought a "further order" permitting the sharing of expert discovery and on January 26, 2024—hours before the parties submitted their proposals in this action—such "further order" was denied. (*See* Dkt. #216-1 at 30:19–23). In light of this state of affairs with the other two similar actions, the Special Master is not inclined to disrupt the status quo. The Special Master is persuaded that principles of comity and coordination between the three actions require approaching the issue the same way, and therefore recommends that the Court adopt the majority of Google's proposal excluding expert discovery from shared discovery.

Having said that, the Special Master recommends deviating from the approach of the other Courts by modifying the meet-and-confer deadline. Under the MDL and Virginia Coordination Orders, the parties are directed to meet-and-confer regarding the sharing of expert materials no later than 90 days before Google's expert reports are due in the MDL Action—currently, that date is June 28, 2024. (*See* MDL Action,

**REPORT AND RECOMMENDATION OF SPECIAL MASTER – Page 6**

Dkt. #394). However, the opening expert report deadline in this action will have long passed by then. (*See* Dkt. #194 at 2) (opening expert reports due in this action on May 17, 2024). Accordingly, the Special Master's recommended Coordination Order provides that the parties shall meet-and-confer over whether there are circumstances in which expert discovery may or should be shared between this action, the MDL Action, and the Virginia Action no later than March 15, 2024, and shall submit a joint status report regarding their meet-and-confer efforts no later than March 22, 2024.

**4.     Sharing of (1) Discovery Correspondence and (2) Written Discovery**

The parties disagree on the language of Paragraph 1(cc) of the Coordination Order, which addresses the definition and scope of "Shared Discovery" across this action, the MDL Action, and the Virginia Action. The States' position is that "Shared Discovery" should include (i) discovery correspondence and (ii) written discovery (e.g., interrogatory responses). (Dkt. #215 at 14). With respect to discovery correspondence, Google argues that sharing correspondence would lead to the States using Virginia Action correspondence to "reopen" disputes that, for one reason or another, were resolved or abandoned between the DOJ and Google. (Dkt. #214 at 7). As to written discovery, Google argues that allowing the sharing of interrogatory responses would allow the States and MDL plaintiffs an opportunity to circumvent Court-ordered limits on interrogatories. (*Id.* at 7–8).

Turning first to discovery correspondence, the Special Master finds that this is a close call, but on balance decides that any potential benefits of sharing discovery correspondence–including the limited potential for "efficiency"—are not sufficient to justify sharing discovery correspondence. In particular, the Special Master notes that

discovery correspondence—from a different action—is not typically produced in litigation, and is not a traditional form or type of discovery along the lines of, *e.g.*, interrogatories, depositions, or documents. *See* Fed. R. Civ. P. 26, 30, 31, 33, 34. Further, the Special Master is persuaded that any efficiency benefits are likely to be outweighed by the potential for re-litigation of discovery disputes that were already resolved (or abandoned) in the Virginia Action. Nevertheless, the States are not bound by any such discovery resolutions in the Virginia Action and remain free to assert their positions regarding discovery in this action.

The Special Master concludes that sharing written discovery across the coordinated cases will promote efficiency without prejudicing any party. Although Google contends that sharing will promote coordinated interrogatories between the States and MDL Plaintiffs, the limits set in each action are not affected by the Coordination Order. Further, a party's ability to use discovery responses is not determined by the Coordination Order. For example, the recommended Coordination Order would not necessarily allow the MDL Plaintiffs to use Google's answers to the States' interrogatories in the same way Google's answers to interrogatories served in the MDL Action would be.

Further, the parties across the coordinated cases have, to date, shared other forms of written discovery, such as documents and deposition transcripts. Given that depositions, including Rule 30(b)(6) depositions of a party, are to be shared, it seems reasonable that a party's responses to other written discovery (*e.g.*, interrogatories) should be shared as well.

Accordingly, the Special Master's recommendation adopts the States' proposal

with respect to written discovery, but does not adopt the States' proposal as to discovery correspondence.

5.    **Meta Third-Party Discovery**

The parties dispute the provisions of Paragraph 3(h) of their proposed Coordination Order regarding third-party discovery from Meta. The States argue that the States should be permitted to depose Meta employees because a stay of discovery as to the Network Bidding Agreement ("NBA") against Meta in the MDL Action[3] does not apply in this case. (Dkt. #215 at 16–17). Google responds that the States were still part of the MDL Action at the time the stay was entered, and the States should seek a lift of the stay by filing a motion instead of through a footnote in their coordination order proposal. (Dkt. #214 at 8–9).

