IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

**PLAINTIFF STATES' UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMIT AND TO SET A DEADLINE OF FEBRUARY 21**

Plaintiff States respectfully move this Court for leave to exceed by 15 pages the 30-page limitation in its response to Google's Rule 12 briefing, pursuant to Local Rule 7.1(a)(1), and to set a deadline of February 21 to file Plaintiff States' response to Google's Rule 12(b)(6) motion, pursuant to Local Rule 7.1(e).  In support of this request, Plaintiff States state the following:

1. On January 2, 2024, the Court set a Scheduling Order setting a deadline of January 15 for Google's motion to dismiss and February 15 for Plaintiff States' opposition to Google's motion to dismiss.  ECF No. 194.

2. On January 16, 2024, Google filed two motions to dismiss under Rule 12 that, together, exceeded the page limit provided for under the Local Rules.  ECF No. 201, 202.

3. On January 19, 2024, Plaintiff States moved to strike Google's 12(b)(6) motion. ECF No. 208.

4. On February 2, 2024, after Google's response, ECF. No. 211, and Plaintiff States' reply, ECF No. 212, the Court granted Plaintiff States' motion to strike Google's 12(b)(6) motion because it exceeded the page limits set out in the Local Rules, ECF No. 217.  The Court ordered

Google to, by February 8, 2024, "either (1) refile its Rule 12(b)(6) motion to dismiss or (2) withdraw its Rule 12(b)(1) motion to dismiss and refile a consolidated motion to dismiss." *Id.* The Court also permitted Google to request leave to exceed the 30-page limit. *Id.*

5. On February 6, 2024, Google filed a motion for leave to exceed the 30-page limit by 15 pages. ECF No. 219. This motion indicated that, if the Court granted a 15-page extension, Google would leave its previously filed 15-page 12(b)(1) brief in place and refile its 30-page 12(b)(6) motion. *Id.* ¶ 4. Alternatively, Google requested a 10-page extension to file a consolidated, 40-page Rule 12 motion. *Id.*

6. On February 7, 2024, the Court granted Google's motion for a 15-page extension. ECF No. 220.

7. On February 8, 2024, Google filed its 30-page Rule 12(b)(6) brief, with 139 pages of attachments. ECF No. 224.

8. Now that Google has finalized its Rule 12 briefing, which totals 45 pages (not including attachments), Plaintiff States seek leave to file a total of 45 pages in response. Google's briefing raises numerous constitutional and statutory issues that purport to nullify all Plaintiff States' claims under both federal law and the laws of 17 states. For the same reasons that Google sought a 15-page increase for its affirmative briefing, Plaintiff States seek an equivalent increase for their response. *See* ECF No. 219 ¶¶ 6-7.

9. In addition, Plaintiff States request that the Court set a deadline of February 21 for its Rule 12(b)(6) response.

10. Under Local Rule CV-7(e), a response to a motion to dismiss filed on February 8 would ordinarily be due 14 days later (February 22). However, Plaintiff States are unsure whether their Rule 12(b)(6) response is currently due under the deadline set by the local rules, or on

February 15, as required by the Court's scheduling order. Plaintiff States submit that requiring the response to be filed on February 15 would prejudice them, since they could not prepare their response efficiently between February 2 (when the motion was stricken) and February 8 (when Google filed its motion in compliance with the Court's order). During that time Plaintiff States were unsure whether Google's arguments would change.

11. Setting the deadline to February 21 would be a modest extension to account for the six days in which Plaintiff States could not be sure how Google's motion might change.

12. Plaintiff States met and conferred by telephone conference with Google on February 12, and were informed today that Google does not oppose either aspect of the relief sought in this motion.

For these reasons, Plaintiff States respectfully move the Court for leave to file 45 total pages of briefing in opposition to Google's Rule 12 motions and for a deadline of February 21, 2024, for Plaintiff States' response to Google's 12(b)(6) motion.

DATED: February 13, 2024                              Respectfully submitted,

*/s/ W. Mark Lanier*                                        */s/ Ashley Keller*
W. Mark Lanier                                              Ashley Keller (*pro hac vice*)
Alex J. Brown                                               **KELLER POSTMAN LLC**
Zeke DeRose III                                             150 N. Riverside Plaza
**THE LANIER LAW FIRM, P.C.**                               Suite 4100
10940 W. Sam Houston Pkwy N.                                Chicago, IL 60606
Suite 100                                                   Telephone: (312) 741-5220
Houston, TX 77064                                           Facsimile: (312) 971-3502
Telephone: (713) 659-5200                                   Email: ack@kellerpostman.com
Facsimile: (713) 659-2204
Email: mark.lanier@lanierlawfirm.com                        Zina Bash (Bar No. 24067505)
Email: alex.brown@lanierlawfirm.com                         111 Congress Avenue
Email: zeke.derose@lanierlawfirm.com                        Suite 500
                                                            Austin, TX 78701
                                                            Email: zina.bash@kellerpostman.com

                                                            Noah S. Heinz (*pro hac vice*)
                                                            1101 Connecticut Ave., N.W.
                                                            11th Floor
                                                            Washington, DC 20036
                                                            Email: noah.heinz@kellerpostman.com

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm Only), Mississippi, North Dakota, South Carolina, and South Dakota.*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General of Texas

*/s/ Trevor Young*
Brent Webster, First Assistant Attorney General
Brent.Webster@oag.texas.gov
James Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## CERTIFICATE OF CONFERENCE

I certify that counsel has complied with the meet and confer requirement of Local Rule CV-7(h). This motion is consented to and not opposed by any party.

*/s/ W. Mark Lanier*
W. Mark Lanier

## CERTIFICATE OF SERVICE

I certify that on February 13, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ W. Mark Lanier*
W. Mark Lanier

5