# EXHIBIT 1



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

---

TREVOR YOUNG
Deputy Division Chief
Antitrust Division

PHONE: (512) 936-2334
FAX: (512) 320-0667
EMAIL: trevor.young@oag.texas.gov

February 7, 2023

*__Sent via Electronic Mail__*

R. Paul Yetter
Yetter Coleman LLP
811 Main St
Suite 4100
Houston, TX 77002
pyetter@yettercoleman.com

Re: Plaintiff States' Response to Google's January 25, 2024 Deficiency Letters

Dear Counsel:

As you are aware, in January 2024, despite disagreeing with Google's positions as to the Plaintiff States' discovery compliance, the Plaintiff States agreed to amend many of their interrogatory responses to address issues raised by Google. The Plaintiff States have agreed to provide those amendments in one round of amendments, rather than piecemeal amendments. Given the coordination and approval process involving 17 states and the upcoming deadline for responding to Google's motion to dismiss, the Plaintiff States are working on amending their interrogatory response on reasonable timeline for their forthcoming Fourth Amended Responses and Objections to Google LLC's First Set of Interrogatories ("Fourth Am. R&Os").

As Google is well aware, Plaintiff States had already agreed to provide their Fourth Am. R&Os when Google served 17 separate letters on the Plaintiff States, raising purported issues with the States' discovery responses and productions. Despite being informed multiple times of the States' timeframe for amending their responses, Google's January 25 letters requested that the Plaintiff States provide amended responses "immediately," as well as answers to other issues by February 7, 2024. Because the Plaintiff States are working diligently to prioritize and finalize the Fourth Am. R&Os, and just as Google has required more time to respond to letters regarding issues with Google's discovery compliance, the Plaintiff States plan to respond to Google's 17 letters in the coming weeks, either around the time of their amended interrogatory responses or soon after.

Subject to their right to provide fuller responses as indicated above, the Plaintiff States provide Google with the following updates as to some of the common issues asserted by Google:



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

- <u>Interrogatory No. 2</u>: In their forthcoming Fourth Am. R&Os, Plaintiff States will provide updated information that sets forth the types of remedies sought, in what capacity each Plaintiff State seeks that remedy, and the bases for those remedies.

- <u>Interrogatory No. 3</u>: In their forthcoming Fourth Am. R&Os, a few Plaintiff States will provide additional information regarding persons that assisted them in supplying information in aid of their interrogatory answers.

- <u>Interrogatory No. 4</u>: In their forthcoming Fourth Am. R&Os, Plaintiff States will amend their response to Interrogatory No. 4 to set forth each state that is seeking monetary relief in their capacity as *parens patriae* for each antitrust and consumer claim and whether they are pursuing damages, disgorgement, restitution, or civil penalties in that capacity.

- <u>Interrogatory No. 5</u>:  In their forthcoming Fourth Am. R&Os, Plaintiff States will amend their response to Interrogatory No. 5 to identify the harm to the general welfare and the economy of the Plaintiff States caused by Google's anticompetitive and deceptive conduct. The updated response will identify the specific type of conduct alleged to have violated antitrust and consumer protection laws, those harmed by the specific types of conduct, and broader impact to the general welfare and economy to the Plaintiff States.

- <u>Interrogatory No. 6</u>: In their forthcoming Fourth Am. R&Os, Plaintiff States will amend their response to Interrogatory No. 6 to identify injunctive, structural, and behavior relief sought by Plaintiff States to remedy Google's anticompetitive conduct.

- <u>Interrogatory No. 12</u>: In their forthcoming Fourth Am. R&Os, Plaintiff States will identify specific Bates numbers of agreements between Google and publishers that relate to the Plaintiff States' tying claim and provide a description of how the agreements at issue relate to the tying claim, as well as identify other documentary evidence of tying and the element of coercion. Plaintiff States note, however, that a complete response to this Interrogatory depends on Google having produced every relevant agreement. Plaintiff States reserve the right to update its response to Interrogatory No. 12 as additional evidence is produced by Google or identified by the Plaintiff States during discovery.

- <u>Interrogatory No. 14</u>: In their forthcoming Fourth Am. R&Os, Plaintiff States will identify the earliest date that they believe Google possessed monopoly power in the markets for ad serving, ad exchanges, buying tools for small advertisers, and buying tools for large advertisers.

- <u>Interrogatory No. 22</u>:  As already stated, the information supporting the allegations in Paragraph 175 of the Third Amended Complaint are widely reported on in the public



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

domain. Nevertheless, Plaintiff States' forthcoming Fourth Am. R&Os will provide Google with a list of those sources supporting those allegations.

- <u>Interrogatory No. 26</u>: In their forthcoming Fourth Am. R&Os, Plaintiff States will set forth the various categories of monetary relief (including, where applicable, civil penalties, damages, disgorgement, and restitution) sought in this action for Google's violations of federal antitrust laws, and state antitrust and consumer protection laws. The response will further outline the specific conduct engaged in by Google that violated these laws (such as illegal tying, dynamic allocation, etc.), and a description of how monetary relief will be calculated for each of those violations.

- <u>Interrogatory No. 30 and No. 31</u>: In their forthcoming Fourth Am. R&Os, Plaintiff States will provide Google with the categories of persons harmed by Google's anticompetitive and deceptive conduct and provide a further explanation of the resulting harms to the general welfare and economies of the Plaintiff States.

Several of the letters directed to specific states also attempted to identify both common and non-common production issues from several Plaintiff States. As we have stated during several meet and confers, Plaintiff States have conducted a reasonable search in response to Google's production requests and do not believe that they are in a deficient position regarding document production. The vast majority of documents responsive to Google's discovery requests are Google documents that Google already has or third-party investigation documents that Plaintiff States have long ago produced. Nevertheless, Plaintiff States will reexamine whether there are additional responsive documents to Google's discovery requests and are currently undertaking efforts to provide Google with the assurances requested in its recent correspondence concerning these matters.

Sincerely,

*/s/ Trevor E. D. Young*
Deputy Division Chief
Antitrust Division