IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § § | Civil Action No. 4:20-cv-00957-SDJ |
| v. | § § | |
| GOOGLE LLC, | § § | |
| Defendant. | § | |

**DEFENDANT GOOGLE LLC'S REQUEST FOR REMAND OR IN THE ALTERNATIVE ACCEPTANCE AND MODIFICATION OF THE SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING COORDINATION**

Pursuant to the Court's February 12, 2024 Order, *see* ECF No. 232, and Rule 53(f)(2), Google respectfully submits that the Court should remand the Special Master's Report and Recommendation regarding the entry of a proposed coordination order, ECF No. 230 (the "Report and Recommendation"), for limited reconsideration, or alternatively accept and modify the Report and Recommendation solely to the extent that it conflicts with an order entered by Judge Castel in the MDL[1] just before the Report and Recommendation was issued regarding the sharing of written discovery. *See* ECF No. 230 at 8.

Approximately 17 minutes before the Special Master entered the Report and Recommendation, Judge Castel entered Pre-Trial Order No. 7 (attached hereto as Appendix A, "PTO-7"),[2] which denied MDL Plaintiffs' request for written discovery (including interrogatories) from the Virginia Case.[3] *See* App'x. A, MDL ECF No. 694. The Report and Recommendation includes a provision requiring that all interrogatory responses be shared across cases. *See* ECF No. 230-1 at ¶ 1(cc). Consistent with the principles of comity identified by the Special Master in the Report and Recommendation, and to avoid inconsistent rulings across cases, Google respectfully requests that the Court allow the Special Master the opportunity to consider Judge Castel's PTO-7 in the first instance prior to the Order being submitted to Judge Castel for entry in the MDL. *See* ECF No. 230-1 at ¶ 10.

***Judge Castel denied the sharing of written discovery.*** During the parties' February 8, 2024 meeting, the Special Master asked the parties if there had been any procedural developments

---

[1] *In re Google Digital Advert. Antitrust Litig.*, No. 1:21-md-03010 (PKC) (the "MDL").
[2] Given the short time between Judge Castel's entry of PTO-7 and the entry of the Special Master's Report and Recommendation, Google did not have time to present PTO-7 to the Special Master; however, Google believes the Special Master may want to consider PTO-7's impact on the Report and Recommendation.
[3] *United States, et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.) (the "Virginia Case").

1

that could impact the Special Master's recommendations regarding the Coordination Order. Google brought to the Special Master's attention a then-pending motion by the MDL Plaintiffs seeking to compel Google to produce all "written discovery, including without limitation the discovery requests, responses, and objections, and any production of Documents or information in response to those requests" from the Virginia Case. MDL ECF No. 686 at 2. Google had agreed to produce its own interrogatory responses, but MDL Plaintiffs demanded the production of *all* written discovery of all parties, including the Virginia Plaintiffs' interrogatory responses. Google told the Special Master that Google filed an opposition to the motion but that Judge Castel had yet to rule. *See* MDL ECF No. 689.

On February 12, 2024, Judge Castel issued his PTO-7 denying MDL Plaintiffs' Motion to Compel written discovery in the Virginia Case. App'x. A, MDL ECF No. 694 at ¶ 2. Judge Castel stated that—absent a stipulation or relevance to the underlying dispute—"discovery utilized in [one] lawsuit is ordinarily not discoverable in another action." *Id*. Judge Castel went on to state that, here, "the carefully crafted [Coordination] Order . . . pointedly does not require the production of the E.D.Va. Written Discovery to the MDL Plaintiffs or vice versa." *Id*.

