# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **THE STATE OF TEXAS, ET AL.** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | **CIVIL ACTION NO. 4:20-CV-00957-** |
| **VS.** | § | **SDJ** |
| | § | |
| **GOOGLE LLC,** | § | |
| | § | |
| **DEFENDANT.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| | § | |

## THE PLAINTIFF STATES' THIRD AMENDED RESPONSES & OBJECTIONS TO GOOGLE LLC's FIRST SET OF INTERROGATORIES

The Offices of the Attorney General for the states of Texas, Arkansas, Florida, Idaho, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nevada, North Dakota, Puerto Rico, South Carolina, South Dakota, and Utah (collectively, the "Plaintiff States") hereby make the following amended response to Google LLC's First Set of Interrogatories (the "Interrogatories") under Federal Rule of Civil Procedure 33 ("Federal Rules") and any applicable local rules.

1

## PRELIMINARY STATEMENT

These responses and objections are based on information presently available to the Office of the Attorney General in each of the Plaintiff States and are made without prejudice to, and are not a waiver of, the Plaintiff States' rights to rely on other facts or documents at trial.

The Plaintiff States reserve the right to supplement, clarify, revise, or correct any or all of their responses and objections, and to assert additional objections or privileges, in subsequent supplemental response(s).

No response or objections should be construed as an admission or acknowledgment that an interrogatory calls for information that is relevant to the subject matter of this litigation or proportional to the needs of the case, or that any responsive documents or information would be authentic or admissible at any trial.

## GENERAL OBJECTIONS

The Attorneys General for the Plaintiff States object to the Interrogatories to the extent that they attempt to impose any obligation greater than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the District Court for the Eastern District of Texas, or any applicable Order of the Court.

The Plaintiff States object to the Interrogatories to the extent that they seek information that is not relevant to this litigation or proportional to the needs of the case.

The Plaintiff States object to the Interrogatories to the extent that they call for information protected by the attorney-client privilege, the deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine.

The Plaintiff States object to the Interrogatories as overbroad and unduly burdensome to the extent that they seek testimony and information from the Plaintiff States that are not within

2

their possession, custody, or control. The Attorneys General of the Plaintiff States are the entities that brought this action pursuant to their statutory authority to enforce state and federal antitrust and consumer protection laws. This action was not brought by any other public officials, state agencies, government entities, or divisions thereof, and such persons are not parties to this litigation.

The Plaintiff States object to Google's legal conclusion that the Interrogatories are "in Accordance with PTO No.5," and object to the Interrogatories as contrary to PTO No. 5. For example, the Interrogatories contain thirty-one (31) enumerated interrogatories; whereas, PTO No. 5 only allows for twenty-five (25). Additionally, the Plaintiff States object to the use of inappropriately compounded interrogatories that contain multiple distinct and separate subparts.

The Plaintiff States of Arkansas, Florida, Kentucky, Missouri, Montana, Nevada, Puerto Rico, and Utah object to these Interrogatories as not properly served on their respective state. In responding to these Interrogatories, the Plaintiff States of Arkansas, Florida, Kentucky, Missouri, Montana, Nevada, Puerto Rico, and Utah do not concede that they were properly served and reserve all rights due to a party that is not properly served under the Federal Rules or the Local Rules.

## OBJECTIONS TO INSTRUCTIONS

Plaintiff States object to the instructions included with Google's Requests for Production to the extent they direct Plaintiff States to interpret words or phrases in a way that is different from their ordinary meaning. Plaintiff States further object to the instructions as vague and ambiguous to the extent they direct Plaintiff States to construe words or phrases differently than they are written or contrary to the ordinary rules of grammar.

## **OBJECTIONS TO DEFINITIONS**

The Plaintiff States object to the definitions included with Google's Interrogatories to the extent that they differ from the meaning of words as they are commonly used, to the extent they differ from the meaning they have as used in industry practice, and to the extent that they differ from the way that they were defined by Plaintiff States in any Civil Investigative Demand related to this litigation or discovery request issued in this litigation. The Attorneys General of the Plaintiffs States will respond to the Interrogatories giving the terms used their ordinary meaning as commonly understood.

The Plaintiff States object to Google's definition of the term "You" or "Your" as misleading, factually incorrect, vague, overbroad, and unduly burdensome. The Plaintiff States further object to the definition to the extent it purports to enlarge, expand, or in any way alter the plain meaning and scope of the Federal Rules of Civil Procedure or seeks to compel Plaintiff States to provide information that is not within the possession, custody, or control of the Offices of the Attorney General of the respective Plaintiff States. Plaintiff States will construe this term to refer to the units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State.

Plaintiff States specifically object to Google's definition of the term "Relevant Period" as overbroad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks information that is not relevant to any party's claim or defense in this litigation. Plaintiff States will meet and confer with Google to identify a reasonable period for each Request for Production that is relevant to this litigation and proportional to the needs of the case.

## RESPONSES & OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each and every one of Your state's agencies, entities, divisions, or departments that has used Display Advertising or Ad Tech Products during the Relevant Period.

> **Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits, and the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims of this litigation. The Plaintiff States further object to this interrogatory to the extent it seeks information that is not within their possession, custody, or control and reiterate their objection to the definition of "You" stated above. The Plaintiff States are willing to meet and confer with Google to identify responsive information, if any, that is in their possession, custody, or control, that is not more easily obtained from third parties or that can be provided without causing undue burden. Subject to and without waiving the foregoing objections, the Plaintiff States respond:

- The State of Arkansas identifies the Arkansas Office of Attorney General Public Protection Division as the only division of the Arkansas Office of Attorney General that has used display advertising or ad tech products during the Relevant Period.

- The Plaintiff State of North Dakota specifically identifies the North Dakota Lottery ("ND Lottery") as the only division of the North Dakota Office of Attorney General that has used display advertising or ad tech products during the Relevant Period.

- The Plaintiff State of Indiana identifies the following links containing a searchable directory identifying staff of Indiana State Agencies, Departments, Boards, and Commissions:

  (https://www.in.gov/apps/iot/find-a-person/phonebook/PhoneBook.pdf)
  (https://www.in.gov/apps/iot/find-a-person/)

  Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Indiana Office of the Attorney General.

  The Plaintiff State of Indiana specifically identifies the Unclaimed Property Division as the only division of the Indiana Office of Attorney General that has used display advertising or ad tech products during the Relevant Period.

- The Plaintiff Commonwealth of Kentucky identifies the following link containing an organizational chart of the executive branch of government in the Commonwealth: OC-Statewide.pdf (ky.gov). The Kentucky Office of the Attorney

5

General does not have any independent knowledge of whether any other state agency, entity, division, or department of the Commonwealth, including any contained on the organizational chart available at the link provided, has used Display Advertising or Ad Tech Products, but the Office remains willing to meet and confer with Google to facilitate discovery with state agencies. The Commonwealth further states that the Kentucky Office of the Attorney General has used Ad Tech Products and Display Advertising.

- The Plaintiff State of Louisiana, by and through its Attorney General's Office identifies the following link containing a directory of all Louisiana State Agencies:

  https://www.louisiana.gov/government/agency-directory/#:~:text=Louisiana%27s%20Community%20and%20Technical%20College%20System%20Louisiana%20Division,Administration%20Program%20Louisiana%20Legislature%20Louisiana%20State%20University%20System

  The Louisiana Gaming Division and Public Protection Division have purchased display advertising on limited occasions in the past and the Louisiana AG's office will facilitate production of responsive documents from those entities. Information regarding their use of display advertising or ad tech products is not within the possession, custody, or control of the Louisiana Office of the Attorney General.

- The Plaintiff States of Texas, Idaho, and Mississippi attach to these responses as Exhibit "A" a list of contact information for their respective state agencies, which are in a superior position to provide Google with the information it seeks. The Plaintiff States of Texas, Idaho, and Mississippi do not possess knowledge as to whether these entities use display advertising or ad tech products, and such information is not within thier possession, custody, or control.

- The Plaintiff State of Missouri, by and through its Attorney General's Office identifies the following link containing a full list of Missouri State Agencies, Departments, Boards, and Commissions:

  (https://www.mo.gov/search-results?mode=state_agencies).

  Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Missouri Office of the Attorney General. The foregoing link includes contact information for each Missouri Agency, Department, Board, and Commission. Each such Agency, Department, Board, and Commission would be in a superior position to provide Google with the information it seeks.

- The Plaintiff State of Utah, by and through its Attorney General's Office ("Utah AGO") does not have possession, custody, or control of responsive information for any state agency other than the Utah AGO. The Utah AGO identifies the following

link containing a full list of Utah State Agencies, Departments, Boards, and Commissions:

https://www.utah.gov/government/agencylist.html

- The Plaintiff State of Nevada, by and through the Office of the Nevada Attorney General ("Nevada AGO") has confirmed that the Nevada AGO has not purchased display advertising or used ad tech products during the Relevant Period. The Nevada AGO does not have possession, custody, or control of documents or information for other agencies. However, public officers in Nevada have a duty to reasonably provide information in their possession that relates to an active antitrust investigation or enforcement action brought by the Nevada AGO. Considering that duty, relevant state agencies are willing to voluntarily produce relevant documents or information without the formal issuance by Google of a FRCP 45 subpoena. The Nevada AGO has determined that the following state agencies have not received FRCP 45 subpoenas issued by Google but may have responsive information similar to that requested by Google in previous FRCP 45 subpoenas ("Additional Nevada Agencies"). These agencies are willing to voluntarily gather and produce that information, and the Nevada AGO is willing to facilitate the voluntary production from these Additional Nevada Agencies within a reasonable period of time:

  o The Division of Welfare and Supportive Services
  o The Division of Public and Behavioral Health
  o The Division of Aging and Disability Services
  o The Health and Human Services Director's Office
  o The Department of Tourism and Cultural Affairs
  o The Silver State Health Insurance Exchange
  o Nevada State Treasurer

- The Offices of the Attorneys General for the Plaintiff States of Texas, Alaska, Idaho, Florida, Mississippi, Missouri, Montana, Puerto Rico, South Carolina, South Dakota and Utah and the Utah Division of Consumer Protection have not purchased display advertising or used ad tech products during the Relevant Period.

**INTERROGATORY NO. 2:** Identify all remedies You seek in this Action, in what capacity

(such as *parens patriae* or sovereign capacity) You seek each remedy, and the statutory or other

legal basis for each such remedy.

**Response:** The Plaintiff States object to this interrogatory to the extent is seeks to force a legal conclusion. Further, the Plaintiff States object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google, and to the extent it seeks to

7

compel Plaintiffs to marshal all of their evidence in advance of trial. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. The Plaintiff States reserve their rights to supplement responses to this interrogatory at a later date once they have designated experts and obtained sufficient discovery to make a complete response. Subject to and without waiving the foregoing objections, the Plaintiff States respond:

- The Plaintiff States reserve the right to pursue any allowable remedy under federal or state antitrust law that would restore competition to any market in which Google's conduct is alleged to have anticompetitive effects. The Plaintiff States currently believe that a combination of structural and behavioral remedies are necessary to restore competitive conditions to the affected markets.

- The Plaintiff States reserve the right to pursue any allowable remedy under their respective state laws for Google's deceptive conduct in order to compensate the injured citizens or persons of their state and to deter future deceptive conduct on the part of Google.

- Subject to the foregoing objections and reservations of rights, Plaintff States have the present intent to pursuing those remedies identified in Exhibit "B".

**INTERROGATORY NO. 3:** Identify all persons answering and supplying information in response to these Interrogatories and all documents You relied on to answer these Interrogatories.

> **Response:** The Plaintiff States object to this interrogatory to the extent it seeks attorney-client or work product privileged information, or to the extent it seeks information not otherwise discoverable under court order. The Plaintiff States will supplement their responses to this interrogatory at a later date if they have responsive information. Subject to and without waiving the foregoing objections, the Plaintiff States respond:

- Staff attorneys for the respective Attorneys General of the Plaintiff States or outside counsel representing certain of the Attorneys General of the Plaintiff States were involved in preparing these responses.

- The Plaintiff State of Florida specifically responds that it consulted with its internal Information Technology staff in formulating these responses.

