# EXHIBIT B

| State | FAC Claims | Statutory Language/Relief Available | Relief Sought | Parens vs. Sovereign |
|---|---|---|---|---|
| Alaska | As provided for under ARTA, Alaska seeks a civil penalty of up to $50,000,000, injunctive relief, disgorgement, and costs and attorney's fees.<br><br>DTPA: Plaintiff State of Alaska is entitled to relief for these violations under AS 45.50.501, .537, and .551, including injunctive relief, civil penalties of between $1,000 and $25,000 for each violation, and costs and attorney's fees. | AK Stat. § 45.50.562: Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce is unlawful.<br><br>AK Stat. § 45.50.501: (a) When the attorney general has reason to believe that a person has used, is using, or is about to use an act or practice declared unlawful in AS 45.50.471, and that proceedings would be in the public interest, the attorney general may bring an action in the name of the state against the person to restrain by injunction the use of the act or practice. The action may be brought in the superior court in the judicial district in which the person resides or is doing business or has the person's principal place of business in the state, or, with the consent of the parties, in any other judicial district in the state.<br>(b) The court may make additional orders or judgments that are necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of an act or practice declared to be unlawful by AS 45.50.471.<br><br>AK Stat. § 45.50.537: (a) In an action brought by a private person under AS 45.50.471--45.50.561, a prevailing plaintiff shall be awarded costs and full reasonable attorney fees at the prevailing reasonable rate.<br>(b) Unless the action is found to be frivolous, in an action brought by a private person under AS 45.50.471--45.50.561, a prevailing defendant shall be awarded attorney fees and costs as provided by court rule. If the action is found to be frivolous, the attorney fees to be awarded to the defendant shall be full reasonable attorney fees at the prevailing reasonable rate.<br>(c) Notwithstanding the other provisions of this section, in an action brought by a private person under AS 45.50.471--45.50.561, if the plaintiff is not the prevailing party and if the court finds that the action was brought by the plaintiff to obtain a competitive business advantage, the court shall award a prevailing defendant costs as provided by court rule, full reasonable attorney fees at the prevailing reasonable rate, and any damages suffered by the prevailing defendant as a result of the plaintiff's allegations.<br>(d) In an action brought by the attorney general under AS 45.50.471--45.50.561, if the attorney general prevails, the state shall be awarded its actual attorney fees and costs, including costs of investigation, to the extent those fees and costs are reasonable.<br><br>AK Stat. § 45.50.551: (a) A person who violates the terms of an injunction or restraining order issued under AS 45.50.501 shall forfeit and pay to the state a civil penalty of not more than $50,000 for each violation. For the purposes of this section, the superior court in a judicial district issuing an injunction retains jurisdiction, and, in these cases, the attorney general acting in the name of the state may petition for recovery of the penalties.<br>(b) In an action brought under AS 45.50.501, if the court finds that a person is using or has used an act or practice declared unlawful by AS 45.50.471, the attorney general, upon petition to the court, may recover, on behalf of the state, a civil penalty of not less than $1,000 and not more than $25,000 for each violation. | Antitrust: Civil penalties, injunctive relief, attorney's fees and costs.<br><br>DTPA: Civil penalties, disgorgement, attorney's fees and costs. | Sovereign |
| Arkansas | Unfair Practices Act, Ark. Code Ann. § 4-75-201 et seq., Monopolies Generally, Ark. Code Ann. § 4-75-301 et seq., and the common law of Arkansas. maximum civil penalties allowed by law, injunctive relief, disgorgement, attorney's fees, costs, investigative expenses, expert witness expenses, and such other relief as this Court deems just and equitable.<br><br>DTPA:Google's actions violate the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 et seq., and Arkansas is entitled to and seeks relief under the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-113 | Unfair Practices Act, Ark. Code Ann. § 4-75-201 et seq., Monopolies Generally, Ark. Code Ann. § 4-75-301 et seq.<br><br>AR Code §4-75-212: (a) In addition to the other remedies provided in this subchapter, whenever the Attorney General has reason to believe that any person is engaging, has engaged, or is about to engage in any act or practice declared unlawful by this subchapter, the Attorney General may bring an action in the name of the state against that person:<br>(1) To obtain a declaratory judgment that the act or practice violates the provisions of this subchapter;<br>(2) To enjoin any act or practice that violates the provisions of this subchapter by issuance of a temporary restraining order or preliminary or permanent injunction, without bond, upon the giving of appropriate notice;<br>(3) To recover on behalf of the state and its agencies actual damages or restitution for loss incurred either directly or indirectly; and<br>(4) To recover civil penalties of up to one thousand dollars ($1,000) per violation of this subchapter, or any injunction, judgment or consent order issued or entered into under the provisions of this subchapter and reasonable expenses, investigative costs, and attorney's fees.<br>(b) The Attorney General may also bring a civil action in the name of the state, as parens patriae on behalf of natural persons residing in this state, to secure monetary relief as provided under this section for injury, directly or indirectly sustained by those persons because of any violation of this subchapter, in accordance with the following provisions:<br>(1)(A) The circuit court shall award the Attorney General as monetary relief actual damages sustained or restitution for loss incurred as a result of the violations of this subchapter, and the cost of suit, including a reasonable attorney's fee.<br>(B) The court shall exclude from the amount of monetary relief awarded in the action any amount which duplicates amounts that have been awarded for the same injury already or which are allocable to persons who have excluded their claims under subdivision (b)(3)(A) of this section.<br>(C) The treble damages recoverable under § 4-75-211(b)(3) are not recoverable under a parens patriae action brought under this section.<br><br>AR Code §4-88-113: (2)(A) Restore to any purchaser who has suffered any ascertainable loss by reason of the use or employment of the prohibited practices any moneys or real or personal property which may have been acquired by means of any practice declared to be unlawful by this chapter, together with other damages sustained.