# EXHIBIT D

| | |
|---|---|
| **From:** | Trevor Young <Trevor.Young@oag.texas.gov> |
| **Sent:** | Tuesday, January 30, 2024 8:18 PM |
| **To:** | Bracewell, Mollie |
| **Cc:** | MCCALLUM, Robert; Yetter, Paul; TU, Xiaoxi; BAYOUMI, Jeanette; justina.sessions@freshfields.com; Lauren Kaplin; SALEM, Sara; Syed, Ayla; VACA, Lauren; Zorn, Matt; James Lloyd; Geraldine W. Young; Jonathan Wilkerson; Noah Heinz; Ryan D. Ellis; Marc B. Collier; Zeke DeRose III; Luke Woodward; Cole Pritchett; Thomas Ray |
| **Subject:** | RE: State Plaintiff Discovery Meet & Confer |

**[External Email – Use Caution]**

Mollie,

We are reviewing the letter you sent today and wanted to clarify a few items.  State Plaintiffs reserve the right to respond more fully at a later time.

- It appears you are no longer demanding to call Judge Jordan's Chambers this week. As expressed in my email yesterday, we read the Court's Order appointing the Special Master as intending for the Special Master to address both sides' pending discovery issues, including those revived by Google recently. I also understand that Mr. Moran reached out to lead counsel for all parties today to schedule a call next week to discuss the Special Master process. This would make a direct call to Chambers this week even more inappropriate and unnecessary. Please let us know if our read of this situation is incorrect and if Google continues to demand a call to Chambers this week. As I stated, we are open to providing our availability for such a call later this week, if Google continues to push for it, but we would want our lead counsel (who were not on the coordination calls yesterday or last week) to be on that call to Chambers.

- In the spirit of reaching agreement on one issue, Texas intends to provide a privilege log of memoranda prepared by or at the direction of attorneys (not "statements," as we previously explained) that were withheld as attorney work product (among other privileges/protections), by this Friday. Texas has not agreed to log, or that it is required to log, other documents at this time. We will conduct further review Google's RFPs and State Plaintiffs' objections, and respond to your new request after that review is complete.

- As we have explained in each meet and confer concerning ROG 12, State Plaintiffs object to your mischaracterization of our tying claim. Nonetheless, State Plaintiffs agree to amend their interrogatory responses to identify relevant contracts, subject to the right to supplement with the identification of additional contracts. Although at one point during our call yesterday you identified February 9 as a potential option for State Plaintiffs to amend their interrogatories generally, I understood you to be withdrawing that proposal, and State Plaintiffs did not commit to providing an amended response to ROG 12 by that date. Instead, State Plaintiffs agree to provide one round of combined amended interrogatory responses as soon as possible, but no later than the week of February 12.  We think that is a reasonable timeline for amending the State Plaintiffs' interrogatory responses in an effort to avoid piecemeal amendments, to provide the additional information that Google seeks, and to avoid unnecessary intervention by the Court or Special Master.

- As we have stated, the State Plaintiffs also agree to provide amended interrogatory responses to Google's ROGs related to the computation of damages, on the same reasonable timetable of no later than the week of February 12. Given this proposal, the State Plaintiffs do not believe we are at an impasse necessitating court intervention at this time. We will review and consider the case law and bulleted points in your letter, in conjunction with the

requirements of Rule 26. Subject to the coordination and approval of all 17 States, the State Plaintiffs will endeavor to provide the information requested by Google. We do note, however, that your request for "inputs" appears inconsistent with Google's failure to produce certain key datasets responsive to RFPs issued in the MDL and Google's refusal to produce documents in response to the State Plaintiffs' most recent RFPs. Additionally, the State Plaintiffs have made a reasonable request for the DOJ's interrogatory responses on these same issues, in order to provide the States with more clarity on the scope and format of what Google seeks and to help the States better satisfy Google's requests. State Plaintiffs reassert their request for the DOJ interrogatory responses and note that they are responsive to RFPs that State Plaintiffs issued while part of the MDL.

*Trevor E. D. Young*
Deputy Division Chief
Antitrust Division
State of Texas, Office of the Attorney General
300 E. 15th Street
Austin, TX 78701
(512) 936-2334
trevor.young@oag.texas.gov

**PRIVILEGED AND CONFIDENTIAL**: This communication may be confidential and/or privileged pursuant to Government Code Sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Texas Attorney General.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Bracewell, Mollie <mbracewell@yettercoleman.com>
**Sent:** Tuesday, January 30, 2024 11:52 AM
**To:** Trevor Young <Trevor.Young@oag.texas.gov>
**Cc:** MCCALLUM, Robert <rob.mccallum@freshfields.com>; Yetter, Paul <pyetter@yettercoleman.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; justina.sessions@freshfields.com; Lauren Kaplin <lauren.kaplin@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; Syed, Ayla <asyed@yettercoleman.com>; VACA, Lauren <Lauren.Vaca@freshfields.com>; Zorn, Matt <mzorn@yettercoleman.com>; James Lloyd <James.Lloyd@oag.texas.gov>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; Luke Woodward <Luke.Woodward@oag.texas.gov>; Cole Pritchett <Cole.Pritchett@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** RE: State Plaintiff Discovery Meet & Confer

Trevor:

Please see the attached letter.

