# EXHIBIT H



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

---

TREVOR YOUNG
Deputy Division Chief
Antitrust Division

PHONE: (512) 463-2334
FAX: (512) 320-0667
EMAIL: trevor.young@oag.texas.gov

February 16, 2024

***Sent via Electronic Mail***

R. Paul Yetter
Yetter Coleman LLP
811 Main St
Suite 4100
Houston, TX 77002
pyetter@yettercoleman.com

Re: Plaintiff States' Response to Google's January 25, 2024 Deficiency Letters

Dear Counsel:

As promised, Plaintiff States are providing a more fulsome response to Google's 17 separate letters regarding purported deficiencies in Plaintiff States' discovery responses sent by Google on January 25, 2024. On February 7, 2024, Plaintiff States provided Google with a letter addressing issues raised by Google that were common to most if not all Plaintiff States. Primarily those common issues concerned Plaintiff States' Third Amended Response to Google's First Set of Interrogatories (the "Third Am. R&Os") As you know, yesterday, February 14, 2024, the Plaintiff States served Google with Plaintiff States' Fourth Amended Response to Google's First Set of Interrogatories (the "Fourth Am. R&Os"). The Fourth Am. ROG Response address the issues raised as common to all Plaintiff States.

This letter addresses the purported deficiencies raised by Google's January 25, 2024 letters that were not common to all Plaintiff States. To the extent a Plaintiff State elects to have a supplemental response to a particular request identified by Google as deficient, each Plaintiff State does so in this response. The Plaintiff States reserve the right to supplement their response to Google's deficiency letters, if necessary. Nothing in this letter should be construed to waive any general or specific objection set forth in Plaintiff States' discovery responses, nor constitute a waiver of any defense available to any Plaintiff State.

As to each Request for Production and Interrogatory to which Google argued that a Plaintiff State has provided an allegedly deficient response, the Plaintiff States collectively, and individual States (as applicable), respond as follows:



# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

### **Google's Requests for Production:** [1]

**RFP No. 1**: Requests Documents and data, aside from documents produced by Google during an Investigation or in this Action, concerning the claims asserted in this Action and specifically singled out Alaska, Arkansas, Florida, Idaho, Indiana, Kentucky, Louisiana, North Dakota, and Nevada as being deficient in response to this request. The Plaintiff States collectively respond that no individual state is deficient in their document production in response to this RFP. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. Plaintiff States have already produced all non-privileged responsive documents to Google when they produced all of the document production that they received from third parties during the investigation. The Plaintiff States have not received additional production from third parties that Google does not already possess. The Plaintiff States have not received additional production from third parties that Google does not already possess. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff States Alaska, Nevada, and South Carolina submit the following supplemental response:

- The Alaska Attorney General's Office (AAGO) has met and conferred with Google regarding its discovery responses, and as set forth in its May 31, 2023 correspondence, provided Google with a detailed description of its search methodology, terms, custodians, and agencies. The AAGO has produced 667 documents. The AAGO does not have any outstanding document productions or privilege logs responsive to RFP 1.

- The Nevada AG never independently issued any civil investigative demands or other compulsory process to any parties during the course of the multistate investigation that preceded the current Action.  Accordingly, the State has no non-privileged materials that would respond to RFP No. 1.

- The South Carolina Office of the Attorney General (SCOAG) met and conferred with Google on May 9, 2023 regarding our search methodology to respond to Google's Requests for Production. As documented in correspondence between SCOAG and Google dated May 11, 2023, May 19, 2023, May 22, 2023, May 24, 2023, and June 6, 2023, SCOAG and Google agreed to a search methodology. SCOAG has produced all responsive, non-privileged

---

[1] As to purported production deficiencies in Plaintiff State Louisiana's document productions, the State of Louisiana, without conceding any alleged deficiency, has made a supplemental production via letter with production hyperlink from The Louisiana AG, today, February 14, 2024. The supplemental production was made subject to and without waiving the March 14, 2023 R&Os, is intended to address any alleged deficiencies as noted by Google in the Deficiency Letter to Louisiana. Beyond the supplemental production, Louisiana stands by its original Responses and Objections and the responses by Plaintiff States below.



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

documents that it located using the agreed upon search methodology. SCOAG also produced a metadata privilege log, as agreed to per Trevor Young's July 14, 2023 email. SCOAG does not have any outstanding document productions or privilege logs. If Google has any remaining concerns, we are available to meet and confer.

**RFP No. 2**: Requests all documents and data, aside from documents produced by Google during an Investigation or in this Action, that You intend to rely on to prove Your claims in this Action. Google specifically identifies Alaska, Arkansas, Florida, Idaho, Indiana, Kentucky, Louisiana, North Dakota, Nevada, and South Carolina as being deficient in response to this request. The Plaintiff States collectively respond that no individual state is deficient in their document production in response to this RFP. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. In particular, this request targeting "all documents" is overbroad. Plaintiff States have already produced all non-privileged responsive documents to Google when they produced all of the document production that they received from third parties during the investigation. The Plaintiff States have not received additional production from third parties that Google does not already possess. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff States Alaska, Nevada and South Carolina submit the following supplemental response:

- The Alaska Attorney General's Office (AAGO) has met and conferred with Google regarding its discovery responses, and as set forth in its May 31, 2023 correspondence, provided Google with a detailed description of its search methodology, terms, custodians, and agencies. The AAGO has produced 667 documents. The AAGO does not have any outstanding document productions or privilege logs responsive to RFP 2.

- The Nevada AG never independently issued any civil investigative demands or other compulsory process to any parties during the course of the multistate investigation that preceded the current Action.  Accordingly, the State has no non-privileged materials that would respond to RFP No. 2.

- The South Carolina Office of the Attorney General (SCOAG) met and conferred with Google on May 9, 2023 regarding our search methodology to respond to Google's Requests for Production. As documented in correspondence between SCOAG and Google dated May 11, 2023, May 19, 2023, May 22, 2023, May 24, 2023, and June 6, 2023, SCOAG and Google agreed to a search methodology. SCOAG has produced all responsive, non-privileged documents that it located using the agreed upon search methodology. SCOAG also produced a metadata privilege log, as agreed to per Trevor Young's July 14, 2023 email. SCOAG does not have any outstanding document productions or privilege logs. If Google has any remaining concerns, we are available to meet and confer."



