IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § § § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § § § | |
| GOOGLE LLC | § | |

## REPORT AND RECOMMENDATION OF SPECIAL MASTER UPON REMAND

The Special Master filed his Report and Recommendation as to a Coordination Order on February 12, 2024. (Dkt. #230) (the "February 12 Report and Recommendation"). Google timely filed its Request for Remand or in the Alternative Acceptance and Modification of the Special Master's Report and Recommendation Regarding Coordination (Dkt. #240) (the "Request"). The Court held a status conference with the parties on February 15, 2024, which the Special Master listened to via the public audio-only feed, at which the parties presented their positions with respect to the Request. Additionally, the Special Master reviewed the transcript of the February 15 status conference. On February 16, 2024, the Court remanded to the Special Master for further consideration the shared discovery provisions of the proposed Coordination Order. (Dkt. #249).

The Special Master's original recommended Coordination Order defines "Shared Discovery" as including:

> (1) all documents, data, and written discovery (e.g., interrogatory responses) produced to a Party, or served on a Party, by or from another Party or third party during fact discovery in the Virginia Case; and (2) all documents, data, and written discovery (e.g., interrogatory responses) produced to a Party, or served on a Party, by or from

REPORT AND RECOMMENDATION OF SPECIAL MASTER UPON REMAND – Page 1

> another Party or third party in a Coordinated Case during the Coordinated Discovery Period, and does not include expert discovery.

(Dkt. #230-1 at 5–6).

Google's position is based on a ruling from the MDL Court—17 minutes before the filing of the February 12 Report and Recommendation—denying MDL Plaintiffs' motion to compel Google to produce written discovery from the Virginia Action. (Dkt. #240 at 2); (*see also* MDL Action, Dkt. #694 ¶ 2). Google argues that the recommended Coordination Order should be reconsidered or modified to exclude the sharing of written discovery. (Dkt. #240 at 3).

The Special Master has closely reviewed the MDL Court's order. The MDL Court initially notes the "MDL Plaintiffs are correct that the [written discovery] materials are easily assembled and could contain information relevant to the cases that are part of this MDL." (MDL Action, Dkt. #694 ¶ 2). The MDL Court further reasons:

> One . . . reason why the E.D. Va. Written Discovery might be discoverable in this action is that it is necessary and appropriate to the implementation of the Order Regarding Coordination of Discovery entered by this Court. (ECF 564.) But the carefully crafted Order addresses certain coordinated depositions and certain limited exchange of expert discovery but pointedly does not require the production of the E.D. Va. Written Discovery to the MDL Plaintiffs or vice versa.

(*Id.*). The MDL Court ultimately concluded that the Virginia Plaintiffs' discovery responses were not "discoverable in this MDL." (*Id.*).[1]

---

[1] The Special Master notes that the MDL Court's denial of discovery of "all discovery related correspondence" in the Virginia Action is consistent with the February 12

**REPORT AND RECOMMENDATION OF SPECIAL MASTER UPON REMAND – Page 2**

The Special Master recognizes the MDL Court's order, and therefore will not recommend that the Coordination Order require that Virginia Plaintiffs' written discovery be shared "in th[e] MDL." Nonetheless, upon careful consideration, the Special Master respectfully finds that written discovery in the Virginia Action is in fact "relevant" and discoverable in this Texas Action.[2] Eastern District of Texas Local Rule CV-26(d)(1)–(5) provides guidance as to what information is relevant. Further, and importantly, this Court's Scheduling Order provides that in determining whether information is "relevant to the claim or defense of any party," "the parties are directed to Local Rule CV-26(d)." (Dkt. #194 at 4). Accordingly, under this Court's Local Rule and Judge Jordan's Order, the written discovery from the Virginia Action is "relevant." The Special Master therefore recommends that the Coordination Order continue to permit sharing of written discovery across the three Actions,[3] but in recognition of the MDL Court's ruling, will not include sharing of Virginia Plaintiffs' written discovery responses from the Virginia Action to the MDL Plaintiffs.[4]

This modest revision to the recommendation recognizes different approaches to shared discovery taken by the MDL Court and this Court, in part based upon this Court's Local Rule. Further, there are efficiency gains to the parties and judiciary

---

Report and Recommendation. (*Compare* MDL Action, Dkt. #694 *with* Dkt. #230 at 7–8).

[2] There is no contention as to burden or privilege with respect to the written discovery.
[3] Google states it has agreed to produce *its own interrogatory responses* to the Virginia Plaintiffs' interrogatories to the MDL Plaintiffs. (Dkt. #240 at 2). Google also states it "has already produced in this case Google's own responses to the DOJ's interrogatories." (*Id.* at 3).
[4] Google has not pointed to—and the Special Master is not otherwise aware of—any ruling from the Virginia Court prohibiting the sharing of Virginia Plaintiffs' written discovery in this Action or to the MDL Plaintiffs.

**REPORT AND RECOMMENDATION OF SPECIAL MASTER UPON REMAND – Page 3**

from sharing written discovery that arises from essentially the same claims pending in three different courts. The Special Master's recommendation upon remand excludes written discovery served by Virginia Plaintiffs in the Virginia Case from shared discovery required to be produced to MDL Plaintiffs. (*See* Ex. 1 ¶ 1(cc)).[5] But otherwise, the Special Master makes no further change to the February 12 Report and Recommendation.

The Special Master recommends that the Court adopt the recommended amended Coordination Order attached hereto.

Signed this 20th day of February, 2024.

David T. Moran
**Special Master**
TXBN: 14419400
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6051
E-mail: dmoran@jw.com

---

[5] The Special Master acknowledges Google's "comity" argument. (Dkt. #240 at 3–4). In the February 12 Report and Recommendation, the Special Master took note of the Virginia Court's ruling declining to "further order" the sharing of **expert** discovery (*see* Dkt. #230 at 6). Adherence here to the recommended Coordination Order as to written discovery (*e.g.*, interrogatories) would not be in conflict with that ruling as to sharing of expert materials or any other order. *See supra* n.4.

**REPORT AND RECOMMENDATION OF SPECIAL MASTER UPON REMAND – Page 4**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 20th day of February, 2024. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

_____
David T. Moran

**REPORT AND RECOMMENDATION OF SPECIAL MASTER UPON REMAND – Page 5**