IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

THE STATE OF TEXAS, et al.,

      Plaintiffs,

v.

GOOGLE LLC,

      Defendant.

Civil Action No. 4:20-cv-00957-SDJ

# EXHIBIT 2

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER**
**<u>FOR THE FEBRUARY 22, 2024 HEARING</u>**

November 12, 2023

<u>**Via E-mail**</u>

Eric Mahr
Julie S. Elmer
Freshfields Bruckhaus Deringer LLP
700 13th Street NW, 10th Floor
Washington, DC  20005
Eric.mahr@freshfields.com
julie.elmer@freshfields.com

R. Paul Yetter
Bryce Callahan
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

John D. Harkrider
Axinn Veltrop & Harkrider, LLP
114 West 47th Street
New York, NY  10036
jharkrider@axinn.com

Daniel S. Bitton
Axinn Veltrop & Harkrider, LLP
560 Mission St.
San Francisco, CA 94105
dbitton@axinn.com

**Re: In re Google Digital Advertising Antitrust Litigation**

Dear Counsel:

The MDL and E.D. Tex. Plaintiffs write to address a large number of deficiencies in Google's privilege logs and to request that Google cure these deficiencies to avoid further prejudice to Plaintiffs. Through its privilege log assertions, Google improperly seeks to shield non-privileged relevant communications. Google's privilege assertions as to the documents listed in the appendices, outlined below and contemporaneously sent with this letter, are unsupported. Therefore, we request that you produce updated privilege logs by **November 27, 2023**. Your immediate attention to this matter is appreciated.

### I.    Privilege Standards

Google cannot make blanket, boilerplate privilege assertions and skirt federal discovery rules. The attorney-client privilege is a narrow exception to the broad disclosure requirements of Rule 26. Google, as the party asserting the privilege, bears the burden of proving the communications were (i) between a client and his or her attorney; (ii) intended to be, and in fact were, kept confidential; (iii) for the purpose of obtaining or providing legal assistance. *E.E.O.C. v. BDO USA,*

November 12, 2023
Via E-mail
Page 2

*L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017); *see also Brennan Ctr. for Justice at New York Univ. Sch. of Law v. U.S. Dep't of Justice*, 697 F.3d 184, 207 (2d Cir. 2012); *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.*, 119 F.3d 210, 214 (2d Cir. 1997). The privilege does not protect every communication with an attorney.

Thus, it is improper for Google to designate a communication as privileged when an attorney is simply included on or added to a communication with a general request (or no request) for advice, such as under Google's "Communicate with Care" practice. For instance, GOOG-AT-MDL-009013292 redacts comments as allegedly privileged, but another document, GOOG-DOJ-AT-02096294 at -02096297, confirms that the redacted portion of GOOG-AT-MDL-009013292 is not privileged at all. It merely says the user **will** "loop in legal." *See* Ex. 1; *see also* Exs. 2, 3. These communications do not seek or receive legal advice and their primary motivating factor does not appear to have been future litigation. The communications are business discussions for which privilege has been improperly invoked.

Although our review of Google's privilege logs is still ongoing, we ask that Google promptly re-review all "silent-attorney emails"—*i.e.*, a communication that refers to legal (e.g., looping in legal, adding legal, copying legal) or that includes an attorney with a general or no request for advice from the attorney, where an attorney does not respond or engage in further discussion—to identify communications that should be de-designated.

Likewise, the work product doctrine is another *limited* exception that protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3)(A); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 400 (E.D. Tex. 2003); *see also United States v. Adlman,* 134 F.3d 1194 (2d Cir. 1998); *Bloomingburg Jewish Educ. Ctr. v. Village of Bloomingburg*, 171 F. Supp. 3d 136, 141–42 (S.D.N.Y. 2016) ("The work-product rule shields from disclosure materials prepared in anticipation of litigation by a party, or the party's representative."). To be prepared in anticipation of litigation or for trial, "the party [must have] had a reason to anticipate litigation and 'the primary motivating purpose behind the creation of the document [must be] to aid in possible future litigation.'" *Ferko*, 219 F.R.D. at 400 (quoting *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000)); *see also Stewart Enters., Inc. v. RSUI Indem. Co., Inc.*, No. 07-4514, 2008 WL 11357734, at *1 (E.D. La. Oct. 1, 2008) (noting that "[a] but for' test is frequently used to determine whether the motivation that prompted the creation of a document was litigation or some other reason."). The work product privilege is not a blanket protection for any document prepared at or under the direction of an attorney.

