***FILED UNDER SEAL***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT 3

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE FEBRUARY 22, 2024 HEARING**



**Via Email**

Philip Korologos
Boies Schiller Flexner LLP
Pkorologos@BSFLLP.com

Jordan Elias
Girard Sharp LLP
jelias@girardsharp.com

Serina Vash
Herman Jones LLP
svash@hermanjones.com

Zeke DeRose III
The Lanier Law Firm, PC
Zeke.DeRose@lanierlawfirm.com

Joseph M. Graham, Jr.
Geraldine Young
Marc B. Collier
Norton Rose Fulbright US LLP
joseph.graham@nortonrosefulbright.com
geraldine.young@nortonrosefulbright.com
marc.collier@northrosefulbright.com

**New York**
601 Lexington Avenue
31st Floor
New York, NY 10022
T +1 212 277 4000 (Switchboard)
   +1 212 284 4910 (Direct)
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

November 30, 2023

Re:   *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC) (S.D.N.Y.); *State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.)

Counsel:

We write on behalf of Defendants Google LLC, Alphabet Inc., and YouTube, LLC ("Google") in response to your letter dated November 12, 2023.  As you know, Google has produced more than six million documents in response to Plaintiffs' extremely broad requests for production.  Many of the documents produced are drawn from a time period in which Google was under investigation by, or in litigation against, multiple regulators and parties, including Plaintiffs.  It should therefore come as no surprise that Google has properly withheld documents as privileged or otherwise protected from production.  As set forth below, Plaintiffs' various criticisms of Google's comprehensive privilege logs lack merit.

*First*, Plaintiffs' letter recites many of the same unsuccessful arguments and misstatements of governing law that plaintiffs in these cases and in the related case in the Eastern District of Virginia, *United States v. Google LLC* (the "EDVA Case"), have already made with respect to the same population of documents that you now challenge.  For example, plaintiffs in the MDL and the EDVA cases have failed to show that documents or communications that do not directly include a lawyer—including those containing, revealing, or incorporating legal advice, or those prepared at the direction of counsel in response to regulatory investigations—are categorically not privileged.  *See* Order Regarding Clawback Documents, MDL ECF No. 438; EDVA ECF No. 271 (order declining *in camera* review of 20 out of 21 of Google's privilege claims challenged by plaintiffs, including on the basis of not directly including a lawyer and documents prepared at the direction of counsel in response to regulatory investigations ); EDVA ECF No. 274 (order recognizing in part that remaining document addressing "potential regulatory risks" reflected "direct input from . . . counsel" and was thus properly protected); *see also* Hearing Tr. at 46:23-48:18, *United States v. Google LLC*, No. 1:23-cv-108 (E.D. Va. June 15, 2023) (declining *in camera* review of 17 documents prepared in response to active investigations).  Given that Judge Castel and Magistrate Judge Anderson have already opined on many of the governing principles of law related to the proper withholding of privileged materials, we do not see the need to respond to the various misstated formulations of law in your letter that have already been considered and rejected by those Courts.

*Second*, we are concerned that Plaintiffs are not complying with Paragraph 12(d) of the Modified Confidentiality Order, MDL ECF No. 297.  That provision states that "[i]f a Receiving Party becomes aware that it is in receipt of information or material that it knows or reasonably should know is privileged," then it must "immediately . . . stop reading such information or material" and then "notify counsel for the Producing Party" and take other remedial steps.  Since July 22, 2023, EDVA Plaintiffs have sent us at least 22 separate notifications that they are in receipt of over 40 documents that they "know or reasonably should know" are privileged, and have sequestered those documents.

By contrast, Plaintiffs have never sent any such notification.  Having reviewed your letter and its Exhibits, we are concerned that Plaintiffs may have searched for unredacted versions of Exhibits 1 through 3—and potentially other redacted documents in Google's productions—for the purpose of challenging Google's privilege assertions.  To the extent that Plaintiffs find unredacted versions of otherwise redacted documents, they are on notice of Google's privilege assertions and it is Plaintiffs' responsibility to "immediately . . . stop reading such information or material" and then "notify counsel for the Producing Party." MDL ECF No. 297 at ¶ 12.  Given that the MDL and State Plaintiffs have yet to send *any* notifications to Google pursuant to Paragraph 12(d) of the Confidentiality Order, please confirm that the MDL and State Plaintiffs have *not* identified any "material that [they] know[] or reasonably should know[] is privileged," including the content underlying privilege or work product redactions in documents where that content was inadvertently not redacted.

*Third*, and against that backdrop, most of Plaintiffs' criticisms of Google's privilege logs are overblown, ignore the procedural history of this case and the EDVA Case, or otherwise lack basis:

November 30, 2023
Page 3

- **List of attorneys acting in a legal capacity**: Plaintiffs demand that Google provide "a list of attorneys, their titles, and email addresses" as well as an explanation of "how Google has identified when an attorney is acting in a legal versus non-legal capacity." But Plaintiffs offer no authority—and we are unaware of any—to support this request. Moreover, the governing ESI Order, which was heavily negotiated, does not require such a list. Creating a list of the thousands of attorneys referenced in the privilege logs would be vastly disproportionate to the needs of this case.

