**\*FILED UNDER SEAL\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | |
| Defendant. | |

# EXHIBIT 5

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE FEBRUARY 22, 2024 HEARING**



**Freshfields Bruckhaus Deringer US LLP**

**New York**
601 Lexington Avenue
31st Floor
New York, NY 10022
T +1 212 277 4000 (Switchboard)
  +1 212 284 4910 (Direct)
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

**Via Email**

Philip Korologos
Boies Schiller Flexner LLP
Pkorologos@BSFLLP.com

Jordan Elias
Girard Sharp LLP
jelias@girardsharp.com

January 17, 2024

Serina Vash
Herman Jones LLP
svash@hermanjones.com

Zeke DeRose III
The Lanier Law Firm, PC
Zeke.DeRose@lanierlawfirm.com

Joseph M. Graham, Jr.
Geraldine W. Young
Marc B. Collier
Norton Rose Fulbright US LLP
joseph.graham@nortonrosefulbright.com
geraldine.young@nortonrosefulbright.com
marc.collier@nortonrosefulbright.com

cc All Plaintiffs' Counsel
(via Plaintiffs' Counsel Service List)

**Re:**   *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC)
          (S.D.N.Y.); *State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.)

Counsel:

We write in response to a letter dated December 22, 2023, sent on behalf of Plaintiff State of Texas and the MDL Plaintiffs' Discovery Steering Committee (together, "Plaintiffs").

Google's re-review of the privilege log entries identified by Plaintiffs is well underway. We have completed our preliminary assessment of the universe of log entries identified by

Plaintiffs, including the painstaking exercise of identifying and excluding duplicate entries from Plaintiffs' appendices (which Plaintiffs could have done but failed to do).[1]  As a result of that preliminary review, the number of unique challenged entries has dropped significantly—by nearly 40 percent.  For our substantive re-review, we are prioritizing log entries for those custodians identified on Plaintiffs' Initial Disclosures.[2]  We anticipate providing a further status update on the progress of our re-review next week.

Other than requesting review of another 61,273 log entries (excluding duplicates), your December 22 letter contains little new of note and merely rehashes the same issues that you raised in your November 12 letter that we have addressed in our November 30 letter.  Given that duplication, and the fact that Google has agreed to conduct a reasonable re-review which is well underway, most of the points in your letter do not merit a point-by-point response.  That said, we offer the following observations.

*First*, Plaintiffs' timing demands in raising these issues have been egregious.  After waiting four months to challenge Google's logs, Plaintiffs then demanded revised logs in nine business days.  Plaintiffs then followed up with another letter on the Friday evening of December 22 demanding a response by January 15.  But you failed to provide the promised appendices for another week, and so your request that Google complete its review by January 15 (i.e., in 11 business days) is patently unreasonable.

*Second*, your assertion that Google has an obligation to undertake a blanket re-review of privilege log entries based on generic concerns, news articles, and allegations in other cases, lacks any basis in law.  Google has nevertheless agreed to conduct a reasonable re-review of the entries Plaintiffs have raised in your November 12 and December 22 letters, and so further debate on the issue seems wasteful.

*Third*, we appreciate your concession that "a document lacking an attorney may still be privileged."  But we disagree with your assertion that entries lacking the presence of an attorney or that have an attorney in copy do not properly establish privilege.[3]  As we explained to you in our November 30 letter, both Judge Castel and Magistrate Judge Anderson have already ruled that documents of the type that you now challenge *en masse* may in fact be privileged.  And the suggestion in your letter that Google is contending that all "communications without lawyers or merely copying lawyers are privileged, unless Plaintiffs prove otherwise," is obviously incorrect.

---

[1] Plaintiffs appear to have chosen the most burdensome way for Google to address Plaintiffs' alleged deficiencies. Instead of providing multiple appendices containing numerous duplicate entries, it would have been far more efficient if Plaintiffs provided a list of unique entries that listed all asserted deficiencies for a given entry.

[2] State Plaintiffs have already conceded non-ad tech custodians are not relevant.  *See* E.D. Tex. ECF No. 176 at 4, 5–6 n.1 (State Plaintiffs claiming only information relating to display advertising is relevant to their case).

