***FILED UNDER SEAL***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT 34

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE FEBRUARY 22, 2024 HEARING**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Civil Action No. 1:21-md-03010-PKC |

## PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Pursuant to Fed. R. Civ. P. 26 and 34, all Plaintiffs in the above-captioned matter, through the Court-appointed Discovery Steering Committee, request that Defendants Google LLC, Alphabet Inc., and YouTube, LLC ("Defendants") serve a written response to this Second Set of Requests for Production and produce for inspection and copying the documents and other materials requested below that are in their possession, custody, or control, or in the possession, custody, or control of their attorneys, accountants, and any person(s) acting on their behalf within 30 days.

## DEFINITIONS

The definitions and rules of construction set forth in Fed. R. Civ. P. 26 and 34 and Local Civil Rule 26.3 for the Southern District of New York are hereby incorporated and apply to this request for the production of documents and other materials. The incorporated definitions as well as the definitions set forth below apply without regard to capitalization of these terms in the Specific Requests. Plaintiffs reserve the right to serve additional requests for the production of documents and other materials.

1. "Ad Tech Products" shall mean any and all systems, platforms, and software, including predecessors and successors, used in the process of identifying, selecting, transmitting, and/or rendering Digital Advertising on a desktop or mobile device, as well as all systems and software, including predecessors and successors, that implement and/or effectuate an Ad Auction, including receiving, processing, and transmitting Bid Requests, Bid Responses, or related

messages. The term includes Publisher Ad Servers, Advertiser Ad Servers, SSPs, DSPs, Demand-Side Products, Ad Exchanges, and Ad Networks, and specifically includes Your products: Your Publisher Ad Server (formerly called "DoubleClick for Publishers" or "DFP"); Your Ad Exchange (formerly called DoubleClick Ad Exchange" or "AdX"), Google Ads (formerly called "Google AdWords" or "AdWords"), Display & Video 360 ("DV360"), DoubleClick Bid Manager ("DBM") (also known as "Google Bid Manager"), Campaign Manager, DoubleClick Campaign Manager ("DCM"), Google Display Network ("GDN"), Google Ad Manager ("GAM"), DoubleClick for Publishers ("DFP"), Google AdSense (also known as "AdSense for Content" and "AFC"), DoubleClick for Advertisers ("DFA"), Google Analytics, Google AdMob, Search Ads 360 ("SA360"), Google Search Network, and any other product or service, however named, that You provide, have provided, or will provide for the sale or intermediation of Digital Advertising, including all predecessors and successors of such Ad Tech Products.

2. "Clone" shall mean an exact copy of a Document, source code repository, or wiki, including all commits, comments, versions, and revision history, if any. *See* https://help.github.com/en/github/getting-started-with-github/github-glossary#clone. Please note the instruction above, which requires any responsive dynamic material (*e.g.*, a wiki or repository) to be produced in electronic format as a Clone of such material, including all comments, versions, commits, revision history, and material from any associated information tracking systems, including feature requests, bug reports, issues, sprints, tasks, user stories, project management, and trouble tickets.

3. "Document" is defined to be synonymous with the broadest possible meaning of the word "Documents" as that word is used in Federal Rule of Civil Procedure 34, and shall include, but is not limited to, electronically stored information.

4. "General Search Services Market" shall mean the General Search Services Market alleged by the United States in *U.S. of Am. et al. v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. filed Oct. 20, 2020), ECF No. 1.

5. "Search Advertising Market" shall mean the Search Advertising Market alleged by the United States in *U.S. of Am. et al. v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. filed Oct. 20, 2020), ECF No. 1.

6. "You," "Your," "Alphabet," or "Google" shall mean Defendants Google LLC, Alphabet Inc., and YouTube, LLC ("Defendants") and their past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures. The terms "subsidiary," "affiliate," and "joint venture" refer to any firm in which there is total or partial ownership of 25% or more or total or partial control between the company and any other Person or entity.

