***FILED UNDER SEAL***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT 35

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE FEBRUARY 22, 2024 HEARING**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-MD-3010 (PKC) |

*This Document Relates To All Actions*

### GOOGLE LLC, ALPHABET INC., AND YOUTUBE, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Defendants Google LLC, Alphabet Inc., and YouTube, LLC (collectively "Google"), by their undersigned counsel, hereby respond to Plaintiffs' Second Set of Requests for Production (Nos. 302-306) (the "Requests") as follows.

These Responses and Objections are based on the information currently available to Google and are provided subject to, without intending to waive, and expressly preserving, Google's right at any time to revise, correct, supplement, or clarify any of the responses and objections herein.

In providing these Responses and Objections, Google does not waive, and expressly preserves, all defenses and claims. Google provides these Responses and Objections without waiving or intending to waive (a) any objections as to the competency, relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Requests; (b) the right to object on any ground to the documents produced in response to the Requests at any hearing or trial; (c) the right to object on any ground at any time

1

to a demand for further responses to the Requests; (d) the right to revise, amend, supplement, or clarify any of the responses and objections set forth herein; or (e) the right to move the Court for a protective order with respect to the Requests.

Subject to Google's Responses and Objections below, Google is willing to meet and confer to better understand Plaintiffs' views on the relevance and discoverability of the documents requested.

## OBJECTIONS TO DEFINITIONS

To the extent that Google does not object to a defined term or responds to Requests containing a defined term, regardless of whether Google has objected to that definition, Google's response should not be taken as a concession or agreement by Google that the defined term is factually accurate or legally sufficient for any evidentiary purposes. To the extent Google objects to any of Plaintiffs' defined terms below, Google incorporates by reference those objections wherever such definition is used in the Requests.

1. Google objects to Definition 1, "Ad Tech Products," as overbroad, unduly burdensome, vague, and ambiguous to the extent it is defined to include "any and all systems, platforms, and software . . . used in the process of identifying, selecting, transmitting, and/or rendering Digital Advertising on a desktop or mobile device, as well as all systems and software . . . that implement and/or effectuate an Ad Auction, including receiving, processing, and transmitting Bid Requests, Bid Responses, or related messages." The definition could be read to be limited solely to those portions of a product that implement the specified functionality (e.g., those portions of a DSP that handle bidding, but not, for example, the advertiser-facing user interface), or conversely to include general-purpose infrastructure on which software involved in ad tech relies, such as a user's web browser or Google's proprietary network and data storage

2

infrastructure on which all of its services rely. Google further objects to this definition as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it is defined to include systems, platforms, and software used in Google's search advertising business, an area that is not relevant to any claim that the Court has determined was well-pleaded and that has only the barest connection to these Actions. The Google "systems, platform, and software . . . used in the process of identifying, selecting, transmitting, and/or rendering" search advertising, including the "systems and software . . . that implement and/or effectuate . . . Ad Auction[s]" for such advertising, are distinct from those that Google uses for the display advertising relevant to these Actions, so including them dramatically increases the breadth of this definition and of each of the specifications relying on it, without proportional benefit. Google further objects that this definition's use of the term "Google Ads," without specifying whether a Request seeks information about the search or display advertising systems offered under that brand, is vague and ambiguous. Google further objects to this definition as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to include Campaign Manager, DoubleClick Campaign Manager, Google Analytics, Search Ads 360, or any other product not the subject of alleged misconduct in these Actions. Given the breadth of discovery already produced and to be produced in response to the Requests, any additional documents generated by expanding the scope of Google's search and production obligations to include such products would be of limited or no relevance to any party's claims or defenses. Google further objects to this definition to the extent that it purports to include the "Google Display Network." The Google Display Network refers to the group of website publishers and mobile application developers that offer display ad inventory for sale using Google services, not an independent product. Google will construe the term "Ad Tech Products" to refer to independent products that

Google and third parties provide to publishers or advertisers to facilitate the sale and purchase of display advertising inventory, and not, for example, the sale of search ad inventory. For the avoidance of doubt, Google will construe the term "Ad Tech Products" to include the following Google products: Google Ads (solely as used for the purchase of display advertising, not search ad inventory), Display & Video 360, Campaign Manager, AdSense for Content (but not, for the avoidance of doubt, AdSense for Search), AdMob, and Google Ad Manager.

2. Google objects to Definition 2, "Clone," by incorporating its objection to Instruction 9.

3. Google objects to Definition 4, "General Search Services Market," as overbroad, unduly burdensome, and disproportionate to the needs of the case because it pertains to Google's search engine business, an area that is not relevant to any claim that the Court has determined was well-pleaded and that has only the barest connection to these Actions. Google further objects to the extent this definition purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Specifically, Google objects to the assertion that general search services constitute a relevant antitrust market.

