**\*FILED UNDER SEAL\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | |
| Defendant. | |

# EXHIBIT 39

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
<u>FOR THE FEBRUARY 22, 2024 HEARING</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE, LLC, | § | |
| | § | |
| Defendant. | § | |

**GOOGLE LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFF THE STATE OF TEXAS'S REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Eastern District of Texas (the "Local Rules"), Defendant Google LLC ("Google"), by and through its undersigned counsel, hereby responds and objects to Plaintiff the State of Texas's ("Plaintiff") Requests for Production dated November 10, 2023 (the "Requests") as follows:

These Responses and Objections are based on the information currently available to Google and are provided subject to, without intending to waive, and expressly preserving Google's right at any time to revise, correct, supplement, or clarify any of the responses and objections herein.

In providing these Responses and Objections, Google does not waive, and expressly preserves, all defenses and claims. Google provides these Responses and Objections without waiving or intending to waive (a) any objections as to the competency, relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Requests; (b) the right to object on any ground to the documents produced in response to the Requests at any hearing or trial; (c) the right to object on any ground at any time to a demand for further responses to the Requests; (d) the right to revise, amend, supplement, or clarify any of the responses and objections

- 1 -

set forth herein; or (e) the right to move the Court for a protective order with respect to the Requests.

Subject to Google's Responses and Objections below, Google is willing to meet and confer to better understand Plaintiff's views on the relevance and discoverability of the documents requested.

## **OBJECTIONS TO DEFINITIONS**

To the extent that Google does not object to a defined term or responds to Requests containing a defined term, regardless of whether Google has objected to that definition, Google's response should not be taken as a concession or agreement by Google that the defined term is factually accurate or legally sufficient for any evidentiary purposes. To the extent Google objects to any of Plaintiff's defined terms below, Google incorporates by reference those objections wherever such definition is used in the Requests.

1.    Google objects to Definition 2, "Ad Exchange," as vague and ambiguous in its use of the undefined phrases "digital marketplace" and "direct or indirect means" of connecting to the same. Google will construe the term "Ad Exchange" to refer to a third-party or in-house product or service through which two or more ad buying tools (at least one of which is not owned or controlled by the entity operating the Ad Exchange) placed or can place bids in real-time auctions for Ad Inventory offered for sale by or on behalf of two or more Publishers (at least one of which is not owned or controlled by the entity operating the Ad Exchange).

2.    Google objects to Definition 3, "Ad Impression," as overbroad to the extent that it purports to include pre-service "opportunity," as opposed to the actual service of an advertisement.

3.    Google objects to Definition 6, "Ad Request," as vague and ambiguous, as the phrase "may be directed to a portion or the entirety of a web page" is inconsistent with the rest of the definition given for this term. Google will interpret this definition to exclude the last sentence containing the vague and ambiguous phrase.

- 2 -

4.     Google objects to Definition 7, "Ad Tech Product(s)," as overbroad, unduly burdensome, vague, and ambiguous to the extent it is defined to include "any and all systems, platforms, and software . . . used in the process of identifying, selecting, transmitting, and/or rendering Digital Advertising on a desktop or mobile device, as well as all systems and software . . . that implement and/or effectuate an Ad Auction, including receiving, processing, and transmitting Bid Requests, Bid Responses, or related messages." The definition could be read to be limited solely to those portions of a product that implement the specified functionality (e.g., those portions of a DSP that handle bidding, but not, for example, the advertiser-facing user interface), or conversely to include general-purpose infrastructure on which software involved in ad tech relies, such as a user's web browser or Google's proprietary network and data storage infrastructure on which all of its services rely. Google further objects to this definition as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it is defined to include systems, platforms, and software used in Google's search advertising business, an area that is not relevant to any claim that the Court has determined was well-pleaded and that has no reasonable connection to this case. The Google "systems, platform, and software . . . used in the process of identifying, selecting, transmitting, and/or rendering" search advertising, including the "systems and software . . . that implement and/or effectuate . . . Ad Auction[s]" for such advertising, are distinct from those that Google uses for the display advertising relevant to this case, so including them dramatically increases the breadth of this definition and of each of the specifications relying on it, without proportional benefit. Google further objects that this definition's use of the term "Google Ads," without specifying whether a Request seeks information about the search or display advertising systems offered under that brand, is vague and ambiguous. Google further objects to this definition as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to include Campaign Manager, DoubleClick Campaign Manager, Google Analytics, Search Ads 360, or any other product not the

subject of alleged misconduct in this case. Given the breadth of discovery already produced and to be produced in response to the Requests, any additional documents generated by expanding the scope of Google's search and production obligations to include such products would be of limited or no relevance to any party's claims or defenses. Google further objects to this definition to the extent that it purports to include the "Google Display Network." The Google Display Network refers to the group of website publishers and mobile application developers that offer display ad inventory for sale using Google services, not an independent product. Google will construe the term "Ad Tech Product(s)" to refer to independent products that Google and third parties provide to publishers or advertisers to facilitate the sale and purchase of display advertising inventory, and not, for example, the sale of search ad inventory. For the avoidance of doubt, Google will construe the term "Ad Tech Product(s)" to include the following Google products: Google Ads (solely as used for the purchase of display advertising, not search ad inventory), Display & Video 360, Campaign Manager, AdSense for Content (but not, for the avoidance of doubt, AdSense for Search), AdMob, and Google Ad Manager.

5.      Google objects to Definition 8, "Ad Tech Auction Mechanics," as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports to equate "mechanics" with "systems and software" and purports to include "all systems and software" that, without limitation, "implement" or "effectuate" certain rules, preferences, designs, or features, regardless of the nature, extent, or directness of their contribution to the implementation or effectuation of such features. Google further objects that "Ad Auction rules, preferences, designs, or features" is vague and ambiguous. In responding to specifications using the term "Ad Tech Auction Mechanics," Google will construe that term to refer to any design, feature, limitation, policy, mechanism, innovation, improvement, optimization, or strategy related to how ad tech products buy, sell, price, bid, or auction inventory, how ad tech products improve ad quality or match quality, how ad tech products measure or report on the effectiveness of display advertising, or how ad tech products integrate or interoperate with other ad

tech products.

6.      Google objects to Definition 9, "Advertiser," as overbroad to the extent it purports to include "anyone who . . . bids, or otherwise attempts to buy Ad Inventory" as well as intermediaries that help facilitate transactions between "advertisers" and "publishers," and might be said to "buy[]" or "bid" for online "Ad Inventory." Google will interpret this to refer to advertisers, and all affiliated persons or companies to the extent they are known to Google, who buy Ad Inventory for their own account, but not the intermediaries they may use to do so.

7.      Google objects to Definition 10, "Advertiser Ad Server," as vague and ambiguous to the extent it could be read to be limited solely to those portions of a product that implement the specified functionalities. Google will respond based on information reasonably available to Google and its good faith and reasonable interpretation of the vague and ambiguous term.

8.      Google objects to Definition 11, "Algorithm," as overbroad, unduly burdensome, vague, and ambiguous to the extent it is defined to include "any process, set of rules, source code, or white paper describing or concerning the operation of" Google's Ad Tech Products. That definition could, for example, include internal business "process[es]" of Google related to the development or operation of its Ad Tech Products or search engine or textual descriptions of their operation, including any number of ordinary course documents bearing little or no relevance to this case. Google further objects to the term "white paper" as vague and ambiguous because the term is not defined and does not have a well-understood plain meaning in the context of this definition. Google further objects to this definition to the extent it purports to seek information related to the operation of Google's search engine, an area that is not relevant to any claim that the Court has determined was well-pleaded and that has no reasonable connection to this case. In responding to specifications using the defined term "Algorithm," Google will respond based on information reasonably available to Google and its good faith and reasonable interpretation of the identified overbroad, vague, and ambiguous term.

9.      Google objects to Definition 17, "Behavioral Data," as vague and ambiguous to the extent that terms used within the definition, including "User," "First-Party Data," "Second-Party Data," and "Third-Party Data," appear to be defined terms for which no definition is provided. Google will respond based on information reasonably available to Google and its good faith and reasonable interpretation of the identified vague and ambiguous terms.

10.      Google objects to Definition 18, "Bernanke," as overbroad, unduly burdensome, vague, and ambiguous in its reference to a "program . . . that adjusted bids." Google will construe "Bernanke" to refer to the Google feature that helped advertisers using Google Ads win more impressions by optimizing the bids submitted on their behalf into the AdX auction.

11.      Google objects to Definition 19, "Bid Request," as vague and ambiguous because it does not specify the sender or recipient of the message it purports to describe. In responding to specifications using the term "Bid Request," Google will construe that term to refer to messages sent by a Publisher, Publisher Ad Server, Ad Exchange, or other system to one or more potential bidders (but excluding, for the avoidance of doubt, an Ad Request, Bid Response, or any subsequent messages potentially sent as a result of the processing of a Bid Response or the completion of the relevant Ad Auction).

12.      Google objects to Definition 20, "Bid Response," as vague and ambiguous because it does not identify the type of response. For example, if an Ad Exchange were to send a Bid Request to a DSP, the definition of "Bid Response" could include both the DSP's immediate response to the Ad Exchange and the Ad Exchange's subsequent response providing the outcome to the auction, both of which were "generated in response to" the initial Bid Request, directly or indirectly. In responding to specifications using the term "Bid Response," Google will construe that term to refer to messages sent by the recipient of a Bid Request to the originator of such Bid Request containing the specified information (and not to any subsequent messages potentially sent as a result of the processing of that

initial response or the completion of the relevant Ad Auction).

13.     Google objects to Definition 22, "Competitors," as vague and ambiguous to the extent that "Ad Tech Services" appears to be a defined term for which no definition is provided. In responding to specifications using "Competitors," Google will respond based on information reasonably available to Google and its good faith and reasonable interpretation of the identified vague and ambiguous term.

14.     Google objects to Definition 23, "Core Algorithm Update," as overbroad, unduly burdensome, vague, and ambiguous to the extent it is defined to include "all other algorithmic changes and updates [Google] employ[s] to implement [its] Core Algorithm Updates." Google will respond based on information reasonably available to Google and its good faith and reasonable interpretation of the identified overbroad, vague, and ambiguous phrase.

15.     Google objects to Definition 25, "Cost-Per-Mille," as vague and ambiguous to the extent it refers both to the method by which Advertisers pay and to that by which Publishers receive compensation for advertisements. Advertisers may pay on the basis of what Definition 24 defines as "Cost-Per-Click," and Publishers may be paid for the same Impressions on a "Cost-Per-Mille" basis. In responding to specifications using the defined term "Cost-Per-Mille," Google will construe it not to include instances in which the definition of "Cost-Per-Click" is also satisfied, unless the context clearly indicates to the contrary.

16.     Google objects to Definition 26, "Daily Mail," as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports to include in the definition "all persons or entities acting or that have acted on [Daily Mail's] behalf" and "any other related entity." Google will interpret "Daily Mail" to refer to Associated Newspapers Ltd., Mail Media, Inc., and all affiliated persons or companies to the extent they are known to Google.

17.     Google objects to Definition 27, "Demand-Side Products," as overbroad, vague, and

ambiguous to the extent it suggests that DoubleClick for Advertisers, Google Display Network, DoubleClick Campaign Manager, Google Campaign Manager, Google Analytics, Analytics 360, or Google Audience Center are used to "facilitate the purchase of Ad Inventory." Google will construe this definition as referring to those of Google's products that actually "facilitate the purchase of Ad Inventory," whether or not listed by name in the definition.

18.     Google objects to Definition 28, "Direct Action Plaintiff," as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports to include in the definition "all persons or entities acting or that have acted on [the Direct Action Plaintiff's] behalf" and "any other related entity." Google will interpret "Direct Action Plaintiff" to refer to a Plaintiff (not including Daily Mail as defined) in any matter that is now or becomes a part of *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC) (S.D.N.Y.), that is proceeding in its or their individual capacity, and all affiliated persons or companies to the extent they are known to Google.

19.     Google objects to Definition 29, "Direct Sales," as the phrase "managed by the Publisher" is vague and ambiguous given that all line items, at least in Google Ad Manager, are designed to be managed by the publisher. Google will respond based on information reasonably available to Google and its good faith and reasonable interpretation of the identified vague and ambiguous phrase.

20.     Google objects to Definition 30, "Digital Advertising," as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it is defined to include "search Digital Advertising," an area that is not relevant to any claim that the Court has determined was well-pleaded and that has no reasonable connection to this case. Given the breadth of discovery already produced and to be produced in response to the Requests, any additional documents generated by expanding the scope of Google's search and production obligations to include such "search Digital Advertising" would be of limited or no relevance to any party's claims or defenses. Google will not

produce documents relating solely to search advertising.

21.     Google objects to Definition 32, "Document(s)," to the extent it contradicts or seeks to impose obligations beyond the relevant definitions and stipulations in the proposed Confidentiality Order (ECF No. 174-1) and ESI Order (ECF No. 174-2) filed in this case and to which the parties agreed. Google's productions will abide by the stipulated obligations as set forth in the Confidentiality Order and ESI Protocol.

22.     Google objects to Definition 34, "Dynamic Allocation," as overbroad, unduly burdensome, vague, and ambiguous to the extent it is defined to include a "feature of DFP introduced in 2014 that changed the procedure for how a winning bid was selected on DFP." Google will construe "Dynamic Allocation" to refer to the DFP feature that enabled demand from AdX to compete in real-time with demand from third-party Ad Exchanges, Ad Networks, and Ad Buying Tools via a price floor for AdX in DFP.

23.     Google objects to Definition 35, "Dynamic Revenue Share" and "DRS," as overbroad, unduly burdensome, vague, and ambiguous in its reference to fees being "otherwise adjusted." Google will construe "Dynamic Revenue Share" and "DRS" to refer to the Google feature that dynamically adjusted the fees Google charged Publishers to transact via AdX.

24.     Google objects to Definition 36, "Enhanced Dynamic Allocation" or "EDA," as vague and ambiguous in its use of the undefined term "Premium Inventory." Google will construe "Enhanced Dynamic Allocation" or "EDA" to refer to the modification to Dynamic Allocation first introduced in or about 2014, which enabled guaranteed and nonguaranteed line items to compete on a per-Impression basis.

25.     Google objects to Definition 37, "Relevant Time Period," because collecting, reviewing, and producing documents and information in response to requests covering a fourteen-year timeframe is overbroad, unduly burdensome, and disproportional to the needs of the case.

26.     Google objects to Definition 39, "Floor Pricing," as vague and ambiguous in its use of the undefined term "floor price." In responding to specifications using the term "Floor Pricing," Google will construe "floor price" to refer to the limitation on how low an Advertiser or ad buying tool can bid for Ad Inventory while still being eligible to win the Ad Impression.

27.     Google objects to Definition 42, "Google Group," as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports to include the entirety of the information provided on the webpage https://support.google.com/a/answer/33329. Google further objects to this definition as vague and ambiguous as it provides no context or meaning for the terms "computer account" and "computer resource." Google will respond based on information reasonably available to Google and its good faith and reasonable interpretation of the identified vague and ambiguous phrase.

28.     Google objects to Definition 43, "Header Bidding," as overbroad, unduly burdensome, vague, and ambiguous to the extent it is defined to include all Ad Auctions in which bids are invited "before an Ad Request is sent to the Publisher Ad Server." Google will construe "Header Bidding" to refer to the use by a Publisher of code that is directly or indirectly called during the web browser's processing or rendering of the HTML header of a webpage (and prior to the invocation of a Publisher Ad Server) and that causes Bid Requests to be sent to one or more Ad Exchanges, Ad Networks, DSPs, or other sources of demand.

