IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
TEXAS SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT 40

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE FEBRUARY 22, 2024 HEARING**

January 24, 2024

Via E-mail

Eric Mahr
Julie S. Elmer
Freshfields Bruckhaus Deringer LLP
700 13th Street NW, 10th Floor
Washington, DC  20005
Eric.mahr@freshfields.com
julie.elmer@freshfields.com

R. Paul Yetter
Bryce Callahan
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

John D. Harkrider
Axinn Veltrop & Harkrider, LLP
114 West 47th Street
New York, NY  10036
jharkrider@axinn.com

Daniel S. Bitton
Axinn Veltrop & Harkrider, LLP
560 Mission St.
San Francisco, CA 94105
dbitton@axinn.com

Re: *The State of Texas, et al. v. Google LLC*, **Case No. 4:20-cv-00957-SDJ (E.D. Tex.)**

Dear Counsel:

We write on behalf of Plaintiff State of Texas regarding deficiencies in Google LLC's ("Google's") responses to our requests for production ("RFP(s)") served on November 11, 2023.

As a preliminary matter, your blanket refusal to produce *any* additional responsive documents to over 100 RFPs conflicts with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders, and hinders a fair and timely resolution of this case.  As you know, Rules 26 and 34 require you to disclose relevant information and documents that are within your possession, custody, control—an obligation you have clearly failed to meet.  Further, in this Court, the Parties have the "continuing obligation to disclose, without awaiting a discovery request, information in addition to that required by Federal Rule of Civil Procedure 26, including names of persons likely to have, and documents containing, information 'relevant to the claim or defense of any party.'"  ECF 194 at 4; *see also* ECF 88.  The Eastern District of Texas defines relevance broadly.  E.D. Tex. Local

January 24, 2024
Via E-mail
Page 2

Rule CV-26(d). Finally, Google is, of course, "not excused from responding to discovery because there are pending motions to dismiss." E.D. Tex. Local Rule CV-26(a) ("No Excuses").

**Issues with Google's Objections to Definitions**

Your objections to certain of our definitions are inappropriate and lack merit. For example, while you objected to our definitions of "Reserve Price Optimization," "RPO," "Advertiser Ad Server," "Algorithm," "Behavioral Data," "Competitors," "Core Algorithm Update," "Direct Sales," "Google Group," and "Metric" as vague and ambiguous, and state that you will interpret these definitions based on your own "reasonable" and "good faith" understanding of certain terms, you fail to state *how* you interpret such terms, leaving us to guess as to the meaning of your responses to RFPs that include such terms. To the extent you interpret any definition or term differently from a definition that we provided, please supplement your response to include *how* you interpret the term differently—as you did with respect to the definitions we provided for example, for "Ad Tech Products," "Ad Tech Auction Mechanics," "Advertiser," "Bernanke," "Dynamic Allocation," and "Dynamic Revenue Share," among others.

In addition, as explained more below, we believe that many of your objections to specific RFPs are unfounded, evasive, and inconsistent with your obligations under the Rules. For example, your objections to RFPs 1-18, 20-21 (and many other RFPs in which you incorporate your objections) on the basis that the requests seek information "well beyond the two year statute of limitations" for DTPA claims under Texas Business & Commerce Code § 17.565 are without merit, as the statute of limitations therein does not apply to the State. Indeed, in *Molano v. State*, the court held that "[g]iven the absence of any language in section 17.565 that expressly restricts the State to a two-year limitation for a DTPA action under section 17.47, [the court] decline[s] to apply this defense against the State." No. 13-10-00477-CV, 2011 WL 3631968, at *4 (Tex. App.–Corpus Christi–Edinburg Aug. 18, 2011, pet. denied) (emphasis added). Moreover, as the Texas Supreme Court has held, "*the State* in its sovereign capacity, unlike ordinary litigants, *is not subject to the defenses of limitations*, laches, or estoppel." *State v. Durham*, 860 S.W.2d 63, 67 (Tex. 1993) (emphasis added); *see also Thomas v. State*, 226 S.W.3d 697, 710 (Tex. App.-Corpus Christi 2007, pet. dism'd) ("The rationale behind the inapplicability of the [statute of limitations] doctrine is to allow governmental entities to enforce statutes intended protect the general public.); *Shields v. State*, 27 S.W.3d 267, 275 (Tex. App.-Austin 2000, no writ) ("…the State in its sovereign capacity is not subject to the defense of limitations."). Therefore, your statute of limitations objections are without merit and should be withdrawn immediately.

