IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT 42

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER**
**FOR THE FEBRUARY 22, 2024 HEARING**




HOUSTON
The Lanier Law Firm, PC
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
713.659.5200
Fax 713.659.2204

NEW YORK
The Lanier Law Firm, PLLC
535 Madison Ave.
12th Floor
New York, NY 10022
212.421.2800
Fax 212.253.4094

LOS ANGELES
The Lanier Law Firm, PC
2829 Townsgate Rd.
Suite 100
Westlake Village, CA 91361
310.277.5100
Fax 310.277.5103

January 19, 2024

**Via E-mail**

Eric Mahr
Julie S. Elmer
Robert J. McCallum
Freshfields Bruckhaus Deringer LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Eric.mahr@freshfields.com
julie.elmer@freshfields.com

R. Paul Yetter
Bryce Callahan
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

John D. Harkrider
Axinn Veltrop & Harkrider, LLP
114 West 47th Street
New York, NY 10036
jharkrider@axinn.com

Daniel S. Bitton
Axinn Veltrop & Harkrider, LLP
560 Mission St.
San Francisco, CA 94105
dbitton@axinn.com

**Re: *The State of Texas, et al. v. Google LLC*, Case No. 4:20-cv-00957-SDJ (E.D. Tex.)**

Dear Counsel:

The State Plaintiffs ("States") write to follow up on several outstanding issues, some of which are unresolved almost 5 months later.



lanierlawfirm.com



The Lanier Law Firm

HOUSTON
The Lanier Law Firm, PC
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
713.659.5200
Fax 713.659.2204

NEW YORK
The Lanier Law Firm, PLLC
535 Madison Ave.
12th Floor
New York, NY 10022
212.421.2800
Fax 212.253.4094

LOS ANGELES
The Lanier Law Firm, PC
2829 Townsgate Rd.
Suite 100
Westlake Village, CA 91361
310.277.5100
Fax 310.277.5103

***Pending Discovery Disputes are Egregiously Overdue***

**1. Search Trial Transcripts:**

Last year, (i.e., September 29, 2023) the States (and MDL Plaintiffs) issued discovery requests for "unredacted trial transcripts for the trial in *U.S. of Am. et al. v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. filed Oct. 20, 2020) along with unredacted versions of all exhibits offered into evidence that concern AdTech Products; Google's sale of search of advertising and ranking of content on its search results pages; market definition regarding the General Search Services Market and Search Advertising Market; and Google's share of and/or control over the General Search Services and Search Advertising Market."

Regardless of the relevancy, Google has agreed to only produce some of the relevant transcripts and exhibits from the aforementioned case (the "Search Trial"). Google will produce relevant documents, if and only if, the relevant testimony was provided by one of the custodians *currently* identified in the respective AdTech cases. Further, Google has refused to review the transcripts and exhibits for relevant discovery; nor is it willing to ask its own lawyers to review witness notes to determine the extent to which individuals that are not yet custodian in the instant case, provided relevant testimony in the Search Trial.

Even after the State and MDL Plaintiffs notified Google that the public record of the Search Trial appears to show that dozens of witnesses provided relevant advertising testimony—Google continues to refuse to fulfill its obligations to (1) search for and (2) produce responsive documents. Just today, the MDL Plaintiffs sent an email to Google regarding the plaintiffs having to take on the effort to identify relevant Search Trial witnesses that provided advertising testimony. (As you know, much of the Search Trial was under seal, and the States and MDL Plaintiffs cannot review the testimony to determine whether additional witnesses might be relevant to our cases.)

Incredibly, for the transcripts that even Google agrees are relevant, it has not produced these relevant documents from the AdTech custodians.

Please advise, by **January 23, 2024,** (1) whether Google continues to object to producing ***all*** responsive documents from the Search Trial related to advertising and (2) the timeline for Google to produce the documents from the identified AdTech custodians. If Google is objecting to either, please explain in detail Google's reason for objecting.




HOUSTON
The Lanier Law Firm, PC
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
713.659.5200
Fax 713.659.2204

NEW YORK
The Lanier Law Firm, PLLC
535 Madison Ave.
12th Floor
New York, NY 10022
212.421.2800
Fax 212.253.4094

LOS ANGELES
The Lanier Law Firm, PC
2829 Townsgate Rd.
Suite 100
Westlake Village, CA 91361
310.277.5100
Fax 310.277.5103

**2. Linked documents:**

The States and MDL Plaintiffs have been asking Google for responsive linked documents since June 2023 (some 7 months ago). These requests were again raised in September 2023.

