***FILED UNDER SEAL***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT 43

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE FEBRUARY 22, 2024 HEARING**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SIMPLEAIR, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2:14-cv-00011-JRG |
| | § | |
| GOOGLE INC., | § | |
| | § | |
| *Defendant.* | § | |

### ORDER

The Court held a hearing on SimpleAir's Motion to Compel (Dkt. No. 81) and Google's Motion to Compel and Strike (Dkt. No. 104) on April 28, 2015. This Order summarizes and memorializes the Court's rulings at that hearing.

(1) The Defendant is **ORDERED** to produce an alternative 30(b)(6) witness or witnesses to address Topics 1, 6, 10, and 16. The deposition(s) are **ORDERED** to take place within the next ten (10) days. The Parties are **ORDERED** to meet and confer on a location to depose the witness(es). If no agreement is reached, the deposition(s) will take place in Marshall, Texas in the Sam B. Hall Jr. Federal Building and Courthouse. The Plaintiff is **GRANTED** an additional four (4) hours to depose the witness(es). Each party is to bear the costs of their own attorney's fees, but the Defendant is **ORDERED** to bear the costs of the court reporter, videographer, and any travel expenses of the witness(es).

(2) The Defendant is **ORDERED** to produce a knowledgeable witness concerning Topic 18, whose deposition is to take place within fourteen (14) days. To the extent that Topic 18 covers material that the Defendant lacks <u>any</u> information about, Defendant

is **ORDERED** to file a declaration, under oath, attesting to that fact with the Court within said fourteen (14) day period.

(3) Based on the parties' agreement, the Plaintiff agreed to seek no further ruling from the Court on common interrogatory 1 and individual interrogatory 4. The Defendant's acknowledged that if Plaintiff's infringement contentions are materially inaccurate, the Defendant will supplement these interrogatories. The Plaintiff's withdrawal of these requests is **GRANTED**.

(4) The Plaintiff withdrew its request concerning individual interrogatory number 9. Such withdrawal notwithstanding, the Defendant is **ORDERED** to preserve the usage data relevant to the Plaintiff's damages calculations until an agreement is reached between the parties concerning this data. The parties are **ORDERED** to meet and confer concerning the exact type of information that Plaintiff is requesting. The parties are **ORDERED** to file a notice with the Court within seven (7) days specifically describing and reflecting their agreement in this regard.

(5) The Plaintiff's request concerning common interrogatory 3 is **DENIED**.

(6) The Plaintiff's request concerning individual interrogatory 8 is **GRANTED-IN-PART**. The Defendant is **ORDERED** to provide the "diff tool" and a detailed description of the nature of any fundamental changes to the source code.

(7) The Plaintiff's withdrawal of the request made in its Motion to Compel concerning individual interrogatory 1 is **GRANTED**.

(8) The Plaintiff's request concerning individual interrogatory 2 is **GRANTED**. If the Defendant lacks the information or answers sought thereby, then the Defendant is **ORDERED** to file a declaration, under oath, attesting to that fact within ten (10)

days.

(9) The Plaintiff's request concerning individual interrogatory 9 is **GRANTED**.

(10) The Plaintiff's request concerning individual interrogatory 6 and 7 is carried by the Court. The parties are **ORDERED** to meet and confer regarding same and notify the Court of their resulting agreement or disagreement concerning these topics within ten (10) days. Such notification to the Court shall take the form of a joint notice filed by the parties.

(11) The Plaintiff's request concerning individual interrogatory 11 is **DENIED**. However, counsel for the Defendant stated that the Defendant has agreed to produce the "30 to 40 licenses" relating to the GCM or push notification technology at issue. The Defendant is **ORDERED** to produce what they have previously agreed to produce.

(12) With respect to individual interrogatory 10, the Court notes that the Plaintiff did not address this interrogatory in their reply brief. Given the intervening changes between the initial motion and the reply, the Court understood this issue to be resolved. Nevertheless, the parties are **ORDERED** to meet and confer on this issue and file a notice with the Court within ten (10) days reflecting the status of this matter after their meet and confer efforts have taken place. The Court expects the parties to reach a mutual agreement. If one is not possible despite the parties' best efforts, then the parties are **ORDERED** to re-brief this issue alone in a Joint Notice to the Court, not exceeding two (2) pages (one page per side). This issue is carried until that point.

The Court now turns to the Defendant's Motion to Compel (Dkt. No. 104).

(13) In light of the parties' agreement, the Court **DENIES** the Defendant's Motion to Strike.

(14) In light of the parties' agreement, the Court **GRANTS** the Defendant's withdrawal of its request concerning the search terms. The parties are **ORDERED** to file a Notice with the Court within ten (10) days memorializing their agreement as to such terms.

(15) The Defendant's request concerning interrogatory 5 is **DENIED.**

(16) The Defendant's request concerning interrogatory 7 is **DENIED.**

(17) The parties are **ORDERED** to meet and confer within ten (10) days to reach an agreement with respect to the Microsoft documents. Regarding the production of Microsoft documents, the parties are **ORDERED** to communicate their agreements and positions to Ms. Melissa Smith, counsel for Microsoft who was present at the hearing, and tender their requests to her within 48 hours after they have completed their meet and confer in this regard. The parties are **ORDERED** to file a Notice with the Court memorializing their agreement or disagreement within ten (10) days. Any requested Microsoft documents which are to be released to the parties by Microsoft shall be released as "Outside Attorney's Eyes Only" and shall be otherwise subject to the existing Protective Order entered in this case.

(18) The Defendant's request concerning interrogatory 2 (conception dates) is **GRANTED-IN-PART**. Plaintiff is **ORDERED** to supplement its response as offered in its response brief within seven (7) days.

(19) The Defendant's request concerning the Plaintiff's infringement contentions

(alternative theories arguments) is **DENIED**.

(20)　The Defendant's request concerning the Plaintiff's infringement contentions (doctrine of equivalent arguments) is carried at this time with the understanding that Plaintiff will, after the benefit of additional discovery, narrow and specify the extent of its Doctrine of Equivalents assertions.  Plaintiff's failure to do so reasonably shall prompt Defendant to request this matter be reset for further consideration at a future hearing before this Court.

**So ORDERED and SIGNED this 30th day of April, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE