***FILED UNDER SEAL***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT 44

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE FEBRUARY 22, 2024 HEARING**



**Via Email**

Zeke DeRose III
The Lanier Law Firm, PC
Zeke.DeRose@lanierlawfirm.com

Joseph M. Graham, Jr.
Geraldine Young
Marc B. Collier
Norton Rose Fulbright US LLP
joseph.graham@nortonrosefulbright.com
geraldine.young@nortonrosefulbright.com
marc.collier@northrosefulbright.com

**New York**
601 Lexington Avenue
31st Floor
New York, NY 10022
T +1 212 277 4000 (Switchboard)
   +1 212 284 4910 (Direct)
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

February 13, 2024

Re:   *State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.)

Counsel:

We write in response to your February 9 letter concerning linked documents and our subsequent meet and confer on February 12, 2024.  As we have told you several times now, Plaintiffs' request is neither reasonable nor proportionate.  It is also inconsistent with the ESI Order because it does not identify any specific hyperlinks to collect.  We have invited Plaintiffs to prioritize their requests but Plaintiffs have declined to do so.

Google proposes that, pursuant to Appendix J of the ESI Order, it would be reasonable and proportionate for Google to attempt to collect and produce the documents corresponding with up to 300 specific links identified by Plaintiffs over the course of fact discovery.  As discussed on the meet and confer yesterday, Google's proposal is tethered to the governing ESI Order which states that Plaintiffs may "make reasonable and proportionate requests that the producing party conduct a reasonable search for relevant documents *identified via hyperlinks*."  ESI Order at 24, App'x J. (emphasis added).  Google's proposal will avoid waste and encourage the parties to focus on the documents that matter in the case.  Please let us know if you agree to Google's proposal.

We also take this opportunity to correct several misstatements in your letter.

*First*, Plaintiffs' June 22, 2023 letter has nothing to do with your current request.  Google has provided all metadata required under the ESI Order.  And Plaintiffs' June 22 letter (like Plaintiffs' current request) contained no specific requests for production of documents identified

February 13, 2024
Page 2

by hyperlinks—much less reasonable and proportionate requests.[1]

    *Second*, Plaintiffs' various assertions that Google has delayed in the production of these documents lack any factual basis. Google has complied with its obligations under the ESI Order. Plaintiffs have had in their possession, for years, many of the documents for which they now request linked documents.

    *Third*, your letter continues to misunderstand and misstate the burden associated with searching for linked documents. We have repeatedly told you that searching for and producing linked documents is a burdensome, manual process. We have never suggested that linked Workspace documents are "easy for Google to search for and produce," as you now assert. Rather, we have told you that Workspace documents are the least burdensome category of linked documents to search for and produce—but these still implicate a burdensome manual search.

    We remain available to meet and confer.

                        Sincerely,

                        */s/ Robert J. McCallum*

                        Robert J. McCallum

---

[1] Plaintiffs asked Google for documents from repositories of centrally-stored materials, and cited by example "'Go To' site – Google documents contain links to apparently relevant internal cites with a http://goto/ hyperlink." In response, Google's June 28 letter clarified that Plaintiffs were mistaken in including "Go To" sites as a repository for centrally-stored materials because "[a] goto/ or go/ link is a link that can redirect to any URL address, including documents already found in custodial files." Google then noted that "[t]o the extent that Plaintiffs seek linked documents, they may make reasonable and proportionate requests for them under the governing ESI Order." Google did not receive a request from Plaintiffs for linked documents until Plaintiffs' January 16 letter.