IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>          Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan<br><br>Special Master: David T. Moran |

**JOINT STATUS REPORT TO THE SPECIAL MASTER
FOR THE FEBRUARY 22, 2024 HEARING**

Pursuant to the Special Master's Order (ECF No. 227), Plaintiff States ("States") and Defendant Google LLC ("Google") submit this Joint Status Report in advance of the February 22, 2024 hearing before the Special Master.

The Parties provide the below updates regarding each issue briefed to the Special Master and look forward to discussing them further with the Special Master at the upcoming hearing.

1

**States' Disputes**

The Parties have met and conferred in good faith in advance of the hearing to address any potential narrowing of disputes submitted to the Special Master. Specifically, since the filing of their opening briefs, the Parties met on February 16, February 19, and February 20, with the majority of States in attendance during the February 16 (attended by 16 States) and February 19 (attended by 14 States) conferences and with those States not able to attend responding via email and/or offering to meet separately if needed. The Parties may also continue to confer up until the hearing.

The Parties have discussed narrowing with respect to the following issues:

1. ***Search* trial transcripts:** The States' request that Google be ordered to produce relevant, unredacted trial transcripts and exhibits from the DOJ *Search* trial, by March 1, 2024. The Parties have discussed narrowing this request—including the requested review and production under Local Rule CV-26—to only those transcripts and exhibits that are sealed and not publicly accessible. The States understand that Google is considering this proposed narrowing.

2. **Texas's DTPA RFPs:** Texas's request that Google be ordered to propose a Discovery Plan, by February 29, 2024, with proposed new custodians and search terms in response to Texas's requests for production related to its state-law DTPA claims. Texas is willing to propose new custodians and limited new search terms by February 29, but continues to request that Google also simultaneously propose a custodian and search term plan.

The Parties remain at an impasse on the following issues (*see* States' Proposed Order):

1. **Google's privilege log re-review:** The States' request that Google be ordered to provide (a) a concrete timeline and re-review universe for its privilege log re-review and (b) rolling productions of revised logs and de-designated documents, with a concrete completion date;

2. **Linked documents and metadata:** The States' request that Google be ordered to search for, and produce if found, the individual linked documents and/or required metadata associated with the 5,575 documents identified by the States in the States' February 9, 2024 letter and appendix, by March 1, 2024.

3. **Technical documents and data:** The States's request that Google be ordered to search for and produce (or make available for inspection) the following relevant technical documents and data by March 1, 2024:

2

  a. **Dashboards**, including the dashboards identified by the States in their January 16, 2024 letter and appendix ("January 16 Letter");

  b. **Links and document repositories**: all documents found at the links and/or repositories identified by the States in their January 16 Letter;

  c. **Word documents in native form**;

  d. **Technical documents**, including Application Programming Interfaces (APIs), programming guides and design specifications, and onboarding/training materials for Display Ads products and systems; and

  e. **Source code and software** identified by the States in their January 16 Letter.

**Google's Disputes**

Google agrees that Plaintiffs (including representatives from 16 Plaintiffs) nominally conferred with Google on February 16. But, approximately one-hour before that call, Google received a 30-page omnibus letter response from Texas, on behalf of Plaintiffs, addressing each Plaintiff's position on the interrogatories and RFPs that Google had identified as deficient in letters dated January 25, 2024.

Google noted that it was not prepared to speak about the 30-page letter and moreover, that this kind of eleventh-hour disclosure impairs the good faith meet-and-confer process required by the Local Rules.  Per the Rule, each side should have "the opportunity to express his or her views concerning the disputes" and make "a sincere effort" to "present the merits of [ ] respective positions and meaningfully assess the relative strengths of each position."

Following the February 16 conference, the parties—this time without individual Plaintiffs participating—reconvened on February 19 about what issues remained at an issue, primarily on Plaintiffs' identified issues because representatives from individual Plaintiffs were not available. Then, Google and Plaintiffs (including representatives from 14 Plaintiffs) re-convened a third time on February 20 to address the issues that were intended to be discussed on February 16.

Google again raises concerns about Plaintiffs' compliance with Local Rule 7(h).

3

The Parties have discussed narrowing with respect to the following issues:

1. **States' Responses to Interrogatories 2, 4, 5 and 26 and other Interrogatories.** Google received Plaintiffs' Fourth Amended Interrogatory Responses on February 14. It has reviewed and is discussing these amended responses with Plaintiffs. Google has and will address deficiencies in the responses with Plaintiffs before raising with the Special Master.

The Parties remain at an impasse on the following issues:

1. **The States' Privilege Logs.** Plaintiffs (other than South Carolina) should be ordered to provide or complete their privilege logs.[1]

2. **The States' Document Productions.** Plaintiffs should be compelled to identify custodians and search terms and complete their productions to Google.

---

[1] As discussed in Plaintiffs' brief (*see* Dkt. 245 at 7), South Carolina has provided a privilege log and undertaken a documented collection process, which is the kind of effort that Google seeks from other Plaintiffs.

Respectfully submitted,

*/s/ W. Mark Lanier*
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
(713) 659-5200
**THE LANIER LAW FIRM, PLLC**

*/s/ Ashley Keller*
Ashley Keller
ack@kellerpostman.com
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220

Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut, N.W., 11th Floor
Washington, DC 20005
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

5

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

## **CERTIFICATE OF SERVICE**

I certify that, on February 21, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Geraldine Young*
Geraldine Young
