# APPENDIX A

**Appendix A: The Statutes of Limitation Are Tolled or Do Not Apply**

| State | Statute | Doctrine | Authority |
|---|---|---|---|
| **Alaska** | Alaska Stat. Ann. § 09.10.120 (6 years) | **Discovery Rule** | Alaska Stat. Ann. § 09.10.120(a) ("limitation commences *from the time of discovery* by the aggrieved party of the facts constituting the fraud." (emphasis added)); *Jones v. Westbrook*, 379 P.3d 963, 969-70 (Alaska 2016) (applying the Discovery Rule to a UTPCA claim). |
| | | **Continuing Violations Doctrine** | *Reich v. Cominco Alaska, Inc.*, 56 P.3d 18, 25-26 (Alaska 2002) ("The continuing violations doctrine allows plaintiffs to establish an ongoing tort through incidents that occurred before the statute of limitations period and that continued into the limitations period."). |
| **Arkansas** | Ark. Code Ann. § 4-75-217(a) (5 years) | **Fraudulent Concealment** | Ark. Code Ann. § 4-75-217(b) ("The statute of limitations . . . shall be tolled during any period when the defendant in any action fraudulently concealed the events upon which the cause of action is based."). |
| **Florida** | Fla. Stat. § 95.11(3)(e) (4 years) | **Fraudulent Concealment** | *In re Takata Airbag Prods. Liab. Litig.*, 255 F. Supp. 3d 1241, 1258-59 (S.D. Fla. 2017) (FDUTPA's "statute of limitations could be equitably tolled due to Honda's alleged fraudulent concealment."). |
| | | **Discovery Rule** | Fla. Stat. § 95.031(2)(a) (Time to bring "[a]n action founded upon fraud . . . *run[s] from the time the facts giving rise to the action were discovered or should have been discovered with the exercise of due diligence*"); *Sundance Apartments I, Inc. v. Gen. Elec. Cap. Corp.*, 581 F. Supp. 2d 1215, 1223 (S.D. Fla. 2008) (FDUTPA claim did not accrue until discovery). |
| **Idaho** | Idaho Code § 5-224 (four years) | **Discovery Rule** | Idaho Code Ann. § 5-224 ("An action . . . must be commenced within four (4) years after the cause of action shall have *accrued*." (emphasis added)); *Performance Chevrolet, Inc. v. Market Scan Info. Sys., Inc.*, 402 F. Supp. 2d 1166, 1171-72 (D. Idaho 2005) ("claims *accrue when the plaintiff discovers* the facts constituting the fraud" (emphasis added)). |
| | | **Continuing Violations Doctrine** | *Performance Chevrolet, Inc.*, 402 F. Supp. 2d at 1171-72 ("the accrual date [for ICPA claims] may be extended if there are continuing violations"). |
| **Indiana** | Ind. Code § 24-5-0.5-5(b) (two years) | **Fraudulent Concealment** | Ind. Code Ann. § 34-11-5-1 ("If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of |

1

| State | Statute | Doctrine | Authority |
|---|---|---|---|
| | | | the cause of action."); *Carroll v. BMW of N. Am., LLC*, 553 F. Supp. 3d 588, 613-14 (S.D. Ind. 2021) ("The statute of limitations may be tolled if the defendant fraudulently conceals the action giving rise to liability."); *Butler Motors, Inc. v. Benosky*, 181 N.E.3d 304, 322 (Ind. App. 2021). |
| | | **Continuing Violations Doctrine** | *State v. Classic Pool & Patio, Inc.*, 777 N.E.2d 1162, 1166 (Ind. App. 2002) ("where . . . allegedly deceptive acts occurring during a transaction that takes place over the course of more than one day, the statute of limitations is triggered by the date of each occurrence."). |
| **Kentucky** | Ky. Rev. Stat. §§ 413.120(2)-(3), 413.150 (five years) | **Continuing Violations Doctrine** | *Corder v. Ethicon, Inc.*, 473 F. Supp. 3d 749, 770 (E.D. Ky. 2020) (rejecting the "discovery rule" for DTPA claims but endorsing a "delayed accrual" approach for continuing torts). |
| **Louisiana** | Not Applicable | **Statutes of Limitation Do Not Apply to the State** | La. Const. Ann. art. XII, § 13 ("Prescription shall not run against the state in any civil matter . . ."). |
| **Mississippi** | Not Applicable | **Statutes of Limitation Do Not Apply to the State** | Miss. Const. art. IV, § 104 ("Statutes of limitation in civil causes shall not run against the state, or any subdivision or municipal corporation thereof."); Miss. Code. Ann. § 15-1-51 (same); *Mississippi ex rel. Fitch v. Eli Lilly & Co.*, No. 3:21-cv-674, 2022 WL 18401603, at *2 (S.D. Miss. Aug. 29, 2022) (The "statute of limitations does not run against the State in Mississippi."). |
| **Missouri** | Mo. Ann. Stat. § 516.120 (five years) | **Discovery Rule** | Mo. Ann. Stat.§ 516.120(5) (Claim does not "accrue[] until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud."); *Ulrich v. CADCO, Inc.*, 244 S.W.3d 772, 778 (Mo. Ct. App. 2008) ("A claim alleging a violation of the MMPA based on a contract must be filed within five years ***from the time the plaintiff discovers he sustained damage*** as a result of the violation." (emphasis added)). |
| **Montana** | Mont. Code Ann. § 27-2-211 (two years for "actions to enforce | **Discovery Rule** | Mont. Code Ann. § 27-2-102(3) ("The period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim ***have been discovered*** or, in the exercise of due diligence, should have been discovered by the injured party if: (a) the facts constituting the claim are by their nature concealed or self-concealing; or (b) |

