# Exhibit F

# Freshfields Bruckhaus Deringer US LLP

**HIGHLY CONFIDENTIAL**

**Via Email**

Philip Korologos
Boies Schiller Flexner
55 Hudson Yards
20th Floor
New York, NY 10001
pkorologos@bsfllp.com

New York
601 Lexington Avenue
31st Floor
New York, NY 10022
T +1 212 277 4000 (Switchboard)
  +1 212 284 4910 (Direct)
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

August 18, 2023

Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Phil:

I write to follow up on certain items from Plaintiffs' June 22 letter regarding Google's non-custodial searches for responsive documents, and further to our response dated June 28.

In the June 22 letter, Plaintiffs erroneously suggested that Google has not satisfied its obligations in searching non-custodial locations. To support this suggestion, Plaintiffs identified 28 references to purported "locations" that "do not appear to be included" in areas Google has agreed to search for non-custodial documents. In our June 28 letter, we explained that 17 of those "locations" are in fact email aliases, not to repositories of centrally stored documents.

We have completed our investigation of the remaining 11 purported "locations" identified by Plaintiffs and can confirm that Plaintiffs' assertions are similarly based on misunderstandings of Google's document management practices. These misapprehensions continue to provide support for Google's position that Google—as the responding party—is in the best position to identify and search appropriate locations for potentially responsive documents.[1]

There is no merit to Plaintiffs' various assertions that Google has failed to search appropriate non-custodial sources for responsive documents. We summarize below the remaining "locations" that Plaintiffs asked Google to investigate.

**Objectives and Key Results (OKRs)**

███████████████     To satisfy its discovery obligations, Google has already collected and

---

[1] *See Sedona Principles*, Third Edition, 19 Sedona Conf. J. 1, 40-41 (2018) ("Sedona Principles") (Sedona Principle 6 reflects the normal allocation of discovery burdens among the parties); *Hyles v. New York City*, 2016 WL 4077114, at *3 (S.D.N.Y. Aug. 1, 2016) (Under the basic Sedona principles, "the responding party is best situated to decide how to search for and produce ESI responsive to [Plaintiffs'] document requests."). Plaintiffs appear to agree with Google's position, noting that "Google is in the best position to evaluate its own production and separate from that production to ensure that centrally stored locations of documents are included in the collection process." Pls. June 22, 2023 Lt'r. at 3.

produced thousands of ███████████████████████ from dozens of different custodians, in addition to many emails discussing OKRs. Moreover, as described in our June 28 letter, Google is collecting more than 1,500 non-custodial shared/team drive folders, some of which contain OKR-related documents. If, after reviewing these documents, Plaintiffs contend that Google's production of OKR-related documents is deficient, please identify specific alleged deficiencies.

**Buganizer and Code Changes**

Google has already collected and made available for inspection more than 38 gigabytes of source code and more than 2 million change logs. This includes source code for Dynamic Allocation, Enhanced Dynamic Allocation, Reserve Price Optimization, Dynamic Revenue Share, Minimum Bid to Win aka Highest Other Bid, Poirot, Bernanke (including Global Bernanke and Bell), Elmo, Exchange Bidding, Line Item Caps, and Unified Pricing Rules, to the extent that it exists and can be located from a reasonable search. Google has made the code available as it existed in January 2013, January 2015, January 2017, August 2017, January 2018, January 2019, and October 2019 as a set of folders and text files.

As set forth in our July 5 letter, Google did not collect emails to and/or from certain bulk email aliases, auto-replies, mailer-daemon replies, or ad spam emails identified using Google's commercially-available spam filter because Google has determined them in good faith to be irrelevant across a range of matters and voluminous. Thus, Google did not collect emails to and from the Buganizer bulk email alias. However, any substantive discussions related to bugs and bug fixes of relevant products and services should be captured by the more than 200 agreed-upon search terms in this case, and your citation to GOOG-TEX-00734147 at 148 supports that view. If, after reviewing these documents (including Google's production of source code, change logs, and substantive emails regarding Buganizer) Plaintiffs contend that Google's production is deficient, please identify specific alleged deficiencies.

**Launch Readiness Tracker**

As part of the pre-suit investigation by the DOJ, Google embarked on a six-month process to search for, collect, review, and produce approximately 40,000 documents sourced from Ariane—now known as "Launch." We produced those documents to Plaintiffs on May 30, 2023, and have separately produced thousands of additional Ariane-related documents including, among other things, Ariane annual reports in spreadsheet form that resemble the documents referenced in your June 22 letter. In addition, Google has conditionally added multiple Ariane-related custodians who are likely to have additional Ariane-related documents. If, after reviewing these documents, Plaintiffs contend that Google's production of Ariane- or Launch-related documents is deficient, please let us know including specific details of the alleged deficiency.

**Bid-manager-docs Email Alias**

In our June 28 letter, we explained that 17 of the "locations" that Plaintiffs identified are in fact email aliases that do not lead to repositories of centrally stored documents. The "▇▇▇▇▇▇▇" alias is one example of such an email alias that does not lead to a repository of centrally stored documents.

