IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § § § | |
| v. | § § § § | CIVIL NO. 4:20-CV-957-SDJ |
| GOOGLE LLC | § | |

# ORDER OF SPECIAL MASTER FROM FEBRUARY 22 DISCOVERY HEARING (DKT. #235, #236)

By Order of the Court dated January 26, 2024 (Dkt. #213) the undersigned was appointed Special Master to address discovery issues and disputes between Plaintiff States ("States") and Defendant Google LLC ("Google").

As provided in the Court's Order Appointing Special Master, the Special Master is holding biweekly discovery hearings with the parties. (Dkt. #213 at 10); (*see also* Dkt. #227, 231). The parties are permitted to submit pending discovery disputes for resolution by the Special Master before the hearings. (Dkt. #227 at 1–2). On February 13, 2024, the parties submitted briefs regarding their discovery disputes, and on February 16, 2024 submitted responsive briefs. The Special Master conducted a hearing on February 22, 2024 (the "February 22 Hearing").

Before the February 22 Hearing, the parties were ordered to continue to meet and confer regarding their disputes and submit a joint report regarding any narrowing of issues. The parties' joint report advised that dispute narrowing regarding (i) the production of trial transcripts from the bench trial held in *United States v. Google LLC*, No. 1:20-cv-3010-APM (D.D.C.) (the "*Search* Lawsuit"), (ii) document productions by Google relating to Deceptive Trade Practices Act claims,

**ORDER OF SPECIAL MASTER – Page 1**

and (iii) the States' supplemental responses to Google interrogatories were being discussed between the parties, which the parties confirmed at the February 22 Hearing. (*See* Feb. 22 Hrg. Rough Tr. at 4:17 – 6:12). Accordingly, the Special Master will **CARRY** those disputes and reserve any rulings until being apprised of the parties' continued efforts to resolve them.

The Special Master's rulings regarding the remaining disputes are as follows.

1. **States' Motions (Dkt. #235)**

    a. **Privilege log re-review, revised logs, and de-designated documents**

Since November 2023, the parties have exchanged correspondence regarding what the States contend are deficiencies in Google's voluminous privilege logs. (Dkt. #235 at 1–2). Although Google agreed to re-review its privilege logs, the States allege that Google has not committed to a timeline to complete its re-review, and seek an order that Google must produce revised privilege logs and de-designated documents with a completion date of March 1, 2024. (*Id.* at 2).

Google responds that the States' proposed timeline for re-review is not feasible. (Dkt. #246 at 14). Google notes that it already performed a manual de-duplication of privilege log entries, reducing the population by approximately 175,000 entries. (*Id.*). Next, Google has undertaken a prioritization of about 70,000 entries and expects to produce revised logs by March 15, 2024. (*Id.*). Further, Google has identified what it contends are low priority documents—including documents from the *Search* Lawsuit that Google says the States have represented are not responsive to their document requests. (*Id.* at 4–5). Google contends that it sought the States' input into the prioritization process, but they were not responsive. (*Id.* at 5).

**ORDER OF SPECIAL MASTER – Page 2**

Google stated at the February 22 Hearing that the review process is almost complete; only about 1,000 entries remain. (Feb. 22 Hrg. Rough Tr. at 8:4–5) ("I think we're within a thousand documents of the finish line . . . ."). Therefore, rolling productions of revised privilege logs and de-designated documents to which privilege is no longer asserted are essential in light of upcoming depositions and the Court's May 3, 2024 fact discovery deadline (*see* Dkt. #194 at 2). The Special Master finds that the States' motion should be **GRANTED AS MODIFIED**. Accordingly, the Special Master **ORDERS** that Google produce revised privilege logs and de-designated documents for the first 35,000 entries no later than **March 1, 2024** and the remaining 35,000 entries no later than **March 8, 2024**. The Special Master further **ORDERS** the parties to promptly meet and confer and submit a joint report and proposal by **March 1, 2024** for the further review and production process of the approximately 245,000 remaining log entries, with such review and production to be completed no later than **April 3, 2024**.[1] The joint report shall be limited to four pages.

b. Linked documents and metadata

Google's document production includes 5,811 documents containing links to additional documents that were not produced. (Dkt. #235 at 2–3). After the States raised the issue with Google, Google produced a linked document metadata overlay for 235 documents, but has not yet produced the linked documents or metadata for the other 5,575 documents. (*Id.* at 3). The States seek an order compelling Google to search for and produce linked documents and/or required metadata associated with the 5,575 documents by March 1. (*Id.* at 4).

---

[1] The parties should prioritize the remaining privilege log review and productions.

