IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT GOOGLE'S PARTLY OPPOSED MOTION FOR
LEAVE TO EXCEED PAGE LIMIT AND AN EXTENSION OF TIME**

Plaintiffs dramatically reversed positions on standing in amended interrogatory responses served in tandem with their opposition to the Rule 12(b)(1) motion. Their changed position, the second in two months, further complicates addressing the relevant jurisdictional issues and state-law claims. Google respectfully requests additional pages to address these issues.

Pursuant to Local Rule CV-7(a)(1), Google moves for leave to exceed the 10-page limit on reply briefs and file up to 25 pages, combined, for its reply briefs in support of its 12(b)(1) and 12(b)(6) motions, excluding attachments. Also, pursuant to Local Rule CV-7(f), Google seeks an extension until March 6, 2024, to file its 12(b)(6) reply brief. Plaintiffs do not oppose the extension of time but oppose any pages beyond an extra five pages consistent with the original extra 15 pages on opening briefs. Under the circumstances, five pages is not adequate.

As the Court noted at the last status conference, the 12(b)(1) motion raises a "significant" issue for which "additional briefing based on changes in the States' position" may be required. Feb. 15, 2024 Hr'g Tr. at 52:10-53:7, ECF No. 250. Indeed, the Court cautioned Plaintiffs "to carefully, carefully decide in what capacity or capacities they're suing," while noting that "the process of discovery[] could then have an effect on" Plaintiffs' position. *Id.*

Yet, Plaintiffs have alternated between *parens patriae* and sovereign standing theories for years, including flip-flopping on which groups of citizens were allegedly injured. Most recently—

unprompted by new discovery—Plaintiffs again pivoted, basing their opposition to the 12(b)(1) motion on their amended interrogatory responses served late the prior evening. The new responses also altered their claims for relief, which is the subject of the 12(b)(6) motion. Google addresses this history of shifting positions to give context to its request for additional pages of briefing.[1]

## BACKGROUND

For two years after filing this lawsuit, Plaintiffs proceeded in their *parens patriae* and sovereign capacities. As *parens patriae*, they claimed to sue on behalf of injured citizens, *not* advertisers or publishers. They confirmed this to the Court and JPML in early 2021. *See* Mar. 18, 2021 Hr'g Tr., 32:6-8, ECF No. 90; Jul. 29, 2021 Hr'g Tr., 27:5-6, 28:1-16, *In re: Dig. Advert. Antitrust Litig.*, MDL No. 3010 (J.P.M.L.).

In mid-2021, Plaintiffs abandoned their Sec. 4c damages claims. They hoped to moot the consolidation motion while keeping a *parens patriae* theory of standing. *See* Pltf. State of Tex. Supp. Info. to Panel, 1, *In re: Dig. Advert. Antitrust Litig.*, MDL No. 3010 (J.P.M.L. Aug. 4, 2021); Pltf. States' Ltr. to Judge Castel, 1, *In re Google Dig. Advert.*, 1:21-md-3010 (S.D.N.Y. Sept. 3, 2021). To avoid duplicative recoveries, Plaintiffs made it clear that they represented their citizens and *not* businesses. Jul. 29, 2021 Hr'g Tr., 28:4-9, *In re: Dig. Advert. Antitrust Litig.*, MDL No. 3010 (J.P.M.L).

Two weeks after the 2023 MDL remand, Plaintiffs switched to representing *publishers*, *advertisers*, *competitors*, and consumers. *See* Nov. 20, 2023 Hr'g Tr., 28:4-10, 31:20-23, ECF No. 173.

---

[1] Local Rule CV-7(k) provides for filing motions for leave "immediately before the document for which leave is sought." Given the complexity of these motions and imminent deadlines, however, Google respectfully submits the issue for the Court's consideration in advance.

Two weeks later, eleven of seventeen States reversed course again. They said they no longer were proceeding as *parens patriae* but only as sovereigns having a sovereign injury. *See* Pltfs' 3rd Am. Resps. to Google's First Set of Rogs., at Ex. B (Dec. 6, 2023) (ECF No. 244-4).

Now, Plaintiffs all proceed as *parens patriae* while some also assert sovereign standing. Opp. at 4. Today, they purport to represent publishers and advertisers directly injured by the alleged anticompetitive conduct, along with consumers facing supposed downstream effects.

