IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al., | |
| Plaintiffs, | Case No. 4:20-cv-00957-SDJ |
| v. | Hon. Sean D. Jordan |
| Google LLC, | Special Master: David T. Moran |
| Defendants. | |

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE MARCH 7, 2024 HEARING**

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

PENDING DISCOVERY DISPUTES ............................................................................. 1

    I.     The States' requests as to Google's production of Google Chats ........................ 1

    II.    The States' request for trial transcripts and exhibits from the DOJ *Search* trial. ..................................................................................................................... 4

    III.   Texas's requests for production related to its state-law DTPA claims. ................ 5

CONCLUSION .................................................................................................................. 6

Pursuant to the Special Master's Order (ECF No. 227), Plaintiff States ("States") submit this opening brief on pending discovery disputes for the March 7, 2024 Special Master conference.

## INTRODUCTION

The States' brief addresses three issues, the latter two of which have already been briefed by the parties to the Special Master and were previously deferred (*see* ECF No. 265 at 1-2):

1. The States' requests as to Google's production of Google Chats;[1]

2. The States' request for unredacted transcripts and exhibits from the DOJ *Search* trial; and

3. Texas's requests for production related to its state-law DTPA claims.

The Parties are continuing to confer on potential narrowing and resolution with respect to each of these issues. Given the fact discovery cutoff in this case, if any of these issues are not resolved by the next March 7 conference, the States will raise them before the Special Master on March 7. Accordingly, the States provide an update below on each of the issues.

## PENDING DISCOVERY DISPUTES

### I. The States' requests as to Google's production of Google Chats

On February 9, 2024, the States sent Google a letter outlining metadata and format deficiencies in Google's production of Google Chats in this case:

a. Google has not produced Google Chats in a format that permits the documents to be searched for as chats or instant messages, as distinguished from other types of documents like e-mails;

b. the States have accordingly had to engage in a manual process of identifying Google Chats in Google's productions and have, to date, only identified roughly 7,216 Google Chats produced by Google out of the roughly 6 million documents produced (listed in Exhibit 2 to the February 9 letter); and

---

[1] For purposes of this letter, "Google Chats" refers to Google Chats, Chat messages, hangouts, Slacks, Teams, instant messages, and/or any other messages, communications, or documents or data used, maintained, or found in short message or "instant message" applications.

  c. Google has not produced the Google Chats with basic, completed metadata fields including, but not limited to, the identity of all participants, author(s) and recipient(s) of each chat, and the start and/or creation dates, the end date, and the interim dates of each chat.

Exhibit A (filed under seal).[2]  The States requested that Google reproduce the Google Chats in a searchable format with required, extractable metadata, pursuant to the ESI Protocol (ECF No. 183).  *Id.*  In short, the ESI Protocol requires Google: (i) to produce all enumerated and similar metadata and coding fields for each document produced that can be extracted and (ii) to maintain and not degrade the searchability of all documents produced, to the extent reasonably practicable.  ECF No. 183 at 1, 8, 16 n.5, 16-21.

  The States' in depth analysis of Google's production of Google Chats—involving manually searching for and identifying those chats—comes on the heels of the chat-spoliation issues and resulting adverse inference in the November to December 2023 trial in *Epic Games, Inc. v. Google LLC*, No. 3:21-md-02981 (N.D. Cal.).  *See* Exhibit B, Excerpt of Final Jury Instructions from *Epic* Trial ("You have seen evidence that Google Chat communications were deleted with the intent to prevent their use in litigation. You may infer that the deleted Chat messages contained evidence that would have been unfavorable to Google in this case.").[3]

  Google responded on February 16, 2024, rejecting the States' requests and asserting that producing Google Chats in a searchable format with the basic metadata was not reasonably practicable and that the metadata could not be extracted from the documents.  Exhibit C.

---

[2] The States have also filed Exhibits 1 and 4 to the letter in Exhibit A.  Due to their size and format, the States have not filed Exhibits 2 and 3 to Exhibit A, but can separately provide those native files to the Special Master.

[3] *See also* Law360, "Judge Slams Google's 'Deeply Troubling' Tactics As Trial Ends" (Dec. 1, 2023), https://www.law360.com/articles/1772102/judge-slams-google-s-deeply-troubling-tactics-as-trial-ends; Law360, "Google's Deleted Chats Draw Scrutiny At Epic Antitrust Trial" (Nov. 7, 2023), https://www.law360.com/articles/1764392/google-s-deleted-chats-draw-scrutiny-at-epic-antitrust-trial.

