IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT B

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE MARCH 7, 2024 HEARING**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | MDL Case No. 21-md-02981-JD<br>Member Case No. 20-cv-05671-JD<br><br>**FINAL JURY INSTRUCTIONS FOR** *EPIC* **TRIAL** |

The Court will give these final instructions to the jury in the *Epic* trial, Case No. 20-cv-5671, on the morning of December 11, 2023, before the parties' closing arguments. They are based on the parties' proposed instructions, Dkt. Nos. 806, 833, the discussion at the jury charge conference on December 1, 2023, and the Court's practices.

For Google's request for a judgment on its breach of contract counterclaim, Dkt. No. 833 at 2 n.2, the Court will decide Epic's illegality defense after the jury returns its verdict, and will treat the parties' stipulated facts, *id*. at 1-2, as proved.

For Instruction Nos. 23 (Willful Acquisition or Maintenance of Monopoly Power Through Anticompetitive Acts), 29 (Evidence of Competitive Benefits), and 38 (Business Justification Defense), the Court will give the additional language requested by Google that "to qualify as 'substantially less restrictive,' an alternative means must be virtually as effective in serving the defendant's procompetitive purpose without significantly increased cost." *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 990 (9th Cir. 2023) (cleaned up).

Epic's request to add a balancing step at the end of Instruction No. 38 (Business Justification Defense) is denied. The Court will give the instruction consistent with the formulation in the ABA Model Civil Antitrust Instruction 2E.11. The Court will add a reference

1  <u>INSTRUCTION NO. 13</u>

2  PERMISSIVE INFERENCE

3  You have seen evidence that Google Chat communications were deleted with the intent to
4  prevent their use in litigation. You may infer that the deleted Chat messages contained evidence
5  that would have been unfavorable to Google in this case.

United States District Court
Northern District of California