IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT C

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
<u>FOR THE MARCH 7, 2024 HEARING</u>**



**Via Email**

Zeke DeRose III
The Lanier Law Firm, PC
Zeke.DeRose@lanierlawfirm.com

Joseph M. Graham, Jr.
Geraldine Young
Marc B. Collier
Norton Rose Fulbright US LLP
joseph.graham@nortonrosefulbright.com
geraldine.young@nortonrosefulbright.com
marc.collier@northrosefulbright.com

**New York**
601 Lexington Avenue
56th Floor
New York, NY 10022
T +1 212 277 4000 (Switchboard)
  +1 212 284 4910 (Direct)
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

February 16, 2024

Re:  *State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.)

Counsel:

We write regarding Plaintiffs' letter dated February 9, 2024, concerning the produced metadata and format of responsive Google Chats.

Google's productions comply with the governing ESI Order and so there is no need to reformat and reproduce them as you now request. Google began producing Chats to Plaintiffs four years ago during Plaintiffs' pre-suit investigation.

The ESI Order in the MDL was negotiated over ten months between 2022 and 2023 and included multiple meet and confers that focused on production format and metadata fields. As the occupants of two seats on the Discovery Steering Committee, Plaintiffs had significant input to those negotiations.

Following remand, the Court directed the parties to meet and confer regarding an ESI Order (among other things). Plaintiffs represented to Google and the Court that they would not seek to renegotiate the terms of the MDL ESI Order.[1] The parties agreed to adopt the MDL ESI Order with only conforming edits. Among other things, the governing Order reflects the parties'

---

[1] *See* Hr'g Tr. at 24:1-6, 30:21-24 (Nov. 20, 2023).

February 16, 2024
Page 2

agreement that metadata fields need only be populated "to the extent reasonably practicable," and that "[t]he parties are not obligated to populate manually any" of the specified metadata fields "if such fields cannot be extracted from a document." ECF No. 183 at App'x. 1.

Google has complied with its obligations regarding the production of available metadata and production format under the ESI Order. The metadata fields and production format Plaintiffs seek are not included in Appendix 1 of the ESI Order. Moreover, the metadata fields requested by Plaintiffs do not exist in the ordinary course of business and would require Google to undertake a manual, burdensome process to reprocess data or create bespoke fields. Plaintiffs' February 9 letter seeks to renegotiate the terms of the ESI Order and require Google to do something that it is not obligated to do—manually populate metadata fields and produce in a format that was not contemplated by the parties' negotiations. We decline to do so in light of the history described above and the governing ESI Order.

In March 2023, Google requested "that each Plaintiff provide the information that they demanded of Google and that Google has provided . . . namely: describe the steps each Plaintiff took to preserve chat, Slack, Teams, Facebook Messenger, instant message, or other similar messages for personnel relevant to the[] action[]."[2] Plaintiffs declined to do so.[3] In June 2023, in its second set of requests for production to Plaintiffs, Google requested "[a]ll documents and communications concerning [Plaintiffs'] retention policies or practices for electronic chat, instant messaging, or direct messaging applications used by [Plaintiffs'] employees." Plaintiffs' responses to date are inadequate—several states have not produced *any* retention policies, let alone chat-specific ones. Please let us know when we can expect to receive those.

Google remains willing to meet and confer.

Sincerely,

*/s/ Robert J. McCallum*

Robert J. McCallum

---

[2] *See* March 3, 2023 Letter from J.Sessions to E. Maier, at 3.

[3] *See* March 10, 2023 Letter from E. Maier to J. Sessions, at 3.