IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

**PLAINTIFF STATES' RESPONSE TO GOOGLE'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

## PLAINTIFF STATES' RESPONSE TO GOOGLE'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT

Plaintiff States well-understand that this is a complex case. That is why the States did not oppose Google's motion for an extension of the page limits on the opening motions, from 30 to 45 pages, and its inclusion of "17 pages" of additional "appendices contain[ing] substantive information" applying their arguments to different claims. Dkt. 219 at 3. And that is why the States do not oppose allowing Google "an extra five pages" for their reply brief. Dkt. 267 at 1.

But even in a complex case, "[l]itigants are expected to follow the Local Rules." Dkt. 217 at 4. Here, the Local Rules allow a 30-page motion, a 30-page response, and a 10-page reply, L.R. CV-7(a)(1). The briefing limits strike a balance. Movants have the disadvantage of filing without knowing how the other side will respond, but receive more space in total. The limitation of reply briefs to one-third the length of motions and responses is part of that balance. The Court has allowed 15 additional pages for the motions and responses, which amounts to a 50% increase. Dkt. 220, 237. The corresponding increase, under the Local Rules, would allow Google 5 additional pages, which is the amount Plaintiff States have agreed to. Granting a 25-page reply—nearly the same limit as the default for the *opening* brief—is excessive and unjustified.

Google defends its request by invoking amended discovery responses, but fails to explain why those make any difference for motions that must be decided *on the pleadings*. *See*, *e.g.*, *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (warning against "going beyond the pleadings"); *Dooley v. Principi*, 250 F. App'x 114, 115-16 (5th Cir. 2007) ("A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)."). Regardless, the interrogatory response Google relies upon did not address the capacity in which the States bring *federal* claims and said nothing about the *constitutional* injuries that underly each States' suit. *See* Dkt. 244-3 at 7-8, 244-4. That is because the States were addressing

1

a different question. The capacity in which a State brings suit often has various state-law consequences. For example, state law may require a state to identify particular victims if it seeks actual damages, or may require it to set up a method to disburse restitution. There are also strategic questions of how each State will prove each remedy, which may require expert witness testimony (including state-specific expert testimony, to the extent a certain state elects a remedy that other states are not seeking). That is the context in which the States have, at various points, refined their positions, or discussed the policies of various Attorney General offices. While the remedies sought are likely to narrow as the case progresses, none of that has any bearing on the Rule 12 motions.

Consider first Google's Rule 12(b)(6) reply. Google argues that it needs more pages because "Plaintiffs have changed their responses regarding which states are seeking which remedies," Dkt. 267 at 4, but discovery responses addressing which remedies will be sought in the case moving forward have no possible relevance to whether the pleading states a claim under Rule 8. With respect to remedies, Plaintiff States chiefly argued in their response that Rule 12 is not even a proper avenue for adjudicating whether particular remedies are available and criticized Google for failing to cite relevant state-law legal authority in its motion. No doubt Google would like more pages to attempt to meet its burden now, but that desire is not distinctive. Google provides no argument for why it deserves more words than the mine-run case.

Next, consider the Rule 12(b)(1) reply. Google's 12(b)(1) motion must be based on the pleading, though it cites interrogatory responses to argue—in what appears to be a nonsequitur— that because certain States were not bringing state-law claims *parens patriae*, that therefore those States lack the requisite injury to support Article III standing to bring a *federal* claim. Google claims that it needs more pages because, by amending their interrogatory response, "Plaintiffs try to leverage this newly disclosed information to salvage their *parens patriae* theory from the flaws highlighted by *Jefferson Parish*." Dkt. 267 at 4. This argument suggests that the interrogatory

2

responses were a core part of the Rule 12(b)(1) argument Plaintiff States offered, but nothing could be further from the truth. The following sentences in the background section are the sum total of what Plaintiff States said about their amended interrogatory response: "The spreadsheet [that Google cited in its motion] was designed to capture differences among state laws, not abandon relief under *federal* law pleaded in the FAC. Google mistakenly treats this response about state law remedies as a statement on federal law injuries. The amended interrogatory response eliminates any possible confusion." Dkt. 244 at 3. Those sentences in the States' opposition sum to 50 words. The notion that Google requires 15 extra pages to reply to them is preposterous.

At bottom, Google is gesturing at a discovery dispute as a way to gain a tactical advantage in dispositive motion briefing. This Court appointed a Special Master to adjudicate discovery disputes, and Google should direct its grievances with the States' interrogatory responses to him. As for the motions to dismiss, there is a reason the Local Rules cap replies at one-third the page limit of initial motions. The Court should enforce those Rules, as it has before.

## CONCLUSION

Plaintiff States do not oppose Google's request for an extension of time and for 5 additional pages, but, respectfully, request that the Court otherwise deny Google's motion.

3

DATED: February 27, 2024

Respectfully submitted,

*/s/ W. Mark Lanier*
W. Mark Lanier
Alex J. Brown
Zeke DeRose III
**THE LANIER LAW FIRM, P.C.**
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204
Email: mark.lanier@lanierlawfirm.com
Email: alex.brown@lanierlawfirm.com
Email: zeke.derose@lanierlawfirm.com

*/s/ Ashley Keller*
Ashley Keller (*pro hac vice*)
**KELLER POSTMAN LLC**
150 N. Riverside Plaza
Suite 4100
Chicago, IL 60606
Telephone: (312) 741-5220
Facsimile: (312) 971-3502
Email: ack@kellerpostman.com

Zina Bash (Bar No. 24067505)
111 Congress Avenue
Suite 500
Austin, TX 78701
Email: zina.bash@kellerpostman.com

Noah S. Heinz (*pro hac vice*)
1101 Connecticut Ave., N.W.
11th Floor
Washington, DC 20036
Email: noah.heinz@kellerpostman.com

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm Only), Mississippi, North Dakota, South Carolina, and South Dakota.*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

4

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General


*/s/ Trevor E. D. Young*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor E. D. Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov


**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

5

## CERTIFICATE OF SERVICE

I certify that on February 27, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

      /s/ W. Mark Lanier
      W. Mark Lanier