IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-CV-957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**GOOGLE's REPLY IN SUPPORT OF MOTION FOR EXTRA PAGES**

Plaintiffs' last-minute changes to their standing, injury, and remedies theories—and now, their opposition to Google's Motion to seek extra pages to address those changes—underscore the serious jurisdictional and pleading issues Google presented the Court. At bottom, Plaintiffs have changed their theories in a flawed effort to save their claims and are trying to deprive Google of an opportunity to address newly minted theories in Plaintiffs' response briefs – predicated on interrogatory responses served after Google's motions – which would in turn deprive the Court of a full and fair opportunity to assess the threshold issue of its subject matter jurisdiction over this dispute.

Briefly, Google addresses several statements presented in the States' most recent submission that require correction.

First, nothing about what Google proposed violates the Local Rules. The Local Rules provide that parties may seek extra pages for good cause. This case presents good cause. It is because the States are not following the Federal Rules by shifting standing theories three-years into a case, Google seeks extra pages to address what is, effectively, a new slate.

These amended discovery responses make a difference. As Google noted in its opening brief, on a Rule 12(b)(1) motion, a court may consider "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)) (affirming dismissal, pursuant to Rule 12(b)(1), for lack of standing). So, the interrogatory responses are properly considered on the motion. That is especially true where, as here, the matter Google points to beyond the pleadings is not a factual matter, but Plaintiffs' own contentions about how they interpret and assert their own pleadings. Indeed, *Plaintiffs* attached the Fourth Amended Interrogatory responses to their response brief and asserted that these amended responses eliminate "any possible confusion." Dkt. 244 at 3. To deny Google a full opportunity to address the document that Plaintiffs used as a sword in their opposition would be unfair and deprive the Court of a full argument on the critical issue of the Court's subject matter jurisdiction.

Google filed its Rule 12 motions based on contentions that Plaintiffs subsequently retracted. Untimely service of the amended interrogatory responses deprived Google *notice* of what Plaintiffs' standing and remedies theories were before filing. The straightforward way to address that issue is to allow Google extra pages so it can be placed in the position it would have been had the States provided full disclosure before the filing of Google's Motions, as the Federal Rules required. And, to the extent the States need to file a response, they can file a sur-reply of equal length, as the Local Rules typically provide. The Court has an independent obligation to ensure it has subject matter jurisdiction over this dispute; Plaintiffs, in their actions, appear to be trying to deprive the Court of an opportunity to fully assess its jurisdiction at this juncture.

Plaintiffs' remaining points are equally meritless. Citing their responses, the States say that "the interrogatory response Google relies upon did not address the capacity in which the States bring *federal* claims and said nothing about the constitutional injuries that underl[ie] each States' suit." ECF No. 274 at 1-2. This is wrong. The propounded interrogatory, which the States attached to their opposition, asks Plaintiffs to "identify all remedies You seek in this Action, in what capacity (such as *parens patriae* or sovereign capacity) You seek each remedy, and the statutory or other legal basis for each such remedy." ECF No. 244-3 at 7. The interrogatory plainly asks the States to identify *all* remedies they seek in this action, for federal and state claims. If the States' position is now that their response only addressed state claims because they seek no remedies for their federal claim, then obviously the federal claim must be dismissed. And, if their position is that they do seek a remedy for their federal claim but that their responses prior to the filing of Google's Motion only addressed standing, capacity, and remedies issues with state claims, then the change of position, the prejudice, and the Rule 37 violation is manifest. As Google will set forward in its forthcoming Rule 12(b)(1) reply, over the past three years, Plaintiffs have made different representations in different courts and Google disagrees with Plaintiffs' revisionist explanation of their Responses. And regardless, Google should be afforded the opportunity to address and the Court should have the opportunity to hear Google's response to Plaintiffs' post-motion changes to their state remedies theories in its Rule 12(b)(6) reply.

Google seeks no "tactical advantage" and is willing to let the States have the same number of pages and the last word. What Google seeks is a ruling on an important, threshold jurisdictional issue on a fulsome and complete record for the Court's benefit of what Plaintiffs'

actual standing theories are—not a ruling based on a motion filed on shifting sands. The just and appropriate way to allow that is to permit Google extra pages.

Accordingly, Google respectfully requests that the Court grant: (i) Google's unopposed request to have until March 6, 2024, to file its 12(b)(6) reply brief; and (ii) Google's request to file up to 25 pages, combined, for its reply briefs in support of its 12(b)(1) and 12(b)(6) motions, excluding attachments. To the extent that the Court is not inclined to grant Google extra pages, Google requests that the Court allow Google to file two reply briefs of up to ten pages each.

Dated: February 28, 2024

Respectfully submitted,

*/s/ Paul Yetter*
_____
R. Paul Yetter
State Bar No. 22154200
Y<small>ETTER</small> C<small>OLEMAN</small> LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
F<small>RESHFIELDS</small> B<small>RUCKHAUS</small> D<small>ERINGER</small> US LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4500
eric.mahr@freshfields.com

A<small>TTORNEYS FOR</small> D<small>EFENDANT</small> G<small>OOGLE</small> LLC

CERTIFICATE OF SERVICE

      I certify that on this 28th day of February 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

      *R. Paul Yetter*
      R. Paul Yetter