# EXHIBIT A

| | |
|---|---|
| **From:** | Trevor Young |
| **To:** | EISMAN, Scott; TU, Xiaoxi; MAHR, Eric (EJM); ELMER, Julie (JSE); EWALT, Andrew (AJE); SESSIONS, Justina (JKS); RYBNICEK, Jan (JRYB); MCCALLUM, Robert; Lauren Kaplin; BAYOUMI, Jeanette; LEONARD, Claire; Jonathan Jacobson; "jlonergan@wsgr.com"; mevansaziz@wsgr.com; Vadim Egoul; John Harkrider; Daniel Bitton; Bradley Justus |
| **Cc:** | James Lloyd; Luke Woodward; Thomas Ray; Noah Heinz; Joseph Graham; Zeke DeRose III; Marc B. Collier; Geraldine W. Young |
| **Subject:** | RE: Texas" Response to RFAs -- In Re Google Digital Advertising Antitrust Litigation (No. 21-md-3010) |
| **Date:** | Wednesday, December 13, 2023 1:19:38 PM |

Scott,

Google's submission to the Court on Friday suggested that State Plaintiffs' 3rd Amended Interrogatory responses "do not appear to address the deficiencies and concerns set forth in [the] status update." We look forward to resuming the meet and confer process to address any outstanding issues Google has with the State Plaintiffs' discovery responses. We are hopeful that we can resolve many of Google's issues in a much shorter timeframe than the "several months" envisioned in Google's status update.

As you recall in prior meet and confers, we discussed producing a chart that outlined what relief each state was seeking and the legal foundation for that relief. We attempted to give you that clarity by amending our interrogatory responses on December 6 with a new Exhibit B containing a detailed breakdown of remedies sought by each state. Unfortunately, a few states did not also revise the written responses to Interrogatory No. 4 which appears to have caused some confusion to Google according to your status update. State Plaintiffs apologize for the oversight and are not attempting to play a "shell game" as you characterized it.

In the past few days, I have spoken with both South Dakota and Kentucky who have assured me that Exhibit B is an accurate reflection of the remedies that they presently intend to seek, and they look forward to an opportunity to amend Interrogatory No. 4 to reflect that. In the case of Missouri, they are seeking relief under both their parens authority and in their sovereign capacity and will need to edit Exhibit B in a future amendment to reflect that. To the extent any further ambiguities remain regarding State Plaintiffs Interrogatory Responses, I'm happy to jump on a call with you or assist in coordinating communications with any Plaintiff State.

Given the additional issues raised by your status update with the Court, it probably makes the most sense to wait and see where things stand after tomorrow's hearing before attempting to supplement State Plaintiffs' Interrogatory Responses further, but we are happy to make this a priority as you suggest, and we look forward to revisiting the issues that were the subject of our meet and confer process earlier this year to ensure that State Plaintiffs have fulfilled their discovery obligations in this matter.

**Trevor E. D. Young**
Deputy Division Chief
Antitrust Division
State of Texas, Office of the Attorney General
300 E. 15th Street
Austin, TX 78701

(512) 936-2334
trevor.young@oag.texas.gov

**PRIVILEGED AND CONFIDENTIAL: This communication may be confidential and/or privileged pursuant to Government Code Sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Texas Attorney General.**

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Trevor Young
**Sent:** Wednesday, December 6, 2023 9:50 AM
**To:** EISMAN, Scott <Scott.Eisman@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; MAHR, Eric (EJM) <Eric.MAHR@freshfields.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; RYBNICEK, Jan (JRYB) <Jan.RYBNICEK@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; Jonathan Jacobson <jjacobson@wsgr.com>; 'jlonergan@wsgr.com' <jlonergan@wsgr.com>; mevansaziz@wsgr.com; Vadim Egoul <vegoul@wsgr.com>; John Harkrider <jharkrider@axinn.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>
**Cc:** James Lloyd <James.Lloyd@oag.texas.gov>; Luke Woodward <Luke.Woodward@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Joseph Graham <joseph.graham@nortonrosefulbright.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: Texas' Response to RFAs -- In Re Google Digital Advertising Antitrust Litigation (No. 21-md-3010)

Scott,

Please see attached Plaintiffs 3rd Amended Responses to Interrogatories, which now includes Exhibit "B" which outlines the relief that each State Plaintiff presently intends to pursue. Exhibit "A" remains unchanged since it was served with the original response to these interrogatories back in March.

**Trevor E. D. Young**
Deputy Division Chief
Antitrust Division
State of Texas, Office of the Attorney General
300 E. 15th Street

Austin, TX 78701
(512) 936-2334
trevor.young@oag.texas.gov

**PRIVILEGED AND CONFIDENTIAL**: This communication may be confidential and/or privileged pursuant to Government Code Sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Texas Attorney General.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.