IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendants. | Case No. 4:20-cv-00957-SDJ <br><br> Hon. Sean D. Jordan <br><br> Special Master: David T. Moran |

**JOINT REPORT AND PROPOSAL TO THE SPECIAL MASTER
REGARDING FURTHER PRIVILEGE LOG REVIEW AND PRODUCTION PROCESS**

The parties have met and conferred and now submit this Joint Report and Proposal concerning further privilege log review.

**States' Proposal**.

On February 25, 2024, with respect to Google's privilege log re-review, revised logs, and de-designated documents, the Special Master ordered the following:

> The Special Master **ORDERS** that Google produce revised privilege logs and de-designated documents for the first 35,000 entries no later than **March 1, 2024** and the remaining 35,000 entries no later than **March 8, 2024**. The Special Master further **ORDERS** the parties to promptly meet and confer and submit a joint report and proposal by **March 1, 2024** for the further review and production process of the approximately 245,000 remaining log entries, with such review and production to be completed no later than **April 3, 2024**.[1] The joint report shall be limited to four pages.

ECF No. 265 at 3.  This is not "Plaintiffs' demand," as Google argues below, but the Order of the Special Master.

---

[1] This footnote in the Order states: "The parties should prioritize the remaining privilege log review and productions."

1

Pursuant to that Order, Plaintiff States ("States") hereby submit this Joint Report and Proposal "for the further review and production process of the approximately 245,000 remaining log entries, with such review and production to be completed no later than **April 3, 2024**." *Id.* The States propose the following prioritization of and timeline for the remaining privilege log review and productions:

| Prioritized Custodians / Individuals | Deadline for production of revised privilege logs and de-designated documents |
|---|---|
| **1. Custodians identified in the States' Initial Disclosures** (roughly 70,000 documents according to Google)<br><br>*The States understand that this category includes current <u>and former</u> Google employees from pp. A-10 to A-11 of the States' Initial Disclosures, and that Google will confirm this understanding. If it does not include former Google employees, then those employees should be the next prioritized category. | Order: "first 35,000 entries no later than **March 1, 2024** and the remaining 35,000 entries no later than **March 8, 2024**." ECF No. 265 at 3. |
| **2. <u>States' other identified custodians / non-custodian individuals</u>:**[2]<br>Kim Burchett; Martin Pal; Aparna Pappu; Atil Iscen; Bonita Stewart; Giulio Minguzzi; Glenn Berntson; Larry Page; Rita Chen; Sam Temes; Suzanne Blackburn; Tim Lipus; Alex Shellhammer; Bahman Rabii; Jasper Seldin; and Jerome Grateau. | **March 15, 2024** |
| **3. Remaining individuals from Google's Initial Disclosures** | **March 22, 2024** |
| **4. Remaining individuals from MDL Plaintiffs' Initial Disclosures** | **March 29, 2024** |
| **5. Remaining log entries** | Order: "completed no later than **April 3, 2024**." (ECF No. 265 at 3) |

On the other hand, Google does not counter-propose a process for or prioritization of "the remaining privilege log review and productions," as required—but, rather, proposes to entirely remove log entries from the ordered re-review, significantly modifying the Special Master's Order.

---

[2] Some of the individuals listed are not custodians. For these individuals, the States propose that Google prioritize any entries where these individuals are listed in the entry, as an author or recipient.

2

That is neither warranted nor procedurally proper. Contrary to Google's argument below, Google has had months since the States' requests in November and December 2023 to conduct this re-review and even agreed then to conduct it. The current five-week timeline is a result of Google's own doing and delay, ahead of the fact discovery deadline.[3]

**<u>Google's Proposal</u>**

Plaintiffs' demand for a substantive re-review of nuanced privilege calls and associated log entries pertaining to over 200,000 documents in five weeks is unworkable and defeats the very purpose of conducting the voluntary review that Plaintiffs requested. Google's voluntary re-review was intended to be a quality control process conducted by experienced reviewers. Because the privilege calls at issue are nuanced and difficult, the re-review cannot effectively be scaled up by deploying additional contract attorneys without defeating the purpose of the review. After receiving Google's initial privilege logs in July 2023, Plaintiffs waited four months before making a joint request with MDL Plaintiffs that Google re-review certain categories of privilege log entries. Google made clear that it disagreed with all of Plaintiffs' assertions of deficiency but—to avoid the need for Court intervention—agreed in good faith to conduct a voluntary re-review.

As previously briefed, it took Google several weeks to establish a unique list of challenged entries because Plaintiffs insisted on double-counting them across appendices. Since Google first agreed to conduct a re-review, Plaintiffs have (1) added another roughly 90,000 entries to their demands, (2) pressed for a curtailment of the fact discovery period, (3) pressed for even more new

---

[3] Google also continues to complain about the time it took to de-duplicate identified deficient log entries after the States' November and December 2023 requests. The States have always been perplexed by this seemingly minor issue, as they identified deficient log entries in Excel files that are made to facilitate quick, almost immediate, de-duplication. In any event, that was several months ago, and Google has not provided any reasons to excuse it from revising its privilege logs to establish that it has (or has not) properly withheld relevant documents.

custodians and search terms, (4) refused to limit the scope of the re-review solely to documents that are relevant to this case (instead, insisting on the re-review of documents relating to *Search* that Plaintiffs contend are irrelevant),[4] and (5) refused for a full month to prioritize their requests in any way until they were ordered to do so by the Special Master.

Against that backdrop, Google proposes the following plan to meet the April 3, 2024 deadline imposed by the Special Master:[5]

1. Google agrees to prioritize the review of the 16 custodians that Plaintiffs identified—yesterday—as priorities, even though five of Plaintiffs' "priorities" are not ad tech custodians and Plaintiffs have not explained their relevance.[6] Google will produce revised logs and any de-designated documents for those 16 custodians by March 15, 2024.

2. Google should not be required to conduct further re-review of the following categories of log entries: (a) *Search* documents that Plaintiffs contend are not relevant to their case,[7] (b) custodians that neither side has identified on their Initial Disclosures, and (c) custodians on Google's Initial Disclosures who are not also on the States' Initial Disclosures and MDL Plaintiffs' Initial Disclosures.

---

[4] *See* MDL ECF No. 544 (representing to Judge Castel that Google should not be permitted to claim credit for production of documents related to Google Search); ECF No. 176 at 5 n.1 (only display advertising is relevant).

[5] These proposals are in addition to the March 1 and 8 deadlines set forth in the Special Master's Order. Google is on track to meet those deadlines.

[6] Because it is not possible to identify the documents for non-custodians using the "ALL CUSTODIANS" field, Google will identify these documents by the "FROM/AUTHOR" or "Google Docs Author" (depending on database), "Email From," "Email To," "Email CC," and "Email BCC" fields.

[7] Google proposes to exclude entries where the "All Custodians" field does not include at least one of the custodians negotiated or ordered in one of the three ad tech cases.

4

3.      Google will produce remaining revised logs and de-designated documents by April 3, 2024.  For the avoidance of doubt, this will include documents from custodians identified by the MDL Plaintiffs on their Initial Disclosures.

4.      Google otherwise stands on its existing logs.

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | 1101 Connecticut, N.W., 11th Floor |
| | Washington, DC 20005 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

/s/ R. Paul Yetter
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

**CERTIFICATE OF SERVICE**

I certify that, on March 1, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Geraldine Young*
Geraldine Young
