UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| GOOGLE LLC | § | |

### ORDER

Before the Court are three sealing motions: Plaintiff States' unopposed motion to file Exhibits A and D to their Opening Brief to the Special Master for the March 7, 2024 Hearing under seal, (Dkt. #268); Google's unopposed motion to file its Opening Brief to the Special Master for the March 7, 2024 Hearing and Exhibits 1, 2, and 3 thereto under seal, (Dkt. #270); and Google's unopposed motion to file its Response Brief to Plaintiffs' Opening Brief to the Special Master for the March 7, 2024 Hearing and Exhibits A, B, C, and G thereto under seal, (Dkt. #279). After full consideration, the motions are **DENIED without prejudice.**

All three motions suffer from a common deficiency: they are imprecise and rely heavily or exclusively on confidentiality designations pursuant to the Confidentiality Order, (Dkt. #182). The parties' motions demonstrate a misunderstanding of the relationship between documents marked as "Confidential" or "Highly Confidential" within the context of discovery and documents that are to be filed as part of the judicial record. The Fifth Circuit has made clear that "courts are duty-bound to protect public access to judicial proceedings and records," a duty that is all too "easy to overlook" in the context of stipulated sealings, and that it is inappropriate to

1

"presume[e] that whatever satisfies the lenient protective-order standard will necessarily satisfy the stringent sealing-order standard." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–18 (5th Cir. 2021). That's because a strict balancing test applies to a sealing request once a document becomes a judicial record. *Id.* at 419. The Court must "undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* (cleaned up). Courts are instructed to be "ungenerous with their discretion to seal judicial records." *Id.* at 418.

The parties should have provided specific information regarding the briefs and exhibits they wish to file under seal that would allow the Court to undertake this analysis. But they did not. Instead, each motion broadly suggests that documents should be sealed because they were designated "Confidential" or "Highly Confidential" and provides vague assertions that the documents contain "employee names" or "non-public information." This is insufficient. A confidentiality designation, without more, does not justify the sealing of a court filing. Likewise, sweeping generalizations about content in documents to be sealed, for example that such materials are "non-public," lacks the precision necessary for the Court to perform its analysis. In short, without more, the Court cannot grant the parties' motions to file under seal.

It is therefore **ORDERED** that the motions to seal, (Dkt. #268, #270, #279), are **DENIED without prejudice.**

It is further **ORDERED** that the motions to seal, (Dkt. #268, #270, #279), shall remain under seal until **March 18, 2024**. In the interim, Plaintiff States and Google may submit renewed motions to seal consistent with controlling Fifth Circuit precedent as explained in this order.

**So ORDERED and SIGNED this 4th day of March, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE