**APPENDIX F**

**Appendix F: The DTPA State Law Claims Are Not Subject To Tolling**

| State | Doctrine | Details |
|---|---|---|
| **Alaska** | **Failure to plead tolling** | Alaska has failed to plead facts supporting application of any tolling doctrine. |
| | **Continuing violations does not apply** | *Smith v. State*, 282 P.3d 300, 304 (Alaska 2012) (where "a plaintiff's allegations of harm focus on the initial actions taken by defendants, not on a continuing course of conduct, we will not find a continuing violation") (internal quotations omitted). |
| | **Fraudulent concealment does not apply** | Plaintiffs do not claim that fraudulent concealment applies. *See* ECF No. 260-1 at 1. |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 1. |
| **Arkansas** | **Failure to plead tolling** | Arkansas has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | Plaintiffs do not claim that the discovery rule applies. *See* ECF No. 260-1 at 1; *see also Highland Indus. Park, Inc. v. BEI Def. Sys. Co.*, 357 F.3d 794, 796 (8th Cir. 2004), *as revised* (Mar. 12, 2004) ("In *Arkansas v. Diamond Lakes Oil Co.,* 347 Ark. 618, 623, 66 S.W.3d 613, 616 (2002), the Arkansas Supreme Court first asserted that '[t]he limitation period found in § 16–56–105 begins to run when there is a complete and present cause of action, and, in the absence of concealment of the wrong, when the injury occurs, not when it is discovered.'"). |
| | **Continuing violations rejected** | Plaintiffs do not claim that the continuing violations doctrine applies. *See* ECF No. 260-1 at 1; *see also Graham v. Catamaran Health Solutions LLC*, 940 F.3d 401, 409 (8th Cir. 2017) ("Arkansas has repeatedly and consistently rejected any continuing-tort theory outside the context of continuing medical treatment |

**Appendix F: The DTPA State Law Claims Are Not Subject To Tolling**

| State | Doctrine | Details |
|---|---|---|
| **Alaska** | **Failure to plead tolling** | Alaska has failed to plead facts supporting application of any tolling doctrine. |
| | **Continuing violations does not apply** | *Smith v. State*, 282 P.3d 300, 304 (Alaska 2012) (where "a plaintiff's allegations of harm focus on the initial actions taken by defendants, not on a continuing course of conduct, we will not find a continuing violation") (internal quotations omitted). |
| | **Fraudulent concealment does not apply** | Plaintiffs do not claim that fraudulent concealment applies. *See* ECF No. 260-1 at 1. |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 1. |
| **Arkansas** | **Failure to plead tolling** | Arkansas has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | Plaintiffs do not claim that the discovery rule applies. *See* ECF No. 260-1 at 1; *see also Highland Indus. Park, Inc. v. BEI Def. Sys. Co.*, 357 F.3d 794, 796 (8th Cir. 2004), *as revised* (Mar. 12, 2004) ("In *Arkansas v. Diamond Lakes Oil Co.,* 347 Ark. 618, 623, 66 S.W.3d 613, 616 (2002), the Arkansas Supreme Court first asserted that '[t]he limitation period found in § 16–56–105 begins to run when there is a complete and present cause of action, and, in the absence of concealment of the wrong, when the injury occurs, not when it is discovered.'"). |
| | **Continuing violations rejected** | Plaintiffs do not claim that the continuing violations doctrine applies. *See* ECF No. 260-1 at 1; *see also Graham v. Catamaran Health Solutions LLC*, 940 F.3d 401, 409 (8th Cir. 2017) ("Arkansas has repeatedly and consistently rejected any continuing-tort theory outside the context of continuing medical treatment |

| State | Doctrine | Details |
|---|---|---|
| | | surrounding medical malpractice claims.") (citing *Chalmers v. Toyota Motor Sales, USA, Inc.*, 935 S.W. 3d 258, 264 (Ark. 1996)). |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 1; *see also Skender v. Union Pac. R.R. Co.*, 2018 Ark. App. 234 at 4, 547 S.W.3d 751, 753 (declining to apply equitable tolling where Plaintiff did not act diligently to pursue his claim); *Stracener v. Williams*, 84 Ark. App. 208, 213 (2003) ("even in the case of fraudulent concealment, a litigant in Arkansas must show that he was reasonably diligent to take advantage of the doctrine of equitable tolling"). |
| **Florida** | **Failure to plead tolling** | Florida has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equipment, Co.*, 793 So.2d 1127, 1127 & n.1 (Fla. Dist. Ct. App. 2001) (affirming lower court's dismissal of complaint as time-barred because, as a matter of first impression, the lower court correctly held that the delayed discovery doctrine did not apply to action based on unfair and deceptive trade practices); *Sundance Apartments I, Inc. v. Gen. Elec. Cap. Corp.*, 581 F. Supp. 2d 1215, 1223 (S.D. Fla. 2008) (Plaintiffs' cited authority determined that FDUTPA claim accrued when the final element of the claim occurred, which coincidentally was when the alleged violation was discovered). |
| | **Continuing violations does not apply** | Plaintiffs do not claim that the continuing violations doctrine applies. *See* ECF No. 260-1 at 1; *see also Ross v. Jim Adams Ford, Inc.*, 871 So.2d 312, 315 (Fla. Dist. Ct. App. 2004) ("Section 95.031, Florida Statutes (1993), provides that a statute of limitations runs from the time the cause of action accrues unless otherwise provided by statute … there is no statutory or case law authority for tolling the statute of limitations for these claims."); *Sundance Apartments I, Inc. v. Gen. Elec. Cap. Corp.*, 581 F. Supp. 2d 1215, 1223 (S.D. Fla. 2008) (confirm four-year statute of limitations is applicable for a FDUTPA violation). |

