IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § § § | |
| v. | § § | CIVIL NO. 4:20-CV-957-SDJ |
| GOOGLE LLC | § § § | |

# ORDER OF SPECIAL MASTER FROM MARCH 7 DISCOVERY HEARING
# (DKT. #271, #272, #281)

By Order of the Court dated January 26, 2024 (Dkt. #213) the undersigned was appointed Special Master to address discovery issues and disputes between Plaintiff States ("States") and Defendant Google LLC ("Google").

As provided in the Court's Order Appointing Special Master, the Special Master is holding biweekly discovery hearings with the parties. (Dkt. #213 at 10); (*see also* Dkt. #227, 231). The parties are permitted to submit pending discovery disputes for resolution by the Special Master before the hearings. (Dkt. #227 at 1–2). On February 28, 2024, the parties submitted briefs regarding their discovery disputes, and on March 1, 2024 submitted responsive briefs. The Special Master conducted a hearing on March 7, 2024 (the "March 7 Hearing").

In the Order of Special Master From February 22 Discovery Hearing (Dkt. #265) (the "February 22 Hearing Order"), the Special Master carried three issues pending the parties' continued efforts to meet and confer regarding narrowing or resolution of the issues: (i) the production of trial transcripts from the bench trial held in *United States v. Google LLC*, No. 1:20-cv-3010-APM (D.D.C.) (the "*Search Lawsuit*"), (ii) document productions by Google relating to Deceptive Trade Practices

ORDER OF SPECIAL MASTER – Page 1

Act claims, and (iii) the States' February 14 supplemental responses to Google interrogatories. Although the parties' February 28 briefs confirm they have narrowed their disputes, some disputes remain as to those three issues.

Before the March 7 Hearing, the parties were ordered to continue to meet and confer regarding their disputes and submit a joint report regarding any narrowing of issues. On March 6, 2024, the parties submitted their joint report, which advised of the parties' continued efforts to narrow and resolve disputes. (Dkt. #284).

The Special Master's rulings regarding the parties' disputes are as follows.

1. **States' Motions (Dkt. #271)**

    a. **Google Chats**

The States seek the production of Google Chats (and other instant messages) in a searchable format, with metadata, as well as confirmation that Google has retained, searched, and produced all relevant instant message chats. (Dkt. #271 at 2–3). The States note the ESI Order's requirements that documents be produced in searchable format and with all extracted metadata, to the extent practicable. (*Id.*) (citing Dkt. #183 at 1, 8, 16 n.5, 16–21). The States note their concern about the retention of Google Chats in light of spoliation issues in *Epic Games, Inc. v. Google LLC*, No. 3:21-md-2981 (N.D. Cal.). (*Id.* at 2). In response, Google has provided a list of produced Chats, identified by Bates number, as well as identify its produced retention policies by Bates number. (Dkt. #280 at 4). Google declines to produce additional metadata, arguing that the ESI Order does not require manual population of the requested metadata and that it has complied with the ESI Order. (*Id.* at 5).

ORDER OF SPECIAL MASTER – Page 2

At the March 7 Hearing, Google represented that the 13,000 Chats produced to the States included much of the requested metadata—for example, "TO" and "FROM" fields showing the senders and recipients of Chats, as well as fields showing the dates when Chats were sent. (Mar. 7 Rough Hrg. Tr at 21:24 – 22:8) ("[The States] can determine the dates of those chats and they can also determine the participants within those chats . . . . [T]he participants are simply reflected in the to and from fields . . . ."). Google further advised that the only example provided by the States of a Chat lacking metadata was in fact a screenshot of a Chat that was cut-and-pasted into a Word document. (*Id.* at 26:22–25) ("[S]omeone who has participated in a chat, has cut and pasted the text from the chat, and then plated it into a—a document.").

In light of Google's specific identification of Chats, production of retention policies, and confirmation that it produced the metadata requested by the States, the Special Master finds that the States' request should be **DENIED AS MOOT**.

