IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 4:20-CV-957-SDJ |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**GOOGLE'S THIRD BRIEF ON DISCOVERY IMPASSES**

Google submits two issues for the next Special Master conference. *First*, as ordered by the Special Master on February 25, 2024, Plaintiffs have started providing explanations of their individual document collection efforts. From the Plaintiffs that have already provided this information, it is clear that some of Plaintiffs' document collection efforts are inadequate and do not address all of Google's document requests. If these deficiencies are not resolved by the next conference, Google requests that these Plaintiffs be ordered to do a reasonable search for responsive documents by a date certain.

*Second*, in light of the imminent end to fact discovery, Google served 30(b)(6) deposition notices on the 17 different Plaintiffs. Plaintiffs have yet to offer their availability for deposition so these may be scheduled.

**I.    Plaintiffs' Inadequate Productions**

The Special Master ordered the Plaintiffs to share their search methodologies by Friday, March 15th. Of the 15 states that have provided some explanation of the methodology they used to collect documents, there are obvious deficiencies in the collection process for at least four Plaintiffs and seven have not provided documents related to their retention policies. Google met and conferred with Mississippi on March 11th and it has agreed to provide further clarity about its

1

search process. Missouri and South Dakota still have not provided an explanation of the methodology they used to collect documents, so Google is not in a position as of the date of this brief to assess their efforts.

**RFP 5: State Communications with Third Parties.** Louisiana and Indiana did not adequately search for their own communications over the course of their investigation and this action and it is not clear whether Mississippi has performed an adequate search. RFP No. 5[1] requests, among other things, "all correspondence with any person concerning an Investigation or the subject matter of this Action[,] . . . and "all documents concerning any statements provided by any person related to an Investigation or the subject matter of this Action, including written statements, affidavits, declarations, depositions, transcripts, and notes of interviews and/or conversations." In a case that is built upon alleged harm to third party publishers, advertisers, and consumers, this information is crucial. Yet some Plaintiffs made no efforts to search for responsive materials. As evidenced by other Plaintiffs' collection methods, such efforts might include, for example, reviewing their office's case files, conducting searches on their email communications, and checking central repositories of information.

Louisiana and Indiana did run certain searches related to their use of Ad Tech, but they did not do anything to search the documents of the personnel handling this investigation and lawsuit, who are likely to have documents and communications responsive to RFP No. 5.

---

[1] RFP No. 5 requests: All documents . . .concerning such Investigation or the subject matter of this Action, including: a. all Compulsory Process served in an Investigation; b. all documents concerning any Compulsory Process, . . .; c. all informal requests for documents, data, or information to any person; d. all documents and data obtained from any person; e. all documents shown or made available by You to any person; f. all correspondence with any person concerning an Investigation or the subject matter of this Action; g. all non-privileged correspondence with any economists or industry experts . . .; h. all documents concerning any statements provided by any person . . ., including written statements, affidavits, declarations, depositions, transcripts, and notes of interviews and/or conversations; i. all advocacy received from any person, including white papers and presentations; j. all documents . . . between You and any state, state agency or representative thereof; k. all documents concerning any communications . . . between You and the United States Department of Justice . . . ; and l. all documents . . . between You and any foreign government agency or representative thereof.

Mississippi explained what it did to search for consumer complaints but has not yet spelled out Mississippi's search process for the 44 RFPs that ask for information other than consumer complaints. During a meet and confer this week, Mississippi agreed to provide more detail about its broader search methodology.

To address the known deficiencies, Google requests that Louisiana and Indiana take steps to adequately respond to RFP No. 5, including reviewing relevant custodians' files–electronic and paper–and checking any centrally-stored materials. Google has conferred with Mississippi and reached out to Louisiana and Indiana and, to the extent that these deficiencies are not addressed by the next conference, intends to request that the Special Master order that such deficiencies be promptly addressed.

**RFPs 16-41: Use of Display Advertising or Ad Tech.**  Puerto Rico's process for determining whether it used display advertising or Ad Tech comes nowhere close to passing muster. Whether and how Plaintiffs used Ad Tech is plainly relevant to this lawsuit, so it is important that every Plaintiff take adequate steps to determine whether and how its office used such tools.  Puerto Rico did nothing more than ask the head of its Antitrust Division for potential sources of responsive documents. Puerto Rico did not consult with any of its personnel who would interface with the office's marketing decisions or anyone who would have visibility into office-wide expenditures that would reflect spending on display advertising.  Puerto Rico must undertake these basic document collection efforts on issues core to this case. If these deficiencies are not addressed by the next conference, Google requests that the Special Master order that Puerto Rico do a more thorough investigation into its use of display advertising or Ad Tech.

