IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**GOOGLE LLC'S UNOPPOSED RENEWED MOTION
FOR LEAVE TO FILE UNDER SEAL**

In light of the Court's March 4, 2024 Order, Defendant Google LLC ("Google") respectfully renews its unopposed motions to seal (1) Exhibits A, B, and C to its Response Brief to Plaintiffs' Opening Brief to the Special Master for the March 7, 2024 Hearing ("Response Brief"), and (2) Exhibits 1 and 2 to its Opening Brief to the Special Master for the March 7, 2024 Hearing ("Opening Brief"). After conferring with Plaintiffs, Google withdraws its prior request to seal its Response Brief and Exhibit G thereto and its request to seal its Opening Brief and Exhibit 3 thereto.

Consistent with the Court's order, Google submits this brief to provide more specific information regarding the material it seeks to seal.

**LEGAL STANDARD**

While there is "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For example, courts have recognized that the

public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Texas Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex. May 30, 2017), and "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598.

In exercising its discretion to seal judicial records, "the Court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (directing courts to balance right of access against interest of nondisclosure).

## ARGUMENT

### I. Google Seeks to Seal Exhibits A, B, and C to its Response Brief to Protect the Privacy of its Employees.

In advance of the March 7, 2024 conference before Special Master Moran, the parties briefed their competing views on various discovery issues, including document retention and additional Google custodians for Plaintiffs' most recent requests for production. To contextualize these discussions, Google submitted Exhibits A, B, and C with its Response Brief. These exhibits reflect some of Google's discovery correspondence with Plaintiffs over the last four years on issues of document collection and numerous proposed and actual document custodians.

Google seeks to file these exhibits under seal to protect the privacy of its current or former employees who are listed in those letters as potential or actual custodians. In accordance with Local Rule CV-5, Google will file public versions of those exhibits within seven days of this instant motion with narrow redactions, removing only the employee names from the public record. This is necessary to protect their individual privacy.

2

Many of the employees listed in the correspondence were not agreed upon as custodians and thus have no bearing on this litigation. And, even for the individual employees who were agreed upon as custodians, whether and to what extent the parties intend to rely on those employees in these proceedings has yet to be determined. Accordingly, as district courts routinely recognize, the public's general right of access is far outweighed by the interest in protecting individual privacy here. *See, e.g.*, *In re Google Digital Advertising Litig.*, No. 1:21-md-03010-PKC, (S.D.N.Y. Oct. 15, 2021) (Castel, J.), ECF No. 147 at 9 (granting motion to seal employee names: "The names and contact information of these employees have no apparent bearing on any issue in this dispute. The privacy interests of these Google employees outweighs the strong presumption of public access."); *United States v. Google LLC*, No. 1:23-cv-108 (E.D.V.A. March 10, 2023) (Brinkema, J.), ECF No. 58 at 2 (granting motion to seal names of current or former employees, finding that "sealing this information is warranted to maintain the privacy of non-parties to this litigation"); *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *2 (N.D. Cal. June 5, 2015) (granting motion to seal "with respect to the employee names and [ ] IDs . . . for privacy reason[s]"); *cf. Pugh v. Walmart Stores, Inc. Texas Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex. May 30, 2017) ("[T]he court finds that Plaintiff's interest in protecting his privacy and personal information outweighs the public's interest in access to court records.").

**II.     Opening Brief Exhibits 1 and 2**

Upon Plaintiffs' request, Google moves to file under seal Exhibits 1 and 2 to its Opening Brief, which are Plaintiffs' initial disclosures and Texas's February 2, 2024 privilege log. Specifically, Plaintiffs requested that Google move to seal "the names, addresses, and/or contact information of the third-party, non-party entities and individuals in those documents." (Ex. A,

3

March 10, 2024 Email from G. Young). According to Plaintiffs, "[d]uring state investigations, confidentiality of third parties' identities, or production of their identities subject to a subsequent protective order if litigation results, encourages third parties to come forward for interviews with state enforcers. Unsealing third parties' information as to those interviews could chill or impact third parties' willingness to participate in such interviews during state investigations." *Id.*

## CONCLUSION

For the foregoing reasons, Google's motions to seal Exhibits A, B, and C to its Response Brief and Exhibits 1 and 2 to its Opening Brief should be granted.

Dated: March 15, 2024

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

**CERTIFICATE OF SERVICE**

I certify that on March 15, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

**CERTIFICATE OF CONFERENCE**

I hereby certify that the meet and confer requirements in Local Rule CV-7(h) have been met. This motion is consented to and not opposed by any party.

*/s/ R.Paul Yetter*
R. Paul Yetter
