# EXHIBIT A

| | |
|---|---|
| **From:** | Geraldine W. Young <geraldine.young@nortonrosefulbright.com> |
| **Sent:** | Sunday, March 10, 2024 6:48 PM |
| **To:** | Syed, Ayla; 'Zeke.DeRose@lanierlawfirm.com'; Marc B. Collier; Jonathan Wilkerson; John McBride; Peter M. Hillegas; Noah Heinz; Trevor Young |
| **Cc:** | Bracewell, Mollie; MCCALLUM, Robert; lijun.zhang@freshfields.com |
| **Subject:** | Re: Sealing Request Today - The State of Texas, et al. v. Google LLC, Case No. 4:20-cv-00957-SDJ (E.D. Tex.) |

Ayla,

See below for Plaintiffs' position on the 3 exhibits with respect to sealing.  Please also send us Google's position on the exhibits the States sealed on Google's request.

- The Louisiana contract:  Louisiana has confirmed that this exhibit does not need to remain sealed and consents to its public filing.
- Plaintiffs' initial disclosures and Texas's recent privilege log:  The States and Texas maintain their request to keep these documents sealed, specifically the names, addresses, and/or contact information of the third-party, non-party entities and individuals in those documents.  During state investigations, confidentiality of third parties' identities, or production of their identities subject to a subsequent protective order if litigation results, encourages third parties to come forward for interviews with state enforcers.  Unsealing third parties' information as to those interviews could chill or impact third parties' willingness to participate in such interviews during state investigations.