IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>    Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan<br><br>Special Master: David T. Moran |

**DEFENDANT GOOGLE'S OPPOSITION MOTION TO LIFT STAY OF DISCOVERY
RELATING TO THE NETWORK BIDDING AGREEMENT**

1

**INTRODUCTION**

Defendant Google LLC ("Google") opposes the motion filed by Plaintiffs State of Texas, State of Alaska, State of Arkansas, State of Florida, State of Idaho, State of Indiana, Commonwealth of Kentucky, State of Louisiana, State of Mississippi, State of Missouri, State of Montana, State of Nevada, State of North Dakota, Commonwealth of Puerto Rico, State of South Carolina, State of South Dakota, and State of Utah (collectively, "Plaintiffs") to lift the discovery stay restricting Plaintiffs from engaging in any further discovery related to the Network Bidding Agreement ("NBA") between Google and Facebook (a subsidiary of Meta Platforms, Inc.).

Further discovery on the NBA is irrelevant and unnecessary for at least two reasons: First, despite their attempts to convolute Judge Castel's ruling, Plaintiffs' antitrust claims relating to the NBA have been dismissed or deemed dismissed. *See* MDL Dkt. Nos. 308, 493. Second, Plaintiffs' only remaining NBA-related claim, a DTPA claim subject to a current motion to dismiss, relates solely to the "four corners" of the NBA, of which Plaintiffs already have a copy. August 31, 2022 Tr. at 28:11-13. And even if their claim related to other aspects of the agreement, Plaintiffs already have reams of other discovery on the subject. They have identified no specific additional discovery that they need. Instead, Plaintiffs appear to want to lift the stay only to embark on an end-of-discovery fishing expedition and impose additional pain and expense on Google.

Plaintiffs cite *Est. of Brown v. Ogletree* for the uncontroversial proposition that district courts may exercise broad discretion surrounding discovery. Mot. at 2, citing *Est. of Brown v. Ogletree,* 2011 WL 13318529, at *1 (S.D. Tex. Dec. 15, 2011). Substantively, however, in *Ogletree,* the court refused to lift the stay of discovery because plaintiffs "ha[d] identified no discovery, additional to that which Defendants have provided already, that would assist the court

in deciding [a pending motion to dismiss]." *Est. of Brown v. Ogletree*, 2011 WL 13318529, at *3. In denying plaintiffs' motion, the court gave weight to the fact that lifting the stay risked subjecting defendants to a needlessly broad scope of discovery. *Id.*, at *2; *see also Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*, 2024 U.S. Dist. LEXIS 28525 at *11-14 (E.D. Tex. Feb. 20, 2024) (denying a motion to stay where maintaining the stay would, *inter alia*, not create any additional prejudice). The same logic applies here.

## PROCEDURAL BACKGROUND

On September 13, 2022, Judge Castel issued an order finding that Plaintiffs did not plausibly allege a Section 1 claim based on Google's agreement with Facebook. MDL Dkt No. 308 at 20. Judge Castel further found that Plaintiffs had not plausibly alleged an unlawful agreement between Google and Facebook to restrain Facebook's use of header bidding. *Id*. As a result, Judge Castel stayed all discovery relating to the NBA in November 2022. MDL Dkt. 394 at ¶3.

In December 2022, the parties stipulated that "[a]ny state law antitrust claim is deemed dismissed to the extent that it is based on conduct alleged to serve as a basis for a federal antitrust claim that the Opinion and Order dismissed." MDL Dkt. No. 415 (the "First Stipulation") at ¶2. Specifically, the parties stipulated that "[t]o the extent that any State Plaintiff alleges a state antitrust claim in the TAC **based on allegations** that the Network Bidding Agreement between Google and Meta Platforms, Inc. (f/k/a as [sic] Facebook) (the 'NBA') constitutes an illegal contract, combination or conspiracy, such claim is hereby deemed dismissed." MDL Dkt. No. 493 at 2 (emphasis added).

On March 6, 2023, Judge Castel so-ordered the parties' stipulation. *Id.* at 4. Since then, on March 1, 2024, Judge Castel also dismissed all private plaintiffs' federal antitrust claims related

3

to the NBA. MDL Dkt. No. 701 at 3 ("No plaintiff has plausibly stated a claim for relief premised upon on the terms of the NBA.").

