IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**GOOGLE LLC'S UNOPPOSED MOTION
FOR LEAVE TO FILE UNDER SEAL**

Defendant Google LLC ("Google") respectfully moves the Court for leave to file under seal its Response Brief to Plaintiffs' Opening Brief to the Special Master for the March 21, 2024 Hearing ("Response Brief") and Exhibits A, B, C, D, and E filed thereto under seal.  Google sets forth the basis for sealing the Responsive Brief and each of these exhibits below.

Consistent with Local Rule CV-5, Google will file redacted versions of its Response and exhibits within seven days, removing only sensitive confidential information therein from public disclosure.  Plaintiffs do not oppose Google's sealing request.

**LEGAL STANDARD**

While "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  For example, courts have recognized that the public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Texas Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex.

May 30, 2017), and "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598.

In exercising its discretion to seal judicial records, "the Court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (directing courts to balance right of access against interest of nondisclosure).

## ARGUMENT

### I.   Google's Response Brief and its Exhibit A.

Google seeks to file under seal its Response Brief and Exhibit A filed thereto. Exhibit A is a transcript of a recent deposition of a Google employee concerning Google's use of dashboards, and Google's Response Brief quotes from that deposition testimony that would reveal confidential information about dashboards. Sealing of these materials is warranted to protect the privacy of employees named in the deposition as well as to protect from disclosure non-public details about Google's dashboards and the related internal operations. Google has a strong commercial interest in protecting this information from public disclosure, and its employees have strong privacy interests in preventing their names from being publicly disclosed. In accordance with Local Rule CV-5, Google will file public versions of those exhibits within seven days of this instant motion with tailored redactions, removing the employee names from the public record as well as any non-public, sensitive commercial information.

**Employee Names:** With respect to Google employee names, district courts routinely recognize that the public's general right of access is far outweighed by the interest in protecting individual privacy here. *See, e.g., In re Google Digital Advertising Litig.*, No.

1:21-md-03010-PKC, (S.D.N.Y. Oct. 15, 2021) (Castel, J.), ECF No. 147 at 9 (granting motion to seal employee names: "The names and contact information of these employees have no apparent bearing on any issue in this dispute. The privacy interests of these Google employees outweighs the strong presumption of public access."); *United States v. Google LLC*, No. 1:23-cv-108 (E.D.V.A. March 10, 2023) (Brinkema, J.), ECF No. 58 at 2 (granting motion to seal names of current or former employees, finding that "sealing this information is warranted to maintain the privacy of non-parties to this litigation"); *see also Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *2 (N.D. Cal. June 5, 2015) (granting motion to seal "with respect to the employee names and [ ] IDs . . . for privacy reason[s]"); *cf. Pugh*, 2017 WL 11664888, at *1 ("[T]he court finds that Plaintiff's interest in protecting his privacy and personal information outweighs the public's interest in access to court records.").

**Dashboard Discussions:** The deposition transcript includes testimony on nonpublic details about Google's dashboards, the metrics these dashboards monitor, the sources of data underlying these dashboards, and the related internal operations of these dashboards. Courts routinely recognize that the interest in non-disclosure of such sensitive business information outweighs the general public right of access. *See, e.g.*, *Nixon*, 435 U.S. at 597–98 (recognizing that public access may be properly limited to protect "sources of business information that might harm a litigant's competitive standing"); *Conn Credit I, LP*, No. 1:14-CV-429, 2016 WL 8231153, at *1 (E.D. Tex. May 9, 2016) (granting a motion to seal documents containing "large amount of confidential business information"); *see also* Local Rule CV-5(a)(7)(E).

    **II.**    **Exhibits B, C, D, and E to Google's Response Brief.**

Google seeks to file Exhibits B, C, D, and E under seal to protect nonpublic information concerning its source code files and directories, as well as confidential information about the

operation of its products. Exhibits B, C, D, and E are discovery letters exchanged between the parties discussing the specifics of Google's source code.

Sealing of these materials is warranted because they contain references to and discussions of non-public commercial information that, if disclosed publicly, is likely to cause Google competitive harm. In accordance with Local Rule CV-5, Google will file public versions of Exhibits B, C, D, and E within seven days of this instant motion with tailored redactions, removing references to source code files and directories, as well as nonpublic details about the mechanics of certain Google products.

Courts routinely recognize that the interest in non-disclosure of source code or sensitive business information outweighs the general public right of access. *See, e.g.*, *Nixon*, at 597–98 (recognizing that public access may be properly limited to protect "sources of business information that might harm a litigant's competitive standing"); *Conn Credit I, LP*, N2016 WL 8231153, at *1 (granting a motion to seal documents containing "large amount of confidential business information"); *AGIS Software Dev. LLC v. Google LLC*, No. 22-CV-04826-BLF, 2023 WL 5762552, at *2 (N.D. Cal. Sept. 6, 2023) (granting motion to seal "source code of Defendants that Defendants have designated highly confidential, and testimony from party witnesses regarding the functionality of the Accused Products that have also been designated highly confidential" because "if its contents became known to competitors of Defendants, would cause competitive harm"); *see also* Local Rule CV-5(a)(7)(E).

## CONCLUSION

For the foregoing reasons, Google's motion to seal its Response Brief and Exhibits A through E filed thereto should be granted.

Dated: March 15, 2024

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

**CERTIFICATE OF SERVICE**

      I certify that on March 15, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

**CERTIFICATE OF CONFERENCE**

      I hereby certify that the meet and confer requirements in Local Rule CV-7(h) have been met. This motion is consented to and not opposed by any party.

*/s/ R.Paul Yetter*
R. Paul Yetter
