IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>    Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan<br><br>Special Master: David T. Moran |

**PLAINTIFF STATES' RESPONSE TO GOOGLE'S THIRD BRIEF
<u>TO THE SPECIAL MASTER</u>**

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................. 1

ARGUMENTS .................................................................................................................................. 2

    I.    Google's Arguments regarding Certain States' Document Productions Have Either Been Resolved or Are the Subject of Ongoing Meet and Confers. ............................................................................................................... 2

        A.    The States have provided, or will provide (Missouri and South Dakota), Google with explanations of their document collection efforts. ............................................................................................................. 2

        B.    Mississippi, Louisiana, and Indiana have conferred or are conferring with Google regarding searches for third-party communications. ............................................................................................. 2

        C.    Puerto Rico is conducting further investigation and is willing to confer with Google on the issue of whether Puerto Rico purchases display ads ..................................................................................................... 3

        D.    The seven States either have publicly available document retention policies that they have directed Google to or produced, or have none to produce. ................................................................................................. 3

    II.    The States Are Conferring in Good Faith with Google on Its Week-Old Rule 30(b)(6) Notices—Yet Have Waited for Three Weeks for Rule 30(b)(6) Witnesses from Google. ................................................................. 4

CONCLUSION ................................................................................................................................. 6

The Plaintiff States ("States") submit this response to Google's "Third Brief on Discovery Impasses," filed on March 12, 2024 (ECF No. 291).

## INTRODUCTION

Google raises two purported issues in its brief that, like in the past, do not warrant any action by the Special Master.

First, Google asserts that certain (but not all) States' document collection efforts and productions are inadequate. Notably, Google's silence as to the other States shows that it has no issue with the other eight States. Prior to Google's brief, those eight States (Texas, Alaska, Florida, Idaho, Kentucky, Nevada, North Dakota, and South Carolina) detailed to Google and/or met and conferred with Google on their document collection efforts and productions. As to the nine States identified in Google's brief, as detailed below, those States did much of the same and, on the issues raised by Google, are either still conferring with Google or have resolved the issues, contrary to Google's assertions.

Second, Google baldly complains that the States "have yet to offer their availability for deposition" for Google's 17 Rule 30(b)(6) notices that Google served **just last week.** With no delay, the States met and conferred with Google on those notices this week on Wednesday, March 13, 2024, followed by exchanged correspondence (Ex. A, 3/14/24 Emails) showing quite clearly that the States are conferring with Google in detail and in good faith on those notices. Google's complaint is particularly stunning in light of Google's own failures to meet its obligations under Rule 30(b)(6). Despite having two weeks to prepare and produce the Rule 30(b)(6) custodian witness on its dashboards, ordered by the Special Master on February 25, Google presented a witness utterly lacking in relevant knowledge about Google's dashboards. *See* ECF No. 293 at 1-5. Google has also failed to offer—much less discuss or respond in any detail—any witnesses in response to the States' Rule 30(b)(6) notice to Google, which was served **three weeks ago**, or **two**

1

**weeks before** Google's Rule 30(b)(6) notice. *See id.* at 5-6. That is despite repeated requests from the States. *See* Ex. A at 2, 6, 8, 10. In short, the States are actively conferring with Google to meet their Rule 30(b)(6) obligations, while Google has not and is still not.

## ARGUMENTS

I. **Google's Arguments regarding Certain States' Document Productions Have Either Been Resolved or Are the Subject of Ongoing Meet and Confers.**

As even Google acknowledges, the individual States have worked diligently to confer with Google and resolve any remaining purported issues Google may have with their document collection and production efforts. *See* ECF No. 291 at 1 ("Google met and conferred with Mississippi on March 11th and it has agreed to provide further clarity about its search process."). With no real complaint to brief during this round of discovery briefing, Google instead targets issues that are resolved or are in the process of being resolved.

   A. **The States have provided, or will provide (Missouri and South Dakota), Google with explanations of their document collection efforts.**

Google first complains about two states, Missouri and South Dakota, that had not provided descriptions of their document collection processes. Notably, at the time it filed its brief on March 12, 2024 (and well before that), fifteen of the seventeen States had provided Google information regarding their document collection efforts. ECF No. 291 at 1. Missouri provided Google that information on March 15, 2024, and, at the time of the filing of this brief, the States had not received an update from South Dakota and will supplement once they receive an update.

   B. **Mississippi, Louisiana, and Indiana have conferred or are conferring with Google regarding searches for third-party communications.**

While they disagree with Google's characterization of their efforts so far, Louisiana and Indiana have met and conferred or will meet and confer with Google on conducting reasonable searches for any additional third-party communications and will produce anything non-privileged

2

and relevant. As for Mississippi, as Google itself stated: "During a meet and confer this week, Mississippi agreed to provide more detail about its broader search methodology." ECF No. 291 at 3. Again, importantly, Google does not argue against the efforts of the other States in their collections and productions of third-party communications.

