IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT A

**PLAINTIFF STATES' RESPONSE TO GOOGLE'S THIRD BRIEF
TO THE SPECIAL MASTER**

| | |
|---|---|
| **From:** | Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com> |
| **Sent:** | Thursday, March 14, 2024 9:15 PM |
| **To:** | Aycock, Jamie; Peter M. Hillegas; SESSIONS, Justina (JKS); Geraldine W. Young; MCCALLUM, Robert; Bracewell, Mollie; 'noah.heinz@kellerpostman.com'; Jonathan Wilkerson; Alex J. Brown; Jonathan Wilkerson; Marc B. Collier; Geraldine W. Young; Young, Trevor; Thomas Ray; Gabriel Culver; John McBride |
| **Cc:** | Yetter, Paul; ELMER, Julie (JSE); Lauren Kaplin; TU, Xiaoxi; XIA, Rita; Syed, Ayla; KLEIN, Gayle (GRK) |
| **Subject:** | Re: Texas, et al. v. Google LLC, 4:20-cv-00957-SDJ (E.D. Tex.) |

Jaime---does Tuesday at 2pm CT work for a call with the States? There are a number of travel schedules at play, including that of Texas. As a backup Wednesday at 1pm CT may be another option. Since there are 17 states to coordinate it may make sense to try and snag 2 time slots.

Also—can you send us any state specific questions so we can get them to the states to facilitate conversation? Once we get a time set we can try and give you a heads up and confirmation with who will be on so Google can set any separate meet and confers it needs to set.

I understand there are various meet and confers that have taken place and are taking place with various states regarding search methodology and discovery, including one that occurred today with Indiana. Some of these separate meet and confers appear to also address topics in the 30(b)(6) notices to be discussed as well as the issues in Google's submission to the Special Master. We are not privy to all of the meet and confers that are occurring or if they are duplicative of the topics in the notice. But understand the parties are working to accommodate Google's requests.

Please let us know what times work for a call about Google's 30(b)(6) and we will get an invite out.

Zeke

---

**From:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>
**Date:** Thursday, March 14, 2024 at 1:51 PM
**To:** "Aycock, Jamie" <jamieaycock@yettercoleman.com>, "Peter M. Hillegas" <peter.hillegas@nortonrosefulbright.com>, "SESSIONS, Justina (JKS)" <Justina.Sessions@freshfields.com>, "Geraldine W. Young" <geraldine.young@nortonrosefulbright.com>, "MCCALLUM, Robert" <rob.mccallum@freshfields.com>, "Bracewell, Mollie" <mbracewell@yettercoleman.com>, "'noah.heinz@kellerpostman.com'" <noah.heinz@kellerpostman.com>, Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>, "Alex J. Brown" <Alex.Brown@LanierLawFirm.com>, Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>, "Marc B. Collier" <marc.collier@nortonrosefulbright.com>, "Geraldine W. Young" <geraldine.young@nortonrosefulbright.com>, "Young, Trevor" <Trevor.Young@oag.texas.gov>, Thomas Ray <Thomas.Ray@oag.texas.gov>, Gabriel Culver <gabriel.culver@nortonrosefulbright.com>, John McBride <john.mcbride@nortonrosefulbright.com>
**Cc:** "Yetter, Paul" <pyetter@yettercoleman.com>, "ELMER, Julie (JSE)" <Julie.Elmer@freshfields.com>, Lauren Kaplin <lauren.kaplin@freshfields.com>, "TU, Xiaoxi" <Xiaoxi.Tu@freshfields.com>, "XIA, Rita" <Rita.Xia@freshfields.com>, "Syed, Ayla" <asyed@yettercoleman.com>, "KLEIN, Gayle (GRK)"

<Gayle.Klein@freshfields.com>
**Subject:** Re: Texas, et al. v. Google LLC, 4:20-cv-00957-SDJ (E.D. Tex.)

Jaime---continued delay threatens to derail the current schedule?  You issued a 30(b)(6) last Tuesday. We met yesterday to discuss the notice and walk through every single topic with outside counsel and Texas as the Lead State and Google to get clarification on the broad topics including a topic that sought to put up a witness from all 17 states to authenticate documents produced by Texas including authenticating documents from 3rd parties. Which, as discussed, seems not necessarily the best approach for third party documents, and overall is more appropriate for a stipulation as we would to deal with business records and for trial.

