*FILED UNDER SEAL*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT 7

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE MARCH 21, 2024 HEARING**

March 5, 2024

Via E-mail

Eric Mahr
Julie S. Elmer
Freshfields Bruckhaus Deringer LLP
700 13th Street NW, 10th Floor
Washington, DC  20005
Eric.mahr@freshfields.com
julie.elmer@freshfields.com

R. Paul Yetter
Bryce Callahan
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

John D. Harkrider
Axinn Veltrop & Harkrider, LLP
114 West 47th Street
New York, NY  10036
jharkrider@axinn.com

Daniel S. Bitton
Axinn Veltrop & Harkrider, LLP
560 Mission St.
San Francisco, CA 94105
dbitton@axinn.com

**Re:** *The State of Texas, et al. v. Google LLC*, **Case No. 4:20-cv-00957-SDJ (E.D. Tex.)**

Dear Counsel:

      We write on behalf of the State Plaintiffs ("States") in response to Google LLC's ("Google's") letter, dated March 1, 2024.  As we raised previously, the States also follow up regarding the scheduling of the deposition of the "suitable records custodian or Rule 30(b)(6) witness with personal knowledge of Google's dashboards for Display Ads" that was ordered by the Court to occur within 14 days of February 25, 2024.  As required by Rule 30(b)(6), the States also want to start meeting and conferring, through both written correspondence and calls, regarding the States' February 21, 2024 Rule 30(b)(6) Notice to Google.

March 5, 2024
Via E-mail
Page 2

### 1.  The States' requests as to Google's production of Google Chats

Thank you for providing some of the information requested by the States and related to Google Chats in and along with Google's March 1 Letter.  The States are studying the information and will revert if there are any follow-up inquiries with respect to the information provided.

Google, however, has not provided any information, proposals, or practical solutions to resolve the significant issue of Google's production of Google Chats without basic metadata, like Chat dates and participants, which render the Google Chats unsearchable and unusable for purposes of document review and depositions.  In the States' February 26, 2024 letter, the States explicitly asked for Google to check "on the state and details of the missing basic Chat metadata, including how that metadata is kept, whether that metadata can be extracted, and if there are any solutions that provide the States with an overlay or other production of that metadata."  Google has not provided that information but, instead, simply refused by stating in its March 1 Letter: "Google does not maintain those fields in the ordinary course of business and the governing ESI Order does not require the manual population of any fields."  Google's letter does not say whether the basic metadata can be extracted in a workable, searchable or usable form.

The States find it unbelievable that Google—one of the most sophisticated technology companies in the world, according to Google—does not or is unable to automatically associate and extract basic, fundamental information as to electronically stored Google Chats or instant messages.  Rather, in trying to hide behind the ESI Protocol, Google claims in a conclusory manner that it must "manually" populate such basic metadata for its Chats, when that same metadata and more can be and is automatically extracted from other electronically stored information or ESI.

The States believe that the Special Master and the Court will also question and view with skepticism Google's claimed inability to extract and produce basic metadata, like dates and names, with its Google Chats.

Contrary to Google's arguments, the ESI Protocol does not shield Google here.  Among other requirements, the Protocol requires Google to produce for each document each metadata field "that **can be extracted** … to the extent reasonably practicable" and to "make reasonable efforts to ensure that metadata fields automatically extracted from the documents correspond directly to the information that exists in the original documents." ECF No. 183 at 16 (emphasis added).  Google also agreed that "[i]f particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents" and agreed, "to the extent practicable, not to materially degrade the searchability of the documents as part of the document production process."  *Id.* at 8.  Thus far, Google is not cooperating on this issue and has not answered whether the basic metadata "can be extracted" in some form that permits the States to decipher the dates of and participants in the Chats.

