*FILED UNDER SEAL*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>     Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT 8

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE MARCH 21, 2024 HEARING**



**HIGHLY CONFIDENTIAL**

**Via Email**

Zeke DeRose III
The Lanier Law Firm, PC
Zeke.DeRose@lanierlawfirm.com

Joseph M. Graham, Jr.
Geraldine Young
Marc B. Collier
Norton Rose Fulbright US LLP
joseph.graham@nortonrosefulbright.com
geraldine.young@nortonrosefulbright.com
marc.collier@northrosefulbright.com

**New York**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
T +1 212 284 4910
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

March 9, 2024

Re:   *State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.)

Counsel:

We write in response to your March 5, 2024 letter regarding Plaintiffs' request for additional source code. Plaintiffs have failed to follow the Special Master's guidance to engage on source code issues and only raise genuine disputes. The tone and substance of your letter demonstrates that this is simply the latest in a string of efforts by Plaintiffs to declare impasse and tee up premature disputes before the Special Master without first engaging in a good faith meet and confer process.

In our February 16, 2024 letter, Google offered to make available certain source code to address Plaintiffs' requests from your January 16 letter, including (1) one additional source code snapshot on a date of Plaintiffs' choosing and (2) certain source code files and directories. In our February 16 letter, we asked Plaintiffs to confirm "your preferred date for the snapshot." And we stated that Google would "collect and make available the files and directories at the time of each source code snapshot already made available to Plaintiffs and at the time of the additional source code snapshot of Plaintiffs' choosing."

Plaintiffs did not respond to Google's offer before the February 22 Conference. At the Conference, the Special Master stated that "Google is open for further conversation and further access to the source code" and "encourage[d] the States to engage on that." Hr'g Tr. at 96:20-23 (February 22, 2024).

Plaintiffs did not engage on Google's offer as encouraged by the Special Master. Having heard nothing of substance from Plaintiffs, on March 5, 2024 Google sent Plaintiffs a letter

confirming that Google could, as previewed, make available additional files and directories to supplement its February 16 offer. In that March 5 letter, we reminded Plaintiffs that the ball was squarely in their court to "select the date of the additional source code snapshot that we offered on February 16."

Later that evening, Plaintiffs demanded production of source code in three days without regard to their own failure to previously engage. We address Plaintiffs' various contentions below.

**Demand for Production Within Three Days In the Absence of Any Agreement**. Plaintiffs' demand for piecemeal production reflects Plaintiffs' fundamental misunderstanding of the sensitivity of the source code they are demanding. Under the Confidentiality Order, the source code is made available for inspection on a single secured computer in a secured, locked room without Internet access or network access to others computers. *See* ECF No. 182, Appendix B at ¶ 10. To make its source code available for inspection, Google must identify and collect the relevant code, download the code from their internal system, upload the code onto the source code laptop, and transport the source code laptop by hand to a secure room. Google does not agree to undertake this burdensome task on a piecemeal basis at Plaintiffs' whim. Plaintiffs need to engage in good faith in this process and reach agreement on the scope of code for inspection, including the date of the additional snapshot that we invited Plaintiffs to select three weeks ago. Google will begin the collection process promptly once the parties reach an agreement on this issue.

**Bernanke Initial Implementation**. Plaintiffs have had four years to review Google's documents relating to Bernanke, and more than seven months to review Google's existing source code productions. Against that backdrop, the assertion in your letter that Google's good faith offer to provide an additional snapshot of Plaintiffs' choosing is somehow an effort to engage in a "guessing game" or in violation of applicable rules or orders makes no sense. To the contrary, we suggested that Plaintiffs select the date of the snapshot so that we could ensure we were giving you what you claimed to want. We do not agree to stipulate that "no unproduced versions of source code contain any differences material to the claims at issue in this case." However, based on preliminary inquiries, Google thinks that it would be more prudent to take a snapshot as of December 1, 2013 if Plaintiffs' goal is to capture Bernanke implementation. Please confirm your agreement.

**Bell**. As noted in our February 16, 2024 letter, Google has reviewed the source code made available to date and determined in good faith that Plaintiffs already have access to the source code for Project Bell, including code to "execute Project Bell." Google has no obligation to assist Plaintiffs' experts with their analysis of Google's source code by identifying segments of the code relating to specific functions.

**Source Code Files and Directories**. As to your various requests and assertions:

- Plaintiffs' assertion that Google has not addressed Plaintiffs' request for the folder titled ███████████████████ is wrong. That folder is listed on line 6 of Appendix 1 to Google's February 16 letter.

- Plaintiffs' request for all files in ▮▮▮▮▮ is a request for mostly publicly available files.[1]

- Google does not agree to produce hundreds of thousands of lines of code that are not tethered to the ad tech products and features in this case in response to Plaintiffs' request for files in ▮▮▮▮. Plaintiffs already have access to the files from ▮▮▮▮, and Google has offered to produce files from ▮▮▮ including: files ▮▮▮▮▮ and files from ▮▮▮▮, and ▮▮▮▮ and ▮▮▮.

- We do not understand your assertion that, "[i]n light of Google's agreement that the parties are at an impasse with respect to all source code issues raised in the States [sic] January 16, 2024 letter[.]" We are not aware of any such agreement and do not consider the parties to be at an impasse with respect to those source code issues.

**Cassandra Software.** Google has considered Plaintiffs' request to install Cassandra software on the source code computer. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The governing Confidentiality Order makes clear that such access is not required and Google does not agree to give Plaintiffs access to the broader Google network. Google remains willing to meet and confer regarding alternative ways for Plaintiffs to access the SSTable files already on the source code laptop to the extent that they are relevant.

**Bernanke experiment files.** Plaintiffs' request for SSTable files is not a request for source code, but for raw data files that can be used by source code to load certain values.[2] As explained in Google's February 16 letter, Plaintiffs already have access to the source code that explains how Bernanke works, adjusts bids, and calculates multipliers. Plaintiffs have reiterated their request for Google to undertake the burdensome and duplicative exercise of collecting raw data files without explaining how access to the raw data files is relevant or commensurate with the needs of the case, particularly in light of the production Google has already made. Absent any explanation by Plaintiffs of the relevance of these files (which Google does not think are relevant to the claims and defenses in this case), we decline to provide these raw data files.

\* \* \*

Plaintiffs' letter ignores the Special Master's guidance that the parties should "make as much progress by agreement" as possible, and only "come back to the Special Master . . . after [the parties] really worked hard in good faith on the source code." Hr'g Tr. at 96:25-97:3. We look forward to hearing from you promptly regarding Google's offer to make available for inspection: (1) the additional source code snapshot on December 1, 2013; and (2) the files and directories listed in Appendix 1 to Google's February 16 letter and Appendix 1 to Google's March 5 letter.

---

[1] Available at https://github.com/protocolbuffers/protobuf/tree/main/src/google/protobuf.
[2] Contrary to Plaintiffs' assertions, the presence of SSTable files on the source code laptop does not mean that those files are themselves source code.

HIGHLY CONFIDENTIAL<br>March 9, 2024<br>Page 4

We remain available to meet and confer.

        Sincerely,

        */s/ Robert J. McCallum*

        Robert J. McCallum