*FILED UNDER SEAL*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

# EXHIBIT 10

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE MARCH 21, 2024 HEARING**

March 11, 2024

Via E-mail

Eric Mahr
Julie S. Elmer
Freshfields Bruckhaus Deringer LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Eric.mahr@freshfields.com
julie.elmer@freshfields.com

R. Paul Yetter
Bryce Callahan
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

John D. Harkrider
Axinn Veltrop & Harkrider, LLP
114 West 47th Street
New York, NY 10036
jharkrider@axinn.com

Daniel S. Bitton
Axinn Veltrop & Harkrider, LLP
560 Mission St.
San Francisco, CA 94105
dbitton@axinn.com

Re: *The State of Texas, et al. v. Google LLC*, Case No. 4:20-cv-00957-SDJ (E.D. Tex.)

Dear Counsel:

    I write in response to your March 9, 2024 letter, which does not accurately reflect the history of the Parties' dispute related to source code. The States have been willing to work with Google to obtain the source code needed for the States to prepare its case, and reiterate our suggestion that Google make a fulsome production of source code to obviate the need for this piecemeal back-and-forth regarding specific folders and categories of files. While we do not think it is productive to relitigate the history of this dispute, we note that when the Parties met and conferred on February 6, Google was unprepared to discuss source code, requested more time, suggested that Google would likely be able to produce source code that would satisfy the States' requests, and agreed that the Parties would be at an impasse if Google's proposed production did not resolve the States' requests. The States took Google at its word that it was acting in good faith and not just to delay. Yet more than a month later Google has not made available the code that it

March 11, 2024
Via E-mail
Page 2

has already agreed to produce, independent of any additional snapshots. *See* Feb. 16, 2024 letter from R. McCallum at 2-3; Dkt. 246 at 15.

Despite asserting to the States that it would produce code, and representing to the Special Master that Google had offered additional source code for inspection, Google now admits that it has not even "beg[u]n the collection process" for this source code, and that it refuses to do so until the Parties reach agreement on the full scope of code requested. Far from demanding production within three days, the States had expected Google to promptly produce code in February. *See* Feb. 16, 2024 letter from R. McCallum at 2-3; Dkt. 246 at 15. And while Google complains that they must identify, collect, and download the code, these are strictures that Google put in place for the production of its own code – not special hardships that Google must overcome.

Bernanke Initial Implementation

As Mr. Yetter pointed out to the Special Master in the March 7, 2024 hearing, the Parties were required to produce all relevant documents at the start of the litigation. Yet Google still refuses to meet its obligations. With respect to the Bernanke code snapshot, there is no mystery as to what the States are looking for – the code for the initial implementation of Bernanke. Google, not the States, knows when Bernanke initially launched. In order to move this case forward, the States will accept a December 1, 2013 snapshot of the code, based on Google's representation that this snapshot corresponds to the initial implementation of Bernanke. However, Google's apparent refusal to stipulate that the snapshots of the code it has made available are representative versions of the code is troubling. To the extent Google intends to rely on any unproduced code, it must immediately make such code available for inspection. The States further remind Google that under the rules of the Eastern District of Texas and Judge Jordan's discovery order in this case, Google will be precluded from relying on any material that it does not produce. That necessarily includes any arguments from Google that the code that it *has* produced operates differently from code that it has *not* produced. *See, e.g.*, *Quintel Tech., Ltd. v. Huawei Techs. USA, Inc.*, 2018 U.S. Dist. LEXIS 39400, at *6-7 (E.D. Tex. Mar. 9, 2018) ("[A] party that fails to timely disclose all documents and information relevant to their claims and defenses is prohibited from using such evidence at trial."); *Freeny v. Murphy Oil Corp.*, 2015 U.S. Dist. LEXIS 118731, at *3-7 (E.D. Tex. June 3, 2015) (precluding defendant from relying on relevant unproduced documents or underlying data).

Project Bell

We believe the that Parties are at an impasse on this issue, and that the States will have to raise this issue to the Special Master. The States believe that Bell is not on the computer. Google says it is. The States are not requesting that Google perform discovery for them; the States have been spent significant time reviewing the source code, as Google itself acknowledges. Dkt. 246 at 17 ("Plaintiffs have had access to approximately 80 gigabytes of Google's source code since July 17, 2023, and they have inspected that code 36 times so far."). The States urge Google to reconsider

March 11, 2024
Via E-mail
Page 3

its position and avoid hours of discussion, briefing, and hearing before the Special Master by simply identifying where in the source code computer Project Bell is located.

Missing Code

- To the extent Google is agreeing to produce ███████████████████████ the Parties are no longer at an impasse.

- If ████████████████ is "<u>mostly</u> publicly available files," then it is not entirely publicly available. Your refusal to produce non-public documents puts the Parties at an impasse.

- While Google states that it "does not agree to produce hundreds of thousands of lines of code that are not tethered to the ad tech products and features in this case," the States have already asserted that the ████████████ folder is "used by Bernanke, referenced in snapshots, and are relevant to understanding how Bernanke operates and what data is logged." Jan. 16, 2024 letter from Z. DeRose. As Google is <u>still</u> refusing to produce relevant log files, the Parties remain at impasse.

Cassandra Software

The States first asked for Cassandra Software on January 16, 2024. Google has refused to provide it for six weeks, and only now states that "[t]he SSTable files cannot be viewed using Cassandra without connecting to the Google network." Mar. 9, 2024 letter from R. McCallum at 3.

Google's assertion is incorrect. The States's source code reviewer has already determined that the existing SSTable files can be loaded locally in VSCode and text editor; however, once loaded, the files show random characters. However, we believe that a Cassandra tool named *sstabledump* can convert the SSTable files to JSON files, which may then be viewed in the existing VSCode software – none of which requires a connection to Google's network.[1]

The States are available to meet and confer on March 11 or March 12. Under the protective order, "[t]o the extent a party is constrained from producing responsive ESI because of a third-party license or <u>because software necessary to view the ESI is hardware-dependent</u>, the Parties shall meet and confer in an attempt to reach an agreement on whether alternative methods exist to enable the requesting party to view the ESI." Dkt. 183 at App'x L. To the extent Google is not prepared to promptly install the requested software or provide alternative software, the States will seek a modification of the Protective Order to allow them to view these SSTable files.

---

[1] Documentation regarding *sstabledump* may be found at https://cassandra.apache.org/doc/stable/cassandra/tools/sstable/sstabledump.html.

March 11, 2024
Via E-mail
Page 4

<u>Bernanke Experiment Files</u>

The Parties appear to be at an impasse on this issue. Contrary to Google's assertions, the States explained the relevance of the SSTables in its prior letters. Google now seems to be taking the position that these files are not "source code;" if that is the case, Google is free to produce them in native format to the States, rather than making them available for inspection on the source code review computer.

* * *

We believe that the issues above are ripe for the Special Master, but are available for a meet and confer on March 11 and 12 (in advance of the deadline for filing a brief with the Special Master).

Sincerely,

<u>/s/ Zeke DeRose III</u>                .
Zeke.DeRose@LanierLawFirm.com
**THE LANIER FIRM, P.C.**
10940 W. Sam Houston Parkway N.,
Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

***Counsel for Texas, Idaho, Louisiana, Mississippi, North Dakota, Indiana, South Carolina, and South Dakota***

Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
marc.collier@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201