**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendants. | Case No. 4:20-cv-00957-SDJ <br><br> Hon. Sean D. Jordan <br><br> Special Master: David T. Moran |

**JOINT STATUS REPORT TO THE SPECIAL MASTER
FOR THE MARCH 21, 2024 HEARING**

Pursuant to the Special Master's Order (ECF No. 227), Plaintiff States ("States") and Defendant Google LLC ("Google") submit this Joint Status Report in advance of the March 21, 2024 hearing before the Special Master.

The Parties provide the below updates regarding each issue briefed to the Special Master and look forward to discussing them further with the Special Master at the upcoming hearing.

1

**States' Disputes**

The Parties have discussed narrowing and potential resolutions with respect to the following issues and remain at an impasse on the following issues:

1. **The Special Master's Order on Dashboards:**  Pursuant to the Special Master's order, the States took the Rule 30(b)(6) deposition of Benjamin Kornacki regarding dashboards relevant to Google's Display Ads business. Mr. Kornacki lacked knowledge of such dashboards and failed to adequately investigate these dashboards in advance of his deposition.

   **The States therefore request that the Special Master order: (1) Google produce live another witness or witnesses, at Google's expense, at an evidentiary hearing to take place on or after March 29 in the presence of the Special Master, wherein the witness will be subject to questioning from counsel for the States and the Special Master; (2) such witness to bring to that hearing a laptop with access to Google's network and ability to access all display advertising dashboards; (3) Google produce to the States and the Special Master 72 hours before the evidentiary hearing: (a) all documents found at the links referenced in Ex. 2; (b) screenshots of the five dashboards that Mr. Kornacki reviewed in preparation for his deposition; (c) any other dashboards that Google's counsel upon reasonable investigation may think reasonably necessary for the Special Master to have an understanding of what potential dashboards can be run upon request given the issues sought to be determined by the States; (4) fees and expenses for all activities related to the deposition of Mr. Kornacki; and, as appropriate (5) an order precluding Google from offering any expert or fact witness opinion informed by any previously unproduced Dashboards or their underlying data or information.**

2. **The States' Rule 30(b)(6) Notice to Google:**  The one-month anniversary of the States' February 21, 2024 service of their Rule 30(b)(6) Notice to Google has now passed. Despite the States' meet and confer with Google and repeated requests to Google to provide written responses and to identify witnesses and deposition dates in response to the States' Notice, only yesterday did Google finally provide "objections" and only with respect to the first 20 of the 107 topics noticed by the States.  Even those partial and belated "objections" did not name any witnesses or offer any dates for any Rule 30(b)(6) depositions.  The States have also experienced delays and other issues scheduling their Rule 30(b)(1) depositions, noticed two weeks ago on March 4, including learning more than a week after service that Google counsel cannot accept service for certain deponents.

   **The States therefore request that the Special Master order Google to identify and offer Rule 30(b)(6) witnesses and deposition dates for topics 1-20 (discovery and custodian topics) by <u>March 22, 2024</u>; for topics 21-65 (high-level tech topics) by <u>March 29, 2024</u>; for topics 66-97 (tying and economic topics) by <u>April 5, 2024</u>; and for topics 98-107 (DRS, Bernanke, UPR, RPO, and other conduct-specific topics) by <u>April 12, 2024</u>.**

3. **The States' Requests on Source Code:**  It has now been two months since the States requested code, and even agreed code has not been produced. The States requested the initial implementation of Project Bernanke. While Google has proposed a December 1, 2013 implementation, the States seek assurance that: (1) the December 1, 2013 implementation is the earliest implementation of Bernanke; (2) Google will not assert that the States erred in not reviewing a different implementation; or (3) that any earlier implementations are not materially different. Google has thus far refused to so stipulate.

The States requested Google's SSTable files, which are inputs to the Bernanke code, and software to view them. The Parties met and conferred on March 19, 2024, but were unable to come to a resolution.

While Google has agreed to produce code in numerous folders, it has refused to identify, collect, or produce any of the agreed code until <u>all</u> source code discussions are complete.

**The States therefore request the Special Master: (1) preclude Google from asserting that any Bernanke implementation from prior to December 1, 2013 is different in any material way; (2) produce all Bernanke SSTables; (3) provide software to view all produced Bernanke SSTables, including those already produced; and (4) order production of all agreed code, including the Bernanke implementation, SSTables, and software, by March 25, 2024.**

The States also provide an update on the following dispute carried by the Special Master in the March 10 Order (ECF No. 289 at 5).

4. **The States' Requests regarding DTPA RFPs, Search Terms, and Custodians:** On Monday, March 11, 2024, the States sent Google an email accepting Google's proposed modified search terms for the DTPA requests for production and requesting custodian proposals and other related information from Google immediately, in an effort to move this process along as quickly as possible.

Google responded last night on Wednesday, March 19 that: (1) The process of running the agreed DTPA search strings as to past custodians is already underway; (2) Google is working to identify new custodians and will provide those names no later than Friday, March 22, 2024; and (3) Google will agree to run the old and new search strings over the new custodians subject to the condition that the old search strings do not return an unreasonable number of hits. If they do, Google will meet and confer about which terms should be applied to the new custodians.

**Given the long time that has elapsed since they first started requesting custodians and search terms, the States request that the Special Master memorialize the above agreements in an order and institute concrete deadlines, by ordering Google to identify new DTPA custodians by <u>March 22, 2024</u>; run new search terms as to past custodians by <u>March 29, 2024</u> and complete that production by a date certain; and run old and new search terms as to new custodians by <u>April 3, 2024</u> and complete that production by a date certain.**

**Google's Disputes**

Google provides the following status update:

1. **Plaintiffs' Deficient Productions**: Google has conferred, or is scheduling to confer, with certain Plaintiffs about deficiencies identified by Google with respect to their productions.  Some Plaintiffs have already agreed to take steps to address such deficiencies and Google will continue to engage with Plaintiffs on these issues. However, Google intends to raise with the Special Master ongoing issues that require his intervention. One Plaintiff has not provided a description of its search methodology as required by the Special Master's February 25, 2024 order, or its chat and document retention policies. (Google was informed yesterday that this methodology should be received today and hopes to provide a further update tomorrow.)  One Plaintiff (Puerto Rico) has not responded to Google's request to meet and confer about deficiencies apparent from its described search methodology.  In addition, that Plaintiff has not produced responsive chat and document retention policies. **Accordingly, Google intends to seek an order from the Special Master about particular steps that Puerto Rico must take to remedy its deficient production, including 1) production of retention policies, and 2) an adequate search of its own office's use of Ad Tech; and requiring any remaining Plaintiffs to produce search methodology and retention policies.**

2. **Google's 30(b)(6) Notice to Plaintiffs**: Since Google served its 30(b)(6) notices on Plaintiffs, they have not offered any dates or witnesses.  In discussions, Plaintiffs have objected to providing a witness to be deposed on the factual bases for their allegations, to further discuss their interrogatory and RFA responses, or to answer questions about the interviews that were conducted of third parties, including facts discussed or learned during those interviews. **Google intends to seek the Special Master's assistance in scheduling the 17 Plaintiffs' depositions on the topics as noticed or as promptly agreed between the parties after conferring in good faith.**

Respectfully submitted,

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
(713) 659-5200
**THE LANIER LAW FIRM, PLLC**

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220

Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut, N.W., 11th Floor
Washington, DC 20005
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier
Law Firm only), Indiana, North Dakota,
Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on March 20, 2024, this document was filed electronically in compliance with

Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local

Rule CV-5(a)(3)(A).

<u>/s/ Geraldine Young</u>
Geraldine Young
