# EXHIBIT C



**HIGHLY CONFIDENTIAL**

**Via Email**

Zeke DeRose III
The Lanier Law Firm, PC
Zeke.DeRose@lanierlawfirm.com

Joseph M. Graham, Jr.
Geraldine Young
Marc B. Collier
Norton Rose Fulbright US LLP
joseph.graham@nortonrosefulbright.com
geraldine.young@nortonrosefulbright.com
marc.collier@northrosefulbright.com

**New York**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
T +1 212 284 4910
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

March 15, 2024

**Re:** *State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.)

Counsel:

We write in response to your letter dated March 11, 2024 concerning source code. Plaintiffs' letter is notable for its failure to address their own delay in light of the Special Master's guidance that "Google is open for further conversation and further access to the source code" and "encourag[ing] the States to engage on that." Hr'g Tr. at 96:20-23 (February 22, 2024). Your letter also does not address Google's query about the basis for a purported "agreement that the parties are at an impasse with respect to all source code issues." To be clear, we have reached no such agreement (either at our February 6 meet and confer or otherwise).

The record clearly shows that Plaintiffs have sat on their hands. On February 16, Google offered to produce additional code, asking Plaintiffs to confirm "[their] preferred date for the snapshot." And we stated that Google would "collect and make available the files and directories at the time of each source code snapshot already made available to Plaintiffs and at the time of the additional source code snapshot of Plaintiffs' choosing."

At the February 22 Conference, the Special Master encouraged the States to engage on Google's offer and stated that the parties should "make as much progress by agreement" as possible, and only "come back to the Special Master . . . after [the parties] really worked hard in good faith on the source code." Hr'g Tr. at 96:25-97:3.

On March 5, 2024, Google sent Plaintiffs a letter confirming that Google could, as previewed, make available additional files and directories to supplement its February 16 offer. In that letter, we reminded Plaintiffs that the ball was squarely in their court to "select the date of the additional source code snapshot that we offered on February 16." A little over three hours later, Plaintiffs declared an impasse.

Putting Plaintiffs' obvious delay to one side, we address below the issues remaining in dispute.

**Bernanke Implementation**

Google will make an additional snapshot of code available as of December 1, 2013. For the reasons described in our letter of March 9, we will load the laptop with this additional code once agreement is reached on the scope of production, and we will not do so on a piecemeal basis. The Court has Ordered that Google need only supply the code on one laptop, Dkt. 182, App'x B at Para 10,[1] and Google is complying with the Court's Order.

**Bell**

In your letter dated March 11, 2024, Plaintiffs summarize the dispute as follows: "The States believe that Bell is not on the source code computer. Google says that it is." The difference between the parties' respective positions is that Google produced a sworn declaration describing the operation of Bell that demonstrates that the States' contentions are wrong.

Bell *does* appear in the source code made available for inspection. The hypothesized version of Bell that Plaintiffs are searching for, however, does not, because it never existed.

Plaintiffs allege that "Bell" is a "third version" of "Bernanke" that "[i]f a publisher does not give preferential access to AdX"—which Plaintiffs define as "the publisher giv[ing] AdX an opportunity to bid on inventory prior to any other exchange"—"would drop their auctions from second- to third-price auctions, which would decrease their revenue from AdX up to the 40 percent Bernanke maximum." (Fourth Am. Compl. ¶ 311.) The reason why Plaintiffs have not been able to locate code matching that description is because it is not an accurate characterization of Project Bell, also known as Project Bell v.2.[2]

As described in a declaration previously provided to Plaintiffs, Project Bell v.2 was a product update designed by Google to



See GOOG-AT-MDL-008842383 (Declaration of ▮▮▮▮) ¶¶ 11, 16. As the ▮▮▮ Declaration explains, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 14. As Bernanke "▮▮▮▮▮▮▮

---

[1] "The source code shall be made available for inspection on a secured computer (the Source Code Computer) in a seemed, locked room without Internet access or network access to other computers[.]"
[2] "Bell v.1," as used by Google, is largely synonymous with what Plaintiffs separately identify as "Global Bernanke."



"█████████████████████████████████████," *id.*, Bell v. 2 "█████████████████████████████████████████████████" *Id.* ¶ 16.

Despite the fact that Google is under no obligation to explain its source code production, which has been available for the Plaintiffs' inspection for many months, in the interests of resolving this issue, we are authorized to represent that ███████████████████████████████████████████████████████████████.[3]

- ████████████████████████████████████████████████████████████████████████████████████

- ████████████████████████████████████████████████████████████████████████████████████

We think that this resolves the parties' dispute as to Bell.

**Additional Files and Directories**

Google agreed to produce "████████████████████" on February 16. We will include this directory on the laptop once the scope of production is agreed. So this issue is resolved.

Google has already confirmed to Plaintiffs that most of the files from █████████████ are available in the public domain. Google is investigating whether it is able to make available the non-public files in ████████████████ and will promptly notify Plaintiffs once it has confirmation.

Google does not agree to provide the files in the "████████████" folder because as we explained, the files in that folder contain hundreds of thousands of lines of code not relevant to Bernanke or the ad tech products and features in this case. Google believes in good faith that it has produced responsive source code and source code files relevant to Bernanke. Google remains available to meet and confer with Plaintiffs in an effort to address those concerns.

**Cassandra and Bernanke Experiment Files**

Google continues to believe that Bernanke experiment files, stored as SSTables, are not relevant to this dispute. Google has tested Cassandra's *sstabledump* tool on several of its SSTable files and the process failed resulting in an error message. It appears from Plaintiffs' March 11 letter that they achieved a similarly unsuccessful result. Ltr. at 3 ("once loaded, the files show random characters.") We understand that ████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████

---

[3] Bell v.2 launched in October 2016. *See* ███████ Decl. ¶ 11.

   Google is willing to meet and confer with Plaintiffs on alternative methods of making available the SSTable files for Plaintiffs' review.  Google proposes that the parties meet and confer on Tuesday, March 19, 2024 in an effort to resolve these issues in advance of the Conference before the Special Master scheduled for March 21, 2024.

          Sincerely,

          */s/ Robert J. McCallum*

          Robert J. McCallum