# EXHIBIT A

# YetterColeman LLP

January 16, 2020

*Via Email*
Kim Van Winkle
Chief, Antitrust Division
Office of the Attorney General
State of Texas
P.O. Box 12548
Austin, Texas 78711-2548

CONFIDENTIAL TREATMENT REQUESTED

Dear Ms. Van Winkle:

    We write on behalf of Google in response to your January 6, 2020 letter regarding priority and non-priority document custodians. As your letter expressed disagreement with certain aspects of our December 26, 2019 letter, we outline below our understanding of the current status of Google's response to OAG's CID and propose next steps.

## Document Custodians and Productions

    In October and November 2019, Google agreed to collect and produce documents from a total of 21 document custodians (11 priority and 10 non-priority custodians).[1] OAG has not expressed any objection to the inclusion of these individuals as custodians, though OAG sought information from Google, including information about organizational structure and reporting lines in relevant parts of Google's business. Google provided that information in November and followed up with OAG to address any resulting questions.

    We did not receive any questions or feedback from you about custodians between November 20 and December 17. Meanwhile, notwithstanding the pending dispute about confidentiality order protections, Google continued to make rolling productions of priority

---

[1] The 11 priority custodians were ████████████████████████████████████████, ████████████, Scott Spencer, and ████; the 10 non-priority custodians were ████████████████████████████████████████████████████████████, and



www.yettercoleman.com      811 Main Street, Suite 4100, Houston, Texas 77002
phone 713.632.8000  fax 713.632.8002

**YetterColeman LLP**

Ms. Kim Van Winkle — - 2 - — January 16, 2020

documents from the 11 custodians listed in footnote 1 of this letter as part of Google's effort to substantially complete those productions by January 31, 2020.[2]

On December 17, you reinitiated discussion, seeking nearly 50 additional document custodians. Many of these new proposed custodians apparently were identified through Internet searches, rather than from the organizational information we provided. And, as we have pointed out, several individuals do not appear to be relevant to any document request in OAG's CID. Examples include: ▮▮▮ (VP, People Operations at Alphabet Inc.); ▮▮▮ (CEO, Waze); ▮▮▮ (VP, Investor Relations at Alphabet Inc.); ▮▮▮ (VP, Chief Accounting Officer at Alphabet, Inc.); ▮▮▮ (former VP of Global Communications and Public Affairs at Google); ▮▮▮ (VP, Product & Design, Google Search); ▮▮▮ (Director, EMEA G Suite – Google Cloud Platform); and ▮▮▮ (Head of Mobile Solutions EMEA at Google).

Nevertheless, as part of Google's ongoing effort to cooperate with OAG's investigation, we indicated in our December 26 letter that Google agreed to add another four custodians in response to your inquiries. We also indicated that we would be available to discuss with you the scope and timing of additional productions in response to your new December 17 requests.

In response, you proposed in your January 6 letter that OAG conduct interviews of Google employees to identify additional custodians. We do not think such an unusual step is warranted; we have already offered 25 document custodians (and, as discussed below, are prepared to offer five more for a total of 30); we have provided substantial information about these custodians and other individuals you have inquired about; and we have offered to address any additional questions you have about these custodians.

In addition, we reiterate our offer to engage with you about the scope and timing of productions responsive to your December 17 requests. In fact, Google is prepared to add the following five additional custodians that you have requested:

- Priority
  - ▮▮▮ (Head of Industry, Exchange Bidding)
  - ▮▮▮ (Head of Publisher Marketing – Google Ad Manager, Authorized Buyers)

- Non-Priority
  -  ▮▮▮ (VP, Product Management, Google Properties and Platforms)

---

[2] We have to-date submitted three productions and expect to submit several more by January 31.

YetterColeman LLP

Ms. Kim Van Winkle                           - 3 -                        January 16, 2020

- ▪ █████████ (President, Brand Solutions at Google)
- ▪ █████████ (CEO, YouTube)

With these additional custodians, Google has agreed to produce responsive non-privileged materials from 30 Google employees, including five individuals about which you inquired on December 17. We continue to evaluate the dozens of additional individuals you proposed during our December 17 call.

Google is also prepared to accommodate your December 17 request to collect and produce priority *and* non-priority materials from all custodians, regardless of whether they are priority or non-priority custodians, so long as we can agree on a reasonable timeframe for such productions.[3]

Please let us know when you are available to discuss the scope and timing of the additional productions arising from your December 17 requests.

### Information about Chats and Text Messages

You have also asked for information about custodians' chats and text messages. Google primarily uses the Google-developed "G Suite" solution for workplace productivity. G Suite is a cloud-based system that includes email (Gmail), chats (Hangouts/Hangouts Chats), storage/management (Drive), and other productivity applications (e.g., Sheets, Slides, Docs). Google Hangouts messages are generally retained for a period of 30 days if they have been marked on-the-record, and potentially longer if the custodian of the on-the-record messages are on legal hold. To the extent that a custodian has on-the-record responsive Hangout chat messages retained while on a legal hold or that were still retained pursuant to the 30-day retention policy at the time documents were collected pursuant to the CID, those messages will be included in productions to OAG.

---

[3] For the avoidance of doubt, Google did not create the priority/non-priority distinction among custodians; the OAG sought production of information about priority topics by January 31 and production of non-priority topics at a later date. As is typical in preparing for a response to such a request, Google identified individuals that were likely to have relevant information about the priority topics, and individuals likely to have relevant information about the non-priority topics. The materials from the custodians Google proposed for the priority topics would then be produced by January 31; the materials from the custodians Google proposed for the non-priority topics would be produced afterwards. OAG then for the first time asked for priority information from non-priority custodians (and vice versa) during our December 17 call.

YetterColeman LLP

Ms. Kim Van Winkle                              - 4 -                              January 16, 2020

We appreciate the OAG's continuing consideration and cooperation in this matter.

Cordially yours,

R. Paul Yetter

cc:   Darren McCarty, Deputy Attorney General for Civil Litigation
      John Harkrider, Daniel Bitton, Axinn
      Wendy Huang Waszmer, Wilson Sonsini Goodrich & Rosati