# EXHIBIT C

# YetterColeman LLP

February 7, 2020

Elizabeth Brown Fore
Deputy Division Chief
General Litigation Division
Office of the Attorney General
State of Texas
P.O. Box 12548
Austin, Texas 78711-2548

HIGHLY CONFIDENTIAL TREATMENT REQUESTED
CID MATERIAL

Dear Ms. Brown Fore:

    We write on behalf of Alphabet Inc. and Google LLC ("Google") in response to several discovery topics discussed during the calls with your Office on January 29 and 31, 2020 and your letter of February 4, 2020.

**Google's CID Response Efforts and Related Engagement with the TXOAG to Date**

    Before addressing specific custodians, search terms, and other topics from our calls and in your letter, we summarize below the prior history and status of discovery negotiations with your other OAG colleagues and Google's efforts to respond to OAG's Civil Investigative Demand (CID) thus far. To date, Google has agreed to produce documents from a total of 38 custodians, has reviewed nearly 300,000 documents (amounting to nearly 7 million pages), and has produced 17,608 documents (amounting to 154,163 pages) responsive to priority topics in the CID identified by the OAG. Google has also submitted responses to 57 interrogatories in the CID covering the priority topics (more than 70 if you count subparts).

    OAG issued Google a CID in September 2019. In October 2019, after the OAG identified priority topics in the CID that it wanted Google to focus on first,[1] the OAG and Google came to an agreement on a tentative schedule for Google's response to the CID. The understanding was that the final deadline for compliance with the CID would be discussed after Google's priority productions. In particular, the parties proceeded as follows:

- The OAG proposed in an October 3, 2019 letter that Google finish responses to all priority requests by January 31 and all non-priority requests by March 31, 2020.

---

[1] In October 2019, the OAG identified the following topics in the CID as its priority topics: Integrations, Google Ad Exchange, Dynamic Allocation, Enhanced Dynamic Allocation, Header Bidding, Exchange Bidding, Accelerated Mobile Pages, and Privacy Policy.

YetterColeman LLP

Ms. Elizabeth Brown Fore                    - 2 -                           February 7, 2020
HIGHLY CONFIDENTIAL - CID MATERIAL

- Google responded in an October 7, 2019 letter, agreeing to "substantial completion" of interrogatory responses and document productions for the priority topics identified by the OAG by January 31, 2020, subject to good faith discussions regarding the scope of documents sought. In that same letter, Google indicated it was "premature for us to agree to an end timeline for all topics in the CID at this stage, as Google is still identifying custodians and information in response to the 100+ remaining requests of the CID." Google accordingly proposed to "discuss the schedule further in due course." OAG responded the same day that the schedule Google described was "acceptable." Google did not hear from the OAG again regarding the schedule for responding to the non-priority requests in the CID until you raised it during the January 31, 2020 call.

- In October and November 2019, Google actively engaged with your colleagues about specific proposed custodians, conducting diligence and answering numerous questions from the OAG about various Google employees. Over the course of those discussions, Google also considered OAG's proposals and offered to add several individuals to the custodian list.

- By November 12, 2019, Google had offered 21 custodians, 11 of which were designated as priority custodians for production of priority materials by January 31. In addition to providing extensive custodial information during calls, on November 19, Google provided the OAG written information about potential custodians, their reporting lines and the organizational structure of the business units covered by the CID, to help it evaluate Google's custodian proposals. The next day, Google offered to discuss those materials and answer any questions the OAG had.

We did not receive any inquiries about custodians from the OAG for a month—from November 12 until December 17. During that time period, Google continued to make rolling productions of priority documents from the 11 priority custodians to meet the January 31 deadline, notwithstanding a pending motion for protective order over confidentiality protections.

During a call on December 17, the OAG identified as potential custodians 50 additional current or former Google employees, officers and directors, largely based on public information (rather than the organization and custodial information Google had provided). The OAG also, for the first time, asked for production of priority documents from non-priority custodians, and production of non-priority documents from priority custodians.[2] Google promptly responded, asking to confer on the newly requested priority productions and other matters raised by the OAG,

---

[2] As noted in our December 26 and January 16 letters, Google did not create the priority/non-priority distinction among custodians; the OAG sought production of information about priority topics by January 31 and production of non-priority topics at a later date, which inevitably required identifying and producing from priority custodians first.

YetterColeman LLP

Ms. Elizabeth Brown Fore - 3 - February 7, 2020
HIGHLY CONFIDENTIAL - CID MATERIAL

and offered to include nine more custodians, for a total of 30 custodians. Meanwhile, Google continued to review and produce priority documents from the originally-offered 11 priority custodians throughout December and January, in accordance with the schedule that the parties agreed to in October.

