**\*FILED UNDER SEAL\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | |
| Defendant. | |

# EXHIBIT A

**PLAINTIFF STATES' OPENING BRIEF TO THE SPECIAL MASTER
FOR THE MARCH 7, 2024 HEARING**

Confidential - Contains Excerpt of Document Designated as Confidential

February 9, 2024

Via E-mail

Eric Mahr
Julie S. Elmer
Freshfields Bruckhaus Deringer LLP
700 13th Street NW, 10th Floor
Washington, DC  20005
Eric.mahr@freshfields.com
julie.elmer@freshfields.com

R. Paul Yetter
Bryce Callahan
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

John D. Harkrider
Axinn Veltrop & Harkrider, LLP
114 West 47th Street
New York, NY  10036
jharkrider@axinn.com

Daniel S. Bitton
Axinn Veltrop & Harkrider, LLP
560 Mission St.
San Francisco, CA 94105
dbitton@axinn.com

**Re: *The State of Texas, et al. v. Google LLC*, Case No. 4:20-cv-00957-SDJ (E.D. Tex.)**

Dear Counsel:

We write on behalf of the State Plaintiffs ("States") regarding deficiencies in Google LLC's ("Google") production of responsive documents in this matter: specifically, deficiencies related to the produced metadata and format of responsive Google Chats.

For purposes of this letter, "Google Chats" refers to Google Chats, Chat messages, hangouts, Slacks, Teams, instant messages, and/or any other messages, communications, or documents or data used, maintained, or found in short message or "instant message" applications.

Confidential - Contains Excerpt of Document Designated as Confidential

February 9, 2024
Via E-mail
Page 2

### The Court's ESI Order

As you are aware, the production of instant messages like Google Chats is standard discovery in litigation in 2024, as such messages and chats fall within the broad definitions of discoverable documents, communications, and electronically stored information.

Under the Court's Order Regarding Discovery Procedure ("ESI Protocol") (ECF 183), Google is required to produce all enumerated metadata and coding fields for each document produced that can be extracted, to the extent reasonably practicable. *Id.* at 16-21. Such metadata fields include, but are far from limited to, basic information like start date and time, and end date and time, for documents including chats. *Id.* at 18. The ESI Protocol aims to "reduce the time, expense, and other burdens of discovery of certain electronically stored information." *Id.* at 1.

To that end, the parties agreed, among other things, to "use reasonable, good faith, and proportional efforts to preserve, identify and produce relevant and discoverable information;" to "cooperate to arrange for the mutually acceptable production of" documents if "particular documents warrant a different format;" and "to the extent practicable, not to materially degrade the searchability of the documents as part of the document production process." *Id.* at 1, 8. In short, the ESI Protocol aims to get the parties the information about each produced document they need in consideration of efficiency, functionality and searchability, and what is reasonably practicable.

### Issues with Google's Production of Google Chats

Thus far, Google's production of Google Chats does not comply with the ESI Protocol because it does not include foundational metadata fields in a searchable and usable format that are reasonably practicable, by basic industry standards, for Google to extract and provide.

First, Google has not produced Google Chats in a standard format that permits the documents to be searched for as instant messages, as distinguished from other types of documents. The States have conducted multiple searches to identify any common instant messaging formats, but have found none. Based on the Google Chats manually identified by the States, it appears that all of the produced Google Chats were produced in the "EML" format, which is the same format in which Google produced its e-mails. This production format does not allow the States to practicably distinguish, in the universe of Google's nearly 6 million produced documents, between responsive Google Chats and the volumes of responsive e-mails, which in turn places a disproportionate burden on the States.

Given that Google's production format puts the burden on the States to figure out what is a chat, the States, to date, have only identified roughly 7,216 Google Chats produced by Google—a miniscule 0.12% of Google's total production universe. That fraction of a fraction is alarming,

Confidential - Contains Excerpt of Document Designated as Confidential

February 9, 2024
Via E-mail
Page 3

to say the least, in light of Google's widely publicized practice of destroying internal chats that has been discovered and scrutinized in other litigation.[1]

Second, even for the Google Chats that the States have been able to identify, Google has not produced the Google Chats with basic, completed metadata fields that should be reasonably practicable to produce..  That missing metadata includes, but is not limited to, the identity of all participants, author(s) and recipient(s) of each chat, and the start and/or creation dates, the end date, and the interim dates of each chat.

