IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

## GOOGLE LLC'S UNOPPOSED MOTION
## FOR LEAVE TO FILE UNDER SEAL

Defendant Google LLC ("Google") respectfully moves the Court for leave to file under seal its Opening Brief to the Special Master for the April 4, 2024 Hearing ("Opening Brief").

Consistent with Local Rule CV-5, Google will file redacted versions of its Opening Brief within seven days, removing only sensitive confidential information therein from public disclosure. Plaintiffs do not oppose Google's sealing request.

### LEGAL STANDARD

While "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For example, courts have recognized that the public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Texas Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex. May 30, 2017), and "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598.

In exercising its discretion to seal judicial records, "the Court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (directing courts to balance right of access against interest of nondisclosure).

## ARGUMENT

In its Opening Brief, Google raises Rule 30(b)(1) deposition notices Plaintiffs served on Google employees, who have strong privacy interests in preventing their names from being publicly disclosed. Accordingly, Google seeks to file under seal its Opening Brief to protect the privacy of employees named in the deposition notices. In accordance with Local Rule CV-5, Google will file a public version of the Opening Brief within seven days of this instant motion with tailored redactions, removing only the employee names from the public record.

District courts routinely recognize that the public's general right of access is far outweighed by the interest in protecting individual privacy here. *See, e.g.*, *In re Google Digital Advertising Litig.*, No. 1:21-md-03010-PKC, (S.D.N.Y. Oct. 15, 2021) (Castel, J.), ECF No. 147 at 9 (granting motion to seal employee names: "The names and contact information of these employees have no apparent bearing on any issue in this dispute. The privacy interests of these Google employees outweighs the strong presumption of public access."); *United States v. Google LLC*, No. 1:23-cv-108 (E.D.V.A. March 10, 2023) (Brinkema, J.), ECF No. 58 at 2 (granting motion to seal names of current or former employees, finding that "sealing this information is warranted to maintain the privacy of non-parties to this litigation"); *see also Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *2 (N.D. Cal. June 5, 2015) (granting motion to seal "with respect to the employee names and [ ] IDs . . . for privacy reason[s]"); *cf. Pugh*, 2017 WL 11664888, at *1

("[T]he court finds that Plaintiff's interest in protecting his privacy and personal information outweighs the public's interest in access to court records.").

## CONCLUSION

For the foregoing reasons, Google's motion to seal its Opening Brief should be granted.

Dated: March 26, 2024

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

**CERTIFICATE OF SERVICE**

      I certify that on March 26, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

**CERTIFICATE OF CONFERENCE**

      I hereby certify that the meet and confer requirements in Local Rule CV-7(h) have been met. This motion is consented to and not opposed by any party.

*/s/ R. Paul Yetter*
R. Paul Yetter
