# EXHIBIT A

Case 4:20-cv-00957-SDJ   Document 325-1   Filed 03/26/24   Page 2 of 3 PageID #:  9221

# HAUSFELD

March 5, 2024

**Kyle G. Bates**
Partner

600 Montgomery Street
Suite 3200
San Francisco, CA 94111
T: +1 415-744-1966
E: kbates@hausfeld.com

**VIA ELECTRONIC MAIL**

Mollie Bracewell
Yetter Coleman LLP

mbracewell@yettercoleman.com

**Re:** *State of Texas, et al. v. Google LLC, No. 4:20-cv-00957-SDJ (E.D. Tex.)*

Dear Counsel:

We write on behalf of Plaintiff the Commonwealth of Puerto Rico ("Puerto Rico") in response to the questions in your February 16, 2023, email requesting a description of the State Plaintiffs' collection of documents responsive to Google LLC's ("Google's") Requests for Production in the above-referenced matter.

*Puerto Rico's Document Production*

Puerto Rico's document production is complete, and Puerto Rico does not intend to supplement its production. We note that although Puerto Rico does not possess documents responsive to Google's Requests for Production, several Puerto Rican agencies produced documents in response to third-party subpoenas served by Google on those agencies that contained requests for documents that were substantively identical to those served by Google on Puerto Rico. The fact that these agencies possessed responsive documents, and not the Commonwealth of Puerto Rico itself, is consistent with the way that Puerto Rico conducts the business relevant to Google's requests.

*Puerto Rico's Search for Documents*

The Puerto Rico Office of the Attorney General, ("PROAG") searched for documents responsive to Google's requests for production. Puerto Rico did not use search terms to conduct this search because Puerto Rico does not maintain an electronic database of potentially relevant files. For example, Puerto Rico does not have an online database of consumer complaints.

The PROAG, and specifically the head of its Antitrust Division, Lcdo. Guarionex Diaz Martinez, was interviewed by counsel to determine 1) potential sources of responsive documents, 2) who potential custodians of those documents may be, if any, and 3) what document retention policies, if any, applied to any potentially relevant files. No natural persons were identified as potentially possessing any documents responsive to Google's requests for production. Therefore, the PROAG did not identify any custodians for a custodial file search. Additionally, because Puerto Rico has no responsive documents in its possession, custody, or control, Puerto Rico was unable to identify any applicable document retention policies.

hausfeld.com

AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC

**HAUSFELD**

Lastly, Puerto Rico confirms that it did not withhold any documents for privilege.

Regards,

*/s/ Kyle G. Bates*

Kyle G. Bates
Counsel for Plaintiff the Commonwealth of Puerto Rico