IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § § § | |
| v. | § § § § | CIVIL NO. 4:20-CV-957-SDJ |
| GOOGLE LLC | § | |

## ORDER OF SPECIAL MASTER

This Order complies with the Order Appointing Special Master (Dkt. #213 at 11) and memorializes a ruling and guidance provided by the Special Master to the parties regarding Google's production of dashboards to the States.

In the Order of Special Master From February 22 Discovery Hearing (Dkt. #265) and Order of Special Master From March 21 Discovery Hearing (Dkt. #321), the Special Master ordered the parties to cooperate and confer regarding the scope and manner of production of Google dashboards. The parties have complied with the Special Master's orders and have kept the Special Master apprised of their progress regarding dashboards. Despite the parties' continued efforts, they were unable to reach an agreement regarding the method of dashboard production. Accordingly, upon notice, the Special Master held a remote teleconference with the parties on March 28, 2024, to discuss a potential resolution. This Order memorializes the parties' positions and the Special Master's guidance and ruling.

The States sought the production of dashboards in a "live" format, on a device connected to Google's networks. The States argued that access to live dashboards would be more efficient and allow the States to receive relevant information in a

timely manner. Google argued that access to live dashboards would pose significant concerns about access to Google's highly confidential information. Google therefore proposed (i) providing the States with a description of what information is displayed on dashboards, (ii) how such information may be filtered or viewed on the dashboards, including via "filters" or "pulldowns," (iii) the States would then make selections of requested screenshots of various pages displayed on the dashboards, and (iv) Google would produce screenshots from the dashboards displaying the requested information. Further, Google represented it would endeavor under its proposal to proceed expeditiously with its production of dashboard information to the States.

The dashboards identified by the parties appear to be highly relevant and production of such dashboards is needed as depositions are underway and the fact discovery deadline rapidly approaches. However, Google's concerns about security and confidentiality as relates to its "live" network systems are also a factor to be given significant weight. Balancing these competing and important considerations, the Special Master **ORDERED** the parties to proceed under Google's proposal. Google shall promptly provide the States with descriptions of the identified dashboards, the States shall promptly provide Google with their selections of dashboard information, including through the use of "filters" and other "pulldowns" to view the requested data, and Google will promptly produce printed screenshots from the dashboards as requested by the States.

Further, given Google's stated position to protect against producing its relevant dashboards from a "live" format due to its confidentiality concerns, and the

States' plain need to receive all relevant information in a timely and efficient manner, the Special Master expects the parties to conduct this process expeditiously and in good faith. If this process does not accomplish the goal of timely, fulsome dashboard production, the Special Master may then consider a production method to include "live" dashboards, with suitable protections as to Google's confidential concerns and any other specific requests from the States as to further appropriate remedies and orders.

Signed this 29th day of March, 2024.

_____
David T. Moran
**Special Master**
TXBN: 14419400
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone: (214) 953-6051
E-mail:  dmoran@jw.com

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 29th day of March, 2024. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

_____
David T. Moran