**FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 4:20-CV-957-SDJ |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**GOOGLE'S BRIEF TO SPECIAL MASTER**

Google submits three issues for consideration by the Special Master.

*First*, Puerto Rico has not produced a single document in this case and has refused even to explain let alone remedy its clearly inadequate methodology for identifying and producing relevant documents. Given its failure to produce documents or explain its search methodology, the Special Master directed Puerto Rico to confer regarding its search methodology that resulted in no production. While Puerto Rico spoke with counsel for Google, Puerto Rico largely refused to provide further explanation of what it did to search for documents or determine whether or the extent to which it uses Ad Tech or display advertising, how it determined its approach would be adequate, and has refused to even disclose whether it conducted an investigation into the claims at issue in the suit and has refused to provide any information about relevant third party communications. All of this is particularly suspect given that Puerto Rico is the only Plaintiff that still seeks damages and yet it has not produced a single document.[1] Google requests that Puerto Rico be ordered to conduct an adequate search and promptly produce responsive documents.

---

[1] Google independently subpoenaed third party agencies in Puerto Rico and directly received documents from at least one of those agencies.

1

**FILED UNDER SEAL**

*Second*, Plaintiffs have served 30(b)(1) deposition notices on one of Google's founders, Google's CEO, as well as one in-house counsel. Google continues to confer with Plaintiffs about these notices but will promptly move for a protective order should those discussions not yield a resolution between the parties.

*Third*, Plaintiffs have not yet provided their availability for 30(b)(6) depositions. Google notes that the Special Master's order of March 25, 2024 requires that Plaintiffs identify deponents by March 29, 2024. Google looks forward to being in touch with Plaintiffs about promptly scheduling their 30(b)(6) depositions. To the extent that any depositions remain unscheduled at the next special master conference, Google will request the Special Master enter a scheduling order with respect to those depositions.

## I. Puerto Rico's Production Deficiencies

Puerto Rico's efforts to collect documents, as described in a March 5, 2024 letter, were wholly inadequate to satisfy its obligations. Ex. A (Ltr. from K. Bates dated March 5, 2024). Based on its letter disclosure, Puerto Rico did not adequately investigate its own use of Ad Tech or display advertising (RFP Nos. 16 through 41), did not conduct a complete search for any consumer complaints (RFP Nos. 4 and 8), and failed to search for any third party communications (RFP No. 5). Given that Puerto Rico has refused to engage on these topics, Google seeks an order from the Special Master requiring Puerto Rico to address these deficiencies as described below.

As the Special Master is aware, the Special Master ordered that Puerto Rico confer with Google by March 22, 2024 about the deficiencies that Google had identified with Puerto Rico's search methodology. Puerto Rico conferred with Google on March 22, 2024, only to take the position that it would provide no further information in response to Google's questions and did

not have to "justify to Google why it took the steps it did to collect documents." Ex. B (Email from J. Aycock to K. Bates dated March 25, 2024). Puerto Rico should now be ordered to conduct an adequate search for responsive documents.[2]

First, whether and how Plaintiffs themselves used Ad Tech is relevant to this lawsuit and necessary to respond to RFP Nos. 16 through 41. In order to determine whether its Attorney General Office used Ad Tech or display advertising, Puerto Rico only asked the head of its Antitrust Division for potential sources of responsive documents, rather than, for example, consult with personnel in finance, marketing, or leadership positions. Since Puerto Rico refuses to explain or remedy its anemic process, Google requests that the Special Master order Puerto Rico to: (i) identify persons who may contain relevant information about the Office's use of Ad Tech or display advertising, (ii) interview such persons about whether the Office uses Ad Tech or display advertising, and (iii) provide explanatory information about who was interviewed and what information was provided in an affidavit to be submitted to the Special Master by a date certain. And, if the search process reveals that the Office did utilize Ad Tech or display advertising, Puerto Rico should be ordered to collect and promptly produce responsive documents.

Second, Google sought an explanation about how Puerto Rico searched for consumer complaints as requested by RFP Nos. 4 and 8. Puerto Rico's letter is opaque as to what, if any, efforts were undertaken apart from a general representation that no electronic database of complaints is maintained. Google requests that the Special Master order Puerto Rico to provide an affidavit setting forth the process by which it searched for consumer complaints. If no search

---

[2] Google also inquired about Puerto Rico's document retention policies. On March 22, 2024, counsel for Puerto Rico indicated that there were no retention policies that would apply to documents requested by the RFPs, and agreed to follow up with Puerto Rico regarding any chat retention policies (as requested by RFP No. 46).

for complaints has yet been undertaken, Puerto Rico should be ordered to conduct such a search and promptly produce any responsive consumer complaints.

Third, Google inquired about whether Puerto Rico undertook any independent investigation in connection with its participation in this lawsuit. Puerto Rico has failed to produce any documents responsive to RFP No. 5, which seeks third party communications related to or arising from any such investigation. Puerto Rico conveyed that such a request implicated privileged communications with other Plaintiffs, even though Google made clear that it was seeking third-party communications and that such communications would obviously not be privileged. Google requests that the Special Master order Puerto Rico to provide an affidavit setting forth how it conducted a review of its case file and/or attorneys' files for third party communications and promptly produce any responsive communications.

