IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendants. | Case No. 4:20-cv-00957-SDJ <br><br> Hon. Sean D. Jordan <br><br> Special Master: David T. Moran |

**PLAINTIFF STATES' RESPONSE TO GOOGLE'S MARCH 26 BRIEF
TO THE SPECIAL MASTER**

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................ 1

ARGUMENTS ............................................................................................................................. 1

    I.    Puerto Rico has Conferred with Google in Google Faith and Met its Discovery Obligations................................................................................................ 1

    II.    The States Are Entitled to Depose All of the Google Witnesses Noticed under Rule 30(b)(1) and Are Continuing to Confer About Those Depositions, Which Need to Be Scheduled Quickly. ....................................... 3

    III.    All States Have Offered Google Multiple Available Dates for Depositions in April 2024, and Have Proposed Reasonable Stipulation and Topic Revisions............................................................................................................... 5

CONCLUSION ............................................................................................................................ 5

The Plaintiff States ("States") submit this response to Google's Brief, filed on March 26, 2024 (ECF No. 324).

## INTRODUCTION

Google's brief raises no issues for the Special Master to resolve at this time.

First, as Puerto Rico explains below, Puerto Rico has engaged in diligent document collection efforts and disclosed them to Google. Google simply does not like the result of Puerto Rico's efforts, but that does not justify Google's arguments or any relief against Puerto Rico.

Second, pursuant to the Special Master's Order, the States have provided Google many, available deposition dates. On the other hand, the States are waiting on new deposition dates or status updates from Google on at least ten depositions noticed over a week ago. Google has no basis to challenge the noticed depositions but, if Google is going to challenge certain depositions anyway, it needs to do so quickly, so that those issues can be resolved by the Special Master and those depositions can be scheduled promptly.

## ARGUMENTS

**I.    Puerto Rico has Conferred with Google in Google Faith and Met its Discovery Obligations.**

Puerto Rico takes its discovery obligations seriously, and is no stranger to the discovery process as both a government enforcer and a sovereign that is itself not-infrequently the target of litigation. Contrary to Google's characterization of Puerto Rico's efforts, Puerto Rico has more than adequately described its document collection efforts and retention policies. Google just does not like the answers, and wants information to which it is not entitled.

Puerto Rico, along with the other State Plaintiffs, served responses and objections to the written discovery at issue on March 14, 2023. Since then, Puerto Rico, along with the other State Plaintiffs, have amended their responses to Google's first set of interrogatories <u>five times</u> as

1

necessary to provide Google with fulsome answers to the questions it claims Puerto Rico has not answered. A copy of the operative version of these responses has been previously filed with the Court and Special Master (ECF No. 245-1), and these answers include (in response to Interrogatory No. 1) the fact that the OAG of Puerto Rico, like the States of Texas, Idaho, Florida, Mississippi, Missouri, Montana, South Carolina, and South Dakota, did not purchase display advertising or use ad tech products during the Relevant Period. They also include (in response to Interrogatories No. 9 and 10) a list of third parties with whom the States communicated about this Action or the investigation thereof.

Puerto Rico also described its document collection efforts on March 5, 2024 by letter to Google's counsel, which were driven by an interview with the head of the Antitrust Division of the Puerto Rico Department of Justice. This individual will also be made available for deposition in connection with Google's 30(b)(6) deposition notice to Puerto Rico, about which the States are continuing to meet and confer. In that letter, Puerto Rico also described the practical reality that what little online advertising is conducted about Puerto Rico is handled by the Puerto Rico Tourism Company, a third party whom Google subpoenaed and that produced documents in response thereto.

Finally, Puerto Rico's counsel met and conferred with counsel for Google about all of the foregoing on March 22, 2024, the day after the Special Master ordered Puerto Rico to do so. Contrary to Google's representations, the call was substantive and lasted more than twenty minutes. During that call, Puerto Rico answered the majority of Google's questions and offered to work to confirm answers that were not readily available.

What Puerto Rico did not do was accept Google's narrative that Puerto Rico's search for documents was inadequate. Puerto Rico does not purchase display advertising or use ad tech

products and, consistently, produced no documents. Google is not permitted to conduct "discovery on discovery," where there are *no* real concerns (as the States have with Google's productions) that relevant documents are being withheld or were spoliated, just because Google does not like the results of Puerto Rico's production. *See Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 364 (N.D. Tex. 2013) (holding that "non-merits" based discovery into a party's search methodology is overbroad and irrelevant); *see also LKQ Corp. v. Kia Motors Am., Inc.*, 345 F.R.D. 152, 158 (N.D. Ill. 2023) ("Discovery on discovery concerns the process by which a party engaged in its discovery obligations. To be clear, the Federal Rules of Civil Procedure do not explicitly permit this type of discovery. Nothing in the Federal Rules directly enables a party to serve interrogatories, document requests, or conduct depositions about a party's procedures to comply with its discovery obligations.").

Hopefully this puts the issue of Puerto Rico's compliance with its discovery obligations to rest. Counsel for Puerto Rico will be available by remote videoconference to answer any questions the Special Master may have during the April 4, 2024 conference.

## II. The States Are Entitled to Depose All of the Google Witnesses Noticed under Rule 30(b)(1) and Are Continuing to Confer About Those Depositions, Which Need to Be Scheduled Quickly.

Despite Google's incomplete production of documents and data, including DTPA-related documents and relevant dashboards, the States have moved quickly to notice both Rule 30(b)(6) and fact witness depositions.

