IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan<br><br>Special Master: David T. Moran |

**JOINT STATUS REPORT TO THE SPECIAL MASTER
FOR THE APRIL 4, 2024 HEARING**

　　Pursuant to the Special Master's Order (ECF No. 227), Plaintiff States ("States") and Defendant Google LLC ("Google") submit this Joint Status Report in advance of the April 4, 2024 hearing before the Special Master.

　　The Parties provide the below updates regarding each issue briefed to the Special Master and look forward to discussing them further with the Special Master at the upcoming hearing.

1

**States' Disputes**

1. **Missing Chat Metadata:**

    On Friday, March 29, 2024, Google provided basic metadata requested by the States on March 19 related to Google-produced Chats. These documents with missing metadata were all expressly identified by Google to the States as "Chats," thus prompting the States' request for the missing metadata. The States are reviewing the metadata provided and will reach out to Google if there are any remaining issues, and no action by the Special Master is needed at this time on this issue. The States note that there are other issues related to Google's failure to retain Chats with which the States remain unsatisfied and that are not ripe for discussion with the Special Master yet.

2. **Texas's Second RFPs for contracts and contracting publisher information relevant to the States' tying claims:**

    Google responded on Monday, April 1, 2024, asserting that it has produced "template" contracts, "Top 50 publisher" contracts, and integration and Open and Exchange Bidding agreements. The parties met and conferred on April 2. The States explained that they are still missing the identity of the publishers that had or are associated with each "template" GAM (or AdX-DFP paired), Yavin, and AdX Direct contracts and that those publishers could be identified either via the executed contracts themselves or in a list of publishers associate with each template contract. Google stated on April 2 that it would take back and consider that request (which the States had already previously requested in correspondence and its March 26 brief) and whether it would produce the list of publishers associated with each template in response to the RFPs or the States' interrogatories.

    Because Google has designated a Rule 30(b)(6) witness to testify on topics related to GAM and AdX Direct contracts to occur next week on April 12, **the States request, if Google has not agreed to do so by the hearing, that the Special Master order Google to produce to the States a list of publishers that had or are associated with GAM and AdX Direct template contracts by April 9 and for Yavin contracts by April 16.**

3. **Production of Expert Reports from the Virginia DOJ Action:** The States have conferred with Google and understand that Google continues to disagree with production of the expert reports from the Virginia DOJ Action to the States in this case and that the parties remain at impasse on this issue. The DOJ does not object to the sharing of the expert reports from the Virginia case.

    The States initially proposed setting a briefing schedule on this issue but acknowledge too that the Parties have briefed this issue already to the Special Master and the Court (*see* ECF Nos. 214, 215) in the context of the coordination order. At that time in February 2024, the Special Master found that "the parties' expert reports are

unquestionably relevant information."[1]  ECF No. 230 at 6.  In light of the MDL and Virginia coordination orders, the Special Master's recommended Coordination Order at that time required the parties to further meet and confer on the issue and submit a joint report (like this one).  That coordination order did not take effect, and no coordination order governs this case.

Thus, the States request the Special Master's input on whether further briefing is needed on this issue or if, to conserve resources and given the quickly approaching expert deadlines, the issue can be decided based on past briefing.

4. **States' Noticed Depositions of Google Witnesses:**

As the States briefed in their April 1 filing, the States are still waiting to receive rescheduled deposition dates for eleven noticed Google fact witnesses whose depositions were previously noticed to occur in early April 2024.  The States need advanced notice of these dates to make arrangements, particularly given that Google has been only providing single available dates for its witnesses.

**The States request that the Special Master order Google to provide dates for these noticed Google fact witnesses by April 5, 2024.**

For those fact and Rule 30(b)(6) witnesses whose depositions have been scheduled, the States have accepted Google's single-offered dates for each of those witnesses, respecting those witnesses' claimed availability and not in the sequence or order the States noticed those witnesses.  The States reserve their right to demand an order of Google's witnesses they "consider[] best" should the Special Master consider Google's request below.

