## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

STATE OF TEXAS, ET AL.,

        Plaintiff

        v.                        Civil Action No. 4:20-cv-957-SDJ

GOOGLE LLC,

        Defendant.

## TEXAS GENERAL LAND OFFICE'S MOTION TO QUASH DEPOSITION SUBPOENA, MOTION FOR PROTECTIVE ORDER, AND REQUEST FOR SUBMISSION

Pursuant to Fed. R. Civ. P. 45(d)(3) and Fed. R. Civ. P. 26(c), non-party Texas General Land Office (GLO), through the Office of the Attorney General-Administrative Law Division, files this Motion to Quash Deposition Subpoena, Motion for Protective Order, and Request for Submission in response to Defendant's subpoena received on or around March 24, 2024 (Subpoena). *See* Exhibit A attached hereto. The Subpoena commands GLO to designate one or more officers to testify on April 3, 2024, at 9:30 a.m. CST.[1] *Id.*

This motion seeks to prevent testimony of any GLO officer and prevent further discovery attempts, based on GLO's sovereign immunity.

In support, non-party GLO respectfully shows the Court the following:

---

[1] Counsel for GLO has conferred with Counsel for Google and agreed to pass the deposition date of April 3, 2024, pending resolution of this matter.

## Background

The State of Texas filed the captioned proceeding against Google in 2021 based on allegations Google violated the Texas Deceptive Trade Practices - Consumer Protection Act and the Biometric Identifier Act. On April 21, 2023, Google served a Rule 45 non-party subpoena duces tecum on GLO seeking a multitude of documents spanning over a ten-year period. GLO timely filed Rule 45 objections arguing it had sovereign immunity from the subpoena, that the subpoena violated Fed. R. Civ. P. 45(d)(1) because Google failed to take reasonable steps to avoid undue burden and expense[2], and that the requested documents were irrelevant to any of Google's claims or defenses.[3] Counsel for GLO and Counsel for Google conferred multiple times about the document subpoena. Without waiving its sovereign immunity, GLO stated that it would be seeking cost shifting and, in the spirit of cooperation, produced responsive documents going back three years. There were no communications from Google counsel after these documents were produced until the deposition subpoena was served on March 24, 2024.

## Motion to Quash

Neither GLO nor its officers, who are not parties to this case, are subject to the subpoena because sovereign immunity prevents the court from having subject matter

---

[2] GLO estimated it would take hundreds of hours and multiple to review and gather responsive information.
[3] Objections to the subpoena deuces tecum served on Google by GLO are attached as Exhibit B.

jurisdiction over them. *Russell v. Jones*, 49 F.4th 507, 513 (5th Cir. 2022) (stating "a court, state or federal, lacks jurisdiction to enforce a subpoena against an unwilling sovereign.") (citing *Louisiana v. Sparks*, 978 F.2d 226, 235-36 (5th Cir. 1992)).[4]

Further, "[w]here sovereign immunity applies, it applies totally." *Russell*, 49 F.4th 514. Accordingly, the court should quash this subpoena. *TexasLDPC, Inc. v. Broadcom, Inc.*, Misc. No. 4:22-CV-01780, 2023 WL 3293292, at *2 (S.D. Tex. May 5, 2023) (quashing third-party subpoena to Texas state agency because "[a]s an agency of the State of Texas, TAMUS enjoys immunity from suit (including discovery) in federal court." (citing *Sullivan v. Texas A&M Univ. Sys.*, 986 F. 3d 593, 595 (5th Cir. 2021)).

Sovereign immunity not only applies when a state is a defendant; it also applies to a state and its officers as third parties. *Russell*, 49 F.4th at 514; *Thompson v. Richter*, No. 7:22-cv-00014-O, 2023 WL 7986341, at *1 (N.D. Tex. Nov. 17, 2023). Where sovereign immunity applies, it applies not just to direct suits, but to the entire "coercive process of judicial tribunals at the instance of private parties." *Id.* "Subpoenas [] are a coercive judicial process [because] they [are] issu[ed] under the court's authority and are enforced by court order." *Id.* at 515. Causing a state agency

---

[4] See also *Russell*, 49 F.4th 516-19, discussing "similar conclusions in analogous cases involving federal and tribal sovereign immunity."

and its officers who are not parties to the case to comply with a subpoena "violates the 'inviolable sovereignty' retained by the states in the Constitution's wake." *Id.* (citing *Alden v. Maine*, 527 U.S. at 706, 715 (1999) (quoting The Federalist No. 39, at 245 (James Madison)).

GLO is an independent state agency. Its officers, directors, or managing agents are being summoned in their official capacity to testify about actions and information of which they have knowledge because of their positions within the GLO. Both GLO and its officers are protected by the Eleventh Amendment, which was written "to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties." *Russell,* 49 F. 4th at 513 (quoting *Ex parte Ayers*, 123 U.S. 443, 505 (1887)).

Furthermore, sovereign immunity is not waived when an agency responds to other discovery requests, because "production of documents does not unequivocally demonstrate an intent to waive sovereign immunity." *Thompson v. Richter*, No. 7:22-cv-00014-O, 2023 WL 7986341, at *2; see also *Neinast v. Texas*, 217 F.3d 275, 279 (5th Cir. 2000). Thus, both the GLO and its officers are protected by sovereign immunity, and Google's deposition subpoena should be quashed.

### Motion for Protective Order

GLO and its officers seek a Protective Order to prevent further Subpoenas from being issued upon them in this case. "[A]ny person from whom discovery is sought

may move for a protective order in the court were the action is pending. [] The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Good cause is established by a specific showing of 'clearly defined and serious injury to the party seeking' the protective order." *Moncevais v. Herrick*, No. 7:22-cv-00441, 2023 WL 4666612, at *3 (S.D.Tex. Jul. 20, 2023). Further subpoenas would be subject to being quashed based on sovereign immunity. Thus, issuance of additional subpoenas would cause the GLO and Attorney General's Office to use taxpayer resources to defend against a subpoena over which the Court lacks jurisdiction. Therefore, GLO's Motion for Protective Order should be granted.

## PRAYER

For the reasons stated above, GLO respectfully requests the Court grant its Motion to Quash and Motion for Protective Order. GLO also prays for any such other and further relief, both general and specific, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil
Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Lauren McGee*
TED ROSS
State Bar No. 24008890
LAUREN MCGEE
State Bar No. 24128835
Assistant Attorneys General
Office of the Attorney General of
Texas
Administrative Law Division
P.O. Box 12458, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3203
Ted.Ross@oag.texas.gov
Lauren.McGee@oag.texas.gov

***Attorneys for Non-Party Texas
General Land Office***

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 3, 2024, I spoke with Chuck Matula, Counsel for Google, LLC by phone to discuss this Motion to Quash. Despite discussion of each participant's view, we were unable to resolve this issue because GLO believes it has sovereign immunity and Google, LLC believes GLO's sovereign immunity has been waived. Counsel for GLO has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Google, LLC oppose this Motion.

*/s/ Lauren McGee*
Lauren McGee
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served to the following parties on April 4, 2024, via e-file:

Chuck Matula
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
cmatula@yettercoleman.com
(713) 632-8069

*Attorneys for Google, LLC*