## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF TEXAS, ET AL., | |
| Plaintiff | |
| v. | Civil Action No. 1:21-cv-06841-PKC |
| GOOGLE LLC, | |
| Defendant. | |

## TEXAS GENERAL LAND OFFICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S "SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION"

Texas General Land Office (GLO) submits the following objections and responses to the "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" served by Google LLC (Google) on April 21, 2023 (Subpoena).

## SOVEREIGN IMMUNITY

GLO is not subject to the subpoena deuces tecum because sovereign immunity prevents the court from having subject matter jurisdiction over it. GLO is an independent state agency. It is protected by the Eleventh Amendment which was written "to prevent the indignity of subjecting a state to the coercive process of juridical tribunals at the instance of private parties." *Russell v. Jones*, 49 F.4th 507, 513 (5th Cir. 2022) (quoting *Ex parte Ayers*, 123 U.S. 443, 505 (1887)). GLO is not

1

a party in the case. However, sovereign immunity does not only apply when states are defendants, it also applies to states as third parties. *Russell*, 49 F.4th at 514. When sovereign immunity applies, it applies not just to direct suits, but to the *entire* "coercive process of judicial tribunals at the instance of private parties." *Id.* "Subpoenas deuces tecum are a coercive judicial process [because] they [are] issu[ed] under the court's authority and are enforced by court order." *Id.* at 515. Causing a state agency who is not a party to the case to comply with a subpoena deuces tecum "violates the 'inviolable sovereignty' retained by the states in the Constitution's wake." *Id.* (citing *Alden v. Maine*, 527 U.S. at 706, 715 (1999) (quoting The Federalist No. 39, at 245 (James Madison)).

The Court lacks subject matter jurisdiction to cause a subpoena deuces tecum to be issued and compel compliance because GLO has sovereign immunity and there has been no abrogation of that sovereign immunity for this suit.

## **GENERAL OBJECTIONS**

GLO submits the following general objections to the Subpoena, without waiver of the defense of sovereign immunity:

1.      GLO objects to the Subpoena because it violates Federal Rule of Civil Procedure 45(d)(1) in that it fails to take reasonable steps to avoid imposing undue burden or expenses on GLO. GLO reserves its right under Rule 45(d) and under any

other applicable rule or statute to seek cost-shifting from the Defendants from the significant expenses that compliance with this Subpoena imposes.

2.     GLO objects to the Subpoena to the extent that it seeks information going back ten years which is temporally over broad. The scope of the request spanning over ten years creates an undue burden on GLO.

3.     Without waiving sovereign immunity or any other defenses, GLO estimates the time necessary to review and gather responsive information would be hundreds of hours and required multiple people to search files as far back as ten years.

4.     GLO objects to the Subpoena to the extent it seeks information and/or documents that are not within its possession, custody, or control or which require it to create documents that are not already in existence.

5.     GLO objects to the Subpoena to the extent it seeks information and/or documents that are available to Defendants through sources other than GLO and through less burdensome means, including *inter alia*, parties to the captioned litigation, public sources or records, third party vendors, and/or sources otherwise equally available to Defendants.

6.     GLO objects to the Subpoena to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the

deliberative process privilege, or similar privileges, immunities, or laws of similar effect.[1]

7.      GLO objects to each Subpoena request to the extent it attempts to seek discovery concerning claims, issues, matters, and/or non-parties that are not at issue in this litigation on the grounds that such request is overbroad and unduly burdensome and seeks information and/or documents that are not relevant to any party's claim or defense and not proportional to the needs of the case.

8.      GLO objects to the Subpoena, including the Definitions and Instructions therein, to the extent they create an undue burden for GLO in propounding its responses and objections to the Subpoena or purport to impose obligations or requirements on GLO beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York and the Western District of Texas, and/or the Court's orders. Specifically, GLO objects to the definition of "You" extending beyond GLO as an agency.

9.      GLO objects to the Subpoena to the extent it purports to seek documents containing confidential business or other proprietary information, confidential information obtained by GLO under contractual promise of non-disclosure, or

---

[1] Deliberative process "protects the 'decision making processes of government agencies, reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Gilby v. Hughs*, 471 F.Supp. 3d 763, 767 (W.D. Tex. 2020). Citing *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S.132,150 (1975).

nonpublic personal information. Relevant documents containing nonpublic personal information may be produced with appropriate redactions designed to minimize the risk of public disclosure of identifiable nonpublic personal information.

10.   GLO objects to the Subpoena to the extent it seeks information protected from disclosure by state and federal confidentiality and privacy laws.

11.   GLO objects to each request in the Subpoena to the extent it seeks "all documents" relating to a particular topic over a decade long period, requiring unreasonable, overly broad searches, collections, and productions of duplicative and irrelevant documents. Such requests are thus unduly burdensome relative to the value of such information to determination of the facts and legal questions at issue in this litigation and not proportional to the needs of the case.

