**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| STATE OF TEXAS, ET AL., | |
| Plaintiff | |
| v. | Civil Action No. 4:20-cv-957-SDJ |
| GOOGLE LLC, | |
| Defendant. | |

**TEXAS DEPARTMENT OF MOTOR VEHICLES' MOTION TO QUASH DEPOSITION SUBPOENA, MOTION FOR PROTECTIVE ORDER, AND REQUEST FOR SUBMISSION**

Pursuant to Fed. R. Civ. P. 45(d)(3) and Fed. R. Civ. P. 26(c), non-party Texas Department of Motor Vehicles (TxDMV), through the Office of the Attorney General- Administrative Law Division, files this Motion to Quash Deposition Subpoena, Motion for a Protective Order, and Request for Submission in response to Defendant's subpoena received on or around March 28, 2024 (Subpoena). *See* Exhibit A. The Subpoena commands TxDMV to designate one or more officers to testify on April 8, 2024, at 9:30 a.m. CST.[1] *Id.*

---

[1] Counsel for DMV has conferred with Counsel for Google on 4/2/24 via phone and 4/3/24 via email regarding TxDMV not having anyone with knowledge who could answer questions on the topics listed about the documents that were produced.

1

This motion seeks to prevent testimony of any TxDMV officer and prevent further discover attempts, based on TxDMV's sovereign immunity and undue burden. In support, non-party TxDMV respectfully shows the Court the following:

## Background

The Office of the Attorney General, representing the State of Texas, filed suit against Google in 2021 based on allegations Google violated the Texas Deceptive Trade Practices- Consumer Protection Act and the Biometric Identifier Act. In 2023, Google served a Rule 45 non-party subpoena deuces tecum on TxDMV seeking a multitude of documents spanning over a ten year period. TxDMV served Rule 45 objections arguing it had sovereign immunity from the subpoena and the subpoena violated Fed. R. Civ. P. 45(d) because it was overly broad and unduly burdensome.[2] Without waiver of sovereign immunity, TxDMV produced responsive documents.

## Motion to Quash

A. <u>Sovereign Immunity</u>

Neither TxDMV nor its officers, who are not parties to this case, are subject to the subpoena because sovereign immunity prevents the court from having subject matter jurisdiction over them. *Russell v. Jones*, 49 F.4th 507, 513 (5th Cir. 2022) (stating "a court, state or federal, lacks jurisdiction to enforce a subpoena against an

---

[2] Objections to the subpoena deuces tecum served on Google by TxDMV are attached as Exhibit B.

unwilling sovereign.") (citing *Louisiana v. Sparks*, 978 F.2d 226, 235-36 (5th Cir. 1992)).[3]

Further, "[w]here sovereign immunity applies, it applies totally." *Russell*, 49 F.4th 514. Accordingly, the court should quash this subpoena. *TexasLDPC, Inc., v. Broadcom, Inc.*, Misc. No. 4:22-CV-01780, 2023 WL 3293292, at *2 (S.D. Tex. May 5, 2023) (quashing third-party subpoena to Texas state agency because "[a]s an agency of the State of Texas, TAMUS enjoys immunity from suit (including discovery) in federal court." (citing *Sullivan v. Texas A&M Univ. Sys.*, 986 F. 3d 593, 595 (5th Cir. 2021)).

Sovereign immunity not only applies when states are defendants, it also applies to states and its officers as third parties. *Russell*, 49 F.4th at 514; *Thompson v. Richter*, No. 7:22-cv-00014-O, 2023 WL 7986341, at *1 (N.D. Tex. Nov. 17, 2023). Where sovereign immunity applies, it applies not just to direct suits, but to the entire "coercive process of judicial tribunals at the instance of private parties." *Id.* "Subpoenas [] are a coercive judicial process [because] they [are] issu[ed] under the court's authority and are enforced by court order." *Id.* at 515. Causing a state agency and its officers who are not parties to the case to comply with a subpoena "violates the 'inviolable sovereignty' retained by the states in the Constitution's wake." *Id.*

---

[3] See also *Russell*, 49 F.4th 516-19, discussing "similar conclusions in analogous cases involving federal and tribal sovereign immunity."

(citing *Alden v. Maine*, 527 U.S. at 706, 715 (1999) (quoting The Federalist No. 39, at 245 (James Madison)).

TxDMV is an independent state agency. Its officers, directors, or managing agents are being summoned in their official capacity to testify about actions and information of which they have knowledge because of their positions within the TxDMV.  Both TxDMV and its officers are protected by the Eleventh Amendment which was written "to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties." *Russell*, 49 F. 4th at 513 (quoting *Ex parte Ayers*, 123 U.S. 443, 505 (1887)).

