AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action                    *Delivered 3/28/2024*

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of Texas

| | |
|---|---|
| State of Texas, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:20-cv-957-SDJ |
| Google LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                         Texas Department of Motor Vehicles
                c/o General Counsel, Laura Moriarty, Esq., 4000 Jackson Avenue, Austin, Texas 78731
                          *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached.

| Place: Omni Austin Hotel Downtown Meetings<br>700 San Jacinto at 8th Street<br>Austin, Texas 78701 | Date and Time:<br>04/08/2024 9:30 am |
|---|---|

The deposition will be recorded by this method:   Stenographer and videographer

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/21/2024

            *CLERK OF COURT*
                                                OR
                                                        *[signature]*
    _____                    _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Google LLC
_____, who issues or requests this subpoena, are:
R. Paul Yetter, 811 Main Street, Suite 4100, Houston, Texas 77002, pyetter@yettercoleman.com, (713) 632-8000

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   4:20-cv-957-SDJ

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* ........................................................

on *(date)* ....................................... .

❐  I served the subpoena by delivering a copy to the named individual as follows: ...................................

................................................................................................... on *(date)* ........................... ; or

❐  I returned the subpoena unexecuted because: ...........................................

................................................................................................................................... .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ......................................... .

My fees are $ .............................         for travel and $ .........................         for services, for a total of $  _0.00_  .

I declare under penalty of perjury that this information is true.

Date:  .............................                    ...........................................
                                                                          *Server's signature*

                                                                    ...........................................
                                                                          *Printed name and title*

                                                                    ...........................................
                                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*State of Texas et al. v. Google LLC*, No. 4:20-cv-00957-SDJ (E.D. Tex.)

## EXHIBIT A TO SUBPOENA

## DEFINITIONS

1.      This document incorporates by reference all definitions in Google's April 19, 2023 subpoena to You (the "Document Subpoena"), except that **"Action"** refers to the lawsuit captioned *The State of Texas et al. v. Google LLC*, 4:20-cv-00957-SDJ, formerly consolidated in the multidistrict litigation, *In re: Google Digital Advertising Antitrust Litigation*, 21-md-3010 (S.D.N.Y.).

2.      To the extent the terms defined below or in the Document Subpoena are used in the Topics set forth below, they should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules and the Local Rules. These Definitions are provided solely for the purposes of this Subpoena and the Document Subpoena.

## TOPICS

1.      Your collection and production of documents and data in response to Google's Document Subpoena.

2.      The authenticity of all documents and data You produced in this Action and/or in related litigation and government or regulatory investigations, including, but not limited to, in response to the Document Subpoena.

3.      Whether or not you are represented by Your State's Office of Attorney General in this Action.

4.      Your use of Display Advertising, Ad Tech Products, and Ad Tech Providers, including whether You use advertising Agencies or other intermediaries to facilitate Your use of Display Advertising or Ad Tech.

5.      The identities of all persons in Your organization who are responsible for the selection of Ad Tech Products and Ad Tech Providers, the purchase of Display Advertising, the amount spent on Display Advertising, and how that amount is spent.

6.      Your advertising budget, including where and how You spend Your advertising budget, how much You spend on Display Advertising, how you evaluate the effectiveness of Your spending on Display Advertising, how and why you adjust spending on Display Advertising as a whole or on particular types of Display Advertising and who is responsible for making such decisions.

7.      Your actual or considered switching from one Ad Tech Product or Ad Tech Provider to another Ad Tech Product or Ad Tech Provider, including Your reasons for switching, the costs of switching, and the impact of switching on the effectiveness of Your advertising Campaigns.

8.      How You measure the effectiveness of Your Campaigns, including any tools You use for the tracking, measurement, and assessment of Your Display Advertising purchases.

9.      How You consider and decide what form of Display Advertising to purchase, including the role of advertising Agencies in such decisions.

10.     How You consider and decide which Ad Tech Products or Ad Tech Providers to use, including Your consideration, evaluation, or comparison of Ad Tech Products or Ad Tech

Providers and their Features, effectiveness, interoperability, and pricing, and the role of advertising Agencies in such decisions.

11.     Your contracts or agreements with each advertising Agency or other intermediary You have used for the purchase of Display Advertising or use of Ad Tech, including the services each Agency provides and how each Agency is compensated for its services.

12.     Fees paid by You for Ad Tech or Display Advertising, including to whom those Fees were paid, whether You contend You overpaid for any Ad Tech or Display Advertising, and any amounts You overpaid.

13.     Your understanding, and the basis for Your understanding, of auction mechanics and any other factors that influence Your Bidding strategies (such as whether the auction is first- or second-priced, expected Floor Price, manual or automated Bid optimization strategies, and available post-auction report information) and the effect of Your Bidding strategies on Your return on investment or return on advertising spend.

14.     Whether You contend that Google made misrepresentations or omissions to You, the specific omissions or misrepresentations You contend Google made, and how those misrepresentations or omissions (if any) impacted any decision You made regarding Your purchase of Display Advertising, use of Ad Tech, or selection of Ad Tech Product or Ad Tech Provider.

15.     Your communications with any federal or state law enforcement or regulatory agency, attorney general's office, or private litigant concerning Google's Display Advertising or Ad Tech.

16.     Non-privileged communications between You and Your Office of Attorney General regarding Display Advertising, Ad Tech Products, Google, this Action, or the Investigation.

Texas easy-serve, LLC
1201 Louisiana, Suite 370
Houston, TX  77002

Amegy Bank
Houston TX 77227
35-1125-1130

24948

Pay to the order of: Bearer

Date: 3/21/2024

Forty Seven Dollars and No Cents

$47.00 DOLLARS

For: 320650.1

⑈⑈ 24948⑈⑈     ⑆⑆113011258⑆⑆        ⑈⑈579582546 1⑈⑈

If you are depositing through a smart phone please endorse here:



This check constitutes a negotiable instrument pursuant to Texas Business and Commerce Code Section 3.104.
 It is valid for presentation to your bank or other financial institution, and is suitable for electronic deposit through
the smart phone application, if available, from any financial institution.  If you prefer a traditional check, please
contact easy-serve at info@easy-serve.com, or 713 655 7239.