# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

STATE OF TEXAS, ET AL.,

        Plaintiff

        v.

GOOGLE LLC,

        Defendant.

Civil Action No. 1:21-cv-06841-PKC

## TEXAS A&M UNIVERSITY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' "SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION"

Texas A&M University (TAMU) submits the following objections and responses to the "Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises in a Civil Action" served by Google LLC (Google) on January 27, 2023 (Subpoena).

## SOVEREIGN IMMUNITY

TAMU is not subject to the subpoena deuces tecum because sovereign immunity prevents the court from having subject matter jurisdiction over it. TAMU is an independent state agency. Tex. Educ. Code § 67.01; *Sanez v. Univ. Interscholastic League*, 487 F.2d 1026, 1027 (5th Cir. 1973) (TAMU is "inarguable a state agency or governmental body.") TAMU is entitled to sovereign immunity. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). As a result, TAMU is protected by the Eleventh Amendment which was written "to prevent the indignity of subjecting a state to the coercive process of juridical tribunals at the instance of private parties." *Russell v. Jones*, 49 F.4th 507, 513 (5th Cir. 2022) (quoting *Ex parte Ayers*, 123 U.S. 443,

1

505 (1887)). Sovereign immunity is implicated not only when a state agency is sued, but when a state agency is served with a subpoena, including a subpoena duces tecum. *Russell v. Jones*, 49 F.4th 501, 513-16 (5th Cir. 2022). When sovereign immunity applies, it applies not just to direct suits, but to the *entire* "coercive process of judicial tribunals at the instance of private parties." *Id.* at 515 ((quoting *Seminole Tribe of Fla. V. Florida*, 517 U.S. 44, 58 (1996)). "Subpoenas deuces tecum are a coercive judicial process [because] they [are] issu[ed] under the court's authority and are enforced by court order." *Id.* at 515. Causing a state agency who is not a party to the case to comply with a subpoena deuces tecum "violates the 'inviolable sovereignty' retained by the states in the Constitution's wake." *Id.* (citing *Alden v. Maine*, 527 U.S. 706, 715 (1999) (quoting The Federalist No. 39, at 245 (James Madison)). "When haled into court on pain of contempt and forced to produce its papers (and litigate about whether it has to), it is no succor to the sovereign that it is not named in the complaint." *Id.* at 515-16.

The Court lacks subject matter jurisdiction to cause a subpoena deuces tecum to be issued and compel compliance because TAMU has sovereign immunity. TAMU is not a party to this case. TAMU is a state agency constituted to advance state policy outlined in the Texas Constitution. *See* Tex. Const. art. VII, § 13.

## **GENERAL OBJECTIONS**

TAMU submits the following general objections to the Subpoena, without waiver of the defense of sovereign immunity:

1. TAMU objects to the Subpoena because it violates Federal Rule of Civil Procedure 45(d)(1) in that it fails to take reasonable steps to avoid imposing undue burden or expenses on TAMU. TAMU reserves its right under Rule 45(d) and under any other applicable rule

or statute to seek cost-shifting from the Defendants from the significant expenses that compliance with this Subpoena imposes.

2.  TAMU objects to the Subpoena to the extent that it seeks information going back ten years which is temporally over broad. The scope of the request spanning over ten years creates an undue burden on TAMU.

3.  Without waiving sovereign immunity or any other defenses, TAMU estimates the time necessary to review and gather responsive information would be hundreds of hours and require multiple people to search files as far back as ten years.

4.  TAMU objects to the Subpoena to the extent it seeks information and/or documents that are not within its possession, custody, or control or which require it to create documents that are not already in existence.

5.  TAMU objects to the Subpoena to the extent it seeks information and/or documents that are available to Defendants through sources other than TAMU and through less burdensome means, including *inter alia*, parties to the captioned litigation, public sources or records, third party vendors, and/or sources otherwise equally available to Defendants.

6.  TAMU objects to the subpoena to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the deliberative process privilege, or similar privileges, immunities, or laws of similar effect.[1]

7.  TAMU objects to each Subpoena request to the extent it attempts to seek discovery concerning claims, issues, matters, and/or non-parties that are not at issue in this litigation

---

[1] Deliberative process "protects the 'decision making processes of government agencies, reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Gilby v. Hughs*, 471 F.Supp. 3d 763, 767 (W.D. Tex. 2020). (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)).

on the grounds that such request is overbroad and unduly burdensome and seeks information and/or documents that are not relevant to any party's claim or defense and not proportional to the needs of the case.

