IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § § § | |
| v. | § § | CIVIL NO. 4:20-CV-957-SDJ |
| GOOGLE LLC | § § § | |

## ORDER OF SPECIAL MASTER FROM APRIL 4 DISCOVERY HEARING (DKT. #322, #324)

By Order of the Court dated January 26, 2024 (Dkt. #213) the undersigned was appointed Special Master to address discovery issues and disputes between Plaintiff States ("States") and Defendant Google LLC ("Google").

As provided in the Court's Order Appointing Special Master, the Special Master is holding biweekly discovery hearings with the parties. (Dkt. #213 at 10); (*see also* Dkt. #227, 231). The parties are permitted to submit pending discovery disputes for resolution by the Special Master before the hearings. (Dkt. #227 at 1–2). On March 26, 2024, the parties submitted briefs regarding their discovery disputes, and on April 1, 2024 submitted responsive briefs. The Special Master conducted a remote hearing on April 4, 2024 (the "April 4 Hearing").

Before the April 4 Hearing, the parties were ordered to continue to meet and confer regarding their disputes and submit a joint report regarding any narrowing of issues. On April 3, 2024, the parties submitted their joint report, which advised of the parties' continued efforts to narrow and resolve disputes. (Dkt. #334). In addition to the parties' efforts to narrow existing disputes, four issues not contained in the parties' March 26 or April 1 briefs were presented in the joint report: (i) sharing of expert

**ORDER OF SPECIAL MASTER – Page 1**

reports from U.S. et al. v. Google LLC, No. 1:23-cv-108-LMB-JFA (E.D.V.A.) (the "Virginia Action"), (ii) scheduling of fact witness depositions noticed by the States, (iii) depositions of certain high-level executives and in-house counsel affiliated with Google, and (iv) DTPA discovery. (*Id.*).

The Special Master's rulings regarding the parties' disputes are as follows.

1. States' Motions (Dkt. #322)

   a. Chats Metadata

The States seek "Recipient," "From," and "Master Date" information associated with approximately 1,800 identified Google Chats produced by Google. (Dkt. #322 at 1). Google responds that the dispute is moot, in light of its production of additional metadata for more than 1,600 of the identified Chats, and additional searches for which metadata was not located. (Dkt. #333 at 1–2). The parties' joint status report advised that the States were reviewing Google's production of metadata and "no action by the Special Master is needed at this time on this issue." (Dkt. #334 at 2). The parties confirmed at the April 4 Hearing that no action was needed by the Special Master on this specific issue. (Apr. 4 Rough Hrg. Tr. at 2:23 – 3:13).

In light of the parties' update on this issue, the Special Master **DENIES AS MOOT** the States' request.

   b. Contracts and Contracting Publisher Information

The States seek GAM or AdX-DFP paired, Yavin, and AdX Direct contracts, as well as the identity of publishers. (Dkt. #322 at 1–2). Google responds that it already searched for and produced relevant contracts—in the pre-suit investigation stage and

during litigation—stating that it already produced more than 700 relevant contracts. (Dkt. #333 at 2–5). In the joint status report, the States appear to have narrowed their request to an identification by Google of "a list of publishers that had or are associated with GAM and AdX Direct template contracts by April 9" and the same "for Yavin contracts by April 16." (Dkt. #334 at 2). At the April 4 Hearing, the Special Master **ORDERED** the parties to continue conferring on the issue and provide a report the following day, **April 5, 2024.**[1] (Apr. 4 Rough Hrg. Tr. at 21:6–16).

The parties complied with the Special Master's order to provide an update regarding their discussions. The parties have agreed to continue to confer on April 10, 2024 regarding the issue and promptly raise disputes with the Special Master. Accordingly, the Special Master **CARRIES** the issue pending resolution by the parties or the presentation of any disputes to the Special Master at a future date.

