IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

**PLAINTIFF STATES' MOTION TO COMPEL PRODUCTION OF EXPERT REPORTS
AND BRIEF REGARDING DISCOVERY INTO GOOGLE'S PRIVACY SANDBOX**

**TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................................................1

**ARGUMENT** .......................................................................................................................................3

    I.    The Special Master Should Compel Google to Produce the Virginia Expert Reports under the Governing Relevance and Proportionality Standards.....................................................3

        A.    The Expert Reports from the Virginia Action Are Unquestionably Relevant, Not Privileged, and Discoverable in this Court and in this Case......................................4

        B.    Discovery of the Virginia Expert Reports Is Also Proportional under Rule 26 and Responsive to the States' Seven-Month-Old Discovery Requests. ...........................6

        C.    Google Cannot Hide Behind the Virginia Magistrate Judge's Decision to Avoid Otherwise Required, Relevant Discovery *in This Court and in This Case.* .............7

    II.    The Special Master Should Order Google to Produce a Rule 30(b)(6) Witness and Documents Concerning its Privacy Sandbox. ..................................................................9

**CONCLUSION** .................................................................................................................................12

i

Pursuant to the Special Master's Order (ECF No. 339 at 6-7), the Plaintiff States ("States") move to compel Google to produce to the States all expert reports from the parallel case pending in the Eastern District of Virginia between the U.S. Department of Justice and Google LLC ("Google"), *U.S. et al. v. Google LLC*, No. 1:23-cv-108-LMB-JFA (EDVA) ("Virginia Action").

The States also request that the Special Master order Google to respond to properly served discovery requests and Rule 30(b)(6) noticed topic regarding Google's Privacy Sandbox.

## **INTRODUCTION**

As the Special Master has already determined, the expert reports from the Virginia Action are unquestionably relevant materials under the governing discovery rules. Discovery of these highly relevant expert reports are also proportional to the needs of this complex multi-state antitrust and DTPA case, where any so-called "prejudice" to Google is far outweighed by the reports' clearly probative value to the claims and defenses in this case. Specifically, as they are taking Rule 30(b)(6) and 30(b)(1) depositions of Google's witnesses followed by expert discovery, the States have the right to fully discover and vet whether Google's 30(b)(6), fact, and expert witnesses are taking inconsistent positions from those taken in the Virginia Action, including in the expert reports. For similar reasons, Judge Gilstrap compelled the production of expert reports from a parallel case in *Infernal Technology, LLC v. Microsoft Corp.*, 2019 WL 5388442 (E.D. Tex. May 3, 2019) (Gilstrap, J.)—and that should be the result here too. Further, there are no confidentiality concerns where protective orders exist across the cases and would be followed. **Importantly, the DOJ does not object to the disclosure of the expert reports from the Virginia Action to the States.**

Only Google objects. Yet its arguments fail to demonstrate that discovery of these expert reports should be denied. While Google has made much of a decision by the Magistrate Judge in the Virginia Action that denied the MDL Plaintiffs access to the DOJ's expert reports, that decision neither controls in this case nor requires deference from the Special Master or the Court. The Magistrate's

1

decision turned on whether there was good cause to modify an existing coordination order in the Virginia Action, which bars the sharing of expert reports between the Virginia and MDL Actions (but not this case). As all are aware, no coordination order governs this case or bars discovery of expert reports in this Court. Similar to this Court's recent decision lifting the MDL Court's discovery stay as to the Network Bidding Agreement, the relevant standard in this case is relevance under Rule 26 and Local Rule CV-26. The Virginia Magistrate decision did not evaluate that standard or the arguments of the States, which did not participate in those proceedings. Ordering production of the expert reports in this case would therefore not conflict with the Virginia Magistrate's decision or the Virginia coordination order.

Evaluated under the correct standards, the States' motion to compel should be granted. The States are entitled to discover the expert reports from the Virginia Action because they are relevant, non-privileged, and proportional to the needs of this case.

Likewise, the States' requested discovery, in the form of requests for production and a noticed Rule 30(b)(6) topic on Google's Privacy Sandbox seek non-privileged, relevant materials (including dashboards) that are proportional and should be discoverable in this case. Yet Google has failed to produce anything related to Privacy Sandbox and was unable to provide its position during the meet and confer process on April 8, 2024. In light of the upcoming close of fact discovery, the States have briefed this issue here but will continue to confer with Google on the issue.

