IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 4:20-CV-957-SDJ |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**GOOGLE'S OPPOSITION TO TEXAS AGENCIES'
MOTION TO QUASH AND FOR PROTECTION**

Google LLC ("Google") respectfully submits this opposition to the Texas General Land Office, Texas Department of Motor Vehicles, and Texas A&M University's (collectively "Texas Agencies") motions to quash and for protection.

**INTRODUCTION**

Leading the effort on behalf of Plaintiffs, Texas has pursued its claims against Google in two different federal tribunals, here and in the Southern District of New York before remand. Ignoring altogether Texas's choice to file suit and pursue claims in federal court, the Texas Agencies—represented by the very same lawyers who filed and have prosecuted this suit—now assert sovereign immunity against deposition subpoenas served by Google. This is particularly absurd given that Texas itself has refused to provide discovery about its state agencies' use of display advertising, instead directing Google to issue third-party subpoenas to those agencies. Yet, when Google issued those subpoenas, the agencies refused to comply.

The law is clear. Texas waived any immunity the Texas Agencies may have had by filing this suit. This is a simple proposition of law that has long been recognized based on fundamental principles of fairness. Texas cannot lead the charge in this litigation and then play games to avoid

discovery, first by directing Google to subpoena the state agencies and then by asserting sovereign immunity on behalf of those state agencies. Moreover, contrary to the Texas Department of Motor Vehicles' ("DMV") attempt to avoid its discovery obligations by claiming its employees have no personal knowledge of the topics at issue, Fifth Circuit precedent makes clear that a corporate representative need not have individual personal knowledge to testify.

This Court should not sanction these blatant attempts to prevent Google from obtaining the discovery it needs to defend itself. The motions should be denied.

## BACKGROUND

### I. The Texas Agencies Are an Arm of the Lead State Pursuing this Action.

As the Agencies each concede, they are arms of the State of Texas (Mots. at 3, ECF Nos. 336, 337, 338), which is the lead state in the 17-state[1] coalition pursuing claims[2] against Google in this action. (States' Advisory, ECF No. 260.) Indeed, Texas led the pre-suit investigation into Google, has insisted that the other states largely rely on its investigative files to meet their discovery obligations (ECF No. 245), and now plans to testify *on behalf of the other states* for many of the noticed Rule 30(b)(6) topics during Plaintiffs' depositions. (Ex. 1, March 29, 2024 Ltr.)

### II. Texas Directs Google to Issue Third-Party Document Subpoenas to State Agencies.

Despite Texas's central role in this litigation, it along with nearly all of the other Plaintiff states, refused to respond to Google's discovery requests concerning each state's use of the products at issue, instead only provided discovery related to such use by the offices of attorney general themselves and directed Google to subpoena their state agencies. (Ex. 2 at 2–3, April 3,

---

[1] For the purposes of this motion, Google will refer to Puerto Rico as a state.

[2] The motions erroneously state that Plaintiffs are pursuing claims against Google pursuant to the Biometric Identifier Act. To clarify the record, no such claims have been brought in this litigation.

2023 Ltr.) To avoid delay, even though this suit was filed on behalf of the *states*, not on behalf of the *offices of attorneys general* as plaintiffs, and despite the burden associated with doing so, Google issued 70 document subpoenas to state agencies in each of the 17 Plaintiff states. Only the Texas Agencies and one agency in South Carolina asserted immunity in response to these subpoenas. The South Carolina agency filed a motion to quash, which was denied by the District of South Carolina, and the Texas Agencies ultimately produced documents.

**III.     Texas Asserts Privilege Over Its Communications with State Agencies.**

Texas and the other State Plaintiffs are trying to have it both ways by identifying state agencies as "third parties" when it suits them and then treating them as one and the same with the State Plaintiffs when they prefer. For example, when pushed by Google to provide a privilege log for its communications with these claimed third parties, Texas and many other State Plaintiffs asserted that these communications were protected by the attorney-client privilege, which would apply only if they were one and the same. (Ex. 3 at 4, March 1, 2024 Ltr.) According to Texas, these communications need not be produced nor even logged. (*Id.*)

**IV.     Texas Refuses to Testify on Its State's Use of Display Advertising Products.**

Taking a similarly obstructive stance on the 17 Rule 30(b)(6) deposition notices issued by Google on Plaintiffs, Plaintiff states are refusing to testify as to their state's use of the advertising products at issue, instead confining their review to only the conduct of each respective attorney's general office. (Ex. 1, March 29, 2024 Ltr.) On March 22, 2024, Google noticed 30(b)(6) deposition subpoenas on several state agencies, including the Texas Agencies.

Now, with only weeks left until the close of fact discovery, the Texas Agencies filed the instant motion to quash on April 5, 2024. Underscoring Texas's gamesmanship, some of the very same attorneys appearing on behalf of the States in this action filed the Motions.

**ARGUMENT**

**I.   Texas Filed Suit in Federal Court, Waiving Any Immunity Held by the State.**

As one district court already found when considering Google's subpoenas to a state agency in this very litigation, a state unequivocally waived any immunity held by the state and its agencies by bringing this suit. *See In re: South Carolina Department of Parks, Recreation, and Tourism*, No. 3:23-cv-2100-JFA (D.S.C. July 12, 2023), ECF No. 22 at 6 (any "such immunity would have been waived by South Carolina's voluntary involvement in the underlying action pending in the Eastern District of Texas."), *appeal pending*.

