# EXHIBIT 2

# Keller | Postman

The Lanier Law Firm

April 3, 2023

**VIA EMAIL**

Julie Elmer
Freshfields Bruckhaus Deringer
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
Julie.elmer@freshfields.com

> Re: *In re Google Digital Advertising Antitrust Litigation,* No. 1:21-md-03010 (PKC);
> *State of Texas, et al. v. Google LLC,* No. 1:21-cv-06841 (PKC)

Dear Ms. Elmer:

We are responding to your March 27 letter, regarding your request that State Plaintiffs address alleged deficiencies in their responses and objections to Google's First Set of Requests for Production ("RFPs") and First Set of Interrogatories ("ROGs"), dated January 27, 2023 (together, Google's "Discovery Requests"). State Plaintiffs have consistently made good faith attempts to comply with their discovery obligations in accordance with the Federal Rules of Civil Procedure (the "Federal Rules"). The Federal Rules require all parties to respond to each interrogatory "to the extent it is not objected to"[1] and that any objections must be stated with specificity.[2] Further, Federal Rule 26(b) limits the scope of permissible discovery based on the parties' relative access to relevant information. Accordingly, State Plaintiffs provided responses based upon the information available to them at the time and the objections stated were made in good faith where State Plaintiffs believe Google's Discovery Requests exceeded the scope of permissible discovery. In our responses, State Plaintiffs agreed to provide supplemental responses, if warranted, after meeting and conferring with the defendants.

1. **State Plaintiffs will continue to coordinate their communications to Google when it promotes efficiency.**

State Plaintiffs regularly meet to discuss how best to coordinate their efforts and attempt to present a coordinated response through lead outside counsel when practical. However, each state is a separate sovereign. The many state specific issues inherent in multistate practice often put a particular state in a unique position from its counterparts, and in such cases, speaking in a coordinated way through lead counsel may not be possible. Not all State Plaintiffs have retained lead outside counsel. Some states have chosen to proceed without the assistance of outside

---

[1] F.R.C.P. 33(b)(3).
[2] F.R.C.P. 33(b)(4).

Letter to Julie Elmer
April 3, 2023
Page 2

counsel,[3] and other states have hired outside counsel but not lead counsel.[4] State Plaintiffs will notify Google when such state-specific issues arise, and when communication directly with an individual state is warranted.

## 2. State Plaintiffs are ready to focus on substance of their discovery response.

As you know, several of the State Plaintiffs did not receive Google's Discovery Requests at the time they were sent to Texas and lead outside counsel. Once State Plaintiffs became aware of this incident, they quickly organized a response with the information available to them. The states that did not retain lead outside counsel maintain their objection that they were not properly served at that time; however, those State Plaintiffs are willing to deem Google's transmission of the same requests on March 10 as effective service. All State Plaintiffs served Google with responses on March 13. State Plaintiffs believe that the most productive path forward is to focus on the substance of the Discovery Requests and the responses to chart the best course to ensure that all parties are meeting their discovery obligations.

As you are aware, State Plaintiffs have implemented new protocols with Google to ensure service is proper and effective on all State Plaintiffs by transmission via list-serve. State Plaintiffs are confident that such an incident will not reoccur. Now that all State Plaintiffs have made an initial response, we look forward to engaging in the meet and confer process to ensure that the discovery obligations of all State Plaintiffs are satisfied. We recognize that while some of the issues can be dealt with on a global basis, others will need  to be addressed on a state by state basis.

## 3. State Plaintiffs have made a good faith offer to meet and confer with Google on document production.

While Google is correct that Federal Rule 34 requires parties to produce responsive documents in their possession, custody, or control, Federal Rule 26(b) also limits the scope of discovery based on several key considerations: (1) parties' relative access to relevant information; (2) the parties' resources; (3) the importance of the discovery in resolving the issues, and (4) whether the burden or expense of the proposed discovery outweighs its likely benefit. It also requires the court to limit the extent of discovery sought if it determines that the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome, or less expensive.

Most of Google's RFPs target documents that are not within the possession, custody or control of State Plaintiffs and can be more easily obtained from sources that are more convenient, less burdensome, or less expensive than obtaining that information from State Attorneys General. State Plaintiffs have objected on the basis that they do not have the authority to search for documents that are held by other state agencies or other governmental entities. On January 27, Google issued Federal Rule 45 subpoenas to numerous state agencies, and State Plaintiffs believe

---

[3] Alaska, Arkansas, Florida, Kentucky, Missouri, Nevada, and Utah are representing themselves in this matter.
[4] Montana and Puerto Rico are represented by outside counsel but not by lead counsel for Texas.

Letter to Julie Elmer
April 3, 2023
Page 3

that these subpoenas are the proper channels for Google to seek documents that are in the possession, custody, or control of those agencies.

