IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**GOOGLE LLC'S UNOPPOSED MOTION
FOR LEAVE TO FILE UNDER SEAL**

Defendant Google LLC ("Google") respectfully moves to seal Exhibits 1 and 3 to its April 9, 2024 Opposition ("Opposition") to the Texas General Land Office, Texas Department of Motor Vehicles, and Texas A&M University's motions to quash and for protection. Pursuant to Rule CV-5(a)(7), Google will file redacted copies of these exhibits within seven days.

**LEGAL STANDARD**

While there is "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For example, courts have recognized that the public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Texas Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex. May 30, 2017), and "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598.

In exercising its discretion to seal judicial records, "the Court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (directing courts to balance right of access against interest of nondisclosure).

## ARGUMENT

Upon Plaintiffs' request, Google moves to file under seal Exhibits 1 and 3 to its Opposition, which are letters from Plaintiffs about discovery issues and deposition scheduling. Specifically, Plaintiffs requested that Google move to seal these exhibits because they contain "information about internal Texas processes and information about the other States' 30(b)(6)" depositions. Moreover, Google notes that Exhibit 1 contains a list of third parties contacted during Texas's investigation, which have been sealed from other filings. *See* ECF No. 337. Plaintiffs further state they "do not have sufficient time to get consent for public filing from Texas and the other States due to their unavailability and travels this week," but, to the extent that Plaintiffs change their position on the sealing request, the parties will confer and file unredacted versions of the exhibits on the docket within 7 days.

## CONCLUSION

For the foregoing reasons, Google's motions to seal Exhibits 1 and 3 to its Opposition should be granted.

Dated: April 9, 2024            Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

### CERTIFICATE OF SERVICE

 I certify that on April 9, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

### CERTIFICATE OF CONFERENCE

 I hereby certify that the meet and confer requirements in Local Rule CV-7(h) have been met.  This motion is consented to and not opposed by any party.

*/s/ R.Paul Yetter*
R. Paul Yetter
