UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| STATE OF TEXAS, ET AL., <br><br> Plaintiffs <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 4:20-cv-957-SDJ |

**NON-PARTY STATE AGENCIES' OMNIBUS REPLY TO DEFENDANT GOOGLE'S RESPONSE TO STATE AGENCIES' MOTIONS TO QUASH AND MOTIONS FOR PROTECTIVE ORDER**

Non-party state agencies, Texas A&M University (TAMU), Texas Department of Motor Vehicles (TxDMV), and Texas General Land Office (GLO) (collectively "non-party state agencies") respectfully file this Reply to Defendant's Response to State Agencies' Motions to Quash and Motions for Protective Order pursuant to Local Rule CV-7(f).

**I.      Sovereign immunity has not been waived.**

First and foremost, Google, LLC (Google) has not attempted to distinguish *Russell v. Jones*, 49 F.4th 507, 513 (5th Cir. 2022). Nor has Google cited any case law to counter the holding in that case. *Russell* is binding precedent for sovereign immunity from non-party subpoenas in the Fifth Circuit, and Google fails to even mention the case in its response. Google may argue that *Russell* doesn't apply here

1

because the State of Texas waived sovereign immunity for itself and on behalf of non-party state agencies. But Google would be wrong. The reasoning in *Russell* is directly applicable to the non-party state agencies' position in this case. *See* the non-party state agencies' motions to quash and for protective orders. "Both TxDMV and its officers are protected by the Eleventh Amendment which was written 'to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties.'" *Russell*, 49 F. 4th at 513.

In support of its waiver argument, Google cites to a South Carolina federal court decision involving the above captioned litigation. ECF 343 at 4. This is erroneous. To begin with, as Google notes in its response, the Court's decision in that case is currently on appeal and is not settled.

Google goes on to cite several cases where courts determined that a state waived its sovereign immunity when it availed itself of the federal court's jurisdiction.[1] ECF 343 at 4. Again, Google misses the point. Even if the State of Texas had waived sovereign immunity, which it has not, this waiver would not have automatically waived the immunity of all state agencies. Furthermore, none of the cases cited by Google deal with non-party subpoenas to state agencies or state agency officials.

---

[1] *Lapides v. Bd. of Regents of Univ. Sys. Of Ga.*, 535 U.S. 613, 619 (2002); *Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273, 284 (1906); *Louisiana v. Allstate Ins. Co.*, 536 F.3d 418, 432 (5th Cir. 2008); *Skelton v. Henry*, 390 F.3d 614, 618 (8th Cir. 2004); and *Green v. Graham*, 906 F.3d 955, 961-62 (11th Cir. 2018).

Texas has not waived sovereign immunity by filing this suit. Sovereign immunity is not waived when a state files suit to enforce its own laws or to prohibit "unlawful conduct by imposing a monetary penalty." *Nazari v. State*, 561 S.W.3d 495, 507 (Tex. 2018). In the instant case, Texas seeks injunctive relief, structural relief, disgorgement, payment of civil fines pursuant to § 15.20(a) of the Texas Business and Commerce Code, and payment of civil penalties as authorized by Texas Business and Commerce Code § 17.47(c)(1). Civil fines and penalties are not damages; they are monetary penalties assigned for the purpose of punishment and deterring future violative conduct. *Nazari*, 561 S.W.3d at 509 (explaining a state suit for civil penalties to punish a wrongdoer is distinct from damages). Penalties sought by Texas are not monetary damages and do not waive sovereign immunity. *Id.* at 507.

Google has cited no authority supporting the proposition that sovereign immunity is waived as to non-party state agencies who were wholly uninvolved with the underlying litigation.

## II. Google misunderstands where authority and control of state agencies lies.

State agencies are arms of the state that can act independently within the parameters laid out by the Legislature. Agencies make rules, develop and manage programs, and contract with other agencies and private companies to achieve the purposes for which they were created.

A. <u>Plaintiff State of Texas and the non-party state agencies are NOT represented by the same attorneys.</u>

In the above captioned litigation, Texas is represented by the Office of the Attorney General, Antitrust Division. Non-party state agencies are represented by the Administrative Law Division. These two divisions are walled off from one another. Non-party state agencies have attorney-client privilege with their attorneys in the Administrative Law Division. The employees of the non-party state agencies do not communicate with attorneys in the Antitrust Division in this matter.

The separateness of divisions within the Attorney General's office is best demonstrated when assistant attorneys general represent opposing parties in the same case such as *Abbott v. Tex. Dep't of Mental Health & Mental Retardation*, 212 S.W.3d 648, 651 (Tex. App.—Austin, 2006) (where an assistant attorney general represented Attorney General Abbott and a different assistant attorney general represented the Texas Department of Mental Health & Mental Retardation). *See also Tex. Comptroller of Pub. Accounts v. AG of Tex.*, 354 S.W.3d 336, 337 (Tex. 2010) (where different assistant attorneys general represented the Texas Comptroller and the Texas Attorney General). The reason the Attorney General's office is able to represent opposing parties in the same litigation is because the divisions can be walled off, and representation of a client by an assistant attorney general in one division does not mean the client is being represented by all divisions in the Attorney General's Office. *See Public Utility Com. v. Cofer*, 754 S.W.2d 121, 125 (Tex. 1988)

(discussing the ability of the Attorney General to represent opposing parties in litigation).

