IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

THE STATE OF TEXAS, ET AL.   §
   §
   §
v.   §     CIVIL NO. 4:20-CV-957-SDJ
   §
   §
   §
GOOGLE LLC   §

## REPORT AND RECOMMENDATION OF SPECIAL MASTER

The Court referred three motions to quash deposition subpoenas and motions for protective orders, filed by the Texas General Land Office (Dkt. #336), Texas Department of Motor Vehicles (Dkt. #337), and Texas A&M University (Dkt. #338), to the Special Master for a report and recommended disposition. (Dkt. #356). Google LLC ("Google") filed a consolidated response in opposition to the motions on April 9, 2024. (Dkt. #343).   On April 11, 2024, the Texas General Land Office, Texas Department of Motor Vehicles, and Texas A&M University (collectively, the "Texas Agencies") filed a consolidated reply in support of their motions. (Dkt. #363).

For the reasons stated herein, the Special Master recommends that the Court **DENY** the Texas Agencies' motions.

### 1.    BACKGROUND

On December 16, 2020, a coalition of states—including the State of Texas—filed this action against Google.[1] (*See* Dkt. #1). During the pre-suit investigation period and throughout this action, the State of Texas has led the

---

[1] Subsequently, this action was consolidated in MDL 3010 in the Southern District of New York, then remanded back to this Court.

coalition of States. (*See, e.g.*, Dkt. #262 at 1) (States' advisory regarding coordination noting that the State of Texas is the "Lead State"); (Dkt. #245 at 2) (noting that approximately 770,000 of 800,000 documents produced by the States were from the State of Texas's pre-suit investigative file); (Dkt. #343-1) (State of Texas designated to testify on behalf of other States for Rule 30(b)(6) topics).

In 2023, after being directed by the offices of attorney general of the States to subpoena purported third-party state agencies for discovery requests (*see* Dkt. #343-2), Google served Rule 45 document subpoenas on the State Agencies. (Dkt. #336, #337, #338). The State Agencies conferred with Google and, while preserving their rights to raise sovereign immunity objections, produced responsive documents. (*Id.*).

In 2024, Google served deposition subpoenas on the State Agencies, which the State Agencies now move to quash. (*Id.*).

## 2.    LEGAL STANDARD

Rule 45 permits the State Agencies to quash or modify a subpoena where it, inter alia, "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The scope of discovery under a subpoena is the same as the scope of discovery under Federal Rule of Civil Procedure 26(b). *See Kendrick v. Heckler*, 778 F.2d 253, 256 (5th Cir. 1985); *Donaldson v. Crisp*, Civ. A. No. 1:22-cv-111, 2023 WL 6201372, *2 (E.D. Tex. Sept. 21, 2023).

Under Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient. *See Crosby v. Louisiana*

*Health Serv. and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011); *Donaldson*, 2023 WL
6201372, at *3.

### 3.   ANALYSIS

The State Agencies argue that the deposition subpoenas should be quashed, as
they are protected by sovereign immunity. (Dkt. #336, #337, #338). On the same
grounds, the State Agencies move for entry of protective orders to prevent the
issuance of further subpoenas in this action. (*Id.*). The Texas Department of Motor
Vehicles ("DMV") further argues that the information sought by Google's deposition
subpoena relates to activity 8-9 years ago, that it would not have sufficient time to
educate a witness, and that the testimony would not be admissible in any event
because it would not be possible for the witness to have personal knowledge. (Dkt.
#337 at 5–6).

Google argues in response that: (i) the State of Texas's status as a plaintiff in
this case waived any sovereign immunity held by the State of Texas, including all of
its agencies; (ii) it would be fundamentally unfair to allow the Texas Attorney General
to, on the one hand, direct Google to subpoena the State Agencies, then quash such
subpoenas; (iii) the DMV cannot avoid testifying in its corporate capacity under Rule
30(b)(6) by arguing that individual witnesses do not have personal knowledge; and
(iv) Google is amenable to rescheduling the DMV's deposition to allows sufficient
preparation time. (Dkt. #343).

