IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al., | |
| Plaintiffs, | Case No. 4:20-cv-00957-SDJ |
| v. | Hon. Sean D. Jordan |
| Google LLC, | Special Master: David T. Moran |
| Defendants. | |

**PLAINTIFF STATES' RESPONSE TO GOOGLE'S APRIL 9, 2024
<u>BRIEF TO THE SPECIAL MASTER</u>**

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................ 1

ARGUMENTS ............................................................................................................................. 1

    I.    The Texas Plaintiff in this case has worked diligently to produce information and witnesses to Google, within its control, but it cannot produce non-party state-agency witnesses for deposition. ................................. 1

    II.    The States' interrogatory responses to Interrogatories 8 and 12 are more than sufficient, and the States remain open to conferring with Google regarding them. ........................................................................................................ 4

    III.    The States are considering Google's proposal for sharing expert materials and agree with and urge the immediate reproduction of third-party documents from the Virginia Action. ............................................................. 6

CONCLUSION ............................................................................................................................ 7

Pursuant to the Special Master's Order (ECF No. 227), the Plaintiff States ("States") respectfully submit this response to Google's brief, filed on April 9, 2024 (ECF No. 346).

## INTRODUCTION

Google's brief raises no issues that warrant any relief against any of the States.

First, the issue involving the motions to quash by the three non-party state agencies is now moot in light of the Special Master's report and recommendation, issued earlier today (ECF No. 368), subject to any objections filed.  The Texas Plaintiff in this case has no control over those non-parties and cannot be "alternatively" ordered to produce those non-parties for deposition, and Google's "alternative" ask of the Special Master should be denied as moot and on its merits.

Second, Google complains about the States' responses to two interrogatories, where the States have provided Google the information available to the States.  There is nothing else the States are required to provide Google as to these interrogatories.  For that reason, Google's arguments are moot or meritless and should be denied.

Finally, Google raises two other issues, regarding the ministerial method of sharing expert materials and an update on Google's ongoing efforts to produce to the States third-party documents from the Virginia Action, that do not require any relief against the States.

## ARGUMENTS

I. **The Texas Plaintiff in this case has worked diligently to produce information and witnesses to Google, within its control, but it cannot produce non-party state-agency witnesses for deposition.**

The Plaintiff State of Texas in this case has taken its discovery obligations seriously and forthrightly in this case.  Texas has responded to multiple rounds of interrogatories, requests for production, and requests for admission from Google.  Very early in the case, in 2021, Texas produced all documents (roughly 770,000 documents) in its possession, custody, and control that

1

the multistate received from third parties in response to any Civil Investigative Demands ("CIDs"). In 2023, Texas produced even more documents in response to Google's discovery requests. In 2024, Texas rolled out refresh document productions. Despite no inkling of any discovery deficiencies, Texas also responded to Google's "discovery-on-discovery" requests by providing a letter detailing Texas's document collection and production efforts—which Google did not question or challenge. On top of all of that, this week, Texas is producing a Rule 30(b)(6) witness to testify on Google's sweeping topics, including multiple "discovery-on-discovery" topics, other wide-ranging topics, and on any topics that involve common facts as to all States. That is despite (and subject to and without waiving) clear legal arguments and caselaw that would prevent such depositions.[1]

Suffice to say, Texas has gone to great lengths to provide discovery and information to Google. Google's accusation that Texas is somehow "playing games to keep" information from Google is entirely unfounded and untrue.

Regarding non-party Texas state agencies, Texas's position has been consistent throughout this case, as well as in other litigation. As explained in discovery responses from 2023 that Google has not challenged:

> The State of Texas, Office of the Attorney General is the entity that brought this action pursuant to their statutory authority to enforce state and federal antitrust and consumer protection laws. This action was not brought by any other public officials, state agencies, government entities, or divisions thereof, and such persons or entities are not parties to this litigation.

