# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., § <br> § <br> Plaintiffs, § <br> v. § <br> § <br> GOOGLE LLC, § <br> § <br> Defendant. § | <br><br><br><br>Civil Action No. 4:20-cv-00957-SDJ |

**DEFENDANT GOOGLE'S SUPPLEMENTAL BRIEFING
IN SUPPORT OF ITS RULE 12(b)(1) MOTION**

Plaintiffs' Surreply laments Google being "confused" and "its protracted and unnecessary account of the litigation to date." And yet, following Google's Reply, all Plaintiffs changed remedies horses *again*, this time narrowing the remedies they seek for their state DTPA claims to civil penalties and injunctive relief.[1]

This is no accident. Plaintiffs' continued retreat from remedies that would necessitate proof of quantifiable harm is a direct product of what Plaintiffs have not alleged and could never prove: concrete, cognizable Article III injury. They assert only at the highest level of generality, harm to state economies without identifying a single actual in-state victim to support a claim for civil penalties under state DTPAs and an injunction.[2] In dropping monetary remedies for DTPA violations, Plaintiffs effectively concede that they are relying on either the statutory violation alone or vague allegations of generalized harm to unspecified citizens. Neither is sufficient.

---

[1] Puerto Rico may not seek civil penalties. *See* 10 L.P.R.A. § 269 (remedies do not include civil penalties).

[2] Plaintiffs, of course, "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 185 (2000).

1

Sixteen Plaintiffs seek civil penalties under state DTPAs, without furnishing proof of actual harm to consumers. *See* App'x A.

> A public DTPA enforcement action does not require . . . injury, damages, [or] identification of specific victims . . . . That fully explains why the FAC does not lay out "harm to specific parties" or "identify any specific in-state alleged victim on whose behalf they seek to recover."

ECF No. 260 (Opp'n to Google's Mot. to Dismiss) at 8. Having amended interrogatory responses *five* times, Plaintiffs still identify *no* in-state consumers that have been concretely harmed, let alone what damages *any* hypothetical victim has suffered. *See* Plfs.' 6th Am. Resps. to Google's First Set of Rogs. at 73–74 (Apr. 11, 2024) (stating only that "publishers and advertisers located in each of the Plaintiff States suffered harm" due to Google's conduct).

But Article III demands more. In *TransUnion v. Ramirez*, 594 U.S. 413 (2021), a class sought statutory damages for violations of the federal Fair Credit Reporting Act. *Id.* at 419–21. Thousands sought to enforce the law against the defendant, and recover statutory damages in the process, but many could not point to any harm from the statutory violations. *Id.* at 427–48, 439. The *TransUnion* Court held that those plaintiffs lacked standing: "[A]n injury in law is not an injury in fact." *Id.* at 427. Plaintiffs had to assert more, such as tangible economic, emotional, or reputational harm stemming from the violations. *Id.* at 437. If Congress had the power to enact new harms into existence, "virtually any citizen [could] bring a statutory damages suit against virtually any defendant who violated virtually any federal law." *Id.* at 428.

*TransUnion* confirms that Plaintiffs may not proceed in federal court without alleging concrete harm, even if a statute provides for a right of action and penalties. This principle applies here. They too must meet "the ordinary demands of Article III." *Harrison v. Jefferson Par. Sch. Bd.*, 78 F.4th 765, 769 (5th Cir. 2023) (cite omitted). Moreover, concerns about legislative

overreach are even stronger because it is not Congress attempting to open up *federal* courts to unharmed plaintiffs, but *state* lawmakers.

*First*, as Google previously explained, Plaintiffs have no sovereign standing since there has been no "actual or threatened interference" with a state's authority to enforce its own law. *Harrison*, 78 F.4th at 771.

*Second*, a pure statutory violation cannot support *parens patriae* standing, which requires (1) "a quasi-sovereign interest that is sufficiently concrete to create an actual controversy between the State and the defendant and (2) [an] injury to that interest affects a sufficiently substantial segment of the state's population." *Id.* at 772 (cleaned up) (cite omitted). To satisfy these requirements, "the citizens of the State asserting *parens patriae* standing must have suffered—or be threatened with—concrete injury." *Utah Div. of Consumer Prot. v. Stevens*, 398 F. Supp. 3d 1139, 1145 (D. Utah 2019). "[T]he mere assertion of a state interest, untethered from injury to the State's citizens, cannot support *parens patriae* standing—even if that interest might qualify as a quasi-sovereign interest if accompanied by such injury." *Id*.

In sum, Plaintiffs must allege that a meaningful number of in-state victims sustained concrete damages or injury. They do not and cannot. The *TransUnion* Court rejected a theory that statutory violations alone confer standing on *unharmed* plaintiffs to recover monetary penalties. This Court should likewise conclude that statutory violations alone without alleged concrete injury to citizens does not confer Article III standing on Plaintiffs.

