IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF EXPERT REPORTS AND PRIVACY SANDBOX DISCOVERY**

## BACKGROUND

Google respectfully submits this brief in response to Plaintiffs' Motion to Compel production of expert reports from the Virginia Case and for further discovery regarding Privacy Sandbox. ECF No. 342.

**Expert Reports**. Plaintiffs' motion should be denied because it applies the wrong standard. Plaintiffs' brief (and the cases they cite in support) only address relevance under Rule 26 and Local Rule CV-26. But Google's primary objections have always been based on the sequence and timing of expert disclosure. Under this Court's Scheduling Order, ECF No. 194, Plaintiffs are required to make their expert disclosures first as the party with the burden of proof. Google agrees to provide any relevant expert reports from the Virginia Case within three days of providing its expert reports in this case. That will provide Plaintiffs with an opportunity to depose Google's experts regarding any allegedly inconsistent statements. But requiring production on an earlier timeline would be prejudicial to Google, as Magistrate Judge Anderson has previously determined in the Virginia Case.

**Privacy Sandbox**. Plaintiffs have waited until the very end of fact discovery to resurrect their allegations based on Privacy Sandbox, which Judge Castel dismissed as "contingent and hypothetical." MDL ECF No. 209 at 72. In the nineteen months that have followed, Plaintiffs have not amended those allegations nor pursued any additional discovery regarding Privacy Sandbox. The Special Master should not permit Plaintiffs to do so at this late juncture.

## ARGUMENT

### I. THIS COURT'S SCHEDULING ORDER GOVERNS THE DISCLOSURE OF EXPERT REPORTS

The timing, sequence, and scope of Testifying Expert discovery—including discovery of expert reports served in the Virginia Case—are governed by this Court's Scheduling Order.

1

Plaintiffs' motion should be denied because they are seeking to change the order of those disclosures without showing good cause to do so.

### A. Google Would Be Prejudiced By Early Disclosure of Expert Reports.

In January 2024, MDL plaintiffs filed a motion in the Virginia Case seeking disclosure of expert reports in the MDL and in this case. Much like Plaintiffs in this case, the MDL plaintiffs emphasized that the DOJ did not object to their request. ECF No. 342 at 1; EDVA ECF No. 510 at 2.

Magistrate Judge Anderson denied the request and stated that the MDL plaintiffs merely "want to see the experts' reports in our case before you have to do your expert reports in New York." EDVA ECF No. 516 at 6:20-21. He further ruled that Google "established that there would be some prejudice" from early disclosure because MDL plaintiffs' "experts are likely to just adopt everything that has happened here and give their own spin on it." *Id.* at 29:25; 25:16-18. Put another way, requiring early disclosure would afford MDL plaintiffs the unfair opportunity to turn their opening expert reports into rebuttal reports.

Plaintiffs in this case are seeking to do the same thing. Even though the Court bifurcated fact and expert discovery, and even though the Court ordered that Google should not have to make its Testifying Expert disclosures until after Plaintiffs do so, Plaintiffs want to accelerate the timeline for disclosure. Permitting them to do so would result in the same prejudice to Google identified by Magistrate Judge Anderson. And although Plaintiffs encourage this Court to disregard that decision entirely, "[t]he federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985).

2

In an effort to downplay Magistrate Judge Anderson's finding of prejudice, Plaintiffs argue that they do not need to show good cause for the relief they seek because they are not seeking to modify a court order. ECF No. 342 at 8. But Plaintiffs are seeking to modify the sequence of disclosures set forth in the Scheduling Order. And that requires a showing of good cause. *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) ("A scheduling order 'may be modified only for good cause.'") (citing Fed. R. Civ. P. 16(b)(4)).

Courts have rejected similar attempts at obtaining premature disclosure of expert reports. For example, in *Natixis Financial Products LLC v. Bank of America*, the Southern District of New York denied a request by plaintiff "to obtain advance copies of [defendant]'s expert reports before committing to an expert position on its own claims on the grounds that [defendant] has had the advantage of expert discovery in" certain "Related Actions." 2016 WL 7165981, *4 (S.D.N.Y. Dec. 7, 2016). The court's ruling was grounded in the principle that "allowing one party to view the opposing party's expert reports before having to submit its own opening expert reports would afford that party an unfair advantage." *Id*. In reaching its conclusion, the court specifically recognized that opportunities for "tactical advantage can arise when one party is involved in parallel actions against multiple adversaries with staggered expert discovery [deadlines]" and an adversary in one of the parallel litigations gets early disclosure of expert reports. *Id.*[1]

---

[1] *See also USCO S.p.A. v. Valuepart, Inc.*, 2015 WL 1898013, at *6-7 (W.D. Tenn. Apr. 27, 2015) ("allowing one party's expert to view the expert report of another party before submittal of [its opening report] is an unfair advantage"); *Queen v. Int'l Paper Co.*, 2006 WL 1229010, at *3-4 (N.D.N.Y. May 5, 2006) ("[Plaintiff] has enjoyed the benefit of reviewing [defendant's] expert reports before [plaintiff's expert] prepared and served her report. This would afford [plaintiff] an unintended and unfair tactical advantage and would operate to the material prejudice of [defendant]."); *Duval v. U.S. Xpress Enterprises, Inc.*, 2005 WL 6021864, at *3-4 (N.D.N.Y. Oct. 13, 2005) (plaintiff's opportunity to "utilize defendants' expert report in the preparation of her own expert reports" afforded plaintiff "unfair tactical advantages").

