IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>              Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan<br><br>Special Master: David T. Moran |

**JOINT STATUS REPORT TO THE SPECIAL MASTER
FOR THE APRIL 18, 2024 HEARING**

Pursuant to the Special Master's Order (ECF No. 227), Plaintiff States ("States") and Defendant Google LLC ("Google") submit this Joint Status Report in advance of the April 18, 2024 hearing before the Special Master.

The Parties provide the below updates regarding each issue briefed to the Special Master and look forward to discussing them further with the Special Master at the upcoming hearing.

**States' Disputes**

The States provide the following updates on issues raised previously by the States:

1. **The States' Motion to Compel Google to Produce the Expert Reports from the Virginia Action:**

    The States remain of the view that, under the federal and local rules' governing relevance and proportionality standards, the States are entitled to the Expert Reports from the Virginia Action as part of the fact discovery in this case, because they are relevant and proportional to the needs of this case. The States are entitled to see those undisputedly relevant reports to vet inconsistent positions taken by Google's fact and Rule 30(b)(6) witnesses in ongoing depositions in this case.

    Contrary to Google's arguments, the Virginia Expert Reports are not Rule 26 expert disclosures of the parties in this case that are subject to the expert disclosure deadlines in the Court's Scheduling Order.

    **The States request that the Special Master compel Google to immediately produce all expert reports from the Virginia Action.**

2. **The States' Motion to Compel Google to Produce a 30(b)(6) Witness and Documents Concerning Its Privacy Sandbox:**

    The States continue to be entitled to relevant and proportional discovery regarding Google's Privacy Sandbox pursuant to their long-outstanding document requests and noticed Rule 30(b)(6) topic. Contrary to Google's arguments, public sources show that Google deployed Privacy Sandbox in or around 2023, making it ripe for discovery. The States specifically seek an order requiring Google to produce to the States the disclosures it has already made to the UK CMA and other governmental authorities, which is not a burdensome request, and to produce a Rule 30(b)(6) witness to provide testimony on the issue. Indeed, Google has disclosed that, subject to resolution of this issue, an already designated 30(b)(6) witness "Sam Temes would likely be Google's designee regarding the Privacy Sandbox." 4/16/2024 Email from J. Sessions.

    **The States request that the Special Master compel Google to immediately produce the requested documents and witness concerning Privacy Sandbox.**

3. **The States' Requests regarding Dashboards, RASTA, and Bernanke SStables:**

    RASTA: The States have repeatedly raised during meet and confers with Google the need for data from the highly relevant reporting tool, RASTA. Google does not dispute that RASTA information is relevant, nor that it is available to computers with access to Google's networks. During their past meet and confers, the States suggested that Google provide them with initial screenshots for Experiment 42 as a starting point as soon as possible, and no later than April 12, along with available information on the identity of the various experiments tracked by RASTA. Google has not provided that information.

**Given the lack of progress and response from Google, the States request that the Special Master order Google to immediately produce initial screenshots of Experiment 42 from RASTA and provide information on the identity of experiments tracked by RASTA.**

Bernanke SStables: On April 3, 2024, after reviewing the provided samples, the States confirmed their interest in the Bernanke SStable files and requested decrypted versions (either on the source code computer of via native production) of the SStable files for Bernanke, including the six specific files the States identified three months ago in their January 16, 2024 letter.  The States raised this issue last week on a meet and confer with Google and Google stated that a response was forthcoming.  But to date, Google has not provided access to those files or any indication as to when the files will be made available.

**Given the lack of progress and response from Google, the States request that the Special Master order Google to immediately make the requested  Bernanke SStable files available for the States' review.**

4. **The States' Requests regarding Google's contracts:**

The States sent Google emails on April 10 and April 16, 2024, outlining deficiencies in the information Google has produced and provided regarding its GAM, Yavin, AdX Direct, and related contracts, and in the preparation and testimony of Google's Rule 30(b)(6) witness on the GAM and AdX Direct topics.  Google has previously stated it will provide more information by April 17, 2024.  The States will review that response when received and raise any issues with the Special Master at the upcoming hearing.

5. **The 30(b)(6) Depositions of Google, including the deposition of Nitish Korula:**

Google designated Nitish Korula as a 30(b)(6) witness on 42 topics, which is over 1/3 of the topics noticed by the States.  In various correspondence, Google identified broad areas of testimony for Mr. Korula (including core case issues such as Dynamic Allocation, Enhanced Dynamic Allocation, Dynamic Revenue Share, Reserve Price Optimization, Unified Pricing Rules, Open Bidding, and the AdX auction itself) that it contended covered numerous notice topics. Through correspondence and a meet and confer, the States sought to clarify the scope of Mr. Korula's designation, but in any event noted that they would need more than 7 hours to depose Mr. Korula on the subject matter Google had designated and requested that Google identify consecutive days on which Mr. Korula could be available to testify.  Google has refused.

**The States request that the Special Master order Google to make Mr. Korula available to testify for up to 3 days regarding the 42 noticed topics (subject to the parties agreement as to the scope of Mr. Korula's testimony for each topic).**

The States are also still waiting on designated witnesses and deposition dates for other noticed relevant topics, on which the parties have not made meaningful progress during their meet and confers.  The States request to discuss these issues further with the Special Master.

6. **Meta Production and Deposition:**

As the Special Master is aware, the Court ordered the stay lifted on issues related to the Google and Facebook (Meta) Network Bidding Agreement. The States have been working with Meta to secure a deposition date and document production. Meta claims that its witness can only be deposed in person on May 2, 2024 in London. However, to date, Meta has not produced any documents responsive to the subpoena. While meet and confers are on-going, giving the upcoming deposition, if those meet and confers fail to resolve the issue, the States will seek expedited relief. Also unclear is whether Google has completed its Meta and NBA production, which the States are conferring with Google to resolve.

7. **The States' Request to Sit in on Overlapping MDL Depositions:**

Google has scheduled back-to-back, in-person depositions of several witnesses in this case and in the MDL case, including Mr. Jayaram, Mr. Lin, and Mr. Loubser. Because the States would be entitled to the relevant transcripts from Google, the States request either agreement from Google or leave from the Special Master to be able to sit in on the MDL's depositions of these witnesses either immediately preceding or following the States' depositions of the same witnesses, to promote efficiency and reduce duplication, among other benefits to all parties.

8. **Challenges to Google's Clawed Back Documents during Recent Depositions**:

In recent depositions last Friday and today, Google has clawed back exhibits mid-deposition and mid-questioning, asserting they are privileged. Pursuant to the Confidentiality Order, Section C.12(c) (ECF No. 182 at 15-16), the States are assessing whether they will challenge those clawbacks and privilege claims. The States would like to discuss with the Special Master how best to handle those challenges.

**Google's Disputes**

Google provides the following updates:

1. **Deadline for fact discovery**. Google is concerned that Plaintiffs are attempting to manufacture some basis for seeking an extension of the fact discovery deadline. Plaintiffs represented to the Court on December 14, 2023 that fact discovery could be completed by February 14, 2024 or, at most, March 14, 2024. But recently:

- Yesterday, Plaintiffs purported to cancel the deposition of one of Google's principal 30(b)(6) witnesses—scheduled for this Friday—on the basis that Google needs to provide another time when the deponent can be available on consecutive days. Even though Plaintiffs have generally only designated a single witness to testify as to all topics in Google's 30(b)(6) notice on a single day, they complain that this witness has been designated to testify to more than a third of their topics. The witness, who is a senior Google engineer, has been prepared to testify on the designated topics and cleared the day on his busy schedule. Google remains ready to proceed with that deposition on Friday. Google is willing to be reasonably flexible should Plaintiffs have a limited number of unasked questions at the end of the day. **Google respectfully requests that Plaintiffs be directed to conduct the deposition, as scheduled, in an efficient and focused manner**.
- Just two days ago, a mere fifteen business days before fact discovery ends, Plaintiffs issued 18 third party deposition subpoenas (and cross-noticed three more). None of these new 18 third party deposition subpoenas appear to be negotiated, agreed-to dates with those third parties. Specifically, the Scheduling Order, ECF No. 194 at 5, requires Plaintiffs to "provide all other parties with any written communication concerning any discovery request to any non-party within seven days of the communication." We have seen no email communications with these third parties that would indicate that the deposition dates have been negotiated or agreed to, even though those third parties were identified as potentially relevant years ago. Notably, Google provided Plaintiffs with notice of its third party deposition subpoenas weeks ago and has produced all communications with those entities pursuant to the Scheduling Order so that Plaintiffs could anticipate and attend such depositions.
- In the first week of April, Plaintiffs issued another 27 Requests for Production and 29 new interrogatories seeking a combination of (a) discovery-on-discovery, and (b) discovery concerning Privacy Sandbox, a topic Plaintiffs have not pursued for 19 months following Judge Castel's dismissal of those allegations. *See* MDL ECF No. 209 at 72.

Google has made extraordinary efforts to respond to the Plaintiffs' constantly shifting requests by the close of fact discovery, including by hiring more than 700 additional document review attorneys. Plaintiffs should not be permitted to retreat from the deadline for which they pressed so hard–that has resulted in additional expense–particularly when they could go forward with the

5

30(b)(6) deposition Google has offered and they could have served subpoenas long ago to ensure the depositions could take place within the discovery deadline.

2.      **Status of DTPA productions**. By the end of today, Google will have produced 191,222 documents, comprising approximately 90% of the total anticipated production set. By Friday April 19, Google anticipates that it will have produced the remaining documents, together with contemporaneous privilege logs and any linked documents required to be produced under the governing ESI Order. Following those productions, Google anticipates that the only items remaining will be (a) certain metadata overlays that cannot be finalized until production is complete, and (b) one custodian may have relevant hardcopy documents and texts, which Google is reviewing. **Google respectfully requests permission to address those sundry issues by no later than Wednesday April 24, 2024**.

3.      **Google's Motion for a Protective Order regarding discovery-on-discovery**. Plaintiffs continue to point to other cases in support of their requests for discovery-on-discovery in this case. The parties remain at an impasse and Google believes that the motion is ripe for resolution by the Special Master. **Google respectfully requests that the Special Master enter an order barring Plaintiffs' requests for additional discovery-on-discovery at this late juncture**.

4.      **Interrogatories**. Since the filing of its opening brief, Google has received additional information from Plaintiffs supplementing their response to Interrogatory 8. Plaintiffs, however, have not yet provided an adequate response to Interrogatory 12. **Plaintiffs should have to supplement its response to the Interrogatory before the close of fact discovery.**

5.      **Stipulation regarding third party productions**. Google has provided Plaintiffs with a draft joint Stipulation and Order requiring Google to produce, in this case, third party discovery materials produced in the Virginia Case. The Stipulation imposes no obligations on Plaintiffs and provides that Google will be ordered to reproduce discovery materials that it received from "any non-parties in the EDVA Action" and "all unredacted transcripts and exhibits of EDVA Non-Party depositions that were taken in the EDVA Action." We previously understood Plaintiffs' position to be that they "do not oppose any and all efforts Google is undertaking to" obtain "all third-party documents produced in the Virginia Action." ECF No. 370 at 6-7. But shortly before this filing was due, Plaintiffs indicated that they will not agree to Google's proposal. **If Plaintiffs do not agree to Google's proposal, Google requests that the Special Master and Judge Jordan proceed to enter an Order with the same effect as the Stipulation to enable Google to serve notice on third parties and timely produce those materials before the close of fact discovery**.

6.      **Data transfer protocol for expert reports**. Google submitted a proposed data transfer protocol for Plaintiffs' consideration on April 1. Plaintiffs have yet to provide a substantive response of any kind. Plaintiffs' expert reports are due in less than one month and Google would like to agree ahead of that deadline the procedure for transferring potentially large volumes of back-up data so that there are no delays in making that data available promptly after Plaintiffs provide their reports. The protocol that Google proposed was agreed with the DOJ in the Virginia

Case. **Google requests that Plaintiffs be ordered to provide a substantive response to Google's proposal by April 23, 2024**.

7. **Deposition of Texas Agencies.** Google has reviewed the Special Master's report and recommendation of Monday, April 15, 2024, and awaits the Court's decision. **Google requests that Texas be required to produce, or facilitate the production of, witnesses from state agencies that it represents**.

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | 1101 Connecticut, N.W., 11th Floor |
| | Washington, DC 20005 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

<div style="margin-left: 40%;">

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

</div>

**CERTIFICATE OF SERVICE**

  I certify that, on April 17, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                */s/ Geraldine Young*
                Geraldine Young