***FILED UNDER SEAL***

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>    Defendant. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan<br><br>Special Master: David T. Moran |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER PROHIBITING PLAINTIFFS FROM DEPOSING SERGEY BRIN, SUNDAR PICHAI, AND NEAL MOHAN**

***FILED UNDER SEAL***

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

ARGUMENTS ....................................................................................................................... 4

    I.    The States Are Entitled to Depose Sergey Brin and Sundar Pichai and Should Not Be Barred from Taking Their Depositions. ......................................... 4

        A.    Mr. Brin's and Mr. Pichai's Testimony are Relevant to this Case. ........... 5

        B.    Discovery is Proportional and Google Fails to Show that the States Can Obtain the Relevant Information Through Less Intrusive Means ................................................................................................... 8

    II.    The States Are Entitled to Depose Mr. Mohan for the First Time in This Case. ................................................................................................................... 10

        A.    Google Fails to Show that the Deposition of Mr. Mohan would be unreasonably cumulative or unduly burdensome. ................................... 11

        B.    On its Face, the MDL Coordination Order Is Inapplicable and Does Not Bar Mr. Mohan's Deposition in This Case. ............................. 12

        C.    Although the States Are Not Required to Show Good Cause or "Point to New Information" to Depose Mr. Mohan for the First Time in This Case, They Can Do So, Further Undermining Google's Efforts to Block His Deposition. .............................................. 13

CONCLUSION ................................................................................................................... 15

***FILED UNDER SEAL***

The Plaintiff States submit this Response to Google's Motion for a Protective Order Prohibiting Plaintiffs from Deposing Sergey Brin, Sundar Pichai, and Neal Mohan (ECF No. 349).

## INTRODUCTION

The depositions that Google seeks to quash are highly relevant and necessary for the States to prepare their case. Any burdens imposed on even high-ranking executives to prepare and sit for these depositions are entirely proportional to the stakes of this litigation, which involves serious allegations by sovereigns that Google's monopolistic practices have distorted multi-trillion-dollar markets for online advertising. The conduct at issue concerns actions taken and decisions made at the highest levels of Google. The States can only obtain this highly relevant discovery from the noticed witnesses; there are no less intrusive means of gathering this information.

The States issued the relevant deposition notices to Google in March 2024. Nearly a month later, Google seeks to avoid producing four current employees for deposition in this case, three of whom are addressed in this response (Brin, Pichai, Mohan). Google's refusal[1] to produce these witnesses is contrary to the law and the facts, despite being advised of the relevant legal standard and facts well ahead of the filing of its motion. *See* ECF No. 332 at 4; Ex. 1, Apr. 2, 2024 Email.

The States are entitled to testimony on "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P 26(b)(1). The Fifth Circuit has further observed that "[i]t is ***very unusual*** for a court to prohibit the taking of a deposition altogether and absent ***extraordinary circumstances***, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 650 (5th Cir. 1979) (emphasis added). No such "very unusual" or "extraordinary

---

[1] For the first time in its motion, Google also casually mentions that two of the witnesses, Sergey Brin and Sundar Pichai, "would not be available to sit for deposition before the close of fact discovery in this case." ECF No. 349-1 at 2 n.1. The States noticed witnesses with many weeks left in the fact discovery period to allow Google reasonable time to schedule the depositions. The belated claim of unavailability should not be countenanced. Regardless, the States will accommodate any true scheduling conflicts, and ask for leave, if necessary, to take the depositions of any "unavailable witnesses" outside the fact discovery period.

**\*FILED UNDER SEAL\***

circumstances" exist here to prohibit otherwise allowed, relevant depositions.

Forgetting that it is litigating in federal court, Google attempts to invoke the apex doctrine to shield Sergey Brin and Sundar Pichai from being deposed. But this Court is "not bound by the Texas standard for the apex doctrine." *Fam. One v. Isaacks*, 2023 WL 4503537, at \*5 (E.D. Tex. Apr. 25, 2023). Rather, "courts permit the depositions of high-ranking executives, also known as apex executives, when conduct and knowledge at the highest levels of the corporation are ***relevant*** to the case." *Id.* (emphasis added). And relevance is broadly construed. The States have provided Google an explanation of, and exemplary documents showing, Mr. Brin's and Mr. Pichai's clear relevance to the States' claims as to foundational events in this case, including the DoubleClick acquisition which spawned and furthered the monopolies and monopolization at the heart of this case. *See* Ex. 2, Mar. 29, 2024 Email. Because the States have "show[n] that their requested discovery is relevant, the ***burden shifts*** to the defendant [Google] to prove that the plaintiff 'can obtain any relevant, desired information through less-intrusive means in order to be protected against the apex deposition.'" 2023 WL 4503537, at \*5 (emphasis added).

Google has failed to carry its burden to show (1) that "[the States] can obtain relevant discovery through less-intrusive means"; or (2) that "[the witnesses do] not possess unique personal knowledge relevant to the case." *Id.* at \*7. Only Mr. Brin can testify as to why, for example, despite his initial opposition to display ad tracking, he eventually "acquiesced" to Larry Page after Mr. Brin and Mr. Page "shouted at each other over how aggressively Google should move into targeting."[2] Mr. Pichai likewise has unique information because of his crucial role in the DoubleClick acquisition and in Google's Jedi Blue deal with Facebook. Mr. Pichai was

---

[2] Henry Blodget, *Google's Brin And Page Shouted At Each Other Over Google's Decision To Become Evil (Target Ads)—Then Brin Caved*, Business Insider (August 9, 2010), https://www.businessinsider.com/googles-brin-and-page-shouted-at-each-other-over-googles-decision-to-become-evil-move-into-ad-targeting-then-brin-caved-2010-8.

2

personally responsible for keeping Google's board of directors apprised of the DoubleClick acquisition and integration. *See* Ex. 3 (GOOG-DOJ-28505483). He also personally remarked that the DoubleClick acquisition was a "[h]uge move," and represented that the "DoubleClick acquisition" was one of the "Highlights" for Google's "Traffic & Revenue." Ex. 4 (GOOG-TEX-01119275); Ex. 3 (GOOG-DOJ-28505483). Furthermore, Mr. Pichai played an important role in the Jedi Blue agreement, as several of Google's own document suggest that, at one point, the Jedi Blue agreement required his approval. Ex. 5 (GOOG-DOJ-AT-01901774) ("█████████ █████████████████████████████████████████████████"); Ex. 6 (GOOG-AT-MDL-016678498) ("████████████████████████████ ██████████████████████████").

Finally, Google argues that the States cannot depose Neal Mohan because (1) the States in this case are still bound by the MDL Coordination Order, which requires good cause to depose a witness twice; (2) the States do not have any new information to justify deposing Mr. Mohan; and (3) subjecting Mr. Mohan to another deposition would be unreasonably cumulative and unduly burdensome. Br. at 10-15. Google's arguments fail because: (1) the MDL Coordination Order explicitly only applies to the "the MDL or the Virginia Case," neither of which are this case, MDL ECF No. 564 at 1; (2) the States were able to access more than 12,000 documents associated with Mr. Mohan only *after* the DOJ's October 30, 2023 deposition of Mr. Mohan in the Virginia Action, and may be receiving more with Google's recent productions; and (3) Google has "offer[ed] no evidence of undue burden other than [Mr. Mohan's] position" and the fact that he has been deposed before in *other* cases. *Cf. Gaedeke Holdings VII, Ltd. V. Mills*, 2015 WL 3539658, at \*4.

Accordingly, just as the Special Master should allow the depositions of Mr. Brin and Mr. Pichai, Google's request to prohibit the States' deposition of Mr. Mohan should likewise be denied.

3

*FILED UNDER SEAL*

## ARGUMENTS

**I.   The States Are Entitled to Depose Sergey Brin and Sundar Pichai and Should Not Be Barred from Taking Their Depositions.**

If a party witness has relevant knowledge, they can be deposed. That is the default in any case. It is especially appropriate here, where 17 sovereigns seek redress for Google's deceptively obtained stranglehold on the massive markets for online advertising. Google obtained and retained its ill-gotten market power in large part through the 2008 acquisition of DoubleClick's ad server. *See* Fourth Amended Complaint ¶ 19 ("The origins of Google's display advertising monopolies trace back to its 2008 acquisition of DoubleClick …."). Both Mr. Brin and Mr. Pichai have personal, relevant, and unique knowledge regarding the DoubleClick acquisition, as well as other relevant issues, that cannot be obtained through other witnesses.

This District has made clear that "[f]ederal courts permit the depositions of high-ranking executives, also known as apex executives, when conduct and knowledge at the highest levels of the corporation are ***relevant*** to the case." *Fam. One v. Isaacks*, No. 9:22-CV-00028-MJT, 2023 WL 4503537, at *5 (E.D. Tex. Apr. 25, 2023) (quoting *Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-JDL, 2015 WL 11143486, at *1 (E.D. Tex. Mar. 18, 2015)) (emphasis added); *see also id.* at *6 ("[T]his court is not bound by the Texas standard for the apex doctrine.").

Courts in this District employ a burden-shifting analysis in deciding whether to allow or prohibit apex depositions. *Id.* at *6; *Motion Games*, 2015 WL 11143486, at *1; *Gauthier v. Union Pac. R. Co.*, No. CIVA1:07CV12(TH/KFG), 2008 WL 2467016, at *3 (E.D. Tex. June 18, 2008). Plaintiffs bear the initial burden to show that "their requested discovery is relevant." *Isaacks*, 2023 WL 4503537, at *6. Once plaintiffs make that showing, "[t]he burden then shifts to the Defendant to establish good cause and a specific need for a protective order." *Gauthier*, 2008 WL 2467016, at *3. Under that burden-shifting, Google must show that (1) the States "can obtain relevant discovery through less-intrusive means"; and (2) the witnesses do "not possess unique personal

4

***FILED UNDER SEAL***

knowledge relevant to the case." *Isaacks*, 2023 WL 4503537, at *7.

As demonstrated below, the States have met their burden. Google has not. Google has provided "no evidence of undue burden other than [Mr. Brin's and Mr. Pichai's] position and busy schedule." *Cf. Gaedeke Holdings VII, Ltd. V. Mills*, No. 3:15-MC-36-D-BN, 2015 WL 3539658, at *4 (N.D. Tex. June 5, 2015) (denying motion for protective order when the movant "offer[ed] no evidence of undue burden other than [the executive's] position and busy schedule").

### A. Mr. Brin's and Mr. Pichai's Testimony are Relevant to this Case.

Relevance should be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citing FED. R. CIV. P. 26(b)(1)). The Eastern District of Texas local rules further instructs parties that a particular piece of information is "relevant to the claim or defense of any party" if: "(1) it includes information that would not support the disclosing parties' contentions; (2) it includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties; (3) it is information that is likely to have an influence on or affect the outcome of a claim or defense; (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (5) it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense." *Frisco Med. Ctr., L.L.P. v. Bledsoe*, No. 4:12-CV-0037, 2014 WL 12638076, at *2 (E.D. Tex. Feb. 25, 2014) (quoting Local Rule CV-26(d)). Accordingly, "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Id.* (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 650 (5th Cir. 1979)). Under these standards, the States have shown that Mr. Brin and Mr. Pichai have relevant knowledge.

First, with respect to Mr. Brin, Google's documents show that he played a direct role with

***FILED UNDER SEAL***

respect to the DoubleClick acquisition, which is pivotal to the States' claims in this case. He actively participated in discussions about Google's bid to acquire DoubleClick, including its ad server, which underlies many of the States' claims against Google. *See* Ex. 7 (GOOG-TEX-01068770). For instance, ███████████████████████████████████████████████████████████████████. *Id.* In that same email chain, ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *Id.* The States are entitled to know, for example, why ████████████████████████████████████████████████████████████████████████. *Id.* As further evidence of Mr. Brin's involvement in the DoubleClick negotiation, Mr. Brin was a custodian of multiple key and relevant documents, including PowerPoint slides that outlined the consequence for Google if competitor Microsoft were to have acquired DoubleClick and its ad server. *See* Ex. 8 (GOOG-NE-01787563). The competitive impact and consequences of Google's DoubleClick acquisition are highly relevant to the States' claims in this case. Mr. Brin was personally involved in Google's DoubleClick acquisition process and the start of the alleged events that give rise to the States' monopoly and monopolization claims in this case.[3] There is no question that his testimony is relevant to the State's claims.

Second, with respect to Mr. Pichai, who previously led Google's product management

---

[3] Moreover, others who appear on communications from and to Mr. Brin during this time period of the DoubleClick acquisition are no longer employees at Google: ████████████ left Google in 2020, https://www.cbsnews.com/██████████████████████; ██████████ left Google in 2011, https://www.linkedin.com/████████████; ████████████ left Google in 2020, https://www.cnet.com/tech/tech-industry/████████████████████████████/; ██████████ left Google in 2007, https://venturebeat.com/business/█████████████████████/; ██████████ left Google in 2019, ██████████████████████████; ██████████ left Google in 2007, https://www.linkedin.com/in/████████████████████; and ██████████ left Google in 2009, https://www.nytimes.com██████████████████████████████.

efforts, he was involved in and has relevant, personal knowledge regarding the DoubleClick acquisition and meetings with competitor Microsoft, as well as the later Network Bidding Agreement with Meta, on which the Court recently opened the door for discovery.[4] In 2007 and 2008, documents show Mr. Pichai was personally involved with and had knowledge regarding the DoubleClick acquisition. *See* Ex. 4 (GOOG-TEX-01119275) ("Huge move and I think a great one."); Ex. 3 (GOOG-DOJ-28505483) (stating that the "DoubleClick acquisition" was one of the "Highlights" for Google's "Traffic & Revenue."). In addition, Mr. Pichai was involved in crafting Google's response to Forbes' "Click Fraud" news article, which alleged that "Google has largely dismissed the existence of click fraud [on its advertising platform] while privately acknowledging the problem."[5] Several emails indicated that Mr. Pichai communicated with his colleagues about the article through chat messages, which Google has yet to produce in this case despite the States' requests. Ex. 11 (GOOG-DOJ-16948166); Ex. 12 (GOOG-TEX-00380602).

Mr. Pichai also was personally involved and has knowledge regarding Google's strategy as to its competitor Microsoft. As early as 2008, Mr. Pichai reported he had a personal "contact at Microsoft" who was willing to discuss Microsoft's then-unreleased feature that may "break" Google's ad serving infrastructure. Ex. 9 (GOOG-DOJ-16537020). Mr. Pichai heard "rumors that

---

[4] Likewise, for Mr. Pichai, others who appear on communications from and to him are no longer employees at Google: ▬ ▬ (see above footnote), ▬ ▬ left in 2016, https://www.linkedin.com/in/▬; ▬ ▬ left in 2012, https://www.latimes.com/business/technology▬; ▬ ▬ left in 2011, https://www.linkedin.com/in/▬ ▬; ▬ ▬ left in 2023, https://apnews.com/▬ ▬; ▬ ▬ left in 2014, https://www.linkedin.com/in/▬; ▬ ▬ left in 2021, https://9to5google.com/2021/03/21/▬ /; ▬ ▬ left in 2013, https://www.linkedin.com/in/▬ /; ▬ ▬ left in 2018, https://www.linkedin.com/in/▬; and ▬ ▬ left in 2007, https://www.linkedin.com/in/▬

[5] ▬ ▬, *Click Fraud Goes Viral*, Forbes (July 19, 2007), https://www.forbes.com/2007/07/19/click-fraud-rise-tech-internet-cx_ag_0719techclick.html?sh=6ef4d9a13a61

***FILED UNDER SEAL***

Microsoft has planned a feature" that "could have broader implications on the way [Google] serve adsense ads," and so he "called [his] contact at Microsoft and . . . arranged for a meeting." *Id.* Mr. Pichai reported that, during the meeting, he was assured by Microsoft that even though Microsoft's "feature blocks access to third party content (and hence may break iGoogle, doubleclick, adsense ads etc), it is only when users choose to go into Inprivate Browsing." *Id.* Finally, Google's own documents state that, with respect to what would become Google's Network Bidding Agreement with Facebook (or "Jedi Blue" internally at Google), ███████████████████████████

███████████████████████████████. *See* Ex. 5 (GOOG-DOJ-AT-01901774) ("███████████████████████████████

██████ . . . ."); Ex. 6 (GOOG-AT-MDL-016678498) ("███████████████

███████████████████████████"). Google's contention that Mr. Pichai "did not sign the contract" and "did not need to approve of, sign off on, or take any action regarding [the NBA]," only highlights the need for the States to depose Mr. Pichai on the issue. *See* Br. at 8.

In short, as the States have shown, and Google's own documents show, Mr. Brin and Mr. Pichai have relevant, personal knowledge regarding events and products that are not only relevant to but also central to the States' claims, more than warranting their depositions in this case.

    **B.**    **Discovery is Proportional and Google Fails to Show that the States Can Obtain the Relevant Information Through Less Intrusive Means**

Because the States have shown that Mr. Pichai and Mr. Brin possess information that is relevant, "the burden shifts to the defendant [Google] to show that (1) [the States] can obtain relevant discovery through less-intrusive means; and (2) [the witnesses do] not possess unique personal knowledge relevant to the case." *Isaacks*, 2023 WL 4503537, at *7.

On this issue, Google offers nothing but platitudes and conclusions that restate the legal standard. Without any specifics, Google asserts that Mr. Brin and Mr. Pichai do not have unique information because they were only "one of several contributors" to the relevant documents.

8

***FILED UNDER SEAL***

Google Br. at 4. And for that reason, Google speculates the States have "less-intrusive means to obtain additional information about the DoubleClick acquisition and the NBA." Google Br. at 9 (citing *Salter*, 593 F.2d at 649). Despite the fact that the States have issued 18 fact witness deposition notices and Rule 30(b)(6) topics, Google never actually identifies *any* specific individuals who have the same or more knowledge as Mr. Brin and Mr. Pichai and whom Google claims the States should depose first.

Also contrary to Google's assertion, the Fifth Circuit opinion in *Salter* does not establish any firm requirement that a party must first depose "lesser-ranking or other employees or officers" before deposing high-ranking officers. *See Gaedeke*, 2015 WL 3539658, at *4 (citing *Salter*, 593 F.2d at 651-52). To be sure, when lower-ranking employees have "more knowledge of the facts" than the high-ranking executive, a party may be required to depose the lower-ranking employees first. *Salter*, 593 F.2d at 651. But there is "no need or good basis for requiring [plaintiffs] to wait . . . until after [other] deposition where [the plaintiffs] have already shown that the unique testimony that they seek through [the high-ranking executives] cannot be obtained by any less burdensome or intrusive means of deposing lesser-ranking or other employees or officers." *Gaedeke*, 2015 WL 3539658, at *4.

Here, Google's own documents show that the testimony the States seek from Mr. Pichai and Mr. Brin "cannot be obtained by any less burdensome or intrusive means of deposing lesser-ranking or other employees or officers." *Id.* For instance, ███████████████████████████████████████████████████████████████████████████████████████████ Ex. 7 (GOOG-TEX-01068770). Likewise, as to Mr. Pichai, he personally remarked that the DoubleClick acquisition was a "[h]uge move," and represented that the "DoubleClick acquisition" was one of the "Highlights" for Google's "Traffic & Revenue." *See* Ex. 4 (GOOG-TEX-01119275); Ex. 3 (GOOG-DOJ-28505483). The States are

9

entitled to question Mr. Brin and Mr. Pichai regarding their roles in Google's DoubleClick acquisition, a pivotal event underlying the States' claims.

As in *Gaedeke*, a "Rule 30(b)(6) deposition or a deposition of lower-ranking personnel cannot reasonably substitute for questioning of [Mr. Pichai and Mr. Brin] personally under these circumstances." 2015 WL 3539658, at \*4. That is because only Mr. Pichai and Mr. Brin can testify as to their personal views, which are uniquely relevant here, in part because (1) given their roles at the time, their personal views have significant influence on and reflect the company's business decision; and (2) the "[d]ifferences between [their] testimony and that of other witnesses could enable [the States] to challenge [Google's witnesses'] credibility at trial." *Id.* (quoting *Kimberly-Clark Corp. v. Cont'l Cas. Co.*, 2006 WL 3436064, at \*3 (N.D. Tex. Nov. 29, 2006)).

For these reasons, the testimony that the States seek from Mr. Pichai and Mr. Brin "cannot be obtained by any less burdensome or intrusive means of deposing lesser-ranking or other employees or officers." *Id.* In fact, Google itself never points to specifically "any less burdensome or intrusive means of deposing lesser-ranking or other employees or officers" or anyone else who the States can depose for such testimony. Accordingly, the States are entitled to depose Mr. Pichai and Mr. Brin because, under the applicable burden-shifting standard in this District, Google has failed to carry its burden to show that the States "can obtain relevant discovery through less-intrusive means." *Isaacks*, 2023 WL 4503537, at \*7.

## II.   The States Are Entitled to Depose Mr. Mohan for the First Time in This Case.

Google next seeks to block the States from deposing Neal Mohan based on mischaracterizations of the federal rules and the MDL Coordination Order, neither of which prohibit the States from taking Mr. Mohan's deposition for the first time in this case.

Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021)

(quoting Fed. R. Civ. P 26(b)(1)). And under Rule 30(a), "[a] party may, by oral questions, depose any person, including a party, without leave of court." *Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc.*, 2023 WL 9181587 (N.D. Tex. June 14, 2023) (quoting Fed. R. Civ. P. 30(a)).

As an initial matter, Google does not seek to block Mr. Mohan's deposition as an apex deposition, nor does Google dispute that Mr. Mohan's testimony would be relevant to the States' claims here. *See generally* Google Br. at 10-15. Rather, Google objects to the deposition of Mr. Mohan for the following reasons: (1) subjecting Mr. Mohan to his first deposition in this case would be unreasonably cumulative and unduly burdensome because he was deposed in the separate DOJ Virginia Action and a pre-suit investigation; (2) the States in this lawsuit are still bound by the MDL Coordination Order; and (3) the States do not have any new information to justify deposing Mr. Mohan. Google Br. at 10-15. Each of these argument fails.

### A. Google Fails to Show that the Deposition of Mr. Mohan would be unreasonably cumulative or unduly burdensome.

To be clear, the States have never deposed Mr. Mohan ***in this case or any other case.*** This is thus not a situation where a party seeks to "re-depose" a witness a second time. *Cf. Block v. Abbott Lab'ys, Inc.*, No. 01C1312, 2001 WL 1539159, at *1 (N.D. Ill. Dec. 3, 2001). As the Court has recognized, the fact that Mr. Mohan was deposed as part of the DOJ's and States' ***pre-suit*** investigation has no bearing on depositions now in this case. *See* ECF No. 194 at 6 ("The following depositions do not count against the deposition caps imposed above … depositions previously taken in response to Civil Investigative Demands …."). And notably, those investigative depositions were taken ***four years ago and five-plus million documents ago***. But Google nonetheless argues that Mr. Mohan's deposition would be "unreasonably cumulative and duplicative and unreasonably burdensome," citing his past depositions in the separate Virginia Action by the DOJ and during the pre-suit investigation and vaguely citing the "many" other depositions noticed in this case and taken during the 2020 investigative phase and in other separate

11

***FILED UNDER SEAL***

cases. Indeed, under Google's logic, the latter argument could be asserted to block all further depositions in this case. None of Google's arguments pass muster.

To obtain a protective order, Google must "establish good cause and a specific need for a protective order." *Gauthier*, 2008 WL 2467016, at *3. A protective order can be issued only to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). To show undue burden, Google must provide "evidence of undue burden other than [the executive's] position and busy schedule." *Gaedeke*, 2015 WL 3539658, at *4. Here, as evidence of undue burden, Google only points to Mr. Mohan "role as the CEO of YouTube," and the fact that he has been deposed before in *other* cases. Google Br. at 13. These assertions are plainly insufficient to justify the issuance of a protective order. *Cf. Gaedeke*, 2015 WL 3539658, at *4 (denying motion for protective order when the movant "offer[ed] no evidence of undue burden other than [the executive's] position and busy schedule").

Furthermore, given the fact that (1) many volumes of documents associated with Mr. Mohan were produced to the States after his investigative deposition in 2020 and the DOJ's deposition of him in October 2023 and (2) Google is currently producing more documents associated with existing custodians including Mr. Mohan, it would not be unduly burdensome or objectionable for the States to depose Mr. Mohan for the first time in this case.

### B.  On its Face, the MDL Coordination Order Is Inapplicable and Does Not Bar Mr. Mohan's Deposition in This Case.

Google next contends that the States are still "bound by the Coordination Order" in the MDL case, which prohibits a Google witness "from being deposed twice absent good cause shown." Google Br. at 14. Because Mr. Mohan was deposed before by the DOJ in the Coordinated Case in the Virginia Action (and not even by the MDL Plaintiffs), Google contends that the States should be prohibited from deposing Mr. Mohan in this case. *Id.*

Google's argument fails because, on its face, the MDL Coordination Order is inapplicable

12

here. Section 3(e) of the Coordination Order, which Google cites, explicitly states that:

> Any witness appearing at a Google Deposition or a Non-Party Deposition taken during the Coordinated Discovery Period cannot be compelled to sit for a second deposition **in any Coordinated Case** (including a second Rule 30(b)(6) deposition of the same entity on the same or substantially similar topics), absent good cause shown to the Court in the Coordinated Case for which the subsequent deposition of the witness is noticed.

MDL ECF No. 564 at 9 (emphasis added). As to the definition of "Coordinated Case," the Order states that "'Coordinated Case' means the MDL or the Virginia Case." *Id.* at 1.

Clearly, this case is not "the MDL or the Virginia Case." *Id.* As all are aware, this case is not a "Coordinate Case" or subject to any coordination order, much less the one in the MDL case cited by Google. Accordingly, the prohibition against "a second deposition in any Coordinated Case" is inapplicable here. As the Court rightly observed during the March 21, 2024, hearing, "both sides are not bound by anything in [the Coordination Order]." March 21, 2024 Status Conference Tr. at 43. To the contrary, this court stated that "both sides are going to get the discovery they need in this case. They're going to get it. And if it means people are deposed twice, then that's what's going to happen." *Id.* at 44. Thus, no court order prohibits Mr. Mohan from being deposed once in the coordinated DOJ Virginia Action and now in this case.

Moreover, when the DOJ deposed Mr. Mohan in their action on October 30, 2024, the Second Circuit had already denied (weeks earlier on October 4) Google's mandamus petition, confirming the remand of this case from the MDL to this Court.[6]

### C. Although the States Are Not Required to Show Good Cause or "Point to New Information" to Depose Mr. Mohan for the First Time in This Case, They Can Do So, Further Undermining Google's Efforts to Block His Deposition.

Finally, Google tries to impose on the States a good cause requirement to take Mr. Mohan's deposition that has no basis in any applicable court order, as shown above, or in any applicable

---

[6] https://www.law360.com/articles/1729315/attachments/0.

13

rule. Again, the States are not seeking to "re-depose" Mr. Mohan because they have never taken his deposition in this case (or in the MDL case). Google nonetheless contends that under Rule 30(a)(2)(A)(ii), the States "must obtain leave of court to depose [Mr. Mohan] more than once." Google Br. at 11 (citing Fed. R. Civ. P 30(a)(2)(A)(ii)). And to obtain such a leave, Google contends that the States must be able to show "good cause." *Id.* (citing *Kleppinger v. Texas Dept. of Transp.*, 283 F.R.D. 330, 335 n.7 (S.D. Tex. 2012)). Google argues that, because the States fail to show any good cause, the States are not entitled to depose Mr. Mohan in this case.

As an initial matter, Rule 30(a)(2)(A)(ii) is inapplicable here. The Rule states that "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed **in the case**." Fed. R. Civ. P. 30(a)(2)(A)(ii) (emphasis added). As the court in *Limited* observed, Rule 30(a)(2)(A)(ii) is "only applicable when a party seeks to conduct a second deposition of the same witness **in the exact same federal case**." *Am. Airlines, Inc. v. Limited*, No. 4:11-CV-244-Y, 2012 WL 12884824, at *2 (N.D. Tex. Sept. 19, 2012) (emphasis added). Like the party whose motion for protective order was denied in *Limited*, Google "has not cited to any case law indicating that Rule 30(a)(2)(A)(ii) applies in cases where a party is seeking to depose a witness more than once [in] two separate but related cases occurring in two different courts." *Id.* The distinction is even stronger here, where the States did not depose Mr. Mohan in the MDL or DOJ Virginia Actions. As Google itself acknowledges, the States withdrew their cross notice of Mr. Mohan's initial deposition and did not cross-notice or participate in Mr. Mohan's eventually scheduled deposition taken by the DOJ in October 2023 in the Virginia Action. Thus, the States are not required to obtain leave of court to depose Mr. Mohan.

And even assuming *arguendo* that the States are required show good cause (which they are not), the States could easily make that showing. Until mid-November 2023 (a few weeks *after* Mr. Mohan's October 30, 2023 deposition), the States were unable to access Google's October

14

***FILED UNDER SEAL***

2023 productions, which contained more than 12,000 documents related to Mr. Mohan.[7] Despite not having all documents, the DOJ took Mr. Mohan's deposition given the impending end of its fact discovery period. By contrast, the States' discovery period did not end in Fall 2023; it is ongoing and not restricted by the Virginia Action's deadlines, providing further basis for the States' deposition of Mr. Mohan in this case. The States were not required to take Mr. Mohan's deposition in October 2023. Mr. Mohan has personal, unique, and highly relevant knowledge about issues that the DOJ did not question him about. For instance, a recent deponent in this case confirmed that, with regard to Google's relevant acquisition of Invite Media, the States would need to ***ask Mr. Mohan*** about certain relevant issues and documents. *See* Ex. 13. Additionally, one business day ago, or just last Friday, Google advised the Special Master and the States that "by tonight Google will have made two rolling productions totaling 128,711 documents," including "production of documents identified by applying the newly agreed DTPA search terms to the 170 old custodians," which includes Mr. Mohan. Ex. 10, Apr. 12, 2024 Email.

## CONCLUSION

The Special Master should deny Google's Motion in its entirety and order Google to immediately provide dates for the depositions of Sergey Brin, Sundar Pichai, and Neal Mohan.

---

[7] *See* ECF No. 176 at 5 ("Google has produced roughly 6 million documents, with most of produced since the Google production missteps in September/October But those documents were not immediately accessible to the States. The States (along with other MDL Plaintiffs) previously experienced issues with accessing Google's recent document productions. Those access issues were not resolved until late October 2023. Even after that, the States experienced further issues with the metadata produced by Google, which required manual review and work before the States could load the productions for review.").

**\*FILED UNDER SEAL\***

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | 1101 Connecticut, N.W., 11th Floor |
| | Washington, DC 20005 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

Case 4:20-cv-00957-SDJ   Document 400   Filed 04/22/24   Page 19 of 20 PageID #: 11311

***FILED UNDER SEAL***

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

*/s/ Trevor E. D. Young*
TREVOR E. D. YOUNG
Deputy Chief, Antitrust Division

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

***FILED UNDER SEAL***

## CERTIFICATE OF SERVICE AND SEALING

I certify that, on April 15, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

I also certify that, on April 15, 2024, a motion to seal the foregoing document and its exhibits was filed separately and before the filing of this document under seal, per Local Rule CV-5(a)(7)(B).  This sealed filing will be promptly served by email with a secure link on the Special Master and counsel of record for all parties in this case, and will be publicly filed in redacted form, per Local Rule CV-5(a)(7)(E).

*/s/ Geraldine Young*
Geraldine Young