IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**GOOGLE LLC'S UNOPPOSED MOTION
FOR LEAVE TO FILE UNDER SEAL**

Defendant Google LLC ("Google") respectfully moves to seal its Opening Brief for the May 2, 2024 Special Master Conference ("Opening Brief") and Exhibits 1, 4, 5, and 6, filed on April 23, 2024. Pursuant to Rule CV-5(a)(7), Google will file redacted copies of these exhibits within seven days.

**LEGAL STANDARD**

While there is "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For example, courts have recognized that the public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Texas Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex. May 30, 2017), and "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598.

In exercising its discretion to seal judicial records, "the Court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (directing courts to balance right of access against interest of nondisclosure).

## ARGUMENT

Upon Plaintiffs' request, Google moves to file under seal its Opening Brief and Exhibits 1, 4, 5, and 6.  The exhibits include deposition transcripts from the 30(b)(6) depositions of Texas and Florida[1] or emails that summarize those transcripts, which have been designated as highly confidential. Moreover, these materials refer to the names of third parties contacted as part of Texas's Investigation or names of individual state employees designated as Rule 30(b)(6) witnesses. Similar materials have been sealed from other filings. *See* ECF No. 337. The Opening Brief quotes from or summarizes testimony from these transcripts. The parties will confer and file unredacted versions of the exhibits on the docket within 7 days.

## CONCLUSION

For the foregoing reasons, Google's motions to seal the Opening Brief and Exhibits 1, 4, 5, and 6 should be granted.

---

[1] Google notes that the Florida transcript is not in final form but is a rough transcript, which is what was available at the time of the filing.

Dated: April 23, 2024

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

### CERTIFICATE OF SERVICE

  I certify that on April 23, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

### CERTIFICATE OF CONFERENCE

  I hereby certify that the meet and confer requirements in Local Rule CV-7(h) have been met. This motion is consented to and not opposed by any party.

*/s/ R.Paul Yetter*
R. Paul Yetter
