-i-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan<br><br>Special Master: David T. Moran |

**PLAINTIFF STATES' BRIEF TO THE SPECIAL MASTER**

Pursuant to the Special Master's Order (ECF No. 227), Plaintiff States ("States") submit this opening brief on pending discovery issues.

**I.  Given the large number of outstanding depositions and continuing voluminous productions, the States will need leave to take a discrete number of depositions after the fact discovery cutoff and a corresponding extension of expert deadlines, due to yet-unscheduled depositions.**

Given the upcoming fact discovery deadline, the States propose a hearing with the Special Master on this issue, this week, and propose a hearing on Thursday, April 25, 2024.

The States have worked diligently to schedule and take depositions in this case, even as they continue to receive ongoing large document productions from Google and third parties. After a full-day conference with the Special Master on March 21, 2024, the Special Master ordered on March 25 that "each of the 17 States [] provide deposition dates to Google no later than March 29, 2024." ECF No. 321 at 6. The States complied and all 17 States have been scheduled for deposition within the May 3 fact discovery period. *See* Appendix A (filed separately under seal). Further, the Special Master ordered the States to "identify, no later than March 22, 2024, a discrete list of 10 prioritized deposition topic 'buckets' into which the 107 noticed topics shall be grouped . . . ." ECF No. 321 at 6. The States complied. The Special Master's order was not a one-way street. The Special Master also ordered that "Google, no later than March 29, 2024, provide dates to the States on which they will provide Rule 30(b)(6) deponents on the grouped topics." *Id.*[1] Google has not complied. To date, Google has not provided dates on 38 Rule 30(b)(6) topics, including a witness date for Topic 66, which Google just identified last week during the Special Master conference.

---

[1] The Special Master order was without prejudice to Google raising specific objections to the precise scope of the depositions. Google has not raised those objections to the Special Master or the Court, let alone done so promptly.

1

Simply put, the States cannot take depositions until Google provides a witness and a date. These witnesses are related to 30(b)(6) topics noticed two months ago as well as 30(b)(1) witnesses for whom Google has not confirmed dates. Similarly, there are a number of depositions that were noticed based on DTPA discovery that was served over five months ago, but that the States only received productions from Google—totaling nearly 200,000 documents—within the last few weeks and days.

Finally, the States are working with third parties to schedule their depositions, but need a little more flexibility to schedule around the needs of third parties. Further, even if Google were to give the States dates today on the outstanding topics and witnesses, it is unlikely the parties can schedule depositions in the remaining 8 business days of fact discovery. The States, thus, request a discrete number of depositions be permitted after the May 3, 2024 fact discovery deadline.

To date, the States have been able to schedule with Google and have taken a total of 12 depositions in this case: (a) 4 while in the MDL; (b) 5 fact witnesses in the last few weeks; and (c) 4 Rule 30(b)(6) witnesses, totaling roughly 3 depositions based on the seven-hour increments. Additionally, the States are scheduled and confirmed to take 11 to 12 depositions this and next week in advance of the May 3, 2024 fact discovery cutoff: (a) 6 fact witness depositions; (b) 5 Rule 30(b)(6) witnesses, estimated to total roughly 4 to 5 depositions based on the seven-hour increments; and (c) 2 third-party Rule 30(b)(6) depositions of Meta at Meta's demanded location of London, totaling 5.5 hours on the record. In total, by the May 3 fact discovery cutoff, the States estimate they will have taken 24 depositions. Indeed, the States have been double and triple-tracking depositions to get this done.

As outlined below, the States are still waiting for dates and witnesses for noticed 30(b)(6) topics and third-party depositions, and have received and are still receiving large volumes of

2

documents from Google and third parties. As a result and as the States previewed to the Court at the April 18, 2024 Conference, the States will need to take a specific amount of depositions after the May 3, 2024 fact discovery deadline. Specifically, the States will need: (a) leave to take up to 16 depositions[2] after the May 3, 2024 fact discovery cutoff, which the States believe they can accomplish within 2-3 weeks after the fact discovery cutoff and without the need to extend the fact discovery cutoff, and (b) a corresponding short extension of their May 17, 2024 expert deadline, with no impact on the trial date of March 31, 2025.

Specifically, the States are still waiting for dates and witnesses for the following depositions:

- **Google witnesses: The States noticed Google for Rule 30(b)(6) corporate representative depositions on February 21, 2024. Two months later,** the States are still waiting for Google dates for 38 noticed Rule 30(b)(6) topics and 7 to 11 noticed Rule 30(b)(1) fact depositions. *See* Exhibits 1, 1-1, 1-2, 2 (filed separately under seal). The outstanding fact witness depositions include: (a) the 4 witness depositions that Google has challenged and that are currently pending before the Special Master, and (b) 7 additional individuals, 6 of whom are DTPA custodians whose large volumes of documents have only recently been produced to the States. The specific deponents are also listed in a separate appendix filed under seal. *See* Appendix A (filed separately under seal).

   The States have not exceeded and will not exceed their 40-deposition limit. The States' taken and currently scheduled and confirmed depositions (scheduled for this and next week) currently total less than 24 depositions.[3] The States currently intend to go forward with the noticed Google depositions and will let Google know immediately if they decide to withdraw any of those notices.

- **Third-party witnesses:** To comply with the deadlines in the Scheduling Order, the States have issued 20 deposition subpoenas under Rule 30(b)(6) to third parties. *See* Appendix A. The States are assessing whether they will withdraw any third-party subpoenaed depositions (just as Google has withdrawn third-party subpoenas) and expect to make those decisions soon. Moreover, if they go forward, the States do not anticipate expending many

---

[2] The specific number of depositions is dependent on a couple of factors including the 4 depositions that Google has challenged, as well as the number of witnesses Google provides in response to the outstanding 30(b)(6) topics.

[3] Because, under the Scheduling Order (ECF No. 194 at 6), each 7-hour period of Rule 30(b)(6) depositions count as one deposition, this total figure is an estimated total based on the anticipated time the States will take in the upcoming Rule 30(b)(6) depositions.

3

hours on these non-party Rule 30(b)(6) depositions in compliance with their deposition limit.

Within the month of April 2024, the States have also received the following voluminous productions from Google:

- **DTPA productions:** The States received nine Google-identified DTPA productions totaling 185,794 documents between April 8 and April 19, 2024. These productions include large volumes of documents associated with six of the deponents for whom the States are still waiting on deposition dates.

- **Third-party productions:** Google has been sending the States rolling productions of third-party productions—totaling 37 productions, produced between April 2 and April 22, 2024.

With less than two weeks left of fact discovery, the States expect to receive the following additional productions:

- **Meta production:** Third-party Meta has represented to the States that it will produce three document production sets to the States by today, April 23, 2024—totaling an estimated 370,000 documents. Meta had previously produced those documents to Google in the parallel Virginia Action but Google did not reproduce those documents to the States based on the prior discovery stay, which has now been lifted. Meta has further represented that that the three document sets will reflect the custodial files Meta believes are most likely to contain information relevant to the claims at issue in this litigation.

- **Remaining DTPA documents** that Google has represented will be complete by April 24.

- **Third-party productions from the Virginia Action:** Google has represented to the States that there are relevant third-party productions from the Virginia Action that remain unproduced to the States. Under the parties' stipulation and the Virginia Action's protective order, according to Google, those productions will be further delayed by a notice and 7-day objection period, plus five-day production period. The States do not know the total volume of these forthcoming productions.

For all of the above reasons, the States believe there is ample good cause present to justify modifications to the scheduling order to grant: (a) the States leave to take certain, limited depositions after the May 3, 2024 fact discovery cutoff, without extending the fact discovery cutoff, and (b) a corresponding short extension of their May 17, 2024 expert deadline, with no impact on the trial date of March 31, 2025:

- Given the large number of outstanding deposition dates and continuing large volumes of documents that have been produced to the States on a daily basis for the past two weeks and to come, the States cannot take all of their noticed depositions despite their diligence and have a reasonable, good faith explanation for seeking the requested modifications.

- To provide a few more weeks of time to review newly produced documents, take key depositions, and incorporate that discovery into opening expert reports, the requested modifications are crucial and certainly important in this multi-state enforcement action brought by 17 sovereigns challenging 15-plus years of conduct by Google in the multi-trillion-dollar markets for online advertising.

- There will be no prejudice to Google as its expert and pretrial deadlines can be continued and modified accordingly as well with no impact on the March, 31, 2025 trial date, given the substantial time built into the current schedule between now and the trial date.

*See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Koshar v. TIGI Linea Corp.*, 2022 WL 256491, at *1 (E.D. Tex. Jan. 25, 2022) (Mazzant, J.) ("Good cause generally requires a demonstration that 'deadlines cannot reasonably be met despite the diligence of the party needing the extension.' Courts consider four factors to determine whether good cause exists to modify a scheduling order: '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) the potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.' As long as good cause exists, the Court has broad discretion to modify the scheduling order. In this case, good cause exists to modify the Scheduling Order." (citations omitted)).

The States will continue to confer with Google on deposition dates and the above-outlined

5

modifications, and will advise the Special Master if the parties can come to a stipulated agreement or if a dispute remains requiring relief from the Special Master. The States understand that, pursuant to the Court's appointment of the Special Master, the Special Master will hear these issues first. With the Special Master's guidance, the States can file a formal motion to the Court to modify the Scheduling Order if needed.

**II.    The States seek to challenge two mid-deposition clawbacks by Google.**

In recent depositions, Google has clawed back exhibits mid-questioning or mid-deposition under assertions of privilege. Pursuant to Paragraph 12(c) of the Confidentiality Order (ECF No. 182 at 15-16) and pending conference with Google, the States seek to challenge two of those clawbacks and privilege assertions.

Paragraph 12(c) of the Confidentiality Order provides the following procedures for such clawback challenges:

> If the Producing Party becomes aware that it has produced information protected by the attorney-client privilege or any other privilege or immunity, the Producing Party will promptly notify each Receiving Party in writing of the production and the basis of the privilege being asserted. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies or summaries it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim in camera. <u>However, if the Party has already reviewed the information prior to being notified, two total attorneys for Plaintiffs (the "Plaintiffs' Privilege Committee") or two attorneys for Defendant (the "Defendant's Privilege Committee" and, together with the Plaintiffs' Privilege Committee, the "Privilege Committees") may review the document for the sole purpose of determining whether to challenge the privilege claim, but they may not quote or attach the information, or disclose the substance of the information, when making the challenge or otherwise use or discuss the information contained therein except in a submission made to the Court in Chambers with a proposed order sealing the submission.</u> Any such challenge must be made promptly. The Producing Party must preserve the information until the claim is resolved.

ECF No. 182 at 15-16 (emphasis added).

Pursuant to that provision, the States have sequestered Google's clawbacks and, because

6

the States had previously reviewed the documents prior to their clawback, their privilege committee member has reviewed the documents "for the sole purpose of determining whether to challenge the privilege claim[s]." Following that review, the States contacted Google to confer but the parties have not been able to schedule a meet and confer. Pending that meet and confer, which that States expect to take place later today or tomorrow, the States seek to challenge Google's privilege claims with respect to the following Google-produced documents that were marked as exhibits or otherwise disclosed during recent depositions because they do not appear to be privileged or protected work product:

- Exhibit 101 to the April 17, 2024 Deposition of Martin Pal, Bates-numbered GOOG-AT-MDL-016487180; and
- Document introduced during the April 19, 2024 Deposition of Chris Tignor, Bates-numbered GOOG-AT-MDL-015184906.

Specifically, the documents do not appear to involve the confidential seeking or providing of legal advice from an attorney, acting in a legal, non-business capacity, nor do they appear to be materials prepared in anticipation of litigation. As stated, the parties will confer either later today or tomorrow, and the States will update the Special Master on whether any disputes remain.

If any disputes remain, to comply with the Confidentiality Order's requirement that the States not attach, quote, or disclose the substance of the challenged documents but instead make "a submission … to the Court in Chambers," the States propose that the parties submit their submissions, including the challenged documents, to the Special Master via a secure link for the Special Master's determination of the clawback and privilege claims for the challenged documents.

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | 1101 Connecticut, N.W., 11th Floor |
| | Washington, DC 20005 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

8

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## CERTIFICATION OF CONFERENCE

I certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). The personal conferences required by Local Rule CV-7(h) have been conducted or were attempted on the following dates in the following manner, with the names of the participants in the conferences.

| Date & Manner | Conferred Issues |
| --- | --- |
| April 23 or 24, 2024<br><br>via email and scheduled call between Plaintiffs' and Defendant's counsel | Clawbacks |
| Ongoing through March and April 2024<br><br>via video and in-person conferences and email between Plaintiffs' and Defendant's counsel | Deposition scheduling for fact and Rule 30(b)(6) witnesses, and ongoing Google and third-party document productions |

The foregoing document and exhibits further outline explanations of why no final resolution has been reached yet, leaving potentially open issues for the Special Master and Court to resolve.

*/s/ Geraldine Young*
Geraldine Young

## CERTIFICATE OF SERVICE

I certify that, on April 23, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Geraldine Young*
Geraldine Young
