IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § § § | |
| v. | § § § § | CIVIL NO. 4:20-CV-957-SDJ |
| GOOGLE LLC | § | |

## ORDER OF SPECIAL MASTER FROM APRIL 18 DISCOVERY HEARING (DKT. #342, #346, #380)

By Order of the Court dated January 26, 2024 (Dkt. #213) the undersigned was appointed Special Master to address discovery issues and disputes between Plaintiff States ("States") and Defendant Google LLC ("Google").

As provided in the Court's Order Appointing Special Master, the Special Master is holding biweekly discovery hearings with the parties. (Dkt. #213 at 10); (*see also* Dkt. #227, #231). The parties are permitted to submit pending discovery disputes for resolution by the Special Master before the hearings. (Dkt. #227 at 1–2). On April 9, 2024, Google submitted a brief regarding discovery issues, and on April 15, 2024 the States submitted a responsive brief. The Special Master conducted an in-person hearing on April 18, 2024 (the "April 18 Hearing").

Before the April 18 Hearing, the parties were ordered to continue to meet and confer regarding their disputes and submit a joint report regarding any narrowing of issues. On April 17, 2024, the parties submitted their joint report, which advised of additional issues the parties desired to submit to the Special Master. (Dkt. #380). The States' additional issues included (i) the States' requests concerning Google Dashboards, RASTA, and Bernanke SSTables, (ii) the States' requests concerning

**ORDER OF SPECIAL MASTER – Page 1**

Google's publisher contracts, (iii) the Rule 30(b)(6) deposition of Nitish Korula, (iv) Meta documents and deposition, (v) the States' request to sit in on MDL depositions, and (vi) potential challenges to documents Google has "clawed back." (*Id.* at 2–4). Google's additional issues included (i) a limited extension of time to produce discrete DTPA documents and (ii) a proposed stipulation regarding third party productions from the Virginia Action. (*Id.* at 5–7).

The Special Master's rulings regarding the parties' disputes are as follows.

1. **Google's Brief to the Special Master (Dkt. #346)**

    a. **State Agency Depositions**

Google's Brief raised an issue with respect to three Motions to Quash filed by agencies of the State of Texas, requesting that the agencies be required to produce witnesses for deposition. (Dkt. #346 at 3–5). After Google's Brief was filed, the Motions to Quash were referred to the Special Master, who recommended they be denied, and the Court adopted that recommendation. (*See* Dkt. #368, #388). The Special Master therefore **DENIES AS MOOT** Google's request.

    b. **Interrogatories 8 and 12**

Google sought an order compelling the States to supplement their responses to Google's Interrogatory Nos. 8 and 12. (Dkt. #346 at 5–6).

Interrogatory No. 8 requests that the States identify allegedly unfair or deceptive acts, practices, or statements, including supporting documents. (*Id.* at 5). Google sought the identification of a website referenced in the States' response. (*Id.* at 5–6). Thereafter, the States provided responsive information to Google. (See Dkt. #380

at 6). The Special Master therefore **DENIES AS MOOT** the request as to Interrogatory No. 8.

As to Interrogatory No. 12, that Interrogatory seeks "all contracts that [the States] allege coerced customers into using DFP with ADx" and "specific provisions [the States] contend are coercive in nature." (Dkt. #346 at 6). In essence, Google seeks clarity from the States regarding their tying claims. (*See id.*). The States argue that their responses are sufficient, as they describe the States' theory that Google products are coercively tied together, which isn't necessarily reflected in the provisions of the contracts. (Dkt. #370 at 5–6); (*see also* Apr. 18 Hrg. Tr. at 152-55).

The Special Master has reviewed the States' answer to Interrogatory No. 12, and as counsel for the States offered (Apr. 18 Hrg Tr. at 151), **ORDERS** the States to supplement the answer before the close of fact discovery. The Special Master **GRANTS** Google's request.

    c. **Expert Back-Up Materials**

Google proposed a protocol for sharing of expert materials through Microsoft's Azure data sharing service. (Dkt. #346 at 6). At the April 18 Hearing, the States agreed to Google's proposal. (Apr. 18 Hrg. Tr. at 159) ("Our answer is yes."). The Special Master therefore **DENIES AS MOOT** Google's request.

2.   **Joint Status Report (Dkt. #380)**

    a. **States' Issues**

        i. **Google RASTA and Bernanke SSTables**

The States request the production of RASTA, a reporting tool used by Google for

business metrics, in the form of screenshots reflecting "Experiment 42." (Dkt. #380 at 2–3). The States further request the production of SSTables for Project Bernanke. (*Id.* at 3). At the April 18 Hearing, the Special Master ordered the parties to confer and submit a report on Monday, April 22, 2024 at noon. (Apr. 18 Hrg. Tr. at 42;46). The parties' April 22 report advised that Google agreed to provide the requested items. (*See* Ex. 1). The Special Master therefore **DENIES AS MOOT** the States' request.

### ii. Publisher Contracts

The States advised as to the parties' continued efforts to confer regarding Google contracts. (Dkt. #380 at 3). At the April 18 Hearing, the States advised that they were still discussing the issue with Google. (Apr. 18 Hrg. Tr. at 47-48). The Special Master does not believe there is a ripe dispute on this issue at this time.

### iii. Rule 30(b)(6) deposition of Nitish Korula

The parties raised a dispute as to the Rule 30(b)(6) deposition of Google on 42 topics, for which Nitish Korula was designated. (Dkt. #380 at 3, 5). The issue was raised at the Court's status conference on April 18, 2024 and the Court provided guidance that the deposition should proceed the following day, April 19. (Apr. 18 Status Conference Tr. at 22:17–21) ("[M]y inclination will be that you go forward with that deposition and cover as much ground as you can possibly cover. And then if the States need more time, they can certainly request more time."). The Special Master therefore need not provide a ruling on this issue at this time.

### iv. Meta Documents

The States raised an issue as to the production of documents by third party Meta.

(Dkt. #380 at 4). The Special Master directed the parties to continue working together on the issue. (Apr. 18 Rough Hrg. Tr. at 56). In their April 22 report, the parties updated the Special Master, noting that Meta and Google would each be producing documents. (Ex. 1). The Special Master **ORDERS** the parties to continue to discuss document productions among themselves and with third-party Meta and update the Special Master if any disputes arise.

> v. Attendance at MDL Depositions

The States seek to attend depositions of witnesses in the MDL case that are also noticed in this action. (Dkt. #380 at 4). Such depositions are scheduled to occur "back-to-back" with the depositions of the same witnesses in this action. (*Id.*).

The Coordination Order entered by the Court never went into effect, and this is therefore not a "Coordinated Case." One of the consequences of the lack of coordination is that certain depositions must be taken in each case separately. Further, the States have not carried their burden for attending MDL depositions in the absence of such an Order. The Special Master **DENIES** the States' request.

> vi. Clawback Challenges

The States advised they are assessing the merits of documents Google has clawed back as privileged. (Dkt. #380 at 4). At the April 18 Hearing, the States noted that the issue was not ripe for hearing by the Special Master. (Apr. 18 Hrg. Tr. at 66-67). The Special Master therefore need not provide a ruling on this issue at this time.

b. Google's Issues

i. DTPA documents

Google requested that it be permitted to produce discrete categories of DTPA documents, namely, metadata overlays and documents from one custodian, on April 24, 2024 while the rest of its production would be complete by April 19, 2024 as previously ordered by the Special Master. (Dkt. #380 at 6). At the April 18 Hearing, the States did not oppose Google's request, and the Special Master **GRANTED** Google's request. (Apr. 18 Hrg. Tr. at 70). Google is permitted to serve the remaining DTPA documents on April 24, 2024.

ii. Third Party Stipulation

Google proposed a stipulation for sharing of third party discovery materials, deposition transcripts, and deposition exhibits from the Virginia Action. (Dkt. #380 at 6). As of the April 18 Hearing, the parties were still conferring on this topic, and the Special Master ordered the parties to continue discussing and provide a status report on April 22. (Apr. 18 Tr. at 158). The parties' April 22 report advised that the parties were continuing to confer. (Ex. 1) On April 23, the parties filed a joint motion and proposed order, reflecting their agreement on this issue. (Dkt. # 402).  The Special Master **DENIES AS MOOT** the issue in light of the parties' agreement.

Signed this 24th day of April, 2024.

*[signature]*
David T. Moran
**Special Master**
TXBN: 14419400
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone: (214) 953-6051
E-mail:  dmoran@jw.com

**ORDER OF SPECIAL MASTER – Page 7**

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 24th day of April, 2024.  As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

*David T. Moran*