# EXHIBIT 1

**Nilsson, William (DAL)**
___

| | |
|---|---|
| **From:** | MCCALLUM, Robert <rob.mccallum@freshfields.com> |
| **Sent:** | Monday, April 22, 2024 12:06 PM |
| **To:** | Moran, David |
| **Cc:** | Nilsson, William (DAL); MAHR, Eric (EJM); SESSIONS, Justina (JKS); ELMER, Julie (JSE); Paul Yetter; Bracewell, Mollie; Marc B. Collier; geraldine.young@nortonrosefulbright.com; Zeke DeRose |
| **Subject:** | Texas v. Google -- Update concerning discovery Issues |

**Caution:** **External Email.

Special Master Moran:

Further to the conference held on April 18, 2024, we write to provide an update on the status of various discovery issues.

1.    **RASTA and "Experiment 42"**.  Google has provided additional information to Plaintiffs regarding "Experiment 42" and has provided a screenshot of RASTA reflecting the output of "Experiment 42".  Google has also pointed Plaintiffs to prior data productions that contain the same types of information that can be obtained from "Experiment 42".

2.    **Source code and SSTables**.  Google has collected the source code files identified in Plaintiffs' April 9 email and has manually decoded versions of the SSTable files identified in Plaintiffs' April 3 email.  Google is able to load these materials on the source code laptop as soon as today—subject to availability of the laptop because Plaintiffs are scheduled to inspect it during working hours this week.

3.    **Third party productions from the Virginia Case**.  Google provided Plaintiffs with a draft Stipulation and Order on April 13, 2024 that would enable Google to reproduce third party materials from the Virginia Case in this case.  Plaintiffs initially declined to provide comments and instead advocated for the DOJ's proposal to enter a modified coordination order in the Virginia Case.  On Friday, Magistrate Judge Anderson denied the DOJ's request for entry of a modified coordination order.  Plaintiffs provided comments on the draft Stipulation and Order later that day and Google responded over the weekend.  Google would like to have that Stipulation and Order entered as a matter of priority and we request that Plaintiffs provide any final comments by today.  The parties continue to meet and confer on this issue.

4.    **Production of NBA-related documents**.  As reported at the April 18 conference, Google stood ready to reproduce, to Plaintiffs, sets of third party productions by Meta subject to Plaintiffs obtaining Meta's consent for Google to do so.  On April 19, Meta confirmed that it does not consent to wholesale reproduction by Google of the Meta documents in the DOJ Investigative File because Meta views portions of those documents as irrelevant to this case.  However, we understand that Meta has agreed to reproduce directly to Plaintiffs, by Tuesday April 23, the relevant portions of its documents in the DOJ Investigative File, as well as (a) Meta's third-party productions made in response litigation subpoenas and (b) Meta's deposition transcripts in the EDVA.  Separately, Google is today making a production of its communications with Meta regarding discovery requests.

1

**5.      Protocol for transfer of expert data**.  On April 1, 2024, Google provided Plaintiffs with a proposal regarding a protocol to transfer expert backup materials via Microsoft Azure.  Plaintiffs have now confirmed their agreement to Google's proposal.

**6.      Plaintiffs Have Taken or Noticed More than 50 Depositions**.  Google is concerned that Plaintiffs have issued far more deposition notices than is permitted under the Court's Scheduling Order.  Google has raised this issue with Plaintiffs and asks that they immediately confirm if they intend to withdraw any of the deposition notices they have issued because Google's witnesses are holding significant amounts of time for these depositions and are being taken away from their regular job responsibilities.  We raise further specific issues below:

(a)      <u>In person versus virtual</u>.  On a number of occasions, Plaintiffs have requested in-person availability only to change to a virtual deposition in the final days leading up to the deposition.  This wastes resources and is disruptive to schedules and travel plans.  Plaintiffs should be required to commit to the format of depositions reasonably in advance of the actual deposition.

(b)      <u>Purported Second 30(b)(1) notice to Nitish Korula</u>.  In August 2023, the MDL Discovery Steering Committee—including Plaintiffs in this case—noticed Mr. Korula's deposition.  The States' case was remanded to the EDTX before the deposition could be completed, however, Google allowed State Plaintiffs to participate in Mr. Korula's November 2023 deposition based on an explicit agreement from State Plaintiffs that "Mr. Korula's deposition would count against State Plaintiffs' deposition allocation regardless of whether or when (a) State Plaintiffs' case is transferred to EDTX, (b) the parties are able to agree on a coordination order to be entered in EDTX, and (c) any subsequent order by the EDTX Court limiting the maximum number of depositions that State Plaintiffs can take."  October 24, 2023 Email from Z. DeRose.  State Plaintiffs confirmed that agreement again in an email on November 9, 2023. Given that explicit agreement, Plaintiffs should be required to withdraw their second 30(b)(1) deposition notice to Mr. Korula.

(c)      <u>Offer of written responses</u>.  On April 10, 2024 and April 11, 2024, Google made offers to respond to certain 30(b)(6) topics (or subtopics) in writing rather than through live witness testimony.  We have not yet received a response to these offers.

Respectfully,
Robert J. McCallum

**Rob McCallum**
Of Counsel

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 284 4910
freshfields.com

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice.
For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.