IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., § § § Plaintiffs, § v. § Civil Action No. 4:20-cv-00957-SDJ § GOOGLE LLC, § § § Defendant. § | |

GOOGLE'S OPPOSITION TO
UNITED STATES' MOTION FOR LEAVE TO FILE STATEMENT OF INTEREST

Defendant Google LLC ("Google") files this Opposition to the Motion for Leave to File a Statement of Interest filed by the Department of Justice ("DOJ") on behalf of non-party the United States (DOJ's "Motion"). ECF No. 412. The Court should deny the DOJ's Motion because it articulates no specific interest capable of protection. The Motion should also be denied because the DOJ is seeking *one entire week* to articulate an interest and thus the Motion threatens to disrupt the deadlines for fact and expert discovery and the schedule put in place by this Court.[1] To the extent the Court is inclined to grant the DOJ's Motion, the Court should order the DOJ to file any Statement of Interest by the end of day tomorrow, April 25, 2024, given the imminent end of fact discovery, the parties' shared interest in obtaining relevant materials, and Plaintiffs' request for an emergency hearing concerning their request for a modification of the Scheduling Order. *See* ECF No. 410, at 1.

---

[1] In addition, the DOJ failed properly to meet and confer in advance of filing the Motion. The DOJ provided notice via email of its intent to file "imminently" shortly before 5am Central time today and then filed their Motion before 9am Central time. Local Rule CV-7(h) demands parties' meaningfully meet and confer in good faith before seeking judicial intervention.

1

Yesterday, the parties in this case filed a Joint Motion for an Order for Reproduction of Discovery ("Joint Motion"), along with a stipulation and proposed order ("Proposed Order"). ECF Nos. 402 and 402-1.  The Joint Motion seeks entry of a Proposed Order that would enable the parties in this case to use relevant discovery materials produced by ***third parties*** in *United States v. Google LLC*, No. 1:23-cv-00108 (E.D. Va.) ("EDVA Action") during the coordinated discovery period between the EDVA Action and *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y.).  *See id*.

The Court should deny the DOJ's Motion because it articulates no legitimate interest for the Court to protect.  As an initial matter, the Motion does not identify any interest, referring vaguely only to "the potential to implicate" unspecified "interests of the United States in litigating" the EDVA Action.  ECF No. 412, at 1.  And no matter how much time it has, the United States will not be able to articulate any interest requiring protection because the Joint Motion and the Proposed Order filed by the parties in this case does not call for production of materials produced by the United States; rather, it addresses only materials produced by ***third parties*** in the EDVA Action.  ECF Nos. 402, at 1; *see also* ECF No. 402-1, at 1-2 (paragraphs 1 and 2).

Notwithstanding the DOJ's claim, the "relief sought" in the Joint Motion does not "conflict with the modified Protective Order currently in place in the Virginia Action." Mot. at 1.  To the contrary, and as set forth in the Joint Motion, the explicit purpose of the Proposed Order is to "enable the parties to use those relevant discovery materials in this case *in a manner that is consistent with the governing Modified Protective Order in the EDVA Action* (entered as docket entry 203 in the EDVA Action)."  ECF No. 402, at 1 (emphasis added).  To that end, the Proposed Order requires that third parties be provided with notice and an opportunity to move

for a protective order if they object to their materials being reproduced in this case—notwithstanding that their materials had already been reproduced in the MDL, to which Google and (until recently) Plaintiffs were parties. *See* ECF No. 402-1, at 1-2 (paragraphs 1 and 2 expressly subjecting any reproduction of discovery materials to the Modified Protective Order in the EDVA Action, and paragraph 3 provides an avenue for third parties to seek protective orders).

Just last month, the DOJ (through counsel for Texas) advocated for the *mandatory* production—*in this case*—of the very same materials that they now claim an unspecified interest in protecting. Hr'g Tr. (Mar. 21, 2024 38:14-17) (counsel for Texas reading an email from the DOJ into the record: "The United States believes that the coordination order previously signed by Judge Jordan, Docket 266, should be rendered effective notwithstanding Judge Castel's order in SDNY, declining to order further coordination."); *see also* ECF No. 266 ¶ 2 (providing that counsel "must disclose" shared discovery, including materials produced in the EDVA Action, within "five (5) business days").

The only thing that has changed since then is that, on April 19, 2024, Magistrate Judge Anderson denied the DOJ's request to obtain transcripts of depositions in this case for use in the EDVA Action.[2] The DOJ argued there was a risk to them in permitting only Google to share information across cases,[3] but Magistrate Judge Anderson ruled in Google's favor. In addition, Magistrate Judge Anderson referred to the risk that the modified coordination order sought by the DOJ might be "used as a back door for the MDL Plaintiffs" to obtain transcripts from this case and thus "be backdooring Judge Castel's denial of a request" for coordination with this

---

[2] *United States, et al. v. Google LLC*, No. 1:23-cv-108 (E.D. Va.), Hr'g Tr. (Apr. 19, 2024), 22:14-15; *see also id.* EDVA ECF No. 560 (denying the DOJ's motion).
[3] *Id.* at 12:20-13:16.

case.[4]  Against that backdrop, the DOJ's Motion is a reflection of the fact that they lost the argument going the other way:  Because Magistrate Judge Anderson has denied the DOJ's request for transcripts from this case, the DOJ does not want Google to be able to use third-party discovery materials from the EDVA Action in this case.

DOJ brings its motion under 28 U.S.C. § 517, but that statute does not grant it freewheeling authority to inject itself into any case it wishes. *See United States v. Salus Rehab.*, 2017 WL 1495862 (M.D. Fla. Apr. 26, 2017) (denying the government's motion for leave to file a statement of interest because Section 517 does not provide a "right" to submit a statement of interest and where the United States failed to identify an interest inadequately protected by the relator); *see also* Transcript of Proceedings at 4:8-10, *Deslandes v. McDonald's USA, LLC*, No. 17-cv-04857 (N.D. Ill. Mar. 2, 2022), ECF No. 452 (denying the DOJ's motion for leave to file a statement of interest in antitrust case, noting that "[i]n its motion, the government did not attach a copy of its proposed statement of interest, and the United States does not say in its briefs what its interests are").

Here, the interests of all parties and third parties are adequately protected, and this Court has stated that "both sides are going to get the discovery they need in this case."[5]  The Joint Motion and Proposed Order provide a mechanism to assist the parties in getting relevant discovery into this case, while protecting third parties who have known for months that their productions would be used outside of the EDVA Action as they have already been produced for use in the MDL, of which Plaintiffs were a constituent until recently.

The Court should deny the DOJ's Motion for the additional reason that it will cause delay and threaten the schedule entered by this Court.  Fact discovery closes on May 3, and the DOJ is

---

[4] *Id.* at 22:2-13.
[5] *State of Texas v. Google LLC*, No. 4:20-cv-00957-SDJ (E.D. Tex.), Hr'g Tr. (Mar. 21, 2024), 44:22-23.

asking for a full week, until May 1, to articulate their "potential" interests. Local Rule CV-7(k) requires that motions for leave to file a document be filed "separately and *immediately* before the document for which leave is sought" (emphasis added). Granting the DOJ's Motion would delay entry of the Order jointly sought by the parties in this case and would slow down the process of producing relevant third-party discovery that the parties to this case agree should be made available for use in this case. That delay could have cascading effects if the Plaintiffs were to seek an extension of the schedule for expert discovery due to the production of the third-party discovery after May 3, an extension that they have already sought for other reasons. *See* ECF No. 410, at 3.

Dated: April 24, 2024

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (pro hac vice)
Freshfields Bruckhaus Deringer US LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4500
eric.mahr@freshfields.com

*Attorneys for Defendant Google LLC*

### CERTIFICATE OF SERVICE

      I certify that on April 24, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter
