**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan<br><br><br>Special Master: David T. Moran |

**PLAINTIFF STATES' RESPONSE TO GOOGLE'S APRIL 23, 2024
BRIEF TO THE SPECIAL MASTER**

Pursuant to the Special Master's Order (ECF No. 227), the Plaintiff States ("States") respectfully submit this response to Google's brief, filed on April 23, 2024 (ECF No. 406).

## ARGUMENTS

Google's only request in its brief relates to Google's complaint that Texas's Rule 30(b)(6) witness did not testify about the contents of attorney work product memoranda related to attorney-directed investigative interviews of third parties.  Simply put, Google wants the Special Master to order the States to designate another witness to review the attorney work product memoranda and then disclose portions of them to Google.  That is impermissible under the attorney work product doctrine and the Special Master's past order on this issue.  The Special Master previously recognized these memoranda as "otherwise privileged work product" and accordingly denied Google's past attempt to discover them in written, redacted form.  ECF No. 289 at 7.  Google cannot now discover their contents through testimony.  The same result is warranted here: Google's complaints should be rejected and denied.  *Id.* at 6-7.

Texas's Rule 30(b)(6) witness also designated to testify on issues common across the States.  And that he did.  He testified on myriad topics, and his deposition ran for nearly twelve hours, from 9:12 a.m. to 8:34 p.m. on April 17, 2024—for a total of close to 8.5 hours on the record.  *See* ECF No. 406, Ex. 5.  To prepare for his deposition, he "reviewed hundreds of pages of documents, including the documents that are listed in the deposition notice, met with counsel, probably spent 30 or 40 hours reviewing documents and getting brushed up on the case and getting updates on the background of the case, where it is now, and then understanding all of the factual bases for the claims that were made in the -- in the various documents at issue and the deposition notice."  *Id.* at Tr. 16:6-14.  By contrast, of those actually produced, some of Google's Rule 30(b)(6) witnesses have reviewed little to no documents and have been unprepared to testify about aspects of their designated topics.

The States, therefore, strongly dispute Google's broad assertion that Texas's Rule 30(b)(6) witness lacked adequate preparation.  His deposition and level of preparedness were both more than satisfactory to discharge the duties of the State of Texas and other Plaintiff States on the topics for which he was designated.  Indeed, Google's deposition of him was less focused on discovering "facts" and was, instead, overwhelmingly aimed at establishing that (a) he was somehow unprepared, and (b) that he could not identify, by specific Bates Number, the documents that form the basis of sentences pulled at random from a Complaint or Interrogatory Responses that are hundreds of pages long.  These efforts by Google failed, as the witness provided more than adequate testimony on the non-privileged factual issues on which he was designated to testify.

Also lacking in merit is Google's specific complaint about the witness's testimony regarding the attorney work product memoranda related to attorney-directed investigative interviews of third parties.  Contrary to Google's assertions, the States have never represented that

there were clean, non-privileged facts to discover in those memoranda, nor agreed to disclose the contents of those attorney work product memoranda.   In fact, Google tried to discover those memoranda in late February 2024, asking the Special Master to order that they be produced in redacted form to disclose the "facts."  ECF No. 372.  In response, citing law from this District, the States explained that:

> All of the memoranda at issue—prepared at the direction of OAGs in anticipation of litigation, by attorneys or law clerks of those OAGs, and with their mental impressions and opinions about the interviews—constitute protected privileged documents, as well as opinion or core work product that even Google acknowledges are highly protected.  *See id.* at 5.  Not just that: as courts in this District have recognized, "opinion work product is afforded an almost absolute protection from discovery" and requires a demonstration of "a compelling need for the information." *United States v. Rodgers*, 2022 WL 1074013, at *6 (E.D. Tex. Apr. 8, 2022) (Mazzant, J.).   Specifically, in *Rodgers*, Judge Mazzant denied the defendant's motion to compel testimony about third-party interviews because "even if the DOJ Witnesses testified only as to their 'interviews with witnesses related to the investigation' … these, too, would constitute opinion work product." *Id.* at *7 (citing *Smith v. Diamond Offshore Drilling, Inc.*, 168 F.R.D. 582, 585 (S.D. Tex. 1996) (concluding that investigatory reports that contain summaries of witness interviews are opinion work product because the reports are "suffused" with the investigator's mental impressions and conclusions) and *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991) (finding that opinion work product includes notes and memoranda created by an attorney or his agent, regarding witness interviews, because they contain mental impressions)).[1]
>
> Here, the OAG attorneys' and law clerks' memoranda are likewise "suffused" with their mental impressions and evaluations of the interviews, rendering the entire memoranda opinion work product and incapable of being redacted.  *See Smith*, 168 F.R.D. at 585; *Brady*, 238 F.R.D. at 442.  The memoranda are not transcripts or

---

[1] Other decisions by Judge Mazzant and courts in this Circuit have likewise protected attorney interview notes as opinion work product.  *See Butler v. Am. Heritage Life Ins. Co.*, 2016 WL 367314, at *7 (E.D. Tex. Jan. 29, 2016) (Mazzant, J.) ("Documents thirty-two through thirty-four consist of handwritten notes that Mueller created when conducting his investigation. The Court finds that these documents would contain the 'mental impressions, conclusions, opinions, or legal theories' as created by a lawyer or a representative for Allstate.");  *S.E.C. v. Brady*, 238 F.R.D. 429, 442 (N.D. Tex. 2006) ("Examples of opinion work product include notes and memoranda created by an attorney or his agent, regarding witness interviews, because they contain mental impressions. … Investigatory reports that contain summaries of witness interviews are also opinion work product because the reports are 'suffused' with the investigator's mental impressions and conclusions.");  *Fisher v. Halliburton*, 2009 WL 10694752, at *7 (S.D. Tex. June 9, 2009) (attorney notes and memoranda of witness interviews are "clearly protected opinion work product"). ….

recordings of verbatim witness testimony.

ECF No. 278 at 4-6.  In short, Google has been on notice for at least two months of the States' position that all of the attorney work product memoranda are entirely protected and cannot be redacted or disclosed to reveal discrete, separable facts.

The States' position reflects well-established law on the work product doctrine, which exists to allow attorneys to "assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).  The Supreme Court has further advised that: "Under ordinary circumstances, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness.  No legitimate purpose is served by such production." *Id.* at 513.

The Special Master agreed with the States on this issue, denying Google's request to discover even redacted versions of these memoranda and finding that "Google has not made the requisite showing to obtain otherwise privileged work product—that is, a showing of 'substantial need' or 'undue hardship' … there is nothing in the record to show Google has made efforts to interview or depose the identified persons to learn more about each person's knowledge or information." ECF No. 289 at 7.  The Special Master further recognized that the States had already disclosed to Google the non-privileged facts: "The States' Rule 26 Disclosures from October 2022 and recently Amended Disclosures are comprehensive, identifying 74 third parties and additional individuals associated with third parties who are entities, along with the subject matter on which such individuals are knowledgeable, and often including their counsel and contact information. Further, the States produced all documents they received from those third parties and correspondence exchanged during their investigations, further providing relevant information to

Google in compliance with Rule 33(d). The responses are sufficient for Google to continue to mount its defense, including an unrestricted ability to attempt to interview or depose the identified persons." *Id.* at 6-7.

Consistently, when discussing Rule 30(b)(6) topics with Google, the States reiterated and fully reserved their privilege concerns and objections:

> In particular, as we explained on our meet and confers and to the Special Master, the States, in their unique position as government enforcers, have significant and legitimate concerns that the Rule 30(b)(6) depositions sought by Google will necessarily and primarily seek testimony on privileged information and communications and protected attorney work product, in the form of attorney mental impressions and evaluations. Google's claims that it seeks only the "facts" is belied by the fact that the States have, subject to the ongoing discovery and supplementation, provided all of their available factual basis of their claims in their lengthy complaint, interrogatory responses, document productions, and other productions and correspondence to Google. Anything beyond those already-provided facts will seek testimony on the OAG's legal strategy, theories, opinions, and mental impressions, deliberations, and evaluations about those (again) already-provided factual basis, **to which the States are entitled to object and refuse to disclose**.[2]

---

[2] *See Kentucky v. Marathon Petroleum Co. LP*, 2018 WL 3130945, at *3–5 (W.D. Ky. June 26, 2018) ("The Commonwealth has submitted a signed affidavit from an Assistant Attorney General in the Office Consumer Protection, a division of the OAG, stating that the only people with suitable knowledge about this case are OAG attorneys or those who have worked directly under them, such as the investigators and paralegals …. It only follows that should an OAG attorney prepare another member of the office to testify at the deposition, that employee would necessarily be repeating the information the attorney told him. The Court sees little difference between an OAG attorney testifying directly and an OAG non-attorney testifying armed only with information conveyed to him by the attorney. Although Marathon claims that it seeks only facts and not any privileged material, 'it is the selection and compilation of the relevant facts that is at the heart of the work product doctrine.' … the Court GRANTS the Commonwealth's motion for a protective order."); *F.T.C. v. U.S. Grant Res., LLC*, No. CIV.A. 04-596, 2004 WL 1444951, at *9-*11 (E.D. La. June 25, 2004) ("The defendants' notice would require the FTC to identify and produce for deposition a person who could testify on the commission's behalf and is knowledgeable as to the twenty four matters the notice delineates. The matters enumerated basically involve the results of the FTC's investigation of the allegations set forth above, the roles and identification of FTC employees involved in the investigation, the extent of FTC reliance on work product of various employees, the policies and procedures invoked in this particular investigation, *inter alia*. Having reviewed the parties' submissions, record and the applicable law and considering the argument of counsel, the Court finds that the 30(b)(6) notice is an inappropriate attempt to depose opposing counsel and to delve into the theories, opinions and mental impressions of FTC attorneys. … the FTC is entitled to the protective order it seeks and the defendants' Rule 30(b)(6) notice must be quashed.").

These cases apply the *Shelton* test, which the Fifth Circuit has likewise cited to. *Nguyen v. Excel Corp.*, 197

ECF No. 345-1 at 4-5 (emphasis added).  Along those same lines and as Google itself quotes, the States represented that: "We are agreed with scope. And you'll see that each State has essentially agreed to testify about everything **except, of course, anything that's privileged or protected across all the topics**." ECF No. 406, Ex. 3 at 37:18-21 (emphasis added).

It should, therefore, have come at no surprise to Google that the States' Rule 30(b)(6) witnesses would not testify about the privileged contents of the attorney work product memoranda. The States' counsel reiterated that position again during the Texas 30(b)(6) deposition.  *See, e.g.*, ECF No. 406, Ex. 5, Tr. 85:17-86:16.  But, contrary to Google's arguments, the witness did answer questions regarding non-privileged facts related to the States' communications with and investigative interviews of third parties.  *See id.* Tr. 191:2-195:19.

Google's cited law is inapposite and does not change the result here.  None of its cited cases dealt with a situation where a party was compelled to produce a Rule 30(b)(6) witness to parse and testify about the contents of attorney work product.  And, contrary to Google's assertion that "a party may not 'unilaterally decide[] to block discovery into topics clearly identified in a 30(b)(6) deposition notice'" (ECF No. 406 at 6), there is no question that parties can object and refuse to testify about privileged and work-product-protected matters.  Indeed, Google's counsel has instructed its own fact and 30(b)(6) witnesses to not testify based on privilege assertions.

Instead, under the relevant law, Google has not even come close to making the required showing to discover the contents of the attorney work product memoranda—via production or testimony.  *See* ECF No. 289 at 7.  Just as Google failed to make that showing two months ago, it

---

F.3d 200, 209 (5th Cir. 1999) (citing to the *Shelton* test with approval); *Ring Plus, Inc. v. Cingular Wireless, LLC*, No. 2:06-CV-159-DF, 2008 WL 11348478, at *3 (E.D. Tex. Feb. 13, 2008) (discussing and applying the *Shelton* test); *McKinney/Pearl Restaurant Partners, L.P. v. Met. Life Ins. Co.*, No. 3:14-cv-2498-B, 2016 WL 3033544, at *5 (N.D. Tex. May 26, 2016) (noting that district courts within the Fifth Circuit have applied the *Shelton* test, and applying it); *National Western Life Ins. Co. v. Western Nat. Life Ins. Co.*, No. A-09-CA-711 LY, 2010 WL 5174366, at *3 (W.D. Tex. Dec. 13, 2010) (finding the *Shelton* test applicable).

has not done so in its current brief either.  The fact remains that—**for the past several years**, based on the States' disclosures and productions—Google has known the identity and contact information of the third-party interviewees and could have interviewed, and still can interview and/or depose, these third parties itself and elicit non-privileged information from them.  Google also possesses the information it claims to seek in various other forms, including: (a) the identity of all relevant third party entities and individuals, the subject matter of their relevant knowledge, and their contact information, provided in the States' amended initial disclosures; (b) the production to Google of all written communications between the States and third parties; (c) the production to Google of all documents received from third parties in response to civil investigative demands; and (d) the identification of all third parties (entities and individuals) interviewed, the date of the interview, and other non-privileged information about the interviews, disclosed in Texas's privilege log.

In sum, there is no basis in law of fact to order the States to designate another Rule 30(b)(6) witness to testify about the contents of the attorney work product memoranda related to the attorney-directed investigative interviews.  The memoranda and testimony about them are protected attorney work product and mental impressions, with no separable non-privileged facts. Google has not made the required showing to discover them via deposition testimony.  And Google has obtained and can obtain the non-privileged facts from the States and third parties, respectively.

## **CONCLUSION**

As shown above, the Special Master should deny Google any and all relief sought in its April 23, 2024 Brief.

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | 1101 Connecticut, N.W., 11th Floor |
| | Washington, DC 20005 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier
Law Firm only), Mississippi, North Dakota,
Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

8

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on April 26, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Mark Lanier*
Mark Lanier
