UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al., | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| GOOGLE LLC, | ) Civil Action No. 4:20-cv-00957-SDJ |
|  | ) |
|  | ) |
| Defendant. | ) |
|  | ) |
|  | ) |

**UNITED STATES' STATEMENT OF INTEREST REGARDING THE PARTIES'
JOINT MOTION FOR AN ORDER FOR REPRODUCTION OF DISCOVERY**

The United States respectfully submits this statement of interest regarding the above-captioned parties' Joint Motion for an Order for Reproduction of Discovery ("Joint Motion") filed in this action on April 23, 2024. *See* Dkt. No. 402. That Joint Motion, which was filed without prior notice to or conferral with the United States, seeks wholesale production in this action of all discovery materials, including all documents and deposition transcripts, produced by all non-parties in the action filed by the United States and seventeen sovereign states that is currently pending in the United States District Court for the Eastern District of Virginia. *See United States, et al. v. Google LLC*, 1:23-cv-00108-LMB-JFA ("Virginia Action"). Included in those discovery materials are a large number of documents that the United States collected from numerous non-parties as part of its pre-complaint investigation of Google's anticompetitive conduct in the advertising technology ("ad tech") industry. The United States respectfully requests that this Court exercise its discretion to direct Google to raise the relief requested by the Joint Motion in the first instance with the U.S. District Court for the Eastern District of Virginia,

where (i) those discovery materials were produced; (ii) the Court issued a Protective Order ("Virginia Protective Order")[1] governing their potential use in other matters, *see* Ex. 1; and (iii) the Court entered a Coordination Order, *see* Ex. 2, outlining the circumstances under which those discovery materials could and could not be used in related litigation.

## DISCUSSION

### A. It is at best debatable whether the Virginia Protective Order permits Google to seek the relief in the Joint Motion before this Court.

The proposed order attached to the Joint Motion twice states that the relief sought is "[s]ubject to and consistent with Paragraphs 25 through 27 of the Virginia Protective Order in the EDVA Action." Dkt. No. 402-1, at 1-2. Neither the Joint Motion nor the associated proposed order explains how or why the relief sought is consistent with the Virginia Protective Order. Indeed, a pragmatic reading of paragraphs 25 through 27 shows that they exist to protect a party in the Virginia Action that has received a subpoena or other compulsory process from a litigant in another action. In other words, paragraphs 25 through 27 are intended to provide a shield against disclosure to protect the interests of parties and non-parties in the Virginia Action. Google, however, seeks to transform those provisions into a sword, allowing Google to utilize discovery across cases. Two lines of text in paragraph 25 illustrate why this is so:

First, paragraph 25 sets forth the procedure that a party must follow "[i]f [that] Party is served with a lawful subpoena or a court order issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in the Action as Confidential or Highly Confidential." Ex. 1 at

---

[1] The operative protective order in the Virginia Action is entitled "Modified Protective Order" because of a 2023 change in certain provisions from the original protective order issued in the Virginia Action. The modification has no bearing on the issues here.

26, ¶ 25. The use of the term "served with" indicates that this section is designed to provide guidance when a litigant in the Virginia Action receives some outside legal demand or order, sought by some entity. Here, Google is effectively claiming to serve itself with legal process to fall within the scope of the provision.

Second, paragraph 25(b) instructs the recipient of the court order to "promptly notify in writing the Person or entity who issued the subpoena or caused the order to issue in the other litigation that some or all of the material covered by the . . . order is subject to [the Virginia Protective Order]." *Id.* at 26, ¶ 25(b). Implicit in that language is that the "Person or entity" who "caused the order to issue in the other litigation" is not the *very same entity* who is receiving the order for production.[2] Here, by contrast, Google is *affirmatively seeking* an order from this Court, directed back at itself, to produce a vast swathe of non-party discovery from the Virginia Action.

The relief sought in the Joint Motion also has significant policy implications for the treatment of non-party materials that the U.S. Department of Justice gathers during its pre-suit antitrust investigations. If Google or any other litigant can affirmatively seek judicial authorization in another court to use investigative materials gathered by the U.S. Department of Justice, particularly where, as here, Google did not even advise the Department of Justice of its intent to do so, the United States may be hampered in its efforts to safeguard and monitor the use of those investigative materials. The less control and visibility the United States has over its investigative materials, the more difficult it is for the United States to credibly assure non-

---

[2] Similarly, to the extent the entity that "caused the order to issue in the other litigation" is this Court and not Google, the same reasoning holds. The entire premise of the Joint Motion is that certain materials are subject to the Virginia Protective Order. A separate notification of this Court to that effect would be superfluous.

parties, many of whom often fear retaliation or exposure of their sensitive information by far larger, more powerful companies, as to the protections that will be afforded the information they provide. In turn, less assurance on this score has the potential for a chilling effect on cooperation by non-parties in future antitrust investigations.[3]

    B.  **The Court should direct Google to present its request to the U.S. District Court for the Eastern District of Virginia in the first instance.**

Given (i) the potential conflict with the spirit and purpose of the Virginia Protective Order, (ii) the broader policy issues implicated, and (iii) Google's inconsistent position regarding the degree to which discovery in this action should or should not be coordinated with discovery in the Eastern District of Virginia, the United States respectfully requests that Google be directed to present its request to disclose discovery from the Virginia Action to the U.S. District Court for the Eastern District of Virginia in the first instance. *See Mugworld, Inc. v. G.G. Marck & Assocs., Inc.*, 2007 WL 2229568, at *1 (E.D. Tex. June 15, 2007) ("While courts may vacate protective orders issued by another court where the case has been closed or otherwise dismissed, . . . when the other matter is ongoing, courts have held that any request necessitating the modification of the protective order by directed to the issuing court."). Such a weighty determination about the permissible use of materials produced in the Virginia Action is best made in the first instance by—or at least initially presented to—the court that issued the Virginia Protective Order.[4] *See id.* (declining to "disregard the order of another court, especially when

---

[3] The procedural history of the last three days is illustrative: the United States only found out about the Joint Motion on the same day it was filed, and then had to move expeditiously to inform the Court of its concerns. One could envision an alternative scenario where the United States would not learn of an effort to share its investigative materials until after an order permitting such disclosure had already been entered.

[4] The relief sought in the Joint Motion also has significant policy implications for the treatment of agency investigative files in antitrust cases. The U.S. Department of Justice typically provides a defendant in a civil antitrust enforcement action with a copy of its investigative file at or near

4

[the plaintiff] has not yet sought relief from the issuing court itself"). To date, Google has not sought authorization from the U.S. District Court for the Eastern District of Virginia to use discovery in the Virginia Action in this manner. And, as set forth below, Google has objected to the United States' attempt to seek coordination between this action and the Virginia Action.

    **C.    Google's inconsistent positions concerning the sharing of discovery between this action and the Virginia Action require that both Courts have a complete picture of the positions taken by the parties with respect to coordination.**

The United States has consistently supported the goal of appropriate and efficient sharing of discovery between this action and the Virginia Action. Such coordination is in the best interest of all parties, including non-parties, and the interests of justice. The United States informally made that position known by submitting to the parties a statement that was read into the record at a previous hearing before this Court on the subject of coordination. *See* Ex. 3, Transcript, March 21, 2024 Status Conference, at 38:2-39:1 (E.D. Va.) (quoting email from U.S. Department of Justice trial attorney, stating in part, "The United States believes that the coordination order previously signed by Judge Jordan, Docket 266, should be rendered effective notwithstanding Judge Castel's order in SDNY, declining to order further coordination."). After the United States' position was made known to the Court, counsel for Google stated the following to the Court:

> We've actually had productive discussions over the last two days where Google has made it very clear to plaintiffs *that as regards Virginia, we intend to do everything that we can to sort of continue the effectuation of the existing coordination order that was entered in Virginia and the MDL*. And we have made it very clear to

---

the time that litigation commences. As the Proposed Order appended to the Joint Motion recognizes, that investigative file tends to include non-party materials produced to the United States in the course of its investigation. *See* Proposed Order to Joint Motion at ¶ 1, Dkt. No. 402-1 (referencing productions "made in connection with . . . the United States['] related pre-suit investigation into Google"). Google should not be permitted to make use of those investigative materials in other litigation whenever it: (1) desires to do so; and (2) can obtain an order from the court presiding over that other case authorizing such use.

5

> plaintiffs that we are prepared to make Google -- continue to make Google's documents and data available and to otherwise coordinate with respect to that existing coordination order. But the situation we find ourselves in with respect the MDL is somewhat more complicated.

See *id.* at 42:15-42:25 (emphasis added).

However, when the United States and its co-plaintiffs in the Virginia Action sought to amend that very same "existing coordination order that was entered in Virginia and the MDL" to provide for efficient access to depositions and documents between the Virginia Action and this case, Google vigorously opposed that effort. *See* Ex. 4, Google Opp. Br. Mot. Amend Coordination Order (E.D. Va.); Ex. 7, Transcript, April 19, 2024 Mot. Hrg., at 13:24-16:17 (E.D. Va.). The United States sought to amend the coordination order in the Virginia Action so that documents and information collected in the Virginia Action would be available to all parties in this action. At the same time, the United States also sought to obtain permission from both Courts to allow the United States and its co-plaintiffs to have reciprocal access to the transcripts of depositions taken in this action, so Google would not be afforded an asymmetrical information advantage at the upcoming trial in the Virginia Action. The Virginia plaintiffs sought this amendment to prevent a situation where Google (but not the Virginia plaintiffs) had the benefit of relevant deposition transcripts and documents pertaining to potential or actual trial witnesses. *See* Ex. 4, Pls. Br. Mot. Amend Coordination Order, at 7-11(E.D. Va.). Google argued, among other things, that the proposed amendment of the coordination order would give the Virginia plaintiffs a "one-sided advantage of discovery proceedings in another forum after discovery in [the Virginia Action] has closed." Ex. 5, at 5.

The magistrate judge in Virginia ruled from the bench in Google's favor. *See generally* Ex. 7. The deadline for filing objections to the magistrate judge's ruling under Federal Rule of

Civil Procedure 72(a) is May 3, 2024. The United States and the other Virginia plaintiffs—seventeen other sovereign States with their own Attorneys General—are coordinating and considering whether to seek additional relief with respect to the magistrate judge's order.

Google should not be able to use its status as a defendant in both matters to take contrary positions before the two different tribunals. Instead of asking this Court to amend the Virginia Protective Order in a manner that may have negative ramifications for future antitrust investigations, Google should be directed to make its arguments to the Court that issued the Virginia Protective Order, and the Coordination Order, in the first place.

Dated: April 26, 2024

Respectfully submitted,

DOHA G. MEKKI
Principal Deputy Assistant Attorney General
Antitrust Division

/s/ *Julia Tarver Wood*
JULIA TARVER WOOD

United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0077
Fax: (202) 616-8544
Email: Julia.Tarver.Wood@usdoj.gov

**ATTORNEYS FOR THE
UNITED STATES OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify on this 26th day of April, 2024, I caused a true and accurate copy of the foregoing to be filed using the Court's CM/ECF system, which will send an electronic notice of filing to all counsel of record.

/s/ *Julia Tarver Wood*
JULIA TARVER WOOD
Senior Litigation Counsel