IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**<u>BRIEF IN RESPONSE TO</u>**
**<u>PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT...................................................................................................1

BACKGROUND.....................................................................................................................2

ARGUMENT.........................................................................................................................5

    A. Plaintiffs' Various Excuses For Seeking a Modification of The Scheduling Order At This Late Juncture Are Woefully Inadequate.......................................................6

        1. Plaintiffs Have Not Been Diligent With Respect To Documents...........................6

        2. Plaintiffs Have Not Been Diligent With Respect To Depositions..........................9

    B. Plaintiffs Have Not Met Their Burden To Establish The Importance of the Modifications That They Seek............................................................................12

    C. Google Will Be Prejudiced By Plaintiffs' Proposed Amendments............................14

    D. Plaintiffs Have Already Conceded That A Continuance Of The Expert Discovery Deadline Is Not Necessary.............................................................................15

CONCLUSION....................................................................................................................15

## PRELIMINARY STATEMENT

Just five business days before the close of fact discovery, and ***more than four years*** after their investigation of Google commenced, Plaintiffs apparently still do not yet know who to depose.  Having noticed more than 46 depositions—well over the limit set by this Court—and taken sixteen,[1] Plaintiffs now make the stunning concession that they are still "assessing" which depositions to take and "expect to make those decisions soon."  ECF No. 432 ("Mot."), App'x A, at 3 n.1; *id.* at 4 n.3. Those concessions contrast sharply with Plaintiffs' representations to this Court upon remand that Plaintiffs had all that they needed to proceed to trial such that fact discovery could conclude in ***mid-February 2024***.  Dec. 14, 2024 Hr'g Tr. at 10:11-12.

Plaintiffs have failed to diligently seek the discovery they want within the discovery period allowed by the Court.  They contend that more time is needed because they have not been able to depose Google witnesses, but Google has provided Plaintiffs with everything they need to do so—timely providing dates for noticed Google employees, *see* Ex. A, including corporate designees in response to Plaintiffs' sprawling 107 Topic 30(b)(6) notice.  *See infra* at 10-11.  In their Supplement in Support, ECF No. 435, Plaintiffs complain there are many depositions scheduled for this week, including 13 scheduled for May 3.  But Plaintiffs gloss over the fact that they waited until the last minute to issue ***nine*** Rule 30(b)(1) Notices, all of whom Plaintiffs noticed for May 3, 2024.

Further demonstrating their lack of diligence, on April 15, 2024, just 18 days before the close of fact discovery, Plaintiffs noticed the third party depositions of 21 entities without having scheduled any of these depositions.[2]  Moreover, their notices do not even identify whether Plaintiffs intended these depositions to proceed under Federal Rule of Civil Procedure 30(b)(1)

---

[1] Including approximately 27 hours of 30(b)(6) testimony.
[2] Plaintiffs have since withdrawn their notices or cross-notices for six of these depositions.

or 30(b)(6) and fail to provide topics that could begin meaningful conversations about the subject matter of the depositions.   Certainly, Plaintiffs have not demonstrated diligent efforts to seek discovery within the allotted time.

Google agrees with Plaintiffs that no hearing is necessary.   Certainly, no basis has been articulated for broadly extending discovery for Plaintiffs to conduct whatever discovery they deem necessary.   With a handful of specific exceptions, discovery can be completed this week and no modifications to the schedule are necessary or warranted.[3]   Any discovery that falls into these narrow exceptions has been identified with specificity and Plaintiffs' motion seeking a modification of the Scheduling Order should be denied for failure to show good cause.

## BACKGROUND

Three years ago, Plaintiffs represented to the Court that "the burden is really upon [Plaintiffs] to find how we can take the depositions, how we can do the documents, how we can prepare the experts, how we can defend the necessary discovery within the time frames of what we believe to be a reasonable time frame for this Court."   May 6, 2021 H'rg Tr. at 16:13-18. Arguing for an accelerated fact discovery cutoff and trial schedule, Plaintiffs represented to the Court that their proposed schedule could be met because "we'll have huge teams working on this litigation."   *Id*. at 17:4.   Notwithstanding those representations, in the three months between entry of a scheduling order and centralization of the case, Plaintiffs did not notice or take a single one of the 60 depositions they were allocated under that scheduling order.

History is repeating itself.   Following remand, Plaintiffs represented to this Court on November 14, 2023 that "[i]n view of the proceedings and discovery already conducted in the

---

[3] The status of Rule 30(b)(1) witness scheduling is summarized in Exhibit A.  And the status of negotiations regarding Rule 30(b)(6) Topics is summarized at 10-11, *infra*.  Other than the small numbers of witnesses and Topics identified as open issues, Google believes that all remaining discovery can be completed by the May 3, 2024 fact discovery cut-off.

MDL, the States believe this Court should set an expeditious trial date." ECF No. 157 at 5. Plaintiffs proposed February 14, 2024 as the close of fact discovery, with Plaintiffs' expert reports due on February 28, 2024. *Id.* at 8.

The Court invited submissions from the parties to inform the schedule. Plaintiffs told the Court that the existing coordination order could be entered "along the lines of what Judge Castel did, but extending the time period." Nov. 20, 2023 Hr'g Tr. at 19:25-20:1. Plaintiffs also told the Court that they would use the ESI Order and Confidentiality Order from the MDL with only minor changes. *Id.* at 24:1-6, 30:20-24. And Plaintiffs told the Court that any further DTPA discovery would involve "quick prep work," because the parties would use "the same document search terms . . . perhaps apply[ing] to a new set of custodians." *Id.* at 19:12-16. Plaintiffs did not mention the need for NBA discovery or other third party discovery, which they now assert as bases for their request to extend fact discovery.

Based on the parties' respective submissions and representations, the Court entered a Scheduling Order setting May 3, 2024 as the fact discovery cut-off. Since then, Plaintiffs have changed their position on a variety of discovery and other issues, spending considerable time relitigating issues previously settled when the cases were centralized in the MDL.[4] And Plaintiffs decided that new custodians were not enough for their DTPA discovery and that they would be insisting on additional search terms. *See* ECF No. 235 at 15.

---

[4] *See, e.g.*, ECF No. 201 at 2 (describing Plaintiffs' attempt to relitigate the coordination order by inserting provisions to the benefit of the DOJ and MDL Plaintiffs); March 21, 2024 Special Master H'rg Tr. at 36:9-14 (discussing renegotiating the source code protocol in the protective order to encompass live dashboard inspections); ECF No. 322 at 1 (relitigating metadata and Chats production requirements); ECF No. 246 at 7 (describing "Plaintiffs' requests for *en masse* reproduction" that conflict the ESI Order requirements), 10 (discussing Plaintiffs' demands for linked documents that conflict with the provisions of the ESI Order).

Until now, Plaintiffs have pointed to the May 3 fact discovery deadline and the May 17 deadline for disclosure of expert testimony as the bases to impose tight and burdensome deadlines on Google.[5]  Indeed, just over three weeks ago, Plaintiffs opposed Google's request for an extension of time to produce DTPA discovery through April 26, and insisted that Google produce by April 19, 2024.  April 4, 2024 Special Master Hr'g Tr. at 62:8-63:20.

In the face of Plaintiffs' shifting positions and new demands, Google has deployed extraordinary resources to meet the fact discovery cut-off set by the Court.  Among other things, it has hired 700 additional contract attorneys to achieve substantial completion of production of DTPA-related documents by April 19, 2024, which was the deadline requested by Plaintiffs.  March 21, 2024 Special Master Hr'g Tr. at 73:17-20.  Google has also made other substantial productions on the tight timelines necessary to respond to Plaintiffs' many requests.

Now, with only days left until the close of fact discovery, Plaintiffs complain that they have not yet had the opportunity to review the last of the discovery that they have demanded and would like additional time to do so.  But when viewed in light of Plaintiffs' concession that they have yet to select their deponents as well as their failure to identify the importance of any particular deponent or category of documents, this complaint rings hollow.

Nothing about Google's productions can explain why Plaintiffs waited to notice depositions for more than 20 third parties on April 15, 2024, and without confirming availability for deposition before the close of fact discovery.  Many of these parties were interviewed years ago as part of the initial investigation that gave rise to this lawsuit.  Plaintiffs cannot claim to be

---

[5] *See, e.g.*, ECF No. 284 at 2 (requesting urgent deadlines for production of Google Chats, *Search* trial transcripts, and DTPA-related discovery "given the upcoming fact discovery cutoff"); ECF No. 334 at 3 (proposing to bypass briefing on discovery of EDVA expert reports "given the quickly approaching expert deadlines").

surprised or presented with new information; they've simply not diligently conducted discovery within the time allowed.

For comparison's sake, in response to Requests for Production issued ***fifteen months ago***, Google has received numerous productions from Plaintiffs in the final weeks of discovery.  Only last week, Google received productions from two Mississippi agencies, the Mississippi Development Authority and Mississippi State University), Kentucky's advertising agency Red7e, and an update from Puerto Rico that it had discovered on or about April 24, 2024, that its Office of the Attorney General had used ad tech tools in recent years despite repeated assertions to the contrary.  Puerto Rico subsequently produced almost 1,500 pages of documents (written in Spanish) the afternoon of Friday, April 26, 2024.  Puerto Rico's deposition was scheduled for April 30, and the parties agreed to reschedule it to May 1, 2024 to afford Google time (albeit not much) to consider that production and meet the May 3, 2024 discovery deadline.  The Texas General Land Office promised another production last week, ahead of its scheduled Monday, April 29 deposition.  Utah's Office of the Attorney General produced more than 1,700 pages of documents last week, and Google still plans to take Utah's deposition as scheduled on April 30.

Given the lack of good cause and the prejudice that a modification of the scheduling order would occasion to Google, the Court should deny Plaintiffs' Motion for a modification of the scheduling order.  Google has deployed significant resources in order to meet the existing deadlines.  Having demanded a faster schedule and having insisted that Google comply with that schedule regardless of the costs incurred, Plaintiffs must now comply with it themselves.

## ARGUMENT

Courts consider four factors to determine whether good cause exists to modify a scheduling order: (1) the explanation for the failure to meet the deadline; (2) the importance of the modification; (3) the potential prejudice in allowing the modification; and (4) the availability

of a continuance to cure such prejudice.  *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 850 (E.D. Tex. 2004).  The district court's decision regarding whether to modify a scheduling order is afforded "great deal of deference . . . especially where . . . the record suggests that the movant repeatedly demonstrated a lack of diligence."  *Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008).

### A.   Plaintiffs' Various Excuses For Seeking a Modification of The Scheduling Order At This Late Juncture Are Woefully Inadequate.

"The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. SouthTrust Bank of Ala., NA* 315 F.3d 533, 535 (5th Cir. 2003)); *see also E.E.O.C. v. Serv. Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863 (N.D. Tex. Oct. 13, 2009), aff'd, 679 F3d 323 (5th Cir. 2012).  Here, Plaintiffs fail to meet their burden because all of the document- and deposition-related concerns that they raise are problems of their own making that could have been foreseen and addressed many months ago.

### 1.   Plaintiffs Have Not Been Diligent With Respect To Documents.

In November 2023, when Plaintiffs were pressing for an accelerated fact discovery cut-off, Plaintiffs represented to the Court that they brought on a new law firm specifically to "assist us in the discovery prep of this case" and that they "have worked internally to fortify ourselves for the struggle of meeting any discovery deadline that we can possibly have."  Nov. 20, 2023 Hr'g Tr. at 14:15-15:1.  And there is nothing "unforeseen" or "late breaking" about Google's productions, as Plaintiffs now claim.  Mot. at 9-10.  Google has produced documents on the schedule demanded by the Plaintiffs and set by the Court.

6

**DTPA productions**.   Under Pre-Trial Order No. 3, MDL ECF No. 311, Plaintiffs could have sought discovery specific to their DTPA claims while they were a part of the MDL.   Instead Plaintiffs waited **ten months**—until after remand—to serve additional requests, and represented to the Court that the burden of additional productions would be limited because Plaintiffs were seeking only a "handful" of new custodians and likely no new search terms.   ECF No. 176 at 5. Google timely served its Responses and Objections on December 11, 2023, offering to meet and confer.   Plaintiffs then waited 44 days until January 24, 2024, to engage with Google.   Contrary to their prior representations to the Court, Plaintiffs then demanded 10 custodians and 23 new search terms pulling in millions of document hits, and negotiations ensued.   Google hired 700 review attorneys to meet the Court's deadline, achieving substantial completion by the April 19, 2024 deadline that *Plaintiffs* requested at the March 21, 2024 hearing before the Special Master. Mar, 21, 2024 Special Master Hr'g Tr. at 73:9-10.   Now Plaintiffs complain that the production date they sought and secured is too late.

**NBA/Meta productions**.   Judge Castel entered a stay of discovery as to Meta on November 21, 2022.  MDL ECF No. 394 ¶ 3.  For almost ***seventeen months***, Plaintiffs did not seek to lift the stay.   Upon remand, the Court directed the parties to file discovery status updates to assist the Court to make an informed decision on scheduling.   Plaintiffs did not mention the need for NBA-related discovery in their December 7, 2023 status update, ECF No. 176, or at the discovery conference the following week.   Plaintiffs did not move to lift the stay of discovery until ***three months later*** on March 8, 2024, ECF No. 288, and the Court lifted the stay on March 27, 2024.   ECF No. 327.   Having waited almost ***seventeen months*** to file their motion seeking to lift the stay of discovery, Plaintiffs complain that they are only now obtaining these documents at

the very end of fact discovery.  Both Google and Meta  promptly made productions available to Plaintiffs after the stay was lifted.

**Third party productions**.  Three years ago, counsel for Texas represented to the JPML that, as part of their pre-trial investigation, Plaintiffs "took over 50 statements, equivalent to depositions, before filing the case.  We've got over two million documents.  We've got documents and information from 25 third parties at this point."  July 29, 2021 JPML Hr'g Tr. at 25:7-10.  Three years later, Plaintiffs now have access to ***more than 500 third-party productions*** from their time in the MDL[6]—not to mention the over 760,000 third-party documents that they amassed as part of the Texas Investigative File.  Since Plaintiffs were remanded and Judge Castel denied entry of a coordination order, Google has been working diligently to make available in this case materials produced by third parties in the Virginia Case.  Until last week, Plaintiffs tethered their cooperation in obtaining these materials to Google's agreement to demands made by the plaintiffs in the MDL and the Virginia Case.  It was only after Magistrate Judge Anderson denied that relief that Plaintiffs agreed to Google's proposal to seek an order requiring reproduction in this case.  *See* EDVA ECF No. 560 (Apr. 19, 2024).

**Virginia expert reports**.  The parties have been at an impasse with respect to the early production of expert reports for ***months***.  Plaintiffs first told Google that they planned to move to compel production of expert reports at a meet and confer on March 21, 2024.  Google invited Plaintiffs to file their brief but they did not.  The following week the parties met and conferred again and Google again invited Plaintiffs to file their brief but they did not.  And then the

---

[6] This does not include the more than 40 (and counting) third-party productions made in response to Google's subpoenas issued since remand to this Court.  Google will continue to share incoming third-party productions as they are received in the coming days.

following week Plaintiffs changed course and suggested to the Special Master that no further briefing was necessary.  ECF No. 334 at 2-3.[7]

### 2.   Plaintiffs Have Not Been Diligent With Respect To Depositions.

Plaintiffs' Motion is significant for its concession that Plaintiffs do not yet know who they plan to depose.  Plaintiffs have taken or noticed more than 46 depositions so far.[8]  But rather than point to specific deponents whose testimony needs to be taken outside of the fact discovery cut-off, Plaintiffs concede they are still "assessing" which depositions to take and "expect to make those decisions soon."[9]  As a result, they seek this Court's permission to take "up to 16 additional, already-noticed depositions (or their hours equivalent) by May 24, 2024," but without identifying which ones.  ECF No. 432, Proposed Order at 1.  Meanwhile, apparently without irony, Plaintiffs assert that this can be "accomplish[ed] within three weeks after the fact discovery cutoff and without the need to extend the fact discovery cutoff."  Mot. at 8-9.  If Plaintiffs cannot say whom they plan to depose (much less why), then Plaintiffs cannot establish good cause to extend their time to depose them and so this is fatal to their Motion.  *Hernandez*, 617 F. Supp. 2d at 494 (a party's "lack of diligence with regard to scheduling this witness's deposition precludes it from having the opportunity to depose this witness outside of the discovery period").

Plaintiffs complain that the deposition schedule for the final week of fact discovery is

---

[7] The Special Master has now issued an Order that Google produce these documents.  ECF No. 418.  Google has reached out to Plaintiffs to discuss how to handle the issue of redactions to those reports in light of the fact that they make extensive reference to plaintiff and third party confidential information from the Virginia Case.  But the resolution of these issues does not impact Plaintiffs' ability to conclude its depositions of Google's fact witnesses.
[8] Plaintiffs assert that they "will not exceed their 40-deposition cap[] because several of the 30(b)(6) depositions will not count as a full deposition," Mot. at 10 n.9, but Plaintiffs have yet to confirm which depositions they plan to take, much less how long they will last.  *See* Mot., App'x A, at 3 n.1; *id*. at 4 n.3.
[9] *Id.*

very crowded.  This is unsurprising given that Plaintiffs waited until the last minute to notice **nine depositions**, all of whom Plaintiffs noticed for May 3, 2024.  Notwithstanding the time constraints imposed by Plaintiffs' lack of diligence, Google has made 6 of the 7 noticed current Google employees  available for their deposition either on the date requested by Plaintiffs or before the fact discovery cut off.

Plaintiffs also complain that they "cannot take depositions until Google provides a witness and a date."  Mot. at 10.  But with a handful of specific exceptions (described below), Google has provided all necessary information to complete discovery by the end of this week.  Exs. A and B.

**Third Party Witnesses**.  Just **two weeks** ago, on April 15, Plaintiffs gave Google notice of Plaintiffs' intent to issue a slew of 21 third-party depositions, including several cross-notices.  *See* Mot. App'x A at 4.  But this is not a situation where some late production led to the identification of new third parties.  Rather, many of these parties were interviewed as part of the pre-suit investigation that Plaintiffs conducted **years ago**, and many were also deposed during the Virginia Case.  So there is no explanation for why Plaintiffs did not seek these depositions earlier.  Further, Google has reached out to a number of these third parties and, so far, many of them are unaware of Plaintiffs' deposition subpoenas, suggesting that Plaintiffs have not served or even notified the third parties of the impending depositions.  Under this Court's Scheduling Order, parties are required to produce communications with third parties "within seven days of the communication."  ECF No. 194 at 5.  So far, Google has received nothing from Plaintiffs to suggest that these depositions are being promptly scheduled.

**Plaintiffs' 107-Topic Rule 30(b)(6) Notice**.  Plaintiffs attempt to shift blame to Google for not designating a witness for each and every single one of the 107 topics—and many more of

their subparts—in Plaintiffs' sprawling Rule 30(b)(6) notice.  But Plaintiffs' bluster is belied by the fact that they tried to back out of and reschedule a 30(b)(6) deposition of one of Google's senior engineers—which had been scheduled for more than 3 weeks—just two days before it was scheduled to proceed.  Plaintiffs asserted that they needed more time on consecutive days, but the Court ordered Plaintiffs to proceed with that deposition.  April 18, 2024 Hr'g Tr. at 22:17-19.

Google has in fact responded to all 107 of Plaintiffs' vastly overbroad Deposition Topics, except for those which Plaintiffs declined to engage on during negotiations.  Specifically:

- Google has designated witnesses whose testimony will address 70 of Plaintiffs' noticed topics.
- Google has proposed to address 5 topics using a combination of testimony and verified written responses.[10]
- Google has offered verified written responses to address 2 topics that cannot easily be answered through deposition testimony.
- The Special Master has issued a Report and Recommendation that Google's motion for a protective order be granted with respect to 7 topics that seek discovery-on-discovery subjects.  ECF No. 428 at 2.  (Google previously offered verified written responses to 5 of these topics, but Plaintiffs declined.)
- Google has asked Plaintiffs for further clarification or provided objections to 11 topics.  On April 26, Plaintiffs followed up on 5 of these topics, and Google responded on April 28.  Plaintiffs have not followed up with respect to the remaining 6 topics.
- Plaintiffs have declined to engage on 12 topics during the parties' negotiations.

**Rule 30(b)(1) Notices**.  Google has offered dates for, or completed, 20 depositions noticed by Plaintiffs.  Google expects to promptly schedule the remaining 2 depositions—assuming of course they are not among the notices that Plaintiffs need to withdraw to comply with the 40-deposition limit imposed by the Court.  *See* Ex. A, Deponent Nos. 26, 27.

**Unrepresented former employees**.  Plaintiffs have also issued four Rule 30(b)(1) Notices to former employees of Google that Google's counsel does not represent.  *See* Ex. A, Deponent Nos. 5, 8, 10, 24.  For each, Google has supplied Plaintiffs with contact information

---

[10] With respect to Topic No. 104, Plaintiffs also have not followed up on several of its 17 subparts.

for the individual or their counsel.  Plaintiffs, who bear their burden of showing diligence, do not say in their Brief what specific efforts they have made regarding these four witnesses who are outside of Google's control.

      **Depositions of senior executives**.  Plaintiffs' Motion, filed on Friday, leans heavily on the fact that no deposition dates have been offered for the senior executives that were the subject of the Special Master's Report and Recommendation issued on Thursday evening.  ECF No. 423; *see* Mot. at 2, 6, 10, and 11.  Google is today filing its Objections with respect to two of those three senior executives; the third is already scheduled for May 3 (though Plaintiffs have requested to postpone it).  *See* Ex. A, Deponent Nos. 28, 29.  Regardless of the outcome of that challenge, the objected-to depositions should not go forward until after the conclusion of the scheduled Rule 30(b)(6) deposition regarding the DoubleClick acquisition.  Google anticipates that this deposition will demonstrate that there is no further need for testimony of these senior executives (or will, at a minimum, narrow the scope of what would be appropriate to ask in these depositions).   In any event, these depositions should have no impact on Plaintiffs' ability to prepare expert reports, as the "intent" issues on which they would supposedly focus should not be the subject of expert testimony.

      **B.  Plaintiffs Have Not Met Their Burden To Establish The Importance of the Modifications That They Seek.**

      Three years ago, when Plaintiffs were pressing to set an accelerated timetable for discovery, they represented to the Court that "I don't want the record to be silent that the [Texas] attorney general was indicating [that this case is] the most complicated litigation in the history of the judicial system.  It's not."  May 6, 2021 Hr'g Tr. at 37:1-4; *see also id*. at 36:15-16 ("But *biggest* doesn't mean most *complicated*.") (emphasis in original).  Now, in yet another change in position, Plaintiffs assert that an extension of discovery is necessary "in this complex antitrust

and consumer protection case brought by 17 sovereigns challenging 15-plus years of conduct by Google in the multi-trillion-dollar markets for online advertising."  Mot. at 11.

Plaintiffs cannot meet their burden as to this factor because Plaintiffs have yet to make up their mind which witnesses they wish to depose.  In their Motion, Plaintiffs say nothing about the importance of any particulathx

r deponent (much less why they are "critical") and instead retreat to vague assertions about the importance of the case itself.  *Id.* at 11-12.  That is insufficient to establish good cause to modify a scheduling order.[11]

The only specificity that Plaintiffs provide is the assertion that Google has "failed to provide" witnesses for "essential 30(b)(6) topics such as Reserve Price Optimization, Dynamic Revenue Share, the economics of ad tech markets and Google's restraints, source code, and several subtopics related to header bidding."  *Id.* at 11-12.  But none of that is true:

- Google provided a designee with respect to, among many other topics, Reserve Price Optimization, Dynamic Revenue Share, the real-time interoperation of DFP and AdX, and the material features of Google AdX auction.  This is the deposition that they sought to reschedule and on which they demanded more time.  *See* April 18, 2024 Hr'g Tr. at 21:7-25, 27:7-19.  This witness is sitting again on May 2 and 3.
- To the extent any alleged "restraints" and "source code" pertain to the design and operation of Google's products at issue in this case, Google has provided Plaintiffs with designees for those Topics too (*i.e.*, Topic Nos. 14, 23, 25, and 107).
- As to Topic No. 105 which seeks testimony regarding "Source code and Algorithms . . . used by [Google's] Ad Tech Products and/or Ad Tech Auction Mechanics," we are still waiting to hear from Plaintiffs what they could possibly expect a Rule 30(b)(6) deponent to address that is not already apparent from (i) Google's designation of witnesses to testify regarding the operation of each of the product features at issue and (ii) the more than 80 gigabytes of source code that Google made

---

[11] *Hernandez*, 617 F. Supp. 2d at 496 (denying motion where "the parties do not even attempt to explain either the importance of his potential deposition or why they would be prejudiced"); *Homeland Ins. Co. v. Clinical Pathology Lab'ys, Inc.*, No. 1-20-CV-783-RP, 2022 WL 17421132, at *3 (W.D. Tex. Dec. 5, 2022) (denying motion because "[t]he fact that Homeland waited until the last month of discovery and eight months after it initially sought [this] deposition, however, undercuts the alleged importance of [this] testimony").

available for inspection *nine months ago*.  Plaintiffs have inspected that code *more than 50 times*.

- As for header bidding (Plaintiffs' Topic 104), Google has designated witnesses for 9 of 17 subparts of Topic No. 104, offered verified written responses for 5 of them, and raised objections to 3 of them on which Plaintiffs failed to meaningfully engage.

The same applies with respect to documents.  Three years ago—and again just over three months ago—when Plaintiffs were pressing to set an accelerated timetable for discovery, they represented to the Court that the volume of documents would not be an impediment to moving quickly because "nobody is going to sit there and read those" documents.  May 6, 2021 Hr'g Tr. at  37:21-25.  Instead, Plaintiffs argued, they would "use it as a reservoir from which to draw the water you need to drink.  You don't drink the reservoir."  *Id*.; *see also* Nov. 20, 2023 Hr'g Tr. at 19:12-16 (any further DTPA discovery would involve "quick prep work").

Plaintiffs have amassed an extraordinary amount of discovery in this case.  This includes *millions of documents from Google* and *millions of documents from hundreds of third parties*.  Beyond saying that they would like to spend three additional weeks reviewing more documents, Plaintiffs say nothing about the incremental importance of any documents they have yet to receive or review let alone draw any connection between the documents and the depositions they are still weighing whether to take.

Plaintiffs now assert "third-party document productions cover critical issues like the Network Bidding Agreement," Mot. at 12.  But Plaintiffs assertions of criticality cannot be squared with their failure to pursue this discovery for *17 months* or the omission of this discovery from Plaintiffs' discovery status report which was intended to inform the Court's scheduling decisions.

### C.  Google Will Be Prejudiced By Plaintiffs' Proposed Amendments.[12]

---

[12] Plaintiffs did not meet and confer with Google in connection with their proposed modifications to the scheduling order.

Plaintiffs' primary assertion is that there "is room to modify the schedule . . . without upending the March 31, 2025 trial date." Mot. at 12.  But if granted, Plaintiffs' Motion would have a cascading effect on other deadlines that would prejudice Google.  After expert discovery, the next significant date on the Scheduling Order is Google's deadline to file motions for summary judgment (and *Daubert* motions) on October 18, 2024. ECF No. 194 at 2.  If the trial date remains unchanged, Plaintiffs' proposal will prejudice Google by truncating the time available to prepare summary judgment motions, the time to respond to *Daubert* motions, or the time to prepare for trial.  *See STMicroelectronics, Inc. v Motorola, Inc.*, 307 F. Supp. 2d 845, 851 (E.D. Tex. 2004) (defendant would be "prejudice[d]" by "delay which suggests gamesmanship").  Plaintiffs argue in the alternative that the entire schedule can be pushed out by three weeks.  Mot. at 12-13.  That would also prejudice Google.  Google has deployed significant resources to meet the deadlines set by the Court.  And Google has now planned for a March 31, 2025 trial date.

### D. Plaintiffs Have Already Conceded That A Continuance Of The Expert Discovery Deadline Is Not Necessary.

In December 2023, when Plaintiffs were pressing for an accelerated schedule with their expert reports due on ***February 28, 2024***, Plaintiffs represented to the Court that "[w]e can get our [expert] reports done.  We've known about this for years and years as well, and so we're able to do that."  Dec. 14, 2023 Hr'g Tr. at 13:12-14; *see also* May 6, 2021 Hr'g Tr. at 17:21-22 ("We don't think this is a huge expert litigation.").  Now, Plaintiffs assert that "[o]nce all documents have been produced and all depositions completed, Plaintiffs States' experts will require two to three more weeks to incorporate this discovery into their opening reports."  Mot. at 11.  The Court should not entertain this late-stage change in position.

### CONCLUSION

Google respectfully requests that Plaintiffs' Motion be denied.

Dated: April 29, 2024

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW
Washington, DC 20005
(202) 777-4545
eric.mahr@freshfields.com

Justina Sessions
FRESHFIELDS BRUCKHAUS DERINGER LLP
855 Main Street
Redwood City, CA 94063
(650) 461-8276
justina.sessions@freshfields.com
ATTORNEYS FOR DEFENDANT GOOGLE LLC

**CERTIFICATE OF SERVICE**

I certify that, on April 29, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter