**FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 4:20-CV-957-SDJ |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**GOOGLE'S BRIEF TO THE SPECIAL MASTER**

Google submits the following to the Special Master:

On April 16, 2024, Texas put up a corporate representative, ▮▮▮▮▮▮▮▮ to testify on behalf of Texas and he was designated by the rest of the Plaintiffs to testify regarding all factual issues common to all Plaintiffs' claims. ▮▮▮▮▮▮▮▮ preparedness was problematic, demonstrated by his inability to testify about complaints received by the Texas Office of the Attorney General, to identify the specific advertisers, publishers, and exchanges that are referenced in the Fourth Amended Complaint but who are not named, to set forth the factual bases for alleging different markets exist, and to explain the details of the alleged harm and remedies sought. Google has raised these issues with Plaintiffs by email and has requested that the Plaintiffs provide a witness who is prepared to testify on these issues and has noted that identifying the specific advertisers, publishers, and exchanges in writing would be sufficient for those questions. (*See generally* Ex. 1 (Google's Apr. 23, 2024 Email)).

On one issue, however, the parties have reached an impasse that requires the prompt intervention of the Special Master: Plaintiffs have gone back on the parties' agreement –memorialized before the Special Master–to provide testimony on the factual information conveyed during third-party witness interviews conducted by the Plaintiffs. Plaintiffs confirmed

1

**FILED UNDER SEAL**

in writing and on the record that Texas would prepare a witness to testify on behalf of the States on "the content of the communications" between the State OAGs and the dozens of third parties they interviewed during the investigation. ECF No. 345-1 at 7 (Pls.' March 29, 2024 Ltr.) . Google moved forward with the 30(b)(6) depositions on the understanding that "Plaintiffs specifically confirmed that they do not object to questions probing the facts learned from third-party interviews conducted during their investigation." ECF No. 334 at 4 (April 3, 2024 Status Report).

But Texas's corporate representative, ██████, was not prepared to testify on this topic common to all Plaintiffs and refused to confirm whether the Plaintiffs intend to rely on facts learned during those third-party interviews at trial. Though Plaintiffs maintain that the interview memoranda are protected attorney work product, the underlying facts and representations conveyed by or to the publishers, advertisers, and ad tech companies are not. Plaintiffs must adequately prepare and make available before the close of fact discovery a witness to testify on this agreed topic, so that Google can adequately prepare its defense, or confirm that it no longer intends to rely on any facts obtained in those interviews.

Plaintiffs represented in the March 21, 2024 hearing that they would "come to a reasonable compromise" on protecting attorney mental impressions and memorialize it in a letter. Ex. 2 at 82:1-14, 85:5-11 (Excerpt of March 21, 2024 Special Master Hr'g Tr.). Google made clear on the record before the Special Master, and in meet and confers, that it was seeking only the facts gathered. *Id.* at 82:15-83:3. On March 29, 2024, Plaintiffs sent a letter proposing to narrow Google's 30(b)(6) topics. Plaintiffs' proposed topics included the following:

- **Topic 4:** "The factual basis of Your responses to Google's Interrogatories."
- **Topic 6:** "The factual basis of the allegations in the Fourth Amended Complaint ("FAC"), including (a) the factual basis for the allegations, and (b)

the date on, or the time period during which, you allege that Google engaged in the conduct described in the FAC."

- **Topic 13:** "Communications between You and any third party concerning this Action, including the circumstances surrounding such communications, the identity of the third party individuals or entities involved, the content of the communications, and the dates of the communications." ECF No. 345-1 at 6-7.

On April 2, 2024, Plaintiffs clarified their offer regarding the scope of the 30(b)(6) deposition in a meet and confer, including that Plaintiffs would testify as to the facts learned during third-party interviews. In the April 3, 2024 Joint Status Report, Google confirmed that, based on Plaintiffs' representations on April 2 and set forth for the Special Master, Google was prepared to accept Plaintiffs' offer:

> Google understands that Plaintiffs commit to produce witness(es) to testify on the factual basis for their pre-suit investigation, as well as facts learned through the investigation, which Plaintiffs understand to be subsumed within topics 6 and 13. ***Plaintiffs specifically confirmed that they do not object to questions probing the facts learned from third-party interviews conducted during their investigation.***

ECF No. 334 at 4 (emphasis added). The parties then confirmed this understanding to the Special Master on April 4, 2024, with Plaintiffs stating: "We are agreed with scope. And you'll see that each State has essentially agreed to testify about everything except, of course, anything that's privileged or protected across all the topics." Ex. 3 at 37:18-21 (Excerpt of April 4, 2024 Special Master Hr'g Tr.). Since the deposition, Plaintiffs have reiterated that "[t]he States have no interest in re-negotiating the agreement as reflected in the [] March 29, 2024 States' letter, the April 2, 2024 meet and confer, and the statements by Google to the Special Master in the [] April 3, 2024 Joint Report." Ex. 4 at 3 (Pls.' April 20, 2024 Email).

Despite this, ▓▓▓▓▓▓ was unprepared to testify about any third-party facts. He did not read the third-party interview memos, did not speak to anyone about them, and did nothing to learn the facts that were communicated during the interviews other than to read the privilege log

3

that was provided. Ex. 5 at 197:19-22; 197:23-25; 200:2-6; 201:5-10 (Texas April 17, 2024 Depo. 30(b)(6) Tr.). The only information he provided was on Plaintiffs' privilege log. *Id.* at 194:18-195:4; 196:14-197:9; 199:20-200:10.[1] He was unprepared to provide testimony even about the non-privileged material apparent on the face of the privilege log. When confronted with the fact that two of the privilege log entries suggest third parties gave presentations, he could not say whether presentations were made or, if so, whether they were produced. *Id.* at 202:5-13; *see also* ECF No. 272-2 at Col. 3, Rows 17, 69 (Tex. Privilege Log). This is in spite of the fact that certain of Plaintiffs' allegations were apparently drawn directly from materials received from third parties. *See, e.g.,* Ex. 5 at 225:21-234:15 (asking about Complaint's distinctive use of language included in a News Corp. presentation). He could not even say whether Texas reached out to the third parties to set the interviews or vice versa. Ex. 5 at 201:14-16.

Nor could ▇▇▇▇▇▇ say whether Plaintiffs intend to rely on facts from these third party interviews, despite Plaintiffs' identifying the interviews in response to Interrogatory 10 as a factual basis for their claims.[2] *Id.* at 210:1-212:13. He could not state how much of the memoranda in the privilege log constitutes mental impressions of attorneys as compared with the facts conveyed by third parties. *Id.* at 201:17-23. The complaint has factual allegations attributed to specific but unnamed advertisers, publishers, and ad tech companies.  Except for one publisher

---

[1] Accordingly, ▇▇▇▇▇▇ also could not state whether particular documents were discussed during the interviews (Tr. 200:14-18), whether the parties interviewed had complaints about Google, whether any particular allegations in the complaint came from those interviews (Tr. 200:19-23), or whether any other factual information was provided during those interviews (Tr. 200:7-10; 200:24-201:4).

[2] Google's Interrogatory 10: "Identify all persons other than Google who have provided You with information that You intend to rely on to support Your claims asserted in this Action, and provide a brief description of the information received from each such person." Plaintiffs response cites, among other sources: "the privilege log produced by the Plaintiff State of Texas on February 2, 2024, that identifies non-privileged information about third-party interview memoranda, prepared at the direction of attorneys in anticipation of litigation and exchanged solely among the common-interest, investigating State Offices of Attorney General."

in one paragraph, which had already been disclosed in interrogatory responses, ▓▓▓▓ was not prepared to identify any specific advertiser or publisher and did nothing to investigate this information. *See, e.g., id.* 151:10-152:10, 152:23-153:2.

Further, depositions of other states underscore the need for this information. For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ was deposed on April 22, 2024. He testified that he had previously read the interview memoranda Ex. 6, (▓▓ Rough Tr. 139:25-140:1) but could not recall specific facts relayed by third parties in those interviews or whether those facts form the basis of any of ▓▓▓▓ claims or will be relied on at trial. (*Id.* at 140:2-17) When questioned about those facts, he directed Google to the common factual testimony from the deposition of ▓▓▓▓ including whether any ▓▓▓▓-specific facts were disclosed in those interviews. (*Id.* at 139:18-24, 141:3-22) ▓▓▓▓ did not dispute that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that was listed as one of the interviewees for which a memorandum was created, for example, but did not identify any facts relayed by ▓▓▓▓; he admitted that reviewing the interview memoranda would help refresh its recollection as to the facts relayed by ▓▓▓▓ (*Id.* at 142:1-143:9.) Likewise, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on April 23, 2024, also directed counsel to ▓▓ ▓▓▓▓ as being the witness who was designated to testify regarding any factual information conveyed during the third-party interviews and refused to confirm whether this factual information learned during the third-party interviews formed some basis for the allegations in the lawsuit or whether it would be relied on at trial.[3]

As Plaintiffs agreed before the deposition, the facts obtained in the third-party interviews and statements and presentations made by those third parties are not privileged and are within the agreed scope of the 30(b)(6). But then, contrary to settled law and their representations, Plaintiffs

---

[3] The transcript is forthcoming, and we will provide a copy as soon as it is available.

changed course by not preparing their witness to testify to those non-privileged facts and even objecting on the basis of attorney work product. Ex. 5 at 195:5-196:4.  Of course, "[w]ork product immunity only protects the documents, not the underlying facts." *S.E.C. v. Brady*, 238 F.R.D. 429, 444 (N.D. Tex. 2006).  "Like the deliberative process privilege, the work-product doctrine 'protects only the [attorney's work product] and not the underlying facts.'" *United States v. Rodgers*, 2022 WL 1074013, at *5 (E.D. Tex. Apr. 8, 2022) (cleaned up). "The attorney's investigation and the manner in which he or she gathered and organized and analyzed the information and presented it to the corporate representative may itself be protected work product, but the underlying factual information itself remains discoverable through the corporate representative's testimony." *Orchestratehr, Inc. v. Trombetta*, 2015 WL 11120526, at *7 (N.D. Tex. July 15, 2015).

Plaintiffs had a duty to adequately prepare a witness on this agreed 30(b)(6) topic.  They must prepare a witness to testify on the facts obtained in the third-party interviews or be precluded from relying on that evidence to support their claims. *See Antero Resources Corp. v. C&R Downhole Drilling, Inc.*, 2019 WL 13193894, at *3 (N.D. Tex. June 20, 2019) (precluding trial testimony on topics where corporate representatives "disavowed personal knowledge, deferred to other corporate representatives or experts, or did not provide an answer based upon counsel's directive"); *Manuel v. Texas State Technical College*, 2005 WL 8160772, at *3 (E.D. Tex. Nov. 22, 2005) (declining to award sanctions related to preparation of defendant's 30(b)(6) witness, but court "will hold the defendant to the testimony of its designated 30(b)(6) witness at trial").

In short, a party may not "unilaterally decide[] to block discovery into topics clearly identified in a 30(b)(6) deposition notice." *Collins v. Nissan N.A., Inc.*, 2013 WL 1950002, at

*1-2 (E.D. Tex. May 9, 2013) (reserving the right to exclude evidence and testimony at trial on the noticed topics). Plaintiffs were obligated to confer about their new position on scope, prepare the witness as agreed, or offer a substitute witness on this topic. *See id.* "If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). "Unless [Plaintiffs] can prove that the information was not known or was inaccessible, [Plaintiffs] cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition." *Super Future Equities, Inc. v. Wells Fargo Bk. Minnesota, N.A.*, 2007 WL 4410370, at *8 (N.D. Tex. Dec. 14, 2007) (citing cases "prohibiting a 30(b)(6) representative from disclaiming the corporation's knowledge of a subject at the deposition and later introducing evidence on that subject").

## CONCLUSION

Google respectfully seeks all appropriate relief from the Special Master, including that Plaintiffs be required to produce a 30(b)(6) witness prepared to testify about the substance of their communications with third parties and the facts conveyed in the interviews.

**FILED UNDER SEAL**

### CERTIFICATE OF SERVICE AND SEALING

I certify that, on April 23, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).  I also certify that, on April 23, 2024, a motion to seal the foregoing document and its exhibits was filed separately and before the filing of this document under seal, per Local Rule CV-5(a)(7)(B).  This sealed filing will be promptly served by email with a secure link on counsel of record for all parties in this case, and will be publicly filed in redacted form per Local Rule CV-5(a)(7)(E).

*/s/ R. Paul Yetter*
R. Paul Yetter

### CERTIFICATE OF CONFERENCE

I certify that on this 23rd day of April 2024, counsel has complied with the meet and confer requirement of Local Rule CV-7(h). The parties conferred about their disagreement with Texas's privilege assertions during ▮▮▮▮▮▮▮▮ deposition. As of today, Google has provided Plaintiffs with a list of the deficiencies in Texas's 30(b)(6) deposition and intends to confer with Plaintiffs in advance of the Special Master's conference about how to remedy those deficiencies.

*/s/ R. Paul Yetter*
R. Paul Yetter
