# EXHIBIT 2

```
 1                IN THE UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF TEXAS
 2                         SHERMAN DIVISION
 3    THE STATE OF TEXAS, ET AL.  § CIVIL NO. 4:20-CV-957-SDJ
                                  §
 4    v.                          §
                                  §
 5    GOOGLE LLC                  §
 6
 7                      Transcript of Proceedings
 8                         Before David Moran
                            Special Master
 9
                   Thursday, March 21, 2024; 11:31 a.m.
10                            Plano, Texas
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                                                              Page 1
```

```
 1                        A P P E A R A N C E S
 2    SPECIAL MASTER:
            David Moran
 3          JACKSON WALKER LLP
            2323 Ross Avenue, Suite 600
 4          Dallas, TX 75201
            dmoran@jw.com
 5
      FOR THE PLAINTIFFS:
 6          W. Mark Lanier
            LANIER LAW FIRM (NY/TX)
 7          10940 West Sam Houston Parkway North
            Houston, TX 77064
 8          mark.lanier@lanierlawfirm.com
 9          Zeke DeRose
            LANIER LAW FIRM (NY/TX)
10          6810 Cypress Creek Parkway
            Houston, TX 77069
11          Zeke.DeRose@lanierlawfirm.com
12          Jonathan Wilkerson
            LANIER LAW FIRM (NY/TX)
13          10940 West Sam Houston Parkway North
            Houston, TX 77064
14          jonathan.wilkerson@lanierlawfirm.com
15          Geraldine Young
            NORTON ROSE FULBRIGHT US LLP
16          1301 McKinney, Suite 3000
            Houston, TX 77010
17          Geraldine.young@nortonrosefulbright.com
18          Peter Hillegas
            NORTON ROSE FULBRIGHT US LLP
19          1301 McKinney, Suite 3000
            Houston, TX 77010
20          Peter.hillegas@nortonrosefulbright.com
21          Marc B. Collier
            NORTON ROSE FULBRIGHT US LLP
22          98 San Jacinto Boulevard, Suite 1100
            Austin, Texas 78701-4255
23          marc.collier@nortonrosefulbright.com
24
25
                                                        Page 2
```

```
 1     FOR THE PLAINTIFFS (Continued):
           John McBride (Via Zoom Audio)
 2         NORTON ROSE FULBRIGHT US LLP
           444 W. Lake St., Suite 1700
 3         Chicago, IL 60606
           john.mcbride@nortonrosefulbright.com
 4
           Trevor Young
 5         TEXAS ATTORNEY GENERAL
           300 West 15th Street, 12th Floor
 6         Austin, TX 78701
           Trevor.Young@oag.texas.gov
 7
           James Lloyd
 8         TEXAS ATTORNEY GENERAL
           300 West 15th Street, 12th Floor
 9         Austin, TX 78701
           James.lloyd@oag.texas.gov
10
           Cuong Pham (Via Zoom Audio)
11         TEXAS ATTORNEY GENERAL
           300 West 15th Street, 12th Floor
12         Austin, TX 78701
13         Roger P. Alford
           THE LAW SCHOOL
14         UNIVERSITY OF NOTRE DAME
           3119 Eck Hall of Law
15         Notre Dame, Indiana 46556
           ralford@nd.edu
16
       FOR THE DEFENDANT:
17         Paul Yetter
           YETTER COLEMAN LLP
18         811 Main Street, Suite 4100
           Houston, TX 77002
19         pyetter@yettercoleman.com
20         Mollie Bracewell
           YETTER COLEMAN LLP
21         811 Main Street, Suite 4100
           Houston, TX 77002
22         mbracewell@yettercoleman.com
23
24
25
                                                    Page 3
```

```
 1    FOR THE DEFENDANT (Continued):
          Jamie A. Aycock (Via Zoom Audio)
 2        YETTER COLEMAN LLP
          811 Main Street, Suite 4100
 3        Houston, TX 77002
          jamieaycock@yettercoleman.com
 4
          Robert McCallum
 5        FRESHFIELDS BRUCKHAUS DERINGER LLP
          3 World Trade Center
 6        175 Greenwich Street
          New York, NY 10007
 7        rob.mccallum@freshfields.com
 8        Lauren N. Vaca (Via Zoom Audio)
          FRESHFIELDS BRUCKHAUS DERINGER LLP
 9        3 World Trade Center
          175 Greenwich Street
10        New York, NY 10007
          lauren.vaca@freshfields.com
11
      ALSO PRESENT:
12        William T. Nilsson
          JACKSON WALKER LLP
13        2323 Ross Avenue, Suite 600
          Dallas, TX 75201
14        wnilsson@jw.com
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    SPECIAL MASTER MORAN:  All right.  We will
 2      call the case the State of Texas, et al., versus
 3      Google, LLC, in The United States District Court for
 4      the Eastern District of Texas, Sherman Division, Case
 5      Number 4:20-cv-957 before the Hon. Sean Jordan.
 6      We have a hearing this morning before the Special
 7      Master and I will ask for appearances from the
 8      plaintiffs, beginning with Mr. Lanier.
 9                    MR. LANIER:  Thank you, Special Master
10      Moran.  Mark Lanier here.  I've got -- well, y'all
11      introduce yourselves.  I got Zeke's name wrong in
12      there, so heaven forbid I try that one again.
13                    MR. DeROSE:  Zeke DeRose, Lanier Law Firm.
14                    MS. YOUNG:  Geraldine Young with Norton
15      Rose Fulbright.
16                    MR. HILLEGAS:  Peter Hillegas with Norton
17      Rose Fulbright.
18                    MR. COLLIER:  Marc Collier with Norton Rose
19      Fulbright.  I've been relegated to the back bench.
20                    MR. WILKERSON:  Jonathan Wilkerson, Lanier
21      Law Firm.
22                    MR. YOUNG:  Trevor Young, State of Texas.
23                    MR. ALFORD:  James Floyd just stepped out.
24      I am Roger Alford, Notre Dame.
25                    SPECIAL MASTER MORAN:  Thank you for the
```

Veritext Legal Solutions
346-293-7000

```
 1                MS. YOUNG:  Well, I'm happy -- I have --
 2     just want to give some context on 30(b)(6).
 3                SPECIAL MASTER MORAN:  I'd like to hear --
 4     I'd like to hear from you, Ms. Young.
 5                MS. YOUNG:  Yeah, yeah.
 6                MR. LANIER:  He'd much rather hear from
 7     you.
 8                MS. YOUNG:  I just want to put this in a
 9     little context.  So I -- endeavor -- we don't represent
10     all the states.  We're going to go back.  We're going
11     to wrangle them and see and get a proposal - right? -
12     on the table for -- to satisfy their information
13     requests, and whether that's through depo, and I think
14     there are reasonable alternatives as well.
15                There's one issue that I think differently
16     situates the states.  Their witnesses would come from
17     each of the Attorney General offices, and there's
18     actually a body of law on this they're different than
19     private plaintiffs, as you can expect, and it is akin
20     to taking testimony of opposing counsel and there are
21     legal standards that govern that.  So I think we'll put
22     this in our response to Google so they can see what the
23     law is, and there are obviously implications beyond
24     this case - right? - about deposing Attorney General
25     attorneys.
```

Page 81

```
 1                    So that's just one -- one issue that we're
 2     trying to deal with in providing them the information
 3     they want and being reasonable and getting it done
 4     quickly, but also, I mean, there are -- I think there's
 5     significant privilege and work product concerns about
 6     the topics they've noticed and trying to navigate that
 7     and not putting, you know, the 17 states in a situation
 8     where they're getting deposed on, you know, attorney
 9     mental impressions and evaluations, and that just
10     wastes everyone's time I think, prepping for the depo,
11     taking the depo, coming to you complaining about the
12     depo.  So I think we will endeavor to lay that out
13     ahead of time so both sides can come to a reasonable
14     compromise.
15                    MR. YETTER:  Special Master, we have -- we
16     made it very clear in all of our correspondence and in
17     the meet and confers we're not looking for mental
18     impressions, we're not looking for attorney
19     communications, we want the facts that they have
20     gathered, that they've learned, what they did.  It's --
21     you know, the states can put up a lawyer as a 30(b)(6),
22     but they don't have to.  We're not asking them to put
23     up someone from the Attorney General's office.  We're
24     asking them for someone who has facts about their
25     claims.  Each one of them we assume is making a
```

Page 82

```
 1    substantial claim in the millions of dollars for civil
 2    penalties against Google and we're entitled to find out
 3    what they know, the facts that they gathered.
 4              We're also -- and I know you've heard this,
 5    Special Master, but the alternative ways to answer some
 6    of these 30(b)(6) topics, that's exactly what we've
 7    been proposing to the states, like:  Would a verified
 8    written response on some of these issues, would it do;
 9    would -- are there other alternatives so that we can
10    get you what you are looking for but we don't have to
11    prepare a witness on a vague topic that we don't know
12    whether or not they're going.
13              So we're prepared to do this, but again,
14    this is a goose and gander issue here.  We need those
15    depositions as much as they need ours.  And what the
16    Special Master just heard is by the end of the day
17    tomorrow, the states are saying it's just as imperative
18    that we get started; it's just as imperative for us.
19    We have 17 depositions to take in probably 17 different
20    states.  It's going to take time.  We need to get
21    started, we need to move forward, and while we are
22    prepared to do more conferring, it goes both ways.  If
23    conferring's over from their perspective, then they
24    should be prepared to put their people up on the
25    topics.
```

Page 83

```
 1    50,000 lawyers.  We'll go do it.  And I think a lot of
 2    people would enjoy going to South Dakota in February.
 3                 SPECIAL MASTER MORAN:  Anything else from
 4    the states on this issue?
 5                 MS. YOUNG:  No, and I think what was left
 6    on the table from our meet and confer was we were going
 7    to get them a pretty practical proposal without, you
 8    know, saving objections, right?  It's not -- it's going
 9    to be like, I don't know, a two-page letter just kind
10    of laying out what we think.  So we will endeavor to do
11    that very quickly.
12                 SPECIAL MASTER MORAN:  I appreciate that.
13                 MR. LANIER:  We'll get the stuff by
14    5 o'clock tomorrow.
15                 SPECIAL MASTER MORAN:  Even better.  Thank
16    you, Mr. Lanier.
17                 MS. YOUNG:  Maybe.  Well, we have 17 states
18    to sign off.  So.
19                 MR. LANIER:  Oh.
20                 MS. YOUNG:  We will try to.
21                 MR. LANIER:  I --
22                 MS. YOUNG:  I know.  We will try to, but.
23                 MR. YETTER:  It would be nice to get that
24    proposal in time that we could update the Special
25    Master by 5 o'clock tomorrow.  And I know that they
```

```
 1                    CERTIFICATE OF REPORTER
 2         I, Joseph D. Hendrick, Texas CSR #947, to hereby
 3    certify that the foredoing is a true and correct
 4    transcript of the stenographically reported proceedings
 5    held in the above-entitled matter.
 6
 7         Dated:  March 26, 2024.
 8
 9
10
11
                    Joseph D. Hendrick, CSR #947
12                  Expiration Date: 04/30/2025
                    Notary Comm. Exp. 02/13/27
13                  Veritext Legal Solutions
                    Firm Registration No. 571
14                  300 Throckmorton Street, Ste. 1600
                    Fort Worth, TX  76102
15                  Telephone (800) 336-4000
16
17
18
19
20
21
22
23
24
25
```

Page 95