**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al., | |
| Plaintiffs, | Case No. 4:20-cv-00957-SDJ |
| v. | Hon. Sean D. Jordan |
| Google LLC, | |
| Defendants. | Special Master: David T. Moran |

**JOINT STATUS REPORT TO THE SPECIAL MASTER**
**FOR THE MAY 2, 2024 HEARING**

Pursuant to the Special Master's Order (ECF No. 227), Plaintiff States ("States") and

Defendant Google LLC ("Google") submit this Joint Status Report in advance of the May 2,

2024 hearing before the Special Master.

The Parties provide the below updates regarding each issue briefed to the Special Master

and look forward to discussing them further with the Special Master at the upcoming hearing.

**States' Disputes**

1.  **States' Request for a Modification of the Scheduling Order:**  The Court has advised that it will decide this issue, which the parties have fully briefed.

Independently, Google has not yet offered dates for one noticed Google fact witness and has rejected the States' rescheduling request related to a witness's Rule 30(b)(1) and 30(b)(6) deposition, issues which the States may raise with the Special Master depending on the Court's ruling.

2.  **States' Challenge to Google Clawbacks:**  The Parties conferred on these documents, and the States are still waiting for outstanding information from Google (the identification of a related privilege log entry for an underlying document) to further assess whether they will continue to challenge the clawed back documents.  The States will update at the hearing whether the issue is ripe.

3.  **Production of Expert Reports from the Virginia DOJ Action:**  A week ago, on April 24, 2024, the Special Master granted the States' Motion to Compel production of the expert reports from *U.S., et al. v. Google LLC*, No. 1:23-cv-108-LMB-JFA (the "Virginia Action") (ECF No. 418).  After the States requested immediate production of the compelled reports given ongoing related depositions, Google responded citing third-party confidential information, and stating that it "anticipate[s] seeking clarification from the Special Master as to the scope and timing of production of expert reports" and is "considering whether to seek review of the Special Master's Order."  4/26/2024 Email from R. McCallum.  The States responded immediately, proposing that Google could first redact third-party confidential information and produce those redacted versions, followed by unredacted versions later after protective order issues (if any) are resolved, and requesting that Google confirm whether it was going to file objections to the Special Master Order.  Google has not yet filed any objections to the Order at issue.

Given the relevance and importance of the expert reports in the Virginia Action and that the result of Google's delaying production effectively amounts to no production, the States request further orders from the Special Master to effectuate production of the reports to the States, pursuant to the Special Master's Order.

4.  **Production of MDL Deposition Transcripts by Google to the States:**  The States have requested production of the deposition transcripts from the parallel MDL case, given that: (a) they are undisputedly relevant to the claims and defenses in this case under Rule 26 and Local Rule CV-26; (b) they are also relevant to vet and impeach inconsistent statements made by Google witnesses; (c) they are proportional and not burdensome to be produced in this complex case that parallels the MDL cases; and (d) similar transcripts have been ordered to be produced in other cases.[1]  Despite that, Google responded late last night that:  "Google does not intend

to produce the transcripts from depositions taken by the MDL Plaintiffs and objects to the EDTX Plaintiffs receiving them. Unless Plaintiffs would intend for those transcripts to count against their 40 deposition limit, Google would view Plaintiffs' receipt of the MDL deposition transcripts as an end-run around that deposition limit."

Given the deadline for fact discovery, the States intend to raise these issues with the Special Master at the hearing.

5. **The States' Noticed Rule 30(b)(6) Topics to Google:** Google has refused to provide a 30(b)(6) witness on a number of topics and sub-topics (e.g., Topics 55, 65, 75-76, 83, 98(f), 98(g), 98(h), 101(b-c), 104(a), 104(e), 104(k), 104(f), 104(i), 104(p), 104(q), 105-106), but has not filed a protective order related to these topics.  There are also a number of topics for which Google has designated a witness for less than the entire scope of the topic.  The parties have engaged in several meet-and-confers and exchanged correspondence related to these issues, but have not been able to reach agreement.  Google should not be permitted to unilaterally refuse to provide a witness on noticed topics (or for less than the full scope of a topic) without filing a protective order.  Given the deadline for fact discovery, the States intend to raise these issues with the Special Master at the hearing.

6. **The States' Request for Confirmation that Google Has Preserved, Collected, Searched, and Produced Relevant Messages for a Google Messaging Platform:** The States sent Google a letter on April 28, 2024, with this request shortly after learning about the messaging platform at issue.  If they do not receive the requested confirmation, the States may raise this issue with the Special Master at the hearing, given the impending fact discovery deadline.

7. **Google's Interrogatory Responses:**  Google's interrogatory responses are due today, on May 1, 2024.  If there are any issues with those responses, the States may raise them with the Special Master at the hearing, given the impending fact discovery deadline.

8. **The States' Request for Outstanding Contract Information:**  This issue was previously raised and discussed with the Special Master.  Google represented that it would provide written responses in response to the States' April 10, 2024 emails.  On April 18, 2024, Google sent a letter only addressing related issues raised by the States on April 16, 2024, but not the issues raised on April 10.  On April 23, 2024, the States followed up on the promised written responses to their questions in their April 10 emails, but have not received a response from Google.  If this issue remains unresolved, the States will raise this issue with the Special Master at the hearing, given the impending fact discovery deadline.

[1] *See Moser v. Navistar Inter. Corp.*, No. 4:17-CV-00598, 2018 WL 3613996, at \*3 (E.D. Tex. July 27, 2018) (Mazzant, J.) (finding that transcripts and exhibits from other cases that involved the same defect issue were discoverable and should be produced, as long as the transcripts were already transcribed and the exhibits were related to the issues in this case); *Retractable Tech., Inc. v. Becton*, No. 2:08-CV-16, 2011 WL 13134891, at \*5 (E.D. Tex. August 4, 2011) (Folsom, J.) (*rev'd on other grounds*) (holding that transcripts and exhibits are relevant under E.D. Tex. L.R. CV-26(d), that requests for production of the same from specific cases involving similar issues were tailored and reasonable, and that such transcripts and exhibits should be produced to the extent that they are not publicly available); *Costa v. Wright Med. Tech., Inc.*, 2019 WL 108884, at \*1 (D. Mass. Jan. 4, 2019) ("Materials produced and deposition testimony given in other litigation is generally discoverable upon a showing of substantial similarity between the prior and current actions.").

**Google's Disputes**

1.  **Texas Deposition**:  Texas's Rule 30(b)(6) witness was designated by all states on common factual issues and yet was not prepared to testify on the specific publishers and advertisers referenced in the complaint, the factual bases for Plaintiffs' alleged markets, to explain the harm caused by Google's alleged conduct and the common remedies sought or the factual bases for those remedies. Indeed, Texas's witness was prepared only to read from the complaint and from Plaintiffs' interrogatory responses. Moreover, contrary to the States' representations to the Special Master, their witness was not prepared to testify on the factual information conveyed during third-party witness interviews conducted during the investigation even though Plaintiffs had confirmed beforehand that he would. Nor have other states been able to answer questions regarding those interviews; and, Plaintiffs' witnesses have confirmed that they cannot say whether facts learned during those interviews formed the basis for the complaint or whether facts learned during those interviews will be relied on at trial.  That lack of preparedness, combined with Plaintiffs' refusal to answer an interrogatory asking for the facts conveyed during those interviews, has left Google without any information concerning these non-privileged third-party communications. And, Texas's witness was not prepared to testify as to any in-state harm. Google followed up with Plaintiffs on these deficiencies on April 23, 2024, but never received a response. *See* Ex. 1, Google's Opening Br. Accordingly, Google requests all appropriate relief from the Special Master, including that Plaintiffs be required to immediately produce a 30(b)(6) witness prepared to testify on common factual issues, including the factual bases supporting Plaintiffs' claims for civil penalties and injunctive relief, and on the substance of third-party communications. Moreover, Texas should be required to immediately produce a 30(b)(6) witness who can testify on in-state harm.

2.  **Counting of 30(b)(6) Depositions**: Google wishes to raise its concern with Plaintiffs' interpretation of the 40-deposition limit contained in the Court's Scheduling Order. (ECF No. 194 at 6).  Based on Plaintiffs' request to extend fact discovery, it appears that Plaintiffs have set aside the 40-deposition cap and are instead treating the order as providing for up to 280 hours (40 x 7) of 30(b)(6) deposition testimony from as many parties as they like. Pls.' Mot. for Modification of Scheduling Order at 5 n. 5, ECF No. 432.  Moreover, Plaintiffs are advancing this position as they seek an extension of fact discovery to pursue

additional depositions that they noticed in the last two weeks. Google disagrees with this interpretation. Unlike some other scheduling orders in the Eastern District of Texas, which set a total hours-cap on depositions, the Scheduling Order here states "[e]ach side is limited to forty depositions of fact witnesses." (ECF No. 194 at 6); *compare with In re: Taasera Licensing LLC, Patent Litig.*, No. 2:22-MD-3042-JRG (E.D. Tex. Feb. 7, 2023), ECF No. 137 ("Taasera may take up to 42 total hours of deposition testimony of each Defendant group"). And, the language Plaintiffs cite applies only to how the 30(b)(6) deposition of a *single* party is to be counted; it does not apply across parties. ECF No. 194 at 6 ("e.g., the deposition of seven 30(b)(6) witnesses for two hours each . . . count as two depositions"). Moreover, Google has planned its deposition schedule both to comport with the language of the Court's Scheduling Order and to fit within the allotted fact discovery period. However, if Plaintiffs' interpretation is allowed, it should apply reciprocally.

3. **Counting of State Depositions:** Google also seeks clarity regarding the count for state depositions. At Plaintiffs' request and to avoid burdening the Court, Google sought discovery from state agencies through third-party subpoenas, even though that discovery should have been available through Plaintiffs directly. At the last conference before Judge Jordan, the Court noted that this procedure, at Plaintiffs' urging, should not have been necessary:

    > "[W]hat further concerns me. . . other states [are] also directing Google to what it seems to me to be a very indirect way of getting discovery that it seems to me -- and, again, you can enlighten me --the States should in the first instance be collecting. And indeed, I'm not sure how much of this should be part of initial disclosures, not even discovery requests." (April 18 Hr'g Tr. at 13:20-14:3.)

    Despite the "indirect" way through which Plaintiffs have insisted that Google seek discovery from their agencies, state agencies are undoubtedly components of the Plaintiff states. Accordingly, their depositions should be counted as part of each states' 30(b)(6) deposition.

4. **Google's Interrogatory No. 12:** The Special Master ordered Plaintiffs to provide revised responses to Google's Interrogatory No. 12 by the close of fact discovery. Plaintiffs have since filed a Motion to Modify the Scheduling Order. We would like confirmation from Plaintiffs as to whether Google can expect to receive a revised response to Interrogatory No. 12 by the currently scheduled deadline for fact discovery of May 3, 2024.

5. **Missouri Deposition**: The April 26, 2024 deposition of Missouri was rescheduled due to a family emergency. Google has requested a new date for the deposition and is waiting to hear back from Plaintiffs.

6. **Depositions offered for May 2 and May 3, 2024.** Plaintiffs have yet to confirm four depositions that Google has offered for May 2 and May 3. *See* ECF No. 444, Ex. A, Deponent Nos. 20, 21, 22, and 23. On April 17, 2024, Plaintiffs noticed the deposition of these four individuals for May 3, 2024, and Google has offered them for depositions either on the date noticed or by the close of fact discovery. Google requests that Plaintiffs

promptly confirm whether they intend to proceed with these depositions.

7. **Production of Expert Reports from the Virginia Case and the DOJ's Statement of Interest:** Google seeks clarification from the Special Master as to the scope and timing of production of expert reports from the Virginia Case.  Google has advised Plaintiffs that these expert reports contain significant amounts of information produced in the Virginia Case that has been designated Confidential or Highly Confidential by a combination of third parties and the Virginia Plaintiffs (including the Federal Agency Advertisers).  The parties have filed a Joint Motion seeking entry of a Proposed Order, ECF No. 402, that would, if granted, permit reproduction in this case of third party materials produced in the Virginia Case.  The extent to which Google is required to redact the expert reports will depend on whether the Court enters that Proposed Order and the extent to which any third parties seek and obtain a protective order.  Since the parties in this case filed their Joint Motion, the Court granted leave (over Google's objections) for the DOJ to file a Statement of Interest.  ECF No. 421.  The DOJ has now filed that Statement asserting that this Court should "exercise its discretion to direct Google to raise the relief requested by the Joint Motion" with the Virginia Court.  ECF No. 430 at 1.  The DOJ further asserts that the "relief sought in the Joint Motion also has significant policy implications for the treatment of non-party materials that the U.S. Department of Justice gathers during its pre-suit antitrust investigations." *Id*. at 3.

Respectfully submitted,

/s/ *W. Mark Lanier*
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
(713) 659-5200
**THE LANIER LAW FIRM, P.C.**

/s/ *Ashley Keller*
Ashley Keller
ack@kellerpostman.com
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220

Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut, N.W., 11th Floor
Washington, DC 20005
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier
Law Firm only), Indiana, North Dakota,
Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*


**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that, on May 1, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ W. Mark Lanier*
W. Mark Lanier

8