UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| GOOGLE LLC | § | |

## ORDER

Before the Court is Plaintiff States' Motion for Modification of Scheduling Order. (Dkt. #432). Having considered the motion, the Court concludes that it should be granted in part.

### I. BACKGROUND

This antitrust action was initially filed in this Court on December 16, 2020. The case was later transferred, on August 12, 2021, to the United States District Court for the Southern District of New York ("SDNY") by the Judicial Panel on Multidistrict Litigation ("JPML") for coordinated and consolidated pretrial proceedings in MDL 3010. While proceeding in the MDL, the parties began discovery, including the exchange of initial disclosures.

On June 5, 2023, the JPML ordered that the case be remanded back to this Court. Defendant Google sought mandamus relief from the JPML remand order in the United States Court of Appeals for the Second Circuit. On October 4, 2023, the Second Circuit denied Google's mandamus petition, and the SDNY transferred the case back to this Court shortly thereafter (Cause No. 1:21-cv-6841).

On January 2, 2024, the Court entered a Scheduling Order after considering the complexity of the case, the parties' proposed schedules, and the Court's docket.

1

(Dkt. #194). Under the current Scheduling Order, fact discovery is scheduled to close on May 3, 2024. (Dkt. #194). However, with only two days remaining in the fact discovery period and at least twenty-five outstanding depositions, Plaintiff States aver that a modification to the Scheduling Order is necessary. (Dkt. #432 at 4).

Specifically, Plaintiff States request (1) permission to take "30(b)(6), 30(b)(1), and third-party already-noticed depositions (or their hours-equivalent) before May 24, 2024, while leaving the May 3 fact discovery deadline in place and not permitting any new discovery requests or deposition notices" and (2) an extension of "all additional case deadlines by three weeks." (Dkt. #432 at 14). The motion is not a model of clarity on the second request. Plaintiff States maintain that there is "room to modify" the Scheduling Order without "upending the March 31, 2025," trial date, but then ask to extend all deadlines—including the trial—creating some ambiguity as to the relief Plaintiff States seek. (Dkt. #432 at 13–14). Google opposes the motion, contending that Plaintiff States' request is inconsistent with their prior statements and representations to the Court and that their inability to complete discovery on time is due to delays of their own making. (Dkt. #442 at 5–6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) "authorizes the district court to control and expedite pretrial discovery through a scheduling order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Under Rule 16(b)(4), a scheduling order may be modified "only for good cause and with the judge's consent."

Trial courts have "broad discretion to preserve the integrity and purpose of the pretrial order" in making the good-cause determination. *Geiserman*, 893 F.2d at 790 (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). To meet the Rule 16(b)(4) good-cause standard, the movant must "show that the deadlines [could not have] reasonably be[en] met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). The Fifth Circuit considers four factors when determining whether the movant has shown good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Grant v. City of Hous.*, 625 F.App'x 670, 679 (5th Cir. 2015) (alterations omitted) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)).

## III. DISCUSSION

### A. Diligence

The most important factor in the good-cause analysis is the moving party's diligence. *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-CV-1455-WCB, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017); *see also Cub USA Servs., LLC v. Jetta Operating Co.*, No. 3:14-CV-2508-D, 2016 WL 1028128, at *2 (N.D. Tex. Mar. 15, 2016) ("When applying this multi-factor test, the court usually denies motions to amend the scheduling order when the moving party fails to demonstrate that, despite its diligence, it could not have reasonably met the scheduling deadline."); *Est. of*

*Hooker-Murray v. Dallas Cnty.*, No. 3:07-CV-0867-P, 2008 WL 11424336, at *2 (N.D. Tex. Dec. 3, 2008) ("With regard to [the Rule 16(b)(4)] factors, the primary focus is on diligence.").

Here, the Court finds that Plaintiff States have diligently attempted to comply with the current fact discovery deadline, despite the various disputes and delays that have occurred throughout the course of discovery. Since the Court entered the Scheduling Order on January 2, 2024, Plaintiff States have noticed and scheduled more than twenty depositions of Google and third parties and have received and reviewed millions of documents produced by Google. According to Plaintiff States, the parties will conduct twenty-four depositions in the final three days of the fact discovery period. Notwithstanding Plaintiff States' and Google's efforts to complete discovery on time, Plaintiff States anticipate needing additional time to conduct the outstanding Rule 30(b)(1), Rule 30(b)(6), and third-party depositions to which they are entitled.

Google argues that the hectic final days of the fact discovery period are the result of Plaintiff States' delay and lack of diligence. Google further asserts that Plaintiff States have been aware of the need to conduct certain discovery but that they have waited until the last minute to do so. Google has correctly pointed to some missteps on the part of Plaintiff States that have contributed to delays, but neither side has perfectly executed on discovery in this case, and they share responsibility for the state of the case concerning discovery completion. By way of example, it is undisputed that Google failed to produce large quantities of documents due to errors

4

in their privilege logs. (Dkt. #209 at 12). The Special Master ordered Google to complete a re-review of its privilege logs no later than April 3, 2024. (Dkt. #265 at 3). This re-review undoubtedly slowed the discovery process. The Court also notes that, once they returned to this Court, both Plaintiff States and Google were obligated to comply not only with Federal Rule of Civil Procedure 26, but also Local Rule CV-26(d), concerning initial disclosures. This Local Rule is designed to compel substantial production of information and documents by all parties *without the need for formal discovery requests*. It appears that neither Plaintiff States nor Google fully complied with these initial disclosure requirements, further delaying the completion of discovery. The Court could list additional examples of delays driven by both Google and Plaintiff States, but the point is made.

Further, Google's suggestion that Plaintiff States' request is unreasonable because they have had years to prosecute their case fails to acknowledge that an important part of that process is discovery. And, as the parties are aware, since this case was filed in this Court in 2020, the discovery process has been subject to significant  interruptions. For example, there have been lengthy periods of time during which discovery was not permitted or otherwise languished. After this Court entered a scheduling order in May 2021, and at Google's request, in August 2021 this case was transferred by the JPML to the SDNY as part of MDL 3010, where the case proceeded for over two years. In the SDNY discovery was paused for a significant period during the pendency of Google's motions to dismiss. (MDL Dkt. #129 ¶ 3) (staying "general discovery" effective September 24, 2021). That stay appears to have

been in place for about a year, measured from the SDNY's stay order in September 2021 to its scheduling order on discovery in November 2022. To the Court's knowledge, only a handful of depositions were taken during the approximately 26-month period between August 2021 and October 2023, when the case ultimately returned to this Court. Likewise, the Court understands that little or no discovery whatsoever occurred specific to the state-law claims while this case was pending in the MDL. To be clear, the SDNY discovery stay made good sense while Google's dismissal motions were pending, but any notion that the parties have been positioned to engage in full discovery for years seems to be unfounded.

When the case returned to this Court several months ago and a new scheduling order was entered, the Court made clear that the parties would need to fully engage in discovery *immediately* and with complete commitment to the process as to *all claims* in this case. To further this process the Court recommended the appointment of a Special Master, which Google opposed as "premature." (Dkt. #191). Resolving the Special Master issue took time, during which it appeared the parties made sluggish progress on discovery. The Court ultimately appointed a Special Master, and—at least in the Court's view—the record since that appointment amply demonstrates that discovery has progressed meaningfully and with much greater efficiency. Nonetheless, while the Special Master has been instrumental in moving discovery forward, time-consuming disputes have still regularly arisen. For example, the parties have raised numerous disputes over the topics and witnesses for Rule 30(b)(1) and Rule 30(b)(6) depositions, thus delaying the completion of such depositions. Such

6

disputes are common fodder for litigation, particularly complex litigation on a large scale. But the resolution of such disputes takes time, as the record in this case shows.

In short, as can be expected in a case with significant discovery, eighteen parties, voluminous non-party discovery, and discovery from related cases, the discovery process has not been free of controversy. Both parties have disputed the bounds of discovery and have raised concerns about production.

Nonetheless, the Court has observed the parties work together, and with the Special Master, to expeditiously resolve those disputes in an attempt to comply with the current fact discovery deadline. And while several discovery tasks will not be completed by May 3, the Court finds that it is not due to gamesmanship or Plaintiff States' intentional, unnecessary delay. Instead, the Court concludes that Plaintiff States' have diligently sought to comply with the fact discovery deadline. The Court further concludes that, although Plaintiff States certainly bear some responsibility for delays in this case, so does Google.

## B. Importance of Modification

Courts also consider the "importance of the modification," *Grant*, 625 F.App'x at 679, or the "importance of the thing that would be excluded," *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 850 (E.D. Tex. 2004). Plaintiff States contend that the outstanding depositions are "likely highly relevant, if not essential" to their case, and that their inability to comply with the May 3 deadline is primarily due to Google's reticence to schedule certain depositions or provide witnesses and outstanding third-party discovery. (Dkt. #432 at 11–13). Google responds that Plaintiff States' assertions regarding the importance of the remaining depositions

7

and discovery are insufficient to justify permitting post-deadline depositions after Plaintiff States repeatedly sought an "accelerated timetable." (Dkt. #442 at 15–16).

Given the complexity and size of this case, it is reasonable to allow both parties additional time to schedule and complete the outstanding depositions. The Court also notes that some of the outstanding depositions will cover major topics in this case such as Reserve Price Optimization and Dynamic Revenue Share. Information related to these programs is central to Plaintiff States' allegations against Google. Therefore, the outstanding noticed depositions are important to both parties' positions.

### C. Potential Prejudice to Google

Google argues that Plaintiff States' proposed modifications to the Scheduling Order will be prejudicial because the modifications will reduce the time for Google to draft summary judgment motions and respond to *Daubert* motions. But the modified dates proposed by Plaintiff States will extend the deadlines for these tasks, thus leaving Google with the same timeframe it currently has to meet those deadlines. These slight schedule modifications are insignificant when considered in the larger framework of this case. Google's argument is unavailing.

### D. Availability of a Continuance to Cure Prejudice

Google does not address whether a continuance could cure its purported prejudice. However, since Google's stated concern is preparation time, a continuance of the deadlines it contends are pressing would alleviate any prejudice. Plaintiff States argue that a continuance of the trial setting is unnecessary but offer a proposed schedule extending all deadlines by three weeks should the Court find a

continuance necessary. At this time, the Court finds that a continuance of the trial setting is unnecessary, but it will extend the expert discovery and dispositive motions deadlines by three weeks.

*     *     *

In sum, the Court finds that there is good cause to modify the Scheduling Order and permit Plaintiff States to conduct the already-noticed outstanding depositions by May 24, 2024, while maintaining the May 3, 2024, fact discovery deadline. The Court emphasizes that Plaintiff States have had sufficient time to notice deponents. Accordingly, the Court only grants time to complete the depositions that have already been noticed, and it will not allow any further depositions that were not noticed by May 1, 2024.

The Court will also extend the expert discovery and dispositive motion deadlines by three weeks. The Court will not extend the pre-trial deadlines or trial setting at this time, and it does not anticipate granting any further modifications of the discovery schedule.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff States' Motion for Modification of Scheduling Order, (Dkt. #432), is **GRANTED in part**. The Court will enter the modified dates by separate order.

**So ORDERED and SIGNED this 1st day of May, 2024.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE