**\*FILED UNDER SEAL\***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendants. | Case No. 4:20-cv-00957-SDJ <br><br> Hon. Sean D. Jordan <br><br> Special Master: David T. Moran |

**PLAINTIFF'S SUPPLEMENT IN SUPPORT OF MOTION FOR MODIFICATION OF SCHEDULING ORDER**

Plaintiff State of Texas respectfully submits this supplement in support of the Plaintiff States' Motion for Modification of Scheduling Order (ECF No. 432)—to provide the Court with an update on relevant events occurring after the filing of the Motion on Friday, April 26, 2024.

In the later hours of Friday night after the States filed their Motion, Defendant Google LLC ("Google") emailed the States to try to schedule three additional noticed Rule 30(b)(1) witnesses for Friday, May 3, 2024. *See* Exs. 1, 2. Those depositions would bring the total potential depositions for May 3, 2024 to **thirteen total depositions**: six Rule 30(b)(1) and 30(b)(6) depositions of Google witnesses, four depositions of third-parties, and three depositions of the States.[1] At least *eight*[2] potential depositions may occur the day before on May 2, 2024, and at

---

[1] These 13 deponents are: Google witnesses ▇▇▇▇▇▇▇▇, ▇▇▇▇▇▇▇▇, ▇▇▇▇▇, ▇▇▇▇▇, Neal Mohan, and ▇▇▇▇▇▇▇▇; third parties Nike, Florida Dept. of Environmental Protection, Texas Department of Motor Vehicles, and Eileen Fisher; and the States of Idaho, Louisiana, and Alaska.

[2] These 8 deponents are: Google witnesses ▇▇▇▇▇, ▇▇▇▇▇, ▇▇▇▇▇▇, and ▇▇▇▇▇▇ (not including ▇▇▇▇▇ who Google is trying to schedule for either May 2 or 3); third parties Meta, American Express, and Missouri Dept. of Transportation; and the State of North Dakota.

***FILED UNDER SEAL***

least ***eight***[3] potential depositions on May 1, 2024.[4] The Parties also have a hearing with the Special Master on Thursday, May 2, 2024.

To be clear, the States have confirmed and will take or attend all eight depositions on May 1, seven depositions on May 2,[5] and nine depositions on May 3[6]—totaling twenty-four depositions in the last three days of the fact discovery period, in addition to those scheduled on Monday and Tuesday of that week. As they presented in their Motion and they have requested of Google, the States believe that the remaining discrete number of limited and specific depositions can be taken in the proposed three-week period following the May 3 close of fact discovery. *See* Ex. 3.

The States believe these depositions are important and should be taken. But—given their importance to the case, the modest three-week modification of the case schedule requested by the States, and the lack of prejudice to Google—there is no reason to try to jam so many depositions— nearly thirty—into the last three days of fact discovery in this case.

For the reasons shown in the States' Motion and also here, the States respectfully ask that the Court grant their requested modification of the Scheduling Order.

---

[3] These 8 deponents are: Google witnesses ▮▮▮▮ and ▮▮▮▮▮▮ (the States have withdrawn their notice of ▮▮▮▮▮▮); third parties Missouri Division of Tourism, Nevada Dept. of Motor Vehicles, Texas A&M University, and Arkansas Department of Parks, Heritage, and Tourism; and the States of Montana and Arkansas.

[4] Yet Google has still not offered deposition dates for four noticed fact witnesses (Sergey Brin, Sundar Pichai, ▮▮▮▮▮▮▮▮▮▮▮▮, and ▮▮▮▮▮▮▮▮) and 30(b)(6) witnesses on the outstanding topics, including the chat-related topics. Should Google try to offer those witnesses for deposition this upcoming week, the total number of potential depositions for these dates would grow.

[5] This includes all depositions, except for ▮▮▮▮▮▮▮▮. *See supra* n. 2.

[6] This includes all depositions, except for ▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮, and Neal Mohan. *See supra* n. 1.

***FILED UNDER SEAL***

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* <br> W. Mark Lanier <br> Mark.Lanier@LanierLawFirm.com <br> Alex J. Brown <br> Alex.Brown@LanierLawFirm.com <br> Zeke DeRose III <br> Zeke.DeRose@LanierLawFirm.com <br> Jonathan P. Wilkerson <br> Jonathan.Wilkerson@LanierLawFirm.com <br> 10940 W. Sam Houston Pkwy N <br> Suite 100 <br> Houston, TX 77064 <br> (713) 659-5200 <br> **THE LANIER LAW FIRM, PLLC** | */s/ Ashley Keller* <br> Ashley Keller <br> ack@kellerpostman.com <br> 150 N. Riverside Plaza, Suite 4100 <br> Chicago, Illinois 60606 <br> (312) 741-5220 <br><br> Zina Bash <br> zina.bash@kellerpostman.com <br> 111 Congress Avenue, Suite 500 <br> Austin, TX 78701 <br> (512) 690-0990 <br><br> Noah S. Heinz <br> noah.heinz@kellerpostman.com <br> 1101 Connecticut, N.W., 11th Floor <br> Washington, DC 20005 <br> (202) 918-1123 <br> **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Indiana, South Carolina, and South Dakota*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

***FILED UNDER SEAL***

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

<u>/s/ Trevor E. D. Young</u>
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

***FILED UNDER SEAL*

## CERTIFICATE OF SERVICE AND SEALING

I certify that, on April 28, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

I also certify that, on April 28, 2024, a motion to seal the foregoing document and its exhibits was filed separately and before the filing of this document under seal, per Local Rule CV-5(a)(7)(B). This sealed filing will be promptly served by email with a secure link on the Special Master and counsel of record for all parties in this case, and will be publicly filed in redacted form, per Local Rule CV-5(a)(7)(E).

*/s/ Geraldine Young*
Geraldine Young