IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| THE STATE OF TEXAS, ET AL. | § | |
|---|---|---|
| | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| | § | |
| GOOGLE LLC | § | |

## ORDER OF SPECIAL MASTER FROM MAY 2 DISCOVERY HEARING (DKT. #406, #407, #455)

By Order of the Court dated January 26, 2024 (Dkt. #213) the undersigned was appointed Special Master to address discovery issues and disputes between Plaintiff States ("States") and Defendant Google LLC ("Google").

As provided in the Court's Order Appointing Special Master, the Special Master is holding biweekly discovery hearings with the parties. (Dkt. #213 at 10); (*see also* Dkt. #227, #231). The parties are permitted to submit pending discovery disputes for resolution by the Special Master before the hearings. (Dkt. #227 at 1–2). On April 23, 2024, the parties submitted briefs regarding their discovery disputes, and on April 26, 2024 submitted responsive briefs. The Special Master conducted a remote hearing on May 2, 2024 (the "May 2 Hearing").

Before the May 2 Hearing, the parties were ordered to continue to meet and confer regarding their disputes and submit a joint report regarding any narrowing of issues. On May 1, 2024, the parties submitted their joint report, which advised of many additional matters the parties intended to raise at the following day's hearing. (Dkt. #455).

The Special Master's rulings regarding the parties' disputes are as follows.

**ORDER OF SPECIAL MASTER – Page 1**

1. **States' Brief to the Special Master (Dkt. #407)**

    a. **Request to Modify Scheduling Order**

    The States' brief requests a modification of the Court's Scheduling Order to conduct depositions out of time after the May 3 discovery cutoff. (Dkt. #407 at 1–6). On May 1, 2024, the Court issued an Order amending its Scheduling Order. (Dkt. #458). The Special Master therefore **DENIES AS MOOT** the States' request as to scheduling.

    b. **Clawback Challenges**

    During two depositions, conducted on April 17 and 19, Google clawed back one exhibit during each deposition on the basis of privilege. (Dkt. #407 at 6–7). Google states that the April 17 exhibit contains attorney-client privileged information in the form of comments and edits to a document from in-house counsel, and that such privileged information must be redacted. (Dkt. #429 at 1). Google further states that the April 19 exhibit is work product and attorney-client privileged, as it was drafted at the direction of in-house counsel and sought input from outside counsel. (*Id.* at 1–2).

    The parties are still conferring and this issue is not ripe for resolution by the Special Master. (*See* May 2 Hrg. Tr. at 21–22). The Special Master **ORDERS** that the parties shall continue to confer and report back only if there is an unresolved dispute.

2. **Google's Brief to the Special Master (Dkt. #406)**

    a. **State of Texas Rule 30(b)(6) Testimony**

    Google raises an issue with respect to the alleged insufficiency of the State of Texas's Rule 30(b)(6) testimony, primarily as to third party witness interviews conducted by the States. (Dkt. #406 at 1). Google additionally raises an issue with respect to the sufficiency of Texas's testimony on the underlying facts supporting civil

ORDER OF SPECIAL MASTER – Page 2

penalties, injunctive relief, and in-state harm. (Dkt. #455 at 4). As to third party interviews, the States respond that Google seeks privileged work product, noting the Special Master's prior ruling that the States did not need to produce memoranda summarizing such interviews in a prior Order. (Dkt. #426 at 2–7) (citing Dkt. #289 at 5–7).

The Special Master is taking this issue under advisement, and will address it in a separate written order.

3. **Joint Status Report (Dkt. #455)**

   a. **Production of Virginia Expert Reports**

The Special Master previously ordered that expert reports from *U.S., et al. v. Google LLC*, No. 1:23-cv-108-LMB-JFA (the "Virginia Action") be produced. (Dkt. #418). Google has not yet produced the Virginia Action expert reports. Google identifies outstanding issues regarding the protection of third party confidential materials contained in or referenced in the expert reports. (Dkt. #455 at 6). Google also notes the parties' joint proposed order regarding production of third party materials from the Virginia Action (Dkt. #402), set for a hearing before the Court on May 6, 2024. (*Id.*); (*see also* Dkt. #460). The States contend that the expert reports should be produced immediately with redactions of the third party confidential information. Google did not object to the Special Master's Order by the May 6 deadline set by the Court. (*See* Dkt. #460).

The Special Master **ORDERS** that Google produce, no later than May 10, 2024, Virginia Action expert reports with any confidential third party designated material

redacted to the extent affected third parties have not consented to production of their confidential materials in this case.[1] The Special Master further **ORDERS** that Google shall supplement its production of Virginia Action expert reports with confidential third party information unredacted, upon receiving the consent of applicable third parties or as otherwise permitted pursuant to the provisions of the Virginia Action Protective Order (Virginia Action, Dkt. #203), within **3 days** after receiving such consent or other permission.

### b. Production of MDL Deposition Transcripts

The States raise an issue with respect to the production of deposition transcripts from the MDL. (Dkt. #455 at 2). Google has declined to produce the MDL transcripts unless such depositions would count against the States' deposition limit, and views the request for the transcripts as an end-run around of that limit. (*Id.* at 2–3); (May 2 Hrg. Tr. at 39). Google additionally objects on the basis that the States are prospectively seeking the production of transcripts of depositions in the MDL that have not yet occurred. (*Id.* at 41). The Special Master agreed to Google's request that Google be permitted to submit additional briefing on the issue by May 7, 2024. (*Id.* at 44–45).

The Special Master is taking this issue under advisement, and will address it in a separate written order.

### c. Google Rule 30(b)(6) Testimony

The States seek deposition testimony from Google on the States' noticed topics

---

[1] The Special Master understands that, as of May 6, approximately 11 of 126 affected third parties had not consented.

55, 65, 75, 76, 83, 98(f), 98(g), 98(h), 101(b-c), 104(a), 104(e), 104(k), 104(f), 104(i), 104(p), 104(q), 105, and 106. (Dkt. #455 at 3).

As stated at the May 2 Hearing, the Special Master **ORDERS** the States to provide a narrowed list of no more than 10 topics to Google by May 6, 2024 and Google to provide a response to the States on May 7, 2024. (May 2 Hrg. Tr. at 50–52). Thereafter, the parties shall meet and confer in good faith and attempt to resolve any remaining differences.

### d. Dory Message Preservation

The States raise an issue with respect to the preservation of messages from Google's "Dory" instant messaging platform. (Dkt. #455 at 3).

The Special Master understands the "Dory" platform to be of relatively limited use within Google internally as a means to ask questions during live meetings. (*See* May 2 Hrg. Tr. at 58). In light of the substantial production of relevant information to date, the Special Master is not persuaded that further discovery efforts towards "Dory" messages will further advance the needed discovery or are of sufficient incremental importance in this case or that the burden of the States' request is proportional to the needs of the case, particularly at this very late stage of fact discovery. The Special Master **DENIES** the States' request for additional information as to "Dory" communications.

### e. Google's Interrogatory Answers

The States received interrogatory answers from Google on May 1, 2024. The States represented that they would confer with Google on the responses, and would

raise any unresolved disputes with the Special Master before the next hearing. (May 2 Hrg. Tr. at 60). This issue is not ripe for resolution by the Special Master. The Special Master **ORDERS** that the parties shall confer and report back only if there is an unresolved dispute.

### f. Contract/Publisher Information

The States seek written responses from Google on contract issues requested in an April 10, 2024 email. (Dkt. #455 at 3). On May 2, 2024, after the May 2 Hearing, Google provided a letter to the States on contract issues. The Special Master therefore **CARRIES** the States' request subject to any outstanding disputes.

### g. Counting of Rule 30(b)(6) Depositions

Google raises a dispute as to the method of counting Rule 30(b)(6) depositions. According to Google, the States have taken the position that the Court's Scheduling Order allows up to 280 hours of 30(b)(6) deposition testimony, regardless of the number of persons deposed. (Dkt. #455 at 4). Google argues that the States' position is incorrect, and if it applies, should apply reciprocally. (*Id.* at 5).

As stated at the May 2 Hearing, the Special Master **ORDERS** the parties to confer about the issue and advise the Special Master if any disagreement remains. (May 2 Hrg. Tr. at 84).

### h. Counting of State Depositions

Google argues that depositions of the State Agencies previously recommended by the Special Master and adopted by the Court should count as part of the States' depositions for purposes of the 40-deposition cap. (Dkt. #455 at 5).

As stated at the May 2 Hearing, the Special Master **ORDERS** the parties to confer about the issue in light of the Court's prior guidance as to State Agency depositions. (May 2 Hrg. Tr. at 85–86).

### i. Google Interrogatory No. 12

Google requests confirmation as to whether it will receive a supplemental answer to Interrogatory No. 12 by the close of fact discovery, May 3, 2024. (Dkt. #455 at 5). The Special Master previously ordered the States to supplement their response to Interrogatory No. 12 before the close of fact discovery. (*See* Dkt. #413 at 3). The Special Master therefore **DENIES AS MOOT** the request.

### j. Missouri Deposition

Google raises an issue with respect to scheduling of the State of Missouri's Rule 30(b)(6) deposition. (Dkt. #455 at 5). The Special Master does not view this issue as ripe and is confident the parties can reach agreement.

### k. May 2 and 3 Depositions

Google raises an issue with respect to the scheduling of depositions on May 2 and May 3, 2024. (Dkt. #455 at 5). The Special Master understands the parties reached agreement as to those depositions, and therefore **DENIES AS MOOT** the request by Google for clarification.

Signed this 7th day of May, 2024.

                                                                _____
                                                                David T. Moran
                                                                **Special Master**
                                                                TXBN: 14419400
                                                                JACKSON WALKER LLP
                                                                2323 Ross Avenue, Suite 600
                                                                Dallas, Texas  75201
                                                                Telephone: (214) 953-6051
                                                                E-mail:  dmoran@jw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 7th day of May, 2024. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

_____
David T. Moran