IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § § § | |
| v. | § § | CIVIL NO. 4:20-CV-957-SDJ |
| GOOGLE LLC | § § § | |

## ORDER OF SPECIAL MASTER

By Order of the Court dated January 26, 2024 (Dkt. #213) the undersigned was appointed Special Master to address discovery issues and disputes between Plaintiff States ("States") and Defendant Google LLC ("Google").

As provided in the Court's Order Appointing Special Master, the Special Master is holding biweekly discovery hearings with the parties. (Dkt. #213 at 10); (*see also* Dkt. #227, #231). The parties are permitted to submit pending discovery disputes for resolution by the Special Master before the hearings. (Dkt. #227 at 1–2). On April 23, 2024, the parties submitted briefs regarding their discovery disputes, and on April 26, 2024 submitted responsive briefs. The Special Master conducted a remote hearing on May 2, 2024 (the "May 2 Hearing").

Before the May 2 Hearing, the parties were ordered to continue to meet and confer regarding their disputes and submit a joint report regarding any narrowing of issues. On May 1, 2024, the parties submitted their joint report, which advised of many additional matters the parties intended to raise at the following day's hearing. (Dkt. #455).

The Special Master previously issued an Order addressing the majority of

disputes heard on May 2, but reserved ruling on the sufficiency of the State of Texas's Rule 30(b)(6) testimony. (Dkt. #469 at 3–4). This Order addresses that issue.

Having considered the parties' arguments, the Special Master **ORDERS** that the States provide written responses on civil penalties, injunctive relief, and in-state harm no later than **May 8, 2024** and **GRANTS** Google's request for Rule 30(b)(6) testimony from the States as to the facts learned from pre-suit interviews with third parties, with such deposition to be conducted no later than **May 24, 2024**.

1. **State of Texas Rule 30(b)(6) Testimony**

Google's Brief to the Special Master (Dkt. #406) raises an issue with respect to the alleged insufficiency of the State of Texas's Rule 30(b)(6) testimony, primarily as to third party witness interviews conducted by the States. (Dkt. #406 at 1). Google additionally raises an issue with respect to the sufficiency of Texas's testimony on the underlying facts supporting civil penalties, injunctive relief, and in-state harm. (Dkt. #455 at 4). As to third party interviews, the States respond that Google seeks privileged work product, noting the Special Master's prior ruling that the States did not need to produce memoranda summarizing such interviews in a prior Order. (Dkt. #426 at 2–7) (citing Dkt. #289 at 5–7).

As to Rule 30(b)(6) testimony not relating to third party interviews, the States offered to provide the requested information in writing by May 8, 2024. (May 2 Hearing Tr. at 74–76). The Special Master agrees with the States' proposal and **ORDERS** that the States provide written responses on civil penalties, injunctive relief, and in-state harm no later than **May 8, 2024**.

Google previously moved to compel responses to its Interrogatory Nos. 9 (information regarding third parties contacted during the pre-suit investigation) and 29–31 (information regarding persons with knowledge of the harms and injuries for which the States seek relief). (Dkt. #272 at 2–3). The Special Master denied Google's motion to compel, finding that Google was not entitled to third party interview memoranda generated by the States—namely, the State of Texas—during pre-suit investigations. (Dkt. #289 at 7). The Special Master also noted that the States' Initial Disclosures included information responsive to Google's Interrogatories. (*Id.* at 6–7). Notably, Google did not appear to argue that the third party memoranda did not contain privileged work product, but sought redacted versions of the memoranda after an in-camera review by the Special Master. (Dkt. #272 at 4–5). Further, Google did not object to the Special Master's order within the 21-day objection period under Rule 53.

The third party interview memoranda are protected by the work product doctrine, as they contain privileged work product such as counsel's impressions and opinions with respect to the persons interviewed. But *work product* is separate from *facts* learned during those interviews. "[T]he work-product doctrine 'protects only the [attorney's work product] and not the underlying facts.'" *United States v. Rodgers*, No. 4:20-cv-358, 2022 WL 1074013, at *5 (E.D. Tex. Apr. 8, 2022) (quoting *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F2d 1235, 1240 (5th Cir. 1982)). And while the memoranda themselves are not discoverable due to the work product privilege, Google is entitled to discover the underlying factual information gleaned from third party interviews through the testimony of the States' Rule 30(b)(6) witness:

**ORDER OF SPECIAL MASTER – Page 3**

> [W]hile, in general, investigative reports prepared by the party's attorney are protected by the work-product doctrine . . . , a corporate representative cannot be instructed not to answer a question seeking factual information within a designated topic for Rule 30(b)(6) testimony simply because the corporate representative learned the information from an attorney who gathered the information in anticipation of litigation or for trial. The attorney's investigation and the manner in which he or she gathered and organized and analyzed the information and presented it to the corporate representative may itself be protected work product, but the underlying factual information itself remains discoverable through the corporate representative's testimony. Where the deponent is asked only about facts that are responsive to the noticed deposition topics, testifying to the underlying facts and that the deponent learned a fact from the company's attorney – without more – does not impermissibly reveal protected attorney work product, including the attorney's mental processes, impressions, conclusions, opinions, or legal theories.

*Orchestratehr, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2015 WL 11120526, at *7 (N.D. Tex. July 15, 2015). Notably, before the deposition occurred, the States do not appear to have argued otherwise and did not dispute the contention by Google's counsel that the States acknowledged their obligation to provide testimony about underlying facts. (*See* May 2 Hrg. Tr. at 77 (referring to "meet-and-confer on this specific issue, and [States' counsel] specifically said on our call there would be no basis for them to claim privilege over facts that were conveyed in those interviews.")).

The Special Master has reviewed the State of Texas's Rule 30(b)(6) deposition transcript, and finds the deponent's testimony did not adequately disclose facts the States learned from third party interviews. (*See* Dkt. #406-5 at 200) ("Q. And you don't have any understanding of what specific facts were conveyed during those interviews, right? A. Correct."). The States must provide a deponent prepared to address the facts. "If the designated 'agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness,

**ORDER OF SPECIAL MASTER – Page 4**

then the appearance is, for all practical purposes, no appearance at all.'" *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433–34 (5th Cir. 2006) (quoting *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993)).

The Special Master **GRANTS** Google's request for Rule 30(b)(6) testimony from the States as to the facts learned from pre-suit interviews with third parties. Such deposition shall be conducted no later than **May 24, 2024**.[1]

Signed this 7th day of May, 2024.

*[signature]*

David T. Moran
**Special Master**
TXBN: 14419400
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6051
E-mail: dmoran@jw.com

---

[1] This deadline is intended to reflect the Court's extension of the deadline to conduct already-noticed depositions to May 24, 2024. (Dkt. #457, #458).

ORDER OF SPECIAL MASTER – Page 5

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 7th day of May, 2024. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

_____
David T. Moran