IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**DEFENDANT GOOGLE LLC'S BRIEF REGARDING PLAINTIFFS' REQUEST FOR PRODUCTION OF TRANSCRIPTS FROM *IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION*, NO. 1:21-MD-03010 (PKC)**

## BACKGROUND

The Special Master should deny Plaintiffs' request for an expanded set of deposition transcripts from the MDL. Fact discovery in this case has closed, and there is no basis to reopen it to allow Plaintiffs to obtain even more transcripts for depositions that have yet to be taken based on coordination provisions that never took effect. Permitting Plaintiffs to do so would allow them to circumvent this Court's 40-deposition limit. None of Plaintiffs' cited cases address anything like the scenario in this case and so they do not weigh in favor of further production here. ECF No. 455 at 2-3 & n.1.

Plaintiffs fought hard to leave the MDL but now seek the benefit of ongoing discovery from the MDL. Upon remand to this district, Plaintiffs sought "an expeditious trial date" and accelerated timetable to trial, including a fact discovery cut-off of February 14, 2024. ECF No. 157 at 5 & 8. The Court entered a Scheduling Order with a close of fact discovery set for May 3, 2024. ECF No. 193 at 2. In view of the complexity of the case, the Court allocated 40 depositions per side. ECF No. 193 at 6. Since then, Plaintiffs in the MDL have taken the position that they need more than the 15 depositions that were originally allocated to them by Judge Castel, and have pointed to the 40-deposition limit in this case to support their request. MDL ECF No. 755 at 1 ("It bears emphasizing that [MDL] Plaintiffs could readily benefit from an additional 25 or more depositions—roughly on par with the number of depositions permitted by Judge Jordan in the Eastern District of Texas"). Judge Castel has since granted in part MDL Plaintiffs' request, resulting in 24 total MDL depositions. *See* MDL ECF No. 777 at 1.

In addition to the 40 depositions allocated to them in this case, Plaintiffs have access to an extensive bank of transcripts already produced by Google. These include: (a) 32 Google depositions taken by the DOJ in its pre-suit investigation; (b) 5 Google depositions taken by the

DOJ during the period of coordinated discovery with the Virginia case (when Texas was still a part of the MDL); (c) 24 third-party depositions taken by parties to the Virginia case during the period of coordinated discovery (again when Texas was still part of the MDL); and (d) 7 trial transcripts from the *Search* case comprising testimony by Google employees who are custodians in this case (plus access to the public trial transcripts from the *Search* case).

Plaintiffs now seek a forward-looking order that would effectively extend fact discovery beyond the limits established by the Court. They seek a blanket order that would provide them with all additional transcripts from MDL depositions that have yet to be noticed or taken, and that are well in excess of the 40-deposition limit imposed by this Court. But fact discovery in the MDL is set to end on June 28, 2024, which is three weeks after Plaintiffs' expert reports are now due in this case. In the MDL, one plaintiff raised for the first time last week that, in their view, some depositions may need to happen after that deadline. And yesterday, plaintiffs in the MDL informed Google that they would be seeking a three-month extension of the deadline to file expert reports in the MDL, as well as other modifications to the MDL schedule.

## ARGUMENT

### I. Fact Discovery Is Closed In This Case.

Under this Court's Scheduling Order, fact discovery closed on May 3, 2024. ECF No. 193 at 2. Plaintiffs recently sought to modify that Scheduling Order to extend by three weeks the period for completing fact discovery. ECF No. 432 at 13. The Court denied that request but "permit[ted] Plaintiff States to conduct the already-noticed outstanding depositions by May 24, 2024, while maintaining the May 3, 2024, fact discovery deadline." ECF No. 457 at 9. In so doing, "[t]he Court emphasize[d] that Plaintiff States have had sufficient time to notice deponents," and as a result, "the Court only grants time to complete the depositions that have

2

already been noticed, and it will not allow any further depositions that were not noticed by May 1, 2024." ECF No. 457 at 9.  On May 3, 2024, the MDL plaintiffs noticed 13 depositions, which have yet to be scheduled.  Some of those are duplicative of depositions already taken in the pre-suit investigation or by Plaintiffs in this litigation.  *Infra* at 4.  Others are sought by specific MDL plaintiff constituencies.  MDL ECF No. 755 at 4-7.  The Special Master should deny Plaintiffs' request for additional deposition materials beyond the fact discovery deadline.

## II.     Plaintiffs Continue To Seek One-Sided Coordination.

This Court's Scheduling Order recognized the potential for coordinated discovery with the MDL and directed the parties to brief the issue.  ECF No. 194 at 5.  The parties did so but, ultimately, the proposed coordination order entered by this Court was not entered by the MDL court.  MDL ECF No. 708.  As a result, there is no coordination of discovery between the two cases.  On April 24, 2024, the Special Master denied Plaintiffs' request to sit in on MDL depositions and stated that "[o]ne of the consequences of the lack of coordination is that certain depositions must be taken in each case separately." ECF No. 413.

Plaintiffs continue to seek the benefit of provisions of the proposed coordination that benefit them but which did not become effective in this case.  Under the coordination order entered by Judge Jordan, but which never became effective, Plaintiffs in this case would have received transcripts after the close of fact discovery to be used solely for impeachment purposes.[1] Google agreed to that provision in exchange for protection for its witnesses from getting deposed twice.  But Google has lost that key protection: the MDL plaintiffs have recently noticed the depositions of 13 Google employees, three of whom were recently deposed in this case, as well

---

[1] ECF No. 266 at 15 ("Transcripts and exhibits from depositions taken outside the Fact Discovery Cutoff in the Texas Case may not be used in the Texas Case for any purpose other than impeachment at trial."); *see also* ECF No. 230; ECF No. 253.

3

as another six that were deposed in the pre-suit investigation. Now, Plaintiffs in this case seek the benefit of that additional testimony for use in this case. Plaintiffs should not be permitted to use coordination provisions that suit only them as a sword while disavowing others as a shield.

### III.     Plaintiffs' Request is an End-Run Around the Court's Deposition Limit.

This Court's Scheduling Order "modifie[d] the parameters of discovery" after taking into account the specific features of this case. ECF No. 194 at 4. The Court set a limit of 40 depositions per side. *Id*. at 6. The Court further established specific "Exceptions to Limits on Depositions," which did not address depositions taken in the MDL. *Id*. Plaintiffs' requests for even more deposition transcripts is an end-run around the Court's already-generous deposition limit. Plaintiffs in this case have previously sought to facilitate exactly such an outcome on behalf of MDL Plaintiffs.[2] If the Special Master were to grant Plaintiffs' instant request, there would be little to prevent Plaintiffs from requesting that MDL Plaintiffs ask additional questions on their behalf which Plaintiffs may then seek to use in this case. This Court's 40-deposition limit would be rendered meaningless if Plaintiffs can circumvent it by obtaining more deposition testimony from the case they just left.

### IV.     Transcripts From The MDL Are Likely To Be Duplicative Or Irrelevant

On May 3, 2024 plaintiffs in the MDL noticed the deposition of 13 additional Google current or former employees. Of those 13, MDL plaintiffs represented to Judge Castel that three were relevant to specific opt-out plaintiffs on the basis of the deponent's relationship with those specific opt-out plaintiffs. MDL ECF No. 755 at 6-7. Of the remaining ten deponents, three have recently been deposed by Plaintiffs in this case and six others were deposed as part of the

---

[2] ECF No. 230 at 11-12 ("The States' proposal would permit MDL Plaintiffs to 'tag-along' on depositions noticed in this case, giving MDL Plaintiffs potentially up to 40 hours of deposition time without having to cross-notice the depositions and not have such depositions count against the limit in the MDL Action.").

4

pre-suit investigation. Plaintiffs have the transcripts of those depositions and chose not to depose them again in this case. To the extent that Plaintiffs are seeking the benefit of more deposition testimony that is relevant to this case, Plaintiffs have already taken those depositions (or had the opportunity to do so) and anything more would be an end-run around this Court's deposition limits. To the extent that this additional testimony is specific to the individual interests of certain plaintiffs in the MDL, it is only of tangential relevance here and so the Court should not order further production based on Plaintiffs' own cases, as further described below.

### V. Plaintiffs' Cited Cases Do Not Support Their Request.

None of Plaintiffs' cited cases present facts like those at issue here. *See* ECF No. 455 at 2-3 n.1. None concern a request for production of future transcripts for depositions that have not yet been taken. None involved requests for discovery that stretch beyond the fact discovery deadline. And none involved the opportunities for gamesmanship present here where a party in one case could circumvent the deposition limit in that case by relying on a deposition taken in another case by friendly former co-plaintiffs. In each one of Plaintiffs' cited cases, the court limited the scope of production of transcripts in some way. For example, in *Retractable Technologies, Inc. v. Becton, Dickinson & Co.*, Judge Folsom denied a request for *all* deposition transcripts and exhibits from another case because it was not "narrowly tailored." No. 08-CV-16, 2011 WL 13134891, at *5 (E.D. Tex. Aug. 4, 2011). The court noted that the requesting party had not provided sufficient information regarding the number of transcripts at issue, or their relevance. *Id.* Plaintiffs' other cases follow a similar pattern in which the court limited the scope of production. *See Moser v. Navistar Int'l Corp.*, No. 17-CV-00598, 2018 WL 3613996, at *3 (E.D. Tex. July 27, 2018); *Costa v. Wright Med. Tech., Inc.*, No. 17-CV-12524, 2019 WL 108884, at *2 (D. Mass. Jan. 4, 2019).

Dated: May 7, 2024

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

6

## CERTIFICATE OF SERVICE

I certify that, on May 7, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter
