# EXHIBIT A

```
 1                IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF TEXAS
 2                          SHERMAN DIVISION
 3     THE STATE OF TEXAS, ET AL )
                                 )
 4     vs.                       )  CASE NO. 4:20-CV-957-SDJ
                                 )
 5     GOOGLE LLC                )
 6
 7     *********************************************************
 8
 9                       SPECIAL MASTER HEARING
10                            MAY 2, 2024
11
       *********************************************************
12
13        SPECIAL MASTER HEARING, via Zoom, was taken in the
14     above-styled and numbered cause before Special Master
15     David Moran on the 2nd day of May, 2024, from 10:02 a.m.
16     to 11:58 a.m., before Melinda Barre, Certified Shorthand
17     Reporter in and for the State of Texas, reported by
18     computerized stenotype machine, all parties appearing
19     remotely via web videoconference, pursuant to the rules
20     of procedure and the provisions stated on the record or
21     attached hereto.
22
23
24
25
                                                            Page 1
```

```
 1                        APPEARANCES
            (ALL APPEARED VIA ZOOM VIDEO CONFERENCE.)
 2

 3    FOR THE STATES:
 4         Mr. Zeke DeRose, III
           Mr. Jonathan Wilkerson
 5         THE LANIER LAW FIRM, PC
           10940 W. Sam Houston Parkway N., Suite 100
 6         Houston, Texas 77064
 7         Telephone: 713.659.5200
           E-mail: zeke.derose@lanierlawfirm.com

 8
 9         Ms. Geraldine W. Yung
           NORTON ROSE FULBRIGHT US LLP
10         1301 McKinney, Suite 5100
           Houston, Texas 77010
11
           Telephone: 713.651.5437
12         E-mail: geraldine.young@nortonrosefulbright.com
13
           Mr. Trevor Young
14         STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL
           ANTITRUST DIVISION
15         P.O. Box 12548, 7th Floor
           Austin, Texas 78711
16
           Telephone: 512.936.2334
17         E-mail: trevor.young@oag.texas.gov
18
19
20
21
22
23
24
25

                                                     Page 2
```

```
 1                  A P P E A R A N C E S
 2   FOR GOOGLE LLC:
 3        Mr. Jamie Aycock
          Ms. Mollie Bracewell
 4        YETTER COLEMAN LLP
          811 Main Street, Suite 4100
 5        Houston, Texas 77002
 6        Telephone: 713.632.8000
          E-mail: jaycock@yettercoleman.com
 7
 8        Mr. Robert John McCallum
          Ms. Lauren Vaca
 9        FRESHFIELDS BRUCKHAUS DERINGER US LLP
          3 World Trade Center
10        175 Greenwich Street, 51st Floor
          New York, New York 10007
11
          Telephone: 212.284.4910
12        E-mail: rob.mccallum@freshfields.com
13
     ALSO PRESENT:  David Moran, Special Master
14                  William Nilsson
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

```
 1   provide these facts.
 2              SPECIAL MASTER:  Okay.  So I appreciate
 3   that.  Well, you know, I've ruled on that issue that --
 4   the memos to the file from the interviews by the AG's
 5   office when they interviewed whoever they interviewed
 6   and however they reduced that to writing.  Google sought
 7   the production of those materials, and I've ruled on
 8   that request as privileged.
 9              I hear the States saying if you -- we
10   already have a ruling that the underlying document
11   itself is privileged.  How could I then permit you to
12   ask from a testimonial standpoint testimonial evidence
13   for the exact same information?  How could I dare do
14   that and try to walk out of this room and say I try to
15   rule consistently, right?
16              So help me out how you can get through a
17   deposition the same information that I've held you can't
18   get the other way in an interrogatory or some other
19   discovery device.
20              MR. AYCOCK:  All of our questions just
21   have to do with the facts.  What a third party told the
22   State of Texas, there's nothing privileged about that.
23   And so that's -- I don't think there's any question that
24   we've only asked for the underlying facts.
25              We're also now not asking necessarily for
```

Page 71

```
 1   interview memoranda to be produced.  We would like to
 2   talk to a witness who can say, When we interviewed News
 3   Corp, this is what they said, or, They provided a
 4   presentation about the following topic.
 5              Those are the kinds of things that we
 6   should be entitled to know, who complained about Google?
 7   What were their complaints?  We're not asking for their
 8   mental impressions about who would make a good witness
 9   or the strength of their case or any of those kinds of
10   things.
11              SPECIAL MASTER:  Okay.  All right.  Thank
12   you.
13              Who's going to take that for the States?
14              MS. YOUNG:  I can cover some initial
15   points, and then I welcome Mr. Young and Mr. DeRose and
16   Mr. Wilkerson to jump in as well.
17              SPECIAL MASTER:  You're going to do a
18   sufficient job to cover the issue, but I'll let you have
19   one colleague, not -- you don't need three to back you
20   up.  You don't need anyone.
21              MS. YOUNG:  I was just acknowledging them.
22   I will cover everything.  I will be quick, too.
23              So on Google's request for some
24   information in writing, we'll follow up on that; and I
25   think we can provide something quickly.
```

Page 72

1                       I think that goes to the fact of the
2      position the States have always taken is that a lot of
3      the information that Google seeks can be provided in rog
4      responses and things like that, and we will uncover to
5      kind of fill some of the gaps they've raised here in
6      writing.
7                       I do want to note, I think Mr. Aycock
8      mentioned that they noticed a topic on having the
9      witness identify specific advertisers and publishers.  I
10     pulled up the 30(b)(6) notice to Texas.  I don't see
11     that.  But that's something that we think is more
12     appropriately considered to be provided in writing.  So
13     we will go back and take a look at that.
14                      And I think that underscores also the fact
15     that the States have gone through incredible effort to
16     put all the facts that they're relying on in either
17     their very lengthy complaint or their interrogatory
18     responses and all of the other written discovery we've
19     provided Google.  The States are not looking to hide any
20     facts.
21                      One other point I wanted to touch up on on
22     lack of -- their allegations of lack of preparation.
23     I'm fresh off of a 30(b)(6) deposition I took of a
24     Google witness yesterday.  She arrived with a huge -- it
25     was remote.  So I wasn't in the room with her.  She

```
 1   arrived with a 14-document binder that was then -- the
 2   contents of which were sent to me two minutes before the
 3   deposition started.  It had kind of a notes page, and
 4   then it had 14 documents including some pretty lengthy
 5   Excels.
 6                  That was fine.  That happens in 30(b)(6)s,
 7   right?  She referenced the notes during the deposition.
 8   She was designated on a number of topics.  One of the
 9   topics she was designated on was Google's competitive
10   intelligence tracking and tracking of competitors.
11                  I asked her, Who are Google's competitors
12   as to the AdX product?  She could name at most two or
13   three and said maybe there are others.  Same with
14   respect to their Google Ad Manager product, right?
15                  So, I mean, I think there's kind of this
16   issue that Google is expecting the States' witnesses to
17   come and just recite names and, in the instance of
18   irreparable harm, give legal conclusions that I think
19   that are out of bounds and do not reflect a lack of
20   preparation or inadequate testimony by Mr. Gordon.
21                  But I think a good -- at this point in
22   time a good solution is for the States -- we are good
23   faith going to consider Google's request for information
24   and provide it in writing, just as Mr. McCallum and his
25   team have provided us information in writing.  We don't
```

Page 74

```
 1   think making the States prepare another 30(b)(6) witness
 2   to testify about this type of information that
 3   analogously Google's 30(b)(6) witnesses have also not
 4   been able to testify about is the solution here.
 5              And then with respect to the work product
 6   memos, I don't have that much more to say about it
 7   because I think you hit the nail on the head.  I don't
 8   think you can consistently rule.
 9              What they're asking for is essentially
10   another 30(b)(6) witness to go and review all of those
11   work product memos and try to parse what may be
12   nonprivileged factual information from mental
13   impressions, which we do not think can be done based on
14   our review of the memos.
15              SPECIAL MASTER:  Back to the first issue,
16   so when will you provide in writing these, my word not
17   yours, supplemental or additional responsive materials
18   that Google has raised through Mr. Aycock?
19              MR. YOUNG:  So Mr. Collier defended
20   Mr. Gordon's deposition, and I think he is currently in
21   the Meta depo.  So I just want to double check with him.
22              I will represent that that was something
23   we were working on, and it may have gotten kind of
24   deferred just in the hustle and bustle.  I will talk to
25   him; but I think we can endeavor to provide something by
```

Page 75

1  STATE OF TEXAS
2  COUNTY OF HARRIS
3                    REPORTER'S CERTIFICATE
4                    SPECIAL MASTER HEARING
5                         MAY 2, 2024.
6
7        I, the undersigned Certified Shorthand Reporter in
8    and for the State of Texas, certify that the facts
9    stated in the foregoing pages are true and correct.
10       I further certify that I am neither attorney or
11   counsel for, related to, nor employed by any parties to
12   the action in which this testimony is taken and,
13   further, that I am not a relative or employee of any
14   counsel employed by the parties hereto or financially
15   interested in the action.
16       SUBSCRIBED AND SWORN TO under my hand and seal of
17   office on this the 3rd day of May, 2024.
18
19
20                          *[signature: Melinda Barre]*
21                          Melinda Barre, CSR
                            Texas CSR 2192
22                          Expiration:  12/31/25
23
24
25

Page 92