***FILED UNDER SEAL***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan<br><br>Special Master: David T. Moran |

**PLAINTIFF STATES' BRIEF TO THE SPECIAL MASTER**

Pursuant to the Special Master's Order (ECF No. 227), the Plaintiff States ("States") respectfully submit this brief to the Special Master, in advance of the May 16, 2024 hearing.

**ARGUMENTS**

Thus far, although the States have experienced issues with Google's discovery responses and the depositions of Google's witnesses, the States have tried to be judicious in not raising every issue with the Special Master. However, three issues have arisen in the past week that warrant Special Master intervention if the parties are unable to resolve them before next Thursday's May 16, 2024, hearing. The States intend to try to reach resolutions in the interim.

    **I.**    **Google's failure to respond to timely served, highly relevant interrogatories.**

In responses served last Wednesday night on May 1, Google has not responded *at all* to 17 timely served interrogatories by the States seeking crucial information for the States' forthcoming expert reports, beyond boilerplate objections of undue burden and other objections. *See* Ex. A at 8-27. The States properly served their Interrogatories more than a month ago on April 1, 2024. *See* Ex. B. The interrogatories—that Google has failed to respond to—fall within the following categories of highly relevant information that are proportional to the needs of this complex,

1

multistate enforcement action:

- Interrogatories 6-8, 10-12: Seeking data and metrics related to the relevant Auction Mechanics, including Bernanke, and impacted impressions;

- Interrogatories 12-14: Seeking narrative information about Google's Project Bernanke and Global Bernanke;

- Interrogatories 9, 16-19: Seeking Google's contentions and bases regarding the disclosure and benefits of the relevant Auction Mechanics;

- Interrogatory 15: Seeking basis for Google's contention that Google ran a second price auction before 2019; and

- Interrogatories 20-23: Seeking factual basis and information related to the Network Bidding Agreement.[1]

Many of these interrogatories simply seek an explanation related to Google's relevant Auction Mechanics (like Bernanke). Google's across-the-board objections — with no attempt at actually responding to the interrogatories — do not come close to complying with the federal rules.[2] As for Google's asserted objections, courts in this District have advised that:

> In order to satisfy its burden, a party objecting to discovery "must make a specific, detailed showing of how a request is burdensome [or overbroad]." To that end, "[a] mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection." Summary objections are rejected because "[b]road-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request." Thus, "[a] party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."

---

[1] Interrogatories 24-28 relate to Privacy Sandbox and are not being challenged here by the States.

[2] *See Lozada-Leoni v. MoneyGram Int'l, Inc.*, 2020 WL 10046089, at *8 (E.D. Tex. July 8, 2020) (Craven, M.J.) ("A party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld."); *Biote Med., LLC v. Jacobsen*, 2021 2021 WL 327505, at *2 (E.D. Tex. Feb. 1, 2021) ("For purposes of Rule 37(a), 'an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.'") (quoting Fed. R. Civ. P. 37(a)(4)).

***FILED UNDER SEAL***

*Lozada-Leoni v. MoneyGram Int'l, Inc.*, 2020 WL 10046089, at *10 (E.D. Tex. July 8, 2020) (Craven, M.J.) (citations omitted).  Google has not substantiated its objections.

As communicated to Google, the States hope to continue to confer with Google to narrow and resolve these issues and receive responses from Google by next Thursday's hearing.  But, given their importance to the States' quickly due expert reports, this issue is urgent and may require Special Master intervention.

**II.   Google's testimony about, and inconsistent claw back and redaction of, the same key document shows it is not privileged and, in any event, waived any privilege.**

The States' depositions of Google witnesses have all been disrupted by mid-deposition privilege clawback assertions by Google.  Respecting Google's right to clawback potentially privileged documents, the States have permitted Google to do so even mid-questioning of witnesses.  Some of Google's clawbacks have been questionable but, to this point, the States have picked their battles and not raised any ripe clawback challenges.  However, Google's recent actions cannot stand.

During two simultaneous depositions last Thursday May 2, the States attempted to question two Google witnesses (█████ and █████) about a key slide (GOOG-DOJ-27760516) in the same PowerPoint document (GOOG-DOJ-27760500).  Notably, that slide is unfavorable for Google.  Faced with the slide at issue, Google's counsel took opposing actions in the two depositions, despite conferring with one another mid-deposition on the issue:

1. █████ **Deposition:** The Google Rule 30(b)(6) witness (█████) was permitted by one set of Google counsel to fully testify about that key slide in full view of the slide and as to its full context.  Ex. C, █████ Dep. Tr. at 311-326.  Notably, during Mr. █████'s deposition, Google's defending counsel chose to redact *other* parts of the PowerPoint *but not* that key slide.  *Id.* at 325.

3

2. ▆▆▆ **Deposition:** On that same day, a Google fact witness (▆▆▆) was prohibited by other Google counsel from testifying about the very same slide in the same document (that Mr. ▆▆▆ had testified about) under the guise of privilege. Moreover, while the States informed Mr. ▆▆▆ prior to introducing the document that they only intended to ask about two specific slides (GOOG-DOJ-27760515 and 516), Mr. ▆▆▆ and his counsel took nearly 10 minutes **on the record** to review the document. *See* Ex. D, ▆▆▆ Dep. Tr. at 204:24-225:6. Notwithstanding the amount of time spent on record reviewing the document, Mr. ▆▆▆'s counsel raised no privilege objection to the document until the States' counsel began to question Mr. ▆▆▆ about the slide at GOOG-DOJ-27760515. *See id*. Notably, the document's metadata does not indicate that counsel was a custodian of the document, nor does any counsel appear on the face of the document itself.

After Google's privilege assertion during Mr. ▆▆▆'s deposition, the States' counsel pointed out the inconsistency of that privilege assertion, as compared to the lack of a privilege assertion for the same slide in Mr. ▆▆▆'s 30(b)(6) deposition. As a result, Google counsel from both depositions conferred in the middle of both depositions about that inconsistency. Despite that mid-deposition conference among Google's counsel, the slide at issue was never redacted or clawed back during Mr. ▆▆▆'s 30(b)(6) deposition. During Mr. ▆▆▆'s deposition, however, Google counsel in that deposition continued to refuse to allow the States' counsel to question Mr. ▆▆▆ about the same slide. Unlike the Rule 30(b)(6) witness Mr. ▆▆▆, Mr. ▆▆▆ is a custodian of the document at issue.

One day after the May 2 depositions, on May 3, 2024, the States' counsel promptly emailed Google's counsel, asking for clarity and to confer on the issue of the "potential clawback that

4

occurred during the ▮▮▮ and ▮▮▮ [depositions] – it is unclear to us the clawback status of GOOG-DOJ-27760500, used in both depos[itions] on 5/2, so [we] would like confirmation on the redactions Google may or may not be asserting as to that document." Ex. E.

It was not until May 6, 2024, that Google's counsel stated in a meet and confer that they were planning to claw back and redact, later that day, the key slide discussed during Mr. ▮▮▮'s deposition. Google's counsel then sent an opaque email later that night. Ex. F. That email appears to be Google's belated attempt to rebut Google's waiver during Mr. ▮▮▮'s deposition. Google now claims that, during Mr. ▮▮▮'s deposition when he was asked about the slide, "the record did not reveal any privileged information" and that, during Mr. ▮▮▮'s deposition, Google had identified other privileged material in the document. *Id.* Google notably does not claim that they clawed back the key slide during Mr. ▮▮▮'s deposition — because Google did not do so.

In sum, Google's course of conduct shows that: (a) Google did not claw back the key slide when it was presented during Mr. ▮▮▮'s deposition and when he was expressly questioned and providing answers about it; (b) Google's counsel had the opportunity to confer about this issue that day on May 2 during the deposition breaks but knowingly and intentionally did not change course during Mr. ▮▮▮'s deposition; and (c) instead, Google's counsel took four-plus days to belatedly claim privilege on a document that they allowed Mr. ▮▮▮ to be questioned on.

As the States will show in a submission sent only to the Special Master, pursuant to the clawback challenge provision of this case's protective order, the key slide of the document at issue (GOOG-DOJ-27760500) <u>is not privileged</u>. In any event, even if privileged, Google knowingly waived any privilege claim by allowing its Rule 30(b)(6) witness, Mr. ▮▮▮, to freely testify about the slide, despite being aware of the clawback issue and disruptions occurring in the other simultaneous deposition of Mr. ▮▮▮. In the Fifth Circuit, a party like Google "waives the

5

attorney-client privilege, however, by failing to assert it when confidential information is sought in legal proceedings," or in Mr. ███'s Rule 30(b)(6) deposition, as was the case here. *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999).

The States request two forms of relief as to this issue. First, the States request a determination from the Special Master that the key slide at issue (GOOG-DOJ-27760516) is not privileged or protected from disclosure. Second, because Google's counsel prohibited the States from questioning Mr. ███ at all regarding that key slide, for which Mr. ███ is a custodian, the States request that the Special Master allow the States to re-open Mr. ███'s deposition to take a very limited 30-minute deposition of Mr. ███ on only that slide, and no other document or issue, to take place by May 24, 2024. The States would take that short re-opened deposition via Zoom at a time convenient for the witness and Google counsel.

**III.  Google's Rule 30(b)(6) witness on the market share calculations of its buy-side products lacked any preparation or corporate knowledge about the designated topic.**

Google's Rule 30(b)(6) witnesses have been unable to answer basic questions about their designated topics. The States have nonetheless not challenged any to date. Much like the clawback issue briefed above, the Google Rule 30(b)(6) deposition of ███, however, was so egregious that the States cannot just stand by.

Google designated ███ to serve as Google's corporate representative on the topic of Google's market share analyses that Google conducts for its buy-side products and the competitive intelligence Google conducts on competing buy-side companies, in addition to two other topics. *See* Ex. G at 4. Mr. ███ was one of the earliest Rule 30(b)(6) witnesses designated by Google, on March 29, 2024, on the buy-side market share and competitive intelligence topic. *See id*. Thus, by the time of his May 2, 2024 deposition, Mr. ███ had over a month to prepare for his Rule 30(b)(6) deposition.

6

**\*FILED UNDER SEAL\***

Yet, as made clear throughout his deposition, Mr. ▮▮▮▮ was woefully unprepared to give 30(b)(6) testimony on the buy-side market share and competitive intelligence topic — a key topic in this antitrust case based in part on the alleged buy-side markets and harm to competition:

- Mr. ▮▮▮▮ failed to meet with **any** non-attorney Google employees to understand Google's corporate knowledge beyond his own personal capacity, Ex. C, ▮▮▮ Dep. Tr. 162:21 – 163:8;

- Mr. ▮▮▮▮ testified that he was only relying on his own personal experience as a Google employee in answering questions, *id.* at 165:13 – 20;

- Mr. ▮▮▮▮ did not engage in any preparation to understand the terms of his corporate designation, *id.* at 169:16 – 170:18;

- Mr. ▮▮▮▮ did not review a single market share analyses created by Google employees— despite testifying that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, *id.* at 161:2 – 166:25; and

- Despite being designated to testify on Google's market share analyses, Mr. ▮▮▮▮ was unable to define "market share," *id.* at 26:7 – 31:5;

In short, Google could have put up any employee to testify in Mr. ▮▮▮▮'s place and that employee would have given the same (or perhaps more in depth) testimony. Mr. ▮▮▮▮ was simply not prepared and was not able to testify on behalf of Google on the buy-side market share and competitive intelligence topic. His deposition flouted Rule 30(b)(6) requirements and was a waste of the States' time, resources, and deposition hours. And it is not that Google is unable to prepare such a witness to testify. By contrast, ▮▮▮▮▮▮▮, Google's Rule 30(b)(6) witness on the *sell-side* market share and competitive intelligence topic (the flip-side of the buy-side), while not without deficiency: (a) met with three non-attorney Google employees, two of whom she selected herself; (b) reviewed at least one market share document during her preparation; (c) continually affirmed throughout her deposition that she was prepared to testify on behalf of Google on that sell-side topic, and not just in her personal capacity; (d) was willing and able to define "market share;" and (e) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7

███████████. *See* Ex. H, Jean Dep. Tr. 16:17-17:4, 25:12-26:10, 32:4-8, 95:16-98:13, 102:24-103:20, 104:5-105:14.

Not only was Mr. ███████'s testimony a waste of limited deposition hours, but during Mr. ███████'s deposition, Google's counsel also continually engaged in improper, lengthy speaking objections that were disruptive and ate into the States' time with Mr. ███████. Specifically, Google's counsel improperly made twenty-five separate speaking objections at the deposition — despite States' counsel's five different requests to limit objections to "form" or "scope" and to stop the counsel monologuing. *See* Ex. C, Tr. 60:3-61:14 ("Object as outside the scope. I'm also going to object that this was ground that was already covered in Mr. ███████' 30(b)(1) deposition. And, Counsel, if you're going to attempt to retake a second 30(b)(1) deposition of Mr. ███████, it's going to be a problem today. He's here as a 30(b)(6) witness on the topics on which he's been designated …."); *id.* at 103:4-105:16 ("Counsel, what 30(b)(6) topic does this relate to? … I'm asking you to identify the 30(b)(6) topic to which this question relates to. … If you cannot identify a 30(b)(6) topic to which this relates, I will begin instructing the witness not to answer these questions."); *id.* at 194:21-196:1 ("I'm going to object again as outside the scope and, again, for the record, that Mr. ███████ has been designated on communications programs and strategies relating specifically to Bernanke and the disclosures made, if any, and the manner in which each was disclosed. I will also object as outside the scope to the extent this does not relate to buy-side communications. I will also object to the form. … I will continue to make my objections to the scope of the questions because you are asking questions outside the scope of the 30(b)(6) designation."); *id.* at 287:22-288:5 ("I'm going to again object as outside the scope. Mr. ███████ is designated to testify on the information provided to customers. He's not here to testify about hypotheticals. So I'm going to object as outside the scope.  I'm going to object to the form."); *id.* at 30:9-14 ("Again, object as

outside the scope to the extent that you are asking the witness to give you a legal conclusion. Also going to object to the form and object as asked and answered."); *id.* at 39:20-22 ("I'm going to object to the extent it mischaracterizes the testimony.").

The extent of the improper, lengthy speaking objections from Google's counsel that occurred in Mr. ▓▓▓▓'s deposition has not occurred in other depositions. They clearly violate this District's Local Rule CV-30, which plainly states: "Objections to questions during the oral deposition are limited to 'Objection, leading' and 'Objection, form.' Objections to testimony during the oral deposition are limited to 'Objection, nonresponsive.'" Google's counsel's objections were not even limited to "Objection, scope," but some of the counsel monologues and dialogues, instead, take up pages of transcript and did not cease even when advised of the Local Rule's prohibition of speaking objections.

Altogether, Mr. ▓▓▓▓'s utter lack of preparation and lack of corporate knowledge as to his designated topic, and Google counsel's disruptive lengthy, speaking objections during Mr. ▓▓▓▓'s deposition, in violation of the Local Rules, justify relief for the States. The States request that either Google be compelled to produce another Rule 30(b)(6) witness to testify on the buy-side market share and competitive intelligence topic, without counting against the States' deposition limits in this case, or that the States be credited back 3.5 hours of deposition time under the deposition limits in this case.

## CONCLUSION

As shown above, the Special Master should grant the States' requested relief and:

(i) order Google to adequately respond to the States' timely served interrogatories, by May 17, 2024;

(ii) determine that the key slide at issue (GOOG-DOJ-27760516) is not privileged or protected from disclosure and order that ▓▓▓▓▓▓▓▓'s fact deposition be re-opened for a limited

9

***FILED UNDER SEAL***

30-minute segment via Zoom for questioning on only that slide, to occur by May 24, 2024; and

(iii) order Google to produce another Rule 30(b)(6) witness to testify on the buy-side market share and competitive intelligence topic, without counting against the States' deposition limits in this case, or credit the States back 3.5 hours of deposition time under the deposition limits in this case.

***FILED UNDER SEAL***

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* <br> W. Mark Lanier <br> Mark.Lanier@LanierLawFirm.com <br> Alex J. Brown <br> Alex.Brown@LanierLawFirm.com <br> Zeke DeRose III <br> Zeke.DeRose@LanierLawFirm.com <br> Jonathan P. Wilkerson <br> Jonathan.Wilkerson@LanierLawFirm.com <br> 10940 W. Sam Houston Pkwy N <br> Suite 100 <br> Houston, TX 77064 <br> (713) 659-5200 <br> **THE LANIER LAW FIRM, PLLC** | */s/ Ashley Keller* <br> Ashley Keller <br> ack@kellerpostman.com <br> 150 N. Riverside Plaza, Suite 4100 <br> Chicago, Illinois 60606 <br> (312) 741-5220 <br><br> Zina Bash <br> zina.bash@kellerpostman.com <br> 111 Congress Avenue, Suite 500 <br> Austin, TX 78701 <br> (512) 690-0990 <br><br> Noah S. Heinz <br> noah.heinz@kellerpostman.com <br> 1101 Connecticut, N.W., 11th Floor <br> Washington, DC 20005 <br> (202) 918-1123 <br> **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*


**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

***FILED UNDER SEAL***

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

<u>/s/ *Trevor E. D. Young*</u>

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

***FILED UNDER SEAL***

**CERTIFICATION OF CONFERENCE**

I certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h).  The personal conferences required by Local Rule CV-7(h) have been conducted or were attempted on the following dates in the following manner, with the names of the participants in the conferences.

- May 6, 2024, via video conference between Plaintiffs' counsel (G. Young, P. Hillegas, M. Robinson) and Defendant's counsel (M. Bracewell, R. McCallum, D. Pearl, T. Laritz).

The foregoing document and exhibits further outline explanations of why no final resolution has been reached yet, leaving potentially open issues for the Special Master and Court to resolve.

*/s/ Geraldine Young*
Geraldine Young

***FILED UNDER SEAL*ABC**

## CERTIFICATE OF SERVICE AND SEALING

I certify that, on May 7, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

I also certify that, on May 7, 2024, a motion to seal the foregoing document and its exhibits was filed separately and before the filing of this document under seal, per Local Rule CV-5(a)(7)(B).  This sealed filing will be promptly served by email with a secure link on the Special Master and counsel of record for all parties in this case, and will be publicly filed in redacted form, per Local Rule CV-5(a)(7)(E).

*/s/ Geraldine Young*
Geraldine Young
