# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>   Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan<br><br>Special Master: David T. Moran |

## JOINT STATUS REPORT TO THE SPECIAL MASTER
## FOR THE MAY 16, 2024 HEARING

Pursuant to the Special Master's Order (ECF No. 227), Plaintiff States ("States") and Defendant Google LLC ("Google") submit this Joint Status Report in advance of the May 16, 2024 hearing before the Special Master.

The Parties provide the below updates regarding each issue briefed to the Special Master and look forward to discussing them further with the Special Master at the upcoming hearing.

**States' Disputes**

1. **Google's failure to respond to timely served, highly relevant interrogatories:** As outlined in the States' letter dated May 14, 2024 (a courtesy copy of which was also sent to the Special Master), the States have reviewed Google's responsive briefing and have the following requests as to Google's interrogatory responses, which remain deficient and unamended:

    a. Interrogatories 7, 8, and 10-12: Because an affidavit or other evidentiary proof is required to establish burden, the States request that Google be ordered to provide an affidavit or affidavits by May 17, 2024: (a) attesting to and establishing the purported burden associated with providing the requested data in response to each of the specific Interrogatories (Interrogatories 7, 8, and 10-12) and (b) stipulating that Google and Google's experts will not rely on such data in this case.

    b. Interrogatories 9 and 13-19: The States request that Google provide amended narrative responses to Interrogatories 9 and 13-19 by May 17, 2024.

    c. Interrogatory 6: The States request that Google provide amended narrative responses to the first priority category, outlined in the States' May 14 letter, as to Interrogatory 6 by May 24, 2024.  The States request that Google provide amended narrative responses to the second priority category as to Interrogatory 6 by May 31, 2024.

    d. Interrogatories 20-23: The States request that Google provide amended narrative responses to Interrogatories 20-23 by June 3, 2024.

2. **Google's testimony about, and inconsistent claw back and redaction of, the same key document shows it is not privileged and, in any event, waived any privilege:** The States have reviewed Google's responsive briefing and clawback submission, and continue to believe that Google's submissions, including in-house counsel affidavit, do not meet Google's burden to establish that the two slides at issue are privileged or that any privilege was not waived.

    The States continue to request two forms of relief as to this issue.  First, the States request a determination from the Special Master that the key slides at issue (GOOG-DOJ-27760516 and GOOG-DOJ-27760528) are not privileged or protected from disclosure.  Second, because Google's counsel prohibited the States from questioning Mr. Loubser at all regarding the slides, for which Mr. Loubser is a custodian, the States request that the Special Master allow the States to re-open Mr. Loubser's deposition to take a very limited 30-minute deposition of Mr. Loubser on only those slides, and no other document or issue, to take place by May 24, 2024.  The States would take that short re-opened deposition via Zoom at a time convenient for the witness and Google counsel.

3. **Google's Rule 30(b)(6) witness on the market share calculations of its buy-side products lacked any preparation or corporate knowledge about the designated topic:** The States continue to request that either Google be compelled to produce another Rule 30(b)(6) witness to testify on the buy-side market share and competitive intelligence topic, without counting against the States' deposition limits in this case, or that the States be credited back 3.5 hours of deposition time under the deposition limits in this case.

4. **Production of Relevant Documents Cited in the Virginia Expert Reports:** While the States' review of the Virginia Expert Reports and the parties' discussions about third parties are ongoing, the States have noted that the States do not appear to have a number of documents cited in relevant portions of Expert Robin Lee's report, and the States sent Google a highlighted list of those documents. Many of these documents do not appear to relate to third parties but are rather correspondence that provides information about the relevant data that is needed to understand the data. In advance of the Special Master hearing on Thursday, the States have asked Google to let them know Google's position as to whether it is willing to produce these documents cited in the Lee Report, as well as similarly situated documents cited in other reports. Because this issue relates to a Special Master Order, the States may seek the Special Master's guidance on this issue as well.

**Google's Disputes**

1. **Scheduling of Depositions:** The parties conferred about the appropriate method to count Rule 30(b)(6) depositions on a meet-and-confer last Monday, May 6.  In connection with that discussion, and given the number of third-party depositions that plaintiffs had noticed but not scheduled, Google requested that Plaintiffs provide an update as to which of third party depositions they intended to pursue.  Plaintiffs indicated they would provide information about the scheduling or the withdrawal of the third-party depositions by Thursday, May 9.  In response to Google's follow-ups, Plaintiffs now indicate that an update will come "shortly."

    As of today, with little more than a week left for depositions, Plaintiffs continue to refuse to inform Google whether and when they will take the following six third-party depositions they noticed more than four weeks ago (last night, they identified a tentative date for a seventh):
    - Microsoft
    - PreBid
    - Pubmatic
    - Texas Monthly
    - The Trade Desk
    - Yahoo
    - Broadstreet Ads Inc. (tentatively scheduled for May 23)

    These third-party deposition notices have been pending since April 15, 2024, and only eight days remain before the May 24 deadline. Google needs to ensure it has adequate time to prepare and resource depositions, particularly if Plaintiffs intend for all of these depositions to move forward concurrently in the final days before the deadline.  **Google requests that the Special Master order Plaintiffs to provide a scheduling update by 5 p.m. tomorrow, Thursday, May 16, with dates for any third party depositions that Plaintiffs intend to pursue.**

2. **Texas Supplemental Written Responses:** After Google challenged the adequacy of Rule 30(b)(6) testimony from the Plaintiffs, on May 7, 2024 the Special Master ordered the Plaintiffs to provide written responses on a number of issues by May 8, 2024 and to provide Rule 30(b)(6) testimony regarding the facts learned from pre-suit interviews with third parties by May 24, 2024. Plaintiffs are objecting to the Special Master's order that the underlying facts learned in these interviews be provided in testimony, but Google has other issues in Plaintiffs' written responses. While the Plaintiffs updated their written responses, they refused to provide virtually any of the information that had been sought in the deposition and that was then ordered to be provided in writing.
    a. For example, Google requested identification of specific parties about whom the Plaintiffs made allegations in the Fourth Amended Complaint in paragraphs 247, 344, 345, 385, 528, 534, 536, 540, 543, 546, 547, 560, 561, 563, 568, 570, 584, 594, and 596, each of which paragraphs was called out with specificity in topic 15 of the notices of deposition served on the Plaintiffs.  Plaintiffs make allegations that rely on anonymized third parties, including, among others, the following examples:

4

1. Para. 345 ("Google also approached select **large, sophisticated buyers** on a one-on-one basis representing that the dynamic floors were good for them.");
2. Para. 563 ("Google did not want header bidding to circumvent its pipeline, so Google deceived **publishers** into foregoing the adoption of header bidding by falsely representing that it would negatively affect publishers' yield.");
3. Para. 570 ("**[S]ome publishers** that relied on Google's misrepresentations moved away from header bidding to their detriment."); and
4. Para. 594 ("Google began allowing **rival ad exchanges** to use a handicapped version of Smart Bidding data in 2019.").

b. Plaintiffs refuse to provide a complete list of the specific publishers, advertisers, or exchanges they allege were harmed or deceived by Google's conduct or to identify the documents that demonstrate these entities were deceived. The Plaintiffs should be required to provide a complete list of these entities and supporting documents or be precluded from claiming at trial that unnamed publishers, advertisers, or exchanges were harmed or deceived.

c. Plaintiffs refused to answer basic questions about consumer complaints made about Google's ad tech products, including whether they were reviewed prior to this lawsuit, whether any relate to the alleged misconduct in this case, or whether any form the basis of the allegations in this complaint and whether any will be relied on at trial.

**Google requests that the Special Master order Plaintiffs to provide adequate supplemental written responses by May 24, 2024.**

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* <br> W. Mark Lanier <br> Mark.Lanier@LanierLawFirm.com <br> Alex J. Brown <br> Alex.Brown@LanierLawFirm.com <br> Zeke DeRose III <br> Zeke.DeRose@LanierLawFirm.com <br> Jonathan P. Wilkerson <br> Jonathan.Wilkerson@LanierLawFirm.com <br> 10940 W. Sam Houston Pkwy N <br> Suite 100 <br> Houston, TX 77064 <br> (713) 659-5200 <br> **THE LANIER LAW FIRM, PC** | */s/ Ashley Keller* <br> Ashley Keller <br> ack@kellerpostman.com <br> 150 N. Riverside Plaza, Suite 4100 <br> Chicago, Illinois 60606 <br> (312) 741-5220 <br> <br> Zina Bash <br> zina.bash@kellerpostman.com <br> 111 Congress Avenue, Suite 500 <br> Austin, TX 78701 <br> (512) 690-0990 <br> <br> Noah S. Heinz <br> noah.heinz@kellerpostman.com <br> 1101 Connecticut, N.W., 11th Floor <br> Washington, DC 20005 <br> (202) 918-1123 <br> **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*


**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

6

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

/s/ R. Paul Yetter
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

8

## **CERTIFICATE OF SERVICE**

I certify that, on May 15, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

/s/ *Zeke DeRose III*
Zeke DeRose III