# EXHIBIT F
# FILED UNDER SEAL

**Freshfields Bruckhaus Deringer US LLP**



**CONFIDENTIAL**

**Via Email**

Zeke DeRose, III
Lanier Law Firm
10940 W Sam Houston Pkwy
Suite 100
Houston, TX 77064

Redwood City
855 Main Street
Redwood City, CA 94063
T +1 650-618-9250
E justina.sessions@freshfields.com
www.freshfields.com

March 29, 2024

Re:   *The State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.)

Dear Counsel,

I write in response to your email of March 26, 2024 and to provide a designation of witnesses on the majority of the topics in your 30(b)(6) notice. I note that our designations are subject to objections and narrowing of the topics; by designating a witness to testify on a subject related to a topic, we are not agreeing that the witness will be prepared to testify regarding the full scope of a topic as written, nor are we agreeing that the topic as written is an appropriate 30(b)(6) topic.

That said, Google designates the following witnesses:

Google designates ███████████ to testify regarding:

- Processes by which Google engineering personnel were initially educated or onboarded regarding the sell-side Ad Tech Auction Mechanics at issue in Plaintiffs' Fourth Amended Complaint (Topics 7, 8);
- Types of technical documentation that were regularly created in the ordinary course of business for Google Ad Manager, DFP, and/or AdX through 2020 (Topic 9);
- The real-time interoperation of DFP and AdX through 2020 (Topic 66);
- The operation, design, and expected benefits of Dynamic Allocation, Enhanced Dynamic Allocation, Reserve Price Optimization, Dynamic Revenue Share, Unified Pricing Rules, Open Bidding, and the material features of the Google AdX auction as relevant to Plaintiffs' Fourth Amended Complaint, from 2012 - 2020 (Topics 11, 14, 20, 21, 23, 24, 25, 26, 28, 31, 34, 43, 46, 47, 49, 50, 53, 56, 63, 64, 66, 78, 79, 80, 81, 88, 89, 91, 92, 93, 94, 98, 100, 102, 104(a), (b), (h) (l), (o), (p), 107);

CONFIDENTIAL<br>
March 29, 2024<br>
Page 2

- ○ Plaintiffs have indicated a desire to question a 30(b)(6) witness about unspecified tests, evaluations, or experiments. As you know, Google has performed many thousands of experiments during the time period covered by the complaint. We ask that you specifically identify, sufficiently in advance of the deposition, a reasonable number of specific experiments or tests that you would like the witness to be prepared to testify on. It is unreasonable to expect Google to guess at which experiments Plaintiffs might have in mind.
  - ○ Several of Plaintiffs' topics demand testimony regarding the "effects" of a mechanic on various metrics or behaviors or data showing various things (e.g., the number of transactions that meet certain criteria). Google will not undertake bespoke analyses for the purposes of responding to the 30(b)(6) notice. Again, to the extent that Plaintiffs expect a witness to be prepared to testify regarding specific experiments or analyses that Google performed, we request that you identify those analyses in advance.
- Analysis conducted (if any) in connection with having Meta/Facebook use Open bidding, including analysis (if any) "of the minimum spend commitment needed to deter Meta/Facebook from using Header Bidding in a significant way" (Topic 97).

Mr. ▇▇▇ is available for deposition on April 19.

Google designates ▇▇▇▇▇▇ to testify regarding:

- Processes by which Google engineering personnel are initially educated or onboarded regarding the buy-side Ad Tech Auction Mechanics at issue in Plaintiffs' Fourth Amended Complaint (Topics 7, 8);
- The types of technical documentation that were regularly created in the ordinary course of business for Google Ads and DV360 (limited to features and functionality relevant to this case, e.g., display ads) (Topic 9);
- The operation, design, and expected benefits of Bernanke, Poirot, Elmo, AwBid, and Google Smart Bidding as applied to display ads (Topics 11, 14, 20, 21, 23, 24, 25, 26, 28, 31, 34, 43, 46, 47, 49, 56, 63, 64, 67, 69, 78, 79, 80, 81, 82, 84, 88, 91, 92, 93, 94, 99, 101, 103, 107).
  - ○ Plaintiffs have indicated a desire to question a 30(b)(6) witness about unspecified tests, evaluations, or experiments. As you know, Google has performed many thousands of experiments during the time period covered by the complaint. We ask that you specifically identify, sufficiently in advance of the deposition, a reasonable number of specific experiments or tests that you would like the witness

> to be prepared to testify on. It is unreasonable to expect Google to guess at which experiments Plaintiffs might have in mind.
> - Several of Plaintiffs' topics demand testimony regarding the "effects" of a mechanic on various metrics or behaviors or data showing various things (e.g., the number of transactions that meet certain criteria). Google will not undertake bespoke analyses for the purposes of responding to the 30(b)(6) notice. Again, to the extent that Plaintiffs expect a witness to be prepared to testify regarding specific experiments or analyses that Google performed, we request that you identify those analyses in advance.

Mr. ▇▇▇ is available for deposition on April 25.

Google designates ▇▇▇ to testify regarding Google's policies and procedures for public statements to customers about the Google Ad Tech Products referenced in the Fourth Amended Complaint and/or for customer notifications regarding product changes for those same products (Topics 20, 37, 39).

- As we previously noted, we are willing to meet and confer regarding the necessity or propriety of 30(b)(6) testimony on specific alleged statements identified in the Fourth Amended Complaint. To the extent you intend to ask specific questions about specific statements made by individuals, those questions are more appropriately posed in a 30(b)(1) deposition.

▇▇▇ is available for deposition on April 30.

Google designates ▇▇▇ to testify regarding the contents of GAM, AdX Direct, and the process for entering into such contracts and ▇▇▇ to testify regarding the contents of Yavin contracts and the process for entering into such contracts (Topics 71, 72, 73).

- Topics 38 and 96 demand testimony on unidentified additional contracts. We ask that you identify any other specific contracts on which you seek 30(b)(6) testimony so that we can determine if either of these witnesses can also testify regarding topics 38 and 96.
- Your contract-related topics also include a demand for a witness to testify regarding "communications with publishers regarding" various contracts. It is unreasonable to expect Google to prepare a 30(b)(6) witness to testify regarding any and all communications with publishers, over a 15 year period, relating to multiple types of contracts. To the extent that Plaintiffs have questions regarding specific communications, those questions are more appropriately directed to a 30(b)(1) witness.

CONFIDENTIAL<br>
March 29, 2024<br>
Page 4

▇▇▇▇▇▇▇ is available for deposition on April 12.

▇▇▇▇▇▇▇ is available for deposition on April 23.

Google designates ▇▇▇▇▇▇ to testify regarding market share calculations for buy-side products that Google regularly performs in the ordinary course of business (if any) and competitive intelligence or company tracking of buy-side ad tech companies or products (Topic 77).

▇▇▇▇▇▇ is sitting for a 30(b)(1) deposition on April 5. He can provide 30(b)(6) testimony following the conclusion of his 30(b)(1) deposition provided the entire day does not last more than 7 hours on the record.

Google will provide a designee shortly to testify regarding market share calculations for sell-side-side products that Google regularly performs in the ordinary course of business (if any) and competitive intelligence or company tracking of sell-side ad tech companies or products (Topic 68, 70, 77).

On March 19 we offered to provide verified written responses in response to Topics 1, 2, 3, 4, 6, and 16. We have not heard back from you regarding that offer, nor have you articulated why a live 30(b)(6) deposition would be necessary or efficient on those matters. We also understand that the States have taken the position that written responses to analogous topics in Google's 30(b)(6) would be appropriate.

With respect to Topics 75 and 76 (relating to accounting policies and procedures and financial information), as we noted on March 19, Google already provided extensive 30(b)(6) testimony on these topics in the Virginia case. If it will resolve the need for additional duplicative testimony, Google will agree that the 30(b)(6) testimony of ▇▇▇▇▇▇ from the Virginia case can be used as if it were taken in this case.

Sincerely,<br><br>
<i>/s/ Justina Sessions</i><br>
Justina K. Sessions