UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| GOOGLE LLC | § | |

**MEMORANDUM ADOPTING ORDER
OF THE SPECIAL MASTER**

Before the Court is Special Master David Moran's Order, (Dkt. #470), concerning, inter alia, Google's request for Rule 30(b)(6) testimony from Plaintiff States as to the facts learned from pre-suit interviews with third parties. Plaintiff States objected to the order, (Dkt. #483), contending that the information sought constitutes protected attorney work product. Google responded in support of the Special Master's Order. (Dkt. #490). After full consideration, the Court determines that Plaintiff States' objections are overruled, and accordingly adopts the Special Master's Order.

The work product doctrine "insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991). It also protects the "materials prepared in anticipation of litigation" regardless of whether they were "prepared by the attorney or by agents of the attorney." *Adams v. Mem'l Hermann*, 973 F.3d 343, 349 (5th Cir. 2020). However, the work product doctrine does *not* protect underlying facts. *Id.* A party cannot avoid disclosure of underlying facts by burying them in a privileged document.

1

Here, Special Master Moran determined that the memoranda concerning third-party interviews were protected under the work product doctrine, but *underlying facts* in such memoranda are not protected and should be disclosed. This is not complicated—it's black letter law. The Plaintiff States agreed to provide a Rule 30(b)(6) witness who could testify to such underlying facts. But the States' witness was apparently unprepared to do so. *See* (Dkt. #406-5 at 198) (Q: "[S]o you didn't review any of the interview memorandum that are referenced in the privilege log, right?" A: "Correct." Q: "And you didn't ask anybody about the substance of those interview memoranda, right?" A: "Correct."); (Dkt. #406-5 at 201) (Q: "[Y]ou don't have [any] understanding of the specific subject matter that was discussed during [the third-party] interviews, right?" A: "Correct." Q: "And you don't have any understanding of what specific facts were conveyed during those interviews, right?" A: "Correct."). This is puzzling and unacceptable. How could the States expect a witness who had no familiarity with the interview memoranda to provide testimony on underlying facts included in these documents?

The States must provide a witness who has reviewed the memoranda sufficiently to provide comprehensive testimony on all underlying facts in these documents. More broadly, such witness must also otherwise be prepared to address *all* underlying facts learned from the States' pre-suit interviews. And, if necessary to provide comprehensive testimony on such underlying facts, the witness must confer with attorneys or others who are no longer employed by the States. This information

is of obvious importance in this case and should have been a priority for the States in meeting their discovery obligations. Apparently, it was not.

In this regard, Plaintiff States' suggestion that Google was somehow obligated to seek out and depose the third-party witnesses to learn any underlying facts is rejected. As Google aptly points out, Plaintiff States agreed that the underlying facts are not privileged and agreed to provide a 30(b)(6) witness who could testify to those facts learned in pre-suit interviews. (Dkt. #490-1). Plaintiff States have failed to comply with this agreement. They must comply immediately and completely.

The Court cautions the parties not to engage in gamesmanship as they complete fact discovery in this case. Such conduct will not be tolerated.

Therefore, the Order of the Special Master, (Dkt. #470), is **ADOPTED** and Plaintiff States objections, (Dkt. #483), are **OVERRULED**.

Google's request for Rule 30(b)(6) testimony regarding the facts learned from pre-suit interviews with third parties is **GRANTED**.

It is further **ORDERED** that Plaintiff States must provide a knowledgeable Rule 30(b)(6) witness who can testify to such facts.

It is further **ORDERED** that such deposition shall be conducted no later than **May 24, 2024**.

**So ORDERED and SIGNED this 17th day of May, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE