IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § § § | |
| v. | § § | CIVIL NO. 4:20-CV-957-SDJ |
| GOOGLE LLC | § § § | |

## ORDER OF SPECIAL MASTER FROM MAY 16 DISCOVERY HEARING
## (DKT. #472, #488)

By Order of the Court dated January 26, 2024 (Dkt. #213) the undersigned was appointed Special Master to address discovery issues and disputes between Plaintiff States ("States") and Defendant Google LLC ("Google").

As provided in the Court's Order Appointing Special Master, the Special Master is holding biweekly discovery hearings with the parties. (Dkt. #213 at 10); (*see also* Dkt. #227, #231). The parties are permitted to submit pending discovery disputes for resolution by the Special Master before the hearings. (Dkt. #227 at 1–2). On May 7, 2024, the States submitted a brief regarding their discovery disputes, and on May 10, 2024, Google submitted a responsive brief.[1] The Special Master conducted a remote hearing on May 16, 2024 (the "May 16 Hearing").

Before the May 16 Hearing, the parties were ordered to continue to meet and confer regarding their disputes and submit a joint report regarding any narrowing of issues. On May 15, 2024, the parties submitted their joint report, which advised of additional disputes. (Dkt. #488).

---

[1] Google did not submit an initial brief of its own.

ORDER OF SPECIAL MASTER – Page 1

The Special Master's rulings regarding the parties' disputes are as follows.

1. **States' Brief to the Special Master (Dkt. #472)**

    a. **Google's Interrogatory Responses**

The States seek further responses from Google as to interrogatories answered by Google on May 1, 2024. (Dkt. #472 at 1–2). The States specifically seek responses to their Interrogatory Nos. 6-23. (*Id.* at 2). Google responds that it "will continue to work with Plaintiffs to reach a resolution," and anticipates being able to supplement its responses to Interrogatory Nos. 6, 9, 13-19, and 20-23. (Dkt. #482 at 1). However, Google notes that it likely cannot provide detailed monthly data dating back to 2013 in response to Interrogatory Nos. 7, 8, 10, and 11. (*Id.* at 2).

The Joint Status Report grouped the interrogatories into four categories: (a) Interrogatory Nos. 7, 8, and 10-12, for which the States seek an affidavit from Google regarding burden and a representation that Google will not later rely upon responsive data in this case; (b) Interrogatory Nos. 9 and 13-19, for which the States seek supplemental responses by May 17; (c) Interrogatory No. 6, for which the States seek a supplemental response by May 24 and 31; and (d) Interrogatory Nos. 20-23, for which the States seek supplemental responses by June 3. (Dkt. #488 at 2). As to categories (a-d), the Special Master ordered a report from Google on Monday, May 20, 2024. (May 16 Rough Hrg. Tr. at 10-11).

On May 20, Google responded. As to category (a), Google agreed to supply a declaration concerning burden and further stipulate that Google will not use monthly or aggregate data that would be responsive to the interrogatories in its expert reports.

As to categories (b-d), Google agreed to provide amended answers by May 24.

Accordingly, the Special Master **DENIES AS MOOT** the States' request.

### b. Clawed Back Documents

The States seek to challenge Google's clawback assertions as to two pages of one document used during depositions of two Google witnesses, Sam Temes and Max Loubser. (Dkt. #472 at 3). The States argue that, in Mr. Temes's deposition, Google did not assert privilege as to the two pages and allowed the witness to be questioned on the -516 document and further states no privilege was asserted as to that specific page. (Dkt. #472-3 at 311–326). The States urge that Google asserted privilege in Mr. Loubser's deposition, but the pages are not privileged and that Google had waived any privilege from its decision not to claim privilege in the Temes deposition. (*Id.* at 3–5). The States seek a finding that the pages are not privileged and that they be allowed a limited, 30-minute deposition of Mr. Loubser as to only those pages. (Dkt. #488 at 2). The States separately submitted briefing to the Special Master, pursuant to the Court's Confidentiality Order, to challenge the substance of Google's privilege assertion. Google argues in response that the pages are privileged, that it timely asserted privilege in both depositions, and that it did not waive privilege. (Dkt. #482 at 4–5). Google likewise submitted confidential briefing to the Special Master.

The Special Master heard argument on the issue at the May 16 Hearing. At the May 16 Hearing, the Special Master ordered the States and Google to submit up to an additional 5 pages of briefing no later than 5 p.m. on Tuesday, May 21, 2024. (May 16 Rough Hrg. Tr. at 90). The Special Master will address this issue by separate written

order after that supplemental briefing is submitted.

### c. Google's Rule 30(b)(6) Testimony

The States argue that Mr. Temes was insufficiently prepared to serve as Google's Rule 30(b)(6) witness on noticed topic 77 relating to buy-side market share and competitive intelligence. (Dkt. #472 at 7). The States argue that, for example, Mr. Temes failed to meet with any Google personnel, was only relying upon his personal knowledge, did not review any market share analyses, and could not define the term "market share." (*Id.*). The States further argue that Google's counsel raised improper speaking objections that cost deposition time. (*Id.* at 8). The States seek either another Rule 30(b)(6) deponent who will testify regarding buy-side market share and competitive intelligence or that they be credited back 3.5 hours of deposition time. (Dkt. #488 at 2). Google responds that Mr. Temes is very knowledgeable and experienced and thus adequately prepared. He testified that Google does not perform buy-side market share calculations in the ordinary course of its business. (Dkt. #482 at 7). Google further responds that its counsel objected to the States improperly seeking additional Rule 30(b)(1) testimony from Mr. Temes, who had already testified for seven hours as a Rule 30(b)(1) witness. (*Id.* at 9).

The Special Master has reviewed the lengthy Rule 30(b)(6) deposition of Mr. Temes. The Special Master also considered the States' contention that Mr. Temes's preparation was different than that of another Google Rule 30(b)(6) witness on a similar topic relating to sell side market share, and the contention that there were differences in the respective testimony of the two Google Rule 30(b)(6) witnesses. Those

differences may or may not be borne out at trial, but the Special Master does not find an insufficiently prepared Rule 30(b)(6) witness. The Special Master additionally notes that the numerous "speaking objections" did not comply with the Eastern District's Local Rule CV-30 ("Objections to questions during the oral deposition are limited to 'Objection, leading' and 'Objection, form.'"). Despite the lack of compliance, the Special Master does not find that the States were hampered in the deposition and declines to grant the specific relief requested by the States. The Special Master **DENIES** the States' request.

2. **Joint Status Report (Dkt. #488)**

   a. **Documents Cited in Virginia Expert Reports**

   The States' portion of the Joint Status Report advises of a potential issue with respect to production of documents cited in expert reports from the Virginia Action. (Dkt. #488 at 3).

   At the May 16 Hearing, Google represented it had already produced or the States had possession of approximately 100 of the documents at issue, and that Google was undertaking efforts to locate and produce approximately 20 outstanding documents that were not in the States' possession. (May 16 Rough Hrg. Tr. at 24–25). In light of Google's representations, and the Special Master's guidance that the documents are relevant, the Special Master does not view this issue as presenting a ripe dispute, and therefore **CARRIES** it, subject to further developments, if any.

   b. **Third Party Deposition Scheduling**

   In the Joint Status Report, Google raises an issue with respect to scheduling of

7 third party depositions noticed by the States[2] and requests that the Special Master order the States to provide, by 5 p.m. on May 16, 2024, a scheduling update for any third party depositions the States intend to pursue. (Dkt. #488 at 4).

At the May 16 Hearing, the States noted that they had provided dates for all but two of the depositions at issue, and requested to be given until the end of day on May 17, 2024 to provide the remaining two dates. (May 16 Rough Hrg. Tr. at 31–32). Google agreed to the States' proposal. (*Id.* at 32). The Special Master therefore **DENIES AS MOOT** Google's request based on the parties' agreement.

### c. State of Texas Written Responses

Google raises an issue with respect to the Special Master's May 7, 2024 Order (Dkt. #470), which ordered the States to comply with their proposal to provide written responses on civil penalties, injunctive relief, and in-state harm by May 8, 2024 in lieu of a Rule 30(b)(6) deposition. (Dkt. #488 at 4–5) (*see also* Dkt. #470 at 2). The States provided such written responses on May 8, 2024. (*Id.*). Google now seeks, by May 24, 2024, further responses from the States providing "a complete list of the specific publishers, advertisers, or exchanges they allege were harmed or deceived by Google's conduct or to identify the documents that demonstrate these entities were deceived" and answers regarding "consumer complaints made about Google's ad tech products." (*Id.* at 5).

On May 14, 2024, the States provided a further lengthy written response to

---

[2] Google notes that one of the depositions at issue has been tentatively scheduled. (Dkt. #488 at 4).

ORDER OF SPECIAL MASTER – Page 6

Google setting forth their responses on the information requested by Google. The Special Master has reviewed the States' responses, and does not find that the States have failed to adequately respond to Google's request. Accordingly, Google's request is **DENIED**.

Signed this 21th day of May, 2024.

                                                                      David T. Moran  
                                                                      **Special Master**  
                                                                      TXBN: 14419400  
                                                                      JACKSON WALKER LLP  
                                                                      2323 Ross Avenue, Suite 600  
                                                                      Dallas, Texas  75201  
                                                                      Telephone: (214) 953-6051  
                                                                      E-mail: dmoran@jw.com

**ORDER OF SPECIAL MASTER – Page 8**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 21th day of May, 2024. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

_____
David T. Moran