IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

# GOOGLE LLC'S UNOPPOSED MOTION
# FOR LEAVE TO REDACT

On May 16, Defendant Google LLC ("Google") sought leave to file under seal its Response to Plaintiff States' Objection to Report and Recommendation ("Response") and Exhibits B and C. ECF No. 489. This Court granted the motion to seal the next day. ECF No. 493.

As part of its Response, Google also included Exhibit A, an excerpt from the May 2, 2024 Special Master hearing. Exhibit A was included in the sealed filing (and remains non-publicized) but was not referenced in the granted motion to seal. Upon further review, however, the transcript excerpt contains passing references to a Google employee who has a strong privacy interest in preventing her name from being publicly disclosed. Accordingly, Google now moves to file a redacted version of Exhibit A alongside the public version of the Response and Exhibits B and C by May 23, 2024.

## LEGAL STANDARD

While "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For example, courts have recognized that the public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Tex. Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex. May 30, 2017), and "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598. In exercising its discretion to seal judicial records, "the Court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (directing courts to balance right of access against interest of nondisclosure).

## ARGUMENT

Google moves to redact Exhibit A to its Response. Exhibit A refers to the name of a Google employee who has a strong privacy interest in preventing her name from being publicly disclosed. District courts recognize that the public's general right of access is far outweighed by the interest in protecting individual privacy here. *See, e.g.*, *In re Google Digit. Advert. Litig.*, No. 1:21-md-03010-PKC, (S.D.N.Y. Oct. 15, 2021) (Castel, J.), ECF No. 147 at 9 (granting motion to seal employee names: "The names and contact information of these employees have no apparent bearing on any issue in this dispute. The privacy interests of these Google employees outweighs the strong presumption of public access."); *United States v. Google LLC*, No. 1:23-cv-108 (E.D. Va. March 10, 2023) (Brinkema, J.), ECF No. 58 at 2 (granting motion to seal names of current or former employees, finding that "sealing this information is warranted to maintain the privacy of non-parties to this litigation"). Similar materials have been sealed from other filings. *See, e.g.*, ECF Nos. 480, 484.

Google will file a version of Exhibit A with tailored redactions on the docket by May 23, 2023.

## CONCLUSION

For the foregoing reasons, Google's motion to redact Exhibit A to its Response should be granted.

Dated: May 23, 2024								Respectfully submitted,

/s/ R. Paul Yetter
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

ATTORNEYS FOR GOOGLE LLC

**CERTIFICATE OF SERVICE**

      I certify that on May 23, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

**CERTIFICATE OF CONFERENCE**

      I hereby certify that the meet and confer requirements in Local Rule CV-7(h) have been met.  This motion is consented to and not opposed by any party.

*/s/ R.Paul Yetter*
R. Paul Yetter
