**FILED UNDER SEAL**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

## GOOGLE LLC'S RESPONSE TO PLAINTIFFS' OBJECTION TO SPECIAL MASTER'S REPORT AND RECOMMENDATION
## (ECF NO. 483)

**FILED UNDER SEAL**

## INTRODUCTION

Plaintiffs challenge the Special Master's Order that they provide an additional 30(b)(6) witness to testify about facts learned from their pre-suit interviews with third parties. This deposition is necessary because Plaintiffs failed to provide a prepared Rule 30(b)(6) witness on information they agreed was not privileged and which the law makes clear is not privileged. The facts related to and learned in those third-party interviews are, as the law and the Special Master recognize, discoverable.

Google sought to depose Plaintiffs about *facts* gathered during their interviews of numerous third parties. These facts form the basis for many of the allegations in the lawsuit and will be central at trial. Before the deposition, Plaintiffs agreed that Texas's Rule 30(b)(6) corporate representative—designated on common factual topics for all 17 Plaintiffs—would provide testimony on these facts. Counsel for Google confirmed the agreement before the Special Master many times. At that deposition, however, the witness was unprepared to provide *any* such facts, had no "understanding of what specific facts were conveyed during the interviews," and testified only to information on the face of Texas's privilege log. ECF No. 406-5 at 196:14–21, 200:2–10 (Texas Apr. 17, 2024 Depo. Tr.); *see also id.* at 197:19–23 ("Q: And so you didn't review any of the interview memorandum that are referenced in the privilege log, right? A: Correct. Q. And you didn't ask anybody about the substance of those interview memoranda, right? A. Correct."). Given that Google sought non-privileged factual information that Plaintiffs had agreed to provide through a witness collectively designated on this common topic, Google sought and the Special Master recommended an additional deposition on the underlying factual information related to and conveyed during these third-party interviews.

Having failed to prepare their witness as they were required and they had agreed on the record before the Special Master, Plaintiffs now try to avoid discovery by casting this as an issue

1

**FILED UNDER SEAL**

of work product rather than inadequate witness preparation, incorrectly claiming that Google seeks the privileged contents of attorney-prepared interview memoranda. Plaintiffs know this is not true because it was abundantly clear before and at the deposition that Google seeks the *facts* from those interviews. The Special Master's Report rightly recognized that "*work product* is separate from *facts* learned during [] interviews" and, therefore, held Google is entitled to discover the factual information it seeks. Report at 3. The Court should adopt the Report in full.

## ARGUMENT

**I. Plaintiffs agreed these facts are discoverable—and confirmed as much twice before the Special Master.**

Plaintiffs' deposition conduct and position now conflict with the position they confirmed repeatedly on the record prior to the deposition.

Before the Texas corporate deposition, Plaintiffs agreed that Google is entitled to testimony on the underlying facts related to and conveyed during third-party interviews. The parties discussed and confirmed that agreement before the Special Master. On March 21, 2024, Plaintiffs represented that the parties would "come to a reasonable compromise" on protecting attorney mental impressions and memorialize it in a letter. ECF 406-2 at 82:1–14, 85:5–11 (Excerpt of Mar. 21, 2024 Special Master Hr'g Tr.). At that same hearing, Google made clear that it only sought the facts gathered. *Id.* at 82:15–83:3 ("We're not looking for mental impressions. . . . [W]e're entitled to find out what [Plaintiffs] know, what facts they gathered."). Plaintiffs then sent a March 29, 2024 letter proposing to narrow Google's 30(b)(6) topics but confirmed that they were nonetheless amenable to the following topics:

- Topic 4: "The factual basis of Your responses to Google's Interrogatories."
- Topic 6: "The factual basis of the allegations in the Fourth Amended Complaint ("FAC"), including (a) the factual basis for the allegations, and (b) the date on, or the time period during which, you allege that Google engaged in the conduct described in the FAC."

2

**FILED UNDER SEAL**

- Topic 13: "Communications between You and any third party concerning this Action, including the circumstances surrounding such communications, the identity of the third party individuals or entities involved, the content of the communications, and the dates of the communications."

ECF No. 345-1 at 6–7. In that same letter, they also contended that they had already "provided all of their available factual basis of their claims" and that "[a]nything beyond those already-provided facts will seek testimony on the OAG's legal strategy, theories, opinions, and mental impressions, deliberations, and evaluations about those (again) already-provided factual basis, to which the States are entitled to object and refuse to disclose." *Id.* at 4–5.

In a subsequent meet and confer on April 2, Plaintiffs clarified their offer, including that Plaintiffs *would* testify as to facts learned during third-party interviews. In an April 3 filing to the Special Master, Google confirmed that based on Plaintiffs' representations from the day prior, the parties were prepared to reach a deal. The filing memorialized the parties had agreed that the facts learned during the interviews were discoverable:

> Google understands that Plaintiffs commit to produce witness(es) to testify on the factual basis for their pre-suit investigation, as well as facts learned through the investigation, which Plaintiffs understand to be subsumed within topics 6 and 13. ***Plaintiffs specifically confirmed that they do not object to questions probing the facts learned from third-party interviews conducted during their investigation.***

ECF No. 334 at 4 (emphasis added).

The parties appeared before the Special Master on April 4, 2024. Referring to this language, counsel for Google explained that "I do believe we've reached an agreement about scope, if I could just get that confirmed because we think we have; and we put it in our piece of the submission to you." ECF 406-3 at 37:10–13 (Excerpt of Apr. 4, 2024 Special Master Hr'g Tr.). Counsel for Google then sought confirmation of that specific agreement: "***But I'm sure the State agrees but if they don't, they should say so now and we can put that issue to bed.***" *Id.* at 37:14–16 (emphasis added). Counsel for Plaintiffs then confirmed this agreement to the Special Master: "We are agreed

3

with scope. And you'll see that each State has essentially agreed to testify about everything except, of course, anything that's privileged or protected across all the topics." *Id.* at 37:18–21. The agreement was clear.

The deposition proceeded on April 17, 2024. Despite these prior representations and their agreement, Plaintiffs failed to prepare their witness on the topic of the facts underlying the third-party interviews. The witness was not prepared in any way to testify as to *any* facts learned from third-party interviews other than to read through the privilege log itself. ECF. No. 406-5 at 194:22–25 ("I do not know the content of those interviews. What I know about those interviews was provided to Google in our communications privilege log. . . .").

Google then approached the Special Master about requiring Plaintiffs to produce another 30(b)(6) witness on the topic, which was addressed at the May 2 hearing. *See generally* Ex. A (Excerpt of May 2, 2024 Special Master Hr'g Tr.). Google's counsel reiterated that the parties "had a meet-and-confer on this specific issue, and [Plaintiffs' counsel] specifically said on our call there would be **no basis** for them to claim privilege over facts that were conveyed in those interviews." *Id.* at 77:3–6 (emphasis added). Plaintiffs could not dispute what they clearly had said and agreed to in the meet-and-confer and on the record before the Special Master, but instead argued that Google sought protected work product. *See id.* at 75:5–14; 78:19–21.

The Special Master's Report correctly recognized Plaintiffs' about-face: "Notably, before the deposition occurred, the States do not appear to have argued otherwise and ***did not dispute the contention by Google's counsel that the States acknowledged their obligation to provide testimony about underlying facts***." Report at 4 (emphasis added).

**FILED UNDER SEAL**

Plaintiffs' Objection glosses over this significant deviation in position and instead seizes on two stray statements to suggest that they did not really mean what they agreed to, neither of which moves the needle or changes the clear law that facts are not privileged.

*First*, Plaintiffs claim that their March 29 letter said that offering testimony on "[a]nything beyond [] already-provided facts will seek testimony on the OAG's legal strategy, theories, opinions, and mental impressions, deliberations, and evaluations about those (again) already-provided factual basis." Objection at 12. But the deposition would have served no point if the Plaintiffs were entitled to limit the testimony to the text of the privilege log itself as they now contend. Moreover, Plaintiffs' post-hoc rationalization for failing to prepare their witness on the facts related to and conveyed during the interviews does not square with the context of the letter itself. In the same letter, Plaintiffs agreed to provide a witness who could testify about the factual basis for the allegations in the Fourth Amended Complaint and Interrogatory responses, as well as the facts underlying the interviews with third parties. And, in any event, Plaintiffs' position is not persuasive given their subsequent representations during the meet-and-confer and before the Special Master.

*Second*, Plaintiffs point to their April 4 representation that "each State has essentially agreed to testify about everything except, of course, anything that's privileged or protected across all the topics." ECF No. 406. But Plaintiffs agreed prior to the deposition—as the law requires—that the facts conveyed during interviews are not privileged. *See* Ex. A at 77:3–6. ("Ms. Young and I had a meet-and-confer on this specific issue, and she specifically said on our call there would be no basis for them to claim privilege over facts that were conveyed in those interviews."). And this was the scope of the agreement memorialized in the report to the Special Master that Plaintiffs

5

**FILED UNDER SEAL**

then confirmed at the same April 4 conference. Plaintiffs' statement cannot be understood to do away with a topic that Plaintiffs had simultaneously agreed was within scope and not privileged.

**II.   Google is entitled to learn about facts related to and learned during third-party interviews.**

Facts obtained in third-party interviews and the statements and presentations made by those third parties are not privileged and were within the scope of the deposition.

**A.  Work product does not protect against disclosure of underlying facts.**

The Report's conclusion that "*work product* is separate from *facts* learned during those interviews" is amply supported. Report at 3 (emphasis in original). *See, e.g.*, *United States v. Rodgers*, 2022 WL 1074013 at *5 (E.D. Tex. Apr. 8, 2022) ("[T]he work product doctrine 'protects only the [work product] and not the underlying facts.'" (quoting *In re Intl'l Sys. & Controls Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982))); *Elec. Data Sys. Corp. v. Steingraber*, 2003 WL 21653414, at *4 (E.D. Tex. July 9, 2003) ("[The work product privilege] does not extend to underlying facts relevant to the litigation."); *Orchestratehr, Inc. v. Trombetta*, 2015 WL 11120526, at *7 (N.D. Tex. July 15, 2015) ("The attorney's investigation and manner in which he or she gathered and analyzed the information and presented it to the corporate representative may itself be protected work product, but the underlying factual information itself remains discoverable through the corporate representative's testimony"); *Stiward v. United States*, 2007 WL 2417382, at *3 (E.D. La. Aug. 24, 2007) ("[T]he work product doctrine does not protect against discovery of facts known to a party, regardless of their source."); *Gueniot-Kornegay v. Blitz U.S.A., Inc.*, 2012 WL 6045558, at *2 (S.D. Miss. Dec. 5, 2012) ("[F]acts are not protected by the attorney-client privilege or the work-product doctrine.").

The cases cited by Plaintiffs do not hold otherwise and involve distinguishable circumstances. In *Rodgers*, the defendant sought testimony from government witnesses "to discuss

6

their analysis of the evidence . . . and their belief that [defendant's] version of events is the truth." 2022 WL 1074013. Given that purpose, even "interviews with witnesses related to the investigation" necessarily intruded on the government's opinion work product. *Id.* Thus, unlike "pure factual information," this testimony would reveal the witnesses' "analysis of the case." *Id.* Judge Mazzant's discussion in *Rogers* vindicates the distinction drawn here by Google between legal analysis, which Google does not seek, and facts obtained from third parties, which are discoverable and not entitled protection. For the same reasons, Plaintiffs' reliance on *F.T.C. v. U.S. Grant Resources, LLC* is equally misplaced. The defendant there sought testimony concerning a laundry-list of privileged topics including "the results of the FTC's investigation," "the roles and identification of FTC employees involved in the investigation," "the extent of FTC reliance on work product of various employees," and "the policies and procedures invoked in this particular investigation." 2004 WL 1444951, at *9 (E.D. La. June 25, 2004).

The remaining cases Plaintiffs rely upon are even further afield. In *Kentucky v. Marathon Petroleum Co. LP*, the question was whether "opposing trial counsel or the functional equivalent thereof" could be deposed. 2018 WL 3130945, at *3 (W.D. Ky. June 26, 2018). That issue is not present here. *Dunn v. State Farm Fire & Cas. Co.* addressed when litigation is reasonably anticipated for purposes of the work product privilege and the propriety of a protective order for documents prepared by attorneys. 27 F.2d 869, 875 (5th Cir. 1991). These issues have nothing to do with the matter at hand. In the same vein, *Smith v. Diamond Offshore Drilling Inc.* addressed the discoverability of an "analysis of the Plaintiff's accident" "suffused" with the investigators' "mental impressions and conclusions." 168 F.R.D. 582, 585 (S.D. Tex. 1996). In contrast, Google seeks a deponent prepared to testify about factual information provided by third parties, information that Plaintiffs evidently relied on for their complaint and presumably intend to

7

introduce at trial. Plaintiffs are clearly able to prepare a witness to testify as to those underlying facts. Unlike *Smith v. Diamond Offshore Drilling*, this is a question of witness preparation and not work product production. *See* Ex. A at 72:5–10 ("[W]e're not asking for their mental impressions about who would make a good witness or the strength of their case or any of those kinds of things.").

### B. Facts known to the Plaintiffs are discoverable regardless of whether they are memorialized in work product or in counsel's mind.

Given the clear distinction between facts and work product, Plaintiffs' true objection amounts to burden. Plaintiffs claim a witness cannot be prepared because "nearly all of the attorney authors of these memoranda no longer work at OAG or work for other States" and the attorneys that do remain "would almost certainly be unable to separate those memories from their evaluations in the memoranda." Objection at 11 n.1. This claim rings hollow given that each of the witnesses the 17 Plaintiffs in this case chose to present as corporate representatives are attorneys who work for the Offices of Attorney General, many of whom have worked directly on this case for years. *Cf.* Apr. 18, 2024 Joint Stipulation, ECF No. 390 (stipulating that Google will not seek to disqualify any attorneys for any Plaintiff State on the basis that they served as 30(b)(6) witnesses). To claim that *no* witness can disentangle the underlying facts sought by Google related to the third-party interviews is a fiction.[1] By contrast, every one of Plaintiffs' witnesses were intimately involved in developing the legal strategy in this case and yet testified about underlying facts as 30(b)(6) witnesses. There is no reason a witness cannot do the same with underlying facts relayed in third-party interviews.

Further, contrary to the Plaintiffs' suggestion otherwise, the fact that an organization no longer has a person with knowledge on the designated topics "does not relieve the organization of

---

[1] Notably, Plaintiffs have never submitted these interview memoranda for *in camera* review.

the duty to prepare a Rule 30(b)(6) designee," *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008). The Special Master recently ruled against a similar claim by the Texas Department of Motor Vehicles, which later provided a witness for a deposition. *See* Apr. 15, 2024 Report and Recommendation of Special Master at 7–9, ECF No. 368 ("The DMV is obligated to educate a Rule 30(b)(6) witness to testify on its behalf, even if such education must be from former employees or the documents already produced to Google."). In any event, Plaintiffs raised this issue previously, but after Google responded that they were nonetheless required to prepare a witness on the underlying facts, the parties reached their agreement that was confirmed before the Special Master that Plaintiffs would present a witness who was adequately prepared to discuss the underlying facts related to and conveyed in the interviews.

The underlying facts related to and conveyed during third-party interviews during Plaintiffs' lengthy investigation are highly relevant and a legitimate deposition topic. This is true even if the topic covers facts that happen to be memorialized in protected work product. The case law is abundantly clear that plaintiffs cannot shield themselves from a legitimate Rule 30(b)(6) deposition topic by claiming privilege over the material that they might most easily use to prepare a witness, based on, among others, the following examples:

- Party was compelled "to produce 30(b)(6) witnesses who have been thoroughly educated about the conspiracy with respect to any and all facts known . . . *regardless of whether such facts are memorialized in work product protected documents or reside in the mind of counsel*," *In re Vitamins Antitrust Litig.*, 217 F.R.D. 229, 234–35 (D.D.C. 2002) (emphasis added);

- "[A] corporation must make a good faith effort to designate representatives having knowledge of the matters listed in the notice and to prepare those representatives so that they can answer fully, completely, and not evasively. . . . This may require that a Rule 30(b)(6) deponent testify regarding facts which the witness has learned from counsel or from his/her review of work product," *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 631 (N.D. Okla. 2009);

- The claim of attorney work product does not shield "facts that a party may have learned, even if they were learned from work product documents that are not themselves

9

discoverable," *Stiward*, 2007 WL 2417382, at *2;

- "[F]actual information cannot be immunized from discovery simply by incorporating it into a document which is entitled to work-product protection." *Fresenius Med. Care Holdings, Inc. v. Roxane Laby's, Inc.*, 2007 WL 543929, at *3 (S.D. Ohio Feb. 16, 2007); and

- "[I]t is simply no answer to a 30(b)(6) deposition notice to claim that relevant documents or investigations are privileged and that therefore no knowledgeable witness can be produced." *Wilson v. Lakner*, 228 F.R.D. 524, 529 (D. Md. 2005).

Moreover, Plaintiffs' claim about the difficulties of preparing a witness deserves no deference. Plaintiffs' claimed burden is belied by the fact that they did nothing to try to prepare their witness on this topic: ▓▓▓▓ did not read the third party interview memoranda, speak with any colleagues about third party interviews, or review anything beyond the privilege log. *See* ECF No. 406-5 at 196:14–21, 200:2–10. Texas did not show that they could not prepare a witness, only that they did not intend to try.

Finally, this Court should not take seriously the suggestion that instead of seeking these facts from their representative, Google ought to have deposed the ***nearly 60 third parties*** interviewed in the pre-suit investigation. *See* Ex. B (Privilege Log). This is a complex case with restraints on the number of depositions allowed to be taken. Nearly half of the 40 depositions Google was allowed to take in this case were used to depose each Plaintiff. Plaintiffs should not be able to skirt their agreement and obligation to provide an adequately prepared Rule 30(b)(6) witness on topics they agreed were not privileged and force Google instead to depose dozens of third parties in an attempt to recreate facts Plaintiffs have already obtained and agreed they could and would provide. Objection at 13.[2]

---

2   Plaintiffs also argue that "as far as the record shows, Google has not even attempted to [seek this information directly from third parties]." Objection at 13. This is incorrect. For instance, ▓▓▓▓ *See* Ex. C at 120:4–19 (▓▓▓▓).

**FILED UNDER SEAL**

This Court instructed the parties that "both sides are going to get the discovery they need in this case." Mar. 21, 2024 Status Conf. Tr. at 44:21–24. Plaintiffs should abide by that principle with respect to facts that are core to their complaint and likely constitute their proof at trial, *e.g.*, who claimed injuries from Google, who complained of misrepresentations by Google, and what did they say. Google should be allowed to pursue the discovery it needs and has properly sought.

## CONCLUSION

Google respectfully requests the Court adopt the recommendations in the Report in full and order that Plaintiffs provide a deponent adequately prepared to testify about the facts related to and conveyed during pre-suit interviews Plaintiffs conducted with third parties.

---

[redacted] *Id.* at 120:23–121:2; 122:6–12.

**FILED UNDER SEAL**

| | |
|---|---|
| Dated: May 16, 2024 | Respectfully submitted, |

/s/ R. Paul Yetter
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Justina Sessions
FRESHFIELDS BRUCKHAUS DERINGER LLP
855 Main Street
Redwood City, CA 94063
(650) 461-8276
justina.sessions@freshfields.com
ATTORNEYS FOR DEFENDANT GOOGLE LLC

**FILED UNDER SEAL**

**CERTIFICATE OF SERVICE**

I certify that, on May 16, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A). I also certify that, on May 16, 2024, a motion to seal the foregoing document and its exhibits was filed separately and before the filing of this document under seal, per Local Rule CV-5(a)(7)(B). This sealed filing will be promptly served by email with a secure link on counsel of record for all parties in this case, and will be publicly filed in redacted form per Local Rule CV-5(a)(7)(E).

*/s/ R. Paul Yetter*
R. Paul Yetter