IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**GOOGLE LLC'S UNOPPOSED MOTION
FOR LEAVE TO FILE UNDER SEAL**

Defendant Google LLC ("Google") respectfully moves the Court for leave to file under seal its Supplemental Brief Requesting a Protective Order Prohibiting Plaintiffs from Deposing Sergey Brin and Sundar Pichai (the "Brief") and Exhibits Q through T attached to the Brief (the "Exhibits"). Google sets forth below the bases for filing the Brief and the Exhibits under seal. Plaintiffs do not oppose this sealing request.

**LEGAL STANDARD**

While "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For example, courts have recognized that the public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Texas Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex. May 30, 2017), and "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598. In exercising its discretion to seal judicial records, "the Court must balance

the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (directing courts to balance right of access against interest in nondisclosure).

## ARGUMENT

### A. The Brief and the Exhibits Contain Google Employees' Personal Information.

Filing the Brief and the Exhibits under seal protects the privacy of employees named therein.

District courts have routinely recognized in similar situations that the public's general right of access is far outweighed by the interest in protecting individual privacy. *See, e.g.*, *In re Google Digital Advertising Litig.*, No. 1:21-md-03010-PKC, (S.D.N.Y. Oct. 15, 2021) (Castel, J.), ECF No. 147 at 9 (granting motion to seal employee names: "The names and contact information of these employees have no apparent bearing on any issue in this dispute. The privacy interests of these Google employees outweighs the strong presumption of public access."); *United States v. Google LLC*, No. 1:23-cv-108 (E.D.Va. Mar. 10, 2023) (Brinkema, J.), ECF No. 58 at 2 (granting motion to seal names of current or former employees, finding that "sealing this information is warranted to maintain the privacy of non-parties to this litigation"); *see also Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *2 (N.D. Cal. June 5, 2015) (granting motion to seal "with respect to the employee names and [ ] IDs . . . for privacy reason[s]"); *cf. Pugh*, 2017 WL 11664888, at *1 ("[T]he court finds that Plaintiff's interest in protecting his privacy and personal information outweighs the public's interest in access to court records.").

The Brief and the Exhibits include names and contact information of Google's current and former employees, who have strong privacy interests in preventing their personal information from

being publicly disclosed. Therefore, the Brief and the Exhibits should be filed under seal, and Google will apply targeted redactions.

### B. The Brief and the Exhibits Contain Confidential Commercial Information.

The Brief and the Exhibits should be sealed also because they contain references to and discussions of non-public sensitive commercial and financial information that, if disclosed publicly, is likely to cause Google competitive harm.

Courts routinely recognize that the interest in non-disclosure of sensitive business information outweighs the general public right of access. *See, e.g.*, *Nixon*, at 597–98 (recognizing that public access may be properly limited to protect "sources of business information that might harm a litigant's competitive standing"); *Conn Credit I, LP v. TF Loanco III, LLC*, No. 1:14-CV-429, 2016 WL 8231153, at *1 (E.D. Tex. May 9, 2016) (granting a motion to seal documents containing a "large amount of confidential business information"); *Dickey's Barbecue Pit, Inc. v. Neighbors*, No. 4:14-CV-484, 2015 WL 13466613, at *4 (E.D. Tex. June 5, 2015) (granting a motion to seal a document "filled with financial information regarding [a company's] franchises, as well as contact information for individuals and companies operating those franchises"); *see also* Local Rule CV-5(a)(7)(E).

The Exhibits have all been designated as Confidential or Highly Confidential pursuant to the Confidentiality Order governing this case (ECF No. 182), and the Brief quotes from and discusses about these Exhibits. Google has a strong commercial interest in protecting the non-public sensitive commercial information contained in both the Brief and the Exhibits from public disclosure. Specifically, Google describes the Exhibits below:

- Exhibit Q, designated as Highly Confidential, is the transcript of a Google employee's deposition dated May 24, 2024. It reveals non-public sensitive commercial information including Google's internal discussions, strategies, and rationales regarding the acquisition of DoubleClick.

3

- Exhibit R, designated as Highly Confidential, is an internal Google email chain on the subject of the DoubleClick acquisition. It contains non-public sensitive commercial information including Google's internal discussions, strategies, and rationales regarding the acquisition of DoubleClick.

- Exhibit S, designated as Highly Confidential, is an internal Google email string on the subject of the DoubleClick acquisition. It contains non-public sensitive commercial information including Google's internal discussions, strategies, and rationales regarding the acquisition of DoubleClick.

- Exhibit T, designated as Confidential, is an internal Google email chain on the subject of the DoubleClick acquisition. It reveals details about Google's internal commercial and financial valuation regarding the acquisition of DoubleClick.

\* \* \*

In sum, Google hereby seeks to file the Brief and the Exhibits under seal, and Google will apply targeted redactions.

## CONCLUSION

For the foregoing reasons, Google's motion to seal the Brief and the Exhibits attached to the Brief should be granted.

|  |  |
|---|---|
| Dated: May 30, 2024 | Respectfully submitted,<br><br>*/s/ R. Paul Yetter*<br>R. Paul Yetter<br>State Bar No. 22154200<br>YETTER COLEMAN LLP<br>811 Main Street, Suite 4100<br>Houston, Texas 77002<br>(713) 632-8000<br>pyetter@yettercoleman.com<br><br>Eric Mahr (*pro hac vice*)<br>FRESHFIELDS BRUCKHAUS DERINGER LLP<br>700 13th Street NW, 10th Floor<br>Washington, D.C. 20005<br>(202) 777-4545<br>eric.mahr@freshfields.com<br><br>ATTORNEYS FOR GOOGLE LLC |

**CERTIFICATE OF SERVICE**

      I certify that on May 30, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

**CERTIFICATE OF CONFERENCE**

      I hereby certify that the meet and confer requirements in Local Rule CV-7(h) have been met.  This motion is consented to and not opposed by any party.

*/s/ R. Paul Yetter*
R. Paul Yetter
