IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**<u>GOOGLE'S SUPPLEMENTAL BRIEF REQUESTING A PROTECTIVE ORDER PROHIBITING PLAINTIFFS FROM DEPOSING SERGEY BRIN AND SUNDAR PICHAI</u>**

FILED UNDER SEAL

Plaintiffs should not be permitted to depose Google's co-founder and Google's CEO because Plaintiffs failed to exhaust less-intrusive means of obtaining the information they profess to need.  After 30 depositions of current and former Google employees, including a deposition of another high-ranking executive, Neal Mohan, Plaintiffs cannot point to any *unique* information *relevant to this case* that they can obtain only from Mr. Brin or Mr. Pichai.  With respect to Mr. Brin, Plaintiffs obtained the information they profess to need through the deposition of Mr. Mohan, and failed to avail themselves of the opportunity to obtain other information through less intrusive means.  The same is true of Mr. Pichai: Plaintiffs utterly failed to pursue the discovery they claim to need (including by asking Mr. Mohan or any number of other knowledgeable witnesses about those matters).  Plaintiffs' insistence on deposing Mr. Brin and Mr. Pichai even after Mr. Mohan answered the questions they did ask, and their failure to ask any other witnesses questions on these topics, show that they seek these additional depositions simply as a pressure and harassment tactic.

## I.    PLAINTIFFS SHOULD NOT BE PERMITTED TO DEPOSE MR. BRIN.

***Plaintiffs have the purportedly relevant evidence regarding DoubleClick.***   The Special Master permitted Mr. Brin's deposition on the theory that "Google's goals with respect to [the DoubleClick] acquisition, the rationale behind paying a higher price for DoubleClick, and Google's competition with Microsoft for the acquisition" were relevant. ECF 423 at 7.  There is no need to depose Mr. Brin to obtain this information because Mr. Mohan provided it.  Mr. Mohan answered Plaintiffs' questions regarding the reasons that Google wanted to buy DoubleClick, Ex. Q at 89:19–90:10, including the reason "████████ ████████████████████████████████████████████████████████████," *id.* at 77:18–78:4, ██████████████████████████████████, *id.* at 95:21–96:15, and ████████████████████████████████████████████████████████████

1

**FILED UNDER SEAL**

██████" *id.* at 95:17–100:9; 115:2–120:9.[1]

Mr. Mohan's testimony is consistent with the documents.  Plaintiffs have the deal team's email update to the Google Board of Directors "███████████████████ ██████████████████████████████████████████████ ██████."  GOOG-DOJ-01823990 (Ex. R).  They have the 54-page "deal review" presentation.  ECF 349-3 (Ex. B).  And they have emails explaining Google's rationale for offering the final $3.1b price at which the deal closed.  *See, e.g.*, GOOG-DOJ-01657626 (Ex. S); GOOG-DOJ-00003276 (Ex. T).  Notably, Plaintiffs did not ask Mr. Mohan about the contents of any of these documents.  Ex. Q at 90:11–91:19.

Plaintiffs have failed to show that they were unable to obtain the information they seek through other, less-burdensome means.  *See, e.g.*, *Gauthier v. Union Pac. R.R. Co.*, No. 1:07-CV-12 (TH/KFG), 2008 WL 2467016, at *4 (E.D. Tex. June 18, 2008) (quashing apex deposition and requiring plaintiffs to show "they cannot obtain the necessary information through other means of discovery.").  For example, this is not a situation where various witnesses professed a lack of knowledge or pointed the finger at others, necessitating a final deposition to resolve conflicting testimony or obtain a final answer.  *Cf. Fam. One v. Isaacks*, No. 9:22-CV-00028-MJT, 2023 WL 4503537, at *7 (E.D. Tex. Apr. 25, 2023) (allowing apex deposition where prior witnesses each disclaimed responsibility and pointed fingers at others, including the apex witness).  Here, Plaintiffs have obtained the answers to the questions they professed to need, and appear to be pursuing Mr. Brin's deposition for ulterior reasons.

***Mr. Brin would provide no new, unique, relevant information.***  Plaintiffs' "hook" for deposing Mr. Brin is one email chain regarding an interim bid amount, initially proposed by a member of the deal team and approved by Google's then-CEO.  Mr. Mohan answered Plaintiffs' questions about this email chain, including questions about what Mr. Brin wrote.

---

[1] Mr. Mohan could not answer questions regarding what ████████████ or ████████████ meant by certain statements, but Mr. Brin's testimony would not clarify those matters.

**FILED UNDER SEAL**

*See, e.g.*, Ex. Q at 114:6–115:15 ("████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████"); *id.* 118:15–120:9 (further explaining ████████████████████).

Mr. Brin ████████████████████████████████. ████████████ and ████

████████ were responsible for the primary decisions and strategic rationale behind the deal.

*Id.* at 99:11–19.  And, as mentioned above, plaintiffs have later email correspondence in

which the final $3.1b purchase price is discussed and justified.  *See, e.g.*, Ex. T (████████

████ and ████████████ responding to ████████'s question about ████████████

████████████████.).  Mr. Brin does not weigh in on these later discussions.

The views that Mr. Brin expresses in the email chain regarding the interim bid are not

unique to him.  Plaintiffs could have obtained additional information regarding the interim

bid from any number of people, including Mr. Mohan, had they asked further questions, or

the members of the deal team.  As the email thread shows, Mr. Brin is in fact ████████████

████████████████████████████████████████████████████████████████

████████████████████. *See* ECF 349-2 at -772 (Ex. A) (████████████████████

████).  ████████████████████████████████████████████████████████

████████████████████████████████.  *Id.* at -770–72.  ████████████████

████████████████████████████████████████████.  ████████████████████

████████████████████████████████████.  ████████████████████████████

████████████████████████████████.  Any testimony from Mr. Brin would be

duplicative of what Plaintiffs already have and not unique to Mr. Brin.

**Plaintiffs' justifications are pretextual.**  Towards the very end of fact discovery,

Plaintiffs subpoenaed ████████████, one of the primary drivers of the DoubleClick deal

(and active participant on ████████████████).  But Plaintiffs failed to pursue that subpoena

3

**FILED UNDER SEAL**

and dropped their request for Mr. ███████'s deposition.  Nor did Plaintiffs pursue the other

amorphous discovery they purport to need from Mr. Brin.  For example, other than asking

Mr. Mohan a few oblique questions about DoubleClick's use of cookies, Plaintiffs failed to

pursue discovery based on the 2010 article that they raised with the Special Master.

Plaintiffs should not be permitted at this late date to manufacture a "hole" in

discovery to be filled by an apex witness.  *See, e.g.*, *Motion Games, LLC v. Nintendo Co.*, No.

6:12-CV-878-JDL, 2015 WL 11143486, at *3 (E.D. Tex. Mar. 18, 2015) (quashing apex

deposition where the plaintiff "made no assertion that it has attempted to obtain the sought

information through a less burdensome means of discovery").  They could have, but chose

not to, pursue this discovery through other means.  This is no excuse to harass Mr. Brin.

## II.    PLAINTIFFS SHOULD NOT BE PERMITTED TO DEPOSE MR. PICHAI.

Again, Plaintiffs have obtained—or could have but chose not to obtain—the discovery

they purportedly seek.  This tactic should not be rewarded with a CEO deposition.

***DoubleClick acquisition***.  As discussed above, Plaintiffs have obtained the discovery

they sought on this topic.  Moreover, Plaintiffs have not shown that Mr. Pichai has any

***unique*** knowledge.  It is undisputed that, at the time, Mr. Pichai was not the CEO and worked

on an entirely different product.  Neither Mr. Pichai's sending a friendly "congrats" email,

nor a compilation of suggested updates for a board meeting  (merely one line of which relates

to DoubleClick), see ECF 349-7 at -483, -84 (Ex. F) (list of suggested highlights and

lowlights "based on inputs from board letter, slides, company OKRs and GPSes"), shows he

has any knowledge of the acquisition other than that it happened and was positive.

***Forbes article***.  Next, Plaintiffs point to an email where Mr. Pichai ████████

████████████████████████████████████████████████████████████████

████████.  ECF 375-12 (Plaintiffs' Ex. 11).  Nothing in that email establishes unique

personal knowledge *relevant to this case*, which does not concern click fraud.  Nor did

4

**FILED UNDER SEAL**

Plaintiffs pursue this discovery.  Out of the 30 depositions of current and former Google employees that Plaintiffs have taken, Plaintiffs have only questioned one witness on this topic, asking only "what is click fraud?"  *See* 2024.04.23 30(b)(6) ████ Dep. Tr. at 87:4–15.  Plaintiffs noticed depositions of members of Google's Privacy and Safety team (who deal with alleged click fraud) and then withdrew them.  Plaintiffs have not exhausted less intrusive means of obtaining discovery on this topic and have not shown Mr. Pichai possesses any unique knowledge.

*Microsoft*.  Plaintiffs say Mr. Pichai was "personally involved and has knowledge regarding Google's strategy as to its competitor Microsoft."  ECF 375 at 7.  They cite one 2008 email chain (seven years before Mr. Pichai became CEO) that also included Mr. Mohan.  ECF 349-8 (Ex. G).  Yet Plaintiffs did not ask Mr. Mohan a single question about this email, despite having time to do so.  They also had ample opportunity to ask dozens of other witnesses about "Google's strategy as to its competitor Microsoft," and not a single one pointed to Mr. Pichai as having any unique knowledge on that point.

*NBA*.  Finally, Plaintiffs say that Mr. Pichai was personally involved in the Network Bidding Agreement with Facebook.  ECF 447 at 4–5.  As Google previously demonstrated, this is false.  ECF 349-1 at 8.  Moreover, Plaintiffs failed to pursue other discovery on the NBA.  Plaintiffs asked no NBA-related questions of witnesses (including 30(b)(6) witnesses on the topic), nor did they notice depositions of numerous other people involved in initiating, negotiating, or approving the deal.  This failure to exhaust is telling, and fatal.

### III.    CONCLUSION

Messrs. Brin and Pichai do not possess unique knowledge of the topics Plaintiffs seek to depose them about, and Plaintiffs failed to exhaust other opportunities to obtain the information they seek.  Accordingly, Google respectfully requests that this Court issue a protective order prohibiting the depositions of Mr. Brin and Mr. Pichai.

**FILED UNDER SEAL**

Dated: May 30, 2024

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW
Washington, DC 20003
(202) 777-4545
eric.mahr@freshfields.com

Justina Sessions
855 Main Street
Redwood City, CA 94063
(650) 461-8276
justina.sessions@freshfields.com
ATTORNEYS FOR DEFENDANT GOOGLE LLC

**CERTIFICATE OF SERVICE**

I certify that on May 30, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

# EXHIBIT R

# FILED UNDER SEAL

| | |
|---|---|
| **From:** | ████████████████████ on behalf of ████████ |
| **Sent:** | Friday, March 23, 2007 9:56 PM |
| **To:** | ████████████ |
| **Cc:** | ████████████████████ |
| **Subject:** | Project Liberty- CONFIDENTIAL |

Dear Board Members:

I wanted to give you a heads-up about █████'s decision to enter the process to acquire DoubleClick, a leading online ad serving company owned by the private equity firms of Hellman & Friedman and JMI Equity (the transaction is codenamed Project Liberty). ██████████████████████████████████████████
██████████████████████████████████████████████████████████████████
████████████████████████████████████████

I have attached the deal review presentation for Project Liberty discussed at ██████. ████████████████████
████████████████



HIGHLY CONFIDENTIAL                                                              GOOG-DOJ-01823990



Feel free to call me with any feedback, questions or concerns.

Thanks,

HIGHLY CONFIDENTIAL                                                                 GOOG-DOJ-01823991

# EXHIBIT S

# FILED UNDER SEAL

From: ███████████████████
Date: Apr 11, 2007 8:26 PM
Subject: Re: Liberty Update
To: ███████████████
Cc: ███████████████████████████

Here is my Net-Net on the deal (also see real customer feedback from tonight on the deal directly after these points) -

Customer Feedback:
*****I was at the IAB board dinner (David Kenny from Digitas / Publicis) was the dinner speaker. Liberty and Atlas came up many times during the dinner and Q&A. Here are a few points -

1. Publicis ($42.5B in media spending) is going to go to one platform on the media side and one platform on the measurement side
- He made this comment to all 30 publishers in the room and referred to it as a "desktop"

2. Publicis recommended $10B in interactive spending to their clients last year and the clients only purchased $3B
- "Why?"
- Because the Liberty and Atlas infrastructure is manual for billing. 25% of headcount time at Publicis is spent on SOX compliance in billing

On the way out of dinner, David said the following things (he has seen our Google BMP team and also visited with ███ & our engineers) about the rumors over Liberty -

Google Inc.
Attachment 4(c)-14
April 2007

GOOG-DOJ-01657626

- "If you buy them, you should have an integration plan that slowly replaces Liberty's functions with ▮▮▮▮ product, it is much better"
- "If you don't buy them, we'd still be interested in using the Google platform



E



Thanks,

2



On 4/11/07, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ wrote:
ATTNY CLIENT PRIVLEDGE

thanks,
▮▮▮▮

On 4/11/07, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ wrote:

# REDACTED

3

HIGHLY CONFIDENTIAL

GOOG-DOJ-01657628

# REDACTED



4



CONFIDENTIALITY. This communication is intended only for the use of the addressee and may contain information that is privileged and confidential. If you are not the intended recipient, please note that any dissemination of this communication is prohibited. If you have received this communication in error, please erase all copies of the message, including all attachments, and please also notify the sender immediately. Thank you for your cooperation.

HIGHLY CONFIDENTIAL

GOOG-DOJ-01657630

# EXHIBIT T

# FILED UNDER SEAL

From: ████████████████████
Date: Apr 9, 2007 6:47 PM
Subject: liberty valuation revisited
To: ████████████████████████████████████████████
████████████████
Cc: ███████████████████████████████████
████████████████████

All

███████████████████████████████████████

██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████

█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████

More details below:

███████████████████████████████████████████████████████
████████
██████████████████████████████████████████████████████
█████████
████████████████████████████████████████████████████
████████
██████████████████████████████

█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
██████████████████████████████████████

█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████████████████
████████████████████████████████

████████████████████████
--

Google Inc.
Attachment 4(c)-13
April 2007

GOOG-DOJ-00003276

**FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:20-cv-00957-SDJ |
| v. | § | |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

Having considered Defendant Google LLC's Motion for a Protective Order prohibiting Plaintiffs from deposing Sergey Brin, Sundar Pichai, and Neal Mohan (Dkt. #349), filed on April 9, 2024, the Court **ORDERS** that the Motion be **GRANTED IN PART**.

It is further **ORDERED** that the depositions of Sergey Brin and Sundar Pichai shall not proceed.