UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

| | |
|---|---|
| THE STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

**DECLARATION OF E. KATE PATCHEN IN SUPPORT OF NON-PARTY META PLATFORMS, INC.'S MOTION FOR A PROTECTIVE ORDER**

Pursuant to 28 U.S. Code § 1746, I, E. Kate Patchen, hereby declare and certify:

1. I am over 18 years of age, and I am fully competent to make this Declaration. I have personal knowledge of the facts stated, and they are all true and correct.

2. I am counsel to non-party Meta Platforms, Inc. ("Meta") in relation to the above captioned case.

3. The Department of Justice ("DOJ") served Meta with six Civil Investigative Demands ("CIDs") from November 2019 to October 2020. The "Google CIDs" were issued May 6, 2020, June 26, 2020, and October 20, 2020. The "Non-Google CIDs" were issued on November 26, 2019, January 28, 2020, and May 11, 2020.

4. Attached as Exhibit 1 is a true and correct copy of the CID Schedule issued to Meta by the Office of the Attorney General of Texas ("Texas") on October 5, 2020.

5. In response to the October 5, 2020 CID, Meta made document productions which reflected reproductions of documents produced to the U.S. Department of Justice ("DOJ") in

relation to its investigation of Google, LLC ("Google").  The documents in the reproduction to Texas included data produced to the DOJ, and correspondence with the DOJ (including letters describing the data produced).  Meta produced approximately 1.3 million pages of documents.

6. Attached as Exhibit 2 is a true and correct copy of the CID Schedule issued to Meta by the DOJ on November 26, 2019.

7. In response to the November 26, 2019 CID, Meta's document reproduction included documents related to a 2019 U.K. Competition and Markets Authority Sector Inquiry (approximately 7,950 pages), a 2018 Australian Competition and Consumer Commission inquiry (approximately 14,060 pages), a 2016 German Federal Cartel Office investigation (approximately 8,620 pages), the FTC's second request in the Instagram merger investigation (approximately 24,770 pages), litigation in *Six4Three, LLC v. Facebook, Inc.* (approximately 1,368,080 pages) and thousands of pages of documents related to the 2012 Instagram and 2014 WhatsApp merger filings in multiple jurisdictions.

8. Attached as Exhibit 3 is a true and correct copy of the CID Schedule issued to Meta by the DOJ on January 28, 2020.

9. Attached as Exhibit 4 is a true and correct copy of the CID Schedule issued to Meta by the DOJ on May 11, 2020.

10. Attached as Exhibit 5 is a true and correct copy of a letter from Phillip Warren, on behalf of Meta, to Linda M. Van Stavern, on behalf of the DOJ, dated December 16, 2019.  The letter identifies the start of the bates range FBI-DOJ_000000001.

11. In response to the November 26, 2019, January 28, 2020, May 6, 2020, May 11, 2020, June 26, 2020, and October 20, 2020 CIDs, Meta produced over 13 million pages of documents.  The documents Meta produced responsive to the CIDs dated May 6, June 26, and October 20,

2020 (the "Google CIDs") were provided to two separate DOJ staffs. The full range of the production is bates numbered FBDOJ000000001 through FBDOJ013066084 and the range of the overlapping production to the DOJ staff investigating Google is bates numbered FBDOJGOOG_00000001 through FBDOJGOOG_01494984. The later range contains "GOOG" to indicate the separate production set.

12. The DOJ issued three CIDs to Meta in its investigation of Google on May 6, 2020, June 26, 2020, and October 20, 2020. All three of the CID Forms indicate that the DOJ was conducting an antitrust investigation involving Google or Alphabet.

13. Attached as Exhibit 6 is a true and correct copy of a letter from Robert S. Day, on behalf of Meta, to George Nierlich and Erin Craig, on behalf of the DOJ, dated June 5, 2020. The letter identifies the start of the bates range FBDOJGOOG_00000001.

14. Attached as Exhibit 7 is a true and correct copy of the document subpoena issued to Meta by Google on March 31, 2023 in *United States v. Google*, No. 1:23-cv-00108 (E.D. Va.).

15. The Google EDVA Subpoena production included a total of approximately 40,000 pages.

16. Attached as Exhibit 8 is a true and correct copy of the document subpoena issued to Meta by Google on March 29, 2024 in this matter, *State of Texas v. Google*, No. 4:20-cv-00957-SDJ (E.D. Tex.), and its accompanying cover letter. In response to this subpoena, Meta objected to production of Meta materials from the DOJ Files that are unrelated to and outside of the scope of Google's advertising or ad tech products.

17. Attached as Exhibit 9 is a true and correct copy of the subpoena for document production and 30(b)(6) deposition testimony issued to Meta by the State Plaintiffs on March 29, 2024 in this matter, *State of Texas v. Google*, No. 4:20-cv-00957-SDJ (E.D. Tex.).

18. Attached as Exhibit 10 is a true and correct copy of the deposition subpoena issued to Meta by Google on April 8, 2024 in this matter, *State of Texas v. Google*, No. 4:20-cv-00957-SDJ (E.D. Tex.).

19. Attached as Exhibit 11 is a true and correct copy of a letter from Kate Patchen, on behalf of Meta, to W. Mark Lanier, counsel for Plaintiffs, dated April 5, 2024.

20. Attached as Exhibit 12 is a true and correct copy of Meta's responses and objections, dated April 12, 2024, to the subpoena for document production and 30(b)(6) deposition testimony issued to Meta by the State Plaintiffs on March 29, 2024 in this matter, *State of Texas v. Google*, No. 4:20-cv-00957-SDJ (E.D. Tex.).  In addition to specific objections to each request, Meta made general objections to the subpoena to the extent it sought information neither relevant to the claims or defenses of any party nor proportionate to the needs of the case.  Meta also objected to the subpoena to the extent that it sought discovery that was already in Texas's possession, as a result of their October 2020 civil investigative demand.

21. Attached as Exhibit 13 is a true and correct copy of a letter from Kate Patchen, on behalf of Meta, to W. Mark Lanier, counsel for Plaintiffs, and Bradley Justus, on behalf of Google, dated April 17, 2024.

22. Attached as Exhibit 14 is a true and correct copy of excerpted email correspondence between Marc B. Collier, counsel for Plaintiffs, and Kate Patchen and Kyle Chow, on behalf of Meta, dated April 19 to 21, 2024, in which Marc Collier stated: "We have an agreement.  We accept your clarification and amendment of our proposed terms and the agreed production as constituting Meta's complete response to the document subpoena with no further supplementation required."

23. After agreeing to a scope of production with Plaintiffs, Meta produced over 1.5 million pages of additional documents to Plaintiffs, with a courtesy copy to Google, including (1) materials responsive to the DOJ's May 6, 2020 CID, which included requests for documents relevant to the development, strategy, and implementation of the network bidding agreement, as well as communications with Google regarding the network bidding agreement; (2) materials responsive to the DOJ's June 26, 2020 CID, which included documents related to ad tech products; (3) materials that Meta produced to Google in response to a third-party subpoena in *United States v. Google*, No. 1:23-cv-00108 (E.D. Va.); and (4) transcripts of the deposition testimony of Henry Crum and Lubo Malo, taken in the DOJ investigation, and transcripts of deposition testimony of Omri Farber and Simon Whitcombe, taken in *United States v. Google*, No. 1:23-cv-00108 (E.D. Va.).

24. Attached as Exhibit 15 is a true and correct copy of a letter from Kate Patchen, on behalf of Meta, to Marc B. Collier, counsel for Plaintiffs, and Daniel S. Bitton, on behalf of Google, dated April 24, 2024.

25. Attached as Exhibit 16 is a true and correct copy of email correspondence between Kate Patchen and Jacqueline Fitch, on behalf of Meta, and Neelesh Moorthy, on behalf of Google, dated April 30 to May 15, 2024, which addresses separately produced data files to Google in response to its separate subpoena in this litigation.

26. Attached as Exhibit 17 is a true and correct copy of an email from Neelesh Moorthy, on behalf of Google, to Kate Patchen, on behalf of Meta, dated June 5, 2024.

27. This case already contains the files from the CID the State of Texas issued to Meta on October 20, 2020, depositions and transcripts of testimony of four corporate 30(b)(6) witnesses, deposition transcripts of two Meta witnesses taken during the DOJ investigation, and document

productions in response to both the Google and State Plaintiff subpoena. Meta, for example, has produced documents relevant to the rationale, development, negotiation, strategy, and implementation of the NBA, as well as communications with Google regarding the NBA. More broadly, Meta's production included documents related to what the DOJ defined as ad tech and digital advertising. The produced documents relate to Meta's strategy in ad tech since approximately 2016 and include past acquisitions and deprecation of Meta ad tech products. Further, Meta produced documents related to Meta's Audience Network, which is Meta's platform that partners with Google via the Google NBA. These documents relate to Audience Network's strategy, growth, revenue, and partnership opportunities, among other topics. Finally, Meta produced documents discussing broadly its view on competition in the ad tech and digital advertising space.

28.     Both Google and the State Plaintiffs also served Meta with subpoenas for Rule 30(b)(6) testimony covering a broad array of topics. Meta negotiated the scope of the subpoenas and reached an agreement on the scope of those topics. Testimony included the origination, development, negotiation, drafting, execution, and terms of the Google NBA, early implementation and operation of the NBA, Meta's understanding of Google's strategy to benefit from its own ad auctions prior to the execution of the NBA, Meta's strategy regarding header bidding, and Audience Network's pricing, features, and capabilities. Two witnesses provided Rule 30(b)(6) deposition testimony on behalf of Meta in the present case.


Executed on June 12, 2024.                    By: */s/ E. Kate Patchen*
                                                   E. Kate Patchen