# Exhibit 11
In Support of
Non-Party Meta Platforms, Inc.'s
Motion for Protective Order

**COVINGTON**

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

**By Email**

April 5, 2024

W. Mark Lanier
1095 W. Sam Houston Pkwy N., Ste. 100
Houston, TX 77064

Re:  Subpoena issued to Meta Platforms, Inc.
*In re: Google Digital Advertising Antitrust Litigation*,
4:20-CV-00957-SDJ

Dear Mr. Lanier:

I represent Meta Platforms, Inc. ("Meta) and am responding to The State of Texas's ("Texas") Subpoena to Testify at a Deposition in a Civil Action ("Subpoena") issued to Meta on March 29, 2024, in the above captioned matter. This letter follows a voicemail I left with your office earlier today.

Federal Rule of Civil Procedure 45(d)(2)(B)(ii) specifies that "objections must be served before the earlier of the time specified for compliance" (April 15) or "14 days after the subpoena is served" (April 12). Despite the Rule, you instruct Meta to produce the documents requested in the Subpoena "at least ten days before the subpoenaed deposition" (April 5). We object to the instruction because it contradicts the specified times in the Federal Rules and reserve our rights to produce additional responses and objections.

Even though we reserve our right to make additional general and specific objections to the Subpoena, we make the following general responses and objections to the Subpoena generally and to each and every Document Request and Deposition Topic included in the Subpoena ("Request" or "Requests"). In responding to the Subpoena, Meta does not waive, intends to preserve, and is preserving (a) all objections to competency, relevance, materiality, privilege, and admissibility; (b) all objections to the use of any produced or referenced document in any subsequent proceeding including the trial of this or any other action; and (c) all rights to revise, correct, supplement, clarify, and/or amend any of the responses and/or objections herein at any time. Each of Meta's responses and objections are continuing in nature and are incorporated into each of the responses and objections to the Requests as if set forth fully therein. Additionally, by notifying you of its responses and objections herein, Meta does not waive its right to seek to quash or modify the Subpoena, nor does it forego its right under Rule 45 of the Federal Rules of Civil Procedure and any other applicable rule or law to seek reimbursement for all reasonable expenses of production, including attorneys' fees, in response to the Requests.

COVINGTON

W. Mark Lanier
April 5, 2024
Page 2

     1.     Meta objects to each Request to the extent that it imposes undue burden or expense on a non-party in violation of Fed. R. Civ. P. 45(d)(1) and applicable law.

     2.     Meta objects to each Request to the extent that it seeks documents or information that are neither relevant to any claim or defense of any party raised in this litigation nor proportionate to the needs of the case.

     3.     Meta objects to each Request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, not stated with reasonable particularity, and/or exceeds or contradicts the obligations imposed by the Federal Rules of Civil Procedure and any other applicable procedural rules, case law, or statutes governing the proper scope of discovery or any applicable Court Order.

     4.     Meta objects to each Request to the extent that it seeks documents or information that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, doctrine, restriction, or immunity. Nothing contained in these responses is intended to or shall constitute a waiver of any such privilege, protection, doctrine, restriction, or immunity. Meta reserves the right to recall any privileged documents inadvertently produced. To the extent that any document that is properly the subject of such privilege(s) is inadvertently produced, such production shall not be construed as a waiver of such protection.

     5.     Meta objects to each Request to the extent that it seeks information or documents that are not in Meta's possession, custody, or control.

     6.     Meta objects to each Request to the extent that it purports to require Meta to produce documents that do not already exist or calls for information in a format other than that in which it is ordinarily kept by Meta.

     7.     Meta objects to each Request to the extent that it seeks discovery that is duplicative, cumulative, or already in Texas's possession, including but not limited to Meta's CID response to the State of Texas in 2020, information that is publicly available or otherwise equally available to Texas, that is in the public record, and/or that has been or would be more appropriately sought from Google LLC ("Defendant") or third parties other than Meta through means that are more convenient, more efficient, more practical, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 45(d)(1).

     8.     Meta objects to each Request to the extent that it purports to require Meta to produce any documents or information that are protected by any confidentiality or non-disclosure agreements.

     9.     Meta objects to each Request to the extent that it seeks information covered, in whole or in part, by the Defend Trade Secrets Act, 18 U.S.C. §1836.

**COVINGTON**

W. Mark Lanier
April 5, 2024
Page 3

      10.     Meta objects to each Request to the extent that it seeks electronically stored information that is not reasonably accessible without undue burden and cost.

      11.     Meta objects to each Request to the extent that it seeks information protected from disclosure by applicable privacy laws, regulations, or orders.

      12.     Meta objects to each Request to the extent that it seeks information from a timeframe that is overly broad, unduly burdensome, and/or neither relevant to the claims or defenses of any party nor proportionate to the needs of the case.

      13.     Meta objects to each Request to the extent that it seeks documents beyond those that may be obtained through a reasonably diligent search. To the extent Meta agrees to produce responsive, non-privileged documents, it will do so pursuant to a reasonably diligent search, as proportional to the needs of the case and in a manner that does not subject non-party Meta to undue burden.

      14.     Meta objects to each Request to the extent that it purports to require the production of proprietary business information or other private, personal, confidential, strategic or competitively sensitive information. Meta will produce responsive information or documents that contain proprietary business information or are otherwise private, personal, confidential, strategic or competitively sensitive, or subject to third-party rights, pursuant and subject to the protective order entered in the above-captioned case.

      15.     Meta objects to each Request to the extent that it assumes disputed facts or legal conclusions, or purports to characterize facts in describing the information requested. Any document produced in response to the Requests should not be construed as an admission by Meta of any disputed facts, legal conclusions, or characterizations. Nothing contained in this response shall be construed as an admission by Meta of any disputed facts, legal conclusions, or characterizations.

      16.     Nothing contained in this response shall be construed as an admission by Meta relative to the existence or nonexistence of any information or documents.

      17.     Meta objects to all Definitions, Instructions, and Requests to the extent that they purport to impose obligations beyond those required or permitted by law.

      18.     By responding to a Request with a defined term, Meta is not by implication agreeing with any such definition.

      19.     Meta objects to all Definitions in each Request to the extent that they are unduly burdensome, overly broad, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Meta also objects to all other Definitions to the extent that, as used in each Request, they would render development of a response thereto oppressive, unduly burdensome, unreasonably expensive, and/or would require an unreasonable investigation on the part of Meta. Meta will assign to the terms used in

**COVINGTON**

W. Mark Lanier
April 5, 2024
Page 4

the Requests their usual and ordinary meaning as Meta understands them in answering the Requests.

20. Meta objects to the Instructions to the extent that it purports to require Meta to search for and produce responsive documents on a schedule that fails to allow a reasonable time for Meta to comply. To the extent Meta agrees to search for and/or produce certain documents, Meta will do so on a rolling basis in compliance with any applicable discovery deadlines set forth in any scheduling orders entered by the Court.

21. Meta objects to all other Instructions to the extent that they are vague, ambiguous, overly broad, and/or not proportional to the needs of the case.

We are prepared to meet and confer regarding any of its responses or objections. Specifically, we would like you to identify categories of responsive documents you think are not already included in the volumes of documents produced to you during the investigation prior to the filing of this litigation. The State of Texas received those documents from Meta as a third party in 2020 and has now had several years to review them.

Sincerely,

*s/ Kate Patchen*
Kate Patchen