# Exhibit 12
In Support of
Non-Party Meta Platforms, Inc.'s
Motion for Protective Order

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:20-cv-00957-SDJ |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NON-PARTY META PLATFORMS, INC.'S**
**RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA**
**TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Non-party Meta Platforms, Inc. ("Meta"), by and through its undersigned counsel and pursuant to Rule 45 of the Federal Rules of Civil Procedure, submits its Responses and Objections to the Subpoena to Testify at a Deposition in a Civil Action dated March 29, 2024 ("Subpoena"), served by The State of Texas on behalf of itself, State of Arkansas, State of Idaho, State of Indiana, Commonwealth of Kentucky, State of Mississippi, State of Missouri, State of North Dakota, State of South Dakota, State of Utah, State of Alaska, State of Florida, State of Nevada, Commonwealth of Puerto Rico, State of Montana, State of Louisiana, and State of South Carolina (collectively "Plaintiffs"). The responses and objections set forth herein are based upon the information reasonably available to Meta at the present time. Meta expressly reserves the right to modify, supplement, or amend these responses and objections, and Meta is available to meet and confer in good faith concerning the Deposition Topics and Document Requests (collectively the "Requests") and these responses and objections.

## GENERAL OBJECTIONS

The following General Objections form a part of, and are hereby incorporated into, the specific responses to each Request. Nothing in the Specific Objections and Responses should be construed as a waiver of these General Objections. The omission of an objection herein does not constitute a waiver of that objection or otherwise preclude Meta from raising that objection later.

1.      Meta objects to each Request to the extent that it imposes undue burden or expense on a non-party in violation of Fed. R. Civ. P. 45(d)(1) and applicable law.

2.      Meta objects to each Request to the extent that it seeks documents, testimony, or information that are neither relevant to any claim or defense of any party raised in this litigation nor proportionate to the needs of the case.

3.      Meta objects to each Request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, not stated with reasonable particularity, and/or exceeds or contradicts the obligations imposed by the Federal Rules of Civil Procedure and any other applicable procedural rules, case law, or statutes governing the proper scope of discovery or any applicable Court Order.

4.      Meta objects to each Request to the extent that it seeks documents, testimony, or information that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, doctrine, restriction, or immunity. Nothing contained in these responses is intended to or shall constitute a waiver of any such privilege, protection, doctrine, restriction, or immunity. Meta reserves the right to recall any privileged documents inadvertently produced. To the extent that any document that is properly the subject of such privilege(s) is inadvertently produced, such production shall not be construed as a waiver of such protection.

5.      Meta objects to each Request to the extent it fails to allow a reasonable time for Meta to comply with the Request.

6.      Meta objects to each Request to the extent that it seeks information or documents that are not in Meta's possession, custody, or control.

7.      Meta objects to each Request to the extent that it purports to require Meta to produce documents that do not already exist or calls for information in a format other than that in which it is ordinarily kept by Meta.

8.      Meta objects to each Request to the extent that it seeks discovery that is duplicative, cumulative, or already in Plaintiffs' possession, including but not limited to information that the plaintiffs have already received through civil investigative demands or subpoena productions, information that is publicly available or otherwise equally available to Plaintiffs, that is in the public record, and/or that has been or would be more appropriately sought from Google ("Google" or "Defendant") or third parties other than Meta through means that are more convenient, more efficient, more practical, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 45(d)(1).

9.      Meta objects to each Request to the extent that it purports to require Meta to produce any documents, testimony, or information that are protected by any confidentiality or non-disclosure agreements.

10.      Meta objects to each Request to the extent that it seeks information covered, in whole or in part, by the Defend Trade Secrets Act, 18 U.S.C. §1836.

11.       Meta objects to each Request to the extent that it seeks electronically stored information that is not reasonably accessible without undue burden and cost.

12.     Meta objects to each Request to the extent that it seeks information protected from disclosure by applicable privacy laws, regulations, or orders.

13.     Meta objects to each Request to the extent that it seeks information from a timeframe that is overly broad, unduly burdensome, and/or neither relevant to the claims or defenses of any party nor proportionate to the needs of the case.

14.     Meta objects to each Request to the extent that it seeks documents beyond those that may be obtained through a reasonably diligent search. To the extent Meta agrees to produce responsive, non-privileged documents, it will do so pursuant to a reasonably diligent search, as proportional to the needs of the case and in a manner that does not subject non-party Meta to undue burden.

15.     Meta objects to each Request to the extent that it purports to require the production of proprietary business information or other private, personal, confidential, strategic or competitively sensitive information. Meta will produce responsive information or documents that contain proprietary business information or are otherwise private, personal, confidential, strategic or competitively sensitive, or subject to third-party rights, pursuant and subject to the protective order entered in the above-captioned case.

16.     Meta objects to each Request to the extent that it assumes disputed facts or legal conclusions, or purports to characterize facts in describing the information requested. Any document produced in response to the Requests should not be construed as an admission by Meta of any disputed facts, legal conclusions, or characterizations. Nothing contained in this response shall be construed as an admission by Meta of any disputed facts, legal conclusions, or characterizations.

17.     Nothing contained in this response shall be construed as an admission by Meta relative to the existence or nonexistence of any information or documents.

18.     Meta objects to all definitions, instructions, and Requests to the extent that they purport to impose obligations beyond those required or permitted by law.

19.     By responding to a Request with a defined term, Meta is not by implication agreeing with any such definition.

20.     Meta objects to the Definition of "You" or "Your" (a) to the extent that it is overly broad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence, and would impose unreasonable costs and burdens upon Meta and (b) to the extent that it seeks documents, testimony, or information relating to or in the custody, possession, or control of any party other than Meta.

21.     Meta objects to the Definition of "document" (a) to the extent that it is overly broad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence, and would impose unreasonable costs and burdens upon Meta and (b) to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, or immunity.

22.     Meta objects to the Definition of "Google" to the extent that it purports to include Google's domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, and all directors, officers, employees, agents, and representatives that Plaintiffs have not identified or that are not readily identifiable.

23.     Meta objects to all other Definitions in each Request to the extent that they are unduly burdensome, overly broad, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Meta objects to

5

all other Definitions to the extent that, as used in each Request, they would render development of a response thereto oppressive, unduly burdensome, unreasonably expensive, and/or would require an unreasonable investigation on the part of Meta. Meta will assign to the terms used in the Requests their usual and ordinary meaning as Meta understands them in answering the Requests.

24.    Meta objects to Instruction 4 to the extent it would require the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, doctrine, restriction, or immunity.

25.    Meta objects to Instruction 9 and 13 as unduly burdensome and seeks information neither relevant to the claims or defenses of any party nor proportionate to the needs of the case.

26.    Meta objects to Instruction 11 to the extent that it purports to impose requirements for creating a Privilege Log in this matter, in light of the burden and expense of such an undertaking.

27.    Meta objects to Instruction 12 to the extent that the relevant time period seeks information from a timeframe that is overly broad, unduly burdensome, and/or neither relevant to the claims or defenses of any party nor proportionate to the needs of the case.

28.    Meta objects to the Instructions to the extent that they purport to require Meta to search for and produce responsive documents on a schedule that fails to allow a reasonable time for Meta to comply. To the extent Meta agrees to search for and/or produce certain documents, Meta will do so on a rolling basis in compliance with any applicable discovery deadlines set forth in any scheduling orders entered by the Court.

29.    Meta objects to all other Instructions to the extent that they are vague, ambiguous, overly broad, and/or not proportional to the needs of the case.

30.     Meta objects to all Deposition Topics to the extent that the Topics are unduly burdensome, overly broad, vague, ambiguous, and not proportional to the needs of the case. Meta does not waive its right to seek to quash or modify the subpoena.

### SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFFS' DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Documents sufficient to identify all Persons, both internal and external to Facebook, involved in the discussions and/or negotiations that culminated in the NBA.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "all Persons, both internal and external" as unduly broad and burdensome. Meta objects to the phrases "involved in" or "culminated in" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 2:**

All Documents analyzed, described, evaluated, or studied by the persons involved in the discussions and/or negotiations that culminated in the NBA as part of their work related to those discussions and/or negotiations.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents" as unduly broad and burdensome. Meta objects to the phrases "evaluated", "studied", "involved in" or "culminated in" as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 3:**

All internal Documents and Communications, as well as all Communications between You and Google, relating to the NBA, including all Documents and Communications related to the origination, development, negotiation, drafting, execution, and terms of the NBA, the expected and actual operation and effects of the NBA, and the partnership or relationship between You and Google that resulted or was expected to result from the NBA.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly

8

broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All internal Documents and Communications" and as unduly broad and burdensome. Meta objects to the phrases "expected and actual operation and effects" and "that resulted or was expected to result" as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

## DOCUMENT REQUEST NO. 4:

All Documents and Communications analyzing, describing, evaluating, or studying the scope, performance, and/or status of the partnership or relationship between Google and Facebook that resulted or was expected to result from the NBA.

## RESPONSE TO DOCUMENT REQUEST NO. 4:

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to the phrases "that resulted or was expected to result" and "status" as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3. Meta objects to

this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 5:**

All drafts and redlines of the NBA.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to this Document Request to the extent that it seeks documents or information that are protected from disclosure by the attorney-client privilege or any other applicable privilege. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 6:**

All Documents and Communications related to Your decision to enter into the NBA and Your reasons therefore.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 7:**

All Documents and Communications relating to any benefits or advantages in auctions, including information and speed advantages, that Google offered or promised You in relation to the NBA, or that was contemplated by or provided to You in relation to the NBA.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to the phrases "in relation to", "contemplated by", and "benefits or

11

advantages in auctions" as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 8:**

All Documents analyzing, describing, evaluating, or studying the design or methodology considered for or employed by the Network Bidding Pilot Program.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents" as unduly broad and burdensome. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 9:**

All Documents analyzing, describing, evaluating, or studying the scope, performance, status, or third-party participation in the Network Bidding Pilot Program.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents" as unduly broad and burdensome. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 10:**

All Documents analyzing, describing, evaluating, or studying the nature and scope of (a) Facebook Data, (b) Bid Response Data, (c) End User Interaction Data, (d) Google Data, (e) Google Platform Data, (f) Google Program-Related Information, (g) Google Proprietary Data, (h) Google User Data, and (i) Publisher-Specific Data (as those terms are defined in the NBA).

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the

case. Meta objects to the phrase "All Documents" as unduly broad and burdensome. Meta objects to the terms "nature" and "scope" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 11:**

All Documents and Communications regarding the restrictions You required on Google's access to Your data, including Your Bid Response Data, in relation to the NBA.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 12:**

All Documents and Communications between You and Google concerning or relating to Header Bidding.

14

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and foregoing objections, Meta will not produce any additional Documents in response to this Document Request.

**DOCUMENT REQUEST NO. 13:**

All Documents and Communications related to Your decision to suggest, implement, enforce, require, promote, encourage, reward, and/or condone the use of Header Bidding prior to the effective date of the NBA.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to the terms "suggest", "enforce", "promote", "encourage", "reward"

and "condone" as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 14:**

All Documents and Communications related to Your decision to discourage, prevent, preclude, punish, bar, and/or condemn the use of Header Bidding after the effective date of the NBA.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to the terms "discourage", "prevent", "preclude", "punish", "bar", and "condemn" as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 15:**

All Documents analyzing, describing, evaluating, or studying the expected or realized effects of the NBA on Facebook, the Facebook Audience Network, or the Meta Audience Network.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents" as unduly broad and burdensome. Meta objects to the phrase "expected or realized effects" as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 16:**

All Documents analyzing, describing, evaluating, or studying the expected or realized effects of the NBA on the performance and/or outcomes of Final Clearinghouse Auctions or on any auction Metric.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already

in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents" as unduly broad and burdensome. Meta objects to the phrase "expected or realized effects" as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 17:**

All Documents analyzing, describing, evaluating, or studying the expected or realized effects of the NBA on third-party bidders in Final Clearinghouse Auctions or on any Metric used to track, monitor, or evaluate third-party auction activity.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents" as unduly broad and burdensome. Meta objects to the phrase "expected or realized effects" as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it is duplicative of other Document Requests,

including Document Request No. 3. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 18:**

All Documents analyzing, describing, evaluating, or studying the expected or realized effect of the NBA on third-party publishers.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents" as unduly broad and burdensome. Meta objects to the phrase "expected or realized effects" as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 19:**

All Documents analyzing, describing, evaluating, or studying the expected or realized effect of the NBA on Ad Tech competitors or any Metric used as a measure of competition.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to the phrase "expected or realized effects" as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 20:**

All Documents analyzing, describing, evaluating, or studying the expected or realized effects of the NBA on Your revenues or any other Metric.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents" as unduly broad and burdensome. Meta objects to the phrase "expected or realized effects" as vague, ambiguous, and overbroad. Meta

objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 21:**

All Documents concerning any change of Your Algorithms and/or manual overrides of Your Algorithms to facilitate or implement the NBA.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents" as unduly broad and burdensome. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 22:**

All Documents and Communications related to the expected and realized benefits, advantages, or compensation You received or are receiving from Google as a result of the NBA, including information, monetary compensation, speed advantages, advantages related to Google's Ad Tech Auction Mechanics or Google's Ad Tech Products, user information,

publisher information, advertiser information, "kickbacks," and any other benefits, advantages, or compensation.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to the phrases "expected and realized benefits, advantages", "speed advantages", "advantages related to Google's Ad Tech Auction Mechanics or Google's Ad Tech Products", and "kickbacks," as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 23:**

All Documents analyzing, describing, evaluating, or studying the effect of different auction timeouts in the Final Clearinghouse Auction on auction outcomes or any other Metric.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already

in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents" as unduly broad and burdensome. Meta objects to the phrase "auction outcomes" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 24:**

All Documents and Communications concerning the extent to which the NBA was or was not disclosed to any third party or reflecting any effort by You or Google to prevent third parties from learning of its existence.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding this Document Request.

**DOCUMENT REQUEST NO. 25:**

All Documents and Communications between You and Google related to any exceptions, accommodations, or variations of auction timeouts that You requested from Google in relation to the NBA, as well as Google's responses to any such requests.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and foregoing objections, Meta will not produce any additional Documents in response to this Document Request.

**DOCUMENT REQUEST NO. 26:**

All Documents and Communications between You and Google in the relation to the NBA concerning which impressions are likely targeted to spam and whether and to what extent such information was exclusive to You, as opposed to other networks.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to the terms "spam" and "networks" as vague, ambiguous, and overbroad. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and foregoing objections, Meta will not produce any additional Documents in response to this Document Request.

**DOCUMENT REQUEST NO. 27:**

All Documents and Communications between You and Google in relation to the NBA concerning match rate commitments, including all Documents and Communications concerning the intended and actual effects of the NBA on match rates and whether and to what extent match rates improved as a result of the NBA.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

In addition to the foregoing General Responses and Objections, Meta objects to this Document Request to the extent that it seeks the production of documents or information already in the possession of Plaintiffs or otherwise subpoenaed by Defendant in this matter. Meta objects

to this Document Request to the extent it seeks the production of additional materials as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "All Documents and Communications" as unduly broad and burdensome. Meta objects to this Document Request to the extent it is duplicative of other Document Requests, including Document Request No. 3. Meta objects to this Document Request to the extent it seeks information that has been or would be more appropriately sought from Google.

Subject to and without waiving the General Objections and foregoing objections, Meta will not produce any additional Documents in response to this Document Request.

## SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFFS' DEPOSITION TOPICS

**DEPOSITION TOPIC NO. 1:**

The Network Bidding Agreement and all drafts thereof, including but not limited to the origination, development, negotiation, drafting, execution, and terms of the NBA, as well as the expected and actual operation and effects thereof.

**RESPONSE TO DEPOSITION TOPIC NO. 1:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "expected and actual operation and effects thereof" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 2:**

The identity and roles of the person(s) involved in the origination, development, negotiation, execution, and operation of the NBA.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 3:**

Your participation in the Network Bidding Pilot Program.

27

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 4:**

The identity and roles of the person(s) who originated and/or developed the Network Bidding Pilot Program.

**RESPONSE TO DEPOSITION TOPIC NO. 4:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 5:**

Internal and external communications regarding the NBA, including Your communications with Google or Amazon concerning the Network Bidding Pilot Program, the NBA or negotiations regarding the NBA, or any similar agreement with Amazon.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not

proportional to the needs of the case. Meta objects to the phrase "any similar agreement" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 6:**

Your decision to enter into the Network Bidding Agreement and Your reasons therefor.

**RESPONSE TO DEPOSITION TOPIC NO. 6:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 7:**

Any advantages, including information and speed advantages, in publishers' and developers' auctions that Google offered or promised You in relation to the NBA, or that was contemplated by or provided to You in relation to the NBA.

**RESPONSE TO DEPOSITION TOPIC NO. 7:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "in relation to", "contemplated by", and "advantages", "information and speed advantages", as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 8:**

Any speed advantages or timing delays offered or provided to You by Google with respect to advertising auctions, including contracts or negotiations discussing such advantages or delays, the extent and duration of such advantages or delays, the purpose, expected, and actual effects of such advantages or delays, and any related internal or external communications.

**RESPONSE TO DEPOSITION TOPIC NO. 8:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "Any speed advantages or timing delays" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 9:**

The effect of different auction timeouts in the Final Clearinghouse Auction on auction outcomes or any other Metric, including any analyses, evaluations, or studies conducted by or for You related thereto.

**RESPONSE TO DEPOSITION TOPIC NO. 9:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "any analyses, evaluations, or studies conducted by or for You" as unduly broad and burdensome.

30

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 10:**

Any exceptions to or accommodations and variation of auction timeouts You requested from Google in any way related to the NBA, including whether and to what extent Google approved or rejected any such requests.

**RESPONSE TO DEPOSITION TOPIC NO. 10:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "Any exceptions to or accommodations and variation" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 11:**

Whether and to what extent Google informed You of the content and/or source of impressions, including without limitation whether such impressions were spam or targeted to bots, in relation to the NBA, and whether and to what extent such information was exclusive to You, as opposed to other networks, and whether you received any discounts related to impressions.

**RESPONSE TO DEPOSITION TOPIC NO. 11:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not

proportional to the needs of the case. Meta objects to the terms "spam" and "networks" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 12:**

Match rate commitments related to or referenced in the NBA, including the intended and actual effects of the NBA on match rates and whether and to what extent match rates improved as a result of the NBA.

**RESPONSE TO DEPOSITION TOPIC NO. 12:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 13:**

The restrictions You required on Google's access to Your data, including Your Bid Response Data, in relation to the NBA, as well as Your decision and reasons for requiring such restrictions, any communications or negotiations related to such restrictions, and any purported, expected, or actual advantages You received in auctions as a result of such restrictions.

**RESPONSE TO DEPOSITION TOPIC NO. 13:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "any communications or

negotiations" and "any purported, expected, or actual advantages" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 14:**

Your knowledge of Google's efforts to manipulate auctions, how Google used data to advantage itself, changing bid responses, adjusting price floors, price reserves, and other pricing parameters, reverse engineering bidding logic, and any other efforts by Google to manipulate auctions or benefit from auctions.

**RESPONSE TO DEPOSITION TOPIC NO. 14:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "manipulate" and "advantage itself" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 15:**

Whether and to what extent the NBA was intended to aid You or the Facebook Audience Network in winning more auctions, including any related communications, analyses, evaluations, or studies conducted by or for You related thereto.

**RESPONSE TO DEPOSITION TOPIC NO. 15**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not

proportional to the needs of the case. Meta objects to the phrase "any related communications, analyses, evaluations, or studies" as unduly broad and burdensome.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 16:**

The design or methodology considered for or employed by the Network Bidding Pilot Program, including any analyses, evaluations, or studies conducted by or for You related thereto.

**RESPONSE TO DEPOSITION TOPIC NO. 16:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "any analyses, evaluations, or studies" as unduly broad and burdensome.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 17:**

The scope, performance, status, or third-party participation in the Network Bidding Pilot Program, including any analyses, evaluations, or studies conducted by or for You related thereto.

**RESPONSE TO DEPOSITION TOPIC NO. 17:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "any analyses, evaluations, or studies" unduly broad and burdensome.

34

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 18:**

The nature and scope of (a) Facebook Data, (b) Bid Response Data, (c) End User Interaction Data, (d) Google Data, (e) Google Platform Data, (f) Google Program-Related Information,  (g) Google Proprietary Data, (h) Google User Data, and (i) Publisher-Specific Data (as those terins are defined in the NBA), including any analyses, evaluations, or studies conducted by or for You related thereto.

**RESPONSE TO DEPOSITION TOPIC NO. 18:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "any analyses, evaluations, or studies" as unduly broad and burdensome. Meta objects to the terms "nature" and "scope" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 19:**

Your efforts to identify users in publishers' and developers' auctions.

**RESPONSE TO DEPOSITION TOPIC NO. 19:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the term "efforts" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 20:**

The expected or realized effects of the NBA on the performance and/or outcomes of Final Clearinghouse Auctions or on any auction Metric, including any analysis, evaluation, or study conducted by or for You related thereto.

**RESPONSE TO DEPOSITION TOPIC NO. 20:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "expected or realized effects", "any auction Metric", and "any analysis, evaluation, or study" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 21:**

The expected or realized effect of the NBA on third-party bidders in Final Clearinghouse Auctions or on any Metric used to track, monitor, or evaluate third-party auction activity, including any analysis, evaluation, or study conducted by or for You related thereto.

**RESPONSE TO DEPOSITION TOPIC NO. 21:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "expected or realized effect",

36

"any auction Metric" and "any analysis, evaluation, or study" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 22:**

The expected or realized effect of the NBA on You, Google, or any Ad Tech competitors, including any analysis, evaluation, or study conducted by or for You related thereto.

**RESPONSE TO DEPOSITION TOPIC NO. 22:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "any Ad Tech competitors" and "any analyses, evaluations, or study" as unduly broad and burdensome. Meta objects to the phrase "expected or realized effect" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 23:**

Your Algorithms to facilitate or implement the NBA and any changes or overrides thereto.

**RESPONSE TO DEPOSITION TOPIC NO. 23:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "facilitate" and "any changes or overrides" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 24:**

The extent to which the NBA was or was not disclosed to any third party and any effort by You or Google to prevent third parties from learning of its existence.

**RESPONSE TO DEPOSITION TOPIC NO. 24:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "any third party" and "any effort" as unduly broad and burdensome.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 25:**

The expected or realized competitive effect of the Network Bidding Pilot Program or the NBA in the Publisher Ad Server, Ad Exchange, Ad Network, Ad Buying Tools for Large Advertisers, or Ad Buying Tools for Small Advertisers markets.

**RESPONSE TO DEPOSITION TOPIC NO. 25:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrase "expected or realized competitive effects" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 26:**

The parameters applied to Final Clearinghouse Auctions, including any comparison of variations in such auction parameters and any analyses, evaluations, or studies conducted by or for You related thereto.

**RESPONSE TO DEPOSITION TOPIC NO. 26:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "any comparison of variations" and "any analyses, evaluations, or studies" as unduly broad and burdensome.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 27:**

Any complaints submitted to You by bidders in the Final Clearinghouse Auction regarding the procedures or outcome of any auction.

**RESPONSE TO DEPOSITION TOPIC NO. 27:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "Any complaints" as unduly broad and burdensome.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 28:**

The Ad Tech data and information that Google makes available to You and the mechanisms and tools that Google uses to make such data available.

**RESPONSE TO DEPOSITION TOPIC NO. 28:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the terms "mechanisms" and "tools" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 29:**

Your use of Open Bidding, including the minimum spend commitment that would deter You from using Header Bidding in a significant way, and any analyses, evaluations, or studies conducted by or for You related thereto, as well as any concerns You had or expressed (internally or externally) regarding Facebook potentially partnering with Amazon to use Header Bidding.

**RESPONSE TO DEPOSITION TOPIC NO. 29:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "any analyses, evaluations, or studies conducted" as unduly broad and burdensome. Meta objects to the phrases "deter", "a significant way", and "concerns" as vague, ambiguous, and overbroad.

40

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 30:**

Header Bidding, including, but not limited to:

a. The monthly share of impressions and revenue transacted by You through Google's AdX, as well as the monthly share of impressions and revenue transacted by You for any other Publisher Ad Server, Ad Exchange, Ad Network, or through Header Bidding;

b. The Facebook Audience Network, Meta Audience Network, and/or Your use of Header Bidding;

c. Any changes You made to Your Ad Tech Products in connection with or that had an effect on Header Bidding, including line item caps, any data redactions, or data sharing;

d. Any features limiting the visibility of publishers into Header Bidding performance/insights;

e. Your internal operations groups, employee groups, investigative teams, or task forces which have studied or examined (or are studying or examining) the effects of Header Bidding on any aspect of Your business, including the establishment, operation of, and conclusions drawn by such groups/teams/task forces;

f. Header Bidding's impact on winning prices paid by Advertisers and/or received by Publishers for impressions and take rates charged by ad exchanges;

g. Latency studies performed by You, at Your request, or otherwise in Your possession with respect to Header Bidding;

h.  Your responses to Header Bidding, including all Documents concerning Your policy and practice of implementing Open Bidding

i.  Any analysis of the flow of queries running through Header Bidding as compared to Open Bidding;

j.  Contracts between You and any third-party Ad Exchange, SSP, or Publisher that contains any provision that requires such entity to make Ad Inventory available through Open Bidding;

k.  Your communications with any third party encouraging, requiring, demanding, suggesting or otherwise promoting Header Bidding over Open Bidding, or vice versa.

l.  Efforts undertaken, policies implemented, or buying strategies implemented by You to avoid interacting with Header Bidding auctions;

m.  The impact that Your decision to end support for Header Bidding would have or has had on the adoption of Header Bidding;

n.  The impact of Header Bidding on Your Metrics, Publisher's and/or Advertisers Metrics, and Your competitors' Metrics.

**<u>RESPONSE TO DEPOSITION TOPIC NO. 30:</u>**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

## DEPOSITION TOPIC NO. 31:

The expected and realized benefits, advantages, and compensation You received or are receiving from Google as a result of the NBA, including information, monetary compensation, speed advantages, advantages related to Google's Ad Tech Auction Mechanics or Google's Ad Tech Products, user information, publisher information, advertiser information, "kickbacks," and any other compensation.

## RESPONSE TO DEPOSITION TOPIC NO. 31:

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "expected and realized benefits, advantages, and compensation" and "kickbacks" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

## DEPOSITION TOPIC NO. 32:

The competitive landscape in the Publisher Ad Server, Ad Exchange, Ad Network, Ad Buying Tools for Large Advertisers, or Ad Buying Tools for Small Advertisers markets, including what competitors are considered, product offerings (e.g. SWOT analysis), pricing, and fees.

## RESPONSE TO DEPOSITION TOPIC NO. 32:

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case. Meta objects to the phrases "competitive landscape" and "competitors" as vague, ambiguous, and overbroad.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

**DEPOSITION TOPIC NO. 33:**

All Documents and Communications You produce in response to this subpoena.

**RESPONSE TO DEPOSITION TOPIC NO. 33:**

In addition to the foregoing General Responses and Objections, Meta objects to this Deposition Topic as overly broad and unduly burdensome on Meta as a non-party, and not proportional to the needs of the case.

Subject to and without waiving the General Objections and the foregoing objections, Meta is willing to meet and confer with Plaintiffs regarding the scope of this Deposition Topic.

DATED:  April 12, 2024         By:  */s/ E. Kate Patchen*

E. Kate Patchen
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415)-591-6031
kpatchen@cov.com

*Counsel for Non-Party Meta Platforms, Inc.*