# Exhibit 13
In Support of
Non-Party Meta Platforms, Inc.'s
Motion for Protective Order

# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T +1 415 591 6000

**By Email**  April 17, 2024

W. Mark Lanier
1095 W. Sam Houston Pkwy N.
Ste. 100 Houston, TX 77064

Bradley Justus
1901 L Street NW
Washington, DC 20036

Re:  State of Texas et al. v. Google LLC, No. 4:20-CV-00957-SDJ
(E.D. Tex.) - Subpoenas Issued to Meta Platforms, Inc.

Counsel:

We write regarding the Plaintiff-States' March 29, 2024 Subpoena to Testify at a Deposition in a Civil Action, Google LLC's ("Google") March 29, 2024 Subpoena to Produce Documents, Information, or Objects, and Google's April 8, 2024 Subpoena to Testify at a Deposition in a Civil Action (collectively the "Subpoenas"), commanding Meta to provide witness testimony and documents in *State of Texas et al. v. Google LLC*, No. 4:20-CV-00957-SDJ (E.D. Tex.) (the "Action").

To date, Meta has diligently investigated each of the Subpoenas to determine how it could comply with each in a reasonable manner, a task made difficult by the vague and ambiguous nature of the requests as well as the breadth of the information sought—between each of the Subpoenas, Meta has been required to investigate and respond to 27 document requests and 43 separate deposition topics, some of which include multiple subparts, in addition to needing to review multiple prior document productions.  The short timeframe within which the Plaintiff-States and Google have demanded compliance has only exacerbated the burden on Meta, particularly given that Meta is not a party to the Action.[1]

Despite this substantial burden, Meta has diligently investigated the numerous requests across the Subpoenas to identify responsive materials that are proportional to the needs of the case and that do not pose an undue burden.  In Judge Jordan's Order lifting the stay of discovery, the Court permitted discovery on two topics related to the Network Bidding

---

[1] Federal Rule 45(d) requires a party "responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

**COVINGTON**

April 17, 2024
Page 2

Agreement ("NBA"): (i) "the circumstances of its negotiation, drafting, and execution" of the NBA, and (ii) "evidence concerning how the parties operated under the NBA" that "may be relevant to the intent and purpose of its provisions." *Id.* at 4.  Meta's responses below reflect a reasonable effort to provide relevant information responsive to the Subpoenas within the upcoming fact discovery deadline.

> **A.     Witness Testimony**

The demand for corporate deposition testimony on 43 deposition topics before the close of discovery in less than a month poses a significant burden on Meta.  However, in an effort to reasonably comply under this timeline, Meta has identified two witnesses to provide testimony related to the requested deposition topics, subject to our continuing to meet and confer on the scope of those topics.  Generally, one witness will be able to cover topics related to the NBA's negotiation, execution, and early implementation, and the other witness will be able to cover other NBA topics related to the later implementation of the NBA, as well as the topics in Google's Cross Notice.

Meta believes this more than satisfies its obligations under the Subpoenas.  The provision of these two witnesses properly balances the Parties' interests in seeking information relevant to the claims in the Action, against Meta's interest in avoiding further undue burden.

However, Meta's efforts to provide this testimony under the litigation's time constraints necessitates certain accommodations to be feasible.  The employees most knowledgeable about these topics are located in London and have personal and work demands that limit their schedules and ability to travel.[2]  It is expensive, time consuming, and inconvenient to require these witnesses to travel to a different country for the convenience of the litigants in this matter, especially considering that Meta is a nonparty to this Action.  Accordingly,  the witnesses will be available to provide testimony on April 30 and May 2, either remotely or in-person in London.  Each witness will be available to testify for no longer than seven hours, and no more than 11 hours collectively.

> **B.     Productions Document**

Regarding your request for documents, Meta has produced over 200,000 documents to Texas related to the 2018 NBA and Meta's Audience Network business.  (FBTEX_00000001 – FBTEX01364413).  Those documents—originally produced to the Department of Justice Antitrust Division ("DOJ") and then reproduced to Texas—were responsive to DOJ's May 6, 2020 CID (*see* Ex. A), which includes requests for documents relevant to the development and implementation of the NBA, the strategy, drafting, and negotiation of the NBA, and all communications with Google relating to the NBA.  The documents reflect extensive discussions with DOJ to identify, collect, search, review, and produce the documents of eleven senior executives and other employees relevant to the NBA, including persons who:  (i) participated in relevant meetings with Google; (ii) were involved in evaluating and negotiating the NBA; (iii)

---

[2] One witness, for example, is willing to delay his paternity leave for two days to sit for a deposition.

**COVINGTON**

April 17, 2024
Page 3

approved the NBA; (iv) implemented the NBA; and/or (v) maintain business responsibility in Audience Network.  Those documents cover the period from January 2015 through June 2020.

In addition to those documents, Meta has had discussions with Google regarding the reproduction of the Meta-related materials produced in *United States, et al. v. Google LLC*, No. 1:23-CV-00108 (E.D. Va), a similar antitrust litigation matter that also includes allegations relating to the NBA and ad tech monopolization and attempted monopolization claims against Google.  Those materials include Meta's production of documents in response to third-party discovery requests (Ex. B – Google Subpoena to Meta Dated March 31, 2023) and over three million Meta-related documents in DOJ's investigative file that we understand were provided to Google.

The Plaintiff-States thus already have in their possession a significant amount of materials that relate to the "circumstances of [the NBA's] negotiation, drafting, and execution", as well as over 20 months of documents "concerning how the parties operated under the NBA" that "may be relevant to the intent and purpose of its provisions."  Order at 4.  These materials—which encompass information for the three years preceding the signing of the NBA, as well as for the 20 months post-dating its execution—represent an appropriate response to the Plaintiff-States' March 29 Subpoena.

For the following reasons, Meta believes that the production of additional materials presents an undue burden on Meta and would not be proportionate to the needs of the Action:

- *First*, Meta will not be able to produce additional documents prior to the close of fact discovery, no less ten days before any scheduled deposition.  A new custodial collection would take months to collect, review, and produce any potentially responsive documents.  Expecting that Meta—a nonparty to this litigation—could provide these materials before the close of discovery is simply not feasible or realistic.

- *Second*, the productions already made to Texas cover most, if not all, of the document requests in the Subpoena.  The custodians and search terms under which Meta produced documents were the result of extensive discussions with DOJ and represent a reasonable scope of relevant documents.  These documents both pre-and post-date the NBA and capture not only Meta's strategy and negotiations regarding the NBA, but also include 20 months of documents demonstrating how Meta implemented and acted under the NBA.  Meta's prior productions capture information that precedes the filing of the initial complaint by only a few months.

- *Third*, additional productions are also less likely to lead to the discovery of evidence supportive of Plaintiffs' claims.  The documents most relevant to understanding the intent and purpose of the agreement would have been created shortly after the parties entered the NBA—documents created almost two years after the execution of the NBA are less likely to be relevant.  Moreover, such materials regarding the later implementation of the NBA are more appropriately sought from Google in the first instance.  To that end, many of Plaintiffs' requests seek information more appropriately obtained from Google, particularly given the significant cost, time, and expense Meta would incur in order to produce these documents.  This includes a number of requests for documents that are within Google's possession or control, including, for example requests nos. 12, 25, 26, and 27 that seek communications

COVINGTON

April 17, 2024
Page 4

       including both Google and Meta, and request no. 22 seeking any "benefits" Meta received from Google under the NBA.

- *Lastly*, as a nonparty in this Action, the burden should not be on Meta to sift through numerous requests to determine what information is not available from Google and/or not already within Plaintiffs' possession, custody, or control.  This is particularly the case here, where Meta faces a tight deadline for compliance.  That being said, Meta has expended significant time and resources in an effort to review its prior productions on the requested topics and provide Plaintiffs with relevant information responsive to their Subpoena, including coordinating with Google to identify responsive materials Plaintiffs are scheduled to receive in the course of party discovery.

We are available to meet and confer with Plaintiffs and Google to discuss Meta's proposal in more detail.

                                                         Regards,

                                                         *s/ E. Kate Patchen*
                                                         E. Kate Patchen