IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT GOOGLE LLC'S NOTICE REGARDING
INCONSISTENT POSITIONS BY STATE OF TEXAS**

In connection with its pending Rule 12(b)(1) motion, Google LLC respectfully submits this Notice to the Court concerning the directly opposing positions of law asserted by the State of Texas in this litigation and a simultaneously pending litigation in the Northern District of Texas. Specifically, Texas has relied on the State Antitrust Enforcement Venue Act of 2021 (the "Venue Act") in opposing Google's Rule 12(b)(1) motion, but has *successfully* argued in the Northern District of Texas that the Consolidated Appropriations Act of 2023 (the "CAA"), which includes the Venue Act, is unconstitutional "and is not law."

These conflicting positions violate the doctrine of judicial estoppel, which is "'to protect the integrity of the judicial process' by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (citing, inter alia, *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d. Cir. 1953) (judicial estoppel prevents parties from "playing 'fast and loose with the courts'")). Because Texas relies on the Venue Act it says is unconstitutional in opposing Google's pending Rule 12(b)(1) motion before the Court, Google submits this Notice to apprise the Court of Texas's conduct.[1]

---

[1] Texas clearly has decided not to inform this Court (or any other) of its inconsistent positions, and this Notice is submitted only to provide the Court with information relevant to an already pending motion. Consequently, Local Rule CV-7's meet-and-confer requirements

The CAA is an omnibus spending bill that includes several pieces of permanent legislation, including the Venue Act, pursuant to which this litigation was remanded to this Court, and the Pregnant Workers Fairness Act. It has come to Google's attention that, on February 15, 2023, Texas argued to Judge Hendrix in the Northern District of Texas that the CAA, and therefore the Pregnant Workers Fairness Act, "has not been enacted and is not law" because the CAA was passed in contravention of the Constitution's Quorum Clause. *See* Compl. at 2, *Texas v. Garland*, No. 5:23-cv-00034-H (N.D. Tex. Feb. 15, 2023), ECF No. 1 (attached as Exhibit A). Yet twelve days later, Texas argued to the Judicial Panel on Multidistrict Litigation ("JPML") that the Venue Act, which was also part of the CAA, had been "signed into law" and that the Panel was accordingly obligated to give it effect. *See* Pl. States' Mem. in Support of Mot. to Remand at 1, 9, *In re Digital Advert. Antitrust Litig.*, MDL No. 3010 (Feb. 27, 2023), ECF No. 229-1 (attached as Exhibit B).

This was no mere oversight: At least three of the same lawyers for Texas signed both filings,[2] and Texas informed the JPML that its motion was the product of extensive deliberations. *See* Pl. States' Reply in Further Support of Mot. to Remand at 7-8, *In re Digital Advert. Antitrust Litig.*, MDL No. 3010 (Mar. 29, 2023), ECF No. 239 (attached as Exhibit C).

Texas succeeded in both matters. At Texas's urging, the JPML remanded this case on the ground that the CAA's Venue Act "required" sending the case to the Eastern District of Texas. *See In re Google Digital Advert. Antitrust Litig.*, 677 F. Supp. 3d 1372, 1376 (U.S. Jud. Pan. Mult. Lit. 2023).[3] Texas then turned around and persuaded the Northern District of

---

do not apply. *See PA Advisors, LLC v. Google, Inc.*, No. 2:07-CV-480 DF, 2009 WL 10741631, at *2 & n.1 (E.D. Tex. Oct. 8, 2009).

[2] Both filings were signed by Ken Paxton (Attorney General), Brent Webster (First Assistant Attorney General), Grant Dorfman (Deputy First Assistant Attorney General), and Aaron Reitz (Deputy Attorney General for Legal Strategy).

[3] Texas continued to press the enforceability of the CAA and Venue Act in response to Google's Petition for Mandamus, asserting that "Congress has now passed a revised version of the Venue Act as part of the Consolidated Appropriations Act of 2023." Resp. to Pet. for

Texas to hold that the same CAA violated the Quorum Clause of Article I of the U.S. Constitution and was therefore unenforceable. *Texas v. Garland*, No. 5:23-cv-00034-H, 2024 WL 967838, at *1 (N.D. Tex. Feb. 27, 2024), ECF No. 110 (attached as Exhibit F). The federal defendants appealed Judge Hendrix's ruling on April 26, 2024. *See* Notice of Appeal, *Texas v. Garland*, No. 24-10386 (5th Cir.), ECF 1. And on May 8, 2024, attorneys for the State of Texas entered appearances in the Fifth Circuit to defend their position that the CAA is unconstitutional. *See* Appearance Forms, *Texas v. Garland*, No. 24-10386 (5th Cir. May 8, 2024), ECF Nos. 7-9.

Since remand, Texas has urged this Court to consider Congress's enactment of the Venue Act (within the same CAA) as one reason to deny Google's pending motion to dismiss this entire case. *See* Plaintiffs' Opp. to Google's 12(b)(1) Mot. to Dismiss at 1, 11 (Feb. 15, 2024), ECF No. 244. Specifically, in arguing that it has sovereign standing, Texas pointed to the Venue Act as demonstrating "that States stand on equal footing with federal enforcers of the federal antitrust laws." *Id.*

In light of the arguments in opposition to Google's motion and continued reliance on the CAA, Google provides this notice of Texas's inconsistent position in *Texas v. Garland*.[4]

---

Mandamus at 5, *In re Google LLC*, No. 23-910 (2d Cir. July 17, 2023), ECF No. 32 (attached as Exhibit D); *see also id.* at 18 (explaining that "the Venue Act went from being a stand-alone bill to being part of the Consolidated Appropriations Act"). The Second Circuit denied Google's mandamus petition. *See* Order, *In re Google LLC*, No. 23-910 (2d Cir. Oct. 4, 2023), ECF No. 101 (attached as Exhibit E).

[4] Google does not at this time seek any separate remedy, having taken into consideration this action's current procedural posture and the extraordinary efforts undertaken by this Court to lead this matter towards a timely resolution. Google has also taken into consideration that only Texas, and not the other State Plaintiffs, engaged in the conduct at issue.

Dated: June 14, 2024

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr
Freshfields Bruckhaus Deringer LLP
700 13th Street NW
Washington, DC 20003
(202) 777-4545
eric.mahr@freshfields.com

Attorneys for Defendant Google LLC

**CERTIFICATE OF SERVICE**

I certify that on June 14, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

4