# EXHIBIT A

# Freshfields Bruckhaus Deringer US LLP

**New York**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
T +1 212 284 4910
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

**Via Email and ECF**

David T. Moran
Jackson Walker
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
dmoran@jw.com

June 18, 2024

Re:     *State of Texas et al. v. Google LLC*, No. 4:20-cv-00957-SDJ (E.D. Tex.)

Dear Special Master Moran,

We write to inform you of a discovery issue regarding Puerto Rico's inadequate document collection and production that arose since Puerto Rico's May 1, 2024 30(b)(6) deposition.

As the Special Master is aware, Puerto Rico has been a persistent outlier among the Plaintiffs in failing to discharge its discovery obligations.  Despite insisting that it had no responsive documents throughout fact discovery, Puerto Rico revealed to Google that it had discovered responsive documents from 2021-2023, nine days before the end of fact discovery.  Puerto Rico produced a set of documents on April 26, 2024, just days before Puerto Rico's scheduled 30(b)(6) deposition.  During its deposition, it became clear that Puerto Rico's document collection and search process was woefully inadequate, and that its last-minute production was not complete.  While Puerto Rico agreed to search for and produce additional responsive documents after its May 1 deposition, Puerto Rico has not produced *any* additional documents so far, and refuses to even give an update as to when it would be able to do so.  Puerto Rico's conduct has prejudiced Google's ability to defend itself in this case, and Google reserves all rights. Google also requests the Special Master to require Puerto Rico to produce all responsive documents by June 25.

**Background**

Google served its discovery requests to all State Plaintiffs in January 2023.  For most of fact discovery, Puerto Rico represented that its Office of the Attorney General ("OAG") did not use Ad Tech, and had zero responsive documents to Google's discovery requests. *See*, *e.g.*, Ex. 1 (Ltr. from K. Bates to M. Bracewell (Mar. 5, 2024)) ("We note that although Puerto Rico does not possess documents responsive to Google's request for Production . . ."); Hr'g Tr. at 51:7-14 (Apr. 4, 2024) ("[D]ocuments don't exist because Puerto Rico doesn't do this"); Ex. 2 (Ltr. from K. Bates to M. Bracewell (Apr. 12, 2024)) ("The fact that the PRDOJ does not use Ad Tech was conveyed to Google multiple times, including 1) in response to

formal discovery requests described above, 2) in Puerto Rico's responses to related interrogatories on the same topic, and 3) in follow-up correspondence from counsel.").

Google repeatedly had to seek relief from the Special Master because Puerto Rico refused to disclose information about how it collected information, and then disclosed a process that was clearly inadequate. *See, e.g.* Dkt. 291 (Br. to Special Master at 3 (Mar. 12, 2024)) ("Puerto Rico's process for determining whether it used display advertising or Ad Tech comes nowhere close to passing muster."). The Special Master expressed concern about Puerto Rico's collection efforts, noting that its efforts diverged from all other 16 Plaintiffs, and ordered Puerto Rico to produce affirmative representations about its investigations. *See* Dkt. 339 (Order of the Special Master at 4 (Apr. 8, 2024)).  The Special Master "caution[ed] Puerto Rico [. . .] that its failure to disclose documents or information to Google may result in exclusion of evidence at a later stage of the case." *Id.*

On April 24, 2024, less than two weeks before the end of fact discovery, Puerto Rico revealed to Google that it "just learned" during the process of preparing for its 30(b)(6) deposition, that two subdivisions of the Puerto Rico OAG had used digital display advertising during the relevant time period and had documents responsive to Google's RFPs.  Puerto Rico made one limited production on April 26. *See* Ex. 3 (Email from K. Bates to J. Aycock (Apr. 24, 2024)).

**Puerto Rico's Discovery Deficiencies**

During Puerto Rico's 30(b)(6) deposition on May 1, 2024, it became clear that its April 26 production was still deficient and that Puerto Rico had fallen far short of its discovery obligations:

- Puerto Rico did not issue a document hold notice in connection with the litigation. *See*, *e.g.*, Ex. 9 (Excerpts from Dep. Tr. of G. Diaz Martinez ("Dep. Tr.") at 25:11-15 (May 1, 2024)) ("Q.  Did Puerto Rico institute a document-hold notice related to this litigation?  A.  No.  Q.  Why not?  A.  We just didn't.").  It remains unclear how much evidence from Puerto Rico has been spoliated due to its failure to preserve relevant information.

- Despite all State Plaintiffs agreeing to provide responsive documents to Google's RFPs from within each State's OAG (which is the Department of Justice in Puerto Rico) since March 2023,[1] Puerto Rico did not search the files of all divisions within the Department of Justice, but limited its search to just three divisions including the antitrust division. Ex. 9 (Dep. Tr.) at 28:20-29:9.  Puerto Rico's 30(b)(6) witness did not know how the other divisions outside of the antitrust division searched for or collected documents. *Id.* at 122:1-6.

- Even within the antitrust subdivision, the 30(b)(6) witness for Puerto Rico could not articulate how the search for responsive documents was conducted, and could only remember instructing his assistant orally to apply the search term "Google."  *Id.* at 116:24-120:22.

---

[1] Ex. 4 (Plaintiffs' March 14, 2023 Amended Responses and Objections to Google's First Set of RFPs) ("Plaintiff States will construe [the term "You"] to refer  to the units, departments, or subdivisions within the Offices of the Attorney General of each  respective Plaintiff State.").

- When Puerto Rico eventually realized it had responsive documents by interviewing relevant personnel during its 30(b)(6) deposition prep, Puerto Rico only spoke with the two divisions that had been mentioned by the press director, rather than conduct a systematic review of all divisions within the Department of Justice. *Id.* at 30:4-24. Puerto Rico had not interviewed these relevant personnel previously, until "a few days" before the documents were produced, about two weeks before the close of fact discovery. *Id.* at 31:3-11.

- Despite Puerto Rico's witness admitting that there would have been communications between the Department of Justice and its ad agency P2P, and listing at least four potential custodians who may have communicated with P2P, Puerto Rico's witness could not recall whether they collected their emails. *Id.* at 114:3-116:23. In fact, Puerto Rico appears to not have collected or produced any emails from its email servers as part of its production because its April 26 production included only a few emails that were scanned from a hard copy file.

**Puerto Rico's Failure to Remedy its Deficiencies**

After the deposition, Google requested that Puerto Rico remedy the deficiencies immediately and met and conferred with Puerto Rico on May 8. In a May 10 email, Puerto Rico responded that it had "met and exceeded its obligations." Ex. 5 (Email from K. Bates to J. Bayoumi (May 10, 2024)). As a so-called compromise, Puerto Rico offered to run search terms used by Arkansas, another plaintiff state. On May 13, Google responded that in addition to those search terms, Puerto Rico should also interview its custodians to determine whether responsive documents exist, search and produce relevant custodians' electronic files, and produce emails with Puerto Rico's advertising agency. *See* Ex. 6 (Ltr. from J. Bayoumi to K. Bates (May 13, 2024)). Given that fact discovery had closed, Google requested that Puerto Rico produce responsive documents by May 24. Ex. 7 (Email from J. Bayoumi to K. Bates (May 17, 2024)). Puerto Rico agreed to the search parameters in Google's letter, but did respond to Google's request to produce documents by May 24. *Id.* at 2.

On June 4 Google wrote to Puerto Rico to ask for a date certain by which Puerto Rico would provide responsive documents. Ex. 8 (Email from K. Bates to X. Tu (June 4, 2024)) at 2. Puerto Rico responded that it was *still* in the process of collecting "the results of the application of the search terms" and that it could not provide an update on when it would be able to produce documents. *Id.* at 1.

It has been over a month since Puerto Rico's 30(b)(6) deposition in which Google discovered the paucity of effort Puerto Rico made in responding to discovery. Not only has Puerto Rico not produced any further documents, but it refuses to provide a timeline by which it can produce documents while insisting that it has "met and exceeded" its discovery obligations. Since Google's efforts to engage with Puerto Rico through the meet and confer process have not been fruitful, Google believes that the Special Master's intervention is now necessary.

Google therefore requests the Special Master to order Puerto Rico complete its search for and produce all responsive documents by June 25, 2024. Google respectfully reserves its rights to seek further appropriate relief, including as to exclusion of evidence or spoliated evidence.

We intend to provide the Court with notice of this submission.

June 18, 2024
Page 4

Respectfully submitted,

*/s/ Robert J. McCallum*
Robert J. McCallum
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 284-4910
Email: rob.mccallum@freshfields.com

R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Telephone: (713) 632-8000
Email: pyetter@yettercoleman.com


*Counsel for Defendant Google LLC,*

CC: All Counsel of Record (via ECF)

# EXHIBIT 1

**HAUSFELD**®

March 5, 2024

**Kyle G. Bates**
**Partner**

600 Montgomery Street
Suite 3200
San Francisco, CA 94111
T: +1 415-744-1966
E: kbates@hausfeld.com

**VIA ELECTRONIC MAIL**

Mollie Bracewell
Yetter Coleman LLP
mbracewell@yettercoleman.com

Re: *State of Texas, et al. v. Google LLC, No. 4:20-cv-00957-SDJ (E.D. Tex.)*

Dear Counsel:

We write on behalf of Plaintiff the Commonwealth of Puerto Rico ("Puerto Rico") in response to the questions in your February 16, 2023, email requesting a description of the State Plaintiffs' collection of documents responsive to Google LLC's ("Google's") Requests for Production in the above-referenced matter.

***Puerto Rico's Document Production***

Puerto Rico's document production is complete, and Puerto Rico does not intend to supplement its production. We note that although Puerto Rico does not possess documents responsive to Google's Requests for Production, several Puerto Rican agencies produced documents in response to third-party subpoenas served by Google on those agencies that contained requests for documents that were substantively identical to those served by Google on Puerto Rico. The fact that these agencies possessed responsive documents, and not the Commonwealth of Puerto Rico itself, is consistent with the way that Puerto Rico conducts the business relevant to Google's requests.

***Puerto Rico's Search for Documents***

The Puerto Rico Office of the Attorney General, ("PROAG") searched for documents responsive to Google's requests for production. Puerto Rico did not use search terms to conduct this search because Puerto Rico does not maintain an electronic database of potentially relevant files. For example, Puerto Rico does not have an online database of consumer complaints.

The PROAG, and specifically the head of its Antitrust Division, Lcdo. Guarionex Diaz Martinez, was interviewed by counsel to determine 1) potential sources of responsive documents, 2) who potential custodians of those documents may be, if any, and 3) what document retention policies, if any, applied to any potentially relevant files. No natural persons were identified as potentially possessing any documents responsive to Google's requests for production. Therefore, the PROAG did not identify any custodians for a custodial file search. Additionally, because Puerto Rico has no responsive documents in its possession, custody, or control, Puerto Rico was unable to identify any applicable document retention policies.

hausfeld.com

AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC

**HAUSFELD**

Lastly, Puerto Rico confirms that it did not withhold any documents for privilege.

Regards,

*/s/ Kyle G. Bates*

Kyle G. Bates
Counsel for Plaintiff the Commonwealth of Puerto Rico

# EXHIBIT 2

**HAUSFELD**®

April 12, 2024

**Kyle G. Bates**
**Partner**

**VIA ELECTRONIC MAIL**
Mollie Bracewell
Yetter Coleman LLP
mbracewell@yettercoleman.com

33 Whitehall Street
14th Floor
New York, NY 10004
T: +1 415-744-1966
E: kbates@hausfeld.com

Re: *State of Texas, et. al. v. Google LLC, No. 4:20-cv-00957-SDJ (E.D. Tex.)*

Dear Counsel:

We write on behalf of Plaintiff the Commonwealth of Puerto Rico ("Puerto Rico") and in connection with the April 8, 2024 Order of the Special Master (ECF No. 339) in the above-referenced matter. Specifically, we write regarding (i) Puerto Rico's investigation into its use, if any, of Ad Tech or display advertising, (ii) how and when Puerto Rico determined there were no relevant consumer complaints, and (iii) how and when Puerto Rico reviewed for third-party communications.  For clarity, and although these responses are made on behalf of the Commonwealth of Puerto Rico, the information contained herein pertains to Puerto Rico's Department of Justice ("the PRDOJ"), the agency to whom the relevant discovery requests were directed.

### I.      The PRDOJ's Use of Ad Tech or Display Advertising

The definition of "Ad Tech" used in Google's Requests for Production of Documents  dated January 27, 2023[1] is "a product, service, application, tool, solution, or other interface that facilitates or is involved in the Purchase or sale of Inventory, including but not limited to a Publisher Ad Server, Ad Exchange, Ad Network, Header Bidding, Header Bidding Wrapper, DSP, SSP, other Ad Buying Tool, or other Ad Selling Tool. For the avoidance of doubt, this term includes In-House Ad Tech Products, as well as products or services offered by social media outlets (including but not limited to, for example, Facebook.com and Twitter.com) and certain other Publishers that enable the Purchase of Inventory on their Properties via their own In-House Ad Tech Products."

Guarionex Diaz Martínez, head of the PRDOJ's Antitrust Division ("the Antitrust Division"), was employed as an attorney with the PRDOJ from June 14, 2016 through December 31, 2018, and then returned to the PRDOJ on May 27, 2021 when he assumed his current role.  Based on Mr. Diaz's knowledge of the workings of the PRDOJ, Mr. Diaz concluded that the PRDOJ does not use Ad Tech. Mr. Diaz confirmed his understanding at the time by speaking with several colleagues at the PRDOJ: Thaizza M. Rodríguez Pagán – Ayudante Especial del Secretario de Justicia, José R. Sánchez Medina – Director de la Oficina de Informática, Elena González Rodríguez – Directora de la Biblioteca Legal,

---

[1] Although these RFPs are dated January 27, 2023, due to defects in how they were served Puerto Rico stipulated that its responses would be served subject to the May 30, 2023 substantial completion deadline set forth in then-MDL Pretrial Order No. 5.

hausfeld.com

**AMSTERDAM  |  BERLIN  |  BOSTON  |  BRUSSELS  |  DÜSSELDORF  |  LONDON  |  NEW YORK  |  PARIS  |  PHILADELPHIA  |**
**SAN FRANCISCO  |  STOCKHOLM  |  WASHINGTON, DC**

**HAUSFELD.**

and Noelia Colón Jiménez - Administrador Sistema Oficina Legal.  The PRDOJ is not unique in this regard—the offices of the attorneys general of Plaintiffs Texas, Idaho, Florida, Mississippi, Missouri, Montana, South Carolina, and South Dakota, did not purchase display advertising or use ad tech products during the Relevant Period, either. As concerns the PRDOJ that, of course, makes sense: The PRDOJ's mission is to "[e]nsure faithful compliance with the Constitution and the laws of the Commonwealth of Puerto Rico and aspire to the highest principles of equality and human dignity. Maintain and strengthen the integrity of government institutions and their officials through legal advice and representation. Defend the people of Puerto Rico in civil and criminal cases and provide certainty to the legal traffic of real estate. Exercise these functions with effectiveness, integrity, a sense of justice and the strongest commitment to public service."

The fact that the PRDOJ does not use Ad Tech was conveyed to Google multiple times, including 1) in response to the formal discovery requests described above, 2) in Puerto Rico's responses to related interrogatories on the same topic, and 3) in follow-up correspondence from counsel.

## II.      The PRDOJ's Search For Relevant Consumer Complaints

The PRDOJ also received, in Google's above-referenced requests for production including RFP No. 8, Google's requests for consumer complaints about Ad Tech.  Guarionex Diaz, the head of the PRDOJ's Antitrust Division and the agency that is leading this litigation for Puerto Rico, confirmed at the time that the PRDOJ does not and did not receive any consumer complaints relating to Ad Tech.  He confirmed this understanding by reviewing his own files and by speaking with the above-referenced colleagues at the PRDOJ, who would have reason to be aware of such complaints and how they would be kept.  Indeed, the only relevant category of complaints that the PRDOJ receives are complaints for "monopolistic issues," which are made to the Antitrust Division headed by Mr. Diaz.  As such any complaints made that would be responsive to RFP No. 8 would have been received by the Antitrust Division, where the search for relevant documents was performed.  Additionally, and in connection with the request made by Google during the Parties' March 22 meet-and-confer call, Puerto Rico re-confirmed that the PRDOJ has no such consumer complaints, including in hard copy.

## III.      The PRDOJ's Review For Non-Privileged Third-Party Communications

Finally, when Puerto Rico received Google's requests for production of documents in early 2023, the PRDOJ also conducted a review for non-privileged third-party communications pertaining to this Action and the investigation thereof in response to certain of Google's request for production of documents, e.g. RFP Nos. 10 and 11.  In the course of that review the PRDOJ identified certain communications between it and other offices of attorneys general that are privileged from disclosure.  Puerto Rico also had access to certain statements from third parties as part of Texas's investigation of the Action, and those third-party communications were produced by Texas in response to Google's requests.  Other than the documents produced by Texas and those documents that are privileged, and as described in Puerto Rico's discovery

2

**HAUSFELD**

responses, the PRDOJ has no documents responsive to Google's request for non-privileged third party communications.  As discussed at length between counsel and during the April 4 hearing before the Special Master, certain third parties in Puerto Rico that received subpoenas issued by Google seeking substantively identical categories of documents as produced responsive documents in their possession, custody, or control.

*        *        *

We hope this clarifies the steps Puerto Rico has taken to comply with its discovery obligations.  Puerto Rico reserves all rights.

Regards,

*/s/ Kyle G. Bates*

Kyle G. Bates
Counsel for Plaintiff the Commonwealth of Puerto Rico

CC:  Counsel of Record (*via e-mail*)

# EXHIBIT 3

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Wednesday, April 24, 2024 3:52 PM
**To:** Aycock, Jamie <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>
**Cc:** Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Zeke DeRose <zeke.derose@lanierlawfirm.com>; geraldine.young@nortonrosefulbright.com; Trevor Young <Trevor.Young@oag.texas.gov>; Camila Ringeling <cringeling@hausfeld.com>
**Subject:** Texas et al. v. Google | Puerto Rico Deposition

Good afternoon counsel,

In the course of preparing for Puerto Rico's deposition next Tuesday we just learned that between 2021 and 2023 two subdivisions of the Puerto Rico Department of Justice, the Oficina de Compensación y Servicios a las Víctimas y Testigos de Delitos and the Sistema de Información de Justicia Criminal, ran two separate isolated public education campaigns related to Puerto Rico's sex offender registry and government services available to witnesses and victims of crimes including those related to sexual assault.  These campaigns were handled by a third-party advertising agency and may have included display advertising in addition to social media and other more traditional media advertising.  It is our understanding that display advertising would have made up a very limited part of these overall campaigns relative to other more traditional advertising channels such as TV, radio, and physical billboards.

We were not previously aware of the existence of these campaigns, which were instituted with federal funding, and the relevant files were kept in paper form by those subdivisions.  We are gathering those files now and hope to be in a position to produce them next week at the latest.  We are also working to amend our interrogatory responses to reflect these new facts.

In light of the foregoing, we are happy to either proceed with Puerto Rico's deposition as scheduled or postpone it until Google receives and reviews these documents, at Google's election.  Please let us know how you all wish to proceed.  We are also available to discuss by phone if need be.

Best,
Kyle


**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004

+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-md-3010 (PKC) |

*This document relates to:*

|  |  |
|---|---|
| THE STATE OF TEXAS, *et al.*,<br><br>                              *Plaintiffs,*<br><br>-    against -<br><br>GOOGLE LLC,<br><br>                              *Defendant.* | No. 21-CV-6841 (PKC) |

<u>**THE PLAINTIFF STATES' FIRST AMENDED RESPONSES & OBJECTIONS TO**</u>
<u>**GOOGLE LLC's FIRST REQUESTS FOR PRODUCTION**</u>

The Offices of the Attorney General for the states of Texas, Arkansas, Florida, Idaho, Indiana, Kentucky, Louisiana, Mississippi, Montana, Nevada, North Dakota, Puerto Rico, South Carolina, South Dakota, and Utah (collectively, the "Plaintiff States")[1] hereby make the following response to Google LLC's First Set of Requests for Production (the "Requests for Production" or "Requests") under Federal Rule of Civil Procedure 34 ("Federal Rules") and 26.3 of the Local Rules for the U.S. District Court for the Southern District of New York ("Local Rules").

---

[1] This response is not made on behalf of the State of Alaska who will respond to Google's First Requests for Production separately.

## PRELIMINARY STATEMENT

These responses and objections are based on information presently available to the Office of the Attorney General in each of the Plaintiff States and are made without prejudice to, and are not a waiver of, the Plaintiff States' rights to rely on other facts or documents at trial.

The Plaintiff States reserve the right to supplement, clarify, revise, or correct any or all of their responses and objections, and to assert additional objections or privileges, in subsequent supplemental response(s).

No response or objection should be construed as an admission or acknowledgment that a request calls for information that is relevant to the subject matter of this litigation or proportional to the needs of the case, or that any responsive documents or information would be authentic or admissible at any trial.

## GENERAL OBJECTIONS

The Plaintiff States object to the Requests for Production to the extent that they attempt to impose any obligation on the Attorneys General greater than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the District Court for the Southern District of New York, or any applicable Order of the Court.

The Plaintiff States object to the Requests for Production to the extent that they seek documents that are not relevant to this litigation or proportional to the needs of the case.

The Plaintiff States object to the Requests for Production to the extent that they call for information protected by the attorney-client privilege, the deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine.

The Plaintiff States object to the Requests for Production as overbroad and unduly burdensome to the extent that they seek documents and information from the Plaintiffs States that

are not within their possession, custody, or control. The Attorneys General of the Plaintiff States are the entities that brought this action pursuant to their statutory authority to enforce state and federal antirust and consumer protection laws. This action was not brought by any other public officials, state agencies, government entities, or divisions thereof, and such persons or entities are not parties to this litigation.

The Plaintiff States of Arkansas, Florida, Kentucky, Missouri, Montana, Nevada, Puerto Rico, and Utah object to these Requests as not properly served on counsel for their respective state. In responding to these Requests, the Plaintiff States of Arkansas, Florida, Kentucky, Missouri, Montana, Nevada, Puerto Rico, and Utah do not concede that they were properly served and reserve all rights due to a party that is not properly served under the Federal Rules or the Local Rules.

## OBJECTIONS TO INSTRUCTIONS

Plaintiff States object to the instructions included with Google's Requests for Production to the extent they direct Plaintiff States to interpret words or phrases in a way that is different from their ordinary meaning. Plaintiff States further object to the instructions as vague and ambiguous to the extent they direct Plaintiff States to construe words or phrases differently than they are written or contrary to the ordinary rules of grammar.

## OBJECTIONS TO DEFINITIONS

The Plaintiff States object to the definitions included with Google's Requests for Production to the extent that they differ from the meaning of words as they are commonly used, to the extent they differ from the meaning used in industry practice, or as they were defined by the Plaintiff States in any Civil Investigative Demand related to this litigation or discovery request

issued in this litigation. The Plaintiffs States will respond to the Requests for Production giving the terms used their ordinary meaning as commonly understood.

The Plaintiff States specifically object to Google's definition of the term "You" or "Your" as misleading, factually incorrect, vague, overbroad, and unduly burdensome. The Plaintiff States further object to the definition to the extent it purports to enlarge, expand, or in any way alter the plain meaning and scope of the Federal Rules of Civil Procedure or seeks to compel Plaintiff States to produce documents that are not within the possession, custody, or control of the Offices of the Attorney General of the respective Plaintiff States. Plaintiff States will construe this term to refer to the units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State.

Plaintiff States specifically object to Google's definition of the term "Relevant Period" as overbroad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks information that is not relevant to any party's claim or defense in this litigation. Plaintiff States will meet and confer with Google to identify a reasonable period for each Request for Production that is relevant to this litigation and proportional to the needs of the case.

## RESPONSES & OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents and data, aside from documents produced by Google during an Investigation or in this Action, concerning the claims You are asserting in this Action, including all documents concerning:

a. the relevant antitrust markets You allege;

b. Google's alleged monopoly power or market power in the alleged relevant markets;

c. Google's alleged conduct, including, but not limited to, when You first became aware or otherwise were put on notice of the conduct at issue in this Action;

4

d. the alleged anticompetitive effects of Google's alleged conduct;

e. all relief You are seeking, whether monetary, injunctive, and/or structural; and

f. Your Deceptive Trade Practices Act claims.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party that outweighs its expected benefits, and the requesting party's ability to obtain the information is similar or superior to that of the responding party. The Plaintiff States further object to this request to the extent that it seeks to compel Plaintiffs to marshal all of their evidence in advance of trial and to the extent it seeks production of documents that are not within the possession, custody, or control of the Plaintiff States. Subject to and without waiving the foregoing objections, Plaintiff States will meet and confer with Google to identify any responsive documents or data that were not produced to Google by a third party and are not otherwise in the public domain.

**REQUEST FOR PRODUCTION NO. 2:**   All documents and data, aside from documents produced by Google during an Investigation or in this Action, that You intend to rely on to prove Your claims in this Action.

> **Response:** The Plaintiff States object to this request as unduly burdensome and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party. The Plaintiff States further object to this request to the extent that it seeks to compel Plaintiffs to marshal all of their evidence in advance of trial. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify any responsive documents or data in their possession, custody, or control that were not produced to Google by a third party and are not otherwise in the public domain.

**REQUEST FOR PRODUCTION NO. 3:**   All documents, aside from documents produced by Google during an Investigation or in this Action, that tend to weigh against or refute any of the claims You are asserting in this Action.

> **Response:** The Plaintiff States object to this request as vague, overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party. Plaintiff States also object to this request to the extent that it seeks documents that are protected by the attorney-client privilege, work product protection, or common interest doctrine. The Plaintiff States further

5

object to this request to the extent that it seeks to compel Plaintiffs to marshal all of their evidence in advance of trial, to the extent that it seeks to compel a legal conclusion, and to the extent it seeks production of documents that are not within the possession, custody, or control of the Plaintiff States. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify any responsive documents or data in their possession, custody, or control that were not produced to Google by a third party and are not otherwise in the public domain.

**REQUEST FOR PRODUCTION NO. 4:**  All documents concerning any complaints received by You regarding Google's Ad tech Products or Display Advertising business.

> **Response:** The Plaintiff States object to this request as overly broad, duplicative, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party. The Plaintiff States further object to this request to the extent that it seeks to compel Plaintiffs to marshal all of their evidence in advance of trial, to the extent that it seeks to compel a legal conclusion, to the extent it seeks production of documents that are not within the possession, custody, or control of the Plaintiff States, and to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify any responsive documents or data in their possession, custody, or control that were not produced to Google by a third party and are not otherwise in the public domain.

**REQUEST FOR PRODUCTION NO. 5:**  All documents, aside from documents produced by Google during an Investigation or in this Action, concerning such Investigation or the subject matter of this Action, including:

a.  all Compulsory Process served in an Investigation;

b. all documents concerning any Compulsory Process, including all responses, objections, and modifications to any Compulsory Process;

c. all informal requests for documents, data, or information to any person;

d. all documents and data obtained from any person;

e. all documents shown or made available by You to any person;

f. all correspondence with any person concerning an Investigation or the subject

6

matter of this Action;

g. all non-privileged correspondence with any economists or industry experts, including Cristina Caffarra, Dina Srinivasan, and Brian O'Kelley, prior to their retention as an expert or consultant, concerning an Investigation or the subject matter of this Action;

h. all documents concerning any statements provided by any person related to an Investigation or the subject matter of this Action, including written statements, affidavits, declarations, depositions, transcripts, and notes of interviews and/or conversations;

i. all advocacy received from any person, including white papers and presentations;

j. all documents concerning any communications relating to an Investigation or the subject matter of this Action between You and any state, state agency or representative thereof;

k. all documents concerning any communications relating to an Investigation or the subject matter of this Action between You and the United States Department of Justice, any member of the United States Congress, the President of the United States, or anyone working for a member of the United States Congress or the President of the United States; and

l. all documents concerning any communications relating to an Investigation or the subject matter of this Action between You and any foreign government agency or representative thereof.

**Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's scheduling order. The Plaintiff States further object to this request to the extent that it requires production of documents that are otherwise precluded from the scope of discovery by agreement of the Parties or Court order. The Plaintiff States also specifically object to subparagraph (e) as being vague, ambiguous, and overbroad. The Plaintiff States specifically object to the extent that

subparagraphs (h), (j), (k), and (l) seek production of documents that are subject to attorney-client, work product protection, or common interest privileges. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify any responsive documents or data in their possession, custody, or control that were not produced to Google by a third party and are not otherwise in the public domain.

**REQUEST FOR PRODUCTION NO. 6:**  All documents concerning alleged harm to the consumers, general welfare, or economy of Your state resulting from Google's alleged conduct at issue in this Action.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's scheduling order. Further, the Plaintiff States object to this request as premature given the status of the case and the fact that a significant amount of discovery has yet to occur in this litigation, and to the extent it seeks to compel Plaintiffs to marshal all of their evidence in advance of trial. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify any responsive documents or data in their possession, custody, or control that were not produced by Google, to Google by a third party, and are not otherwise in the public domain.

**REQUEST FOR PRODUCTION NO. 7:**  To the extent You seek restitution, disgorgement, civil penalties, civil fines, or damages, documents sufficient to show the identities of the persons on whose behalf You seek restitution, disgorgement, civil penalties, civil fines, or damages, the amount You seek, and documents concerning Your calculation of, and methodology for calculating the amount of, such restitution, disgorgement, civil penalties, civil fines, or damages.

> **Response:** The Plaintiff States object to this request as unduly burdensome and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party. Further, the Plaintiff States object to this request as premature given the status of the case and the fact that a significant amount of discovery has yet to occur in this litigation, and to the extent it seeks to compel Plaintiffs to marshal all of their evidence in advance of trial. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. Subject to and without

waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify any responsive documents or data in their possession, custody, or control that were not produced by Google, to Google by a third party, and are not otherwise in the public domain.

**REQUEST FOR PRODUCTION NO. 8:**   All documents concerning consumer complaints You received about Display Advertising or Ad Tech Products, including complaints concerning Cookie Matching, Malicious Ads, spam, or fraudulent ads.

> **Response:** The Plaintiff States object to the request as overly broad and duplicative of other document requests. The Plaintiff States also object to this request to the extent that it seeks production of documents that are protected from disclosure by law. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify and produce responsive documents.
>
> - The state of Arkansas specifically objects to this request as duplicative to the extent that it seeks documents and information already provided to the defendant.

**REQUEST FOR PRODUCTION NO. 9:**  All documents concerning the alleged 2020 Facebook boycott described in Paragraph 175 of Your Third Amended Complaint.

> **Response:**  The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within the possession, custody, or control of the Plaintiff States. Subject to and without waiving the foregoing objections, the Plaintiff States will produce any documents or data that were not produced by Google, to Google by a third party, and are not otherwise in the public domain. Subject to and without waiving the foregoing objections, the Plaintiff States respond:
>
> - These allegations were based off publicly available information. The Plaintiff States will supplement its response to this request at a later date if they obtain additional information that is not readily available in the public domain.

**REQUEST FOR PRODUCTION NO. 10:** All documents You have relied on to respond to Google's Interrogatories in this Action.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding

party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party. Subject to and without waiving the foregoing objections, the Plaintiff States will produce any documents or data responsive to Request for Production No. 10 that were not produced by Google, to Google by a third party, and are not otherwise in the public domain.

**REQUEST FOR PRODUCTION NO. 11:** All non-privileged documents and communications concerning any steps You took to discover facts alleged in this Action before You initiated this Action.

> **Response:** The Plaintiff States object to the request as overly broad, unduly burdensome, and disproportionate to the needs of this case. The Plaintiff States also object to this request to the extent that it seeks documents that are protected by the attorney-client privilege, work product protection, or common interest doctrine. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify whether any responsive documents or data exist that were not produced by Google, to Google by a third party, or that are not otherwise in the public domain.

**REQUEST FOR PRODUCTION NO. 12:** All documents reflecting all of Your document retention policies during the Relevant Period.

> **Response:** The Plaintiff States object to this request as overly broad to the extent in requires the production of documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party. Further, Plaintiff States object to this request to the extent it seeks production of documents that are not within the possession, custody, or control of the Plaintiff States. The Plaintiff States will meet and confer with Google to identify and produce any applicable retention policies governing document retention at the Plaintiff States.

**REQUEST FOR PRODUCTION NO. 13:** All documents concerning Your state's use of Ad Tech Products or Display Advertising, including the use of Ad Tech Products or Display Advertising by each agency, department, entity, or division of Your state (including the office of the Attorney General) during the Relevant Period.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the

10

information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, Plaintiff States object to this request to the extent it seeks production of documents that are not within the possession, custody, or control of the Plaintiff States and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 14:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all contracts and Terms of Service for each Google Ad Tech Product used during the Relevant Period and all communications concerning those contracts and Terms of Service.

> <u>**Response:**</u> The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, Plaintiff States object to this request to the extent it seeks production of documents that are not within the possession, custody, or control of the Plaintiff States and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 15:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all contracts and Terms of Service for each non-Google Ad Tech Product used during the Relevant Period and all communications concerning those contracts and Terms of Service.

**Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within the possession, custody, or control of the Plaintiff States and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 16:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce documents and data sufficient to show the (i) Impressions that it Purchased; (ii) Attributed Clicks for such Impressions; (iii) Attributed Conversions for such Impressions; (iv) Attributed Sales for such Impressions; (v) gross amount it paid for such Impressions; (vi) total fees paid to all Ad Tech Providers (net of any discounts or rebates received) for such Impressions; (vii) its return on investment for such Impressions; (viii) its return on advertising spend for such Impressions; and (ix) the name of the Agency (if any) involved in Purchasing such Impressions - all aggregated (at a monthly level for each month since January 1, 2013) separately for each unique combination of the following parameters:

    a. Publisher of the Inventory on which the Impressions were displayed;

    b. Property on which the Impressions were displayed;

    c. Ad Buying Tool (if any) through which the Impressions were Purchased;

    d. Ad Exchange, Ad Network, or Ad Selling Tool through which the Impressions were Purchased;

e. Transaction Type through which the Impressions were Purchased;

f. Environment in which the Impressions were displayed;

g. Device Type on which the Impressions were displayed;

h. Format of the Impressions;

i. whether or not the Impression was a part of a Remarketing Campaign;

j. Cost Type that was specified for Purchasing the Impressions;

k. account ID; and

l. Campaign ID associated with the Impressions.

Providing data in a spreadsheet in the format of Exhibit A to these Requests and consistent with the examples therein will be deemed a sufficient response to this Request. Data and documents produced in response to this Request shall be limited to the United States. However, this Request also includes any other jurisdictions to the extent that You intend to consider or rely upon data from other jurisdictions. For any data and documents which You are unable to restrict by geography (for example, the geography is ambiguous or unknown), such data and documents shall be treated as responsive to this Request. Please indicate whether the data and documents produced in response to this Request are limited to the United States, include any other jurisdictions (and identify such jurisdictions), or whether You have been unable to restrict by geography.

**Response:** The Plaintiff States object to this request as unduly burdensome and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. Plaintiff States also object to this request to the extent it would require the creation of documents not now in existence. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, Plaintiff States object to this request to the extent it seeks production of documents that are not within the

possession, custody, or control of the Plaintiff States and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 17:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce documents sufficient to show for every Campaign ID identified in response to Request No. 16(l), the goals and objectives of that Campaign.

> **Response:** The Plaintiff States object to this request as unduly burdensome and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within the possession, custody, or control of the Plaintiff States and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or conrol that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 18:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce documents sufficient to show how it calculates or assesses return on advertising spend, return on investment, and other Campaign objectives (such as views, Clicks, downloads, conversions, actions, etc.).

> **Response:** The Plaintiff States object to this request as unduly burdensome and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or

regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within the possession, custody, or control of the Plaintiff States and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 19:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting its costs, profits, return on investment, return on advertising spend, and revenue associated with its Purchase of Display Advertising via or by:

a. Direct Transactions or Indirect Transactions;

b. Programmatic or non-Programmatic Transactions;

c. an Agency or on the agency, department, entity, or division's own account;

d. an Ad Exchange or an Ad Network;

e. a Private Auction or marketplace;

f. each Environment;

g. each Format;

h. each Device Type; and

i. each Publisher or Property or type of Publisher or Property (such as social media

and retail media).

**Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its

15

possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 20:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting how its costs, profits, return on investment, return on advertising spend, and revenue are impacted by Purchasing Display Advertising via or by:

a. Direct Transactions or Indirect Transactions;

b. Programmatic or non-Programmatic Transactions;

c. an Agency or on the agency, department, entity, or division's own account;

d. an Ad Exchange or an Ad Network;

e. a Private Auction or marketplace;

f. each Environment;

g. each Format;

h. each Device Type; and

i. each Publisher or Property or type of Publisher or Property (such as social media and retail media).

**Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated

16

above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 21:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting the relative costs and benefits of Display Advertising versus other forms of advertising (such as Search Advertising, Linear or Connected Television advertising, email, print, or radio advertising).

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 22:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents concerning Clicks, Impressions, conversions, return on advertising spend, or return on investment for Display Advertising that You received from any Ad Tech Provider, including any breakdowns by Transaction Type.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States

object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 23:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting its strategic plans, executive presentations, and financial statements relating to Display Advertising.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession custody or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 24:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting how and why it sets, monitors, and adjusts its Display Advertising budget, including:

a. how and why it does so across its Campaigns;

b. how and why it does so across Ad Tech Products;

c. how and why it determines the objectives for its particular Campaigns;

d. which metrics it uses to determine advertising effectiveness; and

e. how much of its advertising budget goes to Display Advertising.

**Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 25:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting how it attributes conversions and any analyses of attribution (including internal and commissioned analyses purchased from an Agency, vendor, or consultant).

**Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 26:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce documents sufficient to show how and why it shifts its

19

advertising budget across various forms of advertising (such as Display Advertising, Search

Advertising, Linear or Connected Television advertising, email, print, or radio advertising).

> **Response:** The Plaintiff States object to this request as unduly burdensome and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 27:** Separately for each agency, department, entity, or

division of Your state (including the office of the Attorney General) that has used Ad Tech

Products or Display Advertising, produce documents sufficient to show how and why it shifts its

advertising budget across Ad Tech Providers (including actual or potential providers of In-House

Ad Tech Products).

> **Response:** The Plaintiff States object to this request as unduly burdensome and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 28:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce documents sufficient to show why and how often it shifts Display Advertising spend among Formats, between Direct and Indirect Transactions, among Environments, among social media and non-social media Properties, and between Inventory Purchases using Agencies and not using Agencies.

> **Response:** The Plaintiff States object to this request as overly burdensome and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 29:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting its consideration, evaluation, or comparison of Ad Tech Products or Ad Tech Providers (including actual or potential In-House Ad Tech Products), and their Features, effectiveness, and pricing.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated

above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 30:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting its actual or considered switching from one Ad Tech Product to another Ad Tech Product, including its reasons for switching (or not doing so), the costs of switching, and the actual or potential impact of switching on its return on advertising spend.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 31:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting its consideration, evaluation, or comparison of Publishers or other direct or indirect sources of Inventory, including their Features, cost, or quality (including but not limited to incidence of domain spoofing, fraudulent Inventory, forced redirects, criminal scams, Malicious Ads, and fake software updates).

**Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 32:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting contracts or agreements (whether executed or draft) and negotiations concerning contracts or agreements related to Ad Tech, Ad Tech Providers or Display Advertising, including those related to Direct Transactions (and if no contract is available for a Direct Transaction, documents sufficient to show the date, parties, and material terms of the Direct Transaction).

**Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties.  Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

23

**REQUEST FOR PRODUCTION NO. 33:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting its contracts or agreements (whether executed or draft) with each Agency it uses, has used, or has considered using for its Display Advertising, including documents reflecting the services each Agency provides and how each Agency is compensated for such Agency's services.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within their possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 34:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents concerning the effect on Your Display Advertising strategy or the cost effectiveness of Your Display Advertising of the availability or use of User identifiers or proxy identifiers (including but not limited to, for example, Apple Identifier for Advertisers (IDFA), Android AdID, Third-Party Cookies, and logged-in account) or other User tracking mechanisms.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the

extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 35:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce documents sufficient to show whether and why it uses multiple Ad Buying Tools to Purchase Display Advertising, including the reasons why it may or may not use multiple Ad Buying Tools to place Bids on a single Impression.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 36:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents concerning the impact of Header Bidding on its Display Advertising strategy or the cost effectiveness of its Display Advertising.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the

25

extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 37:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce documents sufficient to show the factors that influence its choice of bidding strategies (such as whether the auction is first- or second-priced, expected Floor Price, manual or automated Bid optimization strategies, and available post auction report information) and the effect of its bidding strategies on its return on investment or return on advertising spend.

> **Response:** The Plaintiff States object to this request as unduly burdensome and disproportional to the needs of the case as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 38:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting the impact of Ad Blocking Tools on its Display Advertising strategy or the effectiveness thereof.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 39:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting communications about Google, including commentary, praise, or complaints that it has about Google with respect to Display Advertising or any of Google's Ad Tech Products.

> **Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within their possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 40:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents reflecting its document retention policies during the Relevant Period.

**Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States also object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. The Plaintiff States also object to this request as duplicative of Request for Production No. 12.

**REQUEST FOR PRODUCTION NO. 41:** Separately for each agency, department, entity, or division of Your state (including the office of the Attorney General) that has used Ad Tech Products or Display Advertising, produce all documents concerning information and advice (including studies, analyses, reports, presentations, and records) received from advertising consultants or Agencies and information shared with advertising consultants or Agencies.

**Response:** The Plaintiff States object to this request as overly broad, unduly burdensome, and disproportional to the needs of the case, as it places an undue burden on the responding party to produce documents or data where the requesting party's ability to obtain the information is similar or superior to that of the responding party or otherwise not relevant to the facts or claims in this litigation. The Plaintiff States also object to this request to the extent that the documents it seeks are exempt from disclosure under a federal or state law, code or regulation that prohibits disclosure to third parties. Further, the Plaintiff States object to this request to the extent it seeks production of documents that are not within its possession, custody, or control and reiterate their objection to the definition of "You" stated above. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify the extent to which they may have any responsive documents in their possession, custody, or control that cannot be more easily obtained from third parties or from the public domain.

**REQUEST FOR PRODUCTION NO. 42:** All documents and communications reflecting any financial, business, or personal relationship between Your state's office of the Attorney General and any attorney or law firm representing You in this Action.

**Response:** The Plaintiff States object to this request as irrelevant to the facts, issues, claims, and defenses of this Action and thus outside the scope of permissible discovery, and to the extent in seeks production of documents or information protected by the

attorney-client or work product privilege. Subject to and without waiving the foregoing objection, the Plaintiff States, other than the Office of the Attorney General for the Commonwealth of Puerto Rico, agree produce any fee agreement or contract in their possession, custody or control with any attorney or law firm that is related to their representation of any of the Plaintiff States in this Action. The Plaintiff States will meet and confer regarding the relevance of any other responsive documents. The Arkansas Office of the Attorney General, the Florida Office of the Attorney General, the Kentucky Office of the Attorney General, the Missouri Office of the Attorney General, the Nevada Office of the Attorney General, and the Utah Office of the Attorney General have not retained outside counsel in this Action.

**REQUEST FOR PRODUCTION NO. 43:** All communications with any party to this Action other than Google concerning Google, Display Advertising, or Ad Tech prior to December 16, 2020.

> **Response:** The Plaintiff States object to this request as vague and ambiguous, overly broad, and to the extent it seeks the production of documents protected by the attorney-client, work product privilege, or common interest doctrine. Subject to and without waiving the foregoing objections, the Plaintiff States will meet and confer with Google to identify any responsive documents or data in their possession, custody, or control that were not produced by Google, to Google by a third party, or that are not otherwise in the public domain.

**REQUEST FOR PRODUCTION NO. 44:** All documents and communications concerning any actual or potential contract or agreement between You and any other person regarding this Action, including any agreement to (a) pay a fee, including a legal fee, to anyone with respect to this Action; (b) advance or bear responsibility for payment of the costs and expenses incurred in connection with this Action; and (c) share in the recovery, if any, realized in this Action.

> **Response:** The Plaintiff States object to this request as vague, ambiguous, overbroad, and irrelevant to the facts, issues, claims, and defenses of this Action and thus outside the scope of permissible discovery.

29

Dated: March 14, 2023

Respectfully submitted,

| | |
|---|---|
| */s/ Ashley Keller* | */s/ Mark Lanier* |
| Ashley Keller | W. Mark Lanier (*lead counsel*) |
| Admitted Pro Hac Vice | Texas Bar No. 11934600 |
| ack@kellerpostman.com | Mark.Lanier@LanierLawFirm.com |
| Jason A. Zweig | Alex J. Brown |
| jaz@kellerpostman.com | Alex.Brown@LanierLawFirm.com |
| 150 N. Riverside Plaza, Suite 4100 | Zeke DeRose III |
| Chicago, Illinois 60606 | Zeke.DeRose@LanierLawFirm.com |
| (312) 741-5220 | 10940 W. Sam Houston Parkway N. Suite 100 |
| Zina Bash | Houston, Texas 77064 |
| zina.bash@kellerpostman.com | Telephone: (713) 659-5200 |
| 111 Congress Avenue, Suite 500 | Facsimile: (713) 659-2204 |
| Austin, TX 78701 | THE LANIER LAW FIRM, P.C. |
| (501) 690-0990 | |
| KELLER POSTMAN LLC | |

*Attorneys for Plaintiff States of Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General


*/s/ Shawn E. Cowles*
Brent Webster, First Assistant Attorney
General of Texas
Brent.Webster@oag.texas.gov
Grant Dorfman, Deputy First Assistant
Attorney General
Grant.Dorfman@oag.texas.gov
Aaron Reitz, Deputy Attorney General for
Legal Strategy Aaron.Reitz@oag.texas.gov
Shawn E. Cowles, Deputy Attorney
General for Civil Litigation
Shawn.Cowles@oag.texas.gov Nanette

James R. Lloyd, Chief, Antitrust
Division
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief,
Antitrust Division
Trevor.Young@oag.texas.gov


OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

FOR PLAINTIFF STATE OF ARKANSAS:

TIM GRIFFIN
ATTORNEY GENERAL


By: _____
AMANDA J. WENTZ
Ark. Bar No. 2021066
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Attorney for Plaintiff State of Arkansas*

Respectfully submitted,

FOR PLAINTIFF STATE OF FLORIDA:


ASHLEY MOODY, Attorney General

*/s/ Lizabeth A. Brady*
LIZABETH A. BRADY, Director, Antitrust Division
FL Bar No. 457991
LEE ISTRAIL, Assistant Attorney General
CHRISTOPHER KNIGHT, Assistant Attorney General
ANDREW BUTLER, Assistant Attorney General

Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Phone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

33

FOR PLAINTIFF STATE OF IDAHO:

RAÚL R. LABRADOR
Attorney General

*/s/ John K. Olson*
John K. Olson, Acting Division Chief, Consumer Protection Division

Consumer Protection Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:   (208)   334-2424
john.olson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

34

FOR PLAINTIFF STATE OF INDIANA:

THEODORE E. ROKITA
Attorney General

The Office of the Indiana Attorney General

By: _____

Scott Barnhart
Chief Counsel and Director of Consumer Protection
Indiana Atty. No. 25474-82
Indiana Government Center South – 5th Fl. 302
W. Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 232-6309
Fax: (317) 232-7979
Email: scott.barnhart@atg.in.gov


_____

Matthew Michaloski
Deputy Attorney General
Indiana Atty. No. 35313-49
Indiana Government Center South – 5th Fl. 302
W. Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 234-1479
Fax: (317) 232-7979
Email: matthew.michaloski@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

FOR PLAINTIFF COMMONWEALTH OF KENTUCKY:

DANIEL CAMERON
Attorney General

J. Christian Lewis
Executive Director of Consumer Protection


Christian.Lewis@ky.gov
Philip R. Heleringer, Deputy Director of Consumer Protection
Philip.Heleringer@ky.gov
Jonathan E. Farmer, Assistant Attorney General
Jonathan.Farmer@ky.gov
Office of the Attorney General
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Tel: 502-696-5300

*Attorneys for Commonwealth of Kentucky*

36

FOR PLAINTIFF STATE OF LOUISIANA:

HON. JEFF LANDRY
ATTORNEY GENERAL, STATE OF LOUISIANA
Michael Dupree
Christopher J. Alderman
1885 N. 3rd Street
Baton Rouge, LA 70802

*s/ James R. Dugan, II*
James R. Dugan, II (*pro hac vice*)
TerriAnne Benedetto (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
PH:   (504) 648-0180
FX:   (504) 649-0181
EM:   jdugan@dugan-lawfirm.com
        tbenedetto@dugan-lawfirm.com

James Williams
CHEHARDY SHERMAN WILLIAM, LLP
Galleria Boulevard, Suite 1100
Metairie, LA 70001
PH:   (504) 833-5600
FX:   (504) 833-8080
EM:   jmw@chehardy.com

*Attorneys for the State of Louisiana*

FOR PLAINTIFF STATE OF MISSISSIPPI:

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:      */s/ Hart Martin*
         Hart Martin
         Consumer Protection Division
         Mississippi Attorney General's Office
         Post Office Box 220
         Jackson, Mississippi 39205
         Telephone: 601-359-4223
         Fax: 601-359-4231
         Hart.martin@ago.ms.gov

         *Attorney for Plaintiff State of Mississippi*

FOR PLAINTIFF STATE OF MISSOURI:

ANDREW BAILEY
Attorney General

*/s/ Stephen M. Hoeplinger*
Stephen.Hoeplinger@ago.mo.gov
Missouri Attorney General's
Office
815 Olive St.
Suite 200
St. Louis, MO 63101
Tel: 314-340-7849

*Attorneys for Plaintiff State of Missouri*

39

FOR PLAINTIFF STATE OF MONTANA:

AUSTIN KNUDSEN
Montana Attorney General


/s/ Rebekah French
Montana Attorney General's Office
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Fax: (406) 442-1894
Rebekah.French@mt.gov


/s/ Charles J. Cooper
Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
Brian W. Barnes
bbarnes@cooperkirk.com
Harold S. Reeves
hreeves@cooperkirk.com
COOPER & KIRK PLLC
1523 New Hampshire Avenue, NW
Washington DC 20036
Phone: (202) 220-9620
Fax: (202) 220-9601

*Attorneys for Plaintiff State of Montana*

FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General
ERNEST D. FIGUEROA
Consumer Advocate


*/s/ Michelle C. Newman*
Michelle C. Newman, Senior Deputy
Attorney General
mnewman@ag.nv.gov
Lucas J. Tucker (NV Bar No. 10252)
Senior Deputy Attorney General
LTucker@ag.nv.gov
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100

*Attorneys for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NORTH DAKOTA:


**STATE OF NORTH DAKOTA**
Drew H. Wrigley
Attorney General


By:    */s/ Elin S. Alm*
       Parrell D. Grossman, ND ID 04684
       Elin S. Alm, ND ID 05924
       Assistant Attorneys General
       Consumer Protection & Antitrust Division
       Office of Attorney General of North Dakota
       1720 Burlington Drive, Suite C, Bismarck, ND 58503-7736
       (701) 328-5570
       (701) 328-5568 (fax)
       pgrossman@nd.gov
       ealm@nd.gov

       *Attorneys for Plaintiff State of North Dakota*

FOR PLAINTIFF COMMONWEALTH OF PUERTO RICO:

*/s/ Domingo Emanuelli-Hernández*
Domingo Emanuelli-
Hernández Attorney General
Thaizza Rodríguez Pagán
Assistant Attorney General
PR Bar No. 17177
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201, 1204
trodriguez@justicia.pr.gov

Kyle G. Bates
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111

*Attorneys for Plaintiff Commonwealth of Puerto Rico*

43

FOR PLAINTIFF STATE OF SOUTH CAROLINA:

ALAN WILSON
Attorney General


*/s/ Mary Frances Jowers*
Mary Frances Jowers
Assistant Deputy Attorney General
Rebecca M. Hartner (S.C. Bar No. 101302)
Assistant Attorney General
W. Jeffrey Young
Chief Deputy Attorney General
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-3996
Email: mfjowers@scag.gov

Charlie Condon
Charlie Condon Law Firm, LLC
880 Johnnie Dodds Blvd, Suite 1
Mount Pleasant, SC 29464
Phone: 843-884-8146
Email: charlie@charliecondon.com

James R. Dugan, II (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
Phone: (504) 648-0180
Email: jdugan@dugan-lawfirm.com


*Attorneys for Plaintiff State of South Carolina*

44

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

MARTY JACKLEY
Attorney General


*/s/ Jonathan Van Patten*
Jonathan Van Patten
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel: 605-773-3215
jonathan.vanpatten@state.sd.us

*Attorney for Plaintiff State of South Dakota*

45

FOR PLAINTIFF STATE OF UTAH:

Sean D. Reyes
Utah Attorney General

_/s/ Marie W.L. Martin_
Marie W.L. Martin
Assistant Attorney General
160 East 300 South, 5th Floor
P.O. Box 140874
Salt Lake City, UT 84114-0872
mwmartin@agutah.gov
Telephone: (801) 538-9600

*Attorneys for Plaintiff State of Utah and as counsel for the Utah Division of Consumer Protection*

46

# EXHIBIT 5

**LIM, Rachel**

| | |
|---|---|
| **From:** | Kyle Bates <kbates@hausfeld.com> |
| **Sent:** | Friday, May 10, 2024 6:22 AM |
| **To:** | BAYOUMI, Jeanette; Jonathan Wilkerson; Elin Alm; Marc B. Collier; Zeke DeRose III; Trevor Young; Alex J. Brown; Geraldine W. Young; Noah Heinz; Lauren Schultz; Gabriel Culver; Ryan D. Ellis; Alex Henthorn; Audrey Moore; Courtney M. Walton; James Hall; Camila Ringeling |
| **Cc:** | ELMER, Julie (JSE); KLEIN, Gayle (GRK); SESSIONS, Justina (JKS); MCCALLUM, Robert; KAPLIN, Lauren; CURRAN, Elizabeth; TU, Xiaoxi; LEONARD, Claire; ZHANG, Lijun; AL DAJANI, Ahmad; Jamie Aycock; Bracewell, Mollie; Ayla Syed; Zorn, Matt; Maradiaga, Karla; Ades, Alex; Daniel Bitton; Bradley Justus; dpearl@axinn.com; Ali Vissichelli |
| **Subject:** | RE: 30(b)(6) depositions of the States |
| **Attachments:** | 2024-02-20 - Letter to Google re Discovery Search Terms - Google Ad Tech.pdf |

Jeanette,

Thanks again for your time on the phone on Wednesday.  While we continue to disagree with Google's characterizations of Puerto Rico's search for and collection of documents, and maintain that Puerto Rico has met and exceeded its obligations under the Rules of Civil Procedure, in the interest of compromise and avoiding the burden associated with briefing this issue before the Special Master Puerto Rico is prepared to accept your request that Puerto Rico conduct an additional search for electronic documents.  Puerto Rico will agree to do so as follows and subject to the following conditions:

- Puerto Rico will agree to run the English and Spanish versions of the Local Files and Email search terms used by Arkansas, which were previously conveyed to Google in the attached letter;
- Puerto Rico will agree to run those terms on the mailboxes and available electronic files of all PRDOJ employees in 1) the Antitrust Division and 2) the subdivisions that ran the ad campaigns in question that appear to have used display advertising (the Spanish acronyms of which are SIGI and SIJC), and will produce any non-privileged documents that are responsive to Google's previously-served RFPs.

Please let us know if this compromise, which will require the expenditure of significant resources and attorney time by Puerto Rico, resolves the concerns you raised during our meet-and-confer.  Puerto Rico reserves all rights.

Best,
Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

**HAUSFELD**

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Tuesday, May 7, 2024 12:51 PM
**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>; Camila Ringeling <cringeling@hausfeld.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States


Thanks, Kyle. I've just circulated an invite to you and Camila.

Thanks,
Jeanette

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Tuesday, May 7, 2024 12:00 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>; Camila Ringeling <cringeling@hausfeld.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** Re: 30(b)(6) depositions of the States

Thanks Jeanette, you can just send it to me and my colleague Camila (who I've copied here) and I can forward to other plaintiffs' counsel as needed.

Best,
Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Tuesday, May 7, 2024 11:23:02 AM
**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com <dpearl@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States

Hi Kyle,

Please let me know who I should circulate the invite to from the Plaintiffs' side and we'll get it out shortly.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

---

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Monday, May 6, 2024 8:55 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** Re: 30(b)(6) depositions of the States

Hi Jeanette,

Let's plan to speak Wednesday at 4:30.

Best,
Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004

+1 646 357 1100

**hausfeld.com**

4

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Monday, May 6, 2024 6:59:05 PM
**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com <dpearl@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States

Hi Kyle,

We can speak tomorrow between 10:30am – 12pm ET. We're also available on Wednesday between 2-230pm or 430-530pm ET. Let us know if any of those times work.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

---

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Monday, May 6, 2024 8:00 AM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall

<james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** Re: 30(b)(6) depositions of the States

Jeanette,

We are not available to discuss today. Please let us know some times tomorrow or Wednesday that work for you all.

Best,
Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Friday, May 3, 2024 10:36:07 PM
**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock

<jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com <dpearl@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** 30(b)(6) depositions of the States

Counsel:

I write regarding inadequate responses and discovery deficiencies revealed during the April 25, 2024 deposition of Indiana's 30(b)(6) representative, during the May 1, 2024 deposition of Puerto Rico's Rule 30(b)(6) representative, and during the May 3, 2024 deposition of Louisiana's 30(b)(6) representative. All of these State Plaintiffs and their corresponding 30(b)(6) representatives were designated to testify on Topic No. 1, "Your retention, preservation, collection, review, and production of documents and data related to the Investigation and this Action, including in response to Google's discovery requests in this Action." *See* Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

*Indiana.*  At the deposition of Indiana's 30(b)(6) representative, Steven Taterka, the deputy director of the Consumer Protection Division of the Office of the Indiana Attorney General, Google's counsel asked whether a document preservation notice was ever implemented in connection with this matter by Indiana.  Mr. Taterka testified that "[he did] not know that anything was done to suggest a hold" was issued by the Consumer Protection Division. Indiana Dep. Tr. at 103:19-20 (Apr. 25, 2024).  Please now confirm whether and when Indiana implemented a document hold in connection with this case.

*Puerto Rico.* During Puerto Rico's Rule 30(b)(6) deposition, the designated representative, Guarionex Diaz Martinez, the Deputy Secretary to the Attorney General in charge of the Antitrust Division, testified that Puerto Rico failed to implement a document hold notice to preserve documents relevant to this matter.  Puerto Rico Dep. Tr. at 25:11-15 (May 1, 2024) ("Q. Did Puerto Rico institute a document-hold notice related to this litigation?  A. No. Q.  Why not?  A.  We just didn't.").  We ask that Puerto Rico now confirm in writing details of its policies and practices regarding the issuance of document holds.

Additionally, Mr. Diaz confirmed that Puerto Rico did not run any specific search terms and was unable to explain how searches were otherwise run. *Id.* at 109:13-15 ("But no like search terms were run that I think of.  I'm not aware of, for example, like the IT department, how they searched or not.  But I'm not aware that they ran search terms or that it was requested from Google."); *see also id.* at 109:23-110:1 ("Q.  So you didn't instruct them to run any search terms? A. I didn't instruct them how to do the search, no.").  Moreover, Mr. Diaz confirmed that he did not direct any other division within the Department of Justice, other than the antitrust division, to conduct a document search. *See id.* at 109:11-110:1.  Nor did he meet with any other agency beyond the Department of Justice to request a search for documents.  *See id.* at 26:9-21. We would like to meet and confer with you on Monday regarding these deficiencies.  Please let us know your availability.

*Louisiana.*  Patrick Voelker, Louisiana's 30(b)(6) witness and the Assistant Attorney General of the Louisiana Department of Justice, testified that Louisiana did not implement a document hold notice to preserve documents related to this matter. *See* Louisiana Rough Dep. Tr. at 35: 19-21 ("Q. Did Louisiana institute a document hold notice related to the litigation? A. Not that I'm aware of."); *see also id.* at 36:12-14 ("Q. And when you came on as an attorney, did you implement a document hold? A. I did not."). We ask that Louisiana confirm in writing details of its policies and practices regarding the issuance of document holds.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Case 4:20-cv-00957-SDJ   Document 528-1   Filed 06/18/24   Page 71 of 133 PageID #:  17071

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice.
For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

# EXHIBIT 6


**Freshfields Bruckhaus Deringer** US LLP

**Via Email**

Kyle Bates
33 Whitehall Street
14th Floor
New York, NY 10004
kbates@hausfeld.com
Counsel for the Commonwealth of Puerto Rico

**New York**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
+1(212) 277-4043
jeanette.bayoumi@freshfields.com
www.freshfields.com

May 13, 2024

Re:    *State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.)

Dear Kyle:

I write concerning the Commonwealth of Puerto Rico's ("Puerto Rico") significant discovery deficiencies that were revealed during the May 1, 2024 30(b)(6) deposition of Mr. Guarionex Diaz Martinez and as discussed during our meet-and-confer on May 8, 2024 and in response to your email of May 10, 2024. As a preliminary matter, Puerto Rico's assertion that it has somehow "met and exceeded its obligations" under the Federal Rules of Civil Procedure is both alarming and woefully inaccurate. As indicated below, Google requests that Puerto Rico confirm in writing its policies and practices regarding its issuance of document hold notices, document preservation, searches, and collection. Google further reiterates its request that Puerto Rico carry out a comprehensive and fulsome search for documents responsive to Google's Requests for Production ("RFPs"), including a search of email communications – searches it should have conducted after first receiving Google's RFPs more than a year ago.

### I.    *Puerto Rico's Failure to Implement a Document Hold Notice*

During the 30(b)(6) deposition of Mr. Diaz, Mr. Diaz testified that when Puerto Rico joined this litigation as a plaintiff in 2021, it never issued a document hold notice.[1] As you, Mr. Diaz, and Puerto Rico are no doubt aware, when a party anticipates litigation, it must take reasonable steps to preserve information that is relevant to a dispute. Following-up on this concerning revelation, Google sent an email on May 3, 2024, requesting that Puerto Rico confirm in writing the details of its policies and practices regarding the issues of document holds. During the May 8 meet-and-confer, you explained that Puerto Rico never issued a document hold notice because it uses Microsoft Office 365 and that even emails that were deleted by a user were maintained on the system for ten years. We have reason to doubt the accuracy of this assertion. For example, Microsoft guidance provides that the default is to retain deleted items only for 14 days. Therefore,

---

[1] Dep. Tr. at 25:11-15 (May 1, 2024) ("Q. Did Puerto Rico institute a document-hold notice related to this litigation? A. No. Q.  Why not?  A.  We just didn't.").

in order to preserve relevant information, Puerto Rico should have placed custodians' accounts on Litigation Hold. Accordingly, we respectfully request that you speak with someone in the Puerto Rico Department of Justice's ("PRDOJ") IT department and identify the mailboxes that were placed on litigation hold to override the 14-day automatic deletion feature.

Regardless of whether custodians' Microsoft Office 365 accounts were placed on litigation hold such that their deleted items were preserved, this explanation, however, does not account for documents or communications that were not stored or shared through Microsoft Office 365, ignores that Puerto Rico apparently did not search the Microsoft Office 365 archives in any event, and completely ignores that information may have been spoliated given the absence of any document hold notice. **No later than May 16, 2024**, please provide in writing Puerto Rico's policies and practices regarding its issuance of document hold notices, document preservation, searches, and collection, as well as a description of the "reasonable steps" Puerto Rico undertook to preserve information pursuant to Fed. R. Civ. P. 37(e).

## II.  *Puerto Rico's Failure to Search for Responsive Documents*

Puerto Rico has failed to properly search for and produce responsive documents. Google timely served its first set of RFPs on January 27, 2023. Pursuant to your request that we identify the RFPs which would cover the information that we understand exists but that Puerto Rico did not search for or produce, those RFPs include, by way of example only:

- All documents relating to Puerto Rico's use of Ad Tech Products or Display Advertising (RFP No. 13);
- All contracts and Terms of Service for each Google Ad Tech Product used during the Relevant Period and all communications concerning those contracts and Terms of Service (RFP No. 14);
- All documents concerning Clicks, Impressions, conversions, return on advertising spend, or return on investment for Display Advertising that Puerto Rico received from any Ad Tech Provider (RFP No. 22); and
- All documents reflecting communications about Google. including those with respect to Display Advertising or any of Google's Ad Tech Products (RFP No. 39).

Frankly, we do not think that Puerto Rico undertook reasonable steps to search for or produce information relating to any of Google's RFPs.

Puerto Rico affirmatively told Google – and the Special Master – on multiple occasions that it does not have documents responsive to any of Google's RFPs and that Puerto Rico did not use Ad Tech.  *See e.g.,* Ltr. from K. Bates to M. Bracewell (Mar. 5, 2024) ("We note that although Puerto Rico does not possess documents responsive to Google's request for Production . . ."); Hr'g Tr. at 51:7-14 (Apr. 4, 2024) ("[D]ocuments don't exist because Puerto Rico doesn't do this"); Ltr. from K. Bates to M. Bracewell (Apr. 12, 2024) ("The fact that the PRDOJ does not use Ad Tech was conveyed to Google multiple times, including 1) in response to formal discovery requests described above, 2) in Puerto Rico's responses to related interrogatories on the same topic, and 3) in follow-up correspondence from counsel.").

Regardless, one week before Mr. Diaz's scheduled deposition, and at the eleventh hour of

fact discovery, Puerto Rico informed Google that it, in fact, had documents responsive to Google's RFPs.  Puerto Rico apparently discovered documents in the process of preparing for its deposition by finally interviewing custodians who may have had information relating to this lawsuit. On Friday, April 26, 2024, Puerto Rico produced a limited set of documents. These documents relate to three advertising campaigns conducted during 2021-2023 by two divisions within the PRDOJ – the Office of the Criminal Justice Information Systems and the Office of Compensation of Victims and Witnesses – and fall squarely within the timeframe in which Puerto Rico joined the lawsuit and had a duty to preserve documents.

Despite Puerto Rico's averments to the contrary, Puerto Rico clearly did not conduct a fulsome search for documents. Indeed, Puerto Rico could not even articulate its preliminary search for responsive materials because it was woefully deficient. For example, Mr. Diaz testified that he simply asked for "the entire file" related to the ad campaigns, without giving the custodians any direction as to what the "file" meant, searching the PRDOJ's IT system, or having searches run over email servers to capture relevant email communications between the PRDOJ and the ad agency facilitating those ad campaigns, P2P. Puerto Rico also seemingly left the search to Mr. Diaz without outside counsel providing any help or direction. The below testimony underscores Puerto Rico's deficient search:

Q. And did your attorneys run a keyword search on Puerto Rico's IT system?...A keyword search to pull documents responsive to Google's [RFPs]?

A. Do you mean like search terms?

Q. Yes.

A. Within my office, with my assistant did [sic], to see if there was something within the Antitrust Division. But no like search terms were run that I think of. I'm not aware of, for example, like the IT department, the way searched or not. But I'm not aware that they ran search terms or that it was requested from Google.

Q. Were search terms run over the divisions that work with [your ad agency]?

A. I'm not aware of what they did to collect the documents that they provided. I'm aware that we requested all the documents that they had available.

Q. So you didn't instruct them to run any search terms?

A. I didn't instruct them how to do the search, no.

Q. In terms of the search terms that you ran for your office, do you recall any of those search terms?

. . .

A. "Google" was one search term that we used. I asked my assistant to please run in your [sic] computer and everything that we have about Google. And we didn't find anything responsive.

May 13, 2024<br>
Page 4

Dep. Tr. at 116:24-120:22.

In sum, Puerto Rico has not satisfied its discovery obligations. Puerto Rico's scant production demonstrates that it communicated with others via email regarding advertising and its use of Ad Tech, but Puerto Rico did nothing to either inform the custodians of this lawsuit and the importance of maintaining those communications or even run an electronic search for the same. Puerto Rico's assertions that no additional documents exist is unsubstantiated in light of its plain failure to search the electronic files of custodians and run search terms on the servers for the divisions that ran digital ad campaigns.

Further, Puerto Rico's purported compromise to run search terms used by the State of Arkansas, as laid out in your May 10, 2024 email, is insufficient. Arkansas, unlike Puerto Rico, did not use an ad agency to run its digital campaigns, and accordingly, Google has concerns that the search terms run by Arkansas would not accurately capture all communications with Puerto Rico's ad agency, P2P. Rather, Google proposes that *in addition to* the search terms Arkansas used, Puerto Rico (a) interview its custodians, determine what documents may have existed and the terms used regarding same, (b) conduct a search similar to that done by the State of Indiana, including conducting a search of Microsoft Exchange Mailboxes of relevant custodians to collect all communications with P2P, without the limitation of further search terms, as well as conducting a search for all of P2P's employees known to PRDOJ and a generic search for the domain "@wearep2p.com;"[2] and (c) conduct a search of its custodians' electronic files (e.g. Word, PDF, Excel, PowerPoint) for any responsive information.

Please **confirm by Tuesday, May 14, 2024** that Puerto Rico will undertake this search, and provide the results of this search **no later than May 16, 2024**. Please note that, regardless of Puerto Rico's willingness to undertake this search, Google does not waive and reserves all rights relating to Puerto Rico's failure to take reasonable steps to preserve electronic information.

Kind Regards,

*/s/ Jeanette Bayoumi*
Jeanette Bayoumi

---

[2] *See* Ltr. from M. Michaloski to M. Bracewell (Feb. 23, 2024) (searching the mailboxes of various custodians for communications with the Prosper Group without the limitation of further search terms, as well as a search for "all employees known to INOAG … as well as a generic search for the domain "@prospergroupcorp.com.").

# EXHIBIT 7

## LIM, Rachel

| | |
|---|---|
| **From:** | BAYOUMI, Jeanette |
| **Sent:** | Friday, May 17, 2024 8:53 AM |
| **To:** | Kyle Bates; Camila Ringeling; Jonathan Wilkerson; Elin Alm; Marc B. Collier; Zeke DeRose III; Trevor Young; Alex J. Brown; Geraldine W. Young; Noah Heinz; Lauren Schultz; Gabriel Culver; Ryan D. Ellis; Alex Henthorn; Audrey Moore; Courtney M. Walton; James Hall |
| **Cc:** | ELMER, Julie (JSE); KLEIN, Gayle (GRK); SESSIONS, Justina (JKS); MCCALLUM, Robert; KAPLIN, Lauren; CURRAN, Elizabeth; TU, Xiaoxi; LEONARD, Claire; ZHANG, Lijun; Jamie Aycock; Bracewell, Mollie; Ayla Syed; Zorn, Matt; Maradiaga, Karla; Ades, Alex; Daniel Bitton; Bradley Justus; dpearl@axinn.com; Ali Vissichelli |
| **Subject:** | RE: 30(b)(6) depositions of the States |

Kyle,

Thanks for your email. We also hope to find an amicable solution but your insistence that the deadlines in our letter are false is not an amicable way to proceed, particularly given the egregious manner in which Puerto Rico failed to meet its discovery obligations during the fact discovery period. Google has agreed to proceed without the need for motion practice, but as noted in my May 13 letter, Google reserves all rights, and will take this issue to the Special Master and/or Court if Puerto Rico does not timely respond with the results of its search.

Per your request below, the Microsoft guidance referred to in the May 13 letter is here: https://learn.microsoft.com/en-us/exchange/recipients/user-mailboxes/deleted-item-retention-and-recoverable-items-quotas?view=exchserver-2019. As noted in the letter, Puerto Rico would have had to place relevant custodians on litigation hold to preserve relevant information – but, as we understand from your email, Puerto Rico does not issue litigation holds nor does it have a written policy for document preservation.

Further, while we disagree with your characterization of Mr. Diaz's testimony, which underscored that Puerto Rico waited until the final days of fact discovery to speak with custodians that clearly had responsive documents, we appreciate you confirming that you'll proceed with the process proposed on page 4 of the May 13 letter. Please let us know when Puerto Rico intends to provide the results of its search, which we expect would be no later than May 24.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

---

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Wednesday, May 15, 2024 1:50 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>
**Cc:** Camila Ringeling <cringeling@hausfeld.com>
**Subject:** RE: 30(b)(6) depositions of the States

Jeanette,

1

I don't think that sending a letter at midday on May 13 that demands a response by May 14 is appropriate or reflective of a good-faith effort to resolve this dispute.  I think I've demonstrated my willingness, time and again, to work with you to resolve issues amicably and efficiently and I hope that we can continue to work to do so productively and without the need for letters with false deadlines.

Suffice to say we disagree with the rhetoric in your letter and the selective way you've chosen to frame Mr. Diaz's testimony, including your decision to focus on the passage you quoted from Mr. Diaz's deposition (which was responsive to your more limited question about Puerto Rico's use of search terms) and not his answer to your broader questions about document discovery (which described the steps Puerto Rico took to search for and retain responsive documents).  *See, e.g.* Dep. Tr. at 25:8-15.  There is also no mystery about how or why responsive documents were found late in fact discovery—Mr. Diaz discussed that at length on pages 30-32 of the transcript.

We also have no idea what "Microsoft guidance" you are referring to regarding the practice of automatically deleting items after 14 days.  Puerto Rico has never, in any of its prior correspondence or during Mr. Diaz's deposition, stated that any practice like that is in effect in Puerto Rico.  Can you please provide the citation or support you're referring to for this "guidance," including your basis for believing it exists in Puerto Rico?  Puerto Rico has written to Google multiple times regarding the topics you describe in the first full paragraph of page 2 of your letter and presented a 30(b)(6) witness on those topics.  Puerto Rico declines your request to provide this information to Google a fifth time and refers Google to prior correspondence from counsel dated March 5, April 12, April 24, as well as the portions of Mr. Diaz's deposition transcript where he was asked about those topics.  Notwithstanding the foregoing, I did speak with the PRDOJ's head of IT multiple times on May 13 and May 14 as well as a member of the IT staff that supports the SIJC specifically, and they both confirmed, again, that a) the PRDOJ keeps all e-mails and electronic files for 10 years and otherwise has no written policies regarding 1) the issuance of separate per-matter litigation holds or 2) document preservation.  As we've stated previously, those matters are handled by the PRDOJ's Head of IT and Administrator of Records, both of whom Mr. Diaz met with in preparation for his deposition.  We also reached out to the Microsoft team that supports the PRDOJ, who confirmed that the default posture in place at the PRDOJ is to keep electronic files and e-mails for 10 years.  We only received Microsoft's response earlier today.

All of that said, and in the interest of moving things forward without motion practice, Puerto Rico will agree to take the steps you request in the second full paragraph of page 4 of your letter.  We reject your unilaterally imposed deadline to provide the results by May 16, and will be in touch once we have a good faith estimate of how long it will take us to review the results in question and produce any responsive, non-privileged documents.

Best,
Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Monday, May 13, 2024 11:16 AM
**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>; Camila Ringeling <cringeling@hausfeld.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; zzAL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States

Counsel,

Please see the attached correspondence.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Friday, May 10, 2024 9:22 AM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>; Camila Ringeling <cringeling@hausfeld.com>

**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States

Jeanette,

Thanks again for your time on the phone on Wednesday.  While we continue to disagree with Google's characterizations of Puerto Rico's search for and collection of documents, and maintain that Puerto Rico has met and exceeded its obligations under the Rules of Civil Procedure, in the interest of compromise and avoiding the burden associated with briefing this issue before the Special Master Puerto Rico is prepared to accept your request that Puerto Rico conduct an additional search for electronic documents.  Puerto Rico will agree to do so as follows and subject to the following conditions:

- Puerto Rico will agree to run the English and Spanish versions of the Local Files and Email search terms used by Arkansas, which were previously conveyed to Google in the attached letter;
- Puerto Rico will agree to run those terms on the mailboxes and available electronic files of all PRDOJ employees in 1) the Antitrust Division and 2) the subdivisions that ran the ad campaigns in question that appear to have used display advertising (the Spanish acronyms of which are SIGI and SIJC), and will produce any non-privileged documents that are responsive to Google's previously-served RFPs.

Please let us know if this compromise, which will require the expenditure of significant resources and attorney time by Puerto Rico, resolves the concerns you raised during our meet-and-confer.  Puerto Rico reserves all rights.

Best,
Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Tuesday, May 7, 2024 12:51 PM

**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>; Camila Ringeling <cringeling@hausfeld.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States

Thanks, Kyle. I've just circulated an invite to you and Camila.

Thanks,
Jeanette

---

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Tuesday, May 7, 2024 12:00 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>; Camila Ringeling <cringeling@hausfeld.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** Re: 30(b)(6) depositions of the States

Thanks Jeanette, you can just send it to me and my colleague Camila (who I've copied here) and I can forward to other plaintiffs' counsel as needed.

Best,
Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Tuesday, May 7, 2024 11:23:02 AM
**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com <dpearl@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States

Hi Kyle,

Please let me know who I should circulate the invite to from the Plaintiffs' side and we'll get it out shortly.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street

New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Monday, May 6, 2024 8:55 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; Jonathan Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier
<marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young
<Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young
<geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz
<lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis
<Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore
<Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall
<james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS,
Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren
<lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi
<Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun
<Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock
<jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed
<asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla
<kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>;
Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** Re: 30(b)(6) depositions of the States

Hi Jeanette,

Let's plan to speak Wednesday at 4:30.

Best,
Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Monday, May 6, 2024 6:59:05 PM

**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com <dpearl@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States

Hi Kyle,

We can speak tomorrow between 10:30am – 12pm ET. We're also available on Wednesday between 2-230pm or 430-530pm ET. Let us know if any of those times work.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

---

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Monday, May 6, 2024 8:00 AM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed

<asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** Re: 30(b)(6) depositions of the States

Jeanette,

We are not available to discuss today. Please let us know some times tomorrow or Wednesday that work for you all.

Best,
Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Friday, May 3, 2024 10:36:07 PM
**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** 30(b)(6) depositions of the States

Counsel:

I write regarding inadequate responses and discovery deficiencies revealed during the April 25, 2024 deposition of Indiana's 30(b)(6) representative, during the May 1, 2024 deposition of Puerto Rico's Rule 30(b)(6) representative, and during the May 3, 2024 deposition of Louisiana's 30(b)(6) representative. All of these State Plaintiffs and their corresponding 30(b)(6) representatives were designated to testify on Topic No. 1, "Your retention, preservation, collection, review, and production of documents and data related to the Investigation and this Action, including in response to Google's discovery requests in this Action." *See* Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

*Indiana.*  At the deposition of Indiana's 30(b)(6) representative, Steven Taterka, the deputy director of the Consumer Protection Division of the Office of the Indiana Attorney General, Google's counsel asked whether a document preservation notice was ever implemented in connection with this matter by Indiana.  Mr. Taterka testified that "[he did] not know that anything was done to suggest a hold" was issued by the Consumer Protection Division. Indiana Dep. Tr. at 103:19-20 (Apr. 25, 2024).  Please now confirm whether and when Indiana implemented a document hold in connection with this case.

*Puerto Rico.* During Puerto Rico's Rule 30(b)(6) deposition, the designated representative, Guarionex Diaz Martinez, the Deputy Secretary to the Attorney General in charge of the Antitrust Division, testified that Puerto Rico failed to implement a document hold notice to preserve documents relevant to this matter.  Puerto Rico Dep. Tr. at 25:11-15 (May 1, 2024) ("Q. Did Puerto Rico institute a document-hold notice related to this litigation?  A. No. Q.  Why not?  A.  We just didn't."). We ask that Puerto Rico now confirm in writing details of its policies and practices regarding the issuance of document holds.

Additionally, Mr. Diaz confirmed that Puerto Rico did not run any specific search terms and was unable to explain how searches were otherwise run. *Id.* at 109:13-15 ("But no like search terms were run that I think of.  I'm not aware of, for example, like the IT department, how they searched or not.  But I'm not aware that they ran search terms or that it was requested from Google."); *see also id.* at 109:23-110:1 ("Q.  So you didn't instruct them to run any search terms? A. I didn't instruct them how to do the search, no.").  Moreover, Mr. Diaz confirmed that he did not direct any other division within the Department of Justice, other than the antitrust division, to conduct a document search. *See id.* at 109:11-110:1.  Nor did he meet with any other agency beyond the Department of Justice to request a search for documents.  *See id.* at 26:9-21. We would like to meet and confer with you on Monday regarding these deficiencies.  Please let us know your availability.

*Louisiana.*  Patrick Voelker, Louisiana's 30(b)(6) witness and the Assistant Attorney General of the Louisiana Department of Justice, testified that Louisiana did not implement a document hold notice to preserve documents related to this matter. *See* Louisiana Rough Dep. Tr. at 35: 19-21 ("Q. Did Louisiana institute a document hold notice related to the litigation? A. Not that I'm aware of."); *see also id.* at 36:12-14 ("Q. And when you came on as an attorney, did you implement a document hold? A. I did not."). We ask that Louisiana confirm in writing details of its policies and practices regarding the issuance of document holds.


Thanks,
Jeanette


**Jeanette Bayoumi**
Senior Associate
she/her/hers


**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com


This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number

OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

# EXHIBIT 8

## LIM, Rachel

| | |
|---|---|
| **From:** | Kyle Bates <kbates@hausfeld.com> |
| **Sent:** | Tuesday, June 4, 2024 2:18 PM |
| **To:** | TU, Xiaoxi; BAYOUMI, Jeanette; Camila Ringeling; Jonathan Wilkerson; Elin Alm; Marc B. Collier; Zeke DeRose III; Trevor Young; Alex J. Brown; Geraldine W. Young; Noah Heinz; Lauren Schultz; Gabriel Culver; Ryan D. Ellis; Alex Henthorn; Audrey Moore; Courtney M. Walton; James Hall |
| **Cc:** | ELMER, Julie (JSE); KLEIN, Gayle (GRK); SESSIONS, Justina (JKS); MCCALLUM, Robert; KAPLIN, Lauren; CURRAN, Elizabeth; LEONARD, Claire; ZHANG, Lijun; Jamie Aycock; Bracewell, Mollie; Ayla Syed; Zorn, Matt; Maradiaga, Karla; Ades, Alex; Daniel Bitton; Bradley Justus; dpearl@axinn.com; Ali Vissichelli |
| **Subject:** | RE: 30(b)(6) depositions of the States |

Hi Xiaoxi,

Setting aside our disagreement with your characterization of Puerto Rico's discovery efforts to date, we are in the process of collecting the results of the application of the search terms we discussed.  Once we have the results, we will be in a better position to estimate when Puerto Rico expects to produce responsive, non-privileged documents.

Best,
Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>
**Sent:** Tuesday, June 4, 2024 4:53 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; Kyle Bates <kbates@hausfeld.com>; Camila Ringeling <cringeling@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore

<Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States


Kyle,

In light of Puerto Rico's failure to collect and produce certain responsive documents during fact discovery, we requested that Puerto Rico conduct a search for responsive documents and produce those documents by May 24th. We have not received these documents.
Please let us know a date certain by which Puerto Rico expects to produce the results of its search.

We reserve the right to raise with the Special Master and/or Court.

Thank you,
Xiaoxi


**Xiaoxi Tu**
Senior Associate
she/her

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 (646) 863-1627
xiaoxi.tu@freshfields.com

---

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Friday, May 17, 2024 11:53 AM
**To:** Kyle Bates <kbates@hausfeld.com>; Camila Ringeling <cringeling@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>;

dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States

Kyle,

Thanks for your email. We also hope to find an amicable solution but your insistence that the deadlines in our letter are false is not an amicable way to proceed, particularly given the egregious manner in which Puerto Rico failed to meet its discovery obligations during the fact discovery period. Google has agreed to proceed without the need for motion practice, but as noted in my May 13 letter, Google reserves all rights, and will take this issue to the Special Master and/or Court if Puerto Rico does not timely respond with the results of its search.

Per your request below, the Microsoft guidance referred to in the May 13 letter is here: https://learn.microsoft.com/en-us/exchange/recipients/user-mailboxes/deleted-item-retention-and-recoverable-items-quotas?view=exchserver-2019. As noted in the letter, Puerto Rico would have had to place relevant custodians on litigation hold to preserve relevant information – but, as we understand from your email, Puerto Rico does not issue litigation holds nor does it have a written policy for document preservation.

Further, while we disagree with your characterization of Mr. Diaz's testimony, which underscored that Puerto Rico waited until the final days of fact discovery to speak with custodians that clearly had responsive documents, we appreciate you confirming that you'll proceed with the process proposed on page 4 of the May 13 letter. Please let us know when Puerto Rico intends to provide the results of its search, which we expect would be no later than May 24.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

---

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Wednesday, May 15, 2024 1:50 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>
**Cc:** Camila Ringeling <cringeling@hausfeld.com>
**Subject:** RE: 30(b)(6) depositions of the States

Jeanette,

I don't think that sending a letter at midday on May 13 that demands a response by May 14 is appropriate or reflective of a good-faith effort to resolve this dispute.  I think I've demonstrated my willingness, time and again, to work with you to resolve issues amicably and efficiently and I hope that we can continue to work to do so productively and without the need for letters with false deadlines.

Suffice to say we disagree with the rhetoric in your letter and the selective way you've chosen to frame Mr. Diaz's testimony, including your decision to focus on the passage you quoted from Mr. Diaz's deposition (which was responsive to your more limited question about Puerto Rico's use of search terms) and not his answer to your broader questions about document discovery (which described the steps Puerto Rico took to search for and retain responsive documents).  *See, e.g.* Dep. Tr. at 25:8-15.  There is also no mystery about how or why responsive documents were found late in fact discovery—Mr. Diaz discussed that at length on pages 30-32 of the transcript.

We also have no idea what "Microsoft guidance" you are referring to regarding the practice of automatically deleting items after 14 days.  Puerto Rico has never, in any of its prior correspondence or during Mr. Diaz's deposition, stated that any practice like that is in effect in Puerto Rico.  Can you please provide the citation or support you're referring to for this "guidance," including your basis for believing it exists in Puerto Rico?  Puerto Rico has written to Google multiple times regarding the topics you describe in the first full paragraph of page 2 of your letter and presented a 30(b)(6) witness on those topics.  Puerto Rico declines your request to provide this information to Google a fifth time and refers Google to prior correspondence from counsel dated March 5, April 12, April 24, as well as the portions of Mr. Diaz's deposition transcript where he was asked about those topics.  Notwithstanding the foregoing, I did speak with the PRDOJ's head of IT multiple times on May 13 and May 14 as well as a member of the IT staff that supports the SIJC specifically, and they both confirmed, again, that a) the PRDOJ keeps all e-mails and electronic files for 10 years and otherwise has no written policies regarding 1) the issuance of separate per-matter litigation holds or 2) document preservation.  As we've stated previously, those matters are handled by the PRDOJ's Head of IT and Administrator of Records, both of whom Mr. Diaz met with in preparation for his deposition.  We also reached out to the Microsoft team that supports the PRDOJ, who confirmed that the default posture in place at the PRDOJ is to keep electronic files and e-mails for 10 years.  We only received Microsoft's response earlier today.

All of that said, and in the interest of moving things forward without motion practice, Puerto Rico will agree to take the steps you request in the second full paragraph of page 4 of your letter.  We reject your unilaterally imposed deadline to provide the results by May 16, and will be in touch once we have a good faith estimate of how long it will take us to review the results in question and produce any responsive, non-privileged documents.


Best,
Kyle


**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct


# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Monday, May 13, 2024 11:16 AM
**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>; Camila Ringeling

<cringeling@hausfeld.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; zzAL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States


Counsel,

Please see the attached correspondence.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

---

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Friday, May 10, 2024 9:22 AM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>; Camila Ringeling <cringeling@hausfeld.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States

Jeanette,

Thanks again for your time on the phone on Wednesday.  While we continue to disagree with Google's characterizations of Puerto Rico's search for and collection of documents, and maintain that Puerto Rico has met and exceeded its obligations under the Rules of Civil Procedure, in the interest of compromise and avoiding the burden associated with briefing this issue before the Special Master Puerto Rico is prepared to accept your request that Puerto Rico conduct an additional search for electronic documents.  Puerto Rico will agree to do so as follows and subject to the following conditions:

- Puerto Rico will agree to run the English and Spanish versions of the Local Files and Email search terms used by Arkansas, which were previously conveyed to Google in the attached letter;
- Puerto Rico will agree to run those terms on the mailboxes and available electronic files of all PRDOJ employees in 1) the Antitrust Division and 2) the subdivisions in question that appear to have used display advertising (the Spanish acronyms of which are SIGI and SIJC), and will produce any non-privileged documents that are responsive to Google's previously-served RFPs.

Please let us know if this compromise, which will require the expenditure of significant resources and attorney time by Puerto Rico, resolves the concerns you raised during our meet-and-confer.  Puerto Rico reserves all rights.

Best,
Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Tuesday, May 7, 2024 12:51 PM
**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>; Camila Ringeling <cringeling@hausfeld.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun

<[Lijun.Zhang@freshfields.com](mailto:Lijun.Zhang@freshfields.com)>; AL DAJANI, Ahmad <[Ahmad.AlDajani@freshfields.com](mailto:Ahmad.AlDajani@freshfields.com)>; Jamie Aycock <[jamieaycock@yettercoleman.com](mailto:jamieaycock@yettercoleman.com)>; Bracewell, Mollie <[mbracewell@yettercoleman.com](mailto:mbracewell@yettercoleman.com)>; Ayla Syed <[asyed@yettercoleman.com](mailto:asyed@yettercoleman.com)>; Zorn, Matt <[mzorn@yettercoleman.com](mailto:mzorn@yettercoleman.com)>; Maradiaga, Karla <[kmaradiaga@yettercoleman.com](mailto:kmaradiaga@yettercoleman.com)>; Ades, Alex <[aades@yettercoleman.com](mailto:aades@yettercoleman.com)>; Daniel Bitton <[dbitton@axinn.com](mailto:dbitton@axinn.com)>; Bradley Justus <[bjustus@axinn.com](mailto:bjustus@axinn.com)>; [dpearl@axinn.com](mailto:dpearl@axinn.com); Ali Vissichelli <[avissichelli@axinn.com](mailto:avissichelli@axinn.com)>
**Subject:** RE: 30(b)(6) depositions of the States

Thanks, Kyle. I've just circulated an invite to you and Camila.

Thanks,
Jeanette

**From:** Kyle Bates <[kbates@hausfeld.com](mailto:kbates@hausfeld.com)>
**Sent:** Tuesday, May 7, 2024 12:00 PM
**To:** BAYOUMI, Jeanette <[Jeanette.Bayoumi@freshfields.com](mailto:Jeanette.Bayoumi@freshfields.com)>; Jonathan Wilkerson <[Jonathan.Wilkerson@LanierLawFirm.com](mailto:Jonathan.Wilkerson@LanierLawFirm.com)>; Elin Alm <[ealm@nd.gov](mailto:ealm@nd.gov)>; Marc B. Collier <[marc.collier@nortonrosefulbright.com](mailto:marc.collier@nortonrosefulbright.com)>; Zeke DeRose III <[Zeke.DeRose@LanierLawFirm.com](mailto:Zeke.DeRose@LanierLawFirm.com)>; Trevor Young <[Trevor.Young@oag.texas.gov](mailto:Trevor.Young@oag.texas.gov)>; Alex J. Brown <[Alex.Brown@LanierLawFirm.com](mailto:Alex.Brown@LanierLawFirm.com)>; Geraldine W. Young <[geraldine.young@nortonrosefulbright.com](mailto:geraldine.young@nortonrosefulbright.com)>; Noah Heinz <[Noah.Heinz@kellerpostman.com](mailto:Noah.Heinz@kellerpostman.com)>; Lauren Schultz <[lauren.schultz@kellerpostman.com](mailto:lauren.schultz@kellerpostman.com)>; Gabriel Culver <[gabriel.culver@nortonrosefulbright.com](mailto:gabriel.culver@nortonrosefulbright.com)>; Ryan D. Ellis <[Ryan.Ellis@LanierLawFirm.com](mailto:Ryan.Ellis@LanierLawFirm.com)>; Alex Henthorn <[Alex.Henthorn@LanierLawFirm.com](mailto:Alex.Henthorn@LanierLawFirm.com)>; Audrey Moore <[Audrey.Moore@LanierLawFirm.com](mailto:Audrey.Moore@LanierLawFirm.com)>; Courtney M. Walton <[Courtney.Walton@LanierLawFirm.com](mailto:Courtney.Walton@LanierLawFirm.com)>; James Hall <[james.hall@nortonrosefulbright.com](mailto:james.hall@nortonrosefulbright.com)>
**Cc:** ELMER, Julie (JSE) <[Julie.Elmer@freshfields.com](mailto:Julie.Elmer@freshfields.com)>; KLEIN, Gayle (GRK) <[Gayle.Klein@freshfields.com](mailto:Gayle.Klein@freshfields.com)>; SESSIONS, Justina (JKS) <[Justina.Sessions@freshfields.com](mailto:Justina.Sessions@freshfields.com)>; MCCALLUM, Robert <[rob.mccallum@freshfields.com](mailto:rob.mccallum@freshfields.com)>; KAPLIN, Lauren <[lauren.kaplin@freshfields.com](mailto:lauren.kaplin@freshfields.com)>; CURRAN, Elizabeth <[Elizabeth.Curran@freshfields.com](mailto:Elizabeth.Curran@freshfields.com)>; TU, Xiaoxi <[Xiaoxi.Tu@freshfields.com](mailto:Xiaoxi.Tu@freshfields.com)>; LEONARD, Claire <[Claire.Leonard@freshfields.com](mailto:Claire.Leonard@freshfields.com)>; ZHANG, Lijun <[Lijun.Zhang@freshfields.com](mailto:Lijun.Zhang@freshfields.com)>; AL DAJANI, Ahmad <[Ahmad.AlDajani@freshfields.com](mailto:Ahmad.AlDajani@freshfields.com)>; Jamie Aycock <[jamieaycock@yettercoleman.com](mailto:jamieaycock@yettercoleman.com)>; Bracewell, Mollie <[mbracewell@yettercoleman.com](mailto:mbracewell@yettercoleman.com)>; Ayla Syed <[asyed@yettercoleman.com](mailto:asyed@yettercoleman.com)>; Zorn, Matt <[mzorn@yettercoleman.com](mailto:mzorn@yettercoleman.com)>; Maradiaga, Karla <[kmaradiaga@yettercoleman.com](mailto:kmaradiaga@yettercoleman.com)>; Ades, Alex <[aades@yettercoleman.com](mailto:aades@yettercoleman.com)>; Daniel Bitton <[dbitton@axinn.com](mailto:dbitton@axinn.com)>; Bradley Justus <[bjustus@axinn.com](mailto:bjustus@axinn.com)>; [dpearl@axinn.com](mailto:dpearl@axinn.com); Ali Vissichelli <[avissichelli@axinn.com](mailto:avissichelli@axinn.com)>
**Subject:** Re: 30(b)(6) depositions of the States

Thanks Jeanette, you can just send it to me and my colleague Camila (who I've copied here) and I can forward to other plaintiffs' counsel as needed.

Best,
Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Tuesday, May 7, 2024 11:23:02 AM
**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com <dpearl@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States

Hi Kyle,

Please let me know who I should circulate the invite to from the Plaintiffs' side and we'll get it out shortly.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

---

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Monday, May 6, 2024 8:55 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz

<[lauren.schultz@kellerpostman.com](mailto:lauren.schultz@kellerpostman.com)>; Gabriel Culver <[gabriel.culver@nortonrosefulbright.com](mailto:gabriel.culver@nortonrosefulbright.com)>; Ryan D. Ellis <[Ryan.Ellis@LanierLawFirm.com](mailto:Ryan.Ellis@LanierLawFirm.com)>; Alex Henthorn <[Alex.Henthorn@LanierLawFirm.com](mailto:Alex.Henthorn@LanierLawFirm.com)>; Audrey Moore <[Audrey.Moore@LanierLawFirm.com](mailto:Audrey.Moore@LanierLawFirm.com)>; Courtney M. Walton <[Courtney.Walton@LanierLawFirm.com](mailto:Courtney.Walton@LanierLawFirm.com)>; James Hall <[james.hall@nortonrosefulbright.com](mailto:james.hall@nortonrosefulbright.com)>
**Cc:** ELMER, Julie (JSE) <[Julie.Elmer@freshfields.com](mailto:Julie.Elmer@freshfields.com)>; KLEIN, Gayle (GRK) <[Gayle.Klein@freshfields.com](mailto:Gayle.Klein@freshfields.com)>; SESSIONS, Justina (JKS) <[Justina.Sessions@freshfields.com](mailto:Justina.Sessions@freshfields.com)>; MCCALLUM, Robert <[rob.mccallum@freshfields.com](mailto:rob.mccallum@freshfields.com)>; KAPLIN, Lauren <[lauren.kaplin@freshfields.com](mailto:lauren.kaplin@freshfields.com)>; CURRAN, Elizabeth <[Elizabeth.Curran@freshfields.com](mailto:Elizabeth.Curran@freshfields.com)>; TU, Xiaoxi <[Xiaoxi.Tu@freshfields.com](mailto:Xiaoxi.Tu@freshfields.com)>; LEONARD, Claire <[Claire.Leonard@freshfields.com](mailto:Claire.Leonard@freshfields.com)>; ZHANG, Lijun <[Lijun.Zhang@freshfields.com](mailto:Lijun.Zhang@freshfields.com)>; AL DAJANI, Ahmad <[Ahmad.AlDajani@freshfields.com](mailto:Ahmad.AlDajani@freshfields.com)>; Jamie Aycock <[jamieaycock@yettercoleman.com](mailto:jamieaycock@yettercoleman.com)>; Bracewell, Mollie <[mbracewell@yettercoleman.com](mailto:mbracewell@yettercoleman.com)>; Ayla Syed <[asyed@yettercoleman.com](mailto:asyed@yettercoleman.com)>; Zorn, Matt <[mzorn@yettercoleman.com](mailto:mzorn@yettercoleman.com)>; Maradiaga, Karla <[kmaradiaga@yettercoleman.com](mailto:kmaradiaga@yettercoleman.com)>; Ades, Alex <[aades@yettercoleman.com](mailto:aades@yettercoleman.com)>; Daniel Bitton <[dbitton@axinn.com](mailto:dbitton@axinn.com)>; Bradley Justus <[bjustus@axinn.com](mailto:bjustus@axinn.com)>; [dpearl@axinn.com](mailto:dpearl@axinn.com); Ali Vissichelli <[avissichelli@axinn.com](mailto:avissichelli@axinn.com)>
**Subject:** Re: 30(b)(6) depositions of the States

Hi Jeanette,

Let's plan to speak Wednesday at 4:30.

Best,
Kyle

---

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** BAYOUMI, Jeanette <[Jeanette.Bayoumi@freshfields.com](mailto:Jeanette.Bayoumi@freshfields.com)>
**Sent:** Monday, May 6, 2024 6:59:05 PM
**To:** Kyle Bates <[kbates@hausfeld.com](mailto:kbates@hausfeld.com)>; Jonathan Wilkerson <[Jonathan.Wilkerson@LanierLawFirm.com](mailto:Jonathan.Wilkerson@LanierLawFirm.com)>; Elin Alm <[ealm@nd.gov](mailto:ealm@nd.gov)>; Marc B. Collier <[marc.collier@nortonrosefulbright.com](mailto:marc.collier@nortonrosefulbright.com)>; Zeke DeRose III <[Zeke.DeRose@LanierLawFirm.com](mailto:Zeke.DeRose@LanierLawFirm.com)>; Trevor Young <[Trevor.Young@oag.texas.gov](mailto:Trevor.Young@oag.texas.gov)>; Alex J. Brown <[Alex.Brown@LanierLawFirm.com](mailto:Alex.Brown@LanierLawFirm.com)>; Geraldine W. Young <[geraldine.young@nortonrosefulbright.com](mailto:geraldine.young@nortonrosefulbright.com)>; Noah Heinz <[Noah.Heinz@kellerpostman.com](mailto:Noah.Heinz@kellerpostman.com)>; Lauren Schultz <[lauren.schultz@kellerpostman.com](mailto:lauren.schultz@kellerpostman.com)>; Gabriel Culver <[gabriel.culver@nortonrosefulbright.com](mailto:gabriel.culver@nortonrosefulbright.com)>; Ryan D. Ellis <[Ryan.Ellis@LanierLawFirm.com](mailto:Ryan.Ellis@LanierLawFirm.com)>; Alex Henthorn <[Alex.Henthorn@LanierLawFirm.com](mailto:Alex.Henthorn@LanierLawFirm.com)>; Audrey Moore <[Audrey.Moore@LanierLawFirm.com](mailto:Audrey.Moore@LanierLawFirm.com)>; Courtney M. Walton <[Courtney.Walton@LanierLawFirm.com](mailto:Courtney.Walton@LanierLawFirm.com)>; James Hall <[james.hall@nortonrosefulbright.com](mailto:james.hall@nortonrosefulbright.com)>
**Cc:** ELMER, Julie (JSE) <[Julie.Elmer@freshfields.com](mailto:Julie.Elmer@freshfields.com)>; KLEIN, Gayle (GRK) <[Gayle.Klein@freshfields.com](mailto:Gayle.Klein@freshfields.com)>; SESSIONS, Justina (JKS) <[Justina.Sessions@freshfields.com](mailto:Justina.Sessions@freshfields.com)>; MCCALLUM, Robert <[rob.mccallum@freshfields.com](mailto:rob.mccallum@freshfields.com)>; KAPLIN, Lauren

<lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com <dpearl@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: 30(b)(6) depositions of the States

Hi Kyle,

We can speak tomorrow between 10:30am – 12pm ET. We're also available on Wednesday between 2-230pm or 430-530pm ET. Let us know if any of those times work.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

---

**From:** Kyle Bates <kbates@hausfeld.com>
**Sent:** Monday, May 6, 2024 8:00 AM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** Re: 30(b)(6) depositions of the States

Jeanette,

We are not available to discuss today. Please let us know some times tomorrow or Wednesday that work for you all.

Best,

Kyle

**KYLE BATES**
Partner
kbates@hausfeld.com
+1 415-744-1966 direct

# HAUSFELD

33 Whitehall Street
14th Floor
New York, NY 10004
+1 646 357 1100

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

---

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Friday, May 3, 2024 10:36:07 PM
**To:** Kyle Bates <kbates@hausfeld.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Elin Alm <ealm@nd.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Noah Heinz <Noah.Heinz@kellerpostman.com>; Lauren Schultz <lauren.schultz@kellerpostman.com>; Gabriel Culver <gabriel.culver@nortonrosefulbright.com>; Ryan D. Ellis <Ryan.Ellis@LanierLawFirm.com>; Alex Henthorn <Alex.Henthorn@LanierLawFirm.com>; Audrey Moore <Audrey.Moore@LanierLawFirm.com>; Courtney M. Walton <Courtney.Walton@LanierLawFirm.com>; James Hall <james.hall@nortonrosefulbright.com>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; KLEIN, Gayle (GRK) <Gayle.Klein@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; CURRAN, Elizabeth <Elizabeth.Curran@freshfields.com>; TU, Xiaoxi <Xiaoxi.Tu@freshfields.com>; LEONARD, Claire <Claire.Leonard@freshfields.com>; ZHANG, Lijun <Lijun.Zhang@freshfields.com>; AL DAJANI, Ahmad <Ahmad.AlDajani@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Ayla Syed <asyed@yettercoleman.com>; Zorn, Matt <mzorn@yettercoleman.com>; Maradiaga, Karla <kmaradiaga@yettercoleman.com>; Ades, Alex <aades@yettercoleman.com>; Daniel Bitton <dbitton@axinn.com>; Bradley Justus <bjustus@axinn.com>; dpearl@axinn.com <dpearl@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** 30(b)(6) depositions of the States

Counsel:

I write regarding inadequate responses and discovery deficiencies revealed during the April 25, 2024 deposition of Indiana's 30(b)(6) representative, during the May 1, 2024 deposition of Puerto Rico's Rule 30(b)(6) representative, and during the May 3, 2024 deposition of Louisiana's 30(b)(6) representative. All of these State Plaintiffs and their corresponding 30(b)(6) representatives were designated to testify on Topic No. 1, "Your retention, preservation, collection, review, and production of documents and data related to the Investigation and this Action, including in response to Google's discovery requests in this Action." *See* Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

*Indiana.* At the deposition of Indiana's 30(b)(6) representative, Steven Taterka, the deputy director of the Consumer Protection Division of the Office of the Indiana Attorney General, Google's counsel asked whether a document preservation notice was ever implemented in connection with this matter by Indiana. Mr. Taterka testified that "[he did] not know that anything was done to suggest a hold" was issued by the Consumer Protection Division. Indiana Dep. Tr. at

11

103:19-20 (Apr. 25, 2024).  Please now confirm whether and when Indiana implemented a document hold in connection with this case.

**Puerto Rico.** During Puerto Rico's Rule 30(b)(6) deposition, the designated representative, Guarionex Diaz Martinez, the Deputy Secretary to the Attorney General in charge of the Antitrust Division, testified that Puerto Rico failed to implement a document hold notice to preserve documents relevant to this matter.  Puerto Rico Dep. Tr. at 25:11-15 (May 1, 2024) ("Q. Did Puerto Rico institute a document-hold notice related to this litigation?  A. No. Q.  Why not?  A.  We just didn't.").  We ask that Puerto Rico now confirm in writing details of its policies and practices regarding the issuance of document holds.

Additionally, Mr. Diaz confirmed that Puerto Rico did not run any specific search terms and was unable to explain how searches were otherwise run. *Id.* at 109:13-15 ("But no like search terms were run that I think of.  I'm not aware of, for example, like the IT department, how they searched or not.  But I'm not aware that they ran search terms or that it was requested from Google."); *see also id.* at 109:23-110:1 ("Q.  So you didn't instruct them to run any search terms? A. I didn't instruct them how to do the search, no.").  Moreover, Mr. Diaz confirmed that he did not direct any other division within the Department of Justice, other than the antitrust division, to conduct a document search. *See id.* at 109:11-110:1.  Nor did he meet with any other agency beyond the Department of Justice to request a search for documents. *See id.* at 26:9-21. We would like to meet and confer with you on Monday regarding these deficiencies.  Please let us know your availability.

**Louisiana.**  Patrick Voelker, Louisiana's 30(b)(6) witness and the Assistant Attorney General of the Louisiana Department of Justice, testified that Louisiana did not implement a document hold notice to preserve documents related to this matter. *See* Louisiana Rough Dep. Tr. at 35: 19-21 ("Q. Did Louisiana institute a document hold notice related to the litigation? A. Not that I'm aware of."); *see also id.* at 36:12-14 ("Q. And when you came on as an attorney, did you implement a document hold? A. I did not."). We ask that Louisiana confirm in writing details of its policies and practices regarding the issuance of document holds.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it

for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

# EXHIBIT 9

Page 24

1               MS. KLEIN:  You're not allowed to
2          make an objection that calls for
3          speculation.  It is an objection to the
4          form of the question.
5               MR. BATES:  Okay.
6               MR. BROWN:  While we're pausing, can
7          we agree that one objection works for all
8          parties on the plaintiff's side?
9               MS. KLEIN:  Sure.
10              VIDEOGRAPHER:  Going off the record.
11         The time is 10:34 a.m.  Off the record.
12              (Brief recess due to technology
13              difficulties.)
14              VIDEOGRAPHER:  It is 10:48 a.m., on
15         the record.
16    BY MS. BAYOUMI:
17         Q.   So before we took our break, you
18    testified that the Department of Justice hasn't
19    produced any documents concerning complaints
20    that Puerto Rico has received concerning
21    Google's advertising technology and display
22    advertising.
23              And you also testified that you
24    don't know if there are any other agencies that
25    might have complaints; is that right?

Page 25

1          A.    That is correct.

2          Q.    Puerto Rico being a plaintiff in

3     this case is under an obligation to search for

4     responsive documents; is that right?

5                MR. BATES:   Object to form.

6                THE WITNESS:   That's right.

7     BY MS. BAYOUMI:

8          Q.    And has Puerto Rico searched for

9     responsive documents, including complaints with

10    other agencies?

11         A.    We did according to what was

12    requested within the Department of Justice,

13    conducting substantial searches to comply with

14    the broad request -- discovery request that

15    Google made.

16         Q.    And according to that investigation,

17    the Commonwealth of Puerto Rico has not received

18    any complaints that -- concerning Google's

19    advertising technology or display advertising;

20    is that right?

21         A.    I can speak to the knowledge of the

22    Department of Justice.  The Department of

23    Justice has no knowledge of complaints in that

24    regard.

25         Q.    And that knowledge comes from

Page 26

1    conducting investigations with other state

2    agencies; is that correct?

3           A.    Within the Department of Justice.

4    The investigations within the Department of

5    Justice.

6           Q.    How come the Department of Justice

7    didn't ask other state agencies to search for

8    documents responsive to Google's --

9                 MR. BATES:   Objection.   You can

10               answer that question, to the extent you

11               can do so without revealing attorney work

12               product.

13                THE WITNESS:   Yeah, I don't think I

14               can answer that without sharing mental

15               impressions and attorney work product.

16   BY MS. BAYOUMI:

17          Q.    Did the Department of Justice speak

18   to other state agencies to search for documents

19   responsive to Google's request for production?

20          A.    I don't think I can answer that

21   without mental impressions and attorney work

22   product.

23          Q.    So is it your position today, then,

24   that any conversation you had with a state

25   agency is covered by the attorney-client work

Page 27

1      privilege -- attorney-client privilege?

2                     MR. BATES:  Objection to form.

3                     THE WITNESS:  To the extent it was

4           part of the work done by attorneys, yes.

5      BY MS. BAYOUMI:

6           Q.    Okay.  And as you sit here today, is

7      the Puerto Rico Department of Justice unaware of

8      any complaints about Google's advertising

9      technology or display advertising?

10          A.    As of today, the Department of

11     Justice is not aware.

12          Q.    What actions did Puerto Rico take to

13     comply with its discovery obligations in this

14     case?

15          A.    Again, different meetings with

16     corresponding personnel in the Department of

17     Justice.  We conducted searches and meetings

18     with attorneys.

19          Q.    Did Puerto Rico institute a

20     document-hold notice related to this litigation?

21          A.    No.

22          Q.    Why not?

23          A.    We just didn't.

24          Q.    So it's possible that there are some

25     documents that could have been deleted that were

Page 28

1     relevant to this litigation?

2              A.    No, it's not possible.  I'm not

3      aware of any of that.

4              Q.    Why is it not possible?

5              A.    There's no -- any allegation or

6      anything that is indicative that any document

7      was destroyed.

8              Q.    When did Puerto Rico join this

9      litigation?

10             A.    It was in 2021.

11             Q.    So when Puerto Rico joined this

12     litigation in 2021, it did not institute a

13     document-hold notice related to the litigation;

14     is that correct?

15             A.    I responded to that.

16                   (Reporter requests clarification.)

17                   THE WITNESS:  I responded to that,

18          yes.

19     BY MS. BAYOUMI:

20             Q.    What did Puerto Rico do to search

21     for documents responsive to Google's request for

22     production?

23             A.    Again, we met with the corresponding

24     personnel and -- and we searched files and --

25     and the personnel in charge of those files.

```
                                            Page 29

 1            Q.   And which departments were those

 2      personnel part of?

 3            A.   Of course, our division, being the

 4      antitrust division.

 5                 The head of information technology,

 6      IT.

 7                 The head of the administrator of

 8      records, Department of Justice.

 9                 And our direct supervisor.

10            Q.   And when did Puerto Rico initiate

11      its search for responsive documents?

12            A.   I don't remember the exact date.

13            Q.   Do you have a general estimate?

14            A.   I would assume -- I mean, I would

15      assume as soon as our attorney, but, yeah,

16      can -- requested that from us, but I can't share

17      it with them.

18            Q.   Was it a year ago? a month ago? a

19      week ago?

20            A.   Probably a little more than a year

21      ago.

22            Q.   Okay.  When did Puerto Rico first

23      learn that it had responsive documents?

24            A.   When we actually produced them.  It

25      was in preparation for this deposition.
```

```
                                                    Page 30

 1                   A few days before they were actually

 2         produced, we immediately started the process to

 3         send those documents to Google.

 4              Q.   And how did Puerto Rico discover

 5         that it had those responsive documents?

 6              A.   During preparation, while we were

 7         preparing for the deposition, that's how we

 8         found out.

 9              Q.   And how?

10              A.   Well, we met with different

11         personnel.  And during that preparation, I think

12         the press director suggested that that was

13         possible.

14                   So we went further and talked with

15         the divisions that she mentioned.  And it

16         resulted that there was a possibility that those

17         two campaigns might have used the ads.

18                   So we did everything in our reach to

19         review and produce those documents as soon as we

20         could.

21              Q.   And why wasn't that discovered

22         sooner?

23              A.   I actually don't know.  I actually

24         don't know.  It should have.

25              Q.   And did Puerto Rico investigate
```

Page 121

1      BY MS. BAYOUMI:

2            Q.   Do you recall any other search

3      terms?

4            A.   I'm not sure.  Terms that would come

5      to mind, I can't guarantee that that was what

6      was said back then.

7            Q.   Were the search terms transmitted

8      orally or were they written, for example, in an

9      email?

10           A.   Orally.

11           Q.   Just orally?

12           A.   Yes.

13           Q.   Do you recall how many search terms

14     you asked to run?

15           A.   No, I don't recall how many.

16           Q.   A general estimate?

17           A.   I don't remember.

18           Q.   Was it greater than ten?

19           A.   Might have.  Might have.  I think it

20     was greater than ten.

21           Q.   Was it greater than 20?

22           A.   I really don't remember.  I don't

23     know.  I can't say without speculating and the

24     risk of providing information that is not true,

25     so I don't remember.

Page 122

1      Q.   Okay.  And then in terms of the

2    documents that were collected from the other

3    divisions, do you know whether search terms were

4    run to collect those documents?

5      A.   I think I answered that already.  I

6    don't know how they did perform their searches.

7      Q.   You testified a bit about the

8    different ad campaigns that the Department of

9    Justice ran, specifically the digital ad

10   campaigns.  But you were not involved in those

11   as campaigns; is that right?

12     A.   Repeat that.  I'm sorry, I just got

13   distracted.

14     Q.   So you testified about the various

15   digital ad campaigns that the Puerto Rico

16   Department of Justice ran.  But you were not

17   involved in those.

18     A.   That is correct.

19     Q.   How did you prepare yourself to

20   testify about those ad campaigns?

21     A.   I met with the people that were

22   involved and I also reviewed the documents that

23   those people shared with me and later produced

24   to you.

25     Q.   Regarding Exhibit 5, if you want to

Page 123

1          just go to that document quickly.

2                    You testified that you didn't know

3          which ad campaign that relates to.  Do you

4          agree, though, that Exhibit 5 is a business

5          record of the Puerto Rico Department of Justice?

6               A.   Yes.

7               Q.   And who would know which campaign

8          that relates to?

9               A.   Whoever received the whole

10         production that was made, if this wasn't

11         correct, would know that this belongs to that

12         campaign.

13                   But the point is that if you

14         remember there was a lot of similar documents.

15         And from that two or three campaigns that we

16         have talked about.  And in this document I don't

17         see anything -- I mean if you can point me where

18         something that my -- give me some light about

19         which one this plan belongs to.

20                   But I guess you can agree that

21         nothing in this document gives me any lead to

22         what of the campaigns it belongs.

23                   There are other documents -- like a

24         contract might do; the number, the name of the

25         contract -- for example, this one as you can

Page 115

1      within that production.

2          Q.   But the Department of Justice did

3      have email communication with P2P; is that

4      right?

5          A.   I would guess they did.

6          Q.   And who would have emailed P2P?

7          A.   I mean either the divisions that

8      actually perform the campaign.  I don't really

9      know the principal way of communication with

10     P2P.

11          Yeah, I'm not aware of what was the

12     way of communication.  I know there was

13     communication.

14          Q.   Did you ever have any direct

15     contact, you as Mr. Diaz, have any direct

16     contact with P2P?

17          A.   I didn't.

18          Q.   So you said it would have been

19     within those divisions.  Do you know who within

20     those divisions would have had direct contact

21     with P2P?

22          A.   I would say the head of each

23     division, probably a person from that division.

24          Q.   Would that have been Thaizza

25     Rodríguez?

Page 116

1          A.   No.  That would it be Frank Totti

2    and Sheila Miranda.

3               So I would say that Leyda Ortiz

4    would also have communications from the registry

5    and probably Beleant, too.

6          Q.   And would those have been email

7    communications?

8          A.   I don't know.  I don't know what

9    kind of communications.

10         Q.   Did you ask any of these individuals

11   whether they had email communications with P2P?

12         A.   I asked for the entire file and

13   that's what they provided.  And now those files,

14   they confirmed that it was all of the documents

15   related to that campaign.

16              So mine should have included the

17   communications if there were email

18   communications.

19         Q.   But did you specify that they search

20   for email communications with P2P?

21         A.   I might have.  But I'm sure I

22   requested all of the documents related to those

23   campaigns.

24         Q.   And did your attorneys run a keyword

25   search on Puerto Rico's IT system?

Page 117

1          A.    What do you mean?

2          Q.    A keyword search to pull documents

3     responsive to Google's request for production?

4          A.    Do you mean like search terms?

5          Q.    Yes.

6          A.    Within my office, with my assistant

7     did, to see if there was something within the

8     Antitrust Division.  But no like search terms

9     were run that I think of.  I'm not aware of, for

10    example, like the IT department, the way

11    searched or not.

12                But I'm not aware that they ran

13    search terms or that it was requested from

14    Google.

15         Q.    Were search terms run over the

16    divisions that work with P2P?

17         A.    I'm not aware of what they did to

18    collect the documents that they provided.

19                I'm aware that we requested all the

20    documents that they had available.

21         Q.    So you didn't instruct them to run

22    any search terms?

23         A.    I didn't instruct them how to do the

24    search, no.

25         Q.    In terms of the search terms that

Page 118

1    you ran for your office, do you recall any of

2    those search terms?

3         A.   I don't think I can share that

4    information without sharing privileged

5    information right now.  But I remember asking my

6    assistant to see if there was something related

7    to -- in the office.

8         Q.   Your testimony is that revealing the

9    search terms you used would be privileged; is

10   that right?

11        A.   Even the fact that you already know

12   that there was nothing.  And I told you the

13   terms, you might know, you know, what we

14   searched for and what we had.

15        Q.   I don't believe that's privileged

16   information.  So we might follow up and request

17   it.

18        A.   Can you repeat the question?

19        Q.   Can you give examples of the search

20   terms that were run?

21             MR. BATES:  I'll object and instruct

22             the witness not to answer.  He's told you

23             it is privileged.

24             MS. KLEIN:  You are taking the

25             position that the search terms that were

Page 119

1          run were to produce documents when no

2          documents were produced are privileged?

3              Document preservation is not

4          privileged.  Document production is not

5          privileged.

6              THE WITNESS:  I do remember -- can

7          I proceed?

8              MS. KLEIN:  The topic of the

9          examination today that the witness was

10         prepared to testify about, that was not

11         objected to.

12             MR. BATES:  I think we did make

13         responsive objections to that topic and

14         we said we'd talked about non-privileged

15         information.

16             MS. KLEIN:  Search terms aren't

17         privileged.

18   BY MS. BAYOUMI:

19         Q.   So Topic 1 was your "Retention,

20   preservation, collection, review and production

21   of documents and data related to the

22   investigation in this action, including in

23   response to Google's discovery requests in this

24   action."

25             And Puerto Rico's response said that

Page 120

1      "Puerto Rico will present the witness to provide

2      general testimony on non-privileged information

3      regarding the DOJ search for documents and data

4      related to the investigation and this action."

5                  MR. BATES:  I think it is discovery

6            on discovery.  I think you are allowed to

7            ask him about the documents that he

8            collected and the process he used.

9            I don't think that you are entitled

10           to inquire about what search terms he

11           used to arrive at that conclusion.

12                 MS. KLEIN:  Are you instructing the

13           witness not to tell what search terms he

14           used?

15                 THE WITNESS:  I do remember one

16           term, can I share it?

17                 MR. BATES:  Sure.

18                 THE WITNESS:  "Google" was one

19           search term that we used.  I asked my

20           assistant to please run in your computer

21           and everything that we have about Google.

22           And we didn't find anything responsive.

23           That was one term.  I don't remember all

24           of the search terms, but for example that

25           was one.

Page 121

1    BY MS. BAYOUMI:

2           Q.   Do you recall any other search

3    terms?

4           A.   I'm not sure.  Terms that would come

5    to mind, I can't guarantee that that was what

6    was said back then.

7           Q.   Were the search terms transmitted

8    orally or were they written, for example, in an

9    email?

10          A.   Orally.

11          Q.   Just orally?

12          A.   Yes.

13          Q.   Do you recall how many search terms

14   you asked to run?

15          A.   No, I don't recall how many.

16          Q.   A general estimate?

17          A.   I don't remember.

18          Q.   Was it greater than ten?

19          A.   Might have.  Might have.  I think it

20   was greater than ten.

21          Q.   Was it greater than 20?

22          A.   I really don't remember.  I don't

23   know.  I can't say without speculating and the

24   risk of providing information that is not true,

25   so I don't remember.

Page 29

1          Q.   And which departments were those
2     personnel part of?
3          A.   Of course, our division, being the
4     antitrust division.
5               The head of information technology,
6     IT.
7               The head of the administrator of
8     records, Department of Justice.
9               And our direct supervisor.
10         Q.   And when did Puerto Rico initiate
11    its search for responsive documents?
12         A.   I don't remember the exact date.
13         Q.   Do you have a general estimate?
14         A.   I would assume -- I mean, I would
15    assume as soon as our attorney, but, yeah,
16    can -- requested that from us, but I can't share
17    it with them.
18         Q.   Was it a year ago? a month ago? a
19    week ago?
20         A.   Probably a little more than a year
21    ago.
22         Q.   Okay.  When did Puerto Rico first
23    learn that it had responsive documents?
24         A.   When we actually produced them.  It
25    was in preparation for this deposition.

Page 30

1              A few days before they were actually
2       produced, we immediately started the process to
3       send those documents to Google.
4              Q.   And how did Puerto Rico discover
5       that it had those responsive documents?
6              A.   During preparation, while we were
7       preparing for the deposition, that's how we
8       found out.
9              Q.   And how?
10             A.   Well, we met with different
11      personnel.  And during that preparation, I think
12      the press director suggested that that was
13      possible.
14              So we went further and talked with
15      the divisions that she mentioned.  And it
16      resulted that there was a possibility that those
17      two campaigns might have used the ads.
18              So we did everything in our reach to
19      review and produce those documents as soon as we
20      could.
21             Q.   And why wasn't that discovered
22      sooner?
23             A.   I actually don't know.  I actually
24      don't know.  It should have.
25             Q.   And did Puerto Rico investigate

Page 31

```
1      whether any offices within the Attorney
2      General's office used digital advertising?
3           A.   Yes.  We -- we spoke on that with
4      the people that we understood would have that
5      knowledge and it was that way that we found out
6      that those two divisions actually had some
7      documents, yes.
8           Q.   And when did you speak with those
9      individuals?
10          A.   A few days before the documents were
11     produced.
12          Q.   Had you talked to them previously as
13     well?
14          A.   Not to them.  Those -- those
15     divisions are not divisions that will routinely
16     do that type of -- of campaign; that was
17     exceptional.  So we didn't understand at the
18     time that that was necessary.
19          Q.   So your testimony today is that last
20     week was the first time that you spoke with the
21     press director and first learned of the two
22     digital advertising campaigns that resulted in
23     the production that was made last Friday; is
24     that right?
25          A.   Yes.  I will have that -- that my
```

Page 30

```
 1                  A few days before they were actually

 2        produced, we immediately started the process to

 3        send those documents to Google.

 4              Q.    And how did Puerto Rico discover

 5        that it had those responsive documents?

 6              A.    During preparation, while we were

 7        preparing for the deposition, that's how we

 8        found out.

 9              Q.    And how?

10              A.    Well, we met with different

11        personnel.  And during that preparation, I think

12        the press director suggested that that was

13        possible.

14                  So we went further and talked with

15        the divisions that she mentioned.  And it

16        resulted that there was a possibility that those

17        two campaigns might have used the ads.

18                  So we did everything in our reach to

19        review and produce those documents as soon as we

20        could.

21              Q.    And why wasn't that discovered

22        sooner?

23              A.    I actually don't know.  I actually

24        don't know.  It should have.

25              Q.    And did Puerto Rico investigate
```

Page 31

1    whether any offices within the Attorney

2    General's office used digital advertising?

3         A.   Yes.  We -- we spoke on that with

4    the people that we understood would have that

5    knowledge and it was that way that we found out

6    that those two divisions actually had some

7    documents, yes.

8         Q.   And when did you speak with those

9    individuals?

10        A.   A few days before the documents were

11   produced.

12        Q.   Had you talked to them previously as

13   well?

14        A.   Not to them.  Those -- those

15   divisions are not divisions that will routinely

16   do that type of -- of campaign; that was

17   exceptional.  So we didn't understand at the

18   time that that was necessary.

19        Q.   So your testimony today is that last

20   week was the first time that you spoke with the

21   press director and first learned of the two

22   digital advertising campaigns that resulted in

23   the production that was made last Friday; is

24   that right?

25        A.   Yes.  I will have that -- that my

Page 32

1    recollection, that's what I can share.  I worked

2    with the press director on different matters and

3    I'm not quite sure -- I mean I'm confused on

4    that.  I believe I did talk with her before, but

5    I can't ascertain that.

6              But with the two divisions, yes, it

7    was the first time.

8         Q.   And are those two divisions the only

9    divisions within the Puerto Rico Department of

10   Justice that had used digital advertising?

11        A.   That's what we understand, yes.

12             MS. BAYOUMI:  I'm going to introduce

13             the next exhibit.  It should be, I think,

14             Exhibit 4.

15                  (Defendant's Exhibit 4 was marked

16                  for identification.)

17             MS. BAYOUMI:  And these are the

18             Plaintiff States' Sixth Amended Responses

19             and Objections to Google, LLC's First Set

20             of Interrogatories.

21   BY MS. BAYOUMI:

22        Q.   Mr. Díaz, do you recognize this

23   document?

24                  (Document reviewed by witness.)

25             THE WITNESS:  Yes.

Page 113

1          Q.   Were all of the documents that were
2     collected produced?
3          A.   Yes.
4          Q.   But there were no documents that
5     were held back?
6          A.   Actually we sometimes didn't know if
7     some of them could not be related to the type of
8     tools and allegations, so we decided to produced
9     all of them.
10          Q.   And in searching and collecting for
11     these documents, did you go back and ask any
12     other potential custodian whether they had any
13     other documents related to this case?
14          A.   We did during preparation for the
15     deposition, yeah.
16          Q.   Did they have any other documents
17     related?
18          A.   Didn't find anything else.
19          Q.   Is it possible that there are more
20     documents that Puerto Rico hasn't produced that
21     are responsive to Google's request for
22     production?
23          A.   I don't think so.  Not that I'm
24     aware of.
25          Q.   In looking at the production that

Page 114

1    was made, you didn't come across any emails with

2    your advertising agency.

3                  Did you search for emails?

4          A.   Yes, we did search, yeah.

5          Q.   But you didn't produce those emails?

6          A.   I mean I thought there was emails --

7    I mean if there are no emails because we didn't

8    find any responsive documents within those

9    emails.

10         Q.   But you did find some emails with

11   the ad agency P2P?

12         A.   I thought that was within

13   production that we may have included emails,

14   some documents that I saw looked like emails to

15   me.

16                  I am not quite sure if you're saying

17   that there's no emails there.  I am not quite

18   sure.

19         Q.   Yeah, I mean could you point us to

20   any specific emails that you recall were

21   produced?

22         A.   I might have confused a document as

23   an email and it wasn't -- so, I would have to

24   see the whole production to point.  But I mean

25   -- I might be mistaken and there wasn't an email

Page 115

1    within that production.

2          Q.   But the Department of Justice did

3    have email communication with P2P; is that

4    right?

5          A.   I would guess they did.

6          Q.   And who would have emailed P2P?

7          A.   I mean either the divisions that

8    actually perform the campaign.  I don't really

9    know the principal way of communication with

10   P2P.

11              Yeah, I'm not aware of what was the

12   way of communication.  I know there was

13   communication.

14         Q.   Did you ever have any direct

15   contact, you as Mr. Diaz, have any direct

16   contact with P2P?

17         A.   I didn't.

18         Q.   So you said it would have been

19   within those divisions.  Do you know who within

20   those divisions would have had direct contact

21   with P2P?

22         A.   I would say the head of each

23   division, probably a person from that division.

24         Q.   Would that have been Thaizza

25   Rodríguez?

Page 116

1          A.   No.  That would it be Frank Totti

2     and Sheila Miranda.

3               So I would say that Leyda Ortiz

4     would also have communications from the registry

5     and probably Beleant, too.

6          Q.   And would those have been email

7     communications?

8          A.   I don't know.  I don't know what

9     kind of communications.

10         Q.   Did you ask any of these individuals

11    whether they had email communications with P2P?

12         A.   I asked for the entire file and

13    that's what they provided.  And now those files,

14    they confirmed that it was all of the documents

15    related to that campaign.

16              So mine should have included the

17    communications if there were email

18    communications.

19         Q.   But did you specify that they search

20    for email communications with P2P?

21         A.   I might have.  But I'm sure I

22    requested all of the documents related to those

23    campaigns.

24         Q.   And did your attorneys run a keyword

25    search on Puerto Rico's IT system?

Page 117

1          A.    What do you mean?

2          Q.    A keyword search to pull documents

3    responsive to Google's request for production?

4          A.    Do you mean like search terms?

5          Q.    Yes.

6          A.    Within my office, with my assistant

7    did, to see if there was something within the

8    Antitrust Division.  But no like search terms

9    were run that I think of.  I'm not aware of, for

10   example, like the IT department, the way

11   searched or not.

12               But I'm not aware that they ran

13   search terms or that it was requested from

14   Google.

15         Q.    Were search terms run over the

16   divisions that work with P2P?

17         A.    I'm not aware of what they did to

18   collect the documents that they provided.

19               I'm aware that we requested all the

20   documents that they had available.

21         Q.    So you didn't instruct them to run

22   any search terms?

23         A.    I didn't instruct them how to do the

24   search, no.

25         Q.    In terms of the search terms that