IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 4:20-CV-957-SDJ |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

In connection with its pending Rule 12(b)(1) motion based on the states' lack of standing, Google respectfully provides notice to the Court of a relevant new Fifth Circuit decision, *Paxton v. Dettelbach*, No. 23-10802 (5th Cir. June 21, 2024) (Ex. A). In *Dettelbach*, the Circuit rejected Texas's asserted standing because Texas did not establish "a valid quasi-sovereign interest" that "implicate[s] the State's *own* interests in addition to and 'apart from the interests of particular private parties.'" Slip. Op. at 11 (cite omitted) (court's emph.).

The case involves a new state statute providing that silencers, also known as firearm suppressors, made and remaining in Texas are not subject to certain tax, registration, and other federal regulations. The State and three individuals sued to enjoin application of federal regulations. The district court dismissed the case on summary judgment, finding that none of the plaintiffs had standing. On *de novo* review, the Fifth Circuit affirmed. As for Texas, the court rejected the state's two bases for standing: its "quasi-sovereign interests in its citizens' health and well-being" and "its sovereign interest in the power to create and enforce a legal code." *Id.* at 10.

The court contrasted Texas's interest with Puerto Rico's interest in *Alfred L. Snapp & Son, Inc. v. Puerto Rich ex rel. Barez*, 458 U.S. 592 (1982), and Louisiana's interest in *Harrison v. Jefferson Parish School Bd.*, 78 F.4th 765 (5th Cir. 2023). In *Snapp*, Puerto Rico "had *parens*

1

*patriae* standing on an economic-wellbeing basis" because the alleged conduct "implicated the economic interests of Puerto Rico itself beyond the interests of the specific individuals who lost job opportunities." Slip Op. at 11. In *Harrison*, the state had no *parens patriae* standing because its interest was "wholly derivative of the interests of the individual students, who were perfectly capable of suing the school board themselves." Slip. Op. at 11 (cleaned up). Louisiana did not claim "injury to its citizens['] health or economic well-being *in a way that also implicates its own interests*." *Id.* (cite omitted) (court's emph.).

Applying those precedents in *Dettelbach*, the Fifth Circuit held that Texas had no standing. It did not assert a valid quasi-sovereign interest independent from that of its citizens. "Texas may not merely litigate as a volunteer the personal claims of its citizens." Slip Op. at 12 (quoting the district court). The court also held that the state statute in issue "reflects no exercise of Texas's sovereign power and provides no standing for Texas." Slip Op. at 14.

Without argument or further discussion, Google respectfully alerts the Court to this June 21, 2024 decision for its consideration in deciding the pending Rule 12(b)(1) motion.

Dated: June 24, 2024                    Respectfully submitted,

                                                                */s/ R. Paul Yetter*
                                                                R. Paul Yetter
                                                                State Bar No. 22154200
                                                                YETTER COLEMAN LLP
                                                                811 Main Street, Suite 4100
                                                                Houston, Texas 77002
                                                                (713) 632-8000
                                                                pyetter@yettercoleman.com

                                                                Eric Mahr (*pro hac vice*)
                                                                FRESHFIELDS BRUCKHAUS DERINGER US LLP
                                                                700 13th Street NW, 10th Floor
                                                                Washington, D.C. 20005
                                                                (202) 777-4500
                                                                eric.mahr@freshfields.com

                                                                ATTORNEYS FOR DEFENDANT GOOGLE LLC

## Certificate of Service

I certify that, on June 24, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                                                                 */s/ R. Paul Yetter*
                                                                  R. Paul Yetter