IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § § § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § § § | |
| GOOGLE LLC | § | |

# ORDER OF SPECIAL MASTER FROM JUNE 25 DISCOVERY HEARING (DKT. #528)

By Order of the Court dated January 26, 2024 (Dkt. #213) the undersigned was appointed Special Master to address discovery issues and disputes between Plaintiff States ("States") and Defendant Google LLC ("Google").

On June 18, 2024, Google filed its Submission to the Special Master Regarding Puerto Rico's Discovery Deficiencies (Dkt. #528). In the Submission, Google sought an order that Puerto Rico produce all responsive documents in this case by June 25, 2024. (Dkt. #528-1 at 1). On June 20, 2024, the Special Master ordered Puerto Rico to file a response by June 21, 2024—which Puerto Rico submitted via email to the Special Master (Ex. 1)—and further set a hearing on the issue for June 25, 2024. (Dkt. #530). The Special Master conducted a remote hearing on the ordered date (the "June 25 Hearing").

Having fully considered the submissions and arguments of counsel for Puerto Rico and Google, and for the reasons stated herein, the Special Master **GRANTS-AS-MODIFIED** Google's request. The Special Master **ORDERS** that Puerto Rico shall produce all responsive, non-privileged documents, on a rolling basis beginning no

later than July 3, 2024 and continuing until the completion of its production on July 12, 2024.

1. ANALYSIS

Google argues that Puerto Rico's document collection and production efforts have been inadequate. Google notes that Puerto Rico repeatedly insisted it had no responsive documents, but then changed its position and produced a set of documents on April 26, 2024—days before Puerto Rico's Rule 30(b)(6) deposition on May 1. (Dkt. #528-1 at 1). Google further argues that Puerto Rico's Rule 30(b)(6) deposition revealed the inadequacy of Puerto Rico's document collection efforts. (*Id.*). After a lengthy exchange between Puerto Rico and Google in the form of letters and emails,[1] ultimately Puerto Rico, by email from its counsel, agreed on May 15, 2024 to (a) interview its custodians, determine what documents may have existed and the terms used regarding the same, (b) conduct a search similar to that performed by the State of Indiana, including conducting a search of Microsoft Exchange Mailboxes of relevant custodians to collect all communications with P2P,[2] without the limitation of further search terms, as well as conducting a search for all of P2P's employees known to PRDOJ and a generic search for the domain "@wearep2p.com" and (c) conduct a search of its custodians' electronic files (e.g. Word, PDF, Excel, PowerPoint) for any responsive information and produce the same. (*Id.* at Ex. 6, Ex. 7). The dispute

---

[1] The Special Master notes that the parties have failed to adequately confer and cooperate in an attempt to resolve or narrow their discovery disputes. At the June 25 Hearing, Puerto Rico's counsel stated that no telephonic conference with Google had occurred since May.
[2] P2P is the advertising agency that facilitated relevant campaigns involving Puerto Rico's use of ad tech.

arises as to when Puerto Rico will produce documents collected pursuant to this agreement.

In its response, Puerto Rico first argues that Google is not entitled to the discovery that Puerto Rico already agreed to provide in its May 15 email. (Ex. 1 at 3). Puerto Rico argues in the alternative that a conference between itself and Google should be set in 30 days and subsequently an update provided to the Special Master regarding Puerto Rico's collection and review efforts for the agreement reflected in the May 15 email. (*Id.* at 6).

At the June 25 Hearing, Puerto Rico represented that it had collected approximately 11,000 documents and would undertake review of those documents for responsiveness and privilege. Puerto Rico argued that, with a review team of 4 or 5 attorneys, it would take another 4 or 5 weeks to complete review of the 11,000 documents. Google disputed that timing and urged that the responsive documents should be produced much sooner.

The Special Master is not persuaded by Puerto Rico's arguments. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Local Rule CV-26 provides guidance as to materials that are "relevant to any party's claim or defense":

> (1) it includes information that would not support the disclosing parties' contentions;
>
> (2) it includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;

> (3) it is information that is likely to have an influence on or affect the outcome of a claim or defense;
>
> (4) it is information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense; and
>
> (5) it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense.

The search and collection parameters mirroring those of Indiana—which Puerto Rico agreed to—clearly and unquestionably encompass relevant materials under Rule 26 and the Local Rules. In fact, it was incumbent on Puerto Rico to conduct its search and produce such documents long ago, without awaiting a discovery request. See L.R. CV-26; (Dkt. #194 at 4). Moreover, Puerto Rico agreed to Google's proposed search and collection protocol on May 15, 2024—more than 40 days ago. Puerto Rico's request to further delay its production subject to a 4 week review process, after which it does not even agree to produce the documents by a given date, but merely agrees to discuss its production with Google and report to the Special Master, is woefully inadequate.

The Special Master reminds Puerto Rico of his prior admonishment in his Order of April 8, 2024, noting that "the Special Master appreciates Google's concerns about Puerto Rico's document search efforts" and cautioning Puerto Rico "that its failure to disclose documents or information to Google may result in exclusion of evidence at a later stage of the case." (Dkt. #339 at 4). As the Special Master noted at the June 25 Hearing, Google and the other States have engaged in substantial efforts to comply with prior orders by the Special Master, including, for example, Google retaining hundreds of document review attorneys to complete review and production

4

of documents by the fact discovery deadline. Given the efforts and ability of the other parties in this case to comply with their discovery obligations in a timely manner, and considering the proportionality of the case and the significant remedies which Puerto Rico has chosen to seek in this Court, it is in the interests of justice and fairness that Puerto Rico shall be required to comply with its discovery agreement with all due speed.

Any additional delay risks prejudicing Google even more than it has already been prejudiced by Puerto Rico's failure to comply with its discovery obligations. The deadline for Google to serve expert reports on issues for which it does not bear the burden of proof is July 30, 2024. (Dkt. #458 at 1). Under Puerto Rico's proposal for production, Google may not receive the documents until after Google serves expert reports. Such a delay is unacceptable in the Special Master's view.

The Special Master therefore **ORDERS** Puerto Rico to produce all responsive, non-privileged documents on a rolling basis beginning no later than July 3, 2024 and continuing until the completion of its production on July 12, 2024.

Signed this 25th day of June, 2024.

_____
David T. Moran
**Special Master**
TXBN: 14419400
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone: (214) 953-6051
E-mail:  dmoran@jw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 25th day of June 2024.  As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A)

_____
David T. Moran
**Special Master**

6