IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

**PLAINTIFF STATES' RESPONSE TO GOOGLE'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The supplemental authority identified in Google's Notice, Dkt. 536, reaffirms preexisting Fifth Circuit law, reinforces the sufficiency of Plaintiff States' alleged injuries, and confirms the appropriateness of denying Google's motion to dismiss (Dkt. 200).

In *Paxton v. Dettelbach*, No. 23-10802, 2024 WL 3082331 (5th Cir. June 21, 2024), the Fifth Circuit affirmed a summary judgment holding that Texas lacked either quasi-sovereign or sovereign standing to enjoin a federal firearm tax and regulations in federal court. On quasi-sovereign injury, the court held that Texas failed to establish that the challenged federal statutes "implicate the State's *own* interests in addition to and 'apart from the interests of particular private parties'" because its asserted interest was "wholly derivative of the personal Second-Amendment interests of its citizens." *Id.*, at *5 (quoting *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 607 (1982)). That made Texas's suit more like *Harrison v. Jefferson Parish School Board*, 78 F.4th 765 (5th Cir. 2023)—where the injuries affected specific students in one school district—than the suit in *Snapp*—where the injuries "implicated the economic interests of [the

1

plaintiff state] itself beyond the interests of the specific individuals who lost job opportunities." *Dettelbach*, 2024 WL 3082331, at *5.

*Dettelbach* applied[1] the same basic rule that courts assessing *parens patriae* standing have enforced since *Georgia v. Pa. R.R. Co.*, 324 U.S. 439 (1945), and *Snapp*: states alleging quasi-sovereign standing must allege "more . . . than injury to an identifiable group of individual residents." *Snapp*, 458 U.S. at 607. As the Supreme Court has made clear, that something "more" can include injury to "the health and well-being—both physical and economic—of [the state's] residents *in general*." *Id.* (emphasis added); *see also Pennsylvania Railroad*, 324 U.S. at 450 (finding *parens patriae* standing based on alleged injury to "the economy of Georgia and the welfare of her citizens" due to alleged antitrust violations). The state plaintiffs in *Jefferson Parish* and *Dettelbach* both failed to establish such injuries, and so, applying *Snapp*, the Fifth Circuit found no quasi-sovereign standing.

Plaintiff States have already explained why their allegations of quasi-sovereign injury extend far beyond "injury to an identifiable group of individual residents," *Snapp*, 458 U.S. at 607. *See* Dkt. 244 at 6-11; Dkt. 287 at 5-7 (discussing injuries not only to millions of consumers and thousands of businesses, but also to "the prices, product quality, innovation, and competitive functioning of five relevant markets in their states"). *Dettelbach* does not change the applicable law one iota.

The rest of the *Dettelbach* opinion is irrelevant to Google's motion. Part III concerns individual plaintiffs' standing to sue for pre-enforcement relief. *Dettelbach*, 2024 WL 3082331, at *2-4. While Part IV.B addresses sovereign standing, the "black-letter rule" it applied was that a conflict between state and federal law could not give rise to standing to sue the federal government

---

[1] Plaintiff States summarize the opinion without prejudice to any potential petition for rehearing or for certiorari that Texas may seek to bring in the future.

"if [the state] simply purports to immunize state citizens from federal law," *Id.*, at *6 (citation and quotation marks omitted). That principle is inapposite here, where Plaintiff States seek to enforce federal (and state) law *against a private corporation*.

DATED: June 25, 2024                                                  Respectfully submitted,

/s/ W. Mark Lanier                                                    /s/ Ashley Keller
W. Mark Lanier                                                        Ashley Keller (*pro hac vice*)
Alex J. Brown                                                         **KELLER POSTMAN LLC**
Zeke DeRose III                                                       150 N. Riverside Plaza
**THE LANIER LAW FIRM, P.C.**                                         Suite 4100
10940 W. Sam Houston Pkwy N.                                          Chicago, IL 60606
Suite 100                                                             Telephone: (312) 741-5220
Houston, TX 77064                                                     Facsimile: (312) 971-3502
Telephone: (713) 659-5200                                             Email: ack@kellerpostman.com
Facsimile: (713) 659-2204
Email: mark.lanier@lanierlawfirm.com                                  Zina Bash (Bar No. 24067505)
Email: alex.brown@lanierlawfirm.com                                   111 Congress Avenue
Email: zeke.derose@lanierlawfirm.com                                  Suite 500
                                                                      Austin, TX 78701
                                                                      Email: zina.bash@kellerpostman.com

                                                                      Noah S. Heinz (*pro hac vice*)
                                                                      1101 Connecticut Ave., N.W.
                                                                      11th Floor
                                                                      Washington, DC 20036
                                                                      Email: noah.heinz@kellerpostman.com

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm Only), Mississippi, North Dakota, South Carolina, and South Dakota.*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General of Texas

*/s/ Trevor E.D. Young*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor E. D. Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## CERTIFICATE OF SERVICE

I certify that on June 25, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                                              */s/ Noah S. Heinz*
                                              Noah S. Heinz