**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>               Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan |

**<u>PLAINTIFF STATES' MOTION TO COMPEL WRITTEN DISCOVERY REGARDING
DESTRUCTION OF GOOGLE CHATS</u>**

**INTRODUCTION**

In 2007 and 2008, Google embarked on a yearslong effort to dominate and deceptively exploit ad tech markets, and an equally protracted effort to prevent production of communications related to those violations in the face of escalating regulatory and legal scrutiny. As Google faced investigations over its proposed acquisition of DoubleClick and a growing list of other conduct, it began ███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████.

Ex. F (GOOG-DOJ-19116303) (Nov. 2007 email). ██████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████.

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████.███████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████

In short, rampant destruction of relevant communications was no accident; it was Google's policy and design. Another federal court granted sanctions, including an adverse inference at trial, against Google under Federal Rule of Civil Procedure 37 for similar intentional destruction of relevant electronically stored information. *See* Fed. R. Civ. P. 37(e); *In re Google Play Store Antitrust Litig.*, 664 F. Supp. 3d 981 (N.D. Cal. 2023) ("*Play*"). A second federal court is considering similar sanctions against Google for Chat deletion and pressed Google to admit that,

████████████████████████████████████████████████████████████████

███████" Ex. A (*United States v. Google LLC*, CV No. 20-3010 (D.D.C. May 3, 2024) Hr'g Tr. at 611:3-6).[1]

Based on initial evidence suggesting Google's destruction of relevant documents, the Special Master recommended, and the Court ordered, a 30(b)(6) deposition on Google's Chats preservation policies and practices. *See* Dkt. 428; 452. Plaintiff States were permitted to seek written discovery related to Chats if the additional evidence warranted it. It does. Indeed, this Court recently affirmed Plaintiff States' "legitimate concerns" about Google's "deletion of relevant and discoverable materials" and its CEO's "personal involvement" in that deletion. Dkt. 535 at 23-24. The States' initial suspicions have proven justified, and they return to seek targeted written discovery to clarify the scope of Google's destruction of relevant documents.

## **BACKGROUND**

On April 26, 2024, the Special Master found that Google's Chats retention policy ████ ███████████████████████████████████████████████████████████ ██████████████████████████ Dkt. 428 at 8. That finding relied upon Plaintiff States' evidence that (a) ██████████████████████████████████████ ████████████████████, *id.* at 5; (b) ██████████████████ ███████████████████████████████████████████████████ ██████████████████████████," *id.* at 5-6; and (c) ██████████████ ████████████████████████████████████████████████ ████████████████████████████ *id.* at 6. Accordingly, the Special Master ██████████████████████████████████████████████████. *See* Dkt. 348-3 (Topics

---

[1] Civil society organizations recently asked Congress to investigate Google for "systematically deleting internal messages and chats tied to active federal investigations, thus concealing them from regulators and the courts." Ex. B (Letter from The Tech Oversight Project, *et al.* to Sen. Dick Durbin, *et al.* (June 3, 2024)).

1 and 18).[2] The Special Master recommended ████████████████████████████████

██████████████████, *see* Dkt. 348-1, 348-2, ██████████████████████████████

████████████████████████████████████████████ Dkt. 428 at 8-9. On

May 1, 2024, the Court agreed, likewise permitting such discovery "if justified." Dkt. 452 at 1.

Plaintiff States deposed Google's corporate witness on Topics 1 and 18, Mr. ███████████,

on May 17, 2024. Mr. ███████ deposition confirmed Google's pervasive failure to preserve

relevant Chats. Mr. ██████ confirmed, for example:



- ████████████████████████████████████████████
  ████████████████████████████████████████████
  ████████████████████████████████████████████
  ██████████████████████ Ex. C (██████ Dep. Tr.) at 136:6-13.

- ████████████████████████████████████████████
  ███████████████████████████████████████. *Id.*
  Tr. at 100:25-101:8; *see also* Ex. D (GOOG-DOJ-29864619) (Sept. 16, 2008, email
  confirming that ████████████████████████████████
  ██████████████████████████]").

- ████████████████████████████████████████████
  ████████████████████████████████████████████
  ████████████████ Ex. E (USDOJ-GOOGEX-00253, at -264); *see* Ex. C (███
  Dep. Tr.) at 101:23-103:8. ████████████████████
  ████████████████████████████████████████████
  ████████████████████████. Ex. F (GOOG-DOJ-19116303).

- ████████████████████████████████████████████
  ████████████████████████████████████████████
  ████████████████████████████████████████████
  ████████████████ Ex. C (██████ Dep. Tr.) at 187:7-188:21.

- ████████████████████████████████████████████
  ████████████████████████████████████████████

---

[2] The Special Master permitted questioning on Topic 1 only "to the extent [it] relate[s] to Google Chats"
and permitted Topic 18 in full. Dkt. 428 at 8.



. Tr. at 77:7-22.

*Id.* Tr. at 77:22-78:5.

*See also id.* Tr. at 90:2-91:16.

- ██████████████████████████████████. *Id.* Tr. at 79:7-19. ██████████████████████████. *Id.* Tr. at 79:20-81:12.

- ██████████████████████. *Id.* Tr. at 18:21-19:5. █████████████████████████.

- ████████████████████████████████ *Id.* Tr. at 181:1-185:10. ██████████████████ *Id.*

Mr. ████ made clear that ██████████████████████

██████████████████████████████████████ As Mr. ████

confirmed, ████████████████ Ex. C (████ Dep. Tr.) at 50:24-51:1.

Yet, despite his designation as Google's representative on "the preservation" of "Google chats . . . that are relevant and responsive in this case," Dkt. 348-3 (Topic 18), Mr. ████ could not answer questions about Google's litigation holds. He did not know when Google first anticipated the claims in this litigation, *id.* Tr. at 62:22-25, 64:6-11, when Google first learned of the States' investigation, or when Texas issued its Civil Investigative Demand ("CID")*, id.* Tr. at 64:19-65:1, 68:16-69:2, 71:7-20. He was ████████████████████ ██████████████████████████████ *Id.* Tr. at 72:19-25. Neither was he aware of litigation holds related to ad tech investigations and litigation more broadly, including federal investigations regarding ad tech acquisitions and conduct in 2011,

4

2012, 2013, or after. *Id.* Tr. at 45:3-56:6. He was not even familiar with the "specifics of the individual [litigation] holds" in effect today in this case. *Id.* Tr. at 56:8-11. At least one Google witness testified that ███████████████████████████████████████ raising serious doubts—that Mr. █████ was wholly unable to assuage—about Google's compliance with bare-minimum preservation obligations. Ex. G (█████ Dep. Tr.) at 372:1-2, 382:20-24.



Finally, Mr. █████ testified that ██████████████████████████████

███████████████████████████████████████████████████

███████████████. Ex. C (████████ Dep. Tr.) at 218:25-222:4. █████████████████

███████████████████████████████ *Id.* Tr. at 225:5-17.

On June 14, 2024, Plaintiff States met and conferred with Google, asking that it reconsider its refusal to respond to (1) an Interrogatory and two Requests for Production regarding Google's legal and litigation holds, which Google confirms contained the key guidance on employees' chat preservation obligations, *see* Dkt. 348-1 (Interrogatory No. 31), Dkt. 348-2 (RFP Nos. 126 and 127); (2) a Request for Production of a single "system-wide backend log" that can reveal patterns of chat deletion in a given 55-day period and that Google already produced in another action, *see* Dkt. 348-2 (RFP No. 133); and (3) the transcript and exhibits from a Rule 199 "Google Chat" deposition taken in *The State of Texas v. Google LLC*.[3] Seven days later, Google agreed to respond *in part* to Interrogatory No. 31 and refused the other requests. *See* Ex. S.[4]

## LEGAL STANDARD

---

[3] Cause No. 22-01-88230-D, District Court for 377th Judicial District, Victoria County, Texas.

[4] Google agreed to respond to Interrogatory No. 31 only as to legal holds issued in September 2019 or later, whereas the States requested such information going back to January 2015. *Compare* Dkt. 348-1 *with* Ex. S. Google objected to RFPs No. 126 and 127 based on an unsubstantiated assertion of work product privilege and objected to the other document requests on the bare ground that they "call for discovery-on-discovery from other cases." Ex. S. On June 21, the States asked Google if it would reconsider in light of the Court's opinion on the depositions of Sundar Pichai and Sergey Brin. Google declined. *See id.*

A party seeking discovery on discovery must "make a showing, including through the documents that have been produced, that allows the Court to make a reasonable deduction that other documents may exist or did exist and have been destroyed." *United States v. Planned Parenthood Fed'n of Am., Inc.*, 2:21-CV-022, 2022 WL 19021566, at *2 (N.D. Tex. Sept. 20, 2022), *opinion clarified*, 2022 WL 19021321 (N.D. Tex. Oct. 11, 2022) (quoting *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420–21 (N.D. Tex. 2021)) (internal quotation marks omitted).

The party seeking discovery need not "show relevance and proportionality in the first instance"; the party resisting discovery "bears the burden of making a specific objection and showing that any discovery request that is relevant to any party's claim or defense fails the proportionality calculation mandated by Rule 26(b)" through "specific information." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 584 (N.D. Tex. 2018). A discovery request is relevant if, *inter alia*, (1) "it includes information that would not support the disclosing parties' contentions"; (2) "it is information that is likely to have an influence on or affect the outcome of a claim or defense"; or (3) "it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense." Local Rule CV-26(d). The "bar for relevance at the discovery stage" is "extremely low," *Providence Title Co. v. Truly Title, Inc.*, 4:21-CV-147SDJ, 2022 WL 19976454, at *3 (E.D. Tex. May 13, 2022) (cleaned up), and "a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the claim or defense of any party," *Houser v. LaSalle Mgmt. Co. LLC*, 5:16-CV-00129-RWS, 2019 WL 13212319, at *1 (E.D. Tex. Dec. 4, 2019) (Schroeder, J.) (cleaned up) (emphasis added). Proportionality considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden

6

or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## ARGUMENT

Google admits that ███████████████████████████████████████

██████████████████████ Ex. C (████ Dep. Tr.) at 120:4-17. But the targeted

written discovery Plaintiff States request can help to reveal the extent of Google's destruction of

relevant Chats and its impact on Plaintiff States' case. This discovery is justified by the copious

evidence of Google's destruction of relevant Chats, and no relevance, proportionality, or privilege

objections justify blocking this limited request.



### I.   Limited Discovery on Discovery Is Justified Based on Mounting Evidence Supporting a "Reasonable Deduction" of Google's Destruction of Relevant Chats.

Plaintiff States previously identified evidence that Google employees discussed highly

relevant topics in the Chats that Google *did* manage to preserve, despite its "inadequate" Chat

preservation practices. Dkt. 428 at 8. These topics included "(1) impression counting and auction

results in 2023; (2) AdTech product launches in 2022; (3) UPR and header bidding in 2021; (4)

transparency and consent from publishers and advertisers in 2020; (5) CPM in 2018; and (6) bid

prices in 2017." Dkt. 374 at 4 (citing exhibits). Mr. ████'s deposition and other discovery suggest

an overwhelming likelihood that Google destroyed reams of other Chats that were equally, if not

more, relevant. Further discovery will clarify the extent of that document destruction and enable

the Court to fashion appropriate consequences.

### A.  Relevant Chats Were Destroyed by Google's Design.

At least three categories of evidence in this case establish the likely relevance of Google's

improperly deleted Chats. *First*, the evidence shows that ████████████████████████

████████████████████████████████████████████████████

█████████████████████ ████████████████████████

.” Ex. E at 1.[5]

Ex. E at 2 (ellipses in original).

*Id.* at 13-25.

*id.* at 41,

*id.* at 12 (emphasis added).

Ex. F at 2-3.

*Second*, communications that Google did preserve and produce show that

. In one email exchange, a Google employee

---

[5] *See* Ex. C (      Dep. Tr.) at 101:23-103:22 (Mr.      confirming that he received this training in 2019); Ex. N (GOOG-AT-MDL-B-003924905) (                                        ).

███████████████████████████████████████████████████████

██████████████████████████████████████████ Ex. H (GOOG-NE-09924122).

Another employee ████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████ *Id.* ████████████████

██████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████ Ex. I (GOOG-

DOJ-AT-01050103). ████████████████████████████████████████ *Id.*

Similarly, a Google employee told a colleague over Chat that ████████████████████

███████████████████████████████████████████████████████

████ Ex. J (GOOG-AT-MDL-B-004376997). █████████████████████████

████████████████████████████████ *Id.* at 3-4. The conversation

*appeared* to end there. █████████████████████████████████████

███████████████████████████████ . Ex. C (██████ Dep. Tr.) at 79:20-81:12. And

so there is no way to know whether those two employees stopped their conversation or simply

*made* their Chat off-the-record by turning history off. What is clear—or, at minimum, reasonably

deduced—from these and other communications is that █████████████████████████████████

██████████████████████████████████████████ .[6] Google

---

[6] As one employee put it, ████████████████████████████████████████████████████

██████████████████████████████████████████████████ Ex. P (GOOG-AT-MDL-

B-004633186) at 3 (emphasis in original). The ████████████████ that employee referred to included ████████████

██████████████████████████████████████████████████████ ,

CEO Sundar Pichai █████████████████████████████████████████████

███████, demonstrating that this practice came from the top. *See* Ex. O (GOOG-AT-MDL-B-004073824); Dkt. 535 at 23-24 (finding that Mr. Pichai "likely had to approve document retention policies" and had "personal involvement in the deletion of relevant and discoverable materials").

*Third*, ███████████████████████████████████████████████

███████████████████. ██████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████

Ex. D (GOOG-DOJ-29884619). ███████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████. *Id.*; *see* Ex. C (█████ Dep. Tr.) at 97:2-101:12 (confirming this interpretation of the document). ████████████████████████

███████████████████████████████

Google's Chat software █████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████ Ex. K (GOOG-DOJ-28387315). ████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████ Ex. C (█████ Dep. Tr.) at 229:11-20. ████████████████

████████████████████████████████████████████████████████████.

Ex. C (█████ Dep. Tr.) at 19:6-10 (███████████████████████████████████████).

Unsurprisingly, ████████████████ worked. ████████████████████

---

████████████████████████.)." *Id.* The employee advised others ██████████████████████
████████████████████████████████ *Id.*

10

███████████████████████████████████████████████████, a Vice

President of Engineering who was subject to a litigation hold in this case, testified that ███

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████ Ex. L

(████ Dep. Tr.) at 327:1-328:18.[7] Similarly, a Software Engineer testified that he ███████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████ Ex. M ██████ Dep. Tr.) at 33:23-34:1. Many employees have testified to

using Chats for substantive business communications related to ad tech. *See* Dkt. 374 at 3-4.

In its motion for a protective order, Google insisted that Plaintiff States "ha[d] yet to point

to any evidence in *this* case to warrant obtaining discovery-on-discovery." Dkt. 361 at 5 (emphasis

in original). That assertion was false then and is absurd now. The record makes clear that, for many

years relevant to this litigation, (a) ████████████████████████████████████████

█████████████████████████████████████████████████████████, and

(b) ███████████████████████████████████████████████████████

████████████████████████████. Google wrongfully destroyed an untold

number of relevant documents as a result. This evidence of document destruction far exceeds the

evidence that sufficed to permit discovery on discovery in *Planned Parenthood*, 2022 WL

19021566, and *Sinclair Wyoming Refin. Co. v. A&B Builders, Ltd.*, 15-CV-91, 2017 WL 10309306

(D. Wyo. Oct. 31, 2017). *See* Dkt. 374 at 8 (discussing these cases). Indeed, this evidence mirrors

the findings that led to Court in *Play* to award sanctions for spoliation. 664 F. Supp. 3d at 982-91.

---

[7] Mr. ████'s communications are particularly relevant because ████████████████████████

████████████████████████████. Ex. Q (██████ Dep. Tr.) at 226:2-9.

**B.  Written Discovery Can Fill in Some Gaps Left by Google's Document Destruction.**

Although sanctions may already be warranted on the existing record, Plaintiff States seek limited discovery to better understand the scope of Google's destruction of relevant documents and determine whether any of the destroyed information may be partially available in other forms.

The first narrow category of information that the States seek consists of limited discovery on Google's litigation holds. The States move to compel a response to Interrogatory No. 31, which asks Google to "[p]rovide the start and end dates for any legal holds applicable to any custodian identified in this matter from January 1, 2015 to the present." Dkt. 348-1. The States also move to compel just two of its RFPs related to these holds: RFP Nos. 126 and 127, which seek "[a]ny litigation hold(s) or hold notice(s)," as well as "[a]ny litigation hold reminder(s)," "issued to any custodian, deponent, or person likely to have discoverable information identified in this matter from January 1, 2018 to the present." Dkt. 348-2. Google has testified that, ███████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████. Ex. C (██████ Dep. Tr.) at 187:7-188:15. And because ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████. Those holds can reveal (a) who was reminded to preserve relevant Chats and when, (b) what they were instructed to do, and thus (c) the scope and degree of Google's non-compliance with its preservation obligations. Mr. ██████ was unable to provide any of this information, so the States seek it in written form.

The States also seek the "system-wide backend log" that Google produced in *Play*. Dkt. 348-2 (RFP No. 133). This log shows ██████████████████████████████

████████████████████████. Ex. C (██████ Dep. Tr.) at 218:25-222:4. Although

this log ███████████████, it is a readily available and easily produced document that would reveal the frequency with which Google employees—including some of the custodians in this case—chose to preserve or delete their Chats during a period of time relevant to this case. It could also be cross-referenced with other communications produced in this case to determine the topic(s) likely discussed in the history-off Chats. Because this log is the *only* record Google has of employees' decisions to turn history on or off, it is the only way to assess, albeit approximately, the extent of Google's real-time document destruction in practice.

Finally, the States seek highly relevant testimony and documents from a Texas DTPA enforcement action against Google in state court, *The State of Texas v. Google LLC*. On March 26, 2024, that court ordered Google to produce a witness to testify about Texas's Rule 199 "Google Chat" topic. Ex. R. The States seek that deposition transcript and any documents produced for that deposition.[8] Mr. █████'s May 20 testimony on behalf of Google, along with the related documents, can confirm, explain, expand, or impeach what Mr. ██████  told the States on May 17. They are both relevant and new.

## II.      Any Relevance, Proportionality, or Privilege Objections Are Meritless.

In the face of the evidence discussed above, Google cannot establish that Plaintiff States' discovery is not relevant or proportional to the needs of the case. On relevance, the record evidence described reveals that, ████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████. Yet,

Google refuses to answer Interrogatory No. 31 as to any holds issued between January 2015 and

---

[8] The undersigned counsel for Norton Rose Fulbright US LLP is counsel for the State of Texas in that concurrent matter and represents that the ordered deposition occurred on May 20, 2024; that Google produced the same Mr. █████ as the witness for that deposition; and that Google produced approximately 219 chat-related documents on May 15, 2024, three business days prior to that deposition.

September 2019. To the extent Google's unexplained refusal reflects a relevance objection, the evidence defeats it. Excerpts from Google's privilege log show ███████████████ ████████████ ██ ████████████████████████████ ████████████ ██████ Google's privilege log is replete with similar entries. Indeed, Google ███████████████████████████████████████████████████ ████████████████████████████████████.[11] For now, the States make the limited request for hold information going back to 2015, *see* Dkt. 348-1, which Google's own privilege log entries and other evidence show is clearly relevant. Meanwhile, Google's objection to requests for discovery in other cases, Ex. S, is defeated by the Court's consistent rulings that relevant material from other litigation should be produced in this case. *See, e.g.*, Dkt. 510.

As to proportionality, Google's burden in answering one Interrogatory and producing a confined set of documents—including a log, documents, and a single transcript already produced in other litigation—is clearly "outweigh[ed]" by "its likely benefit" in identifying the extent of Google's relevant document destruction. Fed. R. Civ. P. 26(b)(1). The amount in controversy in this litigation by 17 sovereigns against one of the world's largest companies for 15+ years of



[9] *See* Ex. T (Privilege Log No. GGPL-1190482012) (Dec. 5, 2018) (███████████████ █████████████████████████████); Ex. U (Privilege Log No. GGPL-2300055276) (Sept. 25, 2018) (██████████████████████").

[10] *See, e.g.*, Ex. V (Privilege Log No. GGPL-1010009884) (July 29, 2017) ██████████ ███████████████████████"); Ex. W (Privilege Log No. GGPL-2210020836) (Aug. 1, 2016); Ex. X (Privilege Log No. GGPL-1031909716) (Feb. 27, 2015); Ex. Y (█████████████████████████████████.

[11] *See, e.g.*, Ex. Z (GOOG-TEX-00803477) (███████████████████████ ███████████████████████"); Ex. AA (Mohan Dep. Tr.) at 196:18–197:11 (██████████████████████████████████"); *see also* Ex. Q (██████ Dep. Tr.) at 207:2-21 (███████████████████████); Ex. BB (GOOG-DOJ-18360214) (██████████████████████████████████ ██████).

monopolistic and deceptive conduct under federal and state laws is enormous, and the States have no other source of this information—particularly because Mr. ███████ was unable to provide any of this information in his deposition.

Finally, Google's refusal to produce its litigation holds based on attorney-client or work product privilege is meritless. As the withholding party, Google bears the burden of establishing that those privileges apply. *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). Google has provided no facts to substantiate a privilege claim and, moreover, waived any argument by failing to assert it in its motion for a protective order on these very requests. *See* Dkt. 361. Second, even if they were privileged, litigation hold letters "are discoverable" upon a "preliminary showing of spoliation." *Major Tours, Inc. v. Colorel*, No. CIV 05-3091(JBS/JS), 2009 WL 2413631, at *2-3 (D.N.J. Aug. 4, 2009). As the States demonstrated above, and as the Court has already affirmed as to at least one of Mr. Pichai's Chats, *see* Dkt. 535 at 23-24, Google plainly engaged in "the destruction or the significant and meaningful alteration of evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (defining spoliation).[12] The holds are therefore discoverable and should be produced.

## CONCLUSION

For the foregoing reasons, Plaintiff States ask the Special Master to compel Google to answer Plaintiff States' Interrogatory No. 31 in full, to produce documents responsive to Requests for Production Nos. 126, 127, and 133, and to produce the transcript and documents from the May 20, 2024 deposition on Google Chats in *The State of Texas v. Google*.

---

[12] The sole case Google cited in its vague privilege objection is *Retractable Techs. Inc. v. Abbott Lab'ys, Inc.*, CIV. NO. 5:05-CV-157, 2010 WL 11531179 (E.D. Tex. May 20, 2010). *See* Ex. S. That case is inapposite because it (a) did not involve any allegations or evidence of spoliation, and (b) explicitly did "not decide whether the privilege or work product protection would apply to the actual document retention policy" requested. *Id.* at *4.

Respectfully submitted,

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
(713) 659-5200
**THE LANIER LAW FIRM, PLLC**

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220

Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

/s/ Noah S. Heinz
Noah S. Heinz
noah.heinz@kellerpostman.com
Daniel Backman
daniel.backman@kellerpostman.com
1101 Connecticut, N.W., 11th Floor
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## CERTIFICATION OF CONFERENCE

I certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Plaintiff States met and conferred in good faith with counsel for Google on June 14, 2024. On June 21 and 24, 2024, Google indicated that it opposes the motion and opposes producing the requested information.

*/s/ Noah S. Heinz*
Noah S. Heinz

## CERTIFICATE OF SERVICE AND SEALING

I certify that, on June 26, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

I also certify that, on June 26, 2024, a motion to seal the foregoing document and its exhibits was filed separately and before the filing of this document under seal, per Local Rule CV-5(a)(7)(B). This sealed filing will be promptly served by email with a secure link on counsel of record for all parties in this case and will be publicly filed in redacted form per Local Rule CV-5(a)(7)(E).

*/s/ Noah S. Heinz*
Noah S. Heinz

18