# EXHIBIT B

June 3, 2024

| | |
|---|---|
| Sen. Dick Durbin, Chair<br>Sen. Lindsey Graham, Ranking Member<br>**Senate Committee on the Judiciary**<br>224 Dirksen Senate Office Building<br>Washington, DC 20510 | Rep. Jim Jordan, Chair<br>Rep. Jerrold Nadler, Ranking Member<br>**House Judiciary Committee**<br>2138 Rayburn House Office Building<br>Washington, DC 20515 |
| Sen. Sheldon Whitehouse, Chair<br>Sen. John Kennedy, Ranking Member<br>**Senate Subcommittee on Federal Courts, Oversight, Agency Action, and Federal Rights**<br>224 Dirksen Senate Office Building<br>Washington, DC 20510 | Rep. Darrell Issa, Chair<br>Rep. Hank Johnson, Ranking Member<br>**House Subcommittee on Courts, Intellectual Property, and the Internet**<br>2138 Rayburn House Office Building<br>Washington, DC 20515 |

Dear Chairs and Ranking Members:

Living under the shadow of a small number of Big Tech companies with enormous economic weight and social power, we count on federal action to guard against anticompetitive behavior and protect the free market. With that as background, we are disturbed by recent reports that the tech giants have yet again been caught systematically deleting internal messages and chats tied to active federal investigations, thus concealing them from regulators and the courts.

This behavior is not new, but it has grown steeply in recent years. We call on your Committees and Subcommittees to convene hearings to investigate this sustained obstructive behavior by companies that appear to believe they're too big to regulate, in order to safeguard the power of the federal government to enforce antitrust laws and regulations in good faith.

Allegations of concealing evidence are as old as Big Tech itself; in her 1996 deposition in a civil case, a Microsoft employee testified that the company deliberately removed incriminating computer files from her office.[1] But in today's environment, where Big Tech business is conducted over ephemeral channels like online chat, obstruction of justice is much harder to police.

And that goes double when the offenders themselves own the chat platforms. This spring, Google was excoriated by U.S. District Court Judge Amit P. Mehta, as he prepares to rule in the widely covered federal antitrust lawsuit against the company, for maintaining an automatic 24-hour deletion policy for internal communications on its own chat platform,

---

[1] https://www.latimes.com/archives/la-xpm-1998-nov-05-fi-39475-story.html

despite its obligation to preserve evidence — and despite its assurances to the court that it was complying.[2] "Google's daily destruction of written records," wrote prosecutors in a 2023 filing, "prejudiced the United States by depriving it of a rich source of candid discussions between Google's executives, including likely trial witnesses."

In May, Judge Mehta agreed that 24-hour deletion — which requires individual employees to make daily document retention decisions they are not legally qualified for — is highly problematic. "It's shocking to me," he said, "that a company would leave it to its employees to decide when to preserve documents." The damage is compounded by the fact that Google made false (and easily disprovable) representations to the court about its compliance.[3]

In the same case, the Department of Justice said Google tried to conceal evidence from prosecutors by spuriously copying lawyers in order to invoke attorney-client privilege. This behavior was not incidental; formal Google policy required it and the company trained its employees to do it, via a program that prosecutors called "institutionalized manufacturing of false privilege claims." Judge Mehta noted that Google initially claimed privilege for an astonishing 140,000 documents, but when pressed turned over almost 100,000 of them.[4]

This is not the first time evidence of shenanigans have gotten Google in hot water. U.S. District Judge James Donato, who previously sanctioned Google for similar behavior, called it "willful and intentional suppression of relevant evidence" which amounted to "a frontal assault on the fair administration of justice."[5] In that case, the angry judge compelled Google to produce transcripts of more than 20,000 chats in which employees discussed deleting information that could hurt their case.[6] They included chats in which employees typed things like, "History is on. I suggest everyone leave the [chat] room and create a new one with history off."

Other tech giants under investigation have behaved similarly:

- In April, the FTC accused some of **Amazon's** most senior executives of conducting conversations about antitrust matters using Signal, an encrypted messaging app whose very purpose is to conceal and erase messages.[7] The offenders allegedly included former CEO Jeff Bezos, current CEO Andy Jassy, general counsel David

---

[2] https://nypost.com/2024/05/03/business/google-blasted-as-negligent-over-evidence-destruction-as-landmark-doj-antitrust-case-wraps-up/
[3] https://arstechnica.com/tech-policy/2023/02/us-says-google-routinely-destroyed-evidence-and-lied-about-use-of-auto-delete/; https://www.fastcompany.com/90955785/google-deleted-chats-in-doj-antitrust-trial
[4] https://arstechnica.com/tech-policy/2022/03/google-routinely-hides-emails-from-litigation-by-ccing-attorneys-doj-alleges/; https://www.reuters.com/legal/litigation/us-judge-google-case-not-convinced-companys-conduct-will-get-sanction-2022-04-08/
[5] https://arstechnica.com/tech-policy/2023/02/us-says-google-routinely-destroyed-evidence-and-lied-about-use-of-auto-delete/; https://nypost.com/2024/05/03/business/google-blasted-as-negligent-over-evidence-destruction-as-landmark-doj-antitrust-case-wraps-up/
[6] https://www.fastcompany.com/90955785/google-deleted-chats-in-doj-antitrust-trial; https://www.theregister.com/2023/03/28/google_destroying_evidence_claim/
[7] https://www.washingtonpost.com/technology/2024/04/26/amazon-ftc-messages-deleted-bezos/; https://www.bloomberg.com/news/articles/2024-04-26/amazon-s-bezos-jassy-deleted-chats-despite-ftc-antitrust-probe

Zapolsky, and former CEOs of its worldwide consumer business Jeff Wilke and Dave Clark.  This isn't the first time Amazon has been accused of hiding evidence, either; last November, the FTC alleged that Amazon had destroyed over two years' worth of messaging evidence relevant to its investigation.[8]

- **Apple** was accused in two separate antitrust cases of concealing emails, including one case in which no emails at all were found from CEO Steve Jobs on the topic at issue over an eight-month period.[9]

Despite their size, these companies are not above the law. They are bound by a range of federal and state statutes and regulations governing the preservation of records, both in ordinary times as public companies, and during active litigation. And obstructing a federal investigation, with the criminal liability that ensues, is itself a prima facie violation of the company's fiduciary duty to shareholders.

As investigative bodies serving the national interest, your Committees and Subcommittees have a critical role to play in ensuring that the regulatory intent of Congress is fulfilled and that violators are brought to justice. So we strongly ask you to review the facts of these recent cases, call hearings to investigate, and demand the CEOs of these companies testify and explain their actions. It is our shared goal to put an end to this pervasive and systematic abuse of power by some of the world's largest corporations.

Sincerely,

The Tech Oversight Project
American Economic Liberties Project
Demand Progress
Institute for Local Self-Reliance
NextGen Competition
Revolving Door Project

---

[8] https://www.seattletimes.com/business/amazon/amazon-execs-destroyed-years-of-evidence-before-ftc-action-agency-says/; https://www.washingtonpost.com/technology/2024/04/26/amazon-ftc-messages-deleted-bezos/
[9] https://www.cnet.com/tech/tech-industry/payback-samsung-says-apple-destroyed-evidence/