# EXHIBIT S

| | |
|---|---|
| **From:** | BARTON, Robert |
| **To:** | Noah Heinz |
| **Cc:** | SESSIONS, Justina (JKS); MCCALLUM, Robert; BOSCO, Veronica; LARITZ, Tina; Bracewell, Mollie; Zeke DeRose; Jamie Aycock; John McBride; Jonathan Wilkerson; Geraldine W. Young; Trevor Young; dpearl@axinn.com; jhunsberger@axinn.com; Daniel Backman; Ethan Glenn; Marc B. Collier |
| **Subject:** | RE: Texas v. Google - Meet and Confer on Monday |
| **Date:** | Monday, June 24, 2024 7:54:35 PM |

You don't often get email from robert.barton@freshfields.com. Learn why this is important

Noah,

You may represent that your motion to seal is unopposed.

Best,

**Robert Barton**
Associate
he/him/his

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, New York 10007
M +1 (646) 599 6181
robert.barton@freshfields.com

**From:** Noah Heinz <Noah.Heinz@kellerpostman.com>
**Sent:** Monday, June 24, 2024 5:40 PM
**To:** BARTON, Robert <Robert.Barton@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Zeke DeRose <zeke.derose@lanierlawfirm.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan Wilkerson <jonathan.wilkerson@lanierlawfirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Trevor Young <trevor.young@oag.texas.gov>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; dpearl@axinn.com; jhunsberger@axinn.com; Daniel Backman <Daniel.Backman@kellerpostman.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday

Robert,

We gather that Google has not reconsidered its refusal to produce the documents Plaintiff States requested, and so, as Marc noted below, we are at an impasse. The States plan to file a motion to compel with the Special Master.

Can we represent that our forthcoming motion to seal that motion to compel is unopposed? The brief and attachments will include the names or identifiers of Google witnesses and other materials marked confidential or highly confidential, which Google has asked us to file under seal.

Thank you,

**Noah Heinz**
Associate

# Keller | Postman

1101 Connecticut Avenue, N.W., 11th Floor | Washington, D.C., 20036
202.918.1841 | Email | Bio | Website

---

**From:** Marc B. Collier <marc.collier@nortonrosefulbright.com>
**Date:** Friday, June 21, 2024 at 7:14 PM
**To:** BARTON, Robert <Robert.Barton@freshfields.com>, Ethan Glenn <ethan.glenn@nortonrosefulbright.com>
**Cc:** rob.mccallum <rob.mccallum@freshfields.com>, LARITZ, Tina <Tina.LaRitz@freshfields.com>, BOSCO, Veronica <Veronica.Bosco@freshfields.com>, Bracewell, Mollie <mbracewell@yettercoleman.com>, Zeke DeRose <zeke.derose@lanierlawfirm.com>, jamieaycock <jamieaycock@yettercoleman.com>, John McBride <john.mcbride@nortonrosefulbright.com>, Jonathan Wilkerson <jonathan.wilkerson@lanierlawfirm.com>, Geraldine W. Young <geraldine.young@nortonrosefulbright.com>, Trevor Young <trevor.young@oag.texas.gov>, Justina.Sessions <Justina.Sessions@freshfields.com>, dpearl <dpearl@axinn.com>, Hunsberger, James K. <jhunsberger@axinn.com>, Daniel Backman <Daniel.Backman@kellerpostman.com>, Noah Heinz <Noah.Heinz@kellerpostman.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday

Thank you Robert.

I'm sure emails have crossed but I respectfully request you reconsider your refusals in light of Judge Jordan's order a few minutes ago regarding the importance of chats - particularly as you the upcoming deposition of Google's CEO.  If you intend to reconsider let me know; otherwise since we have discussed at length I believe we are now at an impasse on all issues other than the  referenced July 10 updated interrogatory answer (for which we accept your "no waiver" condition).

Thanks, Marc

---

**From:** BARTON, Robert <Robert.Barton@freshfields.com>
**Sent:** Friday, June 21, 2024 6:08 PM
**To:** Ethan Glenn <ethan.glenn@nortonrosefulbright.com>; Marc B. Collier

<marc.collier@nortonrosefulbright.com>
**Cc:** rob.mccallum <rob.mccallum@freshfields.com>; LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; jamieaycock <jamieaycock@yettercoleman.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Justina.Sessions <Justina.Sessions@freshfields.com>; dpearl <dpearl@axinn.com>; Hunsberger, James K. <jhunsberger@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Ethan, Marc, and team,

We write to follow up regarding the requests for additional discovery-on-discovery that you raised on our meet and confer last Friday, June 14.  As Plaintiffs know, the Court has stated that it is focused on "the parties' actions in this case" rather than "what anybody has done in other cases." ECF 189 (Dec. 14, 2023 Hr'g Tr.) at 30:9-14.  Accordingly, we are amenable to considering requests specific to this case, but we maintain that it is inappropriate for Plaintiffs to continue to attempt to import discovery-on-discovery from other cases into this case.

You requested that Google respond to Plaintiffs' interrogatory 31, which calls for the "start and end dates for any legal holds applicable to any custodian identified in this matter from January 1, 2015 to the present."  Google agrees to provide this information for the time period September 2019 through the present, and we expect to provide this to you by July 10.  By providing this information, Google is not waiving work product or attorney client privilege, and by receiving it, the States agree Google has not waived any work product or attorney client privilege.

You also requested that Google respond to plaintiffs' RFPs 126 and 127, which call for the production of litigation holds and reminders sent to custodians in this matter. These materials are privileged and protected as attorney work product. *See, e.g., Retractable Techs. Inc. v. Abbott Lab'ys, Inc.*, 2010 WL 11531179, at *4 (E.D. Tex. May 20, 2010) (denying a motion to compel the "precise wording and descriptions of legal issues in this action" of a party's litigation retention policy). Accordingly, Google does not agree to provide them.

The remainder of your requests call for discovery-on-discovery from other cases, such as *Epic v. Google* (the "Play Case") and *State of Texas v. Google LLC*, No. 22-01-88230-D (377th Judicial District Court, Victoria County) (the "Location Case").  We do not agree to these requests.

Moreover, we are concerned that Plaintiffs' requests for additional discovery-on-discovery suggest violations of the Confidentiality Orders governing various cases.  Google notes that during the deposition of ▓▓▓▓▓▓ in the Location Case, Plaintiffs sought to introduce, as Exhibit 552, the transcript of Mr. ▓▓▓▓▓▓ deposition in this case.  The Confidentiality Order in this case provides that all deposition transcripts are to be treated as Highly Confidential Information for 45 days after the date of the deposition.  The Order restricts the persons to whom any Highly Confidential Information may be disclosed, and requires that Highly Confidential Information shall be used solely for the conduct of *this Action*.

Similarly, Plaintiffs' use of materials designated Protected Material in the Location Case as the basis for additional discovery-on-discovery in this case suggests a violation of the governing Confidentiality Order in the Location Case.  That Order also restricts use of materials produced in discovery in that case to the

prosecution of that case, and does not permit their use for other purposes.  On our recent meet and confer you suggested that some or all of those documents should have been produced in this case but have not been.  We are not aware of any reason why these documents should have been produced in this case in light of the protective order entered in this case.  *See* ECF No. 428 at 5; ECF No. 452.

Kind regards,
Robert

**Robert Barton**
Associate
he/him/his

**Freshfields Bruckhaus Deringer US LLP**
3 World Trade Center
175 Greenwich Street
New York, New York 10007
**M** +1 (646) 599 6181
robert.barton@freshfields.com