## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

## GOOGLE LLC'S UNOPPOSED MOTION
## FOR LEAVE TO FILE UNDER SEAL

Plaintiff Defendant Google LLC ("Google") respectfully moves the Court for leave to file under seal its Opposition to Plaintiffs' Motion to Compel Written Discovery Regarding Google Chats and accompanying Appendix and Exhibits 1–39 ("Exhibits), filed on July 5, 2024.  Pursuant to Rule CV-5(a)(7), Google will file redacted copies of the Opposition and attachments within seven days.

## LEGAL STANDARD

While "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  For example, courts have recognized that the public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Texas Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex. May 30, 2017), and "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598.  In exercising its discretion to seal judicial records, "the Court must balance

the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (directing courts to balance right of access against interest of nondisclosure).

## ARGUMENT

### A. The Opposition and the Exhibits Contain Google Employees' Personal Information.

Filing the Opposition and the Exhibits under seal protects the privacy of employees named therein.

District courts have routinely recognized in similar situations that the public's general right of access is far outweighed by the interest in protecting individual privacy. *See, e.g.*, *In re Google Digital Advertising Litig.*, No. 1:21-md-03010-PKC, (S.D.N.Y. Oct. 15, 2021) (Castel, J.), ECF No. 147 at 9 (granting motion to seal employee names: "The names and contact information of these employees have no apparent bearing on any issue in this dispute.  The privacy interests of these Google employees outweighs the strong presumption of public access."); *United States v. Google LLC*, No. 1:23-cv-108 (E.D.Va. Mar. 10, 2023) (Brinkema, J.), ECF No. 58 at 2 (granting motion to seal names of current or former employees, finding that "sealing this information is warranted to maintain the privacy of non-parties to this litigation"); *see also Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *2 (N.D. Cal. June 5, 2015) (granting motion to seal "with respect to the employee names and [ ] IDs . . . for privacy reason[s]"); *cf. Pugh*, 2017 WL 11664888, at *1 ("[T]he court finds that Plaintiff's interest in protecting his privacy and personal information outweighs the public's interest in access to court records.").

The Opposition and the Exhibits include names and contact information of Google's current and former employees, who have strong privacy interests in preventing their personal

information from being publicly disclosed.  Therefore, the Opposition and the Exhibits should be filed under seal, and Google will apply targeted redactions.

**B.  The Opposition and the Exhibits Contain Confidential Commercial Information.**

The Opposition and the Exhibits should be sealed also because they contain references to and discussions of non-public sensitive commercial and financial information that, if disclosed publicly, is likely to cause Google competitive harm.

Courts routinely recognize that the interest in non-disclosure of sensitive business information outweighs the general public right of access.  *See, e.g.*, *Nixon*, at 597–98 (recognizing that public access may be properly limited to protect "sources of business information that might harm a litigant's competitive standing"); *Conn Credit I, LP v. TF Loanco III, LLC*, No. 1:14-CV-429, 2016 WL 8231153, at *1 (E.D. Tex. May 9, 2016) (granting a motion to seal documents containing a "large amount of confidential business information"); *Dickey's Barbecue Pit, Inc. v. Neighbors*, No. 4:14-CV-484, 2015 WL 13466613, at *4 (E.D. Tex. June 5, 2015) (granting a motion to seal a document "filled with financial information regarding [a company's] franchises, as well as contact information for individuals and companies operating those franchises"); *see also* Local Rule CV-5(a)(7)(E).

Certain of the Exhibits have been designated as Confidential or Highly Confidential pursuant to the Confidentiality Order governing this case (ECF No. 182), and the Opposition quotes from and discusses these Exhibits.  Google has a strong commercial interest in protecting the non-public sensitive commercial information contained in both the Opposition and the Exhibits from public disclosure.

**CONCLUSION**

For the foregoing reasons, Google's motion to seal the Opposition and all attachments thereto should be granted.

Dated: July 5, 2024                    Respectfully submitted,

                                       */s/ R. Paul Yetter*
                                       R. Paul Yetter
                                       State Bar No. 22154200
                                       YETTER COLEMAN LLP
                                       811 Main Street, Suite 4100
                                       Houston, Texas 77002
                                       (713) 632-8000
                                       pyetter@yettercoleman.com

                                       Eric Mahr (*pro hac vice*)
                                       FRESHFIELDS BRUCKHAUS DERINGER LLP
                                       700 13th Street NW, 10th Floor
                                       Washington, D.C. 20005
                                       (202) 777-4545
                                       eric.mahr@freshfields.com

                                       ATTORNEYS FOR GOOGLE LLC

**CERTIFICATE OF SERVICE**

I certify that on July 5, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

**CERTIFICATE OF CONFERENCE**

I hereby certify that the meet and confer requirements in Local Rule CV-7(h) have been met.  This motion is consented to and not opposed by any party.

*/s/ R.Paul Yetter*
R. Paul Yetter

5