IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>      Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

**PLAINTIFF STATES' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff States respectfully provide notice to the Court and the Special Master of supplemental authority in connection with its pending Motion to Compel Written Discovery Regarding Destruction of Google Chats (Dkt. 540). In a ruling last week denying Google's renewed motion for judgment as a matter of law or for a new trial after its trial loss against plaintiff Epic Games, Judge Donato rejected Google's arguments that his evidentiary rulings and adverse inference instruction regarding Google's deletion of Chats warranted a new trial. *In re Google Play Store Antitrust Litig.*, No. 20-CV-05671-JD, 2024 WL 3302068 (N.D. Cal. July 3, 2024) ("*Play*"). A copy of the *Play* ruling is attached hereto as Exhibit A.

As Plaintiff States discussed in their Motion, the *Play* court previously granted Rule 37 sanctions against Google, including an adverse inference at trial, for the intentional destruction of relevant Google Chats. Dkt. 540 at 1 (citing *In re Google Play Store Antitrust Litig.*, 664 F. Supp. 3d 981 (N.D. Cal. 2023)). Rejecting Google's bid for a new trial, the *Play* court notes that "the evidence presented at trial added more fuel to this fire" beyond even what the court found in its initial order awarding sanctions. *Play*, 2024 WL 3302068 at *15. Indeed, the court found "an

1

abundance of pretrial and trial evidence demonstrating an ingrained systemic culture of suppression of relevant evidence within Google." *Id.* (internal quotation marks omitted). The court specifically noted "the seriousness of these issues" and "the likelihood that they could affect other litigation matters where Google is a party"—acknowledging the connection between the Chat issues in front of it and the Chat issues raised in other pending cases like this one. *Id.* And it called the response from Google's chief legal officer to the court's concerns "disappointing." *Id.* The court stated that the chief legal officer "had not investigated [the deletion of Google Chats] in any way" and that "[m]uch of [the chief legal officer's] testimony was in direct opposition to the facts established at the prior Google Chat hearing." *Id.* Ultimately, the court concluded, "Google's complaints about the inference instruction are wholly misdirected. It has not provided anything close to a good reason to conclude otherwise." *Id.*

The court also found other efforts by Google to "suppress discovery," namely a "frankly astonishing abuse of the attorney-client privilege designation" by Google employees up to and including CEO Sundar Pichai. *Id.* at *14.

Plaintiff States alert the Special Master and the Court to this latest decision regarding Google's destruction of Google Chats for their consideration in deciding the States' Motion.

DATED: July 9, 2024                    Respectfully submitted,

*/s/ W. Mark Lanier*                   */s/ Ashley Keller*
W. Mark Lanier                         Ashley Keller (*pro hac vice*)
Alex J. Brown                          **KELLER POSTMAN LLC**
Zeke DeRose III                        150 N. Riverside Plaza
**THE LANIER LAW FIRM, P.C.**          Suite 4100
10940 W. Sam Houston Pkwy N.           Chicago, IL 60606
Suite 100                              Telephone: (312) 741-5220
Houston, TX 77064                      Facsimile: (312) 971-3502
Telephone: (713) 659-5200              Email: ack@kellerpostman.com
Facsimile: (713) 659-2204
Email: mark.lanier@lanierlawfirm.com   Zina Bash (Bar No. 24067505)
Email: alex.brown@lanierlawfirm.com    111 Congress Avenue
Email: zeke.derose@lanierlawfirm.com   Suite 500
                                       Austin, TX 78701
                                       Email: zina.bash@kellerpostman.com

                                       */s/ Noah S. Heinz*
                                       Noah S. Heinz (*pro hac vice*)
                                       1101 Connecticut Ave., N.W.
                                       11th Floor
                                       Washington, DC 20036
                                       Email: noah.heinz@kellerpostman.com

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm Only), Mississippi, North Dakota, South Carolina, and South Dakota.*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General of Texas

*/s/ Trevor E.D. Young*
Brent Webster, First Assistant Attorney
General of Texas
Brent.Webster@oag.texas.gov
James Lloyd, Deputy Attorney General for
Civil Litigation
James.Lloyd@oag.texas.gov
Trevor E. D. Young, Deputy Chief,
Antitrust Division
Trevor.Young@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL OF
TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on July 9, 2024, this document was filed electronically in compliance with

Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per

Local Rule CV-5(a)(3)(A).

> *<u>/s/ Noah S. Heinz</u>*
> Noah S. Heinz