# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**META PLATFORMS, INC.**<br><br>Defendant. | Civil Action No. 1:20-cv-03590 (JEB) |

## JOINT [PROPOSED] SCHEDULING ORDER

Pursuant to the Initial Scheduling Conference held February 28, 2022, and the Joint Rule 16.3 Report previously submitted by the Parties, the Court ORDERS that the following schedule shall govern further proceedings:

1. The deadline for amendment of pleadings or joinder was February 15, 2022;

2. The deadline for initial disclosures was February 22, 2022;

3. The deadline for Plaintiff to substantially complete the production of its investigatory file was February 28, 2022;

4. Fact discovery shall close on May 22, 2023;

5. Plaintiff's Rule 26(a)(2) expert disclosures shall be served July 3, 2023; Defendant's Rule 26(a)(2) expert disclosures shall be served September 5, 2023; Plaintiff's rebuttal expert reports shall be served November 6, 2023; expert discovery shall close on January 5, 2024.

6. No discovery motions may be filed without leave of court. In the event that a discovery dispute arises, the Parties shall make a good faith effort to resolve or

1

narrow the areas of disagreement. If the Parties are unable to resolve the discovery dispute, the Parties shall jointly call chambers at (202) 354-3300, at which time the Court will either rule on the issue or determine the manner in which it will be handled; and

7. Parties may not extend any deadline by stipulation; instead, parties must seek extensions by motion. Consent motions are generally looked upon with favor by the Court.

Upon consideration of the Parties Joint Rule 16.3 Report, the Court further ORDERS that the following provisions shall govern the proceedings:

8. **Bifurcation.** There will be a first phase that will address only the Defendant's liability under the antitrust laws. If the Court renders a decision finding the Defendant liable, then the Court will hold a separate proceeding regarding any remedies for any violations of the antitrust laws that it finds. The provisions set forth below relating to discovery shall not apply to any additional discovery to facilitate a remedy phase.

9. **Discovery of Confidential Information.** Discovery and production of confidential information will be governed by the Protective Order and the ESI Order to be entered by the Court in this action. No deadline in this order shall override any deadline set forth in the Protective Order or ESI Order. When sending discovery requests, notices, and subpoenas to Nonparties, the Parties must include copies of any Protective Order in effect at the time.

10. **Document Requests.** The Parties must serve any objections to requests for productions of documents within **[30]** days as required by Federal Rule of Civil Procedure 34. Within **[14]** calendar days of service of any objections to a request

for production, the Parties must meet and confer to attempt to resolve any objections and to agree on materials to be searched.

11. **Interrogatories.** The Parties must respond and serve any objections to interrogatories within **[30]** calendar days as required by Federal Rule of Civil Procedure 33. Within **[14]** calendar days of service of any objections, the Parties must meet and confer to attempt to resolve any objections and to discuss whether the request may be satisfied by the production of documents or structured data. Each Party is limited to **[30]** interrogatories in total (including discrete subparts). Each Party reserves the right to ask the Court for leave to serve additional interrogatories.

12. **Requests for Admission.** Each Party is limited to **[35]** requests for admission in total. Each Party reserves the right to ask the Court for leave to serve additional requests for admission. Requests for admission relating solely to the authentication of documents, data, or other evidence (which are issues that the Parties must attempt to resolve initially through negotiation) do not count against these limits. The close of fact discovery shall not preclude requests for admission regarding the authentication of exhibits.

13. **Discovery on Nonparties.** Each Party must serve upon the other Party a copy of any discovery request served electronically on any Nonparty at the same time it is served on the Nonparty. A requesting Party must provide the other Party with a written record of any oral or written modifications, extensions, or postponements to the discovery request within **[5]** business days of the modification, extension, or postponement.

14. **Depositions.**

   a. **Number of Depositions.** Each Party is limited to 840 total deposition hours for fact witnesses. The hours limit refers to time of testimony actually taken on the record. Plaintiff may take a maximum of 42 hours of Federal Rule of Civil Procedure 30(b)(6) deposition testimony from Defendant, not including any time devoted to issues regarding Defendant's data.

   The following do not count against the above deposition limits: (a) depositions of the Parties' designated expert witnesses; (b) sworn testimony previously taken during the FTC's pre-Complaint investigation or in any other litigation or government investigation; and (c) depositions taken for the sole purpose of establishing the authenticity of documents, provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing authenticity.

   b. **Notice of Depositions.** Within [10] calendar days of receipt of a deposition notice, the noticed Party or Nonparty must provide any objections it intends to assert in response to that deposition notice, and, if relevant, an alternative date on which witnesses will be made available for testimony. Parties and Nonparties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay. If a witness is a former employee of any Party or Nonparty, upon receipt of a deposition notice for the former employee, that Party or Nonparty shall, within [10] calendar days of the deposition notice, provide the date of departure and last known address of the former employee, state whether counsel for the Party or

4

Nonparty can accept service of the notice, and state whether the counsel for the Party or Nonparty will be representing the witness in connection with the deposition and, if not, provide the name and contact information for the witness's counsel or state that counsel for the Party or Nonparty is unaware that the witness is represented by counsel.

If a Party serves a subpoena for the production of documents or electronically stored information on a Party or Nonparty and a subpoena commanding attendance at a deposition by a witness employed by such Party or Nonparty, the Party serving those subpoenas must schedule the witness's deposition for a date at least **[14]** calendar days after the return date for the document subpoena. If the return date for the document subpoena is extended: absent consent of both Plaintiff and Defendant, the deposition must be postponed to a date at least **[14]** calendar days following the date of production of substantially all documents required by the subpoena (as modified by any negotiations regarding subpoena compliance) (a) with respect to which the witness is an author, addressee, recipient, or custodian; and (b) are contained in a shared filing location or other electronic or physical repository that the witness accessed in the ordinary course of business.

For any deposition lasting longer than **[7]** hours, either Party or the witness may demand that the time remaining after the seventh hour be carried over to be completed on the next consecutive business day, or as soon as possible consistent with the convenience of the witness and the Parties.

   c. **Allocation of Time During Depositions.**

5

1. *Defendant's current employees*: During the deposition of a current employee of Defendant, Plaintiff may examine the witness for up to 7 hours.

2. *Defendant's former employees*: (a) if the deposition of a former employee of Defendant is noticed only by one Party, the non-noticing Party may question the witness for up to 1 hour at the conclusion of the noticing Party's examination, which shall last no more than 6 hours; (b) if the deposition of a former employee of Defendant is noticed by both Parties, then the deposition will be **[10]** hours and will be divided equally between the Parties. Any time allotted to one Party not used by that Party in a deposition of a former employee of Defendant may not be used by the other Party.

3. *Nonparty witnesses who are not a former employee of Defendant*: (a) if the deposition is noticed by only one Party, the non-noticing Party may question the witness for up to 1 hour at the conclusion of the noticing Party's examination, which shall last no more than 6 hours; (b) if the deposition is noticed by both Parties, then the deposition will be **[10]** hours and will be divided equally between the Parties. Any time allotted to one Party not used by that Party in a Nonparty deposition may not be used by the other Party.

15. **Inadvertent Production of Privileged Information.** Inadvertent production of privileged information shall be governed by the terms of a Court order under Federal Rule of Evidence 502(d).

16. **Privilege Logs.** The Parties agree that the following privileged or otherwise protected communications shall not be the subject of discovery, need not be preserved, and need not be placed on a privilege log: email, notes, drafts, communications, memoranda, documents, or other work product produced by or exchanged solely among and between: (a) outside counsel[1] for the Defendant; (b) outside counsel for Defendant and/or In-House counsel (as that term is defined in the Protective Order in this action) employed by Defendant and counsel for Parties with common legal interest in defending potential or current litigation against Meta; (c) In-House Counsel (as that term is defined in the Protective Order in this action) employed by Defendant on topics relating to potential or current litigation against Meta; (d) counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission); (e) counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission) and counsel for a plaintiff with which the FTC shares a common legal interest in pursuing or exploring litigation against Meta; (f) counsel for the Federal Trade Commission (or persons employed by the Federal Trade Commission) and counsel employed by any executive-branch agency of the federal government. When responsive or non-responsive, privileged documents described in this Paragraph are attached to responsive non-privileged documents that are produced in whole or in part, however, the producing Party will insert a placeholder to indicate a document has been withheld from that family.

---

[1] As used in this Paragraph, "counsel" includes attorneys, economists or other experts assisting counsel, paralegals, assistants, and those acting on behalf of counsel.

7

17. **Privilege Log Timing and Format.** If a producing party redacts documents within a production or withholds documents from a production as privileged, it shall provide a privilege log relating to those documents within **[45]** calendar days after completion of production for each set of requests for production. All privilege logs shall be provided in Excel format.

18. **Expert Witness Disclosures – Materials Protected from Disclosure.** The following information, documents, and materials are not discoverable, and need not be preserved or disclosed for purposes of complying with Federal Rule of Civil Procedure 26(a)(2), 26(b)(4), or any other rule, including testimony at deposition, hearing, or trial, unless such materials provide the only record of a fact or assumption that the expert relied on in forming the opinions to be expressed: (a) any form of oral or written communications, correspondence, or work product shared between: (i) the expert and any persons assisting the expert; (ii) Plaintiff's counsel and Plaintiff's experts, or between any agent or employee of Plaintiff's counsel and Plaintiff's experts; (iii) Meta's counsel and Meta's experts, or between any agent or employee of Meta's counsel and Meta's experts; (iv) testifying and non-testifying experts; (v) non-testifying experts; or (vi) testifying experts; (b) expert's notes, except for notes of interviews if the expert relied upon the notes in forming any opinions in his or her final report; (c) drafts of expert reports, affidavits, or declarations or comments, mark-ups, or edits prepared in connection with such drafts; and (d) data formulations, data runs, data analyses, surveys, studies, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

19. **Expert Witness Disclosures – Materials To Be Disclosed**. Subject to the limitations of the prior paragraph, the Parties agree that the following materials will be disclosed within **[2]** calendar days of when each expert report is served, or, for those materials to be made available upon request, within **[7]** calendar days of the request: (a) a list of all documents relied upon by the expert in forming any opinions in his or her report, including Bates numbers of documents previously produced; (b) a list of all publications authored by the expert in the previous **[10]** years; (c) upon reasonable request, copies of all publications authored by the expert in the previous **[10]** years that are not readily available publicly; and (d) for all calculations or other quantitative analyses appearing in the report, the data set and programs underlying such calculations or quantitative analyses that were relied upon by the expert, including the programs and codes necessary to recreate the calculations or quantitative analyses from the data set.

20. **Expert Depositions**. Each expert may be deposed for **[7]** hours. The Parties may request additional time only upon a particularized showing of good cause made to the Court. Depositions of each Party's experts will be conducted only after disclosure of all expert reports and materials to be disclosed.

21. **Service of Pleadings and Discovery on Other Parties**. Service of all pleadings must be made by ECF (which will send notice to all Parties and Nonparties registered with ECF). Service of all trial subpoenas and discovery requests on a Party (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by email to the persons whose email is listed below. If the

volume of attachments makes service by email or ECF impracticable, a Party shall make service via a Secure FTP service or overnight delivery to the persons listed below. Service of trial subpoenas and discovery requests on a Nonparty (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45) may be made by email when the Nonparty or counsel for the Nonparty consents, or when service is made by email on a counsel who enters an appearance in this action on behalf of the Nonparty. Service via email will be considered equivalent to service by hand.

    For Plaintiff FTC:
        Daniel Matheson
        Owen Masters
        Michael Smith
        Sunila Steepen
        Dominique Wilson
        Krisha Cerilli
        Robert Zuver
        Maggie DiMoscato
        Federal Trade Commission
        600 Pennsylvania Ave. N.W.
        Washington D.C. 20580
        Tel: 202-326-2075
        dmatheson@ftc.gov
        omasters@ftc.gov
        msmith9@ftc.gov
        dwilson1@ftc.gov
        ssteephen@ftc.gov
        kcerilli@ftc.gov
        rzuver@ftc.gov
        mdimoscato@ftc.gov

    For Defendant Meta:
        Mark C. Hansen
        Kevin B. Huff
        Kenneth M. Fetterman
        Geoffrey M Klineberg
        Kevin J. Miller
        Aaron M. Panner

        Alex A. Parkinson
        Ana Nikolic Paul
        Aaseesh P. Polavarapu
        Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
        1615 M Street, N.W. Suite 400
        Washington, DC 20036
        Tel: 202-326-7900
        mhansen@kellogghansen.com
        khuff@kellogghansen.com
        kfetterman@kellogghansen.com
        gklineberg@kellogghansen.com
        kmiller@kellogghansen.com
        apanner@kellogghansen.com
        aparkinson@kellogghansen.com
        apaul@kellogghansen.com
        apolavarapu@kellogghansen.com

        Sonal N. Mehta
        Wilmer Cutler Pickering Hale & Dorr LLP
        2600 El Camino Real, Suite 400
        Palo Alto, CA 94306
        Tel: 650-858-6000
        sonal.mehta@wilmerhale.com

        David Gringer
        Wilmer Cutler Pickering Hale & Dorr LLP
        7 World Trade Center
        250 Greenwich Street
        New York, NY 10007
        Tel: 212-230-8800
        david.gringer@wilmerhale.com

        James P. Rouhandeh
        Michael Scheinkman
        Davis Polk & Wardwell LLP
        450 Lexington Avenue
        New York, NY 10017
        Tel: 212-450-4000
        rouhandeh@davispolk.com
        michael.scheinkman@davispolk.com

22.     **Nationwide Service of Process**. Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the Parties will be

allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23 to issue from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

23. **Joint Status Reports.** The Parties shall jointly submit a status report on May 31, 2022; August 31, 2022; November 30, 2022; February 28, 2023; and May 31, 2023.

**SO ORDERED.**

DATED: 3/3/22

Honorable James E. Boasberg
United States District Judge