# EXHIBIT I

THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

FEDERAL TRADE COMMISSION, *et al.*,

        Plaintiffs,

        v.

AMAZON.COM, INC., a corporation,

        Defendant.

CASE NO.: 2:23-cv-01495-JHC

**PLAINTIFFS' MOTION TO BIFURCATE**

NOTE ON MOTION CALENDAR: March 15, 2024

*ORAL ARGUMENT REQUESTED*

1

# TABLE OF CONTENTS

2   INTRODUCTION ................................................................................................ 1

3   BACKGROUND ................................................................................................. 1

4   LEGAL STANDARD.......................................................................................... 2

5   ARGUMENT ...................................................................................................... 2

6   I.    COURTS COMMONLY SPLIT COMPLEX ANTITRUST CASES INTO SEPARATE

7         LIABILITY AND REMEDY PHASES FOR PURPOSES OF CONVENIENCE AND

8         JUDICIAL ECONOMY. .......................................................................... 3

9   II.   BIFURCATING THE LIABILITY AND REMEDIES PHASES OF THIS CASE

10        WOULD BE CONVENIENT AND PROMOTE JUDICIAL ECONOMY...................... 6

11  III.  AMAZON'S ARGUMENTS AGAINST BIFURCATION HIGHLIGHT THE NEED

12        FOR BIFURCATION. ............................................................................ 8

13  CONCLUSION................................................................................................ 12

14

15

16

17

18

19

20

21

22

23

24

MOTION TO BIFURCATE - i
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

*City of Anaheim v. S. Cal. Edison Co.*,
   955 F.2d 1373 (9th Cir. 1992) ................................................................................. 7

*Estate of Diaz v. City of Anaheim*,
   840 F.3d 592 (9th Cir. 2016) ................................................................................. 2

*F & G Scrolling Mouse, L.L.C. v. IBM Corp.*,
   190 F.R.D. 385 (M.D.N.C. 1999) ........................................................................ 11

*Ford Motor Co. v. United States*,
   405 U.S. 562 (1972)................................................................................................ 5

*FTC v. Meta Platforms, Inc.*,
   No. 1:20-cv-03590 (D.D.C. Mar. 3, 2022), Dkt. #103 .......................................... 6

*Gaekwar v. Amica Mut. Ins. Co.*,
   2024 WL 85089 (W.D. Wash. Jan. 8, 2024) ...................................................... 10

*Goldfarb v. Va. State Bar*,
   421 U.S. 773 (1975)................................................................................................ 3

*Greening v. B.F. Goodrich Co.*,
   1993 WL 134781 (N.D. Ill. Apr. 23, 1993) ........................................................ 11

*In re Data Gen. Corp. Antitrust Litig.*,
   490 F. Supp. 1089 (N.D. Cal. 1980)..................................................................... 3

*In re Google Play Store Antitrust Litig.*,
   No. 3:21-md-02981 (N.D. Cal. Jan. 18, 2024), Dkt. #917 ................................... 6

*In re High Fructose Corn Syrup Antitrust Litig.*,
   295 F.3d 651 (7th Cir. 2002) ................................................................................. 4

*Hirst v. Gertzen*,
   676 F.2d 1252 (9th Cir. 1982) ............................................................................. 10

*Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*,
   2023 WL 5177501 (N.D. Ill. Aug. 11, 2023) ............................................... 4, 5, 7

*Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*,
   No. 1:11-cv-8808 (N.D. Ill. Nov. 27, 2023), Dkt. #587 ..................................... 11

*In re Master Key Antitrust Litig.*,
   528 F.2d 5 (2d Cir. 1975) ...................................................................................... 3

*Navellier v. Sletten*,
   262 F.3d 923 (9th Cir. 2001) ............................................................................... 11

MOTION TO BIFURCATE - ii
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

*NCAA v. Alston*,
  594 U.S. 69 (2021) ........................................................................................... 9

*New York v. Microsoft Corp.*,
  224 F. Supp. 2d 76 (D.D.C. 2002) .................................................................. 10

*Oltz v. St. Peter's Cmty. Hosp.*,
  19 F.3d 1312 (9th Cir. 1994) ............................................................................ 3

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,
  20 F.4th 466 (9th Cir. 2021) ............................................................................. 5

*Reines Distribs., Inc. v. Admiral Corp.*,
  257 F. Supp. 619 (S.D.N.Y. 1965) ............................................................... 4, 5

*Union Carbide Corp. v. Montell N.V.*,
  28 F. Supp. 2d 833 (S.D.N.Y. 1998) ................................................................ 4

*United States v. Am. Express Co.*,
  No. 1:10-cv-04496 (E.D.N.Y. Feb. 19, 2015), Dkt. #620 ............................... 10

*United States v. Boeing Co.*,
  2023 WL 5836487 (W.D. Wash. Aug. 31, 2023) .............................................. 2

*United States v. Google LLC*,
  No. 1:20-cv-03010, (D.D.C. Dec. 6, 2021), Dkt. #264 ..................................... 6

*United States v. Google LLC*,
  No. 1:23-cv-00108 (E.D. Va. June 11, 2023), Dkt. #283 .................................. 6

*United States v. Grinnell Corp.*,
  384 U.S. 563 (1966) ........................................................................................... 9

*United States v. Microsoft Corp.*,
  253 F.3d 34 (D.C. Cir. 2001) (en banc) (per curiam) ................................... 5, 8

*United States v. U.S. Gypsum Co.*,
  340 U.S. 76 (1950) ........................................................................................... 9

*Wall Prods. Co. v. Nat'l Gypsum Co.*,
  357 F. Supp. 832 (N.D. Cal. 1973) ................................................................... 3

*Yanni v. City of Seattle*,
  2005 WL 2180011 (W.D. Wash. Sept. 9, 2005) .............................................. 10

*Zivkovic v. S. Cal. Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002) ........................................................................... 2

1

**Rules**

2

Fed. R. Civ. P. 42(b) ................................................................................................ 2

3

**Other Authorities**

4

Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* (5th ed. 2020) ....................................................................... 3, 4

Charles A. Wright & Arthur R. Miller,
*Federal Practice & Procedure* (3d ed. 2016) ........................................................... 3

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# INTRODUCTION

Plaintiffs move to bifurcate this action into two separate proceedings: a trial solely on liability to be followed by a proceeding on remedies. By first addressing liability, Plaintiffs will be able to present a streamlined case focused on showing the Court how Amazon has violated the law and harmed competition to the detriment of shoppers and sellers. Once the Court finds Amazon liable, the Parties would then move to a remedy proceeding tailored to the Court's specific findings on liability. Bifurcation allows the Parties to make focused presentations at each stage, thereby reducing the overall burden on the Parties, the Court, and non-party witnesses alike. Given the efficiencies associated with proceeding in this manner, Plaintiffs respectfully ask this Court to order that the trial be bifurcated.

# BACKGROUND

Plaintiffs filed this suit to challenge the illegal course of exclusionary conduct Amazon deploys to block competition, stunt rivals' growth, and cement its dominance to the detriment of the tens of millions of American households who regularly shop on Amazon's online superstore and the hundreds of thousands of businesses who rely on Amazon to reach them. (¶¶ 3, 7.)[1] Plaintiffs allege that Amazon has illegally maintained monopoly power in two discrete but interrelated markets (¶¶ 117-19) through intricate schemes that span more than a decade (¶¶ 257-415). Plaintiffs collectively bring twenty claims against Amazon under the FTC Act, the Sherman Act, and state competition and consumer protection laws. (¶¶ 442-564.) Plaintiffs seek, among other relief, equitable relief necessary to "redress and prevent recurrence of Amazon's violations of the law" and "restore fair competition and remedy the harm to competition caused by Amazon's violations of the law," along with "any additional relief the Court finds just and proper."

---

[1] Citations in the form (¶ __) are to Plaintiffs' Complaint, Dkt. #114.

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1  (Complaint, Dkt. #114 at 148-49.) Plaintiff States also seek equitable monetary relief and the costs

2  of suit. (*Id.* at 149.)

3      While Plaintiffs and Amazon appear to agree that fact discovery should encompass both

4  liability and remedy issues, Amazon opposed Plaintiffs' proposal "that trial should address only

5  Amazon's liability under Section 5 of the FTC Act, Section 2 of the Sherman Act, and applicable

6  state competition and consumer protection laws." (Joint Status Report, Dkt. #135 at 44-45.)

7  Plaintiffs now move for bifurcation consistent with the Case Scheduling Order (Dkt. #159).

8                              **LEGAL STANDARD**

9      Federal Rule of Civil Procedure 42(b) allows "the court [to] order a separate trial of one

10 or more separate issues" "[f]or convenience, to avoid prejudice, or to expedite and economize."

11 Rule 42(b) "confers broad discretion upon the district court to bifurcate a trial, thereby deferring

12 costly and possibly unnecessary proceedings pending resolution of potentially dispositive

13 preliminary issues." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also*

14 *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) ("It is clear that Rule 42(b)

15 gives courts the authority to separate trials into liability and damages phases." (cleaned up)). In

16 considering a motion for bifurcation, "[c]ourts weigh several factors, including convenience,

17 prejudice, and judicial economy in determining whether to phase or bifurcate proceedings."

18 *United States v. Boeing Co.*, 2023 WL 5836487, at *2 (W.D. Wash. Aug. 31, 2023). Bifurcation

19 should "be encouraged where experience has demonstrated its worth." Fed. R. Civ. P. 42(b)

20 advisory committee's notes to 1966 amendment.

21                              **ARGUMENT**

22      Complex antitrust cases, like this one, are often bifurcated into separate liability and

23 remedies proceedings to increase convenience and judicial economy. (§ I.) The rationale for

24 bifurcation applies with particular force here given the scope of the allegations and the role the

MOTION TO BIFURCATE - 2
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   Court's findings on liability will play in guiding the Parties' remedies arguments. (§ II.) Amazon's

2   arguments against bifurcation are unpersuasive and actually underscore why bifurcation is

3   especially appropriate here. (§ III.)

## I.   COURTS COMMONLY SPLIT COMPLEX ANTITRUST CASES INTO SEPARATE LIABILITY AND REMEDY PHASES FOR PURPOSES OF CONVENIENCE AND JUDICIAL ECONOMY.

7        Bifurcating liability and relief into separate proceedings in especially complex cases is a

8   common and "obvious" application of Rule 42(b) because "liability must be resolved before

9   damages are considered." 9A Charles A. Wright & Arthur R. Miller, *Federal Practice &*

10   *Procedure* § 2390 (3d ed. 2016). Courts have often found complex antitrust cases well-suited for

11   bifurcation due to the intricacy of the liability issues and the efficiencies in addressing each phase

12   separately. *See id.* (noting that "a significant number of federal courts, in many different kinds of

13   civil litigation, have ordered the questions of liability and damages to be tried separately, for

14   example *in cases involving antitrust*" (emphasis added)); *accord Goldfarb v. Va. State Bar*, 421

15   U.S. 773, 778 (1975) (district court conducted bench trial "solely on the issue of liability" in case

16   brought under the Sherman Act for injunctive relief and damages); *Oltz v. St. Peter's Cmty. Hosp.*,

17   19 F.3d 1312, 1313 (9th Cir. 1994) (bifurcated antitrust trial on liability and remedies); *In re Data*

18   *Gen. Corp. Antitrust Litig.*, 490 F. Supp. 1089, 1099 (N.D. Cal. 1980) (same); *Wall Prods. Co. v.*

19   *Nat'l Gypsum Co.*, 357 F. Supp. 832, 834 (N.D. Cal. 1973) (same); *see also, e.g.*, *In re Master Key*

20   *Antitrust Litig.*, 528 F.2d 5, 15 (2d Cir. 1975) (recognizing that "bifurcated trials have frequently

21   been employed with great success [including] in antitrust suits").

22        Resolving complex antitrust cases is often a significant undertaking. *See generally* 3B

23   Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and*

24   *Their Application* ("Areeda & Hovenkamp") ¶ 311a (5th ed. 2020) ("[A]n antitrust case may

MOTION TO BIFURCATE - 3
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    involve so many issues, documents, witnesses, and lawyers as to defy comprehension . . . .").

2    Bifurcating remedy proceedings from the underlying resolution of liability allows the factfinder to

3    address each of these complex issues independently, promoting the efficient development and

4    presentation of evidence on the merits. *See, e.g.*, *In re High Fructose Corn Syrup Antitrust Litig.*,

5    295 F.3d 651, 666 (7th Cir. 2002) (Posner, J.) ("No doubt in view of the complexity of [this

6    antitrust] case the judge will also want to bifurcate the trial, that is, to have a trial on liability first

7    and only if the jury finds that the defendants violated the law to conduct a trial to determine the

8    plaintiffs' damages."); *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, 2023 WL 5177501,

9    at *10-13 (N.D. Ill. Aug. 11, 2023) (recognizing that "antitrust cases are often strong candidates

10    for bifurcation" given their complexity and granting motion to bifurcate trial into liability and

11    damages phases in part to avoid "add[ing] another layer of complexity to an already complex

12    trial"); *Union Carbide Corp. v. Montell N.V.*, 28 F. Supp. 2d 833, 837-38 (S.D.N.Y. 1998)

13    (ordering bifurcation to "[s]egment[] difficult issues of liability and damages" in antitrust case

14    involving "voluminous evidence and difficult concepts lying at the crossroads of law and

15    economics" where "[c]onfronting one complex set of issues at a time" would reduce potential

16    confusion); *Reines Distribs., Inc. v. Admiral Corp.*, 257 F. Supp. 619, 621 (S.D.N.Y. 1965) ("The

17    inherent complexity of an antitrust case is itself a factor promoting a separate trial of an issue in

18    such a case where the result of the separate trial may simplify the litigation.").

19          Moreover, it is often efficient to address how a monopolist violated the law separately from

20    how to appropriately remedy that violation given the wide variety of relief that may be necessary.

21    Equitable relief may need to be much broader than simply ordering the monopolist to cease the

22    illegal conduct. "The principal purpose of equitable relief" in monopolization cases "is not to

23    punish violations but to restore competitive conditions—the 'undoing' of what the antitrust

24    violation achieved." 3D Areeda & Hovenkamp ¶ 325c. Accordingly, if a district court concludes

MOTION TO BIFURCATE - 4
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

that monopolization has occurred, "the available injunctive relief is broad" because the court must "terminate the illegal monopoly, deny to defendant the fruits of its statutory violation, and ensure that there remain no practices likely to result in monopolization in the future." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 20 F.4th 466, 486 (9th Cir. 2021) (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 103 (D.C. Cir. 2001) (en banc) (per curiam)); *accord Ford Motor Co. v. United States*, 405 U.S. 562, 573 (1972) (holding that antitrust relief must restore competition).

In order to efficiently carry out this broad mandate, courts often bifurcate complex antitrust cases to allow the remedies proceeding to be tailored to the specific violations found by the court. The court cannot craft appropriate injunctive relief until it knows "the wrong creating the occasion for the remedy." *Microsoft*, 253 F.3d at 107. Separate proceedings can thus be more efficient because the scope and specifics of any remedy depend on the scope and specifics of the court's liability determination. *Cf. id.* at 103-05 (vacating district court's remedy decree because court of appeals revised underlying bases of liability, requiring district court to reevaluate remedy based on new scope of liability). When proceedings are not bifurcated in cases with a broad scope, witnesses may have to testify about a range of potential remedies covering all possible liability outcomes. This could result in the parties litigating—and the court considering—remedies that may ultimately be foreclosed by the court's liability determinations, thereby reducing judicial economy. *See Kraft Foods*, 2023 WL 5177501, at *10 (bifurcation allows the parties and the court to focus on remedies that are "actually in play after [a] liability verdict"). And, as courts have recognized, bifurcation may obviate the need for a remedies proceeding altogether. *See, e.g.*, *Reines Distribs.*, 257 F. Supp. at 621 ("If plaintiff should lose on [liability], the issue[] of . . . damage[s] . . . will be out of the case and there will be neither duplication nor cumulation." (cleaned up)).

