IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**GOOGLE'S PARTLY OPPOSED MOTION TO SHORTEN THE PERIOD FOR PLAINTIFFS TO RESPOND TO GOOGLE'S MOTION TO CLARIFY THE COURT'S SCHEDULING ORDER TO PROVIDE FOR POTENTIAL POST-TRIAL PROCEEDINGS ON INJUNCTIVE RELIEF**

Pursuant to Local Rule CV-7(e), Google LLC ("Google") respectfully moves this Court to set a deadline of July 15, 2024 for Plaintiffs to file their response, if any, to Google's Motion to Clarify the Court's Scheduling Order to Provide for Potential Post-Trial Proceedings on Injunctive Relief, ECF No. 549 ("Motion to Clarify"), and a deadline of July 17, 2024 for Google to file its reply, if any. In support of its request, Google states as follows:

1. Google incorporates by reference the "Background" section of its Motion to Clarify, ECF No. 549, which details the facts demonstrating the need for expedited resolution of the Motion to Clarify and entry of the Proposed Order, ECF No. 549.

2. On July 10, 2024, Google filed its Motion to Clarify, which requests entry of the Proposed Order to clarify the process and schedule regarding a post-trial remedies phase, if necessary, for any injunctive relief Plaintiffs may pursue, consistent with the well-established approach of courts in complex antitrust cases.

3. Under the current Scheduling Order (ECF No. 194, as amended by ECF No. 458), Plaintiffs served their opening expert disclosures on June 7, 2024, Google's expert disclosures are due on July 30, 2024, and Plaintiffs' rebuttal disclosures are due on August 27, 2024. Google

therefore respectfully requests expedited resolution of the Motion to Clarify and entry of the Proposed Order by the Court so that the parties have clarity that expert disclosures on injunctive relief, if necessary, are deferred until post-trial proceedings and need not be served during this initial expert discovery period.

4. Such clarity will ensure Google's disclosures in this initial expert discovery period—due July 30, 2024—are of appropriate scope and in line with the Court's expectations for the proceedings in this Action. The Proposed Order will also promote judicial economy, tailor discovery and proceedings on injunctive relief to the actual relief sought based on any liability determination, and ensure due process and fairness for the parties by resolving any factual disputes on injunctive relief through an evidentiary hearing.

5. Under Local Rule CV-7(e), a "party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response . . . ." Nonetheless, upon motion of a party, this Court may shorten the response deadline. Local Rule CV-7(3); *see also, e.g.*, *Stephenson v. Caterpillar Inc.*, 2019 WL 1066177, at *6 (E.D. Tex. Feb. 26, 2019), *report and recommendation adopted*, 2019 WL 1063368 (E.D. Tex. Mar. 5, 2019) ("The court shortens the normally applicable fourteen-day period to file an objection given the exigent circumstances.").

6. Without intervention by this Court, Plaintiffs would have until July 24, 2024 to file any response, and Google would have until July 31, 2024 to file any reply—a day after Google is due to make its disclosures during the initial expert discovery period under the current Scheduling Order (ECF No. 194, as amended by ECF No. 458). As a practical matter, the parties need clarity on the Scheduling Order as soon as possible in advance of the July 30, 2024 deadline, so that any relevant experts understand what, if any, disclosures relating to injunctive relief must be made by this deadline. As such, the default briefing schedule under Local Rule CV-7(e) would not leave adequate time for the Court to provide the needed clarity sufficiently in advance of the July 30, 2024 deadline.

7. Accordingly, Google requests that this Court shorten Plaintiffs' deadline to respond to Google's Motion to Clarify to July 15, 2024. Google further requests that should Plaintiffs file a response, Google's deadline for a reply be likewise shortened to July 17, 2024.

8. While Plaintiffs agree to expedite briefing, they do not agree to Google's proposed schedule. Plaintiffs propose an alternative schedule under which Plaintiffs' response would be due July 17, 2024, and Google's reply would be due July 19, 2024. *See* Declaration of James K. Hunsberger Ex. B at 3-4, ECF No. 549. For the reasons herein, Google respectfully submits that its proposed schedule is necessary and appropriate under the circumstances.

9. After nearly a month of conferring with Google on this issue, Plaintiffs have had ample opportunity to understand and consider the issues raised by the Motion to Clarify and the accompanying Proposed Order and should be well prepared to formulate their position by July 15, 2024. Plaintiffs therefore will face no prejudice as a result of an expedited briefing schedule. Plaintiffs are familiar with the well-established practice of courts in complex antitrust cases to bifurcate liability and remedies proceedings, and the same Plaintiff States have proposed this approach in other recent cases they have pursued against Google. *See* Mot. to Clarify, ECF No. 549. They have known of Google's bifurcation proposal in this Action for nearly a month, since at least June 14, 2024, when Google raised it during a meet-and-confer. They have had a copy of Google's draft Stipulation and Proposed Order Regarding any Post-Trial Proceedings on Injunctive Relief—which proposed the same post-trial process that Google seeks in its Motion to Clarify—since June 24, 2024. *See* Hunsberger Decl. Ex. B at 14-15, 31, ECF No. 549. They have also known of the expedited briefing schedule Google seeks in this Motion since July 8, 2024. *See id.* at 7. Moreover, both Google and Plaintiffs are accustomed to modifications to the default timetables based on the needs of the case. *See, e.g.*, ECF Nos. 355, 541.

For these reasons, Google respectfully requests that the Court grant its partly opposed motion to set a deadline of July 15, 2024 for Plaintiffs to respond to Google's Motion to Clarify

3

the Court's Scheduling Order to Provide for Potential Post-Trial Proceedings on Injunctive Relief. Should Plaintiffs respond, Google further requests that it have until July 17, 2024 to file any reply.

Dated: July 10, 2024

Respectfully submitted,

/s/ R. Paul Yetter
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com

Justina Sessions
FRESHFIELDS BRUCKHAUS DERINGER LLP
855 Main Street
Redwood City, CA 94063
(650) 461-8276
justina.sessions@freshfields.com

Daniel S. Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
(415) 490-1486
dbitton@axinn.com

Bradley Justus (*pro hac vice*)
James K. Hunsberger (*pro hac vice*)
David R. Pearl (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
bjustus@axinn.com
jhunsberger@axinn.com
dpearl@axinn.com

ATTORNEYS FOR GOOGLE LLC

**CERTIFICATE OF SERVICE**

      I certify that on July 10, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

**CERTIFICATE OF CONFERENCE**

      I hereby certify that the meet and confer requirements in Local Rule CV-7(h) have been met, including through emails with counsel for Plaintiffs on July 8–10, 2024 and a videoconference with counsel for Plaintiffs on July 10, 2024.  Plaintiffs would not agree to Google's proposed schedule, which has created an impasse for the Court to resolve.

*/s/ R. Paul Yetter*
R. Paul Yetter
