**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | Civil Action No. 4:20-cv-00957-SDJ |
| Plaintiffs, | § | |
| | § | |
| v. | § | Hon. Sean D. Jordan |
| | § | |
| GOOGLE LLC, | § | |
| | § | Special Master: David T. Moran |
| Defendant. | § | |
| | § | |
| | § | |

**PLAINTIFF STATES' RESPONSE TO GOOGLE'S PARTLY OPPOSED MOTION TO
SHORTEN THE PERIOD FOR PLAINTIFFS TO RESPOND TO GOOGLE'S MOTION
TO CLARIFY THE COURT'S SCHEDULING ORDER TO PROVIDE FOR
POTENTIAL POST-TRIAL PROCEEDINGS ON INJUNCTIVE RELIEF**

The Plaintiff States ("States") submit this brief response to Google's Motion to Shorten the

Period for Plaintiffs to Response to Google's "Motion to Clarify" (ECF No. 551).

The States do not fully oppose Google's request for expedited briefing on its Motion to

Clarify—but, instead, respectfully request a modest two-day extension of the States' deadline to

respond in light of: (a) the issues raised by Google's 15-page "Motion to Clarify" filed early this

morning, which asks to defer the remedies portion of fact discovery and ongoing expert discovery,

specifically Google's expert report deadline, until after trial, filed *after* the States have already

submitted their opening expert reports (including a report addressing remedies); and (b) the

hurricane aftermath in Houston, where many of the State of Texas's outside counsel reside.

Further, an additional two days in the briefing schedule is not unfair to Google.  Google could have

raised its arguments when the parties and the Court were discussing the scheduling order late last

year and earlier this year, before entry of the current Scheduling Order, or at any time before the

now-concluded fact discovery and ongoing expert discovery periods.

The States therefore respectfully request the following briefing deadlines: (a) the States' response be due on Wednesday, July 17, 2024, and (b) Google's reply be due on Friday, July 19, 2024.

Respectfully submitted,

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
(713) 659-5200
**THE LANIER LAW FIRM, PLLC**

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220

Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut, N.W., 11th Floor
Washington, DC 20005
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier
Law Firm only), Mississippi, North Dakota,
Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## CERTIFICATE OF SERVICE

I certify that, on July 11, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

/s/ Geraldine Young
Geraldine Young