# EXHIBIT 4
# FILED UNDER SEAL



ELIZABETH BROWN FORE
Deputy Division Chief
General Litigation Division

PHONE: (512) 463-2120
FAX: (512) 320-0667
EMAIL: elizabeth.brownfore@oag.texas.gov

February 4, 2020

<u>*Sent via Electronic Mail*</u>

Paul Yetter
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
pyetter@yettercoleman.com

Re: Google CID Production and Responses; conferences on January 29 and 31, 2020

Dear Paul:

Texas appreciates your team taking time on January 29 and 31, 2020, to discuss discovery pursuant to our Civil Investigative Demand (CID) dated September 9, 2019.  We write to memorialize our agreements from the two calls and to highlight the outstanding issues.

One of the issues discussed on the calls were the custodians whose documents would be searched for material responsive to the CID.  Over the course of the last five months, Texas has proposed 96 custodians as opposed to the 11 proposed by Google.  Google has agreed to search 38 custodians including the eight custodians Google agreed to search on January 31 (*see* Exhibit 1).  Google is still considering whether it will agree to include the six individuals in Exhibit 2.  Google will not agree to gather or produce documents from 28 individuals identified in Exhibit 3.  Finally, the parties discussed whether upper level executives at Google and Alphabet would likely possess information responsive to the CID.  These individuals are listed in Exhibit 4.  Google agreed to provide its position on the six custodians still under consideration (Exhibit 2), its basis for objecting to the 28 disputed custodians (Exhibit 3), and its position on whether it will collect documents from the executives (Exhibit 4) on or before February 7, 2020.

We reiterate that it is Google's responsibility, not Texas's, to identify documents responsive to the CID.  Texas is more than willing to help explain the CID where necessary and assist in identifying example custodians, but the burden remains on Google to respond fully to the CID by identifying all relevant custodians and all responsive materials in Google's possession, custody, and control.  Texas has identified some custodians with information relevant to the CID but has not agreed that the identified custodians are sufficient to respond fully to any part of the CID.



Next, during our conversations, Google verified that every custodian Texas has identified is under a legal hold regardless of whether they have agreed to produce documents from that custodian. Additionally, on or before February 3, 2020, you agreed to provide the search terms you employed to collect your January 31, 2020 production.

The parties further discussed chat and text messages. As we understand your description of this type of communication, Google Hangouts messages are akin to instant messages between Google employees. These messages are not retained in any way unless they are marked on-the-record by the user. If marked on-the-record, they are maintained for thirty days and then deleted. If the user is on a legal hold, the user is told to mark all chats as on-the-record. If the user does not take this action for every conversation, the unmarked ones will be deleted immediately. If a person on legal hold marks the chats as on-the-record, the marked records are retained indefinitely. Please verify that our understanding is correct. Additionally, you agreed to inform us, by February 7, 2020, whether Google takes any steps to verify that users under legal hold are marking their chats as on-the-record.

The parties also discussed timing for interrogatory responses and document production. We requested that Google respond to Interrogatory Number 128 with a verified response by February 17, 2020. We further requested that responses to all the remaining interrogatories be provided by February 28, 2020. Google expressed concern about meeting the February 28, 2020 deadline. In an effort to find common ground, Texas proposed that if Google will agree to serve full and complete interrogatory answers, Texas will accept answers to all the remaining interrogatories on March 31, 2020. On or before February 7, 2020, please let us know if Google: (1) will comply with our request to respond to Interrogatory 128 on or before February 17, and (2) Google will accept our compromise as to the remaining interrogatories.

Finally, with respect to document production, Texas expects Google to fully comply with the CID no later than March 31, 2020. If Google will not agree to meet the March 31, 2020 deadline, please so inform us of that fact no later than February 7, 2020.

Thank you for your prompt attention to these matters. Please do not hesitate to call or email me with any questions or concerns.

> Very truly yours,
>
> */s/ Elizabeth Brown Fore*
>
> Elizabeth Brown Fore
> Deputy Division Chief
> General Litigation Division



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

Exhibit 1 – Agreed custodians of CID materials

- ■ ████████████
- ■ ████████████
- ■ █████████████
- ■ ██████████
- ■ ████████
- ■ █████████
- ■ ████████████
- ■ ████████████



Exhibit 2 – Custodians of CID materials being investigated by Google

1. ███████████
   - ███████████
   - ███████████
   - ███████████
   - ███████████
   - ███████████



Exhibit 3 – Custodians of CID Material for which Google will not collect or produce documents

1. ███████████
   - ████████████████
   - ██████████████
   - ████████████
   - ██████████
   - ████████████████
   - ████████████
   - ██████████
   - █████████████████

███████████
███████████
██████████████
████████████████
██████████████
████████████
██████████
████████████
████████████
██████████
████████████
█████████████████████
████████████
████████████
██████████████







Exhibit 4 – Executive custodians of CID materials being investigated by Google

1. Sergey Brin
2. █████████
3. ███████████
4. ███████████
5. ████████
6. ██████████
7. ██████████
8. ██████
9. ████████
10. ██████████
11. █████████
12. █████████████
13. ████████████
14. Sundar Pichai
15. ████████
16. █████████████
17. █████████
18. ██████████
19. ███████████