# EXHIBIT 10
# FILED UNDER SEAL

**From:** MCCALLUM, Robert
**Sent:** Tuesday, February 21, 2023 12:23:45 AM
**To:** Zeke DeRose III; Martha Reiser
**Cc:** Philip Korologos; mevansaziz@wsgr.com; Caitlin Coslett; Serina Vash; KAPLIN, Lauren; Kevin Orsini; Ted Maya; Jason Zweig; John Thorne; Daniel Bird; Eric Maier; Jordan Elias; Stuart Davidson; Mark C. Mao; Alex J. Brown; Jonathan Wilkerson; Business Litigation Section; BAYOUMI, Jeanette; STEYL, Matthew; Justina Sessions; Brittany Sukiennik
**Subject:** RE: Example PowerPoint Doc
**Sensitivity:** Normal

---

Zeke:

Thank you for the redline and for the helpful call on Friday afternoon.  As I mentioned, I am optimistic that we can get this down to just the two issues of links and ad logs.  Here is where we landed after reviewing your redline of Friday:

1. **Reproduction of Investigation Materials**.  Google is still reviewing Plaintiffs' proposed edits to this section, although we generally seem to be on the same page.  As to Plaintiffs' footnote 1, the first sentence is fine but the remainder seems out of place here because it pertains to ad logs, which we will need to address separately.  The language also seems duplicative of footnote 2.

2. **Privilege logs**.  We will agree to accommodate your proposed changes to paragraph V.3(h).  In addition, we have agreement in principle that Google will provide a privilege log for the Investigation Materials to the extent that they are responsive to properly propounded Rule 34 requests.  We will agree to meet and confer on the timing of that log which can be addressed in a side letter and not in this ESI Order.  As discussed, the timing of that log will be at least 45 days from when we establish the scope of properly propounded requests and, as I mentioned, Google may need more time depending on the number of documents to be logged.

3. **Metadata**

    a. We agree to the inclusion of Source Hash Value.
    b. We can agree to the inclusion of the Doc Link field if the parties reach agreement on links.  As discussed, the Doc Link fields that Plaintiffs have added requires manual population and so, even if included, the field would be blank under the terms of this Order unless we reach agreement on links.
    c. We do not think that the other metadata fields that Plaintiffs have added are necessary or appropriate.  However, in the interests of narrowing the issues in dispute we will agree to their inclusion.  But as we have told you, Google does not collect these fields and so we anticipate that they will contain no data.  As Plaintiffs are insisting on these fields, Plaintiffs will need to populate them to the extent that the metadata is available to them.

4. **Passwords**.  Google currently does not have the functionality to provide the specific slip sheets that Plaintiffs are requesting (i.e., specifying "the reason the document failed to process was password-protection or encryption.")  But in the interests of reaching a resolution we will agree to the provision as drafted and will develop a workaround prior to the commencement of production.

That leaves ad logs and links.  As discussed on our call, Google would be prepared to make an accommodation to Plaintiffs on links if Plaintiffs will make an accommodation to Google on ad logs (and we discussed in broad terms what that might look like).  You asked about the possibility of meeting and conferring regarding EU ad logs and I referred you to my email of January 13 in which I stated that, "even though Plaintiffs have not explained the relevance of this data, we are happy to meet and confer regarding preservation or sampling of aggregated data for the EU.  Please let us know what aggregated data you are seeking."  We did not hear back from Plaintiffs regarding that offer to meet and confer.  I have not yet confirmed with Google, but I anticipate that they would still be open to meeting and conferring regarding aggregated EU ad log data if that would lead to resolving these last two issues.

Please let us know if Plaintiffs would like to discuss ad logs and links further, and if there are any other open issues that you think remain to be addressed.

