# EXHIBIT 11
# FILED UNDER SEAL

 **Freshfields Bruckhaus Deringer US LLP**

**HIGHLY CONFIDENTIAL**

<u>Via Email</u>

Julia Tarver Wood
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 5th Street NW, Washington, D.C. 20530

**Washington**
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
+1 202 777 4500 (Switchboard)
+1 202 777 4545 (Direct)
eric.mahr@freshfields.com
www.freshfields.com

November 8, 2023

Re: *United States, et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.)

Dear Julia:

I write further to our agreement to provide written responses in lieu of testimony in connection with Topics 25 and 26 (as narrowed) of Plaintiffs' 30(b)(6) Deposition Notice to Google LLC ("Google") dated August 9, 2023. Google reserves the right to supplement these responses as necessary.

**Topic 25**

Google agreed to provide (a) its Chat retention policies for the period from January 1, 2016 to the present (or, if no retention policy specific to Chat was in effect during parts of that period, its general document retention policy during those parts of that period); (b) a chart indicating when a litigation hold for the Investigation or Litigation was issued to each custodian; and (c) a written response on Topic 25(c), narrowed as follows: "whether, when, and in what circumstances Google suspended its 24-hour auto-delete policy for chat messages for chat messages related to this Investigation or Litigation."

With respect to subpart (a), **Appendix A** to this letter contains a chart identifying by Bates number Google's retention policies applicable to Google Chat for the period from January 1, 2016 to the present.

HIGHLY CONFIDENTIAL
November 8, 2023
Page 2

With respect to subpart (b), **Appendix B** to this letter contains the responsive information.

With respect to subpart (c), the retention period for Google Chat depends on the history setting of a particular message. *See* Appendix A. Further, Google implemented a process on February 8, 2023, for custodians on legal hold in this matter, whereby all Google Chats, regardless of the subject matter of the discussion, were set to "history on" moving forward and automatically preserved for so long as the legal hold is in place.

## Topic 26

Pursuant to the parties' agreement on Topic 26, and the court's subsequent ruling, ECF No. 376, Google has agreed to provide a written response describing, based on a reasonable inquiry: (a) for each of the Covered Employees (as defined below): (i) whether the employee used Chat to discuss matters relevant to this case; and (ii) the employee's Chat history setting at times when the employee discussed matters relevant to this case; and (b) any non-privileged direction or statements that Google provided to its employees about conducting chats with "history off."

For purposes of Topic 26, "Covered Employees" means the 35 individuals whom Plaintiffs identified in their September 11, 2023 letter and are listed in **Appendix C**. Although defined as "Covered Employees," Plaintiffs' list comprises 26 current employees and 9 former employees.

Google has contacted each of the Covered Employees, of which 33 provided responsive information.[1] This letter reports information Google collected from the 33 Covered Employees.

1. Topic 26(a)(i): Case-Relevant Google Chat Usage

Out of the 33 Covered Employees who provided responsive information, 17 reported that it was not their regular practice to use Chat for substantive communications related to ad tech, and 16 reported sometimes using Chat for substantive communications related to ad tech between January 2014 and the present.[2]

---

[1] Google made a reasonable inquiry and endeavored to obtain responsive information from all 35 Covered Employees. One former employee, through his counsel, declined to provide responsive information. Google is still working to obtain a response from one other Covered Employee and will provide a supplement to this letter as necessary.

[2] The Covered Employees that reported sometimes using Chat for substantive communications regarding ad tech are Jonathan Bellack, ███████████████████████████████████████████████████ Scott Spencer, ███

HIGHLY CONFIDENTIAL
November 8, 2023
Page 3

Nine of the 16 Covered Employees recalled sometimes using Chat for substantive communications relating to ad tech after receiving a legal hold notice relating to this matter.[3]

2. Topic 26(a)(ii): Case-Relevant Chat History Setting

Of the nine Covered Employees who recalled having used Chat for substantive communications relating to ad tech after receiving a legal hold relating to this matter, one Covered Employee[4] reported that he regularly toggled the Chat history setting to "history on" when discussing matters related to a legal hold.

3. Topic 26(b): Non-Privileged Chat History Setting Direction or Statements

Topic 26(b) (as narrowed) seeks "any non-privileged direction or statements that Google provided to its employees about conducting chats with 'history off.'" Google has made a good faith attempt, following a reasonable inquiry, to ascertain "direction or statements" about communicating via Chat with history off and identifies the following: Google's retention policies (*see* Appendix A) provide information on how long Chat is retained, whether a message is sent with history on or history off. In a communications training previously provided to Google employees, a module regarding whether to send an email when angry or tired contained a multiple choice question; one (incorrect) answer was: "Don't send the email. Chat 'off the record' via Hangouts instead."

