IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

### DECLARATION OF ETHAN GLENN

I, Ethan Glenn, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney at Norton Rose Fulbright US LLP, and I represent the State of Texas in the above-captioned case.

2. I am an attorney admitted to practice in the State of Texas and in the United States District Court for the Eastern District of Texas.

3. I respectfully submit this Declaration in support of Plaintiffs' Opposition to Non-Party Meta Platforms Inc.'s Motion for Protective Order, dated July 12, 2024.

4. Attached as **Exhibit 1** is a true and correct copy of Plaintiff States' Second Set of Requests for Production to Google LLC, dated September 29, 2023.

5. Attached as **Exhibit 2** is a true and correct copy of an email correspondence between counsel for Meta, and Zeke DeRose, counsel for Plaintiff States, dated April 18, 2024.

6. On April 19, 2024, Marc Collier, counsel for Plaintiff the State of Texas, Zeke DeRose III, counsel for various Plaintiff States, and I met and conferred with counsel for Meta via Zoom. Prior to that meet and confer, counsel for Meta shared the "May 2020 CID" with counsel

1

for the Plaintiff States. During that meet and confer, counsel for Meta "screenshared" select portions of the "June 2020 CID." After that meet and confer, on April 21, 2024, counsel for Meta shared the search terms used for the "June 2020 CID" with counsel for the Plaintiff States.

7. Counsel for Meta did not show the Plaintiff States the "October 2020 CID," the so-called "Non-Google CIDs," or the search terms for those CIDs. During the April 19, 2024 meet and confer, counsel for Meta represented that the "October 2020 CID" and the "Non-Google CIDs" likely did not contain documents relevant to the Plaintiff States' subpoena. However, the Plaintiff States were not able to confirm that representation or otherwise verify or review the other documents that Meta produced in response to those CIDs before the depositions of Meta's Rule 30(b)(6) witnesses.

8. Attached as **Exhibit 3** is a true and correct copy of an email correspondence between counsel for Meta, and Marc Collier, counsel for Plaintiff States, dated April 21, 2024.

9. On July 8, 2024, pursuant to the Plaintiff States' prior request, counsel for Meta circulated a proposed declaration to counsel for the Plaintiff States regarding the other, currently unproduced EDVA Documents. On July 10, 2024, in advance of another meet and confer between the parties about that proposed declaration and Meta's Motion for Protective Order, counsel for the Plaintiff States proposed to counsel for Meta via email that the parties add the following additional language to the last line of ¶ 9 of Meta' proposed declaration:

> "The non-produced subset of documents in the FBDOJ Bates range that were not produced to the State Plaintiffs are not likely to contain relevant information."

10. That email proposal is attached to this declaration as **Exhibit 4-A**. The relevant declaration drafted by counsel for Meta and the Plaintiff States' proposed additional language is attached to this declaration as **Exhibit 4-B** (the Plaintiff States' proposed additional language is in red in ¶ 9, all other language, formatting, style, and substance were drafted and proposed by

counsel for Meta). In light of that proposal, counsel for Meta took down the parties' July 10 meet and confer and represented that they would discuss the proposal with Meta.

11. On July 11, 2024, Marc Collier, Shane Kelly (counsel for various Plaintiff States), and I met and conferred again with counsel for Meta. During that meet and confer, counsel for Meta did not agree to the proposed additional language.

12. As a compromise, counsel for the Plaintiff States orally offered to Meta a revision to the proposed additional language, which would read (oral addition to previous proposed additional language in red):

> "Some documents with the bates prefix FBDOJ are duplicates of documents with the bates prefix FBDOJGOOG that have already been produced to the State Plaintiffs. Based on the categories of documents sought by the CIDs and what I know about Meta's records, I believe the non-produced subset of documents in the FBDOJ Bates range that were not produced to the State Plaintiffs are not reasonably likely to contain relevant information other than those duplicate documents that have already been produced to the State Plaintiffs."

13. Counsel for Meta did not agree to the Plaintiff States' oral proposal at that time. Counsel for Meta also did not commit to when Meta would respond to the Plaintiff States' oral proposal.

14. Attached as **Exhibit 5** is a true and correct copy of the letter Meta's counsel sent counsel for Plaintiff States on April 23, 2024.

15. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2024, in the State of Texas.    /s/ *Ethan Glenn*
                                                         Ethan Glenn