**FILED UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:20-cv-00957-SDJ |
| v. | § | |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## GOOGLE'S CORRECTED MOTION TO CLARIFY THE COURT'S SCHEDULING ORDER TO PROVIDE FOR POTENTIAL POST-TRIAL PROCEEDINGS ON INJUNCTIVE RELIEF

**FILED UNDER SEAL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................................1

BACKGROUND ........................................................................................................................2

ARGUMENT .............................................................................................................................6

    A. Courts Commonly Split Complex Antitrust Cases into Separate Liability and Remedy Phases to Promote Judicial Economy. ................................................................................6

    B. Because Any Injunctive Relief Must Be Tailored to the Liability Determination, It Is More Efficient for Remedies Proceedings to Await that Determination. ...........................8

    C. Discovery on Injunctive Relief Should Be Tailored to the Liability Determination and Actual Relief Sought. ..........................................................................................................10

    D. Due Process and Fairness Require an Evidentiary Hearing and an Opportunity to Take Discovery and Present Evidence Tailored to the Actual Injunctive Relief Requested. ......13

CONCLUSION .........................................................................................................................15

FILED UNDER SEAL

## PRELIMINARY STATEMENT

The Court's January 2, 2024 Scheduling Order (the "Scheduling Order") currently does not provide a process or schedule for post-trial proceedings on a remedies phase, if necessary, for any injunctive relief Plaintiffs may pursue.  *See* ECF No. 194.  Google requests entry of the enclosed Proposed Order to clarify the process and schedule regarding such proceedings.  The Proposed Order will promote judicial economy, tailor discovery and proceedings on injunctive relief to the actual relief sought based on any liability determination, and ensure due process and fairness for the parties by resolving any factual disputes on injunctive relief through an evidentiary hearing.  Google has met and conferred with Plaintiffs regarding the requested relief, and Plaintiffs have indicated they oppose this motion.

Plaintiffs' opposition to this motion is curious.  They are quite familiar with the common practice of courts to bifurcate post-trial proceedings on remedies from the trial proceedings on liability in antitrust cases, as outlined in the Proposed Order, having proposed similar approaches in other cases.  The same Plaintiff States in this Action proposed a similar approach in other cases they pursued against Google—*United States v. Google LLC*, Case No. 1:20-cv-03010 (D.D.C.), and *State of Colorado v. Google LLC*, No. 1:20-cv-03715 (D.D.C.) (the "*Search* Cases"), and *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981 (N.D. Cal.) (the "*Play* Cases")—and the courts in those cases adopted it.  Likewise, the courts in *United States v. Google LLC*, Case No. 1:23-cv-00108 (E.D. Va.) (the "Virginia Ad Tech Case"), and *FTC v. Meta Platforms, Inc.*, Case No. 1:20-cv-03590 (D.D.C.) (the "*Meta* Case"), also adopted a similar approach.

Plaintiffs have offered no legitimate reason to depart from this well-established practice in this Action, and have articulated no prejudice to Plaintiffs from this approach.  Nor can they.  As Plaintiffs have recognized elsewhere, the approach in the Proposed Order promotes judicial

**FILED UNDER SEAL**

economy and streamlines the issues for trial to the benefit of the Court, the parties, and any third-party witnesses.  This approach also ensures due process and fairness for all parties by providing both sides the opportunity to take discovery and present evidence at a post-trial hearing if and when there is a specific liability determination and an actual request for injunctive relief tailored to that determination.

Under the current Scheduling Order (as amended by ECF No. 458), Plaintiffs served their opening expert disclosures on June 7, 2024, Google's expert disclosures are due on July 30, 2024, and Plaintiffs' rebuttal disclosures are due on August 27, 2024.  Google therefore respectfully requests expedited resolution of this motion and entry of the Proposed Order by the Court so that the parties have clarity that expert disclosures on injunctive relief, if necessary, are deferred until post-trial proceedings and need not be served during this initial expert discovery period.  Together with this motion, Google has filed a partly opposed motion to shorten the briefing period on the motion to clarify the Scheduling Order, such that Plaintiffs' response, if any, would be due on July 15, 2024, and Google's reply, if any, would be due on July 17, 2024.

## BACKGROUND

***Relief Requested in Complaint.***  In their Prayer for Relief, Plaintiffs request, among other things, decrees that "Google has committed violations of" Sections 1 and 2 of the Sherman Act and "separate and multiple violations of each of the state laws enumerated in Counts V and VI." Fourth Am. Compl. ¶ 759(a), (b), (i), *In re: Google Digital Advertising Antitrust Litig.*, (S.D.N.Y. May 5, 2023), ECF No. 541 ("FAC").  Plaintiffs also request "injunctive relief to restore competitive conditions in the relevant markets affected by Google's unlawful conduct," *id.* ¶ 759(c), "structural relief to restore competitive conditions in the relevant markets affected by Google's unlawful conduct," *id.* ¶ 759(d), and injunctive relief to prohibit Google "from

**FILED UNDER SEAL**

continuing to engage in any anticompetitive conduct and from adopting in the future any practice, plan, program or device having a similar purpose or effect to the anticompetitive actions" alleged in the FAC, *id.* ¶ 759(e).[1]  The FAC does not detail the particular form any such injunctive relief would take.

*Interrogatory and Plaintiffs' Advisory on Relief Sought.*  In January 2023, Google issued an interrogatory to Plaintiffs requesting that they "identify all remedies [Plaintiffs] seek in this action."  Over the course of seven amended responses between May 2023 and May 2024, Plaintiffs have not specified the particular form of injunctive relief they intend to seek, stating only that they intend to pursue "injunctive relief" and "a combination of structural and behavioral remedies." *See* Declaration of James K. Hunsberger (hereafter "Hunsberger Decl.") Ex. A at 9-10.

On April 17, 2024, Plaintiffs filed an advisory indicating that Plaintiffs seek "injunctive relief" pursuant to "federal and their respective state's antitrust laws" and pursuant to "their respective state's deceptive trade practices laws."  Pl. States' Am. Advisory re: Relief Sought at 2, ECF No. 381 (Apr. 17, 2024) ("Amended Advisory").[2]  The Amended Advisory does not detail the particular form any such injunctive relief would take.

*Scheduling Order.*  Following remand of the Action to this Court, on November 7, 2023 the Court ordered the parties each to submit a status report containing a proposed schedule for the case going forward.  Order at 2, ECF No. 153 (Nov. 7, 2023).  The parties filed their respective proposals on November 14, 2023.  *See* Google LLC's Status Report Following MDL Proceedings, ECF No. 156 (Nov. 14, 2023); Pls.' Case Status Report and Proposed Schedule, ECF No. 157

---

[1] Google reserves all rights with respect to all liability and remedies issues in this Action, including the right to dispute Plaintiffs' entitlement to any of the remedies they purport to seek.

[2] In connection with their state antitrust and DTPA claims, Plaintiffs also seek civil penalties (all Plaintiffs on all state claims, except Indiana and Missouri for antitrust claims) and attorneys' fees and costs (all Plaintiffs on all state claims, except Missouri for antitrust claims).  Am. Advisory, ECF No. 381 (Apr. 17, 2024).

FILED UNDER SEAL

(Nov. 14, 2023).  Neither proposal addressed the process for post-trial remedies proceedings on any injunctive relief Plaintiffs may pursue if there were a liability determination in their favor.  On January 2, 2024, the Court issued a Scheduling Order setting forth a process and schedule for discovery, pre-trial proceedings, and trial on the liability phase of this Action.  Scheduling Order, ECF No. 194 (Jan. 2, 2024).  In line with the parties' proposals, the Scheduling Order is silent on post-trial remedies proceedings regarding any injunctive relief Plaintiffs may pursue in the event of a liability determination in their favor.

*Expert Discovery.*  Following the close of fact discovery, on June 7, 2024, Plaintiffs served a report during expert discovery from an economics professor who opines at a high level that "[d]ivestiture of the [DFP] publisher ad server would be an appropriate remedy to increase competition."  Economist Report ¶ 210 (June 7, 2024).  He also opines at a high level on certain behavioral "remedies that are consistent with market design principles for well-functioning markets such as non-discriminatory interoperability, internal separation with best interest duties and firewalls, and transparency disclosure requirements."  *Id.* ¶ 216.[3]  This is the first time Plaintiffs disclosed to Google *any* information on the potential form that any "structural relief" or "injunctive relief" requested in the FAC might take, but like the FAC, interrogatory response, and Amended Advisory, the report Plaintiffs served does not detail the particular form any such relief would take.

*Pre-motion Discussions with Plaintiffs.*  Given Plaintiffs' refusal to provide any specificity in their pleadings, Amended Advisory, or interrogatory responses on the particular form of injunctive relief they intend to pursue, Google was surprised that, just a month after their latest

---

[3] The economist's opinions on remedies make up a limited portion of his report, with ~20 pages devoted to remedies (~2 pages on "structural" and ~18 pages on "behavioral" remedies) out of 95 pages total (excluding appendices).

interrogatory response, Plaintiffs served a report in expert discovery that opined on potential injunctive relief (albeit lacking specificity).  This was particularly surprising to Google in light of the common practice in complex antitrust cases to bifurcate liability and remedies proceedings, the fact that Plaintiffs themselves have proceeded this way in the *Search* Cases and *Play* Cases they have pursued against Google, and the fact that Plaintiffs have not indicated (in their submission on the Scheduling Order or otherwise) any intention to proceed differently in this Action.

