# EXHIBIT 2

**FILED UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

## GOOGLE'S SECOND CORRECTED MOTION TO CLARIFY THE COURT'S SCHEDULING ORDER TO PROVIDE FOR POTENTIAL POST-TRIAL PROCEEDINGS ON INJUNCTIVE RELIEF[1]

---

[1] A redline noting all changes between the Second Corrected Motion and the Corrected Motion is attached as Exhibit 2.

FILED UNDER SEAL

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND .........................................................................................................................2

ARGUMENT................................................................................................................................6

      A. Courts Commonly Split Complex Antitrust Cases into Separate Liability and Remedy Phases to Promote Judicial Economy. ...............................................................................6

      B. Because Any Injunctive Relief Must Be Tailored to the Liability Determination, It Is More Efficient for Remedies Proceedings to Await that Determination. ...........................8

      C. Discovery on Injunctive Relief Should Be Tailored to the Liability Determination and Actual Relief Sought..........................................................................................................~~10~~11

      D. Due Process and Fairness Require an Evidentiary Hearing and an Opportunity to Take Discovery and Present Evidence Tailored to the Actual Injunctive Relief Requested......13

CONCLUSION...........................................................................................................................15

FILED UNDER SEAL

## PRELIMINARY STATEMENT

The Court's January 2, 2024 Scheduling Order (the "Scheduling Order") currently does not provide a process or schedule for post-trial proceedings on a remedies phase, if necessary, for any injunctive relief Plaintiffs may pursue.  *See* ECF No. 194.  Google requests entry of the enclosed Proposed Order to clarify the process and schedule regarding such proceedings.  The Proposed Order will promote judicial economy, tailor discovery and proceedings on injunctive relief to the actual relief sought based on any liability determination, and ensure due process and fairness for the parties by resolving any factual disputes on injunctive relief through an evidentiary hearing.  Google has met and conferred with Plaintiffs regarding the requested relief, and Plaintiffs have indicated they oppose this motion.

Plaintiffs' opposition to this motion is curious.  They are quite familiar with the common practice of courts to bifurcate post-trial proceedings on remedies from the trial proceedings on liability in antitrust cases, as outlined in the Proposed Order, having proposed similar approaches in other cases.  The same Plaintiff States in this Action proposed a similar approach in other cases they pursued against Google—*United States v. Google LLC*, Case No. 1:20-cv-03010 (D.D.C.), and *State of Colorado v. Google LLC*, No. 1:20-cv-03715 (D.D.C.) (the "*Search* Cases"), and *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981 (N.D. Cal.) (the "*Play* Cases")—and the courts in those cases adopted it.  Likewise, the courts in *United States v. Google LLC*, Case No. 1:23-cv-00108 (E.D. Va.) (the "Virginia Ad Tech Case"), and *FTC v. Meta Platforms, Inc.*, Case No. 1:20-cv-03590 (D.D.C.) (the "*Meta* Case"), also adopted a similar approach.

Plaintiffs have offered no legitimate reason to depart from this well-established practice in this Action, and have articulated no prejudice to Plaintiffs from this approach.  Nor can they.  As Plaintiffs have recognized elsewhere, the approach in the Proposed Order promotes judicial

FILED UNDER SEAL

economy and streamlines the issues for trial to the benefit of the Court, the parties, and any third-party witnesses.  This approach also ensures due process and fairness for all parties by providing both sides the opportunity to take discovery and present evidence at a post-trial hearing if and when there is a specific liability determination and an actual request for injunctive relief tailored to that determination.

Under the current Scheduling Order (as amended by ECF No. 458), Plaintiffs served their opening expert disclosures on June 7, 2024, Google's expert disclosures are due on July 30, 2024, and Plaintiffs' rebuttal disclosures are due on August 27, 2024.  Google therefore respectfully requests expedited resolution of this motion and entry of the Proposed Order by the Court so that the parties have clarity that expert disclosures on injunctive relief, if necessary, are deferred until post-trial proceedings and need not be served during this initial expert discovery period.  Together with this motion, Google has filed a partly opposed motion to shorten the briefing period on the motion to clarify the Scheduling Order, such that Plaintiffs' response, if any, would be due on July 15, 2024, and Google's reply, if any, would be due on July 17, 2024.

