**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al., <br><br>                        Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br>                        Defendants. | Case No. 4:20-cv-00957-SDJ <br><br> Hon. Sean D. Jordan |

**<u>PLAINTIFF STATES' OPPOSITION TO GOOGLE'S SECOND CORRECTED MOTION
TO CLARIFY THE COURT'S SCHEDULING ORDER TO PROVIDE FOR
POTENTIAL POST-TRIAL PROCEEDINGS ON INJUNCTIVE RELIEF</u>**

## <u>INTRODUCTION</u>

Google's motion to "clarify" the Scheduling Order in this case presents the Court with seemingly high-minded arguments about the benefits of bifurcating discovery and trial between liability and equitable remedies in complex antitrust proceedings. But Google's extensive exposition obscures the simple nuts and bolts of Google's request.

Six weeks ago, Plaintiff States served on Google their opening expert reports. One of the States' reports[1] analyzed a set of equitable remedies that can restore competition and resolve Google's conflicts of interest in the ad tech markets that Google has anticompetitively and deceptively contorted through the conduct Plaintiff States challenge. Google was, it claims, "surprised" by the States' disclosure of a report on equitable remedies, Dkt. 571 at 5—despite the plain terms of this Court's Scheduling Order, every other schedule proposed or entered in this case, and explicit, repeated acknowledgment by both parties over the past 18 months that the ongoing discovery included issues related to equitable remedies. Google now asks the Court to modify its Scheduling Order and allow Google to withhold two reports that Google represents it will be prepared to serve on Plaintiff States by August 6 if the Court denies its motion.

In short, under its proposal, Google would have Plaintiff States' expert opinions on equitable remedies in hand but withhold from the States its opposing opinions until some undetermined point after next spring's trial. The States would be at a disadvantage at trial and in post-trial proceedings, having disclosed their expert opinions on remedies and received nothing in

---

[1] Google selectively quotes but chose not to include the States' equitable remedies report with its motion. Plaintiff States file this report under seal as Exhibit E to this Response. While Google's motion uses the terminology "injunctive relief," the States also seek equitable remedies, including structural and behavioral remedies, as pleaded and as disclosed in the States' discovery responses and expert report.

return for many months. Post-trial proceedings and resolution would be delayed. And Google would have manipulated the purported ambiguity in the Court's Scheduling Order to its advantage.

Google's motion comes nowhere close to justifying such prejudicial and unprecedented results. Instead, it whistles right past them. Google insists that its bifurcation request mirrors the approach taken in other government antitrust cases but ignores the essential fact that none of those cases ordered bifurcation of discovery *after* one side had already served its expert disclosures on remedies while the other had not. Google claims that Plaintiff States asked for such an order in some of those other cases but, again, ignores that those requests occurred *before* expert disclosures and threatened to impose none of the prejudice that Google's request presents. Further, Google pretends that it seeks merely to "clarify" the Scheduling Order when, in fact, the Order is clear—and, even if it were not, Google had years to seek clarification. That Google seeks "clarity" only now—at the point most advantageous to itself and most disadvantageous to Plaintiff States, the Court, and the public interest—gives the game away.

The Court should deny Google's ill-timed request. Instead, in line with current deadlines, Google should be required to submit its responsive expert report on equitable remedies. The Court can then decide the process for post-trial proceedings on equitable remedies later in this litigation based on a fuller record. Submission of *both* sides' pre-trial reports on equitable remedies will avoid prejudice, better promote judicial economy, and help define what, if any, specific additional discovery (as opposed to Google's open-ended, premature proposal) may be necessary after trial.

## BACKGROUND

### A.  Scheduling Orders

Contrary to Google's assertions, no filing or order in this case has stated or even suggested that the schedule that Google seeks to modify covers only "discovery, pre-trial proceedings, and

trial *on the liability phase* of this Action." Dkt. 571 at 4 (emphasis added). In the parties' initial Rule 26(f) Joint Report covering, *inter alia*, "[t]he subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues," neither party proposed distinct liability and remedies phases. Dkt. 108 at 8. The only phasing of discovery that Google proposed was a fact discovery phase and a distinct expert discovery phase. *Id.* at 9. Consistent with the parties' submissions, the Court's first Scheduling Order set a single deadline for "fact discovery," a subsequent deadline for "expert discovery" and a schedule for "trial." Dkt. 123 at 1-3. Nowhere in that Order did the Court state that discovery or trial would be limited to "liability" or exclude equitable remedies.

