# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION

21-md-3010 (PKC)

PRE-TRIAL ORDER NO. 5
<u>SCHEDULING ORDER</u>

-----------------------------------------------------------x

CASTEL, Senior District Judge:

          Civil Case Management Plans (the "Plans") have been submitted by or with the input of the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P., and Pretrial Order No. 2 (Doc. 309).  Having considered those Plans and any accompanying submissions, the Court enters the following Scheduling Order:

1.    Amended pleadings may not be filed and additional parties may not be joined except pursuant to the procedures set forth in Pre-Trial Order Nos. 2, 3 and 4.  Any motion to amend or join additional parties (except as to the state law claims, as to which amendments are stayed pending further Order) shall be filed within 30 days of this Order.

2.    The parties shall negotiate an appropriate protocol regarding Electronically Stored Information and present either an agreed-upon proposed stipulation, or their respective positions as to those portions of the stipulation on which they do not agree, by January 13, 2023.

3.    The parties reserve all rights to object to discovery, including on relevance grounds. In view of the Opinion and Order of September 13, 2022, discovery relating to the Network Bidding Agreement is stayed pending further Order.

4.    Initial disclosures, pursuant to Rule 26(a)(1), if they have not been previously served, shall be served by January 13, 2023.  The parties shall comply with their

obligations under Rule 26(e) to supplement or correct initial disclosures in a timely manner.

5.    All fact discovery shall be completed by June 28, 2024.  The Court has considered the substantial document production that has already been made in these actions and the complexities and other exceptional circumstances presented by these actions.

6.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The interim deadlines may be extended by the written consent of the parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

6.1.    Initial requests for production of documents and data shall be served by January 27, 2023.  The parties shall substantially complete production of documents, including data responsive to the initial requests, within four months of service.

6.2.    No Interrogatories shall be served except in compliance with Local Rule 33.3(a) without first obtaining leave of Court, except as follows: defendants may serve one set of interrogatories not to exceed 25 questions on each named plaintiff, including named class representatives, in each Member Case by January 27, 2023.

6.3.    Requests to Admit for the purpose of authenticating documents may be served no later than 45 days prior to the close of fact discovery identified in paragraph 5 above.

6.4.    Depositions of fact witnesses shall be completed by the close of fact discovery identified in paragraph 5 above.

6.5.    Plaintiffs and defendants shall be permitted to take up to 15 fact-witness depositions per side. A party may seek leave of Court to depose additional witnesses by identifying the particular witnesses by name (or Rule 30(b)(6) categories), describing the matters on which they have unique knowledge; and identifying the actions to which the particular witness pertains.  With the consent of the examined witness or leave of a Court, the 7-hour limited may be modified.

6.6.    The parties are encouraged to stipulate to the manner of conducting a particular deposition (e.g. videotaped, telephonically, remote video, written questions).

6.7.    Duplicative questioning of witnesses is not permitted and, absent a finding of good cause by the Court, no fact witness may be examined more than once.

7.    All expert discovery shall be completed by December 27, 2024.  Plaintiffs shall serve opening reports of all experts within 45 days after the close of fact discovery. Defendant(s) shall serve responsive expert reports within 45 days after the service of plaintiffs' expert reports.  Plaintiffs may then serve any rebuttal expert reports within 45 days after the service of defendant(s)' reports.  Depositions of experts shall be completed within 45 days following the service by plaintiffs of rebuttal expert reports.  The parties are invited to negotiate an appropriate stipulation regarding expert testimony and present either the agreed-upon proposed stipulations, or their respective positions as to those portions of the stipulations on which they do not agree, by January 12, 2024.

Case 4:20-cv-00957-SDJ     Document 574-3     Filed 07/19/24     Page 5 of 6 PageID #:
19339
Case 1:21-md-03010-PKC   Document 394   Filed 11/21/22   Page 4 of 5

8.     Absent further Order from the Court, motions for class certification are deferred
until after the close of fact and expert discovery.  Plaintiffs in the proposed class
actions will move for certification within 30 days after the close of expert
discovery.  Defendant(s) will respond to the certification motions within 30 days
after their filing, and each of the class plaintiffs may file a reply within 20 days
after the filing of defendant(s)' responses.

9.     All motions and applications shall be governed by the Court's Individual Practices,
including pre-motion letter requirements.  Pursuant to the authority of Rule
16(c)(2), any motion for summary judgment will be deemed untimely unless a pre-
motion letter relating thereto is filed no later than 14 days after the date set by the
Court for the close of expert discovery.  No party shall file any summary judgment
motions prior to the close of expert discovery.

10.     The time for filing Final Pre-Trial Submissions is stayed pending further Order of
this Court.

11.      No party waives any existing rights to remand to its transferor court under 28
U.S.C. § 1407(a) or any other right related to the change of venue. See Lexecon Inc.
v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998); Manual for
Complex Litigation § 22.93 at p. 463 (4th ed.).

12.     This Order may not be modified or the dates herein extended, except by further
Order of this Court for good cause shown. Any application to modify or extend the
dates herein shall be made in a written application in accordance with the Court's
Individual Practices and shall be made no less than fourteen (14) days prior to the
expiration of the date sought to be extended.

13.    The next Case Management Conference will be held on February 15, 2023 at 2 p.m.

in Courtroom 11D.  No matter may be raised at the Conference unless a letter

detailing the party's position is filed with the Court 14 day in advance of the

Conference.   Any response shall be filed 7 days thereafter.  This procedure shall

apply to all future Conferences.


SO ORDERED.


_____
P. Kevin Castel
United States District Judge


Dated:  New York, New York
        November 21, 2022