# EXHIBIT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

| | |
|---|---|
| State of Colorado, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |

## JOINT STATUS REPORT

In accordance with the Court's Minute Order dated August 31, 2021, the parties in *United States v. Google LLC* and *State of Colorado v. Google LLC* submit the following Joint Status Report summarizing the state of discovery and identifying any issues between the parties, and the parties' respective positions, that will be raised at the status hearing scheduled for November 30, 2021.

### I.    Case No. 1:20-cv-03010

#### A.    Google's Discovery of Plaintiffs

A summary of Google's First Set of Requests for Production and prior document

Case 4:20-cv-00957-SDJ    Document 574-8    Filed 07/19/24    Page 3 of 40 PageID #:
19405
Case 1:20-cv-03010-APM    Document 256    Filed 11/23/21    Page 2 of 31

productions made by Plaintiffs are set forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), September 24 (ECF No. 223), and October 26 (ECF No. 248).

**B.    Plaintiffs' Discovery of Google**

A summary of Plaintiffs' First through Seventh Sets of Requests for Production and the document productions previously made by Google are set forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), and September 24 (ECF No. 223) and October 26 (ECF No. 248). Google produced additional documents on November 2, 5, 8, 11, 14, 15, 18 and 21, and Google produced additional data on November 5, 15, 17, 18, 19, and 22. The parties continue to negotiate document and data requests, as well as supplementation in connection with refresh requests served by Plaintiffs on September 30 and October 26.

Plaintiffs have completed fifteen depositions of current or former Google employees. The parties have scheduled nine for the coming weeks, and the parties are in the process of scheduling three more.  Plaintiffs have also completed depositions pursuant to two 30(b)(6) notices issued in July.

Pursuant to the Court's September 28 Minute Order, on November 1, Plaintiffs served Google with a 30(b)(6) notice with a scheduled deposition date of December 6. On November 12, Google informed Plaintiffs that Google would not produce witnesses on December 6. The parties' position statements regarding the deposition scheduling in connection with Plaintiffs' 30(b)(6) notice are set forth in Sections III and IV.

The parties have also discussed bifurcation of proceedings to hold separate trials on liability and, if necessary, remedy. The parties' position statements regarding bifurcation are set forth in Sections V and VI.

On November 16, Plaintiffs notified Google of their intention to move the Court on November 23 to modify the Amended Scheduling and Case Management Order to extend the deadline for fact discovery (and corresponding expert discovery and summary judgment motion deadlines) by 90 days. On November 22, Google notified Plaintiffs that it intends to oppose the motion.

### C.    The Parties' Discovery of Third-Parties

A summary of the third-party discovery requests previously issued by the parties is set forth in the parties' earlier Joint Status Reports, including their reports dated February 23 (ECF No. 111), March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), and September 24 (ECF No. 223) and October 26 (ECF No. 248). The parties have issued document subpoenas to approximately 108 third parties in total. The parties anticipate that they will continue to issue additional document subpoenas as discovery progresses.

The parties have completed one third-party deposition that was noticed by both Plaintiffs and Google. Plaintiffs have noticed three depositions of third-parties for dates in December and January, and Google has issued cross-notices to those three witnesses. In addition, Google has noticed three depositions of other third-parties for dates in December and January, and Plaintiffs have cross-noticed two of them. The parties anticipate that they will continue to issue additional deposition subpoenas as discovery progresses.

## II.    Case No. 1:20-cv-03715

### A.    Google's Discovery of Plaintiff States

A summary of Google's First Set of Requests for Production and the document productions made by Plaintiffs to date are set forth in the parties' earlier Joint Status Reports, including their reports dated March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), and September 24 (ECF No. 223) and October 26 (ECF No. 248).

### B.    Plaintiff States' Discovery of Google

A summary of Plaintiff States' First Set of Requests for Production and the document productions previously made by Google are set forth in the parties' earlier Joint Status Reports, including their reports dated March 28 (ECF No. 124), April 23 (ECF No. 131), May 24 (ECF No. 135), June 24 (ECF No. 149), July 27 (ECF No. 165), August 27 (ECF No. 191), and September 24 (ECF No. 223) and October 26 (ECF No. 248).

Google has continued to produce to Plaintiff States the documents and data produced to the U.S. Department of Justice and its co-plaintiffs in Case No. 1:20-cv-03010 in addition to producing documents and data in response to Plaintiff States' First Set of Requests for Production. Plaintiff States served their Second Set of Requests for Production on September 23, and Google served its responses and objections on October 25.  On October 27, Plaintiff States submitted request for supplementation of documents in response to Plaintiff States First Request for Production.  Plaintiff States and Google continue to negotiate about completion of Google's production and supplementation.

