# EXHIBIT L

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES, *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 1:23-cv-00108-LMB-JFA |
| GOOGLE LLC, | |
| *Defendant*. | |

**GOOGLE LLC'S BRIEF IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO CLARIFY SCHEDULING ORDER**

There is nothing about the Court's scheduling order requiring clarification. While Plaintiffs seek entry of an order "clarifying that the Court's Rule 16(B) Scheduling Order (ECF No. 94) applies solely to the liability and damages phases of this case," ECF No. 276, the order is unmistakably clear that "All fact discovery shall be concluded by September 8, 2023"; and "All expert discovery shall be concluded by January 12, 2024." ECF No. 94. The Order does not exempt discovery relating to the equitable relief Plaintiffs also seek. In accordance with the Order, Google has planned for and is conducting fact and expert discovery as specified.

Plaintiffs' motion is not a motion to clarify, but to modify the scheduling order under Rule 16(b)(4). However, Plaintiffs have not made any showing, let alone the "good cause" showing that is necessary to obtain such relief. Plaintiffs have provided no explanation as to why they are unable to conduct "all" fact and expert discovery within the deadlines set by the Court, or why they are waiting until now—three months after the Order was entered—to seek modification of the Court's scheduling order. Plaintiffs are not entitled to the relief that they seek.

## BACKGROUND

Plaintiffs chose to file their complaint in this Court on January 24, 2023.  Google filed a motion to transfer this case to the Southern District of New York, where a multi-district litigation involving nearly identical claims has been pending for nearly two years, in order to proceed in a consolidated and coordinated way.  Plaintiffs opposed transfer, claiming that "the need for swift action" provided by this Court's unique and expeditious docket necessitated keeping this case in the Eastern District of Virginia.  ECF No. 47 at 26.

When the Court denied Google's motion to transfer, ECF No. 60, the Court told Plaintiffs in no uncertain terms that, because they chose this forum, they need to "be mindful of how we operate here" and explained "this is a problem that, frankly, the Government's going to have because you chose to be here, and I'm not joking when I say you need to have your running shoes on." Ex. 1, Mar. 10, 2023 Hr'g Tr. at 26:15–19.  The Court further admonished the parties that "everything in life is finite.  We have a finite lifespan, we have all sorts of limits, and I think the same thing applies to litigation. . . . You might like to have, you know, a year and a half to complete discovery, but you're not going to get that in this court." *Id.* at 26:21–27:2.

The parties filed a joint motion for entry of a discovery schedule.  ECF No. 63.  During the discussions that lead to the joint motion, Plaintiffs never once mentioned the possibility of a separate phase of discovery relating to equitable relief.  This is reflected in the parties' joint discovery plan, which had some disputed provisions.  ECF No. 87.  The parties each then filed briefs in support of their respective positions.  ECF Nos. 89 & 92.  In their filing, Plaintiffs made no mention of their belief that the legal and equitable issues for discovery should be subject to bifurcation.  ECF No. 92.

On March 31, 2023, the Magistrate Judge held a hearing to discuss the case schedule.  At that hearing, Plaintiffs did not request phased discovery, with the first phase focused on

liability and damages, and the second phase focused on equitable relief.  At best, during the hearing, Plaintiffs' counsel made the following remark in passing in the context of discussing the materials Google's experts could rely on in support of their opinions: "The one other thing I should add just for completeness, but I think this could be, you know, taken up at a different date, is there may come a time, if there is a liability finding here, that the Court would need to consider appropriate equitable remedies."  Ex. 2,  Mar. 31, 2023 Hr'g Tr. at 19:17–21.  Plaintiffs' counsel continued by stating that "the scope of material that might need to be reviewed for equitable remedy purposes might need to reflect more current data," but "I think we can deal with that when and if that occurs."  *Id*. at 19:22–20:7.  At most, this comment suggested the possible need to supplement the record, upon a finding of liability, of the existing data supporting equitable relief; it in no way amounted to a request to bifurcate discovery.[1]

On March 31, 2023, the Court issued a Rule 16(b) Scheduling Order, ECF No. 94.  That Order stated without qualification:  "All fact discovery shall be concluded by September 8, 2023"; and "All expert discovery shall be concluded by January 12, 2024."

More than two months later, on June 6, 2023, Plaintiffs apparently decided that, rather than comply with the Court's Order, they would prefer to go at their own pace.  Plaintiffs' counsel sent an email raising this issue for the first time on that date, stating:  "It occurs to me that we have not discussed how to handle any fact and expert discovery that might be uniquely relevant to the remedies Plaintiffs will seek in the event that liability is established.  I would like to discuss a protocol for both, to make sure we have a meeting of the minds on this before we get too close to the close of fact discovery and the beginning of expert discovery." *See* Ex. 3.

---

[1] A motion is a "request for a court order," which may be made orally "at a hearing" but must "state with particularity the grounds for seeking the order" and "state the relief sought."  Fed. R. Civ. P. 7(b)(1).  Plaintiffs' counsel's statement was not an oral motion for bifurcation.

In response to the June 6, 2023, email from Plaintiffs' counsel, the parties met and conferred several times over the last three weeks to address Plaintiffs' request that discovery relating to equitable relief be reserved for a second phase of discovery. Throughout those meet and confer discussions, Google's counsel was clear that the Scheduling Order did not contemplate phased discovery and that Google needed much more specificity even to consider Plaintiffs' proposal before going to the Court to request any form of adjustment to the existing schedule. Google asked Plaintiffs to provide the following information: "What forms of discovery would be proper? What if any numerical limitations on such discovery? What expert discovery do you propose? Can you please also explain how the parties and court would assess whether the discovery is properly considered as 'equitable relief only'-related discovery?" *See* Ex. 4.

The parties continued to meet and confer, including on June 29, 2023, the day before Plaintiffs' motion to clarify was filed. At no point in the meet and confer process did Plaintiffs provide any specifics concerning their proposal, including any response to the questions that Google had raised. At midday on June 30, 2023, Google's counsel sent Plaintiffs' counsel an email reiterating the concerns and questions they raised in prior exchanges with Plaintiffs, concluding the email by stating: "Given the non-specific nature of your proposal, it is not clear to Google whether there is anything concrete enough to oppose. Nonetheless, and for the avoidance of doubt, Google cannot agree to extend discovery—and take on the additional burden of that extension—for issues that can and should be addressed in the current discovery period, as set forth in the Court's schedule." *Id.*

Without further explanation of their proposal, or responses to any of the questions Google had raised, Plaintiffs filed this motion.

**ARGUMENT**

Plaintiffs do not address the standard for modifying a scheduling order—a standard they cannot meet because they delayed three months to file their motion. Nor have they addressed the burden to Google of updating the 3 million documents produced to Plaintiffs in connection with their pre-suit investigation with further productions of well over 500,000 additional documents, voluminous data and extensive amounts of source code. Plaintiffs have also not made any showing why phased discovery is required; phased discovery is the exception rather than the norm, and Plaintiffs do not explain why, with the exercise of reasonable diligence, they cannot obtain discovery concerning equitable relief during the discovery period provided for by the Court's Scheduling Order.

**A. Plaintiffs Have Not Established "Good Cause" for Modifying the Scheduling Order.**

Plaintiffs argue that they need clarification of the existing scheduling order because it "provides a schedule for the liability and damages phases of this case" and "is silent as to what will occur after the jury renders a verdict on liability and damages" if Plaintiffs "elect to pursue equitable remedies against the Defendant," ECF No. 277 at 1. But that ignores the Court's Order, which sets forth deadlines for the completion of "*All* fact discovery" and "*All* expert discovery." ECF No. 94 at 1. Plaintiffs' motion is therefore a motion to modify the existing scheduling order—not clarify it.

