# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) <br> ) <br> Plaintiffs,       ) <br> ) <br> v.                             ) <br> ) <br> GOOGLE LLC,                    ) <br> ) <br> Defendant.      ) <br> _____) | Civil Action No. 1:23cv0108 (LMB/JFA) |

## **ORDER**

This matter is before the court on plaintiffs' motion to clarify scheduling order. (Docket no. 276). This motion was filed on June 30, 2023 and was noticed for a hearing on July 7, 2023. (Docket no. 278). On July 3, 2023, the court entered an order indicating this motion would be decided without argument once defendant filed its response. (Docket no. 281). On July 5, 2023, defendant filed its brief in opposition. (Docket no. 282).

As shown in the memorandum in support of this motion and defendant's opposition, the parties agree that if plaintiffs prevail on their claims before the jury and make a determination to seek equitable relief, a separate proceeding before the District Judge would be necessary. Plaintiffs' motion requests that if a hearing on equitable relief is necessary following the jury trial, the court should determine "at that time the extent to which additional fact and expert discovery related to equitable remedies is necessary". (Docket no. 276 at 1). Defendant opposes this motion on various grounds, some procedural and some substantive. Defendant argues this is not a motion to clarify but it is a motion to modify the scheduling order that would require a showing of good cause. Defendant states that the issue of conducting additional discovery as to equitable remedies following the jury trial was not discussed during the negotiations concerning

1

the scheduling order. Defendant notes there is no provision in the scheduling order addressing how the court would proceed with determining plaintiffs' entitlement to equitable relief following the jury trial or the bifurcation of discovery relating to potential equitable remedies. Defendant takes the position that the deadlines in the scheduling order requiring that all fact and expert discovery must be completed by certain dates includes all fact and expert discovery concerning any equitable remedies that plaintiffs may seek following any verdict in plaintiffs' favor. Defendant argues that it would be prejudicial at this stage of the proceedings to "bifurcate" any discovery relating to potential equitable relief. Defendant relies on Judge Payne's approach in *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, 345 F. Supp. 3d 614 (E.D. Va. 2018) in which it appears that no additional fact discovery was undertaken between the jury verdict and the court's initial determination on plaintiff's entitlement to equitable relief. However, in that case Judge Payne's initial and supplemental scheduling orders specifically addressed the timing of an evidentiary hearing regarding equitable relief, if needed, following the jury trial.[1]

Given that the current scheduling order in this case does not address the procedure to be followed if the jury finds for plaintiffs and plaintiffs then decide to pursue equitable relief, seeking some clarification on that matter is appropriate. Plaintiffs' motion makes the seemingly simple request that the court would determine what additional fact and expert discovery "is necessary" if plaintiffs prevail at the jury trial and then decide to seek equitable relief based on

---

[1] A review of the docket sheet in *Steves & Sons* reveals the process followed by Judge Payne after the initial jury trial included having the plaintiff identify the specific equitable relief being sought, the legal basis for that relief, the witnesses to be called, and the documents intended to be introduced. The parties were directed to provide a list of expert witnesses to be called at the hearing and to agree on a schedule for exchanging expert reports relating to the equitable relief being sought. (Docket no. 1132). After Judge Payne found divestiture was appropriate, a special master was appointed to obtain information and make a recommendation as to how that divestiture should be accomplished.

2

the jury's verdict. Justifiably, defendant is concerned that plaintiffs' request could be interpreted as an indication that additional fact discovery would be necessary which could result in another round of expensive and time-consuming fact discovery. As shown in the correspondence reflecting the consultation among counsel prior to filing this motion (Docket nos. 282-3 and 282-4) and in plaintiffs' memorandum, plaintiffs have failed to provide defendant or the court with any specific information concerning what additional discovery may be needed that is "unique to potential equitable remedies". They refer to "technical feasibility" and the potential need to review additional source code, hardware on which the source code resides, and Application Programming Interface calls made among and within defendant's systems but they do not specify how any of that information would be needed to argue what equitable remedy is appropriate based on the jury's findings. In any event, the first step in this process is that plaintiffs must obtain a jury verdict in its favor. The next step would be for plaintiffs to decide, based on the jury's findings, whether they want to seek any equitable relief and, if so, what relief they want to request. As in *Steves & Sons*, plaintiffs will need to identify the equitable relief being sought based on the outcome of the jury trial promptly and provide the legal basis for that requested relief. At that point, it is likely that the parties would need to engage in some limited, additional exchange of expert reports that would address the specific remedies being sought.

    For these reasons, plaintiffs' motion is granted in part. In the event plaintiffs obtain a jury verdict is their favor on liability and monetary damages, the court will promptly convene a status conference to discuss whether plaintiffs wish to pursue equitable relief based on the jury's verdict, what equitable relief plaintiffs intend to pursue, the schedule for exchanging expert reports addressing the specific equitable remedy or remedies being sought, the schedule for briefing by the parties, and a date for the hearing. While it is unlikely that additional fact

discovery will be necessary for the court to decide what, if any, equitable remedies are appropriate, the parties will have the opportunity to address that issue at that status conference following any jury verdict in plaintiffs' favor.

Entered this 11th day of June, 2023.

                                                                          /s/
                                        John F. Anderson
                                        United States Magistrate Judge
                                        John F. Anderson
                                        United States Magistrate Judge

Alexandria, Virginia