# **EXHIBIT N**

| | | |
|---|---|---|
| 1 | Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com | Paul J. Riehle (SBN 115199)<br>paul.riehle@faegredrinker.com |
| 2 | **BARTLIT BECK LLP**<br>1801 Wewetta St., Suite 1200 | **FAEGRE DRINKER BIDDLE & REATH LLP** |
| 3 | Denver, Colorado 80202<br>Telephone: (303) 592-3100 | Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111 |
| 4 | | Telephone: (415) 591-7500 |
| 5 | Hae Sung Nam (*pro hac vice*)<br>hnam@kaplanfox.com | Christine A. Varney (*pro hac vice*) |
| 6 | **KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue | cvarney@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP** |
| 7 | New York, NY 10022<br>Tel.: (212) 687-1980 | 825 Eighth Avenue<br>New York, New York 10019 |
| 8 | | Telephone: (212) 474-1000 |
| 9 | *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* | *Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.* |
| 10 | Steve W. Berman (*pro hac vice*) | David N. Sonnenreich (*pro hac vice*) |
| 11 | steve@hbsslaw.com<br>**HAGENS BERMAN SOBOL SHAPIRO LLP** | dsonnenreich@agutah.gov<br>**OFFICE OF THE UTAH ATTORNEY** |
| 12 | 1301 Second Ave., Suite 2000<br>Seattle, WA 98101 | **GENERAL**<br>160 E 300 S, 5th Floor |
| 13 | Telephone: (206) 623-7292 | PO Box 140872<br>Salt Lake City, UT 84114-0872 |
| 14 | Eamon P. Kelly (*pro hac vice*)<br>ekelly@sperling-law.com | Telephone: 801-366-0260 |
| 15 | **SPERLING & SLATER P.C.**<br>55 W. Monroe, Suite 3200 | *Counsel for Utah* |
| 16 | Chicago, IL 60603<br>Telephone: 312-641-3200 | Brian C. Rocca (SBN 221576)<br>brian.rocca@morganlewis.com |
| 17 | | **MORGAN, LEWIS & BOCKIUS LLP** |
| 18 | *Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.* | One Market, Spear Street Tower<br>San Francisco, CA 94105-1596 |
| 19 | | Telephone: (415) 442-1000 |
| 20 | Bonny E. Sweeney (SBN 176174)<br>bsweeney@hausfeld.com | Daniel M. Petrocelli, Bar No. 97802<br>dpetrocelli@omm.com |
| 21 | **HAUSFELD LLP**<br>600 Montgomery Street, Suite 3200 | **O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars, 7th Fl. |
| 22 | San Francisco, CA 94104<br>Telephone: (415) 633-1908 | Los Angeles, CA 90067-6035<br>Telephone: (310) 553-6700 |
| 23 | | |
| 24 | *Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.* | *Counsel for Defendants Google LLC et al.* |
| 25 | | |
| 26 | [Additional counsel appear on signature page] | |
| 27 | | |
| 28 | | |

JOINT STATEMENT RE: CASE SCHEDULE<br>
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT STATEMENT RE: CASE SCHEDULE**<br><br>Judge:  Hon. James Donato |

1

JOINT STATEMENT RE: CASE SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD

1  Pursuant to this Court's Order dated July 22, 2021 (*In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal. 2021) ("MDL") ECF No. 67), the parties in the above-captioned MDL action ("the Parties"), by and through their undersigned counsel, submit this Joint Statement regarding the Parties' proposed case schedule.

**I.   JOINT STATEMENT OF THE PARTIES**

The Parties have exchanged proposals and met and conferred regarding a revised proposed schedule for these cases but have been unable to reach agreement. The different Plaintiffs in these cases – Epic, Consumer Plaintiffs, Developer Plaintiffs, and the State of Utah and its co-plaintiff States, Commonwealths, and Districts (collectively the "States") – have been able to reach agreement among themselves, and so consequently there are only two competing proposals regarding the schedule: Plaintiffs' proposal (see page 4) and Google's proposal (see page 11). The Parties are not far apart on the proposed date for a trial, but there are differences between the interim dates proposed by each side, which are addressed below. One area where the Parties are in agreement, however, is that an April or May 2022 trial is not feasible due to various factors. Plaintiffs therefore propose a trial date in September 2022; Google proposes a trial date in October 2022.

