# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, *et al.*,<br><br>      Plaintiffs,<br><br> vs.<br><br>GOOGLE LLC,<br><br>      Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

### NON-PARTY META PLATFORMS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER (Dkt. 521)

**TABLE OF CONTENTS**

I. State Plaintiffs Fail To Show That Any of The Documents At Issue Are Relevant And Proportional to A Claim Or Defense............................................................................ 2

    A. State Plaintiffs fail to articulate any theory of relevance and proportionality for documents produced in response to the Non-Google CIDs. ................................................................................................................... 2

    B. State Plaintiffs' desire for a sworn declaration regarding millions of pages of documents is unduly burdensome and not proportional. .................................... 3

    C. Documents produced in response to the October 20, 2020 CID relating to Google have already been produced to State Plaintiffs. ......................................... 5

II. State Plaintiffs Do Not Identify Any Deficiency in the Extensive Discovery Meta Has Already Produced. ................................................................................................. 5

III. Conclusion .................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bavely, Tr. of AAA Sports, Inc. v. Panini Am., Inc.*,
   2023 WL 3686806 (E.D. Tex. Jan. 27, 2023) ............................................................................2

*Magee v. BPX Props. (N.A.), L.P.*,
   830 F. App'x 740 (5th Cir. 2020) .............................................................................................4

*Merrill v. Waffle House, Inc.*,
   227 F.R.D. 467 (N.D. Tex. 2005) .............................................................................................3

*Uniloc 2017 LLC v. Cardo Sys., Inc.*,
   2019 WL 13472203 (E.D. Tex. May 22, 2019) .......................................................................2

**Other Authorities**

Fed. R. Civ. P. 26 ............................................................................................................................2

State Plaintiffs seek 13 million pages of non-party Meta's confidential documents in a case about *Google's* alleged antitrust violations based on the bald assertion that there is "some possibility" that one of those documents may be relevant (they do not assert the relevant document would be non-duplicative). Dkt. 557 ("Opp.") at 10. This is on top of the approximately 345,000 documents and hours of corporate testimony Meta already provided following extensive negotiations with State Plaintiffs and which they agreed satisfied Meta's discovery obligations. State Plaintiffs' Opposition confirms there is good cause for this Court to grant Meta's Motion and enter a protective order barring reproduction of vast amounts of confidential Meta documents that are not related to the claims and defenses at issue here.[1]

First, State Plaintiffs do not demonstrate that the non-produced documents are relevant and proportional to this case. State Plaintiffs in fact acknowledge that the categories of non-produced documents all concern Meta, not Google. Meta's hesitation to swear under oath regarding the possible relevance of the non-produced documents says nothing about whether the documents are actually relevant. That is because Meta cannot reasonably make such a declaration without first undertaking the extraordinary burden of re-reviewing all 13 million pages of documents. There is no justification for imposing such a disproportionate burden on a non-party for the potential to find a needle in a haystack, especially when Meta has already produced hundreds of thousands of documents to State Plaintiffs. Absent a showing of relevance and proportionality, the documents are not discoverable and should be barred from reproduction here.

Second, Meta complied with State Plaintiffs' agreement on the scope of Meta's discovery

---

[1] State Plaintiffs fault Meta for seeking a protective order, *see, e.g.*, Opp. at 1, but that is the appropriate process for non-parties like Meta to protect their interests in confidentiality. *See e.g.*, Joint Stip. and Order (Dkt. 510) ¶ 3; *see also United States v. Google LLC*, No. 1:23-cv-000108 (E.D. Va.), Dkt. 203 (protective order) at 27 n.7.

obligations. State Plaintiffs do not (and could not) identify any deficiency in the discovery Meta provided that would justify further reproduction of its confidential documents.

