IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **THE STATE OF TEXAS, et al,** § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00957-SDJ |
| § | |
| **GOOGLE LLC,** § | |
| § | |
| *Defendant.* § | |

# DEFENDANT GOOGLE LLC'S NOTICE OF
# MOTION TO REVIEW THE
# JULY 15, 2024 ORDER OF THE SPECIAL MASTER

Pursuant to this Court's January 26, 2024 Order Appointing Special Master [Dkt. 213], Defendant Google LLC ("Google") hereby notifies the Special Master and the Court of its forthcoming Motion to Review the Special Master's July 15, 2024 Order on certain "discovery on discovery" ("Special Master's Order"), [Dkt. 558]. Google has produced some of the documents implicated by the Special Master's Order. In producing these documents, Google seeks to narrow the disputed issues before the Court and reserves its right to object to any findings of fact, conclusions of law, and procedural rulings associated with the Special Master's Order. In accordance with the Order Appointing Special Master, Google will present to the Court its challenges to the Special Master's ruling by July 29, 2024, fourteen days from the date of the Special Master's decision.

## BACKGROUND

On June 26, 2024, the Plaintiff States moved to compel additional discovery from Google regarding the preservation of certain employee chats. On July 15, 2024, after further briefing and

a telephonic hearing, the Special Master granted the States' motion only in part, ordering Google to produce: (1) the start and end dates for any legal holds sent to Google's custodians dating back to January 1, 2015; (2) portions of the litigation holds Google has issued in connection with this case; and (3) the backend logs produced in *In re Google Play Store Antitrust Litigation* (N.D. Cal.).[1] The Special Master ordered Google to produce each of these items within seven days of the filing of the decision—by July 22, 2024.

On July 22, 2024, Google produced excerpts of the litigation holds implicated by the Special Master's Order. However, Google objects to several aspects of the Special Master's Order and is preparing a motion for review. In a letter sent earlier today, Google informed the Plaintiffs that it planned to challenge portions of the Special Master's Order under the procedures set forth in this Court's Order Appointing Special Master.

## NOTICE

Under the Order Appointing Special Master, Google is entitled to "challenge any decision of the Special Master" within "14 days from the filing date of the Special Master's decision." Dkt. 213 at 11. That is done by "motion for review of the Special Master's decision." *Id.* The "orders, reports, or recommendations of the Special Master shall be deemed approved, accepted, and ordered by the Court" only upon this Court's resolution of such objections or the parties' failure to timely object. *Id.*

The Order Appointing Special Master also incorporates the standard of review set forth in Federal Rule of Civil Procedure 53(f), which provides that the court "must decide de novo" all objections to findings of fact and conclusions of law made by a Special Master. Fed. R. Civ. P. 53(f)(3)–(4). Rule 53(f) further provides that "[i]n acting on a master's order, report, or

---

[1] The Special Master denied the States' motion to compel production of a deposition transcript and exhibits from an unrelated third case, referred to as the "Location Case."

recommendations, the court must give the parties notice and an opportunity to be heard." *Id.* at 53(f)(1).

Google now provides notice to the Special Master and the Court that it will file a Motion for Review within the time frame set by the Court in its Order Appointing Special Master: by July 29, 2024. Given this forthcoming motion, the Special Master's Order is not effective unless and until the Court approves or accepts it. *See* Dkt. 213 at 11. Requiring the production of the disputed discovery now—before the Court has had an opportunity to review, much less decide, Google's challenges to the Special Master's Order—would nullify the protections afforded by the Order Appointing Special Master and the Federal Rules. The Court would be unable to meaningfully review the Special Master's Order, and Google's objections would be effectively mooted.

In sum, Google will file timely objections to the Special Master's Order in accordance with the procedure set forth in the Order Appointing Special Master. Google has complied with a portion of the Order and, as to the remainder, will await the Court's ruling on its forthcoming objections.

| | |
|---|---|
| Dated: July 22, 2024 | Respectfully submitted, |

                                                        **GIBBS & BRUNS LLP**

*/s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
RGibbs@gibbsbruns.com
Ayesha Najam
Texas Bar No. 24046507
ANajam@gibbsbruns.com
Charles M. Rosson
Texas Bar No. 24074985
CRosson@gibbsbruns.com
Caitlin A. Halpern
Texas Bar No. 24116474
CHalpern@gibbsbruns.com
Ann T. Lebeck
Texas Bar No. 24055840
ALebeck@gibbsbruns.com
Michael R. Davis
Texas Bar No. 24109793
MDavis@gibbsbruns.com
Michael Doman
Texas Bar No. 24131182
MDoman@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Tel.: (202) 777-4545
eric.mahr@freshfields.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on July 22, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Kathy D. Patrick*
Kathy D. Patrick
