**FILED UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § § § | |
| v. | § § § § | CIVIL NO. 4:20-CV-957-SDJ |
| GOOGLE LLC | § | |

## REPORT AND RECOMMENDATION OF SPECIAL MASTER

The Court referred Google LLC's ("Google") Motion for Protective Order Prohibiting Plaintiffs from Deposing Sergey Brin, Sundar Pichai, and Neal Mohan (Dkt. #349) (the "Motion") to the Special Master for consideration and entry of a report and recommended disposition. (Dkt. #367). On April 15, 2024, the Plaintiff States (the "States") filed their response in opposition to the Motion. (Dkt. #375). On April 18, 2024, the Special Master held an in-person hearing regarding the Motion (the "April 18 Hearing").

In the Motion, Google seeks a protective order prohibiting the depositions of three high-ranking Google executives: (1) Google's CEO Sundar Pichai, (2) Google's co-founder and board member Sergey Brin, and (3) YouTube CEO Neal Mohan. (Dkt. #349).

For the reasons stated herein, the Special Master recommends that the Court **GRANT-IN-PART** and **DENY-IN-PART** the Motion. The Special Master recommends that all three depositions proceed. However, Mr. Brin's deposition shall be limited to 2.5 hours, and Mr. Pichai and Mr. Mohan's depositions shall be limited to 4 hours each.

1. **LEGAL STANDARD**

It is well-established that "control of discovery is committed to the sound discretion of the trial court." *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Both Rule 26(b)(1) and this District's Local Civil Rule 26(d) provide guidance in evaluating whether the requested discovery is both relevant and proportional. *See* Fed. R. Civ. P. 26(b)(1) (factors to consider include the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."); E.D. Tex. Local Rule CV-26(d) (5 factors guiding relevant discovery). Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (internal quotation marks and citation omitted).

"The only pre-deposition protest allowed by the Federal Rules of Civil Procedure is a motion for a protective order." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 144 (E.D. Tex. 2003) (citations omitted). Under Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The movant bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific

demonstration of fact as distinguished from stereotyped and conclusory statements." *Equal Emp. Opportunity Cmm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (internal quotation marks and citation omitted); *Zavala v. Cooper Tire & Rubber Co.*, No. 4:22-CV-498, 2022 WL 17069113, at *1 (E.D. Tex. Nov. 17, 2022) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)) ("Therefore, a Protective Order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection.").

Protective orders barring depositions are rarely granted, "and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (citations omitted) (noting that "[i]t is very unusual for a court to prohibit the taking of a deposition altogether").

2. ANALYSIS

a. Pichai and Brin Depositions

Google argues that, owing to Mr. Brin and Mr. Pichai's high-level positions at Google, they should be considered apex deponents under the *Salter* framework. (Dkt. #349 at 6). Google argues that, as to the issues identified by the States for which they seek testimony—namely, Google's acquisition of DoubleClick in 2008 and the Network Bidding Agreement between Google and Meta ("NBA")—Messrs. Brin and Pichai do not have unique knowledge. (*Id.* at 6–9). Google argues that the States are not entitled to depose Messrs. Brin and Pichai, as the States have not yet exhausted less-intrusive means to acquire the information sought, *e.g.*, from deposing lower-level employees or Rule 30(b)(6) deponents on the same topics. (*Id.* at 9–10). In support of its position, Google relies upon *Computer Acceleration Corp. v. Microsoft*

3

*Corp.*, No. 9:06-cv-140, 2007 WL 7684605 (E.D. Tex. June 15, 2007) and *Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12-cv-878-JDL, 2015 WL 11143486 (E.D. Tex. Mar. 15, 2015), in which Courts in this District declined to order the depositions of Bill Gates of Microsoft and the CEO of Nintendo, respectively. (*See id.* at 5–6); (Apr. 18 Hrg. Tr. at 117–118).

