IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**GOOGLE'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO CLARIFY THE COURT'S SCHEDULING ORDER TO PROVIDE FOR POTENTIAL POST-TRIAL PROCEEDINGS ON INJUNCTIVE RELIEF**

## TABLE OF CONTENTS

ARGUMENT ................................................................................................................................. 1
    A. While Not Required Here, Good Cause Exists ............................................................... 1
    B. Plaintiffs Effectively Concede the Judicial Economy of Bifurcation Here ..................... 2
    C. There Is No Credible Claim of Prejudice, and Any Prejudice Could Be Cured ............. 4

Plaintiffs' opposition to Google's Motion to Clarify, ECF No. 571 ("Motion"),[1] boils down to two core arguments: (1) bifurcation would not promote judicial economy; and (2) Plaintiffs would be prejudiced by bifurcation at this stage of the case. ECF No. 574 ("Opp.") at 10-11 (efficiency), 8-15 (prejudice). Both arguments fail. Even Plaintiffs acknowledge additional discovery on injunctive relief may be necessary after the liability trial, effectively conceding that bifurcation would avoid inefficient discovery on injunctive relief now. Indeed, all that Plaintiffs have disclosed in discovery on injunctive relief at this stage is two short interrogatory responses and a small portion of the Economist Report with high-level, theoretical observations on equitable remedies—just roughly 20 of the 900 pages of expert reports Plaintiffs served on June 7—so they would face no prejudice from bifurcation. And, even if there were any prejudice, it could be readily cured by appropriate case management measures, including permitting Plaintiffs to withdraw, and avoid questions at deposition or trial on, this portion of the Economist Report. Meanwhile, absent bifurcation, the parties and Court will be burdened with costly, unfocused pre-trial discovery and litigation on remedies, only to do it all over again post-trial tailored to the actual liability finding (if any). For the reasons in its Motion and below, Google respectfully requests that the Court grant its Motion and enter the Proposed Order.

## ARGUMENT

### A. While Not Required Here, Good Cause Exists.

Plaintiffs contend that Google must demonstrate good cause because its Motion seeks to modify the Scheduling Order. Opp. 14-15. But a showing of good cause is not required here because Google does not seek an extension of a deadline that it cannot meet. *See, e.g.*, Order at 3, ECF No. 457 (May 1, 2024) ("May 2024 Order"). Google simply seeks to clarify the Scheduling Order, which does not provide a process for post-trial proceedings on injunctive

---

[1] Unless indicated otherwise, Google adopts the same defined terms as in the Motion.

relief.[2]  In any event, as explained in the Motion and below, good cause exists here because bifurcation (i) is appropriate under Rule 42(b) to serve judicial economy and due process, and (ii) would not cause any prejudice to Plaintiffs.[3]  *See TIGI Linea Corp. v. Pro. Prod. Grp.,* 2021 WL 1264427, at *2 (E.D. Tex. Apr. 6, 2021) (finding good cause based on information in briefing).[4]

### B.  Plaintiffs Effectively Concede the Judicial Economy of Bifurcation Here.

Nothing in Plaintiffs' opposition outweighs the important judicial economy and due process principles supporting the Proposed Order.  Mot. 6-13 (judicial economy), 13-15 (due process).  *See also, e.g.*, *Cellular*, 2017 WL 2267296, at *2 (finding good cause for scheduling order modification based on "important" consideration of "judicial efficiency"); *Polycom, Inc. v. Codian, LTD*, 2007 WL 7658922, at *3 (E.D. Tex. Apr. 23, 2007) (granting bifurcation to "streamline . . . discovery," "promote judicial economy," and avoid "confus[ing] and burden[ing] a jury that will already be confronted with a fairly complex" case).

The liability and remedy issues in this case are complex and will each consume significant judicial resources, and Plaintiffs do not credibly contend otherwise.  Plaintiffs do not dispute that they have not detailed the particular form any injunctive relief would take.  Mot. 2-4.  They also do not dispute that a liability determination in Google's favor would obviate the need for any remedies discovery or proceedings.  Nor do they dispute that, in the event of a liability

---

[2] As the Eastern District of Virginia concluded under similar circumstances, "seeking some clarification on that matter is appropriate."  ECF No. 550-6 at 2-4 (establishing post-trial equitable relief proceedings without requiring good cause).  Contrary to Plaintiffs' insinuation, Opp. 13, this Order did not give Google reason to seek earlier clarification here, as Plaintiffs had not indicated they intended to proceed any differently than in the *Search* and *Play* Cases.  Mot. 5.
[3] In this brief, Google cites cases under both the bifurcation and good cause standards because, no matter which applies, the same considerations support entry of the Proposed Order.
[4] Contrary to Plaintiffs' mischaracterization, Opp. 14-15, Google sought clarification promptly and did not engage in any "strategic delay."  Mot. 5-6.  In any event, good cause still exists even if Plaintiffs' claim is credited.  *See, e.g.*, *Cellular Commc'ns Equip. LLC v. AT&T Inc.*, 2017 WL 2267296, at *2 (E.D. Tex. May 24, 2017) (despite claim of delay, finding good cause based on "judicial efficiency," lack of prejudice, and offer of "additional limited discovery").

