IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **THE STATE OF TEXAS**, et al, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| **GOOGLE LLC,** | § § § | |
| *Defendant.* | § § | |

## DEFENDANT GOOGLE LLC'S UNOPPOSED MOTION TO FILE UNDER SEAL

Defendant Google LLC ("Google") respectfully moves the Court for leave to file under seal its Motion for Review of the Special Master's July 15, 2024 Order Granting in Part Plaintiffs' Motion to Compel Written Discovery Regarding Google Chats ("Motion for Review"), filed on July 29, 2024. Under Rule CV-5(a)(7), Google will file redacted copies of the Motion for Review within seven days.

### LEGAL STANDARD

While "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For example, courts have recognized that the public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Tex. Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex. May 30, 2017), and "sources of business information that might harm a litigant's competitive standing,"

*Nixon*, 435 U.S. at 598. In exercising its discretion to seal judicial records, "the Court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (directing courts to balance right of access against interest of nondisclosure).

## ARGUMENT

Google's Motion for Review should be filed under seal because it contains references to non-public sensitive commercial information that, if disclosed publicly, is likely to cause Google competitive harm. In fact, the Motion for Review contains quotes from earlier briefing in this case that remain redacted on the public docket.

Courts routinely recognize that the interest in non-disclosure of sensitive business information outweighs the general public right of access. *See, e.g., Nixon*, at 597–98 (recognizing that public access may be properly limited to protect "sources of business information that might harm a litigant's competitive standing"); *Conn Credit I, LP v. TF Loanco III, LLC*, No. 1:14-CV-429, 2016 WL 8231153, at *1 (E.D. Tex. May 9, 2016) (granting a motion to seal documents containing a "large amount of confidential business information"); *Dickey's Barbecue Pit, Inc. v. Neighbors*, No. 4:14-CV-484, 2015 WL 13466613, at *4 (E.D. Tex. June 5, 2015) (granting a motion to seal a document "filled with financial information regarding [a company's] franchises, as well as contact information for individuals and companies operating those franchises"); *see also* Local Rule CV-5(a)(7)(E).

## CONCLUSION

For these reasons, the Court should grant Google's Unopposed Motion to Seal.

| | |
|---|---|
| Dated: July 29, 2024 | Respectfully submitted,<br><br>**GIBBS & BRUNS LLP**<br><br>*/s/ Kathy D. Patrick*<br>Kathy D. Patrick<br>State Bar No. 15581400<br>KPatrick@gibbsbruns.com<br>Robin C. Gibbs<br>Texas Bar No. 07853000<br>RGibbs@gibbsbruns.com<br>Ayesha Najam<br>Texas Bar No. 24046507<br>ANajam@gibbsbruns.com<br>Charles M. Rosson<br>Texas Bar No. 24074985<br>CRosson@gibbsbruns.com<br>Caitlin A. Halpern<br>Texas Bar No. 24116474<br>CHalpern@gibbsbruns.com<br>Ann T. Lebeck<br>Texas Bar No. 24055840<br>ALebeck@gibbsbruns.com<br>Michael R. Davis<br>Texas Bar No. 24109793<br>MDavis@gibbsbruns.com<br>Michael Doman<br>Texas Bar No. 24131182<br>MDoman@gibbsbruns.com<br>1100 Louisiana, Suite 5300<br>Houston, Texas 77002<br>Tel.: (713) 650-8805<br>Fax: (713) 750-0903<br><br>Eric Mahr<br>FRESHFIELDS BRUCKHAUS DERINGER US LLP<br>700 13th Street, NW<br>10th Floor<br>Washington, DC 20005<br>Tel.: (202) 777-4545<br>eric.mahr@freshfields.com<br><br>*Attorneys for Defendant* |

3

## CERTIFICATE OF SERVICE

    I certify that on July 29, 2024, I electronically served all counsel of record by filing this Motion via the Court's CM/ECF system.

*/s/ Kathy D. Patrick*
Kathy D. Patrick
