IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

**THE STATE OF TEXAS'S RESPONSE TO GOOGLE'S NOTICE REGARDING INCONSISTENT POSITION**

**RESPONSE TO GOOGLE'S NOTICE REGARDING INCONSISTENT POSITIONS**

Google has not moved for any relief and is entitled to none. In our adversarial system, litigants who seek to benefit from the allegedly inconsistent positions of an adversary must move for relief. *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation" such that courts "do not, or should not, sally forth each day looking for wrongs to right.") (citation omitted). Google expressly elected not to do so. It instead filed a "notice" in June seeking no relief whatsoever. The purpose, instead, was to criticize Texas for taking "inconsistent positions" before the Judicial Panel on Multidistrict Litigation and the United States District Court for the Northern District of Texas. Dkt. 527. Texas did no such thing. Congress passed a 1,653-page bill, the Consolidated Appropriations Act of 2023 ("2023 Appropriation"), which contains a vast array of provisions, including the Venue Act. Unlike jurisdiction, litigants are under no obligation to challenge the constitutionality of legal provisions they support. So Texas argued successfully to the JPML that the plain terms of the Venue Act required this case to be remanded. Google was afforded a full opportunity to oppose Texas's request for relief and never raised a constitutional challenge, so naturally the JPML never considered it. That is "our adversarial system of adjudication" proceeding exactly as it should.

There are numerous provisions of the 2023 Appropriation that Texas disapproves. So in separate litigation, it challenged those specific provisions—not including the Venue Act—and sued to enjoin them. *See Texas v. Garland*, No. 5:23-cv-00034-H (N.D. Tex. Feb. 15, 2023). Texas argued, once again successfully, that Congress passed the 2023 Appropriation into law without a quorum in contravention of the Constitution. Despite extensively researching the legislative history of the 2023 Appropriation for its mandamus petition, Google did not make a similar argument. Instead, it told the Second Circuit that "both the Senate and the House passed the

1

Consolidated Appropriations Act, 2023, as amended. 168 Cong. Rec. S10077 (daily ed. Dec. 22, 2022); 168 Cong. Rec. H10528 (daily ed. Dec. 23, 2022). President Biden then signed the bill into law.  *See* Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Div. GG, Title III, § 301, 136 Stat. 4459, 5970."  *In re Google*, No. 23-910, Dkt. 1 at 12-13 (2d Cir. June 20, 2023). Whatever Google's reasons for not seeking relief under the Constitution, Texas had no obligation to tee up constitutional arguments in a case where it would harm the state and benefit its adversary or to abandon such arguments in a separate case where the inverse was true.

Courts decide cases or controversies.  U.S. Const. art. III § 2.  If Google believes Texas's Quorum Clause argument is correct and that Texas is judicially estopped from changing its view, our adversary system required it to raise that point before the JPML or the Second Circuit to contest remand.  It did not do so.  Or Google could have converted its "notice" into a *motion* to transfer on the argument that the Venue Act is a nullity, and a court could decide that.  But it has not done so.  The primary purpose of its notice appears to be criticizing the State of Texas.  Google has requested no relief, and it would be too late to do so.

Even assuming Google had invoked judicial estoppel in a proper procedural posture, it should not apply here. In deciding "whether to apply" judicial estoppel "in a particular case," courts look to multiple "factors":

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position . . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Zedner v. United States*, 547 U.S. 489, 504 (2006) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)) (alterations in original).  Those factors do not favor applying judicial estoppel.

2

First, Texas's positions are not "clearly inconsistent." Courts decline to apply judicial estoppel where the party in an earlier case "did not take an explicit position." *Conservation N.W. v. Sherman*, 715 F.3d 1181, 1185 n.2 (9th Cir. 2013). Mere "acquiescence or failure to take a position . . . cannot form the basis for judicial estoppel." *Haggart v. Woodley*, 809 F.3d 1336, 1346 (Fed. Cir. 2016). Texas argued in the Northern District of Texas that the 2023 Appropriation was not passed in accordance with the Constitution because there was no quorum. Texas argued before the JPML that the Venue Act applied retroactively and required remand of this case to Texas. The constitutional argument was never presented at all before the JPML, and so Texas expressed no position on it. "[I]f [Texas] is to be judicially estopped, the estoppel must be limited to a precise argument presented by [Texas] and accepted by the [JPML]." *United States v. Owens*, 54 F.3d 271, 275 (6th Cir. 1995).

