# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendants. | Case No. 4:20-cv-00957-SDJ <br><br> Hon. Sean D. Jordan |

**PLAINTIFF STATES' MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS IN RESPONSE TO GOOGLE'S MOTION FOR REVIEW OF THE SPECIAL MASTER'S JULY 15, 2024 ORDER**

Plaintiff States request leave to file a 15-page response to Google's "motion for review," which otherwise would be limited to 5 pages. In the alternative, the States request that the Court strike Google's "motion for review," requiring Google to file a 5-page objection, to which the States would respond in 5 pages. The States also move for leave to file their response under seal. The States' response is currently due August 12, 2024.

The Special Master entered an Order, Dkt. 558, requiring Google to respond to additional written discovery-on-discovery requests that Plaintiff States issued after taking the Rule 30(b)(6) deposition the Court previously authorized, Dkt. 452 at 1. Google is seeking to overturn that order via a filing styled as a "Motion for Review." Dkt. 585. The "motion for review" is fifteen pages in length. The Court previously ordered that objections and responses to the Special Master's Orders must "conform to the Local Rules governing objections to orders and reports and recommendations issued by a magistrate judge." Dkt. 485 (citing Local Rule CV-72). The relevant Local Rule requires that any objections and responses not exceed five pages. Local Rule CV-72(b).

The States met and conferred with Google by email and a phone call, asking why the motion exceeded the 5-page limitation. Google expressed its view that a "motion for review" is not an "objection," and therefore the local rules baseline 15-page limitation applies. Plaintiff States disagree. The Court's order appointing the Special Master provided that "[p]ursuant to Rule 53(f)(2)," either party may "file a motion for review," which would "be governed by Rule 53(f)." Dkt. 213 at 11. That order makes no distinction between a "motion for review" and an "objection." The Court made clear in May that all objections to the Special Master are to be governed by Local Rule CV-72, which restricts filings to five pages. Dkt. 485. There is no distinction in the Local Rules or the Federal Rules of Civil Procedure more broadly between a "motion for review" of a special master's order, and an "objection" to a special master's order. Rather, the Court's order

1

appointing the Special Master provided for just one means of challenging the Special Master's orders, and the Court has made clear in this action that such challenges are governed by Local Rule CV-72(b).

For that reason, Plaintiff States feel constrained to respond within 5 pages to Google's "motion for review" unless and until the Court grants leave to exceed the page limitation. Now that the motion has been filed, Plaintiff States submit that good cause exists for the Court to allow a 15-page response. Basic fairness requires equal space.

Alternatively, Plaintiff States move that the Court strike the "motion for review" and require Google either to move for leave to exceed the page limitations or to file a 5-page objection. The Court's orders in this case have been clear, and Google's argument that the 5-page limitation does not apply lacks merit. Moreover, this is not the first time Google has attempted to gain additional pages without leave. This Court previously struck Google's Rule 12 motion, requiring Google to seek leave to exceed the page limits and then refile. Dkt. 217. This is not even the first time Google has sought to avoid their own burden by retitling their motion—this Court just recently required Google to refile its "motion to clarify," because it was, in truth, a "motion to bifurcate." Litigation is more orderly when courts enforce the rules.

Last, and independently, Plaintiff States move for leave to file their response under seal. The "motion for review" itself was filed under seal, and the response will quote the same documents, and so the standard for sealing is met to the same extent.

Google does not oppose Plaintiff States' request to file a 15-page response, and does not oppose Plaintiff States' request to file the response under seal. Google does oppose Plaintiff States' alternative request to strike the "motion for review."

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | */s/ Noah S. Heinz* |
| | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | Kiran Bhat |
| | kiran.bhat@kellerpostman.com |
| | 1101 Connecticut, N.W., Suite 1100 |
| | Washington, DC 20036 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

**CERTIFICATION OF CONFERENCE**

I certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Plaintiff States met and conferred in good faith with counsel for Google on August 5, 2024 by email and by phone. Google indicated that it opposes the motion to the extent it requests that the Court strike Google's filing, but otherwise does not oppose.

*/s/ Noah S. Heinz*
Noah S. Heinz

**CERTIFICATE OF SERVICE AND SEALING**

I certify that, on August 6, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Noah S. Heinz*
Noah S. Heinz