IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **THE STATE OF TEXAS, et al,** | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| **GOOGLE LLC,** | § § § | |
| *Defendant.* | § | |

**DEFENDANT GOOGLE LLC'S (A) RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO EXCEED PAGE LIMIT
AND (B) ALTERNATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

Pursuant to the Order Appointing Special Master (ECF No. 213 at 11), Defendant Google LLC ("Google") filed a motion for review (ECF No. 585) ("Motion for Review") of the Special Master's July 15, 2024 Order (ECF No. 558). In compliance with Local Rule CV-47(a)(1)(B), Google limited its Motion for Review to 15 pages. Google understands Local Rule CV-47(a)(1)(B) to govern "motions," while Local Rule CV-72(b), as incorporated into the May 13, 2024 Order of this Court (ECF No. 485), applies to "objections." Consistent with this understanding, Google does not oppose Plaintiffs' request to file a 15-page response to Google's Motion for Review, as that page count is consistent with the applicable local rule.

In the alternative—if the Court's May 13, 2024 Order was intended to apply to both objections to and motions concerning orders of the Special Master—Google hereby seeks leave to exceed the five-page limit and asks the Court to accept the 15-page Motion for Review that it filed on July 29, 2024 (ECF No. 585). See Local Rule CV-7(a)(2). Google's Motion for Review addresses two significant errors in the Special Master's July 15, 2024 Order (the "Order"): (1) an

unrequested and unsupported finding that Plaintiffs made a "preliminary showing of spoliation," and (2) a ruling that Google must produce information about litigation holds issued in other cases dating back to 2015, contradicting the Special Master's previous finding that Google's preservation obligation in this case started in 2019. As discussed in Google's Motion for Review, the Order contains errors as a matter of law and as a matter of fact. Among other issues, the Order does not address the extensive body of law relevant to spoliation findings, including the applicable legal standard and the due process protections to which Google is entitled. Additionally, the record before the Special Master—which, while admittedly lengthy, was incomplete and undeveloped as to any alleged spoliation—does not show that Google failed to comply with its preservation obligations. Google requires additional pages to adequately address these important issues.

Accordingly, Google does not oppose Plaintiffs' request to file a response to Google's Motion to Review that is up to 15 pages in length.  Alternatively, if the Court considers the Motion to Review to be subject to a 5-page limit, Google respectfully requests a 10-page extension to such page limit.

Dated: August 7, 2024

Respectfully submitted,

**GIBBS & BRUNS LLP**

*/s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
RGibbs@gibbsbruns.com
Ayesha Najam
Texas Bar No. 24046507
ANajam@gibbsbruns.com
Charles M. Rosson
Texas Bar No. 24074985
CRosson@gibbsbruns.com
Caitlin A. Halpern
Texas Bar No. 24116474
CHalpern@gibbsbruns.com
Ann T. Lebeck
Texas Bar No. 24055840
ALebeck@gibbsbruns.com
Michael R. Davis
Texas Bar No. 24109793
MDavis@gibbsbruns.com
Michael D. Doman
Texas Bar No. 24131182
MDoman@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Tel.: (202) 777-4545
eric.mahr@freshfields.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on August 7, 2024, I electronically served all counsel of record by filing this Response via the Court's CM/ECF system.

*/s/ Kathy D. Patrick*
Kathy D. Patrick
