IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**DEFENDANT GOOGLE LLC'S REPLY TO THE
STATE OF TEXAS'S RESPONSE TO GOOGLE'S NOTICE
REGARDING INCONSISTENT POSITIONS BY STATE OF TEXAS**

Google LLC respectfully submits this Reply to the State of Texas's Response to Google's Notice Regarding Inconsistent Positions by State of Texas, ECF 592.

Texas's Response offers no explanation for its conduct and takes no responsibility for its failure to notify this Court of its inconsistent positions. As made clear in Google's Notice (ECF No. 527), the reason Google brought to the Court's attention Texas's inconsistent positions on the constitutionality of the State Antitrust Enforcement Venue Act of 2021 (the "Venue Act") is that Texas relies on the Venue Act in opposing Google's pending Rule 12(b)(1) motion. The principles underlying the doctrine of judicial estoppel are "to protect the integrity of the judicial process," *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001), and to prevent parties from "playing fast and loose' with the courts," *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d. Cir. 1953). Those principles also motivated Google to file its Notice.

Despite repeatedly acknowledging that Google is not seeking relief in connection with Texas's inconsistent positions with respect to the Venue Act, Texas nonetheless devotes its entire Response to arguing that Google is not entitled to relief that it does not seek. *See* Response, ECF No. 592. The few arguments Texas does assert in response to Google's

1

Notice are plainly wrong. For example, Texas claims that judicial estoppel "rarely, if ever, can apply against a government in an enforcement action" and has "never been applied against the government in a criminal case." *See* Response at 4. First, this is obviously not a criminal case. Second, the leading Supreme Court case on judicial estoppel, *New Hampshire v. Maine*, 532 U.S. 742 (2001), which Texas itself cites (Response at 2, 5), applies the doctrine against the State of New Hampshire.

Dated: August 9, 2024

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street NW
Washington, DC 20003
(202) 777-4545
eric.mahr@freshfields.com

Respectfully submitted,

*/s/ Kathy D. Patrick*
GIBBS & BRUNS LLP
Kathy D. Patrick
State Bar No. 15581400
1100 Louisiana, Suite 5300
Houston, Texas 77002
(713) 650-8805
KPatrick@gibbsbruns.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

      I certify that on August 9, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                                                      /s/ *Kathy D. Patrick*
                                                      Kathy D. Patrick