IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **THE STATE OF TEXAS, et al,** | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| **GOOGLE LLC,** | § § § § | |
| *Defendant.* | § | |

## JOINT MOTION TO BIFURCATE UNDER RULE 42

Pursuant to the Court's instructions at the status conference held on July 30, 2024, the Plaintiff States and Defendant Google LLC (collectively, "Parties") submit this Joint Motion to Bifurcate under Federal Rule of Civil Procedure 42. The Parties are in general agreement that the Court should bifurcate this proceeding into two phases: **Phase I: Liability and Penalties**; and, if necessary, **Phase II: Equitable Remedies**. The Parties include below a joint proposal detailing such bifurcation, mindful of the Court's request for as much precision as possible.

## BACKGROUND

Plaintiffs are seventeen States and Puerto Rico that bring Sherman Act and state law claims against Google related to its advertising technology (AdTech) products. In their complaint, among other relief, Plaintiffs request equitable relief, including in the forms of "injunctive relief" and "structural relief." *See* Fourth Am. Compl. ¶ 759, *In re: Google Digital Advertising Antitrust Litig.*, (S.D.N.Y. May 5, 2023), ECF No. 541. Fact discovery in this case has closed and the Parties are in the process of completing expert discovery on issues related to liability and monetary penalties.

By agreement of the Parties reached in advance of the Court's July 30, 2024 status conference, expert reports and discovery related solely to equitable remedies will, going forward, be deferred until after the conclusion of the trial.

The Court's January 2, 2024 Scheduling Order (the "Scheduling Order") does not currently provide for potential post-trial proceedings to address any equitable relief Plaintiffs may seek to pursue if they prevail on any claims. *See* ECF No. 194. The Parties previously briefed issues related to bifurcation, in the context of a motion by Google to clarify the Court's scheduling order. *See* ECF Nos. 571, 574, 581.

At a status conference on July 30, 2024, the Court noted that the Parties agree in principle on some form of bifurcation related to equitable remedies. The Court asked the Parties to jointly submit a motion to bifurcate with a detailed proposal, and the Parties now do so below.

## ARGUMENT

Rule 42(b) of the Federal Rules of Civil Procedure authorizes a court to hold a separate trial on one or more separate issues, "[f]or convenience, to avoid prejudice, or to expedite and economize." The Parties have agreed that bifurcation makes sense here. Other courts have also bifurcated antitrust remedies proceedings under Rule 42(b). *See, e.g.*, *United States v. Google LLC*, No. 1:20-cv-03010 (D.D.C.); *State of Colorado v. Google LLC*, No. 1:20-cv-03715 (D.D.C.) (Google Search); *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981 (N.D. Cal.) (Google Play); *United States v. Google LLC*, No. 1:23-cv-00108 (E.D. Va.) (Virginia AdTech); *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590 (D.D.C.). Several examples of bifurcation orders have already been filed in this case. *See, e.g.*, ECF Nos. 550-4, 550-6, and 550-14. The Parties agree the Court should do the same here on a going-forward basis to promote convenience and economy—each a motivating value of Rule 42(b).

Specifically, the parties agree that bifurcated remedies proceedings going forward is appropriate under Rule 42(b) and further agree that an evidentiary hearing (and equitable remedies discovery) may be needed to assist the Court in shaping equitable relief, if liability is established. Consistent with this, all parties also agree that during the remainder of expert discovery, deposition questions directed to equitable-remedy only opinions will not occur; instead, all examination of witnesses related to the fashioning of equitable remedies will be deferred until after liability is determined. Facts and opinions that bear on liability and civil penalties (including state-law and DTPA penalties) are not included in this exclusion.[1]

Within fourteen days of any liability finding[2] at trial, the parties will meet and confer to establish and file a proposed schedule for discovery on equitable remedies, including fact and expert materials, supplemental reports on equitable remedies, and any new reports on equitable remedies a party wishes to tender in light of the finding.

Fourteen days after that filing (or twenty-eight days after any liability finding at trial), the parties will appear before the Court for a scheduling conference, subject to the Court's schedule.

Neither party will file any pre-trial summary judgment or *Daubert* motions regarding any issues related to equitable remedies.

Nothing in the parties' agreement to this schedule is intended to limit, in any way, the parties' presentation at trial of evidence and arguments related to liability and civil penalties

---

[1] The Parties expect to shortly file a separate and joint motion seeking brief extensions of expert discovery and motion deadlines that will: a) implement this bifurcation agreement b) provide a uniform date for Plaintiffs to submit responsive rebuttal reports, and c) allow the parties to coordinate dates for expert depositions in this case with conflicting trial testimony dates in the Eastern District of Virginia.

[2] The Plaintiff States contend they have a constitutional right to a jury trial on all liability and penalty issues, such that, in the States' view, this reference to "liability finding" refers to a liability verdict rendered by a jury.  Google disputes that Plaintiffs have any right to trial by jury in this matter and intends to file further motion or briefing on the issue.

3

(including state-law and DTPA penalties). The parties' agreement to this Order also shall not constitute—or be argued to constitute—an agreement by either side regarding which issues, if any, are triable to a jury in this matter.

## CONCLUSION

For these reasons, the Parties respectfully request that the Court bifurcate the liability and equitable remedy proceedings as outlined above.

Dated: August 22, 2024

Respectfully submitted,

**GIBBS & BRUNS LLP**

*/s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
RGibbs@gibbsbruns.com
Michael D. Doman
Texas Bar No. 24131182
MDoman@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Daniel S. Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 Second Street

San Francisco, CA 94105
(415) 490-1486
dbitton@axinn.com
Bradley Justus (*pro hac vice*)
James K. Hunsberger (*pro hac vice*)
David R. Pearl (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
bjustus@axinn.com
jhunsberger@axinn.com
dpearl@axinn.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | */s/ Noah S. Heinz* |
| | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | Kiran Bhat |
| | kiran.bhat@kellerpostman.com |
| | 1101 Connecticut, N.W., 11th Floor |
| | Washington, DC 20036 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**

Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas  77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701

(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## CERTIFICATE OF SERVICE

     I certify that on August 22, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                                        */s/ Kathy D. Patrick*
                                        Kathy D. Patrick