# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **THE STATE OF TEXAS, et al,** | § § § | |
| *Plaintiffs,* | § § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| **GOOGLE LLC,** | § § § | |
| *Defendant.* | § § | |

## JOINT MOTION PURSUANT TO RULE 16(B) TO MODIFY SCHEDULING ORDER TO PROVIDE BRIEF EXTENSIONS OF EXPERT DISCOVERY PERIOD AND SUMMARY JUDGMENT/DAUBERT DEADLINES

The parties jointly move to modify certain deadlines in the Court's Rule 16 Scheduling Order, ECF No. 562, to resolve scheduling conflicts that have arisen for Google due to the impending trial of the U.S. Department of Justice's Sherman Act antitrust case against Google that begins in the Eastern District of Virginia on September 9, 2024.

For the reasons stated below, Plaintiffs and Defendant Google respectfully submit that good cause exists under Federal Rule of Civil Procedure 16 to modify the scheduling order as set forth in the table below:

| Due Date and Task | Current Schedule | Agreed Revised Deadline | Explanation for Proposed Date Compared to Current Schedule |
|---|---|---|---|
| Plaintiffs' Rebuttal Reports | 8/27 or 9/3 | 9/9[1] (as requested by Plaintiffs) | This provides a uniform date for all rebuttal expert reports, which may reference one another, and avoids the Labor Day Holiday. |
| Close Expert Discovery | 10/5 or 10/12 | 11/1 | Extends expert discovery to two weeks after expected conclusion of trial in Eastern District of Virginia |
| Summary Judgment and Daubert Motions due | 11/9 | 11/18 | 6 days extra (current deadline of 11/9 is a Saturday and so actual deadline is 11/12 because 11/11 is a federal holiday) |
| Oppositions to Summary Judgment and *Daubert* Motions | 11/30 | 12/9 | 7 days extra (current deadline of 11/30 is a Saturday and so actual deadline is 12/2). |
| Replies to Summary Judgment and *Daubert* Motions | 12/14 | 12/23 | 7 days extra (current deadline of 12/14 is a Saturday and so actual deadline is 12/16). |

In support of this joint requested extension, the parties argue as follows:

---

[1] The parties have agreed that Plaintiffs will also provide expert backup materials on September 9.

## STANDARD OF REVIEW

Rule 16(b)(4) provides that a court may modify a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enterprises, L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (*quoting* Wright & Miller, Fed'l. Prac. & Procedure §1522 (2d ed. 1990)). In assessing good cause, the Court considers: "(1) the explanation for the failure to timely comply with the scheduling order, (2) the importance of the modification, (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Companies, LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (cleaned up).

## RELEVANT BACKGROUND

As the Court is aware, a trial of related Sherman Act claims involving Google's AdTech business is presently set to commence in the Eastern District of Virginia on September 9, 2024. That trial is not expected to end until October 18, 2024. The Virginia trial spans most of the expert discovery period established in this Court's Scheduling Order, which is currently set to end on October 12, 2024. *See* ECF No. 562.

Five of the expert witnesses Google has designated to testify on its behalf in this case will also be testifying in the Eastern District of Virginia trial. They cannot be in two places at once, nor can they reasonably appear for deposition *before* this Court's October 12, 2024 expert discovery period expires. Separate from this, Plaintiffs have sought—and Google does not oppose—an extension of their deadlines to provide a uniform date to submit all of their rebuttal reports, shifting the due date of certain reports from August 27 and September 3 to a uniform date of September 9, 2024.

**ARGUMENT**

**I. Good Cause Exists to Modify the Scheduling Order to Extend Expert Discovery and Related Motion Deadlines.**

All parties agree that good cause exists to seek a modification of the Scheduling Order deadlines to extend, by just a few weeks, the relevant dates for expert discovery and related *Daubert* and summary judgment motion as set forth in the chart above. No extension is sought of other deadlines to submit the Joint Pretrial Order, nor does either party seek a trial continuance. Rather, as shown below, this extension is sought to afford all parties adequate time to conclude expert discovery—given the scheduling conflict presented by the Virginia trial—and incorporate those materials in motions they expect to present to the Court.

Plaintiffs have requested an additional (and uniform) date to submit their rebuttal expert reports, moving that out to September 9, 2024. Google does not oppose this request. For its part, Google has sought a similarly brief extension of the expert discovery period to ensure that five of its expert witnesses who are testifying in the Eastern District of Virginia trial can be presented for deposition *after* that trial concludes on October 18, 2024. This extension is necessary because Google's expert witnesses cannot be in two places at once.

