IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

In connection with its pending Rule 12(b)(1) motion based on the Plaintiff States' lack of standing (ECF No. 200), Google respectfully provides notice to the Court of a relevant new decision of the U.S. Supreme Court.  On June 13, 2024, the Supreme Court decided *Food & Drug Administration v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024) (Ex. A), a case it dismissed for lack of standing.  In doing so, the Court described which injuries are sufficient—and insufficient—to establish Article III standing.

The Court first affirmed that the "injury in fact" element of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III."  *Id.* at 380 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). This requirement, which "screens out plaintiffs who might have only a general legal, moral, ideological, or policy objection to a particular [defendant's] action," applies universally in all cases, including to actions brought by government entities.  *Id.* at 381.

The Court then rejected claims that downstream economic injuries, conscience injuries, and a purported impairment to an association's ability to achieve its mission were sufficient to confer Article III standing.  Instead, the Court found each theory "too speculative or otherwise too

1

attenuated to establish standing." *Id.* at 390.  The plaintiffs' alleged injuries amounted to nothing more than "speculation" or expressions of "fear." *Id.* at 388-89.  Despite the requirements of concrete, particularized, and actual injury, no plaintiff alleged "anything like the following: 'Here is the treatment I provided, here is how it violated my conscience, and here is why the conscience protections were unavailable to me.'" *Id.* at 388.  Because a plaintiff's "sincere legal" objections to alleged conduct "do not establish a justiciable case or controversy in federal court," the Court held that "federal courts are the wrong forum for addressing the plaintiffs' concerns." *Id.* at 396.

This decision confirms that allegations of potential or generalized injury like those made here by the States do not establish Article III standing.  *Id.* at 378, 381, 386, 391; *see also* ECF No. 200 at 6-13.  The States allege only that some publishers, advertisers, competitors, and consumers, somewhere in the world, could be affected by Google's alleged conduct.  *See, e.g.*, Fourth Amended Complaint ("FAC") ¶¶ 502-525 (addressing alleged "anticompetitive effects").  To establish standing, however, each Plaintiff State must allege with specificity that *here* is the business I engage in; *here* is how the defendant's conduct affected me; and *here* is the injury I suffered as a result.  *See Alliance for Hippocratic Medicine*, 602 U.S. at 388.  Alternatively, to establish *parens patriae* standing, each Plaintiff State must allege that *here* is my quasi-sovereign interest; *here* is how defendant's conduct affected a substantial segment of my population; and *here* is the injury to my interest that resulted.  *See* ECF No. 200 at 4.  The States make no such allegations.  Indeed, not a single alleged harm is specific to any Plaintiff State.  *See, e.g.*, FAC ¶ 29 (alleging generic, unspecified harm to "Plaintiff States' economies, as well as the general welfare in the Plaintiff States" in the aggregate); *id.* ¶ 305 (alleging a Google program decreased "any given publisher's revenue," without identifying any particular publisher in any Plaintiff State); *id.* ¶ 305 (alleging the same program "hurt advertisers, too," without identifying

any particular advertiser in any Plaintiff State); *id.*  ¶ 294 (alleging that competitors based in New York and California exited the market); *id.* ¶ 296 (alleging "higher-priced and lower-quality goods and services for consumers," without identifying *which* goods, *which* services, or *which* consumers).  And the parties able to establish standing by making allegations of concrete injury (those who bought or sold ads on Google's AdX Platform or used its Google Ads services) have already raised those allegations elsewhere.  They are pursuing their own claims, for themselves, in other courts.  This action must therefore be dismissed.

Dated: August 26, 2024

Respectfully submitted,

GIBBS & BRUNS LLP

*/s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
RGibbs@gibbsbruns.com
Ayesha Najam
Texas Bar No. 24046507
ANajam@gibbsbruns.com
Charles M. Rosson
Texas Bar No. 24074985
CRosson@gibbsbruns.com
Ann T. Lebeck
Texas Bar No. 24055840
ALebeck@gibbsbruns.com
Caitlin A. Halpern
Texas Bar No. 24116474
CHalpern@gibbsbruns.com
Michael R. Davis
Texas Bar No. 24109793
MDavis@gibbsbruns.com
Michael D. Doman
Texas Bar No. 24131182
MDoman@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on August 26, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Kathy D. Patrick*
Kathy D. Patrick