UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| GOOGLE LLC | § | |

**ORDER ON BIFURCATION**

The Parties in the above-captioned action have jointly requested to bifurcate the proceedings to address equitable remedies separately from issues of liability and penalties. The Parties have also submitted a proposal related to the schedule for bifurcation.

Rule 42(b) of the Federal Rules of Civil Procedure authorizes: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The Court finds that bifurcating equitable remedies, if any, will be more convenient for the Court and the Parties, and will expedite and economize this litigation.

It is therefore **ORDERED** that:

1. This matter is bifurcated. First, there will be a liability and penalties phase that will address only Defendant's liability and Plaintiffs' claims for penalties. If there is a liability finding, the Court will order separate proceedings regarding equitable remedies.

2. During the remainder of expert discovery, deposition questions directed to equitable-remedy only opinions will not occur; instead, all examination of witnesses related to the fashioning of equitable remedies will be deferred until after liability is determined. Facts and opinions that bear on liability and civil penalties (including state-law and DTPA penalties), even if they may be related to equitable remedies, are not included in this exclusion. Neither party will file any pre-trial summary judgment or Daubert motions regarding any issues related to equitable remedies.

3. Within fourteen days of any liability finding at trial, the Parties will meet and confer to establish and file a proposed schedule for discovery on equitable remedies, including fact and expert materials, supplemental remedies reports, and any new remedies reports a party wishes to tender to address remedies in light of the finding. Fourteen days after that filing (or twenty-eight days after any liability finding at trial), the parties will appear before the Court for a scheduling conference, subject to the Court's schedule.

Nothing in this Order limits, in any way, the parties' presentation at trial of evidence and arguments related to liability and civil penalties (including state-law and DTPA penalties). This Order does not decide which issues are triable to a jury in this matter, nor does it alter the Parties' respective abilities to offer evidence relevant to any issue in the liability and penalty proceedings nor alter the burden of proof, persuasion, or production to establish each and every element of liability, justifications, or defenses.

**So ORDERED and SIGNED this 30th day of August, 2024.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE