IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, *et al.*, | § § § | |
| *Plaintiffs,* | § § § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § § § | |
| *Defendant.* | § | |

## DEFENDANT GOOGLE LLC'S UNOPPOSED MOTION
## TO FILE UNDER SEAL

Defendant Google LLC ("Google") respectfully moves to seal its September 20, 2024 Motion to Strike Improper Rebuttal Opinions of Plaintiffs' Experts David DeRamus and Anil Somayaji ("Motion to Strike") and the exhibits thereto, which include nine expert reports proffered by the parties to this action and designated as Highly Confidential (together, the "Expert Reports").[1] Pursuant to Local Rule CV-5(a)(7)(E), Google will file a redacted copy of the Motion to Strike within seven days.

### LEGAL STANDARD

While the "public's right of access to judicial proceedings is fundamental" and creates a default presumption "that judicial records should not be sealed," *Binh Hoa Le v. Exeter Fin. Corp.*,

---

[1] These reports are: Expert Report of Jeffrey S. Andrien (Ex. 2); Expert Report of Jacob Hochstetler (Ex. 3); Expert Report of Professor Steven N. Wiggins (Ex. 4); Expert Report of Douglas Skinner (Ex. 5); Expert Report of Martin Rinard, PhD (Ex. 6); Expert Rebuttal Report of David W. DeRamus, Ph.D. (Ex. 7); Rebuttal Expert Report of Anil Somayaji, PhD (Ex. 8); Expert Rebuttal Report of Jeffrey S. Andrien (Ex. 9); and Expert Report of Paul R. Milgrom (Ex. 10). Pursuant to Paragraph 20 of the Court's December 13, 2023 Confidentiality Order (Dkt. 182), Google hereby informs the Court that each of these reports was designated Highly Confidential Information by the party that served it.

990 F.3d 410, 418-19 (5th Cir. 2021), this right of access "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Courts have properly limited the public's right of access to protect "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In deciding whether to allow public access to judicial records, the Court must exercise its discretion "in light of the relevant facts and circumstances of the particular case," balancing "the public's common law right of access against the interests favoring nondisclosure." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Nixon*, 435 U.S. at 599, and *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)).

## ARGUMENT

The Court should permit Google to file under seal the Motion to Strike and Expert Reports because they reflect non-public, highly sensitive commercial and technological information that, if disclosed publicly, would likely cause Google competitive harm.

Courts routinely recognize that the interest in nondisclosure of sensitive commercial information outweighs the public's right of access to court records. *See, e.g.*, *Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing."). Here, Google's Motion to Strike describes in detail the reports of Plaintiffs' experts Jeffrey Andrien and David DeRamus, Google's experts Steven Wiggins and Douglas Skinner (including their respective discussions and analyses of confidential financial information), and Plaintiffs' expert Anil Somayaji (including his discussion of proprietary source code). Google, with input from Plaintiffs, will shortly file a redacted version of the Motion to Strike, so that properly public information and argument (issues of law, in particular) are made public. Further, with respect to the Expert Reports attached as exhibits to the

2

Motion to Strike, each is designated Highly Confidential for good reason, as they detail not only Google's confidential commercial and technological information but also confidential information provided by non-parties to the case. Google's interest in nondisclosure, and that of nonparties providing confidential information in this case, outweighs the public's right of access to judicial records, so the Court should permit these documents to be filed under seal. *See, e.g.*, *Conn Credit I, LP v. TF Loanco III, LLC*, No. 1:14-CV-429, 2016 WL 8231153 at *1 (E.D. Tex. May 9, 2016) (granting motion to seal expert report that contained confidential business information); *Dickey's Barbecue Pit, Inc. v. Neighbors*, No. 4:14-cv-484, 2015 WL 13466613 at *5 (E.D. Tex. Jun. 5, 2015) (certain exhibits to be kept under seal where it was "obvious" litigant had "invested time and money into" materials and "[a]llowing a potential competitor to take this information at no cost from a public court document could result in harm" to litigant).

## CONCLUSION

For these reasons, Google respectfully moves the Court for an order to file under seal the Motion to Strike and attached Expert Reports.

Dated: September 20, 2024                    Respectfully submitted,

                                                     **GIBBS & BRUNS LLP**

                                                     */s/ Kathy D. Patrick*
                                                     Kathy D. Patrick
                                                     State Bar No. 15581400
                                                     KPatrick@gibbsbruns.com
                                                     Robin C. Gibbs
                                                     Texas Bar No. 07853000
                                                     RGibbs@gibbsbruns.com
                                                     1100 Louisiana, Suite 5300
                                                     Houston, Texas 77002
                                                     Tel.: (713) 650-8805
                                                     Fax: (713) 750-0903

                                                     Eric Mahr (*pro hac vice*)
                                                     **FRESHFIELDS BRUCKHAUS DERINGER US LLP**

> 700 13th Street, NW
> 10th Floor
> Washington, DC 20005
> Telephone: (202) 777-4545
> Email: eric.mahr@freshfields.com
>
> ATTORNEYS FOR DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on September 20, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

> */s/ Kathy D. Patrick*
> Kathy D. Patrick

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I certify that the meet and confer requirements in Local Rule CV-7(h) have been met, and that this motion is unopposed. From September 18th through September 20th, counsel for the parties conferred on this issue by email and telephone. Plaintiffs, though counsel, advised that they do not oppose this Motion to Seal and that they will be available after the filing to confer regarding what portion of the Motion can be unsealed.

> */s/ Kathy D. Patrick*
> Kathy D. Patrick

4