IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § | |
| Plaintiffs, | § § | Civil Action No. 4:20-cv-00957-SDJ |
| v. | § § | |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**MOTION TO ESTABLISH DEADLINES
AND CONFIRM DECISION MAKER FOR MOTION TO STRIKE**

Concurrent with this motion, Google is filing a motion to strike as untimely certain affirmative opinions of Drs. David DeRamus and Anil Somayaji that Plaintiffs submitted as purported "rebuttal" opinions. Those opinions address issues on which Plaintiffs bear the burden of proof, do not solely contradict opinions disclosed by Google's experts, and so are not properly tendered as rebuttal opinions. Accordingly, those opinions were not timely disclosed because they were not served with Plaintiffs' initial round of expert reports in June 2024, as required by the Court's Scheduling Order. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii); Dkt. #458.[1] As directed by the Special Master, Google now files this short motion addressing Google's requests that: (1) the Court enter an expedited briefing schedule on the forthcoming Motion to Strike, and (2) the Court (as opposed to the Special Master in the first instance) rule on the Motion to Strike. As set forth below, the relief requested by Google will minimize the risk of disruption to the Court's schedule, as well as the risk that expert depositions need to be reopened.

---

[1] The Motion to Strike addresses only the timeliness of Dr. DeRamus's and Dr. Somayaji's improper opinions (i.e., whether the opinions at issue are improper rebuttal opinions), not their relevance, reliability, or other substantive matters bearing on their admissibility. *See* Dkt. #609 (setting 11/18/2024 deadline for *Daubert* motions).

On September 16, 2024, Google notified Plaintiffs that portions of Plaintiffs' expert "rebuttal" reports tender wholly new opinions on issues where Plaintiffs bear the burden of proof and, as such, were untimely affirmative opinions. The parties met and conferred over the course of the week regarding Google's proposed Motion to Strike, the attendant impact on expert depositions, and the possibility of filing one or more sur-rebuttal reports. The parties were unable to reach agreement on these issues. Ex. 1. Earlier today, the Special Master directed that, if filed, Google's Motion to Strike should be accompanied by a short motion addressing its requests that: (1) the Court enter an expedited briefing schedule on the Motion to Strike, and (2) the Court rule on the Motion to Strike. *Id*.

To minimize the possibility of disruption to the Scheduling Order entered by the Court, Google respectfully requests that the Court enter the following briefing schedule on Google's Motion to Strike:

| Filing | Deadline |
|---|---|
| Google's Motion to Strike | 9/20/24 |
| Plaintiffs' Opposition | 9/27/24 |
| Google's Reply | 10/2/24 |

Google's proposed schedule would abbreviate the time for Plaintiffs' Opposition and Google's Reply because expert discovery is scheduled to close on November 1. Dkt. #609. This abbreviated schedule would preserve the possibility that the Court could consider and rule on the Motion to Strike with sufficient time to conduct the depositions of Drs. DeRamus and Somayaji (and of experts who may respond to their improper rebuttal opinions, should the Court decline to strike them) before the close of expert discovery. If the ordinary briefing schedule were to apply, which could prevent the Motion to Strike from being resolved sufficiently far in advance of these depositions, then the experts and the parties may spend time preparing for and even conducting

depositions that could have been avoided (or narrowed) if those depositions instead were to take place after the Court rules. Google's proposed briefing schedule will not alter other deadlines in the operative Scheduling Orders (Dkt. #609; Dkt. #194).

Google further requests that the Court (as opposed to the Special Master) rule on Google's Motion to Strike. Google's Motion to Strike is not directed to "discovery issues and disputes," Dkt. #213 at 9, and is therefore appropriate for consideration by the Court, rather than by the Special Master in the first instance. Significantly, granting Google's request will circumvent the possibility of an appeal from or objection to a decision of the Special Master and will therefore best preserve the Court's ability to resolve the Motion to Strike in a way that protects the current schedule.

For all of these reasons, Google respectfully requests that the Court enter the attached proposed order (a) establishing the above deadlines for briefing in connection with Google's Motion to Strike, and (b) confirming that the Court will consider that Motion.

Dated: September 20, 2024

Respectfully submitted,

GIBBS & BRUNS LLP

 */s/ Kathy D. Patrick*
Kathy D. Patrick
Texas Bar No. 15581400
kpatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
rgibbs@gibbsbruns.com
Ayesha Najam
Texas Bar No. 24046507
anajam@gibbsbruns.com
Charles M. Rosson
Texas Bar No. 24074985
crosson@gibbsbruns.com

Ann T. Lebeck
Texas Bar No. 24055840
alebeck@gibbsbruns.com
Caitlin A. Halpern
Texas Bar No. 24116474
chalpern@gibbsbruns.com
Michael Davis
Texas Bar No. 24109793
mdavis@gibbsbruns.com
Michael D. Doman
Texas Bar No. 24131182
mdoman@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: 713.650.8805
Fax.: 713.750-0903

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com
julie.elmer@freshfields.com

Daniel S. Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
(415) 490-1486
dbitton@axinn.com

Bradley Justus (*pro hac vice*)
James K. Hunsberger (*pro hac vice*)
David R. Pearl (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
bjustus@axinn.com
jhunsberger@axinn.com
dpearl@axinn.com

ATTORNEYS FOR
DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on September 20, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and thus served on all counsel who have consented to electronic service.

/s/ *Michael Davis*
Michael Davis

## CERTIFICATE OF CONFERENCE

I certify that counsel for Defendant conferred with counsel for Plaintiffs via email and via telephone conference (Google: R. McCallum, Plaintiffs: Z. DeRose) and that counsel for Plaintiffs stated that Plaintiffs oppose both portions of the relief sought by this motion. Plaintiffs oppose the entry of an expedited briefing schedule because they believe a Motion to Strike is appropriate during the motions practice phase after expert discovery depositions. And Plaintiffs believe that Google's Motion to Strike is a discovery motion that should be directed to the Special Master in the first instance. But Plaintiffs will defer to Judge Jordan as to how these issues should be handled.

/s/ *Michael Davis*
Michael Davis