## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **THE STATE OF TEXAS, et al,** | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00957-SDJ** |
| | § | |
| **GOOGLE LLC,** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## JOINT MOTION TO ESTABLISH PAGE LIMITS FOR
## *DAUBERT* MOTIONS AND MOTIONS FOR SUMMARY JUDGMENT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to Fed. R. Civ. P. 16, the Parties file this joint motion to modify the page limits established in the Local Rule CV-56 for motions for summary judgment and Local Rule CV-7 for non-dispositive *Daubert* motions. For the reasons set forth below, the Parties ask the Court to issue an Order expanding page limits as follows:

- Permitting the filing of two summary judgment motions—one directed to antitrust claims and one directed to state law claims—with opening briefs and responses limited to 60 pages each and replies limited to 15 pages.

- In light of the fact that the parties have designated nineteen expert witnesses, allowing each side to submit a consolidated Daubert motion with the motion and response limited to 15 pages per expert that is challenged, up to a maximum of 150 pages and replies limited to 25 pages.

## I.      Relevant Rules and Legal Standard

Local Rule CV-56 provides that each summary judgment motion must include: (1) a statement of the issues to be decided by the court, and (2) a "Statement of Undisputed Material Facts." Responses must likewise include a response to the statement of the issues and a response to the Statement of Undisputed Material Facts. Local Rule CV-7 establishes page limits for motions. "Case dispositive motions shall not exceed thirty pages, excluding attachments, unless leave of court is first obtained," *Id.* at CV-7 (a)(1), with responses limited to thirty pages, *id.*, and replies to ten pages. *Id.* Finally, "if a party files more than one summary judgment motion," the opening motion and response are limited to "sixty pages collectively, excluding attachments," and replies to twenty pages, collectively. *Id.* at CV-7(a)(3).

Local Rule CV-7 provides that non-dispositive motions "shall not exceed fifteen pages, excluding attachments, unless leave of court is first obtained," *Id.* at CV-7(a)(2), with responses limited to fifteen pages, and replies limited to five pages. *Id.* Rule CV-7(m) provides that motions in limine directed to the exclusion of evidence "should be contained within a single document subject to the page limitations of Local Rule CV-7(a)(2) for non-dispositive motions."

District Courts have broad discretion and "inherent power to manage their own proceedings and control the conduct of those who appear before them." *Rodgers v. Louisiana Bord of Nursing*, 665 Fed. App'x 326, 328 (5th Cir. 2016) *citing e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991) and *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). "Such discretion includes the authority to set page limits on matters submitted to the Court…" *Ironshore Europe DAC v. Schiff Hardin, LLP*, 2018 W.L. 4183245 at *1 (E.D. Tex. Jan. 30, 2018). Parties seeking to expand the number of pages must show good cause for exceeding the page limits, *see Loften v. Paton*, 2018 WL 38922051 at *2 (E.D. Tex. Aug. 6, 2018), such as the existence of complex

issues that require more extensive briefing. *See, e.g., Fed'l Deposit Ins. Corp. v. Schreiner*, 892 F.Supp. 848, 851 (W.D. Tex. 1995) ("In light of the complexity of the issues involved and the lack of any harm [to the other side] in allowing the FDIC to exceed the ten page limit, the Court hereby waives the requirement.").

## II.     Good Cause Exists to Grant the Joint Request to Expand Page Limits

### A.  Background Relevant to this Joint Motion

Seventeen Attorneys General filed this action against Defendant Google LLC asserting claims arising from Google's advertising technology software and tools. Plaintiffs' operative Complaint is their Fourth Amended Complaint, ECF 541. In it, Plaintiffs allege twenty antitrust claims: three are common claims under Sections 1 and 2 of the Sherman Antitrust Act, *Id.* at Counts I – III, seventeen others are distinct claims asserted under each state's own state antitrust law. *Id.* at Count V(1) – V(17).[1] In addition to these antitrust claims, each state has also sued Google under its own state deceptive trade practices act. *Id.* at Count VI(1)-VI(17).

In support of their claims or defenses, the parties have designated nineteen expert witnesses for the liability phase of this case. The States initially designated six affirmative experts (Gans, Chandler, Weinberg, Hochstetler, Pathak, and Andrien), then designated those six, plus five more (DeRamus, Mathjowetz, Rudin, Shafiq, and Somayaji) as rebuttal experts, for a total of eleven witnesses for the States during the liability phase. For its part, Google has designed eight expert witnesses (Ghose, Hoffman, Milgrom, Rinard, Simonson, Skinner, Wiggins, and Baye). One other expert for Google (Nieh), has opinions regarding only remedies.

