IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>     Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan |

**GOOGLE'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE
IMPROPER REBUTTAL OPINIONS OF PLAINTIFFS' EXPERTS
<u>DAVID DERAMUS AND ANIL SOMAYAJI</u>**

In chastising Google for trying to "defang" their "rebuttal" opinions (Resp. at 3), which they claim are "critical to proving damages" (*id.* at 13) and to making their self-proclaimed "pathmarking case on its merits" (*id.* at 14-15), Plaintiffs prove precisely Google's point. Rebuttals are shields—not "fangs." Neither, by definition, are rebuttals "critical" to proving the "merits" of a plaintiff's case. Because Plaintiffs all-but concede that the opinions at issue are affirmative, they are untimely. And because Plaintiffs offer no legitimate excuse, they should be stricken.

I.   **The DeRamus opinions at issue are not rebuttal.**

As detailed in Google's Motion (*see* pp. 5-9), Plaintiffs offer Dr. DeRamus as a "do over" on their affirmative expert Mr. Andrien's calculation of civil penalties. Plaintiffs relied on Mr. Andrien to calculate the purportedly "appropriate" penalties, and he calculated ▮▮▮▮. Google's expert, Dr. Wiggins, demonstrated that corrections to the application of Mr. Andrien's *own framework* ▮▮▮▮. In "rebuttal," Dr. DeRamus, instead of defending Mr. Andrien's opinion, simply starts from a blank slate and calculates brand-new penalty figures based on two brand-new methodologies—▮▮▮▮ ▮▮▮▮. As set forth in Google's Motion, however, rebuttal reports cannot be used as a "do over."

Plaintiffs respond by pretending that Mr. Andrien doesn't exist. Their Response literally never mentions him. Instead, Plaintiffs defend the at-issue DeRamus opinions as "rebuttal" by claiming that "Google's expert Dr. Wiggins opines that an optimal civil penalty need *only* account for ▮▮▮▮." Resp. at 1 (emphasis original). Their entire argument hinges on the claim that Dr. DeRamus had "nothing to rebut until Dr. Wiggins opined that an optimal civil penalty need only account for ▮▮▮▮ ▮▮▮▮" *Id.* at 13.

But the "▮▮▮▮▮▮" theory is *Mr. Andrien's opinion, not Dr. Wiggins's.* It was Mr. Andrien who purported to calculate an "appropriate" civil penalty by "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Mtn. Ex. 2 (Andrien Affirmative Rpt.) ¶ 11(f).[1] Dr. Wiggins did not offer an opinion on how an "appropriate" penalty should be measured. Mtn. Ex. 4 (Wiggins Rpt.) ¶ 10. Instead, he observed that "*Mr. Andrien's* framework" is an "approach that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Mtn. Ex. 4 (Wiggins Rpt.) ¶ 103 (emphasis added); *see also id.* ¶¶ 14-15 ("Andrien opines that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,'" but "Mr. Andrien's approach fails to follow his own framework."). He then corrected Mr. Andrien's analysis *using Mr. Andrien's framework.*[2]

Dr. DeRamus's critiques of the "▮▮▮▮▮▮" theory are, thus, critiques of Mr. Andrien, not of Dr. Wiggins. This alone shows that Dr. DeRamus's opinions are improper: "[T]o the extent [the opening and rebuttal opinions] are not consistent, it suggests that the party is trying to improperly use rebuttal to modify its case in chief and get a 'do over.'" *9.345 Acres*, 2016 WL 5723665, at *4; *see also Page v. Barko Hydraulics*, 673 F.2d 134, 140 (5th Cir. 1982) (testimony intended to "remedy" a "defect in [plaintiff's] case-in-chief" is not "rebuttal testimony").

