IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　　Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan |

**DEFENDANT GOOGLE LLC'S APPLICATION FOR
STATUS AND SCHEDULING CONFERENCE**

Pursuant to Federal Rule 16, Defendant Google LLC respectfully requests that the Court set a Status and Scheduling Conference in the near term. The purpose of this conference, as explained below, is to establish a schedule to resolve important legal and logistical questions relevant to the upcoming summary judgment and *Daubert* briefing deadlines, currently set for November 18, 2024. *See* ECF No. 609 at 2. Though not in agreement with the relief Google seeks, Plaintiffs do not oppose Google's request for a Status and Scheduling Conference.

The issues Google wishes to discuss with the Court are summarized below:

1.　　　　**Google's Answer Date:** Plaintiffs filed their Fourth Amended Complaint on May 5, 2023. *See In re Google Digital Advert. Antitrust Litig.*, 1:21-md-03010-PKC, ECF No. 541 ("MDL ECF 541"). On January 16 and February 8, 2024, Google filed timely motions to dismiss pursuant to Rule 12(b)(1), challenging the States' Article III standing to sue, ECF No. 200, and pursuant to Rule 12(b)(6), challenging the sufficiency of Plaintiffs' pleadings. ECF No. 224. Both motions remain pending. As a result, pursuant to Rule 12(a)(4), Google's date to answer Plaintiffs' Fourth Amended Complaint has not yet occurred. If and to the extent the Court denies its motions to dismiss, Google needs to answer and plead certain defenses in response to the Fourth Amended

1

Complaint in advance of the summary judgment deadline, which is presently set for November 18, 2024. A conference with the Court would be helpful to establish a schedule for Google to file an answer, if one should be required.

    2.    **Motion for Further Bifurcation.** Concurrently with the filing of this request, and pursuant to the authority of this Court's decision in *Wagoneka v. KT & G USA Corp.*, 2020 WL 6063096 (E.D. Tex. Oct. 14, 2020), Google has filed a motion for further bifurcation of the liability phase of the trial pursuant to Fed. R. Civ. P. 42(b). Specifically, Google asks that the Court limit the first phase of the trial solely to whether any of Google's *practices* actually violated any statutes, without consideration of evidence relevant only to the States' demand for penalties, such as the number of alleged violations or the amount, if any, of a penalty to be assessed. As the motion demonstrates, bifurcation is the wisest course when, as here, evidence relevant only to penalties, such as a corporate defendant's net worth, revenues, wealth, or the amount of penalties sought, risks unfairly prejudicing the jury's determination of liability. Bifurcating the question of *whether* specific practices violated any statute from the separate question of how many violations occurred or what penalties, if any, are appropriate will also serve judicial economy. A "no" on whether a practice violated a given statute will relieve the jury of the burden of hearing cumulative and irrelevant evidence about the number of transactions that used that practice or, more important, listening to "penalty" evidence to which they will never give any effect. It will limit the scope of expert testimony. And, finally, it will mitigate the unfair prejudice inherent in submitting to the jury, at the liability phase, penalty evidence about the number or value of transactions for which the jury might well (in the absence of that prejudicial evidence) conclude Google has no liability at all. Plaintiffs have advised that they intend to oppose this motion. It would be helpful to discuss a schedule to brief and argue it with the Court.

3. **Schedule to Brief Unresolved Questions of Law**: Rule 16(c)(2) allows the Court at a Rule 16 conference to "take appropriate action on" matters including "formulating and simplifying the issues and eliminating frivolous claims or defenses." Fed. R. Civ. P. 16(c)(2)(A). There are several crucial and purely legal issues the Court needs to resolve prior to trial.

For example, if the States' deceptive trade practice claims are to proceed to trial,[1] the Court will need to construe the statutes of all seventeen states to define how liability must be proved and what relief is available under those statutes. Specifically, the Court will need to define what "counts" as a violation of each statute, determine how violations are to be "counted" for purposes of imposing penalties, and decide whether monetary penalties can be imposed on a "per violation" basis in the absence of proof of individualized harm to ad buyers and ad sellers, as the States claim. In a case involving the same Mississippi statute invoked here, the Honorable Jack Weinstein ruled neither the Mississippi Consumer Protection Act nor the U.S. Constitution permitted Mississippi to demand large "per violation" monetary penalties from a defendant without proof of individualized harm. *See In re Zyprexa Prod's Liab. Litig.*, 671 F.Supp.2d 397, 463 (E.D.N.Y. 2009) (Weinstein, J.). Yet Mississippi asserts it is free to do so here, as do all the other States who claim (collectively) that they are entitled to exact multiple "per violation" penalties from Google, a private company, with *no proof of individualized harm to anyone*.

