IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>        Defendants. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan |

**PLAINTIFF STATES' MOTION TO DEEM SUPPLEMENTAL EXPERT REPORT OF JACOB HOCHSTETLER TIMELY SERVED**

Pursuant to the Special Master's June 13, 2024 Order, Dkt. 523, Plaintiff States ("States") request that the Special Master deem the Supplemental Expert Report of Jacob Hochstetler (the "Hochstetler Supplemental Report") timely served. The Hochstetler Supplemental Report relates to Google's destruction of internal instant messages ("Chats") relevant to this case and is limited to consideration of new Chats evidence Google late-produced. *See* Ex. A, Hochstetler Supplemental Report. The Special Master should grant the requested relief because the report was properly and timely served on October 4, 2024; promotes the full airing of a critical issue; and would not prejudice Google given the States' willingness to make Hochstetler available for a second deposition within the confines of the Court's existing scheduling orders.

## BACKGROUND

For months, the Special Master has seen mounting evidence that Google deliberately and systematically failed to preserve Chats relevant to this case. *See generally* Dkt. 558. That evidence includes the "system-wide backend logs" that Google produced in another litigation where its Chats preservation practices were at issue. *Id.* at 13-14. The States understood those logs to be relevant and thus, on April 3, 2024, requested that Google produce them along with documents sufficient to explain them. Dkt. 348-2 at 3 (RFP No. 133). Google moved for a protective order precluding *any* discovery-on-discovery regarding its Chats preservation practices. Dkt. 347. The Special Master disagreed and endorsed limited discovery-on-discovery, Dkt. 428 at 4-8, which the Court ordered, Dkt. 452 at 1.

At the subsequent Rule 30(b)(6) deposition on Google's Chats preservation practices, Google's representative testified that ███████████████████████████████████████

1

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Having confirmed the relevance of the logs, the States again sought Google's agreement to produce them, Dkt. 540-19 at 2-3, but were unsuccessful and had to move to compel their production, Dkt. 540 at 13-14. On July 15, 2024, the Special Master granted the States' motion to compel the logs and ordered them produced. Dkt. 558 at 13-14.

On July 22, 2024, Google agreed to produce a subset of those logs, but waited over a month to do so, producing the logs on August 26, 2024 after the States inquired about the status of the production four days earlier. Two days after receiving the logs, the States asked Google to produce more information about them. Over the course of a month, Google produced answers to the States on a rolling basis, on August 29, September 23, and October 1, 2024. *See* Exs. A-C to Ex. A.

Throughout that period, ever since receiving Hochstetler's Rebuttal Expert Report on September 9, 2024, Google has known that Hochstetler "reserved the right to serve a supplemental report" analyzing the logs Google had recently produced. Hochstetler Rebuttal Expert Report ¶ 3. The States reiterated their intention to serve the Hochstetler Supplemental Report on September 27, 2024, and offered that same day to make Hochstetler available for a second deposition on the opinions that report would contain. *See* Ex. B at 3, M. Collier Sept. 27, 2024 email. The next week, on October 1, 2024, the same day Google produced its final responses regarding the logs, Google deposed Hochstetler for seven hours about his other opinions in this case. After the conclusion of his deposition, Hochstetler immediately incorporated Google's produced responses and began

---

[1] Citations to this deposition transcript refer to the transcript pagination, not to the CM/ECF pagination. All other citations to the pre-existing record refer to CM/ECF pagination.

finalizing his supplemental report. *See, e.g.*, Ex. A at 3 n.1. The States then produced the Hochstetler Supplemental Report on October 4, 2024 (the day it was finalized) to Google. Ex. B at 2, M. Collier Oct. 4, 2024 email. The States remain willing to make Hochstetler available for a second deposition on the topics in the Hochstetler Supplemental Report within the confines of the Court's existing scheduling orders. Dkt. 609 (setting Nov. 1, 2024 close of expert discovery); Dkt. 194 at 5 (setting ten-hour total deposition time limit for each expert).

Two days ago, Google informed the States for the first time of its position that "Plaintiffs served [the Hochstetler Supplemental Report] outside of the expert report schedule and without leave." Ex. B at 1, T. Garrett Oct. 15, 2024 email. Given the procedural history, the States disagree with Google's contention that service of the Hochstetler Supplemental Report was in any way improper. The parties have previously made other adjustments within the expert schedule, like agreeing to permit Google to serve a sur-reply report. The parties attempted to do so here as well, meeting and conferring in good faith on October 16, 2024, but were unable to resolve their dispute. Google reserves the right to object to the Hochstetler Supplemental Report as untimely. Dkt. 636 at 4 n.2. Accordingly, the States file this motion asking the Special Master to deem the Hochstetler Supplemental Report timely served.

## ARGUMENT

For three reasons, the Special Master should deem the Hochstetler Supplemental Report timely served.

<u>First</u>, the States' service of the Hochstetler Supplemental Report was proper and timely. The logs and full corresponding explanatory information were unavailable to Hochstetler until October 1, 2024, the date of his deposition and a mere three days before the States served the Hochstetler Supplemental Report on Google. The "scope of permissible supplementation"

3

includes new opinions based on information or evidence not available earlier. *See, e.g., Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012).

As to timing, where courts have not set distinct deadlines for supplementation, experts may do so until 30 days before trial:

> Pursuant to Rules 26(a)(3) and (e)(2), supplementation of an expert report is permitted. Furthermore, any supplements to the expert report must be disclosed at least thirty days before trial "[u]nless the court orders otherwise." Fed. R. Civ. P. 26(a)(3). In its scheduling order, this Court does not specifically provide a deadline for supplementing an expert report. As such, the parties can supplement up until thirty days before trial, "unless the court orders otherwise" after the issuance of its scheduling order.

