# EXHIBIT A

```
                                                            Page 1

 1              THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF TEXAS
 2                     SHERMAN DIVISION
 3
    THE STATE OF TEXAS, et al.,    )
 4                                 )
    VS.                            ) CIVIL NO.
 5                                 ) 4:20-cv-957-SDJ
                                   )
 6  GOOGLE, LLC,                   )
 7
         *************************************************
 8
                              HEARING
 9                        JULY 10, 2024
                    (Via Zoom Videoconference)
10
         *********************************************
11
12        BE IT REMEMBERED THAT at 10:00 a.m., on
13   Wednesday, the 10th day of July 2024, the
14   above-entitled matter came on for hearing via Zoom,
15   before Special Master David Moran, and the following
16   proceedings were reported by Janalyn Elkins, Certified
17   Shorthand Reporter.
18
19
20
21
22
23
24
25   Job No. CS6794671
```

Page 33

1   already found, it's not about whether they told us.
2   It's whether they complied.  So, A, they didn't tell us.
3   In fact, it was very misleading what they told us.
4                But, B, sort of irrelevant, you either did
5   or did not comply with the preservation obligation.  And
6   as you see, they didn't.  Google's second argument is,
7   oh, it's the States' fault, it's too late.  Well, we've
8   been bringing this up as shown by Google's own exhibits.
9   That's why I didn't file a reply.  I can do all this
10  from their own exhibits.  We said verify in 2020 that
11  you're keeping these.
12               And we have, Your Honor, and I can file a
13  supplement if you want, we have been seeking discovery
14  of the Chats and chat destructions going back to the
15  MDL.  Our request, first set of requests for production
16  were to find out if they deleted or failed to preserve
17  informal communications in Chats.
18               SPECIAL MASTER:  What was their -- what was
19  their -- Mr. Collier, what's the date and your
20  Request 301 I see with my -- with my old eyes.
21               MR. COLLIER:  20 -- February -- yeah,
22  February 2023, I believe.  And if you'll recall, Your
23  Honor, it's because -- and Mr. DeRose can put more gloss
24  on this if you want, there were pretrial, you know,
25  motions to dismiss and things before we could get to

Page 34

1  discovery.  And as you'll probably further recall, we
2  even had DTPA discovery state all the way until we got
3  here.  But the very first opportunity we had to send a
4  request for production, we sent it.  So we've been
5  raising this since 2020.
6              And then when we came here, Your Honor, in
7  our very first hearing, and we've given you the
8  transcript reference before Judge Jordan, Mr. Malear --
9  Mr. Lanear, when Judge Jordan said what else, you know,
10 he's thinking about whether we need a Special Master or
11 not.  What else is percolating, he said, hey, we've got
12 this issue, we're still trying to work out about the
13 deleting of chat dialogues that were used for
14 substantive discussions within Google.
15              We've had several rounds of discovery
16 requests, we've had protective orders, we've had
17 objections to your order.  We've been fighting this
18 fight for months and months, until we finally got this
19 30(b)(6) deposition and then we immediately entered into
20 a series of meet and confers over the four items that
21 I'm asking you for today.  And then we immediately
22 filed.  We're not too late, we've been chasing this
23 issue since 2020.
24              Next slide.
25              And then the -- finally the -- my favorite,

Page 84

1   tell them and what did they tell them about turning
2   history on or off?
3                   And as Your Honor has pretty correctly
4   recognized, talk about sword and shield, they come in at
5   the top of page 3 and try to tell the court with no
6   footnote, of course, no citation, what those litigation
7   holds said.  They didn't produce them.  They didn't
8   produce them in camera to you and they're not willing to
9   give them to us.  It's just a big old trust me bro, as
10  my teenagers would say.
11                  I don't think we get to operate that way
12  when we've already exposed that there's a failure to
13  retain.
14                  And, Mr. McCallum, and I'll pause if he
15  wants to correct me, will not tell you that relevant
16  Chats were not deleted.  So now I want to figure out --
17                  MR. MCCALLUM:  Is that question directed to
18  me?
19                  MR. COLLIER:  Now, I want to figure out --
20                  SPECIAL MASTER:  Mr. Collier, just address
21  the Court or Special Master.
22                  MR. COLLIER:  But what is the scope of
23  that?  What is the scope of that?
24                  First the system-wide backend log tells us,
25  certainly as to common custodians, who turned history on

Page 85

1  and off.  It exists.  It's not burdensome to produce.
2  It's been produced.  All the burden is over.
3            The interrogatory answer is, who was put on
4  a litigation hold and when?  Just tell us so we can
5  figure out of this two-part test as to what was retained
6  as to each custodian when their stuff was deleted and
7  when not.
8            The litigation hold, we've discussed.
9  They're affirmatively using it.
10           And then finally, the transcript of
11 Google's corporate representative.  They say, well, you
12 know, it was the same person.  I didn't choose that
13 person, Your Honor.  That was the corporate
14 representative chosen by Google.  And they wanted me to
15 take these depositions at the same time to accommodate
16 his schedule and we flew to the west coast to do it.  So
17 there was coordination on these dates.  It wasn't just
18 out of all the gin joints, we did it on separate days.
19           And they had a corporate representative
20 testify to things under oath, and if he said something
21 different the next day, the court is entitled to know
22 that as we sort through this issue.  And then he faults
23 me for not telling you what's different.  I can't tell
24 you what's different, because they're saying I can't
25 talk about it.