IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

# GOOGLE'S UNOPPOSED MOTION TO ALLOW THE DEPOSITION OF GOOGLE'S EXPERT AFTER CLOSE OF EXPERT DISCOVERY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

Expert discovery is scheduled to close on November 1, 2024. ECF No. 609 at 1. The parties had agreed that one of Google's experts would be deposed on October 31, 2024, but that expert became ill and is no longer available to sit for a deposition until after the close of expert discovery. In light of this illness, Google respectfully requests that the Court allow this expert's deposition to be taken after the close of expert discovery and treated as though it was taken prior to the close of expert discovery. Google has conferred with Plaintiffs and they do not oppose this motion. The parties will cooperate to schedule this deposition. Google does not otherwise seek to modify the expert discovery deadline.

Generally, when a party seeks to modify the scheduling order, the Court must consider whether the party has shown "good cause." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). Good cause is determined based on four factors: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure

such prejudice." *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019) (quoting Fed. R. Civ. P. 16(b)(4)).

Google submits that there is good cause to allow the expert's deposition to be taken after November 1, 2024. First, while the parties were prepared to proceed with the deposition before the close of expert discovery, the expert's unanticipated illness necessitated postponement. Second, under the circumstances, it is not possible to complete this deposition prior to the expert discovery cut-off, such that the modification is important to ensure the deposition can proceed. Third, holding the deposition after November 1 will not prejudice any party. Fourth, this deposition will be completed promptly and the parties have agreed, assuming the Court's permission, that they will seek the same briefing schedule as to this expert witness as is sought in the Joint Stipulation (Dkt. 649), to wit:

1. The States may file a *Daubert* motion, if any, to the expert at issue by January 10, 2025.

2. Google may file a response to this *Daubert* motion by January 24, 2025.

3. The States may file a reply to this *Daubert* motion by February 7, 2025.

Accordingly, good cause exists to allow the deposition to be taken after November 1 and the above Daubert motion dates (only as to the expert at issue) be moved as set out above.

Dated: October 31, 2024                    Respectfully submitted,

                                                    **FRESHFIELDS US LLP**

                                                    */s/ Robert J. McCallum*
                                                    Robert J. McCallum (*pro hac vice*)
                                                    3 World Trade Center
                                                    175 Greenwich Street
                                                    New York, NY 10007
                                                    Tel.: (212) 284-4910
                                                    Fax: (212) 277-4001
                                                    rob.mccallum@freshfields.com

Eric Mahr (*pro hac vice*)
700 13th Street, NW
10th Floor
Washington, DC 20005
Tel.: (202) 777-4545
Fax: (202) 777-4555
eric.mahr@freshfields.com

**GIBBS & BRUNS LLP**

Kathy D. Patrick
State Bar No. 15581400
Kpatrick@gibbsbruns.com
Ayesha Najam
Texas Bar No. 24046507
Anajam@gibbsbruns.com
Michael R. Davis
Texas Bar No. 24109793
Mdavis@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I certify that on October 31, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                                                           /s/ *Robert J. McCallum*
                                                           Robert J. McCallum

**CERTIFICATE OF CONFERENCE**

      I certify that I conferred by telephone with Zeke DeRose III, counsel for Plaintiffs, on October 31, 2024 at 2:37 p.m. Central Time and again at 6:33 p.m. Central Time regarding this request.  In an email sent at 7:38 p.m. Central Time, Mr. DeRose confirmed that Plaintiffs did not oppose Google's request to reschedule the deposition at issue or filing this motion.

                                                           /s/ *Robert J. McCallum*
                                                           Robert J. McCallum