IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § § | |
| *Defendant.* | § § | |

**DEFENDANT GOOGLE LLC'S UNOPPOSED MOTION
TO FILE UNDER SEAL**

Defendant Google LLC ("Google") respectfully moves to seal its November 5, 2024 Reply In Support of Its Motion to Bifurcate the Liability Finding from Assessment of Penalties ("Bifurcation Reply"). Plaintiffs are unopposed. Pursuant to Local Rule CV-5(a)(7)(E), Google will file redacted copies of the Bifurcation Reply within seven days.

**LEGAL STANDARD**

While the "public's right of access to judicial proceedings is fundamental" and creates a default presumption "that judicial records should not be sealed," *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418-19 (5th Cir. 2021), this right of access "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Courts have properly limited the public's right of access to protect "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In deciding whether to allow public access to judicial records, the Court must exercise its discretion "in light of the relevant facts and circumstances of the particular case," balancing "the

public's common law right of access against the interests favoring nondisclosure." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Nixon*, 435 U.S. at 599, and *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)).

## ARGUMENT

The Court should permit Google to file the Bifurcation Reply under seal because it contains references to non-public, highly sensitive commercial information that, if disclosed publicly, would likely cause Google competitive harm.

Courts routinely recognize that the interest in nondisclosure of sensitive commercial information outweighs the public's right of access to court records. *See, e.g.*, *Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing."). Here, Google's Bifurcation Reply references two Plaintiff expert reports that Plaintiffs have designated Highly Confidential (which, in turn, reference and examine highly confidential, non-public commercial information belonging to Google). The Bifurcation Reply also references sensitive portions of the depositions of Google's co-founder and Director (Mr. Brin), as well as a current senior executive (Mr. Mohan).

If permitted to file its Bifurcation Reply under seal, Google will publicly file a version with limited redactions—namely, the aforementioned citations to Plaintiffs' expert reports and the depositions of Messrs. Brin and Mohan—within the time required by Local Rule CV-5(a)(7)(E).

## CONCLUSION

For these reasons, Google respectfully moves the Court for an order to file under seal Google's Reply In Support of Its Motion to Bifurcate the Liability Finding from Assessment of Penalties.

Dated: November 5, 2024

Respectfully submitted,

**GIBBS & BRUNS LLP**

*/s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Ayesha Najam
Texas Bar No. 24046507
anajam@gibbsbruns.com
Charles Rosson
Texas Bar No. 24074985
crosson@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

**CERTIFICATE OF SERVICE**

I certify that on November 5, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

/s/ Kathy D. Patrick
Kathy D. Patrick

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), I certify that the meet and confer requirements in Local Rule CV-7(h) have been met, and that this motion is unopposed.

/s/ Kathy D. Patrick
Kathy D. Patrick