IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **THE STATE OF TEXAS, et al,** | § § § § § § § § § § § | |
| *Plaintiffs,* | | |
| v. | | Civil Action No. 4:20-cv-00957-SDJ |
| **GOOGLE LLC,** | | |
| *Defendant.* | | |

## DEFENDANT GOOGLE LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL AND TO EXTEND TIME LIMIT UNDER LOCAL RULE CV-5(a)(7)(E)

Defendant Google LLC ("Google") respectfully moves to seal its Motion for Summary Judgment on Plaintiffs' Antitrust Claims, Statement of Facts in Support of Google's Motions for Summary Judgment, and Declaration of R. McCallum in Support of Google's Motions for Summary Judgment with all attached exhibits. Because these filings are voluminous, Google seeks permission to file all of these papers under seal in the first instance and to extend the time limit under Rule CV-5(a)(7)(E) for submitting redacted versions from seven days to 21 days.

### LEGAL STANDARD

While "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For example, courts have recognized that the public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Texas Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex. May 30,

2017), and "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598.

In exercising its discretion to seal judicial records, "the Court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (directing courts to balance right of access against interest of nondisclosure).

While Local Rule CV-5(a)(7) provides that under ordinary circumstances, parties have seven days following a sealed filing to file a redacted copy of that filing, "federal courts have the inherent authority to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dellucky v. St. George Fire Prot. Dist.*, No. 23-30810, 2024 WL 3688722, at *3 (5th Cir. Aug. 7, 2024) (quoting *Chambers v. NASCO*, 501 U.S. 32, 43 (1991)); *see also Carranza v. Shelton & Valadez, P.C.*, No. SA-22-CV-00025-ESC, 2023 WL 3260544, at *1 (W.D. Tex. May 4, 2023) (discussing court's inherent power to manage its docket).

## ARGUMENT

Google moves to file under seal its Motion for Summary Judgment on Plaintiffs' Antitrust Claims, the Statement of Facts in Support of Google's Motions for Summary Judgment,, and Declaration of R. McCallum in Support of Google's Motions for Summary Judgment with all attached exhibits.

These filings include deposition transcripts, expert reports, and produced documents which have been designated Confidential or Highly Confidential under the governing Confidentiality Order (ECF No. 182). Similar materials have been sealed from other filings. *See* ECF No. 337. The Opening Brief, Declaration, and Statement of Facts quote from and summarize the contents

of these documents.

Under Local Rule CV-5(a)(7)(E), "a party filing a document under seal must publicly file a version of that document with the confidential information redacted within seven days." In light of the anticipated size of these filings, the parties jointly request that the Court grant permission to file all of the aforementioned documents under seal in the first instance, and that the Court exercise its inherent authority to extend the deadline under Rule CV-5(a)(7)(E) for submitting redacted copies of these filings on the public docket from seven days to 21 days. *See Carranza*, 2023 WL 3260544 at *1.

## CONCLUSION

For the foregoing reasons, Google's motion to seal and to extend the deadline under Rule CV-5(a)(7) should be granted.

Dated: November 18, 2024

Respectfully submitted,

*/s/ Eric Mahr*
Eric Mahr (*pro hac vice*)
Andrew Ewalt (*pro hac vice*)
Constance Forkner (*pro hac vice*)
FRESHFIELDS US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

*Attorneys for Google LLC*

3

## CERTIFICATE OF SERVICE

I certify that on November 18, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

/s/ *Eric Mahr*

## CERTIFICATE OF CONFERENCE

I certify that counsel for Defendant conferred with counsel for Plaintiffs via telephone conference (Google: R. McCallum, Plaintiffs: K. Bhat) and that counsel for Plaintiffs confirmed Plaintiffs do not oppose the relief requested in this Motion.

/s/ *Eric Mahr*