IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al, | § § § § § § § § § | |
| *Plaintiffs,* | | |
| v. | | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | | |
| *Defendant.* | | |

## DEFENDANT GOOGLE LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL AND TO EXTEND TIME LIMIT UNDER LOCAL RULE CV-5(a)(7)

Defendant Google LLC ("Google") respectfully moves for leave to file under seal its Motion for Summary Judgment on Plaintiffs' DTPA Claims ("DTPA Motion"), filed on November 18, 2024. Given the volume and complexity of this filing, Google also requests to extend the time limit under Local Rule CV-5(a)(7)(E) for submitting a redacted version from seven days to 21 days.

## LEGAL STANDARD

While "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For example, courts have recognized that the public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Tex. Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex. May 30, 2017), and "sources of business information that might harm a litigant's competitive standing,"

*Nixon*, 435 U.S. at 598. In exercising its discretion to seal judicial records, "the Court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (directing courts to balance right of access against interest of nondisclosure).

While Local Rule CV-5(a)(7)(E) provides that under ordinary circumstances, parties have seven days following a sealed filing to file a redacted copy of that filing, "federal courts have the inherent authority to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dellucky v. St. George Fire Prot. Dist.*, No. 23-30810, 2024 WL 3688722, at *3 (5th Cir. Aug. 7, 2024) (quoting *Chambers v. NASCO*, 501 U.S. 32, 43 (1991)); *see also Carranza v. Shelton & Valadez, P.C.*, No. SA-22-CV-00025-ESC, 2023 WL 3260544, at *1 (W.D. Tex. May 4, 2023) (discussing court's inherent power to manage its docket).

**ARGUMENT**

The Court should allow Google to file its DTPA Motion under seal because the Motion discusses and summarizes technology, products, and business strategy that have been identified by Google as highly sensitive, non-public business information that, if made public, could cause competitive harm. The technology and products discussed and the materials quoted therein also implicate information designated as Highly Confidential under the governing Confidentiality Order (Dkt. 182). Courts routinely recognize that the interest in nondisclosure of this type of sensitive commercial information outweighs the public's right of access to court records. *See, e.g., Nixon*, 435 U.S. at 598.

If permitted to file its DTPA Motion under seal, Google will publicly file a version with redactions limited to the non-public, highly sensitive business information discussed therein,

pursuant to Local Rule CV-5(a)(7)(E). Under Local Rule CV-5(a)(7)(E), "a party filing a document under seal must publicly file a version of that document with the confidential information redacted within seven days." Given the length, breadth, and complexity of this filing, Google respectfully requests that the Court grant Google permission to file its DTPA Motion under seal in the first instance, and that the Court exercise its inherent authority to extend the deadline under Rule CV-5(a)(7) for submitting a redacted version of that filing on the public docket from seven days to 21 days. *See Carranza*, 2023 WL 3260544 at *1.

## CONCLUSION

For these reasons, Google's unopposed motion to seal and to extend the deadline under Rule CV-5(a)(7) should be granted.

Dated: November 18, 2024

                                      Respectfully submitted,

                                      */s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr (*pro hac vice*)
FRESHFIELDS US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Robert J. McCallum (*pro hac vice*)
FRESHFIELDS US LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 284-4910
Email: rob.mccallum@freshfields.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I certify that on November 18, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Kathy D. Patrick*
Kathy D. Patrick

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I certify that the meet and confer requirements in Local Rule CV-7(h) have been met, and that this motion is unopposed.

*/s/ Kathy D. Patrick*
Kathy D. Patrick
