UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, ET AL. § | |
| § | |
| v. § | CIVIL NO. 4:20-CV-957-SDJ |
| § | |
| GOOGLE LLC § | |

## ORDER

Before the Court are Defendant Google LLC's Unopposed Motions to File Under Seal, (Dkt. #612, #626), and Plaintiff States' Unopposed Motion to File Under Seal, (Dkt. #624). In these motions, the parties seek leave to file under seal (i) Google's Motion to Strike Improper Rebuttal Opinions of Plaintiffs' Experts David DeRamus and Anil Somayaji, (Dkt. #613); (ii) Plaintiff States' Response to Google's Motion to Strike, (Dkt. #625); (iii) Google's Reply in Support of Its Motion to Strike Improper Rebuttal Opinions of Plaintiffs' Experts David Deramus and Anil Somayaji, (Dkt. #628); and (iv) all the exhibits attached to these filings, including several expert reports. The parties filed redacted versions of Google's motion to strike, Plaintiff States' response, and Google's reply. (Dkt. #621, #632, #633). After full consideration, the Court has determined that the motions should be **DENIED without prejudice.**

The Fifth Circuit has made clear that "courts are duty-bound to protect public access to judicial proceedings and records," a duty that is all too "easy to overlook" in the context of stipulated sealings, and that it is inappropriate to "presume[e] that whatever satisfies the lenient protective-order standard will necessarily satisfy the stringent sealing-order standard." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–18 (5th Cir. 2021). That's because a strict balancing test applies to a sealing

1

request once a document becomes a judicial record. *Id.* at 419. The Court must "undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* (cleaned up). *See also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (same). Courts are instructed to be "ungenerous with their discretion to seal judicial records." *Binh Hoa Le*, 990 F.3d at 418.

With this controlling precedent in mind, the Court reviewed each document independently and finds as follows:

**(1) Google LLC's Redacted Motion to Strike (Dkt. #621)**

The Court has reviewed Google's redacted motion, which redacts material quoted from certain expert reports. Google asserts that this information is "non-public, highly sensitive commercial and technological information that, if disclosed publicly, would likely cause Google competitive harm." (Dkt. #612 at 2). In support, Google states that its motion "describes in detail" the information in several expert reports, including the reports from "Google's experts Steven Wiggins and Douglas Skinner (including their respective discussions and analyses of confidential financial information), and Plaintiffs' expert Anil Somayaji (including his discussion of proprietary source code)." (Dkt. #612 at 2).

The Court disagrees with Google's characterization of the redacted material, which merely relates to damages theories, damages calculations, and various Google revenues. In addition, the references to Google's source code are made in the context of whether certain experts did or did not review the code. (Dkt. #613 at 13–14, 16).

The actual source code is neither in the motion nor discussed substantively. Because this Court must be "ungenerous with [its] discretion to seal judicial records," and because Google has failed to overcome the "working presumption" that "judicial records should not be sealed," *Binh Hoa Le*, 990 F.3d at 419, Google has not sufficiently justified its redactions to the motion to strike and must therefore file an updated redacted version of the motion.

### (2) Google LLC's Attachments to its Sealed Motion to Strike (Dkt. #613-1 to #613-10)

Google attached a declaration and several expert reports to its sealed motion to strike. While it filed a redacted version of its motion to strike, (Dkt. #621), Google did not do so for these attachments. Rather, Google merely stated that the expert reports were designated as "Highly Confidential for good reason, as they detail not only Google's confidential commercial and technological information, but also confidential information provided by non-parties to the case." (Dkt. #621 at 2–3). Google also does not explain why the declaration, (Dkt. #613-1), should be sealed. Thus, Google appears to suggest that all attachments to its motion to strike must be sealed in full.

The Court again disagrees. For the declaration, the Court finds that the document contains no confidential information. And as to the expert reports, while there may be some pages that contain confidential information, the Court is not convinced that the entirety of these reports—exceeding 1500 pages—should be sealed. In this regard, Google does not suggest, and the Court is not aware of, any applicable authority directing courts to seal all expert reports in full. To the contrary,

3

the "line-by-line balancing" required by Fifth Circuit precedent suggests that any attempt to broadly seal entire documents should be approached with great care. Google must therefore file redacted versions of the declaration and expert reports, as appropriate.

### (3) Plaintiff States' Redacted Response, (Dkt. #632), and Plaintiff States' Attachments to Their Original Response (Expert Designation and Expert Report) (Dkt. #625-1, #625-2)

Plaintiff States support their request to seal by citing to Google's rationale for sealing the original motion to strike. (Dkt. #632 at 1). But as explained above, the Court rejects Google's rationale. For those same reasons, Plaintiff States have failed to explain why these documents must be sealed and must therefore file an updated redacted version of their response along with redacted versions of the attachments, as appropriate.

### (4) Google's Redacted Reply (Dkt. #633)

Google requests that its reply be sealed "because it discusses materials, including expert reports, properly designated Highly Confidential by either Plaintiffs or Google, pursuant to the Court's protective order." (Dkt. #626 at 1). But a document's designation under the Court's protective order is unhelpful to the Court's sealing inquiry: As the Fifth Circuit has explained, it is inappropriate to "presume[e] that whatever satisfies the lenient protective-order standard will necessarily satisfy the stringent sealing-order standard." *Binh Hoa Le*, 990 F.3d at 417–18. Like its motion to strike, Google's redactions to the reply relate to nothing more than damages

4

theories, damages calculations, and various Google revenues. Google must therefore file an updated redacted version of its reply.

It is therefore **ORDERED** that Defendant Google LLC's Unopposed Motions to File Under Seal, (Dkt. #612, #626), and Plaintiff States' Unopposed Motion to File Under Seal, (Dkt. #624), are **DENIED without prejudice**.

It is further **ORDERED** that the redacted versions of the parties' related briefing, (Dkt. #621, #632, #633), are **STRICKEN**.

It is further **ORDERED** that the parties' original briefing, (Dkt. #613, #625, #628), the attachments to Google's motion to strike, (Dkt. #613-1 to #613-10), and the attachments to the States' response, (Dkt. #625-1, #625-2), shall remain under seal until **December 16, 2024**. In the interim, the parties may submit renewed motions to seal consistent with Fifth Circuit precedent as explained in this order.

**So ORDERED and SIGNED this 27th day of November, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE