**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:20-cv-00957-SDJ |
| v. | § | |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT GOOGLE LLC'S MOTION TO STRIKE PLAINTIFFS' JURY
DEMAND FOR ALL CLAIMS AND CIVIL PENALTIES**

**Oral Argument Requested**

## <u>TABLE OF CONTENTS</u>

I.    Legal Standards Governing This Motion ............................................................................. 1

II.   Argument .............................................................................................................................. 2

   a.   The Court Should Strike Plaintiffs' Jury Demand for their DTPA Claims Because the
        Claims are Equitable in Nature ...................................................................................... 2

        i.    Plaintiffs' DTPA Claims Are Not Rooted in the Common Law ................................. 3

        ii.   The DTPA Penalty Remedy is Incidental to Injunctive Relief, So the Claim is
              Equitable and Not Triable to a Jury ................................................................... 5

   b.   The Sovereign Has No Right to a Jury Trial of Antitrust Claims .................................... 8

   c.   The Court Should Strike Plaintiffs' Jury Demand as to the Determination of Civil
        Penalties for All Claims ................................................................................................ 9

        i.    The States' Legislatures Also Delegated the Determination of Civil Penalties to the
              Court ......................................................................................................... 10

              1.   DTPA Penalties .................................................................................... 11

              2.   Antitrust Penalties ................................................................................ 13

        ii.   The Excessive Fines Clause Requires the Court to Assess Penalties .......................... 14

III.  Conclusion ........................................................................................................................ 15

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Abbott Lab'ys, Inc. v. Segura*,
   907 S.W.2d 503 (Tex. 1995) ................................................................13

*Armco, Inc. v. Armco Burglar Alarm Co.*,
   693 F.2d 1155 (5th Cir. 1982) .............................................................1

*Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n*,
   430 U.S. 442 (1977) .............................................................................2

*BMW of N. Am., Inc. v. Gore*,
   517 U.S. 559 (1996) ...........................................................................15

*Borst v. Chevron Corp.*,
   36 F.3d 1308 (5th Cir. 1994) ...............................................................5

*Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*,
   494 U.S. 558 (1990) ...................................................................2, 5, 6, 8

*Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*,
   532 U.S. 424 (2001) .....................................................................14, 15

*Cruz v. Anderson Restoration, Inc.*,
   364 S.W.3d 817 (Tex. 2012) ...............................................................3

*State ex rel. Fitch v. Yazaki N. Am., Inc.*,
   294 So. 3d 1178 (Miss. 2020) .............................................................6

*FTC v. Think All Publishing L.L.C.*,
   564 F. Supp. 2d 663 (E.D. Tex. 2008) ..........................................4, 13

*Granfinanciera, S.A. v. Nordberg*,
   492 U.S. 33 (1989) .......................................................................1, 3, 8

*Le-Vel Brands, LLC v. DMS Nat. Health, LLC*,
   WL 949955 (E.D. Tex. Mar. 28, 2022) ...........................................1, 8

*Lehman v. Nakshian*,
   453 U.S. 156 (1981) .............................................................................2

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996) .............................................................................9

*Middleton v. Life Ins. Co. of N. Am.*,
WL 582552 (S.D. Tex. Feb. 12, 2010) ......................................................7

*Paolino v. JF Realty*,
WL 12320080 (D.R.I. Aug. 8, 2013) ..........................................................7

*Ramos v. Banner Health*,
WL 1558069 (D. Colo. Apr. 10, 2019).......................................................7

*SEC v. Jarkesy*,
144 S.Ct. 2117 (2024)................................................................. *passim*

*SEC v. Life Partners Holdings, Inc.*,
854 F.3d 765 (5th Cir. 2017) ...................................................................10

*SEC v. Lipson*,
278 F.3d 656 (7th Cir. 2002) ...................................................................10

*Simler v. Conner*,
372 U.S. 221 (1963)....................................................................................2

*Smith v. Baldwin*,
611 S.W.2d 611 (Tex. 1980)......................................................................3

*State ex rel. Spaeth v. Eddy Furniture Co.*,
386 N.W.2d 901 (N.D. 1986) ....................................................................3

*State Farm Mut. Auto Ins. Co. v. Campbell*,
538 U.S. 408 (2003)..................................................................................15

*Swofford v. B & W, Inc.*,
336 F.2d 406 (5th Cir. 1964) .....................................................................8

*Timbs v. Indiana*,
586 U.S. 146 (2019)..................................................................................14

*Tull v. United States*,
481 U.S. 412 (1987)..................................................................... *passim*

*United States v. Bajakajian*,
524 U.S. 321 (1998)........................................................................1, 14, 15

*United States v. Bos. Sci. Corp.*,
253 F. Supp. 2d 85 (D. Mass. 2003) ........................................................12

*United States v. Com. Recovery Sys., Inc.*,
WL 1065137 (E.D. Tex. Mar. 21, 2017) ..................................................12

*Weaver v. State*,
  265 S.W.3d 523 (Tex. App.—Houston [1st] 2008, pet. ref'd) ...............................................14

*Woo v. Great Sw. Acceptance Corp.*,
  565 S.W.2d 290 (Tex. Civ. App.—Waco 1978)...............................................................3, 4

*In re Zyprexa Products Liab. Litig.*,
  671 F. Supp. 2d 397 (E.D.N.Y. 2009) ...............................................................................15

**Statutes**

10 L.P.R.A. 269 ...........................................................................................................11, 13

15 U.S.C. § 1 ...............................................................................................................12

15 U.S.C. §§ 1, 2 ........................................................................................................13

