# Appendix A

**Plaintiff States' Capacity to Sue**

| State | Powers of the Attorney General | Forum for State DTPA Actions |
|---|---|---|
| **Alaska** | The Attorney General has "those powers which existed at common law except where they are *limited by statute or conferred upon some other state official*." *Taylor v. Alaska Legis. Affairs Agency*, 529 P.3d 1146, 1155 (Alaska 2023) (emphasis original). | The Attorney General is authorized to bring an action "*in the superior court in the judicial district* in which the person resides or is doing business or has the person's principal place of business in the state, or, with the consent of the parties, *in any other judicial district in the state*." Alaska Stat. § 45.50.501(a). |
| **Arkansas** | The Arkansas state Constitution "gave the Legislature the right to state the powers and duties of the Attorney General"; common law power exists only "when not restricted or limited by statute." *State ex rel. Williams v. Karston*, 187 S.W.2d 327, 329 (Ark. 1945). | The Attorney General "shall have authority, acting through the Consumer Counsel of Arkansas, to file an action in the court designated in § 4-88-112," which is "*the circuit court of the county* in which the person resides or transacts business or of the judicial district in which the State Capitol is located," Ark. Code §§ 4-88-104, 4-88-112; *see also id.* § 4-88-115 ("Any civil action brought to enforce the provisions of this chapter may be brought in any court of competent jurisdiction *in this state*[.]"). |
| **Florida** | It is the Attorney General's duty "in the absence of express legislative restrictions to the contrary, to exercise all such power and authority as public interests may require." *State ex rel Landis v. S.H. Kress & Co.*, 155 So. 823, 827 (Fl. 1934). | Unspecified. *See* Fla. Stat. § 501.207. |
| **Idaho** | "The office of attorney general was first created by the territorial legislature in 1885" and "is not constitutionally vested with any common law powers and duties that are immune to legislative change." *Padgett v. Williams*, 348 P.2d 944, 947-48 (Idaho 1960). | The Attorney General is authorized to bring an action "*in the district court of the county* in which such person resides or has his principal place of business, or with consent of the parties, may be brought in the district court of Ada County. If the person does not reside in or have a principal place of business in this state, the action may be brought in any *district court in this state*." Idaho Code § 48-606(1)-(2). |

1

| **Indiana** | The Attorney General's Office was "created by statute" and "can therefore only derive authority via statute." *State v. Rankin*, 294 N.E.2d 604, 605 (Ind. 1973). | Unspecified. *See* Ind. Code § 24-5-0.5-4(c). |
|---|---|---|
| **Kentucky** | The Attorney General may exercise common law powers only "where there is no statute governing the subject." *Commonwealth ex rel. Beshear v. Commonwealth Office of the Governor ex rel. Bevin*, 498 S.W.3d 355, 361-62 (Ky. 2016). | The Attorney General is authorized to bring an action "*in the Circuit Court of the county* in which such person resides or has his principal place of business or in the Circuit Court of the county in which the method, act or practice declared by KRS 367.170 to be unlawful has been committed or is about to be committed; or with consent of the parties may be brought in the Franklin Circuit Court." Ky. Rev. Stat. § 367.190(1). |
| **Louisiana** | Unless the Attorney General has relevant constitutional power, courts "look to statutory law to see if the Legislature has granted him this power." *Meredith v. Ieyoub*, 96-1110 (La. 9/9/1997), 700 So. 2d 478, 482. | The Attorney General is authorized to bring an action "*in the district court having civil jurisdiction in any parish* in which such person resides, or is domiciled or has his principal place of business, or in any parish in which such person did business, or, with consent of the parties, may be brought in the district court of the parish where the state capitol is located." La. Stat. § 51:1407(A). |
| **Mississippi** | The Attorney General has common law powers "except insofar as they have been expressly restricted or modified by statute or the State constitution." *State v. Warren*, 180 So. 2d 293, 300 (Miss. 1965). | Actions by the Attorney General "shall be brought *in the chancery or county court of the county* in which such person resides or has his principal place of business, or, with consent of the parties, may be brought in the chancery or county court of the county in which the State Capitol is located." Miss. Code § 75-24-9. |
| **Missouri** | The Attorney General has common law powers "unless the statute, either expressly or by reasonable intendment forbids the exercise of powers not thus expressly conferred." *Kinder v. Nixon*, 2000 WL 684860, at *10 (Mo. Ct. App. May 30, 2000). | "[T]he attorney general may seek and obtain, in an action *in a circuit court*, an injunction prohibiting such person from continuing such methods, acts, uses, practices, or solicitations" declared unlawful. Mo. Stat. § 407.100(1); *see also id.* § 407.100(6) (same as to civil penalties). |

