# Appendix B

**Overview of Plaintiff States' Deceptive Trade Practices Statutes**

| | **Omission Must Be Material**[i] | **Requires Intent to Deceive**[ii] | **Requires Willfulness**[iii] | **Requires a Transactional Nexus**[iv] | **Puffery Not Actionable**[v] | **Excludes Commercial Transactions**[vi] | **Claims are Time-Barred**[vii] |
|---|---|---|---|---|---|---|---|
| Alaska | ✓ | ✓ | | ✓ | ✓ | | 6-year SOL |
| Arkansas | ✓ | | | ✓ | ✓ | ✓ | 5-year SOL |
| Florida | ✓ | | ✓ | ✓ | ✓ | | 4-year SOL |
| Idaho | ✓ | | | ✓ | ✓ | ✓ | 4-year SOL |
| Indiana | Likely | | | ✓ | ✓ | ✓ | 5-year SOL |
| Kentucky | ✓ | | ✓ | ✓ | ✓ | | 5-year SOL |
| Louisiana | ✓ | ✓ | | ✓ | ✓ | | |
| Mississippi | ✓ | | ✓ | ✓ | ✓ | | |
| Missouri | ✓ | | | ✓ | ✓ | | 3-year SOL |
| Montana | ✓ | | ✓ | ✓ | ✓ | | 2-year SOL |
| Nevada | ✓ | | ✓ | ✓ | ✓ | | 2-year SOL |
| North Dakota | ✓ | ✓ | | ✓ | ✓ | | 4-year SOL |
| Puerto Rico | Likely | | | Likely | Likely | | 4-year SOL |
| South Dakota | ✓ | ✓ | | ✓ | Likely | | 4-year SOL |
| South Carolina | Likely | | ✓ | ✓ | ✓ | | 3-year SOL |
| Texas | ✓ | ✓ | | ✓ | ✓ | Monetary cap | |
| Utah | ✓ | ✓ | | ✓ | ✓ | ✓ | 1-year SOL |

