# EXHIBIT 33
# [FILED UNDER SEAL]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>　　Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　Defendant. | Civil Action No. 4:20-cv-00957-SDJ |

**PLAINTIFF STATES' DESIGNATION OF REBUTTAL EXPERT WITNESSES**

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, the Plaintiff States ("States") identify and designate the following rebuttal expert witnesses who may testify on their behalf, including and in addition to the expert witnesses previously designated by the States on June 7, 2024. The following description of each respective expert's expected testimony is intended to be general and descriptive, and not exclusive. In addition, it is anticipated that some fact witnesses not retained or specially employed for the purpose of rendering expert testimony on behalf of the States may render testimony that is in the nature of an opinion or a combination of fact and opinion in their respective disciplines. This testimony would be based on the witness's education, experience, and training.

1

1. Joshua Gans
   University of Toronto
   Rotman School of Management
   122 Walmer Road
   Toronto, ON M5R2X9
   (647) 273-3202

Professor Gans may testify regarding issues related to the antitrust claims of the States including but not limited to the economic methods and principles for assessing Defendant Google LLC's ("Google's") conduct, the relevant markets, monopoly power, and the competitive effects of Google's conduct. The States served the opening expert report of Prof. Gans on June 7, 2024. Prof. Gans may also testify in rebuttal to the opinions of Google's expert witnesses. Prof. Gans' rebuttal opinions are more fully described in his rebuttal expert report, contemporaneously served herewith and adopted herein by reference. His reports are designated as "Highly Confidential" pursuant to the Confidentiality Order (Dkt. 182) entered in this case. Prof. Gans' reports describe the basis and reasons for his opinions, as well as list the data and other information he relied upon in forming those opinions. The opening report includes Prof. Gans' qualifications, listing any publications authored by him in the previous ten years and any other cases in which he testified as an expert in the previous ten years. The report(s) also include Prof. Gans' rate of compensation for his study and testimony in this case.

2. John Chandler
   Data Insights
   2301 Milwaukee Avenue
   Minneapolis, MN 55404
   (406) 544-8720

2

Dr. Chandler may testify regarding the business, structure, and operation of the ad tech industry, both presently and over time, including: (i) the role of different players and tools in the industry, (ii) the types and use of information and data relevant to the industry, (iii) how access to relevant information can affect the operation and structure of the industry and its players, and (iv) the effects of Google's conduct on the industry. . The States served the opening expert report of Dr. Chandler on June 7, 2024. Dr. Chandler may also testify in rebuttal to the opinions of Google's expert witnesses. Dr. Chandler's rebuttal opinions are more fully described in his rebuttal expert report, contemporaneously served herewith and adopted herein by reference. His reports are designated as "Highly Confidential" pursuant to the Confidentiality Order (Dkt. 182) entered in this case. Dr. Chandler's reports describe the basis and reasons for his opinions, as well as list the data and other information he relied upon in forming those opinions. The opening report includes Dr. Chandler's qualifications, listing any publications authored by him in the previous ten years and any other cases in which he testified as an expert in the previous ten years. The report(s) also include Dr. Chandler's rate of compensation for his study and testimony in this case.

3. Matthew Weinberg
   Princeton University
   Computer Science Building, Room 317
   35 Olden Street
   Princeton, NJ 08540
   (609) 258-1796

Professor Weinberg may testify regarding Google's conduct with respect to auctions for open web display ads and how that conduct affected the outcomes of those

3

auctions for various actors in those auctions. The States served the opening expert report of Prof. Weinberg on June 7, 2024. Prof. Weinberg may also testify in rebuttal to the opinions of Google's expert witnesses. Prof. Weinberg's rebuttal opinions are more fully described in his rebuttal expert report, contemporaneously served herewith and adopted herein by reference. His reports are designated as "Highly Confidential" pursuant to the Confidentiality Order (Dkt. 182) entered in this case. Prof. Weinberg's reports describe the basis and reasons for his opinions, as well as list the data and other information he relied upon in forming those opinions. The opening report includes Prof. Weinberg's qualifications, listing any publications authored by him in the previous ten years and any other cases in which he testified as an expert in the previous ten years. The report(s) also include Prof. Weinberg's rate of compensation for his study and testimony in this case.

