# EXHIBIT 141

HIGHLY CONFIDENTIAL

```
                                                              Page 1

 1            IN THE UNTIED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF TEXAS
 2                     SHERMAN DIVISION
 3
              Civil Action No. 4:20-CV-957-SDJ
 4
 5    THE STATE OF TEXAS, et al.,
 6        Plaintiffs,
 7     vs.
 8    GOOGLE LLC,
 9        Defendant.
      _____
10
             DEPOSITION OF:  JONATHAN E. FARMER
11              ****HIGHLY CONFIDENTIAL****

      _____
12
13        The videotaped deposition of Jonathan E. Farmer
14    was taken before Janine N. Leroux, Stenographic
15    Court Reporter and Notary Public in and for the
16    State of Kentucky at 310 Whittington Parkway, Suite
17    101, Louisville, Kentucky commencing on April 25,
18    2024, at the approximate hour of 9:03 a.m.  Said
19    deposition was taken pursuant to Federal Rules of
20    Civil Procedure 30(b)(6).
21
22
23
24
25    Job No. CS6654591
```

HIGHLY CONFIDENTIAL

Page 155

```
 1        Q.    So my review of the document suggests
 2   that the consumer is complaining about a listing
 3   on Google My Business.  Do you agree?
 4        A.    Yes.
 5        Q.    So based on your review of the consumer
 6   complaints in Kentucky's document productions
 7   before today, did you see any complaints that had
 8   anything to do with Google Ad Tech?
 9        A.    Based upon my review, we saw numerous
10   complaints against Google.  None of them
11   specifically stated "Google Ad Tech."  It is
12   possible that some of the underlying issues in
13   those complaints could touch on Google Ad Tech.
14   But consumers, you know, file a complaint.  They
15   may not fully understand exactly what they're
16   complaining about or how that works.
17        Q.    Sure.
18        A.    But --
19        Q.    Fair to say that Kentucky took an
20   understandably broad approach to collecting
21   potentially responsive consumer complaints?
22        A.    Yes.  Kentucky collected a broad
23   collection of consumer complaints and produced
24   them in this case.
25        Q.    Understandably.  So -- and accepting
```

Page 172

1    you -- is it your position that the Rule 45
2    subpoena responses show harm?
3              MR. HELERINGER:  Objection, form.
4        A.    I don't remember what they show.  I'm
5    not excluding that as a possibility.
6        Q.    I'm not asking you to speculate about
7    what documents show.  I'm asking if you have seen
8    documents from entities in Kentucky showing that
9    they were harmed by Google's conduct.
10       A.    Like I say, I've seen national -- I've
11   seen documents -- sorry.
12             There are documents produced in
13   discovery that show national harm, and national
14   harm would obviously include Kentucky.  There is
15   no reason that Kentucky somehow wouldn't be
16   applicable to an ad program that Google runs
17   worldwide.
18       Q.    You're ignoring the portion of my
19   question that asks about entities in Kentucky.
20   I'm asking about entities in Kentucky that have
21   produced documents showing that they were harmed.
22       A.    Maybe I'm hung up on what -- what is an
23   entity in Kentucky.
24       Q.    An in-state advertiser, an in-state
25   publisher, an individual consumer in Kentucky.

1      A.    Lots of entities have, you know,
2    nationwide footprints.
3      Q.    Have any nationwide entities with a
4    footprint in Kentucky produced documents showing
5    that they were harmed?
6      A.    To the extent they did, they would be
7    in the document productions that we've already
8    produced.
9      Q.    Right.  But I'm asking if within the
10   document productions you're referencing, are there
11   any documents produced by entities with a
12   footprint in Kentucky that show they were harmed?
13     A.    So in that instance, I'd refer you back
14   to Mr. Gordon because he testifies on behalf of
15   all common facts on behalf of Kentucky.
16     Q.    So my understanding was --
17     A.    I didn't read all of the document
18   productions produced by Google produced at the
19   beginning of this case in preparation of this
20   deposition.
21     Q.    My understanding was Mr. Gordon was not
22   going to be talking about harm specifically to
23   Kentucky.  Did you have a different understanding
24   about Mr. Gordon's testimony?
25     A.    No.

```
1   STATE OF KENTUCKY      )
                           )                    Page 202
2   COUNTY OF MONTGOMERY   )

3

4           I, JANINE N. LEROUX, Court Reporter, the
5   undersigned Notary Public in and for the State of
6   Kentucky at Large, certify that the facts stated in
7   the caption hereto are true; that at the time and
8   place stated in said caption, the witness named in
9   the caption hereto personally appeared before me,
10  and that after being by me duly sworn, was examined
11  by counsel for the parties; that said testimony was
12  taken by me in stenotype and later reduced to
13  computer-aided transcription, and the foregoing is a
14  true record of the testimony given by said witness.
15
16          No party to said action nor counsel for
17  said parties requested in writing that said
18  deposition be signed by the testifying witness.
19
20          My commission expires:  January 21, 2024.
21
22          _____
23          JANINE LEROUX - COURT REPORTER
            NOTARY PUBLIC - SPECIAL COMMISSION
24          STATE-AT-LARGE
25
```

Highly Confidential

## ERRATA SHEET FOR THE TRANSCRIPT OF JONATHAN FARMER

Case Name:         *The State of Texas, et. al. v. Google, LLC*, No. 4:20-CV-957-SDJ

Deposition Date:   April 24, 2024

Deponent:          Jonathan Farmer

| Page | Line | Corrections | Reason for Correction |
|---|---|---|---|
| 11 | 11 | The words "and identified" should be "did identify" | Transcription error |
| 19 | 16-17 | The sentence "I'm not sure that I would agree. We could bring it in State Court." should read "I'm not sure that I would agree we could bring it in State court." | Transcription error |
| 36 | 20 | The word "KCP" should read "KCPA" | Transcription error |
| 93 | 24 | The number "1.707,588" should be "1,707,588" | Transcription error |
| 154 | 3 | The word "mediary" should be "intermediary." | Transcription error |
| 184 | 17 | The words "I require the Attorney General" should read "require the Attorney General" | Transcription error |
| 198 | 3 | The word "It's" should be "It stands" | Transcription error |

I have inspected and read my deposition and have listed all changes and corrections above, along with my reasons therefore.

Date: 5-23-24          Signature: *Jonathan Farmer*