# EXHIBIT 145

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 1

```
 1             IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF TEXAS
 2                      SHERMAN DIVISION
 3     THE STATE OF TEXAS, et al.,)
           Plaintiff,            )
 4                               )
       VS.                       ) Civil Action No.
 5                               ) 4:20-CV-00957-SDJ
       GOOGLE LLC,               )
 6         Defendant.            )
 7
 8
       ****************************************************
 9            ORAL AND VIDEOTAPED DEPOSITION OF
10      THE CORPORATE REPRESENTATIVE OF THE STATE OF TEXAS,
                         JUSTIN GORDON
11
                        APRIL 17, 2024
12     ****************************************************
13        ORAL AND VIDEOTAPED DEPOSITION OF THE CORPORATE
14     REPRESENTATIVE OF THE STATE OF TEXAS, JUSTIN GORDON,
15     produced as a witness at the instance of the Defendant,
16     and duly sworn, was taken in the above-styled and
17     numbered cause on April 17, 2024, from 9:12 a.m. to
18     8:34 p.m., before Donna Wright, CSR in and for the
19     State of Texas, reported by machine shorthand, at the
20     law offices of NORTON ROSE FULBRIGHT US LLP,
21     98 San Jacinto Boulevard, Suite 1100, Austin, Texas,
22     pursuant to the Federal Rules of Civil Procedure and
23     the provisions stated on the record or attached hereto.
24
25        Job No. CS6654495
```

1   Q.  (BY MR. AYCOCK)  So I'm just asking, what is
2   Texas' understanding of the facts here in terms of
3   what -- who -- what is the number of in-state
4   advertisers and publishers who have been harmed by the
5   conduct alleged in this case?
6       A.  I am --
7           MR. COLLIER:  Same objection, same
8   instruction.
9           Go ahead.
10          THE WITNESS:  I am not aware of a number,
11  as I sit here today.
12      Q.  (BY MR. AYCOCK)  And can you name any in-state
13  advertisers who have been harmed by the alleged conduct
14  in this case?
15      A.  As I sit here today, I cannot name any
16  specific advertisers.
17          I know that we identify those as
18  individuals who are impacted by this in our
19  interrogatory responses, but I cannot, as I sit here
20  today, name any specific advertiser.
21      Q.  And did the State of Texas determine whether
22  any affected in-state advertisers had assets that were
23  controlled by a company with assets of $25 million or
24  more?
25      A.  I do not know.

1    Q.    And can you name any in-state publishers who
2    were harmed by the alleged conduct in this case?
3    A.    I know that our Interrogatory No. 5 identifies
4    harm to publishers.  But, as I sit here today, I cannot
5    name any specific Texas publishers.
6    Q.    And did Texas do anything to determine whether
7    any of those publishers had assets that were controlled
8    by a company with assets of $25 million or more?
9    A.    I do not know.
10   Q.    Did Texas do anything to determine the size of
11   the transactions at issue with respect to the conduct
12   that's alleged in this case?
13          MR. COLLIER:  Objection, form.
14          THE WITNESS:  I believe that those were
15   the subject of discovery to Google, but I do not -- I
16   do not know the specifics.
17   Q.    (BY MR. AYCOCK)  So you are not aware of any
18   of the details in terms of what the size of the
19   transactions at issue were for the conduct that's
20   alleged in this case?
21   A.    I have seen an example -- or sample Google
22   documents, but I have not seen actual transaction
23   documents.  Whether or not those sample documents from
24   Google were actual transactions or were hypotheticals
25   when describing the calculations of their conduct, I do