# EXHIBIT 167

UNDER PROTECTIVE ORDER

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              FOR THE EASTERN DISTRICT OF TEXAS
 3                       SHERMAN DIVISION
 4                           -oOo-
 5   THE STATE OF TEXAS, et    )
     al.,                      )
 6                             )
             Plaintiffs,       )
 7                             ) Civil Action No:
     v.                        ) 4:20-CV-957-SDJ
 8                             )
     GOOGLE LLC,               )
 9                             )
             Defendant.        )
10   _____)
11
12
13
14      VIDEO RECORDED REMOTE 30(b)(6) DEPOSITION OF
15                    THE STATE OF UTAH
16                    BY MARIE MARTIN
17
18                    Taken via Zoom
19             On Tuesday, April 30, 2024
20                    At 2:48 p.m.
21
22
23
24   Job No. CS6671888
25   Reported by:  Emily A. Gibb, RPR, CSR, CCR
     CA CSR #14551, NV CCR #709
```

Veritext Legal Solutions

800-567-8658                                                973-410-4098

1  BY MS. KAPLIN:
2       Q.   Has the State of Utah conducted any
3  investigation to determine what sort of harms the
4  State of Utah has experienced as a result of Google's
5  alleged conduct?
6       A.   The State of Utah is part of a multistate
7  investigation, and it has been a part of that
8  investigation for several years now.  The State of
9  Utah has also -- has conducted responses to discovery
10 in this matter.  That's my answer.
11      Q.   So any investigation conducted by the State
12 of Utah into the harms that the State has experienced
13 was -- was done as part of the multistate
14 investigation to Google that occurred before this
15 suit was filed?
16      A.   The State of Utah has been part of the
17 multistate investigation, and thus -- and that is the
18 basis for any investigation that was conducted by
19 Utah.
20      Q.   Did that investigation include an
21 investigation into the harms experienced by the State
22 of Utah specifically?
23      A.   The State of Utah has no reason to believe
24 that it is in any way different from harms that are
25 nationwide that result from Google's monopolization

1  in these markets.
2      Q.   What have you done to confirm that belief?
3           MR. RYTHER:  Objection to -- you're --
4  you're wandering into some privileged work product.
5           MS. KAPLIN:  I'm asking about the
6  investigation conducted and which had to have been
7  produced to Google as part of discovery in this
8  action.
9           MR. RYTHER:  All right.
10          Well, if you can answer without divulging
11 work product, go ahead, Marie.
12          THE WITNESS:  What have I done to respond to
13 your question just now?
14 BY MS. KAPLIN:
15     Q.   No.  What has the state done -- so you
16 previously testified that the State of Utah has no
17 reason to believe that it is in any way different
18 from harms that are nationwide that resulted from
19 Google's monopolization in these markets.
20     A.   Yes.
21     Q.   And my question to you is:  What has the
22 State of Utah done to confirm that belief?
23     A.   The State of Utah confirms this belief
24 through being part of the multistate investigation
25 and litigation in this matter.

Page 63

1  participated in interviews and performed discovery in
2  this matter.  I believe we also have -- actually, let
3  me stop there.  I -- I would be speculating beyond
4  that.
5      Q.   And you mentioned that the publishers you
6  mentioned above, the in-state publishers, had not
7  issued or made any complaints to the State of Utah in
8  connection with Google; is that right?
9      A.   We receive very, very few complaints in the
10 Antitrust and Data Privacy Division.
11     Q.   Has the State of Utah received any
12 complaints from publishers in connection with
13 Google's conduct related to ad tech or display
14 advertising?
15     A.   The State of Utah Office of the Attorney
16 General has not received complaints from publishers
17 in relation to Google's conduct, as far as I know.
18     Q.   And what about complaints from advertisers?
19     A.   I believe you have a complaint from an
20 advertiser that is the first -- the Fourth Amended
21 Complaint in this manner, that advertiser being DCP.
22          We also have complaints -- well, I'm not
23 going to count those two consumer complaints as
24 complaints from advertisers concerning Google's
25 conduct, although they concern Google ad tech

Page 66

1   the welfare and economy within the state of Utah,
2   then we would seek civil penalties based on that;
3   however, I would leave that determination to the
4   experts.
5        Q.   Can you identify any advertisers in Utah
6   that have been harmed by Google's conduct?
7        A.   I believe I've identified one for you
8   already.  It is DCP.  There are other advertisers in
9   the state of Utah.  One of them is Penna Powers.  And
10  I'm assuming that DCP is not the only client of Penna
11  Powers within the state of Utah.
12           Beyond those, any specific advertisers, I
13  can't list them with any degree of certainty;
14  however, it is logical that all advertisers who use
15  display advertising within the state of Utah are
16  affected by Google's conduct in this matter in
17  monopolizing these markets.
18       Q.   So the state of Utah is basing its claim for
19  harm based on logical deduction?
20       A.   We are basing it --
21           MR. RYTHER:  Object to form.
22           THE WITNESS:  Our claim of harm based on the
23  facts that I have discussed, on the discovery
24  responses in this matter, on the facts in the First
25  Amended Complaint, on all documents in this matter,

Page 114

