IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § § | |
| *Defendant.* | § § | |

## DEFENDANT GOOGLE LLC'S RENEWED
## MOTION TO FILE UNDER SEAL

In accordance with the Court's November 27, 2024 order (ECF 689), Defendant Google LLC ("Google") respectfully renews its motion to seal its September 20, 2024 Motion to Strike Improper Rebuttal Opinions of Plaintiffs' Experts David DeRamus and Anil Somayaji ("Motion to Strike") and Exhibits 2 through 10 thereto (the "Expert Reports") (ECF 612), and Google's motion to seal its October 4, 2024 Reply in Support of its Motion to Strike ("Reply") (ECF 626). Google also moves to seal its confidential information contained in Plaintiffs' Response to its Motion to Strike ("Response") and Exhibit B thereto (the "Chandler Report") (ECF 625).[1]

Google contemporaneously submits redacted versions of its Motion to Strike and the Exhibits thereto (Attachment 1),[2] Plaintiffs' Response and the Exhibits thereto (Attachment 2),

---

[1] Plaintiffs refused to renew their motion to seal Google's confidential material (ECF 624), despite the governing Protective Order requiring such action, on the ground that the information they previously sought to seal should be part of the public record. *See* ECF 182 ¶ 20; Ex. 1 (12/13/2024 email).

[2] Although Google did not submit redacted versions of the Expert Reports (ECF 613-2 to 613-10) in connection with its Motion to Strike, it did submit redacted versions for five of the reports in connection with its Motion to Exclude Expert Testimony (ECF 699) on December 9, 2024. *See*

and Google's Reply (Attachment 3). Google has undertaken a line-by-line review of each such document and has made far more limited redactions as contemplated by the Court's order and Fifth Circuit precedent. In the time available, Google has made efforts to redact only sensitive commercial information that might harm the "competitive standing" of Google or third parties if disclosed publicly, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), including non-public sales and financial figures (and information that can be used to directly calculate to such figures), proprietary and non-public data regarding Google products, discussions of source code or other detailed technical and non-public descriptions of auction software mechanics, third-party testimony and documents made or produced subject to confidentiality restrictions,[3] and other internal sensitive business and financial information.

Employing a "'line-by-line' balancing," Google and the non-parties' interest in non-

---

Report of Jeffrey S. Andrien (Ex. 2) (ECF 699-11); Rebuttal Report of David DeRamus (Ex. 7) (ECF 699-16); Rebuttal Report of Anil Somayaji, PhD (Ex. 8) (ECF 699-45); Rebuttal Report of Jeffrey Andrien (Ex. 9) (ECF 699-12); and Report of Paul Milgrom (Ex. 10) (ECF 699-46). Google submits those same redacted versions here. Redactions for the following four reports are being submitted for the first time: Report of Jacob Hochstetler (Ex. 3), Report of Steven Wiggins (Ex. 4), Report of Douglas Skinner (Ex. 5), and Report of Martin Rinard (Ex. 6). Similarly, while the States did not submit a redacted version of the Chandler Report in connection with their Response, Google did submit a redacted version in connection with its Motion to Exclude Expert Testimony. *See* ECF 699-31. Google submits that same redacted version here, with one additional line—containing information about the States' expert, for which the States have since waived any sealing designations—unredacted.

[3] The governing Protective Order requires that material designated as highly confidential or confidential be filed under seal. *See* ECF 182 ¶ 20. "Confidential" material includes "information . . . or tangible things that constitute a trade secret or other non-public confidential financial, technical, research, sales, marketing, development, or commercial information." *Id.* ¶ 1(b). "Highly Confidential" means "information that, if disclosed publicly or to a Party, is likely to cause the Producing Party material and significant competitive or commercial harm." *Id.* ¶ 1(h); *cf Nixon*, 435 U.S. at 598. The material designated as confidential or highly confidential by third parties is thus unlike the material sealed pursuant to a confidentiality order in *Binh Hoa Le*, which "the parties *themselves*" designated and which included "any information [the parties] believed in good faith was 'not generally known' and would ordinarily be revealed in confidence or not at all." *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–19 (5th Cir. 2021).

disclosure outweighs the public's access to the redacted information in the Motion to Strike, the Expert Reports, Plaintiffs' Response, the Chandler Report, and the Reply. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–18 (5th Cir. 2021). That is, the need to "protect[] trade secrets" and other sensitive information from disclosure—which could harm Google or third parties' competitive standing—is a "good reason[]" to seal the redacted portions of these materials. *See id.* at 419; *see also Dickey's Barbecue Pit, Inc. v. Neighbors*, No. 4:14-cv-484, 2015 WL 13466613 at *5 (E.D. Tex. Jun. 5, 2015) (certain exhibits to be kept under seal where it was "obvious" litigant had "invested time and money into" materials and "[a]llowing a potential competitor to take this information at no cost from a public court document could result in harm" to litigant); *Conn Credit I, LP v. TF Loanco III, LLC*, No. 1:14-CV-429, 2016 WL 8231153 at *1 (E.D. Tex. May 9, 2016) (granting motion to seal expert report that contained confidential business information).

## CONCLUSION

For these reasons, the Court should grant Google's Renewed Motion to File Under Seal the Motion to Strike, the Expert Reports, Plaintiffs' Response, the Chandler Report, and the Reply.

Dated: December 15, 2024                    Respectfully submitted,

                                                        **GIBBS & BRUNS LLP**

                                                       */s/ Kathy D. Patrick*
                                                       Kathy D. Patrick
                                                       State Bar No. 15581400
                                                       KPatrick@gibbsbruns.com
                                                       Charles M. Rosson
                                                       State Bar No. 24074985
                                                       crosson@gibbsbruns.com
                                                       1100 Louisiana, Suite 5300
                                                       Houston, Texas 77002
                                                       Tel.: (713) 650-8805

        Fax: (713) 750-0903

        Eric Mahr (*pro hac vice*)
        FRESHFIELDS BRUCKHAUS DERINGER US LLP
        700 13th Street, NW
        10th Floor
        Washington, DC 20005
        Telephone: (202) 777-4545
        Email: eric.mahr@freshfields.com

        ATTORNEYS FOR DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on December 15, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

        */s/ Kathy D. Patrick*
        Kathy D. Patrick

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I certify that the meet and confer requirements in Local Rule CV-7(h) have been met, and that this motion is neither opposed nor unopposed. From December 12th through December 13th, counsel for the parties conferred as to the subject matter of this motion by email (Charles Rosson and Elisa Wulfsberg for Google; Geraldine Young for the States) and telephone (Elisa Wulfsberg for Google; Zeke DeRose for the States). Plaintiffs, though counsel, indicated that they would not file a renewed motion to seal because they believe the materials under discussion should be part of the public record. Google's counsel informed Plaintiffs' counsel that Google thus would move to seal portions of the Response and its Exhibit B originally filed by the States (and identified such portions).  Plaintiffs, though counsel, advised

4

that they are neither opposed nor unopposed to Google's Renewed Motion to File Under Seal, because the information at issue is not that of the States, but that they do not believe the sealing standard has been met. Further conference cannot resolve the need for judicial resolution of the Motion, because sealing is within the exclusive power of the Court.

*/s/ Charles M. Rosson*
Charles M. Rosson