**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                Defendant. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan |

**PLAINTIFF STATES' [CORRECTED] UNOPPOSED MOTION
FOR LEAVE TO FILE UNDER SEAL**

The Plaintiff States ("The States") respectfully file this corrected motion to seal their Motion for Spoliation Sanctions ("the Motion") and the exhibits thereto ("Exhibits") that were filed on December 9, 2024 (ECF No. 693). The States previously filed a motion to seal (ECF No. 692) prior to that filing on December 9 and file this corrected motion to correct the requested period for filing redactions, per agreement of the parties. Defendant Google LLC ("Google") does not oppose.

## I.    LEGAL STANDARD

While the "public's right of access to judicial proceedings is fundamental" and creates a default presumption "that judicial records should not be sealed," *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418-19 (5th Cir. 2021), this right of access "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Courts have properly limited the public's right of access to protect "sources of business information that might harm a litigant's competitive standing." Nixon, 435 U.S. at 598. In deciding whether to allow public access to judicial records, the Court must exercise its discretion "in light of the relevant facts and circumstances of the

1

particular case," balancing "the public's common law right of access against the interests favoring nondisclosure." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Nixon*, 435 U.S. at 599, and *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)).

## II.    ARGUMENT

The States, with Google's consent, request to file under seal their Motion for Spoliation Sanctions and all exhibits attached thereto because they contain references to documents and depositions that Google has stated contain non-public, highly sensitive commercial information that, if disclosed publicly, may cause Google competitive harm. Examples of such documents include depositions, documents, and data produced in this case as Confidential and/or Highly Confidential – Attorneys' Eyes Only.

Courts routinely recognize that the interest in nondisclosure of sensitive commercial information outweighs the public's right of access to court records. *See, e.g.*, *Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing.").

Here, the States' Motion and Exhibits contain data including the use of chat communications, specific communications by Google employees and executives, internal data from Google, and depositions pertaining thereto. The States' Motion and Exhibits further contain expert declarations describing such documents and depositions.

Consistent with Local Rule CV-5, if permitted to file the Motion and Exhibits under seal, the States will work with Google to file a redacted version—with as limited redactions as possible—of the above-referenced documents within twenty-one (21) days, per agreement of the parties.

**III.     CONCLUSION**

For these reasons, the States respectfully move the Court for an order to file under seal the Motion and Exhibits.

Respectfully submitted,

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
(713) 659-5200
**THE LANIER LAW FIRM, PLLC**

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
Kiran N. Bhat
kiran.bhat@kellerpostman.com
2333 Ponce De Leon Boulevard
Suite R-240
Coral Gables, Florida 33134
(833) 633-011

Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

/s/ Noah S. Heinz
Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut, N.W., 11th Floor
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, Indiana, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**

/s/ Marc B. Collier
Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas  77010
(713) 651-5151

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ James R. Lloyd*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## <u>CERTIFICATE OF SERVICE AND SEALING</u>

I certify that, on December 16, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Geraldine W. Young*
Geraldine W. Young

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h), and that this motion is unopposed.

*/s/ Marc B. Collier*
Marc B. Collier
