# Appendix C

## Compendium of State DTPA Civil Penalties

| State | Statutory Provision Authorizing DTPA Penalty | Maximum DTPA Penalty per Statute | Case with Highest DTPA Penalty Sustained on Appeal | Amount of Penalty | Number of Violations Alleged/ How Counted? |
|---|---|---|---|---|---|
| Alaska | Alaska Stat. Ann. § 45.50.551(b) provides "the attorney general, upon petition to the court, may recover, on behalf of the state, a civil penalty of not less than $1,000 and not more than $25,000 for each violation." | Up to $25,000 per violation | *Anchorage Nissan, Inc. v. State*, 941 P.2d 1229 (Alaska 1997) | $64,000[1] | 14 violations related to the sale of used cars without disclosing prior accidents and odometer issues; no specific explanation of how violations were counted |
| Arkansas | Ark. Code Ann. § 4-88-113(a)(3) provides "the circuit court may make such orders or judgments as may be necessary to: (3) Assess penalties to be paid to the state, not to exceed [$10,000] per violation, against persons found to have violated this chapter." | Up to $10,000 per violation | *Pleasant v. McDaniel*, 550 S.W.3d 8 (Ark. 2018) | $26,000 | 13 violations related to defendants' use of false identities to solicit auto-accident victims on behalf of chiropractors; no specific explanation of how violations were counted |

---

[1] **Alaska:** The statutory maximum penalty per violation was $5,000 at the time of the award.

# Appendix C

| State | Statutory Provision Authorizing DTPA Penalty | Maximum DTPA Penalty per Statute | Case with Highest DTPA Penalty Sustained on Appeal | Amount of Penalty | Number of Violations Alleged/ How Counted? |
|---|---|---|---|---|---|
| **Florida** | Fla. Stat. Ann. § 501.2075 provides that "any person…who is willfully using, or has willfully used, a method, act, or practice declared unlawful under s. 501.204, or who is willfully violating any of the rules of the department adopted under this part, is liable for a civil penalty of not more than $10,000 for each such violation." | Up to $10,000 per willful violation | *Taubert v. State, Office of Atty. Gen.*, 79 So. 3d 77 (Fla. Dist. Ct. App. 2011) | $2,116,500 | Does not specify number of violations found or how counted; case involved allegation that defendant defrauded up to 1,411 consumers by submitting phony invoices from his company related to trademark and patent registration |
| **Idaho** | Idaho Code § 48-606(1)(e) authorizes the attorney general to "recover from the alleged violator civil penalties of up to five thousand dollars ($5,000) per violation for violation of the provisions of this chapter." | Up to $5,000 per violation | No awards sustained on appeal located | N/A | N/A |

# Appendix C

| State | Statutory Provision Authorizing DTPA Penalty | Maximum DTPA Penalty per Statute | Case with Highest DTPA Penalty Sustained on Appeal | Amount of Penalty | Number of Violations Alleged/ How Counted? |
|---|---|---|---|---|---|
| **Indiana** | Indiana Code § 24-5-0.5-4(g) states for knowing violation "the attorney general, . . . may recover . . . on behalf of the state a civil penalty of a fine not exceeding five thousand dollars ($5,000) per violation."<br><br>Also, §24-5-0.5-8, provides that a "person who commits an incurable deceptive act is subject to a civil penalty of a fine of not more than five hundred dollars ($500) for each violation" and gives the "attorney general . . . the exclusive right to petition for recovery of such a fine . . . ."[2] | Up to $5,000 per knowing violation under Ind. Code §24-5-0.5-4(g)<br><br>Up to $500 per violation under Ind. Code §24-5-0.5-8 | *State v. McKinney*, 508 N.E.2d 1319 (Ind. Ct. App. 1987) | $20,000[3] | 45 violations related to defendant's sale of electromagnetic water conditioning equipment and necklaces; no specific explanation of how violations were counted |

---

[2] **Indiana:** Indiana's requests for relief have referenced both Indiana Code § 24-5-0.5-4(g), *see* Dkt. 381-1 at 3, *and* § 24-5-0.5-8, *see* MDL Dkt. 541 (Fourth Amended Complaint) ¶ 765(d). Section 24-5-0.5-4(g) permits awards of penalties up to $5,000 per violation, while § 24-5-0.5-8 is capped at $500 per violation.

[3] **Indiana:** This amount was awarded under Ind. Code § 24-5-0.5-4(g), which at the time had a $500 per violation maximum.

# Appendix C

| State | Statutory Provision Authorizing DTPA Penalty | Maximum DTPA Penalty per Statute | Case with Highest DTPA Penalty Sustained on Appeal | Amount of Penalty | Number of Violations Alleged/ How Counted? |
|---|---|---|---|---|---|
| **Kentucky** | Ky. Rev. Stat. § 367.990(2) provides that the attorney general may seek and recover a civil penalty up to a maximum of $2,000 per willful violation. | Up to $2,000 per willful violation; and up to $10,000 for each violation targeted to consumers over the age of 65 | No awards sustained on appeal located | N/A | N/A |
| **Louisiana** | La. Rev. Stat. § 51:1407(B) provides that the attorney general may seek a civil penalty from any person who commits a deceptive act, and if the court finds the violation was committed with intent to defraud, it may also "impose a penalty not to exceed $5,000 for each violation." | Up to $5,000 per violation, if committed with intent to defraud | No awards sustained on appeal located | N/A | N/A |

