IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al, | § § § § § § § § § § | |
| *Plaintiffs,* | | |
| v. | | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | | |
| *Defendant.* | | |

### DEFENDANT GOOGLE LLC'S UNOPPOSED
### MOTION FOR LEAVE TO FILE UNDER SEAL

Defendant Google LLC ("Google") respectfully moves for leave to file under seal its December 23, 2024 Reply in Support of its Omnibus Motion to Exclude Expert Testimony ("Reply").

**LEGAL STANDARD**

While "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For example, courts have recognized that the public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Tex. Inj. Care Benefit Plan*, 2017 WL 11664888, at *1 (E.D. Tex. May 30, 2017), and "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598. In exercising its discretion to seal judicial records, "the Court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van*

*Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (same).

## ARGUMENT

The Court should allow Google to file its Reply under seal because it discusses and summarizes sales and financial information, technology, and business strategy that have been identified by Google as highly sensitive, non-public business information that, if made public, could cause competitive harm. The technology and products discussed also implicate information designated as Highly Confidential under the governing Confidentiality Order (Dkt. 182). Courts routinely recognize that the interest in nondisclosure of this type of sensitive commercial information outweighs the public's right of access to court records. *See, e.g., Nixon*, 435 U.S. at 598.

If permitted to file its Reply under seal, Google will publicly file a version with redactions limited to the non-public, highly sensitive business information discussed therein within seven days, pursuant to Local Rule CV-5(a)(7)(E).

## CONCLUSION

For these reasons, Google's unopposed motion for leave to file under seal should be granted.

Dated: December 23, 2024

        Respectfully submitted,

        */s/ Kathy D. Patrick*
        Kathy D. Patrick
        State Bar No. 15581400
        KPatrick@gibbsbruns.com
        Gibbs & Bruns LLP
        1100 Louisiana, Suite 5300
        Houston, Texas 77002
        Tel.: (713) 650-8805
        Fax: (713) 750-0903

        Eric Mahr (*pro hac vice*)
        FRESHFIELDS US LLP
        700 13th Street, NW
        10th Floor
        Washington, DC 20005
        Telephone: (202) 777-4545
        Email: eric.mahr@freshfields.com

        Robert J. McCallum (*pro hac vice*)
        FRESHFIELDS US LLP
        3 World Trade Center
        175 Greenwich Street
        New York, NY 10007
        Telephone: (212) 284-4910
        Email: rob.mccallum@freshfields.com

        *Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I certify that on December 23, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

/s/ Kathy D. Patrick
Kathy D. Patrick

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I certify that the meet and confer requirements in Local Rule CV-7(h) have been met, and that this motion is unopposed.

/s/ Kathy D. Patrick
Kathy D. Patrick