**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al., | |
| Plaintiffs, | Case No. 4:20-cv-00957-SDJ |
| | Hon. Sean D. Jordan |
| v. | |
| Google LLC, | |
| Defendants. | Special Master: David T. Moran |

<u>**PLAINTIFF STATES' REPLY IN SUPPORT OF THEIR
MOTION TO EXCLUDE OPINIONS OF ITAMAR SIMONSON**</u>

## INTRODUCTION

Google's Opposition mostly argues around the fatal deficiencies Plaintiffs identified in their Motion.  First, Google ignores that its gerrymandering of the survey populations excluded the advertisers and ad agencies *most relevant* to this case.  Second, Google defends its opt-out disclosure by criticizing Plaintiffs for not showing how the opt-out respondents would have answered—even though Google made it impossible to do so by failing to retain any opt-out data. Finally, Google frames Plaintiffs' critique of Dr. Simonson's use of vague language as an inconsequential "quibble with question phrasing," ignoring that the phrase is a term of art.

## ARGUMENT

I.    **Dr. Simonson's Surveys Are Unreliable Because They Are Unrepresentative.**

Google makes three arguments about why the surveys are reliable despite being unrepresentative.  *First,* Google contends that Plaintiffs "provide no indication of what 'proportion of the target population [was] excluded.'" Opp. at 8 (alteration in original).  But this is simply wrong.  Plaintiffs identified that Dr. Simonson's Ad Agency Survey excluded the six largest global ad agencies, which collectively account for *nearly a third* of all ad spending.  *See* Mot. at 11. Plaintiffs also noted the advertiser surveys excluded—among others—30% of the Fortune 500 and 50% of the Fortune 10.  *Id.*  Dr. Simonson intentionally excluded not just any advertisers and ad agencies, but those whose opinions are most relevant to the claims at issue in this case.  A survey that excludes the *most relevant* market participants is not reliable.  *See, e.g., Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 264 (5th Cir. 1980) ("The appropriate universe [for a survey] should include a fair sampling of those purchasers most likely to partake of the alleged infringer's goods or services.").

*Second*, Google claims that Plaintiffs "do not even provide a hypothesis—let alone any evidence—on the extent to which the excluded population . . . was likely to respond any differently than the included population." Opp. at 8.  But Plaintiffs have explained why the excluded potential

1

respondents were distinct—they are the most sophisticated and significant ad tech consumers, accounting for an outsized proportion of ad tech transactions. *See* Mot. at 9-12. At any rate, the Court should reject Google's attempted burden-shifting. Google must show that Dr. Simonson's surveys were reliable, *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 590-91 (1993), and it cannot do so because Dr. Simonson did not even analyze the effect of excluding the most relevant market participants from his survey populations. *See* Mot. at 11-12.

*Third,* Google argues: "[t]his is not a case where we do not know how individuals on the No Contact List would have responded" because "[m]any . . . actually provided discovery in this case," citing deposition testimony from six companies. Opp. at 8-9. But that testimony discusses whether those companies would shift advertising spend from a *poorly performing* channel to a better performing one. It says nothing about the key inquiry of the surveys: substitution behavior in response to an *increase of cost* of one channel. And even if there *was* evidence about the companies' substitution behavior, the point is that *Dr. Simonson* did not take the "special precaution" of analyzing it to "reduce the likelihood of biased samples." Fed. Jud. Ctr., *Reference Manual on Scientific Evidence* ("*FJC Ref. Man.*") at 382-83.

Google argues that the cases cited in Plaintiffs' Motion are "inapposite" because the surveys in those cases "all omitted *entire categories* of potential respondents." Opp. at 9 (emphasis in original). Google misreads the cases. In *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 488 (5th Cir. 2004), the Fifth Circuit noted that the exclusion of a subset of purchasers of vacuum repairs rendered the population "suspiciously underinclusive." Those purchasers had nothing in common aside from purchasing their vacuum cleaners secondhand. It was that those purchasers constituted a substantial part of the population the survey purported to examine that rendered the sample so underinclusive as to be unreliable. *Id.* Even if the cases stood for the proposition that underinclusive surveys are unreliable only if they exclude "entire categories" of potential respondents, the surveys here are still unreliable. Google contends that "[t]he only

commonality among the excluded entities that Plaintiffs can point to is their size . . . ."  Opp. at 10.  But the issue is not the companies' size, it is their unique importance in the ad tech market.  *See* Mot. at 3.  Without assessing the opinions of advertisers and ad agencies that account for such an outsized proportion of the market, the surveys tell us nothing about relevant substitution behavior.

