# EXHIBIT 53
# REDACTED

HIGHLY CONFIDENTIAL

Page 1

```
 1         IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF TEXAS
 2                    SHERMAN DIVISION
 3    THE STATE OF TEXAS, et    )
      al.,                      )
 4                              ) Case No.
                 Plaintiffs,    ) 4:20-cv-00957-SDJ
 5                              )
      vs.                       ) Hon. Sean D. Jordan
 6                              )
      GOOGLE LLC,               )
 7                              )
                 Defendant.     )
 8
              THURSDAY, OCTOBER 10, 2024
 9
       HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE
10                         ORDER
                          - - -
11
12          Videotaped deposition of Steven N.
13    Wiggins, held at the offices of Gibbs & Bruns
14    LLP, 1100 Louisiana Street, Suite 5300,
15    Houston, Texas, commencing at 9:08 a.m.
16    Central, on the above date, before Carrie A.
17    Campbell, Registered Diplomate Reporter,
18    Certified Realtime Reporter, Illinois,
19    California & Texas Certified Shorthand
20    Reporter, Missouri, Kansas, Louisiana & New
21    Jersey Certified Court Reporter.
22                        - - -
23
24
25    Job No. MDLG6920456
```

HIGHLY CONFIDENTIAL

```
                                                      Page 2

 1              A P P E A R A N C E S :
 2
         NORTON ROSE FULBRIGHT US LLP
 3       BY:   NATHAN BAUM
               nathan.baum@nortonrosefulbright.com
 4       2200 Ross Avenue, Suite 3600
         Dallas, Texas  75201-7932
 5       (214) 855-8000
 6       and
 7       THE LANIER LAW FIRM, PLLC
         BY:   ALEX J. BROWN
 8             alex.brown@lanierlawfirm.com
               ALEX ABSTON           (VIA ZOOM)
 9             alex.abston@lanierlawfirm.com
               ZEKE DEROSE           (VIA ZOOM)
10             zeke.derose@lanierlawfirm.com
         10940 West Sam Houston Parkway North,
11       Suite 100
         Houston, Texas   77064
12       (713) 659-5200
13       and
14       NORTON ROSE FULBRIGHT US LLP
         BY:   DANIEL A. BOJORQUEZ   (VIA ZOOM)
15             daniel.bojorquez@nortonrosefulbright.com
         1301 McKinney, Suite 5100
16       Houston, Texas   77010
         (713) 651-5151
17
         and
18
         NORTON ROSE FULBRIGHT US LLP
19       BY:   NATHAN DAMWEBER       (VIA ZOOM)
               nathan.damweber@nortonrosefulbright.com
20       98 San Jacinto Boulevard, Suite 1100
         Austin, Texas   78701-4255
21       (512) 474-5201
         Counsel for Texas, Idaho, Louisiana
22       (The Lanier Law Firm only),
         Mississippi, North Dakota,
23       Mississippi, South Carolina, and
         South Dakota
24
25
```

                                                              Page 3

```
 1         FRESHFIELDS BRUCKHAUS DERINGER US LLP
           BY:   JULIE ELMER
 2               julie.elmer@freshfields.com
                 TYLER GARRETT
 3               tyler.garrett@freshfields.com
           700 13th Street, NW, 10th Floor
 4         Washington, DC  20005-3960
           (202) 777-4500
 5
 6         and
 7
           GIBBS & BRUNS LLP
 8         BY:   ROBIN C. GIBBS        (VIA ZOOM)
                 rgibbs@gibbsbruns.com
 9               AYESHA NAJAM          (VIA ZOOM)
                 anajam@gibbsbruns.com
10         1100 Louisiana, Suite 5300
           Houston, Texas   77002
11         (713) 650-8805
           Counsel for Google LLC
12
13
      ALSO PRESENT:
14
             JONATHAN JAFFE, consultant (VIA ZOOM)
15
             JOSH HOEPPNER, trial technician,
16    Precision Trial Solutions
17
18    V I D E O G R A P H E R :
           BRIAN BOBBITT,
19         Golkow Litigation Services
20                         - - -
21
22
23
24
25
```

