# EXHIBIT 58
## REDACTED

HIGHLY CONFIDENTIAL

```
                                                        Page 1

 1              UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF TEXAS
 2                   SHERMAN DIVISION
 3   STATE OF TEXAS, et al,    )
                               )
 4         Plaintiffs,         )   CASE NO.
                               )   4:20cv00957-SDJ
 5   v.                        )
                               )
 6   GOOGLE, LLC,              )
                               )
 7         Defendant.          )
     _____ )
 8
 9
10
11                  __ __ __
12           Wednesday, May 15, 2024
13                  __ __ __
14             HIGHLY CONFIDENTIAL
15       PURSUANT TO PROTECTIVE ORDER
16                  __ __ __
17
18       Remote Video-Recorded Oral Fed. R.
     Civ. P. 30(b)(6) Deposition of GOOGLE LLC BY
19   AND THROUGH ███████████████ held at the
     location of the witness, New York, New York,
20   commencing at 9:01 a.m. EDT on the above
     date, before Michael E. Miller, Fellow of the
21   Academy of Professional Reporters, Certified
     Court Reporter, Registered Diplomate
22   Reporter, Certified Realtime Reporter and
     Notary Public.
23                  __ __ __
24              GOLKOW - VERITEXT
         877.370.DEPS | fax 917.591.5672
25            Job No. MDLG6702271
```

```
                                                            Page 2
 1     REMOTE APPEARANCES:
 2        NORTON ROSE FULBRIGHT US LLP
          BY:   ISABELA PENA-GONZALEZ, ESQUIRE
 3              isabela.pena-gonzalez@nortonrosefulbright.com
          1301 McKinney
 4        Suite 5100
          Houston, Texas 77010
 5        (713)651-5151
          Counsel for Plaintiff, State of Texas
 6
 7        NORTON ROSE FULBRIGHT US LLP
          BY:   NATHAN DAMWEBER, ESQUIRE
 8              nathan.damweber@nortonrosefulbright.com
          98 San Jacinto Boulevard
 9        Suite 2100
          Austin, Texas 78701
10        (512)474-5201
          Counsel for Plaintiff, State of Texas
11
12        STATE OF TEXAS
          OFFICE OF THE ATTORNEY GENERAL
13        BY:   JONATHAN JAFFE, ESQUIRE
                jonathan.jaffe@oag.texas.gov
14              LUKE WOODWARD, ESQUIRE
                luke.woodward@oag.texas.gov
15        300 West 15th Street
          Austin, Texas 78701
16        (512)463-2100
          Counsel for Plaintiff, State of Texas
17
18        THE LANIER LAW FIRM
          BY:   ZEKE DeROSE, III, ESQUIRE
19              zeke.derose@lanierlawfirm.com
                ALEX ABSTON, ESQUIRE
20              alex.abston@lanierlawfirm.com
          10940 West Sam Houston Parkway North
21        Suite 100
          Houston, Texas 77064
22        (713)659-5200
          Counsel for Plaintiffs, States of
23        South Carolina, Indiana, Idaho, Louisiana,
          South Dakota, North Dakota, Texas and
24        Mississippi
25
```

```
                                                           Page 3
 1    REMOTE APPEARANCES:
 2         FRESHFIELDS BRUCKHAUS DERINGER LLP
           BY:  ROBERT MCCALLUM, ESQUIRE
 3              (present with The Witness)
                rob.mccallum@freshfields.com
 4              TINA LARITZ, ESQUIRE
                (present with The Witness)
 5              tina.laritz@freshfields.com
           601 Lexington Avenue
 6         New York, New York 10022
           (212)277-4000
 7         Counsel for Defendant
 8
 9    ALSO PRESENT:
10         ███████████, ESQUIRE
           Google LLC
11
           TRIAL TECHNICIAN:
12
           RAY MOORE
13         Golkow - Veritext
14
      VIDEOGRAPHER:
15
           ZACH HONE
16         Golkow - Veritext
17
18
19
20
21
22
23
24
25
```

Page 4

INDEX

May 15, 2024

| | |
|---|---:|
| APPEARANCES | 2 |
| PROCEEDINGS | 7 |
| EXAMINATION OF ▓▓▓▓▓▓▓▓▓▓: | |
|     BY MS. PENA-GONZALEZ | 8 |
| CERTIFICATE | 392 |
| ERRATA | 394 |
| ACKNOWLEDGMENT OF DEPONENT | 395 |
| LAWYER'S NOTES | 396 |

