# APPENDIX B

## Jurisdictional and Venue Provisions

| State | Jurisdictional or Venue Provision |
|---|---|
| **Alaska** | An "action *may be brought* in the superior court." Alaska Stat. § 45.50.501(a) (emphasis added). |
| **Arkansas** | "Every person subject to liability under [the DTPA] shall be deemed . . . to [be] subject the person to the personal jurisdiction of the circuit court hearing an action brought pursuant to this chapter." Ark. Code Ann. § 4-88-113(d)(3). This provision gives the circuit court personal jurisdiction to the extent permitted by the Fourteenth Amendment. |
| **Idaho** | "If the person does not reside in or have a principal place of business in this state, the action *may be brought* in any district court in this state." Idaho Code § 48-606(2) (emphasis added); *see also* Brett T. Delange, *The Idaho Competition Act: Fostering Competition in the 21st Century*, 43 Advocate 11, 15 (2000) (describing Section 48-606(2) as venue statute). |
| **Kentucky** | "The action *may be brought* in the Circuit Court of the county in which such person resides or has his principal place of business or in the Circuit Court of the county in which the method, act or practice declared by [the DTPA] to be unlawful has been committed or is about to be committed." Ky. Rev. Stat. Ann. § 367.190(1) (emphasis added). *See Bayer Corp. v. Shepherd*, No. 2017-SC-000376-MR, 2018 WL 898652, at *3 (Ky. Feb. 15, 2018) (per curiam) (statute goes to subject-matter jurisdiction). |
| **Louisiana** | "[N]o provision of any contract which purports to waive these provisions of *venue*, or to waive or select venue or jurisdiction in advance of the filing of any civil action, may be enforced against any plaintiff in an action brought in these courts." La. Stat. Ann. § 51:1407(A) (emphasis added). |
| **Mississippi** | "The action shall be brought in the chancery or county court of the county in which such person resides or has his principal place of business." Miss. Code Ann. § 75-24-9; *but see Purdue Pharma L.P. v. State*, 256 So. 3d 1, 5 (Miss. 2018) (finding this venue provision does not apply to foreign defendants). |
| **Missouri** | "Any action under this section *may be brought* in the county in which the defendant resides, in which the violation alleged to have been committed occurred, or in which the defendant has his principal place of business." Mo. Ann. Stat. § 407.100.7 (emphasis added); *see also State v. Beer Nuts, Ltd.*, No. 974-2076, 13-14 (Mo. Cir. Mar. 31, 1999) (holding that the statute gave the court subject-matter jurisdiction); Brief of Attorney General of Missouri as Amicus Curiae, 2006 WL 3917341, at *8-9, *Gibbons v. J. Nuckolls, Inc.*, 216 S.W.3d 667 (Mo. 2007) (No. SC88023) (averring that the statute is a venue provision). |

| State | Jurisdictional or Venue Provision |
|---|---|
| **Montana** | "An action under this section may be brought in the district court in the county in which a person resides or has the person's principal place of business or in the district court of Lewis and Clark County if the person is not a resident of this state or does not maintain a place of business in this state." Mont. Code Ann. § 30-14-111(3); *see also* Compl. ¶ 8, *State v. Airtel Wireless, LLC*, 2009 WL 1897146 (Mont. Dist. June 5, 2009) (No. BDV2009517) (averring the statute covers jurisdiction and venue). |
| **Nevada** | The title of the relevant statute is: "Actions by district attorney: *Venue*; powers of court." Nev. Rev. Stat. § 598.0989 (emphasis added); *see also* Compl. ¶ 2, *State v. Wyeth, Wyeth Pharms. Inc.*, 2010 WL 7765531 (Nev. Dist. Feb. 26, 2010) (No. A575980) (averring statute covers venue). |
| **North Dakota** | "The attorney general may bring an action in district court to recover penalties under this section." N.D. Cent. Code. § 51-15-07; *see also State v. Rosene*, No. 09-2018-CV-00948, 2019 WL 6043546, ¶ 3 (N.D. Dist. Apr. 18, 2019) (statute governs personal and subject-matter jurisdiction) |
| **Puerto Rico** | "The Court of First Instance is hereby vested with *jurisdiction* to prevent, prohibit, enjoin and punish violations of [Puerto Rico's statute.]" P.R. Laws Ann. tit. 10, § 269 (emphasis added). |
| **South Carolina** | "The action may be brought in the court of common pleas in the county in which such person resides, has his principal place of business or conducts or transacts business." S.C. Code Ann. § 39-5-50(a); *see also,* Am. Compl. ¶ 31, *State ex rel. Wilson v. Purdue Pharma L.P.*, 2018 WL 8967237 (S.C. Com. Pl. Apr. 10, 2018) (No. 2017CP4004872) (listing statute as one covering venue). |
| **South Dakota** | The title of the relevant section is "*Venue* of actions for injunction—Relief Granted." S.D. Codified Laws § 37-24-25 (emphasis added). |
| **Texas** | "An action brought under [the Texas DTPA] which alleges a claim to relief under this section may be commenced in the district court." Tex. Bus. & Com. Code Ann. § 17.47(b); *see also State v. Life Partners, Inc.*, 243 S.W.3d 236, 240-41 (Tex. App. 2007) (statute covers venue); Genevieve Herbert Fajardo & Ramona L. Lampley, 27 *Tex. Prac., Consumer Rights & Remedies* § 1.33 (3d ed. Mar. 2024 update) (statute goes to venue). |
| **Utah** | The Division of Consumer Protection's authority extends where "transactional resources," *e.g.*, "internet connection[s]," are "located within the state are used directly or indirectly to facilitate a violation or attempted violation." Utah Code Ann. §§ 13-2-6(4)(a) and (b). The Utah DTPA's authorization for the Division to bring actions "in a court of competent jurisdiction," *id.* § 13-11-17(1), does not preclude seeking state law remedies in federal district courts. *See, e.g.*, *FTC v. Zurixx, LLC*, No. 2:19-CV-713-DAK-DAO, 2021 WL 5179139, at *7 (D. Utah Nov. 8, 2021). |