# APPENDIX C

## Requirements of Proof in DTPA Public Enforcement Actions

| State | Requirements of Proof in DTPA Public Enforcement Actions |
|---|---|
| **Alaska** | *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 534-35 (Alaska 1980) ("An act or practice is deceptive or unfair if it has the capacity or tendency to deceive. Actual injury as a result of the deception is not required." (citations omitted)). |
| **Arkansas** | *Wallis v. Ford Motor Co.*, 208 S.W.3d 153, 161 (Ark. 2005) (attorney general may sue if consumers suffered some "ascertainable loss" while private parties can sue only if there is "actual damage or injury" (cleaned up)). |
| **Florida** | *Off. of Att'y Gen. v. Bilotti*, 267 So. 3d 1, 3 (Fla. App. 2019) (Attorney General need not show consumer harm in DTPA injunctive actions); *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. App. 2000) (Florida's DTPA "does not require subjective evidence of reliance."); *Taubert v. State, Off. of Att'y Gen.*, 79 So. 3d 77, 80 (Fla. App. 2011) (Attorney General need not identify aggrieved consumers). |
| **Idaho** | *State ex rel. Kidwell v. Master Distributors, Inc.*, 615 P.2d 116, 123 (Idaho 1980) ("Actual damage to the public need not be shown to establish a trade practice as unfair or deceptive if it is shown that the practice possesses a tendency or capacity to deceive." (citation omitted)). |
| **Indiana** | *Hoosier Contractors, LLC v. Gardner*, 212 N.E.3d 1234, 1242 (Ind. 2023) (although a consumer must suffer actual damages to sue, "[t]he attorney general retains enforcement authority to seek any number of statutory remedies against those that violate the Act, including obtaining injunctions and securing civil penalties"). |
| **Kentucky** | *Commonwealth ex rel. Stephens v. N. Am. Van Lines, Inc.*, 600 S.W.2d 459, 461 (Ky. App. 1979) ("[T]he plain wording of the Act authorizes the Attorney General to proceed on behalf of the Commonwealth in his law enforcement authority when (1) he has reason to believe that any person is using, has used or is about to use any method, act or practice declared to be unlawful, and (2) that said proceeding would be in the public interest. . . . [T]here are no other express restrictions to limit the nature of the activities against which he may proceed."). |
| **Louisiana** | *Reed v. Allison & Perrone*, 376 So. 2d 1067, 1069 (La. App. 1979) (differing from what private parties must prove, "the attorney general [is entitled to] injunctive relief on showing that the defendant is using, has used, or is about to use any method, act or practice declared unlawful."). |

| State | Requirements of Proof in DTPA Public Enforcement Actions |
|---|---|
| **Mississippi** | "Mississippi does not require a finding of fraud for an act to be deemed unfair or deceptive." *In re Mississippi Medicaid Pharm. Average Wholesale Price Litig.*, 190 So. 3d 829, 841 (Miss. 2015) (citation omitted); *see also Watson Lab'ys, Inc. v. State*, 241 So.3d 573, 589 (Miss. 2018) (elements of fraud "not required to establish a violation of the Mississippi Consumer Protection Act." (citation omitted)); *see also State ex rel. Fitch v. Yazaki N. Am., Inc.*, 294 So. 3d 1178, 1186-87 (Miss. 2020) (explaining that the only prerequisite for a suit is proof that deceptive practice may happen in the future). |
| **Missouri** | *State ex rel. Webster v. Milbourn*, 759 S.W.2d 862, 864 (Mo. App. 1988) (to obtain an injunction, Attorney General need prove only that a deceptive act occurred, is occurring, or will occur). |
| **Montana** | *Tripp v. Jeld-Wen, Inc.*, 112 P.3d 1018, 1026 (Mont. 2005) ("[T]he purpose of the MCPA is to protect the public from unfair or deceptive practices." (cleaned up)). |
| **Nevada** | *State ex rel. Off. of Att'y Gen., Bureau of Consumer Prot. v. NOS Commc'ns, Inc.*, 84 P.3d 1052, 1054-55 (Nev. 2004) (per curiam) (Attorney General need not show harm to obtain an injunction under statute). |
| **North Dakota** | N.D. Cent. Code § 51-15-02 (deceptive acts unlawful "whether or not any person has in fact been misled, deceived, or damaged thereby"). |
| **Puerto Rico** | *Aguadilla Paint Ctr. v. Esso*, 83 P.R. Offic. Trans. 44 (2011) ("Section 3(a) of the Antitrust Act provides that '[u]nfair methods of competition, and unfair or deceptive acts or practices in trade or commerce' are unlawful."). |
| **South Carolina** | *State ex rel. Wilson v. Ortho-McNeil-Janssen Pharms., Inc.*, 777 S.E.2d 176, 189 (S.C. 2015) ("[I]n an enforcement action brought by the Attorney General, there is no actual impact requirement." (citation omitted)). |
| **South Dakota** | *State v. W. Cap. Corp.*, 290 N.W.2d 467, 473 (S.D. 1980) ("[I]t is not necessary that the State show actual damage suffered in order to recover."). |
| **Texas** | *Texas v. Colony Ridge, Inc.*, No. H-24-0941, 2024 WL 4553111, at *7 (S.D. Tex. Oct. 11, 2024) ("The presence of a consumer, or an injury to a consumer, is not required when the State initiates a DTPA lawsuit."). |
| **Utah** | *Andreason v. Felsted*, 137 P.3d 1, 5 (Utah App. 2006) (actual damages are not required to sue under statute); *Johnson v. Blendtec, Inc.*, 500 F. Supp. 3d 1271, 1294 (D. Utah 2020) ("Actual reliance on the statement need not be shown the statement need only form a 'part of the basis of the bargain.'" (quoting *Div. of Consumer Prot. v. GAF Corp.*, 760 P.2d 310, 311, 315 (Utah 1988)) (cleaned up)). |