# APPENDIX D

## Willfulness and Intent Requirements

| State | Willfulness or Intent Requirement |
|---|---|
| **Alaska** | Alaska "need not prove that the defendant intended to deceive; it is enough to show that the acts and practices were capable of being interpreted in a misleading way. Hence, an act or practice can be unfair without being deceptive." *Kenai Chrysler Ctr., Inc. v. Denison*, 167 P.3d 1240, 1255 (Alaska 2007) (cleaned up). |
| **Florida** | To obtain civil penalties, Florida need only show that Google "knew or should have known that [its] conduct was unfair or deceptive or prohibited by rule." Fla. Stat. § 501.2075. |
| **Kentucky** | Civil penalties may be assessed "if the court finds that a person is willfully using or has willfully used a method, act, or practice declared unlawful by KRS 367.170." Ky. Rev. Stat. Ann. § 367.990(2). "[A] willful violation . . . [occurs] where there is proof of a conscious wrong or evil purpose on part of the act, or at least inexcusable carelessness whether the act is right or wrong." *Am. Nat'l Univ. of Kentucky, Inc. v. Commonwealth ex rel. Beshear*, No. 2018-CA-000610-MR, 2019 WL 2479608, at *4 (Ky. App. June 14, 2019) (quotation marks omitted). |
| **Louisiana** | Louisiana must prove "intent to defraud" to recover civil penalties. La. Stat. Ann. § 51:1407(B). In Louisiana, "[i]ntent means that the actor either (1) consciously desires the physical result of his actions or (2) knows that the result is substantially certain to follow from his actions." *Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 213 n.3 (La. 1999). |
| **Mississippi** | To recover civil penalties, Mississippi must show that Google "knowingly and willfully used any unfair or deceptive trade practice." Miss. Code. Ann. § 75-24-19(1)(b). But in Mississippi "willfully means knowingly." *Moore v. State*, 676 So.2d 244, 246 (Miss.1996) (cleaned up). |
| **Montana** | To obtain civil penalties, Montana must prove Google acted willfully. *See* Mont. Code Ann. § 30-14-142(2). "Willfully, when applied to the intent with which an act is done or omitted, means a purpose or willingness to commit the act or make the omission referred to. It does not require any intent to violate the law, to injure another, or to acquire any advantage." *Id.* § 1-1-204(5) (cleaned up). |

| State | Willfulness or Intent Requirement |
|---|---|
| **Nevada** | Nevada's DTPA claims only require that Google acted "knowingly," which is a low threshold that does not require a defendant to even be aware of the prohibition, but simply requires the defendant to be aware of the conduct that constitutes the violation. *Poole v. Nev. Auto Dealership Invs., LLC,* 449 P.3d 479, 483 (Nev. App. 2019). The "willful" engagement in a deceptive trade practice only pertains to the award of civil penalties. Nev. Rev. Stat. § 598.0999(2). Even if the Court applies the construction of "willful" in criminal cases, this requirement is met if Google acted "intentionally, deliberately or designedly" and not "accidentally, inadvertently, or innocently." *Robey v. State*, 611 P.2d 209, 210 (Nev. 1980) (citations omitted). However, Nevada's DTPA is a remedial statute and should be construed broadly to accomplish its beneficial intent. *R.J. Reynolds Tobacco Co. v. Eighth Jud. Dist. Ct. in and for Cnty. of Clark*, 514 P.3d 425, 430 (Nev. 2022) (citation omitted). Thus, public policy favors construing the "willful" requirement in Nev. Rev. Stat. § 598.0999(2) to be commensurate with the knowledge required to find a DTPA violation, rather than imposing a higher standard to deter the conduct that has been found to be a violation. |
| **North Dakota** | North Dakota need prove only that Google used "any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon . . . , *whether or not any person has in fact been misled, deceived, or damaged*." N.D. Cent. Code § 51-15-02 (emphasis added). This just requires a showing that Google did not act accidentally. *Cf. id.* § 12.1-02-02(1)(a) (one acts intentionally "when he engages in the conduct, it is his purpose to do so"). |
| **South Carolina** | To recover civil penalties, South Carolina must prove that Google "is willfully using or has willfully used a method, act or practice declared unlawful by" the DTPA. S.C. Code 39-5-110(a). The DTPA "standard of willfulness [is] different from the common law standard." *State ex rel. Medlock v. Nest Egg Soc. Today, Inc.*, 348 S.E.2d 381, 384 (S.C. App. 1986). Under the DTPA, "conduct is 'willful' if the defendant 'should have known' it violates" the DTPA. *Id.* So "[t]he standard is not one of actual knowledge, but of constructive knowledge. If, in the exercise of due diligence, a person of ordinary prudence engaged in trade or commerce could have ascertained that his conduct violates the [DTPA], then such conduct is 'willful' within the meaning of the" DTPA. *Id.* |
| **South Dakota** | South Dakota must show Google "is intentionally using or has intentionally used an act or practice declared to be unlawful" under the DTPA. S.D. Codified Laws § 37-24-27. "For the purposes only of actions brought by the attorney general . . . , the engaging in an act or practice declared to be unlawful by § 37-24-6 shall be *prima facie* evidence that the act or practice was engaged in knowingly and intentionally." *Id.* § 37-24-8. |

| State | Willfulness or Intent Requirement |
|-------|-----------------------------------|
| **Texas** | Google violated the DTPA if it "fail[ed] to disclose information concerning goods or services which was known at the time of the transaction" with the "inten[t] to induce" a transaction that otherwise would not have occurred. Tex. Bus. & Com. Code Ann. § 17.46(b)(24). Private litigants must make this showing. *Id.* §§ 17.46(d), 17.50(a)(1). But the Texas Attorney General is "not limited" by that requirement. *Id.* § 17.46(b). |
| **Utah** | The DTPA standard is disjunctive and requires either knowledge *or* intent. Utah Code Ann. § 13-11-4(2); *see also Gallegos v. LVNV Funding LLC*, 169 F. Supp. 3d 1235, 1245 (D. Utah 2016) (declining to enter summary judgment on DTPA deception claim where genuine issue of material facts existed as to defendant's knowledge or intent). |