# APPENDIX E

## Statutes of Limitations

| State | Statute of Limitations |
|---|---|
| **Alaska** | "Except as provided in AS 09.10.075, an action brought in the name of or for the benefit of the state, any political subdivision, or public corporation may be commenced only within six years after the date of accrual of the cause of action." Alaska Stat. § 09.10.120(a). |
| **Arkansas** | "Any civil action brought to enforce the provisions of this chapter may be brought . . . during a period of five (5) years commencing on the date of the occurrence of the violation or the date upon which the cause of action arises." Ark. Code Ann. § 4-88-115. |
| **Florida** | "No action may be brought by the enforcing authority under this section more than 4 years after the occurrence of a violation of this part or more than 2 years after the last payment in a transaction involved in a violation of this part, whichever is later." Fla. Stat. § 501.207(5). |
| **Idaho** | "An action for relief not hereinbefore provided for must be commenced within four (4) years after the cause of action shall have accrued." Idaho Code § 5-224. |
| **Indiana** | "An action brought [by the attorney general to enjoin a deceptive act] may not be brought more than five (5) years after the occurrence of the deceptive act." Ind. Code § 24-5-0.5-5(b). |
| **Kentucky** | The statute of limitations is five years. Ky. Rev. Stat. Ann. §§ 413.120(2) and (3); 413.150. This period begins to run from the time when facts exist that authorize one party to maintain an action against another. *See Corder v. Ethicon, Inc.*, 473 F. Supp. 3d 749, 770 (E.D. Ky. 2020 (citation omitted). |
| **Louisiana** | Louisiana does not have a limitations period applicable to DTPA public enforcement actions. La. Const. art. XII, § 13. |
| **Mississippi** | Mississippi does not have a limitations period applicable to DTPA public enforcement actions. *Mississippi ex rel. Fitch v. Eli Lilly & Co.*, No. 3:21-cv-674, 2022 WL 18401603, at *2 (S.D. Miss. Aug. 29, 2022) ("The State correctly notes that the statute of limitations does not run against the State in Mississippi. *See* Miss. Code Ann. § 15-1-51."). |
| **Missouri** | "An action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state" must be brought within three years. Mo. Ann. Stat. § 516.130(2). |
| **Montana** | The statute of limitations is five years. *See* Mont. Code Ann. §§ 27-2-211 (1)(c)(i), 27-2-231. |
| **Nevada** | Currently, "[t]here is no limitation on the time in which an action brought by the Attorney General against a person alleged to have committed a deceptive trade practice in violation of NRS 598.0903 to 598.0999, inclusive, other than a deceptive trade practice of the type described in NRS 598.09235, may be commenced." Nev. Rev. Stat. § 11.245. Before October 1, 2021, the statute of limitations was four years. Nev. Rev. Stat. § 11.190(2)(d) (2020). |

| State | Statute of Limitations |
|---|---|
| **North Dakota** | Currently, "[n]otwithstanding chapter 28-01, an action for relief under this chapter is barred if the claim is not commenced within four years after the claim for relief accrues. The period of limitation for a claim for relief may not be deemed to have accrued until the aggrieved party discovers the facts constituting the violation of this chapter." N.D. Cent. Code § 51-15-12. Before April 9, 2021, the statute of limitations was two years. N.D. Cent. Code § 28-01-18(2) (2020). |
| **Puerto Rico** | *Estado Libre Asociado de Puerto Rico v. Walgreen of Puerto Rico, Inc.*, No. 1000038644, 2009 WL 5842248, at *19 (P.R. Cir. Aug. 27, 2009) ("[W]e conclude that the criminal action for violation of the Closure Law and the Monopoly Law are the most analogous to administrative actions for violation of each law, so the statute of limitations applicable to the complaint before the DACO is one (1) year for violating the Closure Law and four (4) years for the Monopolies Law." (translation by the Plaintiff States' counsel)) |
| **South Carolina** | "No action may be brought under this article more than three years after discovery of the unlawful conduct which is the subject of the suit." S.C. Code Ann. § 39-5-150. |
| **South Dakota** | "No action under this chapter may be brought more than four years after the occurrence or discovery of the conduct which is the subject of the action." S.D. Codified Laws § 37-24-33. |
| **Texas** | Texas does not have a limitations period applicable to DTPA public enforcement actions. *See Brown v. Sneed*, 14 S.W. 248, 251 (Tex. 1890). |
| **Utah** | Currently, the Utah DTPA has a five-year statute of limitations. Utah Code Ann. § 13-2-6(6)(B) ("A civil action filed under this chapter or a chapter listed in Section 13-2-1 shall be commenced no later than five years after the day on which the alleged violation occurs"); *id.* § 13-2-1 (listing Chapter 11); *id.* § 13-11-4(1) (giving rise to cause of action); *id.* § 13-11-17 (authorizing suit). Before May 8, 2018, the statute of limitations was one year. Utah Code Ann. §§ 78B-2-302(2), 13-11-17(6) (2017). |