**Appendix F**

**Tolling Doctrines for DTPA Claims**

| State | Tolling Doctrine | Authority |
|---|---|---|
| **Alaska** | Discovery Rule | Alaska Stat. § 09.10.120(a) ("However, if the action is for relief on the ground of fraud, the limitation commences *from the time of discovery* by the aggrieved party of the facts constituting the fraud." (emphasis added)); *Jones v. Westbrook*, 379 P.3d 963, 969-70 (Alaska 2016) (applying the Discovery Rule to DTPA claim). |
| | Equitable Estoppel | *Kaiser v. Umialik Ins.*, 108 P.3d 876, 880 (Alaska 2005) ("When a defendant's wrongful conduct lulls a plaintiff into inaction or otherwise induces him to delay filing a claim until the limitation period has run, the defendant is equitably estopped from invoking the statute." (cleaned up)). |
| | Continuing Violations Doctrine | *Reich v. Cominco Alaska, Inc.*, 56 P.3d 18, 25-26 (Alaska 2002) ("The continuing violations doctrine allows plaintiffs to establish an ongoing tort through incidents that occurred before the statute of limitations period and that continued into the limitations period." (citations omitted)). |
| **Arkansas** | Fraudulent Concealment | Ark. Code Ann. § 4-75-217(b) ("The statute of limitations . . . of this section shall be tolled during any period when the defendant in any action fraudulently concealed the events upon which the cause of action is based."). |
| **Florida** | Fraudulent Concealment | *Fla. Dept of Health & Rehab. Servs. v. S.A.P.*, 835 So. 2d 1091, 1097 (Fla. 2002) (fraudulent concealment suspends the statute of limitations in tort actions); *In re Auto. Parts Antitrust Litig.*, No. 2:13-cv-00505, 2015 WL 1849138, at *4-5 (E.D. Mich. Apr. 22, 2015) (fraudulent concealment available to toll statute of limitations). |
| **Idaho** | Discovery Rule | *Performance Chevrolet, Inc. v. Market Scan Info. Sys., Inc.*, 402 F. Supp. 2d 1166, 1171-72 (D. Idaho 2005) (applying the Discovery Rule to DTPA claim). |
| | Continuing Violations Doctrine | *Performance Chevrolet, Inc.*, 402 F. Supp. 2d at 1171-72 (applying Continuing Violations Doctrine to DTPA claim). |

| State | Tolling Doctrine | Authority |
|---|---|---|
| **Indiana** | Fraudulent Concealment | Ind. Code § 34-11-5-1 ("If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action."); *Carroll v. BMW of N. Am., LLC*, 553 F. Supp. 3d 588, 613-14 (S.D. Ind. 2021) (holding DTPA statute of limitations can be tolled for fraudulent concealment). |
| | Equitable Estoppel | *Carroll*, 553 F. Supp. 3d at 615 (holding that parties can be equitably estopped from asserting DTPA statute of limitations defense). |
| | Continuing Violations Doctrine | *State v. Classic Pool & Patio, Inc.*, 777 N.E.2d 1162, 1166 (Ind. App. 2002) ("where . . . allegedly deceptive acts occur during a transaction that takes place over the course of more than one day, the statute of limitations is triggered by the date of each occurrence"). |
| **Kentucky** | Continuing Violations Doctrine | *Corder v. Ethicon, Inc.*, 473 F. Supp. 3d 749, 770 (E.D. Ky. 2020) (recognizing the Continuing Violations Doctrine for DTPA claims). |
| **Missouri** | Discovery Rule | Mo. Ann. Stat. § 516.120(5) ("An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud."); *Ulrich v. CADCO, Inc.*, 244 S.W.3d 772, 778 (Mo. App. 2008) (applying the Discovery Rule to DTPA claim). |
| **Montana** | Discovery Rule | Mont. Code Ann. § 27-2-102(3)(a) ("The period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim *have been discovered* or, in the exercise of due diligence, should have been discovered by the injured party if[ ]the facts constituting the claim are by their nature concealed or self-concealing." (emphases added)); *id.* § 27-2-203 (a cause of action based on "fraud or mistake" is "not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake"). |
| | Fraudulent Concealment | *Hein v. Sott*, 353 P.3d 494, 498 (Mont. 2015) ("However, if a defendant 'has taken action which prevents the injured party from discovering an injury or its cause,' the limitations period does not begin 'until the facts constituting the claim have been discovered or . . . should have been discovered.'") (cleaned up) (quoting Mont. Code Ann. § 27-2-102(3)(b)). |

