# EXHIBIT 125

# In the Matter Of:

*USA v*

*GOOGLE*

*CHRIS LASALA*

*August 17, 2023*



419

```
 1

 2   UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF VIRGINIA
 3   ------------------------------------------X
     UNITED STATES OF AMERICA, et al.,
 4
                              PLAINTIFF,
 5
             -against-
 6
     GOOGLE LLC,
 7
                              DEFENDANT.
 8
     Civil 1:23-cv-00108
 9   ------------------------------------------X

10   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
11   ------------------------------------------X
     In Re: Google Digital Advertising Antitrust
12   Litigation

13
     1:21-MD-3010 (S.D.N.Y.)
14
     ------------------------------------------X
15          ***HIGHLY CONFIDENTIAL***

16          VOLUME II

17
            DEPOSITION OF CHRIS LASALA
18             Trumbull, Connecticut

19          Thursday, August 17, 2023

20

21

22   Reported by:

23   Rebecca Schaumloffel, RPR, CLR

24   JOB #:  2023-906734

25   TIME:  7:03 a.m. Eastern
```

1

2  A P P E A R A N C E S:

3

4  U.S. DEPARTMENT OF JUSTICE
        Antitrust Division
5       950 Pennsylvania Avenue
        Washington, DC 20530
6       BY:  DAVID TESLICKO, ESQ.
             JULIA WOOD, ESQ., (Zoom)
7

8

9
   AXINN, VELTROP & HARKRIDER, LLP
10      Attorneys for Google
        1901 L Street NW
11      Washington, DC 20036
        BY:  DANIEL BITTON, ESQ.
12           DAVID PEARL, ESQ.

13

14

15
   PAUL WEISS, RIFKIND, WHARTON & GARRISON,
16 LLP
        Attorneys for Google
17      2001 K Street NW
        Washington, DC 20006
18      BY:  JOSEPH BIAL, ESQ.

19

20

21
   BERGER MONTAGUE
22      Attorneys for Publisher Class
        1818 Market Street, Suite 3600
23      Philadelphia, Pennsylvania 19103
        BY:  PATRICK F. MADDEN, ESQ.

24

25

Appearances (continued:)

AHDOOT WOLFSON
    Attorneys for Advertiser Class
    2600 W. Olive Avenue
    Burbank, California 91505
    BY:   THEODORE W. MAYA, ESQ.

KOREIN TILLERY
    Attorneys for Publisher Class
    505 North 7th Street
    Suite 3600
    St. Louis, Missouri 63101
    BY:   ANDREW ELLIS, ESQ.

ALSO PRESENT:

    Alex Bergersen, Esq., in-house, Google
    Lem Lattimer, Lexitas videographer

    ZOOM PARTICIPANTS:

    Deane Carstensen, Lexitas
    Abhihek Mukund, Esq., Connecticut Attorney General
    Jonathan Wilkerson
    Zeke DeRose III, Esq., Lanier Law Firm
    Cuong Pham

    *          *          *

482

1        C. LASALA

2 value of offering a platform needs to be

3 measured in terms of lift and added value

4 over a hypothetical Buyside only offering.

5 While a conclusive study to measure this

6 precisely is very difficult to do (partners

7 mostly use only one platform at a time.

8 Platform deals are often intertwined with

9 inventory access deals making true

10 counterfactual studies very difficult, etc),

11 we do have a lot of evidence of value this

12 has added for us over the years."

13        Do you see that?

14    A.   I do.

15    Q.   Is Google Ad Manager a platform as

16 that term is used here?

17    A.   We use that phrase "platform" for

18 Ad Manager.

19    Q.   And so publishers using Google Ad

20 Manager will mostly only use Google Ad

21 Manager, right?

22        MR. BITTON:  Objection to form.

23    Lacks foundation.

24    A.   Repeat the question, please.

25    Q.   So publishers using Google Ad

Case 4:20-cv-00957-SDJ   Document 746-5   Filed 12/30/24   Page 7 of 8 PageID #:
48346
USA v GOOGLE                    Highly Confidential                    Chris LaSala
                                                                      August 17, 2023

483

1                       C. LASALA

2    Manager will mostly only use Google Ad

3    Manager, right?

4              MR. BITTON:  Objection to form.

5         A.   I think it is most common for a

6    publisher to implement a single ad server,

7    whether it's Google's or someone else.  There

8    are small instances where they would do both.

9         Q.   And Google Ad Manager is an

10   example of where the platform deal is

11   intertwined with inventory access; is that

12   fair?

13             MR. BITTON:  Objection to form.

14        A.   So, you know, just reacting to the

15   statement, what that means is we would -- it

16   is possible to have closed or negotiated a

17   deal with a publisher to have used our

18   platform the way we're talking about it, so

19   the ad server, but that, by no means,

20   requires the publisher to then call AdX

21   demand as part of the negotiated deal to run

22   the ad server.

23             So they would be different

24   discussions.  So like the word "intertwined"

25   is not something I agree with because we

666

1

2      C E R T I F I C A T E

3

4   STATE OF NEW YORK      )
                        :  SS.:
5   COUNTY OF NASSAU       )

6

7          I, REBECCA SCHAUMLOFFEL, a Notary

8   Public for and within the State of New York,

9   do hereby certify:

10         That the witness whose examination

11  is hereinbefore set forth was duly sworn and

12  that such examination is a true record of the

13  testimony given by that witness.

14         I further certify that I am not

15  related to any of the parties to this action

16  by blood or by marriage and that I am in no

17  way interested in the outcome of this matter.

18         IN WITNESS WHEREOF, I have hereunto

19  set my hand this 18th day of August, 2023.

20  _____

21         REBECCA SCHAUMLOFFEL

22

23

24

25