# EXHIBIT 248

Page 2

```
1           IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF TEXAS
2                   SHERMAN DIVISION
3    THE STATE OF TEXAS,   )
     et al.,               )
4                          )
       Plaintiffs,         )
5                          )
     vs.                   ) CASE NO. 4:20-cv-00957-SD
6                          )
     GOOGLE LLC,           )
7                          )
       Defendant.          )
8
9             30(b)(6) DEPOSITION OF
10                 JEFF PICKETT
11       ON BEHALF OF THE STATE OF ALASKA
12                 MAY 3, 2024
13
14    ORAL VIDEOTAPED DEPOSITION OF JEFF PICKETT, via
15  Zoom, produced as a witness at the instance of the
16  Defendant and duly sworn, was taken in the above-styled
17  and numbered cause on the 3rd day of May, 2024, from
18  12:15 p.m. to 3:03 p.m. Alaska Standard Time, before
19  Melinda Barre, Certified Shorthand Reporter in and for
20  the State of Texas, reported by computerized stenotype
21  machine, all parties appearing remotely via web
22  videoconference, pursuant to the rules of procedure and
23  the provisions stated on the record or attached hereto.
24
25      Job No. CS6655711
```

```
 1                    APPEARANCES
            (ALL APPEARED VIA ZOOM VIDEO CONFERENCE.)
 2
 3    FOR THE STATE OF ALASKA:
 4       Mr. Ian Engelbeck
         ATTORNEY GENERAL'S OFFICE
 5       1031 W. 4th Avenue, Suite 200
         Anchorage, Alaska 99501
 6
         Telephone: 907.269.5283
 7       E-mail: ian.engelbeck@alaska.gov
 8
      FOR THE STATE OF TEXAS:
 9
         Mr. Jonathan Wilkerson
10       Mr. Alex Henthorn
         THE LANIER LAW FIRM, PC
11       10940 W. Sam Houston Parkway N., Suite 100
         Houston, Texas 77064
12
         Telephone: 713.659.5200
13       E-mail: jonathan.wilkerson@lanierlawfirm.com
14
      FOR GOOGLE LLC:
15
         Ms. Claire Leonard
16       Mr. Robert John McCallum
         Mr. Ross Svenson
17       Ms. Gabriella Small
         FRESHFIELDS BRUCKHAUS DERINGER US LLP
18       700 13th Street NW
         Washington, D.C. 20005
19
         Telephone: 202.777.4500
20       E-mail: claire.leonard@freshfields.com
21
22
23    ALSO PRESENT:  Mark Cadena, Videographer
                    Dan Acosta, Document Technician
24
25
```

1    of Trade Act we need to be able to show that an entity

2    violated one of the sort of statutory provisions that

3    sort of define, you know, antitrust conduct.

4        Q.   So what, if any, requirement for -- strike

5    that.

6             Does Alaska have a requirement for

7    specific injury to Alaskans before it will sign on to a

8    litigation like this?

9        A.   I mean, it really is case dependent.  If

10   conduct, you know, is unfair or deceptive or if it

11   violates our antitrust laws, we are authorized by our

12   legislature to bring a lawsuit.

13       Q.   So there doesn't necessarily have to be -- oh,

14   I'm sorry.  I didn't mean to interrupt.

15       A.   Yes.  That's what we look for, one of the

16   things we look for.

