# EXHIBIT 252

HIGHLY CONFIDENTIAL

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION
CIVIL ACTION NO. 4:20-cv-00957-SDJ

THE STATE OF TEXAS, et al.,       )
                                  )
          Plaintiffs,             )
                                  )
     -vs-                         )
                                  )
GOOGLE LLC,                       )
                                  )
          Defendant.              )

VIDEO-RECORDED RULE 30(b)(6) DEPOSITION OF
STEVEN TATERKA
on behalf of State of Indiana
HIGHLY CONFIDENTIAL

The deposition upon oral examination of STEVEN TATERKA, a witness produced and sworn before me, Janine A. Ferren, RMR, CRR, CSR-IL No. 84-4852, Notary Public in and for the County of Hamilton, State of Indiana, taken on behalf of the Defendant, at the offices of Office of the Attorney General, Indiana Government Center South, Fifth Floor, Indianapolis, Marion County, Indiana, on the 25th day of April 2024, scheduled to commence at 1:00 p.m., pursuant to the Federal Rules of Civil Procedure with written notice as to time and place thereof.

Job No. CS6657993

HIGHLY CONFIDENTIAL

Page 2

```
 1                      APPEARANCES
 2    FOR THE PLAINTIFFS:
 3            Jonathan Wilkerson
              LANIER LAW FIRM
 4            10940 W. Sam Houston Parkway N.
              Suite 100
 5            Houston, TX  77064
              713.659.5200
 6            jonathan.wilkerson@lanierlawfirm.com
 7
      FOR THE DEFENDANT:
 8
              Gayle R. Klein
 9            Xiaoxi Tu
              FRESHFIELDS BRUCKHAUS DERINGER US LLP
10            3 World Trade Center
              175 Greenwich Street, 51st Floor
11            New York, NY  10007
              212.277.4000
12            gayle.klein@freshfields.com
              xiaoxi.tu@freshfields.com
13
14    FOR THE STATE OF INDIANA:
15            Matthew Michaloski
              OFFICE OF THE INDIANA ATTORNEY GENERAL
16            Fifth Floor
              302 West Washington Street
17            Indianapolis, IN  46204
              317.232.6201
18            matthew.michaloski@atg.in.gov
19
      VIDEOGRAPHER:
20
              Jason D'Angelo
21
22    ALSO PRESENT VIA ZOOM:
23            Marie Martin
              John Olson
24            Monica Vela-Vick
              David Scalia
25            Michael Weitzner
```

HIGHLY CONFIDENTIAL

Page 3

1       INDEX OF EXAMINATION
2                                                    Page
3  DIRECT EXAMINATION . . . . . . . . . . . . . . . .5
       Questions by Gayle R. Klein
4
   CROSS-EXAMINATION . . . . . . . . . . . . . . . .112
5      Questions by Jonathan Wilkerson
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

HIGHLY CONFIDENTIAL

Page 76

| | | |
|---|---|---|
| 1 | Q | Civil penalties as a sovereign and as a parens |
| 2 | | patriae? |
| 3 | A | Correct. |
| 4 | Q | And costs? |
| 5 | A | That is correct. |
| 6 | Q | That is the totality of the relief that Indiana |
| 7 | | is seeking in this action; correct? |
| 8 | A | Correct. |
| 9 | Q | Did Indiana ever -- I'll ask it this way. |
| 10 | | Indiana never initiated administrative |
| 11 | | proceedings against Google for the conduct |
| 12 | | alleged in the fourth amended complaint; |
| 13 | | correct? |
| 14 | | MR. WILKERSON: Objection. Form. |
| 15 | A | Correct. |
| 16 | Q | Indiana could have brought these claims against |
| 17 | | Google in state court; correct? |
| 18 | | MR. WILKERSON: Objection. Form. |
| 19 | A | Well, certainly we could have brought the DTPA |
| 20 | | claims in state court. I'm not sure whether the |
| 21 | | antitrust claims could have been brought in |
| 22 | | state court. I'm not sure about that |
| 23 | | jurisdictional question. |
| 24 | Q | Is Indiana seeking relief under Indiana state |
| 25 | | law antitrust claims? |

