# EXHIBIT 257

HIGHLY CONFIDENTIAL

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              FOR THE EASTERN DISTRICT OF TEXAS
 3                       SHERMAN DIVISION
 4
 5   THE STATE OF TEXAS, et al.,  )
                                  )
 6                  Plaintiffs,   )
                                  )
 7       v.                       ) CIVIL ACTION
                                  ) NO. 4:20-cv-00957-SDJ
 8   GOOGLE LLC,                  )
                                  )
 9                  Defendant.    )
     _____)
10
11
12
13
14                  HIGHLY CONFIDENTIAL
15        VIDEOTAPED VIDEOCONFERENCE DEPOSITION OF
16    LUCAS TUCKER, SENIOR ASSISTANT ATTORNEY GENERAL
17                   LAS VEGAS, NEVADA
18                MONDAY, APRIL 29, 2024
19
20
21    Kele R. Smith, NV CCR No. 672, CA CSR No. 13405
22                   Job No. 6657786
23
24
25    Job No. CS6657786
```

```
 1         VIDEOTAPED VIDEOCONFERENCE DEPOSITION OF
 2      LUCAS TUCKER, SENIOR ASSISTANT ATTORNEY GENERAL,
 3    taken from Las Vegas, Nevada, on Monday, April 29, 2024,
 4    at 8:32 a.m. before Kele R. Smith, Certified Court
 5    Reporter, in and for the State of Nevada.
 6
 7    APPEARANCES:
 8    For the Plaintiff State of Nevada/Witness:
 9              LANIER LAW FIRM
                BY:  ALEX HENTHORN, ESQ.
10              BY:  RYAN ELLIS, ESQ.
                10940 West Sam Houston Parkway N
11              Suite 100
                Houston, Texas  77064
12              (713) 659-5200
                alex.henthorn@lanierlawfirm.com
13              ryan.ellis@lanierlawfirm.com
14              KELLER POSTMAN
                BY:  LAUREN SCHULTZ, ESQ.
15              150 North Riverside Plaza
                Chicago, Illinois  60606
16              (312) 741-5220
                lauren.schultz@kellerpostman.com
17
      For the Plaintiff State of Arkansas:
18
                OFFICE OF THE ATTORNEY GENERAL
19              BY:  AMANDA WENTZ, ASSISTANT ATTORNEY
                GENERAL
20              323 Center Street
                Suite 200
21              Little Rock, Arkansas  72201
                (501) 682-2007
22              amanda.wentz@arkansasag.gov
23
24
25
```

```
                                                        Page 3
 1    For the Plaintiff State of Idaho:
 2              OFFICE OF THE ATTORNEY GENERAL
                BY:  JOHN OLSON, DEPUTY ATTORNEY GENERAL
 3              700 West Jefferson Street
                Suite 210
 4              Boise, Idaho  83720
                (208)334-2400
 5              john.olson@ag.idaho.gov
 6    For the Plaintiff State of Kentucky:
 7              OFFICE OF THE ATTORNEY GENERAL
                BY:  PHILIP R. HELERINGER, DEPUTY EXECUTIVE
 8              DIRECTOR OF CONSUMER PROTECTION
                1024 Capital Center Drive
 9              Suite 200
                Frankfort, Kentucky  40601
10              (502) 696-5647
                philip.heleringer@ky.gov
11
      For the Plaintiff State of Montana:
12
                OFFICE OF THE ATTORNEY GENERAL
13              BY:  ANNA SCHNEIDER, ASSISTANT ATTORNEY
                GENERAL
14              215 North Sanders Street
                Helena, Montana  59601
15              (406) 444-2026
                anna.schneider@dojmt.gov
16
      For the Plaintiff State of Texas:
17
                OFFICE OF THE ATTORNEY GENERAL
18              BY:  OBINNA ILOANI, ASSISTANT ATTORNEY
                GENERAL
19              300 West 15th Street
                Austin, Texas 78701
20              (512) 463-2100
                obinna.iloani@oag.texas.gov
21
22
23
24
25
```

HIGHLY CONFIDENTIAL

Page 4

```
 1    For the Plaintiff State of Utah:
 2                OFFICE OF THE ATTORNEY GENERAL
                  BY:  MARIE MARTIN, ASSISTANT ATTORNEY
 3                GENERAL
                  160 East 300 South
 4                Fifth Floor
                  Sal Lake City, Utah  84114
 5                (385) 414-2654
                  mwmartin@agutah.gov
 6
      For the Defendant:
 7
                  FRESHFIELDS
 8                BY:  LIJUN ZHANG, ESQ.
                  BY:  LAUREN KAPLIN, ESQ.
 9                BY:  GABRIELLA SMALL, ESQ.
                  700 13th Street NW
10                Washington, DC  20005
                  (202) 777-4570
11                lijun.zhang@freshfields.com
                  lauren.kaplin@freshfields.com
12                gabriella.small@freshfields.com
13    The Videographer:
14                LITIGATION SERVICES, A VERITEXT COMPANY
                  BY:  JOHN SEYMORE
15                3770 Howard Hughes Parkway
                  Suite 300
16                Las Vegas, Nevada  89169
                  (702) 314-7200
17
      Also Present:
18
                  DAN ACOSTA, Concierge Exhibit Tech
19
20
21
22
23
24
25
```

