# EXHIBIT 262

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 1

```
 1        IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF TEXAS
 2                  SHERMAN DIVISION
 3   THE STATE OF TEXAS, et al.,)
         Plaintiff,             )
 4                              )
     VS.                        ) Civil Action No.
 5                              ) 4:20-CV-00957-SDJ
     GOOGLE LLC,                )
 6       Defendant.             )
 7
 8
         **************************************************
 9              ORAL AND VIDEOTAPED DEPOSITION OF
10     THE CORPORATE REPRESENTATIVE OF THE STATE OF TEXAS,
                       JUSTIN GORDON
11
                       APRIL 17, 2024
12       **************************************************
13       ORAL AND VIDEOTAPED DEPOSITION OF THE CORPORATE
14   REPRESENTATIVE OF THE STATE OF TEXAS, JUSTIN GORDON,
15   produced as a witness at the instance of the Defendant,
16   and duly sworn, was taken in the above-styled and
17   numbered cause on April 17, 2024, from 9:12 a.m. to
18   8:34 p.m., before Donna Wright, CSR in and for the
19   State of Texas, reported by machine shorthand, at the
20   law offices of NORTON ROSE FULBRIGHT US LLP,
21   98 San Jacinto Boulevard, Suite 1100, Austin, Texas,
22   pursuant to the Federal Rules of Civil Procedure and
23   the provisions stated on the record or attached hereto.
24
25      Job No. CS6654495
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 2

1                        A P P E A R A N C E S
2
    FOR THE STATE OF TEXAS:
3       Mr. Marc B. Collier
        Mr. Gabriel Culver
4       NORTON ROSE FULBRIGHT US LLP
        98 San Jacinto Boulevard, Suite 1100
5       Austin, Texas 78701
        (512) 536-4549
6       marc.collier@nortonrosefulbright.com
        gabriel.culver@nortonrosefulbright.com
7
                -and-
8
        Mr. Trevor Young, Assistant Attorney General
9       Mr. Cuong Pham, Assistant Attorney General (via
        Zoom)
10      Mr. Eric Peterson, Lead Investigator (via Zoom)
        Mr. Stephen Craig, Investigator (via Zoom)
11      OFFICE OF THE TEXAS ATTORNEY GENERAL
        ANTITRUST DIVISION
12      300 West 15th Street, 12th Floor
        Austin, Texas 78701
13      (512) 936-2334
        trevor.young@oag.texas.gov
14      eric.peterson@oag.texas.gov
        stephen.craig@oag.texas.gov
15
                -and-
16
        Mr. Jonathan Wilkerson
17      Mr. Zeke DeRose
        THE LANIER LAW FIRM
18      10940 West Sam Houston Parkway North, Suite 100
        Houston, Texas 77064
19      (713) 659-5200
        jonathan.wilkerson@lanierlawfirm.com
20      zeke.derose@lanierlawfirm.com
21
22
23
24
25

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 3

