IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-CV-957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

## GOOGLE LLC'S APPLICATION FOR STATUS AND SCHEDULING CONFERENCE

Pursuant to Federal Rule 16, Defendant Google LLC respectfully requests that the Court set a Scheduling and Status Conference on January 17, 2025, or a date as soon thereafter as is convenient to the Court to address important unresolved issues relevant to the parties' preparation of the Joint Pretrial Order, presently scheduled to be filed on February 28, 2025.[1] In support of this request, Google identifies the following issues it wishes to discuss:

1. **Subject Matter Jurisdiction**

Whether this Court has subject matter jurisdiction is an issue that remains unresolved. *See* ECF No. 200 (1/16/2024 Rule 12(b)(1) Motion challenging the States' Article III standing to sue); ECF No. 672, 674 (11/18/2024 Motions for Summary Judgment challenging same). This threshold issue should be resolved before the Court and the parties expend the significant resources necessary to prepare and present this case for trial. No good purpose is served by trying the case in this Court if it lacks subject matter jurisdiction. As the Fifth Circuit has explained, "Federal

---

[1] Pursuant to the existing Scheduling Order, the final pretrial conference is set for March 27-28, 2025, three days before trial begins on March 31, 2025.

1

courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Dismissal is appropriate "'when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re Federal Emergency Management Agency Trailer Formaldehyde Products Liability Litigation*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Association Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

2. **Which, if Any, Claims Will be Tried**

Google filed a Rule 12(b)(6) motion to dismiss Plaintiffs' Fourth Amended Complaint on February 8, 2024. *See* ECF No. 224. That motion remains unresolved. To prepare the Joint Pretrial Order, the parties need to know which (if any) of Plaintiffs' claims have survived that motion.

3. **Jury or Non-Jury Case and Bifurcated Trial**

Pursuant to this Court's decision in *Wagoneka v. KT & G USA Corp.*, 2020 WL 6063096 (E.D. Tex. Oct. 14, 2020), on October 17, 2024, Google filed a motion for further bifurcation pursuant to Federal Rule of Civil Procedure 42(b). *See* ECF No. 635. In it, Google argued that if a jury is permitted to decide any issue in this case, it must first decide liability separately. This ensures that the decision as to whether any of Google's practices violated DTPA statutes is not tainted by the admission of evidence relevant solely to the assessment of penalties.

Following the November Status Conference, and after discussing the matter with the Court, on December 1, 2024, Google filed an additional motion asking the Court to strike the jury as to all claims. *See* ECF No. 690. That motion will be fully briefed on January 13, 2025.

The components of a Joint Pretrial Order differ depending on whether, and to what extent, the case is tried to a jury or to the Court. A jury trial requires the submission of Joint Proposed

2

Jury Instructions and Verdict Form, while a non-jury trial requires the submission of Proposed Findings of Fact and Conclusions of Law. *See* ECF No. 194 (1/2/2024 Scheduling Order mandating components of Joint Pretrial Order). Bifurcation of a jury trial, if this case is tried to a jury, also affects the voir dire questions submitted to the venire, the preliminary instructions, motions in limine, the scope of exhibits and objections, and the Joint Statement of the Case.

Clarity on how the case will be tried (if any claims survive dismissal or summary judgment) would assist the parties in drafting the Joint Pretrial Order.

### 4. Schedule to Brief Unresolved Questions of Law

At the November Status Conference, the Court recognized that the States' assertion of claims under seventeen different state DTPA statutes raised difficult legal issues the Court would need to decide prior to trial, including "how proof is going to be made on violations and the nature of penalties in relation to violations." *See* 11/12/2024 Hrg. Tr. at 39. As Google explained at the conference one (among many) critical issues is whether the States can proceed on claims "asking for multi-billion dollar penalties with no proof of harm … and can this federal court even entertain that." *Id.* at 39; *see also* ECF No. 636 (10/17/2024 Status Conference Request) at ¶ 3 (discussing unresolved legal issues raised by States' DTPA claims, including what "counts" as a violation of each statute, how violations are to be "counted" for purposes of imposing penalties, and whether monetary penalties can be imposed on a "per violation" basis in the absence of proof of individualized harm to ad buyers and ad sellers, as the States claim) (citing *In re Zyprexa Products Liability Litig.*, 671 F. Supp. 2d 397, 463 (E.D.N.Y. 2009) (granting summary judgment against demand for per violation penalties under Mississippi's DTPA because there was no evidence of individualized harm, so resulting penalties would violate Due Process and Excessive Fines Clauses and citing, among other cases, *United States v. Bajakajian*, 524 U.S. 321, 334-41 (1998))).

