# APPENDIX D

# APPENDIX D

## State Plaintiffs' Timeliness Objections to Document Retention Inquiries

| State Plaintiff | Timeliness Objection | Source |
|---|---|---|
| All State Plaintiffs | "The failure of Google to pursue this line of questioning [regarding litigation holds and State Plaintiffs' use of instant messaging] during depositions and waiting months until after fact discovery closed to obtain the same information is not a basis for the States to voluntarily provide sworn answers to new interrogatories now. Google had plenty of time to follow up with the States during the discovery period on issues and responses to letters and discovery meet and confers." | Ex. 12 at 2 |
| All State Plaintiffs | "Google spent years negotiating discovery with the States. . . . . Google had ample opportunity to raise any concerns about retention practices over the course of the lawsuit well in advance of fact discovery closing. Google chose not to do so." | Ex. 29 at 1 |
| All State Plaintiffs | "Plaintiff States continue to believe that Google's efforts regarding discovery-on-discovery months after the close of fact discovery and almost 4 years after the filing of this lawsuit is improper." | Ex. 29 at 10 |
| Alaska | "Google deposed Alaska's 30(b)(6) witness, . . . on May 3, 2024. Google questioned [the deponent] regarding record retention policies and litigation holds." | Ex. 29 at 4 |
| Arkansas | "Google had the opportunity to question the Office of the Arkansas Attorney General and other Arkansas state agencies about [litigation holds, document retention policies, or instant messages] but failed to do so." | Ex. 29 at 4 |
| Florida | "At no point in the six months following the Office's disclosure of its discovery process has counsel for Google communicated a specific perceived deficiency in the Office's document production." | Ex. 12 at 5 |
| Florida | "Throughout discovery, the Office was transparent about its document retention and collection practices and fully described its compliance with discovery obligations to counsel for Google in detail, both in meet-and-confers and in writing. Google had every opportunity to raise perceived concerns with the Office's process during extensive fact discovery. It did not." | Ex. 29 at 5 |

1

| State Plaintiff | Timeliness Objection | Source |
|---|---|---|
| Idaho | "Neither during nor after the deposition did Google contest that the answers were deficient, followed up with the IDAG, or attempted to meet and confer with the IDAG regarding whether Google needed more information about the litigation hold described in the deposition or that there are some documents that are somehow missing from the IDAG's productions because of a supposedly insufficient litigation hold." | Ex. 12 at 5-6 |
| Idaho | "Following these productions and explanations [in 2023 and 2024], Google has never contacted the IDAG to follow up about the productions, to contest that the productions were deficient, to follow up about the discovery and production explanations, to contest that the explanations were deficient, or to meet and confer with the IDAG with respect to the productions or the discovery and production explanations. Google also has never challenged that the IDAG's productions are deficient or that there are some documents or categories of documents that are or were in the possession, custody, and control of the IDAG that should have been produced but were not or that were somehow destroyed because of a supposedly insufficient litigation hold." | Ex. 12 at 5 |
| Idaho | "Google never contacted the IDAG to follow up about [the document retention and destruction policy for its Consumer Protection Division], to contest that the production was deficient, or to meet and confer with the IDAG with respect to this production or this policy. . . . Google thus has had ample opportunity during the fact discovery period to question the IDAG and Idaho agencies about the retention, preservation, hold, and chat topics." | Ex. 29 at 5-6 |
| Indiana | "Google never engaged INOAG on the issue of any potential deficiency in the custodians identified [to Google on February 23, 2024]." | Ex. 12 at 6 |
| Indiana | "Google questioned Indiana's 30(b)(6) witness [on May 3, 2024] on the topics of litigation holds and chats. . . . Clearly, Google had the opportunity to question Indiana on these topics. The questions posed in Google's letter dated September 27, 2024 come too late." | Ex. 29 at 6 |
| Kentucky | "Google deposed Kentucky's 30(b)(6) witness, . . . on April 25, 2024. Despite having the opportunity to question [the deponent] on litigation holds, retention policies, and chats, Google failed to do so." | Ex. 29 at 6 |

