# EXHIBIT 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Civil Action No.: 1:21-md-03010-PKC |
| THIS DOCUMENT RELATES TO:<br><br>STATE OF TEXAS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Related File<br><br>Civil Action No. 1:21-cv-06841-PKC |

**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 19-24)**

In accordance with Federal Rules of Civil Procedure 26 and 34, and Rule 26.3 of the Local Rules for the U.S. District Courts for the Southern and Eastern Districts of New York ("Local Rules"), the Plaintiff States hereby request that Defendant Google LLC produce documents responsive to the enclosed requests. Documents produced by Defendant Google LLC must adhere to the Definitions and Instructions set forth below, the conditions of Rule 34 of the Federal Rules of Civil Procedure, and the Local Rules.

**Instructions**

1. To the extent that Documents responsive to one of these requests has already been produced, identify any such Documents by BATES label.

2. These requests are continuing in nature and should be updated regularly.

3. Pursuant to Rule 34(b)(1)(C), produce all Documents in their Native Form. To the extent that a Document has otherwise been produced to Plaintiffs in a different form, produce all native versions with a label corresponding to the first page, if any, of documents produced in another form. For example, if a Document was produced with four images using BATES labels EXAMPLE_0000007-0000010, the native version would have the BATES label EXAMPLE_0000007. The native, if any, for the subsequent Document would be labeled EXAMPLE_0000011.

4. Explain in detail the process used to identify and collect Documents responsive to each request for production. Your explanation should include *inter alia* the extent to which search terms were utilized, if at all, and a general description of the collection of documents to which the search terms were applied.

5. If You contend that a request in this document encompasses another request in this document or a prior document, please identify the request or requests that are allegedly encompassed. However, produce all documents responsive to said request that are not otherwise encompassed by said other request. For example, if You contend that all documents responsive to RFP 25 are also responsive to RFP 30, state that this is Your contention, produce and identify documents that are responsive to RFP 25, and also produce and identify documents that are responsive to RFP 30 that are not also responsive to RFP 25. This instruction does not modify Google's obligation to produce all responsive Documents to each request for production.

6.      If all or any portion of any responsive document is withheld for any reason, including a claim of attorney-client privilege, any other applicable privilege or immunity, or judicial order, please submit, <u>within the time permitted for a response</u>, a list of the documents withheld and state individually as to each document, the information required by Local Rule 26.2.

## Definitions

As used herein:

1. **"You," "Your," "Alphabet,"** or **"Google"** shall mean Alphabet Inc., its past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures. The terms "subsidiary," "affiliate," and "joint venture" refer to any firm in which there is total or partial ownership of twenty-five percent or more or total or partial control between the company and any other Person or entity.

2. **"Document"** shall mean the original and all non-identical copies (whether different from the original because of notes, underlining, attachments, or otherwise), all computer files, and any written, printed, or recorded material of every kind in the possession, custody, or control of You. The term "computer files" includes information stored in or accessible through computers, portable computers, handheld devices, workstations, minicomputers, mainframes, servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether on or off the premises of Your place of business. This definition covers electronic mail messages ("e-mail"), wikis, slack messages, text messages, social media messages, and other electronic Documents in Your possession, custody, or control.

3. **"Native"** or **"Native Format"** for an electronic document shall mean the format in which it is ordinary stored as a separate file. In the case of documents that are commonly stored online or "in the cloud," Native Format means the format with the nearest functionality to its online equivalent—not necessarily the format with the nearest appearance. *See, e.g.,* https://support.google.com/vault/answer/6099459#drive_export. Unless a file is ordinarily stored as a PDF, extracting or exporting this file as a PDF is not its native format.

4. "**Communications**" shall mean any transmission of information between two or more persons or entities.

