# EXHIBIT 15

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

---

TREVOR YOUNG  
Assistant Attorney General  
Antitrust Division

PHONE: (512) 463-2334  
FAX: (512) 320-0667  
EMAIL: trevor.young@oag.texas.gov

November 22, 2024

*Sent via Electronic Mail*

Rob McCallum  
Freshfields Bruckhaus Deringer US LLP  
601 Lexington Avenue  
31st Floor  
New York, NY  
rob.mccallum@freshfields.com

Re: State of Texas Clarification of Chat Retention

Dear Rob:

In a meeting with Google counsel on November 19, 2024, while reserving its properly asserted objections to the untimeliness of Google's requests and its other objections, Texas agreed to supplement the responses it has previously provided to Google on the topic of chats and other forms of instant messages (collectively, "chats"). Texas has worked diligently and in good faith to investigate Google's (untimely) questions with current and former employees of the Antitrust Division of the Office of the Attorney General of Texas, as well as with other identified, subpoenaed Texas state agencies and entities. Based on that investigation, we write to provide further clarification about Texas' document retention practices concerning chats and will provide updates if new information is learned during Texas' investigation.

*First*, even if relevant non-privileged and discoverable chats existed (of which there is no evidence based on Texas' investigation), Texas' document retention policy would have preserved them, as well as all privileged chats regardless of their discoverability under the Order Regarding Discovery Procedure in this matter.[1] It is the policy and practice of the Office of the Texas Attorney General that employees add all relevant documents including chats to litigation or investigation files, which are preserved until the conclusion of litigation plus five years.[2] Even if a chat is not immediately added to a litigation file, it is still automatically retained for 30 days. An employee

---

[1] Document 174-2  
[2] Office of the Attorney General of Texas Records Retention Schedule, Agency Item Nos. 14, 19, 64.



may add that chat to a litigation file at any point during that period. No chat is automatically destroyed without an opportunity to preserve it, and employees are often instructed and reminded to review their communications to preserve relevant communications like chats before the retention period ends. Any employee may preserve a chat, whether they sent it or received it. And once a chat is added to a litigation file, it cannot be deleted by an employee. Further, the document retention policy governing The Office of the Texas Attorney General cautions that a state record may not be destroyed if any action involving the record is initiated.[3] Texas is currently investigating whether there are any other automated means by which chats would be preserved.

*Second*, Texas has confirmed that current employees in the Antitrust Division of the Office of the Attorney General of Texas have not used chats to correspond with third parties (including any other governmental agency) during the investigation or litigation of this matter. The Antitrust Division is in the process of confirming the same for former Antitrust Division employees. A chat feature was first implemented at the Office of the Attorney General of Texas on a limited basis around 2020. Texas is still working to determine the approximate date. Prior to that introduction, Antitrust Division employees did not have the ability to send or receive chats on their work devices. The chat feature that was introduced has since been used exclusively for internal communications amongst staff. Internal communications between Antitrust Division staff about investigations and matters are privileged and non-discoverable, and would not require logging under the Order Regarding Discovery Procedure in this matter.[4]

*Third*, with respect to personal devices owned by each individual employee (and not the Antitrust Division or the Office of the Attorney General of Texas), the Antitrust Division of the Office of the Attorney General of Texas trains its employees to not use personal devices in any capacity to conduct agency business. Employees are similarly instructed not to use personal WhatsApp or any other personal chat application or platform to conduct business. Texas has interviewed current employees within the Antitrust Division working on this matter and confirmed that at no point during either the investigation or litigation of this matter did any current employee use personal devices to communicate via text or personal chat applications or platforms. The Antitrust Division is currently confirming that former Antitrust Division employees also did not use personal devices or chat applications or platforms to communicate agency business. The Antitrust Division has spoken with all but one of the former employees that worked on this matter and confirmed that none of these former employees ever used personal devices or chat applications

---

[3] Office of the Attorney General of Texas Records Retention Schedule, pg. iii.
[4] Document 174-2, paragraph 8.



or platforms to communicate agency business. Texas will inform Google if this is confirmed or otherwise for the remaining former Antitrust Division employee. Even if any Antitrust Division employee used a personal device against the instructions of the division to correspond about this matter with another employee (of which there is no indication), that correspondence would likewise be privileged and exempt from logging on a privilege log.[5]

*Fourth*, notwithstanding Texas' preserved objections,[6] the Office of the Attorney General of Texas is currently investigating whether employees of all subpoenaed state agencies and entities use personal devices to conduct official business or use chat applications on work or personal devices to correspond related to state agency or entity business. Beyond those subpoenaed by Google, based on its investigation, the Antitrust Division is not aware of any other Texas agencies or entities that use ad tech. Five of the six subpoenaed state agencies or entities[7] have adopted their own publicly available records retention schedules similar to that of the Office of the Attorney General of Texas, and each of those schedules contains the same caution against the destruction of records if any action involving the record is initiated. The subpoenas issued by Google to state agencies and entities also recognize the existence and operation of document retention policies, instructing each agency or entity to describe the circumstances of a responsive document being destroyed for reasons other than operation of their document retention policy.[8] Texas is unaware of any of the state agencies or entities identifying materials responsive to a Google subpoena that it failed to retain. The Office of the Attorney General of Texas is currently investigating whether the subpoenaed state agency and entity employees adhere to the retention policies adopted by their organization and how chats would be classified in such policies if they exist.

Sincerely,

*/s/ Trevor Young*
Deputy Division Chief
Antitrust Division

---

[5] Document 174-2, paragraph 8.

[6] Texas disputes that it is obligated to respond to Google's inquiries on behalf of each respective state agency or entity that purchased display advertising or used ad tech products. From the onset of the discovery process, it has been and remains Texas' position that other state agency and entity documents are not in the possession, custody, or control of the Office of the Attorney General of Texas.

[7] Texas A&M University, The University of Texas, The Texas Department of Information Resources, Texas Department of Transportation, and Texas Office of the Governor Economic Development & Tourism are the subpoenaed agencies with publicly available records retention schedules.

[8] Paragraph 9 of each state agency and entity subpoena issued by Google states: "If any document responsive to a particular Request no longer exists for reasons other than Your document retention policy, describe the circumstances under which it was lost or destroyed, describe the information lost or destroyed, list the Request to which it was responsive, and list persons with knowledge of the document."

Post Office Box 12548, Austin, Texas 78711-2548 • (512) 463-2100 • www.texasattorneygeneral.gov