# EXHIBIT 20
# REDACTED

February 26, 2024

Via E-mail

Eric Mahr
Julie S. Elmer
Freshfields Bruckhaus Deringer LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Eric.mahr@freshfields.com
julie.elmer@freshfields.com

R. Paul Yetter
Bryce Callahan
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

John D. Harkrider
Axinn Veltrop & Harkrider, LLP
114 West 47th Street
New York, NY 10036
jharkrider@axinn.com

Daniel S. Bitton
Axinn Veltrop & Harkrider, LLP
560 Mission St.
San Francisco, CA 94105
dbitton@axinn.com

**Re:** *The State of Texas, et al. v. Google LLC*, **Case No. 4:20-cv-00957-SDJ (E.D. Tex.)**

Dear Counsel:

    We write on behalf of the State Plaintiffs ("States") in follow up to our meet and confer on February 23, 2024, when we discussed three issues: (1) the States' requests as to Google's production of Google Chats;[1] (2) the States' request for unredacted transcripts and exhibits from the DOJ *Search* trial; and (3) Texas's requests for production related to its state-law DTPA claims. The parties have addressed these issues in past correspondence, and the parties briefed the latter two issues before the Special Master, deferring them for the next Special Master conference if there are no resolutions.

---

[1] For purposes of this letter, "Google Chats" refers to Google Chats, Chat messages, hangouts, Slacks, Teams, instant messages, and/or any other messages, communications, or documents or data used, maintained, or found in short message or "instant message" applications.

February 26, 2024
Via E-mail
Page 2

**1. The States' requests as to Google's production of Google Chats**

As the States explained in their February 9 letter and again during the meet and confer:

a. Google has not produced Google Chats in a format that permits the documents to be searched for as chats or instant messages, as distinguished from other types of documents like e-mails;

b. the States have accordingly had to engage in a manual process of identifying Google Chats in Google's productions and have, to date, only identified roughly 7,216 Google Chats produced by Google out of the roughly 6 million documents produced (listed in Exhibit 2 to the February 9 letter); and

c. Google has not produced the Google Chats with basic, completed metadata fields including, but not limited to, the identity of all participants, author(s) and recipient(s) of each chat, and the start and/or creation dates, the end date, and the interim dates of each chat.

During the parties' February 23 meet and confer, you agreed to discuss with Google and provide responses to the following questions from the States, on these issues:

- **What is the volume or number of Google Chats produced by Google in this case?** You stated during the February 23 meet and confer that the current estimate was roughly 13,000+ Google Chats produced in this case.

- **How can the States identify Google Chats within Google's productions?** Since Google itself appears to have a way to identify Google Chats within its productions, you agreed to ask about and provide the States with a way or ways the States can also identify those chats. The States' manual process is burdensome and has not identified all of the chats, based on the delta between the two sides' estimated chat volume. In their February 23 letter, the States proposed an industry standard format (Relativity Short Message Format or RSMF) in which Google could re-produce the Chats, which are minimal in number, that could allow easy identification and searchability of Google Chats. As discussed, the States are willing to consider other ways to resolve the issue of identifying Google Chats.

- **Can Google produce missing Chat metadata to the States?** You agreed to check and confirm with Google on the state and details of the missing basic Chat metadata, including how that metadata is kept, whether that metadata can be extracted, and if there are any solutions that provide the States with an overlay or other production of that metadata. As it currently stands, the States have no way to ascertain the dates and participants of the Google Chats, which hinders document review and deposition preparation.

February 26, 2024
Via E-mail
Page 3

- **Has Google produced all relevant Google Chat retention policies in response to Request for Production No. 301?** You agreed to check with your team on this issue. As an update, the States have found 5 documents in Google's productions, titled "Google Chat Retention Policy," with stated modification dates between 2020 and 2023. Please also confirm whether more Google Chat retention policies have been produced and, if so, how to locate or search for them, as well as confirm whether other Google Chat retention policies exist, or do not exist, and whether Google has withheld or not produced any such policies (such as earlier versions).

**2. The States' request for unredacted transcripts and exhibits from the DOJ Search Trial**

In advance of the February 23 meet and confer, to make movement on this issue, the States proposed that Google produce the complete transcripts (and related exhibits) for a *Search* Trial witness if any question or answer portion of the witness's testimony includes a derivation of an agreed upon search term or limited terms, related to advertising (like, as we discussed, ads and advertisers). If a witness's testimony does not include any such derivations, then it need not be produced.

