# EXHIBIT 22

```
                                                            Page 1

 1              IN THE UNITED STATES DISTRICT COURT
 2                FOR THE EASTERN DISTRICT OF TEXAS
 3                        SHERMAN DIVISION
 4        THE STATE OF TEXAS, et al.,       )
                                            )
 5                          Plaintiffs,     ) Case No.
                                            ) 4:20-cv-00957-SDJ
 6        vs.                               )
                                            )
 7        GOOGLE LLC,                       )
                                            )
 8                          Defendant.      )
          _____)
 9
10
11                   DEPOSITION OF JOHN OLSON,
12          30(b)(6) DESIGNEE FOR THE STATE OF IDAHO
13                        May 3, 2024
14
15
16
17
18
19
20
21
22
23      Reported by:
24      Rebecca Martin, CSR #1108, RPR, CRR
25      Job No. CS6657429
```

Page 152

```
1    at in the preamble to Section 48-603 that requires
2    that a person knows, or in the exercise of due care
3    should know, do you agree with me that to establish
4    that Google violated these four provisions of
5    Section 48-603, Idaho has to show that Google knew
6    or in the exercise of due care should have known it
7    was violating these sections of the Consumer
8    Protection Act?
9            MS. SCHULTZ:  Object to form.
10           THE WITNESS:  That appears to be what the
11   statute requires.
12       Q.   (BY MS. CURRAN) Okay.  We can put that
13   aside.
14           When did Idaho discover the harm that
15   it's alleging in this case?
16       A.   As part of the multistate investigation,
17   during that process.
18       Q.   And during that process, did Idaho
19   uncover any Idaho-unique -- any harm that's unique
20   to Idaho?
21       A.   I'm going to answer that we did not
22   discover any harm unique to Idaho that is different
23   from that described in the Fourth Amended Complaint
24   and in our responses to the interrogatories and as
25   described by the Texas witness with respect to
```

1    common facts and allegations.
2         Q.   Do you know whether Idaho sent a
3    document hold notice to the Consumer Protection
4    Division?
5         A.   At what point in time?
6         Q.   Ever.
7         A.   Yes.
8         Q.   In connection with this lawsuit?
9         A.   Yes.
10        Q.   When did it send a document hold notice
11   to the Consumer Protection Division in connection
12   with this lawsuit?
13        A.   I would not describe it necessarily as a
14   formal letter document hold, but it was around the
15   time of production of documents that the Idaho
16   Attorney General's Office made in response to
17   Google's request for production.  That would have
18   been in or around April or May of 2023.
19        Q.   So the document hold was put in place in
20   or around May -- April or May of 2023?
21        A.   That is correct.
22        Q.   Do you know why a document hold was not
23   issued when the first complaint was filed?
24        MS. SCHULTZ:  Object to form.
25        THE WITNESS:  Yes.  I'm trying to figure out

Page 154

```
1    how to answer that without getting into attorney's
2    mental impressions.
3            You know, I'll answer it this way:  When
4    Google asked for consumer complaints, we decided
5    that, well, if Google is going to ask for them, we
6    oughta make sure that those are retained and not
7    purged, per any scheduled retention policy.
8        Q.   (BY MS. CURRAN) Is it fair to say that
9    Idaho has produced all documents that provide the
10   factual basis for or in any way support the
11   allegations in this action?
12       A.   Can you repeat that question, please?
13       Q.   Is it fair to say that the State of
14   Idaho has produced all documents that provide the
15   factual basis for or in any way support the
16   allegations in this action?
17       A.   I need to qualify --
18       MS. SCHULTZ:   Object to form.
19       THE WITNESS:   -- a couple of things.
20           First of all, our production obligations
21   and ability is limited to those documents for which
22   we have possession, custody, or control, and our
23   document -- our production obligations, it's in
24   response to the document requests from Google.
25           With those, yes, we have produced the
```

Page 160

1           REPORTER'S CERTIFICATE

2

   STATE OF IDAHO   )
3                   ) ss.
   COUNTY OF ADA    )

4

5      I, REBECCA MARTIN, Certified Shorthand Reporter and
6   Notary Public in and for the State of Idaho, do hereby
7   certify:
8        That prior to being examined, the witness named in
9   the foregoing deposition was duly sworn remotely by me to
10  testify to the truth, the whole truth and nothing but
11  the truth;
12       That said deposition was taken down by me in
13  shorthand at the time and place therein named and
14  thereafter reduced to typewriting under my direction,
15  and that the foregoing transcript contains a full, true
16  and verbatim record of said deposition.
17       I further certify that I have no interest in the
18  event of the action.
19       WITNESS my hand and seal this 6th day of May, 2024.

20

21

                              _____
22                            REBECCA MARTIN
                              RPR and Notary
23                            Public in and for the
                              State of Idaho

24

25  My Commission Expires: 08-27-2024