# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., § <br> § <br> Plaintiffs, § <br> v. § <br> § <br> GOOGLE LLC, § <br> § <br> Defendant. § | Civil Action No. 4:20-cv-00957-SDJ |

## DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' JURY DEMAND FOR ALL CLAIMS AND CIVIL PENALTIES

Unable to distinguish the applicable law, Plaintiffs cite irrelevant cases and retreat to seek an advisory jury. The Court should strike their jury demand in its entirety.

## I. Plaintiffs Are Not Entitled to a Jury for Their DTPA Claims.

### a. Plaintiffs Ignore Cases Addressing This Precise Issue.

Plaintiffs *completely* ignore the cases holding that civil penalties are equitable when incidental to equitable relief. Mtn. (ECF 690) at 6–8. The Response does not dispute that the DTPA statutes, on their face, rest the right to penalties on a showing of equitable relief. Under the "more important" step of the Seventh Amendment inquiry, *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 565 (1990), Plaintiffs' DTPA claims are thus equitable, and cannot be tried to a jury in federal court.

The nature of the action confirms the same. Plaintiffs fail to respond to Google's core argument: Texas created its DTPA because of the "inadequacies of traditional common law remedies." *Woo v. Great Sw. Acceptance Corp.*, 565 S.W.2d 290, 298 (Tex. Civ. App.—Waco 1978). That makes the claim equitable under federal law. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509 (1959) (In "federal courts, equity has always acted only when legal remedies were inadequate."). Because the "nature" of the DTPA claims and the "remedy" sought are equitable, Plaintiffs are not entitled to a jury. *Tull v. United States*, 481 U.S. 412, 417 (1987).

### b. Plaintiffs Rely on an Irrelevant Line of Cases.

Plaintiffs instead urge an irrelevant premise no one disputes, Resp. (ECF 753) at 7–8, arguing that *if* there are two *independent* causes of action (one legal, one equitable), a jury right is maintained. *Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974) (If a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim . . . remains intact.") (citing, *inter alia*, *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 470–73 (1962)). That is not the case here. The DTPAs

1

at issue do not permit a separate "legal" claim that could retain its "legal" character independent of the equitable claim: their penalties are only available ***ancillary to*** injunctive relief. *See* Mtn. at 5–6. It is not that Plaintiffs' equitable claims "outweigh" their requests for penalties, Resp. at 7; it is that their penalty demands ***do not exist*** without equitable claims.

*Tull* does not help Plaintiffs. Unlike these DTPAs, the statute in *Tull* "separably authorized" penalties and injunctive relief. 481 U.S. at 425. And the Court's suggestion that a significant penalty cannot be incidental to "*modest* equitable relief," *id.* (emphasis added), is irrelevant here, given that Plaintiffs seek both sweeping injunctive relief *and* penalties, all of which are equitable.

Plaintiffs' invocation of *SEC v. Jarkesy*, 603 U.S. 109 (2024), also fails to establish a jury right. The penalties at issue in *Jarkesy* arose from a claim sounding in common-law fraud. *Id.* at 125–126. The DTPAs here *do not* "codify the common law" or arise from it. Mtn. at 3. And the penalties here, unlike those in *Jarkesy*, are available only incidental to ***equitable relief***. *Jarkesy* did not overturn the longstanding principle that "a monetary award 'incidental to or intertwined with injunctive relief' may be equitable." *Terry*, 494 U.S. at 571 (citation omitted); *United States v. ERR, LLC*, 35 F.4th 405, 413–14 (5th Cir. 2022) (same) (cited in Resp. at 7).

### c. The Fifth Circuit's Opinion in *Exxon* Removes Any Doubt.

After *Jarkesy*, seven members of the Fifth Circuit reaffirmed the principle in *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49 (1987), that where a statute "does not authorize civil penalties separately from injunctive relief"—like these DTPAs—penalties are incidental to injunctive relief. *Env't Texas Citizen Lobby, Inc. v. ExxonMobil Corp.*, 123 F.4th 309, 316 (5th Cir. 2024) (en banc) (Davis, J., concurring) (citing *Gwaltney*, 484 U.S. at 58). This again confirms that DTPA penalties are equitable. *Terry*, 494 U.S. at 571; Mtn. at 6–8.

### II.   Plaintiffs Are Not Entitled to a Jury for Their Antitrust Claims.

2

Plaintiffs' federal antitrust claims, which seek only injunctive relief, do not entitle them to a jury either. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). Plaintiffs do not dispute this. The only open issue is whether Plaintiffs' state-law antitrust claims entitle them to one. History tells us no. *See* Mtn. at 8–9.

Plaintiffs err when they assert that the identity of the parties is irrelevant. Resp. at 9. That a sovereign is a party is dispositive. There is no jury right when *suing a sovereign* because that right did not exist at common law. *Austin v. Shalala*, 994 F.2d 1170, 1175 (5th Cir. 1993). Nor do Plaintiffs show that suits *brought by* a sovereign came with a jury right attached "at common law." U.S. Const. amend. VII. To the contrary, in cases where sovereigns brought complex actions against private defendants seeking monetary remedies, the answer is a resounding "no." *See* John Hudson Decl. (ECF 690-1). Plaintiffs do not cite a single *historical* source calling Mr. Hudson's historical survey into question. There is no right to a jury on these *sovereign* claims.[1]

### III. Plaintiffs *Certainly* Have No Right for a Jury to Assess Penalties.

Plaintiff South Carolina agrees.[2] "A determination of a civil penalty is not an essential function of a jury trial" and "cannot be said to involve the "substance of a common-law right to a trial by jury," so "the Seventh Amendment *does not* require a jury trial for that purpose." *Tull*, 481 U.S. at 426–47 (emphasis added). Plaintiffs fail to cite any precedent overruling *Tull*'s black-and-white holding. Instead, Plaintiffs characterize *Tull* as "unusual" (despite relying on it throughout their response, Resp. at 2–6, 8–10, 12–14), and point to dicta from the Supreme Court, which— far from overruling *Tull*—reaffirmed that the Court was "presented with no evidence that juries historically had determined the amount of civil penalties to be paid to the Government," *Feltner*

---

[1] Plaintiffs' argument that Google's counsel "waived" this argument in an observation at a status conference does not *establish* that *sovereigns* have any right to a jury trial of antitrust claims.

