IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Google moved for summary judgment on Plaintiffs' DTPA claims because the States lack evidence of the required nexus to each Plaintiff State. *See* ECF No. 672 at 23-28. On January 9, 2025, the Court of Appeals for the Thirteenth District of Texas decided *Google LLC v. State of Texas*, No. 13-23-00114-CV, 2025 WL 52611 (Ex. A). This decision dismissed a DTPA claim by the Texas Attorney General against Google for lack of personal jurisdiction, rejecting theories of nationwide misconduct similar to what the States assert here through some of the same counsel. The decision confirms that allegations of nationwide conduct do not create an "appropriate nexus" between Google and a particular state. Google therefore submits this decision as supplemental authority in support of its summary judgment motion.

In the now-dismissed case, Texas alleged that Google violated its DTPA by making misrepresentations or omissions regarding its tracking of location history and private-browsing history. After rejecting Texas's argument for general jurisdiction over Google, the Court noted that specific jurisdiction requires an "appropriate nexus between the nonresident defendant, the

litigation, and the forum." 2025 WL 52611, at *5.[1] "The exercise of specific jurisdiction is prohibited if the suit does not arise out of or relate to the defendant's contacts with the forum." *Id.* "In other words, there must be an affiliation between the forum and the underlying controversy, principally, ***an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation***." *Id.* at *6. Where "events that took place outside of Texas would consume most if not all of the litigation's attention and the overwhelming majority of the evidence would be directed at events outside of Texas, then the contacts are not sufficiently related to the litigation's operative facts." *Id.* at *7.

The Court readily found that those standards were not met. There, as here, the alleged misrepresentations and omissions were made by Google's "employees who were not in Texas." *Id.* As a result, "the principal complaint that the terms of service and disclosures made by appellant were misleading requires that the overwhelming evidence be directed at events outside of Texas." *Id.* That Google's website and software "are accessible nationwide" was not sufficient. *Id.* at *1. A court should not "have jurisdiction over a nationwide corporation ... on *any* claim, no matter how unrelated to the State or the corporation's activities there." *Id.* at *7 (quoting *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (emphasis original)). Because Texas's suit relied on "allegedly tortious conduct occurring outside of Texas," the Court dismissed it for lack of personal jurisdiction. *Id.*

The standards governing whether a court may exercise personal jurisdiction over a defendant are *more lenient* than those that constrain the extraterritorial application of state law, so the State's inability to meet the personal jurisdiction standards as to Google is dispositive here on

---

[1] Unless otherwise noted, all citations are omitted, all emphasis is added, and citations have been cleaned up for ease of reading.

2

the question of nexus and extraterritorial effect. In addition, both standards require the States to show the existence of "an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* at *6; *see also, e.g.*, *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 375 (2023) (noting that the Constitution limits a State's regulatory powers to "persons and property *within the limits of its own territory*") (quoting *Hoyt v. Sprague*, 103 U.S. 613, 630 (1881)).

In sum, this decision confirms two critical points. First, the relevant conduct for evaluating state nexus in a DTPA suit is evidence that Google made allegedly misleading statements *in the State*. The required nexus is not shown merely by evidence that users accessed Google's website or software in Texas. *Google*, 2025 WL 52611, at *7. The Plaintiff States cannot regulate Google's out-of-state conduct simply because its citizens viewed online advertisements, or even participated in some in-state transactions using Google's platform. Second, and more important, that Google's products and services are available *anywhere* does not subject it to suit *everywhere*. *Id.* For the same reasons a nationwide corporation cannot be haled into every court in every state, a nationwide corporation cannot be regulated and penalized under the laws of every state for the same conduct. Yet that is precisely what Plaintiffs attempt to do here. *See, e.g.*, FAC ¶ 728 ("Google's conduct was and is directed at consumers nationwide, including in Nevada[.]"). This action, like the Texas state court action, must therefore be dismissed.

Dated: January 14, 2025

                                                Respectfully submitted,

*/s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr (*pro hac vice*)
FRESHFIELDS US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Robert J. McCallum (*pro hac vice*)
FRESHFIELDS US LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 284-4910
Email: rob.mccallum@freshfields.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I certify that on January 14, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

/s/ Kathy D. Patrick
Kathy D. Patrick