# APPENDIX B

## Summary of State Plaintiffs' Litigation Hold and Retention Policies

| State Plaintiff | Documents Retention | Chats Retention |
|---|---|---|
| Alaska | All documents retained typically anywhere between 3 to 7 years. Documents accumulated for investigation/litigation are retained for at least 5 years after close of case.<br><br>Per the Alaska Dept. of Law, OAG Civil Division's Record Retention and Disposition Schedule, litigation files are preserved until the case is closed, plus 15 years. | All Chats (Teams) automatically preserved since July 2017. |
| Arkansas | Formal hold not issued because all documents created/obtained in the course of Arkansas' investigation were preserved in anticipation for litigation. When Arkansas became aware Google believed the state's use of AdTech was relevant, it instructed custodians to retain such records. | All Chats (Teams) are automatically preserved. |
| Florida | The Florida Dept. of Legal Affairs: Investigation records are retained three anniversary year(s) after compliance for Consumer Protection and Unfair Trade Practices matters.<br><br>The Florida OAG had never used AdTech products. The only potentially relevant documents would be contained in the Consumer Complaint Database; the Florida OAG does not dispose of **_any_** documents in this database. | As for ephemeral messages, the FLOAG's retention schedule operates based on the content and purpose of the record, not the format or technology used. |

| | | |
|---|---|---|
| Idaho | Per Idaho's Consumer Protection Division's Document Retention & Destruction policy, the standard retention time is 5 years from the time complaint is closed. Retention is electronic only. | The Consumer Protection Division of the IDAG does not use a "chat" app for business purposes, including this case. |
| Indiana | The records of each division are subject to ten-year document retention schedules (see below). Compliance with these schedules was more than sufficient to preserve all documents, and neither the OAG nor Google has any reason to believe documents were not retained in accordance with these schedules.<br><br>The INOAG Consumer Protection Division Retention Schedule is as follows:<br>• Complaint files: 10 years<br>• Antitrust case files: 10 years<br><br>Consumer Protection Registration: 7 years<br>The INOAG's ordinary course retention practices for email communications are such that it maintains access to emails through a central system without need for any litigation hold. Emails are not subject to any routine destruction, and individual custodians do not have the ability to delete files from the central system. As such, no litigation hold is necessary to preserve all emails indefinitely. | Other categories of documents in the possession of the INOAG Unclaimed Property Division (including chats) are communicated to INOAG, or within INOAG, by email and are thus similarly preserved. |
| Kentucky | The Kentucky OAG's Records Retention Schedule requires all documents related to an | Concerning other correspondence unrelated to official |

|  |  |  |
|---|---|---|
|  | attorneys' litigating file—including materials such as "correspondence," "attorney work product," and "evidence"—to be retained for a total of 8 years after "case closure." The Kentucky OAG's Record Retention Schedule further requires employees to retain similar documents, like "investigators notes" and "correspondence," for a total of 5 years after "case closure." Antitrust specific policies from the same policy instructs that the same materials are to be *permanently* retained by the Commonwealth. | business, the generally applicable Kentucky State Government Records Retention Schedule provides that such "nonbusiness related correspondence" should not be retained. |
| Louisiana | Divisions and sections within the Louisiana Department of Justice (DOJ) keep documents until there is a request that documents be disposed of and documents are approved for disposal. The email boxes of the current and former Department employees have been preserved; and no disposal request has been submitted or approved for any documents related to the pending Ad Tech litigation against Google or any digital advertising campaign that has been run by the Department of Justice.<br><br>All Department documents—including emails to and from current and former Department employees—are maintained in the ordinary course of business, and cannot be disposed of without written authorization from the office of the Louisiana Secretary of State. No such authorization was ever sought or received concerning the documents related to the Ad Tech litigation, and therefore all | Louisiana AG's office is unaware of any communications related to Ad Tech or this litigation occurring via chats. |

| | | |
|---|---|---|
| | potentially relevant documents have been preserved. | |
| Mississippi | Documents retained in light of Mississippi OAG Retention Policies:<br>• Retention policy #6260 covers the retention of Consumer Protection case files.<br>• Retention Policy #6251 covers the retention of Consumer Protection correspondence that accompanies a consumer complaint.<br>• Retention policy #6252 covers the retention of Consumer Protection correspondence that does not accompany a consumer complaint. | There is no separate retention policy for chats. |
| Missouri | Documents retained per the Missouri OAG Agency Records Disposition Schedule. The Attorney General's legal files (including the accompanying investigation file) are retained for 50 years before being archived.<br>• Litigation files: 50 months<br>• Consumer Complaint Files: 10 months | OAG does not use instant messaging system.<br><br>Missouri's Rule 30(b)(6) witness. Michael Schwalbert, states that emails/chats fall under "Litigation files." |
| Montana | Montana's Office of Consumer Protection (OCP) has a practice of not deleting business related email and therefore a specific litigation hold memo was not necessary. In addition, as this is an active case, OCP would not delete documents related to this matter | OCP uses Microsoft Teams, which includes a chat capability. OCP does not delete Teams messages. |

