# Exhibit 13
# Filed Under Seal

HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2               FOR THE EASTERN DISTRICT OF TEXAS
 3                        SHERMAN DIVISION
 4    THE STATE OF TEXAS, et al.,  )
                                   )
 5             Plaintiffs,         )
                                   )
 6    vs.                          )   Case No.
                                   )   4:20-cv-000957-SDJ
 7    GOOGLE LLC,                  )
                                   )
 8             Defendant.          )
 9
10
11    *********************************************
12               VIDEOTAPED ORAL DEPOSITION OF
13                     JACOB HOCHSTETLER
14                     DECEMBER 16, 2024
15    HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER
16    *********************************************
17
18        On the 16th day of December, 2024, at 9:10 a.m.,
19    the videotaped oral deposition of the above-named
20    witness was taken at the instance of the Defendant,
21    Google LLC, before Michelle L. Munroe, Certified
22    Shorthand Reporter in and for the State of Texas, at
23    Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite
24    3600, Dallas, Texas, pursuant to Notice and the
25    agreement hereinafter set forth.
```

1  turning off Chat history; is that correct?
2           MS. NAJAM: Objection; form and
3  leading.
4       A.  Yes.
5       Q.  Opposing counsel referred to ▮▮▮▮▮
6  deposition several times, right?
7       A.  Yes.
8       Q.  I believe she cited to his comments in
9  Mr. Malkiewicz's report stating that Google had put
10 in several hundred hours across a team to develop
11 and roll out the technology to preserve chats for
12 specific employees; is that correct?
13          MS. NAJAM: Objection to form and
14 leading.
15      A.  That's correct.
16      Q.  Is a couple hundred hours a long time for
17 a company the size of Google to develop and roll out
18 software?
19          MS. NAJAM: Objection to form.
20      A.  Not for a company the size of Google.
21      Q.  How much real time is a couple hundred
22 hours for a team to develop this sort of software
23 for a company the size of Google?
24          MS. NAJAM: Objection; form.
25      A.  I would estimate one sprint.

HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

Page 269

1  Q.  How long is a sprint?
2  A.  Normally it would be two weeks.
3  Q.  Opposing counsel also asked you about
4  apples-to-apples comparisons with -- between emails
5  and chats.
6      Do you recall that?
7  A.  Yes.
8  Q.  And part of that was that each new email
9  on a chain may be a new document, right?
10 A.  Yes.
11 Q.  It isn't necessarily true that all of the
12 produced documents started with a single email and
13 built from there, right?
14          MS. NAJAM:  Objection; form and
15 leading.
16 A.  That's true.
17 Q.  Some of the produced emails may have just
18 been the entire chain in one fell swoop, correct?
19          MS. NAJAM:  Objection; form and
20 leading.
21 A.  That's correct.
22 Q.  Taking opposing counsel's apples-to-apples
23 comparison as true, are you still able to use the
24 number of emails as a check for your chats analysis?
25 A.  Yes.

HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

Page 274

1   A. Yes.
2   Q. You're taking the local reference to mean
3   this is a user-by-user determination?
4   A. That's correct.
5   Q. Besides Exhibit 9, am I right that you
6   don't have any other indication that back in 2015
7   Google had the capability to do what it ultimately
8   did in February of 2023?
9        MR. HILLEGAS: Objection; form.
10  A. Beyond the document I found, I did not do
11  any searching.
12  Q. And you testified just now when counsel
13  was asking you to agree with him on certain
14  statements. You said in your view in terms of the
15  ████████████████████████████████████████████████
16  make the change, that's a sprint. That's two weeks
17  in your opinion?
18  A. Yes.
19  Q. Is the word "sprint" contained in any of
20  your reports or declarations in this case?
21  A. No.
22  Q. It's your opinion that that's a two-week
23  effort. Is that contained in either of your reports
24  or your declaration in this case?
25  A. No. Different companies have different

HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

Page 275

```
 1   lengths of sprints.  It really depends upon the
 2   internal team dynamics and how they use the software
 3   development life cycle.  But, in general, a sprint
 4   is two weeks.
 5              MS. NAJAM:  Object as nonresponsive
 6   beyond "no."
 7       Q.  I just want to clarify for the record.
 8   Did you include in either of your reports or your
 9   declaration your opinion we just heard that it would
10   have taken Google just two weeks of work to make the
11   change it ultimately did on February 8th?
12              MR. HILLEGAS:  Objection; form.
13       A.  I don't make that claim in my report.
14       Q.  It's a new opinion today, right?
15       A.  Yes.
16       Q.  And just to clarify for the record, before
17   plaintiffs' counsel came in and asked you a bunch of
18   questions -- I don't want the hear the content of
19   any conversations -- did y'all meet for roughly 35
20   minutes?
21              MR. HILLEGAS:  You may give the time
22   but no other information.
23       Q.  It was just a yes or no.
24       A.  Yes.
25              MS. NAJAM:  All right.  Thank you.  I
```

HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

Page 276

1  have no further questions.
2              MR. HILLEGAS:  No questions from me.
3              THE VIDEOGRAPHER:  Off the record,
4  6:26.
5              (Deposition concluded at 6:26 p.m.)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

Page 278

1
2
3
4
_____
(Signature of the Witness)
5
6
7
8  THE STATE OF _____
9  COUNTY OF _____
10
11     Subscribed and sworn to before me by the said
12 witness, JACOB HOCHSTETLER, on this the _____
13 day of _____, 2024.
14
15
_____
16 Notary Public in and for the
State of _____
17 County of _____
18 My commission expires: _____
19
20
21
22
23
24
25     Job No. CS7067190