

January 28, 2025

*Via E-Filing*
The Honorable Judge Sean D. Jordan
United States District Court Judge, Eastern District of Texas
United States Courthouse
7940 Preston Rd.
Plano, Texas 75024

      Re:    *The State of Texas, et al, v. Google LLC,* Civil Action No. 4:20-cv-00957

Dear Judge Jordan:

Over the past week, counsel for Google conferred several times with counsel for the States to develop a proposed agenda for the Status Conference, together with an agreed schedule for the exchange of pretrial materials. Earlier this afternoon, the States advised that they no longer wished to send a joint agenda letter to the Court, so Google writes to propose the following agenda of matters for discussion at tomorrow's Status Conference. Many of these agenda items were identified in Google's Status Conference Request, ECF 758. All have been discussed with counsel for the States in these earlier discussions.

The matters Google suggests for discussion with the Court are below.

**1.    Pretrial Order Issues**

The parties are working to prepare the Joint Pretrial Order ("JPTO"), which is currently due on February 28, 2025.

Google would welcome guidance from the Court on the expected timing of the Court's ruling on the following substantive motions, as their resolution may affect the JPTO.

    a.    Google's Motion to Dismiss under Federal Rule 12(b)(1) (ECF 200)

    b.    Google's Motion to Dismiss under Federal Rule 12(b)(6) (ECF 202)

Also pending before the Court are motions for summary judgment, to exclude experts, and other trial-related evidence matters:

    c.    Google's Motion for Summary Judgment on Plaintiffs' DTPA Claims (ECF 672);

    d.    Google's Motion for Summary Judgement on Plaintiffs' Antitrust Claims (ECF 674);

The Honorable Judge Sean D. Jordan
January 28, 2025
Page 2

> e. Google's Omnibus Motion to Exclude Expert Testimony (ECF 668);
>
> f. Google's Motion to Strike Improper Rebuttal Opinions of Witnesses DeRamus and Somayaji (ECF 613); and
>
> g. Google's Motion to Strike and/or Exclude testimony from Plaintiffs' Chat-related experts Jacob Hochstetler and Ignatius Grande (ECF 762 & 764).

The Court's decision on these motions may likewise affect the content of the JPTO. Guidance concerning when they might be resolved or issuance of a ruling, with an opinion to follow, would be helpful to Google.

**2.    Trial Sequence and Trial Type**

Google would also welcome guidance on two other motions that are important to the trial preparation and to the JPTO:

> a. Google's Motion to Bifurcate the Liability Finding from Assessment of Penalties (ECF 635); and
>
> b. Google's Motion to Strike Plaintiffs' Jury Demand for All Claims and Civil Penalties (ECF 690).

Resolution of these motions will affect whether the parties must submit proposed Findings of Fact and Conclusions of Law, as are required for a bench trial, or proposed jury instructions and a verdict form, if one or more issues will be tried to a jury. Decisions on these motions may also affect the expected length and scope of the trial, as well as proposed questions for voir dire, if any issues are to be tried by the jury.

3.    **Trial Procedures**

Trial is set to begin on March 31, 2025. In anticipation of that, the parties have worked cooperatively to try to reach agreement on dates for required pretrial exchanges. There are certain questions related to these exchanges on which it would be helpful to have the Court's views and the parties will be prepared to discuss these questions at the Status Conference.

> a.    **Time Limits/Chess Clock**.

Google believes a timing order, which ensures each side receives equal time at trial, is essential to ensure both sides have an adequate opportunity to present their cases. Google discussed with the States an order that would afford each side an equivalent number of trial hours, with all time used by that side—whether in direct examination, cross-examination, rebuttal, or reading and playing deposition testimony—counted toward that party's time allocation. What is the Court's practice regarding each side receiving equal time at trial and the Court keeping track of time?

The Honorable Judge Sean D. Jordan
January 28, 2025
Page 3

      b.      **Interim Argument.**

Google has suggested that the Court allow interim argument during trial.

In a lengthy trial, some courts afford each side a budget of 60-90 minutes of interim argument time that they may use at their discretion, after opening statements and before closing arguments, for emphasis or explanatory purposes during the trial. For example, Google might want to conclude the examination of witness X with 7 minutes of argument regarding the significance of the testimony just presented. Plaintiff States would have no need to respond with argument of their own, unless they wished, but any responsive argument would count against their own, interim argument budget.

Is the Court is willing to consider allotting the parties time for interim argument?

      c.      **Preliminary Jury Instructions.**

If this remains a jury trial, Google requests that preliminary jury instructions be given to the jury regarding the nature of the claims and the law that will guide their decision, before the presentation of the evidence begins.

In a bench trial, the parties' Proposed Findings of Fact and Conclusions of law are submitted in advance of trial to frame the presentation of the evidence. Preliminary jury instructions, given after a jury is empaneled and before opening statements, can serve the same function in a jury trial.

Given the complexity of the issues raised by Plaintiffs' claims, if the Court wishes to consider such instructions, the parties can incorporate a deadline to provide them for the Court's consideration in the JPTO.

      d.      **Verdict Form.**

Similarly, if any issues are to be tried to a jury, it would be helpful to know how the Court will require any jury to render its verdict under Fed. R. Civ. P. 49. The Rule permits the Court to require the jury to answer a special verdict, Fed. R. Civ. P. 49(a), a general verdict with answers to written questions, *id*. at 49(b), or in a hybrid form.

4.      **Briefing Schedule on Unresolved Questions of Law**.

At the last status conferenced, the Court commented that it might need further briefing on "how proof is going to be made on violations and the nature of penalties in relation to violations," *see* 11/12/2024 Hrg. Tr. at 39, and "how liability must be proved," *id*. at 41, for each DTPA statute. If the Court still seeks such briefing, Google believes it would be helpful to know the schedule on which the Court wishes to receive briefing on these or any other legal issues.

The Honorable Judge Sean D. Jordan
January 28, 2025
Page 4

5.  **Additional Argument.**

The parties are available at a future hearing to present oral argument to address any of the pending motions, if it would be helpful to the Court.

                Very truly yours,

                **Gibbs & Bruns LLP**

                */s/ Kathy D. Patrick*
                Kathy D. Patrick
                State Bar No. 15581400
                KPatrick@gibbsbruns.com
                Ayesha Najam
                Texas Bar No. 24045607
                anajam@gibbsbruns.com
                1100 Louisiana, Suite 5300
                Houston, Texas 77002
                Tel.: (713) 650-8805
                Fax: (713) 750-0903

                Eric Mahr (*pro hac vice*)
                eric.mahr@freshfields.com
                Freshfields Bruckhaus Deringer US LLP
                700 13th Street, NW
                10th Floor
                Washington, DC 20005
                Telephone: (202) 777-4545

                *Attorneys for Defendant Google LLC*

Cc:    All Counsel of Record