# EXHIBIT 1
# [FILED UNDER SEAL]

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 1

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE EASTERN DISTRICT OF TEXAS

3    SHERMAN DIVISION

4

5    ------------------------------X

6    THE STATE OF TEXAS, ET AL.,

7              PLAINTIFFS,

8        V.   CASE NO. 4:20-CV-00957-SDJ

9    GOOGLE LLC,

10             DEFENDANT.

11   ------------------------------X

12

13           HIGHLY CONFIDENTIAL

14           ATTORNEYS' EYES ONLY

15         VIDEOTAPE DEPOSITION OF

16           IGNATIUS A. GRANDE

17           DECEMBER 19, 2024

18               9:06 A.M.

19

20

21

22

23

24   JOB NO. CS7075142

25

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 2

1

2          VIDEOTAPED DEPOSITION OF IGNATIUS A.

3     GRANDE, TAKEN BY DEFENDANT PURSUANT TO

4     NOTICE, HELD AT THE OFFICES OF NORTON ROSE

5     FULBRIGHT US LLP, 1301 AVENUE OF THE

6     AMERICAS, NEW YORK, NEW YORK 10019,

7     STENOGRAPHICALLY TAKEN BEFORE MAUREEN RATTO,

8     A REGISTERED PROFESSIONAL REPORTER,

9     CERTIFIED COURT REPORTER AND NOTARY PUBLIC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 3

```
 1   A P P E A R A N C E S:

 2

 3   ON BEHALF OF THE PLAINTIFFS - THE STATE OF

 4   TEXAS, ET AL.:

 5       NORTON ROSE FULBRIGHT US LLP

 6       2200 ROSS AVENUE

 7       DALLAS, TEXAS 75201

 8       BY:  JAMES S. RENARD, ESQ.

 9           JAMES.RENARD@NORTONROSEFULBRIGHT.COM

10           DANIELLA TORREALBA, ESQ.

11         DANIELLA.TORREALBA@NORTONROSEFULBRIGHT.COM

12

13       NORTON ROSE FULBRIGHT US LLP

14       799 9TH STREET NW

15       WASHINGTON, DC  20001

16       BY: MARISA MADARAS BONAPARTE, ESQ. (ZOOM)

17       MARISA.BONAPARTE@NORTONROSEFULBRIGHT.COM

18

19       NORTON ROSE FULBRIGHT US LLP

20       98 SAN JACINTO BOULEVARD

21       AUSTIN, TEXAS  78701

22       BY:  ETHAN GLENN, ESQ. (ZOOM)

23           ETHAN.GLENN@NORTONROSEFULBRIGHT.COM

24             - AND -

25
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 4

```
 1    A P P E A R A N C E S,  CONTINUED:
 2       LANIER LAW FIRM
 3       10940 WEST SAM HOUSTON PARKWAY NORTH
 4       HOUSTON, TEXAS 77064
 5       BY:  ALEX ABSTON, ESQ.
 6            ALEX.ABSTON@LANIERLAWFIRM.COM
 7
 8    ON BEHALF OF THE DEFENDANT - GOOGLE LLC:
 9       GIBBS & BRUNS, LLP
10       1100 LOUISIANA
11       WORLD TRADE CENTER
12       HOUSTON, TEXAS 77002
13       BY:  AYESHA NAJAM, ESQ.
14            ANAJAM@GIBBSBRUNS.COM
15            ELISA WULFSBERG, ESQ.
16            EWULFSBERG@GIBBSBRUNS.COM
17                -AND-
18       FRESHFIELDS BRUCKHAUS DERINGER, LLP
19       3 WORLD TRADE CENTER
20       175 GREENWICH STREET
21       NEW YORK, NEW YORK  10007
22       BY:  RYAN HICKS, ESQ.  (ZOOM)
23            RYAN.HICKS@FRESHFIELDS.COM
24
25
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 5

1    A P P E A R A N C E S, CONTINUED:

2    ALSO PRESENT:

3    RONALD MARRAZZO, LEGAL VIDEO SPECIALIST

4    JONATHAN JAFFE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 6

1          VIDEOGRAPHER:  GOOD MORNING.

2     WE ARE NOW GOING ON THE RECORD. THE

3     TIME IS APPROXIMATELY 9:06 A.M.  IT

4     IS THE 20TH OF DECEMBER, 2024.

5          PLEASE NOTE THAT THE

6     MICROPHONES ARE SENSITIVE AND MAY

7     PICK UP WHISPERING AND PRIVATE

8     CONVERSATIONS. PLEASE MUTE YOUR

9     PHONES AT THIS TIME.

10          AUDIO AND VIDEO RECORDING WILL

11     CONTINUE TO TAKE PLACE UNLESS ALL

12     PARTIES AGREE TO GO OFF THE RECORD.

13          THIS IS THE VIDEO-RECORDED

14     DEPOSITION OF IGNATIUS GRANDE IN

15     THE MATTER OF STATE OF TEXAS, ET AL

16     VERSUS GOOGLE LLC.

17          THIS CASE IS FILED WITH THE

18     UNITED STATES DISTRICT COURT, FOR

19     THE EASTERN DISTRICT OF TEXAS,

20     SHERMAN DIVISION. DOCKET NO. IS

21     4:20-CV-00957-SDJ. LOCATION OF THIS

22     DEPOSITION IS NORTON ROSE

23     FULBRIGHT, LOCATED AT 1301 AVENUE

24     OF THE AMERICAS IN NEW YORK CITY.

25          MY NAME IS RON MARRAZZO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 7

1      REPRESENTING VERITEXT LEGAL

2      SOLUTIONS. AND OUR COURT REPORTER

3      IS MAUREEN RATTO, FROM THE FIRM OF

4      VERITEXT LEGAL SOLUTIONS.

5          I AM NOT RELATED TO ANY PARTY

6      IN THIS ACTION, NOR AM I

7      FINANCIALLY INTERESTED IN ITS

8      OUTCOME.

9          IF THERE ARE ANY OBJECTIONS TO

10     THIS PROCEEDING PLEASE STATE THEM

11     AT THE TIME OF YOUR APPEARANCE. ALL

12     COUNSEL ATTENDING LIVE WILL STATE

13     THEIR APPEARANCES AND AFFILIATIONS

14     FOR THE RECORD, BEGINNING WITH THE

15     NOTICING ATTORNEY.

16         MS. NAJAM:  AYESHA NAJAM FROM

17     GIBBS & BRUNS ON BEHALF OF GOOGLE.

18     ALONG WITH ME, SHE WILL NOT BE

19     QUESTIONING, IS ELISA WULFSBERG,

20     ALSO FROM OUR FIRM.

21         MR. RENARD:  JIM RENARD AND

22     DANIELLA TORREALBA FROM NORTON ROSE

23     FULBRIGHT AND ALEX ABSTON WITH THE

24     LANIER LAW FIRM, REPRESENTING THE

25     PLAINTIFFS AND THE WITNESS.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 8

1          VIDEOGRAPHER:  VERY GOOD. WE

2      CAN NOW SWEAR IN THE WITNESS AND

3      PROCEED.

4              *  *  *

5  I G N A T I U S  A.  G R A N D E,

6  HAVING BEEN FIRST DULY SWORN ACCORDING

7  TO LAW BY THE OFFICER, TESTIFIES AS

8  FOLLOWS:

9  DIRECT EXAMINATION BY MS. NAJAM:

10      Q.    MR. GRANDE, HAVE YOU EVER BEEN

11  DEPOSED BEFORE?

12      A.    I HAVE NOT.

13      Q.    BUT AM I RIGHT THAT YOU USED

14  TO PRACTICE LAW?

15      A.    THAT'S CORRECT.

16      Q.    WHEN YOU PRACTICED LAW DID YOU

17  PARTICIPATE IN DEPOSITIONS?

18      A.    I DID.

19      Q.    SO CAN I FAIRLY ASSUME THAT

20  YOU UNDERSTAND THE BASIC PROCESS OF

21  DEPOSITIONS IN TERMS OF QUESTIONS AND

22  ANSWERS AND THE RECORD AND OBJECTIONS?

23      A.    I DO.

24      Q.    OKAY. THE TWO THINGS I DID

25  WANT TO REMIND YOU OF BEFORE WE GO ANY

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 9

1    FURTHER IS THAT WE WILL BE TAKING BREAKS

2    AND WE WILL BASICALLY BE BREAKING ONCE

3    EVERY HOUR, BUT IF SOMETHING ARISES AND

4    YOU NEED A BREAK QUICKER THAN ROUGHLY

5    ONCE A HOUR, PLEASE LET ME KNOW.

6              THE SECOND THING TO REMEMBER

7    IS OBVIOUSLY THE REPORTER IS GOING TO

8    TAKE DOWN EVERYTHING WE SAY AND I ASK YOU

9    TO PLEASE WAIT FOR ME TO FINISH MY

10   QUESTIONS BEFORE YOU ANSWER.

11             FINALLY, IF I ASK YOU

12   SOMETHING AND IT DOESN'T MAKE ANY SENSE

13   OR YOU SIMPLY NEED IT RESTATED, PLEASE

14   LET ME KNOW AND I CAN DO THAT FOR YOU.

15   HOWEVER, IF YOU ANSWER THE QUESTION LIKE

16   I ASKED IT, CAN I PLEASE ASSUME THAT YOU

17   UNDERSTOOD MY QUESTION?

18        A.    CAN YOU --

19        Q.    SO IF I ASK YOU A QUESTION,

20   AND YOU DON'T ASK FOR CLARIFICATION, AND

21   YOU GO AHEAD AND ANSWER THAT, CAN I

22   ASSUME THAT YOU UNDERSTOOD MY QUESTION AS

23   ASKED?

24        A.    YES.

25        Q.    NOW, MR. GRANDE, ARE YOU

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 10

1    CURRENTLY IN THE FIELD OF EDISCOVERY

2    CONSULTING?

3          A.    YES, THAT'S CORRECT.

4          Q.    DO YOU HAVE A LAW DEGREE?

5          A.    I DO.

6          Q.    AND THAT WAS FROM GEORGETOWN;

7    IS THAT CORRECT?

8          A.    GEORGETOWN UNIVERSITY LAW

9    CENTER.

10         Q.    ARE YOU CURRENTLY ACTIVELY

11   LICENSED TO PRACTICE LAW IN ANY STATE?

12         A.    I AM.

13         Q.    WHAT STATE IS THAT?

14         A.    NEW YORK AND CONNECTICUT.

15         Q.    HAVE YOU EVER HAD A LICENSE TO

16   PRACTICE LAW IN THE STATE OF TEXAS?

17         A.    NO.

18         Q.    CALIFORNIA?

19         A.    NO.

20         Q.    HAVE YOU PRACTICED LAW SINCE

21   2018?

22         A.    NO.

23         Q.    AND AM I RIGHT THAT THAT WAS

24   THE YEAR WHEN YOU MOVED FROM PRACTICING

25   LAW INTO EDISCOVERY CONSULTING WITH BRG?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 11

1          A.    YES.

2          Q.    DO YOU STILL REFER TO YOURSELF

3    AS A LAWYER?

4          A.    I STILL AM AN ATTORNEY.  I'M

5    NOT A PRACTICING ATTORNEY.

6          Q.    IF SOMEONE ASKS YOU AT A

7    COCKTAIL PARTY WHAT YOU DO DOES LAWYER

8    ENTER YOUR ANSWER?

9              MR. RENARD:  OBJECTION TO

10        FORM.

11         A.    I USUALLY REFER TO MYSELF AS A

12   TECHNOLOGY ADVISOR, EDISCOVERY ADVISOR.

13         Q.    BUT YOU ARE STILL AN ATTORNEY

14   IN YOUR VIEW; IS THAT RIGHT?

15         A.    YES.

16         Q.    SO AS YOU PROBABLY HEARD OFF

17   THE RECORD, I REPRESENT GOOGLE IN THIS

18   LAWSUIT. YOU DON'T REPRESENT ANY OF THE

19   STATES WHO HAVE BROUGHT THIS LAWSUIT, DO

20   YOU?

21         A.    NO.

22         Q.    AND IN FACT, AM I RIGHT THAT

23   YOU WERE HIRED BY ONE OF THOSE STATES,

24   MORE SPECIFICALLY THE ATTORNEY GENERAL OF

25   TEXAS?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 12

1          A.     YES.

2          Q.     SO TO RECAP THAT, YOU'RE AN

3    ATTORNEY WHO'S BEEN HIRED BY THE

4    PLAINTIFFS' ATTORNEYS TO OFFER THE

5    OPINION THAT YOU OFFER IN THIS CASE; IS

6    THAT RIGHT?

7          A.     NO.

8          Q.     YOU WEREN'T OFFERED TO -- YOU

9    WEREN'T HIRED TO OFFER OPINIONS IN THIS

10   CASE?

11         A.     YES.

12         Q.     OKAY. AND ONE OF THOSE

13   OPINIONS HAS TO DO WITH WHETHER GOOGLE

14   SPOLIATED EVIDENCE; RIGHT, SIR?

15         A.     NO.

16         Q.     IS IT YOUR OPINION THAT GOOGLE

17   SPOLIATED EVIDENCE?

18         A.     IT'S -- IT'S MY OPINION THAT

19   DATA WAS NOT PRESERVED IN A TIMELY MANNER

20   IN THIS MATTER.

21         Q.     SIR, YOU USED THE WORD

22   SPOLIATION IN YOUR EXPERT REPORT IN THIS

23   CASE, DIDN'T YOU?

24         A.     I BELIEVE I DID IN THE CONTEXT

25   OF -- OF MY CONCLUSIONS, YES.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 13

1         Q.     IT'S ONE OF YOUR CONCLUSIONS,

2    IS IT NOT?

3         A.     THE DATA WAS LOST, CORRECT.

4         Q.     AND MY QUESTION WASN'T WHETHER

5    YOU OPINED THAT DATA WAS LOST. ISN'T IT

6    TRUE THAT YOUR OPINIONS, WHETHER WE'RE

7    TALKING ABOUT YOUR REPORT OR YOUR

8    DECLARATIONS, ACCUSE GOOGLE OF

9    SPOLIATION?

10              MR. RENARD:  OBJECTION TO

11        FORM.

12        A.     I MAKE NO ACCUSATIONS, ONLY

13   OPINIONS IN MY EXPERT REPORT.

14        Q.     ONE OF YOUR OPINIONS THAT

15   YOU'RE OFFERING TO THE COURT -- LET'S

16   BACK UP.

17              ONE OF THE THINGS THAT YOU

18   SUBMITTED BEFORE YOU ISSUED A REPORT IN

19   THIS CASE WAS A DECLARATION; DO YOU

20   RECALL THAT?

21        A.     YES.

22        Q.     YOU SIGNED A DECLARATION

23   PURSUANT TO THE LAWS OF PERJURY, RIGHT?

24        A.     CORRECT.

25        Q.     AND YOU KNEW THAT THAT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 14

1  DECLARATION WAS TO BE SUBMITTED IN

2  SUPPORT OF A MOTION SEEKING SANCTIONS

3  AGAINST MY CLIENT, RIGHT?

4       A.   YES.

5       Q.   AND YOU KNEW THAT THE

6  DECLARATION WAS BEING SUBMITTED IN

7  SUPPORT OF AN ALLEGATION OF SPOLIATION;

8  RIGHT, SIR?

9       A.   YES.

10       Q.   AND THE WORD "SPOLIATION",

11  THAT MEANS THE LOSS OR DESTRUCTION OF

12  POTENTIALLY RELEVANT EVIDENCE AT A TIME

13  WHEN A PARTY WAS UNDER A DUTY TO PRESERVE

14  IT; IS THAT RIGHT?

15       A.   YES, THAT SOUNDS ABOUT RIGHT.

16       Q.   AND IN YOUR REPORT YOU USE THE

17  PHRASE "THIS IS WHAT MAKES GOOGLE'S

18  SPOLIATION IN THIS CASE SO DAMNING"; DO

19  YOU RECALL THAT?

20       A.   I BELIEVE SO, YES.

21       Q.   OKAY. AND YOU ARE OPINING,

22  AREN'T YOU, ON THE STANDARDS THAT YOU

23  BELIEVE GOOGLE SHOULD HAVE FOLLOWED WITH

24  RESPECT TO RETENTION OF CHAT MESSAGES, IN

25  PARTICULAR, CORRECT?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 15

1        A.    YES.

2        Q.    YOU'RE OFFERING AN OPINION ON

3   GOOGLE'S DUTIES IN THIS CONTEXT, RIGHT?

4        A.    CORRECT.

5        Q.    AND YOU'RE ALSO OPINING THAT

6   GOOGLE VIOLATED THOSE DUTIES, RIGHT, SIR?

7        A.    YES.

8        Q.    OKAY. SO TO START -- TO GO

9   BACK TO WHERE WE STARTED, YOU'RE A LAWYER

10  WHO'S BEEN HIRED BY THE PLAINTIFFS'

11  LAWYERS TO OFFER AN OPINION RELATED TO

12  THE ACCUSATIONS THAT GOOGLE SPOLIATED

13  EVIDENCE, TRUE?

14           MR. RENARD:   OBJECTION TO

15       FORM.

16       A.    YES.

17       Q.    I TAKE IT YOU ARE FAMILIAR

18  WITH THE FEDERAL RULE OF EVIDENCE 37(E)?

19       A.    I AM.

20       Q.    AND AM I RIGHT THAT RULE

21  ALLOWS A COURT TO IMPOSE SANCTIONS FOR A

22  PARTY'S FAILURE TO PRESERVE WHAT WE'RE

23  GOING TO CALL ESI, THAT IS ELECTRONICALLY

24  STORED INFORMATION?

25       A.    YES.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 16

1        Q.    AND YOU ARE OPINING IN THIS

2    CASE, AREN'T YOU, SIR, THAT ALL THE

3    ELEMENTS OF 37(E) WERE MET HERE?

4            MR. RENARD:  OBJECTION TO

5        FORM.

6        A.    MY ROLE IS NOT TO MAKE LEGAL

7    OPINIONS IN THIS CASE. I -- I HAVE OPINED

8    TO WHETHER OR NOT GOOGLE PRESERVED

9    EVIDENCE IN COMPLIANCE WITH INDUSTRY

10   STANDARDS AND PRACTICES.

11       Q.    OKAY. I WANT TO MAKE SURE I

12   UNDERSTOOD THAT.

13            WHEN YOU SAID YOUR ROLE IS TO

14   NOT MAKE LEGAL OPINIONS IN THIS CASE, IS

15   THE REASON FOR THAT THAT YOU THINK THAT

16   WOULD BE IMPROPER?

17       A.    I BELIEVE THAT'S UP TO THE

18   TRIER OF FACT.

19       Q.    THE TRIER OF FACT IS THE ONE

20   THAT SHOULD BE DECIDING WHETHER THE

21   ELEMENTS OF 37(E) WERE MET, AGREED?

22            MR. RENARD:  OBJECTION TO

23       FORM.

24       A.    YES.

25       Q.    AND YOU SAID YOUR ROLE IS TO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 17

1    OPINE ON INDUSTRY STANDARDS AND

2    PRACTICES. DID I HEAR THAT CORRECTLY?

3          A.    YES.

4          Q.    BUT, SIR, YOUR REPORT

5    REFERENCES NOT JUST INDUSTRY STANDARDS

6    BUT ALSO LEGAL STANDARDS, DOES IT NOT?

7          A.    IT REFERENCES THEM.

8          Q.    FOR EXAMPLE, THE FEDERAL RULES

9    OF CIVIL PROCEDURE, THOSE ARE LEGAL

10   STANDARDS, RIGHT?

11         A.    YES.

12         Q.    AND YOU CITE A BUNCH OF CASE

13   -- I'LL ASK A BETTER QUESTION. STRIKE

14   THAT.

15               IN YOUR REPORT YOU CITE TO

16   SEVERAL CASES, THAT IS DECISIONS FROM

17   COURTS ACROSS THE UNITED STATES IN

18   SUPPORT OF YOUR OPINIONS, RIGHT, SIR?

19         A.    YES.

20         Q.    THAT'S LAW, RIGHT?

21         A.    YES.

22         Q.    BACK TO RULE 37(E).  ISN'T IT

23   TRUE THAT UNDER THAT RULE BEFORE A COURT

24   IMPOSES SANCTION AGAINST A PARTY THE

25   MOVANT FIRST HAS TO SHOW THAT THE PARTY

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 18

1   WAS OBLIGATED TO REVIEW CERTAIN ESI?

2            MR. RENARD:   OBJECTION TO

3       FORM.

4       A.    YES, THAT'S MY UNDERSTANDING.

5       Q.    SORRY FOR STEPPING ON YOUR

6   ANSWER.

7            ISN'T IT TRUE THAT GOOGLE

8   FAILED TO PRESERVE CERTAIN ESI,

9   SPECIFICALLY CHAT MESSAGES?

10      A.    YES.

11      Q.    AND DOESN'T A PARTY UNDER THAT

12  RULE ALSO HAVE TO SHOW THAT THE PRODUCING

13  PARTY FAILED TO DO SO; THAT IS, FAILED TO

14  LIVE UP TO ITS OBLIGATIONS TO PRESERVE

15  THAT ESI?

16           MR. RENARD:   OBJECTION TO

17      FORM.

18      A.    YES.

19      Q.    AND ISN'T ONE OF YOUR OPINIONS

20  IN THIS CASE THAT GOOGLE FAILED TO DO

21  THAT WITH RESPECT TO CERTAIN CHAT

22  MESSAGES?

23      A.    YES.

24      Q.    AND UNDER RULE 37(E), ISN'T

25  THE NEXT ELEMENT THAT THE PARTIES SHOW

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 19

1    THAT ESI WAS LOST BECAUSE THE PRODUCING

2    PARTY FAILED TO TAKE REASONABLE STEPS TO

3    PRESERVE IT?

4            MR. RENARD:  OBJECTION TO

5        FORM.

6        A.    THAT'S MY UNDERSTANDING.

7        Q.    AND ISN'T ONE OF YOUR OPINIONS

8    IN THIS CASE THAT ESI WAS, IN FACT, LOST

9    BECAUSE OF GOOGLE'S ALLEGED FAILURE TO

10   TAKE REASONABLE STEPS?

11       A.    YES.

12       Q.    AND FINALLY, ISN'T IT TRUE

13   THAT UNDER RULE 37(E), THE MOVANT MUST

14   SHOW THAT THE ESI THAT WAS LOST CANNOT BE

15   RESTORED OR REPLACED?

16           MR. RENARD:  OBJECTION TO

17       FORM.

18       A.    IF WE'RE GOING TO BE GOING

19   THROUGH THE FEDERAL RULES I WOULD ASK

20   THAT I BE PRESENTED WITH A FULL COPY OF

21   THE RULES WHICH WERE ATTACHED TO MY

22   REPORT.

23       Q.    ARE YOU UNABLE TO ANSWER MY

24   QUESTION WITHOUT SEEING THE TEXT OF RULE

25   37(E)?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 20

1          A.     IF WE'RE GOING TO CONTINUE

2   GOING THROUGH IT I WOULD APPRECIATE

3   HAVING THE RULE IN FRONT OF ME.

4          Q.     I WILL GIVE IT TO YOU BUT I

5   STILL WANT AN ANSWER TO MY QUESTION. MY

6   LAST QUESTION HAD TO DO WITH THE ELEMENT

7   OF THE LOST ESI.  ARE YOU ABLE TO ANSWER

8   THAT WITHOUT ME HANDING YOU A COPY OF

9   THAT RULE?

10              MR. RENARD:  OBJECTION TO

11        FORM.

12          A.     YOU CAN REASK THE QUESTION.

13          Q.     ISN'T IT TRUE THAT A MOVANT

14   UNDER 37(E) HAS TO BE ABLE TO SHOW THAT

15   THE LOST ESI CANNOT BE RESTORED OR

16   REPLACED?

17              MR. RENARD:  OBJECTION TO

18        FORM.

19          A.     I BELIEVE SO.

20          Q.     AND WE WILL LOOK AT THE RULE

21   THAT YOU CITE IN YOUR REPORT, BUT I WANT

22   TO KEEP GOING FOR A MINUTE.

23              THOSE FOUR ELEMENTS WE JUST

24   WENT THROUGH, ARE THOSE ELEMENTS THAT

25   COURTS ROUTINELY DETERMINE ON THEIR OWN

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 21

1   WITHOUT THE HELP OF EXPERT TESTIMONY --

2          MR. RENARD:  OBJECTION TO

3      FORM.

4          MS. NAJAM: I HADN'T FINISHED

5      MY QUESTION WHEN YOU OBJECTED.

6          MR. RENARD:  I'M SORRY.

7          MS. NAJAM:  NO PROBLEM. I'LL

8      REASK FOR THE RECORD.

9      Q.    ISN'T IT TRUE THAT THE

10  ELEMENTS THAT I WENT THROUGH FOR 37(E),

11  THOSE ARE ONES THAT THE COURT ROUTINELY

12  DETERMINE WITHOUT THE HELP OF EXPERT

13  TESTIMONY?

14         MR. RENARD:  OBJECTION TO

15      FORM.

16      A.    I -- I COULDN'T -- I DON'T

17  KNOW THE ANSWER TO THAT. I HAVEN'T

18  RESEARCHED EVERY CASE THAT HAS OPINED ON

19  THAT ISSUE AND I'M AGAIN NOT HERE AS AN

20  ATTORNEY.

21      Q.    IN TERMS OF WHAT YOU HAVE AND

22  HAVE NOT RESEARCHED ON THIS ISSUE, YOU

23  CITED CASES IN YOUR DECLARATION AND YOUR

24  REPORT IN SUPPORT OF YOUR ARGUMENT THAT

25  GOOGLE DID SOMETHING WRONG HERE, RIGHT,

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 22

1    SIR?

2              MR. RENARD:  OBJECTION TO

3        FORM.

4        A.    I DID CITE TO CASES IN MY

5    REPORT AND DECLARATION, YES.

6        Q.    I'M NOT JUST ASKING IF YOU

7    CITED THE CASES. MY QUESTION IS -- I'LL

8    ASK A DIFFERENT ONE.

9              YOU CITED TO CASES POINTING

10   OUT THAT OTHER COMPANIES HAVE GOTTEN INTO

11   TROUBLE FOR FAILING TO PRESERVE EVIDENCE.

12   DO YOU RECALL THAT?

13       A.    YES.

14       Q.    AND YOU GAVE EXAMPLES OF

15   INSTANCES WHERE OTHER COMPANIES FAILED TO

16   PRESERVE CERTAIN ESI THAT RESULTED IN

17   THEM BEING SANCTIONED, RIGHT?

18       A.    YES.

19       Q.    SO ARE YOU FAMILIAR ENOUGH

20   WITH THE CASES ON THIS TOPIC TO CITE TO

21   SOME IN YOUR REPORT?

22       A.    YES.

23       Q.    OKAY. SO I WANT TO TALK ABOUT

24   -- LET'S BACK UP A SECOND.

25             YOU HOLD YOURSELF OUT AS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 23

1  HAVING 25 YEARS OF EXPERIENCE IN THE

2  FIELD OF EDISCOVERY, RIGHT?

3       A.   I BELIEVE MORE THAN 20 YEARS,

4  APPROXIMATELY 20.

5       Q.    APPROXIMATELY 25. IN THAT 25

6  YEARS?

7            MR. RENARD:  OBJECTION TO

8       FORM.

9       Q.   DID YOU SAY APPROXIMATELY 20?

10      A.   I BELIEVE MY -- I BELIEVE MY

11 REPORT, WHICH I DON'T HAVE IN FRONT OF

12 ME, I SAID APPROXIMATELY 20 YEARS.  BUT,

13 YOU KNOW, I STARTED PRACTICING IN 2001,

14 SO...

15      Q.   MY APOLOGIES.  I MISHEARD YOU.

16           IN THAT APPROXIMATELY 20 YEARS

17 DO YOU TRY TO KEEP ABREAST, HAVE YOU

18 TRIED TO KEEP ABREAST OF THE LAW, THAT IS

19 THE DECISIONS OF COURTS ON THE TOPIC OF

20 SPOLIATION?

21      A.   IN MY ROLE AS AN EDISCOVERY

22 CONSULTANT, I DO -- THAT'S PART OF WHAT I

23 DO IS KEEP ABREAST OF INDUSTRY STANDARDS

24 AND PRACTICES AND THAT DOES INCLUDE

25 FOLLOWING CASE LAW ON THE TOPIC OF NOT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 24

1    JUST SPOLIATION, BUT NUMEROUS ISSUES

2    RELATING TO ESI AND EDISCOVERY.

3         Q.    AND, SIR, AM I RIGHT THAT IN

4    YOUR CURRENT ROLE, ONE OF THE THINGS YOU

5    DO IS YOU ACTUALLY ADVISE PRACTITIONERS

6    AND COMPANIES ON WHAT YOU BELIEVE TO BE

7    BEST PRACTICES IN TERMS OF ESI

8    PRESERVATION, RIGHT, SIR?

9         A.    YES, THAT'S FAIR.

10        Q.    AND ISN'T IT TRUE THAT ONE OF

11   THE THINGS YOU CURRENTLY DO IS ADVISE

12   FOLKS ON HOW TO AVOID BEING SANCTIONED?

13        A.    I WOULD -- I WOULDN'T SAY

14   THAT'S WHAT I'M RETAINED TO DO BUT THAT'S

15   PART OF WHEN I ADVISE A COMPANY IS I DO

16   NOT WANT THEM TO GET SANCTIONED.

17        Q.    AND AN IMPORTANT PART OF

18   ADVISING A COMPANY ON HOW NOT TO GET

19   SANCTIONED IS FOLLOWING AND KEEPING

20   ABREAST OF THAT CASE LAW ABOUT

21   PRESERVATION OF ESI, RIGHT?

22        A.    YES.

23        Q.    SO IN DOING THAT, IN THE LAST

24   20 YEARS CAN WE AGREE THAT YOU HAVE

25   WITNESSED COURTS ROUTINELY DECIDE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 25

1    SPOLIATION MOTIONS WITHOUT THE ASSISTANCE

2    OF EDISCOVERY CONSULTANTS?

3              MR. RENARD:  OBJECTION TO

4        FORM.

5        A.    I WOULD SAY I CAN'T ANSWER

6    THAT -- NO, BECAUSE I -- WHEN I REVIEW

7    OPINIONS FOR THE HOLDING IT DOES NOT

8    NECESSARILY PROVIDE INFORMATION ON

9    WHETHER OR NOT THERE WAS AN EDISCOVERY

10   CONSULTANT INVOLVED AT SOME JUNCTURE OF

11   THE CASE.

12             SO I COULDN'T SAY WHETHER OR

13   NOT AN EDISCOVERY CONSULTANT WAS INVOLVED

14   WITH ANY GIVEN OPINION THAT I MAY HAVE

15   READ ON SANCTIONS.

16       Q.    CAN YOU NAME US ONE OPINION

17   YOU'VE EVER READ ON SANCTIONS WHERE THE

18   OPINION CITED TO AN EDISCOVERY

19   CONSULTANT?

20             MR. RENARD:  OBJECTION TO

21       FORM.

22       A.    I CAN'T RECALL.

23       Q.    CAN YOU NAME ONE OPINION THAT

24   YOU'VE READ IN THE LAST 20 YEARS WHERE

25   THE COURT RELIED ON, IN DETERMINING A

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 26

1   SPOLIATION MOTION, AN EDISCOVERY EXPERT?

2            MR. RENARD:  OBJECTION TO

3        FORM.

4        A.    I CAN'T RECALL.

5        Q.    AM I RIGHT THIS IS THE FIRST

6   TIME YOU'VE BEEN HIRED BY A PARTY TO

7   SUPPORT THEIR REQUEST FOR SANCTIONS

8   AGAINST ANOTHER PARTY BASED ON ALLEGED

9   SPOLIATION?

10            MR. RENARD:  OBJECTION TO

11       FORM.

12       A.    THAT HAS -- NO. THAT'S BEEN A

13  PART OF MY REPRESENTATION OF OTHER

14  CLIENTS. I WOULD SAY I HAVEN'T BEEN

15  RETAINED SOLELY FOR THAT PURPOSE

16  PREVIOUSLY.

17       Q.    SO YOU'RE SAYING THAT IN

18  REPRESENTING OTHER CLIENTS, YOU HAVE ALSO

19  SERVED AS AN EXPERT ROLE IN THE CONTEXT

20  OF A MOTION FOR SANCTIONS AGAINST ANOTHER

21  PARTY?

22            MR. RENARD:  OBJECTION TO

23       FORM.

24       A.    NO. I'VE ADVISED CLIENTS.

25       Q.    OKAY. PUTTING ASIDE THE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 27

1    ADVISING -- LET ME ASK A BETTER QUESTION.

2                BEFORE THIS CASE, HAVE YOU

3    EVER SWORN UNDER OATH, WHETHER LIVE

4    TESTIMONY OR IN A DECLARATION, ON BEHALF

5    OF PARTY A THAT PARTY B, OPPOSING PARTY,

6    SPOLIATED?

7         A.    NO, I DON'T BELIEVE SO.

8         Q.    THIS IS THE FIRST TIME?

9         A.    THAT'S MY RECOLLECTION.

10        Q.    IN TERMS OF WHEN -- WHEN A

11   DUTY TO PRESERVE ARISES WITH RESPECT TO

12   ANY PARTICULAR LITIGATION OR

13   INVESTIGATION, CAN WE AGREE THAT IS AN

14   ISSUE OF COMMON LAW?

15             MR. RENARD:  OBJECTION TO

16        FORM.

17        A.    I WOULD AGREE THAT COMMON LAW

18   INFORMS THAT DETERMINATION, YES.

19        Q.    IT DOESN'T JUST INFORM IT,

20   IT'S THE ROOT OF THE DUTY, TRUE?

21             MR. RENARD:  OBJECTION TO

22        FORM.

23        A.    AGAIN, I'M NOT HERE TO PROVIDE

24   LEGAL OPINIONS. SO I'M HERE, YOU KNOW --

25   THAT IS MY UNDERSTANDING.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 28

1      Q.    ARE YOU AN EXPERT ON THE
2  COMMON LAW OF THE FIFTH CIRCUIT ON
3  PRESERVATION OF ESI?
4           MR. RENARD:  OBJECTION TO
5      FORM.
6      A.    I'M HERE -- I AM AN EXPERT.  I
7  AM PROVIDING EXPERT OPINIONS REGARDING
8  EDISCOVERY AND DOCUMENT PRESERVATION,
9  WHETHER OR NOT IT RELATES TO THE FIFTH
10 CIRCUIT OR NOT, BUT YES.
11     Q.    SO I UNDERSTAND WHAT YOU'RE
12 HERE DOING, AND WE'RE GOING TO GET TO
13 THAT, I JUST WANT TO KNOW A LITTLE --
14 SOMETHING A LITTLE DIFFERENT. I'LL ASK A
15 BROADER, EASIER QUESTION.
16          ARE YOU AN EXPERT ON THE
17 COMMON LAW IN THE FIFTH CIRCUIT ON
18 ANYTHING?
19          MR. RENARD:  OBJECTION TO
20     FORM.
21     A.    THE OPINIONS THAT I PROVIDE
22 REGARD EDISCOVERY AND ARE INFORMED BY
23 COMMON LAW, WHETHER IT'S THE FIFTH
24 CIRCUIT OR NOT.
25     Q.    HAVE YOU EVER HELD YOURSELF

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 29

```
 1   OUT AS AN EXPERT ON THE COMMON LAW
 2   REGARDING PRESERVATION OF EVIDENCE?
 3              MR. RENARD:  OBJECTION TO
 4       FORM.
 5       A.   I WOULD HOLD MYSELF OUT AS AN
 6   EXPERT IN THE FIELD OF EDISCOVERY.
 7       Q.   SO NOT SPECIFICALLY COMMON LAW
 8   GOVERNING THE DUTY TO PRESERVE, TRUE?
 9       A.   I WOULD SAY COMMON LAW
10   COVERING THE DUTY TO PRESERVE IS A PART
11   OF ADVISING ON EDISCOVERY AND
12   UNDERSTANDING THAT.
13       Q.   TOTALLY GET THAT. HERE IS MY
14   -- HERE IS WHAT I'M TRYING TO GET AT.
15   YOU HAVE A CV THAT YOU HAVE PROVIDED IN
16   THIS CASE, RIGHT, SIR?
17       A.   YES.
18       Q.   IT'S ATTACHED TO YOUR REPORT,
19   WHICH I PROMISE WE'RE GOING TO LOOK AT
20   LATER.
21       A.   YES.
22       Q.   AND YOU ALSO HAVE A WEBSITE
23   BIOGRAPHY ASSOCIATED WITH BRG, THAT IS
24   BERKELEY RESEARCH GROUP, WHERE YOU
25   CURRENTLY ARE, RIGHT?
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 30

1      A.    RIGHT.

2      Q.    AND YOU ALSO HAVE A WEBSITE

3  ASSOCIATED WITH -- LET'S BACK UP.

4          ARE YOU CURRENTLY STILL

5  TEACHING AT ST. JOHNS LAW SCHOOL?

6      A.    NOT -- I'M NOT CURRENTLY

7  TEACHING A COURSE BUT YES, I HAVE TAUGHT

8  A COURSE AT ST. JOHNS LAW SCHOOL.

9      Q.    WHEN DID YOU STOP TEACHING

10 THAT COURSE?

11     A.    I HAVEN'T TAUGHT IT IN

12 APPROXIMATELY FIVE OR SIX YEARS.

13     Q.    AND IF I GO TO THE ST. JOHNS

14 WEBSITE UNDER FACULTY THERE IS A

15 BIOGRAPHY OF YOU THERE AS WELL, RIGHT?

16     A.    THAT'S CORRECT.

17     Q.    AND WHEN YOU WRITE

18 PUBLICATIONS ABOUT ELECTRONIC -- SORRY --

19 ESI I TAKE IT YOU ALSO SUBMIT BIOGRAPHIES

20 WITH SOME OF THOSE, IS THAT ACCURATE, IN

21 TERMS OF A DESCRIPTION OF WHO YOU ARE AND

22 WHAT YOU DO?

23     A.    IF I WRITE AN ARTICLE IT WOULD

24 PROBABLY HAVE MY NAME AND WHERE I WORK,

25 BUT NOT A BIOGRAPHY.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 31

1        Q.    WELL, IN ANY OF THOSE EXAMPLES

2   THAT WE JUST WENT THROUGH WHERE YOU

3   DESCRIBE YOUR OWN QUALIFICATIONS IN YOUR

4   OWN WORDS, HAVE YOU EVER WRITTEN, "I'M AN

5   EXPERT IN THE COMMON LAW OF THE DUTY TO

6   PRESERVE?"

7            MR. RENARD:  OBJECTION TO

8        FORM.

9        A.    I'VE NEVER WRITTEN THAT.

10       Q.    AND AN EXAMPLE OF SOMEBODY WHO

11   WOULD BE AN EXPERT ON THE COMMON LAW OF

12   WHEN THE DUTY TO PRESERVE STARTS, AN

13   EXAMPLE OF THAT WOULD BE A JUDGE, RIGHT?

14            MR. RENARD:  OBJECTION, FORM.

15       A.    YES.

16       Q.    WHEN YOU USED TO PRACTICE LAW,

17   WHERE WERE THOSE LAW FIRMS LOCATED?

18       A.    THEY HAD OFFICES THROUGHOUT

19   THE COUNTRY AND GLOBALLY, BUT I WAS

20   LOCATED IN NEW YORK STATE.

21       Q.    AND THEN I SAW THAT YOU

22   CLERKED FOR A JUDGE. I DON'T HAVE YOUR CV

23   PULLED UP. WHERE WAS THAT JUDGE?

24       A.    IN PENNSYLVANIA.

25       Q.    AND I TAKE IT YOU CURRENTLY

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 32

1   LIVE AND WORK IN THE NEW YORK

2   METROPOLITAN AREA; IS THAT RIGHT?

3        A.    THAT'S CORRECT.

4        Q.    HAVE YOU EVER -- IN ANY PART

5   OF YOUR CAREER HAS YOUR PRACTICE FOCUSED

6   ON THE FIFTH CIRCUIT?

7             MR. RENARD:  OBJECTION, FORM.

8        A.    I HAVE PRACTICED IN CASES WHEN

9   I WAS AN ATTORNEY IN TEXAS.

10       Q.    HOW MANY?

11       A.    I COULDN'T RECALL BUT I --

12  WHEN I WAS AT CLIFFORD CHANCE I

13  REPRESENTED MERRILL LYNCH IN THE ENRON

14  MATTER.

15       Q.    ENRON LITIGATION WAS GOING ON

16  WHEN I BECAME A LAWYER, SO I REMEMBER WAY

17  TOO MUCH ABOUT THAT. WE'LL COME BACK TO

18  THAT IN A MINUTE.  LET ME JUST SUM UP

19  WHAT WE HAVE DISCUSSED.

20            DO YOU HAVE ANY EXPERTISE ON

21  THE COMMON LAW GOVERNING THE DUTY TO

22  PRESERVE THAT IS SUPERIOR TO THE JUDGE IN

23  THIS CASE AGAINST GOOGLE?

24       A.    NO.

25       Q.    NOW, RETURNING BACK TO WHAT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 33

1  YOU WERE OFFERING OPINIONS ON IN THIS

2  CASE, YOU'RE OFFERING AN OPINION THAT

3  GOOGLE INTENDED TO SPOLIATE EVIDENCE,

4  RIGHT, SIR?

5      A.    ACTUALLY, I JUST WANT TO

6  CLARIFY AND MAKE SURE I UNDERSTOOD YOUR

7  LAST QUESTION.

8           JUST TO CLARIFY, YOU KNOW, I

9  DO -- I DO BELIEVE I HAVE, YOU KNOW, MY

10 EXPERT OPINIONS DO INCLUDE INFORMATION ON

11 THE COMMON LAW THAT I THINK IS -- IS

12 RELEVANT TO THIS CASE.

13          MS. NAJAM:    OKAY. I'LL OBJECT

14    AS NOT RESPONSIVE.

15     Q.    MY QUESTION WAS NOT ABOUT

16 RELEVANCE BUT I DO WANT TO GIVE YOU A

17 CHANCE TO CLARIFY, SO I'M GOING TO REPEAT

18 MY QUESTION AS BEST AS I CAN REMEMBER IT

19 BECAUSE THE -- I DON'T KNOW HOW TO USE

20 THE SCREEN.

21          DO YOU HAVE ANY EXPERTISE ON

22 THE COMMON LAW GOVERNING A LITIGANT'S --

23 SORRY -- A LITIGANT PARTY'S DUTY TO

24 PRESERVE THAT IS SUPERIOR TO A JUDGE IN

25 THIS CASE AGAINST GOOGLE?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 34

1            MR. RENARD:   OBJECTION TO

2       FORM.

3       A.    I WOULD SAY IN MAKING THE

4  OPINIONS THAT I PROVIDED IN THIS CASE, I

5  DO THAT WITH, YOU KNOW, WITH MY 20-PLUS

6  YEARS OF DEALING WITH EDISCOVERY ISSUES

7  AND THE DIFFERENT FACTORS THAT DO AFFECT

8  THE LITIGATION TRIGGERS AND PRESERVATION.

9            I WOULD SAY IT'S SUPERIOR

10 TO -- YOU KNOW, I -- I -- I -- YOU KNOW,

11 I BELIEVE I BRING AN EXPERTISE TO THAT

12 ISSUE THAT OTHERS WOULD NOT BRING.

13            MS. NAJAM:   I'LL OBJECT AS NOT

14      RESPONSIVE.

15      Q.    LET ME ASK YOU AGAIN AND WE'LL

16 BREAK IT DOWN.

17            WE'VE ALREADY ESTABLISHED THAT

18 WHEN THE DUTY TO PRESERVE ARISES IS

19 ROUTED IN THE COMMON LAW, AGREE?

20            MR. RENARD:   OBJECTION TO

21      FORM.

22      A.    AGAIN, AND I BELIEVE I SAID

23 THIS EARLIER, THAT THE DUTY TO PRESERVE,

24 YOU KNOW, THE FOUNDATION OF THE DUTY TO

25 PRESERVE COMES FROM -- STEMS FROM THE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 35

1    COMMON LAW BUT HAS BEEN INFORMED, YOU

2    KNOW, BY INDUSTRY STANDARDS AND PRACTICES

3    BY PUBLICATIONS, PEER-REVIEWED

4    PUBLICATION SUCH AS THE SEDONA CONFERENCE

5    MATERIALS WHICH I HAVE CITED. SO I -- I

6    WOULD SAY IT IS MORE THAN JUST INFORMED

7    BY THE COMMON LAW.

8         Q.    IT'S -- AGAIN, I WANT TO MAKE

9    SURE WE'RE TALKING ABOUT THE SAME THING.

10   I'M TALKING ABOUT THE "WHEN".

11             WHEN A PARTY'S DUTY TO

12   PRESERVE THAT ARISES IN ANY CASE, THAT

13   ISSUE IS ONE OF COMMON LAW; DO WE AGREE

14   OR ARE WE DISAGREEING?

15             MR. RENARD:  OBJECTION TO

16        FORM.

17        A.    I BELIEVE WHEN COURTS COME TO

18   THAT DETERMINATION OF WHEN A LITIGATION

19   HOLD IS TRIGGERED OR WHEN PRESERVATION

20   OBLIGATION IS TRIGGERED -- YOU KNOW, IT'S

21   BASED ON -- ON -- I BELIEVE, MORE THAN

22   THE COMMON LAW, PRIOR CASES AND -- AND

23   THE HISTORY OF -- OF HOW THIS ISSUE HAS

24   BEEN ADDRESSED IN OTHER MATTERS.

25        Q.    YOU MEAN THE COMMON LAW, THAT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 36

1   IS CASES ISSUED BY COURTS, RIGHT?

2        A.    YES, YES. YEAH, YEAH.

3        Q.    I'M SO SORRY. AND DECISIONS

4   MADE BY COURTS, THAT IS WHAT FORMS A

5   COMMON LAW, RIGHT?

6             MR. RENARD:  OBJECTION TO

7        FORM.

8        A.    RIGHT. YES.

9        Q.    OKAY. SO BACK TO MY PREVIOUS

10  QUESTION.

11            DO YOU HAVE ANY EXPERTISE ON

12  THAT COMMON LAW, THAT SOURCES WHEN

13  SOMEONE'S DUTY TO PRESERVE ARISES THAT IS

14  SUPERIOR TO THAT OF JUDGE JORDAN, HE'S

15  THE PRESIDING JUDGE IN OUR CASE?

16            MR. RENARD:  OBJECTION TO

17       FORM.

18       A.    MY ROLE IN THIS CASE IS TO

19  PROVIDE, BASED UPON INDUSTRY STANDARDS

20  AND PRACTICE, WHAT I BELIEVE WOULD BE THE

21  LITIGATION TRIGGER OR, YOU KNOW, WHEN A

22  DUTY TO PRESERVE -- WHEN THERE WAS A DUTY

23  TO PRESERVE IN THIS CASE, YOU KNOW, IT IS

24  UP TO THE TRIER OF FACT, AS I MENTIONED

25  EARLIER, TO DETERMINE WHEN THAT IS.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 37

1          YOU KNOW, MY ROLE IS AS AN

2    EDISCOVERY EXPERT TO PROVIDE, YOU KNOW,

3    MY UNDERSTANDING BASED ON MY YEARS OF

4    EXPERIENCE AND WORKING IN OTHER MATTERS

5    WHEN THAT DUTY TO PRESERVE, YOU KNOW, WAS

6    PRESENT IN THIS CASE AND WHETHER DATA WAS

7    LOST THAT SHOULD HAVE BEEN PRESERVED.

8          MS. NAJAM:  I'LL OBJECT AS

9       NONRESPONSIVE.

10    Q.    THE INDUSTRY STANDARDS AND

11    PRACTICES THAT YOU'RE HERE TO OPINE ABOUT

12    HAVING GIVEN RISE TO A DUTY TO PRESERVE,

13    YOUR TESTIMONY IS THEY'RE NOT THE LAW; AM

14    I HEARING THAT RIGHT?

15          MR. RENARD:  OBJECTION TO

16       FORM.

17    A.    NO.

18    Q.    THE STANDARDS AND PRACTICES

19    THAT YOU'RE CLAIMING TODAY ARE THE BASIS

20    OF YOUR OPINION, THEY'RE NOT LEGAL

21    STANDARDS, ARE THEY?

22          MR. RENARD:  OBJECTION TO

23       FORM.

24    A.    I'M NOT HERE TO PROVIDE LEGAL

25    OPINIONS, I'M HERE TO PROVIDE OPINIONS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 38

1  REGARDING EDISCOVERY AND THE WAY IN WHICH

2  IT WAS APPLIED IN THIS CASE.

3       Q.    OKAY. AND YOU'RE ALSO, ONE OF

4  YOUR OPINIONS IS ABOUT GOOGLE'S MOTIVE,

5  IN YOUR VIEW, WHEN IT FAILS TO PRESERVE

6  CHAT MESSAGES THAT YOU CLAIM IT SHOULD

7  HAVE KEPT, TRUE?

8       A.    CAN YOU -- CAN I SEE WHAT

9  YOU'RE -- WHAT STATEMENT YOU'RE REFERRING

10 TO?

11      Q.    NO. I'M JUST ASK IF ONE OF

12 YOUR OPINIONS IN THIS CASE IS ABOUT

13 GOOGLE'S MOTIVE WHEN IT FAILED TO

14 PRESERVE CERTAIN CHAT MESSAGES THAT YOU

15 OPINE SHOULD HAVE BEEN KEPT?

16      A.    I DON'T BELIEVE I HAVE AN

17 OPINION REGARDING GOOGLE'S MOTIVES BUT

18 I'M NOT -- I COULDN'T REALLY ANSWER THAT

19 WITHOUT SEEING THE STATEMENT YOU'RE

20 REFERRING TO.

21      Q.    ARE YOU OPINING THAT GOOGLE

22 FAILED TO PRESERVE CHAT MESSAGES WITH AN

23 INTENT TO DEPRIVE THE PLAINTIFFS IN THIS

24 CASE OF ANY EVIDENCE?

25      A.    I DON'T BELIEVE I USE THAT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 39

1  LANGUAGE.

2      Q.    IS IT YOUR OPINION THAT GOOGLE

3  WAS ATTEMPTING TO UNDERMINE

4  INVESTIGATIONS OR CASES WHEN IT DECIDED

5  TO NOT RETAIN CERTAIN KINDS OF CHAT

6  MESSAGES?

7          MR. RENARD:  OBJECTION TO

8      FORM.

9      A.    I BELIEVE I STATED SOMETHING

10  SIMILAR TO THAT.

11      Q.    AND SO, SIR, THAT'S AN OPINION

12  THAT WHEN GOOGLE FAILED TO PRESERVE

13  "HISTORY OFF" CHATS, THAT IT DID SO WITH

14  A PARTICULAR MOTIVE, RIGHT?

15      A.    I BELIEVE I WAS REFERENCING A

16  DOCUMENT THAT STATED THAT, THAT IS THE

17  DOCUMENT.

18      Q.    LET'S LOOK AT YOUR EXPERT

19  REPORT. I'M GOING TO HAND IT TO YOU AFTER

20  I MARKED IT AS EXHIBIT 1. SORRY I DIDN'T

21  BRING ADDITIONAL COPIES. I BROUGHT THEM

22  FROM TEXAS.

23          (GRANDE EXHIBIT 1, EXPERT

24      REPORT OF IGNATIUS A. GRANDE, WAS

25      RECEIVED AND MARKED ON THIS DATE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 40

1        FOR IDENTIFICATION.)

2        Q.    TURN WITH ME, SIR, TO PAGE 21,

3   PLEASE -- OOPS, WRONG PAGE.

4            PAGE 13, PARAGRAPH 67, YOU

5   WROTE, "IT IS MY OPINION THAT GOOGLE

6   ATTEMPTED TO UNDERMINE THE INVESTIGATIONS

7   AND CASES THAT WERE STARTING TO FORM,

8   INCLUDING THIS LITIGATION, BY DIRECTING

9   ITS EMPLOYEES TO FIND WAYS TO COMMUNICATE

10  OUTSIDE OF EMAIL COMMUNICATIONS, WHILE AT

11  THE SAME TIME ALLOWING FOR ALL GOOGLE

12  CHATS TO BE 'OFF THE RECORD' AND

13  THEREFORE DELETED." DID I READ THAT

14  CORRECTLY?

15       A.    YES.

16       Q.    YOU WERE OPINING ON GOOGLE'S

17  INTENT, AREN'T YOU, THERE?

18            MR. RENARD:  OBJECTION TO

19       FORM.

20       A.    I DON'T KNOW IF I WOULD SAY

21  I'M OPINING ON.  I WOULD SAY GOOGLE

22  ATTEMPTED BUT I AM, YOU KNOW, REFERENCING

23  A DOCUMENT THERE THAT HAS LANGUAGE THAT

24  INDICATES THAT WAS THE CASE.

25       Q.    IS IT YOUR -- SIR, YOU'RE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 41

1  OFFERING AN OPINION ON THE "WHY", RIGHT?

2  THE "WHY" CERTAIN CHAT MESSAGES WERE NOT

3  PRESERVED, AREN'T YOU?

4            MR. RENARD:  OBJECTION TO

5      FORM.

6      A.    I MEAN, MY OPINION THERE IS

7  REALLY MERELY RESTATING WHAT WAS THE

8  CONTENT OF THE EMAIL THAT I'M REFERENCING

9  IN THAT -- IN THAT PROVISION.

10     Q.    OKAY. LET'S MAKE THIS CLEAR

11 FOR THE RECORD. ARE YOU GOING TO OFFER AN

12 OPINION -- LET ME TRY THAT AGAIN.

13           ARE YOU OFFERING THE COURT AN

14 OPINION IN THIS CASE ABOUT GOOGLE'S

15 INTENT OR MOTIVE WITH RESPECT TO THE

16 FAILURE TO PRESERVE ANY ESI?

17     A.    I BELIEVE MY OPINIONS DO

18 REFLECT GOOGLE'S INTENT. I DON'T BELIEVE

19 MY OPINIONS REFLECT MOTIVE.  THAT'S MY

20 VIEW.

21     Q.    WHAT IS THE DIFFERENCE BETWEEN

22 INTENT AND MOTIVE?

23     A.    I WOULD SAY INTENT IS THAT --

24 WOULD REFLECT THAT THE ACTION WAS

25 INTENTIONAL, WAS PLANNED. MOTIVE WOULD

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 42

1   BE, YOU KNOW, WHY THAT WOULD BE THE CASE.

2        Q.    IN PARAGRAPH 67 AREN'T YOU

3   OPINING ON WHY CERTAIN ESI WASN'T

4   PRESERVED OR AM I MISREADING IT?

5              MR. RENARD:   OBJECTION TO

6        FORM.

7        A.    I AM STATING THAT WHAT I STATE

8   IN 67 I'M STATING WOULD BE ONE OF THE

9   REASONS AND, AGAIN, BASED ON THE EMAIL

10  THAT I CITE TO IN THAT PROVISION.

11       Q.    THAT IS, IT IS YOUR OPINION

12  THAT WHEN GOOGLE FAILED TO PRESERVE "OFF

13  THE RECORD" CHATS -- LET'S BACK UP AND

14  GET SOME BASICS DOWN FOR THE RECORD.

15             YOUR OPINION IN THIS CASE IS

16  THAT IT INCLUDES THAT GOOGLE FAILED TO

17  PRESERVE CHATS WHERE THE HISTORY WAS

18  MARKED -- SORRY -- WHERE HISTORY WAS LEFT

19  "OFF"; IS THAT RIGHT?

20       A.    MY OPINION INCLUDES THAT, YES.

21       Q.    IS IT YOUR OPINION THAT IN ITS

22  RETENTION PRACTICES WHEN IT CAME TO CHATS

23  THAT GOOGLE DID THAT IN ORDER TO DEPRIVE

24  SOMEBODY OF EVIDENCE, WHETHER IN AN

25  INVESTIGATION OR CASES?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 43

1          MR. RENARD:  OBJECTION TO

2     FORM.

3          A.    BASED UPON THE DOCUMENTS THAT

4     I'VE REVIEWED, YES.

5          Q.    OKAY. SO YOU DO HAVE AN

6     OPINION ON GOOGLE'S MOTIVE?

7          MR. RENARD:  OBJECTION TO

8     FORM.

9          A.    THAT OPINION DOES RELATE TO

10    GOOGLE'S MOTIVE BASED ON THAT DOCUMENT,

11    THAT'S CORRECT.

12         Q.    AND WHEN YOU SAY "BASED ON

13    THAT DOCUMENT", ARE YOU TALKING ABOUT THE

14    FOOTNOTE 35 DOCUMENT, THE 2008 EMAIL FROM

15    ███████████████?

16         A.    YES, I BELIEVE IT WAS FROM

17    KENT WALKER, BUT ████████████ DID SEND

18    IT, OR FROM BOTH OF THEM.

19         Q.    MY APOLOGIES. WE WILL LOOK AT

20    THAT LATER. IS THAT THE SOLE BASIS OF

21    YOUR OPINION ON GOOGLE'S MOTIVE?

22         MR. RENARD:  AND OBJECTION TO

23    FORM.

24         Q.    SORRY. GO AHEAD.

25         A.    NO.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 44

1          Q.    OKAY. SO WHEN I ASKED -- YOU

2    HAVE SAID A COUPLE OF TIMES NOW THAT YOUR

3    OPINION HAVING TO DO WITH THE "WHY" IS

4    BASED ON THAT DOCUMENT. WE LOOKED AT WHAT

5    DOCUMENT YOU WERE TALKING ABOUT AND IT

6    WAS A 2008 EMAIL FROM MR. COUGHRAN AND

7    KENT WALKER. AM I RIGHT SO FAR?

8          A.    YES.

9          Q.    AND THEN I ASKED YOU WHETHER

10   THAT WAS THE ONLY BASIS FOR YOUR OPINION

11   ABOUT THE "WHY", AND YOUR TESTIMONY IS

12   NO; AM I HEARING THAT CORRECTLY?

13         A.    I BELIEVE YOU ASKED IF THERE'S

14   ANY OTHER INFORMATION TO SUPPORT WHY

15   GOOGLE MIGHT HAVE ATTEMPTED TO NOT

16   PRESERVE GOOGLE CHATS.

17         Q.    SO THAT 2008 EMAIL IS THE ONLY

18   ONE?

19         A.    IS NOT THE ONLY ONE.

20         Q.    IS NOT THE ONLY ONE. SORRY FOR

21   ALL THE DOUBLE NEGATIVES. OKAY.

22               SO JUST TO RECAP WHERE WE ARE

23   CURRENTLY, BASED ON THE 2008 EMAIL AND

24   OTHER DOCUMENTS IS WHAT YOU'RE FORMING

25   YOUR OPINION ON GOOGLE'S MOTIVE; IS THAT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 45

1  FAIR?

2            MR. RENARD:   OBJECTION TO

3       FORM.

4       A.    AGAIN, MY -- REFERENCING MY

5  OPINION IN 67, YOU KNOW, THAT STATEMENT

6  IS BASED ON THAT EMAIL. IF YOU'RE -- SO

7  BUT IF YOU'RE ASKING ABOUT A DIFFERENT

8  OPINION -- YOU KNOW, PLEASE IF YOU CAN

9  REFER ME TO THAT OPINION IN MY REPORT.

10       Q.    NO. LET'S STICK TO PARAGRAPH

11  67. YOUR OPINION, SIR, THAT GOOGLE

12  ATTEMPTED TO UNDERMINE THE INVESTIGATIONS

13  AND CASES THAT WERE STARTING TO FORM,

14  INCLUDING THIS LITIGATION, BY DIRECTING

15  ITS EMPLOYEES TO FIND WAYS, ET CETERA,

16  WE'VE ALREADY READ IT. THAT OPINION IS

17  BASED SOLELY ON THE 2008 EMAIL FROM ███

18  ██████████ AND MR. WALKER; IS THAT CORRECT?

19       A.    NO.

20       Q.    IT'S THE ONLY THING YOU CITE

21  HERE. SO CAN YOU CITE TO ME THE OTHER

22  EVIDENTIARY BASES FOR YOUR OPINION?

23       A.    I MEAN, THE OTHER EVIDENTIARY

24  BASIS FOR MY OPINION IS REALLY THROUGHOUT

25  MY REPORT AS FAR AS OTHER DOCUMENTS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 46

1   REFERENCED THAT MAY RELATE TO THE CULTURE

2   WITHIN GOOGLE OF DELETING OR OF NOT

3   PRESERVING GOOGLE CHATS.

4          Q.    GOT IT. WE'LL GET THERE.

5          A.    YUP.

6          Q.    CAN WE AGREE, SIR, THAT IT IS

7   THE COURT'S JOB AND NOT YOURS TO

8   DETERMINE WHETHER GOOGLE FAILED TO

9   PRESERVE ESI THAT IT SHOULD HAVE?

10              MR. RENARD:  OBJECTION TO

11      FORM.

12          A.   IN THIS CASE THE TRIER OF

13   FACT, THE COURT WILL MAKE THAT

14   DETERMINATION.

15          Q.    AND IT IS THE TRIER OF FACT'S,

16   WHOEVER THAT IS, JOB TO DETERMINE WHETHER

17   GOOGLE SHOULD BE SANCTIONED HERE, RIGHT,

18   NOT YOURS?

19              MR. RENARD:  OBJECTION TO

20      FORM.

21          A.   YES.

22          Q.    AND IT IS THE TRIER OF FACT'S

23   -- WELL, IT'S THE COURT'S JOB TO

24   DETERMINE WHETHER ANY JURY IN THIS CASE

25   SHOULD BE INSTRUCTED TO DRAW AN ADVERSE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 47

1   INFERENCE, RIGHT?

2           MR. RENARD:  SAME OBJECTION.

3       A.    YES.

4       Q.    AND IT IS THE COURT'S JOB TO

5   DETERMINE WHETHER ANY JURY SHOULD BE

6   ASKED ANY QUESTIONS ABOUT SPOLIATION BY

7   GOOGLE, RIGHT?

8           MR. RENARD:  DITTO.

9       A.    YES.

10      Q.    AND YOU'RE NOT HERE TO OFFER

11  ANY LEGAL OPINIONS ON THOSE ISSUES; IS

12  THAT WHAT YOU SAID EARLIER?

13      A.    THAT'S CORRECT.

14      Q.    IN TERMS OF THE WORK THAT

15  YOU'VE DONE OVER THE LAST -- WELL, LET'S

16  BACK UP.

17          HAS YOUR PROFESSIONAL WORK

18  FOCUSED ON A PRIVILEGED, CONFIDENTIAL,

19  BEHIND-THE-SCENES CONSULTING?

20      A.    YES.

21      Q.    BEFORE THIS CASE, HAVE YOU

22  EVER BEEN DESIGNATED BY A PARTY IN

23  LITIGATION AS A TESTIFYING EXPERT?

24      A.    NO.

25      Q.    I SHOULD HAVE ASKED THIS, HAVE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 48

1   YOU EVER TESTIFIED AS AN EXPERT BEFORE?

2          A.     NO, I HAVE NOT.

3          Q.     HAVE YOU EVER TESTIFIED EVER,

4   LIKE LIVE TESTIMONY?

5          A.     NO.

6          Q.     CAN YOU TELL ME WHY IT WAS

7   THAT YOUR BEHIND-THE-SCENES CONSULTING

8   WORK WAS, IN YOUR VIEW, PRIVILEGED OR

9   CONFIDENTIAL?

10         A.     THE WORK THAT I DO FOR CLIENTS

11  IS ALL CONFIDENTIAL.  I MEAN, YOU KNOW,

12  AS FAR AS BEING RETAINED AND WORKING,

13  USUALLY WITH COUNSEL INVOLVED AND --

14  YEAH.

15         Q.     IS ONE OF THE REASONS YOU

16  CONSIDER IT CONFIDENTIAL BECAUSE IT'S AN

17  EXTENSION OF THE ATTORNEY-CLIENT

18  PRIVILEGE?

19         A.     AT TIMES.

20         Q.     WHY ELSE WOULD IT BE

21  CONFIDENTIAL, IF IT'S NOT PRIVILEGED AS

22  THE LAW SEES THAT UNDER ATTORNEY-CLIENT

23  PRIVILEGE?

24              MR. RENARD:  OBJECTION TO

25         FORM.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 49

1    A.    AS CONSULTANTS ALL OF OUR

2    ENGAGEMENTS, YOU KNOW, INVOLVE

3    CONFIDENTIAL INFORMATION, CONFIDENTIAL

4    ADVICE THAT IS -- WE WOULD NOT OTHERWISE

5    DISCLOSE.

6    Q.    SO WHY WOULD ADVICE ABOUT

7    PRACTICES OF RETAINING ESI, WHY WOULD

8    THAT BE CONFIDENTIAL, SOMETHING YOU

9    WOULDN'T WANT OTHERS TO FIND OUT ABOUT?

10    A.    FOR A NUMBER OF REASONS BUT,

11    YOU KNOW, IF -- WHEN I WORK WITH A CLIENT

12    THOSE CONVERSATIONS ARE CONFIDENTIAL. I'M

13    NOT GOING TO PUT THAT OUT ON THE WEB OR

14    ANNOUNCE THAT TO THE WORLD.

15    Q.    BECAUSE THE DETAILS OF A

16    CLIENT'S EXISTING RETENTION PRACTICES OR

17    WAYS IT MIGHT CONSIDER CHANGING THEM,

18    THOSE ARE THE TYPES OF THINGS COMPANIES

19    DON'T WANT OUT THERE KNOWN TO THE PUBLIC;

20    IS THAT FAIR TO SAY?

21    MR. RENARD:  OBJECTION TO

22    FORM.

23    A.    NOT -- I WOULDN'T SAY THAT

24    ALWAYS. I THINK SOME COMPANIES COULD

25    PUBLISH THEIR RETENTION POLICIES. SO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 50

1    THEY'RE NOT -- BUT FOR SOMEONE ADVISING

2    THEM, YES, THEY WOULD -- THAT'S --

3    THAT -- YOU KNOW, BUT NOT JUST ON ITS

4    RETENTION POLICIES, ALL THE WORK THAT I

5    DO IS CONSIDERED CONFIDENTIAL AS FAR AS

6    ADVISORY.

7        Q.    DO YOU HELP FOLKS WITH

8    LITIGATION HOLDS, LIKE HOW TO WORD THEM?

9        A.    I HAVE.

10       Q.    AND ARE YOU WILLING TO SHARE

11   TODAY WITH US WHAT THOSE SPECIFIC

12   SUGGESTIONS WERE IN TERMS OF THE

13   INSTRUCTIONS TO PUT IN THE HOLD?

14       A.    HOLDS CAN BE UNIQUE AND

15   COMPLEX. YOU KNOW, IF YOU HAVE A SPECIFIC

16   QUESTION?

17       Q.    SURE. HAVE YOU EVER ACTUALLY

18   ADVISED A COMPANY BY SAYING, "HERE ARE

19   THE WORDS I SUGGEST YOU USE WITH RESPECT

20   TO THIS LITIGATION HOLD?"

21       A.    IF I AM ASKED.

22       Q.    HAVE YOU DONE THAT?

23       A.    YES.

24       Q.    AND WHEN YOU DID THAT DID YOU

25   CONSIDER THAT CONFIDENTIAL?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 51

1          A.    YES.

2          Q.    IN YOUR REPORT, IF YOU CAN GO

3    TO PAGE 4, PARAGRAPH 4, THERE ARE TWO

4    CASES MENTIONED THERE WHERE YOU WERE

5    APPOINTED AS A NEUTRAL FORENSIC EXAMINER;

6    IS THAT RIGHT?

7          A.    YES.

8          Q.    IS THAT FIRST ONE PRONOUNCED

9    LIKE THE WORD "MIRACLE" EVEN THOUGH IT'S

10   SPELL WITH AN A-K-L?

11         A.    I BELIEVE IT'S MIRAKL.

12         Q.    THE MIRAKL AND THE WATCHDOG

13   CASES YOU WERE APPOINTED AS A NEUTRAL

14   EXAMINER; IS THAT RIGHT?

15         A.    YES.

16         Q.    BY THE WAY, WAS IT YOU, MR.

17   GRANDE, WHO WAS APPOINTED TO SERVE AS THE

18   NEUTRAL OR WAS IT BRG HERE, THE FIRM THAT

19   YOU'RE WITH?

20         A.    BRG, AND I WAS THE LEAD

21   FORENSIC ANALYST ON THE CASE.  SO I WAS

22   THE ONE IN CORRESPONDENCE WITH THE COURT.

23         Q.    OKAY. BUT JUST TO CLARIFY MY

24   QUESTION, IN TERMS OF WHO THE COURT

25   ACTUALLY APPOINTED AS THE NFE, IT WAS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 52

1    BRG, THE COMPANY THAT YOU'RE CURRENTLY

2    WITH; IS THAT RIGHT?

3         A.    I BELIEVE THAT'S CORRECT. MY

4    NAME MAY HAVE BEEN LISTED AS WELL IN THE

5    -- IN THE -- IN THE APPOINTMENT BUT BRG

6    WAS THE NEUTRAL FORENSIC -- WAS APPOINTED

7    AND I WAS THE -- YOU KNOW, I BELIEVE I

8    WAS NAMED AS WELL BUT IT WAS BRG WAS THE

9    ENTITY APPOINTED.

10              MS. NAJAM:  SO I'M GOING TO

11        MARK THE ORDER FROM THE WATCHDOG

12        CASE AS EXHIBIT 2.

13              (GRANDE EXHIBIT 2, CONSENT

14        ORDER IN RE: IME WATCHDOG, WAS

15        RECEIVED AND MARKED ON THIS DATE

16        FOR IDENTIFICATION.)

17        Q.    FOR THE RECORD, CAN YOU PLEASE

18    CONFIRM FOR ME THAT THIS IS THE ORDER IN

19    THE WATCHDOG CASE IN THE EASTERN DISTRICT

20    OF NEW YORK APPOINTING THE NEUTRAL

21    FORENSIC EXAMINER?

22        A.    YES. YES.

23        Q.    AND IF YOU LOOK AT PAGE 2 IT

24    SAYS EXAMINER SELECTION AND THE

25    APPOINTMENT IS BERKELEY RESEARCH GROUP.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 53

1    DO YOU SEE THAT?

2        A.    YES.

3        Q.    AND THIS DOESN'T MENTION YOU,

4    IN THE ORDER?

5        A.    THE ORDER DOES NOT.

6        Q.    YOU CAN PUT THAT ASIDE.

7            CAN YOU EXPLAIN FOR US WHAT

8    YOU DID AS A NEUTRAL FORENSIC EXAMINER IN

9    MIRAKL AND WATCHDOG?

10            MR. RENARD:  OBJECTION TO

11        FORM.

12        Q.    LET ME CURE THAT OBJECTION.

13    WE'LL TAKE THEM ONE BY ONE.

14            WHAT DID YOU DO AS THE NFE IN

15    WATCHDOG?

16        A.    IN IME WATCHDOG V. GELARDI WE

17    IMAGED AND ANALYZED, IT WAS A COMBINATION

18    OF COMPUTERS AND CELLPHONES THAT WERE IN

19    THE POSSESSION OF THE DEFENDANTS AND WE

20    COMPLIED WITH -- I DON'T BELIEVE IT'S --

21    WE COMPLIED WITH THIS, WITH THE CONSENT

22    ORDER FROM THE COURT AND I BELIEVE THERE

23    MAY HAVE BEEN ANOTHER FORENSIC PROTOCOL

24    TO PROVIDE ANALYSIS AND A REPORT TO THE

25    PARTIES REGARDING OUR FINDINGS.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 54

1      Q.    DID YOUR ROLE THERE INVOLVE
2  OPINING ON WHETHER THE PARTICULAR PARTY
3  HAD COMPLIED WITH ITS LEGAL OBLIGATIONS
4  OF ESI PRESERVATION?
5      A.    NO. THE ROLE WAS A -- IT WAS
6  REALLY MORE FACTFINDING REGARDING WHAT
7  DATA HAD BEEN, YOU KNOW, SEARCHING FOR --
8  FOR RELEVANT SEARCH TERMS.  THIS WAS A
9  TRADE SECRET MATTER THAT -- YOU KNOW,
10  FINDING WHETHER DOCUMENTS HAD BEEN TAKEN
11  BY ONE PARTY THAT SHOULDN'T HAVE BEEN
12  TAKEN --
13      Q.    GOT IT.
14      A.    -- IN THE POSSESSION OF THE
15  OTHER PARTY.
16      Q.    SO IT HAD NOTHING TO DO WITH
17  POTENTIAL SPOLIATION?
18      A.    NO.
19      Q.    OKAY. AND HOW ABOUT MIRAKL,
20  WHAT WAS YOUR ROLE -- WHAT WAS YOUR --
21  WHAT WAS YOUR JOB IN MIRAKL AS THE NFE?
22      A.    IN MIRAKL, WE ALSO IMAGED
23  DEVICES THAT WERE IN THAT CASE I BELIEVE
24  IN THE POSSESSION OF THE PLAINTIFFS AND
25  -- AND SIMILARLY FOLLOWED A FORENSIC

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 55

1    PROTOCOL TO IMAGE OR ANALYZE, ANALYZE THE

2    DEVICES AND DOCUMENTS ON THEM AND, YOU

3    KNOW, THIS ALSO INVOLVED A PRIVILEGED

4    STEP AS WELL TO CONFIRM THE PRIVILEGED

5    DOCUMENTS WOULD NOT BE PROVIDED TO THE

6    OTHER SIDE.  SO, YOU KNOW, WE WENT

7    THROUGH SEVERAL STEPS WITH THE CLIENTS IN

8    ORDER TO PROVIDE -- PROVIDE THE

9    INFORMATION AT ISSUE AND THEN AGAIN

10   PROVIDE A SHORT REPORT REGARDING OUR

11   FINDINGS IN THAT CASE. AND, AGAIN, THIS

12   WAS A TRADE SECRET CASE.

13        Q.    SO I TAKE IT THIS TOO DID NOT

14   INVOLVE AN OPINION FROM YOU ON WHETHER

15   ANY PARTY HAD FAILED TO PRESERVE ESI; IS

16   THAT ACCURATE?

17        A.    THAT'S CORRECT.

18        Q.    HAVE YOU BEEN APPOINTED AS A

19   NEUTRAL FORENSIC EXAMINER IN ANY OTHER

20   CASES BESIDES THOSE TWO?

21        A.    I WAS APPOINTED ALSO IN AN

22   ARBITRATION MATTER, BUT THAT SETTLED SO

23   IT DIDN'T PROCEED.

24        Q.    WHEN YOU SAY IT DIDN'T

25   PROCEED, DOES THAT MEAN YOU WERE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 56

1    APPOINTED AS A NFE BUT YOU DIDN'T END UP

2    DOING ANYTHING?

3         A.    CORRECT. WE WERE RETAINED BUT

4    THEN THE CASE SETTLED BEFORE WE RECEIVED

5    THE DEVICES.

6         Q.    ALL RIGHT. NOW, IF YOU LOOK AT

7    APPENDIX A TO YOUR REPORT, WE'RE NOT

8    GOING TO GO THROUGH IT IN DETAIL, IT'S

9    YOUR CV, IT STARTS ON PAGE 47.

10         A.    YES.

11         Q.    SINCE SUBMITTING YOUR REPORT,

12   ARE THERE ANY CORRECTIONS OR ADDITIONS

13   THAT YOU WANTED TO MAKE TO YOUR CV?

14         A.    THERE WAS ONE DOCUMENT,

15   ALTHOUGH IT SAYS SELECTED PUBLICATIONS,

16   THAT WAS NOT LISTED HERE THAT I FORGOT, I

17   HAD FORGOTTEN ABOUT BUT IT WAS NOT A

18   PUBLISHED ARTICLE.  IT WAS AN ARTICLE IN

19   CONNECTION WITH A CONFERENCE IN I BELIEVE

20   2019. AND THERE WERE ALSO TWO ARTICLES

21   FROM 2014 WHICH I DON'T BELIEVE WOULD BE

22   COVERED BY THE SCOPE OF THE TEN-YEAR

23   PERIOD.  BUT THAT'S ALL.

24         Q.    ALL RIGHT. AND FOR THE

25   SELECTED PUBLICATIONS, IF I SEE SOMETHING

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 57

1   LISTED IN SELECTED PUBLICATIONS, DOES

2   THAT MEAN YOU WROTE IT OR CO-WROTE IT?

3        A.    YES.

4        Q.    AND IF SOMETHING IS IN

5   SELECTED PRESENTATIONS, SAME QUESTION,

6   DOES THAT MEAN YOU EITHER WROTE OR

7   CO-WROTE IT?

8        A.    SELECTED PRESENTATIONS ARE

9   PRESENTATIONS/CONFERENCES WHERE I SPOKE

10  ON A PANEL OR MODERATED A PANEL.

11       Q.    SO IF THERE IS SOME TYPE OF,

12  LIKE, WRITTEN PRESENTATION ASSOCIATED

13  WITH THESE, WAS IT YOUR PRACTICE TO

14  ACTUALLY PARTICIPATE IN THE DRAFTING OF

15  THE PRESENTATION?

16       A.    IF IT WAS A POWERPOINT, YOU

17  KNOW, I MAY HAVE BEEN INVOLVED. IF IT WAS

18  ON OCCASION WITH PANELS, YOU'LL HAVE ONE

19  PARTICIPANT WILL PROVIDE THEIR OWN

20  POWERPOINT WHICH COVERS WHAT THEY'RE

21  SPEAKING ABOUT.  SO SOMETIMES THERE WILL

22  BE THE WHOLE PANEL.

23       Q.    SOMETIMES YOU'LL FIND A PANEL

24  WITH A SUCKER WHO WILL DO THE WHOLE

25  POWERPOINT FOR ALL OF YOU?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 58

1        A.    YES, THAT'S ALWAYS NICE.

2        Q.    BUT WHEN YOU DO THAT, WAS IT

3    STILL YOUR PRACTICE TO MAKE SURE YOU WERE

4    COMFORTABLE WITH THE SLIDES BEING SHOWED

5    IN THE PANEL PRESENTATION?

6            MR. RENARD:  OBJECTION TO

7        FORM.

8        A.    IF I WAS SPEAKING ABOUT THAT

9    SLIDE, YES, BUT IF SOMEONE ELSE IS

10   SPEAKING ABOUT A SLIDE, AND THAT'S THEIR

11   PART OF THE PRESENTATION, I WOULDN'T HAVE

12   -- THAT'S THEIR BUSINESS.

13       Q.    SO THERE WERE NOT ANY DATES

14   LISTED IN YOUR CV FOR YOUR PREVIOUS

15   POSITIONS, SO I WANTED TO REALLY QUICKLY

16   MARK ANOTHER EXHIBIT THAT IS YOUR

17   LINKEDIN PROFILE, WHICH I HAVE MARKED AS

18   EXHIBIT 3.

19           (GRANDE EXHIBIT 3, LINKEDIN

20       PROFILE FOR IGNATIUS A. GRANDE, WAS

21       RECEIVED AND MARKED ON THIS DATE

22       FOR IDENTIFICATION.)

23       Q.    CAN YOU CONFIRM FOR US THAT

24   THIS IS, IN FACT, YOUR LINKEDIN PROFILE?

25       A.    YES, IT IS.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 59

1      Q.    IS THIS SOMETHING THAT YOU
2  KEEP UP-TO-DATE?
3      A.    NOT AS MUCH AS I SHOULD BUT I
4  HAVEN'T UPDATED IT IN SOME TIME.
5      Q.    WHEN YOU SAY "SOME TIME", ARE
6  YOU TALKING ABOUT FIVE YEARS OR MONTHS?
7      A.    I WOULD SAY IT COULD BE FIVE
8  YEARS, MORE IN THAT RANGE, BUT -- OR
9  PARTS OF IT.
10     Q.    NOW, IF YOU LOOK AT THE
11 SECTION BEGINNING WITH EXPERIENCE, I
12 WANTED TO SEE IF I COULD SUM THIS UP.
13          AM I RIGHT YOU SPENT ABOUT 13
14 YEARS IN PRIVATE PRACTICE AS A LAWYER AT
15 A LAW FIRM?
16     A.    THAT SOUNDS ABOUT RIGHT.
17     Q.    AND THEN IN ADDITION TO THAT
18 YOU ALSO SPENT TWO YEARS INHOUSE AT THE
19 LOUIS DREYFUS CORPORATION; IS THAT
20 CORRECT?
21     A.    YES.
22     Q.    HOWEVER, IF YOU GO TO THE
23 FIRST PAGE, MR. GRANDE, THE SECOND
24 SENTENCE UNDER ABOUT SAYS THAT YOU'VE
25 SERVED AS A NEUTRAL FORENSIC EXAMINER ON

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 60

1  SEVERAL MATTERS. DO YOU SEE THAT ON THE
2  VERY FIRST PAGE UNDER YOUR PICTURE BOX?
3        A.    I SEE THAT, YES.
4        Q.    SO FIRST PAGE, WHEN YOU SAID
5  "SEVERAL", DID YOU MEAN TWO?
6        A.    I MEANT THREE THAT I HAD BEEN
7  RETAINED FOR.
8        Q.    BUT IT DOESN'T SAY "RETAINED",
9  IT SAYS HE HAS SERVED AS A NEUTRAL
10 FORENSIC EXAMINER ON SEVERAL MATTERS. DID
11 I READ THAT CORRECTLY FROM YOUR PROFILE?
12        A.    YES. AND ON THE NEXT PAGE IT
13 SAYS, "HE REGULARLY SERVES AS A NEUTRAL
14 FORENSIC EXAMINER."
15        Q.    I HEAR YOU. SO I'M STILL ON
16 THE FIRST PAGE.
17        A.    YEAH.
18        Q.    IS IT YOU WHO ACTUALLY TYPED
19 UP THIS DESCRIPTION WHENEVER YOU LAST
20 UPDATED IT?
21        A.    I DID.
22        Q.    SO WHEN YOU WROTE THAT YOU
23 "SERVED AS A NEUTRAL NFE ON SEVERAL
24 MATTERS", BY "SEVERAL" YOU MEANT TWO,
25 RIGHT?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 61

```
 1          A.    I MEANT THREE, BUT YES.
 2          Q.    BUT JUST TO BE CLEAR, ON THE
 3     THIRD ONE FOR THE ARBITRATION YOU DIDN'T
 4     ACTUALLY END UP SERVING; IS THAT RIGHT?
 5          A.    I DID SERVE --
 6               MR. RENARD:  OBJECTION TO
 7          FORM.
 8          A.    I DID SERVE.  I DIDN'T -- WE
 9     DIDN'T PROCEED WITH THE CASE, BUT I WAS
10     RETAINED AND I RECEIVED -- I WAS PAID FOR
11     MY WORK ON THAT CASE.
12          Q.    AND, SORRY, I FORGOT TO ASK
13     ABOUT THE LOUIS DREYFUS COMPANY, WHEN YOU
14     WERE THERE.
15               AM I RIGHT THAT THAT COMPANY
16     IS A GLOBAL AGRICULTURAL COMMODITIES
17     TRADING COMPANY?
18          A.    THAT'S A FAIR DESCRIPTION.
19          Q.    AND JUST TO BE CLEAR, IT'S NOT
20     A TECH COMPANY, IS IT?
21          A.    NO.
22          Q.    WHEN YOU WORKED AT THOSE THREE
23     LAW FIRMS THAT ARE LISTED HERE, I THINK
24     YOU MENTIONED CLIFFORD CHANCE, DE SANTO
25     AND HUGHES HUBBARD & REID?
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 62

```
 1        A.     YES.
 2        Q.     CAN YOU TELL ME ROUGHLY HOW
 3   MANY TECH COMPANIES YOU REPRESENTED AT
 4   THOSE FIRMS?
 5             MR. RENARD:   OBJECTION TO
 6        FORM.
 7        Q.     IF ANY?
 8        A.     I'VE WORKED WITH MANY
 9   COMPANIES OVER THE COURSE OF MY CAREER.
10   IT WOULD DEPEND HOW YOU DEFINE "TECH
11   COMPANIES".
12        Q.     DO YOU NOT HAVE AN
13   UNDERSTANDING OF WHAT A TECH COMPANY IS?
14        A.     I'VE WORKED WITH SAAS
15   COMPANIES, IF THAT'S WHAT YOU CONSIDER
16   A TECH --
17        Q.     DID YOU SAY SAAS?
18        A.     YES.
19        Q.     WHAT DOES THAT STAND FOR?
20        A.     SOFTWARE AS A SERVICE.
21        Q.     SO HOW MANY SOFTWARE AS A
22   SERVICE COMPANIES DID YOU REPRESENT?
23        A.     MORE THAN ONE.  AT LEAST A
24   COUPLE.
25        Q.     I'M SORRY TO DO THIS AGAIN.
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 63

1   WHEN YOU SAY "AT LEAST A COUPLE", DO YOU

2   MEAN AT LEAST TWO?

3           A.    YES.

4               MR. RENARD:  COUNSEL, WE'VE

5       BEEN GOING OVER AN HOUR, SO

6       WHENEVER YOU GET TO A CONVENIENT

7       BREAKING POINT.

8               MS. NAJAM:  I'M ALMOST AT ONE.

9               MR. RENARD:  I FIGURED AS

10      MUCH.

11          Q.    AND SIR, IN TERMS OF SAAS

12  COMPANIES, AS YOU SAID SOFTWARE AS A

13  SERVICE, HOW MANY OF THOSE COMPANIES HAVE

14  YOU ADVISED WITH RESPECT TO THEIR

15  DOCUMENT RETENTION PRACTICES?

16          A.    I CAN'T SAY FOR CERTAIN BUT I

17  DON'T REMEMBER ADVISING ONE OF THE SAAS

18  COMPANIES ON DOCUMENT RETENTION.

19          Q.    HAVE YOU EVER, WHETHER IN YOUR

20  CAPACITY AS A LAWYER AT A FIRM OR AN

21  EDISCOVERY CONSULTANT, HOW MANY TIMES

22  HAVE YOU ACTUALLY ADVISED A TECH COMPANY

23  ON DOCUMENT RETENTION?

24          A.    I DON'T RECALL.

25          Q.    IS IT POSSIBLE YOU'VE NEVER?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 64

1    A.    I'VE ADVISED MANY COMPANIES

2    BUT IT'S POSSIBLE I HAVE NOT ADVISED A

3    TECH COMPANY SPECIFICALLY ON DOCUMENT

4    RETENTION.

5    Q.    AND THEN FINALLY, HAVE YOU

6    EVER ADVISED ANY -- "FINALLY" AS IN LAST

7    QUESTION BEFORE THE BREAK -- HAVE YOU

8    EVER ADVISED ANY GOVERNMENTAL ENTITIES ON

9    DOCUMENT RETENTION -- SORRY -- MORE

10   SPECIFICALLY ON THEIR DOCUMENT RETENTION

11   POLICIES OR PRACTICES?

12   A.    I'VE ADVISED GOVERNMENTAL

13   ENTITIES ON ESI ISSUES BUT I CAN'T RECALL

14   ANY PARTICULAR DOCUMENT RETENTION ISSUES

15   WITH THAT PARTICULAR AGENCY.

16   Q.    YOU SAID "THAT PARTICULAR

17   AGENCY". DOES THAT MEAN IT WAS ONE AGENCY

18   IN TERMS OF A GOVERNMENTAL ENTITY THAT

19   YOU ADVISED REGARDING ESI?

20   A.    NO, I'VE WORKED WITH MORE THAN

21   ONE ENTITY.

22   Q.    BUT, AGAIN, NONE OF THEM

23   INVOLVED ADVISING ON THEIR PRESERVATION

24   OF ESI; IS THAT ACCURATE?

25   A.    NOT THAT I CAN RECALL.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 65

1           MS. NAJAM:  OKAY. WE CAN TAKE
2      A BREAK.
3           VIDEOGRAPHER:  TIME IS 10:15
4      A.M.  WE'RE GOING OFF THE RECORD.
5           (RECESS IS TAKEN.)
6           VIDEOGRAPHER:  THE TIME IS
7      APPROXIMATELY 10:35 A.M.  WE ARE
8      BACK ON THE RECORD.
9           Q.   SIR, I'M GOING TO HAND YOU
10 WHAT I AM MARKING AS EXHIBIT 4 TO YOUR
11 DEPOSITION.
12           (GRANDE EXHIBIT 4, BIOGRAPHY
13      OF IGNATIUS A. GRANDE FROM BRG
14      WEBSITE, WAS RECEIVED AND MARKED ON
15      THIS DATE FOR IDENTIFICATION.)
16           Q.   CAN YOU JUST CONFIRM FOR ME
17 THAT THIS IS YOUR PROFILE THAT'S
18 AVAILABLE ON BRG'S WEBSITE TODAY?
19           A.   YES, I BELIEVE SO.
20           Q.   AND IF YOU LOOK AT PAGE 2 OF
21 YOUR BIO, IN THE LAST PARAGRAPH, THE
22 SECOND TO LAST SENTENCE NOTES THAT YOU
23 HAVE TAUGHT AN EDISCOVERY COURSE AT ST.
24 JOHNS UNIVERSITY LAW -- ST. JOHNS
25 UNIVERSITY SCHOOL OF LAW FOR THE LAST SIX

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1   YEARS. THAT'S NOT ACCURATE, IS IT?

2        A.    THIS IS OUT OF DATE. I HAVE

3   NOT UPDATED IT IN A WHILE.

4        Q.    AM I RIGHT THAT YOU -- ONE OF

5   THE TOPICS YOU HAVE WRITTEN ON IS SOCIAL

6   MEDIA ETHICS OF LAWYERS?

7        A.    THAT'S CORRECT.

8        Q.    AND ONE OF THE THINGS THAT YOU

9   HAVE OPINED ON IN WRITING IS THAT LAWYERS

10  HAVE AN OBLIGATION TO MAKE SURE THEIR

11  PAGES ARE ACCURATE AND NOT MISLEADING; IS

12  THAT RIGHT?

13       A.    I BELIEVE THE -- I BELIEVE

14  THAT STATEMENT IS IN CONNECTION WITH

15  SOMEONE WHO IS PUTTING THEMSELVES OUT TO

16  PRACTICE LAW IN A DIFFERENT AREA THAN IN

17  WHICH THEY PRACTICE.

18            MS. NAJAM:  WELL, I'LL OBJECT

19  AS NONRESPONSIVE.

20       Q.    MORE GENERALLY YOU HAVE

21  WRITTEN THAT LAWYERS HAVE AN OBLIGATION

22  TO MAKE SURE THAT WHAT THEY PUT OUT THERE

23  TO SELL THEMSELVES AS LAWYERS IS ACCURATE

24  AND NOT MISLEADING; IS THAT TRUE?

25       A.    I DON'T BELIEVE THAT'S

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 67

1    ENTIRELY TRUE. AS I SAID, I BELIEVE THAT

2    THAT WAS IN CONNECTION WITH A

3    CONVERSATION ABOUT WHETHER SOMEONE WOULD

4    RETAIN SOMEONE FOR -- ON LINKEDIN, FOR

5    EXAMPLE, IF THEY PUT THEMSELVES OUT AS A

6    CORPORATE LAWYER AND THEY ARE PRACTICING

7    LITIGATION.

8        Q.    IS IT YOUR TESTIMONY THAT THE

9    ARTICLES THAT YOU HAVE WRITTEN ARE THAT

10   NARROW IN TERMS OF A LAWYER'S OBLIGATION

11   TO ACCURATELY AND NOT MISLEADINGLY

12   DESCRIBE THEMSELVES FOR PURPOSES OF

13   PROFESSIONAL MARKETING?

14           MR. RENARD:  OBJECTION TO

15       FORM.

16       A.    I DON'T -- I DON'T RECALL THE

17   STATEMENT YOU'RE REFERRING TO.

18       Q.    CAN WE AGREE THAT WHETHER IT'S

19   A LAWYER FOR REPRESENTATION ON A CASE OR

20   A LAWYER WHO IS AN EDISCOVERY CONSULTANT,

21   WHEN YOU DESCRIBE YOURSELF FOR

22   PROFESSIONAL MARKETING PURPOSES IT SHOULD

23   BE ACCURATE AND NOT MISLEADING, TRUE?

24       A.    YES, AND I BELIEVE THIS IS

25   ACCURATE.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 68

```
 1        Q.    IT'S ACCURATE TO SAY THAT YOU
 2   HAVE TAUGHT AT ST. JOHNS FOR THE LAST SIX
 3   YEARS?
 4        A.    IT'S OUT OF DATE, BUT I AM
 5   STILL ON THE ADJUNCT FACULTY ON THEIR
 6   WEBSITE. I'M STILL CONNECTED TO ST. JOHNS
 7   AND COULD PRESENT THE COURSE NEXT YEAR,
 8   SO IT'S NOT INACCURATE.
 9        Q.    YOU HAVEN'T TAUGHT IT FOR THE
10   LAST FIVE TO SIX YEARS; IS THAT CORRECT?
11        A.    THAT'S CORRECT. THIS STATEMENT
12   IS OUT OF DATE.
13        Q.    PRIOR TO THIS CASE, HAVE YOU
14   EVER WORKED AT ANY -- SORRY -- HAVE YOU
15   EVER WORKED WITH ANY OF THE LAW FIRMS WHO
16   ARE CURRENTLY REPRESENTING THE PLAINTIFF
17   STATES IN THIS LAWSUIT?  LET ME KNOW IF
18   YOU NEED ME TO NAME THEM FOR YOU.
19        A.    OTHER THAN THE FIRMS IN THIS
20   ROOM?
21        Q.    BEFORE THIS CASE HAVE YOU EVER
22   WORKED WITH THE LAW FIRM NORTON ROSE
23   FULBRIGHT?
24        A.    I DO NOT BELIEVE I HAVE.
25        Q.    HAVE YOU EVER WORKED WITH THE
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 69

1    LANIER LAW FIRM?

2         A.    I DO NOT BELIEVE I HAVE. THEY

3    MAY HAVE BEEN INVOLVED WITH ANOTHER CASE

4    I WORKED ON BUT I DON'T BELIEVE SO.

5         Q.    AND SAME QUESTION FOR KELLER

6    POSTMAN?

7         A.    NOT THAT I'M AWARE OF.

8         Q.    BEFORE THIS CASE, HAVE YOU

9    EVER WORKED WITH ANY OF THE LAWYERS WHOM

10   YOU NOW KNOW ARE AMONG THE FOLKS

11   REPRESENTING THE PLAINTIFF STATES?

12        A.    NO.

13        Q.    BEFORE THIS CASE, HAVE YOU

14   EVER DONE ANY WORK FOR THE STATE OF

15   TEXAS?

16        A.    NO.

17        Q.    ON WHAT DATE WERE YOU ENGAGED

18   FOR THIS CASE?

19        A.    ON NOVEMBER 27TH.

20        Q.    AND WHEN DID YOU START DOING

21   WORK?

22        A.    EITHER ON THAT DATE OR THE

23   FOLLOWING DATE, NOVEMBER 28TH.

24        Q.    SO IS IT ACCURATE TO SAY THAT

25   YOU FORMED YOUR OPINIONS IN THIS CASE IN

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 70

1    A MATTER OF A COUPLE OF WEEKS?

2        A.    YES.

3        Q.    IS IT YOUR TESTIMONY THAT ALL

4    OF YOUR OPINIONS IN YOUR REPORT ARE

5    REBUTTING AN OPINION OF MR. MALKIEWICZ?

6        A.    THAT IS CORRECT.

7        Q.    AND YOU REMEMBER FROM

8    PRACTICING LAW WHAT IT MEANS TO BE A

9    REBUTTAL EXPERT, RIGHT, SIR?

10            MR. RENARD:  OBJECTION TO

11       FORM.

12       A.    I HAVE AN UNDERSTANDING OF

13   WHAT IT MEANS TO BE A REBUTTAL EXPERT.

14       Q.    DOES THAT UNDERSTANDING

15   INCLUDE THAT YOUR OPINIONS SHOULD BE

16   CONFINED TO REBUTTING THE PERSON'S

17   OPINIONS THAT YOU'VE BEEN DESIGNATED TO

18   RESPOND TO?

19       A.    AS A REBUTTING EXPERT MY

20   OPINIONS ARE INTENDED TO REBUT ANOTHER

21   EXPERT'S OPINIONS.

22       Q.    BECAUSE IF THEY DON'T, THEN

23   THAT'S JUST A NEW OPINION, RIGHT?

24            MR. RENARD:  OBJECTION TO

25       FORM.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 71

1       A.    I COULDN'T SAY.

2       Q.    ARE YOU AWARE THAT IN THIS

3   CASE THERE IS A -- THERE WAS AN AGREEMENT

4   SETTING FORTH A SPECIFIC SCHEDULE FOR

5   EXPERTS RELATING TO CHAT MESSAGES?

6       A.    I AM NOT AWARE OF THE

7   SCHEDULE.

8       Q.    HOW MANY HOURS DID YOU

9   PERSONALLY SPEND ON THIS CASE IN THAT

10  COUPLE OF WEEKS?

11      A.    I BILLED APPROXIMATELY 120

12  HOURS ON THIS CASE.

13      Q.    IS THAT TO DATE?

14      A.    YES.

15      Q.    DID YOU HAVE A TEAM WORKING ON

16  THIS ENGAGEMENT WITH YOU?

17      A.    I -- A COLLEAGUE ASSISTED WITH

18  RESEARCH.

19      Q.    WHEN YOU SAY "RESEARCH", ARE

20  WE TALKING, LIKE, LEGAL RESEARCH?

21      A.    NO, PUBLICLY AVAILABLE

22  RESEARCH.

23      Q.    DID YOU -- YOU ATTENDED MR.

24  MALKIEWICZ'S DEPOSITION ON TUESDAY; IS

25  THAT RIGHT?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 72

1   A.  YES.

2   Q.  AND BY "ATTEND" I MEAN LIKE IN

3 PERSON, YOU WERE IN THE ROOM DURING HIS

4 DEPOSITION, CORRECT?

5   A.  YES.

6   Q.  DID YOU ATTEND REMOTELY THE

7 DEPOSITION THAT OCCURRED THE DAY BEFORE

8 OF PROFESSOR HOCHSTETLER?

9   A.  NO.

10   Q.  DID YOU READ HIS DEPOSITION

11 TRANSCRIPT?

12   A.  NO.

13   Q.  DID YOU READ PORTIONS OF IT?

14   A.  I DON'T BELIEVE SO.

15   Q.  ALL RIGHT. LET'S GO TO YOUR

16 REPORT, IT'S EXHIBIT 1.  I WANT TO TURN

17 TO PAGE 59, IT'S APPENDIX C.

18     NOW, THE TITLE OF THIS

19 APPENDIX IS MATERIALS CONSIDERED. DO YOU

20 SEE THAT?

21   A.  YES.

22   Q.  MR. GRANDE, DID YOU REALLY

23 REVIEW OVER 200 DEPOSITIONS IN THAT

24 TWO-WEEKS SPAN?

25   A.  THE MATERIALS CONSIDERED ARE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 73

1    DOCUMENTS I WAS PROVIDED ACCESS TO.

2        Q.    OKAY. SO YOU SAID

3    "CONSIDERED", BUT WHAT YOU MEANT WAS THIS

4    IS THE UNIVERSE OF DOCUMENTS TO WHICH I

5    HAD ACCESS; DID I RECAP THAT CORRECTLY?

6        A.    YES, INCLUDING SOME WHICH I

7    REVIEWED OR REVIEWED PARTS OF BUT THESE

8    WERE NOT RELIED UPON IN MY REPORT.

9        Q.    SURE. THERE IS A WHOLE OTHER

10   APPENDIX FOR MATERIALS THAT YOU ACTUALLY

11   RELIED ON, RIGHT?

12       A.    YES.

13       Q.    BUT I WANT TO STICK TO

14   APPENDIX C.  TO RECAP WHAT APPENDIX C

15   REALLY IS, IS STUFF YOU COULD HAVE LOOKED

16   AT; IS THAT FAIR TO SAY?

17           MR. RENARD:  OBJECTION TO

18       FORM.

19       A.    NO, THERE'S -- I DID LOOK AT

20   SOME DOCUMENTS ON THIS LIST.

21       Q.    SURE. SO HERE IS MY QUESTION,

22   LOOKING AT YOUR ENTIRE REPORT AND ALL OF

23   ITS APPENDICES, HOW AM I TO DETERMINE

24   WHICH DEPOSITION YOU ACTUALLY READ?

25       A.    THE DEPOSITIONS WHICH I RELIED

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 74

1    UPON IN MY REPORT ARE LISTED IN APPENDIX

2    B IN DRAFTING MY OPINIONS.

3          Q.    THAT MAKES SENSE BUT MY

4    QUESTION WAS DIFFERENT.

5                WHERE CAN I FIND A LIST OF

6    DEPOSITIONS OR DOCUMENTS THAT YOU

7    ACTUALLY READ BUT JUST DIDN'T RELY UPON?

8          A.    THERE IS NO LIST OF THAT

9    PARTICULAR SUBSET.

10         Q.    OKAY. SO THERE IS A LIST OF

11   THINGS THAT YOU'RE RELYING ON AND THERE

12   IS A LIST OF STUFF THAT WAS AVAILABLE TO

13   YOU, BUT THERE IS NO LIST OF MATERIALS

14   THAT YOU REVIEWED BUT DIDN'T RELY ON; IS

15   THAT ACCURATE?

16         A.    YES.

17         Q.    CAN YOU TELL US HOW MANY

18   DEPOSITIONS YOU ACTUALLY REVIEWED?

19         A.    IT WAS SOMEWHERE, I WOULD SAY,

20   BETWEEN 14, PROBABLY UP TO 20 DIFFERENT

21   DEPOSITIONS, BUT I COULDN'T RECALL

22   EXACTLY.

23         Q.    OKAY. SO YOU'RE LOOKING AT --

24         A.    I DON'T HAVE A LIST.

25         Q.    SORRY. YOU'RE LOOKING AT PAGE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 75

1    47, THAT'S YOUR RELIED UPON LIST; IS THAT

2    RIGHT?

3           A.    YES.

4           Q.    SO THE ANSWER IS SOMETHING

5    GREATER THAN 14?

6           A.    THAT'S CORRECT.

7           Q.    AND THEN I'M ASSUMING THE SAME

8    APPLIES TO THE REST OF APPENDIX C BEYOND

9    DEPOSITIONS?

10              MR. RENARD:  OBJECTION TO

11        FORM.

12          Q.    SO, FOR EXAMPLE, GO TO PAGE

13   65. YOU LISTED HERE A TON OF -- MORE

14   SPECIFICALLY 30 -- WELL, OVER 100 EXPERT

15   REPORTS AND DECLARATIONS. YOU DIDN'T

16   ACTUALLY REVIEW ALL THESE, DID YOU?

17          A.    NO, I DID NOT REVIEW ALL OF

18   THEM.

19          Q.    AND THEN SAME QUESTION FOR THE

20   LONG LIST OF BATE STAMPED DOCUMENTS

21   CONTAINED IN APPENDIX C, THAT IS JUST A

22   LIST OF DOCUMENTS THAT WERE MADE

23   AVAILABLE, THAT DOESN'T MEAN YOU ACTUALLY

24   REVIEWED THEM; IS THAT ACCURATE?

25          A.     I REVIEWED SEVERAL DOCUMENTS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 76

1   -- MANY DOCUMENTS IN THIS CASE. I

2   COULDN'T SAY HOW MANY OF THE ONES IN

3   APPENDIX C THAT I HAVE SEEN.

4        Q.    GOT IT. WHILE WE'RE IN YOUR

5   REPORT, LET'S GO TO PAGE 11. WE'RE UNDER

6   YOUR ANALYSIS AND YOU REFERENCE IN THAT

7   HEADING AN OPINION BY MR. MALKIEWICZ

8   THAT, "THE KINDS OF INFORMATION

9   GOVERNANCE PRACTICES THAT WERE APPLIED TO

10  GOOGLE CHATS IN THIS CASE ARE WIDESPREAD

11  AND GENERALLY ACCEPTED." DO YOU SEE THAT?

12       A.    IS INCORRECT.

13       Q.    SURE. THIS IS A SECTION WHERE

14  YOU'RE PURPORTING TO REBUT AN OPINION BY

15  MR. MALKIEWICZ, RIGHT, SIR?

16       A.    YES.

17       Q.    SO I'M GOING TO MARK AS THE

18  NEXT EXHIBIT 5 MR. MALKIEWICZ'S REPORT.

19            CAN YOU CONFIRM THAT EXHIBIT 5

20  IS THE REPORT OF MR. MALKIEWICZ TO WHICH

21  YOU CLAIM YOU'RE RESPONDING?

22            (GRANDE EXHIBIT 5, EXPERT

23        REPORT OF MICHAEL A. MALKIEWICZ,

24        WAS RECEIVED AND MARKED ON THIS

25        DATE FOR IDENTIFICATION.)

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 77

1        A.    YES.

2        Q.    SO IN YOUR REPORT, WHICH IS

3   EXHIBIT 1, YOU CITE TO MR. MALKIEWICZ'S

4   REPORT AT PARAGRAPH 21. DO YOU SEE THAT

5   IN YOUR FOOTNOTE 27?

6        A.    YES.

7        Q.    SO LET'S GO TO THAT PARAGRAPH

8   OF MR. MALKIEWICZ'S REPORT. LET ME KNOW

9   ONCE YOU'RE THERE. IT'S PAGE 10 OF MR.

10  MALKIEWICZ'S REPORT.

11       A.    YES.

12       Q.    ALL RIGHT. I WANT YOU TO LEAVE

13  EXHIBITS 5 AND 1, YOUR REPORT, HIS REPORT

14  SIDE BY SIDE.

15            IN PARAGRAPH 21, HE HAS AN

16  OPINION ON HAVING DIFFERENT RETENTION

17  PERIODS FOR DIFFERENT KINDS OF

18  COMMUNICATION BASED ON THE SUBSTANTIVE

19  BUSINESS VALUE OF THE COMMUNICATION; IS

20  THAT ACCURATE?

21       A.    THAT'S PART OF THAT PARAGRAPH,

22  YES.

23       Q.    WHAT ELSE IS IN THAT

24  PARAGRAPH?

25            MR. RENARD:  OBJECTION TO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 78

1       FORM.

2       Q.      LET ME ASK A BETTER QUESTION.

3               HIS OPINION RELATES TO HAVING

4   A DIFFERENT RETENTION PRACTICE DEPENDING

5   ON THE SUBSTANTIVE BUSINESS VALUE OF THE

6   COMMUNICATION, RIGHT?

7               SORRY. WAS THAT A "YES"?  I

8   SAW YOU NOD.

9       A.      I HAVEN'T ANSWERED.

10      Q.      OH, SORRY.

11      A.      HE STATES THAT AND THEN

12  FOLLOWS BY STATING THAT HE "DISAGREES

13  THAT HE DOESN'T BELIEVE GOOGLE'S

14  INFORMATION GOVERNANCE PRACTICES ARE

15  UNUSUAL OR CANNOT BE EXPLAINED BY

16  GOOGLE'S" -- YOU KNOW, HE STATES HE

17  BELIEVES THAT THEY ARE USUAL, HE BELIEVES

18  THE OPPOSITE OF PROFESSOR HOCHSTETLER.

19              MR. RENARD:  MR. GRANDE, WHEN

20          YOU ARE READING FROM A DOCUMENT

21          SOMETIMES WITNESSES TEND TO SPEED

22          UP.

23              FOR THE BENEFIT OF THE COURT

24          REPORTER, MAUREEN, JUST MAKE SURE

25          IF YOU DO THAT FROM TIME TO TIME

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 79

```
 1        THAT YOU SPEAK SLOWLY ENOUGH THAT
 2        WE CAN GET IT DOWN. THANKS.
 3        Q.    AND JUST TO BE CLEAR, MR.
 4   GRANDE, YOU ACTUALLY WEREN'T READING FROM
 5   MR. MALKIEWICZ'S REPORT JUST NOW, WERE
 6   YOU?
 7        A.    I WAS.
 8        Q.    WHERE WERE YOU READING FROM?
 9        A.    THE SENTENCE FOLLOWING
10   FOOTNOTE 36.
11        Q.    THAT SAYS THAT, "PROFESSOR
12   HOCHSTETLER SUGGESTS THROUGHOUT HIS
13   REPORT THAT GOOGLE'S INFORMATION
14   GOVERNANCE PRACTICES ARE UNUSUAL OR
15   CANNOT BE EXPLAINED BY GOOGLE'S BUSINESS
16   JUDGMENT ALONE." AND THEN HE SAYS, "AS I
17   EXPLAIN BELOW, THESE SUGGESTIONS LACK
18   BASIS BECAUSE THESE KINDS OF INFORMATION
19   GOVERNANCE PRACTICES ARE WIDESPREAD IN MY
20   EXPERIENCE." DID I READ THAT CORRECTLY?
21        A.    YES.
22        Q.    MR. MALKIEWICZ, IF YOU
23   CONTINUE TO LOOK AT THE FOLLOWING
24   PARAGRAPHS -- LET ME ASK THIS QUESTION:
25   CAN YOU POINT TO ME ANYWHERE IN MR.
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 80

 1   MALKIEWICZ'S REPORT WHERE HE SAYS THAT

 2   GOOGLE'S CHAT RETENTION POLICY IS

 3   GENERALLY ACCEPTED?

 4        A.    SORRY. CAN YOU REPEAT THE

 5   QUESTION?

 6        Q.    SURE. CAN YOU TELL ME WHERE IN

 7   MR. MALKIEWICZ'S REPORT HE OPINES THAT

 8   GOOGLE'S CHAT RETENTION POLICY IS A

 9   GENERALLY ACCEPTED PRACTICE?

10        A.    THAT ASSERTION IS A GENERAL

11   BASIS FOR -- FOR MANY OF HIS OPINIONS. IN

12   PARTICULAR, IN -- YOU KNOW, BACK EVEN  IN

13   EXAMPLE PARAGRAPH 62 HE TALKS ABOUT

14   GUIDANCE GIVEN TO EMPLOYEES REGARDING

15   GOOGLE CHAT AND THAT HE -- HIS VIEW WAS

16   THAT ALL SUCH GUIDANCE WAS FOLLOWED AND

17   THAT'S -- THAT'S IN NUMEROUS SPOTS BUT

18   PARTICULARLY IN 62.

19        Q.    OKAY. LET'S GO THROUGH THAT.

20             YOU STARTED THAT ANSWER BY

21   SAYING THAT'S HIS GENERAL BASIS FOR MANY

22   OF HIS OPINIONS; THAT'S AN ASSUMPTION ON

23   YOUR PART?

24        A.    NO.

25        Q.    TELL ME -- OKAY. DID MR.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 81

 1  MALKIEWICZ ANYWHERE IN HIS REPORT
 2  SPECIFICALLY OPINE THAT GOOGLE'S CHAT
 3  RETENTION POLICY IS A WIDELY ACCEPTED
 4  PRACTICE -- SORRY -- GENERALLY ACCEPTED
 5  PRACTICE?
 6      A.    BACK TO THE PARAGRAPH THAT I
 7  CITE, PARAGRAPH 21, I DO BELIEVE HIS
 8  STATEMENT THERE IS MORE GENERAL WITH
 9  REGARD TO STATING THAT GOOGLE'S
10  INFORMATION GOVERNANCE PRACTICES ARE
11  WIDESPREAD.
12      Q.    DOES HE MENTION CHAT MESSAGES
13  AT ALL?
14      A.    I BELIEVE THAT'S A BASIS OF
15  THAT STATEMENT, WHEN HE TALKS ABOUT THE
16  SUBSTANTIVE BUSINESS VALUE OF DIFFERENT
17  TYPES OF COMMUNICATIONS. SO I BELIEVE
18  THAT'S THE CONTEXT FOR THAT STATEMENT.
19      Q.    I UNDERSTAND. IN PARAGRAPH 21
20  DOES HE -- DOES HE SPECIFICALLY REFERENCE
21  CHAT MESSAGES OR ANY FORM OF INSTANT
22  MESSAGING?
23      A.    I BELIEVE HE REFERENCES IT. IT
24  DOESN'T STATE CHAT MESSAGES IN THAT
25  PARAGRAPH BUT I BELIEVE THAT IS PART -- I

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 82

1    READ THAT TO BE PART OF THAT STATEMENT

2    THAT WHEN HE SPEAKS ABOUT DIFFERENT TYPES

3    OF COMMUNICATION.

4         Q.    SO THAT'S HOW YOU READ IT?

5         A.    THAT'S CORRECT.

6         Q.    OKAY.

7         A.    I THINK IT'S PRETTY CLEAR.

8              MS. NAJAM:  I'LL OBJECT AS

9         NONRESPONSIVE.

10        Q.    SIR, IN TERMS OF THE ASPECT OF

11   GOOGLE'S CHAT RETENTION POLICY THAT YOU

12   WERE -- THAT YOU ARE OPINING ON, AM I

13   RIGHT THAT THE ASPECT OF THE POLICY THAT

14   YOU'RE OPINING ON IS THE DEFAULT FOR

15   HISTORY BEING OFF? I'LL START THERE.

16   THAT'S PART OF IT, RIGHT?  YOU'RE

17   CRITICAL OF THE USE OF A SYSTEM WHERE THE

18   DEFAULT WAS SET TO OFF, RIGHT, SIR?

19        A.    THAT'S PART OF IT.

20        Q.    AND ANOTHER PART OF IT IS THAT

21   IF THE DEFAULT WAS OFF, THEN THE MESSAGE

22   WAS NOT AVAILABLE TO BE PRESERVED

23   INVOLVED, RIGHT, THAT'S ANOTHER ASPECT?

24        A.    YES.

25        Q.    OKAY. AND ANOTHER ASPECT THAT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 83

1    YOU ARE OPINING ON IS THAT EVEN IF

2    SOMEBODY WAS SUBJECT TO A LITIGATION

3    HOLD, THEY HAD THE PHYSICAL ABILITY TO

4    SEND "OFF THE RECORD" CHATS BY LEAVING

5    "HISTORY OFF"; DID I RECAP THAT

6    ACCURATELY?

7         A.    BY LEAVING "HISTORY OFF" OR

8    TURNING "HISTORY OFF".

9         Q.    OKAY. DID MR. MALKIEWICZ

10   ANYWHERE IN HIS REPORT SPECIFICALLY OPINE

11   THAT ANY OF THOSE ASPECTS WERE, IN HIS

12   VIEW, GENERALLY ACCEPTED IN ANY INDUSTRY?

13             MR. RENARD:   OBJECTION TO

14        FORM.

15        A.    MR. MALKIEWICZ PRESENTED BROAD

16   OPINIONS THAT I BELIEVE DID -- DID

17   SUGGEST THAT THOSE PRACTICES WERE

18   ACCEPTABLE IN VARIOUS INDUSTRIES.

19        Q.    CAN YOU POINT ME TO WHERE HE

20   SPECIFICALLY SET FORTH ANY OF THOSE

21   OPINIONS IN HIS ACTUAL REPORT?

22        A.    GIVE ME ONE SECOND.

23             (DEPONENT REVIEWS THE

24   DOCUMENT.)

25        A.    CAN YOU REASK THE QUESTION,

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 84

1  PLEASE?

2      Q.    I ASKED WHETHER YOU CAN POINT

3  TO ME WHERE MR. MALKIEWICZ SPECIFICALLY

4  SET FORTH ANY OF THOSE OPINIONS IN HIS

5  ACTUAL REPORT AND THAT WAS WHETHER ANY OF

6  THE THREE ASPECTS OF GOOGLE'S CHAT

7  RETENTION POLICY WAS GENERALLY ACCEPTED

8  IN ANY INDUSTRY?

9      A.    I BELIEVE I GENERALLY ANSWERED

10 THIS ALREADY IN THAT UNDER PARAGRAPH 21

11 HE MAKES A GENERAL OPINION THAT GOOGLE'S

12 INFORMATION GOVERNANCE PRACTICES ARE

13 WIDESPREAD IN MY EXPERIENCE, HE DOESN'T

14 LIMIT THAT TO EMAILS OR CERTAIN TYPES OF

15 COMMUNICATION.

16         OTHER AREAS OF HIS REPORT HE

17 INDICATES THAT HE BELIEVED THAT GOOGLE

18 EMPLOYEES FOLLOWED ALL INSTRUCTIONS THEY

19 WERE PROVIDED WITH AND THAT'S -- YEAH,

20 THAT'S THE BASIS OF HIS -- ANYWAY, I

21 BELIEVE THAT ANSWERS YOUR QUESTION.

22     Q.    AND YOU POINTED ME TO

23 PARAGRAPH -- YOU POINTED ME TO PARAGRAPH

24 21. WAS THAT SECOND THING YOU REFERENCED

25 IN TERMS OF GOOGLE EMPLOYEES FOLLOWING

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 85

```
 1   INSTRUCTIONS, WAS THAT PARAGRAPH 62
 2   AGAIN?
 3        A.    10.J, ALSO 62 WAS ANOTHER.
 4        Q.    OKAY.  LET'S LOOK AT 10.J OF
 5   MR. MALKIEWICZ'S REPORT, EXHIBIT 5.
 6             YOUR TESTIMONY IS THAT 10.J
 7   OFFERS AN OPINION BY HIM ON GOOGLE'S CHAT
 8   RETENTION POLICY BEING GENERALLY ACCEPTED
 9   IN THE INDUSTRY; IS THAT WHAT I HEAR YOU
10   SAYING?
11             MR. RENARD:  OBJECTION TO
12        FORM.
13        A.    THAT'S NOT WHAT I SAID.
14        Q.    I WAS LOOKING FOR EXAMPLES --
15   I WANTED YOU TO POINT ME WHERE IN HIS
16   REPORT DOES HE SAY THAT ANY OF THOSE
17   THREE ASPECTS OF GOOGLE'S CHAT RETENTION
18   POLICY ARE GENERALLY ACCEPTED IN ANY
19   INDUSTRY --
20        A.    AGAIN --
21        Q.    SORRY. LET ME FINISH MY
22   QUESTION. 10.J THAT IS NOT AN INSTANCE,
23   IS IT?
24        A.    AS I ALREADY ANSWERED, HE
25   STATES UNDER PARAGRAPH 21 A BROAD
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 86

1    STATEMENT, A BROAD OPINION THAT THESE

2    KINDS OF INFORMATION GOVERNANCE PRACTICES

3    THAT GOOGLE HAS IN PLACE ARE WIDESPREAD

4    IN MY EXPERIENCE.

5                I BELIEVE, YOU KNOW, THERE'S

6    OTHER PORTIONS OF HIS OPINION -- I

7    BELIEVE THAT, IN AND OF ITSELF, COVERS

8    WHAT YOU ARE ASKING BUT HE HAS OTHER

9    STATEMENTS THROUGHOUT HIS REPORT THAT --

10   THAT ALSO ADDRESS HIS BELIEF THAT

11   GOOGLE'S PRACTICES WERE USUAL AND

12   SUFFICIENT AND FOLLOWED.

13        Q.    OKAY. TELL ME WHERE ELSE

14   BESIDES PARAGRAPH 21 YOU BELIEVE MR.

15   MALKIEWICZ IS OPINING THAT GOOGLE'S CHAT

16   RETENTION POLICY, NOT OTHER PRACTICES,

17   THE THREE ASPECTS WE TALKED ABOUT, WERE

18   GENERALLY ACCEPTED?

19                SO FAR I GOT PARAGRAPH 21. ARE

20   THERE ANY OTHERS?

21                MR. RENARD:  OBJECTION TO

22        FORM.

23        A.    FOR THAT STATEMENT, YEAH, I

24   BELIEVE PARAGRAPH 21 IS THE BEST LOCATION

25   WHERE HE TALKS ABOUT THAT.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 87

1      Q.    OKAY. AND, SIR, FOR THE LAST
2  FEW MINUTES, ACTUALLY THE LAST SIX
3  MINUTES, YOU'VE BEEN FLIPPING THROUGH MR.
4  MALKIEWICZ'S REPORT, RIGHT?
5           MR. RENARD:  OBJECTION TO
6      FORM.
7      A.    I DON'T KNOW HOW LONG I WAS
8  LOOKING AT IT.
9      Q.    FOR THE LAST SEVERAL MINUTES I
10 LET YOU TAKE YOUR TIME WITH THE REPORT,
11 RIGHT? RIGHT, SIR?
12     A.    YES.
13     Q.    DOES MR. MALKIEWICZ -- LET ME
14 ASK A BETTER QUESTION.
15           CAN YOU POINT ME TO ANYWHERE
16 IN HIS REPORT WHERE HE DISCUSSES
17 EDISCOVERY STANDARDS?
18           SO THERE IS NO DISPUTE LATER,
19 I WILL PUT THE TIME ON THE RECORD. IT IS
20 11:09.
21     A.    I BELIEVE THAT SEVERAL OF HIS
22 OPINIONS IMPLICATE EDISCOVERY STANDARDS.
23 HE DOES NOT MENTION EDISCOVERY STANDARDS
24 AS A QUOTE IN HIS REPORT. BUT I WOULD
25 MENTION THAT IN PARAGRAPH 23 HE DOES

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 88

1    REFERENCE THE SEDONA CONFERENCE AND

2    INFORMATION GOVERNANCE STANDARDS IN

3    SUPPORTING HIS CONCLUSIONS.

4         Q.    ALL RIGHT. BESIDES REFERENCING

5    SEDONA IN PARAGRAPH 23, ARE THERE ANY

6    OTHER MENTIONS IN HIS REPORT OF WHAT YOU

7    BELIEVE TO BE AN EDISCOVERY STANDARD?

8         A.    MR. MALKIEWICZ IN HIS REPORT

9    DOES NOT, AS FAR AS I'M AWARE, DOES NOT

10   MENTION EDISCOVERY STANDARDS, BUT THE

11   OPINIONS WHICH I LIST IN MY REBUTTAL

12   REPORT I BELIEVE ALL IMPLICATE EDISCOVERY

13   STANDARDS.

14        Q.    OKAY. FAIR ENOUGH. MR.

15   MALKIEWICZ DOES NOT OPINE, DOES HE, THAT

16   GOOGLE'S CHAT RETENTION POLICY WAS INLINE

17   WITH EDISCOVERY STANDARDS, DOES HE?

18            MR. RENARD:  OBJECTION TO

19        FORM.

20        A.    CAN YOU REPEAT YOUR QUESTION?

21        Q.    LET'S LOOK AT PARAGRAPH 23 TO

22   MR. MALKIEWICZ'S REPORT. IT'S ON PAGE 11.

23   ARE YOU ALREADY THERE?

24        A.    YES.

25        Q.    THERE IN THAT PARAGRAPH HE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 89

1    OPINES THAT, "IT IS NORMAL AND SENSIBLE

2    FOR COMPANIES TO HAVE DATA MANAGEMENT

3    POLICIES THAT PERMIT ROUTINE DELETION OF

4    DATA." DID I READ THAT CORRECTLY?

5         A.    YES.

6         Q.    AND THAT IS THE CONTEXT IN

7    WHICH HE CITES TWO VOLUMES ISSUED BY THE

8    SEDONA CONFERENCE. DO YOU SEE THAT?

9         A.    YES.

10        Q.    BESIDES THAT OPINION, THAT

11   IT'S NORMAL FOR COMPANIES TO ROUTINELY --

12   TO HAVE DATA MANAGEMENT POLICIES THAT

13   PERMIT THE ROUTINE DELETION OF DATA, DOES

14   HE HAVE ANY OTHER OPINION THAT YOU CAN

15   POINT US TO ALONG THE LINES OF GOOGLE'S

16   CHAT RETENTION POLICY, IT WAS CONSISTENT

17   WITH INDUSTRY STANDARDS?

18        A.    YES, PARAGRAPH 21 IF I CAN

19   QUOTE AGAIN, STATES, YOU KNOW, IT

20   DISCUSSES -- STATES, "THESE KIND OF

21   INFORMATION GOVERNANCE PRACTICES ARE

22   WIDESPREAD IN MY EXPERIENCE".

23             WHILE HE DOESN'T SPECIFICALLY

24   LIST CHATS IN THAT STATEMENT, HIS WHOLE

25   REPORT IS ABOUT CHATS, THE PRESERVATION

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 90

1    OF CHATS, THE CALCULATION OF THE NUMBER

2    OF CHATS. HE DOESN'T TALK ABOUT ANY OTHER

3    FORMS OF COMMUNICATION.

4              SO, YOU KNOW, AGAIN, THAT

5    STATEMENT I BELIEVE STATES THAT HE

6    BELIEVED THE INFORMATION GOVERNANCE

7    PRACTICES IN PLACE AT GOOGLE WERE

8    WIDESPREAD.

9         Q.    SORRY. DOES HE -- YOU WEREN'T

10   READING FROM HIS REPORT JUST THEN WHEN

11   YOU -- WHEN YOU SAID, "THE INFORMATION

12   GOVERNANCE PRACTICES AT GOOGLE IN PLACE

13   AT GOOGLE", HE DOESN'T SAY THAT IN THAT

14   PARAGRAPH, DOES HE?

15        A.    HE SAYS "THESE KINDS OF

16   INFORMATION GOVERNANCE PRACTICES ARE

17   WIDESPREAD."

18        Q.    AND "THESE KINDS" FALLS IN A

19   SENTENCE THAT IS PRECEDED BY HIS

20   DISCUSSION OF HAVING DIFFERENT RETENTION

21   PERIODS FOR COMMUNICATION BASED ON THE

22   SUBSTANTIVE BUSINESS VALUE OF THE

23   COMMUNICATION, RIGHT, SIR?

24              MR. RENARD:  OBJECTION TO

25        FORM.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 91

 1      A.      THAT'S CORRECT. AND AGAIN, IF
 2  I CAN CLARIFY WHEN HE SPEAKING ABOUT
 3  "SUBSTANTIVE BUSINESS VALUE OF DIFFERENT
 4  TYPES OF COMMUNICATIONS", I BELIEVE HE'S
 5  STATING THAT HE BELIEVES CHATS HAVE NO
 6  SUBSTANTIVE BUSINESS VALUE AND,
 7  THEREFORE, CAN BE NOT PRESERVED.
 8      Q.      THAT'S YOUR BELIEF, IT'S NOT
 9  STATED IN THAT PARAGRAPH WHAT YOU JUST
10  SAID?
11      A.      NO, BUT IT'S GOOGLE'S POLICY.
12      Q.      OKAY. JUST TO BE CLEAR, YOU
13  TOOK FROM MR. MALKIEWICZ'S COMMENT ABOUT
14  FOLKS HAVING DIFFERENT PERIODS OF
15  RETENTION DEPENDING ON THE SUBSTANTIVE
16  BUSINESS VALUE, YOU TOOK THAT TO MEAN
17  THAT HE IS STATING HE THINKS CHATS HAVE
18  NO BUSINESS VALUE? WAS THAT AN ACCURATE
19  RECAP?
20          MR. RENARD:   OBJECTION TO
21      FORM.
22      A.      JUST TO GIVE THE FULL CONTEXT
23  OF THAT STATEMENT, THE PRIOR SENTENCE HE
24  QUOTES, "█████████████████, A GOOGLE
25  EMPLOYEE, STATED" -- HE NOTES "ACCOUNTED

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 92

1    FOR THE SUBSTANTIVE BUSINESS VALUE OF

2    DIFFERENT TYPES OF COMMUNICATIONS IN

3    ESTABLISHING DIFFERENT POLICY TREATMENT

4    FOR DIFFERENT MEANS OF COMMUNICATION."

5        Q.    RIGHT. THAT'S WHAT MR.

6    MALKIEWICZ ACTUALLY SAID.  THAT WAS

7    READING FROM HIS REPORT, RIGHT?

8        A.    CORRECT.

9        Q.    OKAY. LET ME ASK YOU THIS, GO

10   BACK TO YOUR REPORT, PARAGRAPH 53 --

11   PERHAPS WE CAN DO THIS WITHOUT LOOKING AT

12   YOUR REPORT.

13           IS IT YOUR OPINION THAT CHAT

14   MESSAGES ARE JUST AS LIKELY TO BE

15   RELEVANT TO LITIGATION AS OTHER FORMS OF

16   COMMUNICATION?

17       A.    YES.

18       Q.    AND IN PARAGRAPH 53, SO THAT'S

19   PAGE 11 OF YOUR REPORT, YOU DON'T CITE TO

20   ANYTHING, DO YOU, SIR?

21       A.    NOT IN THAT PARTICULAR

22   PARAGRAPH.

23       Q.    ARE YOU GOING BY YOUR

24   EXPERIENCE HERE OR CAN YOU CITE TO SOME

25   AUTHORITY FOR THIS PROPOSITION?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 93

1       A.    I BELIEVE THAT PROPOSITION IS

2   PRETTY UNIVERSALLY ADOPTED. SO, YOU KNOW,

3   IF -- THAT'S WHY I DID NOT HAVE A

4   PARTICULAR CITATION THERE.

5       Q.    CAN YOU NAME FOR ME ONE

6   INDUSTRY AUTHORITY IN YOUR VIEW THAT HAS

7   ACTUALLY ADOPTED THIS WHAT YOU CALL

8   UNIVERSALLY ADOPTED PROPOSITION?

9       A.    THE FTC.

10      Q.    SO IT'S YOUR TESTIMONY THAT

11  THE FTC HAS STATED THAT CHAT MESSAGES ARE

12  AS LIKELY TO BE RELEVANT TO LITIGATION AS

13  OTHER FORMS OF COMMUNICATION?

14      A.    I THINK IN THEIR STATEMENT

15  THEY MADE REFERENCE TO INVESTIGATIONS BUT

16  MAY ALSO REFERENCE LITIGATION.

17      Q.    I JUST WANT TO MAKE SURE YOU

18  AGAIN ARE ANSWERING MY QUESTION.

19          IS IT YOUR TESTIMONY THAT THE

20  FTC HAS STATED CHAT MESSAGES ARE AS

21  LIKELY TO BE RELEVANT TO LITIGATION AS

22  OTHER FORMS OF COMMUNICATION -- JUST AS

23  LIKELY? SORRY.

24      A.    IT'S NOT A QUOTE. YOU KNOW,

25  THAT'S NOT A QUOTE WITHOUT A -- BUT I

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 94

1    BELIEVE THAT STATEMENT IS SUPPORTED,

2    AGAIN, BY WHAT I FOUND TO BE INDUSTRY

3    STANDARDS AND PRACTICES INCLUDING THE

4    SEDONA CONFERENCE, OTHER TREATISES.

5         Q.    THAT IS MY QUESTION. IS IT

6    YOUR TESTIMONY THAT THE SEDONA CONFERENCE

7    HAS TAKEN THE POSITION, THIS GENERALIZED

8    STATEMENT, THAT CHATS SENT THROUGH

9    WORK-SANCTIONED PLATFORMS CONTAIN

10   COMMUNICATIONS THAT ARE JUST AS LIKELY TO

11   BE RELEVANT TO LITIGATION AS ANY FORM OF

12   COMMUNICATION?

13              MR. RENARD:  OBJECT TO THE

14       FORM OF THE QUESTION.

15        A.    I WOULD SAY THAT THIS

16   PARAGRAPH IS -- IS BASED UPON MY MORE

17   THAN 20 YEARS OF EXPERIENCE IN THE

18   EDISCOVERY INDUSTRY AND I DO BELIEVE IS

19   SUPPORTED BY STANDARDS AND PRACTICES

20   THROUGHOUT THE INDUSTRY WITH REGARD TO

21   WHATEVER THE FORM OF COMMUNICATION, IT

22   SHOULD BE TREATED THE SAME AS ANY OTHER

23   FORM OF COMMUNICATION.

24              MS. NAJAM:  I'LL OBJECT AS

25       NONRESPONSIVE. LET'S GO BACKWARDS.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 95

```
 1        Q.    TELL ME WHEN THE FTC TOOK THE
 2   POSITION THAT CHAT MESSAGES SENT THROUGH
 3   INSTANT MESSAGING AT WORK ARE JUST AS
 4   LIKELY TO BE RELEVANT TO LITIGATION AS
 5   OTHER FORMS OF COMMUNICATION? ARE YOU
 6   ABLE TO GIVE ME A DATE?
 7             MR. RENARD:  OBJECTION TO THE
 8        FORM OF THE QUESTION.
 9        A.    EARLIER IN 2024 THE FTC ISSUED
10   GUIDANCE THAT COMPANIES SHOULD BE
11   PRESERVING CHATS, TEXT MESSAGES AND
12   SHOULD HAVE ALWAYS BEEN PRESERVING SUCH
13   DOCUMENTS.
14        Q.    BECAUSE IT CAN CONTAIN --
15             MR. RENARD:  SORRY.  WERE YOU
16        FINISHED WITH YOUR ANSWER? I JUST
17        WANT TO MAKE SURE.
18             THE WITNESS:  YES.
19        Q.    BECAUSE THEY CAN CONTAIN
20   RELEVANT INFORMATION, RIGHT?
21        A.    I'D HAVE TO LOOK TO SEE THE
22   LANGUAGE IN THAT.
23        Q.    OKAY. SO WHAT YOU JUST QUOTED
24   ME -- I'M GOING TO GO BACK TO MY
25   QUESTION.
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 96

1          WHEN YOU ARE TAKING THE

2    POSITION THAT YOU ARE IN PARAGRAPH 53 OF

3    YOUR REPORT, FIRST YOUR REPORT CITES

4    NOTHING, RIGHT?

5          MR. RENARD:  OBJECTION TO THE

6       FORM.

7       A.   I HAVE CITATIONS THROUGHOUT MY

8    REPORT, BUT THAT PARAGRAPH DOES NOT HAVE

9    THE SPECIFIC FOOTNOTE, CORRECT.

10      Q.   OKAY. AND YOU SAID YOU WERE

11   GOING ON EXPERIENCE AND WE COVERED THAT.

12          SITTING HERE TODAY, AND I'VE

13   ASKED THIS A FEW TIMES AND I UNDERSTAND,

14   CAN YOU POINT US TO ANY SPECIFIC INDUSTRY

15   PUBLICATION OR GUIDANCE THAT LITERALLY

16   SAYS THAT ANY PARTICULAR CHAT ON A WORK

17   PLATFORM IS JUST AS LIKELY TO BE RELEVANT

18   TO LITIGATION AS OTHER FORMS OF

19   COMMUNICATIONS?

20          MR. RENARD:  OBJECTION TO

21      FORM.

22      Q.   OR IS THAT SOMETHING YOU'RE

23   GLEANING FROM INDUSTRY STANDARDS?

24          MR. RENARD:  NOW I'M REALLY

25      OBJECTING TO THE FORM.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 97

```
1        Q.    NOW HE'S REALLY OBJECTING, SO
2    I'LL ASK IT AGAIN.
3            MR. RENARD:  WHAT QUESTION DO
4        YOU WANT ANSWERED?
5        Q.    IS IT FAIR TO SAY THAT FOR
6    PARAGRAPH 53 THIS IS YOUR OPINION BASED
7    ON INDUSTRY STANDARDS.  EVEN THOUGH THEY
8    DON'T SPECIFICALLY STATE IT?
9            MR. RENARD:  OBJECTION TO THE
10       FORM.
11       Q.    TELL YOU WHAT -- GO AHEAD.
12       A.    AS I RECALL, SEDONA, OTHER
13   COMMUNICATIONS DO INDICATE THAT CHATS
14   CAN -- YOU KNOW, ARE LIKELY TO CONTAIN
15   RELEVANT FORMS OF COMMUNICATION.
16       Q.    JUST AS LIKELY? SORRY.  THAT'S
17   WHAT YOU WROTE, RIGHT, IN YOUR REPORT?
18       A.    YES.  AND I BELIEVE THAT --
19   AND I BELIEVE THAT BASED ON THE STANDARDS
20   AND PRACTICES. I CAN'T POINT YOU IF THAT
21   EXACT LANGUAGE IS IN SOME DOCUMENT BUT IN
22   MY EXPERIENCE I FOUND OFTENTIMES THE MOST
23   RELEVANT DOCUMENTS IN A CASE ARE A CHAT
24   OR A TEXT MESSAGE THAT WAS PRODUCED.
25       Q.    AND IN YOUR EXPERIENCE -- SO
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 98

1    ONE OF THE BENEFITS YOU HAVE AS AN

2    EDISCOVERY CONSULTANT IS THAT YOU GET TO

3    VIEW ALL THE DOCUMENTS COLLECTED BEFORE

4    THE DECISIONS ARE MADE ON WHETHER THEY'RE

5    PRODUCED, TRUE?

6                    MR. RENARD:  OBJECTION TO

7         FORM.

8         A.    I DON'T ALWAYS SEE ALL THE

9    DOCUMENTS.

10        Q.    BUT AS AN EDISCOVERY

11   CONSULTANT I TAKE IT YOUR TEAM IS OFTEN

12   ENGAGED AT THE COLLECTION PHASE; IS THAT

13   ACCURATE?

14        A.    SOMETIMES.

15        Q.    HAVE YOU EVER PERFORMED ANY

16   QUANTITATIVE STUDY TO DETERMINE WHETHER

17   IT'S TRUE THAT A CHAT ON A WORK PLATFORM

18   IS STATISTICALLY SHOWN TO BE JUST AS

19   LIKELY RELEVANT AS OTHER FORMS OF

20   COMMUNICATION?

21        A.    WHILE I HAVEN'T PERFORMED A

22   SURVEY ON THAT POINT, I HAVE BEEN

23   INVOLVED WITH SEVERAL CASES WHERE CHATS

24   OR INSTANT MESSAGES HAVE BEEN THE

25   DOCUMENTS THAT WERE HAPPENED -- THAT WERE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 99

1    MORE RELEVANT TO A LITIGATION OR

2    INVESTIGATION THAT I WAS INVOLVED WITH.

3         Q.    BUT THE ANSWER TO MY QUESTION

4    IS NO, YOU'VE NOT PERFORMED A

5    QUANTITATIVE DETERMINATION, TRUE?

6         A.    THAT'S TRUE.

7         Q.    AND HAVE YOU EVER DONE A

8    DETERMINATION ON THE EFFECT OF WHEN FOLKS

9    ON LITIGATION HOLD ARE INSTRUCTED TO NOT

10   USE A CHAT TOOL TO DISCUSS MATTERS THAT

11   ARE THE SUBJECT OF THE HOLD, WHETHER THAT

12   HAS ANY IMPACT ON WHETHER SUBSEQUENT

13   CHATS ARE JUST AS LIKELY TO BE RELEVANT

14   AS, SAY, EMAILS?

15             MR. RENARD:  OBJECTION TO

16        FORM.

17        A.    CAN YOU REPHRASE YOUR

18   QUESTION?

19        Q.    I'LL ASK ANOTHER QUESTION.

20             YOU ARE AWARE THAT IN THIS

21   CASE GOOGLE ISSUED A LITIGATION HOLD,

22   RIGHT?

23        A.    YES.

24        Q.    WHEN I SAY "IN THIS CASE" I'M

25   TALKING ABOUT -- WE'RE GOING TO BACK UP

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 100

1    FURTHER.

2                YOU'RE AWARE IN SEPTEMBER OF

3    2019 A CIVIL INVESTIGATION -- OR IS IT

4    INVESTIGATIVE? -- DEMAND WAS ISSUED BY

5    THE TEXAS OFFICE OF ATTORNEY GENERAL,

6    YOU'RE AWARE?

7        A.    YES.

8        Q.    AND YOU ARE AWARE THAT

9    SUBSEQUENT TO THAT GOOGLE ISSUED VARIOUS

10   NOTICES PUTTING EMPLOYEES ON LITIGATION

11   HOLD IN THE WAKE OF WHAT I'M GOING TO

12   CALL IT THE CID, RIGHT, SIR?

13       A.    YES.

14       Q.    IN FACT, YOU REVIEWED SOME OF

15   THE LANGUAGE THAT WAS CONTAINED IN SOME

16   OF THOSE NOTICES, RIGHT?

17       A.    I DID SEE SOME OF THE

18   LANGUAGE.

19       Q.    IS IT YOUR OPINION THAT AN

20   EMPLOYEE READING THOSE LITIGATION HOLDS

21   -- SORRY, I GOT TO BACK UP FURTHER.

22                YOU'RE AWARE THAT ONE OF THE

23   INSTRUCTIONS IN THOSE HOLDS WAS FOR FOLKS

24   TO AVOID USING GOOGLE CHAT TO TALK ABOUT

25   MATTERS RELEVANT TO THAT INVESTIGATION,

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 101

1    RIGHT, SIR?

2         A.    I RECALL LANGUAGE TO THAT

3    EFFECT, YES.

4         Q.    ARE YOU OFFERING AN EXPERT

5    OPINION THAT EMPLOYEES READING THOSE

6    HOLDS JUST DIDN'T ABIDE BY THEM?

7              JUST FOR THE RECORD, ARE YOU

8    READING THE TABLE OF CONTENTS OF YOUR

9    REPORT NOW?

10        A.    I AM.

11        Q.    CAN YOU ANSWER MY QUESTION

12   WITHOUT REFERENCING YOUR REPORT?

13             MR. RENARD:  OBJECTION TO

14        FORM.

15        A.    CAN YOU REPEAT YOUR QUESTION

16   AGAIN?

17        Q.    DO YOU HAVE AN EXPERT OPINION

18   ON WHETHER PEOPLE READING THOSE

19   LITIGATION HOLD INSTRUCTIONS DECIDED; YOU

20   KNOW WHAT, I'M NOT GOING TO FOLLOW THESE?

21        A.    I DON'T RECALL THE OPINION IN

22   MY REPORT, YOU KNOW, THE EXACT MEANING

23   THAT'S WHAT I WAS LOOKING FOR, BUT MY

24   FINDINGS IN THIS CASE SHOWED THAT

25   EMPLOYEES DID NOT FOLLOW THOSE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 102

1    INSTRUCTIONS.

2         Q.    OKAY. AND MORE SPECIFICALLY,

3    HAVE YOU FOUND -- OKAY. AND WHEN YOU SAY

4    THE FINDINGS IN YOUR CASE, YOU'RE TALKING

5    ABOUT THE FACT THAT PEOPLE USED CHAT TO

6    TALK ABOUT ADVERTISING TECHNOLOGY; IS

7    THAT WHAT YOU'RE REFERRING TO?

8         A.    IN PART.

9         Q.    OKAY. AND THAT WAS -- YOUR

10   OPINION ON THAT FRONT, THAT'S JUST BASED

11   ON LOOKING AT DOCUMENTS, IS THAT

12   ACCURATE, PRODUCED DOCUMENTS?

13        A.    DOCUMENTS AND DEPOSITION

14   TRANSCRIPTS.

15        Q.    OKAY. YOU'RE NOT APPLYING SOME

16   KIND OF EDISCOVERY EXPERTISE TO MAKE THAT

17   DETERMINATION, ARE YOU?

18             MR. RENARD:  OBJECTION TO

19        FORM.

20        A.    TO MAKE WHAT DETERMINATION?

21        Q.    YOUR DETERMINATION THAT FOLKS

22   DIDN'T ABIDE BY THE INSTRUCTIONS AND THE

23   HOLDS?

24             MR. RENARD:  OBJECTION TO

25        FORM.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 103

1      A.    ANY STATEMENTS, ANY OPINION I

2  HAVE THERE IS INFORMED BY EDISCOVERY

3  STANDARDS AND PRACTICES AND TRAINING THAT

4  EMPLOYEES SHOULD RECEIVE --

5      Q.    OKAY.

6      A.    -- AND GUIDANCE.

7          MS. NAJAM:  I'LL OBJECT TO

8      THAT AS NONRESPONSIVE BUT I'M GOING

9      TO MOVE ON.

10     Q.    YOUR OPINION IS THAT CHAT

11  MESSAGES ARE JUST AS LIKELY TO CONTAIN

12  RELEVANT INFORMATION AS OTHER FORMS OF

13  COMMUNICATIONS.  DOES THAT HOLD TRUE

14  WHETHER THE PARTY IS A PLAINTIFF OR A

15  DEFENDANT?

16          DO YOU NEED ME TO TAKE YOU

17  BACK TO WHERE I GOT THE OPINION FROM IN

18  -- IT'S PARAGRAPH 53?

19     A.    53, YEAH.

20     Q.    IS YOUR OPINION TRUE FOR

21  PLAINTIFFS AND DEFENDANTS?

22     A.    YES.

23     Q.    OKAY. IN THE NEXT PARAGRAPH 54

24  YOU SAY THAT, "IT IS NOT INDUSTRY

25  PRACTICE TO HAVE A DEFAULT OF 'HISTORY

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 104

1    OFF'"; IS THAT CORRECT?

2             MR. RENARD:  OBJECTION, FORM.

3        A.    YES, THAT'S MY OPINION.

4        Q.    OKAY. WE'VE COVERED YOUR

5    EXPERIENCE OF MAYBE A COUPLE OF SAAS OR

6    TECH COMPANIES THAT YOU'VE BEEN INVOLVED

7    IN ADVISING.

8             IS IT FAIR TO SAY THAT YOU

9    DON'T HAVE AN OPINION ON WHETHER THIS

10   PARTICULAR PRACTICE OF "HISTORY OFF"

11   BEING THE DEFAULT FOR AN INSTANT

12   MESSAGING TOOL, THAT YOU DON'T HAVE AN

13   OPINION ON HOW COMMON THAT IS AMONGST

14   TECH COMPANIES, TRUE?

15       A.    I HAVE AN OPINION ON HOW

16   COMMON IT IS AMONG COMPANIES, IN GENERAL.

17       Q.    BUT DO YOU HAVE ANY EXPERTISE

18   AS TO WHAT THE TREND IS WITHIN TECH

19   COMPANIES FOR ANY PARTICULAR TIME?

20            MR. RENARD:  OBJECTION TO

21       FORM.

22       A.    I DON'T BELIEVE THAT'S

23   RELEVANT.

24       Q.    DO YOU HAVE AN OPINION?

25       A.    ON WHAT?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 105

1      Q.    ON WHAT THE GENERAL PRACTICE

2  WAS AT ANY GIVEN POINT FOR TECH COMPANIES

3  IN PARTICULAR AS IT PERTAINS TO WHAT THE

4  DEFAULT IS FOR THE IM SYSTEM THEY'RE

5  USING?

6           MR. RENARD:  OBJECTION TO

7      FORM.

8      A.    MY OPINION IS THIS IS

9  GENERALLY NOT INDUSTRY PRACTICE ACROSS

10 ALL COMPANIES. I DON'T HAVE AN OPINION

11 SPECIFICALLY WITH REGARD TO THE TECH

12 INDUSTRY.

13     Q.    AND YOU SAID THAT YOU DON'T

14 THINK IT'S RELEVANT WHAT INDUSTRY WE'RE

15 TALKING ABOUT? DID I HEAR THAT CORRECTLY?

16          MR. RENARD:  OBJECTION TO

17     FORM.

18     Q.    DO YOU THINK IT IS RELEVANT

19 WHAT INDUSTRY THE PARTICULAR COMPANY IS

20 IN WHEN IT COMES TO THIS TOPIC?

21     A.    THERE ARE CERTAIN INDUSTRIES

22 THAT HAVE ADDITIONAL REQUIREMENTS THAT

23 APPLY, BUT THE TECH INDUSTRY IS NOT ONE

24 OF THOSE INDUSTRIES WHERE IT WOULD BE

25 DIFFERENT.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 106

1      Q.    BUT LET'S -- OBJECT AS

2    NONRESPONSIVE.

3            SIR, WITHIN PARTICULAR

4    INDUSTRIES THERE ARE CERTAIN REGULATORY

5    REQUIREMENTS THAT PERTAIN JUST TO THAT

6    INDUSTRY FOR WHAT ESI TO RETAIN, RIGHT?

7      A.    FOR CERTAIN INDUSTRIES.

8      Q.    FOR EXAMPLE, FOR THE FINANCIAL

9    INDUSTRY THERE IS SOMETHING CALLED FINRA,

10   RIGHT, F-I-N-R-A?

11     A.    THAT'S CORRECT.

12     Q.    WHAT IS A FINRA REGULATED

13   ENTITY?  WHAT DOES THAT MEAN?

14           MR. RENARD:  OBJECTION TO

15     FORM.

16     A.    THERE ARE DIFFERENT

17   REGULATIONS BUT, YOU KNOW, FOR FINANCIAL

18   INSTITUTIONS THAT HAVE BROKER-DEALERS,

19   THERE ARE CERTAIN REGULATORY

20   REQUIREMENTS.

21     Q.    SIR, AND ADDITIONAL

22   REQUIREMENTS HAVING TO DO WITH ESI

23   PRESERVATION AND INSTRUCTION, RIGHT, SIR?

24     A.    WITH REGARD TO PRESERVATION,

25   YES.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 107

1         Q.    AND LIKE THE HEALTHCARE

2    INDUSTRY, THEY, FOR EXAMPLE, ARE SUBJECT

3    TO HIPAA, RIGHT, H-I-P-A-A?

4         A.    THAT'S CORRECT.

5         Q.    AND THAT HAS ITS OWN SET OF

6    REGULATIONS ABOUT WHAT HOW AND WHEN AND

7    TO WHAT EXTENT CERTAIN ESI IS KEPT,

8    RIGHT?

9         A.    YES.

10        Q.    SO IT DOESN'T MATTER WHAT

11   INDUSTRY YOU'RE IN, DOESN'T IT, WHEN YOU

12   WERE DETERMINING A PARTICULAR COMPANY'S

13   RETENTION PRACTICES WHEN IT COMES TO ESI?

14        A.    NO.   YOU'VE MENTIONED THE TWO

15   INDUSTRIES WHERE THERE ARE ADDITIONAL

16   SUBSTANTIAL REQUIREMENTS. THE TECH

17   INDUSTRY IS NOT ONE OF THEM.

18        Q.    OKAY. SO LET'S GET BACK TO

19   WHERE WE VEERED OFF THIS PATH.

20             THE PRACTICE OF USING A

21   DEFAULT OF "HISTORY OFF", THAT IS

22   MESSAGES NOT BEING SAVED, IS IT YOUR

23   OPINION THAT IT'S UNUSUAL NO MATTER WHAT

24   THE INDUSTRY?

25             MR. RENARD:   I'LL OBJECT TO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 108

1       THE STATEMENT THAT PRECEDED THE

2       ACTUAL QUESTION.

3            A.    CAN YOU RESTATE?

4            Q.    THE PRACTICE OF USING A

5    DEFAULT OF "HISTORY OFF", THAT IS

6    MESSAGES NOT BEING SAVED, IS IT YOUR

7    OPINION THAT IT'S UNUSUAL NO MATTER WHAT

8    THE INDUSTRY?

9            A.    I WOULDN'T SAY "HISTORY OFF"

10   MEANS DOCUMENTS NOT BEING SAVED. YOU

11   KNOW, THE POINT IS "HISTORY OFF" MEANS

12   THEY CAN NEVER BE RETAINED. SO I DO THINK

13   HAVING THAT SETTING IN PLACE IS UNUSUAL

14   IN THE INDUSTRY.

15           Q.    OKAY. BUT TO RECAP, YOU DON'T

16   HAVE ANY EXPERTISE ON THIS PARTICULAR

17   PRACTICE AMONGST TECH COMPANIES; IS THAT

18   ACCURATE?

19           A.    AMONG COMPANIES IN GENERAL BUT

20   NOT JUST WITHIN TECH COMPANIES.

21           Q.    I'M ASKING IF YOU HAVE ANY

22   EXPERTISE WHEN IT COMES TO HOW TECH

23   COMPANIES USE MESSAGING PLATFORMS, DO

24   YOU?

25           A.    I BELIEVE -- I BELIEVE THE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 109

1    OPINIONS THAT I STATE COVER ALL

2    COMPANIES, INCLUDING TECH COMPANIES. I

3    DON'T BELIEVE TECH COMPANIES HAVE ANY

4    ADDITIONAL REQUIREMENTS OR ANY ADDITIONAL

5    SITUATION -- ANY ADDITIONAL REGULATORY

6    REQUIREMENTS THAT WOULD AFFECT THAT.

7          Q.    THAT IS NOT QUITE MY QUESTION.

8                HAVE YOU EVER ADVISED A TECH

9    COMPANY ON THE RETENTION SETTINGS IT

10   SHOULD USE WHEN IT COMES TO INSTANT

11   MESSAGING?

12         A.    I'VE ADVISED OTHER COMPANIES

13   BUT NOT TECH COMPANIES.

14         Q.    HAVE YOU EVER REVIEWED A TECH

15   COMPANY'S RETENTION POLICY FOR INSTANT

16   MESSAGES IN ORDER TO PROVIDE IT GUIDANCE

17   OR ADVICE?

18         A.    I'VE REVIEWED GOOGLE'S

19   POLICIES.

20         Q.    GOOGLE DIDN'T HIRE YOU TO

21   PROVIDE IT GUIDANCE OR ADVICE, DID IT?

22         A.    NO.

23         Q.    OKAY. SO MY QUESTION WAS, HAS

24   ANY TECH COMPANY HIRED YOU OR YOUR TEAM

25   AT BRG TO SAY, HEY, THESE ARE MY

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 110

1   RETENTION SETTINGS FOR MY INSTANT

2   MESSAGING TOOL, I'D LIKE YOUR ADVICE? HAS

3   THAT EVER HAPPENED?

4         MR. RENARD:  OBJECTION TO THE

5      FORM OF THE QUESTION.

6         A.    IT'S POSSIBLE COLLEAGUES AT

7   BRG WERE RETAINED. I WAS NOT INVOLVED

8   WITH SUCH REPRESENTATION.

9         Q.    SO WHEN YOU TOOK THIS CASE AND

10  LOOKED AT GOOGLE'S CHAT RETENTION POLICY,

11  WAS THAT THE FIRST ONE FOR A TECH COMPANY

12  YOU'D EVER REVIEWED?

13        A.    I'VE REVIEWED MANY RETENTION

14  POLICIES BUT, AGAIN, I'VE NOT REPRESENTED

15  NUMEROUS CLIENTS IN THE TECH INDUSTRY.

16        MS. NAJAM:  OBJECT AS

17      NONRESPONSIVE.

18        Q.    WE TALKED ABOUT YOUR

19  REPRESENTATION EARLIER AS A LAWYER. MY

20  QUESTION IS A LITTLE BIT DIFFERENT.

21        IN ALL OF YOUR 20-ISH YEARS

22  WHERE YOU'VE BEEN INVOLVED IN EDISCOVERY,

23  HAS ANY -- HAVE YOU EVER REVIEWED A TECH

24  COMPANY'S RETENTION POLICY FOR CHATS?

25        MR. RENARD:  OBJECTION TO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 111

1       FORM.

2           A.      NOT AS THEIR ADVISOR.

3           Q.      HOW ABOUT PERIOD? SO MY

4   ORIGINAL QUESTION IS YOU SAW THE CHAT

5   POLICY IN THIS CASE, THE CHAT RETENTION

6   POLICY IN THIS CASE FOR GOOGLE, RIGHT?

7   SIR, YOU'VE REVIEWED THAT?

8               MR. RENARD:  I OBJECT TO THE

9           PREFATORY STATEMENT LEADING UP TO

10          THE QUESTION.

11              MS. NAJAM:  I'LL ASK THE

12          QUESTION AGAIN.

13          Q.      BEFORE THIS CASE HAD YOU EVER

14  LAID EYES ON A TECH COMPANY'S INSTANT

15  MESSAGING RETENTION POLICY?

16          A.      NO, BUT THEY'RE USUALLY NOT

17  PUBLICLY AVAILABLE AND I DON'T BELIEVE

18  GOOGLE HAS BEEN MADE PUBLICLY AVAILABLE.

19              MS. NAJAM: I'LL OBJECT TO

20          ANYTHING AFTER "NO" AS

21          NONRESPONSIVE.

22          Q.      LET ME TAKE YOU TO PARAGRAPH

23  40 IN YOUR REPORT, SIR.

24              MR. RENARD:  COUNSEL, I DON'T

25          MEAN TO PREEMPT THIS, JUST WHENEVER

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 112

1          AS WE GO INTO THIS NEXT SUBJECT,

2          YOU COMPLETE THAT, I'D LIKE TO TAKE

3          A BREAK. IT'S BEEN OVER AN HOUR.

4               MS. NAJAM:  YES, SIR.

5          Q.    IN PARAGRAPH 40 YOU ARE

6     SUMMARIZING YOUR "REBUTTAL OPINIONS".

7     YOU END WITH SAYING, "AND THUS, GOOGLE

8     DID NOT VIOLATE ANY PRESERVATION

9     OBLIGATIONS", AND THEN YOU SAY THAT'S

10    INCORRECT. DO YOU SEE WHERE I AM?

11         A.    YES.

12         Q.    SIR, DID MR. MALKIEWICZ

13    ANYWHERE IN HIS REPORT ACTUALLY

14    SPECIFICALLY OPINE THAT GOOGLE DIDN'T

15    VIOLATE ITS PRESERVATION OBLIGATIONS?

16         A.    THIS STATEMENT WAS IN THE

17    CONTEXT OF MR. MALKIEWICZ'S OPINIONS,

18    AGAIN, YOU KNOW, STARTING WITH PARAGRAPH

19    21 WHERE HE STATES THAT THESE INFORMATION

20    GOVERNANCE ARE WIDESPREAD, AND THROUGHOUT

21    HE PROVIDES HIS VIEWS ON HOW GOOGLE

22    FOLLOWED ITS RECORDS RETENTION AND

23    LITIGATION HOLD POLICIES.

24               MS. NAJAM: OKAY.  OBJECT AS

25         NONRESPONSIVE.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1          Q.    WE'VE LOOKED AT PARAGRAPH 21.

2    CAN YOU SPECIFY ANY OTHER PARAGRAPHS IN

3    MR. MALKIEWICZ'S REPORT WHERE HE, IN YOUR

4    VIEW, IS OFFERING THE OPINION THAT GOOGLE

5    DIDN'T VIOLATE ITS PRESERVATION

6    OBLIGATIONS?

7          A.    THE BASIS OF HIS OPINIONS IS

8    THAT GOOGLE EMPLOYEES FOLLOWED THE

9    INSTRUCTIONS THEY WERE PROVIDED AND

10   TURNED HISTORY OFF AND ON WERE NOT

11   CONFUSED.  AND, AGAIN, YOU KNOW, AS A

12   RESULT I THINK THE CONTEXT IS THAT GOOGLE

13   DID NOT VIOLATE ITS PRESERVATION

14   OBLIGATIONS.  HE DOES NOT SPECIFICALLY

15   STATE THAT.

16         Q.    IN FACT, HE DOESN'T USE THE

17   WORD "OBLIGATIONS" ANYWHERE IN HIS

18   REPORT, DOES HE, SIR, THAT YOU RECALL?

19         A.    NOT THAT I RECALL.

20         Q.    AND WE'VE BEEN LOOKING AT HIS

21   REPORT FOR A FEW MINUTES, TELL ME IF YOU

22   NEED MORE TIME.  BUT HE DOESN'T -- HE

23   DEFINITELY DOESN'T REFERENCE ANY LEGAL

24   OBLIGATIONS THAT HE THINKS GOOGLE

25   COMPLIED WITH, RIGHT?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 114

1      A.    NOT THAT I CAN RECALL.

2           MS. NAJAM:  OKAY. LET'S TAKE A

3      BREAK.

4           VIDEOGRAPHER:  IT'S 11:44 A.M.

5      WE'RE GOING OFF THE RECORD.

6           (RECESS IS TAKEN.)

7           VIDEOGRAPHER:  THE TIME IS

8      APPROXIMATELY 12:02 P.M.  WE ARE

9      BACK ON THE RECORD.

10     Q.    MR. GRANDE, BEFORE THE BREAK

11 WE TALKED ABOUT SOME OF THE LITIGATION

12 HOLD NOTICES THAT WENT OUT AFTER THE CID

13 DEMAND WAS ISSUED IN THE FALL OF 2019. DO

14 YOU RECALL THAT GENERALLY?

15     A.    I DO.

16     Q.    I'M ACTUALLY GOING TO HAND YOU

17 WHAT WAS MARKED AS EXHIBIT 6 TO YOUR

18 DEPOSITION.

19          (GRANDE EXHIBIT 6, COPIES OF

20     REDACTED LEGAL HOLD NOTICES, WAS

21     RECEIVED AND MARKED ON THIS DATE

22     FOR IDENTIFICATION.)

23     Q.    AND THESE ARE -- PLEASE

24 CONFIRM FOR ME THAT THESE ARE REDACTED

25 VERSIONS OF LEGAL HOLD NOTICES THAT YOU

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 115

1  REVIEWED IN CONNECTION WITH YOUR REPORT

2  IN THIS CASE? AND IF WE CAN SHORTCUT THIS

3  IF YOU LOOK AT YOUR REPORT, PAGE 34,

4  FOOTNOTE 90.

5          A.    PAGE 34?

6          Q.    FOOTNOTE 90.

7          A.    YES.

8          Q.    YOU WERE CITING THE DOCUMENTS

9  THAT ARE CONTAINED IN EXHIBIT 6, CORRECT?

10         A.    YES.

11         Q.    LET'S GO TO PAGE BATES PAGE

12 ENDING IN 451. THE RECIPIENTS OF THIS

13 LEGAL HOLD WERE TOLD, "PLEASE DO NOT USE

14 THE FOLLOWING TOOLS OR MESSAGING APPS TO

15 DISCUSS ANY TOPICS COVERED BY THIS LEGAL

16 HOLD." DID I READ THAT CORRECTLY?

17         A.    YES.

18         Q.    AND IN THE SECOND BULLET THERE

19 GOOGLE CHAT IS LISTED AS AN EXAMPLE OF A

20 TOOL NOT TO USE, RIGHT?

21         A.    YES, WITH THE PARENTHETICAL

22 FOLLOWING.

23         Q.    SORRY. AND IN THE

24 PARENTHETICAL THAT YOU JUST MENTIONED IT

25 SAYS, "IF YOU MUST DO SO, PLEASE MAKE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 116

1    SURE THE SETTINGS PRESERVE THE MESSAGES,

2    SUCH AS SWITCHING TO "HISTORY ON" FOR

3    CHAT OR HANGOUTS." DID I READ THAT

4    PARENTHETICAL CORRECTLY?

5         A.    YES.

6         Q.    AND THIS WAS NOT THE ONLY

7    EXAMPLE OF LITIGATION HOLD LANGUAGE THAT

8    YOU REVIEWED ALONG THOSE LINES, IS IT?

9              MR. RENARD:  OBJECTION TO

10        FORM.

11        A.    NO, THERE IS A SIMILAR ONE.  I

12   BELIEVE IT'S THE NEXT DOCUMENT HAS THE

13   SAME LANGUAGE.

14        Q.    LET'S LOOK AT THE PAGE ENDING

15   IN 457. DID YOU READ THIS BULLET HERE

16   THAT SAYS "GOOGLE CHAT", IN CONNECTION

17   WITH YOUR WORK ON THIS CASE?

18        A.    I DID.

19        Q.    AND IT SAYS, "IT'S OKAY TO USE

20   GOOGLE CHAT FOR PURELY NON-SUBSTANTIVE

21   THINGS", AND IT GIVES A COUPLE OF

22   EXAMPLES. DO YOU SEE THAT?

23        A.    I DO.

24        Q.    LIKE REMINDING -- ASKING

25   SOMEBODY WHEN THEY'RE GOING TO BE OUT OF

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 117

1    OFFICE IS LISTED AS AN EXAMPLE, RIGHT,

2    SIR?

3         A.    YES.

4         Q.    AND THEN IT SAYS, "HOWEVER,

5    FOR DISCUSSION OF ANY TOPIC COVERED BY

6    THE LEGAL HOLD IT'S BEST TO AVOID CHAT."

7    AND THEN THERE IS A RECOMMENDATION THAT

8    THE PERSON USE EMAIL. DO YOU SEE THAT? DO

9    YOU SEE THE RECOMMENDATION TO USE EMAIL

10   INSTEAD?

11        A.    I DO.

12        Q.    OKAY. AND THEN IT SAYS IN

13   BOLD, "IF YOU NEED TO USE GOOGLE CHAT TO

14   TALK ABOUT TOPICS COVERED BY THE

15   LITIGATION HOLD THEN YOU NEED TO GO ON

16   THE RECORD TO MAKE SURE THAT YOUR

17   COMMUNICATIONS WILL BE PRESERVED. THIS

18   MEANS ACTUALLY SWITCHING YOUR CHAT

19   SETTING TO 'HISTORY ON'." DID I READ THAT

20   CORRECTLY?

21        A.    YES.

22        Q.    AND SIR, BASED ON YOUR

23   KNOWLEDGE OF WHAT THE CHAT RETENTION

24   POLICY WAS MORE GENERALLY, OUTSIDE OF

25   LITIGATION HOLDS, CAN WE AGREE THAT THIS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 118

1    IS AN EXAMPLE OF GOOGLE ADJUSTING OR

2    DIRECTING AN ADJUSTMENT OF ITS USE OF

3    CHAT IN THE FACE OF A LITIGATION HOLD?

4         A.    WHICH IS AN EXAMPLE? CAN YOU

5    CLARIFY?

6         Q.    EITHER OF THEM. LET ME ASK A

7    BETTER QUESTION.

8              IN THE TWO EXAMPLES THAT WE

9    SAW DO YOU AGREE THAT GOOGLE IS DIRECTING

10   EMPLOYEES TO AVOID CHAT TO TALK ABOUT

11   STUFF RELEVANT TO THE LIT HOLD?

12        A.    IN MY MIND THE QUESTION IS DO

13   THEY KNOW WHAT'S COVERED BY THE LIT HOLD?

14   THAT'S THE -- THAT'S PART OF THE

15   QUESTION.

16        Q.    OKAY. WE'LL GET THERE. I'LL

17   OBJECT AS NONRESPONSIVE.

18              MY QUESTION IS, IN THE TWO

19   EXAMPLES THAT WE JUST READ, ISN'T IT TRUE

20   THAT GOOGLE IS DIRECTING EMPLOYEES AVOID

21   CHAT TO TALK ABOUT THINGS THAT ARE WITHIN

22   THE SCOPE OF THE HOLD?

23        A.    I MEAN, THE LANGUAGE SAYS TO

24   AVOID CHAT BUT IF YOU MUST DO SO, BE SURE

25   TO HAVE THE PROPER SETTINGS IN PLACE.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 119

1      Q.    MORE SPECIFICALLY, IF YOU MUST

2   DO SO, MAKE SURE YOUR HISTORY IS ON SO

3   THE MESSAGE IS SAVED, RIGHT?

4      A.    YES.

5      Q.    AND YOU SAID -- YOU SAID THAT

6   YOU'RE NOT SURE WHETHER FOLKS WOULD

7   UNDERSTAND WHAT WAS IN THE HOLD. YOU

8   DON'T KNOW WHAT WAS UNDER THESE BLACK

9   BOXES OF INSTRUCTIONS, DO YOU?

10      A.    THEY WERE NOT PRODUCED, AS FAR

11   AS I'M AWARE.

12      Q.    THEY WEREN'T PRODUCED -- I

13   MEAN IN YOUR EXPERIENCE, THIS IS A

14   CONFIDENTIAL ATTORNEY-CLIENT

15   COMMUNICATION, RIGHT?

16      A.    MY EXPERIENCE OF LITIGATION

17   HOLDS HAVE BEEN PRODUCED IN OTHER CASES

18   UNREDACTED.

19          MS. NAJAM:  THAT WAS NOT MY

20      QUESTION, SO I'LL OBJECT AS

21      NONRESPONSIVE.

22      Q.    IN YOUR EXPERIENCE, GENERALLY

23   SPEAKING, THE SPECIFIC LANGUAGE THAT IS

24   USED IN A LITIGATION HOLD TO GIVE DETAILS

25   ON WHAT KINDS OF THINGS TO KEEP, WHAT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 120

1    KINDS OF THINGS YOU DON'T NEED TO KEEP,

2    THOSE ARE PRIVILEGED, RIGHT?

3              MR. RENARD:  OBJECTION TO

4         FORM.

5         A.    NOT IN A SITUATION LIKE THIS

6    WHERE THAT'S A QUESTION.

7              MS. NAJAM: I'LL OBJECT AS

8         NONRESPONSIVE.

9         Q.    YOU SAID "A SITUATION LIKE

10   THIS".  THAT'S BECAUSE YOU'RE AWARE THAT

11   THE STATES HAVE MOVED FOR SANCTIONS AS OF

12   LAST WEEK; IS THAT RIGHT?

13        A.    NO. I'M JUST REFERENCING THE

14   FACT THAT THERE'S DISCOVERY ON DISCOVERY

15   THAT'S BEEN ALLOWED IN THIS CASE.

16        Q.    OH, GOT IT. SO YOUR OPINION IS

17   THAT GIVEN THE DISCOVERY ON DISCOVERY,

18   INCLUDING TODAY'S DEPOSITION, WHICH IS

19   DISCOVERY ON DISCOVERY ON DISCOVERY, BY

20   THIS POINT THE BLACK BOX SHOULD HAVE BEEN

21   LIFTED; IS THAT RIGHT?

22             MR. RENARD:  OBJECTION TO

23        FORM.

24        A.    IF THE ARGUMENT IS THAT THE

25   LITIGATION HOLD WAS SUFFICIENT, I BELIEVE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 121

1    ADDITIONAL INFORMATION SHOULD HAVE BEEN

2    PROVIDED ABOUT THE SCOPE OF WHAT WAS

3    BEING ASKED TO BE PRESERVED.

4         Q.    HOW MANY TIMES HAVE YOU

5    REVIEWED THE FULL LANGUAGE OF ALL OF THE

6    LITIGATION HOLDS OF AN OPPOSING PARTY?

7              MR. RENARD:  OBJECTION TO

8         FORM.

9         A.    I CAN'T RECALL.

10        Q.    CAN YOU RECALL EVEN ONE

11   INSTANCE?

12        A.    YES.

13        Q.    WHAT WAS IT?

14        A.    IN A CASE I'VE BEEN INVOLVED

15   WITH THEY DID NOT PROVIDE HOLDS.

16        Q.    IN ONE CASE?

17        A.    IN ONE CASE THAT I CAN RECALL.

18        Q.    I'M ASKING HOW MANY CASES YOU

19   CAN RECALL AND WE'LL GO THROUGH THEM. IS

20   IT MORE THAN ONE OR JUST ONE?

21        A.    JUST ONE I CAN THINK OF.

22   THERE MAYBE MORE THAN ONE.  I CAN'T

23   REMEMBER.

24        Q.    WHAT IS THE ONE YOU CAN THINK

25   OF? WHAT DID THE CASE INVOLVE?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 122

1      A.    I CAN'T NAME THE PARTIES BUT I

2  MEAN IT WAS A LITIGATION MATTER WHERE A

3  PART OF THE PRODUCTION OF THE OTHER SIDE

4  INCLUDED THEIR LITIGATION HOLD.

5      Q.    HOW MANY COMPANIES HAVE YOU

6  ADVISED TO COMPLETELY PHYSICALLY SHUT

7  DOWN AN EMPLOYEES' ABILITY TO USE A CHAT

8  SYSTEM BECAUSE THEY WERE ON HOLD?

9           MR. RENARD:  OBJECTION TO

10     FORM.

11     A.    CAN YOU REPEAT THAT QUESTION?

12     Q.    HOW MANY COMPANIES, IF ANY,

13  HAVE YOU ADVISED TO SHUT DOWN, LIKE

14  PHYSICALLY SHUT DOWN EMPLOYEES' ABILITY

15  TO USE AN INSTANT MESSAGING SYSTEM

16  BECAUSE THEY WERE ON HOLD, LITIGATION

17  HOLD?

18     A.    I CAN'T RECALL HOW MANY.

19     Q.    CAN YOU RECALL EVEN ONE?

20     A.    I CAN RECALL SEVERAL CASES

21  WHERE EMPLOYEES WERE DIRECTED NOT TO USE

22  INSTANT MESSAGING SYSTEMS UNDER A

23  LITIGATION HOLD.

24     Q.    OKAY. DIRECTED TO, AS IN

25  INSTRUCTED TO, NOT USE IM DURING THE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 123

1  HOLD?

2      A.    THAT'S CORRECT.

3      Q.    BUT I'M NOT TALKING ABOUT

4  VERBAL INSTRUCTIONS.

5            HOW MANY TIMES HAVE YOU

6  ADVISED A COMPANY TO PHYSICALLY MAKE IT

7  IMPOSSIBLE FOR EMPLOYEES UNDER HOLD TO

8  USE AN INSTANT MESSAGING SYSTEM, HAS THAT

9  EVER HAPPENED?

10      A.    I DON'T BELIEVE THAT I'VE EVER

11  HAD TO DIRECT THAT.

12      Q.    YOU'VE NEVER DIRECTED IT?

13      A.    I DON'T BELIEVE SO.

14      Q.    HOW MANY TIMES, IF ANY, HAVE

15  YOU ADVISED A COMPANY TO MAKE IT

16  PHYSICALLY IMPOSSIBLE FOR EMPLOYEES UNDER

17  A HOLD TO SEND AN ELECTRONIC

18  COMMUNICATION THAT CANNOT BE SAVED?

19      A.    I DON'T BELIEVE I'VE EVER HAD

20  TO DO THAT.

21      Q.    IN PARAGRAPH 61 OF YOUR

22  REPORT, IN YOUR LAST SENTENCE YOU SAY,

23  "IT IS COMMON PRACTICE FOR COMPANIES TO

24  SET THEIR COMPANY-APPROVED INSTANT

25  MESSAGING PLATFORM TO RETAIN ALL

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 124

1   CHATS/MESSAGES FOR EMPLOYEES WHO ARE

2   SUBJECT TO A LITIGATION HOLD." DID I READ

3   THAT CORRECTLY?

4        A.    YES.

5        Q.    AND THERE IS NOTHING CITED

6   HERE. WHAT IS YOUR SOURCE FOR THIS COMMON

7   PRACTICE? WHAT INDUSTRY SOURCE CAN I LOOK

8   TO FOR THAT?

9             MR. RENARD:  OBJECTION TO

10       FORM.

11       A.    I MEAN THAT STATEMENT, AGAIN,

12  IS BASED UPON MY EXPERIENCE IN INDUSTRY

13  STANDARDS AND PRACTICES WHICH DO INCLUDE,

14  YOU KNOW, THE PEER-REVIEWED SEDONA

15  CONFERENCE, PUBLICATIONS, INCLUDING THE

16  ONE THAT IS CITED TO IN THE FOLLOWING

17  PARAGRAPH.

18       Q.    WELL, IN THE FOLLOWING

19  PARAGRAPH, ARE YOU TALKING ABOUT

20  PARAGRAPH 62?

21       A.    YES.

22       Q.    AND YOU'RE CITING TO THE

23  SEDONA CONFERENCE, THAT'S THE VOLUME ON

24  EPHEMERAL MESSAGING PUT OUT IN 2021; IS

25  THAT CORRECT?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 125

1        A.     THAT'S CORRECT.

2        Q.     AND IN THE PARENTHETICAL THAT

3    YOU ACTUALLY QUOTE HERE, I'M GOING TO NOT

4    READ IT WORD FOR WORD, BUT WHAT SEDONA

5    ADVISED IS THAT THE ORGANIZATION SHOULD

6    CONSIDER REASONABLE ALTERNATIVES,

7    INCLUDING A POSSIBLE PROHIBITION ON THE

8    USE OF EPHEMERAL MESSAGING. DO YOU SEE

9    THAT?

10       A.     YES.

11       Q.     SO EVEN SEDONA SAYS THAT IF AN

12   APPLICATION DOESN'T HAVE A LEGAL HOLD

13   CAPABILITY THAT CAN RETAIN, IN OUR

14   EXAMPLE, "OFF THE RECORD" CHAT MESSAGES,

15   THE ORGANIZATION SHOULD CONSIDER SOME

16   ALTERNATIVES, RIGHT?

17       A.     THAT'S WHAT IT SAYS, YES.

18       Q.     AND ONE ALTERNATIVE IS A

19   POSSIBLE PROHIBITION ON THE USE OF

20   MESSAGES THAT CAN'T BE SAVED, RIGHT?

21       A.     THAT'S CORRECT.

22       Q.     OKAY. BUT I WANT TO GO BACK TO

23   PARAGRAPH 61.

24              MY QUESTION WAS COMMON

25   PRACTICE FOR COMPANIES, NOT WHAT SEDONA

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 126

1    SAYS FOLKS SHOULD DO. CAN YOU CITE ME

2    ANYTHING FOR YOUR OPINION THAT COMPANIES

3    COMMONLY SET THEIR IM TOOLS TO RETAIN ALL

4    CHATS FOR ALL EMPLOYEES ON A HOLD?

5              MR. RENARD:  OBJECTION TO THE

6         FORM OF THE QUESTION.

7         A.    GOOGLE'S OWN CHAT PROGRAM FOR

8    -- OUTSIDE FOR THIRD PARTIES, ITSELF,

9    ALLOWED FOR LITIGATION HOLDS TO BE PUT IN

10   PLACE WHERE "HISTORY OFF" WOULD BE

11   PERMANENTLY TURNED OFF FOR LITIGATION

12   HOLD RECIPIENTS, BUT THAT WAS NOT AN

13   OPTION INTERNALLY.

14        Q.    YOU'RE TALKING ABOUT THE

15   FEATURES OF WHAT YOU BELIEVE TO BE AN

16   EXTERNAL VERSION OF CHATS WHERE FOLKS CAN

17   DO THIS?  THAT IS THEY CAN -- SORRY --

18   CUSTOMERS CAN FORCE "HISTORY ON" AND MAKE

19   IT STICK FOR EMPLOYEES, RIGHT?

20             MR. RENARD:  OBJECTION TO THE

21        FORM.

22        A.    YES.

23        Q.    I DON'T WANT TO -- WE WILL

24   TALK ABOUT THAT, ABOUT WHAT THE TOOL

25   COULD AND COULDN'T HAVE DONE. I WANT TO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 127

1   KNOW WHAT YOU CAN CITE AS FOR THE

2   PROPOSITION THAT IT'S COMMON FOR

3   COMPANIES TO TAKE ALL THE FOLKS WHO WERE

4   ON HOLD AND SET THEIR IM PLATFORMS TO

5   RETAIN EVERY SINGLE TIME THEY SEND A

6   MESSAGE NO MATTER WHAT THE SUBJECT? HOW

7   DO YOU KNOW THAT'S A COMMON PRACTICE?

8          MR. RENARD:   OBJECT TO THE

9       SENTENCE PRECEDING THE QUESTION.

10      A.    I KNOW IT'S A COMMON PRACTICE

11  BECAUSE THAT IS THE STANDARD IN THE

12  INDUSTRY FROM, YOU KNOW, THAT THE

13  ORGANIZATIONS AND -- THAT I'VE BEEN

14  INVOLVED WITH, THE PEOPLE THAT I WORK

15  WITH, BUT IN ADDITION, OTHER -- YOU KNOW,

16  AND HERE WE'RE DEALING WITH GOOGLE AND

17  THE PRODUCTS THAT THEY HAVE CREATED,

18  OTHER PRODUCTS THAT ARE OUT -- AND I DID

19  MENTION GOOGLE'S PUBLIC PRODUCTS FOR

20  NON-EMPLOYEES. BUT IN ADDITION, YOU KNOW,

21  THERE ARE OTHER PRODUCTS, INCLUDING

22  MICROSOFT THAT HAVE LITIGATION HOLD

23  SETTINGS THAT WOULD RETAIN ALL TEAMS

24  MESSAGES.

25      Q.    OKAY. LET'S TAKE THOSE ONE BY

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 128

1   ONE.

2           YOU SAID YOU KNOW IT'S A

3   COMMON PRACTICE BECAUSE THAT'S A STANDARD

4   IN THE INDUSTRY. BESIDES MICROSOFT, CAN

5   YOU NAME ANY OTHER COMPANY THAT YOU THINK

6   HAS A PRACTICE OF SETTING THEIR IM TOOLS

7   TO PRESERVE EVERY SINGLE CHAT MESSAGE

8   SENT BY SOMEONE ON HOLD NO MATTER WHAT

9   THE SUBJECT?

10          MR. RENARD:  OBJECT TO THE

11      SENTENCE PRECEDING THE QUESTION.

12      A.    THAT'S THE PRACTICE FOR

13  SEVERAL OF MY CLIENTS. I'M NOT AT LIBERTY

14  TO DISCLOSE THEIR NAMES BUT THAT'S THE

15  PRACTICE I SEE IN MY DAILY WORK.

16      Q.    SO YOU CAN'T TELL US ANY OF

17  THE NAMES OF THE COMPANIES THAT YOU ARE

18  SAYING DOES THIS, EXCEPT FOR MICROSOFT,

19  RIGHT?

20      A.    I'M NOT SAYING MICROSOFT DOES

21  IT. I'M SAYING THEIR PRODUCT ALLOWS FOR

22  THAT WHEN LITIGATION HOLDS ARE PUT IN

23  PLACE.

24      Q.    SO TO RECAP EVERYTHING YOU

25  SAID IN TERMS OF WHAT COMPANIES DO, WHAT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 129

1    THEIR COMMON PRACTICE IS, YOU CAN'T

2    ACTUALLY NAME US ONE COMPANY THAT DOES

3    THIS?

4                MR. RENARD:  OBJECT TO THE

5        FORM.

6        A.    COMPANIES DO NOT LIST THEIR

7    PRACTICES OUT IN THE PUBLIC.

8        Q.    CAN YOU NAME ONE COMPANY WHO

9    IS PART OF THIS SO-CALLED COMMON PRACTICE

10   OF SETTING THEIR IM TOOL TO KEEP ALL

11   CHATS FROM EMPLOYEES UNDER HOLD NO MATTER

12   WHAT THE SUBJECT?

13       A.    I HAVE AGREEMENTS WITH MY

14   CLIENTS AND I'M -- I CAN'T DISCLOSE THE

15   NAMES OF CLIENTS THAT DO HAVE THAT

16   PRACTICE BUT I CAN TELL YOU THAT THAT IS

17   THE PRACTICE OF THE CLIENTS THAT I HAVE

18   WORKED WITH.

19       Q.    JUST TO WRAP THIS UP, BESIDES

20   TAKING YOUR WORD FOR IT THAT YOU HAVE

21   CLIENTS THAT DO THIS, CAN YOU CITE TO US

22   ANY OTHER AUTHORITY FOR THIS OPINION THAT

23   IT'S A COMMON PRACTICE?

24                MR. RENARD:  OBJECTION TO

25        FORM.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 130

1      A.    I REFER BACK TO MY ORIGINAL

2  ANSWER -- OR ANSWER AN EARLIER QUESTION,

3  YOU KNOW, THE COMMENTARY ON EPHEMERAL

4  MESSAGING ADDRESSES THIS POINT, THE

5  SEDONA CONFERENCE.

6      Q.    THANK YOU. YOUR NEXT PARAGRAPH

7  62 HAS SOME STRONG ADVICE FROM YOU TO

8  PREVENT ACCESS OR PROHIBIT THE USE OF

9  SUCH SYSTEMS FOR LITIGATION HOLD

10 RECIPIENTS FOR THE DURATION OF THE

11 LITIGATION HOLD. DO YOU SEE WHERE I AM?

12     A.    YES.

13     Q.    AND THEN YOU SAY, "IT IS MY

14 OPINION THAT A COMPANY THAT DOES NOT IS

15 IN VIOLATION OF ITS OBLIGATION TO

16 PRESERVE." DID I READ THAT RIGHT?

17     A.    YES, THAT'S WHAT I STATE.

18     Q.    SO EARLIER YOU MENTIONED

19 YOU'RE NOT TRYING TO OFFER LEGAL OPINIONS

20 HERE. THAT'S A LEGAL OPINION, ISN'T IT,

21 SIR?

22          MR. RENARD:  OBJECT TO FORM.

23     A.    I DO NOT BELIEVE THAT'S A

24 LEGAL OPINION.

25     Q.    OKAY.  SO WHEN YOU TALK ABOUT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 131

1  AN OBLIGATION TO PRESERVE, IF NOT A LEGAL

2  OBLIGATION, WHAT KIND OF OBLIGATION IS

3  IT?

4        A.    THE DUTY TO PRESERVE IS AN

5  OBLIGATION THAT'S THE BEDROCK OF

6  EDISCOVERY PRACTICES AND WHILE IT IS

7  BASED ON THE LAW, I'M NOT MAKING A LEGAL

8  OPINION IN THIS SITUATION, THAT I'M JUST

9  STATING WHETHER I -- YOU KNOW, MY VIEWS

10  ON WHETHER DATA WAS PRESERVED IN A TIMELY

11  MANNER.

12        Q.    SO THAT LAST SENTENCE, THAT

13  YOU BELIEVE A COMPANY WHO DOESN'T

14  PROHIBIT THE USE OF INSTANT MESSAGING

15  SYSTEMS FOR HOLD RECIPIENTS, ARE YOU

16  RETRACTING THAT SENTENCE NOW?

17        A.    NO.

18        Q.    OKAY. SO YOU STILL THINK A

19  COMPANY WHO DOESN'T DO THAT VIOLATES AN

20  OBLIGATION BUT YOUR TESTIMONY IS THAT

21  IT'S NOT A LEGAL OBLIGATION?

22            MR. RENARD:  OBJECTION TO

23        FORM.

24        A.    NO, IT IS.  AGAIN, THE

25  OBLIGATION TO PRESERVE IS BASED ON LEGAL

Page 132

1    ISSUES. I'M NOT PROVIDING A LEGAL

2    OPINION. I BELIEVE THAT WAS THE QUESTION

3    YOU ASKED.

4         Q.    BUT IT'S YOUR OPINION THAT A

5    COMPANY WHO DOESN'T DO CERTAIN THINGS

6    VIOLATES ITS LEGAL DUTIES, RIGHT?

7         A.    I DON'T STATE THAT THEY

8    VIOLATED A LAW. I SAY IT'S A VIOLATION OF

9    AN OBLIGATION TO PRESERVE.

10        Q.    BESIDES BEING ROOTED IN THE

11   LAW, CAN YOU TELL ME WHERE ELSE AN

12   OBLIGATION TO PRESERVE WOULD COME FROM?

13             MR. RENARD:  OBJECTION TO

14        FORM.

15        A.    IT WOULD COME FROM INDUSTRY

16   STANDARDS AND PRACTICE, PEER-REVIEWED

17   PUBLICATIONS LIKE SEDONA.  YOU KNOW,

18   AGAIN, IT'S A GENERAL OBLIGATION OR DUTY

19   WITHIN THE -- ACROSS INDUSTRIES.

20        Q.    LET'S TALK ABOUT SEDONA, SINCE

21   IT KEEPS COMING UP. AM I RIGHT THAT IT IS

22   A POLICY AND LAW THINK TANK?

23             MR. RENARD:  OBJECTION TO THE

24        PREFATORY SENTENCE.

25        A.    THE SEDONA CONFERENCE IT'S A

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 133

1   PEER REVIEWED -- IT PRODUCES

2   PEER-REVIEWED PUBLICATIONS THAT ARE

3   COMPILED BY A COMBINATION OF ATTORNEYS

4   AND JUDGES AND IN MORE INSTANCE THAN ONCE

5   HAS BEEN CITED TO IN JUDICIAL OPINIONS AS

6   AN AUTHORITY ON EDISCOVERY PRACTICES.

7            MS. NAJAM:  I'LL OBJECT AS

8       NONRESPONSIVE. WE'LL GET THERE.

9       Q.    YOU HAVE PERSONALLY DESCRIBED

10  IT AS A LAW AND POLICY THINK TANK, RIGHT,

11  SIR? I'M NOT LOOKING AT YOUR REPORT.  I'M

12  JUST ASKING IN GENERAL.

13      A.    I DON'T THINK I'VE USED THE

14  WORD "THINK TANK". IF IT'S IN MY REPORT

15  -- YOU CAN POINT TO THE PARAGRAPH BUT I

16  DON'T RECALL CALLING IT A THINK TANK.

17      Q.    IN ANY EVENT, WHAT IT IS IS A

18  GROUP THAT PUTS OUT OBSERVATIONS AND

19  GUIDANCE, RIGHT?

20      A.    I WOULDN'T SAY OBSERVATIONS.

21  IT PUTS OUT GUIDANCE ON EDISCOVERY, A

22  VARIETY OF EDISCOVERY ISSUES, TECHNOLOGY

23  ISSUES, THERE ARE DIFFERENT GROUPS, OF

24  COURSE, BUT I'M REFERENCING THE, FOR THE

25  MOST PART, WORKING FOR A GROUP.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 134

1          MS. NAJAM:  I'LL OBJECT AS

2      NONRESPONSIVE.

3          Q.    LET'S GO ONE BY ONE.

4          A.    SURE.

5          Q.    AS PART OF THE SEDONA

6      CONFERENCE'S PUBLICATIONS THEY OFTEN

7      INCLUDE OBSERVATIONS ABOUT THE INDUSTRY

8      OF EDISCOVERY, RIGHT?

9          A.    THAT'S FAIR.

10          Q.    AND THEY ALSO IN THEIR

11      PUBLICATIONS PUT OUT GUIDANCE IN TERMS OF

12      WHAT THEY THINK ARE BEST PRACTICES FOR

13      EDISCOVERY, RIGHT?

14          A.    YES.

15          Q.    AND THE GOAL OF THE SEDONA

16      CONFERENCE PUBLICATIONS IS TO HELP GUIDE

17      PRACTITIONERS, COURTS, AND COMPANIES FOR

18      WHEN IT COMES PARTICULARLY TO ESI, RIGHT?

19          A.    YES.

20          Q.    WHAT THE SEDONA CONFERENCE

21      SAYS IN ITS PUBLICATIONS, THEY'RE NOT THE

22      LAW; AM I RIGHT?

23          A.    YES.

24          Q.    IN FACT, THE HOPE OF THE

25      SEDONA CONFERENCE IS THAT JUDGES WILL

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 135

1   ADOPT THEIR STANDARDS AND PRACTICES IN

2   THEIR OPINIONS, RIGHT?

3                MR. RENARD:  OBJECTION TO

4        FORM.

5        A.    I CAN'T SAY THAT'S THE ONLY

6   PURPOSE OF SEDONA.

7        Q.    WELL, IF THE SEDONA CONFERENCE

8   SAYS COMPANIES SHOULD DO X, THAT DOESN'T

9   BECOME LAW UNTIL A JUDGE ADOPTS IT,

10  RIGHT?

11       A.    WELL, IT'S GENERAL GUIDANCE

12  FOR THE INDUSTRY, FOR COMPANIES, THAT

13  THIS IS WHAT THE PRACTICE IS THAT -- THAT

14  THE LEADING PRACTITIONERS AND EDISCOVERY

15  JUDGES, PLAINTIFFS' LAWYERS, DEFENSE

16  LAWYERS THINK ARE ACCEPTABLE, THINK ARE

17  REASONABLE BEST PRACTICES.

18       Q.    EVEN IN SEDONA CONFERENCE'S

19  BEST PRACTICES, CAN YOU TESTIFY UNDER

20  OATH THAT SEDONA ADVISES COMPANIES TO

21  PREVENT ACCESS OR PROHIBIT THE USE OF

22  INSTANT MESSAGING FOR ALL LITIGATION HOLD

23  RECIPIENTS?

24                LET ME ASK A BETTER QUESTION.

25  I'M GOING TO STRIKE THAT.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 136

1          DOES THE SEDONA CONFERENCE

2    OPINE THAT A COMPANY WHO DOESN'T PREVENT

3    ACCESS TO IM FOR LITIGATION HOLD

4    EMPLOYEES VIOLATES ITS OBLIGATION TO

5    PRESERVE?

6              MR. RENARD:  OBJECTION TO

7       FORM.

8          A.    THE SEDONA CONFERENCE STATES

9    IN THE COMMENTARY ON EPHEMERAL MESSAGING

10   THE PROVISION THAT I QUOTE.  I MEAN, IF

11   YOU LIKE I CAN, YOU KNOW, LOOK AT THE

12   COMMENTARY BUT, AGAIN, YOU'VE QUOTED THIS

13   ALREADY, "IF AN APPLICATION DOES NOT HAVE

14   LEGAL HOLD CAPABILITY THEY COULD RETAIN

15   COMMUNICATIONS.  IN THE EVENT OF A DATA

16   RETENTION DIRECTIVE, THE ORGANIZATION

17   SHOULD CONSIDER REASONABLE ALTERNATIVES

18   FOR ADJUSTING RETENTION WHICH COULD

19   INCLUDE POSSIBLE PROHIBITION ON THE USE

20   OF EPHEMERAL MESSAGING."

21       Q.    SURE.  THAT'S "SHOULD

22   CONSIDER", "POSSIBLE PROHIBITION."

23          MY QUESTION IS DID THE SEDONA

24   CONFERENCE EVER COME OUT AND SAY IF YOU

25   DON'T SHUT IT DOWN FOR LITIGATION

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 137

1    EMPLOYEES THAT COMPANY SHOULD BE

2    CONSIDERING VIOLATING ITS DUTY TO

3    PRESERVE?

4        A.    THIS IS THE GUIDANCE OF THE

5    SEDONA CONFERENCE. THEY DON'T -- THEY'RE

6    NOT GOING TO -- AGAIN, TO YOUR POINT IT'S

7    NOT THE LAW.  THEY'RE PROVIDING BEST

8    PRACTICES AND GUIDANCE, AND THIS IS YOUR

9    GUIDANCE.

10       Q.    SO THE SEDONA CONFERENCE IS

11   NOT GOING TO SAY IF YOU DON'T DO THIS

12   YOU'RE VIOLATING YOUR DUTY TO PRESERVE,

13   CORRECT? THAT'S NOT THE TYPE OF THING

14   THAT THEY SAY?

15            MR. RENARD:  OBJECTION TO

16       FORM.

17       A.    THE SEDONA CONFERENCE AND

18   OTHER -- OTHER GUIDANCE, INCLUDING THE

19   GUIDANCE I CITE FROM THE FTC NOTES THAT

20   THE EPHEMERAL MESSAGING, INSTANT

21   MESSAGING NEEDS TO BE PRESERVED AS PER A

22   LEGAL HOLD, WHETHER THAT IS A LEGAL HOLD

23   CAPABILITY THAT PRESERVES ALL CHATS OR

24   MESSAGES OR IF NOT, ANOTHER METHOD WHICH

25   IN THIS CASE THE OTHER OPTION WOULD HAVE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 138

1  BEEN PUTTING A HOLD ON ALL -- OR

2  PREVENTING THE USE OF CHATS BY EMPLOYEES

3  WHO WERE SUBJECT TO THE LITIGATION HOLD.

4       Q.    SO I'M NOT ASKING QUESTIONS

5  NOW ABOUT PRESERVING ALL RELEVANT CHAT

6  MESSAGES.  I'M ASKING A BROADER QUESTION.

7  I'LL JUST TRY AGAIN.

8            CAN YOU CITE TO ANYTHING

9  ISSUED BY SEDONA THAT REQUIRES, THAT SAYS

10 COMPANIES ARE REQUIRED TO PHYSICALLY

11 PROHIBIT ANY EMPLOYEE ON HOLD FROM

12 SENDING ANY MESSAGE THAT'S NOT SAVED?

13      A.    NO.

14      Q.    CAN YOU CITE ANY INDUSTRY

15 STANDARD -- AND I'LL GET TO THE LAW IN A

16 SECOND -- BUT INDUSTRY STANDARD THAT

17 REQUIRES A COMPANY TO PHYSICALLY PROHIBIT

18 EMPLOYEES ON HOLD FROM SENDING CHAT

19 MESSAGES THAT IS NOT CAPABLE OF BEING

20 SAVED?

21      A.    THE INDUSTRY STANDARD IS THAT

22 COMPANIES NEED TO PRESERVE POTENTIALLY

23 RESPONSIVE COMMUNICATIONS AND IF -- IF

24 THAT'S NOT FEASIBLE WITH THE CHAT

25 PLATFORM THERE NEEDS TO BE ANOTHER WAY TO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 139

1    DO IT.

2         Q.    AND ONE POSSIBLE OTHER WAY

3    URGED BY SEDONA IS BY INSTRUCTING

4    EMPLOYEES TO NOT USE A MESSAGING SYSTEM

5    THAT'S NOT KEEPING THE PARTICULAR CHAT,

6    RIGHT?

7         A.    I DON'T RECALL IF IT STATES

8    THAT LANGUAGE.

9         Q.    JUST TO BE CLEAR, GOOGLE IN

10   THIS CASE, AS WE SAW, INSTRUCTED ITS

11   EMPLOYEES TO; A, NOT USE CHAT TO TALK

12   ABOUT RELEVANT TOPICS TO THE HOLD; AND

13   THEN B, IF THEY HAD TO, TO TURN HISTORY

14   ON, CORRECT?

15             MR. RENARD:  OBJECTION TO

16        FORM.

17        A.    THEY DID THAT BUT IT WAS NOT

18   CLEAR HOW THEY COULD COMPLY WITH IT OR

19   MADE IT VERY DIFFICULT FOR THEM TO COMPLY

20   WITH THOSE INSTRUCTIONS.

21        Q.    YOU SAID "MADE IT VERY

22   DIFFICULT" AND "NOT CLEAR". LET'S TAKE

23   THEM ONE BY ONE.

24             IN TERMS OF IT BEING CLEAR OR

25   NOT, YOU DON'T KNOW BECAUSE OF THE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 140

1   REDACTIONS ON THE PRODUCED VERSIONS,

2   RIGHT?

3        A.    NO. I BELIEVE THERE WERE OTHER

4   ISSUES WITH TURNING ON OF HISTORY --

5   TURNING HISTORY ON OR OFF THAT MADE IT

6   DIFFICULT FOR GOOGLE EMPLOYEES.

7        Q.    ON THIS TOPIC OF IT BEING

8   CONFUSING, ARE YOU APPLYING YOUR

9   EDISCOVERY EXPERTISE TO FORM THE OPINION

10  THAT TURNING "HISTORY ON" MAY HAVE BEEN

11  CONFUSING?

12       A.    I'M USING MY EDISCOVERY

13  EXPERTISE TO DETERMINE THAT IT WAS

14  DIFFICULT FOR EMPLOYEES TO COMPLY WITH

15  THE DIRECTION THAT THEY WERE GIVEN.

16       Q.    I'M ASKING SPECIFICALLY ABOUT

17  AN OPINION THAT I'LL TOUCH MORE ON LATER.

18            IN YOUR SPECIFIC OPINION THAT

19  EMPLOYEES WERE CONFUSED ABOUT HOW TO TURN

20  "HISTORY ON", ARE YOU USING ANY EXPERTISE

21  TO COME TO THAT OPINION?

22            MR. RENARD:  OBJECTION TO

23       FORM.

24       A.    ANYONE IN MY SITUATION WOULD

25  HAVE FOUND THAT THE EXAMPLES THAT I CITE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 141

1  TO THAT WERE PROVIDED BY GOOGLE EMPLOYEES

2  WERE CLEAR AND CONVINCING THAT THERE WAS

3  CONFUSION IN TURNING HISTORY ON OR OFF.

4         MS. NAJAM:   OBJECT AS

5     NONRESPONSIVE.

6         Q.   MY QUESTION IS WHETHER YOU

7  USED EXPERTISE. IS IT YOUR ANSWER THAT

8  YOU DIDN'T NEED ANY, IT WAS OBVIOUS TO

9  ANYBODY?

10         MR. RENARD:   OBJECTION TO

11     FORM.

12         A.   I MEAN -- I MEAN, I USED

13  EXPERTISE IN REVIEWING ALL THE AVAILABLE

14  INFORMATION AND, AND COMING -- YOU KNOW,

15  PROVIDING THE OPINION THAT IT WAS

16  CONFUSING AND DIFFICULT FOR GOOGLE

17  EMPLOYEES TO COMPLY WITH THE LITIGATION

18  HOLD DIRECTIONS.

19         Q.   OKAY. SORRY. I'M GOING TO HAVE

20  TO REASK A QUESTION THAT I DON'T THINK

21  I'VE GOTTEN AN ANSWER TO YET.

22         WE TALKED ABOUT SEDONA ON

23  EPHEMERAL MESSAGING. CAN YOU CITE TO ANY

24  INDUSTRY PUBLICATION AT ALL STATING THAT

25  COMPANIES MUST PHYSICALLY MAKE IT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 142

1    IMPOSSIBLE FOR AN EMPLOYEE TO SEND A

2    MESSAGE IF THEY'RE ON HOLD NO MATTER WHAT

3    THE TOPIC, THAT CAN'T BE SAVED?

4            MR. RENARD:  I OBJECT TO THE

5        TWO SENTENCES PRECEDING THE

6        QUESTION AND TO THE QUESTION,

7        ITSELF, ON THE BASIS OF FORM.

8            MS. NAJAM:  A LOT OF WORDS.

9            MR. RENARD:  YUP.

10   A.    CAN YOU REPHRASE THAT

11   QUESTION?

12       Q.    YEAH. CAN YOU CITE TO ANY

13   INDUSTRY PUBLICATION AT ALL STATING THAT

14   COMPANIES MUST MAKE IT PHYSICALLY

15   IMPOSSIBLE FOR AN EMPLOYEE TO SEND A

16   MESSAGE IF THEY'RE ON HOLD, NO MATTER

17   WHAT THE TOPIC, THAT CANNOT BE SAVED?

18       A.    THAT'S STILL A LITTLE UNCLEAR

19   ON WHAT YOU'RE ASKING.

20       Q.    LET'S USE LESS WORDS.  YOU

21   KNOW WHAT "OFF THE RECORD" CHAT IS,

22   RIGHT?

23       A.    YES.

24       Q.    IN THE CONTEXT OF THIS CASE AN

25   "OFF THE RECORD" CHAT IS ONE THAT WAS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 143

1    SENT WHEN THE HISTORY WAS OFF, RIGHT?

2         A.    YES.

3         Q.    AND IT'S NOT CAPABLE OF BEING

4    SAVED BECAUSE IT NEVER GOES INTO VAULT,

5    CORRECT?

6         A.    YES.

7         Q.    ARE YOU AWARE OF ANY INDUSTRY

8    STANDARD THAT SAYS A COMPANY HAS TO MAKE

9    IT PHYSICALLY IMPOSSIBLE FOR AN EMPLOYEE

10   ON LITIGATION HOLD TO SEND AN "OFF THE

11   RECORD" CHAT?

12        A.    I'M NOT AWARE AND THAT'S NOT

13   SOMETHING I STATE IN MY OPINION.

14        Q.    AND THAT'S NOT YOUR OPINION

15   THAT --

16        A.    NOT THE WAY YOU STATED IT.

17        Q.    I WANT TO BE REAL CLEAR ABOUT

18   THIS.  IT IS NOT YOUR OPINION THAT A

19   COMPANY MUST MAKE IT PHYSICALLY

20   IMPOSSIBLE FOR AN EMPLOYEE ON LITIGATION

21   HOLD TO SEND AN "OFF THE RECORD" CHAT,

22   CORRECT?

23        A.    CORRECT, THAT'S NOT MY

24   OPINION. THAT'S NOT IN MY REPORT.

25        Q.    ARE YOU AWARE OF ANY PER SE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 144

1    RULE SAYING; WELL, COMPANIES CAN'T RELY

2    ON THE GOOD FAITH ACTIONS OF THEIR

3    EMPLOYEES TO RETAIN COMMUNICATIONS THAT

4    ARE WITHIN THE SCOPE OF A LITIGATION

5    HOLD?

6            MR. RENARD:  OBJECTION TO

7        FORM.

8        A.    CAN YOU REPHRASE THAT?

9        Q.    SURE. LET ME ASK IT BETTER.

10           ISN'T IT TRUE UNDER THE

11    INDUSTRY STANDARDS THAT YOU WORK WITH,

12    UNDER CERTAIN CIRCUMSTANCES COMPANIES CAN

13    RELY ON THE GOOD FAITH ACTIONS OF THEIR

14    EMPLOYEES?

15           MR. RENARD:  OBJECTION, FORM.

16        A.    I'M NOT REALLY SURE WHAT

17    YOU'RE ASKING THERE.

18        Q.    ARE YOU FAMILIAR -- WELL, YOU

19    CITED IT SO YOU'RE FAMILIAR WITH THE

20    SEDONA CONFERENCE VOLUME ON LITIGATION

21    HOLDS, SECOND EDITION?

22        A.    YES.

23           MS. NAJAM:  LET ME MARK THAT

24        AS EXHIBIT 7.

25           (GRANDE EXHIBIT 7, SEDONA

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 145

1          CONFERENCE VOLUME 20, DATED 2019

2          RE:  LITIGATION HOLDS, SECOND

3          EDITION, WAS RECEIVED AND MARKED ON

4          THIS DATE FOR IDENTIFICATION.)

5          Q.    LET'S GO TO PAGE 408.  JUST

6     FOR THE RECORD, THE EDITION THAT WE'RE

7     LOOKING AT, VOLUME 20 WAS ISSUED IN 2019;

8     IS THAT RIGHT, SIR?

9          A.    THAT'S WHAT IT SAYS, YES.

10         Q.    AND YOU MENTION THAT YOU ARE A

11    MEMBER OF A WORKING GROUP WITHIN SEDONA,

12    IS THAT WORKING GROUP 1?

13         A.    YES.

14         Q.    AND WORKING GROUP 1 IS

15    ACTUALLY THE GROUP THAT ISSUED THIS

16    VOLUME, RIGHT, SIR?

17         A.    YES.

18         Q.    AND THAT WORKING GROUP IS

19    CALLED WORKING GROUP ON ELECTRONIC

20    DOCUMENT RETENTION AND PRODUCTION, RIGHT?

21         A.    I BELIEVE SO.

22         Q.    AND, SORRY, I SHOULD HAVE

23    ESTABLISHED THIS EARLIER, BUT TO BE A

24    MEMBER OF A WORKING GROUP WITHIN SEDONA

25    THERE IS NOT LIKE AN APPLICATION PROCESS,

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 146

1    RIGHT?

2        A.    IT'S -- YOU KNOW, YOU BECOME A

3    MEMBER BUT YOU'RE NOT -- YEAH, THERE IS

4    NOT AN INTERVIEW OR ANYTHING LIKE THAT.

5        Q.    WELL, THERE IS NO, LIKE,

6    QUALIFICATIONS NEEDED, YOU JUST PAY YOUR

7    ANNUAL FEE AND YOU'RE A MEMBER, RIGHT?

8        A.    YES. AND THEN YOU ATTEND

9    EVENTS OR GET INVOLVED TO THE EXTENT YOU

10   WANT.

11       Q.    "TO THE EXTENT YOU WANT", IS

12   THAT WAS SAID?

13       A.    YES.

14       Q.    SO PAGE 4 --

15       A.    I WOULD JUST SAY THE GUIDANCE

16   IS NOT JUST FOR MEMBERS, IT'S GUIDANCE

17   PROMULGATED THROUGHOUT THE INDUSTRY.

18       Q.    SO MY QUESTION TO YOU BEFORE I

19   HANDED YOU THE DOCUMENT WAS WHETHER UNDER

20   CERTAIN CIRCUMSTANCES COMPANIES CAN RELY

21   ON GOOD FAITH ACTIONS OF THEIR EMPLOYEES

22   IN THE CONTEXT OF PRESERVING DOCUMENTS

23   FOR HOLDS.

24            ON PAGE 408 THERE IS A

25   PARAGRAPH THAT BEGINS WITH "HOWEVER". IT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 147

1    SAYS "SO SEDONA SAYS IN MOST CASES A
2    CAREFUL COMBINATION OF NOTIFICATION AS
3    DESCRIBED ABOVE, COLLECTION AND
4    INDIVIDUAL ACTION SHOULD ENABLE PARTIES
5    TO RELY ON THE GOOD FAITH ACTIONS OF
6    THEIR EMPLOYEES." DID I READ THAT RIGHT?
7         A.   YES.
8         Q.   AND THEN IT ACTUALLY CITES
9    FROM THE CONCORD CASE TO SAY, "THE FACT
10   THAT THE DEFENDANT ALLOWED INDIVIDUAL
11   EMPLOYEES TO USE DISCRETION WHETHER TO
12   RETAIN EMAIL IS SIMPLY NOT INDICATIVE OF
13   BAD FAITH." DID I READ THAT RIGHT?
14        A.   YES.
15        Q.   DO YOU HAVE ANY DISAGREEMENT
16   WITH THIS LAST SENTENCE, "RESPONDING
17   PARTIES ARE BEST SITUATED TO EVALUATE THE
18   PROCEDURES, METHODOLOGIES AND
19   TECHNOLOGIES APPROPRIATE FOR PRESERVING
20   AND PRODUCING THEIR OWN ELECTRONICALLY
21   STORED INFORMATION?"
22            MR. RENARD:   OBJECTION TO
23        FORM.
24        Q.   THE QUESTION WAS WHETHER YOU
25   HAD ANY DISAGREEMENT WITH IT.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 148

1      A.    NO, I GENERALLY AGREE WITH

2  THAT STATEMENT. THE ISSUE BECOMES IF --

3  IF THE -- THE PROCEDURES, METHODOLOGIES

4  AND TECHNOLOGIES ARE NOT APPROPRIATE FOR

5  PRESERVING AND PRODUCING THEIR OWN

6  ELECTRONICALLY STORED INFORMATION.

7      Q.    UNDERSTOOD. BUT TO GET BACK TO

8  MY ORIGINAL QUESTION, CAN WE AGREE THERE

9  IS NO RULE PROHIBITING EMPLOYEES FROM

10  RELYING ON THEIR EMPLOYEES' GOOD FAITH TO

11  FOLLOW LITIGATION HOLD INSTRUCTIONS IN

12  TERMS OF PRESERVING ESI?

13            MR. RENARD:  OBJECTION, FORM.

14      A.    I WOULD SAY MOST COMPANIES ARE

15  HESITANT AND SHOULD BE HESITANT TO RELY

16  ON GOOD FAITH ACTIONS ALONE.  THIS

17  PARAGRAPH ACTUALLY SAYS "A CAREFUL

18  COMBINATION OF NOTIFICATIONS, AS

19  DESCRIBED ABOVE, COLLECTION AND ANY

20  INDIVIDUAL ACTION."

21            IN THE SITUATION THAT'S BEEN

22  PRESENTED TO ME IN THIS CASE I DO NOT

23  BELIEVE THAT THE MEASURES THAT WERE PUT

24  IN PLACE IN THE LITIGATION HOLDS WERE --

25  WAS REASONABLE TO RELY ON, ON THE GOOD

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 149

1   FAITH ACTIONS OR TO RELY ON THE EMPLOYEES

2   IN THE WAY IN WHICH THE LITIGATION HOLD

3   LANGUAGE WAS SET UP.

4        Q.    OKAY. UNDERSTOOD. OBJECT AS

5   NONRESPONSIVE.

6             HERE IS MY QUESTION AGAIN.  IS

7   THERE A RULE PROHIBITING EMPLOYEES FROM

8   RELYING -- I'M SORRY -- PROHIBITING

9   COMPANIES FROM RELYING ON THEIR

10  EMPLOYEES' GOOD FAITH TO FOLLOW -- I'M

11  GOING TO CHANGE IT NOW -- A LITIGATION

12  HOLD INSTRUCTION THAT INFORMS EMPLOYEES

13  TO RETAIN ESI RELEVANT TO THE HOLD?

14             MR. RENARD:  OBJECTION TO

15        FORM.

16        A.    CAN YOU REPHRASE THAT?

17        Q.    SURE.  I'LL ASK A FIVE-WORD

18  QUESTION. IS THERE A -- LESS THAN TEN,

19  HOW ABOUT THAT?

20             IS THERE PER SE RULE SAYING

21  COMPANIES, WHEN YOU ARE PUTTING THOSE

22  HOLD INSTRUCTIONS OUT YOU CAN'T RELY ON

23  GOOD FAITH EMPLOYEES OR GOOD FAITH

24  ACTIONS BY EMPLOYEES?

25        A.    MY ANSWER, THERE IS NO RULE.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 150

1   HOWEVER, YOU KNOW, IT'S NOT THE INDUSTRY

2   STANDARDS TO RELY ON, ON EMPLOYEES MAKING

3   DECISIONS REGARDING WHAT IS RESPONSIVE OR

4   WHAT SHOULD BE COLLECTED OR PRESERVED.

5        Q.    OKAY.  WE'LL COME BACK TO

6   THAT.

7             DO YOU AGREE THAT COMPLETE OR

8   BROAD CESSATION OF A PARTY'S ROUTINE

9   COMPUTER OPERATIONS COULD PARALYZE A

10  COMPANY'S ACTIVITIES?

11       A.    CAN YOU REPEAT THAT?

12  CESSATION OF?

13       Q.    COMPLETE OR BROAD CESSATION OF

14  A PARTY'S ROUTINE COMPUTER OPERATIONS

15  COULD PARALYZE THE PARTY'S ACTIVITIES?

16       A.    I THINK THAT'S POSSIBLE.

17             MR. RENARD:  OBJECTION TO

18       FORM.

19       Q.    YOU SAID IT'S POSSIBLE?

20       A.    IT'S A VAGUE STATEMENT.

21       Q.    IT'S VAGUE?

22       A.    YES, BUT --

23       Q.    BUT POSSIBLE?

24       A.    AGAIN, I DON'T KNOW WHAT IT'S

25  EXACTLY REFERRING TO.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 151

1          Q.     OKAY. DO YOU AGREE THAT UNDER

2     THE FEDERAL RULES THEY ONLY REQUIRE

3     REASONABLE PRESERVATION STEPS?

4               MR. RENARD:  OBJECTION, FORM.

5          A.     THAT'S ONE REQUIREMENT.

6          Q.     IN TERMS OF THE STANDARD FOR

7     THE STEPS THAT A COMPANY MUST TAKE UNDER

8     THE FEDERAL RULES TO PRESERVE RELEVANT

9     ESI, ISN'T THE STANDARD REASONABLENESS?

10               MR. RENARD:  OBJECTION, FORM.

11          A.     I BELIEVE SO.

12          Q.     AND THE FEDERAL RULES DON'T

13     CALL FOR PERFECTION IN PRESERVING ALL

14     RELEVANT ESI, DO THEY?

15               MR. RENARD:  SAME OBJECTION.

16          A.     THAT'S CORRECT.

17          Q.     IN FACT, THAT KIND OF

18     PERFECTION IS OFTEN IMPOSSIBLE, TRUE?

19          A.     PERFECTION IS OFTEN

20     IMPOSSIBLE, THAT'S CORRECT.

21          Q.     AND THE RULE REQUIRES

22     REASONABLE STEPS TO PRESERVE ALL RELEVANT

23     ESI, TRUE?

24               MR. RENARD:  SAME OBJECTION.

25          A.     THAT'S MY UNDERSTANDING.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 152

1        Q.    LET'S SWITCH GEARS AND TALK
2    ABOUT WHEN IN YOUR VIEW GOOGLE SHOULD
3    HAVE REASONABLY ANTICIPATED THE CLAIMS
4    THAT ARE BEING BROUGHT HERE. AND BEFORE I
5    GO ANY FURTHER, ARE YOU GENERALLY
6    FAMILIAR WITH THE CLAIMS IN THIS LAWSUIT?
7        A.    YES.
8        Q.    WHAT DID YOU READ TO
9    FAMILIARIZE YOURSELF WITH THE CLAIMS?
10        A.    I READ THE COMPLAINT, THE
11    COMPLAINT IN THE CASE AND DEPOSITION
12    TRANSCRIPTS.
13        Q.    ANYTHING ELSE?
14        A.    EMAILS AND CHATS SURROUNDING
15    THE ISSUES AS WELL.  I LEARNED ABOUT THE
16    CASE FROM THE COMPLAINT, THE DEPOSITION
17    TRANSCRIPTS.
18        Q.    SORRY. THE CHATS THAT YOU
19    EXCERPT AND TALK ABOUT IN YOUR REPORT,
20    WERE THOSE PROVIDED TO YOU?
21            MR. RENARD:  OBJECTION, FORM.
22        A.    NO. I MEAN, MANY CHATS WERE
23    MADE AVAILABLE TO ME. I ALSO HAD ACCESS
24    TO ALL CHATS AND DOCUMENTS THAT HAVE BEEN
25    PRODUCED IN THIS CASE.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 153

1      Q.    OKAY. SO DID YOU, LIKE, RUN

2   SEARCHES IN A DATABASE TO COME UP WITH

3   THE EXAMPLES THAT YOU INCLUDED IN YOUR

4   REPORT OR WAS THAT SET PROVIDED TO YOU?

5      A.    I DID RUN SEARCHES IN THE

6   DATABASE.

7      Q.    WAS A SET ALSO PROVIDED TO YOU

8   OF HERE ARE CHATS SHOWING SPOLIATION OR

9   SOMETHING TO THOSE -- TO THAT EFFECT?

10     A.    YEAH.  I WAS -- AGAIN, IN THE

11  APPENDIX TO MY REPORT I LIST ALL THE

12  DOCUMENTS THAT HAD BEEN EITHER PROVIDED

13  TO ME OR THAT I HAD SEARCHED AND FOUND. I

14  DON'T KNOW THE COMBINATION OF WHICH ONES

15  I FOUND AND WHICH ONES WERE, YOU KNOW,

16  PROVIDED TO ME AS DOCUMENTS THAT WERE

17  PRODUCED IN THIS CASE.

18     Q.    OKAY. PAGE 31 OF YOUR REPORT

19  THERE IS A HEADING ABOUT MR. MALKIEWICZ'S

20  OPINION THAT YOU'RE STATING YOU ARE

21  REBUTTING. I'M LOOKING AT ROMAN NUMERAL

22  XV. YOU REFERENCE AN OPINION BY HIM THAT

23  "GOOGLE PLACED CUSTODIANS, MORE THAN THE

24  AGREED UPON LIST, ON TIMELY, SUFFICIENT

25  LITIGATION HOLDS."  AND THEN YOUR OPINION

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 154

1    IS THAT HE'S INCORRECT. DO YOU SEE THAT?

2         A.    GIVE ME ONE SECOND. IT'S 103

3    YOU ARE REFERRING TO?

4         Q.    YES. WHAT I JUST READ WAS A

5    HEADER ABOVE IT BUT YES --

6         A.    OKAY.

7         Q.    -- YOU CAN LOOK AT 103. ARE

8    YOU READY FOR MY QUESTION?

9         A.    YES.

10        Q.    IS THIS ANOTHER EXAMPLE OF YOU

11   GLEANING FROM MR. MALKIEWICZ'S REPORT HE

12   MAY THINK SOMETHING OR IS THIS A SPECIFIC

13   OPINION THAT HE ACTUALLY HAD, THAT THE

14   LITIGATION HOLDS WERE TIMELY AND

15   SUFFICIENT?

16             MR. RENARD:  OBJECTION TO

17        FORM.

18        Q.    LET'S DO IT THIS WAY, THE

19   FOOTNOTE -- THE ONLY REFERENCE YOU HAVE

20   HERE IN THIS SECTION TO MR. MALKIEWICZ'S

21   REPORT IS FOOTNOTE 72, RIGHT, SIR?

22        A.    YES, YES.

23        Q.    AND IN FOOTNOTE 72 YOU CITE TO

24   HIS PARAGRAPHS 20 AND 21, RIGHT? I'M

25   SORRY, 20 AND 31.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 155

1      A.    THAT'S CORRECT.

2      Q.    LET'S LOOK AT HIS PARAGRAPH

3   20, SO HIS REPORT EXHIBIT 5. HIS

4   PARAGRAPH 20 SAYS NOTHING TO DO ABOUT THE

5   TIMELINESS OF HOLDS, DOES IT?

6           MR. RENARD:  OBJECTION TO

7       FORM.

8      A.    MR. MALKIEWICZ'S OPINIONS,

9   INCLUDING IN PARAGRAPH 20 AND OTHER

10  PARAGRAPHS, ALL ASSUME THAT LITIGATION

11  HOLDS WERE PUT IN PLACE AND -- AND WERE

12  EFFECTIVE, THEREFORE, TIMELY AND

13  SUFFICIENT.

14          MS. NAJAM:  I'LL OBJECT AS

15      NONRESPONSIVE.

16     Q.    WE WERE LOOKING AT PARAGRAPH

17  20, ONE OF THE TWO PARAGRAPHS YOU CITED

18  FOR HIS ALLEGED OPINION THAT THE HOLDS

19  WERE TIMELY AND SUFFICIENT.

20          DOES PARAGRAPH 20 HAVE

21  ANYTHING TO DO WITH THE TIMELINESS OF

22  GOOGLE'S HOLDS?

23          MR. RENARD:  OBJECTION TO THE

24      PREFATORY STATEMENT.

25     A.    I THINK IT'S RELATED TO HIS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 156

1    OPINION BUT, YOU KNOW, AGAIN, THIS

2    OPINION IS THROUGHOUT HIS REPORT AND, YOU

3    KNOW, IS PART OF ALL OF HIS OPINIONS. IF

4    YOU GO TO PARAGRAPH 59, IN THAT PARAGRAPH

5    HE GETS INTO -- I WAS GOING TOO FAST.

6            ON PAGE 22 OF MR. MALKIEWICZ'S

7    REPORT THERE IS A DISCUSSION THERE AS

8    WELL OF INSTRUCTIONS TO RETAIN PURSUANT

9    TO LITIGATION HOLDS.

10       Q.    MR. GRANDE, MY QUESTION WASN'T

11   -- I WILL GET THERE. MY QUESTION WASN'T

12   HAVING TO DO WITH ANY PARAGRAPH OTHER

13   THAN 20. CAN YOU PLEASE GO BACK TO IT?

14           THE QUESTION WAS, IN PARAGRAPH

15   20 MR. MALKIEWICZ DOES NOT OPINE ABOUT

16   THE TIMELINESS OF GOOGLE'S HOLDS, DOES

17   HE?

18       A.    NOT SPECIFICALLY IN THAT

19   PARAGRAPH.

20       Q.    ALSO IN THAT PARAGRAPH HE

21   DOESN'T TALK ABOUT HOW SUFFICIENT THE

22   HOLDS WERE, DOES HE?

23       A.    IT'S NOT DISCUSSED

24   SPECIFICALLY IN THIS PARAGRAPH.

25   ALTHOUGH, HE DOES STATE THAT, YOU KNOW,

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 157

1   HE INDICATES THE NUMBER OF EMPLOYEES THAT

2   WERE PLACED ON LITIGATION HOLD AT THAT

3   TIME.

4        Q.    OKAY. I DIDN'T ASK ABOUT THAT.

5        A.    YEAH.

6        Q.    LET'S GO TO THE NEXT PARAGRAPH

7   THAT YOU CITE IN YOUR REPORT, 31. IT'S ON

8   PAGE 14 OF MR. MALKIEWICZ'S REPORT.  YOU

9   CITE THIS AS HIM OPINING ABOUT THE

10  TIMELINESS AND SUFFICIENCY OF HOLDS.

11  AGAIN, THIS PARAGRAPH CONTAINS NO SUCH

12  OPINIONS, DOES IT, SIR?

13       A.    IN ORDER TO MAKE THE

14  CONCLUSIONS THAT MR. MALKIEWICZ DOES MAKE

15  IN PARAGRAPH 31 AND IN OTHER PARTS OF HIS

16  REPORT, HE DID HAVE -- HE DID ASSUME AS

17  PART OF HIS STATEMENT THERE THAT

18  LITIGATION HOLDS HAD BEEN TIMELY AND

19  SUFFICIENT.

20       Q.    DID HE EVER USE THE WORD

21  "TIMELY HOLD", HOLDS WERE "TIMELY"?

22       A.    HE DIDN'T INCLUDE ANY SPECIFIC

23  LANGUAGE, BUT THAT'S NOT SURPRISING THEY

24  WOULDN'T SAY THAT SPECIFICALLY.

25       Q.    IT'S NOT SURPRISING BECAUSE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 158

1   HE'S NOT A LAWYER, RIGHT?

2           MR. RENARD:   OBJECTION TO

3       FORM.

4       A.    I CAN'T SAY. THAT'S NOT WHY --

5   THAT'S NOT A RELEVANT FACT HERE.

6       Q.    LET'S BACK UP A MINUTE. DID

7   YOU READ MR. MALKIEWICZ'S ACTUAL

8   QUALIFICATIONS, LIKE AS SHOWN IN HIS CV

9   INCLUDED IN HIS REPORT?

10      A.    YES.

11      Q.    HE'S A STATISTICS DATA

12  ANALYTICS EXPERT.  YOU SAW THAT, RIGHT?

13      A.    YES.

14      Q.    AND HE, YOU SAW FROM HIS

15  REPORT, WAS HIRED -- SORRY -- WAS ENGAGED

16  TO REBUT THE OPINIONS OF PROFESSOR

17  HOCHSTETLER, RIGHT?

18      A.    YES, THAT'S IN MY

19  UNDERSTANDING.

20      Q.    AND YOU READ PROFESSOR

21  HOCHSTETLER'S REPORTS IN THIS CASE HAVING

22  TO DO WITH CHAT MESSAGES, RIGHT?

23      A.    YES.

24      Q.    AND MR. HOCHSTETLER, HE'S A

25  COMPUTER SCIENCE EXPERT, RIGHT?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 159

1          A.     THAT'S MY UNDERSTANDING.

2          Q.     SO BACK TO WHAT MR. MALKIEWICZ

3    ACTUALLY OPINED, I'M NOT TALKING ABOUT

4    THINGS THAT YOU THINK HE MAY HAVE FOUND,

5    WHAT HE ACTUALLY OPINED, HE NEVER OPINED

6    THAT I HAVE REVIEWED THE LITIGATION HOLDS

7    IN THIS CASE AND THEY WERE SUFFICIENT, HE

8    DIDN'T OPINE THAT, DID HE?

9               MR. RENARD:  OBJECTION, FORM.

10         A.     MANY OF MR. MALKIEWICZ'S

11   OPINIONS, INCLUDING THE ONE YOU'RE

12   REFERENCING, DO HAVE HIS INTERPRETATION

13   OF LITIGATION HOLDS THROUGHOUT HIS

14   REPORT. AND AS I -- YES.

15         Q.     "YES", WHAT?

16         A.     THAT WAS THE END OF MY

17   QUESTION.

18         Q.     I'M NOT SAYING DID HE TALK

19   ABOUT HOLDS. I'LL ASK MY QUESTION AGAIN.

20              DID MR. MALKIEWICZ FORM AN

21   OPINION IN THIS CASE THAT THE LITIGATION

22   HOLDS ISSUED BY GOOGLE WERE SUFFICIENT

23   UNDER ANY LEGAL STANDARD?

24              MR. RENARD:  OBJECTION TO

25         FORM.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 160

1          A.    MR. MALKIEWICZ'S OPINIONS

2    ALL -- YOU KNOW, ALL HAD -- YOU KNOW,

3    WERE BASED ON HIS ASSUMPTION, CONCLUSION

4    THAT LITIGATION HOLDS WERE TIMELY AND

5    SUFFICIENT.  THAT, YOU KNOW, HE DOESN'T

6    STATE THAT BUT THAT'S -- HE, YOU KNOW,

7    THE OPINIONS HE MAKES ARE RELYING ON THAT

8    BEING THE CASE.

9          Q.    HE DOESN'T STATE IT BUT IT IS

10   YOUR OPINION THAT IS BETWEEN HIS LINES

11   SOMEWHERE?  IS THAT AN ACCURATE RECAP?

12         A.    NO.

13               MR. RENARD:  OBJECTION TO

14         FORM.

15         Q.    HE DOESN'T STATE IT BUT IT'S

16   YOUR VIEW THEY MUST HAVE ASSUMED IT; IS

17   THAT MORE ACCURATE?

18         A.    NO.  I THINK ANYONE IN MY

19   PLACE WOULD SEE THAT HE'S MAKING CALLS

20   WITH REGARD TO THAT ISSUE, YOU KNOW,

21   WHETHER -- WHETHER LITIGATION HOLDS WERE

22   TIMELY AND SUFFICIENT. THAT'S -- THAT IS

23   WITHIN PART OF THE OPINIONS THAT HE

24   PROVIDES REQUIRE HIM TO MAKE THAT

25   CONCLUSION.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 161

1          Q.     LET'S GET BACK TO YOUR
2    OPINIONS, WHETHER THEY'RE RESPONSIVE TO
3    HIS OR NOT. YOUR OPINION IS THAT A
4    LITIGATION HOLD SHOULD BE IMPLEMENTED
5    WHEN AN ENTITY CREDIBLY CONCLUDES OR
6    SHOULD HAVE CONCLUDED THAT A LITIGATION
7    OR GOVERNMENT INQUIRY IS PROBABLE; IS
8    THAT CORRECT?
9                  MR. RENARD:  OBJECTION TO THE
10         FORM OF THE QUESTION.
11         A.     CAN YOU DIRECT ME TO WHICH WAY
12   YOU'RE REFERENCING?
13         Q.     DO YOU NEED TO GO TO YOUR
14   REPORT TO KNOW IF THAT'S YOUR OPINION?
15         A.     I WOULD LIKE TO SEE WHERE IN
16   MY REPORT THAT IS.
17         Q.     YOU CAN GO TO PARAGRAPH 31,
18   PAGE 105.
19         A.     YES. CAN YOU REPEAT YOUR
20   QUESTION?
21         Q.     NO, I'LL MOVE ON.
22                DOES IT MATTER TO YOU WHAT
23   KINDS OF CLAIMS A PARTICULAR EVENT CAUSES
24   THE COMPANY TO REASONABLY ANTICIPATE?
25                MR. RENARD:  OBJECTION TO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 162

1      FORM.

2      A.    CAN YOU REPHRASE YOUR

3  QUESTION?

4      Q.    I CAN REPEAT IT. WAS THERE

5  SOMETHING CONFUSING IN IT?

6      A.    IF YOU REPEAT IT?  COULD YOU

7  REPEAT IT?

8      Q.    SURE. DOES IT MATTER TO YOU

9  WHAT KINDS OF CLAIMS A PARTICULAR EVENT

10  CAUSES THE COMPANY TO REASONABLY

11  ANTICIPATE?

12         MR. RENARD:  SAME OBJECTION.

13      A.    YEAH, THE QUESTION ISN'T CLEAR

14  TO ME.

15      Q.    ITS UNCLEAR TO YOU.  DO YOU

16  AGREE OR DISAGREE WITH THE FOLLOWING

17  STATEMENT: A DUTY TO PRESERVE EVIDENCE

18  ARISES ONLY WHEN A PARTY KNOWS OR

19  REASONABLY SHOULD KNOW THERE IS A

20  SUBSTANTIAL CHANCE THE CLAIM WILL BE

21  FILED AND THE EVIDENCE IN ITS POSSESSION

22  WILL BE POTENTIALLY RELEVANT TO THAT

23  CLAIM.

24         MR. RENARD:  OBJECTION, FORM.

25      A.    THAT IS A LONG QUESTION. CAN

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 163

1    YOU PLEASE REPEAT IT?

2         Q.    IN TERMS OF THE EVIDENCE THAT

3    A COMPANY HAS A DUTY TO PRESERVE --

4         A.    YES.

5         Q.    -- THAT DUTY ARISES ONLY WHEN

6    THE PARTY KNOWS OR REASONABLY SHOULD KNOW

7    THERE IS A SUBSTANTIAL CHANCE THAT A

8    CLAIM WILL BE FILED AND THAT THAT

9    EVIDENCE WILL BE POTENTIALLY RELEVANT TO

10   THAT CLAIM, TRUE?

11              MR. RENARD:  SAME OBJECTION.

12        Q.    IF I TOLD YOU THAT WAS A QUOTE

13   FROM THE ENRON LITIGATION IN THE FIFTH

14   CIRCUIT IN 2010, DOES IT HELP YOU ANSWER

15   THE QUESTION?

16              MR. RENARD:  OBJECTION TO

17        FORM.

18        A.    AGAIN, I'M NOT HERE TO PROVIDE

19   LEGAL OPINIONS. THAT'S GETTING INTO WHAT

20   PRECEDENT IS.

21              I CAN TELL YOU WHAT I BELIEVE

22   IS REASONABLE WITH REGARD TO THE

23   IMPLEMENTATION OF LEGAL HOLDS.

24        Q.    TO THE EXTENT YOU HAVE OFFERED

25   LEGAL OPINIONS IN YOUR REPORT YOU WANT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 164

1   THE COURT TO SET THOSE ASIDE, RIGHT?

2        A.    I HAVE NOT ISSUED --

3             MR. RENARD:  LET'S HAVE ANSWER

4        AND QUESTION SEPARATE. AND I HAVE

5        AN OBJECTION TO THE FORM OF THE

6        QUESTION.

7        A.    I HAVE NOT PROVIDED LEGAL

8   OPINIONS IN MY REPORT.

9        Q.    I GET THAT THAT'S YOUR VIEW.

10  TO THE EXTENT YOU ARE REALLY PROVIDING A

11  LEGAL OPINION, THE COURT SHOULD NOT

12  ENTERTAIN THAT, RIGHT?

13            MR. RENARD:  I OBJECT TO THE

14       PREFATORY SENTENCE AND I OBJECT TO

15       THE QUESTION ON THE BASIS OF FORM.

16            MS. NAJAM:  OBJECTION,

17       SIDEBAR, OBJECTION FORM WILL DO.  I

18       DON'T KNOW IF THIS IS A TIME-EATING

19       TACTIC.

20            MR. RENARD:  WE'LL CALL IT

21       SIDEBAR.  WE'LL KEEP IT SHORTER.

22       A.    AGAIN, I DO NOT BELIEVE I

23  ISSUE, YOU KNOW, LEGAL OPINIONS IN MY

24  REPORT.

25       Q.    THAT WOULD BE IMPROPER IF YOU

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 165

1    DID, RIGHT?

2            MR. RENARD:  OBJECTION TO

3        FORM.

4        A.    WHETHER IT'S IMPROPER OR NOT,

5    I AM NOT ISSUING LEGAL OPINIONS, I'M

6    GIVING OPINIONS IN MY CAPACITY AS AN

7    EDISCOVERY PROFESSIONAL AND NOT AS A

8    LAWYER.

9        Q.    YOU'RE CITING CASE LAW IN YOUR

10   REPORT, RIGHT?

11           MR. RENARD:  OBJECTION, FORM.

12       A.    CASE LAW INFORMS A LOT OF

13   EDISCOVERY DETERMINATIONS THAT ARE

14   FOLLOWED NOT JUST BY ATTORNEYS BUT

15   EDISCOVERY PRACTITIONERS AND CONSULTANTS.

16           MS. NAJAM:  OBJECT AS

17       NONRESPONSIVE.

18       Q.    I'M GOING TO ASK YOU PLEASE

19   LISTEN TO MY QUESTIONS AND TRY TO ANSWER

20   THEM. SOME OF THEM REALLY ARE JUST

21   YES/NO.

22           DO YOU CITE TO CASE LAW IN

23   YOUR REPORT?

24       A.    YES.

25           MR. RENARD:  OBJECTION TO THE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 166

1          FORM OF THE QUESTION. I THINK IT

2          WAS ASKED IN THE FIRST HOUR.

3              WE'VE ALSO BEEN GOING A LITTLE

4          BIT MORE THAN AN HOUR.  WHENEVER

5          YOU ARE AT A CONVENIENT BREAKING

6          POINT.

7              MS. NAJAM:  SURE.

8      Q.    WHEN AN EVENT HAPPENS ISN'T IT

9  OFTEN THE CASE THAT THAT EVENT PROVIDES

10 ONLY LIMITED INFORMATION ABOUT THE

11 PERSPECTIVE LITIGATION SO THE SCOPE OF

12 THE INFORMATION THAT SHOULD BE PRESERVED

13 REMAINS UNCERTAIN?

14             MR. RENARD:  OBJECTION, FORM.

15     A.    I THINK THAT STATEMENT WOULD

16 DEPEND ON THE PARTICULAR CASE INVOLVED.

17     Q.    SO DEPENDING ON THE

18 CIRCUMSTANCES IT'S TRUE THAT AN EVENT CAN

19 PROVIDE LIMITED INFORMATION SUCH THAT THE

20 PARTY TRYING TO FIGURE OUT WHAT SHOULD I

21 PRESERVE IS SOMETIMES UNCERTAIN, RIGHT?

22     A.    IT COULD BE UNCERTAIN.

23     Q.    AND IT'S IMPORTANT NOT TO BE

24 BLINDED TO THIS REALITY BY HINDSIGHT THAT

25 IS ARISING FROM THE FAMILIARITY WITH AN

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 167

1    ACTION ONCE IT IS FILED; ISN'T THAT

2    RIGHT, SIR?

3                MR. RENARD:  OBJECTION TO

4         FORM.

5         A.    I DON'T KNOW THAT I CAN ANSWER

6    THAT QUESTION WITHOUT KNOWING MORE ABOUT,

7    YOU KNOW -- CAN YOU REPEAT YOUR QUESTION?

8    IT WAS A LITTLE --

9                MS. NAJAM:  LET ME JUST MARK

10        ONE MORE EXHIBIT BEFORE WE BREAK.

11        IT'S EXHIBIT 8.

12             (GRANDE EXHIBIT 8, COPY OF

13        FEDERAL RULE OF PROCEDURE 37, WAS

14        RECEIVED AND MARKED ON THIS DATE

15        FOR IDENTIFICATION.)

16        Q.    YOU ASKED EARLIER FOR A COPY

17   OF FEDERAL RULE OF PROCEDURE 37, AND SO

18   I'M HANDING THAT TO YOU. SIR, THIS RULE,

19   AT LEAST -- SORRY -- RULE 37, PART (E),

20   THAT IS A RULE THAT YOU ACTUALLY RELIED

21   ON IN FORMING YOUR OPINIONS IN THIS CASE,

22   RIGHT?

23        A.    I DO CITE TO IT.

24        Q.    YOU DON'T JUST CITE TO IT,

25   IT'S SOMETHING THAT YOU SPECIFICALLY

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 168

1  REPRESENTED YOU ARE RELYING ON IN YOUR

2  APPENDIX B; ISN'T THAT TRUE?

3          MR. RENARD:  OBJECTION, FORM.

4     A.     APPENDIX B INCLUDES ALL

5  DOCUMENTS THAT I HAVE CITED TO IN MY

6  REPORT AS WELL.  SO YES, THEY WERE RELIED

7  UPON BUT THAT'S EVERYTHING THAT WAS

8  CITED.

9       Q.    I'LL ASK MY QUESTION AGAIN.

10  ISN'T IT TRUE THAT FRCP 37(E), IN

11  PARTICULAR THE ADVISORY COMMITTEE NOTE TO

12  THE 2015 AMENDMENT IS A DOCUMENT THAT YOU

13  RELIED ON IN FORMING YOUR OPINIONS?

14      A.    THAT'S TRUE.

15      Q.    OKAY. SO LET'S LOOK AT THE

16  ADVISORY COMMITTEE NOTE TO THE 2015

17  AMENDMENT. ON THIS WESTLAW PRINTOUT IT

18  STARTS ON PAGE 13. IN THE SECOND FROM

19  LAST PARAGRAPH, FOURTH SENTENCE IT READS

20  WHAT I PREVIOUSLY ASKED YOU, "OFTEN THESE

21  EVENTS PROVIDE ONLY LIMITED INFORMATION

22  ABOUT THAT PERSPECTIVE LITIGATION."

23      A.    SORRY WHICH PARAGRAPH?

24      Q.    SECOND TO LAST PARAGRAPH, THE

25  SENTENCE STARTING "OFTEN".

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 169

1       A.    WHICH LINE IS THAT?

2       Q.    OKAY. SO LET'S DO THIS. SECOND

3  TO LAST PARAGRAPH --

4       A.    ON THE PAGE OR IN THE SECTION?

5       Q.    ON THE PAGE.

6       A.    OKAY.

7       Q.    I'M GOING TO READ THE LAST

8  SENTENCE.

9       A.    YES.

10      Q.    "IT IS IMPORTANT NOT TO BE

11 BLINDED TO THIS REALITY BY HINDSIGHT

12 ARISING FROM FAMILIARITY WITH AN ACTION

13 AS IT IS ACTUALLY FILED." DO YOU SEE

14 WHERE I READ THAT?

15      A.    I DON'T, ACTUALLY. SORRY.

16      Q.    ARE YOU ON PAGE 13?

17      A.    NO, PAGE 14.

18      Q.    I TAKE IT YOU ARE NOT GOING TO

19 DISAGREE WITH THE ADVISORY COMMITTEE'S

20 NOTES TO THE 2015 AMENDMENT TO 37(E), ARE

21 YOU, SIR?

22      A.    NO, I DIDN'T.

23      Q.    OKAY. AND JUST SO OUR ULTIMATE

24 AUDIENCE UNDERSTANDS, WHO PUTS OUT THE

25 FEDERAL RULES OF CIVIL PROCEDURE?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 170

1          MR. RENARD:  OBJECTION TO

2     FORM.

3          A.   I THINK IT'S A FEDERAL RULES

4  COMMITTEE IN THE FEDERAL JUDICIARY.

5          Q.   AND WHO APPOINTS THE MEMBERS

6  OF THE COMMITTEE THAT PROMULGATES THE

7  FEDERAL RULES OF CIVIL PROCEDURE?

8          MR. RENARD:  OBJECTION TO

9     FORM.

10         A.   I'M NOT SURE HOW THEY'RE

11 ASSIGNED. IT'S THE COURT SYSTEM.

12         Q.   CAN WE TRUST THAT THE NOTES TO

13 THE 2015 AMENDMENT WILL ACCURATELY RELAY

14 THE INTENT BEHIND THE RULE CHANGES THAT

15 TOOK PLACE THAT YEAR?

16         MR. RENARD:  OBJECTION, FORM.

17         A.   IN THE COMMENTARY IT'S

18 PUBLISHED WITH THE RULES, IT'S NOT THE

19 RULES BUT IT'S SUPPORT FOR THE RULES.

20         Q.   IT EXPLAINS THE RULES, RIGHT?

21         MR. RENARD:  OBJECT TO FORM.

22         A.   TO AN EXTENT.

23         Q.   DO YOU DISAGREE WITH ANYTHING

24 THAT IS INCLUDED IN THE ADVISORY

25 COMMITTEE'S COMMENTARY TO THE 2015

Page 171

1   AMENDMENT PERTAINING TO PART (E)? AND I

2   DON'T WANT TO BURN 30 MINUTES WITH YOU

3   READING IT ON THE RECORD.

4          THIS IS SOMETHING YOU ARE

5   FAMILIAR WITH BEFORE WALKING IN TODAY'S

6   DEPOSITION, ISN'T IT, SIR?

7   A.    I THINK BASED ON YOUR

8   QUESTION, I SHOULD READ IT.

9   Q.    IT'S A NEW QUESTION. WALKING

10  INTO THIS DEPOSITION YOU HAD ALREADY MADE

11  YOURSELF FAMILIAR WITH THE ADVISORY

12  COMMITTEE NOTES THAT WE'RE LOOKING AT NOW

13  THAT START ON PAGE 13, RIGHT, SIR?

14  A.    YES.

15  Q.    LET ME ASK YOU THIS, BASED ON

16  YOUR UNDERSTANDING OF THE RULE AND YOUR

17  INDUSTRY STANDARD YOU'RE DRAWING ON -- I

18  WANT TO GIVE YOU A HYPOTHETICAL.

19         SO IF I OWN A RESTAURANT AND I

20  ANTICIPATE A GOVERNMENT INVESTIGATION

21  INTO AN ALLEGED CONSPIRACY WITH THE

22  RESTAURANT DOWN THE STREET FOR PRICE

23  FIXING THE HOT DOGS THAT I SELL, DOES

24  THAT MEAN I SHOULD REASONABLY ANTICIPATE

25  A CLAIM THAT MY HOT DOGS TRANSMITS

Page 172

1    SALMONELLA?

2              MR. RENARD:  OBJECTION, FORM.

3         A.    TO THAT HYPOTHETICAL, NO.

4         Q.    DO I NEED TO AUTOMATICALLY

5    SUSPEND ANY AUTO DELETION FOR EVERY

6    DOCUMENT ABOUT HOT DOGS?

7              MR. RENARD:  SAME OBJECTION.

8         A.    CAN YOU REPEAT THE ORIGINAL

9    PREMISE OF THE HYPO?

10        Q.    SURE.  I OWN A RESTAURANT AND

11   I RECEIVE A NOTICE THAT I MAY BE THE

12   SUBJECT OF AN INVESTIGATION FOR PRICE

13   FIXING HOT DOGS, A CONSPIRACY WITH A

14   COMPETITOR RESTAURANT, THAT'S THE

15   HYPOTHETICAL. DO I NOW NEED TO SUSPEND

16   ANY AUTO DELETION THAT'S ALREADY

17   OCCURRING FOR ALL ELECTRONIC DOCUMENTS

18   ABOUT HOT DOGS?

19        A.    NO.

20        Q.    WHICH ONES?

21             MR. RENARD:  OBJECTION, FORM.

22        Q.    I APOLOGIZE FOR THE SILLY

23   HYPOTHETICAL BUT IN MY HYPOTHETICAL WHAT

24   KINDS OF AUTO DELETION MUST I SUSPEND?

25             MR. RENARD:  SAME OBJECTION.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 173

1      A.    AGAIN, UNDER YOUR

2   HYPOTHETICAL, A LITIGATION HOLD --

3   THERE'S A LOT OF INFORMATION THAT IS NOT

4   THERE. SO BUT A LITIGATION HOLD WOULD

5   NEED TO BE PUT IN PLACE AND DATA WOULD

6   NEED TO BE PRESERVED AND, YOU KNOW -- AND

7   IT WOULD -- YOU HAVE TO DETERMINE WHERE

8   THE -- YOU KNOW, HOW PARTIES COMMUNICATED

9   IN THE RESTAURANT. THERE ARE A LOT OF

10  QUESTIONS FIRST YOU'D HAVE TO ASK BEFORE

11  GETTING TO ANY RETENTION OF OR ANY --

12  YOU'D HAVE TO GET THE INFORMATION FIRST.

13      Q.    SURE. BUT THE PUNCHLINE THERE

14  IS IF YOU ARE TRYING TO FIGURE OUT, FOR

15  EXAMPLE, WHAT KIND OF AUTO DELETION NEEDS

16  TO BE SUSPENDED FOR WHAT KINDS OF

17  COMMUNICATION, SOMEBODY NEEDS TO MAKE A

18  REASONABLE DETERMINATION ON THE KINDS OF

19  COMMUNICATIONS, NOT JUST ABOUT HOT DOGS,

20  BUT THAT MAY RELATE TO THE PRICE FIXING

21  CONSPIRACY POTENTIAL INVESTIGATION,

22  RIGHT?

23      A.    THE LITIGATION HOLD WOULD HAVE

24  TO DETERMINE THE SCOPE OF WHAT IS BEING

25  PRESERVED.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 174

1          Q.    BASED ON WHAT IS REASONABLY

2     ANTICIPATED GIVEN THE EVENT THAT'S

3     PUTTING YOU ON NOTICE, ACCURATE?

4          A.    THAT'S FAIR.

5          Q.    AND SO WHEN YOU LOOK AT PAGE

6     32 OF YOUR REPORT -- AND I PROMISE WE'LL

7     BREAK SOON -- STARTING ON PARAGRAPH 106

8     --

9          A.    PAGE 32. OKAY.

10          Q.    OF YOUR REPORT, EXHIBIT 1. IS

11     YOUR BIG PICTURE POINT THAT ALL THESE

12     EVENTS, A THROUGH K, THAT THEY'RE EVENTS

13     THAT SHOULD HAVE PUT GOOGLE ON NOTICE OF

14     POTENTIAL LITIGATION RELATED TO THEIR

15     ACQUISITIONS IN THE DISPLAY ADS BUSINESS?

16               MR. RENARD:  OBJECTION, FORM.

17          A.    THESE ARE JUST -- THESE ARE

18     NOT ALL OF THE POTENTIAL EMAILS BUT THIS

19     IS A LIST OF SOME EMAILS WHERE I BELIEVE

20     A DUTY TO PRESERVE DOCUMENTS WOULD HAVE

21     BEEN TRIGGERED.  AND -- AND YOUR

22     QUESTION, CAN YOU REPEAT YOUR QUESTION,

23     THOUGH, JUST TO MAKE SURE I'M ANSWERING

24     IT?

25          Q.    SURE. IN TERMS OF THE DUTY TO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 175

```
 1   PRESERVE DOCUMENTS BEING TRIGGERED, THESE
 2   LISTED EVENTS YOU HAVE HERE, SHOULD
 3   GOOGLE HAVE ANTICIPATED LITIGATION
 4   RELATED TO THEIR ACQUISITIONS IN THE
 5   DISPLAY AD BUSINESS?
 6        A.    I BELIEVE A DUTY TO PRESERVE
 7   WOULD HAVE BEEN -- OR LITIGATION HOLD
 8   WOULD HAVE BEEN TRIGGERED AS EARLY AS
 9   THEIR ACQUISITIONS IN THE DISPLAY AD
10   BUSINESS, THAT'S CORRECT.
11        Q.    NO, THAT'S NOT MY QUESTION.
12   I'M TRYING TO FIGURE OUT IF YOU HAVE AN
13   OPINION ON THE SCOPE OF NOTICE. SO LET'S
14   PUT ASIDE THE DATES I THINK AS EARLY AS
15   '06, AS LATE AS '13, PUT THAT TO THE
16   SIDE.
17             I'M TRYING TO UNDERSTAND IN
18   YOUR OPINION WHAT WAS GOOGLE -- WHAT
19   SHOULD GOOGLE HAVE ANTICIPATED A
20   LITIGATION ABOUT? IS IT LITIGATION ABOUT
21   THE ACQUISITIONS IN THE DISPLAY AD
22   BUSINESS?
23        A.    THAT'S ONE OF THE AREAS, YES.
24        Q.    WHAT OTHER AREAS?
25        A.    INVESTIGATIONS REGARDING THE
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 176

1   DISPLAY AD BUSINESS AND THE AD TECH

2   PRACTICE, IN GENERAL.

3        Q.    OKAY. SO YOUR OPINION IS THAT

4   EACH ONE OF THESE THINGS WOULD HAVE PUT

5   GOOGLE ON NOTICE OF INVESTIGATIONS INTO

6   AN ENTIRE BUSINESS, PERIOD?

7             MR. RENARD:   OBJECTION TO

8        FORM.

9        A.    THE ENTIRE BUSINESS OF DISPLAY

10  ADS, YES, THAT WAS AT GOOGLE.

11       Q.    SO THAT'S NOT WHAT PARAGRAPH

12  106 SAYS, RIGHT? YOUR SECOND SENTENCE YOU

13  SAY, "IT IS IN MY OPINION THAT GOOGLE WAS

14  AWARE OF AND ANTICIPATED LITIGATIONS AND

15  GOVERNMENT INVESTIGATIONS RELATED TO

16  THEIR ACQUISITIONS IN THE DISPLAY AD

17  BUSINESS", AND THEN YOU HAVE SOME DATES.

18  DID I READ THAT CORRECTLY?

19       A.    YES, THAT'S CORRECT.

20       Q.    ARE YOU NOW EXPANDING THAT TO

21  INCLUDE JUST ANYTHING IN THE DISPLAY AD

22  BUSINESS?

23       A.    THEIR ACQUISITIONS IN THE

24  DISPLAY AD BUSINESS, THAT'S THEIR DISPLAY

25  AD BUSINESS.  SO WHEN YOU ARE ACQUIRING

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 177

1    COMPANIES AS PART OF YOUR BUSINESS THAT

2    -- THERE SHOULD HAVE BEEN A -- YES, THAT

3    THAT'S RELATED TO THEIR ACQUISITIONS AND

4    DISPLAY AD BUSINESS. SO THE PEOPLE

5    INVOLVED WITH THOSE ACQUISITIONS AND THAT

6    BUSINESS THERE WAS A CREDIBLE

7    ANTICIPATION OF LITIGATION OR

8    INVESTIGATION I BELIEVE AS EARLY AS 2006

9    AND CERTAINLY NO LATER THAN 2013, AS I

10   STATE.

11        Q.    IS IT YOUR UNDERSTANDING THAT

12   100% OF GOOGLE'S DISPLAY AD BUSINESS AS

13   OF 2020 WAS ACQUIRED BACK IN 2007?

14        A.    NO.

15             MR. RENARD:  OBJECTION, FORM.

16             MS. NAJAM:  WE CAN TAKE A

17        BREAK NOW.

18             VIDEOGRAPHER:  OKAY. THE TIME

19        IS 1:20 P.M.  WE ARE GOING OFF THE

20        RECORD.

21             (LUNCH RECESS IS TAKEN.)

22             VIDEOGRAPHER:  THE TIME IS

23        2:03 P.M. AND WE ARE BACK ON THE

24        RECORD.

25        Q.    MR. GRANDE, I WANT TO PICK UP

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 178

1    WHERE WE LEFT OFF AND THAT WAS YOUR

2    OPINION THAT BEGINS WITH PARAGRAPH 106 OF

3    YOUR REPORT, EXHIBIT 1.  IS THAT MR.

4    MALKIEWICZ'S REPORT?

5          A.    YES, WRONG REPORT.

6          Q.    PAGE 32.

7          A.    GOT IT.

8          Q.    I WANT TO MAKE SURE I

9    UNDERSTAND YOUR OPINION.

10               IS IT THAT FROM WHENEVER ITS

11   TRIGGER DATE WAS BETWEEN, IN YOUR

12   OPINION, '06 TO 2013, THAT FROM THAT

13   POINT ON GOOGLE HAD A DUTY TO KEEP ON

14   100% OF ITS ESI RELATED TO DISPLAY ADS?

15         A.    THAT -- MY OPINION THERE IS

16   THAT RELATES -- IS THAT A DUTY TO

17   PRESERVE REGARDING THE GENERAL ISSUES

18   AROUND A MONOPOLY AND AD TECH WAS

19   TRIGGERED, AGAIN, EITHER AS EARLY AS

20   2006, 2007 AS LATE AS 2013 BY, YOU KNOW,

21   ONE OR MORE OF THESE -- YOU KNOW, THESE

22   DOCUMENTS, OTHER DOCUMENTS THAT WERE

23   PRODUCED IN THE CASE OR LISTED ON THE

24   PRIVILEGE LOG.

25               MS. NAJAM:  I'LL OBJECT AS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 179

1      NONRESPONSIVE.

2          Q.    I'LL ASK MY QUESTION AGAIN.

3  WHATEVER THAT DATE WAS --

4          A.    YES.

5          Q.    -- IS IT YOUR OPINION THAT

6  GOOGLE SHOULD HAVE KEPT ALL ESI RELATING

7  TO DISPLAY ADS?

8                MR. RENARD:  OBJECTION, FORM.

9          A.    NO, NOT ALL ESI RELATING TO

10  DISPLAY ADS BUT DOCUMENTS RELATING TO

11  CUSTODIANS THAT WOULD HAVE BEEN INVOLVED

12  WITH, AGAIN, THE INVESTIGATIONS THAT I

13  BELIEVE, YOU KNOW, WERE STARTING TO TAKE

14  PLACE AND RELATED TO THE LITIGATION, THE

15  LITIGATION THAT WE'RE CURRENTLY DEALING

16  WITH.

17          Q.    THE LITIGATION THAT WE'RE

18  CURRENTLY DEALING WITH, WHAT YEAR WAS

19  THAT FILED IN?

20          A.    THE INVESTIGATIVE DEMAND WAS

21  AS I NOTED, DECEMBER 2019.

22          Q.    THAT WAS A CIVIL INVESTIGATIVE

23  DEMAND THAT GOOGLE PRODUCE CERTAIN

24  INFORMATION, RIGHT?  RIGHT, SIR?

25          A.    YES, YES.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 180

1      Q.    WHEN WAS THE LAWSUIT FILED, DO

2   YOU KNOW?

3      A.    I BELIEVE IT WAS 2020.

4      Q.    OKAY. SO TAKE ME BACK TO THE

5   YEAR 2000-- WE'LL PICK 2009, THE CIVIL

6   INVESTIGATIVE DEMAND HASN'T BEEN ISSUED

7   YET, RIGHT?

8      A.    2009, YES.

9      Q.    OKAY. SO TELL ME WHAT IS YOUR

10  OPINION OF THE SCOPE OF INFORMATION THAT

11  GOOGLE SHOULD HAVE BEEN RETAINING IN

12  2009? IS IT ANYTHING THAT MAY TOUCH ON

13  THE ALLEGED MONOPOLY IN AD TECH?

14     A.    THE SCOPE OF THE INFORMATION

15  THAT SHOULD HAVE BEEN RETAINED AS OF 2009

16  WOULD RELATE TO DOCUMENTS RELATING TO THE

17  ANTITRUST ALLEGATIONS AND INVESTIGATIONS

18  THAT WERE ALREADY KNOWN OR CREDIBLY

19  ANTICIPATED AT THAT POINT IN TIME.

20     Q.    OKAY. DO YOU KNOW THE EXTENT

21  TO WHICH GOOGLE DID, IN FACT, IMPLEMENT

22  LEGAL HOLDS IN THE WAKE OF ANY OF THESE

23  EVENTS YOU HAVE LISTED IN PARAGRAPH 106?

24     A.    I DON'T BELIEVE I HAVE SEEN

25  DOCUMENTS THAT RELATE TO WHAT WAS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 181

1    PRESERVED, TO THE EXTENT IT'S STILL A

2    PART OF THIS, THE POPULATION THAT WAS

3    PRODUCED TO PLAINTIFFS.

4         Q.    MY QUESTION HAD NOTHING TO DO

5    WITH WHAT WAS PRESERVED, SO I'LL ASK

6    AGAIN.

7              DO YOU KNOW THE EXTENT TO

8    WHICH GOOGLE DID, IN FACT, IMPLEMENT LIT

9    HOLDS IN THE WAKE OF ANY OF THESE EVENTS?

10        A.    I DO NOT KNOW THE DETAILS.

11        Q.    AND HELP ME UNDERSTAND THE

12   TIMING. SO YOU REFERENCE SOME ANTITRUST

13   INVESTIGATIONS IN PARAGRAPHS C AND D, FOR

14   EXAMPLE, OR POTENTIAL INVESTIGATIONS. DO

15   YOU SEE THAT, HAVING TO DO WITH THE

16   ACQUISITION OF DOUBLECLICK?

17        A.    THAT'S CORRECT.

18        Q.    DO YOU KNOW WHEN ANY OF THE

19   INVESTIGATIONS INTO THAT ACQUISITION

20   CONCLUDED?

21        A.    I BELIEVE THAT THE

22   INVESTIGATION BY THE FTC CONCLUDED

23   SOMETIME IN, YOU KNOW, IN THAT PERIOD.

24   BUT IN MY EXPERIENCE, HAVING WORKED ON

25   ANTITRUST MATTERS AND JUST GENERAL -- YOU

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 182

1    KNOW, OVER THE YEARS AND JUST MY GENERAL

2    KNOWLEDGE OF HOW THINGS -- HOW

3    INVESTIGATIONS OPERATE, YOU KNOW, THERE

4    WAS STILL ANTICIPATION OF LITIGATION

5    FOLLOWING THE RESOLUTION OF THE

6    INVESTIGATION BY THE FTC.

7            MS. NAJAM:  I'LL OBJECT TO ALL

8        OF THAT AS NONRESPONSIVE.  AND I

9        DIDN'T EVEN GET THE YEAR, SO LET'S

10       TRY THAT AGAIN.

11       Q.    ANY OF THE INVESTIGATIONS OR

12   POTENTIAL INVESTIGATIONS INTO DOUBLECLICK

13   THAT ARE REFERENCED IN C AND D, WHEN DID

14   THEY CONCLUDE?

15       A.    I'M NOT ENTIRELY CERTAIN. I

16   BELIEVE IT WAS PRIOR TO 2009, 2010.

17       Q.    IS IT YOUR OPINION THAT ONCE A

18   REGULATORY INVESTIGATION HAPPENS, EVEN

19   AFTER IT ENDS, A COMPANY SHOULD

20   REASONABLY ANTICIPATE THERE MAY BE MORE

21   ON THAT TOPIC?

22       A.    IN THIS CASE, YES.

23       Q.    WHAT WAS IT THAT -- TELL ME

24   WHAT YOU THINK HAPPENED WITH THE

25   DOUBLECLICK INVESTIGATIONS IN 2007 THAT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 183

1    MAKES YOU FORM THAT OPINION?

2         A.    AT THIS POINT IN TIME,

3    STARTING IN 2007, GOING THROUGH, YOU

4    KNOW, AGAIN, TO 2015 THERE WERE VARIOUS

5    ACQUISITIONS IN THE AD TECH AREA OF

6    GOOGLE THAT WERE UNDER THE INQUIRY, YOU

7    KNOW, VARIOUS INQUIRIES BY REGULATORY

8    AGENCIES LEADING TO POTENTIAL LITIGATIONS

9    AND, IN FACT, MENTIONED BY GOOGLE

10   EMPLOYEES AND THAT'S -- THAT'S MY VIEW.

11        Q.    I'M SORRY. TELL ME, IS IT YOUR

12   OPINION THAT FROM 2007 UNTIL INFINITY

13   GOOGLE MUST RETAIN ANY POTENTIAL ESI THAT

14   RELATES TO POTENTIAL ANTITRUST ISSUES

15   WITH DISPLAY ADS?

16        A.    MY OPINION IS THAT IN,

17   STARTING IN 2006 AND GOING THROUGH 2013,

18   THERE WERE VARIOUS INVESTIGATIONS AND

19   INQUIRIES THAT WERE BEING FILED BASICALLY

20   DEALING WITH THE SAME ISSUES THAT ARE

21   PART OF THE CIVIL INVESTIGATIVE DEMAND

22   AND THIS -- THIS LITIGATION AND THAT A

23   LITIGATION HOLD SHOULD HAVE BEEN IN PLACE

24   COVERING DOCUMENTS, CORRESPONDENCE

25   RELATED TO THOSE -- RELATED TO THE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 184

1   SUBJECT MATTER AT HAND.

2            MS. NAJAM:  I'LL OBJECT AS

3        NONRESPONSIVE.

4        Q.    SO STARTING FROM WE'LL TAKE

5   YOUR YEAR 2006, ASSUME 2006 WAS THE

6   TRIGGER DATE IN YOUR VIEW. DOES THAT HOLD

7   CONTINUE FOR INFINITY, IN YOUR MIND?

8            MR. RENARD:  OBJECTION TO

9        FORM.

10       A.    NO.

11       Q.    WHAT WOULD IT TAKE, IN YOUR

12  VIEW, FOR GOOGLE TO BE ABLE TO STOP

13  ANTICIPATING MONOPOLY CLAIMS WITH RESPECT

14  TO DISPLAY ADS?

15       A.    WHEN GOOGLE CAN CREDIBLY NOT

16  ANTICIPATE FURTHER LITIGATION.

17       Q.    GIVE ME AN EXAMPLE OF SUCH AN

18  EVENT.

19            MR. RENARD:  OBJECTION, FORM.

20       A.    IT MAY GO ON FOR SOME TIME.

21  IT MAY BE AT THE RESOLUTION -- WHEN THE

22  CURRENT CASES ARE RESOLVED.  BUT ANY

23  POINT IS IN 2006, 2007 THEY -- THERE WAS

24  A CREDIBLE ANTICIPATION OF FURTHER

25  LITIGATION DUE TO THE -- OVER THESE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 185

1   ACQUISITIONS AND THE POTENTIAL OF A

2   MONOPOLY, ASSERTIONS THAT THERE WAS A

3   MONOPOLY IN THIS AREA.

4           MS. NAJAM:  OKAY. I'LL OBJECT

5       AS NONRESPONSIVE.

6       Q.    WHAT IS YOUR METHODOLOGY FOR

7   COMING UP WITH AN END DATE, THAT IS WHEN

8   YOU'RE ADVISING COMPANIES AND THEY'RE

9   ASKING YOU, WHEN CAN I PUT AN END TO MY

10  HOLD, WHAT'S YOUR METHOD THERE FOR

11  RESPONDING?

12          MR. RENARD:  OBJECTION, FORM.

13      A.    THAT ANALYSIS CAN VARY

14  DEPENDING UPON THE INVESTIGATION, THE

15  TYPE OF COMPANY INVOLVED, A NUMBER OF

16  VARIOUS FACTORS. YOU KNOW, IN A SIMPLER

17  CASE, YOU KNOW, AT THE CONCLUSION OF THE

18  LITIGATION AND APPEALS, THE LITIGATION

19  HOLD COULD BE LIFTED. YOU KNOW, IN

20  CERTAIN AREAS, CERTAIN COMPANIES WHERE

21  THERE'S SERIAL LITIGATION, LITIGATION

22  HOLDS HAVE BEEN KEPT IN PLACE FOR A LONG

23  PERIOD OF TIME.

24          MS. NAJAM:  OKAY.  I'LL OBJECT

25      AS NONRESPONSIVE.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 186

1      Q.    SO I'M A COMPANY THAT DOESN'T

2  CURRENTLY HAVE AN INVESTIGATION OR

3  LITIGATION PENDING AND I COME TO YOU AND

4  I SAY I'VE HAD THIS HOLD IN PLACE FOR

5  YEARS, MAY I RELEASE IT NOW? TELL ME WHAT

6  YOU, AS AN EDISCOV PROFESSIONAL, TELL ME

7  YOUR ANALYSIS?

8          MR. RENARD:   OBJECTION TO

9      FORM.

10     A.    I WOULD NEED MORE INFORMATION

11  TO PROVIDE AN ANALYSIS.

12     Q.    SO IT'S A CASE-BY-CASE

13  ANALYSIS DEPENDING ON THE CIRCUMSTANCES

14  WHEN YOU WOULD ADVISE A COMPANY TO

15  RELEASE THE HOLD?

16     A.    IT IS A CASE-BY-CASE ANALYSIS.

17     Q.    DO YOU HAVE AN OPINION ON

18  WHEN, IF EVER, GOOGLE SHOULD HAVE

19  ANTICIPATED LITIGATION ABOUT ANY OTHER

20  ASPECT OF ITS DISPLAY ADS BESIDES

21  MONOPOLIZATION?

22     A.    CAN YOU CLARIFY WHAT YOU MEAN

23  BY "OTHER ASPECT"?

24     Q.    DO YOU KNOW IF THERE ARE -- SO

25  WHEN A PARTY BRINGS A CLAIM OR A

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 187

1    GOVERNMENT INVESTIGATES THEY ARE

2    INVESTIGATING POTENTIAL WRONGDOING BY THE

3    COMPANY.  ARE YOU WITH ME SO FAR?

4         A.    YEAH.

5         Q.    SO FAR WE'VE TALKED ABOUT

6    ALLEGED WRONGDOING IN THE REALM OF

7    ANTITRUST, THAT IS MONOPOLIZATION, RIGHT?

8         A.    YES.

9         Q.    DO YOU HAVE AN OPINION ON SOME

10   POINT IN TIME THAT GOOGLE SHOULD HAVE

11   ANTICIPATED CLAIMS ABOUT OTHER KINDS OF

12   ALLEGED WRONGDOING IN THE DISPLAY ADS

13   BUSINESS?

14        A.    I'VE ONLY BEEN ASKED TO GIVE

15   OPINIONS IN CONNECTION WITH THIS CASE.

16        Q.    CAN YOU CITE ANYTHING, LIKE AN

17   EVENT, TO SHOW THAT BEFORE THE FALL OF

18   2019 GOOGLE SHOULD HAVE ANTICIPATED

19   CLAIMS OVER WHETHER THEIR ADVERTISING

20   TECHNOLOGY WAS DECEPTIVE TO WEBSITES

21   USING THEIR TECHNOLOGY TO SELL ADS?

22             ARE YOU READING -- SORRY, GO

23   AHEAD.

24        A.    NO.

25        Q.    ARE YOU READING YOUR REPORT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 188

1    LOOKING FOR THAT OPINION? BECAUSE I CAN

2    SAVE YOU SOME TIME AND LET YOU KNOW IT'S

3    NOT IN THERE AND THAT'S WHY I'M ASKING.

4         A.    I'M NOT SURE OF THE EXACT DATE

5    THAT A LITIGATION TRIGGER MIGHT HAVE BEEN

6    TRIGGERED IN CONNECTION WITH THAT ONE

7    POINT.  BUT DECEPTIVE TRADE PRACTICES,

8    YOU KNOW, WERE PART OF THE -- THE

9    INVESTIGATIONS THAT WERE -- AND ANTITRUST

10   ISSUES THAT WERE STARTING TO BE RAISED IN

11   THAT PERIOD OF TIME.

12        Q.    WHICH ONE?

13        A.    WHICH ANTITRUST?  WHICH ISSUE?

14        Q.    SIR, I'M SORRY, I DON'T MEAN

15   TO BE DISRESPECTFUL BUT DID YOU JUST MAKE

16   THAT UP, THAT THESE INVESTIGATIONS --

17   THAT THE INVESTIGATIONS HAD TO DO WITH

18   DECEPTIVE TRADE PRACTICES?

19            MR. RENARD:  OBJECTION TO

20        FORM.

21        A.    I BELIEVE THAT WAS -- WAS THAT

22   YOUR QUESTION?

23        Q.    LET'S LOOK BACK TO YOUR

24   REPORT. EVENTS A THROUGH K, DID ANY OF

25   THEM INVOLVE POTENTIAL OR ACTUAL

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 189

1    INVESTIGATIONS OR LITIGATIONS INVOLVING

2    CLAIMS OF DECEPTIVE TRADE PRACTICES?

3         A.    THOSE -- THE -- WHAT I LIST IN

4    A THROUGH K DEAL WITH ALLEGATIONS OF

5    MONOPOLIZATION IN THE AREA OF DISPLAY

6    ADS.

7         Q.    THANK YOU. SO NOW MY QUESTION

8    IS, PUTTING ASIDE A THROUGH K, CAN YOU

9    CITE TO US ANY OTHER EVENT TO SHOW THAT

10   BEFORE DECEMBER OF 2019 GOOGLE SHOULD

11   HAVE ANTICIPATED CLAIMS INVOLVING

12   DECEPTIVE TRADE PRACTICES IN ITS DISPLAY

13   ADS BUSINESS?

14        A.    I'M NOT AWARE OF ONE.

15        Q.    AND DID YOU TAKE A LOOK AT THE

16   CID THAT WAS ISSUED IN SEPTEMBER OF 2019?

17        A.    I DID AT SOME POINT.

18        Q.    AND THAT REFERENCED

19   ALLEGATIONS OF POTENTIAL VIOLATIONS OF

20   THE TEXAS ANTITRUST STATUTE; IS THAT

21   RIGHT?

22        A.    I BELIEVE SO.

23        Q.    ALL RIGHT. LET'S GO BIG

24   PICTURE A LITTLE BIT BEFORE WE SWITCH

25   GEARS ALTOGETHER.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 190

1           DO YOU AGREE THAT PRESERVATION

2    OBLIGATIONS REQUIRE REASONABLE AND GOOD

3    FAITH EFFORTS?

4           A.    YES.

5           Q.    AND THAT IT IS UNREASONABLE TO

6    EXPECT PARTIES TO TAKE EVERY CONCEIVABLE

7    STEP OR PROPORTIONATE TO SEPTEMBER EACH

8    INSTANCE OF ESI?

9           A.    I BELIEVE THAT, I DON'T THINK

10   THAT WAS APPLICABLE IN THIS CASE, THOUGH.

11          Q.    WHEN YOU SAY YOU BELIEVE

12   THAT -- I'M GOING TO REPEAT MY PREMISE.

13          YOU AGREE THAT IT'S

14   UNREASONABLE TO EXPECT PARTIES TO TAKE

15   EVERY CONCEIVABLE STEP TO PRESERVE EACH

16   INSTANCE OF RELEVANT ESI, CORRECT?

17          A.    THAT'S CORRECT.

18          Q.    OR DISPROPORTIONATE STEPS,

19   RIGHT?

20          A.    THAT'S CORRECT.

21          Q.    AND YOUR OPINION THAT GOOGLE

22   HAD -- WELL, LET ME ASK YOU THIS.  THE

23   OPINIONS WE'VE BEEN TALKING ABOUT,

24   GOOGLE'S DUTY TO PRESERVE, DO THEY ALSO

25   APPLY TO EVERY PIECE OF PAPER THAT FALLS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 191

1  WITHIN THAT SCOPE?

2          MR. RENARD:   OBJECTION TO

3      FORM.

4      A.    IF THERE'S A PIECE OF PAPER

5  THAT IS RELATED TO THE ALLEGATION IN THE

6  CASE, YES, IT SHOULD BE PRESERVED.

7      Q.    WELL, DO YOU AGREE THAT

8  THERE'S NO BROAD REQUIREMENT TO PRESERVE

9  ALL INFORMATION, WHETHER ELECTRONIC OR ON

10 PAPER?

11         MR. RENARD:   OBJECTION, FORM.

12     A.    I THINK THAT THERE'S AN

13 OBLIGATION TO PRESERVE POTENTIALLY

14 RESPONSIVE INFORMATION IN -- YEAH. SO

15 THAT'S, YES, THAT'S THE OBLIGATION.

16     Q.    AND IN FACT, PRESERVING EVERY

17 SHRED OF PAPER, EVERY EMAIL OR ELECTRONIC

18 DOCUMENT, EVERY BACKUP TAPE, THAT WOULD

19 CRIPPLE LARGE CORPORATIONS, WOULDN'T IT?

20     A.    IN CERTAIN SITUATIONS, YES.

21     Q.    WHILE WE'RE TALKING ABOUT

22 PAPER, IS IT YOUR OPINION THAT EVER SINCE

23 THE TRIGGER DATE, WHATEVER THE COURT

24 DECIDES IT IS, ANY EMPLOYEE WHO HAS ANY

25 -- SORRY -- WHO MAY HAVE OR CREATE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 192

1  RELEVANT DOCUMENTS SHOULD BE PREVENTED

2  FROM THROWING AWAY PAPER?

3       A.   IF THEY HAVE POTENTIALLY

4  RESPONSIVE DOCUMENTS, PAPER DOCUMENTS

5  THAT CAN'T BE EASILY SEPARATED OUT, YES,

6  I THINK THAT PAPER SHOULD BE PRESERVED IF

7  IT'S A FILE, FOR EXAMPLE.

8       Q.   AND IS THERE A DIFFERENCE

9  BETWEEN INSTRUCTING EMPLOYEES TO KEEP

10  THAT PAPER VERSUS TAKING AWAY THEIR TRASH

11  CANS?

12          MR. RENARD:  OBJECTION, FORM.

13       A.   IN TERMS OF COLLECTING THAT

14  PAPER, IF A SOUND PROCESS IS PUT IN PLACE

15  THAT'S DEFENSIBLE, THAT THAT -- THAT'S

16  WHAT SHOULD BE DONE.

17       Q.   I'M SORRY. THAT WAS NOT IN MY

18  QUESTION. I WILL OBJECT AS NONRESPONSIVE.

19          IS THERE A DIFFERENCE, AS

20  SOMEONE WHO GIVES DISCOVERY ADVICE,

21  BETWEEN TELLING EMPLOYEES DON'T THROW

22  AWAY RELEVANT PAPER VERSUS REMOVING THEIR

23  TRASH CANS?

24          MR. RENARD:  OBJECTION, FORM.

25       A.   I CAN'T ANSWER THAT QUESTION.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 193

1   IT DOESN'T MAKE SENSE.

2       Q.    AND IT DOESN'T MAKE SENSE

3   BECAUSE YOU'VE NEVER ADVISED ANY COMPANY

4   TO REMOVE THEIR TRASH CANS, HAVE YOU?

5       A.    NO.

6       Q.    HAVE YOU EVER ADVISED ANY

7   COMPANY TO TELL ITS EMPLOYEES TO KEEP

8   EVERY SINGLE STICKY NOTE OR SHRED OF

9   PAPERS IN THEIR OFFICES WHETHER OR NOT IT

10  RELATES TO A LITIGATION HOLD?

11      A.    NO.

12      Q.    HAVE YOU EVER -- ARE YOU

13  FAMILIAR WITH WHAT A WHITEBOARD IS?

14      A.    YES.

15      Q.    AND THE WHOLE PURPOSE OF A

16  WHITEBOARD IS IT'S EXPECTED TO BE ERASED

17  AND REUSED REGULARLY, RIGHT?

18      A.    YES.

19      Q.    HAVE YOU EVER ADVISED A

20  COMPANY TO REMOVE ALL WHITEBOARDS FROM

21  THEIR OFFICES ONCE THEY ANTICIPATE

22  LITIGATION?

23      A.    NO.

24      Q.    LET'S CHANGE GEARS AND TALK

25  ABOUT THE CHAT METADATA LOGS THAT WERE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 194

1   PRODUCED IN THIS LAWSUIT FOR FIVE

2   PARTICULAR CUSTODIANS. ARE YOU WITH ME ON

3   WHAT I'M TALKING ABOUT?

4        A.    YES.

5        Q.    DID YOU PERSONALLY REVIEW ANY

6   METADATA THAT GOOGLE PRODUCED WITH

7   RESPECT TO THE FIVE CUSTODIANS?

8        A.    I SAW THE METADATA THAT HAD

9   BEEN PRODUCED BUT MY REPORT DID NOT

10  INCLUDE ANALYSIS OF THE METADATA.

11       Q.    WHEN YOU SAY YOU SAW THE

12  METADATA, YOU WERE ABLE TO ACTUALLY VIEW

13  THE CSV FILES THAT WERE PRODUCED?

14       A.    I SAW WHAT KIND OF METADATA

15  WAS IN THE CSV FILE.  SO, YEAH, I SAW IT.

16  I DIDN'T ANALYZE THE DATA, THOUGH.

17       Q.    WHEN YOU SAY "I DIDN'T ANALYZE

18  THE DATA", YOU MEAN YOU DIDN'T DO WHAT

19  PROFESSOR HOCHSTETLER DID IN TERMS OF

20  WRITING SCRIPTS TO RUN STATISTICS ON THE

21  CODE; IS THAT WHAT YOU'RE SAYING?

22       A.    YES, I DID NOT -- I SAW THE

23  FILES, SAW WHAT WAS IN THE FILE BUT I DID

24  NOT PERFORM ANY ANALYSIS.

25       Q.    AND WOULD YOU BE QUALIFIED TO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 195

1    DO ANALYSIS ON THE DATA IN THE WAY THAT

2    DR. HOCHSTETLER DID?

3          A.    I DON'T BELIEVE SO.

4          Q.    LIKE, WOULD YOU HAVE BEEN ABLE

5    TO COUNT UP THE NUMBER OF "HISTORY OFF"

6    MESSAGES SENT BY ANYBODY IN THAT 68 DAYS?

7          A.    NO.

8          Q.    THAT'S SOMETHING THAT REQUIRES

9    A COMPUTER SCIENCE EXPERTISE; IS THAT

10   RIGHT?

11         A.    YES, I BELIEVE SO.

12         Q.    OKAY. I'M GOING TO MARK AS THE

13   NEXT EXHIBIT THE DECLARATION THAT YOU

14   SIGNED ON DECEMBER 9TH, AS SOON AS I FIND

15   IT.

16              (GRANDE EXHIBIT 9, DECLARATION

17         OF IGNATIUS GRANDE DATED DECEMBER

18         9, 2024, WAS RECEIVED AND MARKED ON

19         THIS DATE FOR IDENTIFICATION.)

20         Q.    CAN YOU CONFIRM FOR US THAT

21   THIS IS INDEED -- THIS BEING EXHIBIT 9 --

22   THE DECLARATION YOU SIGNED FOR SUBMISSION

23   IN SUPPORT OF THE MOTION FOR SANCTIONS?

24         A.    IT IS. IT'S NOT EXCLUDING THE

25   EXHIBITS BUT THIS IS THE DECLARATION.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 196

1        Q.    THAT WOULD HAVE BEEN A VERY

2    LARGE EXHIBIT, AS IN EXHIBIT TO YOUR

3    DEPOSITION.

4              LET'S GO TO PAGE 20, PLEASE.

5    AT THE VERY BOTTOM OF THIS YOU DECLARED

6    UNDER THE PENALTY OF PERJURY THAT

7    EVERYTHING IN HERE WAS TRUE AND CORRECT,

8    RIGHT, SIR?

9        A.    YES.

10       Q.    AND YOU UNDERSTAND THAT WHEN

11   YOU SUBMIT A DECLARATION TO COURT YOU ARE

12   PURPORTING TO HAVE PERSONAL KNOWLEDGE OF

13   THE THINGS THAT ARE INCLUDED IN YOUR

14   DECLARATION, RIGHT?

15       A.    YES.

16       Q.    IN PARAGRAPH V HERE YOU WROTE,

17   "GOOGLE EMPLOYEES UNDER A LITIGATION HOLD

18   FOR THIS CASE LIKELY SENT MILLIONS OF

19   CHAT MESSAGES WITH THE GOOGLE CHAT

20   HISTORY SETTING OFF EVERY YEAR." DO YOU

21   SEE THAT?

22       A.    I DO.

23       Q.    AND THEN YOU CITE TO

24   DR. HOCHSTETLER'S DEPOSITION. DO YOU SEE

25   THAT?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 197

1          A.     I DO.

2          Q.     IS PARAGRAPH V THAT I JUST

3     READ, IS THAT PART OF YOUR EXPERT OPINION

4     IN THIS CASE OR DID YOU JUST MEAN TO

5     PARROT WHAT DR. HOCHSTETLER OPINES?

6          A.     THIS IS NOT MY REBUTTAL EXPERT

7     REPORT, BUT I DO CITE PROFESSOR

8     HOCHSTETLER'S REPORT FOR THIS, FOR THIS

9     STATEMENT THAT I MADE IN THE DECLARATION,

10    AND I RELY ON IT.

11         Q.     SIR, IS V WHAT I ALREADY READ,

12    IS THAT AN OPINION THAT YOU ARE OFFERING

13    IN THIS CASE?

14              MR. RENARD:   OBJECTION, FORM.

15         A.     YES.

16         Q.     BUT, SIR, YOU JUST TOLD US YOU

17    WEREN'T EVEN -- DON'T EVEN HAVE THE

18    QUALIFICATIONS TO PERFORM THE ANALYSIS

19    THAT DR. HOCHSTETLER DID TO COME UP WITH

20    THAT COUNT. DO YOU RECALL THAT?

21         A.     I DO. THIS OPINION IS NOT

22    RELIANT JUST ON PROFESSOR HOCHSTETLER'S

23    TESTIMONY OR REPORT, I SHOULD SAY.

24         Q.     TELL US ALL THE WORK THAT YOU

25    DID TO DETERMINE THAT GOOGLE EMPLOYEES

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 198

 1    UNDER A HOLD LIKELY SENT MILLIONS OF

 2    "HISTORY OFF" MESSAGES EVERY YEAR?

 3          A.    I CAME TO THIS CONCLUSION

 4    BASED ON SEVERAL FACTORS AND SEVERAL

 5    DOCUMENTS THAT I REVIEWED IN THE COURSE

 6    OF PUTTING TOGETHER, DRAFTING THIS

 7    DECLARATION, INCLUDING BUT NOT LIMITED TO

 8    PROFESSOR HOCHSTETLER'S REPORT WHERE HE

 9    PROVIDES ANALYSIS REGARDING THE NUMBER OF

10    GOOGLE CHATS THAT WERE SENT WITH "HISTORY

11    OFF" EVERY YEAR.

12              I OFTEN DEAL WITH STATISTICAL

13    ISSUES IN THE CONTEXT OF EDISCOVERY AND I

14    FOUND HIS METHODOLOGY, HIS ANALYSIS TO BE

15    SOUND. BUT THAT WAS ONLY ONE PART OF, YOU

16    KNOW, MY FINDINGS IN THIS CASE THAT WOULD

17    SUPPORT THE FACT THAT MILLIONS OR THE

18    OPINION THAT MILLIONS OF GOOGLE CHAT

19    MESSAGES WITH THE GOOGLE CHAT "HISTORY

20    OFF" WOULD HAVE BEEN SENT EVERY YEAR.

21              YOU KNOW, A COUPLE OTHER

22    FACTORS THAT WOULD TIE INTO THIS WERE MY

23    REVIEW OF DEPOSITION TRANSCRIPTS,

24    INCLUDING SEVERAL THAT INDICATED THEY

25    SENT HUNDREDS OF CHATS PER DAY, SOME UP

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 199

1    TO 500 PER DAY, WHICH ACTUALLY EXCEEDED

2    THE NUMBERS AS PART OF THE ASSUMPTIONS OF

3    PROFESSOR HOCHSTETLER. THE FACT THAT MANY

4    -- MANY GOOGLE EMPLOYEES DID NOT CHANGE

5    FROM THE DEFAULT SETTINGS IN GOOGLE CHAT

6    WHICH WERE "HISTORY OFF" UP UNTIL

7    FEBRUARY OF 2023, THAT MANY OTHER GOOGLE

8    EMPLOYEES WERE CONFUSED BY WHETHER

9    HISTORY WAS ON OR OFF WHEN THEY WERE

10   SENDING CHATS. IN FACT, NOTING IN CERTAIN

11   SITUATIONS THAT THE "OFF" BUTTON LOOKED

12   LIKE IT WAS ON OR THE ON BUTTON LOOKED

13   LIKE IT WAS OFF. AND ALSO THE FACT THAT

14   MANY CHATS THAT WERE PRODUCED APPEAR TO

15   BE OF A SWISS CHEESE NATURE WHERE THE

16   "HISTORY ON" WAS ONLY ON FOR PART OF THE

17   CONVERSATION AND IT WAS DIFFICULT FOR OR

18   IMPOSSIBLE FOR EMPLOYEES TO TURN "HISTORY

19   ON" BECAUSE THE OTHER EMPLOYEE, IF THEY

20   TURNED "HISTORY OFF" CHATS WOULD BE LOST

21   IN THE MIDDLE OF A CONVERSATION.

22          I ALSO LEARNED FROM MR.

23   MALKIEWICZ'S DEPOSITION EARLIER THIS WEEK

24   THAT IN SOME SITUATIONS AFTER 24 HOURS

25   HISTORY WOULD AUTOMATICALLY GO OFF IN

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 200

1  CERTAIN CHATS.

2      Q.    OKAY. THANK YOU FOR THAT

3  INFORMATION, WHICH I WILL MOVE TO STRIKE

4  AS NONRESPONSIVE.

5          I'M NOT ASKING FOR THE BASIS

6  OF YOUR OPINION, SO WE'RE GOING TO GO

7  BACKWARDS.

8          I WANTED TO KNOW THE WORK THAT

9  YOU DID.  JUST WHAT YOU DID DO? AND I

10 HEARD THAT YOU READ DR. HOCHSTETLER'S

11 ANALYSIS, RIGHT?

12     A.    THAT'S CORRECT.

13     Q.    AND THEN THE SECOND THING I

14 HEARD YOU DO IS YOU REVIEWED SOME

15 DEPOSITIONS WHERE FOLKS TESTIFIED ABOUT

16 THE FREQUENCY OF CHAT USAGE?

17     A.    THAT'S CORRECT.

18     Q.    OKAY. AND JUST AS A REMINDER,

19 MY QUESTION IS ABOUT YOUR OPINION ABOUT

20 HOW MANY WERE SENT WITH "HISTORY OFF",

21 OKAY?

22          THE THIRD THING IS YOU

23 REVIEWED SOME DOCUMENTS AND YOU TOLD US

24 WHAT THEY SHOWED YOU THINGS LIKE

25 CONFUSION, THINGS LIKE SWISS CHEESE.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 201

1          HAVE WE NOW CONCLUDED WITH THE

2     WORK THAT YOU PERSONALLY DID TO FORM THIS

3     CONCLUSION THAT MILLIONS WERE SENT PER

4     YEAR WITH "HISTORY OFF"?

5               MR. RENARD:  OBJECTION, FORM.

6          A.    BASED UPON THE INFORMATION

7     THAT I REVIEWED IN THIS CASE, INCLUDING

8     PROFESSOR HOCHSTETLER'S REPORT, I DO

9     BELIEVE THAT -- THAT -- WHAT I SAY HERE

10    THAT, "GOOGLE EMPLOYEES UNDER LITIGATION

11    FOR THIS CASE LIKELY SENT MILLIONS OF

12    CHAT MESSAGES WITH THE GOOGLE CHAT

13    HISTORY SETTING OFF EVERY YEAR."

14         Q.    DID YOU TAKE ANY MEDICATION

15    DURING THE LUNCH BREAK THAT WOULD AFFECT

16    YOUR ABILITY TO ANSWER QUESTIONS?

17              MR. RENARD:  OBJECTION TO THE

18         FORM OF THE QUESTION.

19         Q.    I'M NOT BEING DISRESPECTFUL,

20    THAT'S A SERIOUS QUESTION.

21         A.    NO.

22         Q.    MY QUESTION WAS THE WORK YOU

23    DID. I DON'T WANT TO HEAR YOUR OPINION

24    AGAIN.

25              HAVE WE NOW COVERED ALL THE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 202

1   WORK THAT YOU PERFORMED TO OFFER THE

2   OPINION IN PARAGRAPH V IN YOUR

3   DECLARATION?

4           YOU REVIEWED DR. HOCHSTETLER'S

5   WORK, YOU REVIEWED SOME DEPOSITIONS AND

6   YOU REVIEWED SOME DOCUMENTS. IS THERE

7   ANYTHING ELSE YOU DID?

8       A.    EVERYTHING ELSE I REVIEWED IN

9   THIS CASE, THE POLICIES AS WELL.

10      Q.    DID YOU DO ANY QUANTITATIVE

11  ANALYSIS TO COME UP WITH THE NUMBER OF

12  MILLIONS WITH "HISTORY OFF" PER YEAR?

13      A.    NO.

14      Q.    OKAY. NOW, IN YOUR REPORT YOU

15  ALSO HAVE AN OPINION ABOUT THE

16  SUFFICIENCY OF THE AMOUNT OF DATA IN THE

17  LOGS FOR PURPOSES OF EXTRAPOLATING

18  OVERALL MESSAGE VOLUME IN THE CASE.

19      A.    A-HUM.

20      Q.    DID YOU DO ANY QUANTITATIVE

21  ANALYSIS TO ARRIVE AT THAT OPINION?

22          MR. RENARD:  I THINK YOU SAID

23      REPORT BUT I GUESS YOU MEAN

24      DECLARATION.

25          MS. NAJAM:  NO, I MEAN REPORT.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 203

1       I'M SORRY. WOULD YOU LIKE TO LOOK

2       AT YOUR REPORT?

3             THE WITNESS:  IF YOU CAN GIVE

4       ME THE PARAGRAPH.

5       Q.    PAGE 20, PARAGRAPH 96. TO SAVE

6   TIME I WILL TAKE YOU TO THE SENTENCE.

7   IT'S THE ONE THAT SPLITS OVER ONTO THE

8   NEXT PAGE.

9       A.    A-HUM.

10      Q.    DO YOU SEE THAT SENTENCE I'M

11  TALKING ABOUT, THE AMOUNT OF DATA --

12      A.    I DO.

13      Q.    -- THAT'S PROVIDED BY THE

14  LOGS?

15            DID YOU DO ANY QUANTITATIVE

16  ANALYSIS TO REACH THAT OPINION?

17      A.    I'M AN EXPERT IN EDISCOVERY

18  AND IN CONNECTION WITH EDISCOVERY I DO

19  DEAL WITH CALCULATIONS OF THIS NATURE AND

20  IN VARIOUS SITUATIONS AND IT'S MY OPINION

21  THAT THE DATA, AS I SAY HERE, THAT'S

22  PROVIDED BY THE LOGS IS SUFFICIENT TO

23  PROVIDE A GOOD EXAMPLE OF THE OVERALL

24  MESSAGING VOLUMES OF THE CUSTODIANS IN

25  THIS CASE.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 204

1      Q.    YOU JUST READ TO ME THE
2   SENTENCE AND I DIDN'T ASK YOU FOR THAT.
3           THE QUESTION, AGAIN, IS
4   WHETHER YOU DID ANY QUANTITATIVE ANALYSIS
5   TO ARRIVE AT THAT CONCLUSION THAT YOU
6   JUST READ BACK TO ME?
7      A.    NO, I DID NOT PERFORM
8   QUANTITATIVE ANALYSIS.
9      Q.    DO YOU HAVE ANY DEGREES OR
10  FORMAL EDUCATION IN STATISTICS?
11     A.    NO.
12     Q.    DO YOU HOLD YOURSELF OUT AS A
13  STATISTICS EXPERT?
14     A.    I HOLD MYSELF OUT AS A
15  STATISTICS EXPERT IN THE CONTEXT OF
16  EDISCOVERY.
17     Q.    IN THE CONTEXT OF EDISCOVERY,
18  YOU SAID?
19     A.    YES.
20     Q.    DO YOU HOLD YOURSELF OUT --
21  LET ME ASK YOU THIS, HOW MANY TIMES HAVE
22  YOU BEEN HIRED TO DETERMINE THE NUMBER OF
23  UNSENT MESSAGES WITH A PARTICULAR
24  TIMEFRAME? HAVE YOU EVER DONE THAT?
25     A.    NOT THAT SPECIFICALLY, NO.

Page 205

1      Q.    AND HOW MANY -- HAVE YOU EVER

2   BEEN HIRED TO GIVE AN OPINION ON WHETHER

3   A PARTICULAR SUBSET OF CUSTODIANS IN A

4   SUBSET OF A PERIOD, WHETHER THAT'S TRULY

5   REPRESENTATIVE OF A LARGER GROUP OF

6   CUSTODIANS OVER A LARGER TIME PERIOD, IS

7   THAT SOMETHING YOU'VE DONE?

8            MR. RENARD:  OBJECTION, FORM.

9      A.    CAN YOU REPHRASE THAT OR

10  RESTATE THAT LAST QUESTION?

11     Q.    SURE. WHAT PROFESSOR

12  HOCHSTETLER --

13     A.    CAN YOU RESTATE THE QUESTION?

14     Q.    NO, I'M GOING TO MAKE IT

15  EASIER.

16            SO WHAT PROFESSOR HOCHSTETLER

17  DID IS HE FIGURED OUT THE NUMBER OF SENT

18  MESSAGES THAT WERE OFF THE RECORD FOR A

19  CERTAIN NUMBER OF DAYS FOR A CERTAIN

20  NUMBER OF EMPLOYEES, RIGHT?

21     A.    NUMBER OF MESSAGES THAT WERE

22  SENT WITH "HISTORY OFF" FOR CERTAIN DAYS,

23  YES.

24     Q.    AND THEN HE OPINES THAT THAT'S

25  A REPRESENTATIVE OF EVERYBODY ELSE, ALL

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 206

1    THE OTHER LIT HOLD CUSTODIANS FOR THE

2    REST OF THE YEAR; IS THAT RIGHT?

3         A.    YES, THAT WAS THE INFORMATION

4    HE WAS PROVIDED.

5         Q.    HAS ANYONE EVER HIRED YOU TO

6    DO THAT KIND OF ANALYSIS?

7         A.    IN THE CONTEXT OF MY

8    EDISCOVERY WORK, YOU KNOW, WE OFTEN HAVE

9    TO EXTRAPOLATE NUMBERS BASED UPON WHAT WE

10   WERE PROVIDED AND SOMETIMES THAT'S

11   DETERMINING THE EMAILS OR DOCUMENTS ARE

12   MISSING FROM A CERTAIN PERIOD OF TIME

13   BECAUSE WE HAVE A LOT MORE FROM A

14   DIFFERENT PERIOD OF TIME. SO, YOU KNOW,

15   IN THE CONTEXT OF EDISCOVERY I DEAL WITH

16   THOSE ISSUES IN DIFFERENT -- IN DIFFERENT

17   WAYS.

18        Q.    SO IN THE CONTEXT OF

19   EDISCOVERY, WHAT PERCENTAGE OF YOUR TOTAL

20   POPULATION OF DATA IS ENOUGH, IN TERMS OF

21   STATISTICALLY ENOUGH FOR YOU TO

22   EXTRAPOLATE?

23             MR. RENARD:  OBJECTION, FORM.

24        A.    IN EDISCOVERY WE DEAL WITH THE

25   DATA WE'RE PROVIDED AND WE HAVE TO MAKE,

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 207

1    YOU KNOW, ESTIMATES, FOR EXAMPLE, HOW

2    MANY DOCUMENTS NEED TO BE REVIEWED IN A

3    CASE AND, AGAIN, WE WILL DEAL WITH THE

4    INFORMATION THAT WE'RE PROVIDED, WHATEVER

5    IT IS. IN THIS CASE, PROFESSOR

6    HOCHSTETLER WAS ONLY GIVEN INFORMATION

7    FOR FIVE CUSTODIANS AND MADE HIS ANALYSIS

8    BASED ON THAT. HAD HE HAD ACCESS TO

9    ADDITIONAL DATA HE WOULD HAVE

10   INCORPORATED THAT AS WELL.

11          MS. NAJAM:  I'LL OBJECT AS

12      NONRESPONSIVE.

13      Q.   I'M NOT ASKING YOU TO

14   SPECULATE ABOUT WHAT PROFESSOR

15   HOCHSTETLER WOULD HAVE DONE. LET ME ASK

16   YOU A DIFFERENT QUESTION.

17          CAN YOU POINT TO ANY INDUSTRY

18   STANDARD WITHIN YOUR INDUSTRY OF

19   EDISCOVERY THAT THE AMOUNT OF DATA THAT

20   PROFESSOR HOCHSTETLER HAD IS ENOUGH TO

21   EXTRAPOLATE ACROSS HUNDREDS OF CUSTODIANS

22   FOR AN ENTIRE YEAR?

23          MR. RENARD:  OBJECTION TO THE

24      SIDEBAR.

25      A.   AS I MENTIONED IN CONNECTION

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 208

1   WITH MY PRIOR ANSWER, EDISCOVERY OFTEN

2   REQUESTS -- OFTEN REQUIRES EXTRAPOLATING

3   ESTIMATES AND CALCULATION BASED ON THE

4   DATA THAT'S AVAILABLE IN A GIVEN CASE.

5        Q.    I UNDERSTAND THAT. I'M SORRY.

6   GO AHEAD.

7        A.    GO AHEAD.

8             MS. NAJAM:  SO I'LL OBJECT AS

9        NONRESPONSIVE AND I'LL REPEAT MY

10       QUESTION.

11       Q.    CAN YOU POINT TO ANY INDUSTRY

12   STANDARD WITHIN THE INDUSTRY OF

13   EDISCOVERY THAT THE AMOUNT OF DATA

14   PROFESSOR HOCHSTETLER HAD WAS ENOUGH TO

15   EXTRAPOLATE ACROSS HUNDREDS OF CUSTODIANS

16   FOR AN ENTIRE YEAR?

17       A.    AGAIN, I'M BASING, ON MY

18   EXPERIENCE IN THE EDISCOVERY INDUSTRY AND

19   THE STANDARDS AND PRACTICE PEOPLE I'VE

20   WORKED WITH CASES I'VE WORKED ON, I

21   BELIEVE THAT PROFESSOR HOCHSTETLER MADE

22   AN ESTIMATE BASED ON THE INFORMATION HE

23   WAS PROVIDED AND THAT WOULD BE -- YOU

24   KNOW, THAT WOULD BE AN ACCEPTABLE

25   ESTIMATE UNDER EDISCOVERY STANDARDS AND

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 209

1   PRACTICES TO UNDERSTAND WHAT AMOUNT OF

2   DATA THAT YOU'RE DEALING WITH.

3              MS. NAJAM:  I'LL OBJECT AS

4       NONRESPONSIVE.

5       Q.    CAN YOU CITE FOR ME WHAT

6   EDISCOVERY STANDARD YOU'RE REFERRING TO

7   WHEN YOU SAY UNDER THAT STANDARD THAT

8   DATA WAS ENOUGH TO EXTRAPOLATE?

9       A.    AS WE'VE TALKED ABOUT, THERE

10  AREN'T WRITTEN RULES FOR EVERY ISSUE THAT

11  WE DEAL WITH IN EDISCOVERY CASES.

12      Q.    ARE YOU OPINING THAT GOOGLE IS

13  DOING SOMETHING WRONG OR IN VIOLATION OF

14  INDUSTRY STANDARD BY KEEPING THOSE

15  BACK-END LOGS FOR ITS CHAT SYSTEM THAT

16  SPAN 68 DAYS INSTEAD OF INDEFINITELY?

17             MR. RENARD:  OBJECTION, FORM.

18      A.    IN THIS CASE WHERE THESE LOGS

19  ARE THE ONLY INFORMATION AVAILABLE TO

20  SHOW THE NUMBER OF CHATS THAT WERE

21  ACTUALLY SENT DURING A GIVEN PERIOD OF

22  TIME, IT'S MY BELIEF THAT THEY SHOULD

23  HAVE BEEN MAINTAINED FOR A LONGER PERIOD

24  OF TIME.

25      Q.    HOW LONG?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 210

1        A.    LONGER THAN 68 DAYS.

2        Q.    BUT YOU CAN'T -- YOU DON'T

3    HAVE AN OPINION ON HOW MANY MORE DAYS?

4        A.    ANYTHING MORE WOULD HAVE BEEN

5    BETTER THAN WHAT WAS PROVIDED.

6        Q.    SO -- OKAY. IN OPINING THAT

7    GOOGLE SHOULD HAVE KEPT THEM FOR LONGER,

8    YOUR POINT IS THE LONGER THE BETTER; IS

9    THAT ACCURATE?

10        A.    THE MORE INFORMATION, YES, THE

11    BETTER TO DETERMINE THE NUMBER OF EMAILS

12    -- EXCUSE ME -- GOOGLE CHATS THAT WERE

13    SENT WITH "HISTORY OFF".

14        Q.    I'LL START WITH MY ORIGINAL

15    QUESTION THEN. DID GOOGLE VIOLATE ANY

16    STANDARD OF PRESERVATION BY HAVING ITS

17    METADATA LOGS ROLL, THAT IS BEING WRITTEN

18    OVER EVERY 68 DAYS?

19            MR. RENARD:  OBJECTION, FORM.

20        A.    IT'S MY OPINION THAT AFTER

21    THEY WERE -- YES, THEY SHOULD HAVE BEEN

22    PRESERVED BECAUSE THEY WERE RELEVANT TO

23    THIS CASE AT THAT POINT IN TIME.

24        Q.    AT WHAT POINT IN TIME?

25        A.    WHEN THIS -- WHEN THEY WERE --

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 211

1    WHEN THE GOOGLE CHAT ISSUE FIRST AROSE.

2         Q.    WHEN WAS THAT?

3         A.    AT LEAST AS OF THE DATE THAT

4    THIS LOG COVERED FROM LATE 2022 TO EARLY

5    2023, PROBABLY EARLIER IF THEY WERE AWARE

6    THAT THIS WAS THE ONLY RECORDING OF CHATS

7    AND WHAT WAS SENT.

8         Q.    HAVE YOU EVER ADVISED ANY

9    COMPANY THAT IT SHOULD KEEP ITS METADATA

10   LOGS, THAT IS METADATA ABOUT IM SYSTEMS,

11   INFINITE?

12             TO PUT ANOTHER WAY, HAVE YOU

13   EVER ADVISED A COMPANY THAT, OH, WELL,

14   THESE BACK-END LOGS YOU HAVE FOR YOUR

15   CHAT SYSTEM, LET'S STOP THE OVERRIDING

16   PROCESS, KEEP THEM GOING?

17             MR. RENARD:  OBJECTION, FORM.

18        A.    I HAVE DIRECTED CLIENTS TO

19   PRESERVE LOGS IN CONNECTION WITH

20   DIFFERENT TYPES OF CASES.

21        Q.    THAT WAS NOT QUITE MY

22   QUESTION, SO I'LL REPEAT IT.

23             THIS IS VERY SPECIFIC.  HAVE

24   YOU EVER ADVISED A COMPANY TO STOP

25   OVERRIDING YOUR BACK-END CHAT SYSTEM

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 212

1   METADATA LOGS?

2        A.    NO, AND THAT'S NOT WHAT I SAID

3   SHOULD BE THE CASE HERE.

4        Q.    OKAY. CAN YOU NAME ONE CASE

5   THAT IS, LIKE, LAW, LAWSUIT WHERE A

6   COMPANY GOT IN TROUBLE FOR NOT PRESERVING

7   A METADATA LOG, THAT IS A LOG THAT SHOWS

8   ACTIVITY ON THE INSTANT MESSAGING BUT NOT

9   THE ACTUAL MESSAGES FOR -- GOTTEN IN

10  TROUBLE FOR NOT KEEPING THAT LOG GOING

11  LONGER THAN IT DID?

12       A.    AT THIS TIME I CAN'T THINK OF

13  A CASE.

14       Q.    UNTIL THIS YEAR ARE YOU AWARE

15  OF THE PLAINTIFFS IN THIS CASE EVER

16  ASKING FOR ANY BACK-END LOGS FOR GOOGLE

17  CHAT?

18       A.    I DON'T KNOW THE DATE OF THE

19  REQUEST FOR THE LOGS. ALL I KNOW IS IT

20  WAS PRIOR TO PROFESSOR HOCHSTETLER'S

21  REPORT.

22       Q.    AND YOU KNOW THAT THE LOGS

23  WERE ORIGINALLY CREATED AND PRODUCED IN A

24  DIFFERENT LAWSUIT, RIGHT?

25       A.    I DO KNOW THAT.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 213

1      Q.    ARE YOU FAMILIAR WITH THE CASE

2    THAT PEOPLE CALL PLAY?

3      A.    I AM.

4      Q.    EXCEPT FOR THE PLAY CASE CAN

5    YOU NAME FOR US ANY OTHER CASE WHERE A

6    COMPANY WAS EVEN ASKED TO PRODUCE THESE

7    KINDS OF LOGS, THAT IS METADATA CHAT

8    LOGS?

9      A.    I HAVEN'T PERFORMED THAT

10   RESEARCH TO LIST CASES.

11          MS. NAJAM:  OKAY. WE'RE GOING

12       TO SWITCH GEARS BUT I DON'T THINK

13       WE'VE BEEN GOING AN HOUR BUT I HAVE

14       ZERO SENSE OF TIME SO SOMEONE

15       SHOULD TELL ME.

16          MR. RENARD:  WE HAVE, LIKE,

17       TEN MINUTES OR SO.  IF YOU WANT TO

18       TAKE A BREAK NOW, THAT'S FINE WITH

19       US.

20          MS. NAJAM:  NO, WE CAN KEEP

21       GOING.

22      Q.    SO EARLIER -- AND IF YOU WANT

23   TO GO WITH ME IN YOUR REPORT, WE'RE GOING

24   TO FLIP TO PAGE 13.

25      A.    IN THE REPORT?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 214

1        Q.    YES, SIR. A PARAGRAPH THAT WE
2    LOOKED AT ALREADY, 67.
3              I'M GOING TO MARK THE NEXT
4    EXHIBIT 10.
5              (GRANDE EXHIBIT 10, EMAIL FROM
6         KENT WALKER AND ███████████ DATED
7         SEPTEMBER 16, 2008, WAS RECEIVED
8         AND MARKED ON THIS DATE FOR
9         IDENTIFICATION.)
10        Q.    CAN YOU PLEASE CONFIRM THAT
11    EXHIBIT 10 IS THE 2008 EMAIL FROM KENT
12    WALKER AND ███████████ THAT WE TALKED
13    ABOUT EARLIER TODAY?
14        A.    YES.
15        Q.    OKAY. AND IT'S THE DOCUMENT
16    YOU CITE IN FOOTNOTE 35 OF YOUR REPORT AS
17    EVIDENCE OF AN ATTEMPT TO UNDERMINE
18    INVESTIGATIONS IN CASES THAT WERE
19    STARTING TO FORM, RIGHT, SIR?
20        A.    AS I ALREADY ANSWERED, THIS IS
21    ONE OF SEVERAL CASES THAT WOULD BE THE
22    BASIS FOR THAT OPINION, YES.
23        Q.    YOU SAID ONE OF SEVERAL CASES?
24        A.    SEVERAL DOCUMENTS.  EXCUSE ME.
25        Q.    I WILL ASK YOU ABOUT SOME

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 215

1    MORE.

2               I WANT TO READ WHAT'S ACTUALLY

3    IN THE MEMO -- SORRY -- EMAIL STARTING

4    WITH THE SECOND PARAGRAPH.

5         A.    OF WHICH EMAIL?

6         Q.    ███████████████    EMAIL.

7         A.    THE BOTTOM ONE?

8         Q.    WELL, THAT'S THE ONE THAT

9    YOU'RE CITING, RIGHT, THE BOTTOM EMAIL?

10        A.    YES, BUT THERE'S TWO EMAILS ON

11   THE PAGE.

12        Q.    OKAY. HE WRITES THAT,

13   "ANYTHING YOU WRITE CAN BECOME SUBJECT TO

14   REVIEW IN LEGAL DISCOVERY, MISCONSTRUED

15   OR TAKEN OUT OF CONTEXT AND MAY BE USED

16   AGAINST YOU OR US IN WAYS YOU WOULDN'T

17   EXPECT. WRITING STUFF THAT'S SARCASTIC,

18   SPECULATIVE OR NOT FULLY INFORMED

19   INEVITABLY CREATES PROBLEMS IN

20   LITIGATION." I'LL PAUSE THERE.

21               IS THERE SOMETHING THAT YOU

22   ARE OPINING IS WRONG WITH WHAT I READ SO

23   FAR IN TERMS OF TELLING EMPLOYEES?

24        A.    NOT THAT SENTENCE.

25        Q.    AND THEN HE SAYS, "IN YOUR

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 216

1  COMMUNICATIONS PLEASE AVOID STATING LEGAL

2  CONCLUSIONS. SPECULATION ABOUT WHETHER

3  SOMETHING MIGHT BREACH A COMPLEX CONTRACT

4  OR WHETHER IT MIGHT VIOLATE A LAW

5  SOMEWHERE IN THE WORLD IS OFTEN WRONG AND

6  RARELY HELPFUL, SO PLEASE DO THINK TWICE

7  BEFORE YOU WRITE ABOUT HOT TOPICS.  DON'T

8  COMMENT BEFORE YOU HAVE ALL THE FACTS AND

9  DIRECT QUESTIONS REGARDING CONTINUING

10  LITIGATION HOLDS AND ANY LEGAL AND/OR

11  REGULATORY MATTERS INVOLVING GOOGLE TO

12  THE FRIENDLY, ALBEIT LAWYERLY, FOLKS AT

13  --", AND THERE'S AN EMAIL FOR LIT HOLDS,

14  RIGHT?

15          A.    YES.

16          Q.    HOW ABOUT THAT SECOND PART

17  THAT I READ, DO YOU SEE ANYTHING WRONG

18  WITH THOSE INSTRUCTIONS?

19          A.    IT'S MY VIEW IN THAT SENTENCE

20  HE'S STARTING TO COACH EMPLOYEES ABOUT

21  NOT STATING ISSUES IN WAYS THAT THEY

22  WOULD BE COLLECTED OR HIT ON SEARCH TERMS

23  FOR POTENTIALLY AN ANTITRUST OR RELATED

24  MATTER.

25          Q.    OH, DID HE USE THE WORD

Page 217

```
 1   "SEARCH TERMS"?
 2        A.    NO.
 3        Q.    DID HE USE THE WORD
 4   "ANTITRUST"?
 5        A.    NO.
 6        Q.    GOT IT.
 7        A.    NOT THERE.
 8        Q.    SO LET'S KEEP READING IN THE
 9   NEXT PARAGRAPH AFTER THE WORD "SECOND".
10   I'M GOING TO PICK UP AT THE SECOND
11   SENTENCE. HE SAYS, "WE END UP REVIEWING
12   MILLIONS OF PAGES OF THESE COMMUNICATIONS
13   AS PART OF PRODUCING DOCUMENTS."
14        A.    I'M SORRY. I SEE WHERE YOU
15   ARE. OKAY. GO AHEAD.
16        Q.    WELL, WE CAN GO BACKWARDS.
17   WHEN HE SAYS "SECOND", HE THEN REFERENCES
18   THAT THERE IS OTHER FORMS OF EMAIL
19   COMMUNICATIONS BESIDES -- SORRY -- OTHER
20   FORMS OF ELECTRONIC COMMUNICATIONS
21   BESIDES EMAIL. DO YOU SEE THAT?
22        A.    YES.
23        Q.    OKAY. NOW I'M GOING TO START
24   PARAPHRASING, SINCE APPARENTLY I'VE LOST
25   MY ABILITY TO READ PROPERLY.
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 218

1          HE THEN REFERENCES REVIEWING
2    MILLIONS OF PAGES IN REGULATORY AND
3    LITIGATION MATTERS. DO YOU SEE THAT?
4          A.    YES.
5          Q.    AND THEN HE SAYS, "WE'RE
6    WORKING TO STREAMLINE AND SIMPLIFY THAT
7    PROCESS." DO YOU SEE THAT?
8          A.    I DO.
9          Q.    AND, SIR, BY THE WAY, YOU'RE
10   FAMILIAR WITH THIS EMAIL BEFORE THIS
11   DEPOSITION, RIGHT?
12         A.    I'VE SEEN IT, YES, CITED IN MY
13   REPORT.
14         Q.    IT IS AFTER TALKING ABOUT THAT
15   DOCUMENT REVIEW THAT THEY'RE WORKING TO
16   STREAMLINE THAT THE ANNOUNCEMENT IN THE
17   CHANGE IN CHAT IS THEN ANNOUNCED, RIGHT,
18   SIR?
19         A.    YES.
20         Q.    AND IN THAT ANNOUNCED CHANGE
21   IT STARTS, "TO HELP AVOID INADVERTENT
22   RETENTION OF INSTANT MESSAGES WE HAVE
23   DECIDED TO MAKE OFF THE RECORD THE GOOGLE
24   CORPORATE DEFAULT SETTING FOR GOOGLE
25   TALK." AND IT IS THIS CHANGE IN CORPORATE

Page 219

1  SETTING THAT YOU WERE CRITICAL OF IN YOUR

2  REPORT, RIGHT, MR. GRANDE?

3       A.    AMONGST OTHER THINGS, YES.

4       Q.    AND BY THE WAY, THIS

5  INSTRUCTION RELATED TO THE CHANGE -- I'M

6  SORRY -- THIS ANNOUNCEMENT ON THE CHANGE

7  SPECIFICALLY TELLS FOLKS WHAT TO DO WHEN

8  THEY'RE ON LITIGATION HOLD, RIGHT?

9       A.    WHICH PART ARE YOU REFERRING

10 TO?

11      Q.    FOURTH SENTENCE FROM THE LAST

12 IT SAYS, "IF YOU'VE RECEIVED NOTICE".

13 IT'S ABOUT HALFWAY. IT SAYS, "IF YOU'VE

14 RECEIVED NOTICE THAT YOU ARE SUBJECT TO A

15 LITIGATION HOLD AND YOU MUST CHAT

16 REGARDING MATTERS COVERED BY THAT HOLD,

17 PLEASE MAKE SURE THAT THOSE CHATS ARE ON

18 THE RECORD."

19      A.    YES, THAT'S MENTIONED.

20      Q.    AND WE KNOW THAT "ON THE

21 RECORD" MEANS TO TELL FOLKS TO MAKE SURE

22 THAT THE HISTORY IS ON, RIGHT?

23      A.    THAT'S WHAT THAT MEANS.

24      Q.    DO YOU AGREE THAT FOR

25 COMPANIES ONE OF THE BIGGEST DATA RISKS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 220

1    IS HAVING UNCHECKED DATA VOLUMES?

2            MR. RENARD:  OBJECTION, FORM.

3        A.    FOR SOME COMPANIES THAT'S A

4    CONCERN, YES.

5        Q.    AND DO YOU RECALL EVER

6    SUGGESTING TO INHOUSE COUNSEL THAT THEY

7    SHOULD ACTUALLY MAKE REGULAR DATA

8    DELETION A PART OF THEIR PROCESS?

9        A.    THAT'S SOMETHING THAT I WOULD

10   RECOMMEND TO COMPANIES, YES.

11       Q.    WHY?

12       A.    I MEAN, IF THERE'S NO

13   LITIGATION HOLD IN PLACE, DATA SHOULD NOT

14   BE KEPT FOREVER.

15       Q.    WHY NOT?

16       A.    IT CAN BE BUT, YOU KNOW, FOR A

17   COMPANY THAT HAS SPACE LIMITATIONS OR

18   ISSUES REGARDING THE AMOUNT OF DATA

19   THEY'RE STORING, WHICH IS NOT AN ISSUE IN

20   THIS CASE, I -- THAT THERE -- YOU KNOW,

21   THERE COULD BE DEFENSIBLE DELETION OF OLD

22   DATA THAT'S -- THAT'S NOT REQUIRED TO BE

23   KEPT ANYMORE, ASSUMING THERE IS NO

24   LITIGATION HOLD IN PLACE.

25       Q.    OKAY. SIR, THIS ADVICE THAT

Page 221

1    YOU HAVE GIVEN ABOUT MAKING DATA DELETION

2    A PART OF YOUR USUAL PROCESS, THAT'S NOT

3    BEEN LIMITED TO COMPANIES WITH SPACE

4    LIMITATIONS, HAS IT?

5         A.    THERE ARE DIFFERENT FACTORS

6    THAT COULD AFFECT WHICH COMPANIES WOULD

7    WANT TO PUT IN PLACE A POLICY THAT

8    DELETES DATA AFTER CERTAIN PERIODS OF

9    TIME.

10        Q.    SO THAT WAS NOT MY QUESTION.

11   THE DATA -- THE ADVICE THAT YOU HAVE

12   GIVEN TO COMPANIES TO MAKE IT A REGULAR

13   PART OF THEIR PROCESS, GET RID OF OLD

14   DATA YOU DON'T NEED, THAT ADVICE HAS NOT

15   BEEN LIMITED TO COMPANIES FACING

16   RESTRICTIONS ON STORAGE SPACE, IS IT?

17        A.    AGAIN, EACH COMPANY HAS

18   CERTAIN SPECIFIC REQUIREMENTS, IT'S NOT

19   LIMITED TO -- TO A SPECIFIC TYPE OF

20   COMPANY, BUT COMPANIES CAN HAVE IN PLACE

21   RETENTION POLICIES THAT CALL FOR DATA TO

22   BE DELETED AFTER CERTAIN PERIODS OF TIME.

23        Q.    THAT WAS NOT MY QUESTION, SO

24   I'LL TRY IT AGAIN.

25             DON'T YOU CONSIDER IT A BEST

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 222

1    PRACTICE TO MAKE REGULAR DATA DELETION A

2    PART OF A COMPANY'S PROCESS?

3          A.    I WOULD SAY THAT DEPENDS ON

4    THE FACTORS AT ISSUE FOR THAT PARTICULAR

5    COMPANY.

6          Q.    AND IN ADDITION TO DATA VOLUME

7    THERE IS OTHER REASONS FOR A COMPANY TO

8    HAVE DATA DELETION A REGULAR PART OF ITS

9    ONGOING PROCESS, RIGHT? FOR EXAMPLE, TO

10   PREVENT PRIVACY VIOLATIONS.

11         A.    YES.

12         Q.    ANOTHER EXAMPLE IS A COMPANY

13   COULD BE HACKED AND YOU MIGHT AS WELL

14   HAVE ALREADY GOTTEN RID OF INFORMATION

15   THAT WAS OBSOLETE TO BEGIN WITH, RIGHT?

16         A.    YES, THAT'S CORRECT.

17               THE WITNESS:  SHOULD WE --

18               MR. RENARD:  WOULD YOU LIKE TO

19         TAKE A BREAK?

20               THE WITNESS:  I'D LIKE TO USE

21         THE BATHROOM.

22               VIDEOGRAPHER:  TIME IS 3:02

23         P.M.  WE'RE GOING OFF THE RECORD.

24               (RECESS IS TAKEN.)

25               VIDEOGRAPHER:  THE TIME IS

Page 223

```
 1        3:21 P.M.  WE ARE BACK ON THE
 2     RECORD.
 3        Q.    MR. GRANDE, BY THE WAY, AM I
 4     MISPRONOUNCING YOUR NAME?  IS THIS A AND
 5     --
 6        A.    YOU HAVE IT RIGHT. LIKE
 7     STARBUCKS OR ARIANNA.
 8        Q.    BEFORE THE BREAK WE WERE
 9     TALKING ABOUT SOME BEST PRACTICE GUIDANCE
10     YOU HAD PARTICIPATED IN RELAYING TO
11     INHOUSE.  I WANT TO RETURN TO THAT TOPIC.
12           CAN WE AGREE THAT FOR A
13     COMPANY A WELL-PLANNED RETENTION POLICY
14     WILL REDUCE THE DATA THAT'S BEING SAVED
15     AS THE COMPANY AND ITS EMPLOYEES WILL
16     KNOW WHAT THEY CAN AND CANNOT DELETE?
17        A.    THAT'S A FAIR STATEMENT.
18        Q.    AND CAN WE AGREE THAT REDUCING
19     THE AMOUNT OF ESI CAN ACTUALLY MAKE
20     COLLECTING DATA AND COMPLYING WITH
21     DISCOVERY REQUESTS MUCH MORE MANAGEABLE?
22        A.    THAT'S A FAIR STATEMENT.
23        Q.    NOW, BACK TO THE 2008 MEMO
24     FROM MR. COUGHRAN AND MR. WALKER, EXHIBIT
25     10.  BACK IN THAT TIMEFRAME ISN'T IT TRUE
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 224

1    THAT FEDERAL RULE 37(E), THE RULE

2    REGARDING SANCTIONS FOR ESI, WAS VERY

3    DIFFERENT BACK THEN?

4          A.    IT DID CHANGE AFTER THAT DATE.

5          Q.    BUT IT WAS COMPLETELY

6    REWRITTEN IN DECEMBER OF 2015 -- SORRY --

7    IT WAS COMPLETELY REWRITTEN IN THE

8    DECEMBER 2015 AMENDMENTS, RIGHT?

9          A.    IT CHANGED. I WOULDN'T SAY IT

10   WAS COMPLETELY REWRITTEN BUT IT WAS

11   CHANGED IN THE 2015 RULES.

12         Q.    LET ME HAND YOU WHAT I'M

13   MARKING AS EXHIBIT 11.

14              (GRANDE EXHIBIT 11, APPENDIX

15         A14, CORPORATE LEGAL DEPARTMENTS,

16         AUTHORED BY IGNATIUS GRANDE WAS

17         RECEIVED AND MARKED ON THIS DATE

18         FOR IDENTIFICATION.)

19         Q.    DID YOU WRITE EXHIBIT 11?

20         A.    YES.

21         Q.    AND YOU WROTE IT WHILE YOU

22   WERE AT BRG, CORRECT?

23         A.    I UPDATED IT AT BRG.

24         Q.    GOT IT. AND AT THE VERY TOP IT

25   SAYS APPENDIX A14. WAS THIS AN APPENDIX

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 225

1  TO SOMETHING ELSE?

2        A.    YES. THIS IS AN APPENDIX OR

3  CHAPTER TO -- I BELIEVE IT'S IN MY CV,

4  THE TITLE OF THE TREATISE.

5        Q.    WAS IT CALLED ELECTRONIC

6  DISCOVERY -- NO, SORRY.

7              MR. RENARD:  OR THE CV

8        ATTACHED TO YOUR REPORT?

9        A.    RIGHT. THIS IS A CHAPTER IN

10  CORPORATE LEGAL DEPARTMENTS.

11        Q.    OH, SO IF YOU LOOK AT PAGE 2

12  IT ACTUALLY SAYS CORPORATE LEGAL

13  DEPARTMENTS.  I JUST DIDN'T REALIZE, IS

14  THAT THE TITLE OF THE PUBLICATION?

15        A.    CORRECT.

16        Q.    WAS IT ALSO THE INTENDED

17  AUDIENCE FOR THIS CHAPTER THAT IS

18  CORPORATE INHOUSE COUNSEL?

19        A.    AT LEAST IN PART I WOULD SAY.

20  I DON'T KNOW WHO BUYS THE BOOK.

21        Q.    IS IT IS PHYSICAL BOOK?

22        A.    IT IS A TREATISE TYPE BOOK

23  THAT GETS UPDATED.  I BELIEVE THERE'S

24  ALSO AN ONLINE EDITION.

25        Q.    GOT IT. AND AM I RIGHT YOU

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 226

1  WROTE THIS IN 2019?

2      A.    I ORIGINALLY WROTE IT AN

3  EARLIER DATE BUT IT WAS UPDATED AS

4  RECENTLY AS 2019.

5      Q.    OKAY.  SO LET'S GO TO PAGE 9

6  UNDER SANCTIONS RISK, THE THIRD SENTENCE

7  THAT BEGINS WITH THE REFERENCE TO THE

8  RULE. LET ME KNOW WHEN YOU'RE THERE.

9      A.    OKAY. I SEE THAT.

10     Q.    YOU WROTE, "RULE 37(E) OF THE

11 FEDERAL RULES OF CIVIL PROCEDURE WHICH

12 GOVERNS SANCTIONS FOR FAILURE TO PRESERVE

13 ESI WAS COMPLETELY REWRITTEN IN THE

14 DECEMBER 2015 AMENDMENTS IN ORDER TO

15 PROVIDE A UNIFORM STANDARD FOR WHICH

16 COURTS CAN GIVE AN ADVERSE INFERENCE

17 INSTRUCTION OR IMPOSE OTHER SANCTIONS TO

18 REMEDY ESI LOSS." THAT'S WHAT YOU WROTE,

19 SIR, RIGHT?

20     A.    I DID.  THAT IS WHAT I WROTE,

21 YES.

22     Q.    AND THAT IS ACCURATE?

23     A.    YES, THAT'S WHAT I WROTE.

24     Q.    AND ACTUALLY -- SORRY, THE

25 REVISION COMPLETELY REPEALED AND REPLACED

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 227

1   WHAT HAD PREVIOUSLY BEEN KNOWN AS RULE
2   37(E)'S SAFE HARBOR PROVISION WHICH
3   BARRED SANCTIONS WHEN A PARTY LOST
4   INFORMATION AS A RESULT OF THE GOOD FAITH
5   OPERATION ELECTRONICALLY -- OF AN
6   ELECTRONIC SYSTEM. DID I READ THAT RIGHT,
7   SIR?
8        A.    WHEN I SAID IT CHANGED, THAT
9   WAS THE CHANGE THAT TOOK PLACE IN 2015.
10       Q.    AND NOT JUST CHANGE, IT WAS
11  COMPLETELY REWRITTEN TO PROVIDE THIS NEW
12  STANDARD, RIGHT?
13       A.    THAT'S FAIR. THAT'S HOW I
14  WROTE THIS, YES.
15       Q.    AND BEFORE THAT CHANGE THERE
16  WAS A SAFE HARBOR, AS YOU DESCRIBED, THAT
17  WHEN FOLKS WERE IN GOOD FAITH JUST
18  OPERATING YOUR ELECTRONIC SYSTEMS IN A
19  ROUTINE MANNER, RIGHT?
20       A.    YES.
21       Q.    AFTER THE YEAR 2015 CAN YOU
22  CITE FOR US ANY MASS COMMUNICATION OR
23  MASS TRAINING AT GOOGLE THAT IN YOUR
24  OPINION ENCOURAGED EMPLOYEES TO GO OFF
25  THE RECORD TO AVOID CREATING SOME KIND OF

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 228

1  EVIDENCE?

2              MR. RENARD:  OBJECTION, FORM.

3      Q.    AND IF YOU NEED HELP, THE PART

4  OF YOUR REPORT THAT ADDRESSES THE -- THIS

5  TOPIC THAT WE HAVEN'T ALREADY LOOKED AT

6  IS ON PAGE 43, PARAGRAPH 132.

7      A.    AS FAR AS TRAINING, AS I

8  REFERENCE IN THAT PARAGRAPH, I DO

9  REFERENCE AN UNDATED INTERNAL GOOGLE

10 COMMUNICATE WITH CARE TRAINING BUT AS --

11 AS IT STATES IT WAS UNDATED.

12     Q.    SO SITTING HERE TODAY -- SO

13 LET'S READ WHAT YOU WROTE IN PARAGRAPH

14 132. YOU OPINE THAT, "GOOGLE GUIDED ITS

15 EMPLOYEES TO 'FIND WAYS TO NOT PUT IN

16 WRITING'" -- I'LL WAIT FOR YOU TO GET

17 THERE, PAGE 132 -- "TO NOT PUT IN WRITING

18 POTENTIALLY RESPONSE" -- DID YOU MEAN

19 "RESPONSIVE?"

20     A.    I BELIEVE I DID.

21     Q.    -- "ANTITRUST DISCUSSIONS."

22             SO ARE YOU ABLE TO POINT TO US

23 ANY INSTRUCTIONS TO THE ENTIRE COMPANY OR

24 LARGE GROUPS WITHIN THE COMPANY TO DO

25 THAT AFTER THE CURRENT VERSION OF RULE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 229

1  37(E) CAME INTO BEING?

2      A.    THAT PARAGRAPH I DON'T CITE TO

3  COMMUNICATIONS THAT TOOK PLACE AFTER

4  2015.  THAT BEING SAID, AGAIN, YOU KNOW,

5  IT'S MY UNDERSTANDING THAT COMMUNICATE

6  WITH CARE TRAINING WAS NOT A ONE-TIME

7  TRAINING. AND BASED UPON THE CHATS AND

8  EMAILS THAT I HAVE SEEN IN THIS CASE,

9  THAT CULTURE OR THAT -- YOU KNOW, THE

10  IDEA OF KEEPING "HISTORY OFF" WAS

11  SOMETHING THAT WAS FOLLOWED AND

12  IMPLEMENTED THROUGH 2023, YOU KNOW FROM

13  MY REVIEW OF DOCUMENTS IN THIS CASE.

14          MS. NAJAM:  OKAY. I'LL OBJECT

15      AS NONRESPONSIVE.

16      Q.    YOUR UNDERSTANDING THAT

17  COMMUNICATE WITH CARE TRAININGS CONTINUED

18  TO 2023, WHAT WAS THAT BASED ON, PRODUCED

19  CONVERSATIONS?

20      A.    I SAID THERE WAS NO DATE ON

21  THAT TRAINING, SO I DON'T HAVE A DATED

22  COPY OF THAT POWERPOINT THAT SHOWS IT WAS

23  PRESENTED AT A CERTAIN DATE AND TIME BUT

24  WE DO HAVE EVIDENCE THAT THAT WAS A

25  TRAINING THAT WAS PUT IN PLACE.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 230

1          Q.    OKAY. WHAT I WANT TO KNOW IS

2    NOT WHETHER YOU THINK COMMUNICATE WITH

3    CARE TRAINING IS CONTINUED.

4              HAVE YOU SEEN ANY ACTUAL

5    COMMUNICATION OR TRAINING THAT WAS GIVEN

6    TO ALL EMPLOYEES OR A LARGE GROUP OF

7    EMPLOYEES THAT SPECIFICALLY SUGGESTED, IN

8    YOUR MIND, FOLKS, KEEP STUFF OFF THE

9    RECORD TO NOT CREATE ANTITRUST EVIDENCE?

10              MR. RENARD:   OBJECTION TO

11         FORM.

12         A.    OTHER THAN WHAT I HAVE CITED

13    HERE, AT THIS POINT IN TIME I CAN'T THINK

14    OF SOMETHING POST 2015 THAT WAS TO ALL

15    GOOGLE EMPLOYEES.

16         Q.    BUT YOU SAID "OTHER THAN WHAT

17    I'VE CITED HERE." YOU'VE ACTUALLY NOT

18    CITED HERE TO ANYTHING POST 2015, HAVE

19    YOU?

20         A.    THAT'S RIGHT.

21         Q.    SO I'M GOING TO -- LET ME ASK

22    YOU THIS, IS IT YOUR OPINION THAT IF AN

23    IMPROPER SUGGESTION LIKE THE ONE YOU

24    BELIEVE WAS MADE IN 2007 OR 2008, IF THAT

25    HAPPENED OVER A DECADE AGO, THEN FOREVER

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 231

1    THE COURT SHOULD ASSUME THE COMPANY HAS A

2    MOTIVE OF DESTROYING EVIDENCE?

3            MR. RENARD:  OBJECTION TO

4        FORM.

5        A.    NO.   THAT IS JUST ONE EMAIL

6    AMONGST MANY DIFFERENT PIECES OF -- MANY

7    DIFFERENT DOCUMENTS AND PIECES OF

8    EVIDENCE THAT DO SHOW THIS WAS AN ONGOING

9    POLICY WITHIN GOOGLE AND CULTURE THAT

10   ALLOWED FOR VERY LARGE NUMBERS OF GOOGLE

11   CHATS TO NOT BE PRESERVED IN THIS CASE.

12       Q.    WELL, OKAY.  THEN I WILL TWEAK

13   MY QUESTION A LITTLE BIT.

14           IF THE COURT SEES EVIDENCE

15   THAT IN THE 2007 TO 2015 TIME PERIOD

16   THERE REALLY WAS A CULTURE THAT YOU HAVE

17   DESCRIBED OF KEEPING THINGS OFF THE

18   RECORD, TO NOT CREATE ANTITRUST EVIDENCE,

19   IS THE COMPANY STUCK WITH THAT FOREVER,

20   THAT INTENT?

21           MR. RENARD:  OBJECTION TO

22       FORM.

23       A.    COULD YOU REPHRASE THAT? I'M

24   NOT SURE WHAT YOU'RE ASKING.

25       Q.    SURE. YOU HAVE OFFERED AN

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 232

1    OPINION THAT GOOGLE HAD AN ONGOING POLICY

2    AND CULTURE FOR CHATS NOT TO BE

3    PRESERVED; IS THAT RIGHT?

4        A.    YES.

5        Q.    AND NOT JUST ANY CHATS. YOUR

6    OPINION IS THAT THE GOAL WAS TO NOT PUT

7    STUFF IN WRITING THAT MAY BE RESPONSIVE

8    TO ANTITRUST DISCUSSIONS, RIGHT?

9        A.    I THINK IT WAS A COMBINATION

10   OF VARIOUS FACTORS. THAT WAS ONE OF THEM.

11       Q.    SO MY POINT, MY QUESTION IS,

12   IF ALL THE EVIDENCE YOU SEE IS FROM TIME

13   PERIOD A -- WE'RE GOING TO CALL IT TIME

14   PERIOD A -- FOR HOW LONG IN YOUR OPINION

15   SHOULD A COURT BE ABLE TO SAY, WELL, THAT

16   IS, IN FACT, WHAT THE COMPANY WAS

17   THINKING? IS IT 20 YEARS, IS IT 30 YEARS,

18   OR IS THERE NO SCIENCE TO THAT?

19           MR. RENARD:  OBJECTION TO

20       FORM.

21       A.    THERE'S EVIDENCE THROUGHOUT

22   THE ENTIRE TIME PERIOD UP UNTIL 2023 THAT

23   GOOGLE'S POLICIES WERE SET UP IN A WAY TO

24   ENCOURAGE THE "HISTORY OFF" BEING THE

25   DEFAULT SETTING. MANY EMPLOYEES STATED IN

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 233

1    THEIR DEPOSITION TRANSCRIPTS THAT THEY

2    WOULD NOT CHANGE THE DEFAULT SETTINGS. SO

3    IF IT WAS "HISTORY OFF", THAT WOULD MEAN

4    EVEN IF THEY WERE TALKING ABOUT SOMETHING

5    POTENTIALLY RESPONSIVE TO A LITIGATION

6    HOLD THEY WOULD NOT TURN "HISTORY ON".

7    AND, YOU KNOW, AS I'VE MENTIONED IN

8    RESPONSE TO AN EARLIER QUESTION, THERE

9    ALSO WAS CONFUSION, AS I NOTE ON PAGE 42

10   OF MY REPORT, THAT WHEN HISTORY WAS ON OR

11   OFF AND THAT WAS NOT FIXED OR ADDRESSED

12   BY GOOGLE, I THINK WHAT IS A BIGGER ISSUE

13   HERE IS GOOGLE CREATES THESE -- CREATES

14   THE GOOGLE CHAT PLATFORM, THIS IS NOT

15   SOMETHING THAT THEY'RE USING THAT IS A

16   PLATFORM IS DIFFICULT TO OPERATE THAT

17   SOMEONE ELSE -- THAT THEY PURCHASED FROM

18   SOMEONE ELSE. THEY HAVE THE ABILITY TO

19   SET THIS UP IN A WAY THAT WILL RETAIN

20   INFORMATION AND IT WAS NOT SET UP IN A

21   WAY TO ALLOW FOR RETENTION OF POTENTIALLY

22   RESPONSIVE CHAT MESSAGES.

23          MS. NAJAM:  I'LL OBJECT AS

24       NONRESPONSIVE.

25          Q.    DO YOU REMEMBER WHAT MY

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 234

1   QUESTION WAS OR DO WE NEED TO GO FIND IT?

2        A.    YOU CAN REASK.

3             (GRANDE EXHIBIT 12, COPY OF

4        GOOGLE CHAT RETENTION POLICY, DATED

5        AS OF NOVEMBER 2020, WAS RECEIVED

6        AND MARKED ON THIS DATE FOR

7        IDENTIFICATION.)

8        Q.    ACTUALLY, LET'S MOVE ON.

9             SORRY, I JUST HANDED YOU WHAT

10  I MARKED AS EXHIBIT 12. THIS IS THE

11  GOOGLE CHAT RETENTION POLICY THAT YOU --

12  THIS IS A GOOGLE CHAT RETENTION POLICY

13  THAT YOU CITED IN YOUR REPORT. ARE YOU

14  FAMILIAR WITH THIS?

15       A.    YES.

16       Q.    THIS DOESN'T SAY THAT OUR

17  POLICY IS AIMED TOWARDS CREATING -- SORRY

18  -- PREVENTING THE CREATION OF EVIDENCE,

19  DOES IT?

20            MR. RENARD:   OBJECTION TO

21       FORM.

22       A.    NO, IT DOESN'T STATE THAT.

23       Q.    FOR THE RECORD, THIS POLICY

24  WAS LAST MODIFIED IN NOVEMBER OF 2020. DO

25  YOU SEE THAT AT THE TOP?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 235

1      A.     YES.  POLICY LAST MODIFIED
2    NOVEMBER 2020, PAGE LAST MODIFIED
3    FEBRUARY 25TH, 2020.
4      Q.     GREAT. AND UNDERNEATH THAT IT
5    SAYS, "OUR GOOGLE CHAT RETENTION POLICY
6    AIMS TO REDUCE REDUNDANT, OBSOLETE AND
7    TRIVIAL INFORMATION IN CORPORATE CHATS BY
8    HELPING US ALL FOCUS ON OUR MOST
9    MEANINGFUL AND USEFUL MESSAGES, WE CAN
10   REDUCE TIME SPENT SIFTING THROUGH
11   IRRELEVANT, OLD MESSAGES AND REDUCE
12   STORAGE COSTS." DID I READ THAT RIGHT?
13     A.     YES. THAT'S WHAT THAT SAYS.
14     Q.     AND SIR, LET ME ASK YOU THIS,
15   RULE 37(E)(2), THAT'S THE ONE THAT ALLOWS
16   A COURT TO DRAW AN ADVERSE INFERENCE OR
17   TO INSTRUCT A JURY TO POTENTIALLY DRAW
18   ONE; IS THAT RIGHT?
19           MR. RENARD:  OBJECTION, FORM.
20     Q.     DO YOU WANT TO GO BACK TO --
21     A.     I BELIEVE THAT'S THE CASE.
22     Q.     GOOD. BECAUSE I DON'T KNOW
23   WHAT NUMBER I AFFORDED THE RULE IN TERMS
24   OF EXHIBITS.
25     A.     8.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 236

1      Q.    THANK YOU. AND FOR THAT PART

2  OF THE RULE THAT IS NUMBER (2), THAT

3  REQUIRES THAT THE PARTY ACTED WITH THE

4  INTENT TO DEPRIVE ANOTHER PARTY OF THE

5  INFORMATION'S USE, RIGHT?

6      A.    THAT'S CORRECT.

7      Q.    AND MORE SPECIFICALLY, TO

8  DEPRIVE ANOTHER PARTY OF THE

9  INFORMATION'S USE IN THE LITIGATION?

10     A.    THAT'S WHAT (2) SAYS, CORRECT.

11     Q.    AND IN THE LITIGATION, SO

12  HERE, FOR EXAMPLE, THAT WOULD MEAN THE

13  STATE'S LAWSUIT AGAINST GOOGLE, RIGHT?

14          MR. RENARD:  OBJECTION, FORM.

15     A.    THAT WOULD BE MY

16  INTERPRETATION.

17     Q.    THAT IS THE LITIGATION IN

18  WHICH THE SANCTIONS ARE BEING SOUGHT,

19  RIGHT?

20     A.    I BELIEVE SO.

21     Q.    CAN WE AGREE THAT THE DUTY TO

22  PRESERVE -- SORRY -- THAT RULE 37(E),

23  THAT IT DOES NOT APPLY WHEN THE

24  INFORMATION IS LOST BEFORE THE DUTY TO

25  PRESERVE ARISES?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 237

1          MR. RENARD:  OBJECTION, FORM.

2      A.    ARE YOU SAYING IT STATES THAT

3  SOMEWHERE OR --

4      Q.    I'M ASKING IF YOU AGREE WITH

5  THAT PROPOSITION, THAT AS A PART OF YOUR

6  EDISCOVERY WORK IN ADVISING CLIENTS ON

7  WHEN TO KEEP AND HOW TO KEEP IT, YOU'RE

8  AWARE THAT THERE IS NO DUTY TO PRESERVE,

9  THAT IS IT DOESN'T APPLY WHEN THE

10 INFORMATION IS LOST BEFORE THAT DUTY EVEN

11 ARISES?

12     A.    THAT'S FAIR.

13     Q.    I WANT TO TALK A LITTLE BIT

14 MORE ABOUT SOME SEDONA CONFERENCE

15 MATERIALS. SO I'M GOING TO MARK ONE AND

16 HAND IT TO YOU.

17          (GRANDE EXHIBIT 13, SEDONA

18          CONFERENCE, INDUSTRY STANDARDS,

19          VOLUME 22 IN RE: EPHEMERAL

20          MESSAGING WAS RECEIVED AND MARKED

21          ON THIS DATE FOR IDENTIFICATION.)

22     Q.    SO I'VE HANDED YOU EXHIBIT 13.

23 I'M GOING TO WAIT FOR THE SIRENS.

24          MR. RENARD:  IN NEW YORK THAT

25          MAY BE AN ETERNITY.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 238

1         Q.     SIR, THIS IS ONE OF THE

2    INDUSTRY STANDARDS THAT YOU HAVE RELIED

3    ON IN FORMING YOUR OPINIONS IN THIS CASE,

4    RIGHT?

5         A.     YES.

6         Q.     AND I TAKE IT YOU ARE FAMILIAR

7    WITH EXHIBIT 13, WHICH IS VOLUME 22? IT'S

8    THEIR COMMENTARY ON EPHEMERAL MESSAGING.

9         A.     YES.

10        Q.     AND THIS WAS ISSUED IN 2021,

11   RIGHT, SIR?

12        A.     THAT'S CORRECT.

13        Q.     AND SITTING HERE TODAY, IS

14   THERE ANY OBSERVATIONS OR GUIDANCE IN

15   THIS PARTICULAR VOLUME THAT YOU KNOW YOU

16   DISAGREE WITH?

17        A.     I DON'T RECALL DISAGREEING

18   WITH A SPECIFIC STATEMENT. ALTHOUGH, THIS

19   IS NOW THREE YEARS OUT OF DATE BUT THREE

20   YEARS HAVE PASSED.

21        Q.     ARE YOU AWARE OF ANYTHING THAT

22   THIS PARTICULAR VOLUME TOUCHES ON WHERE

23   YOU BELIEVE THINGS HAVE SIGNIFICANTLY

24   CHANGED IN THE LAW OR IN THE TECH IN THE

25   LAST THREE YEARS?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 239

1        A.    I HAVEN'T REVIEWED IT FOR THAT

2    PURPOSE. I CAN IF YOU LIKE.

3        Q.    NO. AM I RIGHT THAT YOU

4    CONSULTED THIS IN WRITING YOUR REPORT?

5        A.    I DID.

6        Q.    AND DID YOU REVIEW IT IN

7    PREPARATION FOR YOUR DEPOSITION TODAY?

8        A.    I'VE REVIEWED IT AT SOME

9    POINT, YES.

10        Q.    AND BEFORE WE GET INTO THIS, I

11    FORGOT TO ASK YOU THIS EARLIER, CAN WE

12    AGREE THAT REASONABLE MINDS, EVEN

13    EXPERTS, CAN DISAGREE ABOUT THE

14    APPROPRIATE LEVEL OF PRESERVATION

15    REQUIRED IN A PARTICULAR CIRCUMSTANCE?

16            MR. RENARD:    OBJECTION TO

17        FORM.

18        A.    I BELIEVE THAT REASONABLE

19    MINDS CAN DISAGREE ON PRESERVATION IN

20    DIFFERENT SITUATIONS. I DON'T THINK

21    REASONABLE MINDS CAN DISAGREE ON THE

22    PRESERVATION REQUIRED IN THIS CASE.

23        Q.    OKAY. NOTED. AND BY THE WAY,

24    THE WHOLE REASON THAT THE SEDONA

25    CONFERENCE ISSUED EXHIBIT 13 IS BECAUSE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 240

1   THEY PERCEIVED A NEED FOR COURTS AND

2   REGULATORS FOR SOME GUIDANCE ON EPHEMERAL

3   MESSAGING IN PARTICULAR, RIGHT?

4        A.   I DON'T RECALL THE REASON FOR

5   ISSUING THE GUIDANCE BUT THERE WAS --

6   THERE WERE ALREADY RELEASES BY THE

7   DEPARTMENT OF JUSTICE AND OTHER

8   REGULATORS REGARDING EPHEMERAL MESSAGING

9   AT THE TIME THIS WAS ISSUED.

10       Q.   NOTWITHSTANDING THE FACT THAT

11  THERE HAD BEEN RELEASES, DO YOU REMEMBER

12  THAT THE SEDONA CONFERENCE PUT THIS OUT

13  BECAUSE -- WELL, YOU KNOW WHAT, WE'LL

14  JUST LOOK AT WHAT THEY SAID.

15       A.   YES.

16       Q.   SO LET'S LOOK AT THE

17  INTRODUCTION SECTION STARTING WITH PAGE

18  443.  IT MIGHT BE HELPFUL TO GO BACK TO

19  441, THE BEGINNING OF THE INTRODUCTION.

20  ARE YOU THERE?

21       A.   YES.

22       Q.   OKAY. AND I'M NOT GOING TO

23  READ WORD FOR WORD. I JUST WANT TO MAKE

24  SURE YOU'RE FOLLOWING WITH ME.

25            IN THE FIRST PARAGRAPH SEDONA

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 241

1    COMMENTS ABOUT EPHEMERAL MESSAGING

2    OFFERING ORGANIZATION CERTAIN BENEFITS.

3    DO YOU SEE THAT? ORGANIZATIONS.

4         A.    I'M SORRY.  WHERE ARE YOU?

5              MR. RENARD: SHE WAS TALKING

6         ABOUT THE VERY --

7         Q.    I WAS TALKING ABOUT THE

8    VERY FIRST PAGE, INTRODUCTIONS.

9         A.    YES.

10        Q.    AND THEN IN THE THIRD

11   PARAGRAPH IT SAYS, "DESPITE THE GROWING

12   USE OF EPHEMERAL MESSAGING THERE ARE

13   CONCERNS ABOUT ITS WIDESPREAD ADOPTION."

14   AND THEN IT REFERENCE REGULATORS AT DOJ

15   AND THE SEC. DO YOU SEE THAT?

16        A.    I DO.

17        Q.    THEN I WANT TO JUMP TO PAGE

18   443.  IN THE SECOND FULL PARAGRAPH IT

19   STARTS "THIS TENSION". ARE YOU WITH ME?

20        A.    YES.

21        Q.    "THIS TENSION IS ALSO APPARENT

22   FOR GOVERNMENT REGULATORS AND JUDGES WHO

23   HAVE BEEN TASKED WITH EVALUATING AN

24   ORGANIZATION'S EFFORTS AT COMPLIANCE WITH

25   A PARTICULAR LAW OR REGULATION. THESE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 242

1    DECISIONMAKERS MAY BE INCLINED TO PRESUME

2    THAT EPHEMERAL MESSAGING IS BEING USED TO

3    PREVENT REGULATORS, COURTS, LITIGATION

4    ADVERSARIES OR THE PUBLIC FROM OBTAINING

5    CRITICAL INFORMATION ABOUT THE INSIDE

6    WORKINGS OF AN ORGANIZATION." DID I READ

7    THAT CORRECTLY?

8         A.    YES.

9         Q.    AND THEN SEDONA WRITES, "A

10   CLOSER MORE THOROUGH INSPECTION MAY

11   PROVIDE A MORE BALANCED PERSPECTIVE

12   REVEALING A CORPORATE EPHEMERAL MESSAGING

13   PROGRAM IS MERITORIOUS AND DESIGNED TO

14   ADVANCE BUSINESS OBJECTIVES, INCLUDING

15   COMPLIANCE WITH CROSS-BORDER DATA

16   PROTECTION REGIMES." DID I READ THAT

17   CORRECTLY?

18        A.    YES.

19        Q.    AND THOSE ARE SOME OF THE

20   REASONS THAT LED THE SEDONA CONFERENCE TO

21   ISSUE THIS VOLUME, RIGHT?

22        A.    AMONGST OTHER REASONS.

23        Q.    WELL, IT SAYS ON THE NEXT

24   PAGE, FIRST FULL PARAGRAPH, "ALL OF WHICH

25   HAS LED THE SEDONA CONFERENCE TO PREPARE

Page 243

1    THIS DOCUMENT." RIGHT, SIR?

2        A.    AND THERE ALSO INCLUDES THE

3    LAST OR THE FIRST PARAGRAPH ON PAGE 443

4    THAT STATES THAT, "ONCE THE COMMON LAW

5    DUTY TO PRESERVE ATTACHES, USE OF

6    EPHEMERAL MESSAGING MAY CAUSE RELEVANT

7    DATA TO BE DISCARDED WHICH CAN VIOLATE

8    THAT DUTY."

9            MS. NAJAM:    OKAY. I'LL OBJECT

10        AS NONRESPONSIVE AND WE CAN MOVE

11        ON.

12        Q.    445, "THESE GUIDELINES ARE

13    DESIGNED TO HELP ORGANIZATIONS AND THEIR

14    COUNSEL IN ADDITION TO REGULATORS AND

15    COURTS AS THEY EVALUATE AND ADDRESS

16    CONFLICTING OBLIGATIONS FOR ORGANIZATIONS

17    REGARDING THEIR USE OF EPHEMERAL

18    MESSAGING." DID I READ THAT CORRECTLY?

19        A.    YES.

20        Q.    SO THE POINT OF THIS WAS TO

21    RECONCILE THE TENSIONS BETWEEN CONCERNS

22    ABOUT LOSING DATA, USING EPHEMERAL

23    MESSAGING VERSUS THE BENEFITS OF

24    EPHEMERAL MESSAGING; IS THAT AN ACCURATE

25    RECAP?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 244

1          MR. RENARD:  OBJECTION TO

2     FORM.

3          A.    AGAIN, AS FAR AS THE -- I

4     COULDN'T OPINE AS TO THE PURPOSE. I

5     BELIEVE THIS IS A COMMENTARY ON EPHEMERAL

6     MESSAGING. THAT'S THE WAY I READ IT.

7          Q.    YOU HAVE NO IDEA WHY THIS WAS

8     ISSUED, EVEN THOUGH WE JUST READ THE

9     INTRODUCTION?

10          A.    FOR A NUMBER OF THE REASONS IN

11     THAT INTRODUCTION, WHICH INCLUDE THE ONE

12     I MENTION, AMONGST OTHERS.

13          Q.    ALL RIGHT. LET'S GET A

14     CLARIFICATION STRAIGHT IN TERMS OF THE

15     PHRASE EPHEMERAL MESSAGING.

16               ARE YOU AWARE IN THIS DOCUMENT

17     SEDONA ACTUALLY WENT THROUGH AND

18     DISTINGUISHED BETWEEN PURELY EPHEMERAL

19     VERSUS QUASI-EPHEMERAL?

20          A.    AND NON-EPHEMERAL.

21          Q.    DID YOU SAY NON-EPHEMERAL?

22          A.    YES.

23          Q.    CAN WE AGREE THAT SEDONA HAS

24     DESCRIBED IT IN THIS DOCUMENT THAT

25     GOOGLE'S CHAT SYSTEM WAS EMPLOYED -- WAS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 245

1  A QUASI-EPHEMERAL MESSAGING SYSTEM? LET

2  ME KNOW IF YOU NEED HELP.

3       A.    JUST GIVE ME A SECOND TO

4  REVIEW THAT.

5            (DEPONENT REVIEWS THE

6  DOCUMENT.)

7       Q.    I'M GOING TO RETRACT MY

8  QUESTION IN THE INTEREST OF TIME. LET'S

9  PLEASE GO TO PAGE 451. ARE YOU THERE?

10      A.    I AM.

11      Q.    IT'S CALLED -- SORRY -- TWO IS

12 CALLED QUASI-EPHEMERAL MESSAGING. DO YOU

13 SEE THAT?

14      A.    THAT'S WHAT I WAS READING.

15      Q.    AND ONE EXAMPLE OF A FEATURE

16 THAT CHARACTERIZES QUASI-EPHEMERAL

17 MESSAGING IS THAT PRESERVATION IS

18 POSSIBLE IN CERTAIN CIRCUMSTANCES, RIGHT,

19 SIR, ALSO THE FIRST BULLET?

20      A.    YES.

21      Q.    AND GOOGLE'S CHAT SYSTEM AND

22 GOOGLE'S CHAT SYSTEM PRESERVATION WAS

23 POSSIBLE AS LONG AS HISTORY WAS ON,

24 CORRECT?

25      A.    THAT'S CORRECT.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 246

1      Q.    BUT THERE WAS ALSO A
2  POSSIBILITY IF HISTORY WAS OFF FOR THE
3  MESSAGE TO BE NOT SUBJECT TO BEING SAVED
4  AT ALL, CORRECT?
5      A.    THAT'S CORRECT.
6      Q.    IN THAT INSTANCE YOU WOULD
7  CONSIDER THAT, UNDER THE WAY SEDONA PUTS
8  IT, THAT WOULD BE AN EPHEMERAL MESSAGE,
9  AN OFF THE RECORD, PURELY EPHEMERAL
10 MESSAGE?
11     A.    IF IT -- IF -- SAY THAT AGAIN?
12 CAN YOU REPEAT THAT?
13     Q.    IF A MESSAGE IN GOOGLE'S
14 SYSTEM WAS SENT WITH A "HISTORY OFF",
15 THEN IN SEDONA'S WORDS THAT MESSAGE WOULD
16 BE PURELY EPHEMERAL?
17     A.    YES, THAT'S FAIR.
18     Q.    PURELY EPHEMERAL AS USED ON
19 PAGE 449.
20     A.    RIGHT.
21     Q.    LET'S MOVE ALONG.
22     A.    BUT I WOULD SAY -- I'M SORRY
23 -- BECAUSE AS FAR AS WHETHER THE WHOLE
24 SYSTEM IS QUASI-EPHEMERAL, ONE OF THE
25 REQUIREMENTS IS QUASI-EPHEMERAL MESSAGES

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 247

1  THAT THE METADATA, INCLUDING THE TIME A

2  MESSAGE WAS SENT OR RECEIVED OR THE

3  IDENTITY OF THE SENDER OR RECIPIENTS IS

4  RETAINED, MY UNDERSTANDING FROM THE LOGS

5  THAT WE PREVIOUSLY TALKED ABOUT, THAT

6  THAT IS NOT -- THAT THOSE LOGS ARE NOT

7  MAINTAINED.

8        Q.    LOOKING AT THIS PAGE AGAIN, IT

9  ACTUALLY DOESN'T SAY THAT THE FOLLOWING

10 ARE REQUIRED ELEMENTS TO CALL IT

11 QUASI-EPHEMERAL, DOES IT?

12       A.    IT SAYS, "THE FOLLOWING

13 MESSAGE MAY CHARACTERIZE QUASI-EPHEMERAL

14 MESSAGING APPLICATIONS."  I DON'T THINK

15 THIS IS INTENDED TO BE A DEFINITION

16 THAT -- YOU KNOW, THESE ARE ROUGH

17 CATEGORIES.

18       Q.    OKAY. SO JUST TO MAKE SURE WE

19 DIDN'T LOSE ANY GROUND THERE, CAN WE

20 AGREE THAT THE WAY GOOGLE'S CHAT SYSTEM

21 WAS SET UP, IT FITS IN BULLET 1 HERE

22 UNDER QUASI-EPHEMERAL, IN THAT

23 PRESERVATION WAS POSSIBLE UNDER CERTAIN

24 CIRCUMSTANCES?

25       A.    I WOULD SAY GOOGLE'S CHAT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 248

1  SYSTEM REALLY IS PROBABLY A COMBINATION

2  OF ONE, TWO AND THREE, UNDER THESE

3  FACTORS.

4        Q.    OKAY.

5        A.    IT DEPEND ON HOW YOU

6  CHARACTERIZED IT AND HOW IT WAS SET UP.

7        Q.    OKAY. WE'RE GOING TO MOVE ON.

8  LET'S LOOK AT PAGE 454.

9        A.    YES, I'M THERE.

10       Q.    OKAY. SO UNDER THE CATEGORY

11 TENSIONS ASSOCIATED WITH THE USE OF

12 EPHEMERAL MESSAGING APPLICATIONS, IN PART

13 A, SEDONA WENT THROUGH AND OUTLINED SOME

14 BENEFITS OF EPHEMERAL MESSAGING. DO YOU

15 SEE THAT?

16       A.    YES.

17       Q.    AND UNDER TITLE -- SORRY,

18 SUBHEADING 1, ORGANIZATIONAL BENEFITS, IT

19 NOTES FOR ORGANIZATIONS THAT IT "SUPPORTS

20 INFORMATION GOVERNANCE BEST PRACTICES BY

21 REDUCING UNNECESSARY DATA. IT ALSO

22 FACILITATES, AMONG OTHER THINGS,

23 COMPLIANCE WITH LEGAL REQUIREMENTS TO

24 PROTECT PERSONAL DATA, PRIVACY BY DESIGN

25 AND DATA SECURITY OBJECTIVES." DID I READ

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 249

1    THAT CORRECTLY?

2        A.    YOU DID.

3        Q.    AND BEFORE I GO -- ACTUALLY,

4    LET'S KEEP READING. UNDER INFORMATION

5    GOVERNANCE, IS THAT IG IN EDISCOVERY

6    CIRCLES?

7        A.    THAT'S CORRECT.

8        Q.    BECAUSE IN OTHER CIRCLES IT

9    MEANS SOMETHING DIFFERENT.

10            IT SAYS, "THE MASSIVE GROWTH

11   IN DATA VOLUMES HAS DRIVEN ORGANIZATIONS

12   TO ADOPT POLICIES THAT SEEK TO MANAGE THE

13   LIFECYCLE OF DATA. THE FOCUS OF THOSE

14   POLICIES IS ON RETENTION OF DATA WITH

15   ONGOING BUSINESS VALUE, AND EARLY

16   IDENTIFICATION AND ACTION TO DISCARD DATA

17   WITHOUT SUCH VALUE, RESPONSIBLE USAGE OF

18   EPHEMERAL MESSAGING TOOLS CAN OFFER

19   SIGNIFICANT ECONOMIES IN DATA STORAGE AND

20   RECORDS MANAGEMENT."

21            SO I WANT TO PAUSE THERE. WE

22   WILL READ A FEW OTHER PARTS OF THIS, MR.

23   GRANDE, BUT CAN WE AGREE THAT SEDONA

24   RECOGNIZES THAT BUSINESSES DO FOCUS ON A

25   DISTINCTION BETWEEN DATA THAT HAS ONGOING

Page 250

1   BUSINESS VALUE AND DATA THAT DOESN'T?

2          MR. RENARD:  OBJECTION TO

3      FORM.

4      A.   YES, BUT THIS IS BASED ON --

5   NOT BASED ON THE TYPE OF COMMUNICATION,

6   IT'S BASED ON WHETHER A DOCUMENT HAS

7   ONGOING BUSINESS VALUE OR NOT.

8          MS. NAJAM:  OKAY. I'LL OBJECT

9      TO EVERYTHING AFTER "YES" AS

10     NONRESPONSIVE.

11     Q.   SEDONA IS NOT CRITICIZING THE

12  POLICIES OF ORGANIZATIONS BEING FOCUSED

13  ON RETENTION OF DATA WITH ONGOING

14  BUSINESS VALUE AND EARLY IDENTIFICATION

15  AND ACTION TO GET RID OF DATA WITHOUT IT,

16  TRUE?

17         MR. RENARD:  OBJECTION, FORM.

18     A.   THAT'S WHAT THAT PROVISION

19  STATES.

20     Q.   MY QUESTION WAS, ARE WE GOING

21  TO FIND THAT SEDONA CRITICIZES THAT

22  DISTINCTION THAT ORGANIZATIONS ARE

23  MAKING?

24     A.   NO.  BUT, AGAIN, I DON'T THINK

25  THAT'S THE SAME DISTINCTION BEING MADE BY

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 251

1    GOOGLE IN THIS CASE.

2       Q.    TOTALLY GET IT.  AND I'LL

3    OBJECT TO EVERYTHING AFTER "NO" AS

4    NONRESPONSIVE. LET'S GO TO THE NEXT PAGE

5    455.

6             AT THE BOTTOM OF 455 THERE IS

7    A SENTENCE THAT GOES ONTO THE NEXT PAGE.

8    IT SAYS "LIKEWISE" -- I'M GOING TO

9    ABBREVIATE IT -- "IG POLICIES THAT

10   PRIORITIZE DATA ASSETS WITH BUSINESS

11   VALUE RATHER THAN CONTROLLING ALL

12   INFORMATION EQUALLY ENHANCE THE

13   USEFULNESS OF RETAINED INFORMATION AND

14   ARE MORE RESPONSIVE TO CHANGING END USER

15   PREFERENCES." DID I READ THAT CORRECTLY?

16      A.    SORRY, I WAS LOOKING AT THE

17   WRONG SPOT. YES, THAT'S WHAT IT SAYS.

18      Q.    AND BY THE WAY, IN ANY -- IN

19   THIS PAPER ARE WE GOING TO FIND SEDONA

20   INSTRUCTING FOLKS THAT, HEY, WHEN YOU

21   MAKE THAT DISTINCTION YOU CAN'T MAKE IT

22   ON THE KIND OF COMMUNICATION, IT HAS TO

23   BE ON THE SUBSTANCE?

24             MR. RENARD:  OBJECTION TO

25        FORM.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 252

1      A.     YEAH, WELL, IF YOU COULD
2  REPHRASE THAT? I'M NOT SURE WHAT YOU'RE
3  ASKING.
4      Q.     ANYWHERE IN THIS PAPER ON
5  EPHEMERAL MESSAGING FROM SEDONA WILL WE
6  FIND AN INSTRUCTION TO COMPANIES SAYING,
7  WHEN YOU MAKE THAT DISTINCTION BETWEEN
8  DATA WITH ONGOING BUSINESS VALUE VERSUS
9  NOT, YOU CAN'T MAKE IT BASED ON THE KIND
10 OF COMMUNICATION, IT HAS TO BE ON WHAT'S
11 IN IT?
12     A.     I BELIEVE THAT'S WHAT THAT
13 PARAGRAPH STATES. IT SAYS, "EPHEMERAL
14 MESSAGING CAN ASSIST WITH IMPLEMENTATION
15 OF THE LIFECYCLE PROCESS BY LIMITING DATA
16 WITH NO ONGOING BUSINESS VALUE."  AND
17 THEN IT HAS IN PARENTHESIS, "EXAMPLE,
18 ROUTINE COMMUNICATIONS, MEETING REQUESTS,
19 DUPLICATIVE EMAIL CHAINS TO LARGE
20 GROUPS." IT'S NOT STATING ALL CHATS. IT'S
21 SAYING CERTAIN KINDS OF COMMUNICATIONS OR
22 DOCUMENTS THAT ARE NOT SUBSTANTIVE.
23     Q.     OKAY. WE CAN MOVE ON. I
24 UNDERSTAND WHAT YOU'RE SAYING.
25     A.     AND I WOULD NOTE BEING I DID

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 253

1    CITE THIS -- THE AREA I WOULD ADDRESS IS

2    THE LEGAL RISK ON PAGE 468, WHICH IS WHAT

3    WAS CITED IN MY REPORT.

4        Q.    ARE YOU SAYING YOU'RE ONLY

5    FAMILIAR WITH PAGES THAT YOU CITED IN THE

6    REPORT?

7        A.    NO, BUT I BELIEVE THAT --

8        Q.    YOU WANT ME TO READ 468?

9        A.    NO, I THINK LEGAL RISK APPLIES

10   TO EVERYTHING WE'VE READ BECAUSE IF THERE

11   IS A LITIGATION HOLD IN PLACE, THE

12   STATEMENTS THAT YOU'VE TALKED ABOUT NO

13   LONGER APPLY IN THE SAME MANNER.

14           MS. NAJAM:  I'LL OBJECT AS

15        NONRESPONSIVE.

16        Q.    I UNDERSTAND YOUR OPINIONS.  I

17   READ THEM IN YOUR REPORT.  MY QUESTIONS

18   ARE GOING TO BE ON OTHER STUFF.

19        A.    THAT'S FINE.

20        Q.    WE'RE GOING TO GO TO THE

21   GUIDELINES THAT SEDONA PUT OUT BEGINNING

22   ON PAGE 471.

23        A.    THE SAME DOCUMENT?

24        Q.    YES. THE FIRST GUIDELINE IS,

25   "REGULATORS AND COURTS SHOULD RECOGNIZE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 254

```
 1   THAT EPHEMERAL MESSAGING MAY ADVANCE KEY
 2   BUSINESS OBJECTIVES."  RIGHT?
 3         A.    YES.
 4         Q.    AND SOME OF THE KEY BUSINESS
 5   OBJECTIVES WE'VE ALREADY ADDRESSED BUT
 6   THEY'RE COVERED IN THIS PORTION,
 7   INCLUDING DATA MINIMIZATION, RIGHT?
 8         A.    I BELIEVE THAT'S MENTIONED
 9   HERE.
10         Q.    SPECIFICALLY LIMITING THE
11   RETENTION OF CORPORATE DATA THAT HAS NO
12   ONGOING BUSINESS VALUE, RIGHT?
13         A.    YES.
14         Q.    AND IF YOU GO TO PAGE 472, THE
15   SECOND PARAGRAPH SEDONA GUIDELINE IS
16   SUGGESTING THAT COURTS CONSIDER -- MAY
17   CONSIDER THE BENEFITS SURROUNDING
18   EPHEMERAL MESSAGING IN CONNECTION WITH
19   FOUR PRINCIPAL AREAS OF IG;
20   RECORDKEEPING, DATA PRESERVATION,
21   REGULATORY SCRUTINY AND CROSS-BORDER DATA
22   TRANSFERS. AND THEN IT SAYS, "CONCERNS
23   OVER THE INTERPLAY OF EPHEMERAL MESSAGING
24   IN THESE FOUR AREAS CAN IMPACT A PARTY'S
25   LEGAL INTERESTS AS WELL AS ITS
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 255

1  REPUTATION. THIS IS PARTICULARLY THE CASE

2  WHERE REGULATORS AND COURTS MAY BE

3  INCLINED TO PRESUME THAT EPHEMERAL

4  MESSAGING IS A MEANS TO CONCEAL IMPROPER

5  CONDUCT."

6           CAN WE AGREE THAT SEDONA WANTS

7  TO CONVEY TO REGULATORS AND COURTS THAT

8  THEY SHOULD NOT AUTOMATICALLY SUSPECT

9  FOUL PLAY BY THE MERE USE OF EPHEMERAL

10 MESSAGING?

11      A.   I CAN JUST SAY WHAT THAT

12 PARAGRAPH STATES THAT REGULATORS AND

13 COURTS MAY CONSIDER THE BENEFITS OF

14 EPHEMERAL MESSAGING.

15      Q.   WELL, IF YOU KEEP READING,

16 SEDONA IS ALSO SUGGESTING THAT WHY

17 EPHEMERAL MESSAGING LIKE PHONE CALLS HAS

18 BEEN USED FOR IMPROPER PURPOSES, AND NOW

19 I'M QUOTING, "SUCH A PERCEPTION MAY BE

20 TEMPERED AS REGULATORS AND COURTS

21 CONSIDER THE BUSINESS PURPOSE SERVED BY

22 THIS TECHNOLOGY." DO YOU SEE WHERE I AM

23 NOW ON PAGE 473? IS THAT A YES?

24      A.   YES, I SEE THAT.

25      Q.   AND THEN, SIR, IT MENTIONS A

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 256

1   DOJ 2019 CHANGE IN TERMS OF ITS FCPA

2   CORPORATE ENFORCEMENT POLICY, WHERE THE

3   DOJ ABANDONED WHAT WAS UNTIL THEN AN

4   EXPRESS PROHIBITION AGAINST EPHEMERAL

5   MESSAGING BY ORGANIZATIONS SEEKING

6   COOPERATION CREDIT.

7            WERE YOU AWARE -- IS THAT

8   SOMETHING THAT YOU WERE AWARE OF?

9        A.   YES.

10       Q.   AND THAT CHANGE HAPPENED

11  BECAUSE THE DOJ REALIZED THAT THERE WAS

12  NO NEED TO AUTOMATICALLY ASSUME THAT THE

13  USE OF EPHEMERAL MESSAGING WAS BEING DONE

14  FOR WRONGDOING, TRUE?

15       A.   IT'S A FAIR DESCRIPTION OF

16  THAT -- WHY THAT CHANGE HAPPENED AND

17  AGAIN THIS IS A CHANGE BACK IN 2019.  YOU

18  KNOW, THERE'S STUFF THAT -- DOJ HAS MADE

19  RELEASES SINCE THIS WAS RELEASED.

20       Q.   OKAY. I'LL OBJECT AS

21  NONRESPONSIVE. WE'RE GOING TO GO TO PAGE

22  479 NOW.

23            SO I WANT TO ORIENT YOU

24  BECAUSE NOW.  I'M JUST TAKING YOU TO A

25  RANDOM PAGE.  WE ARE IN A SECTION THAT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 257

1   STARTS ON PAGE 476, IT'S CALLED GUIDELINE

2   3.

3          A.    GOT IT.

4          Q.    "ORGANIZATIONS SHOULD MAKE

5   INFORMED CHOICES AND DEVELOP

6   COMPREHENSIVE USE POLICIES FOR EPHEMERAL

7   MESSAGING APPLICATIONS."

8                SO JUMPING BACK TO 479, WITHIN

9   THAT SECTION SEDONA SUGGESTS IN THAT

10  FIRST SENTENCE, FULL SENTENCE ON THAT

11  PAGE, "ORGANIZATIONS MAY ALTERNATIVELY

12  SELECT A MIDDLE GROUND ALLOWING EMPLOYEES

13  TO COMMUNICATE WITH EPHEMERAL MESSAGING

14  UNTIL A LEGAL HOLD OBLIGATION ARISES, AT

15  WHICH TIME USE OF THE APPLICATION BY KEY

16  CUSTODIANS OF RELEVANT INFORMATION MAY BE

17  DISABLED OR OTHERWISE PROHIBITED FOR ANY

18  COMMUNICATIONS RELATED TO THE SUBJECT

19  MATTER OF THE HOLD."  DID I READ THAT

20  CORRECTLY?

21         A.    I THINK THAT'S PART OF THAT

22  PARAGRAPH, BUT THERE'S FURTHER DISCUSSION

23  EARLIER ON WITH REGARD TO LONGER

24  RETENTION PERIODS AND THE ABILITY TO

25  AFFECT -- OKAY.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 258

1      Q.    YOU'RE CORRECT. AND IF YOU
2  READ UP IN THAT SAME PARAGRAPH, THERE'S A
3  SHORT OPTION AND THERE IS A LONG OPTION,
4  AND WHAT I JUST READ TO YOU WAS MIDDLE
5  GROUND, RIGHT?
6      A.    THAT'S CORRECT.
7      Q.    SO I JUST WANT TO MAKE SURE
8  WE'RE READING SEDONA'S SUGGESTIONS THE
9  SAME WAY.
10         WHEN IT SAYS THAT "IT MAY BE
11  DISABLED OR OTHERWISE PROHIBITED FOR ANY
12  COMMUNICATIONS RELATING TO THE SUBJECT
13  MATTER OF THE HOLD", CAN WE AGREE THAT
14  SEDONA IS NOT SUGGESTING THAT PHYSICALLY
15  DISABLING EPHEMERAL MESSAGING IS BEST
16  PRACTICE -- I'M SORRY -- IS THE ONLY BEST
17  PRACTICE?
18         MR. RENARD:  OBJECTION TO
19     FORM.
20      A.    I WOULD AGREE THAT SEDONA SETS
21  FORTH DIFFERENT OPTIONS REGARDING
22  PRESERVATION, NOT JUST DISABLING.
23      Q.    YOU CAN PUT EXHIBIT 13 ASIDE.
24  YOU MENTIONED A COUPLE OF TIMES TODAY
25  THAT IN YOUR OPINION EMPLOYEES MAY HAVE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 259

1    BEEN CONFUSED BY THE RETENTION SETTING.

2    DO YOU RECALL THAT?

3        A.    I BELIEVE REGARDING THE

4    ABILITY TO TURN HISTORY ON OR OFF IS WHAT

5    I WAS REFERENCING.

6        Q.    SO LET'S LOOK AT PAGE 42 OF

7    YOUR REPORT.  THERE IS AN IMAGE THERE.

8    LET ME JUST MARK THAT AS A SEPARATE

9    EXHIBIT. IT WILL BE EXHIBIT 14.

10            (GRANDE EXHIBIT 14, IMAGE FROM

11        EXPERT REPORT, WAS RECEIVED AND

12        MARKED ON THIS DATE FOR

13        IDENTIFICATION.)

14        Q.    IN EXHIBIT 14, THAT IS THE

15    EXACT SAME IMAGE THAT YOU EXCERPTED IN

16    YOUR REPORT, RIGHT, IT'S JUST BIGGER?

17        A.    YES.

18        Q.    ACTUALLY, I'M SORRY, IT'S THE

19    -- IT'S THE PICTURE, ITSELF, OF WHAT YOU

20    FOUND TO APPEAR CONFUSING, THAT IS THE

21    CLOCK WITH A SLASH IN IT?

22        A.    YES. THIS IS AN ATTACHMENT TO

23    A LONGER CHAT/EMAIL CORRESPONDENCE.

24        Q.    OKAY. I JUST WANT TO MAKE SURE

25    I UNDERSTAND. I UNDERSTAND THAT YOU HAVE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 260

1  QUOTED SOME PEOPLE'S DISCUSSIONS ABOUT

2  THE CLOCK WITH THE SLASH. YOU'RE NOT

3  OPINING THAT ANY PERSON AT GOOGLE

4  COULDN'T READ THE WORDS "HISTORY ON" THAT

5  ARE NEXT TO THE CLOCK WITH THE SLASH, ARE

6  YOU, SIR?

7        A.    NO, BUT THE -- WHAT I AM

8  SUGGESTING IS THAT THE CLOCK WITH THE

9  SLASH IS ALL THAT WOULD APPEAR WHEN

10  SOMEONE WAS SENDING A CHAT TO SHOW THAT

11  HISTORY WAS ON OR OFF. YOU WOULDN'T

12  NECESSARILY HAVE THE LANGUAGE THERE.

13        Q.    OKAY. I UNDERSTAND. BUT IF

14  ANYONE ACTUALLY HIT ANY KIND OF DROPDOWN

15  EVER THEY WOULD ACTUALLY RECEIVE THE TEXT

16  ALONG WITH THAT CLOCK WITH A SLASH,

17  RIGHT, THE TEXT THAT SAYS "HISTORY ON"?

18        A.    I BELIEVE THEY HAVE TO CLICK

19  ON THE -- ON THAT ICON TO MAKE THAT

20  CHANGE TO SEE WHAT WAS "HISTORY ON" WHAT

21  WAS "HISTORY OFF".

22        Q.    OKAY. HOW MANY EXAMPLES OF

23  THE MILLIONS OF INDIVIDUAL CHAT MESSAGES

24  OR EMAILS PRODUCED IN THIS CASE REFLECT

25  AN EMPLOYEE WAS CONFUSED BY THE PICTURE?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 261

1      A.    THERE WERE NUMEROUS EMAILS

2  WHERE EMPLOYEES WERE CONFUSED. IT WASN'T

3  NECESSARILY ALWAYS BY THE PICTURE BUT IT

4  WAS BY WHETHER HISTORY WAS ON OR OFF OR

5  HOW TO TURN HISTORY ON OR OFF IN CHATS.

6      Q.    WHEN YOU SAY "NUMEROUS",

7  THAT'S WHAT I'M ASKING.

8          OUT OF THE MILLIONS OF CHAT

9  MESSAGES AND EMAILS PRODUCED IN THIS

10  CASE, CAN YOU GIVE US A NUMBER OR A

11  PERCENTAGE?

12      A.    I COULDN'T GIVE YOU AN EXACT

13  PERCENTAGE.

14      Q.    DO YOU HAVE AN OPINION ON THE

15  PERCENTAGE OF GOOGLE EMPLOYEES THAT IN

16  2019 WERE UNDER SOME CONFUSION ABOUT

17  WHETHER THEIR RETENTION WAS REALLY OFF OR

18  NOT?

19      A.    I THINK BASED UPON THE NUMBER

20  OF CHATS I'VE SEEN AND THE DIFFERENT WAYS

21  IN WHICH THE HISTORY ON/OFF INDICATOR

22  COULD HAVE LED TO CHATS NOT BEING

23  PRESERVED, I THINK IT COULD BE A VERY

24  LARGE NUMBER OF CHATS THAT WERE

25  INADVERTENTLY NOT SENT WITH "HISTORY ON".

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 262

1    AS I MENTIONED IN THE

2    REPORT, THERE ARE A NUMBER OF REASONS,

3    NOT JUST THIS ICON WHICH, YOU KNOW, IS

4    INCREDIBLY CONFUSING TO ME, BUT ALSO,

5    YOU KNOW, AGAIN, FOR SOME OF THE

6    REASONS MR. MALKIEWICZ STATED IN HIS

7    DEPOSITION AFTER 24 HOURS THE HISTORY,

8    IF YOU PUT "HISTORY ON" IT WOULD TURN

9    OFF AUTOMATICALLY. AND IN ADDITION,

10   WHAT SOMEONE ELSE IN A CONVERSATION

11   TURNED "HISTORY ON" -- EXCUSE ME --

12   TURNED "HISTORY OFF" AFTER SOMEONE HAD

13   TURNED -- AFTER THE OTHER INDIVIDUAL

14   HAD TURNED HISTORY -- IF SOMEONE ELSE

15   IN THE CONVERSATION TURNED "HISTORY

16   OFF" AFTER AN INDIVIDUAL HAD TURNED

17   "HISTORY ON", THAT CHAT WOULD NOT BE

18   PRESERVED. AGAIN, WHETHER IT'S A SWISS

19   CHEESE TYPE CONVERSATION OR THE FACT

20   THAT CONVERSATIONS WERE JUST NOT

21   PRESERVED, I THINK THERE ARE A NUMBER

22   OF REASONS WHY THIS WAS CONFUSING.

23        MS. NAJAM:   SIR, OBJECT AS

24        NONRESPONSIVE.

25        Q.    AND I'M TRYING TO BE PATIENT.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 263

1    IF YOU DON'T HAVE AN OPINION YOU CAN SAY

2    I DON'T HAVE AN OPINION. I WILL REPEAT MY

3    QUESTION.

4         A.    SURE.

5         Q.    DO YOU HAVE AN OPINION ON THE

6    PERCENTAGE OF GOOGLE EMPLOYEES WHO IN

7    2019 WERE UNDER SOME CONFUSION ABOUT

8    WHETHER THEIR RETENTION WAS REALLY OFF OR

9    NOT?

10        A.    I THINK IT'S A LARGE

11   PERCENTAGE. I DON'T HAVE AN EXACT AMOUNT

12   FOR YOU.

13        Q.    CAN WE AGREE -- WELL, LET ME

14   ASK YOU THIS, DO YOU KNOW WHETHER THE

15   ICONS CHANGED OVER TIME, LIKE, WHICH

16   MEANT WHAT?

17        A.    I WOULD BELIEVE THEY DID

18   CHANGE OVER TIME.

19        Q.    SO FOR HOW LONG WERE THEY

20   CONFUSING, IN YOUR VIEW?

21        A.    I DON'T KNOW.

22        Q.    DO YOU EVEN -- DO YOU KNOW

23   TODAY WHETHER THE INDICATORS, LIKE IN

24   TODAY'S VERSION OF GOOGLE CHAT, WHAT THE

25   DISPLAY LOOKS LIKE IN TERMS OF THE CLOCK,

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 264

1   THE ACCOMPANYING TEXT, ET CETERA?

2        A.    I'VE SEEN TODAY'S VERSION OF

3   GOOGLE CHAT FOR CUSTOMERS. I DON'T KNOW

4   IF IT'S THE SAME VERSION OF GOOGLE CHAT

5   THAT'S BEING USED BY EMPLOYEES.

6        Q.    WELL, THE GOOGLE CHAT VERSION

7   FOR CUSTOMERS, YOU KNOW THAT IT

8   SPECIFICALLY HAS "HISTORY OFF" OR

9   "HISTORY ON" IN THE BAR, RIGHT?

10       A.    YES, THE CURRENT VERSION.

11       Q.    AND DO YOU KNOW FOR A -- DO

12  YOU KNOW ONE WAY OR THE OTHER WHETHER

13  FROM 2007 TO 2023 THAT WAS THE SAME WAY

14  IT DISPLAYED INTERNALLY?

15            MR. RENARD:  OBJECTION TO

16       FORM.

17       A.    THAT INFORMATION IS NOT PART

18  -- AS FAR AS I KNOW, HAS NOT BEEN

19  PRODUCED IN THIS CASE.  SO I WOULDN'T

20  KNOW WHAT THE INTERNAL VIEW OF GOOGLE

21  CHAT WAS THROUGH THAT WHOLE ENTIRE PERIOD

22  OF TIME. BUT WHAT I DO KNOW IS WHAT I'VE

23  SEEN FROM THE EMAILS THAT WERE PRODUCED,

24  THE EMAILS AND CHATS THAT HAVE BEEN

25  PRODUCED.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 265

1      Q.    OKAY. SO YOU HAVE AN OPINION

2  IN THIS CASE REGARDING THE BURDEN IT

3  WOULD HAVE BEEN ON GOOGLE TO -- FOR

4  ADMINS TO SAVE EVERY SINGLE CHAT MESSAGE

5  SENT BY AN EMPLOYEE ON LITIGATION HOLD

6  SUCH THAT THEY COULDN'T EVEN CHANGE IT TO

7  "HISTORY OFF". DO YOU KNOW WHAT I'M

8  TALKING ABOUT?

9      A.    I DO. CAN YOU REFER ME TO

10  WHICH OPINION?

11      Q.    SURE. WE CAN GO TO PAGE 16,

12  PARAGRAPH 77. YOU OPINE THAT IT WOULDN'T

13  HAVE BEEN BURDENSOME OR EXPENSIVE FOR

14  GOOGLE DEVELOPERS TO HAVE PUT IN PLACE

15  SOME CODE TO DO JUST THAT, RIGHT, SIR?

16      A.    THAT'S MY OPINION.

17      Q.    ARE YOU AN EXPERT IN WRITING

18  COMPUTER CODE?

19      A.    NO.

20      Q.    TELL ME HOW MUCH IT WOULD HAVE

21  COST?

22      A.    I MADE THIS OPINION IN THE

23  CONTEXT OF, AGAIN, THE DIFFERENT

24  DOCUMENTS, DEPOSITION TRANSCRIPTS I

25  REVIEWED, AND THE FEATURES THAT WERE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 266

1    ALREADY AVAILABLE TO GOOGLE CUSTOMERS AT

2    THE TIME THERE THIS TOOK PLACE.

3         Q.    OKAY. LET ME ASK A BETTER

4    QUESTION.

5              HOW MUCH WOULD IT HAVE COST

6    GOOGLE FOR THE LAST 17 YEARS TO SAVE ALL

7    CHATS FOR ALL EMPLOYEES SUBJECT TO HOLD?

8         A.    I COULDN'T GIVE YOU AN EXACT

9    AMOUNT BUT FOR A COMPANY THE SIZE OF

10   GOOGLE THAT ACTUALLY STORES MOST OF THE

11   INTERNET'S -- A GOOD PORTION OF THE

12   INTERNET'S INFORMATION, I DON'T THINK --

13   I KNOW IT WOULD NOT BE BURDENSOME TO

14   MAINTAIN THAT INFORMATION.

15             MS. NAJAM:   OKAY.  I'LL OBJECT

16        AS NONRESPONSIVE. TOTALLY

17        UNDERSTAND YOUR OPINION WHICH IS IN

18        YOUR REPORT.

19        Q.    I'M ASKING, DO YOU HAVE A COST

20   ESTIMATE OF HOW MUCH IT WOULD HAVE COST

21   TO STORE EVERY SINGLE CHAT SENT BY EVERY

22   EMPLOYEE UNDER LITIGATION HOLD FOR 17

23   YEARS?

24        A.    I'M -- I THINK YOU'RE ASKING

25   TWO DIFFERENT THINGS. BECAUSE I THOUGHT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 267

1    EARLIER YOU WERE TALKING ABOUT THE COST

2    TO MAKE THE CHANGE, OR IS THAT NOT WHAT

3    YOU'RE ASKING?

4        Q.    IT WAS CONFUSING.  THAT'S WHY

5    I ASKED THE SECOND QUESTION. HOW MUCH

6    WOULD IT HAVE COST TO STORE --

7        A.    TO STORE -- TO STORE CHATS, IN

8    MY EXPERIENCE, WOULD BE NOT AS MUCH AS IT

9    WOULD GENERALLY COST TO STORE EMAIL DATA.

10   SO GOOGLE WAS ALREADY PRESERVING THE

11   EMAIL DATA FOR EMPLOYEES SUBJECT TO

12   LITIGATION HOLDS.  AND TO ADD THE CHATS,

13   AGAIN, I CAN'T GIVE YOU AN EXACT NUMBER.

14   I WOULDN'T -- I'M NOT AN EMPLOYEE AT

15   GOOGLE THAT DETERMINES THE COST OF

16   INTERNAL STORAGE.  BUT TO STORE CHATS

17   YOU'RE GOING TO HAVE A LOT FEWER

18   ATTACHMENTS, PDFS, WORD DOCUMENTS, ZIP

19   FILES. IT'S JUST TEXT.

20            MS. NAJAM:    OKAY.  I'LL OBJECT

21       AS NONRESPONSIVE.

22       Q.    I READ THAT IN YOUR REPORT.

23   CAN YOU JUST GIVE ME AN ANSWER TO THE

24   QUESTION?

25            ISN'T IT TRUE THAT YOU HAVE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 268

1    NOT UNDERTAKEN AN ANALYSIS THAT COULD

2    ACTUALLY GIVE US A DOLLAR NUMBER FOR THE

3    COST OF STORAGE WHILE THAT DATA FOR 17

4    YEARS?

5         A.    THAT'S CORRECT.

6         Q.    OKAY. AND IN TERMS OF THE

7    BURDENSOMENESS OF MAKING THE CHANGE

8    EARLIER, LET'S TALK ABOUT THAT NEXT.

9              HAVE YOU EVER BEEN AN

10   ADMINISTRATOR OF A GOOGLE WORKSPACE?

11        A.    I'VE LOGGED IN AS AN

12   ADMINISTRATOR, YES.

13        Q.    YOU LOGGED IN AS ONE, MEANING

14   YOU HAD SOME ELSE'S LOGIN AND THEY WERE

15   THE ACTUAL ADMINISTRATOR?

16        A.    NO.  I HAVE A GOOGLE ACCOUNT

17   WHERE I'M THE ADMINISTRATOR AND THERE'S A

18   USER. IT'S -- IT'S MY OWN ACCOUNT.

19        Q.    SO THERE IS NO --

20        A.    I'M NOT -- I'VE NOT SERVED AS

21   AN ADMINISTRATOR FOR A COMPANY.  I THINK

22   THAT'S WHAT YOU'RE ASKING.

23        Q.    YES.  THANK YOU.

24             HAVE YOU EVER PROVIDED, LIKE,

25   PROFESSIONAL GUIDANCE AS AN EDISCOVERY

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 269

1    ATTORNEY OR SPECIALIST TO SOMEONE WHO IS

2    ADMINISTERING A GOOGLE WORKSPACE FOR AN

3    ENTIRE COMPANY?

4        A.    IN CONNECTION WITH

5    REPRESENTATION IN CONNECTION WITH ONGOING

6    LITIGATIONS, YES.

7        Q.    YOU MEAN YOU GIVE ADVICE TO A

8    CLIENT AND THAT CLIENT USED GOOGLE

9    WORKSPACE?

10        A.    I WORK WITH CLIENTS THAT USE

11    GOOGLE WORKSPACE AND WORK WITH THE

12    ADMINISTRATORS.

13        Q.    HAVE YOU EVER WITNESSED AN

14    ADMINISTRATOR OF A GOOGLE WORKSPACE TO BE

15    ABLE TO GO THROUGH AND SELECT JUST

16    PARTICULAR EMPLOYEES TO PREVENT ONLY THEM

17    FROM TOGGLING "HISTORY ON" IN CHAT?

18        A.    I HAVEN'T SET THAT UP WITH AN

19    ADMINISTRATOR BUT IT'S MY UNDERSTANDING

20    THAT SUCH EMPLOYEES CAN BE PLACED IN A

21    GROUP THAT WOULD THEN BE PRESERVED WITH

22    "HISTORY ON" FOR CHATS.

23        Q.    WE'LL COME BACK TO THAT, BUT I

24    STILL WANT A CLEAN ANSWER TO MY QUESTION.

25            HAVE YOU EVER ACTUALLY SEEN AN

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 270

1    ADMINISTRATOR OF A GOOGLE WORKSPACE GO

2    THROUGH AND SELECT JUST PARTICULAR

3    EMPLOYEES TO PREVENT ONLY THEM FROM

4    TOGGLING "HISTORY ON"?

5         A.    I'VE NOT SEEN AN ADMINISTRATOR

6    DO THAT.

7         Q.    AND IT'S YOUR UNDERSTANDING

8    THAT YOU CAN DO THAT AS LONG AS YOU FORM

9    GROUPS; DID I HEAR YOU RIGHT?

10        A.    YES.

11        Q.    WITHIN THE GOOGLE WORKSPACE

12   AREN'T THEY ACTUALLY CALLED

13   ORGANIZATIONAL UNITS?

14        A.    THEY'RE ALL -- I BELIEVE

15   THEY'RE CALLED ORGANIZATIONAL UNITS.  I

16   BELIEVE THERE IS ANOTHER NAME FOR IT AS

17   WELL BUT ORGANIZATIONAL UNITS IS ONE OF

18   THE TERMS WITHIN GOOGLE WORKSPACE.

19        Q.    DID YOU READ ███████████

20   TESTIMONY, THE 30(B)(6) GOOGLE

21   REPRESENTATIVE WHO TESTIFIED ABOUT CHAT

22   RETENTION?

23        A.    I DID.

24        Q.    WHAT WAS HIS TESTIMONY ON THE

25   FEASIBILITY OF CREATING ORGANIZATIONAL

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 271

1    UNITS AND APPLYING TO THOSE FOLKS --

2    SORRY.  LET ME BACK UP.

3                 DID YOU READ HIS TESTIMONY

4    ABOUT WHY GOOGLE DID NOT CREATE

5    ORGANIZATIONAL UNITS FOR FOLKS ON

6    LITIGATION HOLD TO APPLY TO THEM ONLY THE

7    INABILITY TO TOGGLE "HISTORY OFF"?

8                 MR. RENARD:  OBJECTION, FORM.

9         A.    I REMEMBER THAT DISCUSSION,

10   YES.

11        Q.    WHAT DID HE SAY?

12                 MR. RENARD:  OBJECTION, FORM.

13        A.    I BELIEVE MY RECOLLECTION IS

14   THAT HE STATED THAT HE WAS -- IN HIS

15   OPINION HE -- THAT THAT WAS A FEATURE

16   ALLOWED FOR CUSTOMERS AND WAS NOT

17   AVAILABLE INTERNALLY AT GOOGLE AND WOULD

18   HAVE REQUIRED HUNDREDS OF HOURS TO PUT IN

19   PLACE.

20        Q.    OKAY. DID YOU REVIEW ANY -- DO

21   YOU RECALL ANY OTHER TESTIMONY BY ██████

22   ██████  ABOUT HIS INVESTIGATION INTO

23   WHETHER ORGANIZATIONAL UNITS COULD

24   ACTUALLY BE BROKEN OUT IN GOOGLE CHAT FOR

25   THE PURPOSES OF WHAT WE'RE TALKING ABOUT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 272

1    HERE, SELECTING LITIGATION HOLD

2    EMPLOYEES, FINDING THEM, TOGGLING THEIR

3    HISTORY TO STICKY "ON"?

4              MR. RENARD:  OBJECTION, FORM.

5         A.    AGAIN, I BELIEVE HE SAID THAT

6    AT THE TIME THAT COULDN'T BE DONE

7    INTERNALLY BUT THAT CUSTOMERS COULD MAKE

8    THAT CHANGE.

9         Q.    IN REFERENCE TO ███████████'S

10   TESTIMONY THAT ULTIMATELY WHEN THE CHANGE

11   DID HAPPEN -- WE HAVEN'T TALKED ABOUT

12   THAT YET, IT HAPPENED ON FEBRUARY 8TH,

13   2023, RIGHT?

14        A.    THAT'S MY UNDERSTANDING.

15        Q.    AND HE TESTIFIED THAT IT TOOK

16   HUNDREDS OF HOURS TO DEVELOP AND DEPLOY.

17   DO YOU RECALL THAT?

18        A.    I DO RECALL THAT.

19        Q.    YOU'RE NOT CONTESTING THAT

20   FACTUAL EXPLANATION, ARE YOU?

21        A.    I AGREE THAT'S WHAT HE SAID.

22        Q.    ANY REASON TO THINK THAT'S

23   FALSE?

24        A.    I COULDN'T SAY WHETHER THAT'S

25   TRUE OR FALSE. I DON'T OVERSEE THESE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 273

1    EMPLOYEES.

2            Q.    I JUST REALIZED I ONLY HAVE

3    ONE COPY OF ███████████ TRANSCRIPT. OH,

4    DO I HAVE MORE?

5                (GRANDE EXHIBIT 15, TRANSCRIPT

6            ████████████, WAS RECEIVED AND

7            MARKED ON THIS DATE FOR

8            IDENTIFICATION.)

9            Q.    I'M HANDING YOU EXHIBIT 15.

10   WATCH OUT, THAT STICKER MAY HAVE LOST ITS

11   STICK. HERE IS ANOTHER COPY. ALL I'VE

12   DONE IS WRITE EXHIBIT 15. AND I WANT TO

13   GO TO PAGE 198. ARE YOU THERE?

14           A.    A-HUM.

15           Q.    ON PAGE 198, LINE 16, HE WAS

16   ASKED WHETHER GOOGLE HAS THE TECHNICAL

17   ABILITY TO CREATE SEPARATE ORGANIZATIONAL

18   UNITS THAT INCLUDE LEGAL HOLD RECIPIENTS

19   AND THEN CHANGE THE CHAT RETENTION FOR

20   THAT ORGANIZATIONAL UNIT.  DO YOU SEE

21   THAT QUESTION?

22           A.    YES.

23           Q.    AND WHAT HE RESPONDED THERE

24   WAS A TECHNICAL CAPABILITY BUT THAT HE

25   INVESTIGATED AND WAS TOLD BY THE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 274

1    TECHNICAL EXPERTS THAT THAT WAS NOT

2    ADVISED AND NOT PERMITTED. DO YOU SEE

3    THAT, SIR?

4         A.    I DO.

5         Q.    OKAY. AND THEN -- WE'RE NOT

6    GOING TO GO THROUGHOUT PAGES BUT YOU SEE

7    THAT HE TESTIFIED FOR A FEW PAGES ON WHAT

8    KIND OF FEEDBACK HE GOT IN TERMS OF THE

9    IMPLICATIONS OF SETTING UP A NEW

10   ORGANIZATIONAL UNIT IN GOOGLE WORKSPACE

11   JUST FOR THIS PURPOSE?

12        A.    YES.

13        Q.    OKAY. ARE YOU HERE OPINING AS

14   AN EXPERT THAT ███████ WAS MISREPORTING

15   THE FEEDBACK HE GOT FROM THE ENGINEERS?

16        A.    I'M OPINING AS AN EXPERT THAT

17   GOOGLE IS IN THE BUSINESS OF CREATING

18   GOOGLE CHAT AND GOOGLE EMAIL. THIS IS NOT

19   A COMPANY THAT'S USING A THIRD-PARTY

20   PLATFORM AND HAVING TROUBLE SETTING IT UP

21   AND IF, YOU KNOW, THEY HAD OPTIONS

22   AVAILABLE TO CUSTOMERS TO PUT EMPLOYEES

23   ON LITIGATION HOLD TO PRESERVE THEIR CHAT

24   MESSAGES.  AND IT MAY HAVE TAKEN SOME

25   TIME BUT I BELIEVE IT WAS FEASIBLE FOR

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 275

1    GOOGLE TO MAKE THESE CHANGES INTERNALLY

2    IN AN EARLIER DATE THAN FEBRUARY 2023.

3              MS. NAJAM: I'M OBJECT AT

4         NONRESPONSIVE.

5         Q.   WE'RE GOING TO LOOK AT YOUR

6    OPINIONS ABOUT WHAT WAS AVAILABLE TO

7    CUSTOMERS. I WANT TO TALK ABOUT WHAT ▄▄▄

8    ▄▄▄▄▄▄ SAID IN HIS DEPOSITION WAS THE

9    FEEDBACK FROM ENGINEERS REGARDING THE

10   POSSIBILITY OF CREATING UNITS SO THAT

11   ONLY LITIGATION HOLD EMPLOYEES COULDN'T

12   TURN "HISTORY ON".

13             MY QUESTION FOR YOU, WHICH I

14   WILL REPEAT, IS ARE YOU OPINING HERE AS

15   AN EXPERT THAT ▄▄▄▄▄▄▄▄ WAS

16   MISREPRESENTING THE FEEDBACK HE GOT FROM

17   THE ENGINEERS?

18        A.   NO, I'M NOT.

19        Q.   AND ARE YOU OPINING HERE AS AN

20   EXPERT THAT THE ENGINEERS INSIDE GOOGLE

21   WERE WRONG?

22        A.   WRONG ABOUT WHAT?

23        Q.   ABOUT THE IMPLICATIONS OF

24   MAKING THE ORGANIZATIONAL UNIT CHANGE

25   WITHIN THE WORKSPACE?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 276

1          A.    I DON'T DISAGREE --

2               MR. RENARD:  OBJECT TO FORM.

3          A.    I DON'T DISAGREE THAT IT WOULD

4    HAVE BEEN DIFFICULT.

5          Q.    SO LET'S TALK ABOUT THE

6    VERSIONS MADE AVAILABLE -- VERSIONS MADE

7    AVAILABLE TO CUSTOMERS.

8               FIRST OF ALL, ARE YOU ABLE TO

9    TESTIFY TODAY THAT WHATEVER VERSIONS OF

10   GOOGLE WORKSPACE WERE BEING USED BY

11   PARTICULAR GOOGLE CUSTOMERS THAT THAT

12   SAME FUNCTIONALITY WAS ALREADY AVAILABLE

13   WITHIN GOOGLE FOR ITS OWN WORKSPACE?

14         A.    SORRY. CAN YOU REPHRASE THAT?

15         Q.    YOU MENTIONED BEFORE THAT

16   GOOGLE WAS ABLE TO DO CERTAIN THINGS FOR

17   ITS CUSTOMERS IN TERMS OF CUSTOMERS USING

18   GOOGLE CHAT. DO YOU RECALL THAT?

19         A.    YES.

20         Q.    AND ONE OF THE THINGS YOU SAID

21   IS THAT THEY PROVIDED FUNCTIONALITY FOR

22   CUSTOMERS TO EMPLOY LITIGATION HOLD

23   RETENTION OF CHATS. DID I HEAR THAT

24   RIGHT?

25         A.    YES, TO PUT "HISTORY ON" OR TO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 277

1    FORCE HISTORY ON OR OFF.

2         Q.    FOR ALL USERS, RIGHT?

3         A.    OR FOR CERTAIN USERS.

4         Q.    ARE YOU ABLE TO TESTIFY UNDER

5    OATH THAT THERE WAS A CUSTOMER OF GOOGLE

6    CHAT PRIOR TO 2023 WHO HAD A VERSION OF

7    THE PRODUCT WHERE THEY COULD ONLY SELECT

8    CERTAIN PEOPLE WHO COULDN'T CHANGE THE

9    HISTORY TO OFF?

10        A.    BASED UPON EXHIBITS TO MY

11   REPORT AND THE WAY IN WHICH GOOGLE

12   PROVIDED THAT INFORMATION, THAT IS MY

13   UNDERSTANDING.

14        Q.    OKAY. AND IS IT -- IN TERMS OF

15   THE DOCUMENTS YOU RELIED ON, THE ONES YOU

16   CITED IN YOUR REPORT, IS THAT PAGE 17,

17   PARAGRAPH 80?

18        A.    YES, THAT'S ONE OF THE

19   PARAGRAPHS.

20        Q.    AND IF YOU LOOK AT THE NEXT

21   PAGE YOU'VE ACTUALLY EXCERPTED FROM A

22   2015 GOOGLE BLOG POST; IS THAT RIGHT?

23        A.    THAT'S CORRECT.

24             MR. RENARD:  COUNSEL, WHEN WE

25        GET TO A CONVENIENT BREAKING POINT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 278

```
 1         WE'VE BEEN GOING ABOUT AN HOUR-TEN.
 2              MS. NAJAM:   SURE.
 3         Q.    SIR, DO YOU HAVE ANY EXPERTISE
 4    ON WHAT IT MEANS IN THE LEFT-TOP CORNER
 5    FOR A CHAT SETTING TO BE LOCALLY APPLIED
 6    WITHIN GOOGLE WORKSPACE?
 7         A.    IF YOU'D LIKE ME TO TALK ABOUT
 8    THIS IT WOULD HELP TO SEE THE WHOLE
 9    DOCUMENT THAT WAS CITED TO AT THIS POINT.
10         Q.    YOU EXCERPTED THIS TO MAKE THE
11    POINT YOU WANTED TO MAKE IN THIS REPORT,
12    RIGHT?
13         A.    THAT'S RIGHT.
14         Q.    SO LET'S STICK WITH WHAT YOU
15    CITED. YOU CITED A SNAPSHOT THAT HAS
16    SOMETHING THAT SAYS "LOCALLY APPLIED".
17              CAN YOU TELL US UNDER OATH
18    THAT YOU KNOW WHAT THAT MEANS?
19         A.    IT'S MY UNDERSTANDING "LOCALLY
20    APPLIED" WOULD APPLY TO THAT USER GROUP
21    THAT WOULD WE REFERRED TO EARLIER OR THE
22    ENTIRE ORGANIZATION.
23         Q.    YOU SAID IT'S MY
24    UNDERSTANDING. REMIND ME WHAT IS YOUR
25    UNDERSTANDING BASED ON?
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 279

1      A.    MY RECOLLECTION OF SEEING THE

2  ENTIRE DOCUMENT AND HOW THIS WORKS.

3      Q.    AND AM I RIGHT THAT A LARGE

4  PART OF YOUR OPINION THAT GOOGLE DIDN'T

5  COMPLY WITH INDUSTRY STANDARDS IS BASED

6  ON YOUR OPINION THAT IT WOULD HAVE BEEN

7  EASY TO MAKE THE CHANGE IT ULTIMATELY

8  MADE IN FEBRUARY OF '23? IT WOULD HAVE

9  BEEN EASY TO DO THAT YEARS EARLIER, TRUE?

10          MR. RENARD:  OBJECTION TO

11      FORM.

12      A.    NO, THAT IS NOT MY OPINION.

13      Q.    IT'S NOT YOUR OPINION THAT

14  GOOGLE COULD HAVE EASILY MADE THAT CHANGE

15  BEFORE FEBRUARY OF 2023?

16          MR. RENARD:  OBJECTION TO

17      FORM.

18      A.    IT'S MY OPINION GOOGLE COULD

19  HAVE MADE THAT CHANGE PRIOR TO FEBRUARY

20  OF 2023. IT MAY HAVE TAKEN SOME TIME, BUT

21  I DON'T THINK IT WAS A BURDENSOME --

22  BURDENSOME FOR THEM TO HAVE MADE THAT

23  CHANGE AT AN EARLIER DATE.

24      Q.    SO BACK TO MY PREVIOUS

25  QUESTION.  THAT'S AN IMPORTANT PART,

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 280

1    ISN'T IT, OF YOUR VIEW THAT GOOGLE DID

2    SOMETHING WRONG HERE?

3             MR. RENARD:   OBJECTION TO

4        FORM.

5        A.    I WOULD SAY THAT RELATED --

6    THE BASIS FOR MANY OF MY OPINIONS DOES

7    RELATE TO THE FACT THAT THE CHANGE TO

8    RETAIN -- TO PRESERVE CHATS COULD HAVE

9    BEEN MADE AT AN EARLIER DATE AND GOOGLE,

10   AS A COMPANY THAT CREATES THE CHAT

11   PLATFORM, HAD THAT ABILITY TO MAKE THAT

12   CHANGE.

13       Q.    AND IN YOUR WORDS, THAT'S

14   SOMETHING THAT MAKES GOOGLE'S SPOLIATION

15   IN THIS CASE SO DAMNING, RIGHT?

16       A.    THAT'S WHAT I STATED, YES.

17            MS. NAJAM:  WE CAN TAKE A

18       BREAK.

19            VIDEOGRAPHER:   TIME IS 4:35

20       P.M.  WE'RE GOING OFF THE RECORD.

21            (RECESS IS TAKEN.)

22            VIDEOGRAPHER:   THE TIME IS

23       APPROXIMATELY 4:54 P.M.  WE ARE

24       BACK ON THE RECORD.

25       Q.    MR. GRANDE, WE ARE -- I CAN

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 281

1    TELL YOU WE'RE IN THE HOMESTRETCH, SO I

2    HAVE A LITTLE BIT OVER AN HOUR LEFT ON

3    THE RECORD.

4         A.    SOUNDS GOOD.

5         Q.    WE ARE GOING TO START BY

6    LOOKING AT YOUR DECLARATION, WHICH IS

7    EXHIBIT 9.  IT SHOULD BE ON THE TOP OF

8    YOUR STACK. CAN YOU PLEASE TURN TO PAGE

9    6, PARAGRAPH O?

10              SO BEFORE WE LOOKED AT YOUR

11   DECLARATION BEFORE THE BREAK YOU HAD

12   TALKED ABOUT YOUR OPINION ABOUT HOW

13   GOOGLE COULD HAVE EASILY PRESERVED CHATS

14   FOR SELECTED USERS FOR YEARS BUT CHOSE

15   NOT TO. DO YOU RECALL THAT?

16        A.    CAN YOU REPEAT WHAT YOU SAID?

17        Q.    I'LL MAKE THIS EASIER.  SINCE

18   YOU'RE LOOKING AT THE DECLARATION, IN

19   PARAGRAPH O OF YOUR DECLARATION YOU OPINE

20   THAT GOOGLE COULD HAVE SET THE "HISTORY

21   ON" FOR LITIGATION HOLD RECIPIENTS BUT IT

22   CHOSE NOT TO UNTIL FEBRUARY OF 2023,

23   RIGHT, SIR?

24        A.    YES.

25        Q.    AND WHAT YOU MEANT THERE WAS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 282

1   IT COULD HAVE NOT JUST SET IT ON BUT MADE

2   IT UNCHANGEABLE FOR THOSE FOLKS, RIGHT?

3        A.    YES.

4        Q.    AND IN SUPPORT OF THAT YOU

5   CITE FOR THE COURT A DOCUMENT FROM 2019

6   WHERE YOU SAY GOOGLE INFORMED ITS

7   FINANCIAL SERVICES CLIENTS THERE THEY

8   WOULD BE ABLE TO SET THE DEFAULT GOOGLE

9   CHAT HISTORY SETTING FOR THEIR CHATS TO

10  "HISTORY ON" AND THAT OTHER USERS WOULD

11  NOT BE ABLE TO CHANGE THE SETTING. DID I

12  READ THAT CORRECTLY?

13       A.    YES.

14       Q.    IS IT YOUR OPINION THAT GOOGLE

15  IN 2019 TOLD ITS FINANCIAL SERVICES

16  CUSTOMERS THAT IT WAS GOING TO PROVIDE

17  THEM A WAY FOR JUST A SUBSET OF THEIR

18  EMPLOYEES TO BE UNABLE TO TURN "HISTORY

19  OFF"?

20            MR. RENARD:   OBJECTION, FORM.

21       A.    I DON'T STATE THAT DIRECTLY

22  BUT FROM THE DOCUMENTS THAT WERE --

23  REGARDING -- REGARDING THE FINRA CHANGES

24  I DO BELIEVE FROM THE DESCRIPTION THERE

25  WAS INDICATION THAT IT COULD BE APPLIED

Page 283

```
 1   TO CERTAIN GROUPS OR CERTAIN GROUPS OF
 2   CUSTODIANS SUCH AS BROKER-DEALERS.
 3        Q.    SORRY. AND THE "IT" IN YOUR
 4   SENTENCE ARE WE TALKING ABOUT THE ABILITY
 5   TO TURN "HISTORY OFF" ONCE FORCED ON?
 6        A.    THAT'S CORRECT.
 7        Q.    NOW, LET'S LOOK AT WHAT YOU
 8   CITED IN FOOTNOTE 12.  THAT'S THE
 9   DOCUMENT WE WOULD LOOK TO FOR YOUR
10   STATEMENT TO THE COURT, RIGHT?
11        A.    I BELIEVE SO. THAT'S THE RIGHT
12   DOCUMENT.
13        Q.    I'VE MARKED IT AS EXHIBIT 16.
14             (GRANDE EXHIBIT 16, INTERNAL
15        GOOGLE DOCUMENT, WAS RECEIVED AND
16        MARKED ON THIS DATE FOR
17        IDENTIFICATION.)
18        Q.    CAN YOU CONFIRM THIS IS THE
19   CORRECT DOCUMENT TO THE ONE YOU'RE
20   REFERRING TO IN YOUR DECLARATION? IT'S
21   THE SAME BATES PAGE, RIGHT?
22        A.    YES.
23        Q.    AND SIR, YOU TOLD THE COURT
24   THAT GOOGLE INFORMED ITS FINANCIAL
25   SERVICES CLIENTS OF THIS FEATURE. WHAT
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 284

1    DOES IT SAY AT THE BOTTOM OF THIS PAGE?

2         A.    "CONFIDENTIAL, INTERNAL ONLY"

3    IN THE MIDDLE.

4         Q.    AND IN FACT, THIS IS PART OF A

5    DRAFT DOCUMENT THAT WAS INTERNAL TO

6    GOOGLE, AM I RIGHT?

7         A.    YES.

8         Q.    IN FACT, OTHER PAGES OF THIS

9    SAME DOCUMENT HAD COMMENT BUBBLES, THE

10   KIND YOU WOULD SEE IN A DRAFT DOCUMENT,

11   RIGHT, SIR?

12        A.    YES. AND MY STATEMENT SAYS

13   INFORMED CLIENTS THAT THEY WOULD BE ABLE

14   TO SET THE HISTORY TO ON. OKAY.

15        Q.    MAYBE WE'RE MISSING EACH

16   OTHER. IN EXHIBIT 16 GOOGLE ISN'T

17   INFORMING ITS CLIENTS OF ANYTHING, IS IT?

18        A.    NOT IN THIS PARTICULAR

19   COMMUNICATION.

20        Q.    IT'S, IN FACT, AN INTERNAL

21   DOCUMENT ABOUT A FEATURE THAT IS IN ALPHA

22   TESTING FOR FINRA CLIENTS, RIGHT?

23        A.    AT THIS POINT, YES.

24        Q.    IS THERE SOME OTHER DOCUMENT

25   WHERE YOU SAW GOOGLE TELLING ITS FINRA

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 285

1    CLIENTS; HEY, WE HAVE THIS NEW FEATURE

2    WHERE YOU CAN SELECT CERTAIN USERS AND

3    NOT LET THEM TOGGLE "HISTORY OFF" LIKE

4    BROKER-DEALERS?

5         A.    I DO RECALL THERE BEING

6    ANOTHER DOCUMENT.

7         Q.    CAN YOU TELL US WHAT IT IS?

8         A.    I DON'T BELIEVE I HAVE IT

9    CITED HERE.

10        Q.    IS IT CITED IN YOUR REPORT?

11        A.    I'M NOT SURE.

12        Q.    AND IN ANY EVENT, IF YOU LOOK

13   UNDER CHAT SETTINGS, THE ONLY DIFFERENCE

14   BETWEEN THIS WINDOW AND THE ONE WE JUST

15   LOOKED AT IN YOUR REPORT, IF YOU WANT TO

16   GO BACK IT IS PAGE 18 -- LET ME PUT IT

17   THIS WAY, FOR CHAT OPTIONS THEY'RE THE

18   SAME, RIGHT?

19        A.    RIGHT. FOR -- IT'S A LITTLE

20   DIFFERENT SETUP BUT IT LOOKS FAMILIAR.

21        Q.    AND FOR THE FINRA ALPHA TEST

22   IT HAS DIFFERENT OPTIONS THAT HAS

23   SOMETHING TO DO WITH CHATTING OUTSIDE THE

24   ORGANIZATION, RIGHT?

25        A.    THAT'S RIGHT.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 286

1      Q.    AND I THINK I ALREADY ASKED

2  YOU THIS IN TERMS OF YOUR EXPERIENCE WITH

3  ADMINISTRATORS OF GOOGLE WORKSPACES.

4            LET ME ASK YOU MORE BROADLY.

5  SITTING HERE TODAY, HAVE YOU ACTUALLY

6  EVER WITNESSED ANY COMPANY WHO IS USING

7  GOOGLE CHAT BE ABLE TO ISOLATE LITIGATION

8  HOLD EMPLOYEES ONLY AND PHYSICALLY

9  PREVENT THEM FROM TOGGLING "HISTORY

10  OFF" -- SORRY -- THEM AND ONLY THEM?

11            MR. RENARD:  OBJECTION, FORM.

12      A.    I'M AWARE. I HAVE NOT WORKED

13  WITH AN EXTERNAL COMPANY ADMINISTRATOR

14  BUT I OBVIOUSLY DO KNOW THAT GOOGLE WAS

15  ABLE TO DO THIS IN FEBRUARY OF 2023.

16      Q.    OKAY. BESIDES GOOGLE

17  IMPLEMENTING THE CHANGE, CAN YOU NAME ANY

18  OTHER COMPANY WHO PRIOR TO THAT DATE WAS

19  ABLE TO DO THAT USING GOOGLE CHAT?

20      A.    I'VE NOT WORKED WITH SUCH A

21  COMPANY, BUT, AGAIN, BASED ON WHAT I SAID

22  IN MY REPORT THAT I BELIEVE THAT OPTION

23  WAS AVAILABLE.

24            MS. NAJAM:  OKAY.  I'LL OBJECT

25        TO EVERYTHING AFTER THE WORD

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 287

1        "INCLUDING" AND AFTER THE WORD
2        "BUT" AS NONRESPONSIVE.
3        Q.    WE'RE GOING TO SWITCH GEARS,
4   SO YOU CAN PUT THE DECLARATION ASIDE.
5             DO YOU AGREE THAT IT IS
6   IMPORTANT IN A DISPUTE INVOLVING A
7   COMPANY WITH ESI FOR PARTIES TO CONFER
8   EARLY ON ABOUT WHAT THE COMPANY'S THEN
9   CURRENT RETENTION PRACTICES ARE?
10            MR. RENARD:  OBJECTION, FORM.
11       A.    I DO BELIEVE THE
12  MEET-AND-CONFER CONFERENCES CAN BE AN
13  IMPORTANT PART OF THE DISCOVERY PROCESS.
14       Q.    OKAY.  BUT MY QUESTION WAS A
15  LITTLE DIFFERENT, SO I'LL JUST STATE IT
16  AGAIN.
17            DO YOU AGREE IT'S IMPORTANT IN
18  A DISPUTE INVOLVING A COMPANY WITH ESI
19  FOR PARTIES TO CONFER EARLY ON ABOUT WHAT
20  THE COMPANY'S THEN CURRENT RETENTION
21  PRACTICES ARE?
22            MR. RENARD:  SAME OBJECTION.
23       A.    I BELIEVE IT'S IMPORTANT THAT
24  PARTIES MEET AND CONFER EARLY ON TO
25  UNDERSTAND THE DATA BEING PRESERVED AND

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 288

1   COLLECTED IN THAT CASE.

2        Q.      OKAY. AND IN TERMS OF THE

3   FEDERAL RULES OF CIVIL PROCEDURE, ONE WAY

4   THEY HAVE ATTEMPTED TO REIN IN THE

5   DISCOVERY OF ESI IS TO FORCE COUNSEL TO

6   VET THE ISSUES AT VERY EARLY STAGES OF

7   THE CASE, TRUE?

8              MR. RENARD:  OBJECTION, FORM.

9        A.      AS I SAID IN MY EARLIER

10  QUESTION YES, COUNSEL ARE ENCOURAGED TO

11  MEET AND CONFER AS PER 26(B) AND OTHER,

12  AND LOCAL RULES AS WELL.

13       Q.      DID YOU MEAN 26(F)?

14       A.      YES, SORRY. 26(F).

15       Q.      WE'RE GOING TO TALK ABOUT

16  26(F) BUT MY QUESTION WAS A LITTLE

17  DIFFERENT.

18              ONE WAY THE RULES, INCLUDING

19  26(F), THEY ATTEMPT TO REIN IN THE

20  DISCOVERY OF ESI IS BY FORCING COUNSEL TO

21  VET ISSUES AT VERY EARLY STAGES OF THE

22  CASE?

23              MR. RENARD:  OBJECTION, FORM.

24       A.      I GUESS -- I WOULD SAY I

25  DISAGREE WITH YOUR LANGUAGE ABOUT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 289

1    "FORCE", COUNSEL, BUT THERE ARE 26(F)

2    REQUIREMENTS TO MEET AND CONFER AND THOSE

3    SHOULD BE, YOU KNOW, COMPLIED WITH.

4            Q.    WHAT IS RULE 26(F)?

5            A.    IT'S A PROVISION OF THE

6    FEDERAL RULES REGARDING MEET AND CONFER

7    CONFERENCES.

8            Q.    I'M HANDING YOU WHAT I MARKED

9    AS EXHIBIT 17.

10                 (GRANDE EXHIBIT 17, CHAPTER

11           ENTITLED EDISCOVERY FOR CORPORATE

12           COUNSEL, WAS RECEIVED AND MARKED ON

13           THIS DATE FOR IDENTIFICATION.)

14           Q.    IS THIS A CHAPTER IN A BOOK

15    CALLED EDISCOVERY FOR CORPORATE COUNSEL?

16           A.    IT IS.

17           Q.    YOU WROTE THIS CHAPTER, RIGHT,

18    SIR?

19           A.    I DID.

20           Q.    WHAT YEAR DID YOU WRITE IT IN?

21           A.    I DON'T RECALL WHEN I FIRST

22    AUTHORED IT, AND THIS VERSION.

23           Q.    IS THIS SOMETHING THAT YOU'VE

24    UPDATED OVER TIME?

25           A.    EVERY COUPLE YEARS.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 290

1      Q.    SO FAIR TO SAY YOU WOULD HAVE
2  UPDATED IT WITHIN THE LAST COUPLE OF
3  YEARS?
4      A.    IT'S HARD TO TELL WHEN THIS
5  COPY WHEN IT WAS UPDATED.
6      Q.    NO PROBLEM. BUT MY QUESTION IS
7  WHEN YOU DO -- SORRY. IS THIS LIKE -- IS
8  IT AVAILABLE ONLINE?
9      A.    IT MAY BE BUT IT'S PART OF A
10  PUBLICATION.
11      Q.    LET ME KNOW AS WE'RE GOING
12  THROUGH IF IT DAWNS ON YOU WHEN THIS WAS
13  LAST UPDATED, IF THAT'S OKAY.
14           LET'S GO TO 408 --
15      A.    I DON'T THINK THIS HAS BEEN
16  UPDATED IN SOME TIME. IT DOESN'T LOOK
17  LIKE IT WAS POST 2015.
18      Q.    YOU BELIEVE THIS WAS WRITTEN
19  BEFORE 2015?
20      A.    I'M JUST TRYING TO --
21      Q.    YOU DON'T HAVE TO GUESS, I DO
22  WANT TO LOOK AT CERTAIN PORTIONS OF IT SO
23  LET'S PLEASE TURN TO PAGE 408.
24           IN THE FIRST FULL PARAGRAPH ON
25  THIS PAGE YOU WROTE, "THE ADVENT OF

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 291

1   EDISCOVERY IS A PRODUCT OF CHANGES IN

2   SOCIETY AND IN THE WAY PEOPLE

3   COMMUNICATE. THE FEDERAL RULES OF CIVIL

4   PROCEDURE HAVE BEEN DESIGNED TO COPE WITH

5   THE EXPLOSION OF ELECTRONIC INFORMATION."

6   AND THEN YOU WRITE, "ONE WAY THE RULES

7   ATTEMPT TO REIN IN THE DISCOVERY OF ESI

8   IS TO FORCE COUNSEL TO VET THE ISSUES AT

9   THE VERY EARLY STAGES OF THE CASE."

10          SO I'M GOING TO PAUSE THERE.

11  EARLIER YOU DISAGREED WITH MY USE OF THE

12  WORD "FORCE COUNSEL".  THOSE ARE YOUR

13  WORDS, RIGHT?

14      A.    I BELIEVE I DIDN'T USE THAT

15  EXACT LANGUAGE BUT YES, THESE ARE MY

16  WORDS.

17      Q.    I LITERALLY READ THAT

18  SENTENCE. YOU STILL -- YOU AGREE WITH THE

19  SENTENCE NOW THAT WE'RE SEEING IT IN YOUR

20  CHAPTER, CORRECT?

21      A.    I AGREE THAT'S WHAT I STATED

22  ON THIS CHAPTER, YES.

23      Q.    AND THEN YOU WRITE, "THE RULE

24  26 CONFERENCE IS INTENDED TO AVOID LATER

25  DIFFICULTIES OR EASE THEIR RESOLUTION."

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 292

1          THAT SENTENCE I JUST READ, YOU
2    ARE ACTUALLY QUOTING FROM THE ADVISORY
3    COMMITTEE NOTES FOR SOME AMENDMENTS TO
4    RULE 26(F), RIGHT, SIR?
5          A.    2006 AMENDMENTS, YES.
6          Q.    OKAY. OH.  WHILE WE'RE ON THIS
7    PAGE, EARLIER I ASKED YOU IF SEDONA
8    CONFERENCE WAS A LAW POLICY THINK TANK,
9    AND YOU SAID I WOULDN'T USE THOSE WORDS.
10   DO YOU RECALL THAT TESTIMONY?
11         A.    I SEE I REFER TO IT HERE.
12         Q.    AND THAT'S EXACTLY WHAT YOU
13   CALLED IT, RIGHT, "THE SEDONA CONFERENCE
14   A LAW AND POLICY THINK TANK?"
15         A.    YES, THAT'S -- I REFER TO IT
16   THAT WAY, RIGHT.
17         Q.    AND IN REFERRING TO IT YOU'RE
18   TALKING ABOUT SOMETHING THEY ISSUED
19   CALLED A COOPERATION PROCLAMATION, RIGHT,
20   SIR?
21         A.    YES.
22         Q.    THE PURPOSE OF WHICH WAS, AND
23   I'M QUOTING YOU TO, "REFOCUS LITIGATION
24   ON THE MERITS OF THE CASE AND NOT ON
25   EDISCOVERY ISSUES, AS WELL AS TO PROMOTE

Page 293

1    OPEN AND FORTHRIGHT INFORMATION SHARING

2    DIALOGUE, INTERNAL AND EXTERNAL TRAINING

3    AND THE DEVELOPMENT OF PRACTICAL TOOLS TO

4    FACILITATE COOPERATIVE, COLLABORATIVE,

5    TRANSPARENT DISCOVERY." NOW I'M GOING TO

6    PAUSE THERE.

7         DO YOU AGREE WITH THE PURPOSE,

8    AS YOU HAVE PUT IT, OF SEDONA'S

9    PROCLAMATION?

10        A.    I DO.

11        Q.    OKAY. AND SIR, CAN WE AGREE

12   THAT ONE OF THE VERY FIRST TOPICS OF YOUR

13   RULE 26 CONFERENCE IN YOUR VIEW SHOULD BE

14   PRESERVATION?

15        A.    YES.

16        Q.    AND NOW, I'M GOING TO READ

17   FROM WHAT YOU'VE WRITTEN HERE. I'M IN THE

18   FIRST FULL PARAGRAPH -- SORRY -- SECOND

19   TO LAST SENTENCE. YOU WROTE, "THE RULES

20   DO NOT CONTEMPLATE THAT EVERY SCRAP OF

21   ESI NEEDS TO BE MAINTAINED AND PRODUCED

22   IN EVERY CASE. TO THE CONTRARY, THE RULES

23   EXPECT A RATIONAL CULLING OF THE

24   DOCUMENTS NECESSARY TO THE LITIGATION

25   FROM THE FULL RANGE OF ESI IN EXISTENCE."

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 294

1          A.    YES.

2          Q.    AND I'M GOING TO PAUSE THERE.

3     AND AGAIN, YOUR SOURCE FOR THAT ARE THE

4     ADVISORY COMMITTEE NOTES FOR THE 2006

5     AMENDMENTS TO RULE 26(F), RIGHT?

6          A.    THAT'S CORRECT.

7          Q.    AND EARLIER -- WHILE WE'RE

8     LOOKING AT FOOTNOTE 4 -- EARLIER I ASKED

9     YOU WHETHER YOU AGREED WITH CERTAIN

10    STATEMENTS AND IF YOU LOOK IN FOOTNOTE 4,

11    THE SECOND SENTENCE YOU RECALL I ASKED

12    YOU WHETHER YOU AGREED WITH THIS

13    STATEMENT, "COMPLETE OR BROAD CESSATION

14    OF A PARTY'S ROUTINE COMPUTER OPERATIONS

15    COULD PARALYZE THE PARTIES' ACTIVITIES."

16    THAT'S WHAT YOU WROTE, RIGHT?

17         A.    YES.

18         Q.    "THE PARTIES SHOULD TAKE

19    ACCOUNT OF THESE IN THEIR DISCUSSIONS

20    WITH THE GOAL OF AGREEING ON REASONABLE

21    PRESERVATION STEPS."

22              "PARTIES" MEANING PARTIES TO

23    THE LITIGATION AT ISSUE, RIGHT?

24         A.    YES.

25         Q.    SO IN THE CONTEXT OF PARTIES

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 295

1   CONFERRING EARLY IN THE CASE ON THE SCOPE

2   -- SORRY -- ON PRESERVATION OF ESI, IS IT

3   TRUE THAT ESTABLISHING PRESERVATION

4   BOUNDARIES CAN SET GROUNDRULES FOR THE

5   PRODUCING PARTY?

6        A.   I BELIEVE I -- ARE YOU STATING

7   SOMETHING THAT'S IN THIS CHAPTER OR ARE

8   YOU ASKING A QUESTION?

9        Q.   LET ME FIRST ASK THE QUESTION

10  AND THEN WE CAN READ IT IF WE NEED TO.

11        IF I AM THE PRODUCING PARTY OF

12  POTENTIALLY RELEVANT ESI, CAN WE AGREE

13  THAT IT WOULD BE IMPORTANT TO ME TO AT

14  THE BEGINNING OF DISCOVERY AGREE ON THE

15  SCOPE OF THE RETENTION EFFORT TO LATER

16  AVOID A CLAIM OF SPOLIATION?

17        A.   YES.

18        Q.   AND THEN WHEN YOU SAY AT THE

19  END OF THAT PARAGRAPH ON PAGE 409 -- I

20  SAID THAT PARAGRAPH, I MEAN THE SECOND

21  FULL PARAGRAPH, PAGE 49 -- YOU SAY,

22  "SETTING REASONABLE LIMITS ON THE SCOPE

23  OF PRESERVATION WILL THEREFORE FOCUS THE

24  DISCOVERY PROCESS ON THE PRODUCTION OF

25  DOCUMENTS THAT NEED TO BE EXCHANGED FOR

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 296

1  PURPOSES OF THE LITIGATION AND AVOID THE

2  POTENTIAL THAT THE DISCOVERY PROCESS WILL

3  BE USED FOR GAMESMANSHIP." DID I READ

4  THAT CORRECTLY?

5        A.    YES, THAT'S RIGHT.

6        Q.    SO AM I SUMMARIZING WHAT YOU

7  ARE WRITING ABOUT IN THIS PARTICULAR

8  PARAGRAPH TO BE THAT IT IS BENEFICIAL TO

9  EARLY IN THE CASE BE CANDID AND HAVE

10  DISCUSSIONS ABOUT WHAT A PARTIES'

11  RETENTION POLICIES ARE FOR ESI TO AVOID

12  GAMESMANSHIP LATER ON THAT'S DISTRACTING

13  FROM THE MERITS?

14            MR. RENARD:   OBJECTION TO

15        FORM.

16        A.    IN THIS CHAPTER, YES, YOU

17  KNOW, I STATE THAT AND I BELIEVE THAT

18  INHERENT IN THIS IS ALSO THAT THE PARTIES

19  BE FORTHRIGHT AND TRANSPARENT IN THE DATA

20  THAT'S BEING PRESERVED AND THE DATA AT

21  ISSUE IN THE CASE.

22        Q.    SO BRINGING IT BACK TO CHAT

23  MESSAGES, CAN WE AGREE THAT IN THIS CASE

24  IT WOULD HAVE BEEN IMPORTANT FOR GOOGLE

25  TO LET THE PLAINTIFFS KNOW, FOR INSTANCE,

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 297

1    ITS CHAT MESSAGE RETENTION POLICIES IN

2    TERMS OF WHAT KINDS OF THINGS ARE SUBJECT

3    TO BEING SAVED AND FOR HOW LONG?

4         A.    FOR GOOGLE TO PROVIDE THAT

5    INFORMATION?

6         Q.    YES.

7         A.    I THINK IN THE CONTEXT OF THIS

8    CASE, YES.

9         Q.    AND AS YOU WRITE IN YOUR BOOK

10   CHAPTER, ONE OF THE REASONS TO DO THAT IS

11   SO THE REQUESTING PARTY, HERE THE

12   PLAINTIFFS, CAN VOICE AN OBJECTION AT

13   THAT TIME AND IT CAN BE DEALT WITH,

14   RIGHT, SIR?

15        A.    IF THAT'S POSSIBLE, YES.

16        Q.    LET ME HAND YOU WHAT I'M GOING

17   TO BE MARKING AS EXHIBIT 18.

18             (GRANDE EXHIBIT 18, LETTER

19        DATED FEBRUARY 7, 2020 FROM YETTER

20        COLEMAN WAS RECEIVED AND MARKED ON

21        THIS DATE FOR IDENTIFICATION.)

22        Q.    SO THE REASON THE COVER PAGE

23   OF EXHIBIT 18 SAYS "EXHIBIT 5 FILED UNDER

24   SEAL" IS BECAUSE IT WAS AN EXHIBIT TO

25   YOUR DECLARATION IN SUPPORT OF THE MOTION

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 298

1   FOR SANCTIONS. I DON'T WANT YOU TO BE

2   CONFUSED BY IT. BUT CAN YOU CONFIRM THAT

3   YOU HAVE SEEN THIS FEBRUARY -- IN FACT,

4   THIS FEBRUARY 7TH, 2020 LETTER FROM

5   YETTER COLEMAN IS A DOCUMENT YOU CITED IN

6   YOUR REPORT. DO YOU RECALL THAT?

7         A.    YES.

8         Q.    SO YOU'VE SEEN THIS BEFORE, I

9   TAKE IT?

10        A.    I HAVE AT SOME POINT.

11        Q.    DID YOU KNOW THAT YETTER

12  COLEMAN AT THIS TIME WAS REPRESENTING

13  GOOGLE?

14        A.    THAT'S MY UNDERSTANDING.

15        Q.    AND IF YOU LOOK AT THE

16  RECIPIENT OF THE LETTER ON THE FIRST PAGE

17  IT'S THE OFFICE OF THE ATTORNEY GENERAL

18  OF THE STATE OF TEXAS, ONE OF THE

19  PLAINTIFFS IN THIS CASE, RIGHT, SIR?

20        A.    YES.

21        Q.    AND THE TITLE OF THE LETTER

22  SAYS "HIGHLY CONFIDENTIAL" -- SORRY -- IN

23  ADDITION TO SAYING IT'S HIGHLY

24  CONFIDENTIAL IT SAYS "CID MATERIAL". DO

25  YOU RECALL?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 299

1          A.    I DO.

2          Q.    AND JUST LOOKING AT THAT FIRST

3     SUBHEADING, CAN YOU CONFIRM THAT THIS

4     LETTER INVOLVES DISCUSSIONS ABOUT

5     GOOGLE'S RESPONSE TO TEXAS'S CIVIL

6     INVESTIGATIVE DEMAND BEFORE SUIT WAS

7     FILED IN THIS CASE?

8          A.    YES, THAT'S HOW I READ IT.

9          Q.    SO LET'S GO TO PAGE 4. AND

10    THEN THIS LETTER FROM GOOGLE'S COUNSEL IT

11    ADDRESSES THE OFFICE OF ATTORNEY

12    GENERAL'S QUESTION ABOUT HANGOUT CHANGE

13    RETENTION AND DOCUMENT HOLDS. DO YOU SEE

14    THAT?

15         A.    I DO.

16         Q.    AND BEFORE WE GO ANY FURTHER,

17    YOU UNDERSTAND THAT WHAT WE'VE BEEN

18    CALLING CHAT, WITH A CAPITAL C, IN THIS

19    DEPOSITION THAT IT HAS BEEN REFERRED TO

20    AS -- I'M SORRY -- IT HAD DIFFERENT NAMES

21    PREVIOUSLY LIKE HANGOUTS, BUT IT'S THE

22    SAME TOOL, RIGHT?

23         A.    OR SIMILAR, YES.

24         Q.    THE FIRST PARAGRAPH IN THAT

25    SECTION REFERENCES A COUPLE OF CALLS. DO

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 300

1   YOU HAVE ANY IDEA WHAT WAS TALKED ABOUT

2   IN THOSE PHONE CALLS BETWEEN COUNSEL FOR

3   GOOGLE AND COUNSEL FOR TEXAS?

4          A.    NO, I WAS NOT INVOLVED IN THE

5   CASE AT THAT TIME.

6          Q.    HOW ABOUT SINCE THEN, HAVE YOU

7   TAKEN IT UPON YOURSELF TO FIGURE OUT WHAT

8   WAS BEING DISCUSSED?

9          A.    I DON'T RECALL KNOWING WHAT

10  WAS DISCUSSED ON THOSE CALLS.

11         Q.    SO IT MENTIONS THERE THAT THE

12  STATE OF TEXAS HAD "ASKED A NUMBER OF

13  FOLLOWUP QUESTIONS ABOUT GOOGLE'S

14  DOCUMENT RETENTION POLICIES FOR HANGOUT

15  CHAT MESSAGES." DO YOU SEE THAT?

16         A.    YES.

17         Q.    SO LET'S SEE WHAT GOOGLE'S

18  COUNSEL WROTE HERE. "GOOGLE OFFERS ITS

19  EMPLOYEES A SET OF WORK PRODUCTIVITY

20  TOOLS THAT INCLUDES AN INTERNAL MESSAGING

21  TOOL CALLED GOOGLE HANGOUTS. GOOGLE

22  HANGOUT MESSAGES BY DEFAULT ARE SET TO BE

23  "OFF THE RECORD". I'M GOING TO PAUSE

24  THERE. THAT'S ACCURATE, RIGHT?

25         A.    YES.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 301

1      Q.    THEN IT SAYS "'OFF THE RECORD'
2  MESSAGES ARE NOT RETAINED BY GOOGLE." I'M
3  GOING TO PAUSE THERE. THAT'S ALSO
4  ACCURATE, RIGHT, SIR, AS OF THIS DATE?
5      A.    YES.
6      Q.    THEN IT SAYS, "'ON THE RECORD'
7  HANGOUT CONVERSATIONS ARE KEPT FOR 30
8  DAYS." I'M GOING TO PAUSE THERE.
9           BUT AT THIS POINT IN TIME "ON
10  THE RECORD" CHATS WERE KEPT FOR AT LEAST
11  30 DAYS, RIGHT, SIR?
12      A.    THAT'S CORRECT.
13      Q.    SO I'LL KEEP READING. "ONCE AN
14  EMPLOYEE IS PUT ON A LEGAL HOLD, HOWEVER,
15  'ON THE RECORD' HANGOUT CONVERSATIONS ARE
16  PRESERVED FOR THE DURATION OF THE LEGAL
17  HOLD." I'M GOING TO PAUSE. THAT'S ALSO
18  ACCURATE, RIGHT?
19      A.    IT IS.
20      Q.    THEN IT CONTINUES TO SAY,
21  "GOOGLE INSTRUCTS CUSTODIANS ON A LEGAL
22  HOLD TO PRESERVE RELEVANT MATERIALS
23  INCLUDING AN INSTRUCTION TO PRESERVE
24  RELEVANT HANGOUT CONVERSATIONS BY PUTTING
25  THOSE CONVERSATIONS 'ON THE RECORD' ON A

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 302

1    MESSAGE-BY-MESSAGE BASIS." AND MR.

2    GRANDE, THAT'S ALSO ACCURATE, RIGHT?

3          A.    THAT STATEMENT IS ACCURATE.

4          Q.    AND THEN IT GOES ONTO ADDRESS

5    SOME QUESTIONS THAT THE STATES HAD ABOUT

6    "AUDITS" OF CUSTODIANS ON LEGAL HOLD. DO

7    YOU SEE THAT, WHERE I AM IN THE NEXT

8    PARAGRAPH?

9          A.    YES.

10         Q.    AND GOOGLE'S COUNSEL WRITES

11   "GOOGLE SENDS CUSTODIANS ON LEGAL HOLD

12   REGULAR ELECTRONIC AND ORAL REMINDERS TO

13   MAKE SURE THEY PRESERVE THEIR RELEVANT

14   MATERIALS, INCLUDING BY PUTTING ANY

15   HANGOUT CONVERSATIONS ON THE RECORD."

16              YOU'RE AWARE THAT THAT IS ALSO

17   ACCURATE, RIGHT? YOU'VE SEEN EXAMPLES OF

18   THE REMINDERS?

19              MR. RENARD:  OBJECTION TO

20        FORM.

21         Q.    SORRY.  YOU NODDED BUT I DON'T

22   KNOW IF YOU MEANT TO ANSWER.

23         A.    I WOULDN'T AGREE WITH -- I

24   MEAN, I DON'T HAVE THE BASIS TO AGREE

25   THERE WERE REGULAR ELECTRONIC AND ORAL

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 303

1    REMINDERS TO MAKE SURE THEY PRESERVED

2    THEIR REGULAR MATERIALS. I HAVE SEEN A

3    REMINDER OR LANGUAGE FOR A REMINDER.

4         Q.    FAIR ENOUGH. THAT PARAGRAPH

5    THAT WE WENT THROUGH SENTENCE BY

6    SENTENCES WHEREIN GOOGLE ACTUALLY

7    DESCRIBED IT'S CHAT RETENTION POLICY, IS

8    THERE ANYTHING MISLEADING ABOUT THAT

9    DESCRIPTION IN YOUR VIEW?

10        A.    YES.

11        Q.    WHAT IS IT?

12        A.    IT'S THE FACT THAT IT'S NOT AS

13   EASY AS INDICATED FOR EMPLOYEES TO,

14   AGAIN, PUT "HISTORY ON" FOR A MESSAGE

15   THAT ANOTHER EMPLOYEE COULD TURN "HISTORY

16   OFF" AND THEN THE MESSAGE -- YOU KNOW,

17   LET'S SAY IF THEY WANTED TO PRESERVE THAT

18   MESSAGE THERE WAS NO INSTRUCTION ON HOW

19   TO PRESERVE THAT MESSAGE.

20             AGAIN, AS MENTIONED, THERE WAS

21   CONFUSION ON WHETHER THEY ACTUALLY HAD --

22   HISTORY WAS ON OR OFF, IF IT WAS --

23   AGAIN, AT THIS POINT BECAUSE IT WAS THEIR

24   -- THEY WERE DOING IT AND IT WASN'T A

25   FORCED "HISTORY ON", THERE WERE A LOT OF

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 304

1    WAYS IN WHICH THESE MESSAGES WOULD NOT BE

2    PRESERVED.

3         Q.    OKAY. LET'S GO THROUGH YOUR

4    ANSWER.

5              I ASKED YOU FOR WHY THIS WAS A

6    MISLEADING DESCRIPTION AND YOU SAID "IT'S

7    NOT EASY AS INDICATED TO TURN 'HISTORY

8    ON'."

9              IS IT YOUR OPINION THAT --

10   HAVE YOU EVER SEEN A LITIGANT OR A

11   POTENTIAL LITIGANT WHEN DISCLOSING ITS

12   RETENTION POLICY TO GO INTO THE DETAILS

13   OF, LIKE, WHAT THE BUTTONS LOOK LIKE OR

14   WHAT THE INTERFACE LOOKS LIKE?

15             MR. RENARD:  OBJECTION TO

16        FORM.

17        A.    CAN YOU REPHRASE THAT?

18        Q.    SURE. WHEN TWO PARTIES ON THE

19   OPPOSITE SIDE OF ACTUAL OR ANTICIPATED

20   LITIGATION ARE MEETING AND CONFERRING

21   ABOUT A PARTIES' RETENTION OF ESI, HAVE

22   YOU EVER SEEN IT GO INTO DETAILS LIKE,

23   "HERE IS MY INTERFACE LOOKS LIKE ON MY

24   CHAT MESSAGING SYSTEM?"

25        A.    NO.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 305

1    Q.    SO LET ME SHOW YOU ANOTHER

2    LETTER THAT YOU CITED IN YOUR REPORT.

3              (GRANDE EXHIBIT 19, EXHIBIT 4

4         ATTACHED TO IGNATIUS GRANDE

5         DECLARATION, WAS RECEIVED AND

6         MARKED ON THIS DATE FOR

7         IDENTIFICATION.)

8    Q.    EXHIBIT 19 TO YOUR DEPOSITION

9    IS WHAT WAS MARKED AS EXHIBIT 4 TO YOUR

10   DECLARATION. THIS IS A LETTER DATED

11   FEBRUARY 4TH, SO IT ACTUALLY PRECEDED THE

12   LETTER WE JUST LOOKED AT. IT IS FROM THE

13   ATTORNEY GENERAL'S OFFICE OF TEXAS AND

14   ADDRESSED TO GOOGLE'S COUNSEL. DO YOU SEE

15   THAT?

16   A.    YES.

17   Q.    NOW, LET'S LOOK AT WHAT

18   TEXAS'S UNDERSTANDING WAS AS OF FEBRUARY

19   4, 2020 OF GOOGLE'S CHAT RETENTION

20   PRACTICES. I'M LOOKING AT PAGE 2 OF THE

21   LETTER.

22              IN THAT SECOND PARAGRAPH IT

23   SAYS, "THE PARTIES FURTHER DISCUSSED CHAT

24   AND TEXT MESSAGES. AS WE UNDERSTAND YOUR

25   DESCRIPTION OF THIS TYPE OF COMMUNICATION

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 306

```
1    GOOGLE HANGOUTS MESSAGES ARE AKIN TO
2    INSTANT MESSAGES BETWEEN GOOGLE
3    EMPLOYEES." I WILL PAUSE THERE.
4              THAT'S TRUE, RIGHT, SIR?
5              MR. RENARD:  I JUST WANT TO
6         OBJECT TO THE SIDEBAR LEADING UP TO
7         YOUR QUOTE FROM THE LETTER.
8              MS. NAJAM:   OKAY.
9         A.    THE SECOND SENTENCE -- CAN YOU
10   REPEAT THE SENTENCE?
11        Q.    SURE. SO LET'S MAYBE -- LET ME
12   CURE THAT OBJECTION.
13             DO YOU UNDERSTAND THIS LETTER
14   TO HAVE BEEN WRITTEN BY THE OFFICE OF
15   ATTORNEY GENERAL OF THE STATE OF TEXAS,
16   ONE OF THE PLAINTIFFS IN THIS CASE?
17        A.    YES.
18        Q.    AND IN THAT SECOND PARAGRAPH
19   COUNSEL FOR TEXAS IS WRITING DOWN AND
20   CONVEYING TO GOOGLE ITS UNDERSTANDING
21   BASED ON CONVERSATIONS OF GOOGLE'S
22   RETENTION POLICY FOR CHATS, RIGHT?
23             MR. RENARD:  OBJECTION, FORM.
24        A.    THEY'RE INDICATING THEIR
25   UNDERSTANDING OF THE POLICY.
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 307

1          Q.     SO THE SECOND SENTENCE I READ

2     TO YOU, I'M NOT GOING TO READ IT AGAIN ON

3     THE RECORD, GO AHEAD, HAVING TO DO WITH

4     MESSAGES BEING AKIN TO INSTANT MESSAGES?

5          A.     YES.

6          Q.     THAT'S ACCURATE, RIGHT?

7          A.     YES.

8          Q.     THEN THE COUNSEL FOR TEXAS

9     WRITES, "THESE MESSAGES ARE NOT RETAINED

10    IN ANY WAY UNLESS THEY ARE MARKED ON THE

11    RECORD BY THE USER." I WILL PAUSE. THAT'S

12    TRUE TOO, RIGHT, SIR?

13         A.     YES.

14         Q.     AND THEN COUNSEL WRITES, "IF

15    MARKED ON THE RECORD THEY ARE MAINTAINED

16    FOR 30 DAYS AND THEN DELETED." I'LL PAUSE

17    THERE.

18                AS WE DISCUSSED, IT WAS THEY

19    WERE ACTUALLY RETAINED FOR AT LEAST 30

20    DAYS, SOMETIMES MORE, BUT THEN DELETED

21    DEPENDING ON WHAT KIND OF CHAT IT WAS,

22    RIGHT, SIR?

23         A.     YES.

24         Q.     FOR EXAMPLE, FOR ONE-ON-ONE --

25    FOR A ONE-ON-ONE CHAT THAT WAS ON THE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 308

1    RECORD THAT WOULD BE DELETED AFTER 30

2    DAYS, RIGHT?

3         A.    YES.

4         Q.    BUT IF IT WAS, FOR EXAMPLE, A

5    ROOM, THE DELETION -- THE RETENTION

6    POLICY FOR "ON THE RECORD" CHATS WAS

7    LONGER, TRUE?

8         A.    YES. TRUE.

9         Q.    SO LET ME KEEP RECORDING WHAT

10   COUNSEL FOR TEXAS WROTE, "IF THE USER IS

11   ON A LEGAL HOLD THE USER IS TOLD TO MARK

12   ALL CHATS AS 'ON THE RECORD'. IF THE USER

13   DOES NOT TAKE THIS ACTION FOR EVERY

14   CONVERSATION" -- SORRY. LET ME PAUSE

15   THERE.

16         THE INSTRUCTION TO THE USER TO

17   MARK ALL CHATS "ON THE RECORD" IF THEY'RE

18   ON HOLD, THAT WAS TRUE, RIGHT, THAT WAS

19   ACCURATE?

20         A.    IF THE USER HAS RECEIVED A

21   LEGAL HOLD, YES.

22         Q.    IF THE USER DOES NOT TAKE THIS

23   ACTION FOR EVERY CONVERSATION THE

24   UNMARKED ONES WILL BE DELETED

25   IMMEDIATELY. AND SIR, WAS THAT TRUE?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 309

1      A.    THAT'S NOT ACCURATE BECAUSE

2  IT'S TALKING ABOUT CONVERSATIONS.

3      Q.    WELL, IS IT POSSIBLE THAT THE

4  AUTHOR HERE WHEN THEY SAID "CONVERSATION"

5  MEANT "MESSAGE"?

6      A.    IT'S POSSIBLE.

7          MR. RENARD:  OBJECTION TO

8      FORM.

9      Q.    AND THEN THEY WROTE, "IF A

10 PERSON ON LEGAL HOLD MARKS THE CHATS AS

11 ON THE RECORD, THE MARKED RECORDS ARE

12 RETAINED INDEFINITELY." AND THAT IS TRUE

13 FOR CHAT MESSAGES, RIGHT, SIR?

14     A.    AGAIN, IT'S NOT CLEAR IF THERE

15 WAS -- IF BOTH SIDES WERE ON THE SAME

16 PAGE WHETHER THEY'RE TALKING ABOUT CHATS

17 OR CONVERSATIONS.  BUT AS I MENTIONED

18 EARLIER WITH CONVERSATIONS, IT IS

19 POSSIBLE FOR SOMEONE ELSE IN THE CHAT TO

20 TURN OFF -- TURN THE RECORD -- TURN

21 "HISTORY OFF" AND FOR DOCUMENTS TO BE

22 LOST IN THAT SITUATION.

23     Q.    OKAY. WELL, IN ANY EVENT, THIS

24 LETTER WAS DATED FEBRUARY 4TH, AND THEN

25 AFTER THIS LETTER CAME EXHIBIT 18 WHERE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 310

1  GOOGLE MADE SOME CLARIFICATIONS AND WE

2  WENT THROUGH EACH OF THOSE STATEMENTS

3  ALREADY. DO YOU RECALL THAT?

4       A.    OKAY. YES.

5       Q.    ARE YOU AWARE THAT THIS CASE

6  WHEN IT WAS -- ONCE IT WAS FILED WAS

7  CONSOLIDATED WITH OTHER CASES AS PART OF

8  SOME MULTIDISTRICT LITIGATION IN NEW

9  YORK?

10       A.    I AM AWARE OF THAT.

11       Q.    AND ARE YOU AWARE THAT AS A

12  PART OF THAT CONSOLIDATED LITIGATION THE

13  PARTIES DID CONFER PURSUANT TO RULE

14  26(F)?

15       A.    I -- IF YOU SAY SO.

16       Q.    WELL, SO MAYBE THAT ANSWERS MY

17  NEXT QUESTION.

18            DO YOU KNOW ANYTHING ABOUT THE

19  DETAILS INCLUDING THE LENGTH OR THE

20  SUBSTANCE OF THOSE RULE 26(F)

21  NEGOTIATIONS ON AN ESI ORDER?

22       A.    THE OPINIONS I PROVIDE IN MY

23  REPORT DIDN'T -- WERE NOT -- WERE BASED

24  UPON MR. MALKIEWICZ'S OPINIONS AND NOT --

25  YOU KNOW, I DIDN'T OPINE ON THE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 311

1    MEET-AND-CONFER CONFERENCES, SO I'M NOT

2    AWARE OF THOSE DISCUSSIONS.

3         Q.    SO I TAKE IT YOU DON'T KNOW

4    WHAT THE ESI ORDER, LIKE THE FINAL ONE

5    ENTERED INTO CONNECTION WITH THIS CASE,

6    DO YOU KNOW WHAT THAT SAID IN TERMS OF

7    PARTIES CONTINUING OR DISRUPTING THEIR

8    THEN CURRENT RETENTION PRACTICES?

9         A.    I DON'T BELIEVE I -- I

10   REFERENCE IN MY RELIED UPON -- I DON'T

11   RECALL SEEING THE ESI ORDER.

12        Q.    WAS IT GIVEN TO YOU AS PART OF

13   THE UNIVERSE OF MATERIALS AVAILABLE THAT

14   YOU PUT IN APPENDIX C?

15        A.    I BELIEVE SO.

16        Q.    YOU DIDN'T THINK IT WAS

17   IMPORTANT TO YOU TO READ THE ESI ORDER

18   THE PARTIES AGREED TO BEFORE OPINING THAT

19   MY CLIENT FAILED TO PRESERVE EVIDENCE

20   WITH AN INTENT TO DEPRIVE THE OTHER SIDE

21   OF EVIDENCE?

22             MR. RENARD:  OBJECTION TO

23        FORM.

24        A.    I DON'T SEE HOW THAT WOULD

25   AFFECT WHAT THE ACTIONS THAT WERE TAKEN

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 312

1  WITH REGARD TO THE PRESERVATION OF CHATS.

2       Q.    IT WOULDN'T AFFECT THE

3  PROPRIETY OF THAT RETENTION AFTER THE

4  DATE OF THE ORDER IF THE ORDER SAYS, HEY,

5  WHATEVER YOU GOT GOING ON NOW, LEAVE IT?

6            MR. RENARD:  OBJECTION TO

7       FORM.

8       A.    IN MY EXPERIENCE THE ESI

9  PROTOCOLS ARE CREATED AND FOCUS ON

10 PRODUCTION IN THE CASE, ESI PRODUCTIONS.

11 YOU KNOW, I'M NOT AWARE OF LANGUAGE THAT

12 WOULD HAVE AFFECTED THE OBLIGATION TO

13 PRESERVE DATA.

14      Q.    SAY THAT LAST PART. SORRY.

15 I'LL READ IT.

16      A.    I DON'T BELIEVE THERE WOULD BE

17 LANGUAGE THAT WOULD AFFECT THE DUTY OF

18 THE OBLIGATION TO PRESERVE DATA.

19      Q.    IS IT YOUR UNDERSTANDING IN

20 THIS CASE THAT THE STATES HAVE AN EQUAL

21 OR UNEQUAL ESI PRODUCTION

22 RESPONSIBILITY --

23            MR. RENARD:  OBJECTION TO

24      FORM.

25      Q.    -- AS GOOGLE? SORRY.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 313

1      A.    CAN YOU REPHRASE WHAT YOU MEAN

2  BY THAT?

3      Q.    IN CERTAIN LITIGATIONS YOU

4  HAVE A PLAINTIFF AND A DEFENDANT ON --

5  WHO HAVE A DIFFERENT AMOUNT OF

6  POTENTIALLY RELEVANT ESI; IS THAT

7  ACCURATE?

8      A.    YES.

9      Q.    IS THIS ONE OF THOSE CASES

10 WHERE THE PLAINTIFFS HAVE, IN YOUR VIEW,

11 AN UNEQUAL ESI PRODUCTION RESPONSIBILITY?

12          MR. RENARD:  OBJECTION TO

13      FORM.

14      A.    I CAN'T ANSWER WITH THE

15 LANGUAGE YOU USED. I WOULD SAY IT'S MY

16 UNDERSTANDING THE PRODUCTIONS IN THIS

17 CASE THAT GOOGLE HAS PRODUCED MORE

18 DOCUMENTS THAN THE PLAINTIFFS.

19      Q.    SO IT'S POSSIBLE THAT THE

20 RESPONSIBILITIES TO PRODUCE ESI WERE

21 EQUAL, JUST GOOGLE PRODUCED MORE; IS THAT

22 WHAT YOU'RE SAYING?

23          MR. RENARD:  OBJECTION TO

24      FORM.

25      A.    AGAIN, MY OPINIONS DON'T

Page 314

1    INVOLVE THE DOCUMENT REQUESTS AND DATA,

2    YOU KNOW, WITH REGARD TO THE REQUESTS FOR

3    PRODUCTION IN THE CASE, SO I DON'T

4    BELIEVE I CAN ANSWER THAT QUESTION.

5         Q.    WHO IS SUING WHO?

6         A.    THE PLAINTIFFS ARE SUING

7    GOOGLE.

8         Q.    FOR WHAT?

9         A.    FOR -- I DON'T HAVE -- I'D

10   HAVE TO -- FOR COMPETITION ISSUES,

11   DECEPTIVE PRACTICES AND, AGAIN, I DON'T

12   HAVE THE COMPLAINT IN FRONT OF ME.

13        Q.    YOU WOULD NEED THE COMPLAINT

14   TO ANSWER MORE FULLY THE QUESTION OF WHAT

15   THE CASE IS ABOUT, TRUE?

16        A.    I MEAN THE CASE IS ABOUT THE

17   USE OF THE VARIOUS MECHANISMS BY WHICH

18   PUBLISHERS WERE -- LET ME RESTART.

19             THE CASE INVOLVES SEVERAL

20   MANNERS IN WHICH GOOGLE USED DIFFERENT --

21   IT WAS ACCUSED OF TAKING STEPS TO

22   IMPROPERLY SET UP AUCTIONS FOR DIGITAL

23   ADVERTISING.

24        Q.    OKAY. AND IN A CASE LIKE THE

25   ONE YOU DESCRIBE, ARE THE STATES BRINGING

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 315

1    THE LAWSUIT GOING TO HAVE ANYWHERE NEAR

2    AN EQUAL AMOUNT OF ESI THAT THEY NEED TO

3    PRODUCE?

4         A.    NO.

5         Q.    SO CAN WE CALL IT UNEQUAL IN A

6    CASE LIKE THIS?

7         A.    YES.

8         Q.    IS IT YOUR EXPERIENCE THAT

9    WHEN THE REQUESTING PARTY HAS UNEQUAL ESI

10   PRODUCTION RESPONSIBILITIES THEY CAN

11   ATTEMPT TO TURN THE EDISCOVERY PROCESS

12   INTO A CHANCE TO PAINT THE ADVERSARY IN A

13   BAD LIGHT BEFORE MERITS ARE EVEN ON THE

14   TABLE FOR THE COURT?

15              MR. RENARD:  OBJECTION TO

16        FORM.

17        A.    THAT CAN HAPPEN.

18        Q.    IN FACT, THE REQUESTING PARTY

19   MAY MAKE CLAIMS OF SPOLIATION ALL FOR THE

20   PURPOSE OF GAINING AN UPPER HAND BEFORE

21   THE COURT, RIGHT?

22              MR. RENARD:  SAME OBJECTION.

23        A.    THAT CAN HAPPEN.

24        Q.    ONE WAY TO AVOID THAT IS TO

25   FULLY DISCLOSE YOUR ESI RETENTION ISSUES

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 316

1    OF THE RULE 26 CONFERENCE, RIGHT, SIR?

2         A.    YES. BUT, AGAIN, I DON'T

3    BELIEVE THAT WAS THE CASE IN THIS

4    LITIGATION.

5              MS. NAJAM:   OKAY. I'LL OBJECT

6         AS NONRESPONSIVE TO EVERYTHING

7         AFTER THE "YES".

8         Q.    AT ANY POINT BEFORE THIS YEAR

9    ARE YOU AWARE OF THE STATES IN THIS CASE

10   OBJECTING TO GOOGLE'S DISCLOSED RETENTION

11   POLICY FOR CHATS?

12             MR. RENARD:   OBJECTION, FORM.

13        A.    PRIOR TO THIS YEAR? I CAN'T

14   RECALL THE EXACT DATE THAT IT WAS RAISED.

15   I'M NOT SURE IF IT WAS LAST YEAR OR THIS

16   YEAR.

17        Q.    IN TERMS OF WHEN ISSUES

18   PERTAINING TO EDISCOVERY AREN'T RAISED AT

19   THE 26(F) CONFERENCE, THAT CAN LEAD TO

20   PERMANENT CONSEQUENCES IN THE LITIGATION,

21   RIGHT?

22        A.    YES.

23        Q.    IN FACT, COURTS HAVE HELD THAT

24   A FAILURE TO RAISE ISSUES DURING THE RULE

25   26(F) CONFERENCE FORECLOSES A PARTY FROM

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 317

1   LATER RAISING ISSUES OF THE INADEQUATE

2   PRODUCTION OF ELECTRONIC INFORMATION,

3   TRUE?

4        A.    IN CERTAIN CASES THAT'S TRUE.

5        Q.    ALL RIGHT. I HAVE A COUPLE OF

6   THINGS THAT I WANTED TO ASK YOU ABOUT

7   FROM YOUR REPORT. WE'LL START WITH PAGE

8   21.

9            MS. NAJAM: WHILE YOU'RE

10       TURNING TO THAT, CAN I PLEASE GET A

11       TIME CHECK, GOOD SIR?

12           VIDEOGRAPHER:  WE ARE 6:37 IN.

13           MS. NAJAM:  THANK YOU.

14       Q.    ARE YOU ON PAGE 21?

15       A.    I AM.

16       Q.    I WANT TO LOOK AT THE HEADING

17   ROMAN NUMERAL VIII.

18       A.    I DON'T THINK THAT'S 21.

19       Q.    I'M SORRY ROMAN NUMERAL VIII.

20   I'M BAD AT ROMAN NUMERALS.

21           YOU ARE TALKING ABOUT AN

22   ALLEGED OPINION BY MR. MALKIEWICZ THAT

23   GOOGLE EMPLOYEES DID NOT USE GOOGLE CHATS

24   FOR BUSINESS-RELATED COMMUNICATIONS. DO

25   YOU SEE WHERE I AM?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 318

1      A.    YES.

2      Q.    SIR, MR. MALKIEWICZ DIDN'T SAY

3   THAT, DID HE?

4           LET'S DO IT THIS WAY -- SORRY.

5   DO YOU HAVE AN ANSWER?

6      A.    YES. THAT OPINION WAS A

7   PREDICATE TO HIS STATEMENT IN 10.J.

8      Q.    OKAY.

9      A.    CONSIDERING --

10     Q.    SORRY. GO AHEAD.

11     A.    CONSIDERING PROFESSOR

12   HOCHSTETLER'S DISREGARD OF KEY EVIDENCE,

13   I CONSIDER HIS CHARACTERIZATION OF THE

14   CHAT TOOL AS BEING USED INTERNALLY

15   THROUGHOUT GOOGLE FOR BUSINESS-RELATED

16   COMMUNICATION TO BE MISLEADING OR AT BEST

17   CRITICALLY INCOMPLETE.

18     Q.    DID MR. MALKIEWICZ EVER COME

19   OUT AND OPINE IN HIS REPORT THAT GOOGLE

20   EMPLOYEES DIDN'T USE CHATS FOR

21   BUSINESS-RELATED COMMUNICATIONS?

22     A.    AGAIN, HE DID NOT USE THAT

23   EXACT LANGUAGE BUT THAT OPINION IS -- IS

24   PART OF BEHIND THE OPINIONS THAT HE --

25   THAT IS A PART OF THE OPINIONS THAT HE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 319

1   PROVIDED IN HIS REPORT.

2         Q.    THAT'S SOMETHING THAT YOU HAVE

3   GLEANED THAT IS YOUR VIEW; IS THAT TRUE?

4         A.    NO.   THAT'S WHAT IT SAYS.

5   THAT'S WHAT IT READS.

6         Q.    SORRY. WHERE ARE YOU READING

7   FROM? ARE YOU GOING BACK TO PARAGRAPH J

8   AGAIN?

9         A.    IF YOU GIVE ME A SECOND.

10        Q.    A-HUM.

11        A.    I MEAN THE REFERENCE, AGAIN,

12  YOU KNOW, IN PARAGRAPH 98 I STATE THAT,

13  YOU KNOW, AGAIN, HIS CHARACTERIZATION OF

14  GOOGLE CHAT, YOU KNOW, HE CLAIMS THAT

15  IT'S BEING USED INTERNALLY FOR

16  BUSINESS-RELATED COMMUNICATIONS IS

17  MISLEADING AND AT BEST CRITICALLY

18  INCOMPLETE. AND MY OPINION IS THE

19  EVIDENCE CLEARLY REFUTES THE STATEMENT.

20        Q.    YEAH, I KNOW YOUR OPINION. I

21  WAS ORIGINALLY ASKING IF YOU CAN POINT ME

22  TO ANYWHERE IN HIS REPORT WHERE HE

23  ACTUALLY OPINES THAT GOOGLE EMPLOYEES

24  DIDN'T USE CHAT FOR SUBSTANTIVE

25  COMMUNICATIONS BESIDES 10.J WHICH YOU

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 320

1   HAVE CITED.

2              ARE YOU ABLE TO POINT ME TO

3   ANYTHING ELSE?

4              IT'S BEEN THREE MINUTE, SO I'D

5   LIKE TO MOVE ON IF THE ANSWER IS NO.

6              MR. RENARD:  OBJECTION TO THE

7        FORM OF THE QUESTION.

8        A.    MY OPINION IN 99 -- IN

9   PARAGRAPH 99 IS THAT HE WAS MISLEADING,

10  HIS STATEMENT THAT GOOGLE CHAT IS USED

11  INTERNALLY FOR -- IS -- THAT HIS

12  STATEMENT THAT DR. -- PROFESSOR

13  HOCHSTETLER'S -- HIS STATEMENT THAT

14  PROFESSOR HOCHSTETLER WAS INCORRECT WHEN

15  HE SAID GOOGLE CHAT WAS USED INTERNALLY

16  THROUGHOUT GOOGLE FOR BUSINESS-RELATED

17  COMMUNICATION IS MISLEADING OR AT BEST

18  CRITICALLY INCOMPLETE WAS -- WAS --

19  THAT'S THE OPINION THAT I DISAGREE WITH

20  AND IT'S STATED IN MY REPORT.

21              MS. NAJAM:  OKAY. I'LL OBJECT

22        AS NONRESPONSIVE AND MOVE ON.

23        Q.    LET'S GO TO PAGE 31, PARAGRAPH

24  102.  IT'S THE RIGHT PARAGRAPH, 102.

25              YOU HAVE AN OPINION THERE THAT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 321

1    -- SECOND SENTENCE, "IT IS LIKELY THAT

2    THOSE 5% OF CHATS ARE POTENTIALLY VERY

3    RESPONSIVE OR KEY DOCUMENTS." DO YOU SEE

4    THAT? DO YOU SEE WHERE I READ FROM?

5         A.    YES.

6         Q.    THAT 5%, THAT'S A REFERENCE TO

7    THE CALCULATED NUMBER OF PRODUCED CHATS

8    FROM THE FIVE CUSTODIANS CONTAINED IN

9    THAT META LOG SET, IN OTHER WORDS 5% OF

10   THE MESSAGES THAT WERE FORCED -- SENT

11   AFTER FEBRUARY 8 WHERE HISTORY WAS FORCED

12   ON, 5% WERE RESPONSIVE, RIGHT? THAT'S

13   WHAT MR. MALKIEWICZ HAD DETERMINED?

14        A.    YES, APPROXIMATELY.

15        Q.    SO IN TERMS OF YOUR OPINION

16   THAT IT'S LIKELY THAT THAT CLUMP OF CHATS

17   ARE POTENTIALLY VERY RESPONSIVE OR KEY

18   DOCS, DID YOU ACTUALLY REVIEW EACH ONE OF

19   THEM?

20        A.    I CANNOT REVIEW EACH ONE OF

21   THEM.

22        Q.    DID YOU REVIEW ANY OF THESE

23   DOCUMENTS, THAT IS, THE PRESERVED CHATS

24   FROM WITHIN THAT LOG DATA PERIOD THAT

25   WERE PRODUCED FROM THOSE FIVE CUSTODIANS?

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 322

1          A.     I BELIEVE I READ SOME OF THEM,
2     BUT I STATE HERE IT'S LIKELY. YOU KNOW, I
3     DON'T -- MY -- MY OPINION IS BASED UPON
4     THE FACT THAT, YOU KNOW, I THINK THAT'S A
5     PRETTY HIGH PERCENTAGE OF RESPONSIVENESS
6     FOR -- FOR CHATS AND BASED UPON MY REVIEW
7     OF ALL THE CHATS IN THIS CASE, A LARGE
8     NUMBER THAT DO HIT ON SEARCH TERMS ARE
9     RESPONSIVE OR VERY RESPONSIVE.
10          MS. NAJAM:  I'LL OBJECT AS
11       NONRESPONSIVE.
12          Q.     MY QUESTION, AGAIN, DID YOU
13     ACTUALLY LAY YOUR EYES ON ANY OF THAT 5%
14     GROUP? THAT IS, CHATS FROM THE FIVE
15     CUSTODIANS WHOSE METADATA PROFESSOR
16     HOCHSTETLER LOOKED AT THAT WERE PRODUCED
17     IN THAT PERIOD FEBRUARY 8TH UNTIL THE END
18     OF FEBRUARY 2023?
19          A.     I BELIEVE THAT I DID.
20          Q.     WELL, WERE ANY OF THEM VERY
21     RESPONSIVE OR KEY?
22          A.     I DON'T RECALL.
23          Q.     YOU DON'T CITE ANY HERE IN
24     PARAGRAPH 102, DO YOU?
25          A.     NO. MY OPINION HERE --

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 323

1      Q.    I'M GOING TO MOVE ON.

2      A.    OKAY.

3      Q.    I UNDERSTAND YOUR OPINION. I'M

4    SORRY TO CUT YOU OFF. I ONLY HAVE A FEW

5    MINUTES LEFT.

6      A.    TAKE YOUR TIME.

7      Q.    OKAY. ON PAGE 36 OF YOUR

8    REPORT THERE IS A HEADING FOR ROMAN

9    NUMERAL XVIII, CITING A SUPPOSED OPINION

10   FROM MR. MALKIEWICZ THAT, "ANY MESSAGES

11   SENT BY CUSTODIANS THAT WERE NOT PRODUCED

12   ARE NOT RELEVANT AND ANY TIME A CUSTODIAN

13   TURNED 'HISTORY OFF' MEANT THAT CHAT WAS

14   NOT RELEVANT AND, THUS, 'HISTORY OFF' HAD

15   NO IMPACT ON CHAT RETENTION", AND THEN

16   YOU SAY IT'S INCORRECT. DO YOU SEE WHERE

17   I AM?

18     A.    I DO.

19     Q.    SIR, IS IT YOUR TESTIMONY

20   UNDER OATH THAT THOSE ARE REALLY THREE

21   OPINIONS THAT MR. MALKIEWICZ OFFERED IN

22   HIS REPORT?

23           MR. RENARD:  OBJECTION TO

24     FORM.

25     A.    I BELIEVE THEY'RE ALL

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 324

1    CONNECTED.

2         Q.    LET'S TAKE -- I WANT TO FOCUS

3    ON NUMBER 2 AND NUMBER 3.

4              CAN YOU TELL ME WHERE MR.

5    MALKIEWICZ SAID IN HIS REPORT THAT ANY

6    TIME A CUSTODIAN TURNED "HISTORY OFF",

7    THAT MEANT THE CHAT WAS NOT RELEVANT?

8              LET'S DO THIS MORE QUICKLY. IN

9    YOUR FOOTNOTE 97 YOU CITE CERTAIN

10   PARAGRAPHS OF HIS REPORT. DO YOU SEE

11   THAT?

12        A.    I DO.

13        Q.    ARE THOSE THE SOURCES OF HIS

14   PURPORTED OPINIONS THAT YOU ARE REBUTTING

15   IN THIS SECTION?

16        A.    THOSE ARE SOME OF THE

17   PARAGRAPHS WHERE I BELIEVE THESE

18   STATEMENTS WERE EITHER LISTED THAT WERE

19   PREDICATED.  BUT, AGAIN, THESE

20   STATEMENTS, YOU KNOW, THIS WAS PART OF

21   HIS REPORT AND HIS CONCLUSIONS THAT

22   "HISTORY OFF", THESE POINTS THAT I

23   MENTION HERE AND, YOU KNOW, I BELIEVE

24   THOSE OPINIONS WERE INCORRECT.

25        Q.    SIR, DID MR. MALKIEWICZ EVER

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 325

1    SAY IN HIS REPORT THAT IF A CUSTODIAN

2    SENT AN "OFF THE RECORD" CHAT, IT MUST

3    NOT HAVE BEEN RELEVANT? DID HE REALLY SAY

4    THAT?

5         A.    I MEAN, AGAIN, THESE ARE NOT

6    QUOTES BUT HE SAID VERY SIMILAR

7    STATEMENTS OR, YOU KNOW, THESE STATEMENTS

8    WERE PART OF THE CONCLUSIONS HE CAME TO.

9    IN FACT, IN 87, WHICH IS ONE OF THE

10   PARAGRAPHS THAT I CITE HE STATES, "THE

11   MORE PLAUSIBLE EXPLANATION FOR THE FACT

12   THAT HISTORY IS SWITCHED OFF IS THAT THE

13   NATURE OF THE DISCUSSION DID NOT PERTAIN

14   TO MATTERS RELEVANT TO THIS LITIGATION."

15        Q.    THAT'S 87, YOU SAID?

16        A.    YES.

17        Q.    THAT IS AN OPINION SPECIFIC TO

18   A PARTICULAR CONVERSATION IN A GROUP ID

19   WITH ██████████████, RIGHT?

20        A.    I MEAN, IT'S A CONCLUSION OF

21   HIS. IT DOESN'T LIMIT ITSELF TO ONE ITEM.

22   IT'S A BROAD STATEMENT REGARDING THE

23   HISTORY OF BEING SWITCHED OFF AND THAT'S

24   HOW A LOT OF HIS STATEMENTS WERE A LITTLE

25   -- WERE PRETTY BROAD IN WHAT HE WAS

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 326

1   ASSERTING.

2        Q.    OKAY. SO YOU TOOK PARAGRAPH 87

3   OF HIS REPORT TO BE A GENERALIZED

4   STATEMENT ABOUT JUST WHEN FOLKS TURN

5   "HISTORY OFF" THAT MEANS THEY'RE TALKING

6   ABOUT IRRELEVANT MATTERS?

7        A.    YES.

8        Q.    OKAY.  DID YOU FOR THIS CASE

9   REVIEW ANY OF THE PLAINTIFF STATES ESI

10  RETENTION POLICIES?

11       A.    YES, I REVIEWED THE ONES CITED

12  TO IN MR. MALKIEWICZ'S REPORT.

13       Q.    CAN YOU CITE ANY EXEMPTIONS

14  UNDER -- FIRST WE'RE GOING TO START WITH

15  THE LAW.  ANY LEGAL EXEMPTIONS FOR WHEN A

16  PARTY TO A LAWSUIT IS A STATE ENTITY

17  ANTICIPATING IT'S GOING TO FILE A

18  LAWSUIT?

19            MR. RENARD:  OBJECTION TO

20       FORM.

21       A.    CAN YOU REPHRASE WHAT YOU'RE

22  ASKING?

23       Q.    SURE. I SHOULD BE MORE

24  SPECIFIC. IN TERMS OF THE STANDARDS OF

25  ESI PRESERVATION -- THIS IS A DIFFERENT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 327

1   QUESTION -- IS THERE ANY EXCEPTION TO

2   WHAT YOU CONSIDER INDUSTRY STANDARD FOR

3   WHEN THE PARTY ANTICIPATING A SUIT IS A

4   STATE ENTITY AS OPPOSED TO A PRIVATE

5   ENTITY?

6        A.    I WOULDN'T SAY THERE IS AN

7   EXEMPTION, NO.

8        Q.    ARE THERE A DIFFERENT SET OF

9   RULES FOR WHEN THE PARTY ANTICIPATING

10  LITIGATION IS A GOVERNMENTAL UNIT IN

11  TERMS OF PRESERVING ESI?

12       A.    NO.  BUT, YOU KNOW, I THINK

13  WITH ANY PRESERVATION IT DEPENDS WHERE

14  THE RESPONSIVE DOCUMENTS, COMMUNICATION

15  ARE MAINTAINED.

16           MS. NAJAM:  OKAY.  ALL RIGHT.

17      I WILL PASS THE WITNESS. THAT MEANS

18      I AM DONE WITH THE MAIN PART BUT I

19      MAY OR MAY NOT TALK TO YOU SOON.

20      THANK YOU VERY MUCH.

21           YOU GUYS WANT TO TAKE A BREAK?

22           MR. RENARD:  WHY DON'T WE.

23           VIDEOGRAPHER:  TIME IS 5:55

24      P.M.  WE ARE GOING OFF THE RECORD.

25           (RECESS IS TAKEN.)

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 328

1          VIDEOGRAPHER:  THE TIME IS

2       APPROXIMATELY 6:04 P.M.  WE ARE

3       BACK ON THE RECORD.

4  CROSS-EXAMINATION BY MR. RENARD:

5       Q.    MR. GRANDE, I JUST HAVE

6  HOPEFULLY A FEW MINUTES OF QUESTIONS FOR

7  YOU.

8          YOU RECALL YOU'VE BEEN ASKED

9  THROUGHOUT YOUR DEPOSITION A NUMBER OF

10 QUESTIONS REGARDING EXHIBIT 1, WHICH IS

11 YOUR REBUTTAL EXPERT REPORT DATED

12 DECEMBER 11, 2024, CORRECT?

13      A.    YES.

14      Q.    AND YOU'VE ALSO BEEN ASKED

15 SOME QUESTIONS WITH RESPECT TO YOUR

16 DECLARATION WHICH IS EXHIBIT 9 DATED

17 DECEMBER 9 OF 2024, CORRECT?

18      A.    YES.

19      Q.    WAS ANY OF YOUR TESTIMONY

20 TODAY INTENDED TO CHANGE THE OPINIONS

21 EXPRESSED IN YOUR DECEMBER 9 DECLARATION?

22      A.    NO.

23      Q.    WAS ANY OF YOUR TESTIMONY

24 TODAY INTENDED TO CHANGE THE OPINIONS OR

25 ANY OF THE OPINIONS EXPRESSED IN YOUR

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 329

1    REBUTTAL REPORT, EXHIBIT 1?

2        A.    NO.

3        Q.    ARE ALL OF YOUR OPINIONS IN

4    YOUR DECLARATION AND IN YOUR REBUTTAL

5    REPORT FORMED USING YOUR EXPERTISE AS AN

6    EDISCOVERY EXPERT?

7        A.    YES.

8        Q.    DID YOU INTEND TO ISSUE OR

9    EXPRESS ANY LEGAL CONCLUSIONS THAT ARE

10   WITHIN THE PROVENCE OF THE COURT?

11            MS. NAJAM:    OBJECTION, FORM.

12       A.    I DID NOT INTEND TO PROVIDE

13   AND DID NOT PROVIDE ANY LEGAL OPINIONS.

14       Q.    CAN YOU TELL US WHETHER OR NOT

15   YOU BELIEVE THAT YOU HAD SUFFICIENT FACTS

16   AND DATA ON WHICH TO FORM AND EXPRESS THE

17   CONCLUSIONS SET FORTH IN YOUR DECLARATION

18   AND YOUR REPORT?

19       A.    YES, I BELIEVE I DID.

20       Q.    DO YOU RECALL SOME QUESTIONS

21   BEING ASKED TODAY WITH RESPECT TO THE

22   METHODOLOGY THAT YOU EMPLOYED IN FORMING

23   YOUR OPINIONS?

24       A.    YES.

25       Q.    CAN YOU TELL US WHETHER OR NOT

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 330

1    THAT METHODOLOGY THAT YOU USED IN THIS

2    CASE WAS BASED ON RELIABLE AND GENERALLY

3    ACCEPTED PRINCIPLES?

4            MS. NAJAM:   OBJECTION, FORM.

5        A.    IT WAS.

6        Q.    CAN THAT METHODOLOGY BE

7    TESTED?

8        A.    IT CAN.

9        Q.    DO YOU BELIEVE THAT YOU

10   RELIABLY APPLIED THAT METHODOLOGY TO FORM

11   YOUR OPINIONS?

12       A.    YES, I DO.

13       Q.    MR. GRANDE, DO YOU RECALL THE

14   QUESTIONS THAT YOU WERE ASKED TODAY ABOUT

15   THE 2008 MEMO FROM KENT WALKER MARKED AS

16   EXHIBIT 10?

17       A.    I DO.

18       Q.    CAN YOU PULL THAT OUT OR CAN

19   YOU FIND THAT? IT'S DIFFICULT TO KEEP

20   THOSE IN ORDER. HERE WE GO.

21            WHAT IS THE DATE OF THAT MEMO,

22   EXHIBIT 10?

23       A.    SEPTEMBER 16, 2008.

24       Q.    DOES THIS MEMO, IN YOUR

25   OPINION, SPEAK TO THE USE AND PREVALENCE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 331

1    OF INSTANT MESSAGING THAT IS CHATS AT

2    GOOGLE?

3            MS. NAJAM:  OBJECTION, FORM.

4        Q.    LET ME JUST ASK YOU, DOES

5    THAT, IN YOUR OPINION, REFLECT THE USE OF

6    CHATS WITHIN GOOGLE?

7        A.    IT DOES.  I WAS JUST LOOKING

8    FOR THE -- IT DOES STATE "WE'RE AN EMAIL

9    AND INSTANT MESSAGING CULTURE."

10        Q.    DOES THE MEMO SPEAK TO WHETHER

11   GOOGLE WAS PRESERVING CHATS IN 2008?

12        A.    ACCORDING TO THE MEMO, PRIOR

13   TO THIS DATE, THE CHATS WERE BEING

14   PRESERVED AS "ON THE RECORD".  AND AS OF

15   THIS MEMO IT WAS DECIDED TO TAKE THEM OFF

16   THE RECORD, THE DEFAULT CORPORATE SETTING

17   FOR CHATS.

18        Q.    SO WHAT DO YOU UNDERSTAND BY

19   VIRTUE OF EXHIBIT 10 WAS THE DEFAULT AS

20   OF SEPTEMBER 2008?

21        A.    PRIOR TO THIS DATE, THAT IT

22   WAS -- "ON THE RECORD" WAS THE DEFAULT

23   SETTING.

24        Q.    AND WHAT DOES THAT MEAN AGAIN?

25        A.    THAT CHATS WERE KEPT FOR

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 332

1    LONGER THAN 24 HOURS.

2        Q.    DOES THE MEMO ADDRESS IN ANY

3    WAY AND STATE THAT GOOGLE STOPPED SAVING

4    CHATS BECAUSE IT WAS TOO BURDENSOME TO

5    STORE THAT DATA?

6            LET ME JUST ASK, DID THE MEMO

7    SAY ANYWHERE THAT GOOGLE STOPS SAVING

8    CHATS BECAUSE IT WAS TOO BURDENSOME TO DO

9    SO?

10        A.    I DON'T BELIEVE SO.

11        Q.    AS AN EXPERT IN EDISCOVERY, DO

12   YOU HAVE AN OPINION AS TO WHY GOOGLE

13   STOPPED PRESERVING GOOGLE CHATS?

14            MR. RENARD:    OBJECTION, FORM.

15        A.    YES. BASED ON THIS MEMO, I

16   BELIEVE GOOGLE STOPPED MAINTAINING OR

17   STOPPED KEEPING CHATS ON THE RECORD, AS

18   IT STATES, BECAUSE THEY WERE IN THE MIDST

19   OF SEVERAL SIGNIFICANT LEGAL AND

20   REGULATORY MATTERS.

21        Q.    DO YOU RECALL QUESTIONS THAT

22   YOU WERE ASKED ABOUT THE REDACTED

23   LITIGATION HOLD LETTERS?

24        A.    YES.

25        Q.    DO YOU HAVE AN UNDERSTANDING

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 333

1   THAT OR WHETHER INDIVIDUAL CHAT MESSAGES

2   ARE PART OF WHAT'S KNOWN AS "A GREATER

3   CHAT CONVERSATION"?

4        A.    YES.

5        Q.    IF A GOOGLE EMPLOYEE HAD NOT

6   BEEN INSTRUCTED SPECIFICALLY TO SAVE

7   "HISTORY OFF" CHATS, IS IT YOUR OPINION

8   THAT THOSE CHAT CONVERSATIONS WOULD OR

9   WOULD NOT BE CONSIDERED COMPLETE AND

10  ACCURATE?

11            MS. NAJAM:   OBJECTION TO THE

12        FORM.

13       A.    IF AN EMPLOYEE HAD NOT BEEN

14  DIRECTED TO SAVE "HISTORY OFF" CHATS --

15       Q.    -- WOULD THE CONVERSATIONS OF

16  WHICH THOSE INDIVIDUAL CHATS WERE APART

17  BE COMPLETE AND ACCURATE, IN YOUR

18  OPINION?

19       A.    NO. AGAIN, AS I DISCUSSED

20  EARLIER, IF ONE PARTY TURNS "HISTORY OFF"

21  YOU ARE GOING TO LOSE PARTS OF THAT

22  CONVERSATION AND YOU MAY HAVE SOME

23  MESSAGES AND NOT OTHER MESSAGES AND, YOU

24  KNOW, THE WAY I DESCRIBED IT IS SWISS

25  CHEESE WHERE SOME MESSAGES WOULD BE

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 334

1    PRESERVED AND OTHERS WOULD NOT.

2            MS. NAJAM:    STRIKE AS

3        NONRESPONSIVE.

4        Q.    AND IN LIGHT OF THAT

5    OBJECTION, WHAT DID YOU MEAN IN YOUR

6    TESTIMONY BY SWISS CHEESE?

7        A.    SURE. THAT WITHIN A CHAT

8    CONVERSATION EVEN IF ONE INDIVIDUAL IS

9    INTENDING TO HAVE "HISTORY ON" AND

10   PRESERVE COMMUNICATIONS, THEY DON'T HAVE

11   THE CAPABILITY TO PRESERVE THAT ENTIRE

12   CONVERSATION IF ANOTHER INDIVIDUAL TURNS

13   THE "HISTORY OFF" ON THEIR END PRIOR TO

14   SENDING THE MESSAGE, AND FOR OTHER

15   FACTORS AS WELL.

16           IN ADDITION, AS MR. MALKIEWICZ

17   STATED IN HIS DEPOSITION, THE "HISTORY

18   ON" SETTING CAN GO OFF AFTER 24 HOURS AS

19   WELL. SO, YOU KNOW, WHEN I SAY SWISS

20   CHEESE, IT'S A VERY -- YOU KNOW, AND

21   WE'VE SEEN CHATS WHERE THERE ARE --

22   APPEAR TO BE BREAKS IN THE MIDDLE AND

23   THEY'RE NOT COMPLETE CHAT CONVERSATIONS.

24   EXCUSE ME.

25       Q.    DO YOU RECALL QUESTIONS BEING

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 335

1    ASKED OF YOU TODAY ABOUT PRESERVED CHATS?

2         A.    YES.

3         Q.    DO YOU OFFER ANY OPINIONS IN

4    YOUR REBUTTAL REPORT AS TO SUBSTANTIVE

5    CHAT CONVERSATIONS IN THE CHATS THAT ARE

6    THEORETICALLY PRESERVED BUT NOT PRODUCED?

7              MS. NAJAM:  OBJECTION, FORM.

8         A.    CAN YOU REPEAT THAT?

9         Q.    SURE. DO YOU OFFER OPINIONS IN

10   YOUR REBUTTAL REPORT AS TO SUBSTANTIVE

11   CHAT CONVERSATIONS AND THE CHATS THAT ARE

12   THEORETICALLY PRESERVED BUT NOT PRODUCED?

13             MS. NAJAM:  OBJECTION, FORM.

14        Q.    LET ME JUST GO ON.

15        A.    YEAH.

16        Q.    IS IT YOUR OPINION THAT GIVEN

17   WHAT YOU'VE OBSERVED AND SPOKEN ABOUT IN

18   YOUR REPORT THAT THERE ARE CONVERSATIONS

19   THAT CONTAIN MISSING INDIVIDUAL MESSAGES?

20        A.    YES.

21        Q.    I WANT TO JUST TURN GENERALLY

22   TO YOUR OPINIONS THAT YOU EXPRESS IN YOUR

23   REPORT. AND SIR, WOULD IT BE FAIR TO SAY

24   THAT THOSE ARE CITED AND SUMMARIZED ON

25   PAGES 2 AND 3 IN THE TABLE OF CONTENTS OF

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 336

1    YOUR REPORT, WHICH IS EXHIBIT 1?

2        A.    THAT'S FAIR.

3        Q.    IN RESPONSE TO A COUPLE OF

4    COUNSEL'S QUESTIONS YOU TALKED ABOUT

5    PREDICATES TO MR. MALKIEWICZ'S OPINIONS.

6    WHAT DID YOU MEAN BY THAT?

7        A.    I MEANT THAT MR. MALKIEWICZ'S

8    REBUTTAL REPORT HAS A NUMBER OF

9    STATEMENTS AND THAT SOME OF HIS OPINIONS

10   THAT ARE STATED WERE -- REQUIRED

11   PREDICATES OR WERE PART OF HIM MAKING THE

12   CONCLUSIONS THAT HE MADE AND, YOU KNOW,

13   WERE -- THESE ARE NOT QUOTES BUT THESE

14   ARE STATEMENTS.  THESE ARE, YOU KNOW,

15   REQUIRED PREDICATES TO THE OPINIONS THAT

16   HE PROVIDED IN HIS REBUTTAL REPORT.

17       Q.    CAN YOU TELL US WHETHER OR NOT

18   ALL THE OPINIONS THAT YOU EXPRESS IN YOUR

19   REPORT, INCLUDING THOSE THAT ARE LISTED

20   ON PAGES 2 AND 3, ADDRESS AND RESPOND TO

21   OPINIONS LISTED OR PREDICATES, AS YOU'VE

22   DESCRIBED THEM, IN MR. MALKIEWICZ'S

23   REPORT?

24            MS. NAJAM:  OBJECTION, FORM.

25       A.    THEY DO.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 337

1          Q.     AND IS THERE ANYTHING THAT
2     YOU'VE HEARD OR READ IN THIS
3     DEPOSITION -- AND BY "READ" I MEAN
4     MATTERS SET FORTH IN THE EXHIBITS THAT
5     COUNSEL HAS PROVIDED TO YOU -- DO THEY IN
6     ANY WAY CHANGE THE OPINIONS THAT YOU'VE
7     EXPRESSED IN YOUR REBUTTAL REPORT?
8          A.     NO.
9               MR. RENARD:   THAT'S ALL I
10        HAVE. THANK YOU.
11              MS. NAJAM:   I HAVE NO FURTHER
12        QUESTIONS.
13              VIDEOGRAPHER:   OKAY. THE TIME
14        IS 6:18 P.M.   THIS CONCLUDES
15        TODAY'S TESTIMONY. WE ARE OFF THE
16        RECORD.
17              (THE PROCEEDINGS WERE
18    ADJOURNED AT 6:18 P.M.)
19
20
21
22
23
24
25

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 338

1          C E R T I F I C A T E

2          I, MAUREEN M. RATTO, A

3    REGISTERED PROFESSIONAL REPORTER, DO

4    HEREBY CERTIFY THAT PRIOR TO THE

5    COMMENCEMENT OF THE EXAMINATION,

6    IGNATIUS GRANDE WAS SWORN BY ME TO

7    TESTIFY THE TRUTH, THE WHOLE TRUTH AND

8    NOTHING BUT THE TRUTH.

9          I DO FURTHER CERTIFY THAT THE

10   FOREGOING IS A TRUE AND ACCURATE

11   TRANSCRIPT OF THE PROCEEDINGS AS TAKEN

12   STENOGRAPHICALLY BY AND BEFORE ME AT

13   THE TIME, PLACE AND ON THE DATE

14   HEREINBEFORE SET FORTH.

15          I DO FURTHER CERTIFY THAT I AM

16   NEITHER A RELATIVE NOR EMPLOYEE NOR

17   ATTORNEY NOR COUNSEL OF ANY OF THE

18   PARTIES TO THIS ACTION, AND THAT I AM

19   NEITHER A RELATIVE NOR EMPLOYEE OF SUCH

20   ATTORNEY OR COUNSEL, AND THAT I AM NOT

21   FINANCIALLY INTERESTED IN THIS ACTION.

22

23

24          MAUREEN M. RATTO, RPR

25          LICENSE NO. 817125

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 339

1                     I N D E X

2    WITNESS:   IGNATIUS  A.  GRANDE       8

3    DIRECT  EXAMINATION  BY  MS.  NAJAM   8

4    CROSS-EXAMINATION  BY  MR.  RENARD   328

5

6                   E X H I B I T S

7    GRANDE  EXHIBIT  1,  EXPERT  REPORT   39

8    OF  IGNATIUS  A.  GRANDE,

9    GRANDE  EXHIBIT  2,  CONSENT  ORDER   52

10   IN  RE:  IME  WATCHDOG,

11   GRANDE  EXHIBIT  3,  LINKEDIN         58

12   PROFILE  FOR  IGNATIUS  A.  GRANDE,

13   GRANDE  EXHIBIT  4,  BIOGRAPHY  OF    65

14   IGNATIUS  A.  GRANDE  FROM  BRG

15   WEBSITE,

16   GRANDE  EXHIBIT  5,  EXPERT  REPORT   76

17   OF  MICHAEL  A.  MALKIEWICZ,

18   GRANDE  EXHIBIT  6,  COPIES  OF      114

19   REDACTED  LEGAL  HOLD  NOTICES,

20   GRANDE  EXHIBIT  7,  SEDONA          144

21   CONFERENCE  VOLUME  20,  DATED  2019

22   RE:   LITIGATION  HOLDS,  SECOND

23   EDITION,

24   GRANDE  EXHIBIT  8,  COPY  OF        167

25   FEDERAL  RULE  OF  PROCEDURE  37,

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
                                        Page 340

 1    GRANDE EXHIBIT 9, DECLARATION OF  195
 2    IGNATIUS GRANDE DATED DECEMBER
 3    9, 2024,
 4    GRANDE EXHIBIT 10, EMAIL FROM    214
 5    KENT WALKER AND ██████████████
 6    DATED SEPTEMBER 16, 2008,
 7    GRANDE EXHIBIT 11, APPENDIX A14, 224
 8    CORPORATE LEGAL DEPARTMENTS,
 9    AUTHORED BY IGNATIUS GRANDE
10    GRANDE EXHIBIT 12, COPY OF       234
11    GOOGLE CHAT RETENTION POLICY,
12    DATED AS OF NOVEMBER 2020,
13    GRANDE EXHIBIT 13, SEDONA        237
14    CONFERENCE, INDUSTRY STANDARDS,
15    VOLUME 22 IN RE: EPHEMERAL
16    MESSAGING
17    GRANDE EXHIBIT 14, IMAGE FROM    259
18    EXPERT REPORT,
19    GRANDE EXHIBIT 15, TRANSCRIPT    273
20    █████████████,
21    GRANDE EXHIBIT 16, INTERNAL      283
22    GOOGLE DOCUMENT,
23    GRANDE EXHIBIT 17, CHAPTER       289
24    ENTITLED EDISCOVERY FOR
25    CORPORATE COUNSEL,
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 341

1    GRANDE EXHIBIT 18, LETTER DATED    297

2    FEBRUARY 7, 2020 FROM YETTER

3    COLEMAN

4    GRANDE EXHIBIT 19, EXHIBIT 4       305

5    ATTACHED TO IGNATIUS GRANDE

6    DECLARATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 342

1              J U R A T

2

3          I DO HEREBY CERTIFY THAT I

HAVE READ THE FOREGOING TRANSCRIPT OF

4  MY DEPOSITION.

5

         _____

6            IGNATIUS A. GRANDE

7

8

9

10  SWORN AND SUBSCRIBED

    BEFORE ME

11  THIS _____ DAY OF

    _____, 2024

12

    _____

13  A NOTARY PUBLIC OF

    THE STATE OF _____

14

15

16

17

18

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 343

1        E R R A T A   S H E E T

I  W I S H  T O  M A K E  T H E  F O L L O W I N G  C H A N G E S :

2    P A G E    L I N E         F R O M            T O

3

4

5

6

7

8

9

1 0

1 1

1 2

1 3

1 4

1 5

1 6

1 7

1 8

1 9

2 0

2 1

2 2

2 3

2 4

2 5

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[& - 2015]**                                                                 Page 1

**&**

**&**   4:9 7:17
   61:25

**0**

**00957**   1:8 6:21
**06**   175:15
   178:12

**1**

**1**   39:20,23
   72:16 77:3,13
   145:12,14
   174:10 178:3
   247:21 248:18
   328:10 329:1
   336:1 339:7
**10**   77:9 214:4,5
   214:11 223:25
   330:16,22
   331:19 340:4
**10.j**   85:3,4,6,22
   319:25
**10.j.**   318:7
**100**   75:14
   177:12 178:14
**10007**   4:21
**10019**   2:6
**102**   320:24,24
   322:24
**103**   154:2,7
**105**   161:18
**106**   174:7
   176:12 178:2

180:23
**10940**   4:3
**10:35**   65:7
**11**   76:5 88:22
   92:19 224:13
   224:14,19
   328:12 340:7
**1100**   4:10
**114**   339:18
**11:09**   87:20
**11:44**   114:4
**12**   234:3,10
   283:8 340:10
**120**   71:11
**12:02**   114:8
**13**   40:4 59:13
   168:18 169:16
   171:13 175:15
   213:24 237:17
   237:22 238:7
   239:25 258:23
   340:13
**1301**   2:5 6:23
**132**   228:6,14,17
**14**   74:20 75:5
   157:8 169:17
   259:9,10,14
   340:17
**144**   339:20
**15**   273:5,9,12
   340:19
**16**   214:7
   265:11 273:15
   283:13,14

284:16 330:23
   340:6,21
**167**   339:24
**17**   266:6,22
   268:3 277:16
   289:9,10
   340:23
**17425**   338:23
**175**   4:20
**18**   285:16
   297:17,18,23
   309:25 341:1
**19**   1:17 305:3,8
   341:4
**195**   340:1
**198**   273:13,15
**1:20**   177:19

**2**

**2**   52:12,13,23
   65:20 225:11
   235:15 236:2
   236:10 305:20
   324:3 335:25
   336:20 339:9
**20**   23:3,4,9,12
   23:16 24:24
   25:24 34:5
   74:20 94:17
   110:21 145:1,7
   154:24,25
   155:3,4,9,17,20
   156:13,15
   196:4 203:5

232:17 339:21
**200**   72:23
**2000**   180:5
**20001**   3:15
**2001**   23:13
**2006**   177:8
   178:20 183:17
   184:5,5,23
   292:5 294:4
**2007**   177:13
   178:20 182:25
   183:3,12
   184:23 230:24
   231:15 264:13
**2008**   43:14
   44:6,17,23
   45:17 214:7,11
   223:23 230:24
   330:15,23
   331:11,20
   340:6
**2009**   180:5,8,12
   180:15 182:16
**2010**   163:14
   182:16
**2013**   177:9
   178:12,20
   183:17
**2014**   56:21
**2015**   168:12,16
   169:20 170:13
   170:25 183:4
   224:6,8,11
   226:14 227:9

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[2015 - 468]**

227:21 229:4
230:14,18
231:15 277:22
290:17,19
**2018** 10:21
**2019** 56:20
100:3 114:13
145:1,7 179:21
187:18 189:10
189:16 226:1,4
256:1,17
261:16 263:7
282:5,15
339:21
**2020** 177:13
180:3 234:5,24
235:2,3 297:19
298:4 305:19
340:12 341:2
**2021** 124:24
238:10
**2022** 211:4
**2023** 199:7
211:5 229:12
229:18 232:22
264:13 272:13
275:2 277:6
279:15,20
281:22 286:15
322:18
**2024** 1:17 6:4
95:9 195:18
328:12,17
340:3 342:11

**20th** 6:4
**21** 40:2 77:4,15
81:7,19 84:10
84:24 85:25
86:14,19,24
89:18 112:19
113:1 154:24
317:8,14,18
**214** 340:4
**22** 156:6
237:19 238:7
340:15
**2200** 3:6
**224** 340:7
**23** 87:25 88:5
88:21 279:8
**234** 340:10
**237** 340:13
**24** 199:24
262:7 332:1
334:18
**25** 23:1,5,5
**259** 340:17
**25th** 235:3
**26** 288:11,13,14
288:16,19
289:1,4 291:24
292:4 293:13
294:5 310:14
310:20 316:1
316:19,25
**27** 77:5
**273** 340:19

**27th** 69:19
**283** 340:21
**289** 340:23
**28th** 69:23
**297** 341:1
**2:03** 177:23

| **3** |
|---|

**3** 4:19 58:18,19
257:2 324:3
335:25 336:20
339:11
**30** 75:14 171:2
232:17 270:20
301:7,11
307:16,19
308:1
**305** 341:4
**31** 153:18
154:25 157:7
157:15 161:17
320:23
**32** 174:6,9
178:6
**328** 339:4
**34** 115:3,5
**35** 43:14
214:16
**36** 79:10 323:7
**37** 15:18 16:3
16:21 17:22
18:24 19:13,25
20:14 21:10
167:13,17,19

168:10 169:20
224:1 226:10
227:2 229:1
235:15 236:22
339:25
**39** 339:7
**3:21** 223:1

| **4** |
|---|

**4** 51:3,3 65:10
65:12 146:14
294:8,10 299:9
305:3,9,19
339:13 341:4
**40** 111:23
112:5
**408** 145:5
146:24 290:14
290:23
**409** 295:19
**42** 233:9 259:6
**43** 228:6
**441** 240:19
**443** 240:18
241:18 243:3
**445** 243:12
**449** 246:19
**451** 115:12
245:9
**454** 248:8
**455** 251:5,6
**457** 116:15
**468** 253:2,8

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[47 - accounted]**                                                           Page 3

**47**   56:9 75:1
**471**   253:22
**472**   254:14
**473**   255:23
**476**   257:1
**479**   256:22
  257:8
**49**   295:21
**4:20**   1:8 6:21
**4:54**   280:23
**4th**   305:11
  309:24

**5**

**5**   76:18,19,22
  77:13 85:5
  155:3 297:23
  321:2,6,9,12
  322:13 339:16
**500**   199:1
**52**   339:9
**53**   92:10,18
  96:2 97:6
  103:18,19
**54**   103:23
**58**   339:11
**59**   72:17 156:4

**6**

**6**   114:17,19
  115:9 270:20
  281:9 339:18
**61**   123:21
  125:23

**62**   80:13,18
  85:1,3 124:20
  130:7
**65**   75:13
  339:13
**67**   40:4 42:2,8
  45:5,11 214:2
**68**   195:6
  209:16 210:1
  210:18
**6:04**   328:2
**6:18**   337:14,18
**6:37**   317:12

**7**

**7**   144:24,25
  297:19 339:20
  341:2
**72**   154:21,23
**75201**   3:7
**76**   339:16
**77**   265:12
**77002**   4:12
**77064**   4:4
**78701**   3:21
**799**   3:14
**7th**   298:4

**8**

**8**   167:11,12
  235:25 321:11
  339:2,3,24
**80**   277:17
**817125**   338:25

**87**   325:9,15
  326:2
**8th**   272:12
  322:17

**9**

**9**   195:16,18,21
  226:5 281:7
  328:16,17,21
  340:1,3
**90**   115:4,6
**96**   203:5
**97**   324:9
**98**   3:20 319:12
**99**   320:8,9
**9:06**   1:18 6:3
**9th**   3:14 195:14

**a**

**a.m.**   1:18 6:3
  65:4,7 114:4
**a14**   224:15,25
  340:7
**abandoned**
  256:3
**abbreviate**
  251:9
**abide**   101:6
  102:22
**ability**   83:3
  122:7,14
  201:16 217:25
  233:18 257:24
  259:4 273:17
  280:11 283:4

**able**   20:7,14
  95:6 184:12
  194:12 195:4
  228:22 232:15
  269:15 276:8
  276:16 277:4
  282:8,11
  284:13 286:7
  286:15,19
  320:2
**above**   147:3
  148:19 154:5
**abreast**   23:17
  23:18,23 24:20
**abston**   4:5 7:23
**acceptable**
  83:18 135:16
  208:24
**accepted**   76:11
  80:3,9 81:3,4
  83:12 84:7
  85:8,18 86:18
  330:3
**access**   73:1,5
  130:8 135:21
  136:3 152:23
  207:8
**accompanying**
  264:1
**account**   268:16
  268:18 294:19
**accounted**
  91:25

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**accurate** 30:20
55:16 64:24
66:1,11,23
67:23,25 68:1
69:24 74:15
75:24 77:20
91:18 98:13
102:12 108:18
160:11,17
174:3 210:9
226:22 243:24
300:24 301:4
301:18 302:2,3
302:17 307:6
308:19 309:1
313:7 333:10
333:17 338:10
**accurately**
67:11 83:6
170:13
**accusations**
13:12 15:12
**accuse** 13:8
**accused** 314:21
**acquired**
177:13
**acquiring**
176:25
**acquisition**
181:16,19
**acquisitions**
174:15 175:4,9
175:21 176:16
176:23 177:3,5

183:5 185:1
**acted** 236:3
**action** 7:6
41:24 147:4
148:20 167:1
169:12 249:16
250:15 308:13
308:23 338:18
338:21
**actions** 144:2
144:13 146:21
147:5 148:16
149:1,24
311:25
**actively** 10:10
**activities**
150:10,15
294:15
**activity** 212:8
**actual** 83:21
84:5 108:2
158:7 188:25
212:9 230:4
268:15 304:19
**actually** 24:5
33:5 50:17
51:25 57:14
60:18 61:4
63:22 73:10,24
74:7,18 75:16
75:23 79:4
87:2 92:6 93:7
112:13 114:16
117:18 125:3

129:2 145:15
147:8 148:17
154:13 159:3,5
167:20 169:13
169:15 194:12
199:1 209:21
215:2 220:7
223:19 225:12
226:24 230:17
234:8 244:17
247:9 249:3
259:18 260:14
260:15 266:10
268:2 269:25
270:12 271:24
277:21 286:5
292:2 303:6,21
305:11 307:19
319:23 321:18
322:13
**ad** 175:5,9,21
176:1,1,16,21
176:24,25
177:4,12
178:18 180:13
183:5
**add** 267:12
**addition** 59:17
127:15,20
222:6 243:14
262:9 298:23
334:16
**additional**
39:21 105:22

106:21 107:15
109:4,4,5
121:1 207:9
**additions** 56:12
**address** 86:10
243:15 253:1
302:4 332:2
336:20
**addressed**
35:24 233:11
254:5 305:14
**addresses**
130:4 228:4
299:11
**adjourned**
337:18
**adjunct** 68:5
**adjusting** 118:1
136:18
**adjustment**
118:2
**administering**
269:2
**administrator**
268:10,12,15
268:17,21
269:14,19
270:1,5 286:13
**administrators**
269:12 286:3
**admins** 265:4
**adopt** 135:1
249:12

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[adopted - alternative]**                                                      Page 5

| | | | |
|---|---|---|---|
| **adopted**  93:2,7 93:8 | 64:1,2,6,8,12 64:19 109:8,12 | **ago**  230:25 | 187:23 208:6,7 217:15 307:3 |
| **adoption** 241:13 | 122:6,13 123:6 123:15 125:5 | **agree**  6:12 24:24 27:13,17 | 318:10 |
| **adopts**  135:9 | 193:3,6,19 | 34:19 35:13 | **aimed**  234:17 |
| **ads**  174:15 | 211:8,13,24 | 46:6 67:18 | **aims**  235:6 |
| 176:10 178:14 | 274:2 | 117:25 118:9 | **akin**  306:1 |
| 179:7,10 | **advises**  135:20 | 148:1,8 150:7 | 307:4 |
| 183:15 184:14 | **advising**  24:18 | 151:1 162:16 | **al**  1:6 3:4 6:15 |
| 186:20 187:12 | 27:1 29:11 | 190:1,13 191:7 | **albeit**  216:12 |
| 187:21 189:6 | 50:1 63:17 | 219:24 223:12 | **alex**  4:5 7:23 |
| 189:13 | 64:23 104:7 | 223:18 236:21 | **alex.abston**  4:6 |
| **advance**  242:14 | 185:8 237:6 | 237:4 239:12 | **allegation**  14:7 |
| 254:1 | **advisor**  11:12 | 244:23 247:20 | 191:5 |
| **advent**  290:25 | 11:12 111:2 | 249:23 255:6 | **allegations** |
| **adversaries** | **advisory**  50:6 | 258:13,20 | 180:17 189:4 |
| 242:4 | 168:11,16 | 263:13 272:21 | 189:19 |
| **adversary** | 169:19 170:24 | 287:5,17 | **alleged**  19:9 |
| 315:12 | 171:11 292:2 | 291:18,21 | 26:8 155:18 |
| **adverse**  46:25 | 294:4 | 293:7,11 | 171:21 180:13 |
| 226:16 235:16 | **affect**  34:7 | 295:12,14 | 187:6,12 |
| **advertising** | 109:6 201:15 | 296:23 302:23 | 317:22 |
| 102:6 187:19 | 221:6 257:25 | 302:24 | **allow**  233:21 |
| 314:23 | 311:25 312:2 | **agreed**  16:21 | **allowed**  120:15 |
| **advice**  49:4,6 | 312:17 | 153:24 294:9 | 126:9 147:10 |
| 109:17,21 | **affected**  312:12 | 294:12 311:18 | 231:10 271:16 |
| 110:2 130:7 | **affiliations** | **agreeing** | **allowing**  40:11 |
| 192:20 220:25 | 7:13 | 294:20 | 257:12 |
| 221:11,14 | **afforded** | **agreement**  71:3 | **allows**  15:21 |
| 269:7 | 235:23 | **agreements** | 128:21 235:15 |
| **advise**  24:5,11 | **agencies**  183:8 | 129:13 | **alpha**  284:21 |
| 24:15 186:14 | **agency**  64:15 | **agricultural** | 285:21 |
| **advised**  26:24 | 64:17,17 | 61:16 | **alternative** |
| 50:18 63:14,22 | | **ahead**  9:21 | 125:18 |
| | | 43:24 97:11 | |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**alternatively**
257:11
**alternatives**
125:6,16
136:17
**altogether**
189:25
**amendment**
168:12,17
169:20 170:13
171:1
**amendments**
224:8 226:14
292:3,5 294:5
**americas**  2:6
6:24
**amount**  202:16
203:11 207:19
208:13 209:1
220:18 223:19
263:11 266:9
313:5 315:2
**anajam**  4:14
**analysis**  53:24
76:6 185:13
186:7,11,13,16
194:10,24
195:1 197:18
198:9,14
200:11 202:11
202:21 203:16
204:4,8 206:6
207:7 268:1

**analyst**  51:21
**analytics**
158:12
**analyze**  55:1,1
194:16,17
**analyzed**  53:17
**announce**
49:14
**announced**
218:17,20
**announcement**
218:16 219:6
**annual**  146:7
**answer**  9:10,15
9:21 11:8 18:6
19:23 20:5,7
21:17 25:5
38:18 75:4
80:20 95:16
99:3 101:11
130:2,2 141:7
141:21 149:25
163:14 164:3
165:19 167:5
192:25 201:16
208:1 267:23
269:24 302:22
304:4 313:14
314:4,14 318:5
320:5
**answered**  78:9
84:9 85:24
97:4 214:20

**answering**
93:18 174:23
**answers**  8:22
84:21 310:16
**anticipate**
161:24 162:11
171:20,24
182:20 184:16
193:21
**anticipated**
152:3 174:2
175:3,19
176:14 180:19
186:19 187:11
187:18 189:11
304:19
**anticipating**
184:13 326:17
327:3,9
**anticipation**
177:7 182:4
184:24
**antitrust**
180:17 181:12
181:25 183:14
187:7 188:9,13
189:20 216:23
217:4 228:21
230:9 231:18
232:8
**anybody**  141:9
195:6
**anymore**
220:23

**anyway**  84:20
**apart**  333:16
**apologies**  23:15
43:19
**apologize**
172:22
**apparent**
241:21
**apparently**
217:24
**appeals**  185:18
**appear**  199:14
259:20 260:9
334:22
**appearance**
7:11
**appearances**
7:13
**appendices**
73:23
**appendix**  56:7
72:17,19 73:10
73:14,14 74:1
75:8,21 76:3
153:11 168:2,4
224:14,25,25
225:2 311:14
340:7
**applicable**
190:10
**application**
125:12 136:13
145:25 257:15

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[applications - attachments]                                    Page 7

**applications**
247:14 248:12
257:7
**applied** 38:2
76:9 278:5,16
278:20 282:25
330:10
**applies** 75:8
253:9
**apply** 105:23
190:25 236:23
237:9 253:13
271:6 278:20
**applying**
102:15 140:8
271:1
**appointed** 51:5
51:13,17,25
52:6,9 55:18
55:21 56:1
**appointing**
52:20
**appointment**
52:5,25
**appoints** 170:5
**appreciate** 20:2
**appropriate**
147:19 148:4
239:14
**approved**
123:24
**approximately**
6:3 23:4,5,9,12
23:16 30:12

65:7 71:11
114:8 280:23
321:14 328:2
**apps** 115:14
**arbitration**
55:22 61:3
**area** 32:2 66:16
183:5 185:3
189:5 253:1
**areas** 84:16
175:23,24
185:20 254:19
254:24
**argument**
21:24 120:24
**arianna** 223:7
**arises** 9:3 27:11
34:18 35:12
36:13 162:18
163:5 236:25
237:11 257:14
**arising** 166:25
169:12
**arose** 211:1
**arrive** 202:21
204:5
**article** 30:23
56:18,18
**articles** 56:20
67:9
**aside** 26:25
53:6 164:1
175:14 189:8
258:23 287:4

**asked** 9:16,23
44:1,9,13 47:6
47:25 50:21
84:2 96:13
121:3 132:3
166:2 167:16
168:20 187:14
213:6 267:5
273:16 286:1
292:7 294:8,11
300:12 304:5
328:8,14
329:21 330:14
332:22 335:1
**asking** 22:6
45:7 86:8
108:21 116:24
121:18 133:12
138:4,6 140:16
142:19 144:17
185:9 188:3
200:5 207:13
212:16 231:24
237:4 252:3
261:7 266:19
266:24 267:3
268:22 295:8
319:21 326:22
**asks** 11:6
**aspect** 82:10,13
82:23,25
186:20,23
**aspects** 83:11
84:6 85:17

86:17
**asserting** 326:1
**assertion** 80:10
**assertions**
185:2
**assets** 251:10
**assigned**
170:11
**assist** 252:14
**assistance** 25:1
**assisted** 71:17
**associated**
29:23 30:3
57:12 248:11
**assume** 8:19
9:16,22 155:10
157:16 184:5
231:1 256:12
**assumed**
160:16
**assuming** 75:7
220:23
**assumption**
80:22 160:3
**assumptions**
199:2
**attached** 19:21
29:18 225:8
305:4 341:5
**attaches** 243:5
**attachment**
259:22
**attachments**
267:18

Veritext Legal Solutions

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[attempt - based]**                                   Page 8

**attempt**  214:17
  288:19 291:7
  315:11
**attempted**  40:6
  40:22 44:15
  45:12 288:4
**attempting**
  39:3
**attend**  72:2,6
  146:8
**attended**  71:23
**attending**  7:12
**attorney**  7:15
  11:4,5,13,24
  12:3 21:20
  32:9 48:17,22
  100:5 119:14
  269:1 298:17
  299:11 305:13
  306:15 338:17
  338:20
**attorneys**  1:14
  12:4 133:3
  165:14
**auctions**
  314:22
**audience**
  169:24 225:17
**audio**  6:10
**audits**  302:6
**austin**  3:21
**author**  309:4
**authored**
  224:16 289:22

340:9
**authority**  92:25
  93:6 129:22
  133:6
**auto**  172:5,16
  172:24 173:15
**automatically**
  172:4 199:25
  255:8 256:12
  262:9
**available**  65:18
  71:21 74:12
  75:23 82:22
  111:17,18
  141:13 152:23
  208:4 209:19
  266:1 271:17
  274:22 275:6
  276:6,7,12
  286:23 290:8
  311:13
**avenue**  2:5 3:6
  6:23
**avoid**  24:12
  100:24 117:6
  118:10,20,24
  216:1 218:21
  227:25 291:24
  295:16 296:1
  296:11 315:24
**aware**  69:7
  71:2,6 88:9
  99:20 100:2,6
  100:8,22

119:11 120:10
143:7,12,25
176:14 189:14
211:5 212:14
237:8 238:21
244:16 256:7,8
286:12 302:16
310:5,10,11
311:2 312:11
316:9
**ayesha**  4:13
  7:16

**b**

**b**  27:5 74:2
  139:13 168:2,4
  270:20 288:11
  339:6
**back**  13:16
  15:9 17:22
  22:24 30:3
  32:17,25 36:9
  42:13 47:16
  65:8 80:12
  81:6 92:10
  95:24 99:25
  100:21 103:17
  107:18 114:9
  125:22 130:1
  148:7 150:5
  156:13 158:6
  159:2 161:1
  177:13,23
  180:4 188:23

204:6 209:15
211:14,25
212:16 223:1
223:23,25
224:3 235:20
240:18 256:17
257:8 269:23
271:2 279:24
280:24 285:16
296:22 319:7
328:3
**backup**  191:18
**backwards**
  94:25 200:7
  217:16
**bad**  147:13
  315:13 317:20
**balanced**
  242:11
**bar**  264:9
**barred**  227:3
**based**  26:8
  35:21 36:19
  37:3 42:9 43:3
  43:10,12 44:4
  44:23 45:6,17
  77:18 90:21
  94:16 97:6,19
  102:10 117:22
  124:12 131:7
  131:25 160:3
  171:7,15 174:1
  198:4 201:6
  206:9 207:8

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[based - bigger]**                                                    Page 9

| | | | |
|---|---|---|---|
| 208:3,22 229:7 | **behalf** 3:3 4:8 | 140:3 145:21 | **believed** 84:17 |
| 229:18 250:4,5 | 7:17 27:4 | 148:23 151:11 | 90:6 |
| 250:6 252:9 | **belief** 86:10 | 163:21 164:22 | **believes** 78:17 |
| 261:19 277:10 | 91:8 209:22 | 174:19 175:6 | 78:17 91:5 |
| 278:25 279:5 | **believe** 12:24 | 177:8 179:13 | **beneficial** |
| 286:21 306:21 | 14:20,23 16:17 | 180:3,24 | 296:8 |
| 310:23 322:3,6 | 20:19 23:3,10 | 181:21 182:16 | **benefit** 78:23 |
| 330:2 332:15 | 23:10 24:6 | 188:21 189:22 | **benefits** 98:1 |
| **bases** 45:22 | 27:7 33:9 | 190:9,11 195:3 | 241:2 243:23 |
| **basic** 8:20 | 34:11,22 35:17 | 195:11 201:9 | 248:14,18 |
| **basically** 9:2 | 35:21 36:20 | 208:21 225:3 | 254:17 255:13 |
| 183:19 | 38:16,25 39:9 | 225:23 228:20 | **berkeley** 29:24 |
| **basics** 42:14 | 39:15 41:17,18 | 230:24 235:21 | 52:25 |
| **basing** 208:17 | 43:16 44:13 | 236:20 238:23 | **best** 24:7 33:18 |
| **basis** 37:19 | 51:11 52:3,7 | 239:18 244:5 | 86:24 117:6 |
| 43:20 44:10 | 53:20,22 54:23 | 252:12 253:7 | 134:12 135:17 |
| 45:24 79:18 | 56:19,21 65:19 | 254:8 259:3 | 135:19 137:7 |
| 80:11,21 81:14 | 66:13,13,25 | 260:18 263:17 | 147:17 221:25 |
| 84:20 113:7 | 67:1,24 68:24 | 270:14,16 | 223:9 248:20 |
| 142:7 164:15 | 69:2,4 72:14 | 271:13 272:5 | 258:15,16 |
| 200:5 214:22 | 78:13 81:7,14 | 274:25 282:24 | 318:16 319:17 |
| 280:6 302:1,24 | 81:17,23,25 | 283:11 285:8 | 320:17 |
| **bate** 75:20 | 83:16 84:9,21 | 286:22 287:11 | **better** 17:13 |
| **bates** 115:11 | 86:5,7,14,24 | 287:23 290:18 | 27:1 78:2 |
| 283:21 | 87:21 88:7,12 | 291:14 295:6 | 87:14 118:7 |
| **bathroom** | 90:5 91:4 93:1 | 296:17 311:9 | 135:24 144:9 |
| 222:21 | 94:1,18 97:18 | 311:15 312:16 | 210:5,8,11 |
| **bedrock** 131:5 | 97:19 104:22 | 314:4 316:3 | 266:3 |
| **beginning** 7:14 | 108:25,25 | 322:1,19 | **beyond** 75:8 |
| 59:11 240:19 | 109:3 111:17 | 323:25 324:17 | **big** 174:11 |
| 253:21 295:14 | 116:12 120:25 | 324:23 329:15 | 189:23 |
| **begins** 146:25 | 123:10,13,19 | 329:19 330:9 | **bigger** 233:12 |
| 178:2 226:7 | 126:15 130:23 | 332:10,16 | 259:16 |
| | 131:13 132:2 | | |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**biggest** 219:25
■ 43:15,17
214:6 340:5
**billed** 71:11
**bio** 65:21
**biographies**
30:19
**biography**
29:23 30:15,25
65:12 339:13
**bit** 110:20
166:4 189:24
231:13 237:13
281:2
**black** 119:8
120:20
**blinded** 166:24
169:11
**blog** 277:22
**bold** 117:13
**bonaparte** 3:16
**book** 225:20,21
225:22 289:14
297:9
**border** 242:15
254:21
**bottom** 196:5
215:7,9 251:6
284:1
**boulevard** 3:20
**boundaries**
295:4
**box** 60:2
120:20

**boxes** 119:9
**breach** 216:3
**break** 9:4 34:16
64:7 65:2
112:3 114:3,10
167:10 174:7
177:17 201:15
213:18 222:19
223:8 280:18
281:11 327:21
**breaking** 9:2
63:7 166:5
277:25
**breaks** 9:1
334:22
**brg** 10:25
29:23 51:18,20
52:1,5,8 65:13
109:25 110:7
224:22,23
339:14
**brg's** 65:18
**bring** 34:11,12
39:21
**bringing**
296:22 314:25
**brings** 186:25
**broad** 83:15
85:25 86:1
150:8,13 191:8
294:13 325:22
325:25
**broader** 28:15
138:6

**broadly** 286:4
**broken** 271:24
**broker** 106:18
283:2 285:4
**brought** 11:19
39:21 152:4
**bruckhaus**
4:18
**bruns** 4:9 7:17
**bubbles** 284:9
**bullet** 115:18
116:15 245:19
247:21
**bunch** 17:12
**burden** 265:2
**burdensome**
265:13 266:13
279:21,22
332:4,8
**burdensomen...**
268:7
**burn** 171:2
**business** 58:12
77:19 78:5
79:15 81:16
90:22 91:3,6
91:16,18 92:1
174:15 175:5
175:10,22
176:1,6,9,17,22
176:24,25
177:1,4,6,12
187:13 189:13
242:14 249:15

250:1,7,14
251:10 252:8
252:16 254:2,4
254:12 255:21
274:17 317:24
318:15,21
319:16 320:16
**businesses**
249:24
**button** 199:11
199:12
**buttons** 304:13
**buys** 225:20

**c**

**c** 3:1 4:1 5:1
72:17 73:14,14
75:8,21 76:3
181:13 182:13
299:18 311:14
338:1,1
**calculated**
321:7
**calculation**
90:1 208:3
**calculations**
203:19
**california**
10:18
**call** 15:23 93:7
100:12 151:13
164:20 213:2
221:21 232:13
247:10 315:5

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**called**  106:9
129:9 145:19
225:5 245:11
245:12 257:1
270:12,15
289:15 292:13
292:19 300:21
**calling**  133:16
299:18
**calls**  160:19
255:17 299:25
300:2,10
**candid**  296:9
**cans**  192:11,23
193:4
**capability**
125:13 136:14
137:23 273:24
334:11
**capable**  138:19
143:3
**capacity**  63:20
165:6
**capital**  299:18
**care**  228:10
229:6,17 230:3
**career**  32:5
62:9
**careful**  147:2
148:17
**case**  1:8 6:17
12:5,10,23
13:19 14:18
16:2,7,14

17:12 18:20
19:8 21:18
23:25 24:20
25:11 27:2
29:16 32:23
33:2,12,25
34:4 35:12
36:15,18,23
37:6 38:2,12
38:24 40:24
41:14 42:1,15
46:12,24 47:21
51:21 52:12,19
54:23 55:11,12
56:4 61:9,11
67:19 68:13,21
69:3,8,13,18,25
71:3,9,12 76:1
76:10 97:23
99:21,24
101:24 102:4
110:9 111:5,6
111:13 115:2
116:17 120:15
121:14,16,17
121:25 137:25
139:10 142:24
147:9 148:22
152:11,16,25
153:17 158:21
159:7,21 160:8
165:9,12,22
166:9,16
167:21 178:23

182:22 185:17
186:12,12,16
186:16 187:15
190:10 191:6
196:18 197:4
197:13 198:16
201:7,11 202:9
202:18 203:25
207:3,5 208:4
209:18 210:23
212:3,4,13,15
213:1,4,5
220:20 229:8
229:13 231:11
235:21 238:3
239:22 251:1
255:1 260:24
261:10 264:19
265:2 280:15
288:1,7,22
291:9 292:24
293:22 295:1
296:9,21,23
297:8 298:19
299:7 300:5
306:16 310:5
311:5 312:10
312:20 313:17
314:3,15,16,19
314:24 315:6
316:3,9 322:7
326:8 330:2
**cases**  17:16
21:23 22:4,7,9

22:20 32:8
35:22 36:1
39:4 40:7
42:25 45:13
51:4,13 55:20
98:23 119:17
121:18 122:20
147:1 184:22
208:20 209:11
211:20 213:10
214:18,21,23
310:7 313:9
317:4
**categories**
247:17
**category**
248:10
**cause**  243:6
**causes**  161:23
162:10
**cellphones**
53:18
**center**  4:11,19
10:9
**certain**  18:1,8
18:21 22:16
38:14 39:5
41:2 42:3
63:16 84:14
105:21 106:4,7
106:19 107:7
132:5 144:12
146:20 179:23
182:15 185:20

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[certain - chats]                                                                    Page 12

| | | | |
|---|---|---|---|
| 185:20 191:20 | 260:20 263:18 | 38:22 39:5 | 235:5 244:25 |
| 199:10 200:1 | 265:6 267:2 | 41:2 71:5 80:2 | 245:21,22 |
| 205:19,19,22 | 268:7 272:8,10 | 80:8,15 81:2 | 247:20,25 |
| 206:12 221:8 | 273:19 275:24 | 81:12,21,24 | 259:23 260:10 |
| 221:18,22 | 277:8 279:7,14 | 82:11 84:6 | 260:23 261:8 |
| 229:23 241:2 | 279:19,23 | 85:7,17 86:15 | 262:17 263:24 |
| 245:18 247:23 | 280:7,12 | 88:16 89:16 | 264:3,4,6,21 |
| 252:21 276:16 | 282:11 286:17 | 92:13 93:11,20 | 265:4 266:21 |
| 277:3,8 283:1 | 299:12 328:20 | 95:2 96:16 | 269:17 270:21 |
| 283:1 285:2 | 328:24 337:6 | 97:23 98:17 | 271:24 273:19 |
| 290:22 294:9 | **changed**  224:9 | 99:10 100:24 | 274:18,23 |
| 313:3 317:4 | 224:11 227:8 | 102:5 103:10 | 276:18 277:6 |
| 324:9 | 238:24 263:15 | 110:10 111:4,5 | 278:5 280:10 |
| **certainly**  177:9 | **changes**  170:14 | 115:19 116:3 | 282:9 285:13 |
| **certified**  2:9 | 275:1 282:23 | 116:16,20 | 285:17 286:7 |
| **certify**  338:4,9 | 291:1 343:1 | 117:6,13,18,23 | 286:19 296:22 |
| 338:15 342:3 | **changing**  49:17 | 118:3,10,21,24 | 297:1 299:18 |
| **cessation**  150:8 | 251:14 | 122:7 125:14 | 300:15 303:7 |
| 150:12,13 | **chapter**  225:3,9 | 126:7 128:7 | 304:24 305:19 |
| 294:13 | 225:17 289:10 | 138:5,18,24 | 305:23 307:21 |
| **cetera**  45:15 | 289:14,17 | 139:5,11 | 307:25 309:13 |
| 264:1 | 291:20,22 | 142:21,25 | 309:19 318:14 |
| **chains**  252:19 | 295:7 296:16 | 143:11,21 | 319:14,24 |
| **chance**  32:12 | 297:10 340:23 | 158:22 193:25 | 320:10,15 |
| 33:17 61:24 | **characterizati...** | 196:19,19 | 323:13,15 |
| 162:20 163:7 | 318:13 319:13 | 198:18,19 | 324:7 325:2 |
| 315:12 | **characterize** | 199:5 200:16 | 333:1,3,8 |
| **change**  149:11 | 247:13 | 201:12,12 | 334:7,23 335:5 |
| 193:24 199:4 | **characterized** | 209:15 211:1 | 335:11 340:11 |
| 218:17,20,25 | 248:6 | 211:15,25 | **chats**  39:13 |
| 219:5,6 224:4 | **characterizes** | 212:17 213:7 | 40:12 42:13,17 |
| 227:9,10,15 | 245:16 | 218:17 219:15 | 42:22 44:16 |
| 233:2 256:1,10 | **chat**  14:24 18:9 | 233:14,22 | 46:3 76:10 |
| 256:16,17 | 18:21 38:6,14 | 234:4,11,12 | 83:4 89:24,25 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[chats - client]                                                    Page 13

| | | | |
|---|---|---|---|
| 90:1,2 91:5,17 | 335:11 | 154:23 157:7,9 | 288:3 291:3 |
| 94:8 95:11 | **chatting** 285:23 | 165:22 167:23 | 299:5 |
| 97:13 98:23 | **check** 317:11 | 167:24 187:16 | **claim** 38:6 |
| 99:13 110:24 | **cheese** 199:15 | 189:9 196:23 | 76:21 162:20 |
| 124:1 126:4,16 | 200:25 262:19 | 197:7 209:5 | 162:23 163:8 |
| 129:11 137:23 | 333:25 334:6 | 214:16 227:22 | 163:10 171:25 |
| 138:2 152:14 | 334:20 | 229:2 253:1 | 186:25 295:16 |
| 152:18,22,24 | **choices** 257:5 | 282:5 322:23 | **claiming** 37:19 |
| 153:8 198:10 | **chose** 281:14 | 324:9 325:10 | **claims** 152:3,6 |
| 198:25 199:10 | 281:22 | 326:13 | 152:9 161:23 |
| 199:14,20 | **cid** 100:12 | **cited** 21:23 | 162:9 184:13 |
| 200:1 209:20 | 114:12 189:16 | 22:7,9 25:18 | 187:11,19 |
| 210:12 211:6 | 298:24 | 35:5 124:5,16 | 189:2,11 |
| 219:17 229:7 | **circles** 249:6,8 | 133:5 144:19 | 315:19 319:14 |
| 231:11 232:2,5 | **circuit** 28:2,10 | 155:17 168:5,8 | **clarification** |
| 235:7 252:20 | 28:17,24 32:6 | 218:12 230:12 | 9:20 244:14 |
| 261:5,20,22,24 | 163:14 | 230:17,18 | **clarifications** |
| 264:24 266:7 | **circumstance** | 234:13 253:3,5 | 310:1 |
| 267:7,12,16 | 239:15 | 277:16 278:9 | **clarify** 33:6,8 |
| 269:22 276:23 | **circumstances** | 278:15,15 | 33:17 51:23 |
| 280:8 281:13 | 144:12 146:20 | 283:8 285:9,10 | 91:2 118:5 |
| 282:9 301:10 | 166:18 186:13 | 298:5 305:2 | 186:22 |
| 306:22 308:6 | 245:18 247:24 | 320:1 326:11 | **clean** 269:24 |
| 308:12,17 | **citation** 93:4 | 335:24 | **clear** 41:10 |
| 309:10,16 | **citations** 96:7 | **cites** 89:7 96:3 | 61:2,19 79:3 |
| 312:1 316:11 | **cite** 17:12,15 | 147:8 | 82:7 91:12 |
| 317:23 318:20 | 20:21 22:4,20 | **citing** 115:8 | 139:9,18,22,24 |
| 321:2,7,16,23 | 42:10 45:20,21 | 124:22 165:9 | 141:2 143:17 |
| 322:6,7,14 | 77:3 81:7 | 215:9 323:9 | 162:13 309:14 |
| 331:1,6,11,13 | 92:19,24 126:1 | **city** 6:24 | **clearly** 319:19 |
| 331:17,25 | 127:1 129:21 | **civil** 17:9 100:3 | **clerked** 31:22 |
| 332:4,8,13,17 | 137:19 138:8 | 169:25 170:7 | **click** 260:18 |
| 333:7,14,16 | 138:14 140:25 | 179:22 180:5 | **client** 14:3 |
| 334:21 335:1,5 | 141:23 142:12 | 183:21 226:11 | 48:17,22 49:11 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[client - companies]

Page 14

119:14 269:8,8
311:19
**client's** 49:16
**clients** 26:14,18
26:24 48:10
55:7 110:15
128:13 129:14
129:15,17,21
211:18 237:6
269:10 282:7
283:25 284:13
284:17,22
285:1
**clifford** 32:12
61:24
**clock** 259:21
260:2,5,8,16
263:25
**closer** 242:10
**clump** 321:16
**coach** 216:20
**cocktail** 11:7
**code** 194:21
265:15,18
**coleman**
297:20 298:5
298:12 341:3
**collaborative**
293:4
**colleague** 71:17
**colleagues**
110:6
**collected** 98:3
150:4 216:22

288:1
**collecting**
192:13 223:20
**collection**
98:12 147:3
148:19
**combination**
53:17 133:3
147:2 148:18
153:14 232:9
248:1
**come** 32:17
35:17 132:12
132:15 136:24
140:21 150:5
153:2 186:3
197:19 202:11
269:23 318:18
**comes** 34:25
105:20 107:13
108:22 109:10
134:18
**comfortable**
58:4
**coming** 132:21
141:14 185:7
**commencem...**
338:5
**comment** 91:13
216:8 284:9
**commentary**
130:3 136:9,12
170:17,25
238:8 244:5

**comments**
241:1
**committee**
168:11,16
170:4,6 171:12
292:3 294:4
**committee's**
169:19 170:25
**commodities**
61:16
**common** 27:14
27:17 28:2,17
28:23 29:1,7,9
31:5,11 32:21
33:11,22 34:19
35:1,7,13,22,25
36:5,12 104:13
104:16 123:23
124:6 125:24
127:2,7,10
128:3 129:1,9
129:23 243:4
**commonly**
126:3
**communicate**
40:9 228:10
229:5,17 230:2
257:13 291:3
**communicated**
173:8
**communication**
77:18,19 78:6
82:3 84:15
90:3,21,23

92:4,16 93:13
93:22 94:12,21
94:23 95:5
97:15 98:20
119:15 123:18
173:17 227:22
230:5 250:5
251:22 252:10
284:19 305:25
318:16 320:17
327:14
**communicati...**
40:10 81:17
91:4 92:2
94:10 96:19
97:13 103:13
117:17 136:15
138:23 144:3
173:19 216:1
217:12,19,20
229:3 252:18
252:21 257:18
258:12 317:24
318:21 319:16
319:25 334:10
**companies**
22:10,15 24:6
49:18,24 62:3
62:9,11,15,22
63:12,13,18
64:1 89:2,11
95:10 104:6,14
104:16,19
105:2,10

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[companies - conference]**                                        Page 15

108:17,19,20
108:23 109:2,2
109:3,12,13
122:5,12
123:23 125:25
126:2 127:3
128:17,25
129:6 134:17
135:8,12,20
138:10,22
141:25 142:14
144:1,12
146:20 148:14
149:9,21 177:1
185:8,20
219:25 220:3
220:10 221:3,6
221:12,15,20
252:6
**company**  24:15
24:18 50:18
52:1 61:13,15
61:17,20 62:13
63:22 64:3
105:19 109:9
109:24 110:11
123:6,15,24
128:5 129:2,8
130:14 131:13
131:19 132:5
136:2 137:1
138:17 143:8
143:19 151:7
161:24 162:10

163:3 182:19
185:15 186:1
186:14 187:3
193:3,7,20
211:9,13,24
212:6 213:6
220:17 221:17
221:20 222:5,7
222:12 223:13
223:15 228:23
228:24 231:1
231:19 232:16
266:9 268:21
269:3 274:19
280:10 286:6
286:13,18,21
287:7,18
**company's**
107:12 109:15
110:24 111:14
150:10 222:2
287:8,20
**competition**
314:10
**competitor**
172:14
**compiled**  133:3
**complaint**
152:10,11,16
314:12,13
**complete**  112:2
150:7,13
294:13 333:9
333:17 334:23

**completely**
122:6 224:5,7
224:10 226:13
226:25 227:11
**complex**  50:15
216:3
**compliance**
16:9 241:24
242:15 248:23
**complied**  53:20
53:21 54:3
113:25 289:3
**comply**  139:18
139:19 140:14
141:17 279:5
**complying**
223:20
**comprehensive**
257:6
**computer**
150:9,14
158:25 195:9
265:18 294:14
**computers**
53:18
**conceal**  255:4
**conceivable**
190:6,15
**concern**  220:4
**concerns**
241:13 243:21
254:22
**conclude**
182:14

**concluded**
161:6 181:20
181:22 201:1
**concludes**
161:5 337:14
**conclusion**
160:3,25
185:17 198:3
201:3 204:5
325:20
**conclusions**
12:25 13:1
88:3 157:14
216:2 324:21
325:8 329:9,17
336:12
**concord**  147:9
**conduct**  255:5
**confer**  287:7,12
287:19,24
288:11 289:2,6
310:13 311:1
**conference**
35:4 56:19
88:1 89:8 94:4
94:6 124:15,23
130:5 132:25
134:16,20,25
135:7 136:1,8
136:24 137:5
137:10,17
144:20 145:1
237:14,18
239:25 240:12

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[conference - convenient]** Page 16

242:20,25
291:24 292:8
292:13 293:13
316:1,19,25
339:21 340:14
**conference's**
134:6 135:18
**conferences**
57:9 287:12
289:7 311:1
**conferring**
295:1 304:20
**confidential**
1:13 47:18
48:9,11,16,21
49:3,3,8,12
50:5,25 119:14
284:2 298:22
298:24
**confined** 70:16
**confirm** 52:18
55:4 58:23
65:16 76:19
114:24 195:20
214:10 283:18
298:2 299:3
**conflicting**
243:16
**confused**
113:11 140:19
199:8 259:1
260:25 261:2
298:2

**confusing**
140:8,11
141:16 162:5
259:20 262:4
262:22 263:20
267:4
**confusion**
141:3 200:25
233:9 261:16
263:7 303:21
**connected** 68:6
324:1
**connecticut**
10:14
**connection**
56:19 66:14
67:2 115:1
116:16 187:15
188:6 203:18
207:25 211:19
254:18 269:4,5
311:5
**consent** 52:13
53:21 339:9
**consequences**
316:20
**consider** 48:16
49:17 50:25
62:15 125:6,15
136:17,22
221:25 246:7
254:16,17
255:13,21
318:13 327:2

**considered**
50:5 72:19,25
73:3 333:9
**considering**
137:2 318:9,11
**consistent**
89:16
**consolidated**
310:7,12
**conspiracy**
171:21 172:13
173:21
**consultant**
23:22 25:10,13
25:19 63:21
67:20 98:2,11
**consultants**
25:2 49:1
165:15
**consulted**
239:4
**consulting** 10:2
10:25 47:19
48:7
**contain** 94:9
95:14,19 97:14
103:11 335:19
**contained**
75:21 100:15
115:9 321:8
**contains**
157:11
**contemplate**
293:20

**content** 41:8
**contents** 101:8
335:25
**contesting**
272:19
**context** 12:24
15:3 26:19
81:18 89:6
91:22 112:17
113:12 142:24
146:22 198:13
204:15,17
206:7,15,18
215:15 265:23
294:25 297:7
**continue** 6:11
20:1 79:23
184:7
**continued** 4:1
5:1 229:17
230:3
**continues**
301:20
**continuing**
216:9 311:7
**contract** 216:3
**contrary**
293:22
**controlling**
251:11
**convenient**
63:6 166:5
277:25

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[conversation - couple]**                    Page 17

**conversation**
67:3 199:17,21
262:10,15,19
308:14,23
309:4 325:18
333:3,22 334:8
334:12
**conversations**
6:8 49:12
229:19 262:20
301:7,15,24,25
302:15 306:21
309:2,17,18
333:8,15
334:23 335:5
335:11,18
**convey** 255:7
**conveying**
306:20
**convincing**
141:2
**cooperation**
256:6 292:19
**cooperative**
293:4
**cope** 291:4
**copies** 39:21
114:19 339:18
**copy** 19:20
20:8 167:12,16
229:22 234:3
273:3,11 290:5
339:24 340:10

**corner** 278:4
**corporate** 67:6
218:24,25
224:15 225:10
225:12,18
235:7 242:12
254:11 256:2
289:11,15
331:16 340:8
340:25
**corporation**
59:19
**corporations**
191:19
**correct** 8:15
10:3,7 13:3,24
14:25 15:4
30:16 32:3
43:11 45:18
47:13 52:3
55:17 56:3
59:20 66:7
68:10,11 70:6
72:4 75:6 82:5
91:1 92:8 96:9
104:1 106:11
107:4 115:9
123:2 124:25
125:1,21
137:13 139:14
143:5,22,23
151:16,20
155:1 161:8
175:10 176:19

181:17 190:16
190:17,20
196:7 200:12
200:17 222:16
224:22 225:15
236:6,10
238:12 245:24
245:25 246:4,5
249:7 258:1,6
268:5 277:23
283:6,19
291:20 294:6
301:12 328:12
328:17
**corrections**
56:12
**correctly** 17:2
40:14 44:12
60:11 73:5
79:20 89:4
105:15 115:16
116:4 117:20
124:3 176:18
242:7,17
243:18 249:1
251:15 257:20
282:12 296:4
**corresponden...**
51:22 183:24
259:23
**cost** 265:21
266:5,19,20
267:1,6,9,15
268:3

**costs** 235:12
██████████
43:15,17 44:6
45:18 214:6,12
223:24 340:5
██████████
215:6
**counsel** 7:12
48:13 63:4
111:24 220:6
225:18 243:14
277:24 288:5
288:10,20
289:1,12,15
291:8,12
299:10 300:2,3
300:18 302:10
305:14 306:19
307:8,14
308:10 337:5
338:17,20
340:25
**counsel's** 336:4
**count** 195:5
197:20
**country** 31:19
**couple** 44:2
62:24 63:1
70:1 71:10
104:5 116:21
198:21 258:24
289:25 290:2
299:25 317:5
336:3

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[course - data]                                                      Page 18

**course**  30:7,8
30:10 62:9
65:23 68:7
133:24 198:5
**court**  1:1 2:9
6:18 7:2 13:15
15:21 17:23
21:11 25:25
41:13 46:13
51:22,24 53:22
78:23 164:1,11
170:11 191:23
196:11 231:1
231:14 232:15
235:16 282:5
283:10,23
315:14,21
329:10
**court's**  46:7,23
47:4
**courts**  17:17
20:25 23:19
24:25 35:17
36:1,4 134:17
226:16 240:1
242:3 243:15
253:25 254:16
255:2,7,13,20
316:23
**cover**  109:1
297:22
**covered**  56:22
96:11 104:4
115:15 117:5

117:14 118:13
201:25 211:4
219:16 254:6
**covering**  29:10
183:24
**covers**  57:20
86:7
**create**  191:25
230:9 231:18
271:4 273:17
**created**  127:17
212:23 312:9
**creates**  215:19
233:13,13
280:10
**creating**  227:25
234:17 270:25
274:17 275:10
**creation**  234:18
**credible**  177:6
184:24
**credibly**  161:5
180:18 184:15
**credit**  256:6
**cripple**  191:19
**critical**  82:17
219:1 242:5
**critically**
318:17 319:17
320:18
**criticizes**
250:21
**criticizing**
250:11

**cross**  242:15
254:21 328:4
339:4
**cs7075142**  1:24
**csv**  194:13,15
**culling**  293:23
**culture**  46:1
229:9 231:9,16
232:2 331:9
**cure**  53:12
306:12
**current**  24:4
184:22 228:25
264:10 287:9
287:20 311:8
**currently**  10:1
10:10 24:11
29:25 30:4,6
31:25 44:23
52:1 68:16
179:15,18
186:2
**custodian**
323:12 324:6
325:1
**custodians**
153:23 179:11
194:2,7 203:24
205:3,6 206:1
207:7,21
208:15 257:16
283:2 301:21
302:6,11 321:8
321:25 322:15

323:11
**customer**  277:5
**customers**
126:18 264:3,7
266:1 271:16
272:7 274:22
275:7 276:7,11
276:17,17,22
282:16
**cut**  323:4
**cv**  1:8 6:21
29:15 31:22
56:9,13 58:14
158:8 225:3,7

**d**

**d**  8:5 181:13
182:13 339:1
**daily**  128:15
**dallas**  3:7
**damning**  14:18
280:15
**daniella**  3:10
7:22
**daniella.torre...**
3:11
**data**  12:19 13:3
13:5 37:6 54:7
89:2,4,12,13
131:10 136:15
158:11 173:5
194:16,18
195:1 202:16
203:11,21

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[data - defendant]                                                                 Page 19

206:20,25
207:9,19 208:4
208:13 209:2,8
219:25 220:1,7
220:13,18,22
221:1,8,11,14
221:21 222:1,6
222:8 223:14
223:20 242:15
243:7,22
248:21,24,25
249:11,13,14
249:16,19,25
250:1,13,15
251:10 252:8
252:15 254:7
254:11,20,21
267:9,11 268:3
287:25 296:19
296:20 312:13
312:18 314:1
321:24 329:16
332:5
**database**   153:2
153:6
**date**   39:25
52:15 58:21
59:2 65:15
66:2 68:4,12
69:17,22,23
71:13 76:25
95:6 114:21
145:4 167:14
178:11 179:3

184:6 185:7
188:4 191:23
195:19 211:3
212:18 214:8
224:4,17 226:3
229:20,23
234:6 237:21
238:19 259:12
273:7 275:2
279:23 280:9
283:16 286:18
289:13 297:21
301:4 305:6
312:4 316:14
330:21 331:13
331:21 338:13
**dated**   145:1
195:17 214:6
229:21 234:4
297:19 305:10
309:24 328:11
328:16 339:21
340:2,6,12
341:1
**dates**   58:13
175:14 176:17
**dawns**   290:12
**day**   72:7
198:25 199:1
342:11
**days**   195:6
205:19,22
209:16 210:1,3
210:18 301:8

301:11 307:16
307:20 308:2
**dc**   3:15
**de**   61:24
**deal**   189:4
198:12 203:19
206:15,24
207:3 209:11
**dealers**   106:18
283:2 285:4
**dealing**   34:6
127:16 179:15
179:18 183:20
209:2
**dealt**   297:13
**decade**   230:25
**december**   1:17
6:4 179:21
189:10 195:14
195:17 224:6,8
226:14 328:12
328:17,21
340:2
**deceptive**
187:20 188:7
188:18 189:2
189:12 314:11
**decide**   24:25
**decided**   39:4
101:19 218:23
331:15
**decides**   191:24
**deciding**   16:20

**decisionmakers**
242:1
**decisions**   17:16
23:19 36:3
98:4 150:3
**declaration**
13:19,22 14:1
14:6 21:23
22:5 27:4
195:13,16,22
195:25 196:11
196:14 197:9
198:7 202:3,24
281:6,11,18,19
283:20 287:4
297:25 305:5
305:10 328:16
328:21 329:4
329:17 340:1
341:6
**declarations**
13:8 75:15
**declared**   196:5
**default**   82:14
82:18,21
103:25 104:11
105:4 107:21
108:5 199:5
218:24 232:25
233:2 282:8
300:22 331:16
331:19,22
**defendant**   1:10
2:3 4:8 103:15

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[defendant - difference]**                                    Page 20

147:10 313:4
**defendants**
53:19 103:21
**defense** 135:15
**defensible**
192:15 220:21
**define** 62:10
**definitely**
113:23
**definition**
247:15
**degree** 10:4
**degrees** 204:9
**delete** 223:16
**deleted** 40:13
221:22 307:16
307:20 308:1
308:24
**deletes** 221:8
**deleting** 46:2
**deletion** 89:3
89:13 172:5,16
172:24 173:15
220:8,21 221:1
222:1,8 308:5
**demand** 100:4
114:13 179:20
179:23 180:6
183:21 299:6
**department**
240:7
**departments**
224:15 225:10
225:13 340:8

**depend** 62:10
166:16 248:5
**depending** 78:4
91:15 166:17
185:14 186:13
307:21
**depends** 222:3
327:13
**deploy** 272:16
**deponent** 83:23
245:5
**deposed** 8:11
**deposition** 1:15
2:2 6:14,22
65:11 71:24
72:4,7,10
73:24 102:13
114:18 120:18
152:11,16
171:6,10 196:3
196:24 198:23
199:23 218:11
233:1 239:7
262:7 265:24
275:8 299:19
305:8 328:9
334:17 337:3
342:4
**depositions**
8:17,21 72:23
73:25 74:6,18
74:21 75:9
200:15 202:5

**deprive** 38:23
42:23 236:4,8
311:20
**deringer** 4:18
**describe** 31:3
67:12,21
314:25
**described**
133:9 147:3
148:19 227:16
231:17 244:24
303:7 333:24
336:22
**description**
30:21 60:19
61:18 256:15
282:24 303:9
304:6 305:25
**design** 248:24
**designated**
47:22 70:17
**designed**
242:13 243:13
291:4
**despite** 241:11
**destroying**
231:2
**destruction**
14:11
**detail** 56:8
**details** 49:15
119:24 181:10
304:12,22
310:19

**determination**
27:18 35:18
46:14 99:5,8
102:17,20,21
173:18
**determinations**
165:13
**determine**
20:25 21:12
36:25 46:8,16
46:24 47:5
73:23 98:16
140:13 173:7
173:24 197:25
204:22 210:11
**determined**
321:13
**determines**
267:15
**determining**
25:25 107:12
206:11
**develop** 257:5
272:16
**developers**
265:14
**development**
293:3
**devices** 54:23
55:2 56:5
**dialogue** 293:2
**difference**
41:21 192:8,19
285:13

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**different** 22:8
28:14 34:7
45:7 66:16
74:4,20 77:16
77:17 78:4
81:16 82:2
90:20 91:3,14
92:2,3,4
105:25 106:16
110:20 133:23
206:14,16,16
207:16 211:20
212:24 221:5
224:3 231:6,7
239:20 249:9
258:21 261:20
265:23 266:25
285:20,22
287:15 288:17
299:20 313:5
314:20 326:25
327:8
**difficult** 139:19
139:22 140:6
140:14 141:16
199:17 233:16
276:4 330:19
**difficulties**
291:25
**digital** 314:22
**direct** 8:9
123:11 161:11
216:9 339:3

**directed** 122:21
122:24 123:12
211:18 333:14
**directing** 40:8
45:14 118:2,9
118:20
**direction**
140:15
**directions**
141:18
**directive**
136:16
**directly** 282:21
**disabled**
257:17 258:11
**disabling**
258:15,22
**disagree**
162:16 169:19
170:23 238:16
239:13,19,21
276:1,3 288:25
320:19
**disagreed**
291:11
**disagreeing**
35:14 238:17
**disagreement**
147:15,25
**disagrees** 78:12
**discard** 249:16
**discarded**
243:7

**disclose** 49:5
128:14 129:14
315:25
**disclosed**
316:10
**disclosing**
304:11
**discovery**
120:14,14,17
120:17,19,19
120:19 192:20
215:14 223:21
225:6 287:13
288:5,20 291:7
293:5 295:14
295:24 296:2
**discretion**
147:11
**discuss** 99:10
115:15
**discussed** 32:19
156:23 300:8
300:10 305:23
307:18 333:19
**discusses** 87:16
89:20
**discussion**
90:20 117:5
156:7 257:22
271:9 325:13
**discussions**
228:21 232:8
260:1 294:19
296:10 299:4

311:2
**display** 174:15
175:5,9,21
176:1,9,16,21
176:24,24
177:4,12
178:14 179:7
179:10 183:15
184:14 186:20
187:12 189:5
189:12 263:25
**displayed**
264:14
**disproportion...**
190:18
**dispute** 87:18
287:6,18
**disregard**
318:12
**disrespectful**
188:15 201:19
**disrupting**
311:7
**distinction**
249:25 250:22
250:25 251:21
252:7
**distinguished**
244:18
**distracting**
296:12
**district** 1:1,2
6:18,19 52:19

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[ditto - earlier]**                                        Page 22

| | | | |
|---|---|---|---|
| **ditto**  47:8 | 97:23 98:3,9 | **double**  44:21 | 36:22 37:5,12 |
| **division**  1:3 | 98:25 102:11 | **doubleclick** | 131:4 132:18 |
| 6:20 | 102:12,13 | 181:16 182:12 | 137:2,12 |
| **docket**  6:20 | 108:10 115:8 | 182:25 | 162:17 163:3,5 |
| **docs**  321:18 | 146:22 152:24 | **dr**  195:2 | 174:20,25 |
| **document**  28:8 | 153:12,16 | 196:24 197:5 | 175:6 178:13 |
| 39:16,17 40:23 | 168:5 172:17 | 197:19 200:10 | 178:16 190:24 |
| 43:10,13,14 | 174:20 175:1 | 202:4 320:12 | 236:21,24 |
| 44:4,5 56:14 | 178:22,22 | **draft**  284:5,10 | 237:8,10 243:5 |
| 63:15,18,23 | 179:10 180:16 | **drafting**  57:14 | 243:8 312:17 |
| 64:3,9,10,14 | 180:25 183:24 | 74:2 198:6 | |
| 78:20 83:24 | 192:1,4,4 | **draw**  46:25 | **e** |
| 97:21 116:12 | 198:5 200:23 | 235:16,17 | **e**   3:1,1 4:1,1 5:1 |
| 145:20 146:19 | 202:6 206:11 | **drawing** | 5:1 8:5 15:18 |
| 168:12 172:6 | 207:2 214:24 | 171:17 | 16:3,21 17:22 |
| 191:18 214:15 | 217:13 229:13 | **dreyfus**  59:19 | 18:24 19:13,25 |
| 218:15 243:1 | 231:7 252:22 | 61:13 | 20:14 21:10 |
| 244:16,24 | 265:24 267:18 | **driven**  249:11 | 167:19 168:10 |
| 245:6 250:6 | 277:15 282:22 | **dropdown** | 169:20 171:1 |
| 253:23 278:9 | 293:24 295:25 | 260:14 | 224:1 226:10 |
| 279:2 282:5 | 309:21 313:18 | **due**  184:25 | 227:2 229:1 |
| 283:9,12,15,19 | 321:3,23 | **duly**  8:6 | 235:15 236:22 |
| 284:5,9,10,21 | 327:14 | **duplicative** | 338:1,1 339:1 |
| 284:24 285:6 | **dogs**  171:23,25 | 252:19 | 339:6 |
| 298:5 299:13 | 172:6,13,18 | **duration** | **earlier**  34:23 |
| 300:14 314:1 | 173:19 | 130:10 301:16 | 36:25 47:12 |
| 340:22 | **doing**  24:23 | **duties**  15:3,6 | 95:9 110:19 |
| **documents** | 28:12 56:2 | 132:6 | 130:2,18 |
| 43:3 44:24 | 69:20 209:13 | **duty**  14:13 | 145:23 167:16 |
| 45:25 54:10 | 303:24 | 27:11,20 29:8 | 199:23 211:5 |
| 55:2,5 73:1,4 | **doj**  241:14 | 29:10 31:5,12 | 213:22 214:13 |
| 73:20 74:6 | 256:1,3,11,18 | 32:21 33:23 | 226:3 233:8 |
| 75:20,22,25 | **dollar**  268:2 | 34:18,23,24 | 239:11 257:23 |
| 76:1 95:13 | | 35:11 36:13,22 | 267:1 268:8 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[earlier - employees]                                                    Page 23

| | | | |
|---|---|---|---|
| 275:2 278:21 | 87:23 88:7,10 | **either** 57:6 | 274:18 331:8 |
| 279:9,23 280:9 | 88:12,17 94:18 | 69:22 118:6 | 340:4 |
| 288:9 291:11 | 98:2,10 102:16 | 153:12 178:19 | **emails** 84:14 |
| 292:7 294:7,8 | 103:2 110:22 | 324:18 | 99:14 152:14 |
| 309:18 333:20 | 131:6 133:6,21 | **electronic** | 174:18,19 |
| **early** 175:8,14 | 133:22 134:8 | 30:18 123:17 | 206:11 210:11 |
| 177:8 178:19 | 134:13 135:14 | 145:19 172:17 | 215:10 229:8 |
| 211:4 249:15 | 140:9,12 165:7 | 191:9,17 | 260:24 261:1,9 |
| 250:14 287:8 | 165:13,15 | 217:20 225:5 | 264:23,24 |
| 287:19,24 | 198:13 203:17 | 227:6,18 291:5 | **employ** 276:22 |
| 288:6,21 291:9 | 203:18 204:16 | 302:12,25 | **employed** |
| 295:1 296:9 | 204:17 206:8 | 317:2 | 244:25 329:22 |
| **ease** 291:25 | 206:15,19,24 | **electronically** | **employee** 91:25 |
| **easier** 28:15 | 207:19 208:1 | 15:23 147:20 | 100:20 138:11 |
| 205:15 281:17 | 208:13,18,25 | 148:6 227:5 | 142:1,15 143:9 |
| **easily** 192:5 | 209:6,11 237:6 | **element** 18:25 | 143:20 191:24 |
| 279:14 281:13 | 249:5 268:25 | 20:6 | 199:19 260:25 |
| **eastern** 1:2 | 289:11,15 | **elements** 16:3 | 265:5 266:22 |
| 6:19 52:19 | 291:1 292:25 | 16:21 20:23,24 | 267:14 301:14 |
| **easy** 279:7,9 | 315:11 316:18 | 21:10 247:10 | 303:15 333:5 |
| 303:13 304:7 | 329:6 332:11 | **elisa** 4:15 7:19 | 333:13 338:16 |
| **eating** 164:18 | 340:24 | **else's** 268:14 | 338:19 |
| **economies** | **edition** 144:21 | **email** 40:10 | **employees** 40:9 |
| 249:19 | 145:3,6 225:24 | 41:8 42:9 | 45:15 80:14 |
| **ediscov** 186:6 | 339:23 | 43:14 44:6,17 | 84:18,25 |
| **ediscovery** 10:1 | **education** | 44:23 45:6,17 | 100:10 101:5 |
| 10:25 11:12 | 204:10 | 117:8,9 147:12 | 101:25 103:4 |
| 23:2,21 24:2 | **effect** 99:8 | 191:17 214:5 | 113:8 118:10 |
| 25:2,9,13,18 | 101:3 153:9 | 214:11 215:3,5 | 118:20 122:7 |
| 26:1 28:8,22 | **effective** | 215:6,9 216:13 | 122:14,21 |
| 29:6,11 34:6 | 155:12 | 217:18,21 | 123:7,16 124:1 |
| 37:2 38:1 | **effort** 295:15 | 218:10 231:5 | 126:4,19 |
| 63:21 65:23 | **efforts** 190:3 | 252:19 259:23 | 127:20 129:11 |
| 67:20 87:17,22 | 241:24 | 267:9,11 | 136:4 137:1 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[employees - estimate]                                           Page 24

| | | | |
|---|---|---|---|
| 138:2,18 139:4 | **ends**  182:19 | **ephemeral** | 42:3 46:9 49:7 |
| 139:11 140:6 | **enforcement** | 124:24 125:8 | 54:4 55:15 |
| 140:14,19 | 256:2 | 130:3 136:9,20 | 64:13,19,24 |
| 141:1,17 144:3 | **engaged**  69:17 | 137:20 141:23 | 106:6,22 107:7 |
| 144:14 146:21 | 98:12 158:15 | 237:19 238:8 | 107:13 134:18 |
| 147:6,11 148:9 | **engagement** | 240:2,8 241:1 | 148:12 149:13 |
| 148:10 149:1,7 | 71:16 | 241:12 242:2 | 151:9,14,23 |
| 149:10,12,23 | **engagements** | 242:12 243:6 | 178:14 179:6,9 |
| 149:24 150:2 | 49:2 | 243:17,22,24 | 183:13 190:8 |
| 157:1 183:10 | **engineers** | 244:5,15,18,19 | 190:16 223:19 |
| 192:9,21 193:7 | 274:15 275:9 | 244:20,21 | 224:2 226:13 |
| 196:17 197:25 | 275:17,20 | 245:1,12,16 | 226:18 287:7 |
| 199:4,8,18 | **enhance**  251:12 | 246:8,9,16,18 | 287:18 288:5 |
| 201:10 205:20 | **enron**  32:13,15 | 246:24,25 | 288:20 291:7 |
| 215:23 216:20 | 163:13 | 247:11,13,22 | 293:21,25 |
| 223:15 227:24 | **enter**  11:8 | 248:12,14 | 295:2,12 |
| 228:15 230:6,7 | **entered**  311:5 | 249:18 252:5 | 296:11 304:21 |
| 230:15 232:25 | **entertain** | 252:13 254:1 | 310:21 311:4 |
| 257:12 258:25 | 164:12 | 254:18,23 | 311:11,17 |
| 261:2,15 263:6 | **entire**  73:22 | 255:3,9,14,17 | 312:8,10,21 |
| 264:5 266:7 | 176:6,9 207:22 | 256:4,13 257:6 | 313:6,11,20 |
| 267:11 269:16 | 208:16 228:23 | 257:13 258:15 | 315:2,9,25 |
| 269:20 270:3 | 232:22 264:21 | 340:15 | 326:9,25 |
| 272:2 273:1 | 269:3 278:22 | **equal**  312:20 | 327:11 |
| 274:22 275:11 | 279:2 334:11 | 313:21 315:2 | **esq**  3:8,10,16 |
| 282:18 286:8 | **entirely**  67:1 | **equally**  251:12 | 3:22 4:5,13,15 |
| 300:19 303:13 | 182:15 | **erased**  193:16 | 4:22 |
| 306:3 317:23 | **entities**  64:8,13 | **errata**  343:1 | **established** |
| 318:20 319:23 | **entitled**  289:11 | **esi**  15:23 18:1,8 | 34:17 145:23 |
| **enable**  147:4 | 340:24 | 18:15 19:1,8 | **establishing** |
| **encourage** | **entity**  52:9 | 19:14 20:7,15 | 92:3 295:3 |
| 232:24 | 64:18,21 | 22:16 24:2,7 | **estimate** |
| **encouraged** | 106:13 161:5 | 24:21 28:3 | 208:22,25 |
| 227:24 288:10 | 326:16 327:4,5 | 30:19 41:16 | 266:20 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**estimates** 207:1 208:3

**et** 1:6 3:4 6:15 45:15 264:1

**eternity** 237:25

**ethan** 3:22

**ethan.glenn** 3:23

**ethics** 66:6

**evaluate** 147:17 243:15

**evaluating** 241:23

**event** 133:17 136:15 161:23 162:9 166:8,9 166:18 174:2 184:18 187:17 189:9 285:12 309:23

**events** 146:9 168:21 174:12 174:12 175:2 180:23 181:9 188:24

**everybody** 205:25

**evidence** 12:14 12:17 14:12 15:13,18 16:9 22:11 29:2 33:3 38:24 42:24 162:17 162:21 163:2,9

214:17 228:1 229:24 230:9 231:2,8,14,18 232:12,21 234:18 311:19 311:21 318:12 319:19

**evidentiary** 45:22,23

**ewulfsberg** 4:16

**exact** 97:21 101:22 188:4 259:15 261:12 263:11 266:8 267:13 291:15 316:14 318:23

**exactly** 74:22 150:25 292:12

**examination** 8:9 328:4 338:5 339:3,4

**examiner** 51:5 51:14 52:21,24 53:8 55:19 59:25 60:10,14

**example** 17:8 31:10,13 67:5 75:12 80:13 106:8 107:2 115:19 116:7 117:1 118:1,4 125:14 154:10 173:15 181:14

184:17 192:7 203:23 207:1 222:9,12 236:12 245:15 252:17 307:24 308:4

**examples** 22:14 31:1 85:14 116:22 118:8 118:19 140:25 153:3 260:22 302:17

**exceeded** 199:1

**except** 128:18 213:4

**exception** 327:1

**excerpt** 152:19

**excerpted** 259:15 277:21 278:10

**exchanged** 295:25

**excluding** 195:24

**excuse** 210:12 214:24 262:11 334:24

**exemption** 327:7

**exemptions** 326:13,15

**exhibit** 39:20 39:23 52:12,13

58:16,18,19 65:10,12 72:16 76:18,19,22 77:3 85:5 114:17,19 115:9 144:24 144:25 155:3 167:10,11,12 174:10 178:3 195:13,16,21 196:2,2 214:4 214:5,11 223:24 224:13 224:14,19 234:3,10 237:17,22 238:7 239:25 258:23 259:9,9 259:10,14 273:5,9,12 281:7 283:13 283:14 284:16 289:9,10 297:17,18,23 297:23,24 305:3,3,8,9 309:25 328:10 328:16 329:1 330:16,22 331:19 336:1 339:7,9,11,13 339:16,18,20 339:24 340:1,4 340:7,10,13,17

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[exhibit - failed]                                          Page 26

340:19,21,23
341:1,4,4
**exhibits**  77:13
195:25 235:24
277:10 337:4
**existence**
293:25
**existing**  49:16
**expanding**
176:20
**expect**  190:6,14
215:17 293:23
**expected**
193:16
**expensive**
265:13
**experience**  23:1
37:4 59:11
79:20 84:13
86:4 89:22
92:24 94:17
96:11 97:22,25
104:5 119:13
119:16,22
124:12 181:24
208:18 267:8
286:2 312:8
315:8
**expert**  12:22
13:13 21:1,12
26:1,19 28:1,6
28:7,16 29:1,6
31:5,11 33:10
37:2 39:18,23

47:23 48:1
70:9,13,19
75:14 76:22
101:4,17
158:12,25
197:3,6 203:17
204:13,15
259:11 265:17
274:14,16
275:15,20
328:11 329:6
332:11 339:7
339:16 340:18
**expert's**  70:21
**expertise**  32:20
33:21 34:11
36:11 102:16
104:17 108:16
108:22 140:9
140:13,20
141:7,13 195:9
278:3 329:5
**experts**  71:5
239:13 274:1
**explain**  53:7
79:17
**explained**
78:15 79:15
**explains**  170:20
**explanation**
272:20 325:11
**explosion**  291:5
**express**  256:4
329:9,16

335:22 336:18
**expressed**
328:21,25
337:7
**extension**  48:17
**extent**  107:7
146:9,11
163:24 164:10
170:22 180:20
181:1,7
**external**  126:16
286:13 293:2
**extrapolate**
206:9,22
207:21 208:15
209:8
**extrapolating**
202:17 208:2
**eyes**  1:14
111:14 322:13

**f**

**f**  106:10 288:13
288:14,16,19
289:1,4 292:4
294:5 310:14
310:20 316:19
316:25 338:1
**face**  118:3
**facilitate**  293:4
**facilitates**
248:22
**facing**  221:15

**fact**  11:22
16:18,19 19:8
36:24 46:13
58:24 100:14
102:5 113:16
120:14 134:24
147:9 151:17
158:5 180:21
181:8 183:9
191:16 198:17
199:3,10,13
232:16 240:10
262:19 280:7
284:4,8,20
298:3 303:12
315:18 316:23
322:4 325:9,11
**fact's**  46:15,22
**factfinding**
54:6
**factors**  34:7
185:16 198:4
198:22 221:5
222:4 232:10
248:3 334:15
**facts**  216:8
329:15
**factual**  272:20
**faculty**  30:14
68:5
**failed**  18:8,13
18:13,20 19:2
22:15 38:13,22
39:12 42:12,16

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[failed - firm]                                                    Page 27

46:8 55:15
311:19
**failing** 22:11
**fails** 38:5
**failure** 15:22
19:9 41:16
226:12 316:24
**fair** 24:9 45:1
49:20 61:18
73:16 88:14
97:5 104:8
134:9 174:4
223:17,22
227:13 237:12
246:17 256:15
290:1 303:4
335:23 336:2
**fairly** 8:19
**faith** 144:2,13
146:21 147:5
147:13 148:10
148:16 149:1
149:10,23,23
190:3 227:4,17
**fall** 114:13
187:17
**falls** 90:18
190:25
**false** 272:23,25
**familiar** 15:17
22:19 144:18
144:19 152:6
171:5,11
193:13 213:1

218:10 234:14
238:6 253:5
285:20
**familiarity**
166:25 169:12
**familiarize**
152:9
**far** 44:7 45:25
48:12 50:5
86:19 88:9
119:10 187:3,5
215:23 228:7
244:3 246:23
264:18
**fast** 156:5
**fcpa** 256:1
**feasibility**
270:25
**feasible** 138:24
274:25
**feature** 245:15
271:15 283:25
284:21 285:1
**features** 126:15
265:25
**february** 199:7
235:3 272:12
275:2 279:8,15
279:19 281:22
286:15 297:19
298:3,4 305:11
305:18 309:24
321:11 322:17
322:18 341:2

**federal** 15:18
17:8 19:19
151:2,8,12
167:13,17
169:25 170:3,4
170:7 224:1
226:11 288:3
289:6 291:3
339:25
**fee** 146:7
**feedback** 274:8
274:15 275:9
275:16
**fewer** 267:17
**field** 10:1 23:2
29:6
**fifth** 28:2,9,17
28:23 32:6
163:13
**figure** 166:20
173:14 175:12
300:7
**figured** 63:9
205:17
**file** 192:7
194:15,23
326:17
**filed** 6:17
162:21 163:8
167:1 169:13
179:19 180:1
183:19 297:23
299:7 310:6

**files** 194:13,23
267:19
**final** 311:4
**finally** 9:11
19:12 64:5,6
**financial** 106:8
106:17 282:7
282:15 283:24
**financially** 7:7
338:21
**find** 40:9 45:15
49:9 57:23
74:5 195:14
228:15 234:1
250:21 251:19
252:6 330:19
**finding** 54:10
272:2
**findings** 53:25
55:11 101:24
102:4 198:16
**fine** 213:18
253:19
**finish** 9:9 85:21
**finished** 21:4
95:16
**finra** 106:9,12
282:23 284:22
284:25 285:21
**firm** 4:2 7:3,20
7:24 51:18
59:15 63:20
68:22 69:1

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[firms - form]                                                      Page 28

| | | | |
|---|---|---|---|
| **firms** 31:17 | **focused** 32:5 | **footnote** 43:14 | 26:3,11,23 |
| 61:23 62:4 | 47:18 250:12 | 77:5 79:10 | 27:16,22 28:5 |
| 68:15,19 | **folks** 24:12 | 96:9 115:4,6 | 28:20 29:4 |
| **first** 8:6 17:25 | 50:7 69:10 | 154:19,21,23 | 31:8,14 32:7 |
| 26:5 27:8 51:8 | 91:14 99:8 | 214:16 283:8 | 34:2,21 35:16 |
| 59:23 60:2,4 | 100:23 102:21 | 294:8,10 324:9 | 36:7,17 37:16 |
| 60:16 96:3 | 119:6 126:1,16 | **force** 126:18 | 37:23 39:8 |
| 110:11 166:2 | 127:3 200:15 | 277:1 288:5 | 40:7,19 41:5 |
| 173:10,12 | 216:12 219:7 | 289:1 291:8,12 | 42:6 43:2,8,23 |
| 211:1 240:25 | 219:21 227:17 | **forced** 283:5 | 45:3,13 46:11 |
| 241:8 242:24 | 230:8 251:20 | 303:25 321:10 | 46:20 48:25 |
| 243:3 245:19 | 271:1,5 282:2 | 321:11 | 49:22 53:11 |
| 253:24 257:10 | 326:4 | **forcing** 288:20 | 58:7 61:7 62:6 |
| 276:8 289:21 | **follow** 101:20 | **forecloses** | 67:15 70:11,25 |
| 290:24 293:12 | 101:25 148:11 | 316:25 | 73:18 75:11 |
| 293:18 295:9 | 149:10 | **foregoing** | 78:1 81:21 |
| 298:16 299:2 | **followed** 14:23 | 338:10 342:3 | 83:14 85:12 |
| 299:24 326:14 | 54:25 80:16 | **forensic** 51:5 | 86:22 87:6 |
| **fits** 247:21 | 84:18 86:12 | 51:21 52:6,21 | 88:19 90:25 |
| **five** 30:12 59:6 | 112:22 113:8 | 53:8,23 54:25 | 91:21 94:11,14 |
| 59:7 68:10 | 165:14 229:11 | 55:19 59:25 | 94:21,23 95:8 |
| 149:17 194:1,7 | **following** 23:25 | 60:10,14 | 96:6,21,25 |
| 207:7 321:8,25 | 24:19 69:23 | **forever** 220:14 | 97:10 98:7 |
| 322:14 | 79:9,23 84:25 | 230:25 231:19 | 99:16 101:14 |
| **fixed** 233:11 | 115:14,22 | **forgot** 56:16 | 102:19,25 |
| **fixing** 171:23 | 124:16,18 | 61:12 239:11 | 104:2,21 105:7 |
| 172:13 173:20 | 162:16 182:5 | **forgotten** 56:17 | 105:17 106:15 |
| **flip** 213:24 | 240:24 247:9 | **form** 11:10 | 110:5 111:1 |
| **flipping** 87:3 | 247:12 343:1 | 13:11 15:15 | 116:10 120:4 |
| **focus** 235:8 | **follows** 8:8 | 16:5,23 18:3 | 120:23 121:8 |
| 249:13,24 | 78:12 | 18:17 19:5,17 | 122:10 124:10 |
| 295:23 312:9 | **followup** | 20:11,18 21:3 | 126:6,21 129:5 |
| 324:2 | 300:13 | 21:15 22:3 | 129:25 130:22 |
| | | 23:8 25:4,21 | 131:23 132:14 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[form - general]                                                    Page 29

| | | | |
|---|---|---|---|
| 135:4 136:7 | 234:21 235:19 | 103:12 217:18 | **fulbright**   2:5 |
| 137:16 139:16 | 236:14 237:1 | 217:20 | 3:5,13,19 6:23 |
| 140:9,23 | 239:17 244:2 | **forth**   71:4 | 7:23 68:23 |
| 141:11 142:7 | 250:3,17 | 83:20 84:4 | **full**   19:20 91:22 |
| 144:7,15 | 251:25 258:19 | 258:21 329:17 | 121:5 241:18 |
| 147:23 148:13 | 264:16 270:8 | 337:4 338:14 | 242:24 257:10 |
| 149:15 150:18 | 271:8,12 272:4 | **forthright** | 290:24 293:18 |
| 151:4,10 | 276:2 279:11 | 293:1 296:19 | 293:25 295:21 |
| 152:21 154:17 | 279:17 280:4 | **foul**   255:9 | **fully**   215:18 |
| 155:7 158:3 | 282:20 286:11 | **found**   94:2 | 314:14 315:25 |
| 159:9,20,25 | 287:10 288:8 | 97:22 102:3 | **functionality** |
| 160:14 161:10 | 288:23 296:15 | 140:25 153:13 | 276:12,21 |
| 162:1,24 | 302:20 304:16 | 153:15 159:4 | **further**   9:1 |
| 163:17 164:5 | 306:23 309:8 | 198:14 259:20 | 100:1,21 152:5 |
| 164:15,17 | 311:23 312:7 | **foundation** | 184:16,24 |
| 165:3,11 166:1 | 312:24 313:13 | 34:24 | 257:22 299:16 |
| 166:14 167:4 | 313:24 315:16 | **four**   20:23 | 305:23 337:11 |
| 168:3 170:2,9 | 316:12 320:7 | 254:19,24 | 338:9,15 |
| 170:16,21 | 323:24 326:20 | **fourth**   168:19 | |
| 172:2,21 | 329:11,16 | 219:11 | **g** |
| 174:16 176:8 | 330:4,10 331:3 | **frcp**   168:10 | **g**   8:5,5 |
| 177:15 179:8 | 332:14 333:12 | **frequency** | **gaining**   315:20 |
| 183:1 184:9,19 | 335:7,13 | 200:16 | **gamesmanship** |
| 185:12 186:9 | 336:24 | **freshfields**   4:18 | 296:3,12 |
| 188:20 191:3 | **formal**   204:10 | **freshfields.com** | **gears**   152:1 |
| 191:11 192:12 | **formed**   69:25 | 4:23 | 189:25 193:24 |
| 192:24 197:14 | 329:5 | **friendly**   216:12 | 213:12 287:3 |
| 201:2,5,18 | **forming**   44:24 | **front**   20:3 | **gelardi**   53:16 |
| 205:8 206:23 | 167:21 168:13 | 23:11 102:10 | ████████   91:24 |
| 209:17 210:19 | 238:3 329:22 | 314:12 | 273:6 340:20 |
| 211:17 214:19 | **forms**   36:4 90:3 | **ftc**   93:9,11,20 | **general**   11:24 |
| 220:2 228:2 | 92:15 93:13,22 | 95:1,9 137:19 | 80:10,21 81:8 |
| 230:11 231:4 | 95:5 96:18 | 181:22 182:6 | 84:11 100:5 |
| 231:22 232:20 | 97:15 98:19 | | 104:16 105:1 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | | |
|---|---|---|---|
| 108:19 132:18 | 267:23 268:2 | 184:20 187:22 | 100:11 101:20 |
| 133:12 135:11 | 269:7 319:9 | 189:23 196:4 | 103:8 114:5,16 |
| 176:2 178:17 | **given** 25:14 | 199:25 200:6 | 116:25 125:3 |
| 181:25 182:1 | 37:12 80:14 | 208:6,7 213:23 | 135:25 137:6 |
| 298:17 306:15 | 105:2 120:17 | 217:15,16 | 137:11 141:19 |
| **general's** | 140:15 174:2 | 226:5 227:24 | 149:11 156:5 |
| 299:12 305:13 | 207:6 208:4 | 234:1 235:20 | 165:18 166:3 |
| **generalized** | 209:21 221:1 | 240:18 245:9 | 169:7,18 |
| 94:7 326:3 | 221:12 230:5 | 249:3 251:4 | 177:19 183:3 |
| **generally** 66:20 | 311:12 335:16 | 253:20 254:14 | 183:17 190:12 |
| 76:11 80:3,9 | **gives** 116:21 | 256:21 265:11 | 195:12 200:6 |
| 81:4 83:12 | 192:20 | 269:15 270:1 | 205:14 211:16 |
| 84:7,9 85:8,18 | **giving** 165:6 | 273:13 274:6 | 212:10 213:11 |
| 86:18 105:9 | **gleaned** 319:3 | 285:16 290:14 | 213:13,21,23 |
| 114:14 117:24 | **gleaning** 96:23 | 299:9,16 304:3 | 214:3 217:10 |
| 119:22 148:1 | 154:11 | 304:12,22 | 217:23 222:23 |
| 152:5 267:9 | **glenn** 3:22 | 307:3 318:10 | 230:21 232:13 |
| 330:2 335:21 | **global** 61:16 | 320:23 330:20 | 237:15,23 |
| **georgetown** | **globally** 31:19 | 334:18 335:14 | 240:22 245:7 |
| 10:6,8 | **go** 6:12 8:25 | **goal** 134:15 | 248:7 250:20 |
| **getting** 163:19 | 9:21 15:8 | 232:6 294:20 | 251:8,19 |
| 173:11 | 30:13 43:24 | **goes** 143:4 | 253:18,20 |
| **gibbs** 4:9 7:17 | 51:2 56:8 | 251:7 302:4 | 256:21 267:17 |
| **gibbsbruns.c...** | 59:22 72:15 | **going** 6:2 9:7 | 274:6 275:5 |
| 4:14,16 | 75:12 76:5 | 15:23 19:18,18 | 278:1 280:20 |
| **give** 20:4 33:16 | 77:7 80:19 | 20:1,2,22 | 281:5 282:16 |
| 83:22 91:22 | 92:9 94:25 | 28:12 29:19 | 287:3 288:15 |
| 95:6 119:24 | 95:24 97:11 | 32:15 33:17 | 290:11 291:10 |
| 154:2 171:18 | 112:1 115:11 | 39:19 41:11 | 293:5,16 294:2 |
| 184:17 187:14 | 117:15 121:19 | 49:13 52:10 | 297:16 300:23 |
| 203:3 205:2 | 125:22 134:3 | 56:8 63:5 65:4 | 301:3,8,17 |
| 226:16 245:3 | 145:5 152:5 | 65:9 76:17 | 307:2 312:5 |
| 261:10,12 | 156:4,13 157:6 | 92:23 95:24 | 315:1 319:7 |
| 266:8 267:13 | 161:13,17 | 96:11 99:25 | 323:1 326:14 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[going - governance]**                                          Page 31

| | | | |
|---|---|---|---|
| 326:17 327:24 | 118:1,9,20 | 264:6,20 265:3 | 331:2,6,11 |
| 333:21 | 127:16 139:9 | 265:14 266:1,6 | 332:3,7,12,13 |
| **good**   6:1 8:1 | 140:6 141:1,16 | 266:10 267:10 | 332:16 333:5 |
| 144:2,13 | 152:2 153:23 | 267:15 268:10 | 340:11,22 |
| 146:21 147:5 | 159:22 174:13 | 268:16 269:2,8 | **google's**   14:17 |
| 148:10,16,25 | 175:3,18,19 | 269:11,14 | 15:3 19:9 38:4 |
| 149:10,23,23 | 176:5,10,13 | 270:1,11,18,20 | 38:13,17 40:16 |
| 190:2 203:23 | 178:13 179:6 | 271:4,17,24 | 41:14,18 43:6 |
| 227:4,17 | 179:23 180:11 | 273:16 274:10 | 43:10,21 44:25 |
| 235:22 266:11 | 180:21 181:8 | 274:17,18,18 | 78:13,16 79:13 |
| 281:4 317:11 | 183:6,9,13 | 275:1,20 | 79:15 80:2,8 |
| **google**   1:9 4:8 | 184:12,15 | 276:10,11,13 | 81:2,9 82:11 |
| 6:16 7:17 | 186:18 187:10 | 276:16,18 | 84:6,11 85:7 |
| 11:17 12:13,16 | 187:18 189:10 | 277:5,11,22 | 85:17 86:11,15 |
| 13:8 14:23 | 190:21 194:6 | 278:6 279:4,14 | 88:16 89:15 |
| 15:6,12 16:8 | 196:17,19 | 279:18 280:1,9 | 91:11 109:18 |
| 18:7,20 21:25 | 197:25 198:10 | 281:13,20 | 110:10 126:7 |
| 32:23 33:3,25 | 198:18,19 | 282:6,8,14 | 127:19 155:22 |
| 38:21 39:2,12 | 199:4,5,7 | 283:15,24 | 156:16 177:12 |
| 40:5,11,21 | 201:10,12 | 284:6,16,25 | 190:24 232:23 |
| 42:12,16,23 | 209:12 210:7 | 286:3,7,14,16 | 244:25 245:21 |
| 44:15,16 45:11 | 210:12,15 | 286:19 296:24 | 245:22 246:13 |
| 46:2,3,8,17 | 211:1 212:16 | 297:4 298:13 | 247:20,25 |
| 47:7 76:10 | 216:11 218:23 | 300:3,18,21,21 | 280:14 299:5 |
| 80:15 84:17,25 | 218:24 227:23 | 301:2,21 | 299:10 300:13 |
| 86:3 90:7,12 | 228:9,14 | 302:11 303:6 | 300:17 302:10 |
| 90:13 91:24 | 230:15 231:9 | 306:1,2,20 | 305:14,19 |
| 99:21 100:9,24 | 231:10 232:1 | 310:1 312:25 | 306:21 316:10 |
| 109:20 111:6 | 233:12,13,14 | 313:17,21 | **gotten**   22:10 |
| 111:18 112:7 | 234:4,11,12 | 314:7,20 | 141:21 212:9 |
| 112:14,21 | 235:5 236:13 | 317:23,23 | 222:14 |
| 113:4,8,12,24 | 251:1 260:3 | 318:15,19 | **governance** |
| 115:19 116:16 | 261:15 263:6 | 319:14,23 | 76:9 78:14 |
| 116:20 117:13 | 263:24 264:3,4 | 320:10,15,16 | 79:14,19 81:10 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

## [governance - hearing]

Page 32

| | | | |
|---|---|---|---|
| 84:12 86:2 | 328:5 330:13 | **guidance** 80:14 | **hangout** 299:12 |
| 88:2 89:21 | 338:6 339:2,7 | 80:16 95:10 | 300:14,22 |
| 90:6,12,16 | 339:8,9,11,12 | 96:15 103:6 | 301:7,15,24 |
| 112:20 248:20 | 339:13,14,16 | 109:16,21 | 302:15 |
| 249:5 | 339:18,20,24 | 133:19,21 | **hangouts** 116:3 |
| **governing** 29:8 | 340:1,2,4,7,9 | 134:11 135:11 | 299:21 300:21 |
| 32:21 33:22 | 340:10,13,17 | 137:4,8,9,18,19 | 306:1 |
| **government** | 340:19,21,23 | 146:15,16 | **happen** 272:11 |
| 161:7 171:20 | 341:1,4,5 | 223:9 238:14 | 315:17,23 |
| 176:15 187:1 | 342:6 | 240:2,5 268:25 | **happened** |
| 241:22 | **great** 235:4 | **guide** 134:16 | 98:25 110:3 |
| **governmental** | **greater** 75:5 | **guided** 228:14 | 123:9 182:24 |
| 64:8,12,18 | 333:2 | **guideline** | 230:25 256:10 |
| 327:10 | **greenwich** 4:20 | 253:24 254:15 | 256:16 272:12 |
| **governs** 226:12 | **ground** 247:19 | 257:1 | **happens** 166:8 |
| **grande** 1:16 2:3 | 257:12 258:5 | **guidelines** | 182:18 |
| 6:14 8:10 9:25 | **groundrules** | 243:12 253:21 | **harbor** 227:2 |
| 39:23,24 51:17 | 295:4 | **guys** 327:21 | 227:16 |
| 52:13 58:19,20 | **group** 29:24 | | **hard** 290:4 |
| 59:23 65:12,13 | 52:25 133:18 | **h** | **header** 154:5 |
| 72:22 76:22 | 133:25 145:11 | | **heading** 76:7 |
| 78:19 79:4 | 145:12,14,15 | **h** 107:3 339:6 | 153:19 317:16 |
| 114:10,19 | 145:18,19,24 | **hacked** 222:13 | 323:8 |
| 144:25 156:10 | 205:5 230:6 | **halfway** 219:13 | **healthcare** |
| 167:12 177:25 | 269:21 278:20 | **hand** 39:19 | 107:1 |
| 195:16,17 | 322:14 325:18 | 65:9 114:16 | **hear** 17:2 60:15 |
| 214:5 219:2 | **groups** 133:23 | 184:1 224:12 | 85:9 105:15 |
| 223:3 224:14 | 228:24 252:20 | 237:16 297:16 | 201:23 270:9 |
| 224:16 234:3 | 270:9 283:1,1 | 315:20 | 276:23 |
| 237:17 249:23 | **growing** 241:11 | **handed** 146:19 | **heard** 11:16 |
| 259:10 273:5 | **growth** 249:10 | 234:9 237:22 | 200:10,14 |
| 280:25 283:14 | **guess** 202:23 | **handing** 20:8 | 337:2 |
| 289:10 297:18 | 288:24 290:21 | 167:18 273:9 | **hearing** 37:14 |
| 302:2 305:3,4 | | 289:8 | 44:12 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[held - hold]                                              Page 33

| | | | |
|---|---|---|---|
| **held**   2:4 28:25 | 103:25 104:10 | 303:25 304:7 | 116:7 117:6,15 |
| 316:23 | 107:21 108:5,9 | 309:21 321:11 | 118:3,11,13,22 |
| **help**   21:1,12 | 108:11 113:10 | 323:13,14 | 119:7,24 |
| 50:7 134:16 | 116:2 117:19 | 324:6,22 | 120:25 122:4,8 |
| 163:14 181:11 | 119:2 126:10 | 325:12,23 | 122:16,17,23 |
| 218:21 228:3 | 126:18 139:13 | 326:5 333:7,14 | 123:1,7,17 |
| 243:13 245:2 | 140:4,5,10,20 | 333:20 334:9 | 124:2 125:12 |
| 278:8 | 141:3 143:1 | 334:13,17 | 126:4,12 127:4 |
| **helpful**   216:6 | 195:5 196:20 | **hit**   216:22 | 127:22 128:8 |
| 240:18 | 198:2,10,19 | 260:14 322:8 | 129:11 130:9 |
| **helping**   235:8 | 199:6,9,16,18 | **hochstetler** | 130:11 131:15 |
| **hereinbefore** | 199:20,25 | 72:8 78:18 | 135:22 136:3 |
| 338:14 | 200:20 201:4 | 79:12 158:17 | 136:14 137:22 |
| **hesitant**   148:15 | 201:13 202:12 | 158:24 194:19 | 137:22 138:1,3 |
| 148:15 | 205:22 210:13 | 195:2 197:5,19 | 138:11,18 |
| **hey**   109:25 | 219:22 229:10 | 199:3 205:12 | 139:12 141:18 |
| 251:20 285:1 | 232:24 233:3,6 | 205:16 207:6 | 142:2,16 |
| 312:4 | 233:10 245:23 | 207:15,20 | 143:10,21 |
| **hicks**   4:22 | 246:2,14 259:4 | 208:14,21 | 144:5 148:11 |
| **high**   322:5 | 260:4,11,17,20 | 320:14 322:16 | 149:2,12,13,22 |
| **highly**   1:13 | 260:21 261:4,5 | **hochstetler's** | 157:2,21 161:4 |
| 298:22,23 | 261:21,25 | 158:21 196:24 | 173:2,4,23 |
| **hindsight** | 262:7,8,11,12 | 197:8,22 198:8 | 175:7 183:23 |
| 166:24 169:11 | 262:14,15,17 | 200:10 201:8 | 184:6 185:10 |
| **hipaa**   107:3 | 264:8,9 265:7 | 202:4 212:20 | 185:19 186:4 |
| **hire**   109:20 | 269:17,22 | 318:12 320:13 | 186:15 193:10 |
| **hired**   11:23 | 270:4 271:7 | **hold**   22:25 29:5 | 196:17 198:1 |
| 12:3,9 15:10 | 272:3 275:12 | 35:19 50:13,20 | 204:12,14,20 |
| 26:6 109:24 | 276:25 277:1,9 | 83:3 99:9,11 | 206:1 219:8,15 |
| 158:15 204:22 | 281:20 282:9 | 99:21 100:11 | 219:16 220:13 |
| 205:2 206:5 | 282:10,18 | 101:19 103:13 | 220:24 233:6 |
| **history**   35:23 | 283:5 284:14 | 112:23 114:12 | 253:11 257:14 |
| 39:13 42:17,18 | 285:3 286:9 | 114:20,25 | 257:19 258:13 |
| 82:15 83:5,7,8 | 303:14,15,22 | 115:13,16 | 265:5 266:7,22 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

271:6 272:1
273:18 274:23
275:11 276:22
281:21 286:8
301:14,17,22
302:6,11
308:11,18,21
309:10 332:23
339:19
**holding** 25:7
**holds** 50:8,14
100:20,23
101:6 102:23
117:25 119:17
121:6,15 126:9
128:22 144:21
145:2 146:23
148:24 153:25
154:14 155:5
155:11,18,22
156:9,16,22
157:10,18,21
159:6,13,19,22
160:4,21
163:23 180:22
181:9 185:22
216:10,13
267:12 299:13
339:22
**homestretch**
281:1
**hope** 134:24
**hopefully** 328:6

**hot** 171:23,25
172:6,13,18
173:19 216:7
**hour** 9:3,5 63:5
112:3 166:2,4
213:13 278:1
281:2
**hours** 71:8,12
199:24 262:7
271:18 272:16
332:1 334:18
**houston** 4:3,4
4:12
**hubbard** 61:25
**hughes** 61:25
**hum** 202:19
203:9 273:14
319:10
**hundreds**
198:25 207:21
208:15 271:18
272:16
**hypo** 172:9
**hypothetical**
171:18 172:3
172:15,23,23
173:2

i

**icon** 260:19
262:3
**icons** 263:15
**idea** 229:10
244:7 300:1

**identification**
40:1 52:16
58:22 65:15
76:25 114:22
145:4 167:15
195:19 214:9
224:18 234:7
237:21 249:16
250:14 259:13
273:8 283:17
289:13 297:21
305:7
**identity** 247:3
**ig** 249:5 251:9
254:19
**ignatius** 1:16
2:2 6:14 39:24
58:20 65:13
195:17 224:16
305:4 338:6
339:2,8,12,14
340:2,9 341:5
342:6
**image** 55:1
259:7,10,15
340:17
**imaged** 53:17
54:22
**ime** 52:14
53:16 339:10
**immediately**
308:25
**impact** 99:12
254:24 323:15

**implement**
180:21 181:8
**implementati...**
163:23 252:14
**implemented**
161:4 229:12
**implementing**
286:17
**implicate** 87:22
88:12
**implications**
274:9 275:23
**important**
24:17 166:23
169:10 279:25
287:6,13,17,23
295:13 296:24
311:17
**impose** 15:21
226:17
**imposes** 17:24
**impossible**
123:7,16 142:1
142:15 143:9
143:20 151:18
151:20 199:18
**improper** 16:16
164:25 165:4
230:23 255:4
255:18
**improperly**
314:22
**inability** 271:7

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[inaccurate - information]                                    Page 35

| | | | |
|---|---|---|---|
| **inaccurate**  68:8 | **incomplete** | 334:12 335:19 | **inference**  47:1 |
| **inadequate** | 318:17 319:18 | **industries** | 226:16 235:16 |
| 317:1 | 320:18 | 83:18 105:21 | **infinite**  211:11 |
| **inadvertent** | **incorporated** | 105:24 106:4,7 | **infinity**  183:12 |
| 218:21 | 207:10 | 107:15 132:19 | 184:7 |
| **inadvertently** | **incorrect**  76:12 | **industry**  16:9 | **inform**  27:19 |
| 261:25 | 112:10 154:1 | 17:1,5 23:23 | **information** |
| **inclined**  242:1 | 320:14 323:16 | 35:2 36:19 | 15:24 25:8 |
| 255:3 | 324:24 | 37:10 83:12 | 33:10 44:14 |
| **include**  23:24 | **incredibly** | 84:8 85:9,19 | 49:3 55:9 76:8 |
| 33:10 70:15 | 262:4 | 89:17 93:6 | 78:14 79:13,18 |
| 124:13 134:7 | **indefinitely** | 94:2,18,20 | 81:10 84:12 |
| 136:19 157:22 | 209:16 309:12 | 96:14,23 97:7 | 86:2 88:2 |
| 176:21 194:10 | **indicate**  97:13 | 103:24 105:9 | 89:21 90:6,11 |
| 244:11 273:18 | **indicated** | 105:12,14,19 | 90:16 95:20 |
| **included**  122:4 | 198:24 303:13 | 105:23 106:6,9 | 103:12 112:19 |
| 153:3 158:9 | 304:7 | 107:2,11,17,24 | 121:1 141:14 |
| 170:24 196:13 | **indicates**  40:24 | 108:8,14 | 147:21 148:6 |
| **includes**  42:16 | 84:17 157:1 | 110:15 124:7 | 166:10,12,19 |
| 42:20 168:4 | **indicating** | 124:12 127:12 | 168:21 173:3 |
| 243:2 300:20 | 306:24 | 128:4 132:15 | 173:12 179:24 |
| **including**  40:8 | **indication** | 134:7 135:12 | 180:10,14 |
| 45:14 73:6 | 282:25 | 138:14,16,21 | 186:10 191:9 |
| 94:3 109:2 | **indicative** | 141:24 142:13 | 191:14 200:3 |
| 120:18 124:15 | 147:12 | 143:7 144:11 | 201:6 206:3 |
| 125:7 127:21 | **indicator** | 146:17 150:1 | 207:4,6 208:22 |
| 137:18 155:9 | 261:21 | 171:17 207:17 | 209:19 210:10 |
| 159:11 198:7 | **indicators** | 207:18 208:11 | 222:14 227:4 |
| 198:24 201:7 | 263:23 | 208:12,18 | 233:20 235:7 |
| 242:14 247:1 | **individual** | 209:14 237:18 | 236:24 237:10 |
| 254:7 287:1 | 147:4,10 | 238:2 279:5 | 242:5 248:20 |
| 288:18 301:23 | 148:20 260:23 | 327:2 340:14 | 249:4 251:12 |
| 302:14 310:19 | 262:13,16 | **inevitably** | 251:13 257:16 |
| 336:19 | 333:1,16 334:8 | 215:19 | 264:17 266:12 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

266:14 277:12
291:5 293:1
297:5 317:2
**information's**
236:5,9
**informed** 28:22
35:1,6 103:2
215:18 257:5
282:6 283:24
284:13
**informing**
284:17
**informs** 27:18
149:12 165:12
**inherent**
296:18
**inhouse** 59:18
220:6 223:11
225:18
**inline** 88:16
**inquiries** 183:7
183:19
**inquiry** 161:7
183:6
**inside** 242:5
275:20
**inspection**
242:10
**instance** 85:22
121:11 133:4
190:8,16 246:6
296:25
**instances** 22:15

**instant** 81:21
95:3 98:24
104:11 109:10
109:15 110:1
111:14 122:15
122:22 123:8
123:24 131:14
135:22 137:20
212:8 218:22
306:2 307:4
331:1,9
**institutions**
106:18
**instruct** 235:17
**instructed**
46:25 99:9
122:25 139:10
333:6
**instructing**
139:3 192:9
251:20
**instruction**
106:23 149:12
219:5 226:17
252:6 301:23
303:18 308:16
**instructions**
50:13 84:18
85:1 100:23
101:19 102:1
102:22 113:9
119:9 123:4
139:20 148:11
149:22 156:8

216:18 228:23
**instructs**
301:21
**intend** 329:8,12
**intended** 33:3
70:20 225:16
247:15 291:24
328:20,24
**intending**
334:9
**intent** 38:23
40:17 41:15,18
41:22,23
170:14 231:20
236:4 311:20
**intentional**
41:25
**interest** 245:8
**interested** 7:7
338:21
**interests**
254:25
**interface**
304:14,23
**internal** 228:9
264:20 267:16
283:14 284:2,5
284:20 293:2
300:20 340:21
**internally**
126:13 264:14
271:17 272:7
275:1 318:14
319:15 320:11

320:15
**internet's**
266:11,12
**interplay**
254:23
**interpretation**
159:12 236:16
**interview** 146:4
**introduction**
240:17,19
244:9,11
**introductions**
241:8
**investigated**
273:25
**investigates**
187:1
**investigating**
187:2
**investigation**
27:13 42:25
99:2 100:3,25
171:20 172:12
173:21 177:8
181:22 182:6
182:18 185:14
186:2 271:22
**investigations**
39:4 40:6
45:12 93:15
175:25 176:5
176:15 179:12
180:17 181:13
181:14,19

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[investigations - key]                                              Page 37

| | | item  325:21 | justice  240:7 |
|---|---|---|---|
| 182:3,11,12,25 | 35:13,23 55:9 | **j** | **k** |
| 183:18 188:9 | 148:2 160:20 | | |
| 188:16,17 | 164:23 188:13 | **j**  319:7 342:1 | **k**  51:10 174:12 |
| 189:1 214:18 | 209:10 211:1 | **jacinto**  3:20 | 188:24 189:4,8 |
| **investigative** | 220:19 222:4 | **jaffe**  5:4 | **keep**  20:22 |
| 100:4 179:20 | 233:12 242:21 | **james**  3:8 | 23:17,18,23 |
| 179:22 180:6 | 294:23 296:21 | **james.renard** | 59:2 119:25 |
| 183:21 299:6 | 329:8 | 3:9 | 120:1 129:10 |
| **involve**  49:2 | **issued**  13:18 | **jim**  7:21 | 164:21 178:13 |
| 54:1 55:14 | 36:1 89:7 95:9 | **job**  1:24 46:7 | 192:9 193:7 |
| 121:25 188:25 | 99:21 100:4,9 | 46:16,23 47:4 | 211:9,16 |
| 314:1 | 114:13 138:9 | 54:21 | 213:20 217:8 |
| **involved**  25:10 | 145:7,15 | **johns**  30:5,8,13 | 230:8 237:7,7 |
| 25:13 48:13 | 159:22 164:2 | 65:24,24 68:2 | 249:4 255:15 |
| 55:3 57:17 | 180:6 189:16 | 68:6 | 301:13 308:9 |
| 64:23 69:3 | 238:10 239:25 | **jonathan**  5:4 | 330:19 |
| 82:23 98:23 | 240:9 244:8 | **jordan**  36:14 | **keeping**  24:19 |
| 99:2 104:6 | 292:18 | **judge**  31:13,22 | 139:5 209:14 |
| 110:7,22 | **issues**  24:1 34:6 | 31:23 32:22 | 212:10 229:10 |
| 121:14 127:14 | 47:11 64:13,14 | 33:24 36:14,15 | 231:17 332:17 |
| 146:9 166:16 | 132:1 133:22 | 135:9 | **keeps**  132:21 |
| 177:5 179:11 | 133:23 140:4 | **judges**  133:4 | **keller**  69:5 |
| 185:15 300:4 | 152:15 178:17 | 134:25 135:15 | **kent**  43:17 44:7 |
| **involves**  299:4 | 183:14,20 | 241:22 | 214:6,11 |
| 314:19 | 188:10 198:13 | **judgment** | 330:15 340:5 |
| **involving**  189:1 | 206:16 216:21 | 79:16 | **kept**  38:7,15 |
| 189:11 216:11 | 220:18 288:6 | **judicial**  133:5 | 107:7 179:6 |
| 287:6,18 | 288:21 291:8 | **judiciary**  170:4 | 185:22 210:7 |
| **irrelevant** | 292:25 314:10 | **jump**  241:17 | 220:14,23 |
| 235:11 326:6 | 315:25 316:17 | **jumping**  257:8 | 301:7,10 |
| **ish**  110:21 | 316:24 317:1 | **juncture**  25:10 | 331:25 |
| **isolate**  286:7 | **issuing**  165:5 | **jury**  46:24 47:5 | **key**  254:1,4 |
| **issue**  21:19,22 | 240:5 | 235:17 | 257:15 318:12 |
| 27:14 34:12 | | | |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[key - larger]                                                    Page 38

| | | | |
|---|---|---|---|
| 321:3,17 | 69:10 77:8 | 212:18,19,22 | **known**   49:19 |
| 322:21 | 78:16 80:12 | 212:25 219:20 | 180:18 227:1 |
| **kind**   89:20 | 86:5 87:7 | 220:16,20 | 333:2 |
| 102:16 131:2 | 89:19 90:4 | 223:16 225:20 | **knows**   162:18 |
| 151:17 173:15 | 93:2,24 97:14 | 226:8 229:4,9 | 163:6 |
| 194:14 206:6 | 101:20,22 | 229:12 230:1 | |
| 227:25 251:22 | 106:17 108:11 | 233:7 235:22 | **l** |
| 252:9 260:14 | 112:18 113:11 | 238:15 240:13 | |
| 274:8 284:10 | 118:13 119:8 | 245:2 247:16 | **l**   51:10 |
| 307:21 | 124:14 127:1,7 | 256:18 262:3,5 | **lack**   79:17 |
| **kinds**   39:5 76:8 | 127:10,12,15 | 263:14,21,22 | **laid**   111:14 |
| 77:17 79:18 | 127:20 128:2 | 264:3,7,11,12 | **language**   39:1 |
| 86:2 90:15,18 | 130:3 131:9 | 264:18,20,22 | 40:23 95:22 |
| 119:25 120:1 | 132:17 136:11 | 265:7 266:13 | 97:21 100:15 |
| 161:23 162:9 | 139:25 141:14 | 274:21 278:18 | 100:18 101:2 |
| 172:24 173:16 | 142:21 146:2 | 286:14 289:3 | 116:7,13 |
| 173:18 187:11 | 150:1,24 | 290:11 296:17 | 118:23 119:23 |
| 213:7 252:21 | 153:14,15 | 296:25 298:11 | 121:5 139:8 |
| 297:2 | 156:1,3,25 | 302:22 303:16 | 149:3 157:23 |
| **knew**   13:25 | 160:2,2,5,6,20 | 310:18,25 | 260:12 288:25 |
| 14:5 | 161:14 162:19 | 311:3,6 312:11 | 291:15 303:3 |
| **know**   9:5,14 | 163:6 164:18 | 314:2 319:12 | 312:11,17 |
| 21:17 23:13 | 164:23 167:5,7 | 319:13,14,20 | 313:15 318:23 |
| 27:24 28:13 | 173:6,8 178:20 | 322:2,4 324:20 | **lanier**   4:2 7:24 |
| 33:8,9,19 34:5 | 178:21 179:13 | 324:23 325:7 | 69:1 |
| 34:10,10,24 | 180:2,20 181:7 | 327:12 333:24 | **lanierlawfirm...** |
| 35:2,20 36:21 | 181:10,18,23 | 334:19,20 | 4:6 |
| 36:23 37:1,2,5 | 182:1,3 183:4 | 336:12,14 | **large**   191:19 |
| 40:20,22 42:1 | 183:7 185:16 | **knowing**   167:6 | 196:2 228:24 |
| 45:5,8 48:11 | 185:17,19 | 300:9 | 230:6 231:10 |
| 49:2,11 50:3 | 186:24 188:2,8 | **knowledge** | 252:19 261:24 |
| 50:15 52:7 | 198:16,21 | 117:23 182:2 | 263:10 279:3 |
| 54:7,9 55:3,6 | 200:8 206:8,14 | 196:12 | 322:7 |
| 57:17 68:17 | 207:1 208:24 | | **larger**   205:5,6 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

late   175:15
178:20 211:4
law   4:2 7:24
8:7,14,16 10:4
10:8,11,16,20
10:25 17:20
23:18,25 24:20
27:14,17 28:2
28:17,23 29:1
29:7,9 30:5,8
31:5,11,16,17
32:21 33:11,22
34:19 35:1,7
35:13,22,25
36:5,12 37:13
48:22 59:15
61:23 65:24,25
66:16 68:15,22
69:1 70:8
131:7 132:8,11
132:22 133:10
134:22 135:9
137:7 138:15
165:9,12,22
212:5 216:4
238:24 241:25
243:4 292:8,14
326:15
laws   13:23
lawsuit   11:18
11:19 68:17
152:6 180:1
194:1 212:5,24
236:13 315:1

326:16,18
lawyer   11:3,7
15:9 32:16
59:14 63:20
67:6,19,20
110:19 158:1
165:8
lawyer's   67:10
lawyerly
216:12
lawyers   15:11
66:6,9,21,23
69:9 135:15,16
lay   322:13
lead   51:20
316:19
leading   111:9
135:14 183:8
306:6
learned   152:15
199:22
leave   77:12
312:5
leaving   83:4,7
led   242:20,25
261:22
left   42:18 178:1
278:4 281:2
323:5
legal   5:3 7:1,4
16:6,14 17:6,9
27:24 37:20,24
47:11 54:3
71:20 113:23

114:20,25
115:13,15
117:6 125:12
130:19,20,24
131:1,7,21,25
132:1,6 136:14
137:22,22
159:23 163:19
163:23,25
164:7,11,23
165:5 180:22
215:14 216:1
216:10 224:15
225:10,12
248:23 253:2,9
254:25 257:14
273:18 301:14
301:16,21
302:6,11
308:11,21
309:10 326:15
329:9,13
332:19 339:19
340:8
length   310:19
letter   297:18
298:4,16,21
299:4,10 305:2
305:10,12,21
306:7,13
309:24,25
341:1
letters   332:23

level   239:14
liberty   128:13
license   10:15
338:25
licensed   10:11
lifecycle   249:13
252:15
lifted   120:21
185:19
light   315:13
334:4
likely   92:14
93:12,21,23
94:10 95:4
96:17 97:14,16
98:19 99:13
103:11 196:18
198:1 201:11
321:1,16 322:2
likewise   251:8
limit   84:14
325:21
limitations
220:17 221:4
limited   166:10
166:19 168:21
198:7 221:3,15
221:19
limiting   252:15
254:10
limits   295:22
line   169:1
273:15 343:2

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[lines - long]                                                          Page 40

**lines**  89:15
116:8 160:10
**linkedin**  58:17
58:19,24 67:4
339:11
**list**  73:20 74:5
74:8,10,12,13
74:24 75:1,20
75:22 88:11
89:24 129:6
153:11,24
174:19 189:3
213:10
**listed**  52:4
56:16 57:1
58:14 61:23
74:1 75:13
115:19 117:1
175:2 178:23
180:23 324:18
336:19,21
**listen**  165:19
**lit**  118:11,13
181:8 206:1
216:13
**literally**  96:15
291:17
**litigant**  33:23
304:10,11
**litigant's**  33:22
**litigation**  27:12
32:15 34:8
35:18 36:21
40:8 45:14

47:23 50:8,20
67:7 83:2
92:15 93:12,16
93:21 94:11
95:4 96:18
99:1,9,21
100:10,20
101:19 112:23
114:11 116:7
117:15,25
118:3 119:16
119:24 120:25
121:6 122:2,4
122:16,23
124:2 126:9,11
127:22 128:22
130:9,11
135:22 136:3
136:25 138:3
141:17 143:10
143:20 144:4
144:20 145:2
148:11,24
149:2,11
153:25 154:14
155:10 156:9
157:2,18 159:6
159:13,21
160:4,21 161:4
161:6 163:13
166:11 168:22
173:2,4,23
174:14 175:3,7
175:20,20

177:7 179:14
179:15,17
182:4 183:22
183:23 184:16
184:25 185:18
185:18,21,21
186:3,19 188:5
193:10,22
196:17 201:10
215:20 216:10
218:3 219:8,15
220:13,24
233:5 236:9,11
236:17 242:3
253:11 265:5
266:22 267:12
271:6 272:1
274:23 275:11
276:22 281:21
286:7 292:23
293:24 294:23
296:1 304:20
310:8,12 316:4
316:20 325:14
327:10 332:23
339:22
**litigations**
176:14 183:8
189:1 269:6
313:3
**little**  28:13,14
110:20 142:18
166:3 167:8
189:24 231:13

237:13 281:2
285:19 287:15
288:16 325:24
**live**  7:12 18:14
27:3 32:1 48:4
**llc**  1:9 4:8 6:16
**llp**  2:5 3:5,13
3:19 4:9,18
**local**  288:12
**locally**  278:5
278:16,19
**located**  6:23
31:17,20
**location**  6:21
86:24
**log**  178:24
211:4 212:7,7
212:10 321:9
321:24
**logged**  268:11
268:13
**login**  268:14
**logs**  193:25
202:17 203:14
203:22 209:15
209:18 210:17
211:10,14,19
212:1,16,19,22
213:7,8 247:4
247:6
**long**  75:20 87:7
162:25 185:22
209:25 232:14
245:23 258:3

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[long - make]**                                                    Page 41

263:19 270:8
297:3
**longer**  209:23
210:1,7,8
212:11 253:13
257:23 259:23
308:7 332:1
**look**  20:20
29:19 39:18
43:19 52:23
56:6 59:10
65:20 73:19
79:23 85:4
88:21 95:21
115:3 116:14
124:7 136:11
154:7 155:2
168:15 174:5
188:23 189:15
203:1 225:11
240:14,16
248:8 259:6
275:5 277:20
283:7,9 285:12
290:16,22
294:10 298:15
304:13 305:17
317:16
**looked**  44:4
73:15 110:10
113:1 199:11
199:12 214:2
228:5 281:10
285:15 305:12

322:16
**looking**  73:22
74:23,25 85:14
87:8 92:11
101:23 102:11
113:20 133:11
145:7 153:21
155:16 171:12
188:1 247:8
251:16 281:6
281:18 294:8
299:2 305:20
331:7
**looks**  263:25
285:20 304:14
304:23
████    91:24
271:22 273:6
274:14 275:8
275:15 340:20
████    270:19
272:9 273:3
**lose**  247:19
333:21
**losing**  243:22
**loss**  14:11
226:18
**lost**  13:3,5 19:1
19:8,14 20:7
20:15 37:7
199:20 217:24
227:3 236:24
237:10 273:10
309:22

**lot**  142:8
165:12 173:3,9
206:13 267:17
303:25 325:24
**louis**  59:19
61:13
**louisiana**  4:10
**lunch**  177:21
201:15
**lynch**  32:13

**m**

**m**  338:2,24
**madaras**  3:16
**made**  36:4
75:22 93:15
98:4 111:18
139:19,21
140:5 152:23
171:10 197:9
207:7 208:21
230:24 250:25
256:18 265:22
276:6,6 279:8
279:14,19,22
280:9 282:1
310:1 336:12
**main**  327:18
**maintain**
266:14
**maintained**
209:23 247:7
293:21 307:15
327:15

**maintaining**
332:16
**make**  9:12
13:12 16:6,11
16:14 33:6
35:8 41:10
46:13 56:13
58:3 66:10,22
78:24 93:17
95:17 102:16
102:20 115:25
117:16 119:2
123:6,15
126:18 141:25
142:14 143:8
143:19 157:13
157:14 160:24
173:17 174:23
178:8 188:15
193:1,2 205:14
206:25 218:23
219:17,21
220:7 221:12
222:1 223:19
240:23 247:18
251:21,21
252:7,9 257:4
258:7 259:24
260:19 267:2
272:7 275:1
278:10,11
279:7 280:11
281:17 302:13
303:1 315:19

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[make - meaning]

Page 42

343:1
**makes** 14:17
74:3 84:11
160:7 183:1
280:14
**making** 34:3
131:7 150:2
160:19 221:1
250:23 268:7
275:24 336:11
**malkiewicz**
70:5 76:7,15
76:20,23 79:22
81:1 83:9,15
84:3 86:15
87:13 88:8,15
92:6 112:12
156:15 157:14
159:2,20 262:6
317:22 318:2
318:18 321:13
323:10,21
324:5,25
334:16 339:17
**malkiewicz's**
71:24 76:18
77:3,8,10 79:5
80:1,7 85:5
87:4 88:22
91:13 112:17
113:3 153:19
154:11,20
155:8 156:6
157:8 158:7

159:10 160:1
178:4 199:23
310:24 326:12
336:5,7,22
**manage** 249:12
**manageable**
223:21
**management**
89:2,12 249:20
**manner** 12:19
131:11 227:19
253:13
**manners**
314:20
**marisa** 3:16
**marisa.bonap...**
3:17
**mark** 52:11
58:16 76:17
144:23 167:9
195:12 214:3
237:15 259:8
308:11,17
**marked** 39:20
39:25 42:18
52:15 58:17,21
65:14 76:24
114:17,21
145:3 167:14
195:18 214:8
224:17 234:6
234:10 237:20
259:12 273:7
283:13,16

289:8,12
297:20 305:6,9
307:10,15
309:11 330:15
**marketing**
67:13,22
**marking** 65:10
224:13 297:17
**marks** 309:10
**marrazzo** 5:3
6:25
**mass** 227:22,23
**massive** 249:10
**material**
298:24
**materials** 35:5
72:19,25 73:10
74:13 237:15
301:22 302:14
303:2 311:13
**matter** 6:15
12:20 32:14
54:9 55:22
70:1 107:10,23
108:7 122:2
127:6 128:8
129:11 142:2
142:16 161:22
162:8 184:1
216:24 257:19
258:13
**matters** 35:24
37:4 60:1,10
60:24 99:10

100:25 181:25
216:11 218:3
219:16 325:14
326:6 332:20
337:4
**maureen** 2:7
7:3 78:24
338:2,24
**mean** 35:25
41:6 45:23
48:11 55:25
57:2,6 60:5
63:2 64:17
72:2 75:23
91:16 106:13
111:25 118:23
119:13 122:2
124:11 136:10
141:12,12
152:22 171:24
186:22 188:14
194:18 197:4
202:23,25
220:12 228:18
233:3 236:12
269:7 288:13
295:20 302:24
313:1 314:16
319:11 325:5
325:20 331:24
334:5 336:6
337:3
**meaning**
101:22 268:13

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[meaning - metadata]                                                    Page 43

294:22
**meaningful**
235:9
**means** 14:11
70:8,13 92:4
108:10,11
117:18 219:21
219:23 249:9
255:4 278:4,18
326:5 327:17
**meant** 60:6,24
61:1 73:3
263:16 281:25
302:22 309:5
323:13 324:7
336:7
**measures**
148:23
**mechanisms**
314:17
**media** 66:6
**medication**
201:14
**meet** 287:12,24
288:11 289:2,6
311:1
**meeting** 252:18
304:20
**member** 145:11
145:24 146:3,7
**members**
146:16 170:5
**memo** 215:3
223:23 330:15

330:21,24
331:10,12,15
332:2,6,15
**mention** 53:3
81:12 87:23,25
88:10 127:19
145:10 244:12
324:23
**mentioned**
36:24 51:4
61:24 107:14
115:24 130:18
183:9 207:25
219:19 233:7
254:8 258:24
262:1 276:15
303:20 309:17
**mentions** 88:6
255:25 300:11
**mere** 255:9
**merely** 41:7
**meritorious**
242:13
**merits** 292:24
296:13 315:13
**merrill** 32:13
**message** 82:21
97:24 119:3
127:6 128:7
138:12 142:2
142:16 202:18
246:3,8,10,13
246:15 247:2
247:13 265:4

297:1 302:1,1
303:14,16,18
303:19 309:5
334:14
**messages** 14:24
18:9,22 38:6
38:14,22 39:6
41:2 71:5
81:12,21,24
92:14 93:11,20
95:2,11 98:24
103:11 107:22
108:6 109:16
116:1 124:1
125:14,20
127:24 137:24
138:6,19
158:22 195:6
196:19 198:2
198:19 201:12
204:23 205:18
205:21 212:9
218:22 233:22
235:9,11
246:25 260:23
261:9 274:24
296:23 300:15
300:22 301:2
304:1 305:24
306:1,2 307:4
307:4,9 309:13
321:10 323:10
333:1,23,23,25
335:19

**messaging**
81:22 95:3
104:12 108:23
109:11 110:2
111:15 115:14
122:15,22
123:8,25
124:24 125:8
130:4 131:14
135:22 136:9
136:20 137:20
137:21 139:4
141:23 203:24
212:8 237:20
238:8 240:3,8
241:1,12 242:2
242:12 243:6
243:18,23,24
244:6,15 245:1
245:12,17
247:14 248:12
248:14 249:18
252:5,14 254:1
254:18,23
255:4,10,14,17
256:5,13 257:7
257:13 258:15
300:20 304:24
331:1,9 340:16
**met** 16:3,21
**meta** 321:9
**metadata**
193:25 194:6,8
194:10,12,14

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[metadata - najam]                                                          Page 44

210:17 211:9
211:10 212:1,7
213:7 247:1
322:15
**method** 137:24
185:10
**methodologies**
147:18 148:3
**methodology**
185:6 198:14
329:22 330:1,6
330:10
**metropolitan**
32:2
**michael** 76:23
339:17
**microphones**
6:6
**microsoft**
127:22 128:4
128:18,20
**middle** 199:21
257:12 258:4
284:3 334:22
**midst** 332:18
**millions** 196:18
198:1,17,18
201:3,11
202:12 217:12
218:2 260:23
261:8
**mind** 118:12
184:7 230:8

**minds** 239:12
239:19,21
**minimization**
254:7
**minute** 20:22
32:18 158:6
320:4
**minutes** 87:2,3
87:9 113:21
171:2 213:17
323:5 328:6
**miracle** 51:9
**mirakl** 51:11
51:12 53:9
54:19,21,22
**misconstrued**
215:14
**misheard** 23:15
**misleading**
66:11,24 67:23
303:8 304:6
318:16 319:17
320:9,17
**misleadingly**
67:11
**mispronounc...**
223:4
**misreading**
42:4
**misreporting**
274:14
**misrepresenti...**
275:16

**missing** 206:12
284:15 335:19
**moderated**
57:10
**modified**
234:24 235:1,2
**monopolizati...**
186:21 187:7
189:5
**monopoly**
178:18 180:13
184:13 185:2,3
**months** 59:6
**morning** 6:1
**motion** 14:2
26:1,20 195:23
297:25
**motions** 25:1
**motive** 38:4,13
39:14 41:15,19
41:22,25 43:6
43:10,21 44:25
231:2
**motives** 38:17
**movant** 17:25
19:13 20:13
**move** 103:9
161:21 200:3
234:8 243:10
246:21 248:7
252:23 320:5
320:22 323:1
**moved** 10:24
120:11

**multidistrict**
310:8
**mute** 6:8

**n**

**n** 3:1 4:1 5:1
8:5,5 106:10
339:1
**najam** 4:13
7:16,16 8:9
21:4,7 33:13
34:13 37:8
52:10 63:8
65:1 66:18
82:8 94:24
103:7 110:16
111:11,19
112:4,24 114:2
119:19 120:7
133:7 134:1
141:4 142:8
144:23 155:14
164:16 165:16
166:7 167:9
177:16 178:25
182:7 184:2
185:4,24
202:25 207:11
208:8 209:3
213:11,20
229:14 233:23
243:9 250:8
253:14 262:23
266:15 267:20

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

275:3 278:2
280:17 286:24
306:8 316:5
317:9,13
320:21 322:10
327:16 329:11
330:4 331:3
333:11 334:2
335:7,13
336:24 337:11
339:3
**name**  6:25
25:16,23 30:24
52:4 68:18
93:5 122:1
128:5 129:2,8
212:4 213:5
223:4 270:16
286:17
**named**  52:8
**names**  128:14
128:17 129:15
299:20
**narrow**  67:10
**nature**  199:15
203:19 325:13
**near**  315:1
**necessarily**
25:8 260:12
261:3
**necessary**
293:24
**need**  9:4,13
68:18 103:16

113:22 117:13
117:15 120:1
138:22 141:8
161:13 172:4
172:15 173:5,6
186:10 207:2
221:14 228:3
234:1 240:1
245:2 256:12
295:10,25
314:13 315:2
**needed**  146:6
**needs**  137:21
138:25 173:15
173:17 293:21
**negatives**  44:21
**negotiations**
310:21
**neither**  338:16
338:19
**neutral**  51:5,13
51:18 52:6,20
53:8 55:19
59:25 60:9,13
60:23
**never**  31:9
63:25 108:12
123:12 143:4
159:5 193:3
**new**  2:6,6 4:21
4:21 6:24
10:14 31:20
32:1 52:20
70:23 171:9

227:11 237:24
274:9 285:1
310:8
**nfe**  51:25 53:14
54:21 56:1
60:23
**nice**  58:1
**nod**  78:8
**nodded**  302:21
**non**  116:20
127:20 244:20
244:21
**nonresponsive**
37:9 66:19
82:9 94:25
103:8 106:2
110:17 111:21
112:25 118:17
119:21 120:8
133:8 134:2
141:5 149:5
155:15 165:17
179:1 182:8
184:3 185:5,25
192:18 200:4
207:12 208:9
209:4 229:15
233:24 243:10
250:10 251:4
253:15 256:21
262:24 266:16
267:21 275:4
287:2 316:6
320:22 322:11

334:3
**normal**  89:1,11
**north**  4:3
**norton**  2:4 3:5
3:13,19 6:22
7:22 68:22
**nortonroseful...**
3:9,11,17,23
**notary**  2:9
342:13
**note**  6:5 168:11
168:16 193:8
233:9 252:25
**noted**  179:21
239:23
**notes**  65:22
91:25 137:19
169:20 170:12
171:12 248:19
292:3 294:4
**notice**  2:4
172:11 174:3
174:13 175:13
176:5 219:12
219:14
**notices**  100:10
100:16 114:12
114:20,25
339:19
**noticing**  7:15
**notification**
147:2
**notifications**
148:18

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[noting - objection]**                                        Page 46

| | | | |
|---|---|---|---|
| **noting**  199:10 | **o** | 322:10 | 104:2,20 105:6 |
| **notwithstandi...** | | **objected**  21:5 | 105:16 106:14 |
| 240:10 | **o**  281:9,19 | **objecting**  96:25 | 110:4,25 116:9 |
| **november** | **oath**  27:3 | 97:1 316:10 | 120:3,22 121:7 |
| 69:19,23 234:5 | 135:20 277:5 | **objection**  11:9 | 122:9 124:9 |
| 234:24 235:2 | 278:17 323:20 | 13:10 15:14 | 126:5,20 |
| 340:12 | **object**  33:13 | 16:4,22 18:2 | 129:24 131:22 |
| **number**  49:10 | 34:13 37:8 | 18:16 19:4,16 | 132:13,23 |
| 90:1 157:1 | 66:18 82:8 | 20:10,17 21:2 | 135:3 136:6 |
| 185:15 195:5 | 94:13,24 103:7 | 21:14 22:2 | 137:15 139:15 |
| 198:9 202:11 | 106:1 107:25 | 23:7 25:3,20 | 140:22 141:10 |
| 204:22 205:17 | 110:16 111:8 | 26:2,10,22 | 144:6,15 |
| 205:19,20,21 | 111:19 112:24 | 27:15,21 28:4 | 147:22 148:13 |
| 209:20 210:11 | 118:17 119:20 | 28:19 29:3 | 149:14 150:17 |
| 235:23 236:2 | 120:7 127:8 | 31:7,14 32:7 | 151:4,10,15,24 |
| 244:10 261:10 | 128:10 129:4 | 34:1,20 35:15 | 152:21 154:16 |
| 261:19,24 | 130:22 133:7 | 36:6,16 37:15 | 155:6,23 158:2 |
| 262:2,21 | 134:1 141:4 | 37:22 39:7 | 159:9,24 |
| 267:13 268:2 | 142:4 149:4 | 40:18 41:4 | 160:13 161:9 |
| 300:12 321:7 | 155:14 164:13 | 42:5 43:1,7,22 | 161:25 162:12 |
| 322:8 324:3,3 | 164:14 165:16 | 45:2 46:10,19 | 162:24 163:11 |
| 328:9 336:8 | 170:21 178:25 | 47:2 48:24 | 163:16 164:5 |
| **numbers**  199:2 | 182:7 184:2 | 49:21 53:10,12 | 164:16,17 |
| 206:9 231:10 | 185:4,24 | 58:6 61:6 62:5 | 165:2,11,25 |
| **numeral** | 192:18 207:11 | 67:14 70:10,24 | 166:14 167:3 |
| 153:21 317:17 | 208:8 209:3 | 73:17 75:10 | 168:3 170:1,8 |
| 317:19 323:9 | 229:14 233:23 | 77:25 83:13 | 170:16 172:2,7 |
| **numerals** | 243:9 250:8 | 85:11 86:21 | 172:21,25 |
| 317:20 | 251:3 253:14 | 87:5 88:18 | 174:16 176:7 |
| **numerous**  24:1 | 256:20 262:23 | 90:24 91:20 | 177:15 179:8 |
| 80:17 110:15 | 266:15 267:20 | 95:7 96:5,20 | 184:8,19 |
| 261:1,6 | 275:3 276:2 | 97:9 98:6 | 185:12 186:8 |
| **nw**  3:14 | 286:24 306:6 | 99:15 101:13 | 188:19 191:2 |
| | 316:5 320:21 | 102:18,24 | 191:11 192:12 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[objection - okay]**                                                     Page 47

| | | | |
|---|---|---|---|
| 192:24 197:14 | **objectives** | **offer**  12:4,5,9 | 43:5 44:1,21 |
| 201:5,17 205:8 | 242:14 248:25 | 15:11 41:11 | 51:23 54:19 |
| 206:23 207:23 | 254:2,5 | 47:10 130:19 | 65:1 73:2 |
| 209:17 210:19 | **obligated**  18:1 | 202:1 249:18 | 74:10,23 80:19 |
| 211:17 220:2 | **obligation** | 335:3,9 | 80:25 82:6,25 |
| 228:2 230:10 | 35:20 66:10,21 | **offered**  12:8 | 83:9 85:4 |
| 231:3,21 | 67:10 130:15 | 163:24 231:25 | 86:13 87:1 |
| 232:19 234:20 | 131:1,2,2,5,20 | 323:21 | 88:14 91:12 |
| 235:19 236:14 | 131:21,25 | **offering**  13:15 | 92:9 95:23 |
| 237:1 239:16 | 132:9,12,18 | 15:2 33:1,2 | 96:10 102:2,3 |
| 244:1 250:2,17 | 136:4 191:13 | 41:1,13 101:4 | 102:9,15 103:5 |
| 251:24 258:18 | 191:15 257:14 | 113:4 197:12 | 103:23 104:4 |
| 264:15 271:8 | 312:12,18 | 241:2 | 107:18 108:15 |
| 271:12 272:4 | **obligations** | **offers**  85:7 | 109:23 112:24 |
| 279:10,16 | 18:14 54:3 | 300:18 | 114:2 116:19 |
| 280:3 282:20 | 112:9,15 113:6 | **office**  100:5 | 117:12 118:16 |
| 286:11 287:10 | 113:14,17,24 | 117:1 298:17 | 122:24 125:22 |
| 287:22 288:8 | 190:2 243:16 | 299:11 305:13 | 127:25 130:25 |
| 288:23 296:14 | **observations** | 306:14 | 131:18 141:19 |
| 297:12 302:19 | 133:18,20 | **officer**  8:7 | 149:4 150:5 |
| 304:15 306:12 | 134:7 238:14 | **offices**  2:4 | 151:1 153:1,18 |
| 306:23 309:7 | **observed** | 31:18 193:9,21 | 154:6 157:4 |
| 311:22 312:6 | 335:17 | **oftentimes** | 168:15 169:2,6 |
| 312:23 313:12 | **obsolete**  222:15 | 97:22 | 169:23 174:9 |
| 313:23 315:15 | 235:6 | **oh**  78:10 | 176:3 177:18 |
| 315:22 316:12 | **obtaining** | 120:16 211:13 | 180:4,9,20 |
| 320:6 323:23 | 242:4 | 216:25 225:11 | 185:4,24 |
| 326:19 329:11 | **obvious**  141:8 | 273:3 292:6 | 195:12 200:2 |
| 330:4 331:3 | **obviously**  9:7 | **okay**  8:24 | 200:18,21 |
| 332:14 333:11 | 286:14 | 12:12 14:21 | 202:14 210:6 |
| 334:5 335:7,13 | **occasion**  57:18 | 15:8 16:11 | 212:4 213:11 |
| 336:24 | **occurred**  72:7 | 22:23 26:25 | 214:15 215:12 |
| **objections**  7:9 | **occurring** | 33:13 36:9 | 217:15,23 |
| 8:22 | 172:17 | 38:3 41:10 | 220:25 226:5,9 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[okay - opinion]                                                    Page 48

| | | | |
|---|---|---|---|
| 229:14 230:1 | **ongoing** 222:9 | **opining** 14:21 | 105:10 107:23 |
| 231:12 239:23 | 231:8 232:1 | 15:5 16:1 | 108:7 113:4 |
| 240:22 243:9 | 249:15,25 | 38:21 40:16,21 | 120:16 126:2 |
| 247:18 248:4,7 | 250:7,13 252:8 | 42:3 54:2 | 129:22 130:14 |
| 248:10 250:8 | 252:16 254:12 | 82:12,14 83:1 | 130:20,24 |
| 252:23 256:20 | 269:5 | 86:15 157:9 | 131:8 132:2,4 |
| 257:25 259:24 | **online** 225:24 | 209:12 210:6 | 140:9,17,18,21 |
| 260:13,22 | 290:8 | 215:22 260:3 | 141:15 143:13 |
| 265:1 266:3,15 | **oops** 40:3 | 274:13,16 | 143:14,18,24 |
| 267:20 268:6 | **open** 293:1 | 275:14,19 | 153:20,22,25 |
| 271:20 274:5 | **operate** 182:3 | 311:18 | 154:13 155:18 |
| 274:13 277:14 | 233:16 | **opinion** 12:5,16 | 156:1,2 159:21 |
| 284:14 286:16 | **operating** | 12:18 15:2,11 | 160:10 161:3 |
| 286:24 287:14 | 227:18 | 25:14,16,18,23 | 161:14 164:11 |
| 288:2 290:13 | **operation** | 33:2 37:20 | 175:13,18 |
| 292:6 293:11 | 227:5 | 38:17 39:2,11 | 176:3,13 178:2 |
| 304:3 306:8 | **operations** | 40:5 41:1,6,12 | 178:9,12,15 |
| 309:23 310:4 | 150:9,14 | 41:14 42:11,15 | 179:5 180:10 |
| 314:24 316:5 | 294:14 | 42:20,21 43:6 | 182:17 183:1 |
| 318:8 320:21 | **opine** 17:1 | 43:9,21 44:3 | 183:12,16 |
| 323:2,7 326:2 | 37:11 38:15 | 44:10,25 45:5 | 186:17 187:9 |
| 326:8 327:16 | 81:2 83:10 | 45:8,9,11,16,22 | 188:1 190:21 |
| 337:13 | 88:15 112:14 | 45:24 55:14 | 191:22 197:3 |
| **old** 220:21 | 136:2 156:15 | 70:5,23 76:7 | 197:12,21 |
| 221:13 235:11 | 159:8 228:14 | 76:14 77:16 | 198:18 200:6 |
| **once** 9:2,5 77:9 | 244:4 265:12 | 78:3 84:11 | 200:19 201:23 |
| 133:4 167:1 | 281:19 310:25 | 85:7 86:1,6 | 202:2,15,21 |
| 182:17 193:21 | 318:19 | 89:10,14 92:13 | 203:16,20 |
| 243:4 283:5 | **opined** 13:5 | 97:6 100:19 | 205:2 210:3,20 |
| 301:13 310:6 | 16:7 21:18 | 101:5,17,21 | 214:22 227:24 |
| **ones** 21:11 76:2 | 66:9 159:3,5,5 | 102:10 103:1 | 230:22 232:1,6 |
| 153:14,15 | **opines** 80:7 | 103:10,17,20 | 232:14 258:25 |
| 172:20 277:15 | 89:1 197:5 | 104:3,9,13,15 | 261:14 263:1,2 |
| 308:24 326:11 | 205:24 319:23 | 104:24 105:8 | 263:5 265:1,10 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[opinion - page]                                              Page 49

265:16,22
266:17 271:15
279:4,6,12,13
279:18 281:12
282:14 304:9
317:22 318:6
318:23 319:18
319:20 320:8
320:19,25
321:15 322:3
322:25 323:3,9
325:17 330:25
331:5 332:12
333:7,18
335:16
**opinions**   12:9
12:13 13:6,13
13:14 16:7,14
17:18 18:19
19:7 25:7
27:24 28:7,21
33:1,10 34:4
37:25,25 38:4
38:12 41:17,19
47:11 69:25
70:4,15,17,20
70:21 74:2
80:11,22 83:16
83:21 84:4
87:22 88:11
109:1 112:6,17
113:7 130:19
133:5 135:2
155:8 156:3

157:12 158:16
159:11 160:1,7
160:23 161:2
163:19,25
164:8,23 165:5
165:6 167:21
168:13 187:15
190:23 238:3
253:16 275:6
280:6 310:22
310:24 313:25
318:24,25
323:21 324:14
324:24 328:20
328:24,25
329:3,13,23
330:11 335:3,9
335:22 336:5,9
336:15,18,21
337:6
**opposed**   327:4
**opposing**   27:5
121:6
**opposite**   78:18
304:19
**option**   126:13
137:25 258:3,3
286:22
**options**   258:21
274:21 285:17
285:22
**oral**   302:12,25
**order**   42:23
52:11,14,18

53:4,5,22 55:8
109:16 157:13
226:14 310:21
311:4,11,17
312:4,4 330:20
339:9
**organization**
125:5,15
136:16 241:2
242:6 278:22
285:24
**organization's**
241:24
**organizational**
248:18 270:13
270:15,17,25
271:5,23
273:17,20
274:10 275:24
**organizations**
127:13 241:3
243:13,16
248:19 249:11
250:12,22
256:5 257:4,11
**orient**   256:23
**original**   111:4
130:1 148:8
172:8 210:14
**originally**
212:23 226:2
319:21
**outcome**   7:8

**outlined**   248:13
**outside**   40:10
117:24 126:8
285:23
**overall**   202:18
203:23
**overriding**
211:15,25
**oversee**   272:25
**own**   20:25 31:3
31:4 57:19
107:5 126:7
147:20 148:5
171:19 172:10
268:18 276:13

## p

**p**   3:1,1 4:1,1
5:1,1 107:3
**p.m.**   114:8
177:19,23
222:23 223:1
280:20,23
327:24 328:2
337:14,18
**page**   40:2,3,4
51:3 52:23
56:9 59:23
60:2,4,12,16
65:20 72:17
74:25 75:12
76:5 77:9
88:22 92:19
115:3,5,11,11

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[page - part]**                                                              Page 50

| | | | |
|---|---|---|---|
| 116:14 145:5 | **pages**  66:11 | 123:21 124:17 | **paragraphs** |
| 146:14,24 | 217:12 218:2 | 124:19,20 | 79:24 113:2 |
| 153:18 156:6 | 253:5 274:6,7 | 125:23 130:6 | 154:24 155:10 |
| 157:8 161:18 | 284:8 335:25 | 133:15 146:25 | 155:17 181:13 |
| 168:18 169:4,5 | 336:20 | 148:17 155:2,4 | 277:19 324:10 |
| 169:16,17 | **paid**  61:10 | 155:9,16,20 | 324:17 325:10 |
| 171:13 174:5,9 | **paint**  315:12 | 156:4,4,12,14 | **paralyze**  150:9 |
| 178:6 196:4 | **panel**  57:10,10 | 156:19,20,24 | 150:15 294:15 |
| 203:5,8 213:24 | 57:22,23 58:5 | 157:6,11,15 | **paraphrasing** |
| 215:11 225:11 | **panels**  57:18 | 161:17 168:19 | 217:24 |
| 226:5 228:6,17 | **paper**  190:25 | 168:23,24 | **parenthesis** |
| 233:9 235:2 | 191:4,10,17,22 | 169:3 174:7 | 252:17 |
| 240:17 241:8 | 192:2,4,6,10,14 | 176:11 178:2 | **parenthetical** |
| 241:17 242:24 | 192:22 251:19 | 180:23 196:16 | 115:21,24 |
| 243:3 245:9 | 252:4 | 197:2 202:2 | 116:4 125:2 |
| 246:19 247:8 | **papers**  193:9 | 203:4,5 214:1 | **parkway**  4:3 |
| 248:8 251:4,7 | **paragraph** | 215:4 217:9 | **parrot**  197:5 |
| 253:2,22 | 40:4 42:2 | 228:6,8,13 | **part**  23:22 |
| 254:14 255:23 | 45:10 51:3 | 229:2 240:25 | 24:15,17 26:13 |
| 256:21,25 | 65:21 77:4,7 | 241:11,18 | 29:10 32:4 |
| 257:1,11 259:6 | 77:15,21,24 | 242:24 243:3 | 58:11 77:21 |
| 265:11 273:13 | 80:13 81:6,7 | 252:13 254:15 | 80:23 81:25 |
| 273:15 277:16 | 81:19,25 84:10 | 255:12 257:22 | 82:1,16,19,20 |
| 277:21 281:8 | 84:23,23 85:1 | 258:2 265:12 | 102:8 118:14 |
| 283:21 284:1 | 85:25 86:14,19 | 277:17 281:9 | 122:3 129:9 |
| 285:16 290:23 | 86:24 87:25 | 281:19 290:24 | 133:25 134:5 |
| 290:25 292:7 | 88:5,21,25 | 293:18 295:19 | 156:3 157:17 |
| 295:19,21 | 89:18 90:14 | 295:20,21 | 160:23 167:19 |
| 297:22 298:16 | 91:9 92:10,18 | 296:8 299:24 | 171:1 177:1 |
| 299:9 305:20 | 92:22 94:16 | 302:8 303:4 | 181:2 183:21 |
| 309:16 317:7 | 96:2,8 97:6 | 305:22 306:18 | 188:8 197:3 |
| 317:14 320:23 | 103:18,23 | 319:7,12 320:9 | 198:15 199:2 |
| 323:7 343:2 | 111:22 112:5 | 320:23,24 | 199:16 216:16 |
| | 112:18 113:1 | 322:24 326:2 | 217:13 219:9 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[part - perjury]                                                    Page 51

220:8 221:2,13
222:2,8 225:19
228:3 236:1
237:5 248:12
257:21 264:17
279:4,25 284:4
287:13 290:9
310:7,12
311:12 312:14
318:24,25
324:20 325:8
327:18 333:2
336:11
**participant**
57:19
**participate**
8:17 57:14
**participated**
223:10
**particular**
14:25 27:12
39:14 54:2
64:14,15,16
74:9 80:12
92:21 93:4
96:16 104:10
104:19 105:3
105:19 106:3
107:12 108:16
139:5 161:23
162:9 166:16
168:11 194:2
204:23 205:3
222:4 238:15

238:22 239:15
240:3 241:25
269:16 270:2
276:11 284:18
296:7 325:18
**particularly**
80:18 134:18
255:1
**parties**   6:12
18:25 53:25
122:1 126:8
147:4,17 173:8
190:6,14 287:7
287:19,24
294:15,18,22
294:22,25
296:10,18
304:18,21
305:23 310:13
311:7,18
338:18
**parts**   59:9 73:7
157:15 249:22
333:21
**party**   7:5 11:7
14:13 17:24,25
18:11,13 19:2
26:6,8,21 27:5
27:5,5 47:22
54:2,11,15
55:15 103:14
121:6 162:18
163:6 166:20
186:25 227:3

236:3,4,8
274:19 295:5
295:11 297:11
315:9,18
316:25 326:16
327:3,9 333:20
**party's**   15:22
33:23 35:11
150:8,14,15
254:24 294:14
**pass**   327:17
**passed**   238:20
**path**   107:19
**patient**   262:25
**pause**   215:20
249:21 291:10
293:6 294:2
300:23 301:3,8
301:17 306:3
307:11,16
308:14
**pay**   146:6
**pdfs**   267:18
**peer**   35:3
124:14 132:16
133:1,2
**penalty**   196:6
**pending**   186:3
**pennsylvania**
31:24
**people**   101:18
102:5 127:14
177:4 208:19
213:2 277:8

291:2
**people's**   260:1
**perceived**
240:1
**percentage**
206:19 261:11
261:13,15
263:6,11 322:5
**perception**
255:19
**perfection**
151:13,18,19
**perform**   194:24
197:18 204:7
**performed**
98:15,21 99:4
202:1 213:9
**period**   56:23
111:3 176:6
181:23 185:23
188:11 205:4,6
206:12,14
209:21,23
231:15 232:13
232:14,22
264:21 321:24
322:17
**periods**   77:17
90:21 91:14
221:8,22
257:24
**perjury**   13:23
196:6

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[permanent - policies]                                    Page 52

| | | | |
|---|---|---|---|
| **permanent** 316:20 | 123:16 138:10 138:17 141:25 142:14 143:9 143:19 258:14 286:8 | **plaintiffs** 1:7 3:3 7:25 12:4 15:10 38:23 54:24 103:21 135:15 181:3 212:15 296:25 297:12 298:19 306:16 313:10 313:18 314:6 | **plus** 34:5 |
| **permanently** 126:11 | | | **point** 63:7 79:25 83:19 84:2 85:15 87:15 89:15 96:14 97:20 98:22 105:2 108:11 120:20 130:4 133:15 137:6 166:6 174:11 178:13 180:19 183:2 184:23 187:10 188:7 189:17 207:17 208:11 210:8,23,24 228:22 230:13 232:11 239:9 243:20 277:25 278:9,11 284:23 298:10 301:9 303:23 316:8 319:21 320:2 |
| **permit** 89:3,13 | | | |
| **permitted** 274:2 | **pick** 6:7 177:25 180:5 217:10 | | |
| **person** 72:3 117:8 260:3 309:10 | **picture** 60:2 174:11 189:24 259:19 260:25 261:3 | | |
| **person's** 70:16 | | **planned** 41:25 223:13 | |
| **personal** 196:12 248:24 | **piece** 190:25 191:4 | **platform** 96:17 98:17 123:25 138:25 233:14 233:16 274:20 280:11 | |
| **personally** 71:9 133:9 194:5 201:2 | **pieces** 231:6,7 | | |
| | **place** 6:11 86:3 90:7,12 108:13 118:25 126:10 128:23 148:24 155:11 160:19 170:15 173:5 179:14 183:23 185:22 186:4 192:14 220:13 220:24 221:7 221:20 227:9 229:3,25 253:11 265:14 266:2 271:19 338:13 | | |
| **perspective** 166:11 168:22 242:11 | | **platforms** 94:9 108:23 127:4 | |
| | | **plausible** 325:11 | |
| **pertain** 106:5 325:13 | | **play** 213:2,4 255:9 | |
| **pertaining** 171:1 316:18 | | **please** 6:5,8 7:10 9:5,9,13 9:16 40:3 45:8 52:17 84:1 114:23 115:13 115:25 156:13 163:1 165:18 196:4 214:10 216:1,6 219:17 245:9 281:8 290:23 317:10 | **pointed** 84:22 84:23 |
| **pertains** 105:3 | | | **pointing** 22:9 |
| **phase** 98:12 | | | **points** 324:22 |
| **phone** 255:17 300:2 | | | **policies** 49:25 50:4 64:11 89:3,12 109:19 110:14 112:23 202:9 221:21 232:23 249:12 |
| **phones** 6:9 | **placed** 153:23 157:2 269:20 | | |
| **phrase** 14:17 244:15 | | | |
| **physical** 83:3 225:21 | **plaintiff** 68:16 69:11 103:14 313:4 326:9 | | |
| **physically** 122:6,14 123:6 | | | |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[policies - prefatory]                                                   Page 53

249:14 250:12
251:9 257:6
296:11 297:1
300:14 326:10
**policy**  80:2,8
81:3 82:11,13
84:7 85:8,18
86:16 88:16
89:16 91:11
92:3 109:15
110:10,24
111:5,6,15
117:24 132:22
133:10 221:7
223:13 231:9
232:1 234:4,11
234:12,17,23
235:1,5 256:2
292:8,14 303:7
304:12 306:22
306:25 308:6
316:11 340:11
**population**
181:2 206:20
**portion**  254:6
266:11
**portions**  72:13
86:6 290:22
**position**  94:7
95:2 96:2
**positions**  58:15
**possession**
53:19 54:14,24
162:21

**possibility**
246:2 275:10
**possible**  63:25
64:2 110:6
125:7,19
136:19,22
139:2 150:16
150:19,23
245:18,23
247:23 297:15
309:3,6,19
313:19
**post**  230:14,18
277:22 290:17
**postman**  69:6
**potential**  54:17
173:21 174:14
174:18 181:14
182:12 183:8
183:13,14
185:1 187:2
188:25 189:19
296:2 304:11
**potentially**
14:12 138:22
162:22 163:9
191:13 192:3
216:23 228:18
233:5,21
235:17 295:12
313:6 321:2,17
**powerpoint**
57:16,20,25
229:22

**practical**  293:3
**practice**  8:14
10:11,16 31:16
32:5 36:20
57:13 58:3
59:14 66:16,17
78:4 80:9 81:4
81:5 103:25
104:10 105:1,9
107:20 108:4
108:17 123:23
124:7 125:25
127:7,10 128:3
128:6,12,15
129:1,9,16,17
129:23 132:16
135:13 176:2
208:19 222:1
223:9 258:16
258:17
**practiced**  8:16
10:20 32:8
**practices**  16:10
17:2 23:24
24:7 35:2
37:11,18 42:22
49:7,16 63:15
64:11 76:9
78:14 79:14,19
81:10 83:17
84:12 86:2,11
86:16 89:21
90:7,12,16
94:3,19 97:20

103:3 107:13
124:13 129:7
131:6 133:6
134:12 135:1
135:17,19
137:8 188:7,18
189:2,12 209:1
248:20 287:9
287:21 305:20
311:8 314:11
**practicing**
10:24 11:5
23:13 67:6
70:8
**practitioners**
24:5 134:17
135:14 165:15
**preceded**  90:19
108:1 305:11
**precedent**
163:20
**preceding**
127:9 128:11
142:5
**predicate**  318:7
**predicated**
324:19
**predicates**
336:5,11,15,21
**preempt**
111:25
**prefatory**
111:9 132:24
155:24 164:14

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[preferences - prior]** Page 54

| | | | |
|---|---|---|---|
| **preferences** | **preserve** 14:13 | **preserved** | 325:25 |
| 251:15 | 15:22 18:8,14 | 12:19 16:8 | **prevalence** |
| **premise** 172:9 | 19:3 22:11,16 | 37:7 41:3 42:4 | 330:25 |
| 190:12 | 27:11 29:8,10 | 82:22 91:7 | **prevent** 130:8 |
| **preparation** | 31:6,12 32:22 | 117:17 121:3 | 135:21 136:2 |
| 239:7 | 33:24 34:18,23 | 131:10 137:21 | 222:10 242:3 |
| **prepare** 242:25 | 34:25 35:12 | 150:4 166:12 | 269:16 270:3 |
| **present** 5:2 | 36:13,22,23 | 173:6,25 181:1 | 286:9 |
| 37:6 68:7 | 37:5,12 38:5 | 181:5 191:6 | **prevented** |
| **presentation** | 38:14,22 39:12 | 192:6 210:22 | 192:1 |
| 57:12,15 58:5 | 41:16 42:12,17 | 231:11 232:3 | **preventing** |
| 58:11 | 44:16 46:9 | 261:23 262:18 | 138:2 234:18 |
| **presentations** | 55:15 116:1 | 262:21 269:21 | **previous** 36:9 |
| 57:5,8,9 | 128:7 130:16 | 281:13 287:25 | 58:14 279:24 |
| **presented** | 131:1,4,25 | 296:20 301:16 | **previously** |
| 19:20 83:15 | 132:9,12 136:5 | 303:1 304:2 | 26:16 168:20 |
| 148:22 229:23 | 137:3,12 | 321:23 331:14 | 227:1 247:5 |
| **preservation** | 138:22 151:8 | 334:1 335:1,6 | 299:21 |
| 24:8,21 28:3,8 | 151:22 162:17 | 335:12 | **price** 171:22 |
| 29:2 34:8 | 163:3 166:21 | **preserves** | 172:12 173:20 |
| 35:19 54:4 | 174:20 175:1,6 | 137:23 | **principal** |
| 64:23 89:25 | 178:17 190:15 | **preserving** | 254:19 |
| 106:23,24 | 190:24 191:8 | 46:3 95:11,12 | **principles** |
| 112:8,15 113:5 | 191:13 211:19 | 138:5 146:22 | 330:3 |
| 113:13 151:3 | 226:12 236:22 | 147:19 148:5 | **printout** |
| 190:1 210:16 | 236:25 237:8 | 148:12 151:13 | 168:17 |
| 239:14,19,22 | 243:5 274:23 | 191:16 212:6 | **prior** 35:22 |
| 245:17,22 | 280:8 301:22 | 267:10 327:11 | 68:13 91:23 |
| 247:23 254:20 | 301:23 302:13 | 331:11 332:13 | 182:16 208:1 |
| 258:22 293:14 | 303:17,19 | **presiding** 36:15 | 212:20 277:6 |
| 294:21 295:2,3 | 311:19 312:13 | **presume** 242:1 | 279:19 286:18 |
| 295:23 312:1 | 312:18 334:10 | 255:3 | 316:13 331:12 |
| 326:25 327:13 | 334:11 | **pretty** 82:7 | 331:21 334:13 |
| | | 93:2 322:5 | 338:4 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[prioritize - propriety]                                                 Page 55

**prioritize**
251:10
**privacy**  222:10
248:24
**private**  6:7
59:14 327:4
**privilege**  48:18
48:23 178:24
**privileged**
47:18 48:8,21
55:3,4 120:2
**probable**  161:7
**probably**  11:16
30:24 74:20
211:5 248:1
**problem**  21:7
290:6
**problems**
215:19
**procedure**  17:9
167:13,17
169:25 170:7
226:11 288:3
291:4 339:25
**procedures**
147:18 148:3
**proceed**  8:3
55:23,25 61:9
**proceeding**
7:10
**proceedings**
337:17 338:11
**process**  8:20
145:25 192:14

211:16 218:7
220:8 221:2,13
222:2,9 252:15
287:13 295:24
296:2 315:11
**proclamation**
292:19 293:9
**produce**  179:23
213:6 313:20
315:3
**produced**
97:24 98:5
102:12 119:10
119:12,17
140:1 152:25
153:17 178:23
181:3 194:1,6
194:9,13
199:14 212:23
229:18 260:24
261:9 264:19
264:23,25
293:21 313:17
313:21 321:7
321:25 322:16
323:11 335:6
335:12
**produces**  133:1
**producing**
18:12 19:1
147:20 148:5
217:13 295:5
295:11

**product**  128:21
277:7 291:1
**production**
122:3 145:20
295:24 312:10
312:21 313:11
314:3 315:10
317:2
**productions**
312:10 313:16
**productivity**
300:19
**products**
127:17,18,19
127:21
**professional**
2:8 47:17
67:13,22 165:7
186:6 268:25
338:3
**professor**  72:8
78:18 79:11
158:16,20
194:19 197:7
197:22 198:8
199:3 201:8
205:11,16
207:5,14,20
208:14,21
212:20 318:11
320:12,14
322:15
**profile**  58:17
58:20,24 60:11

65:17 339:12
**program**  126:7
242:13
**prohibit**  130:8
131:14 135:21
138:11,17
**prohibited**
257:17 258:11
**prohibiting**
148:9 149:7,8
**prohibition**
125:7,19
136:19,22
256:4
**promise**  29:19
174:6
**promote**
292:25
**promulgated**
146:17
**promulgates**
170:6
**pronounced**
51:8
**proper**  118:25
**properly**
217:25
**proportionate**
190:7
**proposition**
92:25 93:1,8
127:2 237:5
**propriety**
312:3

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[protect - quasi]** Page 56

**protect** 248:24
**protection**
  242:16
**protocol** 53:23
  55:1
**protocols** 312:9
**provence**
  329:10
**provide** 25:8
  27:23 28:21
  36:19 37:2,24
  37:25 53:24
  55:8,8,10
  57:19 109:16
  109:21 121:15
  163:18 166:19
  168:21 186:11
  203:23 226:15
  227:11 242:11
  282:16 297:4
  310:22 329:12
  329:13
**provided** 29:15
  34:4 55:5 73:1
  84:19 113:9
  121:2 141:1
  152:20 153:4,7
  153:12,16
  164:7 203:13
  203:22 206:4
  206:10,25
  207:4 208:23
  210:5 268:24
  276:21 277:12

319:1 336:16
  337:5
**provides**
  112:21 160:24
  166:9 198:9
**providing** 28:7
  132:1 137:7
  141:15 164:10
**provision** 41:9
  42:10 136:10
  227:2 250:18
  289:5
**public** 2:9
  49:19 127:19
  129:7 242:4
  342:13
**publication**
  35:4 96:15
  141:24 142:13
  225:14 290:10
**publications**
  30:18 35:3
  56:15,25 57:1
  124:15 132:17
  133:2 134:6,11
  134:16,21
**publicly** 71:21
  111:17,18
**publish** 49:25
**published**
  56:18 170:18
**publishers**
  314:18

**pull** 330:18
**pulled** 31:23
**punchline**
  173:13
**purchased**
  233:17
**purely** 116:20
  244:18 246:9
  246:16,18
**purported**
  324:14
**purporting**
  76:14 196:12
**purpose** 26:15
  135:6 193:15
  239:2 244:4
  255:21 274:11
  292:22 293:7
  315:20
**purposes** 67:12
  67:22 202:17
  255:18 271:25
  296:1
**pursuant** 2:3
  13:23 156:8
  310:13
**put** 49:13 50:13
  53:6 66:22
  67:5 87:19
  124:24 126:9
  128:22 134:11
  148:23 155:11
  173:5 174:13
  175:14,15

176:4 185:9
  192:14 211:12
  221:7 228:15
  228:17 229:25
  232:6 240:12
  253:21 258:23
  262:8 265:14
  271:18 274:22
  276:25 285:16
  287:4 293:8
  301:14 303:14
  311:14
**puts** 133:18,21
  169:24 246:7
**putting** 26:25
  66:15 100:10
  138:1 149:21
  174:3 189:8
  198:6 301:24
  302:14

**q**

**qualifications**
  31:3 146:6
  158:8 197:18
**qualified**
  194:25
**quantitative**
  98:16 99:5
  202:10,20
  203:15 204:4,8
**quasi** 244:19
  245:1,12,16
  246:24,25

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[quasi - read]

Page 57

247:11,13,22
**question**  9:15
  9:17,19,22
  13:4 17:13
  19:24 20:5,6
  20:12 21:5
  22:7 27:1
  28:15 33:7,15
  33:18 36:10
  50:16 51:24
  57:5 64:7 69:5
  73:21 74:4
  75:19 78:2
  79:24 80:5
  83:25 84:21
  85:22 87:14
  88:20 93:18
  94:5,14 95:8
  95:25 97:3
  99:3,18,19
  101:11,15
  108:2 109:7,23
  110:5,20 111:4
  111:10,12
  118:7,12,15,18
  119:20 120:6
  122:11 125:24
  126:6 127:9
  128:11 130:2
  132:2 135:24
  136:23 138:6
  141:6,20 142:6
  142:6,11
  146:18 147:24

148:8 149:6,18
154:8 156:10
156:11,14
159:17,19
161:10,20
162:3,13,25
163:15 164:4,6
164:15 166:1
167:6,7 168:9
171:8,9 174:22
174:22 175:11
179:2 181:4
188:22 189:7
192:18,25
200:19 201:18
201:20,22
204:3 205:10
205:13 207:16
208:10 210:15
211:22 221:10
221:23 231:13
232:11 233:8
234:1 245:8
250:20 263:3
266:4 267:5,24
269:24 273:21
275:13 279:25
287:14 288:10
288:16 290:6
295:8,9 299:12
310:17 314:4
314:14 320:7
322:12 327:1

**questioning**
  7:19
**questions**  8:21
  9:10 47:6
  138:4 165:19
  173:10 201:16
  216:9 253:17
  300:13 302:5
  328:6,10,15
  329:20 330:14
  332:21 334:25
  336:4 337:12
**quicker**  9:4
**quickly**  58:15
  324:8
**quite**  109:7
  211:21
**quote**  87:24
  89:19 93:24,25
  125:3 136:10
  163:12 306:7
**quoted**  95:23
  136:12 260:1
**quotes**  91:24
  325:6 336:13
**quoting**  255:19
  292:2,23

---

**r**

**r**  3:1 4:1 5:1 8:5
  106:10 338:1
  342:1
**raise**  316:24

---

**raised**  188:10
  316:14,18
**raising**  317:1
**random**  256:25
**range**  59:8
  293:25
**rarely**  216:6
**rather**  251:11
**rational**  293:23
**ratto**  2:7 7:3
  338:2,24
**reach**  203:16
**read**  25:15,17
  25:24 40:13
  45:16 60:11
  72:10,13 73:24
  74:7 79:20
  82:1,4 89:4
  115:16 116:3
  116:15 117:19
  118:19 124:2
  125:4 130:16
  147:6,13 152:8
  152:10 154:4
  158:7,20 169:7
  169:14 171:8
  176:18 197:3
  197:11 200:10
  204:1,6 215:2
  215:22 216:17
  217:25 227:6
  228:13 235:12
  240:23 242:6
  242:16 243:18

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[read - recipients]                                              Page 58

244:6,8 248:25
249:22 251:15
253:8,10,17
257:19 258:2,4
260:4 267:22
270:19 271:3
282:12 291:17
292:1 293:16
295:10 296:3
299:8 307:1,2
311:17 312:15
321:4 322:1
337:2,3 342:3
**reading**  78:20
79:4,8 90:10
92:7 100:20
101:5,8,18
171:3 187:22
187:25 217:8
245:14 249:4
255:15 258:8
301:13 319:6
**reads**  168:19
319:5
**ready**  154:8
**real**  143:17
**reality**  166:24
169:11
**realize**  225:13
**realized**  256:11
273:2
**really**  38:18
41:7 45:24
54:6 58:15

72:22 73:15
96:24 97:1
144:16 164:10
165:20 231:16
248:1 261:17
263:8 323:20
325:3
**realm**  187:6
**reask**  20:12
21:8 83:25
141:20 234:2
**reason**  16:15
239:24 240:4
272:22 297:22
**reasonable**
19:2,10 125:6
135:17 136:17
148:25 151:3
151:22 163:22
173:18 190:2
239:12,18,21
294:20 295:22
**reasonableness**
151:9
**reasonably**
152:3 161:24
162:10,19
163:6 171:24
174:1 182:20
**reasons**  42:9
48:15 49:10
222:7 242:20
242:22 244:10
262:2,6,22

297:10
**rebut**  70:20
76:14 158:16
**rebuttal**  70:9
70:13 88:11
112:6 197:6
328:11 329:1,4
335:4,10 336:8
336:16 337:7
**rebutting**  70:5
70:16,19
153:21 324:14
**recall**  13:20
14:19 22:12
25:22 26:4
32:11 63:24
64:13,25 67:16
74:21 97:12
101:2,21
113:18,19
114:1,14 121:9
121:10,17,19
122:18,19,20
133:16 139:7
197:20 220:5
238:17 240:4
259:2 271:21
272:17,18
276:18 281:15
285:5 289:21
292:10 294:11
298:6,25 300:9
310:3 311:11
316:14 322:22

328:8 329:20
330:13 332:21
334:25
**recap**  12:2
44:22 73:5,14
83:5 91:19
108:15 128:24
160:11 243:25
**receive**  103:4
172:11 260:15
**received**  39:25
52:15 56:4
58:21 61:10
65:14 76:24
114:21 145:3
167:14 195:18
214:7 219:12
219:14 224:17
234:5 237:20
247:2 259:11
273:6 283:15
289:12 297:20
305:5 308:20
**recently**  226:4
**recess**  65:5
114:6 177:21
222:24 280:21
327:25
**recipient**
298:16
**recipients**
115:12 126:12
130:10 131:15
135:23 247:3

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[recipients - regulations]                                    Page 59

273:18 281:21

**recognize**
253:25

**recognizes**
249:24

**recollection**
27:9 271:13
279:1

**recommend**
220:10

**recommendat...**
117:7,9

**reconcile**
243:21

**record**  6:2,12
7:14 8:22
11:17 21:8
40:12 41:11
42:13,14 52:17
65:4,8 83:4
87:19 101:7
114:5,9 117:16
125:14 142:21
142:25 143:11
143:21 145:6
171:3 177:20
177:24 205:18
218:23 219:18
219:21 222:23
223:2 227:25
230:9 231:18
234:23 246:9
280:20,24
281:3 300:23

301:1,6,10,15
301:25 302:15
307:3,11,15
308:1,6,12,17
309:11,20
325:2 327:24
328:3 331:14
331:16,22
332:17 337:16

**recorded**  6:13

**recording**  6:10
211:6 308:9

**recordkeeping**
254:20

**records**  112:22
249:20 309:11

**redacted**
114:20,24
332:22 339:19

**redactions**
140:1

**reduce**  223:14
235:6,10,11

**reducing**
223:18 248:21

**redundant**
235:6

**refer**  11:2,11
45:9 130:1
265:9 292:11
292:15

**reference**  76:6
81:20 88:1
93:15,16

113:23 153:22
154:19 181:12
226:7 228:8,9
241:14 272:9
311:10 319:11
321:6

**referenced**  46:1
84:24 182:13
189:18

**references**  17:5
17:7 81:23
217:17 218:1
299:25

**referencing**
39:15 40:22
41:8 45:4 88:4
101:12 120:13
133:24 159:12
161:12 259:5

**referred**  278:21
299:19

**referring**  38:9
38:20 67:17
102:7 150:25
154:3 209:6
219:9 283:20
292:17

**reflect**  41:18,19
41:24 260:24
331:5

**refocus**  292:23

**refutes**  319:19

**regard**  28:22
81:9 94:20

105:11 106:24
160:20 163:22
257:23 312:1
314:2

**regarding**  28:7
29:2 38:1,17
53:25 54:6
55:10 64:19
80:14 150:3
175:25 178:17
198:9 216:9
219:16 220:18
224:2 240:8
243:17 258:21
259:3 265:2
275:9 282:23
282:23 289:6
325:22 328:10

**regimes**  242:16

**registered**  2:8
338:3

**regular**  220:7
221:12 222:1,8
302:12,25
303:2

**regularly**  60:13
193:17

**regulated**
106:12

**regulation**
241:25

**regulations**
106:17 107:6

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[regulators - renard]**                                           Page 60

| | | | |
|---|---|---|---|
| **regulators** | **relative** 338:16 | **reliably** 330:10 | **remove** 193:4 |
| 240:2,8 241:14 | 338:19 | **reliant** 197:22 | 193:20 |
| 241:22 242:3 | **relay** 170:13 | **relied** 25:25 | **removing** |
| 243:14 253:25 | **relaying** 223:10 | 73:8,11,25 | 192:22 |
| 255:2,7,12,20 | **release** 186:5 | 75:1 167:20 | **renard** 3:8 7:21 |
| **regulatory** | 186:15 | 168:6,13 238:2 | 7:21 11:9 |
| 106:4,19 109:5 | **released** 256:19 | 277:15 311:10 | 13:10 15:14 |
| 182:18 183:7 | **releases** 240:6 | **rely** 74:7,14 | 16:4,22 18:2 |
| 216:11 218:2 | 240:11 256:19 | 144:1,13 | 18:16 19:4,16 |
| 254:21 332:20 | **relevance** | 146:20 147:5 | 20:10,17 21:2 |
| **reid** 61:25 | 33:16 | 148:15,25 | 21:6,14 22:2 |
| **rein** 288:4,19 | **relevant** 14:12 | 149:1,22 150:2 | 23:7 25:3,20 |
| 291:7 | 33:12 54:8 | 197:10 | 26:2,10,22 |
| **relate** 43:9 46:1 | 92:15 93:12,21 | **relying** 74:11 | 27:15,21 28:4 |
| 173:20 180:16 | 94:11 95:4,20 | 148:10 149:8,9 | 28:19 29:3 |
| 180:25 280:7 | 96:17 97:15,23 | 160:7 168:1 | 31:7,14 32:7 |
| **related** 7:5 | 98:19 99:1,13 | **remains** 166:13 | 34:1,20 35:15 |
| 15:11 155:25 | 100:25 103:12 | **remedy** 226:18 | 36:6,16 37:15 |
| 174:14 175:4 | 104:23 105:14 | **remember** 9:6 | 37:22 39:7 |
| 176:15 177:3 | 105:18 118:11 | 32:16 33:18 | 40:18 41:4 |
| 178:14 179:14 | 138:5 139:12 | 63:17 70:7 | 42:5 43:1,7,22 |
| 183:25,25 | 149:13 151:8 | 121:23 233:25 | 45:2 46:10,19 |
| 191:5 216:23 | 151:14,22 | 240:11 271:9 | 47:2,8 48:24 |
| 219:5 257:18 | 158:5 162:22 | **remind** 8:25 | 49:21 53:10 |
| 280:5 317:24 | 163:9 190:16 | 278:24 | 58:6 61:6 62:5 |
| 318:15,21 | 192:1,22 | **reminder** | 63:4,9 67:14 |
| 319:16 320:16 | 210:22 243:6 | 200:18 303:3,3 | 70:10,24 73:17 |
| **relates** 28:9 | 257:16 295:12 | **reminders** | 75:10 77:25 |
| 78:3 178:16 | 301:22,24 | 302:12,18 | 78:19 83:13 |
| 183:14 193:10 | 302:13 313:6 | 303:1 | 85:11 86:21 |
| **relating** 24:2 | 323:12,14 | **reminding** | 87:5 88:18 |
| 71:5 179:6,9 | 324:7 325:3,14 | 116:24 | 90:24 91:20 |
| 179:10 180:16 | **reliable** 330:2 | **remotely** 72:6 | 94:13 95:7,15 |
| 258:12 | | | 96:5,20,24 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[renard - report]**                                      Page 61

| | | | |
|---|---|---|---|
| 97:3,9 98:6 | 172:2,7,21,25 | 312:23 313:12 | 21:24 22:5,21 |
| 99:15 101:13 | 174:16 176:7 | 313:23 315:15 | 23:11 29:18 |
| 102:18,24 | 177:15 179:8 | 315:22 316:12 | 39:19,24 45:9 |
| 104:2,20 105:6 | 184:8,19 | 320:6 323:23 | 45:25 51:2 |
| 105:16 106:14 | 185:12 186:8 | 326:19 327:22 | 53:24 55:10 |
| 107:25 110:4 | 188:19 191:2 | 328:4 332:14 | 56:7,11 70:4 |
| 110:25 111:8 | 191:11 192:12 | 337:9 339:4 | 72:16 73:8,22 |
| 111:24 116:9 | 192:24 197:14 | **repealed** | 74:1 76:5,18 |
| 120:3,22 121:7 | 201:5,17 | 226:25 | 76:20,23 77:2 |
| 122:9 124:9 | 202:22 205:8 | **repeat** 33:17 | 77:4,8,10,13,13 |
| 126:5,20 127:8 | 206:23 207:23 | 80:4 88:20 | 79:5,13 80:1,7 |
| 128:10 129:4 | 209:17 210:19 | 101:15 122:11 | 81:1 83:10,21 |
| 129:24 130:22 | 211:17 213:16 | 150:11 161:19 | 84:5,16 85:5 |
| 131:22 132:13 | 220:2 222:18 | 162:4,6,7 | 85:16 86:9 |
| 132:23 135:3 | 225:7 228:2 | 163:1 167:7 | 87:4,10,16,24 |
| 136:6 137:15 | 230:10 231:3 | 172:8 174:22 | 88:6,8,12,22 |
| 139:15 140:22 | 231:21 232:19 | 190:12 208:9 | 89:25 90:10 |
| 141:10 142:4,9 | 234:20 235:19 | 211:22 246:12 | 92:7,10,12,19 |
| 144:6,15 | 236:14 237:1 | 263:2 275:14 | 96:3,3,8 97:17 |
| 147:22 148:13 | 237:24 239:16 | 281:16 306:10 | 101:9,12,22 |
| 149:14 150:17 | 241:5 244:1 | 335:8 | 111:23 112:13 |
| 151:4,10,15,24 | 250:2,17 | **rephrase** 99:17 | 113:3,18,21 |
| 152:21 154:16 | 251:24 258:18 | 142:10 144:8 | 115:1,3 123:22 |
| 155:6,23 158:2 | 264:15 271:8 | 149:16 162:2 | 133:11,14 |
| 159:9,24 | 271:12 272:4 | 205:9 231:23 | 143:24 152:19 |
| 160:13 161:9 | 276:2 277:24 | 252:2 276:14 | 153:4,11,18 |
| 161:25 162:12 | 279:10,16 | 304:17 313:1 | 154:11,21 |
| 162:24 163:11 | 280:3 282:20 | 326:21 | 155:3 156:2,7 |
| 163:16 164:3 | 286:11 287:10 | **replaced** 19:15 | 157:7,8,16 |
| 164:13,20 | 287:22 288:8 | 20:16 226:25 | 158:9,15 |
| 165:2,11,25 | 288:23 296:14 | **report** 12:22 | 159:14 161:14 |
| 166:14 167:3 | 302:19 304:15 | 13:7,13,18 | 161:16 163:25 |
| 168:3 170:1,8 | 306:5,23 309:7 | 14:16 17:4,15 | 164:8,24 |
| 170:16,21 | 311:22 312:6 | 19:22 20:21 | 165:10,23 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[report - restaurant]**                                      Page 62

| | | | |
|---|---|---|---|
| 168:6 174:6,10 | **reporter**  2:8,9 | 239:15,22 | **responded** |
| 178:3,4,5 | 7:2 9:7 78:24 | 247:10 271:18 | 273:23 |
| 187:25 188:24 | 338:3 | 336:10,15 | **responding** |
| 194:9 197:7,8 | **reports**  75:15 | **requirement** | 76:21 147:16 |
| 197:23 198:8 | 158:21 | 151:5 191:8 | 185:11 |
| 201:8 202:14 | **represent** | **requirements** | **response** |
| 202:23,25 | 11:17,18 62:22 | 105:22 106:5 | 228:18 233:8 |
| 203:2 212:21 | **representation** | 106:20,22 | 299:5 336:3 |
| 213:23,25 | 26:13 67:19 | 107:16 109:4,6 | **responsibilities** |
| 214:16 218:13 | 110:8,19 269:5 | 221:18 246:25 | 313:20 315:10 |
| 219:2 225:8 | **representative** | 248:23 289:2 | **responsibility** |
| 228:4 233:10 | 205:5,25 | **requires**  138:9 | 312:22 313:11 |
| 234:13 239:4 | 270:21 | 138:17 151:21 | **responsible** |
| 253:3,6,17 | **represented** | 195:8 208:2 | 249:17 |
| 259:7,11,16 | 32:13 62:3 | 236:3 | **responsive** |
| 262:2 266:18 | 110:14 168:1 | **research**  29:24 | 33:14 34:14 |
| 267:22 277:11 | **representing** | 52:25 71:18,19 | 138:23 150:3 |
| 277:16 278:11 | 7:1,24 26:18 | 71:20,22 | 161:2 191:14 |
| 285:10,15 | 68:16 69:11 | 213:10 | 192:4 228:19 |
| 286:22 298:6 | 298:12 | **researched** | 232:7 233:5,22 |
| 305:2 310:23 | **reputation** | 21:18,22 | 251:14 321:3 |
| 317:7 318:19 | 255:1 | **resolution** | 321:12,17 |
| 319:1,22 | **request**  26:7 | 182:5 184:21 | 322:9,9,21 |
| 320:20 323:8 | 212:19 | 291:25 | 327:14 |
| 323:22 324:5 | **requesting** | **resolved** | **responsiveness** |
| 324:10,21 | 297:11 315:9 | 184:22 | 322:5 |
| 325:1 326:3,12 | 315:18 | **respect**  14:24 | **rest**  75:8 206:2 |
| 328:11 329:1,5 | **requests**  208:2 | 18:21 27:11 | **restart**  314:18 |
| 329:18 335:4 | 223:21 252:18 | 41:15 50:19 | **restate**  108:3 |
| 335:10,18,23 | 314:1,2 | 63:14 184:13 | 205:10,13 |
| 336:1,8,16,19 | **require**  151:2 | 194:7 328:15 | **restated**  9:13 |
| 336:23 337:7 | 160:24 190:2 | 329:21 | **restating**  41:7 |
| 339:7,16 | **required** | **respond**  70:18 | **restaurant** |
| 340:18 | 138:10 220:22 | 336:20 | 171:19,22 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[restaurant - right]**                                      Page 63

| | | | |
|---|---|---|---|
| 172:10,14 | 84:7 85:8,17 | **returning** | **revision** 226:25 |
| 173:9 | 86:16 88:16 | 32:25 | **rewritten** 224:6 |
| **restored** 19:15 | 89:16 90:20 | **reused** 193:17 | 224:7,10 |
| 20:15 | 91:15 107:13 | **revealing** | 226:13 227:11 |
| **restrictions** | 109:9,15 110:1 | 242:12 | **rid** 221:13 |
| 221:16 | 110:10,13,24 | **review** 18:1 | 222:14 250:15 |
| **result** 113:12 | 111:5,15 | 25:6 72:23 | **right** 8:13 |
| 227:4 | 112:22 117:23 | 75:16,17 194:5 | 10:23 11:14,22 |
| **resulted** 22:16 | 136:16,18 | 198:23 215:14 | 12:6,14 13:23 |
| **retain** 39:5 | 145:20 173:11 | 218:15 229:13 | 14:3,8,14,15 |
| 67:4 106:6 | 218:22 221:21 | 239:6 245:4 | 15:3,6,20 |
| 123:25 125:13 | 223:13 233:21 | 271:20 321:18 | 17:10,18,20 |
| 126:3 127:5,23 | 234:4,11,12 | 321:20,22 | 21:25 22:17 |
| 136:14 144:3 | 235:5 249:14 | 322:6 326:9 | 23:2 24:3,8,21 |
| 147:12 149:13 | 250:13 254:11 | **reviewed** 35:3 | 26:5 29:16,25 |
| 156:8 183:13 | 257:24 259:1 | 43:4 73:7,7 | 30:1,15 31:13 |
| 233:19 280:8 | 261:17 263:8 | 74:14,18 75:24 | 32:2 33:4 36:1 |
| **retained** 24:14 | 270:22 273:19 | 75:25 100:14 | 36:5,8 37:14 |
| 26:15 48:12 | 276:23 287:9 | 109:14,18 | 39:14 41:1 |
| 56:3 60:7,8 | 287:20 295:15 | 110:12,13,23 | 42:19 44:7 |
| 61:10 108:12 | 296:11 297:1 | 111:7 115:1 | 46:17 47:1,7 |
| 110:7 180:15 | 299:13 300:14 | 116:8 121:5 | 51:6,14 52:2 |
| 247:4 251:13 | 303:7 304:12 | 124:14 132:16 | 56:6,24 59:13 |
| 301:2 307:9,19 | 304:21 305:19 | 133:1,2 159:6 | 59:16 60:25 |
| 309:12 | 306:22 308:5 | 198:5 200:14 | 61:4,15 66:4 |
| **retaining** 49:7 | 311:8 312:3 | 200:23 201:7 | 66:12 70:9,23 |
| 180:11 | 315:25 316:10 | 202:4,5,6,8 | 71:25 72:15 |
| **retention** 14:24 | 323:15 326:10 | 207:2 239:1,8 | 73:11 75:2 |
| 42:22 49:16,25 | 340:11 | 265:25 326:11 | 76:15 77:12 |
| 50:4 63:15,18 | **retract** 245:7 | **reviewing** | 78:6 82:13,16 |
| 63:23 64:4,9 | **retracting** | 141:13 217:11 | 82:18,23 87:4 |
| 64:10,14 77:16 | 131:16 | 218:1 | 87:11,11 88:4 |
| 78:4 80:2,8 | **return** 223:11 | **reviews** 83:23 | 90:23 92:5,7 |
| 81:3 82:11 | | 245:5 | 95:20 96:4 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[right - rules]**                                                    Page 64

| | | | |
|---|---|---|---|
| 97:17 99:22 | 212:24 214:19 | 301:11,18 | **routed** 34:19 |
| 100:12,16 | 215:9 216:14 | 302:2,17 306:4 | **routine** 89:3,13 |
| 101:1 106:6,10 | 218:11,17 | 306:22 307:6 | 150:8,14 |
| 106:23 107:3,8 | 219:2,8,22 | 307:12,22 | 227:19 252:18 |
| 111:6 113:25 | 222:9,15 223:6 | 308:2,18 | 294:14 |
| 115:20 117:1 | 224:8 225:9,25 | 309:13 315:21 | **routinely** 20:25 |
| 119:3,15 120:2 | 226:19 227:6 | 316:1,21 317:5 | 21:11 24:25 |
| 120:12,21 | 227:12,19 | 320:24 321:12 | 89:11 |
| 125:16,20 | 230:20 232:3,8 | 325:19 327:16 | **rpr** 338:24 |
| 126:19 128:19 | 235:12,18 | **rise** 37:12 | **rule** 15:18,20 |
| 130:16 132:6 | 236:5,13,19 | **risk** 226:6 | 17:22,23 18:12 |
| 132:21 133:10 | 238:4,11 239:3 | 253:2,9 | 18:24 19:13,24 |
| 133:19 134:8 | 240:3 242:21 | **risks** 219:25 | 20:3,9,20 |
| 134:13,18,22 | 243:1 244:13 | **role** 16:6,13,25 | 144:1 148:9 |
| 135:2,10 139:6 | 245:18 246:20 | 23:21 24:4 | 149:7,20,25 |
| 140:2 142:22 | 254:2,7,12 | 26:19 36:18 | 151:21 167:13 |
| 143:1 145:8,16 | 258:5 259:16 | 37:1 54:1,5,20 | 167:17,18,19 |
| 145:20 146:1,7 | 260:17 264:9 | **roll** 210:17 | 167:20 170:14 |
| 147:6,13 | 265:15 270:9 | **roman** 153:21 | 171:16 224:1,1 |
| 154:21,24 | 272:13 276:24 | 317:17,19,20 | 226:8,10 227:1 |
| 158:1,12,17,22 | 277:2,22 | 323:8 | 228:25 235:15 |
| 158:25 164:1 | 278:12,13 | **ron** 6:25 | 235:23 236:2 |
| 164:12 165:1 | 279:3 280:15 | **ronald** 5:3 | 236:22 289:4 |
| 165:10 166:21 | 281:23 282:2 | **room** 68:20 | 291:23 292:4 |
| 167:2,22 | 283:10,11,21 | 72:3 308:5 | 293:13 294:5 |
| 170:20 171:13 | 284:6,11,22 | **root** 27:20 | 310:13,20 |
| 173:22 176:12 | 285:18,19,24 | **rooted** 132:10 | 316:1,24 |
| 179:24,24 | 285:25 289:17 | **rose** 2:4 3:5,13 | 339:25 |
| 180:7 187:7 | 291:13 292:4 | 3:19 6:22 7:22 | **rules** 17:8 |
| 189:21,23 | 292:13,16,19 | 68:22 | 19:19,21 151:2 |
| 190:19 193:17 | 294:5,16,23 | **ross** 3:6 | 151:8,12 |
| 195:10 196:8 | 296:5 297:14 | **rough** 247:16 | 169:25 170:3,7 |
| 196:14 200:11 | 298:19 299:22 | **roughly** 9:4 | 170:18,19,19 |
| 205:20 206:2 | 300:24 301:4 | 62:2 | 170:20 209:10 |

Veritext Legal Solutions

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[rules - second]                                                    Page 65

224:11 226:11
288:3,12,18
289:6 291:3,6
293:19,22
327:9
**run** 153:1,5
194:20
**ryan** 4:22
**ryan.hicks** 4:23

**s**

**s** 3:1,8 4:1 5:1
8:5 227:2
339:6
**saas** 62:14,17
63:11,17 104:5
**safe** 227:2,16
**salmonella**
172:1
**sam** 4:3
**san** 3:20
**sanction** 17:24
**sanctioned**
22:17 24:12,16
24:19 46:17
94:9
**sanctions** 14:2
15:21 25:15,17
26:7,20 120:11
195:23 224:2
226:6,12,17
227:3 236:18
298:1

**santo** 61:24
**sarcastic**
215:17
**save** 188:2
203:5 265:4
266:6 333:6,14
**saved** 107:22
108:6,10 119:3
123:18 125:20
138:12,20
142:3,17 143:4
223:14 246:3
297:3
**saving** 332:3,7
**saw** 31:21 78:8
111:4 118:9
139:10 158:12
158:14 194:8
194:11,14,15
194:22,23
284:25
**saying** 26:17
50:18 80:21
85:10 112:7
128:18,20,21
144:1 149:20
159:18 194:21
237:2 252:6,21
252:24 253:4
298:23 313:22
**says** 52:24
56:15 59:24
60:9,13 79:11
79:16 80:1

90:15 96:16
115:25 116:16
116:19 117:4
117:12 118:23
125:11,17
126:1 134:21
135:8 138:9
143:8 145:9
147:1,1 148:17
155:4 176:12
215:25 217:11
217:17 218:5
219:12,13
224:25 225:12
235:5,13
236:10 241:11
242:23 247:12
249:10 251:8
251:17 252:13
254:22 258:10
260:17 278:16
284:12 297:23
298:22,24
301:1,6 305:23
312:4 319:4
**scenes** 47:19
48:7
**schedule** 71:4,7
**school** 30:5,8
65:25
**science** 158:25
195:9 232:18
**scope** 56:22
118:22 121:2

144:4 166:11
173:24 175:13
180:10,14
191:1 295:1,15
295:22
**scrap** 293:20
**screen** 33:20
**scripts** 194:20
**scrutiny** 254:21
**sdj** 1:8 6:21
**se** 143:25
149:20
**seal** 297:24
**search** 54:8
216:22 217:1
322:8
**searched**
153:13
**searches** 153:2
153:5
**searching** 54:7
**sec** 241:15
**second** 9:6
22:24 59:23
65:22 83:22
84:24 115:18
138:16 144:21
145:2 154:2
168:18,24
169:2 176:12
200:13 215:4
216:16 217:9
217:10,17
241:18 245:3

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[second - sentence]                                              Page 66

| | | | |
|---|---|---|---|
| 254:15 267:5 | 246:7 248:13 | 292:11 299:13 | **send** 43:17 83:4 |
| 293:18 294:11 | 249:23 250:11 | 300:15,17 | 123:17 127:5 |
| 295:20 305:22 | 250:21 251:19 | 302:7 305:14 | 142:1,15 |
| 306:9,18 307:1 | 252:5 253:21 | 311:24 317:25 | 143:10,21 |
| 319:9 321:1 | 254:15 255:6 | 321:3,4 323:16 | **sender** 247:3 |
| 339:22 | 255:16 257:9 | 324:10 | **sending** 138:12 |
| **secret** 54:9 | 258:14,20 | **seeing** 19:24 | 138:18 199:10 |
| 55:12 | 292:7,13 | 38:19 279:1 | 260:10 334:14 |
| **section** 59:11 | 339:20 340:13 | 291:19 311:11 | **sends** 302:11 |
| 76:13 154:20 | **sedona's** | **seek** 249:12 | **sense** 9:12 74:3 |
| 169:4 240:17 | 246:15 258:8 | **seeking** 14:2 | 193:1,2 213:14 |
| 256:25 257:9 | 293:8 | 256:5 | **sensible** 89:1 |
| 299:25 324:15 | **see** 38:8 53:1 | **seen** 76:3 | **sensitive** 6:6 |
| **security** 248:25 | 56:25 59:12 | 180:24 218:12 | **sent** 94:8 95:2 |
| **sedona** 35:4 | 60:1,3 72:20 | 229:8 230:4 | 128:8 143:1 |
| 88:1,5 89:8 | 76:11 77:4 | 261:20 264:2 | 195:6 196:18 |
| 94:4,6 97:12 | 89:8 95:21 | 264:23 269:25 | 198:1,10,20,25 |
| 124:14,23 | 98:8 100:17 | 270:5 298:3,8 | 200:20 201:3 |
| 125:4,11,25 | 112:10 116:22 | 302:17 303:2 | 201:11 205:17 |
| 130:5 132:17 | 117:8,9 125:8 | 304:10,22 | 205:22 209:21 |
| 132:20,25 | 128:15 130:11 | 334:21 | 210:13 211:7 |
| 134:5,15,20,25 | 154:1 160:19 | **sees** 48:22 | 246:14 247:2 |
| 135:6,7,18,20 | 161:15 169:13 | 231:14 | 261:25 265:5 |
| 136:1,8,23 | 181:15 196:21 | **select** 257:12 | 266:21 321:10 |
| 137:5,10,17 | 196:24 203:10 | 269:15 270:2 | 323:11 325:2 |
| 138:9 139:3 | 216:17 217:14 | 277:7 285:2 | **sentence** 59:24 |
| 141:22 144:20 | 217:21 218:3,7 | **selected** 56:15 | 65:22 79:9 |
| 144:25 145:11 | 226:9 232:12 | 56:25 57:1,5,8 | 90:19 91:23 |
| 145:24 147:1 | 234:25 241:3 | 281:14 | 123:22 127:9 |
| 237:14,17 | 241:15 245:13 | **selecting** 272:1 | 128:11 131:12 |
| 239:24 240:12 | 248:15 255:22 | **selection** 52:24 | 131:16 132:24 |
| 240:25 242:9 | 255:24 260:20 | **sell** 66:23 | 147:16 164:14 |
| 242:20,25 | 273:20 274:2,6 | 171:23 187:21 | 168:19,25 |
| 244:17,23 | 278:8 284:10 | | 169:8 176:12 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[sentence - sir]                                                    Page 67

203:6,10 204:2
215:24 216:19
217:11 219:11
226:6 251:7
257:10,10
283:4 291:18
291:19 292:1
293:19 294:11
303:5 306:9,10
307:1 321:1
**sentences** 142:5
303:6
**separate** 164:4
259:8 273:17
**separated**
192:5
**september**
100:2 189:16
190:7 214:7
330:23 331:20
340:6
**serial** 185:21
**serious** 201:20
**serve** 51:17
61:5,8
**served** 26:19
59:25 60:9,23
255:21 268:20
**serves** 60:13
**service** 62:20
62:22 63:13
**services** 282:7
282:15 283:25

**serving** 61:4
**set** 82:18 83:20
84:4 107:5
123:24 126:3
127:4 149:3
153:4,7 164:1
232:23 233:19
233:20 247:21
248:6 269:18
281:20 282:1,8
284:14 295:4
300:19,22
314:22 321:9
327:8 329:17
337:4 338:14
**sets** 258:20
**setting** 71:4
108:13 117:19
128:6 129:10
196:20 201:13
218:24 219:1
232:25 259:1
274:9,20 278:5
282:9,11
295:22 331:16
331:23 334:18
**settings** 109:9
110:1 116:1
118:25 127:23
199:5 233:2
285:13
**settled** 55:22
56:4

**setup** 285:20
**several** 17:16
55:7 60:1,5,10
60:23,24 75:25
87:9,21 98:23
122:20 128:13
198:4,4,24
214:21,23,24
314:19 332:19
**share** 50:10
**sharing** 293:1
**sheet** 343:1
**sherman** 1:3
6:20
**short** 55:10
258:3
**shortcut** 115:2
**shorter** 164:21
**show** 17:25
18:12,25 19:14
20:14 187:17
189:9 209:20
231:8 260:10
305:1
**showed** 58:4
101:24 200:24
**showing** 153:8
**shown** 98:18
158:8
**shows** 212:7
229:22
**shred** 191:17
193:8

**shut** 122:6,13
122:14 136:25
**side** 55:6 77:14
77:14 122:3
175:16 304:19
311:20
**sidebar** 164:17
164:21 207:24
306:6
**sides** 309:15
**sifting** 235:10
**signature**
338:23
**signed** 13:22
195:14,22
**significant**
249:19 332:19
**significantly**
238:23
**silly** 172:22
**similar** 39:10
116:11 299:23
325:6
**similarly** 54:25
**simpler** 185:16
**simplify** 218:6
**simply** 9:13
147:12
**single** 127:5
128:7 193:8
265:4 266:21
**sir** 12:14,21
14:8 15:6 16:2
17:4,18 22:1

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[sir - speaking]**                                            Page 68

| | | | |
|---|---|---|---|
| 24:3,8 29:16 | 301:4,11 306:4 | **sole** 43:20 | 219:6 224:6 |
| 33:4 39:11 | 307:12,22 | **solely** 26:15 | 225:6 226:24 |
| 40:2,25 45:11 | 308:25 309:13 | 45:17 | 234:9,17 |
| 46:6 63:11 | 316:1 317:11 | **solutions** 7:2,4 | 236:22 241:4 |
| 65:9 70:9 | 318:2 323:19 | **somebody** | 245:11 246:22 |
| 76:15 82:10,18 | 324:25 335:23 | 31:10 42:24 | 248:17 251:16 |
| 87:1,11 90:23 | **sirens** 237:23 | 83:2 116:25 | 258:16 259:18 |
| 92:20 100:12 | **sitting** 96:12 | 173:17 | 271:2 276:14 |
| 101:1 106:3,21 | 228:12 238:13 | **someone's** | 283:3 286:10 |
| 106:23 111:7 | 286:5 | 36:13 | 288:14 290:7 |
| 111:23 112:4 | **situated** 147:17 | **soon** 174:7 | 293:18 295:2 |
| 112:12 113:18 | **situation** 109:5 | 195:14 327:19 | 298:22 299:20 |
| 117:2,22 | 120:5,9 131:8 | **sorry** 18:5 21:6 | 302:21 308:14 |
| 130:21 133:11 | 140:24 148:21 | 30:18 33:23 | 312:14,25 |
| 145:8,16 | 309:22 | 36:3 39:20 | 317:19 318:4 |
| 154:21 157:12 | **situations** | 42:18 43:24 | 318:10 319:6 |
| 167:2,18 | 191:20 199:11 | 44:20 61:12 | 323:4 |
| 169:21 171:6 | 199:24 203:20 | 62:25 64:9 | **sought** 236:18 |
| 171:13 179:24 | 239:20 | 68:14 74:25 | **sound** 192:14 |
| 188:14 196:8 | **six** 30:12 65:25 | 78:7,10 80:4 | 198:15 |
| 197:11,16 | 68:2,10 87:2 | 81:4 85:21 | **sounds** 14:15 |
| 214:1,19 218:9 | **size** 266:9 | 90:9 93:23 | 59:16 281:4 |
| 218:18 220:25 | **slash** 259:21 | 95:15 97:16 | **source** 124:6,7 |
| 226:19 227:7 | 260:2,5,9,16 | 100:21 115:23 | 294:3 |
| 235:14 238:1 | **slide** 58:9,10 | 126:17 141:19 | **sources** 36:12 |
| 238:11 243:1 | **slides** 58:4 | 145:22 149:8 | 324:13 |
| 245:19 255:25 | **slowly** 79:1 | 152:18 154:25 | **space** 220:17 |
| 260:6 262:23 | **snapshot** | 158:15 167:19 | 221:3,16 |
| 265:15 274:3 | 278:15 | 168:23 169:15 | **span** 72:24 |
| 278:3 281:23 | **social** 66:5 | 183:11 187:22 | 209:16 |
| 283:23 284:11 | **society** 291:2 | 188:14 191:25 | **speak** 79:1 |
| 289:18 292:4 | **software** 62:20 | 192:17 203:1 | 330:25 331:10 |
| 292:20 293:11 | 62:21 63:12 | 208:5 215:3 | **speaking** 57:21 |
| 297:14 298:19 | | 217:14,19 | 58:8,10 91:2 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[speaking - stated]                                                    Page 69

119:23
**speaks** 82:2
**specialist** 5:3
269:1
**specific** 50:11
50:15 71:4
96:9,14 119:23
140:18 154:12
157:22 211:23
221:18,19
238:18 325:17
326:24
**specifically**
11:24 18:9
29:7 64:3,10
75:14 81:2,20
83:10,20 84:3
89:23 97:8
102:2 105:11
112:14 113:14
119:1 140:16
156:18,24
157:24 167:25
204:25 219:7
230:7 236:7
254:10 264:8
333:6
**specify** 113:2
**speculate**
207:14
**speculation**
216:2
**speculative**
215:18

**speed** 78:21
**spell** 51:10
**spend** 71:9
**spent** 59:13,18
235:10
**splits** 203:7
**spoke** 57:9
**spoken** 335:17
**spoliate** 33:3
**spoliated** 12:14
12:17 15:12
27:6
**spoliation**
12:22 13:9
14:7,10,18
23:20 24:1
25:1 26:1,9
47:6 54:17
153:8 280:14
295:16 315:19
**spot** 251:17
**spots** 80:17
**st** 30:5,8,13
65:23,24 68:2
68:6
**stack** 281:8
**stages** 288:6,21
291:9
**stamped** 75:20
**stand** 62:19
**standard** 88:7
127:11 128:3
138:15,16,21
143:8 151:6,9

159:23 171:17
207:18 208:12
209:6,7,14
210:16 226:15
227:12 327:2
**standards**
14:22 16:10
17:1,5,6,10
23:23 35:2
36:19 37:10,18
37:21 87:17,22
87:23 88:2,10
88:13,17 89:17
94:3,19 96:23
97:7,19 103:3
124:13 132:16
135:1 144:11
150:2 208:19
208:25 237:18
238:2 279:5
326:24 340:14
**starbucks**
223:7
**start** 15:8
69:20 82:15
171:13 210:14
217:23 281:5
317:7 326:14
**started** 15:9
23:13 80:20
**starting** 40:7
45:13 112:18
168:25 174:7
179:13 183:3

183:17 184:4
188:10 214:19
215:3 216:20
240:17
**starts** 31:12
56:9 168:18
218:21 241:19
257:1
**state** 1:6 3:3
6:15 7:10,12
10:11,13,16
31:20 42:7
69:14 81:24
97:8 109:1
113:15 130:17
132:7 143:13
156:25 160:6,9
160:15 177:10
234:22 282:21
287:15 296:17
298:18 300:12
306:15 319:12
322:2 326:16
327:4 331:8
332:3 342:13
**state's** 236:13
**stated** 39:9,16
91:9,25 93:11
93:20 143:16
232:25 262:6
271:14 280:16
291:21 320:20
334:17 336:10

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[statement - substantial]**                                         Page 70

| | | | |
|---|---|---|---|
| **statement** 38:9 | 228:11 237:2 | 273:11 278:14 | 232:7 253:18 |
| 38:19 45:5 | 243:4 250:19 | **sticker** 273:10 | 256:18 |
| 66:14 67:17 | 252:13 255:12 | **sticky** 193:8 | **subheading** |
| 68:11 81:8,15 | 302:5 312:20 | 272:3 | 248:18 299:3 |
| 81:18 82:1 | 314:25 316:9 | **stop** 30:9 | **subject** 83:2 |
| 86:1,23 89:24 | 325:10 326:9 | 184:12 211:15 | 99:11 107:2 |
| 90:5 91:23 | 332:18 | 211:24 | 112:1 124:2 |
| 93:14 94:1,8 | **stating** 42:7,8 | **stopped** 332:3 | 127:6 128:9 |
| 108:1 111:9 | 78:12 81:9 | 332:13,16,17 | 129:12 138:3 |
| 112:16 124:11 | 91:5,17 131:9 | **stops** 332:7 | 172:12 184:1 |
| 148:2 150:20 | 141:24 142:13 | **storage** 221:16 | 215:13 219:14 |
| 155:24 157:17 | 153:20 216:1 | 235:12 249:19 | 246:3 257:18 |
| 162:17 166:15 | 216:21 252:20 | 267:16 268:3 | 258:12 266:7 |
| 197:9 223:17 | 295:6 | **store** 266:21 | 267:11 297:2 |
| 223:22 238:18 | **statistical** | 267:6,7,7,9,16 | **submission** |
| 283:10 284:12 | 198:12 | 332:5 | 195:22 |
| 294:13 302:3 | **statistically** | **stored** 15:24 | **submit** 30:19 |
| 318:7 319:19 | 98:18 206:21 | 147:21 148:6 | 196:11 |
| 320:10,12,13 | **statistics** | **stores** 266:10 | **submitted** |
| 325:22 326:4 | 158:11 194:20 | **storing** 220:19 | 13:18 14:1,6 |
| **statements** | 204:10,13,15 | **straight** 244:14 | **submitting** |
| 86:9 103:1 | **statute** 189:20 | **streamline** | 56:11 |
| 253:12 294:10 | **stems** 34:25 | 218:6,16 | **subscribed** |
| 310:2 324:18 | **stenographic...** | **street** 3:14 4:20 | 342:10 |
| 324:20 325:7,7 | 2:7 338:12 | 171:22 | **subsequent** |
| 325:24 336:9 | **step** 55:4 190:7 | **strike** 17:13 | 99:12 100:9 |
| 336:14 | 190:15 | 135:25 200:3 | **subset** 74:9 |
| **states** 1:1 6:18 | **stepping** 18:5 | 334:2 | 205:3,4 282:17 |
| 11:19,23 17:17 | **steps** 19:2,10 | **strong** 130:7 | **substance** |
| 68:17 69:11 | 55:7 151:3,7 | **stuck** 231:19 | 251:23 310:20 |
| 78:11,16 85:25 | 151:22 190:18 | **study** 98:16 | **substantial** |
| 89:19,20 90:5 | 294:21 314:21 | **stuff** 73:15 | 107:16 162:20 |
| 112:19 120:11 | **stick** 45:10 | 74:12 118:11 | 163:7 |
| 136:8 139:7 | 73:13 126:19 | 215:17 230:8 | |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[substantive - take]                                    Page 71

**substantive**
  77:18 78:5
  81:16 90:22
  91:3,6,15 92:1
  116:20 252:22
  319:24 335:4
  335:10
**sucker**  57:24
**sufficiency**
  157:10 202:16
**sufficient**  86:12
  120:25 153:24
  154:15 155:13
  155:19 156:21
  157:19 159:7
  159:22 160:5
  160:22 203:22
  329:15
**suggest**  50:19
  83:17
**suggested**
  230:7
**suggesting**
  220:6 254:16
  255:16 258:14
  260:8
**suggestion**
  230:23
**suggestions**
  50:12 79:17
  258:8
**suggests**  79:12
  257:9

**suing**  314:5,6
**suit**  299:6
  327:3
**sum**  32:18
  59:12
**summarized**
  335:24
**summarizing**
  112:6 296:6
**superior**  32:22
  33:24 34:9
  36:14
**support**  14:2,7
  17:18 21:24
  26:7 44:14
  170:19 195:23
  198:17 282:4
  297:25
**supported**  94:1
  94:19
**supporting**
  88:3
**supports**
  248:19
**supposed**  323:9
**sure**  16:11 33:6
  35:9 50:17
  58:3 66:10,22
  73:9,21 76:13
  78:24 80:6
  93:17 95:17
  116:1 117:16
  118:24 119:2,6
  134:4 136:21

  144:9,16
  149:17 162:8
  166:7 170:10
  172:10 173:13
  174:23,25
  178:8 188:4
  205:11 219:17
  219:21 231:24
  231:25 240:24
  247:18 252:2
  258:7 259:24
  263:4 265:11
  278:2 285:11
  302:13 303:1
  304:18 306:11
  316:15 326:23
  334:7 335:9
**surprising**
  157:23,25
**surrounding**
  152:14 254:17
**survey**  98:22
**suspect**  255:8
**suspend**  172:5
  172:15,24
**suspended**
  173:16
**swear**  8:2
**swiss**  199:15
  200:25 262:18
  333:24 334:6
  334:19
**switch**  152:1
  189:24 213:12

  287:3
**switched**
  325:12,23
**switching**
  116:2 117:18
**sworn**  8:6 27:3
  338:6 342:10
**system**  82:17
  105:4 122:8,15
  123:8 139:4
  170:11 209:15
  211:15,25
  227:6 244:25
  245:1,21,22
  246:14,24
  247:20 248:1
  304:24
**systems**  122:22
  130:9 131:15
  211:10 227:18

**t**

**t**  8:5 338:1,1
  339:6 342:1
**table**  101:8
  315:14 335:25
**tactic**  164:19
**take**  6:11 9:8
  15:17 19:2,10
  30:19 31:25
  53:13 55:13
  65:1 87:10
  98:11 103:16
  111:22 112:2

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[take - terms]**                                                Page 72

| | | | |
|---|---|---|---|
| 114:2 127:3,25 | **talked**  86:17 | **team**  71:15 | 213:15 219:21 |
| 139:22 151:7 | 110:18 114:11 | 98:11 109:24 | 265:20 278:17 |
| 169:18 177:16 | 141:22 187:5 | **teams**  127:23 | 281:1 285:7 |
| 179:13 180:4 | 209:9 214:12 | **tech**  61:20 62:3 | 290:4 324:4 |
| 184:4,11 | 247:5 253:12 | 62:10,13,16 | 329:14,25 |
| 189:15 190:6 | 272:11 281:12 | 63:22 64:3 | 336:17 |
| 190:14 201:14 | 300:1 336:4 | 104:6,14,18 | **telling**  192:21 |
| 203:6 213:18 | **talking**  13:7 | 105:2,11,23 | 215:23 284:25 |
| 222:19 238:6 | 35:9,10 43:13 | 107:16 108:17 | **tells**  219:7 |
| 280:17 294:18 | 44:5 59:6 | 108:20,22 | **tempered** |
| 298:9 308:13 | 71:20 99:25 | 109:2,3,8,13,14 | 255:20 |
| 308:22 311:3 | 102:4 105:15 | 109:24 110:11 | **ten**  56:22 |
| 323:6 324:2 | 123:3 124:19 | 110:15,23 | 149:18 213:17 |
| 327:21 331:15 | 126:14 159:3 | 111:14 176:1 | 278:1 |
| **taken**  2:3,7 | 190:23 191:21 | 178:18 180:13 | **tend**  78:21 |
| 54:10,12 65:5 | 194:3 203:11 | 183:5 238:24 | **tension**  241:19 |
| 94:7 114:6 | 218:14 223:9 | **technical** | 241:21 |
| 177:21 215:15 | 233:4 241:5,7 | 273:16,24 | **tensions**  243:21 |
| 222:24 274:24 | 265:8 267:1 | 274:1 | 248:11 |
| 279:20 280:21 | 271:25 283:4 | **technologies** | **terms**  8:21 |
| 300:7 311:25 | 292:18 309:2 | 147:19 148:4 | 21:21 24:7 |
| 327:25 338:11 | 309:16 317:21 | **technology** | 27:10 30:21 |
| **talk**  22:23 90:2 | 326:5 | 11:12 102:6 | 47:14 50:12 |
| 100:24 102:6 | **talks**  80:13 | 133:22 187:20 | 51:24 54:8 |
| 117:14 118:10 | 81:15 86:25 | 187:21 255:22 | 63:11 64:18 |
| 118:21 126:24 | **tank**  132:22 | **tell**  48:6 62:2 | 67:10 82:10 |
| 130:25 132:20 | 133:10,14,16 | 74:17 80:6,25 | 84:25 128:25 |
| 139:11 152:1 | 292:8,14 | 86:13 95:1 | 134:11 139:24 |
| 152:19 156:21 | **tape**  191:18 | 97:11 113:21 | 148:12 151:6 |
| 159:18 193:24 | **tasked**  241:23 | 128:16 129:16 | 163:2 174:25 |
| 218:25 237:13 | **taught**  30:7,11 | 132:11 163:21 | 192:13 194:19 |
| 268:8 275:7 | 65:23 68:2,9 | 180:9 182:23 | 206:20 215:23 |
| 276:5 278:7 | **teaching**  30:5,7 | 183:11 186:5,6 | 216:22 217:1 |
| 288:15 327:19 | 30:9 | 193:7 197:24 | 235:23 244:14 |

Veritext Legal Solutions

800-567-8658                                                973-410-4098

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[terms - time]**                                                    Page 73

| | | | |
|---|---|---|---|
| 256:1 263:25 | 11:25 32:9 | 200:24,25 | 279:21 286:1 |
| 268:6 270:18 | 39:22 69:15 | 219:3 231:17 | 290:15 292:8 |
| 274:8 276:17 | 100:5 189:20 | 238:23 248:22 | 292:14 297:7 |
| 277:14 286:2 | 298:18 300:3 | 266:25 276:16 | 311:16 317:18 |
| 288:2 297:2 | 300:12 305:13 | 276:20 297:2 | 322:4 327:12 |
| 311:6 316:17 | 306:15,19 | 317:6 | **thinking** |
| 321:15 322:8 | 307:8 308:10 | **think**  16:15 | 232:17 |
| 326:24 327:11 | **texas's**  299:5 | 33:11 49:24 | **thinks**  91:17 |
| **test**  285:21 | 305:18 | 61:23 82:7 | 113:24 |
| **tested**  330:7 | **text**  19:24 | 93:14 105:14 | **third**  61:3 |
| **testified**  48:1,3 | 95:11 97:24 | 105:18 108:12 | 126:8 200:22 |
| 200:15 270:21 | 260:15,17 | 113:12 121:21 | 226:6 241:10 |
| 272:15 274:7 | 264:1 267:19 | 121:24 128:5 | 274:19 |
| **testifies**  8:7 | 305:24 | 131:18 132:22 | **thorough** |
| **testify**  135:19 | **thank**  130:6 | 133:10,13,14 | 242:10 |
| 276:9 277:4 | 189:7 200:2 | 133:16 134:12 | **thought**  266:25 |
| 338:7 | 236:1 268:23 | 135:16,16 | **three**  60:6 61:1 |
| **testifying**  47:23 | 317:13 327:20 | 141:20 150:16 | 61:22 84:6 |
| **testimony**  21:1 | 337:10 | 154:12 155:25 | 85:17 86:17 |
| 21:13 27:4 | **thanks**  79:2 | 159:4 160:18 | 238:19,19,25 |
| 37:13 44:11 | **theoretically** | 166:1,15 170:3 | 248:2 320:4 |
| 48:4 67:8 70:3 | 335:6,12 | 171:7 175:14 | 323:20 |
| 85:6 93:10,19 | **thing**  9:6 35:9 | 182:24 190:9 | **throw**  192:21 |
| 94:6 131:20 | 45:20 84:24 | 191:12 192:6 | **throwing**  192:2 |
| 197:23 270:20 | 137:13 200:13 | 202:22 212:12 | **tie**  198:22 |
| 270:24 271:3 | 200:22 | 213:12 216:6 | **time**  6:3,9 7:11 |
| 271:21 272:10 | **things**  8:24 | 230:2,13 232:9 | 14:12 26:6 |
| 292:10 323:19 | 13:17 24:4,11 | 233:12 239:20 | 27:8 40:11 |
| 328:19,23 | 49:18 66:8 | 247:14 250:24 | 59:4,5 65:3,6 |
| 334:6 337:15 | 74:11 116:21 | 253:9 257:21 | 78:25,25 87:10 |
| **testing**  284:22 | 118:21 119:25 | 261:19,23 | 87:19 104:19 |
| **texas**  1:2,6 3:4 | 120:1 132:5 | 262:21 263:10 | 113:22 114:7 |
| 3:7,21 4:4,12 | 159:4 176:4 | 266:12,24 | 127:5 157:3 |
| 6:15,19 10:16 | 182:2 196:13 | 268:21 272:22 | 164:18 177:18 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[time - transmits]**                                                                 Page 74

| | | | |
|---|---|---|---|
| 177:22 180:19 | **timely**  12:19 | **told**  115:13 | **torrealba**  3:10 |
| 183:2 184:20 | 131:10 153:24 | 163:12 197:16 | 7:22 |
| 185:23 187:10 | 154:14 155:12 | 200:23 273:25 | **total**  206:19 |
| 188:2,11 203:6 | 155:19 157:18 | 282:15 283:23 | **totally**  29:13 |
| 205:6 206:12 | 157:21,21 | 308:11 | 251:2 266:16 |
| 206:14 209:22 | 160:4,22 | **ton**  75:13 | **touch**  140:17 |
| 209:24 210:23 | **times**  44:2 | **took**  91:13,16 | 180:12 |
| 210:24 212:12 | 48:19 63:21 | 95:1 110:9 | **touches**  238:22 |
| 213:14 221:9 | 96:13 121:4 | 170:15 227:9 | **towards**  234:17 |
| 221:22 222:22 | 123:5,14 | 229:3 266:2 | **trade**  4:11,19 |
| 222:25 229:6 | 204:21 258:24 | 272:15 326:2 | 54:9 55:12 |
| 229:23 230:13 | **timing**  181:12 | **tool**  99:10 | 188:7,18 189:2 |
| 231:15 232:12 | **title**  72:18 | 104:12 110:2 | 189:12 |
| 232:13,22 | 225:4,14 | 115:20 126:24 | **trading**  61:17 |
| 235:10 240:9 | 248:17 298:21 | 129:10 299:22 | **training**  103:3 |
| 245:8 247:1 | **today**  37:19 | 300:21 318:14 | 227:23 228:7 |
| 257:15 263:15 | 50:11 65:18 | **tools**  115:14 | 228:10 229:6,7 |
| 263:18 264:22 | 96:12 214:13 | 126:3 128:6 | 229:21,25 |
| 266:2 272:6 | 228:12 238:13 | 249:18 293:3 | 230:3,5 293:2 |
| 274:25 279:20 | 239:7 258:24 | 300:20 | **trainings** |
| 280:19,22 | 263:23 276:9 | **top**  224:24 | 229:17 |
| 289:24 290:16 | 286:5 328:20 | 234:25 278:4 | **transcript** |
| 297:13 298:12 | 328:24 329:21 | 281:7 | 72:11 273:3,5 |
| 300:5 301:9 | 330:14 335:1 | **topic**  22:20 | 338:11 340:19 |
| 317:11 323:6 | **today's**  120:18 | 23:19,25 | 342:3 |
| 323:12 324:6 | 171:5 263:24 | 105:20 117:5 | **transcripts** |
| 327:23 328:1 | 264:2 337:15 | 140:7 142:3,17 | 102:14 152:12 |
| 337:13 338:13 | **together**  198:6 | 182:21 223:11 | 152:17 198:23 |
| **timeframe** | **toggle**  271:7 | 228:5 | 233:1 265:24 |
| 204:24 223:25 | 285:3 | **topics**  66:5 | **transfers** |
| **timeliness** | **toggling**  269:17 | 115:15 117:14 | 254:22 |
| 155:5,21 | 270:4 272:2 | 139:12 216:7 | **transmits** |
| 156:16 157:10 | 286:9 | 293:12 | 171:25 |

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

[transparent - under]                                      Page 75

transparent
  293:5 296:19
trash  192:10,23
  193:4
treated  94:22
treatise  225:4
  225:22
treatises  94:4
treatment  92:3
trend  104:18
tried  23:18
trier  16:18,19
  36:24 46:12,15
  46:22
trigger  36:21
  178:11 184:6
  188:5 191:23
triggered  35:19
  35:20 174:21
  175:1,8 178:19
  188:6
triggers  34:8
trivial  235:7
trouble  22:11
  212:6,10
  274:20
true  13:6 15:13
  17:23 18:7
  19:12 20:13
  21:9 24:10
  27:20 29:8
  38:7 66:24
  67:1,23 98:5
  98:17 99:5,6

103:13,20
104:14 118:19
144:10 151:18
151:23 163:10
166:18 168:2
168:10,14
196:7 223:25
250:16 256:14
267:25 272:25
279:9 288:7
295:3 306:4
307:12 308:7,8
308:18,25
309:12 314:15
317:3,4 319:3
338:10
truly  205:4
trust  170:12
truth  338:7,7,8
try  23:17 41:12
  138:7 165:19
  182:10 221:24
trying  29:14
  130:19 166:20
  173:14 175:12
  175:17 262:25
  290:20
tuesday  71:24
turn  40:2 72:16
  139:13 140:19
  199:18 233:6
  259:4 261:5
  262:8 275:12
  281:8 282:18

283:5 290:23
303:15 304:7
309:20,20,20
315:11 326:4
335:21
turned  113:10
  126:11 199:20
  262:11,12,13
  262:14,15,16
  323:13 324:6
turning  83:8
  140:4,5,10
  141:3 317:10
turns  333:20
  334:12
tweak  231:12
twice  216:6
two  8:24 51:3
  55:20 56:20
  59:18 60:5,24
  63:2 72:24
  89:7 107:14
  118:8,18 142:5
  155:17 215:10
  245:11 248:2
  266:25 304:18
type  57:11
  137:13 185:15
  221:19 225:22
  250:5 262:19
  305:25
typed  60:18
types  49:18
  81:17 82:2

84:14 91:4
92:2 211:20

u

u  8:5 342:1
ultimate
  169:23
ultimately
  272:10 279:7
unable  19:23
  282:18
uncertain
  166:13,21,22
unchangeable
  282:2
unchecked
  220:1
unclear  142:18
  162:15
undated  228:9
  228:11
under  14:13
  17:23 18:11,24
  19:13 20:14
  27:3 30:14
  48:22 59:24
  60:2 76:5
  84:10 85:25
  119:8 122:22
  123:7,16
  129:11 135:19
  144:10,12
  146:19 151:1,7
  159:23 173:1

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[under - user]**                                              Page 76

183:6 196:6,17
198:1 201:10
208:25 209:7
226:6 246:7
247:22,23
248:2,10,17
249:4 261:16
263:7 266:22
277:4 278:17
285:13 297:23
323:20 326:14

**undermine**
39:3 40:6
45:12 214:17

**underneath**
235:4

**understand**
8:20 28:11
81:19 96:13
119:7 175:17
178:9 181:11
196:10 208:5
209:1 252:24
253:16 259:25
259:25 260:13
266:17 287:25
299:17 305:24
306:13 323:3
331:18

**understanding**
18:4 19:6
27:25 29:12
37:3 62:13
70:12,14

151:25 158:19
159:1 171:16
177:11 229:5
229:16 247:4
269:19 270:7
272:14 277:13
278:19,24,25
298:14 305:18
306:20,25
312:19 313:16
332:25

**understands**
169:24

**understood**
9:17,22 16:12
33:6 148:7
149:4

**undertaken**
268:1

**unequal**  312:21
313:11 315:5,9

**uniform**  226:15

**unique**  50:14

**unit**  273:20
274:10 275:24
327:10

**united**  1:1 6:18
17:17

**units**  270:13,15
270:17 271:1,5
271:23 273:18
275:10

**universally**
93:2,8

**universe**  73:4
311:13

**university**  10:8
65:24,25

**unmarked**
308:24

**unnecessary**
248:21

**unreasonable**
190:5,14

**unredacted**
119:18

**unsent**  204:23

**unusual**  78:15
79:14 107:23
108:7,13

**updated**  59:4
60:20 66:3
224:23 225:23
226:3 289:24
290:2,5,13,16

**upper**  315:20

**urged**  139:3

**usage**  200:16
249:17

**use**  14:16 33:19
38:25 50:19
82:17 99:10
108:23 109:10
113:16 115:13
115:20 116:19
117:8,9,13
118:2 122:7,15
122:21,25

123:8 125:8,19
130:8 131:14
135:21 136:19
138:2 139:4,11
142:20 147:11
157:20 216:25
217:3 222:20
236:5,9 241:12
243:5,17
248:11 255:9
256:13 257:6
257:15 269:10
291:11,14
292:9 314:17
317:23 318:20
318:22 319:24
330:25 331:5

**used**  8:13 12:21
31:16 102:5
119:24 133:13
141:7,12
215:15 242:2
246:18 255:18
264:5 269:8
276:10 296:3
313:15 314:20
318:14 319:15
320:10,15
330:1

**useful**  235:9

**usefulness**
251:13

**user**  251:14
268:18 278:20

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[user - want]** Page 77

| | | | |
|---|---|---|---|
| 307:11 308:10 | **various** 83:18 | **videotape** 1:15 | **voice** 297:12 |
| 308:11,12,16 | 100:9 183:4,7 | **videotaped** 2:2 | **volume** 124:23 |
| 308:20,22 | 183:18 185:16 | **view** 11:14 38:5 | 144:20 145:1,7 |
| **users** 277:2,3 | 203:20 232:10 | 41:20 48:8 | 145:16 202:18 |
| 281:14 282:10 | 314:17 | 80:15 83:12 | 222:6 237:19 |
| 285:2 | **vary** 185:13 | 93:6 98:3 | 238:7,15,22 |
| **using** 100:24 | **vault** 143:4 | 113:4 152:2 | 242:21 339:21 |
| 105:5 107:20 | **veered** 107:19 | 160:16 164:9 | 340:15 |
| 108:4 140:12 | **verbal** 123:4 | 183:10 184:6 | **volumes** 89:7 |
| 140:20 187:21 | **veritext** 7:1,4 | 184:12 194:12 | 203:24 220:1 |
| 233:15 243:22 | **version** 126:16 | 216:19 263:20 | 249:11 |
| 274:19 276:17 | 228:25 263:24 | 264:20 280:1 | |
| 286:6,19 329:5 | 264:2,4,6,10 | 293:13 303:9 | **w** |
| **usual** 78:17 | 277:6 289:22 | 313:10 319:3 | **wait** 9:9 228:16 |
| 86:11 221:2 | **versions** 114:25 | **views** 112:21 | 237:23 |
| **usually** 11:11 | 140:1 276:6,6 | 131:9 | **wake** 100:11 |
| 48:13 111:16 | 276:9 | **viii** 317:17,19 | 180:22 181:9 |
| | **versus** 6:16 | **violate** 112:8 | **walker** 43:17 |
| **v** | 192:10,22 | 112:15 113:5 | 44:7 45:18 |
| **v** 1:8 53:16 | 243:23 244:19 | 113:13 210:15 | 214:6,12 |
| 196:16 197:2 | 252:8 | 216:4 243:7 | 223:24 330:15 |
| 197:11 202:2 | **vet** 288:6,21 | **violated** 15:6 | 340:5 |
| **vague** 150:20 | 291:8 | 132:8 | **walking** 171:5 |
| 150:21 | **video** 5:3 6:10 | **violates** 131:19 | 171:9 |
| **value** 77:19 | 6:13 | 132:6 136:4 | **want** 8:25 |
| 78:5 81:16 | **videographer** | **violating** 137:2 | 16:11 20:5,21 |
| 90:22 91:3,6 | 6:1 8:1 65:3,6 | 137:12 | 22:23 24:16 |
| 91:16,18 92:1 | 114:4,7 177:18 | **violation** | 28:13 33:5,16 |
| 249:15,17 | 177:22 222:22 | 130:15 132:8 | 35:8 49:9,19 |
| 250:1,7,14 | 222:25 280:19 | 209:13 | 72:16 73:13 |
| 251:11 252:8 | 280:22 317:12 | **violations** | 77:12 93:17 |
| 252:16 254:12 | 327:23 328:1 | 189:19 222:10 | 95:17 97:4 |
| **variety** 133:22 | 337:13 | **virtue** 331:19 | 125:22 126:23 |
| | | | 126:25 143:17 |

Veritext Legal Solutions

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[want - work]**                                                    Page 78

146:10,11
163:25 171:2
171:18 177:25
178:8 201:23
213:17,22
215:2 221:7
223:11 230:1
235:20 237:13
240:23 241:17
249:21 253:8
256:23 258:7
259:24 269:24
273:12 275:7
285:15 290:22
298:1 306:5
317:16 324:2
327:21 335:21
**wanted** 56:13
58:15 59:12
85:15 200:8
278:11 303:17
317:6
**wants** 255:6
**washington**
3:15
**watch** 273:10
**watchdog**
51:12 52:11,14
52:19 53:9,15
53:16 339:10
**way** 32:16 38:1
51:16 138:25
139:2 143:16
149:2 154:18

161:11 195:1
211:12 218:9
219:4 223:3
232:23 233:19
233:21 239:23
244:6 246:7
247:20 251:18
258:9 264:12
264:13 277:11
282:17 285:17
288:3,18 291:2
291:6 292:16
307:10 315:24
318:4 332:3
333:24 337:6
**ways** 40:9
45:15 49:17
206:17 215:16
216:21 228:15
261:20 304:1
**we've** 34:17
45:16 63:4
104:4 113:1,20
166:3 187:5
190:23 209:9
213:13 253:10
254:5 278:1
299:17 334:21
**web** 49:13
**website** 29:22
30:2,14 65:14
65:18 68:6
339:15

**websites**
187:20
**week** 120:12
199:23
**weeks** 70:1
71:10 72:24
███████
325:19
**went** 20:24
21:10 31:2
55:6 114:12
244:17 248:13
303:5 310:2
**west** 4:3
**westlaw** 168:17
**whispering** 6:7
**whiteboard**
193:13,16
**whiteboards**
193:20
**widely** 81:3
**widespread**
76:10 79:19
81:11 84:13
86:3 89:22
90:8,17 112:20
241:13
**willing** 50:10
**window** 285:14
**wish** 343:1
**witness** 7:25
8:2 95:18
203:3 222:17
222:20 327:17

339:2
**witnessed**
24:25 269:13
286:6
**witnesses** 78:21
**word** 12:21
14:10 50:8
51:9 113:17
125:4,4 129:20
133:14 149:17
157:20 216:25
217:3,9 240:23
240:23 267:18
286:25 287:1
291:12
**words** 31:4
50:19 142:8,20
246:15 260:4
280:13 291:13
291:16 292:9
321:9
**work** 30:24
32:1 47:14,17
48:8,10 49:11
50:4 61:11
69:14,21 94:9
95:3 96:16
98:17 116:17
127:14 128:15
144:11 197:24
200:8 201:2,22
202:1,5 206:8
237:6 269:10
269:11 300:19

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**[worked - zoom]**                                     Page 79

| | | | |
|---|---|---|---|
| **worked**  61:22 | 307:9,14 | **x** | 94:17 110:21 |
| 62:8,14 64:20 | **writing**  66:9 | **x**  1:5,11 135:8 | 182:1 186:5 |
| 68:14,15,22,25 | 194:20 215:17 | 339:1,6 | 232:17,17 |
| 69:4,9 129:18 | 228:16,17 | **xv**  153:22 | 238:19,20,25 |
| 181:24 208:20 | 232:7 239:4 | **xviii**  323:9 | 266:6,23 268:4 |
| 208:20 286:12 | 265:17 296:7 | **y** | 279:9 281:14 |
| 286:20 | 306:19 | **yeah**  36:2,2 | 289:25 290:3 |
| **working**  37:4 | **written**  31:4,9 | 48:14 60:17 | **yetter**  297:19 |
| 48:12 71:15 | 57:12 66:5,21 | 84:19 86:23 | 298:5,11 341:2 |
| 133:25 145:11 | 67:9 209:10 | 103:19 142:12 | **york**  2:6,6 4:21 |
| 145:12,14,18 | 210:17 290:18 | 146:3 153:10 | 4:21 6:24 |
| 145:19,24 | 293:17 306:14 | 157:5 162:13 | 10:14 31:20 |
| 218:6,15 | **wrong**  21:25 | 187:4 191:14 | 32:1 52:20 |
| **workings**  242:6 | 40:3 178:5 | 194:15 252:1 | 237:24 310:9 |
| **works**  279:2 | 209:13 215:22 | 319:20 335:15 | **yup**  46:5 142:9 |
| **workspace** | 216:5,17 | **year**  10:24 | **z** |
| 268:10 269:2,9 | 251:17 275:21 | 56:22 68:7 | **zero**  213:14 |
| 269:11,14 | 275:22 280:2 | 170:15 179:18 | **zip**  267:18 |
| 270:1,11,18 | **wrongdoing** | 180:5 182:9 | **zoom**  3:16,22 |
| 274:10 275:25 | 187:2,6,12 | 184:5 196:20 | 4:22 |
| 276:10,13 | 256:14 | 198:2,11,20 | |
| 278:6 | **wrote**  40:5 57:2 | 201:4,13 | |
| **workspaces** | 57:2,6,7 60:22 | 202:12 206:2 | |
| 286:3 | 97:17 196:16 | 207:22 208:16 | |
| **world**  4:11,19 | 224:21 226:1,2 | 212:14 227:21 | |
| 49:14 216:5 | 226:10,18,20 | 289:20 316:8 | |
| **wrap**  129:19 | 226:23 227:14 | 316:13,15,16 | |
| **write**  30:17,23 | 228:13 289:17 | **years**  23:1,3,6 | |
| 215:13 216:7 | 290:25 293:19 | 23:12,16 24:24 | |
| 224:19 273:12 | 294:16 300:18 | 25:24 30:12 | |
| 289:20 291:6 | 308:10 309:9 | 34:6 37:3 59:6 | |
| 291:23 297:9 | **wulfsberg**  4:15 | 59:8,14,18 | |
| **writes**  215:12 | 7:19 | 66:1 68:3,10 | |
| 242:9 302:10 | | | |

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the

foregoing transcript is a true, correct and complete

transcript of the colloquies, questions and answers

as submitted by the court reporter. Veritext Legal

Solutions further represents that the attached

exhibits, if any, are true, correct and complete

documents as submitted by the court reporter and/or

attorneys in relation to this deposition and that

the documents were processed in accordance with

our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining

the confidentiality of client and witness information,

in accordance with the regulations promulgated under

the Health Insurance Portability and Accountability

Act (HIPAA), as amended with respect to protected

health information and the Gramm-Leach-Bliley Act, as

amended, with respect to Personally Identifiable

Information (PII). Physical transcripts and exhibits

are managed under strict facility and personnel access

controls. Electronic files of documents are stored

in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.