IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | | |
| Defendant. | | |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS
MOTION TO EXCLUDE EXPERT TESTIMONY OF IGNATIUS GRANDE AND
TO STRIKE HIS IMPROPER "REBUTTAL" TESTIMONY**

# Table of Contents

Table of Authorities ................................................................................................................. iii
    I.    Grande's Opinions Cross the Line From Industry Standards to Legal Conclusions. ......... 1
    II.   Plaintiffs' Cited Cases Further Support Excluding Grande's Testimony. .......................... 2
    III.  Certain of Grande's Opinions Warrant Exclusion on Other Grounds. ............................... 3
    IV.  Plaintiffs Continue to Pretend that Malkiewicz Offered Opinions He *Did Not* Offer. ........ 5

# TABLE OF AUTHORITIES

**Cases**                                                                                                                       Page(s)

*Beaton v. SpeedyPC Software*,
    2017 WL 6569630 (N.D. Ill. Dec. 21, 2017)..........................................................................................2

*BHI Energy I Power Servs. LLC v. KVP Holdings, LLC*,
    730 F. Supp. 3d 308 (N.D. Tex. 2024) .................................................................................................1

*Buddenberg v. Est. of Weisdack*,
    711 F. Supp. 3d 712 (N.D. Ohio 2024).................................................................................................3

*Butler v. BNSF Ry. Co.*,
    2024 WL 2735020 (E.D. Tex. Mar. 26, 2024) ......................................................................................2

*Calsep, Inc. v. Intelligent Petroleum Software Sols., LLC*,
    2021 WL 1729169 (S.D. Tex. Apr. 29, 2021) ..............................................................................1, 2, 3, 4

*Conn v. C.R. Bard, Inc*,
    2021 WL 2346036 (S.D. Tex. June 8, 2021)........................................................................................4

*Edwards v. Junior State of Am. Found.*,
    2021 WL 1600282 (E.D. Tex. Apr. 23, 2021) ......................................................................................1

*Eveler v. Ford Motor Co.*,
    2017 WL 3382460 (E.D. La. Aug. 7, 2017) .........................................................................................4

*Gen. Elec. Co. v. Joiner*,
    522 U.S. 136 (1997)..............................................................................................................................4

*GN Netcom, Inc. v. Plantronics, Inc.*,
    930 F.3d 76 (3d Cir. 2019)....................................................................................................................3

*Greger v. C.R. Bard, Inc.*,
    2021 WL 3855474 (E.D. Tex. Aug. 30, 2021) ..................................................................................2, 3

*Jim S. Adler, P.C. v. McNeil Consultants, LLC*,
    2023 WL 2699511 (N.D. Tex. Feb. 15, 2023)......................................................................................1

*In re Local TV Advert. Antitrust Litig.*,
    2023 WL 5607997 (N.D. Ill. Aug. 30, 2023) .......................................................................................3

*Olney v. Job.com*,
    2014 WL 5430350 (E.D. Cal. Oct. 24, 2014).......................................................................................3

*In re Pac. Fertility Ctr. Litig.*,
    2021 WL 1054374 (N.D. Cal. Mar. 19, 2021)..........................................................................2

*Pajak v. Under Armour, Inc.*,
    636 F.Supp.3d 629 (N.D. W.Va. 2022) ...................................................................1, 2, 3, 4

*Pharr v. Wille*,
    2016 WL 4082740 (W.D. Tex. July 29, 2016) .......................................................................4

*Rimkus Consulting Grp., Inc. v. Cammarata*,
    688 F. Supp. 2d (S.D. Tex. 2010) ...........................................................................................2

*Sec. & Exch. Comm'n v. Ambassador Advisors, LLC*,
    576 F. Supp. 3d 250 (E.D. Pa. 2021) .....................................................................................2

**Other Authorities**

Fed. R. Civ. P. 37...........................................................................................................................1, 3

Fed. R. Evid. 403 ...............................................................................................................................3

Ignatius Grande opines that Google "spoliated" evidence, that each element of Federal Rule of Civil Procedure 37(e) is satisfied, and that Plaintiffs were prejudiced. Mtn. (ECF 764) at 5–7. But the law is clear: those are legal conclusions within the province of the Court that experts ***cannot offer***. The cases cited in Plaintiffs' Response (ECF 783) uniformly preclude this exact expert testimony. Nor can Plaintiffs evade Grande's other glaring issues, including his improper opinions on Google's intent and his lack of qualifications for his quantitative opinions. And Plaintiffs continue to put words in Google's expert Michal Malkiewicz's mouth—sparsely ***quoting*** his report, opting instead for inaccurate paraphrasing—to artificially "open the door" for Grande's improper rebuttal testimony. Grande's opinions should be excluded and/or stricken.

