IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT GOOGLE LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

Defendant Google LLC ("Google") respectfully moves to seal its Opposition to Plaintiffs' Motion for *In Camera* Review with all attached exhibits.

### LEGAL STANDARD

While "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010), the "right to inspect and copy judicial records is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For example, courts have recognized that the public's right to access is appropriately limited to protect individual privacy, *Pugh v. Walmart Stores, Inc. Texas Inj. Care Benefit Plan*, No. 1:16-CV-490, 2017 WL 11664888, at *1 (E.D. Tex. May 30, 2017), and "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598.

In exercising its discretion to seal judicial records, "the Court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van*

*Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (directing courts to balance right of access against interest of nondisclosure).

## ARGUMENT

Google moves to file under seal its Opposition to Plaintiffs' Motion for *In Camera* Review with all attached exhibits.

These filings include excerpts of Google's and Plaintiffs' privilege logs which have been designated Confidential or Highly Confidential under the governing Confidentiality Order (ECF No. 182). Similar materials have been sealed from other filings. *See* ECF No. 337. The Opposition quotes from and summarizes the contents of these documents.

## CONCLUSION

For the foregoing reasons, Google's motion to seal should be granted.

Dated: February 11, 2025                    Respectfully submitted,

/s/  Eric Mahr
Eric Mahr (*pro hac vice*)
FRESHFIELDS US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

*Attorneys for Google LLC*

## CERTIFICATE OF SERVICE

I certify that on February 11, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

/s/ *Eric Mahr*

## CERTIFICATE OF CONFERENCE

I certify that counsel for Defendant conferred with counsel for Plaintiffs via email and that counsel for Plaintiffs confirmed Plaintiffs do not oppose the relief requested in this Motion.

/s/ *Eric Mahr*