**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al., | |
| Plaintiffs, | Case No. 4:20-cv-00957-SDJ |
| v. | Hon. Sean D. Jordan |
| Google LLC, | |
| Defendant. | |

## PLAINTIFF STATES' MOTION TO AMEND THE ORDER APPOINTING SPECIAL MASTER

## INTRODUCTION

The Court has a crowded docket with this complex case demanding disproportionate effort. At the last status conference, the States recognized the extensive work this Court must do to get this case ready for trial—not to mention the rest of the Court's docket. As the Court has already appointed David T. Moran to serve as Special Master for the parties' discovery disputes, *see* Dkt. 213, the States proposed having Special Master Moran help resolve some pretrial disputes. *See* Dkt. 791 (Tr. 33:13–23). This proposal would allow for an efficient process, *see id.* at 6:16–22, while also allowing the Court and its staff to work on other cases and carefully review any key disputes the parties continue to press after the Special Master has ruled. The civil rules expressly provide for special masters to assist overburdened courts, and these circumstances more than warrant expanding Special Master Moran's authority to cover specific, limited pre-trial matters.

Google opposes the proposal, insisting that its consent is needed—which it entirely refuses to give. *See id.* at 36:8–15. This opposition is all the more surprising when its own actions have greatly multiplied the Court's work in this case. It has sought page limitations far beyond those provided for in the local rules. It filed *eleven Daubert* motions, two summary judgment motions, multiple motions for bifurcation, to strike, and for other relief. And Google wants still more briefing on additional issues of law, and after that, demands that this Court issue detailed findings of fact and conclusions of law resolving the States' claims rather than having a jury decide. Even while it adds to the Court's workload, Google continues to demand that the Court rule on its motions with greater dispatch. *See generally* Dkt. 787. Demanding that the Court shoulder an ever-larger workload alone is untenable, and not required by the civil rules.

The Court should modify Special Master Moran's authority to cover specific pretrial matters.

**LEGAL STANDARD**

District courts may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). This practice of "appoint[ing] masters to participate in pretrial proceedings has developed extensively" recently because of the demands on district courts in "managing complex litigation." Fed. R. Civ. P. 53 advisory committee's note to 2003 amendment. Still, district courts should appoint special masters "only when the need is clear." *Id.* After a special master is appointed because of a clear need, the order appointing the special master "may be amended at any time after notice to the parties and an opportunity to be heard." Fed. R. Civ. P. 53(b)(4); *see Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 395 (5th Cir.) (discussing the proper process for amending an order appointing a special master), *clarified by* No. 03-10074, 2004 WL 2107672 (5th Cir. Sept. 17, 2004).

**ARGUMENT**

**I.     Rule 53 Authorizes Special Masters To Rule On Pretrial Issues Under The Circumstances Here.**

**A. The Text of Rule 53 Allows the Requested Relief.**

Under the plain language of Rule 53, district courts may appoint special masters for three disjunctive reasons. First, they may appoint special masters to "perform [any] duties consented to by the parties." Fed. R. Civ. P. 53(a)(1)(A). Second, they may appoint special masters to "hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by" either "some exceptional condition" or "the need to perform an accounting or resolve a difficult computation of damages." Fed. R. Civ. P. 53(a)(1)(B). Third, they may appoint special masters to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."

Fed. R. Civ. P. 53(a)(1)(C).  The text of the rule uses the conjunction "or" to separate subsections (A), (B), and (C), making clear that any one of the three is sufficient.  Fed. R. Civ. P. 53(a)(1).  This Motion targets "pretrial . . . matters," and so is predicated on subsection (C).

The facts here meet the requirements of subsection (C).  The pretrial proceedings for this case will be highly complex, involving nearly twenty parties, millions of documents, depositions from scores of witnesses, and more than twenty experts.  The parties will narrow the case down, but even so, pretrial proceedings will be substantial, and the time to resolve the issues may be compressed.  Google can hardly disagree—its own motion to strike the jury demand insisted that the case was too complex to be tried to a jury, *see* Dkt. 690 at 9, and its own application for a status conference and associated letter all-but-complained that in Google's view the Court *already* is not "timely address[ing]" the motions it has filed, Dkts. 758, 787.  These factors justify expanding Special Master Moran's duties, even over Google's objection.  *See United States v. Conservation Chem. Co.*, 106 F.R.D. 210, 225 (W.D. Mo. 1985).  There are also tens of thousands of pages of deposition transcripts that have been produced in the three related cases.  Disputes over the designation of deposition excerpts will certainly be thorny.  As the Second Circuit has explained, "district courts with loaded dockets may rely on special masters to decide thorny things."  *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 719 (2d Cir. 2023).

