**\*FILED UNDER SEAL\***

**IN THE U.S. DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al., <br><br>                  Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br>                  Defendant. | Case No. 4:20-cv-00957-SDJ <br><br> Hon. Sean D. Jordan |

**PLAINTIFF STATES' REPLY IN SUPPORT OF MOTION FOR *IN CAMERA* REVIEW IN RESPONSE TO THE COURT'S ORDER [DKT. 776]**

**\*FILED UNDER SEAL\***

## TABLE OF CONTENTS

I.    ARGUMENT ................................................................................................................ 2

    A.    The States moved for *in camera* review to dispute Google's representation that none of its attorney work-product documents were created in anticipation of this litigation. ................................................................. 2

    B.    *In camera* review will determine whether Google's representation was accurate. ................................................................................................. 3

    C.    The States are entitled to production of any fact work-product documents Google created in anticipation of this litigation. ................................... 5

**\*FILED UNDER SEAL\***

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blevins v. Tyler Cardiovascular Consultants, P.A.*,
  No. 6:10-cv-00682, 2011 WL 13220986 (E.D. Tex. Mar. 16, 2011)
  (Schneider, J.) ....................................................................................................5

*Coastal Bridge Co., L.L.C. v. Heatec, Inc.*,
  833 F. App'x 565 (5th Cir. 2020) ......................................................................3

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
  762 F. Supp. 2d 942 (S.D. Tex. 2010) ............................................................3, 4

*Guzman v. Jones*,
  804 F.3d 707 (5th Cir. 2015) ...........................................................................3, 4

*Hohider v. United Parcel Serv., Inc.*
  257 F.R.D. 80 (W.D. Pa. 2009) .........................................................................2

*Kerr v. U.S. Dist. Ct. for N. Dist. of Cali.*,
  426 U.S. 394 (1976).............................................................................................5

*Rambus, Inc. v. Infineon Techs. AG*,
  220 F.R.D. 264 (E.D. Va. 2004) .........................................................................2

*U. S. v. Zolin*,
  491 U.S. 554 (1989).............................................................................................3

*Victor v. Lawler*,
  No. CIV.3:08-CV-1374, 2010 WL 521118 (M.D. Pa. Feb. 9, 2010) .......................3

** FILED UNDER SEAL **

Google's duty to preserve Chats in this matter could be triggered by its anticipation of litigation from any one of the 17 plaintiffs—not just Texas.  The evidence shows that Google anticipated litigation from several plaintiffs' State Attorneys General before September 2019, including anticipating adtech litigation from the Plaintiff State of Missouri as early as 2018.  *See* Resp. n.20.  That alone triggered Google's duty to preserve Chats and disproves Google's representation that *nothing* on its privilege log prior to September 2019 was created in anticipation of this litigation.

Google admits as much in its response[1] but still attempts to cabin its anticipation of litigation to August 2019 by downplaying the effect of moving its duty to preserve.  *See* Resp. at 13.  That argument is unpersuasive.[2]  Privilege log entries prior to August 2019 reference Texas and other Plaintiff States and show that Google was aware of—and creating documents in anticipation of–*this* litigation.  The date that Google anticipated litigation, and thus the date its duty to preserve Chats was triggered, is therefore still heavily disputed.[3]

That date is also highly relevant to the States' pending motion for sanctions.[4]  The States moved for *in camera* review to establish one inescapable fact: Google anticipated this litigation before September 2019.  Google's Response shows why *in camera* review is proper; to accurately determine the correct date, the Court should review the challenged documents itself.

---

[1] Contrary to its earlier filings, Google now "does not dispute that by August 2019, it had become generally aware that certain States planned to announce some investigation . . ." Dkt. 801 at 11.

[2] Google didn't submit a sworn statement by representing what information was in the challenged documents; it only relies on unsworn argument.  *See* Resp. n.20.

[3] To resolve Google's prior appeal of a discovery order, the Court had relied on Google's representation that none of its work-product privilege claims prior to September 2019 were made for work created in anticipation of *this litigation.*  (Dkt. 776 at 21).  But that Order did not foreclose the State to from challenging Google's representation through *in camera* review.

[4] Google still spoliated millions of Chats even if its trigger date was sometime in 2019.  But if its duty was triggered before then, the magnitude of its spoliation is greater.

