UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL., § | |
| § | |
| Plaintiffs, § | CIVIL ACTION NO. 4:20-CV-00957-SDJ |
| v. § | |
| § | |
| GOOGLE, LLC, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court are *pro se* Petitioner Stephen Matthew Avdeef's Motion for Sanctions Pursuant to Criminal Deprivation of Rights Through Illegal Search & Seizure Pursuant to *Bivens* (Dkt. #479) and Amended Motion for Sanctions Pursuant to Criminal Retaliation to Federal Magistrate, The Honorable Judge Durrett (Dkt. #509), which were referred to the undersigned for a report and recommendation. Having reviewed the Motions and all other relevant filings, the court finds that Avdeef's Motions (Dkt. #479; Dkt. #509) should be stricken.

**BACKGROUND**

In his first Motion, Avdeef makes a litany of allegations against Defendant Google, LLC, including that: 1) Google retaliated against Avdeef in December 2023 by murdering his son the day after Avdeef served "Google VP Walker," 2) a criminal conspiracy exists between Google and the Democratic National Party, 3) the DOJ moved "the office of INTERPOL deeper into the DOJ building[] in order to conceal service," 4) Google hired a fake document examiner, 5) Google's conduct led to "complete criminal deprivation" of Avdeef's copyright with respect to Avdeef's "Last Breath of Mars" novels, and 5) Google has "improper and proprietary control of over 96% of the search market." (Dkt. #479 at pp. 3–9) (emphasis omitted). In his amended Motion, Avdeef alleges that he "was just made aware of subsequent global acts of Federal Criminal Retaliation

perpetrated by Google Books against Petitioner for the act of filing of the primary Motion for Sanctions." (Dkt. #509 at p. 2). Specifically, Avdeef alleges that "all but two (2) literary reviews of the collected book reviews from 2006 until present[] have suddenly and summarily vanished." (Dkt. #509 at p. 2). Further, Avdeef argues that Google engaged in a "Copyright Theft Scam in order to conceal the United States Military Contractor status," and that military members were unlawfully distributing a PDF of Avdeef's work (Dkt. #509 at pp. 7–8). Based on these allegations, Avdeef asserts that Google violated that Criminal Antitrust Anti-Retaliation Act ("CAARA") and the Racketeer Influenced & Corrupt Organizations Act ("RICO"), and requests relief pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (Dkt. #479 at pp. 14–15). Specifically, Avdeef requests that the court "sanction Google for theft of Petitioner's career," that Google be ordered to pay $899,070,000 in restitution, and that the court "strike the entire PACER SYSTEM court record in regards to '*Avdeef v. Google*'" (Dkt. #479 at p. 17; Dkt. #509 at p. 10).

## LEGAL STANDARD & ANALYSIS

It appears that Avdeef is trying to intervene in the above-captioned case. In order to intervene in an action, Federal Rule of Civil Procedure 24 requires that a prospective intervenor file a timely motion. FED. R. CIV. P. 24. This required motion to intervene must be served on the parties as provided in Federal Rule of Civil Procedure 5 and must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought. FED. R. CIV. P. 24(c).

Completely ignoring Rule 24, Avdeef has made filings in this case as if he were already a party (Dkt. #479; Dkt. #509). He is not. And because Avdeef is not a party to this action, his filings should be stricken. If Avdeef would like to intervene in this action, he must file a motion in accordance with Federal Rule of Civil Procedure 24.

## CONCLUSION AND RECOMMENDATION

The court recommends that Petitioner Stephen Matthew Avdeef's Motion for Sanctions Pursuant to Criminal Deprivation of Rights Through Illegal Search & Seizure Pursuant to *Bivens* (Dkt. #479) and Amended Motion for Sanctions Pursuant to Criminal Retaliation to Federal Magistrate, The Honorable Judge Durrett (Dkt. #509) be **STRICKEN**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 6th day of March, 2025.**

*[Signature: Aileen Goldman Durrett]*
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE