**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>　　　　　Defendant. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan |

**<u>PLAINTIFF STATES' REPLY IN SUPPORT OF THEIR MOTION TO AMEND THE
ORDER APPOINTING SPECIAL MASTER</u>**

## INTRODUCTION

Parties in complex litigation routinely agree to have a special master resolve voluminous pretrial matters such as discovery disputes, deposition designation objections, and exhibit list objections. Google not only refuses to agree, but argues that its consent is necessary. Not so. As the Motion explained, under Rule 53(a)(1)(C) this Court can empower Special Master Moran to resolve pretrial matters without consent. Google's principal response is to assert, in what comes as news to most litigators, that deposition designations and exhibit list objections are *trial proceedings*, not pretrial matters. That argument is self-evidently wrong and has no legal support. Google also half-heartedly reprises its argument that the case does not warrant attention from a special master. Back in December of 2023, Google argued a special master would not be "helpful," but rather "a huge inefficiency," Ex. 1 (Dec. 14, 2023 Hr'g Tr.) at 25-26; in January of 2024, Google again argued "[t]here is no need for the appointment of a Special Master," Dkt. 197 at 2. The argument failed then and should fail again. Any such argument is directed to this Court's discretion. If the Court agrees with Plaintiff States's prediction that Google will continue to bury the Court in a high volume of pretrial issues, then it should enlist the assistance of Special Master Moran to decide disputes in the first instance, with the backstop of *de novo* review in this Court.

## ARGUMENT

### I.  The Matters at Issue Here Are Pretrial Issues.

Each of Google's arguments is self-defeating. It first argues from dictionary definitions, invoking Merriam-Webster's definition of "pretrial" as "occurring or existing ***before*** a trial." Dkt. 819 at 2. Just so. Each and every issue proposed to be delegated to the Special Master will occur or exist before trial. Likely for that reason, Black's Law Dictionary and Merriam-Webster both

define a "motion in limine" as a "pretrial" matter.[1] The same is true of deposition designation and exhibit list objections, which are governed by Fed. R. Civ. P. 26(a)(3)(B), a rule which by its terms applies to "pretrial disclosures" which "must be made at least 30 days *before* trial" and pretrial "objections," which must be served "14 days after" that.

Next, Google argues that "pretrial" under Rule 53 means the same thing as "pretrial" under 28 U.S.C. § 636(b)(1), which addresses the powers of magistrate judges. Dkt. 819 at 2 & n.4. That equivalence strongly supports Plaintiff States' Motion, since magistrate judges often resolve motions in limine[2] and deposition designation and exhibit list objections,[3] under the authority of that provision. Indeed, § 636(b)(1)(A) includes a list of pretrial matters that magistrate judges presumptively should *not* resolve (such as motions "for summary judgment"), which does not list motions in limine, exhibit list objections, deposition designation objections, or anything like that, confirming the common-sense view that these are pretrial issues that magistrates (or special masters) can resolve. By contrast, the section addressing *trial* is in § 636(c)(1), which requires

---

[1] *See Motion in Limine*, Black's Law Dictionary (12th ed. 2024) ("[a] **pretrial** request that certain inadmissible evidence not be referred to or offered at trial." (emphasis added)); *Motion in Limine*, Merriam-Webster, https://www.merriam-webster.com/dictionary/motion#legalDictionary ("a usually **pretrial** motion that requests the court to issue an interlocutory order which prevents an opposing party from introducing or referring to potentially irrelevant, prejudicial, or otherwise generally inadmissible evidence until the court has finally ruled on its admissibility" (emphasis added)).

[2] *E.g.*, *Anton v. SBC Glob. Servs., Inc.*, No. CIV. 01-40098, 2007 WL 1500171, at *1 (E.D. Mich. May 22, 2007) (finding that the "Magistrate Judge's" ruling on a "motion in limine" was "governed by the terms of 28 U.S.C. § 636(b)(1)(A)"); *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) (finding that § 636(b)(1)(A) applied because "[a]dvance rulings on the admissibility of evidence are allowed at final pretrial conferences").

[3] *E.g.*, *EEOC v. BOK Fin. Corp.*, No. CIV 11-1132 RB/LAM, 2014 WL 11636149, at *1 (D.N.M. May 6, 2014) (magistrate judge resolved "contested exhibits and designations of deposition testimony pursuant to 28 U.S.C. § 636(b)(1)(A)"); *AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-0556-CVE-PJC, 2009 WL 414046, at *2 (N.D. Okla. Feb. 18, 2009) (deposition designation objections resolved by magistrate judge under § 636(b)(1)).

consent and allows conducting a jury trial and the entry of judgment, with *de novo* review under Rule 72(b). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 72(a)-(b).

