# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § § | |
| *Defendant.* | § | |

## DEFENDANT GOOGLE LLC'S SUR-REPLY TO PLAINTIFF STATES' MOTION TO AMEND THE ORDER APPOINTING SPECIAL MASTER

**INTRODUCTION**

Plaintiffs' Reply ("Reply," ECF 821) in Support of their Motion to Amend the Order Appointing Special Master ("Motion," ECF 808) is a retreat in Plaintiffs' position. Now, apparently recognizing that Special Masters rarely decide what evidence will be admitted or excluded in trials over which they cannot preside, Plaintiffs appear to advocate an inefficient process whereby the Special Master would provide solely ***non-binding guidance*** to the Court on what evidence it should admit or exclude at trial. Reply at 3-4. Google does not believe this Court needs non-binding guidance on core trial court duties. Moreover, Plaintiffs' proposal will ***complicate***, not streamline, the process of deciding the admission of trial evidence. Separately, that a Court often makes its own rulings preadmitting or excluding evidence before the first witness is called does not make these rulings "pretrial"—rather than trial—matters. And no part of what the Court *itself* can do supports granting relief that would permit the Special Master—who is not a judge—to decide these questions. Plaintiffs' Motion should be denied.

**ARGUMENT**

**I.    Plaintiffs' Shifting Requests Result in an Unruly Proposal.**

Plaintiffs' Reply emphasizes the "preliminary" nature of ruling on ***motions in limine***—arguing they are "pretrial" matters that magistrate judges sometimes decide (and thus, so should a Special Master). Reply at 1-4. The Reply also urges that because limine rulings do not themselves exclude or admit trial evidence, Google's consent is unnecessary. *Id*. at 3-4.

But Plaintiffs' Motion ***did not request*** the referral of motions in limine to the Special Master. *See* Mtn. at 3-4 (listing only rulings on "Deposition designation objections," "Exhibit list objections," "admissibility of summary exhibits," the use of confidential documents at trial, and

1

"Witness lists").[1] Their proposed order urges the Court to grant the Special Master authority to:

    vi.    rule on objections to deposition designations;

    vii.    rule on the reliability of summary exhibits;

    viii.    rule on any objections to the admissibility of exhibits; and

    ix.    rule on other pre-trial issues or disputes relating to the parties' witness and exhibit lists, such as whether materials that may be confidential may be shown.

ECF 808-1. On its face, Plaintiffs' Motion urged the Court to delegate to the Special Master ***rulings*** that would either exclude evidence from trial or establish its admissibility, without further action by any party—***not*** preliminary determinations like motions in limine. Plaintiffs' Reply appears to concede that this was a bridge too far. It was.

No one would call a District Court's rulings on objections to deposition testimony or trial exhibits "preliminary" or "tentative" simply because they were made prior to the start of trial. The admission or exclusion of evidence at trial is a decision for the Court to make. Plaintiffs' Reply cites no rule or authority that would permit the Special Master to make these decisions, whether subject to *de novo* review by this Court or not—which, again, was Plaintiffs' original ask. *See* Mtn. at 3-4 (requesting Special Master "resolve, in the first instance, pre-trial disputes regarding" the admission of documentary and deposition evidence).

Tacitly acknowledging that their original proposal exceeds what the Court may delegate to a Special Master under Rule 53 (absent the parties' consent), Plaintiffs now admit that the Special Master *cannot* issue rulings that "result in the admission of any evidence into the trial record" and would *not* decide "what evidence will be admitted at trial." Reply at 3. Instead, Plaintiffs suggest

---

[1] When conferring with Google before filing their Motion, Plaintiffs did mention motions in limine—along with proposed jury instructions—as matters they would seek referred to the Special Master. Plaintiffs apparently dropped these items from their list before filing their Motion.

2

that the Special Master resolve objections merely "as a preliminary matter"—such that a party whose evidentiary objection was overruled by the Special Master can make a "renewed objection" during trial, with the Court then required to "reconsider" the Special Master's ruling on the spot. *Id.* at 3-4. It is not clear why Plaintiffs believe this Court requires such a dress rehearsal regarding issues federal district court judges routinely handle.

Plaintiffs' revised proposal is also wildly inefficient. According to Plaintiffs, the parties should (i) submit objections to trial witnesses, deposition designations, and exhibits to the Special Master to receive a "preliminary" ruling, *id.* at 3; (ii) appeal (within 7 days) any rulings to the Court, which must conduct a de novo review, *id.* at 4-5; and then (iii) renew their objections at trial (or, for excluded evidence, make an offer of proof) for the Court to "reconsider" the previous rulings, *id.* at 4. Adding two extra layers of decision-making—all so the Special Master can offer *non-binding* recommendations the Court potentially must reconsider *twice*—will not conserve judicial resources or streamline the trial. *See* Resp. (ECF 819) at 8-9. To the contrary, it will waste time and extend the burden of what is otherwise a typical proceeding in which a party offers evidence *once*, the Court rules on it *once*, and everyone moves on.[2]

## II. Plaintiffs Fail to Explain Why the Matters They Seek to Refer Could Not Be Effectively Handled by This Court.

Plaintiffs' arguments that the complexity of this case warrants referral of these important trial matters to the Special Master should be rejected. If "complexity" alone was enough to satisfy Rule 53(a)(1)(C), then *that* would be the standard. It is not. "A master should be appointed only in limited circumstances," and a "pretrial master should be appointed only when the need is clear."

