# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |
|---|---|
| The State of Texas, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                    Defendant. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan |

## JOINT APPENDIX OF STATUTORY AUTHORITIES IN CONNECTION WITH THE SUPPLEMENTAL BRIEFS ON THE JURY TRIAL RIGHT

## TABLE OF CONTENTS

**ALASKA** ............................................................................................................................ 1

Alaska Restraint of Trade Act, Alaska Stat. Ann. § 45.50.562 *et seq.* ...................................... 1

AS § 45.50.564. Monopolies and attempted monopolies unlawful ...................................... 1

AS § 45.50.578. Criminal and civil penalties .................................................................... 1

§ 45.50.578(b) ......................................................................................................... 1

AS § 45.50.580. Injunction by attorney general ................................................................ 1

Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. Ann. § 45.50.471 *et seq.* . 1

AS § 45.50.471. Unlawful acts and practices ..................................................................... 1

§ 45.50.471(a) ......................................................................................................... 1

§ 45.50.471(b)(11) ................................................................................................... 2

§ 45.50.471(b)(12) ................................................................................................... 2

AS § 45.50.501. Restraining prohibited acts ...................................................................... 2

AS § 45.50.537. Attorney fees, costs, and damages ............................................................ 2

AS § 45.50.551. Civil penalties ......................................................................................... 2

§ 45.50.551(b) ......................................................................................................... 2

**ARKANSAS** ....................................................................................................................... 3

Arkansas Code Annotated ................................................................................................... 3

A.C.A. § 4-75-301. Definition ........................................................................................... 3

A.C.A. § 4-75-302. Illegality ............................................................................................ 3

A.C.A. § 4-75-315. Civil actions and settlements by the Attorney General ........................... 3

§ 4-75-315(a) ......................................................................................................... 3

§ 4-75-315(b) ......................................................................................................... 4

Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101 et seq. ................................. 5

A.C.A. § 4-88-104. Civil enforcement ............................................................................... 5

A.C.A. § 4-88-107. Deceptive and unconscionable trade practices ...................................... 5

§ 4-88-107(a)(10) ................................................................................................... 5

A.C.A. § 4-88-108. Concealment, suppression, or omission of material facts ....................... 5

A.C.A. § 4-88-113. Civil enforcement and remedies--Suspension or forfeiture of charter, franchise, etc. ............................................................................................................. 5

§ 4-88-113(a)(1) ..................................................................................................... 5

§ 4-88-113(a)(3) ..................................................................................................... 6

**FLORIDA** ........................................................................................................................... 6

Florida Statutes Annotated ................................................................................................. 6

F.S.A. § 542.19. Monopolization; attempts, combinations, or conspiracies to monopolize ...... 6

F.S.A. § 542.21. Penalties for violation ............................................................................. 6

§ 542.21(1) ............................................................................................................ 6

F.S.A. § 542.23. Equitable remedies ................................................................................. 6

F.S.A. § 542.32. Rule of construction and coverage ........................................................... 6

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 *et seq.* ............. 7

F.S.A. § 501.202. Purposes; rules of construction .............................................................. 7

F.S.A. § 501.204. Unlawful acts and practices ................................................................... 7

F.S.A. § 501.207. Remedies of enforcing authority ............................................................ 7

§ 501.207(1)(b) ...................................................................................................... 7

F.S.A. § 501.2075. Civil penalty ...................................................................................... 7

**IDAHO** ................................................................................................................................. **8**
  Idaho Competition Act, Idaho Code Ann. § 48-101, *et seq.* ................................................ 8
    Idaho Code § 48-102. Legislative findings, purpose, interpretation and scope of chapter............ 8
      § 48-102(3) ................................................................................................................. 8
    Idaho Code § 48-105. Monopolies ........................................................................................ 8
    Idaho Code § 48-108. Civil actions and settlements by the attorney general ........................... 8
      § 48-108 ..................................................................................................................... 8
    Idaho Code § 48-112. Additional relief of district court authorized ........................................ 9
  Idaho Consumer Protection Act, Idaho Code Ann. § 48-601, *et seq.* ................................... 10
    Idaho Code § 48-603. Unfair methods and practices ............................................................ 10
      § 48-603(5) ............................................................................................................... 10
      § 48-603(7) ............................................................................................................... 10
      § 48-603(9) ............................................................................................................... 10
      § 48-603(17) ............................................................................................................. 10
    Idaho Code § 48-606. Proceedings by attorney general ....................................................... 11
      § 48-606(1) ............................................................................................................... 11
      § 48-606(5) ............................................................................................................... 11
    Idaho Code § 48-607. Additional relief by court authorized ................................................. 11
**INDIANA** .............................................................................................................................. **13**
    Ind. Code § 24-1-2-2 Monopoly; offense ............................................................................ 13
    Ind. Code § 24-1-2-5.1 Action by attorney general .............................................................. 13
  Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, *et seq.* ................................. 13
    Ind. Code § 24-5-0.5-1 Construction and purposes .............................................................. 13
    Ind. Code § 24-5-0.5-3 Deceptive acts ............................................................................... 14
      § 24-5-0.5-3(a) .......................................................................................................... 14
    Ind. Code § 24-5-0.5-4 Actions and proceedings; damages; injunctions; civil penalties; offers
      to cure ...................................................................................................................... 14
      § 24-5-0.5-4 ............................................................................................................... 14
      § 24-5-0.5-4(c)(4) ...................................................................................................... 14
      § 24-5-0.5-4(g) .......................................................................................................... 14
    Ind. Code 24-5-0.5-8 Incurable deceptive act; civil penalty ................................................. 15
**KENTUCKY** .......................................................................................................................... **16**
  Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110 *et seq.* ......................... 16
    KRS § 367.170 Unlawful acts ............................................................................................ 16
      § 367.170(1) .............................................................................................................. 16
    KRS § 367.175 Other unlawful acts ................................................................................... 16
      § 367.175 ................................................................................................................... 16
    KRS § 367.190 Injunction; hearing .................................................................................... 16
    KRS § 367.990 Penalties ................................................................................................... 17
      § 367.990(2) .............................................................................................................. 17
      § 367.990(8) .............................................................................................................. 17
**LOUISIANA** .......................................................................................................................... **17**
  Louisiana Revised Statutes Annotated ................................................................................ 17
    La. Rev. Stat. § 51:123. Monopolizing trade or commerce prohibited; penalty ...................... 17
    La. Rev. Stat. § 51:128. Injunction at suit of state; petition and citation; temporary relief;
      process as to parties not joined .................................................................................. 17

La. Rev. Stat. § 51:138. Suits to be instituted by Attorney General or district attorney; prosecutions ............................................................................................................. 18
La. Rev. Stat. § 51:1405. Unfair acts or practices; interpretation and rulemaking authority ....... 18
    § 51:1405(A) .................................................................................................................... 18
La. Rev. Stat. § 51:1407. Restraining prohibited acts.................................................................... 18
    § 51:1407(A) .................................................................................................................... 18
    § 51:1407(B) .................................................................................................................... 18

**MISSISSIPPI** ................................................................................................................................... **19**
Miss. Code Ann. § 75- 21-1 *et seq.* ............................................................................................... 19
    Miss. Code § 75-21-3. Additional contracts; trust and combination .................................... 19
        § 75-21-3(b) ............................................................................................................... 19
    Miss. Code § 75-21-7. Penalty for violation of chapter ........................................................ 19
Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1 *et seq.* ................................ 19
    Miss. Code § 75-24-3. Definitions; construction .................................................................. 19
    Miss. Code § 75-24-5. Acts or practices prohibited.............................................................. 19
        § 75-24-5(1) ............................................................................................................... 19
    Miss. Code § 75-24-9. Injunctive relief ............................................................................... 20
    Miss. Code § 75-24-19. Civil violations and penalties; jurisdiction..................................... 20
        § 75-24-19(1)(b)........................................................................................................ 20
    Miss. Code § 75-24-23. Additional nature of remedies ........................................................ 20

**MISSOURI** ...................................................................................................................................... **21**
Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.* ................................. 21
    V.A.M.S. § 407.020. Unlawful practices, penalty--exceptions.............................................. 21
        § 407.020.1 ................................................................................................................. 21
    V.A.M.S. § 407.100. Injunction … civil penalty ................................................................. 21
        § 407.100.1 ................................................................................................................. 21
        § 407.100.2 ................................................................................................................. 21
        § 407.100.6 ................................................................................................................. 21
    V.A.M.S. § 407.130. Assessment of court costs ................................................................... 22
    V.A.M.S. § 407.140. Merchandising practices revolving fund established............................ 22
    V.A.M.S. § 416.031. Restraint of trade prohibited ............................................................... 22
        § 416.031.2 ................................................................................................................. 22
    V.A.M.S. § 416.071. Injunctive relief by circuit courts authorized ...................................... 23
        § 416.071.1 ................................................................................................................. 23
    V.A.M.S. § 416.121. Who may sue--prevailing plaintiff to be awarded attorney's fees and costs ......................................................................................................................... 23
    V.A.M.S. § 416.141. How construed as to comparable federal acts....................................... 23

**MONTANA** ...................................................................................................................................... **24**
Montana Code Annotated ............................................................................................................... 24
    Mont. Code § 30-14-205. Unlawful restraint of trade .......................................................... 24
        § 30-14-205 ................................................................................................................ 24
    Mont. Code § 30-14-222. Injunctions--damages--production of evidence.............................. 24
        § 30-14-222(1) ........................................................................................................... 24
    Mont. Code § 30-14-224. Penalties ...................................................................................... 24
        § 30-14-224(2) ........................................................................................................... 24

Mont. Code § 30-14-226. Disposition of civil fines, settlement proceeds, amounts awarded in judgments, costs, and fees ........................................................................ 25

§ 30-14-226(1) .................................................................................................. 25

Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101 *et seq.* .................................................................................. 25

Mont. Code § 30-14-103. Unlawful practices ...................................................... 25

Mont. Code § 30-14-111. Department to restrain unlawful acts ........................... 25

§ 30-14-111(1) .................................................................................................. 25

§ 30-14-111(4) .................................................................................................. 25

Mont. Code § 30-14-142. Penalties ..................................................................... 25

§ 30-14-142(2) .................................................................................................. 25

**NORTH DAKOTA** ............................................................................................................. 27

North Dakota Uniform State Antitrust Act, NDCC §51-08.1-01 *et seq.* ................... 27

NDCC § 51-08.1-03. Establishment, maintenance, or use of monopoly .................. 27

NDCC § 51-08.1-07. Civil penalty and injunctive enforcement by state ................. 27

NDCC § 51-08.1-11. Remedies cumulative ............................................................. 27

North Dakota Unlawful Sales or Advertising Practices Act, NDCC §51-15-01 *et seq.* ............. 27

NDCC § 51-15-02. Unlawful Practices--Fraud--Misrepresentation--Unconscionable ............ 27

NDCC § 51-15-07. Remedies--Injunction--Other relief--Receiver--Cease and desist orders--Civil penalties--Costs recoverable in adjudicative proceedings ............ 27

NDCC § 51-15-11. Civil penalties ......................................................................... 28

**NEVADA** .............................................................................................................................. 29

Nevada Deceptive Trade Practices, Nev. Rev. Stat. Ann. § 598.0903, *et seq.* ............ 29

N.R.S. § 598.0915. "Deceptive trade practice" defined ....................................... 29

§ 598.0915(5) .................................................................................................. 29

§ 598.0915(7) .................................................................................................. 29

§ 598.0915(9) .................................................................................................. 29

N.R.S. § 598.0953. Engaging in deceptive trade practice prima facie evidence of intent to injure competitor; other rights of action not limited ......................... 29

§ 598.0953(1) .................................................................................................. 29

N.R.S. § 598.0963. Additional powers of Attorney General ................................. 29

§ 598.0963(3) .................................................................................................. 29

N.R.S. § 598.0975. Deposit and use of money collected pursuant to NRS 598.0903 to 598.0999, inclusive; exception for criminal fines and restitution ....................... 30

§ 598.0975(1)(a) .............................................................................................. 30

N.R.S. § 598.0999. Civil and criminal penalties for violations .............................. 30

§ 598.0999(2) .................................................................................................. 30

Nevada Unfair Trade Practices, Nev. Rev. Stat. Ann. § 598A.010, et seq. .............. 30

N.R.S. § 598A.050. Construction of chapter ........................................................ 30

N.R.S. § 598A.060. Prohibited acts ...................................................................... 31

N.R.S. § 598A.250. Remedies cumulative ............................................................. 31

N.R.S. § 598A.260. Money obtained by Attorney General as awards, damages or penalties to be deposited in Consumer Protection Administrative Account .................... 31

N.R.S. § 598A.070. Duties of Attorney General and district attorneys ................... 31

N.R.S. § 598A.170. Civil penalty in action brought by Attorney General for engaging in prohibited activity .......................................................................... 31

Nevada Revised Statutes ........................................................................................... 32
   N.R.S. § 228.332. Consumer Protection Administrative Account: Creation; deposits;
      reversion of certain excess to Consumer Protection Legal Account ...................... 32
**PUERTO RICO**................................................................................................................. **33**
Puerto Rico Antitrust Act, 10 L.P.R.A. § 259 *et seq.* ................................................. 33
   10 L.P.R.A. § 259 Fair competition ...................................................................... 33
      § 259(a) ........................................................................................................ 33
      § 259(i) ......................................................................................................... 33
   10 L.P.R.A. § 260 Monopolies ............................................................................. 33
   10 L.P.R.A. § 269 Jurisdiction and enforcement provisions................................. 33
**SOUTH CAROLINA** ....................................................................................................... **34**
South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq.* ........... 34
   § 39-5-20. Unfair methods of competition and unfair or deceptive acts or practices unlawful;
      application of federal act. ................................................................................ 34
      § 39-5-20(a) ................................................................................................. 34
      § 39-5-20(b) ................................................................................................. 34
   S.C. Code § 39-5-50. Injunction; orders or judgments to restore property................ 34
      § 39-5-50(a) ................................................................................................. 34
   S.C. Code § 39-5-110. Civil penalties for willful violation or violations of injunction. .............. 34
      § 39-5-110(a) ............................................................................................... 34
      § 39-5-110(c) ............................................................................................... 35
**SOUTH DAKOTA** ......................................................................................................... **36**
S.D. Codified Laws ................................................................................................... 36
   SDCL § 37-1-3.2. Monopolies and attempts to monopolize unlawful ...................... 36
   SDCL § 37-1-14.2. Actions on behalf of state for equitable relief and civil penalties--Amount
      of penalty ....................................................................................................... 36
   SDCL § 37-1-20. Remedies cumulative ................................................................. 36
   SDCL § 37-1-22. Judicial interpretations of similar statutes as guide......................... 36
   SDCL § 37-1-31. Distribution of award of monetary relief--Treatment as civil penalty to be
      deposited in special revenue fund ..................................................................... 36
   SDCL § 37-24-6. Deceptive act or practice--Violation as misdemeanor or felony ...................... 36
      § 37-24-6(1) ................................................................................................. 36
   SDCL § 37-24-23. Attorney general's action for injunction--Notice--Attorney fees ................. 37
   SDCL § 37-24-27. Civil penalty for intentional violations recovered in action for injunction.... 37
**TEXAS** ......................................................................................................................... **38**
Texas Business & Commerce Code ............................................................................ 38
   Tex. Bus. & Com. Code § 15.04. Purpose and Construction.................................... 38
   Tex. Bus. & Com. Code § 15.05. Unlawful Practices ............................................. 38
      § 15.05(b) ..................................................................................................... 38
   Tex. Bus. & Com. Code § 15.20. Civil Suits by the State ....................................... 38
      § 15.20 ......................................................................................................... 38
   Tex. Bus. & Com. Code § 17.46. Deceptive Trade Practices Unlawful ................... 39
      § 17.46(a) ..................................................................................................... 39
      § 17.46(b)(5) ................................................................................................ 39
      § 17.46(b)(7) ................................................................................................ 39
      § 17.46(b)(9) ................................................................................................ 39

§ 17.46(b)(12) ................................................................................................. 39
§ 17.46(b)(24) ................................................................................................. 40
Tex. Bus. & Com. Code § 17.47. Restraining Orders ........................................ 40
§ 17.47 ............................................................................................................. 40
**UTAH** ...................................................................................................................... 40
Utah Antitrust Act, Utah Code Ann. § 76-10-3101, *et seq.* ................................. 40
Utah Code § 76-10-3104. Illegal anticompetitive activities ........................... 40
§ 76-10-3104(2) .......................................................................................... 40
Utah Code § 76-10-3108. Attorney general may bring action for injunctive relief, damages, and civil penalty ...................................................................................... 41
§ 76-10-3108(1) .......................................................................................... 41
§ 76-10-3108(2) .......................................................................................... 41
Utah Code § 76-10-3118. Interpretation of act ............................................. 41
Utah Consumer Sales Practices Act, Utah Code § 13-11-1 *et seq.* .................... 41
Utah Code § 13-11-2. Construction and purposes of act ................................ 41
Utah Code § 13-11-4. Deceptive act or practice by supplier .......................... 41
Utah Code § 13-11-17. Actions by enforcing authority .................................. 42
§ 13-11-17(1) .............................................................................................. 42
§ 13-11-17(4)(b) ......................................................................................... 42
§ 13-11-17(6) .............................................................................................. 42
**UNITED STATES** ................................................................................................... 43
15 U.S.C. §2 ........................................................................................................ 43
§ 2. Monopolizing trade a felony; penalty ..................................................... 43
33 U.S.C. § 1319. Enforcement ........................................................................... 43
33. U.S.C. § 1365. Citizen suits ........................................................................... 47
33 U.S.C. § 2702. Elements of liability ............................................................... 48
**PLAINTIFFS' STATUTORY APPENDIX** ......................................................... 49
**ALASKA** .................................................................................................................. 49
AS § 45.50.578. Criminal and civil penalties .................................................... 49
§ 45.50.578(a) .............................................................................................. 49
AS § 45.50.471. Unlawful acts and practices .................................................... 49
§ 45.50.471(b)(10) ...................................................................................... 49
AS § 45.50.531. Private and class actions ......................................................... 49
AS § 45.50.535. Private injunctive relief ........................................................... 49
§ 45.50.551. Civil penalties .............................................................................. 50
§ 45.50.551(a) .............................................................................................. 50
**ARKANSAS** ............................................................................................................. 50
A.C.A. § 4-88-113. Civil enforcement and remedies--Suspension or forfeiture of charter, franchise, etc. ........................................................................................................ 50
§ 4-88-113(c) ............................................................................................... 50
§ 4-88-113(f) ............................................................................................... 50
A.C.A. § 4-88-116. Right to jury trial ................................................................ 50
Arkansas Unfair Practices Act, Ark. Code Ann. § 4-75-201 *et seq.* ................... 51
A.C.A. § 4-75-204. Penalties .............................................................................. 51
A.C.A. § 4-75-212. Civil actions and settlements by the Attorney General ........ 51

§ 4-75-212(a) ........................................................................................... 51

§ 4-75-212(a)(4) ....................................................................................... 51

A.C.A. § 4-75-214. Awards to the Attorney General--Use of moneys ........................ 53

**FLORIDA** .................................................................................................. **53**

F.S.A. 542.22. Suits for damages ............................................................................ 53

F.S.A. 501.207. Remedies of enforcing authority .................................................... 54

§ 501.207(1)(c) ......................................................................................... 54

F.S.A. 501.211. Other individual remedies ............................................................. 54

