# **EXHIBIT 5**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

*This document relates to:*

| | |
|---|---|
| **THE STATE OF TEXAS**, *et al.*,<br><br>  *Plaintiffs*,<br><br>- against -<br><br>**GOOGLE LLC**,<br><br>  *Defendant.* | CIVIL NO. 4:20-CV-957-SDJ |

## PLAINTIFF STATES' AMENDED INITIAL DISCLOSURES

The States of Texas, Alaska, Arkansas, Florida, Idaho, Indiana, Louisiana, Mississippi, Missouri, Montana, Nevada, North Dakota, South Carolina, South Dakota, and Utah, and the Commonwealths of Kentucky and Puerto Rico (collectively referred to hereafter as "Plaintiff States" or "States"), hereby make the following amended initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and this case's Scheduling Orders (*see* Docs. 194, 609, 796 in 4:20-CV-957-SDJ). These disclosures are based on information currently available to the Plaintiff States and represent their good-faith efforts to identify: (1) persons likely to have discoverable information that may be used to support the Plaintiff States' claims in this action, and (2) documents and electronically stored information that may be used to support the Plaintiff States' claims in this action.

The Plaintiff States reserve the right to supplement and correct these disclosures under Federal Rule of Civil Procedure 26(e) and Scheduling Order. These disclosures are not intended to waive any objections that the Plaintiff States may have regarding the use or admissibility of any disclosed information, whether during discovery or trial, and these disclosures do not

1

constitute a waiver of attorney–client privilege, attorney work product protection, or any other applicable privilege or protection.

Pursuant to Rule 26(a)(1)(A)(i), Appendix A identifies those entities and related individuals known to the Plaintiff States at this time who likely have discoverable information that the Plaintiff States may use to support their claims. The Plaintiff States have separately disclosed the identities and reports of any expert witness they may use at trial, pursuant to Rule 26(a)(2).

Pursuant to Rule 26(a)(1)(A)(ii) and without waiving any objections to relevance, privilege, or admissibility of these materials or agreeing that they are required to be disclosed, the Plaintiff States possess the following materials that they may use to support their claims: documents and data submitted or produced to the Plaintiff States by Google and third parties, including responses to Civil Investigative Demands, discovery responses, and materials from related actions, and documents and data produced, identified, or disclosed by the Plaintiff States, including from their disclosed expert witnesses. These materials are located or available at the offices of the respective Plaintiff States and are also in the possession of Google and its counsel. The Plaintiff States may also use: (i) publicly available documents or data, and (ii) documents and information produced by Google and third parties in this litigation to support their claims or defenses.

Pursuant to Rule 26(a)(1)(A)(iii), the Plaintiff States do not seek damages in this case. The Plaintiff States have described the basis for calculating civil penalties sought, in Plaintiff States' Fourth Amended Responses to Google LLC's First Set of Interrogatories (the "Fourth Am. R&Os") and other discovery responses.  The Plaintiff States have also timely provided expert disclosures and written reports related to the computation of civil penalties, as required by

Rule 26(a)(2) in accordance with the Court's Scheduling Orders.  The Plaintiff States have also identified or produced to Google the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based. The Plaintiff States hereby incorporate by reference the above-referenced discovery responses, and expert disclosures, reports, and cited and associated documents and evidentiary materials.

The Plaintiff States do not have insurance agreements relevant to this matter and therefore have no disclosures under Rule 26(a)(1)(A)(iv).

The Plaintiff States additionally provide the following information:

1. **The correct names of the parties to the action**.

The Plaintiff States include the States of Texas, Alaska, Arkansas, Florida, Idaho, Indiana, Louisiana, Mississippi, Missouri, Montana, Nevada, North Dakota, South Carolina, South Dakota, and Utah, and the Commonwealths of Kentucky and Puerto Rico.

The only Defendant is Google LLC.

2. **The name and, if known, address and telephone number of any potential parties to the action.**

The Plaintiff States do not anticipate any potential additional parties, although other government enforcement agencies may seek to join or intervene in this matter.

3. **The name, and if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their connection to the case, and a fair summary of the substance of the information known by such person**.

*See* Appendix A.  The Plaintiff States also incorporate by reference Google's Rule 26 Initial Disclosures herein and reserve the right to call the entities and persons identified in

3

Google's Initial Disclosures at trial live or by deposition. The Plaintiff States further identify all entities and witnesses who were deposed in this case to the extent they are not specifically identified in Appendix A. The Plaintiff States also identify the entities and witnesses who are parties and/or who testified or will testify at deposition or trial in *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010-PKC (S.D.N.Y.) and *United States, et al. v. Google, LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.).

4. **A copy of all documents, ESI, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party.**

Beginning on April 22, 2021, the Plaintiff States sent Defendant or caused to be sent to Defendant a copy of all documents, ESI, witness statements,[1] and tangible things in their possession, custody, or control that are relevant to their claims. These productions included all non-privileged communications with third-parties, other than Google, concerning this action and investigations, and all documents (if any) disclosed by Plaintiff States or the third party during each such communication.

---

[1] Defendant is in possession of all investigational hearing sworn statements that the Plaintiff States took in conjunction with the U.S. Department of Justice during the investigation.

| | |
|---|---|
| DATED: February 27, 2025 | Respectfully submitted, |
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier<br>Mark.Lanier@LanierLawFirm.com<br>Alex J. Brown<br>Alex.Brown@LanierLawFirm.com<br>Zeke DeRose III<br>Zeke.Derose@LanierLawFirm.com<br>Jonathan P. Wilkerson<br>Jonathan.Wilkerson@LanierLawFirm.com<br>10940 W. Sam Houston Pkwy N.<br>Suite 100<br>Houston, TX 77064<br>(713) 659-5200 | Ashley Keller<br>ack@kellerpostman.com<br>Kiran N. Bhat<br>kiran.bhat@kellerpostman.com<br>2333 Ponce De Leon Boulevard<br>Suite R-240<br>Coral Gables, Florida 33134<br>(833) 633-0118<br><br>Zina Bash (Bar No. 24067505)<br>zina.bash@kellerpostman.com<br>111 Congress Avenue, Suite 500<br>Austin, TX 78701<br>(512) 690-0990 |
| **THE LANIER LAW FIRM, PLLC** | */s/ Noah S. Heinz*<br>Noah S. Heinz<br>noah.heinz@kellerpostman.com<br>1101 Connecticut Ave., N.W., Suite 1100<br>Washington, DC 20036<br>(202) 918-1123<br>**KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201