IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendant. | Case No. 4:20-cv-00957-SDJ <br><br> Hon. Sean D. Jordan |

**PLAINTIFF STATES' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING THE RIGHT TO A TRIAL BY JURY**

On April 17, 2025, the Fifth Circuit vacated a civil penalty order against AT&T, holding that AT&T was entitled to a jury. *See AT&T, Inc. v. F.C.C.*, No. 24-60223, 2025 WL 1135280, at *10 (5th Cir. Apr. 17, 2025). Its reasoning reinforces Plaintiff States' arguments in opposition to Google's pending motion to strike Plaintiff States' jury demand, Dkt. 690.

*First*, "civil penalties 'are the prototypical common law remedy'" that are "designed to 'punish or deter' violators," rather than "to 'restore the status quo'" by "compensat[ing] victims." *Id.* at *4–5 (quoting *S.E.C. v. Jarkesy*, 603 U.S. 109, 123 (2024)). As Plaintiff States previously explained, the civil penalties remedy is "all but dispositive" in demonstrating a right to a jury trial. *See* Dkt. 753 at 4 (quoting *Jarkesy*, 603 U.S. at 123); *see also* Dkt. 834 at 5–6 (summarizing the analysis for each Plaintiff State and showing that all Plaintiff States are seeking civil penalties).

*Second*, the cause of action need not be "identical" to a common law cause of action. *AT&T*, 2025 WL 1135280, at *6. Rather, the "key inquiry," is "whether the statute 'target[s] the same basic conduct' as the common law claim." *Id.* at *12 (alteration in original) (quoting *Jarkesy*, 603 U.S. at 125). There, it was enough that "section 222 action targets a carrier's negligence in handling customer data" because it required the carrier to act reasonably. *Id.* Here, Plaintiff States'

1

antitrust claims were actionable at common law, *see* Dkt. 753 at 9; Dkt. 834 at 5–6, and their DTPA claims are more closely analogous to legal claims than to equitable claims, *see* Dkt. 753 at 4–5; Dkt. 834 at 5–6. If acting reasonably with respect to customer data is close enough to negligence, then regulating deceptive, misleading, or unconscionable conduct is clearly close enough.

*Third*, the Fifth Circuit easily rejected the FCC's argument that the government is different: "Nor does it matter that this action is brought by the Government. The Supreme Court 'ha[s] never held that "the presence of the United States as a proper party to the proceeding is . . . sufficient" by itself to trigger the [public rights] exception.'" *AT&T*, 2025 WL 1135280, at *7 n.11 (alterations and omission in original) (quoting *Jarkesy*, 603 U.S. at 135). "Ultimately, 'what matters' . . . 'is the substance of the suit, not . . . who brings it . . . .'" *Id.* at *9 (quoting *Jarkesy*, 603 U.S. at 135). Likewise, it does not matter for Seventh Amendment analysis that it is the Plaintiff States, rather than private individuals, who are pursuing these claims—what matters is that these legal claims for civil penalties are for the jury to decide. *See* Dkt. 753 at 9–10.

DATED: May 15, 2025

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.Derose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
(713) 659-5200

**THE LANIER LAW FIRM, PLLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of All Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

Respectfully submitted,

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
Kiran N. Bhat
kiran.bhat@kellerpostman.com
2333 Ponce De Leon Boulevard
Suite R-240
Coral Gables, Florida 33134
(833) 633-0118

Zina Bash (Bar No. 24067505)
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

/s/ Noah S. Heinz
Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut Ave., N.W., Suite 1100
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

3

FOR PLAINTIFF STATE OF TEXAS

KEN PAXTON
Attorney General

*/s/ Brent Webster*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov

STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

## **CERTIFICATE OF SERVICE**

I certify that on May 15, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Ashley Keller*
Ashley Keller
