IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § § | |
| Plaintiffs, | § § | Civil Action No. 4:20-cv-00957-SDJ |
| v. | § § | |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

# DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY (ECF 849)

Google files this response to the States' Notice of Supplemental Authority (ECF 849) regarding the Fifth Circuit's opinion in *AT&T, Inc. v. FCC*, 135 F.4th 230 (5th Cir. 2025). *AT&T* creates no new law applicable to Google's pending Motion to Strike Plaintiffs' Jury Demand (ECF 690); instead, it reaffirms key legal principles underlying Google's motion.

In *AT&T*, the Fifth Circuit simply applied the Supreme Court's opinion in *SEC v. Jarkesy*, 603 U.S. 109 (2024), to a different federal agency's enforcement regime. 135 F.4th at 235–41. The States cite three of the Fifth Circuit's conclusions in *AT&T*, each of which recites the Supreme Court's analysis in *Jarkesy*. *See* ECF 849 ("First, … [quoting *SEC v. Jarkesy*] …. Second, … [quoting *Jarkesy*] …. Third, … [quoting *Jarkesy*]."). Google has explained why the Supreme Court's holding in *Jarkesy* does not control the jury question here. *See, e.g.*, ECF 690 (Mot.) at 3–4; ECF 767 (Reply) at 2; ECF 835 (Supp. Br.) at 6–7, 27–28. It adds nothing—and is unsurprising—that *Jarkesy*'s holding has now been applied to a second federal agency.

*AT&T* also leaves unanswered the same questions that *Jarkesy* did. *AT&T* does not, for example, address whether the civil penalties at issue were incidental to or intertwined with equitable relief. *Cf.* ECF 835 at 32–65, 68–86. Nor does it purport to resolve the open question in the Fifth Circuit of whether the States, as sovereigns, have a Seventh Amendment jury right.[1] *See* ECF 832 (Supp. Br. re: *Standard Oil Co. v. Arizona*); *In re Abbott*, 117 F.4th 729, 734 n.7 (5th Cir. 2024). It breaks no new ground for any issue relevant here.

*AT&T* does, however, reaffirm important legal principles underlying Google's motion. First, the Fifth Circuit favorably cites portions of *Jarkesy* that quote *Tull v. United States*, 481 U.S. 412 (1987). *See, e.g.*, *AT&T*, 135 F.4th at 236. In citing *Tull*, the Fifth Circuit did not question

---

[1] The Fifth Circuit's conclusion in *AT&T* (quoting *Jarkesy*) about the "public rights" exception does not address or resolve whether the Seventh Amendment applies to sovereigns at all. ECF 849 at 2.

1

*Tull's* core holding that the amount of penalties must be determined by the court. 481 U.S. at 425–27. *Tull's* holding thus remains good law in the Fifth Circuit and requires this Court to determine the amount of penalties (if any) if Google is found liable.

Second, the Fifth Circuit reiterates the relevance of looking to whether the action is akin to one tried to a jury in 1791. In *AT&T*, that analysis supported a right to a jury trial, because the court concluded that section 222 of the Telecommunications Act "mirrors" common law negligence, including its required showing of harm. *See* 135 F.4th at 237. The Fifth Circuit explained that a "staple of [] common law" negligence is a showing of "an unreasonable risk of harm to another," *id*. (quoting Restatement (Second) of Torts § 302B (2024)), which "mirror[ed]" the FCC's allegation that AT&T "caused substantial harm." *Id.* Here, in contrast, the States contend that their DTPAs do not require any showing of harm, proving that their DTPA claims do not "mirror"—and are not analogous to—any common law tort. ECF 835 at 23–30.

Dated: May 21, 2025

Respectfully submitted,

*/s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
Robin C. Gibbs
Texas Bar No. 07853000
RGibbs@gibbsbruns.com
Ayesha Najam
State Bar No. 24046507
ANajam@gibbsbruns.com
Charles M. Rosson
State Bar No. 24074985
CRosson@gibbsbruns.com
Elisa J. Wulfsberg
State Bar No. 24125469
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr (*pro hac vice*)
Eric.Mahr@freshfields.com
Justina Sessions
Justina.Sessions@freshfields.com
FRESHFIELDS US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

*Attorneys for Defendant Google LLC*

3

## **CERTIFICATE OF SERVICE**

I certify that on May 21, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Kathy D. Patrick*
Kathy D. Patrick
