# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>        Defendant. | Case No. 4:20-cv-00957-SDJ<br><br>Hon. Sean D. Jordan |

## STATES OF ARKANSAS AND IDAHO'S MOTION TO RECONSIDER GRANT OF MOTION TO STRIKE THE JURY TRIAL RIGHT AS TO CIVIL PENALTIES UNDER STATE ANTITRUST LAWS (DKT. 854)

## INTRODUCTION

In its June 18, 2025, Memorandum Opinion and Order, this Court determined that Arkansas and Idaho cannot recover civil penalties for their claims under state antitrust statutes because both States seek relief only in their *parens patriae* capacity. Dkt. 854 at 52. For this proposition, the Court cites Google's briefing. However, the underlying document Google itself cites makes clear that both States bring antitrust claims in both sovereign and *parens patriae* capacities—in fact, there is no difference between the relief sought by those States and the relief sought by other Plaintiff States. Both States' position has been unequivocal in the pleadings, the advisory, and even in their deposition testimony. The States of Arkansas and Idaho respectfully request under Local Rule CV-7(a)(4) that the Court reconsider its ruling that they do not seek civil penalties in their sovereign capacity.

## STANDARD OF REVIEW

Where, as here, "a party requests reconsideration of a non-final, *i.e.*, interlocutory, decision of a court, such a motion will be evaluated under Rule 54(b)." *Bourque v. C. Pepper Logistics, LLC*, No. 4:22-cv-698-SDJ, 2023 WL 11779921, at *1 (E.D. Tex. Aug. 23, 2023). Under that Rule, "any order . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Unlike the stringent requirements for reconsidering final orders, "[u]nder Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Gilmour v. Blue Cross & Blue Shield of Ala.* No. 4:19-cv-160-SDJ, 2021 WL 1196272, at *7 (E.D. Tex. Mar. 30, 2021) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Applying that standard, this Court has corrected factual mistakes even where the party opposing the argument argued that the "evidence . . . could have, and should have, been raised" earlier,

because "under the operative Rule 54(b) standard . . . it does not matter why the misinterpretation occurred." *Id.*

## ARGUMENT

In its Memorandum Opinion, the Court determined that Arkansas and Idaho "seek relief in only their parens patriae capacities," citing Google's brief. Dkt. 854 at 52 (citing Dkt. 835 at 98–101). Google's brief represents that "Arkansas seeks injunctive relief only in its parens patriae capacity, not in its sovereign capacity, *see* ECF 381 at 3, and it has not alleged injury to the State itself, *see generally* FAC; *see also* 4/18/2024 Hrg. Tr. at 45:10-12." Dkt. 835 at 98; *see also id.* at 101 (same statements and citations, for Idaho). However, Plaintiffs' supplemental brief made clear that the States *had* asserted sovereign standing for civil penalties: "The States also maintain that they have standing in their sovereign capacity, which the Court has not resolved . . . ." Dkt. 844 at 10 n.4. The sources Google cited make clear that both States *do* seek civil penalties in their sovereign capacities, and this point is confirmed by deposition testimony.[1]

First, the Amended Advisory Regarding Relief Sought makes clear that "Plaintiff States Alaska, **Arkansas**, Florida, **Idaho**, . . . and Texas seek civil penalties for Google's antitrust violations pursuant to their respective state's antitrust laws. These Plaintiff States seek civil penalties in their **sovereign** and parens patriae capacity . . . ." Dkt. 381 at 2 (emphases added). The "Quick Reference Chart" confirms that "Arkansas" seeks "Antitrust" remedies, including

---

[1] Plaintiff States previously argued that federal law standing and state law capacity are different things, and so the States could seek state-law *sovereign* remedies under federal-law *parens patriae* standing. *See* Dkt. 844 at 8-11. Plaintiff States have not disavowed this argument (and preserve it for any appeal), but need not reprise it in this motion.

"Civil penalties (Statutory,[2] Parens Patriae)." *Id.* at 3. "Idaho" likewise seeks "Idaho Competition Act" (Idaho's antitrust law) remedies, including "Civil Penalties (Sovereign, Parens Patriae)." *Id.*

Second, the Fourth Amended Complaint draws no distinction between these two States (Arkansas and Idaho) and every other State. Apart from stray mentions or quotations of state law, the only time sovereign or *parens patriae* capacities is mentioned *includes* Arkansas and Idaho: "Plaintiff States . . . bring this action in their respective sovereign capacities and as *parens patriae* . . . ." FAC ¶ 31. That is why Plaintiff States briefed sovereign standing for all states in common. *See* Dkt. 844 at 19-20.

Third, if there were any question on this matter, the Court should look to how the parties have litigated and any prejudice to Google. Here, there is no prejudice: both Arkansas and Idaho stated in their respective 30(b)(6) depositions that their state law antitrust claims were being brought in both sovereign and *parens patriae* capacities. Ex. A, Harder Dep. Tr. May 1, 2024 at 16; Ex. B, Olson Dep. Tr., May 3, 2024, at 52:13–17. It is hard to picture any facet of Google's litigation strategy that would have changed had the States made even more clear that they seek remedies in both capacities. This is not a circumstance in which a party sought to mislead the Court or gain a litigation advantage, but, at most, misunderstanding of a fairly technical point whose importance was not previously clear.

## CONCLUSION

Plaintiff States Arkansas and Idaho respectfully request that the Court reconsider its Memorandum Opinion and Order as to the availability of civil penalties under their antitrust laws.

---

[2] Google has not argued that "statutory" here means anything different from "sovereign." Indeed, it quoted the statutes and argued that they allow the State to seek civil penalties in its sovereign capacity. Dkt. 835 at 97 (quoting Ark. Code § 4-75-315(a)(4)). The phrasing may have been a scrivener's error, but in context no reading makes sense other than "sovereign."

DATED: June 24, 2025

Respectfully submitted,

/s/ W. Mark Lanier

/s/ Ashley Keller

W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.Derose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
(713) 659-5200

Ashley Keller
ack@kellerpostman.com
Kiran N. Bhat
kiran.bhat@kellerpostman.com
2333 Ponce De Leon Boulevard
Suite R-240
Coral Gables, Florida 33134
(833) 633-0118

Zina Bash (Bar No. 24067505)
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

**THE LANIER LAW FIRM, PLLC**

/s/ Noah S. Heinz

Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut Ave., N.W., Suite 1100
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of the State of Idaho*

FOR PLAINTIFF STATE OF ARKANSAS:

TIM GRIFFIN
ATTORNEY GENERAL

By: _____
AMANDA J. WENTZ
Ark. Bar No. 2021066
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Attorney for Plaintiff State of Arkansas*

FOR PLAINTIFF STATE OF IDAHO:

RAÚL R. LABRADOR
Attorney General

*/s/ John K. Olson*
John K. Olson, Deputy Attorney General

Consumer Protection Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:   (208)   334-2424
john.olson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 24, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Noah S. Heinz*
Noah S. Heinz