## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |
|---|---|
| The State of Texas, et al., | |
| Plaintiffs, | |
| | Case No. 4:20-cv-00957-SDJ |
| v. | |
| | Hon. Sean D. Jordan |
| Google LLC, | |
| Defendant. | |

## STATE OF SOUTH DAKOTA'S MOTION TO RECONSIDER GRANT OF MOTION TO STRIKE THE JURY TRIAL RIGHT ON ITS DTPA CLAIMS (DKT. 854) OR ALTERNATIVELY, FOR LEAVE TO AMEND

## INTRODUCTION

On June 18, 2025, the Court held that South Dakota "has not properly (or timely) requested *any* remedies for Google's alleged DTPA violations. South Dakota therefore has no right to any trial (let alone a jury trial) for its DTPA claims." Dkt. 854 at 88–89. The Court reasoned that South Dakota may seek civil penalties for DTPA violations only if it also seeks injunctive relief under SDCL section 37-24-23—and found that South Dakota has never sought injunctive relief under section 37-24-23 here. This amounts to entering judgment on South Dakota's DTPA claims, a profound step that the Court should take only if the clear record demonstrates that South Dakota truly intended to abandon them, or prejudiced Google with its delay. *See, e.g.*, *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) ("[A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing."); *Cates v. Int'l Tel. & and Tel. Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985) ("But such deficiencies do not normally justify dismissal of the suit on the merits and without leave to amend, at least not in the absence of special circumstances."). Respectfully, Plaintiff State of South Dakota submits that neither is true, and so requests reconsideration so that its claims may be heard on the merits.

The Court looked to the Fourth Amended Complaint, Dkt. 541, and the Amended Advisory on relief sought, Dkt. 381. While the Fourth Amended Complaint does not specifically cite SDCL section 37-24-23, it states that South Dakota seeks "relief . . . as provided for by law or equity." Dkt. 541 at ¶ 775(g). And while a "Quick Reference Chart" in the Amended Advisory does not list injunctive relief as a form of relief South Dakota seeks for its DTPA claims, Dkt. 381 at 5, the Amended Advisory does state that South Dakota is "seek[ing] injunctive relief for Google's unfair and deceptive practices . . . in [its] *parens patriae* capacity," *id.* at 2. More importantly, more than a year before the Court ruled and just two weeks after the Amended Advisory, South Dakota served

1

amended discovery responses on Google, together with an amended version of the "Quick Reference Chart," that specified that South Dakota is seeking injunctive relief for its DTPA claims and that identified SDCL section 37-24-23 as the statutory basis for that remedy.  *See* Ex. A (Service Email from T. Young dated May 3, 2024, with excerpts from Pl. States' Seventh Am. Resps. & Objs. to Google LLC's First Set of Interrogs.).  The service email expressly flagged this change, meaning Google had unequivocal notice of it well before filing its motion to strike the jury demand.

The record therefore already reflects that South Dakota is indeed seeking injunctive relief for its DTPA claims.  But if the Court does not find that the current record is sufficient, then South Dakota seeks leave to amend its filings to make clear that it is seeking injunctive relief for its DTPA claims under SDCL section 37-24-23.  There would be no prejudice to Google from those amendments, as Google has understood for more than a year that South Dakota is seeking injunctive relief for its DTPA claims.

## BACKGROUND

In the Fourth Amended Complaint, which was filed on March 5, 2023, South Dakota asserts that Google violated its deceptive trade practices act ("DTPA").  *See* Dkt. 541 at ¶¶ 752–54.  In particular, South Dakota contends that Google violated SDCL section 37-24-6, *see id.* ¶ 753, which is the provision that triggers both injunctive relief under section 37-24-23 and, in an action for that injunctive relief, civil penalties under section 37-24-27.  South Dakota also alleged that "[t]he Attorney General has reason to believe that Google has used and is using the acts and practices [previously] set forth . . . , which violate SDCL § 37-24-6," and that because "Google has caused and will cause adverse effects for the business enterprises of the State [of South Dakota]," it is "in the public interest" to bring this action.  *Id.* ¶ 754.  These are the two necessary prerequisites for

South Dakota's attorney general to bring a DTPA claim for injunction under SDCL section 37-24-23—first to believe that a defendant "is using, has used, or is about to use any act or practice declared to be unlawful by § 37-24-6," and second to believe that instituting an action "would be in the public interest," § 37-24-23.  The only purpose of this paragraph is to track that section of South Dakota law.

