# EXHIBIT A

| | |
|---|---|
| **From:** | Trevor Young <Trevor.Young@oag.texas.gov> on behalf of Trevor Young |
| **Sent:** | Friday, May 3, 2024 5:58 PM |
| **To:** | pyetter@yettercoleman.com; jharkrider@axinn.com; dbitton@axinn.com; Eric.mahr@freshfields.com; rob.mccallum@freshfields.com; Bracewell, Mollie; justina.sessions@freshfields.com; ELMER, Julie (JSE); BAYOUMI, Jeanette; KAPLIN, Lauren; TU, Xiaoxi |
| **Cc:** | Mark Lanier; Alex J. Brown; Zeke DeRose III; Jonathan Wilkerson; Joseph Graham; Geraldine W. Young; Marc B. Collier; John McBride; Peter M. Hillegas; Noah Heinz; ack@kellerlenkner.com; James Lloyd; Thomas Ray; Eric Peterson; Ashley Barney |
| **Subject:** | 4:20-cv-00957-SDJ; The State of Texas, et al v. Google LLC - 7th Am. ROG Response |
| **Attachments:** | 2024.05.03 State of Texas et al. v. Google - Plaintiff States Seventh Amended Interrogatory Responses [1703].pdf; Exhibit A to 2024.05.03 - State of Texas et al. v. Google - Plaintiff States 7th Amended Interrogatory Responses.xlsx; 2024.05.03 State of Texas et al. v. Google - Ex. B Plaintiff States 7th Amended Interrogatory Responses.xlsx; Exhibit C to 2024.05.03 - State of Texas et al. v. Google - Plaintiff States 7th Amended Interrogatory Responses.pdf |

Counsel,

Please find attached State Plaintiffs' Seventh Amended Responses to Google's First Set of Interrogatories. This amendment contains revisions to Interrogatory Nos. 1 (PR), 12 (all states), 15-21 (PR), 24 (PR), 25 (SD), 26 (all states), and 28 (PR, KY) as well as a modification to Exhibit B regarding the DTPA relief sought for South Dakota consistent with their 30(b)(6) testimony.

**Trevor E. D. Young**
Deputy Division Chief
Antitrust Division
State of Texas, Office of the Attorney General
300 E. 15th Street
Austin, TX 78701
(512) 936-2334
trevor.young@oag.texas.gov

**PRIVILEGED AND CONFIDENTIAL**: This communication may be confidential and/or privileged pursuant to Government Code Sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Texas Attorney General.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **THE STATE OF TEXAS, ET AL.** § | | |
| § | | |
| **PLAINTIFFS,** § | | |
| § | **CIVIL ACTION NO. 4:20-CV-00957-** | |
| **VS.** § | **SDJ** | |
| § | | |
| **GOOGLE LLC,** § | | |
| § | | |
| **DEFENDANT.** § | **JURY TRIAL DEMANDED** | |
| § | | |
| § | | |
| § | | |

### THE PLAINTIFF STATES' SEVENTH AMENDED RESPONSES & OBJECTIONS TO GOOGLE LLC's FIRST SET OF INTERROGATORIES

The Offices of the Attorney General for the states of Texas, Alaska, Arkansas, Florida, Idaho, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nevada, North Dakota, Puerto Rico, South Carolina, South Dakota, and Utah (collectively, the "Plaintiff States") hereby make the following amended response to Google LLC's First Set of Interrogatories (the "Interrogatories") under Federal Rule of Civil Procedure 33 ("Federal Rules") and any applicable local rules.

- o   Office of the Lieutenant Governor, Division of Elections
- o   Department of Natural Resources (Division of Agriculture, Division of Land and Water)
- o   Department of Commerce, Community, and Economic Development (Division of Economic Development (ceased to exist FY22)—still investigating)
- o   Department of Revenue (Permanent Fund Dividend Division)
- o   Department of Fish & Game (Division of Wildlife Conservation)
- o   Department of Public Safety (Division of Alaska State Troopers)
- o   Department of Health (still investigating)
- o   Department of Environmental Conservation
- o   Department of Military and Veterans Affairs
- o   Department of Law

- Plaintiff the Commonwealth of Puerto Rico identifies the Oficina de Compensación y Servicios a las Víctimas y Testigos de Delitos and the Sistema de Información de Justicia Criminal of the Puerto Rico Department of Justice ("PRDOJ") as the only subdivisions of the PRDOJ that used Display Advertising during the relevant period.

