# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § § | |
| Defendant. | § § | |

## DECLARATION OF ERIC J. MAHR

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States of America that the following facts are true and correct within my personal knowledge.

1. I have reviewed the Verified Motion for Continuance and authorized this declaration to be filed in support of it.

2. On June 25, 2025, pursuant to this Court's Scheduling Order, Plaintiffs served their proposed trial procedures on Google. Attached as Exhibit "1" is a true and correct copy of a portion of Plaintiffs' trial sequence proposal, stating their views on the expected length of the Texas trial. In pertinent part, the proposal states that:

> For the *liability* portion of the state antitrust claims and DTPA claims to be determined by a jury, and the federal antitrust claims to be determined by Judge Jordan, the Plaintiffs believe this trial will last approximately four (4) to five (5) weeks. Specifically, the Plaintiffs believe if a jury is picked on Monday August 11th, [the liability trial]]will conclude with closing statements on Friday, September 12th....For the bench trial of the DTPA civil penalties portion, the Plaintiffs believe this trial will last approximately one (1) week. If the jury finds there is liability for DTPA claims, Plaintiffs' propose continuing straight into this portion of the trial immediately following a verdict.

*See* Ex. 1 at A.1, Paragraphs 1-2.

1

3.      Under Plaintiffs' proposed schedule, the liability trial in this case could last five weeks, followed by jury deliberations during the week of September 15, followed by a "one week" penalty phase that would have to carry into the week of September 22, (or even later, depending on the length of deliberations). That would mean that trial here would still be ongoing when the remedies trial begins on September 22, 2025 in the Virginia DOJ Proceeding. At least four witnesses important to Google's defense to liability and/or penalties in the Texas trial are expected to testify in the Virginia DOJ Proceeding in September. This overlap in trial schedules Plaintiffs propose would result in these key Google witnesses being required to appear in two overlapping trials during the same week(s).

4.      Antitrust claims pertaining to Google's Ad Tech stack are not only pending here and in Virginia, they are also pending in private claims consolidated for pretrial management in the multi-district litigation *In re Google Digital Advertising Antitrust Litigation, No. 1:21-md-03010 (PKC)*. In those cases, the Hon. P. Kevin Castel of the Southern District of New York has ordered summary judgment briefing to determine whether certain findings of fact issued by the Hon. Leonie K. Brinkema in the Eastern District of Virginia should be given preclusive effect in the cases pending in the MDL. Plaintiffs' motions for summary judgment on this issue were filed on June 20, 2025 and will be fully briefed by August 1, 2025. Within 14 days of the ruling on those motions, Google has the right to seek leave to file its own summary judgment motions.

5.      While Google is a large company, there are at least four overlapping individual Google employees that Google plans to have testify both in Virginia and here over the course of these two high stakes trials in September, 2025. Google would be prejudiced if (as seems likely under Plaintiffs' trial proposal here) witnesses crucial to its defense in both Texas and Virginia are unavailable in one court or the other because they are testifying in the other, overlapping trial.

2

6.      For all these reasons, it is my belief that Google will suffer serious prejudice if the trial of this case is not continued. I have discussed this with our clients at Google, who have authorized me to seek this trial continuance on their behalf.

SIGNED this 30th day of June, 2025.

_____

3

# EXHIBIT "1"

## EXCERPT FROM PLAINTIFFS' PROPOSED TRIAL MANAGEMENT PROCEDURES

6/25/25

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., <br><br> Plaintiffs, <br><br> - against - <br><br> GOOGLE LLC, <br><br> Defendant. | CIVIL NO. 4:20-CV-957-SDJ |

### PLAINTIFFS' PROPOSED TRIAL MANAGEMENT PROCEDURES

The parties respectfully submit this joint statement regarding Joint Pretrial Orders and other pretrial protocols, including trial procedures for managing the disclosure and exchange demonstratives, witnesses, and exhibits. The below proposal is meant to build upon, and compliment, the Plaintiffs' proposed stipulation on trial evidence circulated to Google on June 3, 2025.

A. **Probable Length of Trial(s)**

   1. *Estimated Time for Trial Time for State Antitrust, DTPA Claims, and Federal Antitrust Claims*

For the liability portion of the state antitrust claims and DTPA claims to be determined by a jury, and the federal antitrust claims to be determined by Judge Jordan, the Plaintiffs believe this trial will last approximately four (4) to five (5) weeks. Specifically, the Plaintiffs believe if a jury is picked on Monday, August 11th, then the parties can be ready to open on Tuesday, August 12th and, at the latest, conclude with closing statements on Friday, September 12th. Plaintiffs would like to note that these dates could be impacted by both the start of local public schools on Monday, August 11th as well as the Labor Day holiday on Monday, September 1st.

1

*6/25/25*

For the bench trial of the DTPA civil penalties portion, the Plaintiffs believe this trial will last approximately one (1) week. If the jury finds there is liability for DTPA claims, Plaintiffs propose continuing straight into this portion of the trial immediately following a verdict.