**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al., | |
| Plaintiffs, | |
| v. | Case No. 4:20-cv-00957-SDJ |
| Google LLC, | Hon. Sean D. Jordan |
| Defendant. | |

**PLAINTIFF STATES' RESPONSE IN OPPOSITION TO GOOGLE'S MOTION FOR
CONTINUANCE AND CONFERENCE REQUEST**

## INTRODUCTION

Google's motion for a continuance lacks any semblance of good cause.  The Court set the current trial date of August 11 back in February, Dkt. No. 796, which Google obviously knew about when *it* requested a September 22 remedies trial date from Judge Brinkema.  *See* Joint Proposal re the Adjudication of Equitable Remedies at 3, *United States v. Google LLC*, No. 1:23-cv-108 (E.D. Va. Apr. 24, 2025), Dkt. No. 1416 (suggesting that date); *see also id.* (E.D. Va. May 2, 2025), Dkt. No. 1428 (order adopting the proposal).  Nothing has changed that would warrant pushing the *liability* trial in this action two months behind not just the remedies *trial*, but the ultimate *judgment* in the Virginia case, which will not occur until 2026 or later.  Google's arguments in support of this bald request are nonsense.

First, it argues that Plaintiff States have proposed—with draft proposals in meet-and-confers—that the liability trial would conclude around "September 12th" with the penalty phase "immediately following."  Dkt. No. 862 at 2–3.  This *proposed* plan in a meet-and-confer (which Google opposes) is the *only* basis for believing that the trials would have a "collision."  *Id.* at 2.  Needless to say, this is at most a reason to delay the as-yet-unscheduled penalty phase, not a reason to grant a continuance of the long-scheduled liability trial.

Second, Google argues that the federal government has "absolute priority" and quotes, believe it or not, *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), hoping the Court will abstain.  Dkt. No. 862 at 5.  But no abstention doctrine applies, and Google's arguments are as wrong as they are tardy.

Third, Google argues that the "sweeping relief" sought in the Virginia "could render moot the divestiture and behavioral injunctive remedies the States seek here."  *Id.* at 6.  This argument fails on its own terms, since injunctions are party-specific, *cf. Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631, at *4 (U.S. June 27, 2025), and subject to appeal.  But even if it were right, the

potential mootness of one of many possible remedies would be no reason whatsoever to delay the *liability* trial, much less the determination of civil penalties and other forms of relief.

Google also requests a Rule 16(c) conference. The Court had already scheduled a conference for July 7 before Google filed its motion. Dkt. No. 860. Plaintiff States defer to the Court's preference on the number and timing of pre-trial conferences.

Parties are not entitled to have the schedule of their choice, nor to have motions resolved when they wish, nor to litigate in one venue at a time, nor to dictate when the Court addresses "unresolved issues" that interest them. The Court should "secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, rather than cater to Google's ever-growing list of demands. This is especially true since Google is the author of its own complaint, by scheduling the Eastern District of Virginia trial when it *knew* this trial would occur on August 11, and by vociferously opposing the assistance of the Special Master, who could help the Court with "unresolved issues."

## ARGUMENT

### I.  The Trial Date Should Remain August 11.

Google fails to show good cause for a continuance. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "When the Court has already granted a prior continuance, it weighs against granting a second." *Pass v. Gov't Emps. Ins.*, No. 3:13-cv-00016, 2014 WL 5510969, at *1 (N.D. Miss. Oct. 31, 2014) (citing *Gandy v. Alabama*, 569 F.2d 1318, 1322 (5th Cir. 1978)). Another factor that weighs against granting relief is if a party knows about a "scheduling conflict months in advance" but delays filing a motion. *Id.*

### A.  Plaintiff States' Meet and Confer Proposal Does Not Constitute Good Cause.

This case was previously set for trial in March, 2025. *See* Dkt. No. 194. In January, the Court asked the parties to meet and confer on a continuance of "say 60 to 90 days" meaning "June

or July." Hr'g Tr. 22–23, Jan. 29, 2025. Scheduling difficulties resulted in a proposal from the parties "to set aside August 11 to September 12 for trial time." *See* Ex. A (E-mail from Zeke DeRose (Feb. 4, 2025)). The Court accepted this proposal the next day. *See* Dkt. No. 796. The parties have been meeting those deadlines. On June 18, 2025, the Court held that "the quantum of civil penalties [must] be decided by courts, not juries." Dkt. No. 854 at 139. Because a separate penalties phase did not previously exist, there was no scheduling order stating when it would occur.

