**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| The State of Texas, et al., | |
| Plaintiffs, | |
| | Case No. 4:20-cv-00957-SDJ |
| v. | |
| | Hon. Sean D. Jordan |
| Google LLC, | |
| Defendant. | |

**PLAINTIFF STATES' *MOTIONS IN LIMINE***

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ iii

## MOTIONS IN LIMINE

1.    Amount or Magnitude of Civil Penalties Sought by Plaintiffs ............................................ 1

2.    Obligation and/or Failure of Plaintiffs To Possess Expert or Technical Knowledge ........ 2

3.    The Parties' Attorneys' Fee Arrangements or Litigation Expenses ................................... 2

4.    The Parties' Selection of Their Attorneys .......................................................................... 3

5.    Counsel's Other Current or Former Clients ....................................................................... 3

6.    The Parties' Use of Jury Consultants or Mock Juries or Related Trial Resources ............ 4

7.    Accommodations or Use of Private Aircraft ...................................................................... 4

8.    Unchallenged Character or Traits of Any Party's Current or Former Employees ............ 4

9.    Unrelated Philanthropy or Good Deeds or Acts Carried Out by the Parties ..................... 5

10.   Use of Any Deposition Video or Associated Technology that Alters the Original ........... 6

11.   Unrelated Legal or Employment Matters of a Party's Expert or the Expert's Family ........................................................................................................................................ 7

12.   The Parties' Motions *in Limine* or Other Such Motions To Exclude Evidence ................ 7

13.   Settlement Demands, Offers, or Negotiations Between Any Plaintiffs and Google ......... 8

14.   Refusal of a Party to Enter into a Stipulation Prior to or During Trial .............................. 8

15.   Religious or Political Views, Race, or Sexual Orientation or Identity of Any Witnesses ........................................................................................................................................ 9

16.   Matters for Which the Producing Party Has Withheld Some or All Related Discovery ........................................................................................................................................ 9

17.   Suggestion or Indication of Potential Adverse Effects from a Judgment for Plaintiffs ...................................................................................................................................... 10

18.   Pretrial Proceedings or Issues Including but Not Limited to Discovery Requests .......... 10

19.   Equitable Defenses or Counterclaims .............................................................................. 11

20.    Size of the Parties' Counsel's Law Firms or the Number of Attorneys .......................... 11

21.    Suggestion that the Eastern District of Texas is an Improper or Inconvenient Venue ................................................................................................................................ 12

22.    Questions or Statements Made to Invoke a Privileged or Protected Answer ................. 12

23.    Expert Witness Testimony Outside the Parameters of That Expert's Report................. 12

24.    Presence or Absence of Any Party's Representative, Employee, or Other Witness ....... 13

25.    Suggestion That the Opposing Party Failed to Call Any Witness .................................. 13

26.    Names of Plaintiffs' Attorneys General and Employees Outside of This Case ............. 14

27.    Reference to Implied Political Motivations or Views of Plaintiff States......................... 14

28.    States Other Than Plaintiffs Not Joining This Action or Asserting DTPA Claims......... 15

29.    Potential Effects of an Adverse Judgment on Google's Business in the Plaintiff States ................................................................................................................................ 15

30.    Plaintiffs' Claims Being "Unprecedented," "Radical," "Outrageous," or the Like......... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
No. 3:19md2885, 2021 WL 918214 (N.D. Fla. Mar. 10, 2021) .....................................3, 5, 10

*In re Actos (Pioglitazone) Prods. Liab. Litig.*,
6:11-md-2299, 2013 WL 5603823 (W.D. La. Oct. 10, 2013) ............................................5, 10

*Allstate Ins. v. Nassiri*,
No. 2:08-CV-369 JCM (GWF), 2013 WL 2394116 (D. Nev. May 30, 2013) ...................4, 11

*Ansell v. Green Acres Contracting Co.*,
347 F.3d 515 (3rd Cir. 2003) ............................................................................................6

*Barry v. Medtronic, Inc.*,
No. 1:14-CV-104, 2016 WL 11677569 (E.D. Tex. Oct. 28, 2016) ..................................11, 15

*Bartlett v. Mut. Pharm. Co.*,
No. 08-cv-358-JL, 2010 WL 3156555 (D.N.H. July 26, 2010)................................................6

*Brown v. Carr*,
C.A. No. C-04-471, 2008 WL 167313 (S.D. Tex. Jan. 16, 2008) ...........................................13

*CloudofChange, LLC v. NCR Corp.*,
No. 6:19-CV-00513-ADA, 2021 WL 11714765 (W.D. Tex. Nov. 8, 2021)...............2, 4, 8, 12

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
No. 2:13-CV-01112-JRG, 2015 WL 12915561 (E.D. Tex. Aug. 3, 2015).................2, 8, 9, 10

*Dear v. Crown Castle S., LLC*,
2016 WL 11668654 (S.D. Miss. June 16, 2016) ...................................................................13

*In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*,
No. 3:11-MD-2244-K, 2017 WL 9807464 (N.D. Tex. Sept. 19, 2017) ......................2, 3, 4, 7

*Dinsay v. RN Staff Inc.*,
No. 1:19-cv-00907-TWP-DML, 2021 WL 2643639 (S.D. Ind. June 28, 2021) ...................11

