# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., § | |
| § | |
| Plaintiffs, § | |
| v. § | Civil Action No. 4:20-cv-00957-SDJ |
| § | |
| GOOGLE LLC, § | |
| § | |
| Defendant. § | |

**DEFENDANT GOOGLE LLC'S RESPONSE TO ARKANSAS AND IDAHO'S MOTION TO RECONSIDER GRANT OF MOTION TO STRIKE THE JURY TRIAL RIGHT AS TO CIVIL PENALTIES UNDER STATE ANTITRUST LAWS**

## INTRODUCTION

Arkansas and Idaho misread the Court's Memorandum Opinion and Order on Google's Motion to Strike Plaintiffs' Jury Demand (ECF 854) ("Jury Order"). Rather than resting on Google's briefing alone, as the States suggest, the Order reflects the Court's careful consideration of Arkansas and Idaho's *own* prior statements. Based on the States' own admissions, the Court rightly concluded that Arkansas and Idaho are not proceeding in their sovereign capacities, and as a result, "neither State may recover civil penalties." Jury Order at 52.

Arkansas and Idaho do not point to any "sufficient" reason to overlook their own statements. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). They instead improperly "rehash[] evidence, legal theories, [and] arguments." *Hollenshead v. Bank of Am., N.A.*, 2019 WL 5901076, at *2 (E.D. Tex. July 25, 2019). The Court should deny their motion.

## ARGUMENT

The Court concluded that Arkansas and Idaho cannot recover antitrust civil penalties based on three of the States' own prior statements. Each one supports denial of their motion.

First, Arkansas and Idaho submitted supplemental briefing on this *exact* issue. *See* ECF 844. The Court found that this brief "point[ed] to nothing" to establish they have "asserted any standing theory apart from parens patriae." Jury Order at 52 n.20 (citing ECF 844 at 7–10). The Court was right. Arkansas and Idaho's supplemental brief does not cite any specific allegations or offer any proof of sovereign injury. *See generally* ECF 844. That the States failed to demonstrate sovereign standing after requesting the opportunity to brief it[1] not only supports the Court's ruling,

---

[1] After the parties submitted extensive supplemental briefing on the jury issues, Arkansas and Idaho asked to submit briefing on their entitlement to civil penalties under their antitrust laws. ECF 836 at 2. Google did not oppose that request, and the Court granted it. *See* ECF 841.

2

it undermines the States' assertion that there is now a "sufficient" reason to reconsider or modify that ruling.

Second, Arkansas and Idaho all but admitted at a hearing before this Court that they have not alleged—much less proven—harm to any sovereign interest, and instead rely on parens patriae standing. *See* Ex. 1 (4/18/2024 MTD Hrg. Tr.) at 45:10–12 (States' counsel conceding they "don't have something squarely on point for sovereign standing" and that the "safer course" is parens patriae standing). As this Court correctly held, without sovereign injury, Arkansas and Idaho cannot recover civil penalties under their antitrust statutes. *See* Jury Order at 52 (citing Ark. Code § 4-75-315(b); Idaho Code § 48-108(2)).

Third, Arkansas and Idaho failed to allege any sovereign injury in the Fourth Amended Complaint ("FAC"). *See* ECF 835 at 80–83 (citing lack of sovereign injury in FAC). And their motion for reconsideration alleges no specific sovereign injury now. Its citation to the States' Amended Advisory (ECF 381) is of no help. As Google (accurately) stated, the advisory makes clear that Arkansas and Idaho seek *injunctive* relief under their antitrust laws in only their parens patriae capacity. ECF 835 at 80, 83 (citing ECF 381 at 3). The advisory does not allege sovereign *injury* such that Arkansas and Idaho can recover antitrust civil penalties. The same is true of the cited deposition testimony, which includes conclusory references to "sovereign capacity" but no specific facts or allegations of sovereign injury. ECF 855-1, -2.

Arkansas and Idaho assert that the FAC "draws no distinction between these two States (Arkansas and Idaho) and every other State," ECF 855 at 3, but that misses the point. The Court concluded that Arkansas and Idaho cannot recover civil penalties because *their* antitrust statutes distinguish between claims brought in sovereign and parens patriae capacities—and disallow civil penalty remedies for claims based on the latter. Jury Order at 52. Arkansas and Idaho's

reconsideration motion does not show that the Court erred in its reading of the statute or overlooked another, relevant provision of the statute authorizing them to recover penalties in a parens patriae capacity.[2]

Finally, the decision Arkansas and Idaho ask the Court to reconsider bears zero resemblance to the case they cite, *Gilmour v. Blue Cross & Blue Shield of Ala.*, 2021 WL 1196272 (E.D. Tex. Mar. 30, 2021). *See* ECF 855 at 1–2. In *Gilmour*, the Court determined the ownership of patient accounts receivable without "the benefit of Plaintiffs' briefing on the issue of patient-receivable ownership," leading to an understandable "misinterpretation." 2021 WL 1196272, at 4 n.5, 7. Here, in contrast, the Court granted Arkansas and Idaho supplemental briefing on this specific issue before issuing its ruling. Its Jury Order reflects the Court's careful consideration of the *exact* argument the States raised then and that they re-urge (on the same record) now. The Order also demonstrates thorough familiarity with the relevant state statutes and Arkansas and Idaho's standing theories, as a result of that briefing and an earlier hearing where the States' counsel argued the question of sovereign standing at length. *See* Ex. 1 at 49:4–51:10.

"Rule 54(b) motions … are not the proper vehicle for rehashing evidence, legal theories, or arguments." *Hollenshead*, 2019 WL 5901076, at *2. Arkansas and Idaho do not point to any new legal authority or any new evidence of sovereign harm to contradict their counsel's earlier, candid acknowledgement that they "don't have something squarely on point for sovereign standing." Ex. 1 at 45:10–11. They simply want the Court to come to a different conclusion on the same record. With no "evolution in the case" on the issue, and no intervening change in the facts or the law, reconsideration is not "warrant[ed]." *Halprin v. FDIC.*, 2017 WL 9808438, at *2 (W.D. Tex. Oct. 17, 2017). The Court should deny Arkansas and Idaho's motion for reconsideration.

---

[2] Arkansas and Idaho also fail to cite any law that would permit the Court to ignore their statutory schemes and instead consider the "prejudice" to Google. *See* ECF 855 at 3.

4

Dated: July 8, 2025

Respectfully submitted,

*/s/ Kathy D. Patrick*
Kathy D. Patrick
State Bar No. 15581400
KPatrick@gibbsbruns.com
GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr (*pro hac vice*)
FRESHFIELDS US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

*Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

I certify that on July 8, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

/s/ *Kathy D. Patrick*
Kathy D. Patrick
