**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:20-cv-00957-SDJ |
| v. | § | |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT GOOGLE LLC'S MOTIONS IN LIMINE</u>**

**A.    Irrelevant, Inadmissible, and Prejudicial Evidence**..........................................................**1**

   1.    Other Lawsuits, Decisions or Findings, Government Investigations, or Fines Against Google, or Voluntary Resolutions or Settlements by Google. ..................................................1

   2.    The Nonappearance of Certain Google Employees, Officers, or Directors at Trial Who Are Not Within the Court's Subpoena Power. ..................................................................3

   3.    Google's Acquisitions, Business Relationships, or Conduct Outside the Ad Tech Markets at Issue in this Case. .................................................................................................4

   4.    Google's Wealth, Size, Financial Condition, or Net Worth. ...............................................5

   5.    The Wealth, Net Worth, Property Ownership or Compensation of Current or Former Google Officers, Directors, or Employees. ..................................................................6

   6.    References to the States Seeking Compensation or "Damages" for Individual Consumers, Publishers, or Advertisers. .................................................................................6

   7.    Alleged Number of Statutory Violations by Google. ...........................................................7

   8.    The Amount of Penalties the States Seek. ..........................................................................7

   9.    References to this Court's Prior Rulings (Except to Enforce Limine Rulings).................7

**B.    Improper Expert and Lay Witness Testimony.** .........................................................**8**

   10.    Opinions or Testimony by an Expert Designated as a Rebuttal Expert During the States' Case in Chief, or Before Google Otherwise Introduces the Expert Testimony that the "Rebuttal" Expert was Designated to Rebut. ...................................................................8

   11.    Lay Testimony on Market Definition, Market Power, or Anticompetitive Conduct......9

   12.    Extrapolations from Internet User Data to Rates of Usage of Google Ad Tech...........10

   13.    Corporate Representative Testimony on Matters Outside their Personal Knowledge.  10

**C.    Chat or "Communicate with Care" Related Evidence**...................................................**11**

   14.    Google's Chat Retention Process or Practices, Including Any Suggestion that Google Failed to Preserve Chat Messages. ..........................................................................11

   15.    Google's Guidance to Employees Regarding Communicating Carefully. ...................12

**D.    Invocations of Privilege or References to Discovery Disputes.** .........................................**13**

   16.    Google's Purported Discovery Violations, Including Any Suggestions that Google Failed to Produce Documents or Provide Information in Discovery, or that Google is to Blame for the States' Lack of Evidence. ..............................................................................13

   17.    Google's Labeling of Documents as Attorney-Client Privileged................................13

**E.    Undisclosed Evidence**...................................................................................................**14**

   18.    Expert Opinions that Were Not Disclosed in This Case..............................................14

   19.    Undisclosed or Untimely Disclosed Witnesses and Evidence.....................................15

i

Defendant Google LLC asks the Court to exclude any evidence, testimony, argument, or reference regarding the following subjects in the presence of the jury.[1]

## A.   Irrelevant, Inadmissible, and Prejudicial Evidence.

### 1.   Other Lawsuits, Decisions or Findings, Government Investigations, or Fines Against Google, or Voluntary Resolutions or Settlements by Google.[2]

Courts within the Fifth Circuit routinely exclude evidence of "claims, lawsuits, and complaints" or of "persons alleging wrongdoing in other lawsuits," because it constitutes hearsay, is irrelevant and prejudicial, and is improper character evidence.[3]

*First*, judicial opinions and allegations in other lawsuits are inadmissible hearsay.[4] Although there is a hearsay exception for "factual findings resulting from an investigation made pursuant to authority granted by law," that exception, "[Rule 803(8)(A)(iii)], on its face, does not apply to judicial findings of fact," nor should it: "A judge in a civil trial is not an investigator, rather a judge. … There is not the slightest hint, from either the text of the rule or the advisory committee note, that the rule applies to judicial findings of fact."[5]

---

[1] Unless otherwise noted, all emphasis is added and internal quotation is omitted.

[2] For the purpose of impeaching a witness with deposition testimony from a different case, Google proposes that counsel refer to prior depositions proceedings by date, without other identifying details (e.g., "you were deposed in [month] [year] in a different case").

[3] *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993); *Cano v. Bexar Cnty.*, 2007 WL 9710515, at *13 (W.D. Tex. Apr. 11, 2007); *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, 2016 WL 7743510, at *2 (E.D. Tex. Sept. 21, 2016) (excluding references to other litigation with defendant); *Contentguard Hldgs, Inc. v. Amazon.com, Inc.*, 2015 WL 12915561, at *1 (E.D. Tex. Aug. 3, 2015) (excluding reference to "litigations, rulings, or accusations against Defendant in unrelated legal proceedings or unrelated disputed matters between Defendant and any third party"); *Walker v. George Koch Sons, Inc.*, 2009 WL 10676808, at *2 (S.D. Miss. May 13, 2009) (excluding "reference to the raid, fines, penalties, assessments or other" government actions); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 2009 WL 2914384, at *1 (E.D. La. Sept. 3, 2009) (excluding "Reference to Government Fines").

