# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC., §<br>TELEFONAKTIEBOLAGET LM §<br>ERICSSON, §<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§<br>TCL COMMUNICATION TECHNOLOGY §<br>HOLDINGS, LTD., TCT MOBILE §<br>LIMITED,  TCT MOBILE (US) INC., §<br>§<br>Defendants. § | Case No. 2:15-cv-00011-RSP |

## UPDATED ORDER ON MOTIONS *IN LIMINE*

A party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted.

### I. Joint Motions *in Limine* (Dkt. Nos. 335 and 375)

(1)  Other Cases Involving Ericsson or TCL – <u>granted</u>.

The parties agree that they are precluded from offering evidence, argument or references at trial to other cases involving Ericsson or TCL (including the Central District of California Action between the parties and the arbitration between the parties related to the 2007 license), but the parties may still rely on testimony or evidence from other cases if it is otherwise admissible, so long as the testimony or evidence is presented in a way that does not disclose the parties to the other cases.

(2)  Investigations of Ericsson or TCL by Government Or Regulatory Agencies – <u>granted</u>.

The parties agree that they are precluded from offering evidence, argument or references at trial to investigations of Ericsson or TCL by government or regulatory agencies.

(3)  Arguments that TCL Does Not Infringe Because It Has Its Own Patents – <u>granted</u>.

The parties agree that they are precluded from offering evidence, argument or references at trial that TCL does not infringe because it has its own patents. However, TCL may otherwise refer to or discuss its own patents.

(4)  Ericsson's Divestitures of Patents to Third Parties – <u>granted</u>.

1

The parties agree that they are precluded from offering evidence, argument or references at trial to Ericsson's divestitures of patents to third parties.

(5) Suggestions that Ericsson Intentionally Misled the USPTO During Prosecution – <u>granted</u>.

The parties agree that they are precluded from offering evidence, argument or suggestions at trial that Ericsson intentionally misled the U.S. Patent and Trademark Office during prosecution of the '510 patent.

(6) Reference to Document Retention Policies, Compliance Therewith, or Allegations of Spoliation of Evidence – <u>granted</u>.

The parties agree that they are precluded from offering evidence, argument or references at trial to either party's document retention policies or practices, each respective party's compliance therewith, or allegations of spoliation of evidence.

(7) A Party's or Witness's Nationality or Country of Origin – <u>granted</u>.

The parties agree that they are precluded from using pejorative language to describe a party's or witness's nationality or country of origin.

(8) Prior Rulings of This Court – <u>granted</u>.

The parties agree that they are precluded from offering evidence, argument or references at trial to prior rulings of this Court (except for the Court's claim constructions), procedures with respect to such rulings, and whether any party filed for summary judgment.

(9) Doctrine of Equivalent Opinions as to the '510 Patent – <u>granted</u>.

The parties agree that Dr. Jones is precluded from offering evidence, argument or references at trial to any doctrine of equivalent opinions as to the '510 patent, unless the Court issues any further claim constructions.

(10) Opinions of Counsel – <u>granted</u>.

The parties agree that they are precluded from offering evidence, argument or references at trial to any opinions of counsel required to be disclosed by P.R. 3-7.

The parties agree that they are precluded from offering evidence, argument or references at trial that TCL failed to obtain the advice of counsel or present the advice of counsel to the Court or jury to prove that TCL willfully infringed the '510 patent or that TCL intended to induce infringement of the '510 patent.

(11) Good faith belief of invalidity – <u>granted</u>.

The parties agree that neither party shall present evidence or argument regarding TCL's alleged good-faith belief regarding claim construction or regarding invalidity of the '510 patent,

2

or offer evidence or argument regarding the substance or existence of any inter partes review proceedings related to the '510 patent. *See* Dkt. No. 375.

## II. Ericsson's Motions *in Limine* (Dkt. No. 337)

(1) Any evidence, testimony, reference, or argument relating to dropped or stayed patents or patent claims – <u>granted in part and denied in part</u>.

