# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § § | |
| *Defendant.* | § | |

## DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFF STATE OF SOUTH DAKOTA'S MOTION TO RECONSIDER GRANT OF MOTION TO STRIKE THE JURY TRIAL RIGHT ON ITS DTPA CLAIMS (DKT. 854) OR ALTERNATIVELY, FOR LEAVE TO AMEND

# INTRODUCTION

Nearly five years after suing Google, South Dakota asks this Court to reverse its prior order and let it plead a new claim for statutory injunctive relief. *See* Dkt. 856. Such an extraordinary request requires extraordinary justification. South Dakota presents none. Instead, it recycles arguments that the Court already correctly considered—and rejected—in its thorough Memorandum Opinion and Order on Google's Motion to Strike Plaintiffs' Jury Demand. *See* Dkt. 854. South Dakota's alternative request for leave to amend runs headlong into the same problem. This Court already held that South Dakota had not "timely" pleaded injunctive relief. Besides, a barrage of decisions in this Circuit reinforce that South Dakota has not shown the required "good cause" to amend, particularly given South Dakota's even more pronounced and unjustified delay. South Dakota should not be permitted to amend its complaint for the fifth time, five years into this action, and mere weeks before the start of trial.

The Court's well-reasoned order should stand.

# ARGUMENT

## I. The Court should deny South Dakota's Motion to Reconsider.

South Dakota has moved for *re*-consideration, not for consideration. And so South Dakota faces a high bar to convince this Court to reverse itself mere days after it issued its thorough Jury Order. Although the Rule 54(b) standard applies, "courts in this circuit typically apply the guiding principles of Rule 59(e) to motions to reconsider under Rule 54(b)." *Frew v. Wilson*, 2020 WL 8994102, at *2 (E.D. Tex. July 23, 2020), *aff'd sub nom. Frew v. Young*, 992 F.3d 391 (5th Cir. 2021). "Rule 54(b) motions, like those under Rules 59(e) and 60(b), are not the proper vehicle for rehashing evidence, legal theories, or arguments." *Hollenshead v. Bank of Am., N.A.*, 2019 WL 5901076, at *2 (E.D. Tex. July 25, 2019). "Court orders are not 'mere drafts,' nor are they subject

to 'reconsideration at the litigant's pleasure.'" *Frew*, 2020 WL 8994102, at *3 (quoting *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 749 (E.D. Tex. 2012)). Courts must therefore exercise their Rule 54(b) discretion "sparingly," because such discretion "does not eliminate the policy reasons behind discouraging motions for reconsideration which rehash the same arguments or, without justification, raise new arguments for the first time." *Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2021 WL 259388, at *2 (S.D. Tex. Jan. 26, 2021) (cleaned up). This is exactly why South Dakota's motion fails: this Court has already considered—and rejected—each of South Dakota's reconsideration arguments.

To begin, South Dakota presents the Fourth Amended Complaint (FAC) as support for reconsideration. *See* Dkt. 856 at 5. But the Court didn't just reference the Fourth Amended Complaint 47 times in its Jury Order—it also specifically parsed, paragraph-by-paragraph, *South Dakota's* section of the Fourth Amended Complaint. *See* Jury Order at 89 (analyzing FAC ¶ 775). Ultimately, the Court correctly concluded that nothing in South Dakota's Fourth Amended Complaint even "*suggested* that South Dakota seeks injunctive relief" under Section 37-24-23 of South Dakota's Codified Laws. *Id.* (emphasis added).

The Court didn't stop there. Checking later filings, the Court explained that South Dakota's "previous submission on remedies to the Court confirms this conclusion." *Id.* (screenshotting Dkt. 381 at 5). South Dakota puzzlingly offers this confirmatory filing—that the Court already analyzed—as a reason the Court should change course and reverse its ruling. But the Court couldn't have been clearer: "neither the FAC *nor any other filing before the Court* has ever suggested that South Dakota seeks injunctive relief under this statute." *Id.* (emphasis added). Relying on nearly five years of filings and 853 docket entries, the Court rightly found that South

2

Dakota has not once "suggested" that it seeks relief under Section 37-24-23. Nothing in South Dakota's Motion for Reconsideration undermines that fundamental finding.

Instead, South Dakota points to an email it sent Google in May 2024 that it says contradicts its filings before the Court. *See* Dkt. 856-1. But South Dakota never mentioned this year-old email in its over a hundred pages of briefing on the jury issue. It cannot now raise it for the first time on reconsideration. *See Caramba, Inc.*, 2021 WL 259388, at *2. Regardless, emailing Google is not sufficient to bring a claim for injunctive relief. In holding that South Dakota had not "properly (or timely) requested *any* remedies for Google's alleged DTPA violations," the Court emphasized that the proper method to bring a claim for injunctive relief is a "filing before the Court." Jury Order at 89. A private email, whether part of discovery or not, cannot alter or establish the legal foundation for a party's cause of action. Pleadings do that. *See, e.g.*, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (in examining whether plaintiff stated a claim "a district court must limit itself to the contents of the pleadings, including attachments thereto"); *AK Meeting IP LLC v. Zoho Corp.*, 2023 WL 1787303, at *4–5 (W.D. Tex. Feb. 6, 2023) (dismissing claim because "reliance on new evidence" is "improper" and cannot "rehabilitate [] inadequate pleadings"), *report and recommendation adopted*, 2023 WL 3035436 (W.D. Tex. Mar. 1, 2023).

South Dakota's post hoc attempt to claim it amended its pleading (without leave of court) in a single email sent years after it filed its complaint contravenes the statute it invokes. Section 37-24-23 authorizes the Attorney General to seek an injunction only "upon the giving of appropriate notice to that person." SDCL § 37-24-23. That notice must both "state generally the relief sought" and be served "at least three days before any hearing in the action." *Id.* South Dakota's email meets neither requirement. It explains nothing about the injunctive relief that it allegedly seeks, beyond the phrase "Injunctive relief." *See* Dkt. 856-1 at 9. And it was not served

3

"three days before any hearing"—it was sent *over three years after South Dakota filed its complaint*. *Compare id.* at 1 (email sent May 3, 2024) *with* Dkt. 1 (complaint filed by South Dakota December 16, 2020). The Court made no error when it held that South Dakota had not "properly" or "timely" requested injunctive relief. Jury Order at 89. The Motion to Reconsider should be denied.

## II. The Court should deny leave for South Dakota to amend its complaint.

For the same reasons, the Court should deny South Dakota's untimely request to amend its complaint. The Court already ruled that South Dakota's request for injunctive relief was not "proper[]" or "timely." *Id*. It need not wade again into whether South Dakota has met its high burden to show "good cause" under Rule 16. *See* Fed. R. Civ. P. 16(b)(4).

Even so, South Dakota has not shown—because it cannot show—good cause. Its motion sets out the "four-part test" for good cause, *see* Dkt. 856 at 6–7, but tellingly sidesteps the first factor. Under that factor, courts examine the movant's "explanation for the failure to timely move for leave to amend." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (cleaned up). A party's explanation for delay is the "most important factor bearing on the 'good cause' inquiry." *Allergan, Inc. v. Teva Pharm. USA, Inc.*, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017); *see also Drummond v. Cajun Valve Servs., LLC*, 2022 WL 1479954, at *3 (S.D. Miss. May 10, 2022) (collecting cases). In fact, the "first factor *alone may be 'dispositive*, outweighing the other three factors.'" *Antonio v. Acadian Ambulance Servs. Inc.*, 2015 WL 12941882, at *1 (S.D. Miss. July 29, 2015) (emphasis added) (quoting *EEOC v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012)).

South Dakota neglects the first factor altogether. It does not explain its own lack of diligence. It does not show why amendment is justified now, almost five years after the case began,

4

a year-and-a-half after the final pleading deadline, and with four previous opportunities to amend behind it. "Mere inadvertence on the part of the movant, even when coupled with the absence of prejudice to the non-movant, is insufficient to establish good cause." *Newsome v. Int'l Paper Co.*, 123 F.4th 754, 767 (5th Cir. 2024) (cleaned up). Doubling down, the Fifth Circuit has added that "under Rule 16(b), inadvertence is tantamount to no explanation at all." *Id.* (cleaned up). Inadvertence or mistake simply does not meet the 16(b) "good cause" standard. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (mistake by counsel does not meet test); *ENGlobal U.S. Inc. v. Native Am. Servs. Corp.*, 2017 WL 3840262, at *2 (S.D. Tex. Sept. 1, 2017) (same); *see also* 6A Wright & Miller § 1522.2 (3d ed.) ("Attorney neglect or inadvertence will not constitute good cause supporting modification.").

Thus, South Dakota cannot show "good cause." In fact, courts routinely deny leave to amend under far less troubling facts. One court denied amendment when a plaintiff had "been afforded two opportunities to replead" and asked to amend a little over one year too late. *Sneed v. Austin Indep. Sch. Dist.*, 487 F. Supp. 3d 584, 598 (W.D. Tex. 2020). The same was true for amendment requests that were one year after the deadline and even just a few months after the final pleading deadline. *See McLemore v. Walmart Inc. LLC Tex. Stores*, 2020 WL 4929011, at *18 (E.D. Tex. July 3, 2020) (one year late); *Jones v. Merchants & Farmers Bank of Holly*; *Hogan v. Bexar Cty., Tex.*, 2021 WL 11669921, at *2-3 (W.D. Tex. June 23, 2021) (four months) *Springs, Miss.*, 2019 WL 2425677, at *3, 9 (N.D. Miss. June 10, 2019) (roughly three months). In another on-point case, the plaintiff asked for leave to file a second amended complaint to add statutory bases—like South Dakota here—just three months after the pleading deadline. *Heatcraft Refrigeration Prods. LLC v. Freezing Equip. Co.*, 2022 WL 3904681, at *1 (N.D. Tex. Mar. 22, 2022). The court refused. *Id.* at *2. Whichever way you slice it, South Dakota's lack of diligence

here dwarfs each example above: this case has been pending for over *four-and-a-half years*, South Dakota has amended *four times* already, and the deadline for final pleadings was over a *year-and-a-half ago*. *See* Dkt. 194 at 1.

Instead of explaining its delay—the "most important" good cause factor—South Dakota claims that a "lack of prejudice to Google"—standing alone—trumps the four-factor test. Dkt. 856 at 7. Not so. The "absence of prejudice to the nonmovant … does not satisfy the 'good cause' requirement of Rule 16(b)." *DiSalvatore v. Foretravel, Inc.*, 2015 WL 12941884, at *1 (E.D. Tex. Oct. 28, 2015). South Dakota provides no case law to support its prejudice-only analysis because courts uniformly reject it. *See, e.g.*, *Williams v. Waste Mgmt., Inc.*, 2018 WL 3803917, at *2 (N.D. Tex. June 29, 2018); *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009); *Brock v. Baker Hughes Oilfield Operations, Inc.*, 2008 WL 447502, at *2 (S.D. Tex. Feb. 19, 2008); *Howell v. Standard Motor Prods., Inc.*, 2001 WL 196969, at *1 (N.D. Tex. Feb. 26, 2001); *Ebel v. Eli Lilly & Co.*, 248 F.R.D. 208, 209 (S.D. Tex. 2007); *Herbert v. Thornton*, 2014 WL 896795, at *4 (E.D. La. Mar. 6, 2014).

With no good cause shown, the Court should not allow an untimely amendment at this stage of the litigation. Even under the more lenient Rule 15(a) standard, "justice" does not "require[]" leave to amend under these circumstances. *See* Fed. R. Civ. P. 15(a)(2). As laid out above, South Dakota's unjustified delay far exceeds the grace the law grants under any standard. *See also Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981) (affirming denial of leave to amend on "the eve of trial" after "nineteen-month delay"). And an "added reason to deny the late-filed leave to amend" is that the "parties have already filed and briefed motions for summary judgment based on the existing pleadings." *ENGlobal U.S. Inc.*, 2017 WL 3840262, at *2. In another case a court denied leave to amend under Rule 15(a) based solely on the fact that a

6

plaintiff had "already filed an original complaint and two amended complaints." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002). Here, South Dakota is already on its fourth.

Finally, any amendment would be futile, an additional reason to deny. *See Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010); *Turner v. Pavlicek*, 2011 WL 4458757, at *9 (S.D. Tex. Sept. 22, 2011) ("several courts have held that if a complaint as amended could not withstand a motion to dismiss or summary judgment, then the amendment should be denied as futile" (citing and quoting 6 Wright & Miller § 1487)). Even if the Court allowed South Dakota to amend, section 37-24-23 itself would require the Court to then dismiss the claim. Because South Dakota did not "state generally the relief sought" to Google "at least three days before any hearing in the action," the claim would fail on the undisputed facts as a matter of law. *See* SDCL § 37-24-23. If the Court chose instead to grant leave to amend, Google would seek (and be entitled to) dismissal of this new claim, on the pleadings or by summary judgment. Such make-work helps no one. And it would accomplish nothing, so the request to amend should be denied as futile.

## CONCLUSION

Reconsideration means reconsidering, not rearguing. This Court has already (almost presciently) disposed of South Dakota's motion to reconsider, determining that it had "not properly (or timely) requested *any* remedies for Google's alleged DTPA violations." Jury Order at 89. That conclusion continues to stand, because South Dakota demonstrates neither an error by the Court or any argument it overlooked. South Dakota's alternative request to amend fails every applicable test in this Circuit for "good cause" or justification. The Court should deny South Dakota's motion in its entirety.

| | |
|---|---|
| Dated: July 10, 2025 | Respectfully submitted,<br><br>*/s/ Kathy D. Patrick*<br>Kathy D. Patrick<br>State Bar No. 15581400<br>KPatrick@gibbsbruns.com<br>Ayesha Najam<br>State Bar No. 24046507<br>ANajam@gibbsbruns.com<br>Michael Doman<br>State Bar No. 24131182<br>MDoman@gibbsbruns.com<br>Gibbs & Bruns LLP<br>1100 Louisiana, Suite 5300<br>Houston, Texas 77002<br>Tel.: (713) 650-8805<br>Fax: (713) 750-0903<br><br>Eric Mahr (*pro hac vice*)<br>FRESHFIELDS US LLP<br>700 13th Street, NW<br>10th Floor<br>Washington, DC 20005<br>Telephone: (202) 777-4545<br>Email: eric.mahr@freshfields.com<br><br>*Attorneys for Defendant Google LLC* |

8

**CERTIFICATE OF SERVICE**

  I certify that on July 10, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

                 /s/*Kathy Patrick*

                 Kathy Patrick