UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:20-cv-00957-SDJ |
| | § | |
| GOOGLE LLC, | § | Hon. Sean D. Jordan |
| | § | |
| Defendant. | § | |

**PARTIES' JOINT PROPOSED PROCEDURES FOR TREATMENT OF CONFIDENTIAL MATERIALS AT TRIAL**

Pursuant to Paragraph 22 of the Confidentiality Order, ECF No. 182, the parties respectfully submit these joint proposed procedures concerning the treatment of confidential materials at trial.

**A. Party Confidential Materials**

On July 28, 2025, the parties shall file motions to seal with respect to any party documents or deposition testimony listed on an exhibit list or in deposition designations for any documents or testimony a party seeks to maintain as confidential. Such motion shall include proposed redactions to or other proposed confidential treatment of the documents and testimony, in an under-seal filing with redactions highlighted. Any objection to a motion to seal shall be filed no later than August 4, 2025. If the Court grants in whole or in part a motion to seal, the party who produced a document shall be responsible for providing a redacted version of the document to the other parties for public use at trial. If a party does not move to seal a document or testimony by the above deadline or the Court denies a motion to seal, such document or testimony can be used publicly at trial.

Documents and testimony used solely for impeachment purposes need not be specifically disclosed to an opposing party in advance of their use at trial. Instead, if any party anticipates using party confidential material for impeachment purposes, that party shall meet and confer with counsel for the other party no later than 8:00 am CT the day that the confidential impeachment material may be used, in an effort to resolve or minimize the need to consider sealing requests while testimony is underway. If a party cannot reasonably anticipate using party confidential material for impeachment purposes, that party should make reasonable efforts to make the other party and the Court aware of the intended use outside the hearing of the jury prior to its use.

### B. Non-Party Confidential Materials

Any party who has listed on its exhibit list or deposition designations confidential documents or deposition testimony of a non-party must notify the third party no later than July 21, 2025 that their documents or deposition testimony may be used at trial. Any non-party who wishes to maintain any documents, portions of documents, or testimony under seal must file a motion to seal no later than July 28, 2025. Such motion shall include proposed redactions to or other proposed confidential treatment of the documents and testimony, in an under-seal filing with redactions highlighted. Any objection to a motion to seal shall be filed no later than August 4, 2025. If the Court grants in whole or in part a non-party's motion to seal, the party who listed a document on its exhibit list shall be responsible for providing a redacted version of the document to the other parties for public use at trial.

Documents and testimony used solely for impeachment purposes need not be specifically disclosed to a third party in advance of their use at trial. Instead, if any party anticipates using third-party confidential material for impeachment purposes, that party shall meet and confer with

counsel for the non-party no later than 8:00 am CT the day that the third-party confidential impeachment material may be used, in an effort to resolve or minimize the need to consider sealing requests while testimony is underway. If a party cannot reasonably anticipate using non-party confidential material for impeachment purposes, that party should make reasonable efforts to make the other party and the Court aware of the intended use outside the hearing of the jury prior to its use.

### C. Presumptions

Business information that is more than 5 years old at the time of trial is presumed to no longer be confidential. Provided, however, that a party or non-party may still make a motion to seal specific business information more than 5 years old.

The parties shall have no obligation to meet and confer with or make any of the above-referenced disclosures to other parties or non-parties regarding the use of impeachment material that is more than 5 years old at the time of trial.

Names, email addresses, telephone numbers, and other personal information of persons who are neither witnesses in this case nor are executives is presumptively confidential and may be redacted from exhibits if a timely motion to seal is filed, as provided herein. Provided, however, that a party may oppose a request to seal such personal information if that party believes, in good faith, that public revelation of such personal information is necessary to the Jury or the Court's understanding of a document.

### D. Closure of the Courtroom at Trial and Limited Disclosure

Closure of the courtroom at trial requires the below advanced notice and should be proposed and permitted sparingly and only if necessary to protect highly confidential information. If a party anticipates a need to close the courtroom, that party shall provide notice to the Court, the

other parties, and any non-party whose confidential information may be presented no later than the end of the preceding trial day.

In advance of showing a confidential document or testimony, a party may (but is not required to) request that the document or testimony be displayed only on screens viewable by the Court and its personnel, the jury, and counsel and their personnel.

DATED: July 11, 2025

*s/ Justina K. Sessions*
Justina K. Sessions
**FRESHFIELDS US LLP**
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

Eric Mahr (*pro hac vice*)
Andrew J. Ewalt (*pro hac vice*)
**FRESHFIELDS US LLP**
700 13th Street, NW 10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Kathy D. Patrick
State Bar No. 15581400
**GIBBS & BRUNS LLP**
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Fax: (713) 750-0903
Email: KPatrick@gibbsbruns.com

*Attorneys for Google LLC*

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.Derose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
(713) 659-5200

**THE LANIER LAW FIRM, PLLC**

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
Kiran N. Bhat
kiran.bhat@kellerpostman.com
2333 Ponce De Leon Boulevard
Suite R-240
Coral Gables, Florida 33134
(833) 633-0118

Zina Bash (Bar No. 24067505)
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

/s/ Noah S. Heinz
Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut Ave., N.W., Suite 1100
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Indiana, Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas 77010
(713) 651-5151

Marc B. Collier
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

5

## **CERTIFICATE OF SERVICE**

I certify that, on July 11, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Justina K. Sessions*
Justina K. Sessions