After initially filing suit in this Court, the States were transferred to the MDL Action, but their claims against Google were transferred back from the MDL Action and remanded to this Court. (*See* MDL Action Dkt. #663). Upon remand, the States and Google stipulated to a Designated Record on Remand, which was adopted by the Court. (*See* Dkt. #166-1, #186). The MDL Action order staying NBA discovery is part of the Designated Record on Remand in this action, and therefore that stay still applies to the States and remains undisturbed in this action. (*See* Dkt. #166-1 at 29). Further, at the February 8 Hearing, counsel for the States acknowledged that the States have no live claims against Meta in this action and Meta would be considered

---

[3] On September 13, 2022, the district court in the MDL Action dismissed the MDL Plaintiffs' claim of a conspiracy between Google and Meta. (MDL Action, Dkt. #308). Additionally, the MDL Plaintiffs stipulated that their state antitrust claims arising out of the NBA were dismissed. (*See* MDL Action, Dkt. #493 ¶ 1). Subsequently, the MDL Court also stayed discovery as to the Network Bidding Agreement with Meta.

**REPORT AND RECOMMENDATION OF SPECIAL MASTER – Page 9**

a non-party. The Special Master will not recommend disturbing the existing stay or its scope by adopting the States' proposal in the context of a Coordination Order, and recommends that the coordination order exclude Meta discovery as to the NBA Stay. However, it appears that the States' desire for permission to undertake discovery in this action from non-party Meta should be sought promptly by motion in this Court.

6.      **Deposition Notice, Cross-Notice, and Shared Discovery Deadlines**

The parties dispute deadlines applicable to shared discovery, deposition notices, and deposition cross-notices. The States seek: (i) a 5-day mandatory disclosure of shared discovery in Paragraph 2 of their proposed Coordination Order; (ii) that depositions are noticed at least 14 days before such depositions occur in Paragraph 3(c); and (iii) that the period for cross-noticing depositions be 7 days in Paragraph 3(d). (Dkt. #215 at 17–18). Google proposes, with respect to deposition notices and cross-notices, that depositions have a 21-day deadline and cross-notices have a 3-day deadline, based on the coordination orders entered in the Virginia and MDL Actions. (Dkt. #214 at 11–12). Further, Google proposes permissively shared discovery and no 5-day deadline for mandatory sharing. (*See* Dkt. #214-2 ¶2).

The Court's Scheduling Order provides that "[n]o party may notice a deposition . . . for a date fewer than fourteen days from the date of the notice, except that a party may cross-notice a deposition of a previously noticed non-party up to seven days before the date of the deposition." (Dkt. #194 at 6). Google has not presented a compelling reason to modify the Court's previously-entered Scheduling Order, and the Special Master declines to recommend such modification to that recent Order. Thus,

---

(*See* MDL Action, Dkt. #394 ¶ 3).
**REPORT AND RECOMMENDATION OF SPECIAL MASTER – Page 10**

the Special Master recommends adopting the States' proposal as to deposition notice deadlines.[4]

The Special Master further finds that mandatory disclosure of shared discovery within 5 days would promote efficient coordinated discovery in light of the May 3, 2024 fact discovery deadline in this action. Further, the Special Master's recommendation notes that any unreasonable delay or potential gamesmanship with respect to mandatory disclosure of shared discovery—specifically, untimely or delayed disclosures after the close of fact discovery in this action—will not be tolerated and may result in sanctions pursuant to Fed. R. Civ. P. 37. Accordingly, the Special Master's recommended Coordination Order provides for mandatory disclosures of shared discovery within 5 days in Paragraph 2.

7.    **Non-Noticed Depositions**

The States propose that Paragraphs 3, 4, and 5 of the Coordination Order permit the parties in this action and the MDL Action one hour of deposition time to depose a witness without issuing a cross-notice. (*See* Dkt. #215 at 18–19). Google opposes the States' request on the basis that it is a workaround of the 15-deposition limit in the MDL Action. (Dkt. #214 at 9–10).

The Special Master agrees with Google. The States and Google are each afforded 40 depositions per side. The States' proposal would permit MDL Plaintiffs to "tag-along" on depositions noticed in this case, giving MDL Plaintiffs potentially up to 40 hours of deposition time without having to cross-notice the depositions and not have such depositions count against the limit in the MDL Action. Likewise, the

---

[4] At the February 8 Hearing, the parties indicated they will consider a potential

**REPORT AND RECOMMENDATION OF SPECIAL MASTER – Page 11**

States' proposal perhaps could allow them up to 15 hours of deposition time without counting against their deposition limit in this action if mutually permitted to depose witnesses only noticed in the MDL Action. Furthermore, the Coordination Order permits sharing of deposition transcripts among the cases, which appears to strike an appropriate, proportional balance between coordination and sharing of discovery. The Special Master declines to recommend modifying the Orders of this Court to allow the added non-noticed deposition time, and declines to adopt the States' proposal.

Signed this 12th day of February, 2024.

David T. Moran
**Special Master**
TXBN: 14419400
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone: (214) 953-6051
E-mail:  dmoran@jw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 12th day of February 2024. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

David T. Moran

compromise of 5 days for cross-notices.
**REPORT AND RECOMMENDATION OF SPECIAL MASTER – Page 12**