Just 17 minutes later, and before the parties could bring PTO-7 to his attention, Special Master Moran entered his Report and Recommendation "adopt[ing]" Plaintiffs' proposal to include written discovery within the definition of "Shared Discovery" (Paragraph 1(cc) of the Coordination Order). ECF No. 230 at 7-9. Specifically, the Recommended Order Regarding Coordination of Discovery ("Recommended Order") defines "Shared Discovery" as "all documents, data, written discovery (e.g., interrogatory responses) produced to a Party, or served on a Party, by or from another Party or third party during fact discovery" in this action, the MDL, or the Virginia Case. ECF No. 230-1 at ¶ (1)(cc). According to the Recommended Order, "Shared

2

Discovery" must be disclosed within five business days. *Id*. at ¶ 2. The Recommended Order does not become effective until it is entered in both this case and the MDL. *See* ECF No. 230-1 at ¶ 10.

***The Court should remand the Report and Recommendation to the Special Master to reconsider the Coordination Order in light of Judge Castel's PTO-7.*** If adopted in its present form, the Recommended Order would conflict with Judge Castel's PTO-7, which was issued just before the Recommended Order and had not been presented to the Special Master by the parties. As drafted, the Recommended Order would require Google to produce the DOJ's written discovery responses to Plaintiffs in this case *and* in the MDL within five business days after entry of the Coordination Order. *See* ECF No. 230-1 at ¶ 2.

Google respectfully submits that the Court remand the matter so that the Special Master can fully consider the effect of PTO-7, or alternatively, that the Court adopt the Recommended Order with one modification: As to the sharing of written discovery, the Court should adopt Google's definition of "Shared Discovery," because it tracks the Existing Coordination Orders and would not put this Court in conflict with Judge Castel's PTO-7. *See* ECF No. 214-1 at ¶ 1(aa); ECF No. 214-2 at ¶ 1(cc). Adopting Google's proposal will maintain the status quo and cause no prejudice to Plaintiffs. Google has already produced in this case Google's own responses to the DOJ's interrogatories—i.e., those responses containing facts and contentions relevant to *Google*.

As to discovery on the DOJ, Plaintiffs in this case have told Google that their motivation for seeking the DOJ's responses to Google's Interrogatories is to use them to prepare Plaintiffs' own computation of damages required by Initial Disclosures—now more than 34 months late. But Plaintiffs are not entitled to these materials—from the Virginia Case or from the MDL—for the same reasons that Magistrate Judge Anderson denied MDL Plaintiffs' attempts to get the DOJ's expert reports: Plaintiffs have their "own independent duty to look at the documents and find the

3

documents" themselves.  ECF No. 216-1 at 26:4-5; *see also id*. 25:16-20 (Plaintiffs should "do their own work").  Moreover, in PTO-7 Judge Castel stated that "[k]nowing the areas of defendant's business activities in which the DOJ has the greatest interest or what can be gleaned about the DOJ's evolving theory of the case is not, itself, discoverable[.]" App'x. A, MDL ECF No. 694 at ¶ 2.

The Report and Recommendation notes the importance of the "principles of comity and coordination" and the desire to "promote efficiency without prejudicing any party." ECF No. 230 at 6, 8.  In denying MDL Plaintiffs' access to the DOJ's expert reports, Magistrate Judge Anderson reasoned that sharing these materials would be prejudicial to Google because Plaintiffs "are likely to just adopt everything that's been done here [in the Virginia Case] and give their own spin on it." ECF No. 216-1 at 25:14-20; *see also id.* at 29:21-30:1.  And in terms of efficiency, Judge Castel's PTO-7 recognized that the MDL Plaintiffs could "utiliz[e] existing discovery tools to obtain proportionate and proper discovery from Google about any business practice challenged in the Plaintiffs' Complaints." App'x. A, MDL ECF No. 694 ¶ 2.

***

Google respectfully submits that this Court should remand the matter to the Special Master to reconsider the effect of PTO-7, or alternatively accept and modify the Recommended Order in so far as it includes written discovery within the definition of "Shared Discovery," and instead adopt Google's definition of "Shared Discovery," which tracks the Existing Coordination Orders. *See* ECF No. 214-1 at ¶ 1(aa); ECF No. 214-2 at ¶ 1(cc).

Dated: February 14, 2024

Respectfully submitted,

*R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4500
eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of February 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*R. Paul Yetter*
R. Paul Yetter

5