**INTERROGATORY NO. 4:** Identify all injured persons or categories of persons on whose behalf You as *parens patriae* seek monetary relief (including, where applicable, restitution,

disgorgement, civil penalties, civil fines, or damages) in this Action, and for each person or category of persons state the following:

a. whether the person is a natural person or legal entity;

b. how the person has used Display Advertising or Ad Tech Products, including whether the person is a Publisher, Advertiser, or consumer;

c. the person's state of residence, organization, or incorporation;

d. if applicable, the person's principal place of business;

e. the nature of the person's injury; and

f. the specific monetary relief You seek as a result of the person's injury.

**Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its likely benefits, and the requesting party's ability to obtain the information is similar to that of the responding party. Plaintiff States also object to this Request to the extent that it implies that the identification of specific persons is a necessary element of a *parens patriae* claim. Further, the Plaintiff States object to this interrogatory is premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google, and to the extent it seeks to compel Plaintiff States to marshal all of their evidence in advance of trial. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. Subject to and without waiving the foregoing objections, the Plaintiff States respond:

- The Plaintiff State of North Dakota seeks to recover as *parens patriae* on behalf of all North Dakota persons that have paid higher prices for goods and services, including internet content, suffered lower quality internet content, or have had their data unlawfully misappropriated as a result of Google's unconscionable or deceptive acts or practices, pursuant to N.D.C.C. chapter 51-15.

- The Arkansas Office of the Attorney General seeks to recover under its *parens patriae* authority as set forth in Ark. Code Ann. § 4-75-212. The State of Arkansas seeks to recover on behalf of natural persons located in the State of Arkansas that have paid higher prices for goods and services as the result of Google's anticompetitive conduct toward advertisers that increased the cost of advertising and thereby the cost of goods and services purchased.

9

- As to the specific remedies identified in this Interrogatory, the Plaintiff Commonwealth of Kentucky refers to paragraphs 639, 710, 759 (and all subparts), and 766 (and all subparts) of the Fourth Amended Complaint (DN 541). The Plaintiff Commonwealth of Kentucky seeks to recover the remedies identified in the aforementioned paragraphs of the Fourth Amended Complaint for any unlawful conduct by Google that impacted all persons, both natural persons and legal entities, located in the Commonwealth.  The Commonwealth is not seeking restitution, as defined under Kentucky law, as a remedy in this case.

- The Missouri Attorney General seeks to recover as *parens patriae* on behalf of all consumers or persons located in its jurisdiction that: (a) have paid higher prices for goods and services as the result of Google's anticompetitive conduct toward advertisers that increased the cost of advertising and thereby the cost of goods and services purchased; (b) have been forced to pay for or suffered lower quality of internet content as a result of Google's anticompetitive conduct toward publishers that reduced revenue to publishers; (c) have paid higher prices for goods and services and for internet content or suffered lower quality of internet content as a result of Google's unlawful, unfair, or deceptive trade practices; or (d) have had their data unlawfully misappropriated by Google. The Attorney General seeks disgorgement pursuant to Mo. Rev. Stat. § 416.071.2, seeks disgorgement, restitution, and civil penalties pursuant to Mo. Rev. Stat. § 407.100, and seeks an award of 10% of any restitution ordered pursuant to Mo. Rev. Stat. § 407.140.3.

**INTERROGATORY NO. 5:** Identify and quantify all harm to the general welfare and the economy of Your state for which You seek monetary relief (including, where applicable, restitution, disgorgement, civil penalties, civil fines, or damages) in this Action, and specify the particular relief You seek for each such harm.

**Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its likely benefits. Further, the Plaintiff States object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google, and to the extent it seeks to compel Plaintiff States to marshal all of their evidence in advance of trial or to the extent that it seeks to compel a legal conclusion. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. Subject to and without waiving the foregoing objections, the Plaintiff States will supplement their responses to this interrogatory at a later date once they have designated experts and obtained sufficient discovery to make a complete response.

**INTERROGATORY NO. 6:** Identify all injunctive or structural relief You seek in this Action, including a description of:

    a. the specific relief sought;

    b. the applicable relevant market;

    c. the assets or Ad Tech Product(s) You expect to be impacted;

    d. the proposed duration of the relief; and

    e. how each type of relief sought would "restore competitive conditions in the relevant markets" as alleged in Paragraph 683(c)-(d) of the Third Amended Complaint.

**Response:** The Plaintiff States object to this interrogatory to the extent it seeks to compel a legal conclusion. Further, the Plaintiff States object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google,and to the extent it seeks to compel the Plaintiff States to marshal all of their evidence in advance of trial. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. Subject to and without waiving the foregoing objections, the Plaintiff States will supplement their response to this interrogatory at a later date once they have designated experts and obtained sufficient discovery to make a complete response.

**INTERROGATORY NO. 7:** Identify the "data and information unlawfully taken from consumers by means of deceptive trade practices" for which You seek disgorgement in Paragraph 683(g) of the Third Amended Complaint, and describe how such disgorgement is to be effected and implemented.

**Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. Subject to and without waiving the foregoing objections, the Plaintiff States respond:

- The Plaintiff States incorporate by reference paragraphs 572-583 of the Fourth Amended Complaint in response to this interrogatory.

- The Fourth Amended Complaint refers to data collected from users of Google products and data that Google requires publishers and advertisers to give Google about users collected from their visit to and participation on a publisher's webpage as being unlawfully and deceptively taken from internet users by Google.

**INTERROGATORY NO. 8:** Identify with particularity each and every act, practice, or statement by Google that You allege to have been unfair or deceptive. As part of your response, identify all documents on which you relied on to respond to this Interrogatory.

**Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party. Further, the Plaintiff States object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google, and to the extent it seeks to compel the Plaintiff States to marshal all of their evidence in advance of trial. Plaintiff States also object on the basis that this is a contention interrogatory that need not be answered until the conclusion of fact discovery. Subject to and without waiving the foregoing objections, the Plaintiff States respond:

- The Plaintiff States hereby incorporate by reference herein paragraphs 526-597 and 647-758 of the Fourth Amended Complaint in response to this interrogatory. More specifically, Google's acts, practices, and statements that the Plaintiff States believe or have reason to believe have been unfair, deceptive, false, and/or misleading, and/or which have the capacity or tendency to deceive, or are likely to deceive, include but are not limited to the following:

- Google's deceptive, false, and/or misleading acts, misrepresentations, omissions, and failure to disclose material information surrounding the use and implementation of Project Bernanke to manipulate advertiser bids without their knowledge. *See, e.g.*, GOOG-NE-03626245; GOOG-NE-03898431; GOOG-AT-MDL-004334894; GOOG-NE-11267438; GOOG-DOJ-14152910; GOOG-NE-03898431; GOOG-DOJ-14254525; GOOG-NE-13549441; GOOG-DOJ-14157039; GOOG-DOJ-15104543; GOOG-NE-10569088; GOOG-NE-03580452; GOOG-NE-03892302; GOOG-AT-MDL-007173084; GOOG-DOJ-15435620; GOOG-NE-10929507; GOOG-NE-13468541.

- Google's deceptive, false, and/or misleading acts, misrepresentations, omissions, and failure to disclose material information surrounding the use and implementation of Reserve Price Optimization and other dynamic flooring

practices. *See, e.g.*, GOOG-NE-13340735; GOOG-DOJ-14368344; GOOG-DOJ-14008433; GOOG-NE-06842715; GOOG-DOJ-15511015; GOOG-AT-MDL-003141298; GOOG-AT-MDL-003164150; GOOG-AT-MDL-003164158; GOOG-AT-MDL-003164162; GOOG-AT-MDL-003164171; GOOG-DOJ-14147817; GOOG-DOJ-29803801; GOOG-AT-MDL-004242638; GOOG-NE-13229114; GOOG-TEX-00831373; GOOG-NE-05308050; GOOG-NE-12466643; GOOG-DOJ-15435620; GOOG-AT-MDL-001890174.

- Google's deceptive, false, and/or misleading acts, misrepresentations, omissions, and failure to disclose material information surrounding the use and implementation of Dynamic Revenue Sharing. *See, e.g.*, GOOG-NE-04934281; GOOG-NE-06842133; GOOG-NE-09485306; GOOG-TEX-00777528; GOOG-DOJ-15422521; GOOG-DOJ-14735882; GOOG-NE-04934281; GOOG-DOJ-14156440; GOOG-NE-06842715; GOOG-NE-09485306; GOOG-AT-MDL-001004706; GOOG-NE-09485306; GOOG-DOJ-14368344; GOOG-DOJ-AT-02423615; GOOG-NE-13226622; GOOG-NE-12737317; GOOG-DOJ-14162332.

- Google's deceptive, false, and/or misleading acts, misrepresentations, omissions, and failure to disclose material information regarding publisher's use and implementation of header bidding. *See, e.g.*, GOOG-TEX-00036586; GOOG-TEX-00971726; GOOG-TEX-00097138; GOOG-NE-12741112; GOOG-TEX-00036144; GOOG-DOJ-14323586; GOOG-AT-MDL-003168327; GOOG-NE-13414309; GOOG-NE-11797459.

- Google's deceptive, false, and/or misleading acts, misrepresentations, omissions,, and failure to disclose material information regarding its collection of user data, auction data, and ad log data, and how such data was used to optimize its buying tools. *See, e.g.*, GOOG-NE-06910389; GOOG-NE-12794242; GOOG-DOJ-AT-02644082; GOOG-DOJ-15611285; GOOG-DOJ-15621058; GOOG-DOJ-15789359; GOOG-DOJ-15089206.

- Google's deceptive, false, and/or misleading acts, misrepresentations, omissions, and failure to disclose material information relating to the operations of Google's ad serving and auction mechanics; and Google's deceptive acts, misrepresentations, and failure to disclose material information relating to all bidders competing on equal footing within Google's ad exchange. *See, e.g.*, GOOG-NE-02345371; GOOG-DOJ-14032377; GOOG-DOJ-15241839; GOOG-TEX-01022605; GOOG-AT-MDL-004071049; GOOG-NE-07954222; GOOG-TEX-00633233; GOOG-DOJ-AT-01807679; GOOG-NE-06879032; GOOG-AT-MDL-003570297; GOOG-NE-07289269.

Discovery and the Plaintiff States' investigation remains ongoing, and accordingly, the Plaintiff States reserve the right to further supplement their objections and responses to this interrogatory.

**INTERROGATORY NO. 9:** Identify all persons other than Google with whom You communicated concerning an Investigation or this Action. In Your response:

a. provide the date of each communication, the participants in the communication (including each participant's employer or affiliation), the method of the communication, and the subject matter discussed; and

b. identify any documents disclosed by You or the person during each communication.

**Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party as it is duplicative of information included as part of the State Plaintiffs' Rule 26 disclosures or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this interrogatory to the extent it seeks attorney-client or work product privileged information, information subject to the common interest and joint prosecution privileges, or to the extent it seeks information not otherwise discoverable under court order. Subject to and without waiving the foregoing objections, the State Plaintiffs respond:

- *See* Appendix A of Plaintiff States Initial Disclosures which lists each third party contacted during the investigation by the Plaintiff States. The Plaintiff States did not disclose any documents to the listed parties during those conversations.

**INTERROGATORY NO. 10:** Identify all persons other than Google who have provided You with information that You intend to rely on to support Your claims asserted in this Action, and provide a brief description of the information received from each such person.

**Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party as it is duplicative of information included as part of the Plaintiff States Rule 26 disclosures. Further, the Plaintiff States object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including the productions and review of documents from third parties, and to the extent it seeks to compel Plaintiff States to marshal all of their evidence in advance of trial. The Plaintiff States also object to this interrogatory to the extent it seeks attorney-client or work product privileged information, information subject to the common interest and joint prosecution privileges, or to the extent it seeks information not otherwise discoverable under court order. Plaintiff States also object on the basis that this is a contention interrogatory that need not be answered until

the conclusion of fact discovery. Subject to and without waiving any of the foregoing objections, the Plaintiff States respond:

- *See* Appendix A of Plaintiff States Initial Disclosures which lists each third party contacted during the investigation by the Plaintiff States. The Plaintiff States did not disclose any documents to the listed parties during those conversations.

- The following companies produced documents to Plaintiff States during the investigation: Adobe, Amazon, Amobee, AT&T, Comcast, Criteo, Daily Mail, Discovery, Duck Duck Go, Facebook, Fox, Hearst, Index Exchange, MediaMath, Microsoft, New York Times, News Corp., OpenX, Oracle, Pubmatic, Rubicon (now Magnite), SpringServe, The Trade Desk, Verizon, WPP.

- The Plaintiff States intend to rely on documents and information produced by other plaintiffs who have filed suit against Google and by third parties that have produced documents to the parties since the Plaintiff States' investigation—whose identities are all known to Google.

**INTERROGATORY NO. 11:** Identify any communications with or from Google upon which You rely for any of Your claims, including the dates of such communications, the relevant individuals from You and Google who participated in such communications, the subject matter of such communications, and all documents related thereto.

> **Response:** The Plaintiff States object to this interrogatory as vague and ambiguous, overly burdensome, and disproportional to the needs of the case as the requesting party's ability to obtain the information is similar or superior to that of the responding party. Further, the Plaintiff States object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google, and to the extent it seeks to compel Plaintiff States to marshal all of their evidence in advance of trial. Plaintiff States also object on the basis that this is a contention interrogatory that need not be answered until the conclusion of fact discovery. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify responsive information.

**INTERROGATORY NO. 12:** Identify all contracts that You allege coerced customers into using DFP with AdX, as set forth in Paragraphs 245-252 of the Third Amended Complaint. For each contract, identify the specific provisions You contend are coercive in nature.

**Response:** The Plaintiff States objects to this interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party.  The Plaintiff States object to this interrogatory as misstating their claims, which allege, among other allegations, that Google's decision to no longer offer AdX-only contracts was coercive. Further, the Plaintiff States object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google,and to the extent it seeks to compel Plaintiff States to marshal all of their evidence in advance of trial. Plaintiff States also object on the basis that this is a contention interrogatory that need not be answered until the conclusion of fact discovery. Subject to and without waiving the foregoing objections, the Plaintiff States will supplement its response to this interrogatory at a later date once they have designated experts and obtained sufficient discovery to make a complete response.

**INTERROGATORY NO. 13:** Identify the "one large publisher" and all other "publishers" referenced in Paragraph 247 of the Third Amended Complaint.

**Response:** The Plaintiff States object to this interrogatory as overly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify responsive information, if any, within their possession, custody, or control, that is not more easily obtained from third parties or that can be provided without causing undue burden. Subject to and without waiving the foregoing objections:

- The Plaintiff States identify NewsCorp as the "one large publisher."

**INTERROGATORY NO. 14:** Identify the earliest date on which You believe Google possessed monopoly power in each of the markets that You allege to be relevant to Your claims, and describe how You believe Google obtained monopoly power in each of those markets.

**Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party. The Plaintiff States also object to this interrogatory to the extent that it seeks to compel a legal conclusion. Further,

Plaintiff States object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google, and to the extent it seeks to compel Plaintiff States to marshal all of their evidence in advance of trial. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. Plaintiff States also object on the basis that this is a contention interrogatory that need not be answered until the conclusion of fact discovery. Subject to and without waiving the foregoing objections, the Plaintiff States will supplement their response to this interrogatory at a later date once they have designated experts and obtained sufficient discovery to make a complete response.

**INTERROGATORY NO. 15:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, identify each Ad Tech Product used during the Relevant Time Period, whether from Google or any other Ad Tech Provider. In Your response, provide:

a. the type of Ad Tech Product used;

b. the amount of fees or Take Rate by month for each Ad Tech Product used;

c. the dates during which each Ad Tech Product was used;

d. all reasons for using and/or switching from one Ad Tech Product to another; and

e. if applicable, all reasons for ceasing use of an Ad Tech Product.

**Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation.The Plaintiff States also object to this interrogatory because it seeks information that is not within the possession, custody, or control of their respective Offices of the Attorney General and reiterate their objection to the definition of "You" stated above. The Plaintiff States are willing to meet and confer with Google to identify responsive information, if any, within their possession, custody, or control, that is not more easily obtained from third parties or that can be provided without causing undue burden. Subject to and without waiving the foregoing objections:

- The Arkansas Office of Attorney General Public Protection Division has used Google AdWords services from November 1, 2013 to present. The Take Rate is not applicable, as this service was not purchased with the goal of monetary gain. Ad

17

Tech products were used to notify the public of laws concerning tobacco purchases in the State of Arkansas and to deter sales of contraband tobacco products. At no time did the Public Protection Division cease the use of or switch Ad Tech products.

- The Plaintiff State of North Dakota specifically identifies the North Dakota Lottery ("ND Lottery") as the only division of the North Dakota Office of Attorney General that has used display advertising or ad tech products during the Relevant Period.

The Plaintiff State of North Dakota restates its objection to Relevant Time Period, if it is meant to be "Relevant Period." The "Relevant Period," as defined, is overbroad, unduly burdensome, and disproportional to the needs of the case. The State of North Dakota will provide responses to this Interrogatory to the extent that the State of North Dakota has the information in its possession, custody, or control.

> a. *the type of Ad Tech Product used:* The ND Lottery has used Google Display, DV360 (Adswerve), YouTube (Pre-roll), Facebook, Forum Communications (Programmatic Pre-Rolls and Programmatic Display), Midco (OTT/CTV), Hulu (OTT/CTV), Outstream Video, Teads, Dynadmic, and Pandora.

> b. *the amount of fees or Take Rate by month for each Ad Tech Product used:* The ND Lottery does not have any information regarding fees or Take Rate for Ad Tech Products used.

> c. *the dates during which each Ad Tech Product was used:* The ND Lottery's use of Ad Tech Products identified in a., above, depends on each advertising buy, campaign, and budget. The use of Ad Tech Products is reflected in each media buy. The ND Lottery used Google Display and YouTube Pre-Roll until March 2022, and began using DV360 in December of 2022. The ND Lottery used Teads In-read video from 2016 to 2019 and switched to Outstream Video in November 2019. The ND Lottery tried Dynadmic video for a short time from 8/6/2017 to 9/2/2017.

> d. *all reasons for using and/or switching from one Ad Tech Product to another:* While using YouTube Pre Roll and Google Display, ND Lottery had persistent issues with Google flagging its ads as unapproved online gambling. ND Lottery stopped using YouTube Pre Roll and Google Display in March 2022, as neither ad tech product would run its advertising campaign. ND Lottery was informed by its advertising agency that Google rejected the advertising campaign because of a sentence in the ND Lottery's website global footer, which references the contact information for Responsible Gaming Help. Google specifically had issues with the language: "If gambling is no longer fun call 2-1-1, contact GamblerND in North Dakota or Gamblers Anonymous." Google would only approve ND Lottery's advertising campaign if it agreed to

remove this section of the Responsible Gaming Help language. Per the ND Lottery's Administrative Rules 10-16-01-02, Advertising, Subsection b, the ND Lottery provides retailers with Problem Gambling Helpline Telephone Number. Since the Responsible Gaming Help language is provided to retailers, the ND Lottery is legally required to provide it to the public as a public service. ND Lottery could not make the change requested by Google, and ND Lottery had to switch the online advertising budget it would have used on Google Display/YouTube over to Facebook. In or around December of 2022, ND Lottery tried DV360, negotiated ad/website language that would allow it to advertise using DV360, and subsequently switched some of its advertising budget to DV360.

> *e. if applicable, all reasons for ceasing use of an Ad Tech Product:* See response to d.

- The Plaintiff State of Indiana identifies the following links containing a searchable directory identifying staff of Indiana State Agencies, Departments, Boards, and Commissions:

  (https://www.in.gov/apps/iot/find-a-person/phonebook/PhoneBook.pdf)
  (https://www.in.gov/apps/iot/find-a-person/)

  Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Indiana Office of the Attorney General.

  The Plaintiff State of Indiana specifically identifies the Indiana Office of Attorney General Unclaimed Property Division ("UPD") as the only division of the Indiana Office of Attorney General that has used display advertising or ad tech products during the Relevant Period. The Indiana Office of Attorney General works through an outside vendor to purchase advertising services, including display advertising, for UPD.

  The Plaintiff State of Indiana restates its objection to "the Relevant Time Period," if it is meant to be "Relevant Period." The "Relevant Period," as defined, is overbroad, unduly burdensome, and disproportional to the needs of the case. The State of Indiana will provide responses to this Interrogatory to the extent that the State of Indiana has the information in its possession, custody, or control.

  The Plaintiff State of Indiana will produce documents related to its use of Display Advertising through advertising contracts with outside vendors.

  > *a. the type of Ad Tech Product used:* The Indiana Office of Attorney General does not select individual Ad Tech Products. It uses an outside vendor, The Prosper Group, PO Box 488, Greenwood, IN 46142, to

purchase advertising services, including Display Advertising, for UPD. Previously, the Indiana Office of Attorney General used a different vendor, The Basement, 1075 Broad Ripple Avenue, Ste 381, Indianapolis, IN 46220, to purchase advertising services, including Display Advertising, for UPD.

b. *the amount of fees or Take Rate by month for each Ad Tech Product used:* The Indiana Office of Attorney General does not track fees or Take Rates by Ad Tech Product used.

c. *the dates during which each Ad Tech Product was used:* The Indiana Office of Attorney General does not direct or track the use of individual Ad Tech Products. The Indiana Office of Attorney General has allocated some of its UPD advertising budget through The Prosper Group to display advertising in different campaigns since at least May, 2021.

d. *all reasons for using and/or switching from one Ad Tech Product to another:* The Indiana Office of Attorney General does not select individual Ad Tech Products. Any Display Advertising purchased for any UPD advertising campaign was arranged through its outside vendor.

e. *if applicable, all reasons for ceasing use of an Ad Tech Product:* The Indiana Office of Attorney General does not select individual Ad Tech Products. Any Display Advertising purchased for any UPD advertising campaign was arranged through its outside vendor.

- The Plaintiff Commonwealth of Kentucky identifies the following link containing an organizational chart of the executive branch of government in the Commonwealth: OC-Statewide.pdf (ky.gov). The Kentucky Office of the Attorney General does not have any independent knowledge of whether any other state agency, entity, division, or department of the Commonwealth, including any contained on the organizational chart available at the link provided, has used Display Advertising or Ad Tech Products, but the Office remains willing to meet and confer with Google to facilitate discovery with state agencies.

The Office further states that the Kentucky Office of the Attorney General has used Ad Tech Products and Display Advertising. The Office has retained an outside firm, Red7e, for advertising, marketing, and digital media services in connection with various ad campaigns. The ad campaigns managed by Red7e used various forms of Display Advertising, including but not limited to advertisements on Facebook, Instagram, and streaming devices. Please see the Red7e documentation the Commonwealth is producing in response to Google's First Set of Requests for Production for additional details. The Office has also used LinkedIn for job postings. Please see the LinkedIn invoices the Commonwealth is producing in response to Google's First Set of Requests for Production for additional details. As to the specific subparts of Interrogatory No. 15, responses are provided below:

a. *the type of Ad Tech Product used:* LinkedIn; Facebook; Instagram. Please see the Red7e documentation the Kentucky Office of the Attorney General is producing in response to Google's First Set of Requests for Production for additional details regarding the type of AdTech Product used.

b. *the amount of fees or Take Rate by month for each Ad Tech Product used:* The Kentucky Office of the Attorney General has information regarding the fees it paid for LinkedIn and the fees it paid to Red7e. Please see the Red7e and LinkedIn documentation the Office is producing in response to Google's First Set of Requests for Production for additional details. The Office does not have information on the Take Rate for each Ad Tech Product used.

c. *the dates during which each Ad Tech Product was used:* The Kentucky Office of the Attorney General used LinkedIn in April of 2020, September of 2021, and July of 2022. The Office has worked with Red7e in 2021, 2022, and 2023. At the time of service of these responses, the Office continues to work with Red7e. Please see the Red7e and LinkedIn documentation the Commonwealth is producing in response to Google's First Set of Requests for Production for full details regarding the dates during which each Ad Tech Product was used.

d. *all reasons for using and/or switching from one Ad Tech Product to another:* The Kentucky Office of the Attorney General does not have information on the reasons for using and/or switching from one Ad Tech Product to another, other than what appears in the Red7e documentation the Office is producing in response to Google's First Set of Requests for Production.

e. *if applicable, all reasons for ceasing use of an Ad Tech Product:* The Kentucky Office of the Attorney General does not have information on the reasons for ceasing use of an Ad Tech Product.

- The Plaintiff State of Louisiana, by and through its Attorney General's Office identifies the following link containing a directory of all Louisiana State Agencies:

  https://www.louisiana.gov/government/agency-directory/#:~:text=Louisiana%27s%20Community%20and%20Technical%20College%20System%20Louisiana%20Division,Administration%20Program%20Louisiana%20Legislature%20Louisiana%20State%20University%20System

  The Louisiana Gaming Division and Public Protection Division have purchased display advertising on limited occasions in the past and the Louisiana AG's office will facilitate production of responsive documents from those entities. Information

21

regarding their use of display advertising or ad tech products is not within the possession, custody, or control of the Louisiana Office of the Attorney General.

- The Plaintiff States of Texas, Idaho, and Mississippi attach to these responses as Exhibit "A" a list of contact information for their respective state agencies, which are in a superior position to provide Google with the information it seeks. The Plaintiff States of Texas, Idaho, and Mississippi do not possess knowledge as to whether these entities use display advertising or ad tech products, and such information is not within their possession, custody, or control.

- The Plaintiff State of Missouri, by and through its Attorney General's Office identifies the following link containing a full list of Missouri State Agencies, Departments, Boards, and Commissions:

  (https://www.mo.gov/search-results?mode=state_agencies).

  Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Missouri Office of the Attorney General. The foregoing link includes contact information for each Missouri Agency, Department, Board, and Commission. Each such Agency, Department, Board, and Commission would be in a superior position to provide Google with the information it seeks.

- The Nevada AGO has not purchased display advertising or used ad tech products during the Relevant Period, and does not have possession, custody or control of documents or information for other state agencies. However, as stated in the Response to Interrogatory No. 1, public officers for Additional Nevada Agencies are willing to voluntarily produce relevant documents or information without the formal issuance by Google of a FRCP 45 subpoena. The documents these Additional Nevada Agencies are willing to voluntarily produce would include information that is responsive to the requests in Interrogatory No. 15, and the Nevada AGO is willing to facilitate the voluntary production from these Additional Nevada Agencies within a reasonable period of time.

- The Offices of the Attorneys General for the Plaintiff States of Texas, Idaho, Florida, Mississippi, Missouri, Montana, Puerto Rico, South Carolina, South Dakota, and Utah have not purchased display advertising or used ad tech products during the Relevant Period. Additionally, the Utah Division of Consumer Protection has not purchased display advertising or used ad tech products during the Relevant Period.

**INTERROGATORY NO. 16:** Separately for each agency, department, entity, or division of

Your state (including the office of the Attorney General) that has used Ad Tech Products or

Display Advertising, identify each account associated with each Ad Tech Product used and provide:

a. the dates during which each account was in use;

b. all entities associated with each account;

c. all account IDs, including Google Customer IDs (CIDs), associated with each account;

d. the individuals and entities, including external advertising agencies, who had responsibility for and access to each account and the contact information for each; and

e. the settings for each account over time, including bidding methodologies for Display Advertisements (e.g., manual or automated bidding), bidding strategy, attribution and User tracking, any changes made from the default settings including enabling or disabling certain Features, any limits or thresholds set for Bid amounts, the associated time period in which these changes were made, and reasons for doing so.

**Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this interrogatory because it seeks information that is not within the possession, custody, or control of their respective Offices of the Attorney General and reiterate their objection to the definition of "You" stated above. The Plaintiff States are willing to meet and confer with Google to identify responsive information, if any, within their possession, custody, or control, that is not more easily obtained from third parties or that can be provided without causing undue burden. Subject to and without waiving the foregoing objections:

- The Arkansas Office of Attorney General operates a single account for Ad Tech Services.

     a) November 1, 2023—Present

     b) Arkansas Office of Attorney General, Public Protection Division

     c) Account Number 862-941-6906; Google Customer ID 0596-6592-3895-7671

   d) Two individuals:
      1. Charles Saunders, Assistant Attorney General, Arkansas Office of Attorney General, 323 Center St., Little Rock, AR 72201
      2. Bryant Stanfield, Logistics Director, Arkansas Office of Attorney General, 323 Center St., Little Rock, AR 72201

   e) Because this is a Google account, Google should be in possession of most of the information sought in this section. All information sought in this section that would not be in the possession of Google is included in the State of Arkansas' response to Interrogatory No. 18.

- The ND Lottery does not have possession, custody, or control over this information. The ND Lottery's Ad Tech product accounts have been handled by a third party, namely Kranzler Kingsley Communications Ltd d/b/a KK Bold ("KK Bold"), 505 East Main Avenue Suite 250, Bismarck, ND, 58501, telephone (701) 255-3067, during the Relevant Time Period.

- The Plaintiff State of Indiana identifies the following links containing a searchable directory identifying staff of Indiana State Agencies, Departments, Boards, and Commissions:

   (https://www.in.gov/apps/iot/find-a-person/phonebook/PhoneBook.pdf)
   (https://www.in.gov/apps/iot/find-a-person/)

   Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Indiana Office of the Attorney General.

   The Plaintiff State of Indiana specifically identifies the Unclaimed Property Division as the only division of the Indiana Office of Attorney General that has used display advertising or ad tech products during the Relevant Period.

   The Indiana Office of Attorney General does not directly purchase individual Ad Tech Products and does not have any information on any individual Ad Tech "account." Any Display Advertising purchased for any UPD advertising campaign was arranged through its outside vendor.

- The Plaintiff Commonwealth of Kentucky identifies the following link containing an organizational chart of the executive branch of government in the Commonwealth: OC-Statewide.pdf (ky.gov). The Kentucky Office of the Attorney General does not have any independent knowledge of whether any other state agency, entity, division, or department of the Commonwealth, including any contained on the organizational chart available at the link provided, has used Display Advertising or Ad Tech Products, but the Office remains willing to meet and confer with Google to facilitate discovery with state agencies.

24

The Kentucky Office of the Attorney General states that it does not have information on subparts (a) through (e) of Interrogatory No 16. The Office's "accounts" associated with each Ad Tech Product have been handled by a third party—Red7e—located at 637 W Main Street Louisville, Kentucky 40202.

- The Plaintiff State of Louisiana, by and through its Attorney General's Office identifies the following link containing a directory of all Louisiana State Agencies:

  https://www.louisiana.gov/government/agency-directory/#:~:text=Louisiana%27s%20Community%20and%20Technical%20College%20System%20Louisiana%20Division,Administration%20Program%20Louisiana%20Legislature%20Louisiana%20State%20University%20System

  The Louisiana Gaming Division and Public Protection Division have purchased display advertising on limited occasions in the past and the Louisiana AG's office will facilitate production of responsive documents from those entities. Information regarding their use of display advertising or ad tech products is not within the possession, custody, or control of the Louisiana Office of the Attorney General.

- The Plaintiff States of Texas, Idaho, and Mississippi attach to these responses as Exhibit "A" a list of contact information for their respective state agencies, which are in a superior position to provide Google with the information it seeks. The Plaintiff States of Texas, Idaho, and Mississippi do not possess knowledge as to whether these entities use display advertising or ad tech products, and such information is not within their possession, custody, or control.

- The Plaintiff State of Missouri, by and through its Attorney General's Office identifies the following link containing a full list of Missouri State Agencies, Departments, Boards, and Commissions:

  (https://www.mo.gov/search-results?mode=state_agencies).

  Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Missouri Office of the Attorney General. The foregoing link includes contact information for each Missouri Agency, Department, Board, and Commission. Each such Agency, Department, Board, and Commission would be in a superior position to provide Google with the information it seeks.

- The Nevada AGO has not purchased display advertising or used ad tech products during the Relevant Period, and does not have possession, custody or control of documents or information for other state agencies. However, as stated in the Response to Interrogatory No. 1, public officers for Additional Nevada Agencies are willing to voluntarily produce relevant documents or information without the formal issuance by Google of a FRCP 45 subpoena. The documents these Additional Nevada Agencies are willing to voluntarily produce would include

information that is responsive to the requests in Interrogatory No. 16, and the Nevada AGO is willing to facilitate the voluntary production from these Additional Nevada Agencies within a reasonable period of time.

- The Offices of the Attorneys General for the Plaintiff States of Texas, Idaho, Florida, Mississippi, Missouri, Montana, Puerto Rico, South Carolina, South Dakota, and Utah have not purchased display advertising or used ad tech products during the Relevant Period. Additionally, the Utah Division of Consumer Protection has not purchased display advertising or used ad tech products during the Relevant Period.

**INTERROGATORY NO. 17:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, identify the monthly return on investment or return on advertising spend as a result of using each Ad Tech Product, including Google as well as non-Google Products. In Your answer, describe how each agency, department, entity, or division determines return on investment or return on advertising spend.

<u>**Response**</u>: The Plaintiff States object to this interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this interrogatory because it seeks information that is not within the possession, custody, or control of their respective Offices of the Attorney General and reiterate their objection to the definition of "You" stated above. The Plaintiff States are willing to meet and confer with Google to identify responsive information, if any, within their possession, custody, or control, that is not more easily obtained from third parties or that can be provided without causing undue burden. Subject to and without waiving the foregoing objections:

- The State of Arkansas states that this interrogatory is inapplicable to the State of Arkansas, as its use of Ad Tech Products and Display Advertising were not intended to create a return on investment, but solely to operate as a notice to the public.

- The ND Lottery does not track return on investment or return on advertising spend. The ND Lottery has received some analytics relating to its online advertisement from KK Bold, however, not regarding return on investment or return on advertising spend.

26

- The Plaintiff State of Indiana identifies the following links containing a searchable directory identifying staff of Indiana State Agencies, Departments, Boards, and Commissions:

(https://www.in.gov/apps/iot/find-a-person/phonebook/PhoneBook.pdf)
(https://www.in.gov/apps/iot/find-a-person/)

Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Indiana Office of the Attorney General.

The Plaintiff State of Indiana specifically identifies the Unclaimed Property Division as the only division of the Indiana Office of Attorney General that has used display advertising or ad tech products during the Relevant Period.

The Indiana Office of Attorney General does not track return on investment or return on advertising spend by Ad Tech Product used. The Indiana Office of Attorney General has only purchased display advertising in furtherance of UPD's noncommercial mission which includes informing owners of the existence of unclaimed property held by UPD.

- The Plaintiff Commonwealth of Kentucky identifies the following link containing an organizational chart of the executive branch of government in the Commonwealth: OC-Statewide.pdf (ky.gov). The Kentucky Office of the Attorney General does not have any independent knowledge of whether any other state agency, entity, division, or department of the Commonwealth, including any contained on the organizational chart available at the link provided, has used Display Advertising or Ad Tech Products, but the Office remains willing to meet and confer with Google to facilitate discovery with state agencies.

The Kentucky Office of the Attorney General refers to the information contained in the Red7e documentation the Office is producing in response to Google's First Set of Requests for Production, including the document entitled "Digital/Internet Advertising Recap."

- The Plaintiff State of Louisiana, by and through its Attorney General's Office identifies the following link containing a directory of all Louisiana State Agencies:

https://www.louisiana.gov/government/agency-directory/#:~:text=Louisiana%27s%20Community%20and%20Technical%20College%20System%20Louisiana%20Division,Administration%20Program%20Louisiana%20Legislature%20Louisiana%20State%20University%20System

The Louisiana Gaming Division and Public Protection Division have purchased display advertising on limited occasions in the past, however  The State of Louisiana states that this interrogatory is inapplicable, as its limited use of Ad Tech

Products and Display Advertising were not intended to create a return on investment, but solely to operate as a notice to the public on the limited topics of the campaigns.

- The Plaintiff States of Texas, Idaho, and Mississippi attach to these responses as Exhibit "A" a list of contact information for their respective state agencies, which are in a superior position to provide Google with the information it seeks. The Plaintiff States of Texas, Idaho, and Mississippi do not possess knowledge as to whether these entities use display advertising or ad tech products, and such information is not within their possession, custody, or control.

- The Plaintiff State of Missouri, by and through its Attorney General's Office identifies the following link containing a full list of Missouri State Agencies, Departments, Boards, and Commissions:

    (https://www.mo.gov/search-results?mode=state_agencies).

    Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Missouri Office of the Attorney General. The foregoing link includes contact information for each Missouri Agency, Department, Board, and Commission. Each such Agency, Department, Board, and Commission would be in a superior position to provide Google with the information it seeks.

- The Nevada AGO has not purchased display advertising or used ad tech products during the Relevant Period, and does not have possession, custody or control of documents or information for other state agencies. However, as stated in the Response to Interrogatory No. 1, public officers for Additional Nevada Agencies are willing to voluntarily produce relevant documents or information without the formal issuance by Google of a FRCP 45 subpoena. The documents these Additional Nevada Agencies are willing to voluntarily produce would include information that is responsive to the requests in Interrogatory No. 17, and the Nevada AGO is willing to facilitate the voluntary production from these Additional Nevada Agencies within a reasonable period of time.

- The Offices of the Attorneys General for the Plaintiff States of Texas, Idaho, Florida, Mississippi, Missouri, Montana, Puerto Rico, South Carolina, South Dakota, and Utah have not purchased display advertising or used ad tech products during the Relevant Period. Additionally, the Utah Division of Consumer Protection has not purchased display advertising or used ad tech products during the Relevant Period.

**INTERROGATORY NO. 18:** Separately for each agency, department, entity, or division of

Your state (including the office of the Attorney General) that has used Ad Tech Products or

Display Advertising, identify all factors that have influenced Display Advertising strategy, selection of Ad Tech Providers, and selection of Ad Tech Products.

> **Response:** The Plaintiff States object to this interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this interrogatory because it seeks information that is not within the possession, custody, or control of their respective Offices of the Attorney General and reiterate their objection to the definition of the word "You" stated above. The Plaintiff States are willing to meet and confer with Google to identify responsive information, if any, within their possession, custody, or control, that is not more easily obtained from third parties or that can be provided without causing undue burden. Subject to and without waiving the foregoing objections:
>
> - The State of Arkansas states that the factor that influenced its display advertising strategy were the State of Arkansas' goal to notify persons located in Arkansas of laws governing tobacco purchases within the State of Arkansas and to deter the sale of contraband tobacco products. The selection of Google AdWords was made because Google is the most used search engine and the most used online advertising platform for searches.
>
>   The ND Lottery has relied on input and decisions from its advertising agency for any decisions relating to Display Advertising strategy and selection of Ad Tech Providers and Products. The ND Lottery provided a budget to its advertising agency and relied on the advertising agency to make recommendations on how and where to advertise based on the budget and the nature and goal of the advertising campaign.
> - The Plaintiff State of Indiana identifies the following links containing a searchable directory identifying staff of Indiana State Agencies, Departments, Boards, and Commissions:
>
>   (https://www.in.gov/apps/iot/find-a-person/phonebook/PhoneBook.pdf)
>   (https://www.in.gov/apps/iot/find-a-person/)
>
>   Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Indiana Office of the Attorney General.
>
>   The Plaintiff State of Indiana specifically identifies the Unclaimed Property Division as the only division of the Indiana Office of Attorney General that has used display advertising or ad tech products during the Relevant Period.

The Indiana Office of Attorney General UPD has relied on input and decisions from its outside vendor for decisions relating to Display Advertising strategy and selection of individual Ad Tech Providers and Ad Tech Products. The Indiana Office of Attorney General has provided campaign budgets to its vendor and relied on the vendor to make recommendations on how and where to advertise based on the budget and the nature and goal of the advertising campaign.'

- The Plaintiff Commonwealth of Kentucky identifies the following link containing an organizational chart of the executive branch of government in the Commonwealth: OC-Statewide.pdf (ky.gov). The Kentucky Office of the Attorney General does not have any independent knowledge of whether any other state agency, entity, division, or department of the Commonwealth, including any contained on the organizational chart available at the link provided, has used Display Advertising or Ad Tech Products, but the Office remains willing to meet and confer with Google to facilitate discovery with state agencies.

  The Kentucky Office of the Attorney General states that it relies on input from Red7e regarding advertising, marketing, and digital media services, including its input on selecting any Ad Tech Providers and Ad Tech Products. In addition, the Office states that what Ad Tech Providers or Ad Tech Products are used is also a function of the details of each ad campaign. Please see the Red7e documentation the Commonwealth is producing in response to Google's First Set of Requests for Production for additional information on the details of each ad campaign.

- The Louisiana Gaming Division and Public Protection Division have purchased display advertising on limited occasions in the past for specific campaigns directed at messaging regarding fair housing and gambling. The  purchase of said limited display advertising was made with non-state funds and through an outside advertising agency that would have selected the strategy, products and providers. The Louisiana AG's office will facilitate production of responsive documents from those entities. In addition, the Plaintiff State of Louisiana, by and through its Attorney General's Office identifies the following link containing a directory of all Louisiana State Agencies:

  https://www.louisiana.gov/government/agency-directory/#:~:text=Louisiana%27s%20Community%20and%20Technical%20Coll
  ege%20System%20Louisiana%20Division,Administration%20Program%20Louis
  iana%20Legislature%20Louisiana%20State%20University%20System

  Information regarding their use of display advertising or ad tech products is not within the possession, custody, or control of the Louisiana Office of the Attorney General.

- The Plaintiff States of Texas, Idaho, and Mississippi attach to these responses as Exhibit "A" a list of contact information for their respective state agencies, which

are in a superior position to provide Google with the information it seeks. The Plaintiff States of Texas, Idaho, and Mississippi do not possess knowledge as to whether these entities use display advertising or ad tech products, and such information is not within their possession, custody, or control.

- The Plaintiff State of Missouri, by and through its Attorney General's Office identifies the following link containing a full list of Missouri State Agencies, Departments, Boards, and Commissions:

  (https://www.mo.gov/search-results?mode=state_agencies).

  Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Missouri Office of the Attorney General. The foregoing link includes contact information for each Missouri Agency, Department, Board, and Commission. Each such Agency, Department, Board, and Commission would be in a superior position to provide Google with the information it seeks.

- The Nevada AGO has not purchased display advertising or used ad tech products during the Relevant Period, and does not have possession, custody or control of documents or information for other state agencies. However, as stated in the Response to Interrogatory No. 1, public officers for Additional Nevada Agencies are willing to voluntarily produce relevant documents or information without the formal issuance by Google of a FRCP 45 subpoena. The documents these Additional Nevada Agencies are willing to voluntarily produce would include information that is responsive to the requests in Interrogatory No. 18, and the Nevada AGO is willing to facilitate the voluntary production from these Additional Nevada Agencies within a reasonable period of time.

- The Offices of the Attorneys General for the Plaintiff States of Texas, Idaho, Florida, Mississippi, Missouri, Montana, Puerto Rico, South Carolina, South Dakota, and Utah have not purchased display advertising or used ad tech products during the Relevant Period. Additionally, the Utah Division of Consumer Protection has not purchased display advertising or used ad tech products during the Relevant Period.

**INTERROGATORY NO. 19:** Separately for each agency, department, entity, or division of

Your state (including the office of the Attorney General) that has used Ad Tech Products or

Display Advertising, describe the impact of Header Bidding on Digital Advertising strategy or

the cost effectiveness of Digital Advertising.

**Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this interrogatory because it seeks information that is not within the possession, custody, or control of their respective Offices of the Attorney General and reiterate their objection to the definition of "You" stated above. The Plaintiff States are willing to meet and confer with Google to identify responsive information, if any, within their possession, custody, or control, that is not more easily obtained from third parties or that can be provided without causing undue burden. Subject to and without waiving the foregoing objections:

- The State of Arkansas states that the only effect that Header Bidding on Digital advertising has had on the State of Arkansas Office of Attorney General's digital advertising strategy was that the account operator placed a bid limit of $500 on the account. Automatic bidding is enabled on the account.

  The North Dakota Lottery does not have any information regarding Header Bidding, its impact on the Digital Advertising strategy or the cost effectiveness of the ND Lottery's Digital Advertising.

- The Plaintiff State of Indiana identifies the following links containing a searchable directory identifying staff of Indiana State Agencies, Departments, Boards, and Commissions:

  (https://www.in.gov/apps/iot/find-a-person/phonebook/PhoneBook.pdf)
  (https://www.in.gov/apps/iot/find-a-person/)

  Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Indiana Office of the Attorney General.

  The Plaintiff State of Indiana specifically identifies the Unclaimed Property Division as the only division of the Indiana Office of Attorney General that has used display advertising or ad tech products during the Relevant Period.

  The Indiana Office of Attorney General does not have any information regarding Header Bidding, its impact on its Digital Advertising strategy or the cost effectiveness of UPD's Digital Advertising.

- The Plaintiff Commonwealth of Kentucky identifies the following link containing an organizational chart of the executive branch of government in the Commonwealth: OC-Statewide.pdf (ky.gov). The Kentucky Office of the Attorney General does not have any independent knowledge of whether any other state agency, entity, division, or department of the Commonwealth, including any contained on the organizational chart available at the link provided, has used

32

Display Advertising or Ad Tech Products, but the Office remains willing to meet and confer with Google to facilitate discovery with state agencies.

The Kentucky Office of the Attorney General states that it does not have any information regarding the impact of Header Bidding on Digital Advertising strategy or the cost effectiveness of Digital Advertising.

- The Louisiana Gaming Division and Public Protection Division have purchased display advertising on limited occasions in the past for specific campaigns directed at messaging regarding fair housing and gambling. The  purchase of said limited display advertising was made with non-state funds and through an outside advertising agency that would have selected the strategy including that regarding Header Bidding and its impact on the Digital Advertising strategy,  products and providers.  The Louisiana AG's office will facilitate production of responsive documents from those entities. In addition, the Plaintiff State of Louisiana, by and through its Attorney General's Office identifies the following link containing a directory of all Louisiana State Agencies:

  https://www.louisiana.gov/government/agency-directory/#:~:text=Louisiana%27s%20Community%20and%20Technical%20College%20System%20Louisiana%20Division,Administration%20Program%20Louisiana%20Legislature%20Louisiana%20State%20University%20System

- The Plaintiff States of Texas, Idaho, and Mississippi attach to these responses as Exhibit "A" a list of contact information for their respective state agencies, which are in a superior position to provide Google with the information it seeks. The Plaintiff States of Texas, Idaho, and Mississippi do not possess knowledge as to whether these entities use display advertising or ad tech products, and such information is not within their possession, custody, or control.

- The Plaintiff State of Missouri, by and through its Attorney General's Office identifies the following link containing a full list of Missouri State Agencies, Departments, Boards, and Commissions:

  (https://www.mo.gov/search-results?mode=state_agencies).

  Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Missouri Office of the Attorney General. The foregoing link includes contact information for each Missouri Agency, Department, Board, and Commission. Each such Agency, Department, Board, and Commission would be in a superior position to provide Google with the information it seeks.

- The Nevada AGO has not purchased display advertising or used ad tech products during the Relevant Period, and does not have possession, custody or control of

33

documents or information for other state agencies. However, as stated in the Response to Interrogatory No. 1, public officers for Additional Nevada Agencies are willing to voluntarily produce relevant documents or information without the formal issuance by Google of a FRCP 45 subpoena. The documents these Additional Nevada Agencies are willing to voluntarily produce would include information that is responsive to the requests in Interrogatory No. 19, and the Nevada AGO is willing to facilitate the voluntary production from these Additional Nevada Agencies within a reasonable period of time.

- The Offices of the Attorneys General for the Plaintiff States of Texas, Idaho, Florida, Mississippi, Missouri, Montana, Puerto Rico, South Carolina, South Dakota, and Utah have not purchased display advertising or used ad tech products during the Relevant Period. Additionally, the Utah Division of Consumer Protection has not purchased display advertising or used ad tech products during the Relevant Period.

**INTERROGATORY NO. 20:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, describe the Properties on which Display Advertisements have been placed, including any restrictions on the placement of Display Advertisements and any applicable criteria, settings, or parameters, or any instructions given to Agencies or Ad Tech Providers regarding the placement of Display Advertisements.

**Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this interrogatory because it seeks information that is not within the possession, custody, or control of their respective Offices of the Attorney General and reiterate their objection to the definition of "You" stated above. The Plaintiff States are willing to meet and confer with Google to identify responsive information, if any, within their possession, custody, or control, that is not more easily obtained from third parties or that can be provided without causing undue burden. Subject to and without waiving the foregoing objections:

- The State of Arkansas states that the account has restricted advertisements to searches geolocated within the State of Arkansas. The AdWords account has parameters of associated search keywords. The Search Keyword report is attached to this supplemental response. Because this is a Google account, Google should be in possession of the information sought in this interrogatory.

- The ND Lottery only advertises in locations where the targeted audience is 18+ years old and North Dakota residents. In certain instances, North Dakota Lottery may seek to focus its advertising on bigger cities in the state. The ND Lottery seeks to advertise on sites where its audience is likely to have a history in gaming. The specific Properties where Display Advertisements have been placed is not information within the possession, custody, or control of ND Lottery.

- The Plaintiff State of Indiana identifies the following links containing a searchable directory identifying staff of Indiana State Agencies, Departments, Boards, and Commissions:

  (https://www.in.gov/apps/iot/find-a-person/phonebook/PhoneBook.pdf)
  (https://www.in.gov/apps/iot/find-a-person/)

  Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Indiana Office of the Attorney General.

  The Plaintiff State of Indiana specifically identifies the Unclaimed Property Division as the only division of the Indiana Office of Attorney General that has used display advertising or ad tech products during the Relevant Period.

  The Indiana Office of Attorney General UPD has provided some general targeting criteria to its vendor The Prosper Group for some campaigns for Display Advertising as defined. Specifically, it has directed internal information on potential owners to its vendor in connection with social advertising campaigns. Additionally, UPD it has provided geographic targeting goals to its vendor in connection with specific video campaigns. However, the communication of any specific targeting criteria to Ad Tech Providers is managed through its vendor. The specific Properties where Display Advertisements have been placed is not information within the possession, custody, or control of the Indiana Office of Attorney General.

- The Plaintiff Commonwealth of Kentucky identifies the following link containing an organizational chart of the executive branch of government in the Commonwealth: OC-Statewide.pdf (ky.gov). The Kentucky Office of the Attorney General does not have any independent knowledge of whether any other state agency, entity, division, or department of the Commonwealth, including any contained on the organizational chart available at the link provided, has used Display Advertising or Ad Tech Products, but the Office remains willing to meet and confer with Google to facilitate discovery with state agencies.

  The Kentucky Office of the Attorney Genetal refers to the Red7e documentation the Office is producing in response to Google's First Set of Requests for Production, including the document entitled "Digital/Internet Advertising Recap."

As for any restrictions on the placement of Display Advertisements and any applicable criteria, settings, or parameters, or any instructions given regarding the placement of Display Advertisements, the Office does not have information other than what appears in the Red7e documentation the Commonwealth is producing in response to Google's First Set of Requests for Production. Please see those documents for details.

- The Plaintiff State of Louisiana, by and through its Attorney General's Office identifies the following link containing a directory of all Louisiana State Agencies:

  https://www.louisiana.gov/government/agency-directory/#:~:text=Louisiana%27s%20Community%20and%20Technical%20College%20System%20Louisiana%20Division,Administration%20Program%20Louisiana%20Legislature%20Louisiana%20State%20University%20System

  The Louisiana Gaming Division and Public Protection Division have purchased display advertising on limited occasions in the past and the Louisiana AG's office will facilitate production of responsive documents from those entities. Information regarding their use of display advertising or ad tech products is not within the possession, custody, or control of the Louisiana Office of the Attorney General.

- The Plaintiff States of Texas, Idaho, and Mississippi attach to these responses as <u>Exhibit "A"</u> a list of contact information for their respective state agencies, which are in a superior position to provide Google with the information it seeks. The Plaintiff States of Texas, Idaho, and Mississippi do not possess knowledge as to whether these entities use display advertising or ad tech products, and such information is not within their possession, custody, or control.

- The Plaintiff State of Missouri, by and through its Attorney General's Office identifies the following link containing a full list of Missouri State Agencies, Departments, Boards, and Commissions:

  (https://www.mo.gov/search-results?mode=state_agencies).

  Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Missouri Office of the Attorney General. The foregoing link includes contact information for each Missouri Agency, Department, Board, and Commission. Each such Agency, Department, Board, and Commission would be in a superior position to provide Google with the information it seeks.

- The Nevada AGO has not purchased display advertising or used ad tech products during the Relevant Period, and does not have possession, custody or control of documents or information for other state agencies. However, as stated in the Response to Interrogatory No. 1, public officers for Additional Nevada Agencies are willing to voluntarily produce relevant documents or information without the

36

formal issuance by Google of a FRCP 45 subpoena. The documents these Additional Nevada Agencies are willing to voluntarily produce would include information that is responsive to the requests in Interrogatory No. 20, and the Nevada AGO is willing to facilitate the voluntary production from these Additional Nevada Agencies within a reasonable period of time.

- The Offices of the Attorneys General for the Plaintiff States of Texas, Idaho, Florida, Mississippi, Missouri, Montana, Puerto Rico, South Carolina, South Dakota, and Utah have not purchased display advertising or used ad tech products during the Relevant Period. Additionally, the Utah Division of Consumer Protection has not purchased display advertising or used ad tech products during the Relevant Period.

**INTERROGATORY NO. 21:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, identify by date and description any studies or analyses concerning return on investment for Display Advertising, including analyses comparing the performance, value, or effectiveness of Google Ad Tech Products to other Ad Tech Products.

**Response:** The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. Futher, the Plaintiff States object to this interrogatory because it seeks information that is not within the possession, custody, or control of their respective Offices of the Attorney General and reiterate their objection to the definition of "You" stated above. The Plaintiff States are willing to meet and confer with Google to identify responsive information, if any, within their possession, custody, or control, that is not more easily obtained from third parties or that can be provided without causing undue burden. Subject to and without waiving the foregoing objections:

- The State of Arkansas states that this interrogatory is inapplicable to the State of Arkansas, as its use of Ad Tech Products and Display Advertising were not intended to create a return on investment, but solely to operate as a notice to the public.

- The ND Lottery does not track return on investment for Display Advertising and does not have any studies or analysis concerning return on investment or the

performance or effectiveness of Ad Tech Products. The ND Lottery has received some analytics relating to its online advertisement from KK Bold, however, not relating to return on investment for Display Advertising.

- The Plaintiff State of Indiana identifies the following links containing a searchable directory identifying staff of Indiana State Agencies, Departments, Boards, and Commissions:

  (https://www.in.gov/apps/iot/find-a-person/phonebook/PhoneBook.pdf)
  (https://www.in.gov/apps/iot/find-a-person/)

  Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Indiana Office of the Attorney General.

  The Plaintiff State of Indiana specifically identifies the Unclaimed Property Division as the only division of the Indiana Office of Attorney General that has used display advertising or ad tech products during the Relevant Period.

  The Indiana Office of Attorney General does not track return on investment for Display Advertising. The Indiana Office of Attorney General has only purchased Display Advertising in connection with UPD's noncommercial mission which includes informing owners of the existence of unclaimed property held by UPD. The Indiana Office of Attorney General is producing documents reflecting ad performance prepared by its vendor The Prosper Group.

- The Plaintiff Commonwealth of Kentucky identifies the following link containing an organizational chart of the executive branch of government in the Commonwealth: OC-Statewide.pdf (ky.gov). The Kentucky Office of the Attorney General does not have any independent knowledge of whether any other state agency, entity, division, or department of the Commonwealth, including any contained on the organizational chart available at the link provided, has used Display Advertising or Ad Tech Products, but the Office remains willing to meet and confer with Google to facilitate discovery with state agencies.

  The Kentucky Office of the Attorney General refers to the Red7e documentation the Commonwealth is producing in response to Google's First Set of Requests for Production, including the document entitled "Digital/Internet Advertising Recap."

- The Plaintiff State of Louisiana, by and through its Attorney General's Office identifies the following link containing a directory of all Louisiana State Agencies:

  https://www.louisiana.gov/government/agency-
  directory/#:~:text=Louisiana%27s%20Community%20and%20Technical%20Coll
  ege%20System%20Louisiana%20Division,Administration%20Program%20Louis
  iana%20Legislature%20Louisiana%20State%20University%20System

The Louisiana Gaming Division and Public Protection Division have purchased display advertising on limited occasions in the past, however  The State of Louisiana states that this interrogatory is inapplicable, as its limited use of Ad Tech Products and Display Advertising were not intended to create a return on investment, but solely to operate as a notice to the public on the limited topics of the campaigns.

- The Plaintiff States of Texas, Idaho, and Mississippi attach to these responses as Exhibit "A" a list of contact information for their respective state agencies, which are in a superior position to provide Google with the information it seeks. The Plaintiff States of Texas, Idaho, and Mississippi do not possess knowledge as to whether these entities use display advertising or ad tech products, and such information is not within their possession, custody, or control.

- The Plaintiff State of Missouri, by and through its Attorney General's Office identifies the following link containing a full list of Missouri State Agencies, Departments, Boards, and Commissions:

  (https://www.mo.gov/search-results?mode=state_agencies).

  Information regarding their use of display advertising or display ad products is not within the possession, custody or control of the Missouri Office of the Attorney General. The foregoing link includes contact information for each Missouri Agency, Department, Board, and Commission. Each such Agency, Department, Board, and Commission would be in a superior position to provide Google with the information it seeks.

- The Nevada AGO has not purchased display advertising or used ad tech products during the Relevant Period, and does not have possession, custody or control of documents or information for other state agencies. However, as stated in the Response to Interrogatory No. 1, public officers for Additional Nevada Agencies are willing to voluntarily produce relevant documents or information without the formal issuance by Google of a FRCP 45 subpoena. The documents these Additional Nevada Agencies are willing to voluntarily produce would include information that is responsive to the requests in Interrogatory No. 21, and the Nevada AGO is willing to facilitate the voluntary production from these Additional Nevada Agencies within a reasonable period of time.

- The Offices of the Attorneys General for the Plaintiff States of Texas, Idaho, Florida, Mississippi, Missouri, Montana, Puerto Rico, South Carolina, South Dakota, and Utah have not purchased display advertising or used ad tech products during the Relevant Period. Additionally, the Utah Division of Consumer Protection has not purchased display advertising or used ad tech products during the Relevant Period.

**INTERROGATORY NO. 22:** Identify all facts and documents supporting Your allegations concerning the alleged 2020 Facebook boycott described in Paragraph 175 of the Third Amended Complaint.

> **Response:** The Plaintiff States objects to this interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case. Plaintiff States also object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google, and to the extent it seeks to compel Plaintiffs to marshal all of their evidence in advance of trial. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. Plaintiff States also object on the basis that this is a contention interrogatory that need not be answered until the conclusion of fact discovery. Subject to and without waiving the foregoing objections, the Plaintiff States respond:
>
> - These allegations were based on publicly available information. The Plaintiff States will supplement their response to this interrogatory at a later date if they obtain additional information that is not readily available in the public domain.

**INTERROGATORY NO. 23:** For the following alleged conduct, describe the facts and identify the documents that support Your assertion that each is a continuing violation such that the statute of limitations is tolled and/or equitable tolling applies:

a. tying DFP to AdX, as described in Paragraphs 245-52 of the Third Amended Complaint;

b. Encryption of User IDs, as described in Paragraphs 254-66 of the Third Amended Complaint;

c. Dynamic Allocation, as described in Paragraphs 267-81 of the Third Amended Complaint;

d. Enhanced Dynamic Allocation, as described in Paragraphs 282-96 of the Third Amended Complaint;

e. Bernanke, as described in Paragraphs 297-317 of the Third Amended Complaint;

f. Dynamic Revenue Share, as described in Paragraphs 318-30 of the Third Amended Complaint;

g. Reserve Price Optimization, as described in Paragraphs 331-51 of the Third Amended Complaint;

h. implementing a cap on active Line Items in DFP as described in Paragraphs 389-94 of the Third Amended Complaint; and

i. Accelerated Mobile Pages, as described in Paragraphs 406-12 of the Third Amended Complaint.

**Response:** The Plaintiff States object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google, and to the extent it seeks to compel Plaintiff States to marshal all of their evidence in advance of trial. The Plaintiff States object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. Plaintiff States also object on the basis that this is a contention interrogatory that need not be answered until the conclusion of fact discovery. Subject to and without waiving the foregoing objections, the Plaintiff States responds:

- The Plaintiff States have sufficiently described the conduct at issue in their Fourth Amended Complaint and identify the following documents as supporting the allegations in the paragraphs identified:

    a. <u>Tying DFP to AdX</u>: GOOG-TEX-00145163,  GOOG-NE-08112779, GOOG-TEX-00089237,  GOOG-NE-05243813, GOOG-NE-06732710, GOOG-NE-03467508, GOOG-NE-04440670;

    b. <u>Encryption of User IDs</u>: GOOG-NE-09026329, GOOG-TEX-00873254;

    c. <u>Dynamic Allocation</u>: GOOG-TEX-00775968, GOOG-NE-05241137, GOOG-TEX-00036284,  GOOG-NE-04384116,  FBTEX_00277367, FBTEX_00048775,  GOOG-NE-01728417,  GOOG-TEX-00473222, GOOG-NE-01431592;

    d. <u>Enhanced Dynamic Allocation</u>:  GOOG-TEX-00001229,  GOOG-NE-09776369, GOOG-NE-03900351, GOOG-NE-09026329;

    e. <u>Bernanke</u>:   GOOG-NE-05279363,   GOOG-NE-06841582,   GOOG-NE-10929493;  GOOG-NE-10569088,  GOOG-NE-03898431,  GOOG-NE-13083558,  GOOG-TEX-00828547,   GOOG-NE-13468541,  GOOG-NE-03227701,   GOOG-NE-06592460,   GOOG-NE-03898431,   GOOG-NE-03892302,  GOOG-NE-06592460,  GOOG-TEX-01154251,  GOOG-NE-11753797,   GOOG-NE-11926612,  GOOG-NE-13468541,  GOOG-NE-06839089, GOOG-NE-13624783;

    f. <u>Dynamic Revenue Share</u>: GOOG-NE-04934281, GOOG-NE-09485542, GOOG-NE-04294619, GOOG-NE-06842715, GOOG-NE-04934281, GOOG-TEX-00777528, GOOG-NE-09485306;

    g. <u>Reserve Price Optimization</u>: GOOG-NE-04933892, GOOG-NE-13204729, GOOG-TEX-00326649, GOOG-NE-13201773, GOOG-NE-04933892, GOOG-TEX-01149719, GOOG-NE-13231832, GOOG-NE-10951885, GOOG-TEX-00780272, GOOG-NE-13389693, GOOG-NE-13204729, GOOG-NE-10985210, GOOG-NE-06591119, GOOG-NE-10544618, GOOG-NE-09485306, GOOG-NE-13415537, GOOG-TEX-00374779, GOOG-NE-11794129, GOOG-TEX-0071969, GOOG-NE-13340735, GOOG-TEX-00797340, GOOG-NE-06842715, GOOG-TEX-00106310;

    h. <u>Line Item Caps</u>: GOOG-TEX-00090969, GOOG-TEX-00090961;

    i. <u>Accelerated Mobile Pages</u>: GOOG-NE-09724514, GOOG-TEX-00004021, GOOG-TEX-00326424, GOOG-TEX-00831373, GOOG-TEX-00134732, GOOG-NE-11201630, GOOG-TEX-00123034, GOOG-NE-12720941, GOOG-NE-03246461, GOOG-NE-08412355, GOOG-NE-03246461, GOOG-NE-12570719.

**INTERROGATORY NO. 24:** For each of Your state's agencies, entities, divisions, or departments identified in response to Interrogatory No. 1, state whether You have possession, custody, and/or control over documents concerning the use of Display Advertising or Ad Tech products by that agency, entity, division, or department. If so, include in Your answer the locations, custodians, and general description of such documents. If not, identify all person(s) with possession, custody, and/or control of such documents.

    <u>**Response:**</u> The Plaintiff States object to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits. The Plaintiff States also object to this interrogatory to the extent is seeks to compel a legal conclusion. Subject to and without waiving the foregoing objections, the Plaintiff State respond:

- Plaintiff States' respective Offices of the Attorney General do not have possession, custody, or control over documents or personnel from any state agency, entity, division, or department identified in Interrogatory No. 1 with the exception of North Dakota Lottery, which is a division of the North Dakota Office of Attorney General.

- The State of Arkansas objects that, because this is a Google account, Google should be in possession of documents associated with the account. To the extent that there are documents not within the possession of Google, the State of Arkansas Office of Attorney General has possession, custody, and control over documents concerning the use of display advertising or ad tech products only relating to the aforementioned Google AdWords account No. 862-941-6906, which is maintained by the Arkansas Office of Attorney General Public Protection Division. Such documents are maintained within the Google AdWords account, are not stored external to that account, and are maintained by Charles Saunders, Assistant Attorney General. Documents relating to payments made to Google in maintaining the Google AdWords account are maintained by the State of Arkansas Office of Attorney General's Fiscal Division.

- The Commonwealth of Kentucky objects to this interrogatory as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. Indeed, Google can issue and has issued subpoenas in this case to agencies of the Commonwealth. The Commonwealth also objects to this interrogatory to the extent it seeks information that is not within the possession, custody, or control of the Kentucky Office of the Attorney General and reiterates its objection to the definition of "You" stated above. The Commonwealth is willing to meet and confer with Google to identify responsive information, if any, within its possession, custody, or control, that is not more easily obtained from third parties or that can be provided without causing undue burden.

  Subject to and without waiving the foregoing objections, the Kentucky Office of the Attorney General states that the persons with possession, custody, and/or control of such documents are those agencies, entities, divisions, or departments. For a list of all executive branch agencies, entities, divisions, or departments of the Commonwealth, please see the organization chart at this link: OC-Statewide.pdf (ky.gov). The Office remains willing to meet and confer with Google to facilitate discovery with state agencies.

**INTERROGATORY NO. 25:** State whether You have possession, custody, and/or control over documents concerning the use of Display Advertising or Ad Tech Products by each of the following agencies, entities, divisions, and departments of Your state. If so, include in Your answer the locations, custodians, and general descriptions of such documents. If not, identify all persons with possession, custody, and/or control of such documents:

<u>Agencies, Entities, Divisions, & Departments Listed for Each State</u>

TX:  North Texas Tollway Authority; The Texas Department of Information Resources (DIR); Texas Office of the Governor, Economic Development & Tourism; Texas A&M University;  Texas Department of Transportation; The University of Texas.

AR:  Arkansas Department of Parks, Heritage and Tourism; Southern Arkansas University; University of Arkansas.

FL:  Florida Department Of Corrections; Florida Department of Economic Opportunity; Florida Department Of Environmental Protection; Florida Department Of State; Florida Department Of Transportation; Florida Fish & Wildlife Conservation Commission; Florida Institute of Food & Agricultural Sciences; University Of Florida.

ID:  College of Western Idaho; Idaho Transportation Department; University of Idaho.

IN:  Indiana Municipal Power Agency; Indiana University.

KY:  Eastern Kentucky University; Kentucky Community & Technical College System; Kentucky Tourism, Arts, and Heritage Cabinet.

LA:  Louisiana State University; Louisiana Office of Tourism.

MS:  Mississippi State University; Mississippi Development Authority.

MO:  Missouri Division of Tourism; University of Missouri.

MT:  Montana Office of Tourism; The University of Montana.

NV:  College of Southern Nevada; Nevada Department of Motor Vehicles; University of Nevada.

ND:  North Dakota Department of Health; University of North Dakota.

PR:  Departamento de Educación de Puerto Rico; Puerto Rico Tourism Company; Universidad de Puerto Rico.

SC:  South Carolina Department of Parks, Recreation, and Tourism; University of South Carolina

SD:   South Dakota Department of Human Services; South Dakota State University; University of South Dakota.

UT:   Southern Utah University and the Utah Office of Tourism.

> **Response:** The Plaintiff States object to these interrogatories to the extent they seek to compel a legal conclusion. Plaintiff States also object to the extent that these interrogatories are duplicative of Rule 45 subpoenas that have already been sent to the entities listed and thus requesting the same information from the Plaintiff States is unduly burdensome and disproportional to the needs of the case. Subject to and without waiving the foregoing objection, Plaintiff States respond that they do not have possession, custody, or control over any documents or personnel that belong to the institutions listed in these interrogatories for their respective state, and do not know who within those organizations would have possession, custody, or control of this information.
>
> - The Office of the Attorney General of Kentucky remains willing to meet and confer with Google to facilitate discovery with state agencies of the Commonwealth, including those identified in this Interrogatory.

**INTERROGATORY NO. 26:** For each category of monetary relief (including where applicable restitution, disgorgement, civil penalties, civil fines, or damages) that You seek in this Action, provide a computation of the amount of each category of monetary relief sought for each count.

> **Response:** The Plaintiff States objects to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google, and to the extent it seeks to compel Plaintiff States to marshal all of their evidence in advance of trial. The Plaintiff States objects on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. Finally, the Plaintiff States object to this interrogatory as exceeding the number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1).

**INTERROGATORY NO. 27:** Identify all persons with relevant knowledge concerning Your claims in this Action.

> **Response:** The Plaintiff States objects to this interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case as it places an undue burden on the responding party as it is duplicative of information included as part of the Plaintiff States' Rule 26 disclosures or otherwise not relevant to the facts or claims in this litigation. Further, the Plaintiff States objects to this interrogatory to the extent that it seeks

information that is attorney-client or work product privileged. Further, the Plaintiff States object to the extent that they do not have possession, custody, or control over other state agencies' documents or personnel. Finally, Plaintiff States object to this interrogatory as exceeding the number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1). Subject to and without waiving the foregoing objections, Plaintiff States respond:

- *See* Appendix A of Plaintiff States Initial Disclosures which lists each third party contacted during the the investigation by the Plaintiff States. The Plaintiff States did not disclose any documents to the listed parties during those conversations.

**INTERROGATORY NO. 28:** Identify all persons with relevant knowledge concerning the use of Display Advertising or Ad Tech Products by each of Your state's agencies, entities, divisions, or departments, including the office of the Attorney General.

**<u>Response</u>:** The Plaintiff States object to this interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits and the requesting party's ability to obtain the information is similar or superior to that of the responding party. Further, the Plaintiff States object on the basis that they do not have possession, custody, or control over other state agencies' documents or personnel. Finally, the Plaintiff States object to this interrogatory as exceeding the number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1). Subject to and without waiving the foregoing objections:

- Plaintiff State of Arkansas identifies the following persons with relevant knowledge concerning the ue of Display Advertising or Ad Tech Products:

  - Charles Saunders, Assistant Attorney General
  - Sid Rosenbaum, Chief Fiscal Officer
  - Ann Frazier, Deputy Chief Fiscal Officer
  - Bryant Stanfield, Logistics Director

- Plaintiff State of North Dakota identifies the following persons with relevant knowledge concerning the use of Display Advertising or Ad Tech Products:

  - Ryan Koppy, Sales and Marketing Manager – ND Lottery
  - Lance Gaebe, Director – ND Lottery

- Plaintiff State of Indiana identifies the following persons with relevant knowledge concerning the Indiana Office of Attorney General's use of Display Advertising or Ad Tech Products:

  - Jamie Weber, Chief of Staff
  - Amy T. Hendrix, Director of Unclaimed Property Division

- The Commonwealth of Kentucky states that Jim Hoyland with Red7e has knowledge concerning the use of Display Advertising by the Office of the Attorney General. Phone: (502) 585-3403 (Ext. 234). Fax: (502) 582-2043. Email: jimh@red7e.com. The Kentucky Office of the Attorney General is unaware of who within any other state agency, entity, division, or department of the Commonwealth has knowledge of those entities' use, if any, of Display Advertising or Ad Tech Products, but the Office remains willing to meet and confer with Google to facilitate discovery with state agencies.

- The Nevada AGO has not purchased display advertising or used ad tech products during the Relevant Period, and does not have possession, custody or control of documents or information for other state agencies. However, as stated in the Response to Interrogatory No. 1, public officers for Additional Nevada Agencies are willing to voluntarily produce relevant documents or information without the formal issuance by Google of a FRCP 45 subpoena. The Nevada AGO is willing to facilitate the voluntary production from these Additional Nevada Agencies within a reasonable period of time.

- Plaintiff State of Louisiana identifies the following persons with relevant knowledge concerning the Louisiana Attorney General's use of Display Advertising or Ad Tech Products: Christine Rozas, Section Chief, Fair Housing Section; Suzanne Bourgeois, Program Manager for Problem Gambling Resource Services.

- The Offices of the Attorneys General for the Plaintiff States of Texas, Idaho, Florida, Mississippi, Missouri, Montana, Puerto Rico, South Carolina, South Dakota, and Utah have not purchased display advertising or used ad tech products during the Relevant Period. Additionally, the Utah Division of Consumer Protection has not purchased display advertising or used ad tech products during the Relevant Period.

**INTERROGATORY NO. 29:** With respect to each harm or injury for which You seek relief in this Action in Your sovereign capacity, identify each person with knowledge of that harm or injury.

**Response:** The Plaintiff States object to this interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits, the requesting party's ability to obtain the information is similar or superior to that of the responding party, and it is duplicative of information included as part of the State Plaintiffs' Rule 26 disclosures. The Plaintiff States objects to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be

made within the time prescribed by the Court's Scheduling Order. Finally, the Plaintiff States object to this interrogatory as exceeding the number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1).

**INTERROGATORY NO. 30:** With respect to each harm or injury for which You seek relief in this Action as *parens patriae*, identify each person with knowledge of that harm or injury.

> **Response:** The Plaintiff States object to this interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits, the requesting party's ability to obtain the information is similar or superior to that of the responding party, and it is duplicative of information included as part of the State Plaintiffs' Rule 26 disclosures. Plaintiff States also object to this Request to the extent that it implies that the identification of specific persons is a necessary element of a *parens patriae* claim. Further, the Plaintiff States object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google and to the extent it seeks to compel Plaintiff States to marshal all of their evidence in advance of trial or to the extent that it seeks to compel a legal conclusion. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. Finally, the Plaintiff States object to this interrogatory as exceeding the number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1).

**INTERROGATORY NO. 31:** With respect to each harm or injury to the general welfare and the economy of Your state for which You seek relief in this Action, identify each person with knowledge of that harm or injury.

> **Response:** The Plaintiff States object to this interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case as it places an undue burden on the responding party that outweighs its expected benefits, the requesting party's ability to obtain the information is similar or superior to that of the responding party, and it is duplicative of information included as part of the State Plaintiffs' Rule 26 disclosures. Further, the Plaintiff States object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents not timely collected and only recently produced by Google and to the extent it seeks to compel Plaintiff States to marshal all of their evidence in advance of trial or to the extent that it seeks to compel a legal conclusion. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. Finally, the Plaintiff

States object to this interrogatory as exceeding the number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1).

Dated: December 6, 2023

                                        Respectfully submitted,


*/s/ Ashley Keller*                              */s/ Mark Lanier*
Ashley Keller                                    W. Mark Lanier (*lead counsel*)
Admitted Pro Hac Vice                            Texas Bar No. 11934600
ack@kellerpostman.com                            Mark.Lanier@LanierLawFirm.com
Noah Heinz                                       Alex J. Brown
Noah.Heinz@kellerpostman.com                     Alex.Brown@LanierLawFirm.com
150 N. Riverside Plaza, Suite 4100               Zeke DeRose III
Chicago, Illinois 60606                          Zeke.DeRose@LanierLawFirm.com
(312) 741-5220                                   10940 W. Sam Houston Parkway N. Suite 100
Zina Bash                                        Houston, Texas 77064
zina.bash@kellerpostman.com                      Telephone: (713) 659-5200
111 Congress Avenue, Suite 500                   Facsimile: (713) 659-2204
Austin, TX 78701                                 **THE LANIER LAW FIRM, P.C.**
(501) 690-0990
**KELLER POSTMAN LLC**


*Attorneys for Plaintiff States of Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

FOR PLAINTIFF STATE OF TEXAS:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of Texas.


KEN PAXTON
Attorney General


/s/ Trevor E. D. Young
Brent Webster, First Assistant Attorney
General of Texas
Brent.Webster@oag.texas.gov
Grant Dorfman, Deputy First Assistant
Attorney General
Grant.Dorfman@oag.texas.gov
James R. Lloyd, Deputy Attorney General
for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust
Division
Trevor.Young@oag.texas.gov


OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

Attorneys for Plaintiff State of Texas

FOR PLAINTIFF STATE OF ARKANSAS:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of Arkansas.

TIM GRIFFIN
ATTORNEY GENERAL

By: _____
AMANDA J. WENTZ
Ark. Bar No. 2021066
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Attorney for Plaintiff State of Arkansas*

FOR PLAINTIFF STATE OF FLORIDA:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of Florida.

ASHLEY MOODY, Attorney General

*/s/ Lizabeth A. Brady*
LIZABETH A. BRADY, Director, Antitrust Division
FL Bar No. 457991
LEE ISTRAIL, Assistant Attorney General
CHRISTOPHER KNIGHT, Assistant Attorney General
ANDREW BUTLER, Assistant Attorney General

Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Phone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com

Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Phone: 850-414-3300
Email: scott.palmer@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

FOR PLAINTIFF STATE OF IDAHO:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of Idaho.

RAÚL R. LABRADOR
Attorney General

*/s/ John K. Olson*
John K. Olson, Deputy Attorney General

Consumer Protection Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:    (208)    334-2424
john.olson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF INDIANA:

THEODORE E. ROKITA
Attorney General

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of Indiana.

_____
Matthew Michaloski
Deputy Attorney General
Indiana Atty. No. 35313-49
Indiana Government Center South – 5th Fl. 302
W. Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 234-1479
Fax: (317) 232-7979
Email: matthew.michaloski@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

FOR PLAINTIFF COMMONWEALTH OF KENTUCKY:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of Kentucky.


DANIEL CAMERON
Attorney General

*/s/ Philip R. Heleringer*
Christian J. Lewis, Commissioner of the Office of Consumer Protection
christian.lewis@ky.gov
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
philip.heleringer@ky.gov
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
jonathan.farmer@ky.gov
Sarah A. Telle, Assistant Attorney General
sarah.telle@ky.gov
Office of the Attorney General
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Tel: 502-696-5300


*Attorneys for Commonwealth of Kentucky*

FOR PLAINTIFF STATE OF LOUISIANA:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of Louisiana.

HON. JEFF LANDRY
ATTORNEY GENERAL, STATE OF LOUISIANA
Michael Dupree
Christopher J. Alderman
1885 N. 3rd Street
Baton Rouge, LA 70802

*s/ James R. Dugan, II*
James R. Dugan, II (*pro hac vice*)
TerriAnne Benedetto (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
PH:   (504) 648-0180
FX:   (504) 649-0181
EM:   jdugan@dugan-lawfirm.com
        tbenedetto@dugan-lawfirm.com

James Williams
CHEHARDY SHERMAN WILLIAM, LLP
Galleria Boulevard, Suite 1100
Metairie, LA 70001
PH:   (504) 833-5600
FX:   (504) 833-8080
EM:   jmw@chehardy.com

*Attorneys for the State of Louisiana*

FOR PLAINTIFF STATE OF MISSISSIPPI:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of Mississippi.

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:      */s/ Hart Martin*
         Hart Martin
         Consumer Protection Division
         Mississippi Attorney General's Office
         Post Office Box 220
         Jackson, Mississippi 39205
         Telephone: 601-359-4223
         Fax: 601-359-4231
         Hart.martin@ago.ms.gov

         *Attorney for Plaintiff State of Mississippi*

FOR PLAINTIFF STATE OF MISSOURI:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of Missouri.

ANDREW BAILEY
Attorney General

*/s/ Michael Schwalbert*
Michael.Schwalbert@ago.mo.gov
Missouri Attorney General's Office
815 Olive St.
Suite 200
St. Louis, MO 63101
Tel: 314-340-7888

*Attorneys for Plaintiff State of Missouri*

FOR PLAINTIFF STATE OF MONTANA:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of Montana.

AUSTIN KNUDSEN
Montana Attorney General


/s/ Anna Schneider
Anna Schneider
Montana Attorney General's Office
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Fax: (406) 442-1894 Anna.Schneider@mt.gov


/s/ Charles J. Cooper
Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
Brian W. Barnes
bbarnes@cooperkirk.com
Harold S. Reeves
hreeves@cooperkirk.com
COOPER & KIRK PLLC
1523 New Hampshire Avenue, NW
Washington DC 20036
Phone: (202) 220-9620
Fax: (202) 220-9601

*Attorneys for Plaintiff State of Montana*

FOR PLAINTIFF STATE OF NEVADA:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of Nevada.

AARON D. FORD
Attorney General
ERNEST D. FIGUEROA
Consumer Advocate


/s/ Michelle C. Badorine
Michelle C. Badorine, Senior Deputy
Attorney General
MNewman@ag.nv.gov
Lucas J. Tucker (NV Bar No. 10252)
Senior Deputy Attorney General
LTucker@ag.nv.gov
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701 Tel:
(775) 684-1100

*Attorneys for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NORTH DAKOTA:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of North Dakota.

       **STATE OF NORTH DAKOTA**
       Drew H. Wrigley
       Attorney General


By:    */s/ Elin S. Alm*
       Parrell D. Grossman, ND ID 04684
       Elin S. Alm, ND ID 05924
       Assistant Attorneys General
       Consumer Protection & Antitrust Division
       Office of Attorney General of North Dakota
       1720 Burlington Drive, Suite C, Bismarck, ND 58503-7736
       (701) 328-5570
       (701) 328-5568 (fax)
       pgrossman@nd.gov
       ealm@nd.gov

       *Attorneys for Plaintiff State of North Dakota*

FOR PLAINTIFF COMMONWEALTH OF PUERTO RICO:

*/s/ Domingo Emanuelli-Hernández*
Domingo Emanuelli-Hernández
Attorney General
Thaizza Rodríguez Pagán
Assistant Attorney General
PR Bar No. 17177
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192 Tel:
(787) 721-2900, ext. 1201, 1204
trodriguez@justicia.pr.gov

Kyle G. Bates
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111

*Attorneys for Plaintiff Commonwealth of Puerto Rico*

FOR PLAINTIFF STATE OF SOUTH CAROLINA:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of South Carolina.

ALAN WILSON
Attorney General


/s/ Mary Frances Jowers
Mary Frances Jowers
Assistant Deputy Attorney General
Rebecca M. Hartner (S.C. Bar No. 101302) Assistant
Attorney General
W. Jeffrey Young
Chief Deputy Attorney General
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-3996
Email: mfjowers@scag.gov

Charlie Condon
Charlie Condon Law Firm, LLC
880 Johnnie Dodds Blvd, Suite 1
Mount Pleasant, SC 29464 Phone:
843-884-8146
Email: charlie@charliecondon.com

James R. Dugan, II (*pro hac vice*) The
Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130 Phone:
(504) 648-0180
Email: jdugan@dugan-lawfirm.com


*Attorneys for Plaintiff State of South Carolina*

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of South Dakota.

MARTY JACKLEY
Attorney General


/s/ Jonathan Van Patten
Jonathan Van Patten
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel: 605-773-3215
jonathan.vanpatten@state.sd.us

*Attorney for Plaintiff State of South Dakota*

FOR PLAINTIFF STATE OF UTAH:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of Utah.

Sean D. Reyes
Utah Attorney General

_/s/ Marie W.L. Martin_
Marie W.L. Martin
Assistant Attorney General
160 East 300 South, 5th Floor
P.O. Box 140874
Salt Lake City, UT 84114-0872
mwmartin@agutah.gov
Telephone: (801) 538-9600

_Attorneys for Plaintiff State of Utah and as counsel for the Utah Division of Consumer Protection_