<br>(B) In determining the amount of restitution to be awarded under this section, the court shall consider affidavits from nontestifying purchasers, provided that:<br>(i) The affidavits are offered as evidence of a material fact;<br>(ii) The affidavits are more probative on the point for which they are offered than any other evidence which the Attorney General can procure through reasonable efforts;<br>(iii) The interests of justice will be best served by admission of the affidavits; and<br>(iv) The Attorney General makes the names and addresses of the affiants available to the adverse party sufficiently in advance to provide the adverse party with a fair opportunity to communicate with them; and<br>(3) Assess penalties to be paid to the state, not to exceed ten thousand dollars ($10,000) per violation, against persons found to have violated this chapter.<br>(b) Upon petition of the Attorney General, the court may order the suspension or forfeiture of franchises, corporate charters, or other licenses or permits or authorization to do business in this state. | Antitrust: Injunctive relief, damages/restitution, civil penalties, costs and attorney's fees.<br><br>DTPA: civil penalties, disgorgement, attorney's fees, investigative expenses and other equitable relief | Parens Patriae |
| Florida | a)Injunctive and other equitable relief pursuant to Fla. Stat. § 542.23;<br>b)Civil penalties pursuant to Fla. Stat. § 542.21, which provides that any person other than a natural person is subject to a penalty of up to $1 million and that "[a]ny person who knowingly violates any of the provisions ... or who knowingly aids or advises such violation, is guilty of a violation, punishable by a fine not exceeding $1 million if a corporation"; and<br>c)Costs and attorneys' fees pursuant to Fla. Stat. § 542.23.<br><br>DTPA: a)Damages pursuant to Fla. Stat. § 501.207;<br>b)Disgorgement and restitution pursuant to Fla. Stat. § 501.207;<br>c)Injunctive and other equitable relief pursuant to Fla. Stat. § 501.207;<br>d)Civil penalties pursuant to Fla. Stat. § 501.2075, which provides that anyone who engages in a willful violation "is liable for a civil penalty of not more than $10,000 for each such violation"; and<br>e)Costs and attorneys' fees pursuant to Fla. Stat. § 501.2105. | DTPA Fla. Stat. § 501.207:(1) The enforcing authority may bring:<br>(c) An action on behalf of one or more consumers or governmental entities for the actual damages caused by an act or practice in violation of this part. However, damages are not recoverable under this section against a retailer who has in good faith engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.<br>(6) The enforcing authority may terminate an investigation or an action upon acceptance of a person's written assurance of voluntary compliance with this part. Acceptance of an assurance may be conditioned on a commitment to reimburse consumers or governmental entities, make contributions, pay civil penalties, pay attorney's fees and costs, or take other appropriate corrective action. An assurance is not evidence of a prior violation of this part. However, unless an assurance has been rescinded by agreement of the parties or voided by a court for good cause, subsequent failure to comply with the terms of an assurance is prima facie evidence of a violation of this part. Such assurance is not a limitation upon any action or remedy available to a person aggrieved by a violation of this part.<br><br>Fla. Stat. § 501.207: ""the court may make appropriate orders,. . .to grant legal, equitable, or other appropriate relief.""; ; Fla. Stat. § 501.2075: ""Except as provided in s. 501.2077, any person, firm, corporation, association, or entity, or any agent or employee of the foregoing, who is willfully using, or has willfully used, a method, act, or practice declared unlawful under s. 501.204, or who is willfully violating any of the rules of the department adopted under this part, is liable for a civil penalty of not more than $10,000 for each such violation. Willful violations occur when the person knew or should have known that his or her conduct was unfair or deceptive or prohibited by rule."" ; e) Fla. Stat. § 501.2105: ""In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.""<br><br>ANTITRUST: Fla. Stat. § 542.23: "In addition to other remedies provided by this chapter, any person shall be entitled to sue for and have injunctive or other equitable relief in the circuit courts of this state against threatened loss or damage by a violation of this chapter. In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to the plaintiff."" Fla. Stat. § 542.21: ""(1) Any natural person who violates any of the provisions of s. 542.18 or s. 542.19 shall be subject to a civil penalty of not more than $100,000. Any other person who violates any of the provisions of s. 542.18 or s. 542.19 shall be subject to a civil penalty of not more than $1 million."" | Antitrust: Injunctive relief, civil penalties, costs and attorney's fees and other equitable remedies<br><br>DTPA: Injunctive relief, civil penalties, costs and attponey's fees and other equitable remedies | Sovereign |
| Idaho | Antitrust (Idaho Competition Act):  all equitable relief available under the Idaho Competition Act, Idaho Code §§ 48-108 and 48-112, including, but not limited to, declaratory judgment, injunctive relief, civil penalties, divestiture of assets, disgorgement, expenses, costs, attorneys' fees, and such other and further relief as this Court deems just and equitable.<br><br>Idaho Consumer Protection Act:  Google's unfair or deceptive acts and practices, as alleged herein, constitute separate and multiple violations of Idaho Code §§ 48-603(5), 48-603(7), 48-603(9), and 48-603(17), and IDAPA 04.02.01.030. Google's separate and multiple violations of these provisions subject Google to the remedies outlined in Idaho Code §§ 48-606 and 48-607. | ID Code § 48-108: (1) Whenever the attorney general has reason to believe that a person is engaging, has engaged, or is about to engage in any act or practice declared unlawful by this chapter, the attorney general may bring an action in the name of the state against that person:<br>(a) To obtain a declaratory judgment that the act or practice violates the provisions of this chapter;<br>(b) To enjoin any act or practice that violates the provisions of this chapter by issuance of a temporary restraining order or preliminary or permanent injunction, without bond, upon the giving of appropriate notice;<br>. . . .<br>(d) To recover civil penalties of up to fifty thousand dollars ($50,000) per violation of section 48-104 or 48-105, Idaho Code, or any injunction, judgment or consent order issued or entered into pursuant to this chapter and reasonable expenses, investigative costs and attorney's fees; and<br>(e) To obtain an order requiring divestiture of any assets.<br>. . . .<br>(ii) To restore competition in any line of Idaho commerce which has been eliminated by a violation of section 48-105, Idaho Code.<br>ID Code § 48-112:  When the state prevails in any action brought under section 48-108, Idaho Code, the court shall award reasonable costs and attorney's fees to the attorney general.  In addition, the court may:<br>(1) Make orders or judgments as necessary to prevent the use or employment by a person of any act or practice declared unlawful by this act;<br>. . . . and<br>(4) Grant any other appropriate relief.<br>ID Code § 48-606: (1) Whenever the attorney general has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by this chapter to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the state against such person:<br>(a) To obtain a declaratory judgment that a method, act or practice violates the provisions of this chapter;<br>(b) To enjoin any method, act or practice that violates the provisions of this chapter by issuance of a temporary restraining order or preliminary or permanent injunction, upon the giving of appropriate notice to that person as provided by the Idaho rules of civil procedure;<br>(c) To recover on behalf of consumers actual damages or restitution of money, property or other things received from such consumers in connection with a violation of the provisions of this chapter;<br>. . . .<br>(e) To recover from the alleged violator civil penalties of up to five thousand dollars ($5,000) per violation of the provisions of this chapter; and<br>(f) To recover from the alleged violator reasonable expenses, investigative costs and attorney's fees incurred by the attorney general.<br>ID Code § 48-607: In any action brought by the attorney general, wherein the state prevails, the court shall, in addition to the relief granted pursuant to section 48-606, Idaho Code, award reasonable costs, investigative expenses and attorney's fees to the attorney general. . . .  In addition, the court may:<br>(1) Make such orders or judgments as may be necessary to prevent the use or employment by a person of any method, act or practice declared to be a violation of the provisions of this chapter; | Idaho Competition Act: declaratory judgment, injunctive relief, civil penalties, divestiture of assets, disgorgement, expenses, costs, attorneys' fees, and other appropriate relief<br><br>Idaho Consumer Protection Act:  declaratory judgment, injunctive relief, actual damages or restitution, civil penalties, and other appropriate relief | Sovereign |

| State | Statutes Cited | Statutory Text | Antitrust Remedies | DTPA Remedies | Capacity |
|---|---|---|---|---|---|
| Indiana | 1. all injunctive and other equitable relief available under Ind. Code. § 24-1-2-1 et seq. and common law.<br><br>DTPA: Plaintiff State of Indiana seeks all remedies available under the Indiana Deceptive Consumer Sales Act including, without limitation, the following:<br>a) Civil penalties pursuant to Ind. Code § 24-5-0.5-4(g) for knowing violations of the Indiana Deceptive Consumer Sales Act.<br>b) Disgorgement and restitution pursuant to Ind. Code § 24-5-0.5-4(c)(2);<br>c) Injunctive and other equitable relief pursuant to Ind. Code § 24-5-0.5-4(c)(1);<br>d) Costs pursuant to Ind. Code § 24-5-0.5-4(c)(4); and<br>700. Other remedies as the Court finds necessary to redress and prevent recurrence of Google's violations. | Ind. Code § 24-1-2-5: It shall be the duty of the attorney general… to institute apprropriate proceedings to prevent and restrain violations of the provisions of this chapter or any other statute or the common law relating to the subject matter of this chapter; Common law<br><br>Ind. Code § 24-5-0.5-4: (a) A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of:<br>(1) three (3) times the actual damages of the consumer suffering the loss; or<br>(2) one thousand dollars ($1,000).<br><br>(c) The attorney general may bring an action to enjoin a deceptive act, including a deceptive act described in section 3(b)(20) of this chapter, notwithstanding subsections (a) and (b). However, the attorney general may seek to enjoin patterns of incurable deceptive acts with respect to consumer transactions in real property. In addition, the court may:<br>(1) issue an injunction;<br>(2) order the supplier to make payment of the money unlawfully received from the aggrieved consumers to be held in escrow for distribution to aggrieved consumers;<br>(4) order the supplier to pay to the state the reasonable costs of the attorney general's investigation and prosecution related to the action;<br><br>(g) If a court finds any person has knowingly violated section 3 or 10 of this chapter, other than section 3(b)(19), 3(b)(20), or 3(b)(40) of this chapter, the attorney general, in an action pursuant to subsection (c), may recover from the person on behalf of the state a civil penalty of a fine not exceeding five thousand dollars ($5,000) per violation. | Antitrust: Injunctive relief. | DTPA: Injunctive relief, civil penalties, disgorgement. | Sovereign |
| Kentucky | State antitrust statute: The Commonwealth of Kentucky seeks the following remedies under Kentucky law for violations of Ky. Rev. Stat. § 367.175:<br>a) Disgorgement and restitution pursuant to Ky. Rev. Stat. § 15.020, Ky. Rev. Stat. § 367.110 through Ky. Rev. Stat. § 367.990, and common law;<br>b) Injunctive and other equitable relief pursuant to Ky. Rev. Stat. § 15.020, Ky. Rev. Stat. § 367.110 through Ky. Rev. Stat. § 367.990, and common law;<br>c) Civil penalties pursuant to Ky. Rev. Stat. § 367.990(8);<br>d) Costs and attorneys' fees pursuant to Ky. Rev. Stat. § 367.110 through Ky. Rev. Stat. § 367.990, Ky. Rev. Stat. § 48.005(4), and common law; and<br>e) Other remedies as the court may deem appropriate under the facts and circumstances of the case.<br><br>DTPA: The Commonwealth of Kentucky seeks the following remedies under Kentucky law for violations of Ky. Rev. Stat. § 367.170:<br>a) Disgorgement pursuant to Ky. Rev. Stat. § 15.020, Ky. Rev. Stat. § 367.110 through Ky. Rev. Stat. § 367.990, and common law;<br>b) Injunctive and other equitable relief pursuant to Ky. Rev. Stat. § 15.020, Ky. Rev. Stat. § 367.190, and common law;<br>c) Civil penalties pursuant to Ky. Rev. Stat. § 367.990(2);<br>d) Costs and attorneys' fees pursuant to Ky. Rev. Stat. § 367.110 through Ky. Rev. Stat. § 367.990, Ky. Rev. Stat. § 48.005(4), and common law; and<br>e) Other remedies as the court may deem appropriate under the facts and circumstances of the case. | (2) For the purposes of this section, unfair shall be construed to mean unconscionable.<br>Ky. Rev. Stat. § 367.175: (1) Every contract, combination in the form of trust and otherwise, or conspiracy, in restraint of trade or commerce in this Commonwealth shall be unlawful.<br>(2) It shall be unlawful for any person or persons to monopolize, attempt to monopolize or combine or conspire with any other person or persons to monopolize any part of the trade or commerce in this Commonwealth.<br>(3) In addition to any other penalties, a violation of this section shall also be a Class C felony.<br><br>Ky. Rev. Stat. § 367.190: (1) Whenever the Attorney General has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by KRS 367.170 to be unlawful, and that proceedings would be in the public interest, he may immediately move in the name of the Commonwealth in a Circuit Court for a restraining order or temporary or permanent injunction to prohibit the use of such method, act or practice. The action may be brought in the Circuit Court of the county in which such person resides or has his principal place of business or in the Circuit Court of the county in which the method, act or practice declared by KRS 367.170 to be unlawful has been committed or is about to be committed, or with consent of the parties may be brought in the Franklin Circuit Court.<br>(2) Upon application of the Attorney General, a restraining order shall be granted whenever it reasonably appears that any person will suffer immediate harm, loss or injury from a method, act or practice prohibited by KRS 367.170. If the defendant moves for the dissolution of a restraining order issued under this section, the court shall hold a hearing within five (5) business days of the date of service of the defendant's motion to dissolve, unless a delay in hearing the cause is requested by, or otherwise caused by the defendant. If such a hearing is not held within five (5) business days, the restraining order will automatically be dissolved.<br>(3) In order to obtain a temporary or permanent injunction, it shall not be necessary to allege or prove that an adequate remedy at law does not exist. Further, it shall not be necessary to allege or prove that irreparable injury, loss or damage will result if the injunctive relief is denied.<br><br>Ky. Rev. Stat. § 367.990: (1) Any person who violates the terms of a temporary or permanent injunction issued under KRS 367.190 shall forfeit and pay to the Commonwealth a civil penalty of not more than twenty-five thousand dollars ($25,000) per violation. For the purposes of this section, the Circuit Court issuing an injunction shall retain jurisdiction, and the cause shall be continued, and in such cases the Attorney General acting in the name of the Commonwealth may petition for recovery of civil penalties.<br>(2) In any action brought under KRS 367.190, if the court finds that a person is willfully using or has willfully used a method, act, or practice declared unlawful by KRS 367.170, the Attorney General, upon petition to the court, may recover, on behalf of the Commonwealth, a civil penalty of not more than two thousand dollars ($2,000) per violation, or where the defendant's conduct is directed at or where the person aged sixty (60) or older, a civil penalty of not more than ten thousand dollars ($10,000) per violation, if the trier of fact determines that the defendant knew or should have known that the person aged sixty (60) or older is substantially more vulnerable than other members of the public.<br><br>(8) In addition to the penalties contained in this section, the Attorney General, upon petition to the court, may recover, on behalf of the Commonwealth a civil penalty of not more than the greater of five thousand dollars ($5,000) or two hundred dollars ($200) per day for each and every violation of KRS 367.175.<br>Ky. Rev. Stat. § 15.020: (1) The Attorney General is the chief law officer of the Commonwealth of Kentucky and of all of its departments, commissions, agencies, and political subdivisions, and the legal adviser of all state officers, departments, commissions, and agencies… | Antitrust: injunctive relief, disgorgement, civil penalties, costs and attorney's fees. | DTPA: injunctive relief, disgorgement, civil penalties, costs and attorney's fees | Sovereign |
| Louisiana | La. Rev. Stat. Ann.§ 51:121 et seq., the Plaintiff State of Louisiana seeks to recover civil penalties, the cost of suit, attorneys' fees, and equitable and injunctive relief pursuant to La. Rev. Stat. Ann.§ 51:128<br><br>Pursuant to La. Rev. Stat. Ann. § 51:1409, the State of Louisiana seeks to recover damages in an amount to be determined at trial; treble damages for knowing violations of Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. § 51:1401, et seq; an order enjoining Google's unfair, unlawful, and/or deceptive practices pursuant to La. Rev. Stat. Ann. § 51:1407(A); civil penalties pursuant to La. Rev. Stat. Ann. § 51:1407 and La. Rev. Stat. Ann. § 51;1722; declaratory relief; attorney's fees; and any other just and proper relief available under La. Rev. Stat. Ann. § 51.1409. | La. Rev. Stat. § 51:1407: A. Whenever the attorney general has reason to believe that any person is using, or is about to use any method, act, or practice declared by R.S. 51:1405 to be unlawful, he may bring an action for injunctive relief in the name of the state against such person to restrain and enjoin the use of such method, act, or practice. The action may be brought in the district court having civil jurisdiction in any parish in which such person resides, or is domiciled or has his principal place of business, or in any parish in which such person did business, or, with consent of the parties, may be brought in the district court of the parish where the state capitol is located. In the event these district courts are not operational due to a declared state of emergency, the action shall be brought in an operating judicial court located closest in geographic distance to the Nineteenth Judicial District Court in the parish of East Baton Rouge. In the event that such person was located outside of the state, but was soliciting in the state by mail, telephone, or any electronic communication, the action may be brought in the district court having civil jurisdiction in the parish in which the cause of action was made. It being against the public policy of the state of Louisiana to allow a contractual selection of venue or jurisdiction contrary to the provisions of the Louisiana Code of Civil Procedure, no provision of any contract which purports to waive these provisions of venue, or to waive or select venue or jurisdiction in advance of the filing of any civil action, may be enforced against any plaintiff in an action brought in these courts. These courts are authorized to issue temporary or permanent injunctions to restrain and enjoin violations of this Chapter, and such restraining orders or injunctions shall be issued without bond.<br>B. In addition to the remedies provided herein, the attorney general may request and the court may impose a civil penalty against any person found by the court to have engaged in any method, act, or practice in Louisiana declared to be unlawful under this Chapter. In the event the court finds the method, act, or practice to have been entered into with the intent to defraud, the court has the authority to impose a penalty not to exceed five thousand dollars for each violation.<br>C. In addition to any other civil penalty provided for in this Section, if a person is found by the court to have engaged in any method, act, or practice in Louisiana declared to be unlawful under this Chapter, and the violation was committed against an elder person or a person with a disability, as defined in this Section, the court may impose an additional civil penalty not to exceed five thousand dollars for each violation.<br><br>LA Rev. Stat. § 51:1408: A. The court may issue such additional orders or render judgments against any party, as may be necessary to compensate any aggrieved person for any property, movable or immovable, corporeal or incorporeal, which may have been acquired from such person by means of any method, act, or practice declared unlawful by R.S. 51:1405, whichever may be applicable to that party under R.S. 51:1418. Such orders shall include but not be limited to the following:<br>(1) Revocation, forfeiture, or suspension of any license, charter, franchise, certificate, or other evidence of authority of any person to do business in the state.<br>(2) Appointment of a receiver.<br>(3) Dissolution of domestic corporations or associations.<br>(4) Suspension or termination of the right of foreign corporations or associations to do business in this state.<br>(5) Restitution.<br>B. Unless otherwise expressly provided, the remedies or penalties provided by this Chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state. | Antitrust: damages, injunctive relief, attorney's fees and costs | DTPA: damages, injunctive relief, restitution, civil penalties, attorney's fees and costs | Parens Patriae |
| Mississippi | 1. Pursuant to Miss. Code Ann. § 75-21-1 et seq., Plaintiff State of Mississippi seeks and is entitled to relief, including but not limited to injunctive relief, restitution, disgorgement, civil penalties, costs, attorney fees, and any other just and equitable relief which this Court deems appropriate.<br><br>DTPA: Pursuant to the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, et seq., Plaintiff State of Mississippi seeks and is entitled to relief, including but not limited to injunctive relief, disgorgement, civil penalties, costs, attorney fees, and any other just and equitable relief which this Court deems appropriate. | Miss. Code Ann. § 1:45-21: The state shall be entitled to bring all actions and all remedies to which individuals are entitled in a given state or case.<br><br>MS Code § 75-21-1: Any corporation, domestic or foreign, or any partnership, or individual, or other association, or person whatsoever, who are now, or shall hereafter create, enter into, become a member of, or a party to any trust or combine as hereinabove defined shall be deemed and adjudged guilty of a conspiracy to defraud and shall be subject to the penalties hereinafter provided. Any person, association of persons, corporation, or combination, domestic or foreign, who shall be a party or belong to a trust and combine shall be guilty of crime and upon conviction thereof shall, for a first offense be fined in any sum not less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00) and for a second or subsequent offense not less than two hundred dollars ($200.00) nor more than ten thousand dollars ($10,000.00), and may be enjoined by a final decree of the chancery court, in a suit by the state on the relation of the attorney general, from the further prosecution of or doing of the acts constituting the trust and combine as defined in this chapter.<br><br>Miss. Code Ann. § 75-21-7: Any person, corporation, partnership, firm or association of persons and the officers and representatives of the corporation or association violating any of the provisions of this chapter shall forfeit not less than one hundred dollars ($100.00) nor more than Two thousand dollars ($2,000.00) for every such violation. Each month in which such person, corporation or association shall violate this chapter shall be a separate violation, the forfeiture and penalty in such case to be recovered alone by suit in the name of the state on the relation of the attorney general and by the consent of the attorney general suits may be brought by any district attorney, such suits to be brought in any court of competent jurisdiction.<br><br>Miss Code Ann § 75-21-9: Any person, natural or artificial, injured or damaged by a trust and combine as herein defined, or by its effects direct or indirect, may recover all damages of every kind sustained by him or it and in addition a penalty of five hundred dollars ($500.00), by suit in any court of competent jurisdiction. Said suit may be brought against any one or more of the parties to the trust or combine and one or more of the officers and representatives of any corporation a party to the same, or one or more of either. Such penalty may be recovered in each instance of injury. All recoveries herein provided for may be sued for in one suit.<br><br>MS Code § 75-24-9: Whenever the Attorney General has reason to believe that any person is using, has used, or is about to use any method, act or practice prohibited by Section 75-24-5, and that proceedings would be in the public interest, he may bring an action in the name of the state against such person to restrain by temporary or permanent injunction the use of such method, act or practice. The action shall be brought in the chancery or county court of the county in which such person resides or has his principal place of business, or, with consent of the parties, may be brought in the chancery or county court of the county in which the State Capitol is located. The said courts are authorized to issue temporary or permanent injunctions to restrain and prevent violations of this chapter, and such injunctions shall be issued without bond.<br><br>MS Code § 75-24-19: (1) Civil remedies.<br>(a) Any person who violated the terms of an injunction issued under Section 75-24-9 shall forfeit and pay to the state a civil penalty in a sum not to exceed Ten Thousand Dollars ($10,000.00) per violation which shall be payable to the General Fund of the State of Mississippi. For the purposes of this section, the chancery or county court issuing an injunction shall retain jurisdiction, and the cause shall be continued, and in such cases the Attorney General acting in the name of the state may petition for recovery of civil penalties.<br>(b) In any action brought under Section 75-24-9, if the court finds from clear and convincing evidence, that a person knowingly and willfully used any unfair or deceptive trade practice, method or act prohibited by Section 75-24-5, the Attorney General, upon… | Antitrust: civil penalties, injunctive relief, disgorgement. | DTPA: civil penalties, disgorgement, injunctive relief | Sovereign |
| Missouri | Missouri Antitrust Law, Mo. Rev. Stat. §§ 416.011 et seq.<br><br>DTPA: Missouri's Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010 et seq., as further interpreted by 15 CSR 60-8.010 et seq. and 15 CSR 60-9.01 et seq. | MO Rev. Stat. § 416.071:<br>1. In addition to all other remedies provided by sections 416.011 to 416.161, the circuit courts of this state are invested with jurisdiction to grant such preliminary or permanent injunctive relief and to issue such temporary restraining orders as necessary to prevent and restrain violations of section 416.031.<br>2. In any civil action brought under sections 416.011 to 416.161, in addition to granting such prohibitory injunctions and other restraints as it deems expedient to deter the defendant from, and secure against, his committing a future violation of sections 416.011 to 416.161, the court may grant such mandatory relief as is reasonably necessary to restore or preserve fair competition in the trade or commerce affected by the violation.<br><br>MO Rev. Stat. § 416.121: Any person, including the state, who is injured in his business or property by reason of anything forbidden or declared unlawful by sections 416.011 to 416.161 may sue therefor in any circuit court of this state in which the defendant or defendants, or any of them, reside, or have any officer, agent or representative, or in which any such defendant, or any agent, officer or representative may be found. Such person may:<br>(1) Sue for damages sustained by him, and if the judgment is for the plaintiff he shall be awarded threefold damages as determined by the court, together with the costs of suit; and<br>(2) Bring proceedings to enjoin the unlawful practices, and if decree is for the plaintiff he shall be awarded reasonable attorneys' fees as determined by the court, together with the costs of the suit.<br><br>MO Rev. Stat. § 416.151: The remedies afforded the state under sections 416.011 to 416.161 shall be cumulative but the state shall not be permitted more than one recovery of monetary damages arising out of the same act or injury. | Antitrust: injunctivce relief, disgorgement | DTPA: injunctive relief, disgorgement, restitution, civil penalties and other equitable remedies | Sovereign |

| State | Statutes | Provisions | Remedies | Other |
|---|---|---|---|---|
| Montana | Antitrust - Mont. Code Ann. § 30-14-101 et seq., including § 30-14-103, §30-14-201 et seq, including §§ 30-14-205(1), 30-14-205(2), and 30-14-222<br><br>DTPA - Mont. Code Ann. § 30-14-101 et seq, including §30-14-103, 142(2); relief all legal and equitable under §§ 30-14-111(4), 30-14-131, and 30-14-142(2) | MT Code § 30-14-142: (1) violation of injunction or TRO issued civil fine not more than $10,000 for each violation; (2) willful method, act or practice declared unlawful acts under 30-14-103 and brought under 30-14-111 civil fine no more than $10,000 for each violation; (3) fraudulent course of conduct declared unlawful by 30-14-103 fined no more than $5,000, imprisoned for no more than 1 year, or both at discretion of court<br><br>MT Code § 30-14-111: Department to Restrain Unlawful Acts: (4) district court authorized to issue temporary or permanent injunctions or TROs to prevent violations of this part [30-14-103] and issued without bond<br><br>MT Code §30-14-131: Restoration--Court Orders: (1) orders or judgement necessary restore any person [includes corporations, etc. or other legal entity] of property may have been acquired by practice declared unlawful; (2) reasonable attorneys' fees to prevailing party if successful; (3) can enter any other order or judgment required by equity<br><br>MT Code §§ 30-14-201 et seq - Penalties: 30-14-224: purposefully or knowingly violates provisions of 30-14-207 through 30-14-214 or 30-14-216 through 30-14-218 is guilty for each violation and may be fined not more than $10,000 or imprisoned for term not exceed 2 years, or both; violation of 30-14-205 punishable by imprisonment no more than 5 years and fine in amount not exceeding $25,000;<br><br>MT Code §30-14-222: Injunctions--Damages--Production of Evidence: (1) person [any legal entity] who is or will be injured or the department may bring action to enjoin act that is violation of 30-14-205 through 30-14-214 or 30-14-216 through 30-14-218 for recovery of damages, if found in violation of those acts, court shall enjoin, not necessary to allege or prove actual damages to the plaintiff; (2)(a) plaintiff can recover greater of 3x amount of actual damages sustained or $1,000, 2(b) in addition to (2)(a), plaintiff can prove violation of 30-14-2019 entitled to $500 day for each day violation of 30-14-209 occurred; (4) if action brought by party other than department, prevailing party entitled to attorneys' fees and costs | Antitrust: injunctive relief, structural relief, civil penalties, attorney's fees and costs<br><br>DTPA: Civil penalties, structural relief, attorney's fees and costs | Sovereign |
| Nevada | Nev. Rev. Stat. § 598A.010 et seq, specifically §598A.060; relief under the Nevada Unfair Trade Practices Act and common law, including but not limited to: disgorgement, and specifically injunctions, civil penalties, and its costs and attorney's fees pursuant to Nev. Rev. Stat. §598A.070, Nev. Rev. Stat. §598A.170, and Nev. Rev. Stat. §598A.250.<br><br>DTPA Nev. Rev. Stat. §598.0903, et seq, specifically 598.0915(5), (7), (9), 598.092(8), 598.0923(2); willful §598.0999; relief injunctions, civil penalties, costs and attorneys fees pursuant to Nev. Rev. Stat. §§ 598.0963, 598.0973, and 598.0999(2) | Nev. Rev. Stat. § 598A.010 et seq - 598A.200 (fees and costs; treble damages): state, any district, municipal corp., agency or other political subdivision of State injured in its business or property by reason of violation of provisions of chapter, shall recover treble damages, including reasonable attorney fees and costs.<br><br>NV Rev. Stat. § 598A.070 (authority to sue and seek remedies): (1)(c) AG can institute proceedings on behalf of State, agencies, political subdivisions, districts or municipal corporations, or as parens patriae of persons residing in the State for (1)(c)(1) injunctive relief, including TRO, preliminary or permanent injunction, (1)(c)(2) civil penalties, (1)(c)(3) criminal penalties, (1)(c)(4) other equitable relief, including disgorgement or restitution.<br><br>NV Rev. Stat. § 598A.160 (authority to sue and recover damages): (1) AG may bring civil action in name of State and entitled to recover damages and other relief provided by chapter, (1)(a) as parens patriae of persons residing in State, for damages directly or indirectly incurred by such persons, or alternatively, in court's discretion, as rep of class or classes of persons in State damaged directly or indirectly or, (1)(b) as parens patriae w/r/t to direct or indirect damages to the general economy of the State, any agency or political subdivision thereof; (2) may recover aggregate damage sustained by persons on whose behalf this State sues, w/o separately providing the individual claims of each such person.<br><br>NV Rev. Stat. § 598A.170 (liability for civil penalties): person engaged in activities prohibited by this chapter, at suit by AG, in amount not exceed 5% of gross income realized by the sale of commodities or services sold by such persons in State in each year in which the prohibited activities occurred.<br><br>NV Rev. Stat. § 598A.250: remedies afforded by chapter are cumulative<br><br>NV Rev. Stat. § 598.0963 (authority to sue and seek remedies, including 2023 amendments): (3) if AG has reason to believe person engaged or engaging in deceptive trade practice, may bring action to obtain TRO, or preliminary or permanent injunction, or other appropriate relief; amended 2023 to include (3)(a) as, w/o limitation, recovery of civil penalty, disgorgement, restitution or recovery of damages (3)(a) as parens patriae of persons residing in State w/r/t damages sustained directly or indirectly by such persons, or alternatively, court's discretion as representative of class or classes of persons damaged directly or indirectly, (3)(b) as parens patriae w/r/t to direct or indirect damages to the general economy of the State, any agency or political subdivision thereof<br><br>NV Rev. Stat. § 598.0973 (civil penalties for acts against elderly or disabled persons, including 2023 amendments): (1) if brought action under 598.0903 to 598.0999, if found engaged in deceptive trade practice toward elderly or person w/ disability, may impose civil penalty for not more than $12,500 for each violation, (2) factors to determine whether to impose civil fine; amended 2023 to include (1)(a) for deceptive trade practice toward person w/ disability, not more than $15,000 for each violation, (1)(b) for deceptive trade practice toward elderly, not more than $25,000 for each violation<br><br>NV Rev. Stat.- 598.0993 (discretion for additional relief) - for action brought under 598.0979 and 598.0985 to 598.099, court may make additional orders or judgments necessary restore any person in interest any money or property acquired by deceptive trade practice in violation of 598.0903 to 598.0999 after  final determination that deceptive trade practice has occurred. | Antitrust: injunctive relief, civil penalties and attorney's fees.<br><br>DTPA: injunctive relief, civil penalties and attorney's fees. | Not limited to either |
| North Dakota | North Dakota Century Code (N.D.C.C.) § 51-08.1-01 et seq., including §§ 51-08.1-02 and 51-08.1-03; relief provided in §§ 51-08.1-07 and 51-08.1-08.<br><br>DTPA: N.D.C.C. § 51-15-01, et seq., including § 51-15-02; relief provided in §§ 51-15-07, 51-15-10, and 51-15-11. | N.D.C.C. § 51-08.1-01 et sec - 51-08.1-07: AG may bring action for appropriate injunctive relief, equitable relief, including disgorgement, and civil penalties in name of state for violation of chapter. Trier of fact may assess civil penalty for benefit of State for not more than $100,000 for each violation of chapter.<br><br>N.D.C.C. § 51-08.1-08: (1) state, political subdivision or any public agency threatened with injury or injured in its business or property by violation may bring action for injunctive or other equitable relief, damages sustained and, as determined by court, taxable costs and reasonable attorneys' fees; (2) AG may bring action as parens patriae on behalf of person residing in State to recover damages sustained by violation of chapter.<br><br>N.D.C.C. § 51-08.1-11: remedies in chapter cumulative.<br><br>N.D.C.C. § 51-15-07: when appears to AG person engaged in or is engaging in unlawful practice in this chapter, or by other provisions of law, AG may seek and obtain injunction. Court may make order or judgment as may be necessary to prevent use or employment by person of any unlawful practices, or which may be necessary to restore to any person in interest any money, or property that may have been acquired by means of any practice in this chapter or in other provisions of law declared to be unlawful.<br><br>N.D.C.C. § 51-15-10: in action brought under this chapter or other provisions of law, court shall award the AG reasonable attorney's fees, investigation fees, costs, and expenses of any investigation and action brought under this chapter, or under other provisions of law.<br><br>N.D.C.C. § 51-15-11: court may assess for benefit of State a civil penalty of not more than $5,000 for each violation of this chapter. | Antitrust: injunctive relief, civil penalties and attorney's fees.<br><br>DTPA: Injunctive relief, disgorgement civil penalties and attorney's fees. | Parens Patriae |
| Puerto Rico | 10 P.R. Laws Ann. §§ 257 et seq; remedies available under law, including injunctive relief, civil penalties, and any other appropriate relief<br><br>DTPA 10 L.P.R.A. § 259 et seq, Article 1802-P.R. Laws Ann. Tit 31 §§ 5141 et seq | 10 L.P.R.A. 257 et seq - 266: any person who violates 258, 260, 263(f) or 264 of this title shall be deemed guilty of misdemeanor and upon conviction punished by fine not less than $5,000 no more than $50,000 or by imprisonment not exceeding 1 year, or both by court's discretion.<br><br>10 L.P.R.A. 269: Court of First Instance has jurisdiction to prevent, prohibit, enjoin and punish violations of this chapter. Duty of Security of Justice to institute proceedings for such  and to obtain such other or further relief as appropriate. Pending proceedings and before final decree, court may issue TRO or prohibition as shall be deemed just in the  premises.<br><br>1802 L.P.R.A. 31-5141 et seq: any person  who by act or omission causes damages to another through fault or negligence shall be obliged to repair the damages so done. | Antitrust: injunctive relief, civil penalties, damages<br><br>DTPA: injunctive and other equitable relief, civil penalties, damages | Parens Patriae |
| South Carolina | All remedies available under the South Carolina Unfair Trade Practices Act (SCUTPA), including: Injunctive relief pursuant to S.C. Code § 39-5-50(a); civil penalties pursuant to S.C. Code § 39-5-110(a); costs and attorneys' fees pursuant to S.C. Code §39-5-50(a) and 1-7-85; other remedies as the court may deem appropriate | "SC Code § 39-5-50: (a) Whenever the Attorney General has reasonable cause to believe that any person is using, has used or is about to use any method, act or practice declared by Section 39-5-20 to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the State against such person to restrain by temporary restraining order, temporary injunction or permanent injunction the use of such method, act or practice.... The courts are authorized to issue orders and injunctions to restrain and prevent violations of this article, and such orders and injunctions shall be issued without bond. Whenever any permanent injunction is issued by such court in connection with any action which has become final, reasonable costs shall be awarded to the State.<br><br>SC Code §39-5-110: If a court finds that any person is willfully using or has willfully used a method, act or practice declared unlawful by Section 39-5-20, the Attorney General, upon petition to the court, may recover on behalf of the State a civil penalty of not exceeding five thousand dollars per violation.<br><br>SC Code § 1-7-85: Notwithstanding any other provision of law, the Office of the Attorney General may obtain reimbursement for its costs in representing the State in criminal proceedings and in representing the State and its officers and agencies in civil and administrative proceedings. These costs may include, but are not limited to, attorney fees or investigative costs or costs of litigation award"SC Code § 39-5-50: (a) Whenever the Attorney General has reasonable cause to believe that any person is using, has used or is about to use any method, act or practice declared by Section 39-5-20 to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the State against such person to restrain by temporary restraining order, temporary injunction or permanent injunction the use of such method, act or practice.... The courts are authorized to issue orders and injunctions to restrain and prevent violations of this article, and such orders and injunctions shall be issued without bond. Whenever any permanent injunction is issued by such court in connection with any action which has become final, reasonable costs shall be awarded to the State. | Antitrust and DTPA: Injunctive relief; civil penalties; costs and attorneys' fees | Sovereign |
| South Dakota | SDCL §§ 37-1-3.1, 37-1-3.2; relief all legal and equitable, all costs and fees, available under SDCL §§ 37-1-3.1 et seq, 37-1-14.2<br><br>DTPA SDCL § 37-24-6(1), 37-24-6 | SD Codified L § 37-1-3.1 et seq -<br><br>SD Codified L § 37-1-14.2: AG may bring action for appropriate injunctive or other equitable relief and civil penalties on behalf of the state for violation of chapter. Civil penalty no more than $50,000 for each violation of chapter.<br><br>SD Codified L § 37-1-23: AG may bring civil action as parens patriae on behalf of natural persons residing in state to secure monetary relief as provided  in this section for injury sustained by natural person to their property by reason of any violation of this chapter.<br><br>SD Codified L §37-1-32: powers granted in 37-1-23 to 37-1-32 are in addition to and not in derogation of the common law powers of the AG to act in parens patriae.<br><br>SD Codified L § 37-1-24: court shall award the state as monetary relief 3x the total damage sustained as described in 37-1-23 and 37-1-25 and the cost of the suit, including reasonable attorney's fees.<br><br>SD Codified L § 37-24-23: if AG has reason believe any person is using, has used, or about to use a practice declared unlawful by 37-24-6, may bring action for temporary or permanent injunction for the use of the act or practice, upon notice.  AG, if prevailing, may also recover reasonable attorney's fees and costs.<br><br>SD Codified L § 37-1-26: In an action pursuant to §§ 37-1-23 to 37-1-32, inclusive, where there has been a determination that a defendant agreed to fix prices, damages may be proved and assessed in the aggregate by statistical or sample in methods, by the pro rata allocation of illegal overcharges or of excess profits or by such other reasonable system of estimating aggregate damages as the court in its discretion may permit without the necessity of separately proving the individual claim of, or amount of damage to, persons on whose behalf the suit was brought.<br><br>SD Codified L § 37-24-27: for actions brought under 37-24-23, if court finds person is intentionally using or has used an act or practice declared unlawful by 37-24-6,  the AG upon petition to court may recover a civil penalty of not more than $2,000 per violation.<br><br>SD Codified L § 37-24-29: court shall make such additional orders or judgments as may be necessary to restore to any person in interest any moneys or property which the court finds to have been acquired by means of any act or practiced declared to be unlawful by 37-24-6. | Antitrust: Treble damages, injunctive relief, civil penalties and fines, disgorgement and restitution.<br><br>DTPA: damages, civil penalties, attorney's fees | Parens Patriae |

| State | Statutes | Statutory Text | Relief | Capacity |
|---|---|---|---|---|
| Texas | Bus. & Comm. Code § 15.01 et seq., including § 15.05(b);<br><br>DTPA § 17.46(a), including § 17.46(b) including (5), (7), (9), (12), and (24) | **TX Bus. & Comm. Code § 15.01 et seq - 15.40:** AG may bring action on behalf of State or any of its political subdivisions or tax supported institutions to recover the damages provided for by the federal antitrust laws.<br><br>**TX Bus. & Comm. Code § 15.20:** (a) AG may file suit … to collect civil fine whom AG believes has violated any of the prohibitions in subsection (a), (b), or (c) of 15.05. Every person adjusted to have violated any of these provisions shall pay a fine to the state not to exceed $1,000,000 if a corporation; (b) AG may file suit … to enjoin temporarily or permanently any activity or contemplated activity that threatens to violate any prohibitions in Section 15.05. If state substantially prevails on merits, entitled to recover the cost of suit.<br><br>**TX Bus. & Comm. Code § 17.43:** remedies are not exclusive and in addition to any other procedures or remedies provided for in any other law, but no double recovery for same act or practice.<br><br>**TX Bus. & Comm. Code § 17.47:** (a) CP division has reason to believe that any person is engaging in, has engaged in, or about to engage in any act or practice declared unlawful by this subchapter, division may bring action in name of State to restrain by TRO, temporary injunction, or permanent injunction the use of such method, act, or practice; (c) in addition to (a), CP division may request and trier of fact may award, civil penalty to be paid to State, a civil penalty in amount of (1) not more than $10,000 per violation, and (2)if act was calculated to acquire or deprive money or property from consumer 65 when act or practice occurred, an additional amount of not more than $250,000; (d) court may make such additional orders or judgment as necessary to compensate | Antitrust: injunctive relief, structural relief, civil penalties, Attorney's fees and costs<br><br>DTPA: Civil penalties, attorney's fees and costs | Sovereign |
| Utah | Utah Code § 76-10-3101, et seq; all relief available under the act including injunctive relief, civil penalties, disgorgement, attorneys' fees and costs<br><br>DTPA Utah Code §§ 13-11-1 et seq, 13-11-4; relief §§13-11-1 et seq; injunctive relief, damages, fines under Utah Code § 13-11-17(6), costs, attorneys fees, and any other just and equitable relief court deems appropriate Utah Code §§ 13-11-17, 17.2 | **"UT Code § 76-10-3101 et seq - 76-10-3108:**(1) AG may bring action for appropriate injunctive relief, a civil penalty, and damages in name of state, any of its political subdivisions or agencies … for violation of act. Remedy is additional to others provided by law. may not diminish or offset any other remedy; (2) any individual who violates act is subject to civil penalty of no more than $100,000 for each violation. any person, other than individual, who violates act subject to civil penalty of not more than $500,000 for each violation.<br><br>**UT Code § 76-10-3109:** (3) state or any political subdivisions may recover a civil penalty, in addition to injunctive relief, costs of suit, and reasonable attorney fees.<br><br>**UT Code § 13-11-17:** (1) enforcing authority may bring an action in court of competent jurisdiction to (b) enjoin, in accordance with principles of equity, a supplier who has violated or is otherwise likely to violate this chapter … (d) obtain fines as determined after considering factors in subsection (6);<br><br>**UT Code § 13-11-17.5:** any judgment in favor of enforcing authority in connection with enforcement of this chapter shall include, in addition to any other monetary award or injunctive relief an award for reasonable attorney's fees, court costs, and costs of investigation." | Antitrust: civil penalties, injunctive relief, attorney's fees and costs<br><br>DTPA: injunctive relief, civil penalties, attorney's fees | Sovereign |