Thanks,
Mollie

**Mollie Bracewell | Senior Counsel | Yetter Coleman LLP**
811 Main Street, Suite 4100, Houston, Texas 77002

(D) 713.632.8070 | (M) 713.557.8905
www.yettercoleman.com | vCard

This transmission is confidential and intended solely for the person or organization to which it is addressed. It may contain privileged and confidential information. If you are not the intended recipient, you should not copy, distribute or take any action in reliance on it. If you have received this transmission in error, please notify the sender at the e-mail address above.

**From:** Bracewell, Mollie <mbracewell@yettercoleman.com>
**Sent:** Monday, January 29, 2024 5:51 PM
**To:** Trevor Young <Trevor.Young@oag.texas.gov>
**Cc:** MCCALLUM, Robert <rob.mccallum@freshfields.com>; Yetter, Paul <pyetter@yettercoleman.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; justina.sessions@freshfields.com; Lauren Kaplin <lauren.kaplin@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; Syed, Ayla <asyed@yettercoleman.com>; VACA, Lauren <Lauren.Vaca@freshfields.com>; Zorn, Matt <mzorn@yettercoleman.com>; James Lloyd <James.Lloyd@oag.texas.gov>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; Luke Woodward <Luke.Woodward@oag.texas.gov>; Cole Pritchett <Cole.Pritchett@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** Re: State Plaintiff Discovery Meet & Confer

Trevor:

Thanks for your email.

First, we disagree that this dispute is not ripe. We've been asking the states for months to provide basic information about their claims – who, what, how much, etc. – that should have been provided with their initial disclosures, especially in this district. Regrettably, the states only agree to amend their prior responses in some unspecified way and won't commit to provide clear, direct, and complete answers. This information is vital for Google to defend itself and complete fact discovery on time.

Second, raising this issue with Judge Jordan is what his scheduling order directs the parties to do. We see nothing in the special master order that contradicts this standard EDTX dispute resolution process. In any event, Judge Jordan will direct the parties as to how best to proceed during our call. In our view, these disagreements further underscore that court intervention is needed at this juncture.

Third, we are surprised by your large team's unavailability given that we previewed last week that we likely would need to make a call to the Court tomorrow or Wednesday. It also is the opposite of your team's full availability during last week's discussions about coordination and the states' motion to strike. We ask that you revisit your team's availability. Should no lead attorney for the states be available at any time tomorrow or Wednesday, please say so in writing.

Best,

Mollie

**From:** Trevor Young <Trevor.Young@oag.texas.gov>
**Sent:** Monday, January 29, 2024 4:40 PM
**To:** Bracewell, Mollie <mbracewell@yettercoleman.com>
**Cc:** MCCALLUM, Robert <rob.mccallum@freshfields.com>; Yetter, Paul <pyetter@yettercoleman.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; justina.sessions@freshfields.com <Justina.Sessions@freshfields.com>; Lauren Kaplin <lauren.kaplin@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; Syed, Ayla <asyed@yettercoleman.com>; VACA, Lauren

<Lauren.Vaca@freshfields.com>; Zorn, Matt <mzorn@yettercoleman.com>; James Lloyd <James.Lloyd@oag.texas.gov>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; Luke Woodward <Luke.Woodward@oag.texas.gov>; Cole Pritchett <Cole.Pritchett@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** State Plaintiff Discovery Meet & Confer

Mollie,

As we discussed during both of our meet and confer calls Wednesday of last week and today, the State Plaintiffs agree to provide amended interrogatory responses as soon as possible (but no later than the week of February 12) that address the issues Google has raised with respect to ROG 12 and ROGs related to the computation of monetary relief (along with several other interrogatories mentioned in your letter this past Friday).

State Plaintiffs have offered a reasonable timeline for amending their interrogatory responses in an effort to provide additional information that Google seeks and to avoid unnecessary intervention by the Court or Special Master. Given the State Plaintiffs' agreement to provide amended interrogatory responses in the very near future, we very much disagree with Google's position that the parties are somehow at an impasse on any of these issues.  You seemed to only take issue with our description of the purported contents of our planned amendment, but we do not think that Google anticipating that State Plaintiffs' amended interrogatory responses will not meet Google's expectations is not sufficient grounds to declare an impasse on a discovery dispute until those amended responses are actually served.

Additionally, upon re-reviewing the Court's scheduling order and special master appointment order, we do not believe a call to Judge Jordan's Chambers is the proper procedure when Judge Jordan has specifically appointed the Special Master to handle discovery disputes in this case.  Calling Chambers directly with an unripe discovery dispute, in light of the special master appointment, would fail to respect the special master process the Court has laid out and would be a waste of the Court's time.

In the event that Google maintains that involving Judge Jordan's Chambers unnecessarily is their only recourse, we will provide our availability for a conference, but we may not hear back from all of our team that needs to be involved by the end of today, so any call may need to occur later this week.

*Trevor E. D. Young*
Deputy Division Chief
Antitrust Division
State of Texas, Office of the Attorney General
300 E. 15th Street
Austin, TX 78701
(512) 936-2334
trevor.young@oag.texas.gov

**PRIVILEGED AND CONFIDENTIAL: This communication may be confidential and/or privileged pursuant to Government Code Sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Texas Attorney General.**

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.