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

**RFP No. 3**: Requests all documents, aside from documents produced by Google during an Investigation or in this Action, that tend to weigh against or refute any of the claims You are asserting in this Action. Google specifically identifies Alaska, Arkansas, Florida, Idaho, Indiana, Kentucky, Louisiana, North Dakota, Nevada, and South Carolina as being deficient in response to this request. The Plaintiff States collectively respond that no individual state is deficient in their document production in response to this RFP. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. In particular, this request targeting "all documents" is overbroad. Plaintiff States have already produced all non-privileged responsive documents to Google when they produced all of the document production that they received from third parties during the investigation. The Plaintiff States have not received additional production from third parties that Google does not already possess. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff States Alaska, Nevada and South Carolina submit the following supplemental response:

- The Alaska Attorney General's Office (AAGO) has met and conferred with Google regarding its discovery responses, and as set forth in its May 31, 2023 correspondence, provided Google with a detailed description of its search methodology, terms, custodians, and agencies. The AAGO has produced 667 documents. The AAGO does not have any outstanding document productions or privilege logs responsive to RFP 3.

- The Nevada AG never independently issued any civil investigative demands or other compulsory process to any parties during the course of the multistate investigation that preceded the current Action.  Accordingly, the State has no non-privileged materials that would respond to RFP No. 3.

- The South Carolina Office of the Attorney General (SCOAG) met and conferred with Google on May 9, 2023 regarding our search methodology to respond to Google's Requests for Production. As documented in correspondence between SCOAG and Google dated May 11, 2023, May 19, 2023, May 22, 2023, May 24, 2023, and June 6, 2023, SCOAG and Google agreed to a search methodology. SCOAG has produced all responsive, non-privileged documents that it located using the agreed upon search methodology. SCOAG also produced a metadata privilege log, as agreed to per Trevor Young's July 14, 2023 email. SCOAG does not have any outstanding document productions or privilege logs. If Google has any remaining concerns, we are available to meet and confer.

**RFP No. 4:** Requests all documents concerning any complaints received by You regarding Google's Ad Tech Products or Display Advertising business. Google specifically identifies North Dakota, South Carolina, and Utah as being deficient in response to this request. The Plaintiff States collectively respond that no individual state is deficient in their document production in response to this RFP. The Plaintiff States restate and maintain the objections to this RFP as set forth in their



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 14, 2023 R&Os to Google's First Requests for Production. Each of the Plaintiff States has conducted a reasonable search for complaints made to their offices that involve Google and each has produced any complaints that are responsive to this request. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff States Idaho, North Dakota, Utah, and South Carolina submit the following supplemental response:

- The Idaho Office of the Attorney General (IDOAG) conducted a search of its records and, on May 30, 2023, produced the documents responsive to this request.

- The State of North Dakota conducted a search of its records and did not find any documents responsive to this request.

- The Utah Office of the Attorney General and Division of Consumer Protection (collectively, the "Utah responding agencies") conducted a search of their records and did not find responsive documents.

- The South Carolina Office of the Attorney General (SCOAG) met and conferred with Google on May 9, 2023 regarding our search methodology to respond to Google's Requests for Production. As documented in correspondence between SCOAG and Google dated May 11, 2023, May 19, 2023, May 22, 2023, May 24, 2023, and June 6, 2023, SCOAG and Google agreed to a search methodology. SCOAG has produced all responsive, non-privileged documents that it located using the agreed upon search methodology. SCOAG also produced a metadata privilege log, as agreed to per Trevor Young's July 14, 2023 email. SCOAG does not have any outstanding document productions or privilege logs. If Google has any remaining concerns, South Carolina is available to meet and confer.

**RFP No. 5**: Requests all documents, aside from documents produced by Google during an Investigation or in this Action, concerning such Investigation or the subject matter of this Action. Google identifies Alaska, Arkansas, Florida, Idaho, Indiana, Kentucky, Louisiana, North Dakota, Nevada, and South Carolina as being deficient in response to this request. The Plaintiff States collectively respond that no individual state is deficient in their document production in response to this RFP. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. In particular, Plaintiff States contend that this request for "all documents" is overbroad. Plaintiff States have already produced all non-privileged responsive documents to Google when they produced all of the document production that they received from third parties during the investigation. The Plaintiff States have not received additional production from third parties that Google does not already possess. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff States Alaska, Nevada and South Carolina submit the following supplemental response:



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

- The Alaska Attorney General's Office (AAGO) has met and conferred with Google regarding its discovery responses, and as set forth in its May 31, 2023 correspondence, provided Google with a detailed description of its search methodology, terms, custodians, and agencies. The AAGO has produced 667 documents. The AAGO does not have any outstanding document productions or privilege logs responsive to RFP 5.

- The Nevada AG never independently issued any civil investigative demands or other compulsory process to any parties during the course of the multistate investigation that preceded the current Action. Accordingly, the State has no non-privileged materials that would respond to RFP No. 5.

- The South Carolina Office of the Attorney General (SCOAG) met and conferred with Google on May 9, 2023 regarding our search methodology to respond to Google's Requests for Production. As documented in correspondence between SCOAG and Google dated May 11, 2023, May 19, 2023, May 22, 2023, May 24, 2023, and June 6, 2023, SCOAG and Google agreed to a search methodology. SCOAG has produced all responsive, non-privileged documents that it located using the agreed upon search methodology. SCOAG also produced a metadata privilege log, as agreed to per Trevor Young's July 14, 2023 email. SCOAG does not have any outstanding document productions or privilege logs. If Google has any remaining concerns, South Carolina is available to meet and confer.

**RFP No. 6**: Requests all documents concerning alleged harm to the consumers, general welfare, or economy of Your state. Google identifies all 17 Plaintiff States as being deficient in response to this request. The Plaintiff States collectively respond that no individual state is deficient in their document production in response to this RFP. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. In particular, Plaintiff States contend that this request for "all documents" is overbroad. Plaintiff States have already produced all non-privileged responsive documents to Google when they produced all of the document production that they received from third parties during the investigation. The Plaintiff States have not received additional production from third parties that Google does not already possess. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff States Utah and Puerto Rico submit the following supplemental response:

- Plaintiff State Utah stands on its objections, and Utah is not seeking monetary recovery other than civil penalties, fines, and attorneys' fees and costs.

- Plaintiff State Puerto Rico has completed its document production and does not intend to supplement its production.



## KEN PAXTON
#### ATTORNEY GENERAL OF TEXAS

**RFP No. 7**: Requests documents sufficient to show the identities of the person on whose behalf You seek restitution, disgorgement, civil penalties, civil fines, or damages, the amount You seek, and documents concerning Your calculation of, and methodology for calculating the amount of, such restitution, disgorgement, civil penalties, civil fines, or damages. Google identifies all 17 Plaintiff States as being deficient in response to this request. The Plaintiff States collectively respond that no individual state is deficient in their document production in response to this RFP. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. Plaintiff States have already produced all non-privileged responsive documents to Google when they produced all of the document production that they received from third parties during the investigation. The Plaintiff States have not received additional production from third parties that Google does not already possess. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff State Utah submits the following supplemental response:

- Plaintiff State Utah stands on its objections, and that Utah is not seeking monetary recovery other than civil penalties, fines, and attorneys' fees and costs.

**RFP No. 8**: Requests all documents concerning consumer complaints You received about Display Advertising or Ad Tech Products, including complaints concerning Cookie Matching, Malicious Ads, spam, or fraudulent ads. Google identifies Alaska, Florida, Indiana, Louisiana, South Carolina, and Utah as being deficient in response to this request. The Plaintiff States collectively respond that no individual state is deficient in their document production in response to this RFP. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. Plaintiff States have already produced all non-privileged responsive documents to Google when they produced all of the document production that they received from third parties during the investigation. The Plaintiff States have not received additional production from third parties that Google does not already possess. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff States Alaska, Utah and South Carolina submit the following supplemental response

- The Alaska Attorney General's Office (AAGO) has met and conferred with Google regarding its discovery responses, and as set forth in its May 31, 2023 correspondence, provided Google with a detailed description of its search methodology, terms, custodians, and agencies. The AAGO has produced 667 documents. The AAGO does not have any outstanding document productions or privilege logs responsive to RFP 8.

- The Utah responding agencies conducted a search of their records and found two consumer complaints concerning adtech and display advertising products in general which were produced.



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

- The South Carolina Office of the Attorney General (SCOAG) met and conferred with Google on May 9, 2023 regarding our search methodology to respond to Google's Requests for Production. As documented in correspondence between SCOAG and Google dated May 11, 2023, May 19, 2023, May 22, 2023, May 24, 2023, and June 6, 2023, SCOAG and Google agreed to a search methodology. SCOAG has produced all responsive, non-privileged documents that it located using the agreed upon search methodology. SCOAG also produced a metadata privilege log, as agreed to per Trevor Young's July 14, 2023 email. SCOAG does not have any outstanding document productions or privilege logs. If Google has any remaining concerns, South Carolina is available to meet and confer.

**RFP No. 10**: Requests all documents relied on to respond to Google's Interrogatories in this Action. Google identifies all 17 Plaintiff States as being deficient in response to this request. The Plaintiff States collectively respond that no individual state is deficient in their document production in response to this RFP. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. In particular, Plaintiff States contend that this request for "all documents" is overbroad. Plaintiff States have already produced all non-privileged responsive documents to Google when they produced all of the document production that they received from third parties during the investigation. The Plaintiff States have not received additional production from third parties that Google does not already possess. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff States South Carolina and the Commonwealth of Kentucky submit the following supplemental response:

- The Kentucky Office of the Attorney General relied, in part, on the documents it has produced in this case (bates range KYOAG_000000001 to KYOAG_2590)[2]  in responding to the Interrogatories. The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs) and it reserves the right to rely on those documents as well. The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024 submits the following supplemental response

- The South Carolina Office of the Attorney General (SCOAG) met and conferred with Google on May 9, 2023 regarding our search methodology to respond to Google's Requests for Production. As documented in correspondence between SCOAG and Google dated May 11, 2023, May 19, 2023, May 22, 2023, May 24, 2023, and June 6, 2023, SCOAG and Google agreed to a search methodology. SCOAG has produced all responsive, non-privileged documents that it located using the agreed upon search methodology. SCOAG also produced a metadata privilege log, as agreed to per Trevor Young's July 14, 2023 email. SCOAG does

---

[2]  These documents were produced in three batches on May 30, 2023, June 7, 2023, and June 23, 2023.



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

not have any outstanding document productions or privilege logs. If Google has any remaining concerns, South Carolina is available to meet and confer.

**RFP No. 11**: Requests all non-privileged documents and communications concerning any steps taken to discover facts alleged in this Action. Google specifically identifies Alaska, Arkansas, Florida, Idaho, Indiana, Kentucky, Louisiana, North Dakota, Nevada, and South Carolina as being deficient in response to this request. The Plaintiff States collectively respond that no individual state is deficient in their document production in response to this RFP. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. Plaintiff States have already produced all non-privileged responsive documents to Google when they produced all of the document production that they received from third parties during the investigation. The Plaintiff States have not received additional production from third parties that Google does not already possess. As Google is well aware, the Plaintiff States investigated Google's conduct as a multistate group, but the State of Texas was the primary point of contact with third parties and was the responsible party for hosting third party document productions that were accessible to all states within the multistate group. Texas' production of documents received from third parties was made on behalf of all Plaintiff States. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff States Nevada and South Carolina submit the following supplemental response

- The Nevada AG never independently issued any civil investigative demands or other compulsory process to any parties during the course of the multistate investigation that preceded the current Action.  Accordingly, the State has no non-privileged materials that would respond to RFP No. 11.

- The South Carolina Office of the Attorney General (SCOAG) met and conferred with Google on May 9, 2023 regarding our search methodology to respond to Google's Requests for Production. As documented in correspondence between SCOAG and Google dated May 11, 2023, May 19, 2023, May 22, 2023, May 24, 2023, and June 6, 2023, SCOAG and Google agreed to a search methodology. SCOAG has produced all responsive, non-privileged documents that it located using the agreed upon search methodology. SCOAG also produced a metadata privilege log, as agreed to per Trevor Young's July 14, 2023 email. SCOAG does not have any outstanding document productions or privilege logs. If Google has any remaining concerns, South Carolina is available to meet and confer.

**RFP No. 12**: Requests all documents reflecting document retention policies during the Relevant Period. Google identifies Arkansas, Louisiana, Mississippi, Missouri, Montana, North Dakota, South Dakota, and Utah as being deficient in response to this request. The Plaintiff States collectively respond that no individual state is deficient in their document production in response to this RFP. The Plaintiff States restate and maintain the objections to this RFP as set forth in their



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 14, 2023 R&Os to Google's First Requests for Production. States that have document retention polices have produced them or identified a link where Google can obtain them. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff States North Dakota and Utah provide the following supplemental response:

- The State of North Dakota's records retention schedules can also be found at https://apps.nd.gov/itd/recmgmt/rm/recSer/retention.pdf.

- The document retention policies for all Utah state agencies are publicly available and searchable at Retention Schedules (utah.gov). Specific retention schedules for the Division of Consumer Protection are available at the same website at Records Data (utah.gov). Likewise, retention policies specific to the Utah Office of the Attorney General are available at the same website at Records Data (utah.gov).

**RFP No. 13**: Requests all documents concerning Your state's use of Ad Tech Products or Display Advertising, including the use of Ad Tech Products or Display Advertising by each agency, department, entity, or division of Your state (including the office of the Attorney General) during the Relevant Period. Google specifically identifies Louisiana as being deficient on this request.[3] The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. In particular, Plaintiff States object to this request to the extent it requires them to produce documents that are not in a state's possession custody or control. Google can obtain such documents directly from state agencies that are not parties to this litigation. To the extent that any Plaintiff State's Office of the Attorney General uses Ad Tech Products or Display Advertising non-privileged responsive documents have been produced.

**RFP No. 14**: Requests Contracts and Terms of Service for each Google Ad Tech Product used during the Relevant Period and all communications concerning those contracts and Terms of Service. Google specifically identifies Arkansas, Indiana, Kentucky, and Louisiana[4] as being deficient in responding to this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, the Commonwealth of Kentucky submits the following supplemental response:

---

[3] *See* fn. 1 re: Louisiana's Feb. 14 production.
[4] *See* fn. 1 re: Louisiana's Feb. 14 production.



# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 15**: Requests Contracts and Terms of Service for each non-Google Ad Tech Product used during the Relevant Period and all communications concerning those contracts and Terms of Service. Google specifically identifies Indiana, Kentucky, and Louisiana[5] as being deficient in responding to this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Supplemental production is therefore unnecessary. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, the Commonwealth of Kentucky submits the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 16**: Requests all documents and data sufficient to show the impressions purchased by your state. Google specifically identifies Indiana, Kentucky, Louisiana,[6] and North Dakota as being deficient in responding to this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff States North Dakota and the Commonwealth of Kentucky provide the following supplemental response:

- North Dakota has produced all responsive documents in its possession, custody, or control that could be located through a reasonable search. North Dakota is willing to supplement its document production with documents received or generated after April 15, 2023, when North Dakota commenced the search for responsive documents.

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky

---

[5] *See* fn. 1 re: Louisiana's Feb. 14 production.
[6] *See* fn. 1 re: Louisiana's Feb. 14 production.



# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 17**: Requests documents sufficient to show for every Campaign ID identified in response to Request No. 16(l), the goals and objectives of that Campaign. Google specifically identifies Indiana, Kentucky, and Louisiana in response to this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, the Commonwealth of Kentucky provides the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 18**: Requests documents sufficient to show how your state calculates or assesses return on advertising spend, return on investment, and other Campaign objectives. Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Supplemental production is therefore unnecessary.

**RFP No. 19**: Requests documents reflecting your state's costs, profits, return on investment, return on advertising spend, and revenue associated with its Purchase of Display Advertising.  Google specifically identifies Kentucky and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, the Commonwealth of Kentucky provides the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

**RFP No. 20**: Requests documents reflecting how its costs, profits, return on investment, return on advertising spend, and revenue are impacted by Purchasing Display Advertising. Google specifically identifies Kentucky and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, the Commonwealth of Kentucky provides the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 21**: Requests documents reflecting the relative costs and benefits of Display Advertising versus other forms of advertising. Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, the Commonwealth of Kentucky provides the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 22**: Requests documents concerning clicks, impressions, conversions, return on advertising spend, or return on investment for Display Advertising that You received from any Ad Tech Provider, including any breakdowns by Transaction Type. Google specifically identifies Kentucky and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, the Commonwealth of Kentucky provides the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The



## KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 23**: Requests documents reflecting Your state's strategic plans, executive presentations, and financial statements relating to Display Advertising. Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Supplemental production is therefore unnecessary.

**RFP No. 24**: Requests documents reflecting how and why Your state sets, monitors, and adjusts its Display Advertising budget. Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, the Commonwealth of Kentucky provides the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 25**: Requests documents reflecting how Your state attributes conversions and any analyses of attribution (including internal and commissioned analyses purchased from an Agency, vendor, or consultant). Google specifically identifies Kentucky and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, the Commonwealth of Kentucky provides the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 26**: Requests documents sufficient to show how and why Your state shifts its advertising budget across various forms of advertising (such as Display Advertising, Search Advertising,



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Linear or Connected Television advertising, email, print, or radio advertising). Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, the Commonwealth of Kentucky provides the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 27**: Requests documents sufficient to show how and why Your state shifts its advertising budget across Ad Tech Providers. Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP.

**RFP No. 28**: Requests documents sufficient to show why and how often Your state shifts Display Advertising spend among Formats, between Direct and Indirect Transactions, among Environments, among social media and non-social media Properties, and between Inventory Purchases using Agencies and not using Agencies. Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, the Commonwealth of Kentucky provides the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 29**: Requests documents reflecting the consideration, evaluation, or comparison of Ad Tech Products or Ad Tech Providers (including actual or potential In-House Ad Tech Products), and their Features, effectiveness, and pricing. Google specifically identifies Indiana, Kentucky,



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Supplemental production is therefore unnecessary.

**RFP No. 30**: Requests documents reflecting the actual or considered switching from one Ad Tech Product to another Ad Tech Product, including the reasons for switching (or not doing so), the costs of switching, and the actual or potential impact of switching.  Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Supplemental production is therefore unnecessary.

**RFP No. 31**: Requests documents reflecting the consideration, evaluation, or comparison of Publishers or other direct or indirect sources of Inventory, including their Features, cost, or quality (including but not limited to incidence of domain spoofing, fraudulent Inventory, forced redirects, criminal scams, Malicious Ads, and fake software updates). Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Commonwealth of Kentucky provides the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 32**: Requests documents reflecting contracts or agreements (whether executed or draft) and negotiations concerning contracts or agreements related to Ad Tech, Ad Tech Providers or Display Advertising, including those related to Direct Transactions (and if no contract is available for a Direct Transaction, documents sufficient to show the date, parties, and material terms of the Direct Transaction). Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP.



## KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

**RFP No. 33**: Requests all documents reflecting contracts or agreements (whether executed or draft) with each agency Your state uses, has used, or has considered using for its Display Advertising, including documents reflecting the services each agency provides and how each agency is compensated for such agency's services. Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, the Commonwealth of Kentucky provides the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 34**: Requests documents concerning the effect on strategy or the cost effectiveness of Display Advertising. Google specifically identifies Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP.

**RFP No. 35**: Requests documents sufficient to show whether and why your state uses multiple Ad Buying Tools to Purchase Display Advertising. Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Supplemental production is therefore unnecessary.

**RFP No. 36**: Requests documents concerning the impact of Header Bidding on its Display Advertising strategy or the cost effectiveness of its Display Advertising. Google specifically identifies Louisiana as deficient regarding this request.[7]

**RFP No. 37**: Requests documents sufficient to show the factors that influence your choice of bidding strategies. Google specifically identifies Kentucky and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their

---

[7] See fn. 1 re: Louisiana's Feb. 14 production.



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP.

**RFP No. 38**: Requests documents reflecting the impact of Ad Blocking Tools on its Display Advertising strategy or the effectiveness thereof. Google specifically identifies Kentucky and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP.

**RFP No. 39**: Requests documents reflecting communications about Google, including commentary, praise, or complaints that it has about Google with respect to Display Advertising or any of Google's Ad Tech Products. Google specifically identifies Arkansas and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Supplemental production is therefore unnecessary.

**RFP No. 40**: Requests documents reflecting document retention policies during the Relevant Period. Google specifically identifies Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Supplemental production is therefore unnecessary.

**RFP No. 41**: Requests documents concerning information and advice received from advertising consultants or Agencies and information shared with advertising consultants or Agencies. Google specifically identifies Indiana, Kentucky, and Louisiana as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP.

**RFP No. 42**: Requests documents and communications reflecting any financial, business, or personal relationship between Your state's office of the Attorney General and any attorney or law firm representing You in this Action. Google identifies Alaska, Arkansas, Florida, Idaho, Kentucky, Louisiana, Puerto Rico, South Dakota and Texas as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

individual state is deficient in their document production in response to this RFP. Notwithstanding that position, and subject to and without waiving the March 14, 2023 objections:

- The Commonwealth of Kentucky is not represented by an outside attorney or law firm in this litigation. As a result, at this time, the Commonwealth has no additional documents to produce in response to this RFP.

- The State of Texas will produce the Norton Rose Fulbright contract along with the transmission of this letter.

**RFP No. 43:** Requests Communications with any party to this Action other than Google concerning Google, Display Advertising, or Ad Tech prior to December 16, 2020. Google identifies Alaska, Arkansas, Florida, Idaho, Kentucky, Louisiana, North Dakota, Nevada, and South Carolina as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. In particular, Plaintiff States contend that this request is overbroad. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. As Google knows, Texas was the primary point of contact with third parties during the pre-complaint investigation phase, and Texas conducted a reasonable search of all its communications with third parties and produced all non-privileged material in satisfaction of Judge Castel's substantial completion of discovery deadline in May 2023. Notwithstanding that position, and subject to and without waiving the March 14, 2023 objections, Plaintiff States Nevada and South Carolina submit the following supplemental response:

- After a reasonable search, the Nevada AG has found no documents in its custody, possession or control that are responsive to RFP 43.

- The South Carolina Office of the Attorney General (SCOAG) met and conferred with Google on May 9, 2023 regarding our search methodology to respond to Google's Requests for Production. As documented in correspondence between SCOAG and Google dated May 11, 2023, May 19, 2023, May 22, 2023, May 24, 2023, and June 6, 2023, SCOAG and Google agreed to a search methodology. SCOAG has produced all responsive, non-privileged documents that it located using the agreed upon search methodology. SCOAG also produced a metadata privilege log, as agreed to per Trevor Young's July 14, 2023 email. SCOAG does not have any outstanding document productions or privilege logs. If Google has any remaining concerns, South Carolina is available to meet and confer.

**RFP No. 44:** Requests documents and communications concerning any actual or potential contract or agreement with any other person regarding this Action. Google identifies Alaska, Arkansas, Florida, Idaho, Kentucky, Louisiana, Puerto Rico, South Dakota and Texas as deficient in response



## KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

to this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their March 14, 2023 R&Os to Google's First Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding that position, and subject to and without waiving the March 14, 2023 objections, the Commonwealth of Kentucky provides the following supplemental response:

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

**RFP No. 45**: Requests communications with non-parties. Google identifies Alaska, Arkansas, Florida, Kentucky, Louisiana, North Dakota, Nevada, and South Carolina as deficient regarding this request. The Plaintiff States restate and maintain the objections to this RFP as set forth in their July 21, 2023 R&Os to Google's Second Requests for Production. The Plaintiff States further respond that no individual state is deficient in their document production in response to this RFP. Notwithstanding that position, and subject to and without waiving the July 21, 2023 objections, Plaintiff States Nevada, South Carolina, and the Commonwealth of Kentucky submit the following supplemental response:

- The State of Nevada restates and maintains the objections to RFP No. 45 as described in the Plaintiff States' July 21, 2023 Responses and Objections to Google, LLC's Second Set of Requests for Production. Specifically, the only documents in the State's possession that may be responsive to RFP No. 45 are irrelevant, and/or are protected by the common interest doctrine. Specifically, the State became aware that Google issued FRCP 45 subpoena to the Nevada Department of Motor Vehicles, the College of Southern Nevada, and Western Nevada College, and the Nevada AG contacted counsel for those entities to discuss those subpoenas and the general nature of the current Action. Further, as disclosed in our prior response to ROG No. 1, the Nevada AG determined that several "Additional Nevada Agencies" had responsive information similar to that requested by Google in FRCP 45 subpoenas to other parties and explained that the Nevada AG was willing to facilitate voluntary productions from those agencies. The process of identifying those Additional Nevada Agencies and facilitating those productions entailed communications with counsel for those agencies and answering questions that constitute legal advice. Google has already received productions from each of those agencies, and communications about the process to identify them are not relevant to the State's claims in this case, especially considering that the State is **not** seeking damages on behalf of any purchases made by these agencies. Nevertheless, we are available to meet and confer if you want to further discuss RFP No. 45.



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

- The South Carolina Office of the Attorney General (SCOAG) met and conferred with Google on May 9, 2023 regarding our search methodology to respond to Google's Requests for Production. As documented in correspondence between SCOAG and Google dated May 11, 2023, May 19, 2023, May 22, 2023, May 24, 2023, and June 6, 2023, SCOAG and Google agreed to a search methodology. SCOAG has produced all responsive, non-privileged documents that it located using the agreed upon search methodology. SCOAG also produced a metadata privilege log, as agreed to per Trevor Young's July 14, 2023 email. SCOAG does not have any outstanding document productions or privilege logs. If Google has any remaining concerns, South Carolina is available to meet and confer.

- The Kentucky Office of the Attorney General anticipates making an additional document production in response to Google's First Set of Requests for Production (RFPs). The Kentucky Office of the Attorney General anticipates making this additional production to Google by February 26, 2024.

### Google's Interrogatories[8]

**Interrogatory No. 2**: Demands that Plaintiff States all remedies You seek in this Action, in what capacity (such as *parens patriae* or sovereign capacity) You seek each remedy, and the statutory or other legal basis for each such remedy. Google identifies all 17 Plaintiff States ad deficient in responding to this request. In their Fourth Am. R&Os, Plaintiff States provided updated information that sets forth the types of remedies sought, in what capacity each Plaintiff State seeks that remedy, and the bases for those remedies. Plaintiff State of Nevada further supplements its response as follows:

- The State of Nevada further states that Nevada does not actively seek disgorgement as a remedy even though paragraph 655 of the Fourth Amended Complaint lists "disgorgement" as among the remedies sought by the State for violations of the Nevada Unfair Trade Practices Act (but note, disgorgement is not included in the State's prayer for relief at paragraph 771). Under both (i) the Nevada Unfair Trade Practices Act, and (ii) the Nevada Deceptive Trade Practices Act, the State only seeks the remedies of injunctive relief, civil penalties, and attorney's fees and costs, as described in detail at paragraph 771 of the Fourth Amended Complaint.

**Interrogatory No. 3**: Demands that Plaintiff States identify all persons answering and supplying information in response to these Interrogatories and all documents You relied on to answer these Interrogatories. Google identifies Alaska, Arkansas, Florida, Idaho, Indiana, Kentucky, Louisiana, Montana, Nevada, North Dakota, Puerto Rico, and Utah as deficient in regard to this request. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Am.

---

[8]  Plaintiff Commonwealth of Kentucky incorporates by reference here the responses it provided in the Plaintiff States' Fourth Amended Responses and Objections to Google LLC's First Set of Interrogatories.



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

R&Os. Subject to those objections, Idaho, Nevada, Utah, North Dakota, Arkansas, and Alaska have amended their response to this interrogatory as follows.

- The Idaho Office of the Attorney General (IDOAG) further responds by identifying below the following individual, other than counsel, who supplied information to inform the response to Interrogatory No. 1:

  - Following discussions, Robyn Lockett, Division Chief of the Admin & Budget Division of the IDOAG, confirmed that the IDOAG had not purchased display advertising or used ad tech products during the Relevant Period.

- The State of Nevada specifically responds by identifying below the following individuals, other than counsel, who supplied information to inform its response to Interrogatory No. 1:

  - Following discussions with IT staff that actively maintain the Nevada AG website, IT Manager Rick Lacanilao confirmed that the Nevada AG has never purchased display advertising or paid for other advertising products during the Relevant Period.

  - The State of Nevada identified the Nevada State Treasurer as an "Additional Nevada Agency" that may have responsive information after reviewing information provided by its Chief of Staff, Kirsten Van Ry.

  - The State of Nevada identified the Silver State Health Insurance Exchange as an "Additional Nevada Agency" that may have responsive information after reviewing information provided by Janel Davis, its Chief Operating Officer, and Julian Tallent at the ABBI agency.

  - The State of Nevada identified the Division of Welfare and Supportive Services as an "Additional Nevada Agency" that may have responsive information after reviewing information provided by Karissa Looper, Agency Manager for the Division's Child Care and Development Program.

  - The State of Nevada identified the Nevada Department of Tourism and Cultural Affairs as an "Additional Nevada Agency" that may have responsive information after reviewing information provided by its Director, Brenda Scolari, and Chief Deputy Director, Mary Ellen Kawchak.

  - The State of Nevada identified the Health and Human Services Director's Office as an "Additional Nevada Agency" that may have responsive information after reviewing information provided by Shannon Litz, Director of Programs.



# KEN PAXTON

### ATTORNEY GENERAL OF TEXAS

○ The State of Nevada identified the Division of Public and Behavioral Health as an "Additional Nevada Agency" that may have responsive information after information provided by Vickie Ives, Health Bureau Chief, and Andrea Rivers, Agency Manager.

○ The State of Nevada identified the Division of Aging and Disability Services as an "Additional Nevada Agency" that may have responsive information after reviewing information provided by Tammy Sever, a Social Work Supervisor, and Jennifer Frischmann, Agency Manager.

- The Utah responding agencies further respond that consulted with their internal staff in responding to these interrogatories.

- North Dakota responds that Ryan Koppy, Sales, and Marketing Manager, at ND Lottery, supplied information to assist North Dakota's responses to the interrogatories.

- The State of Arkansas responds that in compiling its responses, the State of Arkansas relied on Senior Assistant Attorney General Charles Saunders, identified in Supplemental Response to Interrogatory No. 16. The only document(s) relied upon in compiling the State of Arkansas's responses were the Google AdWords account portal, of which Google has possession, custody, and control.

- Alaska is providing Defendants with a table containing the requested information separately from, and concurrently with, Plaintiffs' Fourth Amended responses.

**Interrogatory No. 4:** Demands that Plaintiff States identify all injured persons or categories of persons on whose behalf You as *parens patriae* seek monetary relief (including, where applicable, restitution, disgorgement, civil penalties, civil fines, or damages) in this Action, and for each person or category of persons state the following: a. whether the person is a natural person or legal entity; b. how the person has used Display Advertising or Ad Tech Products, including whether the person is a Publisher, Advertiser, or consumer; c. the person's state of residence, organization, or incorporation; d. if applicable, the person's principal place of business; e. the nature of the person's injury; and f. the specific monetary relief You seek as a result of the person's injury. Google specifically identifies Arkansas, Louisiana, Nevada, North Dakota, Puerto Rico, and South Dakota as deficient regarding this request. The Plaintiffs States continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os to this Interrogatory.

**Interrogatory No. 5:** Demands that Plaintiff States identify and quantify all harm to the general welfare and the economy of Your state for which You seek monetary relief (including, where applicable, restitution, disgorgement, civil penalties, civil fines, or damages) in this Action, and specify the particular relief You seek for each such harm. Google identifies all 17 Plaintiff States



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

as deficient regarding this interrogatory. In their Fourth Am. R&Os, Plaintiff States amended their response to Interrogatory No. 5 to identify the harm to the general welfare and the economy of the Plaintiff States caused by Google's anticompetitive and deceptive conduct. The updated response identifies the specific type of conduct alleged to have violated antitrust and consumer protection laws and identifies those harmed by the specific types of conduct, as well as to the broader impact to the general welfare and economy to the Plaintiff States.

**Interrogatory No. 6:** Demands that Plaintiff States identify all injunctive or structural relief You seek in this Action, including a description of: a. the specific relief sought; b. the applicable relevant market; c. the assets or Ad Tech Product(s) You expect to be impacted; d. the proposed duration of the relief; and e. how each type of relief sought would "restore competitive conditions in the relevant markets" as alleged in Paragraph 683(c)-(d) of the Third Amended Complaint. Google identifies all 17 states as deficient in response to this interrogatory. Plaintiff States, in their Fourth Am. R&Os, amended their response to Interrogatory No. 6 to identify all injunctive, structural, and behavior relief sought by Plaintiff States, at this time, to remedy Google's anticompetitive conduct.

**Interrogatory No. 7:** Demands that Plaintiff States identify the "data and information unlawfully taken from consumers by means of deceptive trade practices" for which You seek disgorgement in Paragraph 683(g) of the Third Amended Complaint and describe how such disgorgement is to be effected and implemented. Google has identified all 17 Plaintiff States as deficient regarding this interrogatory. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os to this Interrogatory, including that these constitute premature expert discovery. The operative response to this interrogatory is complete. With the exception of the supplement below, the Plaintiff States do not intend to amend their response.

- South Carolina is not seeking disgorgement under South Carolina's DTPA statute.

**Interrogatory No. 9**: Demands that Plaintiff States identify all persons other than Google with whom You communicated concerning an Investigation or this Action. In Your response: a. provide the date of each communication, the participants in the communication (including each participant's employer or affiliation), the method of the communication, and the subject matter discussed; and b. identify any documents disclosed by You or the person during each communication. Google has identified all 17 Plaintiff States as deficient regarding this interrogatory. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os. Notwithstanding this position, and subject to and without waiving the February 14, 2024 R&Os, Plaintiff States Texas, Missouri, and Mississippi submit the following response:

- Texas responds to Google's deficiency letter and confirms that all non-privileged communications between Texas and third parties during the Investigation have been produced.



# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

Google, therefore, has had access to and knowledge of those third parties since such productions. To the extent that another state communicated with a third party that did not involve Texas, such documents are not in Texas's possession, custody, or control. If Google is aware of another State (whether that state is a plaintiff in this litigation or not), Google should pursue those documents from said state.

- Missouri responds that it did not communicate with third parties about the investigation.

- Mississippi responds that it did not communicate with third parties about the investigation.

**Interrogatory No. 10**: Demands that Plaintiff States identify all persons other than Google who have provided You with information that You intend to rely on to support Your claims asserted in this Action, and provide a brief description of the information received from each such person. Google has identified Texas and Mississippi as deficient regarding this interrogatory. The State Plaintiffs continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os. Notwithstanding this position, and subject to and without waiving the February 14, 2024 R&Os. Plaintiff States Texasand Mississippi respond that the Plaintiff States have submitted amended initial disclosures, consistent with their Fourth Amended R&Os.


**Interrogatory No. 11**: Demands that Plaintiff States identify any communications with or from Google upon which You rely for any of Your claims, including the dates of such communications, the relevant individuals from You and Google who participated in such communications, the subject matter of such communications, and all documents related thereto. Google has identified all 17 Plaintiff States as deficient regarding this interrogatory. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os, including on the basis that this is a contention interrogatory that need not be answered until the conclusion of fact discovery.

**Interrogatory No. 12**: Demands that Plaintiff States identify all contracts that You allege coerced customers into using DFP with AdX, as set forth in Paragraphs 245-252 of the Third Amended Complaint. For each contract, identify the specific provisions You contend are coercive in nature. Google has identified all 17 Plaintiff States as deficient regarding this interrogatory. In their Fourth Am. R&Os, Plaintiff States identify specific Bates numbers of agreements between Google and publishers that relate to the Plaintiff States' tying claim coercive. The Fourth Am. R&Os also directs Google to specific relevant provisions of the agreements, provide a description of how the agreements at issue relate to the tying claim, as well as other documentary evidence of tying and the element of coercion. Plaintiff States note, however, that a complete response to this Interrogatory depends on Google having produced relevant agreements that Plaintiff States have requested in discovery that Google has not produced documents in response. Plaintiff States



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

reserve the right to update its response to Interrogatory No. 12 as additional evidence is produced by Google or identified by the Plaintiff States during discovery.

**Interrogatory No. 13**: Demands that Plaintiff States identify the "one large publisher" and all other "publishers" referenced in Paragraph 247 of the Third Amended Complaint. Google has identified all 17 Plaintiff States as deficient regarding this interrogatory. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os. The Plaintiff States have identified the "one large publisher" and believe that the operative response to this Interrogatory is complete.

**Interrogatory No. 14**: Demands that Plaintiff States identify the earliest date on which You believe Google possessed monopoly power in each of the markets that You allege to be relevant to Your claims, and describe how You believe Google obtained monopoly power in each of those markets. Google has identified all 17 Plaintiff States as deficient regarding this interrogatory. In their Fourth Am. R&Os, Plaintiff States identified the earliest date that Google possessed monopoly power in the markets for ad serving, ad exchanges, buying tools for small advertisers, and buying tools for large advertisers.

**Interrogatory No. 15**: Demands that Plaintiff States separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, identify each Ad Tech Product used during the Relevant Time Period, whether from Google or any other Ad Tech Provider. In Your response, provide:  a. the type of Ad Tech Product used; b. the amount of fees or Take Rate by month for each Ad Tech Product used; c. the dates during which each Ad Tech Product was used; d. all reasons for using and/or switching from one Ad Tech Product to another; and e. if applicable, all reasons for ceasing use of an Ad Tech Product. Google identifies Indiana, Kentucky and Louisiana as deficient regarding this interrogatory. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os. Notwithstanding this position, and subject to and without waiving the February 14, 2024 R&Os, Plaintiff State Indiana submits the following supplemental response:

- In the Fourth Am. R&Os, Indiana has supplemented its response to this Interrogatory.

**Interrogatory No. 16**: Demands that Plaintiff States separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, identify each account associated with each Ad Tech Product used and provide: a. the dates during which each account was in use; b. all entities associated with each account; c. all account IDs, including Google Customer IDs (CIDs), associated with each account; d. the individuals and entities, including external advertising agencies, who had responsibility for and access to each account and the contact information for each; and e. the settings for each account over time, including bidding methodologies for Display Advertisements (e.g., manual or automated bidding), bidding strategy, attribution and User tracking, any changes



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

made from the default settings including enabling or disabling certain Features, any limits or thresholds set for Bid amounts, the associated time period in which these changes were made, and reasons for doing so. Google identifies Indiana, Kentucky and Louisiana as deficient regarding this interrogatory. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os. Notwithstanding this position, and subject to and without waiving the February 14, 2024 R&Os, Plaintiff State Indiana submits the following supplemental response:

- In the Fourth Am. R&Os, Indiana has supplemented its response to this Interrogatory.

**Interrogatory No. 17**: Demands that Plaintiff States separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, identify the monthly return on investment or return on advertising spend as a result of using each Ad Tech Product, including Google as well as non-Google Products. In Your answer, describe how each agency, department, entity, or division determines return on investment or return on advertising spend. Google identifies Kentucky and Louisiana as deficient regarding this interrogatory.  The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os.

**Interrogatory No. 18**: Demands that Plaintiff States separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, identify all factors that have influenced Display Advertising strategy, selection of Ad Tech Providers, and selection of Ad Tech Products. Google identifies Indiana, Kentucky, Louisiana, and North Dakota as deficient regarding this interrogatory. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Amended R&Os. Notwithstanding this position, and subject to and without waiving the February 14, 2024 R&Os, Plaintiff States Indiana and North Dakota submit the following supplemental response:

- In the Fourth Am. R&Os, North Dakota has supplemented its response to this Interrogatory. ND Lottery does not tell its advertising agency what Ad Tech Providers and Ad Tech Products to use. ND Lottery hires an advertising agency to rely on their expertise.

- In the Fourth Am. R&Os, Indiana has supplemented its response to this Interrogatory.

**Interrogatory No. 19**: Demands that Plaintiff States separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, describe the impact of Header Bidding on Digital Advertising strategy or the cost effectiveness of Digital Advertising. Google identifies Louisiana as deficient in response to this interrogatory. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os.

**Interrogatory No. 20**: Demands that Plaintiff States separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Tech Products or Display Advertising, describe the Properties on which Display Advertisements have been placed, including any restrictions on the placement of Display Advertisements and any applicable criteria, settings, or parameters, or any instructions given to Agencies or Ad Tech Providers regarding the placement of Display Advertisements. Google specifically identifies Arkansas, Kentucky, and Louisiana as deficient regarding this interrogatory. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os. Notwithstanding this position, and subject to and without waiving the February 14, 2024 R&Os, Plaintiff State Arkansas submits the following supplemental response:

- The State of Arkansas responds that it operates a single AdWords campaign using Google AdTech. The Property "Type" of this campaign is "Search." As this campaign is part of the State of Arkansas's Google AdWords Account, Google has possession, custody, and control of all information concerning the Account Properties.

**Interrogatory No. 21**: Demands that Plaintiff States separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, identify by date and description any studies or analyses concerning return on investment for Display Advertising, including analyses comparing the performance, value, or effectiveness of Google Ad Tech Products to other Ad Tech Products. Google identifies Arkansas, Indiana, Kentucky, and Louisiana as deficient regarding this interrogatory. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os. Notwithstanding this position, and subject to and without waiving the February 14, 2024 R&Os, Plaintiff States Indiana and Arkansas submit the following supplemental response:

- In the Fourth Am. R&Os, Indiana has supplemented its response to this Interrogatory.

- The State of Arkansas responds that there are no studies or analyses that were used in reaching the determination to use Google Ad Tech Products over those of another provider. There is no documentation indicating that any other Ad Tech provider was considered.

**Interrogatory No. 22**: Demands that Plaintiff States identify all facts and documents supporting Your allegations concerning the alleged 2020 Facebook boycott described in Paragraph 175 of the Third Amended Complaint. Google identifies all 17 Plaintiff States as deficient regarding this interrogatory. As already stated to Google during various meet and confers, the information supporting the allegations in Paragraph 175 of the Third Amended Complaint are widely reported on in the public domain. Nevertheless, Plaintiff States' Fourth Am. R&Os provide Google with a list of those sources supporting those allegations.

**Interrogatory No. 26**: Demands that Plaintiff States, for each category of monetary relief (including where applicable restitution, disgorgement, civil penalties, civil fines, or damages) that You seek in this Action, provide a computation of the amount of each category of monetary relief



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

sought for each count. Google identifies all 17 Plaintiff States as deficient regarding this interrogatory. In their Fourth Am. R&Os, Plaintiff States set forth the various categories of monetary relief (including, where applicable, civil penalties, damages, disgorgement, and restitution) sought in this action for Google's violations of federal antitrust laws, and state antitrust and consumer protection laws. The response will further outline the specific conduct engaged in by Google that violated these laws (such as illegal tying, dynamic allocation, etc.), and a description of how monetary relief will be calculated for each of those violations. Additionally, Plaintiff State Utah submits the following supplemental response:

- The Utah responding agencies respond further by reiterating that they are not seeking monetary relief other than civil penalties, fines, and attorneys' fees and costs as *parens patriae* and in their sovereign capacity. Civil penalties for violations of the UAA are awarded by the court under Utah Code §76-10-3108(2) of not more than $500,000 per violation. Civil fines for violations of the Utah CSPA are awarded and calculated by the court taking into account the factors listed in Utah Code §13-11.17(6).  Likewise, reasonable attorneys' fees and costs under the UAA and the CSPA are awarded by the court under Utah Code §76-10-3109(11) and Utah Code §13-11-17.5.

**Interrogatory No. 27**: Demands that Plaintiff States identify all persons with relevant knowledge concerning Your claims in this Action. Google identifies Texas, Missouri, and Mississippi as deficient regarding this interrogatory. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Am. R&Os. Notwithstanding this position, and subject to and without waiving the March 14, 2023 R&Os, Plaintiff States Texas, Missouri, respond that the Plaintiff States have submitted amended initial disclosures, consistent with their Fourth Amended R&Os.

**Interrogatory No. 29**: Demands that Plaintiff States, with respect to each harm or injury for which You seek relief in this Action in Your sovereign capacity, identify each person with knowledge of that harm or injury. The Plaintiff States continue to object to this interrogatory on the basis set forth in the Fourth Amended R&Os. Notwithstanding this position, and subject to and without waiving the February 14, 2024 R&Os, Plaintiff State Utah specifically submits the following supplemental response:

- The Utah responding agencies reiterate that they are not seeking monetary relief other than civil penalties, fines, and attorneys' fees and costs as *parens patriae* and in their sovereign capacity.

**Interrogatory No. 30:** Demands that Plaintiff States, with respect to each harm or injury for which You seek relief in this Action as *parens patriae*, identify each person with knowledge of that harm or injury. Although Google only identifies Arkansas, Nevada, North Dakota, Puerto Rico, South



# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

Dakota, and Texas, Plaintiff States acknowledge that the Forth Am. R&Os implicated additional states. Nevertheless, in their Fourth Am. R&Os, Plaintiff States provide Google with the categories of persons harmed by Google's anticompetitive and deceptive conduct and provide a further explanation of the resulting harms to the general welfare and economies of the Plaintiff States.

**Interrogatory No. 31**: Demands that Plaintiff States, with respect to each harm or injury to the general welfare and the economy of Your state for which You seek relief in this Action, identify each person with knowledge of that harm or injury. Google identifies all 17 Plaintiff States as deficient regarding this interrogatory. However, in their Fourth Am. R&Os, Plaintiff States provide Google with categories of persons harmed by Google's anticompetitive and deceptive conduct and provide a further explanation of the resulting harms to the general welfare and economies of the Plaintiff States.

Sincerely,

*/s/ Trevor Young*
Deputy Division Chief
Antitrust Division