## II.    Requirements for Google's Privilege Log

The general requirements for a privilege log are as follows:

> The standard for testing the adequacy of a privilege log is whether each entry sets forth facts sufficient to establish each element of the claimed privilege. The focus is on the specific descriptive portion of the log, and not on conclusory invocations of the privilege or work-product rule, since the burden of the party withholding documents cannot be discharged by mere conclusory assertions. . . . Generally, a privilege log should not only identify the date, the

November 12, 2023
Via E-mail
Page 3

> author, and all recipients of each document listed therein, but should also
> describe the document's subject matter, purpose for its production, and specific
> explanation of why the document is privileged or immune from discovery. . . .
> Where a party fails to comply with the requirements of Rule 26(b)(5) by
> submitting an inadequate privilege log, the claim of privilege may be denied.

*United States v. Louisiana*, No. 11-470, 2015 WL 4619561, at *2 (M.D. La. July 31, 2015) (cleaned up); *see also BDO USA*, 876 F.3d at 696–97; *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 18-cv-4044, 2021 WL 1968325, at *3 (S.D.N.Y. Mar. 31, 2021).

Against this backdrop, courts have provided guidance as to the requirements for privilege logs. For instance, Judge Castel ordered that Google's privilege logs must provide the following information:

> a. A sequential number associated with each entry in the privilege log (Column A: row 1, row 2, row 3, etc.);
>
> b. Where applicable, BegBates and Parent BegBates;
>
> c. The Custodian or Custodial or Non-Custodial Data Source from which the Document was collected;
>
> d. The name of each person who sent, authored, or otherwise prepared the Document;
>
> e. The identity of each person designated as an addressee or copyee, including CC and BCC (copyees and blind copyees shall appear in separate fields);
>
> f. The date;
>
> g. A description, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), of the contents of the withheld Document that, without revealing information that is itself privileged or protected, is sufficient to enable other Parties to understand the general subject matter of the Document and assess the basis of the claim of privilege or other protection from disclosure;
>
> h. To the extent reasonably available, the name of the attorney(s) and legal organization who provided the legal advice at issue, from whom the legal advice at issue is requested, who directed the facilitation of the legal advice at issue, and/or who requested or prepared the Document;
>
> i. The nature of the privilege or protection asserted (i.e., attorney-client privilege, work product doctrine).

Order Regarding Discovery Procedure ("Order"), *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010-PKC (S.D.N.Y. Mar. 17, 2023) (Dkt. 508) § V.3. Additionally, "[e]ach entry on

November 12, 2023
Via E-mail
Page 4

a privilege log must indicate each person, group, or entity who was acting in a legal capacity with respect to that particular document." *Id.* § V.6.

### III.   Deficiencies in Google's Privilege Logs

While our review remains ongoing,[1] Google's multiple volumes of privilege logs, containing over 250,000 entries, contain many entries that: (i) do not establish the underlying documents are privileged; (ii) do not provide information sufficient to allow Plaintiffs to assess the privilege claim; or (iii) fail to show, even if a part of the document was privileged, why Google withheld the entire document instead of producing a redacted version. The deficiencies in Google's privilege logs can be broken out into the following general categories:

- **Google must provide clarification regarding how it identifies attorneys who are acting in a legal capacity.** A number of entries on Google's privilege logs identify individuals with the abbreviation "ESQ" after the individual's name, but elsewhere, entries omit the "ESQ" abbreviation. *See* App'x A (listing individuals without the "ESQ" abbreviation that appear elsewhere in Google's privilege logs **with** the "ESQ" abbreviation). Google must confirm whether this inclusion means that those individuals are attorneys *acting in a legal capacity*, while those without "ESQ" are not, or otherwise explain how it identifies attorneys acting in a legal capacity on the privilege logs. Additionally, individuals who appear to be attorneys do not have an "ESQ" after their name when listed in the "Email From/Author," "Email To," or "Email CC" columns. *See* App'x A. Please provide a list of attorneys, their titles, and email addresses, and explain how Google has identified when an attorney is acting in a legal versus non-legal capacity

- **Entries where the lawyer is not included in the communication.** Google's privilege logs assert the attorney-client privilege for over 43,000 communications that do not appear to include any lawyers. Non-lawyer communications are generally not privileged, unless they discuss or transmit legal advice from a lawyer.  Therefore, for Google's privilege assertions for non-lawyer communications, more information—including the identity of the lawyer whose advice is being discussed or transmitted and the general subject matter of that advice—is required for Google to meet its burden to establish that the non-lawyer communications actually are privileged. Otherwise, they are not privileged and must be produced. *See* App'x B. Moreover, even where the privilege may attach, Google has not established that wholesale withholding, rather than redaction, is proper.

- **Entries where the lawyer is not included in the "Email From / Author" or "Email To" Field.** Google's privilege logs assert the attorney-client privilege for over 12,000 communications that do not include a lawyer in the "Email From / Author" or "Email To" fields but instead merely copy a lawyer. More information is required to understand how the lawyer was providing or being asked to provide legal advice when copied on the

---

[1] We recently received volumes 9A, 9B, 9C, 10A, and 10B of Google's privilege log (the "Recent Logs"). Google should fix the same deficiencies as outlined in this letter in the Recent Logs (and any forthcoming volumes of Google's privilege logs). Plaintiffs reserve the right to raise the same and additional deficiencies with the Recent Logs.

November 12, 2023
Via E-mail
Page 5

communication, and for Google to meet its burden to establish that these communications actually are privileged communications reflecting the advice of counsel. *See* App'x C.

- **Entries describing withheld memoranda or presentations "containing and revealing" or "incorporating" legal advice.** Google must explain why these memoranda and presentations are properly treated as privileged attorney-client communications or protected work product. Many non-privileged documents on Google's logs "incorporate" legal advice without disclosing any such advice. Google also must justify its decision to withhold these documents in their entirety rather than providing redacted versions. *See* App'x D.

- **Entries where the narrative does not name a lawyer.** Many entries do not disclose the name of the attorney or legal organization who provided the legal advice at issue, from whom legal advice is requested, who directed the facilitation of legal advice, and/or who requested or prepared the document. Instead, the entries simply refer to "legal advice of counsel," without disclosing the name of the attorney or attorneys who furnished such advice. At least one entry, GGPL-1071112559, describes a document seeking advice from **an economist**, not an attorney, which plainly is an unprotected communication. These entries must be updated to identify the lawyer who provided legal advice. *See* App'x E.

- **Entries describing withheld meeting minutes without explaining why the minutes could not have been redacted.** Attorney-client privilege does not necessarily apply to meeting minutes. *See Johansen v. Trico Marine Int'l*, No. H-07-3767, 2009 WL 10694196, at *2 (S.D. Tex. Sept. 15, 2009) (rejecting defendants' assertion of attorney-client privilege over board meeting minutes where they had "not shown that legal counsel is the primary purpose of all the communications Defendants seek to shield" and where "legal counsel is not the primary reason the Board held meetings or communicated during the meeting"); *see also TIG Ins. Co. v. Swiss Reins. Am. Corp. F/K/A North Am. Reins. Corp.*, No. 21 Civ. 8975 (NSR) (JCM), 2023 WL 6058649, at *5 (S.D.N.Y. Sept. 18, 2023) (ordering defendant to produce communications that included both legal and non-legal advice with the legal advice redacted). If legal advice was presented during a meeting, then that portion of the minutes disclosing such advice can be redacted. Google instead has completely withheld meeting minutes, which is not proper absent a showing that *only* legal advice is disclosed in the minutes. *See* App'x F.

- **Emails sent to or from domains other than @google.com.** Any communication between Google and its attorneys where a third party is present is presumptively *not* privileged. Google's privilege logs include communications with individuals other than those with an email address with the domain @google.com. Google must update its logs and explain why it contends such communications are nevertheless properly withheld, so that Plaintiffs can "assess the basis of the claim of privilege." (MDL Doc. 508, § 5.3.g.) *See* App'x G.

- **Entries with undefined terms.** As stated above, privilege logs should disclose the name of the attorney(s) and legal organization who provided the legal advice at issue, from whom legal advice is requested, who directed the facilitation of legal advice, and/or who

November 12, 2023
Via E-mail
Page 6

requested or prepared the document. Many entries in Google's privilege logs, however, refer to terms which are not defined by the log (e.g., "competition counsel"; "Email containing legal advice of EU Competition Counsel re updates on EC SO process") and therefore do not provide Plaintiffs with sufficient information to assess the privilege claim. *See* App'x H.

- **Entries with facially incomplete or inadequate narratives.** Google's privilege logs also contain entries that provide no information at all. For example, the privilege description for GGPL-4210107821 simply states, "regarding." This obviously does not provide Plaintiffs with the information required by the Order. *See* App'x I.

- **Entries using the language of work product protection (e.g., "prepared at the direction of counsel") without explaining the primary motivating purpose behind the creation of the document as aiding in possible future litigation.** That a document or communication was prepared at or under the direction of counsel (or similar variations of this language) does not mean the document or communication is privileged. Only documents or communications created for the primary purpose of aiding potential future litigation qualify for work product protection. Many entries on Google's privilege log fail to demonstrate that future litigation was the primary motivating purpose behind the document's creation. *See* App'x J.

- **Entries for images or charts.** Google must either produce these documents or explain how an image or chart contains legal advice or work product. *See* App'x K.

- **Vague entries.** Many of Google's privilege log entries contain bare-bones, conclusory assertions of privilege without a detailed explanation. For instance, *in just Volume 1*, over 20,000 entries reference, broadly, emails seeking/containing legal advice of counsel regarding contractual issues. In that same volume, over 10,000 entries broadly refer to emails seeking/containing legal advice of counsel regarding regulatory issues. These entries offer no insight into the privilege claim and are far too generic to enable Plaintiffs to understand the general subject matter of the document and assess the basis of the privilege claim. *See* App'x L.

The above-referenced appendices can be accessed at the link, sent with this letter, with the password to be emailed separately.

Please address all of the above deficiencies by producing a revised set (and redlined set) of Google's privilege logs by **November 27, 2023**. We reserve the right to raise additional deficiencies going forward.

November 12, 2023
Via E-mail
Page 7


Sincerely,


*/s/ Zeke DeRose III                    .*
Zeke.DeRose@LanierLawFirm.com
**THE LANIER FIRM, P.C.**
10940 W. Sam Houston Parkway N.,
Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204


**NORTON ROSE FULBRIGHT US LLP**

Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas  77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas  78701
(512) 474-5201


***For the Plaintiff State of Texas***

*/s/ Philip Korologos*
Philip Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

Jordan Elias
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415-981-4800
jelias@girardsharp.com

Serina M. Vash
**HERMAN JONES LLP**
153 Central Avenue #131
Westfield, New Jersey 07090
Telephone: 404-504-6516
svash@hermanjones.com

***The MDL Plaintiffs' Discovery Steering Committee***

November 12, 2023
Via E-mail
Page 8

# EXHIBIT 1

November 12, 2023
Via E-mail
Page 9

*Compare GOOG-DOJ-AT-02096297:*



November 12, 2023
Via E-mail
Page 10

**with GOOG-AT-MDL-009013292:**



November 12, 2023
Via E-mail
Page 11

# EXHIBIT 2

November 12, 2023
Via E-mail
Page 12

**Compare**

***GOOG-NE-12982388:***



*GOOG-NE-12982390:*



**With**

***GOOG-DOJ-12954899:***



***GOOG-DOJ-12954901:***

November 12, 2023
Via E-mail
Page 13

# EXHIBIT 3

November 12, 2023
Via E-mail
Page 14

*Compare GOOG-DOJ-15224723:*



*With GOOG-DOJ-06877536 / GOOG-NE-6874282:*