- **Entries where a lawyer is not included in the communication or the to/from fields, or entries that contain, reveal, or incorporate legal advice**: Plaintiffs in these cases and in the EDVA Case have already sought to test Google's privilege claims for communications that are not to or from attorneys or where no attorneys are included on the document, and both Judge Castel and Magistrate Judge Anderson have decided in Google's favor. *See* MDL ECF No. 438 at 6 (recognizing that both the attorney-client privilege and the work product doctrine apply to a non-attorney's notes relating to a project supervised by counsel that reveal a request for legal advice); *id.* at 7 (ruling part of slide deck reflecting legal advice from counsel was protected by the attorney-client privilege); EDVA ECF No. 274 at 2 (recognizing privilege extends to a document prepared by a non-attorney bearing information relating to potential regulatory risks and analysis of the risks because such information "include[d] direct input from . . . counsel"). As Plaintiffs themselves acknowledge, Ltr. at 4, the attorney-client privilege extends to non-attorney communications revealing or discussing legal advice or preparing to obtain legal advice, which is precisely the type of documents logged in Plaintiffs' Appendices B, C, and D.

- **Names of specific attorneys**: As Plaintiffs acknowledge, Ltr. at 3, the governing ESI Order requires that the names of specific attorneys who provided the legal advice be logged only "to the extent reasonably available." MDL ECF No. 508 at ¶ V(3)(h). That is precisely what Google has done, listing names of attorneys providing the advice in hundreds of thousands of privilege log entries where that information is reasonably available from the face of the document.

- **Domains other than @google.com**: Plaintiffs complain of emails logged that contain email domains other than @google.com, but most of the entries in Appendix G are among Google, their outside counsel, and/or outside consultants working at the direction of counsel. Such communications between third parties and Google's counsel retain their protection.

- **Entries with undefined terms**: Plaintiffs lament that certain Google entries refer to advice from "competition counsel," a term that is "not defined by the log." Competition counsel refers to Google in-house counsel whose role focuses on providing legal advice regarding competition law.

- **Documents subject to work product protection**: Judge Castel and Magistrate Judge Anderson have already ruled that certain challenged documents prepared at

the direction of counsel in response to investigations are properly privileged or protected. *See* Order Regarding Clawback Documents, MDL ECF No. 438 at 6; EDVA ECF Nos. 271 at 1 (declining *in camera* review of 20 of 21 challenged documents prepared in response to active investigations), EDVA ECF No. 274 at 2 (order recognizing in part that remaining challenged document reviewed *in camera* addressing "potential regulatory risks" reflected "direct input from . . . counsel" and was thus properly protected). Many of the Appendix J entries clearly indicate that the document was prepared in response to ongoing regulatory investigations, and therefore in anticipation of litigation.

- **Images and charts**: Plaintiffs cite no authority for the proposition that images or charts cannot transmit legal advice or contain work product, or that the document's format is even relevant to the analysis. Indeed, like any other document, the analysis would depend on the content of the image or chart and the purpose for which it was made.

- **"Vague entries"**: Google's descriptions in Appendix L are well within the bounds of what courts typically deem to be sufficient for privilege log descriptions: providing the sender and recipient of the communication along with the general subject matter to permit judgment as to whether the material is at least potentially privileged. Courts do not require more, because to provide additional information would put Google in the difficult position of needing to risk waiving its privilege in order to preserve it.

As outlined above, Google does not concede that Plaintiffs' criticisms are valid. But as a sign of good faith, and despite being under no obligation to do so, Google will re-review the entries in Appendices A through L and, to the extent necessary, will produce revised privilege logs.

*Finally*, we take this opportunity to point out Plaintiffs' own deficient document productions and privilege logging. Specifically:

- The 17 State Plaintiffs have produced fewer than 15,000 documents *in total*, exclusive of the Texas Investigative file. Some State Plaintiffs—Utah, Puerto Rico, and South Dakota—have produced no documents at all. Moreover, State Plaintiffs have collectively provided only two logs covering 730 documents. Of those, the log produced by South Carolina is in the form of a metadata log that does not comply with the Court's ESI Order, MDL ECF No. 508 at ¶ V, and that does not allow Google to assess the basis of any privilege claim.

- The MDL Plaintiffs (including, but not limited to, 22 newspapers, 4 advertisers, and 6 publishers) have together produced just over 200,000 documents. In particular, three Newspaper Plaintiffs have failed to produce any documents at all, and eight additional Newspaper Plaintiffs have each produced fewer than 100 documents. None of the Advertisers, Publishers, or Newspaper Plaintiffs have produced any logs at all.

\* \* \*

November 30, 2023
Page 5

      Despite Texas' recent misrepresentations to Judge Jordan,[1] Google has provided a comprehensive set of privilege logs for all of its productions in accordance with the governing ESI Order and consistent with the prior rulings of Judge Castel and Magistrate Judge Anderson. Moreover, it is obviously unrealistic and unreasonable for Plaintiffs to expect Google to "address all [asserted] deficiencies by producing a revised set (and redlined set) of Google's privilege logs" by re-reviewing hundreds of thousands of documents in just nine business days—especially when Plaintiffs have had many of these logs for many months. Google does not concede that its logs are deficient but, as a sign of good faith, will nevertheless conduct the additional review described above and respond accordingly. In the meantime, we ask that all Plaintiffs provide us with an update on the status of their productions and privilege logging obligations by December 6, 2023.

      Sincerely,

      */s/ Robert J. McCallum*

      Robert J. McCallum

---

[1] At the November 20, 2023 conference before Judge Jordan, counsel for Texas stated that they "don't have a privilege log" for documents produced in connection with the ingestion site issue. Hearing Tr. at 15:24-16:4, *The State of Texas, et al v. Google, LLC* (E.D. Tex., Nov. 20, 2023). We provided State Plaintiffs with logs resulting from ingestion site-related productions on October 23 (Privilege Logs 9-10), October 24 (Privilege Logs 11-12), and October 25 (Privilege Logs 13-15); and MDL Plaintiffs with logs on October 23 (Privilege Logs 9-10), and October 25 (Privilege Logs 11-15).