[3] The governing ESI Orders require Google to identify attorneys and legal organizations "[t]o the extent reasonably available."  E.D. Tex. ECF No. 183 at ¶ V(3)(h); MDL ECF No. 508 at ¶ V(3)(h).  Your various assertions that Google's privilege logs require more information about whether legal advice was shared with a corporate employee with a need to know the legal advice are undermined by the fact that you do not dispute that Google's log entries clearly indicate the senders, recipients, and authors of such privileged communications in compliance with the ESI Orders.

*Fourth*, we are troubled by the fact that Plaintiffs have resorted to litigating points that the DOJ advanced and then abandoned, and have now responded to arguments raised in correspondence in another case to which Plaintiffs are not a party.  We are likewise troubled by State Plaintiffs' assertions to Judge Jordan that there are live discovery issues in the Texas case based on a letter from the DOJ that Texas had not seen at the time of the representation and which the DOJ has not pursued.[4]  These types of tactics are unlikely to lead to "the just, speedy, and inexpensive determination of" this case.  Fed. R. Civ. P. 1.  Rather, they appear to reflect a kind of feeding frenzy in which Plaintiffs continue to engineer disputes based on the allegations of other plaintiffs, and are precisely the sort of "delay and volume for the sake of a lodestar" that Judge Castel has observed is inappropriate.  MDL ECF No. 560 at 29:13-14.

*Fifth*, your assertion that Plaintiffs "have not discovered inadvertently produced privileged documents or information" is not credible.  Paragraph 12(d) of the governing Confidentiality Orders is triggered when any "Receiving Party becomes aware that it is in receipt of information or material that it knows *or reasonably should know* is privileged."  E.D. Tex. ECF No. 182 at ¶ 12(d); MDL ECF No. 297 at ¶ 12(d).  Google has produced over 6 million documents to more than 100 Plaintiffs' attorneys at roughly 40 Plaintiffs' law firms.  Courts recognize that modern electronic document reviews of this sort of scale inevitably lead to inadvertent disclosure of privileged documents.  The fact that the entirety of the Plaintiff group has not found a single inadvertently privileged document (when the DOJ, with fewer resources, has found many within the same population of documents) strongly suggests that Plaintiffs are applying an improperly restrictive interpretation of the law of privilege and the scope of paragraph 12(d).  That in turn undermines many of the other overly-restrictive positions you have taken in your recent letters.  Going forward, if you identify any documents that you "reasonably should know" are privileged, paragraph 12(d) requires you to let us know immediately so that Google can clarify its position on the documents.  If instead you circulate those documents within the Plaintiff group, attach them to open correspondence, or file them on a public docket, we will notify the Court of a violation of the Confidentiality Order.

*Sixth*, we note that Plaintiffs' assertion that Google should supply a host of additional information in its privilege logs is belied by the fact that Plaintiffs have not provided the same level of  information in their own logs, and Plaintiffs do not otherwise dispute that Google's log entries provide information needed to assess privilege claims such as clearly indicated senders, recipients, and authors of privileged communications in compliance with the ESI Orders.

*Finally*, we reiterate that many Plaintiffs have provided no logs at all despite the ESI Orders requiring privilege logs 45 days following a production, E.D. Tex. ECF No. 183 at ¶ V(1); MDL ECF No. 508 at ¶ V(1).  We understand from your statement that Plaintiffs will provide logs "in due course" as an assertion that Plaintiffs have not and will not comply with the 45 day deadline specified in the ESI Order.  We further understand from your letter that the Discovery Steering Committee is refusing to respond to our reasonable request that all Plaintiffs

---

[4] *See* Discovery Conference Tr. at 14:12-15, 15:20-16:3, 31:10-32:10, *The State of Texas, et al. v. Google, LLC*, No. 4:20-cv-00957-SDJ (E.D. Tex. Dec. 14, 2023).  Moreover, the purported DOJ discovery disputes advanced in your latest letter are based on speculation that for certain custodians, more documents have been withheld than expected.  But privilege is assessed based on the asserted basis for withholding, not the percentage or number of documents withheld.

provide an update on the status of their own logging obligations.  Accordingly, this letter is copied to all Plaintiffs.  For the fourth time, we ask that all Plaintiffs please provide us with a specific update regarding the status of your preparation of logs including whether any logs are outstanding, as to which productions, and when we can expect to receive them, by no later than **January 24, 2024**.  We will raise this issue with the court if you do not respond to this basic request.

Sincerely,

*/s/ Robert J. McCallum*

Robert J. McCallum