## INSTRUCTIONS

1. Please produce the Documents responsive to the numbered requests below that are in Your possession, custody, and/or control, including Documents in the possession of Your attorneys, accountants, consultants, or other agents.

2. The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3. All Documents are to be produced in full. If any part of a Document is responsive to any request, the whole Document is to be produced. Non-responsive portions of otherwise responsive Documents may not be redacted.

4. Any alteration of a responsive Document, including notes, underlining, stamps, drafts, revisions, modifications, and other versions of a final Document, is a separate Document and is to be produced as a separate Document.

5. If you file a timely objection to any portion of a request, definition, or instruction, please produce Documents responsive to the remaining portion.

6. If any Document is withheld, in whole or in part, for any reason, including any claim of privilege of any kind, work-product protection, trade secret, or confidentiality, You shall provide with respect to each such Document all information required to be furnished by Fed. R. Civ. P. 26(b)(5), the Local Rules of the United States District Court for the Southern District of New York, and any Order in this case, including any Order regarding Electronically Stored Information ("ESI"). There is no basis to withhold Your Documents and information based on confidentiality or trade secret assertions alone, as such Documents and information can be produced with appropriate confidentiality designations pursuant to the protective order entered in this litigation. If a Document is nonetheless withheld on confidentiality or trade secret grounds alone, You must explain, and provide any documentation necessary to explain, why such Documents cannot be produced with appropriate confidentiality designations pursuant to the protective order entered in this litigation. To the extent that any parent Documents and/or attachments to parent Documents are withheld on the basis of any privilege or confidentiality claim, notwithstanding Instruction No. 3, such parent Document and any attachments withheld should be separately identified on a log or list pursuant to this paragraph with information sufficient to identify familial relationships between the family of Documents. Any privilege log or list is to be produced in an Excel spreadsheet or other format capable of electronic sorting with Your response or as otherwise ordered by the Court.

7. Any purportedly privileged Document containing non-privileged material must be produced, redacting only the portion purportedly privileged.

8. Pursuant to Fed. R. Civ. P. 34(b), all electronically stored information is to be produced in native format (including metadata) whenever possible.

9. Any responsive dynamic material (*e.g.*, a wiki or repository) should be produced in electronic format as a Clone of such material, including all comments, versions, commits, revision history, and material from any associated information tracking systems, including feature requests, bug reports, issues, sprints, tasks, user stories, project management, and trouble tickets.

10. Unless otherwise stated, the Requests seek Documents from January 1, 2007 to the present (the "Relevant Time Period"). Because these requests are ongoing, please promptly produce any Document discovered or obtained after the service of these requests.

11. If any Document responsive to the request cannot be located, please describe with particularity the efforts made to locate the Document and the specific reason for its destruction or unavailability.

## SPECIFIC REQUESTS FOR DOCUMENTS

302. To the extent not already produced to or publicly available to Plaintiffs, unredacted copies of all (1) pleadings; (2) filings, including without limitation all motions, memoranda or briefs in support or opposition to all motions, declarations in support or opposition to all motions, and any other exhibits, reports, or Documents filed in support or opposition to all motions; (3) written discovery, including without limitation the discovery requests, responses, and objections, and any production of Documents or information in response to those requests; (4) expert disclosures and reports, including all expert backup materials; and (5) transcripts of

depositions, in the following litigation: *U.S. et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va. filed Jan. 24, 2023).

303. Any Documents received from third parties, including without limitation (1) communications and other forms of correspondence; (2) subpoenas served upon third parties; (3) cover letters including, but not limited to, those accompanying the production of Documents produced by third parties; and (4) any other Documents produced to Google, in the following litigation: *U.S. et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va. filed Jan. 24, 2023).

304. To the extent one becomes available, a copy of the unredacted transcript for the trial in *U.S. et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va. filed Jan. 24, 2023) along with unredacted versions of all exhibits offered into evidence that concern Ad Tech Products.

305. A copy of the unredacted transcript for the trial in *U.S. of Am. et al. v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. filed Oct. 20, 2020) along with unredacted versions of all exhibits offered into evidence that concern Ad Tech Products; Google's sale of search advertising and ranking of content on its search results pages; market definition regarding the General Search Services Market and Search Advertising Market; and Google's share of and/or control over the General Search Services Market and Search Advertising Market.

306. All Documents produced by any party, non-party, government investigator or enforcer, in connection with:

    a.     *U.S. et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va. filed Jan. 24, 2023), whether produced in response to Department of Justice's pre-suit investigation of monopolization, attempted monopolization, monopoly maintenance, and/or contract, combination, or conspiracy in restraint of trade or commerce by You in digital advertising markets, or related

products and services; produced in discovery in *U.S. et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va. filed Jan. 24, 2023); or otherwise produced.

    b. *State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex. filed Dec. 16, 2020), whether produced in response to Texas's pre-suit investigation of monopolization, attempted monopolization, monopoly maintenance, and/or contract, combination, or conspiracy in restraint of trade or commerce by You in digital advertising markets, or related products and services; or otherwise not already produced to all parties in this Multi-District Litigation.

Dated: September 29, 2023    Submitted by:

               *s/ Philip Korologos*
               Philip Korologos
               **BOIES SCHILLER FLEXNER LLP**
               55 Hudson Yards
               New York, NY 10001
               Telephone: 212-446-2390
               pkorologos@bsfllp.com

               Zeke DeRose III
               **THE LANIER LAW FIRM**
               10940 West Sam Houston Pkwy N
               Suite 100
               Houston, Texas 77064
               Telephone: 713-659-5200
               Zeke.DeRose@LanierLawFirm.com

               Noah Heinz
               **KELLER POSTMAN LLC**
               1100 Vermont Avenue, N.W., 12th Floor
               Washington, D.C. 20005
               Telephone: 202-918-1841
               noah.heinz@kellerpostman.com

               Jordan Elias
               **GIRARD SHARP LLP**
               601 California Street, Suite 1400
               San Francisco, CA 94108
               Telephone: 415-981-4800
               jelias@girardsharp.com

               Serina M. Vash

**HERMAN JONES LLP**
153 Central Avenue #131
Westfield, New Jersey 07090
Telephone: 404-504-6516
svash@hermanjones.com

*The MDL Plaintiffs' Discovery Steering Committee*

## CERTIFICATE OF SERVICE

I, Philip Korologos, hereby certify that on September 29, 2023, I caused the foregoing Plaintiffs' Second Set of Requests for Production of Documents to Defendants to be served via email on the following counsel:

Eric Mahr
Julie Elmer
Andrew J. Ewalt
Jan Rybnicek
Lauren Kaplin
Robert J. McCallum
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
eric.mahr@freshfields.com
julie.elmer@freshfields.com
andrew.ewalt@freshfields.com
jan.rybnicek@freshfields.com
lauren.kaplin@freshfields.com
rob.mccallum@freshfields.com

Justina Sessions
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
Silicon Valley
855 Main Street
Redwood City, CA
Telephone: (650) 618-9250
justina.sessions@freshfields.com

John Harkrider
**AXINN VELTROP & HARKRIDER LLP**
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2200
jharkrider@axinn.com

Daniel S. Bitton
**AXINN, VELTROP & HARKRIDER LLP**
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
dbitton@axinn.com

David R. Pearl
Bradley Justus
**AXINN, VELTROP & HARKRIDER LLP**
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
dpearl@axinn.com
bjustus@axinn.com

Jonathan Jacobson
Jessica Lonergan
Mikaela Evans-Aziz
**WILSON SONSINI GOODRICH & ROSATI PC**
One Market Plaza, Spear Tower Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
jjacobson@wsgr.com
jlonergan@wsgr.com
mevansaziz@wsgr.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*

Dated: September 29, 2023        *s/ Philip Korologos*
                                 Philip Korologos