4. Google objects to Definition 5, "Search Advertising Market," as overbroad, unduly burdensome, and disproportionate to the needs of the case because it pertains to Google's search advertising business, an area that is not relevant to any claim that the Court has determined was well-pleaded and that has only the barest connection to these Actions. Google further objects to this definition to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed

issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Specifically, Google objects to the assertion that search advertising constitutes a relevant antitrust market.as overbroad, unduly burdensome, and disproportionate to the needs of the case because it pertains to Google's search advertising business, an area that is not relevant to any claim that the Court has determined was well-pleaded and that has only the barest connection to these Actions. Google further objects to this definition to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Specifically, Google objects to the assertion that search advertising constitutes a relevant antitrust market.

5.      Google objects to Definition 6, "You", "Your", "Alphabet", or "Google," to the extent it defines "subsidiary," "affiliate," and "joint venture" to refer to "any firm in which there is total or partial ownership of twenty-five percent or more or total or partial control between the company and any other Person or entity." Google will construe "subsidiary," "affiliate," and "joint venture" to refer to firms over whose documents Google has possession, custody, or control.

## OBJECTIONS TO INSTRUCTIONS

1.      Google objects to Instruction 3 to the extent it seeks to impose obligations beyond those required by the Federal Rules or the Local Rules by requiring, without limitation, that "[a]ll Documents are to be produced in full." Google further objects to Instruction 3 to the extent it purports to require Google to produce (i) privileged information or information protected by the attorney work product doctrine, (ii) trade secrets, including source code and other highly sensitive information regarding competitive business practices, and/or (iii) information that is

protected by privacy laws.

2. Google objects to Instruction 4 to the extent it seeks to impose obligations beyond those required by the Federal Rules or the Local Rules. Google further objects to Instruction 4 to the extent it purports to require Google to produce (i) privileged information or information protected by the attorney work product doctrine, (ii) trade secrets, including source code and other highly sensitive information regarding competitive business practices, and/or (iii) information that is protected by privacy laws. Google further objects to Instruction 4 to the extent it seeks to impose obligations beyond or different from those required by the governing ESI Protocol entered in this case. ECF No. 508. Instruction 4 contradicts Appendix 1.E of the ESI Protocol, which governs the production of "[h]idden content, tracked changes or edits, comments, notes, or other similar information." ECF No. 508, App. 1 ¶ E. Google's productions will be governed by the obligations in the ESI Protocol.

3. Google objects to Instruction 6 to the extent it seeks to impose obligations beyond or different from those required by the ESI Protocol entered in this case. Instruction 6 purports to set forth privilege log requirements, which are set forth in detail in Paragraph V of the ESI Protocol. *Id.* ¶ V. Google's productions will be governed by the obligations in the ESI Protocol.

4. Google objects to Instruction 7 to the extent it seeks to impose obligations beyond or different from those required by the ESI Protocol entered in this case. Instruction 7 contradicts Paragraph V.10 of the ESI Protocol, which permits redaction of "personal data and personally identifying numbers or sensitive information from produced documents, consistent with the requirements under Federal Rule of Civil Procedure 5.2 and Local Rules." *Id.* ¶ V.10. Google's productions will be governed by the obligations in the ESI Protocol.

5. Google objects to Instruction 8 to the extent it seeks to impose obligations beyond

6

or different from those required by the ESI Protocol entered in this case. Instruction 8 contradicts Appendix 1.E of the ESI Protocol, which provides for production of documents as TIFFs as the default, because it imposes the burdensome requirement that documents "be produced in native format (including metadata) wherever possible." *Id.*, App. 1 ¶ E. Google's productions will be governed by the obligations in the ESI Protocol.

6. Google objects to Instruction 9 to the extent it seeks to impose obligations beyond or different from those required by the ESI Protocol entered in this case. Instruction 9 contradicts Appendix 1.E of the ESI Protocol which provides for production of documents as TIFFs as the default, because Instruction 9 purports to require "[a]ny responsive dynamic material" to "be produced . . . as a Clone of such material." *Id.* Google's productions will be governed by the obligations in the ESI Protocol.

7. Google objects to Instruction 10 because collecting, reviewing, and producing documents and information in response to requests covering a sixteen-year timeframe is overbroad, unduly burdensome, and disproportional to the needs of the case. In responding to these Requests, Google will use the ten-year time period under which the parties have been operating (i.e., January 1, 2013 to March 27, 2023).

8. Google objects to Instruction 11 to the extent it seeks to impose obligations beyond those required by the Federal Rules or Local Rules, including by purporting to require Google to state the reasons for its inability to produce certain documents and describe documents over which Google never had or no longer has possession, custody, or control. Google further objects to this Instruction as overbroad and unduly burdensome.

**GENERAL OBJECTIONS**

1. Google has already produced approximately six million documents in these Actions and has applied more than 200 search strings to more than 150 custodians. As set forth in the Specific Responses and Objections below, Google agrees to meet and confer regarding additional targeted, non-custodial searches for responsive documents. To the extent the Requests purport to seek any additional custodial document searches, Google objects to the Requests as overbroad, unduly burdensome, and disproportionate to the needs of the case because Google has already produced voluminous non-privileged materials responsive to extraordinarily broad search parameters.

2. Google objects to the Requests to the extent they seek documents or information covered by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Google will not produce privileged or protected material. Any inadvertent disclosure of privileged or protected information by Google in response to the Requests shall not be deemed a waiver of any such privilege or protection, and Google expressly requests that any party that receives any such inadvertently produced privileged or protected information immediately return and not make use of the inadvertently produced privileged or protected information. *See* ECF No. 297 ¶ 12(a) ("The production of privileged or work-product protected [material], whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery.").

3. Google objects to the Requests to the extent they purport to require Google to search for or produce documents not within its possession, custody, or control, or that cannot be found through a reasonable search. Google will only search for and produce information and materials that are in its possession, custody, or control.

4. Google objects to the Requests to the extent they call for information and/or documents that are already in the possession of or equally available to Plaintiffs or their counsel, including, but not limited to, documents previously produced to Plaintiffs and documents available from government agencies, regulatory bodies, court filings, commercial industry sources, or documents available in the public domain.

5. Google objects to the Requests as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that they call for the identification or production of "all" documents or communications when a subset of the documents or communications would be sufficient.

6. These responses and objections and any documents or information produced are provided without waiver of any objections as to the competency, relevance, materiality, privileged status, or admissibility of any document or information as evidence.

7. Google objects to the Requests to the extent they identify document types, sources, and the scope of requested data. Google will produce documents pursuant to the ESI Protocol entered in this case, ECF No. 508, which includes, among other things, specifications for the types of documents, sources, and data that will be produced in response to these Requests.

8. Google further objects to the Requests to the extent they seek production of categories of ESI that "are not reasonably accessible" and need not be preserved, searched, collected or reviewed pursuant to the ESI Protocol entered in this case, ECF No. 508. Google's productions will be governed by the obligations in the ESI Protocol.

9. Google's investigation of Plaintiffs' claims is ongoing. These responses are being made after reasonable inquiry into the relevant facts and are based only upon the information and documentation that is presently known to Google. Google's responses and production should not

be construed to prejudice its right to conduct further investigation in these Actions, or to limit its use of any additional evidence that may be developed. Google reserves the right to assert additional objections, and to supplement its responses and objections as appropriate, particularly if any additional information regarding the Requests or the underlying claims at issue is provided.

### RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**Request for Production No. 302**

To the extent not already produced to or publicly available to Plaintiffs, unredacted copies of all (1) pleadings; (2) filings, including without limitation all motions, memoranda or briefs in support or opposition to all motions, declarations in support or opposition to all motions, and any other exhibits, reports, or Documents filed in support or opposition to all motions; (3) written discovery, including without limitation the discovery requests, responses, and objections, and any production of Documents or information in response to those requests; (4) expert disclosures and reports, including all expert backup materials; and (5) transcripts of depositions, in the following litigation: U.S. et al. v. Google LLC, No. 1:23-cv-00108-LMB-JFA (E.D. Va. filed Jan. 24, 2023).

**Response to Request for Production No. 302**

Google objects to Request 302 to the extent it purports to impose discovery obligations inconsistent with, or not authorized under the governing Coordination Order in this case, ECF No. 564, and in *United States v. Google*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.), ECF No. 251, the relevant Local Rules in both cases, or the Federal Rules of Civil Procedure. Google further objects to this Request to the extent it seeks documents or information protected from disclosure by statute, rule, regulation, or judicial order. Google further objects to this Request to the extent it seeks documents or information that were prepared in anticipation of litigation, are subject to claims of privilege under the attorney-client privilege, constitute work product, or are otherwise privileged or protected from discovery. Google further objects to this Request as duplicative, in part, of other Requests, including but not limited to Request 300. Google incorporates its

10

Response to Request 300. Google further objects to Request 302 as vague and ambiguous because the phrase "[t]o the extent not already produced" is not defined. Google will interpret "[t]o the extent not already produced" to mean not already produced in the Actions.

With respect to "(1) pleadings," " (2) filings," and "(3) written discovery," subject to and without waiving any of Google's objections, Google agrees to meet and confer regarding the scope of Google's own "pleadings," "filings," and "written discovery" that Google is willing to produce.

With respect to "(4) expert disclosures and report, including all expert backup materials," Google objects to Plaintiffs' request as premature and untimely because it seeks the production of expert discovery earlier than required by the Coordination Order.  The Coordination Order states: "Expert Discovery shall not be shared between the Coordinated Cases pending further order." ECF No. 564 ¶ 7. Subject to and without waiving any of Google's objections, Google will meet and confer  "[a]t least ninety (90) days before Google's expert reports are due in the MDL" regarding the "circumstances in which Expert Discovery may or should be shared between the Coordinated Cases" as required by the Coordination Order.  *Id.*

With respect to "(5) transcripts of depositions," subject to and without waiving any of Google's objections, Google agrees to meet and confer regarding this aspect of the request.

**Request for Production No. 303**

Any Documents received from third parties, including without limitation (1) communications and other forms of correspondence; (2) subpoenas served upon third parties; (3) cover letters including, but not limited to, those accompanying the production of Documents produced by third parties; and (4) any other Documents produced to Google, in the following litigation: U.S. et al. v. Google LLC, No. 1:23-cv-00108-LMB-JFA (E.D. Va. filed Jan. 24, 2023).

**Response to Request for Production No. 303**

11

Google objects to Request 303 as duplicative of other Requests, including but not limited to Request 300. Google incorporates its Response to Request 300. Google further objects to Request 303 as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks to require Google to produce "[a]ny Documents received from third parties" without limitation. Google further objects to this Request to the extent it seeks documents or information that were prepared in anticipation of litigation, are subject to claims of privilege under the attorney-client privilege, constitute work product, or are otherwise privileged or protected from discovery. Google further objects to this Request as the phrase "any other Documents" is vague and ambiguous.

Subject to and without waiving Google's objections, Google agrees to meet and confer regarding this Request.

**Request for Production No. 304**

To the extent one becomes available, a copy of the unredacted transcript for the trial in U.S. et al. v. Google LLC, No. 1:23-cv-00108-LMB-JFA (E.D. Va. filed Jan. 24, 2023) along with unredacted versions of all exhibits offered into evidence that concern Ad Tech Products.

**Response to Request for Production No. 304**

Google objects to Request 304 to the extent it purports to impose discovery obligations inconsistent with, or not authorized under the governing Coordination Order in this case, ECF No. 564, and in *United States v. Google*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.), ECF No. 251, the relevant Local Rules in both cases, or the Federal Rules of Civil Procedure. The Request is premature as neither the respective courts, any third parties, nor the parties, can assess the pertinent confidentiality concerns related to this Request at this stage of the case in the Eastern District of Virginia. Google further objects to this Request to the extent it seeks documents or information protected from disclosure by statute, rule, regulation, or judicial order.

Subject to and without waiving any of Google's objections, Google agrees to meet and confer regarding this Request at a time when the respective courts, and the parties, can assess any confidentiality concerns appropriately.

Google further objects to the phrase "along with unredacted versions of all exhibits offered into evidence that concern Ad Tech Products" to the extent it purports to require, or can be interpreted as purporting to require, the production of expert discovery earlier than required by the Coordination Order. As with Request 302, Google objects to Plaintiffs' request as premature and untimely under the Coordination Order.

Subject to and without waiving any of Google's objections, Google will meet and confer "[a]t least ninety (90) days before Google's expert reports are due in the MDL" regarding the "circumstances in which Expert Discovery may or should be shared between the Coordinated Cases" as required by the Coordination Order. ECF No. 564 ¶ 7.

**Request for Production No. 305**

A copy of the unredacted transcript for the trial in U.S. of Am. et al. v. Google LLC, No. 1:20-cv-03010-APM (D.D.C. filed Oct. 20, 2020) along with unredacted versions of all exhibits offered into evidence that concern Ad Tech Products; Google's sale of search advertising and ranking of content on its search results pages; market definition regarding the General Search Services Market and Search Advertising Market; and Google's share of and/or control over the General Search Services Market and Search Advertising Market.

**Response to Request for Production No. 305**

Google objects to Request 305 to the extent it purports to impose discovery obligations inconsistent with, or not authorized under the relevant Local Rules in this case and *United States v. Google*, No. 1:20-cv-03010-APM (D.D.C.), or the Federal Rules of Civil Procedure. Google further objects to this Request to the extent it seeks documents or information protected from disclosure by statute, rule, regulation, or judicial order. Google further objects to this Request as as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks

13

documents related to Google's search engine and search advertising businesses, areas that are not relevant to any claim that the Court has determined was well-pleaded. Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to produce trade secrets and other highly-sensitive information regarding competitive business practices. Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Specifically, Google objects to the assertion that general search services or search advertising constitute relevant antitrust markets.

Google will not produce documents in response to this Request.

**Request for Production No. 306**

All Documents produced by any party, non-party, government investigator or enforcer, in connection with:

a. U.S. et al. v. Google LLC, No. 1:23-cv-00108-LMB-JFA (E.D. Va. Filed Jan. 24, 2023), whether produced in response to Department of Justice's pre-suit investigation of monopolization, attempted monopolization, monopoly maintenance, and/or contract, combination, or conspiracy in restraint of trade or commerce by You in digital advertising markets, or related products and services; produced in discovery in U.S. et al. v. Google LLC, No. 1:23-cv-00108-LMB-JFA (E.D. Va. filed Jan. 24, 2023); or otherwise produced.

b. State of Texas et al. v. Google LLC, No. 4:20-cv-957-SDJ (E.D. Tex. Filed Dec. 16, 2020), whether produced in response to Texas's pre-suit investigation of monopolization, attempted monopolization, monopoly maintenance, and/or contract, combination, or conspiracy in restraint of trade or commerce by You in digital advertising markets, or related products and services; or otherwise not already produced to all parties in this Multi-District Litigation.

**Response to Request for Production No. 306**

Google objects to Request 306 as duplicative of other Requests including, but not limited to, Request 302 in its request of documents "produced in discovery in U.S. et al. v. Google LLC, No. 1:23-cv-00108-LMB-JFA (E.D. Va. filed Jan. 24, 2023)." Subject to and without waiving

any objections, Google incorporates its response to Request 302. Google further objects to Request 306 as the phrase "otherwise produced" is vague and ambiguous.

Google further objects to Request 306 to the extent it purports to impose discovery obligations inconsistent with, or not authorized under the governing Coordination Order in this case, ECF No. 564, and in *United States v. Google*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.), ECF No. 251, the relevant Local Rules in both cases, the Federal Rules of Civil Procedure, or other applicable rules, laws, or orders. Google further objects to this Request to the extent it seeks documents or information protected from disclosure by statute, rule, regulation, or judicial order. Google further objects to this Request as duplicative, in part, of other requests, including but not limited to Request 274. Google further objects to this Request because it seeks Cloned Discovery from *United States v. Google*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.), and *State of Texas v. Google*, No. 4-20-cv-957-SDJ (E.D. Tex.), rather than describing categories of documents tailored to the Actions. Google further objects to this Request to the extent it seeks documents related to claims regarding Google's Network Bidding Agreement with Facebook, as to which the Court has stayed discovery. ECF No. 394 ¶ 3. Google reserves the right to make further objections if the stay on discovery related to Google's Network Bidding Agreement with Facebook is lifted. Google further objects to this Request as duplicative of documents already produced to Plaintiffs, overbroad, unduly burdensome, and disproportionate to the needs of the case because Google has already produced the Texas Office of the Attorney General ("Texas OAG") pre-suit investigative file as it was produced by the Texas OAG to Google, the documents Google produced to the Texas OAG in connection with Texas' pre-suit investigation,

and documents Google produced to the Department of Justice ("DOJ") in connection with the DOJ's pre-suit investigation.[1]

Subject to and without waiving Google's objections, Google agrees to produce any additional documents that are produced by the Texas OAG as part of its pre-suit investigative file.

Subject to and without waiving Google's objections, Google agrees to produce the DOJ's pre-suit investigative file as it was produced by the DOJ to Google, with an exception. Pursuant to the Coordination Order, Google will not share non-party documents produced by Meta (f/k/a Facebook) to the DOJ with Plaintiffs until at least seven days after the NBA stay is lifted. *See* ECF No. 564 ¶ 2 n.1. Google further agrees to produce any additional documents that are produced by the DOJ as part of its pre-suit investigative file.

---

[1] *See* Letter from J. Sessions (Jan. 20, 2022); Letter from E. Yung to Discovery Steering Committee re PROD 113 (Oct. 23, 2023).

Dated: October 30, 2023            Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Eric Mahr
Rob McCallum
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555
eric.mahr@freshfields.com
rob.mccallum@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2023, I served the foregoing to all counsel of record via email.

*/s/ Sara Salem*
Sara Salem
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005