29.     Google objects to Definition 47, "Metric," as vague and ambiguous to the extent that it purports to include "Projections," which is defined in reference to this term "Metrics." See Definition 53 ("'Projections' shall mean any forecasts or evaluations of [Google's] or a third parties' [sic] (e.g., Advertisers, Competitors, Publishers) future or predicted Metrics, financial performance, expenses, or revenues."). Google will interpret this Definition based on its reasonable and good faith understanding of the identified vague and ambiguous term.

30.     Google objects to Definition 50, "Person," because it purports to include any

"governmental entity," but the cited statute excludes "the State of Texas, its departments, and its administrative agencies or a community center operating under Subchapter A, Chapter 534, Health and Safety Code." Google will construe "Person" to refer to any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

31.     Google objects to Definition 51, "Privacy and Security Principles," as overbroad, unduly burdensome, vague, and ambiguous to the extent it is defined to include "any prior versions or iterations of such principles," without any time limitation or specificity.

32.     Google objects to Definition 52, "Privacy Policy," as overbroad, unduly burdensome, vague, and ambiguous to the extent it is defined to include "any prior versions or iterations of such policy," without any time limitation or specificity.

33.     Google objects to Definition 53, "Projections," as vague and ambiguous to the extent that it purports to include "Metrics," which is defined in reference to this term "Projections." See Definition 47 ("'Metric' shall mean any measures of quantitative assessment that may be used for analyzing, evaluating, or interpreting [Google's] business, [] budgets, [] financial performance, [] revenues, or [] Projections, including the following . . . Projections relating to third parties."). Google will interpret this Definition based on its reasonable and good faith understanding of the term.

34.     Google objects to Definition 54, "Publisher," as vague and ambiguous in its use of the undefined phrase "who serves content on the internet." Google further objects to this Definition as overbroad, unduly burdensome, and disproportionate to the needs of the case in its inclusion of a "Publisher's agents, brokers, employees, representatives, officers, directors, and assigns." Google will interpret "Publisher" as meaning "any person or entity that owns or operates one or more internet websites, applications, and/or videos and monetizes the content on those properties by selling display advertising to Advertisers," and all affiliated persons or companies to the extent they are known to Google.

- 11 -

35.     Google objects to Definition 58, "RPM" or "Revenue Per Mille," as vague and ambiguous because it refers to a measure within the AdSense interface ("estimated earnings" per 1000 impressions), which may not be available for other products. Google will interpret this Definition as referring to actual or estimated revenue per 1000 impressions.

36.     Google objects to Definition 59, "Reserve Price Optimization" and "RPO," as vague and ambiguous in its use of the undefined term "custom floors." Google will interpret this Definition based on its reasonable and good faith understanding of the identified vague and ambiguous term.

37.     Google objects to Definition 60, "Supply Side Platforms" or SSP," as vague and ambiguous in its references to entities that "organize demand" and "connect" Publishers to Ad Exchanges and DSPs. Google will construe "Supply Side Platforms" or "SSP" to refer to a third-party or in-house product or service through which two or more ad buying tools (at least one of which is not owned or controlled by the entity operating the Ad Exchange) placed or can place bids in real-time auctions for Ad Inventory offered for sale by or on behalf of two or more Publishers (at least one of which is not owned or controlled by the entity operating the Ad Exchange).

38.     Google objects to Definition 61, "User," as unduly burdensome, as it requires Google to determine, for each instance of "User," whether the web page viewed "may be displayed through use of [Google's] Ad Tech Products and/or Ad Tech Services." For example, "Advertiser" is defined as "anyone who buys, bids, or otherwise attempts to buy Ad Inventory on a third-party webpage or mobile application to serve ads to Users who visit a third-party webpage or mobile application, including their agents, brokers, employees, representatives, officers, directors, and assigns." To determine whether a company is an Advertiser, Google would have to determine whether the company attempts to "serve ads" on web pages that use Google's Ad Tech Products and/or Ad Tech Services. Google will interpret "User" without the qualification that the "Ad Impression may be displayed through use of [Google's] Ad Tech Products and/or Ad Tech Services."

39.     Google objects to Definition 62, "You", "Your", "Alphabet", or "Google," to the extent it defines "subsidiary," "affiliate," and "joint venture" to refer to "any firm in which there is total or partial ownership of twenty-five percent or more or total or partial control between the company and any other Person or entity." Google will construe "subsidiary," "affiliate," and "joint venture" to refer to firms over whose documents Google has possession, custody, or control.

## OBJECTIONS TO INSTRUCTIONS

1.     Google objects to Instruction 3 to the extent it seeks to impose obligations beyond those required by the Federal Rules or the Local Rules by requiring, without limitation, that Google identify any of the more than 6 million previously-produced documents by Bates number.

2.     Google objects to Instruction 5 because collecting, reviewing, and producing documents and information in response to requests covering a fourteen-year timeframe is overbroad, unduly burdensome, and disproportional to the needs of the case.

3.     Google objects to Instruction 6 to the extent it seeks to impose obligations beyond or different from those required by the stipulated ESI Protocol filed in this case. ECF No. 174-2. Instruction 6 contradicts Appendix 1.E of the ESI Protocol, which provides for production of documents as TIFFs as the default, because Instruction 6 imposes the burdensome requirement that all documents be produced in native format. Google's productions will abide by the stipulated obligations in the ESI Protocol.

4.     Google objects to Instruction 7 to the extent it seeks to impose obligations beyond those required by the Federal Rules or the Local Rules by requiring, without limitation, that Google describe "in detail the process used to identify and collect Documents responsive to each request for production." Federal Rule of Civil Procedure 34(2)(B) provides only that the responding party either state objections or produce documents.

5.      Google objects to Instruction 9 to the extent it seeks to impose obligations beyond those required by the Federal Rules or the Local Rules by requiring, without limitation, that Google identify any of the more than 6 million previously-produced documents by Bates number in response to Plaintiff's duplicative requests.

6.      Google objects to Instruction 11 to the extent it seeks to impose obligations beyond or different from those required by the stipulated ESI Protocol filed in this case. ECF No. 174-2. Instruction 11 purports to set forth privilege log requirements, which are set forth in detail in Paragraph V of the ESI Protocol. Google's productions will abide by the obligations stipulated in the ESI Protocol.

7.      Google objects to Instruction 14 to the extent it seeks to impose obligations beyond those required by the Federal Rules or the Local Rules by requiring, without limitation, that "[a]ll Documents are to be produced in full." Google further objects to Instruction 14 to the extent it purports to require Google to produce (i) privileged information or information protected by the attorney work product doctrine, (ii) trade secrets, including source code and other highly sensitive information regarding competitive business practices, and/or (iii) information that is protected by privacy laws.

8.      Google objects to Instruction 15 to the extent it seeks to impose obligations beyond those required by the Federal Rules or the Local Rules. Google further objects to Instruction 15 to the extent it purports to require Google to produce (i) privileged information or information protected by the attorney work product doctrine, (ii) trade secrets, including source code and other highly sensitive information regarding competitive business practices, and/or (iii) information that is protected by privacy laws. Google further objects to Instruction 15 to the extent it seeks to impose obligations beyond or different from those required by the stipulated ESI Protocol filed in this case. ECF No. 174-2. Instruction 15 contradicts Appendix 1.E of the ESI Protocol, which governs the production of

- 14 -

"[h]idden content, tracked changes or edits, comments, notes, and other similar information." Google's productions will abide by the stipulated obligations in the ESI Protocol.

9.      Google objects to Instruction 17 to the extent it seeks to impose obligations beyond or different from those required by the ESI Protocol filed in this case. ECF No. 14-2. Instruction 17 contradicts Paragraph V.10 of the ESI Protocol, which permits redaction of "personal data and personally identifying numbers or sensitive information from produced documents, consistent with the requirements under Federal Rule of Civil Procedure 5.2 and Local Rules." Google's productions will abide by the stipulated obligations in the ESI Protocol.

10.     Google objects to Instruction 18 to the extent it seeks to impose obligations beyond or different from those required by the ESI Protocol filed in this case. ECF No. 174-2. Instruction 18 contradicts Appendix 1.E of the ESI Protocol which provides for production of documents as TIFFs as the default, because Instruction 18 purports to require "[a]ny responsive dynamic material" to "be produced  .  .  . as a Clone of such material." Google's productions will abide by the stipulated obligations in the ESI Protocol.

<u>**GENERAL OBJECTIONS**</u>

1.      In response to hundreds of earlier requests for production, and combined with materials produced during the State of Texas's 13-month pre-suit investigation as well as during the Department of Justice's investigation and litigation, Google has already produced over 6 million documents from over 150 custodians and over 200 search terms, comprising more than 200 terabytes of data. Google has also made available for inspection nearly 80 gigabytes of source code. As set forth in the Specific Responses and Objections below, Google also agrees to meet and confer regarding additional targeted searches. To the extent the Requests purport to seek any additional custodial document searches, Google objects to the Requests because they "needlessly increase the cost of litigation" or are

"unreasonable" and "unduly burdensome" when "considering the needs of the case" and the "prior discovery in the case" as prohibited by Federal Rule of Civil Procedure 26(g)(1)(B).

2.      Google objects to the Requests to the extent they seek documents or information covered by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Google will not produce privileged or protected material. Any inadvertent disclosure of privileged or protected information by Google in response to the Requests shall not be deemed a waiver of any such privilege or protection, and Google expressly requests that any party that receives any such inadvertently produced privileged or protected information immediately return and not make use of the inadvertently produced privileged or protected information. *See* Confidentiality Order, ECF No. 174-1, ¶ 12(a) ("The production of privileged or work-product protected [material], whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery . . . .").

3.      Google objects to the Requests to the extent they purport to require Google to search for or produce documents not within its possession, custody, or control, or that cannot be found through a reasonable search. Google will only search for and produce information and materials that are in its possession, custody, or control.

4.      Google objects to the Requests to the extent they call for information and/or documents that are already in the possession of or equally available to Plaintiff or its counsel, including, but not limited to, documents previously produced to Plaintiff and documents available from government agencies, regulatory bodies, court filings, commercial industry sources, or documents available in the public domain.

5.      Google objects to the Requests to the extent they "needlessly increase the cost of litigation" or are "unreasonable" and "unduly burdensome" when "considering the needs of the case" and the "prior discovery in the case" as prohibited by Federal Rule of Civil Procedure 26(g)(1)(B).

6.      Google objects to the Requests as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that they call for the identification or production of "all" documents or communications when a subset of the documents or communications would be sufficient.

7.      These responses and objections and any documents or information produced are provided without waiver of any objections as to the competency, relevance, materiality, privileged status, or admissibility of any document or information as evidence.

8.      Google objects to the Requests to the extent they identify document types, sources, and the scope of requested data. Google will produce documents pursuant to the ESI Protocol, ECF No. 174-2, which includes, among other things, specifications for the types of documents, sources, and data that will be produced in response to these Requests.

9.      Google objects to the Requests as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case to the extent that requests for "Documents" seek to require Google to produce source code without specifically referring to source code as such. Google further objects because source code is unnecessary and irrelevant to whether or not Google engaged in the alleged anticompetitive conduct, particularly given the extensive document productions already made describing the operation of Google's ad tech products and auction mechanics. Source code is "extremely sensitive information or items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs." Confidentiality Order, ECF No. 174-1, ¶ 1(v). Disclosure of the requested source code would "create a substantial risk of serious harm" to Google. *Id.* Absent a showing that source code is relevant to the claims at issue and necessary to prove any of Plaintiff's claims, Google will not produce highly sensitive source code. *See id.*, App'x B ¶ 8 (setting forth source code production procedures "[t]o the extent production of source

code becomes necessary in this case").

10.      Google objects to the Requests as vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case to the extent that requests for "Documents" seek to require Google to produce log data without specifically referring to log data as such.

11.      Google further objects to the Requests to the extent they seek production of categories of ESI that "are not reasonably accessible" and need not be preserved, searched, collected, or reviewed pursuant to the ESI Protocol, ECF No. 174-2. Google's productions will be governed by the obligations in that ESI Protocol.

12.      Google's investigation of Plaintiff's claims is ongoing. These responses are being made after reasonable inquiry into the relevant facts and are based only upon the information and documentation that is presently known to Google. Google's responses and production should not be construed to prejudice its right to conduct further investigation, or to limit its use of any additional evidence that may be developed. Google reserves the right to assert additional objections, and to supplement its responses and objections as appropriate, particularly if any additional information regarding the Requests or the underlying claims at issue is provided.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All Documents and Communications relating to the development of, adoption of, enforcement of, or compliance with Your Privacy and Security Principle to "never sell our users' personal information to anyone."

**Response to Request for Production No. 1:**

Google objects to Request 1 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 1 seeks documents related to Google's "development of, adoption of, enforcement of, or compliance with" allegedly public statements about its privacy and security policies–an area that appears to have, at most, a limited connection to only one of Plaintiffs' deceptive

520a9bb77a4a8c6e

trade practices ("DTPA") claims. Google further objects to Request 1 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 1 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 1.

**Request for Production No. 2:**

All Documents and Communications relating to Your understanding or interpretation of the terms "sell" and "personal information" as used in Your Privacy and Security Principle to "never sell our users' personal information to anyone."

**Response to Request for Production No. 2:**

Google objects to Request 2 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 2 seeks documents related to Google's "understanding or interpretation of" allegedly public statements about its privacy and security policies–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 2 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 2 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 2.

**Request for Production No. 3:**

All Documents and Communications relating to the development of, adoption of, enforcement of, or

compliance with Your statement on the "How our business works" portion of Your website that "We don't sell your personal information to anyone."

**Response to Request for Production No. 3:**

Google objects to Request 3 as vague and ambiguous in its use of the undefined term "Your website." Google has assumed, for purposes of this response, that the Request refers to information accessible through the Google search homepage.

As so interpreted, Google objects to Request 3 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 3 seeks documents related to Google's "development of, adoption of, enforcement of, or compliance with" allegedly public statements about its privacy and security policies–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 3 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 3 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 3.

**Request for Production No. 4:**

All Documents and Communications relating to Your understanding or interpretation of the terms "sell" and "personal information" as used on the "How our business works" portion of Your website.

**Response to Request for Production No. 4:**

Google objects to Request 4 as vague and ambiguous in its use of the undefined term "Your website." Google has assumed, for purposes of this response, that the Request refers to information accessible through the Google search homepage.

- 20 -

As so interpreted, Google objects to Request 4 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 4 seeks documents related to Google's "understanding or interpretation of" allegedly public statements about its privacy and security policies–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 4 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 4 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 4.

**Request for Production No. 5:**

All Documents and Communications relating to the development of, adoption of, enforcement of, or compliance with Your statement on the "How our business works" portion of Your website that "Advertisers do not pay us for personal information."

**Response to Request for Production No. 5:**

Google objects to Request 5 as vague and ambiguous in its use of the undefined term "Your website." Google has assumed, for purposes of this response, that the Request refers to information accessible through the Google search homepage.

As so interpreted, Google objects to Request 5 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 5 seeks documents related to Google's "development of, adoption of, enforcement of, or compliance with" allegedly public statements about its privacy and security policies–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 5 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of

- 21 -

limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 5 also seeks

massive volumes of information for which "the burden or expense of the proposed discovery" far

"outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing General and Specific Objections, Google is

willing to meet and confer on targeted searches related to Request 5.

**Request for Production No. 6:**

All Documents and Communications relating to Your understanding or interpretation of the term
"Advertisers do not pay us for personal information" as used on the "How our business works" portion
of Your website.

**Response to Request for Production No. 6:**

Google objects to Request 6 as vague and ambiguous in its use of the undefined term "Your

website." Google has assumed, for purposes of this response, that the Request refers to information

accessible through the Google search homepage.

As so interpreted, Google objects to Request 6 as overbroad, unduly burdensome, and

disproportionate to the needs of the case because Request 6 seeks documents related to Google's

"understanding or interpretation of" allegedly public statements about its privacy and security

policies–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA

claims. Google further objects to Request 6 as unduly burdensome, overly broad, and not tailored to

the needs of this case because it requests documents beyond the two year statute of limitations for

Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 6 also seeks massive volumes

of information for which "the burden or expense of the proposed discovery" far "outweighs its likely

benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing General and Specific Objections, Google is

willing to meet and confer on targeted searches related to Request 6.

**Request for Production No. 7:**

All Documents and Communications relating to any commitment or representation You have made to never sell the personal information or personal data of Your Users.

**Response to Request for Production No. 7:**

Google objects to Request 7 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 7 seeks documents related to Google's alleged "commitment[s] or representation[s]" about its treatment of Users' personal information or personal data–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 7 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 7 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Google further objects to Request 7 as vague and ambiguous in its use of the undefined terms "commitment," "representation," "personal information," and "personal data." Moreover, even adopting the ordinary dictionary definition of the terms "commitment" and "representation" does not eliminate the ambiguity or narrow this request. The request seeks "all" documents or communications "relating" to "any commitments or representation" that Google made on a broad topic without specifying to whom the purported statements were made or where. Accordingly, Google objects to the request as overly broad, unduly burdensome, and not reasonably tailored to the needs of this case. This request is plainly a fishing expedition seeking purported statements for Texas to claim are actionable, rather than a reasonable discovery request tailored to existing claims. Google will not respond further to, or produce documents for, Request 7 as drafted.

**Request for Production No. 8:**

All Documents and Communications related to any complaints or concerns you have received from Your Users in Texas related to the use, sale, or sharing of a User's personal information or personal

data without their consent.

**Response to Request for Production No. 8:**

Google objects to Request 8 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 8 seeks documents related to "any complaints or concerns" Google received regarding its treatment of Users' personal information or personal data–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 8 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 8 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Google further objects to Request 8 as vague and ambiguous in its use of the undefined terms "consent," "personal information," and "personal data."

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 8.

**Request for Production No. 9:**

All Documents and Communications related to the methods by which You have obtained consent to use or share the personal information or personal data of Your Users in Texas.

**Response to Request for Production No. 9:**

Google objects to Request 9 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 9 seeks documents related to Google's treatment of Users' personal information or personal data–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 9 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 9 also seeks

massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Google further objects to Request 9 as vague and ambiguous in its use of the undefined terms "consent," "personal information," and "personal data."

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 9.

**Request for Production No. 10:**

Documents sufficient to show the number of Users in Texas, on a monthly basis from January 1, 2010 to the present, from whom You have obtained consent to share a User's personal information or personal data.

**Response to Request for Production No. 10:**

Google objects to Request 10 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 10 seeks documents related to Google's treatment of Users' personal information or personal data–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 10 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests data going back to 2010, well beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 10 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Google further objects to Request 10 as vague and ambiguous in its use of the undefined terms "consent," "personal information," and "personal data."

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 10.

**Request for Production No. 11:**

All Documents and Communications related to any changes, amendments, revisions, and updates to

Your Privacy Policy or any portion thereof, Your Privacy and Security Principles or any portion thereof, and the "How our business works" page on Your website.

**Response to Request for Production No. 11:**

Google objects to Request 11 as vague and ambiguous in its use of the undefined term "Your website." Google has assumed, for purposes of this response, that the Request refers to information accessible through the Google search homepage.

As so interpreted, Google objects to Request 11 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 11 seeks documents related to Google's allegedly public statements about its privacy and security policies–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 11 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 11 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Google further objects to Request 11 to the extent it seeks documents or information that were prepared in anticipation of litigation, are subject to claims of privilege under the attorney-client privilege, constitute work product, or are otherwise privileged or protected from discovery. Google anticipates that many documents relating to privacy policy changes and decisions would be covered by the attorney-client privilege or protected under the work product doctrine, and it would be unduly burdensome and disproportionate to the needs of the case to require Google to evaluate whether a large collection of likely privileged or otherwise protected documents contains a small number of discoverable documents.

Google further objects to Request 11 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL

Request for Production No. 273.[1] Google incorporates its responses and objections to that Request and refers Plaintiff to documents previously produced.

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on why, if at all, Google's production does not already satisfy the request.

## Request for Production No. 12:

All Documents and Communications, including but not limited to usability studies, controlled experiments, user surveys, or any other research, analyses, or testing, related to how Users respond to, interact with, understand, perceive, or interpret Your Privacy Policy or any portion thereof, Your Privacy and Security Principles or any portion thereof, and the "How our business works" page on Your website. This request includes any such studies, research, analyses, experiments, or tests related to any version of Your Privacy Policy, Your Privacy and Security Principles, and the "How our business works" page of Your website, as well as any proposed changes, revisions, amendments, and updates to Your Privacy Policy, Your Privacy and Security Principles, and the "How our business works" page of Your website, or any portions thereof.

## Response to Request for Production No. 12:

Google further objects to Request 12 as vague and ambiguous in its use of the undefined term "Your website." Google has assumed, for purposes of this response, that the Request refers to information accessible through the Google search homepage.

As so interpreted, Google objects to Request 12 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 12 seeks documents related to Google's allegedly public statements about its privacy and security policies–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 12 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 12 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

[1] "Plaintiffs' MDL Requests for Production" refers to Plaintiff's First Set of Requests for Production of Documents to Defendants, served on January 27, 2023, and Plaintiff's Second Set of Requests for Production of Documents to Defendants, served on September 29, 2023, in *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC) (S.D.N.Y.).

Google further objects to Request 12 to the extent it seeks documents or information that were prepared in anticipation of litigation, are subject to claims of privilege under the attorney-client privilege, constitute work product, or are otherwise privileged or protected from discovery. Google anticipates that many documents relating to privacy policy changes and decisions would be covered by the attorney-client privilege or protected under the work product doctrine and it would be unduly burdensome and disproportionate to the needs of the case to require Google to evaluate whether a large collection of likely privileged or otherwise protected documents contains a small number of discoverable documents.

Google further objects to Request 12 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Request for Production No. 273. Google incorporates its responses and objections to that Request and refers Plaintiff to documents previously produced.

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on why, if at all, Google's production does not already satisfy the request.

**Request for Production No. 13:**

All Documents and Communications, including but not limited to usability studies, controlled experiments, user surveys, or any other research, analyses, or testing, related to what Users understand or perceive related to the data and personal information You collect from Users.

**Response to Request for Production No. 13:**

Google objects to Request 13 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 13 seeks documents related to "what Users understand or perceive" related to Google's treatment of Users' personal information or personal data–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 13 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus.

& Comm. Code § 17.565. Request 13 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 13.

**Request for Production No. 14:**

All Documents and Communications, including but not limited to usability studies, controlled experiments, user surveys, or any other research, analyses, or testing, related to what Users understand or perceive related to how You use, share, sell, monetize, or transfer data and personal information You collect from or about Users.

**Response to Request for Production No. 14:**

Google objects to Request 14 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 14 seeks documents related to "what Users understand or perceive" related to Google's treatment of Users' personal information or personal data–an area that appears to have, at most, a limited connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 14 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 14 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 14.

**Request for Production No. 15:**

Documents Identifying every affiliate, trusted business, Advertiser, Publisher, or any other entities or persons with which You shared a User's personal information or personal data for external processing, including without limitation all agreements You have entered into with any such any affiliates, trusted businesses, Advertisers, Publishers, or any other entities or persons or persons with which You shared

a User's personal information for external processing.

**Response to Request for Production No. 15:**

Google objects to Request 15 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 15 seeks documents related to Google's purported sharing of Users' personal information and data–an area that appears to have, at most, the barest connection to only one of Plaintiffs' DTPA claims. Google further objects to Request 15 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 15 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Google further objects to Request 15 as vague and ambiguous in its use of the undefined term "external processing."

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 15.

**Request for Production No. 16:**

All Documents and Communications relating in any way to Your sharing of a User's personal information or personal data with any affiliates, trusted businesses, Advertisers, Publishers, or any other entities or persons with which You shared a User's personal information for external processing.

**Response to Request for Production No. 16:**

Google objects to Request 16 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 16 seeks documents related to Google's purported sharing of Users' personal information and data–an area that appears to have, at most, only the barest connection to one of Plaintiffs' DTPA claims. Google further objects to Request 16 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 16 also seeks

massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Google further objects to Request 16 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks information "relating in any way" to a broad category of topics. To the extent a response is required, Google will perform only a reasonable and proportionate search to identify responsive, non-privileged information.

Google further objects to Request 16 as vague and ambiguous in its use of the undefined term "external processing."

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 16.

**Request for Production No. 17:**

All Documents and Communications related to any instance in which You shared a User's personal information or personal data with a third party to protect against harm to the rights, property, or safety of Google.

**Response to Request for Production No. 17:**

Google objects to Request 17 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 17 seeks documents related to Google's purported sharing of Users' personal information and data and that do not appear to have any reasonable connection to Plaintiffs' DTPA claims. Google further objects to Request 17 as unduly burdensome, overly broad, and not tailored to the needs of this case because it purports to request documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 17 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Google further objects to Request 17 to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues

- 31 -

or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

Google further objects to Request 17 as overly broad and unduly burdensome to the extent it seeks information concerning "any instance" in which user information was shared. Moreover, Request 17 is ambiguous as written because it is not clear what Plaintiff means by "to protect against harm to the rights, property, or safety of Google." Accordingly, Google objects to the request as not reasonably tailored to the needs of this case. Google will not respond further to, or produce documents for, to Request 17 as drafted.

**Request for Production No. 18:**

Documents Identifying all mergers, acquisitions, or sales of assets in which You have shared Users' personal information or personal data.

**Response to Request for Production No. 18:**

Google objects to Request 18 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 18 seeks documents related to Google's purported sharing of Users' personal information and data and that do not appear to have any reasonable connection to Plaintiffs' DTPA claims. Google further objects to Request 18 as unduly burdensome, overly broad, and not tailored to the needs of this case because it requests documents beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 18 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Google further objects to Request 18 to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

Google further objects to Request 18 on the basis that it seeks publicly available information equally accessible to Plaintiff concerning Google's acquisitions.

Google further objects to Request 18 to the extent it seeks documents or information that were prepared in anticipation of litigation, are subject to claims of privilege under the attorney-client privilege, constitute work product, or are otherwise privileged or protected from discovery. Google anticipates that many documents relating to privacy policy changes and decisions would be covered by the attorney-client privilege or protected under the work product doctrine and it would be unduly burdensome and disproportionate to the needs of the case to require Google to evaluate whether a large collection of likely privileged or otherwise protected documents contains a small number of discoverable documents.

Accordingly, Google objects to the request as overly broad, unduly burdensome, and not reasonably tailored to the needs of this case. Google will not respond further to, or produce documents for, to Request 18 as drafted.

**Request for Production No. 19:**

All Documents, including without limitation user studies, planning documents, white papers, market analyses, competitive analysis, retrospectives, strategic plans, or other decision-making or analytical Documents related to Your use of Users' personal information or personal data for advertising purposes.

**Response to Request for Production No. 19:**

Google objects to Request 19 as duplicative of Request Nos. 13-15 above and refers Plaintiff to Google's responses and objections to those Requests.

**Request for Production No. 20:**

For each month from January 1, 2010 to the present, Documents Identifying the number of persons in Texas who visited each of the following websites, including any prior or subsequent versions thereof:

    a.    https://www.google.com/search/howsearchworks/mission/

    b.    https://about.google/intl/en_US/how-our-business-works/

c.    https://safety.google/principles/

d.    https://policies.google.com/privacy

e.    https://safety.google/privacy/ads-and-data/

f.    https://safety.google/privacy/data/

g.    https://howwemakemoney.withgoogle.com/

h.    https://support.google.com/admanager/answer/7128958?hl=en

**<u>Response to Request for Production No. 20:</u>**

Google objects to Request 20 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 20 seeks documents related to Google's privacy and security principles and that do not appear to have any reasonable connection to Plaintiffs' DTPA claims. Google further objects to Request 20 as unduly burdensome, overly broad, and not tailored to the needs of this case because it seeks data going back to 2010, well beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 20 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Google further objects to Request 20 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it calls for the identification or production of "all" logs or reports when a subset would be sufficient.

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 20.

**<u>Request for Production No. 21:</u>**

All logs or reports from January 1, 2010 to the present, including Google Analytics and other web analytics logs and reports, related to or Identifying persons in Texas who visited each of the following websites, including any prior or subsequent versions thereof:

a.    https://www.google.com/search/howsearchworks/mission/

- 34 -

      b.      https://about.google/intl/en_US/how-our-business-works/

      c.      https://safety.google/principles/

      d.      https://policies.google.com/privacy

      e.      https://safety.google/privacy/ads-and-data/

      f.      https://safety.google/privacy/data/

      g.      https://howwemakemoney.withgoogle.com/

      h.      https://support.google.com/admanager/answer/7128958?hl=en

**Response to Request for Production No. 21:**

Google objects to Request 21 as overbroad, unduly burdensome, and disproportionate to the needs of the case because Request 21 seeks documents related to Google's privacy and security principles and that do not appear to have any reasonable connection to Plaintiffs' DTPA claims. Google further objects to Request 21 as unduly burdensome, overly broad, and not tailored to the needs of this case because it seeks data going back to 2010, well beyond the two year statute of limitations for Texas DTPA claims. *See* Tex. Bus. & Comm. Code § 17.565. Request 21 also seeks massive volumes of information for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Google further objects to Request 21 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it calls for the identification or production of "all" logs or reports when a production of relevant data would be sufficient.

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer on targeted searches related to Request 21.

**Request for Production No. 22:**

All Documents and Communications relating to any study, experiment, analysis, or simulation Google conducted or is aware of which relates to the value of individuals' personal information or personal data, whether such study, experiment, analysis, or simulation relates to a single piece of an individual's personal information (e.g. the value of an individual's social security number or the value

of an individual's location), or a dataset that includes multiple pieces of  an individual's personal information (e.g. a database containing an individual's social security number, email address, and location). This request includes but is not limited to any study, experiment, analysis, or simulation Google conducted, received, or became aware of in connection with any litigation or other legal proceeding.

**Response to Request for Production No. 22:**

Google objects to Request 22 as duplicative of Request Nos. 13-15 and 19 above and refers

Plaintiff to Google's responses to those Requests.

**Request for Production No. 23:**

All Documents and Communications relating to any study, experiment, analysis, or simulation Google conducted or is aware of which relates to the value of Your Users' personal information or any subset thereof.

**Response to Request for Production No. 23:**

Google objects to Request 23 as duplicative of Request Nos. 13-15, 19, 22 above and refers

Plaintiff to Google's responses to those Requests.

**Request for Production No. 24:**

All Documents and Communications related to the July 31, 2020, letter from members of the United States Senate and House of Representatives to the then-Chairman of the Federal Trade Commission, Joseph Simons, related to entities participating in Real-Time Bidding Ad Auctions for the sole purpose of obtaining sensitive information about the potential recipient of the ad.

See https://www.wyden.senate.gov/imo/media/doc/073120%20Wyden%20Cassidy%20Led%20FTC%20Investigation%20letter.pdf).

**Response to Request for Production No. 24:**

Google objects to Request 24 as overbroad, unduly burdensome, and disproportionate to the

needs of the case because Request 24 seeks documents that appear to have, at most, the barest

connection to only one of Plaintiffs' DTPA claims. Request 24 seeks massive volumes of information

for which "the burden or expense of the proposed discovery" far "outweighs its likely benefit." Fed.

R. Civ. P. 26(b)(1).

Google further objects to Request 24 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 84, 95, and search terms,[2] including DOJ 19. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 25:**

All Documents, including without limitation all Communications, studies, investigations, or audits related to complaints or allegations that persons or entities participate in Real-Time Bidding Ad Auctions for the sole or primary purpose of obtaining information about the potential recipient of the ad.

**Response to Request for Production No. 25:**

Google objects to Request 25 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 84, 95, and search terms, including DOJ 19. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 26:**

All Documents and Communications related to steps You have taken to prevent or discourage persons or entities from participating in Real-Time Bidding Ad Auctions for the sole or primary purpose of obtaining information about the potential recipient of the ad.

**Response to Request for Production No. 26:**

Google objects to Request 26 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 84, 95, and search terms, including DOJ 19. Google

---

[2]   In these Responses and Objections, Google uses the following prefixes for search terms: Department of Justice investigation ("DOJ"); *U.S. v. Google*, 1:23-cv-00108-LMB-JFA, E.D. Va. ("DOJ EDVA"); *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-03010-PKC, S.D.N.Y. ("MDL"); State of Texas investigation ("TX"). The text of the cited search terms is provided in Appendix A.

incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 27:**

All Documents which You have provided to any regulator, legislative body, or governmental entity (either foreign or domestic) related to allegations or complaints that persons or entities participate in Real-Time Bidding Ad Auctions for the sole or primary purpose of obtaining information about the potential recipient of the ad.

**Response to Request for Production No. 27:**

Google objects to Request 27 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 84, 95, and search terms, including DOJ 19. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 28:**

All Documents Identifying what personal information, if any, participants in Your Real-Time Bidding Ad Auctions receive about the potential recipient of an ad.

**Response to Request for Production No. 28:**

Google objects to Request 28 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 84, 95, and search terms, including DOJ 19. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 29:**

All Documents and Communications exchanged between You and any Publisher, Advertiser, or other third party related to or describing the benefits of waterfalling.

**Response to Request for Production No. 29:**

Google objects to Request 29 as vague and ambiguous in its use of the undefined term "waterfalling." Google will respond based on information reasonably available to Google and its good faith and reasonable interpretation of the vague and ambiguous term.

Google further objects to Request 29 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 82, 83, and search terms, including MDL 23, MDL 41, MDL 89, MDL 112. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 30:**

All Documents and Communications exchanged between You and any Publisher, Advertiser, or other third party related to how any AdTech Product affects Publishers' revenues or yields, including without limitation all such Documents and Communications related to whether and how any AdTech Product maximizes Publishers' revenues or yields.

**Response to Request for Production No. 30:**

Google objects to Request 30 as duplicative of documents already produced to Plaintiff. In particular, this Request is duplicative of many other of the instant Requests. Google incorporates its responses and objections to Request Nos. 33, 35, 38-43, 47, 52, 59-62, 64-65, 68, 70-71, 73-76, 79-83, 92-99 herein. Google further objects to Request 30 as duplicative documents already produced to Plaintiffs, unduly burdensome, and disproportionate to the needs of the case because it mirrors search terms, including TX 10, TX 40, TX 50, DOJ 4, DOJ 19, DOJ EDVA 3, MDL 8, MDL 11, MDL 23, MDL 49, MDL 55, MDL 89, MDL 105, MDL 108. Google refers Plaintiff to documents previously produced.

**Request for Production No. 31:**

All Documents, including but not limited to planning documents, Communications, white papers, market analyses, competitive analysis, retrospectives, strategic plans, or other decision-making or analytical Documents related to or describing how running a spread between exchanges maximizes publisher revenue or yield.

**Response to Request for Production No. 31:**

Google objects to Request 31 as vague and ambiguous in its use of the undefined term "running a spread." Google will respond based on information reasonably available to Google and its good faith and reasonable interpretation of the vague and ambiguous phrase.

Google further objects to Request 31 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors search terms, including DOJ 4, DOJ 5, DOJ 9, DOJ 13, DOJ 15, DOJ 22, TX 10, TX 50, MDL 55. Google refers Plaintiff to documents previously produced.

**Request for Production No. 32:**

All Documents, including but not limited to planning documents, Communications, white papers, market analyses, competitive analysis, retrospectives, strategic plans, or other decision- making or analytical Documents related to or describing how or why You route Advertisers' bids through consecutive second price auctions between the Google Display Network and AdX.

**Response to Request for Production No. 32:**

Google objects to Request 32 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors search terms, including DOJ 4-9, DOJ 18, DOJ 19, MDL 55, MDL 115. Google refers Plaintiff to documents previously produced.

**Request for Production No. 33:**

All Documents and Communications related to statements, claims, or representations You made to any Publisher concerning Your duty, ability, or intent to increase or maximize the Publisher's revenues or yields.

**Response to Request for Production No. 33:**

Google objects to Request 33 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors search terms,

including TX 10, TX 40, TX 50, DOJ 4, DOJ 19, DOJ EDVA 3, MDL 8, MDL 11, MDL 23, MDL 49,

MDL 55, MDL 89, MDL 105, MDL 108. Google refers Plaintiff to documents previously produced.

**Request for Production No. 34:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted
or are aware of which relates to the impact of Your AdTech Products on Publisher revenues or yields.

**Response to Request for Production No. 34:**

Google objects to Request 34 as duplicative of documents already produced to Plaintiff,

unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL

Requests for Production, including Nos. 25, 42, 105-111, 113, 117, 134-136, 138, 141, 170, 174, 178,

180, and search terms, including TX 10, TX 40, TX 50, DOJ 4, DOJ 19, DOJ EDVA 3, MDL 8, MDL

11, MDL 23, MDL 49, MDL 55, MDL 89, MDL 105, MDL 108, MDL 115. Google incorporates its

responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 35:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted
or are aware of which relates to the impact that competition between Ad Exchanges has on Publishers,
including but not limited to, any impact on Publisher revenues or yields.

**Response to Request for Production No. 35:**

Google objects to Request 35 as duplicative of documents already produced to Plaintiff,

unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL

Requests for Production, including Nos. 25, 58, 68, and search terms, including DOJ 4, DOJ 5, DOJ 9,

DOJ 13, DOJ 15, DOJ 19, DOJ 22, TX 10, TX 50, MDL 55, MDL 115. Google incorporates its

responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 36:**

All Documents and Communications related to statements, claims, or representations You made to any
Advertiser Concerning Your duty, ability, or intent to decrease or minimize the Advertiser's costs.

**Response to Request for Production No. 36:**

Google objects to Request 36 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors search terms, including DOJ 4, DOJ 5, DOJ 15, TX 35. Google refers Plaintiff to documents previously produced.

**Request for Production No. 37:**

All Documents, including but not limited to planning documents, Communications, white papers, market analyses, competitive analysis, retrospectives, strategic plans, or other decision-making or analytical Documents related to transparency of pricing in Your Ad Auctions.

**Response to Request for Production No. 37:**

Google objects to Request 37 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 25, 58, 68, and search terms, including DOJ 4, DOJ 5, DOJ 9, DOJ 13, DOJ 15, DOJ 19, DOJ 22, TX 10, TX 50, MDL 55, MDL 115. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 38:**

All Documents, including but not limited to planning documents, Communications, white papers, market analyses, competitive analysis, retrospectives, strategic plans, or other decision-making or analytical Documents related to Your take rate in Your Ad Auctions.

**Response to Request for Production No. 38:**

Google objects to Request 38 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 45, 89, 101, 106, 109, 111, 114, 139, 155, 178, 196, and search terms, including MDL 32, MDL 109, TX 51. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 39:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted or are aware of which relates to the percent or amount of Your take rate in Your Ad Auctions.

**Response to Request for Production No. 39:**

     Google objects to Request 39 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 45, 89, 101, 106, 109, 111, 114, 139, 155, 178, 196, and search terms, including DOJ 19, MDL 32, MDL 109, TX 51. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 40:**

All Documents and Communications related to the disclosure of Your take rate in Your Ad Auctions.

**Response to Request for Production No. 40:**

     Google objects to Request 40 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors search terms, including MDL 32, MDL 109, TX 51. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 41:**

All Documents and Communications related to statements, claims, or representations You made to any Publisher concerning revenue share, fees, or other costs related to transactions on Your exchanges.

**Response to Request for Production No. 41:**

     Google objects to Request 41 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 39, 41, 45, 65, 89, 101, 106, 109, 111, 113-114, 117, 139, 155, 178, 196 and search terms, including DOJ 4 - DOJ 9, DOJ 18, DOJ 19, MDL 23, MDL 32, MDL 36, MDL 55, MDL 109, MDL 115, TX 4, TX 51. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 42:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted or are aware of which relates to the percent of advertising revenue paid by Advertisers that Publishers receive when selling inventory through Your exchange or network.

**Response to Request for Production No. 42:**

Google objects to Request 42 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including No. 25 and search terms, including DOJ 4-9, DOJ 18, DOJ 19, MDL 23, MDL 32, MDL 36, MDL 55, MDL 109, MDL 115, TX 51. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 43:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted or are aware of which relates to the percent or breakdown of the revenue You receive at each stage in any Ad Auction run by any of Your AdTech Products (i.e. on the sell side, the buy side, and the exchange).

**Response to Request for Production No. 43:**

Google objects to Request 43 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 25, 243 and search terms, including DOJ 4-9, DOJ 18, DOJ 19, MDL 23, MDL 32, MDL 55, MDL 109, MDL 115, TX 51. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 44:**

All Documents and Communications related to any complaints made or concerns expressed by any Publisher, Advertiser, or other third party concerning the fairness of transparency of, or bias in, Your Ad Auctions.

**Response to Request for Production No. 44:**

Google objects to Request 44 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL

Requests for Production, including Nos. 110, 117, 181, and search terms, including TX 4, TX 5, TX 9, TX 35, TX 36, TX 44, TX 47, MDL 104, MDL 106. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 45:**

All Documents and Communications exchanged between You and any Publisher, Advertiser, or other third party related to statements, claims, or representations You made Concerning the fairness or transparency of, or bias in, Your Ad Auctions, including any statements, claims, or representations that all bidders in Your Ad Auctions compete on equal footing or that all bidders are treated equally.

**Response to Request for Production No. 45:**

Google objects to Request 45 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 110, 117, 181, and search terms including, TX 4, TX 5, TX 9, TX 35, TX 36, TX 44, TX 47, MDL 66, MDL 104, MDL 106. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 46:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted or are aware of which relates to the number or percent of Ad Auctions transacted through Google Ad Exchange instead of a competing Ad Exchange because of each of the following programs:

      a.     RPO

      b.     DRS

      c.     Bernanke

      d.     Elmo

      e.     Poirot.

**Response to Request for Production No. 46:**

Google objects to Request 46 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 25, 42, 105, 106, 109, 111, 114, 115, 134, 138-140, 164, 170,

178, 179, and search terms, including DOJ 4, DOJ 7, DOJ 9-13, DOJ 15, DOJ 18, DOJ 19, DOJ

EDVA 15-17, TX 10, MDL 91. Google incorporates its responses and objections to the listed Requests

and refers Plaintiff to documents previously produced.

**Request for Production No. 47:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted
or are aware of which relates to the impact of Header Bidding on Publishers, including but not limited
to, any impact on Publisher revenues or yields.

**Response to Request for Production No. 47:**

Google objects to Request 47 as duplicative of documents already produced to Plaintiff,

unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL

Requests for Production, including Nos. 25, 31-36, 38, 42, 44-46, 87, 130-131, and search terms,

including DOJ 4, DOJ 5, DOJ 9, DOJ 10, DOJ 15, DOJ 18, DOJ 19, DOJ EDVA 3, TX 7, TX 8, MDL

23, MDL 41. Google incorporates its responses and objections to the listed Requests and refers

Plaintiff to documents previously produced.

**Request for Production No. 48:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted
or are aware of which relates to the impact of Header Bidding on any Ad Exchange.

**Response to Request for Production No. 48:**

Google objects to Request 48 as duplicative of documents already produced to Plaintiff,

unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL

Requests for Production, including Nos. 25, 31-33, 35-36, 38, 41-42, 44-46, and search terms,

including DOJ 4, DOJ 8-11, DOJ 15, DOJ 18, DOJ 19, DOJ 23, DOJ EDVA 3, TX 7- 8, MDL 23,

MDL 41. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to

documents previously produced.

**Request for Production No. 49:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted or are aware of which relates to the impact of Header Bidding on website latency or strain on servers.

**Response to Request for Production No. 49:**

Google objects to Request 49 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 33-35, and search terms, including TX 8. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 50:**

All Documents and Communications exchanged between You and any Publisher, Advertiser, or other third party related to or describing the disadvantages of Header Bidding, including but not limited all Documents and Communications related to or describing the impact of Header Bidding on website latency or strain on servers.

**Response to Request for Production No. 50:**

Google objects to Request 50 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 25, 31-36, 38, 42, 44-46, 87, 130-131, and search terms, including DOJ 4, DOJ 5, DOJ 9, DOJ 10, DOJ 15, DOJ 18, DOJ 19, DOJ 23, DOJ EDVA 3, TX 7, TX 8, MDL 23, MDL 41. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 51:**

All Documents, including but not limited to reports, sufficient to show the number of instances that Exchange Bidding returned a higher bid than the winning bid for the ad selected.

**Response to Request for Production No. 51:**

Google objects to Request 51 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL

Requests for Production, including Nos. 36, 42, 44, 50, 51, 116, 159, and 243, and search terms, including DOJ EDVA 4, DOJ EDVA 5, TX 10, TX 51, MDL 23. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced, as well as to the two sets of Google Ad Manager transaction-level data previously produced in response to MDL Requests for Production 116, 159, and 243. These datasets together amount to nearly 100 terabytes of data and contain billions of transactions, including Exchange Bidding (now known as Open Bidding) transactions.

Google further objects to Request 51 because the phrase "for the ad selected" is vague and ambiguous in that it does not specify the ad selection process to which it refers.

Google further objects to Request 51 as overbroad and unduly burdensome to the extent it is seeking data on "the number of instances that Exchange Bidding returned a higher bid than the winning bid for the ad selected." Identifying "the number of instances that Exchange Bidding returned a higher bid than the winning bid for the ad selected" would require Google to collect and produce data on every Exchange Bidding transaction on Google Ad Manager going back more than seven years to the introduction of Exchange Bidding in 2016, which could amount to billions (if not trillions) of transactions.

Google further objects to Request 51 as an improper request for production of documents pursuant to Federal Rule 34 to the extent that it seeks to require Google to perform calculations and analyses of data, rather than produce data as it is regularly maintained in the ordinary course of business.

**Request for Production No. 52:**

All Documents and Communications related to the disclosure of Reserve Price Optimization to any Publisher, Advertiser, or other third party, including but not limited to All Documents and Communications related to Your decision to launch Reserve Price Optimization without disclosing the program to Advertisers or Publishers.

**Response to Request for Production No. 52:**

Google objects to Request 52 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 36, 42, 44, 50, 51, and search terms, including DOJ EDVA 4, DOJ EDVA 5, TX 10, TX 51, MDL 23. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 53:**

Documents sufficient to Identify all Advertisers and Publishers who were opted into Reserve Price Optimization when it was initially launched or implemented.

**Response to Request for Production No. 53:**

Google objects to Request 53 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors search terms, including DOJ 19. Google refers Plaintiff to documents previously produced.

Google objects to Request 53 because the phrase "Advertisers . . . who were opted into Reserve Price Optimization" is vague and ambiguous. Reserve Price Optimization was a feature of Google Ad Manager's ad serving functionality, which is used by Publishers, not Advertisers.

Google further objects to Request 53 as an improper request for production of documents pursuant to Federal Rule 34 to the extent that it seeks to require Google to perform calculations and analyses of data, rather than produce data as it is regularly maintained in the ordinary course of business.

**Request for Production No. 54:**

Documents sufficient to show the number of transactions on AdX on a monthly basis from January 1, 2013 to the present, on which Reserve Price Optimization affected, altered, changed, manipulated, or overrode a Publishers' set exchange floor or floor price.

**Response to Request for Production No. 54:**

Google objects to Request 54 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 176 and 178. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

Google further objects to Request 54 as vague and ambiguous as the phrases "affected, altered, changed, manipulated, or overrode" and "Publishers' set exchange floor" are not defined.

Google further objects to Request 54 to the extent it assumes disputed issues and/or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper by contending that "Reserve Price Optimization . . . manipulated . . . a Publishers' set exchange floor or floor price."

Google further objects to Request 54 as an improper request for production of documents pursuant to Federal Rule 34 to the extent that it seeks to require Google to perform calculations and analyses of data, rather than produce data as it is regularly maintained in the ordinary course of business.

**Request for Production No. 55:**

All Documents and Communications, including but not limited to all contracts and agreements, exchanged between You and any Publisher reflecting or concerning Publishers' floor settings and floor prices, including but not limited to Documents and Communications in which a Publisher provided instructions related to floor settings or floor prices.

**Response to Request for Production No. 55:**

Google objects to Request 55 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including No. 180, and search terms, including MDL 15, MDL 38, MDL 89, MDL 98, MDL 115, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 56:**

Documents sufficient to Identify all Publishers whose contractually set exchange floors were affected, altered, changed, manipulated, or overridden as a result of Reserve Price Optimization from January 1, 2013 through the present.

**Response to Request for Production No. 56:**

Google objects to Request 56 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 174 and 178. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

Google further objects to Request 56 as vague and ambiguous because the phrases "contractually set exchange floors" and "affected, changed, manipulated, or overridden as a result of" are not defined.

Google further objects to Request 56 to the extent it assumes disputed issues and/or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper by assuming there were "Publishers whose contractually set exchange floors were . . . manipulated . . . as a result of Reserve Price Optimization."

Google further objects to Request 56 as an improper request for production of documents pursuant to Federal Rule 34 to the extent that it seeks to require Google to perform calculations and analyses of data, rather than produce data as it is regularly maintained in the ordinary course of business.

**Request for Production No. 57:**

Documents sufficient to show the number of transactions on AdX on a monthly basis from January 1, 2013 to the present, in which an Advertiser paid more for an ad/impression than they otherwise would have if Reserve Price Optimization had not been operational or in effect.

**Response to Request for Production No. 57:**

- 51 -

Google objects to Request 57 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 171, 176, 178. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

Google further objects to Request 57 as an improper request for production of documents pursuant to Federal Rule 34 to the extent that it seeks to require Google to perform calculations and analyses of data, rather than produce data as it is regularly maintained in the ordinary course of business.

**Request for Production No. 58:**

Documents sufficient to identify all Advertisers who, from January 1, 2013 to the present, paid more for an ad/impression than they otherwise would have if Reserve Price Optimization had not been operational or in effect.

**Response to Request for Production No. 58:**

Google objects to Request 58 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 171, 176, 178. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

Google further objects to Request 58 as an improper request for production of documents pursuant to Federal Rule 34 to the extent that it seeks to require Google to perform calculations and analyses of data, rather than produce data as it is regularly maintained in the ordinary course of business.

**Request for Production No. 59:**

All Communications with any Publisher, Advertiser, or third party, and/or public statements about Reserve Price Optimization; all Documents, including drafts, providing "talking points" or other instructions to Your employees regarding such Communications; all complaints or feedback from any Publisher, Advertiser, or other third party regarding Your use of Reserve Price Optimization or its consequences; Your internal discussions of any such complaints; and any responses You have made to

such complaints, regardless of whether or not the party providing feedback knew of the program's existence. To the extent that Reserve Price Optimization was not disclosed to customers, produce Documents relating to any efforts to prevent customers from learning of these practices and/or concerns about Your lack of transparency regarding Reserve Price Optimization.

**Response to Request for Production No. 59:**

Google objects to Request 59 to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Specifically, Google objects to the assertion that Google lacked transparency regarding Reserve Price Optimization.

Google further objects to Request 59 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 169, 177, 178, 180, 181, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, MDL 15, MDL 38, MDL 48, MDL 89, MDL 98, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 60:**

All Documents and Communications exchanged between You and any Publisher, Advertiser, or other third party related to or describing the benefits of Reserve Price Optimization, including but not limited to all Communications with any Advertisers related to the amount and type of inventory that would be available on AdX a result of Reserve Price Optimization.

**Response to Request for Production No. 60:**

Google objects to Request 60 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 169 and 180, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, MDL 15, MDL 38, MDL 89, MDL 98, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 61:**

All Documents and Communications, including but not limited to training materials, related to explaining the benefits of Reserve Price Optimization to Publishers, Advertisers, or other third parties, including but not limited to Documents and Communications related to statements, claims, or representations that could or could not be made to any Publisher, Advertiser, or other third party concerning Reserve Price Optimization.

**Response to Request for Production No. 61:**

Google objects to Request 61 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 169, 180, 181, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, MDL 15, MDL 38, MDL 48, MDL 89, MDL 98, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 62:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted or are aware of which relates to the impact of Reserve Price Optimization on Publishers, including but not limited to, any impact on Publisher revenues or yields.

**Response to Request for Production No. 62:**

Google objects to Request 62 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 25, 170, 174, 178, 180, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, MDL 15, MDL 38, MDL 55, MDL 89, MDL 98, MDL 115, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 63:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted or are aware of which relates to the impact of Reserve Price Optimization on Advertisers, including but not limited to, any impact on prices paid by Advertisers for an ad/impression or Advertisers' return on investment.

**Response to Request for Production No. 63:**

Google objects to Request 63 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 25, 170, 171, 174, 176, 177, 178, 180, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, MDL 15, MDL 38, MDL 89, MDL 98, MDL 115, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 64:**

All Documents and Communications relating to the effects of Reserve Price Optimization on Ad Auctions, Ad Exchanges, exchange floors, exchange floor settings, Floor Pricing, and floor prices.

**Response to Request for Production No. 64:**

Google objects to Request 64 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 167, 168, 169, 170, 171, 174, 176, 177, 179, 180, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, MDL 15, MDL 38, MDL 89, MDL 98, MDL 115, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 65:**

All Documents and Communications relating to Your use of Advertisers' historical bidding information and the effects of such use on Ad Auctions, Ad Exchanges, exchange floors, exchange floor settings, Floor Pricing, and floor prices.

**Response to Request for Production No. 65:**

Google objects to Request 65 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 167-72, 174-77, 179, 180, and search terms, including DOJ

- 55 -

5-9, DOJ 17-19, MDL 15, MDL 38, MDL 89, MDL 98, MDL 115, TX 4. Google incorporates its

responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 66:**

All Documents and Communications related to Your access to and use of Publisher Ad Server user
IDs to view historical bidding information, including but not limited to all disclosures you made to
any Publisher, Advertiser, or other third party regarding Your access to and use of Publisher Ad Server
user IDs.

**Response to Request for Production No. 66:**

Google objects to Request 66 as vague and ambiguous in its use of the undefined term "user

ID." Google will respond based on information reasonably available to Google and its good faith and

reasonable interpretation of the vague and ambiguous term.

Google further objects to Request 66 as duplicative of documents already produced to Plaintiff,

unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL

Requests for Production, including Nos. 172, 175, 264 and search terms, including DOJ 17 and MDL

44. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to

documents previously produced.

**Request for Production No. 67:**

All Documents and Communications relating to the effects of Your use of historical bidding
information on second prices in AdX.

**Response to Request for Production No. 67:**

Google objects to Request 67 as duplicative of documents already produced to Plaintiff,

unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL

Requests for Production, including Nos. 167, 172, 264, and search terms, including DOJ 17 and MDL

44. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to

documents previously produced.

**Request for Production No. 68:**

All Documents and Communications related to any complaints or concerns You received from any Publisher, Advertiser, or other third party related to Your changes to or manipulation of a Publisher's set price floor.

**Response to Request for Production No. 68:**

Google objects to Request 68 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 169, 178, 180, 264, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, MDL 15, MDL 38, MDL 89, MDL 98, MDL 115, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

Google further objects to Request 68 to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper by contending there was "manipulation of a Publisher's set price floor."

**Request for Production No. 69:**

Documents sufficient to Identify all Publishers and Advertisers who were opted into Dynamic Revenue Share when it was initially implemented or launched.

**Response to Request for Production No. 69:**

Google objects to Request 69 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors search terms, including DOJ 19, DOJ EDVA 12, MDL 36 and MDL 55. Google refers Plaintiff to documents previously produced.

Google further objects to Request 69 because the phrase "Advertisers . . . who were opted into Dynamic Revenue Share" is vague and ambiguous. Dynamic Revenue Share was a feature of Google Ad Manager's ad exchange functionality that was used by Publishers, not Advertisers.

Google further objects to Request 69 as an improper request for production of documents pursuant to Federal Rule 34 to the extent that it seeks to require Google to perform calculations and analyses of data, rather than produce data as it is regularly maintained in the ordinary course of business.

**Request for Production No. 70:**

All Documents and Communications related to the disclosure of any version of Dynamic Revenue Share to any Publisher, Advertiser, or other third party, including but not limited to All Documents and Communications related to Your decision to opt Publishers into the first version of Dynamic Revenue Share without disclosing to Publishers their enrollment therein.

**Response to Request for Production No. 70:**

Google objects to Request 70 to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

Google objects to Request 70 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 111, 113, 117, and search terms, including DOJ 4-9, DOJ 18, DOJ 19, DOJ EDVA 12, MDL 11, MDL 23, MDL 36, MDL 48, MDL 55. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 71:**

All Communications with any Publisher, Advertiser, or other third party, and/or public statements about Dynamic Revenue Share; all Documents, including drafts, providing "talking points" or other instructions to Your employees regarding such Communications or statements; all complaints or feedback from any Publisher, Advertiser, or other third party regarding Your use of Dynamic Revenue Share or its consequences; Your internal discussions of any such complaints; and any responses You have made to such complaints, regardless of whether or not the party providing feedback knew of the program's existence. To the extent that Dynamic Revenue Share was not disclosed to customers, produce Documents relating to any efforts to prevent customers from learning of these practices and/or concerns about Your lack of transparency regarding Dynamic Revenue Share.

**Response to Request for Production No. 71:**

Google objects to Request 71 to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Specifically, Google objects to the assertion that Google lacked transparency regarding Dynamic Revenue Share.

Google further objects to Request 71 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 111, 113, 117, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, DOJ EDVA 12, MDL 15, MDL 36, MDL 48, MDL 89, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 72:**

All Documents and Communications exchanged between You and any Publisher, Advertiser, or other third party related to whether opting out of any version of Dynamic Revenue Share would also opt Publishers out of another version of Dynamic Revenue Share.

**Response to Request for Production No. 72:**

Google objects to Request 72 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 113 and 117, and search terms, including DOJ 4-9, DOJ 18, DOJ 19, DOJ EDVA 12, MDL 36, MDL 48, MDL 55, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 73:**

All Documents and Communications exchanged between You and any Publisher, Advertiser, or other third party related to or describing the benefits of any version of Dynamic Revenue Share, including but not limited to all Documents and Communications comparing any versions of Dynamic Revenue Share.

**Response to Request for Production No. 73:**

Google objects to Request 73 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 111, 113, 117, and search terms, including DOJ 4-9, DOJ 18, DOJ 19, DOJ EDVA 12, MDL 23, MDL 36, MDL 55, MDL 115, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 74:**

All Documents and Communications, including but not limited to training materials, related to explaining the benefits of any version of Dynamic Revenue Share to Publishers, Advertisers, or other third party, including but not limited to Documents and Communications related to statements, claims, or representations that could or could not be made to any Publisher or Advertiser concerning any version of Dynamic Revenue Share.

**Response to Request for Production No. 74:**

Google objects to Request 74 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 111, 113, 117, and search terms, including DOJ 4-9, DOJ 18, DOJ 19, DOJ EDVA 12, MDL 36, MDL 48, MDL 55, MDL 115, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 75:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted or are aware of which relates to the impact of Dynamic Revenue Share on Publishers, including but not limited to, any impact on Your exchange fees and Publisher revenues or yields.

**Response to Request for Production No. 75:**

Google objects to Request 75 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 25, 111, 113, 117, and search terms, including DOJ 4-9, DOJ

18, DOJ 19, DOJ EDVA 12, MDL 23, MDL 36, MDL 55, MDL 115, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 76:**

All Documents and Communications relating to the effects of Dynamic Revenue Share on Ad Auctions, Ad Exchanges, exchange floors, exchange floor settings, Floor Pricing, and floor prices.

**Response to Request for Production No. 76:**

Google objects to Request 76 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrorsPlaintiffs' MDL Requests for Production, including Nos. 111, 113, 114, 116, 117, and search terms, including DOJ 4-9, DOJ 18, DOJ 19, DOJ EDVA 12, MDL 23, MDL 36, MDL 55, MDL 89, MDL 115, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 77:**

Documents sufficient to show the number of transactions and impressions transacted on AdX on a monthly basis from January 1, 2012 to the present in which the implementation or operation of Dynamic Revenue Share resulted in exchange fees for publisher inventory that were higher than they otherwise would have been had Dynamic Revenue Share not been implemented or in operation.

**Response to Request for Production No. 77:**

Google objects to Request 77 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including No. 116. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

Google further objects to Request 77 as an improper request for production of documents pursuant to Federal Rule 34 to the extent that it seeks to require Google to perform calculations and analyses of data, rather than produce data as it is regularly maintained in the ordinary course of business.

**Request for Production No. 78:**

Documents sufficient to Identify every Publisher transacting on AdX from January 1, 2012 to the present that paid or otherwise incurred exchange fees that were higher than they otherwise would have been had Dynamic Revenue Share not been implemented or in operation.

**Response to Request for Production No. 78:**

Google objects to Request 78 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including No. 116. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

Google further objects to Request 78 as an improper request for production of documents pursuant to Federal Rule 34 to the extent that it seeks to require Google to perform calculations and analyses of data, rather than produce data as it is regularly maintained in the ordinary course of business.

**Request for Production No. 79:**

All Documents and Communications related to the disclosure of any version of Bernanke to any Publisher, Advertiser, or other third party, including but not limited to All Documents and Communications related to Your decision whether or not to disclose any version of Bernanke to Publishers or Advertisers.

**Response to Request for Production No. 79:**

Google objects to Request 79 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 105, 106, 109, 110, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, DOJ EDVA 15-17, MDL 3, MDL 23, TX 35. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 80:**

All Communications with any Publisher, Advertiser, or other third party, and/or public statements about any version of Bernanke; all Documents, including drafts, providing "talking points" or other

instructions to Your employees regarding such Communications; all complaints or feedback from any Publisher, Advertiser, or other third party regarding Your use of any version of Bernanke or its consequences; Your internal discussions of any such complaints; and any responses You have made to such complaints, regardless of whether or not the party providing feedback knew of the program's existence. To the extent that Bernanke was not disclosed to customers, produce Documents relating to any efforts to prevent customers from learning of these practices and/or concerns about Your lack of transparency regarding Bernanke.

**Response to Request for Production No. 80:**

Google objects to Request 80 to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Specifically, Google objects to the assertion that Google lacked transparency regarding Bernanke.

Google further objects to Request 80 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 105, 106, 109, 110, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, DOJ EDVA 15-17, MDL 3, MDL 23, MDL 115, TX 4, TX 35. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 81:**

All Documents and Communications exchanged between You and any Publisher, Advertiser, or other third party related to or describing the benefits of any version of Bernanke.

**Response to Request for Production No. 81:**

Google objects to Request 81 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 106 and 110, and search terms, including DOJ 5-9, DOJ 18,

DOJ 19, DOJ EDVA 15-17, MDL 3, MDL 23, MDL 115, TX 4, TX 35. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 82:**

All Documents and Communications, including but not limited to training materials, related to explaining the benefits of any version of Bernanke to Publishers, Advertisers, or other third parties, including but not limited to Documents and Communications related to statements, claims, or representations that could or could not be made to any Publisher or Advertiser concerning Bernanke.

**Response to Request for Production No. 82:**

Google objects to Request 82 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 105, 106, 109, 110, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, DOJ EDVA 15-17, MDL 3, MDL 23, MDL 48, MDL 115, TX 4, TX 35. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 83:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted or are aware of which relates to the impact of any version of Bernanke on Publishers, including but not limited to, any impact on Publisher revenues or yields.

**Response to Request for Production No. 83:**

Google objects to Request 83 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 25 and 105-111, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, DOJ EDVA 15-17, MDL 23, MDL 115, TX 4, TX 35. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 84:**

If You contend that You discontinued Your use or implementation of any version of Bernanke, documents sufficient to show the date on which You discontinued such use or implementation.

**Response to Request for Production No. 84:**

Google objects to Request 84 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 105-106, and search terms, including DOJ 5, DOJ 8, DOJ 18, and DOJ EDVA 15-17. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 85:**

All Documents and Communications related to Bernanke's effects on second bids on non-competitive queries.

**Response to Request for Production No. 85:**

Google objects to Request 85 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 105, 106, 108-110, and search terms, including DOJ EDVA 15-17. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 86:**

All Documents and Communications related to the accumulation or retention of profit under Bernanke into "pools" and the use and effects of such "pools" on future bids, including but not limited to Documents and Communications related to the disclosure of such "pools" to Publishers and Advertisers.

**Response to Request for Production No. 86:**

Google objects to Request 86 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 107 and 110, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, DOJ EDVA 15-17, MDL 23,  MDL 115, TX 4, TX 35. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 87:**

All Documents and Communications related to Bernanke's effects on Google Ads buyers' win rates, including but not limited to Documents sufficient to show whether Google Ads buyers won more transactions on average than non-Google Ads buyers under Bernanke.

**Response to Request for Production No. 87:**

Google further objects to Request 87 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 105-106, 108-110, and search terms, including DOJ 5-9, DOJ 18, DOJ 19, DOJ EDVA 15-17, MDL 23, MDL 115, TX 4, TX 35. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

Google objects to Request 87 as an improper request for production of documents pursuant to Federal Rule 34 to the extent that it seeks to require Google to perform calculations and analyses of data, rather than produce data as it is regularly maintained in the ordinary course of business (or subsets or aggregations thereof).

**Request for Production No. 88:**

Documents sufficient to show the number of transactions on AdX where Bernanke, or any version thereof, was operational or in effect and a Publisher was paid based off the third highest bid when Google Ads submitted the top two bids in AdX.

**Response to Request for Production No. 88:**

Google objects to Request 88 to the extent it assumes disputed issues and/or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper by assuming that transactions occurred "where Bernanke, or any version thereof, was operational or in effect and a Publisher was paid based off the third highest bid when Google Ads submitted the top two bids in AdX." Subject to and without waiving the foregoing General and Specific Objections, Google states that no documents responsive to Request 88 exist.

**Request for Production No. 89:**

Documents sufficient to Identify all Publishers that were paid based off the third highest bid when Google Ads submitted the top two bids in AdX while Bernanke was operational or in effect.

**Response to Request for Production No. 89:**

Google objects to Request 89 to the extent it assumes disputed issues and/or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper by assuming that were "Publishers [. . .] were paid based off the third highest bid when Google Ads submitted the top two bids in AdX while Bernanke was operational or in effect." Subject to and without waiving the foregoing Specific and General Objections, Google states that no documents responsive to Request 89 exist.

**Request for Production No. 90:**

Documents sufficient to show the number of transactions on AdX in which Bernanke operated to retain a portion of the second price when Google Ads submitted the top two bids in AdX.

**Response to Request for Production No. 90:**

Google objects to Request 90 as an improper request for production of documents pursuant to Federal Rule 34 to the extent that it seeks to require Google to perform calculations and analyses of data, rather than produce data as it is regularly maintained in the ordinary course of business (or subsets or aggregations thereof).

Subject to and without waiving the foregoing Specific and General Objections, Google states that such data is not tracked or contained in documents created in the ordinary course of business.

**Request for Production No. 91:**

Documents sufficient to show, on a monthly basis from January 1, 2012 to the present, the amount or portion of the second price You retained under Bernanke when Google Ads submitted the top two bids in AdX.

**Response to Request for Production No. 91:**

Google objects to Request 91 as an improper request for production of documents pursuant to Federal Rule 34 to the extent that it seeks to require Google to perform calculations and analyses of

data, rather than produce data as it is regularly maintained in the ordinary course of business (or subsets or aggregations thereof).

Subject to and without waiving the foregoing Specific and General Objections, Google states that such data is not tracked or contained in documents created in the ordinary course of business.

**Request for Production No. 92:**

All Documents and Communications related to statements, claims, or representations You made to any Publisher or Advertiser concerning Elmo.

**Response to Request for Production No. 92:**

Google objects to Request 92 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 135, 141, 142, and search terms, including DOJ 4-9, DOJ 18, DOJ 19, DOJ 23, MDL 23, MDL 89, MDL 91, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 93:**

All Documents and Communications exchanged between You and any Publisher, Publisher Ad Server, Advertiser, Advertiser Ad Server, DSP, Ad Exchange, or SSP, related to or describing the benefits of Elmo.

**Response to Request for Production No. 93:**

Google objects to Request 93 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 135 and 141, and search terms, including DOJ 4-9, DOJ 18, DOJ 19, DOJ 23, MDL 23, MDL 89, MDL 91, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 94:**

All Documents and Communications, including but not limited to training materials, related to explaining the benefits of Elmo to Publishers or Advertisers or related to statements, claims, or

representations that could or could not be made to any Publisher or Advertiser concerning Elmo.

**Response to Request for Production No. 94:**

Google objects to Request 94 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 135, 141, 142, and search terms, including DOJ 4-9, DOJ 18, DOJ 19, DOJ 23, MDL 23, MDL 89, MDL 91, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 95:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted or are aware of which relates to the impact of Elmo on Publishers, including but not limited to, any impact on Publisher revenues or yields.

**Response to Request for Production No. 95:**

Google objects to Request 95 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 25, 134-136, 138, 141, and search terms, including DOJ 4-9, DOJ 18, DOJ 19, DOJ 23, MDL 23, MDL 89, MDL 91, MDL 115, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 96:**

All Documents and Communications related to statements, claims, or representations You made to any Publisher or Advertiser concerning Poirot.

**Response to Request for Production No. 96:**

Google objects to Request 96 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 135, 141, 142, and search terms, including DOJ 4-9, DOJ 18,

DOJ 19, DOJ 23, DOJ EDVA 9, MDL 23, MDL 89, MDL 91, TX 4. Google incorporates its responses

and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 97:**

All Documents and Communications between You and any Publisher, Publisher Ad Server, Advertiser, Advertiser Ad Server, DSP, Ad Exchange, or SSP, related to or describing the benefits of Poirot.

**Response to Request for Production No. 97:**

Google objects to Request 97 as duplicative of documents already produced to Plaintiff,

unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL

Requests for Production, including Nos. 135 and 141, and search terms, including DOJ 4-9, DOJ 18,

DOJ 19, DOJ 23, DOJ EDVA 9, MDL 23, MDL 89, MDL 91, TX 4. Google incorporates its responses

and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 98:**

All Documents and Communications, including but not limited to training materials, related to explaining the benefits of Poirot to Publishers or Advertisers, or related to statements, claims, or representations that could or could not be made to any Publisher or Advertiser Concerning Poirot.

**Response to Request for Production No. 98:**

Google objects to Request 98 as duplicative of documents already produced to Plaintiff,

unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL

Requests for Production, including Nos. 135, 141, 142, and search terms, including DOJ 4-9, DOJ 18,

DOJ 19, DOJ 23, DOJ EDVA 9, MDL 23, MDL 89, MDL 91, TX 4. Google incorporates its responses

and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 99:**

All Documents and Communications related to any experiment, analysis, or simulation You conducted or are aware of which relates to the impact of Poirot on Publishers, including but not limited to, any impact on Publisher revenues or yields.

**Response to Request for Production No. 99:**

Google objects to Request 99 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors Plaintiffs' MDL Requests for Production, including Nos. 25, 134-136, 138, 141, and search terms, including DOJ 4-9, DOJ 18, DOJ 19, DOJ 23, DOJ EDVA 9, MDL 23, MDL 89, MDL 91, TX 4. Google incorporates its responses and objections to the listed Requests and refers Plaintiff to documents previously produced.

**Request for Production No. 100:**

All Documents and Communications from January 1, 2019 to the present relating to statements, claims, or representations You made to any Publisher relating to whether You manipulated search traffic results to punish Publishers who set higher floor prices for Your Ad Auctions.

**Response to Request for Production No. 100:**

Google objects to Request 100 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors search terms, including DOJ 4-9, DOJ 18, DOJ 19, MDL 15, MDL 98, MDL 111, TX 4. Google refers Plaintiff to documents previously produced.

Google further objects to Request 100 to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper by assuming that Google "manipulated search traffic results to punish Publishers who set higher floor prices for Your Ad Auctions."

Google further objects to Request 100 to the extent it seeks documents that are not relevant to any party's claim or defense. Specifically, Request 100 seeks documents related to Google's Search business, an area that is not relevant to any claim that the Court has determined was well-pleaded and has no reasonable connection to this case.

**Request for Production No. 101:**

All Documents and Communications from January 1, 2019 to the present relating to statements,

claims, or representations You made to any Publisher relating to whether You manipulated search traffic results to punish publishers who did not engage in Exchange Bidding.

**Response to Request for Production No. 101:**

Google objects to Request 101 as duplicative of documents already produced to Plaintiff, unduly burdensome, and disproportionate to the needs of the case because it mirrors search terms, including DOJ 4-9, DOJ 18, DOJ 19, DOJ EDVA 4, DOJ EDVA 5, MDL 103, MDL 111, TX 4, TX 7, TX 9, TX 10, TX 47, TX 50. Google refers Plaintiff to documents previously produced.

Google further objects to Request 101 to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper by assuming that Google "manipulated search traffic results to punish publishers who did not engage in Exchange Bidding."

Google further objects to Request 101 to the extent it seeks documents that are not relevant to any party's claim or defense. Specifically, Request 101 seeks documents related to Google's Search business, an area that is not relevant to any claim that the Court has determined was well-pleaded and has no reasonable connection to this case.

Dated: December 11, 2023

Respectfully submitted,

R. Paul Yetter
State Bar No. 22154200
Bryce L. Callahan
State Bar No. 24055248
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com
julie.elmer@freshfields.com

ATTORNEYS FOR
DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on December 11, 2023, this document was served via email on counsel of record for Plaintiff the State of Texas.

/s/ R. Paul Yetter
R. Paul Yetter

- 73 -

**APPENDIX A – SEARCH TERMS**

| Number | Terms |
|---|---|
| DOJ 4 | (((plan OR plans OR planned OR planning) /10 business) OR strateg* OR forecast* OR roadmap OR project* OR predict* OR budget* OR decision* OR decid* OR stud* OR (white pre/1 paper*) OR whitepaper* OR memo* OR report* OR deck* OR slide* OR slideshow* OR presentation* OR PowerPoint* OR "Power Point" OR "Power Points") /20 (entry OR "R&D" OR "R & D" OR research* OR (develop* /10 (plan OR plans OR planned OR planning OR strateg* OR forecast* OR roadmap OR project* OR predict* OR budget* OR decision* OR decid*)) OR expan* OR grow* OR exit* OR shrink* OR enter* OR retrench* OR market* OR scal* OR compet* OR pric* OR objectiv* OR improv* OR cost* OR experiment*) /20 (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX OR "X for Publishers" OR GMP OR DV3 OR SA3 OR "X for Advertisers" OR XFA OR GCN OR "Relay Media" OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR "gTrade" OR "Poirot" OR "Jedi" OR "Elmo" OR "Marple" OR "Supply Path Optimization" OR SPO OR (supply w/2 optimiz*) OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR "AwBid" OR 3PE OR "Third Party Exchange" OR "Fast Fetch" OR "Delayed Fetch" OR "Dynamic Revenue Share" OR "Dynamic Rev Share" OR DRS OR UPR OR UFPA OR DFL OR Nera OR Narnia OR Banksy OR HBGY OR HBYG OR (HB /20 (ad OR ads OR advertis* OR pub OR pubs OR publisher* OR SSP* OR exchange* OR DSP* OR Amazon OR AMZN OR TAM OR Facebook OR FB OR FAN)) OR "HB Yield Group" OR "Client-Side Indirect" OR Yavin OR "Demand Product" OR "Ad Connector" OR (share w/3 wallet) OR Potassium OR Newton OR 3PC OR ((3P OR (third* /3 part*)) /10 cookie*) OR ((DBM OR DV3 OR DV360 OR AdX OR GAM OR "Ad Exchange" OR ADXSSL) /25 (consolidat*)) OR (consolidat* /10 metric*) OR ((DBM OR DV3 OR DV360) /25 increment*) OR CSAM OR Viral OR GAIA OR biscotti OR zwieback OR (data /5 leak*) OR Constellation OR "Full Circle" OR "Ads Data Hub" OR ADH OR ((quality) /25 (bid w/10 (quer* OR request*))) OR (cookie* /5 match*) OR (inventory w/2 (quality OR signal*)) OR ((clean* OR dirt* OR risk* OR IVT OR invalid OR fraud* OR spam*) /3 (inventory OR supply))) |

- 74 -

| DOJ 5 | ((pric* OR rate OR rates OR discount* OR fee OR fees OR commission*) /10 (plan OR plans OR planned OR planning OR list* OR polic* OR forecast* OR strateg* OR analy* OR program OR decision OR decid* OR revshar* OR ((rev OR revenue) /2 shar*) OR card OR cards)) /20 (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX OR "X for Publishers" OR GMP OR DV3 OR SA3 OR "X for Advertisers" OR XFA OR GCN OR "Relay Media" OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR AwBid OR ADH OR "Ads Data Hub" OR Banksy OR HBYG OR UPR OR UFPA OR DFL OR "Dynamic Revenue Share" OR "Dynamic Rev Share" OR DRS OR Bernanke OR RPO OR (bid w/2 (shav* OR shad* OR mult* OR hid* OR optimiz* OR cach* OR budget*)) OR gTrade OR Poirot OR Poirit OR Elmo OR Marple OR "Supply Path Optimization" OR SPO OR (supply w/2 optimiz*) OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR 3PE OR "Third Party Exchange" OR model* OR "experiment*") |
|---|---|
| DOJ 6 | (moat OR "pricing power" OR "market power" OR "monopoly" OR "monopsony" OR "competitive edge" OR "efficient scale" OR "entry barriers" OR "entrench" OR "dominant" OR "market leader" OR "market position" OR "network effects") AND (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX OR "X for Publishers" OR GMP OR DV3 OR SA3 OR "X for Advertisers" OR XFA OR GCN OR "Relay Media" OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR "gTrade" OR "Poirot" OR "Poirit" OR "Jedi" OR "Elmo" OR "Marple" OR "Supply Path Optimization" OR SPO OR (supply w/2 optimiz*) OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR "AwBid" OR "Dynamic |

| | |
|---|---|
| | Revenue Share" OR "Dynamic Rev Share" OR DRS OR Bernanke OR RPO OR (bid w/2 (shav* OR shad* OR mult* OR hid* OR optimiz* OR cach* OR budget*)) OR UPR OR UFPA OR DFL OR Nera OR Narnia OR Banksy OR HBGY OR HBYG OR HB OR "HB Yield Group" OR "Client-Side Indirect" OR Yavin OR "Demand Product" OR "Ad Connector" OR Potassium OR Newton OR 3PC OR ((third* w/3 part*) AND cookie*) OR GAIA OR biscotti OR zwieback OR (data w/5 leak*) OR Constellation OR "Full Circle" OR "Ads Data Hub" OR ADH OR (cookie* w/5 match*) OR (inventory w/2 (quality OR signal* OR data)) OR ((clean* OR dirt* OR risk* OR IVT OR invalid OR fraud* OR spam*) w/3 (inventory OR supply))) |
| DOJ 7 | ((market* /5 (share* or percent* or portion* or segmen* or vertical* OR presence OR domina* OR position)) /50 (protect* OR preserv* OR maint* OR keep* OR defend* OR guard* OR shield*)) /50 (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX OR "X for Publishers" OR GMP OR DV3 OR SA3 OR "X for Advertisers" OR XFA OR GCN OR "Relay Media" OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR AwBid OR ADH OR "Ads Data Hub" OR Banksy OR HBYG OR UPR OR UFPA OR DFL OR "Dynamic Revenue Share" OR "Dynamic Rev Share" OR DRS OR Bernanke OR RPO OR (bid w/2 (shav* OR shad* OR mult* OR hid* OR optimiz* OR cach* OR budget*)) OR gTrade OR Poirot OR Poirit OR Elmo OR Marple OR "Supply Path Optimization" OR SPO OR (supply w/2 optimiz*) OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR 3PE OR "Third Party Exchange" OR SoW OR (share OR fraction OR portion w/3 wallet) OR model* OR "experiment*") |
| DOJ 8 | ((plan OR plans OR planned OR planning OR strateg* OR roadmap OR decision* OR decide* OR develop* OR create OR creates OR created OR creating OR design* OR "R&D") /20 (ecosys* OR interop* OR rely* OR compat* OR combin*)) /30 (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video |

| | |
|---|---|
| | 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX OR "X for Publishers" OR GMP OR DV3 OR SA3 OR "X for Advertisers" OR XFA OR GCN OR "Relay Media" OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR AwBid OR ADH OR "Ads Data Hub" OR UPR OR UFPA OR DFL OR "Dynamic Revenue Share" OR "Dynamic Rev Share" OR DRS OR Bernanke OR RPO OR (bid w/2 (shav* OR shad* OR mult* OR hid* OR optimiz* OR cach* OR budget*)) OR gTrade OR Poirot OR Poirit OR Elmo OR Marple OR "Supply Path Optimization" OR SPO OR (supply w/2 optimiz*) OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR 3PE OR "Third Party Exchange" OR model* OR "experiment*" OR Nera OR Narnia OR Yavin OR "Demand Product" OR "Ad Connector") |
| DOJ 9 | ((analy* OR report* OR study OR studie* OR research* OR whitepaper OR "white paper" OR "white-paper") /5 (econom* OR market*)) /50 (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX OR "X for Publishers" OR GMP OR DV3 OR SA3 OR "X for Advertisers" OR XFA OR GCN OR "Relay Media" OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR "gTrade" OR "Poirot" OR "Poirit" OR "Jedi" OR "Elmo" OR "Marple" OR "Supply Path Optimization" OR SPO OR (supply w/2 optimiz*) OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR "AwBid" OR 3PE OR "Third Party Exchange" OR "Dynamic Revenue Share" OR "Dynamic Rev Share" OR DRS OR Bernanke OR RPO OR (bid w/2 (shav* OR shad* OR mult* OR hid* OR optimiz* OR cach* OR budget*)) OR UPR OR UFPA OR DFL OR Nera OR Narnia OR Banksy OR HBGY OR HBYG OR HB OR "HB Yield Group" OR "Client Side Indirect" OR Yavin OR "Demand Product" OR "Ad Connector" OR Potassium OR Newton OR 3PC OR (third* w/3 cookie*) OR ((DBM OR DV3 OR DV360 OR video OR platform OR AdX OR GAM) w/5 consolidat*) OR (consolidat* w/10 metric*) OR ((DBM OR DV3 OR DV360) w/10 increment*) OR "Ads Data Hub" OR ADH OR (cookie* w/5 match*) OR (inventory w/2 (quality OR signal* OR data)) OR ((clean* OR dirt* OR risk* OR IVT OR invalid OR fraud* OR spam*) w/3 (inventory OR supply)) OR model* OR experiment*) |

| DOJ 10 | (compet* OR rival* OR (market* /5 (share* OR entry OR exit OR foreclose* OR dominan* OR leader OR position OR concentrate* OR HHI OR disrupt*))) /20 (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX OR "X for Publishers" OR GMP OR DV3 OR SA3 OR "X for Advertisers" OR XFA OR "Relay Media" OR Rubicon OR OpenX OR FreeWheel OR "Free Wheel" OR SpotX OR (Trade /3 Desk) OR Pubmatic OR (Index /3 Exchange) OR Oracle OR AppNexus OR Xandr OR Sizmek OR Flashtalking OR (Tube /3 Mogul) OR Adobe OR Oath OR MediaMath OR Dataxu OR Adform OR Sonobi OR Aol OR GumGum OR Criteo OR Flashtalking OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR "gTrade" OR "Poirot" OR "Poirit" OR "Jedi" OR "Elmo" OR "Marple" OR "Supply Path Optimization" OR SPO OR (supply w/2 optimiz*) OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR "AwBid" OR 3PE OR "Third Party Exchange" OR "Fast Fetch" OR "Delayed Fetch" OR "Dynamic Revenue Share" OR "Dynamic Rev Share" OR DRS OR Bernanke OR RPO OR (bid w/2 (shav* OR shad* OR mult* OR hid* OR optimiz* OR cach* OR budget*)) OR UPR OR UFPA OR DFL OR Nera OR Narnia OR Banksy OR HBGY OR HBYG OR HB OR "HB Yield Group" OR "Client-Side Indirect" OR Yavin OR "Demand Product" OR "Ad Connector" OR Sow OR (share w/3 wallet) OR Potassium OR Newton OR 3PC OR (third* w/3 cookie*) OR ((DBM OR DV360 OR DV3 OR video OR platform OR AdX OR GAM) w/5 consolidat*) OR (consolidat* w/10 metric*) OR ((DBM OR DV360 OR DV3) w/10 increment*) OR CSAM OR Viral OR GAIA OR biscotti OR zwieback OR (data w/5 leak*) OR Constellation OR "Full Circle" OR "Ads Data Hub" OR ADH OR ((data OR signal* OR quality OR bid) w/10 (quer* OR request*)) OR (cookie* w/5 match*) OR (inventory w/2 (quality OR signal*)) OR ((clean* OR dirt* OR risk* OR IVT OR invalid OR fraud* OR spam*) w/3 (inventory OR supply)) OR model* OR experiment* |
| DOJ 11 | ((compet* OR rival*) /20 (market* /5 (share* OR entry OR exit OR foreclose* OR dominan* OR leader OR position OR concentrate* OR HHI OR disrupt*))) AND (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP |

| | |
|---|---|
| | OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX OR "X for Publishers" OR GMP OR DV3 OR SA3 OR "X for Advertisers" OR XFA OR GCN OR "Relay Media" OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR AwBid OR ADH OR "Ads Data Hub" OR Banksy OR HBYG OR UPR OR UFPA OR DFL OR "Dynamic Revenue Share" OR "Dynamic Rev Share" OR DRS OR Bernanke OR RPO OR (bid w/2 (shav* OR shad* OR mult* OR hid* OR optimiz* OR cach* OR budget*)) OR gTrade OR Poirot OR Poirit OR Elmo OR Marple OR "Supply Path Optimization" OR SPO OR (supply w/2 optimiz*) OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR 3PE OR "Third Party Exchange" OR SoW OR (share OR fraction OR portion w/3 wallet)) |
| DOJ 12 | ((compet* OR rival*) /20 (strength OR weakness OR compar* OR analy*)) /20 (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX OR "X for Publishers" OR GMP OR DV3 OR SA3 OR "X for Advertisers" OR XFA OR GCN OR "Relay Media" OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR AwBid OR ADH OR "Ads Data Hub" OR "Dynamic Revenue Share" OR "Dynamic Rev Share" OR DRS OR Bernanke OR RPO OR (bid w/2 (shav* OR shad* OR mult* OR hid* OR optimiz* OR cach* OR budget*)) OR "Supply Path Optimization" OR SPO OR (supply w/2 optimiz*) OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR 3PE OR "Third Party Exchange" OR Nera OR Narnia OR Newton OR Potassium OR 3PC OR (third* w/3 cookie*) OR GAIA OR biscotti OR zwieback OR (cookie* w/5 match*) OR (inventory w/2 (quality OR signal*)) OR ((clean* OR dirt* OR risk* OR IVT OR invalid) w/2 (traffic OR fraud* OR spam*))) |
| DOJ 13 | ((compet* OR rival*) /10 (quality OR technolog* OR performance OR privacy OR security OR "user experience" OR UX OR customizability OR inventory OR availability OR publisher* OR develop* OR data OR (customer /5 service))) AND (AdWords OR "Ad Words" OR "Google Display Network" OR |

| | |
|---|---|
| | GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX OR "X for Publishers" OR GMP OR DV3 OR SA3 OR "X for Advertisers" OR XFA OR GCN OR "Relay Media" OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR AwBid OR ADH OR "Ads Data Hub" OR "Dynamic Revenue Share" OR "Dynamic Rev Share" OR DRS OR Bernanke OR RPO OR (bid w/2 (shav* OR shad* OR mult* OR hid* OR optimiz* OR cach* OR budget*)) OR "Supply Path Optimization" OR SPO OR (supply w/2 optimiz*) OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR 3PE OR "Third Party Exchange" OR Nera OR Narnia OR Newton OR Potassium OR 3PC OR ((third* w/3 part*) AND cookie*) OR GAIA OR biscotti OR zwieback OR (cookie* w/5 match*) OR (inventory w/2 quality OR signal*) OR ((clean* OR dirt* OR risk* OR IVT OR invalid) w/2 (traffic OR fraud* OR spam*))) |
| DOJ 15 | (compet* OR rival* OR substitut*) /20 (supply OR demand OR cost OR scale OR inventory OR price OR elastic*) /20 (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX OR "X for Publishers" OR GMP OR DV3 OR SA3 OR "X for Advertisers" OR XFA OR GCN OR "Relay Media" OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR "Elmo" OR "Supply Path Optimization" OR SPO OR (supply w/2 optimiz*) OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR 3PE OR "Third Party Exchange" OR model* OR "experiment*" OR Banksy OR HBYG OR UPR OR UFPA OR DFL OR "Dynamic Revenue Share" OR "Dynamic Rev Share" OR DRS OR Bernanke OR RPO OR (bid /2 (shav* OR shad* OR mult* OR hid* OR optimiz* OR cach* OR budget*)) OR gTrade OR Poirot OR Poirit OR Elmo OR Marple) |

| DOJ 17 | ((data* OR datum OR histor* OR info* OR inform*) /30 (sale* OR sell* OR commerc* OR monetiz*)) /30 (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX OR "X for Publishers" OR GMP OR DV3 OR SA3 OR "X for Advertisers" OR XFA OR GCN OR "Relay Media" OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR (unified OR universal w/2 ID OR identifi*) OR Nera OR Narnia OR Potassium OR Newton OR 3PC OR (third* w/3 cookie*) OR GAIA OR biscotti OR zwieback OR Constellation OR "Full Circle" OR "Ads Data Hub" OR ADH OR ((data OR signal* OR quality OR bid) w/10 (quer* OR request*)) OR (cookie* w/5 match*) OR (inventory w/2 (quality OR signal*))) |
| DOJ 18 | (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR "DoubleClick Search" OR DCM OR DFA OR DRX OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR GMP OR GCN OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "X for Publishers" OR "X for Advertisers" OR XFA OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA3 OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AFS OR AFC OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR "gTrade" OR "Poirot" OR "Jedi" OR "Elmo" OR "Marple" OR "Supply Path Optimization" OR SPO OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR "AwBid" OR "Fast Fetch" OR "Delayed Fetch" OR "Dynamic Revenue Share" OR "Dynamic Rev Share" OR DRS OR Bernanke OR RPO OR (bid /2 (shav* OR shad* OR mult* OR hid* OR optimiz* OR cach* OR budget*)) OR UPR OR UFPA OR DFL OR Nera OR Narnia OR Banksy OR HBGY OR HBYG OR (HB /20 (ad OR ads OR advertis* OR pub OR pubs OR publisher* OR SSP* OR exchange* OR DSP* OR Amazon OR AMZN OR TAM OR Facebook OR FB OR FAN)) OR "HB Yield Group" OR "Client-Side Indirect" OR Yavin OR "Demand Product" OR "Ad Connector" OR Potassium OR Newton OR 3PC OR (third* w/3 cookie*) OR CSAM OR Viral OR GAIA OR biscotti OR |

| | |
|---|---|
| | zwieback OR Constellation OR ((unified OR universal) w/2 (ID OR identifi*))) /20 (RevForce OR (rev* w/2 force) OR waffle OR amortiz* OR depreciat* OR pric* OR fee OR (rev* /5 shar*) OR (term* /3 sale or sales)) OR discount OR profit* OR margin* OR commiss* OR ((business* OR "short term" OR "long term" OR budget* OR financ* OR model* OR estimat* OR trend*) /5 (plan OR plans OR planned OR planning OR strateg* OR objectiv* OR project* OR roadmap)) OR default* OR (expan* /5 (market* OR product* OR eco*)) OR "R&D" OR research* OR (develop* /10 (plan OR plans OR planned OR planning OR strateg* OR forecast* OR roadmap OR project* OR predict* OR budget* OR decision* OR decid* OR model* OR estimat* OR trend*))) |
| DOJ 19 | (develop* OR plan OR plans OR planned OR planning OR introduc* OR updat* OR revis* OR chang* OR objectiv* OR modif* OR design* OR create OR creates OR created OR creating OR experiment* OR test OR testing OR tested OR tests OR Rasta) /25 ((real OR realtime OR "real-time" /5 bid*) OR RTB OR (dynamic* /3 allocat*) OR (unified /3 pric*) OR EDA OR (exchang* /5 bid*) OR EDBA OR (open* /5 bid*) OR "Ad Exchange" OR AdX OR "Ad X" OR DFP OR DFA OR DBM OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Ad Manager" OR GAM OR (DRX /20 (ad OR ads OR advertis* OR pub OR pubs OR publisher* OR SSP* OR exchange* OR DSP* OR Amazon OR AMZN OR TAM OR Facebook OR FB OR FAN)) OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360 OR "gTrade" OR "Poirot" OR "Jedi" OR "Elmo" OR "Marple" OR "Supply Path Optimization" OR SPO OR "Demand Path Optimization" OR DPO OR (optimiz* w/3 path) OR "AwBid" OR "Dynamic Revenue Share" OR "Dynamic Rev Share" OR DRS OR Bernanke OR RPO OR (bid /2 (shav* OR shad*)) OR UPR OR UFPA OR DFL OR Nera OR Narnia OR Banksy OR HBGY OR HBYG OR (HB /20 (ad OR ads OR advertis* OR pub OR pubs OR publisher* OR SSP* OR exchange* OR DSP* OR Amazon OR AMZN OR TAM OR Facebook OR FB OR FAN)) OR "HB Yield Group" OR "Client-Side Indirect" OR Yavin OR "Demand Product" OR "Ad Connector") |
| DOJ 22 | ((multi* pre/3 (home OR homed OR homing)) OR (multi* /5 provid*)) /50 (AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR "DoubleClick Search" OR DCM OR DFA OR DRX OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR GMP OR GCN OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "X for Publishers" OR "X for Advertisers" OR XFA OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV360 OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA3 OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AFS OR AFC OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR (invite pre/3 media) OR "Advertising Exchange" OR ADXSSL |

| | |
|---|---|
| | OR "Ad Manager 360" OR AM360 OR 3PE OR "Third Party Exchange" OR ((Third OR non-Google OR external OR outside) w/2 (exchange OR SSP OR DSP OR "Ad Server" OR AdServer OR PAS))) |
| DOJ 23 | (Head* /5 bid*) OR "PreBid" OR "Poirot" OR "Elmo" OR Banksy OR HBGY OR HBYG OR (HB /20 (ad OR ads OR advertis* OR pub OR pubs OR publisher* OR SSP* OR exchange* OR DSP* OR Amazon OR AMZN OR TAM OR Facebook OR FB OR FAN)) OR "HB Yield Group" OR (IAB w/2 (head* w/5 bid*)) |
| DOJ EDVA 3 | (HBYG OR ("header bidding" w/2 yield)) |
| DOJ EDVA 4 | ("Demand Syndication") |
| DOJ EDVA 5 | (Jedi*) |
| DOJ EDVA 9 | (Poirot OR Poriot) |
| DOJ EDVA 12 | (DRS) |
| DOJ EDVA 15 | (Bernanke) |
| DOJ EDVA 16 | (Alchemist) |
| DOJ EDVA 17 | ("Project Bell") |
| MDL 3 | (Bernan* OR Bernak* or (Bell /3 (version or variant or project )) OR (Bell /20 call)) |
| MDL 8 | (bid* or auction* or revenue or revshare or pay* or margin* or profit* or bill*) AND (("cross priority ranking" or "cross-priority ranking") or (CPR and algorithm*) or (CPR and auction*)) |
| MDL 11 | ("Dynamic Revenue Share" OR "Average Revenue Share" OR "ARS" OR ((average* w/1 (rev OR revenue)) and share)) |
| MDL 15 | ("floor setting" or (below w/1 floor)) |
| MDL 23 | (Display AND (bid* or auction* or revenue or revshare or ((rev OR revenue) w/2 shar*) or pay* or margin* or profit* or bill*) AND ("open auction" or OA) AND (gtrade OR Bernanke OR Bell OR Poirot OR Elmo OR revshare OR HB OR "header bidding" OR "open bidding" OR "exchange bidding" OR EBDA OR EB OR Jedi or (unif* w/1 auction) or (open W/1 bid*) or (exchange W/1 bid*) or (demand W/1 syndic*) OR OB OR UPF OR MBW OR "first look" OR "last look" OR (dynamic* w/3 allocat*) OR EDA or DA or waterfall* or (water w/2 fall*))) |
| MDL 32 | ("take rate" or "take-rate") |

- 83 -

| MDL 36 | (((dyn* w/1 (rev OR revenue)) and share) OR TDRS) |
|--------|---------------------------------------------------|
| MDL 38 | (((unif* OR same) w/3 (pric* w/2 (floor* or rule or rules))) OR *unif* w/3 floor*) |
| MDL 41 | (("Header bidding" OR HB OR "client side") w/5 ("yield groups" OR waterfal* or tag or "ad server")) |
| MDL 44 | (((("Data Transfer" OR DT or UserID or "User ID" OR Cookie*) w/5 (Encrypt* OR Unencrypt* OR Decrypt OR Hash* or fingerprint*)) AND (bid* or auction* or revenue or revshare or ((rev OR revenue) w/2 shar*) or pay* or margin* or profit* or bill*)) |
| MDL 48 | ((bid* or auction* or revenue or revshare or pay* or margin* or profit* or bill*) AND ((preinstal* OR default) w/3 install*)) |
| MDL 49 | ((bid* or auction* or revenue or revshare or pay* or margin* or profit* or bill*) AND (price W/1 priorit*)) |
| MDL 55 | ((AdWords OR "Ad Words" OR "Google Display Network" OR GDN OR DoubleClick OR "Double Click" OR "Double-Click" OR "Bid Manager" OR DBM OR "Campaign Manager" OR DCM OR DFA OR "Ads Data Hub" OR ADH OR "DoubleClick Studio" OR "DoubleClick Search" OR "Google Analytics 360 Suite" OR GA360 OR "DoubleClick for Publishers" OR DFP OR "Ad Exchange" OR AdX OR "Ad X" OR "Google Ads" OR "Smart Campaigns" OR "Google Marketing Platform" OR "Display & Video 360" OR "Display and Video 360" OR DV3 OR AW or Adword* or "Ad words" OR (author* w/1 buyer*) OR "Campaign Manager" OR Studio OR "Search Ads 360" OR SA360 OR "Google Analytics" OR "Google Ad Manager" OR GAM OR AdSense OR "Ad Sense" OR AdMob OR "Ad Mob" OR DVIP OR AdMeld OR AFS OR AFC OR DRX or XFP or GFP OR "X for Publishers" OR GMP OR DV3 OR DV360 OR SA3 OR "X for Advertisers" OR XFA OR GCN OR "Relay Media" OR (invite pre/3 media) OR DRX OR "Advertising Exchange" OR ADXSSL OR "Ad Manager 360" OR AM360) w/20 (*revshare* or ((rev OR revenue) w/2 share))) |
| MDL 66 | ((bid* or auction* or revenue or revshare or pay* or margin* or profit* or bill*) AND ("level playing field")) |
| MDL 89 | ((bid* or auction* or revenue or revshare or ((rev OR revenue) w/2 shar*) or pay* or margin* or profit* or bill* or (dynamic* w/3 allocat*) or DA or EDA) AND (optimiz* w/2 (compet* or pric* or supply or floor*))) |
| MDL 91 | (Poirot OR Poiret OR Elmo) |
| MDL 98 | (UPF OR UPR OR (pric* w/3 floor) OR (pub* w/10 floor) OR ("win rate" w/10 floor)) |

| | |
|---|---|
| MDL 103 | (develop* OR plan OR plans OR planned OR planning OR introduc* OR updat* OR revis* OR chang* OR objectiv* OR modif* OR design* OR create OR creates OR created OR creating OR experiment* OR test OR testing OR tested OR tests OR Rasta) /25 (OB (demand w/1 syndic*)) |
| MDL 104 | ((complain* OR angry OR mad OR upset* OR problem* OR unfair OR exploit* OR leverage* OR harm* OR hurt* OR protest* OR oppose* OR object* OR annoy* OR dissatisfied OR dissatisfaction OR disadvantage* OR degrad*) /15 ((open w/1 bid*) OR (exchange w/1 bid*) OR (demand w/1 syndic*))) |
| MDL 105 | (((open w/1 bid*) OR (exchange w/1 bid*) OR (demand w/1 syndic*)) /10 (impact* OR affect* OR result* OR increas* OR higher OR decreas* OR declin* OR reduc* OR low*) /15 (revenue* OR profit* OR yield* OR return* OR spend* OR fee* OR rate* OR charge* OR cost*)) |
| MDL 106 | (complain* OR angry OR mad OR upset* OR problem* OR unfair OR exploit* OR leverage* OR harm* OR hurt* OR protest* OR oppose* OR object* OR annoy* OR dissatisf* OR disadvantage* OR degrad* OR disfavor*) w/20 ((open w/1 bid*) OR  (exchange w/1 bid*) OR (demand w/1 syndic*)) |
| MDL 108 | ((open w/1 bid*) OR  (exchange w/1 bid*) OR (demand w/1 syndic*)) AND (Publisher* OR pub*) AND ((ad OR ads) w/20 (spend* OR revenue* OR profit OR budget OR allocat*)) |
| MDL 109 | ((open w/1 bid*) OR (exchange w/1 bid*) OR (demand w/1 syndic*)) w/20 (fee OR fees OR cost* OR charg* OR cut OR percentag* OR % OR pric* OR pay OR paid) |
| MDL 111 | (("Search Engine Optimization" OR "SEO" OR (Search w/3 Rank*) OR "Organic Search Results" OR "Search Results Page" OR "SRP" OR "Search Engine Results Page" OR "SERP") w/20 (compet* OR AdX OR "First Call" OR "ad tech" OR DV3 OR DV360 OR AW or Adword* or "Ad words" OR (author* w/1 buyer*) OR "Google Ads" OR exchange* OR rival* OR Doubleclick OR DFP OR "Google Ad Manager" OR GAM OR "header bidding" OR HB OR "client side" OR Jedi OR EAT OR EEAT OR "Human Reviewers" OR "NewsGuard" OR "Links Report" OR "Google Publisher Tag" OR GPT OR "one google tag" OR gtag OR "show_ads" OR "Global Site Tag" OR "core web vitals" OR "page experience" OR "mobile usability" OR (policy w/1 issue*) OR (sensitive pre/1 category*) OR ("Digital Content" pre/1 Label*) OR "core algorithm update" OR showcase)) |
| MDL 112 | ((*direct w/2 (sale* OR campaign* OR ad OR ads OR advert* OR channel* or deal)) w/20 ((dynamic* w/3 allocat*) OR DA OR EDA OR AdX OR "Other Exchanges" OR DFP OR GAM OR "Google Ad Manager" OR programatic* OR exchang* OR waterfall*)) |

| MDL 115 | (RASTA w/50 (XFP or GFP or DRX or DFP or GAM  or adX or adwords or adsense or "google ads" or dv360 or DBM) w/50 (auction* or algorithm* or rule* or bid* or request* or quer* or deal* or *cpm or cpc or cpa or ctr or floor or pctr or revshare or allocation)) |
|---|---|
| TX 4 | (((complain* OR angry OR mad OR upset* OR problem* OR unfair OR exploit* OR leverage* OR harm* OR hurt* OR protest* OR oppose* OR object* OR annoy* OR dissatisfied OR dissatisfaction OR disadvantage* OR degrad* OR disfavor*) /5 ("Google Ad Exchange" OR AdX OR DRX)) OR ((minimum /5 spend) /5 ("Ad Exchange" OR AdX))) |
| TX 5 | ((complain* OR angry OR mad OR upset* OR problem* OR unfair OR exploit* OR leverage* OR harm* OR hurt* OR protest* OR oppose* OR object* OR annoy* OR dissatisf* OR disadvantage* OR degrad*) AND (("dynamic allocation" OR "enhanced dynamic allocation" OR EDA) /10 (AdX OR "Google Ad Exchange" OR AdSense OR AdMob OR DFP OR "DoubleClick for Publishers" OR "Google Ad Manager" OR "GAM"))) |
| TX 7 | (("Header bidding" OR HB OR prebid) /10 (effect* OR impact* OR affect* OR counter* OR fight* OR "respond to" OR "new product" OR "compete with" OR revenue OR threat OR "exchange bidding" or EBDA or "open bidding")) |
| TX 8 | (("Header bidding" OR HB OR prebid) /10 (#test OR #study OR report OR #analysis) AND (#Effective OR #Abandon OR latency)) |
| TX 9 | ((complain* OR angry OR mad OR upset* OR problem* OR unfair OR exploit* OR leverage* OR harm* OR hurt* OR protest* OR oppose* OR object* OR annoy* OR dissatisfied OR dissatisfaction OR disadvantage* OR degrad*) /15 ("exchange bidding" OR "open bidding" OR EBDA)) |
| TX 10 | (("exchange bidding" OR "open bidding" OR EBDA) /10 (impact* OR affect* OR result* OR increas* OR higher OR decreas* OR declin* OR reduc* OR low*) /15 (revenue* OR profit* OR yield* OR return* OR spend* OR fee* OR rate* OR charge* OR cost*)) |
| TX 35 | (complain* OR angry OR mad OR upset* OR problem* OR unfair OR exploit* OR leverage* OR harm* OR hurt* OR protest* OR oppose* OR object* OR annoy* OR dissatisf* OR disadvantage* OR degrad* OR disfavor*) w/20 ((AdWords OR "Google Ads" ) w/20 ((auction* OR bid* OR select* OR pick* OR chose* OR proc* OR method) w/20 (win* OR optimiz* OR outbid* OR award*))) |
| TX 36 | (complain* OR angry OR mad OR upset* OR problem* OR unfair OR exploit* OR leverage* OR harm* OR hurt* OR protest* OR oppose* OR object* OR annoy* OR dissatisf* OR disadvantage* OR degrad* OR disfavor*) AND (Smart w/3 Pric*) |
| TX 40 | ("DFP Premium" OR DFPP OR Premium OR "DoubleClick for Publishers |

| | | |
|---|---|---|
| | | Premium") w/20 (free OR charge OR pric* OR cost OR fee* OR revenue OR profit* OR monetiz* OR optimiz* OR scale* OR AdSense OR AdX OR "Ad Exchange" OR DRX OR GAM OR "Google Ad Manager") |
| | TX 44 | (complain* OR angry OR mad OR upset* OR problem* OR unfair OR exploit* OR leverage* OR harm* OR hurt* OR protest* OR oppose* OR object* OR annoy* OR dissatisf* OR disadvantage* OR degrad* OR disfavor*) w/20 ("DoubleClick Bid Manager" OR DBM OR "Google Marketing Platform" OR GMP OR "Audience Center" OR GAC) |
| | TX 47 | (complain* OR angry OR mad OR upset* OR problem* OR unfair OR exploit* OR leverage* OR harm* OR hurt* OR protest* OR oppose* OR object* OR annoy* OR dissatisf* OR disadvantage* OR degrad* OR disfavor*) w/20 ("Exchange Bidding" OR "Open Bidding" OR EB OR EBDA OR OB) |
| | TX 50 | ("Exchange Bidding" OR "Open Bidding" OR EB OR EBDA OR OB) AND (Publisher* OR pub*) AND ((ad OR ads) w/20 (spend* OR revenue* OR profit OR budget OR allocat*)) |
| | TX 51 | ("Exchange Bidding" OR "Open Bidding" OR EB OR EBDA OR OB) w/20 (fee OR fees OR cost* OR charg* OR cut OR percentag* OR % OR pric* OR pay OR paid) |