Also without merit are your objections to RFPs 51, 53, 54, 56-58, 69, 77-78, 87, 90, and 91, to which you objected as allegedly "improper request[s] for production of documents pursuant to Federal Rule 34 to the extent [they] seek[] to require Google to perform calculations and analyses of data, rather than produce data as it is regularly maintained in the ordinary course of business." Notably, *not a single one* of the aforementioned requests ask Google to perform any calculations or analyses of data, or to produce documents that are not maintained in the ordinary course of business. To the contrary, each RFP simply asks Google to produce documents "*sufficient to show*"

January 24, 2024
Via E-mail
Page 3

or "*sufficient to Identify*" the requested information. Accordingly, please immediately withdraw your Rule 34 objections, and to the extent Google finds no responsive documents exist after a good faith and reasonable search, state as much.

Furthermore, your responses fail to comply with Rule 34(b)(2)(B), pursuant to which you are required to state whether any responsive materials are being withheld on the basis of your objections. Indeed, *not a single one of your 101 responses* include the required withholding statement. Please immediately amend your responses to comply with Rule 34(b)(2)(B), and to the extent you are withholding responsive documents on the basis of your objections, state whether and to what extent you are doing so, and produce all documents that you are not withholding subject to your objections.

Also without merit are your objections to the majority of the RFPs on the basis that they are allegedly "duplicative, unduly burdensome, and disproportionate to the needs of the case" because they allegedly "mirror[] search terms" utilized in the Department of Justice ("DOJ") investigation; the State of Texas investigation; *U.S. v. Google*, 1:23-cv-00108-LMB-JFA, E.D. Va. ("EDVA"); and *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-03010-PKC, S.D.N.Y. (the "MDL"). The past search terms, on their face, do not cover all of the responsive documents sought by the current RFPs.

By way of example alone, none of the search terms in Appendix A to your responses include the term "reserve" or any truncated portion thereof, such as "reserve*." Accordingly, your "search term" objections to RFPs seeking information about "*reserve* price optimization" ignores the fact that reserve price optimization is a key component of some of the State's claims, as the State alleges that Google employed reserve price optimization to manipulate the auction process and raise prices for advertisers. Because none of the search terms you point to include the term "reserve" or any variation thereof, any search you allegedly conducted for responsive documents may not have yielded highly relevant documents and communications responsive to our RFPs that reflect the design, implementation, operation, or impact, nor representations or omissions regarding *reserve* price optimization. And even to the extent some of the search terms you point to include the term "RPO," that term is couched in broader Boolean terms related to "competition," "rivals," "market power," and other monopoly- and antitrust-related terms rather than terms associated with state consumer protection and deceptive trade practices acts, which are relevant here. Accordingly, your objections to the majority of the State of Texas' RFPs on the basis that they are allegedly duplicative of search terms used in cases focused on Google's monopolistic and anticompetitive conduct, as opposed to its false, misleading, and deceptive acts and practices are without merit and should be withdrawn.

**Issues with Google's Specific Responses to Requests for Production**

While you refused to produce any additional documents responsive to any of the 101 RFPs, the State of Texas is entitled to documents responsive to its RFPs specifically related to: (i) the State's allegations regarding Google's auction manipulation programs and features (namely Reserve Price

January 24, 2024
Via E-mail
Page 4

Optimization, Dynamic Revenue Share, Bernanke, and variants of each), (ii) documents and internal and external communications reflecting representations, disclosures, omissions, and Google's decisions related thereto, and (iii) identification of publishers, advertisers, other third-parties, and transactions affected thereby.

### *Reserve Price Optimization (RPO)*

With respect to Reserve Price Optimization, for example, RFP 52 seeks documents and communications related to the disclosure of Reserve Price Optimization and Google's alleged decision to launch Reserve Price Optimization without disclosing the feature to certain parties. You objected on numerous bases, including that the request allegedly "mirrors" MDL RFPs 36, 42, 44, 50, and 51, and search terms, "including DOJ EDVA 4, DOJ EDVA 5, TX 10, TX 51, MDL 23," and you refused to produce any additional responsive documents. Your objections are without merit. Indeed, MDL RFPs 36, 42, 44, 50, and 51 relate to Open Bidding and Header Bidding and do not reference Reserve Price Optimization. Similarly, the search term DOJ EDVA 4 is "Demand Syndication," and DOJ EDVA is "Jedi," neither of which are relevant to the RFP. The same is true of search terms TX 10, 51, and MDL 23, none of which reference Reserve Price Optimization or RPO.

Similarly without merit are your objections to RFP 53 (seeking documents sufficient to identify publishers and advertisers who were "opted into Reserve Price Optimization when it was initially launched or implemented"), RFPs 54 and 56 (seeking documents sufficient to show the number of transactions in which Reserve Price Optimization affected publishers' floor price and to identify such publishers), RFPs 57 and 58 (seeking documents sufficient to identify advertisers and show the number of transactions on which said advertisers paid more than they otherwise would have if Reserve Price Optimization had not been in effect); RFPs 59-61 and 63 (seeking internal and external communications regarding representations, disclosures, or lack thereof, and omissions related to Reserve Price Optimization and the impact of the feature on auction participants).

For the reasons explained above, your objections to RFPs 53-54 and 56-58 on the basis that Rule 34 does not require you to perform calculations and analysis of data are without merit. These RFPs make no such request. They simply ask you to produce documents, including raw data and information, in Google's possession, custody, or control sufficient to show the requested information, which you have refused to do. Please withdraw your Rule 34 objections and produce the requested documents.

Also for the reasons explained above, your "search term" objections to RFPs 59-61 and 63 are without merit, as the search terms negotiated in pre-suit investigations and antitrust litigation focused on Google's alleged monopolistic practices; not on Google's alleged false, misleading, and deceptive acts and practices in violation of state consumer protection laws. Accordingly, please withdraw your objections. And while you object that various RFPs seeking information about Reserve Price Optimization allegedly "mirror" certain RFPs in the MDL (they do not), you fail to meet your obligation under the Rules not only to state with specificity what documents you

January 24, 2024
Via E-mail
Page 5

are withholding on the basis of that objection, but also your obligation to produce documents that are not subject to that objection. Perhaps more importantly, to the extent your responses "refer[] Plaintiff to documents previously produced" (rather than comply with your discovery obligations and produce responsive documents), your previous productions are clearly deficient. By way of example alone, of the millions of documents produced in this litigation, we have only found a single copy of a partially-redacted draft " ███████ " (GOOG-DOJ-29803801), which describes ████████████████████████████████. We have not been able to locate other drafts or versions (including a final version) of this "RPO Brief." The document is highly relevant and responsive and clearly not privileged. Please immediately produce all drafts, redlines, and versions of this document, as well as all communications related thereto, and/or direct us to specific bates numbers if you contend some have already been produced.

### *Dynamic Revenue Share (DRS)*

Your responses to RFPs related to Dynamic Revenue Share are likewise deficient and your objections meritless. For example, you objected to RFP 69 (which seeks documents sufficient to identify publishers and advertisers who were initially opted in to DRS) on the ground that the phrase "advertisers . . . who were opted into DRS" is vague and ambiguous because "Dynamic Revenue Share was a feature . . . that was used by Publishers, not Advertisers." While DRS clearly affected advertisers, even if the objection in your statement were true, it does not absolve you of your obligation to produce documents sufficient to identify all *publishers* that were opted into Dynamic Revenue Share when it was initially launched. Moreover, as with RFPs 77 and 78 (seeking documents sufficient to show the number of transactions and impressions in which DRS resulted in exchange fees that were higher than they otherwise would have been in absence of DRS, and documents sufficient to identify such publishers), you improperly asserted a Rule 34 objection to RFP 69. Again, for the reasons explained above, your objections to RFPs 69, 77, and 78 on the basis that Rule 34 does not require you to perform calculations and analysis of data are without merit, as these RFPs make no such request. Please withdraw your Rule 34 objections and produce the requested documents.

Similarly without merit are your objections to RFP 70 (seeking documents and communications related to the disclosure of DRS); RFPs 71, 73, and 74 (seeking documents and communications regarding representations about DRS, including those discussing comparisons of different versions of DRS, the alleged benefits DRS and internal training materials addressing communications regarding same; complaints about DRS, responses thereto, and related discussions; and documents regarding omissions related to DRS); RFP 72 (seeking communications related to whether opting out of one version would opt a publisher out of another); RFP 77 and 78 (seeking document regarding transactions and identification of publishers affected by DRS).

For example, in response to RFP 71 (which sought communications related to efforts to prevent customers from learning about DRS and Google's lack of transparency regarding DRS), you "object[ed] to the assertion that Google lacked transparency regarding Dynamic Revenue Share."

January 24, 2024
Via E-mail
Page 6

Your objection is belied by Google's internal communications related to DRS, which include statements such as "███████████████████████████████████████" (GOOG-DOJ-15422521). If more such documents exist, Google is required to produce them and the States are unquestionably entitled to that discovery.

Next, as with many of the RPO-related RFPs, for the reasons explained above, your "search term" objections to RFPs 69-76 are without merit. Again, the search terms you cite from pre-suit investigations and antitrust litigation were not focused on state consumer protection law and DTPA claims, which are clearly relevant and responsive in this case. Please withdraw your "search term" objections.

Similarly, while you object that various RFPs seeking information about DRS, including RFPs 70-78, allegedly "mirror" certain RFPs in the MDL, your objections are incorrect. For example, you objected to RFP 78 on the basis that it allegedly mirrors MDL RFP 116. RFP 78 seeks documents identifying publishers that incurred higher exchange fees as a result of DRS; MDL RFP 116 requested certain ad impression-level data on price floors, data related to bids from rival exchanges, and initial bids. On its face, RFP 78 does not "mirror" MDL RFP 116, which is unrelated.

Simply put, the RFPs served on November 11, 2023 seek different types of documents and communications than the MDL RFPs. Contrary to your objections, they are not duplicative, but rather complementary, and we are entitled to receive all responsive documents and communications. Moreover, as with all of your responses, you fail to meet your obligation under the Rules not only to state that you are withholding documents on the basis of your objection that you have allegedly produced responsive documents, but also your obligation to produce documents that are not subject to that objection.

### Bernanke

Your objections to the RFPs related to Bernanke are also without merit. For example, in response to RFP 80 (seeking communications related to efforts to prevent customers from learning about Bernanke and Google's lack of transparency regarding Bernanke), you "object[ed] to the assertion that Google lacked transparency regarding Bernanke." As you know, internal communications regarding Bernanke include such statements as "████████████████████████████████████████████████" and "…████████████████████████████████████████████…" (GOOG-DOJ-15445619). If more such documents exist, Google is required to produce them and the States are unquestionably entitled to that discovery. Please withdraw your clearly unfounded objection.

For many of the reasons explained above, also without merit are your objections to RFP 79 (seeking documents and communications related to the disclosure of Bernanke); RFPs 80-82 (seeking documents and communications regarding representations about Bernanke, including those discussing the alleged benefits of Bernanke and internal training materials addressing communications regarding same; complaints about Bernanke, responses thereto, and related

January 24, 2024
Via E-mail
Page 7

discussions; and documents regarding omissions related to Bernanke); RFP 86 (seeking documents and communications related to the use and effects of Bernanke pools and disclosure thereof); RFPs 88 and 89 (seeking document regarding transactions and identification of publishers affected by Bernanke); and RFPs 90 and 91 (seeking information regarding the number of transactions in which Bernanke retained a portion of second price in certain instances and the amounts or portions thereof).

For example, as with RFPs 69, 77-78, and many others, you improperly objected to RFPs 90 and 91 on the basis that Rule 34 does not require you to perform calculations and analyses of data. RFPs 90-91 request no such thing. And to the extent you respond to RFPs 90 and 91 that the requested data does not exist or are not contained in documents created in the ordinary course of business, please provide a declaration or certification from a person with personal knowledge stating that no such documents exist and explaining the basis for that assertion.

Next, as with many of the RFPs previously discussed, for the reasons explained above, your "search term" objections to RFPs 79-86 are without merit. Again, the search terms you cite from pre-suit investigations and antitrust litigation were not focused on state consumer protection law and DTPA claims, which are clearly relevant and responsive in this case. Please withdraw your "search term" objections.

Similarly, while you object that various RFPs seeking information about Bernanke, including RFPs 79-86, allegedly "mirror" certain RFPs in the MDL, again, your objections are incorrect. Again, these RFPs are not duplicative, but rather complementary to the MDL RFPs. Regardless, we are entitled to receive all responsive documents, and you failed to include a withholding statement with the required specificity and produce documents that are not subject to your objection.

**Additional Custodian(s)**

In addition to searching and producing all remaining responsive documents from current custodians, based on the documents we have reviewed to date, we have identified at least one additional individual—███████████████—who we believe possesses documents and communications that are highly relevant to the state law claims at issue in this lawsuit. Please add the following individual to your custodian list and produce documents responsive to our RFPs that are in his possession, custody, or control.

Under the Court's procedures and the Eastern District of Texas's rules requiring automatic disclosure of all broadly relevant documents and materials, given Google's unique and internal knowledge of its own current and former employees, Google is also required to assess whether other individuals, who are not currently custodians, may have relevant and responsive documents subject to disclosure in this case.

January 24, 2024
Via E-mail
Page 8

**Meet and Confer**

In light of all of the above issues, we propose scheduling a meet and confer conference at a mutually convenient time and location within the next week to discuss the outstanding discovery issues identified in this letter, as well as our other letters. The purpose of this conference is to facilitate a resolution of any disputes and, if possible, reach an agreement on the production of the requested documents.

Please consider this letter as a formal request to meet and confer under Rule 37 of the Federal Rules of Civil Procedure. If we are unable to resolve these discovery issues through the meet and confer process, we may seek court intervention to compel the production of the requested documents.

Thank you for your prompt attention to this matter, and we look forward to your cooperation in resolving these disputes.

January 24, 2024
Via E-mail
Page 9

Sincerely,

*/s/ Zeke DeRose III*                              .
Zeke.DeRose@LanierLawFirm.com
**THE LANIER FIRM, P.C.**
10940 W. Sam Houston Parkway N.,
Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

*Counsel for Texas, Idaho, Louisiana,
Mississippi, North Dakota,
Mississippi, South Carolina, and South Dakota*


Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas  77010
(713) 651-5151

Marc B. Collier
marc.collier@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, Texas  78701
(512) 474-5201