Google is seemingly constantly concerned about the possibility of its employees or former employees having to sit for a deposition more than once. Yet, Google continues to create situations that could give rise to good cause to re-depose its employees, such as withholding relevant linked documents that are related to relevant emails, presentations, or other Google documents and claims/defenses in the case.

Much like the Search Trial transcripts, where the States (and MDL Plaintiffs) have had to do the work for Google to [REDACTED]nd[REDACTED]tify possibly r[REDACTED]e States [REDACTED]ad to do the same with regard to links.

On January 16, 2024, the States sent Google another letter pursuant to the ESI Protocol (ECF 183) requesting that Google search for and produce the linked documents/metadata associated with 5,811 Google documents (which, accounts for roughly 0.08% out of some 6M documents) – a reasonable and proportionate request.

The States reiterate its request that Google provide a response by **January 23, 2024**, on whether Google agrees to conduct the searches for, and then produce the requested linked documents and the required and metadata. The States request that Google also provide them with a timeline of when that production will occur.

**3. Discovery Correspondence in the EDVA Case:**

Last year, the States were informed about various Department of Justice ("DOJ")/Google discovery correspondence regarding discovery deficiencies and requested this correspondence from Google. The DOJ does not object to sharing this relevant correspondence.

At the January 18, 2024 status conference, Google's counsel stated that Google has "resolved" deficiencies raised by the DOJ in the EDVA parties' discovery correspondence. Mr. Yetter went on to explain that "[t]he plaintiffs are proposing that Google produce the discovery discussions with the DOJ in Virginia, the back-and-forth on various issues where DOJ raised some concerns; Google addressed them; DOJ dropped them. And evidently what the States want to do, and the MDL plaintiffs have done something similar, is they want to pick up on the disputes that the DOJ raised and got resolved and start them again here.



lanierlawfirm.com




HOUSTON
The Lanier Law Firm, PC
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
713.659.5200
Fax 713.659.2204

NEW YORK
The Lanier Law Firm, PLLC
535 Madison Ave.
12th Floor
New York, NY 10022
212.421.2800
Fax 212.253.4094

LOS ANGELES
The Lanier Law Firm, PC
2829 Townsgate Rd.
Suite 100
Westlake Village, CA 91361
310.277.5100
Fax 310.277.5103

And we don't think that's efficient or productive." (p. 10) (Status Conference Tr.) (January 18, 2024).

If true, as the States' counsel explained at the conference, the resolution of the DOJ's asserted deficiencies against Google would certainly help streamline and make discovery proceedings in this case more efficient and effective, by allowing the States to assess those resolutions and potentially bypass discovery disputes. As Google's counsel has explained on more than one occasion, these are essentially the same cases. Sharing the correspondence that resolves these discovery issues would save time and resources for the parties and the Court, Magistrate, and/or Special Master. With those clear efficiency benefits, Google does not appear to have any basis to continue objecting to the sharing of EDVA discovery correspondence.

Please advise, by **January 23, 2024,** whether Google continues to object to the sharing of EDVA discovery correspondence, and, if so, explain in detail Google's reason for objecting.

**4. Privilege Log Deficiencies and Google's Re-Review:**

As noted above, the States raised privilege log deficiencies on November 12, 2023 and again on December 22, 2023, further addressing deficiencies in Google's privilege log volumes. We have received Google's January 17, 2024 letter responding to our December 22, 2023 letter. We understand that, despite Google's complaints and "observations" (with which the States disagree), Google has agreed to re-review the identified deficient privilege log entries. However, that is not enough. As the States explained in the December 22, 2023 letter, Google bears the burden to assure that all 500,000 of its privilege log entries are sufficient and properly withheld under a valid privilege assertion. That is particularly true here, given the large volume of withheld documents and Google's widely publicized track record of "fake privilege," "communicate with care," and other like practices (which Google does not claim is inaccurately reported). Delay producing relevant non-privileged documents risks impacting the depositions and deposition schedule in this case.

With the tight discovery timeline in this case, the States request that Google conduct rolling, staged responses and productions as part of this re-review. This includes immediately producing and updating the log entries Google has re-reviewed to date and for documents no longer deemed privileged. The States are also open to discussing with Google any proposals to efficiently handle this process. Please advise, by



HOUSTON
The Lanier Law Firm, PC
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
713.659.5200
Fax 713.659.2204

NEW YORK
The Lanier Law Firm, PLLC
535 Madison Ave.
12th Floor
New York, NY 10022
212.421.2800
Fax 212.253.4094

LOS ANGELES
The Lanier Law Firm, PC
2829 Townsgate Rd.
Suite 100
Westlake Village, CA 91361
310.277.5100
Fax 310.277.5103

**January 23, 2024**, of Google's timeline related to privilege logs and any proposals as to its privilege log re-review and productions.

**5. DOJ Expert Reports in the EDVA Case:**

Last year, the States requested that Google agree to produce the expert reports in the EDVA case given the overlapping relevancy and Google's continual push for efficiency and coordination. The DOJ has advised that it has no objection to sharing its expert reports served on December 22, 2023, in United States v. Google LLC, No. 1:23-cv-00108-LMB-JFA (E.D. Va.) ("EDVA Case")—with the States (and MDL Plaintiffs). The sharing of the DOJ's expert reports does not implicate Google's purported concern of the States' obtaining a "sneak peek" at Google's defenses. The DOJ's expert reports are also undoubtedly relevant to the claims in this case and should be[redacted]u[redacted]utomatically b[redacted]iscovery r[redacted], under the procedures of the Court and Local Rule CV-26 of the Eastern District of Texas, which promote the free flow of relevant information in discovery. Any confidentiality concerns are addressed by production pursuant to the governing protective order. The MDL plaintiffs are moving the EDVA court for an order to permit the sharing of the DOJ expert reports. In short, Google has no other basis to object to the DOJ's voluntary sharing of its expert reports with the States.

Please advise, by **January 23, 2024,** whether Google continues to object to the sharing of the DOJ's expert reports with the States, and, if so, explain in detail Google's reason for objecting.

**6. Dashboard and Data:**

The States (and MDL Plaintiffs) have been discussing data discovery with Google for months, and data has been the subject of weekly meet and confers, including most recently on January 16, 2024, regarding the several deficiencies in Google productions related to data.

*First*, the States have identified a significant number of relevant "dashboards" and reporting tools (and corresponding reports) that Google uses and/or creates in the ordinary course of its Display Ads business that have not been produced or otherwise made available to the States.

*Second*, the States have identified a number of relevant source code files referenced by the code the States have reviewed that have not been made available for inspection.

*Third*, Google's production process has resulted in numerous documents with obfuscated and/or truncated content. For example,



lanierlawfirm.com



The Lanier Law Firm

HOUSTON
The Lanier Law Firm, PC
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
713.659.5200
Fax 713.659.2204

NEW YORK
The Lanier Law Firm, PLLC
535 Madison Ave.
12th Floor
New York, NY 10022
212.421.2800
Fax 212.253.4094

LOS ANGELES
The Lanier Law Firm, PC
2829 Townsgate Rd.
Suite 100
Westlake Village, CA 91361
310.277.5100
Fax 310.277.5103

Google has produced a number of documents containing mathematical formulas, but key symbols in these formulas have been replaced by nonce characters (e.g., “ ⍰” or “□”). As another example, a significant number of embedded comments in the documents in Google’s production have been only partially produced (i.e., a portion of a comment has been produced, but the rest of the comment has been truncated). Google should immediately reproduce these documents in their complete form, which may require production of the native document.

*Fourth*, Google has failed to produce relevant APIs, specifications, programming guides, and onboarding/training materials related to the Display Ads products and systems.

*Fifth*, the States are concerned that Google has not fully searched relevant document repositories, including “[REDACTED] [REDACTED]” found at “[REDACTED]” and at “[REDACTED].”

Please confirm by **January 23, 2024** that Google will search for and produce (or otherwise make available for inspection) all relevant documents and code described in the sections above.

In conclusion, we look forward to receiving Google’s responses to the overaching six outstanding discovery issues on or before **January 23, 2024**. We will also continue to send correspondence on other issues, not raised here, to streamline discovery under the Court’s schedule for this case.

Sincerely

Zeke DeRose III

Cc:
W. Mark Lanier
Ashley Keller
Alex J. Brown
Jonathan P. Wilkerson
Noah Heinz



lanierlawfirm.com




HOUSTON
The Lanier Law Firm, PC
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
713.659.5200
Fax 713.659.2204

NEW YORK
The Lanier Law Firm, PLLC
535 Madison Ave.
12th Floor
New York, NY 10022
212.421.2800
Fax 212.253.4094

LOS ANGELES
The Lanier Law Firm, PC
2829 Townsgate Rd.
Suite 100
Westlake Village, CA 91361
310.277.5100
Fax 310.277.5103

Zeke.DeRose@LanierLawFirm.com
**THE LANIER FIRM, P.C.**
10940 W. Sam Houston Parkway N.,
Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

***Counsel for Texas, Idaho, Louisiana, Mississippi, North Dakota, Mississippi, South Carolina, and South Dakota***

Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

***Counsel for the Plaintiff State of Texas***