2

| State | Statute | Doctrine | Authority |
|---|---|---|---|
| | penalty"); Mont. Code Ann. § 27-2-203 (two years for "fraud or mistake"); Mont. Code Ann. § 27-2-204 (three years for tort actions) | | before, during, or after the act causing the injury, the ***defendant has taken action which prevents the injured party from discovering*** the injury or its cause." (emphases added)); Mont. Code Ann. § 27-2-203 (a cause of action based on "fraud or mistake" is "not deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake"); |
| | | **Fraudulent Concealment** | *Hein v. Sott*, 353 P.3d 494, 498 (Mont. 2015) ("However, if a defendant 'has taken action which prevents the injured party from discovering [an] injury or its cause,' the limitations period does not begin 'until the facts constituting the claim have been discovered or . . . should have been discovered.'") (quoting Mont. Code Ann. § 27-2-102(3)(b)). |
| **Nevada** | Nev. Rev. Stat. § 11.190(2)(d) (four years for consumer protection claims brought before October 31, 2021) | **Discovery Rule** | Nev. Rev. Stat. § 11.190(2)(d) (claim "accrue[s] ***when the aggrieved party discovers, or by the exercise of reasonable diligence should have discovered, the facts constituting the deceptive trade practice***." (emphasis added)); *U.S. Bank Nat'l Ass'n v. Fidelity Nat'l Title Grp., Inc.*, No. 2:21-cv-0257-JAD-EJY, 2022 WL 1665212, at *2-3 (D. Nev. May 24, 2022) (applying the Discovery Rule to the Nevada DTPA). |
| **North Dakota** | N.D. Cent. Code Ann. § 51-15-12 (four years) | **Discovery Rule** | N.D. Cent. Code Ann. § 51-15-12 ("The period of limitation for a claim for relief may not be deemed to have accrued ***until the aggrieved party discovers the facts*** constituting the violation of this chapter." (emphasis added)). |
| **Puerto Rico** | 10 L.P.R.A. § 268 (four years) | **Discovery Rule** | *Sanchez et al. v. A.E.E.*, 142 P.R. Offic. Trans. 880 (P.R. 1997) ("under the discovery rule that governs in our jurisdiction . . . the statute of limitations of a cause of action begins to run as of the moment the victim of such damage learns of the same and is in a position to exercise the pertinent cause of action."). |
| **South Carolina** | S.C. Code § 39-5-150 (three years) | **Discovery Rule** | S.C. Code Ann. § 39-5-150 ("No action may be brought under this article more than three years ***after discovery of the unlawful conduct*** which is the subject of the suit." (emphasis added)); *State ex rel. Wilson v. Ortho-McNeil-Janssen Pharms.*, Inc., 414 S.C. 33, 76, 777 S.E.2d 176, 198-99 (2015) ("Under the discovery rule, the three-year clock starts ticking on the date the injured party |

3

| State | Statute | Doctrine | Authority |
|---|---|---|---|
| | | | either knows or should have known by the exercise of reasonable diligence that a cause of action arises from wrongful conduct."). |
| | | Equitable Tolling | *Magnolia North Prop. Owners' Ass'n, Inc. v. Heritage Cmtys., Inc.*, 725 S.E.2d 112, 125 (S.C. Ct. App. 2012) ("The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that *relief will be granted when*, in view of all the circumstances, *to deny it would permit one party to suffer a gross wrong at the hands of the other*. Equitable tolling may be applied where it is justified under all the circumstances."). |
| South Dakota | S.D. Codified Laws § 37-24-33 (four years) | Discovery Rule | S.D. Codified Laws § 37-24-33 ("No action under this chapter may be brought more than four years after the occurrence **or discovery of the conduct** which is the subject of the action." (emphasis added)); *see also Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, 908 F.3d 313, 340-41 (8th Cir. 2018) (applying the discovery rule). |
| Texas | Not Applicable | Statutes of Limitation Do Not Apply to the State | *See, e.g., State v. Durham*, 860 S.W.2d 63, 67 (Tex. 1993) (Texas "is not subject to the defenses of limitations, laches, or estoppel."); *Molano v. State*, No. 13-10-00477-CV, 2011 WL 3631968, at *4 (Tex. App. Corpus Christi-Edinburg Aug. 18, 2011) (applying this rule to the DTPA). |
| | | Discovery Rule | Tex. Bus. & Com. Code § 17.565 ("All actions brought under this subchapter must be commenced . . . within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice."). |
| Utah | Utah Code § 78B-2-305(2); § 13-11-17(6); and § 13-2-6(b) (five years for seeking fines for violations of the CSPA) | Discovery Rule | Utah Code Ann. § 78B-2-305(2); *Fed. Trade Commission v. Nudge, LLC*, 2022 WL 2132695, at *47-48 (D. Utah June 14, 2022); *Miller v. Corinthian Colleges, Inc.*, 769 F. Supp. 2d 1336, 1341 (D. Utah, Feb. 15, 2011). |
| | | Continuing Violations Doctrine | *Pinder v. Duchesne Cnty. Sheriff*, 478 P.3d 610, 626 (Utah 2020) (the "continuing tort doctrine" "'tolls the statute of limitations while . . . tortious conduct continues unabated.'"); *Miller*, 769 F. Supp. 2d at 1341. |
| | | Fraudulent Concealment | *Miller*, 769 F. Supp. 2d at 1341 ("Under Utah law, a statute of limitations may be tolled where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct."). |

4