**Lumina**

Lumina ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Sedona Principle 8 notes that "[t]he primary sources of [ESI] to be preserved and produced should be those readily accessible in the ordinary course." Sedona Principles at 134. As set forth in our letter dated May 30, 2023, Google has already substantially completed its production of data responsive to Plaintiffs' data RFPs. If, after reviewing that data, Plaintiffs contend that Google's data production is deficient, please let us know including details of the specific alleged deficiency.

**"Go To" and "Go" (G3) Sites**

As explained in our June 28 letter, goto/ links and go/ link are links that can redirect to any URL address, including documents already found in custodial files that are being collected and reviewed. "Go To" and "Go" are not central document repositories that can be searched. To the extent that Plaintiffs seek linked documents, they may make reasonable and proportionate requests for them under the governing ESI Order.



. If, after reviewing the data produced by Google to date, Plaintiffs contend that Google's data production is deficient, please let us know including details of the specific alleged deficiency.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. As we explained on the July 7, 2023 meet and confer, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

**Bulk Launch Email Aliases**

In our June 28 letter, we explained that 17 of the "locations" that Plaintiffs identified are in fact email aliases that do not lead to repositories of centrally stored documents. The bulk launch email aliases identified by Plaintiffs are further examples of such email aliases that do not lead to a repository of centrally stored documents. As noted above, Google has separately made a substantial production of Ariane- and launch-related materials. To the extent that Plaintiffs seek linked documents within that production, they may make reasonable and proportionate requests for them under the governing ESI Order.

**Plaintiffs' Request for Native of GOOG-DOJ-10637087 – 090**

The ESI Order provides that "a producing party need not produce documents in native format" but that "[i]f a party would like a particular document produced in native format and this ESI protocol does not require the production of that document in its native format, the party making such a request shall explain the reason for its request that the document be produced in its native format." ECF No. 508 at 23. The reason Plaintiffs have provided for their request for the native of GOOG-DOJ-10637087 – 090 is that Plaintiffs want to "see for [them]selves what metadata exists in the document for the referenced links and otherwise." Pls. June 22, 2023 Lt'r. at 5.

As explained during the course of negotiating the ESI Order, the production of documents with live links gives rise to security concerns because Plaintiffs could inadvertently click on those links and initiate communications with Google and access Google's systems. See Dec. 16, 2022 Lt'r from M. Evans-Aziz to S. Vash at 4; see also ECF No. 434 at 11-12 ("In addition to violating Sedona Principle 6 . . . Google submits that transmittal of any such access request raises the prospect that the requesting party's counsel may be contacting a represented party in violation of ethical obligations. . . . Plaintiffs have suggested that they intend to access those links."). We have already provided Plaintiffs with the agreed-upon metadata for this document. To address your request for the full file path for links contained in the document, we provide the information in Appendix A. Any "link" from the document that is an email address or alias that leads only to a "mail:to" email address is not included in Appendix A.

**RASTA**



RASTA [redacted] To the extent that Plaintiffs seek information relating to [redacted], Google agrees to conduct a reasonable and proportionate search for RASTA [redacted]. We agree to meet and confer about the process for facilitating requests for RASTA [redacted].

\* \* \*

Google has responded in good faith to Plaintiffs' manifold queries regarding purportedly centrally-stored documents even though it had no obligation to do so. As the Sedona Principles make clear, Google has the "right to evaluate unilaterally and select the procedures, methodologies, and technologies appropriate for preserving and producing its own ESI." Sedona Principles at 126. "When documents are produced in discovery . . . in the first instance, the receiving party [does not] ha[ve] a right to examine and evaluate the way the production was made or require collaboration in the review protocol and validation process. See *Lightsquared Inc. v. Deere & Co.*, 2015 WL 8675377, at \*8 (S.D.N.Y. Dec. 10, 2015). "It is only if a party can articulate a good faith basis to do so by identifying some deficiency in the production, as [it] is well-settled [] that an inquiry into the producing party's methodology would be appropriate." *Kaye v. New York City Health & Hosps. Corp.*, 2020 WL 283702, at \*1 (S.D.N.Y. Jan. 21, 2020).

HIGHLY CONFIDENTIAL<br>August 18, 2023<br>Page 5

If Plaintiffs contend that there are specific deficiencies in Google's production, please let us know after reviewing that extensive production.

                                  Sincerely,

                                  */s/ Robert McCallum*

                                  Robert J. McCallum

CC: All Counsel of Record

HIGHLY CONFIDENTIAL
August 18, 2023
Page 6

## APPENDIX A

| Link Contained in Document | Full File Path |
|---|---|
| ■■■■■■■■■■■■■■■■■■■■ | ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ |
| ■■■■■■■■■ | ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ |
| ■■■■■■■■■■■■■■■■■■■■■■ | ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ |
| ■■■■■■■■■■■■■■■■■■■■ | ■■■■■■■■■■■■■■■■■■■■■■ |
| ■■■■■■■■■■■■■■■ | ■■■■■■■■■■■■■■■■■■■■■■ |
| ■■■■■■■■■■■■■■ | ■■■■■■■■■■■■■■■■■■■■■■ |

| Link Contained in Document | Full File Path |
|---|---|
| ██████████████████ | ████████████████████████ |
| ████████████████████ | ████████████████████████ |
| █████████████████ | ████████████████████████ |
| █████████████████ | ████████████████████████ |
| ████████████████████ | ████████████████████████ |
| ████████████████████████ | ████████████████████████ |