**ORDER OF SPECIAL MASTER – Page 3**

Google responds that the States' motion is contrary to the ESI Order entered in this action, the MDL Action, and the Virginia Action. (Dkt. #246 at 10–11). The ESI Order permits a party with "access to a tool capable of performing . . . an automated search, to identify any emails that contain links to another document and . . . conduct a reasonable search for the document corresponding with each identified link." (Dkt. #183 at 24). Further, the ESI Order permits a requesting party to make "reasonable and proportionate requests" for "documents identified via hyperlinks." (*Id.*). Google therefore argues that the States' request for all linked documents is not "reasonable and proportionate." (Dkt. #246 at 11). Google notes that manually reviewing each document containing links to identify each link, ensure the linked documents were not already produced, search for any documents not already produced, and then produce such documents would be unduly burdensome. (*Id.* at 11–12). Google further argues that many documents contain numerous links, multiplying the 5,575 documents into even more documents that must be produced. (*Id.* at 12).

The Court's ESI Order provides that "[States] may . . . make reasonable and proportionate requests that [Google] conduct a reasonable search for relevant documents <u>identified via hyperlinks</u>," and "[f]or each link identified by [States], [Google] shall conduct a reasonable search for the document corresponding with the link." (Dkt. #183 at 24) (emphasis added). The Special Master finds that the States' motion should be **GRANTED-IN-PART**. The Special Master **ORDERS** that the States must provide a discrete list of no more than 500 links to Google by **March 1, 2024**, and Google must search for and produce documents corresponding with such links on a

ORDER OF SPECIAL MASTER – Page 4

rolling basis with such production to be completed by **April 1, 2024**.[2]

### c. Dashboards

The States seek the production of Display Ads dashboards used by Google to monitor its AdTech business metrics. (Dkt. #235 at 4–7). Google responds that the data it has already produced contains the information that would be reflected in such dashboards, and the States' request for more than 2,000 dashboards is unreasonable. (Dkt. #246 at 8).

The Special Master finds that dashboards containing high-level key performance metrics for Google's Display Ads products at issue in this action—for example, dashboards showing the real-time financial performance of Google's Display Ads business—are likely to be highly relevant. At the same time, the States' request for potentially as many as 2,400 dashboards is plainly overbroad and burdensome. The Special Master therefore **ORDERS** that, within **fourteen days** of this Order,[3] Google shall produce a suitable records custodian or Rule 30(b)(6) witness with personal knowledge of Google's dashboards for Display Ads for a deposition. Indeed, this specific approach was suggested by the Court during its February 15, 2024 status conference and as agreed by the parties at the February 22 Hearing. (*See* Feb. 15 Conf. Hrg. Tr. at 24:1–21) ("[I]n terms of talking about issues with regard to things like the dashboards . . . . I would at least suggest that the parties think about records custodian depositions."); (*see also* Feb. 22 Hrg. Rough Tr. at 54:25 – 55:6, 57:16–22).

---

[2] The Special Master's ruling is not intended to foreclose the possibility of further proportionate, reasonable requests for linked documents by the States.

[3] The Special Master appreciates the parties' agreement to such deposition and a timely deposition is necessary to resolve this dispute. The Special Master is confident

**ORDER OF SPECIAL MASTER – Page 5**

Further, within three days after the deposition, the parties are **ORDERED** to confer regarding the scope of the most highly relevant dynamic Display Ads dashboards to be made available and produced by Google in a secure source code room.[4]

### d. Technical documents and data

The States seek several categories of technical documents and data from Google, including (i) links and document repositories, (ii) reproduction of Word documents in native form, (iii) APIs, programming guides, design documents, onboarding and training materials, and other technical documents, and (iv) source code. (Dkt. #235 4–13).

Google responds that it already addressed the States' request for links and repositories in its existing production, rendering the dispute moot. (Dkt. #246 at 6). Regarding reproduction of investigation materials in native Word format, Google argues that the States' demand for reproduction en masse is not reasonable and does not comply with the ESI Order, and further that Google has already reproduced the few, specific documents identified by the States. (*Id.* at 7–8). With respect to technical documents and data, Google argues that its existing production already bears on the issues the States have identified. (*Id.* at 5). Finally, Google states it has already offered additional source code for inspection, which should resolve the issue. (*Id.* at 15).

---

the parties will cooperate as to all aspects of the deposition.
[4] For example, the States suggest, based on Google documents, that Lumina is the "most comprehensive Google Ad Manager dashboard." (Dkt. #235 at 5). However, Google states that Lumina no longer exists. (*Id.* at n.5). To the extent there is an analogue or equivalent to the Lumina dashboard—that is, the current "most comprehensive" Display Ads dashboard—the Special Master expects the parties'

**ORDER OF SPECIAL MASTER – Page 6**

Turning first to links, repositories, and technical documents, the Special Master finds that the record is unclear as to the precise scope of the alleged unproduced technical documents sought by the States. However, technical documents are relevant—as evidenced by Google's existing production of some technical documents and source code. Further, Google's representations at the February 22 Hearing—including, for example, their lack of efforts to search for, collect, and produce APIs—give the Special Master pause. (*See* Feb. 22 Hrg. Rough Tr. at 85:25 – 86:4) ("As the direct answer to your question as to APIs, so I'm not aware if there was a specific search for APIs independently of any other kinds of documents . . . ."). The Special Master therefore **GRANTS-IN-PART** the States' motion. Google is **ORDERED** to produce by **March 15, 2024** APIs, programming guides, and design specifications for Display Ads, as well as the documents in the g3doc directory and .md documents specifically identified by the States at the February 22 Hearing, to the extent Google has not already done so.

As to the States' request for production of native form documents containing hidden content such as tracked changes or comments, the record suggests that Google has worked in good faith to meet its burden to produce documents in TIFF image format with hidden content "imaged so that such content is viewable on the image file" "to the extent reasonably practicable." (*See* Dkt. #183 at 21). However, to the extent hidden content is not readable, the States "may make reasonable requests that a more readable version" be produced. (*Id.*). The States' attempt to place the burden on Google to re-review and re-produce all documents with hidden content in native

discussions to principally focus on such dashboard(s).

form is not, in the Special Master's view, a "reasonable request." The record remains unclear as to the actual scope of the issue or dispute. Nevertheless, the Special Master **ORDERS** that the States are permitted to identify and provide a discrete list of ten documents to Google that they request be produced in native or readable TIFF form, and Google shall promptly produce the requested documents.

Finally, as to source code, based on Google's offer to produce additional source code, the States' agreement to review such additional source code, and to further meet and confer, the Special Master will **CARRY** the issue.

2. Google's Motions (Dkt. #236)

   a. Privilege logs

Google argues that the States have not provided sufficient privilege logs—in fact, 15 of the 17 Plaintiff States have provided no privilege logs whatsoever. (Dkt. #236 at 5–6). Google seeks an order compelling the States to provide adequate privilege logs. (*Id.* at 2).

The States respond that they complied with their privilege log obligations, noting that they are not withholding any documents that have not been logged, nor are they withholding additional privilege logs. (Dkt. #245 at 5–6). The States offer to confer with Google regarding documents Google believes exist and should be logged. (*Id.* at 6).

The States represented that they are not withholding documents that are not listed on their privilege logs, and at the February 22 Hearing agreed to continue to conduct a "refresh" of their privilege review, produce privilege logs on a rolling basis, and advise Google regarding any assertions of types of privileged documents the

**ORDER OF SPECIAL MASTER – Page 8**

States contend do not need to be logged as exempt under the ESI Order. (*See* Feb. 22 Hrg. Rough Tr. at 97:23 – 99:11, 100:16 – 101:3, 103:7–10). The parties shall further meet and confer on that latter issue. The Special Master views the dispute as resolved, and therefore **DENIES AS MOOT** Google's motion and **ORDERS** that the States perform the privilege log tasks agreed to at the February 22 Hearing and as set forth herein by **March 15, 2024**.

    b. Document productions

Google contends that the States' document productions are lacking, noting that 11 States produced fewer than 60 documents each. (Dkt. #236 at 7). Specifically, Google notes that the States have produced little in the way of damages documents, many States did not produce document retention policies, and States who use the digital advertising products at issue have not produced documents relating to their use of such products. (*Id.*). Google further contends that in light of the States' recent supplemental responses to interrogatories that additional searching for responsive documents is needed. (*See* Feb. 22 Hrg. Rough Tr. at 105:25 – 106:22).

The States first respond that certain states—such as South Carolina—have already conferred with Google and agreed to search protocol and methodologies. (Dkt. #245 at 7). Further, the States argue that they have already produced many of the documents Google seeks to compel. (*Id.*). However, the States offer to confer with Google regarding specific document requests. (*Id.* at 8).

At the February 22 Hearing, the States offered to conduct additional searches for discoverable documents, advise Google regarding their search terms and custodians, and produce additional responsive documents. (*See* Feb. 22 Hrg. Rough

ORDER OF SPECIAL MASTER – Page 9

Tr. at 97:16 – 98:11, 113:10–15). The Special Master expects the States to accomplish this promptly. Based on that representation, which the Special Master views as resolving the dispute, the Special Master **DENIES AS MOOT** Google's motion and **ORDERS** that the States perform the document production tasks agreed to at the February 22 Hearing and as set forth herein by **March 15, 2024**.

Signed this 25th day of February, 2024.

David T. Moran
**Special Master**
TXBN: 14419400
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone: (214) 953-6051
E-mail:  dmoran@jw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing sealed Order of Special Master was served on all counsel via email.

_____
David T. Moran

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to the Court's Order Appointing Special Master (Dkt. No. 213), I certify that the Court has already granted authorization to seal this document.

Date: February 25, 2024

_____
David T. Moran