## ARGUMENT

While Google simply seeks more briefing pages, Plaintiffs have pushed the boundaries of Rule 37 with their changing positions on a foundational issue, standing. Three years into this case, there is no legitimate reason for Plaintiffs to flip, flop, and flip again on their grounds for standing. Plaintiffs still do not provide straight answers to discovery on this issue, intermingling state and federal claims. This is telling and, equally important, prejudices Google because it must aim and fire at a constantly moving target.

In their latest pivot, Plaintiffs are trying to reverse engineer a standing theory to stay in federal court. They still do not prove standing to bring claims here, if now for slightly different reasons. To respond to shifting arguments by Plaintiffs, Google requires additional pages.

In particular, the amalgam of state law claims by the coalition of States is held tenuously to this venue based on Texas's sole federal claim. Thus, its last-minute return to *parens patriae* after representing in open court that the State had a "*policy*" of not asserting *parens patriae* in cases like this is particularly prejudicial. Dec. 14, 2023 Hr'g Tr., 49:22-24, ECF No. 189. That about-face requires Google to provide additional explanation that could not have been addressed as specifically in its motion for why Texas lacks *parens patriae* standing to assert a Sec. 16 claim on direct harm to advertisers and publishers (Fifth Circuit law) or indirect harm to consumers (*Illinois Brick*).

The revised interrogatory responses also give new details on alleged injuries to citizens on whose behalf Plaintiffs seek to recover as *parens patriae*. In opposing the 12(b)(1) motion, Plaintiffs try to leverage this newly disclosed information to salvage their *parens patriae* theory from the flaws highlighted by *Jefferson Parish*. This requires Google to address Plaintiffs' mis-description of a long line of *parens patriae* cases to explain why this new information does not prove Plaintiffs' claims are for injury to a "substantial segment of the population."

Google likewise requires more pages to fairly respond to Plaintiffs' 12(b)(6) opposition brief. The 12(b)(6) motion addresses allegations by 17 plaintiffs pursuing a 778-paragraph complaint that spans over 230 pages and covers at least 34 state statutes. In addition to the breadth of their claims, Plaintiffs' reconfiguration of the state-law relief sought also necessitates additional pages in reply because Google has argued in its opening brief that "unauthorized remedies should be dismissed" and Plaintiffs have changed their responses regarding which states are seeking which remedies. ECF No. 202 at 28. Google's request for an additional 15 pages across two motions is narrowly tailored to addressing the shift in focus ushered in by Plaintiffs' latest pivot.

## CONCLUSION

For these reasons, Google needs more briefing pages to respond to Plaintiffs' oppositions based on newly served interrogatory responses that do an about-face on jurisdictional theories and provide new details about alleged injuries under dozens of state law claims. Google respectfully moves for leave to file up to 25 total pages combined for its two reply briefs in support of its 12(b)(1) and 12(b)(6) motions, excluding attachments. Further, Google requests that the Court grant its unopposed motion to extend the deadline to file its Rule 12(b)(6) reply brief to March 6, 2024.

Dated: February 26, 2024          Respectfully submitted,

         */s/ R. Paul Yetter*
         R. Paul Yetter
         State Bar No. 22154200
         YETTER COLEMAN LLP
         811 Main Street, Suite 4100
         Houston, Texas 77002
         (713) 632-8000
         pyetter@yettercoleman.com

         Eric Mahr (*pro hac vice*)
         FRESHFIELDS BRUCKHAUS DERINGER LLP
         700 13th Street NW, 10th Floor
         Washington, D.C. 20005
         (202) 777-4545
         eric.mahr@freshfields.com

         ATTORNEYS FOR GOOGLE LLC

## CERTIFICATE OF SERVICE

    I certify that on February 26, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

         */s/ R. Paul Yetter*
         R. Paul Yetter

## CERTIFICATE OF CONFERENCE

    I certify that the meet and confer requirements in Local Rule CV-7(h) have been met. Plaintiffs do not oppose the motion for an extension of time but oppose the motion for leave to file additional pages. Google's counsel Matthew Zorn conferred with Plaintiffs' counsel Ashley Keller on February 23, 2024. Plaintiffs would not agree to more than five additional pages, and the discussions have conclusively ended in an impasse for the Court to resolve.

         */s/ R. Paul Yetter*
         R. Paul Yetter