The Parties met and conferred on February 23, 2024. During that conference, as the States memorialized in a follow-up letter (Exhibit D, filed under seal), Google's counsel agreed to discuss with Google and provide responses to the following questions from the States:

- **What is the volume or number of Google Chats produced by Google in this case?** During the February 23 meet and confer, Google's counsel stated that they estimated that Google has produced roughly 13,000+ (or "north of 13,000") Google Chats in this case.

- **How can the States identify Google Chats within Google's productions?** Since Google itself appears to have a way to identify Google Chats within its productions, Google's counsel agreed to ask about and provide the States with a way or ways the States can also identify those chats. The States' manual chat-identification process is burdensome and has not identified all of the chats, based on the delta between the two sides' estimated chat volumes. In their February 23 letter (Exhibit A), the States proposed an industry standard format (Relativity Short Message Format or RSMF) in which Google could re-produce the Chats, which are minimal in number by both sides' estimates, that could allow easy identification and searchability of Google Chats. As discussed with Google, the States are willing to consider other ways to resolve the issue of identifying Google Chats.

- **Can Google produce missing Chat metadata to the States?** Google's counsel agreed to check and confirm with Google on the state and details of the missing basic Chat metadata, including how that metadata is kept, whether that metadata can be extracted, and if there are any solutions that provide the States with an overlay or other production of that metadata. As it currently stands, the States have no way to ascertain the dates and participants of the Google Chats, which hinders document review and deposition preparation. The States find it difficult to believe that Google, a highly sophisticated technology company, does not maintain basic metadata with its Chats in the ordinary course of business or cannot extract it.

- **Has Google produced all relevant Google Chat retention policies in response to the States' Request for Production No. 301?** The States have found 5 documents in Google's productions, titled "Google Chat Retention Policy," with stated modification dates between 2020 and 2023. The States requested that Google confirm whether more Google Chat retention policies have been produced and, if so, how to locate or search for them, as well as confirm whether other Google Chat retention policies exist, or do not exist, and whether Google has withheld or not produced any such policies (such as earlier versions).

At this time, the States have not yet received a response from Google on the above-pending questions. In light of the chat-spoliation issues in the *Epic* trial and as the States pointed out in their February 9 letter (Exhibit A at 4), answers to the above questions benefit both sides. If Google has retained, collected, and searched, and not spoliated, chats relevant to this case, then it should

help the States identify that universe of relevant chats. And the States are entitled to vet whether Google has retained and produced (or logged) all relevant Chats.

## II. The States' request for trial transcripts and exhibits from the DOJ *Search* trial.

The States previously briefed the issue, regarding their request for unredacted and relevant *Search* Trial transcripts and exhibits, to the Special Master and incorporate by reference that prior briefing. ECF No. 235 at 13-14 (sealed); ECF No. 254 at 13-14 (unsealed).[4]

As an update,[5] the Parties met and conferred on this issue on February 23, 2024. In advance of that meet and confer, to make movement on this issue, the States proposed that Google produce the complete transcripts (and related exhibits) for a *Search* Trial witness if any question or answer portion of the witness's testimony includes a derivation of an agreed upon search term or limited terms, related to advertising (like, as the Parties discussed, ads and advertisers). If a witness's testimony does not include any such derivations, then it need not be produced.

During the meet and confer, Google's counsel discussed Google's position that reviewing and redacting for third-party highly confidential information (per the *Search* case protective order) in the transcripts and exhibits is burdensome. Although the States are all parties to the *Search* cases and thus permitted to view confidential third-party information under the applicable protective order lessening confidentiality concerns, Google's counsel has also advised us that outside counsel in this case (from both sides) are unable to view that information. In response, the

---

[4] This prior briefing includes citations to caselaw from this District ordering the production of trial transcripts and exhibits across cases. *See Retractable Tech., Inc. v. Becton*, 2011 WL 13134891, at *5 (E.D. Tex. August 4, 2011), *aff'd in part and rev'd in part on unrelated grounds*, 842 F.3d 883 (5th Cir. 2016) (Folsom, J.) (holding that trial transcripts and exhibits from other similar cases are relevant, tailored and reasonable in scope, and should be produced to the extent not publicly available); *Moser v. Navistar Inter. Corp.*, 2018 WL 3613996, at *3 (E.D. Tex. July 27, 2018) (Mazzant, J.) (finding that trial transcripts and exhibits from other cases involving same defect issue were discoverable and should be produced, if transcribed and related to the issues in the case).

[5] This update is also memorialized in the States' follow-up letter from February 26, 2024. Exhibit D.

States are considering their need for and the importance of third-party information but, as explained during the meet and confer, have difficulty ascertaining that information's relevance without knowing its content.

In the meantime, the States proposed that Google consider a process for first reviewing and producing the transcripts and related exhibits of Google witnesses (fact and expert, called by Google or the DOJ at trial) who have relevant testimony, separate from third-party witnesses whom the parties can continue to confer on. The States also want assurances that Google has a process in place to determine the relevance of the transcripts and exhibits, beyond arbitrary, formulaic custodian boundaries, including: (i) how did Google do its search and review for relevant transcripts and exhibits; (ii) who were the witnesses, whose testimony was reviewed; (iii) where do the transcripts and exhibits reside; (iv) how was relevant testimony otherwise determined; and (v) were search terms applied and, if so, which terms?

The States understand that Google is willing to consider the States' above proposals and will respond later this week, and that the parties will raise this issue before the Special Master if it is not resolved by the March 7 Special Master conference.

**III.     Texas's requests for production related to its state-law DTPA claims.**

The States previously briefed this issue—regarding Texas's requests for production relating to its Deceptive Trade Practices Act claims and corresponding request for a discovery plan from Google with new custodians and search terms—to the Special Master and incorporate by reference that prior briefing. ECF No. 235 at 14-15 (sealed); ECF No. 254 at 14-15 (unsealed).

The Parties also met and conferred on this issue on February 23, 2024. Texas agreed to propose new custodians and draft search strings, promptly set forth one business day later in a February 26 letter (Exhibit D), in exchange for: (a) Google's agreement to respond with additional custodians and search strings aimed at finding and producing responsive documents, as well as (b)

5

the parties' understanding that Texas's proposed custodians and draft search strings are intended only as a starting point and not meant to be exclusive.

As Texas has explained, Google should bear the burden to, and is in the best position to, propose new custodians and search strings, as it has far superior knowledge than Texas of its own documents and personnel. Google has nonetheless asked Texas for more guidance on the custodians and documents Texas seeks in response to its requests for production, so Texas has agreed to make—and has immediately made—this initial proposal in good faith. In its initial proposal, Texas has identified four new custodians (three of whom the States have previously, already identified to Google), described generally the other types of custodians and custodian roles that may be relevant, reiterated the two general categories of documents Texas's requests for production seek, and proposed draft search string combinations. Exhibit D at 4-6. Texas, however, continues to reasonably qualify that Texas has no way of identifying a complete list of relevant custodians, given its lack of inside knowledge of the relevant roles and teams at Google, or crafting precise search strings, given the nuances of different databases.

Google has agreed to promptly respond to the States' initial proposal with its proposed new custodians and search strings, and that the parties will raise this issue before the Special Master if it is not resolved by the March 7 Special Master conference.

## **CONCLUSION**

The States will continue to confer with Google on all of the above-outlined issues and will provide an update to the Special Master in the upcoming Joint Status Report, on which issues are at impasse, in advance of the March 7 conference.

6

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | 1101 Connecticut, N.W., 11th Floor |
| | Washington, DC 20005 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*


**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

7

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

# CERTIFICATION OF CONFERENCE

I certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and that the parties remain opposed on the pending discovery disputes outlined in the foregoing submission. The personal conferences required by Local Rule CV-7(h) have been conducted or were attempted on the following dates in the following manner, with the names of the participants in the conferences.

| Date & Manner | Conferred Issues | Participants[6] |
|---|---|---|
| February 6, 2024<br>Teams video call | The States' request for trial transcripts and exhibits from the DOJ Search trial (also prior meet and confers). | For the States: Geraldine Young and Peter Hillegas<br>For Google: Mollie Bracewell, Robert McCallum, and Paul Yetter |
| February 12, 2024<br>Teams video call | Texas's requests for production. | For the States: Zeke DeRose III, Jonathan Wilkerson, and Geraldine Young<br>For Google: Mollie Bracewell, Robert McCallum, and Paul Yetter |
| February 23, 2023<br>Teams video call | Google's chats;<br>The States' request for trial transcripts and exhibits from the DOJ Search trial; and<br>Texas's requests for production. | For the States: Zeke DeRose III, Jonathan Wilkerson, and Geraldine Young<br>For Google: Mollie Bracewell, Robert McCallum, and Paul Yetter |

The foregoing document further outlines explanations of why no final resolution has been reached yet, leaving potentially open issues for the Special Master and Court to resolve.

/s/ Geraldine Young
Geraldine Young

---

[6] The conferences included other attorneys for both sides. Included are those who conferred, and not all observers are listed here.

1

## CERTIFICATE OF SERVICE

I certify that, on February 27, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ W. Mark Lanier*
W. Mark Lanier