| State | Doctrine | Details |
|---|---|---|
| | **Fraudulent concealment does not apply** | *Morsani v. Major League Baseball*, 739 So.2d 610, 615 (Fla. App. Ct. 1999) (recognizing the doctrine of fraudulent concealment as a "species of equitable estoppel"); *Major League Baseball v. Morsani*, 790 So.2d 1071, 1077 (Fla. 2001) (noting that equitable estoppel "does not toll anything" but rather, "bars a party from asserting something (e.g., a fact, a rule of law, or a defense)") (internal quotations omitted); *W. Brook Isles Partner's 1, LLC v. Com. Land Title Ins. Co.*, 163 So.3d 635, 639 (Fla. Dist. Ct. App. 2015) ("Generally, two elements are required before the equitable principle of fraudulent concealment will be utilized to toll the statute of limitations, to-wit: plaintiff must show both successful concealment of the cause of action and fraudulent means to [achieve] that concealment.") (internal quotations omitted). |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 1. |
| **Idaho** | **Failure to plead tolling** | Idaho has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | *Gregory v. Stallings*, 468 P.3d 253, 260 (Idaho 2020) (underscoring Supreme Court of Idaho has "taken a strict approach to determining whether a discovery rule applies to statutes of limitations expressed in statutes" and acknowledging that the discovery rule "usually applies to injuries that are inherently difficult to detect, ***such as those resulting from medical malpractice***") (emphasis added and internal quotations omitted); *id.* (where the plain language of the statute does not provide for tolling by discovery of an injury, then the court will not insert a "different limitation" period); Idaho Code Ann. § 5-224 (silent on whether discovery rule applies); *see also Performance Chevrolet, Inc. v. Mkt. Scan Info. Sys., Inc.*, 402 F. Supp. 2d 1166, 1172 (D. Idaho 2005) (Plaintiffs' cited authority declined to apply discovery rule because Plaintiff failed to exercise "reasonable diligence"). |

| State | Doctrine | Details |
|---|---|---|
| | **Continuing violations does not apply** | Plaintiffs' cited authority, *Performance Chevrolet, Inc. v. Market Scan Info. Sys., Inc.*, 402 F. Supp. 2d 1166, 1171-72 (D. Idaho 2005), does not apply continuing violations doctrine under the Idaho Fraud and Deceptive Business Practices Act. *See also Curtis v. Firth*, 850 P.2d 749, 755 (1992) ("We note, however, that embracing [continuing torts doctrine] in the area of intentional or negligent infliction of emotional distress does not throw open the doors to permit filing these actions at any time"). |
| | **Fraudulent concealment does not apply** | Plaintiffs do not claim that fraudulent concealment applies. *See* ECF No. 260-1 at 1. |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 1; *see also Bahr v. State*, 533 P.3d 282, 287-88 (2023) (recognizing equitable tolling only within the context of post-conviction relief but not otherwise). |
| **Indiana** | **Failure to plead tolling** | Indiana has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | Plaintiffs do not claim that the discovery rule applies. *See* ECF No. 260-1 at 1-2; *see also State v. Classic Pool & Patio, Inc.*, 777 N.E.2d 1162, 1164 (Ind. Ct. App. 2002) ("The DCSA has an occurrence-based statute of limitations, ***which means that the statutory period commences to run at the occurrence of the deceptive act***.") (emphasis added and citing Ind. Code § 24-5-0.5-5(b) and *A.J.'s Automotive Sales, Inc. v. Freet*, 725 N.E.2d 955, 965 (Ind. Ct. App. 2000)). |
| | **Continuing violations apply only to define when conduct took place** | *Johnson v. Sullivan,* 952 N.E.2d 787, 791 (Ind. Ct. App. 2011) ("The doctrine of continuing wrong is not an equitable doctrine; rather, it defines when an act, omission, or neglect took place.") (citing Boggs v. Tri–State Radiology, Inc., 730 N.E.2d 692, 699 (Ind. 2000)). |

| State | Doctrine | Details |
|---|---|---|
| | **Fraudulent concealment does not apply** | *Ludwig v. Ford Motor Co.*, 510 N.E.2d 691, 697 (Ind. Ct. App. 1987) (recognizing that for fraudulent concealment to apply, "concealment must be active and intentional" and noting that a general lack of knowledge is not enough to establish concealment and toll the limitations period). |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 1-2. |
| **Kentucky** | **Failure to plead tolling** | Kentucky has failed to plead facts supporting application of any tolling doctrine. |
| | **Continuing violations not applied** | *Corder v. Ethicon, Inc.*, 473 F. Supp. 3d 749, 769-70 (E.D. Ky. 2020) (noting "[t]he Kentucky Supreme Court has yet to affirmatively interpret the KCPA limitations provision" and declining to apply the "hypothetical approach" of "delayed accrual", which in any case "would extend only until facts—detected or undetected—exist that would permit demonstrating that a representation was factually false or misleading"); *McGinnis v. Univ. of Kentucky*, No. 2022-CA-1494-MR, 2023 WL 6322212, at *4 (Ky. Ct. App. Sept. 29, 2023) (noting the Kentucky Supreme Court "declined to adopt the theory" of continuing violations) |
| | **Discovery rule does not apply** | Plaintiffs do not claim that the discovery rule applies. *See* ECF No. 260-1 at 2; *see also Mitchell v. General Motors LLC*, No. 3:13-CV-498-CRS, 2014 WL 1319519, at *4 (W.D. Ky. Mar. 31, 2014) ("[T]he discovery rule does not apply to the KCPA because it is a legislatively enacted cause of action.") (collecting cases); *Corder v. Ethicon, Inc.*, 473 F. Supp. 3d 749, 769 (E.D. Ky. 2020) (quoting *Cook v. State Farm Mut. Auto. Ins. Co.*, No. 2002-CA-000801-MR, 2004 WL 2011375, at *4 (Ky. Ct. App. Sept. 10, 2004) (rejecting application of discovery rule). |
| | **Fraudulent concealment does not apply** | Plaintiffs do not claim that fraudulent concealment applies. *See* ECF No. 260-1 at 2; *see also Mitchell v. General Motors LLC*, No. 3:13-CV-498-CRS, 2014 WL |

| State | Doctrine | Details |
|---|---|---|
| | | 13119519, at *4 (W.D. Ky. Mar. 31, 2014) ("[T]he fraudulent concealment doctrine does not apply to causes of action arising under the KCPA") (internal quotations omitted); *Hathaway v. Cont'l Assurance Co.*, 2006 WL 83436, *3 (W.D. Ky. Jan. 10, 2006) ("The KCPA is a purely statutory creation, and there is no reason to believe that the Kentucky legislature intended the fraudulent concealment doctrine to apply to it."). |
| | **Equitable tolling is not applicable** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 2; *see also MGG Inv. Grp. LP v. Bemak N.V., Ltd.*, 671 S.W.3d 76, 88 (Ky. 2023) (equitable tolling under state statutes only applicable when a party either fails to exercise diligence or "some extraordinary circumstance…beyond [the party's control" prevents timely filing) (internal quotations omitted). |
| **Missouri** | **Failure to plead tolling** | Missouri has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | *Huffman v. Credit Union of Tex.*, 758 F.3d 963, 967-68 (8th Cir. 2014) (recognizing that a "claim accrues when the plaintiff is on inquiry notice of the wrong and damages," which occurs "when the fact of damage can be discovered or made known, ***not when the plaintiff actually discovers injury or wrongful conduct. All possible damages do not have to be known, or even knowable, before the statute accrues***") (emphasis added and internal quotations omitted). |
| | **Continuing violations does not apply** | Plaintiffs do not claim that the continuing violations doctrine applies. *See* ECF No. 260-1 at 2. |
| | **Fraudulent concealment does not apply** | Plaintiffs do not claim that fraudulent concealment applies. *See* ECF No. 260-1 at 2 (failing to raise fraudulent concealment in response); *see also Keehn v. Ruzicka Elec. & Sons, Inc.*, 251 S.W.3d 388, 390 (Mo. Ct. App. 2008) (parties "must plead affirmative avoidances, such as fraudulent concealment, either in a complaint, amended complaint, or responsive pleading…failure to assert avoidances in the pleadings results in waiver) (citing Missouri Supreme Court Rule 55.08). |

| State | Doctrine | Details |
|---|---|---|
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 2. |
| **Montana** | **Failure to plead tolling** | Montana has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | *Christian v. Atlantic Richfield Co.*, 358 P.3d 131, 380 Mont. 495 (2015) (information sufficient to "lead a prudent [person] to inquiry or action" is enough to trigger the running of the limitations period."). |
| | **Continuing violations does not apply** | Plaintiffs do not claim that the continuing violations doctrine applies. *See* ECF No. 260-1 at 2-3. |
| | **Fraudulent concealment does not apply** | *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415-16 (9th Cir. 1987) ("To invoke the doctrine [of fraudulent concealment], a [plaintiff] must ***plead with particularity the facts giving rise to the fraudulent concealment claim*** and must establish that [it] used due diligence in trying to uncover the facts … silence or passive conduct does not constitute fraudulent concealment, [nor does] mere ignorance of a cause of action…toll the statute.") (emphasis added). |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 2-3. |
| **Nevada** | **Failure to plead tolling** | Nevada has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990) (in Nevada, discovery rule is the exception to the general injury rule, and a party asserting the discovery rule must plead facts justifying the delayed accrual of his action, including "the time and manner of discovery…and the circumstances excusing delayed discovery.") (citing *Prescott v. United States*, 523 F. Supp. 918, 940-41 (D. Nev. 1981); *Thomas & Kathleen Garland Fam. Tr. v. Melton*, No. 77182-COA, 2020 WL |

| State | Doctrine | Details |
|---|---|---|
| | | 1531769, *3-4 (Nev. App. 2020) (rejecting application of the discovery rule when the plaintiff could have discovered the information through due diligence). |
| | **Continuing violations does not apply** | Plaintiffs do not claim that the continuing violations doctrine applies. *See* ECF No. 260-1 at 3; *see also State v. Wyeth*, 373 P.3d 964, 2011 WL 3240845, at *1 n.1 (Nev. July 27, 2011) (despite State arguing that the court should determine whether the continuing violations rule applies to DTPA claims, the record was insufficient to discuss the adoption of a continuing violations rule). |
| | **Fraudulent concealment does not apply** | Plaintiffs do not claim that fraudulent concealment applies. *See* ECF No. 260-1 at 3; *see also Golden Nugget, Inc. v. Ham*, 646 P.2d 1221, 1224 (Nev. 1982) ("[F]raudulent concealment ***must be alleged with particularity***. The plaintiff must show the means by which previously unknown information was acquired within the statutory period which led to discovery of the concealment and underlying breach of fiduciary duty") (emphasis added). |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 3 (failing to raise equitable tolling in response); *see also Salloum v. Boyd Gaming Corp.*, 495 P.3d 513, 514-15 (Nev. 2021) ("Furthermore, we conclude that appellant failed to establish the requirements for equitable tolling, particularly that his noncompliance with the statute of limitations resulted from external factors beyond his control."). |
| **North Dakota** | **Tolling** | North Dakota has failed to plead facts supporting application of any tolling doctrine. |
| | **Continuing violations, fraudulent concealment, and equitable tolling do not apply** | Plaintiffs do not claim that the continuing violations doctrine, fraudulent concealment, and equitable tolling apply. *See* ECF No. 260-1 at 3. |

| State | Doctrine | Details |
|---|---|---|
| **Puerto Rico** | **Tolling** | Puerto Rico has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | *Sanchez et al. v. A.E.E.*, 142 D.P.R. 880 (P.R. 1997) (Plaintiffs' cited authority is inapposite because the court specifically assessed the application of the discovery rule in hostile work environment and constructive dismissal cases). |
| | **Continuing violations, fraudulent concealment, and equitable tolling do not apply** | Plaintiffs do not claim that the continuing violations doctrine, fraudulent concealment, and equitable tolling apply. *See* ECF No. 260-1 at 3. |
| **South Carolina** | **Tolling** | South Carolina has failed to plead facts supporting application of any tolling doctrine. |
| | **Continuing violations and fraudulent concealment do not apply** | Plaintiffs do not claim that the continuing violations doctrine and fraudulent concealment apply. *See* ECF No. 260-1 at 3-4. |
| **South Dakota** | **Tolling** | South Dakota has failed to plead facts supporting application of any tolling doctrine. |
| | **Continuing violations, fraudulent concealment, and equitable tolling do not apply** | Plaintiffs do not claim that the continuing violations doctrine, fraudulent concealment, and equitable tolling apply. *See* ECF No. 260-1 at 4. |

| State | Doctrine | Details |
|---|---|---|
| **Utah** | **Tolling** | Utah has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | Plaintiffs' cited authorities do not support application of the discovery rule. *See* ECF No. 260-1 at 4 (citing Utah Code Ann. § 78B-2-305(2) (referring specifically to theft of livestock); *Fed. Trade Comm'n v. Nudge, LLC*, No. 2:19-CV-867-DBB-DAO, 2022 WL 2132695, at *48 (D. Utah June 14, 2022) (declining to apply discovery rule or toll statute of limitations); *Miller v. Corinthian Colleges, Inc.*, 769 F. Supp. 2d 1336, 1341 (D. Utah 2011) (on plaintiffs' claim of deceptive acts, the court recognized that it could be "argued that any statute of limitations should be tolled because Defendant's deceptive acts prevented them from learning the truth…This form of equitable tolling may be applicable to Plaintiffs' claims, though the Court need not decide this issue."). |
| | **Continuing violations does not apply** | Plaintiffs' cited authority does not support application of the continuing violations doctrine. *See* ECF No. 260-1 at 4 (citing *Pinder v. Duchesne Cnty. Sheriff*, 2020 UT 68, ¶ 74, 478 P.3d 610, 626 (in an inverse condemnation action, court "reject[ed] [the continuing tort doctrine] argument … The continuing tort doctrine is an exception to the general rule"); *Miller*, 769 F. Supp. 2d at 1341 ("It could be argued that Defendant's deceptive acts continued each time Plaintiffs were required to obtain additional financing…the Court need not decide this issue."). |
| | **Fraudulent concealment does not apply** | Plaintiffs' cited authority does not support application of the continuing violations doctrine. *See* ECF No. 260-1 at 4 (citing *Miller*, 769 F. Supp. 2d at 1341 (refusing to decide issue of whether fraudulent concealment applied to plaintiffs' claims)). |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 4. |

| State | Doctrine | Details |
|---|---|---|
| | | surrounding medical malpractice claims.") (citing *Chalmers v. Toyota Motor Sales, USA, Inc.*, 935 S.W. 3d 258, 264 (Ark. 1996)). |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 1; *see also Skender v. Union Pac. R.R. Co.*, 2018 Ark. App. 234 at 4, 547 S.W.3d 751, 753 (declining to apply equitable tolling where Plaintiff did not act diligently to pursue his claim); *Stracener v. William*s, 84 Ark. App. 208, 213 (2003) ("even in the case of fraudulent concealment, a litigant in Arkansas must show that he was reasonably diligent to take advantage of the doctrine of equitable tolling"). |
| **Florida** | **Failure to plead tolling** | Florida has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equipment, Co.*, 793 So.2d 1127, 1127 & n.1 (Fla. Dist. Ct. App. 2001) (affirming lower court's dismissal of complaint as time-barred because, as a matter of first impression, the lower court correctly held that the delayed discovery doctrine did not apply to action based on unfair and deceptive trade practices); *Sundance Apartments I, Inc. v. Gen. Elec. Cap. Corp.*, 581 F. Supp. 2d 1215, 1223 (S.D. Fla. 2008) (Plaintiffs' cited authority determined that FDUTPA claim accrued when the final element of the claim occurred, which coincidentally was when the alleged violation was discovered). |
| | **Continuing violations does not apply** | Plaintiffs do not claim that the continuing violations doctrine applies. *See* ECF No. 260-1 at 1; *see also Ross v. Jim Adams Ford, Inc.*, 871 So.2d 312, 315 (Fla. Dist. Ct. App. 2004) ("Section 95.031, Florida Statutes (1993), provides that a statute of limitations runs from the time the cause of action accrues unless otherwise provided by statute … there is no statutory or case law authority for tolling the statute of limitations for these claims."); *Sundance Apartments I, Inc. v. Gen. Elec. Cap. Corp.*, 581 F. Supp. 2d 1215, 1223 (S.D. Fla. 2008) (confirm four-year statute of limitations is applicable for a FDUTPA violation). |

| State | Doctrine | Details |
|---|---|---|
| | **Fraudulent concealment does not apply** | *Morsani v. Major League Baseball*, 739 So.2d 610, 615 (Fla. App. Ct. 1999) (recognizing the doctrine of fraudulent concealment as a "species of equitable estoppel"); *Major League Baseball v. Morsani*, 790 So.2d 1071, 1077 (Fla. 2001) (noting that equitable estoppel "does not toll anything" but rather, "bars a party from asserting something (e.g., a fact, a rule of law, or a defense)") (internal quotations omitted); *W. Brook Isles Partner's 1, LLC v. Com. Land Title Ins. Co.*, 163 So.3d 635, 639 (Fla. Dist. Ct. App. 2015) ("Generally, two elements are required before the equitable principle of fraudulent concealment will be utilized to toll the statute of limitations, to-wit: plaintiff must show both successful concealment of the cause of action and fraudulent means to [achieve] that concealment.") (internal quotations omitted). |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 1. |
| **Idaho** | **Failure to plead tolling** | Idaho has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | *Gregory v. Stallings*, 468 P.3d 253, 260 (Idaho 2020) (underscoring Supreme Court of Idaho has "taken a strict approach to determining whether a discovery rule applies to statutes of limitations expressed in statutes" and acknowledging that the discovery rule "usually applies to injuries that are inherently difficult to detect, ***such as those resulting from medical malpractice***") (emphasis added and internal quotations omitted); *id.* (where the plain language of the statute does not provide for tolling by discovery of an injury, then the court will not insert a "different limitation" period); Idaho Code Ann. § 5-224 (silent on whether discovery rule applies); *see also Performance Chevrolet, Inc. v. Mkt. Scan Info. Sys., Inc.*, 402 F. Supp. 2d 1166, 1172 (D. Idaho 2005) (Plaintiffs' cited authority declined to apply discovery rule because Plaintiff failed to exercise "reasonable diligence"). |

| State | Doctrine | Details |
|---|---|---|
| | **Continuing violations does not apply** | Plaintiffs' cited authority, *Performance Chevrolet, Inc. v. Market Scan Info. Sys., Inc.*, 402 F. Supp. 2d 1166, 1171-72 (D. Idaho 2005), does not apply continuing violations doctrine under the Idaho Fraud and Deceptive Business Practices Act. *See also Curtis v. Firth*, 850 P.2d 749, 755 (1992) ("We note, however, that embracing [continuing torts doctrine] in the area of intentional or negligent infliction of emotional distress does not throw open the doors to permit filing these actions at any time"). |
| | **Fraudulent concealment does not apply** | Plaintiffs do not claim that fraudulent concealment applies. *See* ECF No. 260-1 at 1. |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 1; *see also Bahr v. State*, 533 P.3d 282, 287-88 (2023) (recognizing equitable tolling only within the context of post-conviction relief but not otherwise). |
| **Indiana** | **Failure to plead tolling** | Indiana has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | Plaintiffs do not claim that the discovery rule applies. *See* ECF No. 260-1 at 1-2; *see also State v. Classic Pool & Patio, Inc.*, 777 N.E.2d 1162, 1164 (Ind. Ct. App. 2002) ("The DCSA has an occurrence-based statute of limitations, ***which means that the statutory period commences to run at the occurrence of the deceptive act***.") (emphasis added and citing Ind. Code § 24-5-0.5-5(b) and *A.J.'s Automotive Sales, Inc. v. Freet*, 725 N.E.2d 955, 965 (Ind. Ct. App. 2000)). |
| | **Continuing violations apply only to define when conduct took place** | *Johnson v. Sullivan,* 952 N.E.2d 787, 791 (Ind. Ct. App. 2011) ("The doctrine of continuing wrong is not an equitable doctrine; rather, it defines when an act, omission, or neglect took place.") (citing Boggs v. Tri–State Radiology, Inc., 730 N.E.2d 692, 699 (Ind. 2000)). |

| State | Doctrine | Details |
|---|---|---|
| | **Fraudulent concealment does not apply** | *Ludwig v. Ford Motor Co.*, 510 N.E.2d 691, 697 (Ind. Ct. App. 1987) (recognizing that for fraudulent concealment to apply, "concealment must be active and intentional" and noting that a general lack of knowledge is not enough to establish concealment and toll the limitations period). |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 1-2. |
| **Kentucky** | **Failure to plead tolling** | Kentucky has failed to plead facts supporting application of any tolling doctrine. |
| | **Continuing violations not applied** | *Corder v. Ethicon, Inc.*, 473 F. Supp. 3d 749, 769-70 (E.D. Ky. 2020) (noting "[t]he Kentucky Supreme Court has yet to affirmatively interpret the KCPA limitations provision" and declining to apply the "hypothetical approach" of "delayed accrual", which in any case "would extend only until facts—detected or undetected—exist that would permit demonstrating that a representation was factually false or misleading"); *McGinnis v. Univ. of Kentucky*, No. 2022-CA-1494-MR, 2023 WL 6322212, at *4 (Ky. Ct. App. Sept. 29, 2023) (noting the Kentucky Supreme Court "declined to adopt the theory" of continuing violations) |
| | **Discovery rule does not apply** | Plaintiffs do not claim that the discovery rule applies. *See* ECF No. 260-1 at 2; *see also Mitchell v. General Motors LLC*, No. 3:13-CV-498-CRS, 2014 WL 1319519, at *4 (W.D. Ky. Mar. 31, 2014) ("[T]he discovery rule does not apply to the KCPA because it is a legislatively enacted cause of action.") (collecting cases); *Corder v. Ethicon, Inc.*, 473 F. Supp. 3d 749, 769 (E.D. Ky. 2020) (quoting *Cook v. State Farm Mut. Auto. Ins. Co.*, No. 2002-CA-000801-MR, 2004 WL 2011375, at *4 (Ky. Ct. App. Sept. 10, 2004) (rejecting application of discovery rule). |
| | **Fraudulent concealment does not apply** | Plaintiffs do not claim that fraudulent concealment applies. *See* ECF No. 260-1 at 2; *see also Mitchell v. General Motors LLC*, No. 3:13-CV-498-CRS, 2014 WL |

5

| State | Doctrine | Details |
|---|---|---|
| | | 13119519, at *4 (W.D. Ky. Mar. 31, 2014) ("[T]he fraudulent concealment doctrine does not apply to causes of action arising under the KCPA") (internal quotations omitted); *Hathaway v. Cont'l Assurance Co.*, 2006 WL 83436, *3 (W.D. Ky. Jan. 10, 2006) ("The KCPA is a purely statutory creation, and there is no reason to believe that the Kentucky legislature intended the fraudulent concealment doctrine to apply to it."). |
| | **Equitable tolling is not applicable** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 2; *see also MGG Inv. Grp. LP v. Bemak N.V., Ltd.*, 671 S.W.3d 76, 88 (Ky. 2023) (equitable tolling under state statutes only applicable when a party either fails to exercise diligence or "some extraordinary circumstance…beyond [the party's control" prevents timely filing) (internal quotations omitted). |
| **Missouri** | **Failure to plead tolling** | Missouri has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | *Huffman v. Credit Union of Tex.*, 758 F.3d 963, 967-68 (8th Cir. 2014) (recognizing that a "claim accrues when the plaintiff is on inquiry notice of the wrong and damages," which occurs "when the fact of damage can be discovered or made known, ***not when the plaintiff actually discovers injury or wrongful conduct. All possible damages do not have to be known, or even knowable, before the statute accrues***") (emphasis added and internal quotations omitted). |
| | **Continuing violations does not apply** | Plaintiffs do not claim that the continuing violations doctrine applies. *See* ECF No. 260-1 at 2. |
| | **Fraudulent concealment does not apply** | Plaintiffs do not claim that fraudulent concealment applies. *See* ECF No. 260-1 at 2 (failing to raise fraudulent concealment in response); *see also Keehn v. Ruzicka Elec. & Sons, Inc.*, 251 S.W.3d 388, 390 (Mo. Ct. App. 2008) (parties "must plead affirmative avoidances, such as fraudulent concealment, either in a complaint, amended complaint, or responsive pleading…failure to assert avoidances in the pleadings results in waiver) (citing Missouri Supreme Court Rule 55.08). |

| State | Doctrine | Details |
|---|---|---|
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 2. |
| **Montana** | **Failure to plead tolling** | Montana has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | *Christian v. Atlantic Richfield Co.*, 358 P.3d 131, 380 Mont. 495 (2015) (information sufficient to "lead a prudent [person] to inquiry or action" is enough to trigger the running of the limitations period."). |
| | **Continuing violations does not apply** | Plaintiffs do not claim that the continuing violations doctrine applies. *See* ECF No. 260-1 at 2-3. |
| | **Fraudulent concealment does not apply** | *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415-16 (9th Cir. 1987) ("To invoke the doctrine [of fraudulent concealment], a [plaintiff] must ***plead with particularity the facts giving rise to the fraudulent concealment claim*** and must establish that [it] used due diligence in trying to uncover the facts … silence or passive conduct does not constitute fraudulent concealment, [nor does] mere ignorance of a cause of action…toll the statute.") (emphasis added). |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 2-3. |
| **Nevada** | **Failure to plead tolling** | Nevada has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990) (in Nevada, discovery rule is the exception to the general injury rule, and a party asserting the discovery rule must plead facts justifying the delayed accrual of his action, including "the time and manner of discovery…and the circumstances excusing delayed discovery.") (citing *Prescott v. United States*, 523 F. Supp. 918, 940-41 (D. Nev. 1981); *Thomas & Kathleen Garland Fam. Tr. v. Melton*, No. 77182-COA, 2020 WL |

| State | Doctrine | Details |
|---|---|---|
| | | 1531769, *3-4 (Nev. App. 2020) (rejecting application of the discovery rule when the plaintiff could have discovered the information through due diligence). |
| | **Continuing violations does not apply** | Plaintiffs do not claim that the continuing violations doctrine applies. *See* ECF No. 260-1 at 3; *see also State v. Wyeth*, 373 P.3d 964, 2011 WL 3240845, at *1 n.1 (Nev. July 27, 2011) (despite State arguing that the court should determine whether the continuing violations rule applies to DTPA claims, the record was insufficient to discuss the adoption of a continuing violations rule). |
| | **Fraudulent concealment does not apply** | Plaintiffs do not claim that fraudulent concealment applies. *See* ECF No. 260-1 at 3; *see also Golden Nugget, Inc. v. Ham*, 646 P.2d 1221, 1224 (Nev. 1982) ("[F]raudulent concealment ***must be alleged with particularity***. The plaintiff must show the means by which previously unknown information was acquired within the statutory period which led to discovery of the concealment and underlying breach of fiduciary duty") (emphasis added). |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 3 (failing to raise equitable tolling in response); *see also Salloum v. Boyd Gaming Corp.*, 495 P.3d 513, 514-15 (Nev. 2021) ("Furthermore, we conclude that appellant failed to establish the requirements for equitable tolling, particularly that his noncompliance with the statute of limitations resulted from external factors beyond his control."). |
| **North Dakota** | **Tolling** | North Dakota has failed to plead facts supporting application of any tolling doctrine. |
| | **Continuing violations, fraudulent concealment, and equitable tolling do not apply** | Plaintiffs do not claim that the continuing violations doctrine, fraudulent concealment, and equitable tolling apply. *See* ECF No. 260-1 at 3. |

| State | Doctrine | Details |
|-------|----------|---------|
| **Puerto Rico** | **Tolling** | Puerto Rico has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | *Sanchez et al. v. A.E.E.*, 142 D.P.R. 880 (P.R. 1997) (Plaintiffs' cited authority is inapposite because the court specifically assessed the application of the discovery rule in hostile work environment and constructive dismissal cases). |
| | **Continuing violations, fraudulent concealment, and equitable tolling do not apply** | Plaintiffs do not claim that the continuing violations doctrine, fraudulent concealment, and equitable tolling apply. *See* ECF No. 260-1 at 3. |
| **South Carolina** | **Tolling** | South Carolina has failed to plead facts supporting application of any tolling doctrine. |
| | **Continuing violations and fraudulent concealment do not apply** | Plaintiffs do not claim that the continuing violations doctrine and fraudulent concealment apply. *See* ECF No. 260-1 at 3-4. |
| **South Dakota** | **Tolling** | South Dakota has failed to plead facts supporting application of any tolling doctrine. |
| | **Continuing violations, fraudulent concealment, and equitable tolling do not apply** | Plaintiffs do not claim that the continuing violations doctrine, fraudulent concealment, and equitable tolling apply. *See* ECF No. 260-1 at 4. |

| State | Doctrine | Details |
|---|---|---|
| **Utah** | **Tolling** | Utah has failed to plead facts supporting application of any tolling doctrine. |
| | **Discovery rule does not apply** | Plaintiffs' cited authorities do not support application of the discovery rule. *See* ECF No. 260-1 at 4 (citing Utah Code Ann. § 78B-2-305(2) (referring specifically to theft of livestock); *Fed. Trade Comm'n v. Nudge, LLC*, No. 2:19-CV-867-DBB-DAO, 2022 WL 2132695, at *48 (D. Utah June 14, 2022) (declining to apply discovery rule or toll statute of limitations); *Miller v. Corinthian Colleges, Inc.*, 769 F. Supp. 2d 1336, 1341 (D. Utah 2011) (on plaintiffs' claim of deceptive acts, the court recognized that it could be "argued that any statute of limitations should be tolled because Defendant's deceptive acts prevented them from learning the truth…This form of equitable tolling may be applicable to Plaintiffs' claims, though the Court need not decide this issue."). |
| | **Continuing violations does not apply** | Plaintiffs' cited authority does not support application of the continuing violations doctrine. *See* ECF No. 260-1 at 4 (citing *Pinder v. Duchesne Cnty. Sheriff*, 2020 UT 68, ¶ 74, 478 P.3d 610, 626 (in an inverse condemnation action, court "reject[ed] [the continuing tort doctrine] argument … The continuing tort doctrine is an exception to the general rule"); *Miller*, 769 F. Supp. 2d at 1341 ("It could be argued that Defendant's deceptive acts continued each time Plaintiffs were required to obtain additional financing…the Court need not decide this issue."). |
| | **Fraudulent concealment does not apply** | Plaintiffs' cited authority does not support application of the continuing violations doctrine. *See* ECF No. 260-1 at 4 (citing *Miller*, 769 F. Supp. 2d at 1341 (refusing to decide issue of whether fraudulent concealment applied to plaintiffs' claims)). |
| | **Equitable tolling does not apply** | Plaintiffs do not claim that equitable tolling applies. *See* ECF No. 260-1 at 4. |