### b. *Search* Trial Transcripts

This issue was first raised in advance of the Special Master's February 22 Hearing. The States generally seek an order that Google search for and produce relevant trial transcripts and exhibits from the *Search* lawsuit. (Dkt. #235 at 13–14; #271 at 4–5). The States have proposed that Google produce transcripts and exhibits for *Search* trial witnesses if their testimony refers to search terms or other relevant terms from this lawsuit. (*Id.* at 4). Although the States have reserved the right to later seek third-party information contained in *Search* trial testimony, they have proposed that Google first search for relevant testimony from Google witnesses in the

*Search* trial. (*Id.* at 5). Google does not accept the States' proposal, and provides its own proposal that it review transcripts of non-public *Search* trial testimony to identify and produce relevant testimony, as well as exhibits, subject to the *Search* lawsuit's protective order. (Dkt. #280 at 8).

The parties' Joint Status Report advised that the States accepted Google's offer, narrowing the issue to a timeline by which Google's production would occur. (Dkt. #284 at 2). At the March 7 Hearing, the parties agreed upon Google's proposal that Google produce transcripts by March 26, 2024 and exhibits by April 3, 2024, subject to redactions of third-party confidential information protected in the *Search* lawsuit. (Mar. 7 Rough Hrg. Tr. at 30:24 – 31:6, 32:8–23). Based on the parties' agreement, the Special Master **ORDERS** that Google review any non-public trial transcripts of witnesses to ascertain whether their testimony is relevant to the claims and defenses in this action, produce transcripts of any relevant testimony by March 26, 2024, and produce exhibits referenced in such testimony by April 3, 2024, subject to redactions of third-party information as required by the protective order entered in the *Search* lawsuit.

### c. DTPA Production

After remand of this action to this Court, the States served requests for production related to their state law claims in this action, including Deceptive Trade Practices Act claims. (Dkt. #235 at 14). The State of Texas proposed custodians and search terms, and seeks Google's input regarding custodians and search terms. (Dkt. #271 at 5–6). Google responds that the States' identification of custodians and search

ORDER OF SPECIAL MASTER – Page 4

terms is overbroad—noting that the States' proposal would sweep in approximately 7.2 million documents—and suggests identifying no more than 5 custodians. (Dkt. #280 at 10). Google further represents that it will continue to confer with the States regarding search terms. (*Id*.).

The parties' Joint Status Report and comments at the March 7 Hearing noted that the States propose an identification of 10 previously-unidentified custodians, including 4 identified by the States and 6 identified by Google, while Google proposes an identification of no more than 5 previously-unidentified custodians in total. (Dkt. #284 at 2); (Mar. 7 Rough Hrg. Tr. at 34:24 – 36:1, 38:13–20). The States further stated at the hearing that, if Google identified the names of its proposed custodians, discussions may be streamlined. (*Id*. at 40:8–23). The parties are also continuing to discuss proposals on search strings. (*Id*. at 38:21–25).

In light of the parties' continuing efforts to reach a compromise, the Special Master will **CARRY** the dispute. The Special Master is optimistic that a resolution will be reached by the parties. The parties shall advise the Special Master of any resolution or remaining disputes in advance of the next Special Master hearing on March 21, 2024.

2. **Google's Motions (Dkt. #272)**

    a. **Interrogatory Responses Regarding Third Parties**

Google moves to compel complete responses to its Interrogatory Nos. 9 (information regarding third parties contacted during the pre-suit investigation) and 29–31 (information regarding persons with knowledge of the harms and injuries for

**ORDER OF SPECIAL MASTER – Page 5**

which the States seek relief). (Dkt. #272 at 2–3). The States' current responses refer to the identification of persons with knowledge in their Rule 26 Disclosures. (*Id.* at 2). In the alternative, Google requests that the Special Master conduct an in camera review of third-party interview memoranda withheld by the States under the work product doctrine to determine which information should be produced to Google. (*Id.* at 5).

The States respond that they already provided the requested information by incorporating their amended Rule 26 Disclosures by reference in their interrogatory answers, noting that their disclosures include 74 third party entities and individuals associated with those entities. (Dkt. #278 at 2). The States also produced a supplemental privilege log that the States say is also responsive to Interrogatory No. 9. And the States represent that they produced all documents received from third parties in response to Civil Investigative Demands ("CIDs") and all relevant correspondence with third parties. (*Id.* at 2–3). This information further identifies the persons with relevant knowledge and the relevant topics and subject matters. The States argue that Google has not met its burden to show a substantial need or undue hardship for privileged work product in the third-party memoranda, and further there is no non-opinion work product contained in the memoranda. (*Id.* at 5–7).

Having carefully considered the parties' submissions and arguments at the March 7 Hearing, the Special Master finds that Google's request should be **DENIED**. The States' Rule 26 Disclosures from October 2022 and recently Amended Disclosures are comprehensive, identifying 74 third parties and additional individuals associated

**ORDER OF SPECIAL MASTER – Page 6**

with third parties who are entities, along with the subject matter on which such individuals are knowledgeable, and often including their counsel and contact information. Further, the States produced all documents they received from those third parties and correspondence exchanged during their investigations, further providing relevant information to Google in compliance with Rule 33(d). The responses are sufficient for Google to continue to mount its defense, including an unrestricted ability to attempt to interview or depose the identified persons.

With respect to third party interview memoranda, Google has not made the requisite showing to obtain otherwise privileged work product—that is, a showing of "substantial need" or "undue hardship." The majority of the third parties disclosed were provided to Google in October 2022—yet there is nothing in the record to show Google has made efforts to interview or depose the identified persons to learn more about each person's knowledge or information. (*See* Mar. 7 Rough Hrg. Tr. at 53:14–25). In light of the existing record, the Special Master finds no basis to invade the work product privilege for such third party memoranda.

### b. Ad Tech States Discovery

Google seeks further responses to its Interrogatory Nos. 15–17 and Requests for Production Nos. 17–41, which seek discovery from the five States that use ad tech products. (Dkt. #272 at 7). Google argues that even if such States utilize advertising agencies, who would have all responsive information, the States have a right to acquire that information from their vendors and must produce it. (*Id.* at 7–8). The States respond that discovery from the Ad Tech States' advertising agencies has

either already been obtained or will be facilitated by the States. (Dkt. #281 at 8–9).

At the March 7 Hearing, the Ad Tech States at issue[1] offered to continue conferring with Google on the simplest means for Google to obtain the requested discovery. (Mar. 7 Rough Hrg. Tr. at 71:25 – 72:3) ("[W]e'll work with Kentucky, Indiana and Utah and get on a meet and confer and figure out what the path of least resistance is . . . and just how to get it taken care of."). The Special Master will therefore **CARRY** the issue until the March 21 Hearing.

### c. Other Interrogatory Responses

Google seeks fulsome responses to its Interrogatory Nos. 2 and 4 (what remedies are sought and for whom) as well as Nos. 5 and 26 (damages computation and relief). (Dkt. #272 at 8–10). The States respond that their answers are adequate. (Dkt. #281 at 9–10).

At the March 7 Hearing, the States advised that—with the exception of Puerto Rico—they would be amending or supplementing their answers to Interrogatory Nos. 2, 4, 5, and 26 to drop categories of monetary remedies, including damages, disgorgement, and restitution, leaving injunctive relief, civil penalties, attorneys' fees, and costs as the remaining categories of remedies sought. (Mar. 7 Rough Hrg. Tr. at 75:16 – 76:1, 76:6–10). Accordingly, the Special Master ordered such supplementation or amendment by March 15, 2024. (*Id.* at 78:25 – 79:12). Google stated that the States' supplementation or amendment "sounds like a solution." (*Id.* at 79:15–18). The

---

[1] The Special Master understands that the Ad Tech States at issue are Kentucky, Indiana, and Utah.

**ORDER OF SPECIAL MASTER – Page 8**

Special Master will **DENY AS MOOT** Google's request,[2] with the exception of Puerto Rico, and will **CARRY** the issue as to Puerto Rico pending their election of remedies.

3.     Joint Status Report Regarding Google's Privilege Logs (Dkt. #281)

The February 22 Hearing Order directed the parties to confer regarding prioritization and a schedule to complete the review and production process of approximately 245,000 of Google's privilege log entries, with such process to be completed by April 3, 2024. (Dkt. #265 at 3). The parties were ordered to submit a joint status report regarding such efforts, which status report was submitted on March 1. (Dkt. #281).

The States propose that Google continue to review and produce de-designated documents for categories of prioritized custodians by March 15, March 22, March 29, and April 3. (*Id.* at 2). Google proposes producing revised logs and de-designated documents for 16 prioritized custodians by March 15, and all remaining revised logs and de-designated documents by April 3. (*Id.* at 4–5).

In consideration of the parties' arguments, the Special Master **ORDERS** that the below schedule for privilege log re-review and production of de-designated documents be entered. The parties agree to the re-review of the 16 prioritized custodians. Further, the Special Master finds that re-review of custodians identified in Google's Rule 26 Disclosures is needed due to Google's evaluation that such individuals possess relevant knowledge. Additionally, though perhaps less relevant to this action as urged by Google or at least of a lower priority, a re-review of custodians

---

[2] This ruling is without prejudice to Google to re-urge its position after reviewing the amended or supplemental answers. (Mar. 7 Rough Hrg. Tr. at 80:19–24).

**ORDER OF SPECIAL MASTER – Page 9**

listed on MDL Plaintiffs' Initial Disclosures remains appropriate. However, as to the remaining categories of privilege logs—including *Search* lawsuit documents and custodians not identified by any of the parties in any of the three Ad Tech cases—the Special Master finds that at this time the States have not demonstrated a specific need for such re-review. Upon this record further review is not proportional to the needs of this case at this time.[3]

At the March 7 Hearing, Google noted that there were approximately 30,000 entries that should have been included in the first "high-priority" category ordered to be completed by March 1 and 8, but were inadvertently omitted. (Mar. 7 Rough Hrg. Tr. at 7:19 – 8:14). Although Google stated it could complete re-review and production of those 30,000 entries by March 15, Google requested an extension of the remaining deadlines to accommodate that additional tranche of 30,000 entries. (*Id.* at 84:13–17). The Special Master finds good cause for an extension of one week is appropriate and is incorporated in the below schedule.

| Prioritization Categories | Deadline |
|---|---|
| 1. Custodians identified in the States' Rule 26 Disclosures | First 35,000 entries no later than **March 1, 2024**, second 35,000 entries no later than **March 8, 2024**, and recently discovered 30,000 entries no later than **March 15, 2024** |
| 2. States' 16 identified individuals | March 22, 2024 |

---

[3] The Special Master notes that Google is producing non-public transcripts and trial exhibits from the actual *Search* trial which weighs against further re-review. Further, if, at a later time, the States attempt to demonstrate a need for further re-review of "low priority" log entries, the Special Master will consider whether additional re-review and production is appropriate.

**ORDER OF SPECIAL MASTER – Page 10**

| Prioritization Categories | Deadline |
|---|---|
| 3. Individuals from Google's Initial Disclosures | March 29, 2024 |
| 4. Individuals from MDL Plaintiffs' Initial Disclosures | April 5, 2024 |
| 5. Remaining log entries, if any. | April 10, 2024 |

Signed this 10th day of March, 2024.

_____
David T. Moran
**Special Master**
TXBN: 14419400
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone: (214) 953-6051
E-mail:  dmoran@jw.com

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 10th day of March, 2024. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

_____
David T. Moran