**RFPs 12 & 46: Document and Chat Retention Policies.**  RFPs No. 12 and 46 request *all* of Plaintiffs' document and chat retention policies for the relevant time period, from 2013 to the

present.[2] Google has not received retention policies from Arkansas, Louisiana, Missouri, Montana, Puerto Rico, South Dakota, or Utah. Most of those States did not address their search for retention policies in their search methodology letters. Thus, Google is unaware whether those States do not have retention policies in place or whether those policies simply were not produced.

Puerto Rico did address its retention policies in its search methodology summary, but its search for the policies remains deficient. Despite the breadth of RFPs 12 and 46, Puerto Rico has taken the position that it must only search for retention policies for responsive documents.  It then reasons circularly that because it identified no responsive documents, it need not produce any documents related to its retention policies. Setting aside that Puerto Rico's collection and search efforts that yielded no responsive documents are woefully inadequate, its position on retention policies makes no sense. Without producing documents related to its retention policies, there is no way for Google to determine whether Puerto Rico's retention policies are adequate or whether Puerto Rico actually took efforts to follow its retention policies.  Under Puerto Rico's logic, it would be perfectly acceptable for the state to have a retention policy that requires deletion of documents daily but for the state to never have to disclose that policy as part of discovery since its retention policy would preclude it from ever locating responsive documents. Puerto Rico should be ordered to perform a reasonable search for and produce its retention policies or confirm that none exist, as requested by Google nearly a year ago.

## II.    Efforts to Schedule Plaintiffs' 30(b)(6) Depositions

Google issued a 30(b)(6) deposition on each of the 17 state plaintiffs on March 5, 2024. As of the date of this filing, no state has yet provided availability for a deposition. When the parties

---

[2] RFP 12 requests "All documents reflecting all of Your document retention policies during the Relevant Period." RFP No. 46 requests "All documents and communications concerning Your retention policies or practices for electronic chat, instant messaging, or direct messaging applications used by Your employees."

convened to meet-and-confer over their respective 30(b)(6) notices on March 8, 2024, as previewed for the Special Master, Plaintiffs took the position that they were still discussing Plaintiffs' notices (which are all essentially identical) and could not yet engage on them. The Plaintiffs' 30(b)(6) notice to Google identifies 107 topics (many with multiple subtopics) spanning 30 pages just to list the topics themselves and may require many witnesses to address and has prompted discussions between the parties about whether and how certain information can be provided efficiently to the Plaintiffs without necessitating preparing a witness for deposition testimony. By contrast, Google issued a much narrower notice on each state that can likely be addressed by a single witness per state. By way of example, *see* Ex. A, Google's 30(b)(6) Notice to Alaska, which identifies all topics for that state in just over 4 pages. There is no reason why the state depositions may not be scheduled now. The parties need to work expeditiously to schedule these 17 depositions. Google intends to continue meeting and conferring with the states on scheduling but will seek relief from the Special Master if those efforts are not successful.

## CONCLUSION

If unresolved by the parties before March 21, 2024, Google respectfully intends to request that Plaintiffs Arkansas, Indiana, Louisiana, Mississippi, Missouri, Montana, Puerto Rico, South Dakota, and Utah be ordered to collect and produce responsive documents as outlined above, and that Plaintiffs be ordered to sit for noticed depositions.

Dated: March 12, 2024                  Respectfully submitted,

                                               *R. Paul Yetter*
                                               R. Paul Yetter
                                               State Bar No. 22154200
                                               YETTER COLEMAN LLP
                                               811 Main Street, Suite 4100
                                               Houston, Texas 77002
                                               (713) 632-8000
                                               pyetter@yettercoleman.com

                                               Eric Mahr (*pro hac vice*)
                                               FRESHFIELDS BRUCKHAUS DERINGER US LLP
                                               700 13th Street NW, 10th Floor
                                               Washington, D.C. 20005
                                               (202) 777-4500
                                               eric.mahr@freshfields.com

                                               ATTORNEYS FOR DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

    I certify that on this 12th day of March 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                                               *R. Paul Yetter*
                                               R. Paul Yetter

## CERTIFICATE OF CONFERENCE

I certify that on this 12th day of March 2024, counsel has complied with the meet and confer requirement of Local Rule CV-7(h). Specifically, and since the last conference, Google has conferred on the phone, by Teams, or in person with counsel for Texas, primarily Geraldine Young, and/or Zeke DeRose, on issues raised in this brief on at least March 8, 2024, and with counsel for Mississippi, Caleb Pracht, on March 11, 2024. The parties remain at an impasse on Plaintiffs' current discovery responses. Google has also emailed counsel for Arkansas, Indiana, Louisiana, Montana, Puerto Rico, and Utah but has been unable to schedule a meeting with those States yet. Accordingly, until Plaintiffs actually provide follow-up to their search methodology deficiencies, the parties remain at an impasse on Plaintiffs' current search processes.

*R. Paul Yetter*
R. Paul Yetter