Despite the First Stipulation dismissing antitrust claims "based on" the alleged illegality of the NBA, and only after the case's return to the Eastern District of Texas, Plaintiffs re-raise the issue of the NBA-discovery stay.

**ARGUMENT**

I. **Plaintiffs Have Already Obtained More Than Adequate Discovery on their Remaining NBA-Related Claim**

    A. **Plaintiffs' NBA-Related Section 2 Claims Have Been Dismissed As They Are Based On Allegations That The NBA Is Unlawful**

In Plaintiffs' Third Amended Complaint, the NBA was relevant to Plaintiffs' monopolization claims only under the theory that Google was using the NBA to thwart header-bidding competition. Plaintiffs allege that "Google was eager to 'kill' header bidding competition" and "[t]o advance its desire to eliminate the competition, Google entered into an unlawful agreement with Facebook in 2018." TAC at ¶ 413.[1] Put simply, the NBA was only relevant to Plaintiffs' Section 2 claims insofar as the NBA could be considered an "unlawful agreement" for Facebook not to compete with Google in header bidding. But that NBA allegation has been dismissed. It cannot continue to factor into Plaintiffs' claims. Judge Castel ruled that Plaintiffs "d[id] not plausibly allege[] Google's [NBA] with Facebook amounts to an unlawful restraint of trade in violation of section 1." MDL Dkt. 308; *In re Google Digital Advertising Antitrust Litig.*, 627 F. Supp. 3d 346, 360 (S.D.N.Y. Sept. 13, 2022). As Plaintiffs

---

[1] This did not change in Plaintiffs' Fourth Amended Complaint. FAC at ¶ 413 ("Google was eager to 'kill' header bidding competition and feared its secret Exchange Bidding scheme would fall short of its end-goal. To advance its desire to eliminate the competition, Google entered into an unlawful agreement with Facebook in 2018.").

4

rightly note in their Motion, Judge Castel devoted "several pages" to explaining how their complaint did "not plausibly allege collusion between Google and Facebook." Mot. at 5.

As a result, and despite the survival of some portions of the States' monopolization claims, Judge Castel stayed all discovery based on the NBA and all discovery of Meta. MDL Dkt No. 394 ¶ 3; May 31, 2023 Tr. at 8:7-17 (confirming that the only claims asserted against Meta related to the NBA and, as a result of the NBA stay, discovery on all Meta-related claims were stayed).

Moreover, the parties explicitly stipulated and Judge Castel so-ordered that *any* antitrust claims "based on" allegations that the NBA constitutes an unlawful agreement would be dismissed. MDL Dkt. No. 493 ("To the extent that any State Plaintiff alleges a state antitrust claim in the TAC **based on allegations** that the Network Bidding Agreement . . . constitutes an illegal contract, combination or conspiracy, such claim is hereby dismissed") (emphasis added). And, as Plaintiffs note in their 12(b)(6) opposition briefing, their state antitrust claims "largely parallel the federal claims, and the parties have agreed that Judge Castel's reasoning applies to them." ECF No. 260 at 1-2.

Plaintiffs attempt to escape this ruling by arguing that the same NBA claims survive under the guise of "monopolization." But Judge Castel's order was not limited to dismissing state antitrust corollaries to Section 1, but rather to *any* state antitrust claims that are rooted in allegations of illegality, combination, or conspiracy. This includes monopolization and attempted monopolization claims that bake in assumptions of poorly-pleaded Section 1 violations. He confirmed this in a recent ruling on a motion to dismiss the MDL private plaintiffs' complaints as "[n]o plaintiff ha[d] plausibly stated a claim for relief premised upon on the terms of the NBA." MDL Dkt. No. 701 at 3.

As such, Plaintiffs' monopolization and attempted monopolization claims rooted in the alleged illegality of the NBA have been dismissed. Therefore, no NBA discovery is relevant or necessary for the antitrust claims.

### B. Plaintiffs' Only Remaining NBA Claims are State Law DTPA Claims

Plaintiffs argue that "Judge Castel did not dismiss Plaintiffs' claims that the NBA violated applicable state law DTPA statutes." Mot. at 4. To be clear, Plaintiffs have no plausible claim that the NBA violated any DTPA. Indeed, these claims, including the one DTPA claim that has anything to do with the NBA (the "equal footing" claim), are subject to a pending motion to dismiss. Plaintiffs have already conducted adequate discovery to investigate its one DTPA claim premised in part on the NBA.

### II. Further Discovery on the Facebook NBA is Not Relevant to Plaintiffs' DTPA Claims.

#### A. The Relevant DTPA Claim Relies On The Four Corners of the NBA, which Plaintiffs Have Already Received.

Plaintiffs raise the NBA in a single DTPA claim, relating to Google's alleged representations that auction participants "compete on equal footing" and the switch to a single first price auction would help reduce complexity and create "a fair and transparent market for everyone." FAC ¶¶ 586-87. Plaintiffs allege that the NBA is inconsistent with these statements. *Id.* at ¶¶ 586-592. Plaintiffs claim that "the Jedi Blue agreement provides Facebook with information and speed advantages, presumably designed to aid FAN in winning more auctions." *Id.* at ¶ 591.

Plaintiffs have conceded that their claims are based on the agreement itself[2]–which Plaintiffs already have. In an August 2022 hearing, the court observed that "the question is, in essence, or, in reality, there's an allegation here that there are certain beneficial provisions to Facebook in the NBA . . . the principal argument is directed to the language of the NBA."). August 31, 2022 Tr. at 19:19-21, 25:5. Indeed, Mr. Keller confirmed this understanding, noting that Plaintiffs were "***relying mostly on the four corners of the written document*** as opposed to the winks and the nods that we were talking about previously." *Id*. at 28:11-13 (emphasis added). Plaintiffs already have the agreement and need no further discovery.

Moreover, Plaintiffs already have access to a substantial amount of NBA-related discovery. Prior to Judge Castel's stay, Google had produced documents hitting on NBA- and Facebook-related search terms in both investigative and pre-stay litigation productions. The investigation search terms were extraordinarily broad and contained many references to both Facebook/Meta and the NBA, including but not limited to "Jedi Blue," "J4N," "Facebook," "FAN," and "FB." Over *half a million* of Google's produced documents hit on at least one of these five terms.

Plaintiffs have access to all of these documents. They also have access to Google's source code implementing the auction at issue in the alleged "equal footing" statements. Tellingly, Plaintiffs have not provided any indication of what additional types of NBA-related documents or data they still need but lack. They cannot. There are none.

### III.  Further Discovery On The NBA Is Not Necessary

---

[2] This concession pertains to both the relevant DTPA claim, as well as Plaintiffs' monopolization and attempted monopolization claims.  Insofar as the Court finds that Plaintiffs' NBA-based antitrust claims have not been dismissed or deemed dismissed, Plaintiffs have already received adequate discovery as to these claims.

Unable to identify any specific discovery that they actually need, Plaintiffs maintain that further discovery is "[a]uthorized" and "[n]ecessary." Mot. at 8. Plaintiffs ask the Court to consider the fact that "Google certainly has access to relevant information that the State Plaintiffs do not, given its role as a contracting party to the NBA." *Id*.  But they fail to describe what this additional "relevant" information could possibly be. *See Est. of Brown v. Ogletree*, 2011 WL 13318529, at *3 (denying plaintiffs' motion to lift a stay of discovery where plaintiffs identified no additional discovery that would assist the court in deciding a pending motion to dismiss).

What Plaintiffs seek is not *relevant* or *necessary* discovery. Plaintiffs merely seek unidentified discovery, untethered to any cognizable need.

## CONCLUSION

Accordingly, Defendant Google respectfully requests that the Court **DENY** Plaintiffs' motion to lift the stay of discovery and reopen discovery on the NBA. Plaintiff States have obtained adequate discovery related to their remaining NBA claims.

Dated: March 15, 2024

Respectfully submitted,

*/s/ Paul Yetter*

R. Paul Yetter
State Bar No. 22154200
Bryce L. Callahan
State Bar No. 24055248
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com
julie.elmer@freshfields.com

ATTORNEYS FOR
DEFENDANT GOOGLE LLC

9

CERTIFICATE OF SERVICE

      I certify that on March 15, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                                                    */s/ R. Paul Yetter*
                                                    R. Paul Yetter