    **C.    Puerto Rico is conducting further investigation and is willing to confer with Google on the issue of whether Puerto Rico purchases display ads.**

Despite the fact that Google itself would have records of the entities that purchase display advertising through a Google product, Google argues that Puerto Rico has not adequately determined that it does not use display advertising. Puerto Rico disputes Google's characterizations and has conducted a reasonable inquiry, and its position—as set forth in its prior responses to Google's written discovery and correspondence with counsel related thereto—remains that Puerto Rico does not purchase display ads on its own behalf and therefore does not possess responsive documents. Puerto Rico is nonetheless investigating further and is willing to confer with Google on the issue.

    **D.    The seven States either have publicly available document retention policies that they have directed Google to or produced, or have none to produce.**

As outlined below, Google's claims that certain States have failed to produce retention policies is unfounded:

- The retention policies of **Missouri[1], Montana, and Utah** are all publicly available online. Montana nonetheless produced its policies to Google. Utah responded to Google's request for production in the States' correspondence to Google of February 16, 2024, stating that all Utah's document retention policies are searchable and available online and directing Google to the website to download those policies from,

---

[1] https://www.sos.mo.gov/records/recmgmt/retention

3

including giving Google links to the document retention policies for the Office of the Attorney General and the Division of Consumer Protection (and in fact, for all agencies of the State of Utah). Ex. B at 10 (excerpted). Google continued to assert that it never received this information during a meet and confer session on March 14, 2024, and Utah again gave the links to Google via email that day. For Google to continue argue that it does not have these policies is flatly inaccurate.

- **Arkansas and Louisiana** do not have any written, responsive retention policies to produce and have communicated this to Google in their responses to Google's Requests for Production.

- While **Puerto Rico** does not have any responsive documents to the request for a document retention policy, it is conducting further searches and will produce any that are found as a result.

Importantly, Google has no issues with the ten other States, and the above States that Google claims to have issues with are not withholding responsive retention policies and are willing to further confer with Google on this issue.[2]

## II. The States Are Conferring in Good Faith with Google on Its Week-Old Rule 30(b)(6) Notices—Yet Have Waited for Three Weeks for Rule 30(b)(6) Witnesses from Google.

The Special Master should deny Google's request as not ripe. Google only served its Rule 30(b)(6) notices on the States on March 5, 2024. ECF No. 291 at 4. Contrary to Google's brief and its counsel's certificate of conference, however, the Parties had not yet met and conferred regarding those notices. The contemporaneous emails show that on March 8, 2024, the Parties discussed only the first 20 topics from the States to Google; the Parties agreed to take up Google's

---

[2] At the time of the filing of this brief, the States had not received an update from South Dakota and will supplement once they receive an update.

4

topics the following week.  *See* Ex. A at 10.  The Parties agreed and took up the topics on March 13, 2024, the date Google requested and a day after their brief to the Special Master.  *See id.* at 8; ECF No. 291.  Progress was made, no impasse was declared, and the Parties agreed to continue discussions with the individual States early next week.  *See* Ex. A at 1.  Accordingly, this issue is not ripe for the Special Master.

Google's protestations, however, further highlight its own failings.  It is a maxim of this Court that "he who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945).  While Google believes it is entitled to relief because the States had not responded in 7 days, Google is delinquent in its own obligations.  The States served their Rule 30(b)(6) notice on February 21, 2024 – nearly two weeks before Google served its own Rule 30(b)(6) notices.  Google, however has not provided objections and responses, and has failed to respond to repeated emails from the States.  *See* Ex. A at 2, 6, 8, 10.  Having failed to meaningfully respond to the States' deposition notice, Google cannot now run to the Court for relief.

Google's other assertions are likewise unfounded.  Google's Rule 30(b)(6) notices are far from "narrow" or reducible to one witness per State.  Nearly all of them seek wide-ranging testimony from each States' Offices of Attorney General regarding their common-interest, pre-suit investigation; their attorneys' evaluation, impressions, and opinions of evidence and potential claims; how those attorneys made and make strategic litigation decisions in this case; the full scope of every interrogatory and request for admission response in this case; or information that Google has much more easily and already obtained, or can obtain, through other means like interrogatory responses, document productions, the discovery correspondence the States are voluntarily providing, and declarations.

5

Accordingly, the Special Master should reject Google's request for relief with respect to its Rule 30(b)(6) notices to the States.

## CONCLUSION

For the foregoing reasons, no relief is warranted or should be granted in response to Google's "Third Brief on Discovery Impasses" (ECF No. 291).


*/s/ W. Mark Lanier*
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
(713) 659-5200
**THE LANIER LAW FIRM, PLLC**

*/s/ Ashley Keller*
Ashley Keller
ack@kellerpostman.com
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220

Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut, N.W., 11th Floor
Washington, DC 20005
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*


**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com

6

1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201


FOR PLAINTIFF STATE OF TEXAS:


KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

*/s/ Trevor E. D. Young*
TREVOR E. D. YOUNG
Deputy Chief, Antitrust Division

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

**CERTIFICATE OF SERVICE**

I certify that, on March 15, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Geraldine Young*
Geraldine Young