In the continued spirit of cooperation, yesterday afternoon you provided us with times that work for another call with the states regarding Google's 30(b)(6) notice to the states. We have a call with all states in 10 minutes and will confirm a slot that works with the 17 states and will get back to you immediately after that call.

But, speaking of continued delay---Any word on the 30(b)(6) notices we sent to Google over 3 weeks ago? We have seen no written objections on any of the topics. There has been zero follow-up from Google with witnesses, dates, or times for additional meet and confers. Just making sure we didn't miss something. We reiterate our previous requests to move this process forward.

Zeke

**From:** "Aycock, Jamie" <jamieaycock@yettercoleman.com>
**Date:** Thursday, March 14, 2024 at 12:53 PM
**To:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>, "Peter M. Hillegas" <peter.hillegas@nortonrosefulbright.com>, "SESSIONS, Justina (JKS)" <Justina.Sessions@freshfields.com>, "Geraldine W. Young" <geraldine.young@nortonrosefulbright.com>, "MCCALLUM, Robert" <rob.mccallum@freshfields.com>, "Bracewell, Mollie" <mbracewell@yettercoleman.com>, "'noah.heinz@kellerpostman.com'" <noah.heinz@kellerpostman.com>, Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>, "Alex J. Brown" <Alex.Brown@LanierLawFirm.com>, Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>, "Marc B. Collier" <marc.collier@nortonrosefulbright.com>, "Geraldine W. Young" <geraldine.young@nortonrosefulbright.com>, "Young, Trevor" <Trevor.Young@oag.texas.gov>, Thomas Ray <Thomas.Ray@oag.texas.gov>, Gabriel Culver <gabriel.culver@nortonrosefulbright.com>, John McBride <john.mcbride@nortonrosefulbright.com>
**Cc:** "Yetter, Paul" <pyetter@yettercoleman.com>, "ELMER, Julie (JSE)" <Julie.Elmer@freshfields.com>, Lauren Kaplin <lauren.kaplin@freshfields.com>, "TU, Xiaoxi" <Xiaoxi.Tu@freshfields.com>, "XIA, Rita" <Rita.Xia@freshfields.com>, "Syed, Ayla" <asyed@yettercoleman.com>, "KLEIN, Gayle (GRK)" <Gayle.Klein@freshfields.com>
**Subject:** RE: Texas, et al. v. Google LLC, 4:20-cv-00957-SDJ (E.D. Tex.)


All,

Thank you for taking the time to meet and confer yesterday regarding the 30(b)(6) notices that we served on the Plaintiffs. We are writing to memorialize our discussion and keep this process moving quickly. At this point in the case, continued delay by the states threatens to derail the current schedule.

- **Document Review and Collection, Document Authentication (Topics 1-3)**: We understand you have requested that we raise any issues we have with the Plaintiffs' collection, retention, and production of documents and try to work those issues out through the meet and confer process. As I explained, we are happy to continue to do so but expect to have issues on which we will need testimony. You asked whether we would be satisfied with declarations from the states regarding their process for searching for and producing responsive documents as well as to authenticate any materials from the Texas Investigative File. We are willing to work with you, especially if any accommodations would reciprocally apply to plaintiffs' requests to Google. Otherwise, we think it may end up being simpler to ask questions in a deposition at least on certain topics. <u>Please confirm in writing which topics you propose to submit declarations for instead and what the substance of those declarations would include.</u>

- **Discovery Responses (Topics 4 & 5)**: You expressed concern about having a witness prepared to testify on all ROG responses. As I explained, the states are free to designate multiple witnesses needed to cover the ROG responses, but we are entitled to drill down on their answers in depositions. <u>As requested, please identify any specific interrogatories you think are not suited for deposition testimony, the burden associated with a state testifying as to those topics, and any alternative proposal you have to address our additional questions on these issues.</u>

- **Factual Basis for Allegations in Complaint (Topics 6-10 & 17-25)**: Even though these topics ask for a witness to be prepared to discuss the factual bases for the Plaintiffs' contention, you argued that it would be difficult to put up a non-attorney witness to discuss what went into the complaint without revealing work product, premature expert disclosures, or consulting expert work product. While we understand that theoretically certain questions on these topics could conceivably ask for work product or expert opinions, we understand the distinctions and are simply asking for a witness to address the *factual* bases of the states' contentions. Facts, as we've said before, are always discoverable.  It is not tenable for the states to sue Google seeking massive penalties and then attempt to avoid offering a witness to explain the basis for their allegations.

  o **Non-Texas States:** You said that it may make sense for a Texas witness to be designated to speak on behalf of other states on certain topics because those states are deferring to the Texas-led investigation. We don't intend to burden the states unnecessarily and are willing to consider this for certain topics, at least based upon a binding stipulation by the states to empower Texas to speak on their behalf.  As I mentioned, though, even if we agreed to this for certain topics, we would still need to get confirmation testimony from each such state about what it did or did not do to independently investigate the issues in this case.  <u>Please let us know which topics you propose that Texas speak on behalf of all states for.</u>

- o **Files**: You asked why Plaintiffs could not just point to the TX investigative file as supporting the factual bases for their claims. <u>Please identify in writing which topics you suggest it is more appropriate to identify documents for than offer testimony.</u>

- **Remedies, Injuries & Harm to General Welfare (Topics 11, 12, 16):** You took the position that the Special Master did not think the states' interrogatories on these topics needed to be amended and, therefore, these topics were inappropriate for any further discovery, including deposition topics. As I explained on the call, whether interrogatory responses are adequate has nothing to do with and certainly does not preclude us from asking more detailed questions in a deposition. This is particularly true given the issues raised in our Rule 12(b)(1) motion, which sets forth some of the kinds of additional information we would expect the states to be able to provide in a deposition. For example, the states allege substantial harm to their economies, and we are entitled to ask about the factual basis for making that claim.

- **Third Party Communications (Topics 13-15):** You stated that Google has received a complete document production from Texas, which was the primary contact with third parties, and that these productions included all of its communications with third parties. You said that Plaintiffs are not relying on these communications to support specific contentions in the complaint (with the exception of News Corp being the large publisher referenced in the complaint). We explained that we are not just seeking documents about these communications but also need and are entitled to the facts relayed in third-party interviews, meetings, or other oral communications, which we understand may be set forth in the interview memoranda in the Texas's February 2, 2024 privilege log.

  - o As we made clear, the facts relayed to or by third parties are discoverable, regardless of whether they are also reflected in the interview memoranda. You responded that the Special Master made a finding that the memos themselves are privileged and that you do not have a way of separating facts from the attorney work product in the memos. You also stated that Texas has had huge turnover in its AG office and that it had limited information and possibly no witnesses who have personal knowledge of these third-party communications. But as we explained during the call, the states have an obligation to prepare a witness on these topics and have the benefit of the interview memoranda to do so. You argued that we could depose or interview every one of these third parties (over 100 separate witnesses listed in the Texas privilege log) to obtain their underlying factual information. But even setting aside the disproportionate burden that would impose, the scheduling order limits us to 40 depositions and the states cannot be absolved of their duty to prepare a witness to talk about the underlying facts in the discussions the AG office had with third parties. Nor is it enough for the states to deny that their claims are based on these third parties' factual information. Such facts still may be relevant to Google's defenses.

- o **Non-Texas States**: You stated that, because Texas primarily conducted third-party outreach during the investigation, you didn't see the need for additional states to be deposed on these topics. We responded that we want to confirm that those states did not conduct their own investigation or third-party communications and explained that there should be limited burden for such a state to prepare to be deposed, particularly when its representative already will be giving testimony on other topics. If you are proposing that certain states provide a declaration to that effect, please let us know which states and the substance of the declaration you would be willing to provide. In any event, as I explained, it shouldn't be difficult to prepare a witness to state as much in a 30(b)(6) deposition.

- **Consumer Complaints (Topics 26-31)**: You stated that none of the allegations in the complaint were based on consumer complaints and that Texas did not look at any consumer complaints it received about Google until it received requests for production from Google in this litigation. Moreover, you said that Texas produced consumer complaints that even tangentially mentioned Google or advertising but that none of the consumer complaints you found related to any of the issues in this case. We explained that consumer complaints are relevant to the case and that getting confirmation from plaintiffs, like those Texas offered during the meet and confer, about there being no on-point consumer complaints is testimony to which we are entitled, given the claims asserted in the Fourth Amended Complaint.

- **Ad Tech States (Topics 32-41):** You stated that these topics seemed to only apply to the states that purchased their own display advertising and that the decision making regarding those purchases was largely relegated to ad agencies. In fact, all or nearly all 17 plaintiff states appear to use ad tech products or services through their respective attorney general offices or various state agencies. We will discuss with our team whether we are okay asking the state just what it knows and the state being able to explain that it relied on an ad agency. We also explained that we intend to ask the states, however, about their awareness and investigation into their state agencies' use of and experience with ad tech.

Please provide a response on the topics requested by COB tomorrow, March 14.  We would like to be able to have productive discussions during the Friday meet and confer and work to schedule these depositions.

Regards,
Jamie

**Jamie Alan Aycock | Partner | Yetter Coleman LLP**
811 Main Street, Suite 4100, Houston, Texas 77002
(O) 713.632.8089 | (M) 713.306.0455
jamieaycock@yettercoleman.com  |yettercoleman.com  |vCard

5

**From:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>
**Sent:** Tuesday, March 12, 2024 12:56 PM
**To:** Aycock, Jamie <jamieaycock@yettercoleman.com>; Peter M. Hillegas <peter.hillegas@nortonrosefulbright.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; 'noah.heinz@kellerpostman.com' <noah.heinz@kellerpostman.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Young, Trevor <Trevor.Young@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; John McBride <john.mcbride@nortonrosefulbright.com>
**Cc:** Yetter, Paul <pyetter@yettercoleman.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; Lauren Kaplin <lauren.kaplin@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; XIA, Rita <Rita.Xia@freshfields.com>; Google - YC AdTech <googleycadtech@yettercoleman.com>; Syed, Ayla <asyed@yettercoleman.com>
**Subject:** Re: Texas, et al. v. Google LLC, 4:20-cv-00957-SDJ (E.D. Tex.)

Jamie,

This morning I sent an invite for the initial call tomorrow regarding Google's 30(b)(6) to the States.

As noted in the invite, please send to whoever on your team should be on the call. As discussed, this call will be with Texas and outside counsel to discuss the requests and next steps. The second call we will help coordinate this week with the other states. If you would like to send me times for Friday that will be helpful in coordinating the 17 states.

Regarding the 30(b)(6) issued by the States to Google back on February 21st, Google has had our 30b6 topics for 3 weeks. After 2 weeks Google agreed to a call and we discussed, at most, the first 20 topics. Google did not, and has not proposed any additional meetings. Google is further refusing to give us dates and witnesses for the topics noticed and has not provided any written objections or alternatives other than "we are digesting and will get back to you."

We understand that the parties are at an impasse and we intend to raise the issue with the Special Master accordingly.

We again reiterate our request for witnesses and dates so we can plan accordingly. Further, in conjunction with getting dates on the calendar, we are open, as always, to speaking whenever Google is willing.

Zeke

---

**From:** "Aycock, Jamie" <jamieaycock@yettercoleman.com>
**Date:** Tuesday, March 12, 2024 at 10:51 AM
**To:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>, "Peter M. Hillegas" <peter.hillegas@nortonrosefulbright.com>, "SESSIONS, Justina (JKS)" <Justina.Sessions@freshfields.com>, "Geraldine W. Young" <geraldine.young@nortonrosefulbright.com>, "MCCALLUM, Robert" <rob.mccallum@freshfields.com>, "Bracewell, Mollie" <mbracewell@yettercoleman.com>,

"'kbates@hausfeld.com'" <kbates@hausfeld.com>, "'ccooper@cooperkirk.com'" <ccooper@cooperkirk.com>, Ashley Keller <ack@kellerpostman.com>, "'noah.heinz@kellerpostman.com'" <noah.heinz@kellerpostman.com>, Mark Lanier <Mark.Lanier@LanierLawFirm.com>, Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>, "'zina.bash@kellerpostman.com'" <zina.bash@kellerpostman.com>, "'dscalia@dugan-lawfirm.com'" <dscalia@dugan-lawfirm.com>, "'marissa.spalding@kellerpostman.com'" <marissa.spalding@kellerpostman.com>, "'GoogleAdTechStateAGServiceList@KellerPostman.com'" <GoogleAdTechStateAGServiceList@KellerPostman.com>, "Alex J. Brown" <Alex.Brown@LanierLawFirm.com>, Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>
**Cc:** NRFAdTech <NRFAdTech@nortonrosefulbright.com>, "Yetter, Paul" <pyetter@yettercoleman.com>, "ELMER, Julie (JSE)" <Julie.Elmer@freshfields.com>, "MAHR, Eric (EJM)" <Eric.MAHR@freshfields.com>, "BAYOUMI, Jeanette" <Jeanette.Bayoumi@freshfields.com>, "VACA, Lauren" <Lauren.Vaca@freshfields.com>, Lauren Kaplin <lauren.kaplin@freshfields.com>, "TU, Xiaoxi" <Xiaoxi.Tu@freshfields.com>, "ZHANG, Lijun" <Lijun.Zhang@freshfields.com>, "XIA, Rita" <Rita.Xia@freshfields.com>, Google - YC AdTech <googleycadtech@yettercoleman.com>, "Syed, Ayla" <asyed@yettercoleman.com>, "Marc B. Collier" <marc.collier@nortonrosefulbright.com>, John McBride <john.mcbride@nortonrosefulbright.com>
**Subject:** RE: Texas, et al. v. Google LLC, 4:20-cv-00957-SDJ (E.D. Tex.)

Hi Zeke,

As you know, we engaged in a very substantive conversation about the 107 topics in your 30(b)(6) notice on Friday and are digesting and will get back to you, particularly given there are so many topics that the parties discussed may be better addressed in ways other than through a 30(b)(6) witness.  We also will respond separately regarding your accusations about the witness who was deposed yesterday, which the special master thanked Google for making available on short notice.

In any event, those issues are separate from moving forward with discussion about the 17 states depositions that need to be scheduled in the short amount of time left for discovery, which we agreed to table on Friday since you agreed to discuss those issues in two separate calls this week.  We can make 11:30am CT on Wednesday work for the initial call.  I can send an invitation but I'm not sure which subset of folks you would like on that call.  Please let me know availability for the second call with the various states so we don't lose time just waiting to schedule that.  If spring break is an issue for that this week, please let me know availability for that call first thing next week.

Thanks,
Jamie

**Jamie Alan Aycock | Partner | Yetter Coleman LLP**
811 Main Street, Suite 4100, Houston, Texas 77002
(O) 713.632.8089 | (M) 713.306.0455
jamieaycock@yettercoleman.com  | yettercoleman.com  | vCard

**From:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>
**Sent:** Tuesday, March 12, 2024 12:56 AM
**To:** Aycock, Jamie <jamieaycock@yettercoleman.com>; Peter M. Hillegas <peter.hillegas@nortonrosefulbright.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; 'kbates@hausfeld.com' <kbates@hausfeld.com>; 'ccooper@cooperkirk.com' <ccooper@cooperkirk.com>; 'ack@kellerpostman.com' <ack@kellerpostman.com>; 'noah.heinz@kellerpostman.com' <noah.heinz@kellerpostman.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; 'zina.bash@kellerpostman.com' <zina.bash@kellerpostman.com>; 'dscalia@dugan-lawfirm.com' <dscalia@dugan-lawfirm.com>; 'marissa.spalding@kellerpostman.com' <marissa.spalding@kellerpostman.com>; 'GoogleAdTechStateAGServiceList@KellerPostman.com' <GoogleAdTechStateAGServiceList@KellerPostman.com>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>
**Cc:** NRFAdTech <NRFAdTech@nortonrosefulbright.com>; Yetter, Paul <pyetter@yettercoleman.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; MAHR, Eric (EJM) <Eric.MAHR@freshfields.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; VACA, Lauren <Lauren.Vaca@freshfields.com>; Lauren Kaplin <lauren.kaplin@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; XIA, Rita <Rita.Xia@freshfields.com>; Google - YC AdTech <googleycadtech@yettercoleman.com>; Syed, Ayla <asyed@yettercoleman.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; John McBride <john.mcbride@nortonrosefulbright.com>
**Subject:** Re: Texas, et al. v. Google LLC, 4:20-cv-00957-SDJ (E.D. Tex.)

Hi Jamie—thank you for your note and following up on our email below. It looks like y'all followed up on the second part of the email, related to Google's request to get a call on the books ASAP for the 30(b)(6) notices Google sent out last week, and ignored our continued requests for dates and names of deponents for the 30(b)(6) notice we served on Google some three weeks ago.

Regarding your request about the newly served 30(b)(6) on the States, Texas and outside counsel are available for a call on Wednesday at 11:30am CT. Please let us know if that works for your team. (A number of our folks are out of town on spring break, but we can make 1130am work.) If that does not work, please propose other times on Wednesday.

Regarding our first point below, as mentioned, it has been almost 3 weeks since the States issued its 30(b)(6) notice to Google and we have yet to see any specific written objections and do not have any names or dates for depositions. The States' deposition notice, specifically the ones related to records custodians, were urged by the Court back on February 15th and served on Google six days later.

*"And those kinds of depositions -- this is a general matter, particularly in complex litigation -- can be extremely helpful, they can be extremely useful in moving things forward." Feb. 15, 2024 Status Conference Tr. at 24*

As you know, the depositions can only be helpful and move things forward if they get scheduled.

As discussed on the call on Friday and below, there are 53 days left in discovery. There were 73 days left when we noticed the topics for deposition. Google's delay is unacceptable, especially while simultaneously insisting that the States work out scheduling issues ASAP for Google's very recently served notices.

This lack of responsiveness and delay is particularly concerning given Google's recent approach to the dashboard deposition ordered by the Special Master. Google was Ordered on February 26 to provide someone with personal knowledge of dashboards within 14 days. Putting aside the fact that the person Google ultimately provided this afternoon was unprepared for the deposition as Ordered, Google waited to

make that person available until the 14th day, and waited until the last minute to tell us when and where the deposition would occur and the identity of the deponent.

**Please immediately send us the dates and names of the Google representatives that Google will produce in response to our 30(b)(6) served on Google.**

Zeke

----------

Zeke DeRose III - Attorney p: 713-659-5200 w: www.LanierLawFirm.com

**From:** "Aycock, Jamie" <jamieaycock@yettercoleman.com>
**Date:** Monday, March 11, 2024 at 6:15 PM
**To:** "Peter M. Hillegas" <peter.hillegas@nortonrosefulbright.com>, "SESSIONS, Justina (JKS)" <Justina.Sessions@freshfields.com>, "Geraldine W. Young" <geraldine.young@nortonrosefulbright.com>, "MCCALLUM, Robert" <rob.mccallum@freshfields.com>, "Bracewell, Mollie" <mbracewell@yettercoleman.com>, "'kbates@hausfeld.com'" <kbates@hausfeld.com>, "'ccooper@cooperkirk.com'" <ccooper@cooperkirk.com>, Ashley Keller <ack@kellerpostman.com>, "'noah.heinz@kellerpostman.com'" <noah.heinz@kellerpostman.com>, Mark Lanier <Mark.Lanier@LanierLawFirm.com>, Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>, Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>, "'zina.bash@kellerpostman.com'" <zina.bash@kellerpostman.com>, "'dscalia@dugan-lawfirm.com'" <dscalia@dugan-lawfirm.com>, "'marissa.spalding@kellerpostman.com'" <marissa.spalding@kellerpostman.com>, "'GoogleAdTechStateAGServiceList@KellerPostman.com'" <GoogleAdTechStateAGServiceList@KellerPostman.com>
**Cc:** NRFAdTech <NRFAdTech@nortonrosefulbright.com>, "Yetter, Paul" <pyetter@yettercoleman.com>, "ELMER, Julie (JSE)" <Julie.Elmer@freshfields.com>, "MAHR, Eric (EJM)" <Eric.MAHR@freshfields.com>, "BAYOUMI, Jeanette" <Jeanette.Bayoumi@freshfields.com>, "VACA, Lauren" <Lauren.Vaca@freshfields.com>, Lauren Kaplin <lauren.kaplin@freshfields.com>, "TU, Xiaoxi" <Xiaoxi.Tu@freshfields.com>, "ZHANG, Lijun" <Lijun.Zhang@freshfields.com>, "XIA, Rita" <Rita.Xia@freshfields.com>, Google - YC AdTech <googleycadtech@yettercoleman.com>, "Syed, Ayla" <asyed@yettercoleman.com>, "Marc B. Collier" <marc.collier@nortonrosefulbright.com>, John McBride <john.mcbride@nortonrosefulbright.com>
**Subject:** RE: Texas, et al. v. Google LLC, 4:20-cv-00957-SDJ (E.D. Tex.)

All,

I am writing to follow up on our request to discuss our 30(b)(6) deposition notices to the states. We discussed having two calls this week on the issue. The goal was to talk early this week about issues and questions you might have with the notice and then talk more specifically with the various states about specific scheduling issues. Are the relevant folks for Plaintiffs available for a call tomorrow? I would also like to get the second call on the calendar ASAP.

Best,
Jamie

**From:** Peter M. Hillegas <peter.hillegas@nortonrosefulbright.com>
**Sent:** Friday, March 8, 2024 7:39 PM

**To:** SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; 'kbates@hausfeld.com' <kbates@hausfeld.com>; 'ccooper@cooperkirk.com' <ccooper@cooperkirk.com>; 'ack@kellerpostman.com' <ack@kellerpostman.com>; 'noah.heinz@kellerpostman.com' <noah.heinz@kellerpostman.com>; 'mark.lanier@lanierlawfirm.com' <mark.lanier@lanierlawfirm.com>; 'zeke.derose@lanierlawfirm.com' <zeke.derose@lanierlawfirm.com>; 'jonathan.wilkerson@lanierlawfirm.com' <jonathan.wilkerson@lanierlawfirm.com>; 'zina.bash@kellerpostman.com' <zina.bash@kellerpostman.com>; 'dscalia@dugan-lawfirm.com' <dscalia@dugan-lawfirm.com>; 'marissa.spalding@kellerpostman.com' <marissa.spalding@kellerpostman.com>; 'GoogleAdTechStateAGServiceList@KellerPostman.com' <GoogleAdTechStateAGServiceList@KellerPostman.com>
**Cc:** NRFAdTech <NRFAdTech@nortonrosefulbright.com>; Yetter, Paul <pyetter@yettercoleman.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; MAHR, Eric (EJM) <Eric.MAHR@freshfields.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; VACA, Lauren <Lauren.Vaca@freshfields.com>; Lauren Kaplin <lauren.kaplin@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; XIA, Rita <Rita.Xia@freshfields.com>; Google - YC AdTech <googleycadtech@yettercoleman.com>; Aycock, Jamie <jamieaycock@yettercoleman.com>; Syed, Ayla <asyed@yettercoleman.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Peter M. Hillegas <peter.hillegas@nortonrosefulbright.com>
**Subject:** Texas, et al. v. Google LLC, 4:20-cv-00957-SDJ (E.D. Tex.)

Counsel,

Thank you for the productive meet and confer. I write to memorialize our discussion:

- Google will provide an answer today regarding the States' motion to lift stay
- Google will promptly provide written objections to all 107 of the 30(b)(6) deposition topics
- The Parties agreed that portions of certain topics may be possible to be resolved without a witness. Google to propose alternatives to narrow the scope of certain topics
- The States to respond regarding what the scope of Topics 17 and 20
- The Parties will discuss whether a 30(b)(1) deponent will present testimony in a corporate capacity and how to handle as it comes up to avoid duplication

We also would like immediately scheduled dates and names for the existing 30(b)(6) categories. We were able to make Monday's dashboard depo work with short notice, but would like to get some dates on the book for March.

As noted on the call, we have less than 2 months left of fact discovery (57 days). On February 21st, we served our 30(b)(6) and set out our requests in categories to facilitate Google's identifying and producing a witness for deposition.

We understand Google would like to know names of any potential 30(b)(1) witnesses the States intend to depose, to see if there is cross-over with a deponent being able to present testimony in a corporate capacity. We will revisit our list of potential deponents and timing of notices and anything we can share with Google to help facilitate the process. That being said, it will be helpful for scheduling (and for trying to figure out if there is potential for cross over testimony) if Google sends over who it is proposing to present testimony for the categories noticed.

As discussed, Plaintiffs intend to schedule 2 meet-and-confer calls next week to discuss Google's 30(b)(6) notices, one earlier in the week and generalized, and one later in the week and more specific with potentially all states. We will revert with dates/times.

Please let us know if you disagree with our understanding of the positions.

Best,

Peter

**Peter M. Hillegas** | Senior Associate
Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100, Austin, Texas  78701-4255, United States
Tel +1 512 536 2402 | Fax +1 512 536 4598
peter.hillegas@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.