In an effort to find a practical solution to this issue, the States reiterate the same questions they asked of Google in their February 26 Letter:

March 5, 2024
Via E-mail
Page 3

> (1) does this basic metadata (ChatSource, ChatDate, Participants, ThreadID, ATTACHMENT_PATH [1]) exist somewhere, and does Google keep or maintain it somewhere. in Google's ecosystem (that is, what does Google see when it looks at these Chats; surely, it sees dates and names, at a minimum)?
>
> (2) if so, can it be extracted and produced to the States?
>
> (3) if, in fact, Google cannot extract it automatically and must manually populate the metadata with the underlying Google Chats, then can Google produce it raw or natively to the States (in Excel or other workable format) and the States can figure out a way to populate it with the 13K chats produced by Google? Alternatively, does Google have another workable solution to produce the metadata in some searchable, usable form to the States? The States **need** this metadata (again, basic identifiers like dates and names of Google employees chatting) and, again, believe that the Special Master and the Court will expect and require Google to work with the States on this issue.

The States request that Google provide a response to the above questions by **March 11, 2024**. If Google does not provide any workable solutions to this issue, the States will raise it before the Special Master at the next hearing. On the other hand, if Google knows already that it will not cooperate on this issue, then let the States know by tomorrow **March 6, 2024**, and the States will raise the issue with the Special Master at the March 7, 2024 hearing.

Additionally and as discussed further below, on February 21, 2024, the States requested Rule 30(b)(6) deposition(s) on topics related to Google's productions and Google Chats, among many other relevant topics. As discussed during last week's meet and confer, the States would like to immediately start discussing and scheduling those Rule 30(b)(6) depositions, including on topics related to these Chat issues.

## 2. The States' request for unredacted transcripts and exhibits from the DOJ Search Trial

The States accept Google's offer, copied below for reference, in its March 1 Letter with respect to Google's review and production of transcripts and exhibits from the *Search* Trial:

> Google is willing to review any non-public trial transcripts of Google witnesses to ascertain whether their testimony bears on the claims and defenses in this case (e.g., digital advertising-related market definition or display ad tech products and services). If relevant testimony is identified, Google will produce relevant portions of testimony together with any exhibits that are referenced in those relevant portions, subject to the protective order ….

---

[1] As the ESI Protocol provides: "Field names can vary from system to system and even between different versions of systems. Thus, Parties are to be guided by these Field Names and Field Descriptions when identifying the metadata fields to be produced for a given document pursuant to this ESI Protocol Order." ECF No. 183 at 16.

March 5, 2024
Via E-mail
Page 4

The States request that Google complete this review and production in three weeks by **March 26, 2024.** Please let us know by tomorrow **March 6, 2024** if that timeline is acceptable. The States will let the Special Master know that this issue has been resolved, pending agreement on a concrete timeline for this review and production, given the need to make sure discovery and document productions are completed sufficiently in advance of the deadline in this case.

The States continue to disagree with Google's repeated arguments about the States' purported position that the *Search* case is "irrelevant." The States have never taken that position but, as the underlying communications and documents show, the States' position was that Google's past productions of *Search* investigation documents did not satisfy and cannot be claimed to satisfy Google's obligation to produce other relevant, responsive documents in this case. As public reports have shown, aspects of the *Search* trial touched upon advertising issues relevant to this case, whether related to search and/or display advertising. But, in an effort to reach a mutually satisfactory compromise, the States are willing to accept the offer from Google.

Please let the States know by tomorrow **March 6, 2024** whether Google can complete the agreed-upon review and production in three weeks by **March 26, 2024.**

### 3.  Texas's requests for production related to its state-law DTPA claims

As an initial matter, Google states in its March 1 Letter that it "would like to conclude any additional search term and custodian negotiations as soon as possible"—yet, Google still has not provided Texas with a proposal or counterproposal of relevant new custodians and search strings to move this process along. For many weeks, Texas has repeatedly asked Google, as the party with the far superior knowledge of its relevant people and its databases for search strings, to first provide an initial discovery proposal and, then after Texas agreed to take the first step despite its inferior informational position, a counter-proposal to Texas's proposal of custodians and search strings.

Google's March 1 Letter simply complains about Texas's proposal, which was qualified as an initial draft to start substantive discussions, but offers no counterproposal or real, tangible solutions. Setting aside the parties' disputes about past history (which are irrelevant at this point, given the Court's directive that all relevant documents be produced regardless), any delay at this present time is Google's delay.

With respect to the search terms or search strings, Texas's proposals are clearly not "duplicative," as Google claims, because they've resulted in large volumes of new hits. Contrary to Google's other argument, the initial search strings were crafted to find relevant documents as to Google's external and internal communications and documents about Google programs or products that are central to Texas's DTPA claims, by identifying search terms associated with those programs or products and identifiers for potentially relevant documents or terms, based on the States' review of documents already produced by Google.

It is now (and has long been) Google's turn to counter-propose refining those search terms.

Texas is willing to consider and work with Google on such refining, including with respect to search string 21, which Google has identified as bringing in 85% of the hits. That seems like an easy string to refine and, thus, make this overall process more workable—yet, again, Texas is still waiting on Google's counterproposal. Texas requests that Google provide a counterproposal on search strings by **March 11, 2024.**

With respect to new custodians, while Texas has proposed four names, Google has proposed none still. Google instead demands that Texas agree to only five new custodians before Google even makes the effort to identify and propose *a single* new custodian (since the States have already proposed four). That is patently unreasonable, particularly given that Texas has asked for weeks for Google to propose names.

In an effort to reach a compromise while also balancing its right to conduct discovery on its DTPA claims and again recognizing that it does not have insight into all relevant custodians, Texas is willing to agree to limit the new custodians to **10 custodians**, inclusive of the four proposed already by Texas, conditioned on the requirement that Google identify and propose the six other custodians by **March 11, 2024.**

Please let Texas know by tomorrow **March 6, 2024** whether Google agrees to: (a) provide a counterproposal on search strings by **March 11, 2024**; and (b) provide new custodian names by **March 11, 2024.** Given that both sides want to expedite this discovery and related discussions, these issues cannot be further deferred for the next Special Master hearing. If Google is unwilling to provide these repeatedly requested counterproposals, the States intend to raise it with the Special Master at the March 7, 2024 hearing.

**4. The Rule 30(b)(6) "dashboards" deposition and the States' Rule 30(b)(6) Notice to Google**

The States are still waiting for dates from Google for the deposition ordered by the Special Master on February 25. As discussed on our meet and confer last week, the Special Master's Order clearly requires Google to "produce" a witness for deposition within 14 days of the Order, not merely identify a witness within 14 days, as Google's counsel thought. The full text is copied here for reference: "The Special Master therefore ORDERS that, within fourteen days of this Order, Google shall produce a suitable records custodian or Rule 30(b)(6) witness with personal knowledge of Google's dashboards for Display Ads for a deposition." ECF No. 265 at 5. Please provide available dates immediately—with sufficient time for the States to consider them—so that the parties can schedule that deposition. As we advised, if Google is unable to produce a witness within the required timeframe, the States are amenable to a short extension within reason but the parties would need to seek leave from the Special Master.

As to their broader Rule 30(b)(6) Notice, the States served that Notice two weeks ago on February 21, 2024. The Rule requires: "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). To meet that requirement, the States request that the parties immediately

March 5, 2024
Via E-mail
Page 6

begin meeting and conferring regarding the Notice and topics within it.  To make the meet and confers productive and efficient, the States request that Google begin identifying in writing potential deponents and topics, followed by meet and confer calls to discuss those depositions and topics.  The States are willing to engage in rolling discussions as to categories of topics and/or by witness to move these discussions along.  Please let us know immediately Google's availability to meet and confer, to be preceded by written correspondence by Google to help facilitate discussions.

Sincerely,

*/s/ Zeke DeRose III* .
Zeke.DeRose@LanierLawFirm.com
**THE LANIER FIRM, P.C.**
10940 W. Sam Houston Parkway N.,
Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

***Counsel for Texas, Idaho, Louisiana, Mississippi, North Dakota, Mississippi, South Carolina, and South Dakota***

Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas  77010
(713) 651-5151

Marc B. Collier
marc.collier@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, Texas  78701
(512) 474-5201