One month later, on January 28, you reached out to us with a request to discuss custodians. In response, we promptly scheduled a call on January 29. During that call, you requested that Google add to the custodian list another 12 newly-identified current or former Google employees and revisited numerous other potential custodians we had previously discussed with your colleagues at the OAG. During the call, the OAG also indicated it was planning to serve Google with a notice for a deposition about custodians in mid-February.

You requested on the January 29 call that Google provide answers to all of your questions by January 31. We did. During the January 31 call, we readdressed the reasons why we believe 28 individuals the OAG has inquired about do not warrant inclusion as document custodians and communicated that Google was willing to add yet eight more custodians that the OAG had requested. We also indicated Google is conducting further diligence into the Alphabet and Google officers and directors you inquired about, as well as six other individuals. We furthermore answered questions you had posed on January 29 about Google's search terms and which custodians were on hold.

The same day, consistent with the October 7 agreement, Google also substantially completed its productions of some 17,608 priority documents (amounting to 154,163 pages) from the 11 priority custodians it offered as of November 19 and submitted its responses to all of the priority interrogatories. So far Google has collected approximately 33 million documents and, as noted above, reviewed nearly 300,000 documents (nearly 7 million pages) to respond to the CID. This has been a very substantial effort due to the highly technical and complex nature of the subject matter and related documents from the Google business covered by the CID.

### Google Custodians Offered

Google has agreed to collect and produce responsive non-privileged documents from the 38 custodians listed in Exhibit A hereto, which include six current and former Senior Vice Presidents responsible for Ads, Google's Global Business & Operations ("GBO") organization and YouTube; ten Vice Presidents responsible for Ads and the GBO organization; ten Directors responsible for Ads and the GBO organization; and twelve Product Managers and Engineers responsible for Ads, the GBO organization, AMP, and Chrome. We believe the 38 custodians offered by Google should be more than sufficient to cover all CID topics and time periods.

YetterColeman LLP

Ms. Elizabeth Brown Fore     - 4 -                February 7, 2020
HIGHLY CONFIDENTIAL - CID MATERIAL

### Search Terms

As agreed, enclosed as Exhibit B, please find the search terms that Google has used to date for its priority productions (and intends to continue to use for any remaining priority productions), as well as the search terms that Google intends to use for its non-priority productions.

As with the custodian and other information provided in and with this letter, we are sharing these search terms on the understanding based on our call with you today, February 7, that the OAG will treat them as confidential information. This disclosure of search terms does not constitute a waiver of attorney-client privilege, attorney work-product protection, or other applicable protections that we have claimed or may in the future claim with regard to our responses to your CID.

### OAG's Questions about Hangout Chat Retention and Document Holds

During the January 29 and 31 calls and in your February 4 letter, you asked a number of follow-up questions about Google's document retention policies for Hangout chat messages. We provide additional information in response to your questions below.

Google offers its employees a set of work productivity tools that includes an internal messaging tool called "Google Hangouts." Google Hangout messages by default are set to be "off-the-record." Off-the record messages are not retained by Google. "On the record" Hangout conversations are kept for 30 days. Once an employee is put on a legal hold, however, "on the record" Hangout conversations are preserved for the duration of the legal hold. Google instructs custodians on a legal hold to preserve relevant materials, including an instruction to preserve relevant Hangout conversations by putting those conversations "on-the-record" on a message-by-message basis.

Regarding your questions about Google's "audits" of custodians on legal hold: Google sends custodians on legal hold regular electronic and oral reminders to make sure they preserve their relevant materials, including by putting any Hangout conversations "on-the-record." Google is conscious of its responsibilities to preserve documents under the CID, and Google is taking reasonable and appropriate steps to ensure its custodians' compliance.

You had also asked whether Google has put on legal hold the 95 potential custodians the OAG has inquired about. We can confirm that your understanding stated in your February 4 letter on that topic is correct; Google has on a legal hold all of the individuals you have identified as potential custodians to the extent that there is existing data for them.

YetterColeman LLP

Ms. Elizabeth Brown Fore     - 5 -     February 7, 2020
HIGHLY CONFIDENTIAL - CID MATERIAL

### Schedule for Non-Priority Interrogatories

At the time of our January 31 call, there was no agreed-upon final CID compliance date, and Google's last letter response, on October 7, 2019, proposed that the parties discuss this in due course in light of ongoing identification of custodians. On our recent call, you asked Google to produce responses to the non-priority interrogatories in the CID by February 28, a month earlier than the date your colleagues had initially proposed in October 2019. From your February 4 letter, we understand that the OAG now is re-proposing the March 31 date it suggested in October.

Parsing and answering the more than 70 non-priority interrogatories requires significant time and effort because the interrogatories cover highly technical and complex subject matter, cut across several different product areas. Google believes it will be able to respond to the non-priority interrogatories by April 30, 2020 and, therefore, is willing to commit to that date.

You had also requested that Google provide on or before February 17 its final proposed custodian list in the form of a response to Interrogatory 127.[3] Google agrees to provide such a response to Interrogatory 127 on or before February 17.

### Schedule for Remaining Document Review and Productions

On the January 31 call and in your February 4 letter, the OAG also has requested that Google commit to produce all responsive (priority and non-priority) documents from the remaining custodians by March 31.

Given the expansion of the custodian list, Google will not be able to produce all remaining responsive documents from the 38 custodians on the list by March 31. Based on the search terms enclosed herewith, there would remain after deduplication an estimated 2 million documents (estimated 60 million pages) to review for responsiveness. Google estimates that it will take about 5 months to complete the production of responsive documents from that universe if it uses about 100 reviewers full time. Google therefore expects that it will be able to substantially complete all remaining productions of documents by no earlier than June 30, 2020.

Of course, if Google is required to add or otherwise adds yet more custodians beyond the 38 currently offered, or if it has to broaden the search term list beyond what it has used, substantial completion of the remaining productions could take longer.

---

[3] While you refer to Interrogatory 128 in your February 4 letter, we confirmed with you on our call today, February 7, that you intended to request a response to Interrogatory 127.

YetterColeman LLP

Ms. Elizabeth Brown Fore  - 6 -  February 7, 2020
HIGHLY CONFIDENTIAL - CID MATERIAL

**Individuals Whom We Believe Do Not Warrant Inclusion on the Custodian List**

During our call on January 31, we discussed in detail why we believe 28 of the individuals about which the OAG has inquired do not warrant inclusion on the custodian list.

Also on the January 31 call, we indicated that we were still doing some diligence on six other individuals that the OAG had inquired about: ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, and ▇▇▇. After further diligence, we have concluded that adding these individuals as custodians would not be warranted either. Generally, we believe their documents either are not likely to be responsive at all or, to the extent responsive, will be duplicative of responsive documents from custodians we have already offered.

At your request, we have listed all 34 individuals, as well as the specific reasons we believe each does not warrant inclusion in Exhibit C.

**OAG's Requested Google/Alphabet Executives and Board Members**

The OAG has asked that Google include as custodians 19 current or former high-level Google and Alphabet officers and directors.[4] For the reasons we describe in further detail below, Google is still assessing this request and doing diligence as to potential responsiveness of these individuals' records. We expect to respond to you by February 17, as we indicated in our call on January 31.

As we noted on prior occasions, including during our January 29 and 31 calls, we do not believe that current and former officers and directors have a material amount of responsive, non-duplicative information about the specific topics in the CID.

Most of the specific decisions and complaints about ad tech products that your CID seeks are handled by product managers, directors and vice presidents in Google's ad tech business and their counterparts in Google's Global Business & Operations ("GBO") organization, rather than Google's or Alphabet's top level executives and directors. We therefore have made diligent efforts to identify as custodians those individuals in the relevant Google organizations who are most deeply and comprehensively involved in those issues. In addition, we have also offered, at your request, the Senior Vice Presidents previously and currently responsible for Google's entire Ads organization and Google's GBO.

---

[4] Officers and Directors:  ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, Sundar Pichai, ▇▇▇, ▇▇▇, ▇▇▇, and ▇▇▇.

YetterColeman LLP

Ms. Elizabeth Brown Fore  - 7 -  February 7, 2020
HIGHLY CONFIDENTIAL - CID MATERIAL

For these reasons, we believe that collecting and reviewing documents from the 19 current and former top executives and from the Directors of Google and Alphabet identified by the OAG is not likely to lead to production of responsive documents not already captured in the files of the custodians we have offered.

Nevertheless, as discussed, we are undertaking further diligence to confirm that and will revert on this issue following confirmation. We anticipate that we will be in a position to provide a final position by February 17.

### Request for a Custodian Interview

On our January 29 call, you indicated that you would seek a custodian interview. We understand from further discussion on that call that you were referring to a sworn deposition to take place in Texas at some point in February. You advised that you would provide further information about this request and that you anticipated serving notices to Google. We do not believe that a deposition is the appropriate vehicle for efficiently obtaining job description information about potential custodians, particularly in light of Google's ongoing willingness to provide information about specific custodians and organizational structure.

Please let us know if you have any questions or concerns.

Cordially yours,

R. Paul Yetter

RPY:clg
Enclosure

cc: Darren McCarty, Deputy Attorney General for Civil Litigation
    Kim Van Winkle, Chief, Antitrust Division
    David Ashton, Assistant Attorney General
    John Harkrider, Axinn
    Wendy Huang Waszmer, Wilson Sonsini Goodrich & Rosati