By way of example, GOOG-AT-MDL-B-00128827 (attached as Example 1 hereto and excerpted below) appears to be a Google Chat:



*See* Ex. 1 (excerpt from document). Google did not produce any of the metadata listed above with this document.  Without that metadata, the States cannot identify the participants in the chat, who sent what, when they sent it, to whom messages were sent, or any number of other key information.  In short, Google's production of chats like this, without basic metadata and in this format, is useless, impedes discovery, and places a disproportionate burden on the States in their review of such documents, fact discovery efforts, and preparation for depositions and expert discovery.

---

[1] *See*, *e.g.*, Law360, "Judge Slams Google's 'Deeply Troubling' Tactics As Trial Ends" (Dec. 1, 2023), https://www.law360.com/articles/1772102/judge-slams-google-s-deeply-troubling-tactics-as-trial-ends; Law360, "Google's Deleted Chats Draw Scrutiny At Epic Antitrust Trial" (Nov. 7, 2023), https://www.law360.com/articles/1764392/google-s-deleted-chats-draw-scrutiny-at-epic-antitrust-trial,

Confidential - Contains Excerpt of Document Designated as Confidential

February 9, 2024
Via E-mail
Page 4

This is one example of many.  We have also attached, as Exhibit 2, a list of the Beginning Bates numbers for the 7,216 produced documents that appear to be Google Chats and that are also missing the same or similar basic metadata and coding fields.  As outlined above, this list may not include all Google Chats produced with missing metadata and coding fields, because Google has not produced its chats in a searchable format.  Based on what is minimally reasonable and standard in the industry, and based on what metadata Google has produced for other documents in this matter, Google should be able—but has failed—to extract and provide key metadata and coding fields with each chat identifying, at minimum, the senders of each chat, and dates associated with each chat document.

Google's production of its chats and other instant messages with basic, reasonably extractable metadata and in a searchable, functional format not only would bring Google in compliance with the ESI Protocol, but it would also benefit all parties.  If Google has retained, collected, and searched, and not spoliated, chats relevant and responsive in this case, then it can show that it has produced them.  The States are, at minimum, entitled to all chats in a searchable, usable format and to be able to vet that Google has produced all responsive, non-privileged chats, particularly in light of potential spoliation issues.

**The States Request a Reasonably Practicable Metadata Overlay in RSMF**

To correct the above-outlined issues and bring Google's production in line with the Court's ESI Protocol and what is reasonably practicable, the States request that Google reproduce any Google Chats, including but not limited to those identified in Exhibit 2 if Google contends it has produced more chats than those listed, with a metadata overlay that also conforms to the following formatting.

**Metadata**

For metadata associated with Google Chats, the States request that Google include the following fields, or analogous fields, with the requested overlay:

- **"ChatSource"** - This field shall be populated with the source of the rolled thread, e.g. Google Chat, Hangout, etc.

- **"ChatDate"** (also potentially known as "DATEHC," "DATESENT," "DATERECEIVED," "DATECREATED," or "DATESAVED")- This field shall contain at least the date of the first message in a rolled thread.

- **"Participants"** (also potentially known as "TXT-PARTICIPANTS")- This field shall be populated with all unique participants associated with that rolled thread, including both Senders and Recipients. TXT-Participants

Confidential - Contains Excerpt of Document Designated as Confidential

February 9, 2024
Via E-mail
Page 5

- **"ThreadID"** (also potentially known as "TXT-THREAD-GROUP" OR "TXT-CHATROOMNAME")- This field shall contain the ID for the rolled thread. TXT-Thread Group

- **"ATTACHMENT_PATH"** - Relative path to the attachment(s) of the rolled thread

**Relativity Short Message Format**

It is reasonably practicable and the accepted baseline under current industry standards for instant messages and chats to be produced in Relativity Short Message Format ("RSMF").  This format provides for the searchability and usability of produced instant messages and chats.  Much like what is reasonably practicable for produced emails, chats in RSMF are grouped by participants and rolled into threads.  The threads are then produced alongside associated metadata with fields that typically include, but are not limited to, ChatSource, ChatDate, Participants, ThreadID, and Attachment_Path—which mirror metadata fields identified in the ESI Protocol and reflect metadata that Google has already identified.  *See* Ex. 3 (Excel Spreadsheet of metadata Google produced for Ex. 1, which identifies potential metadata fields).  This type of metadata allows a receiving party to ascertain the source of the responsive instant message, the relevant dates, the participants, an ID to distinguish the instant message from similar ones, and a connection to find any attachments or documents linked to the instant message.  It also allows the receiving party to search the produced messages by the same.

Therefore, for any responsive Google Chats, the States request that Google produce those Google Chats, including attachments and linked documents to the extent reasonably practicable, in RSMF (Relativity Short Message Format), sorted by participant grouping and rolled into threads that end after a 24-hour period elapses in which no individual Google Chats are sent or received in that thread (the "rolled thread").  *See* Ex. 4 (exemplar of standard instant message production format).  In addition to producing the responsive Google Chat's metadata as outlined below, please produce the metadata and standard fields maintained in the RSMF container.

**<u>Meet and Confer</u>**

Please let us know by **February 16, 2024**, whether Google is willing to provide the requested metadata overlay in RSMF and, if so, on what timeline.  If Google has any questions or issues with the above request, we are available for a meet and confer conference. The purpose of this letter and proposed conference is to facilitate a resolution of this issue and, if possible, reach an agreement on the production of the requested documents without Special Master or Court intervention.

This letter is a formal request to meet and confer under Rule 37 of the Federal Rules of Civil Procedure.  If we are unable to resolve these issues through the meet and confer process, we

Confidential - Contains Excerpt of Document Designated as Confidential

February 9, 2024
Via E-mail
Page 6

may seek Special Master and Court intervention to compel the production of the requested documents in the proposed format.

Thank you for your prompt attention to this matter.

Confidential - Contains Excerpt of Document Designated as Confidential

February 9, 2024
Via E-mail
Page 7


Sincerely,


*/s/ Zeke DeRose III*                        .
Zeke.DeRose@LanierLawFirm.com
**THE LANIER FIRM, P.C.**
10940 W. Sam Houston Parkway N.,
Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

***Counsel for Texas, Idaho, Louisiana,***
***Mississippi, North Dakota,***
***Mississippi, South Carolina, and South Dakota***


Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas  77010
(713) 651-5151

Marc B. Collier
marc.collier@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, Texas  78701
(512) 474-5201

# Exhibit 1



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL

GOOG-AT-MDL-B-001288280

# Exhibit 4

NORTON ROSE FULBRIGHT

# Chat Production Exemplar 1

**Sent:** 2022-11-15T08:41:49-06:00
**From:** Employee2@company.com
**To:** Employee1@company.com, Employee2@company.com
**Subject:** 64GbxAAAAAE-MBI-FLAT:2022-11-14T19:41:49.721983

**Employee2@company.com** November 15, 2022 at 9:41:49 AM GMT-5
XXXXXXXXXXXXX

**Employee2@company.com** November 15, 2022 at 9:42:09 AM GMT-5
XXXXXXXXXXXXX

**Employee2@company.com** November 15, 2022 at 9:42:22 AM GMT-5
XXXXXXXXXXXXX

**Employee2@company.com** November 15, 2022 at 9:42:33 AM GMT-5
XXXXXXXXXXXXX

**Employee2@company.com** November 15, 2022 at 9:42:34 AM GMT-5
XXXXXXXXXXXXX

**Employee1@company.com** November 15, 2022 at 9:42:43 AM GMT-5
AAAAAAAAAAAAAA

**Employee1@company.com** November 15, 2022 at 9:51:41 AM GMT-5
AAAAAAAAAAAAAA

**Employee2@company.com** November 15, 2022 at 10:17:31 AM GMT-5
XXXXXXXXXXXXX

**Employee1@company.com** November 16, 2022 at 10:10:23 AM
AAAAAAAAAAAAAA

**Employee1@company.com** November 16, 2022 at 10:10:30 AM
AAAAAAAAAAAAAA

**Employee2@company.com** November 16, 2022 at 10:13:15AM GMT-5
XXXXXXXXXXXXX

**Employee1@company.com** November 16, 2022 at 10:13:38AM GMT-5
AAAAAAAAAAAAAA

**Employee1@company.com** November 17, 2022 at 9:26:34 AM GMT-5
AAAAAAAAAAAAAA

**Employee1@company.com** November 17, 2022 at 9:26:56 AM GMT-5
AAAAAAAAAAAAAA

**Employee2@company.com** November 17, 2022 at 9:33:54AM GMT-5
XXXXXXXXXXXXX

**Employee1@company.com** November 17, 2022 at 9:34:59 AM GMT-5
AAAAAAAAAAAAAA

**Employee2@company.com** November 17, 2022 at 9:39:14AM GMT-5
XXXXXXXXXXXXX

**Employee2@company.com** November 17, 2022 at 9:39:43AM GMT-5
XXXXXXXXXXXXX

**Employee1@company.com** November 17, 2022 at 9:46:41 AM GMT-5
AAAAAAAAAAAAAA

**Employee2@company.com** November 17, 2022 at 10:11:32 AM GMT-5
XXXXXXXXXXXXX

CONFIDENTIAL