Discovery is not an optional process for a plaintiff, and Puerto Rico cannot simply shirk its obligations by refusing to engage with Google. Puerto Rico's refusal to engage with Google necessitates the Special Master's intervention. Puerto Rico's recalcitrance is particularly egregious given that it stands out as the only state seeking damages in this action. Puerto Rico should be ordered to conduct document collection efforts on issues core to this case and to document these efforts, including with: (i) an affidavit regarding their investigation into its use of Ad Tech or display advertising; (ii) an affidavit regarding how Puerto Rico determined there were no relevant consumer complaints; and (iii) an affidavit regarding the extent to which Puerto Rico reviewed for third party communications.

**FILED UNDER SEAL**

## II. Plaintiffs' 30(b)(1) Deposition Notices

a. Notices to Messrs. Brin and Pichai

Plaintiffs served deposition notices on two high-ranking executives, Sergey Brin and Sundar Pichai on March 19, 2024. The parties met and conferred regarding these notices on March 25, 2024. Google also informed Plaintiffs that Messrs. Brin and Pichai are not available on the dates indicated in the notice. The parties will continue to confer. However, given that the appropriate procedure is for the opposing party to seek a protective order, *see, e.g.*, *Oyekwe v. Research Now Group, Inc.*, No. 3:19-CV-1085-S-BN, 2020 WL 1064868, at *2 (N.D. Tex. Mar. 4, 2020), Google will do so promptly should its ongoing discussions with Plaintiffs not yield a resolution by the next conference before the Special Master.

b. Notice to Ms. ▓▓▓▓

On March 22, 2024, Plaintiffs served a deposition notice on an in-house Google attorney who has had no involvement in events at issue in the Fourth Amended Complaint. The parties had an initial meet and confer regarding this notice on March 25, 2024. If the parties are unable to resolve Google's concerns regarding this notice, Google will file a motion for a protective order.

**FILED UNDER SEAL**

### III. Plaintiffs' 30(b)(6) Depositions

Google issued a 30(b)(6) deposition notice on each of the 17 Plaintiffs on March 5, 2024. Google notes that the Special Master issued an order on March 25, 2024, ordering Plaintiffs to provide dates and witnesses by March 29. Google expects that Plaintiffs will abide by the Special Master's order in providing dates and identifying deponents, but will seek the Special Master's intervention if any of the Plaintiffs fail to offer witnesses and dates for depositions for each of the topics identified in the 30(b)(6) notices Google served on the Plaintiffs as of the next conference given that only 28 days of fact discovery remain.

### CONCLUSION

Google respectfully requests that Plaintiff Puerto Rico be ordered to provide (i) an affidavit regarding its investigation into its use of Ad Tech or display advertising; (ii) an affidavit regarding how Puerto Rico determined there were no relevant consumer complaints; and (iii) an affidavit regarding whether and the extent to which Puerto Rico conducted an investigation into the claims at issues in this lawsuit and what it did to identify third party communications. While Google continues to engage in discussions with the Plaintiffs regarding the depositions of Mr. Brin, Mr. Pichai, and Ms. ███, Google will promptly seek a protective order if those discussions do not resolve Google's concerns. Finally, Google will see the Special Master's intervention, as needed, to ensure that all Plaintiffs are scheduled for 30(b)(6) depositions.

6

**FILED UNDER SEAL**

Dated: March 26, 2024                            Respectfully submitted,

                                         _/s/ R. Paul Yetter_
                                         R. Paul Yetter
                                         State Bar No. 22154200
                                         YETTER COLEMAN LLP
                                         811 Main Street, Suite 4100
                                         Houston, Texas 77002
                                         (713) 632-8000
                                         pyetter@yettercoleman.com

                                         Eric Mahr (*pro hac vice*)
                                         FRESHFIELDS BRUCKHAUS DERINGER US LLP
                                         700 13th Street NW, 10th Floor
                                         Washington, D.C. 20005
                                         (202) 777-4500
                                         eric.mahr@freshfields.com

                                         ATTORNEYS FOR DEFENDANT GOOGLE LLC

**FILED UNDER SEAL**

### CERTIFICATE OF SERVICE AND SEALING

I certify that, on March 26, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).  I also certify that, on March 26, 2024, a motion to seal the foregoing document was filed separately and before the filing of this document under seal, per Local Rule CV-5(a)(7)(B).  This sealed filing will be promptly served by email with a secure link on counsel of record for all parties in this case, and will be publicly filed in redacted form per Local Rule CV-5(a)(7)(E).

*/s/ R. Paul Yetter*
R. Paul Yetter

### CERTIFICATE OF CONFERENCE

I certify that on this 26th day of March 2024, counsel has complied with the meet and confer requirement of Local Rule CV-7(h). Specifically, and since the last conference, Google has conferred with counsel on March 22, 2024 and March 25, 2024.  Google is at an impasse with Puerto Rico regarding its deficient production.

*/s/ R. Paul Yetter*
R.  Paul Yetter