As to Rule 30(b)(1) fact witnesses, the States noticed seven fact-witness depositions a month ago on March 4, 2024, to occur at the end of March. For the five witnesses for whom Google's counsel has accepted service, Google requested (and the States agreed in the spirit of cooperation) to reschedule those throughout the month of April (April 1, 3, 5, 17, and 23). The

3

States noticed ten more depositions on March 19, and one more on March 22. Of those eleven additional noticed depositions, Google has asked to reschedule or has not confirmed any of the noticed dates, and has not offered any new dates for those eleven witnesses yet.

Instead, in its brief, Google conditionally argues that it *may* challenge the depositions of three of those fact witnesses, although acknowledges that it is still conferring with the States. On Friday March 29, Google made the States aware that they may challenge the deposition of yet another properly noticed fact witness, about which the parties are conferring.

Regarding its two executives, whom Google has signaled it may challenge as apex depositions, the parties have met and conferred twice—with the States' disclosing those witnesses' general relevant, unique knowledge (about the DoubleClick merger and the NBA) and even sending Google a sampling of Google-produced documents that relate to those witnesses (without prejudice to presenting other documents). In this District, courts are "not bound by the Texas standard for the apex doctrine," and, rather, "courts permit the depositions of high-ranking executives, also known as apex executives, when conduct and knowledge at the highest levels of the corporation are ***relevant*** to the case." *Fam. One v. Isaacks*, No. 9:22-CV-00028-MJT, 2023 WL 4503537, at *5 (E.D. Tex. Apr. 25, 2023) (quoting *Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-JDL, 2015 WL 11143486, at *1 (E.D. Tex. Mar. 18, 2015)) (emphasis added). Because the States can "show that their requested discovery is relevant, the burden shifts to the defendant [Google] to prove that the plaintiff 'can obtain any relevant, desired information through less-intrusive means in order to be protected against the apex deposition.'" *Id.* While the States will continue to confer with Google regarding those depositions under the applicable legal standard, if Google files motions for protective order, the States request that be done quickly and be quickly decided by the Special Master, in light of the discovery cutoff and the need to schedule

depositions immediately.

Regarding the other witness, Google discussed her only briefly with the States during a meet and confer regarding its two executives. Google has not reached out to confer more about her since. Google claims in its brief that she "has had no involvement in events at issue in the Fourth Amended Complaint." On its face, that claim is belied by her role related to display advertising and the fact that, even as a non-custodian, she appears throughout Google's production of non-privileged documents. As with the other noticed witnesses, the States are willing to continue to confer with Google on her noticed deposition but expects those discussions to either reach resolution or impasse quickly so that they can confirm a deposition date for her or seek assistance from the Special Master.

### III.   All States Have Offered Google Multiple Available Dates for Depositions in April 2024, and Have Proposed Reasonable Stipulation and Topic Revisions.

No intervention is required as to Google's premature and now-mooted argument that the States have not provided deposition dates. The States have fully complied with the Special Master's Order (ECF No. 321) by submitting an omnibus letter on March 29, 2024 (which was also sent to the Special Master) that provides Google with multiple available deposition dates for each State (not just a single date as Google provides for its witnesses). The letter also reflects further conference by the States with Google on a reasonable stipulation, as well as reasonable topic revisions to protect against the disclosure of any privileged or protected information.

## **CONCLUSION**

For the foregoing reasons, no relief is warranted or should be granted in response to Google's Brief (ECF No. 324).

| | |
|---|---|
| */s/ W. Mark Lanier* <br> W. Mark Lanier <br> Mark.Lanier@LanierLawFirm.com <br> Alex J. Brown <br> Alex.Brown@LanierLawFirm.com <br> Zeke DeRose III <br> Zeke.DeRose@LanierLawFirm.com <br> Jonathan P. Wilkerson <br> Jonathan.Wilkerson@LanierLawFirm.com <br> 10940 W. Sam Houston Pkwy N <br> Suite 100 <br> Houston, TX 77064 <br> (713) 659-5200 <br> **THE LANIER LAW FIRM, PLLC** | */s/ Ashley Keller* <br> Ashley Keller <br> ack@kellerpostman.com <br> 150 N. Riverside Plaza, Suite 4100 <br> Chicago, Illinois 60606 <br> (312) 741-5220 <br><br> Zina Bash <br> zina.bash@kellerpostman.com <br> 111 Congress Avenue, Suite 500 <br> Austin, TX 78701 <br> (512) 690-0990 <br><br> Noah S. Heinz <br> noah.heinz@kellerpostman.com <br> 1101 Connecticut, N.W., 11th Floor <br> Washington, DC 20005 <br> (202) 918-1123 <br> **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

*/s/ Trevor E. D. Young*
TREVOR E. D. YOUNG
Deputy Chief, Antitrust Division

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*


FOR PLAINTIFF COMMONWEALTH OF PUERTO RICO:

*/s/ Kyle G. Bates*
Domingo Emanuelli-Hernández, Attorney General
Thaizza Rodríguez Pagán, Assistant Attorney General PR Bar No. 17177
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201, 1204
trodriguez@justicia.pr.gov

Kyle G. Bates (*pro hac vice*)
HAUSFELD LLP
33 Whitehall Street
14th Floor
New York, NY 10004
Tel: (646) 357-1100
kbates@hausfeld.com

*Attorneys for Plaintiff Commonwealth of Puerto Rico*

**CERTIFICATE OF SERVICE**

      I certify that, on April 1, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                                                 */s/ Geraldine Young*
                                                 Geraldine Young