Regarding the States' availabilities for Rule 30(b)(6) depositions, as Texas explained to Plaintiffs on April 2, the offered dates reflect the States' available dates, and Texas understands that the States' witnesses are not otherwise available on other dates.  Just as the States have not sought to depose Google witnesses on dates on which they are not available, the Special Master should not order the States to be deposed on dates on which their designated witnesses are not available.

---

[1] *See, e.g.*, *Infernal Tech., LLC v. Microsoft Corp.*, 2019 WL 5388442, at *1-3 (E.D. Tex. May 3, 2019) (Gilstrap, J.) (granting motion to compel documents from a related patent case, including "expert reports," because "prior litigation positions regarding the same claims asserted in this case are relevant to the claims and defenses in this case").

**Google's Disputes**

Google provides the following status update:

**30(b)(6) Depositions**. On March 29, 2024, Plaintiffs provided Google with a list of dates for which Plaintiffs would be willing to provide witnesses, as well as a limited list of topics on which their witnesses would testify. Plaintiffs identified just 15 out of the 41 topics in Google's 30(b)(6) notice on which Plaintiffs would prepare their witnesses to provide testimony. Plaintiffs also provided dates for these depositions just for the last 14 days of fact discovery. *See* App. A. On April 2, 2024, the parties conferred and addressed both scope and scheduling.

As for scope, Google believes the parties have reached a resolution as set forth below. On Google's 30(b)(6) topics, Plaintiffs declined to identify a witness to testify on topics 10, 29, and 31, claiming that the topics seek only privileged information. Google disagrees with Plaintiffs' position, as it seeks factual not privilege information. Based on the parties' April 2, 2024 discussion, however, Google understands that the factual information it seeks through these topics will be addressed through other topics on which Plaintiffs agree to produce a witness.

- Topic 10: "Any investigation or proposed Investigation of Google in which You have participated, including, without limitation, Your reasons, motives, rationale, and factual basis for any Investigation or proposed Investigation of Google."

    o Google understands that Plaintiffs commit to produce witness(es) to testify on the factual basis for their pre-suit investigation, as well as facts learned through the investigation, which Plaintiffs understand to be subsumed within topics 6 and 13. Plaintiffs specifically confirmed that they do not object to questions probing the facts learned from third-party interviews conducted during their investigation.

- Topic 29: "Your process for reviewing or investigating consumer complaints related to deceptive trade practices, and the relevant retention policies for: (a) complaints reviewed and/or investigated pursuant to such process(es) and (b) the review and/or investigative files."

- Topic 31: "Your policies and practices for taking enforcement actions regarding allegedly deceptive trade practices, including factors or information You consider in deciding whether to bring a deceptive trade practice claim."

    o Google understands that Plaintiffs commit to produce witness(es) to testify on their processes by which consumers can submit consumer complaints and the procedural prerequisites to bringing consumer protection lawsuits.

In the parties' April 2, 2024 conference, Plaintiffs confirmed that they omitted other topics in their March 29, 2024 offer because they consider the omitted topics to be subsumed within other broader topics and, other than topics 10, 29, and 31, Plaintiffs are not refusing to offer testimony on the omitted topics. Based on Plaintiffs' representations, Google believes that the parties have negotiated a resolution as to the scope of Plaintiffs' 30(b)(6) depositions.

4

As for scheduling, the parties discussed but have not reached a mutually acceptable compromise. Plaintiffs' delayed scheduling of their depositions to the last three weeks of fact discovery is inefficient, as it will strain resources, create conflicts with third-party depositions, and limit or prevent follow up discovery necessitated by the depositions. In addition, their attempt to impose a preferred ordering of Plaintiffs' depositions, with the Texas 30(b)(6) deposition proceeding first, is inappropriate. Google is entitled to seek discovery in a reasonable order that it considers best. Though Plaintiffs insist that Texas be the first state to sit for a 30(b)(6) deposition, and seek to force such an ordering, Google has been clear that it does not intend to depose Texas until later in the deposition schedule.

**Accordingly, Google respectfully seeks an order from the Special Master requiring i) at least five Plaintiffs provide 30(b)(6) witnesses for deposition during the week of April 8, not including Texas; ii) at least five other Plaintiffs provide 30(b)(6) witnesses for deposition during the week of April 15, which may include Texas; and iii) all remaining Plaintiffs provide 30(b)(6) witnesses for deposition during the weeks of April 22 and 29.**

**Puerto Rico**. Puerto Rico's position is unchanged. It should be ordered to conduct document collection efforts on issues core to this case and to document these efforts, including with an affidavit regarding: (i) their investigation into its use of Ad Tech or display advertising; (ii) how and when it determined there were no relevant consumer complaints; and (iii) how and when it reviewed for third-party communications.

**Apex Depositions**. The parties continue to confer on Plaintiffs' previously noticed 30(b)(1) depositions of certain high-ranking Google executives and in-house counsel.

**DTPA Discovery.** In compliance with the Special Master's Order dated March 25, 2024, Google has run all search terms as to old and new custodians. Google has almost completed its review of documents identified by the ten new DTPA search strings as applied to 170 old custodians and expects to make a rolling production of those documents by April 12.

For the eight new custodians, applying all search terms yielded approximately 477,000 additional documents for review after de-duplication. This number is substantially higher than anticipated.

We expect that the first tranche of documents will become available for review starting today. In anticipation of that review, Google has brought on hundreds of additional contract attorneys. Even so, the higher than expected volume of documents makes it all but impossible to meet the April 19 deadline to complete production of documents and accompanying privilege logs. Google anticipates that adding more reviewers will not make a difference because the bottlenecks will be production machine processing time and the requirement to produce concurrent privilege logs.

As a result, Google respectfully submits that there is good cause for a one-week extension through April 26, 2024, with rolling productions to continue in the meantime.

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | 1101 Connecticut, N.W., 11th Floor |
| | Washington, DC 20005 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

/s/ R. Paul Yetter
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

## **CERTIFICATE OF SERVICE**

I certify that, on April 3, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

>  */s/ Geraldine Young*
>  Geraldine Young

**Appendix A**
**Plaintiffs' Currently Proposed Schedule**

| \ | \ | \ | April - May Calendar | \ | \ | \ |
|---|---|---|---|---|---|---|
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| Apr 14 | **Apr 15** | **Apr 16** <br><br> TX | **Apr 17** <br><br> MT-2; TX | **Apr 18** <br><br> AR; MO; MT-1; MT-2; SD | **Apr 19** <br><br> MO; MT-1; NV; SD | Apr 20 |
| Apr 21 | **Apr 22** <br><br> FL; ID; MO; MT-1; MT-2; NV; ND; SD; UT-1, UT-2 | **Apr 23** <br><br> AK; AR; FL; ID; MO; MT-1; MT-2; SC; SD; NV; ND; UT-1; UT-2 | **Apr 24** <br><br> AK; FL; ID; KY; MO; MT-1; MT-2; NV; ND; PR; SC; SD; UT-1; UT-2 | **Apr 25** <br><br> AK; AR; FL; ID; IN; KY; MS; MO; MT-1; MT-2; ND; PR; SD; UT-1; UT-2 | **Apr 26** <br><br> FL; ID; IN; MS; MO; MT-1; MT-2; ND; PR; SD | Apr 27 |
| Apr 28 | **Apr 29** <br><br> ID; LA; MO; MT-1; MT-2; ND; PR; UT-1; UT-2 | **Apr 30** <br><br> ID; LA; MO; MT-1; MT-2; PR; UT-1; UT-2 | **May 1** <br><br> ID; LA; MO; MT-2; PR; UT-1; UT-2 | **May 2** <br><br> ID; LA; MO; MT-2; PR; UT-1; UT-2 | **May 3** <br><br> ID; LA; MO; MT-2; PR; UT-1; UT-2 | 4 |