12.   GLO objects to the Subpoena on the grounds that it places a disproportionate burden on it as a non-party to this proceeding, compared to its purported benefit. The vastness of the information sought in the subpoena to GLO is unduly burdensome and overly broad. Similar and likely duplicative information is being sought from parties to the litigation. This creates a greater burden on non-parties to produce discovery than it does on actual parties to the litigation.[2]

---

[2] The standard to show undue burden on a non-party is different than that for a party. "To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Further, if the person to whom the document request is made is a non-party, the court may also consider expense and*

13.    GLO objects to the Subpoena on the grounds that Google cannot take steps to prevent undue burden as is required by Federal Rule of Civil Procedure 45(d)(1). Because Google has no received production for discovery from parties to the litigation, it cannot ensure that the Subpoena is not duplicative, unnecessary, or irrelevant to their defense.[3]

14.    Any statement that GLO will produce documents in response to any request in the Subpoena should not be taken as an indication that such documents exist, but only that GLO will produce such documents or information at a time, place, and manner to be agreed upon [electronically] if the documents exist in its possession, custody, or control, and are not privileged or otherwise exempt from production under the law.

15.    GLO reserves the right to amend its objections and responses, or assert such other and additional objections, as justice and good cause may require.

---

inconvenience to the non-party." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). (Emphasis added.)

[3] *See JAM Indus. USA, LLC v. Gibson Brands, Inc.*, No. 19 MC 508-LTS, 2020 U.S. Dist. Lexis 124293, at 7-8 (S.D.N.Y. July 15, 2020). "To determine whether a subpoena imposes an undue burden, 'courts weigh the burden to the subpoenaed party against the value of the information to the service party by considering factors such as relevance, the need of the party for the documents, the breadth of the documents requested, the time period covered by it, the particularity with which the documents are described, and the burden imposed.'" Id. (quoting *Citizens Union of City of N.Y. v. Attorney General of New York*, 269 F.Supp. 3d 124, 138 (S.D.N.Y. 2017)).

6

## RESPONSES TO DOCUMENT REQUESTS

**Without waiver of any objections, including sovereign immunity and the foregoing general objections, GLO responds to the document requests in the Subpoena as follows:**

**Request No. 1:**

"Documents and data sufficient to show the (i) Impressions that You Purchased; (ii) Attributed Clicks for such Impressions; (iii) Attributed Conversions for such Impressions; (iv) Attributed Sales for such Impressions; (v) gross amount You paid for such Impressions; (vi) total fees paid to all Ad Tech Providers (net of any discounts or rebates received) for such Impressions; (vii) Your return on investment for such Impressions; (viii) Your return on advertising spend for such Impressions; and (ix) the name of the Agency (if any) involved in Purchasing such Impressions- all aggregated (at a monthly level for each month since January 1, 2013) separately for each unique combination of the following parameters:

  a.  Publisher of the Inventory on which the Impressions were displayed;

  b.  Property on which the Impressions were displayed;

  c.  Ad Buying Tool (if any) through which the Impressions were Purchased;

  d.  Ad exchange, Ad Network, or Ad Selling Tool through which the Impressions were Purchased;

  e.  Transaction Type through which the Impressions were Purchased;

  f.  Environment in which the Impressions were displayed;

g.  Format of the Impressions;

h.  Whether or not the Impression was part of a Remarketing Campaign;

i.  Cost Type that was specified for purchasing the Impressions;

j.  Account ID; and

k.  Campaign ID associated with the Impressions.

An example of a sufficient response to this request is attached as Exhibit B. Data and documents produced in response to this Request shall be limited to information pertaining to transactions taking place in the United States. For any data and documents which You are unable to restrict by geography (for example, the geography is ambiguous or unknown), such data and documents shall be treated as responsive to this Request."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to the request as vague, and specifically objects to the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 2:**

"Documents sufficient to show for each Campaign ID identified in response to Request No. 1(k), the goals and objectives of that Campaign."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to the request as vague, and specifically objects to the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

GLO objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.

GLO further objects to this request because it seeks material that is not relevant to any part of the litigation. The goals and objectives of a Campaign have no bearing on the issue of whether or not Google engaged in dishonest and deceptive practices as alleged. Additionally, this request is over broad and unduly burdensome in the same manner that Request No. 1 was over broad and unduly burdensome.

Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 3:**

"Documents sufficient to show how You calculate or assess return on advertising spend, return on investment, and other Campaign objectives (such as views, Clicks, downloads, conversions, actions, etc.)."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

11

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to the request as vague, and specifically objects to the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

GLO objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 4:**

"Documents reflecting Your costs, profits, return on investment, return on advertising spend, and revenue associated with Your purchase of Display Advertising via or by:

  a. Direct Transactions or Indirect Transactions;

  b. Programmatic or non-Programmatic Transactions;

  c. An Agency or on Your own account;

  d. An Ad Exchange or an Ad Network;

  e. A Private Auction or marketplace;

f.  Each Environment;

g.  Each Format; and

h.  Each Publisher or Property or type of Publisher or Property (such as social

media and retail media)."

**Response:**

GLO objects to the burdensome nature of this request because the time period

extends over a decade and compliance requires unreasonable and overbroad

searches, collections, and productions of duplicative and unnecessary documents.

Fulfillment of this request would place an undue burden on GLO, which is not a

party to this litigation.

GLO also objects to the relevance of this request and objects to the request on

the grounds that the expense of engaging in the discovery is disproportional to its

purported benefits.

GLO objects to producing any documents not directly within its possession,

custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad.

The information is also irrelevant to the issue of whether or not Google engaged in

deceptive practices as alleged. Fulfillment of this request would place an undue

burden on GLO, which is not a party to this litigation.

GLO objects to the request as vague, and specifically objects to the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 5:**

"Documents reflecting how Your costs, profits, return on investment, return on advertising spend, and revenue are impacted by purchasing Display Advertising via or by:

a.  Direct Transactions or Indirect Transactions;

b.  Programmatic or non-Programmatic Transactions;

c.  An Agency or on Your own account;

d.  An Ad Exchange or an Ad Network;

e.  A Private Auction or marketplace;

f.  Each Environment;

g.  Each Format; and

h.  Each Publisher or Property or type of Publisher or Property (such as social media and retail media)."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to the request as vague, and specifically objects to the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 6:**

"Documents reflecting Your consideration of the relative costs and benefits of Display Advertising compared to other forms of advertising (such as Search Advertising, Linear or Connected Television advertising, email, print, or radio advertising)."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 7:**

"All documents concerning Clicks, Impressions, conversions, return on advertising spend, or return on investment for Display Advertising that You received from any Ad Tech Provider, including any breakdowns by Transaction Type."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in

deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to the request as vague, and specifically objects to the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

GLO objects to this request because "all documents" is overbroad and vague. Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 8:**

"Documents reflecting Your strategic plans, executive presentations, and financial statements concerning Display Advertising."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, GLO further objects that this request encroaches on privilege.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 9:**

"Documents reflecting how and why You set, monitor, and adjust Your display Advertising spend, including documents reflecting (i) how You measure Display Advertising effectiveness; and (ii) how much of Your total advertising budget is allocated to Display Advertising."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad

searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, GLO further objects that this request encroaches on privilege.

GLO objects to this request because how and why and Agency sets, monitors, and adjusts display and advertising budget have no bearing and are irrelevant to the issue of whether or not Google engaged in dishonest and deceptive practices as alleged.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 10:**

"Documents reflecting how You attribute conversions and any analyses of attribution (including internal and commissioned analyses purchased from an Agency, vendor, or consultant)."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in

deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, GLO further objects that this request encroaches on privilege.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 11:**

"Documents reflecting how and why You shift Your advertising spend across various forms of advertising (such as Display Advertising, Search Advertising, Linear or Connected Television Advertising, email, print, or radio advertising)."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

22

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to this request because the term "advertising spend" is vague. As such, it is not possible to know how to comply with this request.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, GLO further objects that this request encroaches on privilege.

GLO objects to this request because how and why an Agency shifts advertising spend across various forms of advertising has no bearing and is irrelevant to the issue of whether or not Google engaged in dishonest and deceptive practices as alleged.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 12:**

"Documents reflecting how and why You shift Your advertising spend across various Ad Tech Providers or Ad Tech Products, including In-House Ad Tech Products."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in

deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to this request because the term "advertising spend" is vague. As such, it is not possible to know how to comply with this request.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, GLO further objects that this request encroaches on privilege.

GLO objects to this request because the internal decision-making associated with budget allocation for advertising is not relevant to this case and does not provide any value to Google concerning the issue of whether or not they engaged in dishonest and deceptive practices as alleged.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 13:**

"Documents reflecting how and why You shift Your Display Advertising spend among Formats, between Direct and Indirect Transactions, among Environments, among social media and non-social media Properties, and between Inventory Purchases using Agencies and not using Agencies."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to this request because the term "advertising spend" is vague. As such, it is not possible to know how to comply with this request.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and

to be privileged under Fed. R. Evid. 501. Therefore, GLO further objects that this request encroaches on privilege.

GLO objects to this request because the internal decision-making is not relevant to this case and does not provide any value to Google concerning the issue of whether or not they engaged in dishonest and deceptive practices as alleged.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 14:**

"Documents reflecting Your consideration, evaluation, or comparison of Ad Tech Providers or Ad Tech Products (including In-House Ad Tech Products), and their Features, effectiveness, and pricing."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, GLO further objects that this request encroaches on privilege.

GLO objects to this request because, as a global corporation who has successfully navigated the ultra-competitive arena of advertising, Google will already have information relating to Features, effectiveness, and pricing of Ad Tech Products or Ad Tech Providers and the specific evaluation, consideration, or comparison conducted by one state agency is not relevant.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 15:**

"Documents sufficient to show which Ad Tech Products You have used during the Relevant Period."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 16:**

"Documents reflecting Your actual or considered switching from one Ad Tech Product to another Ad Tech Product, including Your reasons for switching (or not doing so), the cost of switching, and the actual or potential impact of switching Your return on advertising spend."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to this request because the term "advertising spend" is vague. As such, it is not possible to know how to comply with this request.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, GLO further objects that this request encroaches on privilege.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 17:**

"Documents reflecting contracts or agreements related to Ad Tech, Ad Tech Providers or Display Advertising, including those related to Direct Transactions (and if no contract is available for a Direct Transaction, documents sufficient to show the date, parties, and material terms of the Direct Transaction)."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 18:**

"Documents reflecting Your contracts or agreements with each Agency You have used for Display Advertising, including documents reflecting the services each Agency provides and how each Agency has been compensated for its services."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad

searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to this request because, as a global company who has successfully navigated the ultra-competitive arena of advertising, Google will already have information relating to the services competing Agencies provide.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 19:**

"All documents concerning any formal or informal governmental investigation concerning Google's Display Advertising or Google's Ad Tech Products, including

all communications involving You and any governmental agency and all documents that You provided to any governmental agency."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to this request because "all documents" is overbroad and vague.

To the extent responsive documents exist, the documents could include attorney-client privileged information and attorney work product, which is protected

from disclosure and privileged under Fed. R. Evid. 501. Therefore, GLO further objects that this request encroaches on that privilege.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 20:**

"All documents concerning the effect of the availability or use of User identifiers or proxy identifiers (including but not limited to, for example, Apple Identifier for Advertisers (IDFA), Android AdID, Third-Party Cookies, and logged-in account) or other User tracking mechanisms on Your Display Advertising strategy or the cost effectiveness of Your Display Advertising."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to this request because "all documents" is overbroad and vague.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 21:**

"Documents sufficient to show whether, why, and for what purposes You use multiple Ad Buying Tools to purchase Display Advertising, including documents discussing whether You use multiple Ad Buying Tools to place Bids for the same type of Inventory, whether You use different Ad Buying Tools to place Bids for different types of Inventory, and the types of Inventory and/or Impressions for which You use multiple Ad Buying Tools."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents.

Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, GLO further objects that this request encroaches on privilege.

GLO objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.

Additionally, GLO objects to this request because how and why an Agency uses multiple Ad Buying Tools has no bearing and is irrelevant to the issue of whether or not Google engaged in dishonest and deceptive practices as alleged.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 22:**

"All documents concerning the impact of Header Bidding on Your Display Advertising strategy or the cost effectiveness of Your Display Advertising."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to this request because "all documents" is overbroad and vague. Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 23:**

"Documents sufficient to show factors that influence Your choice of Bidding strategies (such as, for example, whether the auction is first- or second-priced, expected Floor Price, manual or automated Bid optimization strategies, and available post-auction report information) and the effect of Your Bidding strategies on Your return on investment or return on advertising spend."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

39

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO objects to the request as vague, and specifically objects to the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, GLO further objects that this request encroaches on privilege.

GLO objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

**Request No. 24:**

"Documents reflecting the impact of Ad Blocking Tools on Your Display Advertising strategy or the effectiveness thereof."

**Response:**

GLO objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

GLO also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its purported benefits.

GLO objects to producing any documents not directly within its possession, custody, or control or which require it to create documents not already in existence.

GLO objects to this request because it is unduly burdensome and overbroad. The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on GLO, which is not a party to this litigation.

Pursuant to all of its objections, GLO does not intend to produce any documents responsive to this request at this time.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

ERNEST C. GARCIA
Chief, Administrative Law Division

/s/ *Lauren McGee*
TED ROSS
Texas State Bar No. 24008890
LAUREN MCGEE
Texas State Bar No. 24128835
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3203
Ted.ross@oag.texas.gov
lauren.mcgee@oag.texas.gov

ATTORNEYS FOR NON-PARTY TEXAS
GENERAL LAND OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served to the following parties on the May 26, 2023, via email and CMRRR:

Jeanette Bayoumi
601 Lexington Avenue
31st Floor
New York, NY  10022
Jeanette.bayoumi@freshfields.com

CMRRR #: 7012 1010 0002 4081 0566

/s/ *Lauren McGee*
LAUREN MCGEE
Assistant Attorney General