Furthermore, sovereign immunity is not waived when an agency responds to other discovery requests because "production of documents des not unequivocally demonstrate an intent to waive sovereign immunity." *Thompson v. Richter*, No. 7:22-cv-00014-O, 2023 WL 7986341, at *2; see also *Neinast v. Texas*, 217 F.3d 275, 279 (5th Cir. 2000). Thus, both the TxDMV and its officers are protected by sovereign immunity, and Google's deposition subpoena should be quashed.

### B. Undue Burden

In considering a motion to quash, courts balance the needs of the requesting party against the burdens imposed on the person responding to the subpoena, and "the status of that person as a non-party is a factor." *In re Modern Plastics Corp.*, 890 F. 3d 244, 251 (6th Cir. 2018); *Accord Whole Woman's Health v. Smith*, 896 F.3d 362

(5th Cir. 2018) (reversing district court's denial of non-party's motion to quash where non-party had already produced documents, in part because additional information would be of limited use to party that issued subpoena). "[C]ourts must give the recipient's nonparty status special weight, leading to an even more demanding and sensitive inquiry that then one governing discovery generally." *Virginia Dept. of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (citation and internal quotation marks omitted)).

Where the balance tips in favor of the person responding to a subpoena, "a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—and the court must do so even in the absence of a motion." *Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *4 (N.D. Tex. Oct. 23, 2017) (citing *Crosby v. Louisiana health Serv. and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)).

In this instance, without waiver of sovereign immunity, TxDMV produced documents responsive to the subpoena deuces tecum. Google now seeks to question TxDMV about those documents. However, the responsive documents produced

were from a 2015-2016 campaign (eight to nine years ago) regarding the transition from two vehicle stickers, one for safety inspection and one for registration, to one sticker for both safety inspection and registration. TxDMV does not currently employ persons who are knowledgeable about this particular campaign, other than general knowledge that it existed. In order to produce someone to testify at a deposition, TxDMV would have to identify some individual and have that individual learn from scratch what occurred almost a decade ago. Google served the subpoena on TxDMV on March 28, 2024, for a deposition on April 8, 2024. This is not sufficient time for TxDMV to fully educate someone. Even if TxDMV did educate someone, the deposition testimony would not be admissible in court because it is not possible for the deponent to have personal knowledge. "Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify on matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an adverse party to use that deposition during trial.[4] However, a corporate representative may not testify to matters outside his own personal knowledge 'to the extent that information [is] hearsay not falling within one of the of authorized exceptions.'" *Union Pump Co. v. Centrifugal Tech., Inc.*, 404 Fed. Appx. 889, 908-09 (5th Cir. 2010); *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006).

---

[4] See *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006).

Thus, not only would requiring TxDMV to educate an employee be unduly burdensome because of time, but also because whatever testimony Google gathers would not be based on personal knowledge of the deponent and is not likely to be important in resolving the case.

### Motion for Protective Order

TxDMV and its officers seek a Protective Order to prevent further Subpoenas from being issued upon them in this case. "[A]ny person from whom discovery is sought may move for a protective order in the court were the action is pending. [] The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Good cause is established by a specific showing of 'clearly defined and serious injury to the party seeking' the protective order." *Moncevais v. Herrick*, No. 7:22-cv-00441, 2023 WL 4666612, at *3 (S.D.Tex. Jul. 20, 2023). Further subpoenas would be blocked by sovereign immunity. Thus, issuance of additional subpoenas would cause the TxDMV and Attorney General's Office to use taxpayer resources to defend against a subpoena the Court lacks jurisdiction over. Therefore, TxDMV's Motion for Protective Order should be granted.

### PRAYER

For the reasons stated above, TxDMV respectfully requests the Court grant its Motion to Quash and Motion for Protective Order. TxDMV also prays for any such

other and further relief, both general and specific, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Lauren McGee*
TED ROSS
State Bar No. 24008890
LAUREN MCGEE
State Bar No. 24128835
Assistant Attorneys General
Office of the Attorney General of Texas
Administrative Law Division
P.O. Box 12458, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3203
Ted.Ross@oag.texas.gov
Lauren.McGee@oag.texas.gov

***Attorneys for Non-Party Texas Department of Motor Vehicles***

8

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 3, 2024, I spoke with Karla Maradiaga, Counsel for Google, LLC by phone to discuss this Motion to Quash. Despite discussion of each participant's view, we were unable to resolve this issue because TxDMV believes it has sovereign immunity and Google, LLC believes TxDMV's sovereign immunity has been waived. Counsel for TxDMV has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Google, LLC oppose this Motion.

*/s/ Lauren McGee*
Lauren McGee
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served to the following parties on April 5, 2024, via e-file:

R. Paul Yetter
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
pyetter@yettercoleman.com
(713) 632-8000

Karla Maradiaga
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
kmaradiaga@yettercoleman.com
(713) 632-8000

*Attorneys for Google, LLC*

9