8. TAMU objects to the Subpoena, including the Definitions and Instructions therein, to the extent they create an undue burden for TAMU in propounding its responses and objections to the Subpoena or purport to impose obligations or requirements on TAMU beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York and the Southern District of Texas, and/or the Court's orders. Specifically, TAMU objects to the definition of "You" extending beyond TAMU as an agency.

9. TAMU objects to the Subpoena to the extent it purports to seek documents containing confidential business or other proprietary information, confidential information obtained by TAMU under contractual promise of non-disclosure, or nonpublic personal information. Relevant documents containing nonpublic personal information may be produced with appropriate redactions designed to minimize the risk of public disclosure of identifiable nonpublic personal information.

10. TAMU objects to the Subpoena to the extent it seeks information protected from disclosure by state and federal confidentiality and privacy laws.

11. TAMU objects to each request in the Subpoena to the extent it seeks "all documents" relating to a particular topic over a decade long period, requiring unreasonable, overly broad searches, collections, and productions of duplicative and irrelevant documents. Such requests are thus unduly burdensome relative to the value of such information to

determination of the facts and legal questions at issue in this litigation and not proportional to the needs of the case.

12. TAMU objects to the Subpoena on the grounds that it places a disproportionate burden on it as a non-party to this proceeding, compared to its purported benefit. The vastness of the information sought in the Subpoena to TAMU is unduly burdensome and overly broad. Similar and likely duplicative information is being sought from parties to the litigation. This creates a greater burden on non-parties to produce discovery than it does on the actual parties to the litigation.[2]

13. TAMU objects to the Subpoena on the grounds that Defendant cannot take steps to prevent undue burden as is required by Federal Rule of Civil Procedure 45(d)(1). Because Google has not received production for discovery from parties to the litigation, it cannot ensure that the Subpoena is not duplicative, unnecessary, or irrelevant to their defense.[3]

14. Any statement that TAMU will produce documents in response to any request in the Subpoena should not be taken as an indication that such documents exist, but only that

---

[2] The standard to show undue burden on a non-party is different than that for a party. "To determine whether the subpoena presents and undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Further, if the person to whom the document request is made is a non-party, the court may also consider expense and inconvenience to the non-party.*" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 818 (5th Cir. 2004). (Emphasis added.)

[3] *See JAM Indus. USA, LLC v. Gibson Brands, Inc.* No. 19 MC 508-LTS, 2020 U.S. Dist. Lexis 124293, at 7-8 (S.D.N.Y. July 15, 2020). "To determine whether a subpoena imposes an undue burden, 'courts weigh the burden to the subpoenaed party against the value of the information to the service party by considering factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed.'" Quoting *Citizens Union of City of N.Y. v. Attorney General of New York*, 269 F.Supp. 3d 124, 138 (S.D.N.Y. 2017).

TAMU will produce such documents or information at a time, place, and manner to be agreed upon [electronically] if the documents exist in its possession, custody, or control, and are not privileged or otherwise exempt from production under the law.

15. TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

16. TAMU is willing to produce a list of third party vendors who may have information responsive to this request.

17. TAMU reserves the right to amend its objections and responses, or assert such other and additional objections, as justice and good cause may require.

## **RESPONSES TO DOCUMENT REQUESTS**

**Without waiver of any objections, including sovereign immunity and the foregoing general objections, TAMU responds to the document requests in the Subpoena as follows:**

**Request No. 1:**

"Documents and data sufficient to show the (i) Impressions that You Purchased; (ii) Attributed Clicks for such Impressions; (iii) Attributed Conversions for such Impressions; (iv) Attributed Sales for such Impressions; (v) gross amount You paid for such Impressions; (vi) total fees paid to all Ad Tech Providers (net of any discounts received) for such Impressions; (vii) Your return on investment for such Impressions; (viii) Your return on advertising spend for such Impressions; and (ix) the name of the Agency (if any) involved in Purchasing such Impressions-all aggregated (at a monthly level for each month since January 1, 2013) separately for each unique combination of the following parameters:

  a.  Publisher of the Inventory on which the Impressions were displayed;

  b.  Property on which the Impressions were displayed;

    c.  Ad Buying Tool (if any) through which the Impressions were Purchased;

    d.  Ad Exchange, Ad Network, or Ad Selling Tool through which the Impressions were Purchased;

    e.  Transaction Type through which the Impressions were Purchased;

    f.  Environment in which the Impressions were displayed;

    g.  Device Type on which the Impressions were displayed;

    h.  Format of the Impressions;

    i.  Whether or not the Impression was a part of a Remarketing Campaign;

    j.  Cost Type that was specified for purchasing the Impressions;

    k.  Account ID; and

    l.  Campaign ID associated with the Impressions.

Providing data in a spreadsheet in the format of Exhibit B to this Subpoena, and consistent with the examples therein will be deemed a sufficient response to this Request. Data and documents produced in response to this Request shall be limited to the United States. For any data and documents which You are unable to restrict by geography (for example, the geography is ambiguous or unknown), such data and documents shall be treated as responsive to this Request. Please indicate whether the data and documents produced in response to this Request are limited to the United States, are ambiguous or unknown, or are both United States and ambiguous or unknown."

**Response:**

TAMU objects to the request as vague, and specifically objects to the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

TAMU objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

Additionally, to the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the relevance of this request and avers that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 2:**

"Documents sufficient to show for every Campaign ID identified in response to Request No. 1 (1), the goals and objectives of that Campaign."

**Response:**

TAMU objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.[4]

TAMU objects to the request as vague, and specifically objects to the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

TAMU further objects to the burdensome nature of this request because it seeks material that is not relevant to any part of the litigation. The goals and objectives of a Campaign have no bearing on the issue of whether or not Google engaged in dishonest and deceptive practices as alleged. Additionally, this request is over broad and unduly burdensome in the same manner that Request No. 1 was over broad and unduly burdensome. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

---

[4] Exhibit B specifically states that it is "illustrative examples of data deemed sufficient to respond to request No.1 in Exhibit A to the Subpoena." There is no clarification or example of what is "sufficient" for any other request other than No. 1.

**Request No. 3:**

"Documents sufficient to show how You calculate or assess return on advertising spend, return on investment, and other Campaign objectives (such as views, Clicks, downloads, conversions, actions, etc.)."

**Response:**

TAMU objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.

TAMU objects to the request as vague, and specifically objects to the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

TAMU objects to this request because it is unduly burdensome and over broad.[5] The information is also irrelevant to the issue of whether or not Google engaged in deceptive practices as alleged. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and objects to the request on the grounds that the expense of engaging in the discovery is disproportional to its supposed benefits.

Additionally, to the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

---

[5] See General Objection 3: Estimated hundreds of hours to comply with Subpoena.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 4:**

"All documents reflecting Your costs, profits, return on investment, return on advertising spend, and revenue associated with Your purchase of Display Advertising via or by:

a.   Direct Transactions or Indirect Transactions;

b.   Programmatic or non-Programmatic Transactions;

c.   An Agency or on Your own account;

d.   An Ad Exchange or an Ad Network;

e.   A Private Auction or marketplace;

f.   Each Environment;

g.   Each Format;

h.   Each Device Type; and

i.   Each publisher or Property or type of Publisher or Property (such as social media and retail media)."

**Response:**

TAMU objects to this request because "all documents" is over broad and vague.

TAMU objects to the request as vague, and specifically objects to the use of the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

Additionally, to the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 5:**

 "All documents reflecting how Your costs, profits, return on investment, return on advertising spending, and revenue are impacted by purchasing Display Advertising via or by:

a.   Direct Transactions or Indirect Transactions;

b.   Programmatic or non-Programmatic Transactions;

c.   An Agency or on Your own account;

d.   An Ad Exchange or an Ad Network;

e.  A Private Auction or marketplace;

f.  Each Environment;

g.  Each Format;

h.  Each Device Type; and

i.  Each Publisher or Property or type of Publisher or Property (such as social media and

    retail media)."

**Response:**

TAMU objects to this request because "all documents" is over broad and vague.

TAMU objects to the request as vague, and specifically objects to the use of the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

Additionally, to the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 6:**

"All documents reflecting the relative costs and benefits of Display Advertising versus other forms of advertising (such as Search Advertising, Linear or Connected Television advertising, email, print, or radio advertising.)"

**Response:**

TAMU objects to this request because this request because as a global company who has successfully navigated the ultra-competitive arena of advertising, Google will already have information relating to costs and benefits of competitors and other versions of advertising, including those listed above.

Additionally, TAMU objects to this request to because "all documents" is over broad and vague.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Additionally, to the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 7:**

"All documents concerning Clicks, Impressions, conversions, return on advertising spend, or return on investment for Display Advertising that You received from any Ad Tech Provider, including any breakdowns by Transaction Type."

**Response:**

TAMU objects to this request because "all documents" is over broad and vague.

TAMU objects to the request as vague, and specifically objects to the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections,

and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU. Google should already have access to this information for itself and other Alphabet companies.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 8:**

"All documents reflecting Your strategic plans, executive presentations, and financial statements relating to Display Advertising."

**Response:**

TAMU objects to this request because "all documents" is over broad and vague.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 9:**

"All documents reflecting how and why You set, monitor, and adjust Your Display Advertising budget, including:

a.   How and why You do so across Your Campaign;

b.   How and why You do so across Ad Tech Products;

c.   How any why You determine the objectives for Your particular Campaigns;

d.   Which metrics You use to determine advertising effectiveness; and

e.   How much of Your advertising budget goes to Display Advertising."

**Response:**

TAMU objects to this request because "all documents" is over broad and vague.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collection, and productions of duplicative and unnecessary documents. Fulfillment of this request would place and undue burden on TAMU, which is not a party to this litigation.

Additionally, TAMU objects to this request because how and why an Agency sets, monitors, and adjusts display and advertising budget have no bearing and are irrelevant to the issue of whether or not Google engaged in dishonest and deceptive practices as alleged.

TMAU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 10:**

"All documents reflecting how You attribute conversions and any analyses of attribution (including internal and commissioned analyses purchased from an Agency, vendor, or consultant)."

**Response:**

TAMU objects to this request because this request "all documents" is over broad and vague.

To the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 11:**

"Documents sufficient to show how and why You shift Your advertising budget across various forms of advertising (such as Display Advertising, Search Advertising, Linear or Connected Television Advertising, email, print, or radio advertising)."

**Response:**

TAMU objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.

TAMU objects to this request because how and why an Agency sets, monitors, and adjusts display and advertising budget have no bearing and are irrelevant to the issue of whether or not Google engaged in dishonest and deceptive practices as alleged.

Additionally, this request is seeking information protected by deliberative process privilege which is protected from disclosure under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

 TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 12:**

"Documents sufficient to show how and why You shift Your advertising budget across Ad Tech Providers (including actual or potential providers of In-House Ad Tech Products)."

**Response:**

TAMU objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.

Additionally, this request is seeking information protected by deliberative process privilege which is protected from disclosure under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

TAMU objects to this request because the internal decision-making associated with budget allocation for advertising is not relevant to this case and does not provide any value to Google concerning the issue of whether or not they engaged in dishonest and deceptive practices as alleged.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 13:**

"Documents sufficient to show why and how often You shift Display Advertising spend among Formats, between Direct and Indirect Transactions, among Environments, among social media and non-social media Properties, and between Inventory Purchases using Agencies and not using Agencies."

**Response:**

TAMU objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.

TAMU objects to this request because the term "advertising spend" is vague. As such, it is not possible to know how to reply with this request.

Additionally, this request is seeking information protected by deliberative process privilege which is protected from disclosure under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

TAMU objects to this request because the internal decision-making is not relevant to this case and does not provide any value to Google concerning the issue of whether or not they engaged in dishonest and deceptive practices as alleged.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 14:**

"All documents reflecting Your consideration, evaluation, or comparison of Ad Tech Products or Ad Tech Providers (including actual or potential In-House Ad Tech Products), and their Features, effectiveness, and pricing."

**Response:**

TAMU objects to this request because this request "all documents" is over broad and vague.

Additionally, this request is seeking information protected by deliberative process privilege which is protected from disclosure under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU objects to this request because this request because, as a global corporation who has successfully navigated the ultra-competitive arena of advertising, Google will already have information relating to the Features, effectiveness, and pricing of Ad Tech Products or Ad Tech

24

Providers and the specific evaluation, consideration, or comparison conducted by one state agency is not relevant.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 15:**

"Documents sufficient to show Ad Tech Products that You have used during the Relevant Period."

**Response:**

TAMU objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collection, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 16:**

"All documents reflecting Your actual or considered switching from one Ad Tech Product to another Ad Tech Product, including Your reasons for switching (or not doing so), the costs of switching, and the actual or potential impact of switching on Your return on advertising spend."

**Response:**

TAMU objects to this request because "all documents" is over broad and vague.

TAMU objects to this request because the term "advertising spend" is vague. As such, it is not possible to know how to comply with this request.

Additionally, this request is seeking information protected by deliberative process privilege which is protected from disclosure under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 17:**

"All documents reflecting Your consideration, evaluation, or comparison of Publishers or other direct or indirect sources of Inventory, including their features, cost, or quality (including but not limited to incidence of domain spoofing, fraudulent Inventory, forced redirects, criminal scams, Malicious Ads, and fake software updates)."

**Response:**

TAMU objects to this request because this request "all documents" is over broad and vague.

Additionally, this request is seeking information protected by deliberative process privilege which is protected from disclosure under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU additionally objects to this request because "including but not limited to" creates an unlimited scope of possibilities for production with which TAMU cannot comply because of the lack of parameters given.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

TAMU also objects to this request to the extent that it is unduly burdensome to ask for all documents that reflect the consideration, evaluation, or comparison as above.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 18:**

"All documents reflecting contracts or agreements (whether executed or draft) and negotiations concerning contracts or agreement related to Ad Tech, Ad Tech Providers, or Display Advertising, including those related to Direct Transactions (and if no contract is available for a Direct Transaction, documents sufficient to show the dates, parties, and material terms of the Direct Transaction)."

**Response:**

TAMU objects to this request because "all documents" is over broad and vague.

Additionally, to the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Additionally, TAMU objects to this request because how and why an Agency sets, monitors, and adjusts display and advertising budget have no bearing and are irrelevant to the issue of whether or not Google engaged in dishonest and deceptive practices as alleged.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 19:**

"All documents reflecting Your contracts or agreements (whether executed or draft) with each Agency You use, have used, or have considered using for Your Display Advertising, including documents reflecting the services each Agency provides and how each Agency is compensated for its services."

**Response:**

TAMU objects to this request because this request "all documents" is over broad and vague.

Additionally, this request is seeking information protected by deliberative process privilege which is protected from disclosure under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections,

and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

TAMU also objects to this request to the extent that it is unduly burdensome to ask for all documents reflecting Your contracts or agreements with any agency, whether used or considered, and any documents reflecting services that are, were, or would be provided by those agencies and how those agencies are, were, or would be compensated as above.

TAMU also objects to this request because, as a global company who has successfully navigated the ultra-competitive arena of advertising, Google will already have information relating to the services competing Agencies provide.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 20:**

"All documents concerning any formal or informal governmental investigation concerning Google's Display Advertising or Google's Ad Tech Products, including all communications

31

involving You and any governmental agency and all documents that You provided to any governmental agency."

**Response:**

TAMU objects to this request because "all documents" is over broad and vague.

TAMU objects to this request to the extent that such documents and/ or communications are confidential.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

Additionally, to the extent responsive documents exist, the documents could include attorney-client privileged information and attorney work product, which is protected from disclosure and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU objects to this request to the extent that such documents and/or communications are almost certain to be sought through party production causing non-party production of the same to be duplicative and unduly burdensome.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 21:**

"All documents concerning the effect of the availability or use of User identifiers or proxy identifiers (including but not limited to, for example, Apple Identifier for Advertisers (IDFA), Android AdID (sic), Third-Party Cookies, and logged-in account) or other User tracking mechanisms on Your Display Advertising strategy or the cost effectiveness of Your Display Advertising."

**Response:**

TAMU objects to this request because "all documents" is over broad and vague.

TAMU additionally objects to this request because "including but not limited to" creates an unlimited scope of possibilities for production with which TAMU cannot comply because of the lack of parameters given.

Additionally, to the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

33

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

TAMU also objects to this request to the extent that it is unduly burdensome to ask for all documents concerning the effect of the availability or use of User identifiers or proxy identifiers (including but not limited to, for example, Apple Identifier for Advertisers (IDFA), Android AdID (sic), Third-Party Cookies, and logged-in account) or other User tracking mechanizes on Your Display Advertising strategy or the cost effectiveness of Your Display Advertising as above.

TAMU also objects to this request because, as a global company who has successfully navigated the ultra-competitive arena of advertising, Google will already have information relating to the services competing Agencies provide.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 22:**

"Documents sufficient to show whether and why You use multiple Ad Buying Tools to purchase Display Advertising, including the reasons why You may or may not use multiple Ad Buying Tools to place Bids on a single Impression."

**Response:**

TAMU objects to this request because the term "sufficient" is vague and overly broad. As such, it is not possible to know how to comply with this request.

Additionally, this request is seeking information protected by deliberative process privilege which is protected from disclosure under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Additionally, TAMU objects to this request because how and why an Agency uses multiple Ad Buying Tools has no bearing and is irrelevant to the issue of whether or not Google engaged in dishonest and deceptive practices as alleged.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 23:**

"All documents concerning the impact of Header Bidding on Your Display Advertising strategy or the cost effectiveness of Your Display Advertising."

**Response:**

TAMU objects to this request because "all documents" is overly broad and vague.

Additionally, this request is seeking information protected by deliberative process privilege which is protected from disclosure under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 24:**

"Documents sufficient to show factors that influence Your choice of Bidding strategies (such as whether the auction is first- or second-priced, expected Floor Price, manual or automated

Bid optimization strategies, and available post-auction report information) and the effect of Your Bidding strategies on Your return on investment or return on advertising spend."

**Response:**

TAMU objects to this request because the term "sufficient" is vague. As such, it is not possible to know how to comply with this request.

TAMU objects to this request as vague, and specifically objects to the use of the terms "return on investment" and "return on advertising spend" as vague. As such, it is not possible to know how to comply with this request.

Additionally, to the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU further objects to this request as unduly burdensome to the extent it seeks documents and/or information that is not in the possession, custody, or control of TAMU and that may be available to Google through sources other than TAMU.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 25:**

"All documents reflecting the impact of Ad Blocking Tools on your Display Advertising strategy or the effectiveness thereof."

**Response:**

TAMU objects to this request because "all documents" is overly broad and vague.

Additionally, to the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 26:**

"All documents reflecting communications about Google, including commentary, praise, or complaints that You have about Google with respect to Display Advertising or any of Google's Ad Tech Products."

**Response:**

TAMU objects to this request because "all documents" is overly broad and vague.

Additionally, to the extent any documents responsive to this request exist, the documents are likely to implicate deliberative process, which is protected from disclosure, and to be privileged under Fed. R. Evid. 501. Therefore, TAMU further objects that this request encroaches on that privilege.

TAMU also objects to the burdensome nature of this request because the time period extends over a decade and compliance requires unreasonable and overbroad searches, collections, and productions of duplicative and unnecessary documents. Fulfillment of this request would place an undue burden on TAMU, which is not a party to this litigation.

TAMU also objects to the relevance of this request and further objects that the expense of engaging in the discovery is disproportional to its supposed benefits.

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Additionally, TAMU objects to this request because it has no bearing and is irrelevant to the issue of whether or not Google engaged in dishonest and deceptive practices as alleged.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

**Request No. 27:**

"All documents reflecting Your document retention policies during the Relevant Period."

**Response:**

TAMU objects to this request because this request "all documents" is over broad and vague.

Without waiver of sovereign immunity, deliberative process privilege, or any other protections, TAMU notifies requestor of the following website:

https://www.tsl.texas.gov/slrm/rrs

TAMU objects to producing any documents that are not directly within its possession, custody, or control or which require it to create documents not already in existence.

Pursuant to all of its objections, TAMU does not intend to produce any documents responsive to this request at this time.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

ERNEST C. GARCIA
Chief, Administrative Law Division

/s/ *Ted A. Ross*
TED ROSS
Texas State Bar No. 24008890
LAUREN MCGEE
Texas State Bar No. 24128835
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3203
lauren.mcgee@oag.texas.gov

ATTORNEYS FOR NON-PARTY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served to the following parties on the 13th day of March 2023 via email:

Xiaoxi Tu
601 Lexington Avenue
31st Floor
New York, NY 10022
Xiaoxi.tu@freshfields.com
(636) 863-1627