2. Google's Motions (Dkt. #324)

    a. Puerto Rico Document Production

Google argues that Puerto Rico's document collection efforts were insufficient, as is Puerto Rico's explanation of its search efforts. (Dkt. #324 at 2–4). Google therefore seeks affidavits (i) describing Puerto Rico's investigation into its use of Ad Tech or display advertising, (ii) how Puerto Rico determined it had no customer complaints, and (iii) the extent to which Puerto Rico searched for third party communications in connection with any investigation. (*Id.* at 4).

Puerto Rico responds that it conferred with Google in good faith and met its

---

[1] The Special Master initially ordered that their report be filed by 12:00 p.m. Central, but upon email request from the parties, moved the deadline to 8:00 p.m. Central.

discovery obligations. (Dkt. #332 at 1). Puerto Rico argues that it did not purchase display advertising or use ad tech products during the relevant time period, already provided a list of third parties with whom the States communicated, and explained its document collection efforts to Google. (*Id.* at 2).

Having considered the parties' arguments, the Special Master **DENIES** Google's request for affidavits. However, the Special Master appreciates Google's concerns about Puerto Rico's document search efforts. Particularly persuasive to the Special Master was Google's contention that all of the other 16 States made productions and described their efforts to search for responsive documents. (*See* Apr. 4 Rough Hrg. Tr. at 45:1–8). The Special Master therefore **ORDERS** Puerto Rico to provide to Google, no later than **April 12, 2024**, affirmative representations of non-privileged information regarding (i) its investigation into its use, if any, of Ad Tech or display advertising, (ii) how and when it determined there were no relevant consumer complaints, and (iii) how and when it reviewed for third-party communications.

Moreover, the Special Master cautions Puerto Rico—which has produced no documents so far and is the only State currently asserting a claim for damages—that its failure to disclose documents or information to Google may result in exclusion of evidence at a later stage of the case. Under Fed. R. Civ. P. 26(a):

> a party *must*, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of *all* documents, electronically stored information, and tangible things that the disclosing party *has in its possession, custody, or control and may use to support its claims or defenses*.

(emphasis added). Further, if "a party fails to provide information . . . as required by

Rule 26(a) or (e), the party *is not allowed to use that information* . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added).

### b. Rule 30(b)(1) Depositions

The States served Rule 30(b)(1) notices on high-ranking executives Sergey Brin and Sundar Pichai, as well as Google's in-house counsel Ms. Garber. (Dkt. #324 at 5). As noted in the States' response, the parties continued to confer regarding Rule 30(b)(1) depositions. (Dkt. #332 at 3–4). However, by the April 4 Hearing, it was apparent that the parties were at an impasse as to the preponderance of the issues and a motion for a protective order by Google would be necessary. (Apr. 4 Rough Hrg. Tr. at 52:11–15, 53:11–13).

As provided at the April 4 Hearing, the Special Master **ORDERED** that Google file, no later than **Tuesday, April 9, 2024**, any motion for protective order regarding high-level executive and in-house counsel depositions. The States shall then file any response no later than **Friday, April 12, 2024**. Neither brief shall exceed **twenty (20) pages** in length.

### c. Rule 30(b)(6) Depositions

Google served a Rule 30(b)(6) notice on each of the 17 States. (Dkt. #324 at 6). As with Rule 30(b)(1) depositions, the parties are continuing to confer regarding Rule 30(b)(6) depositions. (Dkt. #332 at 5). The parties' joint status report advised of Google's belief that "the parties have negotiated a resolution as to the scope of Plaintiffs' 30(b)(6) depositions." (Dkt. #334 at 4). However, Google seeks an order from the Special Master

regarding scheduling of the States' 30(b)(6) depositions in a particular order. (*Id.* at 5). The States note that they accepted the offered dates for Google's 30(b)(6) and fact witnesses—despite such dates not being in the States' preferred sequence—and request that, should the Special Master order Google's requested relief, the States likewise be permitted to take depositions in the order they prefer. (*Id.* at 3).

The Special Master **DENIES** Google's request. Google shall take the States' 30(b)(6) depositions in the order and on the dates for which those depositions were offered or as otherwise agreed. The Special Master is persuaded that Google cannot on the one hand offer its own witnesses only in a particular sequence while insisting that the States reconfigure their deposition schedule—particularly as to the State of Texas—to Google's liking.[2]

3. Production of Expert Reports from the Virginia Action

In the joint status report, the States raise an issue regarding the production of expert reports from the Virginia Action. Although the issue was presented to the Special Master and the Court in the context of the entry of a proposed Coordination Order, that Coordination Order ultimately did not go into effect. (*See* Dkt. #266 ¶ 10) ("This Order shall not come into effect unless and until it has been entered in both the MDL and the Texas Case."); *see also In re Google Digital Advertising Antitrust Lit.*,

---

[2] "After all, in the law, what is sauce for the goose is normally sauce for the gander." *Heffernan v. City of Paterson, N.J.*, 578 U.S. 266, 272 (2016) (Breyer, J.); *see also Ex parte Tokio Marine & Fire Ins. Co.*, 322 F.2d 113, 116 (5th Cir. 1963) ("What is sauce . . . for the goose is the same for the gander."); *Allergan, Inc. v. Teva Pharms. USA*, Case No. 2:15-cv-1455-WCB, 2017 WL 373462, at *3 (E.D. Tex. Jan. 26, 2017) ("[T]he venerable legal principle that 'what is sauce for the goose is sauce for the gander' applies here.").

21-md-3010 (S.D.N.Y.) (Dkt. #708) (order of MDL Court denying entry of Coordination Order). In view of the updated procedural posture of the issue, at the April 4 Hearing, the Special Master **ORDERED** the States to submit a brief on this issue no later than **Tuesday, April 9, 2024**, with Google to submit a response no later than **Friday, April 12, 2024**. Neither brief shall exceed **ten (10) pages**. (Apr. 4 Rough Hrg. Tr. at 26:20 – 27:19).

4. **Scheduling of Google Fact Witness Depositions**

The parties' joint status report advised that deposition dates for 11 noticed Google fact witnesses were still outstanding, and the States requested that the Special Master order that Google provide such dates by April 5, 2024 (the day after the hearing). (Dkt. #334 at 3). At the April 4 Hearing, the parties advised that Google provided dates for four of the witnesses, one witness was a third party not represented by Google's counsel, and four witnesses were the subject of the parties' dispute regarding possible apex depositions referenced herein, *supra* 2.b. (Apr. 4 Rough Hrg. Tr. at 28:3–11, 30:16 – 31:23). As to the remaining two witnesses, the Special Master **ORDERED** Google to provide witness availability for depositions to the States by **12:00 p.m. Central** on **April 8, 2024**. (*Id.* at 31:24 – 32:12).

5. **DTPA Discovery**

The Special Master previously ordered—based on an agreement by the parties—that Google shall search for and produce, on a rolling basis, documents relating to the States' DTPA claims. (Dkt. #321 at 2). The Special Master ordered that such production, including privilege logs, occur by April 19, 2024. (*Id*). In the parties' joint status report, Google states that its search efforts yielded more documents than

anticipated—nearly 500,000—and requests a one-week extension of its final production deadline to April 26, 2024, while noting that it will continue rolling productions in the meantime. (Dkt. #334 at 5). At the April 4 Hearing, the Special Master **ORDERED** the parties to continue conferring on the issue and provide a status report by **April 12, 2024**, but deferred any further ruling at this time. (Apr. 4 Rough Hrg. Tr. at 62:20 – 63:13).

Signed this 8th day of April, 2024.

David T. Moran
**Special Master**
TXBN: 14419400
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6051
E-mail: dmoran@jw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 8th day of April, 2024. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

_____
David T. Moran