The States' Complaint details how Google's Privacy Sandbox (1) is evidence of anticompetitive and deceptive conduct (Dkt. 541 ("FAC") at ¶¶ 473-481), (2) harms competition (*id*. at ¶520), and (3) violates § 2 of the Sherman Act (*id*. at ¶¶ 603–606). While MDL Judge Castel's order on the prior Motion to Dismiss determined that Plaintiffs' allegations regarding Privacy Sandbox were not ripe at that time in September of 2022, he also "decline[d] to reach the question on whether the Complaint plausibly alleges that Project Sandbox, if implemented, would be anticompetitive" (MDL

2

Dkt. No. 209 at 78) and stopped short of formally dismissing this conduct from the case. Statements from Google over the past year make it abundantly clear that circumstances have changed making the States' allegations ripe for adjudication. Further, Privacy Sandbox remains relevant to claims advanced by the Plaintiffs States as any potential remedies will need to account for the changing digital ads ecosystem that is being directed by Google.

The States' motion should be granted on both fronts, and the Special Master should compel Google to produce all expert reports from the Virginia Action and order Google to produce documents and a 30(b)(6) witness on the relevant Privacy Sandbox issues.

## ARGUMENT

**I.  The Special Master Should Compel Google to Produce the Virginia Expert Reports under the Governing Relevance and Proportionality Standards.**

In this Court, the States are entitled to obtain discovery into "***any*** nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Moreover, in this District, relevance is defined broadly to include:

> "information that would not support the disclosing parties' contentions;"
>
> "information that is likely to have an influence on or affect the outcome of a claim or defense;"
>
> "information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense; and"
>
> "information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense."

E.D. Tex. Local Rule CV-26(d). Because the expert reports from the Virginia Action are, as shown below, relevant and proportional to the needs of this case, the Special Master should order their immediate production.

### A. The Expert Reports from the Virginia Action Are Unquestionably Relevant, Not Privileged, and Discoverable in this Court and in this Case.

The expert reports in the Virginia Action, proffered by the DOJ and by Google, are undisputedly not privileged and are highly relevant to the States' claims and Google's defenses in this parallel case involving similar allegations regarding Google's decades-plus course of conduct and products related to display advertising. *See* Mar. 10, 2023 Tr. at 9 (Google's counsel representing that this case and the Virginia case are "the same case, under the same legal theories, with the same allegations, concerning the same Google products and services, at the same time.").

For that reason, in a report and recommendation adopted by the Court in the context of coordination, the Special Master found that "the parties' expert reports [in the Virginia Action] are unquestionably relevant information" and fall squarely within the type of documents ordered discoverable by other courts. ECF No. 230 at 5-6. Specifically, the Special Master recognized that "several Courts," including a Court within the Eastern District of Texas, "have ordered the production of expert reports in cases with common defendants or allegations." *Id.* at 6.[1] Recently, in January 2024, an Alabama federal court ordered production of a defendants' MDL expert reports in a separate but related federal antitrust case, finding the request for expert reports from prior cases was proper and proportional fact discovery and observing that:

> [T]he expert reports address the same questions that existed in the MDL: the relevant product market; whether that market is two-sided; whether Defendants would enter each other's territory and compete but for the market allocation; and whether the challenged restraints have anticompetitive effects. Therefore, the expert reports produced by Defendants in the MDL are clearly relevant to the claims

---

[1] *See also Infernal Tech., LLC v. Microsoft Corp.*, 2019 WL 5388442, at *1–3 (E.D. Tex. May 3, 2019) (Gilstrap, J.) (granting motion to compel documents from a related patent case, including "expert reports," because "prior litigation positions regarding the same claims asserted in this case are relevant to the claims and defenses in this case"); *Food Lion, LLC v. Dairy Farmers of Am., Inc.*, 2020 WL 6947921, at *4–6 (W.D.N.C. Sept. 29, 2020) (compelling production of 32 documents, including expert reports, that the antitrust defendant produced to the DOJ because they were relevant to the alleged anticompetitive conduct in the instant case); *In re Hardieplank Fiber Cement Siding Litig.*, 2014 WL 5654318, *1-3 (D. Minn. Jan. 28, 2014) (upholding special master decision compelling production of all documents produced in other legal actions with similar allegations, including "all expert reports").

4

>in these cases. Furthermore, prior litigation positions regarding the same claims are relevant to the claims and defenses in this subsequent, nearly identical litigation. Therefore, the discovery sought is relevant.

*Alaska Air Grp., Inc. v. Anthem, Inc.*, 2024 WL 347156, at *2 (N.D. Ala. Jan. 30, 2024) (internal citations omitted).

Similarly, in *Infernal Technology*, the court (Judge Gilstrap) conducted a straightforward analysis in which he determined that (a) the requested expert reports were relevant to claims and defenses, and (b) they were not alleged to be overly broad, unduly burdensome, or oppressive. *See Infernal Tech.*, 2019 WL 5388442, at *2. In that case, as here, the claims were similar in the parallel litigation, and the court found that the requesting party was entitled to discover and vet any contrary positions taken by the other party's experts across the two cases, as relevant to the other party's credibility. *Id.* The same considerations apply here and the same result (production of the expert reports) is required here, as the States are in the midst of taking Rule 30(b)(6) and 30(b)(1) depositions of Google witnesses to be followed by expert discovery, where the States are entitled to discover and scrutinize any inconsistent positions taken by Google's 30(b)(6), fact, and expert witnesses.

The Special Master also previously and rightly recognized that "this District's Local Rules are designed to promote sharing relevant information in discovery"—or the free flow of relevant information—which would undoubtedly include the disclosure of the Virginia expert reports in the form of expert opinions, analysis, and data on the same or similar issues. ECF No. 230 at 5-6.

Nothing has changed in the intervening two months since the Special Master's February 2024 order to impact the unquestionable relevance of the expert reports from the Virginia Action. They remain relevant and discoverable as part of the free flow of information and truth seeking that ***should*** occur in all actions before the Court and that the States remain entitled to.

5

### B. Discovery of the Virginia Expert Reports Is Also Proportional under Rule 26 and Responsive to the States' Seven-Month-Old Discovery Requests.

Discovery of the Virginia expert reports are also clearly proportional to the needs of the case, given: the importance of the issues at stake that relate to Google's multi-billion-dollar online advertising business across 17 States; the amount in controversy where the States seek civil penalties per violation and injunctive relief; the importance of the expert reports to (and the inability of the States to otherwise) assess the consistency of Google's positions as to the same claims across actions; and the utter lack of burden and expense to Google to simply flip the reports to the States, particularly vis-à-vis the reports' unquestionable relevance and benefit to the States. *See* Fed. R. Civ. P. 26(b)(1).

Google previously argued (and likely will continue to argue) that providing the States with a "sneak peek" to view and vet expert positions across the two cases prejudices Google because it advantages the States. Google has also argued that allowing the States access to the Virginia reports will somehow turn the States' opening expert reports into a "superset" of "rebuttal reports" and will burden Google in having to respond. These arguments were rejected by the federal court in *Alaska Air* and should be rejected here too. *See Alaska Air*, 2024 WL 347156, at *3 ("[T]he argument that Plaintiffs may obtain an unfair advantage by the production of Defendants MDL expert report during fact discovery, before the period for expert discovery, rings hollow."). Such arguments do not show any burden that would outweigh the discoverability of relevant information; otherwise, all discovery into something that will advantage the other side and that a party wants to hide—like inconsistent Rule 30(b)(6), fact witness, and expert testimony on key concepts like market share, power, and definition—would be "prejudicial" or "burdensome." Nor is there any procedural anomaly, for Google has the full opportunity to respond to the States' reports, regardless of what it calls them. Judge Gilstrap also did not have any such concerns in compelling production of expert reports in *Infernal Technology*, nor should the Special Master and the Court in this case.

Instead, Google's argument—that the States will be purportedly "unfairly" advantaged–

6

further establishes the reports' *relevance* in the form of potential: (a) "information that would not support the disclosing parties' contentions;" (b) "information that is likely to have an influence on or affect the outcome of a claim or defense;" (c) "information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense; and" (d) "information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense." E.D. Tex. Local Rule CV-26(d). As the States previously argued, Google has the full benefit of the DOJ's and its expert reports from the Virginia Action. The States simply ask for parity of information, in the form of highly relevant expert reports.

In this Court, the Parties also have a "continuing obligation to disclose, without awaiting a discovery request, information in addition to that required by [Rule] 26, including … information 'relevant to the claim or defense of any party.'" ECF No. 194 at 4. Nonetheless, **seven months ago** on September 29, 2023, the States served requests for production (RFP Nos. 302 and 303) on Google for the unredacted expert disclosures and reports from the Virginia Action. *See* ECF No. 254-10.

Thus, under any plain reading of the local rules and this Court's requirements, Google is obligated to produce to the States the expert reports from the Virginia Action.

C. **Google Cannot Hide Behind the Virginia Magistrate Judge's Decision to Avoid Otherwise Required, Relevant Discovery** *in This Court and in This Case.*

While the States have continued to press their right to discover the expert reports from the Virginia Action, Google has stalwartly refused to produce the reports in any form and on any timeline for the past seven months. In addition to its "prejudice" argument (responded to above), Google has wielded Virginia Magistrate Judge Anderson's January 2024 decision, denying the MDL Plaintiffs' attempt to discover the DOJ's (not Google's) expert reports, to block the free flow of that relevant information in this case. However, review of that decision, issued by a Magistrate Judge in a different Circuit and District, shows that it cannot be used to block relevant discovery here.

First, because the MDL Plaintiffs sought relief from the coordination order entered in the MDL

7

and Virginia Actions that barred sharing of expert discovery between the MDL and Virginia Actions, Judge Anderson evaluated whether there was "good cause or good reason for me to modify that [coordination] order." ECF No. 216-1 at 30. That is <u>not</u> the standard here, because the States do not seek modification of an existing order. Indeed, there is no coordination order in this case barring the sharing of expert discovery. The States, instead, seek to compel the production of non-privileged, relevant information under Rule 26 and this District's Local Rule CV-26. As the Court noted in its recent decision to lift the discovery stay as to the Network Bidding Agreement, the correct standard is relevance, established above. The States' motion is not subject to a good cause requirement because it does not seek to modify an existing order in this case.

Moreover, Judge Anderson was not presented with, nor did he decide, the current issue of whether a plaintiffs' need to discover and vet potentially inconsistent positions from a common defendant on similar claims and issues would justify such discovery. Judge Gilstrap was presented with that issue in *Infernal Technology*, and he decided in favor of allowing the relevant discovery.

Judge Anderson also noted the timing of the requested disclosure was "six months before [the MDL Plaintiffs] have to do [their] expert reports." ECF No. 216-1 at 30. To the extent this fact informed Judge Anderson's decision or was the basis for Google claiming "prejudice" against the MDL Plaintiffs, the timing is different here. In this case, the States are a little more than one month away from their expert deadline. The short time before the States are required to finish fact discovery and disclose their expert reports reflects a pattern in this case—where, for instance, Google is only now trickling out information related to its highly relevant dashboards and where Google is only now in the process of reviewing half-a-million new document hits for new DTPA search terms and custodians that Google previously claimed would be entirely duplicative of past discovery. The States have asked for this discovery, the Virginia expert reports, for **seven months**. Any issues of timing thus weigh heavily in favor of requiring production of the relevant reports immediately.

For all of those reasons—the different standards applied and different arguments and timing considered—ordering discovery of the Virginia reports in this case would not conflict with Judge Anderson's decision to reject such disclosure to the MDL Plaintiffs in the separate MDL case. Indeed, the States were not involved in the proceedings before Judge Anderson. The States' discovery into relevant information, in this Court and in this District where broad relevance and discoverability are championed, should not be foreclosed by such a decision.

Similarly, because there is no coordination order between this case and the MDL and Virginia Actions, the "principles of comity and coordination" that the Special Master previously relied on to defer the disclosure of the Virginia expert reports—while at that time potentially applicable—no longer apply in the present. ECF No. 230 at 6. Neither the MDL nor the Virginia coordination order bars the disclosure of the expert reports from those cases *in this case*. They only bar such discovery across the MDL and Virginia cases. This case is now "a standalone action in which the States seek expert reports from another, uncoordinated action involving the same defendant or similar issues." *Id.* Just as the Court lifted the MDL Court's discovery stay as to the Network Bidding Agreement and just as the MDL Court rejected this Court's entered coordination order, the Special Master and the Court have the authority to order Google—with no objection from the DOJ—to produce the highly, unquestionably relevant expert reports from the Virginia Action to the States in this case.

## II. The Special Master Should Order Google to Produce a Rule 30(b)(6) Witness and Documents Concerning its Privacy Sandbox.

The States seek documents and a 30(b)(6) Witness concerning Google's Privacy Sandbox. This discovery is relevant to allegations detailed in the States' Fourth Amended Complaint on Google's Privacy Sandbox. For example, the Complaint alleges, *inter alia*, that Google modified its "Chrome [browser] to block publishers and advertisers from using the type of cookies they rely on to track users and target ads." MDL Complaint at ¶474. Because Chrome is the leading browser in the United States with 50 percent market share, Google's changes to Chrome "are anticompetitive

9

because they raise barriers to entry and exclude competition in the exchange and ad buying tool markets, which will further expand the already dominant market power of Google's advertising businesses." *See id.* at ¶¶ 472; 474; and 520. Google's Privacy Sandbox is evidence of "attempted monopolization" in violation of Sherman Act, Section 2. *See id.* at ¶605(f).

The States have served the two RFPs (Nos. 26 and 28) concerning the Privacy Sandbox and related Google Chrome functionality:

> **Request for Production No. 26:** Documents, including product roadmaps, API documentation, simplified API, interface specification, interface documentation, code documentation, product architecture schematics, and presentations (i) that detail or address the specifications, API documentation, and descriptions of the data transferred or communicated between the following, and/or (ii) that detail or address the functionality and interactions between the following:
> …
> u. Google Chrome and Google Ads or DV360;
> v. non-Google DSPs and Chrome;
> w. Google Chrome and AdX or DFP or GAM; and
> x. non-Google Ad Exchanges or Publisher Ad Servers and Chrome.
>
> **Request for Production No. 28:** Documents containing or discussing any measurement, analysis, or consideration concerning any of the following:
> a. considered or actual changes to User profiles, super profiles, and other ad targeting criteria used;
> b. considered or actual changes to conventions or protocols for data sharing with Advertisers and Publishers, including bid data transfer files, and results, output, or impressions data;
> c. considered or actual changes to the interoperability of Your Ad Tech Products with any non-Google Ad Tech Products;
> d. considered or actual changes to the configuration options available to Publishers in GAM, DFP or AdX;
> e. considered or actual changes to AdX's auction latency requirements;
> f. Google Display Network's Fourth-Party Call restrictions (see https://support.google.com/adspolicy/answer/94230?hl=en );
> g. considered or actual changes to Google's policy restricting Advertisers' use of third-party data on Google Search, Gmail, and YouTube;
> h. Your decision to not provide access to DoubleClick ID log-level data;
> i. Google Chrome's treatment of or policies toward Third-Party cookies; and
> j. Your policies or conduct in sharing contextual user data (such as the categories of websites visited by users) via AdX or GAM with Advertisers.

ECF No. 254-9 at 22-25. In response, Google claims that both RFPs are "not relevant to any party's

claim or defense following the dismissal of the Privacy Sandbox claim, see ECF No. 308 at 72-74." But MDL Judge Castel did not dismiss the States' claims and allegations related to the Privacy Sandbox. Rather, "[t]he Court decline[d] to reach the question of whether the Complaint plausibly alleges that Project Sandbox, if implemented, would be anticompetitive" because at the time of the Order, Google was still considering the Privacy Sandbox and its impact at that time in 2022 was hypothetical. MDL Dkt. No. 209 at 78.

Public sources report that the Google Privacy Sandbox was deployed at least as of September 2023. *See* Thorin Klosowski, "How To Turn Off Google's 'Privacy Sandbox' Ad Tracking—and Why You Should," ELECTRONIC FRONTIER FOUNDATION (Sept. 28, 2023).[2] Consequently, the effects and implementation of the Privacy Sandbox are a live controversy. The States are entitled to discovery regarding the Google Sandbox and Google's abuse of market power related to same. Google also cannot argue that this discovery is burdensome because relevant documents and disclosures were already provided to the United Kingdom's Competition and Markets Authority ("UK CMA") during its investigation of the Privacy Sandbox from 2021 to present.[3]

Because Google's Privacy Sandbox is relevant to pending claims in this case, the States request that the Court compel Google to produce its disclosures made to the UK CMA and other governmental authorities, as well as documents describing the development, operation, implementation, and effects of its Privacy Sandbox.[4] Further, the States request that the Court compel Google to provide a witness—after Google's document production—to testify on Topic 36 concerning these issues, specifically Google's "decision to deprecate third-party cookies in Chrome and/or

---

[2] Available at https://www.eff.org/deeplinks/2023/09/how-turn-googles-privacy-sandbox-ad-tracking-and-why-you-should#:~:text=Google%20has%20rolled%20out%20%22Privacy,Google%27s%20proposed%20Federated%20Learning%20of) (last visited Apr. 8, 2024).
[3] *See, e.g.*, Investigation into Google's 'Privacy Sandbox' browser changes, UK CMA, https://www.gov.uk/cma-cases/investigation-into-googles-privacy-sandbox-browser-changes.
[4] The States have requested production of documents provided to the UK CMA. *See* ECF No. 254-9 (RFP No. 274).

11

Android, implement FLEDGE ("First Locally-Executed Decision over Groups Experiment"), the Privacy Sandbox, and/or Protected Audience API, and the consequences and effects thereof, including any analysis of the impact of such deprecation and implementation, including but not limited to the impact on Publisher revenues and the DSP market."

## CONCLUSION

For the foregoing reasons, the Special Master should grant the States' Motion to Compel and order Google to immediately produce: (a) all expert reports from the Virginia Action; and (b) the requested documents and witness concerning Google's Privacy Sandbox and Google Chrome.

DATED: April 9, 2024

*/s/ W. Mark Lanier*
W. Mark Lanier
Alex J. Brown
Zeke DeRose III
**THE LANIER LAW FIRM, P.C.**
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204
Email: mark.lanier@lanierlawfirm.com
Email: alex.brown@lanierlawfirm.com
Email: zeke.derose@lanierlawfirm.com

Respectfully submitted,

*/s/ Ashley Keller*
Ashley Keller (*pro hac vice*)
**KELLER POSTMAN LLC**
150 N. Riverside Plaza
Suite 4100
Chicago, IL 60606
Telephone: (312) 741-5220
Facsimile: (312) 971-3502
Email: ack@kellerpostman.com

Zina Bash (Bar No. 24067505)
111 Congress Avenue
Suite 500
Austin, TX 78701
Email: zina.bash@kellerpostman.com

Noah S. Heinz (*pro hac vice*)
1101 Connecticut Ave., N.W.
11th Floor
Washington, DC 20036
Email: noah.heinz@kellerpostman.com

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm Only), Mississippi, North Dakota, South Carolina, and South Dakota.*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

*/s/ Trevor E. D. Young*
Trevor E. D. Young
Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

Attorneys for Plaintiff State of Texas

# CERTIFICATE OF CONFERENCE

I certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and that the parties remain opposed on the pending discovery disputes outlined in the foregoing submission. The personal conferences required by Local Rule CV-7(h) have been conducted or were attempted on the following dates in the following manner, with the names of the participants in the conferences.

| Date & Manner | Conferred Issues | Participants[5] |
|---|---|---|
| April 4, 2024, and prior<br><br>Zoom hearing and Teams video calls | Motion to Compel Production of Virginia Action Expert Reports | For the States: Geraldine Young and Zeke DeRose III<br>For Google: Mollie Bracewell, Robert McCallum, and Paul Yetter |
| April 8, 2024<br><br>Teams video call | States' right to discovery into Privacy Sandbox and Google Chrome | For the States: Zeke DeRose III and John McBride<br>For Google: Mollie Bracewell, Robert McCallum, and Paul Yetter |

The foregoing document further outlines explanations of why no final resolution has been reached yet, leaving potentially open issues for the Special Master and Court to resolve.

*/s/ Geraldine Young*

Geraldine Young

---

[5] The conferences included other attorneys for both sides. Included are those who conferred, and not all observers are listed here.

## **CERTIFICATE OF SERVICE**

I certify that on April 9, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

 /s/ *Geraldine Young*
Geraldine Young