That is, "where a State voluntarily becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 619 (2002) (quoting *Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273, 284 (1906)); *see also Louisiana v. Allstate Ins. Co.*, 536 F.3d 418, 432 (5th Cir. 2008), *rev'd on other grounds* (Louisiana waived its sovereign immunity when, through its attorney general, it joined private parties to file *parens patriae* action alleging antitrust violations); *Skelton v. Henry*, 390 F.3d 614, 618 (8th Cir. 2004) ("A state voluntarily invokes the federal court's jurisdiction by filing suit in a federal court").

Importantly, sovereign immunity belongs to the state and only derivatively to its agencies. Thus, once waived by the state of Texas, the Texas Agencies themselves have no immunity to assert. *See Green v. Graham*, 906 F.3d 955, 961–62 (11th Cir. 2018) ("The Supreme Court has consistently recognized[,] sovereign immunity belongs to the state, and only derivatively to state entities and state officials.").

It cannot seriously be disputed (nor do the Texas Agencies try to dispute) that Texas initiated this litigation and has been actively pursuing its claims in federal courts for several years. Accordingly, any immunity has been waived. The Motions should be denied.

**II.     Granting the Motions Would Be Unfair.**

"[F]airness" is the "fundamental driving force behind the waiver-by-litigation doctrine." *In re Charter Oak Associates*, 361 F.3d 760, 770–72 (2d Cir. 2004). It would be fundamentally unfair to allow the Texas Attorney General to pursue claims against Google in federal court on behalf of the state of Texas and allow it to both refuse to facilitate discovery as to its own state's use of the very products over which it sued—by instead directing Google to subpoena its agencies—and then to allow its state agencies to avoid discovery by asserting sovereign immunity. When deciding a similar motion to quash by a South Carolina state agency in this case, the court in South Carolina agreed: "[I]t would be fundamentally unfair to punish Google for simply following South Carolina's instructions." *In re: South Carolina Dep't of Parks, Recreation, and Tourism*, No. 3:23-cv-2100-JFA (D.S.C. July 12, 2023), ECF No. 22 at 7.

The Texas Agencies' motions should be denied.

**III.    The Texas DMV Must Educate a Rule 30(b)(6) Witness.**

The DMV also attempts to avoid its discovery obligations by claiming that it cannot provide a witness for deposition because it "does not currently employ persons who are knowledgeable about" the display advertising campaigns for which the agency produced documents in this case. (DMV Mot. at 6, ECF No. 337.) And, the DMV argues that it cannot prepare a witness by the date of the deposition, despite Google's assurances that the deposition could be rescheduled to a mutually agreeable date within the discovery period. Both arguments are without merit.

5

*First*, the DMV was subpoenaed in its corporate capacity pursuant to Federal Rule of Civil Procedure 30(b)(6). A corporate representative does not testify on his or her own behalf but instead testifies vicariously on behalf of an entity. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006) (cited by the DMV) ("a rule 30(b)(6) designee does not give his personal opinions, but presents the corporation's 'position' on the topic[s]"). As such, regardless of the witnesses' direct personal knowledge, "if a certain fact is within the collective knowledge" of the subpoenaed entity, "[the witness] should be prepared on the issue [ ] and allowed to testify as to it[.]" *Id.* (finding that party "violated rule 30(b)(6) by failing to prepare [witness] with respect to issues that although not within his personal knowledge, were within the corporate knowledge of the organization").

The DMV's primary authority, *Union Pump Co. v. Centrifugal Tech., Inc.*, is inapposite. 404 F. App'x. 899 (5th Cir. 2010). There, the plaintiff's own corporate witness testified at trial as to what other employees at the corporation said. *Id.* at 907. The Fifth Circuit stated that a corporate witness could not be used to repeat "rank hearsay" at trial, *but* clarified that the same concerns would not apply to the defendant questioning the plaintiff's designee as an adverse party. *Id.* ("Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an adverse party to use that deposition testimony during trial."); *see also Brazos River Auth.*, 469 F.3d 416 at 435 ("But Grigsby could testify, for instance, as to what Ionics had told Cajun employees that it had represented to BRA, because that would be an admission of a party opponent.").

Here, the DMV has access to the documents it produced in this litigation concerning its use of display advertising and may also educate itself by speaking to its advertising agency or

6

former employees about the noticed topics, which relate to Texas's own claims in this litigation. *See id.* at 433 ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources"); *see also Rodriguez v. U.S. Bank, N.A.*, No. SA-12-CV-345-XR, 2013 WL 5948002, at *2 (W.D. Tex. Nov. 5, 2013) (noting that "it is common in civil litigation to permit corporate representatives to testify based on their review of business records").

*Second*, the DMV argues that the April 8 date chosen for the deposition does not give the witness sufficient time to prepare. But Google has repeatedly made clear that it was amenable to negotiating a different date within the discovery period to allow the DMV to prepare a witness on the narrow topics on which it has been noticed.

The DMV's motion should be denied.

## CONCLUSION

The Texas Office of Attorney General cannot be allowed to have it both ways, directing Google to obtain discovery through its state agencies and then asserting sovereign immunity on their behalf. Because it would be fundamentally unfair to allow Texas to avoid discovery in a suit it filed, this Court should deny the Texas Agencies' motions to quash or for protection.

Dated: April 9, 2024 Respectfully submitted,

  *R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4500
eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

8

## CERTIFICATE OF SERVICE AND OF SEALING

       I certify that, on April 9, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A). I also certify that, on April 9, 2024, a motion to seal certain exhibits to the foregoing will be filed separately and before the filing of the exhibits under seal, per Local Rule CV-5(a)(7)(B). The sealed filing will be promptly served by email with a secure link on counsel of record for all parties in this case, and will be publicly filed in redacted form per Local Rule CV-5(a)(7)(E).

*/s/ R. Paul Yetter*
R. Paul Yetter