For documents that are within the possession, custody, or control of state Offices of the Attorney General, State Plaintiffs remain willing to meet and confer with Google to discuss the best way to locate and produce responsive documents. Unlike Google, who is able to borrow custodians and search terms from the government investigations that sought document production from Google over the past three (3) years, State Plaintiffs have only recently learned about the type of discovery that Google is seeking in this matter. Identifying go-get documents as well as document repositories, custodians, and crafting search terms that do not result in an undue burden on State Plaintiffs will take some time and cannot be performed on the arbitrary timeline set by Google.[5] Nevertheless, State Plaintiffs take their discovery obligations seriously and look forward to exploring the most efficient means to fulfill those obligation through the meet and confer process. As we indicated in our responses, State Plaintiffs are willing to meet and confer with Google to discuss potential search methodologies that are both reasonable and proportional to the needs of the case and likely to lead to the discoverability of admissible evidence.

4. **State Plaintiffs have provided substantive responses and will work with Google to provide an amended or supplemental response on a reasonable timeline.**

State Plaintiffs' responses are substantive and do not withhold information available to them at the time of their response. State Plaintiffs are taking reasonable steps to confirm whether additional responsive information is within their possession, custody, or control, and will amend if additional responsive information is discovered. State Plaintiffs are not opposed to getting Google responsive information that is available to State Plaintiffs, within their possession, custody, and control, that is relevant and does not create an undue burden on State Plaintiffs to respond.

That said, much of the information requested in Google's interrogatories seek information that is premature at this early stage of discovery and difficult to answer and verify at this stage of litigation without an opportunity for State Plaintiffs to conduct expert analysis on Google's data and document productions that have yet to occur.[6] For example, State Plaintiffs cannot give fulsome responses to interrogatories related to the relief sought until Google produces sufficient documents and data that allows State Plaintiffs to conclude what measures would restore competition to the alleged markets. Nevertheless, State Plaintiffs are willing to meet with Google promptly and discuss what additional information we can provide in the interim and amend or supplement their responses in a timely and orderly fashion, if such information is identified.

---

[5]       You may recall that several ESI drafts proposed by Plaintiffs contained concrete timelines to respond to requests for search terms and custodians, but Google refused to adopt those provisions.

[6]       Google did not fully comply with its production obligations from the States' investigation as Google continues to withhold significant data and document production it knows to be relevant to the case that was produced to the U.S. Department of Justice.

Letter to Julie Elmer
April 3, 2023
Page 4

   5.  **State Plaintiffs are willing to discuss confidentiality designations**

   In response to several ROGs and RFPs, State Plaintiffs referred to our initial disclosures provided to Google on January 13 of this year, that are designated as "Highly Confidential." To date, Google has not challenged this designation. To the extent that our responses have attached a copy of our initial disclosures or otherwise incorporate that information from those disclosures, our responses are properly designated as "Highly Confidential." If Google seeks to challenge this designation as to any of State Plaintiffs' discovery responses, the Confidentiality Order provides a mechanism for doing so. That said, State Plaintiffs are willing to meet and confer on this issue to explore whether there are certain other responses to ROGs or RFPs that can be downgraded to a lesser confidentiality designation by stipulation. To date, nearly every single document produced by Google has similarly been designated as "Highly Confidential." State Plaintiffs expect that Google will also cooperate with State Plaintiffs in curing its over-designation of material as "Highly Confidential."

                              *       *       *

   At every stage of this litigation, State Plaintiffs have made good faith efforts to meet their discovery obligations. We hope that we have clarified our positions and made it clear that we fully intend to work with Google to ensure that it receives the requisite discovery it is entitled to under the Federal Rules in satisfaction of State Plaintiffs' discovery obligations. State Plaintiffs accept Google's offer to meet and confer on Wednesday, April 5 at 12:00 p.m. ET and look forward to a productive call.

                              Sincerely,

_/s/ W. Mark Lanier_                          _/s/ Ashley Keller_
W. Mark Lanier                                Ashley Keller
New York Bar No.: 4327284                     ack@kellerpostman.com
Mark.Lanier@LanierLawFirm.com                 Brooke Clason Smith
Alex J. Brown                                 brooke.smith@kellerpostman.com
New York Bar No.: 4593604                     Jason A. Zweig
Alex.Brown@LanierLawFirm.com                  New York Bar No.: 2960326
Zeke DeRose III                               jaz@kellerpostman.com
Zeke.DeRose@LanierLawFirm.com                 150 N. Riverside Plaza, Suite 4100
Tower 56                                      Chicago, Illinois 60606
126 East 56th Street, 6th Floor               (312) 741-5220
New York, NY 10022                            Zina Bash
(212) 421-2800                                zina.bash@kellerpostman.com
THE LANIER LAW FIRM, PLLC                     111 Congress Avenue, Suite 500
                                              Austin, TX 78701
                                              (512) 690-0990
                                              KELLER POSTMAN LLC

Letter to Julie Elmer
April 3, 2023
Page 5


*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

CC: Counsel of Record