 B. <u>Non-party state agencies function independently.</u>

Google complains that, in an effort to obtain document discovery, Plaintiff Texas instructed Google to subpoena state agencies directly. ECF 343 at 2-3. The Office of the Attorney General's Antitrust Division, who represents the State of Texas, does not have control over non-party state agencies in this matter.

State agencies are not parties to this case. Google acknowledged this fact by serving Rule 45 non-party subpoenas. Neither GLO, TAMU, nor TxDMV have had anything to do with filing suit or the resulting litigation against Google. At no point in this proceeding has any state agency or its counsel ever represented a state agency as anything other than a non-party.

Furthermore, the State telling Google it needed to subpoena the agencies for agency documents further illustrates that the State of Texas and the non-party state agencies are not the same with respect to the non-party subpoenas Google served. The non-party state agencies have control of their documents the same way a private entity would have control of its own documents. To obtain documents from a state agency, a party has to subpoena that agency, and it is up to that agency to respond in the manner it deems appropriate.

### III. TxDMV's lack of a witness and refusal to sit for depositions.

Google argues TxDMV is required to educate a witness and cites to *Brazos River Auth. v. GE Ionics, Inc.*, 469 F. 3d 416, 434 (5th Cir. 2006) ("If a certain fact is within the collective knowledge" of the subpoenaed entity, "[the witness] should be prepared on the issue [ ] and [be] allowed to testify as to it [.]"). ECF 343, at 6. However, the flaw in Google's reasoning is that the information sought by Google is no longer within TxDMV's collective knowledge.

Google then tries to distinguish *Union Pump Co. v. Centrifugal Tech., Inc.*, 404 F. App'x. 899 (5th Cir. 2010). Google argues that while the Court did say "a corporate witness could not be used to repeat 'rank hearsay' at trial," the court clarified that the same concerns would not apply to the defendant questioning the plaintiff's designee as an adverse party. *Id.* at 907; ECF 343 at 6. This argument again highlights Google's continued failure to understand that the non-party state agencies are not parties to this case. An officer of TxDMV would not equate "to the defendant questioning the plaintiff's designee as an adverse party." *Id.* at 907.

Additionally, there is no one currently employed at TxDMV with knowledge of the advertising campaign, which took place back in 2015-2016 through an outside vendor. This means Google would like to require TxDMV to identify an employee and somehow educate the employee about a campaign from almost a decade ago.

Even if TxDMV were required to somehow educate a deposition witness on matters no longer within its knowledge, Google's willingness to negotiate a different date within the discovery period is of no avail. Google did not serve the subpoenas on the non-party state agencies until there was only a month left before the close of discovery. TxDMV would need sufficient time to prepare a witness. A deposition date would need to account for TxDMV's and its counsel's scheduling conflicts. In the weeks before discovery ends, TxDMV's lead counsel has two trials at the State Office of Administrative Hearings,[2] a hearing in Dallas, a production deadline, another SOAH hearing, and responses to six other non-party subpoenas, all in different cases, by the end of the month. Perhaps Google should not have waited until the 11th hour to serve Rule 45 deposition subpoenas on non-party state agencies.

### IV.   Decision on Submission

Non-party agencies have fully outlined all arguments in their Motions to Quash and Motions for Protective Order and this reply. As such, non-party agencies do not believe oral argument is necessary, and they request the Court rule based on the filings submitted.

---

[2] Counsel for non-parties has a hearing at SOAH on April 15, 2024, where the ALJ has consolidated two cases of separate individuals into one hearing because of common underlying facts.

## CONCLUSION

Regardless of how any party in the above captioned litigation feels, the non-party state agencies and their officers are protected by sovereign immunity. Based on the arguments outlined in their motions and those made above, the non-party state agencies respectfully request the Court to grant their Motions to Quash and Motions for Protective Order.

       Respectfully submitted,

       KEN PAXTON
       Attorney General of Texas

       BRENT WEBSTER
       First Assistant Attorney General

       JAMES LLOYD
       Deputy Attorney General for Civil Litigation

       ERNEST C. GARCIA
       Chief, Administrative Law Division

       */s/ Lauren McGee*
       TED ROSS
       State Bar No. 24008890
       LAUREN MCGEE
       State Bar No. 24128835
       Assistant Attorneys General
       Office of the Attorney General of Texas
       Administrative Law Division
       P.O. Box 12458, Capitol Station
       Austin, Texas 78711-2548
       Telephone: (512) 475-3203
       Ted.Ross@oag.texas.gov
       Lauren.McGee@oag.texas.gov

       ***Attorneys for Non-Parties Texas General Land Office, Texas A&M University, and Texas Department of Motor Vehicles***

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been served to the following parties on April 11, 2024, via e-file:

Paul Yetter
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
pyetter@yettercoleman.com
(713) 632-8069


***Attorneys for Google, LLC***

                                                  */s/ Lauren McGee*
                                                  LAUREN MCGEE
                                                  Assistant Attorneys General