In their reply, the State Agencies primarily rely on *Russell v. Jones*, 49 F.4th
507 (5th Cir. 2022) and *Nazari v. State*, 561 S.W.3d 495 (Tex. 2018) to argue that
sovereign immunity was not waived here. (Dkt. #363 at 1–3). The State Agencies

additionally argue that the structure of the Texas state government is such that they should be considered separate from the branch of the Texas Attorney General's Office that filed this action. (*Id.* at 4–5).

### a. The State of Texas's lawsuit against Google waived sovereign immunity as to the State Agencies.

Google points out that the sovereign immunity issue has arisen as to this very action, with respect to Google's subpoenas to an agency of the State of South Carolina, also a plaintiff in this action. (Dkt. #343 at 4) (citing *In re: South Carolina Dep't of Parks, Recreation, and Tourism*, No. 3:23-cv-2100-JFA (D.S.C. July 12, 2023), (Dkt. #22)). The U.S. District Court for the District of of South Carolina stated that, "[a]ssuming without deciding that SCPRT is entitled to Eleventh Amendment immunity, this Court finds such immunity would have been waived by South Carolina's voluntary involvement in the underlying action pending in the Eastern District of Texas." (*Id.* at 6). Citing the Supreme Court's decision in *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 619 (2002), the South Carolina Court noted that "[i]t is well established that a state may waive its sovereign immunity by voluntarily litigating a case in federal court." (*Id.*).

In *Lapides*, the Supreme Court stated "[i]t would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the 'Judicial power of the United States' extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the 'Judicial power of the United States' extends to the case at hand." 535 U.S. at 619. And in *In re Katrina Canal Lit. Breaches*, 524 F.3d 700, 706–07 (5th Cir. 2008) and *Louisiana ex rel.*

*Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 432 (5th Cir. 2008), the Fifth Circuit held that a state waives sovereign immunity by bringing suits on behalf of a class of private citizens and in its *parens patriae* capacity.

Further, in *Lapides*, the Supreme Court's holding assumed that the acts of the regents of the University of System of Georgia were acts of the State. 535 U.S. at 616 ("The question before us is whether *the State's* act of removing a lawsuit from state court to federal court waives [sovereign] immunity.") (emphasis added). The South Carolina Court recognized that "[t]he Supreme Court has established that sovereign immunity belongs solely to the state, and from there, it flows to state entities and state officials." *In re: South Carolina Dep't of Parks, Recreation, and Tourism*, (Dkt. #22 at 7).

The Special Master concurs with the South Carolina Court. Under *Lapides*, *Katrina*, and *Allstate*, a state waives sovereign immunity by invoking federal court jurisdiction through removal or by filing a case in state court that is properly removable to federal court. Here, the State of Texas even more directly invoked federal jurisdiction by filing suit against Google alleging federal (and state) law claims. *See Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273, 284 (1906) ("[W]here a state voluntarily become[s] a party to a cause, and submits its rights for judicial determination, it will be bound thereby, and cannot escape the result of its own voluntary act by invoking the prohibitions of the 11th Amendment."); *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999) ("Generally, we will find a waiver if the State voluntarily invokes our

jurisdiction . . . or else if the State makes a 'clear declaration' that it intends to submit itself to our jurisdiction."); *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005) ("Generally, the Court will find a waiver . . . if . . . the state voluntarily invokes federal court jurisdiction."). Moreover, as state agencies' sovereign immunity is itself derivative of a state's sovereign immunity, the fact that such agencies may be organized separately from the attorney general's office or other state agencies is of no import as material here. *See, e.g., Green v. Graham*, 906 F.3d 955, 961–62 (11th Cir. 2018) ("The Supreme Court has consistently recognized that sovereign immunity belongs to the state, and only derivatively to state entities and state officials.").

The State Agencies' reply relies heavily on *Russell v. Jones* and *Nazari v. State* to argue that immunity has not been waived. The Special Master reviewed *Russell* and *Nazari* carefully, and finds they are not applicable here. In *Russell*, the plaintiffs were "individuals who have been held in Harris County jails after being unable to post cash bond," while the defendants were Harris County and its Sheriff, and the subpoenaed parties were county district court judges. *See* 49 F.4th at 510. Here, the State of Texas is the plaintiff that has availed itself of the federal court's jurisdiction, not individuals bringing claims against political subdivisions of the state. In *Nazari*, the question before the Supreme Court of Texas was whether the state's sovereign immunity extended to counterclaims brought by the party it sued, thus barring such counterclaims, when the state sought only monetary penalties and not damages. *See* 561 S.W.3d at 502, 507–09. *Nazari* does not apply here. First, the issue presented here is whether discovery against the State Agencies should proceed, not whether

Google may assert counterclaims against the State of Texas. Second, in this action the State of Texas seeks relief in its sovereign and *parens patriae* capacities. (*See* Dkt. #366 at 5). As stated above, the Supreme Court of the United States and Fifth Circuit hold that a state waives sovereign immunity when, as the State of Texas did here, it files suit and invokes this Court's jurisdiction.

Although not dispositive of the issue, the Special Master also notes that the State of Texas directed Google to issue subpoenas to the State Agencies to begin with and Google did so. The State Agencies produced documents in response to Google's document subpoenas, although reserving their rights as to immunity. Now, the State Agencies take the position that discovery in the form of deposition testimony is barred by sovereign immunity—in the face of contrary case law from the United States Supreme Court, Fifth Circuit, and even an adverse ruling as to this very litigation by the South Carolina Court. These shifting and unfounded positions taken by the State of Texas and the State Agencies appear inconsistent and impede the parties (here, Google) from timely completing fact discovery.

### b. The DMV Cannot Avoid Its Deposition.

The DMV argues that it "does not currently employ persons who are knowledgeable about" the 2015-16 advertising campaign at issue in its deposition subpoena. (DKt. #337 at 6). The DMV further argues that even if it educated its witness, "the deposition testimony would not be admissible in court because it is not possible for the deponent to have personal knowledge," and therefore constitute inadmissible hearsay. (*Id.*). The DMV also argues it would not have sufficient time to fully educate a Rule 30(b)(6) witness in time for the noticed date. (*Id.*).

One of the purposes of Rule 30(b)(6) is to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." Fed. R. Civ. P. 30(b)(6), advisory committee's note to 1970 amendment. "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *Brazos River Authority v. GE Ionics*, 469 F.3d 416, 433 (5th Cir. 2006). "The deponent must prepare the designee to the extent matters are reasonably available, whether from **documents, past employees**, or other sources." *Id.* (emphasis added). The DMV is clearly in possession of relevant, responsive information—it already produced documents to Google in response to a document subpoena. The DMV is obligated to educate a Rule 30(b)(6) witness to testify on its behalf, even if such education must be from former employees or the documents already produced to Google. *See id.* at 434 ("[I]f a certain fact is within the collective knowledge or belief of [the organization], [its designee] should be prepared on the issue . . ., and allowed to testify to it, even if it is not within his direct personal knowledge . . . ."). As to the admissibility of the deposition testimony at trial, that issue is separate from the motions to quash and one that need not be addressed at this time.[2]

---

[2] Rule 32(a)(3) provides that at trial "[a]n adverse party may use for any purpose the deposition of a party or . . . the party's . . . designee under Rule 30(b)(6)." As to any hearsay objection, the Special Master notes that Fed. R. Evid. 801(d)(2) excludes from the definition of hearsay an opposing party's statement, including statements made in a representative capacity or by a party's agent.

As to the scheduling issue, Google has offered to work with the DMV to select a more convenient date. (Dkt. #343 at 7). In light of Google's offer, the Special Master views the issue as moot, but strongly recommends that the parties cooperate in good faith to select a mutually agreeable deposition date by the fact discovery deadline of May 3, 2024.

4. CONCLUSION

Having considered the parties' arguments, and for the reasons stated herein, the Special Master recommends that the motions to quash and for protective orders be **DENIED** by the Court.

Signed this 15th day of April, 2024.

David T. Moran
**Special Master**
TXBN: 14419400
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone: (214) 953-6051
E-mail:  dmoran@jw.com

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 15th day of April, 2024. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

David T. Moran