Texas's 9/12/2023 Response to Requests for Admission, at 3. Indeed, there are more than 150 separate state agencies in Texas. Other than the Texas OAG, none of those state agencies or

---

[1] *See Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999); *Ring Plus, Inc. v. Cingular Wireless, LLC*, No. 2:06-CV-159-DF, 2008 WL 11348478, at *3 (E.D. Tex. Feb. 13, 2008); *Kentucky v. Marathon Petroleum Co. LP*, 2018 WL 3130945, at *3–5 (W.D. Ky. June 26, 2018); *F.T.C. v. U.S. Grant Res., LLC*, No. CIV.A. 04-596, 2004 WL 1444951, at *9-*11 (E.D. La. June 25, 2004).

departments are under the control of the Texas OAG, nor are they parties to this litigation.

For that reason, early in 2023, Texas advised Google that, to obtain information from those non-parties, Google would need to issue subpoenas. To assist in that effort, Texas produced to Google a "list of contact information for [its] respective state agencies, which are in a superior position to provide Google with the information it seeks" and also explained that the Texas Plaintiff in this case "do[es] not possess knowledge as to whether these entities use display advertising or ad tech products, and such information is not within [its] possession, custody, or control." *See* ECF No. 245-1 at 7, Exhibit A. As Google itself admits, Google then went off and subpoenaed 70 state agencies. ECF No. 346 at 3. Despite the scorched-earth fashion in which Google subpoenaed the non-party agencies, apparently only three are still of interest to Google: the Texas General Land Office, Texas A&M University, and the Texas Department of Motor Vehicles. As Google also admits, each produced documents to Google. ECF No. 346 at 3.

Those three non-parties exercised their right to move to quash Google's deposition subpoenas on them, motions which the non-parties and Google fully briefed and that the Special Master has decided (ECF No. 368). That is the proper process as to those non-parties, and there is nothing "unfair" about it. Unsatisfied with that process apparently, Google seeks alternatively to force the Texas Plaintiff in this case to produce those non-party witnesses over whom it was no control, as disclosed and explained to Google previously. That a separate division of the OAG, the Administrative Law Division ("ALD")—separate and distinct from the Antitrust Division of the OAG in this case—represents as counsel those non-parties does not change that fact. Nor does the fact that the ALD shares the same high-level OAG leadership as the Antitrust Division change anything about the non-party status of the agencies that the ALD represents as counsel.

Google's cited case law also does not get it anywhere on this issue and does not warrant

3

ordering something that cannot be done, that is, ordering a party to produce non-parties not within its control for deposition. Specifically, Google's citation to non-binding decisions as to the Washington and New Mexico offices of attorneys general (neither of which are parties in this case) are inapposite, where Texas does not seek damages on behalf of any of the non-party agencies and where it is clear that different states' OAGs are structured differently in their control of state agencies, including even among the States in this case, some of which have produced agency documents and some of which (like Texas) cannot.  *See* Texas's 9/12/2023 Response to Requests for Admission, at 3; ECF No. 245-1 at 6-9 (ROG Responses); *cf. State v. Purdue Pharma, L.P.*, 2020 WL 13566522, at *1 (N.M. Dist. July 22, 2020) ("The State seeks damages which include expenditures by a variety of State agencies. It would be fundamentally unfair to allow the Attorney General, acting on behalf of the State of New Mexico, to make such broad claims on behalf of these agencies without requiring the agencies to participate in discovery as a party.").  The only Texas case cited by Google also does not support Google's request here, where that case involved documents (not depositions) from Texas legislators represented by the same attorneys as the plaintiff in that case. *See Perez v. Perry,* 2014 WL 1796661 (W.D. Tex. May 6, 2014).  As Google itself admits, Google has obtained the documents it subpoenaed from the three non-parties at issue, and the OAG Antitrust Division does not represent the three non-parties here.

The Special Master should deny, as moot or on the merits, Google's request as to this issue.

**II.   The States' interrogatory responses to Interrogatories 8 and 12 are more than sufficient, and the States remain open to conferring with Google regarding them.**

Google next "seeks narrow supplemental responses to Interrogatories 8 and 12" from the States and acknowledges that the parties are still conferring.  ECF No. 346 at 2.

With respect to Interrogatory 8, Google wants the Google website underlying the States' allegations in one paragraph in the States' complaint, claiming it is "critical to Google's

4

preparation of its defense." ECF No. 346 at 5-6. The States have provided Google with the url addresses associated with Google's own public website that made the referenced statements. This issue does not require intervention or any action by the Special Master.

With respect to Interrogatory 12, this issue likewise requires no relief from the Special Master. Google acknowledges that the States have answered this interrogatory by identifying contracts, but wants the States to "identif[y] the particular contractual provisions that Plaintiffs alleged to be coercive." ECF No. 346 at 6. Google's complaint that it has to "guess at Plaintiffs' theory" of their claims is entirely belied by the fulsome information the States have long-provided Google. *Id.*

In their interrogatory responses, the States have explained to Google that its Interrogatory 12 is premised on a misunderstanding and mischaracterization of the States' tying claims, which allege that "Google's policy, practices, and actions of restricting the ability of publishers to trade through AdX unless they use Google's ad server and allowing only those which licensed Google's ad server to receive live, competitive bids from AdX, constituted coercion" and which also "allege, among other allegations, that Google's decision and actions to no longer offer AdX-only contracts was coercive." *See* ECF No. 245-1 at 29-30. Regarding Google's contracts, the States also allege and contend, as part of their tying claim and Google's coercive conduct, "that Google required publishers to either sign a combined contract licensing DFP and AdX, or risk losing access to live competitive bids from AdX" or have their contracts terminated, as Google's documents show. *Id.* at 30. That "ultimatum from Google coerced publishers into adopting DFP to access AdX demand." *Id.* The States then identified examples of "the combined DFP and AdX contracts that Google coerced, as described above, publishers into entering." *Id.* Those contracts and their terms are some (but not all of) the evidence of the tying of the two products. For that reason, the States

requested Google to produce withheld contracts and the numbers and identities of contracting publishers—all information Google, of course, has as well as the contracting and producing party.

The States' tying theory and allegations are also set forth in the States' long-filed Complaint and the MDL Court's 2022 order denying Google's motion to dismiss the States' tying claims under Section 1 and 2 of the Sherman Act.  It is, thus, unclear what else Google wants. Although they have provided fulsome responses, the States remain open to discussing further supplementation of their interrogatory responses.

**III.   The States are considering Google's proposal for sharing expert materials and agree with and urge the immediate reproduction of third-party documents from the Virginia Action.**

Google raises two other issues in its brief, but not as disputed issues.

First, Google wants the parties to use the Microsoft Azure service to transfer the expert materials, due with the expert disclosures on May 17, July 8, and August 5, 2024.  ECF No. 346 at 2, 7.  The States are not opposed to considering and agreeing on a method for transferring expert materials and are still assessing whether Google's proposal is workable for the States and their experts.  The States will respond to Google in due time and are not clear why this ministerial issue needs to be raised to the Special Master and resolved at this time.

Second, Google has disclosed that it has subpoenaed in this case documents from "relevant" third parties from the Virginia Action to enable re-production of those third parties' documents in this case.  ECF No. 346 at 2.  When advised of this on April 9, the States told Google they, of course, want all third-party documents produced in the Virginia Action and are not in a position to know what has and has not been produced in this case, given the States are not privy to

6

that in the Virginia Action.[2] The States do not oppose any and all efforts Google is undertaking to make that happen; indeed, under the Court's order requiring the automatic production of relevant documents, the States believe it is Google's obligation to do so. The States also seek assurances from Google that "relevant" third parties includes all third parties that have produced documents in the Virginia Action, given they are parallel actions arising from the same allegations, and that Google will provide a timeline for and facilitate the production of all such third-party documents well-ahead of the fact discovery cutoff in this case.

## CONCLUSION

As shown above, the Special Master should deny Google any and all relief sought in its April 9, 2024 Brief.

---

[2] For instance, the States recently learned from third-party Meta that Meta has produced documents in the Virginia Action that have not been made available to the States.

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | 1101 Connecticut, N.W., 11th Floor |
| | Washington, DC 20005 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*


**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

**CERTIFICATE OF SERVICE**

I certify that, on April 15, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Geraldine Young*
Geraldine Young