## CONCLUSION

For these reasons, the Court should dismiss the federal and state claims because Plaintiffs cannot meet Article III standing requirements in their sovereign or *parens patriae* capacities.

3

| | |
|---|---|
| Dated: April 15, 2024 | Respectfully submitted, |//
| | */s/ R. Paul Yetter* |
| | R. Paul Yetter |
| | State Bar No. 22154200 |
| | YETTER COLEMAN LLP |
| | 811 Main Street, Suite 4100 |
| | Houston, Texas 77002 |
| | (713) 632-8000 |
| | pyetter@yettercoleman.com |
| | |
| | Eric Mahr (*pro hac vice*) |
| | FRESHFIELDS BRUCKHAUS DERINGER LLP |
| | 700 13th Street NW, 10th Floor |
| | Washington, D.C. 20005 |
| | (202) 777-4545 |
| | eric.mahr@freshfields.com |
| | |
| | ATTORNEYS FOR GOOGLE LLC |

### CERTIFICATE OF SERVICE

I certify that on April 15, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

4

# Appendix A

## State Law DTPA Statutes

| Alaska | "Actual injury as a result of [] deception is not required." *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 534 (Alaska 1980). |
|---|---|
| Arkansas | "[R]eliance[] and damages are conspicuously missing from the elements of the ADTPA." *Pleasant v. McDaniel*, 550 S.W.3d 8, 12 (Ark. Ct. App. 2018). |
| Florida | "Appellees' premise that Appellant had to plead and prove actual damages in order to bring a FDUTPA claim [for civil penalties] is flawed." *State v. Beach Blvd Auto. Inc.*, 139 So. 3d 380, 394 (Fla. Dist. Ct. App. 2014). |
| Idaho | "Actual damage to the public need not be shown to establish a trade practice as unfair or deceptive." *State ex rel. Kidwell v. Master Distributors, Inc.*, 615 P.2d 116, 123 (Idaho 1980). |
| Indiana | In private case, plaintiff's failure to prove actual damages did not mean that defendant would "escape[] legal liability" because the "attorney general retain[ed] enforcement authority to seek any number of statutory remedies against those that violate the [Indiana DTPA], including obtaining injunctions and securing civil penalties." *Hoosier Contractors, LLC v. Gardner*, 212 N.E.3d 1234, 1242 (Ind. 2023). |
| Kentucky | "Appellant next argues that the Kentucky Consumer Protection Act requires proof of actual deception of some person in order to find a violation thereof. We find no such requirement in the statute." *Telcom Directories, Inc. v. Com. ex rel. Cowan*, 833 S.W.2d 848, 850 (Ky. Ct. App. 1991). |
| Louisiana | No express injury requirement when state seeks civil penalties, whereas private action requires "ascertainable loss." La. Rev. Stat. §1407, §1409. |
| Mississippi | No express injury requirement when state seeks civil penalties, whereas private action requires "ascertainable loss." Miss. Code §§ 75-24-9, -15, -19. |
| Missouri | No express injury requirement for action seeking civil penalties. Mo. Stat. §407.100.6. |
| Montana | State may seek an injunction and civil penalties only on showing that there is "reason to believe that a person is using, has used, or is about to knowingly use" any act practice declared unlawful under the statute. Mont. Code §30-14-111. |

| Nevada | State can obtain injunction and civil penalties by merely "show[ing] that the statute was violated and that the statute relied upon specifically allows injunctive relief." *State ex rel. Office of Attorney Gen., Bureau of Consumer Prot. v. NOS Comm'ns, Inc.*, 84 P.3d 1052, 1054 (Nev. 2004). |
|---|---|
| **North Dakota** | Deceptive acts or practices prohibited "whether or not any person has in fact been misled, deceived, or damaged thereby." N.D. Cent. Code §51-15-02. |
| **South Carolina** | "If the Attorney General determines that an enforcement action 'would be in the public interest,' he is statutorily authorized to proceed without making any such showing of injury-in-fact or reliance." *State ex rel. Wilson v. Ortho-McNeil-Janssen Pharms., Inc.*, 777 S.E.2d 176, 192 (S.C. 2015) |
| **South Dakota** | Deceptive acts or practices prohibited "regardless of whether any person has in fact been misled, deceived, or damaged thereby." S.D. Codified Laws §37-24-6(1). |
| **Texas** | Consumer protection division may bring action for injunction and civil penalties whenever it "has reason to believe that any person is engaging in, has engaged in, or is about to engage in any act or practice declared to be unlawful by this subchapter." Tex. Bus. & Com. Code §17.47(a). |
| **Utah** | "Actual reliance on the [deceptive] statement need not be shown[.]" *State By & Through Div. of Consumer Prot. v. GAF Corp.*, 760 P.2d 310, 315 (Utah 1988). |