3

### B. None of Plaintiffs' Cases Involve Parallel Actions Implicating the Prejudice That Applies Here.

Plaintiffs mischaracterize *Infernal Technology* as requiring "the production of expert reports from a parallel case." ECF No. 342 at 1; *see also id.* at 5 ("In that case, as here, the claims were similar in the parallel litigation."). *Infernal Technology* involved expert reports from a prior case that had already been "settled and dismissed" before the case in question commenced. *Infernal Tech., LLC v. Microsoft Corp.*, No. 2:18-CV-00144-JRG, 2019 WL 5388442, at *1 (E.D. Tex. May 3, 2019). The only question before Judge Gilstrap was the relevance of the expert reports from the prior case. In contrast to this case, *Infernal Technology* did not involve (and so Judge Gilstrap did not address) the sequencing or timing of expert disclosures in parallel cases. Judge Gilstrap issued his order during the expert discovery phase, following the disclosure of initial expert reports. *See Infernal Tech., LLC v. Microsoft Corp.*, No. 2:18-CV-00144-JRG, ECF No. 30 at 3 (setting end of fact discovery for April 22, 2019 and deadline for initial expert report disclosures for April 26, 2019). Thus, Judge Gilstrap's ruling did not give one side an unfair timing or tactical advantage regarding the sequencing of expert disclosures.

Plaintiffs' other cases follow the same pattern. In *Alaska Air*, the plaintiffs were class members when the MDL reports were issued and they opted out of a later settlement.[2] The prejudice analysis was different because the defendants already had access to the plaintiffs' expert reports from the MDL, at the time when the *Alaska Air* plaintiffs were part of the class.[3] *Hardieplank* and *Food Lion* did not address any questions of sequencing of expert

---

[2] *Alaska Air Grp., Inc. v. Anthem, Inc.*, No. 2:21-CV-01209-RDP, 2024 WL 347156 (N.D. Ala. Jan. 30, 2024).
[3] *Id.*

4

reports or prejudice. As in *Infernal Technology*, the relevance of the reports served in a prior litigation was the primary issue before the court.[4]

Plaintiffs also argue that the DOJ does not object to disclosure of expert reports from the Virginia Case in this case. ECF No. 342 at 1. But the DOJ's position, as reported by Plaintiffs, is not relevant to the question of the prejudice to Google or whether to deviate from the sequence of disclosures ordered by this Court in the Scheduling Order governing this case.

### C. Google Agrees To Produce Relevant Expert Reports From The Virginia Case On the Timeline Set Forth in the Scheduling Order.

The Scheduling Order in this case follows the sequence of disclosures recommended by the Federal Rules of Civil Procedure, *i.e.*, "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." Advisory Committee Notes to Fed. R. Civ. P. 26(a) (1993 Amendment). Under the Scheduling Order, Plaintiffs—as the "party with the burden of proof"—must provide their Testifying Expert disclosures on May 17, 2024. ECF No. 194 at 2. This Court's Scheduling Order provides that Google must produce its responsive expert reports on July 8, 2024. *Id*.

Google proposes to produce all relevant expert reports submitted in the Virginia Case within three days of Google's deadline for expert disclosure, *i.e.*, by July 11, 2024. Google's proposal will mitigate any prejudice to Google that comes with early disclosure, while also allowing Plaintiffs the opportunity to scrutinize any positions that Google's experts in *this case* are taking vis-a-vis expert opinions in the Virginia Case (which may or may not involve the same experts), and to address any asserted inconsistencies through expert depositions.

---

[4] *In re Hardieplank Fiber Cement Siding Litig.*, No. 12-MD-2359, 2014 WL 5654318, at *2 (D. Minn. Jan. 28, 2014); *Food Lion, LLC v. Dairy Farmers of Am., Inc.*, No. 1:20-CV-442, 2020 WL 6947921, at *4 (M.D.N.C. Sept. 29, 2020)

The expert reports from the Virginia Case reference and rely on information designated confidential or highly confidential by third parties and the plaintiffs in the Virginia Case. In the absence of a coordination order, Google cannot presently produce that information. Google has issued subpoenas seeking consent from those third parties and the Virginia plaintiffs to reproduce those documents in this case. Some third parties have provided consent so far, but the plaintiffs in the Virginia Case have stated that they intend to withhold consent. Their refusal to consent cannot be reconciled with Plaintiffs' assertion in their brief that the DOJ does not object to disclosure of expert reports in this case.

Separately, Google has prepared a draft joint stipulation with Plaintiffs in this case requiring this Court to order Google to provide third party materials from the Virginia Case, which would enable Google to produce documents in this case if the third party does not secure a protective order. Google has provided the draft proposed stipulation to Plaintiffs but Plaintiffs have yet to confirm their agreement.

## II. THE SPECIAL MASTER SHOULD DENY PLAINTIFFS' BELATED REQUEST FOR FURTHER DISCOVERY REGARDING PRIVACY SANDBOX AS DISPROPORTIONATE TO THE NEEDS OF THE CASE

Plaintiffs have waited until the very end of fact discovery to resurrect their claims based on Privacy Sandbox. But they have made no showing that the discovery sought is proportionate to the needs of the case, much less explain how this discovery can be completed by the close of fact discovery which is just weeks away.

In their Third Amended Complaint, Plaintiffs alleged that "[b]y the end of 2022, Google plans to modify Chrome to block publishers and advertisers from using the type of cookies they rely on to track users and target ads." MDL ECF No. 195 ¶ 474. In his Order on Google's motion to dismiss Plaintiffs' Third Amended Complaint, Judge Castel stated that the Third Amended Complaint "describes a purported plan to implement a Privacy Sandbox" but that, "[b]ecause the plan is contingent and hypothetical as of this Opinion and Order, it

would be advisory for this Court to opine on whether the plan would be anticompetitive." MDL ECF No. 209 at 72. *See Langen v. Sanchez Oil & Gas Corp.*, No. CV 4:18-02840, 2019 WL 1674348, at *2 (S.D. Tex. Apr. 17, 2019) ("Claims that are unripe must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.")

Those contingent and hypothetical allegations have not changed in the nineteen months since Judge Castel issued that opinion. Following remand, the deadline for Plaintiffs to file amended pleadings was January 5, 2024. ECF No. 194 at 1. Plaintiffs did not amend, and so the only allegations concerning Sandbox in Plaintiffs' operative complaint remain the very same ones that Judge Castel ruled were "contingent and hypothetical."

Plaintiffs made no effort to pursue their contingent and hypothetical allegations concerning Privacy Sandbox during discovery. Plaintiffs highlight in their brief two RFPs "concerning the Privacy Sandbox" and which were served in January 2023. ECF 342 at 10. Google objected to these RFPs on the basis that, among other things, they "relate to Chrome, which is not relevant to any party's claim or defense following the dismissal of the Privacy Sandbox claim, *see* MDL ECF No. 308 at 72-74."[5]

Thereafter, Plaintiffs did not raise Privacy Sandbox in the dozens of discovery meet-and-confers that occurred in 2023. They also did not move to compel on the two RFPs that they now say were intended to address Privacy Sandbox. Nor could they have done so given the lack of any meet-and-confer. And they did not mention any need for discovery concerning Privacy Sandbox in their status report to this Court following remand. *See* ECF No. 176.

Judge Castel previously determined that Google's Privacy Sandbox, which may "block the use of cookies that track and identify web users," was not ripe for adjudication because nothing had been implemented. MDL ECF No. 209 at 73. As Plaintiffs' own cited

---

[5] *See* Google's Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents, at 59-61 (Feb. 27, 2023).

news article states, Privacy Sandbox has been neither finalized nor implemented: "Google plans to test Privacy Sandbox throughout 2024.".[6]

Plaintiffs have not explained why their "contingent and hypothetical" allegations have become ripe beyond fleeting references to a single article (which is not part of the Fourth Amended Complaint). And they point to nothing in the vast amount of discovery they have amassed to demonstrate the relevance of Privacy Sandbox to their claims.

Google has already produced over 125,000 documents that hit on the terms "Sandbox" or "FLEDGE" i.e., First Locally-Executed Decision over Groups Experiment. Despite having access to that discovery—as well as information from the public domain—Plaintiffs have not shown that Privacy Sandbox has been implemented or provided any additional detail as to why it could possibly be anticompetitive. And it is far too late for Plaintiffs to begin the process of seeking additional productions. ECF No. 342 at 11.

Plaintiffs have had "ample opportunity" to seek discovery regarding Privacy Sandbox and they should be barred from doing so at this late juncture. Fed. R. Civ. P. 26(b)(2)(C); *see also Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 209 (5th Cir.1992) (affirming denial of plaintiff's request to conduct potentially dispositive discovery given "the impending discovery deadline, and ... [plaintiff's] failure to request an inspection earlier."); *see also Alvarado v. Air Sys. Components LP*, 2022 WL 800731, at *5 (N.D. Tex. Mar. 15, 2022) (granting protective order as to discovery which plaintiff "had ample opportunity" to investigate previously).

---

[6] Thorin Klosowski, "How To Turn Off Google's 'Privacy Sandbox' Ad Tracking—and Why You Should," ELECTRONIC FRONTIER FOUNDATION (Sept. 28, 2023) (available at https://www.eff.org/deeplinks/2023/09/how-turn-googles-privacy-sandbox-ad-tracking-and-why-you-should) ("Google plans to test Privacy Sandbox throughout 2024. Which means that for the next year or so, third-party cookies will continue to collect and share your data in Chrome.").

Dated: April 15, 2024                                  Respectfully submitted,

                               */s/ Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT
GOOGLE LLC

9

### CERTIFICATE OF SERVICE

      I certify that on April 15, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter