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Given the benefits that bifurcation can bring, it is unsurprising that courts overseeing recent

2    complex monopolization cases concerning online markets have bifurcated proceedings into bench

3    trials on liability followed by separate tailored proceedings on remedies. *See United States v.*

4    *Google LLC*, No. 1:20-cv-03010 (D.D.C. Dec. 6, 2021), Dkt. #264 ("The Court finds that, to the

5    extent necessary, holding separate trials on the issues of liability and remedies will be more

6    convenient for the Court and the Parties, and will expedite and economize this litigation."); *FTC*

7    *v. Meta Platforms, Inc.*, No. 1:20-cv-03590 (D.D.C. Mar. 3, 2022), Dkt. #103 ("There will be a

8    first phase that will address only the Defendant's liability under the antitrust laws. If the Court

9    renders a decision finding the defendant liable, then the Court will hold a separate proceeding

10   regarding any remedies for any violations of the antitrust laws that it finds."); *accord United States*

11   *v. Google LLC*, No. 1:23-cv-00108 (E.D. Va. June 11, 2023), Dkt. #283 ("In the event plaintiffs

12   obtain a jury verdict [in] their favor on liability and monetary damages, the court will promptly

13   convene a status conference to discuss whether plaintiffs wish to pursue equitable relief based on

14   the jury's verdict, what equitable relief plaintiffs intend to pursue, the schedule for exchanging

15   expert reports addressing the specific equitable remedy or remedies being sought, the schedule for

16   briefing by the parties, and a date for the hearing."); *In re Google Play Store Antitrust Litig.*,

17   No. 3:21-md-02981 (N.D. Cal. Jan. 18, 2024), Dkt. #917 (noting court's intention to "hear from

18   the parties' economist experts at [an] evidentiary hearing on the issue of an appropriate conduct

19   remedy" following jury trial on liability that resulted in verdict in favor of plaintiff).

20   **II.    BIFURCATING THE LIABILITY AND REMEDIES PHASES OF THIS CASE**

21         **WOULD BE CONVENIENT AND PROMOTE JUDICIAL ECONOMY.**

22         This case is broader in scope and complexity than a typical antitrust case. As such, the

23   rationales related to convenience and judicial economy that courts have applied in other complex

24   antitrust cases when ordering bifurcation weigh in favor of separate proceedings here.

1       As discussed above, remedying monopolization requires not only halting illegal conduct,
2   but also restoring competition. (*See* § I.) To craft an appropriate remedy here, the Court will need
3   to understand the mechanics of how Amazon has violated the law to fashion injunctive relief
4   sufficient to return the markets to the states they would have been in absent Amazon's illegal
5   conduct. The scope of the inquiry on remedies combined with the scope of Amazon's challenged
6   practices heightens the benefits of holding a separate liability trial.

7       Plaintiffs allege Amazon has used many different programs, business units, and tactics to
8   illegally maintain its monopolies in two separate but interrelated markets. Contractual price parity
9   clauses, Select Competitor–Featured Offer Disqualification, Amazon Standards for Brands,
10  Customer Experience Ambassadors, and a first-party anti-discounting algorithm all contribute to
11  Amazon's long-term strategy of punishing online discounting. (¶¶ 272-304, 326-32.) Amazon also
12  uses Prime eligibility, the Featured Merchant Algorithm, Fulfillment by Amazon, and Seller
13  Fulfilled Prime to reduce seller multihoming. (¶¶ 351-60, 397-409.) And Amazon used Project
14  Nessie to raise prices by manipulating other online stores' pricing algorithms. (¶¶ 416-32.) The
15  Court must assess Amazon's tactics holistically and examine the cumulative impact of Amazon's
16  unlawful behavior. *See City of Anaheim v. S. Cal. Edison Co.*, 955 F.2d 1373, 1376 (9th Cir. 1992)
17  ("[I]t would not be proper to focus on the specific individual acts of an accused monopolist while
18  refusing to consider their overall combined effects."); Plaintiffs' Opposition to Amazon's Motion
19  to Dismiss, Dkt. #149 at 6-8. A separate trial on liability would allow the Court to make this holistic
20  assessment in the context of focused presentations about how Amazon's various tactics fit
21  together. Simultaneously evaluating remedy issues and Amazon's liability for its course of
22  conduct, on the other hand, would "add another layer of complexity to an already complex trial."
23  *Kraft Foods*, 2023 WL 5177501 at *11.

24

MOTION TO BIFURCATE - 7
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    The number and variety of laws Amazon has violated also favors bifurcation. Several

2    Plaintiff States allege that Amazon has engaged in deceptive acts or practices in addition to unfair

3    and anticompetitive conduct. (¶¶ 513, 522(c), 541-52.) These claims differ from Plaintiffs'

4    antitrust claims and will require independent analysis of applicable remedies. Certain Plaintiff

5    States have also raised state law claims for equitable monetary relief, including disgorgement.

6    (*See, e.g.*, ¶¶ 482(a), 507(a), 521(b), 523(b), 540, 552, 561.) Plaintiff FTC also alleges that Amazon

7    has engaged in unfair methods of competition in violation of Section 5 of the FTC Act (¶¶ 454-63),

8    a law with a broader reach than the Sherman Act. *See* Plaintiffs' Opposition to Amazon's Motion

9    to Dismiss, Dkt. #149 at 18-20. The scope of claims advanced here thus increases the breadth of

10   issues to be decided beyond those normally at issue in an antitrust case, and further supports

11   streamlining an already complex trial.

12       In addition, bifurcation will simplify the proceedings on remedies and save the Court and

13   the Parties significant time and resources by enabling the Parties to tailor presentations on remedies

14   to the Court's liability findings. (*See* § I above.) For example, the Court's findings regarding how

15   each strain of Amazon's anticompetitive conduct amplifies the effects of every other

16   anticompetitive behavior it has engaged in will impact what equitable relief may be necessary to

17   "unfetter [the] market[s] from anticompetitive conduct." *Microsoft*, 253 F.3d at 103 (quoting *Ford*

18   *Motor Co.*, 405 U.S. at 577).

19       For the reasons explained above, adoption of Plaintiffs' bifurcation proposal would make

20   the proceedings more convenient for the Parties and the Court and promote judicial economy.

21   **III.    AMAZON'S ARGUMENTS AGAINST BIFURCATION HIGHLIGHT THE NEED**

22   **FOR BIFURCATION.**

23       Amazon claims that bifurcation will result in "massive duplication" because determining

24   liability requires "pressure testing . . . what the remedy would be" and that bifurcation would

MOTION TO BIFURCATE - 8
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    therefore require some witnesses to testify during both phases. (February 8, 2024 Scheduling

2    Conference Tr. at 9:23-10:11; *id*. at 11:24-12:3.) Amazon's arguments are not persuasive; in fact,

3    they show why bifurcation would be useful and appropriate.

4         Amazon's argument against bifurcation confuses the remedy phase of an antitrust case with

5    the much narrower question that may be relevant within the liability analysis of whether

6    "substantially less restrictive means exist to achieve any proven procompetitive benefits." *NCAA*

7    *v. Alston*, 594 U.S. 69, 100 (2021). (*See*, *e.g.*, Scheduling Conference Tr. at 10:5-11 ("[I]f you're

8    attacking something that, in their words, goes to the core of our operations, which we deem to be

9    exceptionally pro-customer, we have to talk about what is it they think should be different, and

10   we're going to have to talk about that in the liability phase. So we're going to end up in a situation

11   where there's just a lot of repetition, if there's a separate remedy phase.").) At the liability phase,

12   the Court may need to probe alternative conduct Amazon could have engaged in if—and only if—

13   Amazon proves that its anticompetitive conduct also has cognizable procompetitive benefits. But

14   the "less restrictive alternatives" issue is very different and much more circumscribed than

15   deciding appropriate remedies after liability is established. The purpose of the "less restrictive

16   alternative" inquiry at the liability phase is to determine whether a restraint with anticompetitive

17   effects is unreasonably broad—that is, broader than necessary to achieve its purported

18   procompetitive justification. *See Alston*, 594 U.S. at 100-01. This is a fundamentally different

19   inquiry than the one the court must engage in to fashion an appropriate equitable remedy, where

20   its task is to "cure the ill effects of the illegal conduct, and assure the public freedom from its

21   continuance." *United States v. U.S. Gypsum Co.*, 340 U.S. 76, 88 (1950); *see also United States v.*

22   *Grinnell Corp.*, 384 U.S. 563, 577 (1966) ("[A]dequate relief in a monopolization case should put

23   an end to the combination and deprive the defendants of any of the benefits of the illegal conduct,

24   and break up or render impotent the monopoly power found to be in violation of the Act.").

MOTION TO BIFURCATE - 9
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    Amazon's improper conflation of these issues helps to show why bifurcation is needed. *See Hirst*

2    *v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982) (upholding bifurcation in part because "certain

3    evidence relevant [to the second proceeding] might [have] tend[ed] to obscure the more

4    fundamental question [in the first proceeding]").

5            Amazon's contention that bifurcation would require presenting the same evidence twice is

6    without merit. The remedies phase may not require additional witness testimony. *See, e.g.*, *United*

7    *States v. Am. Express Co.*, No. 1:10-cv-04496 (E.D.N.Y. Feb. 19, 2015), Dkt. #620 (ordering,

8    following bench trial resulting in liability for antitrust violations, that each party submit proposed

9    remedial orders within thirty days "consistent with the analysis" in court's findings of fact and

10   conclusions of law and accompanied by "a supporting memorandum explaining why the court

11   should adopt its proposed remedy"). To the extent there is evidence relevant to both phases,

12   bifurcation will not result in "massive duplication." Because the Court is acting as the factfinder,

13   it can rely on evidence submitted at the liability bench trial during the remedies phase without

14   repetition of testimony. *See, e.g.*, *New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 98 (D.D.C.

15   2002) (concluding that "the district court's factual findings . . . may be relied upon during the

16   remedy phase of this proceeding" as "it would make little sense to proceed to craft a remedy in the

17   absence of substantial reliance upon the factual foundation which underlies the liability entered in

18   this case"); *Yanni v. City of Seattle*, 2005 WL 2180011, at *2 (W.D. Wash. Sept. 9, 2005) (granting

19   motion for bifurcation over defendants' objections concerning "duplicative" testimony because

20   the factfinder can "consider testimony from the first phase in [its] deliberations in the second

21   phase"); *Gaekwar v. Amica Mut. Ins. Co.*, 2024 WL 85089, at *2 (W.D. Wash. Jan. 8, 2024)

22   (granting bifurcation motion and noting that "trying the case before a single [factfinder] in two

23   phases will minimize the need for any evidence and witnesses to be presented twice, thereby

24   undermining [the] argument that bifurcat[ion] will lengthen and increase the cost of trial").

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1    If, however, the Court finds that it would be helpful to hear further testimony during the

2  remedies phase, including from a witness who appeared during the liability phase, the Court can

3  impose limits on the scope of testimony to avoid repetition. *See, e.g.*, *Navellier v. Sletten*, 262 F.3d

4  923, 941 (9th Cir. 2001) (recognizing that "[t]rial courts have broad authority" to manage trials

5  and "challenges to trial court management" are reviewed for "abuse of discretion"); *Kraft Foods*

6  *Glob., Inc. v. United Egg Producers, Inc.*, No. 1:11-cv-8808 (N.D. Ill. Nov. 27, 2023), Dkt. #587

7  (order limiting evidence parties may present during bifurcated damages phase to avoid duplication

8  of evidence received during liability phase). Some overlap in evidence, moreover, is not a barrier

9  to bifurcation because the Court's dual role will ensure that Amazon is not prejudiced. *See F & G*

10  *Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 388 & n.5 (M.D.N.C. 1999) ("[A] mere

11  minor overlap of evidence between the liability phase and the damage phase has not prevented

12  courts from ordering an otherwise justified bifurcation.") (collecting cases); *Greening v. B.F.*

13  *Goodrich Co.*, 1993 WL 134781, at *3 (N.D. Ill. Apr. 23, 1993) ("Any minimal overlap of

14  evidence on these issues is outweighed by the potential for judicial economy through bifurcation .

15  . . ."). Amazon's concerns that bifurcation would lead to "massive duplication" are therefore

16  unfounded.

17    While a non-bifurcated proceeding may obviate the need for any witness to testify twice,

18  the time each witness spends on the stand during that single proceeding will likely run much longer

19  than the time they would spend testifying across two bifurcated proceedings. Absent bifurcation,

20  such trial witnesses will need to testify not only about complex issues relevant to liability, but also

21  about a range of potential remedies covering a constellation of conceivable liability findings.

22  Conducting a single proceeding to avoid "duplication" of testimony—an objective also readily

23  achievable through bifurcation—is not more economical or convenient if doing so sacrifices

24  efficiency and makes an already complex case even more complicated.

MOTION TO BIFURCATE - 11
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

**CONCLUSION**

Plaintiffs respectfully submit that the Court should grant this motion and bifurcate the proceedings into liability and remedies phases in accordance with Plaintiffs' proposed order. To the extent the Court is not inclined to order bifurcated proceedings at this time, Plaintiffs respectfully request the Court defer resolution of this motion until this case is closer to trial. At present, the Parties agree that fact discovery should encompass both liability and remedy issues, which alleviates the need for an immediate decision on bifurcation.

Dated: February 29, 2024

*I certify that this memorandum contains 3,704 words, in compliance with the Local Civil Rules.*

Respectfully submitted,

*s/ Susan A. Musser*
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
SARA M. DIVETT (DC Bar # 1736504)
COLIN M. HERD (NY Reg. # 5665740)
JAKE WALTER-WARNER (NY Reg. # 5396668)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:    (202) 326-2122 (Musser)
         (202) 326-2464 (Takashima)
Email:  smusser@ftc.gov
        etakashima@ftc.gov
        sdivett@ftc.gov
        cherd@ftc.gov
        jwalterwarner@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

MOTION TO BIFURCATE - 12
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | | |
|---|---|---|
| 1 | *s/ Michael Jo* | *s/ Jennifer A. Thomson* |
| 2 | Michael Jo (admitted *pro hac vice*)<br>Assistant Attorney General, Antitrust Bureau | Jennifer A. Thomson (admitted *pro hac vice*)<br>Senior Deputy Attorney General |
| 3 | New York State Office of the Attorney<br>General | Pennsylvania Office of Attorney General<br>Strawberry Square, 14th Floor |
| 4 | 28 Liberty Street<br>New York, NY 10005 | Harrisburg, PA 17120<br>Telephone: (717) 787-4530 |
| 5 | Telephone: (212) 416-6537<br>Email: Michael.Jo@ag.ny.gov | Email: jthomson@attorneygeneral.gov<br>*Counsel for Plaintiff Commonwealth of* |
| 6 | *Counsel for Plaintiff State of New York* | *Pennsylvania* |
| 7 | *s/ Rahul A. Darwar*<br>Rahul A. Darwar (admitted *pro hac vice*) | *s/ Michael A. Undorf*<br>Michael A. Undorf (admitted *pro hac vice*) |
| 8 | Assistant Attorney General<br>Office of the Attorney General of Connecticut | Deputy Attorney General<br>Delaware Department of Justice |
| 9 | 165 Capitol Avenue<br>Hartford, CT 06016 | 820 N. French St., 5th Floor<br>Wilmington, DE 19801 |
| 10 | Telephone: (860) 808-5030<br>Email: Rahul.Darwar@ct.gov | Telephone: (302) 683-8816<br>Email: michael.undorf@delaware.gov |
| 11 | *Counsel for Plaintiff State of Connecticut* | *Counsel for Plaintiff State of Delaware* |
| 12 | *s/ Alexandra C. Sosnowski*<br>Alexandra C. Sosnowski (admitted *pro hac* | *s/ Christina M. Moylan*<br>Christina M. Moylan (admitted *pro hac vice*) |
| 13 | *vice*)<br>Assistant Attorney General | Assistant Attorney General<br>Chief, Consumer Protection Division |
| 14 | Consumer Protection and Antitrust Bureau<br>New Hampshire Department of Justice | Office of the Maine Attorney General<br>6 State House Station |
| 15 | Office of the Attorney General<br>One Granite Place South | Augusta, ME 04333-0006<br>Telephone: (207) 626-8800 |
| 16 | Concord, NH 03301<br>Telephone: (603) 271-2678 | Email: christina.moylan@maine.gov<br>*Counsel for Plaintiff State of Maine* |
| 17 | Email: Alexandra.c.sosnowski@doj.nh.gov<br>*Counsel for Plaintiff State of New Hampshire* | |
| 18 | *s/ Caleb J. Smith*<br>Caleb J. Smith (admitted *pro hac vice*) | *s/ Gary Honick*<br>Gary Honick (admitted *pro hac vice*) |
| 19 | Assistant Attorney General<br>Consumer Protection Unit | Assistant Attorney General<br>Deputy Chief, Antitrust Division |
| 20 | Office of the Oklahoma Attorney General<br>15 West 6th Street, Suite 1000 | Office of the Maryland Attorney General<br>200 St. Paul Place |
| 21 | Tulsa, OK 74119<br>Telephone: (918) 581-2230 | Baltimore, MD 21202<br>Telephone: (410) 576-6474 |
| 22 | Email: caleb.smith@oag.ok.gov<br>*Counsel for Plaintiff State of Oklahoma* | Email: Ghonick@oag.state.md.us<br>*Counsel for Plaintiff State of Maryland* |
| 23 | | |
| 24 | | |

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1

_s/ Michael Mackenzie_
Michael Mackenzie (admitted _pro hac vice_)
2 Deputy Chief, Antitrust Division
Office of the Massachusetts Attorney General
3 One Ashburton Place, 18th Floor
Boston, MA 02108
4 Telephone: (617) 963-2369
Email: michael.mackenzie@mass.gov
5 _Counsel for Plaintiff Commonwealth of_
_Massachusetts_

6

_s/ Scott A. Mertens_
7 Scott A. Mertens (admitted _pro hac vice_)
Assistant Attorney General
8 Michigan Department of Attorney General
525 West Ottawa Street
9 Lansing, MI 48933
Telephone: (517) 335-7622
10 Email: MertensS@michigan.gov
_Counsel for Plaintiff State of Michigan_

11

_s/ Zach Biesanz_
12 Zach Biesanz (admitted _pro hac vice_)
Senior Enforcement Counsel
13 Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
14 Saint Paul, MN 55101
Telephone: (651) 757-1257
15 Email: zach.biesanz@ag.state.mn.us
_Counsel for Plaintiff State of Minnesota_

16

_s/ Lucas J. Tucker_
17 Lucas J. Tucker (admitted _pro hac vice_)
Senior Deputy Attorney General
18 Office of the Nevada Attorney General
100 N. Carson St.
19 Carson City, NV 89701
Telephone: (775) 684-1100
20 Email: LTucker@ag.nv.gov
_Counsel for Plaintiff State of Nevada_

21

22

23

24

_s/ Ana Atta-Alla_
Ana Atta-Alla (admitted _pro hac vice_)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Ana.Atta-Alla@law.njoag.gov
_Counsel for Plaintiff State of New Jersey_

_s/ Jeffrey Herrera_
Jeffrey Herrera (admitted _pro hac vice_)
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: jherrera@nmag.gov
_Counsel for Plaintiff State of New Mexico_

_s/ Timothy D. Smith_
Timothy D. Smith, WSBA No. 44583
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us
_Counsel for Plaintiff State of Oregon_

_s/ Stephen N. Provazza_
Stephen N. Provazza (admitted _pro hac vice_)
Special Assistant Attorney General
Chief, Consumer and Economic Justice Unit
Department of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: sprovazza@riag.ri.gov
_Counsel for Plaintiff State of Rhode Island_

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

1   *s/ Gwendolyn J. Cooley*
    Gwendolyn J. Cooley (admitted *pro hac vice*)
2   Assistant Attorney General
    Wisconsin Department of Justice
3   Post Office Box 7857
    Madison, WI 53707-7857
4   Telephone: (608) 261-5810
    Email: cooleygj@doj.state.wi.us
5   *Counsel for Plaintiff State of Wisconsin*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

THE HONORABLE JOHN H. CHUN

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

8

FEDERAL TRADE COMMISSION, *et al.*,

9

Plaintiffs,

10

v.

11

AMAZON.COM, INC., a corporation,

12

Defendant.

**CASE NO.: 2:23-cv-01495-JHC**

**[PROPOSED] BIFURCATION
ORDER**

13

14      Plaintiffs have moved to bifurcate the proceedings to conduct separate proceedings on

15 liability and, if necessary, remedy.

16      Rule 42(b) of the Federal Rules of Civil Procedure authorizes a court to conduct separate

17 proceedings on separate issues "[f]or convenience, to avoid prejudice, or to expedite and

18 economize." Having duly considered Plaintiffs' motion and Amazon's opposition, the Court

19 finds that holding separate proceedings on liability and remedies will be more convenient for the

20 Court and the Parties and will expedite and economize this litigation.

21      IT IS THEREFORE ORDERED:

22      1.      The bench trial identified in the Case Scheduling Order (Dkt. #159) will address

23              only Amazon's liability under the FTC Act, Sherman Act, and the state laws

24              implicated by Plaintiffs' Complaint.

[PROPOSED] BIFURCATION ORDER - 1
CASE NO. 2:23-cv-01495-JHC

2.      If the Court renders a decision finding Amazon liable, the Court will schedule a conference to address how to proceed on remedies.

3.      Nothing in this Order shall (a) alter the Parties' respective abilities to offer evidence relevant to Amazon's liability at trial nor alter the burden of proof, persuasion, or production to establish each and every element of liability, justifications, or defenses, or (b) limit the scope of fact discovery in this case.

Dated this ___ day of _____, 2024

_____
THE HONORABLE JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

[PROPOSED] BIFURCATION ORDER - 2
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

Presented by:

s/ Susan A. Musser
SUSAN A. MUSSER (DC Bar # 1531486)
EDWARD H. TAKASHIMA (DC Bar # 1001641)
SARA M. DIVETT (DC Bar # 1736504)
COLIN M. HERD (NY Reg. # 5665740)
JAKE WALTER-WARNER (NY Reg. # 5396668)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.:    (202) 326-2122 (Musser)
          (202) 326-2464 (Takashima)
Email: smusser@ftc.gov
          etakashima@ftc.gov
          sdivett@ftc.gov
          cherd@ftc.gov
          jwalterwarner@ftc.gov

Attorneys for Plaintiff Federal Trade Commission

s/ Michael Jo
Michael Jo (admitted pro hac vice)
Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6537
Email: Michael.Jo@ag.ny.gov
Counsel for Plaintiff State of New York

s/ Rahul A. Darwar
Rahul A. Darwar (admitted pro hac vice)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06016
Telephone: (860) 808-5030
Email: Rahul.Darwar@ct.gov
Counsel for Plaintiff State of Connecticut

s/ Alexandra C. Sosnowski
Alexandra C. Sosnowski (admitted pro hac vice)
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-2678
Email: Alexandra.c.sosnowski@doj.nh.gov
Counsel for Plaintiff State of New Hampshire

s/ Caleb J. Smith
Caleb J. Smith (admitted pro hac vice)
Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street, Suite 1000
Tulsa, OK 74119
Telephone: (918) 581-2230
Email: caleb.smith@oag.ok.gov
Counsel for Plaintiff State of Oklahoma

[PROPOSED] BIFURCATION ORDER - 3
CASE NO. 2:23-cv-01495-JHC

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222

| | |
|---|---|
| 1 | *s/ Jennifer A. Thomson*         *s/ Michael Mackenzie* |

1    *s/ Jennifer A. Thomson*           *s/ Michael Mackenzie*

1

*s/ Jennifer A. Thomson*  
Jennifer A. Thomson (admitted *pro hac vice*)  
Senior Deputy Attorney General  
Pennsylvania Office of Attorney General  
Strawberry Square, 14th Floor  
Harrisburg, PA 17120  
Telephone: (717) 787-4530  
Email: jthomson@attorneygeneral.gov  
*Counsel for Plaintiff Commonwealth of Pennsylvania*

*s/ Michael A. Undorf*  
Michael A. Undorf (admitted *pro hac vice*)  
Deputy Attorney General  
Delaware Department of Justice  
820 N. French St., 5th Floor  
Wilmington, DE 19801  
Telephone: (302) 683-8816  
Email: michael.undorf@delaware.gov  
*Counsel for Plaintiff State of Delaware*

*s/ Christina M. Moylan*  
Christina M. Moylan (admitted *pro hac vice*)  
Assistant Attorney General  
Chief, Consumer Protection Division  
Office of the Maine Attorney General  
6 State House Station  
Augusta, ME 04333-0006  
Telephone: (207) 626-8800  
Email: christina.moylan@maine.gov  
*Counsel for Plaintiff State of Maine*

*s/ Gary Honick*  
Gary Honick (admitted *pro hac vice*)  
Assistant Attorney General  
Deputy Chief, Antitrust Division  
Office of the Maryland Attorney General  
200 St. Paul Place  
Baltimore, MD 21202  
Telephone: (410) 576-6474  
Email: Ghonick@oag.state.md.us  
*Counsel for Plaintiff State of Maryland*

*s/ Michael Mackenzie*  
Michael Mackenzie (admitted *pro hac vice*)  
Deputy Chief, Antitrust Division  
Office of the Massachusetts Attorney General  
One Ashburton Place, 18th Floor  
Boston, MA 02108  
Telephone: (617) 963-2369  
Email: michael.mackenzie@mass.gov  
*Counsel for Plaintiff Commonwealth of Massachusetts*

*s/ Scott A. Mertens*  
Scott A. Mertens (admitted *pro hac vice*)  
Assistant Attorney General  
Michigan Department of Attorney General  
525 West Ottawa Street  
Lansing, MI 48933  
Telephone: (517) 335-7622  
Email: MertensS@michigan.gov  
*Counsel for Plaintiff State of Michigan*

*s/ Zach Biesanz*  
Zach Biesanz (admitted *pro hac vice*)  
Senior Enforcement Counsel  
Office of the Minnesota Attorney General  
445 Minnesota Street, Suite 1400  
Saint Paul, MN 55101  
Telephone: (651) 757-1257  
Email: zach.biesanz@ag.state.mn.us  
*Counsel for Plaintiff State of Minnesota*

*s/ Lucas J. Tucker*  
Lucas J. Tucker (admitted *pro hac vice*)  
Senior Deputy Attorney General  
Office of the Nevada Attorney General  
100 N. Carson St.  
Carson City, NV 89701  
Telephone: (775) 684-1100  
Email: LTucker@ag.nv.gov  
*Counsel for Plaintiff State of Nevada*

**FEDERAL TRADE COMMISSION**  
600 Pennsylvania Avenue, NW  
Washington, DC 20580  
(202) 326-2222

| 1 | *s/ Ana Atta Alla* | *s/ Stephen N. Provazza* |
|---|---|---|

1  *s/ Ana Atta Alla*

Ana Atta-Alla (admitted *pro hac vice*)

2  Deputy Attorney General

New Jersey Office of the Attorney General

3  124 Halsey Street, 5th Floor

Newark, NJ 07101

4  Telephone: (973) 648-3070

Email: Ana.Atta-Alla@law.njoag.gov

5  *Counsel for Plaintiff State of New Jersey*

6  *s/ Jeffrey Herrera*

Jeffrey Herrera (admitted *pro hac vice*)

7  Assistant Attorney General

New Mexico Office of the Attorney General

8  408 Galisteo St.

Santa Fe, NM 87501

9  Telephone: (505) 490-4878

Email: jherrera@nmag.gov

10  *Counsel for Plaintiff State of New Mexico*

11  *s/ Timothy D. Smith*

Timothy D. Smith, WSBA No. 44583

12  Senior Assistant Attorney General

Antitrust and False Claims Unit

13  Oregon Department of Justice

100 SW Market St

14  Portland, OR 97201

Telephone: (503) 934-4400

15  Email: tim.smith@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

16

17

18

19

20

21

22

23

24

*s/ Stephen N. Provazza*

Stephen N. Provazza (admitted *pro hac vice*)

Special Assistant Attorney General

Chief, Consumer and Economic Justice Unit

Department of the Attorney General

150 South Main Street

Providence, RI 02903

Telephone: (401) 274-4400

Email: sprovazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

*s/ Gwendolyn J. Cooley*

Gwendolyn J. Cooley (admitted *pro hac vice*)

Assistant Attorney General

Wisconsin Department of Justice

Post Office Box 7857

Madison, WI 53707-7857

Telephone: (608) 261-5810

Email: cooleygj@doj.state.wi.us

*Counsel for Plaintiff State of Wisconsin*

**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2222