Kind regards,
Rob

---

**From:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>
**Sent:** Friday, February 17, 2023 12:06 PM
**To:** MCCALLUM, Robert <rob.mccallum@freshfields.com>; Martha Reiser <mreiser@cravath.com>
**Cc:** Philip Korologos <Pkorologos@bsfllp.com>; mevansaziz@wsgr.com; Caitlin Coslett <ccoslett@bm.net>; Serina Vash <svash@hermanjones.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; Kevin Orsini <Korsini@cravath.com>; Ted Maya <tmaya@ahdootwolfson.com>; Jason Zweig <jaz@kellerpostman.com>; John Thorne <jthorne@kellogghansen.com>; Daniel Bird <dbird@kellogghansen.com>; Eric Maier <emaier@kellogghansen.com>; Jordan Elias <jelias@girardsharp.com>; Stuart Davidson <sdavidson@rgrdlaw.com>; Mark C. Mao <mmao@bsfllp.com>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Business Litigation Section <businesslitigationsection@LanierLawFirm.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; STEYL, Matthew <Matthew.Steyl@freshfields.com>; Justina Sessions <jsessions@wsgr.com>; Brittany Sukiennik <bsukiennik@cravath.com>
**Subject:** Re: Example PowerPoint Doc

Rob and Martha,

I have attached a redline reflecting plaintiffs changes on top of your latest redline. We also added comments to help explain our thoughts and reasons for the proposed changes.

I didn't have a chance to yet, but we may want to circulate a new version with just the issues left to be resolved so we have a clean redline (but, I wanted to get this to you quickly). As we have agreed to some of your provisions and you ours.

Happy to talk through any of this to give clarification and figure out where there may be room for agreement. Again, our goal is to see if we can find agreement on all of the remaining issues before the hearing. And get something to the Court jointly letting him know where we are.

Also, regarding a privilege log for Investigation Materials, we are happy to keep that out of the ESI protocol and reach an agreement with Google separately. As discussed yesterday we want to find something that is reasonable and works. So maybe we stay along the same lines as the ESI protocol and say that 45 days after you identify or produce Investigative Materials responsive to a Rule 34 request, or 45 days after your first productions, etc., Google will produce a log? We can figure out the exact language, but we are not going to demand one tomorrow and just want to find something that makes sense. Let me know if something along those lines make sense or if you would rather paper it up in the ESI protocol.

---

**From:** "MCCALLUM, Robert" <rob.mccallum@freshfields.com>
**Date:** Wednesday, February 15, 2023 at 10:39 PM
**To:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>, Martha Reiser <mreiser@cravath.com>
**Cc:** Philip Korologos <Pkorologos@bsfllp.com>, "mevansaziz@wsgr.com" <mevansaziz@wsgr.com>, Caitlin Coslett <ccoslett@bm.net>, Serina Vash <svash@hermanjones.com>, "KAPLIN, Lauren" <lauren.kaplin@freshfields.com>, Kevin Orsini <Korsini@cravath.com>, Ted Maya <tmaya@ahdootwolfson.com>, Jason Zweig <jaz@kellerpostman.com>, John Thorne <jthorne@kellogghansen.com>, Daniel Bird <dbird@kellogghansen.com>, Eric Maier <emaier@kellogghansen.com>, Jordan Elias <jelias@girardsharp.com>, Stuart Davidson <sdavidson@rgrdlaw.com>, "Mark C. Mao" <mmao@bsfllp.com>, "Alex J. Brown" <Alex.Brown@LanierLawFirm.com>, Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>, Business Litigation Section <businesslitigationsection@LanierLawFirm.com>, "BAYOUMI, Jeanette" <Jeanette.Bayoumi@freshfields.com>, "STEYL, Matthew" <Matthew.Steyl@freshfields.com>, Justina Sessions <jsessions@wsgr.com>, Brittany Sukiennik

<bsukiennik@cravath.com>
**Subject:** RE: Example PowerPoint Doc

Please find attached a redline reflecting Google's proposed changes to the draft ESI order.  We have also incorporated the change agreed to by Meta below.

If there is any additional language that Plaintiffs would like to propose, we would appreciate receiving that in advance of the meet and confer scheduled for tomorrow.

Kind regards,
Rob

---

**From:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>
**Sent:** Tuesday, February 14, 2023 1:03 PM
**To:** Martha Reiser <mreiser@cravath.com>
**Cc:** MCCALLUM, Robert <rob.mccallum@freshfields.com>; Philip Korologos <Pkorologos@bsfllp.com>; mevansaziz@wsgr.com; Caitlin Coslett <ccoslett@bm.net>; Serina Vash <svash@hermanjones.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; Kevin Orsini <Korsini@cravath.com>; Ted Maya <tmaya@ahdootwolfson.com>; Jason Zweig <jaz@kellerpostman.com>; John Thorne <jthorne@kellogghansen.com>; Daniel Bird <dbird@kellogghansen.com>; Eric Maier <emaier@kellogghansen.com>; Jordan Elias <jelias@girardsharp.com>; Stuart Davidson <sdavidson@rgrdlaw.com>; Mark C. Mao <mmao@bsfllp.com>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Business Litigation Section <businesslitigationsection@LanierLawFirm.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; STEYL, Matthew <Matthew.Steyl@freshfields.com>; Justina Sessions <jsessions@wsgr.com>; Brittany Sukiennik <bsukiennik@cravath.com>
**Subject:** Re: Example PowerPoint Doc

Thanks Martha. Appreciate it.

---

**From:** Martha Reiser <mreiser@cravath.com>
**Date:** Tuesday, February 14, 2023 at 9:56 AM
**To:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>
**Cc:** "MCCALLUM, Robert" <rob.mccallum@freshfields.com>, Philip Korologos <Pkorologos@bsfllp.com>, "mevansaziz@wsgr.com" <mevansaziz@wsgr.com>, Caitlin Coslett <ccoslett@bm.net>, Serina Vash <svash@hermanjones.com>, "KAPLIN, Lauren" <lauren.kaplin@freshfields.com>, Kevin Orsini <Korsini@cravath.com>, Ted Maya <tmaya@ahdootwolfson.com>, Jason Zweig <jaz@kellerpostman.com>, John Thorne <jthorne@kellogghansen.com>, Daniel Bird <dbird@kellogghansen.com>, Eric Maier <emaier@kellogghansen.com>, Jordan Elias <jelias@girardsharp.com>, Stuart Davidson <sdavidson@rgrdlaw.com>, "Mark C. Mao" <mmao@bsfllp.com>, "Alex J. Brown" <Alex.Brown@LanierLawFirm.com>, Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>, Business Litigation Section <businesslitigationsection@LanierLawFirm.com>, "BAYOUMI, Jeanette" <Jeanette.Bayoumi@freshfields.com>, "STEYL, Matthew" <Matthew.Steyl@freshfields.com>, Justina Sessions <jsessions@wsgr.com>, Brittany Sukiennik <bsukiennik@cravath.com>
**Subject:** Re: Example PowerPoint Doc

Thanks, Zeke. Plaintiffs' revised language in the footnote below is acceptable to Meta.

Best,
Martha

On Feb 10, 2023, at 11:59 AM, Zeke DeRose III <Zeke.DeRose@lanierlawfirm.com> wrote:

Thanks Martha.

What about these slight corrections? With your suggested sentences as a footnote to the paragraph.

6. Email Threading. Production of a most inclusive email thread does not relieve the Producing Party of its obligation to produce responsive prior or lesser-included emails. No document shall be withheld from production solely on the basis that it is included in a produced more-inclusive email.

> FN: This provision regarding email threading does not apply to Meta Platforms, Inc. ("Meta").  The only claims that have been asserted against Meta in this MDL relate to the Network Bidding Agreement, and discovery is currently stayed with respect to the Network Bidding Agreement.  (*See* Dkt. No. 394 ¶ 3.)  If Meta ~~ultimately~~ produces documents in this MDL, the Parties will meet and confer at that time regarding any ~~Meta's~~ use of email threading by Meta ~~at that time~~.

---

**From:** Martha Reiser <mreiser@cravath.com>
**Date:** Thursday, February 9, 2023 at 9:15 PM
**To:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>, "MCCALLUM, Robert" <rob.mccallum@freshfields.com>, Philip Korologos <Pkorologos@BSFLLP.com>, "mevansaziz@wsgr.com" <mevansaziz@wsgr.com>, Caitlin Coslett <ccoslett@bm.net>, Serina Vash <svash@hermanjones.com>, "KAPLIN, Lauren" <lauren.kaplin@freshfields.com>, Kevin Orsini <Korsini@cravath.com>, Ted Maya <tmaya@ahdootwolfson.com>, Jason Zweig <jaz@kellerpostman.com>, John Thorne <jthorne@kellogghansen.com>, Daniel Bird <dbird@kellogghansen.com>, Eric Maier <emaier@kellogghansen.com>, Jordan Elias <jelias@girardsharp.com>, Stuart Davidson <sdavidson@rgrdlaw.com>, "Mark C. Mao" <mmao@bsfllp.com>, "Alex J. Brown" <Alex.Brown@LanierLawFirm.com>, Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>, Business Litigation Section <businesslitigationsection@LanierLawFirm.com>, "BAYOUMI, Jeanette" <Jeanette.Bayoumi@freshfields.com>, "STEYL, Matthew" <Matthew.Steyl@freshfields.com>, Justina Sessions <jsessions@wsgr.com>, Brittany Sukiennik <bsukiennik@cravath.com>
**Subject:** RE: Example PowerPoint Doc

Thanks, Zeke and Rob.  With respect to the proposal we discussed earlier this week regarding email threading, Meta would be amenable to adding the following footnote to the end of Plaintiffs' proposed provision regarding email threading.  Please let us know if this works for Plaintiffs.

> This provision regarding email threading does not apply to Meta Platforms, Inc. ("Meta").  The only claims that have been asserted against Meta in this MDL relate to the Network Bidding Agreement, and discovery is currently stayed with respect to the Network Bidding Agreement.  (*See* Dkt. No. 394 ¶ 3.)  If Meta ultimately produces documents in this MDL, the Parties will meet and confer regarding Meta's use of email threading at that time.

Martha Reiser
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1154
mreiser@cravath.com

---

**From:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>
**Sent:** Thursday, February 9, 2023 8:54 PM
**To:** MCCALLUM, Robert <rob.mccallum@freshfields.com>; Philip Korologos <Pkorologos@BSFLLP.com>; Martha Reiser <mreiser@cravath.com>; mevansaziz@wsgr.com; Caitlin Coslett <ccoslett@bm.net>; Serina Vash <svash@hermanjones.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; Kevin Orsini <Korsini@cravath.com>; Ted

Maya <tmaya@ahdootwolfson.com>; Jason Zweig <jaz@kellerpostman.com>; John Thorne <jthorne@kellogghansen.com>; Daniel Bird <dbird@kellogghansen.com>; Eric Maier <emaier@kellogghansen.com>; Jordan Elias <jelias@girardsharp.com>; Stuart Davidson <sdavidson@rgrdlaw.com>; Mark C. Mao <mmao@bsfllp.com>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Business Litigation Section <businesslitigationsection@LanierLawFirm.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; STEYL, Matthew <Matthew.Steyl@freshfields.com>; Justina Sessions <jsessions@wsgr.com>
**Subject:** Re: Example PowerPoint Doc

Thank you Rob, this is very helpful. I think this proposal may make sense and we will review with the group so we can move things forward.

I think one thing that will help tomorrow is to understand what Google believes the additional language in paragraph V.5 would entail in practice: "if it is produced in redacted form with all email header information visible." Perhaps this issue (with the additional language in V.5) goes away if there is agreement on III.6.

For the call tomorrow, why don't we just walk through the 14 provisions outlined in Google's letter to the Court from last night and see where we can get clarification and possible agreement.

I think understanding each side's concerns and how the provisions are being interpreted has been helpful and may help us work through compromised language.

We look forward to working with everyone tomorrow:

1. Section I, paragraph 1: previous productions responsive to RFPs

2. Section II, paragraph 3(k): preservation of ad logs

3. Section II, paragraph 3(d): preservation of cell phone logs

4. Section II, paragraphs 3(h), (j), (i): preservation of certain data

5. Section II, paragraph 4: preservation of encryption keys, tables, identifiers

6. Section III, paragraph 6: threading issue between plaintiffs and Meta

7. Section V, paragraph 1: privilege log timing

8. Section V, paragraph 3(h): attorney <u>and</u> legal organization when possible

9. Section V, paragraph 5: privilege log "all email header information visible"

10. Section V, paragraph 8(g): defendants' communication logged

11. Appendix D: metadata fields related to Google

12. Appendix H: presentations: (waiting on confirmation of notes, comments, changes throughout documents, descriptive link extensions)

13. Appendix J: links (Google's tool to identify links in production?), reasonable requests to Meta

14. Appendix T: encrypted productions (reasonable solution?)

---

**From:** "MCCALLUM, Robert" <rob.mccallum@freshfields.com>
**Date:** Thursday, February 9, 2023 at 6:21 PM
**To:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>, Philip Korologos <Pkorologos@BSFLLP.com>, Martha Reiser <mreiser@cravath.com>, "mevansaziz@wsgr.com" <mevansaziz@wsgr.com>, Caitlin Coslett <ccoslett@bm.net>, Serina Vash <svash@hermanjones.com>, "KAPLIN, Lauren" <lauren.kaplin@freshfields.com>, Kevin Orsini <Korsini@cravath.com>, Ted Maya <tmaya@ahdootwolfson.com>, Jason Zweig <jaz@kellerpostman.com>, John Thorne <jthorne@kellogghansen.com>, Daniel Bird <dbird@kellogghansen.com>, Eric Maier <emaier@kellogghansen.com>, Jordan Elias <jelias@girardsharp.com>, Stuart Davidson <sdavidson@rgrdlaw.com>, "Mark C. Mao" <mmao@bsfllp.com>, "Alex J. Brown" <Alex.Brown@LanierLawFirm.com>, Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>, Business Litigation Section <businesslitigationsection@LanierLawFirm.com>, "BAYOUMI, Jeanette" <Jeanette.Bayoumi@freshfields.com>, "STEYL, Matthew" <Matthew.Steyl@freshfields.com>, Justina Sessions <jsessions@wsgr.com>
**Subject:** RE: Example PowerPoint Doc

Hi Zeke –

With respect to threading, if Meta is amenable then Google will agree to the resolution proposed by Plaintiffs on the Monday call i.e., that paragraph III.6 would be amended to adopt Plaintiffs' language regarding email threading, including a carve-out for Meta, and that Plaintiffs would drop the following language from paragraph V.5 "…if it is produced in redacted form with all email header information visible."

Kind regards,
Rob

---

**From:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>
**Sent:** Wednesday, February 8, 2023 12:16 AM
**To:** MCCALLUM, Robert <rob.mccallum@freshfields.com>; Philip Korologos <Pkorologos@BSFLLP.com>; Martha Reiser <mreiser@cravath.com>; mevansaziz@wsgr.com; Caitlin Coslett <ccoslett@bm.net>; Serina Vash <svash@hermanjones.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; Kevin Orsini <Korsini@cravath.com>; Ted Maya <tmaya@ahdootwolfson.com>; Jason Zweig <jaz@kellerpostman.com>; John Thorne <jthorne@kellogghansen.com>; Daniel Bird <dbird@kellogghansen.com>; Eric Maier <emaier@kellogghansen.com>; Jordan Elias <jelias@girardsharp.com>; Stuart Davidson <sdavidson@rgrdlaw.com>; Mark C. Mao <mmao@BSFLLP.com>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Business Litigation Section <businesslitigationsection@LanierLawFirm.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; STEYL, Matthew <Matthew.Steyl@freshfields.com>
**Subject:** Re: Example PowerPoint Doc

Rob and Martha,

As discussed on the call on Monday we will need to send a word version of the ESI protocol to the Court tomorrow (Wednesday). Plaintiffs will do so and let the Court know the parties are working to see if we can get further issues resolved before the February 16 hearing.

But, we wanted to follow-up on the following three items to see if we could adjust the protocol accordingly:

1. De-Duplication: Section III, 5---we are fine keeping the word as "shall"---so this dispute is resolved.

2. Appendix L: Apache Parquet.

    1. Based on our call, will Google agree to language clarifying that documents kept in the usual course of business will not be produced in Apache Parquet, but expert backup materials and data may be produced in this format?
        1. If this is the case, we can be okay with the limited use of Parquet.

3. Martha: Has Meta decided if we can table the threading issue as discussed on the call, as Google took no position?

For follow-up: Should we set up a call on Friday to review outstanding issues since the parties are visiting with their clients? We can agree to an outline or send over topics to discuss to keep everyone on track.

Zeke DeRose III - Attorney p: 713-659-5200 w: www.LanierLawFirm.com

**From:** "MCCALLUM, Robert" <rob.mccallum@freshfields.com>
**Date:** Tuesday, February 7, 2023 at 10:08 PM
**To:** Philip Korologos <Pkorologos@BSFLLP.com>, Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>, Martha Reiser <mreiser@cravath.com>, "mevansaziz@wsgr.com" <mevansaziz@wsgr.com>, Caitlin Coslett <ccoslett@bm.net>, Serina Vash <svash@hermanjones.com>, "KAPLIN, Lauren" <lauren.kaplin@freshfields.com>, Kevin Orsini <Korsini@cravath.com>, Ted Maya <tmaya@ahdootwolfson.com>, Jason Zweig <jaz@kellerpostman.com>, John Thorne <jthorne@kellogghansen.com>, Daniel Bird <dbird@kellogghansen.com>, Eric Maier <emaier@kellogghansen.com>, Jordan Elias <jelias@girardsharp.com>, Stuart Davidson <sdavidson@rgrdlaw.com>, "Mark C. Mao" <mmao@BSFLLP.com>, "Alex J. Brown" <Alex.Brown@LanierLawFirm.com>, Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>, Business Litigation Section <businesslitigationsection@LanierLawFirm.com>, "BAYOUMI, Jeanette" <Jeanette.Bayoumi@freshfields.com>, "STEYL, Matthew" <Matthew.Steyl@freshfields.com>
**Subject:** RE: Example PowerPoint Doc

Thanks for your email, Phil.  I am raising that with Google.

Mark – during yesterday's meet and confer you raised for the first time a proposal concerning ad log preservation which seemed to involve some kind of "bucketing" approach that you contend should apply in this case.  As I made clear on the call, I didn't understand your proposal and asked you (several times) to put it in writing so that I can raise your contentions with Google.  You agreed to do so.  Please let me know when I can expect to receive the proposal that you raised for the first time on yesterday's call.

Kind regards,
Rob

**From:** Philip Korologos <Pkorologos@BSFLLP.com>
**Sent:** Tuesday, February 7, 2023 9:52 AM
**To:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>; Martha Reiser <mreiser@cravath.com>; mevansaziz@wsgr.com; Caitlin Coslett <ccoslett@bm.net>; Serina Vash <svash@hermanjones.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; KAPLIN, Lauren <lauren.kaplin@freshfields.com>; Kevin Orsini <Korsini@cravath.com>; Ted Maya <tmaya@ahdootwolfson.com>; Jason Zweig <jaz@kellerpostman.com>; John Thorne <jthorne@kellogghansen.com>; Daniel Bird <dbird@kellogghansen.com>; Eric Maier <emaier@kellogghansen.com>; Jordan

Elias <jelias@girardsharp.com>; Stuart Davidson <sdavidson@rgrdlaw.com>; Mark C. Mao <mmao@BSFLLP.com>; Alex J. Brown <Alex.Brown@LanierLawFirm.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Business Litigation Section <businesslitigationsection@LanierLawFirm.com>
**Subject:** FW: Example PowerPoint Doc

Rob:

Further to our discussion yesterday, I attach a document produced by Google and YouTube that contains the kind of interlaced comments in addition to a summary of notes at the end.  This was produced in the *Schneider v. YouTube* matter in NDCA.  For example, at the page bearing production number GOOG-SCHNDR-00040879, there is a comment made on the PowerPoint, which comment includes who made the comment and the date of the comment, as well as to which slide of the deck the comment applies.  That type of comment is separate from the Notes Summary that starts on page GOOG-SCHNDR-00040935 and that appear to be the presentation notes (and the comment is also distinct from the Appendix (mentioned by Mark) of pages not part of this version of the deck that starts at page GOOG-SCHNDR-00040928).

I note that this document was produced in its entirety as Highly Confidential but the version I have attached here has some pages removed.  We recently (January 9, 2023) filed the full document under seal in the *Schneider v. YouTube and Google* matter in NDCA; pursuant to the subsequent administrative motion for sealing filed by Defendants in that matter, however, only portions of two pages of the entire document were requested to remain filed under seal.  We have removed those pages in their entirety for providing this example to you—in other words, once the Court reviews YouTube and Google's administrative motion, the version attached here is set to become publicly available document as Exhibit 17 in that January 9 filing.

Even though I thus do not believe there is any information contained in the version of the document attached here that is confidential or highly confidential, I will forward a copy of this email to counsel for plaintiffs without the attachment until you or Mikaela (her firm is counsel for defendants in *Schneider*) confirm that you don't have an issue with my doing so.

Best regards,

Phil


**Philip Korologos**
Partner

**BOIES SCHILLER FLEXNER** LLP
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us

immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.