Sincerely,

Eric Mahr

---

[3] The other seven Covered Employees had transitioned out of positions involving work on Google's ad tech business and into positions in Alphabet, Inc. or Google business segments not involving ad tech before they received legal hold notices relevant to this case. These seven Covered Employees include: Jonathan Bellack (on legal hold October 4, 2019; transitioned from Director of Product Management, Publisher Ad Platforms at Google to Director of Product at Jigsaw (another subsidiary of Alphabet, Inc.) in January 2019); ████ (on legal hold January 22, 2021; transitioned from ████ in January 2019); ████ (on legal hold October 4, 2019; ████ (on legal hold January 22, 2021; ████ (on legal hold January 22, 2021; ████ (on legal hold January 22, 2021; ████, and ████ (on legal hold January 22, 2021;

HIGHLY CONFIDENTIAL
November 8, 2023
Page 4

## APPENDIX A

### Retention policies applicable to Google Chat (January 1, 2016 to the present)

| Policy | Time Period | Beginning Bates |
|---|---|---|
| Gmail Retention Policy | August 21, 2015 - February 25, 2021 | GOOG-AT-MDL-009709510 |
| Google Chat Retention Policy | November 18, 2020 - February 25, 2021 | GOOG-AT-MDL-009709520 |
| Google Chat Retention Policy | February 26, 2021 - September 30, 2021 | GOOG-AT-MDL-009709508 |
| Google Chat Retention Policy | October 1, 2021 - December 7, 2021 | GOOG-AT-MDL-009709522 |
| Google Chat Retention Policy | December 8, 2021 - May 16, 2023 | GOOG-AT-MDL-009709506 |
| Google Chat Retention Policy | May 17, 2023 - Present (Current Policy) | GOOG-AT-MDL-009709518 |

HIGHLY CONFIDENTIAL<br>
November 8, 2023<br>
Page 5

## APPENDIX B

| Custodian Name | Date Hold Notice Issued[5] |
|---|---|
|  | Feb 3, 2021 |
|  | June 2, 2020 |
|  | Feb 3, 2021 |
|  | May 25, 2023 |
|  | Feb 3, 2021 |
|  | Jan 22, 2021 |
|  | Dec 5, 2019 |
|  | May 25, 2023 |
|  | Jan 22, 2021 |
|  | Jan 22, 2021 |
| Jonathan Bellack | Oct 4, 2019 |
|  | Oct 4, 2019 |
|  | Sept 20, 2022 |
|  | Jan 22, 2021 |
|  | Jan 22, 2021 |
|  | Oct 4, 2019 |
|  | Jan 22, 2021 |
|  | Feb 3, 2021 |
|  | May 25, 2023 |
|  | Jan 22, 2021 |
|  | Jan 22, 2021 |
|  | Feb 3, 2021 |
|  | Jan 22, 2021 |

---

[5] A legal hold was implemented for some custodians after they left Google. For those custodians, we have provided the date that the hold was implemented.

| Custodian Name | Date Hold Notice Issued[5] |
|---|---|
| ████ | Feb 3, 2021 |
| ████ | Jan 22, 2021 |
| ████ | Jan 22, 2021 |
| ████ | June 22, 2020 |
| ████ | June 12, 2023 |
| ████ | Jan 22, 2021 |
| ████ | May 25, 2023 |
| ████ | Oct 4, 2019 |
| ████ | Feb 3, 2021 |
| ████ | Sept 20, 2022 |
| ████ | Jan 22, 2021 |
| ████ | May 25, 2023 |
| ████ | Jan 22, 2021 |
| ████ | Jan 22, 2021 |
| ████ | May 25, 2023 |
| ████ | Jan 22, 2021 |
| ████ | Jan 22, 2021 |
| ████ | Feb 3, 2021 |
| ████ | Jan 22, 2021 |
| ████ | Jan 22, 2021 |
| ████ | Jan 22, 2021 |
| ████ | June 22, 2020 |
| ████ | Jul 26, 2023 |
| ████ | Apr 3, 2023 |
| ████ | Feb 3, 2021 |
| ████ | Jan 22, 2021 |
| ████ | Jan 22, 2021 |

HIGHLY CONFIDENTIAL
November 8, 2023
Page 7

| Custodian Name | Date Hold Notice Issued[5] |
|---|---|
| | Sept 26, 2023 |
| | Jan 22, 2021 |
| | Apr 3, 2023 |
| | Oct 4, 2019 |
| | Apr 3, 2023 |
| | Aug 6, 2020 |
| | Jan 29, 2021 |
| | Oct 4, 2019 |
| | Jan 22, 2021 |
| | June 12, 2023 |
| | Jan 22, 2021 |
| | Jan 22, 2021 |
| | Feb 21, 2020 |
| | Oct 4, 2019 |
| | Jan 22, 2021 |
| | Jan 22, 2021 |
| | Jan 22, 2021 |
| | Feb 3, 2021 |
| | May 25, 2023 |
| | Feb. 4, 2020 |
| | Oct 4, 2019 |
| | Feb 10, 2021 |
| | June 2, 2020 |
| | Jan 22, 2021 |
| | Sept 25, 2023 |
| | Jan 22, 2021 |
| | Jan 22, 2021 |

| Custodian Name | Date Hold Notice Issued[5] |
|---|---|
| | Jan 22, 2021 |
| | Jan 22, 2021 |
| | Jan 22, 2021 |
| | June 22, 2020 |
| | Feb 23, 2023 |
| | Jan 22, 2021 |
| | Jan 22, 2021 |
| | Jan 22, 2021 |
| | Jul 26, 2023 |
| | Jan 22, 2021 |
| | Feb 3, 2021 |
| | May 3, 2023 |
| | Jan 22, 2021 |
| Neal Mohan | Apr 27, 2023 |
| | Feb 23, 2023 |
| | Jan 22, 2021 |
| | Feb 3, 2021 |
| | Mar 8, 2021 |
| | Jul 26, 2023 |
| | Jan 22, 2021 |
| | June 14, 2023 |
| | June 12, 2023 |
| | Jan 22, 2021 |
| | Jul 26, 2023 |
| | Jan 22, 2021 |
| | Sept 20, 2022 |
| | Jan 22, 2021 |

HIGHLY CONFIDENTIAL
November 8, 2023
Page 9

| Custodian Name | Date Hold Notice Issued[5] |
|---|---|
| ■ | Oct 16, 2023 |
| ■ | Jan 22, 2021 |
| ■ | Jan 22, 2021 |
| Sundar Pichai | Oct 4, 2019 |
| ■ | Jan 22, 2021 |
| ■ | Feb 3, 2021 |
| ■ | Oct 4, 2019 |
| ■ | Apr 3, 2023 |
| ■ | Nov. 4, 2019 |
| ■ | Feb 3, 2021 |
| ■ | Jan 22, 2021 |
| ■ | May 23, 2023 |
| ■ | June 12, 2023 |
| ■ | May 25, 2023 |
| ■ | Jan 22, 2021 |
| ■ | Jan 22, 2021 |
| ■ | May 25, 2023 |
| ■ | Jan 22, 2021 |
| ■ | May 25, 2023 |
| ■ | Mar 8, 2021 |
| ■ | Jan 29, 2021 |
| ■ | Oct 4, 2019 |
| ■ | Oct 4, 2019 |
| ■ | Jan 22, 2021 |
| ■ | Jan 22, 2021 |
| ■ | Jan 22, 2021 |
| ■ | Feb 3, 2021 |

HIGHLY CONFIDENTIAL
November 8, 2023
Page 10

| Custodian Name | Date Hold Notice Issued[5] |
|---|---:|
| ██████████ | Jan 22, 2021 |
| ██████████ | Mar 3, 2022 |
| ██████████ | May 23, 2023 |
| ██████████ | Jan 22, 2021 |
| ██████████ | Jan 22, 2021 |
| ██████████ | Jan 22, 2021 |
| ██████████ | June 12, 2023 |
| Scott Spencer | Jan 22, 2021 |
| ██████████ | Jan 22, 2021 |
| ██████████ | Jan 22, 2021 |
| ██████████ | Jan 22, 2021 |
| ██████████ | Apr 3, 2023 |
| ██████████ | Mar 8, 2021 |
| ██████████ | Oct 4, 2019 |
| ██████████ | Jan 22, 2021 |
| ██████████ | Jan 22, 2021 |
| ██████████ | Jan 22, 2021 |
| ██████████ | June 12, 2023 |
| ██████████ | Feb 23, 2021 |
| ██████████ | Jan 22, 2021 |
| ██████████ | June 14, 2023 |
| ██████████ | Feb 3, 2021 |
| ██████████ | Jan 22, 2021 |
| ██████████ | June 12, 2023 |
| ██████████ | June 12, 2023 |
| ██████████ | Jan 22, 2021 |
| ██████████ | Jan 22, 2021 |

HIGHLY CONFIDENTIAL
November 8, 2023
Page 11

| Custodian Name | Date Hold Notice Issued[5] |
|---|---|
| █████ | Mar 3, 2022 |
| █████ | Jan 22, 2021 |
| █████ | Jan 18, 2023 |
| █████ | May 25, 2023 |
| █████ | Jan 22, 2021 |
| █████ | Feb 3, 2021 |
| █████ | Jan 22, 2021 |
| █████ | Jan 22, 2021 |
| █████ | Jan 22, 2021 |
| █████ | May 25, 2023 |
| █████ | Jan 22, 2021 |
| Susan Wojcicki | Oct 4, 2019 |
| █████ | Oct 4, 2019 |
| █████ | May 25, 2023 |

HIGHLY CONFIDENTIAL
November 8, 2023
Page 12

### APPENDIX C

On September 11, 2023, Plaintiffs identified the following 35 employees as "Covered Employees" for Google's written response to Topic 26 of Plaintiffs' 30(b)(6) Notice[6]:

1) Jonathan Bellack*
2) ▮
3) ▮
4) ▮
5) ▮
6) ▮
7) ▮
8) ▮
9) ▮
10) ▮
11) ▮
12) ▮
13) ▮
14) ▮
15) ▮
16) ▮
17) ▮
18) ▮
19) ▮
20) ▮
21) ▮
22) ▮
23) ▮
24) Larry Page
25) Sundar Pichai
26) ▮
27) ▮
28) ▮
29) ▮
30) ▮
31) ▮
32) Scott Spencer*
33) ▮
34) ▮
35) Susan Wojcicki



---

[6] An asterisk (*) denotes former Google employees as of September 11, 2023.