In an effort to align the parties' expectations for the process going forward, Google promptly raised this issue in a meet-and-confer with Plaintiffs on June 14, 2024, and proposed that the parties enter into a stipulation to make clear that, with the Court's approval, this Action would follow common practice, with a separate post-trial remedies phase focused on any injunctive relief Plaintiffs may request in the event they obtain a liability determination in their favor.  Plaintiffs responded by email on June 21, 2024, indicating they were not inclined to enter such a stipulation but remained open to reviewing one.  Hunsberger Decl. Ex. B at 15-16.  On June 24, 2024, Google sent a draft stipulation and proposed order for Plaintiffs' review and comment.  *Id.* at 14-15.  On July 1, 2024, Plaintiffs responded that they are "agreeable to considering and entering an agreement regarding post-trial briefing related to equitable and injunctive remedies, but not as to additional post-trial discovery at this time," as they do not believe such discovery is "necessary." *Id.* at 11-12.  Plaintiffs also asked for authority supporting the approach in the draft stipulation and proposed order.  *Id.* at 12.  Google responded on July 3, 2024, reminding Plaintiffs about the *Search* Cases and *Play* Cases, where they proposed and both courts adopted this approach.  *Id.* at 10-11. Google reiterated its willingness to meet and confer and desire to avoid unnecessary motion practice on these issues through a stipulation to clarify that this Action will follow this well-

**FILED UNDER SEAL**

established approach that Plaintiffs have proposed in other recent cases.  *Id.* 11.  The parties met

and conferred again on July 10, 2024, and Google emphasized the judicial economy rationale for

the Proposed Order.  Plaintiffs agreed to further consider these issues after the meet-and-confer

and then responded by email that they "do not agree to entry at this time of the Proposed Stipulation

and Proposed Order."  *Id.* at 2-4.  Plaintiffs indicated they "agree that post-trial briefing on

injunctive relief is appropriate, as well as any status conferences and hearings set by the Court,"

but do not agree to "additional fact and expert discovery" on injunctive relief after the liability

trial.  *Id.* at 3.

## ARGUMENT

Federal Rule of Civil Procedure 42(b) gives district courts broad discretion to "order a

separate trial of one or more separate issues" "[f]or convenience, to avoid prejudice, or to expedite

and economize."  Fed. R. Civ. P. 42(b); *see also, e.g.*, *Briggs v. State Farm Fire & Cas. Co.*, 673

F. App'x 389, 391, 392 (5th Cir. 2016) (explaining that whether to bifurcate "is a matter within

the sole discretion of the trial court" and affirming district court's order to bifurcate trial in manner

making "the most economical sense").  It has been a common practice of courts in complex

antitrust cases to exercise that discretion to adopt the approach reflected in the Proposed Order,

with separate trial proceedings on liability and post-trial proceedings on remedies.

### A. Courts Commonly Split Complex Antitrust Cases into Separate Liability and Remedy Phases to Promote Judicial Economy.

Federal district courts have bifurcated liability and remedies proceedings in several of the

recent antitrust enforcement actions against defendants in various technology industries.  For

example, the same Plaintiff States as present here proposed this approach in the *Search* Cases and

the *Play* Cases, and both courts adopted it.  *See* Order to Bifurcate Proceedings, *United States v.*

*Google LLC*, Case No. 1:20-cv-03010 (D.D.C. Dec. 6, 2021), ECF No. 264, Hunsberger Decl. Ex.

FILED UNDER SEAL

C at 1, 2. ("The Parties . . . have jointly requested to bifurcate the proceedings to hold separate

trials on liability and, if necessary, remedy. . . . The Court finds that, to the extent necessary,

holding separate trials on the issues of liability and remedies will be more convenient for the Court

and the Parties, and will expedite and economize this litigation."); Joint Statement re: Proposed

Case Schedule and Trial Structure, *In re Google Play Store Antitrust Litig.*, Case No. 3:21-md-

02981 (N.D. Cal. Jan. 30, 2023), ECF No. 434, Hunsberger Decl. Ex. D at 5 ("The Parties jointly

propose that equitable and other issues that the Court must decide (as opposed to the jury) should

be addressed, if necessary, at a hearing before the Court after the jury trial in this case.").[4]

Likewise, the Eastern District of Virginia adopted such an approach in the Virginia Ad

Tech Case, with bifurcated proceedings on liability and equitable relief.  Order ("Virginia Ad Tech

Case Order"), *United States v. Google LLC*, Case No. 1:23-cv-00108 (E.D. Va. July 11, 2023),

ECF No. 283, Hunsberger Decl. Ex. E at 3 ("[T]he first step in this process is that plaintiffs must

obtain a jury verdict in [their] favor.  The next step would be for plaintiffs to decide, based on the

jury's findings, whether they want to seek any equitable relief and, if so, what relief they want to

request.").  So, too, did the District Court for the District of Columbia in the *Meta* Case.  Joint

Scheduling Order ("*FTC v. Meta* Order"), *FTC v. Meta Platforms, Inc.*, Case No. 1:20-cv-03590

(D.D.C. Mar. 3, 2022), ECF No. 103, Hunsberger Decl. Ex. H at 2 (bifurcating proceedings on

---

[4]  In *Play*, consistent with the proposed bifurcation of proceedings on liability and injunctive/equitable relief, the parties also agreed "to meet and confer immediately following a jury verdict regarding any issues and evidence that may be necessary to resolve any requests for injunctive or equitable relief, and submit a joint proposal or, if necessary, their respective positions regarding any dispute within 10 days of the jury verdict."  Joint Submission re: Trial Proposal, *In re Google Play Store Litig.*, Case No. 3:21-md-02981 (N.D. Cal. May 12, 2023), ECF No. 505, Hunsberger Decl. Ex. F at 12.  The court had earlier provided its guidance on bifurcation of legal and equitable claims.  Minute Entry, *In re Google Play Store Litig.*, Case No. 3:21-md-02981 (N.D. Cal. July 22, 2021), ECF No. 67, Hunsberger Decl. Ex. G at 2 ("The Court intends to first utilize a jury as the finder of fact for issues common to the legal and equitable claims.  The Court would then take up equitable claims after the jury verdict.") (cleaned up).

FILED UNDER SEAL

liability and remedies and ruling that provisions of order governing discovery during liability phase "shall not apply to any additional discovery to facilitate a remedy phase").  Plaintiff State of Nevada also has proposed this approach in *FTC v. Amazon.com, Inc.*, Case No. 2:23-cv-01495 (W.D. Wash.) (the "*Amazon* Case"), where the court has reserved its decision on the bifurcation question until the pending motion to dismiss is resolved.  *See* Mot. to Bifurcate ("*FTC v. Amazon* Mot. to Bifurcate"), *FTC v. Amazon.com, Inc*., Case No. 2:23-cv-01495 (W.D. Wash. Feb. 29, 2024), ECF No. 167, Hunsberger Decl. Ex. I at 1 ("Plaintiffs move to bifurcate this action into two separate proceedings: a trial solely on liability to be followed by a proceeding on remedies.").

### B. Because Any Injunctive Relief Must Be Tailored to the Liability Determination, It Is More Efficient for Remedies Proceedings to Await that Determination.

The judicial economy rationale for this approach is straightforward and compelling.  As Plaintiffs themselves put it in the *Search* Cases, "separate proceedings on liability and remedy will be more efficient for all parties in this case, including third parties, because the scope and specifics of any remedy will depend on the scope and specific holding of the Court on liability."  Joint Status Report ("*Search* Joint Status Report"), *U.S. v. Google LLC*, Case No. 1:20-cv-03010 (D.D.C. Nov. 23, 2021), ECF No. 256, Hunsberger Decl. Ex. J at 9 (statement of U.S. Plaintiffs) (citing *United States v. Microsoft Corp.*, 253 F.3d 34, 103-05 (D.C. Cir. 2001)); *id.* at 13 ("Plaintiff States agree with and incorporate by reference the U.S. Plaintiffs' position.").

No matter the outcome of the liability phase, bifurcation will promote judicial economy. Bifurcation enables the parties and the factfinder to focus initially on liability issues and avoid speculative, uncertain proceedings on issues relating to a hypothetical post-trial request for injunctive relief based on the as-yet-unknown liability determination.  In the event of a liability determination in favor of Google, there will be no need for discovery or an evidentiary hearing on remedies, and the parties and the Court will have avoided unnecessary time and expense on

FILED UNDER SEAL

remedies issues.[5]  In the event of a liability determination in favor of Plaintiffs, any injunctive relief requested by Plaintiffs—and ultimately adopted by the Court—must be "tailored to fit the wrong creating the occasion for the remedy."  *See Microsoft*, 253 F.3d at 107 (vacating district court's remedies order and holding that, because D.C. Circuit had "altered the scope of Microsoft's liability," the district court must "determine the propriety of a specific remedy for the limited ground of liability" that had been upheld).[6]  Bifurcation enables the parties and the Court to tailor the post-trial proceedings on Plaintiffs' requested injunctive relief to the specific liability findings rather than a range of theoretically possible injunctive relief based on the as-yet-unknown liability determination.  In doing so, the parties and the Court will avoid unnecessary, unfocused, and unhelpful trial witness testimony concerning remedies ultimately foreclosed by the liability findings.

Plaintiffs agree, as they must, with this foundational proposition.  In fact, they have emphasized that bifurcation promotes "the most efficient development and presentation of evidence" because "the scope and specifics of any remedy will depend on the scope and specific holding of the Court on liability."  *Search* Joint Status Report, Hunsberger Decl. Ex. J at 8, 9 (citing *Microsoft*, 253 F.3d at 103-05).[7]  By contrast, without bifurcation, a "range of remedies would need to be presented at trial," including "remedies that ultimately may be foreclosed by the Court's

---

[5] Likewise, Google's pending 12(b)(1) motion, if granted, would result in dismissal of the Complaint in its entirety, including all of Plaintiffs' claims for injunctive relief, due to their lack of Article III standing.  *See* Google LLC's Mot. for Dismissal Pursuant to Rule 12(b)(1), ECF No. 200 (Jan. 16, 2024).

[6] *See also New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 88 (D.D.C. 2002) ("In this case, the mandate of the appellate court requires this Court to fashion a remedy appropriately tailored to the revised liability findings.").

[7] *See also FTC v. Amazon* Mot. to Bifurcate, Hunsberger Decl. Ex. I at 8 (Plaintiff State of Nevada, along with other plaintiffs in *Amazon* Case, arguing that "bifurcation will simplify the proceedings on remedies and save the Court and the Parties significant time and resources by enabling the Parties to tailor presentations on remedies to the Court's liability findings").

FILED UNDER SEAL

liability holdings." *Id.* at 10.[8]  Moreover, under Google's Proposed Order, the Court would have broad discretion to determine the format of the remedies phase as appropriate to further enhance efficiency—including, for example, by imposing limits on any remedies-specific discovery, evidentiary submissions, and testimony to avoid repetition with the liability phase and minimize the burden on the parties and Court.

Bifurcating liability and remedies is particularly appropriate here because, in addition to their federal antitrust claims under the Sherman Act, Plaintiffs also seek as-yet-unspecified injunctive relief under their respective state antitrust and DTPA laws.  The breadth of these claims, which may involve varying state-specific requirements and require state-specific analysis, add another layer of complexity to this case that is most efficiently addressed through bifurcated proceedings.  As Plaintiff State of Nevada recognized in seeking bifurcation in the *Amazon* Case, the range of state law claims "will require independent analysis of applicable remedies," which "further supports streamlining an already complex trial."  *See FTC v. Amazon* Mot. to Bifurcate, Hunsberger Decl. Ex. I at 8.[9]

### C. Discovery on Injunctive Relief Should Be Tailored to the Liability Determination and Actual Relief Sought.

For the same reasons, any discovery on Plaintiffs' requested injunctive relief should be tailored to the liability determination and occur after that determination.  In particular, without that determination and an actual request from Plaintiffs for particular forms of injunctive relief, it is

---

[8] *See also id.* at 5 (Plaintiff State of Nevada, along with other plaintiffs in *Amazon* Case, arguing that, without bifurcation, "witnesses may have to testify about a range of potential remedies covering all possible liability outcomes," which "could result in the parties litigating—and the court considering—remedies that may ultimately be foreclosed by the court's liability determinations, thereby reducing judicial economy").

[9] *See also id.* at 4 ("Bifurcating remedy proceedings from the underlying resolution of liability allows the factfinder to address each of these complex issues independently, promoting the efficient development and presentation of evidence on the merits.").

inefficient and impractical for the parties' expert witnesses to spend significant resources addressing hypothetical forms of injunctive relief that Plaintiffs might request.  As Plaintiffs put it in the *Search* Cases, "without bifurcation, the parties' experts would each need to address a range of possible remedies that would correspond to all possible outcomes regarding liability" and the "parties would further need to inquire about these remedies in deposition."  *Search* Joint Status Report, Hunsberger Decl. Ex. J at 10.  Just as Plaintiffs warned in *Search*, adopting this approach here would undermine judicial economy as "[m]uch of this effort by the parties and the Court would likely be wasted."  *Id.*  Plaintiffs' attempt to force the parties in this Action to conduct discovery on injunctive relief now risks the substantial inefficiencies that Plaintiffs cautioned against in *Search*: without bifurcation, "the experts' respective reports would likely require significant revisions to track the specific factual findings in the Court's opinion; expert depositions would likely need to be retaken; and further remedies-related testimony would need to be presented so that the Court could consider [the plaintiffs'] available remedies in light of" the liability determination.  *Id.*

In the same spirit, the court in the Virginia Ad Tech Case concluded that there should be separate proceedings on liability and equitable remedies, and ruled that expert discovery should be tailored to the actual equitable relief sought by plaintiffs after any liability determination.  *See* Virginia Ad Tech Case Order, Hunsberger Decl. Ex. E at 3 (in event plaintiffs obtain liability determination in their favor, establishing process for plaintiffs to indicate "what equitable relief [they] intend to pursue" and parties to "exchang[e] expert reports addressing the specific equitable remedy or remedies being sought").[10]  The courts in the *Play* Cases and *Meta* Case adopted a

---

[10] In the Virginia Ad Tech Case, Google supported bifurcating the determinations of liability and equitable relief, *id. at* 1, but initially opposed bifurcating discovery on equitable relief because it understood the court in that case intended for all discovery to be completed at the same time.  It turned out Google had misunderstood.  Consistent with common practice, the Virginia court

**FILED UNDER SEAL**

similar approach.  *See* Minute Entry at 2, *In re Google Play Store Antitrust Litig.*, Case No. 3:21-md-02981 (N.D. Cal. Jan. 18, 2024), ECF No. 917 Hunsberger Decl. Ex. K at 2 (following liability determination by jury in plaintiff's favor, ordering plaintiff to file a "proposed injunction" and "brief statements in support" from experts and setting an evidentiary hearing for expert economist testimony concerning "an appropriate conduct remedy in light of the jury's findings"); Minute Entry, *In re Google Play Store Antitrust Litig.*, Case No. 3:21-md-02981 (N.D. Cal. May 23, 2024), ECF No. 978, Hunsberger Decl. Ex. L at 1 (ordering fact and expert discovery concerning technical work and economic costs associated with plaintiff's requested injunctive relief based on jury verdict, as well as additional hearing with testimony by fact and/or expert witnesses); *FTC v. Meta* Order, Hunsberger Decl. Ex. H at 2 (bifurcating trial between liability and remedies and ruling that provisions of order "relating to discovery shall not apply to any additional discovery to facilitate a remedy phase.").

The approach reflected in the Proposed Order is also consistent with the approach adopted by the courts in *Microsoft*.  On remand, the district court established a process and schedule for additional fact and expert discovery on remedies and held an extensive evidentiary hearing on Plaintiffs' proposed remedies, including fact and expert testimony.  *New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 87-88 (D.D.C. 2002) (detailing scope of remedies proceedings on remand); Scheduling Order, *New York v. Microsoft Corp.*, Case No. 1:98-cv-01233 (D.D.C. Sept. 28, 2001), ECF No. 225, Hunsberger Decl. Ex. M at 3-4 (on remand, establishing process and schedule for remedies proposals, fact and expert discovery on remedies, remedies briefing, and evidentiary hearing).  In adopting this process, the district court heeded the guidance from the D.C. Circuit that crafting appropriate remedies in cases involving a "constantly changing" industry requires the

---

decided to bifurcate discovery as well, and its decision has promoted efficient case management in that case for the reasons described above that also would make sense here.

FILED UNDER SEAL

court "to update and flesh out the available information." *Microsoft*, 253 F.3d at 49 (observing "six years seems like an eternity in the computer industry"); *see also New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 103 (D.D.C. 2002) ("The parties and the Court undertook the lengthy process of precisely such an evidentiary hearing and endeavored to update and flesh out the relevant factual information.").  The same is true here for the dynamic ad tech industry, where Plaintiffs "in this complex antitrust and consumer protection case" challenge "15-plus years of conduct by Google in the multi-trillion-dollar markets for online advertising."  Pl. States' Mot. for Modification of Scheduling Order at 11, ECF No. 463 (May 3, 2024).  As reflected in the Proposed Order, in the event Plaintiffs obtain a liability determination in their favor, the Court should establish a process and schedule for any additional fact and expert discovery that may be necessary to ensure the parties can litigate—and the Court can decide—the disputed factual issues with the benefit of discovery that is up-to-date and tailored to the actual relief sought.

### D. Due Process and Fairness Require an Evidentiary Hearing and an Opportunity to Take Discovery and Present Evidence Tailored to the Actual Injunctive Relief Requested.

As Plaintiffs recognize, in the likely event of factual disputes between Plaintiffs and Google after both sides present fact and expert evidence on the requested relief, Google has a "basic procedural right to have disputed facts resolved through an evidentiary hearing." *Microsoft*, 253 F.3d at 101-103; *see also id.* at 101 ("A party has the right to judicial resolution of disputed facts not just as to the liability phase, but also as to appropriate relief.  Normally, an evidentiary hearing is required before an injunction may be granted." (cleaned up)); *Search* Joint Status Report, Hunsberger Decl. Ex. J at 9 (citing *Microsoft*, 253 F.3d at 100-03) ("If the Court finds Defendant liable for violating the Sherman Act, an evidentiary hearing will likely be necessary to determine the appropriate remedy for such violation(s).").  Indeed, "[i]t is a cardinal principle of

**FILED UNDER SEAL**

our system of justice that factual disputes must be heard in open court and resolved through trial-like evidentiary proceedings." *Microsoft*, 253 F.3d at 101.

For similar reasons, due process and fairness also dictate that Google be permitted to take discovery and present evidence on the actual, particularized form of any injunctive relief Plaintiffs seek following any liability determination in their favor.  As described above, in their pleadings, Amended Advisory, and responses to fact discovery, Plaintiffs did not provide any details on the particular form any such injunctive relief would take.  *See* Hunsberger Decl. Ex. A (stating only that Plaintiffs intend to pursue "injunctive relief" and "a combination of structural and behavioral remedies," with no additional specificity); *see also* Pl. States' Am. Advisory re: Relief Sought, ECF No. 381 (Apr. 17, 2024) (stating only that Plaintiffs intend to seek "injunctive relief," with no additional specificity).  After the close of fact discovery, on June 7, 2024, Plaintiffs served a report during expert discovery from an economics professor who opines at a high level that "[d]ivestiture of the [DFP] publisher ad server would be an appropriate remedy to increase competition."  Economist Report, ¶ 210; *see also id.* ¶ 216 (describing certain "behavioral remedies" at a high level).  These disclosures—post-dating the close of fact discovery in the Scheduling Order—are the first indication whatsoever from Plaintiffs of the form any injunctive relief might take, and they still lack any meaningful specificity.  To illustrate, with respect to the hypothetical DFP divestiture, neither the economics professor nor any other expert disclosed by Plaintiffs offers any opinions on which features of Google's current integrated Google Ad Manager product (of which DFP is one part) would be included in the divestiture, which parts of the Google Ad Manager codebase (of which DFP is one part) would be included with the divestiture, what would be required for DFP to operate outside of Google's proprietary infrastructure post-divestiture, and so on.

**FILED UNDER SEAL**

Therefore, in the event Plaintiffs obtain a liability determination in their favor, it is not only inefficient but also unfair to Google for Plaintiffs to suggest that the parties should litigate—and the Court should decide—Plaintiffs' as-yet-unspecified request for injunctive relief tailored to the as-yet-unknown liability determination based only on the current discovery record.  Instead, as reflected in the Proposed Order and consistent with common practice, at the post-trial status conference the parties and the Court could, if necessary, discuss the scope of any additional fact and expert discovery that would be useful to the Court's determination on injunctive relief.  The Court could then issue an order, in its discretion, establishing the appropriate scope of discovery.

Plaintiffs have not articulated any prejudice they would suffer as a result of the approach reflected in the Proposed Order.  Nor could they.  If additional proceedings are needed after liability issues have been resolved, Plaintiffs would have the same right as Google to conduct additional fact and expert discovery in line with the Court's orders following a post-trial status conference on injunctive relief.

## CONCLUSION

Google respectfully requests that its Motion be granted and its Proposed Order be entered by the Court.

FILED UNDER SEAL

Dated: July 10, 2024

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW
Washington, DC 20005
(202) 777-4545
eric.mahr@freshfields.com

Justina Sessions
FRESHFIELDS BRUCKHAUS DERINGER LLP
855 Main Street
Redwood City, CA 94063
(650) 461-8276
justina.sessions@freshfields.com

Daniel S. Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
(415) 490-1486
dbitton@axinn.com

Bradley Justus (*pro hac vice*)
James K. Hunsberger (*pro hac vice*)
David R. Pearl (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
bjustus@axinn.com
jhunsberger@axinn.com
dpearl@axinn.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

**FILED UNDER SEAL**

**CERTIFICATE OF SERVICE**

I certify that, on July 10, 2024, this document was filed electronically in compliance with

Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local

Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

**CERTIFICATE OF CONFERENCE**

I certify that counsel has complied with the meet and confer requirement in Local Rule

CV-7(h).  The parties met and conferred as required by Local Rule CV-7(h) on June 14, 2024 by

video teleconference and in subsequent follow-up email exchanges between counsel for Google

and Plaintiffs in June and July 2024, and by an additional video teleconference on July 10, 2024,

as further detailed in the Background section of this motion.

This motion and exhibits provide further information on why no final resolution has been

reached yet, thus requiring intervention by the Court.

*/s/ R. Paul Yetter*
R. Paul Yetter

**FILED UNDER SEAL**

**CERTIFICATE OF SEALING**

I certify that, on July 10, 2024, a motion to seal was filed separately and before the filing of the Motion and exhibits under seal, per Local Rule CV-5(a)(7)(B).  This sealed filing will be promptly served by email with a secure link on counsel of record for all parties in this case, and will be publicly filed in redacted form per Local Rule CV-5(a)(7)(E).

*/s/ R. Paul Yetter*
R. Paul Yetter

# EXHIBIT B

# FILED UNDER SEAL

| From: | Hunsberger, James K. |
| To: | Geraldine W. Young; Zeke DeRose III; Ethan Glenn; jamieaycock; rob.mccallum |
| Cc: | LARITZ, Tina; BOSCO, Veronica; BARTON, Robert; Bracewell, Mollie; John McBride; Trevor Young; Justina.Sessions; Eric.MAHR; Andrew.Ewalt; Pearl, David; Justus, Bradley; Bitton, Daniel S.; Daniel Backman; Noah Heinz; Marc B. Collier; Abraham Chang; Jonathan Wilkerson |
| Subject: | RE: Texas v. Google - Meet and Confer on Monday |
| Date: | Wednesday, July 10, 2024 10:58:28 PM |
| Attachments: | image001.png image002.png axinnlogo_c0e4e134-7dbd-4acf-9725-b8f909d14480.png |

Counsel,

Thank you for your email.

For the reasons discussed on today's meet-and-confer, the Proposed Order will promote judicial economy and is consistent with well-established practice in complex antitrust cases, including the *Search* and *Play* cases where the same Plaintiff States proposed a similar approach, and the courts adopted it.  We therefore disagree with Plaintiffs' position, and we will proceed with filing the Motion to Clarify today and indicate Plaintiffs' opposition to the Proposed Order.

On the briefing schedule, we believe this time-sensitive issue requires expedited resolution by the Court, and Google will request the briefing schedule we proposed on Monday (Plaintiffs' response, if any, due July 15; Google's reply, if any, due July 17).  We will indicate Plaintiffs' opposition to Google's proposed briefing schedule and note the alternative schedule proposed by Plaintiffs.

Best regards,
James



**James K. Hunsberger**
*Partner*



Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
Office 202.469.3561
Mobile 607.591.0870
Fax 202.912.4701
jhunsberger@axinn.com
**Axinn.com**

Pronouns | He, Him, His


**From:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Sent:** Wednesday, July 10, 2024 7:42 PM

**To:** Hunsberger, James K. <jhunsberger@axinn.com>; Zeke DeRose III
<zeke.derose@lanierlawfirm.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>;
jamieaycock <jamieaycock@yettercoleman.com>; rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica
<Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell,
Mollie <mbracewell@yettercoleman.com>; John McBride
<john.mcbride@nortonrosefulbright.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
Justina.Sessions <Justina.Sessions@freshfields.com>; Eric.MAHR <Eric.MAHR@freshfields.com>;
Andrew.Ewalt <Andrew.Ewalt@freshfields.com>; Pearl, David <dpearl@axinn.com>; Justus, Bradley
<bjustus@axinn.com>; Bitton, Daniel S. <dbitton@axinn.com>; Daniel Backman
<daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B.
Collier <marc.collier@nortonrosefulbright.com>; Abraham Chang
<abraham.chang@nortonrosefulbright.com>; Jonathan Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday


**<span style="color:red">Caution: External Email</span>**

---

Counsel,

In response to our meet and confer today, please see below for the States' positions at this time,
reserving the right to raise other arguments in response to Google's arguments in any forthcoming
motions and the right to continue conferring with Google on these issues:

- The States do not agree to entry at this time of the Proposed Stipulation and Proposed
  Order, as drafted and first circulated by Google on June 24.  As stated in our July 1 email, the
  States agree that post-trial briefing on injunctive relief is appropriate, as well as any status
  conferences and hearings set by the Court, and are willing to consider a schedule for that
  post-trial briefing and hearings.  However, the States do not agree at this time to Google's
  vague, open-ended proposal for "additional fact and expert discovery" after trial (paras. (2)
  (c), (2)(d) and (3) of the proposed stipulation), with no timeline or schedule and given that
  fact discovery has ended and the States have already submitted opening expert reports
  under the current Scheduling Order, including a report that addresses equitable remedies.
  Based on the particular circumstances and posture of this case, the States do not believe
  judicial economy is served by Google's proposal.  If Google needs more time for the ongoing
  expert discovery, the States are willing to consider a reasonable extension provided that the
  trial date is not impacted.

- If Google files a motion on this issue today, the States will agree to the following briefing
  schedule: States' response due on Wednesday, July 17 (or seven days after the motion is
  filed), and Google's reply due on Friday, July 19 or a later date the next week if Google needs

additional time.

Regards, Geraldine

---

**From:** Hunsberger, James K. <jhunsberger@axinn.com>
**Sent:** Wednesday, July 10, 2024 9:51 AM
**To:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Zeke DeRose III
<zeke.derose@lanierlawfirm.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>;
jamieaycock <jamieaycock@yettercoleman.com>; rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica
<Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell,
Mollie <mbracewell@yettercoleman.com>; John McBride
<john.mcbride@nortonrosefulbright.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
Justina.Sessions <Justina.Sessions@freshfields.com>; Eric.MAHR <Eric.MAHR@freshfields.com>;
Andrew.Ewalt <Andrew.Ewalt@freshfields.com>; dpearl <dpearl@axinn.com>; bjustus
<bjustus@axinn.com>; dbitton <dbitton@axinn.com>; Daniel Backman
<daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B.
Collier <marc.collier@nortonrosefulbright.com>; Abraham Chang
<abraham.chang@nortonrosefulbright.com>; Jonathan Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Thanks, Geraldine.  I circulated a Teams invite to this group for 2:30 CT.  Please feel free
to forward to other Plaintiffs' counsel who may want to join.

**James K. Hunsberger**
***Partner***



Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
Office 202.469.3561
Mobile 607.591.0870
Fax 202.912.4701
jhunsberger@axinn.com
**Axinn.com**

Pronouns | He, Him, His

---

**From:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Sent:** Wednesday, July 10, 2024 9:08 AM
**To:** Hunsberger, James K. <jhunsberger@axinn.com>; Zeke DeRose III

<zeke.derose@lanierlawfirm.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>;
jamieaycock <jamieaycock@yettercoleman.com>; rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica
<Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell,
Mollie <mbracewell@yettercoleman.com>; John McBride
<john.mcbride@nortonrosefulbright.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
Justina.Sessions <Justina.Sessions@freshfields.com>; Eric.MAHR <Eric.MAHR@freshfields.com>;
Andrew.Ewalt <Andrew.Ewalt@freshfields.com>; Pearl, David <dpearl@axinn.com>; Justus, Bradley
<bjustus@axinn.com>; Bitton, Daniel S. <dbitton@axinn.com>; Daniel Backman
<daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B.
Collier <marc.collier@nortonrosefulbright.com>; Abraham Chang
<abraham.chang@nortonrosefulbright.com>; Jonathan Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday


**Caution: External Email**

---

We can confer today at 2:30 CT.  Thanks, Geraldine

---

**From:** Hunsberger, James K. <jhunsberger@axinn.com>
**Sent:** Tuesday, July 9, 2024 6:20:48 PM
**To:** Zeke DeRose III <zeke.derose@lanierlawfirm.com>; Geraldine W. Young
<geraldine.young@nortonrosefulbright.com>; Ethan Glenn
<ethan.glenn@nortonrosefulbright.com>; jamieaycock <jamieaycock@yettercoleman.com>;
rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica
<Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell,
Mollie <mbracewell@yettercoleman.com>; John McBride
<john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
Justina.Sessions <Justina.Sessions@freshfields.com>; Eric.MAHR <Eric.MAHR@freshfields.com>;
Andrew.Ewalt <Andrew.Ewalt@freshfields.com>; dpearl <dpearl@axinn.com>; bjustus
<bjustus@axinn.com>; dbitton <dbitton@axinn.com>; Daniel Backman
<daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B.
Collier <marc.collier@nortonrosefulbright.com>; Abraham Chang
<abraham.chang@nortonrosefulbright.com>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Counsel,

We understand the difficulties due to the storm, and we are of course willing to work with
you to accommodate the current situation.  We ask that Plaintiffs please be prepared to
engage and provide a final position by tomorrow, as we first raised this issue for Plaintiffs'
consideration nearly a month ago, when we spoke on June 14.  We have conferred with

Plaintiffs via email several times since then: June 24, June 27, July 3, and July 8.  And Plaintiffs have not taken us up on our offers to meet and confer over the last two weeks until now.  We therefore disagree with your assertion that Google has not satisfied its conference requirement, and contrary to your suggestion, Plaintiffs have had ample opportunity to understand and consider the issues raised by the Motion to Clarify and the accompanying Proposed Order.  We are concerned about the delay Plaintiffs have caused to the resolution of this time-sensitive issue on which the parties need clarity in advance of the July 30 expert discovery deadline.

We are willing to hold off on filing the Motion to Clarify until Wednesday, July 10 to accommodate your request for an additional meet-and-confer before we file the motion.  If Plaintiffs do not agree to the Stipulation and Proposed Order (which establishes the same process for post-trial proceedings as we proposed to Plaintiffs on June 14 and provided in writing on June 24), Google intends to ask the Court to enter the Proposed Order and adopt the same briefing schedule we proposed yesterday.  (That briefing schedule is: Plaintiffs' response, if any, due Monday, July 15 and Google's reply, if any, due Wednesday, July 17.)  Please let us know what times work for you tomorrow to meet and confer.  We are also available to meet and confer tonight.

Thank you.

Best regards,
James



**James K. Hunsberger**
*Partner*



Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
Office 202.469.3561
Mobile 607.591.0870
Fax 202.912.4701
jhunsberger@axinn.com
**Axinn.com**

Pronouns | He, Him, His

---

**From:** Zeke DeRose III <Zeke.DeRose@LanierLawFirm.com>
**Sent:** Tuesday, July 9, 2024 1:28 PM
**To:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Hunsberger, James K. <jhunsberger@axinn.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>; jamieaycock <jamieaycock@yettercoleman.com>; rob.mccallum <rob.mccallum@freshfields.com>

**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica
<Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell,
Mollie <mbracewell@yettercoleman.com>; John McBride
<john.mcbride@nortonrosefulbright.com>; Jonathan Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
Justina.Sessions <Justina.Sessions@freshfields.com>; Eric.MAHR <Eric.MAHR@freshfields.com>;
Andrew.Ewalt <Andrew.Ewalt@freshfields.com>; Pearl, David <dpearl@axinn.com>; Justus, Bradley
<bjustus@axinn.com>; Bitton, Daniel S. <dbitton@axinn.com>; Daniel Backman
<daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B.
Collier <marc.collier@nortonrosefulbright.com>; Abraham Chang
<abraham.chang@nortonrosefulbright.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday


**<span style="color:red">Caution: External Email</span>**

---

Thanks for the note James. Following up quickly on Geraldine's note about availability
tomorrow or Thursday, I'm unable to get in contact with most of our teams and our
offices are closed. (One of our paralegals is currently hunting for a Starbucks with wifi
and power!) But, let us know what works on Wednesday/Thursday.

Thanks again for your understanding.

Zeke

Zeke DeRose III - Attorney p: 713-659-5200 w: www.LanierLawFirm.com

---

**From:** "Geraldine W. Young" <geraldine.young@nortonrosefulbright.com>
**Date:** Tuesday, July 9, 2024 at 10:10 AM
**To:** "Hunsberger, James K." <jhunsberger@axinn.com>, Ethan Glenn
<ethan.glenn@nortonrosefulbright.com>, jamieaycock <jamieaycock@yettercoleman.com>,
"rob.mccallum" <rob.mccallum@freshfields.com>
**Cc:** "LARITZ, Tina" <Tina.LaRitz@freshfields.com>, "BOSCO, Veronica"
<Veronica.Bosco@freshfields.com>, "BARTON, Robert" <Robert.Barton@freshfields.com>,
"Bracewell, Mollie" <mbracewell@yettercoleman.com>, Zeke DeRose III
<Zeke.DeRose@LanierLawFirm.com>, John McBride
<john.mcbride@nortonrosefulbright.com>, Jonathan Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>, Trevor Young <Trevor.Young@oag.texas.gov>,
"Justina.Sessions" <Justina.Sessions@freshfields.com>, "Eric.MAHR"
<Eric.MAHR@freshfields.com>, "Andrew.Ewalt" <Andrew.Ewalt@freshfields.com>, dpearl
<dpearl@axinn.com>, bjustus <bjustus@axinn.com>, dbitton <dbitton@axinn.com>, Daniel
Backman <daniel.backman@kellerpostman.com>, Noah Heinz
<noah.heinz@kellerpostman.com>, "Marc B. Collier"

<marc.collier@nortonrosefulbright.com>, Abraham Chang
<abraham.chang@nortonrosefulbright.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday

Counsel - Due to the storm and travels, we were not able to meet and confer in the short
window offered below, although believe that Google is required by the local rules to meet and
confer on its motion, not merely email about a stipulation, before filing its motion.  Despite
storm issues and our Houston teams being without power/internet, we can be available to meet
and confer on Wednesday and Thursday of this week.

If you insist on filing on Tuesday, please note no conference was conducted and that the States
do not agree at this time to the proposed stipulation and have not had the opportunity to
understand and consider the motion to clarify and thus the proposed briefing schedule.  No
opposition to sealing.

Thank you, Geraldine

---

**From:** Hunsberger, James K. <jhunsberger@axinn.com>
**Sent:** Monday, July 8, 2024 4:21:19 PM
**To:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Ethan Glenn
<ethan.glenn@nortonrosefulbright.com>; jamieaycock <jamieaycock@yettercoleman.com>;
rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica
<Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell,
Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John
McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
Justina.Sessions <Justina.Sessions@freshfields.com>; Eric.MAHR <Eric.MAHR@freshfields.com>;
Andrew.Ewalt <Andrew.Ewalt@freshfields.com>; dpearl <dpearl@axinn.com>; bjustus
<bjustus@axinn.com>; dbitton <dbitton@axinn.com>; Daniel Backman
<daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B.
Collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Counsel,

We recognize the severe weather in Texas at the moment, but we would appreciate if you
could please let us know by 10am CT tomorrow whether Plaintiffs agree to the stipulation
and proposed order.

Otherwise, as noted in our July 3 email, we will proceed with a motion to the Court and
indicate Plaintiffs' opposition to the motion.  To the extent Plaintiffs support any portions of
the proposed order, please let us know by 10am CT tomorrow as well, so that we may
properly advise the Court as to what specific portions are opposed.

Together with the motion to clarify the Scheduling Order, Google intends to move to
shorten the time for briefing under Local Civil Rule 7(e).  The current Scheduling Order,

ECF No. 194 (as amended by ECF No. 458), is silent on when and how the parties will conduct expert discovery on the injunctive relief requested by Plaintiffs, and the parties need prompt resolution from the Court on this issue in advance of the July 30 deadline for certain expert disclosures.  If Google files the motion tomorrow, July 9, Google proposes any opposition from Plaintiffs be due Monday, July 15 (6 days after motion), and any reply from Google be due Wednesday, July 17 (2 days after opposition).  Under the circumstances, Google believes this schedule is reasonable given the time-sensitive nature of the dispute and the fact that Google has conferred with Plaintiffs on this issue since June 14 and so Plaintiffs will have had more than a month to formulate their position.

In addition, Google intends to file a motion for leave to file under seal limited portions of its brief that include short references to one of Plaintiffs' expert disclosures, which is designated as Highly Confidential by Plaintiffs.

Please let us know by <u>10am CT tomorrow</u> whether Plaintiffs consent to the motion to shorten and the motion to seal.  We are available to meet and confer today and tomorrow before 10am CT on the motion to shorten and motion to seal, as well as on the motion to clarify.  Thank you.

Best regards,
James

**James K. Hunsberger**
*Partner*



Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
Office 202.469.3561
Mobile 607.591.0870
Fax 202.912.4701
<u>jhunsberger@axinn.com</u>
**<u>Axinn.com</u>**

Pronouns | He, Him, His

---

**From:** Geraldine W. Young <<u>geraldine.young@nortonrosefulbright.com</u>>
**Sent:** Friday, July 5, 2024 10:18 AM
**To:** Hunsberger, James K. <<u>jhunsberger@axinn.com</u>>; Ethan Glenn
<<u>ethan.glenn@nortonrosefulbright.com</u>>; jamieaycock <<u>jamieaycock@yettercoleman.com</u>>;
rob.mccallum <<u>rob.mccallum@freshfields.com</u>>
**Cc:** LARITZ, Tina <<u>Tina.LaRitz@freshfields.com</u>>; BOSCO, Veronica
<<u>Veronica.Bosco@freshfields.com</u>>; BARTON, Robert <<u>Robert.Barton@freshfields.com</u>>; Bracewell,
Mollie <<u>mbracewell@yettercoleman.com</u>>; Zeke DeRose III <<u>zeke.derose@lanierlawfirm.com</u>>; John

McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
Justina.Sessions <Justina.Sessions@freshfields.com>; Eric.MAHR <Eric.MAHR@freshfields.com>;
Andrew.Ewalt <Andrew.Ewalt@freshfields.com>; Pearl, David <dpearl@axinn.com>; Justus, Bradley
<bjustus@axinn.com>; Bitton, Daniel S. <dbitton@axinn.com>; Daniel Backman
<daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B.
Collier <marc.collier@nortonrosefulbright.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday

**Caution: External Email**

Counsel - Thanks for sending the below, which we are reviewing but, given the holiday, the
States will not be able to respond by today.

**From:** Hunsberger, James K. <jhunsberger@axinn.com>
**Sent:** Wednesday, July 3, 2024 1:04:09 PM
**To:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Ethan Glenn
<ethan.glenn@nortonrosefulbright.com>; jamieaycock <jamieaycock@yettercoleman.com>;
rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica
<Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell,
Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John
McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
Justina.Sessions <Justina.Sessions@freshfields.com>; Eric.MAHR <Eric.MAHR@freshfields.com>;
Andrew.Ewalt <Andrew.Ewalt@freshfields.com>; dpearl <dpearl@axinn.com>; bjustus
<bjustus@axinn.com>; dbitton <dbitton@axinn.com>; Daniel Backman
<daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B.
Collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Counsel,

  Thank you for your email.  See below response to your request for authority.
Google reserves all rights on liability and remedies issues.

  It has been a common practice of courts in antitrust cases to adopt the approach
reflected in the draft stipulation and proposed order, with separate post-trial proceedings on
remedies.  For example, the same Plaintiff States as present here proposed this approach
in *United States v. Google* and *Colorado v. Google* (D.D.C.) (the "*Search* Cases") and *In re
Google Play Store Antitrust Litig.* (N.D. Cal.) (the "*Play* Cases"), and in both cases the
courts adopted it.  Relying on *Microsoft*, the same Plaintiff States emphasized in the *Search
Cases* the efficiency and case management benefits of having separate post-trial remedies
discovery and proceedings.  *See* Joint Status Rep. at 8-10, 13, *U.S., et al. v. Google LLC*,
Case No. 20-cv-03010 (D.D.C. Nov. 23, 2021), ECF No. 256; *see also United States v.*

*Microsoft*, 253 F.3d 34 (D.C. Cir. 2001) (*en banc*).

      Given their participation in the *Search* and *Play* Cases, Plaintiffs should be well familiar with the arguments and authority on these points.  If your position is that for some reason this case is different, we will file a motion with the Court as soon as possible to clarify that this Action will follow this well-established approach.  But we hope that will be unnecessary, as we believe these issues can and should be resolved through the stipulation we have proposed.  Please let us know by <u>Friday, July 5</u> whether Plaintiffs agree to the stipulation and proposed order.  As noted previously, we are happy to review any revisions you may have on the draft and to meet and confer to discuss any of these issues.

**James K. Hunsberger**
*Partner*



Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
Office 202.469.3561
Mobile 607.591.0870
Fax 202.912.4701
<u>jhunsberger@axinn.com</u>
**<u>Axinn.com</u>**

Pronouns | He, Him, His

---

**From:** Geraldine W. Young <<u>geraldine.young@nortonrosefulbright.com</u>>
**Sent:** Monday, July 1, 2024 5:42 PM
**To:** Hunsberger, James K. <<u>jhunsberger@axinn.com</u>>; Ethan Glenn <<u>ethan.glenn@nortonrosefulbright.com</u>>; jamieaycock <<u>jamieaycock@yettercoleman.com</u>>; rob.mccallum <<u>rob.mccallum@freshfields.com</u>>
**Cc:** LARITZ, Tina <<u>Tina.LaRitz@freshfields.com</u>>; BOSCO, Veronica <<u>Veronica.Bosco@freshfields.com</u>>; BARTON, Robert <<u>Robert.Barton@freshfields.com</u>>; Bracewell, Mollie <<u>mbracewell@yettercoleman.com</u>>; Zeke DeRose III <<u>zeke.derose@lanierlawfirm.com</u>>; John McBride <<u>john.mcbride@nortonrosefulbright.com</u>>; Jonathan.Wilkerson <<u>Jonathan.Wilkerson@LanierLawFirm.com</u>>; Trevor Young <<u>Trevor.Young@oag.texas.gov</u>>; Justina.Sessions <<u>Justina.Sessions@freshfields.com</u>>; Eric.MAHR <<u>Eric.MAHR@freshfields.com</u>>; Andrew.Ewalt <<u>Andrew.Ewalt@freshfields.com</u>>; Pearl, David <<u>dpearl@axinn.com</u>>; Justus, Bradley <<u>bjustus@axinn.com</u>>; Bitton, Daniel S. <<u>dbitton@axinn.com</u>>; Daniel Backman <<u>daniel.backman@kellerpostman.com</u>>; Noah Heinz <<u>noah.heinz@kellerpostman.com</u>>; Marc B. Collier <<u>marc.collier@nortonrosefulbright.com</u>>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

**Caution: External Email**

---

Counsel,

Thank you for sending the proposed draft stipulation regarding post-trial proceedings on injunctive relief.  After review, the draft stipulation does not provide grounds for the States to change their position stated below.  For the reasons summarized below, the States (fully reserving any and all rights) do not believe that additional discovery on equitable remedies is necessary at this time.  The States are, however, agreeable to considering and entering an agreement regarding post-trial briefing related to equitable and injunctive remedies, but not as to additional post-trial discovery at this time.

While Google has not sent any authority to support its proposal, the States remain open to reviewing any authority from Google that supports a different approach or position than that taken by the States.

Thanks you, Geraldine

---

**From:** Geraldine W. Young
**Sent:** Friday, June 28, 2024 4:26 PM
**To:** Hunsberger, James K. <jhunsberger@axinn.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>; jamieaycock <jamieaycock@yettercoleman.com>; rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Justina.Sessions <Justina.Sessions@freshfields.com>; Eric.MAHR <Eric.MAHR@freshfields.com>; Andrew.Ewalt <Andrew.Ewalt@freshfields.com>; dpearl <dpearl@axinn.com>; bjustus <bjustus@axinn.com>; dbitton <dbitton@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Counsel – We plan to send the States' response on Monday, July 1.  Thank you, Geraldine

---

**From:** Hunsberger, James K. <jhunsberger@axinn.com>
**Sent:** Thursday, June 27, 2024 3:34 PM
**To:** Ethan Glenn <ethan.glenn@nortonrosefulbright.com>; jamieaycock <jamieaycock@yettercoleman.com>; rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell,

Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Justina.Sessions <Justina.Sessions@freshfields.com>; Eric.MAHR <Eric.MAHR@freshfields.com>; Andrew.Ewalt <Andrew.Ewalt@freshfields.com>; dpearl <dpearl@axinn.com>; bjustus <bjustus@axinn.com>; dbitton <dbitton@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>

**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Counsel,

Following up on the below, by tomorrow (June 28), could you please let us know Plaintiffs' position on the draft stipulation and proposed order?

As noted in our June 24 email, we would be happy to consider any revisions Plaintiffs may have and, if helpful, set up time to discuss.

Thank you.

Best regards,
James

**James K. Hunsberger**
*Partner*



Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
Office 202.469.3561
Mobile 607.591.0870
Fax 202.912.4701
jhunsberger@axinn.com
**Axinn.com**

Pronouns | He, Him, His

---

**From:** Ethan Glenn <ethan.glenn@nortonrosefulbright.com>
**Sent:** Tuesday, June 25, 2024 7:53 AM
**To:** Hunsberger, James K. <jhunsberger@axinn.com>; jamieaycock <jamieaycock@yettercoleman.com>; rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica

<Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Justina.Sessions <Justina.Sessions@freshfields.com>; Eric.MAHR <Eric.MAHR@freshfields.com>; Andrew.Ewalt <Andrew.Ewalt@freshfields.com>; Pearl, David <dpearl@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Bitton, Daniel S. <dbitton@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

## Caution: External Email

---

Good morning James,

Received, thank you.  Plaintiffs will review your proposal and get back to you.

Regards,

**Ethan Glenn** | Counsel
Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100, Austin, Texas  78701-4255, United States
Tel +1 512 536 2437 | Fax +1 512 536 4598
ethan.glenn@nortonrosefulbright.com

## NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

---

**From:** Hunsberger, James K. <jhunsberger@axinn.com>
**Sent:** Monday, June 24, 2024 10:53 PM
**To:** Ethan Glenn <ethan.glenn@nortonrosefulbright.com>; jamieaycock <jamieaycock@yettercoleman.com>; rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Justina.Sessions <Justina.Sessions@freshfields.com>; Eric.MAHR <Eric.MAHR@freshfields.com>; Andrew.Ewalt <Andrew.Ewalt@freshfields.com>; dpearl <dpearl@axinn.com>; bjustus <bjustus@axinn.com>; dbitton <dbitton@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>

**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Counsel,

We write on behalf of Google in response to your June 21 email.  You indicated Plaintiffs are open to reviewing a proposed stipulation, and attached for your review is a draft stipulation and proposed order re: any post-trial proceedings on injunctive relief.

The stipulation and proposed order is designed to establish a process to provide the Court with the information necessary to make any future determination on injunctive relief, once the scope of any liability is known and Plaintiffs make any request for injunctive relief based on that determination.  We believe the process outlined in the stipulation is sensible, fair to both Plaintiffs and Google, and likely consistent with the Court's expectation and preference to ensure orderly, efficient case management on both liability and remedies issues.  As such, we would like to file the proposed order with the Court promptly, preferably with the Plaintiffs' input and agreement.  Please note the draft stipulation also provides for the future briefing on remedies that you mentioned in your June 21 email.

We would be happy to consider any revisions you may have and set up time to discuss. Thank you.

Best regards,
James


**James K. Hunsberger**
*Partner*



Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
Office 202.469.3561
Mobile 607.591.0870
Fax 202.912.4701
jhunsberger@axinn.com
**Axinn.com**

Pronouns | He, Him, His

---

**From:** Ethan Glenn <ethan.glenn@nortonrosefulbright.com>
**Sent:** Friday, June 21, 2024 5:54 PM
**To:** jamieaycock <jamieaycock@yettercoleman.com>; rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell,

Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Justina.Sessions <Justina.Sessions@freshfields.com>; Pearl, David <dpearl@axinn.com>; Hunsberger, James K. <jhunsberger@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

**Caution: External Email**

---

Good evening Rob,

This email constitutes the States' response to Google's two requests from our meet & confer last week.

1. **Supplemental information related to Rule 30(b)(6) deposition of the Texas OAG:**

   At the meet & confer, Google asked for additional information relating to interview memoranda that were drafted by someone other than the identified interviewer (Google specifically pointed to memorandum drafted by law clerks).

   For those memoranda, Google asked the States to contact the interviewer(s) and ask whether they remembered anything about the interviews including (1) if there were other material facts that weren't recorded, (2) what questions were asked during the interview, and (3) what other documents were used or referenced that were not included in the memorandum.  The States investigated Google's request and found the following:

   > -The States identified 9 third-party interview memoranda prepared by a law clerk.  The States have contacted either the person(s) identified as the lead interviewer or, if there is no interviewer noted, the persons who directed the memorandum to be prepared for 9 of those memoranda.  None recall additional information.  The States have been unable to contact the lead interviewer identified in 1 memorandum, but that memorandum did identify who directed the memorandum to be prepared.  The States contacted those persons; they do not recall additional information.

   > -The States identified 22 memoranda from third-party interviews that were led by an attorney from the Department of Justice.  None were prepared by a law clerk.

   > -For the remaining memoranda that identified a lead interviewer, which were not prepared by a law clerk, the States have contacted those persons; none recall additional information.

2. **Equitable Remedies Discovery:**

   Google also asked whether the States would agree to a stipulation to conduct additional discovery on equitable remedies.  At this time, the States do not believe additional discovery on equitable remedies is necessary.  Under the four-factor test that governs equitable remedies for antitrust and other claims in federal court, the States must demonstrate (1) irreparable injury; (2) inadequate remedies at law; (3) balance of hardships favors the remedies; and (4) public interest

would not be disserved.  The States believe that, with the discovery requested in this case, their expert reports (opening and rebuttal), the evidence to be adduced at trial, and future briefing to the Court, they can satisfy the governing test.  If Google has any concerns as to feasibility or any purported element of equitable relief, Google can raise them in its expert reports, and the States will assess whether any additional discovery is necessary at that time.  In the meantime, the States remain open to reviewing any authority from Google that supports a different approach or position and also remain open to reviewing a proposed stipulation.

What is Google's response to the States' meet & confer request regarding limited additional Google Chat production?

Regards,

**Ethan Glenn** | Counsel
Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100, Austin, Texas  78701-4255, United States
Tel +1 512 536 2437 | Fax +1 512 536 4598
ethan.glenn@nortonrosefulbright.com

### NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

---

**From:** Marc B. Collier <marc.collier@nortonrosefulbright.com>
**Sent:** Friday, June 21, 2024 12:21 PM
**To:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; jamieaycock <jamieaycock@yettercoleman.com>; rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Justina.Sessions <Justina.Sessions@freshfields.com>; dpearl <dpearl@axinn.com>; Hunsberger, James K. <jhunsberger@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday

Rob -

We believe we will be prepared to respond this afternoon and I'll forward our response in an email.  Are you still on track for today on chat topic?

Marc

---

**From:** Marc B. Collier <marc.collier@nortonrosefulbright.com>
**Sent:** Wednesday, June 19, 2024 2:01 PM
**To:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; jamieaycock <jamieaycock@yettercoleman.com>; rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica

<Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Justina.Sessions <Justina.Sessions@freshfields.com>; dpearl <dpearl@axinn.com>; Hunsberger, James K. <jhunsberger@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday

Thanks Rob, we're likewise discussing your two issues and think we can also respond then. Safe travels,  Marc

Get Outlook for iOS

---

**From:** MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Sent:** Wednesday, June 19, 2024 2:00:05 PM
**To:** Marc B. Collier <marc.collier@nortonrosefulbright.com>; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; jamieaycock <jamieaycock@yettercoleman.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Justina.Sessions <Justina.Sessions@freshfields.com>; dpearl <dpearl@axinn.com>; Hunsberger, James K. <jhunsberger@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Marc –

Further to our recent meet and confer, we are still discussing your requests with Google.  I anticipate that we will get back to you by the end of the week.

Kind regards,
Rob

---

**From:** Marc B. Collier <marc.collier@nortonrosefulbright.com>
**Sent:** Thursday, June 13, 2024 3:24 PM
**To:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; dpearl@axinn.com; jhunsberger@axinn.com; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz

<noah.heinz@kellerpostman.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday

That works - thank you.  Marc

Get Outlook for iOS

---

**From:** MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Sent:** Thursday, June 13, 2024 12:54:47 PM
**To:** Marc B. Collier <marc.collier@nortonrosefulbright.com>; Geraldine W. Young
<geraldine.young@nortonrosefulbright.com>; jamieaycock <jamieaycock@yettercoleman.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; BOSCO, Veronica
<Veronica.Bosco@freshfields.com>; BARTON, Robert <Robert.Barton@freshfields.com>; Bracewell,
Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John
McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
Justina.Sessions <Justina.Sessions@freshfields.com>; dpearl <dpearl@axinn.com>; Hunsberger,
James K. <jhunsberger@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah
Heinz <noah.heinz@kellerpostman.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Marc -- We could also speak at 1.30pm CT.

---

**From:** Marc B. Collier <marc.collier@nortonrosefulbright.com>
**Sent:** Thursday, June 13, 2024 2:23 PM
**To:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Jamie Aycock
<jamieaycock@yettercoleman.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; Bracewell, Mollie
<mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John
McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; dpearl@axinn.com;
jhunsberger@axinn.com; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz
<noah.heinz@kellerpostman.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday

Rob,

I was just set for a court call at that time tomorrow.  Is there any way your team could start an hour
later (or more)?  If not, we'll still have people on the M&C at the existing time, but I'd prefer to be on
if you had any flexibility.

Thanks, Marc

Get Outlook for iOS

**From:** MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Sent:** Wednesday, June 12, 2024 9:01:31 PM
**To:** Marc B. Collier <marc.collier@nortonrosefulbright.com>; Geraldine W. Young
<geraldine.young@nortonrosefulbright.com>; jamieaycock <jamieaycock@yettercoleman.com>;
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; Bracewell, Mollie
<mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John
McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
Justina.Sessions <Justina.Sessions@freshfields.com>; dpearl <dpearl@axinn.com>; Hunsberger,
James K. <jhunsberger@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah
Heinz <noah.heinz@kellerpostman.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Hi Marc – how about 10am CT on Friday?

---

**From:** Marc B. Collier <marc.collier@nortonrosefulbright.com>
**Sent:** Wednesday, June 12, 2024 10:53 PM
**To:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; MCCALLUM, Robert
<rob.mccallum@freshfields.com>; Jamie Aycock <jamieaycock@yettercoleman.com>;
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; Bracewell, Mollie
<mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John
McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; dpearl@axinn.com;
jhunsberger@axinn.com; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz
<noah.heinz@kellerpostman.com>; Ethan Glenn <ethan.glenn@nortonrosefulbright.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday

What day/time works for these topics?

Marc

---

**From:** Aycock, Jamie <jamieaycock@yettercoleman.com>
**Sent:** Wednesday, June 12, 2024 8:40:13 PM
**To:** Marc B. Collier <marc.collier@nortonrosefulbright.com>; Geraldine W. Young
<geraldine.young@nortonrosefulbright.com>; rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; Bracewell, Mollie
<mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John
McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson
<Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>;
Justina.Sessions <Justina.Sessions@freshfields.com>; dpearl <dpearl@axinn.com>; Hunsberger,
James K. <jhunsberger@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah
Heinz <noah.heinz@kellerpostman.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday

Marc,

We similarly have had the chance to review the additional Texas 30(b)(6) testimony and need to raise some deficiencies related to his preparation.  It makes sense for this to be part of the same meet and confer.


Best,
Jamie


**Jamie Alan Aycock | Partner | Yetter Coleman LLP**

811 Main Street, Suite 4100, Houston, Texas 77002

(O) 713.632.8089 | (M) 713.306.0455

jamieaycock@yettercoleman.com |yettercoleman.com|vCard

-
_____

**From:** Marc B. Collier <marc.collier@nortonrosefulbright.com>
**Sent:** Wednesday, June 12, 2024 8:45:38 PM
**To:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; rob.mccallum <rob.mccallum@freshfields.com>
**Cc:** LARITZ, Tina <Tina.LaRitz@freshfields.com>; Aycock, Jamie <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>; Justina.Sessions <Justina.Sessions@freshfields.com>; dpearl <dpearl@axinn.com>; Hunsberger, James K. <jhunsberger@axinn.com>; Daniel Backman <daniel.backman@kellerpostman.com>; Noah Heinz <noah.heinz@kellerpostman.com>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday

Rob,

(Apologies for jumping on a prior meet and confer thread, I'm out of town and on an IPhone and wanted to make sure I capture all recipients.).

We have reviewed the Chats corporate representative testimony and intend to seek further, limited discovery on this topic.   Can you or your team be available for a meet and confer any time tomorrow or Friday?

Thanks, Marc

---

**From:** MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Sent:** Tuesday, May 7, 2024 9:04:10 PM
**To:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Cc:** SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; LARITZ, Tina <Tina.LaRitz@freshfields.com>; jamieaycock <jamieaycock@yettercoleman.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; dpearl@axinn.com <dpearl@axinn.com>; jhunsberger@axinn.com <jhunsberger@axinn.com>; Zeke DeRose III <zeke.derose@lanierlawfirm.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Counsel:

We are OK with the logistics of your proposal provided that you comply with the Confidentiality Order (which prohibits quoting from the document, or attaching or disclosing the information therein, except in a submission to the Court with a proposed order sealing the submission).  Please include the Google counsel copied on this email when you submit.  Please also let us know how long you propose that Google would have to respond to your submission.

Kind regards,

Rob

---

**From:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Sent:** Tuesday, May 7, 2024 11:53 PM
**To:** MCCALLUM, Robert <rob.mccallum@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Jamie Aycock <jamieaycock@yettercoleman.com>; LARITZ, Tina <Tina.LaRitz@freshfields.com>
**Cc:** Zeke DeRose III <zeke.derose@lanierlawfirm.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Counsel,

Following up on the below proposed process for handling the clawback challenge submission to the Special Master.  We will plan to send the secure link, as proposed below, tomorrow morning to you all and the Special Master and Mr. Nilsson with our submission.

Thanks, Geraldine

---

**From:** Geraldine W. Young
**Sent:** Tuesday, May 7, 2024 2:50 PM
**To:** MCCALLUM, Robert <rob.mccallum@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; jamieaycock <jamieaycock@yettercoleman.com>; LARITZ, Tina <Tina.LaRitz@freshfields.com>
**Cc:** Zeke DeRose III <zeke.derose@lanierlawfirm.com>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; John McBride <john.mcbride@nortonrosefulbright.com>; Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young <Trevor.Young@oag.texas.gov>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Following up on the below, we will file an unopposed motion to seal today, regarding Google's witnesses and deposition transcripts.  As part of our sealed filings, we will be filing under seal the attached transcript of ██████████ deposition, which we received from the Court Reporter.  We noticed it did not contain any redactions in it, so have proactively redacted portions that we understand Google's counsel had tried to claw back (which we challenge but will sequester/redact in the interim).

Thanks, Geraldine

---

**From:** Geraldine W. Young
**Sent:** Tuesday, May 7, 2024 9:51 AM
**To:** MCCALLUM, Robert <rob.mccallum@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; jamieaycock <jamieaycock@yettercoleman.com>; LARITZ, Tina

<Tina.LaRitz@freshfields.com>
**Cc:** Zeke DeRose III <zeke.derose@lanierlawfirm.com>; Marc B. Collier
<marc.collier@nortonrosefulbright.com>; John McBride <john.mcbride@nortonrosefulbright.com>;
Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young
<Trevor.Young@oag.texas.gov>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Counsel,

As discussed yesterday, the States will be raising the below issues in our brief to the Special Master
today, referencing specific Google witnesses and attaching the relevant correspondence and
transcript excerpts.  Based on our past conferences with Google, we plan to file everything under
seal and then file redacted forms.  Please confirm you do not oppose that motion to seal.

Regarding the clawback challenge, our brief will only discuss the circumstances surrounding the
clawbacks during the depositions but will not discuss the contents of the document at issue.
Instead, we plan to submit a short brief addressing the actual document just to the Special Master
and Google counsel via a secure link that only the Special Master, his associate Mr. Nilsson, Google
counsel, and I can access.  I can also include the unredacted version of the document at issue
(GOOG-DOJ-27760500) in that secure link – but please let us know if you / Google would prefer to
send the unredacted version of the document to the Special Master.  Please also let us know which
Google counsel should be included on the link, as we assume you do not want the link broadly
distributed.  Finally, let us know if you have any issues or are fine with this proposed process.

Thanks, Geraldine

---

**From:** MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Sent:** Monday, May 6, 2024 8:30 AM
**To:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>; Bracewell, Mollie
<mbracewell@yettercoleman.com>; jamieaycock <jamieaycock@yettercoleman.com>
**Cc:** Zeke DeRose III <zeke.derose@lanierlawfirm.com>; Marc B. Collier
<marc.collier@nortonrosefulbright.com>; John McBride <john.mcbride@nortonrosefulbright.com>;
Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young
<Trevor.Young@oag.texas.gov>
**Subject:** RE: Texas v. Google - Meet and Confer on Monday

Hi Geraldine – 1pm CT works for us.

---

**From:** Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Sent:** Monday, May 6, 2024 8:56 AM
**To:** MCCALLUM, Robert <rob.mccallum@freshfields.com>; Bracewell, Mollie
<mbracewell@yettercoleman.com>; Jamie Aycock <jamieaycock@yettercoleman.com>
**Cc:** Zeke DeRose III <zeke.derose@lanierlawfirm.com>; Marc B. Collier
<marc.collier@nortonrosefulbright.com>; John McBride <john.mcbride@nortonrosefulbright.com>;
Jonathan.Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor Young

<Trevor.Young@oag.texas.gov>
**Subject:** Re: Texas v. Google - Meet and Confer on Monday

Following up on my email below to see if you all are available to confer today on the below issues.
 Thanks, Geraldine

---

**From:** Geraldine W. Young
**Sent:** Friday, May 3, 2024 4:52:58 PM
**To:** 'rob.mccallum@freshfields.com' <rob.mccallum@freshfields.com>; Bracewell, Mollie <mbracewell@yettercoleman.com>; Aycock, Jamie <jamieaycock@yettercoleman.com>
**Cc:** Zeke DeRose III <zeke.derose@lanierlawfirm.com>; Jonathan Wilkerson <Jonathan.Wilkerson@LanierLawFirm.com>; Trevor.Young <Trevor.Young@oag.texas.gov>; Marc B. Collier <marc.collier@nortonrosefulbright.com>; John McBride <john.mcbride@nortonrosefulbright.com>
**Subject:** Texas v. Google - Meet and Confer on Monday

Rob, Mollie and Jamie,

Following up on our hearing with the Special Master yesterday, there are a few issues we need to confer on, on Monday, listed below.  Feel free to add anything I've missed.  The States are available to confer on Monday between 1-3 CT.  Let us know if a time works for you in that period.  If not, we can try to find other times too.

- Google's ROG Responses, served Wednesday 5/1

- Counting of 30(b)(6) and States Depositions

Additionally, a few recent issues that we would like to confer with you on:

- A potential clawback that occurred during the ███████ and ███████ – it is unclear to us the clawback status of GOOG-DOJ-27760500, used in both depos on 5/2, so would like

confirmation on the redactions Google may or may not be asserting as to that document

- Overall issues with the ███ 30(b)(6) deposition regarding his lack of preparation, lack of knowledge on designated topics, and speaking objections in violation of EDTX local rules

Thanks, Geraldine

**Geraldine W. Young | Partner**
Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100, Houston, Texas  77010-3095, United States
Tel +1 713 651 5437 | Fax +1 713 651 5246
geraldine.young@nortonrosefulbright.com

## NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

This email message and any attachments are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure, copying or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To reply to our email administrator directly, send an email to nrfus.postmaster@nortonrosefulbright.com.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could

be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

*************************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*************************************************************************
*************************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*************************************************************************
**************************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended

recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
**********************************************************************
**********************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
**********************************************************************
**********************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
**********************************************************************
**********************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*********************************************************************

*Draft – June 24, 2024*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:20-cv-00957-SDJ |
| v. | § | |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**STIPULATION AND PROPOSED ORDER REGARDING ANY POST-TRIAL
PROCEEDINGS ON INJUNCTIVE RELIEF**

This stipulation and proposed order is entered into by Plaintiffs and Defendant Google
LLC.  In furtherance of ensuring efficient and prompt resolution of this Action, it is stipulated and
agreed by Plaintiffs and Google, and ordered by the Court, that:

(1)     In the event this Action proceeds to trial and Plaintiffs obtain a liability
determination in their favor on any of Plaintiffs' claims for which they may seek
injunctive relief, the Court will hold a separate post-trial proceeding on injunctive
relief following that determination.

(2)     In that event, the Court will promptly convene a status conference to discuss:

(a) whether Plaintiffs intend to pursue injunctive relief based on the liability
determination;

(b) what injunctive relief, if any, Plaintiffs intend to pursue;

(c) additional fact and expert discovery proportional to the liability
determination and Plaintiffs' requested injunctive relief;

1

(d) the schedule for exchanging expert reports (and corresponding expert depositions) addressing the specific injunctive relief being sought by Plaintiffs;

(e) the schedule for briefing by the parties on injunctive relief; and

(f) the date(s) for the Court's hearing on injunctive relief.

(3)    In the event Plaintiffs obtain a liability determination in their favor and intend to seek injunctive relief based on that determination, the parties agree that it may be appropriate to conduct additional fact and expert discovery proportional to the liability determination and Plaintiffs' requested injunctive relief, with guidance from the Court at that time as to the scope of additional fact and expert discovery that would be useful to its determination on injunctive relief.

(4)    The terms of the Stipulation and Order Regarding Expert Discovery, ECF No. 184, shall apply to any post-trial expert discovery on injunctive relief.

(5)    Nothing herein shall be deemed an admission by any party to this Action as to any issue relating to liability or remedies.  Plaintiffs and Google each expressly reserve all rights with respect to all issues relating to liability and remedies.


It is so stipulated, through parties' respective counsel, and Ordered by the Court on this ___ day of June, 2024.


                                             _____

                                             Sean D. Jordan
                                             United States District Judge

/s/      DRAFT
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
10940 W. Sam Houston Pkwy N,
Suite 100
Houston, TX 77064
(713) 659-5200
THE LANIER LAW FIRM, PLLC

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, North Dakota, Mississippi, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

Ashley Keller
ack@kellerpostman.com
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220
Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990
Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut, N.W., 11th Floor
Washington, DC 20005
(202) 918-1123
KELLER POSTMAN LLC

NORTON ROSE FULBRIGHT US LLP
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

/s/      DRAFT
R. Paul Yetter
State Bar No. 22154200
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4500
eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

*Draft – June 24, 2024*

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

 */s/        DRAFT*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov
STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*


## CERTIFICATE OF SERVICE

I certify that, on June XX, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

# EXHIBIT 1

# [CONFIDENTIAL- FILED UNDER SEAL]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
|      Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
|      Defendant. | § | |

**[PROPOSED] ORDER TO PROVIDE FOR**
**POTENTIAL POST-TRIAL PROCEEDINGS ON INJUNCTIVE RELIEF**

Upon consideration of Google's Motion to Clarify the Court's Scheduling Order to Provide for Potential Post-Trial Proceedings on Injunctive Relief, and in furtherance of ensuring efficient and prompt resolution of this Action, it is hereby **ORDERED** by the Court that:

(1)    In the event this Action proceeds to trial and Plaintiffs obtain a liability determination in their favor on any of Plaintiffs' claims for which they may seek injunctive relief, the Court will hold a separate post-trial proceeding on injunctive relief following that determination.

(2)    In that event, the Court will promptly convene a status conference to discuss:

    (a) whether Plaintiffs intend to pursue injunctive relief based on the liability determination;

    (b) what injunctive relief, if any, Plaintiffs intend to pursue;

    (c) additional fact and expert discovery proportional to the liability determination and Plaintiffs' requested injunctive relief;

(d) the schedule for exchanging expert reports (and corresponding expert depositions) addressing the specific injunctive relief being sought by Plaintiffs;

(e) the schedule for briefing by the parties on injunctive relief; and

(f) the date(s) for the Court's hearing on injunctive relief.

(3)     In the event Plaintiffs obtain a liability determination in their favor and intend to seek injunctive relief based on that determination, the Court will provide guidance at that time as to the scope of additional fact and expert discovery that would be useful to its determination on injunctive relief, with any such discovery to be proportional to the liability determination and Plaintiffs' requested injunctive relief.

(4)     The terms of the Stipulation and Order Regarding Expert Discovery, ECF No. 184, shall apply to any post-trial expert discovery on injunctive relief.

(5)     Plaintiffs and Google each expressly reserve all rights with respect to all issues relating to liability and remedies.