## BACKGROUND

***Relief Requested in Complaint.***  In their Prayer for Relief, Plaintiffs request, among other things, decrees that "Google has committed violations of" Sections 1 and 2 of the Sherman Act and "separate and multiple violations of each of the state laws enumerated in Counts V and VI." Fourth Am. Compl. ¶ 759(a), (b), (i), *In re: Google Digital Advertising Antitrust Litig.*, (S.D.N.Y. May 5, 2023), ECF No. 541 ("FAC").  Plaintiffs also request "injunctive relief to restore competitive conditions in the relevant markets affected by Google's unlawful conduct," *id.* ¶ 759(c), "structural relief to restore competitive conditions in the relevant markets affected by Google's unlawful conduct," *id.* ¶ 759(d), and injunctive relief to prohibit Google "from

FILED UNDER SEAL

continuing to engage in any anticompetitive conduct and from adopting in the future any practice, plan, program or device having a similar purpose or effect to the anticompetitive actions" alleged in the FAC, *id.* ¶ 759(e).[42] The FAC does not detail the particular form any such injunctive relief would take.

***Interrogatory Interrogatories* and Plaintiffs' Advisory on Relief Sought.**  In January 2023, Google issued an interrogatory interrogatories to Plaintiffs requesting that they "identify all remedies [Plaintiffs]" (Interrog. 2) and "all injunctive or structural relief" they seek in this action." Action (Interrog. 6).  Over the course of seven amended responses between May March 2023 and May 2024, Plaintiffs have not specified the particular form of injunctive relief they intend to seek, stating.  They state only that they intend to pursue "injunctive relief" and "a combination of structural and behavioral remedies.",", and identify in general terms a menu of "potential" remedies such as "potential divestiture of one or more of Google's Ad Tech Products including but not limited to" "DFP . . .[,] AdX . . . [,] Google Ads . . .; and/or . . . DV360," and at least eight different types of behavioral relief.  *See* Declaration of James K. Hunsberger (hereafter "Hunsberger Decl.") Ex. A at 9-10, 22-24.

On April 17, 2024, Plaintiffs filed an advisory indicating that Plaintiffs seek "injunctive relief" pursuant to "federal and their respective state's antitrust laws" and pursuant to "their respective state's deceptive trade practices laws."  Pl. States' Am. Advisory re: Relief Sought at 2, ECF No. 381 (Apr. 17, 2024) ("Amended Advisory").[23] The Amended Advisory does not detail the particular form any such injunctive relief would take.

---

[42] Google reserves all rights with respect to all liability and remedies issues in this Action, including the right to dispute Plaintiffs' entitlement to any of the remedies they purport to seek.

[23] In connection with their state antitrust and DTPA claims, Plaintiffs also seek civil penalties (all Plaintiffs on all state claims, except Indiana and Missouri for antitrust claims) and attorneys' fees and costs (all Plaintiffs on all state claims, except Missouri for antitrust claims).  Am. Advisory, ECF No. 381 (Apr. 17, 2024).

FILED UNDER SEAL

*Scheduling Order.*  Following remand of the Action to this Court, on November 7, 2023 the Court ordered the parties each to submit a status report containing a proposed schedule for the case going forward.  Order at 2, ECF No. 153 (Nov. 7, 2023).  The parties filed their respective proposals on November 14, 2023.  *See* Google LLC's Status Report Following MDL Proceedings, ECF No. 156 (Nov. 14, 2023); Pls.' Case Status Report and Proposed Schedule, ECF No. 157 (Nov. 14, 2023).  Neither proposal addressed the process for post-trial remedies proceedings on any injunctive relief Plaintiffs may pursue if there were a liability determination in their favor.  On January 2, 2024, the Court issued a Scheduling Order setting forth a process and schedule for discovery, pre-trial proceedings, and trial on the liability phase of this Action.  Scheduling Order, ECF No. 194 (Jan. 2, 2024).  In line with the parties' proposals, the Scheduling Order is silent on post-trial remedies proceedings regarding any injunctive relief Plaintiffs may pursue in the event of a liability determination in their favor.

*Expert Discovery.*  Following the close of fact discovery, on June 7, 2024, Plaintiffs served a report during expert discovery from an economics professor who opines at a high level that "[d]ivestiture of the [DFP] publisher ad server would be an appropriate remedy to increase competition."  Economist Report ¶ 210 (June 7, 2024).  He also opines at a high level on certain behavioral "remedies that are consistent with market design principles for well-functioning markets such as non-discriminatory interoperability, internal separation with best interest duties and firewalls, and transparency disclosure requirements."  *Id.* ¶ 216.[34] This is the first time Plaintiffs ~~disclosed to Google *any* information on~~indicated the potential form that any "structural relief" or "injunctive relief" requested in the FAC might take, but like the FAC, interrogatory

---

[34] The economist's opinions on remedies make up a limited portion of his report, with ~20 pages devoted to remedies (~2 pages on "structural" and ~18 pages on "behavioral" remedies) out of 95 pages total (excluding appendices).

FILED UNDER SEAL

~~response~~responses, and Amended Advisory, the report Plaintiffs served does not detail the particular form any such relief would take.

**Pre-motion Discussions with Plaintiffs.**   Given Plaintiffs' refusal to provide any specificity in their pleadings, Amended Advisory, or interrogatory responses on the particular form of injunctive relief they intend to pursue, Google was surprised that, just a month after their latest interrogatory response, Plaintiffs served a report in expert discovery that opined on potential injunctive relief (albeit lacking specificity).  This was particularly surprising to Google in light of the common practice in complex antitrust cases to bifurcate liability and remedies proceedings, the fact that Plaintiffs themselves have proceeded this way in the *Search* Cases and *Play* Cases they have pursued against Google, and the fact that Plaintiffs have not indicated (in their submission on the Scheduling Order or otherwise) any intention to proceed differently in this Action.

In an effort to align the parties' expectations for the process going forward, Google promptly raised this issue in a meet-and-confer with Plaintiffs on June 14, 2024, and proposed that the parties enter into a stipulation to make clear that, with the Court's approval, this Action would follow common practice, with a separate post-trial remedies phase focused on any injunctive relief Plaintiffs may request in the event they obtain a liability determination in their favor.  Plaintiffs responded by email on June 21, 2024, indicating they were not inclined to enter such a stipulation but remained open to reviewing one.  Hunsberger Decl. Ex. B at 15-16.  On June 24, 2024, Google sent a draft stipulation and proposed order for Plaintiffs' review and comment.  *Id.* at 14-15.  On July 1, 2024, Plaintiffs responded that they are "agreeable to considering and entering an agreement regarding post-trial briefing related to equitable and injunctive remedies, but not as to additional post-trial discovery at this time," as they do not believe such discovery is "necessary."

FILED UNDER SEAL

*Id.* at 11-12.  Plaintiffs also asked for authority supporting the approach in the draft stipulation and proposed order.  *Id.* at 12.  Google responded on July 3, 2024, reminding Plaintiffs about the *Search* Cases and *Play* Cases, where they proposed and both courts adopted this approach.  *Id*. at 10-11.  Google reiterated its willingness to meet and confer and desire to avoid unnecessary motion practice on these issues through a stipulation to clarify that this Action will follow this well-established approach that Plaintiffs have proposed in other recent cases.  *Id.* 11.  The parties met and conferred again on July 10, 2024, and Google emphasized the judicial economy rationale for the Proposed Order.  Plaintiffs agreed to further consider these issues after the meet-and-confer and then responded by email that they "do not agree to entry at this time of the Proposed Stipulation and Proposed Order."  *Id.* at 2-4.  Plaintiffs indicated they "agree that post-trial briefing on injunctive relief is appropriate, as well as any status conferences and hearings set by the Court," but do not agree to "additional fact and expert discovery" on injunctive relief after the liability trial.  *Id.* at 3.

## ARGUMENT

Federal Rule of Civil Procedure 42(b) gives district courts broad discretion to "order a separate trial of one or more separate issues" "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b); *see also, e.g.*, *Briggs v. State Farm Fire & Cas. Co.*, 673 F. App'x 389, 391, 392 (5th Cir. 2016) (explaining that whether to bifurcate "is a matter within the sole discretion of the trial court" and affirming district court's order to bifurcate trial in manner making "the most economical sense").  It has been a common practice of courts in complex antitrust cases to exercise that discretion to adopt the approach reflected in the Proposed Order, with separate trial proceedings on liability and post-trial proceedings on remedies.

FILED UNDER SEAL

**A. Courts Commonly Split Complex Antitrust Cases into Separate Liability and Remedy Phases to Promote Judicial Economy.**

Federal district courts have bifurcated liability and remedies proceedings in several of the recent antitrust enforcement actions against defendants in various technology industries.   For example, the same Plaintiff States as present here proposed this approach in the *Search* Cases and the *Play* Cases, and both courts adopted it.   *See* Order to Bifurcate Proceedings, *United States v. Google LLC*, Case No. 1:20-cv-03010 (D.D.C. Dec. 6, 2021), ECF No. 264, Hunsberger Decl. Ex. C at 1, 2. ("The Parties . . . have jointly requested to bifurcate the proceedings to hold separate trials on liability and, if necessary, remedy. . . . The Court finds that, to the extent necessary, holding separate trials on the issues of liability and remedies will be more convenient for the Court and the Parties, and will expedite and economize this litigation."); Joint Statement re: Proposed Case Schedule and Trial Structure, *In re Google Play Store Antitrust Litig.*, Case No. 3:21-md-02981 (N.D. Cal. Jan. 30, 2023), ECF No. 434, Hunsberger Decl. Ex. D at 5 ("The Parties jointly propose that equitable and other issues that the Court must decide (as opposed to the jury) should be addressed, if necessary, at a hearing before the Court after the jury trial in this case.").[45]

Likewise, the Eastern District of Virginia adopted such an approach in the Virginia Ad Tech Case, with bifurcated proceedings on liability and equitable relief.   Order ("Virginia Ad Tech Case Order"), *United States v. Google LLC*, Case No. 1:23-cv-00108 (E.D. Va. July 11, 2023),

---

[45]  In *Play*, consistent with the proposed bifurcation of proceedings on liability and injunctive/equitable relief, the parties also agreed "to meet and confer immediately following a jury verdict regarding any issues and evidence that may be necessary to resolve any requests for injunctive or equitable relief, and submit a joint proposal or, if necessary, their respective positions regarding any dispute within 10 days of the jury verdict."   Joint Submission re: Trial Proposal, *In re Google Play Store Litig.*, Case No. 3:21-md-02981 (N.D. Cal. May 12, 2023), ECF No. 505, Hunsberger Decl. Ex. F at 12.   The court had earlier provided its guidance on bifurcation of legal and equitable claims.   Minute Entry, *In re Google Play Store Litig.*, Case No. 3:21-md-02981 (N.D. Cal. July 22, 2021), ECF No. 67, Hunsberger Decl. Ex. G at 2 ("The Court intends to first utilize a jury as the finder of fact for issues common to the legal and equitable claims.   The Court would then take up equitable claims after the jury verdict.") (cleaned up).

FILED UNDER SEAL

ECF No. 283, Hunsberger Decl. Ex. E at 3 ("[T]he first step in this process is that plaintiffs must obtain a jury verdict in [their] favor.  The next step would be for plaintiffs to decide, based on the jury's findings, whether they want to seek any equitable relief and, if so, what relief they want to request.").  So, too, did the District Court for the District of Columbia in the *Meta* Case.  Joint Scheduling Order ("*FTC v. Meta* Order"), *FTC v. Meta Platforms, Inc.*, Case No. 1:20-cv-03590 (D.D.C. Mar. 3, 2022), ECF No. 103, Hunsberger Decl. Ex. H at 2 (bifurcating proceedings on liability and remedies and ruling that provisions of order governing discovery during liability phase "shall not apply to any additional discovery to facilitate a remedy phase").  Plaintiff State of Nevada also has proposed this approach in *FTC v. Amazon.com, Inc.*, Case No. 2:23-cv-01495 (W.D. Wash.) (the "*Amazon* Case"), where the court has reserved its decision on the bifurcation question until the pending motion to dismiss is resolved.  *See* Mot. to Bifurcate ("*FTC v. Amazon* Mot. to Bifurcate"), *FTC v. Amazon.com, Inc.*, Case No. 2:23-cv-01495 (W.D. Wash. Feb. 29, 2024), ECF No. 167, Hunsberger Decl. Ex. I at 1 ("Plaintiffs move to bifurcate this action into two separate proceedings: a trial solely on liability to be followed by a proceeding on remedies.").

### B. Because Any Injunctive Relief Must Be Tailored to the Liability Determination, It Is More Efficient for Remedies Proceedings to Await that Determination.

The judicial economy rationale for this approach is straightforward and compelling.  As Plaintiffs themselves put it in the *Search* Cases, "separate proceedings on liability and remedy will be more efficient for all parties in this case, including third parties, because the scope and specifics of any remedy will depend on the scope and specific holding of the Court on liability."  Joint Status Report ("*Search* Joint Status Report"), *U.S. v. Google LLC*, Case No. 1:20-cv-03010 (D.D.C. Nov. 23, 2021), ECF No. 256, Hunsberger Decl. Ex. J at 9 (statement of U.S. Plaintiffs) (citing *United States v. Microsoft Corp.*, 253 F.3d 34, 103-05 (D.C. Cir. 2001)); *id.* at 13 ("Plaintiff States agree with and incorporate by reference the U.S. Plaintiffs' position.").

FILED UNDER SEAL

No matter the outcome of the liability phase, bifurcation will promote judicial economy. Bifurcation enables the parties and the factfinder to focus initially on liability issues and avoid speculative, uncertain proceedings on issues relating to a hypothetical post-trial request for injunctive relief based on the as-yet-unknown liability determination.  In the event of a liability determination in favor of Google, there will be no need for discovery or an evidentiary hearing on remedies, and the parties and the Court will have avoided unnecessary time and expense on remedies issues.[56]  In the event of a liability determination in favor of Plaintiffs, any injunctive relief requested by Plaintiffs—and ultimately adopted by the Court—must be "tailored to fit the wrong creating the occasion for the remedy."  *See Microsoft*, 253 F.3d at 107 (vacating district court's remedies order and holding that, because D.C. Circuit had "altered the scope of Microsoft's liability," the district court must "determine the propriety of a specific remedy for the limited ground of liability" that had been upheld).[57]  Bifurcation enables the parties and the Court to tailor the post-trial proceedings on Plaintiffs' requested injunctive relief to the specific liability findings rather than a range of theoretically possible injunctive relief based on the as-yet-unknown liability determination.  In doing so, the parties and the Court will avoid unnecessary, unfocused, and unhelpful trial witness testimony concerning remedies ultimately foreclosed by the liability findings.

Plaintiffs agree, as they must, with this foundational proposition.  In fact, they have emphasized that bifurcation promotes "the most efficient development and presentation of

---

[56]  Likewise, Google's pending 12(b)(1) motion, if granted, would result in dismissal of the Complaint in its entirety, including all of Plaintiffs' claims for injunctive relief, due to their lack of Article III standing.  *See* Google LLC's Mot. for Dismissal Pursuant to Rule 12(b)(1), ECF No. 200 (Jan. 16, 2024).

[57]  *See also New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 88 (D.D.C. 2002) ("In this case, the mandate of the appellate court requires this Court to fashion a remedy appropriately tailored to the revised liability findings.").

FILED UNDER SEAL

evidence" because "the scope and specifics of any remedy will depend on the scope and specific holding of the Court on liability." *Search* Joint Status Report, Hunsberger Decl. Ex. J at 8, 9 (citing *Microsoft*, 253 F.3d at 103-05).[78] By contrast, without bifurcation, a "range of remedies would need to be presented at trial," including "remedies that ultimately may be foreclosed by the Court's liability holdings." *Id.* at 10.[89] Moreover, under Google's Proposed Order, the Court would have broad discretion to determine the format of the remedies phase as appropriate to further enhance efficiency—including, for example, by imposing limits on any remedies-specific discovery, evidentiary submissions, and testimony to avoid repetition with the liability phase and minimize the burden on the parties and Court.

Bifurcating liability and remedies is particularly appropriate here because, in addition to their federal antitrust claims under the Sherman Act, Plaintiffs also seek as-yet-unspecified injunctive relief under their respective state antitrust and DTPA laws.  The breadth of these claims, which may involve varying state-specific requirements and require state-specific analysis, add another layer of complexity to this case that is most efficiently addressed through bifurcated proceedings.  As Plaintiff State of Nevada recognized in seeking bifurcation in the *Amazon* Case, the range of state law claims "will require independent analysis of applicable remedies," which

---

[78] *See also FTC v. Amazon* Mot. to Bifurcate, Hunsberger Decl. Ex. I at 8 (Plaintiff State of Nevada, along with other plaintiffs in *Amazon* Case, arguing that "bifurcation will simplify the proceedings on remedies and save the Court and the Parties significant time and resources by enabling the Parties to tailor presentations on remedies to the Court's liability findings").

[89] *See also id.* at 5 (Plaintiff State of Nevada, along with other plaintiffs in *Amazon* Case, arguing that, without bifurcation, "witnesses may have to testify about a range of potential remedies covering all possible liability outcomes," which "could result in the parties litigating—and the court considering—remedies that may ultimately be foreclosed by the court's liability determinations, thereby reducing judicial economy").

FILED UNDER SEAL

"further supports streamlining an already complex trial."  *See FTC v. Amazon* Mot. to Bifurcate, Hunsberger Decl. Ex. I at 8.[910]

### C. Discovery on Injunctive Relief Should Be Tailored to the Liability Determination and Actual Relief Sought.

For the same reasons, any discovery on Plaintiffs' requested injunctive relief should be tailored to the liability determination and occur after that determination.  In particular, without that determination and an actual request from Plaintiffs for particular forms of injunctive relief, it is inefficient and impractical for the parties' expert witnesses to spend significant resources addressing hypothetical forms of injunctive relief that Plaintiffs might request.  As Plaintiffs put it in the *Search* Cases, "without bifurcation, the parties' experts would each need to address a range of possible remedies that would correspond to all possible outcomes regarding liability" and the "parties would further need to inquire about these remedies in deposition."  *Search* Joint Status Report, Hunsberger Decl. Ex. J at 10.  Just as Plaintiffs warned in *Search*, adopting this approach here would undermine judicial economy as "[m]uch of this effort by the parties and the Court would likely be wasted."  *Id.*  Plaintiffs' attempt to force the parties in this Action to conduct discovery on injunctive relief now risks the substantial inefficiencies that Plaintiffs cautioned against in *Search*: without bifurcation, "the experts' respective reports would likely require significant revisions to track the specific factual findings in the Court's opinion; expert depositions would likely need to be retaken; and further remedies-related testimony would need to be presented so that the Court could consider [the plaintiffs'] available remedies in light of" the liability determination.  *Id.*

---

[910] *See also id.* at 4 ("Bifurcating remedy proceedings from the underlying resolution of liability allows the factfinder to address each of these complex issues independently, promoting the efficient development and presentation of evidence on the merits.").

FILED UNDER SEAL

In the same spirit, the court in the Virginia Ad Tech Case concluded that there should be separate proceedings on liability and equitable remedies, and ruled that expert discovery should be tailored to the actual equitable relief sought by plaintiffs after any liability determination.  *See* Virginia Ad Tech Case Order, Hunsberger Decl. Ex. E at 3 (in event plaintiffs obtain liability determination in their favor, establishing process for plaintiffs to indicate "what equitable relief [they] intend to pursue" and parties to "exchang[e] expert reports addressing the specific equitable remedy or remedies being sought").[10][11] The courts in the *Play* Cases and *Meta* Case adopted a similar approach.  *See* Minute Entry at 2, *In re Google Play Store Antitrust Litig.*, Case No. 3:21-md-02981 (N.D. Cal. Jan. 18, 2024), ECF No. 917 Hunsberger Decl. Ex. K at 2 (following liability determination by jury in plaintiff's favor, ordering plaintiff to file a "proposed injunction" and "brief statements in support" from experts and setting an evidentiary hearing for expert economist testimony concerning "an appropriate conduct remedy in light of the jury's findings"); Minute Entry, *In re Google Play Store Antitrust Litig.*, Case No. 3:21-md-02981 (N.D. Cal. May 23, 2024), ECF No. 978, Hunsberger Decl. Ex. L at 1 (ordering fact and expert discovery concerning technical work and economic costs associated with plaintiff's requested injunctive relief based on jury verdict, as well as additional hearing with testimony by fact and/or expert witnesses); *FTC v. Meta* Order, Hunsberger Decl. Ex. H at 2 (bifurcating trial between liability and remedies and ruling that provisions of order "relating to discovery shall not apply to any additional discovery to facilitate a remedy phase.").

---

[10][11] In the Virginia Ad Tech Case, Google supported bifurcating the determinations of liability and equitable relief, *id. at* 1, but initially opposed bifurcating discovery on equitable relief because it understood the court in that case intended for all discovery to be completed at the same time.  It turned out Google had misunderstood.  Consistent with common practice, the Virginia court decided to bifurcate discovery as well, and its decision has promoted efficient case management in that case for the reasons described above that also would make sense here.

FILED UNDER SEAL

The approach reflected in the Proposed Order is also consistent with the approach adopted by the courts in *Microsoft*.  On remand, the district court established a process and schedule for additional fact and expert discovery on remedies and held an extensive evidentiary hearing on Plaintiffs' proposed remedies, including fact and expert testimony.  *New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 87-88 (D.D.C. 2002) (detailing scope of remedies proceedings on remand); Scheduling Order, *New York v. Microsoft Corp.*, Case No. 1:98-cv-01233 (D.D.C. Sept. 28, 2001), ECF No. 225, Hunsberger Decl. Ex. M at 3-4 (on remand, establishing process and schedule for remedies proposals, fact and expert discovery on remedies, remedies briefing, and evidentiary hearing).  In adopting this process, the district court heeded the guidance from the D.C. Circuit that crafting appropriate remedies in cases involving a "constantly changing" industry requires the court "to update and flesh out the available information."  *Microsoft*, 253 F.3d at 49 (observing "six years seems like an eternity in the computer industry"); *see also New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 103 (D.D.C. 2002) ("The parties and the Court undertook the lengthy process of precisely such an evidentiary hearing and endeavored to update and flesh out the relevant factual information.").  The same is true here for the dynamic ad tech industry, where Plaintiffs "in this complex antitrust and consumer protection case" challenge "15-plus years of conduct by Google in the multi-trillion-dollar markets for online advertising."  Pl. States' Mot. for Modification of Scheduling Order at 11, ECF No. 463 (May 3, 2024).  As reflected in the Proposed Order, in the event Plaintiffs obtain a liability determination in their favor, the Court should establish a process and schedule for any additional fact and expert discovery that may be necessary to ensure the parties can litigate—and the Court can decide—the disputed factual issues with the benefit of discovery that is up-to-date and tailored to the actual relief sought.

FILED UNDER SEAL

**D. Due Process and Fairness Require an Evidentiary Hearing and an Opportunity to Take Discovery and Present Evidence Tailored to the Actual Injunctive Relief Requested.**

As Plaintiffs recognize, in the likely event of factual disputes between Plaintiffs and Google after both sides present fact and expert evidence on the requested relief, Google has a "basic procedural right to have disputed facts resolved through an evidentiary hearing." *Microsoft*, 253 F.3d at 101-103; *see also id.* at 101 ("A party has the right to judicial resolution of disputed facts not just as to the liability phase, but also as to appropriate relief.  Normally, an evidentiary hearing is required before an injunction may be granted." (cleaned up)); *Search* Joint Status Report, Hunsberger Decl. Ex. J at 9 (citing *Microsoft*, 253 F.3d at 100-03) ("If the Court finds Defendant liable for violating the Sherman Act, an evidentiary hearing will likely be necessary to determine the appropriate remedy for such violation(s).").  Indeed, "[i]t is a cardinal principle of our system of justice that factual disputes must be heard in open court and resolved through trial-like evidentiary proceedings." *Microsoft*, 253 F.3d at 101.

For similar reasons, due process and fairness also dictate that Google be permitted to take discovery and present evidence on the actual, particularized form of any injunctive relief Plaintiffs seek following any liability determination in their favor.  As described above, in their pleadings, Amended Advisory, and responses to fact discovery, Plaintiffs did not provide any details on the particular form any such injunctive relief would take.  *See* Hunsberger Decl. Ex. A (stating only that Plaintiffs intend to pursue "injunctive relief" and "a combination of structural and behavioral remedies," ~~with no additional specificity~~<u>and identifying in general terms a menu of "potential" remedies</u>); *see also* Pl. States' Am. Advisory re: Relief Sought, ECF No. 381 (Apr. 17, 2024) (stating only that Plaintiffs intend to seek "injunctive relief," with no additional specificity).  After the close of fact discovery, on June 7, 2024, Plaintiffs served a report during expert discovery from an economics professor who opines at a high level that "[d]ivestiture of the [DFP] publisher ad

14

FILED UNDER SEAL

server would be an appropriate remedy to increase competition."  Economist Report, ¶ 210; *see also id.* ¶ 216 (describing certain "behavioral remedies" at a high level).  These disclosures—post-dating the close of fact discovery in the Scheduling Order—are the first indication whatsoever from Plaintiffs of the form any injunctive relief might take, and they still lack any meaningful specificity.  To illustrate, with respect to the hypothetical DFP divestiture, neither the economics professor nor any other expert disclosed by Plaintiffs offers any opinions on which features of Google's current integrated Google Ad Manager product (of which DFP is one part) would be included in the divestiture, which parts of the Google Ad Manager codebase (of which DFP is one part) would be included with the divestiture, what would be required for DFP to operate outside of Google's proprietary infrastructure post-divestiture, and so on.

Therefore, in the event Plaintiffs obtain a liability determination in their favor, it is not only inefficient but also unfair to Google for Plaintiffs to suggest that the parties should litigate—and the Court should decide—Plaintiffs' as-yet-unspecified request for injunctive relief tailored to the as-yet-unknown liability determination based only on the current discovery record.  Instead, as reflected in the Proposed Order and consistent with common practice, at the post-trial status conference the parties and the Court could, if necessary, discuss the scope of any additional fact and expert discovery that would be useful to the Court's determination on injunctive relief.  The Court could then issue an order, in its discretion, establishing the appropriate scope of discovery.

Plaintiffs have not articulated any prejudice they would suffer as a result of the approach reflected in the Proposed Order.  Nor could they.  If additional proceedings are needed after liability issues have been resolved, Plaintiffs would have the same right as Google to conduct additional fact and expert discovery in line with the Court's orders following a post-trial status conference on injunctive relief.

FILED UNDER SEAL

## CONCLUSION

Google respectfully requests that its Motion be granted and its Proposed Order be entered by the Court.

Dated: July ~~10~~18, 2024                    Respectfully submitted,

                                             */s/ R. Paul Yetter*
                                             R. Paul Yetter
                                             State Bar No. 22154200
                                             YETTER COLEMAN LLP
                                             811 Main Street, Suite 4100
                                             Houston, Texas 77002
                                             (713) 632-8000
                                             pyetter@yettercoleman.com

                                             Eric Mahr (*pro hac vice*)
                                             FRESHFIELDS BRUCKHAUS DERINGER LLP
                                             700 13th Street NW
                                             Washington, DC 20005
                                             (202) 777-4545
                                             eric.mahr@freshfields.com

                                             Justina Sessions
                                             FRESHFIELDS BRUCKHAUS DERINGER LLP
                                             855 Main Street
                                             Redwood City, CA 94063
                                             (650) 461-8276
                                             justina.sessions@freshfields.com

                                             Daniel S. Bitton (*pro hac vice*)
                                             AXINN, VELTROP & HARKRIDER LLP
                                             55 Second Street
                                             San Francisco, CA 94105
                                             (415) 490-1486
                                             dbitton@axinn.com

                                             Bradley Justus (*pro hac vice*)
                                             James K. Hunsberger (*pro hac vice*)
                                             David R. Pearl (*pro hac vice*)
                                             AXINN, VELTROP & HARKRIDER LLP
                                             1901 L Street NW
                                             Washington, DC 20036

FILED UNDER SEAL

(202) 912-4700
bjustus@axinn.com
jhunsberger@axinn.com
dpearl@axinn.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

17

~~FILED UNDER SEAL~~

## CERTIFICATE OF SERVICE

I certify that, on July ~~10~~18, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ R. Paul Yetter*
R. Paul Yetter

## CERTIFICATE OF CONFERENCE

I certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h).  The parties met and conferred as required by Local Rule CV-7(h) on June 14, 2024 by video teleconference and in subsequent follow-up email exchanges between counsel for Google and Plaintiffs in June and July 2024, and by an additional video teleconference on July 10, 2024, as further detailed in the Background section of this motion.

This motion and exhibits provide further information on why no final resolution has been reached yet, thus requiring intervention by the Court.

*/s/ R. Paul Yetter*
~~R. Paul Yetter~~

~~**CERTIFICATE OF SEALING**~~

~~I certify that~~Additionally, on July ~~10~~18, 2024~~, a motion to seal was filed separately and before the filing of the Motion and exhibits under seal, per Local Rule CV-5(a)(7)(B).  This sealed filing will be promptly served by email with a secure link on counsel of record for all parties in this case, and will be publicly filed in redacted form per Local Rule CV-5(a)(7)(E).~~ Plaintiffs confirmed that they do not oppose the filing of the Second Corrected Motion.

FILED UNDER SEAL

*/s/ R. Paul Yetter*
R. Paul Yetter