Similarly, after this case was transferred to the Southern District of New York, the parties submitted extensive letter briefs on discovery and trial. Neither party proposed bifurcation of discovery or suggested that the discovery and trial phases exclude equitable remedies. *See In re Google Digit. Advert. Antitrust Litig.* ("*MDL*"), 1:21-md-03010, Dkt. 358 (S.D.N.Y.), Ex. A (Plaintiffs' proposal); *MDL*, Dkt. 371, Ex. B (Google's response). And Judge Castel's Scheduling Order set deadlines for "[a]ll fact discovery" and "[a]ll expert discovery," with no indication of bifurcation. *MDL*, Dkt. 394 at 2-3, Ex. C ("MDL Scheduling Order").

That pattern continued when the case returned to this Court. Neither of the parties' submissions regarding a "proposed schedule going forward," Dkt. 153 at 2, mentioned bifurcated discovery or trial. *See* Dkt. 156 (Google's submission); Dkt. 157 (Plaintiff States' submission). Accordingly, the currently operative Scheduling Order—like this Court's initial Scheduling Order and the MDL Scheduling Order—does not distinguish between liability and remedies discovery or suggest anywhere that its deadlines are limited to liability issues. *See* Dkt. 194.

## B.  Remedies Discovery

The parties have long been engaged in discovery not just on liability, not just on legal remedies, but also on equitable remedies. As Google concedes, it issued interrogatories in January 2023—after the aforementioned scheduling orders were entered in this Court and the MDL— seeking discovery on "all remedies," including "all injunctive or structural relief," that Plaintiff States' "seek in this action." Dkt 571 at 3 (internal citation and quotation marks omitted). Plaintiffs States' responses noted that "this request calls for the premature disclosure of expert opinions" and that "[e]xpert disclosures will be made within the time prescribed by the Court's Scheduling Order." Plaintiff States' Responses & Objections to Google LLC's First Set of Interrogatories, Ex. D at 7. The States also responded that they would supplement their responses "once [they have] obtained sufficient discovery to make a complete response." *Id.* In other words, both parties have made clear since at least early 2023 that the fact and expert discovery periods provided for in this case's scheduling orders included discovery related to equitable remedies. The States repeated these responses to Google seven times in supplementations to its interrogatory responses, while adding further detail as discovery proceeded. *See, e.g.*, Dkt 550-2 at 9, 22-24.

Consistent with that understanding, on June 7, 2024, the States served on Google an expert report that "analyze[d] the incentives motivating Google's conduct at issue in this case," "compare[d] Google's conduct with efficient functioning markets," and "appl[ied] [the expert's] market design expertise to identify the nature of remedies that would restore competition." Economist Report, Ex. E ¶ 2 (June 7, 2024). The report devoted more than 20 pages to a discussion of equitable remedies that would "resolve the effects of Google's anticompetitive and deceptive conduct and [] increase competition," including five specific types of equitable remedies, drawing upon the expert's analysis in the rest of the report. *Id.* ¶ 203.

4

### C.  Google's "Surprise[]" and Belated Request for "Clarification"

In a meet and confer one week after receiving Plaintiff States' expert reports, Google raised for the first time its view that the recently concluded fact discovery phase and ongoing expert discovery did not include discovery related to equitable remedies. Dkt. 571 at 5. Google claims that it was "surprised" that the States' expert disclosures included discussion of equitable remedies, *id.* at 4-5—despite the lack of any filing or order suggesting bifurcation of discovery or trial and numerous indications by both parties that the ongoing discovery period included discovery on remedies. Plaintiff States responded that, "[a]t this time, the States do not believe additional discovery on equitable remedies is necessary" and that Google could raise "any concerns as to feasibility or any purported element of equitable relief" in its forthcoming expert reports. Dkt. 550, Ex. B at 15-16. The States also said they would "review[] any authority from Google that supports a different approach or position" and consider any proposed stipulation. *Id.* at 16.

Upon reviewing Google's proposed stipulation, Plaintiff States reiterated their position that they "do not believe that additional discovery on equitable remedies is necessary at this time" but would consider entering into an agreement "regarding post-trial briefing related to equitable and injunctive remedies." *Id.* at 11. In response, Google pointed to two cases in which it said courts "adopt[ed] the approach reflected in the draft stipulation and proposed order": *United States v. Google*, No. 1:20-cv-03010 (D.D.C.) ("*Search*"), and *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981 (N.D. Cal.) ("*Play*"). Dkt. 550, Ex. B at 9-10. Then, in a follow-up email, Google took the position that the Scheduling Order in this case "is silent on when and how the parties will conduct expert discovery on the injunctive relief requested by Plaintiffs," and, as a result, Google needed "prompt resolution from the Court" in advance of its expert disclosure deadline. *Id.* at 8-9.

Following a further meet and confer on Wednesday, July 10, Plaintiff States reiterated their opposition to Google's motion for purported "clarification." The States pointed out that they had already submitted a report addressing equitable remedies "under the current Scheduling Order" and that, given the circumstances and posture of the case, Google's proposal was not warranted. *Id.* at 2. Still, seeking to accommodate Google's apparent confusion regarding the Scheduling Order, the States offered to consider a request for a "reasonable extension" of Google's July 30 expert disclosure deadline. *Id.* Google did not respond to the States' offer and instead proceeded to file its Motion. *Id.* at 1; *see* Dkt. 550. Google also filed a motion for an expedited briefing schedule, Dkt. 551, and Plaintiff States responded, Dkt. 553.

After Google filed its motion, at the Court's request, the parties conferred regarding a briefing schedule for this dispute and an accompanying extension of Google's expert disclosure deadline. The parties proposed a briefing schedule and a one-week extension for Google's deadline to disclose "responsive expert opinions that would (if the Court were to deny the Motion to Clarify) include issues relating to equitable relief," with corresponding extensions for rebuttal reports and expert discovery. Dkt. 560 at 1; *accord* Dkt. 562. During the parties' discussions, Google informed the States that it "currently expect[s] two of [its] experts to address injunctive relief, including one of [its] economists (who will cover other issues as well)." Ex. F (Email from P. Yetter to Z. DeRose (July 12, 2024)). Google also confirmed that, if the Court granted Google's motion, Google would submit only "the non-injunctive part" of its economist's report by the early-August disclosure date and would otherwise not submit any of its expected expert opinions on equitable remedies. *Id.*

## LEGAL STANDARD

A court "may order a separate trial of one or more separate issues" if doing so would promote "convenience," "avoid prejudice," or "expedite and economize" the proceedings. Fed R.

Civ. P. 42(b). Of these, "[p]rejudice is the Court's most important consideration," including the prejudice to the non-moving party and the "public interest" from "the considerable delay that will result if the Court orders separate trials and separate discovery periods." *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115-16 (E.D. La. 1992). In addition, in order not to prejudice parties' Seventh Amendment jury right, "the issue to be tried [separately] must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (cleaned up). Separate trials on separate issues "is not the usual course that should be followed." *Id.* at 304. The party moving for bifurcation bears the burden of proving that it is "appropriate." *j2 Glob. Commc'ns, Inc. v. Captaris, Inc.*, 2009 WL 10672155, at *2 (E.D. Tex. Apr. 16, 2009).

Courts assessing motions to bifurcate discovery apply the same basic standard. Courts ask whether bifurcation will "cause undue delay [or] inefficiency," "waste resources," "unfairly prejudice" the parties, or "further the interests of judicial economy or fairness." *Brown Bottling Grp., Inc. v. Imperial Trading Co.*, 2022 WL 4110918, at *7 (S.D. Miss. Sept. 7, 2022); *see also McGeem v. GEICO Gen. Ins. Co.*, 2022 WL 22308141 (S.D. Miss. Nov. 4, 2022) (applying the Rule 42(b) standard to bifurcation of both trial and discovery); *Polycom, Inc. v. Codian, Ltd.*, 2007 WL 7658922 (E.D. Tex. Apr. 23, 2007) (same).

Under the Federal Rules, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The party seeking to modify the schedule bears the burden of showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation marks omitted). Courts considering a modification request must weigh "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance

of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Id.* (cleaned up).

## ARGUMENT

Google's motion ignores the relevant legal standards, mischaracterizes its request, tries to disguise Google's own missteps, and obscures the severe prejudice its request would impose. *First*, as a request for bifurcation of discovery, Google's Motion is wholly deficient under the applicable legal standard. *Second*, Google misrepresents a handful of cases that, in fact, highlight the unprecedented and highly prejudicial nature of Google's request. *Third*, Google does not even attempt to show the required good cause to justify modification of the Scheduling Order.

### I.     Google's Motion Does Not Meet the Requirements for Bifurcation of Discovery.

The Federal Rules and case law provide that courts must "carefully consider[]" three "factors" when assessing a bifurcation request: whether bifurcation will "1) promote convenience, 2) expedite proceedings, or 3) avoid unfair prejudice to a party." *Brown Bottling Grp.*, 2022 WL 4110918, at *2 (citing Fed. R. Civ. P. 42(b)). Prejudice—in terms of delay, unfairness, or impingement on a party's jury right—is a court's "most important consideration" in that analysis. *Laitram Corp.*, 791 F. Supp. at 115. Google's bifurcation proposal, at this point in the case, would significantly prejudice Plaintiff States and promote neither judicial economy nor convenience.

### A.  Google's Strategic Request Would Maximally Prejudice Plaintiff States.

Google's proposal would prejudice Plaintiff States in multiple ways. First, Google's proposal would grant Google a head start of several months in reviewing and preparing to oppose the expert opinions on remedies that the States have already disclosed to Google, while leaving the States in the dark on Google's own remedies opinions. There is simply no good reason for such an unfair outcome: Google is preparing to submit expert reports on equitable remedies under the current Scheduling Order and seeks nothing more than permission not to do so. Google tries to

hide this obvious unfairness, claiming that Plaintiff States would not "suffer" "any prejudice" from Google's request because the States "would have the same right as Google to conduct additional fact and expert discovery" on equitable remedies after trial. Dkt. 571 at 15. Yet, the relevant prejudice arises not from any future discovery but from the discovery that has already occurred. Courts routinely reject proposals for bifurcation that would "sequence" discovery in a way that advantages one party over the other. *See, e.g.*, *Brown Bottling Grp.*, 2022 WL 4110918, at *7.

Second, Google's proposed schedule would unreasonably delay this case in a manner prejudicial to Plaintiff States. Plaintiff States have been proceeding with discovery on equitable remedies and devoted significant time and expense to submission of an expert report on those remedies. And Google has long been on notice of this fact, having been told by Plaintiff States in interrogatory responses going back to March of 2023 that they would provide more detail on the equitable remedies they seek in forthcoming "[e]xpert disclosures" to be made "within the time prescribed by the Court's Scheduling Order." Ex. D at 7. Instead of disclosing its own remedies reports now and proceeding with expert discovery *before* trial, as scheduled, Google asks to put that process on hold for several months and restart it *after* trial, delaying final resolution. But "[a]n unreasonable delay in a case's resolution amounts to prejudice to the [party] opposing [bifurcation]" and "is clearly not in the public interest." *Laitram Corp.*, 791 F. Supp. at 116.

Third, Google's proposal threatens to prejudice Plaintiff States' jury-trial right. To protect litigants' Seventh Amendment right, the issue to be bifurcated "must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel*, 987 F.2d at 305. Even when trial proceedings are bifurcated, courts often permit pre-trial discovery on all issues to protect parties' ability to discover common evidence, reduce disputes over which category some requested discovery falls into, and avoid "duplicative discovery." *Lubrizol Specialty Prods., Inc.*

*v. Flowchem LLC*, 2016 WL 11745554, at *2 (S.D. Tex. June 21, 2016). Indeed, as Google recently argued elsewhere, bifurcation of discovery may be inappropriate even in complex antitrust suits where the trial itself is bifurcated into liability (in front of a jury) and remedies (in front of a judge) given overlapping issues. *See United States v. Google LLC* ("*EDVA Ad Tech*"), No. 1:23-cv-00108-LMB-JFA, Dkt. 282 at 7-8 (E.D. Va. July 5, 2023). Or, as Google put it in another case, "Part of the assessment of whether competition has been harmed necessarily requires a comparison of how a market performed with the alleged unlawful conduct versus how it would have performed (or would perform going forward) had that conduct never occurred or been enjoined, an issue tied directly to the remedy that Plaintiffs will seek." Joint Status Report at 14, *Search*, (D.D.C. Nov. 23, 2021), Dkt. 256.

To be sure, the degree of overlap between liability and remedies varies from case to case. But here, the overlap in expert discovery is clear: Plaintiff States' already-submitted report on remedies also addresses liability issues and analyzes them together; and Google has represented that one of its in-progress reports on remedies addresses liability issues, too. *See supra* pp. 4, 6. Google's proposal would require the parties to gerrymander those reports into liability and remedies components and depose the same experts twice in the two discovery phases, all while likely raising disputes over the bounds of permitted expert discovery in each phase. Plaintiff States, both sides' experts, and the Court would all suffer from this prejudicial outcome.

### B.  Google's Proposal Would Not Expedite Proceedings or Promote Convenience.

Bifurcation at this stage would also not "expedite and economize" this litigation or promote "convenience" relative to the current schedule and Plaintiff States' agreement. Fed. R. Civ. P. 42(b). Google is correct, as the Plaintiffs in *Search* argued, that bifurcation of discovery in complex antitrust trials can often avoid inefficiencies by limiting experts' need to opine on specific remedies before a liability determination and avoiding duplicative expert depositions. Dkt 571 at 11 (citing

*Search*, Joint Status Report at 10). But, unlike in *Search*—where Plaintiffs requested, and the court ordered bifurcation well *before* opening expert disclosures—those efficiencies are no longer available here. Here, Plaintiff States have already disclosed evidence regarding equitable remedies, and Google is prepared to do the same. At this late stage, it is Google's proposal that will require revisions to reports, duplicative expert depositions, and further delay. Google entirely ignores this critical difference between the cases, copying and pasting the States' arguments in *Search* when they simply do not apply.

Further, Plaintiff States have already agreed to "separate proceedings on liability and remedy," Dkt. 571 at 8 (internal quotation marks omitted), in the form of a jury trial on liability followed by post-trial briefing and other proceedings on equitable remedies as this Court may find appropriate, Dkt. 550 Ex. B at 11. That will permit all the efficiencies of a bifurcated trial. In addition, the States do not oppose additional post-trial discovery on remedies to the extent it may become necessary and efficient after assessing both sides' pre-trial reports. But such an assessment is impossible, and Google's request for bifurcation is therefore premature, because Google refuses to even produce the remedies reports that it has prepared. Plaintiff States do not oppose bifurcation per se; they oppose Google's request for a one-sided pause on pre-trial expert discovery at this juncture—the most convenient time for Google and the most inefficient and prejudicial time for everyone else.

Still, even if Google's proposal did promise some efficiencies or convenience, its disproportionate prejudice compels its rejection. As courts in this circuit hold, "even if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice." *Laitram Corp.*, 791 F. Supp. at 115 (cleaned up); *Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995).

## II.     Google Offers No Precedent for Its Unjustified and Prejudicial Request.

Google incorrectly contends that its proposal is consistent with "a common practice of courts in complex antitrust cases." Dkt. 571 at 6. Yet not one of the six cases Google relies upon granted the bizarre and prejudicial relief Google requests: a stay of equitable remedies discovery after one party served its expert report on remedies but before the other served its own.

*Search.* In the United States' and a multistate coalition's consolidated suits against Google related to Google Search, the Court entered a scheduling order that did not provide for bifurcation of discovery or trial. Ex. G, *Search*, (Dec. 21, 2020), Dkt. 85. Subsequently, well before the fact discovery or expert disclosure deadlines, the parties requested bifurcated discovery and trial, Ex. H at 8-13, *Search*, (June 7, 2023), Dkt. 256, which the Court promptly granted, *see* Ex. I, *Search*, (Dec. 6, 2021), Dkt. 264. As a result, *neither party* was obligated to, or did, "offer specific [expert] opinions regarding particular remedies beyond that necessary to demonstrate liability" until the remedies phase. *Id.* at 2.

*EDVA Ad Tech.* Similarly, in the parallel ad tech litigation against Google in Virginia, the plaintiffs moved well before the fact discovery deadline and any expert disclosures to "clarify" the scheduling order. The plaintiffs argued—like Google here—that the schedule did not cover discovery or proceedings on equitable remedies and instead only applied to "liability and damages." Ex. K at 1, *EDVA Ad Tech*, (June 30, 2023), Dkt. 277, Ex. J at 1; *see* Ex. K at 1, *EDVA Ad Tech*, (Mar. 31, 2023), Dkt. 94 (initial scheduling order). Google strenuously objected to the bifurcation of discovery, arguing that, "[w]here issues are intertwined," as there, "discovery should be conducted simultaneously"; that non-bifurcated discovery is "in most instances . . . more efficient"; that the plaintiffs' proposal would cause prejudicial delay; and that the scheduling order was "unmistakably clear" in setting out unified fact and expert discovery periods for all issues. Ex.

12

L at 1, 6-7, *EDVA Ad Tech*, (July 5, 2023), Dkt. 282 (cleaned up). The court agreed that "some clarification" on the scheduling order was needed and substantially sided with the plaintiffs, rejecting Google's argument that bifurcation of discovery "would be prejudicial at this stage of the proceedings." Ex. M at 2, *EDVA Ad Tech*, (July 11, 2023), Dkt. 283. There, too, bifurcation was requested, and ordered, multiple months before the close of fact discovery or expert disclosures.

Notably, Google tries to distance itself from its vigorous opposition to bifurcated discovery in Virginia. In a footnote, Google's motion claims that Google opposed bifurcation in Virginia simply because it "misunderstood" the court's scheduling order. Dkt. 556 at 11 n.10. Yet, once the Virginia court corrected Google's purported misunderstanding in mid-2023, why did Google not then seek clarification in *this* case, which had a scheduling order with the same features Google "misunderstood" in Virginia? *See* MDL Scheduling Order, Ex. C. Why did Google not raise bifurcation in its proposed schedule when this case returned to this Court? *See* Dkt. 156. Why did Google not seek clarification after the current Scheduling Order was entered but before the close of fact discovery, as parties in *EDVA Ad Tech*, *Search*, and other cases discussed below did? Why did it wait until now? Google gives no answers.

**Play.** In this litigation against Google, the parties made clear from the outset that initial discovery and trial would not include equitable remedies. *See* Ex. N at 6, *In re Google Play Store Antitrust Litig.* ("*Play*"), No. 3:21-md-02981-JD (Sept. 28, 2021), Dkt. 91 (plaintiffs' proposal for a schedule leading up to a "liability trial"); *id.* at 11 (Google's proposal that "any determination of equitable remedies . . . be efficiently addressed . . . following the jury proceedings"). Later, after fact and expert discovery concluded (including expert disclosures by *both* sides), the parties and the Court fleshed out that shared understanding in a proposed trial structure, Ex. O, *Play*, (May 12,

2023), Dkt. 505, a schedule for post-trial proceedings, *Play*, Dkt. 904 (Jan. 11, 2024), Ex. P, and

an order on fact and expert discovery on remedies, Dkt. 550-13.

      ***FTC v. Meta.*** Similarly, in the Federal Trade Commission's ("FTC") suit against Meta,

the parties both proposed bifurcated discovery and trial in their initial scheduling submissions,

long before the close of fact discovery or expert disclosures. Ex Q at 2-3, *FTC v. Meta*, No. 1:20-

cv-03590 (JEB) (D.D.C. Feb 22, 2022), Dkt. 100. The Court adopted the parties' joint proposal,

which explicitly provided for bifurcation. Ex R , *FTC v. Meta*, (D.D.C. Mar. 3, 2022), Dkt. 103.

      ***FTC v. Amazon.*** The FTC's and a coalition of states' antitrust suit against Amazon follows

the same basic pattern. There, the plaintiffs moved for a bifurcated trial long before the close of

fact discovery, which is set for August of 2025, or the exchange of any expert reports. *See* Dkt.

550-10 (*FTC v. Amazon*, No. 2:23-cv-01495, (Feb. 29, 2024), Dkt. 167) (plaintiffs' motion); Ex.

S (schedule), *FTC v. Amazon*, (Feb. 13, 2024), Dkt. 159.

      ***Microsoft.*** Finally, *Microsoft* offers no support for Google's unprecedented request. The

D.C. Circuit's objection to the *Microsoft* district court's remedial ruling was not that the latter

failed to bifurcate discovery and trial; it was that the district court barred Microsoft from

*introducing* any of its proffered evidence related to remedies in an evidentiary hearing. *United

States v. Microsoft Corp.*, 253 F.3d 34, 98, 101 (D.C. Cir. 2001). Here, Plaintiff States do not

oppose post-trial proceedings on equitable remedies, including any evidentiary hearing the Court

may find necessary after the liability ruling. What the States oppose is a unilateral and prejudicial

delay in expert discovery on equitable remedies, which *Microsoft* plainly does not require.

### III. Google's Strategic and Unexplained Delay and the Resulting Severe Prejudice to Plaintiffs Foreclose a Finding of Good Cause to Modify the Scheduling Order.

      In bringing its motion to "clarify," Google takes the position that the Court, *sub silentio*,

limited its entire ordered schedule to liability issues. *See* Dkt. 571 at 4 (conceding that "the

Scheduling Order is silent on post-trial remedies proceedings"). It does so in the face of the unambiguous language of the operative Scheduling Order (and all previous scheduling orders) in this case, the lack of any pre-scheduling discussions of bifurcation, the parties' conduct in discovery, and the case law indicating that bifurcation is the exception, not the rule. Accordingly, Google's motion is nothing less than a motion to modify the Scheduling Order.

Yet, Google does not even attempt to meet its burden under Rule 16(b)(4) to show "good cause" for such a modification. Google has offered no "explanation for [its] failure to timely comply with the [S]cheduling [O]rder" and disclose its remedies reports by the Order's deadline, *Squyres*, 782 F.3d at 237, as it has been on notice for nearly a year and a half of Plaintiffs' intention to disclose expert reports on remedies "within the time prescribed by the Court's Scheduling Order," Ex. D at 7. Google has not substantiated the "importance of the modification," *Squyres*, 782 F.3d at 237 (cleaned up), given the States (a) have already agreed to post-trial proceedings on remedies, (b) offered to consider a reasonable extension of Google's expert disclosure deadline to accommodate Google's purported "surprise," and (c) ask merely that Google serve the expert reports it is already preparing and continue with the non-bifurcated discovery that is well underway. And, critically, Google entirely ignores the blatant prejudice that its request would impose and offers no "cure [for] such prejudice." *Id.*

Even if the Court finds that Google's motion is properly styled as a motion to "clarify" and need not meet the good-cause standard, the Court can and should still deny Google's motion because it independently fails to meet the legal standard for bifurcation discussed above and lacks case-law support for the relief it seeks.

## CONCLUSION

For the foregoing reasons, the Court should deny Google's motion.

Respectfully submitted,

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
(713) 659-5200
**THE LANIER LAW FIRM, PLLC**

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220

Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

/s/ Noah S. Heinz
Noah S. Heinz
noah.heinz@kellerpostman.com
Daniel Backman
daniel.backman@kellerpostman.com
1101 Connecticut, N.W., 11th Floor
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

17

## CERTIFICATE OF SERVICE AND SEALING

I certify that, on July 19, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

I also certify that, on July 19, 2024, a motion to seal an exhibit to this document was filed separately and before the filing of this document under seal, per Local Rule CV-5(a)(7)(B). This sealed filing will be promptly served by email with a secure link on counsel of record for all parties in this case and will be publicly filed in redacted form per Local Rule CV-5(a)(7)(E).

*/s/ Noah S. Heinz*
Noah S. Heinz

18