Plaintiff States served their Third Set of Requests for Production containing Plaintiff States' full-fledged data requests on November 2. Google's responses and objections are due on

December 2.

A summary of the depositions of current and former Google employees and third parties that have been recently conducted or noticed by Plaintiffs is set forth above in Section I.B. In accordance with the Scheduling and Case Management Order, Plaintiff States and the plaintiffs in Case No. 1:20-cv-03010 are coordinating in the noticing and scheduling of all depositions.  In addition to depositions of witnesses addressing issues common to both cases, to date, Plaintiff States have taken or noticed depositions of seven Google employees focused primarily on issues related to the Plaintiff States' case.

The parties have also discussed bifurcation of proceedings to hold separate trials on liability and, if necessary, remedy. The parties' position statements regarding bifurcation are set forth in Sections V and VI.

Pursuant to the Court's September 28 Minute Order, on November 1, Plaintiff States and U.S. Plaintiffs served Google with a 30(b)(6) notice.  Google's responses and objections will be served on December 1.

### C.    The Parties' Discovery of Third Parties

The parties have issued document subpoenas to approximately 108 third parties. All third parties that have received a subpoena from Plaintiff States have received a cross-subpoena from Google. Similarly, all third parties that have received a subpoena from Google have received a cross-subpoena from Plaintiff States. Both parties anticipate that they will continue to issue additional document subpoenas as discovery progresses. A summary of the third-party depositions that have been recently scheduled is set forth above in Section I.C. The parties anticipate that they will continue to issue additional deposition subpoenas as discovery progresses.

### III.    Plaintiffs' Position Statement Regarding Scheduling of Rule 30(b)(6) Deposition

### TO AVOID FURTHER DELAY, THE COURT SHOULD ORDER GOOGLE TO PRODUCE ITS 30(B)(6) WITNESSES ON DECEMBER 15

Pursuant to the Court's September 28, 2021 Minute Order, Plaintiffs served a 30(b)(6) notice of deposition to Google on November 1, 2021 ("November Notice") seeking narrowly tailored, non-duplicative information related to several areas of Google's search and search advertising businesses. As it did with the previous 30(b)(6) notices, Google has (1) needlessly delayed serving responses and objections, (2) refused to meet and confer with Plaintiffs before serving its responses and objections, and (3) refused to make a witness available on the noticed date, December 6, without providing alternative dates. Google's refusal to produce witnesses on the noticed date or provide a reasonable alternative date is without merit and threatens the discovery schedule. Therefore, Plaintiffs respectfully request that the Court order Google to produce its 30(b)(6) witnesses on December 15.

Although this Court ordered the parties to respond to a notice of deposition within seven days of receipt to facilitate the orderly scheduling of depositions, Google waited twelve days to respond to Plaintiffs, only to state (1) that Google would be serving responses and objections, (2) that Google would not meet and confer with Plaintiffs before serving responses and objections, and (3) that Google would not agree to produce witnesses on the noticed date, December 6. See 11/12/2021 Email from C. Connor to A. Cohen. Google has, however, stood silent on when it will produce witnesses in response to the November Notice.

The Court should reject Google's pattern and practice of delay which now threatens the 30(b)(6) process ordered by this Court, as well as the overall discovery schedule. Unless Google is required to sit for 30(b)(6) testimony in December, such testimony is unlikely to be reviewed,

much less completed, before Plaintiffs are required to serve their next 30(b)(6) notice on January 14. Furthermore, the Court should not reward Google's behavior at the expense of Plaintiffs deposition plan.  If Google is allowed to defer its 30(b)(6) depositions until January 2022 (or later) when the next notice will be served, Plaintiffs lose the purpose and efficiency of sequential notices. Plaintiffs should not be deprived of an orderly completion of fact discovery, including the efficient, sequential 30(b)(6) depositions ordered by this Court.

For the aforementioned reasons, the Court should order Google to produce witnesses in response to Plaintiffs' November Notice on December 15.

IV.    **Google's Position Statement Regarding Scheduling of Rule 30(b)(6) Deposition**

Plaintiffs issued their latest Rule 30(b)(6) deposition notice on November 1.  The notice contains thirteen separate topics covering a wide range of products and services.  Eight of the notice topics contain subparts that include 34 additional sub-topics.  All but one of the topics seeks information from 2005 to present.  Google is preparing responses and objections to this notice and has informed Plaintiffs that it will serve them on December 1.  Given the breadth of the notice, the other significant ongoing discovery taking place, as well as the Thanksgiving holidays, service of responses and objections 30 days after service of a notice that Plaintiffs themselves took almost a year to serve and resisted serving earlier is reasonable.

Plaintiffs demand that, prior to service of responses and objections and prior to any meet and confers (and potential litigation before the Court over whether the notice is proper under Rule 30(b)(6)), Google either agree to the December 6 noticed date or propose an alternative date certain for the deposition.  That is not feasible or reasonable.  The scheduling of any deposition, to the extent one is appropriate at all, can only occur after the parties meet and confer and/or litigation before the Court.  Google is prepared to promptly meet and confer to resolve potential disputes after December 1 and litigate any unresolved issues before this Court in a timely

7

fashion.

**V.        Plaintiffs' Position Statements Regarding Proposed Bifurcation Order**

      **A.        U.S. Plaintiffs' Position Statement**

**THE COURT SHOULD BIFURCATE PROCEEDINGS AND HOLD SEPARATE TRIALS ON LIABILITY AND REMEDIES.**

The Court should order the bifurcation of the liability and remedy portions of the case, and should further order that the expert reports and expert discovery in the first phase should be limited to issues of liability.

Given the complexity of the issues in the two actions, bifurcating the proceedings to hold separate trials on liability and remedy would ensure the most efficient development and presentation of evidence. All parties agree that bifurcation is appropriate, but disagree on the details.

Federal Rule of Civil Procedure 42(b) authorizes trial courts to hold a separate trial on one or more separate issues, "[f]or convenience, to avoid prejudice, or to expedite and economize." Courts often split complex cases into separate liability and remedies proceedings. *See, e.g., Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.C. Cir. 2010) (quoting *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996)). Separating the liability and remedies proceedings in this case is more convenient for all parties and the Court, resulting in a shortened liability trial and more focused fact discovery on only the issues to be presented during that trial. Because the factors are met here, U.S. Plaintiffs respectfully request that, in the U.S. action, the Court bifurcate proceedings and hold separate trials on liability and remedies. The Colorado Plaintiffs have made a similar request in their case. Google, the U.S. Plaintiffs, and the Colorado

Plaintiffs seem to be in agreement that bifurcation of the respective cases is appropriate and preferred, but have differences on exactly how to implement the separate proceedings.[1]

U.S. Plaintiffs allege that Google violated Section 2 of the Sherman Act, 15 U.S.C. § 2. If the Court finds Defendant liable for violating the Sherman Act, an evidentiary hearing will likely be necessary to determine the appropriate remedy for such violation(s), as demonstrated by *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001). *Id.* at 100-03 (holding that an evidentiary hearing is required in complex cases where factual disputes exist); *see New York v. Microsoft Corp.*, 224 F. Supp. 2d. 76, 87-88 (D.D.C. 2002) (setting out scope of remedies proceedings upon remand). As set forth in the Court's Amended Scheduling and Case Management Order, ECF No. 108-1, trial of the U.S. action is scheduled for September 2023. Because there will be no jury, there is no risk of prejudice to Google if the proceedings are bifurcated.

Separate proceedings will not impact the parties' respective burdens of proof, persuasion, or production to establish each and every element of liability, justifications, or defenses. Nor will establishing separate liability and remedies proceedings prohibit or limit fact discovery during the liability phase of this case on issues relevant to remedy. Nonetheless, separate proceedings on liability and remedy will be more efficient for all parties in this case, including third parties, because the scope and specifics of any remedy will depend on the scope and specific holding of the Court on liability. *Accord Microsoft*, 253 F.3d at 103-05 (vacating the district court's remedy decree for the independent reason that the court of appeals revised the underlying bases of liability requiring the district court to reevaluate remedy based on the new scope of liability).

---

[1] U.S. Plaintiffs have shared with Google several draft proposed orders on bifurcation. Following Google's comments and a meet and confer between the parties, U.S. Plaintiffs understand that Google does not oppose bifurcation in principle, but it has not agreed with U.S. Plaintiffs' proposed language clarifying the scope of discovery and evidence to be presented during the separate liability and remedies phases, as detailed below.

Case 4:20-cv-00957-SDJ    Document 574-8    Filed 07/19/24    Page 11 of 40 PageID #:
19413
Case 1:20-cv-03010-APM    Document 256    Filed 11/23/21    Page 10 of 31

Consequently, clarifying now the scope of the September 2023 trial will allow the Parties to more narrowly focus their efforts prior to the close of fact discovery, and may obviate unnecessary proceedings.

In particular, separating remedies from liability would greatly simplify the September 2023 trial and avoid unnecessary burdens on the Court, third parties, and the Parties. The Court's specific findings of fact and conclusions of law on liability will define the scope of available and appropriate remedies as well as Google's potential defenses to any available remedies, and may be narrower than the scope of currently available remedies under the Complaint's allegations. Without bifurcation, the Parties would need to address remedies that ultimately may be foreclosed by the Court's liability holdings. Specifically, without bifurcation, the parties' experts would each need to address a range of possible remedies that would correspond to all possible outcomes regarding liability. The parties would further need to inquire about these remedies in deposition, and these range of remedies would need to be presented at trial.

Much of this effort by the parties and the Court would likely be wasted. Without bifurcation, following the September 2023 trial, the experts' respective reports would likely require significant revisions to track the specific factual findings in the Court's opinion; expert depositions would likely need to be retaken; and further remedies-related testimony would need to be presented so that the Court could consider U.S. Plaintiffs' available remedies in light of Google's liability. *See Microsoft*, 253 F.3d at 98-99 (listing proffered testimony that the defendant would have presented in a remedy hearing, including multiple expert opinions on the specific remedy); *see also, e.g., McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1311-12 (11th Cir. 1998) ("Where the injunction turns on the resolution of bitterly disputed facts, . . . an evidentiary hearing is normally required to decide credibility issues."); *Scrivner v. Tansy,* 68

F.3d 1234, 1242 (10th Cir. 1995) (holding that only "[i]f no facts are disputed and the issues can be resolved on the basis of the record and the law, no evidentiary hearing is required."). *Accord Microsoft*, 253 F.3d  at 105 (holding it necessary to vacate the remedy decree "where sweeping equitable relief is employed to remedy multiple violations," some of which did not survive on appeal).

By separating remedies from liability now, the Court avoids being presented with unhelpful testimony on unavailable remedies during the September 2023 trial, resulting in more efficient proceedings. Likewise, the parties will not expend unnecessary time and effort in discovery on expert opinions covering unavailable remedies or presenting a remedies case to the Court that may be stale following the Court's liability determination. For this reason, the Court should reject Google's argument that expert discovery beyond the issue of liability (i.e., on the issue of remedy) is necessary during the liability phase.

To implement bifurcation of the proceedings, U.S. Plaintiffs and Colorado Plaintiffs have included a proposed order (Exhibit A) that:

1.  orders separate liability and remedy proceedings;

2.  recognizes that, to achieve the benefits of bifurcation, expert reports will not address remedy nor will experts opine or testify on remedy during the liability phase of proceedings;

3.  orders the parties to meet and confer after the close of fact discovery to come up with a proposal or proposals on the timing and scope of discovery related to remedies; and

4. except as noted in (2), makes clear that bifurcation does not (a) alter the burdens of any party or (b) limit the scope of discovery in the liability phase.[2]

Where U.S. Plaintiffs and Google disagree is on whether expert discovery on remedy will take place in the liability phase and whether to include a plan on how to deal with discovery on remedy in the future. Although Google would seek bifurcated trials, it would have the parties invest the time and money on expert analysis of remedies before the liability trial commences. Google's proffered approach erodes the benefits of bifurcation. Specifically, to have expert reports address remedies in their reports or to have experts testify on remedies during the liability phase would unnecessarily increase the burdens on the Court, third-parties, and the parties themselves, without any incremental benefit. *See, e.g.,* 9A Fed. Prac. & Proc. Civ. § 2388 (Separate Trials—Discretion of Court) (3d ed.) ("If a single issue could be dispositive of the case . . . , and resolution of it might make it unnecessary to try the other issues in the litigation, separate trial of that issue may be desirable to save the time of the court and reduce the expenses of the parties."). In our discussions regarding bifurcation, Google failed to describe any benefits that would arise from having experts opine on remedies before the liability trial. And as practical matter, the Court should make arrangements for the parties to propose after fact discovery has closed how to handle discovery on remedies.

Accordingly, the Court should adopt the Plaintiffs' proposed order, set forth at Exhibit A, and bifurcate proceedings, ordering that the September 2023 trial will only address issues related to liability and that the expert discovery on remedy will occur in the remedy phase of the

---

[2] Google proposed that the parties agree to one order for both cases, and the U.S. Plaintiffs do not oppose that suggestion. Because the Court has consolidated the cases only for purposes of discovery pursuant to its Order dated January 7, 2021, Exhibit A consequently also confirms that bifurcated proceedings do not change that posture.

proceedings; if the Court finds Defendant liable for violating the Sherman Act, then the Court can hold separate proceedings to the extent necessary to address remedies for such violation(s).

 **B. Plaintiff States' Position Statement**

 **THE COURT SHOULD BIFURCATE PROCEEDINGS AND REQUIRE THE PARTIES TO MEET AND CONFER ABOUT REMEDIES DISCOVERY.**

 Plaintiff States agree with and incorporate by reference the U.S. Plaintiffs' position in Section V.A. The Plaintiffs' proposed order, in addition to bifurcating trials for liability and remedy, requires the parties to meet and confer, after the close of fact discovery, and present to the Court a proposal or proposals regarding the timing and scope of discovery that will undoubtedly be necessary for a remedies proceeding. Google objected to the inclusion of this additional language. However, it is efficient for the Court to establish now a process for the parties to develop a plan on how to proceed on discovery related to remedies. Plaintiff States have alleged that Google's conduct creates continuing harm to competition and has an interest in stopping and remedying that conduct as soon as possible. As such, it will be appropriate for the parties to confer after the end of fact discovery and provide proposals to the Court on when and how processes that precede a remedies trial should occur.

 For the foregoing reasons, the Court should bifurcate proceedings and order that there will be a separate trial that will only address issues related to liability, and if the Court finds Defendant liable for violation the Sherman Act, then the Court can hold separate proceedings to the extent necessary to address remedies for such violations. Moreover, the Court should order the parties to meet and confer after fact discovery and present proposals to the Court about the timing and scope of discovery related to a remedies proceeding.

**VI. Google's Position Statement Regarding Proposed Bifurcation Order**

 Although Google is amenable to bifurcating proceedings in the DOJ and Colorado

Plaintiffs' cases to address liability issues separately, with the contours of remedy proceedings established only if necessary after liability issues are determined by the Court, Google objects to several aspects of the Proposed Order to Bifurcate offered by Plaintiffs.[3]

First, Plaintiffs' proposed Paragraph 2 provides that "expert reports need not address remedies, nor will experts opine or testify on remedies during discovery or trial on liability." Ex. A ¶ 2. Google submits that this paragraph goes too far in removing relevant inquiries necessary for evaluating alleged liability in these cases. In particular, Plaintiffs (and presumably their experts) must identify specific conduct that they claim has harmed competition and specify with particularity how that conduct should be enjoined going forward as part of their burden to demonstrate harm to competition. Part of the assessment of whether competition has been harmed necessarily requires a comparison of how a market performed with the alleged unlawful conduct versus how it would have performed (or would perform going forward) had that conduct never occurred or been enjoined, an issue tied directly to the remedy that Plaintiffs will seek in these cases. Although Google agrees that experts need not offer specific opinions in support of or against particular remedies during the liability phase of these cases, Google disagrees that experts can ignore completely issues that may be characterized as relating to the remedies that Plaintiffs will seek, as how a market would operate without the alleged unlawful conduct has a bearing on the liability issues to be tried to the Court.

Second, Plaintiffs propose in Paragraph 4 to strike the language "including (but not confined to) discovery of the remedies that Plaintiffs intend to seek in this case," following the statement that the Order does not "prohibit or limit discovery during the liability phases of these actions on issues relevant to remedy." Ex. B ¶ 4. That additional language is intended to make

---

[3] Google has enclosed as Exhibit B a redline reflecting the differences between Plaintiffs' proposed order (Exhibit A) and Google's proposal.

clear that the Proposed Order does not otherwise impact Google's ability to seek discovery of the remedies that Plaintiffs intend to seek.  To the extent that Plaintiffs object to any such discovery, they can do so in the context of particular discovery requests; however, they should not be able to argue that this Order bars such discovery.

Third, Plaintiffs seek to include in a new Paragraph 3 a requirement that the parties meet and confer after the close of fact discovery, but before any summary judgment and trial decisions regarding liability, to discuss remedy proceedings and present proposals to the Court regarding "the timing and scope of remedies discovery."  Google submits that the purpose of bifurcation is to enhance efficiency in proceedings so that the parties do not waste resources regarding remedies issues that may be mooted by summary judgment and/or trial.  Meeting and conferring regarding any additional discovery relevant to remedies should occur after the liability proceedings are concluded, not before, so that the parties have the benefit of the Court's adjudication of this matter.


Dated: November 23, 2021                         Respectfully submitted,


                                                 By: */s/ Kenneth M. Dintzer*
                                                 Kenneth M. Dintzer
                                                 Jeremy M. P. Goldstein
                                                 U.S. Department of Justice, Antitrust Division
                                                 Technology & Digital Platforms Section
                                                 450 Fifth Street NW, Suite 7100
                                                 Washington, DC 20530
                                                 Kenneth.Dintzer2@usdoj.gov

                                                 *Counsel for Plaintiff United States*

By:     /s/ Jonathan R. Carter
Leslie Rutledge, Attorney General
Johnathan R. Carter, Assistant Attorney General
Office of the Attorney General, State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Johnathan.Carter@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

By:     /s/ Adam Miller
Rob Bonta, Attorney General
Ryan J. McCauley, Deputy Attorney General
Adam Miller, Deputy Attorney General
Paula Blizzard, Supervising Deputy Attorney
General
Kathleen Foote, Senior Assistant Attorney General
Office of the Attorney General,
California Department of Justice
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
Adam.Miller@doj.ca.gov

*Counsel for Plaintiff State of California*

By:     /s/ Lee Istrail
Ashley Moody, Attorney General
R. Scott Palmer, Interim Co-Director, Antitrust
Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By:____/s/ Daniel Walsh_____
Christopher Carr, Attorney General
Margaret Eckrote, Deputy Attorney General
Daniel Walsh, Senior Assistant Attorney General
Dale Margolin Cecka, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
dcecka@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By:____/s/ Scott L. Barnhart_____
Theodore Edward Rokita, Attorney General Scott
L. Barnhart, Chief Counsel and Director,
Consumer Protection Division
Matthew Michaloski, Deputy Attorney General
Erica Sullivan, Deputy Attorney General
Office of the Attorney General, State of Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By: ____/s/ Philip R. Heleringer_____
Daniel Cameron, Attorney General
J. Christian Lewis, Executive Director of
Consumer Protection
Philip R. Heleringer, Deputy Executive Director of
Consumer Protection
Jonathan E. Farmer, Assistant Attorney General
Office of the Attorney General, Commonwealth of
Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Phone: 502-696-5647
philip.heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By:____/s/ Christopher Alderman_____
Jeff Landry, Attorney General
Christopher J. Alderman, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
AldermanC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By:_____/s/ Scott Mertens_____
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lasing, MI 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By:_____/s/ Stephen Hoeplinger_____
Stephen M. Hoeplinger
Assistant Attorney General
Missouri Attorney General's Office
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Stephen.Hoeplinger@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

By:_____/s/ Hart Martin_____
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

18

By: ___ */s/ Mark Mattioli*
Austin Knudsen, Attorney General
Mark Mattioli, Chief, Office of Consumer
Protection
Office of the Attorney General, State of Montana
P.O. Box 200151
555 Fuller Avenue, 2nd Floor
Helena, MT 59620-0151
mmattioli@mt.gov

*Counsel for Plaintiff State of Montana*

By: ___ */s/ Rebecca M. Hartner* ___
Rebecca M. Hartner, Assistant Attorney General
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy
Attorney General
Mary Frances Jowers, Assistant Deputy Attorney
General
Office of the Attorney General, State of South
Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
RHartner@scag.gov

*Counsel for Plaintiff State of South Carolina*

By: ___ */s/ Bret Fulkerson* ___
Bret Fulkerson
Office of the Attorney General, Antitrust Division
300 West 15th Street
Austin, Texas 78701
Bret.Fulkerson@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: ___ */s/ Gwendolyn J. Lindsay Cooley* ___
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney
General
Wisconsin Department of Justice
17 W. Main St.
Madison, WI 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

By: */s/ Jonathan B. Sallet.*

Jonathan B. Sallet, Special Assistant
Attorney General (D.C. Bar No. 336198)
Steven Kaufmann, Deputy Attorney General
(D.C. Bar No. 1022365 *inactive*)
Diane R. Hazel, First Assistant Attorney
General (D.C. Bar No. 1011531 *inactive*)
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Tel: 720-508-6000
Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Diane.Hazel@coag.gov

*Counsel for Plaintiff Colorado*

Joseph Conrad
Office of the Attorney General of Nebraska
Consumer Protection Division
2115 State Capitol Building
Lincoln, NE 68509
402-471-3840
joseph.conrad@nebraska.gov

*Counsel for Plaintiff Nebraska*

Brunn W. (Beau) Roysden III, Solicitor
General
Michael S. Catlett, Deputy Solicitor General
Dana R. Vogel, Unit Chief Counsel
Christopher M. Sloot, Assistant Attorney
General
Arizona Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
Tel: (602) 542-3725
Dana.Vogel@azag.gov

*Counsel for Plaintiff Arizona*

20

Max Merrick Miller
Attorney General's Office for the State of Iowa
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 281-5926
Max.Miller@ag.Iowa.gov

*Counsel for Plaintiff Iowa*

Elinor R. Hoffmann
John D. Castiglione
Morgan J. Feder
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
elinor.hoffmann@ag.ny.gov
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov

*Counsel for Plaintiff New York*

Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff North Carolina*

J. David McDowell
Jeanette Pascale
Christopher Dunbar
Office of The Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202
615-741-3519
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov
chris.dunbar@ag.tn.gov

*Counsel for Plaintiff Tennessee*

Tara Pincock
Attorney General's Office Utah
160 E 300 S, Ste 5th Floor
PO Box 140874
Salt Lake City, UT 84111
801-366-0305
tpincock@agutah.gov

*Counsel for Plaintiff Utah*

Jeff Pickett
Senior Assistant Attorney General
jeff.pickett@alaska.gov
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 269-5100

*Counsel for Plaintiff Alaska*

Nicole Demers
State of Connecticut Office of the Attorney
General
165 Capitol Avenue, Ste 5000
Hartford, CT 06106
860-808-5202
nicole.demers@ct.gov

*Counsel for Plaintiff Connecticut*

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
302-577-8924
michael.undorf@delaware.gov

*Counsel for Plaintiff Delaware*

Catherine A. Jackson (D.C. Bar No.
1005415)
Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
catherine.jackson@dc.gov
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov

*Counsel for Plaintiff District of Columbia*

Leevin Taitano Camacho, Attorney General
Fred Nishihira, Chief, Consumer Protection
Division
Benjamin Bernard Paholke, Assistant
Attorney General
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324
bpaholke@oagguam.org

*Counsel for Plaintiff Guam*

Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff Hawaii*

Brett DeLange
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-334-4114
brett.delange@ag.idaho.gov

*Counsel for Plaintiff Idaho*

Erin L. Shencopp
Blake Harrop
Joseph Chervin
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
eshencopp@atg.state.il.us
bharrop@atg.state.il.us
jchervin@atg.state.il.us

*Counsel for Plaintiff Illinois*

Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

*Counsel for Plaintiff Kansas*

24

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

*Counsel for Plaintiff Maine*

Schonette J. Walker
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
swalker@oag.state.md.us

Gary Honick
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
ghonick@oag.state.md.us

*Counsel for Plaintiff Maryland*

Matthew B. Frank, Assistant Attorney
General Antitrust Division
William T. Matlack, Assistant Attorney
General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney
General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff Massachusetts*

Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

*Counsel for Plaintiff Minnesota*

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff Nevada*

Brandon Garod
Office of Attorney General of New
Hampshire
33 Capitol Street
Concord, NH 03301
603-271-1217
brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff New Hampshire*

Robert Holup
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
239-822-6123
robert.holup@law.njoag.gov

*Counsel for Plaintiff New Jersey*

Mark F. Swanson
Cholla Khoury
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Tel: 505.490.4885
mswanson@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff New Mexico*

Parrell D. Grossman
Director
Elin S. Alm
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of the Attorney General
1050 E. Interstate Ave., Suite 200
Bismarck, ND 58503
701-328-5570
pgrossman@nd.gov
ealm@nd.gov

*Counsel for Plaintiff North Dakota*

Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio,
Antitrust Section
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov

*Counsel for Plaintiff Ohio*

Caleb J. Smith Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff Oklahoma*

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff Oregon*

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Pennsylvania*

Johan M. Rosa Rodríguez
Assistant Attorney General Antitrust
Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
jorosa@justicia.pr.gov

*Counsel for Plaintiff Puerto Rico*

David Marzilli
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
dmarzilli@riag.ri.gov

*Counsel for Plaintiff Rhode Island*

Yvette K. Lafrentz
Office of The Attorney General of
South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

*Counsel for Plaintiff South Dakota*

Ryan G. Kriger
Office of The Attorney General of
Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

*Counsel for Plaintiff Vermont*

Sarah Oxenham Allen
Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
soallen@oag.state.va.us
thenry@oag.state.va.us

*Counsel for Plaintiff Virginia*

29

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov

*Counsel for Plaintiff Washington*

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov

*Counsel for Plaintiff West Virginia*

Benjamin Mark Burningham
Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
ben.burningham@wyo.gov
amy.pauli@wyo.gov

*Counsel for Plaintiff Wyoming*

By:  /s/ *John E. Schmidtlein*

John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wilson Sonsini Goodrich & Rosati P.C.
1700 K St, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

Mark S. Popofsky (D.C. Bar No. 454213)
Ropes & Gray LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

*Counsel for Defendant Google LLC*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| | HON. AMIT P. MEHTA |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |
| | |
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| | HON. AMIT P. MEHTA |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

## [PROPOSED] ORDER TO BIFURCATE PROCEEDINGS

The respective Parties in the above-captioned actions have jointly requested to bifurcate the proceedings to hold separate trials on liability and, if necessary, remedy. (Pursuant to the Court's Order of January 7, 2021, the above-captioned actions have been consolidated for discovery, but not trial;[1] this Order does not change that posture.)

Rule 42(b) of the Federal Rules of Civil Procedure authorizes a court to hold a separate trial on one or more separate issues, "[f]or convenience, to avoid prejudice, or to expedite and

---

[1] *See* Amended Scheduling and Case Management Order, ECF No. 108-1, at 5 n.2 ("Pursuant to the Court's Order of January 7, 2021, the above-captioned actions have been consolidated 'for pretrial purposes, including discovery and all related proceedings,' and any motions to consolidate the Colorado Action with the DOJ Action for trial 'may be renewed after close of expert discovery and resolution of any motions for summary judgment.'").

economize." The Court has considered the Parties' joint requests for separate trials in these matters regarding (a) the liability of the Defendant for violations of Section 2 of the Sherman Act, 15 U.S.C. § 2, as alleged by U.S. Plaintiffs and Colorado Plaintiff States, and (b) the remedies for any such violations.

The Court finds that, to the extent necessary, holding separate trials on the issues of liability and remedies in these actions will be more convenient for the Court and the Parties, and will expedite and economize the litigation in both actions.

IT IS THEREFORE ORDERED

1. There will be a liability phase in each matter that will address only the Defendant's liability under the Sherman Act, and, if the Court renders a decision finding the Defendant liable, the Court will hold separate proceedings regarding the remedies for Defendant's violation(s) of the Sherman Act.

2. During the liability phase, expert reports need not address remedies, nor will experts opine or testify on remedies during discovery or trial on liability.

3. All parties shall meet and confer after the conclusion of fact discovery and present to the Court a proposal or proposals regarding the timing and scope of remedies discovery.

4. Except as described above in section 2, nothing in this Order shall (a) alter the Parties' respective abilities in either action to offer evidence relevant to any issue in the liability proceedings nor alter the burden of proof, persuasion or production to establish each and every element of liability, justifications, or defenses, or (b) prohibit or limit discovery during the liability phases of these actions on issues relevant to remedy.

Dated:                                    _____
                                                    Amit. P. Mehta
                                          United States District Court Judge

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| | HON. AMIT P. MEHTA |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |
| STATE OF COLORADO, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03715-APM |
| | HON. AMIT P. MEHTA |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

## [PROPOSED] ORDER TO BIFURCATE PROCEEDINGS

The respective Parties in the above-captioned actions have jointly requested to bifurcate the proceedings to hold separate trials on liability and, if necessary, remedy. (Pursuant to the Court's Order of January 7, 2021, the above-captioned actions have been consolidated for discovery, but not trial;[1] this Order does not change that posture.)

Rule 42(b) of the Federal Rules of Civil Procedure authorizes a court to hold a separate trial on one or more separate issues, "[f]or convenience, to avoid prejudice, or to expedite and

---

[1] *See* Amended Scheduling and Case Management Order, ECF No. 108-1, at 5 n.2 ("Pursuant to the Court's Order of January 7, 2021, the above-captioned actions have been consolidated 'for pretrial purposes, including discovery and all related proceedings,' and any motions to consolidate the Colorado Action with the DOJ Action for trial 'may be renewed after close of expert discovery and resolution of any motions for summary judgment.'").

economize." The Court has considered the Parties' joint requests for separate trials in these matters regarding (a) the liability of the Defendant for violations of Section 2 of the Sherman Act, 15 U.S.C. § 2, as alleged by U.S. Plaintiffs and Colorado Plaintiff States, and (b) the remedies for any such violations.

The Court finds that, to the extent necessary, holding separate trials on the issues of liability and remedies in these actions will be more convenient for the Court and the Parties, and will expedite and economize the litigation in both actions.

IT IS THEREFORE ORDERED

1. There will be a liability phase in each matter that will address only the Defendant's liability under the Sherman Act, and, if the Court renders a decision finding the Defendant liable, the Court will hold separate proceedings regarding the remedies for Defendant's violation(s) of the Sherman Act.

2. ~~During the liability phase, expert reports need not address remedies, nor will experts opine or testify on remedies during discovery or trial on liability.~~

3. ~~All parties shall meet and confer after the conclusion of fact discovery and present to the Court a proposal or proposals regarding the timing and scope of remedies discovery.~~

~~4.~~2.~~N~~~~Except as described above in section 2, n~~othing in this Order shall (a) alter the Parties' respective abilities in either action to offer evidence relevant to any issue in the liability proceedings nor alter the burden of proof, persuasion or production to establish each and every element of liability, justifications, or defenses, or (b) prohibit or limit discovery during the liability phases of these actions on issues relevant to

remedy, including (but not confined to) discovery of the remedies that the Plaintiffs intend to see in this case.


Dated: _____                    _____
                                          Amit. P. Mehta
                                          United States District Court Judge

4