As the parties' seeking modification of the scheduling order, Plaintiffs bear the burden of establishing "good cause" for their request. A showing of "good cause" "requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence[.]'" *Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) (unpublished *per curiam*) (citations omitted); *accord* Fed. R. Civ. P. 16; E.D. Va. Civ. R. 16(B) ("good cause" required to modify schedule). Plaintiffs make no showing that they cannot conduct discovery

concerning equitable relief, with the exercise of due diligence, during the time period allowed for discovery.[2]

In addition, when a party seeks to modify the scheduling order, the court must also consider whether there is any "'danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith.'"  *Roe v. Howard*, No. 1:16-cv-562, 2017 U.S. Dist. LEXIS 187258, *2 (E.D. Va. June 30, 2017) (O'Grady, J.) (citations omitted).  Plaintiffs do not address any of these other factors.  Plaintiffs do not address the prejudice to Google, including the prejudice arising from Google having allocated its resources in conducting fact discovery, including from the Plaintiffs and third parties, in reliance on the Court's Rule 16(b) Order, or the burden of engaging in continued discovery and the resulting delay in resolution of this case.  Nor do Plaintiffs explain why they are raising the issue now—three months after the scheduling order was entered.  The only explanation Plaintiffs provide for their delay is a passing reference to discovery concerning equitable relief that they made at the March 31, 2023 scheduling conference, but they did not request phased discovery at the conference, and do not explain why they waited until now to raise the issue.

### B. Plaintiffs Have Not Met the Legal Standard for Bifurcating Discovery, With A Second Phase Reserved for Discovery on Equitable Relief.

Federal Rule of Civil Procedure 42(b), which governs the bifurcation of trial, provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues[.]"  Fed. R. Civ. P. 42(b).  In deciding whether to bifurcate discovery, "courts have looked to similar factors as those relevant to the bifurcation

---

[2] Plaintiffs state they will need additional categories of source code to support their request for equitable relief.  Plaintiffs have already requested an opportunity to inspect extensive categories of source code, and Google has made, or is making, each of those categories available to Plaintiffs.  To the extent there are additional categories that Plaintiffs maintain are relevant to equitable relief, Plaintiffs do not explain why they have not requested them.

of trial when determining whether discovery related to the deferred claims should be stayed." *Charter Oak Fire Ins. Co. v. Am. Cap., Ltd.*, 2011 WL 6000562, at *1 (D. Md. Nov. 29, 2011) (citation omitted). Courts often order "separate trials on liability and damages, while refusing to bifurcate the discovery on those issues." *Am. Sci. & Eng'g, Inc. v. Autoclear, LLC*, 2008 WL 11379925, at *2 (E.D. Va. Sept. 22, 2008). Where issues are "intertwined," discovery "should be conducted simultaneously." *Moore v. Liberty Mut. Ins. Co.*, 2019 WL 13251241, at *3 (E.D. Va. Aug. 23, 2019). The "bifurcation of discovery is the exception, rather than the rule, and it is clear that in most instances, regular—that is, unbifurcated—discovery is more efficient." *Cardenas v. Resort Sales by Spinnaker*, *Inc.*, 2021 WL 733393, at *1 (D.S.C. Feb. 24, 2021) (citation omitted); *see also Marlboro Elec. Coop.*, *Inc.*, *v. Cent. Elec. Coop.*, 2021 WL 5998612, at *2 (D.S.C. May 13, 2021) (same); *Charter Oak* , 2011 WL 6000562, at *1 (same).

The cases cited by Plaintiffs stand for the uncontroversial proposition that, where claims seek both legal and equitable relief, and the case is to be presented to a jury, a jury first resolves issues relating to antitrust liability and damages, with any remaining request for equitable relief resolved afterwards by the Court based on the jury's findings. But these cases do not address bifurcation of *discovery* or require a separate phase of discovery after a resolution of liability and damages. *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, cited by Plaintiffs, well illustrates this point. 345 F. Supp. 3d 614 (E.D. Va. 2018), *aff'd in part vacated in part* 988 F.3d 690 (4th Cir. 2021). The court first held a jury trial as to plaintiff's antitrust damages claim, "with the understanding that, if the jury found that the merger was anticompetitive, the court would then hold separate proceedings on the equitable claims." 988 F.3d at 703. As the Fourth Circuit in *Jeld-Wen* emphasized: "Where a case involves legal and equitable claims that share common factual issues, the Seventh Amendment requires a jury trial on the legal claims first, with the jury's factual findings binding the court as to the equitable claims." *Id.* at 703 n.2.

Notwithstanding this phasing of the resolution of legal and equitable remedies, there was not a separate period of discovery following the trial of legal remedies; there was a single period for discovery that covered all issues, with the court's scheduling order providing that it would hold an "evidentiary hearing for the remedy issues immediately after the first trial." Ex. 5, *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, Civil Action No. 3:16-cv-545 (E.D. Va. June 21, 2017), ECF No. 274; (E.D. Va. July 13, 2017), ECF No. 284 at 4, 4 n.3 (Scheduling Order) (adopting parties' proposed deadlines which contained a single deadline for the completion of discovery relating to legal and equitable relief); (E.D. Va. Dec. 14, 2017), ECF No. 715 at 2 (Amended Scheduling Order) (same).

*United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) did not address the bifurcation of discovery. Rather, the court held: "A party has the right to judicial resolution of disputed facts not just as to the liability phase, but also as to appropriate relief. 'Normally, an evidentiary hearing is required before an injunction may be granted.'" *Id.* at 101 (citation omitted). In the parties' written submissions in the remedies phase, there were disputed facts concerning the feasibility of dividing Microsoft and what the impact would be on shareholders and consumers; even the district court "conceded the existence of acute factual disagreements between Microsoft and plaintiffs." *Id.* at 102. "The reason the court declined to conduct an evidentiary hearing was not because of the absence of disputed facts, but because it believed that those disputes could be resolved only through 'actual experience,' not further proceedings." *Id.* The court held that the district court's resolution of disputed facts without an evidentiary hearing violated Microsoft's "basic procedural rights to have disputed facts resolved through an evidentiary hearing." *Id.* at 103.

Finally, Plaintiffs argue that phased discovery is "standard practice," ECF No. 277, citing other antitrust cases to which Google is a party. Plaintiffs could have requested that in those jurisdictions, had they chosen to file there, or even explicitly at the outset of these

proceedings, but they did neither. In light of the Court's admonition that the parties "need to put on your running shoes," that discovery is "finite," and while the parties might like "a year and a half to complete discovery," "you're not going to get that in this court," Ex. 1, Mar. 10, 2023 Hr'g Tr. at 26:21-27:3, Google does not join Plaintiffs in requesting that this case should proceed like other cases outside of this Court. The Court's Rule 16(b) Scheduling Order sets forth how the Court intends this case to proceed, and Google is proceeding accordingly. Plaintiffs should be required to do the same.

## CONCLUSION

For the reasons argued above, Plaintiffs' motion for clarification of the scheduling order should be denied.

Dated: July 5, 2023

Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Julie Elmer (*pro hac vice*)
Lauren Kaplin (*pro hac vice*)
Scott A. Eisman (*pro hac vice*)
Jeanette Bayoumi (*pro hac vice*)
Claire Leonard (*pro hac vice*)
Sara Salem (*pro hac vice*)
Tyler Garrett (VSB # 94759)
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 2nd Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Facsimile: (415) 490-2001
dbitton@axinn.com

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB # 20942)
THE LAW OFFICE OF
CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: (703) 549-5354
Facsimile: (703) 549-5355
craig.reilly@ccreillylaw.com

Karen L. Dunn (*pro hac vice*)
Jeannie H. Rhee (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Joseph Bial (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (VSB # 93384)
Erica Spevack (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kdunn@paulweiss.com

Bradley Justus (VSB # 80533)
Koren Wong-Ervin (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
bjustus@axinn.com
kwongervin@axinn.com

Meredith Dearborn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (646) 432-5100
Facsimile: (202) 330-5908
mdearnborn@paulweiss.com

Erin J. Morgan (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3387
Facsimile:  (212) 492-0387
ejmorgan@paulweiss.com

*Counsel for Defendant Google LLC*

# EXHIBIT 1

```
 1                   UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
 2                        ALEXANDRIA DIVISION

 3     --------------------------x
       UNITED STATES, et al.,      :     Civil Action No.:
 4                                 :     1:23-cv-108
                 Plaintiffs,       :
 5          versus                 :     Friday, March 10, 2023
                                   :
 6     GOOGLE LLC,                 :
                                   :
 7                 Defendant.      :
       --------------------------x
 8

 9          The above-entitled motions hearing was heard before
       the Honorable Leonie M. Brinkema, United States District
10     Judge.  This proceeding commenced at 10:10 a.m.

11                    A P P E A R A N C E S:

12     FOR THE PLAINTIFFS:    GERARD MENE, ESQUIRE
                              OFFICE OF THE UNITED STATES ATTORNEY
13                            2100 Jamieson Avenue
                              Alexandria, Virginia  22314
14                            (703) 299-3700

15                            AARON TEITELBAUM, ESQUIRE
                              JULIA WOOD, ESQUIRE
16                            UNITED STATES DEPARTMENT OF JUSTICE
                              ANTITRUST DIVISION
17                            450 Fifth Street, NW
                              Washington, D.C.  20530
18                            (202) 894-4266

19                            ANDREW FERGUSON, ESQUIRE
                              OFFICE OF THE ATTORNEY GENERAL
20                            OFFICE OF THE SOLICITOR GENERAL
                              202 North Ninth Street
21                            Richmond, Virginia  23219
                              (804) 786-7704

22     FOR THE DEFENDANT:     ERIC MAHR, ESQUIRE
                              TYLER GARRETT, ESQUIRE
23                            FRESHFIELDS BRUCKHAUS DERINGER, LLP
                              700 13th Street, NW
24                            10th Floor
                              Washington, D.C.  20005
25                            (202) 777-4500
```

                                                              1

Case 4:20-cv-00957-SDJ    Document 574-12    Filed 07/19/24    Page 14 of 45 PageID #:
19476
Case 1:23-cv-00108-LMB-JFA    Document 282-1    Filed 07/05/23    Page 3 of 5 PageID# 2692

```
1    third-party witnesses.  The Texas investigation, for

2    example, had 60 third parties; we have had zero.

3              THE COURT:  All right.  Well, that's something

4    you'll have to work out with Judge Anderson.  All right.

5              MR. MAHR:  Well, I will kind of reinforce

6    Ms. Wood's request.  We have been discussing, in the event

7    you denied the motion, a proposal to the Court, and we can

8    make it to Magistrate Judge Anderson if you'd like, that we

9    propose for moving forward, and we would like the

10   opportunity to do that.

11             THE COURT:  I'll punt that issue to him.  I'll

12   give him a call today, too, and let him know it's coming.

13   All right.

14             MR. MAHR:  Thank you.

15             THE COURT:  But be mindful of how we operate here.

16   All right.  Again, this is a problem that, frankly, the

17   Government's going to have because you chose to be here, and

18   I'm not joking when I say you need to have your running

19   shoes on.  All right.

20             MS. WOOD:  Understood, Your Honor.

21             THE COURT:  All right.  You know, everything in

22   life is finite.  We have a finite lifespan, we have all

23   sorts of limits, and I think the same thing applies to

24   litigation.  You might like to take 50 depositions but,

25   guess what, you aren't going to get 50.  You might like to
```

26

1    have, you know, a year and a half to complete discovery, but

2    you're not going to get that in this court.  It forces

3    lawyers to have to focus with laser efficiency on what are

4    the core issues you need to get to resolve a case.

5             So having said that, the last matter I want to

6    just very briefly address is there is this pending motion to

7    seal.  I just want to put, again, both sides on notice about

8    this.  I would not normally have granted that motion to seal

9    if it came to me fresh, because I don't think just the names

10   alone of people, unless they work for the CIA or something

11   like that, is something that's appropriate to be sealed.

12   But Judge Castel did grant that.  And, again, this is an

13   example of where if it's a close call, I'm going to go with

14   what he's already done to reduce this problem with

15   inefficiencies and with inconsistent rulings.  I may not

16   always be able to agree with him.  I would be surprised if

17   I'm unable to because he's a colleague, and he's an

18   experienced colleague.  Nevertheless, I am going to grant

19   that motion.

20            But I want both sides to understand that I'm one

21   of the judges in this court that looks very seriously at my

22   obligation to make sure that court proceedings are

23   transparent.  What you do in the exchange of discovery

24   before you come to court, if you want to mark things as

25   confidential, although I wish it wasn't done as much as it

27

Case 4:20-cv-00957-SDJ    Document 574-12    Filed 07/19/24    Page 16 of 45 PageID #:
19478
Case 1:23-cv-00108-LMB-JFA   Document 282-1   Filed 07/05/23   Page 5 of 5 PageID# 2694

```
1              THE COURT:  All right.  Very good.  You're all

2    free to go.

3              MS. WOOD:  Thank you, Your Honor.

4              (Proceedings adjourned at 10:44 a.m.)

5              ---------------------------------

6    I certify that the foregoing is a true and accurate

7    transcription of my stenographic notes.

8                                _____

9                                Stephanie M. Austin, RPR, CRR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                                                              29
```

# EXHIBIT 2

```
 1                     UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF VIRGINIA
 2                          ALEXANDRIA DIVISION

 3     --------------------------x
       UNITED STATES, et al.,      :    Civil Action No.:
 4                                 :    1:23-cv-108
                 Plaintiffs,       :
 5          versus                 :    Friday, March 31, 2023
                                   :
 6     GOOGLE LLC,                 :
                                   :
 7                 Defendant.      :
       --------------------------x
 8

 9          The above-entitled hearing was heard before the
       Honorable John F. Anderson, United States Magistrate Judge.
10     This proceeding commenced at 10:35 a.m.

11                       A P P E A R A N C E S :

12     FOR THE PLAINTIFFS:    GERARD MENE, ESQUIRE
                              OFFICE OF THE UNITED STATES ATTORNEY
13                            2100 Jamieson Avenue
                              Alexandria, Virginia  22314
14                            (703) 299-3700

15                            JULIA WOOD, ESQUIRE
                              MICHAEL WOLIN, ESQUIRE
16                            UNITED STATES DEPARTMENT OF JUSTICE
                              ANTITRUST DIVISION
17                            450 Fifth Street, NW
                              Washington, D.C.  20530
18                            (202) 894-4266

19                            TYLER HENRY, ESQUIRE
                              OFFICE OF THE ATTORNEY GENERAL
20                            OFFICE OF THE SOLICITOR GENERAL
                              202 North Ninth Street
21                            Richmond, Virginia  23219
                              (804) 786-7704

22

23

24

25
                                                              1
```

1    address that appropriately?  "Documents or data (including

2    documents or data relied upon by an expert witness in his or

3    her report) produced by any party pursuant to the disclosure

4    obligations set forth in the scheduling order relating to

5    expert discovery or in any other agreement or order."

6         MS. WOOD:  I can tell you, Your Honor, that as I

7    understand -- if by B they mean to suggest that their

8    experts are not going to rely on material that was not

9    produced in fact discovery, then I agree, that takes care of

10   it.  In our meet-and-confer, we've had multiple sessions

11   about this.  That is not my understanding of their position,

12   but they can clarify that.

13        But if by B they mean they do not intend for their

14   experts to rely on material outside the fact discovery

15   cutoff, then I think our only agreement is about

16   commercially-available data.

17        The one other thing I should add just for

18   completeness, but I think this could be, you know, taken up

19   at a different date, is there may come a time, if there is a

20   liability finding here, that the Court would need to

21   consider appropriate equitable remedies.

22        We acknowledge that the scope of material that

23   might need to be reviewed for equitable remedy purposes

24   might need to reflect more current data.  And so we're not

25   taking the position that they're precluded forever from

                                                        19

Case 4:20-cv-00957-SDJ    Document 574-12    Filed 07/19/24    Page 20 of 45 PageID #:
19482
Case 1:23-cv-00108-LMB-JFA    Document 282-2    Filed 07/05/23    Page 4 of 5 PageID# 2698

```
 1    producing new material in that regard.  That was really

 2    honestly more for their benefit and for the Court's benefit.

 3    We didn't want the Court -- we wanted the Court to

 4    understand that we were sympathetic -- would be sympathetic

 5    to that concern.

 6           If they don't want that provision, I think we can

 7    deal with that when and if that occurs, but I think we are

 8    most concerned that experts not be allowed to rely on

 9    material outside the fact discovery cutoff.

10           THE COURT:  Okay.

11           MS. WOOD:  Thank you, Your Honor.

12           THE COURT:  Mr. Ewalt, let me have you address --

13    and I think it's a valid concern.  I mean, you know, in our

14    typical cases, the discovery cutoff date is both for fact

15    and expert discovery, so we don't have to deal with this

16    issue very often.  But the idea that fact discovery sets the

17    parameters upon which this case will end up being tried has

18    some appeal to me.  I mean, there has to be an end to it at

19    some point.  And, you know, if fact discovery has been

20    set -- we've set a date for when all the fact discovery

21    needs to be done.  Obviously if there's a motion to compel,

22    and something has to be done after that, that will, you

23    know, have to get swept into that.  But, you know, giving

24    someone the unfettered ability to continue to go out and

25    gather new facts and to do further fact-finding efforts or
```

20

Case 4:20-cv-00957-SDJ    Document 574-12    Filed 07/19/24    Page 21 of 45 PageID #:
19483
Case 1:23-cv-00108-LMB-JFA   Document 282-2   Filed 07/05/23   Page 5 of 5 PageID# 2699

```
 1   documents next week.

 2           THE COURT:  That's great.  I will act upon them

 3   quickly.  I will review them and then, if appropriate, act

 4   upon them quickly.  So if you get it to me either later

 5   today or tomorrow -- or Monday, I'll get it entered

 6   certainly by Monday.  Okay.

 7           MS. WOOD:  Thank you, Your Honor.

 8           THE COURT:  You all have a nice weekend.

 9           (Proceedings adjourned at 11:34 a.m.)

10           ---------------------------------

11   I certify that the foregoing is a true and accurate

12   transcription of my stenographic notes.

13                          Stephanie Austin

14                          Stephanie M. Austin, RPR, CRR

15

16

17

18

19

20

21

22

23

24

25
                                                              42
```

# EXHIBIT 3

| | |
|---|---|
| **From:** | Wood, Julia (ATR) |
| **To:** | Andrew Ewalt; Robert McCallum |
| **Cc:** | Teitelbaum, Aaron (ATR); Wolin, Michael (ATR); Vernon, Jeffrey (ATR); Choi, Stephanie (ATR) |
| **Subject:** | Items for Discussion |
| **Date:** | Tuesday, June 6, 2023 7:09:53 PM |

Andy and Rob,

I would like to find time this week to discuss the following topics:

1. **Discovery Coordination with Texas AG Case**
   As luck would have it, the day our Coordination Order was entered, the JMPL remanded the Texas AG case back to E.D. Texas.  As contemplated by the Coordination Order, we would like to meet and confer regarding how to handle this development.

2. **Remedies Phase**
   It occurs to me that we have not discussed how to handle any fact and expert discovery that might be uniquely relevant to the remedies Plaintiffs will seek in the event that liability is established.  I would like to discuss a protocol for both, to make sure we have a meeting of the minds on this before we get too close to the close of fact discovery and the beginning of expert discovery.

3. **Preliminary Witness List Exchanges.** As we have explained in recent correspondence, we are concerned that Google's initial disclosures, even as supplemented on June 1, do not provide sufficient information for the Plaintiffs to meaningfully conduct discovery in a manner consistent with the schedule that the court has set for this case.  As you know, Google's initial disclosures identified no third parties by name, stating only that Google "may use" discoverable information from "individuals currently or formerly employed by third parties, including but not limited to advertisers**,** advertising agencies, sellers of advertising inventory, and sellers of advertising technology services."  Google Initial Disclosures at 4 (4/18/2023).  After we noted that this information was insufficient, see, e.g., Letter from Kelly Garcia (5/17/2023), Google submitted supplemental disclosures that list approximately **195** entities (not including the parties or Federal Agency Advertisers).  That list is so large that the United States cannot meaningfully conduct discovery, including depositions, on the time frame set forth for this case.  In addition, Google's list includes almost no information about which individuals at those entities might have discoverable information that Google might rely on at trial, further compounding the problem.  To address this issue, we would like to discuss an appropriate protocol for the parties to share preliminary trial witness lists so that both sides can use their limited depositions most efficiently.

Please let me know when you could meet this week to discuss these topics.

Best,
Julia

**Julia Tarver Wood**
Senior Litigation Counsel
United States Department of Justice, Antitrust Division
450 Fifth Street NW | Washington, DC 20530

(202) 552-9047 (Mobile Phone)
**Julia.Tarver.Wood@usdoj.gov**
*Pronouns: She/Her/Hers*

# EXHIBIT 4

| From: | Mauser, Amy |
|---|---|
| To: | Teitelbaum, Aaron (ATR); Morgan, Erin J; Wood, Julia (ATR); Goodman, Martha; Andrew Ewalt; Craig Reilly |
| Cc: | Wolin, Michael (ATR); Vernon, Jeffrey (ATR); Choi, Stephanie (ATR); Henry, Tyler T.; Feder, Morgan; Lauren Pomeroy |
| Subject: | RE: Proposed Draft of Motion to Amend Scheduling Order and Discovery Plan |
| Date: | Friday, June 30, 2023 12:50:00 PM |

Aaron,

Thank you for the revised papers addressing the exchange of preliminary witness lists.  We are digesting the changes made since our discussion yesterday, and will need an opportunity to discuss with our client, which cannot all practically happen this afternoon.   We propose working toward making a submission to the Court early next week, rather than today.

Re: bifurcating discovery, as noted in our prior exchanges, bifurcation was not contemplated by the parties or the Court at the outset of the case, when both the parties and the Court were aware that the plaintiffs were seeking equitable remedies.  The Court set a schedule that contemplated single-stage fact and expert discovery.  Google served document discovery—and otherwise planned its fact and expert discovery strategy—in accordance with that schedule, including next week's substantial completion deadline for document production.  It assumed Plaintiffs were doing the same.  On June 6, you proposed for the first time that the parties agree to bifurcate discovery related only to equitable remedies that plaintiffs may seek in the event liability is established, with such discovery being addressed after trial.  You have articulated no reason why Plaintiffs are unable to pursue such discovery under the current schedule.  Nor do the two cases you cite establish that bifurcation of discovery is necessary or appropriate; in *Steves and Sons, Inc. v. Jeld-Wen*, Civil Action No. 3:16cv545 (E.D. Va.), ECF Nos. 262 at 4, 274, antitrust  discovery was not bifurcated, and in *Microsoft,* the D.C. Circuit did not address bifurcation, but rather the district court's decision to rule on remedies "without considering the evidence Microsoft sought to introduce."  *United States v. Microsoft Corp.*, 253 F.3d 34, 103 (D.C. Cir. 2001).   You also have not explained how long you expect post-trial discovery to take and whether you envision seeking fact or expert discovery (or both).   Given the non-specific nature of your proposal, it is not clear to Google whether there is anything concrete enough to oppose.  Nonetheless, and for the avoidance of doubt,  Google cannot agree to extend discovery—and take on the additional burden of that extension—for issues that can and should be addressed in the current discovery period, as set forth in the Court's schedule.

 Let us know if there is a time on Monday that we can hold on the calendar for a potential meet and confer so we can continue to try to hammer out issues on the witness list and depositions.

Thanks,

Amy

**Amy J. Mauser** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7371 (Direct Phone) | 202 615 6841 (Cell)
202 379 4077 (Direct Fax)
amauser@paulweiss.com | www.paulweiss.com

---

**From:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>

**Sent:** Friday, June 30, 2023 10:53 AM
**To:** Morgan, Erin J <ejmorgan@paulweiss.com>; Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Goodman, Martha <mgoodman@paulweiss.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Cc:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Henry, Tyler T. <THenry@oag.state.va.us>; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; Mauser, Amy <amauser@paulweiss.com>
**Subject:** RE: Proposed Draft of Motion to Amend Scheduling Order and Discovery Plan

Good morning,

Following our call yesterday, we propose the attached documents in an effort to reach a consensus. Please note we do not have final signoff from our state co-plaintiffs at this time.

Thanks,

**Aaron M. Teitelbaum**
Senior Litigation Counsel | Antitrust Division
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20530
Mobile: (202) 894-4266

---

**From:** Morgan, Erin J <ejmorgan@paulweiss.com>
**Sent:** Thursday, June 29, 2023 10:09 AM
**To:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Goodman, Martha <mgoodman@paulweiss.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Cc:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Henry, Tyler T. <THenry@oag.state.va.us>; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>; Mauser, Amy <amauser@paulweiss.com>
**Subject:** [EXTERNAL] RE: Proposed Draft of Motion to Amend Scheduling Order and Discovery Plan

Hi Julia and Aaron—
Thanks for your proposal, which we have reviewed with Google and can discuss from **1:30 – 2 pm** today, if you are available.  If not, we can stick with the 4:30-5 pm window we are already holding. As you can see in the attached mark-up, while there are several things we agree on, and we remain optimistic that we can work together to sort out at least some of the remaining issues, at this point there is still some separation between us.
*First*, we are not in a position to agree to bifurcation of discovery.  DOJ did not raise the issue of bifurcation in this case until June 6, long after the schedule was set in this case and only weeks before the substantial completion of document discovery and the start of depositions.  We see no reason to alter the discovery plan at this point.

Case 4:20-cv-00957-SDJ     Document 574-12     Filed 07/19/24     Page 28 of 45 PageID #:
19490
Case 1:23-cv-00108-LMB-JFA   Document 282-4   Filed 07/05/23   Page 4 of 10 PageID# 2706

*Second*, on the witness list issue, we do not agree with your new proposal that adverse witnesses need not be listed on the initial witness list.  Google and the Plaintiffs are very differently situated with regard to party opponent witnesses: while the DOJ had the opportunity to depose Google witnesses through its investigation, Google's only opportunity to assess Plaintiff witness testimony will be through depositions.  Accordingly, your proposal gives Plaintiffs far more flexibility with their witness list than Google.  We also propose slightly different numbers on the number of depositions and the cap on additional depositions, although I assume those are issues we will be able to work through together since we are not very far apart.

*Third*, having taken some time to think about it, we do not think it is necessary to request an extension of the schedule.  Google expects to notice some depositions by the end of this week, and we believe we can continue to calibrate our discovery strategy in accordance with the existing schedule.

We are, of course, eager to continue working with you on these issues and hopeful that we can find a resolution on at least some of these topics, although coming to ground on these issues by tomorrow may be a challenge.  We look forward to discussing this afternoon.

Best,

Erin

**Erin J. Morgan** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3387 (Direct Phone) | 212 492 0387 (Direct Fax)
ejmorgan@paulweiss.com | www.paulweiss.com

---

**From:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>
**Sent:** Wednesday, June 28, 2023 1:41 PM
**To:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Morgan, Erin J
<ejmorgan@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Cc:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR)
<Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Henry, Tyler T.
<THenry@oag.state.va.us>; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Lauren Pomeroy
<Lauren.Pomeroy@doj.ca.gov>
**Subject:** RE: Proposed Draft of Motion to Amend Scheduling Order and Discovery Plan

Can we find a time to discuss either later today or first thing tomorrow?  Please let us know.

Thanks,

Julia

**Julia Tarver Wood**
Senior Litigation Counsel
United States Department of Justice, Antitrust Division
450 Fifth Street NW | Washington, DC 20530
(202) 552-9047 (Mobile Phone)

Julia.Tarver.Wood@usdoj.gov
*Pronouns: She/Her/Hers*

-

---

**From:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>
**Sent:** Wednesday, June 28, 2023 1:33 PM
**To:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Morgan, Erin J <ejmorgan@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Cc:** Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>; Henry, Tyler T. <THenry@oag.state.va.us>; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Lauren Pomeroy <Lauren.Pomeroy@doj.ca.gov>
**Subject:** Proposed Draft of Motion to Amend Scheduling Order and Discovery Plan

Good afternoon,

Attached is a proposed draft motion to amend the scheduling order and discovery plan.  A few facts and figures are still to be filled in, in brackets.

**Aaron M. Teitelbaum**
Senior Litigation Counsel | Antitrust Division
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20530
Mobile: (202) 894-4266

---

**From:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>
**Sent:** Friday, June 23, 2023 7:59 AM
**To:** Morgan, Erin J <ejmorgan@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>
**Cc:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>
**Subject:** RE: Proposal for Preliminary Witness List Exhange

That works.  Let's plan on 4 pm on Tuesday.  We will send an invite.

Thanks,
Julia

**Julia Tarver Wood**
Senior Litigation Counsel
United States Department of Justice, Antitrust Division
450 Fifth Street NW | Washington, DC 20530

(202) 552-9047 (Mobile Phone)
Julia.Tarver.Wood@usdoj.gov
*Pronouns: She/Her/Hers*

-

---

**From:** Morgan, Erin J <ejmorgan@paulweiss.com>
**Sent:** Friday, June 23, 2023 9:36 AM
**To:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Goodman, Martha
<mgoodman@paulweiss.com>; Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly
<craig.reilly@ccreillylaw.com>
**Cc:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Wolin, Michael (ATR)
<Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie
(ATR) <Stephanie.Choi@usdoj.gov>
**Subject:** [EXTERNAL] RE: Proposal for Preliminary Witness List Exhange

Hi Julia—

We are not available today. Could you do between 4 and 5:30 on Tuesday?

Thanks,

Erin

**Erin J. Morgan** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3387 (Direct Phone) | 212 492 0387 (Direct Fax)
ejmorgan@paulweiss.com | www.paulweiss.com

---

**From:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>
**Date:** Thursday, Jun 22, 2023 at 2:38 PM
**To:** Goodman, Martha <mgoodman@paulweiss.com>, Andrew Ewalt <Andrew.Ewalt@freshfields.com>,
Craig Reilly <craig.reilly@ccreillylaw.com>, Morgan, Erin J <ejmorgan@paulweiss.com>
**Cc:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>, Wolin, Michael (ATR)
<Michael.Wolin@usdoj.gov>, Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>, Choi, Stephanie (ATR)
<Stephanie.Choi@usdoj.gov>
**Subject:** RE: Proposal for Preliminary Witness List Exhange

Are folks available for a call tomorrow to continue our discussion on the points below?  If so, please
let me know what time(s) you are available.

Thanks,
Julia

**Julia Tarver Wood**
Senior Litigation Counsel
United States Department of Justice, Antitrust Division
450 Fifth Street NW | Washington, DC 20530
(202) 552-9047 (Mobile Phone)
**Julia.Tarver.Wood@usdoj.gov**
*Pronouns: She/Her/Hers*

---

**From:** Goodman, Martha <mgoodman@paulweiss.com>
**Sent:** Friday, June 16, 2023 11:21 PM
**To:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>; Andrew Ewalt
<Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Morgan, Erin J
<ejmorgan@paulweiss.com>
**Cc:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Wolin, Michael (ATR)
<Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie
(ATR) <Stephanie.Choi@usdoj.gov>
**Subject:** [EXTERNAL] RE: Proposal for Preliminary Witness List Exhange

Julia,

We're following up on the issues of equitable remedies discovery, preliminary trial witness lists, and
hours limits on depositions.

**Equitable-remedies-only discovery**.  Based on our call last Friday, we understand plaintiffs' request
to be that Google agree to bifurcate discovery related only to equitable remedies that plaintiffs may
seek in the event liability is established to a period after such liability finding, i.e., after a trial.  On
our call, we explained Google's view that there was no bifurcation contemplated by the parties or
the court at the outset of this case just a few months ago, when the parties and Court were all aware
that the plaintiffs were seeking equitable remedies.

However, in order to evaluate plaintiffs' request, we ask for more and specific information about
plaintiffs' proposal.  Can you please provide more detail in terms of the discovery you are
contemplating taking place after a potential liability finding and over what time period?  What forms
of discovery would be proper?  What if any numerical limitations on such discovery?  What expert
discovery do you propose?  Can you please also explain how the parties and court would assess
whether the discovery is properly considered as "equitable relief only"-related discovery?

**Preliminary witness lists**.  On our call, plaintiffs proposed to exchange preliminary, non-binding
witness lists in order to aid the parties in identifying what depositions they wish to take. We
indicated Google's agreement in principle to this at the outset.  We then discussed what you had in
mind in terms of a proposal, and after conferring with our client, your recommended approach
conceptually works for our side, as well.

We received your proposal sent on Monday, and note that things we discussed are absent and

things we did not discuss are included.  Specifically:

- We did not discuss a party versus non-party "cap" on the number of witnesses.  Google will not agree to artificially cap the number of party versus non-party witnesses.  Instead, Google proposes that each side may list up to 40 fact witnesses, identifying party and non-party fact witnesses by name (not just entity affiliation); and excluding expert witnesses, rebuttal witnesses, and anyone testifying by deposition designation.
- We discussed on the call that the preliminary list is "non-binding", i.e., parties can amend their preliminary witness list in good faith throughout the fact discovery period; we also discussed–and you agreed–that if amendments take place without time for the opposing side to take a deposition of such witness, parties agree to jointly request of the court that pre-trial depositions of such witnesses be permitted.  Thus, we do not agree with your restriction in item #3, and in no case will Google agree that any preliminary witness list exchanged prior to the deadline by which the Court orders trial witness lists are binding on any party.

Google agrees to an exchange on July 10, 2023 at 5 pm, consistent with our proposal outlined in the bullets above.

**Hours versus number of depositions**.  We also discussed Google's request of moving to an hours instead of numbers limit for non-party depositions.  You indicated that plaintiffs were not opposed to the request, so long as it apply to party and non-party depositions, and that depositions be counted at a minimum of 3-3.5 hours (i.e., no seven 1-hour depositions).   You also noted that the parties would need to assess how this affects coordination orders relative to the SDNY action.

We've considered your Friday proposal, as well as your additional proposal in your June 12 email.  Google can agree to plaintiffs' requirements that the hours approach apply to party as well as non-party depositions, and that depositions be counted at a minimum of 3 hours.

With respect to your item 2 and the concern about overcomplicating and burdening the schedule, Google is amenable to adopting a cap on half-day depositions but does not agree to the limits you have proposed.  We instead propose that the number of half-day depositions be limited to 16 half-day depositions for non-parties and 8 half-day depositions for parties.  This would mean each side could take, by way of example, 24 non-party depositions (with 8 capped at 3 hours).  For party depositions, by way of example, a side could take 14 party depositions, if 8 were limited to 3 hours and 6 extended for longer.

More specifically, we'd propose entering into an amendment to the Rule 16(b) scheduling order/discovery plan that says:

1. A party deposition shall count as one-half of a deposition against the party deposition limit applicable to a party if that party (a) notices or cross notices that deposition; (b) examines the witness on the record for fewer than 180 minutes; and (c) has not noticed or cross noticed 8 prior party depositions that have each counted as one-half of a deposition against the party deposition limits applicable to that party.  In all other circumstances, a party deposition shall count as one deposition against the party deposition limit applicable to each party that notices or cross notices that deposition.

2. A <u>non-party deposition</u> shall count as one-half of a deposition against the non-party deposition limit applicable to a party if that party (a) notices or cross notices that deposition; (b) examines the witness on the record for fewer than 180 minutes; and (c) has not noticed or cross noticed 16 prior non-party depositions that have each counted as one-half of a deposition against the non-party deposition limits applicable to that party.  In all other circumstances, a non-party deposition shall count as one deposition against the non-party deposition limit applicable to each party that notices or cross notices that deposition.

We will also work with you and the SDNY plaintiffs to harmonize this, if at all needed, with the coordination orders, and believe the above-solution is a workable way to amend only the EDVA orders that would get incorporated by reference into the other coordination orders.

Let us know your thoughts and if you'd like to further discuss.

**Martha L. Goodman** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7341 (Direct Phone) | 315 269 4061 (Cell)
mgoodman@paulweiss.com | www.paulweiss.com

---

**From:** Wood, Julia (ATR) <Julia.Tarver.Wood@usdoj.gov>
**Sent:** Monday, June 12, 2023 9:23 PM
**To:** Andrew Ewalt <Andrew.Ewalt@freshfields.com>; Craig Reilly <craig.reilly@ccreillylaw.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>
**Cc:** Teitelbaum, Aaron (ATR) <Aaron.Teitelbaum@usdoj.gov>; Wolin, Michael (ATR) <Michael.Wolin@usdoj.gov>; Vernon, Jeffrey (ATR) <Jeffrey.Vernon@usdoj.gov>; Choi, Stephanie (ATR) <Stephanie.Choi@usdoj.gov>
**Subject:** Proposal for Preliminary Witness List Exhange

As promised, below is our proposal re: a preliminary witness list exchange between the parties:

1. On **7/10** at **5:00 pm ET**, both sides will exchange preliminary  trial witness lists ("Preliminary Witness List") of no more than [**20**] third-party witnesses and [**10**] party witnesses.  The Preliminary Witness List will identify individuals by name, not merely by company/entity affiliations.
2. The Preliminary Witness List need <u>not include</u>:  a) experts; b) witnesses presented via depo designation only; or c) rebuttal witnesses.
3. Absent good cause shown, and with the exceptions noted in Par. 2, neither side can call as a trial witness any witness that was neither (a) identified on either party's Preliminary Witness List nor (b) deposed in a case or investigation in which the opposing side's counsel was present.

Regarding your proposal to split 7-hour depositions into smaller increments, here is our current thinking:

1. As noted on Friday's call, this approach would need to apply to both party and third-party witnesses, and we believe the subdivisions should be limited to half-day depositions of 3-3.5 hours only.
2. To address our concern about overcomplicating and burdening the schedule with the potential for 120 depositions over what might be as few as 29 business days, we propose that the parties adopt a cap on half-day depositions. Under this approach, for example, we would retain a cap of 30 depositions per side (20 third party, 10 party), but each side would be able to take up to 10 half-day depositions (for either party or third-party witnesses) that would count as half of a deposition under the cap.

We look forward to continuing our discussion on these issues.

Best,
Julia


**Julia Tarver Wood**
Senior Litigation Counsel
United States Department of Justice, Antitrust Division
450 Fifth Street NW | Washington, DC 20530
(202) 552-9047 (Mobile Phone)
**Julia.Tarver.Wood@usdoj.gov**
*Pronouns: She/Her/Hers*

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEVES AND SONS, INC.,

    Plaintiff,

v.                     Civil Action No. 3:16cv545

JELD-WEN, INC.,

    Defendant.



## ORDER

Having considered the JOINT NOTICE REGARDING PROPOSED SCHEDULE (ECF No. 262) and the submissions made by counsel on June 14, 2017 (ECF Nos. 264 and 265), and it appearing that counsel are now in agreement upon the schedules for the trials to be held herein on January 8, 2018 and February 12, 2018, it is hereby ORDERED that the parties shall submit for the Court's review a Consent Order respecting the schedule to be followed as outlined in the JOINT NOTICE REGARDING PROPOSED SCHEDULE (ECF No. 262) and in the letters submitted by counsel respecting the agreement on the disputes that they have had respecting the schedule.

Further, having considered the position of the parties respecting the conduct for the remedy phase of the antitrust component of the first trial (in the event of a verdict in favor of the plaintiff on the antitrust claim), the parties are advised that the Court will hold the evidentiary hearing for the remedy issues immediately after the first trial. However, the parties have provided insufficient information respecting how the nature and

Case 4:20-cv-00957-SDJ    Document 574-12    Filed 07/19/24    Page 37 of 45 PageID #:
19499
Case 1:23-cv-00945-REFA    Document 242    Filed 06/21/17    Page 2 of 2 PageID# 6715

extent of the evidentiary hearing on the equitable and declaratory
remedies and counsel are instructed to file Statements of Position
on that question by July 17, 2017.

Further, there seems to be some miscommunication respecting the
length of the first trial.  In that regard, the parties are advised
that the first trial will be conducted January 8 through 12, 2018
and January 15 through 19, 2018.  Following receipt of the
forthcoming Statements of Position respecting the conduct of the
evidentiary hearing to be held at the end of the first trial, the
Court, after consulting with counsel, will determine exactly how to
conduct that hearing.

Further, counsel are reminded that immediately following the
first trial, the Court has scheduled an Initial Pretrial Conference
in a case that is expected to be tried on Monday, January 22, 2018
and the trial of that case is expected to take place on Monday and
Tuesday, January 29 and 30, 2018.  Accordingly, the evidentiary
hearing for the equitable and declaratory remedies likely will occur
during the period January 23 to 25, 2018.  As the Court's schedule
becomes clearer and more defined, minor adjustments in scheduling
may be made.

It is so ORDERED.

_____ /s/    REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 21, 2017

2

Case 4:20-cv-00957-SDJ    Document 574-12    Filed 07/19/24    Page 38 of 45 PageID #:
19500
Case 3:16-cv-00545-REP    Document 282-5 Filed 07/03/23 Page 4 of 11 PageID# 12716

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| STEVES AND SONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:16-cv-545-REP |
| v. ) | |
| ) | |
| JELD-WEN, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**SCHEDULING ORDER**

  Pursuant to the Court's Order dated June 21, 2017 (Dkt. No. 274), plaintiff Steves and

Sons, Inc. ("Steves") and defendant JELD-WEN, Inc. ("JELD-WEN") have jointly submitted

this Scheduling Order for approval and entry by the Court.  This Order sets forth the schedule,

agreed upon by the parties, to govern the trials in this action set to commence January 8, 2017

(the "First Trial") and February 12, 2017 (the "Second Trial").

  Having reviewed the proposed schedule and the parties' submissions (Dkt. Nos. 262, 264

& 265), and for good cause shown, it is hereby ORDERED that the following deadlines shall

govern the further proceedings in this action:

**FIRST TRIAL**

| First Trial | Deadline[1] |
|---|---|
| June 16, 2017 | JELD-WEN to complete all production of documents and text messages required by the Court's order dated May 16, 2017 (Dkt. No. 237) |

---

[1] References to "plaintiff" or "defendant" in this column apply to counterclaim plaintiff
and counterclaim defendant as appropriate.

1

| First Trial | Deadline[1] |
|---|---|
| June 19, 2017 | Steves file response to counterclaims (Answer and motion to dismiss) |
| June 23, 2017 | JELD-WEN provide a supplemental answer to Interrogatory 12 |
| July 10, 2017 | Deadline for depositions of Kronospan, Masonite, Proteak, Siempelkamp and Finsa, noticed by JELD-WEN[2] |
| July 10, 2017 | JELD-WEN file opposition to motion to dismiss |
| July 10, 2017 | Deadline for parties to supplement data productions |
| July 17, 2017 | Steves file reply in support of motion to dismiss |
| July 17, 2017 | Parties will file Statements of Position on the nature and extent of the evidentiary hearing on the equitable and declaratory remedies for Steves' claims |
| August 4, 2017 | Close of fact discovery |
| August 4, 2017 | Deadline for JELD-WEN expert disclosures on contract counterclaims |
| August 9, 2017 10:00 a.m. | Hearing on motion to dismiss |
| August 21, 2017 | Deadline for expert supplementation for Steves' antitrust and contract claims |
| August 25, 2017 | Deadline for Steves' expert disclosures on contract counterclaims |
| September 1, 2017 | Deadline for JELD-WEN's rebuttal expert disclosures on contract counterclaims |
| September 15, 2017 | Close of Expert Discovery |
| September 22, 2017 | Motion(s) for summary judgment to be filed |
| October 20, 2017 | Opposition(s) to motion(s) for summary judgment to be filed |
| November 3, 2017 | Reply brief(s) in support of summary judgment to be filed |

---

[2] Depositions may be taken after July 10, but in no event later than August 4, upon agreement of both parties if required by the schedule of the third party.

Case 4:20-cv-00957-SDJ    Document 574-12    Filed 07/19/24    Page 40 of 45 PageID #:
19502
Case 1:23-cv-00108-LMB-JFA    Document 282-5    Filed 07/03/23    Page 6 of 11 PageID# 2718

| First Trial | Deadline[1] |
|---|---|
| November 7, 2017 | Parties to meet and confer regarding stipulations |
| November 10, 2017 | *Daubert* motions to be filed |
| November 10, 2017 | Motions *in limine* to be filed |
| November 13, 2017 | Parties shall exchange discovery (including deposition designations) intended for use at trial |
| November 13, 2017 | Plaintiff's witness and exhibit lists due to be filed and set of exhibits due to opposing counsel |
| ~~Week~~ of November 16, 2017 *at 10:00 AM* | Hearing on motion(s) for summary judgment |
| November 17, 2017 | Defendant's witness and exhibit lists due to be filed and set of exhibits due to opposing counsel |
| November 20, 2017 | All parties shall serve on all counsel a list of all fairness or rebuttal designations to discovery intended for use at trial |
| November 29, 2017 | Any objection to the introduction of any discovery designation or parts thereof shall be filed by each of the parties |
| November 29, 2017 | Objections to exhibits shall be filed |
| December 1, 2017 | Opposition to motions *in limine* and *Daubert* motions to be filed |
| December 1, 2017 | Written stipulations shall be signed by each counsel and filed |
| December 4, 2017 | Counsel shall confer to resolve objections to discovery designations and exhibits |
| December 4, 2017 | Deadline to file conformed discovery designations |
| December 11, 2017 | Replies in support of motions *in limine* and *Daubert* motions to be filed |
| December 12, 2017 10:00 a.m. | **Final Pretrial Conference** |
| December 14, 2017 | Each party shall file a complete set of proposed jury instructions |
| December 14, 2017 | Proposed *voir dire* to be filed |

REI

3

| First Trial | Deadline[1] |
|---|---|
| December 21, 2017 | Objections to jury instructions to be filed |
| December 21, 2017 | Objections to *voir dire* to be filed |
| January 4, 2018 9:30 a.m. | **Jury Selection** |
| January 5, 2018 | Plaintiff to file a set of agreed jury instructions and a separate set of disputed jury instructions |
| January 8, 2018 | Each party shall deliver to Court on the day of trial two sets of pre-marked, indexed exhibits (one for Judge Payne; one for the witnesses) |
| January 8, 2018 9:30 a.m. | **Trial to Commence**[3] |

## SECOND TRIAL

| Second Trial | Deadline[4] |
|---|---|
| June 19, 2017 | Steves file response to counterclaims (Answer and motion to dismiss) |
| June 30, 2017 | Parties to serve Initial Disclosures on trade secrets counterclaims |
| July 10, 2017 | JELD-WEN file opposition to motion to dismiss |
| July 17, 2017 | Steves file reply in support of motion to dismiss |
| August 9, 2017 10:00 a.m. | Hearing on motion to dismiss |
| September 8, 2017 | Close of fact discovery |
| September 22, 2017 | Deadline for JELD-WEN expert disclosures on trade secret counterclaims |
| October 20, 2017 | Deadline for Steves' expert disclosures on trade secret counterclaims |

---

[3] An evidentiary hearing will be held regarding any equitable or declaratory remedies (if necessary) following the verdict in the first trial, during the period January 23 to 25, 2018.

[4] References to "plaintiff" or "defendant" in this column apply to counterclaim plaintiff and counterclaim defendant as appropriate.

4

Case 4:20-cv-00957-SDJ    Document 574-12    Filed 07/19/24    Page 42 of 45 PageID #:
19504
Case 1:16-cv-01345-RJTA   Document 282-5 Filed 07/13/23 Page 8 of 11 PageID #: 12720

| Second Trial | Deadline[4] |
|---|---|
| November 3, 2017 | Deadline for JELD-WEN's rebuttal expert disclosures on trade secret counterclaims |
| November 17, 2017 | Close of Trade Secret Expert Discovery |
| November 29, 2017 | Motion(s) for summary judgment to be filed |
| December 20, 2017 | Opposition(s) to motion(s) for summary judgment to be filed |
| January 4, 2018 | *Daubert* motions to be filed |
| January 4, 2018 | Motions *in limine* to be filed |
| January 5, 2018 | Reply brief(s) in support of summary judgment to be filed |
| January 8, 2018 | Parties to meet and confer regarding stipulations |
| January 11, 2018 | Parties shall exchange discovery (including deposition designations) intended for use at trial |
| January 12, 2018 | Plaintiff's witness and exhibit lists due to be filed and set of exhibits due to opposing counsel |
| January 16, 2018 | Defendant's witness and exhibit lists due to be filed and set of exhibits due to opposing counsel |
| January 17, 2018 | Hearing on motion(s) for summary judgment |
| January 18, 2018 | All parties shall serve on all counsel a list of all fairness or rebuttal designations to discovery intended for use at trial |
| January 19, 2018 | Opposition to motions *in limine* and *Daubert* motions to be filed |
| January 20, 2018 | Objections to exhibits shall be filed |
| January 22, 2018 | Any objection to the introduction of any discovery designation or parts thereof shall be filed by each of the parties |
| January 22, 2018 | Written stipulations shall be signed by each counsel and filed |
| January 23, 2018 | Counsel shall confer to resolve objections to discovery designations and exhibits |

Case 4:20-cv-00957-SDJ    Document 574-12    Filed 07/19/24    Page 43 of 45 PageID #:
19505
Case 1:23-cv-00108-LMB-JFA    Document 282-5 Filed 07/03/23 Page 9 of 11 PageID# 2721

| Second Trial | Deadline[4] |
|---|---|
| January 24, 2018 | Replies in support of motions *in limine* and *Daubert* motions to be filed |
| January 26, 2018 | Deadline to file conformed discovery designations |
| January 29, 2018 | Each party shall file a complete set of proposed jury instructions |
| February 1, 2018 10:00 a.m. | **Final Pretrial Conference** |
| February 1, 2018 | Proposed *voir dire* to be filed |
| February 5, 2018 | Objections to jury instructions to be filed |
| February 5, 2018 | Objections to *voir dire* to be filed |
| February 8, 2018 9:30 a.m. | **Jury Selection** |
| February 8, 2018 | Plaintiff to file a set of agreed jury instructions and a separate set of disputed jury instructions |
| February 12, 2018 | Each party shall deliver to Court on the day of trial two sets of pre-marked, indexed exhibits (one for Judge Payne; one for the witnesses) |
| February 12, 2018 9:30 a.m. | **Trial to Commence** |

The provisions of the Initial Pretrial Order (Dkt. No. 65) and its attached Pretrial

Schedule A shall govern proceedings herein unless this Order provides otherwise.

It is so ORDERED.

Richmond, Virginia

Dated: _July 13 2017_

_/s/_    R EП
Robert E. Payne
Senior United States District Judge

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

```
F I L E D
DEC 1 4 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA
```

|  |  |  |
|---|---|---|
| STEVES AND SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:16-cv-545-REP |
| v. | ) | |
| | ) | |
| JELD-WEN, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### AMENDED SCHEDULING ORDER

Having reviewed the Parties' Joint Notice of Proposed Amended Scheduling Order

(ECF No. 711), and for good cause shown, it is hereby ORDERED that the following

deadlines shall govern the proceedings in this action:

| Event | Previous Deadline | Revised Deadline |
|---|---|---|
| Deadline to file conformed discovery designations | 12/4/2017 | 1/15/2018 |
| Each party shall file a complete set of proposed jury instructions | 12/14/2017 | 1/10/2018 |
| Proposed *voir dire* to be filed | 12/14/2017 | 1/19/2018 |
| **Final Pretrial Conference** | 12/15/2017 9:30 a.m. | 1/16/2018 9:30 a.m. (continuing to 1/17/18 if necessary) |
| Objections to jury instructions to be filed | 12/21/2017 | 1/18/2018 |
| Objections to *voir dire* to be filed | 12/21/2017 | 1/23/2018 |
| **Jury Selection** | 1/4/2018 9:30 a.m. | 1/25/2018 9:30 a.m. |

| | | |
|---|---|---|
| Plaintiff to file a set of agreed jury instructions and a separate set of disputed jury instructions | 1/5/2018 | 1/26/2018 |
| Each party shall to deliver to Court on the day of trial two sets of pre-marked, indexed exhibits (one for Judge Payne; one for the witnesses) | 1/8/2018 | 1/29/2018 |
| **Trial to Commence** | 1/8/2018 9:30 a.m. | 1/29/2018 9:30 a.m. |
| Evidentiary hearing regarding equitable or declaratory remedies (if needed) | 1/23/2018 to 1/25/2018 | 2/28/2018 to 3/1/2018 |

It is so ORDERED.


Richmond, Virginia

Dated: December 14, 2017

                                          /s/ REP
                                    _____
                                    Robert E. Payne
                                    Senior United States District Judge

2