The Parties recognize that at this time it is difficult to predict how the various cases and parties will be situated at time of trial. Accordingly, the Parties propose that a firm trial structure be submitted closer to the trial date. Plaintiffs and Google address this topic in their respective sections below.

**II.   PLAINTIFFS' SCHEDULE PROPOSAL**

Plaintiffs have worked hard to agree upon one unified, coordinated schedule across all of the different plaintiff groups that balances and accommodates their different circumstances. Plaintiffs believe that the Parties can and should work together to be "trial ready" by September 2022. The States note, however, that they have not yet received any discovery in this case and have had only limited substantive discussions with the other Parties. This is in part because modifications to the existing Protective Order to address state law issues (*e.g.*, freedom of

information laws), though underway, need to be completed by the Parties and approved by the Court before confidential documents can be produced. The States anticipate receiving all existing discovery in the case soon after the modified Protective Order is approved and will use all reasonable efforts to meet the schedule. However, while the States and Google began the Rule 26(f) process on August 10, there remain significant differences of opinion as to the nature of the States' action and the appropriate scope of discovery that Google may request, which could significantly alter the proposed deadlines.

While Plaintiffs recognize the benefit of a unified and coordinated pretrial schedule across the different cases, they also recognize that at this time, it is hard to predict how the various cases and parties will be situated closer to trial. For that reason, Plaintiffs respectfully request that the issue of the precise format and structure of the trial(s) across these coordinated actions be deferred until a date closer to the "trial ready" date, when the Parties and the Court will have a better sense of how the cases are developing and of whether there are issues or factors that are present or may arise that militate toward or against proceeding in a certain way. Specifically, Plaintiffs propose that the Court set a date certain—which Plaintiffs respectfully submit should be in the spring or early summer of 2022—by which the Parties can meet and confer and then submit a statement addressing the issue of trial structure on a more informed basis (including, based upon the progress of the various cases in the interim). Given Google's suggestions below, however, the Consumer and Developers Plaintiffs note that in their view, any damages phase of their respective trials should be tried to a jury separately—*i.e.*, with separate Consumer Class and Developer Class damage trials. The Developer and Consumer Plaintiffs' damages claims do not raise common issues—or seek the same damages—so as to warrant joining the damages trials. Here, a separate damages trial for Consumers and Developers is warranted to avoid confusion and prejudice. *See* Fed. R. Civ. Pro. Rule 42(b) (separate trials or to bifurcate trial can be warranted in order (1) to avoid prejudice, (2) to promote expedition and economy, or (3) to further convenience).

### A.    Plaintiffs' Proposed Schedule

Plaintiffs' proposed schedule is as follows:

| Plaintiffs' Proposed Schedule ||
|---|---|
| **ACTIVITY** | **DATE** |
| Motion to Dismiss | September 8, 2021 |
| Opposition to Motion to Dismiss | October 15, 2021 |
| Reply on Motion to Dismiss | November 2, 2021 |
| Hearing on Google Motion to Dismiss | November 18, 2021 |
| Substantial Completion of the States' Document Production and Google Document Production in response to the States' Requests | December 17, 2021 |
| Final Document Production Deadline for Epic, the Class Plaintiffs, and Google | December 17, 2021 |
| Fact Discovery Cut Off | March 18, 2022 |
| Opening Merits and Class Certification Expert Reports | April 1, 2022 |
| Class Certification Motion | April 1, 2022 |
| Class Certification Opposition With Expert Reports | May 2, 2022 |
| Rebuttal Merits Expert Reports[1] | May 27, 2022 |
| Class Certification Reply With Expert Reports | May 27, 2022 |
| Class Certification Expert Discovery Cut Off | May 27, 2022 |
| Class Certification Hearing (including expert testimony/hot tubbing if the Court requests) | June 11, 2022 |
| Merits Expert Discovery Cut Off | June 21, 2022 |
| Dispositive and Daubert Motions | June 24, 2022 |
| Opposition to Dispositive and Daubert Motions | July 29, 2022 |
| Reply to Dispositive and Daubert Motions | August 10, 2022 |

---

[1] In addition, Plaintiffs recognize that there may be a need for a party to submit a reply and have reserved rights for any party to submit a reply expert report.

4

JOINT STATEMENT RE: CASE SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD

| Serve (but not file) Motions in Limine | August 10, 2022 |
|---|---|
| Expert Hot Tub | August 18, 2022 |
| Dispositive Motion Hearing | August 18, 2022 |
| Pretrial Filing Date | August 24, 2022 |
| Pretrial Hearing | September 1, 2022 |
| Liability Trial Ready | September 21, 2022 |

Plaintiffs believe the above proposed schedule achieves trial readiness by all parties in a way that is both viable and equitable, allowing all parties sufficient time to prosecute their cases effectively while avoiding unnecessary delays. Google's proposed schedule, by contrast, achieves neither of these goals; in fact, Google's proposed schedule introduces unnecessary delay *and* denies Plaintiffs the necessary time to prosecute their claims.

**B.   Response to Google's Proposed Schedule**

Google's proposal diverges from Plaintiffs in two meaningful ways.

*First*, Google proposes that the class certification briefing, expert disclosures and hearing all precede all merits expert disclosures and discovery. That is unnecessary. That sequencing will both delay and compress the schedule for merits expert reports – particularly the time between initial reports and rebuttal reports (56 days proposed by Plaintiffs; 14 days proposed by Google).

The Consumer and Developer Plaintiffs are working diligently to prepare expert reports for class and merits and believe that a common date for class and merits reports is the most efficient course. Also, in light of the fact that (i) the parties continue to produce relevant documents, (ii) the parties have yet to begin depositions, and (iii) Google has recently produced a vast amount of transactional data, an April 1st deadline for class certification provides sufficient time for Consumer and Developer Plaintiffs to prepare their expert reports in support of class certification.[2] There is no reason why those workstreams cannot proceed contemporaneously.

---

[2] To the extent the Court prefers a sequenced schedule, Consumer and Developer Plaintiffs, taking into account the progress of discovery to date, may be prepared to submit class

1  Google argues this is intended to mitigate "one-way intervention" problems.  However, as
2  Google recognizes, one-way intervention issues only occur when merits rulings are decided
3  before issues related to class certification.  Plaintiffs' proposal does not contemplate *any* merits
4  rulings before class certification is resolved, and thus does not implicate any "one-way
5  intervention" problems.  *See, e.g.*, *Taylor v. FedEx Freight, Inc.*, No. 1:13-CV-01137-LJO-
6  BAM, 2015 U.S. Dist. LEXIS 97706, at *7 (E.D. Cal. July 24, 2015) (rejecting defendants
7  argument that they were at risk of one-way intervention because "plaintiff is not moving for
8  summary judgment, or any other dispositive ruling prior to class certification. . . Therefore, there
9  is no risk that the Court will rule on the merits prior to certification".).

10        *Second*, and relatedly, Plaintiffs propose a *contemporaneous* exchange by Plaintiffs and
11  Google of initial and then rebuttal expert reports.  Google, by contrast, proposes a *sequential*
12  disclosure of expert reports, with Plaintiffs going first, Google responding, and Plaintiffs then
13  filing a reply.  Google's proposal would be highly prejudicial to Plaintiffs.  Specifically,
14  Plaintiffs' schedule contemplates that each side will have about two months to respond to the
15  other's merits expert reports, a necessary window of time in light of the likely significant number
16  of experts, the complexity of their opinions, and the centrality of their opinions to this case.  In
17  contrast, Google's schedule affords Google seven weeks to respond to Plaintiffs' opening
18  reports, but then allows Plaintiffs only *two weeks* to respond to Google's merits expert reports.
19  That compressed, sequential schedule is inequitable and inefficient.  And importantly, Google's
20  proposal of a sequential exchange of expert reports represents a departure from the positions
21  Google itself took previously in proposed schedules it submitted to the Court – including in the
22  Joint Statement re: Case Schedule dated May 27, 2021 filed in this case (ECF No. 46), and the
23  November 6, 2020 Stipulation and Proposed Schedule filed in *Epic Games, Inc. v. Google LLC*,
24  No. 3:20-cv-05671-JD (N.D. Cal. 2020) (ECF No. 87).  Those prior schedules proposed by

---

26  certification expert reports in February at the earliest.  Accordingly, Plaintiffs propose the
    following dates for class certification if it is separated from merits expert discovery:  February
27  11, 2022, for class certification with expert report; March 11, 2022, for opposition to class
    certification with expert report; and April 1, 2022, for reply with reply expert report.
28

Google all recognized the efficiency and appropriateness of contemporaneous exchanges of expert reports – as Plaintiffs continue to propose.

Relying on a 2007 out-of-circuit district court decision, Google claims that its proposed sequencing of expert reports is "routine practice". But contemporaneous exchange of reports is routine in this Court. *See, e.g., In re Robinhood Outage Litigation*, No. 20-CV-01626-JD, (N.D. Cal. July 14, 2020) (ECF No. 89). Indeed, "the default provision under the applicable federal civil rule provides for an initial simultaneous exchange of expert reports unless otherwise stipulated or ordered." *Aszmus v. McInnis*, No. 3:14-CV-00166-SLG, 2014 WL 12631868, at *1 (D. Alaska Dec. 8, 2014) (citing Fed. R. Civ. P. 26(a)(2)(D)(i); *but see* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendments, Paragraph (2)). Google's proposal not only allows Google to "obtain[] an obvious litigation advantage of prepar[ing] [its] expert reports after seeing [Plaintiffs'] first", *Sanchez v. Stryker Corp.*, No. 210CV8832ODWJCGX, 2012 WL 13006186, at *3 (C.D. Cal. Mar. 28, 2012), it also ignores the fact that under the rule-of-reason burden-shifting analysis, Google itself bears the burden of proof with respect to procompetitive justifications for its conduct. *FTC v. Qualcomm Inc.*, 969 F.3d 974, 991 (9th Cir. 2020).

### III.  GOOGLE'S PROPOSAL

Google will be seeking the dismissal of all Complaints on the schedule ordered by the Court and reflected below.

In the event the MDL proceeds beyond the pleadings, however, Google proposes below a reasonable case schedule and tentative trial plan. At this early stage of the MDL proceedings, Google has proposed ambitious but realistic deadlines, and a fair and efficient sequencing of case events, consistent with Google's Seventh Amendment rights and preserving its objections to impermissible one-way intervention. Google respectfully reserves the right to modify its proposal as the MDL advances, based on further feedback from the Court as well as factual and legal developments that may alter the efficiencies and fundamental fairness of any trial plan. In the meantime, Google's updated proposal reflects the following principles:

### A. October is a reasonable trial date under the current circumstances

Since the parties last submitted a scheduling proposal, events warrant modifications to the previously proposed case schedule. All parties agree on this point. Google respectfully proposes a trial in October 2022. Under Google's proposal, trial would fall approximately two years after the service of the earliest-filed complaint in the MDL, a reasonable (indeed, aggressive) timeline for this type of complex, multi-party antitrust action, especially in light of the recently-added States' Action. Google's proposal builds in a reasonable amount of time so that the parties can complete the various work streams and present matters efficiently to the Court for decision. Although the parties have made extensive progress on document and data discovery, substantial fact discovery remains, even without consideration of necessary, new discovery directed specifically to the recently-filed States' complaint (which adds 37 new plaintiff-States to the MDL). In addition, each group of Plaintiffs opted to amend their complaints before any hearing of Google's motion to dismiss, which necessarily delayed pleadings challenges and impacted the overall case schedule.

### B. Google proposes a logical sequencing of case events that is consistent with the Court's prior guidance and maximizes pretrial coordination and efficiency.

Google agrees with the Court's prior guidance:

THE COURT: Now, in terms of a scheduling order, first, the way I like to pace cases is to have fact discovery -- class cert proceedings go before the close of fact discovery. All right? So it's class cert, get through that; close the fact discovery, finish that; then you do your expert discovery, and then you file your dispositive motions and Daubert motions.

Oct. 29, 2020 Status Conference Tr. at 7:23-8:4. This approach makes sense because it emphasizes pretrial coordination, a fundamental purpose of MDL proceedings, and it would mitigate issues arising under the "one-way intervention" doctrine (discussed more fully below). Alternative proposals would lead to inefficiencies and unnecessary burdens, such as the service of merits expert reports on different schedules, the filing of dispositive motion papers on different deadlines, and may lead to multiple trials relating to the same conduct and alleged damages.

**C. Google's proposed sequence for the disclosure of merits expert reports reflects standard practice in antitrust and complex litigation, is fully consistent with the Court's prior guidance, and is more efficient than concurrent expert disclosures.**

Google proposes that the parties sequence the service of expert reports as follows: (1) the party that bears the burden of proof on a given issue serves its opening expert reports on that issue; (2) the opposing party or parties then serve rebuttal expert reports; and (3) the party with the burden of proof then serves rebuttal reports in reply.  Not only is seriatim exchange the "routine practice," *Sandata Techs., Inc. v. Infocrossing, Inc.*, No. 05 Civ. 09546, 2007 WL 4157163, at *1 (S.D.N.Y. Nov. 16, 2007), it is contemplated by Rule 26 itself.  *See* Fed. R. Civ. P. 26 Advisory Committee Note to 1993 Amendment ("[I]n most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue."); *see also* Fed. Judicial Ctr., Manual on Complex Litigation, Fourth § (2004) ("[T]he party with the burden of proof on an issue should normally be required to disclose its expert testimony on that issue before the other parties.").  This Court has adopted Google's proposed sequencing in other cases.  *See, e.g.*, MDL Scheduling Order at 1, *In re Capacitors Antitrust Litig. (No. III)*, No. 17-md-02801-JD, Dkt. 39.  Plaintiffs' proposal for simultaneous disclosure diverges from this standard practice, and risks prejudice and inefficiency.  *See, e.g.*, *Plumbers & Pipefitters Local Pension Fund v. Cisco Sys., Inc.*, No. C 01-20418 JW, 2005 WL 1459572, at *1-2 (N.D. Cal. June 21, 2005) (rejecting argument that Rule 26 "contemplates a simultaneous exchange of expert disclosures," noting that "to respond to [Plaintiffs' experts'] theories, Defendants['] expert must know of them in advance").  Simply put, seriatim service of expert disclosures ensures that the party bearing the burden focuses on setting forth its showing and it ensures the opposing party knows what it needs to rebut, before it is required to tender its rebuttal.  This avoids shadow boxing, it avoids wasted effort and it is consistent with fundamental fairness; that is why it is the convention.

**D. Any trial should be after the class certification and coordinated dispositive motions are decided, and should be tried together (both on liability and damages) before the same jury.**

Although it is early in the MDL proceedings -- the pleadings are not yet settled and substantial discovery remains -- at this stage Google supports the Court's statement to not try "the same liability questions more than once." MDL ECF No. 67 at 2. Google has therefore proposed a schedule that at this time contemplates a consolidated trial before a single jury. Such a trial could proceed, subject to considerations of efficiency and fairness, with liability addressed first, and then, only if needed, damages addressed in a subsequent phase heard by the same jury. At this stage, Google is concerned that permitting separate juries to consider liability and damages would be inefficient and potentially prejudicial. Moreover, any determination of equitable remedies could be efficiently addressed -- again, only if necessary -- by the Court following the jury proceedings.

**E. Google objects to any proposal that leads to different juries hearing damages claims relating to the same alleged conduct.**

It would be inefficient and prejudicial for different juries to hear potentially overlapping and/or conflicting damages claims purportedly flowing from the same alleged conduct. The juries may effectively be asked to re-examine and re-decide the same or related damages issues, leading to collateral estoppel issues and the risk of inconsistent and/or duplicative awards, raising fundamental fairness and Seventh Amendment concerns. As such, Google's current position is that any required damages phase should be coordinated and presented to the same jury.

**F. Any case schedule should mitigate "one-way intervention" problems.**

The schedule should permit class certification to be addressed first. Merits rulings (e.g., whether on dispositive motions or at trial) prior to a decision on class certification and the opportunity for putative class members to opt in or opt out, create one-way intervention problems. By permitting class certification to be determined in advance of merit determinations, the Court ensures that class members receive notice of the action and the opportunity to opt-out well *before* the merits of the case are adjudicated; and it ensures that any decision on the merits is binding on the certified class. Otherwise, defendants are prejudiced because members of a

not-yet-certified class can await the Court's ruling on the merits and either opt in to a favorable ruling or avoid being bound by an unfavorable one. The doctrine is "one way" because a plaintiff may not be bound by a decision that favors the defendant, but could decide to benefit from a decision favoring the class. *See, e.g., Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1020 (2015).

Based on those principles, Google proposes the following schedule:

| ACTIVITY | PROPOSAL |
|---|---|
| Motion to Dismiss [**set**] | September 8, 2021 |
| Opposition to MTD [**set**] | October 15, 2021 |
| Reply re MTD [**set**] | November 2, 2021 |
| Hearing on MTD [**set**] | November 18, 2021 |
| Final document productions in response to RFPs pending as of August 13, 2021 (excluding any refresh productions) | November 19, 2021 |
| Substantial Completion of States' Document Production and Google Document Production in response to States' Requests | December 17, 2021 |
| Class Cert Motion With Expert Report | January 14, 2022 |
| Class Cert Opposition Brief With Expert Report | March 4, 2022 |
| Class Cert Reply Brief | March 25, 2022 |
| Fact Discovery Cut Off | March 25, 2022 |
| Class Certification Hearing and Expert Hot Tub | April 7, 2022 |
| Plaintiffs' Merits Expert Reports | April 15, 2022 |
| Google's Merits Expert Reports | June 3, 2022 |
| Plaintiffs' Merits Reply Expert Reports | June 17, 2022 |
| Expert Discovery Cut Off | July 22, 2022 |
| Dispositive Motions/Daubert | July 29, 2022 |

11

JOINT STATEMENT RE: CASE SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD

| | |
|---|---|
| Dispositive Motions/Daubert Opposition | August 19, 2022 |
| Dispositive Motion Replies | September 1, 2022 |
| Dispositive Motion Hearing and Expert Hot Tub | September 8, 2022 |
| Serve (but not file) Motions in Limine | September 8, 2022 |
| Pretrial Filing Date | September 22, 2022 |
| Pretrial Conference | October 6, 2022 |
| Trial | October 25, 2022 |

Google tenders these proposals consistent with its knowledge of the facts and law at this time. Google is mindful that the MDL proceedings are at an early stage and that circumstances may change over the course of case events. Google believes it may be prudent for the Court to implement a schedule as indicated above, but then reserve any decision on the specific form of trial, whether there will be a single or multiple trials, and the sequencing of trials, later in the case. For example, the Court could enter Google's proposed schedule and then take up the specifics of the trial plan at a case management conference following an order on Google's motion to dismiss or after a hearing on class certification.

In all circumstances, Google requests that the Court set a reasonable schedule that provides enough time for the discovery required by and of all parties, including the States, and that sequences class certification and dispositive motions before any trial. As the case proceeds and circumstances evolve, Google respectfully requests the further opportunity to update the Court on Google's position as to the most fair and efficient trial plan.

**IV.     LEXECON WAIVERS**

Consumer Class Plaintiffs have reached out to discuss *Lexecon* waivers with the plaintiffs in the actions transferred by the MDL order and are in the process of trying to secure these waivers. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

1  Respectfully submitted,

2  Dated: August 27, 2021                    CRAVATH, SWAINE & MOORE LLP
3                                              Christine Varney *(pro hac vice)*
                                               Katherine B. Forrest *(pro hac vice)*
4                                              Darin P. McAtee *(pro hac vice)*
                                               Gary A. Bornstein *(pro hac vice)*
5                                              Timothy G. Cameron *(pro hac vice)*
                                               Yonatan Even *(pro hac vice)*
6                                              Lauren A. Moskowitz *(pro hac vice)*
                                               Omid H. Nasab *(pro hac vice)*
7                                              Justin C. Clarke *(pro hac vice)*
8                                              M. Brent Byars *(pro hac vice)*

9                                            FAEGRE DRINKER BIDDLE & REATH LLP
                                               Paul J. Riehle (SBN 115199)
10

11                                           Respectfully submitted,

12                                           By:   /s/ Yonatan Even
                                                   Yonatan Even
13

14                                                 *Counsel for Plaintiff Epic Games, Inc.*

15

16  Dated: August 27, 2021                    BARTLIT BECK LLP
                                               Karma M. Giulianelli
17

18                                            KAPLAN FOX & KILSHEIMER LLP
                                               Hae Sung Nam
19

20                                            Respectfully submitted,

21                                            By:   /s/ Karma M. Giulianelli
22                                                  Karma M. Giulianelli

23                                                  *Co-Lead Counsel for the Proposed Class in
                                                    In re Google Play Consumer Antitrust
24                                                  Litigation*

25

26

27

28

| | | |
|---|---|---|
| Dated: August 27, 2021 | | PRITZKER LEVINE LLP<br>Elizabeth C. Pritzker |
| | | Respectfully submitted, |
| | By: | */s/ Elizabeth C. Pritzker*<br>Elizabeth C. Pritzker |
| | | *Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* |
| Dated: August 27, 2021 | | HAGENS BERMAN SOBOL SHAPIRO LLP<br>Steve W. Berman<br>Robert F. Lopez<br>Benjamin J. Siegel |
| | | SPERLING & SLATER PC<br>Joseph M. Vanek<br>Eamon P. Kelly<br>Alberto Rodriguez |
| | | Respectfully submitted, |
| | By: | */s/ Steve W. Berman*<br>Steve W. Berman |
| | | *Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Pure Sweat Basketball* |

Dated: August 27, 2021

HAUSFELD LLP
    Bonny E. Sweeney
    Melinda R. Coolidge
    Katie R. Beran
    Scott A. Martin
    Irving Scher

Respectfully submitted,

By:   /s/ Bonny E. Sweeney
      Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc.*

Dated: August 27, 2021

OFFICE OF THE UTAH ATTORNEY GENERAL
    David N. Sonnenreich

Respectfully submitted,

By:   /s/ David N. Sonnenreich
      David N. Sonnenreich

*Counsel for Utah*

Dated: August 27, 2021

MORGAN, LEWIS & BOCKIUS LLP
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Minna L. Naranjo
    Rishi P. Satia

Respectfully submitted,

By:   /s/ Brian C. Rocca
      Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

| | | |
|---|---|---|
| 1 | Dated: August 27, 2021 | O'MELVENY & MYERS LLP |
| 2 | | Daniel M. Petrocelli |
| | | Ian Simmons |
| 3 | | Benjamin G. Bradshaw |
| | | Stephen J. McIntyre |

Respectfully submitted,

By:  */s/ Daniel M. Petrocelli*
       Daniel M. Petrocelli

*Counsel for Defendants Google LLC et al.*

### E-FILING ATTESTATION

I, Brian C. Rocca, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Brian C. Rocca*
Brian C. Rocca