**I.  STATE PLAINTIFFS FAIL TO SHOW THAT ANY OF THE DOCUMENTS AT ISSUE ARE RELEVANT AND PROPORTIONAL TO A CLAIM OR DEFENSE.**

Courts exercise "broad discretion in determining whether to grant a motion for protective order" and may do so where the movant "demonstrates good cause and a specific need for protection." *Bavely, Tr. of AAA Sports, Inc. v. Panini Am., Inc.*, 2023 WL 3686806, at *2 (E.D. Tex. Jan. 27, 2023). Good cause is satisfied where the discovery at issue is irrelevant and unduly burdensome. *See id.* at *7. Meta has shown there is good cause by explaining the non-produced documents were responsive to unrelated CIDs and are not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1); Mot. 1–3, 7–8. Once the movant has shown good cause, as Meta has here, "the burden shifts to the party seeking the confidential information to demonstrate that a protective order would necessarily impair its 'ability to prosecute or defend its claims.'" *Uniloc 2017 LLC v. Cardo Sys., Inc.*, 2019 WL 13472203, at *2 (E.D. Tex. May 22, 2019). Here, State Plaintiffs essentially concede they have not carried their burden. *See* Opp. 9 (admitting topics in Non-Google CIDs[2] pertain to Meta, rather than Google). Thus, Meta's Motion should be granted.

**A. State Plaintiffs fail to articulate any theory of relevance and proportionality for documents produced in response to the Non-Google CIDs.**

Meta's Motion explained the wide range of irrelevant subjects covered by the Non-Google CIDs. State Plaintiffs concede Meta's showing of irrelevance, and further, fail to articulate any plausible theory of relevance and proportionality. They assert that the Non-Google CIDs "appear

---

[2] As described in Meta's Motion, Mot. 1–3, the parties seek reproduction of the entirety of Meta's documents in DOJ's investigative file in *United States v. Google LLC*, No. 1:23-cv-000108 (E.D. Va.) ("EDVA Action"), which contains Meta's responses to six different civil investigative demands ("CIDs"). Only three of the CIDs relate to the DOJ's Google-specific investigation ("Google CIDs"), while the other three are not related to the claims in this case ("Non-Google CIDs"). *See id.* at 2.

2

to implicate" relevant documents. Opp. at 9–10. But they fail to substantiate any such "implication" as they point to no specification in the Non-Google CIDs calling for materials that relate to any claim or defense. *Id.*; *see also* Patchen Decl., Exs. 2–4, Dkts. 521-3–5 (CIDs).

State Plaintiffs summarize the CID specifications as covering documents about "(1) antitrust or competition-related investigations into **Meta's** conduct from 2010 to 2020, (2) antitrust or competition-related lawsuits involving **Meta** from 2010 to 2020, and (3) certain FTC CIDs." Opp. at 9 (emphasis added). However, as State Plaintiffs concede, this case "involves **Google's** alleged antitrust violations," *id.* at 10 (emphasis added), rather than allegations against Meta. State Plaintiffs cannot square the fundamental disconnect between the specifications of the Non-Google CIDs at issue—which are premised on investigations and lawsuits involving Meta—and the allegations in this case, in which Google is the only defendant. State Plaintiffs have therefore failed to articulate any plausible theory of relevance and proportionality.[3]

State Plaintiffs' argument that all non-party materials produced in the EDVA action are presumptively relevant is also unpersuasive. *See id.* at 8. The purported presumption arises from a conclusory Joint Stipulation between State Plaintiffs and Google to which Meta was not a party. State Plaintiffs rely on this non-existent "presumption" of relevance to excuse their failure to comply with the Federal Rules of Civil Procedure and to give themselves a second bite at the apple.

    **B.**    **State Plaintiffs' desire for a sworn declaration regarding millions of pages of documents is unduly burdensome and not proportional.**

---

[3] State Plaintiffs' authority, *see* Opp. 10, did not involve analogous circumstances. In *Merrill*, the plaintiffs, responding to a motion to compel, failed to address certain discovery requests and, as to other requests, "did not tender the disputed medical records for *in camera* review or otherwise provide a description of the medical records." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 469–74 (N.D. Tex. 2005). Unlike the plaintiffs in *Merrill*, Meta has described the documents at issue by providing the specifications for the unrelated Non-Google CIDs, Patchen Decl., Exs. 2–4 (Dkts. 521-3–5), and describing how the non-produced documents encompass irrelevant subjects, Mot. at 1–3, 8.

Having failed to articulate a plausible theory of relevance and proportionality, State Plaintiffs attempt to draw a negative inference from Meta's hesitation to swear under oath as to the possible relevance of 13 million pages of documents to claims in a 236-page complaint[4] and unknown defenses. The request for such a declaration is unrealistic. A declarant cannot reasonably be expected to swear under oath to the likelihood of relevant documents without re-reviewing the underlying documents. This is particularly true where the underlying documents consist of millions of pages, some of which Meta produced to the DOJ as many as four years ago. *See* Suppl. Decl. of Kate Patchen ("Suppl. Decl.") ¶ 3. And those documents contained reproductions of materials going back to as early as 2012. *See* Patchen Decl. ¶ 7. Such an undertaking would require Meta to comb through millions of pages of documents spanning more than a decade. This is not a reasonable burden for a non-party. Although Meta explained this burden to State Plaintiffs, Suppl. Decl. ¶ 4, State Plaintiffs nonetheless try to twist the lack of a declaration into something it is not.

State Plaintiffs' insistence on this sworn declaration is equivalent to a request that Meta identify all relevant documents within a 13 million-page document collection. This approach circumvents the discovery rules. Had State Plaintiffs served a subpoena requesting that Meta reproduce the documents "relevant" to their claims, Meta would object that the request is vague and ambiguous, lacks particularity, and is not proportional to the needs of the case. *See Magee v. BPX Props. (N.A.), L.P.*, 830 F. App'x 740, 741 (5th Cir. 2020) (affirming district court's decisions "repeatedly grant[ing] protective orders limiting Plaintiffs' broad and vague discovery requests"). Indeed, State Plaintiffs' subpoena in this matter to Meta made no such general request. And yet,

---

[4] *See In Re: Google Digital Advert. Antitrust Litig.*, No. 1:21-md-03010-PKC, Fourth Amend. Compl., Dkt. 541 (S.D.N.Y. May 5, 2023).

that is essentially State Plaintiffs inappropriate demand here.

### C. Documents produced in response to the October 20, 2020 CID relating to Google have already been produced to State Plaintiffs.

Finally, State Plaintiffs wrongly assert that Meta refused to reproduce documents Meta produced in response to the October 20, 2020 Google CID. *See* Opp. at 9. However, as Meta explained to State Plaintiffs, those documents have been reproduced in this case. Suppl. Decl. ¶¶ 5–7. And many of the same data files were in fact produced to Texas in 2020 in response to its investigation CID. *Id.* ¶ 6. There is nothing further to be produced related to the October 20, 2020 CID. *Id.* ¶¶ 5–7.

## II. STATE PLAINTIFFS DO NOT IDENTIFY ANY DEFICIENCY IN THE EXTENSIVE DISCOVERY META HAS ALREADY PRODUCED.

State Plaintiffs mischaracterize their agreement regarding the scope of Meta's production as a "meet and confer" necessitated by the timing of depositions. *See* Opp. at 4–6. But it was as State Plaintiffs describe—an "agreement"—and that agreement clearly limited Meta's discovery obligations.[5]  Regardless, State Plaintiffs do not dispute the volume and scope of Meta's production and fail to identify any document or testimony—out of the thousands of documents and multiple hours of testimony Meta provided—that suggests that any of the non-produced material is relevant and non-duplicative. *See* Suppl. Decl. ¶ 8.

## III. CONCLUSION

The Court should grant Meta's Motion and enter a protective order barring Google from producing any additional materials involving Meta that are covered by the Stipulation and Order for Reproduction of Discovery (Dkt. 510).

---

[5] *See* Patchen Decl., Ex. 14 (Dkt. 521-15) ("We have an agreement. We accept your clarification and amendment of our proposed terms and the agreed production as constituting Meta's complete response to the document subpoena with no further supplementation required.").

Dated: July 22, 2024  /s/ *Melissa R. Smith*

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Andrew T. "Tom" Gorham
**GILLAM & SMITH LLP**
303 South Washington Ave.
Marshall, TX 75670
Tom@gillamsmithlaw.com
Phone: (903) 934-8450
Fax: (903) 934-9257

Kate Patchen (*pro hac vice*)
Michael E. Bowlus
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission St., Ste. 5400
San Francisco, CA 94105
kpatchen@cov.com
mbowlus@cov.com
Phone: (415) 591-6000
Fax: (415) 955-6091

*Attorneys for Non-Party Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 22nd day of July 2024.

*/s/ Melissa R. Smith*
Melissa R. Smith