The States respond that, under a burden-shifting framework analysis used by Courts in this District, the States have met their initial burden to show relevance of the requested discovery, and Google has failed its burden to show that the States can obtain information through less-intrusive means and that the witnesses lack unique knowledge. (Dkt. #375 at 4–5). The States argue that Messrs. Brin and Pichai possess unique, relevant information, as they were both intimately involved with Google's "acquisition of DoubleClick [and] played a significant role in all of the other monopolization and attempt theories" of the States' claims. (*Id.* at 5–7); (Apr. 18 Hrg. Tr. at 140). The States emphasized Messrs. Brin and Pichai's intent as to DoubleClick and further as to Google's plans upon acquiring that important ad server asset. (*Id.* at 140–41). The States allege that "Google entered the publisher ad server market by acquiring DoubleClick in 2008…*Soon thereafter*, Google began pursuing an unlawful strategy to monopolize the market for publisher ad servers." (Fourth Am. Complaint ¶¶ at 245–46) (emphasis added). Mr. Brin was President of Google at this time. (Dkt. 349-1 at 8). The States also urge that Mr. Pichai as CEO has relevant knowledge of the NBA and had "final approval" of the agreement, (Dkt. #375 at 8), which Google disputes. (Dkt. 339-1 at 8). The States argue they cannot acquire this critical

4

information by deposing lower-ranking personnel, noting that Google has not identified any individuals with equal or superior knowledge, and also noting that Google no longer employs many of the individuals who appear on relevant documents. (*See id.* at 6–7, 9, n. 3, 4).

As to proportionality and burden, the States stressed in oral argument the importance of this case, noting that "[t]his is a case by 17 sovereign States. And we're seeking to break up Google. That's a pretty big deal." (Apr. 18 Hrg. Tr. at 141). The States further note that "the stakes are high," and "[t]he allegations that we're making are real serious, so it means that high level people have to get in a chair" and "sit for a deposition." (*Id.* at 141–42). Accordingly, the States argue, the burden of ordering Messrs. Brin and Pichai to provide deposition testimony is justified given the importance of the issues at stake in the action, the amount in controversy, and proportionality of the case. (*Id.*). The States also argue that intent is an essential element of their attempted monopolization claims and it is rare for direct evidence of anti-competitive intent to be documented, thus requiring exploration through depositions of high-level and policy-making Google personnel. (*Id.* at 139–40).

The "apex doctrine," as applied in Texas state courts, does not apply in federal court. *See Gauthier v. Union Pac. R.R. Co.*, No. CIV. A. No. 1:07-CV-12 (TH/KFG), 2008 WL 2467016, at *4 n.2 (E.D. Tex. June 18, 2008)("[T]he specific standards set forth by the Texas apex doctrine . . . [are] inapplicable in this federal . . . proceeding"). "Federal courts permit the depositions of high-ranking executives, also known as apex executives, when conduct and knowledge at the highest levels of the corporation are

relevant to the case." *Motion Games*, 2015 WL 11143486, at *1. When a high-ranking executive was personally involved in events giving rise to a consequential dispute, that executive may be deposed. *Kimberly-Clark Corp. v. Continental Cas. Co.*, 2006 WL 3436064, at *4 (N.D. Tex. Nov. 29, 2006) ("[I]n this case Continental has shown that Falk has personal involvement in a multimillion insurance dispute that requires his testimony.").

Google relies upon *Computer Acceleration*, but that case is distinguishable from this action. (Apr. 18 Hrg. Tr. at 148). In *Computer Acceleration*, the plaintiff sought Mr. Gates's deposition regarding the asserted "importance that Mr. Gates placed on boot speed," a discrete technical issue in a patent infringement case, which request the Court denied. 2007 WL 7684605, at *1. In contrast, the Special Master notes Mr. Gates did testify at deposition and at trial in *United States v. Microsoft Corp.*, an unquestionably important antitrust proceeding in which the Department of Justice sought to break up Microsoft. *See U.S. v. Microsoft Corp.*, 253 F.3d 34, 99 (D.C. Cir. 2001) (referring to trial testimony from Gates); https://www.justice.gov/atr/deposition-bill-gates-us-v-microsoft-corporation (Gates deposition transcript) (last accessed April 22, 2024).

Google also relies upon the *Motion Games* case. In *Motion Games*, the plaintiffs sought the deposition of Nintendo's CEO, Satoru Iwata, regarding three subject matters: (i) public remarks alleged to contradict comments made by Nintendo's witnesses, (ii) the background of a license agreement, and (iii) to "investigate" meetings between plaintiff and representatives for Nintendo of America. 2015 WL

11143486, at *2. In denying plaintiff's motion to compel the deposition, the Court in *Motion Games* concluded that there were no contradictions in Mr. Iwata's public remarks and that Mr. Iwata had no relevant, unique knowledge regarding the license agreement or meetings between Motion Games and Nintendo of America. *Id.*, at *2–4. Here, unlike in *Computer Acceleration* and *Motion Games*, the Special Master finds that Messrs. Brin and Pichai possess unique, relevant knowledge, especially as to the actions taken after the acquisition of DoubleClick that is of substantial importance to the antitrust claims. Further, unlike in *PA Advisors, LLC v. Google, Inc.*, Civ. A. No. 2:07-cv-480-DF, 2009 WL 10741630 (E.D. Tex. Aug. 28, 2009), neither Mr. Brin nor Mr. Pichai submitted declarations to the effect that they lack unique knowledge. *See id.*, at *1 ("Mr. Brin declares that he has no unique information about this case . . . .").

Turning first to Mr. Brin, the Special Master finds that Mr. Brin likely possesses unique, relevant knowledge. Specifically, the documentary record of emails establish Mr. Brin has direct personal knowledge regarding the DoubleClick acquisition, including Google's goals with respect to such acquisition, the rationale behind paying a higher price for DoubleClick, and Google's competition with Microsoft for the acquisition of DoubleClick. (*See* Dkt. #375-7, #375-8).

Although the DoubleClick acquisition standing alone may not be alleged to be an anti-competitive act of Google, it is the alleged origin of Google's digital advertising business and the subsequent conduct with that enterprise is at the core of the monopolization and attempted monopolization claims in this case. (Fourth Am.

7

Complaint ¶¶ 19, 245–46); (Apr. 18 Hrg. Tr. at 140). Further, the States allege in Count II of their Fourth Amended Complaint that Google attempted to achieve monopoly power "willfully, knowingly, and with specific intent." (*Id.* ¶ 604); see *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993) ("[I]t is generally required that to demonstrate attempted monopolization a plaintiff must prove . . . a specific intent to monopolize . . . ."). Thus, the knowledge of high-level executives such as Mr. Brin about the importance of DoubleClick and Google's attendant business intentions for that asset is uniquely important and relevant (Apr. 18 Hrg. Tr. at 140-41). And as the States note, many, but not all, of the other individuals involved in the acquisition are no longer employed by Google. (Dkt. #375 at 6, n.3); (Apr. 18 Hrg. Tr. at 142).[1]

Mr. Brin is a founder and President of Google when it acquired DoubleClick, . (*See* Dkt. #375-7 at GOOG-TEX-01068771 (" "), GOOG-TEX-01068772 (" ")). However, since the acquisition occurred years ago, and Google has identified Mr. Mohan as also

---

[1] Mr. Brin's position is closer to that of Mark Zuckerberg in *ZeniMax Media, Inc. v. Oculus VR, LLC*, 2015 WL 13949662 (N.D. Tex. Dec. 7, 2015), in which the district court ordered Mr. Zuckerberg's deposition to proceed due to his "active participation in Facebook's acquisition of Oculus" and because "he has unique knowledge, as Facebook's Founder, Chairman, and CEO, regarding his own decision to acquire Oculus and his valuation of Oculus . . . ." *Id.*, at *2.

possessing knowledge regarding the acquisition,[2] the Special Master is sensitive to Google's arguments and is of the view that Mr. Brin should receive some protection. Accordingly, Mr. Brin's deposition should be limited to 2.5 hours, which is considerably less than the 7 hours permitted under the Court's Scheduling Order (Dkt. #194 at 7) and also less than the States sought (Ex. 1).

Second, the Special Master is persuaded that Mr. Pichai as CEO possesses ample, current, relevant and unique knowledge—likely to an even greater extent than Mr. Brin. The States have shown that Mr. Pichai was a key figure in factual developments relevant to this case, including the DoubleClick acquisition, the Network Bidding Agreement with Meta, and competition with Microsoft. (*See* Dkt. #375-3, #375-4, #375-5, #375-9, #375-11, #375-12). Further, as the CEO of Google, Mr. Pichai undoubtedly has unique knowledge with respect to Google's Display Ads business, a significant revenue driver of the company, and as with Mr. Brin, other persons who appear on relevant documents with Mr. Pichai are no longer employed at Google. (Dkt. #375 at 7, n.4).[3]

In response to inquiry from the Special Master, the States advised that they only seek "3-4 hours" for the three requested depositions. (*See* Ex. 1) (Apr. 18, 2024

---

[2] Google identifies Mr. Mohan as a Rule 30(b)(6) witness regarding the transaction. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ about *Google's* plans or intentions as alleged by the States.

[3] The Special Master notes that CEO Pichai testified in other recent antitrust matters involving Google—*Epic Games, Inc. v. Google LLC*, No. 3:20-cv-5671-JD (N.D. Cal.) ("*Play*") and *U.S. v. Google LLC*, No. 1:20-cv-3010-APM (D.D.C.) ("*Search*").

email from Z. DeRose to Special Master). Upon careful consideration, the Special Master recommends that Mr. Pichai be deposed for no more than 4 hours. (*See* Dkt. #194 at 7) (Court's Scheduling Order providing that depositions of "executive-level employees of Google" are limited to 7 hours).

### b. Mohan Deposition

Google seeks to preclude the deposition of Neal Mohan, who was previously an officer of DoubleClick and then was involved in DoubleClick integration when he joined Google. Importantly, Google does *not* contend that Mr. Mohan lacks relevant knowledge, but instead bases its argument on the fact that Mr. Mohan was deposed for 7 hours during the pre-suit investigation[4] and for another 7 hours in October 2023 as part of the MDL. (Dkt. #349 at 10–11). Google points out that the States cross-noticed Mr. Mohan's deposition in July 2023, then withdrew their cross-notice the following month and did not participate in the deposition. (*Id.*). Google therefore argues that another deposition of Mr. Mohan would be unreasonably cumulative and unduly burdensome. (*Id.* at 12).

The States argue in response that they have not deposed Mr. Mohan in this case, that they are not bound by the terms of the MDL or Virginia Coordination Orders because this action is not a "Coordinated Case," and that Google has relatively recently produced more than 12,000 documents related to Mr. Mohan since his deposition in the MDL. (Dkt. #375 at 11–15).

---

[4] The Court previously ordered that pre-suit depositions taken in response to Civil Investigative Demands "do not count against the deposition caps" imposed by the Court. (*See* Dkt. #194 at 6–7).

10

In the Special Master's view, the States are not bound by the terms of Coordination Orders entered in other Courts, and thus Mr. Mohan has not been deposed in this case. Further, Google has not agreed that Mr. Mohan's testimony from the Virginia Action can be used in this case. (*See* Apr. 18 Hrg. Tr. at 134) ("Are you willing to say that the deposition he gave to the DOJ can be treated as if it were taken in this case? . . . We will get back to you on that."). Additionally, Google has produced thousands of documents relating to Mr. Mohan since his deposition in October 2023. Finally, Google has represented that Mr. Mohan will be designated as a Rule 30(b)(6) witness on Google's behalf, including as to Topic 66 relating to DoubleClick. (Apr. 18 Hrg. Tr. at 126) ("[W]e will have a witness testify about [the acquisition], and it would be Mr. Mohan"); (*id.* at 136) ("[T]o some extent, we may designate him on some issues, so there may be a limited amount of extra testimony"). That said, Mr. Mohan has been deposed a total of 14 hours. And given that Mr. Mohan is also being put forward by Google in his capacity as a Rule 30(b)(6) representative, the Special Master therefore recommends that Mr. Mohan be limited to a deposition of no more than 4 hours in his individual capacity.

3. **CONCLUSION**

For the reasons stated herein, the Special Master recommends that the Court **GRANT-IN-PART** and **DENY-IN-PART** the Motion. Mr. Pichai and Mr. Mohan shall be deposed for no more than 4 hours each, whereas Mr. Brin shall be deposed for no more than 2.5 hours.

**FILED UNDER SEAL**

Signed this 25th day of April, 2024.

                                           *[signature]*
                                           David T. Moran
                                           **Special Master**
                                           TXBN: 14419400
                                           JACKSON WALKER LLP
                                           2323 Ross Avenue, Suite 600
                                           Dallas, Texas  75201
                                           Telephone: (214) 953-6051
                                           E-mail:  dmoran@jw.com

**FILED UNDER SEAL**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 25th day of April, 2024 and was served on all counsel who are deemed to have consented to electronic service by electronic mail.

_____
David T. Moran

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to the Court's Order Appointing Special Master (Dkt. No. 213), I certify that the Court has already granted authorization to seal this document.

Date: April 25, 2024

_____
David T. Moran