determination in Plaintiffs' favor, any request for injunctive relief must be tailored to the as-yet-unknown liability determination and that this determination may foreclose certain relief. *Id.* at 9-10.  Plaintiffs accordingly concede the judicial economy of "separate proceedings on liability and remedy in the form of a jury trial on liability followed by post-trial briefing and other proceedings on equitable remedies as this Court may find appropriate." Opp. 11 (cleaned).

On discovery, however, Plaintiffs want it both ways.  They claim to oppose the Proposed Order's approach of deferring discovery on injunctive relief until after the liability trial, while conceding that, once the liability determination is known, "additional post-trial discovery on remedies" "may become necessary." *Id.*  Plaintiffs essentially propose that the parties engage in two rounds of discovery on equitable remedies, one now before the liability determination is known—even though, in Plaintiffs' own words, "[m]uch of this effort by the parties and the Court would likely be wasted" (ECF No. 550-11 at 10)—and one after the liability trial, in the event of a finding in Plaintiffs' favor.  Plaintiffs provide no legitimate basis for this inefficient approach that is contrary to well-established practice and their past positions.[5]  They cite no antitrust case in which discovery on injunctive relief has proceeded in this way.

Contrary to Plaintiffs' assertion, Opp. 10-11, it will still serve judicial economy to avoid speculative discovery now on a hypothetical post-trial request for injunctive relief that may change (or be foreclosed by) the as-yet-unknown liability determination.  For example, it would save substantial resources for the parties and the Court to defer further costly litigation involving any Google expert reports addressing the equitable remedies portion of the Economist Report,

---

[5] The cases Plaintiffs cite involve circumstances where, unlike here, the party seeking bifurcation sought separate juries or other relief that would plainly cause delay or duplicative work. *See, e.g.*, *Guedry v. Marino*, 164 F.R.D. 181, 185-86 (E.D. La. 1995) (seeking seven separate trials); *Brown Bottling Grp., v. Imperial Trading Co.*, 2022 WL 4110918, at *7 (S.D. Miss. Sept. 7, 2022) (seeking to limit initial discovery to non-dispositive claim); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992) (seeking two juries).

3

Plaintiffs' rebuttals, and expert depositions, *Dauberts*, or *in limine* motions on these reports.[6]

### C. There Is No Credible Claim of Prejudice, and Any Prejudice Could Be Cured.

While they acknowledge their approach would run counter to the typical approach courts take in complex antitrust cases to "avoid inefficiencies," Opp. 10, 12-14, Plaintiffs urge a different path based on purported "prejudice." They claim that bifurcation of discovery on injunctive relief at this stage would cause "severe prejudice," Opp. 8, because roughly 20 of the 900 pages of expert reports Plaintiffs served on June 7 contain a high-level discussion of potential equitable remedies.[7] This purported prejudice, if any, is minimal, and could be cured.

Plaintiffs dramatically overstate the significance of the Economist Report's opinions on equitable remedies, which provide nothing more than a high-level, theoretical framework on equitable remedies.[8] Contrary to Plaintiffs' assertion, this information does not give Google an "advantage" in any aspect of this case. Indeed, it is substantially similar to Plaintiffs' high-level interrogatory responses,[9] and like those responses, does not detail the particular form any such remedies would take. By comparison, in successfully moving to compel disclosure of *all* of Google's expert reports from the Virginia Ad Tech Case—thousands of pages across dozens of issues—Plaintiffs disclaimed any prejudice to Google or "unfair advantage" to Plaintiffs from their "sneak peek" into Google's positions before expert discovery began. *See* ECF No. 342 at 6. Plaintiffs cannot now credibly claim prejudice, let alone "severe prejudice," from the Economist

---

[6] *See, e.g.*, ECF No. 550-11 at 10 (Plaintiffs emphasizing that, without bifurcation in *Search* Cases, expert reports "would likely require significant revisions to track the specific factual findings" at trial and "expert depositions would likely need to be retaken").

[7] *See* ECF No. 574-5, at 75-95 (21 out of a total of 95 pages).

[8] He theorizes about a "structural remedy" in the form of a "[d]ivestiture of the [DFP] publisher ad server" (*id.* ¶¶ 209-15) and three potential "behavioral remedies" in the form of "non-discriminatory interoperability" (*id.* ¶¶ 221-48), "[i]nternal separation with best interest duties and firewalls" (*id.* ¶¶ 249-66), and "transparency disclosure requirements" (*id.* ¶¶ 267-77).

[9] *See* ECF No. 550-2 at 24 (referring to "potential" DFP divestiture); *id.* at 23 (referring to eight "potential" behavioral remedies, including with respect to interoperability and disclosures).

4

Report's limited, high-level, and incremental disclosures on equitable remedies.

Even if the Court were to find some minimal prejudice,[10] appropriate case management measures "would alleviate any prejudice" and would be "insignificant when considered in the larger framework of this case." *See* May 2024 Order at 8.[11]  Specifically, Google proposes that (i) Plaintiffs be permitted to withdraw the equitable remedies section of the Economist Report (which, as a standalone section, requires no "gerrymander[ing]," Opp. 10), and (ii) Google shall be precluded from questioning the economist at deposition or trial on the withdrawn opinions.

Plaintiffs also claim prejudice based on vague, unspecified concerns over "delay" and a "threat[]" to their claimed "jury-trial right." Opp. 9-10.  But equitable remedies are reserved for the Court following any liability determination, as Plaintiffs recognize (Opp. 11).  And, in the event this case proceeds before a jury, the Proposed Order will *streamline* the liability trial and avoid confusing and burdening the jury with evidence on remedies that it has no authority to decide.[12]  Far from delaying resolution, bifurcation will—in Plaintiffs' own words—result in "more efficient proceedings." *See* ECF No. 550-11 at 11.  The Court could also guard against any potential delay by expediting remedies discovery and proceedings after trial, if there is a liability finding.  In addition, nothing in the Proposed Order "threatens" any claimed "jury-trial right." Opp. 9.  In the event this case proceeds before a jury, the Court can structure the trial as appropriate, with Plaintiffs free to present all facts regarding liability, including facts that may implicate both liability and remedies.

---

[10] A finding of potential prejudice does not require denial of the Motion, and Plaintiffs' cases do not establish otherwise.  *See, e.g.*, *Polycom*, 2007 WL 7658922, at *3 (granting motion to bifurcate despite nonmovant's claimed prejudice from "discovery issues for two separate trials").
[11] *See also, e.g.*, *Meier v. UHS of Delaware, Inc.*, 2021 WL 1561615, at *7 (E.D. Tex. Apr. 21, 2021) ("Even assuming slight prejudice did exist, such prejudice could be cured" through defendant's proposal for additional discovery); *TIGI*, 2021 WL 1264427, at *3 (similar).
[12] Google does not concede that any issues must be tried to a jury, but, in any event, the question of equitable remedies is plainly reserved for the Court and not to be tried to a jury.

5

| | |
|---|---|
| Dated: July 24, 2024 | Respectfully submitted,<br><br>*/s/ Kathy D. Patrick*<br>Kathy D. Patrick<br>State Bar No. 15581400<br>KPatrick@gibbsbruns.com<br>Robin C. Gibbs<br>Texas Bar No. 07853000<br>RGibbs@gibbsbruns.com<br>Ayesha Najam<br>Texas Bar No. 24046507<br>ANajam@gibbsbruns.com<br>Charles M. Rosson<br>Texas Bar No. 24074985<br>CRosson@gibbsbruns.com<br>Caitlin A. Halpern<br>Texas Bar No. 24116474<br>CHalpern@gibbsbruns.com<br>Ann T. Lebeck<br>Texas Bar No. 24055840<br>ALebeck@gibbsbruns.com<br>Michael R. Davis<br>Texas Bar No. 24109793<br>MDavis@gibbsbruns.com<br>Michael Doman<br>Texas Bar No. 24131182<br>MDoman@gibbsbruns.com<br>1100 Louisiana, Suite 5300<br>Houston, Texas 77002<br>Tel.: (713) 650-8805<br>Fax: (713) 750-0903<br><br>Eric Mahr (*pro hac vice*)<br>FRESHFIELDS BRUCKHAUS DERINGER LLP<br>700 13th Street NW<br>Washington, DC 20005<br>(202) 777-4545<br>eric.mahr@freshfields.com<br><br>Justina Sessions<br>FRESHFIELDS BRUCKHAUS DERINGER LLP<br>855 Main Street<br>Redwood City, CA 94063<br>(650) 461-8276<br>justina.sessions@freshfields.com |

Daniel S. Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
(415) 490-1486
dbitton@axinn.com

Bradley Justus (*pro hac vice*)
James K. Hunsberger (*pro hac vice*)
David R. Pearl (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
bjustus@axinn.com
jhunsberger@axinn.com
dpearl@axinn.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that, on July 24, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Kathy D. Patrick*
Kathy D. Patrick