Second, there is plainly no "unfair detriment on the opposing party" here. "Judicial estoppel, like all estoppel, is equitable in nature, and is designed to protect those who are misled by a change in position. Hence, judicial estoppel may be invoked only by a party to the prior litigation or someone privy to a party." *Colonial Refrigerated Transp., Inc. v. Mitchell*, 403 F.2d 541, 550 (5th Cir. 1968). Attorney General Garland—not Google—is the opposing party in the Northen District of Texas, and Attorney General Garland has only been supportive of antitrust enforcement against Google. Google cannot invoke judicial estoppel when the other case has no connection to Google whatsoever. *E.g.*, *Schippers v. United States*, 715 F.3d 879, 885 n.6 (11th Cir. 2013) ("Even if it is granted that the United States took 'the exact opposite position' in the earlier case . . . judicial estoppel would not prevent the government from advancing its current position since the appellants were not a party to that case.") (citing *Mitchell*, 403 F.2d at 550); *Nichols v. Scott*, 69 F.3d 1255, 1272 n.33 (5th Cir. 1995) (collecting and citing the "considerable

3

authority that judicial estoppel does not apply in favor of one who was not a party to the prior proceeding in which the inconsistent position was taken").

Third, judicial estoppel rarely, if ever, can apply against a government in an enforcement action. As the Fifth Circuit has explained, "judicial estoppel . . . has apparently never been applied against the government in a criminal case." *Nichols v. Scott*, 69 F.3d at 1272. Though judicial estoppel has rarely arisen in the Supreme Court, addressing other types of estoppel the Supreme Court deemed it "well settled that the Government may not be estopped on the same terms as any other litigant." *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 60 (1984). Then-Justice Rehnquist went further, explaining that the Court has not "ever held the Government to be estopped by the representations or conduct of its agents". *Id.* at 67 (Rehnquist, J., concurring). And "ordinarily the doctrine of estoppel or that part of it which precludes inconsistent positions in judicial proceedings is not applied to states." *Illinois ex rel. Gordon v. Campbell*, 329 U.S. 362, 369 (1946).

Fourth, judicial estoppel usually does not apply to purely legal questions. As Wright & Miller explain, "[i]t is difficult to imagine circumstances that would justify an invocation of judicial estoppel to preclude inconsistent positions as to a matter of pure law, divorced from any application to a common matrix of fact." 18B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4477.3 (3d ed. 2024). Some courts entirely disallow judicial estoppel based on purely legal questions. *E.g.*, *United States v. S. Ct. of New Mexico*, 839 F.3d 888, 912 (10th Cir. 2016) ("the position to be estopped must generally be one of fact rather than of law or legal theory") (citation omitted). Others sometimes allow judicial estoppel on purely legal questions, but usually the disputes have facts in common. The issue here is as purely legal as one could imagine.

4

Last, judicial estoppel is "an equitable doctrine" that courts apply only in their "discretion," and this case is a poor fit. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (citation omitted). The *Garland* action is even now on appeal, and "the better view is that judicial estoppel may be denied if a position accepted by a trial tribunal is subject to a pending appeal." 18B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4477.6 (3d ed. 2024). Besides that, this action involves multiple states, and the case Google invokes involves only Texas. If the Court discounted the Venue Act in some way as Google is suggesting due to judicial estoppel, that would require ruling differently on the law in the same case with respect to one plaintiff, but not the others. The cure would be worse than the disease. Last, judicial estoppel can be forfeited, *see Lisa M. v. Leander Indep. Sch. Dist.*, 924 F.3d 205, 214 n.6 (5th Cir. 2019), and Google clearly forfeited it here by failing to raise it before the JPML, before the Second Circuit, and before this Court in its motions to dismiss.

## CONCLUSION

Google has requested nothing, and its judicial estoppel arguments are meritless. The Court should disregard the notice.

DATED: August 5, 2024

Respectfully submitted,

*/s/ W. Mark Lanier*
W. Mark Lanier
Alex J. Brown
Zeke DeRose III
**THE LANIER LAW FIRM, P.C.**
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204
Email: mark.lanier@lanierlawfirm.com
Email: alex.brown@lanierlawfirm.com
Email: zeke.derose@lanierlawfirm.com

*/s/ Ashley Keller*
Ashley Keller (*pro hac vice*)
**KELLER POSTMAN LLC**
150 N. Riverside Plaza
Suite 4100
Chicago, IL 60606
Telephone: (312) 741-5220
Facsimile: (312) 971-3502
Email: ack@kellerpostman.com

Zina Bash (Bar No. 24067505)
111 Congress Avenue
Suite 500
Austin, TX 78701
Email: zina.bash@kellerpostman.com

*/s/ Noah S. Heinz*
Noah S. Heinz (*pro hac vice*)
1101 Connecticut Ave., N.W.
Suite 1100
Washington, DC 20036
Email: noah.heinz@kellerpostman.com

*Counsel for Texas*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas  77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor E. D. Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

7

## CERTIFICATE OF SERVICE

I certify that on August 5, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                                                    */s/ Noah S. Heinz*
                                                      Noah S. Heinz