To address this shared reality, and to ensure the testimony of all experts can be incorporated in the parties' contemplated *Daubert* and summary judgment motions, all parties have agreed to the brief additional extensions of relevant deadlines indicated in the chart above. This proposal does not prejudice either side, nor does it seek any extension of deadlines to file the Joint Pretrial Order or a continuance of the trial date. To the contrary, this agreed extension—if granted by the Court—affords all parties adequate time to: a) depose relevant experts (after the Virginia trial where those experts are testifying concludes), b) synthesize the information from expert depositions and, c) prepare appropriate motions.

The parties agree that all four of the factors used to assess whether good cause exists to modify a Rule 16 Scheduling Order are also present here. First, "the explanation," *Squyres*, 782 F.3d at 237, for the requested extension is compelling. The five witnesses whose testimony prompted Google to seek an extension are each scheduled to testify in the Eastern District of Virginia trial during the period set for expert discovery in this case. *See, e.g.*, *Stobie Creek Investments, LLC v. United States*, 82 Fed. Cl. 636, 657 (2008) (recounting court's agreement to extend trial setting by five months because "one of [defendant's] expert witnesses was scheduled to testify before the United States District Court for the District of Colorado on dates that conflicted"). Though Google has some control over the order in which it will call each of these five experts to the stand in its defense in Virginia, it cannot predict on exactly what date its trial defense case will begin or, as a result, exactly on when these experts will testify (or conclude) their testimony in the Virginia trial–further complicating the scheduling of their depositions in the case pending here.

Second, while the parties seek a relatively brief extension of relevant deadlines, granting that extension is profoundly "important." *See id.* An extension is essential to ensure Google is not prejudiced by compelling it to present witnesses in Texas while those same witnesses are on standby, preparing to testify, and/or testifying on Google's behalf at a trial in Virginia. The third and fourth factors are also met, because there is neither any potential prejudice, nor any need to mitigate prejudice through a trial continuance, *see id.*, because affording both parties a few weeks' delay in presenting these witnesses for deposition—while affording Plaintiffs a brief and uniform extension of the date on which their rebuttal reports are due—will not have a domino effect. The parties have agreed that witnesses who are not testifying in Virginia will be made available, where possible, during the existing discovery period so that the depositions of these five witnesses do not

create a logjam in the period of the extension. This extension also affords all parties ample time to complete expert depositions in 2024, long before this case is set for trial in 2025. The commensurate extension of the motion deadlines likewise allows all parties to incorporate the testimony of these experts in their *Daubert* and summary judgment motions if they wish.

In sum, this is not a circumstance in which either party is seeking to designate experts after the Court's deadline, *see Reliance Insurance Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997), or where one party or the other sought an extension of time after the scheduling order expired.

To the contrary, what the parties have agreed to do here is to implement a mutually agreed, cooperative, timely, and *brief* extension of the expert discovery period and related motion deadlines for the sole purpose of ensuring that Google has adequate time to present—and Plaintiffs have adequate time to *complete*—the depositions of Google's expert witnesses *after* they testify at trial on Google's behalf in the Eastern District of Virginia. This joint motion also grants relief Plaintiffs sought (and that Google did not oppose); namely, the establishment of a uniform, September 9, 2024 date for the submission of all of their rebuttal expert reports, moving the date for Plaintiffs' reports out for a time period similar to the other deadlines.

## CONCLUSION

For all these reasons, good cause exists to extend the period of expert discovery and related motion deadlines to the dates the parties have jointly proposed. A Proposed Order reflecting this agreed extension of the Scheduling Order deadlines has been filed concurrently for the Court's convenience.

Dated: August 22, 2024          Respectfully submitted,

**GIBBS & BRUNS LLP**

*/s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
RGibbs@gibbsbruns.com
Michael D. Doman
Texas Bar No. 24131182
MDoman@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Daniel S. Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
(415) 490-1486
dbitton@axinn.com
Bradley Justus (*pro hac vice*)
James K. Hunsberger (*pro hac vice*)
David R. Pearl (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
bjustus@axinn.com
jhunsberger@axinn.com
dpearl@axinn.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | */s/ Noah S. Heinz* |
| | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | Kiran Bhat |
| | kiran.bhat@kellerpostman.com |
| | 1101 Connecticut, N.W., 11th Floor |
| | Washington, DC 20036 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**

Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas  77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701

8

(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## CERTIFICATE OF SERVICE

I certify that on August 22, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Kathy D. Patrick*
Kathy D. Patrick