In total, Plaintiff States have asserted 37 distinct affirmative claims. As remedies for their

---

[1] Plaintiffs' Count IV, alleging an unlawful agreement with Facebook in violation of Sherman Act §1, was dismissed while this action was pending in the multi-district litigation. *See In re Google Digital Advertising Antitrust Litig.*, 627 F.Supp.3d 346, 357 and 370 (S.D.N.Y. 2022).

claims, Plaintiffs seek penalties under their deceptive trade practice statutes and injunctive relief. Defendant Google moved to dismiss Plaintiffs' claims under Rule 12(b)(1), ECF 200 and Rule 12(b)(6), ECF 202. The briefing remains under submission with the Court.

### B.  This Case's Complexity and Importance Warrants Additional Pages

Rule CV-7 affords parties a total of 60 pages per side for dispositive motions. If divided equally between the antitrust claims, on the one hand, and the state law claims on the other, the page limit provided by the rules affords each side less than two pages per claim to address allegations that seek billions of dollars in penalties under 34 different state statutes. After meeting and conferring, the parties arrived at a compromise on summary judgment briefing that both sides believe will best help the Court to understand and resolve the issues.

Similarly, in resolving the admissibility of expert testimony, this Court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employes in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 1562 (1999). "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony," *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002 ) (citing *Kumho*, 526 U.S. at 147), because to be admissible expert testimony must be "not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93 (1993). After meeting and conferring, the parties agreed that the page limits for non-dispositive *Daubert* motions provided by Local Rule CV-7 were not adequate to help the Court to address the admissibility of expert testimony, given the number of experts and the length and complexity of their reports. Accordingly, they jointly request that the Court adopt the following briefing proposal.

### C.  The Parties' Briefing Proposal

Page limits serve the useful purpose of allowing the Court to shepherd its judicial resources. Trial counsel for each side are mindful of the scale and complexity of the claims asserted in this case, the magnitude of the monetary penalties the States seek, the number of experts designated by each side, and the complexity of the topics on which these experts expect to testify. To address all of that efficiently in summary judgment and *Daubert* motions warrants more pages than the Local Rules allow.  The parties believe good cause exists to expand the page limits for these motions. Accordingly, we ask that the Court expand the page limits in the local rule and grant the parties leave to file briefs with the page limits described below:

#### 1.  Summary Judgment

The Parties agree to allow Google to file two, consolidated summary judgment motions. The first motion will address Plaintiffs' twenty federal and state antitrust claims. *See* ECF 541 (Fourth Amended Complaint at Counts I-III and V(1)-V(17)). The second motion will address Plaintiffs' state law deceptive trade practice claims. *See Id.* at Counts VI(1)-VI(17) (claims under each state's deceptive trade practices statute). The Parties propose the following briefing limits for each motion:

- Opening Brief – 60 pages

- Response Brief – 60 pages

- Reply Brief – 15 pages

The Parties further ask the Court to permit them to file the required Statements of Undisputed Material Fact and Responses to Statements of Undisputed Material Fact, *see* Loc. R. 56(a)(1), as separate documents not subject to these page limits.

Given the complexity of the issues raised, the multiple theories Plaintiffs are pursuing, the

extent of the evidence that must be addressed for each of the seventeen states, and the unique requirements of each State's antitrust and deceptive trade practices statutes, the Parties believe this is a sufficient number of pages of summary judgment briefing for a case of this magnitude, providing good cause to expand the page limits provided by the Local Rule.

### 2. *Daubert* Motions

For the liability trial, Plaintiffs have tendered eleven experts, and Google has tendered eight experts. The expert reports collectively span thousands of pages. The Parties therefore propose that the Court permit each side to file a single, consolidated *Daubert* motion not to exceed 15 pages per expert the party decides to challenge, up to a maximum of 150 pages in length. They agree responses should be limited to the length of the motion and replies to 25 pages. This expanded page limit will allow each side to adequately address both the relevant *Daubert* standards for each witness and explain how the anticipated testimony of the witness does not (or, in response, does) conform to them. The Parties believe briefing of this length will ensure the Court has the information it needs to conduct its gatekeeping role. Accordingly, they respectfully submit that good cause exists to expand the page limits for the parties' *Daubert* motions, as well.


### CONCLUSION

For these reasons, the Parties respectfully request that the Court grant them leave to expand the page limits for their summary judgment and *Daubert* motions. A proposed Order granting this relief is attached as Exhibit "A" and has been filed on the ECF for the convenience of the Court.

Dated: October 1, 2024

Respectfully submitted,

**GIBBS & BRUNS LLP**

*/s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
RGibbs@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

Respectfully submitted,

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
(713) 659-5200
**THE LANIER LAW FIRM, PLLC**

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220

Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

/s/ Noah S. Heinz
Noah S. Heinz
noah.heinz@kellerpostman.com
Kiran Bhat
kiran.bhat@kellerpostman.com
1101 Connecticut, N.W., 11th Floor
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**

Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas  77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701

8

(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## CERTIFICATE OF SERVICE

I certify that on October 1, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Kathy D. Patrick*_____
Kathy D. Patrick

9