The fact that the "▮▮▮▮▮▮" approach started with Mr. Andrien, not Dr. Wiggins, refutes any argument that Sections II.B, II.C, VI.C, and VII.B are "rebuttal." Plaintiffs' sole

---

[1] *See also id.* ¶ 106 (opining that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), ¶ 116 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."), ¶ 123 (purporting to calculate "▮▮▮▮▮▮▮▮▮▮▮▮" to assess "▮▮▮▮▮▮▮▮▮▮▮▮").
[2] *See, e.g., id.* ¶ 172 ("Mr. Andrien's framework would imply that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"), ¶ 180 ("[U]sing my partially corrected ▮▮▮▮▮▮▮▮▮▮, along with my partial correction of Mr. Andrien's errors ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.").

defense of Dr. DeRamus's discussion (§ II.B) and estimate (§ VI.C) of the "probability of detection" is that it responds to Dr. Wiggins's purported "omi[ssion]" of this "key factor." Resp. at 3. But Dr. Wiggins did not "omit" anything: It was Mr. Andrien who did not calculate a probability of detection, so Dr. Wiggins made no response on the topic while implementing Mr. Andrien's approach and correcting his results. Similarly, Plaintiffs defend Dr. DeRamus's discussion of the "principal-agent problem" (§ II.C.) and stock-market event study purportedly calculating a penalty that solves the problem (§ VII.B) as "another way to correct Dr. Wiggins's '███████████' theory." Resp. at 6. But Dr. Wiggins did *not opine* that "███████████" is a proper methodology, so this argument fails, too.

Next, Plaintiffs conflate the improper rebuttal opinion in Section VI.D—where Dr. DeRamus calculates penalties by dividing "expected" benefits by his estimate of the "probability of detection"—with other opinions on which Google does *not* move. They claim "Dr. DeRamus challenges Dr. Wiggins's estimate of ███████████" by "pointing to internal Google documents." *Id.* at 5-6. But that is Dr. DeRamus's opinion in Section VI.B, *see* Mtn. Ex. 7 (DeRamus Rpt.) § VI.B (titled "███████████"), which Google does not contend is improper. Plaintiffs attempt the same sleight-of-hand when they argue that Section VI.D criticizes Dr. Wiggins's "(under)estimate of ███████████." Resp. at 6. Google did not move to strike that opinion—found in Section V.B, not Section VI.D.—either. *See* Mtn. Ex. 7, § V.B (titled "Corrections to Dr. Wiggins's estimates ███████████").

If Plaintiffs were right—that because Google's experts gave opinions relevant to civil penalties, they opened the door to brand-new penalty calculations in "rebuttal"—then in every case, designating a defense expert on damages would allow plaintiffs to re-do damages reports

3

from the ground up. Rule 26, however, requires that a rebuttal expert contradict evidence on subject matter first "identified by" an opposing expert. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). The question is not only whether a rebuttal addresses points addressed by the opposition, but also "whether the [opposition's] points raised were 'new.'" *Rodriguez v. Olin Corp.*, 780 F.2d 491, 494 (5th Cir. 1986). The ▉▉▉▉▉▉▉▉ framework was raised by *Plaintiffs'* initial expert Mr. Andrien, so Dr. Wiggins, in applying it, injected nothing "new" and thus nothing subject to rebuttal.

II.   **The Somayaji opinions at issue are not rebuttal.**

Plaintiffs' defend Dr. Somayaji's improper rebuttals (Sections IV and V) only by reference to *other* opinions Google's Motion does not contest. Section IV of Dr. Somayaji's report starts at Paragraph 24. Mtn. Ex. 8 at 9. Plaintiffs claim Dr. Somayaji offers proper rebuttal by (i) showing Google's system was "too complex to be determined experimentally"—citing **Paragraph 20** of Dr. Somayaji's report; and (ii) disputing that market participants ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉"—citing **Paragraph 21**. Resp. at 10. Google does not move to strike Paragraphs 20 or 21 of Dr. Somayaji's report (or any opinions preceding Paragraph 24). Plaintiffs make no argument regarding the opinions actually at issue.

III.  **The improper rebuttals should be stricken.**

The "most significant" factors in assessing the remedy for untimely expert opinions like these are the "explanation for the delay" and whether the necessary information was available "before the deadline for [] initial expert reports." *CEATS, Inc. v. TicketNetwork, Inc.*, 2018 WL 453732, at *4 (E.D. Tex. Jan. 17, 2018). Plaintiffs ignore the latter factor because the evidence Drs. DeRamus and Somayaji cite in their rebuttals was indisputably available well before the deadline for affirmative experts. And Plaintiffs' proffered explanation—that "they *believed* that the experts properly rebutted Google's experts," Resp. at 11—is no explanation at all. The opinions

4

at issue are *not* proper rebuttal. Plaintiffs cannot "explain" an improper rebuttal through the circular argument that the rebuttal "is not" improper. *See United States ex rel. Montcrieff v. Peripheral Vascular Assocs.*, 507 F. Supp. 3d 734, 748 (W.D. Tex. 2020).

Neither do Plaintiffs substantiate their claim that the "Fifth Circuit has regularly reversed courts for striking expert testimony." *See* Resp. at 1.[3] The opinions Plaintiffs cite *support* striking the opinions at issue here. *See, e.g.*, *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 573 (5th Cir. 1996). Plaintiffs correctly explain that, in *C.F. Bean*, the Fifth Circuit could "not say that [the expert] acted unreasonably by waiting to form opinions," Resp. at 11, but they omit the reason why: The expert's analysis was based on "information … that was not available to him" when his "initial expert disclosures were due." *In re C.F. Bean L.L.C.*, 841 F.3d 365, 372-73 (5th Cir. 2016). Not so here. Similarly, in *Betzel v. State Farm Lloyds*, the Fifth Circuit determined that exclusion was too harsh because it would be "dispositive of the case," as "without his experts [plaintiff] cannot prove damages." 480 F.3d 704, 707, 709 (5th Cir. 2007). Here again, Plaintiffs just pretend that Mr. Andrien, their timely disclosed expert on penalties, no longer exists.

Finally, while Plaintiffs begrudgingly mention the possibility of sur-rebuttal reports in response to their untimely expert disclosures, they resist "any adjustment to the schedule … at all." *See* Resp. at 15. Summary-judgment and *Daubert* motions are scheduled for *next month*, making it impossible to complete, on the schedule Plaintiffs refuse to adjust, the preparation of sur-rebuttals on Dr. DeRamus's (two) brand-new penalty calculations and Dr. Somayaji's brand-new source-code analyses, along with the necessary depositions of those experts and those responding.[4]

---

[3] Quite the opposite: The Fifth Circuit is "loath" to interfere with such discretionary decisions. *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991).

[4] *See, e.g.*, *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, 2018 WL 3616921, at *3 (N.D. Tex. July 26, 2018) (finding sufficient prejudice from interference with "expert witness challenges and dispositive motions" "notwithstanding" a trial setting more than six months distant).

Dated: October 4, 2024

Respectfully submitted,

**GIBBS & BRUNS LLP**

*/s/ Kathy D. Patrick*
Kathy D. Patrick
Texas Bar No. 15581400
kpatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
rgibbs@gibbsbruns.com
Michael Davis
Texas Bar No. 24109793
mdavis@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: 713.650.8805
Fax.: 713.750-0903

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
**FRESHFIELDS BRUCKHAUS DERINGER LLP**
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com
julie.elmer@freshfields.com

Daniel S. Bitton (*pro hac vice*)
**AXINN, VELTROP & HARKRIDER LLP**
55 Second Street
San Francisco, CA 94105
(415) 490-1486
dbitton@axinn.com
Bradley Justus (*pro hac vice*)
James K. Hunsberger (*pro hac vice*)
David R. Pearl (*pro hac vice*)
**AXINN, VELTROP & HARKRIDER LLP**
1901 L Street NW
Washington, DC 20036
(202) 912-4700
bjustus@axinn.com
jhunsberger@axinn.com
dpearl@axinn.com

ATTORNEYS FOR
DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on October 4, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and thus served on all counsel who have consented to electronic service.

/s/ *Michael Davis*
Michael Davis

## CERTIFICATE OF MOTION TO SEAL

I certify that contemporaneously with the filing of this Motion, Defendant is filing a motion to seal this document.

/s/ *Michael Davis*
Michael Davis