Resolving these purely legal issues is pivotal to the parties' planning for trial and they are questions only the Court can answer. "Questions of statutory interpretation are questions of law." *Oliver v. Arnold*, 3 F.4th 152, 162 (5th Cir. 2021) (quoting *Kemp v. G.D. Searle & Cor.*, 103 F.3d 405, 407 (5th Cir. 1997)). They also have important implications for Google's constitutional rights.

---

[1] Google maintains, as stated in its Rule 12(b)(1) motion, that the claims are not properly filed in this Court and must be remanded to the relevant states for decision. *See* ECF No. 200.

The Due Process Clause and the Excessive Fines Clause each require the Court (not the jury) to assess the proportionality of fines and penalties as compared to the harm caused because the Constitution mandates that "*the district courts, in the first instance*, and the courts of appeals … compare the amount of the forfeiture to the gravity of the defendant's offense. If the amount … is grossly disproportional … it is unconstitutional." *United States v. Bajakajian*, 524 U.S. 321, 336-37 (1998) (emphasis added); *see also Timbs v. Indiana*, 586 U.S. 146, 150 (2019) ("Excessive Fines Clause is…incorporated by the Due Process Clause of the Fourteenth Amendment" and so applies to the States).

Google respectfully submits these purely legal questions should be set for a separate briefing schedule, apart from summary judgment, as resolving what these seventeen state statutes and the Constitution permit is a matter of law, not an issue of fact.

## Conclusion

For each of these reasons, Google respectfully requests the Court set a Rule 16 conference to discuss these and other issues related to the pretrial schedule, the summary judgment and *Daubert* briefing, and a schedule to resolve the important legal issues that must be clarified before this case proceeds to any trial.[2]

---

[2] Plaintiffs recently served another expert report out of time. While the parties dispute the reasons or justification for the service of this late report—to which Google reserves the right to object as untimely—the parties are presently working to try to agree on a brief modification to the expert and *Daubert* schedule to address this new expert report in an orderly way. That dispute is not yet ripe for decision, but it is another matter that—absent agreement (which has not yet been reached)—the parties may need to discuss with the Court at a conference, as it concerns the Court's existing Scheduling Order deadlines.

Dated: October 17, 2024                                  Respectfully submitted,

**GIBBS & BRUNS LLP**

 /s/     *Kathy D. Patrick*
Kathy D. Patrick
Texas Bar No. 15581400
kpatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
rgibbs@gibbsbruns.com
Charles Rosson
Texas Bar No. 24074985
crosson@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: 713.650.8805
Fax.: 713.750-0903

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com
julie.elmer@freshfields.com

Daniel S. Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
(415) 490-1486
dbitton@axinn.com

5

>Bradley Justus (*pro hac vice*)
>James K. Hunsberger (*pro hac vice*)
>David R. Pearl (*pro hac vice*)
>AXINN, VELTROP & HARKRIDER LLP
>1901 L Street NW
>Washington, DC 20036
>(202)912-4700
>bjustus@axinn.com
>jhunsberger@axinn.com
>dpearl@axinn.com
>
>ATTORNEYS FOR
>DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on October 17, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and thus served on all counsel who have consented to electronic service.

>/s/ *Kathy Patrick*
>Kathy Patrick

## CERTIFICATE OF CONFERENCE

I certify that, in compliance with Local Rule CV-7(h), counsel for Defendant conferred in good faith with counsel for Plaintiffs via a Zoom conference on October 16, 2024, attended by Kathy Patrick, Rob McCallum, and Constance Forkner for Defendant Google, and attended by Mark Lanier, Mark Collier, Ashley Keller, Noah Heinz, and Zeke DeRose, counsel for Plaintiffs. The parties discussed the issues Google proposes to discuss with the Court at the conference, all of which are set out above. Plaintiffs advised that while they oppose certain relief Google wishes to seek, for example, in its contemporaneously filed Motion to Bifurcate, they do not oppose Google's request for a Rule 16 Scheduling and Status Conference to discuss those matters with the Court.

>/s/ *Kathy Patrick*
>Kathy Patrick