*Id.* The States provided Google with the Hochstetler Supplemental Report almost a month before expert discovery closed and well over 30 days before trial, Dkts. 194, 609, even after Google took over a month after the Special Master's order to produce the logs and another month to complete production of relevant information. In all events, the Special Master should not allow Google's prior resistance to producing the logs to serve as the basis for its own timeliness objection.

<u>Second</u>, failure to grant the requested relief would validate Google's effort to delay and suppress a full airing of its Chats preservation practices. The Court previously observed that the "States have raised legitimate concerns that, as a result of its Google Chats retention policies, Google may not have retained relevant and discoverable materials in this case." Dkt. 535 at 23. The Special Master later observed that the logs which are the subject of the Hochstetler Supplemental Report constitute "evidence directly relevant to when Google employees were turning their Chat history on or off, which Google itself has put at issue in this case due to its inadequate retention policies." Dkt. 558 at 13. Without the Hochstetler Supplemental Report, the significance of these logs—which Google produced in a format that tells the factfinder very little—would be indiscernible. "The purpose of admitting expert testimony is instead to 'assist the trier

4

of fact to understand the evidence or to determine a fact in issue.'" *Holcombe v. United States*, 516 F. Supp. 3d 660, 684 (W.D. Tex. 2021) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993)). By refusing for months to produce complex logs that took an expert to decipher, and then raising procedural objections weeks after receiving that expert's findings despite having every opportunity to depose him about them, Google lets the mask slip: It seeks to elevate form to avoid substance.

      Third, and relatedly, granting this motion will not prejudice Google. The parties are in the process of completing expert discovery, which they have until November 1, 2024, to do. Dkt. 609. The States are willing to make Hochstetler available for an additional three hours of deposition before the close of expert discovery, so that Google can test the opinions in the Hochstetler Supplemental Report. Google has known since September 9, 2024, that Hochstetler intended to analyze the logs and produce a supplemental report. Hochstetler Rebuttal Expert Report ¶ 3. Google has known since September 27, 2024 that the States intended to serve the Hochstetler Supplemental Report and would allow a second deposition. *See* Ex. B at 3, M. Collier Sept. 27, 2024 email. Google has had the Hochstetler Supplemental Report since October 4, 2024, *id.* at 2, M. Collier Oct. 4, 2024 email, and will have had several more weeks to review it before any deposition.

      In these circumstances, Google cannot show prejudice warranting the "extreme sanction of preclusion." *Diaz*, 279 F.R.D. at 420 (quoting *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011)); *see also United States ex rel. Montcrieff v. Peripheral Vascular Assocs., P.A.*, 507 F. Supp. 3d 734, 757 (W.D. Tex. 2020) (finding that party receiving a supplemental expert report could not show prejudice where it was "able to take [the supplementing expert's] deposition after receipt of his supplemental reports" and was unable

5

to "identif[y] any other way in which it was harmed by the disclosure."). The timing of Google's productions is the only reason why the Hochstetler Supplemental Report came when it did. Indeed, denying the motion and precluding the Hochstetler Supplemental Report would only prejudice the States, who have had to seek diligently for months the logs that the report interprets.

## CONCLUSION

For the reasons above, the Special Master should deem the Hochstetler Supplemental Report timely served.

Respectfully submitted,

| | |
|---|---|
| /s/ W. Mark Lanier | /s/ Ashley Keller |
| W. Mark Lanier | Ashley Keller |
| Mark.Lanier@LanierLawFirm.com | ack@kellerpostman.com |
| Alex J. Brown | 150 N. Riverside Plaza, Suite 4100 |
| Alex.Brown@LanierLawFirm.com | Chicago, Illinois 60606 |
| Zeke DeRose III | (312) 741-5220 |
| Zeke.DeRose@LanierLawFirm.com | |
| Jonathan P. Wilkerson | Zina Bash |
| Jonathan.Wilkerson@LanierLawFirm.com | zina.bash@kellerpostman.com |
| 10940 W. Sam Houston Pkwy N | 111 Congress Avenue, Suite 500 |
| Suite 100 | Austin, TX 78701 |
| Houston, TX 77064 | (512) 690-0990 |
| (713) 659-5200 | |
| **THE LANIER LAW FIRM, PLLC** | /s/ Noah S. Heinz |
| | Noah S. Heinz |
| | noah.heinz@kellerpostman.com |
| | Kiran Bhat |
| | kiran.bhat@kellerpostman.com |
| | 1101 Connecticut, N.W., Suite 1100 |
| | Washington, DC 20036 |
| | (202) 918-1123 |
| | **KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas  77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

7

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Trevor E. D. Young*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## CERTIFICATE OF SERVICE AND SEALING

I certify that, on October 17, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

I also certify that, on October 17, 2024, a motion to seal the foregoing document and its exhibits was filed separately and before the filing of this document under seal, per Local Rule CV-5(a)(7)(B). This sealed filing will be promptly served by email on counsel of record for all parties in this case and will be publicly filed in redacted form per Local Rule CV-5(a)(7)(E).

*/s/ Noah S. Heinz*
Noah S. Heinz

## CERTIFICATE OF CONFERENCE

I certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Plaintiff States met and conferred in good faith with counsel for Google on October 16, 2024. Google indicated that it opposes the motion and reserves the right to contest the Supplemental Expert Report of Jacob Hochstetler to be untimely.

*/s/ Noah S. Heinz*
Noah S. Heinz