15 U.S.C. § 2 ...............................................................................................................13

15 U.S.C. § 45 .............................................................................................................12

15 U.S.C. § 45(1) ........................................................................................................12

15 U.S.C. § 45(m)(1)(A) .............................................................................................12

15 U.S.C. § 45(m)(1)(C) .............................................................................................12

15 U.S.C. §53(b) ..........................................................................................................4

Alaska Stat. § 45.50.545 ..............................................................................................4

Alaska Stat. § 45.50.551 ..............................................................................................6

Alaska Stat. § 45.50.551(b) ........................................................................................11

Alaska Stat. § 45.50.578 ............................................................................................14

Alaska Stat. § 45.50.578(b) ........................................................................................13

Ark Code §§ 4-75-212(a)(4), 4-75-315(a)(4) .............................................................13

Ark. Code § 4-88-113 ...................................................................................................6

Ark. Code § 4-88-113(a)(3) ........................................................................................11

Clean Water Act...........................................................................................................7

Comm. Code § 17.45(4)................................................................................................6

Comm. Code § 17.47(g) ........................................................................................11

Exchange Act ......................................................................................................10

Federal Trade Commission Act, 15 U.S.C. § 45 *et seq.* ...........................................4

Fla. Stat. § 501.204(2) ...........................................................................................4

Fla. Stat. § 501.2075 ............................................................................................11

Fla. Stat. § 542.21 ...............................................................................................14

Fla. Stat. § 542.21(1) ...........................................................................................13

Fla. Stat. § 542.32 ...............................................................................................13

FTC Act ....................................................................................................4, 11, 12

Idaho Code Ann. § 48-112 ....................................................................................13

Idaho Code § 48-102(3) ........................................................................................13

Idaho Code §§ 48-604(1), 48-618 ...........................................................................4

Idaho Code §§ 48-606, 48-607 ..............................................................................11

Ind. Code § 24-5-0.5-4(g) ..................................................................................6, 11

Ky. Rev. Stat. § 367.990(2) ...............................................................................6, 11

Ky. Rev. Stat. § 367.990(8) ..................................................................................13

La. Rev. Stat. §§ 51:122, 51:123 ...........................................................................13

La. Rev. Stat. § 51:1407(2) .....................................................................................6

La. Rev. Stat. § 51:1407(B) ...................................................................................11

Miss. Code §§ 75-21-1, 75-21-7 ............................................................................14

Miss. Code § 75-21-7 ...........................................................................................13

Miss. Code § 75-24-3(c) .........................................................................................4

Miss. Code § 75-24-19 ...........................................................................................6

Miss. Code § 75-24-19(1)(b) .................................................................................11

Mo. Code Regs. tit. 15, § 60-8.020(1) .....................................................................4

Mo. Rev. Stat. § 407.100 ...................................................................................................6

Mo. Rev. Stat. § 407.100(6) ............................................................................................11

Mo. Rev. Stat. § 416.141 .................................................................................................13

Mont. Code Ann. § 30-14-104(1) ......................................................................................4

Mont. Code Ann. § 30-14-142(2) ............................................................................6, 11, 13

N.D.C.C. § 51-15-11 ........................................................................................................11

N.D. Cent. Code § 51-08.1-07 .........................................................................................13

Nev. Rev. Stat. § 598.0999(2) ..........................................................................................11

Nev. Rev. Stat. § 598A.050 ..............................................................................................13

Nev. Rev. Stat. § 598A.170 ..............................................................................................13

Resource Conservation and Recovery Act, No. 08-2151, 2010 ..........................................6

S.C. Code § 39-3-180 .......................................................................................................13

S.C. Code § 39-5-20(b) ......................................................................................................4

S.C. Code §39-5-110 ........................................................................................................11

S.D. Codified Laws § 37-1-14.2 ......................................................................................13

Sherman Act ...............................................................................................................12, 13

Tex. Bus. & Com. Code § 15.04 ......................................................................................13

Tex. Bus. & Com. Code § 15.20 ................................................................................13, 14

Tex. Bus. & Com. Code § 15.20(a) ..................................................................................13

Tex. Bus. & Com. Code § 17.44(a) ....................................................................................3

Tex. Bus. & Com. Code § 17.46(b) ....................................................................................4

Tex. Bus. & Com. Code § 17.46(c)(1) ................................................................................4

Tex. Bus. & Com. Code § 17.47(c) .....................................................................................5

Tex. Code Crim. Proc. art. 37.07 § 2(b) ...........................................................................14

Utah Code § 13-11-2(4) ......................................................................................................4

Utah Code § 13-11-17(6) ................................................................................................................ 11

Utah Code § 76-10-3108 ............................................................................................................... 13

Plaintiffs demand a jury trial on "all issues properly triable to a jury." *See* Fourth Am. Compl. at 236 (citing Fed. R. Civ. P. 38(b)).  There are none.

The Seventh Amendment provides no right to a jury trial for the States' Deceptive Trade Practices Acts ("DTPA") claims, which are purely equitable claims, *see Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989), seeking civil penalties ancillary to equitable relief, *cf. Tull v. United States*, 481 U.S. 412, 424 (1987).  Nor does the Seventh Amendment preserve a jury right for the States' antitrust claims, because these claims are brought by a sovereign, not by a citizen private plaintiff.  As to penalties under all the statutes, the Constitution does not require or permit a jury to determine the amount of civil penalties, *id.* at 426–27, and the States' legislatures delegated penalty assessments to the Court.  Finally, the Excessive Fines Clause requires the Court to assess any penalties independent of a jury and mandates that it must do so "*in the first instance*." *United States v. Bajakajian*, 524 U.S. 321, 336–37 (1998).[1]  For each independent reason, Google's Motion to Strike the Jury Demand should be granted as to all claims and the assessments of any penalties.

## I.    Legal Standards Governing This Motion

Federal Rule of Civil Procedure 39(a)(2) permits a motion to strike a jury demand when the party demanding a jury trial has no such right.  Fed. R. Civ. P.39(a)(2).  That Rule "sets no time limit for the Court to strike a jury demand." *Le-Vel Brands, LLC v. DMS Nat. Health, LLC*, No. 4:20-CV-398-SDJ, 2022 WL 949955, at *5 (E.D. Tex. Mar. 28, 2022) (Jordan, J.); *see also Armco, Inc. v. Armco Burglar Alarm Co.*, 693 F.2d 1155, 1158 (5th Cir. 1982) (party was not "deprived" of its right to jury trial where motion to strike was filed "on the eve of trial").

---

[1] Unless otherwise noted, all emphasis is added, internal citations and quotations are omitted, and citations have been cleaned up for ease of reading.

"The right to a jury trial in the federal courts is to be determined as a matter of federal law." *Simler v. Conner*, 372 U.S. 221, 222 (1963). There is no "general right to trial by jury in civil actions in federal district courts." *Lehman v. Nakshian*, 453 U.S. 156, 165 n.13 (1981). Instead, a party's right to a jury must derive from the Seventh Amendment or a federal statute. Fed. R. Civ. P. 38(a); *Lehman*, 453 U.S. at 165 n.13. Absent that, no such right exists. *See id.*

## II.    Argument

### a.    The Court Should Strike Plaintiffs' Jury Demand for their DTPA Claims Because the Claims are Equitable in Nature

The Seventh Amendment mandates that "In Suits at common law," "the right of trial by jury shall be preserved." U.S. Const. amend. VII. It guarantees "a jury trial on the merits in those actions that are analogous to Suits at common law," but not in actions "analogous to 18th-century cases tried in courts of equity." *Tull*, 481 U.S. at 417. This is "declaratory of the existing law, for it required only that jury trial in suits at common law was to be 'preserved.' It thus did not purport to require a jury trial where none was required before [or] seek to . . . freeze equity jurisdiction as it existed in 1789, preventing it from developing new remedies where those available in courts of law were inadequate." *Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442, 459 (1977).

To decide whether a statutory action is more similar to cases that were tried in courts of law or courts of equity, courts examine "both the nature of the action and of the remedy sought." *Tull*, 481 U.S. at 417; *accord SEC v. Jarkesy*, 144 S.Ct. 2117, 2129 (2024) (same). "First, [courts] compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. . . . Second, [courts] examine the remedy sought and determine whether it is legal or equitable in nature." *Tull*, 481 U.S. at 417; *see also Jarkesy*, 144 S.Ct. at 2128. The second inquiry is "more important in [the] analysis," *Chauffeurs, Teamsters &*

2

*Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 565 (1990), and is typically "all but dispositive," *Jarkesy*, 144 S.Ct. at 2129.

### i. Plaintiffs' DTPA Claims Are Not Rooted in the Common Law

The Texas Supreme Court is clear: the DTPA "does not represent a codification of the common law." *Smith v. Baldwin*, 611 S.W.2d 611, 616 (Tex. 1980); *see also Cruz v. Anderson Restoration, Inc.*, 364 S.W.3d 817, 825 (Tex. 2012). Rather, the statute's underlying purpose is to "protect consumers against false, misleading, and deceptive business practices," Tex. Bus. & Com. Code § 17.44(a), given the "inadequacies of traditional common law remedies," *Woo v. Great Sw. Acceptance Corp.*, 565 S.W.2d 290, 298 (Tex. Civ. App.—Waco 1978). A legislature has the power to "create a new cause of action, and remedies therefore unknown to the common law, because traditional rights and remedies were inadequate," *Granfinanciera*, 492 U.S. at 60 (quoting *Atlas Roofing*, 430 U.S. at 461), which the Texas legislature, *see Smith*, 611 S.W.2d at 616, and other States' legislatures, *see, e.g.*, *State ex rel. Spaeth v. Eddy Furniture Co.*, 386 N.W.2d 901, 903 (N.D. 1986), did in their DTPAs. Thus, no jury right attaches to these claims.

The novelty of the States' DTPA claims—and the Texas Supreme Court's recognition that they do not codify the common law—stands in stark contrast to the securities fraud claims at issue in *Jarkesy*, 144 S.Ct. 2117. There, the Court held the defendant was entitled to a jury trial because the "antifraud provisions" of the federal securities law and the remedies they create, "replicate common law fraud, and it is well established that common law claims must be heard by a jury." *Id.* at 2127. "Congress's decision to draw upon common law fraud created an enduring link between federal securities fraud and its common law ancestor." *Id.* at 2130.

That enduring link is absent here: the state DTPA statutes *do not* codify the common law. *See Smith*, 611 S.W.2d at 616. Nor were they enacted as an avenue for consumers to bring "claims

that traced their ancestry to the common law." *Cf. Jarkesy*, 144 S.Ct. at 2137. Instead, these statutes create an entirely new cause of action, with new and purely equitable remedies for "deceptive trade practices" not actionable at or unforeseen by the common law. *See Woo*, 565 S.W.2d at 298; *see, e.g.*, Tex. Bus. & Com. Code § 17.46(b) (authorizing DTPA actions for acts related to novel issues like odometers on motor vehicles and prescription drug identification cards). None of this was triable to a jury at common law, so it cannot be tried to a jury here.

Finally, each of the state DTPAs is modeled on the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45 *et seq.* Nine states mandate that courts interpret the DTPAs terms guided by precedents applying the FTC Act.[2] And courts have "unanimously held that the Seventh Amendment *does not* provide a right to a trial by jury in actions brought under Section 13(b)," 15 U.S.C. § 53(b), of the FTC Act—which grants the FTC authority to sue in federal courts to enforce that statute. *FTC v. Think All Publ'g, L.L.C.*, 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008) (citing *FTC v. Verity, Int'l, Ltd.*, 443 F.3d 48, 67 (2nd Cir. 2006); *FTC v. Seismic Entm't Prods., Inc.*, 441 F. Supp. 2d 349, 353 (D.N.H. 2006); *FTC v. Bronson Partners*, 2006 WL 197357 at *4 (D. Conn. Jan. 25, 2006); *FTC v. Ne. Telecomm., Ltd.*, 1997 WL 599357 at *3 (S.D. Fla. June 23, 1997); *FTC v. Hang-Up Art Enters., Inc.*, 1995 WL 914179, at *1–2 (C.D. Cal. Sept. 27, 1995); *FTC v. Febre*, 1994 WL 702711, *1–2 (N.D. Ill. Dec. 15, 1994); *FTC v. Abbott Labs.*, 1992 WL 427476, *1 (D.D.C. Dec. 7, 1992)). Relying on this uniform precedent, the court in *Think All Publishing* struck the jury demand. *Id.* at 666.

This Court should do the same here. The first prong of the *Tull* test is *not* met: the DTPA statutes are not rooted in the common law, so there is no right to try them to a jury.

---

[2] *See* Alaska Stat. § 45.50.545; Fla. Stat. § 501.204(2); Idaho Code §§ 48-604(1), 48-618; Miss. Code § 75-24-3(c); Mo. Code Regs. tit. 15, § 60-8.020(1); Mont. Code Ann. § 30-14-104(1); S.C. Code § 39-5-20(b); Tex. Bus. & Com. Code § 17.46(c)(1); and Utah Code § 13-11-2(4).

### ii. The DTPA Penalty Remedy is Incidental to Injunctive Relief, So the Claim is Equitable and Not Triable to a Jury

The Seventh Amendment analysis "need not rest on an abstruse historical search for the nearest 18th-century analog"; the Supreme Court has repeatedly instructed that "characterizing the relief sought is '[m]ore important.'" *Tull*, 481 U.S. at 421 (quoting *Curtis v. Loether*, 415 U.S. 189, 196 (1974)). The Supreme Court recognizes "two exceptions to the general rule that a claim seeking monetary recovery is legal in nature." *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994). Important here, "[a] court in equity was empowered to provide monetary awards that were incidental to or intertwined with injunctive relief." *Tull*, 481 U.S. at 424. *Jarkesy* reaffirmed the longstanding principle that "a monetary award incidental to or intertwined with injunctive relief may be equitable." *Terry*, 494 U.S. at 571; *see* 144 S.Ct. at 2129. Here, the relief sought is conclusive: Plaintiffs' demand for DTPA penalties is *ancillary to* equitable relief, so the States' DTPA claims are equitable and not triable to a jury in federal court.

The DTPA statutes in Texas and nine other States[3] (ten total) permit the sovereign to seek penalties only under provisions that authorize injunctive relief. Under Texas's DTPA, the State has no independent *legal* cause of action authorizing civil penalties. Instead, the State is permitted to seek civil penalties *only* pursuant to the statute's equitable remedies provision, section 17.47(c). Entitled "Restraining Orders," this provision states that, "*[i]n addition to the request* for a temporary restraining order, or permanent injunction in a proceeding brought under Subsection (a) of this section"—the provision under which Texas brings its DTPA claims—"the consumer protection division may request . . . a civil penalty to be paid to the state." Tex. Bus. & Com. Code § 17.47(c). There is no other mechanism for Texas to seek civil penalties: that right exists only

---

[3] Alaska, Arkansas, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, and South Dakota.

"in addition" to the state's claim for injunctive relief.[4]   The DTPA penalties sought are thus equitable and no right to a jury trial exists.  *Cf. Terry*, 494 U.S. at 571.

This same is true of Mississippi's DTPA.  Mississippi can bring an action under Section 75-24-9 to "restrain by temporary or permanent injunction" any unfair or deceptive trade practice.  *See* Miss. Code § 75-24-9.  Then, "*[i]n any action* brought under Section 75-24-9, . . . the Attorney General . . . may recover on behalf of the state a civil penalty."  Miss. Code § 75-24-19.  As with Texas, Mississippi can seek civil penalties under its DTPA only *in* an action for injunctive relief. The Mississippi Supreme Court confirmed this understanding: "If there is no action for injunctive relief under 75-24-9, there is no action to recover civil penalties under Section 75-24-19."  *State ex rel. Fitch v. Yazaki N. Am., Inc.*, 294 So. 3d 1178, 1184 (Miss. 2020).

Eight other States' DTPA statutes are the same, permitting the States to seek civil penalties only in actions for injunctive relief.  Alaska Stat. § 45.50.551(b); Ark. Code § 4-88-113(a)(3); Ind. Code § 24-5-0.5-4(g); Ky. Rev. Stat. § 367.990(2); La. Rev. Stat. § 51:1407(B); Mo. Rev. Stat. § 407.100(6); Mont. Code Ann. § 30-14-142(2); S.D. Codified Laws § 37-24-27.  For all ten States whose DTPAs operate this way, the remedies are indisputably equitable, so no jury right exists.

District courts have held consistently that there is no jury right in cases where civil penalties are dependent upon injunctive relief.  For instance, in *Sanchez v. Esso Standard Oil De Puerto Rico, Inc.*, a jury right did not attach to plaintiffs' action for injunctive relief and civil penalties under the Resource Conservation and Recovery Act, No. 08-2151 (JAF), 2010 WL 3087485, at *2–3 (D.P.R. Aug. 5, 2010), because the statute authorized civil penalties only "as an adjunct to injunctions compelling defendants' regulatory compliance."  *Id.*  Therefore, even "assum[ing]"

---

[4] This is in contrast to Texas's ability to bring a separate claim for legal and compensatory *damages*.  *See* Tex. Bus. & Com. Code § 17.45(4) (defining "consumer" to include the state); *id.* § 17.45(11) (defining economic damages); *id.* § 17.50(a) (damages remedy for consumers).

that plaintiffs' demand for civil penalties "resemble[d] actions at common law in the eighteenth century," the action was equitable because the request for penalties was "inextricably entangled" with their request for injunctive relief. *Id.* at \*2 (citing *Tull*, 481 U.S. at 422–24).

The court concluded the same in *Paolino v. JF Realty*, No. CV 12-039-ML, 2013 WL 12320080 (D.R.I. Aug. 8, 2013), where a provision of the Clean Water Act (CWA) did "not authorize civil penalties separately from injunctive relief" and thus did "not create a cause of action for civil penalties that is independent from, or on equal footing with, the equitable cause of action created by Section 1365." *Id.* at \*2–3 (quoting *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.,* 484 U.S. 49, 58 (1987)). "In this context," where the primary purpose of the statute was to provide an equitable remedy, the court concluded that the penalties were "incidental or adjunct" to equitable relief, so no jury trial right attached. *Id.* at \*3–4.

Other courts have concluded that suits are equitable in nature, even for "damages-types" of remedies, where the relief sought is incidental to the requested injunctive relief.[5] *See, e.g.*, *Middleton v. Life Ins. Co. of N. Am.*, No. CIV.A H-09-CV-3270, 2010 WL 582552, at \*8 (S.D. Tex. Feb. 12, 2010) ("An inquiry into the *overall* relief sought reveals that any damages-type remedy is thoroughly and inexorably intertwined with wholly equitable forms of relief . . . [thus] the action is equitable rather than legal in nature." (emphasis in original)); *Bittinger v. Tecumseh Prod. Co.*, 123 F.3d 877, 883 (6th Cir. 1997) (plaintiffs not entitled to jury trial because "request for monetary relief is incidental and intertwined" with a claim "clearly equitable in nature"); *Adams v. Cyprus Amax Mins. Co.*, 149 F.3d 1156, 1161 (10th Cir. 1998) (concluding that action was equitable because "[a]bsent a favorable ruling" on the equitable claim, plaintiff had "no claim

---

[5] Google has found no authority that an action remains *legal* in nature where, as here, damages claims are abandoned and only injunctive and incidental penalty relief is sought.

for monetary damages"); *In re Checkmate Stereo & Elecs., Ltd.*, 21 B.R. 402, 408–09 (E.D.N.Y. 1982) (same).   In each, the courts concluded the jury demand should be stricken.

The Court should reach the same conclusion for these ten States.  These States' penalty claims are undeniably equitable in nature, as they are incidental to injunctive relief under their DTPAs.  But more fundamentally, no jury is required for *any* State's DTPA claim.  No State seeks the legal remedy of damages—while all seek injunctive relief—and the state DTPAs do not "trace[] their ancestry to the common law." *Cf. Jarkesy*, 144 S.Ct. at 2137.  Plaintiffs thus have no right to a jury trial for any DTPA claims, and their demand should be stricken.

### b.  The Sovereign Has No Right to a Jury Trial of Antitrust Claims

The States' right to a jury trial of their antitrust claims turns on whether that claim was triable to a jury at common law and whether the remedy sought is legal. *Tull*, 481 U.S. at 417–18. As demonstrated below, the sovereign had no right at common law to try antitrust claims seeking monetary relief to a jury.  Accordingly, the States have no such right here.[6]

We begin with two points about which there is no doubt.  First, the Seventh Amendment protects the right to a jury trial of antitrust damages claims brought by private plaintiffs. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959).  Second, antitrust claims were actionable at common law and are considered to be legal in nature. *See, e.g.*, *Nat'l Soc. Pro. Eng'r v. United States*, 435 U.S. 679, 688 (1978); *Swofford v. B & W, Inc.*, 336 F.2d 406, 414 (5th Cir. 1964).[7]

---

[6] Plaintiffs' antitrust claims in Counts I–IV seek only injunctive relief, so no jury right attaches regardless. *See Granfinanciera*, 492 U.S. at 41.

[7] At the November 6, 2024 Status Conference, Ms. Patrick, Google's counsel, was referring to the fact that antitrust claims were legal claims actionable at the common law when she indicated that "there is going to be a jury on liability if the antitrust claims survive summary judgment." *See* Hrg. Tr. 11/6/2024 at 31–32.  That observation, based on a private plaintiff's right to jury, mistakenly did not address the separate issue of whether a *sovereign* has a right to a jury trial of that legal claim.  As demonstrated here, the sovereign has no such right.

But that does not end the inquiry, because the Seventh Amendment right to a jury trial asks a history question: Was *this* action triable to a jury at the common law?  *See Terry*, 494 U.S. at 565 (quoting *Tull*, 481 U.S. at 417–18); *Jarkesy*, 144 S.Ct. at 2128.  The answer, for sovereigns like the Plaintiff States here, is an emphatic "No."  *Private* plaintiffs seeking damages would have a right to a jury trial on liability.  These state sovereigns do not.

Attached to this Motion as Exhibit "A," is a Declaration of John G.H. Hudson filed in support of Google's Motion to Strike United States' Jury Demand in the companion AdTech antitrust action pending in the Eastern District of Virginia.[8]  As Professor Hudson explains, Blackstone's Commentaries and other historical sources indicate that comparable damages suits brought by the English Crown in 1791 would have been heard by a judge, not a jury.[9]  Ex. A ¶¶ 11–16.  Reports of cases from the Courts of Exchequer "offer no indication that cases brought by the Crown against a private individual for damages would customarily have gone to a jury," *id.* ¶ 14, nor is there any indication that complex matters like antitrust claims would have been decided by a jury, *id.* ¶¶ 15–16.  Thus, there is "no established jury practice sufficient to support an argument by analogy," *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 380 (1996), that antitrust actions brought by a sovereign should be tried to a jury.  For these reasons, the Court should also strike the jury as to the States' antitrust claims.

### c.  The Court Should Strike Plaintiffs' Jury Demand as to the Determination of Civil Penalties for All Claims

---

[8] Judge Brinkema granted Google's motion but did not reach the Seventh Amendment question because the damages claims were moot.  *See* Ex. "B" (Memorandum Opinion Striking Jury).

[9] Professor Hudson's Declaration describes the contours of the common law, which is not the law of a "foreign country" in American jurisprudence.  *Cf.* Fed. R. Civ. P. 44.1.  It is submitted here, on Google's behalf, to compile relevant common law authorities discussing whether the sovereign had a right to a jury trial in damages cases or complex claims like these antitrust statutes.  If the Court wishes to receive this as an evidentiary point under Fed. R. Civ. P. 44.1, Google will file a motion to take judicial notice of foreign law promptly.

For the reasons stated above, there is no right to a jury trial for any of the States' claims. That forecloses *any* jury trial on *any* issue raised by the States' DTPA and antitrust claims.

Independent of that, there is separately no right to have a jury assess penalties under any statute. The Supreme Court is unequivocal: the "Seventh Amendment *does not* require a jury trial for [assessing a penalty] in a civil action." *Tull*, 481 U.S. at 427. The "determination of a civil penalty is not an essential function of a jury trial" and "cannot be said to involve the 'substance of a common-law right to a trial by jury.'" *Id.* at 426–27 ("Is a jury role necessary to [preserve the substance of the common-law right of trial by jury]? We do not think so. Only those incidents which are regarded as fundamental, as inherent in and of the essence of the system of trial by jury, are placed beyond the reach of the legislature."). As a result, courts (not juries) assess civil penalties. The Supreme Court ordered that outcome in *Tull*, 481 U.S. at 425–27, and that ends the matter. The States' jury demand should be stricken as to penalties.

### i. The States' Legislatures Also Delegated the Determination of Civil Penalties to the Court

While *Tull* is dispositive, where a statute assigns to a court the responsibility to assess civil penalties, the rule is the same: there is no right to a jury trial on penalties. *See, e.g.*, *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 781–82 (5th Cir. 2017) ("[A]ppellants had no Seventh Amendment right to a jury trial at the remedies stage of this securities action."); *SEC v. Lipson*, 278 F.3d 656, 662 (7th Cir. 2002) (same).[10] As shown below, nearly all of the States' legislatures delegated assessment of penalties to a court, so a jury may not assess penalties. And for all States,

---

[10] In *Life Partners*, the SEC did not dispute that the defendant was entitled to a jury trial on liability for fraud, deceit, and manipulation under the Exchange Act, 854 F.3d at 781, a position that foreshadowed the ultimate decision in *Jarkesy*. The same was true in *Lipson*, where the plaintiff sought "both legal and equitable relief," and thus was "entitled to . . . a jury trial," but the Court decided penalties. 278 F.3d at 662. This case differs. There is no right to a jury trial on DTPA liability (the claims are not legal) or antitrust liability (because the States are sovereigns). But both cases are squarely on point on penalties: as to that, no right to a jury trial exists *at all*.

*Tull* is binding and requires that the jury be stricken as to penalties.

## 1. DTPA Penalties

The case for striking the jury is beyond argument for the fourteen States whose statutes instruct that the "court" must assess penalties—namely, Alaska, Arkansas, Idaho, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nevada, North Dakota, Puerto Rico, South Carolina, and South Dakota.[11]   In these states, federal law provides no right for a jury to assess penalties.  *See Tull*, 481 U.S. at 426–27.  And the statutory text is also conclusive: in these states, a penalty assessment can only be made by a court.  It *cannot* be made by a jury.

But even for the three states without express delegations to the court, *Tull* is dispositive.  The Seventh Amendment does not require penalties to be assessed by a jury.  And the nature of these penalty assessments shows that the Court—not a jury—must decide whether to award penalties.  There is "no evidence that the Framers meant to extend the right to a jury to the remedy phase of a civil trial."  *Tull*, 481 U.S. at 426 n.9.  To the contrary, where a statute delineates multiple factors relevant to the assessment of penalties, the Supreme Court recognizes an intent "that trial judges perform the highly discretionary calculations necessary to award penalties after liability is found."  *Id.* at 425.  That is the case here.  For instance, while the Texas statute delineates factors the "trier of fact" shall consider in assessing penalties, *see* Tex Bus. & Com. Code § 17.47(g), it nowhere mandates that the factfinder must be a jury.  The omission is not an accident.  The penalty provision is embedded in the "Restraining Orders" section of the statute and addresses injunctive relief, an issue a jury is never authorized to decide.  *See id.*  The Texas DTPA also

---

[11] Alaska Stat. § 45.50.551(b); Ark. Code § 4-88-113(a)(3); Idaho Code §§ 48-606(e), 48-607; Ind. Code § 24-5-0.5-4(g); Ky. Rev. Stat. § 367.990(2); La. Rev. Stat. § 51:1407(B); Miss. Code § 75-24-19(1)(b); Mo. Rev. Stat. § 407.100(6); Mont. Code Ann. § 30-14-142(2); Nev. Rev. Stat. § 598.0999(2); N.D.C.C. § 51-15-11; 10 L.P.R.A. 269; S.C. Code § 39-5-110(a); S.D. Codified Laws § 37-24-27.  Florida and Utah are silent.  Fla. Stat. § 501.2075; Utah Code § 13-11-17(6).

delineates specific and tailored factors that "shall" be considered before any penalty may be awarded. *Id.*; *see also* Utah Code § 13-11-17(6) (delineating factors). This supports the conclusion that penalty assessments are delegated to the Court, not a jury.

The FTC Act confirms the same. The States' DTPAs are modeled on the FTC Act, and that Act is unequivocal: the assessment of penalties is decided by a court, not a jury. The Federal Trade Commission may "commence a civil action to recover a civil penalty in a district court of the United States against any person, partnership, or corporation which violates any rule under this subchapter respecting unfair or deceptive acts . . . with actual knowledge." 15 U.S.C. § 45(m)(1)(A). There is consensus among the federal courts that the trial judge, not a jury, must assess any amount of these penalties. *See, e.g. United States v. Bos. Sci. Corp.*, 253 F. Supp. 2d 85, 98 (D. Mass. 2003) ("Courts traditionally have looked at six factors in determining the appropriate civil penalty under 15 U.S.C. § 45(1)." (citing cases)); *see also United States v. Com. Recovery Sys., Inc.*, No. 4:15-CV-00036, 2017 WL 1065137, at *2 (E.D. Tex. Mar. 21, 2017) ("In determining the appropriate civil penalty, *the Court* must take into account the factors listed at 15 U.S.C. § 45(m)(1)(C).").[12]

The fact that fourteen statutes *prohibit* a jury from deciding what penalties to assess is dispositive for those states: the jury demand must be stricken. For the remaining three, *Tull* holds that there is no right to a jury to decide penalties, the statutory text supports that the Court should decide the issue, and the consistent practice of *federal* courts is to hold that penalties under the analogous FTC Act are for the court to decide, not a jury. For all these reasons, the Court should strike Plaintiffs' jury demand as to the DTPA penalties.

---

[12] For the nine States whose DTPAs are to be construed in accordance with the FTC Act, *see supra* at 4 n.2—which includes Texas and Utah—this is dispositive. Because no jury is available to assess penalties under the FTC Act, none is available under these statutes, either.

### 2. Antitrust Penalties

None of the antitrust statutes allows or requires a jury to assess antitrust penalties.

Under the Sherman Act, including both sections Plaintiffs invoke here, penalties are criminal fines decided only by the Court. *See* 15 U.S.C. § 1 (violators "shall be punished by a fine . . . *in the discretion of the court*"); 15 U.S.C. § 2 (same). Four state statutes are explicitly the same. *See* S.C. Code § 39-3-180 ("The amount . . . shall be fixed by the judge."); S.D. Codified Laws § 37-1-14.2 ("The court may assess . . . a civil penalty."); Idaho Code Ann. § 48-112 ("court" may grant appropriate relief); 10 L.P.R.A. 269 (same). One delegates the determination to the "trier of fact." N.D. Cent. Code § 51-08.1-07. The rest do not expressly state who decides antitrust penalties,[13] but their silence does not matter. The availability of a jury trial is a question of federal law, and federal law is plain: there is no right to have a jury decide antitrust penalties under the Sherman Act. *See* 15 U.S.C. §§ 1, 2. Five States, including Texas, instruct that their antitrust laws be "construed in harmony with federal judicial interpretations of comparable federal antitrust statutes."[14] Tex. Bus. & Com. Code § 15.04; *see Abbott Lab'ys, Inc. v. Segura*, 907 S.W.2d 503, 505 (Tex. 1995) ("We begin with the Legislature's mandate that Texas antitrust law be harmonized with federal antitrust law."). That is dispositive for those states, but it defeats *all* States' demand for a jury, because not only is there no common law right to try a sovereign's antitrust claims to a jury, there is no right to try *any* antitrust penalties to a jury, either.

The States' antitrust statutory schemes underscore this conclusion. Using Texas as an

---

[13] *See* Alaska Stat. § 45.50.578(b); Ark Code §§ 4-75-212(a)(4), 4-75-315(a)(4); Fla. Stat. § 542.21(1); Ky. Rev. Stat. § 367.990(8); La. Rev. Stat. §§ 51:122, 51:123; Miss. Code § 75-21-7; Mont. Code Ann. § 30-14-224(1); Nev. Rev. Stat. § 598A.170; Tex. Bus. & Com. Code § 15.20(a); Utah Code § 76-10-3108. Indiana and Missouri do not seek civil penalties under their antitrust statutes. *See* ECF 381 at 2.

[14] Fla. Stat. § 542.32; Idaho Code § 48-102(3); Mo. Rev. Stat. § 416.141; Nev. Rev. Stat. § 598A.050.

example, its antitrust statute provides for three forms of monetary relief: (1) civil penalties, (2) criminal penalties, and (3) monetary damages.  Tex. Bus. & Com. Code § 15.20(a) (civil penalties); *id*. § 15.22(a) (criminal penalties); *id*. § 15.21(a) (damages).  The provision for monetary damages is a legal remedy, *see id*. § 15.21(a) (describing an action for "actual damages"), while the two penalty provisions state that violators "shall pay a *fine*" "not to exceed" a certain amount, *see id*. § 15.20(a); *id.* § 15.22(a).  Under Texas law, criminal penalties are decided by a court, *Weaver v. State*, 265 S.W.3d 523, 537 (Tex. App.—Houston [1st] 2008, pet. ref'd.); Tex. Code Crim. Proc. art. 37.07 § 2(b), and the same is true under federal law.  Given the similarity of civil and criminal penalties—both are "fines" under Texas law—the Court (not a jury) must decide antitrust penalties.[15]  There is no right to try antitrust penalties to a jury under federal law or the States' antitrust statutes.  Plaintiffs' jury demand should be stricken accordingly.

### ii.  The Excessive Fines Clause Requires the Court to Assess Penalties

The Excessive Fines Clause provides an independent ground to strike the jury as to statutory penalties.  It requires the Court "in the first instance," *Bajakajian*, 524 U.S. at 336–37, to assess the reasonableness of any "economic sanction," *Timbs v. Indiana*, 586 U.S. 146, 151 (2019) (Magna Carta, the precursor to the Excessive Fines Clause, "required that economic sanctions be proportioned to the wrong and not be so large as to deprive an offender of his livelihood").  The Eighth Amendment's Excessive Fines Clause, incorporated against the States by the Fourteenth Amendment's Due Process Clause, "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense."[16]  *Bajakajian*, 524 U.S. at 327–28 (quoting

---

[15] Other States have similar antitrust statutory schemes for civil and criminal penalties.  *See, e.g.*, Alaska Stat. § 45.50.578; Fla. Stat. § 542.21; Miss. Code §§ 75-21-1, 75-21-7.

[16] This prohibition also applies to monetary penalties in the form of civil penalties.  *See Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 434–35 (2001) (citing *Bajakajian*, 524 U.S. at 336); *Timbs*, 586 U.S. at 151 (Constitution constrains excessive "economic sanctions").

*Austin v. United States*, 509 U.S. 602, 609–10 (1993)); *see Timbs*, 586 U.S. at 151. "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture [or fine] must bear some relationship to the gravity of the offense that it is designed to punish." *Bajakajian*, 524 U.S. at 334.

It is this Court, not a jury, that must assess whether the penalties the States seek are proportionate to the harm (if any) that they prove. If the amount of the fine is "grossly disproportional to the gravity of the defendant's offense, it is unconstitutional." *Id.* at 336–37. Likewise, the Court must consider "the harm that [was] caused." *Id.* at 339. To make that determination, courts (not juries) focus on (1) "the relationship between the penalty and the harm to the victim caused by the defendant's actions," (2) "the sanctions imposed in other cases for comparable misconduct," and (3) "the degree of the defendant's reprehensibility or culpability." *Cooper*, 532 U.S. at 435; *see also BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574–75 (1996) (same); *In re Zyprexa Products Liab. Litig.*, 671 F. Supp. 2d 397, 463 (E.D.N.Y. 2009) (granting summary judgment on DTPA penalty claim because, under "this constitutional fairness and equity standard, Mississippi's requests for statutory penalties on a per violation basis . . . would result in a multibillion dollar cumulative penalty grossly disproportionate to both the injury Mississippi has suffered and the seriousness of Lilly's alleged violation").

Put simply: Proportionality is an "application of law." *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003). A jury cannot decide that question of law. Ever. Accordingly, the Court must strike Plaintiffs' jury demand as to the assessment of civil penalties.

## III.   Conclusion

For the foregoing reasons, the Court should strike Plaintiffs' jury demand in its entirety.

Dated: December 1, 2024

Respectfully submitted,

GIBBS & BRUNS LLP

*/s/ Kathy D. Patrick*
Kathy D. Patrick
Texas Bar No. 15581400
KPatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
RGibbs@gibbsbruns.com
Charles M. Rosson
Texas Bar No. 24074985
CRosson@gibbsbruns.com
Caitlin A. Halpern
Texas Bar No. 24116474
CHalpern@gibbsbruns.com
Michael R. Davis
Texas Bar No. 24109793
MDavis@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
FRESHFIELDS US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com
Email:  julie.elmer@freshfields.com

Daniel S. Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
(415) 490-1486
dbitton@axinn.com

Bradley Justus (*pro hac vice*)
James K. Hunsberger (*pro hac vice*)
David R. Pearl (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP

1901 L Street NW Washington, DC 20036
(202) 912-4700
bjustus@axinn.com
jhunsberger@axinn.com
dpearl@axinn.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on December 1, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and notice was thereby served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Kathy D. Patrick*
Kathy D. Patrick

## CERTIFICATE OF CONFEERENCE

Pursuant to Local Rule CV-7(i), I certify that the meet and confer requirements in Local Rule CV-7(h) have been met. On November 6, 2024, I conferred with Noah Heinz and Zeke DeRose, who indicated that the States oppose the motion. Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Kathy D. Patrick*
Kathy D. Patrick