2

| **Montana** | The Attorney General "is the legal officer of the state and shall have the duties and powers provided by law." *Western Tradition P'ship, Inc. v. Att'y Gen. of Mont.*, 291 P.3d 545, 550 (Mont. 2012). | The Attorney General is authorized to bring an action "*in the district court in the county* in which a person resides or has the person's principal place of business or in the district court of Lewis and Clark County if the person is not a resident of this state or does not maintain a place of business in this state." Mont. Code § 30-14-111(1), (3). |
|---|---|---|
| **Nevada** | The Attorney General's "various duties are established by the legislature." *Whitehead v. Nevada Comm'n on Judicial Discipline*, 878 P.2d 913, 917 (Nev. 1994). | The Attorney General is authorized to bring an action "1. *In a district court in the county* in which the defendant resides or has his or her principal place of business; 2. In the district court in Carson City if the parties consent thereto; or 3. In the district court in any county where a deceptive trade practice has occurred." Nev. Rev. Stat. § 598.0989. |
| **North Dakota** | The Attorney General has common law power to represent the state "[a]bsent express constitutional or statutory limitations." *State v. Hagerty*, 580 N.W.2d 139, 147 (N.D. 1998). | "[T]he attorney general may seek and obtain in an action *in a district court* an injunction prohibiting that person from continuing the unlawful practice" and "may bring an action *in district court* to recover penalties under this section." N.D. Cent. Code § 51-15-07. |
| **Puerto Rico** | Actions by the Secretary of Justice, the equivalent of an AG, "must naturally comply, in the first place, with the conditions established by the Legislative Assembly." *E.L.A. v. Coca Cola Bottling Co.*, 115 D.P.R. 197, 284 (P.R. 1984). | "*The Court of First Instance is hereby vested with jurisdiction* to prevent, prohibit, enjoin and punish violations of this chapter, and it shall be the duty of the Secretary of Justice [i.e., the Attorney General] to institute proceedings for injunctions or any other proceeding to prevent, prohibit, enjoin and punish such violations." 10 L.P.R.A. § 269. |
| **South Carolina** | The Attorney General has power to "maintain all such suits and proceedings as he deems necessary for the enforcement of the laws of the State" only "in the absence of some express legislative restriction to the contrary." *State ex rel. Condon v. Hodges*, 562 S.E.2d 623, 627-28 | The Attorney General is authorized to bring an action "*in the court of common pleas* in the county in which such person resides, has his principal place of business or conducts or transacts business." S.C. Code § 39-5-50(a). |

| | | |
|---|---|---|
| | (S.C. 2002). | |
| **South Dakota** | It is "left with the legislature to define the powers and duties of each of these officers," including the Attorney General. *State v. Becker*, 51 N.W. 1018, 1019 (S.D. 1892). | The Attorney General is authorized to bring an action "*in the circuit court* for the county in which the alleged violator resides or has his place of business or in the circuit court for Hughes County, South Dakota." S.D. Codified Laws § 37-24-25. |
| **Utah** | The Utah Constitution "conferred on the Legislature broad authority to shape the powers and authority of those officials," including the AG, so "where a conflict arises between the common law and a statute or constitutional law, the common law must yield." *Hansen v. Utah State Retirement Bd.*, 652 P.2d 1332, 1334, 1337 (Utah 1982). | The Attorney General has authority "to enforce the statute *throughout the State*." Utah Code § 13-11-7. |

4