1

[i] **Alaska**, *see* Alaska Stat. § 45.50.471(12) ("knowingly concealing, suppressing, or omitting a material fact"); **Arkansas**, *see* Ark. Code § 4-88-108(2) ("concealment, suppression, or omission of any material fact"); **Florida**, *see Muy v. IBM Corp.*, 2019 WL 8161747, at *1 (N.D. Fla. June 5, 2019) ("A deceptive practice under FDUTPA is a material representation or omission…."); *Fischer v. CentralSquare Techs., LLC*, 2021 WL 10558134, at *5 (S.D. Fla. Sept. 16, 2021) (same); **Idaho**, *see* Idaho Admin. Code R. 04.02.01.030 ("An omission of a material or relevant fact shall be treated with the same effect as a false, misleading, or deceptive claim or representation…."); Idaho Code § 48-603(17); **Kentucky,** *see Corder v. Ford Motor Co.*, 285 F. App'x 226, 231 (6th Cir. 2008) (Kentucky law requires that an omission be material in order to be misleading or deceptive) (citing *Smith v. Gen. Motors Corp.*, 979 S.W.2d 127, 131 (Ky. Ct. App. 1988) (same)); **Louisiana**, *see Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993) (Louisiana Unfair Trade Practices Act proscribes only "egregious behavior" akin to "[f]raud, misrepresentation, deception, and similar conduct"); La. Rev. Stat. § 51:1406(4) ("Any conduct which complies with section 5(a)(1) of the Federal Trade Commission Act" is not unlawful.); *United States v. Commercial Recovery Sys., Inc.*, 179 F. Supp. 3d 728, 734 (E.D. Tex. 2016) ("[D]eceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FCT Act."); **Mississippi**, *see Watson Labs, Inc. v. State*, 241 So. 3d 573, 590 (Miss. 2018) (Mississippi courts look to federal courts for guidance when interpreting the FTC Act because Mississippi's DTPA "does not provide a definition of what is an 'unfair or deceptive trade practice.'"); *see also Commercial Recovery Sys.*, 179 F. Supp. 3d at 734, *supra*; **Missouri**, *see* Mo. Rev. Stat. § 407.020(1) ("the concealment, suppression, or omission of any material fact"); **Montana**, *see* Mont. Code § 30-14-104(1) ("[D]ue consideration and weight shall be given to the interpretations of the federal trade commission and the federal courts related to section 5(a)(1) of the Federal Trade Commission Act."); *see also Commercial Recovery Sys.*, 179 F. Supp. 3d at 734, *supra*; **Nevada**, *see* Nev. Rev. Stat. § 598.0923(b) ("knowingly … [f]ails to disclose a material fact"); **North Dakota**, *see Staal v. Scherping Enters., Inc.*, 466 F. Supp. 3d 1030, 1038 (D.N.D. 2020) ("immaterial" statements are not actionable under North Dakota's Unlawful Sales or Advertising Practices Act; **South Dakota**, *see* S.D. Codified Laws § 37-24-6(1) ("knowingly … conceal, suppress, or omit any material fact"); **Texas**, *see Sidco Prods. Mktg., Inc. v. Gulf Oil Corp.*, 858 F.2d 1095, 1100 (5th Cir. 1988) (Texas DTPA "requires intentional omission of a material fact"); **Utah**, *see Iadanza v. Mather*, 820 F. Supp. 1371, 1378 (D. Utah 1993) ("One of the Utah Legislature's stated goals in enacting the CSPA was 'to make state regulation of consumer sales practices not inconsistent with the policies of the Federal Trade Commission Act related to consumer protection.'"); *see also Commercial Recovery Sys.*, 179 F. Supp. 3d at 734, *supra*. While there appears to be no DTPA-specific authority in **Indiana, Puerto Rico**, or **South Carolina** regarding whether an omission must be "material" to be actionable, there is no reason to believe those jurisdictions would break new ground. *See* D. Pridgen & J. Cuaresma, *Consumer Protection and the Law* § 3.9 (Nov. 2023) ("Most states will find liability for omission if the omitted facts are material."); *Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 701 (Ind. Ct. App. 2004) (explaining that common-law fraud-by-nondisclosure requires that omission be of "material facts"); *Equity de P.R. v. DACO*, 13 P.R. Offic. Trans. 321, 332 (P.R. 1982) (emphasizing in affirming liability under separate consumer-protection statute that "the omission revolves around a material and essential fact, that is, an important characteristic of the articles on sale," which omission made the

products appear "far more attractive and effective"); S.C. Code Ann. § 39-5-20(b) ("It is the intent of the legislature that in construing paragraph (a) of this section the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to Section 5(a) (1) of the Federal Trade Commission Act[.]").

[ii] **Alaska**, *see* Alaska Stat. § 45.50.471(b)(12) ("knowingly concealing, suppressing, or omitting a material fact <u>with the intent that others rely</u> upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services"); **Louisiana**, *see* La. Stat. § 51:1407(B) (requiring "intent to defraud" for recovery of civil penalties up to $5,000 per violation); *Walker v. Hixson Autoplex of Monroe, L.L.C.*, 245 So. 3d 1088, 1096 (La. Ct. App. 11/29/17) (noting that a "violation of LUTPA can only be found [upon proof of] <u>egregious fraudulent or deceptive conduct</u>," and concluding that "[a]t the very least, this would require that [defendant] knew that [plaintiff] wanted only a Limited Edition Mustang, and the dealership tried to trick him into buying an Anniversary Edition instead"); **North Dakota**, *see* N.D. Cent. Code § 51-15-02 ("deceptive act or practice" unlawful only if done "with the <u>intent that others rely</u> thereon"); **South Dakota**, *see* S.D. Codified Laws § 37-24-27 (civil penalties if "<u>intentionally</u> using" or having "intentionally used an act or practice declared to be unlawful" by South Dakota DTPA); **Texas**, *see* Tex. Bus. & Com. Code § 17.46(b)(24) ("failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed"); **Utah**, *see Fell v. Alco Capital Grp., LLC*, 538 P.3d 1249, 1257 (Utah Ct. App. 2023) (The "UCSPA specifically identifies intentional or knowing behavior as an element of a deceptive act or practice," and "mere silence . . . without showing the <u>requisite intent to mislead</u>, does not constitute a knowing or intentional misrepresentation").

[iii] **Florida**, *see* Fla. Stat. § 501.2075 (defendant "<u>willfully</u> using . . . a method, act, or practice declared unlawful under [Florida DTPA] . . . is liable for a civil penalty"); **Kentucky**, *see* Ky. Rev. Stat. § 367.990(2) (civil penalties for "<u>willfully</u> using" or having "willfully used a method, act, or practice declared unlawful" by Kentucky DTPA); **Mississippi**, *see* Miss. Code. § 75-24-19(1)(b) (civil penalties upon "clear and convincing evidence that a person <u>knowingly and willfully</u> used any unfair or deceptive trade practice"); **Montana**, *see* Mont. Code § 30-14-142(2) (civil penalties for "<u>willfully</u> using" or having "willfully used a method, act or practice declared unlawful" by Montana DTPA); **Nevada**, *see* Nev. Rev. Stat. § 598.0999(2) (civil penalties for having "<u>willfully</u> engaged in a deceptive trade practice"); **South Carolina**, *see* S.C. Code. § 39-5-110 (civil penalties for "<u>willfully</u> using" or having "willfully used a method, act or practice declared unlawful" by South Carolina DTPA).

[iv] **Alaska**, *see* Alaska Stat. § 45.50.471(b)(12) (actionable omission must be "in connection with the sale or advertisement of goods or services"); *Alaska Interstate Const., LLC v. Pac. Diversified Invs., Inc.*, 279 P.3d 1156, 1163 (Alaska 2012) (deception must "pertain[] to the sale of goods or services in consumer transactions"); **Arkansas**, *see* Ark. Code § 4-88-108(a) (regulating acts "in connection with the sale or advertisement of any goods [or] services"); **Florida**, *see* Fla. Stat. §§ 501.203(8), 501.204(1) ("deceptive acts or practices in the conduct of" any "advertising, soliciting, providing, offering, or distributing … any good or service"); **Idaho**, *see* Idaho Stat. §§ 48-602(2), 48-603 (regulating "acts or practices in the conduct of" any "advertising, offering for sale, selling, leasing … or distributing

3

goods or services"); **Indiana**, *see* Ind. Cod. § 24-5-0.5-3(a) (deception must be "in connection with a consumer transaction"); **Kentucky**, *see* Ky. Stat. §§367.110(2), 367.170(1) (regulating acts or practices "in the conduct of" any "advertising, offering for sale, or distribution of any services and any property"); **Louisiana**, *see* La. Rev. Stat. §§ 51:1402(10)(a), 51:1405(A) (regulating acts or practices "in the conduct of" any "advertising, offering for sale, sale, or distribution of any services and any property"); **Mississippi**, *see* Miss. Code §§ 75-24-3(b), 75-24-5(2) (regulating acts or practices "in the conduct of" any "advertising, offering for sale, or distribution of any services and any property"); **Missouri**, *see* Mo. Stat. §§ 407.010(7), 407.020.1 (omissions actionable only if "in connection with the sale or advertisement of merchandise"); **Montana**, *see* Mont. Code §§ 30-14-102(8)(a), 30-14-103 (regulating acts "in the conduct of" any "advertising, offering for sale, sale, or distribution of any services [or] property"); **Nevada**, *see* Nev. Stat. § 598.0923(1)(b) (omissions actionable only if "in connection with the sale or lease of goods or services"); **North Dakota**, *see* N.D. Cent. Code § 51-15-02 (deception actionable only if used "with the intent that others rely thereon in connection with the sale or advertisement of any merchandise"); **South Carolina**, *see* S.C. Stat. §§ 39-5-10(b), 39-5-20(a) (regulating acts "in the conduct of" any "advertising, offering for sale, sale or distribution of any services and any property"); **South Dakota**, *see* S.D. Codified Laws § 37-24-6(1) (omissions actionable only if "in connection with the sale or advertisement of any merchandise"); **Texas**, *see* Tex. Bus. & Com. Code §§ 17.45(6), 17.46(a) (regulating "false, misleading, or deceptive acts or practices in the conduct of" any "advertising, offering for sale, sale, lease, or distribution of any good or service"); **Utah**, *see* Utah Code § 13-11-4(1) (regulating acts "in connection with a consumer transaction"). Puerto Rico's statute does explicitly define "trade or commerce," but does limit the regulation of "unfair or deceptive acts or practices" to those committed "in trade or commerce." 10 L.P.R.A. § 259(a).

ᵛ **Arkansas,** *see J&B Tankers, Inc. v. Navistar Int'l Corp.*, 539 F. Supp. 3d 955, 963–64 (E.D. Ark. 2021) (granting motion to dismiss claims based on statements of opinion about the "characteristics or benefits of goods"—there, that an engine was built on a "rock-solid" platform that ensured "legendary reliability"); *Epley v. John Gibson Auto Sales*, 514 S.W.3d 468, 471 (Ark. Ct. App. 2016); ("Regarding the salesman's statement that the vehicle was in good condition, we agree with Gibson's argument that 'good condition' is subject to interpretation by the individual."); **Florida**, *Fineman v. Ferragamo USA Inc.*, 672 F. Supp. 3d 1302, 1311–13 (S.D. Fla. 2023) (dismissing on the pleadings claims based on statements that products were "high quality" and "luxury goods" because such statements were non-actionable puffery); *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 3666312, at *15 (S.D. Fla. Aug. 18, 2021) (granting motion to dismiss claim because description of beer as "made in Miami" was "more akin to 'puffery' than a statement of fact that could deceive a reasonable consumer."); *Smith v. Forest River, Inc.*, 2019 WL 8226095, at *3 (S.D. Fla. Nov. 25, 2019) (dismissing on the pleadings claim based on statements that RVs had been "built to exacting standards, had passed through inspection and had arrived … ready to be driven off the lot"); **Indiana**, *see Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 332–33 (Ind. 2013) (upholding summary judgment dismissal of claim based on puffing and observing that "by requiring a representation of fact, the DCSA looks to the same criterion that distinguishes an actionable warranty from non-actionable 'puffing,'" which "'contains no definitive statement as to how the product is warranted or any assertion of fact concerning the product, but is merely the opinion of'

4

the seller"); *see also Zylstra v. DRV, LLC*, 8 F. 4th 597, 610 (7th Cir. 2021) (upholding summary judgment dismissal of claim premised on advertisement that RV "offers all the comforts of home, all the conveniences of a residential kitchen and the peace of mind knowing that you've chosen the *best construction* on the market today" because statement was "unverifiable opinion" that was "classic example[] of puffery" and not actionable under Indiana statute); **Kentucky**, *see Craig & Bishop, Inc. v. Piles*, 2005 WL 3078860, at *5 (Ky. Ct. App. Nov. 18, 2005) (agreeing with Texas courts that "courts must distinguish between mere 'puffing' which is a general statement of opinion and not actionable, and a specific misrepresentation as to a future event or condition that is actionable"), *vacated in part on other grounds*, 247 S.W.3d 897 (Ky. 2008); **Missouri**, *see Hurst v. Nissan N. Am., Inc.*, 529 S.W.3d 322, 325 (Mo. 2017) (observing that under the Missouri DTPA, there is a line to be drawn "between mere 'puffery' and actionable statements of fact"); **Nevada**, *see Baroi v. Platinum Condominium Dev., LLC*, 2012 WL 2847919, at *2 (D. Nev. July 11, 2012) ("Mere puffery is not actionable" under Nevada DTPA.); **North Dakota**, *see Staal v. Scherping Enters., Inc.*, 466 F. Supp. 3d 1030, 1038 (D.N.D. 2020) (dismissing claim on summary judgment because statements fit within the "category of unactionable expressions of opinion, future events, boasting, and puffery" under North Dakota law); **South Carolina**, *see State ex rel. Wilson v. Ortho-McNeil-Janssen Pharm., Inc.*, 777 S.E.2d 176, 195 (S.C. 2015) (quoting with approval jury instructions that describe unfair trade practices as "not includ[ing] act[s] or practices or representations that are nothing more than dealer talk, trade talk, or what is called puffing"); *see also Fields v. Melrose Ltd. P'ship*, 439 S.E.2d 283, 285 (S.C. Ct. App. 1993); **Texas**, *see Douglas v. Delp*, 987 S.W.2d 879, 886 (Tex. 1999) (DTPA's misrepresentation provisions "are intended to protect consumers against misrepresentations of material fact; statements of opinion alone are generally insufficient to rise to the level of actionable misrepresentations under the DTPA," as are "general representation[s]" that are "vague"); **Utah**, *see Boud v. SDNCO, Inc.*, 54 P.3d 1131, 1138-39 (Utah 2002) (upholding dismissal of claim for deceptive sales practice on summary judgment because photograph and caption characterizing high-performance yacht were "mere statements of opinion"). Similarly, federal law under the FTC Act's deceptive-trade-practices provision, after which the States DTPAs are modeled, is clear: "[M]ere puffing deceives no one and has never been subject to regulation." *In re California Dental Assoc.*, 121 F.T.C. 190, 318 (1996). Four of the six remaining States are obligated by law to follow federal guidance in interpreting their DTPAs. **Alaska,** *see* Alaska Stat. § 45.50.545 ("due consideration and great weight" to interpretations of FTC Act); **Idaho**, *see* Idaho Code § 48-604(1) ("due consideration and great weight" to interpretations of FTC Act); **Louisiana**, *see* La. Rev. Stat. § 51:1406(4) (DTPA "shall not apply" to "conduct which complies with … Federal Trade Commission Act"); **Mississippi,** *see* Miss. Code § 75-24-3(c) ("guided by the interpretations given by the Federal Trade commission and the federal courts); *see also Watson Labs., Inc. v. State*, 241 So. 3d 573, 590 (Miss. 2018); **Montana,** *see* Mont. Code § 30-14-101(1) ("due consideration and weight" to interpretations of FTC Act). And there is every reason to expect **Puerto Rico**, *see Cooperativa v. Wal Mart*, 159 D.P.R. 666, 668 & n.1 (P.R. 2003) (explaining provenance of Puerto Rico's "unfair trade practices" law in FTC Act and federal antitrust laws), and **South Dakota,** *see Dakota Indus., Inc. v. Cabela's.Com, Inc.*, 766 N.W.2d 510, 514-15 (S.D. 2009) (South Dakota courts "look to federal

courts for guidance in interpretation of a state statute that is similar to federal law." (quoting *St. Cloud v. Leapley*, 521 N.W.2d 118, 122 (S.D. 1994)), would do the same.

[vi] **Arkansas**, *see Arkansas ex rel. Griffin v. TikTok Inc.*, 2023 WL 4744903, at *5 (W.D. Ark. July 25, 2023) (State must demonstrate "(1) a deceptive consumer-oriented act or practice which is misleading in a material respect; and (2) injury resulting from such act.") (quoting *Forever Green Athletic Fields, Inc. v. Lasiter Constr., Inc.*, 384 S.W.3d 540, 552 (Ark. Ct. App. 2011)); *Stonebridge Collection, Inc. v. Carmichael*, 791 F.3d 811, 822 (8th Cir. 2015) (statute did not apply to deception and fraud claims between manufacturer and distributor when consumers were not affected); *Crutchfield v. Tyson Foods, Inc.*, 514 S.W.3d 499, 503 (Ark. App. 2017) (allegation that Tyson treated growers with which it contracts for production of chickens unequally was not a "consumer-oriented act or practice" under the statute); *Skalla v. Canepari*, 430 S.W.3d 72, 82 (Ark. 2013) (farming business did not involve consumer-based acts under the statute); **Idaho**, *see* Idaho Admin. Code § 04.02.01.030 ("It is an unfair and deceptive act or practice for a seller to make any claim or representation concerning goods or services which directly, or by implication, has the capacity, tendency, or effect of deceiving or misleading *a consumer acting reasonably under the circumstances*."); Idaho Code § 48-602(7) (defining "services" as "work, labor or any other act or practice provided or performed by a seller to or on behalf of a consumer"); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 183–84 (D. Me. 2004) (analyzing claim under ICPA and holding that plaintiff did not allege "services" under the Act because defendants provided services to automobile dealers, not consumers); **Indiana**, *see* Ind. Code. § 24-5-0.5(3)(a) ("A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction."); *id.* § 24-5-0.5-2(a)(1) (defining a "consumer transaction" as a transaction "for purposes that are primarily personal, familial, charitable, agricultural, or household"); *id.* § 24-5-0.5-2(a)(3) (defining a "supplier" as a person "who regularly engages in or solicits consumer transactions"); *Gordon v. Finch*, 2023 WL 3496427, at *8 (N.D. Ind. May 17, 2023) (noting that deceptive practices in connection with "transactions for commercial purposes," as opposed to those for "personal" purposes, are not subject to the statute); *McLeskey v. Morris Invest*, 2020 WL 3315996, at *6 (S.D. Ind. June 18, 2020) (A transaction executed "to make money" is "a commercial transaction, not a consumer transaction," and thus "not covered."); **Utah**, *see* Utah Code § 13-11-4(2) ("A deceptive act or practice by a supplier in connection with a consumer transaction violates this chapter[.]"); *id.* § 13-11-3(2)(a) (defining a consumer transaction as a transaction entered for "primarily personal, family, or household purposes"); *see also* **Texas**, *see* Tex. Bus. & Com. Code § 17.49(g) ("Nothing in this subchapter shall apply to a cause of action arising from a transaction, a project, or a set of transactions relating to the same project, involving total consideration by the consumer of more than $500,000[.]"); *id.* § 17.49(f) ("Nothing in the subchapter shall apply to a claim arising out of a written contract if: (1) the contract relates to a transaction, a project, or a set of transactions related to the same project involving total consideration by the consumer of more than $100,000[.]").

[vii] **Alaska**, *see* Alaska Stat. § 09.10.120; **Arkansas**, *see* Ark. Code § 4-88-115; **Florida**, *see* Fla. Stat. § 501.207(5); **Idaho**, *see* Idaho Code § 5-224; **Indiana**, *see* Ind. Code § 24-5-0.5-5(b); **Kentucky**, *see* Ky. Rev. Stat. §§ 413.120(2), (3), 413.150; **Missouri**, *see State ex rel. Webster v. Myers*, 779 S.W.2d 286, 290 (Mo. Ct. App. 1989) (citing Mo. Rev. Stat. § 516.130(2)); **Montana**, *see Johnston v. Centennial Log Homes & Furnishings*, 305 P.3d 781, 787 (Mont. 2013) (citing Mont. Code § 27-2-211); **Nevada**, *see* Nev. Rev. Stat.

6

§§ 11.190(4)(b), 11.190(2)(d), 11.255(1); **North Dakota**, *see* N.D. Cent. Code § 51-15-12; **Puerto Rico**, *see Estado Libre Asociado de Puerto Rico v. Walgreen of Puerto Rico, Inc.*, 2009 WL 5842248, at *19 (P.R. Cir. Aug. 27, 2009); **South Carolina**, *see* S.C. Code § 39-5-150; **South Dakota**, *see* S.D. Codified Laws § 37-24-33; **Utah**, *see* Utah Code §§ 78B-2-302(2), 78B-2-305(4).