4. Parag Pathak
   Massachusetts Institute of Technology
   Department of Economics E52-426
   50 Memorial Drive
   Cambridge MA 02142
   (617) 253-7458

Professor Pathak may testify regarding the principles of market design, the market design of the relevant markets generally and as it relates to Google's ability to harm the relevant markets through anticompetitive conduct, the anticompetitive harms resulting from Google's conduct, and potential remedies (in compliance with the Court's bifurcation order and procedures in this case). The States served the opening expert report of Prof. Pathak on June 7, 2024. Prof. Pathak may also testify in rebuttal to the

opinions of Google's expert witnesses. Prof. Pathak's rebuttal opinions are more fully described in his rebuttal expert report, contemporaneously served herewith and adopted herein by reference. His reports are designated as "Highly Confidential" pursuant to the Confidentiality Order (Dkt. 182) entered in this case. Prof. Pathak's reports describe the basis and reasons for his opinions, as well as list the data and other information he relied upon in forming those opinions. The opening report includes Prof. Pathak's qualifications, listing any publications authored by him in the previous ten years and any other cases in which he testified as an expert in the previous ten years. The report(s) also include Prof. Pathak's rate of compensation for his study and testimony in this case.

5. Jacob Hochstetler
   University of North Texas
   Computer Science & Engineering
   1155 Union Cirle
   Denton, TX 76203
   (940) 765-9451

Professor Hochstetler may testify regarding the products used in open web display advertising generally and specific to Google's products, and the technical implementation and design of programs within Google's products. The States served the opening expert report of Prof. Hochstetler on June 7, 2024. Prof. Hochstetler may also testify in rebuttal to the opinions of Google's expert witnesses. Prof. Hochstetler's rebuttal opinions are more fully described in his rebuttal expert report, contemporaneously served herewith and adopted herein by reference. His reports are designated as "Highly Confidential" pursuant to the Confidentiality Order (Dkt. 182) entered in this case. Prof. Hochstetler's reports describe the basis and reasons for his

5

opinions, as well as list the data and other information he relied upon in forming those opinions. The opening report includes Prof. Hochstetler's qualifications, listing any publications authored by him in the previous ten years and any other cases in which he testified as an expert in the previous ten years. The report(s) also include Prof. Hochstetler's rate of compensation for his study and testimony in this case.

   6. Jeffrey S. Andrien
      Coherent Economics
      5918 W. Courtyard Drive, Suite 250
      Austin, TX 78730
      (847) 861-3100

Mr. Andrien may testify regarding the assessment of civil penalties under each State's deceptive trade practices statute in the event Google is found liable for engaging in unfair, false, deceptive, and misleading business acts and practices related to its display advertising technology under each States' statutes, as alleged by the States. The States served the opening expert report of Mr. Andrien on June 7, 2024. Mr. Andrien may also testify in rebuttal to the opinions of Google's expert witnesses. Mr. Andrien's rebuttal opinions are more fully described in his rebuttal expert report, contemporaneously served herewith and adopted herein by reference. His reports are designated as "Highly Confidential" pursuant to the Confidentiality Order (Dkt. 182) entered in this case. Mr. Andrien's reports describe the basis and reasons for his opinions, as well as list the data and other information he relied upon in forming those opinions. The opening report includes Mr. Andrien's qualifications, listing any publications authored by him in the previous ten years and any other cases in which he

testified as an expert in the previous ten years. The report(s) also include Mr. Andrien's rate of compensation for his study and testimony in this case.

7. David DeRamus
   Bates White
   2001 K St, NW
   North Building, Suite 500
   Washington, DC  20006
   202.216.1154

Mr. DeRamus may testify regarding the relevant scope and extent of Google's conduct at issue; the appropriate financial metrics that should be applied in evaluating that conduct; and the appropriate penalty amounts, if any, that should be applied to Google, including deterrence considerations, in the event Google is found liable for engaging in unfair, false, deceptive, and misleading business acts and practices related to its display advertising technology under each States' statutes, as alleged by the States, and in rebuttal to the opinions of Google's expert witnesses. Mr. DeRamus's rebuttal opinions are more fully described in his rebuttal expert report, contemporaneously served herewith and adopted herein by reference. His report is designated as "Highly Confidential" pursuant to the Confidentiality Order (Dkt. 182) entered in this case. Mr. DeRamus's report describes the basis and reasons for his opinions, as well as lists the data and other information he relied upon in forming those opinions. The report includes Mr. DeRamus's qualifications, listing any publications authored by him in the previous ten years and any other cases in which he testified as an expert in the previous ten years. The report also includes Mr. DeRamus's rate of compensation for his study and testimony in this case.

    8. Nancy Mathiowetz
       Cirque Analytics
       Milwaukee, WI
       (262) 227-5212

Prof. Mathiowetz may testify regarding survey methodology, survey sampling, and research design and methods, and in rebuttal to the opinions of Google's expert witnesses. Prof. Mathiowetz's rebuttal opinions are more fully described in her rebuttal expert report, contemporaneously served herewith and adopted herein by reference. Her report is designated as "Highly Confidential" pursuant to the Confidentiality Order (Dkt. 182) entered in this case. Prof. Mathiowetz's report describes the basis and reasons for her opinions, as well as lists the data and other information she relied upon in forming those opinions. The report includes Prof. Mathiowetz's qualifications, listing any publications authored by her in the previous ten years and any other cases in which she testified as an expert in the previous ten years. The report also includes Prof. Mathiowetz's rate of compensation for her study and testimony in this case.

    9. Cynthia Rudin
       Duke University
       130 Hudson Hall
       Box 90291
       Durham, NC 27708
       (919) 660-5252

Prof. Rudin may testify regarding the ability of market participants, including advertisers and publishers, to optimize returns via data analysis and experimentation, and in rebuttal to the opinions of Google's expert witnesses. Prof. Rudin's rebuttal opinions are more fully described in her rebuttal expert report, contemporaneously

served herewith and adopted herein by reference. Her report is designated as "Highly Confidential" pursuant to the Confidentiality Order (Dkt. 182) entered in this case. Prof. Rudin's report describes the basis and reasons for her opinions, as well as lists the data and other information she relied upon in forming those opinions. The report includes Prof. Rudin's qualifications, listing any publications authored by her in the previous ten years and any other cases in which she testified as an expert in the previous ten years. The report also includes Prof. Rudin's rate of compensation for her study and testimony in this case.

10. Zubair Shafiq
    University of California, Davis
    One Shields Avenue
    Davis, CA 95616
    (530) 752-1979

Professor Shafiq may testify regarding whether privacy is a legitimate justification for Google's at issue conduct, and in rebuttal to the opinions of Google's expert witnesses. Prof. Shafiq's rebuttal opinions are more fully described in his rebuttal expert report, contemporaneously served herewith and adopted herein by reference. His report is designated as "Highly Confidential" pursuant to the Confidentiality Order (Dkt. 182) entered in this case. Prof. Shafiq's report describes the basis and reasons for his opinions, as well as lists the data and other information he relied upon in forming those opinions. The report includes Prof. Shafiq's qualifications, listing any publications authored by him in the previous ten years and any other cases in which he testified as an expert in the previous ten years. The report also includes Prof. Shafiq's rate of compensation for his study and testimony in this case.

11. Anil Somayaji
    Carleton University
    1125 Colonel By Drive
    Ottawa, ON K1S 5B6
    613-520-2600

Professor Somayaji may testify regarding whether there exists an information advantage for Google and users of its products, his source code and related review, and in rebuttal to the opinions of Google's expert witnesses. Prof. Somayaji's rebuttal opinions are more fully described in his rebuttal expert report, contemporaneously served herewith and adopted herein by reference. His report is designated as "Highly Confidential," and portions of it are designated as "Highly Confidential – Source Code," pursuant to the Confidentiality Order (Dkt. 182) entered in this case. Prof. Somayaji's report describes the basis and reasons for his opinions, as well as lists the data and other information he relied upon in forming those opinions. The report includes Prof. Somayaji's qualifications, listing any publications authored by him in the previous ten years and any other cases in which he testified as an expert in the previous ten years. The report also includes Prof. Somayaji's rate of compensation for his study and testimony in this case.

12. Alex J. Brown
    The Lanier Law Firm PC
    10940 W. Sam Houston Pkwy N.
    Suite 100
    Houston, TX 77064
    (713) 659-5200

    Ashley Keller
    Keller Postman LLC

      150 N. Riverside Plaza
      Suite 4100
      Chicago, IL 60606
      (312) 741-5220

      Marc B. Collier
      Norton Rose Fulbright US LLP
      98 San Jacinto Boulevard
      Suite 1100
      Austin, Texas 78701
      (512) 536-4549

As previously disclosed by the States and included here for reference: Mr. Brown, Mr. Keller, and Mr. Collier may testify regarding the reasonableness of the States' claims for attorneys' fees and expenses in connection with the prosecution of the States' claims against Google, and their Outside Counsel Contracts. Mr. Brown, Mr. Keller, and Mr. Collier will testify on the bases of their experience, education, and training; their knowledge of the instant lawsuit; their knowledge of the market for legal services in the relevant specialties and geographic area(s); and any evidence that has been or may be presented by the States or Google. Copies of the curricula vitae of Mr. Brown, Mr. Keller, and Mr. Collier were previously disclosed by the States.

\* \* \*

The foregoing description of each respective expert's expected testimony is intended to be general and descriptive, not exclusive. All of the experts designated and others may testify in rebuttal to evidence and testimony presented by Google and any of its witnesses.

11

In the case where no documents, tangible things, reports, models, or data compilations have yet been provided to or reviewed by the expert, nor have any been prepared by or for the expert as of the date of this designation, if any are, they will be provided via supplementation.

The States reserve the right to elicit expert opinions from any and all other potential expert witnesses designated by any other party or that will be designated by any other party including any custodian of records, rebuttal experts, or lay witnesses who may qualify as experts.

The States reserve the right to elicit fact and opinion testimony from fact witnesses identified by any of the parties to this suit.

The States reserve the right to un-designate or amend their designations of any of the above-named persons and utilize such persons in a consulting-only capacity.

The States reserve the right to call rebuttal or impeachment witness whose testimony cannot be anticipated before the time of trial.

The States reserve the right to amend and supplement this designation.

| | |
|---|---|
| DATED: September 9, 2024 | Respectfully submitted, |
| /s/ W. Mark Lanier | /s/ Ashley Keller |
| W. Mark Lanier<br>Alex J. Brown<br>Zeke DeRose III<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Suite 100<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Facsimile: (713) 659-2204<br>Email:<br>mark.lanier@lanierlawfirm.com<br>Email:<br>alex.brown@lanierlawfirm.com<br>Email:<br>zeke.derose@lanierlawfirm.com | Ashley Keller (*pro hac vice*)<br>**KELLER POSTMAN LLC**<br>150 N. Riverside Plaza<br>Suite 4100<br>Chicago, IL 60606<br>Telephone: (312) 741-5220<br>Facsimile: (312) 971-3502<br>Email: ack@kellerpostman.com<br><br>Noah S. Heinz (*pro hac vice*)<br>1101 Connecticut Ave., N.W.<br>11th Floor<br>Washington, DC 20036<br>Email:<br>noah.heinz@kellerpostman.com |

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm Only), Mississippi, North Dakota, South Carolina, and South Dakota.*

*Submitted on behalf of All Plaintiff States*


**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

13

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General


*/s/ Trevor E. D. Young*
Brent Webster, First Assistant
Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney
General for Civil Litigation
James.Lloyd@oag.texas.gov
Trevor E. D. Young, Deputy Chief,
Antitrust Division
Trevor.Young@oag.texas.gov


**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

14

## CERTIFICATE OF SERVICE

I certify that on September 9, 2024, this document was served electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Geraldine Young*
Geraldine Young