```
 1
 2              REPORTER'S CERTIFICATE
 3   STATE OF UTAH        )
                          )
 4   COUNTY OF UTAH       )
 5          I, EMILY A. GIBB, a Certified Shorthand
     Reporter and Registered Professional Reporter, hereby
 6   certify:
 7          THAT I reported the taking of the deposition
     of MARIE MARTIN, commencing on April 30, 2024, at
 8   2:48 p.m.
 9          THAT prior to being examined, the witness
     was placed under oath to tell the truth, the whole
10   truth, and nothing but the truth; that the
     proceedings were taken down by me in shorthand and
11   thereafter my notes were transcribed through
     computer-aided transcription; and the foregoing
12   transcript constitutes a full, true, and accurate
     record of such testimony adduced and oral proceedings
13   had, and of the whole thereof.
14          I further certify that I am in no way
     related to any of the parties, nor I am I financially
15   interested in the outcome of the case.
16
17          ( ) Review and signature was requested.
18          ( ) Review and signature was waived.
19          ( ) Review and signature was not requested.
20
21          IN WITNESS THEREOF, I have subscribed my
22   name on this 1st day of May, 2024.
23
24                       [signature: Emily A. Gibb]
25                       Emily A. Gibb, RPR, CSR, CCR
```

STATE OF TEXAS V. GOOGLE LLC
Case No. 4:20-cv-957-SDJ
Martin Deposition Errata
April 30, 2024

| Page | Line | Original | Corrected |
|---|---|---|---|
| 7 | 7 | Deputy division director. | Deputy Division Director |
| 14 | 22 | finance | Finance |
| 14 | 23 | public information officer | Public Information Officer |
| 17 | 10 | constituent services | Constituent Services |
| 17 | 12 | constituent services | Constituent Services |
| 17 | 20 | constituent services | Constituent Services |
| 18 | 8 | 10,328 | 10,348 |
| 10 | 10 | 14,657 | 15,657 |
| 10 | 18 | deputy division director | Deputy Division Director |
| 19 | 2 | deputy division | Deputy Division |
| 19 | 3 | director | Director |
| 22 | 16 | "We also brought an enforcement on the case" | "We also brought an enforcement action in the case" |
| 22 | 17 | NDO | Litigation |
| 25 | 24 | in app | in-app |
| 27 | 12 | McLean | Mclean |
| 34 | 22 | reserve | Reserve |
| 34 | 23 | price optimization | Price Optimization |
| 34 | 25 | dynamic allocation | Dynamic Allocation |
| 35 | 1 | Enhanced dynamic allocation | Enhanced Dynamic Allocation |
| 72 | 12 | Reserved | Reserve |
| 72 | 13 | price optimization | Price Optimization |
| 72 | 16 | Reserved price optimizations | Reserve Price Optimization |
| 79 | 20 | dynamic allocation and enhanced dynamic | Dynamic Allocation and Enhanced Dynamic |
| 79 | 21 | Allocation | Allocation |
| 85 | 7 | uniform pricing | Uniform Pricing |
| 85 | 8 | rules | Rules |
| 85 | 10 | dynamic allocation and enhanced dynamic | Dynamic Allocation and Enhanced Dynamic |
| 85 | 11 | allocation | Allocation |
| 85 | 12 | dynamic revenue sharing | Dynamic Revenue Sharing |
| 99 | 11 | a outside consult | an outside consulting |
| 109 | 18 | attorney general | Attorney General |

Date:       May 15, 2024

Signed:    _____

DECLARATION

I hereby declare I am the deponent in the within matter; that I have read the foregoing deposition and know the contents thereof; and I declare that the same is true of my knowledge except as to the matters which are therein stated upon my information or belief and as to those matters, I believe them to be true.

I declare under the penalties of perjury that the foregoing is true and correct.

Executed this  15th   day of  May                ,
20 24  , at  Carson City, Nevada                            .
                (City and State)


_____
MARIE MARTIN