4

# Appendix C

| State | Statutory Provision Authorizing DTPA Penalty | Maximum DTPA Penalty per Statute | Case with Highest DTPA Penalty Sustained on Appeal | Amount of Penalty | Number of Violations Alleged/ How Counted? |
|---|---|---|---|---|---|
| **Mississippi** | Miss. Code §75-24-19(1)(b) provides that "if the court finds from clear and convincing evidence, that a person knowingly and willfully used any [prohibited] unfair or deceptive trade practice, method, or act, . . . the Attorney General, upon petition to the court, may recover on behalf of the state a civil penalty" not to exceed $10,000.00 per violation. | Up to $10,000 per knowing and willful violation | *Watson Labs, Inc. v. State*, 241 So.3d 573 (Miss. 2018) | $5,241,000 | 5,241 violations determined by the number of times defendant published an inflated average wholesale price for a drug Medicaid reimbursed |
| **Missouri** | Missouri Rev. Stat. § 407.100(6) provides that the "court may award to the state a civil penalty of not more than [$1,000] per violation . . . ." | Up to $1,000 per violation | *State ex rel. Nixon v. Consumer Auto. Res., Inc.*, 882 S.W.2d 717 (Mo. Ct. App. 1994) | $273,600 | 1,368 violations determined by the number of memberships sold in "a multi-level marketing program" determined to be a pyramid scheme |
| **Montana** | Montana Code Ann. § 30-14-142(2) provides that "the department, upon petition to the court, may recover on behalf of the state a civil fine of not more than $10,000 for each violation." | Up to $10,000 for each violation | No awards sustained on appeal located | N/A | N/A |

# Appendix C

| State | Statutory Provision Authorizing DTPA Penalty | Maximum DTPA Penalty per Statute | Case with Highest DTPA Penalty Sustained on Appeal | Amount of Penalty | Number of Violations Alleged/ How Counted? |
|---|---|---|---|---|---|
| **Nevada** | Nev. Rev. Stat. § 598.0999(2) provides that if a court finds a willful violation, the attorney general "may recover a civil penalty not to exceed $15,000 for each violation." | Up to $15,000 per willful violation | *Hirji v. State*, 2013 WL 7158555 (Nev. 2013) | $100,000[4] | 20 violations related to defendant auto repair shop's charging for services not performed or unnecessary |
| **North Dakota** | N.D. Century Code § 51-15-11 states that the state may recover a civil penalty "of not more than [$5,000] for each violation" in addition to any other remedies authorized by statute. | Up to $5,000 per violation | No awards sustained on appeal located | N/A | N/A |

---

[4] **Nevada**: The statutory maximum was $5,000 per violation at the time of the award. In July 2023, Nevada amended Nev. Rev. Stat. § 598.0999(2) and increased the maximum penalty from $5,000 to $15,000 per willful violation.

# Appendix C

| State | Statutory Provision Authorizing DTPA Penalty | Maximum DTPA Penalty per Statute | Case with Highest DTPA Penalty Sustained on Appeal | Amount of Penalty | Number of Violations Alleged/ How Counted? |
|---|---|---|---|---|---|
| **Puerto Rico** | 10 L.P.R.A. § 259(c) states that the Department of Consumer Affairs may impose a civil penalty of up to $5,000 for each violation if violation is found to have been done with actual knowledge. The Puerto Rico statute does not allow a court to award penalties in the first instance. | Up to $5,000 per knowing violation | No awards sustained on appeal located | N/A | N/A |
| **South Carolina** | S.C. Code Ann. § 39-5-110(a) provides that if a court finds a willful violation of the statute, "the Attorney General, upon petition to the court, may recover on behalf of the State a civil penalty" not exceeding $5,000 per violation. | Up to $5,000 per willful violation | *State ex re. Wilson v. Ortho-McNeil-Janssen Pharms.*, 777 S.E.2d 176 (S.C. 2015) | $124.3 million | 553,055 violations determined by the number of deceptive sales and marketing materials were issued relating to prescriptions for the anti-psychotic drug Risperdal |
| **South Dakota** | SDCL § 37-24-27 provides that for intentional violations, "the attorney general . . . may recover . . . a civil penalty of not more than [$2,000] per violation." | Up to $2,000 per intentional violation | *State v. Western Capital Corp.*, 290 N.W.2d 467 (S.D. 1980) | $22,000 | 11 violations determined by the number of contracts and loan applications that the defendant loan broker entered into with South Dakota consumers |

7

# Appendix C

| State | Statutory Provision Authorizing DTPA Penalty | Maximum DTPA Penalty per Statute | Case with Highest DTPA Penalty Sustained on Appeal | Amount of Penalty | Number of Violations Alleged/ How Counted? |
|---|---|---|---|---|---|
| Texas | Tex Bus. & Com. Code § 17.47(c) provides for a "civil penalty to be paid to the state in any amount of: (1) not more than $10,000 per violation[.]" | Up to $10,000 per violation | *Avila v. State*, 252 S.W.3d 632 (Tex. App.—Tyler 2008, no pet.) | $100,000[5] | Does not specify number of violations found or how counted; case involved allegation that defendants committed deceptive acts in connection with their business assisting Spanish speaking individuals with immigration matters and federal income taxes |
| Utah | Utah Code § 13-11-17(1)(d) permits the State to "obtain a fine in an amount determined" by the court based on specific statutory factors enumerated in § 13-11-17(6). | No maximum cap specified | No awards sustained on appeal located | N/A | N/A |

---

[5] **Texas:** This is the amount of the total award, $50,000 per defendant.