Finally, Google argues that Dr. Simonson took "special precautions" by: (1) conducting preliminary interviews; (2) ensuring large sample sizes, (3) corroborating the representativeness of the samples, and (4) verifying the surveys had a statistically significant number of large and small advertisers.  Opp. at 11.  But Dr. Simonson's "thorough vetting" of AdPros consisted of a mere fourteen preliminary interviews, all of which were biased by his disclosure of the surveys' sponsor and purpose at the outset.  *See* Mot. at 6.  And the second and fourth "special precautions" applied only to the advertiser (not ad agency) populations.

## II.    The Opt-Out Disclosures Unblinded the Surveys and Rendered Them Unreliable.

Google first argues that assuming the reason respondents chose to opt out after learning Google sponsored the surveys for antitrust litigation purposes was because their responses were adverse to Google is an "unwarranted" "logical leap."  Opp. at 11-12.  But is it not a "logical leap" to assume the opt-out respondents made that decision; it is, in fact, the only logical conclusion.  Dr. Simonson's unexplained and unjustified decision not to retain the opt-out respondents' data is the reason Plaintiffs (and Google) cannot *know* why they opted out.

Google defends its decision to force Dr. Simonson to allow respondents to opt out by noting that the *FJC Reference Manual* observes that "in some surveys (e.g., some government surveys), disclosure of the survey's sponsor to respondents (and thus to interviewers) *is required*."  Opp. at 12 (emphasis added) (citing *FJC Ref. Man.* at 411).  The FTC Opinion Google relies on was one such instance where "[t]he notification regarding the opt-out option and the purpose of the survey, [was] required by the Privacy Act, 5 U.S.C. § 552a(e)(3) . . . ."  Comm'n Op. at 69, *In re Intuit,*

3

*Inc.*, FTC Docket No. 9408 (Jan. 22, 2024). Here, Dr. Simonson was not "required" to disclose the survey's sponsor and purpose. At any rate, the FJC Manual says that the disclosure of a survey's *sponsor* is sometimes unavoidable and so does not necessarily bias the results. But Dr. Simonson unnecessarily disclosed both the sponsor *and the purpose* of the surveys, thus inviting respondents to abandon their responses if they felt they would be adverse to Google's litigation posture. This is especially suspect because Google is a dominant player in the ad tech space. When courts find that an opt-out disclosure of a survey's sponsor did not bias the results, they often note that—unlike here—the opt-out did not disclose the purpose. See, e.g., *FTC v. Nudge*, *LLC*, No. 2:19-cv-867-DBB-DAO, 2022 WL 2132695, at *6 (D. Utah June 14, 2022) ("The statements disclosing the FTC as the surveys' sponsor were brief *and did not disclose the survey's purpose*." (emphasis added)). Google emphasizes that "Plaintiffs have provided no data or other evidence demonstrating potential bias" created by the opt-out disclosure as evidence that the surveys were not, in fact, biased. Opp. at 13. But Plaintiffs *could not* provide any such "data or other evidence" because Dr. Simonson did not collect or analyze any. Mot. at 13. Plaintiffs do not even know who the opt-out respondents are.

Google also argues that "whether the disclosure biased the results goes to the survey's weight rather than admissibility." Opp. at 13 (citing cases). But fundamental design decisions like unblinding a survey go to reliability, not weight. *See, e.g., Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1009 (N.D. Ill. 2010), *aff'd*, 412 F. App'x 304 (Fed. Cir. Mar. 11, 2011) ("Failure to conduct an appropriate double-blind study limits the reliability of the survey.").

### III. The Surveys' Vague and Ambiguous Language Renders Them Unreliable.

Google contends that Dr. Simonson's use of the vague and ambiguous term "small but significant" is a "quibble[] with question phrasing" that goes to weight, not admissibility. Opp. at 14. The cases Google cites do not support this proposition. In *Honestech, Inc. v. Sonic Solutions*, the court found the survey expert's failure "properly to account for the presence of two competing

4

products in the marketplace" in his questioning did not bias the results.  430 F. App'x 359, 362 (5th Cir. 2011).  And in *Firebirds International, LLC v. Firebird Restaurant Group, LLC*, No. 3:17-CV-2719-B, 2019 WL 3957846, at *3 (N.D. Tex. Aug. 21, 2019), the court rejected defendants' argument that the survey expert should have asked about "whether [respondents] believed that Defendants' services belong to Plaintiff, instead of asking whether they believe that Plaintiff is part of FRG."[1]  Here, the error is much more fundamental.  Dr. Simonson's vague wording resulted in each respondent effectively answering a different question, based on their own unique interpretation of the term "small but significant."

Next, Google argues that the vague and ambiguous language does not render the survey unreliable because Dr. Simonson chose "qualitative words" because they are "familiar" and "plain language words."  Opp. at 14 (citing Simonson Tr. 175:4-8; 249:2-252:21).  But the phrase "small but significant" is not just a collection of "plain language words."  It is a term of art with a particular (and crucial) meaning in the antitrust context.

Finally Google attempts to cite Prof. Mathiowetz's deposition testimony as support for its argument that the surveys are still reliable even though the respondents almost certainly applied different meanings to the term "small but significant."  Opp. at 15 (citing Mathiowetz Tr. 70:10-18; 127:5-128:5).  But Prof. Mathiowetz was testifying about her use (in other surveys) of the words "otherwise healthy person" and "chronic conditions," which truly are "plain language words," unlike the antitrust term of art Dr. Simonson used.  Opp., Ex. 5 (Mathiowetz Tr.) at 70:10-18; 127:5-128:5.

## CONCLUSION

The Court should exclude Dr. Simonson's opinions.

---

[1] Notably, in *Firebirds,* the defendants—who contended that the question phrasing rendered the plaintiffs' expert surveys unreliable—relied on a rebuttal report from **Dr. Simonson**. *Id.* at *2.

DATED: December 23, 2024

Respectfully submitted,

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.Derose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
(713) 659-5200


**THE LANIER LAW FIRM, PLLC**

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
Kiran N. Bhat
kiran.bhat@kellerpostman.com
2333 Ponce De Leon Boulevard
Suite R-240
Coral Gables, Florida 33134
(833) 633-0118

Zina Bash (Bar No. 24067505)
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

/s/ Noah S. Heinz
Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut Ave., N.W., Suite 1100
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS

KEN PAXTON
Attorney General

*/s/ James R. Lloyd*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

FOR PLAINTIFF STATE OF ALASKA:

TREG TAYLOR
ATTORNEY GENERAL


By: /s/ Jeff Pickett
Jeff Pickett
Senior Assistant Attorney General, Special Litigation Section
jeff.pickett@alaska.gov

*Attorney for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF ARKANSAS:

TIM GRIFFIN
ATTORNEY GENERAL


By: _____
AMANDA J. WENTZ
Ark. Bar No. 2021066
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Attorney for Plaintiff State of Arkansas*

FOR PLAINTIFF STATE OF FLORIDA:

ASHLEY MOODY, Attorney General

<u>/s/ Lee Istrail</u>
LEE ISTRAIL, Assistant Attorney General
FL Bar No. 119216

LIZABETH A. BRADY, Director, Antitrust Division
R. SCOTT PALMER, Special Counsel and Chief of Complex Enforcement
ANDREW BUTLER, Assistant Attorney General
CHRISTOPHER KNIGHT, Assistant Attorney General

Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Phone: 850-414-3300
Email: scott.palmer@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

10

FOR PLAINTIFF STATE OF IDAHO:

RAÚL R. LABRADOR
Attorney General

*/s/ John K. Olson*
John K. Olson, Deputy Attorney General

Consumer Protection Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:   (208)   334-2424
john.olson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF INDIANA:

THEODORE E. ROKITA
Attorney General

*/s/ Jesse J. Moore*
Jesse J. Moore
Deputy Attorney General – Consumer Litigation
302 W. Washington St.
IGCS - 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 234-1479
Fax: (317) 232-7979
Email: jesse.moore@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

FOR PLAINTIFF COMMONWEALTH OF KENTUCKY:

RUSSELL COLEMAN
Attorney General

*/s/ Philip R. Heleringer*
Christian J. Lewis, Commissioner of the Office of Consumer Protection
christian.lewis@ky.gov
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
philip.heleringer@ky.gov
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
jonathan.farmer@ky.gov
Office of the Attorney General
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Tel: 502-696-5300

*Attorneys for Plaintiff Commonwealth of Kentucky*

FOR PLAINTIFF STATE OF LOUISIANA:

By: */s/ Patrick Voelker*
Liz Murrill, Attorney General
Michael Dupree, Assistant Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
(225) 326-6400
voelkerp@ag.louisiana.gov

*s/ James R. Dugan, II*
James R. Dugan, II (*pro hac vice*)
TerriAnne Benedetto (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
PH:   (504) 648-0180
FX:   (504) 649-0181
EM:   jdugan@dugan-lawfirm.com
        tbenedetto@dugan-lawfirm.com

James Williams
CHEHARDY SHERMAN WILLIAM, LLP
Galleria Boulevard, Suite 1100
Metairie, LA 70001
PH:   (504) 833-5600
FX:   (504) 833-8080
EM:   jmw@chehardy.com

*Attorneys for Plaintiff State of Louisiana*

FOR PLAINTIFF STATE OF MISSISSIPPI:

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:     */s/ Garrett S. Mascagni*
        Garrett S. Mascagni
        Special Assistant Attorney General
        Consumer Protection Division
        Mississippi Attorney General's Office
        Post Office Box 220
        Jackson, Mississippi 39205
        Telephone: 601-359-3070
        Fax: 601-359-4231
        Garrett.Mascagni@ago.ms.gov

        *Attorney for Plaintiff State of Mississippi*

FOR PLAINTIFF STATE OF MISSOURI:

ANDREW BAILEY
Attorney General

*/s/ Michael Schwalbert*
Michael.Schwalbert@ago.mo.gov
Missouri Attorney General's
Office
815 Olive St.
Suite 200
St. Louis, MO 63101
Tel: 314-340-7888

*Attorneys for Plaintiff State of Missouri*

FOR PLAINTIFF STATE OF MONTANA:

AUSTIN KNUDSEN
Montana Attorney General


*/s/ Anna Schneider*
Anna Schneider
Montana Attorney General's Office
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Fax: (406) 442-1894 Anna.Schneider@mt.gov


*/s/ Charles J. Cooper*
Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
Brian W. Barnes
bbarnes@cooperkirk.com
Harold S. Reeves
hreeves@cooperkirk.com
COOPER & KIRK PLLC
1523 New Hampshire Avenue, NW
Washington DC 20036
Phone: (202) 220-9620
Fax: (202) 220-9601

*Attorneys for Plaintiff State of Montana*

FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General
ERNEST D. FIGUEROA
Consumer Advocate


*/s/ Michelle C. Badorine*
Michelle C. Badorine, Senior Deputy
Attorney General
MNewman@ag.nv.gov
Lucas J. Tucker (NV Bar No. 10252)
Senior Deputy Attorney General
LTucker@ag.nv.gov
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100

*Attorneys for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NORTH DAKOTA:

       **STATE OF NORTH DAKOTA**
       Drew H. Wrigley
       Attorney General


By:    */s/ Elin S. Alm*
       Elin S. Alm, ND ID 05924
       Assistant Attorneys General
       Consumer Protection & Antitrust Division
       Office of Attorney General of North Dakota
       1720 Burlington Drive, Suite C, Bismarck, ND 58503-7736
       (701) 328-5570
       (701) 328-5568 (fax)
       ealm@nd.gov

       *Attorneys for Plaintiff State of North Dakota*

FOR PLAINTIFF COMMONWEALTH OF PUERTO RICO:

*/s/ Domingo Emanuelli-Hernández*
Domingo Emanuelli-
Hernández Attorney General
Thaizza Rodríguez Pagán
Assistant Attorney
General PR Bar No.
17177
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201, 1204
trodriguez@justicia.pr.gov

Kyle G. Bates
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111

*Attorneys for Plaintiff Commonwealth of Puerto Rico*

FOR PLAINTIFF STATE OF SOUTH CAROLINA:

ALAN WILSON
Attorney General


*/s/ Mary Frances Jowers*
Mary Frances Jowers
Assistant Deputy Attorney General
W. Jeffrey Young
Chief Deputy Attorney General
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-5855
Email: mjowers@scag.gov

Charlie Condon
Charlie Condon Law Firm, LLC
880 Johnnie Dodds Blvd, Suite 1
Mount Pleasant, SC 29464
Phone: 843-884-8146
Email: charlie@charliecondon.com

James R. Dugan, II (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
Phone: (504) 648-0180
Email: jdugan@dugan-lawfirm.com


*Attorneys for Plaintiff State of South Carolina*

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

MARTY JACKLEY
Attorney General


*/s/ Jonathan Van Patten*
Jonathan Van Patten
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel: 605-773-3215
jonathan.vanpatten@state.sd.us

*Attorney for Plaintiff State of South Dakota*

FOR PLAINTIFF STATE OF UTAH:

Sean D. Reyes
Utah Attorney General

*/s/ Matthew Michaloski*
Matthew Michaloski
Marie W.L. Martin
Assistant Attorney General
160 East 300 South, 5th Floor
P.O. Box 140811
Salt Lake City, UT 84114
mmichaloski@agutah.gov
Telephone: (801) 440-9825

*Attorneys for Plaintiff State of Utah and*
*as counsel for the Utah Division of Consumer Protection*

**CERTIFICATE OF SERVICE**

I certify that on December 23, 2024, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Noah S. Heinz*
Noah S. Heinz