Page 6

1             VIDEOGRAPHER:  We're now on the
2       record.  My name is Brian Bobbitt.
3       I'm a videographer with Golkow
4       Litigation Services.
5             Today's date is October 10,
6       2024, and the time is 9:08 a.m.
7       Central Time.
8             This video deposition is being
9       held in the Houston, Texas, in the
10      matter of the State of Texas, et al.,
11      versus Google, LLC.
12            The deponent is Steve Wiggins.
13            Counsels' appearances will be
14      noted on the stenographic record.
15            Will the court reporter please
16      swear in the witness?
17
18            STEVEN N. WIGGINS,
19   of lawful age, having been first duly sworn
20   to tell the truth, the whole truth and
21   nothing but the truth, deposes and says on
22   behalf of the Plaintiffs, as follows:
23   /
24   /
25   /

Page 7

```
 1                  DIRECT EXAMINATION
 2   QUESTIONS BY MR. BAUM:
 3         Q.     Can you state your name for the
 4   record?
 5         A.     Steven N. Wiggins.
 6         Q.     Professor Wiggins, I'm Nathan
 7   Baum from Norton Rose Fulbright.
 8                Did you bring anything with you
 9   to the deposition today?
10         A.     Just a pad of paper.
11         Q.     No notes or anything like that?
12         A.     No.
13         Q.     What did you do to prepare for
14   today's deposition?
15         A.     I read through various reports
16   and documents, consulted with my staff and
17   met with attorneys.
18         Q.     Which reports did you read?
19         A.     I read all of my own report,
20   Mr. Andrien's original report and his
21   rebuttal report, Dr. DeRamus's rebuttal
22   report.
23                I also read portions of the
24   Weinberg original report and rebuttal report,
25   and I think it's Dr. Rudin, her report.
```

```
                                                     Page 170
 1         A.    Yes, I believe so.
 2         Q.    Do you have your report in your
 3   pile?
 4         A.    I do.
 5         Q.    If you could pull that back
 6   out.
 7               If you could flip to page 78.
 8         A.    78?
 9         Q.    Yes.
10               MS. ELMER:  Of Exhibit 1,
11         right?
12               MR. BAUM:  Correct.
13               THE WITNESS:  I'm there.
14   QUESTIONS BY MR. BAUM:
15         Q.    And you also have a Figure 1 on
16   page 79.
17               Do you see that?
18         A.    I do.
19         Q.    The heading to this section is
20   "Mr. Andrien Vastly Overstates the Number of
21   Affected Transactions."
22               Correct?
23         A.    Correct.
24         Q.    Then you made a set of
25   corrections to Mr. Andrien's transaction
```

HIGHLY CONFIDENTIAL

Page 171

```
 1   count that are reflected in Figure 1.
 2              Correct?
 3        A.    Correct.
 4        Q.    Looks like you made about six
 5   or seven corrections.
 6              Do you see that?
 7        A.    Yes.
 8        Q.    You made a correction for
 9   transactions involving United States users.
10              Correct?
11        A.    Correct.
12        Q.    You made an exclusion about
13   in-app transactions.
14              Correct?
15        A.    Correct.
16        Q.    You limited the dataset to US
17   states that can recover civil penalties for
18   business-to-business transactions.
19              Correct?
20        A.    Correct.
21        Q.    You corrected the share of
22   plaintiff states accounting for locations of
23   advertisers.
24              Correct?
25        A.    Correct.
```

HIGHLY CONFIDENTIAL

Page 172

```
 1         Q.    You corrected for Mr. Andrien's
 2   penalties period.
 3               Correct?
 4         A.    Yes.
 5         Q.    You accounted for various
 6   statute of limitations.
 7               Correct?
 8         A.    Yes.
 9         Q.    And you limited the data to
10   potentially affected transactions.
11               Correct?
12         A.    Correct.
13         Q.    And after making all of those
14   corrections, you concluded that the number of
15   transactions that potentially could have been
16   affected by the alleged deception was
17   ████████████████████████████████
18               Correct?
19         A.    That potentially could have
20   been affected, correct.  Just trying to make
21   sure I understood the question.
22         Q.    Do you have any opinions in
23   your report about the amount necessary to
24   deter Google from committing future
25   violations?
```

Page 173

1    A.    As I explained in my report, I
2    rely on Mr. Andrien, who indicates at least
3    at one point in his report, that depriving
4    Google of the benefits that it received from
5    the deception would deter.  And I offer a
6    calculation of those benefits.
7              In using that logic, then that
8    amount would be, according to that part --
9    that portion of Mr. Andrien's report, would
10   be sufficient to deter.
11   Q.    Your opinion is that the
12   calculation of the benefits to Google would
13   be sufficient to deter Google from committing
14   future violations?
15   A.    No, that's not what I said.
16              I said that Mr. Andrien said
17   that.  And I calculated a number that
18   according to what he said would be sufficient
19   to deter.
20   Q.    What was the number that you
21   calculated?
22        A.    22 million, roughly.
23        Q.    And you believe that
24   $22 million penalty would be sufficient to
25   deter Google from committing future

HIGHLY CONFIDENTIAL

Page 174

```
 1   violations?
 2        A.    I believe that Mr. Andrien
 3   indicated that in his report, and I was
 4   responding to his report in reaching the
 5   conclusions I reached.
 6              So I've offered an opinion that
 7   if Mr. Andrien said if it's this -- if this
 8   is what you do, then that'll deter, and I
 9   calculated the number.
10        Q.    Do you have any other opinions
11   besides that on the amount necessary to deter
12   Google from committing future violations?
13        A.    I'm not sure I understand the
14   term "deter" as an economic matter.
15        Q.    You don't understand the term
16   "deter" as an economic matter?
17        A.    Yeah, I don't understand how
18   you're using it as an economic matter.
19              The term "deter" could suggest,
20   for example, absolute deterrence.  Nobody
21   will ever do that again.  That is not an
22   economic term.
23              Optimal deterrence or
24   appropriate deterrence are things you find in
25   economics, but those do not line up with
```

Page 180

```
 1                    CERTIFICATE
 2               I, CARRIE A. CAMPBELL, Registered
     Diplomate Reporter, Certified Realtime
 3   Reporter and Certified Shorthand Reporter, do
     hereby certify that prior to the commencement
 4   of the examination, Steven N. Wiggins, was
     duly sworn by me to testify to the truth, the
 5   whole truth and nothing but the truth.
 6               I DO FURTHER CERTIFY that the
     foregoing is a verbatim transcript of the
 7   testimony as taken stenographically by and
     before me at the time, place and on the date
 8   hereinbefore set forth, to the best of my
     ability.
 9
                 I DO FURTHER CERTIFY that I am
10   neither a relative nor employee nor attorney
     nor counsel of any of the parties to this
11   action, and that I am neither a relative nor
     employee of such attorney or counsel, and
12   that I am not financially interested in the
     action.
13
14   [signature: Carrie A. Campbell]
15
     _____
16   CARRIE A. CAMPBELL,
     NCRA Registered Diplomate Reporter
17   Certified Realtime Reporter
     California Certified Shorthand
18   Reporter #13921
     Missouri Certified Court Reporter #859
19   Illinois Certified Shorthand Reporter
     #084-004229
20   Texas Certified Shorthand Reporter #9328
     Kansas Certified Court Reporter #1715
21   New Jersey Certified Court Reporter
     #30XI00242600
22   Louisiana Certified Court Reporter
     #2021012
23   Notary Public
     Dated:  October 11, 2024
24
25
```