Page 7

```
 1                    -----------
 2                 P R O C E E D I N G S
 3             May 15, 2024, 9:01 a.m. EDT
 4                    -----------
 5            THE VIDEOGRAPHER:  We're now on
 6   the record.  My name is Zach Hone.
 7   I'm a videographer for Golkow.
 8            Today's date is May 15th, 2024,
 9   and the time is 9:01 a.m.  This remote
10   video deposition is being held in the
11   matter of The State of Texas et al v.
12   Google LLC.
13            The deponent is ▇▇▇▇
14   ▇▇▇▇▇▇▇▇▇.
15            All parties to this deposition
16   are appearing remotely and have agreed
17   to the witness being sworn in
18   remotely.
19            Due to the nature of remote
20   reporting, please pause briefly before
21   speaking to ensure all parties are
22   heard completely.
23            Counsel's appearances will be
24   noted on the stenographic record.
25            The court reporter will now
```

```
 1         swear in the witness.
 2                     -----------
 3                    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇,
 4            having been duly sworn,
 5            testified as follows:
 6                     -----------
 7                     EXAMINATION
 8                     -----------
 9   BY MS. PENA-GONZALEZ:
10         Q.     Good morning, ▇▇▇▇▇▇▇▇▇▇.
11   How are you?
12         A.     Good.  How are you?
13         Q.     My name is Isabela
14   Pena-Gonzalez.  I'm here on behalf of the
15   State of Texas for the law firm Norton Rose
16   Fulbright.
17                Could you please state your
18   full name for the jury.
19         A.     Sure.  My name is ▇▇▇▇▇▇
20   ▇▇▇▇▇▇▇▇▇▇.
21         Q.     And do you understand that you
22   have been designated as a corporate
23   representative for certain topics on which
24   you are testifying here on behalf of Google?
25         A.     Yes, I do.
```

Page 134

```
 1   BY MS. PENA-GONZALEZ:
 2        Q.    When were those communications
 3   disclosed to publishers?
 4        A.    I don't know the exact dates.
 5   We'd have to look at -- yes, I don't know the
 6   exact dates.
 7        Q.    And you mentioned publishers,
 8   so that wasn't disclosed to buyers?
 9        A.    To my knowledge, DRS was not
10   disclosed to buyers.
11        Q.    Okay.  And you said, again,
12   that the product was disclosed to publishers,
13   but you didn't mention risks.
14              Were the risks of DRS disclosed
15   to customers, in this case, publishers?
16              MR. McCALLUM:  Object to the
17        form.
18        A.    To my knowledge, DRS benefited
19   publishers by helping them make more revenue,
20   and that's what we communicated with them,
21   and gave them the option to turn off the
22   feature if they didn't want to use it.
23              MS. PENA-GONZALEZ:  Objection
24        as nonresponsive.
25                   ///
```

HIGHLY CONFIDENTIAL

Page 135

```
 1    BY MS. PENA-GONZALEZ:
 2            Q.      I'm going to ask you
 3    specifically, ■■■■■■■■■■■■■■■  Did Google
 4    disclose DRS version 1 to publishers?
 5            A.      Not that I'm aware of, no.  As
 6    in specifically version 1, version 2, we
 7    talked about DRS as a product.
 8            Q.      But specifically, DRS version 1
 9    was not communicated to the publishers or
10    buyers?
11            A.      I don't know about the timing
12    of when we announced, so it would be hard for
13    me to kind of decide -- let you know what
14    happened when.  If there's something we can
15    look at that will help me on the timeline.
16            Q.      So Google disclosed --
17    depending on the timeline, it's your
18    testimony for the jury that Google disclosed
19    DRS version 2 to publishers?
20                    MR. McCALLUM:  Object to the
21         form.
22            A.      Again, I don't have the
23    timeline memorized.  I know we disclosed DRS
24    to our publisher partners.
25                    ///
```

Page 136

```
 1    BY MS. PENA-GONZALEZ:
 2         Q.    In those disclosures to
 3    partners, did Google differentiate between
 4    DRS version 1 and DRS version 2?
 5         A.    Again, in the timeline, I don't
 6    recall if we -- if we differentiated between
 7    the two.
 8         Q.    To the best of your knowledge,
 9    right now, today, you cannot tell me whether
10    Google published -- published or verbally
11    communicated any communications to publishers
12    about the distinction between DRS v1 and
13    DRS v2?
14              MR. McCALLUM:  Object to the
15         form.
16         A.    So to my knowledge, we
17    announced DRS to our publishers.  Again, the
18    timeline is challenging.  There was a long
19    development timeline on that solution, and I
20    don't know from my recollection that we
21    differentiated between DRS v1 and DRS v2.
22    BY MS. PENA-GONZALEZ:
23         Q.    Has Google ever disclosed any
24    risks associated with RPO to customers?
25              MR. McCALLUM:  Object to the
```

Page 197

```
 1   changes?
 2              MR. McCALLUM:  Objection,
 3        scope, form, privilege, and I'm going
 4        to instruct the witness not to answer
 5        the question in any way that might
 6        reveal the attorney-client privilege
 7        or matters covered by attorney work
 8        product.  If the witness is able to
 9        answer the question without
10        referencing any of those matters, he's
11        able -- he's free to do so.
12        A.   Sorry, I do not have any
13   information about that.  I cannot respond.
14   BY MS. PENA-GONZALEZ:
15        Q.   Okay.  Let's turn to the --
16   that same box, but below the section that
17   says regulatory risk, it says relationship
18   risks.
19              MS. PENA-GONZALEZ:  Can we make
20        that large, please.
21   BY MS. PENA-GONZALEZ:
22        Q.   There's two bullets under the
23   title Relationship risks.  One says Pubs.
24             Can we assume that means
25   publishers?
```

```
 1        A.    Yes, I see that.
 2        Q.    And it says:  Positive revenue
 3   but not experiments not honoring their
 4   settings, in parentheses, e.g., clearing
 5   below floors.
 6              And then second bullet says:
 7   Buyers, inflated prices and not behaving as
 8   they expect, and in parentheses, e.g., win
 9   below given floor, clear at bid.
10              Do you see that?
11        A.    Yes, I see those statements.
12        Q.    To the best of your knowledge,
13   in the first bullet that says experiments not
14   honoring their settings, what does that mean?
15              MR. McCALLUM:  Objection,
16        scope.
17        A.    I do not know.  I'm not sure
18   what experiments this is referring to, so
19   it's hard for me to respond other than what's
20   on this page.  It says clearing below floor
21   prices, so that's what I would assume.
22   BY MS. PENA-GONZALEZ:
23        Q.    With respect to RPO and DRS,
24   did Google ever disclose either of the risks
25   cited in these two bullet points?
```

Page 199

```
 1            MR. McCALLUM:  Object to the
 2      form.
 3      A.    So like I said in the past, in
 4  previous statements, for DRS and RPO, we
 5  explained on our announcements in our blog
 6  posts, as well as in help center, how exactly
 7  the product and solutions worked so that
 8  publishers knew how that would impact their
 9  settings and their businesses.
10            We did not use these words that
11  you have listed.  As I mentioned before,
12  changing of floor prices may create a
13  situation where a buyer is paying more
14  because the floor price is going up, as in
15  the case for RPO.  But like I said, we did
16  not use these specific words.  We did explain
17  how the product solutions work.
18            MS. PENA-GONZALEZ:  I'm going
19      to object as nonresponsive.
20  BY MS. PENA-GONZALEZ:
21      Q.    Outside of these specific
22  words, did Google ever disclose either of
23  these risks to publishers and buyers?
24            MR. McCALLUM:  Object to the
25      form.
```

HIGHLY CONFIDENTIAL

Page 200

```
 1        A.     I guess in this case, these are
 2   risks -- or these are bullet points in
 3   relation to these experiments.  I guess I
 4   don't know what experiments these are
 5   referring to, so I don't even know if those
 6   experiments were running on publisher
 7   inventory.  It's hard for me to answer that
 8   we used these bullets or communicated this to
 9   our customers.
10   BY MS. PENA-GONZALEZ:
11        Q.     For DRS, did Google communicate
12   either of these two points to publishers or
13   buyers?
14              MR. McCALLUM:  Objection, form.
15        A.     I'm sorry.  These -- like I
16   said, these risks are in a document for any
17   number of experiments.  I don't know if this
18   was even in the discussion for DRS.  If you
19   could show me, I mean, where -- (audio
20   malfunction) --
21              (Clarification requested by the
22        stenographer.)
23        A.     Yes.  If you could show me
24   something in the DRS document that I can help
25   answer.  Like I said, these bullets are part
```

```
                                                    Page 392
 1                        CERTIFICATE
 2              I, MICHAEL E. MILLER, Fellow of
    the Academy of Professional Reporters,
 3  Registered Diplomate Reporter, Certified
    Realtime Reporter, Certified Court Reporter
 4  and Notary Public, do hereby certify that
    prior to the commencement of the examination,
 5  ███████████████████ was duly sworn by me to
    testify to the truth, the whole truth and
 6  nothing but the truth.
 7              I DO FURTHER CERTIFY that the
    foregoing is a verbatim transcript of the
 8  testimony as taken stenographically by and
    before me at the time, place and on the date
 9  hereinbefore set forth, to the best of my
    ability.
10
                I DO FURTHER CERTIFY that pursuant
11  to FRCP Rule 30, signature of the witness was
    not requested by the witness or other party
12  before the conclusion of the deposition.
13              I DO FURTHER CERTIFY that I am
    neither a relative nor employee nor attorney
14  nor counsel of any of the parties to this
    action, and that I am neither a relative nor
15  employee of such attorney or counsel, and
    that I am not financially interested in the
16
17       [signature]
18
    MICHAEL E. MILLER, FAPR, RDR, CRR
19  Fellow of the Academy of Professional Reporters
    NCRA Registered Diplomate Reporter
20  NCRA Certified Realtime Reporter
    Certified Court Reporter
21  Notary Public
22
23  Dated: May 16, 2024
24
25
```