2

| State | Tolling Doctrine | Authority |
|---|---|---|
| **Nevada** | Discovery Rule | Nev. Rev. Stat. § 11.190(2)(d) ("[B]ut the cause of action shall be deemed to accrue *when the aggrieved party discovers, or by the exercise of reasonable diligence should have discovered, the facts constituting the deceptive trade practice.*" (emphasis added)); *U.S. Bank Nat'l Ass'n v. Fidelity Nat'l Title Grp., Inc.*, No. 2:21-cv-0257-JAD-EJY, 2022 WL 1665212, at *3 (D. Nev. May 24, 2022) (applying the Discovery Rule to a DTPA claim). |
| **North Dakota** | Discovery Rule | *Mertz v. 999 Quebec, Inc.*, 780 N.W.2d 446, 452 (N.D. 2010) (North Dakota recognizes the discovery rule); *see also* N.D. Cent. Code § 51-15-12 ("The period of limitation for a claim for relief may not be deemed to have accrued *until the aggrieved party discovers the facts* constituting the violation of this chapter." (emphasis added)). |
| **Puerto Rico** | Discovery Rule | *Sanchez et al. v. A.E.E.*, 142 P.R. Offic. Trans. 880 (1997) ("This is so because under the discovery rule that governs in our jurisdiction . . ., the statute of limitations of a cause of action begins to run as of the moment the victim of such damage learns of the same and is in a position to exercise the pertinent cause of action." (citations omitted)). |
| **South Carolina** | Discovery Rule | S.C. Code Ann. § 39-5-150 ("No action may be brought under this article more than three years *after discovery of the unlawful conduct* which is the subject of the suit." (emphasis added)); *State ex rel. Wilson v. Ortho-McNeil-Janssen Pharms., Inc.*, 777 S.E.2d 176, 198 (S.C. 2015) ("Under the discovery rule, the three-year clock starts ticking on the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from wrongful conduct."). |
| | Continuing Violations Doctrine | *Ortho-McNeil-Janssen Pharms., Inc.*, 777 S.E.2d at 200 (DTPA "statute of limitations begins to run anew with each violation. Thus, where a claim involves a series of ongoing violations, recovery is limited to a period coextensive with the applicable statute of limitations."). |
| | Fraudulent Concealment | *See Roof v. Swanson*, 543 S.E.2d 278, 280 (S.C. App. 2001) (South Carolina recognizes that a statute of limitations is tolled by fraudulent concealment). |
| | Equitable Tolling | *Magnolia North Prop. Owners' Ass'n, Inc. v. Heritage Comms, Inc.*, 725 S.E.2d 112, 125 (S.C. App. 2012) ("The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other. Equitable tolling may be applied where it is justified under all the circumstances." (cleaned up)). |

| State | Tolling Doctrine | Authority |
|---|---|---|
| **South Dakota** | Discovery Rule | S.D. Codified Laws § 37-24-33 ("No action under this chapter may be brought more than four years after the occurrence *or discovery of the conduct* which is the subject of the action." (emphasis added)); *see also Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, 908 F.3d 313, 340-41 (8th Cir. 2018) (applying the Discovery Rule to DTPA claim). |
| **Utah** | Discovery Rule | *See McBroom v. Child*, 392 P.3d 835, 845 (Utah 2016) (The Discovery Rule applies when it "would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action" to allow a statute of limitations to run because the plaintiff had not discovered the illegal act. (quotation omitted)). |
| | Fraudulent Concealment | *Miller v. Corinthian Colls., Inc.*, 769 F. Supp. 2d 1336, 1341 (D. Utah 2011) ("Under Utah law, a statute of limitations may be tolled where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct." (citing *Russell Packard Dev., Inc. v. Carson,* 108 P.3d 741, 747 (Utah 2005)). |
| | Continuing Violations Doctrine | *Pinder v. Duchesne Cnty. Sheriff*, 478 P.3d 610, 626 (Utah 2020) (noting that the "continuing tort doctrine" "tolls the statute of limitations while tortious conduct continues unabated" (cleaned up)); *Miller,* 769 F. Supp. 2d at 1341. |