17       Q.   So it doesn't -- strike that.

18            There doesn't necessarily have to be a

19   finding of potential harm to Alaskans prior to signing

20   on to a lawsuit like this on behalf of the State of

21   Alaska?

22       A.   Well, I would say that like -- just to use a

23   hypothetical, if conduct in Florida violated our

24   Consumer Protection Act and it only impacted Floridians,

25   you know, yeah, we would not bring -- we would not file

1    not envisioning a specific document.  You know, it's
2    perhaps something that escapes my imagination exists.
3         Q.   Okay.  So sitting here now, you don't have an
4    idea of a type of document or piece of information that
5    would bear on the harm alleged in the complaint that you
6    haven't handed over to us?
7         A.   So, again, I mean, our focus for state -- our
8    claims that we're asserting on behalf of the State is on
9    Google's conduct.  To the extent that Google has engaged
10   in an unfair deceptive trade practice or acted in a way
11   to maintain a monopoly or create one, you know,
12   liability is established.  And then it's just a matter
13   of calculating penalties.
14              So to answer your specific question, it
15   has to be placed in the context of how we've developed
16   our case and how we think about it.
17              So, again, you know, it's -- I'm not in a
18   position to be able to answer one way or another whether
19   there actually are specific documents that may touch
20   upon harm that Alaskans have suffered, documents not in
21   the form of consumer complaint but may be in our
22   possession, custody and control.  I just don't know the
23   answer.
24        Q.   Okay.  So Alaska alleges that Google's conduct
25   harmed Alaska's general welfare and economy.  Is that

1    right?
2        A.   Yes, that is correct.
3        Q.   And what factual basis does Alaska have to show
4    that alleged harm to Alaska's general welfare and
5    economy?
6        A.   So here this is one of the questions that we're
7    relying on Texas' designated 30(b)(6) deponent,
8    Mr. Gordon, to answer.  So anything that has a factual
9    basis, we've designated Mr. Gordon for that, to provide
10   those answers.
11       Q.   Okay.  So Alaska is relying on Texas for the
12   harm to Alaska's general welfare and economy.  Is that
13   right?
14       A.   Yes, in this sense, in this sense.  So Google's
15   conduct, its technology is sort of universal, I would
16   say, or that's my understanding, universal in the sense
17   that its products reach all 50 states, territories, you
18   know, obviously around the world as well.  But, anyway,
19   with respect to this lawsuit, what concerns Alaska is
20   the fact that tech reaches into Alaska.
21            I think Mr. Gordon testified as to how
22   that tech is harmful to publishers and advertisers.  So
23   for the reasons he provided, you know, that would be the
24   factual basis for Alaska's, you know, complaint as well
25   or for its allegation that our general economy has been

```
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF TEXAS
 2                    SHERMAN DIVISION
 3    THE STATE OF TEXAS,    )
      et al.,                )
 4                           )
        Plaintiffs,           )
 5                           )
      vs.                    ) CASE NO. 4:20-cv-00957-SD
 6                           )
      GOOGLE LLC,            )
 7                           )
        Defendant.           )
 8
 9              REPORTER'S CERTIFICATE
10            ORAL DEPOSITION OF JEFF PICKETT
11                    May 3, 2024
12
13     I, Melinda Barre, Certified Shorthand Reporter in
14   and for the State of Texas, hereby certify to the
15   following:
16      That the witness, JEFF PICKETT, was duly sworn by
17   the officer and that the transcript of the oral
18   deposition is a true record of the testimony given by
19   the witness;
20       That the original deposition was delivered to
21   Claire Leonard.
22       That a copy of this certificate was served on all
23   parties and/or the witness shown herein
24   on May 6, 2024.
25       I further certify that pursuant to FRCP Rule
```

1   30(f)(1), that the signature of the deponent:

2   ____ was requested by the deponent or a party before

3   the completion of the deposition and that the signature is

4   to be before any notary public and returned within 30 days

5   from date of receipt of the transcript.  If returned,

6   the attached Changes and Signature Page contains any

7   changes and the reasons therefor:

8   ____was not requested by the deponent or a

9   party before the completion of the deposition.

10      I further certify that I am neither counsel for,

11  related to, nor employed by any of the parties or

12  attorneys in the action in which this proceeding was

13  taken, and further that I am not financially or

14  otherwise interested in the outcome of the action.

15     Certified to by me on this, the 6th day

16  of May, 2024.

17

18

19

20              <%19155,Signature%>

21              Melinda Barre

               Texas CSR 2192

22              Expiration:  12/31/25

23

24

25