| | | |
|---|---|---|
| 1 | A | For an injunctive relief, yes. |
| 2 | Q | Those claims could have been brought in state |
| 3 | | court; correct? |
| 4 | | MR. WILKERSON: Objection. Form. |
| 5 | A | Oh, the state antitrust claim? Sure. |
| 6 | Q | With respect to the parens patriae claims, what |
| 7 | | categories of people or entities is the state |
| 8 | | seeking relief on behalf of? |
| 9 | A | We'd probably include publishers, advertisers, |
| 10 | | and end users. |
| 11 | Q | As you sit here today, are you aware of a single |
| 12 | | publisher in the State of Indiana that uses |
| 13 | | Google ad tech products to sell display |
| 14 | | advertising? |
| 15 | A | Today I cannot identify a particular publisher |
| 16 | | or advertiser. But my understanding is that |
| 17 | | discovery is still open and that there may be |
| 18 | | expert testimony on this issue. |
| 19 | Q | Does the State of Indiana know how many in-state |
| 20 | | publishers use Google ad tech products in |
| 21 | | Indiana? |
| 22 | A | I don't believe so. |
| 23 | Q | What is the factual basis for the allegations by |
| 24 | | the State of Indiana that Google's alleged |
| 25 | | conducted harmed publishers in the state of |

HIGHLY CONFIDENTIAL

Page 78

| | | |
|---|---|---|
| 1 | | Indiana? |
| 2 | A | We believe that the common set of facts which |
| 3 | | Texas has testified to would apply to Indiana, |
| 4 | | the same as any other state. |
| 5 | Q | As you sit here today, can the State of Indiana |
| 6 | | name a single advertiser in the State of Indiana |
| 7 | | that uses Google ad tech products to sell |
| 8 | | display advertising? |
| 9 | A | I can't name a specific advertiser, but I would |
| 10 | | just reiterate that with discovery still pending |
| 11 | | and with expert testimony to come, there may be |
| 12 | | some specific names.  In a state of seven |
| 13 | | million people, there's bound to be some |
| 14 | | publishers and advertisers here. |
| 15 | Q | Do you know how many publishers or advertisers |
| 16 | | in the state -- scratch that, because I already |
| 17 | | asked about publishers. |
| 18 | | Do you know how many advertisers there are |
| 19 | | in the state that use Google ad tech products? |
| 20 | A | I do not know. |
| 21 | Q | And when I say -- |
| 22 | A | Same comment about discovery and expert |
| 23 | | witnesses. |
| 24 | Q | And when I say "you," you understand I mean the |
| 25 | | State of Indiana; correct? |

| | | |
|---|---|---|
| 1 | A | Of course. |
| 2 | Q | Does the Office of the Attorney General of the |
| 3 | | State of Indiana have the power to issue a civil |
| 4 | | investigative demand? |
| 5 | A | We do. |
| 6 | Q | And has the Office of the Attorney General of |
| 7 | | the State of Indiana issued any civil |
| 8 | | investigative demands to any third parties |
| 9 | | related to Google ad tech products or display |
| 10 | | advertising? |
| 11 | A | I don't believe so. |
| 12 | Q | What about end users?  How many end users are |
| 13 | | there that the State of Indiana contends have |
| 14 | | been harmed? |
| 15 | | MR. WILKERSON:  Objection.  Form. |
| 16 | A | I can't possibly come up with a number beyond |
| 17 | | telling you that there's seven million people in |
| 18 | | the state and a lot of them have computers, |
| 19 | | myself included. |
| 20 | Q | And how would you quantify any harm to somebody |
| 21 | | sitting behind a computer, from the allegations |
| 22 | | in this case? |
| 23 | | MR. WILKERSON:  Objection.  Form. |
| 24 | A | If they had a paywall from a publisher that they |
| 25 | | would not have had but for Google's practices. |

HIGHLY CONFIDENTIAL

Page 80

1        If they had to pay a higher price for a paywall
2        but not for Google's practices.  If they didn't
3        see as many ads as might give them better, I
4        guess, shopping experience.
5             I think there are a number of ways that end
6        users would be adversely affected.
7    Q   A publisher sets its own price for its paywalls;
8        correct?
9    A   Presumably based on its total costs, among other
10       things.
11   Q   Do you know if there are any -- and I apologize
12       if I asked this question already.
13            Do you know if there are any ad tech
14       competitors in Indiana to Google's products?
15            MR. WILKERSON:  Objection.  Form.
16   A   I don't know for a fact.  I assume there are,
17       but I don't know that for a fact.
18   Q   As you sit here today, is the State of Indiana
19       alleging harm to Google's competitors in the
20       state of Indiana?
21   A   Well, certainly not in this lawsuit.
22   Q   So the State of Indiana is not seeking any
23       remuneration for Google's competitors in the
24       state of Indiana by this lawsuit; correct?
25            MR. WILKERSON:  Objection.  Form.

```
 1    STATE OF INDIANA            )
                                  )  SS:
 2    COUNTY OF HAMILTON          )
 3         I, Janine A. Ferren, a Notary Public in and
 4    for the County of Hamilton, State of Indiana at
 5    large, do hereby certify that STEVEN TATERKA, the
 6    deponent herein, was by me first duly sworn to tell
 7    the truth, the whole truth, and nothing but the
 8    truth in the aforementioned matter;
 9         That the foregoing deposition was taken on
10    behalf of the Defendant, at the offices of Office
11    of the Attorney General, Indiana Government Center
12    South, Fifth Floor, Indianapolis, Marion County,
13    Indiana, on the 25th day of April 2024, commencing
14    at the hour of 1:09 p.m., pursuant to the Federal
15    Rules of Civil Procedure;
16         That said deposition was taken down
17    stenographically and transcribed under my
18    direction, and that the typewritten transcript is a
19    true record of the testimony given by the said
20    deponent; and thereafter presented to said deponent
21    for his signature;
22         That the parties were represented by their
23    counsel as aforementioned.
24         I do further certify that I am a disinterested
25    person in this cause of action; that I am not a
```

1  relative or attorney of any party, or otherwise
2  interested in the event of this action, and am not
3  in the employ of the attorneys for any party.
4       IN WITNESS WHEREOF, I have hereunto set my
5  hand and affixed my notarial seal on this 26th
6  day of April 2024.

10                    Janine A. Ferren

   Seal, Notary Public        My Commission Expires:
13 State of Indiana            April 22, 2024
14 Janine A. Ferren            County of Residence:
   Commission No. NP0681591    Hamilton

HIGHLY CONFIDENTIAL

Page 118

1  The State Of Texas, Et Al. v. Google LLC
2  Steven Taterka (#6657993)
3              E R R A T A   S H E E T
4  PAGE 33    LINE 14    CHANGE_____
5  The word "charter" should be "chartered"
6  REASON Transcription error
7  PAGE 85    LINE 16    CHANGE_____
8  The word "reserved" should be "reserve"
9  REASON Transcription error
10 PAGE_____ LINE_____ CHANGE_____
11 _____
12 REASON_____
13 PAGE_____ LINE_____ CHANGE_____
14 _____
15 REASON_____
16 PAGE_____ LINE_____ CHANGE_____
17 _____
18 REASON_____
19 PAGE_____ LINE_____ CHANGE_____
20 _____
21 REASON_____
22
23   [signature]                    May 21, 2024
24   Steven Taterka                        Date
25

Veritext Legal Solutions
800-567-8658                            973-410-4098

HIGHLY CONFIDENTIAL

Page 119

```
1    The State Of Texas, Et Al. v. Google LLC
2    Steven Taterka (#6657993)
3                ACKNOWLEDGEMENT OF DEPONENT
4         I, Steven Taterka, do hereby declare that I
5    have read the foregoing transcript, I have made any
6    corrections, additions, or changes I deemed necessary as
7    noted above to be appended hereto, and that the same is
8    a true, correct and complete transcript of the testimony
9    given by me.
10
11   _____    May 21, 2024
12   Steven Taterka                    Date
13   *If notary is required
14                          SUBSCRIBED AND SWORN TO BEFORE ME THIS
15                          _____ DAY OF _____, 20___.
16
17
18                          _____
19                          NOTARY PUBLIC
```