```
 1    specific residents or businesses or advertisers, and
 2    that's the subject of expert testimony.
 3        Q.  Which part of that statement did you not agree
 4    with?
 5        A.  Well, I don't know that we have to identify
 6    specific individuals, because under parens patriae, the
 7    State of Nevada has to show that our interest is for
 8    residents as a whole.  It has to be specific -- I'm
 9    sorry.  It has to be distinct from the interests of any
10    particular one individual.  So I guess whether or not we
11    have to identify specific advertisers or publishers or
12    consumers, I'm just not sure if we do.  So I'm not
13    saying that you are wrong, but, umm, I'm not sure that
14    that is a true statement.
15        Q.  Is it fair to say for any civil penalties sought
16    by the State of Nevada in parens patriae capacity, the
17    State of Nevada has to at least identify some residents
18    of the State of Nevada was harmed by any of the alleged
19    conduct in this case?
20        A.  I don't believe that we needed to identify
21    specific people in order to assert a parens patriae
22    claim.
23        Q.  How would the State of Nevada know its residents
24    in general were harmed by the conduct alleged in this
25    case when it seeks civil penalties in parens patriae
```

HIGHLY CONFIDENTIAL

Page 52

1    capacity?
2         MR. HENTHORN: Objection. Form.
3    A. The multistate investigation, umm, discovered
4    harm across the nation to consumers, to advertisers, to
5    publishers. I'm not aware of any facts that somehow
6    distinguish Nevada consumers, advertisers, and
7    publishers from the general impact across the nation, so
8    I'm not aware of any facts that would have shielded or
9    protected Nevada advertisers or publishers or consumers
10   from the general harm across the nation.
11        Also, Nevada has, as of the 2020 census, more
12   than 3.1 million consumers living here. As of last
13   week, we had more than 446,000 actively registered
14   businesses that had licenses issued by the Secretary of
15   State, and so we look at the national harm, and I'm not
16   aware of any facts that the harm was different here.
17        That would be the basis for our parens patriae
18   claim. And I'll also note that it's a fact that various
19   courts have issued opinions about a government's parens
20   patriae authority. And many of those courts have -- I'm
21   sorry. Many of those opinions have statements to the
22   effect that the raw number of individuals impacted by
23   the conduct is not determinative as to whether a
24   substantial segment of the population was affected.
25        Furthermore, I'm aware of at least three

Page 53

1    different bankruptcy courts that have found that a state
2    or county has parens patriae authority when fewer than
3    70 specific individuals were identified as being harmed
4    by the conduct.  In fact, even as low as 20 individuals.
5           And so all of those things together give us the
6    basis to assert our parens patriae claim.
7    BY MR. ZHANG:
8       Q.  Are you aware of any fact that show the
9    nationwide impact as you alleged for Goggle conduct in
10   this case actually impact any resident in the State of
11   Nevada?
12          MR. HENTHORN:  Objection.  Form.
13      A.  I can't point you to a specific fact, but I'll
14   just say that we'll be relying on the facts that were
15   gathered during the multistate investigation, as well as
16   facts gathered during ongoing discovery, and including
17   the expert reports that we'll be relying on later.
18   BY MR. ZHANG:
19      Q.  So according to this row for the State of Nevada
20   on top of Page 5 of Exhibit 3, the State of Nevada seeks
21   injunctive relief for both of its antitrust claims and
22   DTPA claims.  Correct?
23      A.  That is correct.
24      Q.  Does the State of Nevada seek injunctive relief
25   under federal antitrust law in this case?

HIGHLY CONFIDENTIAL

Page 205

```
 1                  CERTIFICATE OF REPORTER
 2   STATE OF NEVADA    )
                        ) ss:
 3   COUNTY OF CLARK    )
 4         I, KELE R. SMITH, a Certified Court Reporter in
 5   Clark County, State of Nevada, do hereby certify:  That
 6   I reported the taking of the deposition of LUCAS TUCKER,
 7   SENIOR ASSISTANT ATTORNEY GENERAL, commencing on Monday,
 8   April 29, 2024, at 8:32 a.m.
 9         That prior to being deposed, the witness was by
10   me duly sworn to testify to the truth, that I thereafter
11   transcribed my said shorthand notes into typewriting, and
12   that the typewritten transcript is a complete, true, and
13   accurate transcription of said shorthand notes and that
14   the witness was asked to review and correct the
15   transcript.
16         I further certify that I am not a relative or
17   employee of counsel of any of the parties, nor a
18   relative or employee of the parties involved in said
19   action, nor a person financially interested in the
20   action.
21         IN WITNESS WHEREOF, I have set my hand in my
22   office in the County of Clark, State of Nevada, this
23   30th day of April, 2024.
24
25             KELE R. SMITH, NV CCR #672, CA CSR #13405
```