```
 1   FOR THE DEFENDANT GOOGLE LLC:
         Mr. Jamie Aycock
 2       Mr. Alexander R. Ades
         YETTER COLEMAN LLP
 3       811 Main Street, Suite 4100
         Houston, Texas 77002
 4       (713) 632-8089
         jamieaycock@yettercoleman.com
 5       aades@yettercoleman.com
 6
     FOR THE STATE OF ALASKA: (via Zoom)
 7       Mr. Jeff Pickett, Senior Assistant Attorney General
         Mr. Ian Engelbeck, Assistant Attorney General
 8       SPECIAL LITIGATION SECTION
         STATE OF ALASKA, DEPARTMENT OF LAW
 9       1031 West 4th Avenue, Suite 200
         Anchorage, Alaska 99501
10       (907) 269-5275
         jeff.pickett@alaska.gov
11       ian.engelbeck@alaska.gov
12
     FOR THE STATE OF ARKANSAS: (via Zoom)
13       Ms. Amanda J. Wentz, Assistant Attorney General
         OFFICE OF ATTORNEY GENERAL TIM GRIFFIN
14       323 Center Street, Suite 200
         Little Rock, Arkansas 72201
15       (501) 682-2007
         amanda.wentz@arkansasag.gov
16
17   FOR THE STATE OF FLORIDA: (via Zoom)
         Mr. Colin Fraser, Assistant Attorney General
18       Ms. Liz Brady, Director of Antitrust Division
         Mr. Andrew Butler
19       FLORIDA OFFICE OF THE ATTORNEY GENERAL
         PL-01, The Capitol
20       Tallahassee, Florida 32399-1050
         (850) 414-3534
21       colin.fraser@myfloridalegal.com
         liz.brady@myfloridalegal.com
22
23
24
25
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 4

```
 1    FOR THE STATE OF IDAHO: (via Zoom)
          Mr. John Olson, Deputy Attorney General
 2        IDAHO ATTORNEY GENERAL'S OFFICE
          CONSUMER PROTECTION DIVISION
 3        700 West Jefferson Street, Suite 210
          Boise, Idaho 83720
 4        (208) 332-3549
          john.olson@ag.idaho.gov
 5
 6    FOR THE STATE OF INDIANA: (via Zoom)
          Mr. Matt Michaloski, Deputy Attorney General
 7        Mr. Jesse Moore, Deputy Attorney General
          Mr. Steven Taterka, Deputy Director of Consumer
 8        Protection Division
          OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
 9        CONSUMER LITIGATION
          302 West Washington Street, 5th Floor
10        Indianapolis, Indiana 46204
          (317) 232-6330
11        matthew.michaloski@atg.in.gov
          jesse.moore@atg.in.gov
12        steven.taterka@atg.in.gov
13
      FOR THE COMMONWEALTH OF KENTUCKY: (via Zoom)
14        Mr. Philip Heleringer, Executive Director of the
          Office of Consumer Protection
15        Mr. Zachary Richards, Assistant Attorney General
          KENTUCKY OFFICE OF THE ATTORNEY GENERAL
16        1024 Capital Center Drive, Suite 200
          Frankfort, Kentucky 40601
17        (502) 696-5300
          philip.heleringer@ky.gov
18        zach.richards@ky.gov
19
      FOR THE STATE OF LOUISIANA: (via Zoom)
20        Mr. David Scalia
          Ms. Monica Vela-Vick
21        THE DUGAN LAW FIRM
          365 Canal Street, Suite 100
22        New Orleans, Louisiana 70130
          (504) 648-0180
23        dscalia@dugan-lawfirm.com
          monica@dugan-lawfirm.com
24
25
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 5

```
 1    FOR THE STATE OF MISSISSIPPI:  (via Zoom)
         Mr. Caleb Pracht
 2       Ms. Tricia Beale
         Special Assistant Attorney General
 3       Antitrust and Data Privacy
         Mississippi Attorney General's Office
 4       Post Office Box 220
         Jackson, Mississippi 39205
 5       (601) 540-0157
         caleb.pracht@ago.ms.gov
 6
 7    FOR THE STATE OF MONTANA: (via Zoom)
         Ms. Anna Schneider, Consumer Protection Bureau
 8       Chief
         Mr. Andrew Butler, Assistant Attorney General
 9       ATTORNEY GENERAL'S OFFICE
         215 North Sanders, 3rd Floor
10       P.O. Box 201401
         Helena, Montana 59620-1401
11       (406) 444-4500
         anna.schneider@mt.gov
12       andrew.butler@mt.gov
13
      FOR THE STATE OF NORTH DAKOTA: (via Zoom)
14       Ms. Elin S. Alm, Assistant Attorney General
         Interim Director, Consumer Protection and Antitrust
15       Division
         NORTH DAKOTA OFFICE OF ATTORNEY GENERAL
16       1720 Burlington Drive, Suite C
         Bismarck, North Dakota 58504-7736
17       (701) 328-5570
         ealm@nd.gov
18
19    FOR THE COMMONWEALTH OF PUERTO RICO: (via Zoom)
         Mr. Kyle Bates
20       HAUSFELD
         33 Whitehall Street, 14th Floor
21       New York, New York 10004
         (646) 357-1100
22       kbates@hausfeld.com
23
24
25
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 6

```
 1    FOR THE STATE OF SOUTH CAROLINA:  (via Zoom)
          Ms. Rebecca M. Hartner, Assistant Attorney General
 2        Ms. Mary Frances Jowers, Assistant Deputy Attorney
          General
 3        Mr. Jared Libet, Assistant Deputy Attorney General
          SOUTH CAROLINA ATTORNEY GENERAL'S OFFICE
 4        P.O. Box 11549
          Columbia, South Carolina 29211
 5        (803) 734-5855
          rhartner@scag.gov
 6        mfjowers@scag.gov
          jlibet@scag.gov
 7
 8    FOR THE STATE OF UTAH:  (via Zoom)
          Ms. Marie W.L. Martin, Deputy Division Director of
 9        Antitrust & Data Privacy Division
          Mr. Scott Ryther, Assistant Attorney General
10        UTAH OFFICE OF THE ATTORNEY GENERAL
          350 North State Street, Suite 230
11        P.O. Box 140830
          Salt Lake City, Utah 84114
12        (385) 270-2164
          mwmartin@agutah.gov
13        sryther@agutah.gov
14
      FOR THE STATE OF SOUTH DAKOTA:  (via Zoom)
15        Mr. Jonathan Van Patten, Assistant Attorney General
          OFFICE OF THE ATTORNEY GENERAL
16        CIVIL LITIGATION DIVISION
          1302 East Highway 14, Suite 1
17        Pierre, South Dakota 57501
          (605) 773-3215
18        jonathan.vanpatten@state.sd.us
19
      ALSO PRESENT:
20        Peter Zierlein - Videographer
          Alex Henthorn (via Zoom)
21        Ayla Syed (via Zoom)
          Cole Pritchett (via Zoom)
22        Lauren Schultz (via Zoom)
          Melonie DeRose (via Zoom)
23
24
25
```

Case 4:20-cv-00957-SDJ   Document 749-22   Filed 12/30/24   Page 8 of 14 PageID #: 49000
HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 25

1   identified in Interrogatory 5.  I would refer you to
2   that interrogatory as opposed to limiting it to the
3   description that you provided.
4       Q.   Let me go ahead and mark as Exhibit 4 the
5   Sixth Amended Interrogatory Responses.
6            (Exhibit 4 marked)
7       Q.   And I know you have this in your binder, but
8   that way, just for our record, it's probably easier to
9   have a separate -- a separate --
10      A.   Yes, sir.  No problem.
11      Q.   So do you agree Exhibit -- Exhibit --
12  Exhibit 4 is a copy of the Sixth Amended Interrogatory
13  Responses?
14      A.   It looks like it.  I'm just checking to make
15  sure that they are all there.
16           Yes.
17      Q.   And if we look at the first bullet point under
18  Interrogatory No. 5 on Page 14, are you there?
19      A.   Yes, sir.
20      Q.   Okay.  And that says -- the first sentence of
21  that bullet point says, "Google's unlawful conduct has
22  inflicted harm to businesses and individuals in the
23  plaintiff states, to the respective economies of the
24  plaintiff states, and to the general welfare of the
25  plaintiff states," right?

Case 4:20-cv-00957-SDJ   Document 749-22   Filed 12/30/24   Page 9 of 14 PageID #: 49001
HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 26

1        A.   Yes, that's the first sentence.
2        Q.   And how widespread is this impact in the State
3    of Texas?
4        A.   What do you mean by "widespread"?
5        Q.   How widespread is this -- the harm that's
6    alleged here?
7        A.   Well, it affects the entire state, so I would
8    say statewide.
9        Q.   Has that been measured in any way?
10       A.   I'm not aware of a specific measurement.
11       Q.   Did you do anything before today to look into
12   whether the harm has been measured in any way?
13       A.   I confirmed that a lot of the information
14   pertaining to calculations is pending subject to expert
15   testimony that is upcoming.  But beyond that, I did not
16   personally look into measuring those amounts.
17       Q.   Does Texas contend that publishers and
18   advertisers make up a substantial segment of the Texas
19   population?
20            MR. COLLIER:  Objection, form.
21            THE WITNESS:  What would you define as
22   "substantial"?
23       Q.   (BY MR. AYCOCK)  Does Texas -- does Texas
24   believe that they make up a substantial portion of the
25   population?  Is that Texas' position or not?

1    Q.   It says, "Reference Sheet of Claims"?
2    A.   Yes.
3    Q.   Okay. And what page are you on?
4    A.   The pages aren't numbered, but it would be --
5    I'll tell you in a second.
6         Right now I'm on Page 4.
7    Q.   Okay. So if you can walk me through your
8    understanding, then, of the consumers in the State of
9    Texas who are alleged to have been harmed by Google's
10   conduct.
11        MR. COLLIER: Objection, form.
12        THE WITNESS: I have left the tab, and
13   now I'm reviewing the interrogatory responses.
14        So, for example, on Page 15 of our
15   interrogatory response to No. 5, we have referenced
16   that, "Google conduct has caused and continues to cause
17   harm to small and large businesses in the plaintiff
18   states with follow-on effects to consumers, i.e.,
19   plaintiff state citizens. The impacts to the plaintiff
20   states by the following conduct with Google are broad
21   and manifest."
22        Then we describe the harm arising from
23   unlawful tying.
24        THE REPORTER: Unlawful?
25        THE WITNESS: Tying, T-Y-I-N-G.

1                    The harm from dynamic allocation, the
2      harm from enhanced dynamic allocation, the harm from
3      dynamic revenue sharing, the harm from reserved price
4      optimization, the harm from Bernanke and its multiple
5      forms, the harm from header bidding submission, the
6      harm from uniform pricing rules.
7                    There we conclude that, "Each form of
8      anticompetitive and deceptive conduct discussed above
9      caused harm to businesses in each plaintiff state,
10     small, medium, and large, that rely on display
11     advertising.  Google's conduct has resulted in higher
12     prices and lower quality products for participants in
13     the ad tech markets and foreclose competition that
14     would bring about non-Google product alternatives.
15                   "In turn, the plaintiff states' economies
16     in general have not realized the benefits of
17     competition and instead suffered from stifled
18     innovation and investment in display advertising
19     space."
20                   And this is where we get to the portion
21     about consumers.
22                   "Furthermore, and as discussed above,
23     Google's unlawful conduct also extracts harm from
24     consumers, i.e., citizens, in the plaintiff states and
25     negatively affected the general welfare.  The use of

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 41

1    the Internet in the United States and in the plaintiff
2    states is pervasive and almost universally adopted.
3    That means that anyone who uses the Internet, i.e.,
4    consumers in the plaintiff states, interacts with
5    display advertising.
6              "Consumers benefit from competent
7    decision in the form of choice and innovation.  The
8    cost savings realized by advertisers and publishers
9    could be passed on to consumers, such as lowering
10   subscription fees and removing pay walls.
11             "At the same time, small and large
12   businesses would need to spend less on advertising to
13   generate business.  Those savings would benefit
14   consumers because businesses could, in turn, lower the
15   price of their goods and services.  Increased commerce
16   drives economic growth in the plaintiff states and
17   improves the general welfare.  Google's anticompetitive
18   and deceptive conduct inhibits that progress, growth,
19   and welfare promotion."
20       Q.   I'm going to hand you a document I have marked
21   as Exhibit 5.
22             (Exhibit 5 marked)
23       Q.   Do you recognize this as a document filed in
24   this case titled "Plaintiff States' Advisory Regarding
25   Relief Sought"?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 282

```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF TEXAS
                       SHERMAN DIVISION
    THE STATE OF TEXAS, et al.,)
         Plaintiffs,            )
                                )
    VS.                         ) Civil Action No.
                                ) 4:20-CV-00957-SDJ
    GOOGLE LLC,                 )
         Defendant.             )


      REPORTER'S CERTIFICATION OF THE ORAL AND VIDEOTAPED
          DEPOSITION OF THE CORPORATE REPRESENTATIVE OF
              THE STATE OF TEXAS, JUSTIN GORDON
                       APRIL 17, 2024
```

  I, Donna Wright, a Certified Shorthand Reporter and Notary Public in and for the State of Texas, hereby certify to the following:

  That the witness, JUSTIN GORDON, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

  That the original deposition was delivered to Mr. Marc Collier;

  That a copy of this certificate was served on all parties and/or the witness shown herein on _____;

  I further certify that pursuant to FRCP Rule 30(3) that the signature of the deponent:

  __X__ was requested by the deponent or a party

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 283

```
 1   before the completion of the deposition and that the
 2   signature is to be before any notary public and
 3   returned within 30 days from date of receipt of the
 4   transcript.  If returned, the attached Changes and
 5   Signature Page contains any changes and the reasons
 6   therefore:
 7            ____ was not requested by the deponent or a
 8   party before the completion of the deposition.
 9            I further certify that I am neither counsel
10   for, related to, nor employed by any of the parties or
11   attorneys in the action in which this proceeding was
12   taken, and further that I am not financially or
13   otherwise interested in the outcome of the action.
14            Certified to by me on this, the 18th day of
15   April, 2024.
16
17
18                       [signature: Donna Wright]
19                       DONNA WRIGHT, Texas CSR 1971
                         Expiration Date:  11/30/24
20                       VERITEXT LEGAL SOLUTIONS
                         300 Throckmorton Street
21                       Ft. Worth, Texas 76102
                         Firm Registration No. 571
22
23
24
25
```