Concerning this issue, the Court informed the parties that it would make time to address these legal issues "before we're starting trial," so that—as to any claims that survive dismissal and summary judgment—all parties would know before any trial commenced "how liability must be proved" for each DTPA statute. *See* 11/12/2024 Hrg. Tr. at 41. It would therefore be helpful to set an early conference, at which the Court could establish a briefing and hearing schedule to resolve any important legal issues that remain to be addressed after the dismissal and summary judgment rulings, preferably in advance of the Joint Pretrial Order, which is currently due on February 28, 2025. ECF No. 194 at 4. Google respectfully submits that there should be no ambiguity when trial begins about what the States must prove and whether they can demand multi-billion dollar penalties *without* proof that those penalties are, as *Bajakajian* requires, proportional to the *harm* (if any) the States prove Google caused.[2]

### 5.    Chats Spoliation Motion

On December 9, 2024, Plaintiffs filed a Rule 37 Motion for spoliation sanctions. *See* ECF No. 693. Google contends that this motion is untimely and that no relief is warranted. *See* ECF No. 757. Plaintiffs' Reply in support of this motion is due on January 13, 2025. Google's related motions to exclude Plaintiffs' newly designated "spoliation" experts, each of whom authored declarations in support of Plaintiffs' spoliation motion, will be fully briefed on February 7, 2025.

---

[2] These are all legal questions only the Court can answer. "Questions of statutory interpretation are questions of law." *Oliver v. Arnold*, 3 F.4th 152, 162 (5th Cir. 2021) (quoting *Kemp v. G.D. Searle & Cor.*, 103 F.3d 405, 407 (5th Cir. 1997)). Here, the answers have important implications for Google's constitutional rights. The Due Process Clause and the Excessive Fines Clause each require the Court (not the jury) to assess the proportionality of fines and penalties as compared to the harm caused. *See Bajakajian*, 524 U.S. at 339; *see also Timbs v. Indiana*, 586 U.S. 146, 150-151 (2019) ("The Excessive Fines Clause is … incorporated by the Due Process Clause of the Fourteenth Amendment," "guards against abuses of government's *punitive or* criminal-law-enforcement authority," and "protect[s] against *excessive punitive economic sanctions*," making it "fundamental to our scheme of ordered liberty and deeply rooted in this Nation's history and tradition.") (emphasis added) (citations omitted).

4

Google understands Plaintiffs wish to set a date for a hearing on their motion, the timing of which can also be addressed at the conference.

\* \* \*

For each of these reasons, Google respectfully requests that the Court set a Rule 16 conference for January 17, 2025, or as soon thereafter as the Court is available, so it can establish a schedule to address these important, unresolved matters prior to trial.

January 7, 2025                                  Respectfully submitted,

**GIBBS & BRUNS LLP**

/s/ *Kathy D. Patrick*
Kathy D. Patrick
Texas Bar No. 15581400
kpatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
rgibbs@gibbsbruns.com
Charles Rosson
Texas Bar No. 24074985
crosson@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: 713.650.8805
Fax.: 713.750-0903

Eric Mahr (*pro hac vice*)
Julie S. Elmer (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com
julie.elmer@freshfields.com

Daniel S. Bitton (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP

5

> 55 Second Street
> San Francisco, CA 94105
> (415) 490-1486
> dbitton@axinn.com
>
> Bradley Justus (*pro hac vice*)
> James K. Hunsberger (*pro hac vice*) David R. Pearl (*pro hac vice*)
> AXINN, VELTROP & HARKRIDER LLP
> 1901 L Street NW
> Washington, DC 20036
> (202)912-4700
> bjustus@axinn.com
> jhunsberger@axinn.com
> dpearl@axinn.com
>
> ATTORNEYS FOR
> DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on January 7, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and thus served on all counsel who have consented to electronic service.

> */s/ Kathy D. Patrick*_____
> Kathy D. Patrick

## CERTIFICATE OF CONFERENCE

Pursuant to the Local Rules, I confirm that I conferred with Zeke DeRose III, counsel for the State Plaintiffs, on January 6, 2025. Mr. DeRose advised that Plaintiffs did not oppose this request for a status conference. Given the number of counsel involved, Mr. DeRose stated that it would be helpful to have proposed dates on which the Court is available for this conference so that lead counsel for the States, Mr. Lanier, can coordinate his attendance at this conference with a trial currently set to begin in Los Angeles on January 21, 2025.

> */s/ Kathy D. Patrick*_____
> Kathy D. Patrick