| State Plaintiff | Timeliness Objection | Source |
|---|---|---|
| Louisiana | Louisiana's 30(b)(6) representative, deposed on May 3, 2024, "was not asked any questions about chats or chat preservation. However, he was asked questions regarding litigation holds and Louisiana has been subject to follow up requests about that testimony." | Ex. 29 at 6 |
| Mississippi | "Despite having the opportunity to question [Mississippi's 30(b)(6) deponent on April 25, 2024] on litigation holds, retention policies, and chats, Google failed to do so." | Ex. 29 at 7 |
| Missouri | "We believe [Google's questions regarding litigation holds and instant messages] seems to be an attempt to essentially obtain written interrogatory responses or Rule 30(b)(6) testimony after discovery." | Ex. 12 at 7 |
| Missouri | "Google had the opportunity to, and did, ask about some of the requested topics during Missouri's 30(b)(6) deposition [on May 10, 2024]." | Ex. 29 at 7 |
| Montana | "Google deposed Montana's 30(b)(6) witness, . . . on May 1 [2024]. Despite having the opportunity to question [the deponent] on litigation holds, retention policies, and chats, Google failed to do so." | Ex. 29 at 8 |
| Nevada | "Google questioned Nevada's 30(b)(6) witness [on May 1, 2024], . . . regarding litigation holds during his deposition. . . . Additionally, document retention was discussed during [the] deposition. . . . Google did not question [the deponent] about chats." | Ex. 29 at 8 |
| North Dakota | "During North Dakota's 30(b)(6) deposition [on May 2, 2024], Google asked about the (Teams) chat retention/deletion policy that North Dakota had produced. . . . Otherwise, Google failed to question [the deponent] regarding litigation holds or document retention policies." | Ex. 29 at 8 |
| Puerto Rico | "[L]ike the other Plaintiff States, Google had the opportunity to ask Puerto Rico's 30(b)(6) witness about chats [on May 1, 2024] but did not do so." | Ex. 29 at 8[1] |

---

[1] Google learned during the May 1, 2024 deposition of Puerto Rico's 30(b)(6) witness that Puerto Rico did not issue a litigation hold and did not conduct searches using search terms. *See* ECF 537 at 2. Google raised its concerns with Puerto Rico three days later, on May 4, and Puerto Rico took the position that Google's requests for further information were untimely. *See id.* at 3 ("Puerto Rico first argues that Google is not entitled to the discovery that Puerto Rico already agreed to provide in its May 15 email.") Puerto Rico completed its production of those documents on July 19, 2024.

| State Plaintiff | Timeliness Objection | Source |
|---|---|---|
| South Carolina | "It is an inappropriate time for Google to raise any issues now after the close of fact discovery." | Ex. 12 at 10 |
| South Carolina | "South Carolina had lengthy negotiations with Google regarding what South Carolina would produce. At any time during these negotiations, Google could have raised the issue of chats or asked questions about additional data sources." | Ex. 29 at 9 |
| South Dakota | "Google declined to ask South Dakota's 30(b)(6) witness [on April 29, 2024] any questions regarding litigation holds or chats. . . . Google did, however, question South Dakota regarding document retention policies." | Ex. 29 at 9 |
| Texas | "In [the Texas] 30(b)(6) deposition [on April 17, 2024], the existence of the retention schedule in [the deponent]'s binder appears on the transcript, but Google failed to ask questions regarding it." | Ex. 29 at 10[2] |
| Utah | "During [the Utah 30(b)(6) deposition, Google failed to ask questions regarding legal holds, litigation holds, document retention, or retention schedules or periods." | Ex. 29 at 10[3] |

---

[2] Google was forced to take a second 30(b)(6) deposition of Texas on May 24, 2024—three weeks after the close of fact discovery—after Texas failed to adequately prepare their first 30(b)(6) deponent to testify about the contents of the States' investigation file. *See* ECF 492 ("This information is of obvious importance in this case and should have been a priority for the States in meeting their discovery obligations. Apparently, it was not.")

[3] Utah has continued to make productions of recently-identified chats long after the close of fact discovery. It was only on November 22, 2024 that Utah certified that its production of chat documents was complete.