5. "**AdTech Products**" shall mean any and all systems and software, including predecessors and successors, used in the process of identifying, selecting, transmitting, and/or rendering display ads on a desktop or mobile device, as well as all systems and software, including predecessors and successors, that implement and/or effectuate an Ad Auction, including, but not limited to, receiving, processing, and transmitting Bid Requests, Bid Responses, or related messages. AdTech Products includes, but is not limited to, Google Ads, Google AdWords, Display & Video 360 (DV360), DoubleClick Bid Manager (DBM), Campaign Manager, DoubleClick Campaign Manager (DCM), AdX, Google Display Network (GDN), Google Ad Manager (GAM), and DoubleClick for Advertisers (DFA), including all predecessors and successors.

**Requests**

**REQUEST FOR PRODUCTION NO. 19**

All Documents produced since January 1, 2017, in response to any written or verbal request(s) related to any competition- or antitrust-related investigation or inquiry involving one or more of Your AdTech Products by any governmental entity outside of the United States, including but not limited to any such investigation or inquiry by:

   a) the United Kingdom Competition and Markets Authority,

   b) the European Commission,

   c) the Italian Competition Authority,

   d) the Australian Competition and Consumer Commission, and/or

   e) the French Competition Authority (Autorité de la concurrence).

**REQUEST FOR PRODUCTION NO. 20**

All communications since January 1, 2019, with representative(s) of any governmental entity related to any investigation or inquiry for which You produced Documents responsive to the preceding Request for Production.

**REQUEST FOR PRODUCTION NO. 21**

A copy of the French Competition Authority's (Autorité de la concurrence) Statement of Objections, and any final order(s) related to Your AdTech Products, and any such similar documents authored by the United Kingdom Competition and Markets Authority, the European

Commission, the Italian Competition Authority, or the Australian Competition and Consumer Commission.

**REQUEST FOR PRODUCTION NO. 22**

A copy of all transcripts of sworn statements, depositions, or similar interviews conducted in relation to any investigation or inquiry for which You produced Documents responsive to Request for Production No. 19.

**REQUEST FOR PRODUCTION NO. 23**

All Documents produced since January 1, 2017, in response to any written or verbal request(s) related to any competition- or antitrust-related investigation or inquiry involving one or more of Your AdTech Products by the United States Department of Justice.

**REQUEST FOR PRODUCTION NO. 24**

A copy of all transcripts of depositions conducted in relation to *United States of America, et al. v. Google LLC*, Case No. 1:20-cv-03010-APM (D. D.C.).

Respectfully Submitted,

Dated: September 17, 2021

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| New York Bar No.: 4327284 | ack@kellerlenkner.com |
| Mark.Lanier@LanierLawFirm.com | Brooke Clason Smith |
| Alex J. Brown | brooke.smith@kellerlenkner.com |
| New York Bar No.: 4593604 | Jason A. Zweig |
| Alex.Brown@LanierLawFirm.com | New York Bar No.: 2960326 |
| Zeke DeRose III | jaz@kellerlenkner.com |
| Zeke.DeRose@LanierLawFirm.com | 150 N. Riverside Plaza, Suite 4270 |
| Tower 56 | Chicago, Illinois 60606 |
| 126 East 56th Street, 6th Floor | (312) 741-5220 |
| New York, NY 10022 | Zina Bash |
| (212) 421-2800 | zina.bash@kellerlenker.com |
| THE LANIER LAW FIRM, PLLC | 111 Congress Avenue, Suite 500 |
| | Austin, TX 78701 |
| | (512) 690-0990 |
| | KELLER LENKNER LLC |

*Attorneys for Plaintiff States of Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*On behalf of all Plaintiff States*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 17th day of September, 2021, a true and correct copy of the foregoing was served on the following counsel of record by Certified Mail, Return Receipt Requested, and via email delivery:

R. Paul Yetter
Bryce Callahan
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

John D. Harkrider
Axinn Veltrop & Harkrider, LLP
114 West 47th Street
New York, NY 10036
jharkrider@axinn.com

Daniel S. Bitton
Axinn Veltrop & Harkrider, LLP
560 Mission St.
San Francisco, CA 94105
dbitton@axinn.com

Eric Mahr
Julie S. Elmer
Freshfields Bruckhaus Deringer LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Eric.mahr@freshfields.com
julie.elmer@freshfields.com

            */s/ Zeke DeRose III*
            Zeke DeRose III