During our meet and confer, you discussed Google's position that reviewing and redacting for third-party highly confidential information (per the *Search* case protective order) in the transcripts and exhibits is burdensome. Although the States are all parties to the *Search* cases and thus permitted to view confidential third-party information under the applicable protective order lessening confidentiality concerns, you have advised us that outside counsel in this case (from both sides) are unable to view that information. In response, the States are considering their need for and the importance of third-party information but, as explained during the meet and confer, have difficulty ascertaining that information's relevance without knowing its content. In the meantime, the States proposed that Google consider a process for first reviewing and producing the transcripts and related exhibits of Google witnesses (fact and expert, called by Google or the DOJ at trial) who have relevant testimony, separate from third-party witnesses whom the parties can continue to confer on. The States also stated that they wanted assurances that Google had a process in place to determine the relevance of the transcripts and exhibits, including: (i) how did Google do its search and review for relevant transcripts and exhibits; (ii) who were the witnesses, whose testimony was reviewed; (iii) where do the transcripts and exhibits reside; (iv) how was relevant testimony otherwise determined; and (v) were search terms applied and, if so, which terms?

We understand that Google is willing to consider the States' above proposals and will respond later this week, and that the parties will raise this issue before the Special Master if it is not resolved by the March 7 Special Master hearing.

February 26, 2024
Via E-mail
Page 4

### 3. Texas's requests for production related to its state-law DTPA claims

Texas has agreed to propose new custodians and draft search strings, included herein, in exchange for Google's agreement to respond with additional custodians and search strings aimed at finding and producing responsive documents, as well as the parties' understanding that Texas's proposed custodians and draft search strings are intended only as a starting point and not meant to be exclusive.

As Texas has explained, Google should bear the burden to, and is in the best position to, propose new custodians and search strings, as it has far superior knowledge than Texas of its own documents and personnel. Google has nonetheless asked Texas for more guidance on the custodians and documents Texas seeks in response to its requests for production, so Texas has agreed to make this initial proposal in good faith. Texas, however, continues to qualify that Texas has no way of identifying a complete list of relevant custodians, given its lack of inside knowledge of the relevant roles and teams at Google, or crafting precise search strings, given the nuances of different databases.

### Texas's initial proposal of new custodians

As only a starting point, Texas requests the below additional custodians:

1. ███████████ (already requested in January 24, 2024 Letter to Google);

2. ███████████ (already identified to Google during February 12 meet and confer);

3. ███████████████ (already identified to Google during February 12 meet and confer); and

4. ███████████.

New custodians, to be proposed by Google, should include the Google custodians: (a) who are/were involved in, oversee/oversaw, or have/had any relevant role with respect to representations, statements, and communications to/with the public, Google's customers, and other third parties about the Google products, services, and programs at issue in this case; and (b) who generated both external and internal documents relating to the same. Texas had previously identified Google personnel from its "Comms" or Communications teams but, as we discussed during our February 23 meet and confer, that was meant to be illustrative, not exclusive. Other potentially relevant groups within Google could include those related to marketing, sales, and other external-facing functions at Google. Again, Google is in the best position to identify the relevant personnel, roles, and teams or groups.

During our February 23 meet and confer, we also discussed which search terms should be applied to the new custodians. The States believe that all search terms, past and new, should be applied to the new custodians, as individuals who are likely associated with relevant documents.

February 26, 2024
Via E-mail
Page 5

Likewise, Texas believes that any new search strings or terms (which will be limited in number) should be applied across all custodians, past and new.

### Texas's initial proposal of draft search strings

As Texas explained during the parties' past February 12 meet and confer, as well as in the States' past Opening Brief to the Special Master, filed under seal on February 13 (ECF No. 235), Texas's requests for production seek the following general categories of documents:

1. **Google's communications with its customers and public-facing statements** related to changes to its auction model, dynamics, and optimizations, including communications and statements related to all versions of Reserve Price Optimization (RPO), Dynamic Revenue Share (DRS), and Bernanke—each of which were referred to internally by different names—including all drafts, redlines, comments, and annotated versions of any actual or proposed public-facing statements; and

2. **Google's internal documents**, including all Help Center pages and articles, presentations, spreadsheets or other documents reflecting customer responses and complaints, launch proposals and plans, internal training documents, and internal communications, including updates or revisions thereto, related to communicating any changes to Google's auction model, dynamics, and optimizations.

Texas is not withdrawing its requests but, rather as part of the meet and confer process and to facilitate the identification of new custodians and crafting of search terms, has made the effort to further distill and summarize the responsive documents it seeks.

Again, as only a starting point, Texas also proposes the following draft search terms. As discussed, Google has agreed to work with Texas to refine these.

February 26, 2024
Via E-mail
Page 6

| Root/Initial Search String | To Be Combined With Further Modifying String (AND) |
|---|---|
| ((auction* OR AdX OR (ad w/2 exchange) OR ecosystem*) w/3 (dynamic* OR mechanics OR feature* OR optimization* OR program* OR qualit* OR enhance*))<br><br>OR<br><br>(RPO OR DRPO OR ((optimiz* OR reserve*) w/2 pric* OR bid*)) OR ((dynamic* OR increase* OR raise* OR update* OR chang*) w/2 (floor* OR reserve*))<br><br>OR<br><br>(DRS OR ((dynamic* w/3 (revshare OR revenue* OR fee*)) OR dynamicreserve OR tDRS)<br><br>OR<br><br>(Bernanke OR Bell) | (intro* OR launch* OR (roll* w/2 out) OR announc* OR releas* OR implement* OR initiat* OR effectuat* OR execut* OR operationaliz*) |
| | (updat* OR chang* OR revis* OR amend* OR add* OR correct* OR position*) |
| | (dear OR updat* OR comms OR communicat* OR announc* OR notif* OR blog* OR notic* OR shar* OR explain* OR explanation* OR inform* OR request* OR inquir* OR ((verbal* OR internal* OR external*) w/3 (only OR shar* OR confidential*)) OR "in writing" OR (limit* w/2 detail* OR specif*) OR language OR reactiv* OR question* OR pre-brief* OR brief* OR (talking w/2 point*) OR narrative* OR rational* OR reason* OR secret* OR fram* OR sensitiv* OR transparen* OR manip* OR omit* OR omission* OR represent* OR fals* OR mislead* OR untru* OR dishonest* OR (not w/2 true OR honest) OR disclos* OR conceal* OR omit* OR omission OR hide OR hiding OR hidden OR fraud* OR deceptive OR deceiv* OR unfair* OR (not w/2 fair*) OR lie OR lying) |
| | (inquir* OR pre-brief* OR brief* OR question* OR feedback OR outreach OR complain* OR angry OR mad OR upset* OR problem* OR unfair OR exploit* OR leverage* OR harm* OR hurt* OR protest* OR oppose* OR object* OR annoy* OR dissatisf* OR disadvantage* OR degrad* OR disfavor* OR respond* OR response* OR (rais* w/2 concern*) OR FAQ OR "PR") |
| | recollect* OR redistribute* OR subsid* OR debt* OR pool* OR (bank w/2 account) |
| (Help w/1 Center*) OR HC OR blog* OR article* OR polic*) | (updat* OR intro* OR launch* OR (roll* w/2 out) OR announce* OR release* OR implement* OR initiat* OR effectuat* OR execut* OR operationaliz*) |
| | ((auction* OR AdX OR (ad w/2 exchange) OR ecosystem*) w/3 (dynamic* OR feature* OR program* OR qualit* OR enhance*)) |
| | ((comply* OR complianc*) w/2 (contract* OR agreement*)) |

During our February 23 meet and confer, Google's counsel stated that Google will respond in a few days or shortly after receiving Texas's initial proposal of new custodians and draft search strings as to Texas's RFPs, which is provided above, and that the parties will raise this issue before the Special Master if it is not resolved by the March 7 Special Master hearing.

\*   \*   \*

February 26, 2024
Via E-mail
Page 7

We look forward to your responses this week on each of the above issues and are available to continue to confer on these issues.

Sincerely,

*/s/ Zeke DeRose III* .
Zeke.DeRose@LanierLawFirm.com
**THE LANIER FIRM, P.C.**
10940 W. Sam Houston Parkway N.,
Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

***Counsel for Texas, Idaho, Louisiana, Mississippi, North Dakota, Mississippi, South Carolina, and South Dakota***

Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas  77010
(713) 651-5151

Marc B. Collier
marc.collier@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, Texas  78701
(512) 474-5201