[2] South Carolina rightly refused to join the other Plaintiffs making this argument. Resp. at 11 n.8.

*v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998).

Plaintiffs fail to mention the many circuit cases applying *Tull* and holding that courts should assess penalties.[3] Mtn. at 10. Nor do they dispute that **fourteen** DTPAs explicitly delegate penalty assessment to courts,[4] Mtn. at 11–12, or that the Sherman Act confirms that courts (not juries) assess antitrust penalties, *id.* at 13–14. Most telling, Plaintiffs do not cite **a single case** where a jury assessed penalties. And the authorities they cite support that **courts** assess penalties. *See, e.g.*, *United States v. Dish Network, L.L.C.*, 754 F. Supp. 2d 1002, 1003 (C.D. Ill. 2010) ("The amount of civil penalties . . . is an issue for the Court."); *U.S. ex rel. Bunk v. Gosselin World Wide Moving, N.V.*, 741 F.3d 390, 400–01 (4th Cir. 2013) (same); *see also* Resp. at 9 (citing FTC Act); Mtn. at 12 (discussing courts assessing penalties under FTC Act).

Plaintiffs cite cases holding that a jury can award *damages* or other *compensation* (not penalties), Resp. at 12 (citing *Dimick v. Schiedt*, 293 U.S. 474, 482 (1935) (damages); *Bank of Hamilton v. Dudley's Lessee*, 27 U.S. 492, 526 (1829) (value of property improvements)). Here, Plaintiffs *waived* their damages claims and, with them, any right to a jury determination.[5]

Plaintiffs make light of the Constitution's prohibition against Excessive Fines, Resp. at 11–12, but the Fifth Circuit applies it to penalties. *SO Apartments, L.L.C. v. City of San Antonio, Texas*, 109 F.4th 343, 350 (5th Cir. 2024) ("Statutory fees" can "constitute punishment" and violate the

---

[3] They instead cite to *Jarkesy,* Resp. at 13, despite it not addressing *assessment* of penalties.

[4] Plaintiffs claim "the intent of state lawmakers in *Texas* was to entrust DTPA civil penalties calculations to juries," Resp. at 14 (citing *State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d 288 (Tex. 1975)). But *Credit Bureau* did not address (or cite) the Seventh Amendment; the Texas Supreme Court decided that the *Texas Constitution* established a jury right. 530 S.W.2d at 291. Plaintiffs agree the Seventh Amendment, not the Texas Constitution, controls here. Resp. at 8.

[5] Plaintiffs' assertion (citing no authority) that calculations weighing "punishment and deterrence" are "quintessentially for the jury," Resp. at 13-14, may be true for punitive *damages*, but not otherwise. Federal courts perform these calculations daily, *without* a jury. *See, e.g.*, 18 U.S.C. § 3553(a)(2)(A)–(B).

4

Eighth Amendment if "grossly disproportional to the gravity of the offense") (quoting *United States v. Bajakajian,* 524 U.S. 321, 334 (1998)). Proportionality requires an "application of law," *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003), assessed "in the first instance" by the court, not a jury, *Bajakajian,* 524 U.S. at 336. Plaintiffs also cite two "remittitur" cases, Resp. at 12, but those prove the point: the ***court*** assessed penalties in both. *Bunk*, 741 F.3d at 400; *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1296–97 (11th Cir. 2021).

### IV.    Empaneling an Advisory Jury is Not Warranted.

The Court should reject Plaintiffs' last-ditch plea to ignore binding law and appoint an advisory jury to assess penalties. Whether penalties are proportionate to the harm caused is a pure question of constitutional law on which a jury *cannot* "advise" the Court. An advisory jury would also significantly "burden [] the District Court and the citizens who would serve as the advisory jury." *Springer v. Rodriguez*, 2019 WL 4417805, at *2 (S.D. Tex. Aug. 20, 2019). Courts in this circuit make "every effort to minimize the unnecessary utilization of a jury and to minimize the inconvenience to jurors." *Id.* Finally, other than speculating it will "resolve this case quicker," Resp. at 15, Plaintiffs never show why an advisory jury is warranted in *this* case. A bench trial, in fact, "always moves more expeditiously than a jury trial." *Springer*, 2019 WL 4417805, at *3. And the Court can readily assess penalties during the already-established equitable remedies phase, ECF 610, which will avoid "further dividing the case," Resp. at 15, and will ensure a shorter, more efficient liability-only trial—all without imposing *any* burden on citizens to serve on an advisory jury.

### V.    Conclusion

The Court should strike Plaintiffs' jury demand in its entirety.

5

Dated: January 13, 2025

Respectfully submitted,

**GIBBS & BRUNS LLP**

*/s/ Kathy D. Patrick*
Kathy D. Patrick
Texas Bar No. 15581400
KPatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
RGibbs@gibbsbruns.com
Elisa Wulfsberg
Texas Bar No. 24125469
EWulfsberg@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr (*pro hac vice*)
eric.mahr@freshfields.com
FRESHFIELDS US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

ATTORNEYS FOR DEFENDANT GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on January 13, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and notice was thereby served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Kathy D. Patrick*
Kathy D. Patrick