| | | |
|---|---|---|
| | Montana OAG's files are retained for either 5 or 10 years. | |
| Nevada | As reflected in the transcript from Nevada AG's Rule 30(b)(6) deposition testimony, it did not issue any litigation holds because it was not apparent that any public-facing Nevada state agency websites contained advertising purchased via the Ad Tech products at issue in this case However, after discovering there were some responsive agencies, Nevada worked diligently with Google to produce 45,337 documents, and Google deposed representatives from two of those agencies.<br><br>The official Nevada OAG retention policy for consumer complaints is three years. | Nevada's retention policy, provided to defense counsel, does not include any chat-specific, or messaging-app specific, requirements. |
| North Dakota | Documents retained per the North Dakota State Government Document Retention Schedule:<br>• Litigation files are retained after the case closed, plus 6 years.<br><br>The North Dakota Attorney General generally does not issue litigation hold for antitrust enforcement actions, as all relevant documents are contained in the Attorney General's investigation file. We did, however, issue a litigation hold within the office in connection with an inquiry into whether any other divisions of the office would have any responsive documents to Google's discovery requests, despite the belief that no other division had any documents | Employees of the North Dakota OAG were generally given Microsoft Teams Chat access in March of 2020.<br>As pointed out by Google, in September of 2020 the North Dakota State IT Department implemented the one-year retention of Teams Chat messages.<br><br>Largely, Teams is used for internal office communications regarding matters relating to staff matters, work assignments, and schedules. The custodians identified as |

| | | |
|---|---|---|
| | relevant to this litigation. The office-wide litigation hold covered the North Dakota Lottery Division. | having potentially relevant records in this matter do not use Teams Chat for official matters and in a way that would create a record responsive to Google's discovery requests. |
| Puerto Rico | Documents retained in light of the PRDOJ document rention policy, which keeps all e-mails and electronic files for 10 years and otherwise has no written policies regarding (1)the issuance of separate per-matter litigation holds or (2) document preservation. As we've stated previously, those matters are handled by the PRDOJ's Head of IT and Administrator of Records | The PRDOJ has no ordinary course retention period for WhatsApp messages because there is no policy permitting the use of WhatsApp to conduct official government business within the PRDOJ. The PRDOJ does not own or otherwise pay for its employees' cell phones and as such any messages sent by individuals on their personal devices are not within the possession, custody, or control of the PRDOJ. |
| South Carolina | According to the SCOAG Office manual, Matter files must be retained for five years and destroyed after only upon approval by Dept. of Archives & History (DAH). Legal Case Files After closing, the hard copy of a case file is stored for six months in the OAG, and hereafter, it is to be transferred to the Records Center for fifteen years. Destroy after approval by DAH. | Per office policy, SCOAG staff did not send any instant messages about the Google Ad Tech case. *See* South Carolina Attorney General Office Manual § 4, p. 9 (providing that instant messages should be used for "informal communication on non-substantive matters" |

| | | |
|---|---|---|
| South Dakota | Documents retained in light of South Dakota OAG Records Retention and Destruction Schedule:<br>• Complaint files **(Consumer Protection)**: Scan and retain scanned paper for 1 year, then destroy. For electronic files, retain in an Electronic Document Management System for 6 years, then destroy provided no litigation or claims are pending, and final action has been taken on the records.<br>• Electronic communication Records **(OAG Administrative)**: "If the message is an official record made or received pursuant to law or in connection with the transaction of official business, the retention period should be covered by an existing record series in the respective agency's retention manual. Non-record messages: Retain until action has been taken, then destroy or delete." | There are no "chat" communications related to this matter. |
| Texas | Documents retained in light of the Texas OAG Record Retention Schedule:<br>• Litigation files are retained after case is closed, plus five years.<br>• Civil suits (complaints filed under antitrust statue) are retained at | Chats about agency matters would fall under Record Series Item No. 1.1.008 (Agency Item No. 8):<br><br>**Correspondence – General:** Non-administrative incoming/outgoing and |

| | | |
|---|---|---|
| | the end of every fiscal year, plus two years.<br><br>It is the policy and practice of the OAG that employees add all relevant documents (including chats) to litigation or investigation files, which are preserved until the conclusion of litigation plus five years. (See OAG Retention Schedule, Agency Item Nos. 14, 19, 64.) Even if a chat is not immediately added to a litigation file, it is still automatically retained for 30 days | internal correspondence, in any media, pertaining to or arising from the routine operations of the policies, programs, services, or projects of an agency. |
| Utah | As to both the Utah Attorney General's Office, Division of Antitrust & Data Privacy ("AGO"), and the Utah Dept. of Commerce, Division of Consumer Protection ("DCP"), it would've been redundant to issue a litigation hold letter given the 15-year records retention schedules that employees of both agencies are required to follow. (Series 9593)<br><br>Unlike the AGO, the DCP has made ad agency purchases. DCP records are governed by general and agency-specific retention schedules. Per general retention schedule, State Government Routine Administrative Correspondence (GRS-48), routine business-related correspondence, regardless of format, is subject to a 7-year retention schedule. Additionally, some communications relevant to DCP's advertising may be | The AGO per policy, is required to preserve text messages. However, please note that the AGO has not made digital ad agency purchases in this matter.<br><br>DCP's retention of chats occurs automatically according to a default setting in the chat system. DCP has investigated and determined that no custodian has changed the default retention setting. |

| | | |
|---|---|---|
| | subject to permanent retention per general retention schedule, State Agency Executive Correspondence (GRS-1758). Retention of emails occurs automatically according to rules settings in the email systems. | |