### I.  Grande's Opinions Cross the Line From Industry Standards to Legal Conclusions.

Plaintiffs are wrong that Grande merely opines on e-Discovery industry standards "shaped by legal standards." Resp. at 6–7. He offers point-blank legal conclusions that Rule 37(e)'s four elements are satisfied and that Plaintiffs were prejudiced under Rule 37(e)(1). Mtn. at 5–7; *Pajak v. Under Armour, Inc.*, 636 F.Supp.3d 629, 640 (N.D. W.Va. 2022) (experts cannot offer "legal conclusions" like whether a party "complied with the Federal Rules of Civil Procedure").[1] One glaring example is Grande's opinion that Google's duty to preserve was triggered between 2006 and 2013, ECF 764-5 ¶¶ 74, 106—which should be excluded for the added reason that it conflicts with this Court's ruling that Google's duty arose in September 2019. ECF 776 at 16; *Pajak*, 636 F.Supp.3d at 641 (excluding expert opinion on the same basis).

---

[1] Plaintiffs' assertion that "eDiscovery and ESI preservation are complex, nuanced topics that are not intuitively known by lay juries," Resp. at 1–2, is irrelevant. Spoliation determinations are made by courts, not juries. *See Jim S. Adler, P.C. v. McNeil Consultants, LLC*, 2023 WL 2699511, at *8 (N.D. Tex. Feb. 15, 2023) ("To apply Rule 37(e) sanctions, ***a court*** must determine that the [] four predicate elements exist."); *see also BHI Energy I Power Servs. LLC v. KVP Holdings, LLC*, 730 F. Supp. 3d 308, 325–28 (N.D. Tex. 2024); *Edwards v. Junior State of Am. Found.*, 2021 WL 1600282, at *7 (E.D. Tex. Apr. 23, 2021); *Calsep, Inc. v. Intelligent Petroleum Software Sols., LLC*, 2021 WL 1729169, at *5–*6 (S.D. Tex. Apr. 29, 2021).

1

Grande's opinion that Google "spoliated," ECF 764-5 ¶ 79, is also an improper legal conclusion on the ultimate issue. Plaintiffs cite *Rimkus Consulting Grp., Inc. v. Cammarata*, to argue spoliation is a "term of art in the eDiscovery industry" on which "courts routinely allow experts to opine," Resp. at 7 n.22, but *Rimkus* did not involve expert testimony on spoliation. And the court explained that spoliation has a ***legal meaning***: "[D]eletions, alterations, and losses cannot be spoliation unless there is a duty to preserve the information, a culpable breach of that duty, and resulting prejudice." 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010).[2] As spoliation "has a distinct legal meaning and is a legal term of art," Grande's opinion is an "impermissible legal conclusion." *Greger v. C.R. Bard, Inc.*, 2021 WL 3855474, at *10 (E.D. Tex. Aug. 30, 2021).

Plaintiffs attempt to blur the line between expert testimony on *industry standards* (which can be proper) and offering *legal conclusions* (which is never proper). But their cited cases establish that courts draw a clear distinction between the two, even in the e-Discovery context, and exclude opinions that are legal conclusions. Resp. 4–7.[3] Grande's opinions ***plainly cross that line***. Mtn. at 5–7. They should be excluded in their entirety.

## II. Plaintiffs' Cited Cases Further Support Excluding Grande's Testimony.

Plaintiffs cite several cases with e-Discovery-related expert testimony. Resp. at 4 nn.16, 17 & 18; *id.* at 6 n.20. None support Grande's admissibility. To the contrary, these cases showcase

---

[2] *See also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1054374, at *6 (N.D. Cal. Mar. 19, 2021) (spoliation is legal issue); *Beaton v. SpeedyPC Software*, 2017 WL 6569630, at *5 (N.D. Ill. Dec. 21, 2017) (same). Plaintiffs rely heavily on *Calsep*, Resp. at 4, 7, but the experts there did not opine on e-Discovery standards or whether a party violated its preservation duties; computer forensic experts opined on technical aspects of data deletion. 2021 WL 1729169, at *5–*6.

[3] Citing *Pajak*, 636 F. Supp. 3d at 640 (expert could "offer opinions regarding industry standards and best practices within the e-Discovery field, and whether the defendants complied with the same" but could not "mak[e] legal conclusions" like "whether Defendants' actions, or inactions, violated or complied with the Federal Rules of Civil Procedure, or other court rules and case law"); *Butler v. BNSF Ry. Co.*, 2024 WL 2735020, at *5 (E.D. Tex. Mar. 26, 2024) (drawing similar line); *Sec. & Exch. Comm'n v. Ambassador Advisors, LLC*, 576 F. Supp. 3d 250, 257 (E.D. Pa. 2021) (same; expert could not "offer[] opinions as to the legal duties Defendants had in this case or as to whether Defendants satisfied those legal duties.").

2

the *proper* confines of expert testimony: experts opining on (i) the fact of data loss or (ii) e-Discovery industry standards *without* reference to Rule 37(e)'s legal standards. *See In re Local TV Advert. Antitrust Litig.*, 2023 WL 5607997, at *10 (N.D. Ill. Aug. 30, 2023); *Calsep*, 2021 WL 1729169, at *6; *Buddenberg v. Est. of Weisdack*, 711 F. Supp. 3d 712, 821 (N.D. Ohio 2024); *Olney v. Job.com*, 2014 WL 5430350, at *13 (E.D. Cal. Oct. 24, 2014); *Pajak*, 636 F.Supp.3d at 640[4]; *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 86 (3d Cir. 2019).[5] The stark contrast between the expert testimony permitted in these cases—strictly confined to industry standards and e-Discovery terms of art, not terms in Rule 37(e)—on one hand, and Grande's opinions—reciting the ***exact*** legal standards from Rule 37(e), Mtn. at 6—on the other, further supports why Grande's opinions must be excluded. *Greger*, 2021 WL 3855474, at *10.

### III. Certain of Grande's Opinions Warrant Exclusion on Other Grounds.

Plaintiffs' claim that Grande is "not making 'inferences about [Google's] intent,'" Resp. at 8–9, is false. He stated in his deposition: "I believe my opinions do reflect Google's intent." ECF 764-4 at 41:17–18. His report states: "Google ***attempted to undermine*** the investigations and cases that were starting to form, including this litigation, by ... allowing for all Google Chats to be 'off the record.'" ECF 764-5 ¶ 67. Plaintiffs agree that expert testimony on a defendant's intent is improper, Resp. at 8, and the cases they cite preclude the same opinions Grande offers. *Pajak*, 636

---

[4] Plaintiffs mis-cite *Pajak*. In footnote 20, they claim the court permitted an expert to opine on whether defendants "took reasonable, good faith, proportionate, and commonly accepted steps to preserve potentially relevant content." Resp. at 6 n.20. Not so. Plaintiffs quote the opinion that was ***challenged***. *Pajak*, 636 F.Supp.3d at 641. The court did not permit that specific opinion, but instead broadly held the expert could "offer opinions regarding industry standards and best practices within the e-Discovery field" but that the expert was "precluded from making legal conclusions." *Id.* at 641–42. The pertinent question was whether the expert's opinion used terms with "a separate, distinct, and specialized meaning in the law." *Id.* That is *Pajak*'s full holding; it does not otherwise support Plaintiffs' broad claim in footnote 17. Resp. at 4 n.17.

[5] In most of these cases, the expert's opinions were not challenged as improper legal conclusions, so the courts did not consider the issue. *GN Netcom*, 930 F.3d at 86 (FRE 403 challenge); *id.* No. 12-cv-01318, ECF 591 (unreliability challenge); *Calsep*, 2021 WL 1729169 (opinion not challenged); *Buddenberg*, 711 F. Supp. 3d 712 (same); *Olney*, 2014 WL 5430350 (same).

F.Supp.3d at 639 (excluding opinion that defendant "intentionally" failed to issue proper litigation holds).[6] Grande's opinion on Google's intent must be excluded.

As to Grande's expertise, Plaintiffs do not dispute that he is neither a computer science nor a statistical analysis expert. Mtn. at 8–9. Two of Grande's opinions fall with that concession. First, his opinion that "millions" of chat messages were lost. ECF 764-5 ¶ 93. Grande provides no reliable e-Discovery-based methodology for calculating the number. Mtn. at 8 n.9 (Grande did no quantitative analysis); *cf. Pharr v. Wille*, 2016 WL 4082740, at *8 (W.D. Tex. July 29, 2016) (excluding expert opinion that was "not based on reliable methods" and provided "no methodology"). Instead, the number is sourced purely from Professor Hochstetler's calculations,[7] making it unreliable. *Eveler v. Ford Motor Co.*, 2017 WL 3382460, at *9 (E.D. La. Aug. 7, 2017) ("[U]nblinking reliance on another expert's testing also renders [expert's] methodology unreliable.").[8] Second, Grande's opinion that it would not have been "burdensome or expensive" for Google to store all chat messages for employees on litigation hold, ECF 764-5 ¶ 77, should be excluded for the same reasons. Plaintiffs do not dispute that Grande performed no quantitative analysis to determine storage costs, Mtn. at 8 n.9, and Grande does not otherwise provide a reliable e-Discovery-based methodology for determining the cost and burden to Google of these changes.[9]

---

[6] Plaintiffs argue that Texas courts allow expert testimony that a party "intentionally" deleted evidence. Resp. at 9 (citing *Calsep*). But in *Calsep*, the expert opined on the "advanced skill" required to delete the allegedly misappropriated trade secrets from the defendant's system, to suggest it was intentional and not accidental. 2021 WL 1729169, at *5. The expert did not—as Grande does here—opine the defendant deleted evidence with the **intent to undermine the plaintiff's case**. *See id.* Regardless, there was no challenge to the intent-related testimony there.
[7] His only other reference to quantitative evidence is that some Google employees "sent hundreds of Chats per day." ECF 764-4 at 198:21–199:3. But Grande does not explain his methodology to get from that evidence to his opinion that "millions" of chat messages were "spoliated." ECF 764-5 ¶ 93; *cf. Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (expert's "ipse dixit" cannot be the sole connection between opinion evidence and data).
[8] If Hochstetler's Generalized Opinions are excluded, *see* ECF 762 (Mtn. to Exclude Hochstetler), Grande's tack-on opinion must also be. *Conn v. C.R. Bard, Inc*, 2021 WL 2346036, at *7 (S.D. Tex. June 8, 2021) (expert cannot rely on other experts' excluded opinions).
[9] Grande's reported knowledge of "the time it takes to implement ESI preservation systems" Resp.

4

Grande's misunderstanding of Google's documents regarding its ability to change Chat retention settings certainly does not qualify as a "reliable" methodology. Resp. at 10.

### IV. Plaintiffs Continue to Pretend that Malkiewicz Offered Opinions He *Did Not* Offer.

Alternatively, the Court should strike Grande's Eight New Opinions identified in Google's Motion as improper "rebuttal" opinions. *See generally* ECF 764-1 (App'x A). Plaintiffs try to cast Grande's Eight New Opinions as "rebuttals," Resp. at 13–15, but they cannot quote any "rebutted" opinions from Malkiewicz's report,[10] and instead purport to paraphrase opinions he **did not offer**. For example, Plaintiffs cite paragraph 23 to claim "Malkiewicz *opines*" that Google's Chat retention process was reasonable and complied with Sedona standards. Resp. at 13. But the actual paragraph—which, like other portions cited by Plaintiffs, is part of Malkiewicz's "background" section and not his opinions—doesn't even come close.[11] This is the **only** paragraph Malkiewicz even mentions Sedona; it hardly opens the door for a "rebuttal" expert to opine (as Grande does) that Google's Chat retention practices were inconsistent with Sedona guidance and Google's legal duties, warranting spoliation sanctions.[12]

---

at 10, is *not* the same as knowing what it would take to implement Chat-retention changes.

[10] Consistent with this revisionist history, Plaintiffs didn't ask Malkiewicz about his report (or mark it as an exhibit) in his deposition, so the Response contains no cites to his *testimony*, either.

[11] Paragraph 23 of Malkiewicz's report, *in full* (ECF 764-3 at 11), reads:

> In fact, it is normal and sensible for companies to have data management policies that permit routine deletion of data. For example, the Sedona Conference, a nonprofit organization focused on advancing legal and policy research, emphasizes that organizations should balance the business value against the cost and risk associated with retaining information in Principle 6 of the Sedona Conference Commentary on Information Governance.[fn] The Sedona Conference further states that "[e]phemeral messaging can assist with implementation of the life-cycle process by eliminating data with no ongoing business value, particularly since a sizeable portion of the data growth involves this type of information (e.g., routine communications, meeting requests, duplicative email chains to large groups, etc.).[fn]

[12] The source of Plaintiffs' frustration is plain: "If Google did not want the States to designate an expert to opine on eDiscovery and ESI preservation issues, Mr. Malkiewicz should not have opined on them." Resp. at 15. However, the test for Grande is not whether Malkiewicz discussed a topic (*e.g.*, ESI preservation); it is whether Grande is contradicting Malkiewicz's specific opinions stated in his report—a test that the Eight New Opinions fail to meet. Mtn. at 9–14.

Dated: February 7, 2025                                              Respectfully submitted,

*/s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Ayesha Najam
State Bar No. 24046507
ANajam@gibbsbruns.com
Michael Doman
State Bar No. 24131182
MDoman@gibbsbruns.com
Elisa Wulfsberg
State Bar No. 24125469
EWulfsberg@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr (*pro hac vice*)
FRESHFIELDS US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Robert J. McCallum (*pro hac vice*)
FRESHFIELDS US LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 284-4910
Email: rob.mccallum@freshfields.com

*Attorneys for Defendant Google LLC*

6

## **CERTIFICATE OF SERVICE**

I certify that on February 7, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Kathy D. Patrick*
Kathy D. Patrick