In short, given Google's throw-everything-at-the-wall litigation strategy, there is little doubt that resolving pretrial issues will be at best a heavy lift and at worst trench warfare.  There is no reason for this Court to bear that burden alone given the presence of a highly qualified Special Master who is familiar with the case.  The Court should expand Special Master Moran's role to have him resolve, in the first instance, pre-trial disputes regarding the following:

- Deposition designation objections.

- Exhibit list objections.

- The admissibility of summary exhibits.

- Whether materials designated as confidential may be shown in open court.

- Witness lists.

**B. Google's Objection Is Without Merit.**

At the status conference, Google suggested that "to the extent this [appointment] pertains to trial evidence, we think that would require consent from Google, and we do not intend to consent to trial of any issue before . . . the special master." Dkt. 791 (Tr. 36:8-15). This Motion does not contemplate that Special Master Moran would "hold trial proceedings" under Rule 53(a)(1)(B), though the Rule does authorize such proceedings under "some exceptional condition," even without Google's consent. Rather, the Motion seeks to have Special Master Moran address "pretrial . . . matters" under subsection (C).

The inclusion of the consent requirement in Rule 53(a)(1)(A) but not in Rules 53(a)(1)(B) and (C) shows that consent is not required for an order under those two subsections. *Cf. Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 546 (1991) (when interpreting a rule of civil procedure the Court considers what is "the most natural reading"); *Brown v. Gardner*, 513 U.S. 115, 120 (1994) (inclusion of a word in one statutory section and not the other shows Congress's intent for the word to apply to only the section it is in). Courts across the country have therefore held that consent is unnecessary for appointment of a special master under Rule 53(a)(1)(C). *See Trull v. Dayco Prods., LLC*, 178 F. App'x 247, 251 (4th Cir. 2006) (per curiam); *In re Cap. One 360 Sav. Acct. Int. Rate Litig.*, No. 1:24-md-03111, 2024 WL 3463952, at *2 (E.D. Va. July 18, 2024); *Curtis Park Grp., LLC v. Allied World Specialty Ins. Co.*, No. 1:20-cv-00552, 2021 WL 4438037, at *3 (D. Colo. Sept. 28, 2021); *see also In re RW*, No. 2023-08, 2024 WL

514324, at *9 n.12 (A.F. Crim. App. Feb. 9, 2024) (noting that consent is unnecessary under Rule 53(a)(1)(C)).

True, the Court must give notice of the possibility that it will amend the order appointing Special Master Moran and give Google a chance to be heard. *See* Fed. R. Civ. P. 53(b)(4). And, given Google's objection, any factual finding or legal conclusion Special Master Moran makes will be subject to *de novo* review. Fed. R. Civ. P. 53(f)(3), (4). But that does not mean the Court lacks the power to expand Special Master Moran's powers.

Rule 53's requirement that this Court review any of Special Master Moran's factual findings and legal conclusions *de novo* eliminates any concerns under Article III of the Constitution. *See In re KSRP, Ltd.*, 809 F.3d 263, 265 n.1 (5th Cir. 2015); *Anderson v. Bureau of Prisons*, 265 F. App'x 326, 327–28 (5th Cir. 2008) (per curiam); *see also Moore v. Wilson*, 843 F.2d 1391 (table), 1988 WL 31516, at *1 (6th Cir. 1988) (per curiam) ("Article III of the Constitution requires that the district court make de novo review" if "a party files timely and specific objections."). Thus, the Court may expand Special Master Moran's powers despite Google's "consent" objection.

## II.    District Courts Often Refer Pretrial Issues To Special Masters.

The States understand that some pretrial issues should be decided by the Court in the first instance; procedural matters regarding how trial will occur should be handled by the Court because it knows how it will oversee the trial. For example, it makes no sense for Special Master Moran to decide the hours that trial will happen each day. But other issues need not be presented to the Court first. For example, objections to deposition designations or to inclusion of evidence on exhibit lists may be extensive and can all be handled efficiently by Special Master Moran.

5

Because of the broad power that district courts have under Rule 53(a)(1)(C) to appoint special masters to handle pretrial proceedings, it is unsurprising that courts often use special masters in exactly the way that the States propose here.

- One party "view[ed] th[e] case as the only case on [the court's] docket." *Allscripts Healthcare, LLC v. Andor Health, LLC*, No. 1:21-00704, 2022 WL 2254358, at *10 (D. Del. June 21, 2022). Because the court had appointed a special master for discovery in the case, it held that, assuming there would be many pretrial disputes, it would expand the special master's duties to include all pretrial evidentiary issues. *See id.*

- In a broad delegation of authority, "[t]he Court specifically tasked the special master with aiding the parties in resolving objections to deposition designations, determining the reliability of summary exhibits, eliminating irrelevant or cumulative evidence and resolving any other issues or disputes relating to the parties' witness and exhibit lists." *Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1289–90 (S.D. Fla. 2008) (cleaned up), *aff'd*, 323 F. App'x 829 (11th Cir. 2009) (per curiam).

- In another broad delegation, "the Special Master was appointed . . . to handle . . . certain exhibits, and deposition excerpts." *Stone Brewing Co., LLC v. MillerCoors LLC*, No. 3:18-cv-00331, 2022 WL 3021697, at *3 (S.D. Cal. July 29, 2022).

- The Southern District of Illinois appointed a special master with power to "[e]valuate the parties' objections to deposition designations and make recommendations and reports to the Court on these objections"; "[e]valuate any motions *in limine* and provide the Court with formal and informal recommended

rulings on those motions"; and "[e]valuate any other motions the parties may file, and provide the Court with formal and informal recommended rulings on those motions." *Bartolini ex rel. H.B. v. Abbott Lab'ys, Inc.*, No. 3:13-cv-00326, 2017 WL 2868424, at *2 (S.D. Ill. July 5, 2017). The court previously used the same procedure "with great success." *Id.* at *1.

- In *United States v. Aetna, Inc.*, the district court required that motions relating to deposition designations and motions on some evidentiary issues be heard by a special master. *See* 1:16-cv-01494 (JDB), 2016 WL 8738424, at *1–3 (D.D.C. Nov. 4, 2016).

- Less than two weeks later, a special master was tasked with ruling on "various deposition designations for use at trial." *United States v. Anthem, Inc.*, No. 1:16-cv-01493 (ABJ), 2016 WL 11164030, at *1 (D.D.C. Nov. 14, 2016). As the docket numbers for *Aetna* and *Anthem* show, two different district judges gave special masters the power to rule on evidentiary issues less than two weeks apart.

- Besides deposition designations, the Western District of Pennsylvania had all disputes about trial exhibits submitted to a special master because of the volume and complexity of the issues involved. *Sherwin-Williams Co. v. PPG Indus., Inc.*, No. 2:17-cv-01023, 2021 WL 6061546, at *1 (W.D. Pa. Dec. 21, 2021).

- The Central District of California expanded a special master's powers to include ruling on motions *in limine*. *Pinn, Inc. v. Apple Inc.*, No. 8:19-cv-01805, 2021 WL 4777134, at *1 (C.D. Cal. July 14, 2021).

- The Western District of Pennsylvania similarly referred motions *in limine* to a special master. *See Axiall Corp. v. descote S.A.S.*, No. 2:15-cv-00250, 2017 WL

9487085, at *1 (W.D. Pa. Oct. 27), *report and recommendation adopted by* 2017 WL 5957748 (W.D. Pa. Dec. 1, 2017).

There are many more examples of district courts across the country using special masters much like the States propose here. What the States seek is common in a case as complex as this one. The Court should follow the lead of these other courts and expand Special Master Moran's mandate to include pretrial issues.

Google's objection makes no difference to this analysis. Most parties in complex litigation recognize that they are not the only litigants before a district court, *see* Fed. R. Civ. P. 53 advisory committee's note to 2003 amendment, but Google's contrary position does not warrant a different path. Courts routinely reject other obstinate parties' objections to the appointment of special masters and this Court should do the same. Recently, plaintiffs in a complex case in the Eastern District of Virginia objected to the appointment of a special master to handle pretrial matters. The court appointed the special master despite the objection. As it explained, "[a] master, unlike a magistrate judge, can devote full attention to the procedural and factual complexities of" the case. *In re Cap. One 360*, 2024 WL 3463952, at *2. The same is true here. Special Master Moran can spend significantly more time resolving pretrial disputes. This Court, of course, has a full docket of cases that it is managing, and other litigants should not have their cases languish.

## CONCLUSION

The Court should amend the Order Appointing Special Master to permit Special Master Moran to resolve certain pretrial matters.

DATED: February 20, 2025

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.Derose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
(713) 659-5200


**THE LANIER LAW FIRM, PLLC**




Counsel for Texas, Idaho, Louisiana (The Lanier
Law Firm only), Indiana, Mississippi, North
Dakota, South Carolina, and South Dakota

Submitted on behalf of all Plaintiff States

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

Respectfully submitted,

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
Kiran N. Bhat
kiran.bhat@kellerpostman.com
2333 Ponce De Leon Boulevard
Suite R-240
Coral Gables, Florida 33134
(833) 633-0118

Zina Bash (Bar No. 24067505)
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

/s/ Noah S. Heinz
Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut Ave., N.W., Suite 1100
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

FOR PLAINTIFF STATE OF TEXAS

KEN PAXTON
Attorney General

*/s/ Brent Webster*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

FOR PLAINTIFF STATE OF ALASKA:

TREG TAYLOR
ATTORNEY GENERAL


By: /s/ Jeff Pickett
Jeff Pickett
Senior Assistant Attorney General, Special Litigation Section
jeff.pickett@alaska.gov

*Attorney for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF ARKANSAS:

TIM GRIFFIN
ATTORNEY GENERAL


By: _____
AMANDA J. WENTZ
Ark. Bar No. 2021066
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Attorney for Plaintiff State of Arkansas*

FOR PLAINTIFF STATE OF FLORIDA:

JAMES UTHMEIER, Attorney General

<u>/s/ Lee Istrail</u>
LEE ISTRAIL, Assistant Attorney General
FL Bar No. 119216

LIZABETH A. BRADY, Director, Antitrust Division
R. SCOTT PALMER, Special Counsel and Chief of Complex Enforcement
ANDREW BUTLER, Assistant Attorney General
CHRISTOPHER KNIGHT, Assistant Attorney General


Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Phone: 850-414-3300
Email: scott.palmer@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

FOR PLAINTIFF STATE OF IDAHO:

RAÚL R. LABRADOR
Attorney General

*/s/ John K. Olson*
John K. Olson, Deputy Attorney General

Consumer Protection Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:   (208)   334-2424
john.olson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

14

FOR PLAINTIFF STATE OF INDIANA:

THEODORE E. ROKITA
Attorney General

*/s/ Jesse J. Moore*
Jesse J. Moore
Deputy Attorney General – Consumer Litigation
302 W. Washington St.
IGCS - 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 234-1479
Fax: (317) 232-7979
Email: jesse.moore@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

FOR PLAINTIFF COMMONWEALTH OF KENTUCKY:

RUSSELL COLEMAN
Attorney General

*/s/ Philip R. Heleringer*
Christian J. Lewis, Commissioner of the Office of Consumer Protection
christian.lewis@ky.gov
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
philip.heleringer@ky.gov
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
jonathan.farmer@ky.gov
Office of the Attorney General
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Tel: 502-696-5300

*Attorneys for Plaintiff Commonwealth of Kentucky*

FOR PLAINTIFF STATE OF LOUISIANA:

By: */s/ Patrick Voelker*
Liz Murrill, Attorney General
Michael Dupree, Assistant Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
(225) 326-6400
voelkerp@ag.louisiana.gov

*s/ James R. Dugan, II*
James R. Dugan, II (*pro hac vice*)
TerriAnne Benedetto (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
PH:   (504) 648-0180
FX:   (504) 649-0181
EM:   jdugan@dugan-lawfirm.com
        tbenedetto@dugan-lawfirm.com

James Williams
CHEHARDY SHERMAN WILLIAM, LLP
Galleria Boulevard, Suite 1100
Metairie, LA 70001
PH:   (504) 833-5600
FX:   (504) 833-8080
EM:    jmw@chehardy.com

*Attorneys for Plaintiff State of Louisiana*

FOR PLAINTIFF STATE OF MISSISSIPPI:

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:    */s/ Garrett S. Mascagni*
       Garrett S. Mascagni
       Special Assistant Attorney General
       Consumer Protection Division
       Mississippi Attorney General's Office
       Post Office Box 220
       Jackson, Mississippi 39205
       Telephone: 601-359-4223
       Fax: 601-359-4231
       Garrett.Mascagni@ago.ms.gov

       *Attorney for Plaintiff State of Mississippi*

FOR PLAINTIFF STATE OF MISSOURI:

ANDREW BAILEY
Attorney General

*/s/ Michael Schwalbert*
Michael.Schwalbert@ago.mo.gov
Missouri Attorney General's
Office
815 Olive St.
Suite 200
St. Louis, MO 63101
Tel: 314-340-7888

*Attorneys for Plaintiff State of Missouri*

FOR PLAINTIFF STATE OF MONTANA:

AUSTIN KNUDSEN
Montana Attorney General


*/s/ Anna Schneider*
Anna Schneider
Montana Attorney General's Office
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Fax: (406) 442-1894 Anna.Schneider@mt.gov


*/s/ Charles J. Cooper*
Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
Brian W. Barnes
bbarnes@cooperkirk.com
Harold S. Reeves
hreeves@cooperkirk.com
COOPER & KIRK PLLC
1523 New Hampshire Avenue, NW
Washington DC 20036
Phone: (202) 220-9620
Fax: (202) 220-9601

*Attorneys for Plaintiff State of Montana*

FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General
ERNEST D. FIGUEROA
Consumer Advocate


*/s/ Michelle C. Badorine*
Michelle C. Badorine, Senior Deputy
Attorney General
MNewman@ag.nv.gov
Lucas J. Tucker (NV Bar No. 10252)
Senior Deputy Attorney General
LTucker@ag.nv.gov
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100

*Attorneys for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NORTH DAKOTA:

**STATE OF NORTH DAKOTA**
Drew H. Wrigley
Attorney General


By:    */s/ Elin S. Alm*
       Elin S. Alm, ND ID 05924
       Assistant Attorneys General
       Consumer Protection & Antitrust Division
       Office of Attorney General of North Dakota
       1720 Burlington Drive, Suite C, Bismarck, ND 58503-7736
       (701) 328-5570
       (701) 328-5568 (fax)
       ealm@nd.gov

       *Attorneys for Plaintiff State of North Dakota*

FOR PLAINTIFF COMMONWEALTH OF PUERTO RICO:

*/s/ Domingo Emanuelli-Hernández*
Domingo Emanuelli-
Hernández Attorney General
Thaizza Rodríguez Pagán
Assistant Attorney
General PR Bar No.
17177
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201, 1204
trodriguez@justicia.pr.gov

Kyle G. Bates
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111

*Attorneys for Plaintiff Commonwealth of Puerto Rico*

FOR PLAINTIFF STATE OF SOUTH CAROLINA:

ALAN WILSON
Attorney General


/s/ *Mary Frances Jowers*
Mary Frances Jowers
Assistant Deputy Attorney General
W. Jeffrey Young
Chief Deputy Attorney General
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-5855
Email: mjowers@scag.gov

Charlie Condon
Charlie Condon Law Firm, LLC
880 Johnnie Dodds Blvd, Suite 1
Mount Pleasant, SC 29464
Phone: 843-884-8146
Email: charlie@charliecondon.com

James R. Dugan, II (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
Phone: (504) 648-0180
Email: jdugan@dugan-lawfirm.com


*Attorneys for Plaintiff State of South Carolina*

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

MARTY JACKLEY
Attorney General


*/s/ Jonathan Van Patten*
Jonathan Van Patten
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel: 605-773-3215
jonathan.vanpatten@state.sd.us

*Attorney for Plaintiff State of South Dakota*

FOR PLAINTIFF STATE OF UTAH:

Derek Brown
Attorney General of Utah


*/s/ Matthew Michaloski*
Matthew Michaloski
Assistant Attorney General
Marie W.L. Martin
Deputy Division Director
Utah Office of the Attorney General
160 East 300 South, 5th Floor
P.O. Box 140811
Salt Lake City, UT 84114
 mmichaloski@agutah.gov
Telephone: (801) 440-9825

*Attorneys for Plaintiff State of Utah and*
*as counsel for the Utah Division of Consumer Protection*

## CERTIFICATE OF SERVICE

I certify that on February 20, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Noah S. Heinz*

## CERTIFICATE OF CONFERENCE

I certify that the Parties conferred via teleconference regarding the Plaintiff States' Motion to Amend the Order Appointing Special Master.  Counsel for Google Kathy Patrick and counsel for Plaintiff States Noah Heinz spoke by telephone conference on February 17, and Google indicated that it was opposed to all relief sought in the motion.

*/s/ Noah S. Heinz*