**\*\* FILED UNDER SEAL \*\***

# I.   ARGUMENT

*In camera* review will show that Google anticipated the States' investigation into its adtech conduct prior to September 2019.  Google's clarifying privilege log descriptions concede multiple triggers of Google's duty to preserve.  For example, Google tries to explain that a log entry from December 5, 2018 that originally referenced "State AG regulatory investigations," (Dkt. 786-4) pertains "to the Missouri State Attorney General—not Texas."  Dkt. 801-1.  But the State of Missouri is also a plaintiff here (Dkt. 1); if Google anticipated litigation with Missouri, its duty to preserve Chats was triggered.  This "additional information" is further proof that the Court should not take Google's *post-hoc* modifications and rationalizations at face value.  The evidence shows that Google's new date is no better than its old date.  Only *in camera* review will reveal the truth.

## A.   The States moved for *in camera* review to dispute Google's representation that none of its attorney work-product documents were created in anticipation of this litigation.

The States did not move for *in camera* review out of the blue; the Court noted that the States could move for *in camera* review if the States had a "substantive disagreement" as to whether Google's "work-product privilege claims [were] based on reasonably anticipated litigation in *this case*." Dkt. 776 at 21.  When disputes involve information in privileged documents, *in camera* review is the proper method to analyze that information, *especially* when privilege itself isn't challenged.[5]  *See Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 290 (E.D. Va. 2004) (conducting *in camera* review to determine spoliation.).[6]  The question of when

---

[5] Google's admits that the States' proposed searches hit on thousands of documents contradicts Google's representation to the Court and is significant evidence that Google anticipated this litigation before September 2019.  *See* Resp. n. 11.

[6] *In camera* review is commonly used in similar circumstances.  In *Hohider v. United Parcel Serv., Inc.*, the Court instructed the special master to prepare a report and recommendation regarding a motion that alleged a party "had not sufficiently preserved e-discovery materials for [the] litigation." 257 F.R.D. 80, 81 (W.D. Pa. 2009). The court noted that defendant had not been "forthright in informing plaintiffs and the court about the nature and scope of UPS's preservation

** FILED UNDER SEAL **

Google created work-product in anticipation of this litigation is still in dispute and is fundamental to the States' still pending *Motion for Spoliation Sanctions*. *See* Dkt. 693. The States' requested relief is therefore proper.

**B.** *In camera* **review will determine whether Google's representation was accurate.**

By making the disputed representation to the Court, Google created the issue that *in camera* review will resolve. A party need not know every nuance of a case before it anticipates an investigation. *See Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) ("A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation *or should have known that the evidence may be relevant*.") (emphasis added) (citation omitted). That includes parties who don't know the exact claims but can anticipate that *something* is coming. *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 574 (5th Cir. 2020) (finding plaintiff reasonably should have anticipated litigation despite not knowing exactly which claims it would bring or defenses it would face). It is not tied to when the other party anticipated litigation either; rather, common sense dictates when a party reasonably anticipates a suit is coming. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 965 (S.D. Tex. 2010).

Common sense says that Google anticipated litigation from the State Attorneys General before September 2019. Google was a repeat player in adtech investigations and litigation for a decade prior to the State of Texas's CID (*see* Resp. n. 16); it need not have "reasonably anticipated the specific contours" of this investigation to trigger its duty to preserve Chats. Dkt. 801 at 11;

---

efforts" so the Court found that "*in camera* review is not only proper, but necessary." *Id.* at 82–84. That court could "not determine the import of the withheld documents without reviewing them *in camera*." *Id.* at 83. Similarly, in *Victor v. Lawler*, the plaintiff argued that the defendant should be sanctioned for "deliberate destruction of prison videotapes . . ." No. CIV.3:08-CV-1374, 2010 WL 521118, at *4 (M.D. Pa. Feb. 9, 2010). The court reviewed documents *in camera* before deciding the motion for spoliation. *Id. See also U. S. v. Zolin*, 491 U.S. 554, 572 (1989) ("in camera inspection . . . is a smaller intrusion upon the confidentiality of the attorney-client relationship than is public disclosure.") (citation omitted).

** FILED UNDER SEAL **

*Guzman*, 804 F.3d at 713.  It simply needed to anticipate that its conduct could give rise to an investigation, which, according to Google's privilege log, it absolutely did.  *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d at 964–65 (explaining "courts must look at the totality of the circumstances and decide whether a reasonable person in the party's position would have anticipated litigation and *whether the party actually did anticipate litigation*") (emphasis added) (citations omitted).  Cross-referencing Google's log entry descriptions against produced documents and public sources seems to confirm that Google knew, or should have known, about State Attorneys General investigations months before Texas issued its CID.  *See, e.g.*, Ex. 1-4.

Changing its earlier tune, Google now admits that it actually anticipated litigation in August 2019.[7]  But Google was aware of this possibility even earlier.  A June 5, 2019 entry noted "research performed in response to active Texas AG investigation and strategy related thereto and prepared in anticipation of litigation," pushing Google's obligation to preserve back again.  Dkt. 786 at 8.  And months before that, a December 5, 2018 entry recorded "legal advice" Google received "regarding legal aspects of competition strategy related to competition and FTC and State AG regulatory investigations prepared in anticipation of litigation" (which we now know related to Plaintiff State of Missouri).  *See id.* at 7.[8]  These entries and others—all of which reference relevant documents[9]—crystallize Google's failure to preserve.[10]  By reviewing the documents *in*

---

[7] Indeed, Google's privilege log notes that on August 16, 2019, an email was prepared "in connection with potential investigation by state AGs[.]"  Dkt. 786 at 8.

[8] Google seems to attempt to twist the Court's prior Order (Dkt. 776), which declined to find Google's anticipation of FTC investigations created an anticipation of litigation here.  Google now seeks to stretch that logic and argue that its anticipation of litigation related to one party (Missouri) cannot apply to the rest.  That is incorrect and has no basis in caselaw.

[9] *Blevins v. Tyler Cardiovascular Consultants, P.A.*, No. 6:10-cv-00682, 2011 WL 13220986, at *2 n.2 (E.D. Tex. Mar. 16, 2011) (Schneider, J.) ("Relevant documents which a party does not produce should be listed in its privilege log.").

[10] That these documents may be attorney-client privileged (Dkt. 801 at 14) does not impact the

**\*\* FILED UNDER SEAL \*\***

*camera*, the Court will not "arbitrarily" choose a trigger date; it will do so based on the evidence.

### C. The States are entitled to production of any fact work-product documents Google created in anticipation of this litigation.

The States moved the Court to order Google to produce any challenged documents that constitute fact work-product because the States have substantial need for that information and an undue hardship in obtaining it elsewhere.[11]  Google does not dispute the States' undue hardship; it admits its corporate representative didn't provide this information.  *See* Resp. n. 13.[12]  Instead, Google argues that there is no hardship because the States know when *they* started investigating Google's conduct.  Resp. at 15.  This argument misses the mark; this spotlight is fixed on when *Google* anticipated litigation.  And the States have no other means by which to obtain that information, including and especially because relevant Chats were deleted.  The States have a substantial need for those documents because Google's fact work-product can establish what Google knew and when, which is relevant to determining Google's obligation to preserve Chats and intent in destroying them and goes to Google's deceptive, anticompetitive conduct.[13]  Google has thus created a situation where the best, and only, evidence of whether it anticipated litigation prior to September 2019 is contained in the documents to which it claims attorney work-product privilege.  Those documents should be reviewed and produced.

---

analysis.  *In camera* review does not allow invasion upon privileged communications, so it remains an ideal path to resolve this dispute.  *Kerr v. U.S. Dist. Ct. for N. Dist. of Cali.*, 426 U.S. 394, 405 (1976) ("in camera review of the documents is a relatively costless and eminently worthwhile method to insure that the balance between [the parties] . . . is correctly struck.").

[11] Google notes that the States did not challenge Google's attorney-client privilege claims.  Only *in camera* review can determine whether that privilege was properly claimed.

[12] The States repeatedly asked Google's corporate representative on the Chat topic to answer what these documents will establish; when Google anticipated this litigation; he had no answers.  Dkt. 786 at 11-12.  And contrary to Google's argument, whether and when Google anticipated this litigation goes directly to Google's preservation of Chats.

[13] The States asked for an adverse jury instruction in their *Motion for Spoliation Sanctions* (Dkt. 693) and seek to introduce evidence of Google's Chat destruction to the jury.

** FILED UNDER SEAL **

DATED: February 18, 2025

Respectfully submitted,

_/s/ W. Mark Lanier_

W. Mark Lanier
Mark.lanier@lanierlawfirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.Derose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
(713) 659-5200

**THE LANIER LAW FIRM, PLLC**

_/s/ Ashley Keller_

Ashley Keller
ack@kellerpostman.com
Kiran N. Bhat
kiran.bhat@kellerpostman.com
2333 Ponce De Leon Boulevard
Suite R-240
Coral Gables, Florida 33134
(833) 633-0118

Zina Bash (Bar No. 24067505)
Zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

_/s/ Noah S. Heinz_

Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut Ave., N.W., Suite 1100
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

_Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, Mississippi, North Dakota, South Carolina, and South Dakota_

_Submitted on behalf of all Plaintiff States_

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas 77010
(713) 651-5151

_/s/Marc Collier_

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF STATE OF TEXAS

KEN PAXTON
Attorney General

*/s/ Brent Webster*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF STATE OF ALASKA:

TREG TAYLOR
ATTORNEY GENERAL


By: /s/ Jeff Pickett
Jeff Pickett
Senior Assistant Attorney General, Special Litigation Section
jeff.pickett@alaska.gov

*Attorney for Plaintiff State of Alaska*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF STATE OF ARKANSAS:

TIM GRIFFIN
ATTORNEY GENERAL


By: _____
AMANDA J. WENTZ
Ark. Bar No. 2021066
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Attorney for Plaintiff State of Arkansas*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF STATE OF FLORIDA:

JAMES UTHMEIER, Attorney General

<u>/s/ Lee Istrail</u>
LEE ISTRAIL, Assistant Attorney General
FL Bar No. 119216

LIZABETH A. BRADY, Director, Antitrust Division
R. SCOTT PALMER, Special Counsel and Chief of Complex Enforcement
ANDREW BUTLER, Assistant Attorney General
CHRISTOPHER KNIGHT, Assistant Attorney General


Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Phone: 850-414-3300
Email: scott.palmer@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF STATE OF IDAHO:

RAÚL R. LABRADOR
Attorney General

*/s/ John K. Olson*
John K. Olson, Deputy Attorney General

Consumer Protection Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:   (208)   334-2424
john.olson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF STATE OF INDIANA:

THEODORE E. ROKITA
Attorney General

*/s/ Jesse J. Moore*
Jesse J. Moore
Deputy Attorney General – Consumer Litigation
302 W. Washington St.
IGCS - 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 234-1479
Fax: (317) 232-7979
Email: jesse.moore@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF COMMONWEALTH OF KENTUCKY:

RUSSELL COLEMAN
Attorney General

*/s/ Philip R. Heleringer*
Christian J. Lewis, Commissioner of the Office of Consumer Protection
christian.lewis@ky.gov
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
philip.heleringer@ky.gov
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
jonathan.farmer@ky.gov
Office of the Attorney General
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Tel: 502-696-5300

*Attorneys for Plaintiff Commonwealth of Kentucky*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF STATE OF LOUISIANA:

By: */s/ Patrick Voelker*
Liz Murrill, Attorney General
Michael Dupree, Assistant Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
(225) 326-6400
voelkerp@ag.louisiana.gov

*s/ James R. Dugan, II*
James R. Dugan, II (*pro hac vice*)
TerriAnne Benedetto (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
PH: (504) 648-0180
FX: (504) 649-0181
EM: jdugan@dugan-lawfirm.com
 tbenedetto@dugan-lawfirm.com

James Williams
CHEHARDY SHERMAN WILLIAM, LLP
Galleria Boulevard, Suite 1100
Metairie, LA 70001
PH: (504) 833-5600
FX: (504) 833-8080
EM: jmw@chehardy.com

*Attorneys for Plaintiff State of Louisiana*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF STATE OF MISSISSIPPI:

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: */s/ Garrett S. Mascagni*
      Garrett S. Mascagni
      Special Assistant Attorney General
      Consumer Protection Division
      Mississippi Attorney General's Office
      Post Office Box 220
      Jackson, Mississippi 39205
      Telephone: 601-359-4223
      Fax: 601-359-4231
      Garrett.Mascagni@ago.ms.gov

      *Attorney for Plaintiff State of Mississippi*

** FILED UNDER SEAL **

FOR PLAINTIFF STATE OF MISSOURI:

ANDREW BAILEY
Attorney General

*/s/ Michael Schwalbert*
Michael.Schwalbert@ago.mo.gov
Missouri Attorney General's
Office
815 Olive St.
Suite 200
St. Louis, MO 63101
Tel: 314-340-7888

*Attorneys for Plaintiff State of Missouri*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF STATE OF MONTANA:

AUSTIN KNUDSEN
Montana Attorney General

*/s/ Anna Schneider*
Anna Schneider
Montana Attorney General's Office
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Fax: (406) 442-1894 Anna.Schneider@mt.gov

*/s/ Charles J. Cooper*
Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
Brian W. Barnes
bbarnes@cooperkirk.com
Harold S. Reeves
hreeves@cooperkirk.com
COOPER & KIRK PLLC
1523 New Hampshire Avenue, NW
Washington DC 20036
Phone: (202) 220-9620
Fax: (202) 220-9601

*Attorneys for Plaintiff State of Montana*

**\*\* FILED UNDER SEAL \*\***


FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General
ERNEST D. FIGUEROA
Consumer Advocate


*/s/ Michelle C. Badorine*
Michelle C. Badorine, Senior Deputy
Attorney General
MNewman@ag.nv.gov
Lucas J. Tucker (NV Bar No. 10252)
Senior Deputy Attorney General
LTucker@ag.nv.gov
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100

*Attorneys for Plaintiff State of Nevada*

** FILED UNDER SEAL **

FOR PLAINTIFF STATE OF NORTH DAKOTA:

**STATE OF NORTH DAKOTA**
Drew H. Wrigley
Attorney General

By: */s/ Elin S. Alm*
        Elin S. Alm, ND ID 05924
        Assistant Attorneys General
        Consumer Protection & Antitrust Division
        Office of Attorney General of North Dakota
        1720 Burlington Drive, Suite C, Bismarck, ND 58503-7736
        (701) 328-5570
        (701) 328-5568 (fax)
        ealm@nd.gov

        *Attorneys for Plaintiff State of North Dakota*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF COMMONWEALTH OF PUERTO RICO:

*/s/ Domingo Emanuelli-Hernández*

Domingo Emanuelli-
Hernández Attorney General
Thaizza Rodríguez Pagán
Assistant Attorney
General PR Bar No.
17177
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201, 1204
trodriguez@justicia.pr.gov

Kyle G. Bates
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111

*Attorneys for Plaintiff Commonwealth of Puerto Rico*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF STATE OF SOUTH CAROLINA:

ALAN WILSON
Attorney General


/s/ *Mary Frances Jowers*
Mary Frances Jowers
Assistant Deputy Attorney General
W. Jeffrey Young
Chief Deputy Attorney General
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-5855
Email: mjowers@scag.gov

Charlie Condon
Charlie Condon Law Firm, LLC
880 Johnnie Dodds Blvd, Suite 1
Mount Pleasant, SC 29464
Phone: 843-884-8146
Email: charlie@charliecondon.com

James R. Dugan, II (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
Phone: (504) 648-0180
Email: jdugan@dugan-lawfirm.com


*Attorneys for Plaintiff State of South Carolina*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

MARTY JACKLEY
Attorney General


*/s/ Jonathan Van Patten*
Jonathan Van Patten
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel: 605-773-3215
jonathan.vanpatten@state.sd.us

*Attorney for Plaintiff State of South Dakota*

**\*\* FILED UNDER SEAL \*\***

FOR PLAINTIFF STATE OF UTAH:

Derek Brown
Attorney General of Utah


*/s/ Matthew Michaloski*
Matthew Michaloski
Assistant Attorney General
Marie W.L. Martin
Deputy Division Director
160 East 300 South, 5th Floor
P.O. Box 140811
Salt Lake City, UT 84114
mmichaloski@agutah.gov
Telephone: (801) 440-9825

*Attorneys for Plaintiff State of Utah and*
*as counsel for the Utah Division of Consumer Protection*

**\*\* FILED UNDER SEAL \*\***

## CERTIFICATE OF SERVICE

I certify that on February 18, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Marc B. Collier*

Marc B. Collier

## CERTIFICATE OF MOTION TO SEAL

I certify that contemporaneously with the filing of this Motion, Plaintiff States filed a motion to seal both this document and the attached exhibits.

*/s/ Marc B. Collier*

Marc B. Collier