Google cites no cases in which a court held that § 636(c) applied to motions in limine, exhibit list objections, or deposition designation objections. Google cites *Beazer East, Inc. v. Mead Corp.*, where the magistrate judge's ruling determined "equitable apportionment" of CERCLA liability, which was "one of the ultimate issues to be tried." 412 F.3d 429, 438-39 (3d Cir. 2005). The key point from *Beazer* is that "the nature of decision" namely, whether it "required the decisionmaker to resolve factual disputes going to the ultimate issues in the case." *Id.* at 439-40. That matches the line drawn by Rule 72 between "nondispositive matters" (72(a)) and "dispositive motions" (72(b)), which also tracks the distinction between § 636(b) (with its enumerated list) and § 636(c). The issues here are nondispositive pretrial matters. The Supreme Court case *La Buy v. Howes Leather Co.* has no relevance here. 352 U.S. 249 (1957). There, the district court referred two *entire cases* for trial before a special master as the factfinder. *Id.* at 250. That is clearly improper. Having a special master decide preliminary evidentiary issues is not.

The fundamental mistake in Google's argument is that it assumes that Special Master Moran would be deciding "what evidence will be admitted ***at trial***." Dkt. 819 at 2. That is not true. A ruling on a motion in limine or other objection does not result in the *admission* of any evidence into the trial record. It simply resolves—as a preliminary matter—certain objections made by the other party against the admission of that evidence. Even after a pretrial ruling, the party will need to move *at trial* for the admission of that evidence. That is why, "without a contemporaneous objection, a standing motion in limine is insufficient to preserve a point of error." *United States v. Powell*, 732 F.3d 361, 378 n.16 (5th Cir. 2013). This principle is rooted in the notion that pretrial rulings are preliminary until the trial ruling: "[t]he rationale for requiring either

3

a renewed objection at trial, or an offer of proof, is to allow the trial judge to reconsider his in limine ruling with the benefit of having been witness to the unfolding events at trial." *Id.* (alteration in original) (quoting *United States v. Graves*, 5 F.3d 1546, 1552 (5th Cir. 1993)).

## II.    Google's Consent Is Not Needed.

While consent is rarely withheld, it is not necessary under the plain text of Rule 53. Google does not dispute this, instead chiefly arguing that there are few published cases addressing this situation. That is true, but the rarity of objections to the appointment of a special master should not change the Rule 53 analysis, and in any event even Google admits that *Allscripts Healthcare, LLC v. Andor Health, LLC* did what Plaintiff States propose. No. 21-704-MAK, 2022 WL 2254358 (D. Del. June 21, 2022). There is little benefit in reserving the question until Google raises "over 800" evidentiary disputes, Dkt. 819 at 6 (quoting *Allscripts Healthcare*, ECF No. 655 (D. Del. Aug. 9, 2022)), since that may cause delay during a critical pretrial period when the focus should be on preparing for trial rather than procedural fights.

## III.    Rule 53(a)(1)(C) Is Fully Satisfied.

This Court is well-positioned to decide whether the pretrial matters in this case "cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Dkt. 819 at 6 (quoting Fed. R. Civ. Proc. 53(a)(1)(C)). Plaintiff States submit that the profound complexity and volume of this case—in combination with this Court's substantial preexisting caseload and Google's litigation tactics—more than warrant the assistance of Special Master Moran. Further, Special Master Moran already knows the case and has the context of prior discovery fights. But there can be no doubt that the answer to this question is entrusted to this Court's discretion.

Last, Google threatens that empowering Special Master Moran "would not save the time that Plaintiffs suggest it would" because it would merely "add[] two layers of decision" since "the

Court [would] rule on *all* objections de novo." Dkt. 819 at 8-9. It is of course true that Google could waste the Court's time by appealing each and every ruling to the Court for *de novo* review. However, Google is unlikely to be so obstructionist—after all, it has not appealed every ruling from the Special Master thus far, despite the same theoretical ability. The fact is, Special Master Moran's first-pass rulings on voluminous evidentiary issues will be sound, and the parties are likely to accept his rulings, except on key, targeted issues. That will save quite a bit of time.

## CONCLUSION

The Court should amend the Order Appointing Special Master to permit Special Master Moran to resolve certain pretrial matters.

DATED: March 10, 2025                          Respectfully submitted,

/s/ W. Mark Lanier                             /s/ Ashley Keller
W. Mark Lanier                                 Ashley Keller
Mark.Lanier@LanierLawFirm.com                  ack@kellerpostman.com
Alex J. Brown                                  Kiran N. Bhat
Alex.Brown@LanierLawFirm.com                   kiran.bhat@kellerpostman.com
Zeke DeRose III                                2333 Ponce De Leon Boulevard
Zeke.Derose@LanierLawFirm.com                  Suite R-240
Jonathan P. Wilkerson                          Coral Gables, Florida 33134
Jonathan.Wilkerson@LanierLawFirm.com           (833) 633-0118
10940 W. Sam Houston Pkwy N.
Suite 100                                      Zina Bash (Bar No. 24067505)
Houston, TX 77064                              zina.bash@kellerpostman.com
(713) 659-5200                                 111 Congress Avenue, Suite 500
                                               Austin, TX 78701
                                               (512) 690-0990

**THE LANIER LAW FIRM, PLLC**                  /s/ Noah S. Heinz
                                               Noah S. Heinz
                                               noah.heinz@kellerpostman.com
                                               1101 Connecticut Ave., N.W., Suite 1100
                                               Washington, DC 20036
                                               (202) 918-1123
                                               **KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier
Law Firm only), Indiana, Mississippi, North
Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS

KEN PAXTON
Attorney General

*/s/ Brent Webster*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov

**State of Texas, Office of the Attorney General**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

FOR PLAINTIFF STATE OF ALASKA:

TREG TAYLOR
ATTORNEY GENERAL


By: /s/ Jeff Pickett
Jeff Pickett
Senior Assistant Attorney General, Special Litigation Section
jeff.pickett@alaska.gov

*Attorney for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF ARKANSAS:

TIM GRIFFIN
ATTORNEY GENERAL


By: _____
AMANDA J. WENTZ
Ark. Bar No. 2021066
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Attorney for Plaintiff State of Arkansas*

FOR PLAINTIFF STATE OF FLORIDA:

James Uthmeier, Attorney General

/s/ Lee Istrail
LEE ISTRAIL, Assistant Attorney General
FL Bar No. 119216

LIZABETH A. BRADY, Director, Antitrust Division
R. SCOTT PALMER, Special Counsel and Chief of Complex Enforcement
ANDREW BUTLER, Assistant Attorney General
CHRISTOPHER KNIGHT, Assistant Attorney General


Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Phone: 850-414-3300
Email: scott.palmer@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

FOR PLAINTIFF STATE OF IDAHO:

RAÚL R. LABRADOR
Attorney General

*/s/ John K. Olson*
John K. Olson, Deputy Attorney General

Consumer Protection Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:   (208)   334-2424
john.olson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

11

FOR PLAINTIFF STATE OF INDIANA:

THEODORE E. ROKITA
Attorney General

*/s/ Jesse J. Moore*
Jesse J. Moore
Deputy Attorney General – Consumer Litigation
302 W. Washington St.
IGCS - 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 234-1479
Fax: (317) 232-7979
Email: jesse.moore@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

FOR PLAINTIFF COMMONWEALTH OF KENTUCKY:

RUSSELL COLEMAN
Attorney General

*/s/ Philip R. Heleringer*
Christian J. Lewis, Commissioner of the Office of Consumer Protection
christian.lewis@ky.gov
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
philip.heleringer@ky.gov
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
jonathan.farmer@ky.gov
Office of the Attorney General
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Tel: 502-696-5300

*Attorneys for Plaintiff Commonwealth of Kentucky*

FOR PLAINTIFF STATE OF LOUISIANA:

By: */s/ Patrick Voelker*
Liz Murrill, Attorney General
Michael Dupree, Assistant Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
(225) 326-6400
voelkerp@ag.louisiana.gov

*s/ James R. Dugan, II*
James R. Dugan, II (*pro hac vice*)
TerriAnne Benedetto (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
PH:   (504) 648-0180
FX:   (504) 649-0181
EM:   jdugan@dugan-lawfirm.com
        tbenedetto@dugan-lawfirm.com

James Williams
CHEHARDY SHERMAN WILLIAM, LLP
Galleria Boulevard, Suite 1100
Metairie, LA 70001
PH:   (504) 833-5600
FX:   (504) 833-8080
EM:   jmw@chehardy.com

*Attorneys for Plaintiff State of Louisiana*

14

FOR PLAINTIFF STATE OF MISSISSIPPI:

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:     _/s/ Garrett S. Mascagni_
        Garrett S. Mascagni
        Special Assistant Attorney General
        Consumer Protection Division
        Mississippi Attorney General's Office
        Post Office Box 220
        Jackson, Mississippi 39205
        Telephone: 601-359-4223
        Fax: 601-359-4231
        Garrett.Mascagni@ago.ms.gov

        _Attorney for Plaintiff State of Mississippi_

FOR PLAINTIFF STATE OF MISSOURI:

ANDREW BAILEY
Attorney General

*/s/ Michael Schwalbert*
Michael.Schwalbert@ago.mo.gov
Missouri Attorney General's
Office
815 Olive St.
Suite 200
St. Louis, MO 63101
Tel: 314-340-7888

*Attorneys for Plaintiff State of Missouri*

FOR PLAINTIFF STATE OF MONTANA:

AUSTIN KNUDSEN
Montana Attorney General


*/s/ Anna Schneider*
Anna Schneider
Montana Attorney General's Office
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Fax: (406) 442-1894 Anna.Schneider@mt.gov


*/s/ Charles J. Cooper*
Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
Brian W. Barnes
bbarnes@cooperkirk.com
Harold S. Reeves
hreeves@cooperkirk.com
COOPER & KIRK PLLC
1523 New Hampshire Avenue, NW
Washington DC 20036
Phone: (202) 220-9620
Fax: (202) 220-9601

*Attorneys for Plaintiff State of Montana*

FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General
ERNEST D. FIGUEROA
Consumer Advocate


*/s/ Michelle C. Badorine*
Michelle C. Badorine, Senior Deputy
Attorney General
MNewman@ag.nv.gov
Lucas J. Tucker (NV Bar No. 10252)
Senior Deputy Attorney General
LTucker@ag.nv.gov
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100

*Attorneys for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NORTH DAKOTA:

**STATE OF NORTH DAKOTA**
Drew H. Wrigley
Attorney General

By:     */s/ Elin S. Alm*
        Elin S. Alm, ND ID 05924
        Assistant Attorneys General
        Consumer Protection & Antitrust Division
        Office of Attorney General of North Dakota
        1720 Burlington Drive, Suite C, Bismarck, ND 58503-7736
        (701) 328-5570
        (701) 328-5568 (fax)
        ealm@nd.gov

        *Attorneys for Plaintiff State of North Dakota*

FOR PLAINTIFF COMMONWEALTH OF PUERTO RICO:

*/s/ Domingo Emanuelli-Hernández*
Domingo Emanuelli-
Hernández Attorney General
Thaizza Rodríguez Pagán
Assistant Attorney
General PR Bar No.
17177
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201, 1204
trodriguez@justicia.pr.gov

Kyle G. Bates
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111

*Attorneys for Plaintiff Commonwealth of Puerto Rico*

FOR PLAINTIFF STATE OF SOUTH CAROLINA:

ALAN WILSON
Attorney General

/s/ *Mary Frances Jowers*
Mary Frances Jowers
Assistant Deputy Attorney General
W. Jeffrey Young
Chief Deputy Attorney General
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-5855
Email: mjowers@scag.gov

Charlie Condon
Charlie Condon Law Firm, LLC
880 Johnnie Dodds Blvd, Suite 1
Mount Pleasant, SC 29464
Phone: 843-884-8146
Email: charlie@charliecondon.com

James R. Dugan, II (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
Phone: (504) 648-0180
Email: jdugan@dugan-lawfirm.com

*Attorneys for Plaintiff State of South Carolina*

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

MARTY JACKLEY
Attorney General


*/s/ Jonathan Van Patten*
Jonathan Van Patten
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel: 605-773-3215
jonathan.vanpatten@state.sd.us

*Attorney for Plaintiff State of South Dakota*

FOR PLAINTIFF STATE OF UTAH:

Derek Brown
Utah Attorney General


*/s/ Matthew Michaloski*
Matthew Michaloski
Assistant Attorney General
Marie W.L. Martin
Deputy Division Director
160 East 300 South, 5th Floor
P.O. Box 140811
Salt Lake City, UT 84114
mmichaloski@agutah.gov
Telephone: (801) 440-9825

*Attorneys for Plaintiff State of Utah and*
*as counsel for the Utah Division of Consumer Protection*

**\*\* FILED UNDER SEAL \*\***

## CERTIFICATE OF SERVICE

I certify that on March 10, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Noah S. Heinz*