---

[2] *Cf. Burlington N. R.R. Co. v. Dep't of Revenue of State of Wash.*, 934 F.2d 1064, 1073–74 (9th Cir. 1991) (referral to special master "*lessened* judicial efficiency," where case was transferred to district court judge because "he was considering another case involving similar facts and issues, and thus offered unique expertise and the capacity for uniform treatment") (emphasis original).

Adv. Comm. Notes to 2003 Amendments to Fed. R. Civ. P. 53 ("Rule 53 Notes").[3] Speculation that an opponent's "litigation tactics" might render certain matters too burdensome for this Court (or a magistrate judge) to resolve, *see* Reply at 4, does not establish the need for a Special Master.[4]

### III. That Out-of-Circuit District Courts Have Authorized *Magistrate Judges* to Rule on Trial Evidence Issues Under the Federal Magistrates Act Is Not Dispositive.

As Plaintiffs note, most law addressing Magistrate Judges' jurisdiction focuses not on the "pretrial" versus "trial" distinction, but rather the "dispositive" versus "not dispositive" one. This is because magistrates can (i) "hear and determine" non-dispositive "pretrial matter[s]" (subject to reconsideration by the district court for being "clearly erroneous" or "contrary to law"), but only (ii) hear and "submit" to the district court "proposed findings of fact and recommendations" on *dispositive* pretrial matters (with objections subject to de novo review). 28 U.S.C. § 636(b)(1)(A)-(C); Fed. R. Civ. P. 72(a)-(b). Neither provision requires the parties' consent.

But as Plaintiffs recognize, the question here is not whether the matters sought to be referred are dispositive versus non-dispositive. Reply at 3. Rather, it is whether the Special Master may rule on what evidence should be admitted or excluded at a trial held by the District Court. No part of Rule 53(a)(1)(C) permits the referral of these decisions to a Special Master to "address" without the parties' consent. That Magistrate Judges—who are Article I judges—have occasionally decided these issues under the umbrella of "not dispositive" "pretrial" matters under Rule 72 does not establish that Rule 53 empowers Special Masters (who are not necessarily judges

---

[3] *See also* Rule 53 Notes ("Direct judicial performance of judicial functions may be particularly important in cases that involve important public issues or many parties. At the extreme, a broad delegation of pretrial responsibility as well as a delegation of trial responsibilities can run afoul of Article III.").

[4] *See Hightower v. S. California, Permanente Grp.*, 2022 WL 21737757, at *1 (C.D. Cal. May 2, 2022) (declining special master referral based on opponents' alleged tactics: "[w]hile the Court empathizes that litigation can be stressful and that counterparties may appear antagonistic, such an experience is hardly exceptional. It does not merit the appointment of a special master.").

4

at all) to do the same. While the Advisory Committee Notes to Rule 53 link "pretrial matters" to 28 U.S.C. § 636, they do not state that the lines between "pretrial" and "trial" shall be drawn in the same way. Nor should they be, given that Special Masters are not Article I judges.[5]

Finally, if Plaintiffs are correct in asserting the definitions of "pretrial" are identical under Rule 53 and Section 636, then the authority cited by Google regarding what constitutes a "pretrial" or "trial" matter under Section 636 is highly instructive. *See* Resp. at 2-4. As Plaintiffs admit, distinctions between pretrial and trial matters (or dispositive and non-dispositive matters) turn on the "nature of decision," not **when** the decision is made. Reply at 3 (quoting *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 439-40 (3d Cir. 2005)).[6] Deciding what evidence will be admitted or excluded at trial is, by definition, a *trial* matter, regardless of when the ruling is made.

## CONCLUSION

Plaintiffs' Motion to Amend the Order Appointing Special Master should be denied.

---

[5] While active Magistrate Judges may be appointed to serve as Special Masters under the Federal Magistrates Act, such references "must be in compliance with Rule 53 of the Federal Rules of Civil Procedure," and "the limitations which Rule 53 places upon such references must be observed." *Piper v. Hauck*, 532 F.2d 1016, 1018-19 (5th Cir. 1976).

[6] Indeed, in *Beazer*, the fact that a matter was heard and decided years before trial did not make it a "pretrial" matter under Section 636(b)(1). 412 F.3d at 432-33, 438-40 ("Beazer and the District Court imply that the equitable allocation proceeding conducted by the Magistrate Judge was a 'pretrial matter' simply because it preceded the recoverable costs proceeding conducted by the District Court. This is mere happenstance. The proceedings could have been held in the reverse order or held together. As discussed above, the important issue is not the order of decision but the nature of decision. . . ."); *see also* 12 Charles Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 3068.1 (3d ed. 2024) (providing examples of "pretrial" matters under § 636(b) and Rule 72: " discovery motions, motions to amend pleadings, motions to intervene, motions to extend discovery deadlines, and motions to disqualify counsel").

Dated: March 17, 2025

Respectfully submitted,

**GIBBS & BRUNS LLP**

*/s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Ayesha Najam
State Bar No. 24046507
anajam@gibbsbruns.com
Caitlin Halpern
State Bar No. 24116474
chalpern@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**

Eric Mahr (*pro hac vice*)
700 13th Street, NW
10th Floor
Washington, DC 20005
Tel.: (202) 777-4545
eric.mahr@freshfields.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on March 17, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Kathy D. Patrick*
Kathy D. Patrick