**IDAHO** ..................................................................................................... **55**

Idaho Code § 48-603C. Unconscionable methods, acts or practices ......................... 55

Idaho Code § 48-608. Loss from purchase or lease--Actual and punitive damages ...... 55

Idaho Code § 48-615. Violation of injunction--Civil penalty ................................... 56

**INDIANA** .................................................................................................. **57**

Indiana Code Annotated .......................................................................................... 57

Ind. Code 24-1-2-1 Illegal combinations; exceptions; offense; defense ..................... 57

Ind. Cod. 24-5-0.5-4 Actions and proceedings; damages; injunctions; civil penalties; offers to

cure ................................................................................................................ 57

§ 24-5-0.5-4(c)(2) ..................................................................................... 57

§ 24-5-0.5-4(f) .......................................................................................... 57

**KENTUCKY** .............................................................................................. **58**

Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110 *et seq.* .............. 58

K.R.S. § 367.200 Restoration of property; appointment of receiver ..................... 58

Penalties, Ky. Rev. Stat. Ann. § 367.990, *et seq.* .................................................. 58

K.R.S. § 367.990 Penalties ...................................................................... 58

§ 367.990(1) ............................................................................................. 58

**LOUISIANA** .............................................................................................. **58**

Louisiana Statutes Annotated .................................................................................. 58

La. Rev. Stat. § 122. Contracts, combinations and conspiracies in restraint of trade illegal;

penalty ........................................................................................................... 58

§ 51:122(A) ............................................................................................... 58

§ 51:122(B) ............................................................................................... 58

La. Rev. Stat. § 1407. Restraining prohibited acts ................................................... 58

§ 51:1407(E) ............................................................................................. 59

La. Rev. Stat. § 1408. Additional relief .................................................................. 59

§ 51:1408(A)(5) ........................................................................................ 59

§ 51:1408(B) ............................................................................................. 59

La. Rev. Stat. § 1409. Private actions .................................................................... 59

La. Rev. Stat. § 1416. Civil penalties .................................................................... 60

**MISSISSIPPI** ............................................................................................. **60**

Miss. Code Ann. § 75- 21-1 *et seq.* ...................................................................... 60

Miss. Code § 75-21-1. "Trust or combine" defined; penalties ............................. 60

Miss. Code § 75-21-9. Recovery of damages by private persons .......................... 61

Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1 *et seq.* ............... 61

Miss. Code § 75-24-11. Monies or property acquired by prohibited means ............ 61

Miss. Code § 75-24-19. Civil violations and penalties; jurisdiction ...................... 61

§ 75-24-19(1)(b) ....................................................................................... 61

**MISSOURI** ............................................................................................................. 62
Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.* ................. 62
V.A.M.S. § 407.100. Injunction--temporary restraining orders--receivers--restitution, when--civil penalty--venue--restitution funds payable to injured parties but interest payable to general revenue ............................................................... 62
§ 407.100.4 ............................................................................................. 62
V.A.M.S. § 416.031. Restraint of trade prohibited ....................................... 62
§ 416.031.1 ............................................................................................. 62
V.A.M.S. § 416.051. Penalties--attorney general to prosecute--civil penalty for contempt ......... 62
§ 416.051.3 ............................................................................................. 62
**MONTANA** ............................................................................................................. 63
Mont. Code § 30-14-205. Unlawful restraint of trade ...................................... 63
§ 30-14-205 ............................................................................................ 63
Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101 *et seq.* ............................................................................. 63
Mont. Code § 30-14-131. Restoration--court orders ....................................... 63
Mont. Code § 30-14-142. Penalties ................................................................ 63
§ 30-14-142(1) ....................................................................................... 63
§ 30-14-142(2) ....................................................................................... 64
**NORTH DAKOTA** .................................................................................................... 64
North Dakota Uniform State Antitrust Act, N.D. Cent. Code § 51-08.1-01 *et seq.* .......... 64
NDCC § 51-08.1-02. Contract, combination, or conspiracy to restrain or monopolize trade ...... 64
**NEVADA** ................................................................................................................. 64
Nevada Unfair Trade Practices, Nev. Rev. Stat. Ann. § 598A.010, *et seq.* ............... 64
N.R.S. § 598A.070. Duties of Attorney General and district attorneys ............... 64
§ 598A.070.1(c)(2) ................................................................................ 64
§ 598A.070.1(c)(4) ................................................................................ 65
**PUERTO RICO** ......................................................................................................... 65
Puerto Rico Antitrust Act, 10 L.P.R.A. § 259 *et seq.* ...................................... 65
10 L.P.R.A. § 259 Fair competition ................................................................ 65
§ 259(b) ................................................................................................. 65
**SOUTH CAROLINA** .................................................................................................. 65
South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq.* ........ 65
S.C. Code § 39-5-50. Injunction; orders or judgments to restore property .......... 65
§ 39-5-50(b) .......................................................................................... 65
**SOUTH DAKOTA** ..................................................................................................... 66
S.D. Codified Laws .......................................................................................... 66
SDCL 37-1-3.1. Combinations in restraint of trade unlawful--Entities subject to prohibition .... 66
SDCL 37-24-29. Additional judicial relief from unlawful practices--Appointment of receiver .. 66
**TEXAS** ................................................................................................................... 66
Texas Business & Commerce Code ...................................................................... 66
Tex. Bus. & Com. Code § 15.05. Unlawful Practices ....................................... 66
§ 15.05(a) .............................................................................................. 66
Tex. Bus. & Com. Code § 17.47. Restraining Orders ....................................... 66
§ 17.47(d) .............................................................................................. 66
§ 17.47(e) .............................................................................................. 67

ix

Tex. Bus. & Com. Code § 17.50. Relief for Consumers ........................................................ 67

**UTAH** ................................................................................................................................ **68**

Utah Antitrust Act, Utah Code Ann. § 76-10-3101, *et seq.* ............................................... 68

Utah Code § 76-10-3104. Illegal anticompetitive activities ........................................ 68

§ 76-10-3104(1) ........................................................................................................ 68

Utah Consumer Sales Practices Act, Utah Code § 13-11-1 *et seq.* ................................. 68

Utah Code § 13-11-17. Actions by enforcing authority ............................................. 68

§ 13-11-17(1) ............................................................................................................ 68

§ 13-11-17(2)(b) ....................................................................................................... 69

§ 13-11-17(2)(i)(A) ................................................................................................... 69

**UNITED STATES** ............................................................................................................ **69**

15 U.S.C. § 45. Unfair methods of competition unlawful; prevention by Commission .............. 69

x

**ALASKA**

Alaska Restraint of Trade Act, Alaska Stat. Ann. § 45.50.562 *et seq.*

### AS § 45.50.564. Monopolies and attempted monopolies unlawful

It is unlawful for a person to monopolize, or attempt to monopolize, or combine or conspire with another person to monopolize any part of trade or commerce.

### AS § 45.50.578. Criminal and civil penalties

§ 45.50.578(b)

(b) In addition to any other relief available, the attorney general may bring a civil action against a person who violates AS 45.50.562, 45.50.564, 45.50.568, or 45.50.570, or an injunction issued under AS 45.50.580, for a civil penalty of not more than

   (1) $1,000,000 if the person is a natural person;

   (2) $50,000,000 if the person is not a natural person.

### AS § 45.50.580. Injunction by attorney general

(a) In addition to any other relief provided by AS 45.50.562--45.50.596, the attorney general may bring an action to enjoin a violation of AS 45.50.562--45.50.596. This action may be brought as a sole action or in conjunction with another action that the attorney general is authorized to bring.

(b) The court may make additional orders or judgments as may be necessary to restore to a person in interest any money or property, real or personal, that may have been acquired by an act prohibited by AS 45.50.562--45.50.596, and as may be necessary to prevent continuing or future violations of AS 45.50.562--45.50.596.

Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. Ann. § 45.50.471 *et seq.*

### AS § 45.50.471. Unlawful acts and practices

§ 45.50.471(a)

(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are declared to be unlawful.

(b) The terms "unfair methods of competition" and "unfair or deceptive acts or practices" include the following acts:

* * *

1

§ 45.50.471(b)(11)

(11) engaging in any other conduct creating a likelihood of confusion or of misunderstanding and that misleads, deceives, or damages a buyer or a competitor in connection with the sale or advertisement of goods or services;

§ 45.50.471(b)(12)

(12) using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived, or damaged;

* * *

### AS § 45.50.501. Restraining prohibited acts

(a) When the attorney general has reason to believe that a person has used, is using, or is about to use an act or practice declared unlawful in AS 45.50.471, and that proceedings would be in the public interest, the attorney general may bring an action in the name of the state against the person to restrain by injunction the use of the act or practice. The action may be brought in the superior court in the judicial district in which the person resides or is doing business or has the person's principal place of business in the state, or, with the consent of the parties, in any other judicial district in the state.

(b) The court may make additional orders or judgments that are necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of an act or practice declared to be unlawful by AS 45.50.471.

### AS § 45.50.537. Attorney fees, costs, and damages

* * *

(d) In an action brought by the attorney general under AS 45.50.471--45.50.561, if the attorney general prevails, the state shall be awarded its actual attorney fees and costs, including costs of investigation, to the extent those fees and costs are reasonable.

* * *

### AS § 45.50.551. Civil penalties

* * *

§ 45.50.551(b)

(b) In an action brought under AS 45.50.501, if the court finds that a person is using or has used an act or practice declared unlawful by AS 45.50.471, the attorney general, upon petition to the court, may recover, on behalf of the state, a civil penalty of not less than $1,000 and not more than $25,000 for each violation.

* * *

**ARKANSAS**

Arkansas Code Annotated

### A.C.A. § 4-75-301. Definition

As used in this subchapter, unless the context otherwise requires, "monopoly" means any union or combination or consolidation or affiliation of capital, credit, property, assets, trade, customs, skill, or acts of any other valuable thing or possession, by or between persons, firms, or corporations, or association of persons, firms, or corporations, whereby any one (1) of the purposes or objects mentioned in this subchapter is accomplished or sought to be accomplished, or whereby any one (1) or more of the purposes are promoted or attempted to be executed or carried out, or whereby the several results described herein are reasonably calculated to be produced. A monopoly, as thus defined and contemplated, includes not merely a combination by and between two (2) or more persons, firms, and corporations, acting for themselves, but is especially defined and intended to include all aggregations, amalgamations, affiliations, consolidations, or incorporations of capital, skill, credit, assets, property, custom, trade, or other valuable things or possessions, whether effected by the ordinary methods of partnership or by actual union under the legal form of a corporation or any incorporated body resulting from the union of one (1) or more distinct firms or corporations, or by the purchase, acquisition, or control of shares or certificates of stock or bonds or other corporate property or franchises; and all partnerships and corporations that have been or may be created by the consolidation or amalgamation of the separate capital, stock, bonds, assets, credit, property, customs, trade, corporate, or firm belongings of two (2) or more firms or corporations or companies are especially declared to constitute monopolies within the meaning of this subchapter, if so created or entered into for any one (1) or more of the purposes named in this subchapter.

### A.C.A. § 4-75-302. Illegality

A monopoly, as defined in § 4-75-301, is declared to be unlawful and against public policy, and any and all persons, firms, corporations, or association of persons engaged therein shall be deemed and adjudged to be guilty of a conspiracy to defraud and shall be subject to the penalties prescribed in this subchapter.

### A.C.A. § 4-75-315. Civil actions and settlements by the Attorney General

§ 4-75-315(a)

(a) In addition to the other remedies provided in this subchapter, whenever the Attorney General has reason to believe that any person is engaging, has engaged, or is about to engage in any act or practice declared unlawful by this subchapter, the Attorney General may bring an action in the name of the state against that person:

(1) To obtain a declaratory judgment that the act or practice violates the provisions of this subchapter;

(2) To enjoin any act or practice that violates the provisions of this subchapter by issuance of a temporary restraining order or preliminary or permanent injunction, without bond, upon the giving of appropriate notice;

(3) To recover on behalf of the state and its agencies actual damages or restitution for loss incurred either directly or indirectly; and

3

(4) To recover civil penalties of up to one thousand dollars ($1,000) per violation of this subchapter, or any injunction, judgment, or consent order issued or entered into under the provisions of this subchapter and reasonable expenses, investigative costs, and attorney's fees.

§ 4-75-315(b)

(b) The Attorney General also may bring a civil action in the name of the state, as parens patriae on behalf of natural persons residing in this state, to secure monetary relief as provided under this section for injury, directly or indirectly sustained by those persons because of any violation of this subchapter, in accordance with the following provisions:

(1) The court in which the action is commenced shall award the Attorney General as monetary relief the actual damages sustained or restitution for loss incurred as a result of the violations of this subchapter and the cost of suit, including a reasonable attorney's fee. The court shall exclude from the amount of monetary relief awarded in the action any amount which duplicates amounts that have been awarded for the same injury already or which are allocable to persons who have excluded their claims under subdivision (b)(3)(A) of this section;

(2)(A) In any action brought under this section, the Attorney General shall, at the time, in the manner, and with the content as the circuit court may direct, cause notice of the parens patriae action to be given by publication.

(B) If the court finds that notice given solely by publication would deny due process of law to any person, the court shall direct the Attorney General to give the notice as may be required by due process of law;

(3)(A) Any person on whose behalf an action is brought under this section may elect to exclude from the adjudication the portion of the Attorney General's claim for monetary relief attributable to him or her by filing notice of the election with the court, within the time period specified, in the notice of the action given to the persons to be benefited by the action.

(B) Any person failing to give the notice shall be barred during the pendency of the action from commencing an action in his or her own name for the injury alleged in the action and the final judgment in the action shall be res judicata as to any claim which could be brought by the person under this subchapter based on the facts alleged or proven in the action.

(C)(i) The provisions set forth in this section and in §§ 4-75-316 -- 4-75-319 shall apply only to actions instituted by the Attorney General.

(ii) Nothing in the provisions set forth in this section and in §§ 4-75-316 -- 4-75-319 shall be deemed to expand or create additional rights or remedies available to persons proceeding under any action instituted by one (1) or more persons or an entity other than the Attorney General for violations of the provisions of this subchapter; and

(4) All damages shall be distributed in a manner that will afford each person a reasonable opportunity to secure his or her appropriate portion of the net monetary relief, including a distribution under the theory of cy pres, subject to approval by the court. * * *

4

Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101 et seq.

### A.C.A. § 4-88-104. Civil enforcement

In addition to the criminal penalty imposed hereunder, the Attorney General of this state shall have authority, acting through the Consumer Counsel of Arkansas, to file an action in the court designated in § 4-88-112 for civil enforcement of the provisions of this chapter, including, but not limited to, the seeking of restitution and the seeking of an injunction prohibiting any person from engaging in any deceptive or unlawful practice prohibited by this chapter.

### A.C.A. § 4-88-107. Deceptive and unconscionable trade practices

§ 4-88-107(a)(10)

(a) Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following:

* * *

(10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade;

* * *

### A.C.A. § 4-88-108. Concealment, suppression, or omission of material facts

(a) When utilized in connection with the sale or advertisement of any goods, services, or charitable solicitation, the following is unlawful:

(1) The act, use, or employment by a person of any deception, fraud, or false pretense;

(2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission;

(3) Displaying or causing to be displayed a fictitious or misleading name or telephone number on an Arkansas resident's caller identification service; or

(4) Using a third party to display or cause to be displayed a fictitious or misleading name or telephone number on an Arkansas resident's caller identification service.

(b) Subdivision (a)(3) of this section does not apply to the transmission of a caller identification service by a telecommunications provider that complies with § 23-17-122.

### A.C.A. § 4-88-113. Civil enforcement and remedies--Suspension or forfeiture of charter, franchise, etc.

§ 4-88-113(a)(1)

(a) In any proceeding brought by the Attorney General for civil enforcement of the provisions of this

chapter, prohibiting unlawful practices as defined in this chapter, the circuit court may make such orders or judgments as may be necessary to:

(1) Prevent the use or employment by such person of any prohibited practices;

* * *

§ 4-88-113(a)(3)

(3) Assess penalties to be paid to the state, not to exceed ten thousand dollars ($10,000) per violation, against persons found to have violated this chapter.

* * *

**FLORIDA**

Florida Statutes Annotated

### *F.S.A. § 542.19. Monopolization; attempts, combinations, or conspiracies to monopolize*

It is unlawful for any person to monopolize, attempt to monopolize, or combine or conspire with any other person or persons to monopolize any part of trade or commerce in this state.

### *F.S.A. § 542.21. Penalties for violation*

§ 542.21(1)

(1) Any natural person who violates any of the provisions of s. 542.18 or s. 542.19 shall be subject to a civil penalty of not more than $100,000. Any other person who violates any of the provisions of s. 542.18 or s. 542.19 shall be subject to a civil penalty of not more than $1 million.

* * *

### *F.S.A. § 542.23. Equitable remedies*

In addition to other remedies provided by this chapter, any person shall be entitled to sue for and have injunctive or other equitable relief in the circuit courts of this state against threatened loss or damage by a violation of this chapter. In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to the plaintiff.

### *F.S.A. § 542.32. Rule of construction and coverage*

It is the intent of the Legislature that, in construing this chapter, due consideration and great weight be given to the interpretations of the federal courts relating to comparable federal antitrust statutes. In particular, the failure to include in this chapter the substantive provisions of s. 3 of the Clayton Act, 15 U.S.C. s. 14, shall not be deemed in any way to limit the scope of s. 542.18 or s. 542.19.

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 *et seq.*

## *F.S.A. § 501.202. Purposes; rules of construction*

The provisions of this part shall be construed liberally to promote the following policies:

(1) To simplify, clarify, and modernize the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices.

(2) To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

(3) To make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.

## *F.S.A. § 501.204. Unlawful acts and practices*

(1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(2) It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2017.

## *F.S.A. § 501.207. Remedies of enforcing authority*

(1) The enforcing authority may bring:

* * *

§ 501.207(1)(b)

(b) An action to enjoin any person who has violated, is violating, or is otherwise likely to violate, this part.

* * *

## *F.S.A. § 501.2075. Civil penalty*

Except as provided in s. 501.2077, any person, firm, corporation, association, or entity, or any agent or employee of the foregoing, who is willfully using, or has willfully used, a method, act, or practice declared unlawful under s. 501.204, or who is willfully violating any of the rules of the department adopted under this part, is liable for a civil penalty of not more than $10,000 for each such violation. Willful violations occur when the person knew or should have known that his or her conduct was unfair or deceptive or prohibited by rule. This civil penalty may be recovered in any action brought under this part by the enforcing authority; or the enforcing authority may terminate any investigation or action upon agreement by the person, firm, corporation, association, or entity, or the agent or employee of the foregoing, to pay a stipulated civil penalty. The department or the court may waive any such civil penalty if the person,

7

firm, corporation, association, or entity, or the agent or employee of the foregoing, has previously made full restitution or reimbursement or has paid actual damages to the consumers or governmental entities who have been injured by the unlawful act or practice or rule violation. If civil penalties are assessed in any litigation, the enforcing authority is entitled to reasonable attorney's fees and costs. A civil penalty so collected shall accrue to the state and shall be deposited as received into the General Revenue Fund unallocated.

## IDAHO

Idaho Competition Act, Idaho Code Ann. § 48-101, *et seq.*

### Idaho Code § 48-102. Legislative findings, purpose, interpretation and scope of chapter

* * *

§ 48-102(3)

(3) The provisions of this chapter shall be construed in harmony with federal judicial interpretations of comparable federal antitrust statutes and consistent with this chapter's purposes, as set forth in subsection (2) of this section.

* * *

### Idaho Code § 48-105. Monopolies

It is unlawful to monopolize, attempt to monopolize, or combine or conspire to monopolize any line of Idaho commerce.

### Idaho Code § 48-108. Civil actions and settlements by the attorney general

§ 48-108

(1) Whenever the attorney general has reason to believe that any person is engaging, has engaged, or is about to engage in any act or practice declared unlawful by this chapter, the attorney general may bring an action in the name of the state against that person:

  (a) To obtain a declaratory judgment that the act or practice violates the provisions of this chapter;

  (b) To enjoin any act or practice that violates the provisions of this chapter by issuance of a temporary restraining order or preliminary or permanent injunction, without bond, upon the giving of appropriate notice;

  (c) To recover on behalf of the state and its agencies actual damages or restitution;

  (d) To recover civil penalties of up to fifty thousand dollars ($50,000) per violation of section 48-104 or 48-105, Idaho Code, or any injunction, judgment or consent order issued or entered into pursuant to this chapter and reasonable expenses, investigative costs and attorney's fees; and

  (e) To obtain an order requiring divestiture of any assets:

(i) Acquired in violation of section 48-106, Idaho Code, to the extent determined necessary by the district court to avoid the creation of a monopoly or any likely substantial lessening of competition resulting from such transaction found violative of section 48-106, Idaho Code; or

(ii) To restore competition in any line of Idaho commerce which has been eliminated by a violation of section 48-105, Idaho Code.

(2) The attorney general also may bring a civil action in the name of the state, as parens patriae on behalf of persons residing in this state, to secure monetary relief as provided under this chapter for injury directly or indirectly sustained by those persons because of any violation of section 48-104 or 48-105, Idaho Code, in accordance with the following provisions:

(a) The district court shall award the attorney general as monetary relief the total damages sustained for violations of section 48-104 or 48-105, Idaho Code, and the cost of suit, including a reasonable attorney's fee. The court shall increase any damage recovery to an amount not in excess of three (3) times the damages sustained if the court finds that the violation at issue constituted a per se violation of section 48-104, Idaho Code, or an intentional violation of section 48-105, Idaho Code. The court shall exclude from the amount of monetary relief awarded in such action any amount which duplicates amounts which have been awarded for the same injury already or which are allocable to persons who have excluded their claims pursuant to subsection (2)(c) of this section.

(b) In any action brought under this section, the attorney general shall, at such times, in such manner, and with such content as the district court may direct, cause notice of the parens patriae action to be given by publication. If the court finds that notice given solely by publication would deny due process of law to any person, the court shall direct the attorney general to give such notice as may be required by due process of law.

(c) Any person on whose behalf an action is brought under this section may elect to exclude from such adjudication the portion of the attorney general's claim for monetary relief attributable to him by filing notice of such election with the court within the time period specified in the notice of such action given to the persons to be benefited by the action. Any person failing to give such notice shall be barred during the pendency of such action from commencing an action in his or her own name for the injury alleged in such action and the final judgment in such action shall be res judicata as to any claim which could be brought by such person under this act based on the facts alleged or proven in such action.

(d) All damages shall be distributed in such a manner that will afford each person a reasonable opportunity to secure his appropriate portion of the net monetary relief.

***

(4) The attorney general may proceed under any antitrust laws in the federal courts on behalf of this state or any of its political subdivisions or agencies.

### Idaho Code § 48-112. Additional relief of district court authorized

When the state prevails in any action brought under section 48-108, Idaho Code, the court shall award reasonable costs and attorney's fees to the attorney general. In addition, the court may:

(1) Make orders or judgments as necessary to prevent the use or employment by a person of any act or practice declared unlawful by this act;

(2) Make orders or judgments as necessary to compensate persons for damages sustained or to provide for

9

restitution to persons of money, property or other things received from persons in connection with a violation of this chapter;

(3) Appoint a receiver to oversee assets or order sequestration of assets whenever it appears that the defendant threatens or is about to remove, conceal or dispose of property to the damage of persons to whom restoration would be made under this section and assess the expenses of a master, receiver or escrow agent against the defendant; and

(4) Grant other appropriate relief.

Idaho Consumer Protection Act, Idaho Code Ann. § 48-601, *et seq.*

### Idaho Code § 48-603. Unfair methods and practices

The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is:

* * *

§ 48-603(5)

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, connection, qualifications or license that he does not have;

* * *

§ 48-603(7)

(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

* * *

§ 48-603(9)

(9) Advertising goods or services with intent not to sell them as advertised;

* * *

§ 48-603(17)

(17) Engaging in any act or practice that is otherwise misleading, false, or deceptive to the consumer;

* * *

### *Idaho Code § 48-606. Proceedings by attorney general*

§ 48-606(1)

(1) Whenever the attorney general has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by this chapter to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the state against such person:

   (a) To obtain a declaratory judgment that a method, act or practice violates the provisions of this chapter;

   (b) To enjoin any method, act or practice that violates the provisions of this chapter by issuance of a temporary restraining order or preliminary or permanent injunction, upon the giving of appropriate notice to that person as provided by the Idaho rules of civil procedure;

   (c) To recover on behalf of consumers actual damages or restitution of money, property or other things received from such consumers in connection with a violation of the provisions of this chapter;

   (d) To order specific performance by the violator;

   (e) To recover from the alleged violator civil penalties of up to five thousand dollars ($5,000) per violation for violation of the provisions of this chapter; and

   (f) To recover from the alleged violator reasonable expenses, investigative costs and attorney's fees incurred by the attorney general.

* * *

§ 48-606(5)

(5) All penalties, costs and fees recovered by the attorney general shall be remitted to the consumer protection fund which is hereby created in the state treasury. Moneys in the fund may be expended pursuant to legislative appropriation and shall be used for the furtherance of the attorney general's duties and activities under this chapter. At the beginning of each fiscal year, those moneys in the consumer protection fund which exceed the current year's appropriation plus any residual encumbrances made against prior years' appropriations by fifty percent (50%) or more shall be transferred to the general fund.

* * *

### *Idaho Code § 48-607. Additional relief by court authorized*

In any action brought by the attorney general, wherein the state prevails, the court shall, in addition to the relief granted pursuant to section 48-606, Idaho Code, award reasonable costs, investigative expenses and attorney's fees to the attorney general. These costs and fees shall be remitted to the consumer protection account created in section 48-606, Idaho Code, and shall be used for the furtherance of the attorney general's duties and activities under this chapter. In addition, the court may:

(1) Make such orders or judgments as may be necessary to prevent the use or employment by a person of any method, act or practice declared to be a violation of the provisions of this chapter;

(2) Make such orders or judgments as may be necessary to compensate any consumers for actual damages sustained or to provide for restitution to any consumers of money, property or other things received from such consumers in connection with a violation of the provisions of this chapter;

11

(3) Make such orders or judgments as may be necessary to carry out a transaction in accordance with consumers' reasonable expectations;

(4) Appoint a master, receiver or escrow agent to oversee assets or order sequestration of assets whenever it shall appear that the defendant threatens or is about to remove, conceal or dispose of property to the damage of persons to whom restoration would be made under this subsection and assess the expenses of a master, receiver or escrow agent against the defendant;

(5) Revoke any license or certificate authorizing that person to engage in business in this state;

(6) Enjoin any person from engaging in business in this state; and/or

(7) Grant other appropriate relief.

12

**INDIANA**

### Ind. Code § 24-1-2-2 Monopoly; offense

Sec. 2. A person who monopolizes any part of the trade or commerce within this state commits a Class A misdemeanor.

### Ind. Code § 24-1-2-5.1 Action by attorney general

Sec. 5.1. (a) The attorney general may bring an action on behalf of the state or a political subdivision (as defined in IC 34-6-2-110) for one (1) or more of the following, together with the costs and expenses of the suit, including reasonable attorney's fees and expert fees, in connection with a violation of this chapter:

(1) Appropriate injunctive or other equitable relief, including disgorgement of any gains derived from the violation.

(2) A civil penalty, as prescribed in subsection (c).

(3) Injuries or damages sustained directly or indirectly by the state or political subdivision as a result of the violation.

(b) The attorney general may bring an action in the name of the state as parens patriae on behalf of one (1) or more natural persons residing in Indiana for one (1) or more of the following, together with the costs and expenses of the suit, including reasonable attorney's fees and expert fees, in connection with a violation of this chapter:

(1) Appropriate injunctive or other equitable relief, including disgorgement of any gains derived from the violation.

(2) A civil penalty, as prescribed in subsection (c).

(3) Injuries or damages sustained directly or indirectly by the one (1) or more natural persons as a result of the violation.

(c) In an action brought under subsection (a) or (b) after June 30, 2023, the attorney general may recover a civil penalty of not more than:

(1) one hundred thousand dollars ($100,000) per violation from any natural person who violates this chapter; or

(2) one million dollars ($1,000,000) from any other person (as defined in section 10 of this chapter), other than a natural person, that violates this chapter.

Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, *et seq.*

### Ind. Code § 24-5-0.5-1 Construction and purposes

Sec. 1. (a) This chapter shall be liberally construed and applied to promote its purposes and policies.

(b) The purposes and policies of this chapter are to:

(1) simplify, clarify, and modernize the law governing deceptive and unconscionable consumer sales practices;

(2) protect consumers from suppliers who commit deceptive and unconscionable sales acts; and

(3) encourage the development of fair consumer sales practices.

### Ind. Code § 24-5-0.5-3 Deceptive acts

§ 24-5-0.5-3(a)

Sec. 3. (a) A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations.

* * *

### Ind. Code § 24-5-0.5-4 Actions and proceedings; damages; injunctions; civil penalties; offers to cure

§ 24-5-0.5-4

* * *

(c) The attorney general may bring an action to enjoin a deceptive act, including a deceptive act described in section 3(b)(20) of this chapter, notwithstanding subsections (a) and (b). However, the attorney general may seek to enjoin patterns of incurable deceptive acts with respect to consumer transactions in real property. In addition, the court may:

(1) issue an injunction;

* * *

§ 24-5-0.5-4(c)(4)

(4) order the supplier to pay to the state the reasonable costs of the attorney general's investigation and prosecution related to the action;

* * *

§ 24-5-0.5-4(g)

(g) If a court finds any person has knowingly violated section 3 or 10 of this chapter, other than section 3(b)(19), 3(b)(20), or 3(b)(40) of this chapter, the attorney general, in an action pursuant to subsection (c), may recover from the person on behalf of the state a civil penalty of a fine not exceeding five thousand dollars ($5,000) per violation.

* * *

14

### *Ind. Code 24-5-0.5-8 Incurable deceptive act; civil penalty*

Sec. 8. A person who commits an incurable deceptive act is subject to a civil penalty of a fine of not more than five hundred dollars ($500) for each violation. The attorney general, acting in the name of the state, has the exclusive right to petition for recovery of such a fine, and this fine may be recovered only in an action brought under section 4(c) of this chapter.

## KENTUCKY

Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110 *et seq.*

### *KRS § 367.170 Unlawful acts*

§ 367.170(1)

(1) Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

* * *

### *KRS § 367.175 Other unlawful acts*

§ 367.175

(1) Every contract, combination in the form of trust and otherwise, or conspiracy, in restraint of trade or commerce in this Commonwealth shall be unlawful.

(2) It shall be unlawful for any person or persons to monopolize, attempt to monopolize or combine or conspire with any other person or persons to monopolize any part of the trade or commerce in this Commonwealth.

* * *

### *KRS § 367.190 Injunction; hearing*

(1) Whenever the Attorney General has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by KRS 367.170 to be unlawful, and that proceedings would be in the public interest, he may immediately move in the name of the Commonwealth in a Circuit Court for a restraining order or temporary or permanent injunction to prohibit the use of such method, act or practice. The action may be brought in the Circuit Court of the county in which such person resides or has his principal place of business or in the Circuit Court of the county in which the method, act or practice declared by KRS 367.170 to be unlawful has been committed or is about to be committed; or with consent of the parties may be brought in the Franklin Circuit Court.

(2) Upon application of the Attorney General, a restraining order shall be granted whenever it reasonably appears that any person will suffer immediate harm, loss or injury from a method, act or practice prohibited by KRS 367.170. If the defendant moves for the dissolution of a restraining order issued under this section, the court shall hold a hearing within five (5) business days of the date of service of the defendant's motion to dissolve, unless a delay in hearing the cause is requested by, or otherwise caused by the defendant. If such a hearing is not held within five (5) business days, the restraining order will automatically be dissolved.

(3) In order to obtain a temporary or permanent injunction, it shall not be necessary to allege or prove that an adequate remedy at law does not exist. Further, it shall not be necessary to allege or prove that irreparable injury, loss or damage will result if the injunctive relief is denied.

### *KRS § 367.990 Penalties*

§ 367.990(2)

(2) In any action brought under KRS 367.190, if the court finds that a person is willfully using or has willfully used a method, act, or practice declared unlawful by KRS 367.170, the Attorney General, upon petition to the court, may recover, on behalf of the Commonwealth, a civil penalty of not more than two thousand dollars ($2,000) per violation, or where the defendant's conduct is directed at a person aged sixty (60) or older, a civil penalty of not more than ten thousand dollars ($10,000) per violation, if the trier of fact determines that the defendant knew or should have known that the person aged sixty (60) or older is substantially more vulnerable than other members of the public.

* * *

§ 367.990(8)

(8) In addition to the penalties contained in this section, the Attorney General, upon petition to the court, may recover, on behalf of the Commonwealth a civil penalty of not more than the greater of five thousand dollars ($5,000) or two hundred dollars ($200) per day for each and every violation of KRS 367.175.

* * *

## LOUISIANA

Louisiana Revised Statutes Annotated

### *La. Rev. Stat. § 51:123. Monopolizing trade or commerce prohibited; penalty*

No person shall monopolize, or attempt to monopolize, or combine, or conspire with any other person to monopolize any part of the trade or commerce within this state.
Whoever violates this Section shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, not more than three years, or both.

### *La. Rev. Stat. § 51:128. Injunction at suit of state; petition and citation; temporary relief; process as to parties not joined*

The district courts have jurisdiction to prevent and restrain violations of this Part, and the Attorney General or the district attorneys in their respective districts under the direction of the Attorney General or the governor, shall institute proceedings to prevent and restrain violations. Proceedings shall be by way of petition and by citation, setting forth the case and praying that the violations be enjoined, or otherwise prohibited. When the parties complained of have been duly notified of the petition, the court shall proceed, as soon as practicable, to the hearing and determination of the case. Pending such action and before the final decree, the court may at any time issue a temporary restraining order if it is just in the premises. Whenever other parties are required, the court may summon them whether they reside in the parish in which the court is held or not, and the subpoenas may be served in any parish by the sheriff thereof.

17

### *La. Rev. Stat. § 51:138. Suits to be instituted by Attorney General or district attorney; prosecutions*

All suits for the enforcement of this Part shall be instituted in the district courts by the Attorney General, on his own motion or by direction of the governor, or by the district attorney, acting under instruction of the governor or Attorney General; but when the penalty of imprisonment is demanded, the prosecution shall be in accordance with the provisions regulating criminal procedure.

### *La. Rev. Stat. § 51:1405. Unfair acts or practices; interpretation and rulemaking authority*

§ 51:1405(A)

A. Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

* * *

### *La. Rev. Stat. § 51:1407. Restraining prohibited acts*

§ 51:1407(A)

A. Whenever the attorney general has reason to believe that any person is using, has used, or is about to use any method, act, or practice declared by R.S. 51:1405 to be unlawful, he may bring an action for injunctive relief in the name of the state against such person to restrain and enjoin the use of such method, act, or practice. The action may be brought in the district court having civil jurisdiction in any parish in which such person resides, or is domiciled or has his principal place of business, or in any parish in which such person did business, or, with consent of the parties, may be brought in the district court of the parish where the state capitol is located. In the event these district courts are not operational due to a declared state of emergency, the action shall be brought in an operating judicial court located closest in geographic distance to the Nineteenth Judicial District Court in the parish of East Baton Rouge. In the event that such person was located outside of the state, but was soliciting in the state by mail, telephone, or any electronic communication, the action may be brought in the district court having civil jurisdiction in the parish in which the contact was made. It being against the public policy of the state of Louisiana to allow a contractual selection of venue or jurisdiction contrary to the provisions of the Louisiana Code of Civil Procedure, no provision of any contract which purports to waive these provisions of venue, or to waive or select venue or jurisdiction in advance of the filing of any civil action, may be enforced against any plaintiff in an action brought in these courts. These courts are authorized to issue temporary restraining orders or preliminary and permanent injunctions to restrain and enjoin violations of this Chapter, and such restraining orders or injunctions shall be issued without bond.

§ 51:1407(B)

B. In addition to the remedies provided herein, the attorney general may request and the court may impose a civil penalty against any person found by the court to have engaged in any method, act, or practice in Louisiana declared to be unlawful under this Chapter. In the event the court finds the method, act, or practice to have been entered into with the intent to defraud, the court has the authority to impose a penalty not to exceed five thousand dollars for each violation.

\* \* \*

**MISSISSIPPI**

Miss. Code Ann. § 75- 21-1 *et seq.*

### Miss. Code § 75-21-3. Additional contracts; trust and combination

Any corporation, domestic or foreign, or individual, partnership, or association of persons whatsoever, who, with intent to accomplish the results herein prohibited or without such intent, shall accomplish such results to a degree inimical to public welfare, and shall thus:

\* \* \*

§ 75-21-3(b)

(b) Or shall monopolize or attempt to monopolize the production, control or sale of any commodity, or the prosecution, management or control of any kind, class or description of business;

### Miss. Code § 75-21-7. Penalty for violation of chapter

Any person, corporation, partnership, firm or association of persons and the officers and representatives of the corporation or association violating any of the provisions of this chapter shall forfeit not less than one hundred dollars ($100.00) nor more than two thousand dollars ($2,000.00) for every such violation. Each month in which such person, corporation or association shall violate this chapter shall be a separate violation, the forfeiture and penalty in such case to be recovered alone by suit in the name of the state on the relation of the attorney general and by the consent of the attorney general suits may be brought by any district attorney, such suits to be brought in any court of competent jurisdiction.

Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1 *et seq.*

### Miss. Code § 75-24-3. Definitions; construction

As used in this chapter:

\*\*\*

(c) It is the intent of the Legislature that in construing what constitutes unfair or deceptive trade practices that the courts will be guided by the interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 USCS 45(a)(1)) as from time to time amended.

### Miss. Code § 75-24-5. Acts or practices prohibited

§ 75-24-5(1)

(1) Unfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce are prohibited. Action may be brought under Section 75-24-5(1) only under the provisions of Section 75-24-9.

\* \* \*

### Miss. Code § 75-24-9. Injunctive relief

Whenever the Attorney General has reason to believe that any person is using, has used, or is about to use any method, act or practice prohibited by Section 75-24-5, and that proceedings would be in the public interest, he may bring an action in the name of the state against such person to restrain by temporary or permanent injunction the use of such method, act or practice. The action shall be brought in the chancery or county court of the county in which such person resides or has his principal place of business, or, with consent of the parties, may be brought in the chancery or county court of the county in which the State Capitol is located. The said courts are authorized to issue temporary or permanent injunctions to restrain and prevent violations of this chapter, and such injunctions shall be issued without bond.

### Miss. Code § 75-24-19. Civil violations and penalties; jurisdiction

(1) Civil remedies.

§ 75-24-19(1)(b)

(b) In any action brought under Section 75-24-9, if the court finds from clear and convincing evidence, that a person knowingly and willfully used any unfair or deceptive trade practice, method or act prohibited by Section 75-24-5, the Attorney General, upon petition to the court, may recover on behalf of the state a civil penalty in a sum not to exceed Ten Thousand Dollars ($10,000.00) per violation. One-half ( ½ ) of said penalty shall be payable to the Office of Consumer Protection to be deposited into the Attorney General's special fund. All monies collected under this section shall be used by the Attorney General for consumer fraud education and investigative and enforcement operations of the Office of Consumer Protection. The other one-half ( ½ ) shall be payable to the General Fund of the State of Mississippi. The Attorney General may also recover, in addition to any other relief that may be provided in this section, investigative costs and a reasonable attorney's fee.\* \* \*

### Miss. Code § 75-24-23. Additional nature of remedies

The remedies in this chapter are in addition to and not in derogation of remedies otherwise available under federal, state or local law to the attorney general, the district or county attorneys, or to persons injured by violations of this chapter.

**MISSOURI**

Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.*

### *V.A.M.S. § 407.020. Unlawful practices, penalty--exceptions*

§ 407.020.1

1. The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice. The use by any person, in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri of the fact that the attorney general has approved any filing required by this chapter as the approval, sanction or endorsement of any activity, project or action of such person, is declared to be an unlawful practice. Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

\* \* \*

### *V.A.M.S. § 407.100. Injunction … civil penalty*

§ 407.100.1

1. Whenever it appears to the attorney general that a person has engaged in, is engaging in, or is about to engage in any method, act, use, practice or solicitation, or any combination thereof, declared to be unlawful by this chapter, the attorney general may seek and obtain, in an action in a circuit court, an injunction prohibiting such person from continuing such methods, acts, uses, practices, or solicitations, or any combination thereof, or engaging therein, or doing anything in furtherance thereof.

§ 407.100.2

2. In any action under subsection 1 of this section, and pursuant to the provisions of the Missouri Rules of Civil Procedure, the attorney general may seek and obtain temporary restraining orders, preliminary injunctions, temporary receivers, and the sequestering of any funds or accounts if the court finds that funds or property may be hidden or removed from the state or that such orders or injunctions are otherwise necessary.

\* \* \*

§ 407.100.6

6. The court may award to the state a civil penalty of not more than one thousand dollars per violation; except that, if the person who would be liable for such penalty shows, by a preponderance of the evidence, that a violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error, no civil penalties shall be imposed.

21

\* \* \*

### V.A.M.S. § 407.130. Assessment of court costs

In any action brought under the provisions of section 407.100, the attorney general is entitled to recover as costs, in addition to normal court costs, the cost of the investigation and prosecution of any action to enforce the provisions of this chapter.

### V.A.M.S. § 407.140. Merchandising practices revolving fund established

1. There is created in the state treasury a special trust fund for the office of the attorney general, to be known as the "Merchandising Practices Revolving Fund", which shall consist of money transferred by the general assembly of the state of Missouri from the general revenue fund of this state, and any money paid into the state treasury and required by law to be credited to the merchandising practices revolving fund. The moneys in the merchandising practices revolving fund shall be kept separate and apart from all other moneys in the state treasury and shall be paid out by the state treasurer upon warrants issued by the state auditor as certified by the commissioner of administration upon verified vouchers of the attorney general.

2. Money in the merchandising practices revolving fund shall be available for the payment of all costs and expenses incurred by the attorney general in the investigation, prosecution, and enforcement of the provisions of this chapter, and to provide funds for consumer education and advocacy programs.

3. In any case in which the court awards damages as provided in section 407.100, there shall be added, in addition to restitution and costs, an amount equal to ten percent of the total restitution awarded, or such other amount as may be agreed upon by the parties or awarded by the court, which amount shall be paid into the state treasury to the credit of the merchandising practices revolving fund.

4. All moneys recovered as court costs or as costs provided by section 407.130 pursuant to litigation brought under the authority of this chapter shall be paid into the state treasury to the credit of the merchandising practices revolving fund.

5. Any restitution awarded under section 407.100 which is not claimed or for which the injured person entitled thereto cannot be found, or which is otherwise remaining after distribution by the attorney general, shall be paid into the state treasury to the credit of the merchandising practices revolving fund.

6. The provisions of section 33.080 requiring the transfer of all unexpended funds to the credit of the ordinary revenue fund of the state shall not apply to funds in the merchandising practices revolving fund.

### V.A.M.S. § 416.031. Restraint of trade prohibited

\* \* \*

§ 416.031.2

2. It is unlawful to monopolize, attempt to monopolize, or conspire to monopolize trade or commerce in this state.

22

### *V.A.M.S. § 416.071. Injunctive relief by circuit courts authorized*

§ 416.071.1

1. In addition to all other remedies provided by sections 416.011 to 416.161, the circuit courts of this state are invested with jurisdiction to grant such preliminary or permanent injunctive relief and to issue such temporary restraining orders as necessary to prevent and restrain violations of section 416.031.

* * *

### *V.A.M.S. § 416.121. Who may sue--prevailing plaintiff to be awarded attorney's fees and costs*

Any person, including the state, who is injured in his business or property by reason of anything forbidden or declared unlawful by sections 416.011 to 416.161 may sue therefor in any circuit court of this state in which the defendant or defendants, or any of them, reside, or have any officer, agent or representative, or in which any such defendant, or any agent, officer or representative may be found. Such person may:

(1) Sue for damages sustained by him, and if the judgment is for the plaintiff he shall be awarded threefold damages by him sustained and reasonable attorneys' fees as determined by the court, together with the costs of suit; and

(2) Bring proceedings to enjoin the unlawful practices, and if decree is for the plaintiff he shall be awarded reasonable attorneys' fees as determined by the court, together with the costs of the suit.

### *V.A.M.S. § 416.141. How construed as to comparable federal acts*

Sections 416.011 to 416.161 shall be construed in harmony with ruling judicial interpretations of comparable federal antitrust statutes.

23

**MONTANA**

Montana Code Annotated

### Mont. Code § 30-14-205. Unlawful restraint of trade

§ 30-14-205

***[1]

(2) for the purpose of creating or carrying out any restriction in trade, to:

***

(b) increase or reduce the price of merchandise or commodities;

(c) prevent competition in the distribution or sale of merchandise or commodities;

***

(g) create a monopoly in the manufacture, sale, or transportation of an article of commerce;

### Mont. Code § 30-14-222. Injunctions--damages--production of evidence

§ 30-14-222(1)

(1) A person who is or will be injured or the department may bring an action to enjoin an act that is in violation of 30-14-205 through 30-14-214 or 30-14-216 through 30-14-218 and for the recovery of damages. If the court finds that the defendant is violating or has violated any of the provisions of 30-14-205 through 30-14-214 or 30-14-216 through 30-14-218, the court shall enjoin the defendant. It is not necessary to allege or prove actual damages to the plaintiff.

* * *

### Mont. Code § 30-14-224. Penalties

* * *

§ 30-14-224(2)

(2) A violation of 30-14-205 is punishable by imprisonment for a period of not more than 5 years, and the offender may be subject to a fine in an amount not exceeding $25,000.

* * *

---

[1] Subsection (1) is in Plaintiffs' Statutory Appendix (below) because Google objects to including it.

### Mont. Code § 30-14-226. Disposition of civil fines, settlement proceeds, amounts awarded in judgments, costs, and fees

§ 30-14-226(1)

(1) All civil fines, settlement proceeds not otherwise designated for a specific use pursuant to court order, amounts awarded in judgments, costs, and fees received or recovered by the department pursuant to this part must be deposited into a state special revenue account to the credit of the department and must be used to defray the expenses of the department in discharging its administrative and regulatory powers and duties in relation to this part.

\* \* \*

Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101 *et seq.*

### Mont. Code § 30-14-103. Unlawful practices

Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

### Mont. Code § 30-14-111. Department to restrain unlawful acts

§ 30-14-111(1)

(1) Whenever the department has reason to believe that a person is using, has used, or is about to knowingly use any method, act, or practice declared by 30-14-103 to be unlawful and that proceeding would be in the public interest, the department may bring an action in the name of the state against the person to restrain by temporary or permanent injunction or temporary restraining order the use of the unlawful method, act, or practice upon giving appropriate notice to that person.

\* \* \*

§ 30-14-111(4)

(4) A district court is authorized to issue temporary or permanent injunctions or temporary restraining orders to restrain and prevent violations of this part, and an injunction must be issued without bond.

### Mont. Code § 30-14-142. Penalties

\* \* \*

§ 30-14-142(2)

(2) In an action brought under 30-14-111, if the court finds that a person is willfully using or has willfully used a method, act, or practice declared unlawful by 30-14-103, the department, upon petition to the court, may recover on behalf of the state a civil fine of not more than $10,000 for each violation. The fine provided for in this subsection is in addition to any liability that a person might be subject to under

subsection (1).* * *

# NORTH DAKOTA

North Dakota Uniform State Antitrust Act, NDCC §51-08.1-01 *et seq.*

### NDCC § 51-08.1-03. Establishment, maintenance, or use of monopoly

The establishment, maintenance, or use of a monopoly, or an attempt to establish a monopoly, of trade or commerce in a relevant market by any person, for the purpose of excluding competition or controlling, fixing, or maintaining prices, is unlawful.

### NDCC § 51-08.1-07. Civil penalty and injunctive enforcement by state

The attorney general, or a state's attorney with the permission or at the request of the attorney general, may bring an action for appropriate injunctive relief, equitable relief, including disgorgement, and civil penalties in the name of the state for a violation of this chapter. The trier of fact may assess for the benefit of the state a civil penalty of not more than one hundred thousand dollars for each violation of this chapter.

### NDCC § 51-08.1-11. Remedies cumulative

The remedies provided in this chapter are cumulative.

North Dakota Unlawful Sales or Advertising Practices Act, NDCC §51-15-01 *et seq.*

### NDCC § 51-15-02. Unlawful Practices--Fraud--Misrepresentation--Unconscionable

The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice. The act, use, or employment by any person of any act or practice, in connection with the sale or advertisement of any merchandise, which is unconscionable or which causes or is likely to cause substantial injury to a person which is not reasonably avoidable by the injured person and not outweighed by countervailing benefits to consumers or to competition, is declared to be an unlawful practice.

### NDCC § 51-15-07. Remedies--Injunction--Other relief--Receiver--Cease and desist orders--Civil penalties--Costs recoverable in adjudicative proceedings

Whenever it appears to the attorney general that a person has engaged in, or is engaging in, any practice declared to be unlawful by this chapter, or by other provisions of law, including chapter 50-22, 51-13, 51-14, 51-16.1, or 51-18, the attorney general may seek and obtain in an action in a district court an injunction prohibiting that person from continuing the unlawful practice or engaging in the unlawful practice or doing any act in furtherance of the unlawful practice after appropriate notice to that person. The notice must state generally the relief sought and be served at least ten days before the hearing of the action. The court may make an order or judgment as may be necessary to prevent the use or employment by a person of any unlawful practices, or which may be necessary to restore to any person in interest any money, or property

27

that may have been acquired by means of any practice in this chapter, or in other provisions of law, including chapter 50-22, 51-13, 51-14, 51-16.1, or 51-18, declared to be unlawful, including the appointment of a receiver.

When it appears to the attorney general that a person has engaged in, or is engaging in, a practice declared to be unlawful by this chapter, or by other provisions of law, including chapter 50-22, 51-13, 51-14, 51-16.1, or 51-18, and that the person is about to conceal assets or oneself or leave the state, the attorney general may apply to the district court, ex parte, for an order appointing a receiver of the assets of that person. Upon a showing made by affidavit or other evidence that the person has engaged in, or is engaging in, a practice declared to be unlawful by this chapter and that the person is about to conceal assets or oneself or leave the state, the court shall order the appointment of a receiver to receive the assets of the person.

When it appears to the attorney general that a person has engaged in, or is engaging in, a practice declared to be unlawful by this chapter, or by other provisions of law, including chapter 50-22, 51-12, 51-13, 51-14, 51-16.1, or 51-18, or by an order of the attorney general issued under this chapter, the attorney general, without notice and hearing, may issue any cease and desist order, which the attorney general deems necessary or appropriate in the public interest, including if a person fails or refuses to file a statement or report, or to obey a subpoena issued by the attorney general under this chapter, or under other provisions of law, including chapter 50-22, 51-12, 51-13, 51-14, 51-16.1, or 51-18. In addition to any other remedy authorized by this chapter, or by other provisions of law, including chapter 50-22, 51-12, 51-13, 51-14, 51-16.1, or 51-18, the attorney general may impose by order and collect a civil penalty against a person found in an adjudicative proceeding to have violated a cease and desist order issued pursuant to this section, in an amount not more than one thousand dollars for each violation. The attorney general may bring an action in district court to recover penalties under this section. A person aggrieved by an order issued under this section may request a hearing before the attorney general if a written request is made within ten days after the receipt of the order. An adjudicative proceeding under this section must be conducted in accordance with chapter 28-32, unless otherwise specifically provided herein. If the attorney general prevails in an adjudicative proceeding pursuant to this section, the attorney general may assess the nonprevailing person for all adjudicative proceeding and hearing costs, including reasonable attorney's fees, investigation fees, costs, and expenses of any investigation and action.

### NDCC § 51-15-11. Civil penalties

The court may assess for the benefit of the state a civil penalty of not more than five thousand dollars for each violation of this chapter or for each violation of chapter 51-12, 51-13, 51-14, or 51-18. The penalty provided in this section is in addition to those remedies otherwise provided by this chapter or by chapter 50-22, 51-12, 51-13, 51-14, 51-16.1, or 51-18.

**NEVADA**

Nevada Deceptive Trade Practices, Nev. Rev. Stat. Ann. § 598.0903, *et seq.*

### *N.R.S. § 598.0915. "Deceptive trade practice" defined*

A person engages in a "deceptive trade practice" if, in the course of his or her business or occupation, he or she:

   * * *

§ 598.0915(5)

5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith.* * *

§ 598.0915(7)

7. Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model.* * *

§ 598.0915(9)

9. Advertises goods or services with intent not to sell or lease them as advertised.

* * *

### *N.R.S. § 598.0953. Engaging in deceptive trade practice prima facie evidence of intent to injure competitor; other rights of action not limited*

§ 598.0953(1)

1. Evidence that a person has engaged in a deceptive trade practice is prima facie evidence of intent to injure competitors and to destroy or substantially lessen competition.

   * * *

### *N.R.S. § 598.0963. Additional powers of Attorney General*

   * * *

§ 598.0963(3)

3. If the Attorney General has reason to believe that a person has engaged or is engaging in a deceptive trade practice, the Attorney General may bring an action in the name of the State of Nevada against that person to obtain a temporary restraining order, a preliminary or permanent injunction, or other appropriate relief, including, without limitation, the recovery of a civil penalty, disgorgement, restitution or the

recovery of damages:

(a) As parens patriae of the persons residing this State, with respect to damages sustained directly or indirectly by such persons, or, alternatively, if the court finds in its discretion that the interests of justice so require, as a representative of a class or classes consisting of persons residing in this State who have been damaged directly or indirectly; or

(b) As parens patriae, with respect to direct or indirect damages to the general economy of the State of Nevada or any agency or political subdivision thereof.

\* \* \*

### N.R.S. § 598.0975. Deposit and use of money collected pursuant to NRS 598.0903 to 598.0999, inclusive; exception for criminal fines and restitution

1. Except as otherwise provided in subsection 3 and in subsection 1 of NRS 598.0999, all fees, civil penalties and any other money collected pursuant to the provisions of NRS 598.0903 to 598.0999, inclusive:

§ 598.0975(1)(a)

(a) In an action brought by the Attorney General, must be deposited in the Consumer Protection Administrative Account pursuant to NRS 228.332.
\* \* \*

### N.R.S. § 598.0999. Civil and criminal penalties for violations

\* \* \*

§ 598.0999(2)

2. Except as otherwise provided in NRS 598.0974, in any action brought pursuant to the provisions of NRS 598.0903 to 598.0999, inclusive, if the court finds that a person has willfully engaged in a deceptive trade practice, the Commissioner, the Director, the district attorney of any county in this State or the Attorney General bringing the action may recover a civil penalty not to exceed $15,000 for each violation. The court in any such action may, in addition to any other relief or reimbursement, award reasonable attorney's fees and costs.\* \* \*

Nevada Unfair Trade Practices, Nev. Rev. Stat. Ann. § 598A.010, et seq.

### N.R.S. § 598A.050. Construction of chapter

The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes.

### N.R.S. § 598A.060. Prohibited acts

1. Every activity enumerated in this subsection constitutes a contract, combination or conspiracy in restraint of trade, and it is unlawful to conduct any part of any such activity in this State:

   * * *

(d) Tying arrangements, consisting of contracts in which the seller or lessor conditions the sale or lease of commodities or services on the purchase or leasing of another commodity or service.

(e) Monopolization of trade or commerce in this State, including, without limitation, attempting to monopolize or otherwise combining or conspiring to monopolize trade or commerce in this State.
* * *

### N.R.S. § 598A.250. Remedies cumulative

The remedies afforded by this chapter are cumulative.

### N.R.S. § 598A.260. Money obtained by Attorney General as awards, damages or penalties to be deposited in Consumer Protection Administrative Account

All money obtained as awards, damages or civil penalties for the State of Nevada and its agencies by the Attorney General as a result of enforcement of statutes pertaining to unfair trade practices, whether by final judgment, settlement or otherwise, must be deposited in the Consumer Protection Administrative Account pursuant to NRS 228.332.

### N.R.S. § 598A.070. Duties of Attorney General and district attorneys

1. The Attorney General shall:

* * *

(c) Institute proceedings on behalf of the State, its agencies, political subdivisions, districts or municipal corporations, or as parens patriae of the persons residing in the State for:

   (1) Injunctive relief to prevent and restrain a violation of any provision of this chapter, including, without limitation, a temporary restraining order, preliminary injunction or permanent injunction.

* * *

### N.R.S. § 598A.170. Civil penalty in action brought by Attorney General for engaging in prohibited activity

Persons who engage in activities prohibited by this chapter are civilly liable, at the suit of the Attorney General, in an amount not to exceed 5 percent of the gross income realized by the sale of commodities or services sold by such persons in this state in each year in which the prohibited activities occurred.

Nevada Revised Statutes

### *N.R.S. § 228.332. Consumer Protection Administrative Account: Creation; deposits; reversion of certain excess to Consumer Protection Legal Account*

1. The Consumer Protection Administrative Account is hereby created in the Bureau of Consumer Protection.

2. Except as otherwise provided in this section, all money collected from attorney's fees and costs, after reimbursement to retained attorneys or law firms in any matter including attorney's fees and costs in a matter that is the subject of a contingent fee contract pursuant to NRS 228.1116, and from all recoveries, except recoveries of restitution, recoveries made with the use of retained attorneys or law firms in any matter that is the subject of a contingent fee contract pursuant to NRS 228.1116, or otherwise directed by a court order from the administration and enforcement of chapters 598 and 598A of NRS, must be deposited into the Account.

3. On June 30 and December 31 of each year, and at any other time in the discretion of the Consumer's Advocate, any amount in excess of $500,000 in the Account reverts to the Consumer Protection Legal Account created by NRS 228.333.

**PUERTO RICO**

Puerto Rico Antitrust Act, 10 L.P.R.A. § 259 *et seq.*

### 10 L.P.R.A. § 259 Fair competition

§ 259(a)

(a) Unfair methods of competition, and unfair or deceptive acts or practices in trade or commerce are hereby declared unlawful.

* * *

§ 259(i)

(i) When any person is found liable of violating the regulations approved pursuant to subsection (b) of this section, and it appears that said violation was committed with present or real knowledge of the prohibition, or with reasonable knowledge inferred on the basis of objective circumstances, the Department of Consumer Affairs shall impose a civil penalty up to five thousand dollars ($5,000), for each violation in addition to the most appropriate remedies according to the details of the complaint, as provided in subsection (c) of this section.

* * *

### 10 L.P.R.A. § 260 Monopolies

Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce in the Commonwealth of Puerto Rico, or in any section thereof, shall be guilty of a misdemeanor.

### 10 L.P.R.A. § 269 Jurisdiction and enforcement provisions

The Court of First Instance is hereby vested with jurisdiction to prevent, prohibit, enjoin and punish violations of this chapter, and it shall be the duty of the Secretary of Justice to institute proceedings for injunctions or any other proceeding to prevent, prohibit, enjoin and punish such violations, and to obtain such other or further relief as may be appropriate. When a party complained of shall have been duly notified that an action has been filed against him, the court shall proceed, as soon as possible, to the hearing and determination of the case; and pending such proceedings and before final decree, the court may make such temporary restraining orders or prohibition as shall be deemed just in the premises.

The Court of First Instance shall have exclusive jurisdiction to entertain criminal proceedings for violation of this chapter. Disobedience of an order of the court to enforce the provisions of this chapter is punishable as contempt and the person found guilty of said violation may be punished by a fine not exceeding twenty-five thousand dollars ($25,000), or by imprisonment not exceeding one (1) year, or by both penalties, in the discretion of the court.

**SOUTH CAROLINA**

<u>South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq.*</u>

S.C. Code § 39-5-20

### § 39-5-20. Unfair methods of competition and unfair or deceptive acts or practices unlawful; application of federal act.

<u>§ 39-5-20(a)</u>

(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

<u>§ 39-5-20(b)</u>

(b) It is the intent of the legislature that in construing paragraph (a) of this section the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to Section 5(a) (1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

### S.C. Code § 39-5-50. Injunction; orders or judgments to restore property.

<u>§ 39-5-50(a)</u>

(a) Whenever the Attorney General has reasonable cause to believe that any person is using, has used or is about to use any method, act or practice declared by Section 39-5-20 to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the State against such person to restrain by temporary restraining order, temporary injunction or permanent injunction the use of such method, act or practice. Unless the Attorney General determines in writing that the purposes of this article will be substantially impaired by delay in instituting legal proceedings, he shall, at least three days before instituting any legal proceedings as provided in this section, give notice to the person against whom proceedings are contemplated and give such person an opportunity to present reasons to the Attorney General why such proceedings should not be instituted. The action may be brought in the court of common pleas in the county in which such person resides, has his principal place of business or conducts or transacts business. The courts are authorized to issue orders and injunctions to restrain and prevent violations of this article, and such orders and injunctions shall be issued without bond. Whenever any permanent injunction is issued by such court in connection with any action which has become final, reasonable costs shall be awarded to the State.

* * *

### S.C. Code § 39-5-110. Civil penalties for willful violation or violations of injunction.

<u>§ 39-5-110(a)</u>

(a) If a court finds that any person is willfully using or has willfully used a method, act or practice declared unlawful by Section 39-5-20, the Attorney General, upon petition to the court, may recover on behalf of the State a civil penalty of not exceeding five thousand dollars per violation.

\* \* \*

§ 39-5-110(c)

(c) For the purposes of this section, a willful violation occurs when the party committing the violation knew or should have known that his conduct was a violation of Section 39-5-20.

**SOUTH DAKOTA**

S.D. Codified Laws

### SDCL § 37-1-3.2. Monopolies and attempts to monopolize unlawful

The monopolization by any person, or an attempt to monopolize, or combine, or conspire with any other person or persons, to monopolize any of the trade or commerce within this state shall be unlawful.

### SDCL § 37-1-14.2. Actions on behalf of state for equitable relief and civil penalties--Amount of penalty

The attorney general, or a state's attorney with the permission or at the request of the attorney general, may bring an action for appropriate injunctive or other equitable relief and civil penalties in the name of the state for a violation of this chapter. The court may assess for the benefit of the state a civil penalty of not more than fifty thousand dollars for each violation of this chapter.

### SDCL § 37-1-20. Remedies cumulative

The remedies provided for in this chapter shall be construed as cumulative and not exclusive.

### SDCL § 37-1-22. Judicial interpretations of similar statutes as guide

It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes.

### SDCL § 37-1-31. Distribution of award of monetary relief--Treatment as civil penalty to be deposited in special revenue fund

Monetary relief recovered by the attorney general pursuant to § 37-1-23 to 37-1-32, inclusive, shall be distributed in such manner as the court in its discretion may authorize, or be deemed a civil penalty by the court and deposited in the antitrust special revenue fund pursuant to § 1-11-6.3.

### SDCL § 37-24-6. Deceptive act or practice--Violation as misdemeanor or felony

It is a deceptive act or practice for any person to:

§ 37-24-6(1)

> (1) Knowingly act, use, or employ any deceptive act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise or the solicitation of contributions for charitable purposes, regardless of whether any person has in fact been misled, deceived, or damaged thereby;

> * * *

36

### *SDCL § 37-24-23. Attorney general's action for injunction--Notice--Attorney fees*

If the attorney general has reason to believe that any person is using, has used, or is about to use any act or practice declared to be unlawful by § 37-24-6 and that proceedings would be in the public interest, the attorney general may bring an action in the name of the state against the person to restrain by temporary or permanent injunction the use of the act or practice, upon the giving of appropriate notice to that person. The notice shall state generally the relief sought and be served in accordance with § 37-24-16 and at least three days before any hearing in the action. The attorney general, if the prevailing plaintiff, may also recover reasonable attorney's fees and costs.

### *SDCL § 37-24-27. Civil penalty for intentional violations recovered in action for injunction*

In any action brought under § 37-24-23, if the court finds that a person is intentionally using or has intentionally used an act or practice declared to be unlawful by § 37-24-6, the attorney general, upon petition to the court, may recover, on behalf of the state, a civil penalty of not more than two thousand dollars per violation. For purposes of this section, an intentional violation occurs when the party committing the violation knew or should have known that his conduct was a violation of § 37-24-6.

**TEXAS**

Texas Business & Commerce Code

### *Tex. Bus. & Com. Code § 15.04. Purpose and Construction*

The purpose of this Act is to maintain and promote economic competition in trade and commerce occurring wholly or partly within the State of Texas and to provide the benefits of that competition to consumers in the state. The provisions of this Act shall be construed to accomplish this purpose and shall be construed in harmony with federal judicial interpretations of comparable federal antitrust statutes to the extent consistent with this purpose.

### *Tex. Bus. & Com. Code § 15.05. Unlawful Practices*

* * *

§ 15.05(b)

(b) It is unlawful for any person to monopolize, attempt to monopolize, or conspire to monopolize any part of trade or commerce.

### *Tex. Bus. & Com. Code § 15.20. Civil Suits by the State[2]*

§ 15.20

(a) Suit to Collect Civil Fine. The attorney general may file suit in district court in Travis County or in any county in the State of Texas in which any of the named defendants resides, does business, or maintains its principal office on behalf of the State of Texas to collect a civil fine from any person, other than a municipal corporation, whom the attorney general believes has violated any of the prohibitions in Subsection (a), (b), or (c) of Section 15.05 of this Act. An individual or other person adjudged to have violated any of these prohibitions shall pay a fine to the state in an amount not to exceed:

  (1) if an individual, $300,000; or

  (2) if any other person:

    (A) $3 million, if the lesser of the person's assets or market capitalization is less than $100 million;

    (B) $20 million, if the lesser of the person's assets or market capitalization is at least $100 million but less than $500 million; or

    (C) $30 million, if the lesser of the person's assets or market capitalization is $500 million or more.

(b) Suit for Injunctive Relief. The attorney general may file suit against any person, other than a municipal corporation, in district court in Travis County, or in any county in the State of Texas in which any of the named defendants resides, does business, or maintains its principal office on behalf of the State of Texas to enjoin temporarily or permanently any activity or contemplated activity that violates or threatens to violate any of the prohibitions in Section 15.05 of this Act. In any such suit, the court shall apply the same

---

[2] Google requested that only the current, not previous version of the law be included in this appendix.

principles as those generally applied by courts of equity in suits for injunctive relief against threatened conduct that would cause injury to business or property. In any such suit in which the state substantially prevails on the merits, the state shall be entitled to recover the cost of suit.

Upon finding a violation of the prohibition against acquiring the stock, share capital, or assets of a person in Subsection (d) of Section 15.05 of this Act, the court shall, upon further finding that no other remedy will eliminate the lessening of competition, order the divestiture or other disposition of the stock, share capital, or assets and shall prescribe a reasonable time, manner, and degree of the divestiture or other disposition.

(c) No suit filed under Subsection (a) or (b) of this section may be transferred to another county except on order of the court.

(d) Nothing in this section shall be construed to limit the constitutional or common law authority of the attorney general to bring actions under state and federal law.

### *Tex. Bus. & Com. Code § 17.46. Deceptive Trade Practices Unlawful*

§ 17.46(a)

(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code.

(b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

* * *

§ 17.46(b)(5)

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

* * *

§ 17.46(b)(7)

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

* * *

§ 17.46(b)(9)

(9) advertising goods or services with intent not to sell them as advertised;

* * *

§ 17.46(b)(12)

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does

39

not have or involve, or which are prohibited by law;

* * *

§ 17.46(b)(24)

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

* * *

### Tex. Bus. & Com. Code § 17.47. Restraining Orders

§ 17.47

(a) Whenever the consumer protection division has reason to believe that any person is engaging in, has engaged in, or is about to engage in any act or practice declared to be unlawful by this subchapter, and that proceedings would be in the public interest, the division may bring an action in the name of the state against the person to restrain by temporary restraining order, temporary injunction, or permanent injunction the use of such method, act, or practice….
* * *
(c) In addition to the request for a temporary restraining order, or permanent injunction in a proceeding brought under Subsection (a) of this section, the consumer protection division may request, and the trier of fact may award, a civil penalty to be paid to the state in an amount of:

(1) not more than $10,000 per violation; and

* * *

(g) In determining the amount of penalty imposed under Subsection (c), the trier of fact shall consider:
(1) the seriousness of the violation, including the nature, circumstances, extent, and gravity of any prohibited act or practice;
(2) the history of previous violations;
(3) the amount necessary to deter future violations;
(4) the economic effect on the person against whom the penalty is to be assessed;
(5) knowledge of the illegality of the act or practice; and
(6) any other matter that justice may require.
* * *

## UTAH

Utah Antitrust Act, Utah Code Ann. § 76-10-3101, *et seq.*

### Utah Code § 76-10-3104. Illegal anticompetitive activities

* * *

§ 76-10-3104(2)

(2) It shall be unlawful for any person to monopolize, or attempt to monopolize, or combine or conspire with any other person or persons to monopolize, any part of trade or commerce.

### Utah Code § 76-10-3108. Attorney general may bring action for injunctive relief, damages, and civil penalty

§ 76-10-3108(1)

(1) The attorney general may bring an action for appropriate injunctive relief, a civil penalty, and damages in the name of the state, any of its political subdivisions or agencies, or as parens patriae on behalf of natural persons in this state, for a violation of this act. Actions may be brought under this section regardless of whether the plaintiff dealt directly or indirectly with the defendant. This remedy is an additional remedy to any other remedies provided by law. It may not diminish or offset any other remedy.

§ 76-10-3108(2)

(2) Any individual who violates this act is subject to a civil penalty of not more than $100,000 for each violation. Any person, other than an individual, who violates this act is subject to a civil penalty of not more than $500,000 for each violation.

### Utah Code § 76-10-3118. Interpretation of act

The Legislature intends that the courts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes and by other state courts to comparable state antitrust statutes.

Utah Consumer Sales Practices Act, Utah Code § 13-11-1 *et seq.*

### Utah Code § 13-11-2. Construction and purposes of act

This act shall be construed liberally to promote the following policies:

(1) to simplify, clarify, and modernize the law governing consumer sales practices;

(2) to protect consumers from suppliers who commit deceptive and unconscionable sales practices;

(3) to encourage the development of fair consumer sales practices;

(4) to make state regulation of consumer sales practices not inconsistent with the policies of the Federal Trade Commission Act relating to consumer protection;

(5) to make uniform the law, including the administrative rules, with respect to the subject of this act among those states which enact similar laws; and

(6) to recognize and protect suppliers who in good faith comply with the provisions of this act.

### Utah Code § 13-11-4. Deceptive act or practice by supplier

(1) A deceptive act or practice by a supplier in connection with a consumer transaction violates this chapter whether it occurs before, during, or after the transaction.

41

\* \* \*

### Utah Code § 13-11-17. Actions by enforcing authority

§ 13-11-17(1)

(1) The enforcing authority may bring an action in a court of competent jurisdiction to:

  \* \* \*

  (b) enjoin, in accordance with the principles of equity, a supplier who has violated, is violating, or is otherwise likely to violate this chapter;

\* \* \*

  (d) obtain a fine in an amount determined after considering the factors in Subsection (6).

§ 13-11-17(4)(b)

  (b) All money received through fines imposed under this section shall be deposited in the Consumer Protection Education and Training Fund created by Section 13-2-8.

\* \* \*

§ 13-11-17(6)

(6) A fine imposed under Subsection (1)(d) or Subsection (2)(b)(i)(D) shall be determined after considering the following factors:

  (a) the seriousness, nature, circumstances, extent, and persistence of the conduct constituting the violation;

  (b) the harm to other persons resulting either directly or indirectly from the violation;

  (c) cooperation by the supplier in an inquiry or investigation conducted by the enforcing authority concerning the violation;

  (d) efforts by the supplier to prevent occurrences of the violation;

  (e) efforts by the supplier to mitigate the harm caused by the violation, including a reimbursement made to a consumer injured by the act of the supplier;

  (f) the history of previous violations by the supplier;

  (g) the need to deter the supplier or other suppliers from committing the violation in the future; and

  (h) other matters as justice may require.

**UNITED STATES**

## 15 U.S.C. §2

§ 2. Monopolizing trade a felony; penalty

Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

### 33 U.S.C. § 1319. Enforcement

\* \* \*

**(b) Civil actions**

The Administrator is authorized to commence a civil action for appropriate relief, including a permanent or temporary injunction, for any violation for which he is authorized to issue a compliance order under subsection (a) of this section. Any action under this subsection may be brought in the district court of the United States for the district in which the defendant is located or resides or is doing business, and such court shall have jurisdiction to restrain such violation and to require compliance. Notice of the commencement of such action shall be given immediately to the appropriate State.

\* \* \*

**(d) Civil penalties; factors considered in determining amount**

Any person who violates section 1311, 1312, 1316, 1317, 1318, 1322(p), 1328,,[1] or 1345 of this title, or any permit condition or limitation implementing any of such sections in a permit issued under section 1342 of this title by the Administrator, or by a State, or in a permit issued under section 1344 of this title by a State, or any requirement imposed in a pretreatment program approved under section 1342(a)(3) or 1342(b)(8) of this title, and any person who violates any order issued by the Administrator under subsection (a) of this section, shall be subject to a civil penalty not to exceed $25,000 per day for each violation. In determining the amount of a civil penalty the court shall consider the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, and such other matters as justice may require. For purposes of this subsection, a single operational upset which leads to simultaneous violations of more than one pollutant parameter shall be treated as a single violation.

**(e) State liability for judgments and expenses**

Whenever a municipality is a party to a civil action brought by the United States under this section, the State in which such municipality is located shall be joined as a party. Such State shall be liable for payment of any judgment, or any expenses incurred as a result of complying with any judgment, entered against the municipality in such action to the extent that the laws of that State prevent the municipality from raising revenues needed to comply with such judgment.

**(f) Wrongful introduction of pollutant into treatment works**

Whenever, on the basis of any information available to him, the Administrator finds that an owner or operator of any source is introducing a pollutant into a treatment works in violation of subsection (d) of section 1317 of this title, the Administrator may notify the owner or operator of such treatment works and

the State of such violation. If the owner or operator of the treatment works does not commence appropriate enforcement action within 30 days of the date of such notification, the Administrator may commence a civil action for appropriate relief, including but not limited to, a permanent or temporary injunction, against the owner or operator of such treatment works. In any such civil action the Administrator shall join the owner or operator of such source as a party to the action. Such action shall be brought in the district court of the United States in the district in which the treatment works is located. Such court shall have jurisdiction to restrain such violation and to require the owner or operator of the treatment works and the owner or operator of the source to take such action as may be necessary to come into compliance with this chapter. Notice of commencement of any such action shall be given to the State. Nothing in this subsection shall be construed to limit or prohibit any other authority the Administrator may have under this chapter.

### (g) Administrative penalties

#### (1) Violations
Whenever on the basis of any information available--

**(A)** the Administrator finds that any person has violated section 1311, 1312, 1316, 1317, 1318, 1322(p), 1328, or 1345 of this title, or has violated any permit condition or limitation implementing any of such sections in a permit issued under section 1342 of this title by the Administrator or by a State, or in a permit issued under section 1344 of this title by a State, or

**(B)** the Secretary of the Army (hereinafter in this subsection referred to as the "Secretary") finds that any person has violated any permit condition or limitation in a permit issued under section 1344 of this title by the Secretary,
the Administrator or Secretary, as the case may be, may, after consultation with the State in which the violation occurs, assess a class I civil penalty or a class II civil penalty under this subsection.

#### (2) Classes of penalties

**(A) Class I**
The amount of a class I civil penalty under paragraph (1) may not exceed $10,000 per violation, except that the maximum amount of any class I civil penalty under this subparagraph shall not exceed $25,000. Before issuing an order assessing a civil penalty under this subparagraph, the Administrator or the Secretary, as the case may be, shall give to the person to be assessed such penalty written notice of the Administrator's or Secretary's proposal to issue such order and the opportunity to request, within 30 days of the date the notice is received by such person, a hearing on the proposed order. Such hearing shall not be subject to section 554 or 556 of Title 5, but shall provide a reasonable opportunity to be heard and to present evidence.

**(B) Class II**
The amount of a class II civil penalty under paragraph (1) may not exceed $10,000 per day for each day during which the violation continues; except that the maximum amount of any class II civil penalty under this subparagraph shall not exceed $125,000. Except as otherwise provided in this subsection, a class II civil penalty shall be assessed and collected in the same manner, and subject to the same provisions, as in the case of civil penalties assessed and collected after notice and opportunity for a hearing on the record in accordance with section 554 of Title 5. The Administrator and the Secretary may issue rules for discovery procedures for hearings under this subparagraph.

#### (3) Determining amount
In determining the amount of any penalty assessed under this subsection, the Administrator or the

44

Secretary, as the case may be, shall take into account the nature, circumstances, extent and gravity of the violation, or violations, and, with respect to the violator, ability to pay, any prior history of such violations, the degree of culpability, economic benefit or savings (if any) resulting from the violation, and such other matters as justice may require. For purposes of this subsection, a single operational upset which leads to simultaneous violations of more than one pollutant parameter shall be treated as a single violation.

**(4) Rights of interested persons**

**(A) Public notice**

Before issuing an order assessing a civil penalty under this subsection the Administrator or Secretary, as the case may be, shall provide public notice of and reasonable opportunity to comment on the proposed issuance of such order.

**(B) Presentation of evidence**

Any person who comments on a proposed assessment of a penalty under this subsection shall be given notice of any hearing held under this subsection and of the order assessing such penalty. In any hearing held under this subsection, such person shall have a reasonable opportunity to be heard and to present evidence.

**(C) Rights of interested persons to a hearing**

If no hearing is held under paragraph (2) before issuance of an order assessing a penalty under this subsection, any person who commented on the proposed assessment may petition, within 30 days after the issuance of such order, the Administrator or Secretary, as the case may be, to set aside such order and to provide a hearing on the penalty. If the evidence presented by the petitioner in support of the petition is material and was not considered in the issuance of the order, the Administrator or Secretary shall immediately set aside such order and provide a hearing in accordance with paragraph (2)(A) in the case of a class I civil penalty and paragraph (2)(B) in the case of a class II civil penalty. If the Administrator or Secretary denies a hearing under this subparagraph, the Administrator or Secretary shall provide to the petitioner, and publish in the Federal Register, notice of and the reasons for such denial.

**(5) Finality of order**

An order issued under this subsection shall become final 30 days after its issuance unless a petition for judicial review is filed under paragraph (8) or a hearing is requested under paragraph (4)(C). If such a hearing is denied, such order shall become final 30 days after such denial.

**(6) Effect of order**

**(A) Limitation on actions under other sections**

Action taken by the Administrator or the Secretary, as the case may be, under this subsection shall not affect or limit the Administrator's or Secretary's authority to enforce any provision of this chapter; except that any violation--

**(i)** with respect to which the Administrator or the Secretary has commenced and is diligently prosecuting an action under this subsection,

**(ii)** with respect to which a State has commenced and is diligently prosecuting an action under a State law comparable to this subsection, or

**(iii)** for which the Administrator, the Secretary, or the State has issued a final order not subject to further judicial review and the violator has paid a penalty assessed under this subsection, or such

comparable State law, as the case may be,
shall not be the subject of a civil penalty action under subsection (d) of this section or section 1321(b) of this title or section 1365 of this title.

**(B) Applicability of limitation with respect to citizen suits**
The limitations contained in subparagraph (A) on civil penalty actions under section 1365 of this title shall not apply with respect to any violation for which--

**(i)** a civil action under section 1365(a)(1) of this title has been filed prior to commencement of an action under this subsection, or

**(ii)** notice of an alleged violation of section 1365(a)(1) of this title has been given in accordance with section 1365(b)(1)(A) of this title prior to commencement of an action under this subsection and an action under section 1365(a)(1) of this title with respect to such alleged violation is filed before the 120th day after the date on which such notice is given.

**(7) Effect of action on compliance**
No action by the Administrator or the Secretary under this subsection shall affect any person's obligation to comply with any section of this chapter or with the terms and conditions of any permit issued pursuant to section 1342 or 1344 of this title.

**(8) Judicial review**
Any person against whom a civil penalty is assessed under this subsection or who commented on the proposed assessment of such penalty in accordance with paragraph (4) may obtain review of such assessment--

**(A)** in the case of assessment of a class I civil penalty, in the United States District Court for the District of Columbia or in the district in which the violation is alleged to have occurred, or

**(B)** in the case of assessment of a class II civil penalty, in United States Court of Appeals for the District of Columbia Circuit or for any other circuit in which such person resides or transacts business, by filing a notice of appeal in such court within the 30-day period beginning on the date the civil penalty order is issued and by simultaneously sending a copy of such notice by certified mail to the Administrator or the Secretary, as the case may be, and the Attorney General. The Administrator or the Secretary shall promptly file in such court a certified copy of the record on which the order was issued. Such court shall not set aside or remand such order unless there is not substantial evidence in the record, taken as a whole, to support the finding of a violation or unless the Administrator's or Secretary's assessment of the penalty constitutes an abuse of discretion and shall not impose additional civil penalties for the same violation unless the Administrator's or Secretary's assessment of the penalty constitutes an abuse of discretion.

**(9) Collection**
If any person fails to pay an assessment of a civil penalty--

**(A)** after the order making the assessment has become final, or

**(B)** after a court in an action brought under paragraph (8) has entered a final judgment in favor of the Administrator or the Secretary, as the case may be,
the Administrator or the Secretary shall request the Attorney General to bring a civil action in an appropriate district court to recover the amount assessed (plus interest at currently prevailing rates from the date of the final order or the date of the final judgment, as the case may be). In such an action, the validity, amount, and appropriateness of such penalty shall not be subject to review. Any person

who fails to pay on a timely basis the amount of an assessment of a civil penalty as described in the first sentence of this paragraph shall be required to pay, in addition to such amount and interest, attorneys fees and costs for collection proceedings and a quarterly nonpayment penalty for each quarter during which such failure to pay persists. Such nonpayment penalty shall be in an amount equal to 20 percent of the aggregate amount of such person's penalties and nonpayment penalties which are unpaid as of the beginning of such quarter.

**(10) Subpoenas**
The Administrator or Secretary, as the case may be, may issue subpoenas for the attendance and testimony of witnesses and the production of relevant papers, books, or documents in connection with hearings under this subsection. In case of contumacy or refusal to obey a subpoena issued pursuant to this paragraph and served upon any person, the district court of the United States for any district in which such person is found, resides, or transacts business, upon application by the United States and after notice to such person, shall have jurisdiction to issue an order requiring such person to appear and give testimony before the administrative law judge or to appear and produce documents before the administrative law judge, or both, and any failure to obey such order of the court may be punished by such court as a contempt thereof.

**(11) Protection of existing procedures**
Nothing in this subsection shall change the procedures existing on the day before February 4, 1987, under other subsections of this section for issuance and enforcement of orders by the Administrator.

## (h) Implementation of integrated plans

**(1) In general**
In conjunction with an enforcement action under subsection (a) or (b) relating to municipal discharges, the Administrator shall inform a municipality of the opportunity to develop an integrated plan, as defined in section 1342(s) of this title.

**(2) Modification**
Any municipality under an administrative order under subsection (a) or settlement agreement (including a judicial consent decree) under subsection (b) that has developed an integrated plan consistent with section 1342(s) of this title may request a modification of the administrative order or settlement agreement based on that integrated plan.

*33. U.S.C. § 1365. Citizen suits*

## (a) Authorization; jurisdiction

Except as provided in subsection (b) of this section and section 1319(g)(6) of this title, any citizen may commence a civil action on his own behalf--

**(1)** against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or

**(2)** against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.
The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an effluent standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties

under section 1319(d) of this title.

\* \* \*

### *33 U.S.C. § 2702. Elements of liability*

**(a) In general**

Notwithstanding any other provision or rule of law, and subject to the provisions of this Act, each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified in subsection (b) that result from such incident.

\* \* \*

## PLAINTIFFS' STATUTORY APPENDIX[3]

**ALASKA**

### AS § 45.50.578. Criminal and civil penalties

§ 45.50.578(a)

(a) A person who violates AS 45.50.562 or 45.50.564 is guilty of a class C felony and upon conviction is punishable,

  (1) if a natural person, by a fine of not more than $1,000,000, notwithstanding AS 12.55.035, or by imprisonment as provided in AS 12.55, or by both; or

(2) if not a natural person, by a fine of not more than $50,000,000, notwithstanding AS 12.55.035.

### AS § 45.50.471. Unlawful acts and practices

§ 45.50.471(b)(10)

  (10) making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

### AS § 45.50.531. Private and class actions

(a) A person who suffers an ascertainable loss of money or property as a result of another person's act or practice declared unlawful by AS 45.50.471 may bring a civil action to recover for each unlawful act or practice three times the actual damages or $500, whichever is greater. The court may provide other relief it considers necessary and proper. Nothing in this subsection prevents a person who brings an action under this subsection from pursuing other remedies available under other law, including common law.

* * *

### AS § 45.50.535. Private injunctive relief

(a) Subject to (b) of this section and in addition to any right to bring an action under AS 45.50.531 or other law, any person who was the victim of the unlawful act, whether or not the person suffered actual damages, may bring an action to obtain an injunction prohibiting a seller or lessor from continuing to engage in an act or practice declared unlawful under AS 45.50.471.

(b) A person may not bring an action under (a) of this section unless

  (1) the person first provides written notice to the seller or lessor who engaged in the unlawful act or practice that the person will seek an injunction against the seller or lessor if the seller or lessor fails to

---

[3] Google objects to including the following provisions in the joint section on the grounds that they were not pleaded in the Fourth Amended Complaint and are not responsive to the Court's Order. Plaintiffs disagree because many were pleaded and others are cited in the briefing because they shed light on textual provisions in the same statutes. Google agreed that these sections could be provided in the same document if they were under a separate heading.

promptly stop the unlawful act or practice; and

(2) the seller or lessor fails to promptly stop the unlawful act or practice after receiving the notice.

## § 45.50.551. Civil penalties

§ 45.50.551(a)

(a) A person who violates the terms of an injunction or restraining order issued under AS 45.50.501 shall forfeit and pay to the state a civil penalty of not more than $50,000 for each violation. For the purposes of this section, the superior court in a judicial district issuing an injunction retains jurisdiction, and, in these cases, the attorney general acting in the name of the state may petition for recovery of the penalties.

\* \* \*

**ARKANSAS**

### *A.C.A. § 4-88-113. Civil enforcement and remedies--Suspension or forfeiture of charter, franchise, etc.*

§ 4-88-113(c)

(c) Any person who violates the terms of an injunction issued under this chapter shall forfeit and pay to the state a civil penalty of not more than ten thousand dollars ($10,000) for any single action brought by the Attorney General.

\* \* \*

§ 4-88-113(f)

(f)(1)(A) A person who suffers an actual financial loss as a result of his or her reliance on the use of a practice declared unlawful by this chapter may bring an action to recover his or her actual financial loss proximately caused by the offense or violation, as defined in this chapter.

   (B) A private class action under this subsection is prohibited unless the claim is being asserted for a violation of Arkansas Constitution, Amendment 89.

   (2) To prevail on a claim brought under this subsection, a claimant must prove individually that he or she suffered an actual financial loss proximately caused by his or her reliance on the use of a practice declared unlawful under this chapter.

(3) A court may award reasonable attorney's fees.

### *A.C.A. § 4-88-116. Right to jury trial*

Any party in an action brought under § 4-88-113(f) shall have the right to a jury trial if the action was pending or filed on or after August 1, 2017.

Arkansas Unfair Practices Act, Ark. Code Ann. § 4-75-201 *et seq.*

### A.C.A. § 4-75-204. Penalties

Any person, firm, or corporation, whether as principal, agent, officer, or director for himself or herself or itself, for another person, or for any firm or corporation, that shall violate any of the provisions of this subchapter is guilty of a Class A misdemeanor for each single violation.

### A.C.A. § 4-75-212. Civil actions and settlements by the Attorney General

§ 4-75-212(a)

(a) In addition to the other remedies provided in this subchapter, whenever the Attorney General has reason to believe that any person is engaging, has engaged, or is about to engage in any act or practice declared unlawful by this subchapter, the Attorney General may bring an action in the name of the state against that person:

  (1) To obtain a declaratory judgment that the act or practice violates the provisions of this subchapter;

  (2) To enjoin any act or practice that violates the provisions of this subchapter by issuance of a temporary restraining order or preliminary or permanent injunction, without bond, upon the giving of appropriate notice;

  (3) To recover on behalf of the state and its agencies actual damages or restitution for loss incurred either directly or indirectly; and

§ 4-75-212(a)(4)

  (4) To recover civil penalties of up to one thousand dollars ($1,000) per violation of this subchapter, or any injunction, judgment or consent order issued or entered into under the provisions of this subchapter and reasonable expenses, investigative costs, and attorney's fees.

(b) The Attorney General may also bring a civil action in the name of the state, as parens patriae on behalf of natural persons residing in this state, to secure monetary relief as provided under this section for injury, directly or indirectly sustained by those persons because of any violation of this subchapter, in accordance with the following provisions:

  (1)(A) The circuit court shall award the Attorney General as monetary relief actual damages sustained or restitution for loss incurred as a result of the violations of this subchapter, and the cost of suit, including a reasonable attorney's fee.

  (B) The court shall exclude from the amount of monetary relief awarded in the action any amount which duplicates amounts that have been awarded for the same injury already or which are allocable to persons who have excluded their claims under subdivision (b)(3)(A) of this section.

  (C) The treble damages recoverable under § 4-75-211(b)(3) are not recoverable under a parens patriae action brought under this section;

  (2)(A) In any action brought under this section, the Attorney General shall, at the time, in the manner,

51

and with the content as the court may direct, cause notice of the parens patriae action to be given by publication.

(B) If the court finds that notice given solely by publication would deny due process of law to any person, the court shall direct the Attorney General to give the notice as may be required by due process of law;

(3)(A) Any person on whose behalf an action is brought under this section may elect to exclude from the adjudication the portion of the Attorney General's claim for monetary relief attributable to him or her by filing notice of the election with the court, within the time period specified in the notice of the action given to the persons to be benefited by the action.

(B) Any person failing to give the notice shall be barred during the pendency of the action from commencing an action in his or her own name for the injury alleged in the action and the final judgment in the action shall be res judicata as to any claim which could be brought by the person under this act based on the facts alleged or proven in the action.

(C)(i) The provisions of §§ 4-75-212 -- 4-75-216 of this subchapter shall apply only to actions instituted by the Attorney General.

(ii) Nothing contained in the provisions set forth in §§ 4-75-212 -- 4-75-216 should be deemed to expand the rights or remedies available to persons proceeding under any action instituted by one (1) or more persons or an entity other than the Attorney General, for violations of the provisions of this subchapter; and

(4) All damages shall be distributed in a manner that will afford each person a reasonable opportunity to secure his or her appropriate portion of the net monetary relief, including a distribution under the theory of cy pres, subject to approval by the court.

(c)(1) In lieu of instigating or continuing an action or proceeding, or to conclude an investigation commenced or contemplated under this subchapter, the Attorney General may accept a consent decree with respect to any act or practice alleged to be a violation of this subchapter.

(2) The consent decree may include a stipulation for the payment of civil penalties, the Attorney General's reasonable expenses, investigative costs and attorney's fees, an agreement to pay damages or to allow for restitution of money, property, or other things received in connection with a violation of this act, and agreed to injunctive provisions.

(3) Before any consent decree entered into under this section is effective, it must be approved by the circuit court, the federal district court, or if an action has already been commenced, the court in which the action is pending and an entry made in that court in the manner required for making an entry of judgment.

(4)(A) If the consent decree submitted to the court is to settle an action brought under subsection (b) of this section, notice of the proposed settlement shall be given in the manner as the court directs.

(B) Once court approval is received, any breach of the conditions of the consent decree shall be treated as a violation of a court order, and shall be subject to all penalties provided by law for violation of court orders.

(d) In addition to actions under state law, the Attorney General may proceed under any antitrust laws in the federal courts on behalf of this state or any of its agencies, or as parens patriae on behalf of natural persons in this state.

### A.C.A. § 4-75-214. Awards to the Attorney General--Use of moneys

(a) There shall be established within the office of the Attorney General an Antitrust Enforcement Account into which all costs and fees recovered by the Attorney General under the terms of this subchapter or the federal antitrust laws shall be remitted.

(b) The costs and fees deposited into the account shall be used for the furtherance of the Attorney General's duties and activities under this subchapter.

## FLORIDA

### F.S.A. 542.22. Suits for damages

(1) Any person who shall be injured in her or his business or property by reason of any violation of s. 542.18 or s. 542.19 may sue therefor in the circuit courts of this state and shall recover threefold the damages by her or him sustained, and the cost of suit, including a reasonable attorney's fee. The court shall award a reasonable attorney's fee to a defendant prevailing in any action under this chapter for damages or equitable relief in which the court finds there was a complete absence of a justiciable issue of either law or fact raised by the plaintiff.

(2) The Attorney General, or a state attorney after receiving written permission from the Attorney General, may bring a civil action in the name of the state, as parens patriae on behalf of natural persons residing in this state, to recover on behalf of those persons threefold the actual damages sustained by reason of any violation of s. 542.18 or s. 542.19, and the cost of such suit, including a reasonable attorney's fee. The court shall exclude from the amount of monetary relief awarded in such action any amount of monetary relief which:

(a) Duplicates amounts which have been awarded for the same injury;

(b) Is properly allocable to natural persons who have excluded their claims pursuant to paragraph (3)(b); or

(c) Is properly allocable to any business entity.

(3) In any action under subsection (2):

(a) The Attorney General or state attorney shall, at such time, in such manner, and with such content as the court may direct, cause notice to be given to the proposed class by publication. If the court finds that notice given solely by publication would deny due process of law to any person or persons, the court shall direct further notice to such person or persons according to the circumstances of the case.

(b) Any person on whose behalf an action is brought under subsection (2) may elect to exclude from adjudication the portion of the claim for monetary relief attributable to her or him by filing notice of such election with the court within such time as specified in the notice given pursuant to paragraph (a). The final judgment in such action shall be res judicata as to any claim under this section by any person on

behalf of whom such action was brought and who fails to give such notice within the period specified in the notice given pursuant to paragraph (a).

(c) No dismissal or compromise shall be entered without the approval of the court, and notice, if any, of the proposed dismissal or compromise shall be given in such manner as the court directs.

(d) Monetary relief shall be distributed in such manner as the court in its discretion may authorize, subject to the requirement that any distribution procedure adopted shall afford each person a reasonable opportunity to secure her or his appropriate portion of the net monetary relief.

(e) In any action under subsection (2) in which there has been a determination that a defendant agreed to fix prices in violation of s. 542.18, damages may be proved and assessed in the aggregate by statistical or sampling methods, by the computation of illegal overcharges, or by such other reasonable system of estimating aggregate damages as the court in its discretion may permit without the necessity of separately proving the individual claims of, or amounts of damage to, persons on whose behalf the suit was brought.


### F.S.A. 501.207. Remedies of enforcing authority


(1) The enforcing authority may bring:

* * *

§ 501.207(1)(c)

(c) An action on behalf of one or more consumers or governmental entities for the actual damages caused by an act or practice in violation of this part. However, damages are not recoverable under this section against a retailer who has in good faith engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.
* * *

### F.S.A. 501.211. Other individual remedies


(1) Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.

(2) In any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105. However, damages, fees, or costs are not recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.

(3) In any action brought under this section, upon motion of the party against whom such action is filed alleging that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may, after hearing evidence as to the necessity therefor, require the party instituting the action to post a bond in the amount which the court finds reasonable to indemnify the defendant for any damages incurred, including reasonable attorney's fees. This subsection shall not apply to any action initiated by the enforcing authority.

**IDAHO**

### Idaho Code § 48-603C. Unconscionable methods, acts or practices

(1) Any unconscionable method, act or practice in the conduct of any trade or commerce violates the provisions of this chapter whether it occurs before, during, or after the conduct of the trade or commerce.

(2) In determining whether a method, act or practice is unconscionable, the following circumstances shall be taken into consideration by the court:

(a) Whether the alleged violator knowingly or with reason to know, took advantage of a consumer reasonably unable to protect his interest because of physical infirmity, ignorance, illiteracy, inability to understand the language of the agreement or similar factor;

(b) Whether, at the time the consumer transaction was entered into, the alleged violator knew or had reason to know that the price grossly exceeded the price at which similar goods or services were readily available in similar transactions by similar persons, although price alone is insufficient to prove an unconscionable method, act or practice;

(c) Whether the alleged violator knowingly or with reason to know, induced the consumer to enter into a transaction that was excessively one-sided in favor of the alleged violator;

(d) Whether the sales conduct or pattern of sales conduct would outrage or offend the public conscience, as determined by the court.

### Idaho Code § 48-608. Loss from purchase or lease--Actual and punitive damages

(1) Any person who purchases or leases goods or services and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by this chapter, may treat any agreement incident thereto as voidable or, in the alternative, may bring an action to recover actual damages or one thousand dollars ($1,000), whichever is the greater; provided, however, that in the case of a class action, the class may bring an action for actual damages or a total for the class that may not exceed one thousand dollars ($1,000), whichever is the greater. Any such person or class may also seek restitution, an order enjoining the use or employment of methods, acts or practices declared unlawful under this chapter and any other appropriate relief which the court in its discretion may deem just and necessary. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper in cases of repeated or flagrant violations.

(2) An elderly person or a disabled person who brings an action under subsection (1) of this section shall, in addition to the remedies available under subsection (1) of this section, recover from the offending party an enhanced penalty of fifteen thousand dollars ($15,000) or treble the actual damages, whichever is greater.

(a) In order to recover the enhanced penalty, the court must find that the offending party knew or should have known that his conduct was perpetrated against an elderly or disabled person and that his conduct caused one (1) of the following:

(i) Loss or encumbrance of the elderly or disabled person's primary residence;

(ii) Loss of more than twenty-five percent (25%) of the elderly or disabled person's principal monthly income;

(iii) Loss of more than twenty-five percent (25%) of the funds belonging to the elderly or disabled person set aside by the elderly or disabled person for retirement or for personal or family care or maintenance;

(iv) Loss of more than twenty-five percent (25%) of the monthly payments that the elderly or disabled person receives under a pension or retirement plan; or

(v) Loss of assets essential to the health or welfare of the elderly or disabled person.

(b) If the court orders restitution under subsection (1) of this section for a pecuniary or monetary loss suffered by an elderly or disabled person, the court shall require that the restitution be paid by the offending party before he pays the enhanced penalty imposed by this subsection.

(c) In this subsection:

(i) "Disabled person" means a person who has an impairment of a physical, mental or emotional nature that substantially limits at least one (1) major life activity.

(ii) "Elderly person" means a person who is at least sixty-two (62) years of age.

(iii) "Major life activity" means self-care, walking, seeing, hearing, speaking, breathing, learning, performing manual tasks or being able to be gainfully employed.

(3) An action brought under subsection (1) of this section may be brought in the county in which the person against whom it is brought resides, has his principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred.

(4) Upon commencement of any action brought under this section, the clerk of the court shall, for informational purposes only, mail a copy of the complaint or other initial pleading to the attorney general and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the attorney general.

(5) Costs shall be allowed to the prevailing party unless the court otherwise directs. In any action brought by a person under this section, the court shall award, in addition to the relief provided in this section, reasonable attorney's fees to the plaintiff if he prevails. The court in its discretion may award attorney's fees to a prevailing defendant if it finds that the plaintiff's action is spurious or brought for harassment purposes only.

(6) Any permanent injunction, judgment or order of the court made under section 48-606(1) through (3) or section 48-607, Idaho Code, shall be admissible as evidence in an action brought under this section that the respondent used or employed a method, act or practice declared unlawful by this chapter.

### *Idaho Code § 48-615. Violation of injunction--Civil penalty*

Any person who violates the terms of an injunction issued or consent order entered into pursuant to section 48-606, Idaho Code, or an order entered into pursuant to section 48-614, Idaho Code, shall forfeit and pay to the state a civil penalty of not more than ten thousand dollars ($10,000) per violation, the amount of the penalty to be determined by the district court issuing the injunction. For the purposes of this section, the district court issuing an injunction shall retain jurisdiction, and the cause shall be continued, and in such cases the attorney general acting in the name of the state may petition for recovery of civil penalties. Said

56

civil penalties sued for and recovered by the attorney general shall be remitted to the consumer protection account created in section 48-606, Idaho Code, and shall be used for the furtherance of the attorney general's duties and activities under the provisions of this chapter.

## INDIANA

Indiana Code Annotated

### Ind. Code 24-1-2-1 Illegal combinations; exceptions; offense; defense

Sec. 1. Every scheme, contract, or combination in restraint of trade or commerce, or to create or carry out restrictions in trade or commerce, or to deny or refuse to any person participation, on equal terms with others, in any telegraphic service transmitting matter prepared or intended for public use, or to limit or reduce the production, or increase or reduce the price of merchandise or any commodity, or to prevent competition in manufacturing, within or without this state, is illegal, but this chapter may not be construed to apply to or repeal, modify or limit, or make unlawful any of the powers, rights or privileges now existing or conferred by law upon any person. A person who makes such a contract, engages in such a combination, or enters into such a scheme, or does within this state any act in furtherance of such a contract, combination, or scheme entered into without this state, commits a Class A misdemeanor. However, it is a defense to any action growing out of any violation of any law relating to the subject-matter of this chapter for the defendant to prove that the violation is not in restraint of trade or commerce, or does not restrict trade or commerce, limit or reduce the production, or increase or reduce the price of merchandise or any commodity, or prevent competition in manufacturing.

### Ind. Cod. 24-5-0.5-4 Actions and proceedings; damages; injunctions; civil penalties; offers to cure

§ 24-5-0.5-4(c)(2)

(2) order the supplier to make payment of the money unlawfully received from the aggrieved consumers to be held in escrow for distribution to aggrieved consumers;

* * *

§ 24-5-0.5-4(f)

(f) Any person who violates the terms of an injunction issued under subsection (c) shall forfeit and pay to the state a civil penalty of not more than fifteen thousand dollars ($15,000) per violation. For the purposes of this section, the court issuing an injunction shall retain jurisdiction, the cause shall be continued, and the attorney general acting in the name of the state may petition for recovery of civil penalties. Whenever the court determines that an injunction issued under subsection (c) has been violated, the court shall award reasonable costs to the state.

**KENTUCKY**

Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110 *et seq.*

### *K.R.S. § 367.200 Restoration of property; appointment of receiver*

The court may make such additional orders or judgments as may be necessary to restore to any person in interest any moneys or property, real or personal, which may have been paid out as a result of any practice declared to be unlawful by KRS 367.130 to 367.300, including the appointment of a receiver or the revocation of a license or certificate authorizing any person to engage in business in the Commonwealth, or both.

Penalties, Ky. Rev. Stat. Ann. § 367.990, *et seq.*

### *K.R.S. § 367.990 Penalties*

§ 367.990(1)

(1) Any person who violates the terms of a temporary or permanent injunction issued under KRS 367.190 shall forfeit and pay to the Commonwealth a civil penalty of not more than twenty-five thousand dollars ($25,000) per violation. For the purposes of this section, the Circuit Court issuing an injunction shall retain jurisdiction, and the cause shall be continued, and in such cases the Attorney General acting in the name of the Commonwealth may petition for recovery of civil penalties.

**LOUISIANA**

Louisiana Statutes Annotated

### *La. Rev. Stat. § 122. Contracts, combinations and conspiracies in restraint of trade illegal; penalty*

§ 51:122(A)

A. Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in this state is illegal.

§ 51:122(B)

B. Whoever violates this Section shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, not more than three years, or both.

* * *

### *La. Rev. Stat. § 1407. Restraining prohibited acts*

* * *

§ 51:1407(E)

E. An award of restitution under this Chapter has priority over a civil penalty imposed by the court under this Section.

### La. Rev. Stat. § 1408. Additional relief

A. The court may issue such additional orders or render judgments against any party, as may be necessary to compensate any aggrieved person for any property, movable or immovable, corporeal or incorporeal, which may have been acquired from such person by means of any method, act, or practice declared unlawful by R.S. 51:1405, whichever may be applicable to that party under R.S. 51:1418. Such orders shall include but not be limited to the following:

* * *

§ 51:1408(A)(5)

(5) Restitution.

§ 51:1408(B)

B. Unless otherwise expressly provided, the remedies or penalties provided by this Chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state.

### La. Rev. Stat. § 1409. Private actions

A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs. Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.

B. Upon commencement of any action brought under Subsection A of this Section, the plaintiff's attorney shall mail a copy of the petition to the attorney general, and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the attorney general, but failure to conform with this Subsection shall not affect any of plaintiff's rights under this Section.

C. Any permanent injunction, judgment or order of the court made under R.S. 51:1407 and 1408 shall be prima facie evidence in an action brought under this Section that the respondent used or employed a method, act or practice declared unlawful by R.S. 51:1405 or by rule or regulation promulgated pursuant thereto; provided, however, that this Subsection shall not apply to consent orders or voluntary assurances of compliance.

D. If any person is enjoined from the use of any method, act, or practice or enters into a voluntary compliance agreement accepted by the attorney general under the provisions of this Chapter, such person shall have a right of action to enjoin competing businesses engaged in like practices.

E. The action provided by this Section shall be subject to a liberative prescription of one year running from the time of the transaction or act which gave rise to this right of action.

### *La. Rev. Stat. § 1416. Civil penalties*

In addition to remedies for contempt of court otherwise provided by law, any person who violates the terms of an injunction issued under R.S. 51:1407 or 1408, or an assurance of voluntary compliance as authorized under R.S. 51:1410, may be required to pay to the state treasurer a civil penalty of not more than five thousand dollars per violation. For the purposes of this Section, the district court issuing an injunction shall retain jurisdiction and the attorney general acting in the name of the state may petition for recovery of civil penalties provided in this Section.

**MISSISSIPPI**

Miss. Code Ann. § 75- 21-1 *et seq.*

### *Miss. Code § 75-21-1. "Trust or combine" defined; penalties*

A trust or combine is a combination, contract, understanding or agreement, expressed or implied, between two or more persons, corporations or firms or association of persons or between any one or more of either with one or more of the others, when inimical to public welfare and the effect of which would be:

  (a) To restrain trade;

  (b) To limit, increase or reduce the price of a commodity;

  (c) To limit, increase or reduce the production or output of a commodity;

  (d) To hinder competition in the production, importation, manufacture, transportation, sale or purchase of a commodity;

  (e) To engross or forestall a commodity;

  (f) To issue, own or hold the certificate of stock of any trust and combine within the spirit of this chapter knowing it to be such at the time of the issue or the acquisition or holding such certificate; or

  (g) To place the control to any extent of business or of the proceeds or earnings thereof, contrary to the spirit and meaning of this chapter, in the power of trustees, by whatever name called; or

  (h) To enable or empower any other person than themselves, their proper officers, agents and employees to dictate or control the management of business, contrary to the spirit and meaning of this chapter; or

  (i) To unite or pool interest in the importation, manufacture, production, transportation, or price of a commodity, contrary to the spirit and meaning of this chapter.

Any corporation, domestic or foreign, or any partnership, or individual, or other association, or person whatsoever, who are now, or shall hereafter create, enter into, become a member of, or a party to any trust or combine as hereinabove defined shall be deemed and adjudged guilty of a conspiracy to defraud and

shall be subject to the penalties hereinafter provided. Any person, association of persons, corporation, or corporations, domestic or foreign, who shall be a party or belong to a trust and combine shall be guilty of crime and upon conviction thereof shall, for a first offense be fined in any sum not less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00) and for a second or subsequent offense not less than two hundred dollars ($200.00) nor more than ten thousand dollars ($10,000.00), and may be enjoined by a final decree of the chancery court, in a suit by the state on the relation of the attorney general, from the further prosecution of or doing of the acts constituting the trust and combine as defined in this chapter.

### Miss. Code § 75-21-9. Recovery of damages by private persons

Any person, natural or artificial, injured or damaged by a trust and combine as herein defined, or by its effects direct or indirect, may recover all damages of every kind sustained by him or it and in addition a penalty of five hundred dollars ($500.00), by suit in any court of competent jurisdiction. Said suit may be brought against one or more of the parties to the trust or combine and one or more of the officers and representatives of any corporation a party to the same, or one or more of either. Such penalty may be recovered in each instance of injury. All recoveries herein provided for may be sued for in one suit.

Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1 *et seq.*

### Miss. Code § 75-24-11. Monies or property acquired by prohibited means

The court may make such additional orders or judgments, including restitution, as may be necessary to restore to any person in interest any monies or property, real or personal, which may have been acquired by means of any practice prohibited by this chapter, including the appointment of a receiver or the revocation of a license or certificate authorizing that person to engage in business in this state, or both.

### Miss. Code § 75-24-19. Civil violations and penalties; jurisdiction

(1) Civil remedies.

* * *

§ 75-24-19(1)(b)

(b) In any action brought under Section 75-24-9, if the court finds from clear and convincing evidence, that a person knowingly and willfully used any unfair or deceptive trade practice, method or act prohibited by Section 75-24-5, the Attorney General, upon petition to the court, may recover on behalf of the state a civil penalty in a sum not to exceed Ten Thousand Dollars ($10,000.00) per violation. One-half ( ½ ) of said penalty shall be payable to the Office of Consumer Protection to be deposited into the Attorney General's special fund. All monies collected under this section shall be used by the Attorney General for consumer fraud education and investigative and enforcement operations of the Office of Consumer Protection. The other one-half ( ½ ) shall be payable to the General Fund of the State of Mississippi. The Attorney General may also recover, in addition to any other relief that may be provided in this section, investigative costs and a reasonable attorney's fee.

\* \* \*

**MISSOURI**

Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.*

*V.A.M.S. § 407.100. Injunction--temporary restraining orders--receivers--restitution, when--civil penalty--venue--restitution funds payable to injured parties but interest payable to general revenue*

\* \* \*

§ 407.100.4

4. The court, in its discretion, may enter an order of restitution, payable to the state, as may be necessary to restore to any person who has suffered any ascertainable loss, including, but not limited to, any moneys or property, real or personal, which may have been acquired by means of any method, act, use, practice or solicitation, or any combination thereof, declared to be unlawful by this chapter. It shall be the duty of the attorney general to distribute such funds to those persons injured. Such funds may or may not be interest-bearing accounts, but any interest which accrues to any such account shall be sent at least annually by the attorney general to the director of revenue to be deposited in the state treasury to the credit of the state general revenue fund.

\* \* \*

*V.A.M.S. § 416.031. Restraint of trade prohibited*

§ 416.031.1

1. Every contract, combination or conspiracy in restraint of trade or commerce in this state is unlawful.

\* \* \*

*V.A.M.S. § 416.051. Penalties--attorney general to prosecute--civil penalty for contempt*

\* \* \*

§ 416.051.3

3. Any person who is found to be in contempt of any court order issued to enforce the provisions of section 416.031 arising out of any proceeding brought by the attorney general shall forfeit and pay to the state a civil penalty of not more than twenty thousand dollars. For the purposes of this section, the circuit court issuing any such court order enforcing the provisions of section 416.031 shall retain jurisdiction, and the cause shall be continued, and in such cases the attorney general acting in the name of the state may petition for recovery of civil penalties.

**MONTANA**

### Mont. Code § 30-14-205. Unlawful restraint of trade

§ 30-14-205[4]

It is unlawful for a person or group of persons, directly or indirectly:

(1) to enter an agreement for the purpose of fixing the price or regulating the production of an article of commerce;

(2) for the purpose of creating or carrying out any restriction in trade, to:

\*\*\*

(b) increase or reduce the price of merchandise or commodities;

(c) prevent competition in the distribution or sale of merchandise or commodities;

\*\*\*

(g) create a monopoly in the manufacture, sale, or transportation of an article of commerce;

Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101 *et seq.*

### Mont. Code § 30-14-131. Restoration--court orders

(1) The court may enter orders or judgments necessary to restore to a person any money or property, real or personal, that may have been acquired by means of any practice in this part declared to be unlawful. The court may order the appointment of a receiver or the revocation of a license or certificate authorizing a person to engage in business in this state, or both.

(2) The court shall award reasonable attorney fees to the prevailing party for bringing a successful action under this part.

(3) The court may enter any other order or judgment required by equity to carry out the provisions of this part.

### Mont. Code § 30-14-142. Penalties

§ 30-14-142(1)

(1) In addition to any fine that a person might be subject to under subsection (2), a person who violates

---

[4] Plaintiff States reproduce the entire provision here rather than just subsection 1 because the material before and after subsection 1 is part of the same sentence. *See* note 1, *supra.*

the terms of an injunction or temporary restraining order issued under 30-14-111 shall forfeit and pay to the state a civil fine of not more than $10,000 for each violation. For the purposes of this section, the district court issuing an injunction or temporary restraining order retains jurisdiction and the cause must be continued, and in those cases, the department, acting in the name of the state, may petition for recovery of civil penalties.

§ 30-14-142(2)

(2) In an action brought under 30-14-111, if the court finds that a person is willfully using or has willfully used a method, act, or practice declared unlawful by 30-14-103, the department, upon petition to the court, may recover on behalf of the state a civil fine of not more than $10,000 for each violation. The fine provided for in this subsection is in addition to any liability that a person might be subject to under subsection (1).


\* \* \*

## NORTH DAKOTA

North Dakota Uniform State Antitrust Act, N.D. Cent. Code § 51-08.1-01 *et seq*.

NDCC, 51-08.1-02

### *NDCC § 51-08.1-02. Contract, combination, or conspiracy to restrain or monopolize trade*

A contract, combination, or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce in a relevant market is unlawful.

## NEVADA

Nevada Unfair Trade Practices, Nev. Rev. Stat. Ann. § 598A.010, *et seq.*


### *N.R.S. § 598A.070. Duties of Attorney General and district attorneys*

1. The Attorney General shall:

\* \* \*

(c) Institute proceedings on behalf of the State, its agencies, political subdivisions, districts or municipal corporations, or as parens patriae of the persons residing in the State for:

\* \* \*

§ 598A.070.1(c)(2)

(2) Civil penalties for violations of the provisions of this chapter.

\* \* \*

§ 598A.070.1(c)(4)

(4) Other equitable relief for violations of the provisions of this chapter, including, without limitation, disgorgement or restitution.

\* \* \*

## PUERTO RICO

Puerto Rico Antitrust Act, 10 L.P.R.A. § 259 *et seq.*

### *10 L.P.R.A. § 259 Fair competition*

\* \* \*

§ 259(b)

(b) Without impairment of the authority to resort to the remedies authorized by § 269 of this title, the Office of Monopolistic Affairs, through rules and regulations adopted as provided in § 272(a)(5) of this title, may proscribe specific acts or practices, in a general manner or in any specific line of trade or commerce, in accordance with the standard provided in subsection (a) of this section.

The rules and regulations authorized in this subsection shall be adopted, before their promulgation, by a special board consisting of the Secretary of Justice, the Economic Development Administrator, the Secretary of Commerce, as ex officio members and two citizens appointed by the Governor, with the advice and consent of the Senate. The Secretary of Justice will be the chairman of said board and the Office of Monopolistic Affairs shall provide it with secretarial services.

Each ex officio member may, with the approval of the board, designate a representative of his respective department to substitute him in said board, with all the corresponding rights and prerogatives, when he is unable to appear personally at the meetings, but said substitute representatives may not assume the chairmanship of the board. The name of the substitute shall be submitted beforehand to the board for its approval. The substitute may attend the meetings of the board, but shall only have voice and vote in case of absence of the ex officio member whom he represents.

\* \* \*

## SOUTH CAROLINA

South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq.*

### *S.C. Code § 39-5-50. Injunction; orders or judgments to restore property.*

\* \* \*

§ 39-5-50(b)

(b) The court may make such additional orders or judgments as may be necessary to restore to any person who has suffered any ascertainable loss by reason of the use or employment of such unlawful method, act or practice, any moneys or property, real or personal, which may have been acquired by means of any practice declared to be unlawful in this article, including the revocation of a license or certificate authorizing that person to engage in business in this State, provided the order declaring the practice to have been unlawful has become final.

**SOUTH DAKOTA**

S.D. Codified Laws

### *SDCL 37-1-3.1. Combinations in restraint of trade unlawful--Entities subject to prohibition*

A contract, combination, or conspiracy between two or more persons in restraint of trade or commerce any part of which is within this state is unlawful.
A person is any natural person, partnership, limited liability company, corporation, association, or other legal entity.

### *SDCL 37-24-29. Additional judicial relief from unlawful practices--Appointment of receiver*

The court may make such additional orders or judgments as may be necessary to restore to any person in interest any moneys or property, real or personal, which the court finds to have been acquired by means of any act or practice declared to be unlawful by § 37-24-6. Such additional relief may include the appointment of a receiver whenever it shall appear to the satisfaction of the court that the defendant threatens or is about to remove, conceal, or dispose of his property to the damage of persons to whom restoration would be made under this section.

**TEXAS**

Texas Business & Commerce Code

### *Tex. Bus. & Com. Code § 15.05. Unlawful Practices*

§ 15.05(a)

(a) Every contract, combination, or conspiracy in restraint of trade or commerce is unlawful.
* * *

### *Tex. Bus. & Com. Code § 17.47. Restraining Orders*

* * *

§ 17.47(d)

(d) The court may make such additional orders or judgments as are necessary to compensate identifiable persons for actual damages or to restore money or property, real or personal, which may have been acquired by means of any unlawful act or practice. Damages may not include any damages incurred beyond a point two years prior to the institution of the action by the consumer protection division. Orders of the court may also include the appointment of a receiver or a sequestration of assets if a person who has been ordered by a court to make restitution under this section has failed to do so within three months after the order to make restitution has become final and nonappealable.

66

§ 17.47(e)

(e) Any person who violates the terms of an injunction under this section shall forfeit and pay to the state a civil penalty of not more than $10,000 per violation, not to exceed $50,000. In determining whether or not an injunction has been violated the court shall take into consideration the maintenance of procedures reasonably adapted to insure compliance with the injunction. For the purposes of this section, the district court issuing the injunction shall retain jurisdiction, and the cause shall be continued, and in these cases, the consumer protection division, or the district or county attorney with prior notice to the consumer protection division, acting in the name of the state, may petition for recovery of civil penalties under this section.

* * *

### Tex. Bus. & Com. Code § 17.50. Relief for Consumers

(a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

(1) the use or employment by any person of a false, misleading, or deceptive act or practice that is:

(A) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and

(B) relied on by a consumer to the consumer's detriment;

(2) breach of an express or implied warranty;

(3) any unconscionable action or course of action by any person; or

(4) the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code.

(b) In a suit filed under this section, each consumer who prevails may obtain:

(1) the amount of economic damages found by the trier of fact. If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages;

(2) an order enjoining such acts or failure to act;

(3) orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in violation of this subchapter; and

(4) any other relief which the court deems proper, including the appointment of a receiver or the revocation of a license or certificate authorizing a person to engage in business in this state if the judgment has not been satisfied within three months of the date of the final judgment. The court may not revoke or suspend a license to do business in this state or appoint a receiver to take over the affairs of a person who has failed to satisfy a judgment if the person is a licensee of or regulated by a state agency which has statutory authority to revoke or suspend a license or to appoint a receiver or trustee.

Costs and fees of such receivership or other relief shall be assessed against the defendant.

(c) On a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs.

(d) Each consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees.

(e) In computing additional damages under Subsection (b), attorneys' fees, costs, and prejudgment interest may not be considered.

(f) A court may not award prejudgment interest applicable to:

   (1) damages for future loss under this subchapter; or

   (2) additional damages under Subsection (b).

(g) Chapter 41, Civil Practice and Remedies Code, does not apply to a cause of action brought under this subchapter.

(h) Notwithstanding any other provision of this subchapter, if a claimant is granted the right to bring a cause of action under this subchapter by another law, the claimant is not limited to recovery of economic damages only, but may recover any actual damages incurred by the claimant, without regard to whether the conduct of the defendant was committed intentionally. For the purpose of the recovery of damages for a cause of action described by this subsection only, a reference in this subchapter to economic damages means actual damages. In applying Subsection (b)(1) to an award of damages under this subsection, the trier of fact is authorized to award a total of not more than three times actual damages, in accordance with that subsection.

## UTAH

Utah Antitrust Act, Utah Code Ann. § 76-10-3101, *et seq.*

### *Utah Code § 76-10-3104. Illegal anticompetitive activities*

§ 76-10-3104(1)

(1) Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is declared to be illegal.
* * *
Utah Consumer Sales Practices Act, Utah Code § 13-11-1 *et seq.*

### *Utah Code § 13-11-17. Actions by enforcing authority*

§ 13-11-17(1)

(1) The enforcing authority may bring an action in a court of competent jurisdiction to:

68

(a) obtain a declaratory judgment that an act or practice violates this chapter;

* * *

§ 13-11-17(2)(b)

(b)(i) On motion of the enforcing authority and without bond in an action under this Subsection (2), the court may make appropriate orders, including appointment of a master or receiver or sequestration of assets, but only if it appears that the defendant is threatening or is about to remove, conceal, or dispose of the defendant's property to the damage of persons for whom relief is requested. An appropriate order may include an order to:

§ 13-11-17(2)(i)(A)
(A) reimburse consumers found to have been damaged;

**UNITED STATES**

*15 U.S.C. § 45. Unfair methods of competition unlawful; prevention by Commission*

**(a) Declaration of unlawfulness; power to prohibit unfair practices; inapplicability to foreign trade**

**(1)** Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful.

**(2)** The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, savings and loan institutions described in section 57a(f)(3) of this title, Federal credit unions described in section 57a(f)(4) of this title, common carriers subject to the Acts to regulate commerce, air carriers and foreign air carriers subject to part A of subtitle VII of Title 49, and persons, partnerships, or corporations insofar as they are subject to the Packers and Stockyards Act, 1921, as amended, except as provided in section 406(b) of said Act, from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce.

**(3)** This subsection shall not apply to unfair methods of competition involving commerce with foreign nations (other than import commerce) unless--

(A) such methods of competition have a direct, substantial, and reasonably foreseeable effect--

(i) on commerce which is not commerce with foreign nations, or on import commerce with foreign nations; or

(ii) on export commerce with foreign nations, of a person engaged in such commerce in the United States; and

(B) such effect gives rise to a claim under the provisions of this subsection, other than this paragraph. If this subsection applies to such methods of competition only because of the operation of subparagraph (A)(ii), this subsection shall apply to such conduct only for injury to export business in the United States.

**(4)(A)** For purposes of subsection (a), the term "unfair or deceptive acts or practices" includes such acts or practices involving foreign commerce that--

69

**(i)** cause or are likely to cause reasonably foreseeable injury within the United States; or

**(ii)** involve material conduct occurring within the United States.

**(B)** All remedies available to the Commission with respect to unfair and deceptive acts or practices shall be available for acts and practices described in this paragraph, including restitution to domestic or foreign victims.

**(b) Proceeding by Commission; modifying and setting aside orders**
Whenever the Commission shall have reason to believe that any such person, partnership, or corporation has been or is using any unfair method of competition or unfair or deceptive act or practice in or affecting commerce, and if it shall appear to the Commission that a proceeding by it in respect thereof would be to the interest of the public, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges in that respect and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint. The person, partnership, or corporation so complained of shall have the right to appear at the place and time so fixed and show cause why an order should not be entered by the Commission requiring such person, partnership, or corporation to cease and desist from the violation of the law so charged in said complaint. Any person, partnership, or corporation may make application, and upon good cause shown may be allowed by the Commission to intervene and appear in said proceeding by counsel or in person. The testimony in any such proceeding shall be reduced to writing and filed in the office of the Commission. If upon such hearing the Commission shall be of the opinion that the method of competition or the act or practice in question is prohibited by this subchapter, it shall make a report in writing in which it shall state its findings as to the facts and shall issue and cause to be served on such person, partnership, or corporation an order requiring such person, partnership, or corporation to cease and desist from using such method of competition or such act or practice. Until the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time, or, if a petition for review has been filed within such time then until the record in the proceeding has been filed in a court of appeals of the United States, as hereinafter provided, the Commission may at any time, upon such notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any report or any order made or issued by it under this section. After the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time, the Commission may at any time, after notice and opportunity for hearing, reopen and alter, modify, or set aside, in whole or in part, any report or order made or issued by it under this section, whenever in the opinion of the Commission conditions of fact or of law have so changed as to require such action or if the public interest shall so require, except that (1) the said person, partnership, or corporation may, within sixty days after service upon him or it of said report or order entered after such a reopening, obtain a review thereof in the appropriate court of appeals of the United States, in the manner provided in subsection (c) of this section; and (2) in the case of an order, the Commission shall reopen any such order to consider whether such order (including any affirmative relief provision contained in such order) should be altered, modified, or set aside, in whole or in part, if the person, partnership, or corporation involved files a request with the Commission which makes a satisfactory showing that changed conditions of law or fact require such order to be altered, modified, or set aside, in whole or in part. The Commission shall determine whether to alter, modify, or set aside any order of the Commission in response to a request made by a person, partnership, or corporation under paragraph[1] (2) not later than 120 days after the date of the filing of such request.

**(c) Review of order; rehearing**
Any person, partnership, or corporation required by an order of the Commission to cease and desist from using any method of competition or act or practice may obtain a review of such order in the court of appeals of the United States, within any circuit where the method of competition or the act or practice in

question was used or where such person, partnership, or corporation resides or carries on business, by filing in the court, within sixty days from the date of the service of such order, a written petition praying that the order of the Commission be set aside. A copy of such petition shall be forthwith transmitted by the clerk of the court to the Commission, and thereupon the Commission shall file in the court the record in the proceeding, as provided in section 2112 of Title 28. Upon such filing of the petition the court shall have jurisdiction of the proceeding and of the question determined therein concurrently with the Commission until the filing of the record and shall have power to make and enter a decree affirming, modifying, or setting aside the order of the Commission, and enforcing the same to the extent that such order is affirmed and to issue such writs as are ancillary to its jurisdiction or are necessary in its judgement to prevent injury to the public or to competitors pendente lite. The findings of the Commission as to the facts, if supported by evidence, shall be conclusive. To the extent that the order of the Commission is affirmed, the court shall thereupon issue its own order commanding obedience to the terms of such order of the Commission. If either party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the proceeding before the Commission, the court may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The Commission may modify its findings as to the facts, or make new findings, by reason of the additional evidence so taken, and it shall file such modified or new findings, which, if supported by evidence, shall be conclusive, and its recommendation, if any, for the modification or setting aside of its original order, with the return of such additional evidence. The judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari, as provided in section 1254 of Title 28.

**(d) Jurisdiction of court**
Upon the filing of the record with it jurisdiction of the court of appeals of the United States to affirm, enforce, modify, or set aside orders of the Commission shall be exclusive.

**(e) Exemption from liability**
No order of the Commission or judgement of court to enforce the same shall in anywise relieve or absolve any person, partnership, or corporation from any liability under the Antitrust Acts.

**(f) Service of complaints, orders and other processes; return**
Complaints, orders, and other processes of the Commission under this section may be served by anyone duly authorized by the Commission, either (a) by delivering a copy thereof to the person to be served, or to a member of the partnership to be served, or the president, secretary, or other executive officer or a director of the corporation to be served; or (b) by leaving a copy thereof at the residence or the principal office or place of business of such person, partnership, or corporation; or (c) by mailing a copy thereof by registered mail or by certified mail addressed to such person, partnership, or corporation at his or its residence or principal office or place of business. The verified return by the person so serving said complaint, order, or other process setting forth the manner of said service shall be proof of the same, and the return post office receipt for said complaint, order, or other process mailed by registered mail or by certified mail as aforesaid shall be proof of the service of the same.

**(g) Finality of order**
An order of the Commission to cease and desist shall become final--

   **(1)** Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time; but the Commission may thereafter modify or set aside its order to the extent provided in the last sentence of subsection (b).

**(2)** Except as to any order provision subject to paragraph (4), upon the sixtieth day after such order is served, if a petition for review has been duly filed; except that any such order may be stayed, in whole or in part and subject to such conditions as may be appropriate, by--

**(A)** the Commission;

**(B)** an appropriate court of appeals of the United States, if (i) a petition for review of such order is pending in such court, and (ii) an application for such a stay was previously submitted to the Commission and the Commission, within the 30-day period beginning on the date the application was received by the Commission, either denied the application or did not grant or deny the application; or

**(C)** the Supreme Court, if an applicable petition for certiorari is pending.

**(3)** For purposes of subsection (m)(1)(B) and of section 57b(a)(2) of this title, if a petition for review of the order of the Commission has been filed--

**(A)** upon the expiration of the time allowed for filing a petition for certiorari, if the order of the Commission has been affirmed or the petition for review has been dismissed by the court of appeals and no petition for certiorari has been duly filed;

**(B)** upon the denial of a petition for certiorari, if the order of the Commission has been affirmed or the petition for review has been dismissed by the court of appeals; or

**(C)** upon the expiration of 30 days from the date of issuance of a mandate of the Supreme Court directing that the order of the Commission be affirmed or the petition for review be dismissed.

**(4)** In the case of an order provision requiring a person, partnership, or corporation to divest itself of stock, other share capital, or assets, if a petition for review of such order of the Commission has been filed--

**(A)** upon the expiration of the time allowed for filing a petition for certiorari, if the order of the Commission has been affirmed or the petition for review has been dismissed by the court of appeals and no petition for certiorari has been duly filed;

**(B)** upon the denial of a petition for certiorari, if the order of the Commission has been affirmed or the petition for review has been dismissed by the court of appeals; or

**(C)** upon the expiration of 30 days from the date of issuance of a mandate of the Supreme Court directing that the order of the Commission be affirmed or the petition for review be dismissed.

## (h) Modification or setting aside of order by Supreme Court

If the Supreme Court directs that the order of the Commission be modified or set aside, the order of the Commission rendered in accordance with the mandate of the Supreme Court shall become final upon the expiration of thirty days from the time it was rendered, unless within such thirty days either party has instituted proceedings to have such order corrected to accord with the mandate, in which event the order of the Commission shall become final when so corrected.

## (i) Modification or setting aside of order by Court of Appeals

If the order of the Commission is modified or set aside by the court of appeals, and if (1) the time allowed for filing a petition for certiorari has expired and no such petition has been duly filed, or (2) the petition for certiorari has been denied, or (3) the decision of the court has been affirmed by the Supreme Court, then the order of the Commission rendered in accordance with the mandate of the court of appeals shall become final on the expiration of thirty days from the time such order of the Commission was rendered,

unless within such thirty days either party has instituted proceedings to have such order corrected so that it will accord with the mandate, in which event the order of the Commission shall become final when so corrected.

**(j) Rehearing upon order or remand**

If the Supreme Court orders a rehearing; or if the case is remanded by the court of appeals to the Commission for a rehearing, and if (1) the time allowed for filing a petition for certiorari has expired, and no such petition has been duly filed, or (2) the petition for certiorari has been denied, or (3) the decision of the court has been affirmed by the Supreme Court, then the order of the Commission rendered upon such rehearing shall become final in the same manner as though no prior order of the Commission had been rendered.

(k) "Mandate" defined

As used in this section the term "mandate", in case a mandate has been recalled prior to the expiration of thirty days from the date of issuance thereof, means the final mandate.

**(l) Penalty for violation of order; injunctions and other appropriate equitable relief**

Any person, partnership, or corporation who violates an order of the Commission after it has become final, and while such order is in effect, shall forfeit and pay to the United States a civil penalty of not more than $10,000 for each violation, which shall accrue to the United States and may be recovered in a civil action brought by the Attorney General of the United States. Each separate violation of such an order shall be a separate offense, except that in a case of a violation through continuing failure to obey or neglect to obey a final order of the Commission, each day of continuance of such failure or neglect shall be deemed a separate offense. In such actions, the United States district courts are empowered to grant mandatory injunctions and such other and further equitable relief as they deem appropriate in the enforcement of such final orders of the Commission.

**(m) Civil actions for recovery of penalties for knowing violations of rules and cease and desist orders respecting unfair or deceptive acts or practices; jurisdiction; maximum amount of penalties; continuing violations; de novo determinations; compromise or settlement procedure**

**(1)(A)** The Commission may commence a civil action to recover a civil penalty in a district court of the United States against any person, partnership, or corporation which violates any rule under this subchapter respecting unfair or deceptive acts or practices (other than an interpretive rule or a rule violation of which the Commission has provided is not an unfair or deceptive act or practice in violation of subsection (a)(1)) with actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act is unfair or deceptive and is prohibited by such rule. In such action, such person, partnership, or corporation shall be liable for a civil penalty of not more than $10,000 for each violation.

**(B)** If the Commission determines in a proceeding under subsection (b) that any act or practice is unfair or deceptive, and issues a final cease and desist order, other than a consent order, with respect to such act or practice, then the Commission may commence a civil action to obtain a civil penalty in a district court of the United States against any person, partnership, or corporation which engages in such act or practice-

    **(1)** after such cease and desist order becomes final (whether or not such person, partnership, or corporation was subject to such cease and desist order), and

    **(2)** with actual knowledge that such act or practice is unfair or deceptive and is unlawful under subsection (a)(1) of this section.

In such action, such person, partnership, or corporation shall be liable for a civil penalty of not more than

$10,000 for each violation.

**(C)** In the case of a violation through continuing failure to comply with a rule or with subsection (a)(1), each day of continuance of such failure shall be treated as a separate violation, for purposes of subparagraphs (A) and (B). In determining the amount of such a civil penalty, the court shall take into account the degree of culpability, any history of prior such conduct, ability to pay, effect on ability to continue to do business, and such other matters as justice may require.

**(2)** If the cease and desist order establishing that the act or practice is unfair or deceptive was not issued against the defendant in a civil penalty action under paragraph (1)(B) the issues of fact in such action against such defendant shall be tried de novo. Upon request of any party to such an action against such defendant, the court shall also review the determination of law made by the Commission in the proceeding under subsection (b) that the act or practice which was the subject of such proceeding constituted an unfair or deceptive act or practice in violation of subsection (a).

**(3)** The Commission may compromise or settle any action for a civil penalty if such compromise or settlement is accompanied by a public statement of its reasons and is approved by the court.

**(n) Standard of proof; public policy considerations**
The Commission shall have no authority under this section or section 57a of this title to declare unlawful an act or practice on the grounds that such act or practice is unfair unless the act or practice causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition. In determining whether an act or practice is unfair, the Commission may consider established public policies as evidence to be considered with all other evidence. Such public policy considerations may not serve as a primary basis for such determination.