Also in the Fourth Amended Complaint, South Dakota requests various forms of relief for Google's DTPA violations.  *See* Dkt. 541 at ¶¶ 775(d)-(g).  It specifically requests civil penalties, *id.* at ¶ 775(d), and it also generally requests "further relief . . . as provided for by law or equity, including by SDCL § 37-24-29, or as the Court deems appropriate and just," *id.* at ¶ 775(g).  On April 17, 2024, in the Plaintiff States' Amended Advisory Regarding Relief Sought, South Dakota stated that, along with "[a]ll Plaintiff States," it was "seek[ing] injunctive relief for Google's unfair and deceptive practices . . . in [its] *parens patriae* capacity."  Dkt. 381 at 2.  But in a "Quick Reference Chart" following that statement, South Dakota did not list injunctive relief as a remedy it was seeking for Google's DTPA violations.  *Id.* at 5.

On May 3, 2024, Plaintiff States served amended discovery responses on Google, flagging in particular "a modification to Exhibit B regarding the DTPA relief sought for South Dakota consistent with their 30(b)(6) testimony."  Ex. A at 1.  That Exhibit B is a revised "Quick Reference Chart" that now includes injunctive relief among the remedies South Dakota seeks for its DTPA claims and that identifies SDCL section 37-24-23 as the statutory basis for the relief:

| | | | SD Codified L § 37-1-3.1 et seq - |
|---|---|---|---|
| **South Dakota** | Antitrust:<br>- Injunctive relief (Parens Patriae);<br>- Civil penalties and fines (Sovereign, Parens Patriae);<br>- Attorney's fees and costs.<br><br>DTPA:<br>- Injunctive relief (Parens Patriae)<br>- Civil penalties (Sovereign, Parens Patriae);<br>- Attorney's fees and costs. | SDCL §§ 37-1-3.1, 37-1-3.2; relief all legal and equitable, all costs and fees, available under SDCL §§ 37-1-3.1 et seq, 37-1-14.2, 37-1-14.3<br><br>DTPA SDCL § 37-24-6(1), 37-24-6 | **SD Codified L § 37-1-14.2:** AG may bring action for appropriate injunctive or other equitable relief and civil penalties on behalf of the state for violation of chapter. Civil penalty no more than $50,000 for each violation of chapter.<br><br>**SD Codified L 37-1-14.3:** The state may bring an action for appropriate injunctive or other equitable relief and taxable costs and reasonable attorney's fees.<br><br>**SD Codified L § 37-1-23:** AG may bring civil action as parens patriae on behalf of natural persons residing in state to secure monetary relief as provided in this section for injury sustained by natural person to their property by reason of any violation of this chapter.<br><br>**SD Codified L §37-1-32:** powers granted in 37-1-23 to 37-1-32 are in addition to and not in derogation of the common law powers of the AG to act in parens patriae.<br><br>**SD Codified L § 37-1-24:** court shall award the state as monetary relief 3x the total damage sustained as described in 37-1-23 and 37-1-25 and the cost of the suit, including reasonable attorney's fees.<br><br>**SD Codified L § 37-24-23:** if AG has reason believe any person is using, has used, or about to use a practice declared unlawful by 37-24-6, may bring action for temporary or permanent injunction for the use of the act or practice, upon notice. AG, if prevailing, may also recover reasonable attorney's fees and costs.<br><br>**SD Codified L § 37-1-26:** In an action pursuant to §§ 37-1-23 to 37-1-32, inclusive, where there has been a determination that a defendant agreed to fix prices, damages may be proved and assessed in the aggregate by statistical or sample in methods, by the pro rata allocation of illegal overcharges or of excess profits or by such other reasonable system of estimating aggregate damages as the court in its discretion may permit without the necessity of separately proving the individual claim of, or amount of damage to, persons on whose behalf the suit was brought.<br><br>**SD Codified L § 37-24-27:** for actions brought under 37-24-23, if court finds person is intentionally using or has used an act or practice declared unlawful by 37-24-6, the AG upon petition to court may recover a civil penalty of not more than $2,000 per violation.<br><br>**SD Codified L § 37-24-29:** court shall make such additional orders or judgments as may be necessary to restore to any person in interest any moneys or property which the court finds to have been acquired by means of any act or practiced declared to be unlawful by 37-24-6. |

Ex. A at 9.

On November 18, 2024, Google moved for summary judgment on Plaintiff States' DTPA claims for multiple reasons, including what it called state-specific grounds. Dkt. 672 at 57–60. Google argued, for example, that some of the Plaintiff States' DTPA claims do not apply to the transactions at issue, which are commercial transactions, *id.* at 57–59, and that some of the Plaintiff States' DTPA claims are time-barred, *id.* at 59–60. Google did not argue that South Dakota fails to seek civil penalties in an action for an injunction under SDCL section 37-24-23.

## ARGUMENT

First, the Court should reconsider its finding that South Dakota has failed to seek injunctive relief for its DTPA claims. "[R]econsideration of a non-final, i.e., interlocutory, decision of a court . . . will be evaluated under Rule 54(b)," *Bourque v. C. Pepper Logistics, LLC*, No. 4:22-cv-698-

SDJ, 2023 WL 11779921, at *1 (E.D. Tex. Aug. 23, 2023), under which "any order . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b).  This Court has explained that, "[u]nder Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Gilmour v. Blue Cross & Blue Shield of Alabama*, No. 4:19-cv-160-SDJ, 2021 WL 1196272, at *7 (E.D. Tex. Mar. 30, 2021) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).  Reconsideration is appropriate even if "evidence . . . could have, and should have, been raised" earlier, because "under the operative Rule 54(b) standard . . . it does not matter why the misinterpretation occurred." *Id.*

Here, in the Fourth Amended Complaint, South Dakota requested "further **relief** . . . **as provided for by** law or **equity**, including by SDCL § 37-24-29, or as the Court deems appropriate and just."  Dkt. 541 at ¶ 775(g) (emphases added).  And while a "Quick Reference Chart" in the Amended Advisory neglected to list injunctive relief as one of the remedies South Dakota was seeking for its DTPA claims, earlier in the Amended Advisory, South Dakota did specifically say that, along with "[a]ll Plaintiff States," it was "seek[ing] injunctive relief for Google's unfair and deceptive practices . . . in [its] *parens patriae* capacity."  Dkt. 381 at 2.  And South Dakota corrected the error in that "Quick Reference Chart" just two weeks later, serving on Google an amended chart that specified injunctive relief as one of the remedies South Dakota is seeking for DTPA claims, as well as identifying and quoting from SDCL section 37-24-23 as the statutory basis for the relief.  Ex. A at 5, 9.  Google did not raise the issue at that time, nor in its summary judgment motion, nor even in its motion to strike—rather, it waited until its *supplemental* brief, and even then did not object to the timeliness of South Dakota's correction, but simply pretended it did not

exist when South Dakota could not respond.  In light of this more complete picture of the record, the Court should reconsider its ruling.

Second, if the Court believes the record still does not show that South Dakota is seeking injunctive relief, it should grant South Dakota leave to amend the Fourth Amended Complaint and the Amended Advisory for the limited purpose of clarifying that point.  The amendments would consist of two minor additions:

- Adding the following bolded clause to paragraph 775(g) of the Fourth Amended Complaint ("Grant such further relief to the Attorney General and the State of South Dakota as provided for by law or equity, including by SDCL § 37-24-29 **and by SDCL § 37-24-23 as to injunctive relief**, or as the Court deems appropriate and just"); and

- Adding the following highlighted item to the "Quick Reference Chart" in the Amended Advisory, which reflects language that Google received more than a year ago in the amended chart South Dakota served on May 3, 2024.

| South Dakota | Antitrust:<br>- Injunctive relief (Parens Patriae);<br>- Civil penalties and fines (Sovereign, Parens Patriae);<br>- Attorney's fees and costs.<br><br>DTPA:<br>- Injunctive relief (Parens Patriae)<br>- Civil penalties (Sovereign, Parens Patriae);<br>- Attorney's fees and costs. |
|---|---|

In the Fifth Circuit, once a scheduling order deadline has passed for amendment of pleadings, that scheduling order may be amended "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  In evaluating "good cause" under Rule 16(b), courts consider four

factors: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance

of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability

of a continuance to cure such prejudice." *Id.* (alterations in original) (quotation omitted). And

once the party moving for amendment has demonstrated good cause, the "more liberal standard of

Rule 15(a) appl[ies] to the district court's decision to grant or deny leave." *Id.* Under Rule 15(a),

courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). That language

"evinces a bias in favor of granting leave to amend," *Herrmann Holdings Ltd. v. Lucent Techs.*

*Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (quotation omitted), in weighing factors "such as whether

there has been 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party,

and futility of amendment.'" *Id.* (quotation omitted); *see also Le-Vel Brands, LLC v. DMS Nat.*

*Health, LLC*, No. 4:20-CV-398-SDJ, 2022 WL 949955, at *3 (E.D. Tex. Mar. 28, 2022) (allowing

amendment).

   Here, the complete lack of prejudice to Google meets both standards. Google has known

for over a year that South Dakota is seeking injunctive relief under SDCL section 37-24-23 for its

DTPA claims because Google and South Dakota specifically discussed South Dakota's position on

that issue, and South Dakota made its position explicit. *See* Ex. A. Google has therefore litigated

with that understanding in the past year, including by not moving for summary judgment against

South Dakota's DTPA claims for failing to seek injunctive relief. While South Dakota believes

that amendment is unnecessary because the record already shows that it is seeking injunctive relief

under SDCL section 37-24-23 for its DTPA claims, if amendment would be necessary to allow

South Dakota to pursue injunctive relief under section 37-24-23, then the amendment would be

critical. Not allowing it would be dispositive, as it led directly to the Court's conclusion that South

Dakota "has not properly (or timely) requested *any* remedies for Google's alleged DTPA violations" and so has "no right to any trial (let alone a jury trial) for its DTPA claims." Dkt. 854 at 88–89.  That would be an extreme result in a situation where South Dakota promptly corrected to Google any ambiguity that existed on that point, acted in good faith, and, again, caused Google no prejudice.  This is not a case of bad faith, but a typographical error that was promptly corrected in party correspondence, even if regrettably not in Court filings.

## CONCLUSION

Plaintiff State South Dakota respectfully requests that the Court reconsider its Memorandum Opinion and Order as to the availability of a jury trial for its DTPA claims—or, alternatively, that the Court grant it leave to file minimally amended filings to clarify that it is seeking injunctive relief under SDCL section 37-24-23 for its DTPA claims (thereby entitling it to a jury for those claims).

DATED:  June 26, 2025

Respectfully submitted,

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.Derose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
(713) 659-5200

**THE LANIER LAW FIRM, PLLC**

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
Kiran N. Bhat
kiran.bhat@kellerpostman.com
2333 Ponce De Leon Boulevard
Suite R-240
Coral Gables, Florida 33134
(833) 633-0118

Zina Bash (Bar No. 24067505)
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

/s/ Noah S. Heinz
Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut Ave., N.W., Suite 1100
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of the State of South Dakota*

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

MARTY JACKLEY
Attorney General


*/s/ Jonathan Van Patten*
Jonathan Van Patten
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel: 605-773-3215
jonathan.vanpatten@state.sd.us

*Attorney for Plaintiff State of South Dakota*

## **CERTIFICATE OF SERVICE**

I certify that on June 26, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).


*/s/ Noah S. Heinz*
Noah S. Heinz