- The Offices of the Attorneys General for the Plaintiff States of Texas, Idaho, Florida, Mississippi, Missouri, Montana, South Carolina, and South Dakota have not purchased display advertising or used ad tech products during the Relevant Period.

**INTERROGATORY NO. 2:** Identify all remedies You seek in this Action, in what capacity (such as *parens patriae* or sovereign capacity) You seek each remedy, and the statutory or other legal basis for each such remedy.

> **Response:** The Plaintiff States object to this interrogatory to the extent is seeks to force a legal conclusion. Further, the Plaintiff States object to this interrogatory as premature given the status of the case and the fact that discovery is ongoing, including review of documents or data not timely collected and only recently or not yet produced by Google, and to the extent it seeks to compel Plaintiffs to marshal all of their evidence in advance of trial. The Plaintiff States also object on the basis that this request calls for the premature disclosure of expert opinions. Expert disclosures will be made within the time prescribed by the Court's Scheduling Order. The Plaintiff States reserve their rights to supplement responses to this interrogatory at a later date once they have designated experts and obtained sufficient discovery to make a complete response. Subject to and without waiving the foregoing objections, the Plaintiff States respond:
>
> - The Plaintiff States reserve the right to pursue any allowable remedy under federal or state antitrust law that would restore competition to any market in which

    Google's conduct is alleged to have anticompetitive effects. The Plaintiff States currently believe that a combination of structural and behavioral remedies are necessary to restore competitive conditions to the affected markets.

- The Plaintiff States reserve the right to pursue any allowable remedy under their respective state laws for Google's deceptive conduct in order to compensate the injured citizens or persons of their state and to deter future deceptive conduct on the part of Google.

- The Plaintiff States each seek injunctive relief in their *parens patriae* capacity for harm to their general welfare and economies.

- The Plaintiff States each seek civil penalties in their sovereign and *parens patriae* capacity for harm to their general welfare and economies.

- Subject to the foregoing responses and objections and reservations of rights, Plaintiff States have the present intent to pursuing those remedies identified in <u>Exhibit "B"</u>.

- For the avoidance of doubt, the Plaintiff States emphasize that the foregoing responses pertain only to the *remedies* sought under their state law authorities and do not purport to address or modify the *injuries* that the Plaintiff States allege in the Fourth Amended Complaint.

**INTERROGATORY NO. 3:** Identify all persons answering and supplying information in response to these Interrogatories and all documents You relied on to answer these Interrogatories.

    **Response:** The Plaintiff States object to this interrogatory to the extent it seeks attorney-client or work product privileged information, or to the extent it seeks information not otherwise discoverable under court order. The Plaintiff States will supplement their responses to this interrogatory at a later date if they have responsive information. Subject to and without waiving the foregoing objections, the Plaintiff States respond:

- Plaintiff States that responded to Interrogatory No. 28 also identify those individuals as being potentially responsive to this Interrogatory No. 3.

- Staff attorneys for the respective Attorneys General of the Plaintiff States or outside counsel representing certain of the Attorneys General of the Plaintiff States were involved in preparing these responses.

- The Plaintiff State of Florida specifically responds that it consulted with the following employees of the Florida Attorney General's Office in formulating these responses: Douglas Smith and Cindy Rutledge (Information Technology); Sabrina

10

Dated: May 3, 2024

                                  Respectfully submitted,

| | |
|---|---|
| */s/ Ashley Keller* | */s/ Mark Lanier* |
| Ashley Keller | W. Mark Lanier (*lead counsel*) |
| Admitted Pro Hac Vice | Texas Bar No. 11934600 |
| ack@kellerpostman.com | Mark.Lanier@LanierLawFirm.com |
| Noah Heinz | Alex J. Brown |
| Noah.Heinz@kellerpostman.com | Alex.Brown@LanierLawFirm.com |
| 150 N. Riverside Plaza, Suite 4100 | Zeke DeRose III |
| Chicago, Illinois 60606 | Zeke.DeRose@LanierLawFirm.com |
| (312) 741-5220 | 10940 W. Sam Houston Parkway N. Suite 100 |
| Zina Bash | Houston, Texas 77064 |
| zina.bash@kellerpostman.com | Telephone: (713) 659-5200 |
| 111 Congress Avenue, Suite 500 | Facsimile: (713) 659-2204 |
| Austin, TX 78701 | **THE LANIER LAW FIRM, P.C.** |
| (501) 690-0990 | |
| **KELLER POSTMAN LLC** | |

*Attorneys for Plaintiff States of Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge as it applies to the State of South Dakota.

MARTY JACKLEY
Attorney General


*/s/ Jonathan Van Patten*
Jonathan Van Patten
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel: 605-773-3215
jonathan.vanpatten@state.sd.us

*Attorney for Plaintiff State of South Dakota*

**Ex. B Plaintiff States 7th Amended Interrogatory Responses.xlsx**

| State | Relief Sought & Authority | FAC Claims | Statutory Language/Relief Available |
|---|---|---|---|
| South Dakota | Antitrust:<br>- Injunctive relief (Parens Patriae);<br>- Civil penalties and fines (Sovereign, Parens Patriae);<br>- Attorney's fees and costs.<br><br>DTPA:<br>- Injunctive relief (Parens Patriae)<br>- Civil penalties (Sovereign, Parens Patriae);<br>- Attorney's fees and costs. | SDCL §§ 37-1-3.1, 37-1-3.2; relief all legal and equitable, all costs and fees, available under SDCL §§ 37-1-3.1 et seq, 37-1-14.2, 37-1-14.3<br><br>DTPA SDCL § 37-24-6(1), 37-24-6 | **SD Codified L § 37-1-3.1 et seq -**<br><br>**SD Codified L § 37-1-14.2:** AG may bring action for appropriate injunctive or other equitable relief and civil penalties on behalf of the state for violation of chapter. Civil penalty no more than $50,000 for each violation of chapter.<br><br>**SD Codified L 37-1-14.3:** The state may bring an action for appropriate injunctive or other equitable relief and taxable costs and reasonable attorney's fees.<br><br>**SD Codified L § 37-1-23:** AG may bring civil action as parens patriae on behalf of natural persons residing in state to secure monetary relief as provided in this section for injury sustained by natural person to their property by reason of any violation of this chapter.<br><br>**SD Codified L §37-1-32:** powers granted in 37-1-23 to 37-1-32 are in addition to and not in derogation of the common law powers of the AG to act in parens patriae.<br><br>**SD Codified L § 37-1-24:** court shall award the state as monetary relief 3x the total damage sustained as described in 37-1-23 and 37-1-25 and the cost of the suit, including reasonable attorney's fees.<br><br>**SD Codified L § 37-24-23:** if AG has reason believe any person is using, has used, or about to use a practice declared unlawful by 37-24-6, may bring action for temporary or permanent injunction for the use of the act or practice, upon notice. AG, if prevailing, may also recover reasonable attorney's fees and costs.<br><br>**SD Codified L § 37-1-26:** In an action pursuant to §§ 37-1-23 to 37-1-32, inclusive, where there has been a determination that a defendant agreed to fix prices, damages may be proved and assessed in the aggregate by statistical or sample in methods, by the pro rata allocation of illegal overcharges or of excess profits or by such other reasonable system of estimating aggregate damages as the court in its discretion may permit without the necessity of separately proving the individual claim of, or amount of damage to, persons on whose behalf the suit was brought.<br><br>**SD Codified L § 37-24-27:** for actions brought under 37-24-23, if court finds person is intentionally using or has used an act or practice declared unlawful by 37-24-6, the AG upon petition to court may recover a civil penalty of not more than $2,000 per violation.<br><br>**SD Codified L § 37-24-29:** court shall make such additional orders or judgments as may be necessary to restore to any person in interest any moneys or property which the court finds to have been acquired by means of any act or practiced declared to be unlawful by 37-24-6. |