On June 25, Plaintiff States sent Google a draft of proposed trial management procedures for a meet and confer. The States proposed that a penalties phase proceed after a liability verdict. Google opposed this plan for various reasons, including because the Court may not have time. Plaintiffs *immediately*—on the phone with Google—proposed modifying the language to provide that the penalties phase happen at a time convenient to the Court. From the States' perspective, the important point of disagreement was whether to combine the penalties phase with the trial on injunctive relief—which would occur many months later after discovery—or whether to do it sooner (at a convenient time while injunctive relief discovery was proceeding). This disagreement had not even progressed to the point of an impasse, much less created a "collision" with the Virginia action. Even if the penalty phase did proceed immediately, the Court and parties could accommodate scheduling Google's witnesses so nothing collides.

What should be crystal clear is that this dispute about what occurs *after* the jury returns a liability verdict has nothing to do with when the liability trial should begin. Moving the trial by six months or more as Google proposes would not resolve the disagreement, since there would still be the question of when to hold the penalties phase (either shortly thereafter, or months later with the injunctive relief trial). Google manufactured a "collision" out of an unrelated disagreement.

After that, Google tries throwing spaghetti at the wall, raising issue after issue that has no clear relevance to its requested relief.  Google argues that the penalties phase (which previously would have been part of the jury trial) must be longer than one week.  *See* Dkt. No. 862 at 3. Whether right or wrong, that would not warrant delaying the liability trial.

Last, Google argues that the *Court* should decide how many violations Google commits, rather than the jury, because the number of violations "is not an element" of any claim.  *Id.* at 3 n.1.  Of course, the *number of distinct violations* is never an "element" of a claim.  That gets things backwards.  The "number of violations" is simply a shorthand way of saying that the jury must find whether discrete transactions meet the legal elements of liability.  They apply that reasoning multiple times, coming to decision after decision *on liability* for the facts presented to them.  Rather than *being* an element of a claim, the number of times the elements have been met *itself is* the number of violations.  This, then, sets the maximum penalty that the Court can award under state law, and the Court employs discretionary factors to determine where to land within that range. Juries do this every day—finding, for example, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum," including, trivially, whether a defendant committed *one* murder, or multiple.  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see also Erlinger v. United States*, 602 U.S. 821, 832 (2024) (a "unanimous jury [must] find every fact essential to an offender's punishment").  In civil cases, juries routinely find whether a defendant made *one* spam call, or many.[1]  A jury trial would decide little indeed if the jury's verdict meant no more than that

---

[1] *E.g.*, *Reliable Money Order, Inc. v. McKnight Sales Co.*, No. 10-C-242, 2013 WL 12180512, at *4 (E.D. Wis. Sept. 11, 2013) ("If the jury finds for the plaintiff, the court will simply multiply the number of TCPA violations found by the jury by $500 . . . ."); *Walton v. First Merchants Bank*, No. 1:17-cv-01888, 2021 WL 2160513, at *8 n.10 (S.D. Ind. May 27, 2021) ("[I]f she chooses to forgo her pursuit of actual damages, there is no need to submit the question of damages to the jury given that the court 'will simply multiply the number of TCPA violations found by the jury by $500 to

at least *one* violation occurred, leaving not only the appropriate award to the Court, but even the maximum range within which to assess the penalty.

Regardless, Google's argument is a sideshow. Even if, counterfactually, the Court decides the number of violations after the jury determines that at least one occurred, that still is no reason to delay empaneling a jury. In short, the Plaintiff States' tentative proposal does not set up a collision, and comes nowhere near "good cause" to move the trial.

## B. The Eastern District of Virginia Action Has No Priority Over This One.

Google's real argument comes next—the DOJ case has "absolute priority" and this Court should simply take a back seat and wait. Dkt. No. 862 at 4. In truth, it is hard to tell what Google is arguing. None dispute that the DOJ does not (and cannot) bring DTPA or state antitrust claims. The federal sovereign cannot have priority, "absolute" or otherwise, over claims it is not pursuing. On federal antitrust alone, Google forebodes "a concrete risk of inconsistent adjudication." *Id.* at 5. But what does this have to do with a continuance? Such concerns, if accepted, will apply just as much in 2026. The real goal (which a citation to *Colorado River* abstention gives away), appears to be outright dismissal of the suit, but such a request would be frivolous given the well-established case law allowing litigation over similar subject matter. Even assuming it bore on the question of a continuance, Google's argument fails on the procedural history, the facts, and the law.

Procedurally, *this* case, by *these* Plaintiff States, was the first investigation and enforcement action filed against Google's ad tech monopoly and deceptive practices way back in 2020. *See* Dkt. No. 1. The United States (and other State enforcers) took notice only *after* the claims survived a motion to dismiss, largely copying the allegations in this suit, and filing them in the Eastern

---

arrive at the amount of statutory damages.' [*Reliable Money Order, Inc.*, 2013 WL 12180512, at *4.] The court may, in its discretion, award treble damages if it finds that FMB acted willfully or knowingly in violating the TCPA.").

District of Virginia's "Rocket Docket."  To be sure, their litigation and trial has been a profound and successful effort, but it is largely Google's delay tactics, not the DOJ's "absolute priority," that led that case to leapfrog this one.  Google has struggled mightily to evade and delay.  It sought transfer *twice*, with a defeat under 28 U.S.C. § 1404, *see* Dkt. No. 121, and a Pyrrhic victory under 28 U.S.C. § 1407, *see* Dkt. No. 140.  The case was transferred back because Congress passed a statute that the President signed empowering these state enforcers to proceed here.  There is not a shred of authority to support the contention that *any* of the political branches of the federal sovereign believe the DOJ's suit has priority of any kind.  They are cheering this case on.

On the facts, this case addresses many issues that the Virginia action does not, including one different proposed antitrust market, multiple additional forms of anticompetitive conduct, and, of course, state law antitrust claims and deceptive trade practices act claims providing for different relief (including civil penalties) to different parties.  Even if the DOJ had "priority" in adjudicating federal antitrust claims, the jury Google is asking to evade indefinitely *will not* adjudicate them. *See* Dkt. No. 854 at 2.  Even putting the remit of the jury to one side, Google is one of the world's largest companies, and certainly can litigate two trials within a few weeks of each other.  To illustrate the point, consider that Kathy Patrick, lead trial counsel for Google here, has not even entered an appearance in the Eastern District of Virginia, nor has anyone else from her firm.  And Karen Dunn (lead trial counsel for Google there) has not entered an appearance here, nor has anyone else from her current or prior firm.  There is no genuine benefit to delaying this trial until after that one.  The witnesses could appear in both with ordinary effort.

On the law, Google cites a jumble of cases, but none of them remotely warrant relief. Forgetting this Court's order denying its Rule 12(b)(1) motion, Google cites snippets from multiple cases stating that public enforcers have a greater interest than *private parties*—but the States are

not private parties, as Congress has recently confirmed in exempting them from multidistrict litigation.  *Compare* Dkt. No. 862 at 4 *with* Dkt. No. 788.[2]

### C.  Google's "Mootness" Arguments Are Frivolous.

Last, and least, Google argues that the trial should be delayed because certain remedies might become moot.  Dkt. No. 862 at 5–7.  The argument appears to be that, in a future injunctive relief phase, Plaintiff States *might* ask for the same relief that Judge Brinkema *might* grant.  And *if* the States ask for what Judge Brinkema orders, this Court somehow would be powerless to grant the same relief.  The upshot, according to Google, is that the Court should simply not bother assessing *liability* on any claims here, including ones that require remedies the United States has never requested.  The premises, logic, and conclusion are all erroneous.

First, nothing is—or ever will become—moot here no matter what occurs in the Virginia action because Plaintiff States seek at least some different remedies.  "A case becomes moot only when it is impossible for a court to grant any effectual relief to the prevailing party."  *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (cleaned up).  Here, the Court could grant civil penalties, attorneys' fees, and injunctive relief for DTPA claims, and *different* injunctive relief for antitrust claims (some of which address different markets and different conduct than that at issue in the Eastern District of Virginia).

Second, there is no obstacle to both this Court and Judge Brinkema ordering Google to engage in or refrain from the same conduct.  "A claim for injunctive relief becomes moot when

---

[2] Even that response gives Google's case citations too much credit.  Their legal authorities are facially unrelated to the facts and legal issues here.  Google cites *E.E.O.C. v. East Baton Rouge Parish School Board*, 594 F.2d 56 (5th Cir. 1979), which held that the DOJ could proceed in a Voting Rights Act case, reversing a finding of res judicata.  It also cites *Colorado River*, which famously held that a federal court could dismiss a case where a parallel state litigation was underway and doing so furthered federal policy goals.  424 U.S. at 817.  This is not a VRA case, it does not involve res judicata, and there is no parallel state claim.

the petitioner receives the relief he requested." *Taylor v. Collier*, No. 22-20398, 2023 WL 8184869, at *1 (5th Cir. Nov. 27, 2023) (per curiam). The "relief requested" by Plaintiff States here is not an injunction in favor of different parties. Rather, Plaintiff States seek an injunction in *their* favor, *see CASA, Inc.*, 2025 WL 1773631, at *13 (emphasizing that injunctions are party-specific), enforceable by *them* in contempt proceedings, *id.* at *10 n.11 ("civil contempt proceedings occur between the original parties to the lawsuit"); defended by *them* on appeal, *see* Dkt. No. 862 at 7 ("Google intends to appeal the Virginia decision"). If Google fully complied with Judge Brinkema's injunction (for example, by completing a divestiture), that might render a request for divestiture from this Court moot, but full compliance is years away.

Third, even if Google were right about the remedies and their effect on mootness, it still would not follow that any remedies (much less claims) here are moot because the entire argument depends on speculation. Judge Brinkema may or may not order divestiture. It may happen soon or far in the future. There is no obstacle to holding a jury trial in August.

**D. Multiple Factors Weigh Against a Continuance.**

Google argues it would be prejudiced without a continuance, but entirely neglects to consider everyone else involved. Attorneys, experts, staff, and public servants have purchased airline tickets and hotels relying on this trial going forward. They have restructured personal travel plans and rebalanced their professional workloads to be available. The Court has kept space open on its calendar and no doubt done much work behind the scenes to prepare. It is no small thing to delay a complex trial like this one, and rescheduling it will require everyone to clear their calendars *again* for some unknown time in 2026. Delay would also harm the public interest. This trial has already been delayed, including a continuance earlier this year. *See Pass*, 2014 WL 5510969, at *1 ("When the Court has already granted a prior continuance, it weighs against granting a second.").

By comparison, Google's prejudice is conjured and mostly self-inflicted. It claims that some number of trial witnesses are needed, but does not explain why it would be prejudicial for them to appear at both proceedings close in time as opposed to separated by months (or longer). A brisk travel schedule for one week is no more prejudicial than disruption in September and then once again 60 days after who-knows-when. And even if there were some trifling prejudice to Google's witnesses, it is outweighed by the costs for everyone else. Besides, there is currently no court order requiring the penalty phase to happen during the Virginia remedies hearing. Google has known that the liability trial would start on August 11 for months and cannot invoke a conflict now. *See Pass*, 2014 WL 5510969, at *1 (denying a continuance because the party knew about a "scheduling conflict months in advance"). This point is even clearer with respect to Google's vague arguments about the "priority" of the DOJ's case and concerns about inconsistent rulings. If it were really true that these concerns require this case to wait for the Virginia case to reach judgment (and, perhaps, appeal?), Google had an obligation to raise that point much earlier than a month before trial.

## II. The Court May Hold Conferences as It Wishes.

The Court has already scheduled a status conference and may schedule more. Plaintiff States do not object to such conferences, and will be available at the Court's convenience if it wishes to hold argument on any pending or future motions. That said, Google's perpetual whining about its entitlement to rulings on any issue it wishes is unwarranted, and certainly not a valid ground for a continuance. Courts routinely reserve ruling on dispositive and evidentiary motions until during or even after trial. Federal courts have busy dockets and make their own decisions about how to resolve disputes efficiently and justly. Parties are not entitled to rulings in advance of trial, however much they may prefer to have them.

## CONCLUSION

The Court set trial for August 11, which is a realistic date.  That is when the trial should happen.  Because Google failed to put forward good cause to change the trial date, its motion should be denied.

DATED: July 3, 2025

Respectfully submitted,

/s/ W. Mark Lanier

W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.Derose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
(713) 659-5200

**THE LANIER LAW FIRM, PLLC**

/s/ Ashley Keller

Ashley Keller
ack@kellerpostman.com
Kiran N. Bhat
kiran.bhat@kellerpostman.com
2333 Ponce De Leon Boulevard
Suite R-240
Coral Gables, Florida 33134
(833) 633-0118

Zina Bash (Bar No. 24067505)
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

/s/ Noah S. Heinz

Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut Ave., N.W., Suite 1100
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS

KEN PAXTON
Attorney General

*/s/ Brent Webster*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

FOR PLAINTIFF STATE OF ALASKA:

TREG TAYLOR
ATTORNEY GENERAL


By: /s/ Jeff Pickett
Jeff Pickett
Senior Assistant Attorney General, Special Litigation Section
jeff.pickett@alaska.gov

*Attorney for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF ARKANSAS:

TIM GRIFFIN
ATTORNEY GENERAL


By: _____
AMANDA J. WENTZ
Ark. Bar No. 2021066
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR  72201
(501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Attorney for Plaintiff State of Arkansas*

FOR PLAINTIFF STATE OF FLORIDA:

JAMES UTHMEIER, Attorney General

/s/ Lee Istrail
LEE ISTRAIL, Assistant Attorney General
FL Bar No. 119216

LIZABETH A. BRADY, Director, Antitrust Division
R. SCOTT PALMER, Special Counsel and Chief of Complex Enforcement
ANDREW BUTLER, Assistant Attorney General
CHRISTOPHER KNIGHT, Assistant Attorney General


Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Phone: 850-414-3300
Email: scott.palmer@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

FOR PLAINTIFF STATE OF IDAHO:

RAÚL R. LABRADOR
Attorney General

*/s/ John K. Olson*
John K. Olson, Deputy Attorney General

Consumer Protection Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:   (208)   334-2424
john.olson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF INDIANA:

THEODORE E. ROKITA
Attorney General

*/s/ Jesse J. Moore*
Jesse J. Moore
Deputy Attorney General – Consumer Litigation
302 W. Washington St.
IGCS - 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 234-1479
Fax: (317) 232-7979
Email: jesse.moore@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

FOR PLAINTIFF COMMONWEALTH OF KENTUCKY:

RUSSELL COLEMAN
Attorney General

*/s/ Philip R. Heleringer*
Christian J. Lewis, Commissioner of the Office of Consumer Protection
christian.lewis@ky.gov
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
philip.heleringer@ky.gov
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
jonathan.farmer@ky.gov
Office of the Attorney General
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Tel: 502-696-5300

*Attorneys for Plaintiff Commonwealth of Kentucky*

FOR PLAINTIFF STATE OF LOUISIANA:

By: */s/ Patrick Voelker*
Liz Murrill, Attorney General
Michael Dupree, Assistant Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
(225) 326-6400
voelkerp@ag.louisiana.gov

*s/ James R. Dugan, II*
James R. Dugan, II (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
PH:   (504) 648-0180
FX:   (504) 649-0181
EM:   jdugan@dugan-lawfirm.com

James Williams
CHEHARDY SHERMAN WILLIAM, LLP
Galleria Boulevard, Suite 1100
Metairie, LA 70001
PH:   (504) 833-5600
FX:   (504) 833-8080
EM:    jmw@chehardy.com

*Attorneys for Plaintiff State of Louisiana*

FOR PLAINTIFF STATE OF MISSISSIPPI:

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:    */s/ Garrett S. Mascagni*
       Garrett S. Mascagni
       Special Assistant Attorney General
       Consumer Protection Division
       Mississippi Attorney General's Office
       Post Office Box 220
       Jackson, Mississippi 39205
       Telephone: 601-359-4223
       Fax: 601-359-4231
       Garrett.Mascagni@ago.ms.gov

       *Attorney for Plaintiff State of Mississippi*

FOR PLAINTIFF STATE OF MISSOURI:

ANDREW BAILEY
Attorney General

*/s/ Michael Schwalbert*
Michael.Schwalbert@ago.mo.gov
Missouri Attorney General's
Office
815 Olive St.
Suite 200
St. Louis, MO 63101
Tel: 314-340-7888

*Attorneys for Plaintiff State of Missouri*

FOR PLAINTIFF STATE OF MONTANA:

AUSTIN KNUDSEN
Montana Attorney General


*/s/ Anna Schneider*
Anna Schneider
Montana Attorney General's Office
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Fax: (406) 442-1894 Anna.Schneider@mt.gov


*/s/ Charles J. Cooper*
Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
Brian W. Barnes
bbarnes@cooperkirk.com
Harold S. Reeves
hreeves@cooperkirk.com
COOPER & KIRK PLLC
1523 New Hampshire Avenue, NW
Washington DC 20036
Phone: (202) 220-9620
Fax: (202) 220-9601

*Attorneys for Plaintiff State of Montana*

FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General
ERNEST D. FIGUEROA
Consumer Advocate


*/s/ Michelle C. Badorine*
Michelle C. Badorine, Senior Deputy
Attorney General
MNewman@ag.nv.gov
Lucas J. Tucker (NV Bar No. 10252)
Senior Deputy Attorney General
LTucker@ag.nv.gov
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100

*Attorneys for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NORTH DAKOTA:

**STATE OF NORTH DAKOTA**
Drew H. Wrigley
Attorney General


By:     _/s/ Elin S. Alm_
        Elin S. Alm, ND ID 05924
        Assistant Attorneys General
        Consumer Protection & Antitrust Division
        Office of Attorney General of North Dakota
        1720 Burlington Drive, Suite C, Bismarck, ND 58503-7736
        (701) 328-5570
        (701) 328-5568 (fax)
        ealm@nd.gov

        *Attorneys for Plaintiff State of North Dakota*

FOR PLAINTIFF COMMONWEALTH OF PUERTO RICO:

*/s/ Domingo Emanuelli-Hernández*
Domingo Emanuelli-
Hernández Attorney General
Thaizza Rodríguez Pagán
Assistant Attorney
General PR Bar No.
17177
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201, 1204
trodriguez@justicia.pr.gov

Kyle G. Bates
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111

*Attorneys for Plaintiff Commonwealth of Puerto Rico*

FOR PLAINTIFF STATE OF SOUTH CAROLINA:

ALAN WILSON
Attorney General


/s/ *Mary Frances Jowers*
Mary Frances Jowers
Assistant Deputy Attorney General
W. Jeffrey Young
Chief Deputy Attorney General
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-5855
Email: mjowers@scag.gov

Charlie Condon
Charlie Condon Law Firm, LLC
880 Johnnie Dodds Blvd, Suite 1
Mount Pleasant, SC 29464
Phone: 843-884-8146
Email: charlie@charliecondon.com

James R. Dugan, II (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
Phone: (504) 648-0180
Email: jdugan@dugan-lawfirm.com


*Attorneys for Plaintiff State of South Carolina*

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

MARTY JACKLEY
Attorney General


*/s/ Jonathan Van Patten*
Jonathan Van Patten
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel: 605-773-3215
jonathan.vanpatten@state.sd.us

*Attorney for Plaintiff State of South Dakota*

FOR PLAINTIFF STATE OF UTAH:

Derek Brown
Attorney General of Utah


*/s/ Matthew Michaloski*
Matthew Michaloski
Assistant Attorney General
Marie W.L. Martin
Deputy Division Director
Utah Office of the Attorney General
160 East 300 South, 5th Floor
P.O. Box 140811
Salt Lake City, UT 84114
mmichaloski@agutah.gov
Telephone: (801) 440-9825

*Attorneys for Plaintiff State of Utah and*
*as counsel for the Utah Division of Consumer Protection*

## CERTIFICATE OF SERVICE

I certify that on July 3, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Ashley Keller*