*Droplets, Inc. v. Overstock.com, Inc.*,
No. 2:11-CV-401-JRG-RSP, 2014 WL 11515642 (E.D. Tex. Dec. 10, 2014).............8, 10, 12

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*,
MDL No. 07-1873, 2009 WL 2914384 (E.D. La. Sept. 3, 2009)...............................4, 8, 9, 13

*Grant v. CRST Expedited, Inc.*,
No. 1:18-CV-433, 2021 WL 2101741 (E.D. Tex. Apr. 7, 2021)...........................................15

*Grizzle v. Gen. Growth Props., Inc.*,
CIV-10-388-C, 2011 WL 7268176 (W.D. Okla. Oct. 12, 2011).............................................7

*Hale v. State Farm Mut. Auto. Ins.*,
No. 12-0660-DRH, 2018 WL 4052413 (S.D. Ill. Aug. 21, 2018) ....................................12, 15

*Hampden Auto Body Co. v. Owners Ins.*,
No. 17-cv-1894-WJM-SKC, 2020 WL 6511956 (D. Colo. Nov. 5, 2020) .............................1

*Intell. Ventures II LLC v. FedEx Corp.*,
No. 2:16-CV-00890-JRG, 2018 WL 10638138 (E.D. Tex. Apr. 26, 2018) ...........................11

*Jones v. S. Pac. R.R.*,
962 F.2d 447 (5th Cir. 1992) ...............................................................................................7

*Kirksey v. Schindler Elevator Corp.*,
No. 15-0115-WS-N, 2016 WL 7116223 (S.D. Ala. Dec. 6, 2016)......................................8, 9

*Koch v. Koch Indus., Inc.*,
2 F. Supp. 2d 1385 (D. Kan. Mar. 20, 1998) ......................................................................14

*Koppel v. 4987 Corp.*,
191 F.R.D. 360 (S.D.N.Y. 2000) .........................................................................................2

*Metaswitch Networks, Ltd. v. Genband US LLC*,
No. 2:14-cv-744-JRG-RSP, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016) ...........................11

*Monsanto Co. v. Bayer Bioscience N.V.*,
No. 4:00CV01915 ERW, 2005 WL 5989796 (E.D. Mo. Oct. 28, 2005)................................9

*Pa. State Univ. v. Vintage Brand, LLC*,
755 F. Supp. 3d 563 (M.D. Pa. 2024) ..................................................................................1

*Realtime Data, LLC v. Actian Corp.*,
No. 6:15-CV-463 RWS-JDL, 2017 WL 11662045 (E.D. Tex. May 4, 2017).......................11

*Robbins v. Moore Med. Corp.*,
No. 91 CIV. 3701(MEL), 1992 WL 396423 (S.D.N.Y. Dec. 21, 1992) ................................2

*Ross v. Am. Red Cross*,
No. 2:09-cv-00905-GLF, 2012 WL 2004810 (S.D. Ohio June 5, 2012)..................................9

*Ruth v. A.O. Smith Corp.*,
1:04-CV-18912, 2006 WL 530388 (N.D. Ohio Feb. 27, 2006)................................................4

iv

*Sadler v. Adv. Bionics, LLC*,
    No. 3:11-CV-00450-TBR, 2013 WL 1385386 (W.D. Ky. Apr. 3, 2013) ............5, 6, 9, 10, 13

*Stephenson v. State Farm Mut. Auto. Ins.*,
    No. 2:09CV51-SA-SAA, 2010 WL 2605343 (N.D. Miss. June 24, 2010) ..............................8

*Toy v. Am. Fam. Mut. Ins.*,
    No. 12-cv-01683-PAB-MJW, 2014 WL 486173 (D. Colo. Feb. 6, 2014) ..............................1

*In re Tylenol (Acetaminophen) Mktg., Sales Pracs. & Prods. Liab. Litig.*,
    MDL No. 2436, 2016 WL 3125428 (E.D. Pa. June 3, 2016) ..................................3, 4, 5, 6, 10

*United States v. Hayes*,
    219 Fed. App'x 114 (3d Cir. 2007) (unpublished) ...................................................................6

*United States v. Higgins*,
    526 F. Supp. 3d 311 (S.D. Ohio 2021) ..................................................................................14

*In re Vioxx Prods. Liab. Litig.*,
    MDL No. 1657, 2005 WL 3164251 (E.D. La. Nov. 18, 2005) ................................3, 6, 10, 15

*Virtru Corp. v. Microsoft Corp.*,
    No. 6:22-CV-00242-ADA, 2023 WL 11898407 (W.D. Tex. Apr. 26, 2023) ............3, 4, 8–14

*Wells v. BNSF Ry. Co.*,
    No. CV-21-97-GF-BMM, 2023 WL 8434778 (D. Mont. Aug. 18, 2023)......................4, 7, 10

*In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*,
    No. MDL 2592, 2017 WL 11718344 (E.D. La. Apr. 18, 2017) ...........................3, 5, 6, 10, 13

*In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & PMF Prods. Liab. Litig.*,
    No. 3:09-md-10012-DRH, 2011 WL 6740391 (S.D. Ill. Dec. 22, 2011)...............2, 3, 4, 6, 10

**Other Authorities**

Fed. R. Civ. P.
    26(a)(2) ...................................................................................................................................13
    37(c)(1) .....................................................................................................................................9

Fed. R. Evid.
    401...........................................................................................................................................2–15
    402...........................................................................................................................................2–15
    403...........................................................................................................................................1–15
    404(a) ......................................................................................................................................14
    404(a)(1) ....................................................................................................................................5
    404(a)-(b) ..................................................................................................................................6
    404(b) ........................................................................................................................................6
    404(b) ......................................................................................................................................14

408(a) .................................................................................................................................8
501 .....................................................................................................................................12
502 .....................................................................................................................................12
608(a) .................................................................................................................................5
610 .......................................................................................................................................9
611(a) ...............................................................................................................................6, 7
611(b) ...............................................................................................................................4, 7

Before the *voir dire* examination of the jury panel, Plaintiff States make this motion *in limine*. Plaintiffs seek to exclude matters that are inadmissible, irrelevant, or unduly prejudicial to the material issues in this case. If Google injects these matters in this case through a party, an attorney, or a witness, it will cause irreparable harm to Plaintiffs' case that no jury instruction would cure. In an effort to avoid prejudice and a possible mistrial, and to avoid unnecessary trial interruptions, Plaintiffs ask the Court to prohibit Google, and its counsel and witnesses, from offering evidence or argument regarding any of the following matters without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the matter:

**1.      Amount or Magnitude of Civil Penalties Sought by Plaintiffs**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding the amount or magnitude of civil penalties sought by Plaintiffs or how Plaintiffs may use or not use any penalties awarded. This *motion in limine* does not include evidence, testimony, argument, or references regarding any other facts and expert opinions that may relate to civil penalties. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. Fed. R. Evid. ("FRE") 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, Dkt. No. 854 at 137–40 (striking the States' jury demands for the "quantum of civil penalties owed, if any, for Google's alleged state-antitrust and DTPA claims"); *Pa. State Univ. v. Vintage Brand, LLC*, 755 F. Supp. 3d 563, 577–78 (M.D. Pa. 2024); *Hampden Auto Body Co. v. Owners Ins.*, No. 17-cv-1894-WJM-SKC, 2020 WL 6511956, at *6–7 (D. Colo. Nov. 5, 2020); *Toy v. Am. Fam. Mut. Ins.*, No. 12-cv-01683-PAB-MJW, 2014 WL 486173, at *1 (D. Colo. Feb. 6, 2014).

2.    **Obligation and/or Failure of Plaintiffs To Possess Expert or Technical Knowledge**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding any obligation and/or failure of Plaintiff States' Attorneys General, or any employee thereof or any employee of a Plaintiff State, to possess expert, technical, or other specialized knowledge of the Plaintiffs' claims, including regarding the alleged harm or injuries. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *Koppel v. 4987 Corp.*, 191 F.R.D. 360, 367 (S.D.N.Y. 2000); *Robbins v. Moore Med. Corp*., No. 91 CIV. 3701(MEL), 1992 WL 396423, at *2 (S.D.N.Y. Dec. 21, 1992).

3.    **The Parties' Attorneys' Fee Arrangements or Litigation Expenses**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding the parties' attorneys' fee arrangements (including amounts or structure of any compensation) or how litigation expenses are paid, or how much those expenses are, in connection with this or any similar litigation. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 12915561, at *2 (E.D. Tex. Aug. 3, 2015); *CloudofChange, LLC v. NCR Corp.*, No. 6:19-CV-00513-ADA, 2021 WL 11714765, at *2 (W.D. Tex. Nov. 8, 2021); *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, No. 3:11-MD-2244-K, 2017 WL 9807464, at *3 (N.D. Tex. Sept. 19, 2017); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & PMF Prods. Liab. Litig.*, No. 3:09-md-10012-DRH, 2011 WL 6740391, at *16 (S.D. Ill. Dec. 22, 2011).

4.    **The Parties' Selection of Their Attorneys**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding how, when, or under what circumstances the parties selected or hired their attorneys, or to any referral arrangements or other counsel the parties may have retained or consulted beyond their current counsel. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *In re DePuy*, 2017 WL 9807464, at *3; *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, No. MDL 2592, 2017 WL 11718344, at *1, *7 (E.D. La. Apr. 18, 2017); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19md2885, 2021 WL 918214, at *9–10 (N.D. Fla. Mar. 10, 2021); *In re Tylenol (Acetaminophen) Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 2436, 2016 WL 3125428, at *5–6, *17 (E.D. Pa. June 3, 2016); *In re Yasmin & Yaz*, 2011 WL 6740391, at *16.

5.    **Counsel's Other Current or Former Clients**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence regarding any counsel's other current or former (a) clients (by name or by type) or how they obtained them or may obtain future clients, (b) legal and other work, (c) specialization or practice experience, or (d) financial status or resources. This includes counsel's law firms and staff members. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *Virtru Corp. v. Microsoft Corp.*, No. 6:22-CV-00242-ADA, 2023 WL 11898407, at *1 (W.D. Tex. Apr. 26, 2023); *In re DePuy*, 2017 WL 9807464, at *2–3; *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2005 WL 3164251, at *1 (E.D. La. Nov. 18, 2005); *In re Tylenol*, 2016 WL 3125428, at *6.

6.      **The Parties' Use of Jury Consultants or Mock Juries or Related Trial Resources**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence regarding the parties' or counsels' use of jury consultants or mock juries or related trial resources. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *Virtru Corp.*, 2023 WL 11898407, at *1; *CloudofChange*, 2021 WL 11714765, at *3; *In re DePuy*, 2017 WL 9807464, at *3; *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2009 WL 2914384, at *1 (E.D. La. Sept. 3, 2009); *Allstate Ins. v. Nassiri*, No. 2:08-CV-369 JCM (GWF), 2013 WL 2394116 (D. Nev. May 30, 2013).

7.      **Accommodations or Use of Private Aircraft**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence regarding the accommodations or the use of private aircraft for transportation by any witnesses, parties, or counsel. Such evidence is irrelevant, unfairly prejudicial, and exceeds the scope of permissible cross-examination, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); FRE 611(b) (exceeds scope of permissible cross-examination); *see also, e.g.*, *In re DePuy*, 2017 WL 9807464, at *3; *Wells v. BNSF Ry. Co.*, No. CV-21-97-GF-BMM, 2023 WL 8434778, at *7 (D. Mont. Aug. 18, 2023); *In re Tylenol*, 2016 WL 3125428, at *6; *Ruth v. A.O. Smith Corp.*, 1:04-CV-18912, 2006 WL 530388, at *6 (N.D. Ohio Feb. 27, 2006); *In re Yasmin & Yaz*, 2011 WL 6740391, at *16.

8.      **Unchallenged Character or Traits of Any Party's Current or Former Employees**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument that preemptively bolsters the unchallenged character (e.g.,

honest) or traits (e.g., generous) of any party's current or former employees, managers, consultants, witnesses, experts, agents, or fiduciaries (e.g., "Do you know Mr. X?" "Yes, he is a good person of impeccable integrity."). Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. It is also inadmissible character evidence. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); FRE 404(a)(1) (inadmissible character evidence); FRE 608(a) ("evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked"); *see also, e.g.*, *In re Xarelto*, 2017 WL 11718344, at *2; *In re Actos (Pioglitazone) Prods. Liab. Litig.*, 6:11-md-2299, 2013 WL 5603823, at *1 (W.D. La. Oct. 10, 2013); *In re 3M Combat Arms Earplug*, 2021 WL 918214, at *6; *Tylenol*, 2016 WL 3125428, at *8; *Sadler v. Adv. Bionics, LLC*, No. 3:11-CV-00450-TBR, 2013 WL 1385386, at *2 (W.D. Ky. Apr. 3, 2013).

**9.      Unrelated Philanthropy or Good Deeds or Acts Carried Out by the Parties**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding philanthropy or good deeds or acts carried out by the parties or their employees unrelated to ad tech products or services (*e.g.*, references to community service, social responsibility activities, charity work, or charitable donations or giving made by Google or any of its employees, statements that Google is a "good corporate citizen," etc.), including the potential effects of an adverse judgment on such activities and including any Google "privacy" initiative, program, policy, or product feature unless it relates directly to the design, function, or marketing of the ad tech products and services at issue in this action and is relevant to a claim or defense. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. It is also inadmissible character and propensity evidence. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to

mislead jury, waste of time); FRE 404(a)-(b) (inadmissible character and propensity evidence).[1]

*See also, e.g.*, *In re Xarelto*, 2017 WL 11718344, at *1, *3; *In re Vioxx*, 2005 WL 3164251, at *1; *In re Tylenol*, 2016 WL 3125428, at *8, *11; *Sadler*, 2013 WL 1385386, at *2; *In re Yasmin & Yaz*, 2011 WL 6740391, at *16; *Bartlett v. Mut. Pharm. Co.*, No. 08-cv-358-JL, 2010 WL 3156555, at *4 (D.N.H. July 26, 2010).

**10.    Use of Any Deposition Video or Associated Technology that Alters the Original**

Google, and its counsel and witnesses, should not be permitted to use any deposition video or associated technology that alters the appearance of what was displayed at the deposition, including but not limited to, the use of "highlighting," enlarging, or otherwise emphasizing documents or portions of documents, unless the emphasis was done during the deposition and is part of the deposition video record. This *motion in limine* does not preclude showing a document discussed by a deponent, without alteration. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. It also constitutes unfair and misleading tactics in presenting evidence and testimony, FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); FRE 611(a) (unfair/misleading tactics in presenting evidence and testimony).

Numerous depositions in this case have been videotaped with the expectation that the witness will appear via videotaped deposition rather than being brought live to testify. Plaintiffs' counsel has enlarged, highlighted, and emphasized documents with witnesses during the deposition, who then have the opportunity to react to and testify according to counsel's emphasis.

---

[1] While Rule 404(b) is most commonly utilized to exclude "bad acts," it also applies to "good acts," in what is commonly referred to as a "reverse 404(b)." *United States v. Hayes*, 219 Fed. App'x 114, 116 (3d Cir. 2007) (unpublished); *see also Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 520 (3rd Cir. 2003).

Defense counsel has been afforded the fair opportunity to examine witnesses in response. If Google elected not to highlight or emphasize documents and evidence during the deposition, it should not permitted to effectively modify the deposition at trial from how it was contemporaneously taken. Otherwise, witness testimony and documents will be unfairly emphasized without prior notice to the witness or counsel, depriving Plaintiffs of the ability to fairly re-cross or re-direct the witness. The Court has the broad discretion to limit counsel from using misleading and unfair tactics in presenting evidence and testimony. FRE 611(a); *see also, e.g.*, *In re DePuy*, 2017 WL 9807464, at *4; *Wells*, 2023 WL 8434778, at *8.

## 11.    Unrelated Legal or Employment Matters of a Party's Expert or the Expert's Family

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding unrelated legal or employment matters of a party's expert or the expert's family, such as divorce proceedings, employment or other disputes, and any other matters not related to their general background, expertise, and qualifications. Such evidence is irrelevant, unfairly prejudicial, and exceeds the scope of permissible cross-examination, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); FRE 611(b) (exceeds scope of permissible cross-examination); *see also, e.g.*, *Jones v. S. Pac. R.R.,* 962 F.2d 447, 450 (5th Cir. 1992) ("There is no right to impeach a witness with respect to collateral or irrelevant matters . . . ."); *In re DePuy*, 2017 WL 9807464, at *4; *Grizzle v. Gen. Growth Props., Inc.*, CIV-10-388-C, 2011 WL 7268176, at *3 (W.D. Okla. Oct. 12, 2011).

## 12.    The Parties' Motions *in Limine* or Other Such Motions To Exclude Evidence

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding the filing of the parties' motions *in limine*, the contents thereof, or other such motions to exclude evidence and their contents and any agreements or

proceedings in connection with this motion or reference to any such matter. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *ContentGuard*, 2015 WL 12915561, at *2; *Virtru Corp.*, 2023 WL 11898407, at *1; *CloudofChange*, 2021 WL 11714765, at *2–3; *In re FEMA Trailer*, 2009 WL 2914384, at *1; *Kirksey v. Schindler Elevator Corp.*, No. 15-0115-WS-N, 2016 WL 7116223, at *18 (S.D. Ala. Dec. 6, 2016).

**13.    Settlement Demands, Offers, or Negotiations Between Any Plaintiffs and Google**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding any settlement demands, offers, or negotiations between any Plaintiffs and Google. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. It is also inadmissible settlement evidence. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); FRE 408(a) (inadmissible settlement evidence); *see also, e.g.*, *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2014 WL 11515642, at *2 (E.D. Tex. Dec. 10, 2014); *Stephenson v. State Farm Mut. Auto. Ins.*, No. 2:09CV51-SA-SAA, 2010 WL 2605343, at *1–2 (N.D. Miss. June 24, 2010).

**14.    Refusal of a Party to Enter into a Stipulation Prior to or During Trial**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding the refusal of a party to enter into a stipulation prior to or during trial or any request in the presence of the jury for a new stipulation or revision to an existing stipulation. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly

prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *In re FEMA Trailer*, 2009 WL 2914384, at *1; *Kirksey*, 2016 WL 7116223, at *18–19.

15. **Religious or Political Views, Race, or Sexual Orientation or Identity of Any Witnesses**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding the religious or political views, race, or sexual orientation or identity of any witnesses in an attempt to attack or support the witness's credibility. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. It is also inadmissible evidence of a witness's religious beliefs. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); FRE 610 (inadmissible evidence of witness's religious beliefs); *see also, e.g.*, *ContentGuard*, 2015 WL 12915561, at *2; *Virtru Corp.*, 2023 WL 11898407, at *1.

16. **Matters for Which the Producing Party Has Withheld Some or All Related Discovery**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence regarding matters for which the producing party has withheld some or all related discovery, with no limitation on the non-producing party. Such evidence is unfairly prejudicial and is inadmissible unless the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1) (prohibits party that fails to provide information, or supplement previously disclosed information, in accordance with its discovery obligations from using that information at trial unless the failure was substantially justified or is harmless); FRE 403 (unfairly prejudicial); *see also, e.g.*, *In re FEMA Trailer*, 2009 WL 2914384, at *1; *Sadler*, 2013 WL 1385386, at *1; *Ross v. Am. Red Cross*, No. 2:09-cv-00905-GLF, 2012 WL 2004810, at *7–8, *11 (S.D. Ohio June 5, 2012); *Monsanto Co. v. Bayer Bioscience N.V.*, No. 4:00CV01915 ERW, 2005 WL 5989796, at *8, *14, *19 (E.D. Mo. Oct. 28, 2005).

17.    **Suggestion or Indication of Potential Adverse Effects from a Judgment for Plaintiffs**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence regarding any suggestion or indication that a judgment for Plaintiffs and against Google in this case could have any potential adverse effects, including, but not limited to, any potential adverse effects with respect to: consumers, advertisers, publishers, or the ad tech industry generally; ad tech providers' incentive or ability to develop new ad tech products or services; the availability, quality, or cost (e.g., raise prices) of ad tech products or services; the ability to access the internet; the economy; or Google's finances, stock values, employees, or ability to compete in the marketplace. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *ContentGuard*, 2015 WL 12915561, at *2; *Droplets*, 2014 WL 11515642, at *1–2; *Virtru Corp.*, 2023 WL 11898407, at *1; *In re Xarelto*, 2017 WL 11718344, at *3; *In re Actos*, 2013 WL 5603823, at *1; *In re Vioxx*, 2005 WL 3164251, at *1; *Wells*, 2023 WL 8434778, at *8; *In re 3M Combat Arms Earplug*, 2021 WL 918214, at *6–7; *In re Tylenol*, 2016 WL 3125428, at *5–6, *8; *Sadler*, 2013 WL 1385386, at *3; *In re Yasmin & Yaz*, 2011 WL 6740391, at *16.

18.    **Pretrial Proceedings or Issues Including but Not Limited to Discovery Requests**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding pretrial proceedings or issues including but not limited to discovery disputes (with the exception of Google's spoliation of Google Chats), dispositive motion practice, or dropped claims or defenses. This *motion in limine* does not include evidence, testimony, or argument regarding the absence of evidence produced by a party, even if related to pre-trial discovery. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly

10

prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *Virtru Corp.*, 2023 WL 11898407, at *1; *Dinsay v. RN Staff Inc.*, No. 1:19-cv-00907-TWP-DML, 2021 WL 2643639, at *4 (S.D. Ind. June 28, 2021); *Barry v. Medtronic, Inc.*, No. 1:14-CV-104, 2016 WL 11677569, at *1 (E.D. Tex. Oct. 28, 2016); *Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00890-JRG, 2018 WL 10638138, at *5 (E.D. Tex. Apr. 26, 2018).

**19.    Equitable Defenses or Counterclaims**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument before the jury that relates only to equitable defenses or counterclaims (i.e., evidence that does not also serve another evidentiary purpose relevant to jury issues). Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *Virtru Corp.*, 2023 WL 11898407, at *1; *Realtime Data, LLC v. Actian Corp.*, No. 6:15-CV-463 RWS-JDL, 2017 WL 11662045, at *2 (E.D. Tex. May 4, 2017); *Metaswitch Networks, Ltd. v. Genband US LLC*, No. 2:14-cv-744-JRG-RSP, 2016 WL 3618831, at *2 (E.D. Tex. Mar. 1, 2016).

**20.    Size of the Parties' Counsel's Law Firms or the Number of Attorneys**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding the size of the parties' counsel's law firms or the number of attorneys representing the parties. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *Virtru Corp.*, 2023 WL 11898407, at *1; *Nassiri*, 2013 WL 2394116, at *3.

**21.      Suggestion that the Eastern District of Texas is an Improper or Inconvenient Venue**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument suggesting that the Eastern District of Texas is an improper or inconvenient venue in which to try this case. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *CloudofChange*, 2021 WL 11714765, at *1; *Virtru Corp.*, 2023 WL 11898407, at *1; *Droplets*, 2014 WL 11515642, at *1.

**22.      Questions or Statements Made to Invoke a Privileged or Protected Answer**

Google, and its counsel and witnesses, should not be permitted to ask questions or make any statements to invoke a privileged or protected answer, including any materials that are privileged or that have been presented outside of the jury to establish/prevent a finding of privilege. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. It is also privileged. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); FRE 501, 502 (recognizing privilege and waiver limitations); *see also, e.g.*, *Virtru Corp.*, 2023 WL 11898407 at *1; *Hale v. State Farm Mut. Auto. Ins.*, No. 12-0660-DRH, 2018 WL 4052413, at *15–16 (S.D. Ill. Aug. 21, 2018).

**23.      Expert Witness Testimony Outside the Parameters of That Expert's Report**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence regarding expert witness testimony that is outside the established parameters of that expert's expert report, and counsel shall not raise such an objection for strategic or other non-meritorious purposes. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. It is also inadmissible expert testimony. FRE

401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); Fed. R. Civ. P. 26(a)(2) (expert disclosure requirements); *see also, e.g.*, *Virtru Corp.*, 2023 WL 11898407, at *1; *Sadler*, 2013 WL 1385386, at *1.

**24.    Presence or Absence of Any Party's Representative, Employee, or Other Witness**

Neither party shall be permitted to reference or offer any evidence regarding the presence or absence of any party's corporate representative, employee, or other witness, including the absence of any state agencies of any of the Plaintiff States. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401– 402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *In re Xarelto*, 2017 WL 11718344, at *8; *Dear v. Crown Castle S., LLC*, 2016 WL 11668654, at *1 (S.D. Miss. June 16, 2016).

**25.    Suggestion That the Opposing Party Failed to Call Any Witness**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument suggesting that the opposing party failed to call any witness, including state or state agency witnesses and witnesses from third parties such as advertisers, ad agencies, publishers, or ad tech companies, either individually or by category. The parties shall also be precluded from making any mention or statement of probable testimony of a witness who is absent, unavailable, or will not be called or allowed to testify live or by deposition in this case. In short, neither party shall "try the empty chair." Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401– 402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *In re FEMA Trailer*, 2009 WL 2914384, at *1; *Brown v. Carr*, C.A. No. C-04-471, 2008 WL 167313 at *2–3 (S.D. Tex. Jan. 16, 2008).

**26.    Names of Plaintiffs' Attorneys General and Employees Outside of This Case**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding any of the Plaintiff States' Attorneys General, or any employee thereof, by name or by reference to any activity, political or personal characteristics, or other legal proceeding outside of this case in which the Attorney General or employee is or has been engaged, including use of digital advertising in their personal capacities, unless (a) such names or matters are disclosed in deposition testimony or exhibits introduced into evidence at trial; or (b) Plaintiffs raise those subjects at trial. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. It is also inadmissible character and propensity evidence. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); FRE 404(a)–(b) (inadmissible character and propensity evidence); *see also, e.g.*, *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. Mar. 20, 1998); *Virtru Corp.*, 2023 WL 11898407, at *1; *United States v. Higgins*, 526 F. Supp. 3d 311, 318 (S.D. Ohio 2021).

**27.    Reference to Implied Political Motivations or Views of Plaintiff States**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding any of the Plaintiff States as "red" or "blue," "conservative" or "liberal," "right-wing" or "left-wing," or in any other manner that may be reasonably construed as an attempt to portray this action as politically-motivated or reflective of a particular political view, ambition, or agenda. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *Koch*, 2 F. Supp. 2d at 1388; *Virtru Corp.*, 2023 WL 11898407, at *1.

**28.     States Other Than Plaintiffs Not Joining This Action or Asserting DTPA Claims**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding states other than Plaintiffs not joining this action or asserting deceptive or unfair trade practice claims against Google elsewhere. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *Barry*, 2016 WL 11677569, at *1.

**29.     Potential Effects of an Adverse Judgment on Google's Business in the Plaintiff States**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding the potential effects of an adverse judgment on Google's investments, facilities, offices, customers, and/or employees in the Plaintiff States. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *Hale*, 2018 WL 4052413, at *5–6.

**30.     Plaintiffs' Claims Being "Unprecedented," "Radical," "Outrageous," or the Like**

Google, and its counsel and witnesses, should not be permitted to reference or offer any evidence, testimony, or argument regarding Plaintiffs' claims and requests for relief against Google being "unprecedented," "radical," "outrageous," or otherwise beyond the scope of legally-recognized claims and remedies. Such evidence is irrelevant and unfairly prejudicial, and is likely to confuse the issues, mislead the jury, and be a waste of time. FRE 401–402 (irrelevant); FRE 403 (unfairly prejudicial, confuses the issues, likely to mislead jury, waste of time); *see also, e.g.*, *In re Vioxx*, 2005 WL 3164251, at *1; *Grant v. CRST Expedited, Inc.*, No. 1:18-CV-433, 2021 WL 2101741, at *3 (E.D. Tex. Apr. 7, 2021).

DATED: July 8, 2025

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.Derose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
(713) 659-5200

**THE LANIER LAW FIRM, PLLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

Respectfully submitted,

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
Kiran N. Bhat
kiran.bhat@kellerpostman.com
2333 Ponce De Leon Boulevard
Suite R-240
Coral Gables, Florida 33134
(833) 633-0118

Zina Bash (Bar No. 24067505)
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

/s/ Noah S. Heinz
Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut Ave., N.W., Suite 1100
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

16

FOR PLAINTIFF STATE OF TEXAS

KEN PAXTON
Attorney General

*/s/ Brent Webster*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

FOR PLAINTIFF STATE OF ALASKA:

TREG TAYLOR
ATTORNEY GENERAL


By: /s/ Jeff Pickett
Jeff Pickett
Senior Assistant Attorney General, Special Litigation Section
jeff.pickett@alaska.gov

*Attorney for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF ARKANSAS:

TIM GRIFFIN
ATTORNEY GENERAL


By: _____
AMANDA J. WENTZ
Ark. Bar No. 2021066
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR  72201
(501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Attorney for Plaintiff State of Arkansas*

FOR PLAINTIFF STATE OF FLORIDA:

JAMES UTHMEIER, Attorney General

/s/ Lee Istrail
LEE ISTRAIL, Assistant Attorney General
FL Bar No. 119216

LIZABETH A. BRADY, Director, Antitrust Division
R. SCOTT PALMER, Special Counsel and Chief of Complex Enforcement
ANDREW BUTLER, Assistant Attorney General
CHRISTOPHER KNIGHT, Assistant Attorney General


Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Phone: 850-414-3300
Email: scott.palmer@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

FOR PLAINTIFF STATE OF IDAHO:

RAÚL R. LABRADOR
Attorney General

*/s/ John K. Olson*
John K. Olson, Deputy Attorney General

Consumer Protection Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:   (208)   334-2424
john.olson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF INDIANA:

THEODORE E. ROKITA
Attorney General

*/s/ Jesse J. Moore*
Jesse J. Moore
Deputy Attorney General – Consumer Litigation
302 W. Washington St.
IGCS - 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 234-1479
Fax: (317) 232-7979
Email: jesse.moore@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

FOR PLAINTIFF COMMONWEALTH OF KENTUCKY:

RUSSELL COLEMAN
Attorney General

*/s/ Philip R. Heleringer*
Christian J. Lewis, Commissioner of the Office of Consumer Protection
christian.lewis@ky.gov
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
philip.heleringer@ky.gov
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
jonathan.farmer@ky.gov
Office of the Attorney General
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Tel: 502-696-5300

*Attorneys for Plaintiff Commonwealth of Kentucky*

FOR PLAINTIFF STATE OF LOUISIANA:

By: */s/ Patrick Voelker*
Liz Murrill, Attorney General
Michael Dupree, Assistant Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
(225) 326-6400
voelkerp@ag.louisiana.gov

*s/ James R. Dugan, II*
James R. Dugan, II (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
PH:   (504) 648-0180
FX:   (504) 649-0181
EM:   jdugan@dugan-lawfirm.com

James Williams
CHEHARDY SHERMAN WILLIAM, LLP
Galleria Boulevard, Suite 1100
Metairie, LA 70001
PH:    (504) 833-5600
FX:    (504) 833-8080
EM:    jmw@chehardy.com

*Attorneys for Plaintiff State of Louisiana*

FOR PLAINTIFF STATE OF MISSISSIPPI:

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:     */s/ Garrett S. Mascagni*
         Garrett S. Mascagni
         Special Assistant Attorney General
         Consumer Protection Division
         Mississippi Attorney General's Office
         Post Office Box 220
         Jackson, Mississippi 39205
         Telephone: 601-359-4223
         Fax: 601-359-4231
         Garrett.Mascagni@ago.ms.gov

         *Attorney for Plaintiff State of Mississippi*

FOR PLAINTIFF STATE OF MISSOURI:

ANDREW BAILEY
Attorney General

*/s/ Michael Schwalbert*
Michael.Schwalbert@ago.mo.gov
Missouri Attorney General's
Office
815 Olive St.
Suite 200
St. Louis, MO 63101
Tel: 314-340-7888

*Attorneys for Plaintiff State of Missouri*

FOR PLAINTIFF STATE OF MONTANA:

AUSTIN KNUDSEN
Montana Attorney General


*/s/ Anna Schneider*
Anna Schneider
Montana Attorney General's Office
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Fax: (406) 442-1894 Anna.Schneider@mt.gov


*/s/ Charles J. Cooper*
Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
Brian W. Barnes
bbarnes@cooperkirk.com
Harold S. Reeves
hreeves@cooperkirk.com
COOPER & KIRK PLLC
1523 New Hampshire Avenue, NW
Washington DC 20036
Phone: (202) 220-9620
Fax: (202) 220-9601

*Attorneys for Plaintiff State of Montana*

27

FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General
ERNEST D. FIGUEROA
Consumer Advocate


*/s/ Michelle C. Badorine*
Michelle C. Badorine, Senior Deputy
Attorney General
MNewman@ag.nv.gov
Lucas J. Tucker (NV Bar No. 10252)
Senior Deputy Attorney General
LTucker@ag.nv.gov
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100

*Attorneys for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NORTH DAKOTA:

**STATE OF NORTH DAKOTA**
Drew H. Wrigley
Attorney General


By:    */s/ Elin S. Alm*
        Elin S. Alm, ND ID 05924
        Assistant Attorneys General
        Consumer Protection & Antitrust Division
        Office of Attorney General of North Dakota
        1720 Burlington Drive, Suite C, Bismarck, ND 58503-7736
        (701) 328-5570
        (701) 328-5568 (fax)
        ealm@nd.gov

        *Attorneys for Plaintiff State of North Dakota*

FOR PLAINTIFF COMMONWEALTH OF PUERTO RICO:

*/s/ Domingo Emanuelli-Hernández*
Domingo Emanuelli-
Hernández Attorney General
Thaizza Rodríguez Pagán
Assistant Attorney
General PR Bar No.
17177
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201, 1204
trodriguez@justicia.pr.gov

Kyle G. Bates
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111

*Attorneys for Plaintiff Commonwealth of Puerto Rico*

FOR PLAINTIFF STATE OF SOUTH CAROLINA:

ALAN WILSON
Attorney General


/s/ *Mary Frances Jowers*
Mary Frances Jowers
Assistant Deputy Attorney General
W. Jeffrey Young
Chief Deputy Attorney General
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-5855
Email: mjowers@scag.gov

Charlie Condon
Charlie Condon Law Firm, LLC
880 Johnnie Dodds Blvd, Suite 1
Mount Pleasant, SC 29464
Phone: 843-884-8146
Email: charlie@charliecondon.com

James R. Dugan, II (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
Phone: (504) 648-0180
Email: jdugan@dugan-lawfirm.com


*Attorneys for Plaintiff State of South Carolina*

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

MARTY JACKLEY
Attorney General


*/s/ Jonathan Van Patten*
Jonathan Van Patten
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel: 605-773-3215
jonathan.vanpatten@state.sd.us

*Attorney for Plaintiff State of South Dakota*

FOR PLAINTIFF STATE OF UTAH:

Derek Brown
Attorney General of Utah


*/s/ Matthew Michaloski*
Matthew Michaloski
Assistant Attorney General
Marie W.L. Martin
Deputy Division Director
Utah Office of the Attorney General
160 East 300 South, 5th Floor
P.O. Box 140811
Salt Lake City, UT 84114
mmichaloski@agutah.gov
Telephone: (801) 440-9825

*Attorneys for Plaintiff State of Utah and*
*as counsel for the Utah Division of Consumer Protection*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on July 8, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Ashley Keller*
Ashley Keller

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that, pursuant to the Parties' agreement and subject to the Court's scheduling order (which requires counsel to confer after the filing of responses to *motions in limine*), counsel has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Plaintiff States exchanged their *Motions in Limine* with counsel for Google on June 30, 2025 and will further confer with Google.

*/s/ Ashley Keller*
Ashley Keller