[4] Fed. R. Evid. 802; *see Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993); *Roberts v. Harnischfeger Corp.*, 901 F.2d 42, 44–45 (5th Cir. 1989).

[5] *Homebuilders Ass'n of Miss., Inc. v. City of Brandon*, 2009 WL 1788115, at *1–2 (S.D. Miss. June 19, 2009) (quoting *Nipper*, 7 F.3d at 417–18) (referring to previous rule numbering); *see United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994) (hearsay rules establish that "judicial findings of fact in a court's order in a previous case are not admissible"). Official governmental investigatory reports that might otherwise be admissible under the public records exception should still be excluded because parsing that material for "inner hearsay" would result in "undue delay"

1

**Second**, the fact that other plaintiffs or regulators have made, investigated, or resolved claims against Google is irrelevant. It has no "tendency to make a fact more or less probable than it would be without the evidence" and is not a fact "of consequence in determining" *this* action.[6] The probative value (if any) of prior fines and judicial decisions is limited to the penalty determination if Google is found liable—an issue the jury will not decide. ECF No. 854 at 137.

**Third**, any claimed probative value of this information is far outweighed by the risk of jury confusion and unfair prejudice.[7] Such evidence also presents "the real risk that it will create a trial within a trial and confuse the issues or mislead the jury that any findings of the investigation are relevant, or even necessary to address these claims."[8]

**Fourth**, such evidence invites the jury to improperly find liability here based on inadmissible evidence of "other wrongs," and "should be excluded pursuant to at least Federal Rules of Evidence 403, 404, and 408."[9] Here, the States can neither show that evidence of other litigation involving Google is "relevant to an issue other than [Google's] character" nor demonstrate that its probative value "is not substantially outweighed by its undue prejudice."[10]

---

and it is "likely [] cumulative." *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on Apr. 20, 2010*, 2012 WL 425164, at *1-2 (E.D. La. Feb. 9, 2012).

[6] Fed. R. Evid. 401; *see also Green v. Logan's Roadhouse, Inc.*, 2015 WL 200977, at *2 (S.D. Miss. Jan. 14, 2015) (excluding reference to "any previous lawsuits, regulatory complaints, judgments, verdicts, investigations, consumer demands, and/or audits" because "[s]uch matters are wholly irrelevant to Plaintiff's claim … here").

[7] Fed. R. Evid. 403; *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1465 (5th Cir. 1992) (trial court did not abuse discretion in excluding state judgment in excluding "extraneous lawsuits, especially those where there's no [preclusive] final judgment" because they "have more prejudicial effect than probative value"); *Stubblefield v. Suzuki Motor Corp.*, 2018 WL 4762739, at *6 (S.D. Miss. Sept. 30, 2018) ("to allow the introduction of other … lawsuits would be more prejudicial than probative"), *aff'd*, 826 F. App'x 309 (5th Cir. 2020).

[8] *Addison v. La. Reg'l Landfill Co.*, 2024 WL 4016041, at *3-4. (E.D. La. Jul. 19, 2024); *see also In re Seroquel Prods. Liab. Litig.*, 601 F. Supp. 2d 1313, 1318 (M.D. Fla. 2009); *In re Viagra Prods. Liab. Litig.*, 658 F. Supp. 2d 950, 965-66 (D. Minn. 2009).

[9] *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, 2009 WL 8725107, at *1–2 (E.D. Tex. Oct. 8, 2009).

[10] *Carson v. Polley*, 689 F.2d 562, 572 (5th Cir. 1982) (quotation omitted); *see also Salcido ex rel. K.L. v. Harris Cnty.*, 2018 WL 4690276, at *8 (S.D. Tex. Sept. 28, 2018) (evidence of other wrongs had "no relevance," and even "if the evidence were relevant, its relevance would be slight, when compared with the prejudicial impact of such evidence in the mind of a jury")

***Fifth***, information about Google's settlements, in particular, is also inadmissible under Fed. R. Evid. 408 to prove liability.[11]

## 2. The Nonappearance of Certain Google Employees, Officers, or Directors at Trial Who Are Not Within the Court's Subpoena Power.

The Court should prohibit the States from referring to the absence of any Google employees (*e.g.*, arguing that Google is hiding witnesses because their testimony would harm Google's case) as irrelevant, misleading, and unfairly prejudicial.

First, courts in this district routinely grant motions in limine to exclude references to the "nonappearance of certain [] employees at trial" where plaintiffs had full opportunity to depose those employees.[12] The States here had a full and fair opportunity to depose witnesses identified on Google's disclosures, including any non-Texas residents. And the States took full advantage, deposing dozens of non-resident Google employees and officers. The States can thus offer that testimony at trial by deposition, making any references to their nonappearance irrelevant, confusing, and unfairly prejudicial. Fed. R. Evid. 401–403.

Second, Federal Rule of Civil Procedure 45 does not permit a witness to be subpoenaed to testify at trial unless the trial is "within 100 miles of where the person resides, is employed, or regularly transacts business in person," including if the person is "a party's officer." Fed. R. Civ. P. 45(c)(1). Therefore, no Google employee who resides more than 100 miles from the courthouse can be compelled to appear at trial to testify, nor does Google have any obligation to compel them to do so. It would thus be irrelevant, misleading, and unfairly prejudicial to permit the States to

---

[11] *See WordPerfect Corp. v. Fin. Services Mktg. Corp.*, 85 F.3d 619 (5th Cir. 1996) (district court did not abuse discretion in excluding settlement, as "the underlying purpose of Rule 408 … is to encourage voluntary settlements as a means for obviating costly and time-consuming litigation"); *Retractable Techs., Inc. v. Becton, Dickinson & Co.*, 2013 WL 4411237, at *3 (E.D. Tex. Aug. 14, 2013) (excluding federal consent decree to resolve an antitrust claim, where the "overwhelming effect of the evidence would be to portray [the defendant] as a repeat offender").

[12] *VirnetX Inc. v. Apple Inc.*, 2020 WL 11647826, at *6 (E.D. Tex. Sept. 1, 2020); Ex. 1, *Ericsson Inc. v. TCL Comm'n Tech. Hldgs*, No. 2:15-cv-00011, ECF 377 at 6-7 (E.D. Tex. Nov. 29, 2017).

3

refer to these employees' "failure" to appear in person. Fed. R. Evid. 401–403.

Finally, such references would "permit the jury to speculate about non-evidence" and infer that Google did not bring certain employees to trial *because* their testimony was unfavorable—which is unfairly prejudicial.[13] Jurors should not be invited to infer that Google "knows its behavior" was willful and is "hiding from this lawsuit, as such "inferences have nothing to do with the underlying merits question and only risk misleading the jury."[14]

### 3. Google's Acquisitions, Business Relationships, or Conduct Outside the Ad Tech Markets at Issue in this Case.

The States' Complaint alleges markets for four "Web Display Advertising" products: "Publisher Ad Selling Tool[s]: Ad Servers," "Exchanges," "Advertiser Buying Tools" for "small advertisers," and "Advertiser Buying Tools" for "large advertisers." FAC at VI.A.1, VI.A.2, VI.A.3.i, and VI.A.3.iii, respectively. The States do not allege that any acquisitions or conduct by Google outside these markets are or were anticompetitive, or otherwise violated any antitrust law or deceptive trade practices act. *See id.* Evidence of any such acquisitions or alleged conduct is thus irrelevant to any issue the jury will have to decide and would serve only to unfairly prejudice Google. Fed. R. Ev. 401–403. An example of this prejudice is the States' expert, Dr. John Chandler, who intends to offer undifferentiated testimony that Google made 255 acquisitions over the period from 2003 to 2023, while admitting that only fourteen were "in the ad tech landscape" at issue here. ECF 668-30 (Chandler Rpt.) ¶ 200.

Offering evidence of Google's actions in other unrelated products and markets would also confuse the jury by inviting them to impermissibly decide this case based on alleged evidence of

---

[13] *VirnetX Inc.*, 2020 WL 11647826, at *6. Permitting this improper suggestion of "non-appearance" resurrects the discredited, negative inference under the "uncalled-witness" rule. *See Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1048 (5th Cir. 1990).
[14] Ex. 1 (*Ericsson*, No. 2:15-cv-00011-RSP, Dkt. No. 377) at 6–7.

unlawful monopolistic intent in other alleged markets not at issue in this case.[15]

### 4. Google's Wealth, Size, Financial Condition, or Net Worth.

Google's size, wealth, financial condition, and net worth are not relevant to any element of the States' liability claims, even in an antitrust case where market power is an issue. In fact, in a case against Google where market power was relevant, a court granted a motion in limine that "Google's size and wealth, on their own, are not relevant to the issues to be tried."[16] And courts routinely grant motions to exclude evidence of a defendant's "size and wealth" as unreasonably prejudicial in antitrust cases because while "market share can be relevant to determining a reasonable royalty," plaintiffs "can present evidence of Defendant's market share, albeit without presenting evidence regarding" Defendant's wealth.[17]

In this case, in particular, the States have telegraphed their intention to improperly use Google's wealth, size, and prominence to prejudice the jury during the liability case. At the November 2024 status conference, for example, counsel argued that Google's willingness and ability to spend money on acquisitions was relevant to its "size and financial condition." ECF 658 (11/6/2024 Hrg. Tr. 27:2–5). But Google's "size and financial condition" are not elements of liability for any of the States' claims, and importantly, the amount of penalties will not be decided by the jury (ECF 854 at 137)—leaving no proper use for this prejudicial evidence.

Such references would irretrievably prejudice Google by inviting the jury to hold it liable on the basis that it is a large, wealthy company. As the Supreme Court has explained, "[e]mphasis on the wealth of the wrongdoer increased the risk that the award may [be] influenced by prejudice

---

[15] *Arminak & Assocs., Inc. v. Saint-Gobain Calmar, Inc.*, 789 F. Supp. 2d 1201, 1211 (C.D. Cal. 2011) ("It would be repugnant to the antitrust laws to let Arminak present evidence of these five lawful categories of conduct to the jury," including "making a strategic acquisition of a former competitor's assets."); *cf. State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421 (2003) ("A State cannot punish a defendant for conduct that may have been lawful where it occurred.").

[16] *Skyhook Wireless, Inc. v. Google, Inc.*, 2015 WL 10015295, at *5 (D. Mass. Feb. 27, 2015).

[17] *E.g.*, *Retractable Techs.*, 2009 WL 8725107, at *3 (emphasis omitted).

against large corporations, a risk that is of special concern when the defendant is a nonresident."[18] Relatedly, this Court has recognized that, given the highly prejudicial nature of such evidence, the issue of punishment should be bifurcated to ensure it does not swamp and prejudice a defendant's right to a fair trial on liability.[19]

5. **The Wealth, Net Worth, Property Ownership or Compensation of Current or Former Google Officers, Directors, or Employees.**

The wealth or compensation of Google's officers, directors, or employees has no "tendency" to make a fact "of consequence" more or less probable and are thus irrelevant. Fed. R. Evid. 401. As explained above, no element of the States' liability claims permits the jury to consider Google's net worth or wealth as a component of determining liability—much less that of Google's officers, directors, or employees. *See Wagoneka*, 2020 WL 6063096, at *1–2; ECF 635 (Mtn. to Bifurcate) at 3–4. References to those topics are instead confusing and misleading, and they would unfairly prejudice the jury against those witnesses and Google. Fed. R. Evid. 403. Courts in this circuit exclude evidence of employees' and officers' wealth in commercial cases as irrelevant and unfairly prejudicial.[20]

6. **References to the States Seeking Compensation or "Damages" for Individual Consumers, Publishers, or Advertisers.**

The States expressly waived all rights to seek damages or disgorgement on behalf of individuals or businesses. ECF 381 (States' Am. Adv. re: Relief Sought). It would thus be false and would mislead the jury to permit the States to argue or elicit evidence suggesting they are seeking any monetary relief or "damages" "on behalf of" or to "benefit" consumers. All such references should be forbidden as confusing and unduly prejudicial. Fed. R. Evid. 403.

---

[18] *TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 464 (1993).
[19] *Wagoneka v. KT&G USA Corp.*, 2020 WL 6063096, at *1–2 (E.D. Tex. Oct. 14, 2020) (Jordan, J.); *see also* ECF 635 (Google Mot. to Bifurcate).
[20] *E.g.*, *FDIC v. Deutsche Bank Sec., Inc.*, 2019 WL 13191367, at *2 (W.D. Tex. Sept. 30, 2019).

**7. Alleged Number of Statutory Violations by Google.**

No statute at issue hinges proof of liability on the number of violations committed; instead, proof of one violation is all that is required to establish a liability finding.  The number of DTPA antitrust violations (if any) is therefore relevant only to the *amount* of penalties, and thus— consistent with the Court's Jury Order (ECF 854)—is an issue for the Court.[21] It would be unduly prejudicial to allow the jury to hear evidence or argument about the number of alleged violations— akin to permitting the jury to hear evidence and argument about punitive damages before they have determined liability.[22] Here, the prospect of prejudice is even more serious, because the jury will never determine penalties at all.

**8. The Amount of Penalties the States Seek.**

The Court has ruled that the jury will not decide issues related to the amount of penalties, if any, to be awarded if liability is proved.[23] It would therefore be irrelevant, under Rule 401, and inherently and unfairly prejudicial, under Rule 403, to allow any argument or evidence regarding the *amount* of penalties the States seek during the liability trial.[24]

**9. References to this Court's Prior Rulings (Except to Enforce Limine Rulings).**

It is for the Court itself to instruct the jury on decisions of law, not for counsel or witnesses

---

[21] *See SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 782 (5th Cir. 2017) ("court acted within its power to make factual findings not in conflict with the jury's verdict" in determining number of violations); *United States v. Commercial Recovery Sys., Inc.*, 2017 WL 1065137, at *2 (E.D. Tex. Mar. 21, 2017) (court deciding number of violations as part of determining the "proper penalty" in FTC Act case); *SEC v. Collector's Coffee, Inc.*, 2025 WL 752221, at *7, *18 (S.D.N.Y. Mar. 10, 2025) (court deciding number of violations after jury found liability).
[22] Fed. R. Ev. 403; *cf. Wagoneka*, 2020 WL 6063096.
[23] The Court, not the jury, decides what kind of conduct constitutes a DTPA violation. *See* 11/6/2024 Conf. Tr. at 38:10–15, 41:3–6 ("[T]he Court will have to resolve as a matter of law these issues for any such remaining claims so that everybody knows what the proof needs to look like or has to look like before we get into trial."); *see also* Mot. to Exclude (ECF 668) at 37–38 (arguing that the States' expert, Jeffrey Andrien, should be excluded for this reason).
[24] *Wagoneka*, 2020 WL 6063096, at *1–2 (noting the possibility that a jury may be prejudiced by the offer of punitive damages evidence before the jury determines liability); *see also Dubea v. Simpson*, 2009 WL 10677421, at *1 (E.D. Tex. Mar. 2, 2009) (noting possible prejudice from permitting offer of punitive damages evidence at liability phase and ordering bifurcation).

to encourage the jury to "draw inferences from the Court's pretrial rulings on legal issues."[25] Those rulings are "not relevant to the issues at trial."[26] The parties should therefore be prohibited from referencing the Court's prior orders, as courts in this circuit routinely do.[27]

**B.    Improper Expert and Lay Witness Testimony.**

**10. Opinions or Testimony by an Expert Designated as a Rebuttal Expert During the States' Case in Chief, or Before Google Otherwise Introduces the Expert Testimony that the "Rebuttal" Expert was Designated to Rebut.[28]**

"'[R]ebuttal' is a term of art 'denoting evidence introduced by a [party] to meet new facts brought out in the [party] opponent's case in chief.'"[29] Indeed, rebuttal evidence is admitted only to "counter facts presented in the defendant's case in chief or to rebut evidence unavailable earlier through no fault of the plaintiff."[30] "When considering whether rebuttal evidence is admissible, '[t]he question is not whether [the plaintiff] had an opportunity or right to overcome any statements or misstatements but whether [the testimony of the defendant's expert] raised new matters.'"[31] That the rebuttal expert's testimony "relates to the same subject matter" as the adverse party's experts' testimony is not enough: "the rebuttal designation is considered pursuant to the findings of the testifying expert, not simply the same general subject matter of the case."[32]

**Case in Chief.** The States may not offer in their case in chief a "rebuttal witness whose

---

[25] *United States v. Michael*, 2007 WL 9657799, at *3 (D.N.M. Nov. 15, 2007).

[26] *Smith-Jordan v. Love*, 2022 WL 226513, at *7 (E.D. La. Jan. 26, 2022).

[27] *See, e.g.*, *First Christian Church (Disciples of Christ) of Tyler v. Church Mut. Ins. Co.*, 2024 WL 5505213, at *3 (E.D. Tex. Oct. 4, 2024); *Intell. Ventures II LLC v. FedEx Corp.*, 2018 WL 10638138, at *5 (E.D. Tex. Apr. 26, 2018); *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 2012 WL 5878730, at *10 (E.D. La. Nov. 21, 2012).

[28] This ruling should apply to the disclosed rebuttal opinions of: David DeRamus, Ignatius Grande, Nancy Mathiowetz, Cynthia Rudin, Zubair Shafiq, and Anil Somayaji.

[29] *Gibson Brands, Inc. v. Armadillo Distrib. Enters., Inc.*, 2020 WL 6581868, at *2 (E.D. Tex. Nov. 10, 2020) (quoting *Morgan v. Com. Union Assur. Cos.*, 606 F.2d 554, 556 (5th Cir. 1979)).

[30] *Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 764 (5th Cir. 1991).

[31] *GWTP Invs., L.P. v. SES Americom, Inc.*, 2007 WL 7630459, at *9 (N.D. Tex. Aug. 3, 2007) (quoting *Rodriguez v. Olin Corp.*, 780 F.2d 491, 495 (5th Cir. 1986)) (brackets in original).

[32] *Club v. Energy Future Holdings Corp.*, 2014 WL 12690016, at *5 (W.D. Tex. Feb. 20, 2014) (citation and internal quotations omitted).

purpose is to contradict an expected and anticipated portion of [Google's] case in chief."[33] Such

testimony "can never be considered a proper rebuttal witness," because rebuttal testimony "must

respond to new opinions brought out in her opponent's case in chief."[34]

**Rebuttal Case.** Similarly, the States may not offer rebuttal testimony in their rebuttal case

unless Google offered during its defense case the particular expert testimony to which the States'

rebuttal expert was designated to respond. Without Google first offering such testimony, any so-

called rebuttal testimony would be irrelevant and "unavoidably prejudicial."[35]

## 11. Lay Testimony on Market Definition, Market Power, or Anticompetitive Conduct.

Defining relevant antitrust markets, determining whether a defendant possesses "power"

in a market, and identifying anticompetitive conduct in such markets requires "scientific, technical,

or other specialized knowledge within the scope of Rule 702."[36] Such conclusions are necessarily

legal and/or economic in nature—not something any lay witness can determine "rationally based

on [their] perception." Fed. R. Evid. 701(a).  Lay testimony referring to these technical economic

issues is not relevant, much less "helpful to clearly understanding the witness's testimony or to

determining a fact in issue" under Rule 701(b).[37]

Here, the States allege highly technical markets using terms like "open web display" that

are not commonly used in the industry. Any references to a "market" (or Google's power within

---

[33] *United States v. 9.345 Acres of Land*, 2016 WL 5723665, at *10 (M.D. La. Sept. 30, 2016).
[34] *Id.*
[35] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1222 (5th Cir. 1995); *see* Fed. R. Evid. 401–403.
[36] Fed. R. Evid. 701(c); *United States v. El-Mezain*, 664 F.3d 467, 513 (5th Cir. 2011) (lay witness
may not express legal opinions regarding defendant's conduct); *see also Water Craft Mgmt., L.L.C.
v. Mercury Marine*, 361 F. Supp. 2d 518, 542 (M.D. La. 2004) ("Courts consistently require that
expert testimony adequately define the relevant geographic and product markets in antitrust
cases."); *FTC v. Facebook, Inc.*, 560 F. Supp. 3d 1, 20 (D.D.C. 2021) ("'monopoly power' is a
term of art under federal law with a precise economic meaning"); *Tevra Brands LLC v. Bayer
Healthcare LLC*, 2024 WL 3463823, at *5 (N.D. Cal. July 17, 2024) (excluding lay opinion that
defendant violated antitrust laws related to tying).
[37] *Cf. All Star Carts & Vehicles, Inc. v. BFI Canada Income Fund*, 887 F. Supp. 2d 448, 456, 458
(E.D.N.Y. 2012) (lay witness testimony that defendant was four times the size of its nearest
competitor, with 59–65% market share, was insufficient" to raise fact issue on monopolization).

any market) by a lay witness who lacks qualifications to define markets or measure market power is irrelevant, likely to confuse the jury, and would be substantially more unfairly prejudicial than probative. Fed. R. Evid. 403. It would also "needlessly present[] cumulative evidence" given the States will present expert testimony on these topics. *Id.*

### 12. Extrapolations from Internet User Data to Rates of Usage of Google Ad Tech.

Expert witnesses may extrapolate from data, but to be admissible, an opinion based on extrapolation "must be reasonable and scientifically valid."[38] "Thus, courts are free to reject a theory based on extrapolation when 'there is simply too great an analytical gap between the data and the opinion proffered.'"[39]

Plaintiffs intend to submit unjustifiable extrapolation to the jury. Their expert, Mr. Jeff Andrien, would use the *number of in-state internet users* as a proxy from which purportedly to extrapolate for the *amount of in-state usage of Google's ad tech products by publishers and advertisers*, as relevant to the issue of state-by-state nexus. Mr. Andrien offers no supporting analysis for this counterintuitive speculation. *See* ECF 699-11 (Andrien Rpt.) ¶ 94.[40]

### 13. Corporate Representative Testimony on Matters Outside their Personal Knowledge.

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Ev. 602. "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is … rationally based on the witness's perception." Fed. R. Evid. 701(a). Accordingly, each State's "corporate representative may not testify to matters outside his own personal knowledge 'to the extent that

---

[38] *Johnson v. Arkema, Inc.*, 685 F.3d 452, 460 (5th Cir. 2012).
[39] *Id.* at 460-61 (quoting *Gen. Elec. v. Joiner*, 522 U.S. 136, 146 (1997)).
[40] At minimum, before eliciting such testimony, the States should be required to lay a properly disclosed foundation for the reliability of internet-usage as a proxy for Google-ad-tech usage.

information [is] hearsay not falling within one of the authorized exceptions.'"[41]

Courts in this circuit apply *Union Pump* to exclude testimony from corporate representatives about matters outside their personal knowledge,[42] and this Court should, too.

## C.    Chat or "Communicate with Care" Related Evidence.

### 14. Google's Chat Retention Process or Practices, Including Any Suggestion that Google Failed to Preserve Chat Messages.

The details of Google's Chat retention practices, or the fact that some Chat messages were deleted while hundreds of thousands were produced, do not have "any tendency to make" any fact that is "of consequence" to the determination of the action "more or less probable." Fed. R. Evid. 401. Plaintiffs' allegations regarding Google's retention processes are not relevant to any element of the States' claims and must be excluded. Fed. R. Ev. 402.

Importantly, whether spoliation has occurred is something that "must" be decided by the "court," not the jury. Fed. R. Civ. P. 37(e).[43] The ***court***—not the jury—"acts as the factfinder concerning any underlying factual disputes."[44] "The court makes the findings of fact necessary to reach a conclusion on the spoliation issue," because "[t]hat practice follows the usual rule that the court, rather than a jury, is responsible for finding facts on a motion for sanctions."[45]

Admitting this evidence would instead be unfairly prejudicial, misleading, and risk confusing the jury. The Texas Supreme Court summed it up perfectly:

> [S]poliation is an evidentiary concept, not a separate cause of action. It is well-established that evidentiary matters are resolved by the trial court…. *[P]resenting spoliation issues to the jury for resolution magnifies the concern that the focus of the trial will shift from the merits to a party's spoliating conduc*t. For these

---

[41] *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x. 899, 907–08 (5th Cir. 2010); *see also Shell Tanker Gesellschaft mbH v. Placid Ref. Co.,* 993 F.2d 466, 473 n.29 (5th Cir. 1993).

[42] *Adams v. Eagle, Inc.*, 2022 WL 3903642, at *1 (E.D. La. Aug. 30, 2022); *Antero Res. Corp. v. C & R Downhole Drilling, Inc.*, 2019 WL 13193894, at *3 (N.D. Tex. June 20, 2019); *DFW Int'l Airport Bd. v. INET Airport Sys.,* 2017 WL 11679074, at *5 (N.D. Tex. July 7, 2017).

[43] *Jim S. Adler, P.C. v. McNeil Consult. LLC*, 2023 WL 2699511, at *8 (N.D. Tex. Feb. 15, 2023).

[44] *Mannion v. Ameri-Can Freight Sys. Inc.*, 2020 WL 417492, at *4 (D. Ariz. Jan. 27, 2020).

[45] *Nucor Corp. v. Bell*, 251 F.R.D. 191, 202–03 (D.S.C. 2008).

reasons… the trial court, rather than the jury, must determine whether a party
spoliated evidence and, if so, impose the appropriate remedy. The trial court may
hold an evidentiary hearing to assist the court in making spoliation findings, ***but not
in the presence of the jury***.

*Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 19–20 (Tex. 2014). Introducing evidence of

purported spoliation—before the Court determines whether spoliation even occurred—would

irreversibly taint the jury and poison Google's right to a fair trial on the merits.[46]

In any event, evidence of Google's document retention ***prior to September 9, 2019*** should

be excluded as irrelevant, unfairly prejudicial, confusing, and improper "other bad acts" evidence.

Fed. R. Evid. 401, 403, 404(b). This Court concluded that Google had no duty to preserve until

Texas issued its Civil Investigative Demand. ECF 776 at 16. Because Rule 37(e) "does not apply

when information is lost before a duty to preserve arises," Fed. R. Civ. P. 37(e) adv. comm. note

to 2015 amend., any evidence of lost ESI before September 9, 2019 is irrelevant, confusing, and

would unfairly prejudice Google. Fed. R. Evid. 401, 403. It would risk the jury improperly using

any failure to retain Chat messages before September 2019 to conclude that Google failed to retain

similar evidence thereafter. Fed. R. Evid. 404(b).

Google reserves the right to modify the relief requested in this motion upon the resolution

of Plaintiffs' Motion for Spoliation Sanctions (ECF 693).

**15. Google's Guidance to Employees Regarding Communicating Carefully.**

No element of the States' claims turns on evidence of any general guidance by Google to

its employees to communicate with care (i.e., what to put, or not put, in writing), so any such

---

[46] Judicial decisions (and other plaintiffs' allegations) in *other* cases that relate to Google's Chat
retention are inadmissible hearsay, irrelevant, and unduly prejudicial, for the reasons stated above
in Motion in Limine 1. Even as to whether spoliation occurred here, they are irrelevant. *See Taylor
v. Google LLC*, 2024 WL 4947270, at *2 (N.D. Cal. Dec. 3, 2024) (rejecting plaintiff's argument
that *Play* decisions on Chat messages was relevant to whether "Google failed to preserve relevant
chat messages across custodians in *this* case.").

references should be excluded as irrelevant, unduly prejudicial, and improper "other bad acts" evidence under Rules 402, 403, and 404(b). These references should be excluded regardless of the Court's spoliation determination.[47]

**D.    Invocations of Privilege or References to Discovery Disputes.**

**16. Google's Purported Discovery Violations, Including Any Suggestions that Google Failed to Produce Documents or Provide Information in Discovery, or that Google is to Blame for the States' Lack of Evidence.[48]**

The Court should exclude any references to Google's purported failure to produce documents or information in discovery, as unfairly prejudicial. Fed. R. Evid. 403.[49] The States have not established that Google committed any discovery violations, and it would be unfairly prejudicial for the States to suggest that Google wrongfully withheld discovery when it was not legally obligated to provide that discovery. Any negligible probative value from Google's failure to produce specific discovery is substantially outweighed by this danger of unfair prejudice.

**17. Google's Labeling of Documents as Attorney-Client Privileged.**

No element of the States' claims turns on Google's assertion of the attorney-client privilege over documents. First, Google employees' decisions to label certain communications or documents as attorney-client privileged when authoring them, has no "tendency to make" any fact that "is of consequence" to the determination of the action "more or less probable." Fed. R. Evid. 401. Second, determinations of privilege made during the course of document production in this case were not made by Google employees but by outside lawyers—and pre-existing labels were not a

---

[47] *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 521 n.14 (S.D. W. Va. 2014) (company's instruction to have "careful communications" and to "stop putting opinions in e-mail exchanges" did not "support[] Plaintiffs' claim of spoliation").

[48] This motion is limited to any non-Chat related discovery.

[49] *Contentguard Holdings, Inc.*, 2015 WL 12915561, at *3 (granting limine on "any argument, evidence, testimony, insinuation, reference or assertion concerning the sufficiency of a parties' production of documents or information, or any other discovery disputes"); *Ziilabs Inc. v. Samsung Elecs. Co.*, 2015 WL 13617214, at *2 (E.D. Tex. Oct. 28, 2015) (granting in limine that party "may not imply that Samsung engaged in spoliation or discovery violations").

factor in whether a document was produced. This is reflected in the fact that some documents labeled as "privileged" have been produced while others were withheld or redacted on privilege grounds. Google's privilege assertions are also irrelevant because disputes over discovery-related issues must be decided by the "court," not the jury.[50]

Allowing evidence or argument about privilege labels (or argument or insinuation that such labels were wrongly applied) would be unfairly prejudicial, misleading, and risk confusing the jury. Fed. R. Evid. 403. Courts routinely repudiate attempts by parties to "draw an adverse inference from the assertion of the attorney-client privilege," even when those assertions have been contentious or the opposing party alleges litigation misconduct.[51]

## E.    Undisclosed Evidence.

### 18. Expert Opinions that Were Not Disclosed in This Case

The Court should exclude any references to expert opinions for which the States did not satisfy their mandatory disclosure obligations in this case. The States were required to disclose "a complete statement of all opinions the witness will express and the basis and reasons for them" for each of their experts, *id*. 26(a)(2)(B)(i), and "supplement or correct [their] disclosure" in a "timely manner," *id*. 26(e)(1)(A). The States cannot "use" at trial any expert opinions they did not disclose, unless the failure to disclose was substantially justified or harmless. *Id*. 37(c)(1).

No belated expert opinion disclosure would be substantially justified or harmless here. Expert discovery closed on November 1, 2024, ECF 609 at 1, eight months before the parties' pretrial disclosures were due, ECF 796 at 2. Because the States had "ample time" to supplement

---

[50] Fed. R. Civ. P. 37(e); *see Haddonfield Foods, Inc. v. S. Hens, Inc.*, 2023 WL 2355902, at *3 (S.D. Miss. Mar. 3, 2023); *Browne v. Waldo*, 2024 WL 446451, at *2 (N.D. Ind. Feb. 6, 2024).

[51] *See, e.g.*, *Broyles v. Cantor Fitzgerald & Co.*, 2016 WL 7656028, at *1–2 (M.D. La. Sept. 8, 2016); *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, 2016 WL 278054, at *1–2 (E.D. Pa. Jan. 22, 2016); *In re: Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 8130449, at *3 (S.D.N.Y. Dec. 3, 2015). Judicial decisions in *other* cases discussing Google's assertions of attorney-client privilege are inadmissible for the reasons stated above in Motion in Limine No. 1.

"incomplete or incorrect" opinions in expert reports before pretrial disclosures, Fed. R. Civ. P. 26(e)(1)(A), any continued failure to disclose such opinions is not substantially justified.[52] This is especially so if the States attempt to offer expert opinions disclosed only in *other* cases against Google, as the States had ample time to supplement. Any failure to disclose here would not be harmless to Google, given the high complexity and "advanced stage" of this litigation.[53] Expert opinions that were not disclosed are routinely excluded under Rule 37(c).[54]

**19. Undisclosed or Untimely Disclosed Witnesses and Evidence.**

The Court should exclude: (a) testimony from any witnesses who were not named in one of the parties' witness lists attached to the Joint Final Pretrial Order ("JPTO"); (b) references to any evidence that was not produced in discovery and is not publicly available; and (c) references to any document not included on one of the parties' exhibit lists attached to the JPTO. Fed. R. Civ. P. 26(a), 26(e), 37(c). The States were required to disclose all such information in their initial disclosures (*id.* 26(a)(1)), in supplementing their initial disclosures (*id.* 26(e)(1)), and/or in their pretrial disclosures (*id.* 26(a)(3)). If the States "fail[ed] to provide information or identify a witness as required by Rule 26(a) or (e)," they cannot "use that information or witness … at [] trial, unless the failure was substantially justified or is harmless." *Id.* 37(c)(1). Given the advanced stage of litigation and the States' having had ample time to supplement disclosures, any failure to disclose would not be substantially justified or harmless.[55]

---

[52] *Hosp. Operations, LLC v. AmGUARD Ins.*, 2021 WL 9334274, at *1 (E.D. Tex. May 7, 2021).
[53] *See CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 280 (5th Cir. 2009).
[54] *See, e.g., Hinson v. State Farm Lloyds*, 2021 WL 2690515, at *2, 4 (E.D. Tex. May 5, 2021) (Jordan, J.); *see also Eidos Display, LLC v. Chi Mei Innolux Corp.*, 2017 WL 2773944, at *3 (E.D. Tex. May 26, 2017); *Williams v. Hargrove*, 2018 WL 1308133, at *3 (S.D. Miss. Mar. 13, 2018); *Hills v. Fanuc Robotics Am., Inc.*, 2010 WL 8546629, at *1 (E.D. La. July 14, 2010).
[55] *Hosp. Operations*, 2021 WL 9334274, at *1; *CQ, Inc.*, 565 F.3d at 280. Courts in the circuit exclude these categories of evidence, including at the limine stage. *McCormick v. Terminix Int'l Co.*, 2025 WL 662412, at *4 (W.D. La. Feb. 28, 2025); *Garth v. RAC Acceptance E., LLC*, 2021 WL 4859915, at *4 (N.D. Miss. Oct. 18, 2021).

Dated: July 8, 2025

Respectfully submitted,

*/s/ Kathy D. Patrick*
Kathy D. Patrick
Texas Bar No. 15581400
KPatrick@gibbsbruns.com
Ayesha Najam
Texas Bar No. 24046507
ANajam@gibbsbruns.com
Elisa Wulfsberg
Texas Bar No. 24125469
EWulfsberg@gibbsbruns.com
GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 650-8805
Fax: (713) 750-0903

Eric Mahr (*pro hac vice*)
FRESHFIELDS US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005  Telephone:
(202) 777-4545
Email: eric.mahr@freshfields.com

*Attorneys for Defendant Google LLC*

16

## CERTIFICATE OF SERVICE

I certify that on July 8, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

/s/ *Kathy D. Patrick*
Kathy D. Patrick