TCL may not present evidence or argument that a patent that was once asserted is no longer asserted. The Court understands that deposition testimony may refer to patents that are no longer asserted. If the parties are unable to reach an agreement concerning this deposition testimony, any objections may be raised with the Court by the procedures set forth in the Pretrial Order.

TCL may not present evidence or argument that a patent not asserted at trial has been subject to inter partes review (IPR) or found unpatentable by the Patent Trial and Appeal Board (PTAB). This evidence may have marginal relevance to TCL's position that it had a good faith belief that it was not infringing valid patents, but the patents that were found unpatentable by the PTAB are not so closely related to the '510 patent to warrant presenting the evidence to the jury. IPR evidence related to non-asserted patents risks misleading the jury and confusing the issues. *See* Fed. R. Evid. 403.

With respect to the '510 patent (the patent that will be asserted at trial), TCL is not precluded from presenting evidence or argument that it believed the '510 patent to be invalid. The PTAB's decision instituting IPR is evidence of the reasonableness of that belief. *See WesternGeco L.L.C. v. Ion Geophysical Corp.*, 837 F.3d 1358, 1363 (Fed. Cir. 2016) (even after Halo, the objective reasonableness of the accused infringer's positions can still be relevant to the § 284 issue). If TCL presents such evidence, Ericsson is not precluded from presenting evidence that the PTAB ultimately concluded that TCL did not prove that the '510 patent claims would have been obvious, and if Ericsson does so, TCL is not precluded from informing the jury that the PTAB's decisions are not final and have been appealed.

If the parties are unable to reach an agreement concerning which portions of the PTAB's written decisions should be admitted, the Court will be inclined to admit only the relevant portions. For example, in one of the PTAB's final decisions, the PTAB includes an extensive discussion of the prior art (Usui, Gong, etc.). In the Court's view, this portion of the PTAB's decision should be excluded. This guidance will hopefully allow the parties to reach a suitable agreement.

(2) Any evidence, testimony, reference, or argument comparing the accused products with the written description of the '510 patent - <u>denied</u>.

The parties agree that an accused product must be compared to the claims of the '510 patent to determine infringement or noninfringement. The Court will monitor the evidence and argument presented at trial to determine, in the event of a timely objection, whether an improper comparison is being made.

(3) Any evidence, testimony, reference, or argument that practicing the prior art is a defense to patent infringement - <u>denied</u>.

3

The parties agree that an accused infringer cannot escape liability for patent infringement by practicing the prior art. The Court will monitor the evidence and argument presented at trial to determine, in the event of a timely objection, whether TCL is suggesting that it does not infringe because it practices the prior art.

(4) Any evidence, testimony, or argument regarding claim constructions not in the claim the construction order – <u>granted in part and denied in part</u>.

TCL may not present a claim construction argument to the jury. TCL is not, however, precluded from contending that it does not infringe because the accused product does not include a particular claim element as that claim element is understood in ordinary usage. For example, TCL is not precluded from presenting evidence or argument that the accused software does not include an "interception module" because the accused interception code is scattered throughout the software platform, as opposed to being a self-contained unit. TCL may not, however, contend that "module" has anything other than its ordinary meaning, for example by referencing a dictionary definition that includes a unique (i.e., not ordinary) meaning. In addition, TCL may not argue that the term "module" has a particular meaning in light of the specification or prosecution history. These arguments could have been made during claim construction but were not, and for that reason they are waived. *See* Dkt. No. 359 at 30-34.

(5) Any evidence, testimony, reference, or argument regarding the possible consequences of a verdict in any parties' favor – <u>granted in part and denied in part</u>.

TCL may not present evidence or argument that a damages award would affect consumers, TCL employees, or the general public. This includes any evidence or argument suggesting that TCL may have to raise the price of its phones or discontinue certain phones in response to a verdict. *See* Fed. R. Evid. 403. TCL is not, however, precluded from presenting evidence or argument that there would not have been enough profit on sales of the accused products to support a royalty as large as Ericsson is seeking.

(6) Any evidence, testimony, or reference to Ericsson's standard-essential patent portfolio rates, including any argument that they are comparable to rates for Ericsson's implementation portfolio or the patent-in-suit – <u>denied</u>.

The parties agree that TCL will not present evidence or argument that the '510 patent is encumbered by a FRAND obligation. The trial will nevertheless involve the presentation of evidence and argument related to standard essential patents (SEPs) and FRAND-related issues, and the Court will provide the jury an explanation of SEPs and FRAND obligations where properly requested and necessary. As for the reference rates discussed at the pretrial conference, the Court will carefully monitor the evidence and argument presented at trial.

(7) Any evidence, testimony, reference, or argument by TCL disclosing the royalty amounts included in TCL's patent licenses – <u>granted in part and denied in part</u>.

TCL may not present evidence or argument regarding the amount or other financial terms of a TCL license with a third-party, unless the license involves technology comparable to that claimed by the '510 patent. TCL is not, however, precluded from using its past licenses to explain the structure or type of a license that it would have considered during the hypothetical negotiation.

4

(8) Any evidence, testimony, reference, or argument concerning an expert's previous and/or current retention by counsel – <u>granted in part and denied in part</u>.

The parties may not present evidence or argument highlighting an expert's relationship with counsel. A party is not precluded from presenting evidence or argument about an expert's record, such as evidence that an expert typically testifies for plaintiffs or defendants.

(9) Any evidence, testimony, reference, or argument that Ericsson's reasonable royalty request is too high in light of the average sales price or profit margin of the accused products - <u>withdrawn</u>.

(10) Any evidence, testimony, reference, or argument concerning the 2007 Ericsson/TCL standard-essential patent license agreement – <u>denied</u>.

## III. TCL's Motions *in Limine* (Dkt. No. 336)

(1) Evidence of TCL's Worldwide Sales Revenues, Gross Profits, Operating Profits, and Total Accused Sales Revenues and Profits – <u>granted in part and denied in part</u>.

Ericsson is not permitted to present evidence or argument suggesting that the royalty Ericsson seeks is a small portion of TCL's total telecommunications revenue or otherwise highlight TCL's total revenue. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011) ("The disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue."). However, because TCL's damages model relates to an Ericsson license with a third party that is based on the third party's total telecommunications revenue, Ericsson is permitted to compare the third party's total telecommunications revenue to TCL's total telecommunications revenue, but only for the purpose of illustrating the differences, i.e., to explain Ericsson's view that the third party license is not comparable.

(2) Evidence of the Total Amount of Payments Made or To Be Made under Ericsson's Portfolio License Agreements – <u>conditionally granted in part and denied in part</u>.

Absent an appropriate stipulation by TCL regarding the method of calculating the financial terms of Ericsson's licenses, Ericsson is not precluded from presenting evidence or argument regarding those terms because the method is in dispute. If, however, TCL stipulates to the method used in the relevant Ericsson licenses, Ericsson is precluded from referencing the dollar amounts (other than the Samsung license). Ericsson is not otherwise precluded from discussing the terms of the other licenses without referencing the amounts involved.

(3) Evidence or Argument Relating to the Absence of Any Witness At Trial – <u>granted</u>.

TCL wishes to preclude Ericsson from presenting evidence or argument referring to the absence of any witness at trial, such as suggesting that the absence is due to the fact that the testimony of the absent witness would be detrimental or harmful to TCL's defense. The "uncalled witness rule" has been summarized as follows:

5

> Before a party can properly argue to the jury the possibility of drawing such an inference from the absence of a witness, the party must establish that the missing witness was peculiarly within the adversary's power to produce by showing either that the witness is physically available only to the opponent or that the witness has the type of relationship with the opposing party that pragmatically renders his testimony unavailable to the opposing party.

*Stockton East Water District v. U.S.*, 78 Fed.Cl. 497, 505 (Ct. Fed. Cl. 2007) (quoting *Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 719 F.2d 1335, 1353 (7th Cir.1983)). The Fifth Circuit has expressed doubt as to whether the uncalled witness rule continues to have a place in the modern trial, which culminates after liberal discovery. *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1048 (5th Cir. 1990).

At the second pretrial conference, Ericsson's counsel indicated a desire to make comments related to two categories of TCL personnel. The first category relates to witnesses that TCL or Ericsson may call at trial by deposition but that will not appear live at trial. Ericsson's counsel indicated that it would be proper to comment about any such witness's absence at trial. The Court does not agree. The Fifth Circuit has all but equated live trial testimony with videotaped deposition testimony, *see Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 554 (5th Cir. 2000), and the Fifth Circuit pattern jury instructions explain that deposition testimony is entitled to the same weight as live testimony, *see* Fifth Circuit Pattern Jury Instructions § 2.13 (2014). Commentary on a video-deponent's absence from trial at best invites unnecessary prejudice and is not clearly probative of any factual question. *See* Fed. R. Civ. P. 403. Ericsson's counsel can, of course, make arguments or comments about what the deponent did or did not say during the deposition.

The second category relates to an in-house TCL lawyer that will be present at trial (seated at counsel's table) in addition to other TCL employees that may not attend trial at all, in other words, TCL personnel that will not be called to testify live or by deposition and that were never identified as witnesses. The question is whether Ericsson may comment on the absence of such personnel, e.g., that TCL did not bother to bring this person or that person to trial, "to look the jury in the eyes," as Ericsson's counsel put it.

Because Ericsson had full opportunity during discovery to obtain deposition testimony from corporate witnesses with knowledge, it would be unfairly prejudicial to allow commentary on who all is not present at trial. At best, such commentary would allow the jury to speculate about the meaning of "non-evidence," as the Seventh Circuit phrased it in the context of a criminal case. *See United States v. Keplinger*, 776 F.2d 678, 703 (7th Cir. 1985). The inference Ericsson would like the jury to draw is that a certain person did not come to testify at trial because the person's testimony would have been unfavorable—a flavor of the uncalled witness rule, a rule that has been narrowed and subject to extensive criticism by the Fifth Circuit. Finally, what is perhaps most troubling about such commentary in this case is that it relates to willfulness. Ericsson has the burden of proving culpable and egregious (i.e., shocking) infringing conduct, and it would be improper for the jury to infer that a witness's absence at trial indicates that TCL is hiding from this lawsuit, or that TCL knows its behavior was egregious and thus chose not to confront the jury in person, to avoid shame. These inferences have nothing to do with the underlying merits question

6

and only risk misleading the jury. *See* Fed. R. Evid. 403. Accordingly, commentary about a TCL employee's absence from trial is not permitted.

(4) Evidence of the Patent Trial and Appeal Board ("PTAB")'s Final Written Decision in the '510 Patent Inter Partes Reviews - <u>conditionally denied</u>.

If TCL presents evidence or argument regarding its petition for IPR of the '510 patent, or the PTAB's institution decisions, Ericsson may present evidence or argument regarding the PTAB's final decisions. If TCL does not present such evidence or argument, Ericsson may not refer to the PTAB's final decisions.

(5) Evidence or Argument Relating to TCL's Alleged Failure to Produce or Disclose Any Evidence During Discovery – <u>granted</u>.

(6) Reference to the "Presumption of Validity" – <u>withdrawn</u>.

(7) Evidence or Argument Relating to the Validity of the '510 Patent or the "Presumption of Validity" – If the Issue of Willfulness Is Bifurcated from the Other Issues of Liability – <u>withdrawn</u> (subject to TCL's request for a bench trial on willfulness).

**SIGNED this 29th day of November, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE